**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter ___11___

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Franchise Group, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | Liberty Tax, Inc. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | 27-3561876 |

| | | |
|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** <br><br><br> 109 Innovation Court, Suite J, Delaware, OH 43015 <br> Number, Street, City, State & ZIP Code <br><br> Delaware <br> County | **Mailing address, if different from principal place of business** <br><br><br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://franchisegrp.com/ |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    Franchise Group, Inc.                                                    Case number (if known) _____
         Name

**7.  Describe debtor's business**    A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

    5511

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    Check one:

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. Check all that apply:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

| Debtor | Franchise Group, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

| | Debtor District | See Schedule 1 | When | | Relationship | | Case number, if known | |
|---|---|---|---|---|---|---|---|---|

**11. Why is the case filed in *this district?*** *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** . *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Franchise Group, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | | |
|---|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. | |
| | I have been authorized to file this petition on behalf of the debtor. | |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. | |
| | I declare under penalty of perjury that the foregoing is true and correct. | |

Executed on    **11/03/2024**
                        MM / DD / YYYY

X    **/s/ David Orlofsky**                                    **David Orlofsky**
    Signature of authorized representative of debtor          Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**    X    **/s/ Edmon L. Morton**                    Date    **11/03/2024**
                                    Signature of attorney for debtor                    MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**        Email address    emorton@ycst.com

**3856 DE**
Bar number and State

**Schedule 1**
**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Franchise Group, Inc. | 27-3561876 |
| Freedom VCM Holdings, LLC | 93-2491225 |
| Freedom VCM Interco Holdings, Inc. | 93-2512436 |
| Freedom Receivables II, LLC | 92-0334066 |
| Freedom VCM Receivables, Inc. | 93-3510028 |
| Freedom VCM Interco, Inc. | 93-2733661 |
| Freedom VCM, Inc. | 93-2543091 |
| American Freight FFO, LLC | 85-3645743 |
| Franchise Group New Holdco, LLC | 46-1110444 |
| Franchise Group Acquisition TM, LLC | 85-2593068 |
| Franchise Group Intermediate Holdco, LLC | 84-2891587 |
| Franchise Group Intermediate L, LLC | 84-3269486 |
| Franchise Group Intermediate PSP, LLC | 86-1565965 |
| Franchise Group Newco PSP, LLC | 86-1602323 |
| PSP Midco, LLC | 83-2736507 |
| Pet Supplies "Plus", LLC | 27-3245852 |
| PSP Group, LLC | 27-3245944 |
| PSP Service Newco, LLC | 27-3246414 |
| PSP Stores, LLC | 38-3249049 |
| PSP Subco, LLC | 27-3246489 |
| WNW Franchising, LLC | 88-0659398 |

| | |
|---|---|
| PSP Franchising, LLC | 27-3064978 |
| PSP Distribution, LLC | 27-3255242 |
| WNW Stores, LLC | N/A |
| Franchise Group Intermediate V, LLC | 84-3895958 |
| Franchise Group Newco V, LLC | 84-3899746 |
| Valor Acquisition, LLC | 84-3883490 |
| Vitamin Shoppe Industries LLC | 13-2993785 |
| Vitamin Shoppe Global, LLC | 46-3461168 |
| Vitamin Shoppe Mariner, LLC | 46-1516298 |
| Vitamin Shoppe Procurement Services, LLC | 47-2188021 |
| Vitamin Shoppe Franchising, LLC | 85-3928271 |
| Vitamin Shoppe Florida, LLC | 76-0846590 |
| Betancourt Sports Nutrition, LLC | 27-0590470 |
| Franchise Group Newco Intermediate AF, LLC | 84-4268288 |
| American Freight Group, LLC | 38-3942066 |
| American Freight Holdings, LLC | 35-2518271 |
| American Freight, LLC | 36-4795940 |
| American Freight Management Company, LLC | 20-4081215 |
| Franchise Group Intermediate S, LLC | 84-2905408 |
| Franchise Group Newco S, LLC | 84-2891814 |
| American Freight Franchising, LLC | 84-3351353 |
| Home & Appliance Outlet, LLC | N/A |
| American Freight Outlet Stores, LLC | 26-2779573 |
| American Freight Franchisor, LLC | 85-3542123 |
| Franchise Group Intermediate B, LLC | 84-2447836 |
| Buddy's Newco, LLC | 84-2335404 |
| Buddy's Franchising and Licensing LLC | 27-1519968 |
| Franchise Group Intermediate BHF, LLC | 87-3268260 |
| Franchise Group Newco BHF, LLC | 87-3254123 |
| Franchise Group Intermediate SL, LLC | 87-2552695 |
| Franchise Group Newco SL, LLC | 87-2537697 |
| Educate, Inc. | 37-1465722 |

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name: FRANCHISE GROUP, INC., et al | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case number (if known): | |

<u>Official Form 204</u>

### <u>Chapter 11 or Chapter 9:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders</u>     12/15

A list of creditors* holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Nestle Purina Petcare Company 1 Checkerboard Square St. Louis, MO 63164 | Grant Wabnitz Director, Market Activation PHONE: 920-471-9382 EMAIL: grant.wabnitz@purina.nestle.com | TRADE SUPPLIER | | $0.00 | $0.00 | $6,531,672 |
| 2 | Hill's Pet Nutrition 6180 Sprint Parkway Overland Park, KS 66211 | Robert Abele Sr Director - Pet Omni-Channel Leader PHONE: 846-630-4786 EMAIL: Robert_abele@colpal.com | TRADE SUPPLIER | | $0.00 | $0.00 | $5,215,380 |
| 3 | Coyote Logistics 2545 West Diversey Ave Chicago, IL 60647 | John Morel SVP of Sales PHONE: 630-589-4077 EMAIL: John.Morel@Coyote.com | FREIGHT | | $0.00 | $0.00 | $4,464,024 |
| 4 | Whirlpool 600 West Main Street Benton Harbor, MI 40922 | Dave Whitehead VP & GM National Account Sales and Marketing PHONE: 269-338-5815 EMAIL: david_m_whitehead@whirlpool.com | TRADE SUPPLIER | | $0.00 | $0.00 | $3,288,775 |
| 5 | Solstice Sleep Company 3720 West Broad St Columbus, OH 43228 | Dennis Straily President/CEO PHONE: 614-946-3501 EMAIL: dstraily@solsticesleep.com | TRADE SUPPLIER | | $0.00 | $0.00 | $2,940,553 |
| 6 | Alphia Inc 322 Main St Bern, KS 66408 | Jeff Ulrich Assistant Corporate Controller PHONE: 785-285-0123 EMAIL: jeffu@alphia.com | TRADE SUPPLIER | | $0.00 | $0.00 | $2,151,529 |
| 7 | Living Style (Singapore) Pte. Limited 3 Kallang Junction #05-02 Singapore 339265 Singapore | Henry Chan CEO PHONE: 522-300-5003 EMAIL: henrychan@livingstyle.com | TRADE SUPPLIER | | $0.00 | $0.00 | $2,145,092 |
| 8 | Uber Freight Us LLC 433 W Van Buren St Chicago 60607 | Steve Moore Head of TM Operations PHONE: (479) 283-9347 EMAIL: steve.moore@uberfreight.com | THIRD-PARTY LOGISTICS | | $0.00 | $0.00 | $2,005,594 |
| 9 | Standard Furniture Mfg Co Inc PO Box 933715 Atlanta, GA 31193-3715 | Lucas Hall EVP PHONE: 251-937-6741 / 251-610-4415 EMAIL: lucas.hall@sfmco.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,804,776 |
| 10 | Elements International Group LLC 2250 Skyline Drive Mesquite, TX 75149 | Paul Comrie CEO PHONE: 469-371-3147 EMAIL: pcomrie@elementsgrp.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,737,805 |
| 11 | Stella And Chewys LLC 111 W. Oakley Parkway Oak Creek, WI 53154 | Noelle Wolter Director Of Accounting And Treasury PHONE: 262-899-0441 EMAIL: nwolter@stellaandchewys.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,702,724 |

*Reflects Accounts Payable Records as of 10/30/2024

Debtor: FRANCHISE GROUP, INC., et al

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured Claim** |
| 12 | UPS (Ocean Freight) 28013 Network Place Chicago, IL 60673-1280 | Steve McMichael VP, UPS Ocean PHONE: 404-242-1436 EMAIL: Ssmcmichael@ups.com | FREIGHT | | $0.00 | $0.00 | $1,700,832 |
| 13 | Champion Petfoods USA 1103 - 95 St SW Suite 301 Edmonton, AB T6X 0P8 Canada | Jenn Watt Credit Associate PHONE: 587-525-6983 EMAIL: jwatt@championpetfoods.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,519,377 |
| 14 | Ema Electrolux/Frigidaire 10200 David Taylor Drive Charlotte, NC 28262 | TJ Stoffer Sr. VP Sales, North America PHONE: 815-670-8322 EMAIL: t.j.stoffer@electrolux.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,447,791 |
| 15 | Newfoundland And Labrador Inc 145 Aberdeen Ave, Unit 1 St. John's, NL  A1A5N6 Canada | Brian Casutto Consultant PHONE: 709-739-0002 EMAIL: brian@nutraholdings.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,339,486 |
| 16 | Transform Holdco LLC (3PI) 3333 Beverly Road Office: B5-178B Hoffman Estates, IL 60179 | Norman Krause PHONE: 630-877-3682 EMAIL: Norman.Krause@transformco.com | THIRD-PARTY LOGISTICS | | $0.00 | $0.00 | $1,277,151 |
| 17 | Google 1600 Amphitheatre Parkway Mountain View, CA 94043 | Custodian of Records PHONE: 650-253-0000 EMAIL: legal-notices@google.com | OPERATIONAL VENDOR | | $0.00 | $0.00 | $1,262,871 |
| 18 | Phillips Feed And Pet Supply 3747 Hecktown Road Easton, PA 18045 | Mark Patterson Vice President Area Sales, Central PHONE: 813.417.1894 EMAIL: mark.patterson@phillipspet.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,200,798 |
| 19 | Titanic Furniture 7400 S Loomis Blvd Suwanee, GA 30024 | Oday Abo CEO PHONE: 708-715-7546 EMAIL: oday@titanicfurniture.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,192,831 |
| 20 | Peak Living, Inc. 604 Pontotoc Co Ind Park Road Ecru, MS 38841 | Chad Cunningham CEO Owner PHONE: 989-239-4788 EMAIL: chadcunningham03@gmail.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,185,784 |
| 21 | Assurant Inc. 260 Interstate N Circle SE Atlanta, GA 30339 | Jennifer Clark Vice President, Account Management - Retail PHONE: 770-763-1000 EMAIL: Jennifer.Clark@assurant.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,160,438 |
| 22 | Albany Industries Inc 1210 S Indiana Ave #5907 Chicago, IL 60605 | Bentley Jones Chief Revenue Officer PHONE: 662-316-2606 EMAIL: bjones@albanyfurniture.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,127,625 |
| 23 | Arizona Nutritional Supplement 210 S.Beck Ave. Chandler 85226 | Harrison Pappas CEO PHONE: 480-966-9630 EMAIL: hpappas@aznutritional.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,064,629 |
| 24 | Premier Nutrition Company, LLC 1222 67th Street 210 Emeryville, CA  94608 | Karren Job SVP PHONE: 925-963-5304 EMAIL: karren.job@bellringbrands.com | TRADE SUPPLIER | | $0.00 | $0.00 | $1,043,250 |
| 25 | Muebles Briss S.A. De C.V.(Marby) Cam. Santa ana tepetitlan 1112, col paseos del briseño zapopan Jalisco, Mexico Zapopan, JAL 45236 Mexico | Luis Sanchez General Manager PHONE: 52 33 3827-4673 EMAIL: luis@southsourcing.com.mx | TRADE SUPPLIER | | $0.00 | $0.00 | $912,197 |

