## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of interim and final orders, substantially in the forms attached hereto as Exhibit A (the "Interim Order") and Exhibit B (the "Final Order," and together with the Interim Order, the "Proposed Orders"), establishing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

notice and hearing procedures that must be satisfied before certain transfers of equity interests in the Debtors (the "Equity Interests"), or of any beneficial interest therein, or declarations of worthlessness with respect to the equity interests in Freedom VCM Interco Holdings, Inc. (the "Freedom VCM Holdings Stock"), or of any beneficial interest therein, are deemed effective. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 362(a)(3), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(the "Bankruptcy Code"), and Rules 3001, 6003 and 6004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary

petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The

Debtors are authorized to operate their business and manage their properties as debtors and debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No official committee has been appointed in these Chapter 11 Cases, and no request

has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day

Declaration.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of the Proposed Orders establishing notice

and hearing procedures for certain transfers of Equity Interests or declarations of worthlessness

for U.S. federal or state tax purposes with respect to Freedom VCM Holdings Stock or of any

beneficial interest therein that must be complied with before such transfers with respect to Equity

Interests or such declarations with respect to Freedom VCM Holdings Stock are deemed effective.

The procedures for transfers of Equity Interests, or claiming a Worthless Securities deduction with

respect to Freedom VCM Holdings Stock are necessary to protect the potential value of the

Debtors' U.S. federal and state tax attributes, including, but not limited to, significant U.S. federal

net operating loss carryforwards (the "NOLs" and, collectively with any capital losses, unrealized

built-in losses, certain tax credits, disallowed interest deduction carryforwards and other tax

attributes, the "Tax Attributes").

8.      If no restrictions on transferring or claiming worthless securities deductions are imposed by the Court, such activity could severely limit or even eliminate the Debtors' ability to use their Tax Attributes, which could lead to significant negative consequences for the Debtors, their estates, creditors, stakeholders, and other parties in interest.  To preserve, to the fullest extent possible, the flexibility to maximize the use of the Tax Attributes, the Debtors seek immediate procedural relief that will enable them to closely monitor certain transfers of Equity Interests or certain declarations of worthlessness for U.S. federal or state tax purposes with respect to Freedom VCM Holdings Stock so as to be in a position to act expeditiously, if necessary, to preserve their Tax Attributes.  In addition, the procedures requested herein impact a very limited universe of individuals.

## THE DEBTORS' TAX ATTRIBUTES

9.      A substantial portion of the Debtors' Tax Attributes, including NOLs, are booked at Debtor Franchise Group, Inc. ("FRG Inc.").  FRG Inc. is wholly owned by Debtor Freedom VCM, Inc., whose parent is Debtor Freedom VCM Interco Holdings, Inc., which is wholly owned by Debtor Freedom VCM Holdings, LLC.  The membership interests in Freedom VCM Holdings, LLC are held by individual holders or other third parties.  Transfers of Equity Interests could trigger an ownership change of FRG Inc., for U.S. federal income tax purposes, thereby potentially impacting the ability of the Debtors to utilize their Tax Attributes.  The Debtors file this Motion to ensure that the Debtors have notice of, and can object to, any potential transfers of Equity Interests or declarations of worthlessness related to Freedom VCM Holdings Stock that could potentially impact the Debtors' ability to preserve and utilize the Tax Attributes.

10.      The Debtors have generated a significant amount of Tax Attributes for U.S. federal income tax purposes.  As of January 1, 2024, the Debtors believe they have over $200 million of NOLs (a substantial portion of which are not subject to the limitations set forth in the IRC (defined

below)), as well as other valuable Tax Attributes, such as state net operating losses and certain tax credits. The Debtors' Tax Attributes are a valuable asset because the Debtors generally can carry forward their Tax Attributes to reduce or eliminate their income tax liability, thereby potentially freeing up funds to meet working capital requirements and service debt. In particular, the Tax Attributes may be available to the Debtors to offset taxable income generated by ordinary course activity and other transactions completed during the course of these Chapter 11 Cases. Additionally, the Debtors can carry forward the NOLs and credits to reduce their future tax liability, thereby potentially recovering cash for the benefit of their estates. See 26 U.S.C. §§ 39, 172. Accordingly, while the value of the Debtors' Tax Attributes is contingent upon the amount of the Debtors' taxable income that may be offset by the Tax Attributes before they expire, the Debtors' NOLs and other Tax Attributes could translate into significant future tax savings for the Debtors.

