## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) AUTHORIZING ELECTRONIC NOTICING PROCEDURES FOR CUSTOMERS, AND (III) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing the Debtors to redact certain personally identifiable information from their consolidated list of creditors (the "Creditor Matrix"), the list of equity holders attached to the Debtors' chapter 11 petitions (the "Equity

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Holders List"), the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), and other documents filed in these Chapter 11 Cases (as defined below), (ii) authorizing the Debtors to provide individual Customers (as defined below) with electronic notice, and (iii) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Orlofsky in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

---

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rules 1001-1, 1007-2, 2002-1, and 9013-1(m).

## BACKGROUND

### I.    General

4.    On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary

petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The

Debtors are authorized to operate their business and manage their properties as debtors and debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    No official committee has been appointed in these Chapter 11 Cases, and no request

has been made for the appointment of a trustee or an examiner.

6.    Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day

Declaration.

## RELIEF REQUESTED

7.    By this Motion, the Debtors seek entry of the Proposed Order, (i) authorizing the

Debtors to redact certain personally identifiable information from their Creditor Matrix, Equity

Holders List, Schedules and Statements, and other documents filed in these Chapter 11 Cases,

(ii) authorizing the Debtors to provide individual Customers with electronic notice, and

(iii) granting related relief.

## BASIS FOR RELIEF

### I.    Redaction of Certain Personally Identifiable Information of Individuals Is Warranted

8.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to

redact from any paper filed with the Court in these Chapter 11 Cases—including, but not limited

to, the Creditor Matrix, the Equity Holders List, and the Schedules and Statements—the home and

email addresses of individuals, including the Debtors' employees, former employees, customers,

and equity holders (the "<u>Personal Identification Information</u>"), because such information could be

used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking

who have otherwise taken steps to conceal their whereabouts.[3]

9.      Section 107(c)(1) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court
> finds that disclosure of such information would create undue risk of
> identity theft or other unlawful injury to the individual or the
> individual's property:

(A)     Any means of identification . . . contained in a paper filed, or to be
filed, in a case under [the Bankruptcy Code].

(B)     Other information contained in a paper described in
subparagraph (A).

11 U.S.C. § 107(c)(1).

10.     If a debtor can show that disclosure of any "means of identification," or some "other

information," creates "undue risk of identity theft" or "other unlawful injury," courts may

intervene to curtail disclosure of that information.  <u>Id.</u>  Although the public has a common law

"right of access to judicial proceedings and records,"  <u>In re Cendant Corp.</u>, 260 F.3d 183, 192 (3d

Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect

individuals from an undue risk of identity theft or other unlawful injury by limiting the public's

access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of

---

[3]   The risk is not merely speculative.  In at least one chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.  The incident, which took place during the first <u>Charming Charlie</u> chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in <u>In re Charming Charlie Holdings, Inc.</u>, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [D.I. 4].

sensitive information.  See 11 U.S.C. § 107(c); see also In re Cendant Corp., 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

11.     Here, the Debtors submit that the personal mailing and email addresses of their individual creditors, customers, and equity holders fit squarely within section 1028(d)(7)(A) of title 18 of the United States Code and that disclosure of such information would create an undue risk of identity theft contemplated by section 107(c) and would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtors' creditors.

12.     In addition to granting the requested relief, courts in this District have also expounded on the importance of authorizing debtors to redact personally identifiable information, including home addresses in particular.  In Art Van Furniture, in overruling the objection of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to similar redaction relief proposed here, the court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, In re Art Van Furniture, LLC, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020) [Docket No. 82].  The court concluded that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."  Id. at 25:13–16. Similarly, in In re Clover Techs. Grp., the court overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims

> agent's website . . . . The court can completely avoid contributing to
> the risk by redacting the addresses.  And while there is, of course,
> an important right of access we routinely redact sensitive and
> confidential information for corporate entities and redact
> individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, In re Clover Techs. Grp., LLC, No. 19-12680 (KBO) (Bankr. D.

Del. Jan. 22, 2020) [Docket No. 146] (authorizing the debtors to redact personal identification

information, including home address information, of all individuals on documents filed with the

court).

13.     Likewise, in Forever 21, in overruling the U.S. Trustee's objection, the Court found

that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury

to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–

25, In re Forever 21, Inc., No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605];

see also In re Enjoy Technology Inc., Case No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022)

(authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and

statements, and any related affidavits of service containing the home addresses of the debtors'

current employees).

14.     The Debtors propose to provide to the Court, the U.S. Trustee, and counsel to any

official committee appointed in these Chapter 11 Cases, on a confidential basis, an unredacted

version of any documents that are filed in a redacted form pursuant to the Proposed Order.

15.     For these reasons, the Debtors respectfully submit that cause exists to authorize the

Debtors to redact from the Creditor Matrix, the Equity Holders List, the Schedules and Statements,

and any other document filed with the Court, as applicable, in these Chapter 11 Cases, the Personal

Identification Information because such information could be used to perpetrate identity theft or

stalking.  With potentially thousands of individual creditors, the Debtors cannot reasonably know

with sufficient certainty whether a release of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

## II.    Special Electronic Noticing Procedures for Customers

16.    Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002 proscribes the form and timing of notices to be sent to parties in interest in chapter 11 cases.  Fed. R. Bankr. P. 2002(a).

