# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISIE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS, (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for the entry of interim and final orders, substantially in the forms attached hereto as Exhibit A (the "Interim Order") and Exhibit B (the "Final Order," and, together with the Interim Order, the "Proposed Orders"), (i) authorizing,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

but not directing, the Debtors, in their discretion, to pay certain prepetition taxes and fees and related obligations that are payable to certain local, state, and federal taxing and regulatory authorities, (ii) authorizing the Debtors' banks and other financial institutions (collectively, the "Banks") to honor and process check and electronic transfer requests related to the foregoing, and (iii) granting related relief.   In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.   In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and legal predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

---

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

(the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request that the Court enter the Proposed Orders (i) authorizing, but not directing, the Debtors, in their discretion, to pay prepetition Taxes and Fees owed to the Taxing Authorities, subject to the $15,070,000.00 cap provided for in the Interim Order and the $21,543,000.00 cap provided for in the Final Order; (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto; and (iii) granting related relief.

## THE TAXES AND FEES

8.      In the ordinary course of business, the Debtors collect, incur, and pay a variety of taxes, including, without limitation, (i) sales and use taxes, (ii) income and franchise taxes,

(iii) regulatory taxes, and (iv) personal property and real estate taxes (collectively, the "Taxes").[3] The Debtors also incur various fees owed to the Taxing Authorities (defined below) in connection with the operation of their business, including with respect to customs duties and their franchising operations, among others (collectively, the "Fees," and, together with the Taxes, the "Taxes and Fees"). The Debtors remit the Taxes and Fees to local, state, and federal authorities on a periodic basis in accordance with applicable law (collectively, the "Taxing Authorities").[4]

9. The Debtors estimate that, as of the Petition Date, the aggregate amount of prepetition Taxes and Fees currently owed to the Taxing Authorities does not exceed approximately $21,543,000.00, of which $15,070,000.00 will become due within the first twenty-one (21) days of these Chapter 11 Cases. The Taxes and Fees are comprised of current tax obligations and are not in respect of "catch-up" payments.

10. The Debtors seek authority, but not direction, to pay prepetition Taxes and Fees owed to the Taxing Authorities in the ordinary course; provided, however, that: (i) during the interim period and pending entry of the Final Order, payments on account of Taxes and Fees that accrued, in whole or in part, prior to the Petition Date, shall not exceed $15,070,000.00 in the aggregate; and (ii) following entry of the Final Order, payments on account of Taxes and Fees that

---

[3] By the Motion, the Debtors do not seek the authority to collect and remit state and federal employee-related withholding taxes. Such relief is requested in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and (B) Maintain Employee Benefits Programs and Compensation Obligations and (II) Granting Related Relief*, filed contemporaneously herewith.

[4] From time to time, the Debtors' Taxes and Fees, including those that arise from the Debtors' franchising business operations, may be subject to an audit performed by the relevant taxing authority for prior tax or fee periods (each, an "Audit") and the relevant authority may determine that additional amounts may be due as a result of such Audit. Through this Motion, the Debtors seek authority, but not direction, to allow any prepetition Audits to continue, and, to the extent any prepetition fees are owed in connection therewith, which the Debtors believe would be *de minimis*, to pay any prepetition fees with respect thereto, that arise during these Chapter 11 Cases.

accrued, in whole or in part, prior to the Petition Date, shall not exceed $21,543,000.00 in the aggregate.

11.     The Debtors also request that: (i) the Banks through which checks to third parties are drawn and/or electronic payments are made pursuant to this Motion be authorized to receive, process, honor, and pay any and all such checks (whether issued or presented prior to or after the Petition Date) and electronic payments, and to rely on the representations of the Debtors as to which checks are authorized to be paid; and (ii) the Court schedule a hearing to consider entry of the Final Order.

## I.     Sales and Use Taxes

12.     The Debtors incur, collect, and remit sales and use Taxes (collectively, the "Sales and Use Taxes") to state and local Taxing Authorities in all states in which the Debtors operate. The Debtors pay these Taxes in connection with the sale and purchase of materials, supplies, goods, and services that are necessary for the operation of their businesses.  Sales taxes are generally charged when a material, product, or service is purchased, and are typically set by the applicable Taxing Authority as a percentage of the retail price of the product.  The Debtors also purchase a variety of goods, materials, and supplies from vendors that may not operate, or may not be registered or required to collect Taxes, in the jurisdiction where the goods or services are to be delivered or performed.  As a result, such vendors do not charge the Debtors any sales Taxes in connection with such purchases; instead, the Debtors pay use Taxes to the applicable Taxing Authorities in connection with such purchases.  Some Sales and Use Taxes are paid in advance while some are paid in arrears.

