IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FRANCHISE GROUP, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-12480 (JTD) <br><br> (Joint Administration Requested) |

**OBJECTING LENDERS' NOTICE OF 30(b)(6) DEPOSITION TO
FRANCHISE GROUP INC. AND ITS DEBTOR SUBSIDIARIES
IN CONNECTION WITH FIRST DAY MOTIONS**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases of the debtors and debtors-in-possession (collectively, the "**Debtors**") by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in connection with the first-day motions filed by the Debtors in the above-captioned chapter 11 cases, certain of the (i) Lenders, as defined in that certain *Credit Agreement*, dated as of August 21, 2023 among

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Freedom VCM Interco, Inc., Freedom VCM, Inc. ("**HoldCo**"), and Alter Domus (US) LLC (as amended, restated, supplemented or otherwise modified from time to time) (the "**HoldCo Lenders**") and (ii) First Lien Claimholders, as defined in that certain *Amended and Restated First Lien/Second Lien Intercreditor Agreement*, dated as of November 22, 2021, among JPMorgan Chase Bank, N.A., Alter Domus (US) LLC, and Franchise Group, Inc. (as amended, restated, supplemented or otherwise modified from time to time) (the "**ICA**") (the "**OpCo 1L Lenders**"), and (iii) Second Lien Claimholders, as defined in the ICA (the "**OpCo 2L Lenders**," together with HoldCo Lenders and OpCo 1L Lenders, the "**Objecting Lenders**"), by and through their undersigned counsel, will take the deposition upon oral examination of Franchise Group Inc. and its Debtor subsidiaries (the "**Opco Debtors**") at the offices of White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, commencing on **November 4, 2024 at 4:00 p.m. (Eastern Time)**, or at such other time and place as counsel for the parties may mutually agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules, the person(s) designated by the Opco Debtors should be prepared to testify as to such matters known or reasonably available to the Opco Debtors concerning the topics set forth in the attached **<u>Schedule A</u>**.

PLEASE TAKE FURTHER NOTICE that the deposition will proceed before an officer authorized by law to administer oaths, will be recorded by audio, video, and/or stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The deposition is being taken for discovery, for use at any evidentiary hearing or trial, or for any purposes that are permitted by law or under the rules of this Court.

Dated: November 4, 2024          Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

WHITE & CASE LLP
Thomas E Lauria (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com

WHITE & CASE LLP
J. Christopher Shore (*pro hac vice* pending)
Samuel P. Hershey (*pro hac vice* pending)
Andrew Zatz (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
sam.hershey@whitecase.com
azatz@whitecase.com

*Counsel for Ad Hoc Group of Freedom Lenders*

# SCHEDULE A

# DEFINITIONS

1. For the purposes of these topics on which deposition testimony is sought (collectively, the "**Topics**," and each, a "**Topic**"), the following definitions shall apply. These definitions are to be construed in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Federal Rules of Civil Procedure (the "**Federal Rules**").

2. Defined terms shall have the meanings ascribed to them herein, whether or not capitalized.

3. "**All**," "**any**," and "**each**" shall each be construed as encompassing any and all.

4. "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic all responses that might otherwise be construed to be outside of its scope.

5. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

6. "**Board**" means any board of directors, managers, or comparable supervisory body, or any group or committee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors.

7. "**Chapter 11 Cases**" means the voluntary chapter 11 cases commenced on the Petition Date by the Debtors in the Bankruptcy Court.

8. "**Concerning**," "**in connection with**," "**referencing**," "**referring to**," "**regarding**," and "**relating to**," shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, made pursuant to, containing, analyzing, evaluating, studying, recording, showing, memorializing,

reporting on, commenting on, mentioning, reviewed in conjunction with, consulting with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

9. "**Debtors**" means any or all of the debtors and debtors-in possession in the above-captioned Chapter 11 Cases, as well as their advisors, agents, attorneys, accountants, consultants, officers, directors, employees, experts, investment bankers, representatives, and other persons acting, or who have acted, on behalf of the Debtors.

10. "**DIP Facility**" shall have the meaning set forth in the First Day Declaration.

11. "**DIP Motion**" shall have the meaning set forth in the First Day Declaration.

12. "**First Day Declaration**" means the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 15].

13. "**First Day Motions**" means the motions filed by the Debtors seeking first-day relief.

14. "**HoldCo**" means Freedom VCM, Inc.

15. "**Including**" means "including, without limitation," or "including, but not limited to."

16. "**Opco Debtors**" means Franchise Group Inc. and its Debtor subsidiaries.

17. "**Petition Date**" means November 3, 2024.

18. "**RSA**" refers to that certain *Restructuring Support Agreement*, dated as of November 1, 2024, attached as Exhibit B to the First Day Declaration.

19. "**You**" and "**Your**" means the Opco Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of the following Instructions:

1. Pursuant to Rule 30(b)(6) of the Federal Rules and Rule 7030 of the Bankruptcy Rules, You shall designate one or more officers, directors, managing agents, or other persons who

are knowledgeable and who consent to testify on Your behalf with respect to the following Topics. The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics. If no single witness is capable of testifying knowledgeably about all of the Topics listed, You may designate more than one witness.

2. Each of the Definitions and Instructions applies to each Topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular Topic, or that a particular Topic may incorporate supplemental instructions or definitions.

3. Each and every reference to a person, without any limitation (a) shall be deemed to include that person's agents, attorneys, and any other person who acted on that person's behalf; and (b) with respect to fictious persons, shall be deemed to include each and all of its affiliates, divisions, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted on its behalf.

4. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive, and the present tense shall include the past tense and the past tense shall include the present tense.

## **TOPICS OF EXAMINATION**

1. The filing of the Chapter 11 Cases, including the Debtors' consideration in connection with each Debtor regarding whether to seek chapter 11 protection.

2. The First Day Motions and the relief sought therein.

3. The statements contained in the First Day Declaration.

4. The statements contained in the DIP Motion and any supporting declaration.

5. The terms of the DIP Facility, the negotiation of the DIP Facility, the decision to make HoldCo an unsecured guarantor of the DIP Facility, and any diligence related thereto.

6. Any alternatives to the DIP Facility solicited by, considered by, or proposed to the Debtors.

7. Any proceeds or other benefits of the DIP Facility that are purported to be provided to HoldCo.

8. The terms of the RSA, the negotiation of the RSA, and any diligence related thereto.

9. Any alternatives to the RSA solicited by, considered by, or proposed to the Debtors.

10. For each Debtor, the composition of the Board, as well as any committees and subcommittees of the Board in the four years prior to the Petition Date.

11. For each Debtor, the decision to retain or not retain any advisors to the Board, its committees, and/or individual Board members; and, for those retained, the scope of each advisors' work and/or advice provided.

12. Any investigation of claims that are contemplated to be released in connection with the DIP Facility.

13. Any investigation of claims that are contemplated to be released in connection with the proposed plan terms set forth in the RSA.

14. Whether and how the Debtors have received, used or otherwise benefited from the proceeds of any loan to HoldCo.