## EXHIBIT A

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ~~___~~8 |

## ORDER (I) AUTHORIZING DEBTORS
## TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
## ~~INFORMATION, (II) AUTHORIZING ELECTRONIC NOTICING~~
## ~~PROCEDURES FOR CUSTOMERS~~INFORMATION AND (~~III~~II) GRANTING
## RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

(this "Order") (i) authorizing the Debtors to redact certain personally identifiable information from their Creditor Matrix, Equity Holders List, Schedules and Statements, and any other document filed with the Court, and (ii) ~~authorizing electronic noticing procedures for Customers, and (iii)~~ granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein, including the First Day Declaration; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are hereby authorized to redact the Personal Identification Information of individuals listed on the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other documents filed with the Court in these Chapter 11 Cases.  The Debtors shall provide, on a confidential basis, an unredacted version of the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other filings redacted pursuant to this Order upon request to the Court, the U.S. Trustee, and counsel to any official committee

appointed in these Chapter 11 Cases.  The unredacted versions of the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and any other filings redacted pursuant to this Order shall not be made available to any other party without the consent of the Debtors or further order of this Court.

3. Unless requested by any individual Customer, the Debtors shall not be required to serve hard copies of the Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; provided that the Debtors shall instead provide notices and service of the Customer Pleadings to the Customers via email using the email address maintained by the Debtors in their books and records.

3. 4. When serving any notice in these Chapter 11 Cases on any individual person, including, the Debtors' employees, the Debtors' claims agent, and, where applicable, the Clerk of the Court, the Debtors shall use such person's residential address.  Nothing in this Order shall waive or otherwise limit the service of any document upon, or the provision of any notice to, any individual person solely because such individual's residential address and/or email address is redacted pursuant to this Order.  Service of all documents and notices upon individual persons whose residential address and/or email address is redacted pursuant to this Order shall be made to their residential addresses and confirmed in the corresponding certificate of service.

4. 5. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. 6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.