## **EXHIBIT A**

**Revised Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE
THEIR INSURANCE POLICIES, INCLUDING THEIR INSURANCE PREMIUM
FINANCE PROGRAM, AND PAY ALL OBLIGATIONS IN RESPECT THEREOF,
(II) AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS
RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession

in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of interim and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

final orders, pursuant to sections 105, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to continue and, to the extent necessary, renew the Insurance Policies, the Premium Finance Agreement, and pay the Insurance Obligations arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be conducted on **December 10, 2024 at 10:00 a.m. (ET)** (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE

19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Attn: Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Secured Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Attn: Attn: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn:  Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above,  in each case no later than November 20, 2024 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3

3.      The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier listed on Exhibit A to the Motion within five business days after the date this Interim Order is entered.

4.      The Debtors are authorized, but not directed, in their discretion, to pay all Insurance Obligations that were or are due and payable, whether relating to the period prior to or following the Petition Date; provided, that, payments on account of prepetition Insurance Obligations shall not exceed $450,000.00 in the aggregate pending entry of the Final Order.

5.      The Debtors are hereby authorized, but not directed, to maintain their Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court.

6.      The Debtors are hereby authorized, but not directed, to renew their Insurance Policies, and to obtain replacement coverage, as needed, in the ordinary course of business without further application to this Court.

7.      The Debtors are hereby authorized, but not directed, to honor any prepetition or postpetition obligations under the Premium Financing Agreement, as needed, in the ordinary courts of business without further application to this Court. The Debtors are further authorized, but not directed, to renew the Premium Finance Agreement, and to extend or obtain a replacement premium finance agreement, as needed, in the ordinary course of businesses without further application to this Court.

8.      The Banks are hereby authorized to receive, process, honor, and pay any checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the Insurance Obligations approved herein, and the costs and expenses incident thereto, whether

4

such checks were presented or such electronic transfer requests were submitted before or after the Petition Date, to the extent funds are available in the Debtors' accounts; provided, however, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the payment of the Insurance Obligations, or the costs and expenses incident thereto, approved herein.

9.      The Banks are further authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Interim Order.  In no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors, (ii) in the good faith belief that the Court has authorized such action consistent with the implementation of reasonable item handling procedures or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling procedures, be deemed in violation of this Interim Order or have liability in connection therewith.

10.     The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

11.     Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

12.     Nothing in this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or

(b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

13.     Nothing in this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

14.     Nothing in this Interim Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15.     Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

16.     The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Policies and Insurance Obligations.

17.     Nothing in this Interim Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Interim Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtor's obligations in connection with this Interim Order; provided, however, that the Debtors reserve the right to request that this Court later determine whether the HoldCo Debtors should satisfy any such obligation.

18.     The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

19.     The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

6

20.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.