**EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. —7 |

INTERIM ORDER (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL
ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of the commencement of these Chapter 11 Cases and/or any outstanding prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on December 10, 2024 at 10:00 a.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Daniel Fliman, Esq. (danfliman@paulhastings.com), and Nicholas Bassett, Esq. (nicholasbassett@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue

of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the Holdco Lenders at the address set forth in (vii) above, in each case no later than November 20, 2024 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

4. Any security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Companies holding the same, except upon either (i) written agreement(s) between the Debtors and a Utility Company without further order of this Court or (ii) further order(s) of this Court.

5. The Proposed Adequate Assurance is hereby approved on an interim basis and until such time as the Final Order is entered by this Court, the Utility Companies shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors.  The Debtors shall deposit cash in an amount equal to $1.26 million, which represents the sum of approximately 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within

twenty (20) days after the date of entry of this Interim Order; provided, however, that, the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account; provided, further, that the Debtors either (i) obtain the affected Utility Company's consent to reduce the Utility Deposit; or (ii) file a notice with the Court and serve upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall attempt to resolve the objection with the Utility Company. If the objection is not resolved by the parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors upon the earlier of: (i) reconciliation and payment by the Debtors of the relevant Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of the Utility Services from such Utility Company, (ii) the closing of the sale of substantially all of the Debtors' assets, (iii) the effective date of a chapter 11 plan for the Debtors, or (iv) such other time as these Chapter 11 Cases may be closed.

      6.      Subject to the Adequate Assurance Procedures, until such time as the Final Order is entered by this Court, all Utility Companies are prohibited from (i) discontinuing, altering, or refusing service to the Debtors on account of any prepetition amounts outstanding,

---

[3] In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

(ii) discriminating against the Debtors, or (iii) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion.

7. The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

    a. The Debtors will serve copies of this Interim Order and the Final Order, as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on the Utility Service List. For the avoidance of doubt, the Motion will be served with this Interim Order. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, this Interim Order, and the Final Order, as applicable, on such Utility Company upon learning of such omission.

    b. Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel for the Debtors, (x) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Betsy L. Feldman, Esq. (bfeldman@willkie.com) and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (y) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Kristin L. McElroy, Esq. (kmcelroy@ycst.com); and (ii) counsel to any official committee appointed in these Chapter 11 Cases.

    c. Any Adequate Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) set forth the numerical amount that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (iv) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (x) why such proposal is reasonable and (y) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

    d. Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such

6

        Utility Company to resolve such Utility Company's Additional Adequate Assurance Request.

e.     The Debtors may, in their discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f.     If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "<u>Determination Hearing</u>") for the next omnibus hearing date, unless this Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g.     Until such time that the Final Order is entered by this Court, any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by this Court.

h.     Pending resolution of an Adequate Assurance Request at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance. Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be bound by any order entered by this Court granting the Motion.

8. To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Companies, (ii) serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company subsequent to the Petition Date.  The newly added Utility Companies shall be subject to the terms of the Interim Order, and the Final Order, as applicable, as of the date of receipt of the notice of addition of such newly added Utility Company to the Utility Service List.  The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company.  A Utility Company added to the Utility Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

9. The Debtors are authorized, but not directed, to satisfy any prepetition obligations owed to the Administrators in an amount not to exceed $40,000.00, and to honor their obligations to the Administrators postpetition in the ordinary course of business.

10. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount

of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

11. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List. The Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

12. Nothing in this Interim Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Interim Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtor's obligations in connection with this Interim Order; provided, however, that the Debtors reserve the right to request that this Court later determine whether the HoldCo Debtors should satisfy any such obligation.

13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10

17.    ~~16.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.