**EXHIBIT A**

**Revised Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 11** |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYMENT OBLIGATIONS AND COMPENSATION OBLIGATIONS (B) MAINTAIN THE COMPENSATION OBLIGATIONS THE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, Bankruptcy Rules

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings ascribed to them in the Motion.

6003 and 6004, and Local Rule 9013-1, (i) authorizing the Debtors, in their discretion, to (a) pay all Prepetition Workforce Obligations and Compensation Obligations and (b) maintain the Compensation Obligations and Employee Benefits Programs, and honor and continue the Debtors' prepetition programs, policies, and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on **December 10, 2024 at 10:00 a.m. (ET)** (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or entry of the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE

19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above, in each case no later than November 20, 2024 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors are authorized, but not directed, in their discretion and business judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations, in an amount not to exceed $26,305,300 on an interim basis; (ii) pay postpetition Wages and Employee Benefit Obligations; (iii) maintain the Compensation Obligations and Employee Benefits Programs; (iv) honor and continue their programs, policies, and practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies, and practices before the Petition Date; and (v) withhold and remit all federal, state, and local taxes relating to the Wages and Employee Benefit Obligations as required by applicable law; *provided* that in no event shall the Debtors pay any Prepetition Workforce Obligations and Compensation Obligations before such amounts are due and payable, and this Interim Order shall not be deemed to allow the Debtors to accelerate any payment of any amounts of Prepetition Workforce Obligations that may be due and owing by the Debtors; *provided*, *further*, that the Debtor shall seek Court approval, upon a motion, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, in their sole discretion, to pay prepetition Compensation Obligations and continue their Compensation Obligations in the ordinary course of business. Nothing herein shall be deemed to (i) authorize the payment of any amounts in satisfaction of the Compensation Obligations that are subject to section 503(c) of the Bankruptcy Code; *provided*, *however*, that the Debtors shall seek Court approval, upon a notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, any authority to continue the Severance Practices as to current Employees who may be terminated postpetition shall be addressed at the Final Hearing.

5. Notwithstanding any other provision of this Interim Order and absent further order of the Court (i) payments or transfers to, or on behalf of, members of the Workforce on account of Prepetition Workforce Obligations or other obligations in the interim period shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections and (ii) the Debtors are authorized, but not directed, to pay amounts owed for Paid Leave upon termination/resignation of an Employee in excess of the caps provided by sections 507(a)(4) or (a)(5) of the Bankruptcy Code where applicable state law requires such payment.

6. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum, and the Debtors are authorized to continue the Workers' Compensation Program and pay any payments under the Workers' Compensation Policy. This modification of the automatic stay pertains solely to pursuing workers' compensation claims.

7. The Debtors are authorized, but not directed, to reissue payment for the Prepetition Workforce Obligations and, subject to a Final Order, Compensation Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized, but not directed, to reimburse any expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

8. The Debtors are authorized (i) to honor all Reimbursable Expenses and continue the Credit Card Programs in the ordinary course, including making ordinary course modifications thereto, (ii) to perform their obligations under the Credit Card Programs, (iii) to request further permission to pay outstanding prepetition expenses arising thereunder, to the extent applicable, and (iv) to pay any postpetition expenses in the ordinary course.

9. The Debtors are authorized, but not directed, to continue to operate under the Credit Card Programs and to pay or reimburse any and all Credit Card Obligations thereunder, whether incurred prepetition or postpetition (including, but not limited, any processing fees incurred in connection with the Credit Card Programs).

10. Nothing in this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

11. Nothing in this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

12. Nothing in this Interim Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

14. The Debtors' banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay Prepetition Workforce Obligations and Compensation Obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date; provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors' banks may rely on the representations of the Debtors with respect

to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

15. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

16. Nothing in this Interim Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Interim Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtor's obligations in connection with this Interim Order; provided, however, that the Debtors reserve the right to request that this Court later determine whether the HoldCo Debtors should satisfy any such obligation.

17. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

19. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

20. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# **Exhibit 1**

| Compensation | Interim Period |
|---|---|
| Gross Wages | $13,610,000 |
| Temporary Employees / Independent Contractors | $140,000 |
| Payroll Processing Services | $216,000 |
| Commissions | $1,945,800 |
| Non-Insider Severance | $0 |
| Union Employee Attendance Awards | $150 |
| Withholding Obligations | $4,320,000 |
| Expense Reimbursement | $113,600 |
| Concur / ExpenseWire Administrative Fees | $0 |
| FRG Card Program | $329,000 |
| PSP Card Program | $1,966,000 |
| **Employee Benefits Programs** | |
| Benefits Administrators | $35,000 |
| Medical Plans | $1,892,500 |
| Prescription Plan | $350,000 |
| Dental Plan | $75,100 |
| Stop-Loss Policy | $230,000 |
| Flex Spending Account - Employee Deductions | $13,200 |
| Health Savings Account - Employee Deductions | $24,100 |
| Health Savings Account - Employer Contributions | $0 |
| Basic Life / AD&D | $94,000 |
| Short-Term - Disability | $135,000 |
| CorVel Claims Administrator | $70,850 |
| Workers' Compensation Program | $745,000 |
| **Total:** | **$26,305,300** |