## EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ——12 |

**INTERIM ORDER (I) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION TAXES
AND FEES AND RELATED OBLIGATIONS, (II) AUTHORIZING THE
BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings ascribed to them in the Motion.

final orders (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Taxing Authorities; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on December 10, 2024 at 10:00 a.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to any official

committee appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (Timothy.Fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above, **in each case no later than** ~~_____~~ November 20, 2024 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3

3. The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of business in an amount not to exceed $15,070,000.00 pending entry of the Final Order; <u>provided</u>, <u>however</u>, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this this Interim Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

4. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Taxing Authority; or (iv) shall be construed as a promise to pay a claim.

6. The Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

7. Nothing in this Interim Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Interim Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtor's obligations in connection with this Interim Order; provided, however, that the Debtors reserve the right to request that this Court later determine whether the HoldCo Debtors should satisfy any such obligation.

8. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

10. Nothing in this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

11. Nothing in this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

12. ~~11.~~ Nothing in this Interim Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. ~~12.~~ Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

14. ~~13.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

15. ~~14.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.    ~~15.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.