# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. 5 |

**INTERIM ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders under sections 105, 362, and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of Equity Interests, or

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of any beneficial interest therein, or declarations of worthlessness with respect to Freedom VCM Holdings Stock, or of any beneficial interest therein, are deemed effective; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on **December 10, 2024 at 10:00 a.m. (ET)** (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox,

Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Daniel Fliman, Esq. (danfliman@paulhastings.com), and Nicholas Bassett, Esq. (nicholasbassett@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the Holdco Lenders at the address set forth in (vii) above, in each case no later than November 20, 2024 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

4. The following procedures shall apply to transfers of Equity Interests:

   a. Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial Holder (as defined in paragraph 6 below) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of Exhibit A-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 8 below) and (ii) ten (10) calendar days after becoming a Substantial Holder.

   b. At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such interests, as defined in paragraph 6 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or entity that may become a Substantial Holder) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit A-2 attached hereto, of the intended transfer of Beneficial Ownership.

   c. At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such interests) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit A-3 attached hereto, of the intended transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed Transfer").

   d. The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

5. The following procedures shall apply to declarations of worthlessness with respect to Freedom VCM Holdings Stock:

    a. Any person or entity that is currently or that becomes a 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of <u>Exhibit A-5</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Interim Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

    b. At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, in the form of <u>Exhibit A-6</u> attached hereto.

    c. The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with this Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    d. If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of this Court, unless the Debtors withdraw such objection.

    e. If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

6. For purposes of the procedures set forth above:

    a. A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024,

        approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.     A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.     "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.     An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

7.     The Debtors, in consultation with the Consenting First Lien Lenders, may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Interim Order; <u>provided</u>, <u>however</u>, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

8.     As soon as reasonably practicable following entry of this Interim Order, the Debtors shall serve, or cause to be served, the Notice of Interim Order setting forth the procedures authorized herein substantially in the form annexed hereto as <u>Exhibit A-4</u> ("<u>Notice of Interim Order</u>") on: (i) the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL

Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) counsel to any statutory committee appointed in these Chapter 11 Cases; and (xii) each holder of Equity Interests, including Freedom VCM Holdings Stock (collectively, the "Notice Parties").

9. Any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding units of Equity Interests (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of this Interim Order or its contents to such purchaser (or any broker or agent acting on their behalf) to the extent reasonably feasible.

10. Any person or entity (or broker or agent acting on such person or entity's behalf) who sells an aggregate amount equal to at least 4.5% of all issued and outstanding units of Equity Interests (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Interim Order to such purchaser (or to any broker or agent acting on such purchaser's behalf).

11. The requirements set forth in this Interim Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

12. To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; provided that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection

filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; provided that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1(d).

13. Nothing in this Order shall create any right or entitlement by any Debtor other than Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to any Tax Attributes and/or NOLs belonging or attributable to either of the HoldCo Debtors.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

15. The requirements of Bankruptcy Rule 6003(b) are satisfied.

16. The requirements of Bankruptcy Rule 6004(a) are waived.

17. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: November 6th, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE