# SCHEDULE 2

## Store Closing Procedures

**Store Closing Procedures**[1]

1. The Store Closing Sales will be conducted during normal business hours or such hours as otherwise permitted by the applicable unexpired lease.

2. The Store Closing Sales will be conducted in accordance with applicable state and local "Blue Laws," and thus, where such a law is applicable, no Store Closing Sales will be conducted on Sunday unless American Freight has been operating such stores on Sundays.

3. On "shopping center" property, neither the Debtors nor the Consultant shall distribute handbills, leaflets, or other written materials to customers outside of any Stores' premises, unless permitted by the applicable lease or if distribution is customary in the "shopping center" in which such Store is located; provided that the Debtors and the Consultant may solicit customers in the Stores themselves. On "shopping center" property, neither the Debtors nor the Consultant shall use any flashing lights or amplified sound to advertise the Store Closing Sales or solicit customers, except as permitted under the applicable lease or agreed in writing by the landlord.

4. The Debtors and the Consultant shall have the right to use and sell the FF&E. The Debtors and the Consultant may advertise the sale of the FF&E in a manner consistent with these Store Closing Procedures. The purchasers of any FF&E sold during the Store Closing Sales shall be permitted to remove the FF&E either through the back or alternative shipping areas at any time, or through other areas after Store business hours; provided, however, that the foregoing shall not apply to *de minimis* FF&E sales made whereby the item can be carried out of the Store in a shopping bag.

5. The Debtors and the Consultant may, but are not required to, advertise all of the Store Closing Sales as "store closing," "sale on everything," "everything must go," "going out of business" or similarly themed sales. The Debtors and the Consultant may also have a "countdown to closing" sign prominently displayed in a manner consistent with these Store Closing Procedures.

6. The Debtors and the Consultant shall be permitted to utilize sign walkers, displays, hanging signs, and interior banners in connection with the Store Closing Sales; provided that such sign walkers, displays, hanging signs, and interior banners shall be professionally produced and hung in a professional manner. Neither the Debtors nor the Consultant shall use neon or day-glo on its sign walkers, displays, hanging signs, or interior banners if prohibited by the applicable lease or applicable law. Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Store Closing Procedures. In addition, the Debtors and the Consultant shall be permitted to utilize exterior banners at (a) non-enclosed mall Stores and (b) enclosed mall Stores to the extent the entrance to the applicable Store does not require entry into the enclosed mall common area; provided, however, that such

---

[1] Capitalized terms used but not defined in these Store Closing Procedures shall have the meanings ascribed to them in the Interim Order to which these Store Closing Procedures are attached as **Schedule 2** or the Motion to which the Interim Order is attached as **Exhibit A**, as applicable.

banners shall be located or hung so as to make clear that the Store Closing Sale is being conducted only at the affected Store, and shall not be wider than the storefront of the Store. In addition, the Debtors shall be permitted to utilize sign walkers in a safe and professional manner. Nothing contained in these Store Closing Procedures shall be construed to create or impose upon the Debtors or the Consultant any additional restrictions not contained in the applicable lease agreement.

7. Neither the Debtors nor the Consultant shall make any alterations to the storefront, roof, or exterior walls of any Stores or shopping centers, or to interior or exterior store lighting, except as authorized by the applicable lease. The hanging of in-Store signage shall not constitute an alteration to a Store.

8. Affected landlords will have the ability to negotiate with the Debtors, or at the Debtors' direction, the Consultant, any particular modifications to the Store Closing Procedures. The Debtors and the landlord of any Store are authorized to enter into Side Letters without further order of the Court, <u>provided</u> that such agreements do not have a material adverse effect on the Debtors or their estates.

9. Conspicuous signs will be posted in each of the affected stores to the effect that all sales are "final."

10. The Debtors will keep store premises and surrounding areas clear and orderly, consistent with past practices.

11. An unexpired nonresidential real property lease will not be deemed rejected by reason of a Store Closing Sale, Store Closing or the adoption of these Store Closing Procedures.

12. The rights of landlords against the Debtors for any damages to a Store shall be reserved in accordance with the provisions of the applicable lease.

13. If and to the extent that the landlord of any Store contends that the Debtors or the Consultant is in breach of or default under these Store Closing Procedures, such landlord shall provide at least five (5) days' written notice, served by E-mail or overnight delivery, on:

<u>If to the Debtors</u>:

Franchise Group, Inc.
109 Innovation Court, Suite J,
Delaware, Ohio 43015
Attention: Andrew Kaminsky
with copies (which shall not constitute notice) to:

Young Conaway Stargatt & Taylor LLP
Rodney Square
1000 N. King St.

Wilmington, DE 19801
Attention:   Edmon L. Morton, Esq. (emorton@ycst.com)
             Matthew B. Lunn, Esq. (mlunn@ycst.com)
             Allison S. Mielke, Esq. (amielke@ycst.com)

and

Willkie Farr & Gallagher LLP
787 Seventh Ave.
New York, New York 10019
Attention:   Debra M. Sinclair (dsinclair@willkie.com)
             Betsy L. Feldman (bfeldman@willkie.com)
             Joseph R. Brandt (jbrandt@willkie.com)

If to the Consultant:

c/o Hilco Merchant Resources, LLC
One Northbrook Place, 5 Revere Drive, Suite 206
Northbrook, IL 60062
Fax:  847-849-0859

Attention: T. Kellan Grant (KGrant@hilcoglobal.com)

With a copy to (which shall not constitute notice):

Riemer & Braunstein LLP
Times Square Tower
Seven Times Square, Suite 2506
New York, NY 10036
Email: sfox@riemerlaw.com

If the parties are unable to resolve the dispute, either the landlord or the Debtors shall have the right to schedule a hearing before the Court on no less than five (5) days' written notice to the other party, served by E-mail, or overnight delivery.