IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTERIM ORDER ESTABLISHING NOTICE
AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS
IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT
TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS IN THE ABOVE-CAPTIONED CASES:**

**PLEASE TAKE NOTICE** that, on November 3, 2024 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion seeking entry of Proposed Orders establishing notice and hearing procedures for, among other things, transfer of equity interests in the Debtors (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on November 6, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Interim Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* [Docket No. 126] (the "Interim Order") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes, including their NOLs.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following procedures shall apply to transfers of equity interests in the Debtors (the "Equity Interests"), or of any beneficial interest therein, or declarations of worthlessness with respect to the equity interests in Freedom VCM Interco Holdings, Inc. (the "Freedom VCM Holdings Stock"):

1. Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer"), in violation of the procedures set forth herein (including the notice requirements set forth in section 2(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.     The following procedures shall apply to transfers of Equity Interests:

    a.     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "<u>Entity</u>") who currently is or becomes a Substantial Holder (as defined in paragraph 4 below) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of <u>Exhibit A-1</u> attached to the Interim Order, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order and (ii) ten (10) calendar days after becoming a Substantial Holder.

    b.     At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such securities, as defined in paragraph 4 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-2</u> attached to the Interim Order, of the intended Transfer of Beneficial Ownership.

    c.     At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such securities) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit A-3</u> attached to the Interim Order, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

    d.     The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Holder (or person or entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

3. The following procedures shall apply to declarations of worthlessness related to Freedom VCM Holdings Stock:

    a. Any person or Entity that is currently or that becomes a 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of <u>Exhibit A-5</u> attached to the Interim Order, on or before the later of (i) twenty (20) calendar days after the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

    b. At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, substantially in the form of <u>Exhibit A-6</u> attached to the Interim Order.

    c. The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with the Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    d. If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

    e. If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4. For purposes of the procedures set forth above:

    a. A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at

    least 4.5% of any interests of Equity Interests (equal to, as of the June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

  b. A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

  c. "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

  d. An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, security subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com)), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, (Attn: Edmon L. Morton (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com)) will provide a form of each of the required notices described above upon reasonable request.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Interim Order may be obtained free of charge from the Debtors' case information website located at https://cases.ra.kroll.com/FRG.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO*.**

**PLEASE TAKE FURTHER NOTICE** that the deadline by which parties must file and serve objections, if any, to the Motion is November 20, 2024 at 4:00 p.m. (Prevailing Eastern Time). Objections shall be served upon: (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com); (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); and (c) the Notice Parties set forth in the Interim Order. If no objections to the Motion are filed, the Court may enter the Final Order without further notice or hearing. **The Final Hearing, if required, will be held on December 10, 2024 at 10:00 a.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: November 7, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 3526)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*