**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |
| | Re: Docket No. 194 |

**AD HOC GROUP OF FREEDOM LENDERS' MOTION TO SHORTEN TIME FOR THE AD HOC GROUP OF FREEDOM LENDERS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) ADJOURNING THE SECOND DAY HEARING SET FOR DECEMBER 10, 2024, (II) EXTENDING THE OBJECTION DEADLINES IN CONNECTION WITH THE SECOND DAY HEARING <u>AND (III) GRANTING RELATED RELIEF</u>**

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**" or the "**Group**"), consisting of certain of the (i) Lenders, as defined in that certain *Credit Agreement*, dated as of August 21, 2023 (as amended, restated, supplemented or otherwise modified) among Freedom VCM Interco, Inc., Freedom VCM, Inc., and Alter Domus (US) LLC (the "**HoldCo Lenders**") and (ii) Second Lien Lenders, as defined in that certain *Second Lien*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Credit Agreement*, dated as of March 10, 2021 (as amended, restated, supplemented or otherwise modified), among Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, Franchise Group NewCo Intermediate AF, LLC, and Alter Domus (US) LLC (the "**Second Lien OpCo Lenders**"), by and through its undersigned counsel, hereby moves this motion (the "**Motion to Shorten**") pursuant to section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order, substantially in the form attached hereto as Exhibit A, shortening the time for notice of the hearing to consider *The Ad Hoc Group of Freedom Lenders' Emergency Motion for Entry of an Order (i) Adjourning the Second Day Hearing Set for December 10, 2024, (ii) Extending the Objection Deadlines in Connection with the Second Day Hearing; and (iii) Granting Related Relief* (the "**Motion**"),[2] filed contemporaneously herewith, and request a hearing on the Group's Motion at the Court's earliest convenience.  In support of this Motion, the Freedom Lender Group respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this District is Proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      Pursuant to Local Rule 9013-1(f), the Freedom Lender Group consents to the entry of a final judgment or order with respect the Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

## BACKGROUND

4.      The Freedom Lender Group incorporates by reference the factual background provided in the Motion.

## RELIEF REQUESTED

5.      The Freedom Lender Group respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, shortening the time for notice of the Motion so that the Court may consider the relief requested therein in advance of the Second Day Hearing set for December 10, 2024.

## BASIS FOR RELIEF

6.      Bankruptcy Code section 105(a) authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).  Local Rule 9006-1(e) further authorizes the Court to order a motion be heard on less notice than is required by the Bankruptcy Rules, and that a Court may rule on a motion for the same "promptly without need for a hearing." Del. Bankr. L.R. 9006-1(c)(e).

7.      Under Local Rule 9006-1(c)(i), motions must ordinarily be filed and served at least fourteen (14) days prior to the applicable hearing date.  Del. Bankr. L.R. 9006-1(c)(i).

8.      Under Local Rule 9006(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date.  Del. Bankr. L.R. 9006-1(c)(ii).  However, the

Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice" and no hearing on such a motion is required. Del. Bankr. L.R. 9006-1(e).

9.      Pursuant to Local Rule 9006-1(e), the Court may rule on this motion to shorten without the need for a hearing. Accordingly, the Freedom Lender Group requests that its motion to shorten be granted without a hearing.

10.      As detailed further in the Motion, the Freedom Lender Group has significant concerns with respect to the independence of the HoldCo Debtors, in particular as it relates to the DIP Motion which places significant obligations on the HoldCo Debtors. The Freedom Lender Group is therefore seeking, among other relief, the appointment of a chapter 11 trustee for the HoldCo Debtors as well as termination of exclusivity so that the Freedom Lender Group can propose its own plan for the HoldCo Debtors; both of which should be decided prior to approval of the final DIP Motion.

11.      In light of these circumstances, cause exists to shorten the time for notice of the Motion. Further, the notice provided to the parties in interest is an appropriate amount of time given the balance between providing notice, and the need to move the fast-approaching objection deadline.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(E)</u>

12.      Consistent with its obligations under Local Rule 9006-1(e), the Freedom Lender Group notified counsel for the Debtors and the U.S. Trustee yesterday of its intent to seek shortened notice and requested the consent of the Debtor and the U.S. Trustee to do so. The U.S. Trustee stated that it does not oppose shortening notice. The Debtors requested to see the Freedom Lender Group's draft pleadings, which the Freedom Lender Group provided. The Freedom Lender Group followed up with the Debtors this morning, and the Debtors asked for clarification as to the proposed schedule for the Motion. The Freedom Lender Group stated

that it will seek to have the Motion heard before Thanksgiving and would be willing to set the Debtors' objection deadline at 12:00pm ET the day before the hearing. The Debtors then informed the Freedom Lender Group that they do not consent to shortened notice.

## NOTICE

13.     The Freedom Lender Group will provide notice of this Motion to the following parties: (i) the Debtors; (ii) the U.S. Trustee; (iii) the DIP Lenders; (iv) the IRS; and (v) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

14.     The Freedom Lender Group has not previously requested the relief sought herein in this Court or any other Court.

## CONCLUSION

15.     **WHEREFORE**, the Freedom Lender Group respectfully requests that the Court (i) enter the proposed order shortening notice of the Motion, (ii) grant such other relief as the Court deems just and proper, and (iii) schedule a hearing on the Motion at the court's earliest convenience.

*[Remainder of This Page Intentionally Left Blank]*

Dated: November 20, 2024
      Wilmington, Delaware

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*      
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
      mfarnan@farnanlaw.com
-and-

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew T. Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
azatz@whitecase.com
sam.hershey@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom Lenders*