## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FRANCHISE GROUP, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-12480 (JTD) <br><br> (Jointly Administered) <br><br> **Ref. Docket No. __** |

**SECOND OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AS OF THE REJECTION DATE AND (II) ABANDON PERSONAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to (i) reject the Rejected Leases set forth on Schedule 1 to this Order, effective as of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

November 30, 2024 (the "Lease Rejection Date"), (ii) reject the Rejected Executory Contracts set forth on Schedule 2 to this Order, effective as of the November 25, 2024, (the "Contract Rejection Date"), and (iii) abandon personal property (the "Personal Property") remaining on the Rejected Premises as of the Lease Rejection Date; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Lease Rejection Date.

3. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Executory Contracts, to the extent not already terminated in accordance

with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Contract Rejection Date.

4. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Lease Rejection Date, on the Rejected Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Lease Rejection Date. Landlords of the Rejected Premises may dispose of any and all Abandoned Personal Property remaining on the Rejected Premises without further notice or liability to any third party.

5. If the Debtors have deposited monies with a counterparty to a Rejected Agreement as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

6. Any person or entity that holds a claim that arises from the Rejected Agreements must file a proof of claim based on such rejection by the later of (i) the last date and time for each person or entity to file proofs of claim based on prepetition claims against any of the Debtors as set by an order of this Court; or (ii) thirty (30) days after the entry of this Order.

7. Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors to: (a) assert that the Rejected Agreements (i) were terminated on the applicable Rejection Date, or (ii) are not executory contracts or unexpired leases under section 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Rejected Agreements is limited to the remedies available under any applicable termination provisions of the Rejected Agreements; (c) assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Agreements. All rights, claims, defenses and causes of

action that the Debtors and their estates may have against the counterparties to the Rejected Agreements, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Agreements, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

8. Nothing this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

9. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

## Schedule 1

## Rejected Leases[1]

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| Debtor Entity | Counterparty | Counterparty's Address | Rejected Agreement and Property | Store |
|---|---|---|---|---|
| American Freight, LLC | Airport Square NV, LLC | Airport Square NV, LLC<br>34505 W Twelve Mills Rd. Ste. 250<br>Farmington Hills, MI 48331<br>Attn: Traci Wiese | *Lease Agreement,* Dated April 26, 2019, as amended<br><br>5237 Airport Hwy<br>Toledo, OH 43615 | 88 |
| American Freight Outlet Stores, LLC | CLPF-Essex Green, LLC | CLPF-Essex Green, LLC<br>c/o Clarion Partners<br>Attn: Lauren Holden<br>230 Park Ave.<br>New York, NY 10169<br><br>Copy to:<br>CLPF-Essex, Green<br>c/o Brand Street Properties<br>309 Greenwich Avenue<br>Greenwich, CT 06830<br>Attn: Jessica Brown | *Lease Agreement,* Dated August 7, 1998, as amended<br><br>495 Prospect Ave #11<br>West Orange, NJ 07052 | 5361 |
| American Freight, LLC | LDC Silvertree, LLC | LDC Silvertree, LLC<br>302 Campusview Drive Ste. 106<br>Columbia, MO 65201<br>Attn: Jay Burchfield | *Lease Agreement,* Dated April 3, 2012, as amended<br><br>1450 Cinnamon Hill Lane<br>Columbia, MO 65201 | 229 |
| American Freight Outlet Stores, LLC | Osborne Properties Limited Partnership | Osborne Properties Limited Partnership<br>501 South Eighth Street<br>Minneapolis, MN 55404<br>Attn: Anne Kreiser | *Lease,* Dated August 18, 2003, as amended<br><br>141 85th Avenue Nw<br>Coon Rapids, MN 55433 | 4611 |
| American Freight, LLC | Rockhill Center, LLC | Rockhill Center, LLC<br>101 E Washington St. Ste 400<br>Greenville, SC 29601<br>Attn: Hunter Garrett | *Lease,* Dated June 22, 2021, as amended<br><br>809 Albright Rd<br>Rock Hill, SC 29730 | 266 |
| American Freight, Inc. | Space For Lease of Tennessee | Space For Lease of Tennessee<br>2231-A Madison Street<br>Clarksville, TN 37043<br>Attn: Trent Knott | *Lease,* Dated July 31, 2014, as amended<br><br>2231 B Madison St<br>Clarksville, TN 37043 | 68 |
| American Freight, LLC | WE 50 HWY 6 LLC | WE 50 HWY 6 LLC<br>c/o WE Property Management, LLC<br>1600 W Loop S Ste. 900<br>Houston, TX 77027 | *Lease Agreement,* Dated March 28, 2019, as amended<br><br>2665 Highway 6 S<br>Houston, TX 77082 | 179 |

**Schedule 2**

**Rejected Executory Contracts[1]**

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| Debtor | Counterparty | Counterparty Address | Rejected Agreement |
|---|---|---|---|
| American Freight, LLC | Comenity Capital Bank | Comenity Capital Bank<br>12921 South Vista Station Blvd., Suite 100<br>Draper, UT 84020<br>success@breadfinancial.com<br>legal@breadfinancial.com | *Bread Pay Merchant Terms of Service Agreement*, dated August 8, 2024 |
| American Freight, Inc. | Elytus Ltd. | Elytus Ltd.<br>601 South High Street<br>Columbus, OH 43215<br>Attn: Matthew S. Hollis | *Waste Management Services Agreement*, dated September 1, 2019 |
| American Freight, LLC | Palladio US, LLC | Palladio US, LLC<br>P.O. Box 10872<br>West Palm Beach, FL 33419<br>Attn: COO<br>claudeb@unitersna.com | *Administration Services Agreement*, dated December 22, 2021 |
| American Freight Furniture | Pilot Freight Services LLC - A Maersk Company | Pilot Freight Services LLC - A Maersk Company<br>2 Braxton Way, Suite 400<br>Glen Mills, PA 19342<br>Attn: Gordon Branov | *National Delivery Carrier Agreement*, dated September 19, 2017 |