## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) | Case No. 24-12480 (JTD) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | ) | **Ref. Docket No.** ___ |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
PETRILLO KLEIN + BOXER LLP AS SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the *Debtors' Application for an Order Authorizing the Retention and Employment of Petrillo Klein + Boxer LLP as Special Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application"),[2] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Application.

(this "Order") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention and employment of Petrillo Klein + Boxer LLP ("PKB" or the "Firm") as special counsel to the Debtors with respect to all Independent Director Matters in these Chapter 11 Cases, effective as of the Petition Date, all as more fully described in the Application; and this Court having reviewed the Application and the declaration of Joshua Klein (the "Klein Declaration") and the declaration of Chris Meyer (the "Meyer Declaration"); and this Court being satisfied, based on the representations made in the Application, the Klein Declaration, and the Meyer Declaration, that PKB represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record of the hearing held on the Application, if any, and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the legal and factual bases set forth in the Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor.

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain PKB as their special counsel with respect to the Independent Director Matters in these Chapter 11 Cases, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Agreement, as modified by this Order.

3. PKB is authorized to render professional services to the Debtors at the direction of the Independent Directors in connection with the Independent Director Matters as described in the Application and the Engagement Agreement.

4. PKB shall apply for compensation of professional services and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

5. PKB shall file a final fee application with the Court for final allowance of compensation and reimbursement for its actual and necessary expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other applicable orders of this Court. PKB will make reasonable efforts to comply with additional disclosures as set forth in the U.S. Trustee Guidelines, in connection with any final fee application(s) to be filed by PKB in these Chapter 11 Cases.

6. PKB may apply the Retainer to outstanding fees and expenses relating to the period prior to the Petition Date. PKB shall apply any remaining amounts of its Retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved

pursuant to an order of the Court awarding fees and expenses to the Firm. After application of the Retainer to any outstanding prepetition fees and expenses owed to PKB by the Debtors, PKB shall waive any outstanding fees and expenses in excess of the Retainer relating to the period prior to the Petition Date.

7. PKB shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these Chapter 11 Cases.

8. The Debtors and the U.S. Trustee retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. The Debtors and PKB are authorized to take all action necessary to carry out this Order.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

12. The terms and conditions of this Order shall be immediately effective an enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.