# **EXHIBIT B**

**Klein Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF JOSHUA KLEIN IN SUPPORT
OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF PETRILLO KLEIN + BOXER
LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF
THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Joshua Klein, hereby declare under penalty of perjury:

1. I am a partner in and co-founder of the law firm of Petrillo Klein + Boxer LLP, a law firm with its principal offices at 655 Third Avenue, 22nd Floor, New York, NY 10017 ("PKB" or the "Firm"). I am a member in good standing of the Bar of the State of New York and am

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

2

admitted to practice in the United States District Courts for the Southern District of New York, the Eastern District of New York, the Eastern District of Michigan, and the Second Circuit Court of Appeals.

2. I am in all respects competent to make this declaration (this "Declaration") in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Petrillo Klein + Boxer LLP as Special Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application").[2]

3. As discussed more fully in the Application, the Debtors seek to retain PKB to render professional services acting at the direction of certain independent directors (the "Independent Directors") of the board of directors (the "Board") of Debtor Franchise Group, Inc. ("FRG") with respect to certain matters controlled by the Independent Directors, including, among other things, assisting the Debtors in conducting a review of certain historical transactions, as requested by the Independent Directors, to assess the viability of potential related legal claims against the former Chief Executive Officer and/or the current Board and/or officers of FRG (the "Independent Director Matters").

## PKB'S QUALIFICATIONS

4. PKB regularly represents clients in civil and criminal litigation, trials and arbitrations, government and regulatory enforcement investigations and proceedings, and internal investigations, including by private and public company boards and board committees, special committees, audit committees, and management. The Firm also regularly represents officers, directors, and management in complex civil litigation, chiefly in federal court, and in litigation and investigations brought by various government agencies, including the U.S. Securities and

---

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Application.

Exchange Commission, Commodity Futures Exchange Commission, and others. The Firm's partners have also represented clients in bankruptcy courts, including in investigations and actions brought by the United States Trustee and court-appointed examiners. See In re Revlon, Inc., 2023 WL 2229352 (Bankr. S.D.N.Y. 2023); In re Liquid Holdings Grp., Inc., 2018 WL 6841351 (Bankr. D. Del. 2018); In re Enron Corp., 323 B.R. 857 (Bankr. S.D.N.Y. 2005); In re Refco Inc., 336 B.R. 187 (Bankr. S.D.N.Y. 2006); In re Bernard L. Madoff Inv. Securities LLC, 440 B.R. 243 (Bankr. S.D.N.Y. 2010); In re Lyondell, 2009 WL 1767591 (Bankr. S.D.N.Y. 2009). The partners of the Firm also have extensive government investigative and enforcement experience. I served both as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York (the "SDNY Office") and as counsel with the Enforcement Division of the United States Securities and Exchange Commission. Partners Guy Petrillo and Kevin Puvalowski also served as Assistant United States Attorneys in the SDNY Office. Mr. Petrillo later served as Chief of the Criminal Division of the SDNY Office and Mr. Puvalowski later served as head of the consumer protection and financial enforcement division at the New York State Department of Financial Services. Other Firm partners served, respectively, as Assistant United States Attorneys in the SDNY Office, the Eastern District of New York, and the District of New Jersey.

5.  In November 2023, the Firm was first engaged by the Debtors, at the direction of the Board, to investigate certain matters relating to allegations made, in early November 2023, as to FRG's then Chief Executive Officer, Brian Kahn ("Mr. Kahn").[3] Shortly thereafter, Debtors retained PKB to conduct an independent investigation (the "Initial Independent Investigation") into

---

[3] A criminal information filed in the District of New Jersey, and a contemporaneous complaint filed by the United States Securities and Exchange Commission, against defendant John Hughes, a former officer of investment firm Prophecy Asset Management LP ("Prophecy"), referred to Mr. Kahn as a participant in an alleged securities fraud involving Prophecy (the "Alleged Prophecy Conduct").

