IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**December 17, 2024 at 11:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**December 10, 2024 at 4:00 p.m. (ET)** |

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR, EFFECTIVE AS OF THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this application (the "Section 327(a) Application") for entry of an order, substantially in the form of Exhibit A hereto (the "Retention Order"), authorizing the employment

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

and retention of Kroll Restructuring Administration LLC ("Kroll") as administrative advisor ("Administrative Advisor") in these Chapter 11 Cases (as defined below), effective as of the Petition Date (as defined below). In support of this Section 327(a) Application, the Debtors submit the declaration of Benjamin J. Steele, Managing Director of Kroll (the "Steele Declaration"), attached hereto as Exhibit B, and respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Section 327(a) Application to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the

Court. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024**,** the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15].[2]

**RELIEF REQUESTED**

7. The Debtors previously filed an application (the "Section 156(c) Application") for entry of an order appointing Kroll as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f), which application was granted by the Court on November 6, 2024 [Docket No. 113]. The Debtors believe that administration of these Chapter 11 Cases will require Kroll to perform duties outside the scope requested in the Section 156(c) Application. Therefore, the Debtors submit this Section 327(a) Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, for entry of an order authorizing the Debtors to employ and retain Kroll as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as Exhibit C (the "Engagement Agreement").

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**KROLL'S QUALIFICATIONS**

8.  Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of similar size and complexity. Kroll's professionals have acted as debtor's counsel, official claims and noticing agent, and/or administrative advisor in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: NanoString Techs., Inc., No. 24-10160 (CTG) (Bankr. D. Del. Feb. 4, 2024); PARTS iD, Inc., No. 23-12098 (LSS) (Bankr. D. Del. Jan. 30, 2024); Pennsylvania Real Estate Inv. Tr., No. 23-11974 (KBO) (Bankr. D. Del. Jan. 4, 2024); Near Intelligence, Inc., No. 23-11962 (TMH) (Bankr. D. Del. Jan. 9, 2024); Timber Pharms., Inc. No. 23-11878 (JKS) (Bankr. D. Del. Jan. 3, 2024); Rite Aid Corp., No. 22-02890 (MBK) (Bankr. D.N.J. Jan. 10, 2024); Mallinckrodt plc, No. 23-11258 (JTD) (Bankr. D. Del. Oct. 2, 2023); FTX Trading Ltd., No. 22-11068 (JTD) (Bankr. D. Del. Jan. 20, 2023); In re FB Debt Financing Guarantor, LLC, No. 23-10025 (KBO) (Bankr. D. Del. Feb. 3, 2023); In re Clovis Oncology, Inc., No. 22-11292 (JKS) (Bankr. D. Del. Jan. 18, 2023); BlockFi Inc., No. 22-19361 (MBK) (Bankr. D.N.J. Feb. 7, 2023); In re Bed Bath & Beyond, Inc., No. 23-13359 (VFP) (Bankr. D.N.J.) (June 2, 2023); SVB Financial Grp., No. 23-10367 (MG) (Bankr. S.D.N.Y. Apr. 27, 2023); Genesis Global Holdco, LLC, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Feb. 24, 2023); Endo Int'l plc, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Oct. 5, 2022); In re MD Helicopters, Inc., No. 22-10263 (KBO) (Bankr. D. Del. Apr. 22, 2022); and In re Salem Harbor Power Dev. LP, No. 22-10239 (MFW) (Bankr. D. Del. Apr. 19, 2022).

**SERVICES TO BE PROVIDED**

9. Pursuant to the Engagement Agreement, the Debtors seek to retain Kroll to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

(a) assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b) prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) provide a confidential data room, if requested;

(e) manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f) provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

**PROFESSIONAL COMPENSATION**

10. The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Kroll as Administrative Advisor. The Debtors believe Kroll's rates are reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise. Additionally, Kroll will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11. Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

12. As stated in the Section 156(c) Application, prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $40,000, which was received by Kroll on October 25, 2024. Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.

13. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Kroll and its members, directors, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

**DISINTERESTEDNESS**

14. Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code,

as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Kroll believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR RELIEF

16. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

18. In light of the size and complexity of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Kroll pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these Chapter 11 Cases. The Debtors also believe that the terms and conditions of the

Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these Chapter 11 Cases.

19. Accordingly, to help manage administrative tasks with respect to the tens of thousands of creditors and other parties in interest that are expected to be involved in these Chapter 11 Cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Kroll as the Administrative Advisor pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## NOTICE

20. Notice of this Section 327(a) Application will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the employment and retention of Kroll as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Dated: November 26, 2024
Wilmington, Delaware

**Franchise Group, Inc.**

*/s/ David Orlofsky*
David Orlofsky
Chief Restructuring Officer