## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**:<br>**December 10, 2024 at 10:00 a.m. (ET)** |
| | **Objection Deadline**:<br>**December 3, 2024 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER
## EXTENDING TIME TO FILE SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), under sections 105(a) and 521(a)(1)(B) of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rules 1007(c) and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), extending the time within which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") through and including December 20, 2024, without prejudice to the Debtors' rights to seek further extensions of such deadline.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (the "<u>Amended Standing Order</u>").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 521(a)(1)(B) of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006, and Local Rule 9006-2.

## BACKGROUND

4.      On November 3, 2024 (the "<u>Petition Date</u>"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>") in the Court.  The

Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

## RELIEF REQUESTED

7.     By this Motion, the Debtors request entry of the Proposed Order extending the time within which the Debtors must file their Schedules and Statements through and including December 20, 2024, without prejudice to the Debtors' rights to seek further extensions thereof. Since this request is being filed before the expiration of the Current Schedules Deadline (as defined below), under Local Rule 9006-2, the Debtors are granted an automatic bridge order until a hearing is held on this Motion.

## BASIS FOR RELIEF

8.     Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen (14) days of the Petition Date.  Under Local Rule 1007-1(b), the deadline is automatically extended to the date that is twenty-eight (28) days after the Petition Date, not including the Petition Date, if (i) the debtors'

---

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

bankruptcy petitions are accompanied by a list of all of the debtors' creditors and their addresses, in accordance with Local Rule 1007-2, and (ii) the total number of creditors in the chapter 11 cases exceeds 200.  See Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a).  The Debtors filed a list of the Debtors' creditors and their addresses [Docket No. 69] (the "Creditors List"), and the Creditors List includes more than 200 creditors.  Accordingly, the deadline for the Debtors to file the Schedules and Statements is automatically extended to December 2, 2024 (the "Current Schedules Deadline").[3]

9.      Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), the Court has authority to further extend the time required for filing the Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(a)(5), 1007(c).   Here, the Debtors respectfully submit that good and sufficient cause exists to further extend the Current Schedules Deadline as requested herein, based on (i) the size and complexity of the Debtors' businesses, (ii) the number of potential creditors of the Debtors, and (iii) the numerous burdens imposed by the Debtors' chapter 11 efforts, particularly in the early days of these Chapter 11 Cases.  To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records, and documents relating to their assets, contracts, and claims of creditors.   This information is voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors.   The magnitude of such task—coupled with the Debtors' transition into chapter 11, the Debtors' efforts to market their assets, the various contested matters and issues that have required the Debtors' and their advisors' attention, and the ongoing day-to-day burdens of operating the Debtors'

---

[3]  Twenty-eight (28) days from November 3, 2024 is Sunday, December 1, 2024.  Accordingly, pursuant to Bankruptcy Rule 9006, the next business day for the purposes of establishing the Current Schedules Deadline is Monday, December 2, 2024.

businesses—supports an extension of the deadline set forth in the Bankruptcy Code and Bankruptcy Rules for filing the Schedules and Statements. Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest. Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which, in turn, will promote the efficient administration of these Chapter 11 Cases.

10.     Further, considering the amount of work entailed in completing the Schedules and Statements, combined with the competing demands on the Debtors' employees and professionals in their efforts to stabilize business operations during the initial postpetition period, the Debtors respectfully submit that cause exists to extend the deadlines to complete the Schedules and Statements. Specifically, the Debtors' management team is actively involved in and focused on the ongoing postpetition marketing process of the Debtors' assets. Allowing the Debtors to focus their attention on stabilizing their operations at the outset of these Chapter 11 Cases and maximizing the value realized from a sale of their assets, rather than consuming the time and resources of the Debtors and their professionals with the completion of the Schedules and Statements, will provide a substantial benefit to the Debtors' businesses, their estates, and all parties in interest.

11.     Moreover, during any additional time that the Debtors are permitted to spend preparing the Schedules and Statements, creditors and other interested parties will still have a high level of visibility into the Debtors' financial affairs through the Debtors' monthly reporting in these Chapter 11 Cases.

12.     Based upon the foregoing, the Debtors respectfully submit that there exists good and sufficient cause for granting the requested extension of time. The Debtors, therefore,

respectfully request that the Court extend the Current Schedules Deadline through and including December 20, 2024, without prejudice to the Debtors' right to request further extensions, for cause shown.

## NOTICE

13.     Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be just and proper.

Dated: November 26, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*