## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**December 10, 2024 at 10:00 a.m. (ET)** |
| | **Objection Deadline:**<br>**December 3, 2024 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF ESTATE PROFESSIONALS

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially

in the form attached hereto as Exhibit A (the "Proposed Order"), (a) establishing procedures for

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

interim compensation and reimbursement of expenses for professionals retained pursuant to sections 327 or 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and (b) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 330, 331, and 105(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On November 19, 2024, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No.

188] (the "Committee").

6.    Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of*

*David Orlofsky in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15]

(the "First Day Declaration").[2]

## RELIEF REQUESTED

7.    By this Motion, the Debtors seek entry of the Proposed Order, establishing

procedures for interim compensation and reimbursement of expenses for professionals retained

pursuant to sections 327 or 1103 of the Bankruptcy Code (the "Estate Professionals") and granting

related relief.

### I.    Retention of Estate Professionals

8.    The Debtors have filed applications to retain certain professionals, including,

Willkie Farr & Gallagher LLP and Young Conaway Stargatt & Taylor, LLP, as the Debtors'

bankruptcy co-counsel; Ducera Partners LLC, as the Debtors' investment banker; Kroll

Restructuring Administration LLC, as the Debtors' administrative agent; and AlixPartners LLP,

as the Debtors' financial advisor.  The Debtors may seek to retain other professionals during the

course of these Chapter 11 Cases, if the need arises.  Moreover, the Committee will similarly file

---

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, Granting Senior Postpetition Security Interests, (B) Use of Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related* Relief [Docket No. 134] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order"), as applicable.

applications to retain counsel or other professionals to assist it in fulfilling its obligations in these

Chapter 11 Cases.

## II.     Proposed Compensation and Reimbursement Procedures

9.      By this Motion, the Debtors propose that, except as otherwise provided in the DIP

Order or an order of the Court authorizing the retention of a particular Estate Professional, the

Estate Professionals be permitted to seek interim payment of compensation and reimbursement of

expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

    a.      On or after the 20th day of each calendar month, or as soon as practicable thereafter, each Estate Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by electronic or regular mail on each of the following parties (collectively, the "Notice Parties" and each, a "Notice Party"):

        i.      proposed counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. Debra M. Sinclair, Esq. (dsinclair@willkie.com), Betsy L. Feldman, Esq. (bfeldman@willkie.com), and Joseph R. Brandt Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com);

        ii.     proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn:  Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and (b) 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com);

        iii.    the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:  Timothy J. Fox, Esq. (timothy.fox@usdoj.gov);

iv.        counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com);

v.        counsel to the DIP Agent, (a) Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com);

vi.        any fee examiner appointed in these Chapter 11 Cases;

vii.        counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com);

viii.        counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and

ix.        counsel to the HoldCo Lenders at the addresses set forth in (vii) above.

Any Estate Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.        Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to an Estate Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Estate Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.        Each Monthly Fee Application shall describe and itemize the fees and expenses incurred within such period, together with (i) a summary setting

forth the total amount of fees; (ii) each Estate Professional's (and paraprofessional's) hourly rate, if applicable; (iii) time entries for each Estate Professional (redacted or modified to protect any privileged information); (iv) total time and fees; (v) allocation of fees among the estates of (a) Debtor Freedom VCM Holdings, LLC, (b) Debtors Freedom VCM Inc. and Freedom VCM Interco, Inc., and (c) the remainder of the Debtors, based upon the nature of the work performed by such Estate Professionals and the corresponding Debtor estate(s) for which such work is performed; and (vi) the amount of reimbursable expenses sought.

d.      Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, an Estate Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO").  After a CNO is filed, the Debtors are authorized and directed to pay the Estate Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application.  If a Notice of Objection was timely received and remains unresolved, an Estate Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Estate Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e.      If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Estate Professional shall attempt to resolve the objection on a consensual basis.  If, and to the extent that, the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment.  If, however, the parties are unable to reach a complete resolution of the objection within ten (10) days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Estate Professional and each of the Notice Parties.  Thereafter, the Estate Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.      At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Estate Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Estate

Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

    i.     the Monthly Fee Applications that are the subject of the request;

    ii.    the amount of fees and expenses requested;

    iii.   the amount of fees and expenses paid to date and/or subject to an Objection;

    iv.   the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

    v.    any other information requested by the Court or required by the Local Rules.

Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Estate Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the twenty-first (21st) day following service of the applicable Interim Fee Application.

g.    The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

h.    The first Interim Fee Period will cover the period from the Petition Date through January 31, 2025. Estate Professionals must file their applicable Interim Fee Applications on or before the forty-fifth (45th) day, or the next business day if such day is not a business day, following the end of each Interim Fee Period. Each Estate Professional must file and serve its first Interim Fee Application on or before March 17, 2025.

i.    The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify a Estate Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

j.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses

of Estate Professionals.  All fees and expenses paid to Estate Professionals under the Compensation Procedures are subject to (x) disgorgement until final allowance by the Court and (y) allocation as among the Debtors' estates based upon the nature of the work performed by such Estate Professionals and the corresponding Debtor estate(s) for which such work is performed.

10.     The Debtors also request that the Court limit the notice of the Interim Fee Applications and the final fee applications (the "Final Fee Applications") to (a) the Notice Parties and (b) parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The Debtors further request that (a) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any Final Fee Applications, and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "Hearing Notices"), and (b) all other parties entitled to notice be entitled to receive only the Hearing Notices. Providing notice of interim and final fee application hearings in such manner will allow the parties most active in these Chapter 11 Cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

11.     The Debtors shall include all payments made to Estate Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Estate Professionals.

12.     The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures.  In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the U.S. Trustee, to more efficiently monitor the compensation and reimbursement of Estate Professionals in these Chapter 11 Cases.

**BASIS FOR RELIEF REQUESTED**

13.     Section 330 of the Bankruptcy Code provides that, after notice and a hearing, the Court may award to professionals reasonable compensation and reimbursement of expenses. Section 331 of the Bankruptcy Code provides that all Estate Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.     Courts have generally recognized that in chapter 11 cases it is appropriate to allow payment of professionals more frequently.  In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Courts, including this one, have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. In re Am. Physician Partners, LLC, No. 23-11469 (BLS) (Bankr. D. Del. Oct. 16, 2023) [D.I. 242];  In re Yellow Corp., No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) [D.I. 519]; In re PGX Holdings, Inc., No. 23-10718 (CTG) (Bankr. D. Del. Jul. 19, 2023) [D.I. 208]; In re SiO2 Med. Prods., Inc., No. 23-10366 (JTD) (Bankr. D. Del. Apr. 25, 2023) [D.I. 200]. Accordingly, the Court has authority to enter an order authorizing the Compensation Procedures requested herein.

15.     Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors.  Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on part of the attorneys for the Debtors in providing services necessary for the successful resolution of these Chapter 11 Cases.  The Debtors have limited resources to deal with the burdens imposed by the filing of these Chapter 11 Cases.  Without the

streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtors, the Estate Professionals, the Court, the U.S. Trustee, and other parties in interest.  Moreover, the proposed Compensation Procedures are necessary to ensure that the Estate Professionals are fairly and timely compensated for their services, and that such Estate Professionals are not forced to bear undue financial burden or risk caused by prolonged delays in payment.

16.    The Compensation Procedures requested herein will:  (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to these Chapter 11 Cases; (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of undisputed Monthly Fee Applications; and (d) eliminate undue financial burdens on the Estate Professionals and avoid having the Estate Professionals fund the costs of the Debtors' Chapter 11 Cases.

17.    Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

## NOTICE

18.    Notice of this Motion will be provided to:  (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders; (iv) counsel to the DIP Agent; (v) counsel to the DIP Agent; (vi) counsel to the ABL Lenders; (vii) counsel to the Second Lien Term Loan Lenders; and (viii) counsel to the HoldCo Lenders.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 26, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted pro hac vice)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*