**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>December 10, 2024 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>December 3, 2024 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING (A) THE
DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN
PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY
COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE AND
(B) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

form attached hereto as Exhibit A (the "Proposed Order"), (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals (as hereinafter defined) on an "as needed" basis, without the submission of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, (b) waiving certain information requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), at such time as they would be applicable, in connection therewith, and (c) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-2.

**BACKGROUND**

4. On November 3, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

**THE ORDINARY COURSE PROFESSIONALS**

7. The Debtors customarily retain the services of attorneys, accountants, tax advisors, and other professionals to represent them in matters arising in the ordinary course of their business (the "Ordinary Course Professionals"). A non-exclusive list of the Ordinary Course Professionals (the "OCP List") the Debtors expect to utilize during the pendency of these Chapter 11 Cases is attached as Exhibit 1 to the Proposed Order. The Debtors anticipate utilizing the Ordinary Course

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 134] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order") as applicable.

Professionals to perform services related to the Debtors' businesses during the pendency of these Chapter 11 Cases.

8.     In contrast to the proposed retention procedure for Ordinary Course Professionals, the Debtors have filed individual retention applications for professionals that the Debtors seek to employ in connection with the administration of these Chapter 11 Cases (the "<u>Chapter 11 Professionals</u>").  The Debtors anticipate that the Chapter 11 Professionals will be compensated and reimbursed in accordance with certain interim compensation procedures that will be separately approved by the Court.[3]

## RELIEF REQUESTED

9.     By this Motion, the Debtors request that the Court enter the Proposed Order (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission to the Court of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, and (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith.

## PROPOSED RETENTION PROCEDURE

10.    To provide interested parties and the Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with the Court, and to serve upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Betsy L.

---

[3]  To that end, the Debtors anticipate filing a motion to establish procedures for interim compensation and reimbursement of expenses for the Chapter 11 Professionals.

Feldman, Esq. (bfeldman@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (ii) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and (b) 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (jennifer.ezring@lw.com), James Ktsanes, Esq. (james.ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White &

Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above, (collectively, the "Notice Parties"), a disclosure declaration (the "Declaration"), in the form attached to the Proposed Order as Exhibit 2, at least fourteen (14) days before submitting an invoice to the Debtors. Such Declaration shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (f) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

11. The Debtors further request that all parties in interest have fourteen (14) days from the date of the filing and service of the Declaration to object to the retention of an Ordinary Course Professional. Any such objection must be timely filed with the Court and served upon the Ordinary Course Professional and the Notice Parties. If no timely objection to the retention of the Ordinary Course Professional is filed and served, or if all objections are withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of the Court effective as of the Petition Date. If an objection is filed and cannot be resolved and/or

withdrawn within twenty (20) days after service of such objection, the Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to the Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

12. The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on the OCP List, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with the Court one or more supplements to the OCP List (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on the OCP List, each additional Ordinary Course Professional identified in a Supplemental Notice be required to file and serve upon the Court and the Notice Parties a Declaration at least fourteen (14) days before submitting an invoice to the Debtors. All parties in interest would have fourteen (14) days after service of a Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are resolved and/or withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of the Court effective as of the Petition Date.

**PROPOSED PAYMENT PROCEDURE**

13. The Debtors seek authority to pay, in the manner customarily made by the Debtors and without any application to the Court by any Ordinary Course Professional, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional so long as such fees and expenses do not exceed the cap established herein. Absent further order of the Court, the

Debtors will not pay any fees or expenses to an Ordinary Course Professional unless and until the Ordinary Course Professional is retained pursuant to the procedures set forth herein. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

14. The Debtors propose that they be permitted to pay, without any application to the Court by any Ordinary Course Professional, the fees and expenses of any Ordinary Course Professional in an amount not to exceed $50,000 per month, on average, over a rolling three-month period (the "OCP Cap") to any particular Ordinary Course Professional listed on the OCP List, unless otherwise authorized by the Court. If any particular Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professional must apply for approval by the Court of all of such Ordinary Course Professional's fees and expenses for such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court, provided, however, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.

15. The Debtors, as a matter of course, will carefully review all billing statements received from the Ordinary Course Professionals to ensure that the fees charged are reasonable

and that the expenses incurred are necessary. This type of review, coupled with the proposed OCP Cap, will protect the Debtors' estates against excessive and improper billings.

16. The Debtors further propose to file a payment summary statement (the "OCP Statement") with the Court not more than thirty (30) days after the end of each three-month period during these Chapter 11 Cases, or such other period as the Court directs, and to serve such statement on the Notice Parties. For the avoidance of doubt, if the requested relief is granted, the first OCP Statement will be due on March 3, 2025 for the period from the Petition Date through and including January 31, 2025. The OCP Statement will include the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

17. The Notice Parties shall file and serve on the Debtors and any applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within fourteen (14) calendar days following the filing of each OCP Statement. If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code. Any fees and expenses that are ultimately not allowed by the Court after resolution of such an objection shall be subject to disgorgement.

