# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket. No. __** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DUCERA PARTNERS LLC AS INVESTMENT BANKER TO THE DEBTORS EFFECTIVE AS OF PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, authorizing the retention and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

employment of Ducera as investment banker to the Debtors in accordance with the terms and conditions set forth in the engagement letter dated as of June 27, 2024, as amended by that certain amendment to the engagement letter, dated as of October 24, 2024 (the "Engagement Letter"); and upon the Grubb Declaration; and the Court being satisfied, based on the representations made in the Application and the Grubb Declaration, that Ducera and its professionals are "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and neither hold nor represent any adverse interest in these Chapter 11 Cases; and the Court having found that the terms and conditions of Ducera's employment, including, but not limited to, the Fee and Expense Structure set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, THAT:**

1.　　The Application is APPROVED as set forth herein, effective as of the Petition Date.

2.　　The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, to retain and employ Ducera as their investment banker in accordance with the terms and conditions set forth in the Engagement

Letter, and to pay fees and reimburse expenses to Ducera on the terms and at the times specified in the Engagement Letter.

3. The terms of the Engagement Letter attached to the Application as <u>Exhibit C</u> and <u>Exhibit D</u> are approved in all respects except as limited or modified herein.

4. Ducera's compensation, as set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code. Ducera shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of this Order and the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

5. None of the fees payable to Ducera under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

6. Notwithstanding any provision to the contrary in this Order, the Application, the Engagement Letter, or the Grubb Declaration, the U.S. Trustee shall have the right to object to Ducera's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Ducera's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Ducera's fees and reimbursement expenses.

7. Ducera is granted a limited waiver of the information requirements relating to compensation requests to the extent requested in the Application. Ducera shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour (0.5) increments, and notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any other guidelines regarding submission and approval of fee applications, Ducera shall be excused from keeping time in tenth-hour (0.1) increments and shall not be required to provide or conform to any schedule of hourly rates.

8. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Ducera absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals, provided that Ducera shall file monthly fee statements with time entries and requests for reimbursement that comply with Local Rule 2016-2, except as otherwise expressly set forth in this Order, pursuant to the deadlines and other procedures specified for monthly fee statements set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals.

9. In the event that, during the pendency of these Chapter 11 Cases, Ducera seeks reimbursement for any attorneys' fees and expenses, the invoices and supporting time records from such attorneys shall be included in Ducera's fee applications and shall be in compliance with Local Rule 2016-1, and shall be subject to the guidelines of the U.S. Trustee and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether

such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that Ducera shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

10. The Debtors shall be bound by the indemnification, contribution, and reimbursement provisions of the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

(a) No Indemnified Person (as defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(b) The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Ducera's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Ducera must file an application therefor in this Court, and the Debtors may not pay any such

5

    amounts to Ducera before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ducera and the other Indemnified Persons for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest, including, for the avoidance of doubt, the United States Trustee, shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement.

11. During the course of these Chapter 11 Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

12. The Debtors and Ducera are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, or 9014.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

15. To the extent that this Order is inconsistent with the Application or the Engagement Letter, the terms of this Order shall govern.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.