**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' NOTICE OF DEPOSITION OF PACIFIC INVESTMENT MANAGEMENT COMPANY PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 30 (the "Federal Rules"), made applicable by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") the Debtors, by and through their undersigned counsel, in connection with the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[Docket No. 192], will take the deposition upon oral examination of Pacific Investment Management Company LLC ("PIMCO") at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, commencing on **December 5, 2024 at 9:00 a.m**. (ET), or at such other time and place as counsel for the parties may mutually agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules, the person(s) designated by PIMCO should be prepared to testify as to such matters known or reasonably available to PIMCO concerning the topics set forth in the attached Exhibit A.

PLEASE TAKE FURTHER NOTICE that, the deposition will proceed before an officer authorized by law to administer oaths, will be recorded by audio, video, and/or stenographic means, and will continue from day to day until completed. The deposition will be taken for all purposes permitted by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The deposition is being taken for discovery, for use at any evidentiary hearing or trial, or for any purposes that are permitted by law or under the rules of this Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 27, 2024
       Wilmington, Delaware

**WILLKIE FARR & GALLAGHER LLP**

*/s/ James C. Dugan*
James C. Dugan (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jdugan@willkie.com
slombardi@willkie.com

  -and-

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**EXHIBIT A**

**DEFINITIONS**

For the purposes of these topics on which deposition testimony is sought (collectively, the "**Topics**," and each, a "**Topic**"), the following definitions shall apply:

1. "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic all responses that might otherwise be construed to be outside of its scope.

2. "**Any**" and "**all**" shall be construed so as to include both "all" and "any" and to include the terms "each" and "every."

3. The use of the singular form of any word includes the plural and vice versa.

4. All terms defined herein shall have the meanings set forth in these Definitions, whether such terms are capitalized in these requests or not.

5. "**PIMCO**," "**You**," or "**Your**" shall have the meaning of Pacific Investment Management Company.

6. "**Ad Hoc Group of Freedom Lenders**" shall have the combined meaning of the HoldCo Lenders and the OpCo 2L Lenders.

7. "**Affiliate**" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

8. "**Bankruptcy Code**" means title 11 of the United States Code, as amended.

9. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

10. "**Chapter 11 Cases**" means the voluntary chapter 11 cases commenced on the Petition Date by the Debtors in the Bankruptcy Court.

11. "**Communication**" means and refers to the transmittal of information (in the form of words, facts, ideas, inquiries or otherwise), including any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone, e-mail or any other medium, whether formal or informal.

12. "**Concerning**," "**regarding**," "**in connection with**," "**relating to**," and/or "**referring to**" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

13. "**Control**" means possession, custody or control, and includes constructive possession, provided that You, Your attorneys, agents, or representatives have a right to compel production of the Document or Communication from a source with possession thereof.

14. "**Motion to Terminate Exclusivity**" means the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors* [D.I. 192].

15. "**Debtors**" means Franchise Group, Inc. and its affiliated debtors, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases.

16. "**DIP Facility**" shall have the meaning set forth in the First-Day Declaration.

17. The "**Take-Private Transaction**" shall have the meaning set forth in the First-Day Declaration.

18. "**DIP Financing**" shall refer to interim lending for the duration of the Chapter

11 Cases.

19. **"Document"** means and refers to writings, Communications, and data compilations and any tangible thing on or in which words or data are preserved by any means or in any form, including, without limitation, correspondence, letters, envelopes, telegrams, telexes, minutes, notes or memoranda of personal or telephone conversations or conferences, telephone logs, memoranda, handwritten or stenographic notes, electronic mail, diaries, calendars, contracts, purchase orders, invoices, accounts, ledgers, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, video or audio tapes, belts or disks, voice recordings, transcripts or transcriptions, computer printouts, magnetically encoded cards or tapes, microfilms, microfiches, and any other data compilations from which words, numbers, images or other information can be obtained, and shall include all drafts and non-identical copies of such documents. "Documents" include not only paper records but any of the foregoing items or writings which may be recorded or stored in any form of electronic media (translated, if necessary, to appropriate devices in reasonably usable form), including but not limited to CD-ROMs, floppy disks, computer hard drives, magnetic tape, or optical disks. In the case of multiple non-identical drafts or versions of a document, each non-identical draft or version, including red-lined or compared copies of documents, is a separate document.

20. **"HoldCo Debtors"** refers to Freedom VCM, Inc. and Freedom VCM Interco, Inc.

21. **"HoldCo Lenders"** refers to Lenders, as defined in that certain Credit

Agreement, dated as of August 21, 2023 among Freedom VCM Interco, Inc., Freedom VCM, Inc., and Alter Domus (US) LLC (as amended, restated, supplemented or otherwise modified from time to time).

