## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 15, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>December 17, 2024 at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR EFFECTIVE AS OF THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this application (the "Application") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

the Debtors to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as their independent auditor, effective as of the Petition Date (as defined below), in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Deloitte & Touche, dated October 22, 2024 (the "Engagement Letter").  In support of this Application, the Debtors submit the *Declaration of Bradley Vineyard in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Deloitte & Touche LLP as Independent Auditor Effective as of the Petition Date* (the "Vineyard Declaration"), attached hereto as Exhibit B.  In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code in the Court (the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15].

## RELIEF REQUESTED

7. By this Application, the Debtors seek entry of the Proposed Order, authorizing the Debtors to employ and retain Deloitte & Touche as their independent auditor, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter.

## DELOITTE & TOUCHE'S QUALIFICATIONS

8. The Debtors seek to employ and retain Deloitte & Touche to provide independent audit services. Deloitte & Touche has significant experience performing independent audit services and has performed such services in large and complex chapter 11 cases on behalf of debtors throughout the United States. Such experience renders Deloitte & Touche well qualified

and able to provide services to the Debtors in a cost-effective, efficient, and timely manner. Deloitte & Touche's services fulfill an important need and are not provided by any of the Debtors' other professionals.

9. Deloitte & Touche has provided various professional services to the Debtors since approximately September 2019. In providing such prepetition professional services to the Debtors, Deloitte & Touche became familiar with the Debtors and their businesses, including the Debtors' financial affairs, debt structure, operations, and related matters. Having worked with the Debtors' management, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and efficient services for the Debtors. Accordingly, Deloitte & Touche is both well qualified and able to provide independent audit services for the Debtors.

## SERVICES PROVIDED BY DELOITTE & TOUCHE

10. Subject to the Court's approval of the Application, as set forth more fully in the Engagement Letter,[2] Deloitte & Touche has agreed to provide certain independent audit and review services to the Debtors in accordance with the terms and conditions of the Engagement Letter. Specifically, Deloitte & Touche will perform an audit in accordance with generally accepted auditing standards ("GAAP") and express an opinion on whether Debtors Freedom VCM Holdings, LLC's, Freedom VCM, Inc.'s, Franchise Group, Inc.'s, and Pet Supplies Plus, LLC's

---

[2] The summary of the Engagement Letter provided for herein is for convenience only. To the extent that the summary contained herein conflicts with the Engagement Letter, the Engagement Letter shall control in all respects. Capitalized terms used but not otherwise defined in the summary shall have the meanings ascribed to such terms in the Engagement Letter.

4

consolidated financial statements for the fiscal years ending 2024 are presented fairly, in all material respects, in accordance with GAAP.

11.     Pursuant to the Engagement Letter, Deloitte & Touche may provide additional audit services and conduct procedures associated with the services described above that are beyond the scope of the base audit procedures that were anticipated to be performed at the respective times the Engagement Letter was signed (collectively, the "<u>Out-of-Scope Services</u>").

12.     In addition to the foregoing, Deloitte & Touche, at the request of the Debtors, may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should Deloitte & Touche agree in its discretion to undertake any such matter, Deloitte & Touche and the Debtors may enter into additional engagement letters and statements of work, as is necessary, and file, for disclosure purposes, such additional engagement letters and statements of work with the Court.  Unless required by the Court, the Debtors and Deloitte & Touche do not intend to seek separate retention orders with regard to any additional engagement letters or statements of work.  Instead, any additional engagement letters or statements of work will be appended to a notice that will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within ten days after the filing and service of such notice, such additional engagement agreement(s) will be performed by Deloitte & Touche pursuant to the Proposed Order.

## **PROFESSIONAL COMPENSATION**

13.     Deloitte & Touche's retention by the Debtors is conditioned upon its ability to be retained in accordance with its terms and conditions of employment, including the proposed compensation arrangements set forth in the Engagement Letter, as modified by the Proposed Order.

14. Pursuant to the Engagement Letter, with respect to the base audit services performed thereunder, the parties agreed that Deloitte & Touche will bill the Debtors a fixed fee for such services in the amount of $2,295,000, which shall be billed on a monthly basis (the "Fixed Fee"). Prior to the Petition Date and upon the execution of the Engagement Letter, Deloitte & Touche received an advance payment of $450,000 pursuant to the terms of the Engagement Letter, which payment shall count towards the Fixed Fee.

