# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMIT
REQUIREMENT FOR THE DEBTORS' OBJECTION TO MOTION OF
THE FREEDOM LENDER GROUP FOR ENTRY OF AN ORDER
(I) TERMINATING EXCLUSIVITY IN THE HOLDCO DEBTORS' CASES,
(II) LIFTING THE AUTOMATIC STAY IN THE HOLDCO DEBTORS' CASES,
OR (III) APPOINTING A CHAPTER 11 TRUSTEE FOR THE HOLDCO DEBTORS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to exceed the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

page limit requirement for the *Debtors' Objection to Motion of the Freedom Lender Group for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* (the "Objection"),[2] filed contemporaneously herewith. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Local Rule 7007-2 and the General Chambers Procedures (as defined below).

## RELIEF REQUESTED

4. By this Motion, pursuant to Local Rule 7007-2 and the General Chambers Procedures, dated June 30, 2011, as may be supplemented, amended, or modified from time to time (the "General Chambers Procedures"), the Debtors hereby request that the Court enter the

---

[2] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Objection.

2

Proposed Order authorizing the Debtors to exceed the page limit requirement that may otherwise be applicable to the Objection.

## BACKGROUND

### I. General

5. On November 3, 2024, each of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the Court (the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

7. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15].

### II. The Freedom Lender Group Motion and the Objection

8. On November 20, 2024, certain of the Lenders (the "Freedom Lender Group") under that certain *Credit Agreement*, dated as of August 21, 2023, as amended restated, supplemented or otherwise modified, among Freedom VCM Interco, Inc. as Borrower, Freedom VCM, Inc. as Holdings, Alter Domus (US) LLC as administrative agent, and the lenders party thereto, filed the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the*

*Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192] (the "Freedom Lender Group Motion"). The Freedom Lender Group Motion seeks to (i) terminate the plan exclusivity periods provided by section 1121(d) of the Bankruptcy Code for Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (together, the "HoldCo Debtors"), (ii) lift the automatic stay imposed by section 362 of the Bankruptcy Code in the HoldCo Debtors' Chapter 11 Cases, or (iii) appoint a chapter 11 trustee under section 1104 of the Bankruptcy Code for the HoldCo Debtors.

## BASIS FOR RELIEF

9. Local Rule 7007-2 and the General Chambers Procedures[3] provide that no opening or answering brief shall exceed thirty (30) pages and no reply shall exceed fifteen (15) pages, in each instance, exclusive of any tables of contents and citations. Del. Bankr. L.R. 7007- 2(a)(iv). However, an answering brief or objection may exceed thirty (30) pages with leave of court. *Id.*

10. The Debtors respectfully submit that authority to exceed the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures in connection with the Objection is reasonable and appropriate under the circumstances. The Objection, as currently drafted, slightly exceeds the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures. The Motion is effectively three motions combined as one—it seeks three separate forms of relief, each of which is fact driven and necessitates a thorough response. The Objection presents the Debtors' objections to the Freedom Lender Group Motion and independently sets forth why the Freedom Lender Group has not shown cause for the Court to

---

[3] The General Chambers Procedures provide that "[a]ll briefs and memoranda in main bankruptcy cases and adversary proceedings must comply with Del. Bankr. L.R. 7007-2." The General Chambers Procedures do not expressly apply to motion practice, and, therefore, may not be applicable to the Objection. However, the Debtors are filing this Motion out of an abundance of caution to the extent that the General Chambers Procedures are applicable to the Objection.

(i) terminate exclusivity; (ii) lift the automatic stay; or (iii) appoint a chapter 11 trustee, respectively.

11. To adequately respond to the Freedom Lender Group Motion and the complex arguments and issues raised therein, and to provide the Court with a complete picture of the issues that will be presented at the hearing of matters scheduled for December 10, 2024 at 10:00 a.m. (ET), the Debtors respectfully request that the Court grant the relief sought herein.

## NOTICE

12. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 3, 2024
      Wilmington, Delaware

                              **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                              */s/ Shella Borovinskaya*
                              Edmon L. Morton (Del. No. 3856)
                              Matthew B. Lunn (Del. No. 4119)
                              Allison S. Mielke (Del. No. 5934)
                              Shella Borovinskaya (Del. No. 6758)
                              Rodney Square
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253
                              emorton@ycst.com
                              mlunn@ycst.com
                              amielke@ycst.com
                              sborovinskaya@ycst.com

                              -and-

                              **WILLKIE FARR & GALLAGHER LLP**
                              Debra M. Sinclair (admitted *pro hac vice*)
                              Matthew A. Feldman (admitted pro hac vice)
                              Betsy L. Feldman (Del. No. 6410)
                              Joseph R. Brandt (admitted *pro hac vice*)
                              787 Seventh Avenue
                              New York, New York 10019
                              Telephone: (212) 728-8000
                              Facsimile: (212) 728-8111
                              dsinclair@willkie.com
                              mfeldman@willkie.com
                              bfeldman@willkie.com
                              jbrandt@willkie.com

                              *Proposed Co-Counsel to the Debtors and Debtors in Possession*