**Exhibit F**

November 6 Proposal

| | |
|---|---|
| **From:** | Sinclair, Debra |
| **To:** | Goldstein, Jayme; Evans, Jeremy; Sasson, Isaac; Fliman, Dan |
| **Cc:** | Feldman, Matthew; FRGWillkie |
| **Subject:** | [EXT] Fwd: Re: DIP Proposal |
| **Date:** | Wednesday, November 6, 2024 8:32:07 AM |

**--- External Email ---**

Report Suspicious

PH team - please see the below proposal from White & Case, which we have informed W&C we will be sharing with you. Jayme, tried you back. Let's talk when you can.

–

**Debra McElligott Sinclair**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8719 | Fax: +1 212 728 8111
dsinclair@willkie.com | vCard | www.willkie.com bio


---------- Forwarded message ----------

**From:** Lauria, Thomas E <tlauria@whitecase.com>
**Date:** November 6, 2024 at 6:43:39 AM EST
**Subject:** RE: Re: DIP Proposal
**To:** Sinclair, Debra <DSinclair@willkie.com>
**Cc:** W&C Project Buckeye <ProjectBuckeye@whitecase.com>,Feldman, Matthew <mfeldman@willkie.com>,FRGWillkie <FRGWillkie@willkie.com>

**\*\*\* EXTERNAL EMAIL \*\*\***

One clarification (that I think is obvious): The adequate protection package for the 1L and the ABL would exclude the Holdcos. In other words, the order would make clear that all of the protections are obligations of their existing obligors only and shall not be obligations of any of the Holdcos.

---

**From:** Lauria, Thomas E <tlauria@whitecase.com>
**Date:** Wednesday, Nov 06, 2024 at 6:30 AM
**To:** Sinclair, Debra <DSinclair@willkie.com>
**Cc:** W&C Project Buckeye <ProjectBuckeye@whitecase.com>, Feldman, Matthew <mfeldman@willkie.com>, FRGWillkie <FRGWillkie@willkie.com>
**Subject:** RE: [EXT] Re: DIP Proposal

Debbie,

We would prefer to advance our discussion with the debtors this morning before sending it to the 1L and the ABL.

1. Who is/are the funders of the loan?

The lenders will be funds that are managed by PIMCO and Irradiant.

2. Who would be the borrowers and guarantors of the loan?

The Borrower would be FRG. The DIP would be guaranteed by all of FRG's direct and indirect subsidiaries.

3. Do the proposed lenders have full authority - i.e., are there any approvals outstanding, or is the loan fully committed right now?

We got preliminary approvals last night; both firm's are scheduling IC meetings to formally approve today.

4. When will the funding be available to draw?

Funding will be available as soon as the Court signs the order.

5. What is the exact adequate protection package you are offering to the ABL and 1L?

The 1L and the ABL would get the same adequate protection package contemplated by the DIP order you agreed to with them, which would be put in a separate cash collateral order that could be entered simultaneously with our DIP order.

6. Have you spoken to the ABL (and if so, are they on board)?

We want to understand that we have something that the company agrees to before you send it to the 1L and the ABL. We want this to be a 2-way negotiation, get to something that works for you, and then together we take it to the 1L and the ABL.

7. Does the proposal contemplate approval of the American Freight GOB sale order today, and that the commencement of the liquidation of American Freight would start immediately?

Yes.

8. Does the proposal contemplate a marketing process for the assets?

I think marketing of the assets should be put on hold, as should the filing of any plan for 30 days. We would like to use that time to try to get to a global deal.

9. How would your clients suggest resolution of the critical vendors objection?

We believe that the interim cap should be much smaller, subject to your ability to increase it with our consent or by further order of the court (we would agree to shortened notice procedures). We also think the order should include language stating that any vendor who refuses to do business with the debtors unless the debtors agree to pay their prepetition claims is in violation of the automatic stay and will be subject to remedies as determined but the Court.

10. We understand that no other objections to the first day relief remain pending, but please confirm - including whether you would be proposing that any interim or final caps be revised besides those in the critical vendors motion.

Assuming you resolved cash management with Zatz, I think we would be done; but I will double check and revert promptly.

**From:** Sinclair, Debra <DSinclair@willkie.com>
**Date:** Wednesday, Nov 06, 2024 at 6:08 AM
**To:** Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** W&C Project Buckeye <ProjectBuckeye@whitecase.com>, Feldman, Matthew <mfeldman@willkie.com>, FRGWillkie <FRGWillkie@willkie.com>
**Subject:** [EXT] Re: DIP Proposal

Tom - a few questions regarding your proposal are below. We are going to discuss it with our board this morning. Please let us know if you have already sent it to the 1Ls, otherwise we intend to.

1. Who is/are the funders of the loan?
2. Who would be the borrowers and guarantors of the loan?
3. Do the proposed lenders have full authority - i.e., are there any approvals outstanding, or is the loan fully committed right now?
4. When will the funding be available to draw?
5. What is the exact adequate protection package you are offering to the ABL and 1L?
6. Have you spoken to the ABL (and if so, are they on board)?
7. Does the proposal contemplate approval of the American Freight GOB sale order today, and that the commencement of the liquidation of American Freight would start immediately?
8. Does the proposal contemplate a marketing process for the assets?
9. How would your clients suggest resolution of the critical vendors objection?
10. We understand that no other objections to the first day relief remain pending, but please confirm - including whether you would be proposing that any interim or final caps be revised besides those in the critical vendors motion.

Thanks.
Debbie

On November 6, 2024 at 3:17:33 AM EST, Lauria, Thomas E <tlauria@whitecase.com> wrote:

> **\*\*\* EXTERNAL EMAIL \*\*\***
>
> Debbie
>
> My clients are prepared to provide a bridge DIP to fund the company on an immediate basis; no commitment fee; no exit fee; no backstop fee. It will fund the company's needs on an interim basis and give us all time to work out a solution to the company's longer-term funding needs, hopefully on a fully consensual basis, and to try to negotiate the terms of a consensual plan of reorganization. Our DIP would be documented entirely by a DIP Order that would be signed by the DIP lenders and the Opco debtors and would be available to the company promptly upon entry by the Court. We will provide a draft of the proposed order in the morning.
>
> - Single draw $75mm DIP secured by a lien on all of the OpCo debtors' assets junior to the 1L/ABL liens and senior to the 2L liens (with senior liens on unencumbered Opco debtors' assets)
> - SOFR + [5]% payable monthly in cash
> - 6 Month Maturity
> - Any plan must provide for payment in cash in full of the DIP obligations on the effective date of any such plan

- Any sale or disposition of a material portion of the collateral (other than the assets of American Freight), whether by a 363 sale, foreclosure, credit bid or otherwise, and whether prior to or after conversion to chapter 7 or dismissal of the case of any debtor who owns the collateral, must provide for payment in cash in full upon closing of such sale or disposition.
- The Court shall retain jurisdiction to enforce these provisions, whether these cases are converted or dismissed.
- Conditioned on approval of these terms by the Court
- Payment of DIP lenders' advisory fees and current interest and advisory fees for the 2L lenders as adequate protection (with such adequate protection to survive repayment of the DIP facility)
- Has to be paid in full from the proceeds of any subsequent DIP and cannot be primed
- No covenants or milestones
- RSA not required
- Budget revised tor remove escrowing of professional fees during interim period and lowering critical vendor/503(b)(9) payments to an amount TBD

Please let me know when you're available to discuss.

Thanks

Tom

================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available here.

================================================================================

**Debra McElligott Sinclair**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8719 | Fax: +1 212 728 8111
dsinclair@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

===============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available [here](here).

===============================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.