# Exhibit 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Bankruptcy Procedure 7026 and 9014 and Federal Rule of Civil Procedure 26(c), and upon the agreement and stipulation of the parties, the Court finds good cause to issue this Protective Order which shall apply to each of the above-captioned proceedings, protecting the confidentiality of certain Material (as defined below) that has been or will be produced in the course of these proceedings. This Stipulation and Protective Order is entered into by and among: (i) the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

cases, including any related contested matters, adversary proceedings, and appeals thereto (collectively, the "**Chapter 11 Cases**"); (ii) the Ad Hoc Group of First Lien Lenders; (iii) the Ad Hoc Group of Freedom Lenders; (iv) any Official Committee of Unsecured Creditors (the **UCC**") appointed in the Chapter 11 Cases; and (v) any other person that executes a Non-Disclosure Declaration and Acknowledgment in the form attached hereto as **Exhibit A** (each a "**Party**" and collectively, the "**Parties**").  For the avoidance of doubt, the U.S. Trustee for the District of Delaware (the "**U.S. Trustee**") is not a Party and will not be a Party to this Order.  Accordingly, the Court enters the following Order:

1.    **DEFINITIONS**

1.1    "**Material**" refers to any document, data compilation, testimony, interrogatory response, response to a request to admit, answer, pleading, filing, or other information in any form produced or disclosed in the Chapter 11 Cases, whether voluntarily or through any means of discovery authorized by law, and whether by a party, party-in-interest, or non-party to the Chapter 11 Cases.

1.2    Material may be deemed "**Confidential**" if it contains or tends to reveal trade secrets or nonpublic technical, commercial, financial, personal, business, or other proprietary information. Confidential Material may be deemed "**Highly Confidential**" if the Designating Party in good faith reasonably believes that the disclosure of such Material, other than as permitted pursuant to Paragraph 4.2 of this Protective Order, is substantially likely to cause commercial injury.

1.3    "**Designating Party**" refers to a Party who designates Material as Confidential or Highly Confidential.

1.4    "**Disclosing Party**" refers to a Party who produces Material.

1.5    "**Receiving Party**" refers to a Party who receives Material.

1.6    "**Requesting Party**" refers to a Party who has made a discovery request.

2.      **SCOPE OF ORDER**

2.1     Except as the Parties may otherwise agree or the Court may order, Material produced in the Chapter 11 Cases, whether or not designated Confidential or Highly Confidential, including any excerpt, analysis, summary, or description of any Material, shall be used solely for purposes of the Chapter 11 Cases, including any appeals resulting therefrom, or in the formulation of any alternative debtor in possession financing or alternative plan of reorganization.

2.2     To be subject to the particular confidentiality protections of this Order, Material must be (1) Confidential or Highly Confidential within the meaning of Section 1.2 of this Order; and (2) designated Confidential or Highly Confidential pursuant to Section 3 of this Order.

2.3     The protections of this Order shall not apply to Material that, prior to disclosure in the Chapter 11 Cases, was within the actual possession or knowledge of a Receiving Party or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.  If and to the extent any Party claims that Material was, prior to disclosure in the Chapter 11 Cases, within its actual possession or knowledge, or was public knowledge, the Court shall determine which Party has the burden of proving that fact in accordance with applicable law.  Nothing in this Order shall relieve any Party of its obligations under any separate confidentiality agreements that relate, in whole or in part, to Material produced in the Chapter 11 Cases.

3.      **DESIGNATION OF MATERIAL AS CONFIDENTIAL**

3.1     General Provisions

3.1.1   A Disclosing Party may designate Material as Confidential or Highly Confidential only if the Material (1) is Confidential or Highly Confidential as defined by Section 1.2; and (2) is not excluded from the scope of this Order by Section 2.3.

3.1.2   Except as otherwise provided in this Order, the designation of Material as Confidential or Highly Confidential should be made prior to, or contemporaneously with, the

3

production or disclosure of that Material.  A Disclosing Party's failure to designate Material as Confidential or Highly Confidential at the time of production or disclosure of the Material does not, however, waive its right to later designate the Material as Confidential or Highly Confidential, and the Disclosing Party may so designate any Material until the close of all discovery, as set by the Court.  If Material is designated Confidential or Highly Confidential after that Material has already been disclosed by a Receiving Party to any other person or entity, the Receiving Party that disclosed the previously non-Confidential Material shall promptly notify the Designating Party and the Disclosing Party of the disclosure.  The Receiving Party shall also promptly notify the person or entity to which such Material was disclosed that the Material has been designated Confidential or Highly Confidential, and that the requirements of this Order govern any further or subsequent disclosure of that Material.  Such post-disclosure designation shall not impose any obligation, responsibility, or liability on any Receiving Party with respect to any pre-designation dissemination of the Material.  However, after such a designation, each Receiving Party shall treat the Material as Confidential or Highly Confidential, according to the designation, and subject to the protections of this Order.

