IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 274** |

### SUPPLEMENT TO OBJECTION OF THE AD HOC GROUP OF FREEDOM LENDERS TO FINAL APPROVAL OF THE DEBTORS' DIP MOTION

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**"),[2] by and through its undersigned counsel, hereby files this supplement (the "**Supplement**") to the *Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' DIP Motion* [Docket No.

---

[1] The Debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), B. Riley Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] The Freedom Lender Group is comprised of certain HoldCo Lenders and Second Lien OpCo Lenders, as named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

274] (the "**DIP Objection**") and represents as follows:[3]

## SUPPLEMENT

1. As stated in the DIP Objection, the Freedom Lender Group has been exploring the possibility of offering an alternative DIP facility only at the HoldCo Debtors or for all Debtors on similar terms to those proposed at the First Day Hearing. The Freedom Lender Group reserved the right to supplement the DIP Objection accordingly if such a proposal was made.

2. The Freedom Lender Group has recently attempted to engage with the Debtors on a potential consensual resolution of the DIP Objection, but the Debtors have yet to respond.

3. Yesterday, the Debtors filed an objection to the Freedom Lender Group's motion to terminate exclusivity at the HoldCo Debtors or, alternatively, lift the automatic stay or appoint a chapter 11 trustee at the HoldCo Debtors, stating that "the Debtors understand that the Ad Hoc Group of First Lien Lenders has agreed that the HoldCo Debtors need not serve as guarantors (either secured or unsecured) under the DIP Facility." [Docket No. 298] ¶ 53. This statement, however, contradicts the objection filed by the Ad Hoc Group of First Lien Lenders to the same motion, where that group states that "the First Lien Term Loan Lenders have agreed to remove the Freedom HoldCo Debtors as full unsecured guarantors of the DIP Facility. In its stead, the Freedom HoldCo Debtors negotiated the ability to use the proceeds of the DIP Facility to the extent necessary to pay any ongoing administrative expense claims that arise in these Chapter 11 Cases, but that their guaranty would be limited only to the extent of the proceeds they used . . . ." [Docket No. 299] ¶ 57.

4. The Freedom Lender Group has been hopeful that its attempts to resolve outstanding issues regarding the DIP Facility with the Debtors would result in the HoldCo Debtors

---

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the DIP Objection.

being removed as obligors of the DIP Facility entirely (as is the case in the Interim DIP Order). Given the contradictory statements of the Debtors and the Ad Hoc Group of First Lien Lenders and without having been provided a form of proposed final order approving the DIP Facility, this remains unclear.  But there now appears to be an inclination at least (if not an agreement) that the HoldCo Debtors would be obligors under the proposed DIP Facility if approved on a final basis as requested.  For the reasons set forth in the DIP Objection, this should not be approved.

5. It is unclear given the statement by the Debtors in their objection and assertions made by the Debtors' declarants at the First Day Hearing whether the HoldCo Debtors need postpetition financing at all.  But, if there is a funding need for the HoldCo Debtors, the members of the Freedom Lender Group are willing to provide postpetition financing of their own to the HoldCo Debtors to maintain the prepetition opco-holdco separation, protect their unique obligors, and preserve the value of the HoldCo Debtors' assets.  The Freedom Lender Group's funding proposal is reflected in the proposed order attached hereto as **Exhibit A** (the "**HoldCo DIP Order**").  If the HoldCo DIP Order is executed by the HoldCo Debtors and entered by this Court, the members of the Freedom Lender Group are willing and able to fund the proposed DIP facility for the HoldCo Debtors pursuant to the HoldCo DIP Order.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 4, 2024
      Wilmington, Delaware

/s/ Michael J. Farnan
**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
      mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**
Thomas Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
      azatz@whitecase.com
      sam.hershey@whitecase.com
      erin.smith@whitecase.com
      brett.bakemeyer@whitecase.com

*Counsel for Ad Hoc Group of Freedom Lenders*