**Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. ___** |
|---|---|

**ORDER (I) AUTHORIZING THE HOLDCO DEBTORS TO OBTAIN SENIOR SECURED PRIMING SUPERPRIORITY POSTPETITION FINANCING, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION HOLDCO LENDERS, (IV) MODIFYING THE AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***") of Freedom VCM, Inc. and Freedom VCM Interco, Inc. (the "***HoldCo Debtors***" or the "***HoldCo DIP Loan Parties***") in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), pursuant to sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "***Bankruptcy Code***"),

---

[1] The debtors in these Chapter 11 Cases (the "***Debtors***"), along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 4001-2 of the Local Rules of Bankruptcy Procedure (the "***Local Bankruptcy Rules***") promulgated by the United States Bankruptcy Court for the District of Delaware (the "***Court***"), seeking entry of a final order (this "***HoldCo DIP Order***"), among other things:

(a) authorizing the HoldCo Debtors to obtain postpetition financing on a superpriority priming senior secured basis in the aggregate principal amount of up to $7,500,000 (the "***HoldCo DIP Facility***" and the loans provided thereunder, the "***HoldCo DIP Loans***") on a final basis and on the terms and conditions set forth in this HoldCo DIP Order, with Freedom VCM, Inc. as borrower (the "***HoldCo DIP Borrower***"), Freedom VCM Interco, Inc. as guarantor (the "***HoldCo DIP Guarantor***") and Irradiant Partners, LP and Pacific Investment Management Company, LLC, in each case, on behalf of itself, its beneficial holders of, or investment advisors, sub-advisors or managers of discretionary funds, as lenders (together with their successors and assigns, the "***HoldCo DIP Lenders***"), in two tranches: Tranche A in an amount up to $1.5 million (the "***Tranche A HoldCo DIP Loans***") and Tranche B in an amount up to $6.0 million (the "***Tranche B HoldCo DIP Loans***");

(b) authorizing the HoldCo DIP Borrower to incur, and the HoldCo DIP Guarantor to irrevocably and unconditionally guarantee, in each case on a super-priority basis, the payment in full in cash of all HoldCo DIP Obligations (as defined below), in accordance with this HoldCo DIP Order;

(c) authorizing the HoldCo DIP Loan Parties to: (i) execute, deliver, and perform under this HoldCo DIP Order; (ii) incur all loans, advances, extensions of credit and financial accommodations, and pay all principal, interest, fees, costs, expenses, charges, indemnification and reimbursement obligations (whether contingent or absolute), and all other obligations or amounts, whether or not such obligations arose before or after the Petition Date (as defined below), whenever the same shall become due, whether on the Maturity Date (as defined below), declaration, acceleration or otherwise, in each case, in accordance with this HoldCo DIP Order (collectively, the "***HoldCo DIP Obligations***"); and (iii) perform such other and further acts as may be necessary, required or desirable to implement and effectuate the terms of this HoldCo DIP Order, and the transactions contemplated hereunder;

(d) authorizing the HoldCo DIP Loan Parties to grant to the HoldCo DIP Lenders the HoldCo DIP Liens (as defined below) in all HoldCo DIP Collateral (as defined below), as set forth in this HoldCo DIP Order and subject to the relative priorities set forth in this HoldCo DIP Order;

(e) authorizing the HoldCo DIP Loan Parties to grant to the HoldCo DIP Lenders allowed super-priority administrative expense claims against each of the HoldCo

DIP Loan Parties, on a joint and several basis, in respect of all HoldCo DIP Obligations, as set forth in this HoldCo DIP Order;

(f) authorizing the HoldCo DIP Loan Parties to use the proceeds of the HoldCo DIP Facility solely as set forth in this HoldCo DIP Order;

(g) granting adequate protection, as and to the extent set forth herein, to the Prepetition HoldCo Secured Parties (as defined below) to protect against any Diminution in Value (as defined below) of their respective Prepetition HoldCo Liens (as defined below) in the Prepetition HoldCo Collateral; and

(h) modifying or vacating the automatic stay imposed by section 362 of the Bankruptcy Code or otherwise, to the extent necessary, required or desirable to implement and effectuate the terms and provisions of this HoldCo DIP Order, as set forth herein, waiving any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this HoldCo DIP Order, and providing for the immediate effectiveness of this HoldCo DIP Order.

The Court, having considered the Motion, the evidence submitted and arguments proffered or adduced at the hearing held before this Court on [●] (the "***HoldCo DIP Hearing***"), and upon the record of the Chapter 11 Cases; and due and proper notice of the HoldCo DIP Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b)-(d) and 9014 and all applicable Local Bankruptcy Rules; and it appearing that no other or further notice need be provided; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; the Court having determined that the legal and factual bases set forth in the Motion and at the HoldCo DIP Hearing established just cause for the final relief granted herein; and it appearing to the Court that granting the final relief requested in the Motion is fair and reasonable and in the best interests of the HoldCo Debtors, their estates, and their creditors, and represents a sound exercise of the HoldCo Debtors' business judgment; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

A. *Petition Date*. On November 3, 2024 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court commencing these Chapter 11 Cases.

B. *Debtors in Possession*. The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Chapter 11 Cases.

C. *Committee Formation*. On November 19, 2024, the Office of the United States Trustee (the "***U.S. Trustee***") appointed an official statutory committee of unsecured creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (the "***Official Committee***") [Docket No. 188].

D. *Jurisdiction and Venue*. This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This Court's consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court may enter a final order consistent with Article III of the United States Constitution. Venue for these Chapter 11 Cases and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the final relief set forth herein are sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 9013 and 9014, and Local Bankruptcy Rules 2002-1, 4001-2 and 9013-1.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E. [*Reserved.*]

F. *Prepetition HoldCo Facility*

(a) *Prepetition HoldCo Credit Agreement*. Pursuant to that certain *Credit Agreement*, dated as of August 21, 2023 (as amended, amended and restated, supplemented, or otherwise modified from time to time prior to the Petition Date in accordance with the terms thereof, the "***Prepetition HoldCo Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents, control agreements, instruments, certificates, notes, and other documents executed, recorded and/or delivered in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition HoldCo Credit Agreement), collectively, the "***Prepetition HoldCo Loan Documents***"), by and among Freedom VCM, Inc., as Borrower, Freedom VCM Interco, Inc., as Holdings (together with Freedom VCM, Inc., the "***Prepetition HoldCo Loan Parties***"), Alter Domus (US) LLC, as agent (in such capacity, the "***Prepetition HoldCo Agent***"), and the lenders party thereto from time to time (collectively, the "***Prepetition HoldCo Lenders***", and together with the Prepetition HoldCo Agent, the "***Prepetition HoldCo Secured Parties***"), the Prepetition HoldCo Lenders provided a term loan credit facility (the "***Prepetition HoldCo Facility***") to the Prepetition HoldCo Loan Parties. Pursuant to the Prepetition HoldCo Loan Documents, Freedom VCM Interco, Inc., among other things, unconditionally and irrevocably guaranteed the payment in full in cash of all obligations under the Prepetition HoldCo Facility (the "***Prepetition HoldCo Secured Obligations***").

(b) *Prepetition HoldCo Liens*. Pursuant to the Prepetition HoldCo Loan Documents, each of the Prepetition HoldCo Loan Parties granted to the Prepetition HoldCo Agent, for the benefit of itself and the other Prepetition HoldCo Secured Parties, liens and security

interests in (the "***Prepetition HoldCo Liens***") substantially all of the assets of the Prepetition HoldCo Loan Parties, including, without limitation, all "Collateral" (as defined in the Prepetition HoldCo Credit Agreement) (collectively, the "***Prepetition HoldCo Collateral***").

G. **Findings Regarding Corporate Authority.**

(a) Each of the HoldCo DIP Loan Parties has all requisite power and authority to execute and deliver this HoldCo DIP Order and perform its obligations hereunder.

H. **Findings Regarding HoldCo DIP Facility.**

(a) *Good Cause*. Good and sufficient cause has been shown for the entry of this HoldCo DIP Order.

(b) *Need for Postpetition Financing*. The HoldCo Debtors have a need to obtain postpetition financing pursuant to the HoldCo DIP Facility on a final basis in order to, among other things, pay the costs of administering their Chapter 11 Cases in accordance with and subject to the terms and conditions of this HoldCo DIP Order.

(c) *No Credit Available on More Favorable Terms.* The HoldCo Debtors are unable to obtain financing or other financial accommodations from sources other than the HoldCo DIP Lenders on terms more favorable than those provided under the HoldCo DIP Facility and this HoldCo DIP Order. The HoldCo Debtors are unable to obtain adequate unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code. The HoldCo Debtors are also unable to obtain adequate secured credit for money borrowed under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the HoldCo DIP Loan Parties granting (a) the HoldCo DIP Liens on all HoldCo DIP Collateral, (b) the HoldCo DIP Superpriority Claims, (c) the rights, benefits and protections to the HoldCo DIP Lenders, and (d) the HoldCo Adequate Protection Liens, HoldCo Adequate Protection Claims and other HoldCo

Adequate Protection Obligations to the Prepetition HoldCo Secured Parties, in the case of each of the foregoing, upon the terms and conditions set forth in this HoldCo DIP Order. After considering all available alternatives, the HoldCo Debtors have properly concluded, in the exercise of their sound business judgment, that the HoldCo DIP Facility represents the best source of debtor-in-possession financing available to them at this time and is in the best interests of all of their stakeholders.

