**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: December 5, 2024 at 12:00 p.m. (ET)¹**<br><br>**Hearing Date: December 10, 2024 at 10:00 a.m. (ET)**<br><br>**Related Doc: 154** |

**LIMITED OBJECTION OF WPG LEGACY, LLC TO DEBTORS' MOTION FOR ENTRY OF ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (D) GRANTING RELATED RELIEF; AND (II) (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**

WPG Legacy, LLC ("WPG Legacy"), by its undersigned counsel, hereby files this limited objection (this "Limited Objection") to the *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of all or Substantially all of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and, (II) (A) Approving the Sale of the Debtors' Assets Free and clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory contracts and*

---
¹ The Debtors extended WPG Legacy's (defined herein) objection deadline.

*Unexpired Leases, and (C) Granting Related Relief* (Docket No. 154) (the "Bid Procedures Motion")[2]. In support of this Limited Objection, WPG Legacy respectfully states:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. WPG Legacy is the owner, or the managing agent for the owners of, certain real properties in which the Debtors lease retail space (the "Leased Premises") pursuant to those certain unexpired leases (collectively, the "Leases" and each a "Lease"). Specifically, the Debtors are currently leasing retail space from WPG Legacy at the following shopping centers:

| Shopping Center | Location |
|---|---|
| Gaitway Plaza | Ocala, FL |
| Wolf Ranch Town Center | Georgetown, TX |

4. The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 11, 2024, the Debtors filed the Bid Procedures Motion seeking, among other things, entry of an order approving the proposed Bidding Procedures and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases.

---

[2] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Bid Procedures

6. WPG Legacy is in discussions with the Debtors, through counsel, regarding WPG Legacy's concerns with the proposed Bidding Procedures. WPG Legacy is hopeful a consensual resolution can be reached in advance of the hearing on December 10, 2024 and files this Limited Objection out of an abundance of caution to preserve its rights.

## LIMITED OBJECTION

7. WPG Legacy does not object generally to the Debtors establishing procedures for the sale of substantially all of the Debtors' assets, including procedures for the potential assumption and assignment of the Debtors' unexpired leases (including the Leases); however, WPG Legacy does not believe that the proposed Bidding Procedures can be approved in their current form. The proposed Bidding Procedures deprive WPG Legacy of its rights pursuant to the Bankruptcy Code, by, among other things, failing to provide WPG Legacy with (a) adequate information to enable it to evaluate and make an informed decision as to the Successful Bidder's ability to perform under the Leases and (b) sufficient time to evaluate any Sale transaction with the Successful Bidder and be heard with respect to any proposed Sale involving the Leases. The proposed Bidding Procedures should be modified to address these concerns as further set forth below.

8. *First,* the proposed Bidding Procedures do not provide WPG Legacy and other similarly situated landlords with sufficient adequate assurance information and are silent as to the Debtors' affirmative duty to provide adequate assurance of future performance under sections 365(b)(1) and (f)(2) of the Bankruptcy Code. In its current form, the proposed Bidding Procedures do not require the Debtors to deliver adequate assurance information to lease counterparties or specify the type of adequate assurance information to be submitted by Qualified Bidders. WPG

Motion.

Legacy requests that the adequate assurance information required to be provided as part of the requirements for a Qualified Bid satisfy the heightened standards for adequate assurance of future performance under the Bankruptcy Code for leases of non-residential real property. In order to satisfy the heightened adequate assurance of future performance burden, WPG Legacy should receive from any proposed assignee of the Leases, <u>at a minimum</u>, the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the stores; (ii) the proposed assignee's intended use for the space and an adequate description of how such intended use allegedly complies with any of the use restrictions in the Leases; (iii) a description of all other stores owned and/or operated by the proposed assignee, locations of the same and trade names used with respect to the same; (iv) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (v) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Leases, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the Leases; (vi) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vii) a contact person for the proposed assignee who WPG Legacy may directly contact in connection with the adequate assurance of future performance information. The Debtors cannot carry their burden under section 365 of the Bankruptcy Code without providing such information, and without receipt of this information, WPG Legacy cannot meaningfully assess any proposed assignee of the Leases.

