# EXHIBIT A

**Revised Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 4 & 125** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO MAINTAIN AND ADMINISTER THEIR EXISTING
CUSTOMER PROGRAMS AND HONOR CERTAIN PREPETITION
OBLIGATIONS RELATED THERETO, (II) AUTHORIZING THE BANKS
TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an interim order and a final order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing the Debtors

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

to maintain and administer the Customer Programs and honor certain prepetition obligations related thereto, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates and their creditors; and due and proper notice of the Motion having been given and the requirements of Bankruptcy Rule 6004(a) and the Local Rules having been satisfied by such notice; and no other or further notice of the Motion being required; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue to administer Customer Programs currently in effect, modify such programs as in the ordinary course of business, and honor any prepetition Customer Obligations related to the Customer Programs, on a final basis, without regard to whether the Debtors' obligations arose before, on, or after the Petition Date; provided, however, that any cash payments on account of prepetition Customer Obligations related to the Customer Programs shall not exceed $16.26 million on a final basis, unless otherwise ordered by this Court.

| Program | Anticipated Cash Spend |
|---|---|
| Warranty | $1.4 million |
| Layaway | $5.7 million |
| Gift Cards | $60,000 |
| Franchisees | $9.1 million |
| Chargebacks | De minimis |

3.  The Debtors are authorized to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court Order and with ten (10) business days' notice to the Official Committee of Unsecured Creditors (the "Committee") in advance of such changes; provided, however, in the event the Debtors determine it appropriate to discontinue the practice of accepting Gift Cards, the Debtors shall provide notice of such termination no later than fourteen (14) business days' prior thereto through prominent displays on the Debtors' respective e-commerce websites and store locations, including Point of Sale terminals and notice via electronic mail to the Debtors' customer lists.

4.  The Banks on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and the Banks are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.    Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' (or the Committee's) rights to subsequently dispute such claim.

6.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

7.    Nothing in this Final Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Final Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtors' obligations in connection with this Final Order; provided, that the Debtors reserve the right to request that the Court later determine whether the HoldCo Debtors should satisfy such obligations.

8.    The Debtors are authorized, but not directed, to continue to operate under the Merchant Services Agreements. The Debtors are authorized to pay or reimburse the Payment Processors for the Merchant Services Obligations, whether such obligations incurred pre- or post-petition, and the Payment Processors are authorized to receive or obtain payment for such Merchant Services Obligations, as provided for herein, and in accordance with the terms of the Merchant Services Agreements, including, without limitation, by way of recoupment or setoff without further order of this Court. Any claim a Payment Processor may have under the Merchant Services Agreements shall be entitled to, in addition to any other lien, collateral, or payment priority rights in support thereof, administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

11. Nothing in this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

12. Nothing in this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of Debtors (or the Committee), or shall impair the ability of Debtors (or the Committee), to contest the validity and amount of any payment made pursuant to this Final Order.

13. Nothing in this Final Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

14. Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.