## EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ──5 & ──126** |

## FINAL ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders under sections 105, 362, and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of Equity Interests, or any beneficial interest therein, or declarations of worthlessness with respect to Freedom VCM Holdings Stock, or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and this Court having previously entered an interim order granting the relief requested in the Motion [Docket No. ⎯⎯126] (the "Interim Order"); and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein shall be

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

3.    The following procedures shall apply to transfers of Equity Interests:

    a.    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial Holder (as defined in paragraph 5 below) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties (as defined in paragraph 7), a notice of such status, in the form of Exhibit B-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined in paragraph 7 below) and (ii) ten (10) calendar days after becoming a Substantial Holder.

    b.    At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such interests, as defined in paragraph 5 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit B-2 attached hereto, of the intended Transfer of Beneficial Ownership.

    c.    At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such securities) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with this Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of Exhibit B-3 attached hereto, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed Transfer").

    d.    The Debtors and the Notice Parties shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed Transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors or Notice Parties do not object within such seven-day period, such transaction may proceed solely

as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4.      The following procedures shall apply to declarations of worthlessness with respect to Freedom VCM Holdings Stock:

a.      Any person or Entity that is currently or that becomes a 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of Exhibit B-5 attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Final Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

b.      At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with this Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, in the form of Exhibit B-6 attached hereto.

c.      The Debtors and Notice Parties shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with this Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.      If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of this Court, unless the Debtors withdraw such objection.

e.      If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4

5.      For purposes of the procedures set forth above:

a.      A "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.      A "<u>50-Percent Holder</u>" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.      "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of securities, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.      An "<u>Option</u>" to acquire securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, securities subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6.      The Debtors, in consultation with the Consenting First Lien Lenders <u>and the Official Committee of Unsecured Creditors (the "Committee")</u>, may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Final Order; <u>provided</u>, <u>however</u>, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

7.      As soon as reasonably practicable following entry of this Final Order granting the Motion, the Debtors shall serve, or cause to be served, the notice of Final Order setting forth the

procedures authorized herein substantially in the form annexed hereto as Exhibit B-4 ("Notice of Final Order"):  (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent;  (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) proposed counsel to the Committee; (xii)  counsel to any other statutory committee appointed in these Chapter 11 Cases; and (xiixiii) each holder of Equity Interests, including Freedom VCM Holdings Stock (collectively, the "Notice Parties").

8.    Any person or entity (or broker or agent acting on such person or entity's behalf) who sells an aggregate amount equal to at least 4.5% of all issued and outstanding Equity Interests (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Final Order to such purchaser (or to any broker or agent acting on such purchaser's behalf).

9.    The requirements set forth in this Final Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.    To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; provided that any such declarations served on the Debtors and Committee shall not be in redacted form. The Debtors and the Committee shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i)

necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; provided that the Debtors and the Committee may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1(d).

11.    Nothing in this Final Order shall create any right or entitlement by any Debtor other than Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to any Tax Attributes and/or NOLs belonging or attributable to either of the HoldCo Debtors.

12.    ~~11.~~ The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

13.    ~~12.~~ The requirements of Bankruptcy Rule 6004(a) are waived.

14.    ~~13.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

15.    ~~14.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>EXHIBIT B-1</u>**

**Notice of Status as Substantial Holder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL HOLDER[2]

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]  For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial Holder with respect to Equity Interests (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order").[3]   Freedom VCM Holdings, LLC is a debtor and debtor-in-possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of [___], 2024, the undersigned party has Beneficial Ownership of [___] units of Equity Interests.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Equity Interests:

| Number Of Units/ Entity | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

[3]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the ~~Motion~~Final Order.

Respectfully Submitted,

_____
(Name of Holder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____

Date:      _____

**<u>EXHIBIT B-2</u>**

**Notice of Intent to Acquire Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more units of Equity Interests (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order")[2] or an Option with respect thereto (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [_] units of Equity Interests. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [_] units of Equity Interests after such transfer becomes effective.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final Order.

[3]    For purposes of this notice, (A) a "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("Equity Interests") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "Beneficial Ownership" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Notice Parties have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file or any Notice Parties files an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors or Notice Parties do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

*[Remainder of Page Intentionally Left Blank]*

Respectfully Submitted,

_____
(Name of Holder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Date:      _____

## **EXHIBIT B-3**

**Notice of Intent to Transfer Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER A EQUITY INTEREST

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more units of Equity Interests (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Interests in Freedom VCM Interco Holdings, Inc.* (the "<u>Final Order</u>")[2] or an Option with respect thereto (the "<u>Proposed Transfer</u>").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a Substantial Holder[3] with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and served copies thereof on Debtors' counsel.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer [_] units of Equity Interests.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [__] units of Equity Interests after the transfer.

