**EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ~~6~~ 6 & ~~127~~ 127** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE THEIR
INSURANCE POLICIES, INCLUDING THEIR INSURANCE PREMIUM
FINANCE PROGRAM, AND PAY ALL OBLIGATIONS IN RESPECT THEREOF, (II)
AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS CHECKS AND TRANSFERS
RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 case (collectively, the "Debtors") for the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).   The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

entry of interim and final orders, pursuant to sections 105, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to continue and, to the extent necessary, renew the Insurance Policies, enter into the Premium Finance Agreement, with FIRST Insurance Funding (hereinafter, "FIRST"), and pay the Insurance Obligations arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier[3] listed on Exhibit A to the Motion within five business days after the date this

---

[3] For the avoidance of doubt, the term Insurance Carrier shall include all insurance carriers and third-party administrators that issued or entered into the Insurance Policies, whether or not such insurance carriers and third-party administrators are identified on Exhibit A to the Motion.

Final Order is entered.

3. The Debtors are authorized~~, but not directed, in their discretion,~~ to pay or otherwise honor any and all Insurance Obligations[4] that were or are due and payable, whether relating to the period prior to or following the Petition Date~~; provided, that, payments on account of prepetition Insurance Obligations shall not exceed $450,000.00 in the aggregate~~.

4. The Debtors are hereby authorized~~, but not directed,~~ to maintain their Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court.

5. The Debtors are hereby authorized, but not directed, to renew their existing or enter into new Insurance Policies,[5] and to obtain replacement coverage, as needed, in the ordinary course of business without further application to this Court and to satisfy, honor or pay any and all Insurance Obligations related to a renewal or replacement of any Insurance Policies or the entry into any new insurance policy or agreements or documents related thereto.

6. Nothing in this Final Order or the Motion (i) alters, amends or modifies the terms and conditions of any of the Insurance Policies, including, but not limited to, (a) the obligation, if any, of any Insurance Carrier to pay defense costs and any amounts within a deductible and the right, if any, of any Insurance Carrier to seek reimbursement from the Debtors therefor, (b) the

---

[4] For the avoidance of doubt, the term Insurance Obligations shall include, but is not limited to, all premiums (including insurance premiums and audit premiums), all deductibles (including funded deductibles), expenses, assessments, surcharges, service fees, broker fees and all other amounts (including any collateral or security) arising under or in connection with Insurance Policies, whether arising prepetition or postpetition.

[5] For the avoidance of doubt, and subject to paragraph 16 of this Final Order, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current, or prospective, and any agreements, documents, and instruments related thereto, whether or not identified on Exhibit A to the Motion.

obligation, if any, of the Debtors to reimburse any Insurance Carrier for defense costs and any amounts within a deductible, and (c) the right, if any, of any Insurance Carrier to draw on and apply any collateral (to the extent it has valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral) to the obligations, if any, under the Insurance Policies to the extent that the Debtors fail to reimburse the Insurance Carrier therefor (and, if and to the extent applicable, the automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (ii) relieves the Debtors of any of their obligations under the Insurance Policies; (iii) creates or permits a direct right of action against an Insurance Carrier; or (iv) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies.

7.  The Debtors are hereby authorized to grant FIRST or its successor or assigns a first priority lien on and security interest in the Insurance Policies to which the Premium Finance Agreement relates, including in the unearned premiums and other collateral, as described in the Premium Finance Agreement (the "Collateral"), and timely make all payments due under the Premium Finance Agreement. FIRST is authorized to receive and apply such payments to the indebtedness owed by Debtor to FIRST as provided in the Premium Finance Agreement. Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in these Chapter 11 Cases, and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); (ii) are subject to paragraph 9; and (iii) shall not be subject to priming or surcharge by any party in interest. Pursuant to the Premium Finance Agreement, for so long as the obligations under the Premium Finance Agreement remain outstanding, the Debtors

4

irrevocably appoint FIRST as their attorney-in-fact upon the occurrence and continuance of an event of default to, subject to paragraph 9, cancel any Insurance Policies to which the Premium Finance Agreement relates and collect the Collateral. For the avoidance of doubt, the security interest granted herein is limited to the Collateral arising under the Policies.

