# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ——257** |

**ORDER AUTHORIZING (A) THE DEBTORS**
**TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN**
**PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY**
**COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE AND**
**(B) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2014 and 2016, and Local Rules 2014-1 and 2016-2, (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis, without the submission to the Court of employment applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred by such Ordinary Course Professional, without the submission to the Court of fee applications for each Ordinary Course Professional, and (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is GRANTED as set forth herein.

2.   Subject to the procedures set forth below, the Debtors are authorized, but not directed, to retain, effective as of the Petition Date, the professionals listed on Exhibit 1 attached hereto (the "Ordinary Course Professionals"), without the need to file employment applications for each Ordinary Course Professional.

3.     At least fourteen (14) days before submitting invoices to the Debtors, each Ordinary Course Professional shall file with this Court, and serve upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Betsy L. Feldman, Esq. (bfeldman@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (ii) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and (b) 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq.

(landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above, (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached hereto as Exhibit 2, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the results of such search; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (f) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

4. All parties in interest shall have fourteen (14) days after service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional. Any objection shall be timely filed with this Court and served upon the relevant Ordinary Course Professional and the Notice Parties. If no timely objection is filed and served in

respect of an Ordinary Course Professional, or if any objection is resolved or withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional on a final basis without further order of this Court effective as of the Petition Date.  If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors.  If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

5. Absent further order of this Court, the Debtors may not make any payments to any Ordinary Course Professional unless and until such Ordinary Course Professional is authorized to be retained under the procedures set forth herein.

6. The Debtors are authorized, after consultation with the Committee, without need for further hearing or order from this Court, to employ and retain professionals not currently listed on Exhibit 1 hereto by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 3, 4, and 5 hereof.  All parties in interest shall have fourteen (14) days after service of a Declaration to object to the retention of such professional.  Any objection will be handled pursuant to the procedures set forth in paragraphs 3, 4, and 5 hereof.  If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are resolved and/or withdrawn, the Debtors shall be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court effective as of the Petition Date.

7. Subject to the Approved Budget (as defined below), the Debtors are authorized, but not directed, to pay to each Ordinary Course Professional, in the manner customarily made by the Debtors and without any application to this Court by any Ordinary Course Professional, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses so long as the fees and expenses for any particular Ordinary Course Professional do not exceed $50,000 per month, on average, over a rolling three-month period (the "OCP Cap"). Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

8. If an Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court, provided, however, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved or withdrawn, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.

9. Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b)

6

alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

10. Nothing in this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Order.

11. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12. Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the DIP Order.

13. Within thirty (30) days after the last day of each three-month period during these Chapter 11 Cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "<u>OCP Statement</u>") that includes the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered. The first OCP Statement is due on March 3, 2025 for the period from the Petition Date through and including January 31, 2025. The Notice Parties shall file and serve on the Debtors and any applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within fourteen (14) calendar days following the filing of each OCP Statement. If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by this Court pursuant to Bankruptcy Code section 330. Any fees and

expenses that are ultimately not allowed by this Court after resolution of such an objection shall be subject to disgorgement.

      14.    The Ordinary Course Professionals will not perform substantial services relating to bankruptcy matters or be involved in the administration of these Chapter 11 Cases, but rather will provide services, which were commenced prior to these Chapter 11 Cases, in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy professionals.

      15.    The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

      16.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT 1

## Ordinary Course Professionals List

| Ordinary Course Professional | Mailing Address | Services Provided | Company that Utilizes the Services |
|---|---|---|---|
| BDO Seidman | 200 Park Ave., 38th Floor, New York, NY 10166 | Accounting Firm: Tax Matters | Pet Supplies Plus |
| Clarus Partners | 1233 Dublin Rd., Columbus, OH 43215 | Consulting Firm: Tax Compliance | Pet Supplies Plus |
| Cole Schotz P.C. | 1325 Ave. of the Americas, 19th Floor, New York, NY 10019 | Legal Counsel: Real Estate and Corporate | Vitamin Shoppe |
| Covington & Burling LLP | 620 Eighth Ave., New York, NY 10018 | Legal Counsel: Regulatory (USDA and Related) | Vitamin Shoppe |
| Dickinson Wright PLLC | 180 E. Broad St., Suite 3400, Columbus, OH 43215 | Legal Counsel: General Litigation | American Freight |
| DLA Piper LLP (US) | 1251 6th Ave., New York, NY 10020 | Legal Counsel: Franchise Matters | Vitamin Shoppe, Buddy's |
| Dunn & Allsman, LLC | 18 Campus Blvd., Suite 100, Newtown Square, PA 19073 | Legal Counsel: Franchise Matters | Pet Supplies Plus |
| EXL Service (Ireland) Limited | One Spencer Dock, North Wall Quay, Dublin 1, Ireland | Tax Consultant: Internal Audit | Vitamin Shoppe |
| Foley & Lardner LLP | 777 E. Wisconsin Ave., Milwaukee, WI 53202 | Legal Counsel: Employment Benefits | Franchise Group, Inc., Vitamin Shoppe |
| Frost Brown Todd LLP | 10 West Broad St., Suite 2300, Columbus, OH 43215 | Legal Counsel: Immigration Employment Matters | Pet Supplies Plus |
| Gordon Rees Scully Mansukhani, LLP. | 290 W. Mt. Pleasant Ave., #3310, Livingston, NJ 07039 | Legal Counsel: Franchise Matters | Vitamin Shoppe, Buddy's, Franchise Group, Inc. |
| Grant Thorton LLP | 757 Third Ave., 9th Floor, New York, NY 10017 | Accounting Firm: Annual Audits | Pet Supplies Plus |

