**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> FRANCHISE GROUP, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-12480 (JTD) <br><br> (Jointly Administered) <br><br> **Ref. Docket No. 154** <br> **Objection Deadline: December 6, 2024** <br> **at 12:00 p.m.**[2] |

**LIMITED OBJECTION OF CERTAIN LANDLORDS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING BIDDING PROCEDURES FOR THE SALE OF DEBTORS' ASSETS**

Brookfield Properties Retail, Inc., Curbline Properties Corp., First Washington Realty, GCP Boom LLC, JLL Property Management (Franklin Mall), Kite Realty Group, Regency

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Extended by agreement with Debtors.

1

**Error! Unknown document property name.**

Centers, L.P., Shamrock A Owner LLC and SITE Centers Corp. (collectively, "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, submit this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "Bidding Procedures Motions")[3] filed by the above-captioned debtors (the "Debtors"). In support of this Limited Objection, Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. Landlords do not object to establishing procedures for the sale of Debtors' assets and assumption and assignment of their leases to a qualified operator *per se,* but fundamental notions of due process require that the auction and sale process afford Landlords a reasonable opportunity to review and assess a proposed assignee's adequate assurance information and prepare objections to the extent necessary.

2. The Landlords' primary concerns about the proposed Bidding Procedures are the timing and sufficiency of the adequate assurance information provided. Specifically what information will be provided to Landlords regarding the potential assignment of their leases and whether Landlords will have sufficient time to review and object to the adequate assurance of

---

[3] Docket No. 154. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Bidding Procedures Motion.

2

future performance information provided by any potential assignee. The current timeline is completely unreasonable and provides almost no time for Landlords to analyze the financial condition and creditworthiness of the proposed lease assignee(s). The Landlords submit this Limited Objection to ensure that they are provided with sufficiently detailed adequate assurance information and afforded a fair amount of time to assess any proposed assignee(s) of their leases.

## BACKGROUND

3. Landlords are the owners or managing agents for the owners of numerous industrial, retail and shopping center properties located throughout the United States. The Debtors lease retail space and distribution centers from Landlords pursuant to written leases (the "Leases") at the Debtors locations listed on Exhibit 1, attached hereto (collectively, the "Leased Premises"). Most of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See*, *e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code with this Court. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. On November 11, 2024, the Debtors filed the Bidding Procedures Motion, pursuant to which Debtors seek to, among other things, establish a timeline and procedures for the sale of certain assets.

# ARGUMENT

## A. Landlords Are Entitled to Adequate Assurance of Future Performance

7. Landlords are entitled to receive the adequate assurance information of any potential assignee with sufficient time to review it before an objection is due. In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if–
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

> Section 365(b)(1) of the Bankruptcy Code further provides:
>
> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance

> (A) of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision…, and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

9. Debtors bear the burden of providing adequate assurance of future performance in connection with the potential assumption and assignment of the Leases. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309–10 (5th Cir. 1985); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

10. Currently, the proposed Bidding Procedures Order contains no insight as to when Landlords will be provided with adequate assurance information nor what that adequate assurance information will include. Instead, the proposed Bidding Procedures Order should include a definitive date by which Debtors must provide Landlords with the adequate assurance information of the Qualified Bidders, if any.  Furthermore, the Bidding Procedures should provide

5

**Error! Unknown document property name.**

that bidders are required to submit all of the following items (collectively, the "<u>Adequate Assurance Information</u>"):

- The exact name of the entity that will be designated as the proposed assignee of the Leases and any guarantor;

- Audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2022, 2023, and 2024 for both the proposed assignee and any guarantors;

- The proposed assignee's and any guarantor's 2024 and 2025 business plans including sales and cash flow projections;

- Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of purchasing the Leases;

- A detailed summary of the proposed assignee's and guarantor's experience operating retail stores; and

- The number of retail stores the proposed assignee and any guarantor operates and all trade names used.

11.    Landlords also need similar information for Debtors in the years when the Debtors entered into the Leases to appropriately evaluate the ability of the Successful Bidder (or any other proposed assignee) to provide adequate assurance of future performance, which information Debtors should be required to provide.

