# **EXHIBIT B**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket No. ~~——~~ 255 |

### ORDER (A) ESTABLISHING BAR DATES AND
### RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING
### FOR CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY
### CODE) AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2002(a)(7), 3003(c), and 5005(a), and Local Rule 2002-1, (a) establishing deadlines by which creditors (as defined in section 101(10) of the Bankruptcy Code) may file proofs of claim (the "Proofs of Claim") in these Chapter 11 Cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the form and scope of the Bar Date Notice, (d) approving mailing procedures with respect thereto, and (e) granting additional relief; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      This Court hereby approves (a) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Order as Exhibit 1, Exhibit 2, and Exhibit 3, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion.

3.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date and whose

claim is (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules"), (b) listed on the Schedules as disputed, contingent, or unliquidated, or (c) is listed on the Debtors' Schedules but against the wrong Debtor, must file a Proof of Claim on or prior to ~~5:00 p.m~~11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file their Schedules with this Court and (ii) the date of entry of this Order (the "General Bar Date").

4.    Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is May 2, 2025 at ~~5:00 p.m~~11:59 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

5.    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date ~~or,~~ (b) ~~5:00 p.m~~11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection, and (c) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the effective date of such rejection pursuant to operation of any Court order (the "Rejection Damages Bar Date").

6.    If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date and (b) ~~5:00 p.m~~11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date," and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, each a "Bar Date," and, collectively, the "Bar Dates").

7.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

8.      All Claimants must submit by overnight mail, courier service, hand delivery, regular mail, in person, or electronically through the online Proof of Claim Form available at https://cases.ra.kroll.com/FRG/, an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll, the Debtors' claims and noticing agent, by no later than ~~5:00 p.m~~11:59 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:  (a) if by first class mail, Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, P.O. Box 4850, New York, NY 10163-4850, or (b) if my hand delivery or overnight courier, Franchise Group, Inc. Claims Processing, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

9.      A Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:

        a.      Each Proof of Claim must:  (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of ~~5:00 p.m~~11:59 p.m., prevailing Eastern Time, on the Petition Date (and, to the extent such claim is

converted to United States dollars, state the rate used in such conversion) or, if the amount of the alleged claim is contingent or unliquidated, indicate same; (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is in ink.

b.    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) ~~set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii)~~ attach any documentation identifying the particular invoices <u>and any other relevant documentation</u> for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; ~~(iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods;~~ and (~~iv~~<u>ii</u>) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (24-12480 (JTD)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Franchise Group, Inc.

e.    Unless otherwise ordered by this Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.   To the extent more than one

Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Franchise Group, Inc.

f.      Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by Kroll on or before the applicable Bar Date as follows:  (1) electronically through the "Submit a Claim" interface available at https://cases.ra.kroll.com/FRG/ or, (2) if submitted through non-electronic means, (A) by first-class mail to the Claims Agent at Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, P.O. Box 4850, New York, NY 10163, or (B) by overnight courier or hand delivery to the Claims Agent at Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

h.      Claimants wishing to receive acknowledgment that their Proofs of Claim was received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

10.      Proofs of Claim sent to Kroll by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

11.      Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Kroll in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or

"unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c.    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.    an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f.    a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g.    a claim of any Debtor against another Debtor;

h.    any fees payable to the U.S. Trustee under 28 U.S.C. § 1930;

i.    a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

j.    the claims of any lenders and/or agent arising either prepetition or under the DIP Order;

k.    a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; ~~and~~

l.    any current officer or director of the Debtors who held such position as of the Petition Date who has a Claim for indemnification, contribution, or reimbursement~~.~~;

m.    any workers' compensation claim held by a current or former employee of the Debtors if an order of the Court authorizes the Debtors to honor such claim in the ordinary course of business; provided, however, that any current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation; and

n.    any landlord counterparty of an unexpired non-residential real property lease where the lease has not yet been rejected as of the

General Bar Date; provided further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected.

