## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>FRANCHISE GROUP, INC., et al.[1],<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline: To Be Made at the Hearing**<br><br>**Hearing Date: December 10, 2024 at 10:00 a.m. Eastern**<br>**Re: Docket Nos. 274, 277, 278** |

## AD HOC GROUP OF FREEDOM LENDERS' MOTION TO SEAL (I) ITS OBJECTION TO THE DEBTORS' DIP MOTION [D.I. 274]; (II) ITS OBJECTION TO THE DEBTORS' CRITICAL VENDOR MOTION [D.I. 277]; AND (III) THE BAKEMEYER DECLARATION [D.I. 278]

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**"),[2] by and through

its undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C.A. § 107(b), Fed. Bank.

R. 9018 and Del. Bank. L.R. 9018-1(d), for an Order, in substantially the form attached hereto as

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] The Freedom Lender Group is comprised of certain HoldCo Lenders and Second Lien OpCo Lenders, as named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

**Exhibit A**, sealing the following documents: (i) the *Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' DIP Motion* (the "**Objection to the DIP Motion**") [Docket No. 274]; (ii) the *Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(B)(9) Claimants; And (II) Granting Related Relief* (the "**Objection to the Critical Vendor Motion**") [Docket No. 277]; and (iii) the *Declaration of Brett Bakemeyer in Support of the Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of The Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Provider And 503(B)(9) Claimants; and (II) Granting Related Relief* (the "**Bakemeyer Declaration**") [Docket No. 278] (collectively, the "**Objections and Declaration**").

## BACKGROUND

1. On November 3, 2024 (the "**Petition Date**") the above-captioned debtors (the "**Debtors**") filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. The Freedom Lender Group comprises approximately 93% of the Second Lien OpCo Lenders and HoldCo Lenders in amount.

3. On November 4, 2024, the Debtors filed their *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief*

(the **DIP Motion**") [Docket No. 51].  The Freedom Lender Group filed the Objection to the DIP Motion on December 2, 2024.

4.      On November 11, 2024, the Debtors filed their *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "**Bidding Procedures Motion**") [Docket No. 154].  The Freedom Lender Group filed an objection to the Bidding Procedures Motion [Docket No. 275] and the declaration of Neil A. Augustine in support of that objection [Docket No. 276]  on December 2, 2024.

5.      The Debtors filed their *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief*  (the "**Critical Vendor Motion**") [Docket No. 10] on November 3, 2024.  The Freedom Lender Group filed its Objection to the Critical Vendor Motion and the Bakemeyer Declaration in support on December 2, 2024.

6.      The Debtors designated certain discovery material as confidential and that material is contained in the documents that are the subject of this Motion to Seal.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are Section 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure 9018 (the "**Bankruptcy Rules**") and Rule 9018-1(d) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").  Further, pursuant to Rule 9013-1(f) of the Local Rules, the Freedom Lender Group consents to the entry of a final order by the Court in connection with this Motion.

## BASIS FOR RELIEF REQUESTED

9.      The Court may authorize the Freedom Lender Group to file certain documents under seal pursuant to Section 107(b) of the Bankruptcy Code, which provides in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.      Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a redacted document or a sealed document under section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information….

Fed. R. Bankr. P. 9018.

11.     Once the Court determines that an interested party is seeking protection of information that falls within one of the categories enumerated in section 107(b) of Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). *See also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts in this district have defined commercial information as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures Corp.* 21 F.3d at 27–28).

12.     Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures Corp.*, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

13.     Sufficient cause exists here for the Court to grant the relief requested. As noted above, Debtors have designated this information as confidential in their production because it contains commercially sensitive information as determined by the Debtors. The Freedom Lender Group references these documents and their content in the Objections and Declaration identified in this Motion to Seal. For these reasons, the Freedom Lender Group respectfully requests the Court to permit it to file the Objections and Declaration identified in this Motion under seal, to publicly file a redacted version of the Objection to the DIP Motion, and to maintain the Objection

to the Critical Vendor Motion and the Bakemeyer Declaration under seal to protect only that information that is of a commercially sensitive nature and which has already been designated as confidential by the Debtors.

14.     After meeting and conferring with the Debtors, the Debtors have maintained that it is not possible for there to be a redacted version of the Objection to the Critical Vendor Motion and related Bakemeyer Declaration, as the Debtors' take the position that the Debtors' confidential information is referenced throughout.  Debtors request that these documents remain sealed.  The Freedom Lender Group does not share the same view as the Debtors and have some concerns about how the hearing on final approval of the Critical Vendors Motion scheduled for December 10, 2024 will proceed in light of the Debtors' confidentiality designations.  However the Freedom Lender Group is complying at this time with the Debtors' requests to seal, and reserves all rights to challenge any designation.

15.     Relatedly, the Debtors maintain that certain portions of the Objection to the DIP Motion relate to the relief sought in the Critical Vendor Motion and have requested that information be redacted.  Again, the Freedom Lender Group is complying with this request, but, reserves its right to challenge the designation of the material.

16.     Regarding the Objection to the Bidding Procedures Motion and the Augustine Declaration, after meeting and conferring with the Debtors, it was determined that no redactions to those two documents are necessary.  As a result, the Objection to the Bidding Procedures Motion and the Augustine Declaration were filed with no redactions earlier today, December 5, 2024, at [Docket Nos. 322 and 323], respectively.

**CERTIFICATION AND PROPOSED PUBLIC VERSIONS**

17.     Counsel for the Freedom Lender Group and Debtors' proposed counsel have

conferred in good faith and reached agreement concerning what information contained in the proposed public version of the Objection to the DIP Motion must remain sealed from public view (subject to the Freedom Lender Group's reservations set forth herein). A proposed version of the Objection to the DIP Motion is attached as **Exhibit B**. As set forth above and pursuant to Local Rule 9018-1(d)(v), no proposed redacted version of the Objection to the Critical Vendor Motion or the Bakemeyer Declaration is attached hereto, as the Debtors request that document to remain under seal.

## NOTICE

18.     The Freedom Lender Group will provide notice of this Motion to the following parties: (i) the Debtors; (ii) the U.S. Trustee; (iii) the DIP Lenders; (iv) the IRS; and (v) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

19.     The Freedom Lender Group has not previously requested the relief sought herein in this Court or any other Court.

WHEREFORE, the Freedom Lender Group respectfully requests an order, substantially in the form attached hereto as **Exhibit A**, (I) authorizing the filing under seal of the (i) Objection to the DIP Motion; (ii) the Objection to the Critical Vendor Motion; and (iii) the Bakemeyer Declaration; (II) authorizing the filing of redacted version of the Objection to the DIP Motion; (III) authorizing the Objection to the Critical Vendor Motion and the Bakemeyer Declaration to remain under seal; and (IV) granting such other and further relief as the Court deems just and proper.

Dated:  December 5, 2024                    Respectfully submitted,
          Wilmington, Delaware

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**
Thomas Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
azatz@whitecase.com
sam.hershey@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Counsel for the Ad Hoc Group of*
*Freedom Lenders*