**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 9 & 110** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO MAINTAIN THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) WAIVING CERTAIN OPERATING GUIDELINES; (III) SUSPENDING TIME TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105, 345, 363, 364, 503, and 507 of the Bankruptcy Code, (i) authorizing, but

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

not directing, the Debtors to (a) continue to maintain their existing Cash Management System, including their Bank Accounts and Business Forms, (b) honor certain prepetition obligations related thereto, and (c) continue to perform Intercompany Transactions in the ordinary course of business; (ii) waiving certain operating guidelines; (iii) suspending the time to comply with section 345(b) of the Bankruptcy Code; and (iv) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      Subject to the terms of this Final Order, the Debtors are authorized, but not directed, to: (i) continue to maintain and use the Cash Management System as described in the Motion; (ii) honor certain prepetition obligations related thereto; (iii) continue the Intercompany Transactions in the ordinary course; and (iv) continue to pay the Bank Fees, including those that arose prepetition; provided that in the case of each of (i) through (iv), such action is taken in the ordinary course of business and consistent with prepetition practices.

3.      The Debtors are further authorized, but not directed, to (i) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date; (ii) treat the Bank

Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, ACH Payments, wire transfers, and other debits; and (iv) perform their obligations under the documents governing the Bank Accounts; provided that in the case of each of (i) through (iv), such action is taken in the ordinary course of business and consistent with past practice.

4.       The Banks are hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by the Banks if specifically authorized by order of this Court.

5.       Notwithstanding any other provision of this Final Order, if any Bank honors a prepetition check or other item drawn on any account that is the subject of this Final Order (i) at the direction of the Debtors; (ii) in good-faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, such Bank shall not be deemed to be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

6.       The Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all Bank Fees, provided that such fees and charges are authorized under the applicable account agreement with the Debtors, and provided, further, that nothing set forth herein shall authorize the Banks to debit any claim or

charges not in the ordinary course of business and not permitted under the applicable account agreements; (ii) all checks, items, and other payment orders drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of these Chapter 11 Cases; and (iii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' Bank Accounts with such Bank prior to the filing of these Chapter 11 Cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of these Chapter 11 Cases. The liens on any of the Bank Accounts granted to creditors (if any) will not have priority over such fees and charges of the respective Bank at which the Bank Account is located.

7.      As soon as possible, the Debtors shall (i) serve a copy of this Final Order on each Bank; (ii) contact the Banks; (iii) provide the Banks with the Debtors' employer identification numbers (if applicable) and the case numbers of these Chapter 11 Cases; (iv) identify for the Banks each of the Bank Accounts held at the Banks as being held by a debtor in possession in these Chapter 11 Cases; and (v) request that each Bank internally code each of the Bank Accounts as "debtor in possession" accounts.

8.      The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate consistent with prepetition business practices; provided that the Debtors shall (i) only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement; (ii) serve a copy of this Final Order upon any bank at which the Debtors open a new bank account immediately upon opening of the new account, and (iii) promptly serve notice of any new bank account, including the account number and the bank,

on counsel to the DIP Lenders and counsel to the Official Committee of Unsecured Creditors (the "Committee").

9.      To the extent that any of the Debtors' Bank Accounts (including any investment accounts) are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have thirty (30) days, without prejudice to seeking an additional suspension, to come into compliance with section 345(b) of the Bankruptcy Code, as ordered by this Court.

10.      The requirement to establish separate accounts for cash collateral and/or tax payments is hereby suspended without prejudice, as applicable.

11.      The Debtors shall calculate quarterly fees payable pursuant to 28 U.S.C. § 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements.

12.      Despite the use of a consolidated Cash Management System, the Debtors shall maintain accurate and detailed records of all transfers, including the Intercompany Transactions and any transactions among the TopCo Debtor and the other Debtors in accordance with their prepetition practices, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.  The Debtors shall provide a summary of all Intercompany Transactions occurring between the TopCo Debtor and any other Debtor, in any calendar month to counsel to the Required Consenting First Lien Lenders (as defined in the Restructuring Support Agreement), the ABL Agent (as defined in the First Day Declaration), and the Committee within twenty-one (21) days of the end of such calendar month; provided, that to the extent that no such Intercompany Transactions are made in any calendar month, no related summary is required to be provided for such calendar month.  The Debtors, the

Required Consenting First Lien Lenders, and the Committee reserve all rights with respect to the payment and allocation of any fees or expenses (including any director, officer, and manager fees, to the extent applicable) allocable to the TopCo Debtor and as to an agreed-upon allocation with respect thereto as between the TopCo Debtor and the other Debtors.

13.     Pursuant to section 503(b)(1) of the Bankruptcy Code, all postpetition payments on account of any Intercompany Transaction, including any interest and fees related thereto, made by a Debtor to another Debtor, upon net transfers, shall in each case be accorded administrative expense status.

14.     For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall request that the Banks execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order.

15.     During the pendency of these Chapter 11 Cases, the Debtors shall not withdraw, pledge, or otherwise dispose of any assets in any bank account belonging to Freedom VCM, Inc. or Freedom VCM Interco, Inc.; provided, however, that nothing in this Final Order shall prevent the Debtors from later requesting relief from the Court to unfreeze such accounts.

16.     Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii)  shall be construed as a promise to pay a claim.

17.     Nothing in this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity that existed as of the Petition Date.

18.     Nothing in this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Final Order.

19.     Nothing in this Final Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

20.     Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

21.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

22.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: December 6th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**