## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 256** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES OF ESTATE PROFESSIONALS</u>

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order, pursuant to sections 330, 331, and 105(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of expenses for professionals retained pursuant to sections 327 or 1103 of the Bankruptcy Code; and due and proper notice of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as may otherwise be provided in the DIP Order or an order of this Court authorizing the retention of specific Estate Professionals, all Estate Professionals in these Chapter 11 Cases retained by the Debtors or the official committee of unsecured creditors (the "Committee") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

> a.      On or after the 20th day of each calendar month, or as soon as practicable thereafter, each Estate Professional may file an application (a "Monthly Fee Application") with this Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by electronic or regular mail on each of the following parties (collectively, the "Notice Parties"):

> > i.      proposed counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. Debra M. Sinclair, Esq. (dsinclair@willkie.com), Betsy L. Feldman, Esq. (bfeldman@willkie.com), and Joseph R. Brandt (jbrandt@willkie.com) Esq., and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew

B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com);

ii. proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and (b) 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Shirley S. Cho, Esq. (scho@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com);

iii. the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov);

iv. counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com);

v. counsel to the DIP Agent, (a) Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com);

vi. any fee examiner appointed in these Chapter 11 Cases;

vii. counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com);

viii. counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and

ix. counsel to the HoldCo Lenders at the addresses set forth in (vii) above.

Any Estate Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated

Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.      Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to an Estate Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Estate Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.      Each Monthly Fee Application shall describe and itemize the fees and expenses incurred within such period, together with (i) a summary setting forth the total amount of fees; (ii) each Estate Professional's (and paraprofessional's) hourly rate, if applicable; (iii) time entries for each Estate Professional (redacted or modified to protect any privileged information); (iv) total time and fees; (v) allocation of fees among the estates of (a) Debtor Freedom VCM Holdings, LLC, (b) Debtors Freedom VCM Inc. and Freedom VCM Interco, Inc., and (c) the remainder of the Debtors, based upon the nature of the work performed by such Estate Professionals and the corresponding Debtor estate(s) for which such work is performed; and (vi) the amount of reimbursable expenses sought.

d.      Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, an Estate Professional may file a certificate of no objection with this Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Estate Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application. If a Notice of Objection was timely received and remains unresolved, an Estate Professional may file a CNO with this Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Estate Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e.      If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Estate Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment. If, however, the parties are unable to reach a complete resolution of the objection within ten (10)

days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with this Court within three (3) business days and serve such Objection on the respective Estate Professional and each of the Notice Parties. Thereafter, the Estate Professional may either (i) file with this Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time this Court will consider the Objection, if requested by the parties.

f.      At three-month intervals or such other intervals convenient to this Court (the "Interim Fee Period"), each of the Estate Professionals may file with this Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Estate Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

   i.      the Monthly Fee Applications that are the subject of the request;

   ii.      the amount of fees and expenses requested;

   iii.      the amount of fees and expenses paid to date and/or subject to an Objection;

   iv.      the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

   v.      any other information requested by this Court or required by the Local Rules.

Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Estate Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the twenty-first (21st) day following service of the applicable Interim Fee Application.

g.      The Debtors will request that this Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals as this Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, this Court may grant an Interim Fee Application without a hearing.

h.      The first Interim Fee Period will cover the period from the Petition Date through January 31, 2025. Estate Professionals must file their applicable Interim Fee Applications on or before the forty-fifth (45th) day, or the next

5

business day if such day is not a business day, following the end of each Interim Fee Period.  Each Estate Professional must file and serve its first Interim Fee Application on or before March 17, 2025.

i.       The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify an Estate Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

j.       Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or this Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Estate Professionals. All fees and expenses paid to Estate Professionals under the Compensation Procedures are subject to (x) disgorgement until final allowance by this Court and (y) allocation as among the Debtors' estates based upon the nature of the work performed by such Estate Professionals and the corresponding Debtor estate(s) for which such work is performed.

3.       Each member of the Committee is permitted to submit statements of expenses incurred in connection with the performance of the duties of the Committee (excluding fees and expenses of counsel to individual Committee members), with supporting documentation to Committee counsel, which counsel shall collect and submit such Committee member's request for reimbursement in accordance with the Compensation Procedures and the Bankruptcy Code. Approval of the Compensation Procedures however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4.       In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is employed and retained pursuant to the Debtors' motion for an order authorizing the retention and employment of ordinary course professionals and is not otherwise required to file fee applications in accordance with the terms thereof, shall (a) apply for compensation for

professional services rendered and for reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

5.      The Estate Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties entitled to notice shall be entitled to receive only notices of hearings on the Interim Fee Applications and Final Fee Applications.

6.      All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.      The Debtors shall include all payments made to Estate Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Estate Professionals.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: December 6th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**