## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 10, 51, 154 & 254** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) GRANTING THE DEBTORS LEAVE AND PERMISSION TO FILE REPLIES IN SUPPORT OF THE DEBTORS' (I) CRITICAL VENDORS MOTION; (II) DIP MOTION; AND (III) BIDDING PROCEDURES MOTION; AND (B) AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMIT REQUIREMENT IN CONNECTION THEREWITH**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion for Leave") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting the Debtors leave and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

permission to file the Debtors' replies (collectively, the "Replies" and each, a "Reply") in support

of the (i) *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to*

*Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers &*

*Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief* [Docket No. 10]

(the "Critical Vendors Motion"); (ii) *Debtors' Motion for Entry of Interim and Final Orders*

*(I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition*

*Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with*

*Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the*

*Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief*

[Docket No. 51] (the "DIP Motion"); and (iii) *Debtors' Motion for Entry of Orders*

*(I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors'*

*Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of*

*Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related*

*Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims,*

*Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory*

*Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 154] (the "Bidding

Procedures Motion" and, together with the Critical Vendors Motion and the DIP Motion, the

"Debtors' Pleadings") and authorizing the Debtors to exceed the page limit requirement in

connection therewith.  In support of this Motion for Leave, the Debtors respectfully state as

follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are section 105 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rules 7007-2 and 9006-1(d), and the General Chambers Procedures, dated June 30, 2011, as may be supplemented, amended, or modified from time to time (the "General Chambers Procedures").

## BACKGROUND

### I.      General Background

4.      On November 3, 2024, each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee") in these Chapter 11 Cases.

6.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

## II.     The Replies

7.     On November 4, 2024, the Debtors filed the Critical Vendors Motion and the DIP Motion.  On November 6, 2024, the Court overruled objections to the Critical Vendors Motion and the DIP Motion by the Freedom Lender Group (as defined below) and entered orders [Docket Nos. 129 & 134] approving the relief requested therein on an interim basis.  The Court set the deadline for objecting to final approval of the Critical Vendors Motion and the DIP Motion as November 20, 2024 at 4:00 p.m. (ET) (the "Critical Vendors and DIP Objection Deadline").

8.     On November 11, 2024, the Debtors filed the Bidding Procedures Motion. Consistent with the Local Rules, the deadline to object to the relief requested in the Bidding Procedures Motion was set as November 25, 2024 at 4:00 p.m. (ET) (the "Bidding Procedures Objection Deadline" and, together with the Critical Vendors and DIP Objection Deadline, the "Objection Deadlines").

9.     On November 14, 2024, the Debtors filed a second proposed form of interim order [Docket No. 176] (the "Second Interim Critical Vendors Order") approving the Critical Vendors Motion on a further interim basis.  The deadline to object to the Second Interim Critical Vendor Order was set as November 21, 2024 at 4:00 p.m. (ET).  The Freedom Lender Group objected to the approval of the Second Interim Critical Vendor Order.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Pleadings or the First Day Declaration, as applicable.

4

10.    On November 21, 2024, the Court held an expedited hearing to consider the relief in the Second Interim Critical Vendors Order.  Upon conclusion of the hearing, the Court overruled the Freedom Lender Group's objection and entered the Second Interim Critical Vendors Order.

11.    Since filing the Debtors' Pleadings, the Debtors have received informal comments and objections[3] from a myriad of parties, including, but not limited to, the U.S. Trustee, the Committee, counsel to certain landlord counterparties in these Chapter 11 Cases, and the Ad Hoc Group of Freedom Lenders (the "Freedom Lender Group"), and have been working diligently and expeditiously to respond to and resolve those comments and objections.  On a parallel path, the Debtors have been entrenched in litigation and discovery with the Freedom Lender Group in connection with the Debtors' Pleadings, specifically with respect to the *Motion for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192] (the "Motion to Terminate Exclusivity") and *the Ad Hoc Group of Freedom Lender's Emergency Motion for Entry of an Order (I) Adjourning the Second Day Hearing Set for December 10, 2024, (II) Extending the Objection Deadlines in Connection with the Second Day Hearing and (III) Granting Related Relief* [Docket No. 194] (the "Adjournment Motion").

