**<u>EXHIBIT 5</u>**

| | |
|---|---|
| **From:** | Smith, Erin |
| **Sent:** | Thursday, December 5, 2024 1:54 PM |
| **To:** | Sullivan, Brady M.; Hershey, Samuel; Lombardi, Stuart |
| **Cc:** | Shore, Christopher; Stancil, Mark; Dugan, James; Grinnell, Kaydene; West, Colin; Alan Kornfeld; blevine@pszjlaw.com; jwalker@pszjlaw.com |
| **Subject:** | RE: RE: RE: FRG - Discovery |

Brady:

Thanks for the productive call this morning.  We write to follow up on the two specific factual questions we raised this morning. If you can please get us answers on these today, we would very much appreciate it.

1.  We asked on the call that you provide us with additional information on the a new independent director at the HoldCo Debtors described in paragraph 52 of the Debtors' Objection to the Freedom Lenders' Motion to Terminate Exclusivity [Dkt. No. 298]. Specifically:

    a.  Who is or will be the new independent director?

    b.  When did the Boards consider and vote on the appointment of a new independent director at the HoldCo Debtors? And, would you please share the relevant minutes, materials considered, and/or resolutions with us?

    c.  Does the new independent director have counsel we can contact?

2.  As discussed, would you please provide us with the flow of funds from the Take Private Transaction?


Thank you,

**Erin Smith** | Associate
**T** +1 212 819 2595    **M** +1 917 833 9134    **E** erin.smith@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Thursday, December 5, 2024 9:28 AM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** [EXT] RE: RE: RE: FRG - Discovery

Sam,

We can speak briefly at 11 about Augustine. Please be prepared to tell us what topics (if any) you agree to.

Mind circulating an invite?

Regards,
Brady


**Brady M. Sullivan**

**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Thursday, December 5, 2024 8:24 AM
**To:** Sullivan, Brady M. <BSullivan@willkie.com>; Smith, Erin <erin.smith@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** RE: RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Brady, following up on our meet and confer, we stated that we would be available to discuss topics for Neil's deposition once we had read your objection to our motion. To the extent you still want to discuss topics, we are available today from 11-2 ET. Thanks.

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Date:** Thursday, Dec 05, 2024 at 01:52
**To:** Smith, Erin <erin.smith@whitecase.com>, Hershey, Samuel <sam.hershey@whitecase.com>, Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>, Stancil, Mark <MStancil@willkie.com>, Dugan, James <jdugan@willkie.com>, Grinnell, Kaydene <KGrinnell@willkie.com>, West, Colin <cwest@whitecase.com>, Alan Kornfeld <akornfeld@pszjlaw.com>, blevine@pszjlaw.com <blevine@pszjlaw.com>, jwalker@pszjlaw.com <jwalker@pszjlaw.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Erin,

Following up on your questions regarding witnesses and the hearing.

For the upcoming hearing, we agree to do directs by declaration (with short warm-up questioning permitted), on the condition that you agree to do the same.  Please confirm.  Any new declarations from our witnesses will be provided with our forthcoming reply papers.

As for Mr. Grubb, he will be available on Friday to testify concerning the DIP and bid procedures.  We do not agree to have Mr. Grubb sit for another deposition on Monday, for the following reasons.  We have already told you that Mr. Grubb is our witness on bid procedures, you have our motion, and you can depose him about it on Friday.  If we file a new declaration with our reply, you can cross him about it at the hearing.

In terms of timing, given that directs will be done by declaration, we expect our direct testimony will not take long, and redirect will depend on cross.  Please give us estimated times needed for your crosses on each of the motions.

Regards,
Brady

**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Wednesday, December 4, 2024 11:05 AM
**To:** Smith, Erin <erin.smith@whitecase.com>; Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** RE: RE: FRG - Discovery bypassdelmd

Erin,

We are still considering some of the items raised in your email, but wanted to respond on the following.

**Documents**

We have considered your request for "unconsolidated financial statements" and an "intercompany matrix."  We assume you are referring to Request 4 in your Second-Day RFPs.  We performed a reasonable search and produced documents in response to this Request, including financial statements with business-entity level detail, and documents reflecting intercompany transactions.  *See* FRG00008358, FRG00008364, FRG00035436, FRG00008363, FRG00008425, FRG00008426, FRG00008427, FRG00008428, FRG00008429.  We also understand there are ongoing discussions between AlixPartners and FTI concerning this information.

We disagree that our proposed date range for Andrew Laurence (September 27, 20224 – November 6, 2024) is inadequate.  The *original* searches we conducted for Andrew Laurence actually went back to January 1, 2022.  To eliminate any possible dispute here, we will expand the date range for Mr. Laurence—with respect to the additional terms you proposed and that we accepted with modifications—an additional two months, going back to July 27, 2024.  We expect to make this additional Laurence production—which will not be voluminous—by tomorrow.

To summarize all of this, I attach a revised search protocol.  This shows all of the custodial documents we have reviewed thus far, including our original proposed search parameters, as well as the additional terms/parameters we agreed to run as a compromise, in response to your proposal.

