**EXHIBIT 7**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC.[1] | ) ) | Case No. 24-12480 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) |

## AD HOC GROUP OF FREEDOM LENDERS' FIRST SET OF INTERROGATORIES TO THE HOLDCO DEBTORS IN CONNECTION WITH THE <u>SECOND-DAY MOTIONS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, certain of the (i) Lenders, as defined in that certain *Credit Agreement*, dated as of August 21, 2023 among Freedom VCM Interco, Inc., Freedom VCM, Inc., and Alter Domus (US) LLC (as amended,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

restated, supplemented or otherwise modified from time to time) (the "**HoldCo Lenders**") and (ii) Second Lien Claimholders, as defined in that certain *Second Lien Credit Agreement*, dated as of March 10, 2021, among Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, Franchise Group NewCo Intermediate AF, LLC, and Alter Domus (US) LLC (as amended, restated, supplemented or otherwise modified from time to time) (the "**OpCo 2L Lenders**," together with the HoldCo Lenders, the "**Ad Hoc Group of Freedom Lenders**") serve their First Set of Interrogatories (the "**Interrogatories**" and each, an "**Interrogatory**") to Freedom VCM, Inc. and Freedom VCM Interco Holdings (together, the "**HoldCo Debtors**") relating to the Second-Day Motions.  Responses to these Interrogatories must be served on **Samuel P. Hershey, White & Case LLP, 1221 Avenue of the Americas, New York, New York, 10020**, counsel to the Ad Hoc Group of Freedom Lenders, **on or before November 18, 2024**.

## DEFINITIONS

For the purposes of these Interrogatories, the following Definitions shall apply:

1. "**Affiliate**" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

2. "**Bankruptcy Code**" means title 11 of the United States Code, as amended.

3. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

4. "**Board**" means any board of directors, managers, or comparable supervisory body, or any group or committee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors.

5. "**Chapter 11 Cases**" means the voluntary chapter 11 cases commenced on the Petition Date by the Debtors in the Bankruptcy Court.

6. "**Concerning**," "**regarding**," "**in connection with**," "**relating to**," and/or "**referring to**" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

7. "**Debtors**" means the Franchise Group, Inc. and its affiliated debtors, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases, and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successors entities; and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

8. "**First-Day Declaration**" means the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 15].

9. "**HoldCo Debtors**" refers to Freedom VCM, Inc. and Freedom VCM Interco, Inc.

10. "**Including**" means "including, without limitation" or "including, but not limited to."

11. "**Petition Date**" means November 3, 2024.

12. "**Relate**" and its variants encompass the terms "refer," "reflect," "constitute," "evidence," "in connection with," and "concern" and shall be construed to bring within the scope of the Document Request, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate,

consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request, as applicable.

13. "**You**" and "**Your**" means the HoldCo Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Interrogatories, the following Instructions shall be followed:

14. As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

15. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Interrogatory.

16. In responding to each of the Interrogatories, You are to review and search all relevant files of appropriate entities and persons.

17. If any responsive information or documents is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a. A description of the information or documents, including the date, a summary of its contents and the identity of its author and the Person(s) to whom it was sent or shown:

      b.      The last known custodian;

      c.      Whether the information or document is missing or lost or was destroyed, discarded, or otherwise disposed;

      d.      The date of loss, destruction, discarding, or other disposition;

      e.      The reason(s) for destruction, discarding, or other disposition;

      f.      The Person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

      g.      The efforts made to locate lost or misplaced information or documents.

18.      If there is no information responsive to a specific request, so state in writing.

19.      If You know of any information responsive to a particular request but cannot produce them, so state, produce the information within Your possession, custody or control on the subject matter sought, and identify each Person whom You believe has information responsive to the Interrogatory.

20.      In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, You shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to information, documents or portions of documents for which a claim of privilege or other limitation of discovery is made, You are instructed to provide a numeral list of the information, document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected

information: (i) the type of information or document; (ii) the name and capacity of each author and recipient of the information or document; (iii) the general subject matter of the information or document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the information or document; (v) such other information as is sufficient to identify the information or document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested information or document that contains responsive, non-privileged or protected information should be disclosed or produced, but that portion of a document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

21. Each Definition, Instruction, and Interrogatory herein shall be construed independently and not with reference to any other Definition, Instruction, or Interrogatory, for the purposes of limitation.

22. If any meaning of any term in any Interrogatory herein is unclear to You, without waiver of the right to seek a full and complete response to the Interrogatory, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

23. In accordance with Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections

to any part of these Interrogatories shall be stated in full and with specificity. In the event You interpose an objection to an Interrogatory, You must respond to each part of the Interrogatory which objection is not made or provide testimony or information not objected to, as the case may be.

24. If You cannot respond to any part of the Interrogatories in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

25. The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Interrogatories based on the knowledge or information that You possess at the time You respond to these Interrogatories. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Interrogatory, so state in your response to that Interrogatory.

26. Each Interrogatory shall be deemed continuing so as to require You to promptly supplement Your response if You obtain, generate, or discover additional documents or information, as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

27. "Including" shall not be construed to limit the scope of any Interrogatory.

28. Whenever necessary to bring within the scope of an Interrogatory information that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

  b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

  c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

  d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

29. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

30. Unless another time period is specified, the relevant time period for these Interrogatories is the time period from November 3, 2019 to the date that you respond to these Interrogatories.

## INTERROGATORIES

1. Identify the names and positions of each Board Member of each of the HoldCo Debtors.

2. For each HoldCo Debtor, identify the most recent prepetition:

  a. Unconsolidated balance sheet;

  b. Income statement;

  c. Trial balance;

  d. Accounts payable ledger;

  e. Intercompany receivables and payables;

  f. Schedules or projections of any known tangible and/or intangible assets; and

  g. Schedules or projections of any known tangible and/or intangible liabilities.

8

3. Identify any projected or anticipated professional fees allocable to the HoldCo Debtors during the pendency of the Chapter 11 Cases.

4. Identify any projected or anticipated expenses allocable to the HoldCo Debtors during the pendency of the Chapter 11 Cases, excluding projected professional fees.

5. Identify any projected or anticipated administrative expenses allocable to the HoldCo Debtors during the pendency of the Chapter 11 Cases.

6. Identify all liabilities allocable to the HoldCo Debtors.

7. State whether any liabilities of the HoldCo Debtors, whether incurred prior to the Petition Date or expected to incur during the pendency of the Chapter 11 Cases, were incurred directly by the HoldCo Debtors or allocated to the HoldCo Debtors by their Debtor Affiliates.

8. Identify any contracts, leases, engagement letters, or agreements to which any of the HoldCo Debtors are a party.

9. Identify any contracts, leases, engagement letters, or agreements to which any of the Holdco Entities are a third-party beneficiary.

10. Identify all individuals that are employed at any of the HoldCo Debtors.

11. Identify all independent contractors that have agreements with any of the HoldCo Debtors.

12. Identify and describe all potential claims and causes of action belonging to any of the HoldCo Debtors, including any potential claims and causes of action against any of the other Debtors.

Dated:     November 8, 2024
           New York, New York

                                                     */s/ Samuel P. Hershey*

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew T. Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
azatz@whitecase.com
sam.hershey@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom Lenders*