# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 51, 134, 154, 335-1, 336-1** |

## STATEMENT OF THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS IN SUPPORT OF THE
## DEBTORS' (I) DIP MOTION AND (II) BIDDING PROCEDURES MOTION

The Official Committee of Unsecured Creditors (the "**Committee**") of Franchise Group, Inc. and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through its undersigned proposed counsel, hereby submits this statement (this "**Statement**") in support of the Debtors' (i) DIP Motion,[2] amended as reflected in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Super*

the proposed revised *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [D.I. 336-1] (the "**Revised Final DIP Order**"),[3] annexed as Exhibit A to that certain *Notice of Filing*, etc. [D.I. 336], and (ii) Bidding Procedures Motion,[4] amended as reflected in the proposed revised *Bidding Procedures* [D.I. 335-1] (the "**Revised Bidding Procedures**"),[5] annexed as Exhibit A to that certain *Notice of Filing*, etc. [D.I. 335]. In support of this Statement, the Committee respectfully states as follows:

## STATEMENT

1. The Committee was appointed less than three weeks ago on November 19, 2024. Wide-ranging disputes predating the Committee's involvement have consumed and continue to consume these complex and contentious Chapter 11 Cases and are the subject of extensive litigation.

2. Recognizing the need for material changes to the status quo and the proposed path forward, the Committee—an independent fiduciary—promptly engaged in hard-fought, arm's-length negotiations with the Debtors, an ad hoc group of first lien lenders (the "**First Lien**

---

*Priority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [D.I. 51] (the "**DIP Motion**").

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to search terms in the DIP Motion or Amended Final DIP Order, as applicable.

[4] *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets*

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to search terms in the DIP Motion, Revised Final DIP Order, the Bidding Procedures Motion, or the Revised Bidding Procedures, as applicable.

**Lender Group**"), and other key stakeholders to address critical issues in connection with, among others, the relief originally requested in the DIP Motion and the Bidding Procedures Motion. The Committee is pleased to report that the parties' efforts were fruitful. After substantial improvements to the relief sought in the DIP Motion and the Bidding Procedures Motion, the Committee now supports the relief requested in those motions, as modified.

3. Specifically, the Committee succeeded in obtaining significant concessions from the Debtors and the First Lien Lender Group that have been incorporated into the proposed Revised Final DIP Order and Revised Bidding Procedures presently before this Court. Summaries of certain of those modifications are set forth below:[6]

### A. Revised Final DIP Order

| Term | Modification(s) |
|---|---|
| *Avoidance Actions and Commercial Tort Claims* | • Avoidance Actions, Avoidance Action Proceeds, commercial tort claims and the proceeds thereof have been removed from the Prepetition First Lien Secured Parties' collateral package for the Roll Up DIP Loans except to the extent that the Prepetition First Lien Secured Parties had valid, perfected, and unavoidable Prepetition First Lien Liens on commercial tort claims as of the Petition Date (subject to Challenge rights). |
| *Marshaling* | • Adequate Protection liens and claims are subject to marshaling away from Avoidance Actions, Avoidance Action Proceeds, and commercial tort claims. |
| *Milestones* | • Extensions of Milestones for, among other things, the (i) Bid Deadline, (ii) approval of Disclosure Statement, (iii) holding of the Auction (if any), and (iv) outside date for the Effective Date of the Plan. |
| *DIP Budget* | • Includes payment of § 503(b)(9) claims, stub rent, and postpetition rent, and UCC professionals are treated the same as the Debtors' professionals for purposes of the Carve-Out. |
| *Challenge* | • Roll Up DIP Loans subject to the Committee's Challenge rights.<br>• Credit bidding by the Prepetition First Lien Secured Parties subject to the Committee's Challenge rights. |

---

[6] The information set forth in Parts A and B is for summary purposes only.

| Term | Modification(s) |
|---|---|
|  | • Committee's Challenge Deadline extended to January 28, 2025, subject to further extension.<br>• Waiver of arguments to contest Committee's standing on basis of limited liability company status.<br>• Investigation budget increased to $250,000. |
| *Freedom HoldCo Debtors* | • All rights of the Freedom HoldCo Debtors are preserved to argue that the proceeds of the DIP Facility transferred to, or otherwise used to make payments on behalf of, the Freedom HoldCo Debtors did not benefit the Freedom HoldCo Debtors or otherwise should not form the basis of an allowed claim against them. |

B.  **Revised Bidding Procedures**

| Term | Modification(s) |
|---|---|
| *Extended Timeline* | • Sale process timeline extended by approximately 1.5 weeks to provide Potential Bidders with additional time to submit Bids. |
| *Piecemeal Bidding and No Sale of Commercial Torts and Certain Avoidance Actions* | • Clarification that Potential Bidders may submit Bids for the Debtors' Assets on disaggregate basis and exclusion of commercial torts and certain avoidance actions. |
| *Consultation Rights* | • Professional advisors to Committee have robust consultation rights, which cannot be modified, to ensure that Committee is able to actively participate in sale process. |
| *Adequate Assurance* | • Information regarding adequate assurance of future performance required to be timely sent to requesting contract counterparties. |
| *Carve-Out* | • Certain assets carved out of Assets subject to sale to ensure that the estates maintain value for all stakeholders. |

4. These modifications to the terms of the proposed Revised Final DIP Order and the Revised Bidding Procedures were designed to, among other things, (i) protect unencumbered assets, (ii) preserve distributable value for general unsecured creditors for each of the Debtors' entities wherever located in the corporate structure, (iii) ensure that the Committee has the resources necessary to conduct a comprehensive investigation in connection with its Challenge

rights, and (iv) improve and clarify the Debtors' sale process and solidify the Committee's active participation therein.  Further, such modifications adequately address the Committee's primary concerns with respect to the DIP Motion and the Bidding Procedures Motion, as originally proposed.

5. The Committee is new to these Chapter 11 Cases and has serious concerns regarding, among other things, the Debtors' proposed chapter 11 plan (the "**Plan**") and related disclosure statement, and substantial work remains if the Debtors are to achieve their stated goal of efficiently maximizing value for the benefit of all stakeholders.  However, in light of the material changes incorporated into the proposed Revised Final DIP Order and Revised Bidding Procedures, the Committee supports the modified relief requested in the DIP Motion and the Bidding Procedures Motion.  The Committee intends to continue to work collaboratively with the Debtors, the First Lien Lender Group, and other key stakeholders to resolve its concerns regarding the Plan and other open issues as these Chapter 11 Cases progress.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 9, 2024

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
        crobinson@pszjlaw.com

-and-

Robert J. Feinstein, Esq.   (admitted *pro hac vice*)
Alan J. Kornfeld, Esq.      (admitted *pro hac vice*)
Theodore S. Heckel, Esq.    (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        akornfeld@pszjlaw.com
        theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*