**EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ——7 & 128 |

**FINAL ORDER (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL
ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

interim and final orders, pursuant to sections 366 and 105(a) of the Bankruptcy Code: (i) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of the commencement of these Chapter 11 Cases and/or any outstanding prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; and (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

3. Any security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Companies holding the same, except upon either (i) written agreement(s) between the Debtors and a Utility Company without further order of this Court or (ii) further order(s) of this Court.

4. The Proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by having deposited cash in an amount equal to $1.26 million, which represents the sum of approximately 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within twenty (20) days of the Petition Date; provided, however, that, the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account; provided, further, that the Debtors either (i) obtain the affected Utility Company's consent to reduce the Utility Deposit; or (ii) file a notice with this Court and serve upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall attempt to resolve the objection with the Utility Company. If the objection is not resolved by the parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company

---

[3] In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

3

may agree. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors upon the earlier of: (i) reconciliation and payment by the Debtors of the relevant Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of the Utility Services from such Utility Company, (ii) the closing of the sale of substantially all of the Debtors' assets, (iii) the effective date of a chapter 11 plan for the Debtors, or (iv) such other time as these Chapter 11 Cases may be closed.

5. Absent further order of this Court, all Utility Companies are prohibited from (i) discontinuing, altering, or refusing service to the Debtors on account of any prepetition amounts outstanding, (ii) discriminating against the Debtors, or (iii) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion and this Final Order.

6. The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved on a final basis as follows:

    a. The Debtors will serve copies of this Final Order as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on the Utility Service List. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion and this Final Order on such Utility Company upon learning of such omission.

    b. Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel for the Debtors, (x) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Betsy L. Feldman, Esq. (bfeldman@willkie.com) and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (y) Young Conaway Stargatt & Taylor, LLP,

Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Allison S. Mielke, Esq. (amielke@ycst.com) and Kristin L. McElroy, Esq. (kmcelroy@ycst.com); and (ii) ~~counsel to any official committee appointed in these Chapter 11 Cases.~~ proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com).

c.  Any Adequate Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) set forth the numerical amount that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (iv) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (x) why such proposal is reasonable and (y) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

d.  Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Adequate Assurance Request.

e.  The Debtors may, in their discretion, in consultation with the Committee, resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of this Court and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f.  If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "Determination Hearing") for the next omnibus hearing date, unless this Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g.  Any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under Bankruptcy Code section 366(c)(3), unless otherwise ordered by this Court.

h.  Pending resolution of an Adequate Assurance Request at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance.  Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be bound by any order entered by this Court granting the Motion.

7.  To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Companies, (ii) serve copies of the Motion and this Final Order on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company subsequent to the Petition Date.  The newly added Utility Companies shall be subject to the terms of this Final Order as of the date of receipt of the notice of addition of such newly added Utility Company to the Utility Service List.  The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company.  A Utility Company added to the Utility

6

Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

8. The Debtors are authorized, but not directed, to satisfy any prepetition obligations owed to the Administrators in an amount not to exceed $40,000.00, and to honor their obligations to the Administrators postpetition in the ordinary course of business.

9. Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates (or the Committee) with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

10. If the Debtors no longer require post-petition utility services on one or more accounts serviced by Waste Management and various affiliates and/or subsidiaries (collectively, "WM"), prior to terminating or assigning any WM services being provided to the Debtors, the Debtors shall provide notice of such termination or assignment in writing, including by email to counsel for WM, Clark Hill PLC, 901 Main Street, Suite 6000, Dallas, Texas 75202, Attn: Andrew G. Edson (aedson@clarkhill.com) and to WM, 800 Capitol, Suite 300, Houston, Texas 77002, Attn: Jacquolyn E. Hatfield-Mills (jmills@wm.com). The notice of termination or assignment shall include: (1) the date of termination or assignment, and (2) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors. If the Debtors fail to provide notice as provided for herein, the Debtors shall remain obligated for the costs and expenses of services provided by WM to such location until the date WM receives notice that WM's services at a particular location are terminated or

7

assigned. WM reserves all rights to seek entitlement for any unpaid postpetition costs and expenses of services provided by WM to the Debtor as an administrative expense claim under section 503 of the Bankruptcy Code.

11. ~~10.~~ Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List. The Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

12. Nothing in this Final Order shall create any obligation by Freedom VCM, Inc. or Freedom VCM Interco, Inc. (together, the "HoldCo Debtors") to pay any amounts in connection with this Final Order, and none of the HoldCo Debtors' assets will be used to satisfy any other Debtors' obligations in connection with this Final Order; provided, that the Debtors reserve the right to request that the Court later determine whether the HoldCo Debtors should satisfy such obligations.

13. ~~11.~~ The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14. ~~12.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

15. ~~13.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. ~~14.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.