**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Rel. Dkt. No. 10, 277** |

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS, FOREIGN VENDORS, SHIPPERS & LOGISTICS PROVIDERS, AND 503(b)(9) CLAIMANTS; AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") of Franchise Group, Inc. and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby files this Reply (this "**Reply**") in support of the *Debtors' Motion to Pay Critical Trade Vendor Claims Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief Filed By Franchise Group, Inc.* [Docket No. 10] (the "**Motion**").

**REPLY**

1. The Committee aims to maximize value for unsecured creditors by ensuring stable business operations during a going concern sale. The critical vendor program ensures shelves are stocked and products are available, maximizing revenue and increasing the likelihood of a successful sale, which benefits all creditors. The Objection filed by the Freedom Lender Group [Docket No. 278] (the "**Objection**") contradicts the Committee's goals as it is value-destructive.

2. The Critical Vendor Order Cap is designed to pay critical vendors and/or those who could otherwise disrupt business operations. Specifically, about 58% of the Critical Vendor Order Cap is for holders of section 503(b)(9) administrative claims entitled to full payment under the Bankruptcy Code. The remaining 42% is comprised of three categories of vendors: (i) shippers and logistics providers, (ii) foreign vendors, and (iii) critical vendors.

3. The Freedom Lender Group argues that 503(b)(9) claims (i) have not been properly vetted and (ii) they should not be paid until the end of cases, if sufficient funding is available. The first argument assumes that the Debtors, with the support of their capable financial advisors, AlixPartners, are incapable of reviewing their own books and records to determine which claims are entitled to administrative status and should be dismissed out of hand.

4. The second argument requires administrative vendors, who are supporting the business operations, to bear the full risk of administrative insolvency while extending trade credit during the Chapter 11 Cases. Courts in this District (as opposed to the 7th Circuit) hold the opposite and have long recognized the necessity of currently authorizing funding for section 503(b)(9) priority claims (the "Priority Claims"). *See In re NEC Holdings Corp.*, No. 10-11890 (Bankr. D.

Del. July, 13, 2010), ECF No. 233, and Hearing Tr. at 108:1-5, ECF No. 224 ("I need some evidence that there's a probability that admin claims are going to be paid in full, including 503(b)(9) claims or I won't approve the financing."); *In re Townsends, Inc.*, Case No. 10-14092 (CSS) (Bankr. D. Del. Jan. 21, 2011) (ECF No. 338; Hearing Tr. at 23:14 – 24:9 (according to debtors, it was "practically, impossible" that section 503(b)(9) claims would be paid in full under any scenario, while other administrative claims were anticipated to be paid in full; Court: "Well, we've got a problem.  Not going to run an administratively insolvent estate.  There are benefits to the current administrative claims that are accruing.  There are benefits to the unsecured creditors.  But it can't be done on the back of the 503(b)(9) admin claims, which are admin claims.  Congress has made that determination.  So certainly I would have a problem running any case that was administratively insolvent.  But one that is both administratively insolvent and prefers one set of administrative creditors over another is doubly troubling.  So that's -- well, I'm not going to do it.").[2]

5. As to the shippers and logistics providers, foreign vendors, and the critical vendors, the Debtors have determined, in their business judgment, that failure to pay such creditors could materially disrupt operations.  The Freedom Lender Group wants to substitute its own judgment and unhelpfully proposes that the Debtors sue each shipper/logistics provider for violating the stay.  But, these vendors hold possessory liens and would need to be paid in full under any chapter 11 plan in any event.  Furthermore, suing each shipper/logistics provider would be reckless, time-consuming, costly, and delay goods in stores, causing Debtors to miss critical holiday shopping windows.

---

[2] In *Townsends*, the debtors, secured lenders and creditors' committee subsequently reached a settlement facilitating the payment of section 503(b)(9) claims.  *In re Townsends, Inc.*, Case No. 10-14092 (CSS) (Bankr. D. Del. Jan. 28, 2011) (ECF 226, Certification of Counsel regarding final DIP financing order).

6.      With respect to the Critical Vendors, the Freedom Lenders Group opines that sole-source inventory goods suppliers are not critical (see Obj. at ¶ 4), but in fact, that is the quintessential definition of a critical vendor. *See, e.g., In re Coserv, L.L.C.,* 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002) ("To meet this requirement [to satisfy the 'doctrine of necessity' for a critical vendor] debtor must show that, for one reason or another, dealing with the claimant is virtually indispensable to profitable operations or preservation of the estate. The debtor's customers, *sole suppliers* of a given product and creditors having control over valuable property of the estate would satisfy this element of the Court's standard. A failure to deal with the claimant risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim." (emphasis added)); *GLM DFW, Inc. v. Windstream Holdings Inc. (In re Windstream Holdings Inc.)*, 614 B.R. 441, 459 (S.D.N.Y. 2020) (while "sole-source" suppliers are typically considered critical vendors, "limited source" or "high-volume suppliers" to the debtors could also qualify as critical vendors depending on the circumstances; "The Court can think of many scenarios in which limited-source and high-volume suppliers could also be critical, especially where alternative vendors are not available, which was another question Debtors answered in creating their list of critical vendors.... Accordingly, the procedures in place ensured that Debtors were not merely paying out prepetition debts to their preferred creditors.").

7.      The Freedom Lender Group's argument that it "does not wish to impair the Debtors' business operations or diminish their prospects for reorganization" rings hollow. Obj. at ¶ 4. What is at stake here are thousands of jobs, potential going concern sale(s), and the recovery for thousands of unsecured creditors.  This Court should reject the Freedom Lender Group's value-destructive Objection.

**Conclusion**

WHEREFORE, the Committee respectfully requests that the Court (i) approve the Motion, (ii) overrule the Objection, and (iii) grant such other and further relief as the Court deems just and proper.

Dated:   December 9, 2024          Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:          bsandler@pszjlaw.com
                    crobinson@pszjlaw.com

-and-

Robert J. Feinstein, Esq.    (admitted *pro hac vice*)
Alan J. Kornfeld, Esq.        (admitted *pro hac vice*)
Theodore S. Heckel, Esq.   (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email:          rfeinstein@pszjlaw.com
                    akornfeld@pszjlaw.com
                    theckel@pszjlaw.com

*Proposed Counsel to the Official Committee
of Unsecured Creditors*