IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>December 10, 2024 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>At the Hearing |

## DEBTORS' MOTION TO SEAL CERTAIN EXHIBITS IN CONNECTION WITH THE SECOND DAY HEARING

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (this "Seal Motion"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

(the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to redact certain confidential sensitive information contained in Exhibits 35-39 and 41-43 (i.e., documents marked FRG00001958; FRG00001960; FRG00001961; FRG00001962; FRG00001963; FRG00001964; FRG00001967; FRG00001970; and FRG00046028 and, collectively, the "Sealed Exhibits") on the *Debtors' Amended Exhibit List for Second Day Hearing Set for December 10, 2024* [Docket No. 386] (the "Exhibit List"). In support of this Seal Motion, the Debtors respectfully state as follows:

## BACKGROUND

I.     **General Background**

1.     On November 3, 2024, each of the Debtors filed voluntary petitions (collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

3.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of*

2

*David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

**II.     The Sealed Exhibits**

4.     A hearing is scheduled on December 10, 2024 at 10:00 a.m. (ET) (the "Second Day Hearing") to consider final approval of certain of the Debtors' "first day" motions (the "Final First Day Orders") and "second day" motions and applications (collectively, with the Final First Day Orders, the "Second Day Relief").

5.     On December 2, 2024, in connection with the Ad Hoc Group of Freedom Lenders'[3] (the "Freedom Lender Group") various objections to certain of the Second Day Relief, the Debtors, the Committee, the Freedom Lender Group, and the Ad Hoc Group of First Lien Lenders, filed a *Confidentiality Stipulation and Proposed Protective Order* [Docket No. 286] with agreed terms and conditions for disclosure of confidential information in these Chapter 11 Cases (the "Stipulation").

6.     On December 4, 2024, the Court entered that certain *Order Approving Stipulation for Protective Order* [Docket No. 306], thereby approving the Stipulation.

7.     On December 8, 2024, the Debtors filed the *Debtors' Exhibit List for Second Day Hearing Set for December 10, 2024* [Docket No. 371], which was later supplemented with the Exhibit List containing the Sealed Exhibits.

8.     The Sealed Exhibits are discovery material produced to the Freedom Lender Group and designated as confidential in accordance with the Stipulation. Specifically, the Sealed

---

[2] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the First Day Declaration.

[3] As such term is defined in the *Notice of Appearance and Request for Service of Papers* [Docket No. 60].

Exhibits, if disclosed, would reveal nonpublic commercial, information—specifically—the names of certain of the Debtors' critical vendors, that would cause commercial injury to the Debtors if such knowledge were known to the Debtors' competitors and other vendor constituencies. Accordingly, the Debtors seek to redact the names of the vendors whose names appear on the Sealed Exhibits and to admit the Sealed Exhibits into evidence at the Second Day Hearing with proposed redactions, in accordance with the relief sought herein.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Seal Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1048 and 1409.

11. The statutory bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

**RELIEF REQUESTED**

12. By this Seal Motion, the Debtors seek entry of the Proposed Order, authorizing the Debtors to introduce the Sealed Exhibits into evidence at the Second Day Hearing with proposed redactions.

**BASIS FOR RELIEF REQUESTED**

13. Given the sensitive nature of disclosing the names of certain of the Debtors' critical vendors set forth in the Sealed Exhibits, the Debtors seek to introduce the Sealed Exhibits into evidence at the Second Day Hearing under seal, with proposed redactions. Although the public has a common-law "right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d at 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

14. Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Section 107(b) constitutes an exception to the general rule that documents filed in chapter 11 cases are public records open to examination and protects entities from any potential harm that may be caused by the disclosure of certain confidential or commercial information.

15. Bankruptcy Rule 9018 establishes the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code to file a document under seal. Specifically, Bankruptcy Rule 9018 states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

16. Courts in this district have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting In re Orion Pictures Corp., 21 F.3d 24, 27–28 (2d. Cir. 1994)); In re Muma Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information need not rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., Orion Pictures, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

17. Once a court determines that an interested party is requesting to seal or redact information covered by section 107(b) of the Bankruptcy Code, "the court is *required* to protect a

requesting party and has no discretion to deny the application." Id. at 27 (emphasis in original). The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

18. Sufficient grounds exist for the Court to grant the relief requested herein. The Debtors submit that the Sealed Exhibits should be kept confidential because such information constitutes "commercial information" within the meaning of 107(b) of the Bankruptcy Code. The Sealed Exhibits contain non-public information that identifies specific critical vendors with whom the Debtor contract with to provide certain goods and to conduct their business. Given the highly competitive nature of the Debtors' industry, disclosure of the critical vendors' names at the Second Day Hearing would place the Debtors at a disadvantage by revealing their vendors to competitors and other vendors, as well as certain of the terms, conditions, and circumstances surrounding the Debtors' engagement of those vendors, which could disadvantage the Debtors in negotiations with other creditors regarding similar trade terms. In addition, many of these vendors provide particular, proprietary goods to the Debtors, the disclosure of which could cause commercial injury to the Debtors.

19. Recognizing both transparency and public scrutiny are key elements of the bankruptcy process, the Debtors analyzed the Sealed Exhibits to narrowly tailor the proposed redactions to cover only such information they believe is necessary to protect the Debtors from harm or disadvantage in their ongoing and future vendor relationships. The Debtors have provided an unredacted version of the Sealed Exhibits to the Court, the U.S. Trustee, counsel to the Freedom

Lender Group, proposed counsel to the Committee, and counsel to the Ad Hoc Group of First Lien Lenders, on a confidential basis and in accordance with the Stipulation, as applicable.

20. For the above reasons, the Debtors believe that it is important that the Sealed Exhibits remain confidential. The Debtors respectfully request that the Court permit the Debtors to introduce the Sealed Exhibits into evidence at the Second Day Hearing under seal with proposed redactions, thereby protecting the Debtors from potential harm that could arise from disclosing the critical vendors' names.

21. The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(iv), that it would be futile for the Debtors to confer with the parties whose information is sought to be redacted because such information is so inherently sensitive, and the proposed redactions are sufficiently narrow as to obviate the need to confer with the applicable parties about the scope and need for redaction.

## **NOTICE**

22. The Debtors will provide notice of this Seal Motion to: (i) the U.S. Trustee; (ii) proposed counsel for the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Freedom Lender Group; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

Dated: December 10, 2024
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
James C. Dugan (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice)*
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jdugan@willkie.com
slombardi@willkie.com
bsullivan@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*