# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 10, 129, & 217** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS, FOREIGN VENDORS, SHIPPERS & LOGISTICS PROVIDERS, AND 503(b)(9) CLAIMANTS; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders, (i) authorizing, but not directing, the Debtors to pay certain prepetition Shippers & Logistics

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration or Motion, as applicable.

Providers Claims, Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in an amount not to exceed the Interim Order Cap and, in the aggregate, inclusive of amounts paid pursuant to the Interim Order, an amount not to exceed the Final Order Cap and (ii) granting related relief; and this Court having entered the *Interim Order (I) Authorizing the Debtors To Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Related Relief* [Docket No. 129] (the "First Interim Order") on November 6, 2024; and this Court having entered the *Second Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Relief* [Docket. No. 217] (the "Second Interim Order") on November 21, 2024; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and this Court having heard the statements made at the hearings before this Court on November 6, 2024, November 21, 2024, and December 10, 2024; and upon the record in these Chapter 11 Cases and all of the proceedings had before this Court; and the Court having approved the Motion on an interim basis; and this Court having found and determined that the relief sought in the Motion is in the best interests of the

2

Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy prepetition Shippers & Logistics Providers Claims, Foreign Vendor Claims, Critical Vendor Claims, and 503(b)(9) Claims in the ordinary course of their business up to an aggregate amount of $99,700,000, inclusive of amounts paid pursuant to the Interim Order, on a final basis, subject to the terms and conditions set forth in this Final Order.

3. Nothing in this Final Order shall prejudice the Debtors' right to request authority to pay additional amounts on account of the Shippers & Logistics Providers Claims, Foreign Vendor Claims, Critical Vendor Claims, and 503(b)(9) Claims and the Debtors' right to seek such relief is expressly reserved.

4. The Debtors are authorized to undertake appropriate efforts to cause Critical Vendors and/or Foreign Vendors to enter into Trade Agreements with the Debtors substantially similar to that annexed hereto as <u>Exhibit A</u>, as a condition of payment of each such Critical Vendor's or Foreign Vendor's Trade Claim. The Debtors are authorized, in their discretion, to make payments on account of a Trade Claim, subject to the other limits set forth herein, even in the absence of a Trade Agreement, if the Debtors determine, in their business judgment, that failure to pay such Trade Claim is likely to harm the Debtors' business operations. For the avoidance of doubt, this Final Order does not approve the terms of the Trade Agreement.

5.      If a Critical Vendor or Foreign Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms (or such other terms as are agreed to by the parties) following receipt of payment on its Critical Vendor Claim or Foreign Vendor Claim, as applicable, (regardless of whether such Critical Vendor or Foreign Vendor has entered into a Trade Agreement), or fails to comply with any Trade Agreement entered into between such Critical Vendor or Foreign Vendor and the Debtors, then the Debtors may, in their discretion and without further order of the Court, but upon not less than ten (10) business days' notice to the applicable Critical Vendor or Foreign Vendor by email: (i) declare that any Trade Agreement between the Debtors and such Critical Vendor or Foreign Vendor, as applicable, is terminated; (ii) declare that payments made to such Critical Vendor or Foreign Vendor, as applicable, on account of its Trade Claims shall be deemed to have been in payment of then-outstanding or subsequently accruing postpetition claims of such Critical Vendor or Foreign Vendor; and (iii) take any and all appropriate steps to recover any payment made to such Critical Vendor or Foreign Vendor, as applicable, on account of its Trade Claim(s) to the extent that such payments exceeded the postpetition claims of such Critical Vendor or Foreign Vendor, as applicable, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or other defense; _provided_, _however_, that, if requested, such Critical Vendor or Foreign Vendor shall be entitled to notice and an opportunity to be heard as to any disputes with respect to the Debtors' exercise of the rights enumerated in this Paragraph 5.  Nothing herein shall constitute a waiver of the Debtors' rights to seek damages or other appropriate remedies against any breaching Critical Vendor or Foreign Vendor.

6.      Notwithstanding the foregoing, the Debtors may, in their discretion, reinstate a Trade Agreement if:

      a.    the underlying default under the Trade Agreement is fully cured by the Critical Vendor or Foreign Vendor not later than ten (10) business days following the Debtors' notification to the Critical Vendor or Foreign Vendor of such default; or

      b.    the Debtors, in their discretion, reach a favorable alternative agreement with the Critical Vendor or Foreign Vendor.

7. The authorization granted hereby to pay Trade Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys, or agents to pay the Trade Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay a Trade Claim and nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect the Trade Claims to the extent they are not paid.

8. The amount of any Trade Claim set forth in a Trade Agreement shall be used only for purposes of determining a Critical Vendor's or Foreign Vendor's claim under this Interim Order, shall not be deemed a claim allowed by the Court, and may be subject to further order of the Court. Notwithstanding payment of such Trade Claim in accordance with this Interim Order, the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court. Further, signing a Trade Agreement containing a claim amount for purposes of this Final Order shall not excuse such Critical Vendor or Foreign Vendor from filing a proof of claim in these cases on account of prepetition amounts that may remain unpaid.

9. A Critical Vendor or Foreign Vendor who receives payment on account of a Trade Claim (whether or not such Critical Vendor or Foreign Vendor signs a Trade Agreement) shall not (i) file or perfect a Lien on account of such Trade Claim, and any such Critical Vendor or Foreign Vendor shall take all necessary action to remove any existing Lien relating to such Trade Claim, even if the Lien is against property of a non-Debtor; or (ii) seek to reclaim goods previously shipped to the Debtors.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Notwithstanding anything to the contrary herein, in the First Interim Order, in the Second Interim Order, or any order approving postpetition financing for the Debtors, the rights of the Debtors, the Ad Hoc Group of Freedom Lenders and any other party-in-interest under the Bankruptcy Code or applicable non-bankruptcy law with respect to payments made under this Final Order, the First Interim Order, and/or the Second Interim Order, including with respect to compliance with the First Interim Order, the Second Interim Order, or this Final Order, are preserved to the fullest extent possible.

11. The execution of a Trade Agreement by the Debtors shall not be declared a waiver of any other cause of action, including avoidance actions, which may be held by the Debtors.

12. The Debtors shall maintain a schedule of amounts (the "Critical Vendor Matrix") paid under this Final Order, including the following information: (a) the name of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. On a weekly basis after entry of this Final Order (commencing on December 16, 2024), within three (3) days of the prior week's end, the Debtors shall deliver an updated copy of the Critical Vendor Matrix to (i) the United States Trustee and (ii) on a professional eyes only basis, advisors for (1) the DIP Lenders, (2) the Ad Hoc Group of First Lien Lenders, (3) the Second Lien Term Loan Lenders, (4) the HoldCo Lenders, (5) the ABL Lenders, and (6) the official committee of unsecured creditors.

13. The Debtors' banks and other financial institutions (collectively, the "Banks") are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks

or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

14. Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, or (iii) shall be construed as a promise to pay a claim.

15. Notwithstanding anything to the contrary in this Final Order, the Motion, or its attachments, the priority status of a creditor's claim, including that of claims arising under § 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor executes a Vendor Agreement or provides services or goods to the Debtors under Customary Trade Terms, or otherwise.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

17. Nothing in this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or

(b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

18. Nothing in this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Final Order.

19. Nothing in this Final Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

20. Notwithstanding anything to the contrary set forth herein, any payment made, or authorization contained, hereunder shall be subject in all respects to the Approved Budget (as such term is defined in the order approving the Debtors' postpetition financing agreements).

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: December 11th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**