# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 154** |

**ORDER (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") (I) (a) authorizing

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Bidding Procedures, the Restructuring Support Agreement, or the First Day Declaration, as applicable.

and approving the bidding procedures, as revised and attached hereto as <u>Exhibit 1</u> (the "<u>Bidding</u> <u>Procedures</u>") for the sale of all or substantially all of the Debtors' Assets, (b) scheduling an Auction and a Sale Hearing and approving the form and manner of notice of the Auction, the Sale, and the Sale Hearing (the "<u>Sale Hearing Notice</u>"), (c) establishing procedures for the assumption and assignment of Contracts and approving the form and manner of notice (the "<u>Assumption and</u> <u>Assignment Notice</u>") to each relevant non-debtor counterparty to a Contract of (i) the Debtors' calculation of the amount necessary to cure any defaults under an applicable Contract (the "<u>Cure</u> <u>Costs</u>") and (ii) certain other information regarding the potential assumption and assignment of Contracts in connection with the Sale, and (d) granting related relief, and (II) (a) approving the sale of the Debtors' assets free and clear of liens, claims, interests, and encumbrances, (b) approving the assumption and assignment of executory contracts and unexpired leases, and (c) granting related relief (I (a)-(d) and II (a)-(c), collectively, the "<u>Sale Process</u>"); and upon the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings*; and upon the Declaration in further support of the Motion; and upon the record of the hearing of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Good and sufficient notice of the Motion, the Bidding Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.      The bases for the relief requested in the Motion are: (i) sections 105, 363, and 365 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014; and (iii) Local Rule 6004-1.

D.      The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; (ii) as applicable, schedule the Auction and Sale Hearing (to consider granting the other relief requested in the Motion); (iii) approve the forms and manner of the Sale Hearing Notice, the Auction of the Assets (if any), and the Sale Hearing; and (iv) approve the procedures for the assumption and assignment of the Contracts, including the Assumption and Assignment Notice of proposed Cure Costs to each relevant counterparty to a Contract and certain other information regarding the potential assumption and assignment of Assigned Contracts in connection with the Sale of the Assets.  The best interests of the Debtors, their estates, creditors, and other parties in interest will be served by such approval and authorization.

E.      The Bidding Procedures are fair, appropriate, and reasonably designed to promote active bidding at and participation in the Auction (if held) to ensure that the highest or otherwise best value is generated for the Assets.  The Bidding Procedures are designed to continue the Debtors' robust and extensive marketing and sale process during these Chapter 11 Cases following entry of this Order in order to solicit the highest or otherwise best value for the Assets.  The Bidding Procedures represent the best method for maximizing the realizable value of the Assets for the benefit of the Debtors' estates.

F.      The Sale Hearing Notice, substantially in the form attached hereto as <u>Exhibit 2</u>, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if held); (ii) the Bidding Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; and (iv) a general description of the Sale as being free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the Sale proceeds.  No other or further notice of the Sale shall be required.

G.      The Assumption and Assignment Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the list of executory contracts and unexpired leases that may be assumed by the Debtors and assigned to the Qualified Bidder(s) (as defined in the Bidding Procedures) that submit the Successful Bid (such Qualified Bidder, the "<u>Successful Bidder</u>") (if any), including with respect to Cure Costs.  No other or further notice of the Assumption and Assignment of the Assigned Contracts shall be required.

H.      The Assumption and Assignment Procedures set forth herein are fair, reasonable, appropriate, and comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

I.      The Motion and this Order are reasonable and appropriate, and the Bidding Procedures comply with the requirements set forth by Local Rule 6004-(1)(c).

J.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are hereby overruled.

**I.      Important Dates and Deadlines.**

3.      The Debtors are authorized to proceed with the Sale in accordance with the Bidding Procedures and are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures (subject to the terms thereof) in accordance with the following timeline:

| Deadline | Event |
|---|---|
| **December 11, 2024** | Entry of Bidding Procedures Order |
| **Two (2) Business Days after the entry of the Bidding Procedures Order, or as soon as practicable after entry of the Bidding Procedures Order** | Deadline for Debtors to publish Sale Hearing Notice |
| **Two (2) Business Days after the entry of the Bidding Procedures Order, or as soon as practicable thereafter** | Deadline for Debtors to file and serve Sale Hearing Notice |

