**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, *et al.*,[1] | ) | Case No. 24-12480 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Adversary No. 24-50237 |
| | ) | |
| FRANCHISE GROUP, *et al.*,[2] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| BRIAN GALE, MARK NOBLE, TERRY PHILIPPAS, LAWRENCE BASS, and JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING THE DEBTORS' REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] The Plaintiffs in this adversary case are the Debtors listed in footnote one.

Upon consideration of the *Debtors' Motion For A Preliminary Injunction Extending The Automatic Stay Pursuant To Sections 105(a) And 362(a) Of The Bankruptcy Code* (the "**Motion**"), the *Memorandum Of Law In Support Of Debtors' Motion For A Preliminary Injunction Extending The Automatic Stay Pursuant To Sections 105(a) And 362(a) Of The Bankruptcy Code* (the "**Memorandum of Law**"), and the *Complaint Of The Debtors* (the "**Complaint**"), filed by the above captioned plaintiffs and debtors (the "**Debtors**"), for the issuance and entry of a preliminary injunction pursuant to sections 362(a) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and/or Rule 7065 of the Federal Rules of Bankruptcy Procedure, staying, restraining, and enjoining the above-captioned defendants (together, the "**Defendants**") for the duration of the bankruptcy cases (the "**Injunction Period**") from asserting claims, commencing or continuing any actions, and/or from otherwise attempting to exercise remedies against Andrew M. Laurence ("**Mr. Laurence**") in his official capacity as President, CEO, or Director of certain of the Debtors, and extending the scope of the automatic stay to include Mr. Laurence; and due and sufficient notice having been given to all parties concerned; and this Court having found that good and sufficient cause exists for granting the Motion; it is hereby FOUND AND DETERMINED THAT:

1. The legal and factual bases set forth in the Complaint, the Motion, and the Memorandum of Law establish just cause for the relief granted herein. The Debtors have demonstrated a reasonable likelihood of success on the merits of their claims against Defendants.

2. Failure to enter this preliminary injunction would cause imminent and irreparable injury to the Debtors.

3. There is a substantial likelihood that the Debtors will be able to successfully reorganize through the pending chapter 11 proceedings.

4. The serious and irreparable harm to the Debtors from failure to issue a preliminary injunction far outweighs any harm to the Defendants.

5. Issuance of a preliminary injunction is proper and preserves the status quo, and the Defendants will not be harmed by the issuance of a preliminary injunction.

6. Issuance of a preliminary injunction appears necessary to protect the interests of all parties in interest in these chapter 11 cases, and serves the public interest by preventing harm to the Debtors' reorganization efforts and concentrating litigation in this Court.

IT IS THEREFORE:

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that, the Defendants and their agents are preliminarily enjoined, for the duration of the Injunction Period, from commencing or continuing any claims or prejudgment remedies against Mr. Laurence in his official capacity as President, CEO, or Director of certain of the Debtors, and extending the scope of the automatic stay to include Mr. Laurence; and it is further

ORDERED that the Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provision of this preliminary injunction order.