## EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 253** |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL**
**RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE**
**ADVISOR, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Section 327(a) Application")[2] of the debtors

and debtors in possession in the above-captioned cases (collectively, the "Debtors") for

employment and retention of Kroll Restructuring Administration LLC ("Kroll") as administrative

advisor ("Administrative Advisor"), effective as of the Petition Date, pursuant to section 327(a) of

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Section 327(a) Application.

the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Section 327(a) Application; and upon the Steele Declaration submitted in support of the Section 327(a) Application; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Section 327(a) Application and that Kroll does not hold an interest adverse to the Debtors or their estates; and good and sufficient notice of the Section 327(a) Application having been given and no other or further notice being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates, and creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Section 327(a) Application is APPROVED as set forth in this Order.

2.      The Debtors are authorized to retain Kroll as Administrative Advisor, effective as of the Petition Date, under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Section 327(a) Application and set forth in the Engagement Agreement.

3.      Kroll is authorized to take such other action to comply with all duties set forth in the Section 327(a) Application.

4.      Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

5.      The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

6.     Kroll shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

7.     Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Kroll for

3

indemnification, contribution or reimbursement, and not a provision limiting the duration of the

Debtors' obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any

demand by Kroll for indemnification, contribution or reimbursement.

9.      The limitation of liability section in paragraph 10 of the Engagement Agreement is

deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10.      Any services Kroll will provide relating to the Debtors' schedules of assets and

liabilities and statement of financial affairs shall be limited to administrative and ministerial

services.  The Debtors shall remain responsible for the content and accuracy of its schedules of

assets and labilities and statement of financial affairs.

11.      The Debtors and Kroll are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Section 327(a) Application.

12.      Notwithstanding any term in the Engagement Agreement to the contrary, the Court

retains jurisdiction with respect to all matters arising from or related to the implementation of this

Order.

13.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be immediately effective and enforceable upon its entry.

14.      In the event of any inconsistency between the Engagement Agreement, the Section

327(a) Application and this Order, this Order shall govern.