## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br><div align=right>Debtors.</div> | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 259** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF HILCO REAL ESTATE, LLC AS REAL ESTATE CONSULTANT AND
ADVISOR FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE;
(II) WAIVING CERTAIN REQUIREMENTS IMPOSED BY LOCAL
RULE 2016-2; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to retain and employ Hilco Real Estate, LLC ("Hilco")

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

as their real estate consultant and advisor, effective as of the Petition Date, and according to the terms of the Engagement Agreement and (ii) waiving certain of the time-keeping requirements set forth in Local Rule 2016-2, all as more fully described in the Application; and this Court having reviewed the Application, the First Day Declaration, and the Kaup Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and that no other or further notice need be provided; and this Court being satisfied, based on the representations made in the Kaup Declaration, that Hilco does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized to retain and employ Hilco as their real estate consultants and advisors in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Agreement, effective as of the Petition Date, as modified by the provisions of this Order.

3.      Except to the extent set forth herein, the Engagement Agreement, including, without limitation, the Fee and Expense Structure, is approved, and the Debtors are authorized to pay, reimburse, and indemnify Hilco in accordance with the terms and conditions of, and at the times specified in, the Engagement Agreement, as modified by the provisions of this Order.

4.      Hilco is not required to maintain time records or file monthly or interim fee applications; *provided* that Hilco shall (i) file a final fee application with a summary of fees earned and expenses with reasonably sufficient detail and support for the reimbursement of expenses and calculation of fees incurred along with a summary of what fees and expenses have been paid, and (ii) submit invoices to the Debtors, the Committee, and the U.S. Trustee for the payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with the Engagement Agreement when such compensation becomes due and owing and such expenses are incurred.  Any invoices submitted pursuant to this paragraph 4 shall include a summary of (i) fees requested in the current invoice; (ii) fees paid pursuant to prior invoices; and (iii) an aggregate total of all fees requested.

5.      The Debtors, the Committee, and the U.S. Trustee shall have fourteen (14) days to review and dispute any such invoice submitted by Hilco, and if no such disputes are received, without any further order of this Court, the Debtors shall be authorized to pay such Hilco invoices in accordance with the terms of the Engagement Agreement.

6.      If an objection is received, the Debtors shall withhold the payment of the portion of the payment that is objected to and promptly pay the remainder and all objections that are not resolved shall be preserved and presented to this Court for determination.

7.      The payment of all fees and reimbursement of all expenses pursuant to the Engagement Agreement shall be free and clear of all liens, claims, and encumbrances; provided,

however, such fees and reimbursed expenses shall remain subject to disgorgement until this Court

has approved Hilco's final fee application.  Any and all rights of Hilco to contest or otherwise

object to any such requests for disgorgement are hereby reserved.

        8.      The fees payable to Hilco pursuant to the Engagement Agreement shall be subject

to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and

shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

        9.      The indemnification, contribution and reimbursement provisions included in the

Indemnification Provisions annexed to the Engagement Agreement are approved, subject during

the pendency of these Chapter 11 Cases to the following modifications:

(a)     subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify Hilco in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Agreement for the time period arising after the Petition Date; provided, however, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b)     notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of Hilco's obligations under the Engagement Agreement unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Hilco believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or

reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Hilco must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; *provided*, *however*, that for the avoidance of doubt, this subparagraph (C) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Hilco. The U.S. Trustee shall retain the right to object to any request for indemnification by Hilco.

10.     None of the fees payable to Hilco under the Engagement Agreement shall constitute a "bonus" or fee enhancement under applicable law.

11.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement, and this Order, the terms of this Order shall govern.

12.     The Debtors and Hilco are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court retains jurisdiction and power with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.