## <u>EXHIBIT A</u>

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24- 12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 251** |

**ORDER AUTHORIZING THE (I) RETENTION OF AP SERVICES, LLC,**
**(II) DESIGNATION OF DAVID ORLOFSKY AS CHIEF RESTRUCTURING OFFICER,**
**EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order")

pursuant to section 105(a) and 363(b) of the Bankruptcy Code, authorizing the Debtors to (a) retain

and employ AP Services, LLC ("APS"), (b) designate David Orlofsky as Chief Restructuring

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Officer ("CRO"), (in the case of (a) and (b), each pursuant to the terms of the engagement letter by and among the Debtors and APS, dated as of October 11, 2024 (the "Engagement Letter") and in each instance effective as of the Petition Date), and (c) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the hearing thereon having been given as set forth in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and upon the First Day Declaration, the Orlofsky Declaration, and the record of these Chapter 11 Cases; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

     **IT IS HEREBY ORDERED THAT:**

     1.      The Motion is approved as set forth in this Order.

     2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to (i) retain and employ APS, (ii) designate David Orlofsky as CRO, and (iii) employ the APS Personnel, in each instance, effective as of the Petition Date, pursuant to the terms and conditions set forth in the Motion, as modified by this Order and subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Motion, or any exhibits related thereto:

a.    APS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases.

b.    In the event that the Debtors seek to have APS Personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) materially modifying the functions of personnel, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c.    Notwithstanding anything to the contrary contained in the Motion, the Engagement Letter or any exhibits hereto, during the course of these Chapter 11 Cases, APS will only seek reimbursement of actual and necessary expenses.

d.    APS shall not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  Instead, APS shall file with the Court reports of compensation earned and expenses incurred on a monthly basis, including names, titles, billing rates, and functions of the APS Personnel that provided services during the prior month (each, a "Staffing and Compensation Report," and collectively, the "Staffing and Compensation Reports") with copies to (i) the U.S. Trustee, (ii) counsel to the Debtors, and (iii) counsel to the Committee (the "Notice Parties").  Staffing and Compensation Reports shall summarize the services provided, and identify the compensation earned and expenses incurred by APS Personnel.  The Notice Parties shall have ten (10) business days after the date each Compensation Report is filed to object.  Such compensation and expenses will be subject to Court review in the event an objection is filed.  APS shall file Staffing and Compensation Reports by the 20th day of each month covering the previous month.

e.    APS shall append to the Staffing and Compensation Reports time records that contain detailed time entries describing the tasks performed on a daily basis and the corresponding charges (time multiplied by hourly rate) organized by project category.  The time entries shall identify the time spent completing such tasks in one-tenth of an hour (0.1) increments and the corresponding charge (time multiplied by hourly rate) for each task (by daily project category entry).

f.    No principal, employee, or independent contractor of APS and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these Chapter 11 Cases.

g.    The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and

3

directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O Policy.

h.    There shall be no indemnification of APS, or its affiliates, or non-officer employees of APS.

i.    The limitation of liability section in the Engagement Letter shall be of no force or effect for the duration of these Chapter 11 Cases.

j.    Success fees, transaction fees, completion fees, or other back-end fees, if any, shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, completion fee, or other back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

k.    For a period of three (3) years after the conclusion of the engagement, neither APS nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

l.    APS Personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

m.    APS shall follow the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the Local Rules regarding limitations on reimbursement of expenses.

n.    APS shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to, the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3.    APS is authorized to apply the Retainer and advanced payments to satisfy any unbilled or other remaining prepetition fees and expenses that APS becomes aware of during its ordinary course billing review and reconciliation. The remaining balance of the Retainer held by APS shall be treated as an evergreen retainer and be held by APS as security throughout these Chapter 11 Cases until APS's fees and expenses are fully paid.

4.      Upon employment and retention by the Debtors, Mr. Orlofsky shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter, as modified by this Order.

5.      To the extent APS uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, APS shall:  (a) pass through the cost of such Contractors to the Debtors at the same rate that APS pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for APS; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

6.      APS shall not seek reimbursement of any fees incurred defending any of APS's Staffing and Compensation Reports in these Chapter 11 Cases.

7.      To the extent that there is any inconsistency between the terms of the Engagement Letter, the Motion, and this Order, the terms of this Order shall govern.

8.      APS shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.