Debtor: FRANCHISE GROUP, INC., et al

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | Natural Balance Pet Foods Inc 3101 Stephen F Austin Dr Brownwood, TX 76801 | Darcy Hagan PHONE: 475-273-6391 EMAIL: darcy.hagan@ethospetbrands.com | TRADE SUPPLIER | | $0.00 | $0.00 | $902,108 |
| 27 | Planitretail LLC 35 Holcomb Hill Road West Granby, CT 3003599 | Matthew Spahn Founder & CEO PHONE: 630.338.2829 EMAIL: matt.spahn@planitretail.net | TRADE SUPPLIER | | $0.00 | $0.00 | $858,034 |
| 28 | Lowes Companies Inc 1000 Lowe's Blvd Mooresville, NC 28117 | Brie Lieto Director, Supply Chain PHONE: 704-758-1000 EMAIL: brie.lieto@lowes.com | TRADE SUPPLIER | | $0.00 | $0.00 | $847,029 |
| 29 | Costco Innovel (Logistics) 1045 Lake Drive Issaquah, WA 98027 | Michael Dunne Manager PHONE: 847-858-4741 EMAIL: michaeldunne@costco.com | FREIGHT | | $0.00 | $0.00 | $806,345 |
| 30 | Mars Petcare 2013 Ovation Parkway Franklin, TN 37067 | Cullen Mahan Customer Development Team Lead PHONE: 904-708-2652 EMAIL: cullen.mahan@effem.com | TRADE SUPPLIER | | $0.00 | $0.00 | $800,375 |
| 31 | Vitamin Well USA LLC 3865 Grand View Blvd Los Angeles, CA  90066 | Brian Kuz Chief Sales Officer PHONE: 432-857-075 EMAIL: brian.kuz@vitaminwell.com | TRADE SUPPLIER | | $0.00 | $0.00 | $794,877 |
| 32 | Wellness Pet LLC 77 S Bedford St Burlington, MA 01803 | Rebecca Dow Corporate Controller PHONE: 978-609-8515 EMAIL: bdow@wellnesspet.com | TRADE SUPPLIER | | $0.00 | $0.00 | $737,841 |
| 33 | Open Farm Inc 559 College St, Suite 400 Toronto, ON M6G 1A9 Canada | Amy Horton Chief Sales Officer PHONE: 615-739-8699 EMAIL: amy@openfarmpet.com | TRADE SUPPLIER | | $0.00 | $0.00 | $664,664 |
| 34 | Radio Systems Corporation 10427 Petsafe Way Knoxville, TN 37932 | Rhonda Witt PHONE: 865-888-5849 EMAIL: rwitt@petsafe.net | TRADE SUPPLIER | | $0.00 | $0.00 | $631,352 |
| 35 | Delta Furniture 5650 Private Road 8072 West Plains, MO 65775 | Chris Bray VP Sales and Marketing PHONE: 662-255-9044 EMAIL: chris_bray@comcast.new | TRADE SUPPLIER | | $0.00 | $0.00 | $605,930 |
| 36 | Weruva International Inc 17 Mercer Road Natick, MA 01760 | Robert Holt Director of Finance PHONE: 508-907-6325 EMAIL: ar@Weruva.com | TRADE SUPPLIER | | $0.00 | $0.00 | $579,829 |
| 37 | Nutraceutical 1400 Kearns Blvd Park City, UT  84060 | Brian Slobodow CEO PHONE: 435-655-6050 EMAIL: bslobodow@betterbeing.com | TRADE SUPPLIER | | $0.00 | $0.00 | $574,643 |
| 38 | Force Factor Brands LLC 24 School St. 4th Floor Boston, MA  02108 | Daniel Wallace CEO & Co-Founder PHONE: 877-492-7243 EMAIL: daniel@forcefactor.com | TRADE SUPPLIER | | $0.00 | $0.00 | $552,496 |
| 39 | Redcon 1 701 Park of Commerce 100 Boca Raton, FL  33487 | Aaron Singerman CEO EMAIL: aaron@redcon1.com | TRADE SUPPLIER | | $0.00 | $0.00 | $541,873 |
| 40 | Animal Supply CO  Wholesome 2403 E Interstate 30 Grand Prairie, TX 75050 | Joe Carras Vice President of Sales PHONE: 602-418-5807 EMAIL: joe.carras@animalsupply.com | TRADE SUPPLIER | | $0.00 | $0.00 | $538,307 |

Debtor: <u>FRANCHISE GROUP, INC.</u>, et al

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 41 | Kith Furniture 7155 State Highway 13 Haleyville, AL 35565 | Darin Wright CFO PHONE: 925-444-0466 EMAIL: dwright@kithfurniture.com | TRADE SUPPLIER | | $0.00 | $0.00 | $468,348 |
| 42 | Hartz Mountain - Vmx 14971 Collection Center Drive Chicago, IL 60693 | Rosemary Disla Credit and Collections Analyst PHONE: 800-999-3000 ext. 7194 EMAIL: rdisla@hartz.com | TRADE SUPPLIER | | $0.00 | $0.00 | $455,568 |
| 43 | Nature's Way Brands, LLC 825 Challenger Drive Green Bay, WI  54311 | Erin Bovard EMAIL: erin.bovard@naturesway.com | TRADE SUPPLIER | | $0.00 | $0.00 | $449,273 |
| 44 | Print Comm 3040 S Dye Rd Flint, MI 48473 | Kevin Naughton President PHONE: 810-516-9975 EMAIL: knaughton@printcomm.com | OPERATIONAL VENDOR | | $0.00 | $0.00 | $435,925 |
| 45 | Kong Company 16191 Table Mountain Parkway Golden, CO 80403 | Ellen Craig Sales Director PHONE: 330-554-6141 EMAIL: ellen.craig@kongcompany.com | TRADE SUPPLIER | | $0.00 | $0.00 | $425,126 |
| 46 | Zoo Med Laboratories Inc 3650 Sacramento Drive San Luis Obispo, CA 93401 | David Dieter Senior Director PHONE: 805-542-9988 EMAIL: david@zoomed.com | TRADE SUPPLIER | | $0.00 | $0.00 | $417,408 |
| 47 | Bcdc Portfolio Owner LLC Oak Street Real Estate Capital, LLC 30 North Lasalle Ste 4140 Chicago, IL 60602 | Heba Elayan Real Estate Principal PHONE: EMAIL: Heba.elayan@blueowl.com | GUARANTEE | CONTINGENT, UNLIQUIDATED, DISPUTED | $0.00 | $0.00 | UNDETERMINED |
| 48 | BCHQ Owner LLC Oak Street Real Estate Capital, LLC 30 North Lasalle Ste 4140 Chicago, IL 60602 | Heba Elayan Real Estate Principal PHONE: EMAIL: Heba.elayan@blueowl.com | GUARANTEE | CONTINGENT, UNLIQUIDATED, DISPUTED | $0.00 | $0.00 | UNDETERMINED |
| 49 | National Retail Properties, LP 450 S Orange Avenue, Suite 900 Orlando, FL 32801 | David G. Byrnes, Jr. Assistant General Counsel PHONE: (407)-650-1103 EMAIL: david.byrnes@nnnreit.com | GUARANTEE | CONTINGENT, UNLIQUIDATED, DISPUTED | $0.00 | $0.00 | UNDETERMINED |
| 50 | Department Of The Treasury Internal Revenue Service Ogden, UT  84201-0009 | General Inquiries PHONE: 801-297-2200 | GUARANTEE | CONTINGENT, UNLIQUIDATED | $0.00 | $0.00 | UNDETERMINED |

**UNANIMOUS WRITTEN CONSENT OF
THE SPECIAL COMMITTEE OF THE
BOARD OF DIRECTORS OF
FREEDOM VCM HOLDINGS, LLC**

November 3, 2024

The undersigned, being the members of the special committee (the "Special Committee") of the board of directors (the "Board") of Freedom VCM Holdings, LLC, a Delaware limited liability company ("FVH"), hereby consent to and approve the following resolutions (the "Special Committee Resolutions") and recommend that the Board adopt and approve resolutions effectuating the actions, authorizations, approvals, implementations, and consummations contemplated by these Special Committee Resolutions as of the date set forth above:

**WHEREAS**, management of FVH is vested in the Board pursuant to Article V, Section 5.1(a) of the *Second Amended and Restated Limited Liability Company Agreement of Freedom VCM Holdings, LLC*, dated as of January 19, 2024 (the "LLC Agreement"), and section 18-402 of the Delaware Limited Liability Company Act (the "Act");

**WHEREAS**, pursuant to Article V, Section 5.1(a) of the LLC Agreement, the Board may act by unanimous written consent without a meeting pursuant to Section 18-404 of the Act;

**WHEREAS**, the Board, by Unanimous Written Consent, dated August 19, 2024, formed the Special Committee and resolved that FVH shall not, and shall not cause or permit any of its subsidiaries to, authorize, approve, implement, consummate or make effective any Restructuring Transaction (as defined in such Unanimous Written Consent) (a "Restructuring Transaction") that is not recommended and approved by the Special Committee;

**WHEREAS**, pursuant to the Freedom VCM Holdings, LLC Special Committee Charter, dated August 19, 2024, the Special Committee may take any action required or permitted to be taken at a meeting of the Special Committee by unanimous written consent;

**WHEREAS**, the Special Committee has considered whether a Restructuring Transaction would be advisable for (i) the entity listed on Schedule I hereto (the "Schedule I Entity"); (ii) the entities listed on Schedule II hereto (the "Schedule II Entities"); (iii) the entity listed on Schedule III hereto (the "Schedule III Entity"); (iv) the entities listed on Schedule IV hereto (the "Schedule IV Entities"); (v) the entities listed on Schedule V hereto (the "Schedule V Entities"); (vi) the entity listed on Schedule VI hereto (the "Schedule VI Entity"); (vii) the entity listed on Schedule VII hereto (the "Schedule VII Entity"); (viii) the entity listed on Schedule VIII hereto (the "Schedule VIII Entity"); (ix) the entity listed on Schedule IX hereto (the "Schedule IX Entity"); (x) the entities listed on Schedule X hereto (the "Schedule X Entities"); (xi) the entities listed on Schedule XI hereto (the "Schedule XI Entities"); and (xii) the entities listed on Schedule XII hereto (the "Schedule XII Entities" and together with the Schedule I Entity, the Schedule II Entities, the Schedule III Entity, the Schedule IV Entities, the Schedule V Entities, the Schedule VI Entity, the Schedule VII Entity, the Schedule VIII Entity, the Schedule IX Entity, the Schedule X Entities, and the Schedule XI Entities, each a "Company" and, collectively, the "Companies");