## POTENTIAL LIMITATIONS ON THE USE
## OF THE DEBTORS' TAX ATTRIBUTES

11.     As a general matter, if a corporation undergoes an "ownership change," section 382 of title 26 of the United States Code ("Section 382"), the Internal Revenue Code of 1986, as amended (the "IRC"), could severely limit or eliminate such corporation's ability to use its NOLs and certain other tax attributes to offset future taxable income. Under Section 382, an ownership change occurs when the percentage, by value, of a company's equity held by one or more persons holding five percent (5%) or more of the securities (in certain cases, taking into account Options to acquire such securities, as defined below) (the "5% Holders") has increased by more than fifty percentage (50%) points over the lowest percentage of equity owned by such holders at any time during the preceding three-year period or since the last ownership change, as applicable

(the "Testing Period").[3]   If there has been a prior ownership change, the Testing Period for determining whether another ownership change has occurred begins on the first day following the date of the prior ownership change.   Section 383 of the IRC ("Section 383") imposes a similar limitation on certain tax credits of a corporation.   For clarity, this discussion refers only to Section 382, but the rules, principles, and policies discussed therein are generally applicable to the Section 383 limitation on a corporation's use of credits after an ownership change and are incorporated by reference into Section 383 by the IRC and the Treasury Regulations promulgated thereunder.   *See* IRC § 383(e); 26 C.F.R. § 1.383-1(g).

12.    An "ownership change" can also occur as a result of a "worthless securities deduction" claimed by any "50-percent shareholder."   A 50-percent shareholder is any person that held Beneficial Ownership (as defined herein) of fifty percent (50%) or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the worthless securities deduction is claimed.   IRC § 382(g)(4)(D).   If the 50-percent shareholder still owns the corporation's stock at the end of the year, Section 382 essentially treats the person as newly purchasing the stock on the first day of the next taxable year.   The deemed purchase causes an "ownership change" for the purpose of Section 382, because the 50-percent shareholder would be deemed to have a fifty (50) percentage point increase in its stock ownership.

---

[3]    For example, assume (i) an individual ("A") owns 50.1% of the stock of corporation XYZ ("XYZ") and (ii) A sells her 50.1% interest in XYZ to another individual ("B"), who currently owns 5% of XYZ's stock.   Under Section 382, an ownership change has occurred upon B's acquisition of A's 50.1% interest in XYZ because the percentage of XYZ stock held by B has increased more than fifty (50) percentage points (from 5% to 55.1%) during the Testing Period. The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a "5-percent shareholder" and increases the percentage of XYZ stock B holds by more than fifty (50) percentage points during the Testing Period. To be clear, a "5-percent shareholder" increasing its holding by 50 percent (i.e., from 5% to 7.5%) as opposed to 50 percentage points would not, in and of itself, result in an "ownership change" under Section 382.  Any subsequent ownership change with respect to XYZ would be determined based only on equity transfers that occur subsequent to the ownership change resulting from the transaction between A and B described immediately above.

13.     The general purpose of Section 382 is to prevent a company with taxable income from reducing its tax obligations by acquiring control of another corporation with NOLs, unrealized built-in losses ("Built-in Losses") or certain other tax attributes.  To achieve this objective, Section 382 limits the amount of taxable income that can be offset by a pre-change loss to an amount equal to the product of the long-term tax-exempt rate (as published monthly by the U.S. Department of the Treasury) as of the ownership change date and the value of the equity of the loss corporation immediately before the ownership change (a "Section 382 Limitation").[4] Built-in Losses recognized during the five-year period after the ownership change may be subject to similar limitations.

**PROPOSED PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS**

14.     By establishing procedures for continuously monitoring transfers of Equity Interests and declarations of worthlessness of Freedom VCM Holdings Stock, the Debtors can preserve their ability to seek substantive relief at the appropriate time, particularly if it appears that additional transfers or declarations of worthlessness may jeopardize the Debtors' use of their Tax Attributes.  Accordingly, the Debtors request that the Court enter the Proposed Orders establishing the below procedures:[5]

---

[4]     For ownership changes occurring in November 2024, the applicable long-term tax-exempt rate will be 3.31% percent. If a corporation has a "net unrealized built-in gain" in its assets as of the time of the ownership change, the Section 382 Limitation may be increased in certain circumstances. If a corporation has a "net unrealized built-in loss" in its assets as of the time of the ownership change, any recognized built-in losses during the five-year period beginning on the date of the ownership change will be subject to the Section 382 Limitation.

[5]     With respect to the procedures set forth herein, the Debtors request that the Court permit the Debtors to waive, in consultation with the Consenting First Lien Lenders, any and all restrictions, stays, and notification procedures contained in this Motion or in any order entered with respect hereto should the Debtors conclude in their sole discretion that any such restriction, stay or notification procedure is not necessary to protect their Tax Attributes; *provided*, *however*, the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days.