17.    As set forth in the First Day Declaration, the Debtors are a privately-held operator and acquirer of franchised and franchisable businesses and such businesses, including nationally known enterprises such as The Vitamin Shoppe, Pet Supplies Plus, American Freight, and Buddy's Home Furnishings.  The Debtors sell their products directly to their customers through online platforms and in approximately 2,200 stores, including company-operated and warehouse-style stores, as applicable.  As of the Petition Date, the Debtors estimate that there are no less than approximately 15,000 current and former customers (the "Customers") who may require service of various pleadings or other documents in these Chapter 11 Cases.[4]

18.    By this Motion, the Debtors seek authority to provide electronic service of any and all notices, documents, and pleadings filed in these Chapter 11 Cases that are required to be served on the Customers (the "Customer Pleadings") by email, which will reduce the cost and administrative burdens associated with providing such Customers with traditional means of service, reduce delay in providing notice, and provide the Debtors' estates with significant cost savings.

---

[4]    A more detailed description of the Debtors' customer programs is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief*, filed concurrently herewith.

19.     If the Debtors were to provide actual notice by mail of pleadings and hearings to all such customers, the costs could be astronomical.  Furthermore, in the ordinary course of their business, the Debtors communicate with their Customers primarily through email.  Providing the Customers with traditional forms of notice will be unduly burdensome and cost prohibitive.

20.     Accordingly, given the excessive costs of mailing notices to all current and former Customers, and because the Debtors communicate with their Customers by email in the ordinary course of business, the Debtors believe that the Customers will expect to receive notice from the Debtors electronically and that such measures will provide an efficient and effective means of service.  The Debtors, together with their proposed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"), have established the case website located at https://cases.ra.kroll.com/FRG (the "Case Website"), where, among other things, electronic copies of all pleadings, including the Customer Pleadings, filed in these Chapter 11 Cases shall be posted as soon as practicable, and may be viewed free of charge.

## NOTICE

21.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to DIP Agent; (ix) counsel to the DIP Lenders; and (x) the Internal Revenue Service. The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 3, 2024
    Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                    */s/ Shella Borovinskaya*
                    Edmon L. Morton (Del. No. 3856)
                    Matthew B. Lunn (Del. No. 4119)
                    Allison S. Mielke (Del. No. 5934)
                    Shella Borovinskaya (Del. No. 6758)
                    Rodney Square
                    1000 North King Street
                    Wilmington, Delaware 19801
                    Telephone: (302) 571-6600
                    Facsimile: (302) 571-1253
                    emorton@ycst.com
                    mlunn@ycst.com
                    amielke@ycst.com
                    sborovinskaya@ycst.com

                    -and-

                    **WILLKIE FARR & GALLAGHER LLP**
                    Debra M. Sinclair (*pro hac vice* pending)
                    Matthew A. Feldman (*pro hac vice* pending)
                    Betsy L. Feldman (Del. No. 6410)
                    Joseph R. Brandt (*pro hac vice* pending)
                    787 Seventh Avenue
                    New York, New York 10019
                    Telephone:  (212) 728-8000
                    Facsimile:  (212) 728-8111
                    dsinclair@willkie.com
                    mfeldman@willkie.com
                    bfeldman@willkie.com
                    jbrandt@willkie.com

                    *Proposed Co-Counsel to the Debtors
                    and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

## ORDER (I) AUTHORIZING DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) AUTHORIZING ELECTRONIC NOTICING PROCEDURES FOR CUSTOMERS, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") for the entry of an order (this "Order")

(i) authorizing the Debtors to redact certain personally identifiable information from their Creditor

Matrix, Equity Holders List, Schedules and Statements, and any other document filed with the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]   Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

Court, (ii) authorizing electronic noticing procedures for Customers, and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein, including the First Day Declaration; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are hereby authorized to redact the Personal Identification Information of individuals listed on the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other documents filed with the Court in these Chapter 11 Cases.  The Debtors shall provide, on a confidential basis, an unredacted version of the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other filings redacted pursuant to this Order upon request to the Court, the U.S. Trustee, and counsel to any official committee appointed in these Chapter 11 Cases.  The unredacted versions of the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other filings redacted pursuant to this Order shall not be made available to any other party without the consent of the Debtors or further order of this Court.

3.      Unless requested by any individual Customer, the Debtors shall not be required to serve hard copies of the Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; provided that the Debtors shall instead provide notices and service of the Customer Pleadings to the Customers via email using the email address maintained by the Debtors in their books and records.

4.      When serving any notice in these Chapter 11 Cases on any individual person, including, the Debtors' employees, the Debtors' claims agent, and, where applicable, the Clerk of the Court, the Debtors shall use such person's residential address.  Nothing in this Order shall waive or otherwise limit the service of any document upon, or the provision of any notice to, any individual person solely because such individual's residential address and/or email address is redacted pursuant to this Order.  Service of all documents and notices upon individual persons whose residential address and/or email address is redacted pursuant to this Order shall be made to their residential addresses and confirmed in the corresponding certificate of service.

5.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.