13.     As of the Petition Date, the Debtors estimate that they have incurred or collected approximately $15,750,000.00 in Sales and Use Taxes that have not been remitted to the relevant

Taxing Authorities, $14,820,000.00 of which will become payable during the first twenty-one (21) days following the Petition Date.

## II.     Income and Franchise Taxes

14.     The Debtors are statutorily required to pay federal and state income taxes and franchise taxes in the states in which they conduct business, as applicable (together, the "Income and Franchise Taxes").  Similarly, the Debtors historically paid business and occupation Taxes in the ordinary course of business (the "B&O Taxes").  As of the Petition Date, the Debtors estimate that they have incurred approximately $3,320,000.00 in Income and Franchise Taxes and B&O Taxes that have not been remitted to the relevant Taxing Authorities, $20,000.00 of which will become due within the first twenty-one (21) days following the Petition Date.

## III.     Regulatory Taxes and Fees

15.     The Debtors incur, in the ordinary course of business, certain regulatory assessments, registration, licensing, customs duties, and other operational fees, including those related to the Debtors' franchising business operations, required to conduct business and remain in good standing with relevant governmental and Taxing Authorities (collectively, the "Regulatory Taxes and Fees").

16.     The methods for calculating the Regulatory Taxes and Fees, and the deadlines for paying such amount, vary by type of Tax and Fee and/or by jurisdiction.  The Debtors estimate that they have incurred approximately $23,000.00 in Regulatory Taxes and Fees that have not been remitted to the relevant Taxing Authorities, $20,000.00 of which will become due within the first twenty-one (21) days following the Petition Date.

## IV.     Personal Property and Real Estate Taxes

17.     The Debtors are subject to personal property and real estate taxes (the "Personal

Property and Real Estate Taxes") for all tangible personal property owned across their facilities. The failure to pay Personal Property and Real Estate Taxes may give rise to liens on the Debtors' properties in favor of the relevant Taxing Authorities and could also result in additional fees and penalties being assessed on the Debtors.  As of the Petition Date, the Debtors estimate that they have incurred approximately $2,450,000.00 in Personal Property and Real Estate Taxes that have not been remitted to the relevant Taxing Authorities, $210,000.00 of which will become due within the first twenty-one (21) days following the Petition Date.

## BASIS FOR RELIEF REQUESTED

**I.    Payment of the Taxes and Fees Is Necessary and Appropriate.**

18.    The Debtors' payment of Taxes and Fees in the ordinary course of business is justified because, among other things, (i) certain Taxes and Fees may constitute secured or priority claims; (ii) certain of the amounts held by the Debtors for Taxes and Fees are not property of the Debtors' estates pursuant to section 541(d) of the Bankruptcy Code; (iii) such relief is warranted under the doctrine of necessity; and (iv) the Debtors' directors and officers may be held personally liable for the nonpayment of the Taxes or Fees or certain Taxing Authorities could take adverse action for such nonpayment, which would distract the Debtors from their efforts to reorganize.

**A.    Certain of the Taxes and Fees May Constitute Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.**

19.    It is likely that some of the Taxes and Fees are entitled to priority status under the Bankruptcy Code.  See 11 U.S.C. § 507(a)(8).  If the Taxes are deemed to be entitled to priority status, section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid through regular installment payments (i) of a total value, as of the effective date of the plan, equal to the allowed amount of each such claim; (ii) over a period not exceeding five (5) years after the Petition Date; and (iii) in a manner no less favorable than the most favored nonpriority claim provided for by a

debtor's chapter 11 plan, if any.  See 11 U.S.C. § 1129(a)(9)(C).  In other words, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied.  Moreover, since the Debtors expect to pay priority claims in full, the Debtors' payment of the Taxes and Fees at this juncture would only affect the timing of such payments, not the amounts ultimately received by the Taxing Authorities, while also reducing the amount of Taxes and Fees owed if later paid under a plan (due to the high interest rates and late fees attributable to delinquent payments).  Therefore, other creditors and parties in interest would not be prejudiced if the relief sought herein were granted by the Court at this time.