4

whether FRG or any of its directors, officers or employees at the time (aside from Mr. Kahn) were in involved in, or had any knowledge of, the Alleged Prophecy Conduct. During the Initial Independent Investigation, the Firm spent significant time becoming knowledgeable about Debtors, their financial affairs, and matters that overlap with the Independent Director Matters. In December 2023, PKB prepared a preliminary investigative report that was presented to the Board. The Initial Independent Investigation concluded that no one at FRG (including its current or former board members) had any involvement with, or knowledge of, Mr. Kahn's Alleged Prophecy Conduct. PKB continued working to address various matters ancillary to the Initial Independent Investigation for several months following the presentation of its preliminary report.[4]

6.     In October 2024, the Firm was separately engaged to work under the direction of the Independent Directors of the Board in connection with the Independent Director Matters, and began working diligently, under the direction of the Independent Directors, pursuant to the Engagement Agreement. PKB is continuing to diligently conduct the ongoing investigation.

7.     I believe that PKB is well-suited and well-qualified to assist the Debtors as their special counsel in connection with the Independent Director Matters because of the Firm's substantial experience in investigations and litigation, and its familiarity with the Debtors' businesses and the Independent Director Matters. I also believe that the Debtors' decision to retain the Firm's services is in the best interests of the Debtors, their estates, and their creditors, and will advance these Chapter 11 Cases in an efficient and competent manner.

## PKB'S DISINTERESTEDNESS

8.     In connection with its proposed retention as special counsel to the Debtors, PKB undertook to determine whether it had any conflicts or relationships that might cause it not to be

---

[4]   The additional work performed by PKB did not alter the findings presented in the Firm's preliminary report.

5

disinterested or to hold or represent an interest adverse to the Debtors' estates. Specifically, PKB obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these Chapter 11 Cases (collectively, the "Potential Parties in Interest"), attached as Exhibit D to the Application.

9. Each of the Firm partners reviewed the Potential Parties in Interest in an effort to identify possible connections including with respect to the Firm's current and former representations within the last three years.

10. Based upon a review of the foregoing information, neither I, the Firm, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtors, under the direction of the Independent Directors in connection with the Independent Director Matters in these Chapter 11 Cases. In addition, to the best of my knowledge after due inquiry, and except as otherwise disclosed herein I, the Firm and members of, counsel to, and associates of the Firm do not represent any party in interest in these Chapter 11 Cases in matters related to these Chapter 11 Cases. Other than as set forth below, the Firm has not represented, does not represent, and will not represent any Potentially Interested Parties in matters directly related to the Debtors or these Chapter 11 Cases.

11. One of the administrative and collateral agents serves as the third-party fee payer in a matter in which PKB is engaged, though the collateral agent did not retain, and become a client of, the Firm. Further, the Firm has interacted with certain Potentially Interested Parties, but the Firm has no reason to believe that interests of the Debtors or their estates are adversely affected by such interactions.

12. Although section 327(e) of the Bankruptcy Code does not require that PKB be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, to the best of my

knowledge, and except as may be disclosed in this Declaration, PKB (i) is a "disinterested person" and does not hold or represent an interest adverse to the Debtors or their estates and (ii) has no connection to the Debtors, their creditors, or other parties in interest.

13. Given the number of parties in interest in these Chapter 11 Cases and because the Potentially Interested Parties may change during the pendency of these Chapter 11 Cases, PKB is not able to conclusively identify all relationships or potential relationships with all creditors or other parties in interest in these Chapter 11 Cases. If any new relevant facts or relationships are discovered or arise, PKB will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### PROFESSIONAL FEES AND COMPENSATION

14. Subject to the Court's approval, the Firm will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered and for reimbursement of its actual, necessary expenses and other charges incurred by the Firm. In the normal course of business, the Firm revises its hourly rates annually. The hourly rates set forth herein and in the Klein Declaration are PKB's standard 2024 hourly rates, which are set at a level designed to fairly compensate the Firm for its work and routine overhead expenses. The current standard hourly rates for attorneys who may work on this matter range from $675 to $1,385. The hourly rates for non-legal personnel who may work on this matter range from $295 to $335. These rates are subject to periodic adjustment to reflect economic and other conditions,[5] and historically have been subject to revision on an annual

---

[5] The Firm, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (i) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (ii) periodic rate increases with respect to each level of seniority. The Step Increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines")).

basis. The Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement. The following attorneys are currently expected to have primary responsibility for representing the Debtors:

| Name | Year Admitted to the New York Bar | Current Hourly Rate |
|---|---|---|
| Joshua Klein | 1994 | $1340 |
| Caelyn Stephens | 2016 | $1075 |
| Cara Hume | 2021 | $785 |

Other lawyers and paraprofessionals will be utilized or consulted and may appear on behalf of the Debtors in these Chapter 11 Cases, as necessary.