**BASIS FOR RELIEF**

**I.    The Retention of the Ordinary Course Professionals and the Proposed Procedures Related Thereto Are Appropriate and in the Best Interests of the Debtors, Their Estates, and Their Creditors**

18. The Ordinary Course Professionals are not "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by the Court. See, e.g., In

9

re Napoleon, 233 B.R. 910, 913 (Bankr. D. N.J. 1999) ("In order to be considered a 'professional person' within the meaning of § 327, it is not enough that the party be a professional by education or training.  Instead he or she must also play an integral role in the administration of the bankruptcy case."); Elstead v. Nolden (In re That's Entm't Mkt'g Grp., Inc.), 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); In re Madison Mgmt. Grp., Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re Sieling Assocs. Ltd. P'ship, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (explaining "the phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate," thus professionals involved only in the debtor's ongoing business do not require approval under section 327).  Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Chapter 11 Cases.

19.     The work performed by the Ordinary Course Professionals, albeit ordinary course, is important to preserve the value of the Debtors' estates.  It would be unduly cumbersome and expensive if the Debtors were required to (a) submit to the Court an employment application, declaration, and proposed retention order for each Ordinary Course Professional, (b) wait for entry of an order approving the retention of the Ordinary Course Professionals, and (c) withhold payment of the fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.  Further, some of the Ordinary Course Professionals may be unfamiliar with the employment and fee application

procedures employed in bankruptcy cases. Finally, some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates. Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the Debtors' businesses.

20.    The Debtors submit that the employment and compensation of the Ordinary Course Professionals is in the best interests of their estates, creditors and other parties-in-interest. In light of the number of Ordinary Court Professionals, and the costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, requiring each Ordinary Course Professional to file employment applications and follow the fee application process required of the Chapter 11 Professionals would unnecessarily burden the Court and the U.S. Trustee's office with unnecessary employment and fee applications, while adding to the administrative costs of these Chapter 11 Cases, without any corresponding benefit to the Debtors' estates. This Motion proposes a reasonable and customary procedure to alleviate that burden.

21.    Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors or hold prepetition retainers in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, creditors, or other parties in interest in connection with the matter upon which they are to be engaged, and each Ordinary Course Professional would meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this

Motion, the Debtors are <u>not</u> requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## II. The Requested Limited Waiver of Local Rule 2016-2 Is Justified Under the Circumstances

22. Finally, pursuant to the proposed procedures, in the event that an Ordinary Course Professional exceeds the OCP Cap, any such Ordinary Course Professional shall be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.  However, it may not be the general practice of the Ordinary Course Professionals to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d).  Because such Ordinary Course Professionals may not ordinarily maintain such time records—and would not be required to submit time records to the Court unless the OCP Cap is exceeded—requiring such Ordinary Course Professionals to comply with Local Rule 2016-2(d) in those instances when a fee application is necessary would in effect require Ordinary Course Professionals to start maintaining such records at the outset of these Chapter 11 Cases in the unlikely event the OCP Cap is exceeded at some point during the course of these Chapter 11 Cases. It would be difficult, time-consuming, and expensive for such Ordinary Course Professionals to comply with Local Rule 2016-2(d) and, given the relatively modest amounts likely to be at issue, a waste of resources.  As such, the Debtors seek a waiver of the information requirements set forth in Local Rule 2016-2(d) for those Ordinary Course Professionals, <u>and only those professionals</u>, that do not, in the ordinary course of business, keep detailed time records in tenths-of-an-hour.

23. Notwithstanding that such Ordinary Course Professionals do not keep time records in increments of tenths-of-an-hour, if a fee application is ultimately required, such Ordinary Course Professionals shall submit time records setting forth, in a summary format, a description of the

services rendered and the professionals rendering such services on behalf of the Debtor. In addition, the waiver requested hereby shall only apply to those Ordinary Course Professionals whose Declaration states that they do not keep, in the ordinary course of business, detailed time records that would comply with Local Rule 2016-2(d). As such, the Notice Parties will have an opportunity to object to any such requested waiver to the extent they think it is improper.

24. Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

**RESERVATION OF RIGHTS**

25. Nothing in this Motion or Proposed Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

26. Nothing in the Proposed Order or this Motion shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of any Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

27. Nothing in the Proposed Order or this Motion shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

## **NOTICE**

28. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders, and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 26, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*