22. "**OpCo Debtors**" refers to Franchise Group, Inc. and its operating subsidiaries.

23. "**Identify**" means:

a. when used in reference to a Communication, occurrence, event, act, or fact, "identify" means to (i) state the time and place thereof, (ii) identify the initiating person, (iii) identify all persons who were present at, participated in, or have knowledge or information relating thereto, (iv) describe the subject matter thereof, and (v) identify all Documents referring to such Communication, occurrence, event, act or fact.

b. when used in reference to a Document, "identify" means to (i) state the date of the document, (ii) identify the author(s) (and, if different, the signer(s), addressee(s), and all persons who received or reviewed the documents or copies thereof), and (iii) describe the document, including its type (*e.g.*, letter, report, facsimile, etc.), its present or last known location, and its present custodian.

24. "**Including**" means "including, without limitation" or "including, but not limited to."

25. "**HoldCo Facility**" the facility as defined in that certain Credit Agreement, dated as of August 21, 2023.

26. "**OpCo 2L Lenders**" refers to Second Lien Claimholders, as defined in that certain Second Lien Credit Agreement, dated as of March 10, 2021, among Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, Franchise Group NewCo Intermediate AF, LLC, and Alter Domus (US) LLC (as amended, restated, supplemented or

otherwise modified from time to time).

27. "**Person**" means a natural person or any entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

28. "**Petition Date**" means November 3, 2024.

29. "**Relate**" and "**Relating to**" means concerning, constituting, describing, evidencing, consisting of, referring to, pertaining to, reflecting, or in any way logically or factually connected with the matter discussed, in whole or part, directly or indirectly.

30. "**Second-Day Hearing**" refers to the hearing in the above-captioned matter to take place on December 10, 2024.

31. "**Second-Day Motions**" refers to the filings to be submitted on December 10, 2024 during the Second-Day Hearing.

32. "**Proposed Plan**" refers to the *Chapter II Plan of Reorganization Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [D.I. 150].

33. "**Proposed HoldCo Plan**" refers to the Proposed Plan, as it relates to the HoldCo Debtors.

34. "**Freedom Lender Plan**" refers to the plan of reorganization drafted by the Freedom Lender Group and referenced throughout the Motion to Terminate Exclusivity.

## INSTRUCTIONS

The preceding Definitions apply to each of the following Instructions:

1. Pursuant to Rule 30(b)(6) of the Federal Rules and Rule 7030 of the Bankruptcy Rules, You shall designate one or more officers, directors, managing agents, or other persons who

are knowledgeable and who consent to testify on Your behalf with respect to the following Topics.

2. The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics. If no single witness is capable of testifying knowledgeably about all of the Topics listed, You may designate more than one witness.

3. Each of the Definitions and Instructions applies to each Topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular Topic, or that a particular Topic may incorporate supplemental instructions or definitions.

4. Each and every reference to a person, without any limitation (a) shall be deemed to include that person's agents, attorneys, and any other person who acted on that person's behalf; and (b) with respect to fictious persons, shall be deemed to include each and all of its affiliates, divisions, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted on its behalf.

5. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive, and the present tense shall include the past tense and the past tense shall include the present tense.

## TOPICS OF EXAMINATION

1. The basis for Your claim that you are entitled to relief in connection with your motion to terminate exclusivity in the HoldCo Debtors' cases.

2. The basis for Your claim that you are entitled to relief in connection with your motion to lift the automatic stay in the HoldCo Debtors' cases.

3. The basis for Your claim that you are entitled to relief in connection with your motion to appoint a Chapter 11 Trustee in the HoldCo Debtors' cases.

4. The basis for Your contention that the Proposed HoldCo Plan is not confirmable.

5. The basis for Your contention that the Debtors did not make good faith progress in plan negotiations.

6. The basis for Your contention that the Freedom Lender Plan is a "file-ready alternative to the proposed HoldCo Plan" that is confirmable.

7. The basis for Your contention that the HoldCo Debtors and OpCo Debtors have conflicts of interest warranting appointment of a Trustee for the HoldCo Debtors.

8. The basis for Your contention that there "is no party focused on honoring the fiduciary obligations of the HoldCo Debtors."

9. The basis for Your contention that the Freedom Lender Plan is simple and provides value to the HoldCo Lenders and other creditors of the HoldCo Debtors.

10. The basis for Your contention that confirmation of the Freedom Lender Plan would allow the HoldCo Lenders to maximize their recoveries by asserting and prosecuting the claims and causes of action of the HoldCo Debtors.

11. All alleged claims and causes of action identified in Topic Number 10 above.

12. The basis for all Your claims or contentions regarding the HoldCo Loans and payments received on those loans.

13. Any involvement of PIMCO in the Take-Private Transaction.