15. To the extent Deloitte & Touche performs any Out-of-Scope Services for the Debtors, the Debtors and Deloitte & Touche have agreed that the Out-of-Scope Services will be billed to the Debtors at the following hourly rates:

| Professional Level | Hourly Rates |
| --- | --- |
| Partner / Principal / Managing Director | $980 |
| Senior Manager | $970 |
| Manager | $845 |
| Senior | $740 |
| Staff | $615 |

16. In addition to the rates set forth above, the Debtors propose to reimburse Deloitte & Touche for all actual, reasonable, and necessary expenses actually incurred including, but not limited to, expenses incurred on account of travel and lodging, report production delivery services, and other expenses, which will be billed separately and in addition to the Fixed Fee.

17. The Debtors are advised that the compensation terms contemplated by the Engagement Letter are reasonable and comparable to those generally charged by independent auditors of similar stature to Deloitte & Touche for similar engagements. The fee structure summarized above is consistent with Deloitte & Touche's billing practices for comparable engagements. The Debtors submit that the compensation terms are fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

18. The Debtors propose that all compensation and expenses be sought in accordance with section 328(a) of the Bankruptcy Code and not be subject to any other standard of review, including section 330 of the Bankruptcy Code. The Debtors also propose that, notwithstanding Deloitte & Touche's retention under section 328(a), the U.S. Trustee will retain the right to object to the compensation to be paid to Deloitte & Touche pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

19. According to the Debtors' books and records, the Debtors paid Deloitte & Touche approximately $736,000, including the advance amount described above, on account of invoices issued by Deloitte & Touche during the 90-day period before the Petition Date. As of the Petition Date, approximately $6,400 was outstanding with respect to out-of-pocket expenses incurred by Deloitte & Touche prior to such date. Subject to the Court's approval of the Application, Deloitte & Touche agrees that it will not seek a recovery on account of such outstanding amounts and will consider any claims against the Debtors' estates on account of such outstanding amounts waived.

20. The Debtors are advised that Deloitte & Touche intends to file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix A to 28 C.F.R. § 58) (together with any other applicable guidelines issued by the U.S. Trustee, the "U.S. Trustee Guidelines") established by the U.S. Trustee, the Local Rules, and any applicable orders of the Court.

21. Some services incidental to the tasks to be performed by Deloitte & Touche in these Chapter 11 Cases may be performed by personnel now employed by, or associated with, affiliates

of Deloitte & Touche, such as Deloitte Transactions and Business Analytics LLP, Deloitte Financial Advisory Services LLP, Deloitte Tax LLP, and Deloitte Consulting LLP, or their respective subsidiaries, including subsidiaries located outside the United States.

22.     In particular, the Debtors are informed that Deloitte & Touche may subcontract a portion of attest services to its indirect subsidiary, Deloitte & Touche Assurance & Enterprise Risk Services India Private Limited ("Deloitte & Touche India").  In such case, a specifically assigned team of personnel from Deloitte & Touche India assists in such services under the supervision, and with the input, of personnel of Deloitte & Touche.  The hourly rates charged to the clients by Deloitte & Touche for services performed by Deloitte & Touche India personnel are comparable to the hourly rates charged for similar services by Deloitte & Touche but do not directly correlate with the rates attributed to such services by Deloitte & Touche India.  The connections of Deloitte & Touche India (along with the connections of Deloitte & Touche and its other affiliates) to parties in interest in these Chapter 11 Cases were searched by Deloitte & Touche and are set forth on Schedule 2 of the Vineyard Declaration.

23.     The Debtors are advised that Deloitte & Touche has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in the Vineyard Declaration.  Deloitte & Touche has no agreement with any nonaffiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

**NO DUPLICATION OF SERVICES**

24.     The services of Deloitte & Touche will complement and not duplicate the services rendered by any other professional retained in these Chapter 11 Cases.  Deloitte & Touche understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with the Debtors to avoid any unnecessary duplication of services.

**DELOITTE & TOUCHE'S DISINTERESTEDNESS**

25. Deloitte & Touche has reviewed the list of parties in interest provided by the Debtors. To the best of the Debtors' knowledge, information, and belief, and except to the extent disclosed herein and in the Vineyard Declaration, Deloitte & Touche: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest materially adverse to the Debtors' estates; and (c) has no connection to the Debtors, their significant creditors, or other significant related parties herein, except as disclosed in the Vineyard Declaration.