3.2    Methods of Designation

3.2.1    A Disclosing Party may designate Material as Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the word "CONFIDENTIAL."  A Disclosing Party may designate Material as Highly Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the words "HIGHLY CONFIDENTIAL; ATTORNEY EYES ONLY."  In each case, the label shall be placed on or affixed to each page so designated or, if the Material is in a form that makes it difficult to label each page, otherwise conspicuously placed on or affixed to the Material.

4

3.2.2    If an interrogatory or other discovery request calls for Confidential or Highly Confidential Material, the response may be designated Confidential or Highly Confidential by labeling the response with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL; ATTORNEY EYES ONLY."   In the alternative, any Confidential or Highly Confidential portion of the response may be provided in a separate document appended to the main body of the responses and incorporated by reference therein.   Under this alternative, the main body of the response to the interrogatory or written discovery request at issue shall state: "Requests confidential information; see response contained in addendum, which response is incorporated herein by reference."

3.2.3    Transcripts of any depositions in the Chapter 11 Cases shall be treated as Confidential until the expiration of 15 days after the court reporter delivers the transcript of the deposition to all counsel who request a copy.   If counsel for any Party believes that the deposition transcript or a portion thereof is Confidential or Highly Confidential pursuant to Section 1.2, counsel shall, within the 15-day period, designate in writing the specific pages and lines deemed Confidential or Highly Confidential, and shall notify all Parties and the court reporter.   Unless the deposition testimony is designated Confidential or Highly Confidential within the 15-day period or as otherwise provided in this paragraph, any confidentiality is waived, unless otherwise stipulated or ordered by the Court.   Portions of testimony taken during depositions may also be designated Confidential or Highly Confidential by counsel so stating on the record during the deposition, and in such event no further action need be taken to preserve the confidentiality of that portion (or portions) of the transcript.

3.2.4    When Confidential or Highly Confidential Material is supplied or stored on an electronic, digital, or magnetic medium, the confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the

5

sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those persons who access the medium that they have accessed Material that is restricted from disclosure.

3.3    Challenges to Confidentiality Designations

3.3.1    A Receiving Party may challenge a confidentiality designation of a Designating Party by objecting to the confidentiality designation in writing to the Designating Party.  The Designating Party and the Receiving Party who objects to the confidentiality designation then must engage in a conference to address and, if possible, resolve the objection to the confidentiality designation within three days.  If the Designating Party and the Receiving Party are unable to resolve the dispute regarding the confidentiality designation, the Receiving Party may make an appropriate motion in the Court challenging the designation within seven days.  If and to the extent that a Receiving Party challenges the confidentiality designation of a Designating Party, the Designating Party shall bear the burden to demonstrate that the designation was appropriate under the terms of this Order.

3.3.2    Pending an agreement resolving a challenge to a confidentiality designation under Section 3.3.1, or a ruling on a motion under Section 3.3.1, the Material in question shall be treated as Confidential or Highly Confidential and subject to the protections of this Order.

**4.    <u>DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL</u>**

4.1    Use and Handling of Confidential Material

4.1.1    Material designated as Confidential or Highly Confidential by a Designating Party shall not be used or disclosed by any Receiving Party or its counsel for any purpose other than the Chapter 11 Cases, including appeals.  This Order's restrictions on the dissemination of Confidential or Highly Confidential Material apply with equal force to any excerpt, extract,

6

analysis, summary, or description of the Confidential or Highly Confidential Material, as well as any brief, pleading, filing, exhibit, transcript, or other document containing, summarizing or alluding to such Confidential or Highly Confidential Material.

4.1.2    Except as provided in Section 4.2, counsel for any Receiving Party shall keep all Materials designated as Confidential or Highly Confidential within his or her exclusive possession.

4.1.3    A party wishing to file with the Court any pleading, motion, or paper that contains Materials designated as Confidential or Highly Confidential or discloses Confidential Information or Highly Confidential Information shall file such pleading, motion, or paper under seal with the Clerk of the Court with the words "Filed Under Seal" in the caption of the main pleading, motion or paper without the need for a further order from the Court.    In accordance with Del. Bankr. L.R. 9018-1(d), within three business days, the filing party shall file a publicly viewable copy in redacted form, with all Confidential Information and Highly Confidential Information redacted along with a sealing motion.  Any Party that files a pleading, motion, or paper under seal shall provide counsel to the U.S. Trustee with an unredacted copy of all documents, pursuant to 11 U.S.C. § 107(c)(3)(A).  An unredacted copy shall be provided to all parties entitled to receive such Confidential Information or Highly Confidential Information.