(d) *Use of Proceeds of HoldCo DIP Facility*. As a condition to providing the HoldCo DIP Facility, each of the HoldCo DIP Lenders requires, and the HoldCo Debtors have agreed, that (i) all proceeds of the Tranche A HoldCo DIP Loans up to $1.5 million shall be used and/or applied solely to pay the allowed administrative expense claims of the HoldCo Debtors' upon the HoldCo Debtors' emergence from chapter 11 and (ii) all proceeds of the Tranche B HoldCo DIP Loans up to $6.0 million shall be used and/or applied solely to pay the professional fees and expenses of the HoldCo DIP Lenders and adequate protection payments to the members of the Freedom Lender Group (as defined below), in each case in accordance with this HoldCo DIP Order; provided that the use of Tranche B HoldCo DIP Loans for any other purposes shall be a violation of this HoldCo DIP Order.

(e) *Adequate Protection*. Pursuant to sections 361, 362, 363 and 364 of the Bankruptcy Code, the Prepetition HoldCo Secured Parties are entitled to adequate protection against any post-petition diminution in value of the Prepetition HoldCo Secured Parties' liens and interests in the Prepetition HoldCo Collateral resulting from, among other things, (i) the use, sale or lease by the HoldCo Debtors of such collateral, (ii) the market value decline of such collateral, (iii) the imposition of the automatic stay, (iv) the subordination of the Prepetition HoldCo Liens and Prepetition HoldCo Secured Obligations to the HoldCo DIP Liens and the HoldCo DIP

Obligations, in each case, as set forth in this HoldCo DIP Order, and (v) any other act or omission which causes diminution in the value of their respective liens or interests in the Prepetition HoldCo Collateral (collectively, the "***Diminution in Value***"), as set forth in this HoldCo DIP Order; provided, however, that nothing in this HoldCo DIP Order shall be construed as a consent by any party to the terms of any other financing or any other lien encumbering the HoldCo DIP Collateral or the Prepetition HoldCo Collateral (whether senior, *pari passu* or junior) other than on the terms expressly set forth in this HoldCo DIP Order. Based on the Motion and the other evidence filed in support of the Motion, and the record presented to the Court in connection with the HoldCo DIP Hearing, the terms of the adequate protection arrangements and the use of Prepetition HoldCo Collateral set forth herein are fair and reasonable, reflect the HoldCo Debtors' prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the use of Prepetition HoldCo Collateral.

(f) *Consent*. The requisite Prepetition HoldCo Lenders have consented to the HoldCo DIP Loan Parties' entry into the HoldCo DIP Facility, the incurrence of the HoldCo DIP Liens, the HoldCo DIP Obligations, the HoldCo DIP Superpriority Claims, the HoldCo Adequate Protection Liens, the HoldCo Adequate Protection Claims and the other HoldCo Adequate Protection Obligations, in each case, in accordance with and subject to the terms and conditions set forth in this HoldCo DIP Order.

(g) [*Reserved.*]

(h) *Proper Exercise of Business Judgment*. Based on the Motion and the record presented to the Court at the HoldCo DIP Hearing, (a) the terms of the HoldCo DIP Facility and (b) the terms of adequate protection granted to the Prepetition HoldCo Secured Parties hereunder (i) were negotiated in good faith and at arm's length among the HoldCo Debtors, the HoldCo DIP

Lenders and the requisite Prepetition HoldCo Lenders, (ii) are fair, reasonable, and the best available to the HoldCo Debtors under the circumstances, (iii) reflect the HoldCo Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and (iv) are supported by reasonably equivalent value and fair consideration.

(i) *Good Faith*. The HoldCo DIP Facility and this HoldCo DIP Order have been negotiated in good faith and at arm's length among the HoldCo Debtors, the HoldCo DIP Lenders, the requisite Prepetition HoldCo Lenders and each of their respective Representatives (as defined in the Prepetition HoldCo Credit Agreement), and all of the HoldCo Debtors' obligations and indebtedness arising under, in respect of, or in connection with, the HoldCo DIP Facility and this HoldCo DIP Order, including, without limitation, all loans, advances, extensions of credit and other financial accommodations made to and guarantees issued by the HoldCo Debtors pursuant to this HoldCo DIP Order, shall each be deemed to have been extended by the HoldCo DIP Lenders and each of their respective affiliates, in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections offered by sections 364(e) of the Bankruptcy Code, and each of the claims, liens and security interests, rights, remedies, benefits and protections granted to the HoldCo DIP Lenders pursuant to this HoldCo DIP Order (including, without limitation, all HoldCo DIP Obligations, HoldCo DIP Liens and HoldCo DIP Superpriority Claims), shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this HoldCo DIP Order or any provision hereof is vacated, reversed, or modified, on appeal.

(j) [*Reserved.*]

(k) *Notice*. Notice of the Motion and the HoldCo DIP Hearing constitutes due, sufficient and appropriate notice and complies with section 102(1) of the Bankruptcy Code,

Bankruptcy Rules 2002, 4001(b) and (c), and 9014, and the Local Bankruptcy Rules, and no other or further notice of the Motion with respect to the final relief requested at the HoldCo DIP Hearing or the entry of this HoldCo DIP Order shall be required.

**NOW THEREFORE**, based upon the foregoing findings and conclusions, the Motion and the evidence adduced at the HoldCo DIP Hearing and the record before the Court, and after due consideration, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. *Motion Granted.* The Motion is hereby granted, on a final basis, upon the terms and conditions set forth in this HoldCo DIP Order. Any objections or other statements with respect to any of the relief set forth in this HoldCo DIP Order that have not been withdrawn, waived, or settled, and all reservations of rights inconsistent with this HoldCo DIP Order, are hereby denied and overruled. This HoldCo DIP Order shall become effective and enforceable immediately upon its entry.

2. *Authorization of HoldCo DIP Facility.*

(a) *Authorization of HoldCo DIP Facility.* The HoldCo DIP Facility is hereby approved on a final basis. The HoldCo Debtors are hereby authorized to (i) execute, deliver and perform all of their obligations under this HoldCo DIP Order; and (ii) perform all such other and further acts that may be necessary, required or desirable for the HoldCo Debtors to perform their obligations under the HoldCo DIP Facility and this HoldCo DIP Order and to implement the transactions contemplated hereunder.

(b) *Authorization to Borrow.* The HoldCo DIP Borrower is hereby authorized to borrow, and the HoldCo DIP Guarantor is hereby authorized to guarantee, up to the principal amount of $7.5 million (*plus* applicable interest, fees (including professional fees and expenses),

costs, expenses, charges and other amounts payable hereunder) in multiple draws, subject to the terms and conditions set forth in this HoldCo DIP Order. The HoldCo Debtors are hereby authorized to use the proceeds of the HoldCo DIP Facility for the purposes expressly permitted in this HoldCo DIP Order.

(c) *HoldCo DIP Lenders' Commitment.* Subject to the execution of this HoldCo DIP Order by the HoldCo DIP Loan Parties and entry of this HoldCo DIP Order by the Court, the undersigned HoldCo DIP Lenders hereby agree, on a several but not joint basis, to make the HoldCo DIP Loans to the HoldCo DIP Borrower in an amount equal to each HoldCo DIP Lender's commitment set forth opposite its name on **Exhibit 1** hereto (collectively, the "***HoldCo DIP Commitments***"). The HoldCo DIP Borrower may draw on the HoldCo DIP Facility once per month solely in the amount necessary to pay amounts owed pursuant to this HoldCo DIP Order at such time.

(d) [*Reserved.*]

(e) *DIP Interest, Fees and Expenses.* The HoldCo Debtors are hereby authorized and directed to pay, as and when due, (i) interest (which shall be paid in kind and added to the principal amount of the HoldCo DIP Loans) on a monthly basis in arrears, upon any prepayment due to acceleration and on the Maturity Date, in each case at the rate of Term SOFR (as defined in the Prepetition HoldCo Credit Agreement) *plus* 9.00% per annum,[3] (ii) a commitment fee of 2.00% of the HoldCo DIP Commitments (which shall be paid in kind immediately upon entry of this HoldCo DIP Order and added to the principal amount of the

---

[3] During the continuance of a DIP Termination Event (as defined below), principal, overdue interest and other overdue amounts shall bear interest at 2.00% per annum above the rate otherwise applicable to such obligations. All per annum rates shall be calculated on the basis of a year of 360 days. All amounts payable hereunder shall be made in U.S. dollars.