9.    ***Second***, the proposed Bidding Procedures Order does not provide a deadline or means by which the Debtors shall deliver adequate assurance of future performance information

to landlords and other contract counterparties. The Debtors should be required to provide landlords and other contract counterparties, and counsel if known, with copies of the adequate assurance information via electronic transmission or overnight mail no later than twenty-four hours after the Bid Deadline. WPG Legacy and other lease counterparties should be afforded sufficient time to evaluate adequate assurance information, as well as, be provided an opportunity to object to the sufficiency of such information prior to the Sale Hearing.

10. ***Third***, the proposed Bidding Procedures do not provide a specific timeframe by which the Debtors must file with this Court the Notice of Successful Bidder and do not require the Debtors to promptly notify parties of the Successful Bidder if there is no Auction or upon completion of the Auction. Instead, the proposed Bidding Procedures are silent as to when the Debtors will file the Notice of Successful Bidder if there is no Auction and if there is an Auction, the proposed Bidding Procedures provide that the Debtors will file the Notice of Successful Bidder "as soon as practicable after the Auction". Moreover, the proposed Bidding Procedures do not require the Debtors to file with this Court in advance of the Sale Hearing the Successful Bidder's asset purchase agreement and the proposed sale order. Moreover, the proposed timeline is problematic because not only is it unclear when the Notice of Successful Bidder will be filed with this Court, but it provides (i) if there is no auction, only twenty-four hours between the filing of the Notice of Successful Bidder and the deadline to object to adequate assurance of future performance of the Successful Bidder, or (ii) if there is an action, likely one business day after completion of the Auction (assuming the Auction is completed the same day) to object to adequate assurance of future performance of the Successful Bidder and conduct of the Auction.

11. In sum, this is simply an unacceptable amount of notice and lack of information

on the eve of the Sale Hearing, and not only implicates due process concerns but places an undue burden on WPG Legacy and other similarly situated landlords. This timeline does not give WPG Legacy and other affected landlords adequate notice of the Successful Bid or sufficient time to receive and evaluate the details of the transaction with the Successful Bidder and the Successful Bidder's adequate assurance of future performance and, if necessary, prepare and present an objection in response thereto at the Sale Hearing.

12. The proposed Bidding Procedures must provide WPG Legacy and other affected landlords with sufficient information about the Successful Bid and sufficient time prior to any objection deadline to assess the sale transaction and adequate assurance of future performance of the Successful Bidder and prepare a complete and thorough objection, if necessary, to assumption and assignment and/or the sale transaction to the Successful Bidder, including the terms of the asset purchase agreement and/or the proposed sale order. Accordingly, WPG Legacy requests that the proposed Bidding Procedures be modified to require the Debtors: (i) if no auction, to file the Notice of Successful Bidder no later than 48 hours after the Bid Deadline or (ii) if there is an auction, to file the Notice of Successful Bidder as soon as possible after completion of the Auction but in no event later than 12 hours after the Auction. Regardless of whether there is an auction, the Notice of Successful Bidder should include a copy of the Successful Bidder's asset purchase agreement and proposed sale order. Additionally, once the Notice of Successful Bidder is filed, parties in interest should have a minimum of seven days between the filing of the Notice of Successful Bidder and any auction/adequate assurance objection deadline to allow WPG Legacy and affected landlords a meaningful opportunity to review and respond to the sale transaction, including the Successful Bidder's adequate assurance of future performance information.