      **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [_].

      **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final Order.

[3]   For purposes of this notice, (A) a "<u>Substantial Holder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Freedom VCM Holdings, LLC ("<u>Equity Interests</u>") (equal to, as of June 6, 2024, approximately 40,686 units based on 904,144 units outstanding), and (B) "<u>Beneficial Ownership</u>" of Equity Interests shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulation Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the Final Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the Notice Parties have seven (7) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors fileor any Notice Party files an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors or Notice Parties do not object within such seven-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling or otherwise transferring units of Equity Interests (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Holder)

By:         _____
Name:     _____
Title:       _____
Address:  _____
              _____
              _____
Telephone: _____
Date:        _____

**<u>EXHIBIT B-4</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FINAL ORDER ESTABLISHING NOTICE AND HEARING
PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS IN THE DEBTORS
AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY
<u>INTERESTS IN FREEDOM VCM INTERCO HOLDINGS, INC.</u>**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS IN
THE ABOVE-CAPTIONED CASES:**

  **PLEASE TAKE NOTICE** that, on November 3, 2024 (the "<u>Petition Date</u>"), the debtors

and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") each

commenced a case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy</u>

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for transfers of equity interests in the Debtors (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on [___], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* [Docket No. ___] (the "Final Order") approving the procedures set forth below in order to preserve the Debtors' Tax Attributes, including their NOLs.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the following procedures shall apply to transfers of equity interests in the Debtors (the "Equity Interests"), or of any beneficial interest therein, or declarations of worthlessness with respect to the equity interests in Freedom VCM Interco Holdings, Inc. (the "Freedom VCM Holdings Stock"):

1.  Any purchase, sale, or other direct or indirect transfer of Equity Interests, whether voluntary or involuntary (a "Transfer") in violation of the procedures set forth herein (including the notice requirements set forth in section 2(a) below) shall be null and void ab initio as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

2.  The following procedures shall apply to transfers of Equity Interests:

    a.  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) (an "Entity") who currently is or becomes a Substantial

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Holder (as defined in paragraph 4 below) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, a notice of such status, in the form of <u>Exhibit B-1</u> attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order and (ii) ten (10) calendar days after becoming a Substantial Holder.

b.      At least fourteen (14) calendar days prior to effectuating any Transfer of Beneficial Ownership (as defined below) of any Equity Interests (including Options to acquire such securities, as defined in paragraph 4 below) that would result in an increase in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity becoming a Substantial Holder, such Substantial Holder (or person or Entity that may become a Substantial Holder) shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-2</u> attached hereto, of the intended Transfer of Beneficial Ownership.

c.      At least fourteen (14) calendar days prior to effectuating any Transfer of Equity Interests (including Options to acquire such interests) that would result in a decrease in the amount of Equity Interests beneficially owned by a Substantial Holder or would result in a person or Entity ceasing to be a Substantial Holder, such Substantial Holder shall file with the Court, and serve on counsel to the Debtors and the Notice Parties, advance written notice, in the form of <u>Exhibit B-3</u> attached hereto, of the intended Transfer of Equity Interests (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

d.      The Debtors and the Notice Parties shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Holder (or person or Entity that may become a Substantial Holder) an objection to any proposed transfer of Equity Interests described in the Notice of Proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.   If the Debtors or Notice Parties file an objection, such transaction will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors or Notice Parties do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

e.      "Notice Parties" means, collectively, (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First

Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; (x) the Internal Revenue Service; (xi) proposed counsel to the Committee, (xii) counsel to any other statutory committee appointed in these Chapter 11 Cases; and (xii) each holder of Equity Interests, including Freedom VCM Holdings Stock.

3.      The following procedures shall apply to declarations of worthlessness with respect to Freedom VCM Holdings Stock:

a.      Any person or Entity that is currently or that becomes a 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties, a Notice of Status as a 50-Percent Holder, in the form of Exhibit B-4 attached hereto, on or before the later of (i) twenty (20) calendar days after the Notice of Final Order, and (ii) ten (10) calendar days after becoming a 50-Percent Holder; provided that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Holder even if no Notice of Status as a 50-Percent Holder has been filed.

b.      At least fourteen (14) days prior to filing any U.S. federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Freedom VCM Holdings Stock for a tax year ending before the Debtors' emergence from chapter 11, such 50-Percent Holder must file with the Court and serve upon counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Securities Deduction, substantially in the form of Exhibit B-5 attached hereto.

c.      The Debtors and Notice Parties shall have ten (10) calendar days after receipt of a Declaration of Intent to Claim a Worthless Securities Deduction to file with the Court and serve on such 50-Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Securities Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

d.      If the Debtors or Notice Parties timely object to the proposed claim of worthlessness, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

e.      If the Debtors or Notice Parties do not object to the proposed claim of worthlessness within such seven-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Securities Deduction. Additional returns and amendments within the scope of this section must

be the subject of additional notices as set forth herein, with an additional seven-day waiting period.