8. If additional premiums become due to Insurance Carriers in respect of the Insurance Policies financed under the Premium Finance Agreement, the Debtors and FIRST or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay such additional premiums without the necessity of further hearing or order of this Court.

9. In the event the Debtors do not make any of the payments under the Premium Finance Agreement as and when due, the automatic stay shall automatically be lifted to enable FIRST, its agents, or any Insurance Carriers providing coverage under the Insurance Policies (without further order of this Court) to take all steps necessary and appropriate to cancel the Insurance Policies, collect the Collateral and apply such Collateral to the indebtedness owed to FIRST by the Debtors; provided, however, FIRST shall provide the Debtors and their counsel with applicable notice and cure periods as provided in the Premium Finance Agreement and shall provide not less than five (5) business days' advance notice to the following parties, via email, of the alleged default: (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com) and Betsy L. Feldman, Esq. (bfeldman@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq.

(mlunn@ycst.com); (ii) proposed counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington DE 19801, Attn. Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com) and (b) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn. Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White &

Case LLP, 200 S Biscayne Blvd., Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above. FIRST or any third party, including Insurance Carriers providing the coverage under the financed Insurance Policies shall comply with the notice, cure, and other provisions of the Premium Finance Agreement and applicable non-bankruptcy law.

10. The Premium Finance Agreements and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of these Chapter 11 Cases; (ii) the discharge of Debtor, if any; or (iii) the confirmation of a chapter 11 plan.

11. To the extent that any audits need to be performed by any Insurance Carrier on any of the Insurance Policies, the Debtors or the trustee subsequently appointed under Chapters 7 or 11, shall reasonably cooperate.

12. ~~6. The Debtors are hereby authorized, but not directed, to honor any prepetition or postpetition obligations under the Premium Financing Agreement, as needed, in the ordinary courts of business without further application to this Court.~~ The Debtors are further authorized, but not directed, to renew the Premium Finance Agreement, and to extend or obtain ~~a~~any additional or replacement premium finance agreement, as needed, in the ordinary course of businesses without further application to this Court.

13.    ~~7~~The Banks are hereby authorized to receive, process, honor, and pay any checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the Insurance Obligations approved herein, and the costs and expenses incident thereto, whether such checks were presented or such electronic transfer requests were submitted before or after the Petition Date, to the extent funds are available in the Debtors' accounts; <u>provided</u>, <u>however</u>, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the payment of the Insurance Obligations, or the costs and expenses incident thereto, approved herein.

14.    ~~8.~~ The Banks are further authorized to rely on the Debtors' designation of any particular check ~~or~~ electronic payment request as approved pursuant to this Final Order  In no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors~~,~~; (ii) in the good faith belief that ~~the~~this Court has authorized such action consistent with the implementation of reasonable item handling procedu~~res~~; or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling procedures, be deemed in violation of this Final Order or have liability in connection therewith.

15.    ~~9.~~ The Debtors are authorized to reissue any check or electronic payment that originally was ~~giv~~en in payment of any prepetition amount authorized to be paid under this Final Order and is not cleared by the applicable bank or other financial institution.

16.    ~~10.~~ Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of ~~any~~ agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity,

priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

17. ~~11.~~ Nothing in this Final Order shall be construed to (~~a~~i) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (~~b~~ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

18. ~~12.~~ Nothing in this Final Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Final Order.

19. ~~13.~~ Nothing in this Final Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

20. ~~14.~~ Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

21. ~~15.~~ The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Policies and Insurance Obligations.

22. ~~16.~~ The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

23. ~~17.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon their entry.

24.   ~~18.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.   ~~19.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.