| **Ordinary Course Professional** | **Mailing Address** | **Services Provided** | **Company that Utilizes the Services** |
|---|---|---|---|
| Honigman LLP | 155 N. Wacker Dr., Suite 3100, Chicago, IL 60606 | Legal Counsel: Advertising Matters and Litigation Arising in Illinois | Pet Supplies Plus |
| Hunton Andrews Kurth LLP | 200 Park Ave., New York, NY 10019 | Legal Counsel: Intellectual Property (Trademark Monitoring Services) | Vitamin Shoppe |
| Jackson Lewis P.C. | 666 Third Ave., 28th Floor, New York, NY 10017 | Legal Counsel: Employment Matters | Vitamin Shoppe |
| Kroll LLC | 285 Fulton St., 31st Floor, New York, NY 10007 | Compliance Firm: Property Tax Matters | Pet Supplies Plus |
| Littler Mendelson P.C. | 101 Second St., Suite 1000 San Francisco, CA 94105 | Legal Counsel: Employment Matters | Vitamin Shoppe |
| Platinum Filings LLC | 99 W. Hawthorne Ave., Valley Stream, NY 11580 | Legal Counsel: Compliance Matters | Franchise Group, Inc. |
| Reed Smith LLP | 599 Lexington Ave., New York, NY 10022 | Legal Counsel: Data Privacy and Website Accessibility | Pet Supplies Plus |
| RSM US LLP | 151 W. 42nd St., 19th Floor, New York, NY 10036 | Consulting Firm: Tax Matters | Pet Supplies Plus |
| Ryan, LLC | Three Galleria Tower 13155 Noel Road, Suite 100 Dallas, TX 75240 | Legal Counsel: Tax Compliance and Franchise Disclosures | Vitamin Shoppe, Pet Supplies Plus, Buddy's |
| Sheridan Ross P.C. | 1560 Broadway #1200, Denver, CO 80202 | Legal Counsel: Intellectual Property | Franchise Group, Inc. |
| Sociedade Rebelo de Sousa & Advogados Associados, SP, RL | Rua D. Francisco Manuel de Melo, no. 21, 1070-085 Lisbon, Portugal | Legal Counsel: International Employment Matters | Franchise Group, Inc. |

2

| **Ordinary Course Professional** | **Mailing Address** | **Services Provided** | **Company that Utilizes the Services** |
|---|---|---|---|
| Stout Risius Ross, LLC | 120 W. 45th St., Suite 2900, New York, NY 10036 | Consulting Firm: Asset Analysis | Pet Supplies Plus |
| Troutman Pepper Hamilton Sanders LLP | 600 Peachtree St., N.E. Suite 3000, Atlanta, GA 30308 | Legal Counsel: General Corporate and Governance Matters | Franchise Group, Inc. |

3

**EXHIBIT 2**

**Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline: [●]** |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, _____, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a _____ of _____ (the "Firm") which maintains offices at [address].

3. This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware dated _____, 2024,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. The Firm [is / is not] a legal services firm.

5. The Firm has represented and advised the Debtors as _____ with respect to _____, since [insert date].

6. As of the Petition Date, the Firm held a retainer in the amount of $_____.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters.  Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

8. The Firm's current customary [hourly] rates, subject to change from time to time, are $_____.  In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective _____ of each year, the aforementioned rates will be revised to the regular [hourly] rates that will be in effect at that time.[2]

9. The Firm [does/does not] keep in the ordinary course of business time records in one-tenth-of-an-hour increments.  [If the firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States

---

[2]    [Disclose billing rates for Debtors if different from firm's customary rates.]

2

Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

12. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates.  The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates.  I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: _____.

14. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

15.     In the past year, the Firm has been paid $_____ by the Debtors in respect of services rendered to the Debtors.  In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $_____ on account of prepetition services.  [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

16.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses exceed a total of $[USD Amount] per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330, 331, and section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable procedures or orders of the Court.

17.     Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

18.     The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by the Bankruptcy Rules.

19.     The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]
[ADDRESS]