12.    The Bidding Procedures should require potential bidders to submit the Adequate Assurance Information set forth above. Debtors should be required forward that information by e-mail to Landlords and their counsel no later than twenty-four (24) hours after the Bid Deadline, January 23, 2025 at 5:00 p.m. (prevailing Eastern Time), and provide Landlords with a minimum of fourteen (14) days to review prior to the objection deadline.

**Error! Unknown document property name.**

**B.     Debtors Must Provide Sufficient Time for Landlords to Analyze Adequate Assurance Information**

13.     The Bidding Procedures Order, as currently drafted, fails to hold Debtors accountable to a definitive notice timeline.  If there is more than one Qualified Bidder, Debtors propose conducting an Auction for the sale of the Assets on January 28, 2025 at 10:00 a.m. (prevailing Eastern Time), filing a notice of Successful Bidder not more than twenty-four (24) hours after the Auction, and holding a hearing to approve the sale on February 3, 2025 at a time subject to availability of the Court.  If there is only one Successful Bidder, no Auction will be held, but Debtors will publish the Notice of Successful Bidder. From that point, Debtors propose allowing only twenty-four (24) hours for Landlords to file their objections related to the Adequate Assurance Information, and a hearing to approve the sale will be held on January 30, 2025 at a time subject to availability of the Court.

14.     Whether or not an Auction is held, Landlords will have been deprived of any reasonable opportunity to review the Adequate Assurance Information and prepare objections before the Landlords' objection deadline.  If an Auction is held, Landlords will have, at most two (2) days from entry of the Notice of Successful Bidder to file their objections.  Even more extreme, in the event there is no Auction, Landlords will only have twenty-four (24) hours from publication of Notice of Successful Bidder to file their objections.  Additionally, the fact that there is no clear deadline for Debtors to share Adequate Assurance Information with Landlords further complicates this tight timeline and disadvantages Landlords to assert their right to adequate assurance of future performance.  The timeline proposed by Debtors provides an extremely compressed and wholly inadequate window of time for Landlords to assess the proposed assignee(s) and Adequate Assurance Information and determine if an objection must be brought.  At a minimum, the timeline

7

must be revised to provide fourteen (14) days for Landlords to review Adequate Assurance Information prior to their deadline to object to such information.

15. Finally, Landlords request that, to the extent the assumption and assignment of a lease is contested, the Sale Hearing should only be a status conference with respect to such lease assumption and assignment, and an evidentiary hearing, if necessary, should be scheduled to occur no sooner than seven (7) days after the Sale Hearing, according to the Court's availability, and the parties should be required to enter into a discovery and briefing schedule at the Sale Hearing to allow time to develop a more fulsome record for the contested assignment issues, prepare witnesses, and take depositions, if necessary.[4]

### C. Additional Provisions

17. Debtors' ability to modify the Bidding Procedures should be limited to prevent reduction of time for filing objections.

18. Any bid submitted by a counterparty to a lease with the Debtors for its own lease should automatically be considered a Qualified Bid, and such counterparty must be able to bid all or a portion of the applicable Cure Cost proposed by such counterparty.

19. The Assumption and Assignment Notice must also include the store / location number and physical address of any leased premise if the Contract is for a real property lease.

20. Any hearing on a Cure Objection must be noticed at least seven (7) days in advanced.

---

[4] Bankruptcy Rules 7026 and 7028 through 7037, made applicable to contested matters by Bankruptcy Rule 9014, will apply if Landlords object to the proposed assignee and timely notify the Debtors.

**Error! Unknown document property name.**

## JOINDER IN OBJECTIONS OF OTHER LANDLORDS

To the extent not inconsistent with this Limited Objection, Landlords join in the objections to the Bidding Procedures Motion asserted by other landlords and contract counterparties.

## RESERVATION OF RIGHTS

Landlords reserve their rights to amend and/or supplement this Limited Objection and to raise any additional objections to the Bidding Procedures Motion at any related hearings.