12.    Notwithstanding anything to the contrary herein, in the DIP Order and/or any other order entered in any of the Chapter 11 Cases or any successor bankruptcy cases as it relates to Proofs of Claims, each of the DIP Secured Parties and each of the Prepetition Secured Parties (each as defined in the DIP Order) are hereby authorized and allowed, in their respective sole discretion, but not required, to file (and amend and/or supplement, as applicable) a single, consolidated master proof of claim (each, a "Master Proof of Claim") in respect of any and all asserted claims of, and alleged obligations owed to, any of the DIP Secured Parties arising under or related to the DIP Loan documents, DIP Obligations (each as defined in the DIP Order) and/or any other applicable claims that may be granted pursuant to the DIP Order, which Master Proof of Claim (x) will be filed in the lead Chapter 11 Case, *In re Franchise Group, Inc.*, Case No. 24-12480 (JTD), but shall be deemed a valid, timely and properly filed Proof of Claim and request for payment of administrative expenses against each Debtor in each of the Debtors' Chapter 11 Cases and any successor bankruptcy cases, and (y) need not attach or contain any supporting documentation.  Any Master Proof of Claim filed by the Prepetition Secured Parties shall be deemed to be in addition to, and not in lieu of, any other Proof of Claim that may be filed by any of the other Prepetition Secured Parties, as applicable.

13.    For the avoidance of doubt, each of the DIP Secured Parties and each of the Prepetition Secured Parties (each as defined in the DIP Order) are not required to file a Proof of

Claim on account of any Prepetition Secured Obligations (as defined in the DIP Order) or DIP Obligations.

14.     Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 11 above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph 11 above.

15.     Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

16.     Within five (5) business days after the later of (a) the date the Debtors file their Schedules with this Court, and (b) the date of entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form (the "Bar Date Package"), by first class United States mail, postage prepaid (or equivalent service), to the following parties:

> a.     all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;
>
> b.     all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

c.      all parties that have filed Proofs of Claim in these Chapter 11
        Cases as of the date of this Order;

d.      all known holders of equity securities in the Debtors as of the date
        of this Order;[3]

e.      all known parties to executory contracts and unexpired leases with
        the Debtors as of the Petition Date, as identified in the Schedules;

f.      all known parties to litigation with the Debtors as of the date of
        this Order;

g.      any applicable regulatory authorities;

h.      the Internal Revenue Service;

i.      all known taxing authorities for the jurisdictions in which the
        Debtors maintain or conduct business; and

j.      the United States Attorney for the District of Delaware.

17.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Package
in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of
the Bar Date to known Claimants.

18.     Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication
Notice to be published once in *The New York Times* (or other similar national publication) as
soon as practicable after entry of this Order, but no later than twenty-one (21) days before the
General Bar Date, and in such other local newspapers or publications, if any, as the Debtors
deem appropriate.  Such form and manner of publication notice is hereby approved and
authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to
unknown Claimants.

---

[3]     The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known
        holders of securities in the Debtors.

19.      The ACE Companies and the Chubb Companies.  Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, any Proof of Claim Form, or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead; provided, however, that if a request for such supporting materials is made by Debtors' counsel the ACE Companies and/or the Chubb Companies, as applicable, shall comply with such request, within a reasonable

time, provided that appropriate steps are taken to ensure the confidentiality of such supporting documents, as necessary or appropriate.   Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Franchise Group, Inc. (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or each of the Chubb Companies, respectively).

20.    19. Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

21.    20. Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

22.    21. Nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend the Schedules. In addition, nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

23.    22. The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

24.    23. All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

25.    24. The Debtors and Kroll are authorized to take any and all actions necessary to effectuate the relief granted herein.

26.    25. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

27.    26. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**EXHIBIT 1**

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. __** |

### NOTICE OF DEADLINE FOR THE FILING
### OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS
### ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**THE GENERAL BAR DATE IS ~~5:00 P.M~~11:59 P.M. (PREVAILING EASTERN TIME) ON [●]**

TO:    ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on November 3, 2024 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Please take further notice that on [●], the Court entered an order (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (the "Proofs of Claim").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "Notice") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (collectively, the "Schedules"). If the Debtors believe that you hold claims against more than one (1) Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the U. S. Trustee. In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes, as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information About the Debtors' Cases**. The Debtors' Chapter 11 Cases are being jointly administered under case number 24-12480 (JTD). On November 19, 2024, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