12.    On December 3, 2024, the Debtors filed their objections to the Adjournment Motion and the Motion to Terminate Exclusivity [Docket Nos. 297 & 298].  In light of the complexity of the matters at issue, the number of parties involved, and the Debtors' engagement with parties to obtain consensual resolutions of the responses received to date, the Debtors extended various objection deadlines for various parties.  Despite substantial progress made with nearly all parties, the Debtors were unable to reach the terms of a consensual resolution with

---

[3]    [Docket Nos. 241, 242, 274, 275, 277, 305 & 308].

respect to the Debtors' Pleadings prior to the Objection Deadlines, which were extended for the Freedom Lender Group from November 20, 2024 to December 2, 2024 at 12:00 p.m. (ET) (the "Extended Objection Deadline").  On the Extended Objection Deadline, the Freedom Lender Group filed formal objections to the DIP Motion [Docket No. 274], the Bidding Procedures Motion [Docket No. 275], and the Critical Vendors Motion [Docket No. 276] (collectively, the "Objections").  Given the parties' efforts to produce discovery, narrow the Objections, consensually resolve various issues, and the Extended Objection Deadline, the Debtors were unable to respond to the Objections prior to the respective deadlines to file the Replies.

## BASIS FOR RELIEF

### I.      Leave to File the Replies

13.      Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."  The deadline to file the agenda for the hearing to consider the Debtors' Pleadings (the "Hearing") was on or before 12:00 p.m. (ET) on December 6, 2024.  Accordingly, the Debtors' deadline to file the Replies was on or before 4:00 p.m. (ET) on December 5, 2024 (the "Reply Deadline").

14.      As noted above, since the filing of the Debtors' Pleadings, the Debtors have been responding to discovery requests, working with responding parties to resolve any issues with the proposed relief, and narrowing the Objections.  Consequently, the Debtors extended the Objection Deadlines to allow the parties additional time to promote an efficient use of the Court's time and resources at the Hearing.  However, given the proximity of the Extended Objection Deadline to the Hearing and the Debtors' competing priorities with respect to responding to the Motion to Terminate Exclusivity and the Adjournment Motion, whilst also working to resolve various

informal comments and objections to other pleadings scheduled for the Hearing, the Debtors were unable to prepare and file the Replies in advance of the Reply Deadline.

15.     Each of the Replies addresses the points raised in the respective Objections and will provide the Court with a more complete and accurate record to assist the Court in its consideration of the issues that will be before it at the Hearing.

**II.     Leave to Exceed Page Limits**

16.     Local Rule 7007-2 and the General Chambers Procedures[4] provide that no opening or answering brief shall exceed thirty (30) pages and no reply shall exceed fifteen (15) pages, in each instance, exclusive of any tables of contents and citations.  Del. Bankr. L.R. 7007- 2(a)(iv).  However, a reply may exceed fifteen (15) pages with leave of court.  *Id.*

17.     The Debtors respectfully submit that authority to exceed the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures, to the extent applicable, in connection with the Replies in support of the Debtors' Pleadings, Motion to Terminate Exclusivity, and Adjournment Motion is reasonable and appropriate under the circumstances. Such Replies, as currently drafted, slightly exceed the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures.  The Replies present the Debtors' responses to, among other things, the Freedom Lender Group's objections to the Debtors' Pleadings, and independently set forth why each of the Debtors' Pleadings should be approved.

18.     To adequately respond to the Freedom Lender Group's objections, among others, and the complex arguments and issues raised therein, and to provide the Court with a complete

---

[4]     The General Chambers Procedures provide that "[a]ll briefs and memoranda in main bankruptcy cases and adversary proceedings must comply with Del. Bankr. L.R. 7007-2."  The General Chambers Procedures do not expressly apply to motion practice, and, therefore, may not be applicable to the Replies.  However, the Debtors are filing this Motion out of an abundance of caution to the extent that the General Chambers Procedures are applicable to the Replies.

picture of the issues that will be presented at the hearing of matters scheduled for December 10, 2024 at 10:00 a.m. (ET), the Debtors respectfully request that the Court grant the relief sought herein

19.    Accordingly, by this Motion for Leave, the Debtors respectfully request that the Court enter the Proposed Order granting the Debtors leave and permission to file the Replies and authorizing the Debtors to exceed the page limits in connection therewith.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the Debtors leave and permission to file the Replies and authorizing the Debtors to exceed the page limits in connection therewith, and such other and further relief as this Court deems just and proper.

Dated: December 6, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**

Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

9