With respect to your request for a privilege log, we will produce a metadata log of families fully withheld on privilege grounds.  As for documents with redactions (or attachments that are slip-sheeted for privileged), we are not logging those.  You have the information you need from the face of the email.

**Witnesses**

Mr. Grubb will be available at 9 30 AM at the W&C NY offices.  Mr. Orlofsky will be available at 9 30 AM at the W&C NY offices.  You will endeavor to limit both depositions to 3-4 hours.  Mr. Laurence will be available on Monday at 10am in Delaware at the Farnan Law offices.

We can depose Mr. Augustine over Zoom on Monday and endeavor to limit the deposition to 3-4 hours.  What time will he be available?  As for the 30(b)(6) topics for Mr. Augustine, you served R&Os that either objected to the topic, or offered to meet and confer.  Yesterday, we met and conferred.  On that call, we provided examples of the types of

topics we would expect a 30(b)(6) witness to cover concerning your motion to terminate exclusivity and for related relief.  We confirmed that we would accept one witness, if the witness (Mr. Augustine) is the only witness you will call at the hearing.  We clarified that we are seeking testimony concerning the factual (not legal) bases for your contentions in your exclusivity termination motion.  You said you wanted to consider our objections to your motion before providing your final position.  You now have our objections.  Please tell us what topics Mr. Augustine will be prepared to cover on Monday.

As for the hearing, you stated on the call that (1) Neil Augustine is the only witness the Ad Hoc Group intends to offer and (2) Mr. Augustine will testify only with respect to the Bid Procedures motion.

We are considering your other questions/requests concerning the hearing and will get back to you.

Regards,
Brady


**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Smith, Erin <erin.smith@whitecase.com>
**Sent:** Tuesday, December 3, 2024 10:03 PM
**To:** Sullivan, Brady M. <BSullivan@willkie.com>; Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Brady and Willkie Team:

We write to follow up on this afternoon's meet and confer, including certain open issues we've raised previously.  The outstanding items fall into 3 categories: (1) discovery the Freedom Lender Group has sought from the Debtors; (2) discovery the Debtors have sought from the Freedom Lender Group; and (3) logistics for Tuesday's hearing.  Below please find our requests for additional information and/or confirmation on the open issues.

As discussed earlier and below, we propose another meet and confer tomorrow morning at 9:30am to discuss. Please let us know if that will work for you.

1.  **Discovery the Freedom Lender Group Seeks from the Debtor**

    a.  We understand that the Debtors intend to complete their production tonight with respect to the document requests served on November 8, 2024. Can you please confirm that the production (stamped FRG00043295 through FRG000044830) is the final production?

    b.  On this afternoon's call, we noted that we still have not received certain priority "push-button" documents, which we have requested since our very first meet and confer and have asked you to prioritize. These documents include unconsolidated financial statements and an intercompany matrix. Please send those as soon as possible.

    c.  Please send us (again, if nothing has changed) the search terms and time frame parameters the Debtors have used to collect and review documents from each custodian. Please also indicate any changes made

based on the Freedom Lender Group's suggestions, and the number of additional documents that resulted. (On this afternoon's call, someone indicated that you had already told us that number but we are having a hard time finding the number of additional documents, not hits, that have been produced.)

d.  On the call, we noted again our disagreement with the Debtors' decision to start searching Mr. Laurence's emails from September 27 forward, when restructuring professionals were retained months prior. We understand the Debtors will not expand the scope of their search. We have reserved rights on this subject based on the testimony at Mr. Laurence's deposition. As an example, we have seen an email from Mr. Laurence on July 22, 2004 considering restructuring alternatives and discussions with the 1Ls. *See* FRG00035640 – 35642.  Such communication is clearly relevant to the Second Day matters and responsive to our November 8 document requests.  Yet, at least in the productions received prior to tonight, we have received only 17 emails sent before September.  We do not understand how Debtors claim to properly be withholding months of the Company's relevant documents.

e.  On the call, we also reiterated our request that you please produce a hit report that is inclusive of the revised search terms you ran and those we have proposed.  We understand from the call that the Debtors refuse to produce a hit report.

f.  On this afternoon's call, we reiterated our request for a privilege log, particularly with regard to documents that have been produced as slipsheets with no other information, for example FRG00035642 referenced above.  We are happy to have you do so on a categorical basis. As we also discussed, we notice that there are partial redactions for privilege in negotiations between the 1L's advisors and the Debtors' advisors regarding the negotiation of the DIP.  Attached are two examples. Please advise what the basis is for the privilege assertion and what your legal basis is for withholding DIP negotiation materials.

g.  We note that we are working through your response to our Motion tonight, and we may have some limited follow-up discovery requests which we can discuss on a proposed meet and confer tomorrow.