| Deadline | Event |
|---|---|
| **December 20, 2024 at 5:00 p.m. (ET)** | Deadline to file and serve Assumption and Assignment Notice |
| **December 23, 2024 at 5:00 p.m. (ET)** | Deadline for Acceptable Bidders to submit non-binding Indications of Interest |
| **4:00 p.m. (ET) on January 3, 2025** | Sale Objection Deadline |
| **4:00 p.m. (ET) on the date that is fourteen (14) days after service of the Assumption and Assignment Notice** | Deadline to object to the Assumption and Assignment Notice |
| **February 3, 2025 at 5:00 p.m. (ET)** | Bid Deadline |
| **Twenty-four (24) hours after the Bid Deadline for delivery via email, or as soon as reasonably practicable thereafter**<br><br>**One (1) business day after the Bid Deadline for delivery via first class mail, or as soon as reasonably practicable thereafter** | Deadline to deliver adequate assurance of future performance to requesting contract counterparties |
| **No later than 48 hours prior to Auction, if applicable** | Deadline to designate Qualified Bidders |
| **Seven (7) days after delivery of adequate assurance of future performance information** | Deadline to object to adequate assurance of future performance under Assigned Contracts (if any) |
| **February 7, 2025 at 10:00 a.m. (ET)** | Auction, solely in the event the Debtors receive at least one Qualified Bid prior to or at the Bid Deadline that constitutes a Sufficient Bid |
| **As soon as practicable after the Auction, if applicable** | Deadline for Debtors to file and serve Notice of Successful Bidder |
| **February 6, 2025 at 4:00 p.m. (ET), if no Auction is held** | Subsequent Sale Objection Deadline[3] |

---

[3] "Subsequent Sale Objection" shall mean any and all objections (a) to specific terms of the Sale or specific provisions of the Asset Purchase Agreement or the Sale Order that could not have been raised based on the Motion

| Deadline | Event |
|---|---|
| **February 10, 2025 at 4:00 p.m. (ET), if an Auction is held** | |
| **February 8, 2025, at 5:00 p.m. (ET), if no Auction is held**<br><br>**February 13, 2025, at 12:00 p.m. (ET), if an Auction is held** | Deadline to Reply to Sale Objections, Cure Objections, and Subsequent Sale Objections |
| **At the Sale Hearing, if no Auction is held**<br><br>**February 13, 2025, at 12:00 p.m. (ET), if an Auction is held** | Deadline to Reply to Adequate Assurance Objections |
| **February 10, 2025 at [●] a.m./p.m. (ET), subject to the availability of the Court**<br><br>**February 14, 2025 at [●] a.m./p.m. (ET), subject to the availability of the Court** | Sale Hearing, if no Auction is held<br><br>Sale Hearing, if an Auction is held |

## II.    Bidding Procedures and Related Relief

4.      The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are hereby approved in their entirety, are incorporated herein by reference, and shall govern the submission, receipt, and analysis of all Bids and the proceedings related to the Sale of the Assets and the Auction (if any).  Any party desiring to bid on the Assets or a portion thereof shall comply with the Bidding Procedures and this Order in all respects.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures (subject in all respects to the terms thereof).

5.      The procedures and requirements set forth in the Bidding Procedures, including those associated with submitting a "Qualified Bid," are fair, reasonable, and appropriate, and are

---

alone, (b) related to the identity of the Successful Bidder(s) or Backup Bidder (as applicable) (other than with respect to executory contracts and unexpired leases), or (c) to the conduct of the Auction (if applicable).

designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

6.      The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of any such provision, it being the Court's intent that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order.

7.      In connection with any Sale and notwithstanding anything to the contrary in the Bidding Procedures, until the Bid Deadline, any Acceptable Bidder (i) holding a valid and perfected security interest in any of the Assets and (ii) having the right under applicable non-bankruptcy law to credit bid claims secured by such security interest (any such Acceptable Bidder satisfying clauses (i) and (ii), a "Secured Party"), may seek to credit bid any portion and up to the full amount of the value of such Secured Party's claims with respect to any individual Asset, portion of the Assets, or all Assets, in each case constituting such Secured Party's collateral by which such claims are secured (the "Credit Bid Right" and, such bid, the "Credit Bid"); provided, however, that, anything in the Bidding Procedures to the contrary notwithstanding, the Senior Secured Lenders (including any agent or other representative for any of the Senior Secured Lenders) shall not be required to submit a Bid, including any Credit Bid, until the later of (x) six (6) hours prior to the commencement of the Auction (if held) and (y) twenty-four (24) hours after the Debtors designate Qualified Bidders.