**WHEREAS**, each of the Schedule II Entities, the Schedule III Entity, the Schedule IV Entities, the Schedule V Entities, the Schedule VI Entity, the Schedule VII Entity, the Schedule VIII Entity, the Schedule IX Entity, the Schedule X Entities, the Schedule XI Entities, and the Schedule XII Entities (each a "Subsidiary" and, collectively, the "Subsidiaries") is, directly or indirectly, a subsidiary of the Schedule I Entity, FVH;

**WHEREAS**, the Special Committee has consulted with and has received, reviewed, and considered the chapter 11 preparation materials, the DIP Loan Agreement (as defined below), and the recommendations of the senior management of the Companies and the Companies' financial and legal advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, the Special Committee has determined that it is in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties to commence a case under the Bankruptcy Code and recommends and approves of the filing of chapter 11 petitions on behalf of the Companies;

**WHEREAS**, the Special Committee has considered and recommended and approved the Restructuring Support Agreement, dated November 1, 2024 (the "RSA"), and has considered and approved the prearranged chapter 11 plan for the Companies (the "Plan"), and has determined that it is in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties to document the previous approval of the RSA pursuant to that certain Board meeting of the Board of Freedom VCM Holdings, LLC held on November 1, 2024 (the "November 1 Board Meeting") and to pursue approval of the Plan; and

**WHEREAS**, the Special Committee has determined to consent to and approve the following resolutions and recommends that the Board adopt and approve resolutions effectuating the actions, authorizations, approvals, implementations, and consummations relating to commencing and maintaining a bankruptcy proceeding under the Bankruptcy Code contemplated by these Special Committee Resolutions.

**NOW, THEREFORE BE IT:**

**Restructuring Support Agreement**

**RESOLVED** that, for purposes of documenting the actions taken at that certain November 1 Board Meeting, in the judgment of the Special Committee, it is desirable and in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties, that each Company be, and hereby is, authorized to enter into and perform the restructuring transactions contemplated by the RSA with its Consenting First Lien Lenders (as defined therein), including the Plan, and any action heretofore taken by each such Company in connection with the RSA and the Plan is hereby approved and ratified; and it is

**FURTHER RESOLVED** that, each Authorized Person (as defined below) be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of each Company, to execute, acknowledge, and deliver the RSA with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and it is

## Commencement and Prosecution of Bankruptcy Cases

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, it is desirable and in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties, that a voluntary petition (each, a "Petition" and collectively, the "Petitions") be filed by each of the Companies in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing a case (each, a "Bankruptcy Case" and collectively, the "Bankruptcy Cases") under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the filing of voluntary Petitions on behalf of the respective Companies should be approved, authorized, and adopted in all respects and that the respective officers, members, managers, directors, or other authorized persons of each Company (which, for these purposes, shall include Andrew M. Laurence, Andrew Kaminsky, Tiffany McMillan-McWaters, and David Orlofsky) (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, empowered and directed on behalf of such Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as the Authorized Persons may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and it is

**FURTHER RESOLVED** that, in the judgment of the Special Committee, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that the Companies shall file with the Bankruptcy Court the Plan and disclosure statement related thereto (the "Disclosure Statement"), and the documents to be included in the plan supplement (the "Plan Supplement") to the Plan; and it is

**FURTHER RESOLVED** that, the Special Committee hereby approves the Plan and the transactions contemplated thereby; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company, on behalf of the respective Companies should be, and each of them, acting alone or in any combination, should be authorized, directed, and empowered on behalf of and in the name of the respective Companies to (a) execute, acknowledge, deliver, verify, and file the Petitions, the Plan, the Plan Supplement, the Disclosure Statement, lists, motions, applications, pleadings, declarations, and other papers that the Authorized Persons may determine necessary or proper in connection with such Bankruptcy Cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as the Authorized

Persons may determine are necessary or proper in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as the Authorized Persons determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by the Authorized Persons; and it is

## Retention of Professionals

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the law firm of Willkie Farr & Gallagher LLP ("Willkie"), should be authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), should be authorized, directed, and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that, , in the judgment of the Special Committee, the law firm of Petrillo Klein & Boxer LLP ("Petrillo"), should be authorized, directed, and empowered to represent the independent directors of each of the Companies, to represent, assist, and advise each such independent director in connection with the Bankruptcy Cases and each such independent director's duties in connection therewith, and to take any and all actions to advance each such independent director's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Petrillo; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, AlixPartners, LLP ("AlixPartners") should be authorized, directed, and empowered to act as financial advisor and provide each Company with restructuring advisors and support personnel to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, Kroll Restructuring Administration LLC ("Kroll"), should be authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, Hilco Real Estate, LLC ("Hilco"), should be authorized, directed, and empowered to represent each Company as its real estate advisor in connection with any case commenced by such Company under the Bankruptcy Code; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Hilco; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, Ducera Partners LLC ("Ducera" and together with Willkie, Young Conaway, Petrillo, AlixPartners, Kroll, and Hilco, collectively, the "Advisors"), should be authorized, directed, and empowered to serve as investment banker to assist each Company with a restructuring or a sale of each such Company's assets and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Ducera; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company, and each of them, acting alone or in any combination, with the power of delegation, should be authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to take any and all actions to advance such Company's rights and obligations and to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the respective Authorized Persons of each such Company be, and each of them, alone or in any combination, with power of delegation hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of any other individual or firm, as necessary; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company, and each of them, acting alone or in any combination, with power of delegation, should be  authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the respective Authorized Persons of each Company deem necessary, proper or desirable in connection with such Company's Bankruptcy Case, with a view to the successful prosecution of such case; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the Advisors should be authorized to take any and all actions necessary or desirable to advance the Companies' respective rights and obligations and facilitate the Bankruptcy Cases; and it is

**Postpetition Financing**

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company should be, and each of them, acting alone or in any combination, authorized to execute, deliver, and perform, or cause to be executed, delivered, and performed, as applicable from time to time, in the name of and on behalf of each of the respective Companies, that certain credit agreement (the "DIP Loan Agreement" and, together with any other documents related to the debtor in possession financing, the "DIP Loan Documents"), including, without limitation, any agreements, instruments, questionnaires, papers, or writings, as such Authorized Persons determine are necessary, convenient, advisable, appropriate or desirable to effect the execution, delivery, and performance of the DIP Loan Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith, in each case, with such changes, additions, modifications, and terms as any such Authorized Persons executing the DIP Documents shall

approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company should be, and each of them, acting alone or in any combination, authorized, directed, and empowered, for and on behalf of and in the name of each of the respective Companies to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Companies, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent or other individual or firm identified in the DIP Loan Documents as security for the obligations under the DIP Loan Agreement and the other DIP Loan Documents; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company should be , and each of them, acting alone or in any combination, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s) on terms substantially similar to those described or provided to the Special Committee, the Board, the members of the board of directors of the Schedule II Entities (in such capacity, the "Schedule II Directors"), the sole member of the Schedule III Entity (in such capacity, the "Schedule III Member"), the sole members of the Schedule IV Entities (in such capacity, the "Schedule IV Members"), the sole members of the Schedule V Entities (in such capacity, the "Schedule V Members"), the members of the board of directors of the Schedule VI Entity (the "Schedule VI Directors"), the Managing Member of the Schedule VII Entity (in such capacity, the "Schedule VII Managing Member"), the Manager of the Schedule VIII Entity (in such capacity, the "Schedule VIII Manager"), the sole member of the Schedule IX Entity (in such capacity, the "Schedule IX Member"), the sole members of the Schedule X Entities (in such capacity, the "Schedule X Members"), the sole members of the Schedule XI Entities (in such capacity, the "Schedule XI Members"), and the Managing Members of the Schedule XII Entities (in such capacity, the "Schedule XII Managing Members"); and in connection therewith, the respective Authorized Persons of each Company are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company should be, and each of them, acting alone or in any combination, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for postpetition financing on terms substantially similar to those described or provided to the Special Committee, the Board, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the

Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members; (b) pledge and grant liens on each of the respective Companies' assets as may be contemplated by or required under the terms of such postpetition financing; or (c) execute, deliver, verify, and file, as applicable, or cause to be  executed, delivered, verified, or filed, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with any postpetition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Special Committee, the Board, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and it is

**General**

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, the respective Authorized Persons of each Company should be, and each of them, acting alone or in any combination, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of the Companies such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement, or otherwise modify from time to time agreements, certificates, instruments, guarantees, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with the Bankruptcy Cases or as such Authorized Persons may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Special Committee, the Board, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and it is

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, all acts done or actions taken prior to the date hereof by the respective Authorized Persons of each Company or any professionals engaged by such Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Cases, or any proceedings related thereto, or any matter related thereto, should be adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of such Companies; and it is

**FURTHER RESOLVED**, that this consent shall be delivered to each of the Companies and shall be filed with the minutes of proceedings of the board of directors, managers, and members, as applicable, and with the books and records of each Company; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the original; and it is

**FURTHER RESOLVED**, that this consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by all of the members of the Special Committee.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Unanimous Written Consent effective as of the date first written above.

Signed by:

*Andrew Laurence*

3DD40E9195E24D4...

ANDREW M. LAURENCE

Signed by:

8D7F04B07E1D4D5...

TODD ARDEN

DocuSigned by:

*Chris Meyer*

EF00DEDFE57043F...

CHRISTOPHER P. MEYER

[*Signature Page to Freedom VCM Holdings, LLC Special Committee Consent - Chapter 11 Filing*]

## **Schedule I**

Freedom VCM Holdings, LLC

## Schedule II

Freedom VCM Interco Holdings, Inc.
Freedom VCM Receivables, Inc.
Freedom VCM Interco, Inc.
Freedom VCM, Inc.
Franchise Group, Inc.
Educate, Inc.