### *Procedures for Transferring Equity Interests*

a.  Any purchase, sale, or other direct or indirect transfer of Equity Interests (including Options to acquire such interests), whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 17) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

b.  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial Holder (as defined in paragraph 15 below) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties (as defined herein), a notice of such status, in the form of Exhibit A-1 attached to the Interim Order or Exhibit B-1 attached to the Final Order, as applicable, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 17 below) and (ii) ten (10) calendar days after becoming a Substantial Holder.

c.  At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such interests, as defined in paragraph 15 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit A-2 attached to the Interim Order or Exhibit B-2 attached to the Final Order, as applicable, of the intended Transfer of Beneficial Ownership (including Options to acquire such interests).

d.  At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such interests) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit A-3 attached to the Interim Order or Exhibit B-3 attached to the Final Order, as applicable, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "Notice of Proposed Transfer").

e.  The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may

adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (e) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

### *Procedures for Declarations of Worthlessness of Freedom VCM Holdings Stock*

a.   Any person or Entity that is currently or that becomes a 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties, a notice of status (the "Notice of Status") as a 50-Percent Holder, in the form of Exhibit A-5 attached to the Interim Order or Exhibit B-5 attached to the Final Order, as applicable, on or before the later of (i) twenty (20) calendar days after the Notice of Interim Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

b.   At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, substantially in the form of Exhibit A-6 attached to the Interim Order or Exhibit B-6 attached to the Final Order, as applicable.

c.   The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with the Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.   If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

e.   If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction.

Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

15.    For purposes of the procedures set forth above:

a.    A "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.    A "50-Percent Holder" is any person or Entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.    "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).

d.    An "Option" to acquire a security includes all interests described in Treasury Regulations Section 1.328-4(d)(9), including any contingent purchase, warrant, convertible debt, put, security subject to risk of forfeiture, contract to acquire security, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

16.    To ensure parties in interest receive appropriate notice of these procedures, the Debtors request that the Court approve the following notice provisions for the procedures for transferring Equity Interests and declarations of worthlessness with respect to Freedom VCM Holdings Stock.

17.    As soon as reasonably practicable following entry of the Interim Order granting this Motion, the Debtors propose to send, or cause to be sent, a notice in substantially the form

attached to the Interim Order as <u>Exhibit A-4</u> (the "<u>Notice of Interim Order</u>") to (i) the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the and the DIP Lenders; (x) the Internal Revenue Service; (xi) counsel to any statutory committee appointed in these Chapter 11 Cases; and (xii) each holder of Equity Interests, including Freedom VCM Holdings Stock (collectively, the "<u>Notice Parties</u>").

18.     Any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding Equity Interests (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of the Interim Order and Final Order, as applicable, or their contents to such purchaser (or any broker or agent acting on their behalf), to the extent reasonably feasible.  The Notice of the Interim Order will provide information as to the procedures to be followed in transferring the Equity Interests and include notice of a final hearing and opportunity to object before entry of the Final Order.

19.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; <u>provided</u> that any such declarations served on the Debtors shall not be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; <u>provided</u> that the Debtors may disclose the contents thereof to their professional

advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. If confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

20.     The Debtors, in consultation with the Consenting First Lien Lenders, seek authorization to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in the Interim Order; provided, however, that the Debtors will provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

## BASIS FOR RELIEF REQUESTED

### I.     The Significance of the Debtors' Tax Attributes and the Provisions of Section 382

21.     As a result of past and current operations, the Debtors have accrued significant NOLs available to offset taxable income. These NOLs, along with any Built-in Losses and other favorable Tax Attributes the Debtors currently hold, may increase during the course of these Chapter 11 Cases and could translate into significant future U.S. federal income tax savings for the Debtors. As discussed above, Section 172(b) of the IRC permits corporations to carry forward NOLs to offset future taxable income, thereby significantly improving such corporations' cash position in the future. Absent the relief requested herein, however, transfers of Equity Interests or declarations of worthlessness with respect to Freedom VCM Holdings Stock during the pendency of these Chapter 11 Cases could severely limit the Debtors' ability to utilize their Tax Attributes, to the potential detriment of their creditors.

22.     As described above, Section 382 limits the amount of taxable income that can be offset by a corporation's NOLs and Built-in Losses in taxable years (or portions thereof) following an ownership change. If an ownership change were to occur during the course of these Chapter

11 Cases, Section 382 would limit the amount of taxable income that the Debtors could offset by their pre-change losses in taxable years (or portions thereof) to an annual amount equal to the value of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate.  See 26 U.S.C. § 382(b).  Pre-change losses would include (i) NOLs and (ii) Built-in Losses (as defined in IRC § 382(h)(3)).  This formulaic limitation under Section 382 can severely restrict a company's ability to use pre-change losses because the value of the equity of a distressed company may be quite low.

23.     If holders of Equity Interests transfer their interests, or if holders of Freedom VCM Interco Holdings Stock make claims of worthlessness, such transfers or claims of worthlessness may trigger an ownership change that would not fall within the ambit of special relief provisions applicable to an ownership change resulting from a confirmed chapter 11 plan because such an ownership change would not occur pursuant to a confirmed bankruptcy plan, and therefore would not be eligible for special bankruptcy relief provisions of Section 382(l)(5) or Section 382(l)(6), as discussed in further detail below.  An ownership change occurring during the pendency of these Chapter 11 Cases is of particular concern because it could likely result in a Section 382 Limitation of zero or nominal amount.  Subsequent to such an ownership change, the Debtors' ability to use their NOLs both during and after the pendency of these Chapter 11 Cases could be limited.