**B.  Certain of the Taxes and Fees May Not Be Property of the Estates.**

20.    Further, the Taxing Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes under section 541(d) of the Bankruptcy Code that the Debtors are required to collect from third parties and hold in trust for the benefit of the Taxing Authorities. Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).

21.    To the extent that the Debtors collect Taxes and Fees on behalf of the Taxing Authorities—or "trust fund" taxes—such Taxes and Fees may not constitute property of the Debtors' bankruptcy estates.  See Begier v. Internal Revenue Serv., 496 U.S. 53, 57-60 (1990); City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 97 (3d Cir. 1994) (debtor's prepetition collection of income taxes were held subject to trust and were not property of the estates); In re Net Pay Sols., Inc., 822 F.3d 144 (3d Cir. 2016) (same).  Further, to the extent that the Taxes and Fees are "trust

fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtors would have no equitable interest in such funds. See 11 U.S.C. § 541(d); In re Am. Int'l Airways, Inc., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987). Accordingly, the Debtors submit that the Court should authorize them to pay any of the Taxes and Fees that constitute trust fund taxes, and, further, that payment of such Taxes and Fees would not prejudice the rights of any of the Debtors' creditors or other parties in interest.

### C. Payment of the Taxes and Fees Is Warranted Under the Business Judgment Standard and Doctrine of Necessity.

22.    The Court may authorize the Debtors to pay any prepetition amounts related to Taxes and Fees pursuant to section 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims where a sound business purpose exists for doing so, such as to preserve or enhance the value of a debtor's estate for the benefit of all creditors. See Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks.").

23.    When applying the "business judgment" rule, courts show great deference to the debtor's decision making. See, e.g., In re Martin, 91 F.3d 389, 395 (3d Cir. 1996); In re Castre, Inc., 312 B.R. 426, 430-31 (Bankr. D. Colo. 2004); In re Murphy, 288 B.R. 1, 5 (D. Me. 2002); In re Bakalis, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998). The payment of the Taxes and Fees requested herein is not only critical to minimizing disruptions to the Debtors' operations, but also necessary to prevent the irreparable harm that would result from non-payment of such Taxes and Fees (including, but not limited to, being forced to cease business operations in certain jurisdictions

due to the failure to pay Taxes and Fees).  The Debtors believe there exists a sound business purpose to permit the Debtors to honor payment of the Taxes and Fees because payment of such Taxes and Fees is essential to the Debtors' business and doing so is in the best interests of their estates, creditors, and all parties in interest.

24.     In a long line of well-established cases, federal courts consistently have permitted postpetition payment of prepetition obligations that are essential to preserve the value of the debtor's estate for the benefit of all creditors.  See, e.g., Miltenberger v. Logansport, C. & S. W. Ry. Co., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim permitted to prevent "stoppage of [crucial] business relations"); In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "[i]f payment of a [pre-petition] claim…is essential to the continued operation of [the debtor], payment may be authorized"); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtor's continued operation).

25.     Likewise, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Known as the "doctrine of necessity," this principle permits bankruptcy courts to exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.  In turn, bankruptcy courts have invoked the equitable power of section 105 of the Bankruptcy Code to authorize the postpetition payment of prepetition claims where such payment is necessary to preserve the value of a debtor's estate.  See, e.g., In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989)) (acknowledging that that "[u]nder [section] 105,

the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor").

26.     The United States Court of Appeals for the Third Circuit recognizes the doctrine of necessity.  In Lehigh, the court explained that payments made under the doctrine of necessity are in the interest of all parties because such payments serve to facilitate the continued operation of the debtor.  See In re Lehigh & New England Ry. Co., 657 F.2d at 581 (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); see also In re Just for Feet, Inc., 242 B.R. 821, 825 (D. Del. 1999) (citing In re Penn Central Transp. Co., 467 F.2d 100, 102 n.1 (3d Cir. 1972)) (holding that the court is authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of prepetition claims of vendors found to be critical to the debtor's continued operation).  Here, the Debtors' failure to pay the Taxes and Fees could have a material adverse impact on their ability to operate in the ordinary course to the detriment of the value of the estates as well as all creditors, as the Taxing Authorities could, among other things, attempt to prevent or delay the Debtors' operations by revoking business licenses if the Taxes and Fees are not paid.