15.  Additionally, it is the Firm's policy to charge its clients for certain expenses incurred in connection with the client's case or transaction, subject to any modification to such policies that the Firm may be required to make to comply with the applicable general orders of the Court and the U.S. Trustee Guidelines, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court. In addition to the Firm's hourly fees, services to be charged may also reflect charges for expenses, such as, if necessary, travel expenses, duplicating costs (only if substantial); messenger and delivery services; overnight mail; staff overtime; and on-line legal research. PKB is authorized under the Engagement Agreement to incur all such costs that are reasonable and necessary to this engagement, which include costs to engage a third-party vendor to store and process electronic data and to provide services pursuant to the Firm's direction. The expenses related to any such third-party service provider, absent subsequent agreement, are to be invoiced to the Debtor in the same manner as the other services. To the extent that PKB deems it appropriate to retain the services of one or more expert consultants and thereafter obtains Debtors' approval to retain such consultants, PKB will

invoice the Debtors for such expenses in the same manner. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

16. On October 24, 2024, PKB received an advanced payment retainer in the amount of $75,000 (the "Retainer") in connection with this engagement. At no point did the fees due and owing to PKB exceed the balance of the Retainer. PKB performed a reconciliation of the Retainer against the amount of its prepetition invoice, totaling $67,740. As of the Petition Date, no additional amounts relating to the prepetition period were owing to the Firm from the Debtors. The Firm continues to hold the balance of the Retainer, which will constitute a general retainer as security for any postpetition services and expenses of the Firm. Other than the Retainer and a payment received on August 22, 2024 in connection with the Initial Independent Investigation, the Firm did not receive any other payments from the Debtors during the ninety (90) days immediately preceding the Petition Date.

17. PKB has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs, and expenses incurred in these Chapter 11 Cases. No promises have been received by the Firm, or any member, counsel, or associate of the Firm, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

18. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and the Proposed Order, the Debtors propose to compensate PKB for services rendered at its customary hourly rates that are in effect from time to time, as set forth in this Declaration, and to reimburse the Firm according to its customary reimbursement

policies. The Debtors respectfully submit that the Firm's rates and policies as set forth in this Declaration are reasonable.

## COORDINATION WITH OTHER PROFESSIONALS

19. As described above, the Debtors have submitted, or intend to submit, separate applications to retain the Professionals. PKB will work closely (to the extent appropriate) with all such professionals to carefully monitor and coordinate the efforts of all such professionals and will delineate their respective duties so as to prevent duplication of services whenever possible.

## ATTORNEY STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES

20. The following is provided in response to the request for additional information set forth in the U.S. Trustee Guidelines:

> **Question**: Did PKB agree to any variations from, or alternatives to, its standard billing arrangements for this engagement?
>
> **Answer**: No.
>
> **Question**: Do any of PKB's professionals in this engagement vary their rate based on the geographic location of these Chapter 11 Cases?
>
> **Answer**: No.
>
> **Question**: If PKB represented the Debtors in the 12 months prepetition, disclose PKB's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If PKB's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Answer**: The billing rates for attorneys in connection with the Initial Independent Investigation were based on the Firm's 2023 hourly rates and are as set forth below:

| Name | Former Hourly Rate |
|---|---|
| Guy Petrillo | $1325 |

10

| | |
|---|---|
| Joshua Klein | $1255 |
| Jenny Lotova | $675 |
| Chanel Thomas | $650 |

PKB provided a 25% discount on the initial $300,000 in fees billed to FRG in connection with the Initial Independent Investigation. PKB billed an additional $166,804.80 in fees in connection with the Initial Independent Investigation, at its 2023 hourly rates, for which no discount was provided. The prepetition billing rates in connection with the Independent Director Matters are based on the Firm's 2024 hourly rates and are set forth in the Application. Such billing rates are subject to periodic increases, as set forth herein and in the Application.

**Question**: Have the Debtors approved PKB's prospective budget and staffing plan, and if so, for what budget period?

**Answer**: Yes. The Debtors have approved the plan through January 30, 2025, though the budget and plan are subject to revisions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

New York, New York  
Dated: November 26, 2024

*/s/ Joshua Klein*  
Joshua Klein  
as partner of Petrillo Klein + Boxer LLP