26. Given the large number of parties in interest in these Chapter 11 Cases, despite the efforts to identify and disclose Deloitte & Touche's relationships with parties in interest in these chapter 11 cases, Deloitte & Touche is unable to state with certainty that every client relationship or other connection has been disclosed in the Vineyard Declaration. In the event that Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

**BASIS FOR RELIEF**

**I. The Debtors Should be Permitted to Retain and Employ Deloitte & Touche in Accordance with the Terms of the Engagement Letter Pursuant to Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code.**

27. The Debtors seek approval of the retention and employment of Deloitte & Touche pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code. Section 328(a) provides, in relevant part, that a debtor in possession, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 327(a) of the Bankruptcy Code, in turn, authorizes a debtor in possession to employ professionals that "do not hold or represent an

interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

28. Section 328 of the Bankruptcy Code permits the compensation of professionals, including auditors, on more flexible terms that reflect the nature of their services and market conditions. As the U.S. Court of Appeals for the Fifth Circuit recognized in <u>Donaldson Lufkin & Jenrette Secs. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)</u>, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d at 862 (footnote omitted).

29. The Court's approval of the Debtors' retention of Deloitte & Touche in accordance with the terms and conditions of the Engagement Letter is warranted. First, as discussed above and in the Vineyard Declaration, Deloitte & Touche satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code.[3] Deloitte & Touche began providing services for the

---

[3] Rule 2014(a) of the Bankruptcy Rules requires that an application must be made for retention of professionals pursuant to section 327 of Bankruptcy Code. Under Rule 2014(a), such application shall: "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Additionally, the application "shall be accompanied by a verified statement of the person to be employed setting forth the person's connections" to the parties in interest list. Fed. R. Bankr. P. 2014. Here,

Debtors approximately five years prior to the commencement of these Chapter 11 Cases and has already committed time and effort with respect to performing audit services for the Debtors during the Debtors' current fiscal year. The Debtors require Deloitte & Touche to continue to provide audit services. Deloitte & Touche has extensive experience and an excellent reputation in providing audit services to debtors in bankruptcy reorganizations and other restructuring situations. Deloitte & Touche has become familiar with the Debtors' business operations, capital structure, financing documents, and other material information. The Debtors believe that Deloitte & Touche is well-qualified to provide its services to the Debtors in a cost-effective, efficient, and timely manner. Furthermore, as detailed herein, Deloitte & Touche does not hold or represent an interest adverse to the estate and is disinterested.

30. In addition, the Debtors believe that the compensation terms are market-based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. Such terms reflect Deloitte & Touche's commitment to the efforts necessary to perform audit services, Deloitte & Touche's particular knowledge and experience, and the market prices for Deloitte & Touche's services for engagements of this nature both out of court and in a chapter 11 context. Indeed, the Debtors believe that the fee structure contemplated in the Engagement Letter appropriately reflects: (a) the nature and scope of services to be provided by Deloitte & Touche; and (b) Deloitte & Touche's substantial experience with respect to providing auditing services.

31. As set forth above, Deloitte & Touche intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of

---

Rule 2014 is satisfied by the contents of this Application and the Van Compernolle Declaration attached hereto.

11

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the applicable U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

## II.    The Debtors Should be Permitted to Retain and Employ Deloitte & Touche Effective as of the Petition Date

32.    The Debtors also believe that employment of Deloitte & Touche effective as of the Petition Date is warranted under the circumstances of these chapter 11 cases.  Deloitte & Touche has provided, and will continue to provide, valuable services to the Debtors regarding the contemplated restructuring transactions.  See, e.g., In re Ark. Co., 798 F.2d 645, 648 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power." (collecting cases)); see also Rule 2014-1(b) of the Local Rules ("If the retention motion is granted, the retention shall be effective as of the date the motion was filed, unless the Court orders otherwise.").

## III.    Retention of Deloitte & Touche Is Important to the Debtors' Restructuring Efforts.

33.    The Debtors submit that the retention of Deloitte & Touche is in the best interests of all parties in interest in these Chapter 11 Cases.  Deloitte & Touche is a preeminent auditing firm that is intimately familiar with the Debtors' businesses.  Denial of the relief requested herein will deprive the Debtors of the assistance of well-qualified auditing professionals who have served them since 2019.  Indeed, if the Debtors were forced to engage a new auditor who lacks a thorough understanding of the Debtors' businesses and the initiatives that have been implemented over the course of Deloitte & Touche's engagement, such change would mandate the commitment of significant resources to educate a replacement.

34.    Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry

of an order authorizing the Debtors to retain and employ Deloitte & Touche in these Chapter 11 Cases on the terms described herein and in the Engagement Letter.

## NOTICE

35. Notice of this Application has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: December 3, 2024
Wilmington, Delaware

**Franchise Group, Inc., et al.,**
**Debtors and Debtors in Possession**

*/s/ David Orlofsky*
Name: David Orlofsky
Title: Chief Restructuring Officer