4.1.4    Material designated as Confidential or Highly Confidential shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Receiving Party. In the event of such a disclosure, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

4.1.5    At the conclusion of the Chapter 11 Cases, all Material designated as Confidential or Highly Confidential under this Order and not received in evidence or contained

7

in papers filed with the Court, including all copies of such Material and/or all extracts and/or data taken from such Material, shall be either returned to the Disclosing Party or destroyed. To the extent that any Party opts to destroy such Material, counsel for that Party shall certify in writing that it has undertaken reasonable efforts to destroy all such Material.  For the avoidance of doubt, this section 4.1.5 shall not require the return or destruction of any work product that contains or discusses Material designated as Confidential or Highly Confidential.

4.2      Permitted Disclosures

Other than as provided in Section 4.1.3, disclosure of Material designated as Confidential or Highly Confidential may be made only in the following circumstances:

4.2.1    Unless otherwise prohibited by this Protective Order, Confidential Material may be disclosed to Parties, to their counsel of record, and to the employees and agents of their counsel whose work responsibilities relate to the subject matter of the Chapter 11 Cases.  Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of, and shall agree to be bound by, the provisions of this Order requiring that the Materials be held in confidence.

4.2.2    Confidential Material may be disclosed to: (a) present and former trustees, officers, directors, partners, members, and employees of a Party; (b) agents of a Party whose work responsibilities relate to the subject matter of the Chapter 11 Cases; and (c) to deponents and trial witnesses.  Any present or former trustee, officer, director, partner, member, employee, or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order.  Any deponent or trial witness who is not otherwise entitled to received Confidential Material under this Order shall first be advised of, and agree in writing to be bound by, the provisions of this Order by executing the Agreement to Be Bound by the Protective Order in the form attached hereto before receiving Confidential Material.

8

Confidential Material also may be disclosed to non-party Experts, pursuant to Section 4.2.5, to court reporters and copy services, pursuant to Section 4.2.4, and to the Court, pursuant to Section 4.1.3.

      4.2.3   Highly Confidential Material may be disclosed only to: (a) counsel of record of the Parties; (b) to the employees and agents of Parties' counsel who have working responsibilities in connection with the Chapter 11 Cases; and (c) to a deponent or trial witness if it appears that the witness authored or received a copy of the Material or was an officer or director of the Disclosing Party at the time the Material was authored.  Information designated Highly Confidential may not be disclosed to any Party after the entry of this Protective Order, except pursuant to paragraph 5.1 below.  Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order requiring that the Materials be held in confidence.  Highly Confidential Material also may be disclosed to non-party Experts, pursuant to Section 4.2.5, to court reporters and copy services, pursuant to Section 4.2.4, and to the Court, pursuant to Section 4.1.3.  Absent an Order of the Court or the agreement of the Disclosing Party, Materials designated as Highly Confidential shall not be disclosed to any other person or entity, including the Parties themselves.

      4.2.4   Confidential and Highly Confidential Material may be disclosed to employees of court reporting agencies engaged for depositions, and to those persons, if any, specifically engaged for the limited purpose of providing litigation support (e.g., making copies of and delivering documents that contain designated Materials) in the Chapter 11 Cases.

      4.2.5   Confidential and Highly Confidential Material may be disclosed to non-party consultants, investigators, and experts (collectively, "**<u>Experts</u>**") employed by counsel for the Parties to assist in the preparation of and trial in the Chapter 11 Cases, provided that such Experts are first advised of, and agree in writing to be bound by, the provisions of this Order

by executing the Agreement to Be Bound by the Protective Order in the form attached hereto. In addition to any other relief provided in this Order, if an expert is shown to have violated the terms of this Order at any time, he or she may be subject to being held in contempt by this Court.

   4.2.6 Confidential and Highly Confidential Material may be disclosed to anyone to whom the Disclosing Party consents in writing.

   4.2.7 Disclosure of Confidential and Highly Confidential Material shall not be made in open court, except as follows: If a Party intends to disclose Confidential or Highly Confidential Material, the Party intending to disclose the Confidential or Highly Confidential Material shall provide notice in writing of this intention to the other Parties to these proceedings reasonably prior to disclosure at trial or a hearing.  Prior to disclosure at trial or a hearing of Materials or information designated Confidential or Highly Confidential, the Parties may seek further protections against public disclosure from the Court.