HoldCo DIP Loans), and (iii) any and all fees, costs, expenses and disbursements of the HoldCo DIP Lenders payable under this HoldCo DIP Order, including, without limitation, the reasonable and documented fees and expenses of (A) White & Case LLP, as counsel to the HoldCo DIP Lenders, (B) Farnan LLP, as local counsel to the HoldCo DIP Lenders, (C) FTI Consulting, as financial advisor to the HoldCo DIP Lenders, and (D) Greenhill & Co., as investment banker to the HoldCo DIP Lenders (the foregoing subclauses (A)-(D), the "***HoldCo DIP Lender Advisors***"), in the case of each of the foregoing clauses (i)-(iii), whether or not such payments, fees, costs, expenses or other amounts arose before or after the Petition Date and whether or not the transactions contemplated herein are consummated, without the need to file fee or retention applications with the Court, without the need to comply with the U.S. Trustee's fee guidelines, and all such payments, fees, costs, expenses and other amounts are hereby approved (and, to the extent paid prior to the entry of this HoldCo DIP Order, ratified in full), shall be non-refundable and irrevocable, and shall not be subject to any contest, attack, objection, challenge, defense, claim, counterclaim or Cause of Action,[4] including any claim or Cause of Action seeking avoidance, whether under chapter 5 of the Bankruptcy Code, any applicable Uniform Voidable Transfer Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or other similar state statute, common law or otherwise (each, an "***Avoidance Action***"), or any other claim or Cause of Action seeking the reduction, setoff, offset, recoupment, subordination (whether equitable,

---

[4] The term "***Cause of Action***" means any action, cause of action, claim, counter-claim, cross-claim, defense, account, objection, challenge, offset, setoff, demand, liability, responsibility, dispute, remedy, indebtedness, obligation, guaranty, right, interest, indemnity, assertion, allegation, suit, controversy, proceeding, loss, damage, injury, reimbursement obligation, attorneys' fees, costs, expenses or judgments of every type, whether known or unknown, asserted or unasserted, suspected or unsuspected, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, fixed or contingent, pending or threatened, whether assertable directly or derivatively, included, without limitation, all legal and equitable theories of recovery, arising under the Bankruptcy Code or applicable non-bankruptcy law, whether local, state or federal U.S. or foreign common law, statute, law, rule, regulation, or by contract, of every nature or description whatsoever.

contractual or otherwise), disgorgement, disallowance, impairment, surcharge, recovery, or any other claim or Cause of Action of any nature and description whatsoever, whether arising under the Bankruptcy Code, applicable non-bankruptcy law or otherwise (subject to the proviso in the last sentence of paragraph 11). In the case of the foregoing clause (iii), any invoices submitted for payment may be in summary form only (and shall not be required to contain individual time entries, and may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of such invoices shall not constitute any waiver of the attorney-client privilege or of any benefits of the attorney work product doctrine), and shall be promptly paid by the HoldCo DIP Loan Parties, on a monthly basis as appropriate, upon receipt of any such invoices, subject to paragraph 11 with respect to fees and expenses incurred after entry of this HoldCo DIP Order.

3. *HoldCo DIP Obligations.*

(a) Upon execution by the HoldCo DIP Lenders, execution by the HoldCo DIP Loan Parties, and entry by the Court, this HoldCo DIP Order shall constitute valid, binding, enforceable, and non-avoidable obligations of each of the HoldCo Debtors, and shall be fully enforceable against each of the HoldCo Debtors, their estates, and any successors thereto, including, without limitation, any estate representative or trustee appointed in any of the Chapter 11 Cases or in any case under Chapter 7 of the Bankruptcy Code upon the conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases (collectively, the "***Successor Cases***"), in each case, in accordance with the terms of this HoldCo DIP Order.

(b) Upon execution by the HoldCo DIP Lenders of this HoldCo DIP Order,

execution by the HoldCo DIP Loan Parties of this HoldCo DIP Order, and entry by the Court of this HoldCo DIP Order, the HoldCo DIP Loan Parties shall be jointly and severally liable for all HoldCo DIP Obligations, including, without limitation, all loans, advances, extensions of credit, financial accommodations, principal, interest, premiums or similar amounts, fees, costs, expenses, charges, indemnification and reimbursement obligations (whether contingent or absolute), and all other obligations or amounts, whether or not such obligations arose before or after the Petition Date, whenever the same shall become due, whether at stated maturity, by required prepayment, declaration, acceleration, demand or otherwise, in each case, which may now or from time to time be owing by any of the HoldCo Debtors to the HoldCo DIP Lenders under this HoldCo DIP Order. The HoldCo DIP Obligations shall be due and payable, without notice or demand on the HoldCo DIP Termination Date (as defined below).

(c) All obligations incurred, payments made, and transfers or grants of security and liens set forth in this HoldCo DIP Order by the HoldCo Debtors are granted to or for the benefit of the HoldCo DIP Lenders and Prepetition HoldCo Secured Parties for fair consideration and reasonably equivalent value and are granted contemporaneously with the making of the loans and commitments and other financial accommodations secured thereby. No obligation, payment, transfer, or grant of liens and security interests under this HoldCo DIP Order to the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties (including, without limitation, the HoldCo DIP Obligations, the HoldCo DIP Liens, the HoldCo DIP Superpriority Claims, the HoldCo Adequate Protection Liens, the HoldCo Adequate Protection Claims, the HoldCo Adequate Protection Obligations, or any adequate protection payments provided hereunder) shall be limited, stayed, restrained, voidable, avoidable, or recoverable under the Bankruptcy Code or under any applicable law, or subject to any contest, attack, objection, challenge, defense, claim, counterclaim or Cause

of Action, including any Avoidance Action or any other claim or Cause of Action seeking reduction, setoff, offset, recoupment, subordination (whether equitable, contractual or otherwise), disgorgement, disallowance, impairment, marshalling, surcharge, recovery, or any other claim or Cause of Action of any nature and description whatsoever, whether arising under the Bankruptcy Code, applicable non-bankruptcy law or otherwise (subject to the proviso of the final sentence in paragraph 11 hereof and the fee review procedures set forth in paragraph 11 hereof).

4. *No Obligation to Extend Credit.* The HoldCo DIP Lenders shall have no obligation to make any loan or advance under the HoldCo DIP Facility unless (i) this HoldCo DIP Order has been entered and remains in full force and effect and (ii) the HoldCo Debtors are not obligors or otherwise liable with respect to any other postpetition facility, including the facility governed by that certain interim order at Docket No. 134. Notwithstanding anything contained in this HoldCo DIP Order to the contrary, in no event shall (i) the aggregate principal amount of the HoldCo DIP Loans available or outstanding under the HoldCo DIP Facility at any time (after giving effect to all borrowings under the HoldCo DIP Facility previously made or requested) exceed the total HoldCo DIP Commitments, or (ii) the aggregate principal amount of the HoldCo DIP Loans from any HoldCo DIP Lender exceed such HoldCo DIP Lender's HoldCo DIP Commitment.

5. *No Duty to Monitor Compliance*. None of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties shall have any obligation or responsibility to monitor the HoldCo Debtors' use of HoldCo DIP Collateral or Prepetition HoldCo Collateral, and each of the HoldCo DIP Lenders and Prepetition HoldCo Secured Parties may rely upon the Debtors' representations that the use of HoldCo DIP Collateral and Prepetition HoldCo Collateral complies with and is in accordance with the requirements of this HoldCo DIP Order.

6. *HoldCo DIP Liens.*

(a) *HoldCo DIP Liens.* Effective upon entry of this HoldCo DIP Order, and without the necessity of the execution, recordation or filing of any pledge, collateral or security documents, mortgages, deeds of trust, financing statements, notations of certificates of title for titled goods, or any other document or instrument, or the taking of any other action (including, without limitation, entering into any lockbox or deposit account control agreements or other action to take possession or control of any HoldCo DIP Collateral), as security for the prompt and complete payment and performance of all HoldCo DIP Obligations when due (whether at stated maturity, by acceleration or otherwise), the HoldCo DIP Lenders are hereby granted valid, binding, enforceable, non-avoidable, and automatically and properly perfected liens and security interests (collectively, the "***HoldCo DIP Liens***") in all HoldCo DIP Collateral, subject and subordinate only to any liens and security interests that were expressly permitted to be incurred under the Prepetition HoldCo Loan Documents (solely to the extent such permitted liens and security interests were (x) in existence on the Petition Date, (y) valid, non-avoidable and properly perfected as of the Petition Date (or were properly perfected subsequent to the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code, and (z) senior in priority to the Prepetition HoldCo Liens (such liens, the "***Permitted Prior Liens***").[5]

---

[5] Nothing contained herein shall constitute a finding or ruling by this Court that any alleged Permitted Prior Lien is valid, senior, enforceable, prior, perfected or non-avoidable. Moreover, nothing contained herein shall prejudice the rights of any party in interest, including, but not limited to the Debtors, the HoldCo DIP Lenders, the Prepetition HoldCo Secured Parties, or the Official Committee, in each case, to the extent such party has standing to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any alleged Permitted Prior Lien (subject to the terms of this HoldCo DIP Order). For the purposes hereof, any alleged claim arising or asserted as a right of reclamation or return (whether asserted under Section 546(c) of the Bankruptcy Code or otherwise) is not a Permitted Prior Lien.