13. **_Fourth_**, the proposed Bidding Procedures have three separate objection deadlines for the Sale process: (i) the deadline to object to the Sale (4:00 p.m. ET on the date that is fourteen days after service of the Sale Hearing Notice), (ii) the deadline to object to proposed Cure Costs (4:00 p.m. ET on the date that is fourteen days after service of the Assumption and Assignment Notice), and (iii) the deadline to object to adequate assurance of future performance of the Successful Bidder if there is no Auction (twenty-four hours following publication of the Notice of Successful Bidder) or if there is an Auction (January 30, 2025 at 4:00 p.m. ET). It is unclear why the Sale Objection Deadline is approximately one month in advance of the Sale Hearing and prior to the determination of a Successful Bid. Moreover, it is unduly burdensome to make contract counterparties file up to three objections within span of approximately four weeks relating to the Sale and any proposed assumption and assignment of their contract or lease, and unnecessarily clogs up this Court's docket with multiple and likely in part duplicative filings by parties in interest. Instead, the deadline to object to the Sale should be combined with the deadline to object to adequate assurance of future performance, resulting in landlords and other contract counterparties only being required to file two objections in connection with the sale process.

14. **_Fifth,_** in the event the proposed Bidding Procedures contemplate the marketing and sale of the Debtors' unexpired leases of non-residential real property, the proposed Bidding Procedures should be revised to expressly permit landlords to submit bids for their respective leases and automatically deem landlords bidding on their own leases Qualified Bidders. Specifically, WPG Legacy and other similarly situated landlords should not be required to comply with the bid requirements set forth in the Bidding Procedures, which are more applicable to third parties bidding on assets of the Debtors. Landlords submitting bids for their

own leases should be entitled to bid without providing financial information, adequate assurance of future performance information, or other information as currently required by the proposed Bidding Procedures. Landlords should also be permitted to submit a bid for any portion of the outstanding amounts owed under their leases without submitting a deposit. A landlord bid letter that evidences a bid on a lease, including the amount of any proposed credit or other bid, and an agreement to execute an agreeable form of lease termination or other agreement, should be deemed to satisfy the bid requirement and entitle the landlord to appear and participate in the Auction.

15. **Sixth**, the proposed Bidding Procedures provide that "all creditors may be permitted to attend [the Auction]; provided that the Debtors may establish a reasonable limit on the number of representatives and/or professional advisors that may appear on behalf of or accompany each Qualified Bidder or creditor at the Auction." As written, the proposed Bidding Procedures imply a degree of discretion on behalf of the Debtors on permitting a creditor to attend the Auction. This is not consistent with the Local Rules of this Court, which contemplate an auction being conducted openly and creditors being permitted to attend an auction (*see* Del. Bankr. L.R. 6004-1, "all creditors will be permitted to attend") or bid procedures approved in other retail cases in this district, such as in *In re Number Holdings, Inc.*, Case No. 24-10719, Docket No. 463. Landlords may be directly impacted by the Sale transaction and should have the right to attend and monitor the Auction and if necessary, raise any objections to bids on the record at the Auction.

## RESERVATION OF RIGHTS

16. WPG Legacy reserves any and all rights to supplement and/or amend this Limited

Objection and expressly reserves the right to assert any further objections with respect to the Bid Procedures Motion as it deems necessary or appropriate. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by WPG Legacy of any of its rights under the Leases, the Bankruptcy Code, or applicable law. WPG Legacy expressly reserves all such rights.

## **JOINDER**

17.     WPG Legacy joins in any objections that are filed by other parties in interest to the extent that they are not inconsistent with this Limited Objection.

[*Signature page follows*]

| | |
|---|---|
| Dated: December 5, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>LAW OFFICE OF SUSAN E. KAUFMAN, LLC<br><br>*/s/ Susan E. Kaufman*<br>Susan E. Kaufman (DSB# 3381)<br>919 N. Market Street, Suite 460<br>Wilmington, DE 19801<br>Tel: (302) 472-7420<br>Fax: (302) 792-7420<br>Email: skaufman@skaufmanlaw.com<br><br>-and-<br><br>Ronald E. Gold (Ohio Bar No. 0061351)<br>Erin P. Severini (Ohio Bar No. 91478)<br>FROST BROWN TODD LLP<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Tel: (513) 651-6800<br>Fax: (513) 651-6981<br>Email: rgold@fbtlaw.com<br>　　　　eseverini@fbtlaw.com<br><br>**Counsel for WPG Legacy, LLC** |

0028924.0796311   4923-9294-7713v2