4.    For purposes of the procedures set forth above:

a.    A "Substantial Holder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of any interests of Equity Interests (equal to, as of June 6, 2024, approximately 40,686 units in Freedom VCM Holdings, LLC based on 904,144 units outstanding).

b.    A "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

c.    "Beneficial Ownership" of Equity Interests or Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Equity Interests or Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).

d.    An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon

L. Morton (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com) will provide a form of each of the required notices described above upon reasonable request.

 **PLEASE TAKE FURTHER NOTICE** that a copy of the Final Order may be obtained free of charge from the Debtors' case information website located at https://cases.ra.kroll.com/FRG.

 **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

 **ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

 **PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

*[Remainder of Page Intentionally Left Blank]*

Dated: [●], 2024
    Wilmington, Delaware

          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

          */s/*                               
          Edmon L. Morton (Del. No. 3856)
          Matthew B. Lunn (Del. No. 3526)
          Allison S. Mielke (Del. No. 5934)
          Shella Borovinskaya (Del. No. 6758)
          Rodney Square
          1000 North King Street
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253
          emorton@ycst.com
          mlunn@ycst.com
          amielke@ycst.com
          sborovinskaya@ycst.com

          -and-

          **WILLKIE FARR & GALLAGHER LLP**
          Debra M. Sinclair (admitted *pro hac vice*)
          Matthew A. Feldman (admitted *pro hac vice*)
          Betsy L. Feldman (Del. No. 6410)
          Joseph R. Brandt (admitted *pro hac vice*)
          787 Seventh Avenue
          New York, New York 10019
          Telephone:  (212) 728-8000
          Facsimile:  (212) 728-8111
          dsinclair@willkie.com
          mfeldman@willkie.com
          bfeldman@willkie.com
          jbrandt@willkie.com

          *Proposed Co-Counsel to the Debtors*
          *and Debtors in Possession*

## **EXHIBIT B-5**

**Notice of Status as a 50-Percent Holder**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

## NOTICE OF STATUS AS A 50% HOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent Holder with respect to Freedom VCM Holdings Stock (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order"). Freedom VCM Interco Holdings, Inc. is a debtor and debtor-in-possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial Ownership of [_____] units of Freedom VCM Holdings Stock. The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Freedom VCM Holdings Stock:

| Number Of Units/Entity | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

---

[2]   For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (B) "Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(Attach additional page if necessary)

 **PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification or social security number of the undersigned party are [____].

 **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the ~~Motion~~Final Order.

  Respectfully Submitted,

         _____
         (Name of Holder)

    By: _____
    Name: _____
    Title: _____
    Address: _____
        _____
        _____
    Telephone: _____
    Date: _____

## **EXHIBIT B-6**

**Declaration of Intent to Claim a Worthless Securities Deduction**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITIES DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a Worthless Securities Deduction (the "Proposed Worthlessness Claim") with respect to Freedom VCM Holdings Stock (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Transfers of Equity Interests in the Debtors and Declarations of Worthlessness with Respect to Equity Interests in Freedom VCM Interco Holdings, Inc.* (the "Final Order")).  Freedom VCM Interco Holdings, Inc. is a debtor and debtor

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

in possession in Case No. 24-12480 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, the undersigned party previously filed a Notice of Status as a 50-Percent Holder[2] with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that it owns [____] units of Freedom VCM Holdings Stock became worthless during the tax year ending [___].

**PLEASE TAKE FURTHER NOTICE** that the last four (4) digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being (i) filed with the Court and (ii) served upon the Debtors and the other Notice Parties set forth in the ~~Motion~~Final Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the Notice Parties have seven (7) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described

---

[2]    For purposes of this notice, (A) a "50-Percent Holder" is any person or entity that any time since the Petition Date has owned fifty (50) percent or more of the Beneficial Ownership of Freedom VCM Holdings Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (B) "Beneficial Ownership" of Freedom VCM Holdings Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect, and constructive ownership (e.g., a holding company would be considered to beneficially own all equity interests owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Freedom VCM Holdings Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

herein.  If the Debtors file<u>or any Notice Party files</u> an objection, such Proposed Worthlessness Claim will not be effective unless the Debtors <u>or the Notice Parties</u> withdraw such objection<u>(s)</u> or the Court approves such action by a final and non-appealable order.  If the Debtors <u>or Notice Parties</u> do not object within such seven-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party each will require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 30-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Notice are true, correct, and complete.

Respectfully Submitted,

_____
(Name of Holder)

By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Date: _____