## CONCLUSION

**WHEREFORE**, Landlords respectfully request that the Court enter an order (i) modifying the relief requested in the Bidding Procedures Motion as requested herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  December 5, 2024

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DE Bar No. 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
Jennifer D. Raviele
Allison B. Selick
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com
        jraviele@kelleydrye.com
        aselick@kelleydrye.com

9

**Exhibit 1**
**List of Leases**

### Brookfield Properties Retail, Inc.

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Ala Moana Center | Honolulu, HI | The Vitamin Shoppe |
| Coronado Center | Albuquerque, NM | The Vitamin Shoppe |

### Curbline Properties Corp.

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Creekside Plaza | Roseville, CA | The Vitamin Shoppe |
| Grove at Harper's Preserve | Conroe, TX | Pet Supplies Plus |

### First Washington Realty

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Gold River Town Centre | Gold River, CA | Pet Supplies Plus |
| The Corner at Wescott | North Charleston, SC | Pet Supplies Plus |
| Brookside Shops | Kansas City, MO | The Vitamin Shoppe |

### GCP Boom, LLC

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Grand Central Plaza | Horseheads, NY | American Freight |

### JLL Property Management

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Franklin Mills | Franklin Mills Circle, Philadelphia, PA | American Freight |

### Kite Realty Group

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Centre Pointe Commons | Bradenton, FL | The Vitamin Shoppe |
| Gateway Pavilions | Avondale, AZ | The Vitamin Shoppe |
| Pavilion at King's Grant | Concord, NC | The Vitamin Shoppe |

**Error! Unknown document property name.**

| Pelham Manor | Pelham, NY | The Vitamin Shoppe |
|---|---|---|
| Pipeline Pointe | Hurst, TX | The Vitamin Shoppe |
| Pleasant Run Town Center | Cedar Hills, TX | The Vitamin Shoppe |
| Portofino Shopping Center | Shenandoah, TX | The Vitamin Shoppe |
| Sawyer Heights Village | Houston, TX | The Vitamin Shoppe |
| Sunland Town Centre | El Paso, TX | The Vitamin Shoppe |
| Royal Oaks Village | Houston, TX | American Freight |
| Shoppes at Plaza Green | Greenville, SC | American Freight |

**Shamrock A Owner, LLC**

| Mall / Property Name | Location | Tenant |
|---|---|---|
| 122 Palmetto Commerce Parkway | Orangeburg, South Carolina | Pet Supplies Plus |

**Regency Centers, L.P.**

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Balboa Mesa Shopping Center | San Diego, CA | The Vitamin Shoppe |
| Black Rock II | Fairfield, CT | The Vitamin Shoppe |
| Broadway Plaza | New York, NY | The Vitamin Shoppe |
| Lower Nazareth Commons | Easton, PA | The Vitamin Shoppe |
| Northgate Marketplace | Medford, OR | The Vitamin Shoppe |
| Valencia Crossroads | Valencia, CA | The Vitamin Shoppe |
| Atlantic Village | Atlantic Beach, FL | Pet Supplies Plus |
| Bethany Park Place | Allen, TX | Pet Supplies Plus |
| Carmel Commons | Charlotte, NC | Pet Supplies Plus |
| Culver Center | Culver City, CA | Pet Supplies Plus |
| The Meadows | East Meadow, NY | Pet Supplies Plus |
| Festival at Manchester Lakes | Franconia, VA | Pet Supplies Plus |
| Holly Park | Raleigh, NC | Pet Supplies Plus |
| Northlake Village | Hermitage, TN | Pet Supplies Plus |
| Riverside Square / River's Edge | Chicago, IL | Pet Supplies Plus |
| Sheridan Plaza | Hollywood, FL | Pet Supplies Plus |
| Staples Plaza - Yorktown Heights | Yorktown, NY | Pet Supplies Plus |
| Valley Stream | Valley Stream, NY | Pet Supplies Plus |

**SITE Centers Corp.**

| Mall / Property Name | Location | Tenant |
|---|---|---|
| Centennial Promenade | Centennial, CO | American Freight |

11

| | | |
|---|---|---|
| Southmont Plaza | Easton, PA | Pet Supplies Plus |
| Stow Community Center (II) | Stow, OH | Pet Supplies Plus |
| Easton Market Outparcel | Easton, PA | The Vitamin Shoppe |
| Millenia Crossing | Orlando, FL | The Vitamin Shoppe |
| Nassau Park Pavilion | Princeton, NJ | The Vitamin Shoppe |
| Town Center Prado | Marietta, GA | The Vitamin Shoppe |

**Error! Unknown document property name.**