**Individual Debtor Information**. The last four digits of each Debtor's federal tax identification number, as applicable, are set forth below. The Debtors' mailing address is 109 Innovation Ct., Suite J, Delaware, OH 43015.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

| **Debtor** | **Case No.** | **EIN#**<br>**(Last 4 Digits)** |
|---|---|---|
| Franchise Group, Inc. | 24-12480 (JTD) | 1876 |
| Freedom VCM Holdings, LLC | 24-12496 (JTD) | 1225 |
| Freedom VCM Interco Holdings, Inc. | 24-12499 (JTD) | 2436 |
| Freedom Receivables II, LLC | 24-12492 (JTD) | 4066 |
| Freedom VCM Receivables, Inc | 24-12506 (JTD) | 0028 |
| Freedom VCM Interco, Inc. | 24-12502 (JTD) | 3661 |
| Freedom VCM, Inc. | 24-12509 (JTD) | 3091 |
| Franchise Group New Holdco, LLC | 24-12528 (JTD) | 0444 |
| American Freight FFO, LLC | 24-12531 (JTD) | 5743 |
| Franchise Group Acquisition TM, LLC | 24-12524 (JTD) | 3068 |
| Franchise Group Intermediate Holdco, LLC | 24-12491 (JTD) | 1587 |
| Franchise Group Intermediate L, LLC | 24-12495 (JTD) | 9486 |
| Franchise Group Newco Intermediate AF, LLC | 24-12518 (JTD) | 8288 |
| American Freight Group, LLC | 24-12490 (JTD) | 2066 |
| American Freight Holdings, LLC | 24-12494 (JTD) | 8271 |
| American Freight, LLC | 24-12527 (JTD) | 5940 |
| American Freight Management Company, LLC | 24-12498 (JTD) | 1215 |
| Franchise Group Intermediate S, LLC | 24-12504 (JTD) | 5408 |
| Franchise Group Newco S, LLC | 24-12484 (JTD) | 1814 |
| American Freight Franchising, LLC | 24-12483 (JTD) | 1353 |
| Home & Appliance Outlet, LLC | 24-12514 (JTD) | N/A |
| American Freight Outlet Stores, LLC | 24-12503 (JTD) | 9573 |
| American Freight Franchisor, LLC | 24-12487 (JTD) | 2123 |
| Franchise Group Intermediate B, LLC | 24-12529 (JTD) | 7836 |
| Buddy's Newco, LLC | 24-12516 (JTD) | 5404 |
| Buddy's Franchising and Licensing, LLC | 24-12512 (JTD) | 9968 |
| Franchise Group Intermediate V, LLC | 24-12511 (JTD) | 5958 |
| Franchise Group Newco V, LLC | 24-12489 (JTD) | 9746 |
| Franchise Group Intermediate BHF, LLC | 24-12486 (JTD) | 8260 |
| Franchise Group Newco BHF, LLC | 24-12515 (JTD) | 4123 |
| Valor Acquisition, LLC | 24-12505 (JTD) | 3490 |
| Vitamin Shoppe Industries LLC | 24-12521 (JTD) | 3785 |
| Vitamin Shoppe Global, LLC | 24-12517 (JTD) | 1168 |
| Vitamin Shoppe Mariner, LLC | 24-12523 (JTD) | 6298 |
| Vitamin Shoppe Procurement Services, LLC | 24-12532 (JTD) | 8021 |
| Vitamin Shoppe Franchising, LLC | 24-12513 (JTD) | 8271 |
| Vitamin Shoppe Florida, LLC | 24-12510 (JTD) | 6590 |
| Betancourt Sports Nutrition, LLC | 24-12507 (JTD) | 0470 |
| Franchise Group Intermediate PSP, LLC | 24-12500 (JTD) | 5965 |
| Franchise Group Newco PSP, LLC | 24-12522 (JTD) | 2323 |
| PSP Midco, LLC | 24-12488 (JTD) | 6507 |
| Pet Supplies "Plus", LLC | 24-12519 (JTD) | 5852 |