h.  Deposition Schedule:

   i.  We propose that the deposition of Mr. Grubb proceed on Friday at 9:30 am at White & Case (with a zoom option) for an estimated 3 - 4 hours.  We understand that Mr. Grubb will be made available on the topics in the DIP Motion, the terms of the DIP Facility, Mr. Grubb's DIP Declaration, and the marketing and negotiation of the DIP or any alternatives. Additionally, because we may not have the Debtors' Reply—or any supporting declaration in support of the Bid Procedures Motion— we reserve the right to supplement Mr. Grubb's deposition on Monday with respect to the Bid Procedures.  We ask that you please confirm his availability, if needed, for two hours on Monday, unless the Debtors can agree to provide the Freedom Lender Group with Mr. Grubb's direct testimony by Thursday night (as discussed further below).

   ii.  We propose that the deposition of Mr. Orlofsky proceed on Friday at 9:30am at White & Case (with a zoom option) for an estimated 3-4 hours.  We understand that Mr. Orlofsky will testify with respect to his First Day Declaration, the First Day motions, the 13 week cash flows, the DIP budget, critical vendors, and the investigation of claims that are contemplated to be released in connection with the DIP and proposed plan terms set forth in the RSA.

   iii.  We propose that the deposition of Mr. Laurence proceed on Monday at 10am in Delaware at the Farnan Law offices.  We ask that he please be made available for 7 hours, though it will be our goal to be as efficient as possible.

To the extent the Debtors intend to offer any other witness at the second day hearing, please provide notice as soon as possible.

2.  **Discovery the Debtors Seek from the Freedom Lender Group**

a.  As discussed, we do not believe five depositions, including three members of the Freedom Lender Group, is appropriate. We understand from the call that the parties will work to arrange the necessary testimony through a 30(b)(6) deposition.

b.  To that end, once we are able to review the Debtors' pleadings that are to be filed this evening, we ask that we get on another call tomorrow morning at 9:30 am to discuss the 30(b)(6) topics.  All parties reserve all rights. We will be prepared to discuss how to limit the discovery based on the pleading.

    c.   Mr. Augustine will be made available on Monday for a deposition by Zoom in connection with his Declaration (and potentially as a 30(b)(6) witness). Consistent with our agreement to limit depositions rationally, we propose an estimated 3-4 hours at a time to be determined.  We propose that we discuss logistics on tomorrow's meet and confer.

    d.   We understand that the Debtors will not move to compel or exclude evidence as to the Freedom Lender Group in connection with the matters that are scheduled to be heard on December 10.

3.  **Hearing Logistics for December 10**

    a.   We understand that the following motions are currently set to be included on the agenda for the December 10 hearing:

        i.   The Freedom Lender Group's Motion to Adjourn

        ii. The Freedom Lender Group's Motion to Terminate Exclusivity, Lift the Stay and Appoint a Ch. 11 Trustee

        iii. The Debtors First Day Motions (DIP and Critical Vendors); and the

        iv.   The Debtors' Bid Procedures Motion

    b.   In support of the Debtors' motions, we have Mr. Orlofsky's First Day Declaration and Mr. Grubb's Declaration in support of the DIP Motion.  We do not currently have any testimony in support of the Bid Procedures Motion.  As raised on the meet and confer, in the interest of streamlining the hearing, we request that the Debtors please provide prior to the hearing written direct testimony for all witnesses, including (i) the written direct testimony of Mr. Grubb in connection with the Bid Procedures Motion by Thursday at 8pm and (ii) the written direct testimony of Mr. Laurence in connection with the Second Day hearing by Saturday at 5pm.  We don't oppose any witness warm-up on the stand, but don't see that as an appropriate time to raise any new issues.

    c.   We suggest that the parties consider estimated times needed for direct and cross on each of the motions and discuss it preliminarily on tomorrow morning's proposed meet and confer. It is our understanding that the Court has one day set aside for this and we should all be working together to figure out how we can get that done, to the extent Debtors intend to move forward with everything on December 10.

We look forward to speaking with you tomorrow.

**Erin Smith** | Associate
**T** +1 212 819 2595   **M** +1 917 833 9134   **E** erin.smith@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Monday, December 2, 2024 5:10 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

We are available tomorrow between 12:30 and 2 to meet and confer.

In response to your other email, the reason the Debtors have continued to make productions is because the Ad Hoc Group insisted we substantially expand our search parameters.  Nevertheless, the Debtors substantially completed their Second-Day Hearing document discovery in advance of the Second Day Hearing and the upcoming depositions.  We are finalizing one additional production that we anticipate will be less than 100 documents.  Thus, we disagree with any suggestion that you do not have enough time to prepare for Chris Grubb's deposition.  Nonetheless, we would be willing

to move Mr. Grubb's deposition to Friday on the condition that you agree to cap his deposition at 3 hours on the record, and also to cap Mr. Orlofsky's and Mr. Laurence's depositions at 3 and 4 hours on the record, respectively.  If you are going to compress the deposition timeline, we will need flexibility to prep and defend witnesses.

We note your refusal to provide any document discovery.

As for our deposition requests, in advance of the meet and confer, please confirm that one of your 30(b)(6) witnesses will be Neil Augustine.