8.      A "Secured Party" shall be deemed to include any of the Senior Secured Lenders (including any agent or other representative for any of the Senior Secured Lenders) with respect to the full amount of the Senior Secured Claims.

9.      If a Bid (including a Credit Bid) is submitted by, or on behalf of, the Senior Secured Lenders, (a) such Bid shall be deemed a Qualified Bid (as defined herein) in all respects, (b) the Senior Secured Lenders and/or the person or entity submitting the Bid on their behalf (including any agent or other representative for the Senior Secured Lenders) shall be deemed a Qualified Bidder (as defined herein), (c) the Senior Secured Lenders and/or the person or entity submitting the Bid on their behalf (including any agent or other representative for the Senior Secured Lenders) shall not be required to provide a deposit, (d) the value of the Senior Secured Claims that are the subject of any such Credit Bid shall be the full face value of such Claims, (e) in the event the Senior Secured Lenders submit a Credit Bid for Combined Assets, any such Credit Bid may include Senior Secured Claims that are included in any other Credit Bid, and (f) at the conclusion of any Auction, any Credit Bid selected as the Successful Bid may include Senior Secured Claims that were included in any other previously submitted Credit Bid solely if such other Credit Bid was not identified by the Debtors as the Successful Bid prior to the conclusion of the Auction at which such Credit Bid was submitted.

10.      Any Bid submitted by, or on behalf of, the Senior Secured Lenders (including any Bid submitted by any agent or other representative for the Senior Secured Lenders) need only be a written notice that specifies (either specifically or generally) the amount of the Senior Secured Claims and/or other consideration that are the subject of such Bid and the Assets that are the subject of such Bid.  The Senior Secured Lenders (including any agent or other representative for any of the Senior Secured Lenders) shall be permitted to submit a Bid (including a Credit Bid) with respect to any individual Asset, portion of the Assets, or all or substantially all of the Assets even if another Bid that is a Sufficient Bid has been submitted for such individual Asset, portion of the Assets, or all or substantially all of the Assets, as applicable.  Any Credit Bid submitted by, or on

behalf of, the Senior Secured Lenders (including any Credit Bid submitted by any agent or other representative for the Senior Secured Lenders) may be combined with, supplemented by, or replaced with, a cash Bid at any time by any Senior Secured Lenders and/or any person or entity submitting a Bid on their behalf (including any agent or other representative for the Senior Secured Lenders), including any Bid submitted before or during the Auction. The provisions of this paragraph and the immediately preceding paragraph shall apply to any Bid (including any Credit Bid) that is submitted by, or on behalf of, the Senior Secured Lenders, at any time, including any Bid submitted before or during the Auction.

11.     Upon consummation of a Sale pursuant to the exercise of the Credit Bid Right or any Bid submitted by, or on behalf of, the Senior Secured Lenders, the applicable Secured Party shall not be required to take title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), or be deemed to have taken title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), any individual Asset, portion of the Assets, or all of the Assets, and such Secured Party shall have the right to designate any person or entity that shall take title to the individual Asset, portion of the Assets, or all of the Assets that are subject to the applicable Credit Bid or Bid.

12.     To the extent that the Senior Secured Lenders (including any agent or other representative of the Senior Secured Lenders) seek to consummate any transaction contemplated by any Credit Bid pursuant to section 363 of the Bankruptcy Code, the Senior Secured Lenders shall provide adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code.

13.     For the avoidance of doubt, and notwithstanding anything to the contrary contained in the Bidding Procedures or herein, the Credit Bid Right shall be subject in all respects to any

conditions or limitations on such right set forth in the Final DIP Order, including without limitation, prior to the expiration of the Challenge Deadline, and section 363(k) of the Bankruptcy Code.

14.    Acceptable Bidders shall have until **5:00 p.m. (prevailing Eastern Time) on December 23, 2024** to submit non-binding indications of interests of the Debtors' Assets.

15.    The deadline by which all Bids for all or any portion of the Debtors' Assets must be *actually received* by the parties specified in the Bidding Procedures is **5:00 p.m. (prevailing Eastern Time) on February 3, 2025** (the "Bid Deadline"); provided, however, that the Senior Secured Lenders shall not be required to submit a Bid (including any Credit Bid) until the later of (x) six (6) hours prior to the commencement of the Auction and (y) twenty-four (24) hours after the Debtors designate Qualified Bidders.