## **Schedule III**

Freedom Receivables II, LLC

## **Schedule IV**

Franchise Group New Holdco, LLC
Franchise Group Acquisition TM, LLC
Franchise Group Intermediate Holdco, LLC
Franchise Group Intermediate SL, LLC
Franchise Group Newco SL, LLC
Franchise Group Intermediate L, LLC
Franchise Group Intermediate PSP, LLC
Franchise Group Newco PSP, LLC
PSP Midco, LLC
Pet Supplies "Plus", LLC (f/k/a PSP Parent, LLC)
Franchise Group Intermediate V, LLC
Franchise Group Newco V, LLC
Vitamin Shoppe Global, LLC
Vitamin Shoppe Mariner, LLC
Vitamin Shoppe Franchising, LLC
Vitamin Shoppe Procurement Services, LLC
Vitamin Shoppe Florida, LLC (f/k/a FDC Vitamins, LLC)
Franchise Group Intermediate B, LLC
Buddy's Newco, LLC
Franchise Group Intermediate BHF, LLC
Franchise Group Newco BHF, LLC

## **Schedule V**

American Freight FFO, LLC
Franchise Group Newco Intermediate AF, LLC
Franchise Group Intermediate S, LLC
Franchise Group Newco S, LLC
American Freight Franchising, LLC (f/k/a American Freight Discount Outlet Franchising, LLC
and Buddy's Discount Outlet Franchising, LLC)
Home & Appliance Outlet, LLC (f/k/a Outlet Merchandise, LLC)
American Freight Outlet Stores, LLC (f/k/a Sears Outlet Stores, L.L.C.)
American Freight Franchisor, LLC
American Freight Group, LLC
American Freight Holdings, LLC
American Freight, LLC
American Freight Management Company, LLC

## Schedule VI

PSP Group, LLC (f/k/a PSP Holdco, LLC)

## **Schedule VII**

PSP Stores, LLC (f/k/a Royal Pet, LLC)

## **Schedule VIII**

Valor Acquisition, LLC

## **Schedule IX**

Vitamin Shoppe Industries LLC (f/k/a Vitamin Shoppe MergerCo LLC)

## **Schedule X**

Betancourt Sports Nutrition, LLC
Buddy's Franchising and Licensing LLC

## Schedule XI

PSP Service Newco, LLC
WNW Franchising, LLC
WNW Stores, LLC
PSP Subco, LLC

## **Schedule XII**

PSP Franchising, LLC
PSP Distribution, LLC

**OMNIBUS WRITTEN CONSENT OF THE**
**BOARD OF DIRECTORS, MANAGING MEMBER, AND MEMBER, AS APPLICABLE,**
**OF EACH COMPANY SET FORTH ON SCHEDULE I, SCHEDULE II, SCHEDULE III,**
**SCHEDULE IV, SCHEDULE V, SCHEDULE VI, SCHEDULE VII, SCHEDULE VIII,**
**SCHEDULE IX, SCHEDULE X, SCHEDULE XI, AND SCHEDULE XII HERETO**
**OF**
**FREEDOM VCM HOLDINGS, LLC**

November 3, 2024

The undersigned[1], being

(i)     all of the members of the board of directors (in such capacity, the "Schedule I Directors") of the entity listed on Schedule I hereto (the "Schedule I Entity"),

(ii)    all of the members of the board of directors (in such capacity, the "Schedule II Directors") of each entity listed on Schedule II hereto (collectively, the "Schedule II Entities"),

(iii)   the sole member (in such capacity, the "Schedule III Member") of the entity listed on Schedule III hereto (the "Schedule III Entity"),

(iv)    the sole members (in such capacity, the "Schedule IV Members") of the entities listed on Schedule IV hereto (collectively, the "Schedule IV Entities"),

(v)     the sole members (in such capacity, the "Schedule V Members") of the entities listed on Schedule V hereto (collectively, the "Schedule V Entities"),

(vi)    all of the members of the board of directors (in such capacity, the "Schedule VI Directors") of the entity listed on Schedule VI hereto (the "Schedule VI Entity"), by and through those certain individuals, who have been duly authorized to act on behalf of the Schedule VI Directors (each, an "Authorized Individual"),

(vii)   the Managing Member (in such capacity, the "Schedule VII Managing Member") of the entity listed on Schedule VII hereto (the "Schedule VII Entity"),

(viii)  the Manager (in such capacity, the "Schedule VIII Manager") of the entity listed on Schedule VIII hereto (the "Schedule VIII Entity"),

---

[1] For ease of reference and for administrative and ministerial purposes, the various subsidiaries of Freedom VCM Holdings, LLC have been grouped together in this consent based on each entity's state of organization and the nature of its governance structure.  By way of example, the entities listed on Schedule II are all Delaware corporations and many, if not all, of the members of each entity's board of directors are identical.  The entities listed on Schedule IV are all member-managed Delaware limited liability companies under the indirect control of the Franchise Group, Inc. Board of Directors, whereas the entities listed on Schedule XI are all member-managed Delaware limited liability companies under the indirect control of the PSP Group, LLC Board of Directors.

(ix)    the sole member (in such capacity, the "<u>Schedule IX Member</u>") of the entity listed on <u>Schedule IX</u> hereto (the "<u>Schedule IX Entity</u>"),

(x)    the sole members (in such capacity, the "<u>Schedule X Members</u>") of the entities listed on <u>Schedule X</u> hereto (collectively, the "<u>Schedule X Entities</u>"),

(xi)    the sole members (in such capacity, the "<u>Schedule XI Members</u>") of the entities listed on <u>Schedule XI</u> hereto (collectively, the "<u>Schedule XI Entities</u>"),

(xii)    the Managing Members (in such capacity, the "<u>Schedule XII Managing Members</u>") of the entities listed on <u>Schedule XII</u> hereto (collectively, the "<u>Schedule XII Entities</u>" and together with the Schedule I Entity, the Schedule II Entities, the Schedule III Entity, the Schedule IV Entities, the Schedule V Entities, the Schedule VI Entity, the Schedule VII Entity, the Schedule VIII Entity, the Schedule IX Entity, the Schedule X Entities, and the Schedule XI Entities, each a "<u>Company</u>" and collectively, the "<u>Companies</u>"),

respectively, hereby consent, pursuant to the respective charters, bylaws, limited liability company agreements, or equivalent organizational documents of each such respective Company and pursuant to (i) Section 141(f) of the Delaware General Corporation Law, (ii) Sections 18-404(d) and 18-302(d) of the Delaware Limited Liability Company Act, (iii) Section 1706.30(D) of the Ohio Limited Liability Company Act, (iv) Section 605.04073(4) of the Florida Revised Limited Liability Company Act, and (v) Section 407(a) of the New York Limited Liability Company Act, as applicable to each such respective Company, to the taking of the following actions and the adoption of the following resolutions without a meeting as of the date set forth above and agree that such actions and resolutions shall have the same force and effect as though taken and adopted at a meeting duly called and legally held.

**WHEREAS**, Freedom VCM Interco Holdings, Inc., a Delaware corporation ("<u>Freedom VCM Interco Holdings</u>"), is the sole member and Managing Member of Freedom Receivables II, LLC, a Delaware limited liability company ("<u>Freedom Receivables</u>");

**WHEREAS**, Franchise Group, Inc., a Delaware corporation ("<u>Franchise Group</u>"), is the sole member of each of Franchise Group Acquisition TM, LLC, a Delaware limited liability company ("<u>FG Acquisition TM</u>"), and Franchise Group New Holdco, LLC, a Delaware limited liability company ("<u>FG New Holdco</u>"); and FG New Holdco is, in turn, the sole member of Franchise Group Intermediate Holdco, LLC, a Delaware limited liability company ("<u>FG Intermediate Holdco</u>"); and FG Intermediate Holdco is, in turn, the sole member of each of Franchise Group Intermediate SL, LLC, a Delaware limited liability company ("<u>FG Intermediate SL</u>"), Franchise Group Intermediate L, LLC, a Delaware limited liability company ("<u>FG Intermediate L</u>"), Franchise Group Intermediate PSP, LLC, a Delaware limited liability company ("<u>FG Intermediate PSP</u>"), Franchise Group Intermediate V, LLC, a Delaware limited liability company ("<u>FG Intermediate V</u>"), Franchise Group Intermediate B, LLC, a Delaware limited liability company ("<u>FG Intermediate B</u>"), and Franchise Group Intermediate BHF, LLC, a Delaware limited liability company ("<u>FG Intermediate BHF</u>");

**WHEREAS**, FG Intermediate SL is the sole member of Franchise Group Newco SL, LLC, a Delaware limited liability company ("FG Newco SL");

**WHEREAS**, FG Intermediate PSP is the sole member of Franchise Group Newco PSP, LLC, a Delaware limited liability company ("FG Newco PSP"); and FG Newco PSP is, in turn, the sole member of PSP Midco, LLC, a Delaware limited liability company ("PSP Midco"); and PSP Midco is, in turn, the sole member of Pet Supplies "Plus", LLC, a Delaware limited liability company ("Pet Supplies Plus"); and Pet Supplies Plus is, in turn, the sole member of PSP Group, LLC, a Delaware limited liability company ("PSP Group");

**WHEREAS**, PSP Group is the sole member of each of PSP Service Newco, LLC, a Delaware limited liability company ("PSP Service Newco"), WNW Franchising, LLC, a Delaware limited liability company ("WNW Franchising"), WNW Stores, LLC, a Delaware limited liability company ("WNW Stores"), and PSP Subco, LLC, a Delaware limited liability company ("PSP Subco");

**WHEREAS**, PSP Group and PSP Subco are the members of PSP Stores, LLC, an Ohio limited liability company ("PSP Stores");

**WHEREAS**, PSP Stores and PSP Subco are the members of each of PSP Franchising, LLC, a Delaware limited liability company ("PSP Franchising"), and PSP Distribution, LLC, a Delaware limited liability company ("PSP Distribution");

**WHEREAS**, FG Intermediate V is the sole member of Franchise Group Newco V, LLC, a Delaware limited liability company ("FG Newco V"); and FG Newco V is, in turn, the sole member of Valor Acquisition, LLC, a Delaware limited liability company ("Valor Acquisition"); and Valor Acquisition is, in turn, the sole member of Vitamin Shoppe Industries LLC, a New York limited liability company ("VS Industries"); and VS Industries is, in turn, the sole member of each of Vitamin Shoppe Global, LLC, a Delaware limited liability company ("VS Global"), Vitamin Shoppe Mariner, LLC, a Delaware limited liability company ("VS Mariner"), Vitamin Shoppe Franchising, LLC, a Delaware limited liability company ("VS Franchising"), Vitamin Shoppe Procurement Services, LLC, a Delaware limited liability company ("VS Procurement"), Vitamin Shoppe Florida, LLC, a Delaware limited liability company ("VS Florida"), and Betancourt Sports Nutrition, LLC, a Florida limited liability company ("Betancourt");

**WHEREAS**, FG Intermediate B is the sole member of Buddy's Newco, LLC, a Delaware limited liability company ("Buddy's Newco"); and Buddy's Newco is, in turn, the sole member of Buddy's Franchising and Licensing, LLC, a Florida limited liability company ("Buddy's F&L");

**WHEREAS**, FG Intermediate BHF is the sole member of Franchise Group Newco BHF, LLC, a Delaware limited liability company ("FG Newco BHF");

**WHEREAS**, Educate, Inc., a Delaware corporation ("Educate"), is the sole member of Franchise Group Newco Intermediate AF, LLC, a Delaware limited liability company ("FG Newco Intermediate AF"); and FG Newco Intermediate AF is, in turn, the sole member of each of American Freight FFO, LLC, a Delaware limited liability company ("AF FFO"), Franchise Group Intermediate S, LLC, a Delaware limited liability company ("FG Intermediate S"), and American Freight Group, LLC, a Delaware limited liability company ("AF Group");