24.     The Debtors seek the ability to monitor and object to transfers of Equity Interests and declarations of worthlessness related to the Freedom VCM Holdings Stock so that they may prevent an ownership change during the pendency of these Chapter 11 Cases, preserving their ability to utilize their NOLs to offset taxable income and any potential prepetition tax claims that may be asserted.  In short, the Debtors seek to maximize their ability to reduce U.S. federal income

taxes by offsetting their income earned during these Chapter 11 Cases and after confirmation of a chapter 11 plan with their current Tax Attributes.

## II.     Special Section 382 Bankruptcy Rules

25.     To qualify for the bankruptcy relief provisions set forth in sections 382(l)(5) and (l)(6) of the IRC, an ownership change must occur pursuant to the consummation of a plan of reorganization.  Under section 382(l)(5), a Section 382 Limitation will not apply to an ownership change resulting from consummation of a chapter 11 plan, provided that under the plan, the debtor's pre-change shareholders (i.e., persons or entities who owned the debtor's stock immediately before such ownership change) or certain qualified creditors emerge from the reorganization owning at least 50% of the total value and voting power of the debtor's stock immediately after the ownership change as a result of being Holders or qualified creditors immediately before such change.  Section 382(l)(6) provides that if a corporation undergoes an ownership change pursuant to a plan of reorganization in chapter 11 and section 382(l)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then under section 382(l)(6), the value of the equity of the corporation for purposes of calculating the Section 382 Limitation shall reflect the increase (if any) in value of the old loss corporation resulting from any surrender or cancellation of creditors' claims in the transaction. Thus, assuming the value of the Debtors' equity increases as a result of a reorganization, section 382(l)(6) will provide for a higher annual limitation than would result under the general rules of Section 382 and could allow the Debtors to use a greater portion of their Tax Attributes to offset any post-change income.  Accordingly, it is in the best interests of the Debtors and their estates to obtain the requested relief so as to prevent an ownership change prior to consummation of a chapter 11 plan in these Chapter 11 Cases.

**III.    Tax Attributes Are Property of the Debtors' Estates and Are Entitled to Court Protection**

26.    Courts have uniformly held that a debtor's NOLs constitute property of the estate under section 541 of the Bankruptcy Code and, as such, courts have the authority to implement certain protective measures to preserve the NOLs.  The seminal case articulating this rule is In re Prudential Lines, Inc., in which the United States Bankruptcy Court for the Southern District of New York held that a "debtor's potential ability to utilize NOLs is property of an estate."  In re Prudential Lines, Inc., 107 B.R. 832, 838 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991); see also In re Delta Air Lines, Inc., No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding net operating losses are property of debtors' estate); In re Forman Enters., Inc., 273 B.R. 408, 415 (Bankr. W.D. Pa. 2002) (same); In re White Metal Rolling & Stamping Corp., 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("it is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them").  Because the Debtors' NOLs are property of their estates, the Court has the authority under section 362 of the Bankruptcy Code to enforce the automatic stay by restricting the transfer of equity securities in the Debtors that could jeopardize the existence or value of this asset.  See In re Phar-Mor, Inc., 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) (holding that section 362 of the Bankruptcy Code prohibited the sale of stock in the debtors as an exercise of control of the debtors' NOLs, which were property of the debtors' estates); In re Grossman's, Inc., No. 97-695 (PJW), 1997 WL 33446314, at *1 (Bankr. D. Del. Oct. 9, 1997) (holding that net operating losses were property of debtors' estates and protected by automatic stay).

27.    The Debtors' Tax Attributes are potentially valuable assets of their estates that will inure to the benefit of their stakeholders.  Unrestricted transfers of Equity Interests or declarations

of worthlessness with respect to Freedom VCM Holdings Stock with no advance warning of such transfers or declarations of worthlessness jeopardizes these assets and could impair the value of the Debtors' estates.  The Debtors respectfully submit that the Proposed Orders will play an important role in the Debtors' success both during the pendency of, and upon emergence from, their Chapter 11 Cases, and there is an immediate need to establish the notice and hearing provisions regarding transfers of Equity Interests and declarations of worthlessness with respect to Freedom VCM Holdings Stock.

**IV.     The Requested Relief Is Narrowly Tailored**

28.     The requested relief does not bar all transfers of Equity Interests.  At this early juncture, the Debtors seek to establish procedures enabling them only to monitor those types of transfers of Equity Interests that pose a serious risk under the Section 382 ownership change test to preserve their ability to seek substantive relief if it appears that a proposed trade of Equity Interests will jeopardize the use of their Tax Attributes.  The procedures requested by the Debtors in this Motion would permit most transfers in Equity Interests to continue subject only to Bankruptcy Rules 3001(e) and 3002 and applicable securities, corporate, and other laws.

29.     The foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the affected parties with notice and an opportunity to object and attend a hearing.  See, e.g., In re Colorado Mountain Cellars, Inc., 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).  Furthermore, the proposed notice procedures protect the due process rights of the parties in interest without unnecessarily exposing the Debtors' estates to unwanted administrative expenses.