### D. Payment of the Taxes and Fees Will Avoid Unnecessary Distractions in These Chapter 11 Cases.

27.     Any regulatory dispute or delinquency that affects the Debtors' ability to conduct business could have a wide-ranging and adverse impact on the Debtors' operations as a whole. Specifically, the Debtors' failure to pay the Taxes and Fees could adversely affect their business operations because, among other things: (i) the Taxing Authorities could audit the Debtors or distract the Debtors from continuing their business, which would unnecessarily divert the Debtors' attention from the Debtors' restructuring efforts; (ii) the Taxing Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other

remedies that will harm the estates; and (iii) in many states, officers and directors of a debtor may be held personally liable even if a failure to pay such Taxes or Fees is not a result of their own malfeasance, which would undoubtedly distract those key officers and employees from their duties when their immediate and full-time attention should be directed towards the Debtors' chapter 11 process.  As a result, it is in the best interest of the Debtors' estates to remit payment of the Taxes and Fees in a timely manner, thereby eliminating the possibility of such time-consuming and potentially damaging distractions and loss of focus on the part of the Debtors' directors and officers resulting from the risk of personal liability or audits.

## II.   Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.

28.     The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business.  Additionally, under the Debtors' existing cash management system, the Debtors represent that checks or electronic payment requests can be readily identified as relating to an authorized payment with respect to the Taxes and Fees.  Accordingly, the Debtors believe that checks or electronic payment requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks or electronic payment requests in respect of the Taxes and Fees, whether issued or presented prior to or after the Petition Date, to the extent that there are sufficient funds in the applicable accounts to make such payments.

## SATISFACTION OF BANKRUPTCY RULE 6003

29.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid

immediate and irreparable harm.  See Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  See In re Ames Dep't Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

30.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without authorization for the relief requested herein.  Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

31.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their business without interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

32.     To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed to apply.

## RESERVATION OF RIGHTS

33.     Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair,

prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

34.     Nothing in the Proposed Orders or this Motion shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of any Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

35.     Nothing in the Proposed Orders or this Motion shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

## NOTICE

36.     Notice of this Motion has been or will be provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) the Banks; and (xii) the Taxing Authorities.  The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: November 3, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shella Borovinskaya
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (*pro hac vice* pending)
Matthew A. Feldman (*pro hac vice* pending)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

# EXHIBIT A

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. ____** |

## INTERIM ORDER (I) AUTHORIZING
## DEBTORS TO PAY CERTAIN PREPETITION TAXES
## AND FEES AND RELATED OBLIGATIONS, (II) AUTHORIZING THE
## BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
## REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders

(i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]   Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings ascribed to them in the Motion.

period prior to the Petition Date to the Taxing Authorities; (ii) authorizing the Banks to honor and

process check and electronic transfer requests related to the foregoing; and (iii) granting related relief;

and upon consideration of the Motion and all pleadings related thereto, including the First Day

Declaration; and due and proper notice of the Motion having been given; and having determined

that no other or further notice of the Motion is required; and having determined that this Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the

Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.          A final hearing on the relief sought in the Motion shall be conducted on

_____, 2024 at _____ **(ET)** (the "Final Hearing").  Any party-in-interest objecting

to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection,

which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr &

Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq.

(dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE

19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq.

(mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases;

(iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal

Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (Timothy.Fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above, in each case no later than _____, 2024 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3.    The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of business in an amount not to exceed $15,070,000.00 pending entry of the Final Order; provided, however, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this this Interim

Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

4.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5.      Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Taxing Authority; or (iv) shall be construed as a promise to pay a claim.

6.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

7.      The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

9.      Nothing in this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

10.     Nothing in this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

11.     Nothing in this Interim Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.     Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>EXHIBIT B</u>**

**Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

## FINAL ORDER (I) AUTHORIZING DEBTORS
## TO PAY CERTAIN PREPETITION TAXES AND FEES
## AND RELATED OBLIGATIONS, (II) AUTHORIZING THE BANKS
## TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
## REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders

(i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]  Capitalized terms used but not otherwise defined in this Final Order shall have the meanings ascribed to them in the Motion.

period prior to the Petition Date to the Taxing Authorities; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of business in an amount not to exceed $21,543,000.00; provided, however, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this Final Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

3.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are

available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

4.      Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Taxing Authority; or (iv) shall be construed as a promise to pay a claim.

5.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

6.      The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

7.      Nothing in this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

3

8.      Nothing in this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Final Order.

9.      Nothing in this Final Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10.     Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

11.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.