## 5. **ADDITIONAL PARTIES**

  5.1 Additional Parties may be added to this Order in the future in the following manner: Any additional party that has executed, delivered to Debtors, the Ad Hoc Group of First Lien Lenders, the Ad Hoc Group of Freedom Lenders, and the UCC, and filed on the above-captioned docket a complete and executed Agreement to Be Bound by the Protective Order in the form attached hereto shall become a Party and shall be subject to all of the provisions of this Order and any resulting Protective Order as if the additional party were an original Party.

## 6. **OTHER PROVISIONS**

  6.1 A Disclosing Party that designates Material it has created as Confidential or Highly Confidential may continue to use that Material in any way consistent with the terms of this Order,

including in the ordinary course of business, provided that the contents of Material so designated do not become public as a result of such use.

6.2      In accordance with Federal Rule of Evidence 502(d), if Material that is requested in discovery is subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such material or information should not be made to any Party (collectively, "**Privilege**"), and such privileged Material is inadvertently produced in the course of the Chapter 11 Case, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, the claimed Privilege, in these or any other federal or state proceeding, regardless of the Disclosing Party's diligence.  If a claim of inadvertent production is made with respect to Material then in the custody of a Receiving Party, the Receiving Party shall promptly return to the Disclosing Party the Material as to which the claim of inadvertent production has been made, and the Receiving Party shall not use the Material for any purpose until further order of the Court.  The Receiving Party in such a situation may file a motion disputing the claim of Privilege, and seeking an order compelling production of the Material at issue; the Disclosing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive any Privilege.

6.3      No Material may be withheld from discovery on the ground that the Material to be disclosed requires protection greater than that afforded by this Order, unless the Party claiming a need for greater protection moves the Court for an order providing such special protection before the date production is due.

6.4      This Order shall not prevent any Party from applying to the Court for further or additional protective orders, or from agreeing with the other Parties to modify this Order, subject to the approval of the Court.

6.5      This Order shall not preclude any Party from enforcing its rights against any other party, or any non-party, believed to be violating such Party's rights under this Order.

6.6     The Parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all Parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

6.7     In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute contempt of this Court, which may result in the imposition of sanctions, including, inter alia, an award of damages, costs, attorneys' fees, and any other appropriate relief.

*[Signature Pages Follow]*

Dated: December 2, 2024
     Wilmington, Delaware

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Del. No. 4089)
Michael J. Farnan (Del. No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

- and -

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
Andrew T. Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
azatz@whitecase.com
sam.hershey@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom
Lenders*

**YOUNG CONAWAY STARGATT & TAYLOR,
LLP**

*/s/ Allison S. Mielke*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

- and -

**WILLKIE FARR & GALLAGHER LLP**
James C. Dugan (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jdugan@willkie.com
slombardi@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in
Possession*

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (Del. No. 3407)
Matthew B. McGuire (Del. No. 4366)
Elizabeth A. Rogers (Del. No. 7335)
919 North Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-440
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      erogers@lrclaw.com

-and-

**PAUL HASTINGS LLP**
Jayme Goldstein (admitted *pro hac vice*)
Daniel Fliman (admitted *pro hac vice*)
Jeremy D. Evan (admitted *pro hac vice*)
Isaac Sasson (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: jaymegoldstein@paulhastings.com
      danfliman@paulhastings.com
      jeremyevans@paulhastings.com
      isaacsasson@paulhasntings.com

Nicholas A. Bassett (admitted *pro hac vice*)
2050 M. Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202)551-1705
Email: nicholasbassett@paulhastings.com

*Counsel to the Ad Hoc Group of First
Lien Lenders and DIP Lenders*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq. (Del. No. 4142)
Colin R. Robinson, Esq. (Del. No. 5524)
Rodney Square
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
      crobinson@pszjlaw.com

-and-

Robert J. Feinstein (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
Theodore S. Heckel (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
      akornfeld@pszjlaw.com
      theckel@pszjlaw.com

*Proposed Counsel to the Official Committee
of Unsecured Creditors*

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## <u>AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER</u>

This is to certify that: (a) I am producing and/or being given access to Confidential Material or Highly Confidential Material under the Protective Order entered in the above-captioned proceeding; (b) I have read the Protective Order; and (c) I agree to be bound by the terms and conditions thereof as a "Receiving Party" and "Disclosing Party," as the case may be, including, without limitation, the obligations regarding the use, non-disclosure, and return of such

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom Group New Holdco, LLC (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Confidential Material or Highly-Confidential Material.  I further agree that in addition to being contractually bound by the Protective Order, I am subject to the powers of the Bankruptcy Court for any violation of the Protective Order.

Date: _____

_____
Name (Printed)


Signature