(b) The term "***HoldCo DIP Collateral***"[6] means all assets and properties of each of the HoldCo DIP Loan Parties and their estates, of any kind or nature whatsoever, whether tangible or intangible, real, personal or mixed, whether now owned or consigned by or to, or leased from or to, or hereafter acquired by, or arising in favor of, any of the HoldCo DIP Loan Parties (including under any trade names, styles or derivations thereof), whether prior to or after the Petition Date, and wherever located, including, without limitation, (i) all of the HoldCo DIP Loan Parties' rights, title and interests in all Prepetition HoldCo Collateral, (ii) all money, cash and cash equivalents, all funds in any deposit accounts, securities accounts, commodities accounts or other accounts (together with any and all money, cash and cash equivalents, instruments and other property deposited therein or credited thereto from time to time), all accounts receivable and other receivables (including those generated by intercompany transactions), all rights to payment, contracts and contract rights, all instruments, documents and chattel paper, all securities (whether or not marketable), all goods, furniture, machinery, plants, equipment, vehicles, inventory and fixtures, all real property interests, all interests in leaseholds, all franchise rights, all patents, tradenames, trademarks, copyrights, licenses and all other intellectual property, all general intangibles, tax or other refunds, or insurance proceeds, all equity interests, capital stock, limited liability company interests, partnership interests and financial assets, all investment property, all supporting obligations, all letters of credit and letter of credit rights, all commercial tort claims (including, for the avoidance of doubt, any Cause of Action related thereto), all books and records (including, without limitation, customers lists, credit files, computer programs, printouts and other computer materials and records), and all rents, products, offspring, profits, and proceeds of each

---

6 For the avoidance of doubt, HoldCo DIP Collateral shall include the proceeds of the HoldCo Debtors' real property leasehold interests (if any) but shall not include the leasehold interests themselves, and no liens granted pursuant to this HoldCo DIP Order shall attach to the HoldCo Debtors' leasehold interests (if any).

of the foregoing and all accessions to, substitutions and replacements for, each of the foregoing, including any and all proceeds of any insurance (including any business interruption and property insurance), indemnity, warranty or guaranty payable to any HoldCo DIP Loan Party from time to time with respect to any of the foregoing, provided that Avoidance Actions and proceeds thereof shall not be HoldCo DIP Collateral. Notwithstanding anything to the contrary set forth herein, security deposits of landlords with respect to non-residential real property leases (if any) shall not be subject to the HoldCo DIP Liens or HoldCo Adequate Protection Liens to the extent that such deposits sit outside of the HoldCo Debtors' bankruptcy estates; provided that such HoldCo DIP Liens and HoldCo Adequate Protection Liens shall attach to any reversionary interest of a HoldCo Debtor in such security deposit, subject to the priorities set forth in this HoldCo DIP Order.

(c) *Priority of HoldCo DIP Liens.* The HoldCo DIP Liens shall have the following ranking and priorities:

(i) *First Priority Liens on Unencumbered Property.* Pursuant to section 364(c)(2) of the Bankruptcy Code, the HoldCo DIP Liens shall be valid, binding, continuing, enforceable, non-avoidable, fully and automatically perfected first priority liens and security interests in all HoldCo DIP Collateral that is not subject to Permitted Prior Liens (collectively, the "***Unencumbered Property***").

(ii) *Priming DIP Liens and Junior DIP Liens.* Pursuant to sections 364(c)(3) and 364(d)(1) of the Bankruptcy Code, the HoldCo DIP Liens shall be valid, binding, continuing, enforceable, non-avoidable, fully and automatically perfected liens and security interests in all HoldCo DIP Collateral (other than as described in subparagraph (c)(i) of this paragraph 6), which HoldCo DIP Liens (A) shall be subject and subordinate to Permitted Prior Liens, and (B) shall be senior to any and all other liens and security interests in the HoldCo DIP Collateral.

(iii) *DIP Liens Senior to Other Liens.* Except to the extent expressly permitted hereunder, the HoldCo DIP Liens and the HoldCo DIP Superpriority Claims (as defined below) shall not be made subject or subordinate to or *pari passu* with (A) any lien, security interest or claim heretofore or hereinafter granted in any of the Chapter 11 Cases or any Successor Cases, including any lien, security interest or claim granted in favor of any federal, state, municipal, or other governmental unit (including any regulatory body), commission, board or court for any liability of the HoldCo DIP Loan Parties, (B) any lien or security interest that is avoided and preserved for the benefit of the HoldCo DIP Loan Parties and their estates under section 551 of the Bankruptcy Code or otherwise, (C) any

intercompany or affiliate claim, lien or security interest of the HoldCo DIP Loan Parties or their affiliates, or (D) any other lien, security interest or claim arising under section 363 or 364 of the Bankruptcy Code granted on or after the date hereof.

(d) To the fullest extent permitted by the Bankruptcy Code, any provision of any lease, license, contract or other agreement that requires the consent or approval of one or more landlords, licensors or other parties, or requires the payment of any fees or obligations to any governmental entity, non-governmental entity or any other person or entity, in order for any HoldCo Debtor to pledge, grant, mortgage, sell, assign, or otherwise transfer any fee or leasehold interest (if any), or proceeds thereof or other collateral related thereto, shall have no force or effect with respect to the transactions granting the HoldCo DIP Liens or the HoldCo Adequate Protection Liens in any such fee, leasehold, interest, or other collateral, or in the proceeds of any assignment and/or sale thereof by any HoldCo DIP Loan Party in favor of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties in accordance with this HoldCo DIP Order. Notwithstanding the foregoing, nothing in this paragraph shall apply to a required landlord consent or related payment of fees under a non-residential real property lease (if any).

7. *HoldCo DIP Superpriority Claims.*

(a) Pursuant to sections 364(c)(1) and 364(e) of the Bankruptcy Code, the HoldCo DIP Obligations shall constitute allowed superpriority administrative expense claims against each of the HoldCo DIP Loan Parties in each of their respective Chapter 11 Cases and any Successor Cases on account of the HoldCo DIP Obligations, with priority over any and all other administrative expense claims and all other claims against the HoldCo DIP Loan Parties, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, the HoldCo Adequate Protection Claims and all administrative expense claims of the kind specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 546, 726, 1113 or 1114 of the Bankruptcy Code, or any other provision of the Bankruptcy Code, whether or not

such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment (the "***HoldCo DIP Superpriority Claims***"). The HoldCo DIP Superpriority Claims shall for purposes of section 1129(a)(9)(A) of the Bankruptcy Code, be considered administrative expenses allowed under section 503(b) of the Bankruptcy Code. The HoldCo DIP Superpriority Claims shall be payable by each of the HoldCo DIP Loan Parties on a joint and several basis, and shall have recourse to all HoldCo DIP Collateral. The HoldCo DIP Superpriority Claims shall be entitled to the full protection of section 364(e) of the Bankruptcy Code, including in the event that this HoldCo DIP Order or any provision hereof is vacated, reversed or modified, on appeal.

8. *Use of HoldCo DIP Collateral.*

(a) The HoldCo Debtors are hereby authorized to use (i) the proceeds of the Tranche A HoldCo DIP Loans up to $1.5 million solely to pay the allowed administrative expense claims of the HoldCo Debtors' upon the HoldCo Debtors' emergence from chapter 11 and (ii) the proceeds of the Tranche B HoldCo DIP Loans up to $6.0 million solely to pay the professional fees and expenses of the HoldCo DIP Lenders and adequate protection payments to the members of the Freedom Lender Group, in each case in accordance with this HoldCo DIP Order; provided that the use of Tranche B HoldCo DIP Loans for any other purposes shall be a violation of this HoldCo DIP Order. Nothing in this HoldCo DIP Order shall constitute a cap on the accrued fees and expenses due and payable to any of the HoldCo DIP Lender Advisors or the Freedom Lender Group Advisors (as defined below). Each estate professional shall establish separate matters for the HoldCo Debtors and all other affiliated Debtors against which their time will be billed, and payment of fees allocated to the HoldCo Debtors shall be applied for and allowed separately from all other affiliated Debtors; provided that the rights of the HoldCo DIP Lenders, the Freedom

Lender Group and all other parties in interest are preserved to contest, challenge and seek to modify any estate professional's proposed allocation between the Holdco Debtors and all other affiliated Debtors.

(b) Without the prior written consent of the HoldCo DIP Lenders, the HoldCo Debtors shall not sell, transfer, lease, encumber, or otherwise dispose of any proceeds of the HoldCo DIP Facility or any portion of the HoldCo DIP Collateral (or enter into any binding agreement to do so), except in accordance with this HoldCo DIP Order.

9. [*Reserved.*]

10. *Adequate Protection*. The Prepetition HoldCo Secured Parties are entitled, pursuant to sections 361, 362, 363(e) and 507 of the Bankruptcy Code, to adequate protection of their respective Prepetition HoldCo Liens in Prepetition HoldCo Collateral, as follows (the liens, security interests, payments and other obligations set forth in this paragraph 10, are collectively referred to herein as the "***HoldCo Adequate Protection Obligations***"):

(a) *HoldCo Adequate Protection Claims.* The Prepetition HoldCo Agent, for the benefit of itself and the Prepetition HoldCo Lenders, is hereby granted, to the extent and in the amount of any Diminution in Value of the Prepetition HoldCo Liens in the Prepetition HoldCo Collateral, superpriority administrative expense claims contemplated by section 507(b) of the Bankruptcy Code against each of the HoldCo Debtors in each of their respective Chapter 11 Cases and any Successor Cases (the "***HoldCo Adequate Protection Claims***"), which shall be payable by each of the HoldCo DIP Loan Parties, on a joint and several basis, and shall have recourse to all HoldCo DIP Collateral. The HoldCo Adequate Protection Claims shall be (a) subject and subordinate to the HoldCo DIP Superpriority Claims and (b) senior to any and all other administrative expense claims and all other claims against the HoldCo DIP Loan Parties and their

estates, now existing or hereafter arising, of any kind or nature whatsoever.