| Debtor | Case No. | EIN# (Last 4 Digits) |
|---|---|---|
| PSP Group, LLC | 24-12482 (JTD) | 5944 |
| PSP Service Newco, LLC | 24-12493 (JTD) | 6414 |
| WNW Franchising, LLC | 24-12525 (JTD) | 9398 |
| WNW Stores, LLC | 24-12530 (JTD) | 0984 |
| PSP Stores, LLC | 24-12497 (JTD) | 9049 |
| PSP Franchising, LLC | 24-12481 (JTD) | 4978 |
| PSP Subco, LLC | 24-12501 (JTD) | 6489 |
| PSP Distribution, LLC | 24-12526 (JTD) | 5242 |
| Franchise Group Intermediate SL, LLC | 24-12508 (JTD) | 2695 |
| Franchise Group Newco SL, LLC | 24-12485 (JTD) | 7697 |
| Educate, Inc. | 24-12520 (JTD) | 5722 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

### 1.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

a.    ***General Bar Date***.  Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim ***by 5:00 p.m11:59 p.m., prevailing Eastern time on [●]***.  Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.    ***Governmental Bar Date***.  All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***May 2, 2025 at 5:00 p.m11:59 p.m., prevailing Eastern Time***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    ***Rejection Damages Bar Date.***  Unless otherwise ordered by the Court, all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors., and (c) 11:59 p.m.

prevailing Eastern Time on the date that is thirty (30) days following the effective date of the rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

   d. ***Amended Schedules Bar Date.*** If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) ~~5:00 p.m~~11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

## 2. <u>PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.</u>

   Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

   Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

   Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

   THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

   A. <u>Claims for Which No Proof of Claim Is Required to Be Filed.</u>

   Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **solely with respect to such claim**:

a.    a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Court or Kroll Restructuring Administration LLC ("Kroll") in a form substantially similar to Official Bankruptcy Form No. 410;

b.    a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c.    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.    an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f.    a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g.    a claim of any Debtor against another Debtor;

h.    any fees payable to the U. S. Trustee under 28 U.S.C. § 1930;

i.    a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date.

j.    the claims of any lenders and/or agent arising either prepetition or under the debtor-in-possession financing facility pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, and, (B) Use of Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 134] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

k.    a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; ~~and~~

l.    any current officer or director of the Debtors who held such position as of the Petition Date who has a Claim for indemnification, contribution, or reimbursement~~.~~;

m.    any workers' compensation claim held by a current or former employee of the Debtors if an order of the Court authorizes the Debtors to honor such claim in the ordinary course of business; provided, however, that any current or former employee must submit a Proof

of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation; and

  **n.**  any landlord counterparty of an unexpired non-residential real property lease where the lease has not yet been rejected as of the General Bar Date; provided further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected.

     **Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to Section 2.A above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by Section 2.A above.**  As set forth above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtors.

     The ACE Companies and the Chubb Companies. Notwithstanding anything to the contrary in the Bar Date Order or herein, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of the Court, any Proof of Claim Form, or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead; provided, however, that if a request for such supporting materials is made by Debtors' counsel the

ACE Companies and/or the Chubb Companies, as applicable, shall comply with such request, within a reasonable time, provided that appropriate steps are taken to ensure the confidentiality of such supporting documents, as necessary or appropriate.  Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Franchise Group, Inc. (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or each of the Chubb Companies, respectively).

**B.**     **No Bar Date for Proof of Interest.**

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest.  If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

**3.**     **WHEN AND WHERE TO FILE.**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll, the Debtors' claims and notice agent, by no later than ~~5:00 p.m.~~11:59 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

| If by first class mail: | If by hand delivery, or overnight courier: |
|---|---|
| Franchise Group, Inc. Claims Processing Center | Franchise Group, Inc. Claims Processing Center |
| c/o Kroll Restructuring Administration LLC | c/o Kroll Restructuring Administration LLC |
| Grand Central Station, PO Box 4850 | 850 3rd Avenue, Suite 412 |
| New York, NY 10163 | Brooklyn, NY 11232 |

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Kroll's website, https://cases.ra.kroll.com/FRG/.

Proofs of Claim will be deemed timely filed only if **actually received** by Kroll on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Kroll by overnight mail, courier service, hand delivery, regular mail, in person, or through Kroll's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Kroll).