Regards,
Brady

**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Monday, December 2, 2024 4:31 PM
**To:** Sullivan, Brady M. <BSullivan@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; blevine@pszjlaw.com; jwalker@pszjlaw.com
**Subject:** RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Brady:

Our position has not changed.  It does not make sense to discuss whether we will produce witnesses, and on what dates, until we meet and confer regarding your deposition requests.  Please let us know times tomorrow morning that work for that.  I am adding the Committee given their separate email seeking a call to discuss depositions.  They should join whatever call we set.

Best,
Sam

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Monday, December 2, 2024 1:33 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

Please let us know if your position has changed regarding the discovery the Debtors served on the Ad Hoc Group in connection with the second day hearing.

Please also let us know if you intend to make witnesses available for depositions in accordance with the deposition notices we served on Wednesday.

Regards,
Brady


**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, November 27, 2024 10:38 PM
**To:** Sullivan, Brady M. <BSullivan@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>
**Subject:** RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Brady,

Thanks for your email.  I am discussing your proposal with our clients.  As you can imagine, the holiday makes it a bit challenging to get everyone together, but I hope to be back to you soon.  In the meantime, I was hoping you could answer a question:  the "search protocol" that you sent across on Monday has an asterisk at the bottom that states "all searches exclude solely internal communications."  Are the Debtors excluding internal communications from their own searches while demanding internal communications from the Ad Hoc Group?

Separately, I'd like to put aside our dispute for a moment and wish everyone a happy Thanksgiving.  Best wishes to you and your families.

Sam

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
**WHITE & CASE**

---

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Tuesday, November 26, 2024 2:27 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

Both your email and your R&Os misstate the Debtors' prior proposal. As a starting point, as of today, the Debtors have produced over 35,000 pages of production material in connection with the Second Day Hearing; meanwhile, your clients have produced nothing. You claim that this is because no responsive external documents exist between the Ad Hoc Group members and third parties—an assertion that is frankly hard to credit given how many months your clients have been involved in negotiations with the Debtors—and because you believe that all internal communications among the Ad Hoc Group members would "likely" be privileged—which appears to be an admission that you don't actually know, because you haven't even looked. In any event, your email omitted a critical term of the Debtors' proposal, namely, that "[t]he Debtors would reserve the right to come back for more documents, and to seek a deposition, after receiving your production." In other words, our proposal was premised on your conducting a "reasonable search" that resulted in a "production," not a blanket refusal to produce anything, which is why we asked numerous times—on 11/15, 11/19, and 11/21—for "custodians and search terms" which you have repeatedly failed to provide. Accordingly, the Debtors' proposal to limit your review to external communications and Request 8 is clearly off the table—as my email below made clear—and you need to run internal searches for non-privileged documents.

We have already explained the relevance of the Debtors' discovery requests with respect to the Second Day Motions: the Debtors are entitled to test your clients' anticipated objections and arguments at the Second Day Hearing. Indeed, last week, Erin Smith circulated "objections [you] may bring with respect to final approval of the DIP Facility and the critical vendors motion." It's not a short list and it includes fact-intensive topics such as that the DIP interest rates, purportedly "excessive" fees, and that the proposed DIP facility purportedly "prejudices" your clients. The Debtors are entitled to probe any non-privileged discussions about these topics. The Debtors are also entitled to search for your clients' admissions concerning these topics. If your position is that all internal communications/documents responsive to our RFPs are protected by attorney-client privilege or the work product doctrine, then you should have no problem stipulating that the Ad Hoc Group will offer none of their own documents into evidence or call any of their own witnesses in support of your objections at the Second Day Hearing. In the event that you are willing to provide such a stipulation, we may be willing to reconsider our Second Day discovery requests.

Also, you have not put forth any information to substantiate your "disproportionate burden" claim, such as a hit count (likely because, again, you haven't searched for any documents).

The Debtors reserve all rights.

Regards,
Brady

**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Saturday, November 23, 2024 9:37 PM
**To:** Sullivan, Brady M. <BSullivan@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>; West, Colin <cwest@whitecase.com>
**Subject:** RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Hi Brady,

9

Thanks for your email. My responses are interspersed below in red. I am also attaching the Ad Hoc Group of Freedom Lenders' responses and objections to the Debtors' discovery requests. We are available to meet and confer tomorrow morning.

Sam,

What forensic searches have you employed to verify your representation that your clients' "deal teams did not have any communications with third parties regarding these topics"? Who are these "deal teams"? When were they formed? Why have you limited your inquiry to just them?

We limited our inquiry to the deal teams because those are the people who have actually worked on the deal. We would be happy to expand the scope of our inquiry if the Debtors will expand the scope of their inquiry beyond just three custodians.

Because our clients represented to us that they did not have communications with external parties regarding the DIP or critical vendors, we did not run forensic searches. We have no reason to doubt our clients' answer, given that the events in question transpired within the last few months and multiple people have affirmed it.

Rule 26 requires that discovery be "relevant to any party's claim or defense and proportional to the needs of the case." Consistent with this rule, we have asked the Debtors repeatedly to explain how communications by our clients—an ad hoc group of noteholders—could possibly be relevant to the Debtors' ability to meet their burden on the second day motions. To date, we have not received an answer, because they plainly are not.