16.    No Bid shall seek to entitle any Acceptable Bidder to any right to receive a break-up fee, topping fee, termination fee or similar type of payment, any compensation, or any expense reimbursement, and the Acceptable Bidder shall waive the right to pursue any administrative expense claim (including under a theory of substantial contribution) under section 503(b) of the Bankruptcy Code related in any way to the submission of such Bid or participation in any Auction.

## III.    Auction.

17.    If the Debtors receive at least one Sufficient Bid at least forty-eight (48) hours prior to the date of the Auction, then the Debtors shall hold an Auction for the Assets that are the subject of such Sufficient Bid unless the Debtors do not receive another Qualified Bid that covers such Assets prior to the later of (x) six (6) hours prior to the commencement of the Auction and (y) twenty-four (24) hours after the Debtors designate Qualified Bidders (in which case, the Debtors shall not hold an Auction with respect to the Assets that are the subject of that Sufficient Bid and

the Debtors shall proceed with such Sufficient Bid). No later than forty-eight (48) hours prior to the commencement of the Auction, the Debtors will notify all Qualified Bidders and the Consultation Parties of the opening Qualified Bid at the Auction (the "<u>Minimum Bid</u>"), which Minimum Bid shall in no event be less than a Sufficient Bid, in accordance with the second paragraph of Article I of the Bid Procedures (other than a Bid submitted by or on behalf of the Senior Secured Lenders), and provide copies of the Asset Sale Bid Documents supporting the Minimum Bid to all Qualified Bidders.

18. The Auction, if held, shall take place at **<u>10:00 a.m. (prevailing Eastern Time) on February 7, 2025</u>**, (i) via a virtual meeting, (ii) at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, or (iii) at such later date, time, and location as designated by the Debtors, after providing notice to the Notice Parties and the Consultation Parties. The Debtors shall file a notice identifying the Successful Bidder and Backup Bidder (if selected) as soon as reasonably practicable after closing the Auction, if any, and in any event not more than twenty-four (24) hours following closing the Auction.

19. If the Debtors do not receive any Sufficient Bids, after consultation with the Consultation Parties, the Debtors shall file with the Court, serve on the Sale Hearing Notice Parties (as defined below), and cause to be published on the website maintained by Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent in these Chapter 11 Cases, located at https://cases.ra.kroll.com/FRG (the "<u>Case Website</u>"), as soon as reasonable practicable after cancelling the Auction, and in any event not more than twenty-four (24) hours following cancellation, a notice containing the following information (as applicable): (a) a statement that the Auction has been adjourned or canceled; (b) if there is a Successful Bidder, the identity of the Successful Bidder and Backup Bidder (if any); (c) if there is a Successful Bidder, a copy of the

Successful Bid or a summary of the material terms of such Bid, including any assumption and assignment of Contracts contemplated thereby, or instructions for accessing the Successful Bid free of charge from the Case Website; (d) if there is a Backup Bidder, a copy of the Backup Bid or a summary of the material terms of such Bid, including any assumption and assignment of Contracts contemplated thereby, or instructions for accessing the Backup Bid free of charge from the Case Website; and (e) the date, time, and location of the adjourned Auction or the Sale Hearing.

20.     Pursuant to Local Rule 6004-1(c)(ii): if an Auction is held, as set forth in the Bidding Procedures (a) each bidder participating at the Auction shall be required to confirm on the record and in writing that it has not engaged in any collusion with respect to the submission of any Bid or the Auction; (b) the Auction shall be conducted openly and all creditors will be permitted to attend (but, unless such creditor is a Qualified Bidder, not participate in) the Auction; and (c) the Auction shall be transcribed by a court reporter or videotaped.

21.     Between the date that the Debtors notify an Acceptable Bidder that it is a Qualified Bidder and the Auction (if held), the Debtors will evaluate all Bids that are timely submitted by the Bid Deadline and, as the Debtors deem appropriate in the exercise of their reasonable judgment, may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder.