3

**WHEREAS**, FG Intermediate S is the sole member of Franchise Group Newco S, LLC, a Delaware limited liability company ("FG Newco S"); and FG Newco S is, in turn, the sole member of each of American Freight Franchising, LLC (formerly known as American Freight Discount Outlet Franchising, LLC and Buddy's Discount Outlet Franchising, LLC), a Delaware limited liability company ("AF Franchising"), Home & Appliance Outlet, LLC (formerly known as Outlet Merchandise, LLC), a Delaware limited liability company ("H&A"), and American Freight Outlet Stores, LLC, a Delaware limited liability company ("AF Outlet Stores"); and AF Outlet Stores is, in turn, the sole member of American Freight Franchisor, LLC, a Delaware limited liability company ("AF Franchisor");

**WHEREAS**, AF Group is the sole member of American Freight Holdings, LLC, a Delaware limited liability company ("AF Holdings"); and AF Holdings is, in turn, the sole member of American Freight, LLC, a Delaware limited liability company ("American Freight"); and American Freight is, in turn, the sole member of American Freight Management Company, LLC, a Delaware limited liability company ("AF Management");

**WHEREAS**, Franchise Group controls, directly or indirectly, the Schedule IV Entities (in such capacity, the "FG Parent") as follows: in Franchise Group's capacity

(i)    as the sole member of each of FG Acquisition TM and FG New Holdco;

(ii)   as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco;

(iii)  as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of each of FG Intermediate SL, FG Intermediate L, FG Intermediate PSP, FG Intermediate V, FG Intermediate B, and FG Intermediate BHF;

(iv)   as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate SL, acting on its behalf and in its capacity as the sole member of FG Newco SL;

(v)    (A) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of each of FG Intermediate PSP, acting on its behalf and in its capacity as the sole member of FG Newco PSP;

(B) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of each of FG Intermediate PSP, acting on its behalf and in its capacity as the sole member of FG Newco PSP, acting on its behalf and in its capacity as the sole member of PSP Midco; and

(C) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its

4

capacity as the sole member of each of FG Intermediate PSP, acting on its behalf and in its capacity as the sole member of FG Newco PSP, acting on its behalf and in its capacity as the sole member of PSP Midco, acting on its behalf and in its capacity as the sole member of Pet Supplies Plus;

(vi)   (A) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate V, acting on its behalf and in its capacity as the sole member of FG Newco V;

(B) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate V, acting on its behalf and in its capacity as the sole member of FG Newco V, acting on its behalf and in its capacity as the Manager of Valor Acquisition;

(C) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate V, acting on its behalf and in its capacity as the sole member of FG Newco V, acting on its behalf and in its capacity as the Manager of Valor Acquisition, acting on its behalf and in its capacity as the sole member of VS Industries; and

(D) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate V, acting on its behalf and in its capacity as the sole member of FG Newco V, acting on its behalf and in its capacity as the Manager of Valor Acquisition, acting on its behalf and in its capacity as the sole member of VS Industries, acting on its behalf and in its capacity as the sole member of each of VS Global, VS Mariner, VS Franchising, VS Procurement, VS Florida, and Betancourt;

(vii)  (A) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of each of FG Intermediate B, acting on its behalf and in its capacity as the sole member of FG Newco B; and

(B) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of each of FG Intermediate B, acting on its behalf and in its capacity as the sole member of FG Newco B, acting on its behalf and in its capacity as the sole member of Buddy's F&L; and

(viii) as the sole member of FG New Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate Holdco, acting on its behalf and in its capacity as the sole member of FG Intermediate BHF, acting on its behalf and in its capacity

as the sole member of FG Newco BHF (each entity controlled, directly or indirectly, by the FG Parent, an "<u>FG Parent Entity</u>" and collectively, the "<u>FG Parent Entities</u>");

**WHEREAS**, PSP Group controls, directly or indirectly, the Schedule VII Entity, the Schedule XI Entities, and the Schedule XII Entities (in such capacity, the "<u>PSP Parent</u>") as follows: in PSP Group's capacity

(i)     as the sole member of each of PSP Service Newco, WNW Franchising, WNW Stores, and PSP Subco;

(ii)    as the Managing Member of PSP Stores; and

(iii)   as the Managing Member of PSP Stores, acting on its behalf and in its capacity as the Managing Member of each of PSP Franchising and PSP Distribution (each entity controlled, directly or indirectly, by the PSP Parent, a "<u>PSP Parent Entity</u>" and collectively, the "<u>PSP Parent Entities</u>");

**WHEREAS**, Educate controls, directly or indirectly, the Schedule V Entities (in such capacity, the "<u>Educate Parent</u>") as follows: in Educate's capacity

(i)     (A) as the sole member of FG Newco Intermediate AF; and

(B) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of each of AF FFO, FG Intermediate S, and AF Group;

(ii)    (A) as the sole member of FG Newco Intermediate AF;

(B) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of FG Intermediate S;

(C) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of FG Intermediate S, acting on its behalf and in its capacity as the sole member of FG Newco S;

(D) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of FG Intermediate S, acting on its behalf and in its capacity as the sole member of FG Newco S, acting on its behalf and in its capacity as the sole member of each of AF Franchising, H&A, and AF Outlet Stores; and

(E) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of FG Intermediate S, acting on its behalf and in its capacity as the sole member of FG Newco S, acting on its behalf and in its capacity as the sole member of AF Outlet Stores, acting on its behalf and in its capacity as the sole member of AF Franchisor; and

(iii)     (A) as the sole member of FG Newco Intermediate AF;

(B) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of AF Group;

(C) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of AF Group, acting on its behalf and in its capacity as the sole member of AF Holdings;

(D) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of AF Group, acting on its behalf and in its capacity as the sole member of AF Holdings, acting on its behalf and in its capacity as the sole member of American Freight; and

(E) as the sole member of FG Newco Intermediate AF, acting on its behalf and in its capacity as the sole member of AF Group, acting on its behalf and in its capacity as the sole member of AF Holdings, acting on its behalf and in its capacity as the sole member of American Freight, acting on its behalf and in its capacity as the sole member of AF Management;

**WHEREAS**, each of the Schedule II Entities, the Schedule III Entity, the Schedule IV Entities, the Schedule V Entities, the Schedule VI Entity, the Schedule VII Entity, the Schedule VIII Entity, the Schedule IX Entity, the Schedule X Entities, the Schedule XI Entities, and the Schedule XII Entities (each a "Subsidiary" and collectively, the "Subsidiaries") is, directly or indirectly, a subsidiary of the Schedule I Entity, Freedom VCM Holdings, LLC, a Delaware limited liability company ("FVH");

**WHEREAS**,

(i)      the Schedule I Directors, acting on behalf of the Schedule I Entity and the Subsidiaries,

(ii)     the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) Freedom VCM Interco Holdings in its capacity as the Managing Member of Freedom Receivables, (C) Franchise Group in its capacity as the FG Parent of the FG Parent Entities, (D) Educate in its capacity as the Educate Parent of the Schedule V Entities,

(iii)    the Schedule III Member, acting on behalf of the Schedule III Entity,

(iv)     the Schedule IV Members, acting on behalf of the Schedule IV Entities,

(v)      the Schedule V Members, acting on behalf of the Schedule V Entities,

(vi)     the Schedule VI Directors, acting on behalf of (A) the Schedule VI Entity and (B) PSP Group in its capacity as the PSP Parent of the PSP Parent Entities,

(vii)    the Schedule VII Managing Member, acting on behalf of the Schedule VII Entity,

7

(viii)    the Schedule VIII Manager, acting on behalf of the Schedule VIII Entity,

(ix)    the Schedule IX Member, acting on behalf of the Schedule IX Entity,

(x)    the Schedule X Members, acting on behalf of the Schedule X Entities,

(xi)    the Schedule XI Members, acting on behalf of the Schedule XI Entities, and

(xii)    the Schedule XII Managing Members, acting on behalf of the Schedule XII Entities,

have reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, and the credit market conditions and macroeconomic conditions impacting each Company;

**WHEREAS**,

(i)    the Schedule I Directors, acting on behalf of the Schedule I Entity and the Subsidiaries,

(ii)    the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) Freedom VCM Interco Holdings in its capacity as the Managing Member of Freedom Receivables, (C) Franchise Group in its capacity as the FG Parent of the FG Parent Entities, (D) Educate in its capacity as the Educate Parent of the Schedule V Entities,

(iii)    the Schedule III Member, acting on behalf of the Schedule III Entity,

(iv)    the Schedule IV Members, acting on behalf of the Schedule IV Entities,

(v)    the Schedule V Members, acting on behalf of the Schedule V Entities,

(vi)    the Schedule VI Directors, acting on behalf of (A) the Schedule VI Entity and (B) PSP Group in its capacity as the PSP Parent of the PSP Parent Entities,

(vii)    the Schedule VII Managing Member, acting on behalf of the Schedule VII Entity,

(viii)    the Schedule VIII Manager, acting on behalf of the Schedule VIII Entity,

(ix)    the Schedule IX Member, acting on behalf of the Schedule IX Entity,

(x)    the Schedule X Members, acting on behalf of the Schedule X Entities,

(xi)    the Schedule XI Members, acting on behalf of the Schedule XI Entities, and

(xii)    the Schedule XII Managing Members, acting on behalf of the Schedule XII Entities,

have received, reviewed, and considered the chapter 11 preparation materials, the DIP Loan Agreement (as defined below), and the recommendations of the senior management of the Companies and the Companies' legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**,

(i)    the Schedule I Directors, acting on behalf of the Schedule I Entity and the Subsidiaries,

(ii)    the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) Freedom VCM Interco Holdings in its capacity as the Managing Member of Freedom Receivables, (C) Franchise Group in its capacity as the FG Parent of the FG Parent Entities, (D) Educate in its capacity as the Educate Parent of the Schedule V Entities,

(iii)    the Schedule III Member, acting on behalf of the Schedule III Entity,

(iv)    the Schedule IV Members, acting on behalf of the Schedule IV Entities,

(v)    the Schedule V Members, acting on behalf of the Schedule V Entities,

(vi)    the Schedule VI Directors, acting on behalf of (A) the Schedule VI Entity and (B) PSP Group in its capacity as the PSP Parent of the PSP Parent Entities,

(vii)    the Schedule VII Managing Member, acting on behalf of the Schedule VII Entity,

(viii)    the Schedule VIII Manager, acting on behalf of the Schedule VIII Entity,

(ix)    the Schedule IX Member, acting on behalf of the Schedule IX Entity,

(x)    the Schedule X Members, acting on behalf of the Schedule X Entities,

(xi)    the Schedule XI Members, acting on behalf of the Schedule XI Entities, and

(xii)    the Schedule XII Managing Members, acting on behalf of the Schedule XII Entities,

have determined that it is in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties to commence a case under the Bankruptcy Code;

**WHEREAS**,

(i)    the Schedule I Directors, acting on behalf of the Schedule I Entity and the Subsidiaries,

(ii)    the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) Freedom VCM Interco Holdings in its capacity as the Managing

Member of Freedom Receivables, (C) Franchise Group in its capacity as the FG Parent of the FG Parent Entities, (D) Educate in its capacity as the Educate Parent of the Schedule V Entities,