**V.     The Requested Relief Is Necessary to Avoid Irreparable Harm to the Debtors**

30.     Once a Tax Attribute is limited under Section 382, its use may be limited forever. The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of

the Tax Attributes and the irreparable harm which could be caused by unrestricted transfers of Equity Interests or declarations of worthlessness with respect to Freedom VCM Holdings Stock and the Debtors' resulting inability to offset taxable income freely with their Tax Attributes.

## SATISFACTION OF BANKRUPTCY RULE 6003

31.     Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without the Court's authorization to establish procedures for the purchase, sale, or other transfer of the Equity Interests. If the relief is not granted, the Debtors' ability to use their Tax Attributes may be eliminated or severely limited, which could have negative consequences for the Debtors, their estates, creditors, stakeholders, and other parties in interest.

32.     For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and that the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF REQUIREMENTS OF BANKRUPTCY RULE 6004

33.     To successfully implement the relief the Debtors request in this Motion, the Debtors also request that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).  As discussed above, the relief requested herein must be granted without delay in order for the Debtors to continue operating their business and for preservation of the estates.  Therefore, the Debtors respectfully request that the notice and stay requirements imposed by Bankruptcy Rules 6004(a) and 6004(h) be waived.

## **NOTICE**

34.     Notice of this Motion has been or will be provided to:  (i) the U.S. Trustee; (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Lenders; (ix) counsel to the DIP Agent; (x) the Internal Revenue Service; and (xi) each holder of Equity Interests, including Freedom VCM Holdings Stock.  The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.  No previous motion for the relief sought herein has been made to the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders,

granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 3, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (*pro hac vice* pending)
Matthew A. Feldman (*pro hac vice* pending)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. ___** |

### INTERIM ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession

in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders

under sections 105, 362, and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing

notice and hearing procedures that must be satisfied before certain transfers of Equity Interests, or

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of any beneficial interest therein, or declarations of worthlessness with respect to Freedom VCM

Holdings Stock, or of any beneficial interest therein, are deemed effective; and upon consideration

of the Motion and all pleadings related thereto, including the First Day Declaration; and due and

proper notice of the Motion having been given; and having determined that no other or further

notice of the Motion is required; and having determined that this Court has jurisdiction to consider

the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated as of February

29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and having determined that venue of this proceeding and the Motion is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be conducted on

**_____, 2024 at _____ (ET)** (the "Final Hearing").  Any party-in-interest objecting

to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection,

which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr &

Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq.

(dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE

19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq.

(mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases;

(iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal

Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox,

Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Daniel Fliman, Esq. (danfliman@paulhastings.com), and Nicholas Bassett, Esq. (nicholasbassett@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the Holdco Lenders at the address set forth in (vii) above, in each case no later than _____, 2024 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3.      Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

4.      The following procedures shall apply to transfers of Equity Interests:

a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "<u>Entity</u>") who currently is or becomes a Substantial Holder (as defined in paragraph 6 below) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of <u>Exhibit A-1</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 8 below) and (ii) ten (10) calendar days after becoming a Substantial Holder.

b.      At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such interests, as defined in paragraph 6 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or entity that may become a Substantial Holder) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-2</u> attached hereto, of the intended transfer of Beneficial Ownership.

c.      At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such interests) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-3</u> attached hereto, of the intended transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

d.      The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4

5.      The following procedures shall apply to declarations of worthlessness with respect

to Freedom VCM Holdings Stock:

      a.      Any person or entity that is currently or that becomes a 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of Exhibit A-5 attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Interim Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

      b.      At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, in the form of Exhibit A-6 attached hereto.

      c.      The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with this Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

      d.      If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of this Court, unless the Debtors withdraw such objection.

      e.      If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

6.      For purposes of the procedures set forth above:

      a.      A "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024,

approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.    A "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.    "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.    An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

7.    The Debtors, in consultation with the Consenting First Lien Lenders, may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Interim Order; provided, however, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

8.    As soon as reasonably practicable following entry of this Interim Order, the Debtors shall serve, or cause to be served, the Notice of Interim Order setting forth the procedures authorized herein substantially in the form annexed hereto as Exhibit A-4 ("Notice of Interim Order") on: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL

Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) counsel to any statutory committee appointed in these Chapter 11 Cases; and (xii) each holder of Equity Interests, including Freedom VCM Holdings Stock (collectively, the "Notice Parties").

9.      Any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding units of Equity Interests (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of this Interim Order or its contents to such purchaser (or any broker or agent acting on their behalf) to the extent reasonably feasible.

10.      Any person or entity (or broker or agent acting on such person or entity's behalf) who sells an aggregate amount equal to at least 4.5% of all issued and outstanding units of Equity Interests (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Interim Order to such purchaser (or to any broker or agent acting on such purchaser's behalf).

11.      The requirements set forth in this Interim Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

12.      To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; provided that any such declarations served on the Debtors shall not be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection

filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; provided that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1(d).