(b) *HoldCo Adequate Protection Liens.* The Prepetition HoldCo Agent, for the benefit of itself and the Prepetition HoldCo Lenders, is hereby granted, effective and automatically perfected as of the Petition Date, and without the necessity of the execution, recordation or filing of any pledge, collateral or security documents, mortgages, deeds of trust, financing statements, notations of certificates of title for titled goods, or any other document or instrument, or the taking of any other action (including, without limitation, entering into any lockbox or deposit account control agreement or other act to take possession or control of any HoldCo DIP Collateral), to the extent and in the amount of any Diminution in Value of the Prepetition HoldCo Liens in the Prepetition HoldCo Collateral, valid, binding, enforceable and perfected post-petition liens and security interests in all HoldCo DIP Collateral (the "***HoldCo Adequate Protection Liens***"). The HoldCo Adequate Protection Liens (a) shall be subject to the HoldCo DIP Liens and any Permitted Prior Liens and (b) shall be senior to any and all other liens and security interests in the HoldCo DIP Collateral.

(c) *Additional Adequate Protection for Prepetition HoldCo Secured Parties.* As additional adequate protection of the Prepetition HoldCo Liens in the Prepetition HoldCo Collateral, the Debtors are authorized and directed to pay, without the necessity of filing formal fee applications or compliance with the U.S. Trustee's fee guidelines, whether arising prior to or after the Petition Date, the out-of-pocket fees, costs and expenses of the Ad Hoc Group of Freedom Lenders (the "***Freedom Lender Group***"),[7] including, without limitation, the reasonable and documented fees and expenses of (A) White & Case LLP, as counsel to the Freedom Lender

[7] The Freedom Lender Group is comprised of certain Prepetition HoldCo Lenders and Second Lien OpCo Lenders, as named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

Group, (B) Farnan LLP, as local counsel to the Freedom Lender Group, (C) FTI Consulting, as financial advisor to the Freedom Lender Group, and (D) Greenhill & Co., as investment banker to the Freedom Lender Group (collectively, the "***Freedom Lender Group Advisors***") on a monthly basis, subject in the case of professional fees incurred after entry of this HoldCo DIP Order to the procedures set forth in paragraph 11 of this HoldCo DIP Order.

11. *Adequate Protection Fees and Expenses.* The invoices with respect to the professional fees and expenses payable under paragraphs 2(e)(iii) and 10(c) of this HoldCo DIP Order shall not be required to comply with the U.S. Trustee guidelines, nor shall the applicable professionals be required to file fee applications with the Court with respect to any fees or expenses payable hereunder, and all invoices therefor may be in summary form only (and shall not be required to contain individual time entries, and may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of such invoices shall not constitute any waiver of the attorney-client privilege or of any benefits of the attorney work product doctrine), and shall, with respect to fees and expenses incurred after entry of this HoldCo DIP Order, be provided by email to counsel to the HoldCo Debtors, counsel to the Official Committee and the U.S. Trustee (the "***Fee Notice Parties***"); provided, however, if no formal objection to payment of the requested fees and expenses is made in writing by any of the Fee Notice Parties within ten (10) Business Days (as defined in the Prepetition HoldCo Credit Agreement) after delivery of such invoices (the "***Fee Objection Period***"), then, upon the expiration of the Fee Objection Period, without further order of, or application to, the Court or notice to any other party, such fees and expenses shall be promptly paid by the HoldCo Debtors and, in any event, no later than three (3) Business Days after expiration of the Fee Objection Period; provided,

further, however, if a formal objection is made by any of the Fee Notice Parties within the Fee Objection Period to payment of the requested fees and expenses, the undisputed portion shall promptly be paid by the HoldCo Debtors, and in any event, no later than three (3) Business Days after expiration of the Fee Objection Period, and the disputed portion shall only be paid upon resolution of such objection by the applicable parties or by order of the Court. Any hearing on an objection to the payment of any fees, costs or expenses set forth in a professional fee invoice shall be limited to reasonableness of the fees, costs and expenses that are the subject of such objection. Subject to this paragraph 11, none of the adequate protection payments required to be made pursuant to this HoldCo DIP Order shall be subject to claim, counterclaim, challenge, setoff, subordination, defense, avoidance or disgorgement in the Chapter 11 Cases or any Successor Cases; provided that all parties in interest's rights are preserved to seek to recharacterize any adequate protection payments made to the Prepetition HoldCo Lenders as payments of principal if the Prepetition HoldCo Lenders are determined by final order of the Court to be undersecured.

12. *Adequate Protection Reservation of Rights of Prepetition HoldCo Secured Parties.* Nothing herein shall be deemed to waive, modify or otherwise impair the respective rights of the Prepetition HoldCo Secured Parties under the Prepetition HoldCo Loan Documents or under applicable law, and the Prepetition HoldCo Secured Parties expressly reserve all of their respective rights and remedies whether now existing or hereafter arising under the Prepetition HoldCo Loan Documents and applicable law. Without limiting the foregoing, nothing contained in this HoldCo DIP Order shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided hereunder is insufficient to compensate the Prepetition HoldCo Secured Parties for any Diminution in Value during the Chapter 11 Cases.

13. *Reservation of Rights.* Notwithstanding anything herein to the contrary, the entry of this HoldCo DIP Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the rights of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties (subject to the Prepetition HoldCo Loan Documents and this HoldCo DIP Order) to seek any other or supplemental relief in respect of the HoldCo Debtors; (b) the rights of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties under this HoldCo DIP Order or the Prepetition HoldCo Loan Documents, the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code; (ii) request dismissal of any of the Chapter 11 Cases, conversion of any or all of the Chapter 11 Cases to a case under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers; or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable or otherwise) of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties. Notwithstanding anything contained herein to the contrary, the entry of this HoldCo DIP Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the HoldCo Debtors' or any party in interest's right to oppose (on an emergency basis if need be) any of the relief requested in accordance with the immediately preceding sentence, except as expressly set forth in this HoldCo DIP Order.

14. [*Reserved.*]

15. *Modification of Automatic Stay.* The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby vacated and modified, without further notice to or order of this Court, to permit: (a) the HoldCo DIP Loan Parties to grant the HoldCo DIP Liens and the HoldCo DIP Superpriority Claims, and to perform such acts as the HoldCo DIP Lenders may request to

assure the perfection and priority of the HoldCo DIP Liens; (b) the HoldCo DIP Loan Parties to incur all liabilities and obligations, including all of the HoldCo DIP Obligations, to the HoldCo DIP Lenders as contemplated under this HoldCo DIP Order; (c) the HoldCo DIP Loan Parties to grant the HoldCo Adequate Protection Liens and the HoldCo Adequate Protection Claims, and to perform such acts as the Prepetition HoldCo Agent may request to assure the perfection and priority of the HoldCo Adequate Protection Liens; (d) the HoldCo DIP Loan Parties to incur all liabilities and obligations, including all HoldCo Adequate Protection Obligations, to the Prepetition HoldCo Secured Parties as contemplated under this HoldCo DIP Order and the Prepetition HoldCo Loan Documents; (e) the HoldCo DIP Loan Parties to pay all amounts required hereunder; (f) the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties to retain and apply payments made in accordance with the terms of this HoldCo DIP Order and the Prepetition HoldCo Loan Documents; (g) the HoldCo DIP Lenders to exercise, upon the occurrence and during the continuance of any HoldCo DIP Termination Event (as defined below), all rights and remedies provided for in this HoldCo DIP Order; (h) the HoldCo Debtors to perform under this HoldCo DIP Order, and to take any and all other actions that may be required, necessary, or desirable for the performance by the HoldCo Debtors under this HoldCo DIP Order and the implementation of the transactions contemplated hereunder; and (i) the implementation of all of the terms, rights, benefits, privileges, remedies, and provisions of this HoldCo DIP Order.

16. *Perfection of HoldCo DIP Liens and HoldCo Adequate Protection Liens*.

(a) This HoldCo DIP Order shall be sufficient and conclusive evidence of the attachment, validity, perfection, and priority of all liens and security interests granted hereunder, including, without limitation, the HoldCo DIP Liens and the HoldCo Adequate Protection Liens, without the necessity of the execution, recordation or filing of any pledge, collateral or security

agreements, mortgages, deeds of trust, lockbox or control agreements, financing statements, notations of certificates of title for titled goods, or any other document or instrument, or the taking of any other action (including, without limitation, entering into any deposit account control agreement or other act to take possession or control of any HoldCo DIP Collateral), to attach, validate, perfect or prioritize such liens and security interests, or to entitle the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties to the priorities granted herein (each, a "***Perfection Act***") (other than, to the extent applicable, any such filings required under applicable non-U.S. law to attach, validate, perfect or prioritize such liens).