## 4.   CONTENTS OF A PROOF OF CLAIM.

With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.   Each Proof of Claim must:  (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of ~~5:00 p.m~~11:59 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion) or, if the amount of the alleged claim is contingent or unliquidated, indicate same; (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b.   Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) ~~set forth with specificity:  (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii)~~ attach any documentation identifying the particular invoices and any other relevant documentation for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (~~i~~ii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims

administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.       Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 24-12480 (JTD)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Franchise Group, Inc.

e.       Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Franchise Group, Inc.

f.       Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.       Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by Kroll on or before the applicable Bar Date as follows: (1) electronically      through      the      "Submit      a      Claim"      interface      available      at https://cases.ra.kroll.com/FRG/ or, (2) if submitted through non-electronic means, (A) by first-class mail to the Claims Agent at Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, P.O. Box 4850, New York, NY 10163, or (B) by overnight courier or hand delivery to the Claims Agent at Franchise Group Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

h.       Proofs of Claim sent by facsimile or electronic mail will not be accepted.

i.       Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

**5.     CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

**6.**    **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

**7.**    **THE DEBTORS' SCHEDULES.**

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on Kroll's website at https://cases.ra.kroll.com/FRG/. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount, and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

**8.**    **RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing contained in this Notice or the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

**9.**    **ADDITIONAL INFORMATION.**

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at https://cases.ra.kroll.com/FRG/.  If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Kroll, by telephone at Kroll's toll-free lines (844) 285-4564 (Toll-Free) or +1 (646) 937-7751 (International), or by email at FRGInquiries@ra.kroll.com.  If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

*[Remainder of Page Intentionally Left Blank]*

Dated: [●], 2024
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted pro hac vice)
Matthew A. Feldman (admitted pro hac vice)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted pro hac vice)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT 2

**Proof of Claim Form**

*[Intentionally Omitted]*

**<u>EXHIBIT 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket No. _____ |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS ~~5:00 P.M~~11:59 P.M. (PREVAILING EASTERN TIME) ON [\*●]**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 3, 2024 (the "<u>Petition Date</u>"), the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). On [●], the Court entered an order [Docket No. ●] (the "<u>Bar Date</u>

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Order")[2] establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following Debtors (the "Chapter 11 Cases"):

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Franchise Group, Inc. | 24-12480 (JTD) | 1876 |
| Freedom VCM Holdings, LLC | 24-12496 (JTD) | 1225 |
| Freedom VCM Interco Holdings, Inc. | 24-12499 (JTD) | 2436 |
| Freedom Receivables II, LLC | 24-12492 (JTD) | 4066 |
| Freedom VCM Receivables, Inc | 24-12506 (JTD) | 0028 |
| Freedom VCM Interco, Inc. | 24-12502 (JTD) | 3661 |
| Freedom VCM, Inc. | 24-12509 (JTD) | 3091 |
| Franchise Group New Holdco, LLC | 24-12528 (JTD) | 0444 |
| American Freight FFO, LLC | 24-12531 (JTD) | 5743 |
| Franchise Group Acquisition TM, LLC | 24-12524 (JTD) | 3068 |
| Franchise Group Intermediate Holdco, LLC | 24-12491 (JTD) | 1587 |
| Franchise Group Intermediate L, LLC | 24-12495 (JTD) | 9486 |
| Franchise Group Newco Intermediate AF, LLC | 24-12518 (JTD) | 8288 |
| American Freight Group, LLC | 24-12490 (JTD) | 2066 |
| American Freight Holdings, LLC | 24-12494 (JTD) | 8271 |
| American Freight, LLC | 24-12527 (JTD) | 5940 |
| American Freight Management Company, LLC | 24-12498 (JTD) | 1215 |
| Franchise Group Intermediate S, LLC | 24-12504 (JTD) | 5408 |
| Franchise Group Newco S, LLC | 24-12484 (JTD) | 1814 |
| American Freight Franchising, LLC | 24-12483 (JTD) | 1353 |
| Home & Appliance Outlet, LLC | 24-12514 (JTD) | N/A |
| American Freight Outlet Stores, LLC | 24-12503 (JTD) | 9573 |
| American Freight Franchisor, LLC | 24-12487 (JTD) | 2123 |
| Franchise Group Intermediate B, LLC | 24-12529 (JTD) | 7836 |
| Buddy's Newco, LLC | 24-12516 (JTD) | 5404 |
| Buddy's Franchising and Licensing, LLC | 24-12512 (JTD) | 9968 |
| Franchise Group Intermediate V, LLC | 24-12511 (JTD) | 5958 |
| Franchise Group Newco V, LLC | 24-12489 (JTD) | 9746 |
| Franchise Group Intermediate BHF, LLC | 24-12486 (JTD) | 8260 |
| Franchise Group Newco BHF, LLC | 24-12515 (JTD) | 4123 |
| Valor Acquisition, LLC | 24-12505 (JTD) | 3490 |
| Vitamin Shoppe Industries LLC | 24-12521 (JTD) | 3785 |
| Vitamin Shoppe Global, LLC | 24-12517 (JTD) | 1168 |
| Vitamin Shoppe Mariner, LLC | 24-12523 (JTD) | 6298 |
| Vitamin Shoppe Procurement Services, LLC | 24-12532 (JTD) | 8021 |
| Vitamin Shoppe Franchising, LLC | 24-12513 (JTD) | 8271 |
| Vitamin Shoppe Florida, LLC | 24-12510 (JTD) | 6590 |