Given the Debtors' apparent interest in the documents and communications in our noteholders' possession, have the Debtors sought discovery from any other noteholders?

Either way, surely your clients communicated with someone about the subjects of our documents requests. If it was not external, it must have been internal. Please propose parameters for a reasonable search that includes responsive communications—not limited to Request 8—between Ad Hoc Group members.

I realize you are new to this conversation, so perhaps you are unaware of the compromise we reached with the Debtors, which was that:

- The Ad Hoc Group produces responsive, non-privileged documents identified in a reasonable search of its and its members' <u>external</u> communications.

The whole point of this compromise was to avoid the disproportionate burden of making the Ad Hoc Group sift through internal communications, the vast majority of which will be privileged. Given that our review identified no responsive external communications, I do not see how an internal email review has become *less* disproportionate.

Given that this is the fourth time we have asked, we need an answer from you whether your clients are refusing to run forensically sound custodial searches and to share with us the parameters.

I am not sure what "fourth time" you are referring to. In any case, see above.

Your clients are objecting to a multi-billion dollar restructuring transaction.

The fact that we may object to the plan is not a valid basis for seeking discovery. Additionally, the Debtors have repeatedly told us that they are not mixing second day discovery with plan discovery. Is that no longer the case? If so, we should discuss the scope of the discovery the Debtors will produce to the Ad Hoc Group before the second day hearing.

Simply saying "we don't have anything" or "it's all privileged" is inconsistent with the Rules and your discovery obligations.  As before, we are prepared to work with you on parameters that exclude communications that are solely between client and counsel, but we cannot do that if you do not engage with us.

<span style="color:red">The rules require a reasonable search.  We spoke with our clients, and they affirmed that they have not had external communications regarding the DIP or critical vendors.  If you believe you are entitled to a more burdensome search beyond the one we have conducted, you need to explain the relevance and why it is not disproportionate.</span>

<span style="color:red">As to privilege, our assertion is entirely consistent with the Debtors' blanket assertion of privilege over their own internal analyses, such as drafts of the demonstrative relied on during the first day hearing.  *See, e.g.*, Debtors' Response to RFP No. 17 ("The HoldCo Debtors further object to Request No. 17 on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure. The HoldCo Debtors will not produce documents in response to this Request.").</span>

We reserve rights with respect to your claim of privilege concerning the DIP analyses.

<span style="color:red">We make the same reservation as to your claims of privilege.</span>

Your response also demonstrates that we will need 30(b)(6) testimony.  *See* Debtors' Notice of Deposition of Ad Hoc Group of Freedom Lenders Pursuant to Rule 30(b)(6), served on November 11, 2024.

<span style="color:red">How?  You want to ask about external communications that do not exist and internal analyses that are privileged?</span>

As noted below, we were amenable to holding off on deposition for the time being, but having received zero documents or even a search protocol from you less than twenty days before the Second Day Hearing, we will need additional means of discovery.  Let us know when your witness(es) can sit in advance of the Second Day Hearing.

<span style="color:red">As we have stated before, it is disappointing that the HoldCo Debtors would choose to fight with their sole creditors rather than work with them on a transparent and efficient discovery process.</span>

<span style="color:red">We reserve all rights.</span>

Regards,
Brady

**Samuel P. Hershey**  |  Partner
**T**  +1 (212) 819-2699   **M**  +1 (914) 582-1628   **E**  sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**WHITE & CASE**

**From:** Sullivan, Brady M. <BSullivan@willkie.com>
**Sent:** Friday, November 22, 2024 7:06 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

What forensic searches have you employed to verify your representation that your clients' "deal teams did not have any communications with third parties regarding these topics"? Who are these "deal teams"? When were they formed? Why have you limited your inquiry to just them?

Either way, surely your clients communicated with someone about the subjects of our documents requests. If it was not external, it must have been internal. Please propose parameters for a reasonable search that includes responsive communications—not limited to Request 8—between Ad Hoc Group members. Given that this is the fourth time we have asked, we need an answer from you whether your clients are refusing to run forensically sound custodial searches and to share with us the parameters. Your clients are objecting to a multi-billion dollar restructuring transaction. Simply saying "we don't have anything" or "it's all privileged" is inconsistent with the Rules and your discovery obligations. As before, we are prepared to work with you on parameters that exclude communications that are solely between client and counsel, but we cannot do that if you do not engage with us.

We reserve rights with respect to your claim of privilege concerning the DIP analyses.

Your response also demonstrates that we will need 30(b)(6) testimony. *See* Debtors' Notice of Deposition of Ad Hoc Group of Freedom Lenders Pursuant to Rule 30(b)(6), served on November 11, 2024. As noted below, we were amenable to holding off on deposition for the time being, but having received zero documents or even a search protocol from you less than twenty days before the Second Day Hearing, we will need additional means of discovery. Let us know when you witness(es) can sit in advance of the Second Day Hearing.