22.     The Debtors may, in their reasonable business judgment, in consultation with the Consultation Parties, (a) determine which Acceptable Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids (other than any Credit Bid submitted by, or on behalf of, the Senior Secured Lenders, which shall automatically be deemed a Qualified Bid); (c) determine, consistent with the Bidding Procedures, the Successful Bid and the Backup Bid, if any; (d) reject, in consultation with the Consultation Parties, at any time before entry of an order of this Court approving a Qualified Bid, any Bid (other than a Bid submitted by, or on behalf of, the Senior

Secured Lenders) that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Debtors, their estates, their creditors, and other stakeholders; and (e) except as otherwise set forth in the Bidding Procedures, modify, in their reasonable business judgment, after consultation with the Consultation Parties, and subject to the Restructuring Support Agreement, the Bidding Procedures in good faith and in a manner consistent with the Debtors' fiduciary duties to further the goal of attaining the highest or otherwise best offer for the Assets or impose, at or prior to the selection of any Successful Bidder, additional customary terms and conditions on the Sale, including: (1) extending the dates and deadlines set forth in the Bidding Procedures; (2) adjourning the Auction (if held) without further notice; (3) adding or modifying procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction, and/or adjourning the Sale Hearing in open court (if held); (4) rejecting any or all Bids or Qualified Bids; (5) adjusting the applicable minimum Overbid increment; and (6) selecting a draft purchase agreement agreed to by a Qualified Bidder in connection with a Qualified Bid to serve as the purchase agreement that will be executed by the Successful Bidder or Successful Bidders, as applicable and with any necessary adjustments for the Assets and Liabilities being purchased and assumed, upon conclusion of the Auction, if held; provided, however, that nothing herein shall permit the Debtors to modify the Bidding Procedures to reduce the time provided for a party in interest to file an objection.

**IV.    The Sale Hearing.**

23.    The form of the Sale Hearing Notice attached to this Order as Exhibit 2 is approved. Within two (2) Business Days after entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Hearing Notice on the following parties (or their

respective counsel, if known) by first class mail or email: (a) the Notice Parties; (b) all parties to executory contracts and unexpired leases proposed to be assumed, assigned, or rejected as part of the proposed Sale; (c) all parties who have expressed a written interest in some or all of the Assets within six (6) months prior to entry of the Bidding Procedures Order; (d) all known holders of liens, encumbrances, and other claims secured by the Assets; (e) the Internal Revenue Service; (f) all applicable state and local taxing authorities; (g) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (h) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Hearing Notice Parties").

24.     Two (2) Business Days after the entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Sale Hearing Notice in *The New York Times* (national edition), or similar nationally circulated publications, and on the Case Website.

25.     Objections, if any, to the Sale (each, a "Sale Objection") must be made no later than 4:00 p.m. (prevailing Eastern Time) on January 3, 2025 (the "Sale Objection Deadline"). Objections must: (a) be in writing and specify the nature of such objection; (b) conform to the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received*** no later than the Sale Objection Deadline by the following parties (the "Objection Notice Parties"):

| Co-Counsel to the Debtors | Co-Counsel to the Debtors |
|---|---|
| Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Attn.: Debra M. Sinclair, Esq.<br>Matthew A. Feldman, Esq. | Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Attn.: Edmon L. Morton, Esq. |

| Betsy Feldman, Esq.<br>Joseph R. Brandt, Esq. | Matthew B. Lunn, Esq.<br>Allison S. Mielke, Esq.<br>Shella Borovinskaya, Esq. |
|---|---|
| **Counsel to the DIP Lenders and the Prepetition First Lien Holders** | **The United States Trustee** |
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166<br>Attn: Jayme Goldstein, Esq.<br>Jeremy Evans, Esq.<br>Isaac Sasson, Esq.<br><br>and<br><br>Landis Rath & Cobb LLP<br>919 N. Market Street Suite 1800,<br>Wilmington, DE 19317<br>Attn: Adam G. Landis, Esq.<br>Matthew McGuire, Esq. | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>Attn.: Timothy J. Fox, Esq. |
| **Counsel to the Committee** ||
| Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn: Bradford J. Sandler, Esq.<br>Robert J. Feinstein, Esq.<br>Paul J. Labov, Esq.<br>Theodore S. Heckel, Esq. ||

26.     Pursuant to the terms of the Bidding Procedures, all objections (a) to specific terms of the Sale or specific provisions of the Asset Purchase Agreement or the Sale Order that could not have been raised based on the Bidding Procedures Motion alone, (b) related to the identity of the Successful Bidder(s) or Backup Bidder (as applicable) (other than with respect to executory contracts and unexpired leases), or (c) to the conduct of the Auction (if applicable) (the "Subsequent Sale Objection Deadline") must (i) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (ii) be

filed with the Court and served on the Objection Notice Parties by no later than (x) **4:00 p.m. on February 6, 2025 (prevailing Eastern Time)**, if no Auction is held or (y) **4:00 p.m. on February 10, 2025 (prevailing Eastern Time)**, if an Auction is held.