(iii)    the Schedule III Member, acting on behalf of the Schedule III Entity,

(iv)    the Schedule IV Members, acting on behalf of the Schedule IV Entities,

(v)    the Schedule V Members, acting on behalf of the Schedule V Entities,

(vi)    the Schedule VI Directors, acting on behalf of (A) the Schedule VI Entity and (B) PSP Group in its capacity as the PSP Parent of the PSP Parent Entities,

(vii)    the Schedule VII Managing Member, acting on behalf of the Schedule VII Entity,

(viii)    the Schedule VIII Manager, acting on behalf of the Schedule VIII Entity,

(ix)    the Schedule IX Member, acting on behalf of the Schedule IX Entity,

(x)    the Schedule X Members, acting on behalf of the Schedule X Entities,

(xi)    the Schedule XI Members, acting on behalf of the Schedule XI Entities, and

(xii)    the Schedule XII Managing Members, acting on behalf of the Schedule XII Entities,

have considered and approved the Restructuring Support Agreement, dated November 1, 2024 (the "RSA"), and have considered the prearranged chapter 11 plan for the Companies (the "Plan"), and have determined that it is in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties to document the previous approval of the RSA pursuant to that certain Board meeting of the Board of Freedom VCM Holdings, LLC held on November 1, 2024 (the "November 1 Board Meeting") and to pursue approval of the Plan;

WHEREAS, the Schedule I Directors, by Unanimous Written Consent dated August 19, 2024, formed a special committee of the Board of Directors of FVH (the "Special Committee") and resolved that FVH shall not, and shall not cause or permit any of its subsidiaries to, authorize, approve, implement, consummate or make effective any Restructuring Transaction (as defined in such Unanimous Written Consent) that is not recommended and approved by the Special Committee;

WHEREAS, the members of the Special Committee consented to and approved resolutions (the "Special Committee Resolutions"), dated November 3, 2024, relating to commencing and maintaining a bankruptcy proceeding under chapter 11 of the Bankruptcy Code and recommended that the board of directors of FVH (herein, the Schedule I Directors) adopt and approve resolutions effectuating the actions, authorizations, approvals, implementations, and consummations relating to commencing and maintaining a bankruptcy proceeding under the Bankruptcy Code contemplated by the Special Committee Resolutions;

**WHEREAS**, the resolutions contained in this Omnibus Written Consent effectuate the actions, authorizations, approvals, implementations, and consummations relating to commencing and maintaining a bankruptcy proceeding under the Bankruptcy Code contemplated by the Special Committee Resolutions and recommended and approved by the Special Committee; and

**WHEREAS**,

(i)     the Schedule II Directors, acting, as applicable, on behalf of

(A) Freedom VCM Interco Holdings, in its capacity as the sole member of Freedom Receivables, the Schedule III Entity,

(B) Franchise Group, in its capacity as the FG Parent of VS Procurement VS Florida, and Betancourt, and

(C) Educate, in its capacity as the Educate Parent of AF Management, a Schedule V Entity,

(ii)    the Schedule III Member, acting on behalf of Freedom Receivables, the Schedule III Entity,

(iii)   the Schedule IV Members, acting on behalf of VS Procurement and VS Florida,

(iv)    the Schedule V Members, acting on behalf of AF Management, a Schedule V Entity,

(v)     the Schedule VI Directors, acting on behalf of

(A) PSP Group, the Schedule VI Entity, and

(B) PSP Group, in its capacity as the PSP Parent of PSP Service Newco, WNW Franchising, WNW Stores, PSP Subco, and PSP Stores,

(vi)    the Schedule VII Managing Member, acting on behalf of PSP Stores, the Schedule VII Entity,

(vii)   the Schedule X Member, acting on behalf of Betancourt, a Schedule X Entity, and

(viii)  the Schedule XI Members, acting on behalf of PSP Service Newco, WNW Franchising, WNW Stores, and PSP Subco, the Schedule XI Entities,

have determined that it is in the best interests of the respective members of each of Freedom Receivables, AF Management, PSP Group, PSP Service Newco, WNW Franchising, WNW Stores, PSP Stores, PSP Subco, VS Procurement, VS Florida, and Betancourt (together the "Amending Entities") that the respective limited liability company agreements of each of the Amending Entities be amended as set forth herein.

11

**NOW, THEREFORE, BE IT:**

**Restructuring Support Agreement**

**RESOLVED** that, for purposes of documenting the actions taken at that certain November 1 Board Meeting, the Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members hereby determine that it is desirable and in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties, that each Company be, and hereby is, authorized to enter into and perform the restructuring transactions contemplated by the RSA with its Consenting First Lien Lenders (as defined therein), including the Plan; and it is

**FURTHER RESOLVED** that, each Authorized Person (as defined below) be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of each Company, to execute, acknowledge, and deliver the RSA with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and it is

**Commencement and Prosecution of Bankruptcy Cases**

**FURTHER RESOLVED**, that, in the judgment of the Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members, it is desirable and in the best interests of each Company and each Company's respective creditors, stockholders, members, and other interested parties, that a voluntary petition (each, a "<u>Petition</u>" and collectively, the "<u>Petitions</u>") be filed by each of the Companies in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") commencing a case (each, a "<u>Bankruptcy Case</u>" and collectively, the "<u>Bankruptcy Cases</u>") under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the filing of voluntary Petitions on behalf of the respective Companies be, and hereby is, approved, authorized, and adopted in all respects and that the respective officers, members, managers, directors, or other authorized persons of each Company (which, for these purposes, shall include Andrew M. Laurence, Andrew Kaminsky, Tiffany McMillan-McWaters, and David Orlofsky) (each, an "<u>Authorized Person</u>" and collectively, the "<u>Authorized Persons</u>") be, and each of them, acting alone or in any combination, hereby is, authorized, empowered and directed on behalf of such Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as the Authorized Persons may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and it is

12

**FURTHER RESOLVED** that, in the judgment of the Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that the Companies shall file with the Bankruptcy Court the Plan and disclosure statement related thereto (the "Disclosure Statement"), and the documents to be included in the plan supplement (the "Plan Supplement") to the Plan; and it is

**FURTHER RESOLVED** that, the Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members hereby approve the Plan and the transactions contemplated thereby; and it is

**FURTHER RESOLVED**, that the respective Authorized Persons of each Company, on behalf of the respective Companies be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of and in the name of the respective Companies to (a) execute, acknowledge, deliver, verify, and file the Petitions, the Plan, the Plan Supplement, the Disclosure Statement, lists, motions, applications, pleadings, declarations, and other papers that the Authorized Persons may determine necessary or proper in connection with such Bankruptcy Cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as the Authorized Persons may determine are necessary or proper in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as the Authorized Persons determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by the Authorized Persons; and it is

**Retention of Professionals**

**FURTHER RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("Willkie"), be and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and it is

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), be and hereby is, authorized, directed, and empowered to represent each

Company as Delaware bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that the law firm of Petrillo Klein & Boxer LLP ("Petrillo"), be and hereby is, authorized, directed, and empowered to represent the independent directors of each of the Companies, to represent, assist, and advise each such independent director in connection with the Bankruptcy Cases and each such independent director's duties in connection therewith, and to take any and all actions to advance each such independent director's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Petrillo; and it is

**FURTHER RESOLVED**, that AlixPartners, LLP ("AlixPartners") be, and hereby is, authorized, directed, and empowered to act as financial advisor and provide each Company with restructuring advisors and support personnel to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and it is

**FURTHER RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll"), be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is

**FURTHER RESOLVED**, that Hilco Real Estate, LLC ("Hilco"), be and hereby is, authorized, directed, and empowered to represent each Company as its real estate advisor in connection with any case commenced by such Company under the Bankruptcy Code; and in

connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Hilco; and it is

**FURTHER RESOLVED**, that Ducera Partners LLC ("Ducera" and together with Willkie, Young Conaway, Petrillo, AlixPartners, Kroll, and Hilco, collectively, the "Advisors"), be and hereby is, authorized, directed, and empowered to serve as investment banker to assist each Company with a restructuring or a sale of each such Company's assets and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Ducera; and it is

**FURTHER RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with the power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to take any and all actions to advance such Company's rights and obligations and to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the respective Authorized Persons of each such Company be, and each of them, alone or in any combination, with power of delegation hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of such Company's Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of any other individual or firm, as necessary; and it is

**FURTHER RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, with power of delegation, hereby is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the respective Authorized Persons of each Company deem necessary, proper or desirable in connection with such Company's Bankruptcy Case, with a view to the successful prosecution of such case; and it is

**FURTHER RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance the Companies' respective rights and obligations and facilitate the Bankruptcy Cases; and it is

**Postpetition Financing**

       **FURTHER RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized to execute, deliver, and perform, or cause to be executed, delivered, and performed, as applicable from time to time, in the name of and on behalf of each of the respective Companies, that certain credit agreement (the "<u>DIP Loan Agreement</u>" and, together with any other documents related to the debtor in possession financing, the "<u>DIP Loan Documents</u>"), including, without limitation, any agreements, instruments, questionnaires, papers, or writings, as such Authorized Persons determine are necessary, convenient, advisable, appropriate or desirable to effect the execution, delivery, and performance of the DIP Loan Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith, in each case, with such changes, additions, modifications, and terms as any such Authorized Persons executing the DIP Loan Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is

       **FURTHER RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, for and on behalf of and in the name of each of the respective Companies to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Companies, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent or other individual or firm identified in the DIP Loan Documents as security for the obligations under the DIP Loan Agreement and the other DIP Loan Documents; and it is

       **FURTHER RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s) on terms substantially similar to those described or provided to the Special Committee, Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members; and in connection therewith, the respective Authorized Persons of each Company are

hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that, in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for postpetition financing on terms substantially similar to those described or provided to the Special Committee, Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members; (b) pledge and grant liens on each of the respective Companies' assets as may be contemplated by or required under the terms of such postpetition financing; or (c) execute, deliver, verify, and file, as applicable, or cause to be  executed, delivered, verified, or filed, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with any postpetition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Special Committee, Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and it is

**Amendment of Limited Liability Company Agreements**

**RESOLVED**, that

(i)       the Schedule II Directors, acting, as applicable, on behalf of

        (A) Freedom VCM Interco Holdings, in its capacity as the sole member of Freedom Receivables, the Schedule III Entity,

        (B) Franchise Group, in its capacity as the FG Parent of VS Procurement VS Florida, and Betancourt, and

        (C) Educate, in its capacity as the Educate Parent of AF Management, a Schedule V Entity,

(ii)      the Schedule III Member, acting on behalf of Freedom Receivables, the Schedule III Entity,

(iii)     the Schedule IV Members, acting on behalf of VS Procurement and VS Florida,

(iv)    the Schedule V Members, acting on behalf of AF Management, a Schedule V Entity,

(v)    the Schedule VI Directors, acting on behalf of

(A) PSP Group, the Schedule VI Entity, and

(B) PSP Group, in its capacity as the PSP Parent of PSP Service Newco, WNW Franchising, WNW Stores, PSP Subco, and PSP Stores,

(vi)    the Schedule VII Managing Member, acting on behalf of PSP Stores, the Schedule VII Entity,

(vii)    the Schedule X Member, acting on behalf of Betancourt, a Schedule X Entity, and

(viii)    the Schedule XI Members, acting on behalf of PSP Service Newco, WNW Franchising, WNW Stores, and PSP Subco, the Schedule XI Entities,

consent to the amendment of the limited liability company agreement, as such may have been amended from time to time, as applicable (each, an "LLC Agreement") of each of the Amending Entities, and that the LLC Agreement of each of the Amending Entities is hereby amended as follows:

(a)    The LLC Agreement of each of Freedom Receivables, AF Management, PSP Group, PSP Service Newco, WNW Franchising, WNW Stores, PSP Subco, VS Procurement, and VS Florida is hereby amended by adding the following provision at the end thereof:

"Events of Bankruptcy.  Notwithstanding any provision hereof to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member, including, without limitation, any of the events listed in Section 18-304 of the Delaware Limited Liability Company Act (6 Del. C. § 18-101 et seq.), as amended from time to time, cause any Member to cease to be a member of the Company.  In addition, notwithstanding any provision hereof to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member."