13.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

14.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

15.     The requirements of Bankruptcy Rule 6004(a) are waived.

16.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **EXHIBIT A-1**

**Notice of Status as Substantial Holder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL HOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial

Holder with respect to Equity Interests (as defined herein and in the *Interim Order Establishing*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]  For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulation Section

*Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Interim Order")).  Freedom VCM Holdings, LLC is a debtor and debtor in possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of [_____], 2024, the undersigned party has Beneficial Ownership of [_____] units of Equity Interests.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Equity Interests:

| Number Of Units/Entity | Date Acquired |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [____].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

Respectfully Submitted,

_____
(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
    _____
    _____
Telephone: _____
Date: _____

**<u>EXHIBIT A-2</u>**

**Notice of Intent to Acquire Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate one or more units of Equity Interests (as

defined herein and in the *Interim Order Establishing Notice and Hearing Procedures for Transfers*

*of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Interests in Freedom VCM Interco Holdings, Inc.* (the "<u>Interim Order</u>")[2] or an Option with respect thereto (the "<u>Proposed Transfer</u>").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and served copies thereof on Debtors' counsel and the other Notice Parties set forth in the Interim Order.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [___] units of Equity Interests or an Option with respect thereto.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [___] units of Equity Interests, including any Options, after such transfer becomes effective.

      **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_____].

      **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and,

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Order.

[3]    For purposes of this notice, (A) a "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("<u>Equity Interests</u>") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

*[Remainder of Page Intentionally Left Blank]*

Respectfully Submitted,

_____

(Name of Holder)

By:      _____
Name:    _____
Title:   _____
Address: _____
         _____
         _____
Telephone: _____
Date:    _____

## **EXHIBIT A-3**

**Notice of Intent to Transfer Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE TRANSFER AN EQUITY INTEREST

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer one or more units of Equity Interests (as defined herein

and in the *Interim Order Establishing Notice and Hearing Procedures for Transfers of Equity*

*Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Freedom VCM Interco Holdings, Inc.* (the "Interim Order")[2] or an Option with respect thereto (the "Proposed Transfer").

 **PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel and the other Notice Parties set forth in the Interim Order.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer [_] units of Equity Interests.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [__] units of Equity Interests after the transfer.

 **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_____].

 **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Order.

[3] For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

PLEASE TAKE FURTHER NOTICE that the Debtors have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling or otherwise transferring units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

*[Remainder of Page Intentionally Left Blank]*

Respectfully Submitted,

_____

(Name of Holder)

By:        _____

Name:    _____

Title:      _____

Address:  _____

            _____

            _____

Telephone: _____

Date:      _____

## EXHIBIT A-4

**Notice of Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTERIM ORDER ESTABLISHING NOTICE
## AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS
## IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT
## TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS IN THE ABOVE-CAPTIONED CASES:**

**PLEASE TAKE NOTICE** that, on November 3, 2024 (the "Petition Date"), the debtors

and debtors in possession in the above-captioned cases (collectively, the "Debtors") each

commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion seeking entry of Proposed Orders establishing notice and hearing procedures for, among other things, transfer of equity interests in the Debtors (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on [____], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Interim Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* [Docket No. ____] (the "Interim Order") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes, including their NOLs.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following procedures shall apply to transfers of equity interests in the Debtors (the "Equity Interests"), or of any beneficial interest therein, or declarations of worthlessness with respect to the equity interests in Freedom VCM Interco Holdings, Inc. (the "Freedom VCM Holdings Stock"):

1.      Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer"), in violation of the procedures set forth herein (including the notice requirements set forth in section 2(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

2.      The following procedures shall apply to transfers of Equity Interests:

   a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Holder (as defined in paragraph 4 below) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of <u>Exhibit A-1</u> attached to the Interim Order, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order and (ii) ten (10) calendar days after becoming a Substantial Holder.

b.  At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such securities, as defined in paragraph 4 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-2</u> attached to the Interim Order, of the intended Transfer of Beneficial Ownership.

c.  At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such securities) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-3</u> attached to the Interim Order, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

d.  The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Holder (or person or entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

3.  The following procedures shall apply to declarations of worthlessness related to Freedom VCM Holdings Stock:

a.  Any person or Entity that is currently or that becomes a 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of <u>Exhibit A-5</u> attached to the Interim Order, on or before the later of (i) twenty (20) calendar days after the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

b.  At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, substantially in the form of <u>Exhibit A-6</u> attached to the Interim Order.

c.  The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with the Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.  If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

e.  If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4.  For purposes of the procedures set forth above:

a.  A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of the June 6,

4

2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.  A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.  "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, security subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com)), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, (Attn: Edmon L. Morton (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com)) will provide a form of each of the required notices described above upon reasonable request.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Interim Order may be obtained free of charge from the Debtors' case information website located at https://cases.ra.kroll.com/FRG.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO*.**