(b) Without in any way limiting the automatically effective perfection of the liens granted hereunder (including, without limitation, the HoldCo DIP Liens and the HoldCo Adequate Protection Liens), the HoldCo DIP Lenders and the Prepetition HoldCo Agent (acting at the direction of the requisite Prepetition HoldCo Lenders under the applicable Prepetition HoldCo Loan Documents) are hereby authorized, but not required, as they may determine for any reason, to execute, file and record or otherwise effectuate any Perfection Act or to take any other action in order to attach, validate, perfect, preserve and enforce the liens and security interests granted to them hereunder to otherwise evidence such liens and security interests in all HoldCo DIP Collateral or Prepetition HoldCo Collateral, as applicable.

(c) A certified copy of this HoldCo DIP Order may, as to the HoldCo DIP Lenders, or as to the Prepetition HoldCo Agent (acting at the direction of the requisite Prepetition HoldCo Lenders under the applicable Prepetition HoldCo Loan Documents), be (but need not be) filed with or recorded in filing or recording offices in addition to or in lieu of any security documents, and all filing offices are hereby authorized and directed to accept such certified copy of this HoldCo DIP Order for filing and/or recording, as applicable. The automatic stay of

section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the HoldCo DIP Lenders or the Prepetition HoldCo Agent to take all actions, as applicable, referenced in this paragraph.

17. *Protection of HoldCo DIP Lenders' Rights.*

(a) Until the HoldCo DIP Obligations are Paid in Full, the Prepetition HoldCo Secured Parties shall: (i) have no right to and shall take no action to foreclose upon, or recover in connection with, the liens or security interests granted to the Prepetition HoldCo Secured Parties pursuant to the Prepetition HoldCo Loan Documents or this HoldCo DIP Order or otherwise seek to exercise or enforce any rights or remedies against any HoldCo DIP Collateral, Prepetition HoldCo Collateral or Prepetition HoldCo Loan Party (as applicable), including, without limitation, any exercise of setoff or recoupment; and (ii) not file any further financing statements, patent filings, trademark filings, copyright filings, mortgages, notices of lien, or similar instruments, or otherwise take any action to perfect their security interests in the HoldCo DIP Collateral unless, solely as to this clause (ii), any of the applicable HoldCo DIP Lenders have filed financing statements or other documents in respect of the liens granted pursuant to this HoldCo DIP Order or as may be required by applicable state law to continue the perfection of valid and unavoidable liens or securities interests as of the Petition Date. No Prepetition HoldCo Secured Party may, directly or indirectly, contest, or support any other Person (as defined in the Prepetition HoldCo Credit Agreement) in contesting, in any proceeding, the extent, validity, attachment, priority, or enforceability of any HoldCo DIP Lien held by or on behalf of any of the HoldCo DIP Lenders in the HoldCo DIP Collateral (or the extent, validity, allowability, or enforceability of any HoldCo DIP Obligations secured thereby or purported to be secured thereby) or the provisions of this HoldCo DIP Order.

(b) [*Reserved.*]

(c) [*Reserved.*]

(d) In the event that any person or entity that holds a lien on or security interest in HoldCo DIP Collateral that is junior or otherwise subordinate to the HoldCo DIP Liens receives any HoldCo DIP Collateral or proceeds of HoldCo DIP Collateral, or receives any payment on account of such lien or security interest in the HoldCo DIP Collateral, (whether in connection with the exercise of any right or remedy (including setoff), payment or distribution from the HoldCo Debtors, mistake, or otherwise) prior to the Payment in Full[8] of all HoldCo DIP Obligations, such person or entity shall be deemed to have received, and shall hold, any such payment or proceeds of HoldCo DIP Collateral in trust for the benefit of the HoldCo DIP Lenders, and shall immediately turn over all such proceeds to the HoldCo DIP Lenders, in the same form as received, with any necessary endorsements, for application in accordance with this HoldCo DIP Order. The HoldCo DIP Lenders are hereby authorized to make any such endorsement as agent for the Prepetition HoldCo Agent or any other Prepetition HoldCo Secured Party. This authorization is coupled with an interest and is irrevocable.

(e) Except as expressly provided herein or in this HoldCo DIP Order, no claim or lien having a priority senior to or pari passu with those granted to any of the HoldCo DIP Lenders or Prepetition HoldCo Secured Parties by this HoldCo DIP Order shall be granted or permitted while any of the HoldCo DIP Obligations, HoldCo Adequate Protection Obligations or the Prepetition HoldCo Secured Obligations, respectively, remain outstanding. Except as expressly

---

[8] The term "***Paid in Full***" or "***Payment in Full***" means the indefeasible payment in full in cash of all HoldCo DIP Obligations or Prepetition HoldCo Secured Obligations, as the case may be, other than contingent indemnification and expense reimbursement obligations for which no claim or demand has been asserted, and all commitments thereunder have been terminated or expired.

provided in this HoldCo DIP Order, each of the HoldCo DIP Liens, the HoldCo DIP Superpriority Claims, the HoldCo Adequate Protection Liens and the HoldCo Adequate Protection Claims: (A) shall not be made junior or subordinated to or pari passu with (i) any lien, security interest or claim heretofore or hereinafter granted in any of the Chapter 11 Cases or any Successor Cases, whether under section 364(d) of the Bankruptcy Code or otherwise, (ii) any lien that is avoided and preserved for the benefit of the HoldCo Debtors and their estates under section 551 of the Bankruptcy Code or otherwise, (iii) any lien arising after the Petition Date including, without limitation, any lien or security interests granted in favor of any federal, state, municipal or other domestic or foreign governmental unit (including any regulatory body), commission, board or court for any liability of the HoldCo Debtors, or (iv) any intercompany or affiliate lien or claim; and (B) shall not be subject to sections 510, 549, 550 or 551 of the Bankruptcy Code.

18. *Maintenance of HoldCo DIP Collateral.* Until such time as all HoldCo DIP Obligations are Paid in Full (or as otherwise agreed in writing by the HoldCo DIP Lenders), the Debtors shall continue to maintain all property, operational, and other insurance as required and as specified in the Prepetition HoldCo Loan Documents.

19. [*Reserved.*]

20. *Reporting; Access to Records.* The HoldCo Debtors shall provide the HoldCo DIP Lenders and HoldCo DIP Lender Advisors with all reporting, management calls, access to books and records and other information required to be provided to any of the Prepetition HoldCo Secured Parties under the Prepetition HoldCo Loan Documents. Without limiting the requirements contained herein, the HoldCo Debtors shall (a) provide the HoldCo DIP Lenders with reasonable access, upon reasonable notice and during regular business hours, to the HoldCo Debtors' books and records, assets and properties, for purposes of monitoring the HoldCo Debtors' businesses and

operations and the value of the HoldCo DIP Collateral, and (b) reasonably cooperate and consult with, and provide information reasonably requested by the HoldCo DIP Lenders concerning the HoldCo Debtors' businesses, financial condition, properties, business operations and assets.

21. *DIP Termination Events; Exercise of Remedies.*

(a) *DIP Termination Events.* The occurrence of any of the following shall constitute a "HoldCo DIP Termination Event" under this HoldCo DIP Order (each a "***HoldCo DIP Termination Event***", and the date upon which such HoldCo DIP Termination Event occurs, the "***HoldCo DIP Termination Date***"), unless waived in writing by the HoldCo DIP Lenders: (i) [reserved]; (ii) the HoldCo DIP Obligations are not repaid in full by the date that is 180 days from entry of this HoldCo DIP Order (the "***Maturity Date***"), provided that the Maturity Date may be extended for up to an additional 90 days solely with the prior written consent of the HoldCo DIP Lenders; (iii) any of the Debtors seeks authorization from the Court for (or the Court enters an order authorizing or approving) any amendment, modification, or extension of this HoldCo DIP Order without the prior written consent of the HoldCo DIP Lenders (and no such consent shall be implied by any other action or inaction of any of the HoldCo DIP Lenders); (iv) the failure of the HoldCo Debtors to make any payment required under this HoldCo DIP Order to any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties as and when due and payable hereunder; (v) the failure by any of the HoldCo Debtors to timely perform or comply in any material respect, with any of the other terms, provisions, conditions or other obligations under this HoldCo DIP Order; or (vi) any liens or claims other than with respect to the Prepetition HoldCo Credit Agreement or the HoldCo DIP Facility are granted by the HoldCo DIP Loan Parties.

(b) *Remedies Upon DIP Termination Event.* Upon the occurrence and during the continuation of a HoldCo DIP Termination Event, without further notice to, hearing, or order

from the Court, the automatic stay provisions of Section 362 of the Bankruptcy Code shall be vacated and modified to the extent necessary to permit the HoldCo DIP Lenders to: (i) deliver to the HoldCo DIP Borrower a notice declaring the occurrence of a HoldCo DIP Termination Event; (ii) declare the termination, reduction or restriction of the commitments under the HoldCo DIP Facility (to the extent any such commitment remains); (iii) declare the HoldCo DIP Obligations then outstanding to be due and payable; (iv) declare the termination of the HoldCo DIP Facility as to any further liability or obligation thereunder, but without affecting the HoldCo DIP Liens or the HoldCo DIP Obligations; (v) declare the reduction or restriction on the HoldCo DIP Facility; (vi) [reserved]; and/or (vii) charge interest at the default rate under the HoldCo DIP Facility

22. *No Waiver by Failure to Seek Relief*. The rights and remedies of the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties specified herein, are cumulative and not exclusive of any rights or remedies that the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties may have under the Prepetition HoldCo Loan Documents, applicable law or otherwise. The failure or delay on the part of any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties to seek relief or otherwise exercise their rights and remedies under this HoldCo DIP Order, the Prepetition HoldCo Loan Documents or applicable law, as the case may be, shall not constitute a waiver of any of their respective rights hereunder, thereunder or otherwise. No delay on the part of any party in the exercise of any right or remedy under this HoldCo DIP Order or the Prepetition HoldCo Loan Documents shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy. Except as otherwise set forth in the Prepetition HoldCo Loan Documents, none of the rights or remedies of any party under this HoldCo DIP Order and the Prepetition HoldCo Loan Documents shall be deemed to have been

amended, modified, suspended, or waived unless such amendment, modification, suspension, or waiver is express, in writing and signed by the requisite parties under this HoldCo DIP Order and the requisite parties under the Prepetition HoldCo Loan Documents, as applicable. No consents required hereunder by any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties shall be implied by any inaction or acquiescence by any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties (as applicable).