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Betancourt Sports Nutrition, LLC | 24-12507 (JTD) | 0470 |
| Franchise Group Intermediate PSP, LLC | 24-12500 (JTD) | 5965 |
| Franchise Group Newco PSP, LLC | 24-12522 (JTD) | 2323 |
| PSP Midco, LLC | 24-12488 (JTD) | 6507 |
| Pet Supplies "Plus", LLC | 24-12519 (JTD) | 5852 |
| PSP Group, LLC | 24-12482 (JTD) | 5944 |
| PSP Service Newco, LLC | 24-12493 (JTD) | 6414 |
| WNW Franchising, LLC | 24-12525 (JTD) | 9398 |
| WNW Stores, LLC | 24-12530 (JTD) | 0984 |
| PSP Stores, LLC | 24-12497 (JTD) | 9049 |
| PSP Franchising, LLC | 24-12481 (JTD) | 4978 |
| PSP Subco, LLC | 24-12501 (JTD) | 6489 |
| PSP Distribution, LLC | 24-12526 (JTD) | 5242 |
| Franchise Group Intermediate SL, LLC | 24-12508 (JTD) | 2695 |
| Franchise Group Newco SL, LLC | 24-12485 (JTD) | 7697 |
| Educate, Inc. | 24-12520 (JTD) | 5722 |

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before ~~5:00 p.m.~~11:59 p.m. (prevailing Eastern Time), on [●] (the "General Bar Date"), by sending an original Proof of Claim Form to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' claims agent, (1) (A) by first-class mail to the Claims Agent Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, P.O. Box 4850, New York, NY 10163, or (B) by overnight courier or hand delivery to the Claims Agent at Franchise Group, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or (2) by completing the online Proof of Claim Form available at https://cases.ra.kroll.com/FRG/, so that it is **actually received** on or before the General Bar Date; *provided* that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a proof of claim against the Debtors is May 2, 2025 at ~~5:00 p.m.~~11:59 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

All entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) ~~5:00 p.m.~~11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date").

All entities asserting claims against the Debtors that are affected by an amendment or supplement to the Schedules are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) ~~5:00 p.m~~11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through Kroll's website at https://cases.ra.kroll.com/FRG/.  Proofs of Claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE MAY NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

A copy of the Bar Date Order and Proof of Claim Form may be obtained by contacting the Debtors' Claims Agent in writing at Franchise Group, Inc. Claims Processing, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or online at https://cases.ra.kroll.com/FRG/.  The Bar Date Order can also be viewed on the Court's website at www.deb.uscourts.gov.  If you have questions concerning the filing or processing of claims, you may contact Kroll by telephone at (844) 285-4564 (Toll-Free) or +1 (646) 937-7751 (International), or by email at FRGInquiries@ra.kroll.com.

*[Signature Page Follows]*

Dated: [●], 2024
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/
_____
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted pro hac vice)
Matthew A. Feldman (admitted pro hac vice)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted pro hac vice)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*