Regards,
Brady

**Brady M. Sullivan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8949 | Fax: +1 212 728 8111
bsullivan@willkie.com | vCard | www.willkie.com bio

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Thursday, November 21, 2024 11:49 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Sullivan, Brady M. <BSullivan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** RE: RE: FRG - Discovery

<mark>*** EXTERNAL EMAIL ***</mark>

Hi Stu,

Thanks for following up. To be clear (and as your email notes), we responded to your proposal on the meet and confer. As discussed, we spoke to our clients and, per our agreement, asked them for (i) communications with external parties regarding the DIP and critical vendors and (ii) analyses regarding the DIP. Our clients informed us that their deal teams did not have any communications with third parties regarding these topics. With regard to analyses, we have discussed with our clients and they are privileged, as they were created either at the direction of or for the purposes of consulting with counsel in anticipation of or during this litigation. However, we are confirming this point and will revert in short order.

With regard to R&Os, we will endeavor to send them tomorrow or over the weekend.

Best,
Sam

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Thursday, November 21, 2024 6:02 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Sullivan, Brady M. <BSullivan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

Please respond to the proposal we made on Saturday regarding the discovery the Debtors served on the Ad Hoc Group in connection with the second day hearing. When we spoke on Tuesday, you said you were speaking with your clients that afternoon and would get back to us. Also please send us your proposed custodians and search terms, as we requested last Friday and again on Tuesday.

Finally, when will we receive your responses and objections?


Stuart R. Lombardi
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Saturday, November 16, 2024 2:24 PM
**To:** 'Hershey, Samuel' <sam.hershey@whitecase.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** RE: RE: FRG - Discovery

Sam,

The Debtors are entitled to test the grounds for the objections the Ad Hoc Group have raised, including using the Ad Hoc Group's own statements or admissions. That is what our discovery seeks to do. And your suggestion that the discovery we served is tit-for-tat is unfounded. The discovery we served is significantly narrower than the AD Hoc Group's (for example, 14 RFPs instead of 64) and limited to subjects that we understand the Ad Hoc Group intends to put at issue at the second day hearing.

That being said, as a compromise, the Debtors would agree to the following:
- The Ad Hoc Group produces responsive, non-privileged documents identified in a reasonable search of its and its members' underline external communications.
- The Ad Hoc Group produces non-privileged documents responsive to Request 8, to the extent they exist.

- The Debtors would reserve the right to come back for more documents, and to seek a deposition, after receiving your production.

This proposal is limited to second day hearing discovery.  We reserve the right to seek more in Plan discovery, which we maintain should occur after second day hearing discovery.


**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Friday, November 15, 2024 7:05 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** RE: RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Stu,

Thanks for following up.  You still have not explained how our clients' communications among themselves and with third parties could possibly be relevant to your ability to meet your burden at the second day hearing.  Perhaps if you could tell us what you are looking for and why it is relevant, that will help us understand what we need to get you.

From our perspective, what appears to be happening is that we served discovery on you and so you served discovery back on us.  You should really consider the wisdom of that strategy.  We are the only creditors at HoldCo.  We have concerns about whether the DIP is in the best interest of HoldCo.  We've asked some questions to gain clarity on that issue.  Is serving retaliatory discovery consistent with how you view your role as our fiduciary?  Please reconsider.

Best,
Sam

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Friday, November 15, 2024 5:45 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Stancil, Mark <MStancil@willkie.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

Thank you—please let us know after you've spoken with your clients.  To preview, we disagree that all responsive communications within or among Ad Hoc Group members, without counsel, are likely work product or privileged.  Those communications are relevant, likely non-privileged, and should be reviewed.  And as we mentioned yesterday, it should be easy to eliminate communications that include only clients and counsel, which addresses the concern you raised about needing to review a large number of likely privileged communications with counsel.  Please send us proposed custodians and search terms, and we'll be happy to work with you on a reasonable search.

**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Thursday, November 14, 2024 9:58 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** RE: RE: FRG - Discovery

<div style="background-color: yellow">**\*\*\* EXTERNAL EMAIL \*\*\***</div>

Thanks, Stu.

If we determine to call an expert witness we will let you know promptly.

Since we agree that the prior interim DIP proposals are not relevant to the second day relief, I think request 8 becomes relevant only if we make a further DIP proposal to you.  If we make such a proposal, we will promptly produce the underlying buildup (if any).

I will speak with my clients about what non-privileged communications may exist regarding the DIP and critical vendors.  The issue is that, since this is all taking place in the context of a bankruptcy case, even internal communications likely reflect attorney work product or legal advice.  It is therefore third party communications (if any) that would be responsive and non-privileged.  Putting aside that I continue to be puzzled by what possible relevance those communications could have to your ability to meet your burden on your motions, I will drill down.

Let me know if you want to discuss further.  Thanks.

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
**WHITE & CASE**

---

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Thursday, November 14, 2024 7:12 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>; Dugan, James <jdugan@willkie.com>; Grinnell, Kaydene <KGrinnell@willkie.com>
**Subject:** [EXT] RE: RE: FRG - Discovery

Sam,

Confirmed that the November 18 deadline does not control and we will work in good faith to identify a due date.