27.     Pursuant to the terms of the Bidding Procedures, all non-Debtor counterparties to Contracts shall have an opportunity to object to the adequate assurance of future performance under Assigned Contracts (if any) (the "Adequate Assurance Objection").  Any such objection must (i) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (ii) be filed with the Court and served on the Objection Notice Parties **by no later than seven (7) days after delivery of adequate assurance of future performance information.**

28.     Any party wishing to do so shall file a reply to any Sale Objections, Subsequent Sale Objections, and Cure Objections (as defined herein) by no later than **5:00 p.m. (prevailing Eastern Time) on February 8, 2025**, if no Auction is held, or **12:00 p.m. (prevailing Eastern Time) on February 13, 2025**, if an Auction is held.  Any party wishing to do so shall file a reply to any Adequate Assurance Objection by no later than **at the Sale Hearing**, if no Auction is held, or **12:00 p.m. (prevailing Eastern Time) on February 13, 2025**, if an Auction is held.  Subject to the availability of the Court, the Sale Hearing shall take place on **February 10, 2025 at [●] a.m./p.m. (prevailing Eastern Time)**, if no Auction is held, or on **February 14, 2025, at [●] a.m./p.m. (prevailing Eastern Time)**, if an Auction is held.

29.     Any party failing to timely file a Sale Objection, a Subsequent Sale Objection, or an Adequate Assurance Objection shall be forever barred from objecting and shall be deemed to have consented to each Sale, including the transfer of the Debtors' right, title, and interest in, to, and under the purchased Assets free and clear of any and all liens, claims, interests, and

encumbrances in accordance with the Successful Bidder's purchase agreement (or Backup Bidder's, as applicable).

30.     The Sale Hearing may be adjourned by the Debtors, in consultation with the Consultation Parties and in accordance with the Bidding Procedures, from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing (if held).

## V.    Assumption and Assignment Procedures.

31.     The procedures set forth below regarding the assumption and assignment of the Contracts (each, an "Assigned Contract," and, collectively, the "Assigned Contracts") that may be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to a Successful Bidder (if any) in connection with the Sale contemplated by such Successful Bidder's Successful Bid or Backup Bid (if any), subject to revision prior to the date of the Sale closing (the "Sale Closing") and pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "Assumption and Assignment Procedures") are hereby approved to the extent set forth herein and shall govern the potential assumption and assignment of all of the Debtors' Assigned Contracts that may be assumed and assigned in connection with the Sale, subject to the payment of any amounts necessary to cure any defaults arising under any Assigned Contract (the "Cure Costs"):

(a)     **Assumption and Assignment Notice**.  The form of the Assumption and Assignment Notice attached to this Order as Exhibit 3 is approved.  By December 20, 2024 (the "Assumption and Assignment Service Deadline"), the Debtors shall file and serve the Assumption and Assignment Notice by first class mail or email on each counterparty to the Contracts at the notice address set forth in the Contract (and their respective counsel, if known) that may be assumed by the Debtors and assigned to a Successful Bidder (if any) in connection with the Sale contemplated by such Successful Bidder's Successful Bid.  The Assumption and Assignment Notice shall inform each recipient of (i) the timing and procedures relating to such assumption and assignment, (ii) the title (or an appropriate description), date of the Contract (if available), and, if the Contract is for a real property lease, the store

18

number and physical address of the leased premise, (iii) the name of the non-Debtor counterparty to the Contract, (iv) the Debtors' good faith estimates of the Cure Costs (if any) required in connection with the Contract, and (v) the Cure Objection Deadline; provided, however, that service of an Assumption and Assignment Notice does not constitute an admission that such Contract is an executory contract and/or unexpired lease or that any stated Cure Cost constitutes a claim against the Debtors or any Successful Bidder, and all rights with respect thereto are expressly reserved. Further, the inclusion of a Contract on the Assumption and Assignment Notice is not a guarantee that such Contract will ultimately be assumed and assigned. Any determination of whether such Contract is an executory contract or can be rejected will be made in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all applicable orders of this Court.