(b)    The LLC Agreement of each of PSP Service Newco, WNW Franchising, WNW Stores, and PSP Subco is hereby further amended by deleting the existing Section 12 in its entirety and inserting the following provision in lieu thereof:

"12. **Dissolution.**  The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written consent of the Member, (b) at any time there are no members of the Company, unless the Company is continued

18

without dissolution in accordance with the Act, or (c) the entry of a decree of judicial dissolution under Section 18-802 of the Act."

(c)    The LLC Agreement of PSP Stores is hereby amended by deleting the existing Section 8.2 in its entirety and inserting the following provision in lieu thereof:

"Section 8.2    Bankruptcy.  Notwithstanding any provision hereof to the contrary, under no circumstances shall any event of bankruptcy on the part of the Managing Member or any other Member, including, without limitation, any of the events listed in Section 1706.411(F) of the Ohio Revised Limited Liability Company Act (Ohio Rev. Code Ann. § 1706.01 et seq.), as amended from time to time, cause any Member to dissociate from or cease to be a member of the Company.  In addition, notwithstanding any provision hereof to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by the Managing Member or any other Member."

(d)    The LLC Agreement of Betancourt is hereby amended by adding the following provision at the end thereof:

"**Events of Bankruptcy.**  Notwithstanding any provision hereof to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member, including, without limitation, any of the events listed in Section 605.0602(8) of the Florida Revised Limited Liability Company Act (Fla. Stat. § 605.0101 et seq.), as amended from time to time, cause any Member to dissociate from or cease to be a member of the Company.  In addition, notwithstanding any provision hereof to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member."

and it is

## General

**FURTHER RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of the Companies such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement, or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other

documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with the Bankruptcy Cases or as such Authorized Persons may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Special Committee, Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and it is

**FURTHER RESOLVED**, that all acts done or actions taken prior to the date hereof by the respective Authorized Persons of each Company or any professionals engaged by such Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Cases, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of such Companies; and it is

**FURTHER RESOLVED**, that this consent shall be delivered to each of the Companies and shall be filed with the minutes of proceedings of the board of directors, managers, and members, as applicable, and with the books and records of each Company; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the original; and it is

**FURTHER RESOLVED**, that this consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by all of the Schedule I Directors, the Schedule II Directors, the Schedule III Member, the Schedule IV Members, the Schedule V Members, the Schedule VI Directors, the Schedule VII Managing Member, the Schedule VIII Manager, the Schedule IX Member, the Schedule X Members, the Schedule XI Members, and the Schedule XII Managing Members.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Omnibus Written Consent effective as of the date first written above.

### SCHEDULE I DIRECTORS:

Name: ANDREW M. LAURENCE

Name: BRYANT R. RILEY

Name: ANDREW KAMINSKY

Name: TIFFANY McMILLAN-McWATERS

Name: JOHN HARTMANN

Name: TODD ARDEN

Name: CHRISTOPHER P. MEYER

**SCHEDULE II DIRECTORS:**

Signed by:

*Andrew Laurence*

3DD49E9195E24D4...

Name: ANDREW M. LAURENCE

DocuSigned by:

51E1CD56AA4A45C...

Name: BRYANT R. RILEY

DocuSigned by:

*Andrew Kaminsky*

913FEB05E8CD4CC...

Name: ANDREW KAMINSKY

DocuSigned by:

*T.mcmillan-mcwaters*

5B0AF9D1F31D4D1...

Name: TIFFANY McMILLAN-McWATERS

Signed by:

*John Hartmann*

3E091414472442A...

Name: JOHN HARTMANN

Signed by:

8D7F04B67E1D4D5...

Name: TODD ARDEN

DocuSigned by:

*Chris Meyer*

EF80DEDFE57043F...

Name: CHRISTOPHER P. MEYER

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE III MEMBER:**

Signed by:

*Andrew Laurence*

3DD48E9185E24D4...

Name: ANDREW M LAURENCE

DocuSigned by:

51E1CD56AA4A45C...

Name: BRYANT R. RILEY

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

## SCHEDULE IV MEMBERS:

Signed by:

*Andrew Lawrence*

3DD40E9185E24D4...

Name: ANDREW M. LAURENCE

DocuSigned by:

51E1CD68AA4A46C...

Name: BRYANT R. RILEY

DocuSigned by:

*Andrew kaminsky*

913FEB05E8CD4CC...

Name: ANDREW KAMINSKY

DocuSigned by:

*T. mcmillan-mcwaters*

5B0AE901F31D4D1...

Name: TIFFANY McMILLAN-McWATERS

Signed by:

*John Hartmann*

3E8914144472442A...

Name: JOHN HARTMANN

Signed by:

8D7E04B87E1D4D5...

Name: TODD ARDEN

DocuSigned by:

*Chris Meyer*

EF80DEDFE67043F...

Name: CHRISTOPHER P. MEYER

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE V MEMBERS:**

Signed by:

*Andrew Lawrence*

Name: ANDREW M. LAURENCE

DocuSigned by:

*Andrew Kaminsky*

Name: ANDREW KAMINSKY

DocuSigned by:

*T. Mcmillan-McWaters*

Name: TIFFANY McMILLAN-McWATERS

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE VI DIRECTORS:**

Signed by:

*Andrew Laurence*

3BB40E9195E24D4...

Name: ANDREW M. LAURENCE, as Authorized
Individual

DocuSigned by:

*Andrew Kaminsky*

913EEB05E8CD4CC...

Name: ANDREW KAMINSKY, as Authorized
Individual

DocuSigned by:

*T. McMillan-McWaters*

5B0AF901F31D4D1...

Name: TIFFANY McMILLAN-McWATERS, as
Authorized Individual

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE VII MANAGING MEMBER:**

Signed by:

*Andrew Laurence*

3DD40E9195E24D4...

Name: ANDREW M. LAURENCE, as Authorized
Individual

DocuSigned by:

*Andrew Kaminsky*

913FEB05E8CD4CC...

Name: ANDREW KAMINSKY, as Authorized
Individual

DocuSigned by:

*T. McMillan-McWaters*

5B0AF901E31D4D1...

Name: TIFFANY McMILLAN-McWATERS, as
Authorized Individual

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE VIII MANAGER:**

Signed by:

Name: ANDREW M. LAURENCE

DocuSigned by:

Name: BRYANT R. RILEY

DocuSigned by:

Name: ANDREW KAMINSKY

DocuSigned by:

Name: TIFFANY McMILLAN-McWATERS

Signed by:

Name: JOHN HARTMANN

Signed by:

Name: TODD ARDEN

DocuSigned by:

Name: CHRISTOPHER P. MEYER

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE IX MEMBER:**

Signed by:

_Andrew Laurence_

3DD40E9485E24D4...

Name: ANDREW M. LAURENCE

DocuSigned by:

51E1CD56A44A45C...

Name: BRYANT R. RILEY

DocuSigned by:

_Andrew Kaminsky_

913FEB05E8CD4CC...

Name: ANDREW KAMINSKY

DocuSigned by:

_T.mcmillan-mcwaters_

5B0AE901E31D4D1...

Name: TIFFANY McMILLAN-McWATERS

Signed by:

_John Hartmann_

3E001414472442A...

Name: JOHN HARTMANN

Signed by:

8D7F04B07E1D4D5...

Name: TODD ARDEN

DocuSigned by:

_Chris Meyer_

EF80DEDFE57043F...

Name: CHRISTOPHER P. MEYER

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

## SCHEDULE X MEMBERS:

Signed by:

*Andrew Laurence*

9DD40E9195E24D4...

Name: ANDREW M. LAURENCE

DocuSigned by:

51E1CD56AA4A45C...

Name: BRYANT R. RILEY

DocuSigned by:

*Andrew kaminsky*

913EEB05E8CD4CC...

Name: ANDREW KAMINSKY

DocuSigned by:

*T. mcmillan-mcwaters*

5B9AF903F31D4D1...

Name: TIFFANY McMILLAN-McWATERS

Signed by:

*John Hartmann*

9E891414472442A...

Name: JOHN HARTMANN

Signed by:

8D7F04B67E1D4D5...

Name: TODD ARDEN

DocuSigned by:

*Chris Meyer*

EF80DEDFE5704SF...

Name: CHRISTOPHER P. MEYER

*[Signature Page to Freedom VCM Holdings, LLC Omnibus Written Consent - Chapter 11 Filing]*

**SCHEDULE XI MEMBERS:**

Signed by:

*Andrew Laurence*

—3BD40E9195E24D4...

Name: ANDREW M. LAURENCE, as Authorized
    Individual

DocuSigned by:

*Andrew kaminsky*

—913FEB05E8CD4CC...

Name: ANDREW KAMINSKY, as Authorized
    Individual

DocuSigned by:

*T.momillan-mcwaters*

—5B0AF901F31D4D1...

Name: TIFFANY McMILLAN-McWATERS, as
    Authorized Individual

**SCHEDULE XII MANAGING MEMBERS:**

Signed by:

*Andrew Lawrence*

3DD40E9195E24D4...

Name: ANDREW M. LAURENCE, as Authorized
       Individual

DocuSigned by:

*Andrew kaminsky*

913FEB05E8CD4CC...

Name: ANDREW KAMINSKY, as Authorized
       Individual

DocuSigned by:

*T. mcmillan-mcwaters*

5B8AF801F31D4D1...

Name: TIFFANY McMILLAN-McWATERS, as
       Authorized Individual

## Written Consent of the BR Member of
## Freedom VCM Holdings, LLC

The Undersigned, being the BR Member (as defined in the FVH LLC Agreement (defined below)) of FVH, hereby consents, pursuant to Article VI, Section 6.4 of the Second Amended and Restated Limited Liability Company Agreement of FVH, dated as of January 19, 2024 (the "FVH LLC Agreement"), to the voluntary declaration of bankruptcy by FVH and the Subsidiaries as set forth in the above Omnibus Written Consent.

**IN WITNESS WHEREOF,** the undersigned has executed and delivered this Written Consent effective as of the date first written above.