**PLEASE TAKE FURTHER NOTICE** that the deadline by which parties must file and serve objections, if any, to the Motion is ____, 2024 at 4:00 p.m. (Prevailing Eastern Time). Objections shall be served upon: (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com); (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); and (c) the Notice Parties set forth in the Interim Order.  If no objections to the Motion are filed, the Court may enter the Final Order without further notice or hearing.  **The Final Hearing, if required, will be held on ___, 2024 at _:00 _.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: [], 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*                            
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 3526)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **EXHIBIT A-5**

**Notice of Status as a 50-Percent Holder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% HOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent

Holder with respect to Freedom VCM Holdings Stock (as defined herein and in the *Interim Order*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]  For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (B) "Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury

*Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Interim Order")).  Freedom VCM Holdings, LLC is a debtor and debtor-in-possession in Case No. 24-_____ (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

 **PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial Ownership of [____] units of Freedom VCM Holdings Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Freedom VCM Holdings Stock:

| Number Of Units/Entity | Date Acquired |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

 **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [____].

 **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

Respectfully Submitted,

_____

(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Date: _____

## **EXHIBIT A-6**

**Declaration of Intent to Claim a Worthless Securities Deduction**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITIES DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a Worthless Securities Deduction (the "Proposed Worthlessness Claim") with

respect to Freedom VCM Holdings Stock (as defined herein and in the *Interim Order Establishing*

*Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations*

*of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.*

(the "Interim Order"). Freedom VCM Interco Holdings, Inc. is a debtor and debtor in possession

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of

Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party

previously filed a Notice of Status as a 50-Percent Holder[2] with the Court and served copies thereof

as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Worthlessness

Claim, the undersigned party proposes to declare that it owns [_____] units of Freedom VCM

Holdings Stock became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this

Declaration is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice

Parties set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the

undersigned party acknowledges that the Debtors have seven (7) calendar days after receipt of this

Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file

---

[2]    For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date
has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined
in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (B)
"Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable
rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue
Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct,
indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity
interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting
in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire
Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury
Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury
Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock
subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or
otherwise not currently exercisable.

an objection, such Proposed Worthlessness Claim will not be effective unless the Debtors withdraw such objection or the Court approves such action by a final and non-appealable order.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party each will require an additional declaration filed with the Court to be served in the same manner as this Declaration and are subject to an additional seven-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

Respectfully Submitted,

_____
(Name of Holder)

By:      _____
Name:    _____
Title:   _____
Address: _____
         _____
         _____
Telephone: _____
Date:    _____

3

**<u>EXHIBIT B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

### FINAL ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession

in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders

under sections 105, 362, and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing

notice and hearing procedures that must be satisfied before certain transfers of Equity Interests, or

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

any beneficial interest therein, or declarations of worthlessness with respect to Freedom VCM Holdings Stock, or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and this Court having previously entered an interim order granting the relief requested in the Motion [Docket No. ___] (the "Interim Order"); and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

3.      The following procedures shall apply to transfers of Equity Interests:

   a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial Holder (as defined in paragraph 5 below) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of Exhibit B-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined in paragraph 7 below) and (ii) ten (10) calendar days after becoming a Substantial Holder.

   b.      At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including

Options to acquire such interests, as defined in paragraph 5 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-2</u> attached hereto, of the intended Transfer of Beneficial Ownership.

c.      At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such securities) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-3</u> attached hereto, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

d.      The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4.      The following procedures shall apply to declarations of worthlessness with respect to Freedom VCM Holdings Stock:

a.      Any person or Entity that is currently or that becomes a 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of <u>Exhibit B-5</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Final Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

3

b.     At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, in the form of <u>Exhibit B-6</u> attached hereto.

c.     The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with this Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.     If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of this Court, unless the Debtors withdraw such objection.

e.     If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

5.     For purposes of the procedures set forth above:

a.     A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.     A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.     "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a

4

holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of securities, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d. An "Option" to acquire securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, securities subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6. The Debtors, in consultation with the Consenting First Lien Lenders, may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Final Order; provided, however, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

7. As soon as reasonably practicable following entry of this Final Order granting the Motion, the Debtors shall serve, or cause to be served, the notice of Final Order setting forth the procedures authorized herein substantially in the form annexed hereto as Exhibit B-4 ("Notice of Final Order"): (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) counsel to any statutory committee appointed in these Chapter 11 Cases; and (xii) each holder of Equity Interests, including Freedom VCM Holdings Stock (collectively, the "Notice Parties").

8. Any person or entity (or broker or agent acting on such person or entity's behalf) who sells an aggregate amount equal to at least 4.5% of all issued and outstanding Equity Interests

(or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Final Order to such purchaser (or to any broker or agent acting on such purchaser's behalf).

9.     The requirements set forth in this Final Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; provided that any such declarations served on the Debtors shall not be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; provided that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1(d).