23. [*Reserved.*]

24. [*Reserved.*]

25. *Limitations on Use of HoldCo DIP Collateral or Other Funds:* Notwithstanding anything contained in this HoldCo DIP Order or any other order of the Court to the contrary, no HoldCo DIP Collateral, Prepetition HoldCo Collateral, HoldCo DIP Loans, proceeds of any of the foregoing or any other funds may be used (nor shall any professional fees, costs, or expenses be paid or applied in connection therewith) by any of the Debtors, any statutory or non-statutory committees appointed or formed in the Chapter 11 Cases, or any other party-interest (including without limitation any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any Successor Cases), directly or indirectly:

(a) to investigate (including by way of examinations or discovery proceedings, whether formal or informal), prepare, assert, initiate, assert, commence, support or prosecute (or finance the initiation or prosecution of) any claim, counterclaim, cross-claim, Cause of Action, suit, arbitration, proceeding, application, motion, contested matter, objection, defense, adversary proceeding, litigation or other proceeding of any nature or description (whether for monetary, injunctive, affirmative relief or otherwise) against any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties or their respective Representatives, including, without limitation, (i) any objection or challenge to the amount, validity, enforceability, extent, perfection or priority of the HoldCo DIP Obligations, the HoldCo DIP Liens, the HoldCo DIP Collateral, the HoldCo Adequate Protection Liens, the HoldCo Adequate Protection Claims and the other HoldCo Adequate Protection Obligations, the Prepetition HoldCo Loan Documents, the Prepetition HoldCo Secured Obligations, the Prepetition HoldCo Liens or the Prepetition HoldCo Collateral, (ii) any Avoidance Actions, (iii) any so-called “lender liability” claims, (iv) any claim or Cause of

Action seeking the invalidation, reduction, setoff, offset, recoupment, avoidance, recharacterization, subordination (whether equitable, contractual or otherwise), reclassification, disgorgement, disallowance, impairment, marshalling, surcharging or recovery with respect to the HoldCo DIP Liens, the HoldCo DIP Obligations, this HoldCo DIP Order, the HoldCo DIP Collateral, the HoldCo Adequate Protection Liens, the HoldCo Adequate Protection Claims and the other HoldCo Adequate Protection Obligations, the Prepetition HoldCo Liens, the Prepetition HoldCo Secured Obligations, the Prepetition HoldCo Loan Documents or the Prepetition HoldCo Collateral, (vi) any other claim or Cause of Action of any nature and description whatsoever, whether arising under the Bankruptcy Code, applicable non-bankruptcy law, any other domestic or foreign statute, law, rule or regulation or otherwise, against any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties or their respective Representatives;

(b) objecting to, appealing or otherwise challenging this HoldCo DIP Order, the HoldCo DIP Facility, the HoldCo DIP Obligations, the HoldCo DIP Liens, or the transactions contemplated hereunder;

(c) objecting to or seeking to impair, modify or interfere with any of the rights, remedies, priorities, privileges, protections or benefits granted to the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties under this HoldCo DIP Order (other than to contest whether a HoldCo DIP Termination Event has occurred and is continuing);

(d) [*Reserved*];

(e) seeking or requesting authorization to obtain postpetition financing (whether equity or debt) or other financial accommodations pursuant to sections 364(c) or (d) of the Bankruptcy Code, or otherwise;

(f) seeking or requesting authorization to obtain superpriority claims or liens or security interests (other than liens or security interests expressly permitted under this HoldCo DIP Order) in any portion of the HoldCo DIP Collateral that are senior to or *pari passu* with the HoldCo DIP Liens, the HoldCo DIP Superpriority Claims, the HoldCo Adequate Protection Liens, the HoldCo Adequate Protection Claims, the Prepetition HoldCo Liens or the Prepetition HoldCo Secured Obligations unless all HoldCo DIP Obligations and Prepetition HoldCo Secured Obligations have been Paid in Full (or as otherwise agreed in writing by the HoldCo DIP Lenders or the requisite Prepetition HoldCo Secured Parties, as applicable);

(g) seeking to sell or otherwise dispose of HoldCo DIP Collateral (without the prior written consent of the HoldCo DIP Lenders) other than as provided herein; or

(h) seeking to pay any amount on account of any claims arising prior to the commencement of these Chapter 11 Cases, unless such payments are agreed to in writing by the HoldCo DIP Lenders.

26. [*Reserved.*]

27. [*Reserved.*]

28. *Right to Credit Bid.* The HoldCo DIP Lenders or their designee (which may be an

acquisition vehicle formed by the HoldCo DIP Lenders), shall have the unqualified right to credit bid up to the full amount of the applicable HoldCo DIP Obligations in any sale of all or any portion of HoldCo DIP Collateral (including, for the avoidance of doubt, any asset for which the HoldCo DIP Collateral is limited to the proceeds thereof as a result of applicable law prohibiting encumbrances from being attached to such asset) subject to and in accordance with this HoldCo DIP Order, and (b) subject to section 363(k) of the Bankruptcy Code, the Prepetition HoldCo Agent or its/their designee(s) (which may be an acquisition vehicle) (in each case, acting at the direction of the requisite Prepetition HoldCo Lenders under the applicable Prepetition HoldCo Loan Documents) shall have the unqualified right to credit bid up to the full amount of the applicable Prepetition HoldCo Secured Obligations in any sale all or any portion of the Prepetition HoldCo Collateral (including, for the avoidance of doubt, any asset for which the Prepetition HoldCo Collateral is limited to the proceeds thereof as a result of applicable law prohibiting encumbrances from being attached to such asset) in accordance with the applicable Prepetition HoldCo Loan Documents, in the case of each of foregoing clauses (a) and (b), without the need for further order of the Court authorizing same, whether in a sale under or pursuant to section 363 of the Bankruptcy Code, a chapter 11 plan subject to confirmation under section 1129(b)(2)(A) of the Bankruptcy Code, a sale or disposition by a chapter 7 trustee for any of the Debtors under section 725 of the Bankruptcy Code, or otherwise. The HoldCo DIP Lenders and the Prepetition HoldCo Agent (acting at the direction of the requisite Prepetition HoldCo Secured Parties under the applicable Prepetition HoldCo Loan Documents), shall each have the absolute right to assign, transfer, sell, or otherwise dispose of their respective rights to credit bid (subject to the Prepetition HoldCo Loan Documents and this HoldCo DIP Order) to any acquisition vehicle formed in connection with such bid or other designee.

29. *Binding Effect; Successors and Assigns*. Immediately upon entry of this HoldCo DIP Order, the provisions of this HoldCo DIP Order, including all findings and conclusions of law herein, shall be binding upon all parties in interest in the Chapter 11 Cases and any Successor Cases, including without limitation, the HoldCo DIP Lenders, the Prepetition HoldCo Secured Parties, the Official Committee or any other committee appointed or formed in the Chapter 11 Cases and any Successor Cases, and their respective successors and assigns (including any chapter 11 trustee or chapter 7 trustee or examiner appointed or elected in the Chapter 11 Cases or any Successor Cases, or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors), and shall inure to the benefit of each of the HoldCo Debtors, the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties and their respective successors and assigns; provided, however, that, for the avoidance of doubt, the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties shall have no obligation to make any loan, permit the use of HoldCo DIP Collateral or Prepetition HoldCo Collateral or extend any financing to any chapter 11 trustee or chapter 7 trustee or similar responsible person appointed for the estate of any Debtor in the Chapter 11 Cases or any Successor Cases.

30. *No Modification of HoldCo DIP Order*. Until and unless the HoldCo DIP Obligations and the Prepetition HoldCo Secured Obligations have been Paid in Full, the Debtors irrevocably waive the right to seek, and shall not seek or consent to, directly or indirectly: (a) without the prior written consent of the HoldCo DIP Lenders, (i) any modification, stay, vacatur or amendment to this HoldCo DIP Order, (ii) the allowance of any claim against any HoldCo Debtor in the Chapter 11 Cases or any Successor Cases equal or superior to the HoldCo DIP Superpriority Claims, (iii) the grant of any lien or security interest on any HoldCo DIP

Collateral with priority equal to or superior to the HoldCo DIP Liens, except as expressly permitted hereunder, (iv) the entry of any order authorizing the use of HoldCo DIP Collateral that is inconsistent with this HoldCo DIP Order, or (b) without the prior written consent of the Prepetition HoldCo Agent, acting at the direction of the requisite Prepetition HoldCo Lenders, (i) any modification, stay, vacatur or amendment to this HoldCo DIP Order that adversely affects the rights, remedies, benefits or protections of the applicable Prepetition HoldCo Secured Parties, (ii) the allowance of any claim against any HoldCo Debtor in the Chapter 11 Cases or any Successor Cases equal or superior to the HoldCo Adequate Protection Claims (other than the HoldCo DIP Superpriority Claims), or (iii) the grant of any lien or security interest on any HoldCo DIP Collateral or Prepetition HoldCo Collateral with priority equal to or superior to the HoldCo Adequate Protection Liens, except as expressly permitted hereunder.