As for scope, we don't know what we don't know, and will need your help identifying in good faith what responsive, non-privileged documents your clients have.  But as we mentioned, we expect that would include, for example, any responsive communications with third parties.  It would also include communication among members of the Ad Hoc Group without counsel.  We'd also expect that the documents responsive to Request 8, to the extent they exist, could be produced quickly.  And with respect to Request 11, please let us know promptly if the Ad Hoc Group intends to offer any expert testimony.

Regards,
Stuart


**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Thursday, November 14, 2024 6:46 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Smith, Erin <erin.smith@whitecase.com>
**Subject:** RE: RE: FRG - Discovery

<div style="background:yellow">**\*\*\* EXTERNAL EMAIL \*\*\***</div>

Stu, narrowing the group. Thanks for the call. As discussed, you will continue to consider what you need from us in discovery, with the understanding that you are leaning toward non-privileged communications with third parties regarding the DIP and critical vendors. For now we are agreed that the November 18 deadline in your discovery requests does not control and we will work in good faith to identify a due date. Please confirm this understanding when you have a minute. Thanks.

**Samuel P. Hershey**  |  Partner
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Date:** Tuesday, Nov 12, 2024 at 15:34
**To:** Hershey, Samuel <sam.hershey@whitecase.com>, Sinclair, Debra <DSinclair@willkie.com>, Kass-Gergi, Yara <YKass-Gergi@willkie.com>, Guzina, Bojan <bojan.guzina@whitecase.com>, Bennett, Rob <rbennett@whitecase.com>, W&C Project Buckeye <ProjectBuckeye@whitecase.com>, Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>, Yoo, Jade <jade.yoo@whitecase.com>, Edmonds, Chloe <chloe.edmonds@whitecase.com>, Levine, Esther <esther.levine@whitecase.com>, Feldman, Matthew <mfeldman@willkie.com>, Morton, Edmon (External) <EMorton@ycst.com>, Lunn, Matthew (External) <mlunn@ycst.com>, Mielke, Allison S. <AMielke@ycst.com>, FRGWillkie <FRGWillkie@willkie.com>, Shore, Christopher <cshore@whitecase.com>, Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** [EXT] RE: FRG - Discovery

Sam,

9 a.m. doesn't work for us.  What windows work for you later tomorrow or Thursday?

Please confirm deposition dates when you can, so we can lock in dates with our witnesses.

Thank you.


**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**

787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Tuesday, November 12, 2024 2:22 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>; Sinclair, Debra <DSinclair@willkie.com>; Kass-Gergi, Yara <YKass-Gergi@willkie.com>; Guzina, Bojan <bojan.guzina@whitecase.com>; Bennett, Rob <rbennett@whitecase.com>; W&C Project Buckeye <ProjectBuckeye@whitecase.com>; Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>; Edmonds, Chloe <chloe.edmonds@whitecase.com>; Levine, Esther <esther.levine@whitecase.com>; Feldman, Matthew <mfeldman@willkie.com>; Morton, Edmon (External) <EMorton@ycst.com>; Lunn, Matthew (External) <mlunn@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; FRGWillkie <FRGWillkie@willkie.com>; Shore, Christopher <cshore@whitecase.com>; Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Stu, our litigators are available to speak tomorrow at 9am ET if that works for you.

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Tuesday, November 12, 2024 12:57 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Sinclair, Debra <DSinclair@willkie.com>; Kass-Gergi, Yara <YKass-Gergi@willkie.com>; Guzina, Bojan <bojan.guzina@whitecase.com>; Bennett, Rob <rbennett@whitecase.com>; W&C Project Buckeye <ProjectBuckeye@whitecase.com>; Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>; Edmonds, Chloe <chloe.edmonds@whitecase.com>; Levine, Esther <esther.levine@whitecase.com>; Feldman, Matthew <mfeldman@willkie.com>; Morton, Edmon (External) <EMorton@ycst.com>; Lunn, Matthew (External) <mlunn@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; FRGWillkie <FRGWillkie@willkie.com>; Shore, Christopher <cshore@whitecase.com>; Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** [EXT] RE: FRG - Discovery

Sam,

The witnesses for the depositions you noticed will be David Orlofsky, Chris Grubb, and Andy Laurence.  We will allocate the 30(b)(6) topics among them.  Here is their availability to sit for a deposition:

- David Orlofsky – 12/3, 12/5, or 12/6
- Chris Grubb – 12/4
- Andy Laurence – 12/9

Let us know your availability for a call.

Thank you.