(b)     **Adequate Assurance of Future Performance**. Any (1) landlord counterparty (and their counsel, if known) and (2) other Contract counterparty (and their counsel, if known) upon request by such counterparty to the Debtors' counsel, delivered not less than twenty-four (24) hours prior to the Bid Deadline, shall be provided with adequate assurance information relevant to the affected counterparty (by email if available or otherwise by first class mail) no later than (a) twenty-four (24) hours after the Bid Deadline for delivery via email, or as soon as reasonably practicable thereafter, and (b) one (1) business day after the Bid Deadline for delivery via first class mail, or as soon as reasonably practicable thereafter. Such adequate assurance may include: (i) the specific name of the proposed assignee and the proposed name under which the proposed assignee intends to operate the store if not the current trade-name of the Debtors, (ii) a corporate organizational chart or similar disclosure identifying corporate ownership and control, (iii) audited or unaudited financial statements for the past three (3) years, including all supplements or amendments thereto, tax returns for the past two (2) years, bank account statements or annual reports; (iv) a description of the proposed business to be conducted at the premises; (v) the specific name of the proposed assignee/tenant, if not the prospective purchaser, and the proposed name under which the assignee intends to operate the store if not a current trade-name of the Debtors; (vi) the proposed assignee's intended use of the leased premises and a description of the proposed business to be conducted at the premises; (vii) cash flow projections for the proposed assignee, (viii) the proposed assignee's most recent business plan, (ix) all cash flow projections for the lease(s) subject to the assignment request, and any financial projections, calculations and/or pro-formas prepared in contemplation of purchasing the lease(s), a summary of the proposed assignee's and guarantor's (as applicable) experience operating retail stores; (x) the number of retail stores the proposed assignee and any guarantor operates and all trade names used; (xi) a contact person for the proposed assignee;

and/or (xii) any other documentation that the Debtors may further request. The applicable non-Debtor counterparty shall keep such information confidential and shall not disclose such information to any party except in the ordinary course of business in connection with its assessment of the potential assignee as its tenant or Contract counterparty. Any Adequate Assurance Objection must be filed with the Court and served on the Objection Notice Parties **no later than seven (7) days after delivery of adequate assurance of future performance information**. Any Adequate Assurance Objection that includes confidential, non-public adequate assurance information shall be filed under seal without the need to file a separate motion or obtain a further order of this Court to file such objection under seal. Any party filing an Adequate Assurance Objection under seal shall follow the procedures for the same set forth in Local Rule 9018-1(d), including, without limitation, filing a motion to seal confidential and non-public information. The unredacted versions of such Adequate Assurance Objection shall be served upon the Objection Notice Parties; provided that all rights of all parties in interest in these Chapter 11 Cases are reserved to oppose the filing under seal of any such information and to seek any other relief from this Court with respect to such matter.

(c)      **Cure Costs**. The payment of the applicable Cure Costs shall (i) effectuate a cure of all defaults existing under the applicable Assigned Contracts, and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

(d)      **Supplemental Assumption and Assignment Notice**. To the extent the Debtors, at any time after the Assumption and Assignment Service Deadline (i) identify additional Contracts that may be assumed and assigned to the Successful Bidder, if any (the "Additional Contracts"), (ii) remove Contracts from the list of Contracts that may be assumed and assigned in connection with a Sale, and/or (iii) modify the previously stated Cure Cost associated with any Contract, the Debtors will promptly file with this Court and serve by first-class mail or email a supplemental notice of contract assumption (a "Supplemental Assumption Notice") on each of the counterparties to such Contracts and their counsel of record, if any. Each Supplemental Assumption Notice will include the same information with respect to the listed Contracts as was included in the Assumption and Assignment Notice. The Successful Bidder (if any, and including any Backup Bidder ultimately named a Successful Bidder) may, pursuant to the terms of the asset purchase agreement executed with the Debtors, designate Additional Contracts as Assigned Contracts to be assumed and assigned at any time until five (5) Business Days prior to the Sale Closing, and may remove Assigned Contracts from the list of Contracts at any time until five (5) Business Days prior to the Sale Closing. Counterparties to Additional Contracts or that otherwise receive a Supplemental Assumption Notice shall have until 4:00 p.m. (prevailing Eastern Time) on the date that

is fourteen (14) days after the filing and service of the Supplemental Assumption Notice by the Debtors on the counterparty to file a Cure Objection (as defined herein).