**BR MEMBER:**

**BRF INVESTMENTS, LLC**

*Bryant Riley*

By: ___Bryant Riley_____

Its: ~~Co-CEO~~

## **Schedule I**

Freedom VCM Holdings, LLC

## Schedule II

Freedom VCM Interco Holdings, Inc.
Freedom VCM Receivables, Inc.
Freedom VCM Interco, Inc.
Freedom VCM, Inc.
Franchise Group, Inc.
Educate, Inc.

## **Schedule III**

Freedom Receivables II, LLC

## **Schedule IV**

Franchise Group New Holdco, LLC
Franchise Group Acquisition TM, LLC
Franchise Group Intermediate Holdco, LLC
Franchise Group Intermediate SL, LLC
Franchise Group Newco SL, LLC
Franchise Group Intermediate L, LLC
Franchise Group Intermediate PSP, LLC
Franchise Group Newco PSP, LLC
PSP Midco, LLC
Pet Supplies "Plus", LLC (f/k/a PSP Parent, LLC)
Franchise Group Intermediate V, LLC
Franchise Group Newco V, LLC
Vitamin Shoppe Global, LLC
Vitamin Shoppe Mariner, LLC
Vitamin Shoppe Franchising, LLC
Vitamin Shoppe Procurement Services, LLC
Vitamin Shoppe Florida, LLC (f/k/a FDC Vitamins, LLC)
Franchise Group Intermediate B, LLC
Buddy's Newco, LLC
Franchise Group Intermediate BHF, LLC
Franchise Group Newco BHF, LLC

**Schedule V**

American Freight FFO, LLC
Franchise Group Newco Intermediate AF, LLC
Franchise Group Intermediate S, LLC
Franchise Group Newco S, LLC
American Freight Franchising, LLC (f/k/a American Freight Discount Outlet Franchising, LLC
and Buddy's Discount Outlet Franchising, LLC)
Home & Appliance Outlet, LLC (f/k/a Outlet Merchandise, LLC)
American Freight Outlet Stores, LLC (f/k/a Sears Outlet Stores, L.L.C.)
American Freight Franchisor, LLC
American Freight Group, LLC
American Freight Holdings, LLC
American Freight, LLC
American Freight Management Company, LLC

## **Schedule VI**

PSP Group, LLC (f/k/a PSP Holdco, LLC)

## **Schedule VII**

PSP Stores, LLC (f/k/a Royal Pet, LLC)

## **Schedule VIII**

Valor Acquisition, LLC

**<u>Schedule IX</u>**

Vitamin Shoppe Industries LLC (f/k/a Vitamin Shoppe MergerCo LLC)

## **Schedule X**

Betancourt Sports Nutrition, LLC
Buddy's Franchising and Licensing LLC

## **Schedule XI**

PSP Service Newco, LLC
WNW Franchising, LLC
WNW Stores, LLC
PSP Subco, LLC

## **Schedule XII**

PSP Franchising, LLC
PSP Distribution, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24 - _____ (\_\_\_) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP
## STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned cases (each, a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>") hereby state as follows:

1. A list of Freedom VCM Holdings, LLC's equity interest holders, along with the nature of their equity interests and their addresses, is attached hereto as <u>Exhibit A</u>.

2. Debtor Freedom VCM Holdings, LLC owns 100% of the equity interests in Debtor Freedom VCM Interco Holdings, Inc.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

3. Debtor Freedom VCM Interco Holdings, Inc. owns 100% of the equity interests in the following Debtors:

    a. Freedom Receivables II, LLC

    b. Freedom VCM Receivables, Inc.

    c. Freedom VCM Interco, Inc.

4. Debtor Freedom VCM Interco, Inc. owns 100% of the equity interests in Debtor Freedom VCM, Inc.

5. Debtor Freedom VCM, Inc. owns 100% of the equity interests in Debtor Franchise Group, Inc.

6. Debtor Franchise Group, Inc. owns 100% of the equity interests in the following Debtors:

    a. Franchise Group New Holdco, LLC

    b. Franchise Group Acquisition TM, LLC

7. Debtor Franchise Group New Holdco, LLC owns 100% of the equity interests in Debtor Franchise Group Intermediate Holdco, LLC.

8. Debtor Franchise Group Intermediate Holdco, LLC owns 100% of the equity interests in the following Debtors:

    a. Franchise Group Intermediate L, LLC

    b. Franchise Group Intermediate PSP, LLC

    c. Franchise Group Intermediate V, LLC

    d. Franchise Group Intermediate B, LLC

    e. Franchise Group Intermediate SL, LLC

    f. Franchise Group Intermediate BHF, LLC

9. Debtor Franchise Group Intermediate BHF, LLC owns 100% of the equity interests in Debtor Franchise Group Newco BHF, LLC.

10. Debtor Franchise Group Intermediate SL, LLC owns 100% of the equity interests in Debtor Franchise Group Newco SL, LLC.

11. Debtor Franchise Group Newco SL, LLC owns 100% of the equity interests in Debtor Educate, Inc.

12. Debtor Educate, Inc. owns 100% of the equity interests in Debtor Franchise Group Newco Intermediate AF, LLC.

13. Debtor Franchise Group Newco Intermediate AF, LLC owns 100% of the equity interests in the following Debtors:

    a.  American Freight FFO, LLC

    b.  American Freight Group, LLC

    c.  Franchise Group Intermediate S, LLC

14. Debtor American Freight Group, LLC owns 100% of the equity interests in Debtor American Freight Holdings, LLC.

15. Debtor American Freight Holdings, LLC owns 100% of the equity interests in Debtor American Freight, LLC.

16. Debtor American Freight, LLC owns 100% of the equity interests in Debtor American Freight Management Company, LLC.

17. Debtor Franchise Group Intermediate S, LLC owns 100% of the equity interests in Debtor Franchise Group Newco S, LLC.

18. Debtor Franchise Group Newco S, LLC owns 100% of the equity interests in the following Debtors:

    a.  American Freight Franchising, LLC

    b.  Home & Appliance Outlet, LLC

    c.  American Freight Outlet Stores, LLC

19. Debtor American Freight Outlet Stores, LLC owns 100% of the equity interests in Debtor American Freight Franchisor, LLC.

20. Debtor Franchise Group Intermediate B, LLC owns 100% of the equity interests in Debtor Buddy's Newco, LLC.

21. Debtor Buddy's Newco, LLC owns 100% of the equity interests in Debtor Buddy's Franchising and Licensing LLC.

22. Debtor Franchise Group Intermediate V, LLC owns 100% of the equity interests in Debtor Franchise Group Newco V, LLC.

23. Debtor Franchise Group Newco V, LLC owns 100% of the equity interests in Debtor Valor Acquisition, LLC.

24. Debtor Valor Acquisition, LLC owns 100% of the equity interests in Debtor Vitamin Shoppe Industries LLC.

25. Debtor Vitamin Shoppe Industries LLC owns 100% of the equity interests in the following Debtors:

    a.  Vitamin Shoppe Global, LLC

    b.  Vitamin Shoppe Mariner, LLC

    c.  Vitamin Shoppe Procurement Services, LLC

    d.  Vitamin Shoppe Franchising, LLC

    e.  Vitamin Shoppe Florida, LLC

    f.  Betancourt Sports Nutrition, LLC

26. Debtor Franchise Group Intermediate PSP, LLC owns 100% of the equity interests in Debtor Franchise Group Newco PSP, LLC.

27. Debtor Franchise Group Newco PSP, LLC owns 100% of the equity interests in Debtor PSP Midco, LLC.

28. Debtor PSP Midco, LLC owns 100% of the equity interests in Debtor Pet Supplies "Plus", LLC.

29. Debtor Pet Supplies "Plus", LLC owns 100% of the equity interests in Debtor PSP Group, LLC.

30. Debtor PSP Group, LLC owns 100% of the equity interests in the following Debtors:

    a.  PSP Service Newco, LLC

    b.  WNW Franchising, LLC

    c.  PSP Subco, LLC

    d.  WNW Stores, LLC

31. Debtor PSP Group, LLC owns 99% of the equity interests in Debtor PSP Stores, LLC.

32. Debtor PSP Stores, LLC owns 99% of the equity interests in the following Debtors:

    a.  PSP Franchising, LLC

    b.  PSP Distribution, LLC

## **EXHIBIT A**

**List of Holders of Equity in Freedom VCM Holdings, LLC**

**List of Holders of Equity in Freedom VCM Holdings, LLC**

| Class A Units | | |
|---|---|---|
| **Holder** | **Units** | **Percentage Ownership** |
| B. Riley Private Shares 2023-2 QP, LLC<br><br>11100 Santa Monica Blvd, Suite 800<br>Los Angeles, CA 90025 | 243,179.37 | 26.896% |
| Brian Kahn and Lauren Kahn Joint Tenants by Entirety<br><br>ADDRESS ON FILE | 227,296.29 | 25.139% |
| BRF Investments, LLC<br><br>11100 Santa Monica Blvd, Suite 800, Los Angeles, CA 90025 | 216,500.00 | 23.945% |
| Vintage Opportunity Partners, L.P.<br><br>9935 Lake Louise Drive<br>Windermere, Florida 34786 | 65,625.00 | 7.258% |
| B. Riley Securities, Inc.<br><br>11100 Santa Monica Blvd, Suite 800<br>Los Angeles, CA 90025 | 64,644.21 | 7.150% |
| B&W Pension Trust<br><br>1200 E. Market St., Suite 650<br>Akron, OH 44305 | 20,000.00 | 2.212% |
| Irradiant FRG Equity Investors, L.P.<br><br>2025 Guadalupe St., Suite 260<br>Austin, TX 78705 | 17,250.00 | 1.908% |
| Andrew M. Laurence<br><br>ADDRESS ON FILE | 17,204.43 | 1.903% |
| Continental Insurance Group Ltd.<br><br>11001 Lakeline Blvd., Suite 120<br>Austin, TX 78717 | 15,000.00 | 1.659% |
| B. Riley Private Shares 2023-2 QC, LLC<br><br>11100 Santa Monica Blvd, Suite 800<br>Los Angeles, CA 90025 | 7,963.4 | <1% |
| Andrew F. Kaminsky<br><br>ADDRESS ON FILE | 4,744.80 | <1% |
| Eric F. Seeton<br><br>ADDRESS ON FILE | 2,086.26 | <1% |
| Kenneth Todd Evans<br><br>ADDRESS ON FILE | 1,279.47 | <1% |
| Tiffany McMillan-McWaters<br><br>ADDRESS ON FILE | 638.02 | <1% |

| Class A Units | | |
|---|---|---|
| **Holder** | **Units** | **Percentage Ownership** |
| Scott Harvey<br><br>ADDRESS ON FILE | 400.00 | <1% |
| Jason Mattes<br><br>ADDRESS ON FILE | 300.41 | <1% |
| Thomas Will<br><br>ADDRESS ON FILE | 32.34 | <1% |

**Fill in this information to identify the case:**

Debtor name __**Franchise Group, Inc.,** *et al.*__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __**11/3/2024**__    X **/s/ David Orlofsky**
_____
Signature of individual signing on behalf of debtor

**David Orlofsky**
_____
Printed name

**Chief Restructuring Officer**
_____
Position or relationship to debtor