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

12.     The requirements of Bankruptcy Rule 6004(a) are waived.

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>EXHIBIT B-1</u>**

**Notice of Status as Substantial Holder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL HOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial

Holder with respect to Equity Interests (as defined herein and in the *Final Order Establishing*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in

*Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order").[3]   Freedom VCM Holdings, LLC is a debtor and debtor-in-possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of [____], 2024, the undersigned party has Beneficial Ownership of [____] units of Equity Interests.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Equity Interests:

| Number Of Units/ Entity | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[3]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

Respectfully Submitted,

_____

(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
_____

Telephone: _____

Date: _____

**<u>EXHIBIT B-2</u>**

**Notice of Intent to Acquire Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate one or more units of Equity Interests (as

defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers*

*of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order")[2] or an Option with respect thereto (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [_] units of Equity Interests. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [_] units of Equity Interests after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and,

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final Order.

[3]    For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

*[Remainder of Page Intentionally Left Blank]*

Respectfully Submitted,

_____
(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Date: _____

**EXHIBIT B-3**

**Notice of Intent to Transfer Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER A EQUITY INTEREST

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer one or more units of Equity Interests (as defined herein

and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity

Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in*

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Freedom VCM Interco Holdings, Inc.* (the "Final Order")[2] or an Option with respect thereto (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer [_] units of Equity Interests. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [__] units of Equity Interests after the transfer.

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final Order.

[3]    For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling or otherwise transferring units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Holder)

By:      _____

Name:    _____

Title:   _____

Address: _____

         _____

         _____

Telephone: _____

Date:    _____

3

# **EXHIBIT B-4**

## **Notice of Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FINAL ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY <u>INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC</u>.

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS IN THE ABOVE-CAPTIONED CASES:**

 **PLEASE TAKE NOTICE** that, on November 3, 2024 (the "<u>Petition Date</u>"), the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") each commenced a case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for transfers of equity interests in the Debtors (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on [   ], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* [Docket No.    ] (the "Final Order") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes, including their NOLs.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the following procedures shall apply to transfers of equity interests in the Debtors (the "Equity Interests"), or of any beneficial interest therein, or declarations of worthlessness with respect to the equity interests in Freedom VCM Interco Holdings, Inc. (the "Freedom VCM Holdings Stock"):

1.      Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein (including the notice requirements set forth in section 2(a) below) shall be null and void ab initio as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

2.      The following procedures shall apply to transfers of Equity Interests:

      a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Holder (as defined in paragraph 4 below) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of <u>Exhibit B-1</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order and (ii) ten (10) calendar days after becoming a Substantial Holder.

b.    At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such securities, as defined in paragraph 4 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-2</u> attached hereto, of the intended Transfer of Beneficial Ownership.

c.    At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such interests) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-3</u> attached hereto, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

d.    The Debtors and the Notice Parties shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors or Notice Parties do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

3.    The following procedures shall apply to declarations of worthlessness with respect to Freedom VCM Holdings Stock:

a.    Any person or Entity that is currently or that becomes a 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the

3

Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of <u>Exhibit B-4</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Final Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

b.    At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, substantially in the form of <u>Exhibit B-5</u> attached hereto.

c.    The Debtors and Notice Parties shall have ten (10) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with the Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.    If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

e.    If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4.    For purposes of the procedures set forth above:

a.    A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.    A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance

with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.  "<u>Beneficial Ownership</u>" of Equity Interests or Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests or Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com) will provide a form of each of the required notices described above upon reasonable request.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Final Order may be obtained free of charge from the Debtors' case information website located at https://cases.ra.kroll.com/FRG.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

 **PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

*[Remainder of Page Intentionally Left Blank]*

Dated: [●], 2024
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 3526)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **EXHIBIT B-5**

**Notice of Status as a 50-Percent Holder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% HOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent

Holder with respect to Freedom VCM Holdings Stock (as defined herein and in the *Final Order*

---

[1]	The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]	For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section $382(g)(4)(D)$ of the IRC and the applicable Treasury Regulations thereunder); and (B) "Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury

*Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order").   Freedom VCM Interco Holdings, Inc. is a debtor and debtor-in-possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial Ownership of [____] units of Freedom VCM Holdings Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Freedom VCM Holdings Stock:

| Number Of Units/Entity | Date Acquired |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

Respectfully Submitted,

_____

(Name of Holder)

By:     _____

Name:  _____

Title:    _____

Address: _____

             _____

             _____

Telephone: _____

Date:    _____

# **EXHIBIT B-6**

**Declaration of Intent to Claim a Worthless Securities Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITIES DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a Worthless Securities Deduction (the "Proposed Worthlessness Claim") with respect to Freedom VCM Holdings Stock (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order")). Freedom VCM Interco Holdings, Inc. is a debtor and debtor in possession in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a 50-Percent Holder[2] with the Court and served copies thereof as set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that it owns [_____] units of Freedom VCM Holdings Stock became worthless during the tax year ending [_____].

      **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Motion.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that the Debtors have seven (7) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection,

---

[2]    For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (B) "Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

such Proposed Worthlessness Claim will not be effective unless the Debtors withdraw such objection or the Court approves such action by a final and non-appealable order.  If the Debtors do not object within such seven-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party each will require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 30-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Notice are true, correct, and complete.

Respectfully Submitted,

_____

(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Date: _____