31. *Proceeds of Subsequent Financings.* Without limiting the provisions of the immediately preceding paragraph, if at any time prior to the Payment in Full of all of the HoldCo DIP Obligations, the HoldCo Adequate Protection Obligations and the Prepetition HoldCo Secured Obligations, either the Debtors, the Debtors' estates, any chapter 11 trustee, chapter 7 trustee or examiner with enlarged powers, or any responsible officer subsequently appointed in any of the Chapter 11 Cases or any Successor Cases, shall obtain credit or incur debt pursuant to sections 364(b), (c), or (d) of the Bankruptcy Code in violation of this HoldCo DIP Order, then, unless otherwise agreed in writing by the HoldCo DIP Lenders, all of the cash proceeds derived from such credit or debt intended to refinance the HoldCo DIP Obligations shall immediately be turned over to the HoldCo DIP Lenders on account of their HoldCo DIP Obligations pursuant to this HoldCo DIP Order.

32. *Preservation of Rights Granted Under HoldCo DIP Order.*

(a) *Good Faith Under Section 364(e) of the Bankruptcy Code.* The HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties have acted in good faith in connection with this HoldCo DIP Order and the HoldCo DIP Facility, and their reliance on this HoldCo DIP Order is in good faith. Based on the findings set forth in this HoldCo DIP Order and upon the record made at the HoldCo DIP Hearing and during these Chapter 11 Cases, the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties are entitled to the protections provided in section 364(e) of the Bankruptcy Code. If any or all of the provisions of this HoldCo DIP Order are hereafter reversed or modified on appeal by any order of this Court or any other court, any such reversal or modification shall not affect (i) the validity of any HoldCo DIP Obligations incurred hereunder, (ii) the priority of the HoldCo DIP Liens granted hereunder, or (iii) the validity of the HoldCo DIP Liens granted hereunder, to the HoldCo DIP Lenders, whether or not the HoldCo DIP Lenders know of such appeal, unless the authorization to incur the HoldCo DIP Obligations or the grant of the HoldCo DIP Liens hereunder is stayed pending appeal. Notwithstanding any such reversal or modification, any such claim, lien, or security interest, right, privilege, remedy or benefit shall be governed in all respects by the original provisions of this HoldCo DIP Order.

(b) *Survival.* Notwithstanding anything contained herein to the contrary, the terms and provisions of this HoldCo DIP Order (including, without limitation, all of the claims, liens and security interests, rights, priorities, privileges, remedies, benefits, and protections granted to the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties under this HoldCo DIP Order), and any actions taken pursuant hereto or thereto, shall survive, shall continue in full force and effect, shall remain binding on all parties-in-interest, and shall be governed by the original provisions of this HoldCo DIP Order and maintain their priorities as set forth in this HoldCo DIP

Order, and shall not be modified, impaired, or discharged by, entry of any order that may be entered (i) confirming any chapter 11 plan in any of the Chapter 11 Cases, (ii) converting any or all of the Chapter 11 Cases to a case (or cases) under chapter 7 of the Bankruptcy Code, (iii) dismissing any or all of the Chapter 11 Cases, (iv) pursuant to which the Court abstains from hearing any of the Chapter 11 Cases, or (v) approving the sale or disposition of any HoldCo DIP Collateral (except as expressly permitted in this HoldCo DIP Order), in each case, until all of the HoldCo DIP Obligations, the HoldCo Adequate Protection Obligations and the Prepetition HoldCo Secured Obligations have been Paid in Full (unless the HoldCo DIP Lenders and/or the requisite Prepetition HoldCo Secured Parties have otherwise agreed in writing in respect of the applicable obligations owed to each of them).

(c) *Dismissal/Conversion.* If any order dismissing any of the Chapter 11 Cases under section 1112 of the Bankruptcy Code or converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code), that (i) all of the claims, liens and security interests, rights, priorities, privileges, remedies, benefits and protections granted to the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties hereunder shall continue in full force and effect and shall maintain their priorities as provided in this HoldCo DIP Order and the Prepetition HoldCo Loan Documents until all HoldCo DIP Obligations, HoldCo Adequate Protection Obligations and Prepetition HoldCo Secured Obligations have been Paid in Full (and that all such claims, liens and security interests, rights, priorities, privileges, remedies, benefits and protections, notwithstanding such dismissal or conversion, remain binding on all parties in interest), and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal or conversion, for the purposes of enforcing this HoldCo DIP Order, the Prepetition HoldCo Loan Documents

and all of the claims, liens and security interests, rights, priorities, privileges, remedies, benefits and protections granted to the HoldCo DIP Lenders and the Prepetition HoldCo Secured Parties hereunder.

33. [*Reserved.*]

34. [*Reserved.*]

35. [*Reserved.*]

36. *Limitation of Liability*. Nothing in this HoldCo DIP Order shall in any way be construed or interpreted to impose or allow the imposition upon any of the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties of any liability for any claim arising from, in connection with or related to the prepetition or postpetition activities of the Debtors and their respective affiliates in the operation of their businesses, their restructuring efforts or in connection with the administration of these Chapter 11 Cases. In determining to make any loan or extension of credit, or in exercising any rights or remedies hereunder, under this HoldCo DIP Order or the Prepetition HoldCo Loan Documents, neither the HoldCo DIP Lenders nor the Prepetition HoldCo Secured Parties shall (a) be deemed to be in control of the operations of the Debtors, (b) owe any fiduciary duty to the Debtors or their creditors, shareholders or estates, or (c) be deemed to be acting as a "Responsible Person" or "Owner" or "Operator" with respect to the operation or management of the Debtors (as such terms or any similar terms are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 42, U.S. §§ 9601 et seq., as amended, or any similar federal or state statute).

37. [*Reserved.*]

38. *Payments Free and Clear.* Any and all payments or proceeds remitted to the HoldCo DIP Lenders or the Prepetition HoldCo Secured Parties pursuant to this HoldCo DIP Order

(if and when entered) or any subsequent order of this Court shall be irrevocable (subject, solely in the case of certain professional fees, the fee review procedures set forth in paragraph 11 of this HoldCo DIP Order), received free and clear of any claim, charge, assessment or other liability.

39. *Joint and Several Liability.* Nothing in this HoldCo DIP Order shall be construed to constitute or authorize a substantive consolidation of any of the Debtors' estates, it being understood, however, that the HoldCo DIP Loan Parties shall be jointly and severally liable for all obligations (including all HoldCo DIP Obligations and all HoldCo Adequate Protection Obligations) under this HoldCo DIP Order.

40. *Third Party Beneficiary.* Except as expressly set forth herein, no rights are created hereunder for the benefit of any third party, any creditor or any direct, indirect or incidental beneficiary.

41. [*Reserved.*]

42. *Effectiveness.* This HoldCo DIP Order shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and shall take effect and be fully enforceable effective as of the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014, any Local Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this HoldCo DIP Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this HoldCo DIP Order.

43. *Bankruptcy Rules.* The requirements of Bankruptcy Rules 4001, 6003, and 6004, in each case to the extent applicable, are satisfied by the contents of the Motion.

44. *Headings.* Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this HoldCo DIP Order.

When used in this HoldCo DIP Order, the word "including" shall not imply limitation.

45. *Necessary Action.* The HoldCo Debtors are authorized to take any and all such actions as are necessary, required or appropriate to implement and effectuate the terms of this HoldCo DIP Order and the transactions contemplated hereunder.

46. *Retention of Jurisdiction.* The Court retains jurisdiction to hear, determine and, if applicable, enforce the terms of any and all matters arising from or related to the HoldCo DIP Facility, the Prepetition HoldCo Loan Documents and this HoldCo DIP Order, and the Court's jurisdiction shall survive confirmation and consummation of any chapter 11 plan for any of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

**FREEDOM VCM, INC.**, as HoldCo DIP Borrower

By:______________________________________
Name:
Title:

**FREEDOM VCM INTERCO, INC.**, as HoldCo DIP Guarantor

By:______________________________________
Name:
Title:

**IRRADIANT PARTNERS, LP**, as a HoldCo DIP Lender

By:______________________________________
Name:
Title:

**PACIFIC INVESTMENT MANAGEMENT COMPANY LLC**, as a HoldCo DIP Lender

By:______________________________________
Name:
Title:

**Exhibit 1**

**Commitment Schedule**

| Lender Name | Tranche A DIP Loan Commitment | Tranche B DIP Loan Commitment | Allocation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total** | **$1,500,000.00** | **$6,000,000.00** | **100.000000000%** |