Regards,
Stuart

**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Lombardi, Stuart <slombardi@willkie.com>
**Sent:** Monday, November 11, 2024 3:21 PM
**To:** 'Hershey, Samuel' <sam.hershey@whitecase.com>; Sinclair, Debra <DSinclair@willkie.com>; Kass-Gergi, Yara <YKass-Gergi@willkie.com>; Guzina, Bojan <bojan.guzina@whitecase.com>; Bennett, Rob <rbennett@whitecase.com>; W&C Project Buckeye <ProjectBuckeye@whitecase.com>; Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>; Edmonds, Chloe <chloe.edmonds@whitecase.com>; Levine, Esther <esther.levine@whitecase.com>; Feldman, Matthew <mfeldman@willkie.com>; Morton, Edmon (External) <EMorton@ycst.com>; Lunn, Matthew (External) <mlunn@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; FRGWillkie <FRGWillkie@willkie.com>; Shore, Christopher <cshore@whitecase.com>; Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** RE: FRG - Discovery

Sam,

We're getting available dates from our witnesses, both the individuals and the 30(b)(6) deponents.  We will provide those dates as soon as possible.  We're also working on responses (and, where appropriate, objections) to the RFPs and Interrogatories.  We're happy to discuss further, but expect that discussion will be most productive when we've gotten you some of the foregoing.

Regards,
Stuart

---

**Stuart R. Lombardi**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8882 | Fax: +1 212 728 8111
slombardi@willkie.com | vCard | www.willkie.com bio

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Monday, November 11, 2024 2:21 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>; Sinclair, Debra <DSinclair@willkie.com>; Kass-Gergi, Yara <YKass-Gergi@willkie.com>; Guzina, Bojan <bojan.guzina@whitecase.com>; Bennett, Rob <rbennett@whitecase.com>; W&C Project Buckeye <ProjectBuckeye@whitecase.com>; Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>; Edmonds, Chloe <chloe.edmonds@whitecase.com>; Levine, Esther <esther.levine@whitecase.com>; Feldman, Matthew <mfeldman@willkie.com>; Morton, Edmon (External) <EMorton@ycst.com>; Lunn, Matthew (External) <mlunn@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; FRGWillkie <FRGWillkie@willkie.com>; Shore, Christopher <cshore@whitecase.com>; Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** RE: FRG - Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Hi Willkie team,

Sorry to chase as I know it has been only 72 hours since we served the requests, but given the Debtors' proposed schedule we would really like to understand your plan for discovery.  In particular, since we are the sole creditors of

Holdco, we are hopeful that the fiduciaries for Holdco will be eager to engage with us.  Please let us know if it would be helpful to have a conversation.  We will make ourselves available.

Best,
Sam

**Samuel P. Hershey**  | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP  | 1221 Avenue of the Americas  | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Hershey, Samuel
**Sent:** Friday, November 8, 2024 3:39 PM
**To:** Lombardi, Stuart <slombardi@willkie.com>; Sinclair, Debra <DSinclair@willkie.com>; Kass-Gergi, Yara <YKass-Gergi@willkie.com>; Guzina, Bojan <bojan.guzina@whitecase.com>; Bennett, Rob <rbennett@whitecase.com>; W&C Project Buckeye <ProjectBuckeye@whitecase.com>; Lauria, Thomas E <tlauria@whitecase.com>
**Cc:** Smith, Erin <erin.smith@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>; Edmonds, Chloe <chloe.edmonds@whitecase.com>; Levine, Esther <esther.levine@whitecase.com>; Feldman, Matthew <mfeldman@willkie.com>; Morton, Edmon (External) <EMorton@ycst.com>; Lunn, Matthew (External) <mlunn@ycst.com>; Mielke, Allison S. <AMielke@ycst.com>; FRGWillkie <FRGWillkie@willkie.com>; Shore, Christopher <cshore@whitecase.com>; Borovinskaya, Shella <SBorovinskaya@ycst.com>
**Subject:** FRG - Discovery
**Importance:** High

Willkie Team:

Please see the attached discovery requests from the Ad Hoc Group of Freedom Lenders in connection with the Debtors' second-day motions.  In light of the December 10th hearing date set by the Debtors, we have requested that interrogatory responses and documents be produced by 10 days from now.  Please let us know quickly if, as with the deposition notices we previously served, the Debtors intend to stand on the rules and demand 30 days to respond to these discovery requests.  If so, we will need to seek relief from the Court.  However, we are hoping that that can be avoided, and that we can work with you to find a way to produce documents and information as efficiently as possible.  For example, we imagine that many of the requested documents, such as board materials and financial statements, can be produced with the push of a button.  Let us know if you would like to go through the requests and discuss a plan for production.

Additionally, I wanted to follow up on (and renew) the 30(b)(6) deposition notices served on November 4, 2024.  Please let us know when we can discuss dates for depositions.  Also, one point of clarification: while one of the 30(b)(6) notices was noticed to Freedom VCM, Inc. or "Holdco," we ask that you please consider it addressed to the "HoldCo Debtors," defined as both Freedom VCM, Inc. and Freedom VCM Interco. Holdings.  You will see that definition in the attached discovery.

Thank you and we remain available to meet and confer at your convenience.

Best,
Sam

**Samuel P. Hershey**  | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP  | 1221 Avenue of the Americas  | New York, NY 10020-1095

**WHITE & CASE**

========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=======================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

=======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=======================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

=======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=======================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

=======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it.

Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use

or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.