(e)     **Objections**. Objections, if any, to the proposed assumption and assignment or the Cure Cost proposed with respect thereto (each, a "<u>Cure Objection</u>"), must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Cost, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon the Objection Notice Parties, so as actually to be received on or before the date that is fourteen (14) days after the filing and service of the Assumption and Assignment Notice or Supplemental Assumption Notice by the Debtors, as applicable (each, a "<u>Cure Objection Deadline</u>").  For the avoidance of doubt, a timely filed and properly served Cure Objection will reserve the counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

(f)     **Dispute Resolution**. In the event that a non-Debtor contract counterparty files a timely Cure Objection and the Debtors and such counterparty cannot resolve such objection, the objection shall be heard at the Sale Hearing or such later date on at least seven (7) days' notice to the applicable non-Debtor contract counterparty, or such date as the parties agree, subject to the Court's calendar; <u>provided</u>, <u>however</u>, that (i) any Assigned Contract that is the subject of a Cure Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection, (ii) the Debtors, in consultation with the parties to any Contract that is subject to a Cure Objection, may adjourn a Cure Objection, and (iii) the Successful Bidder (if any) shall pay any undisputed Cure Cost in accordance with the terms of its asset purchase agreement with the Debtors on or before the Sale Closing and shall appropriately reserve funding for the disputed portion of the Cure Costs.  Upon resolution of such Cure Objection, the Successful Bidder shall pay the remaining Cure Cost to the applicable Contract counterparty upon the later of (1) the Sale Closing and (2) seven (7) calendar days following such resolution.  If such objection has not been resolved prior to the Sale Closing (whether by an order of the Court or by agreement with the counterparty), the Successful Bidder (if any) may elect, in its sole discretion, to: (x) treat such counterparty's Contract (the "<u>Disputed Contract</u>") as an excluded Contract (pursuant to the terms of the Successful Bidder's asset purchase agreement with the Debtors) or (y) temporarily treat such counterparty's Contract as an excluded Contract, proceed to the Sale Closing, and determine whether to treat the Disputed Contract as an Assigned Contract or an excluded Contract within five (5)

business days after resolution of such objection (whether by order of the Court or by agreement with the counterparty).

(g)    **Contract Assumption**. No Assigned Contract shall be deemed assumed and assigned through these Bidding Procedures until the later of (i) the date the Court has entered an order assuming and assigning such Assigned Contracts (which, for the avoidance of doubt, may be the Sale Order) and (ii) the Sale Closing.

32.    Any party failing to timely file an objection to the Cure Cost or the proposed assumption and assignment of a Contract, Additional Contract, or Assigned Contract listed on the Assumption and Assignment Notice or any Supplemental Assumption Notice is deemed to have consented to (a) such Cure Cost, (b) the assumption and assignment of such Assigned Contract or Additional Contract, (c) the related relief requested in the Motion, and (d) the Sale.  Such party shall be forever barred and estopped from objecting to the Cure Costs, the assumption and assignment of the Assigned Contract or Additional Contract, adequate assurance of future performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder (if any), for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and or Successful Bidder (if any), with respect to such party's Assigned Contract or Additional Contract.

33.    The Assumption and Assignment Procedures are appropriate and fair to all counterparties and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Assumption and Assignment Notice is: (a) reasonably calculated to (i) provide sufficient, effective notice to all counterparties and any other affected parties of the Debtors' ability to assume and assign to any Successful Bidder some or all of the Contracts listed therein and (ii) afford the counterparties the opportunity to exercise any rights affected by the

Motion and the relief granted by this Order pursuant to Bankruptcy Rules 2002(a)(2), 6004, and 6006; and (b) hereby approved.

**V.    Miscellaneous.**

34.    All persons and entities that participate in the Auction (if held) or bidding for the Assets during the Sale process shall be deemed to have knowingly and voluntarily (i) consented to the core jurisdiction of the Court to enter any order related to the Bidding Procedures, the Auction (if held), or any other relief requested in the Motion or granted in this Order; (ii) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction (if held), or any other relief requested in the Motion or granted in this Order; and (iii) consented to the entry of a final order or judgment in connection with any disputes relating to the Bidding Procedures, the Auction (if held), or any other relief requested in the Motion or granted in this Order, if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the relevant parties.

35.    The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified with respect to the Debtors to the extent necessary, without further order of the Court, to allow any Successful Bidder to (i) deliver any notice provided for in any executed asset purchase agreement, including, without limitation, a notice terminating any executed purchase agreement in accordance with the terms thereof, and (ii) take any and all actions permitted under any executed asset purchase agreement in accordance with the terms and conditions thereof.

36.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

38.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

39.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: December 11th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**