**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 15, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>January 3, 2025 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP
AS CO-COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit D, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of the law firm Willkie Farr & Gallagher LLP ("Willkie") as co-counsel to the Debtors *nunc pro tunc* to the commencement of these Chapter 11 Cases (as defined below).  In support of this Application, Willkie relies upon and incorporates by reference the *Declaration of Matthew A. Feldman in Support of Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Feldman Declaration"), which is attached hereto as Exhibit A, and the *Declaration of David Orlofsky in Support of Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date*, which is attached hereto as Exhibit B.  In further support of this Application, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. As described in the First Day Declaration (as defined below), Franchise Group, Inc. ("Franchise Group") was founded by Brian Kahn ("Mr. Kahn") in July 2019 when tax preparation company Liberty Tax, which Mr. Kahn's investment fund, Vintage Capital Management, LLC ("Vintage Capital") acquired in August 2018, merged with Buddy's Home Furnishings.  In the years that followed, Mr. Kahn, as then-Chief Executive Officer, led the growth of Franchise Group through a series of transactions, including the completion of a take-private transaction in August 2023.  Franchise Group was Mr. Kahn's creation and for the first four years of Franchise Group's existence, the company was synonymous with Mr. Kahn.

2

2. The relationship between Mr. Kahn and Franchise Group suddenly changed in November 2023, when Franchise Group learned of criminal and civil allegations against Mr. Kahn related to his alleged involvement in the demise of Prophecy, a hedge fund entirely unrelated to Franchise Group.  Upon learning of these allegations, Franchise Group took immediate steps to distance itself from Mr. Kahn, including by hiring independent counsel at Petrillo Klein & Boxer LLP ("Petrillo") to conduct an independent investigation, which concluded that neither Franchise Group, nor any of its executive officers, current or former directors and officers, or employees (other than Mr. Kahn) had any involvement in, nor any knowledge of, Mr. Kahn's alleged misconduct.  Following the conclusion of the independent investigation, in January 2024, Mr. Kahn resigned from all of his roles with Franchise Group and the Debtors.

3. As detailed in this Application and the Feldman Declaration, since prior to the Petition Date, Willkie has represented Franchise Group in connection with various corporate, regulatory, litigation, and other matters.  Willkie has also represented Mr. Kahn (and his affiliate, Vintage Capital) in matters wholly unrelated to these Chapter 11 Cases, including Prophecy-related matters.  Immediately upon learning of the Prophecy-related allegations against Mr. Kahn in November 2023, Willkie established an exclusionary ethical wall to avoid potential professional conflicts arising from the firm's representation of Franchise Group on matters related to the criminal and civil allegations against Mr. Kahn, on one hand, and its representation of Mr. Kahn on personal criminal and civil matters, on the other hand.  Willkie has not represented Mr. Kahn in any capacity since October 2024.

4. For the reasons set forth herein, Willkie submits that it is disinterested and eligible to represent the Debtors in these Chapter 11 Cases.  For the avoidance of doubt, as stated in the

Application, if Willkie's representation of the Debtors in connection with any matter in these Chapter 11 Cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, Willkie will transfer the representation of the Debtors' interests with respect to such matter against such party solely to Young Conaway Stargatt & Taylor, LLP, the Debtors' proposed co-counsel in these cases.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Rule 2014-1.

## BACKGROUND

8. On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4

9. On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 188].

10. Additional information regarding the Debtors' businesses, their capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

## RELIEF REQUESTED

11. By this Application, the Debtors seek to employ and retain Willkie as counsel, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors further request that the Court approve the retention of Willkie, as attorneys for the Debtors, effective as of the Petition Date, to perform the legal services that will be required during these Chapter 11 Cases in accordance with Willkie's normal hourly rates in effect when services are rendered and under Willkie's normal reimbursement policies.

## BASIS FOR RELIEF

### A. Willkie's Qualifications

12. Willkie has represented the Debtors in numerous corporate, regulatory, litigation and other matters since 2019. Commencing in November 2023, the Debtors began relying on Willkie to provide legal advice and assistance in connection with the Debtors' liquidity and balance sheet challenges caused by, among other things, the significant interest expense on their secured debt obligations, the capital requirements of certain of their businesses (in particular

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the First Day Declaration.

5

their Badcock business segment), the declining operational performance of certain of their businesses (in particular their American Freight business segment), and potential material liabilities resulting from Franchise Group's guarantee of certain Badcock lease agreements.

13. Since June 1, 2024, Willkie has been actively involved in advising the Debtors on potential restructuring options and the preparation of these Chapter 11 Cases. In the months leading up to the Petition Date, Willkie advised the Debtors in connection with (i) strategic alternatives including (but not limited to) potential financing transactions, sale transactions, and out-of-court restructuring transactions with parties within and outside their capital structure and (ii) negotiations with stakeholders on potential strategic alternatives and, ultimately, negotiations with the Ad Hoc Group of First Lien Lenders regarding entry into the Restructuring Support Agreement, the terms of the Debtors' chapter 11 plan of reorganization, and the Debtors' DIP Facility, among other things.

14. The terms of Willkie's retention are set forth in the engagement letter by and between the Debtors and Willkie, dated as of August 27, 2024, a copy of which is annexed hereto as Exhibit C (the "Engagement Letter").

15. The Debtors have selected Willkie to serve as co-counsel because of Willkie's familiarity with the Debtors' operations and businesses and because the firm's attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and related tax, corporate finance, commercial litigation, real estate, and employee benefits matters, among others. Accordingly, the Debtors believe that Willkie is well-qualified to represent the Debtors in these Chapter 11 Cases.

B. **Scope of Services**

16. Subject to the Court's approval, the Debtors propose to retain Willkie to serve as their counsel in these Chapter 11 Cases to provide the following services:

   (a) prepare, on behalf of the Debtors, all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of these Chapter 11 Cases;

   (b) counsel the Debtors with regard to their rights and obligations as debtors in possession in the continued operation of their businesses and the management of their estates;

   (c) represent and advise the Debtors in connection with conducting going out of business sales for the American Freight business segment and conducting a marketing and sale process;

   (d) provide the Debtors with advice, represent the Debtors and prepare all necessary documents on behalf of the Debtors in the areas of corporate finance, employee benefits, real estate, tax, and bankruptcy law, and commercial litigation, debt restructuring, and asset dispositions in connection with these Chapter 11 Cases;

   (e) advise the Debtors with respect to actions to protect and preserve the Debtors' estates during the pendency of these Chapter 11 Cases; and

   (f) perform all other necessary or requested legal services in connection with these Chapter 11 Cases.

17. In connection with these Chapter 11 Cases, the Debtors have retained, or are seeking authority to retain: (a) Young Conaway Stargatt & Taylor LLP ("YCST") as co-counsel, (b) Kroll Restructuring Administration LLC ("Kroll") as claims, noticing, and administrative agent; (c) AP Services, LLP ("AlixPartners") as financial advisor; (d) Ducera Partners LLC as investment banker; (e) Petrillo, as special investigation counsel to Todd Arden, Christopher Meyer, and John Hartmann, the Debtors' independent directors; (f) Akin Gump Strauss Hauer & Feld LLP ("Akin"), as special investigation counsel to Michael Wartell, an independent director of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc.; (g) Ernst & Young LLP as tax services provider; (h) Deloitte & Touche LLP as independent auditor; (i) Hilco Real Estate, LLC

("Hilco") as real estate advisor; and (j) certain other professionals used in the ordinary course of business.[3]

18. Each of these firms works under the direction of the Debtors' boards of directors and senior management (or, in the case of Petrillo and Akin, the Debtors' independent directors). The Debtors' directors and senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, Willkie is prepared to work closely with YCST and the other professionals to ensure that there is no unnecessary duplication of effort or cost.

### C. Disinterestedness of Willkie

19. The Debtors submit that the retention of Willkie under the terms described herein is appropriate under sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee,[4] with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

    (a)    is not a creditor, an equity security holder, or an insider;

    (b)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    (c)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any

---

[3] As of the date hereof, the Court has entered orders approving the Debtors' retention of Kroll [Docket No. 447], Hilco [Docket No. 449], AlixPartners [Docket No. 450], Petrillo [Docket No 453], and certain other professionals used in the ordinary course of business [Docket No. 355].

[4] Pursuant to section 1107(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have substantially all of the rights, powers and duties of a trustee.

>director or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

20. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

21. Further, to the best of the Debtors' knowledge, the partners and associates of Willkie do not have any connection with the Debtors, their creditors, or any other party in interest, or its attorneys, except to the extent set forth in the Feldman Declaration. Accordingly, the Debtors believe Willkie is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

22. Additionally, Willkie has informed the Debtors that it will conduct an ongoing review of its files and promptly supplement its disclosure to the Court if the circumstances change or new information is discovered from that presented in the Feldman Declaration.

23. If Willkie's representation of the Debtors in connection with any matter in these Chapter 11 Cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, Willkie will transfer the representation of the Debtors' interests with respect to such matter against such party solely to YCST.

24. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, . . . including on an hourly basis . . . ." 11 U.S.C. § 328(a). The Debtors may require Willkie to render extensive

legal services, the cost of which may not be estimable. Accordingly, it is necessary and essential for the Debtors, as debtors in possession, to employ Willkie as their attorneys on an hourly basis.

     **D.**     **Compensation**

25.    Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that Willkie be compensated on an hourly basis and that Willkie receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors in the Chapter 11 Cases. Further, Willkie intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable orders issued by this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Willkie in connection with Chapter 11 Cases.

26.    Willkie informed the Debtors that, subject to this Court's approval, it will bill at its standard hourly rates, which currently are: $1,650 to $2,500 for partners and senior counsel, $625 to $1,575 for associates, other attorneys and law clerks, and $380 to $650 for paraprofessionals. The current hourly rates for the Willkie attorneys and paraprofessionals with primary responsibility for this matter are:

    (a)    Matthew A. Feldman (Partner – Restructuring), $2,500;

    (b)    Debra M. Sinclair (Partner – Restructuring), $1,825;

    (c)    Betsy L. Feldman (Associate – Restructuring), $1,575;

    (d)    Joseph R. Brandt (Associate – Restructuring), $1,400;

    (e)    Yara Kass-Gergi (Associate – Restructuring), $1,400;

    (f)    Jessica D. Graber (Associate – Restructuring), $1,325;

    (g)      Marine Loison (Associate – Restructuring), $1,025;

    (h)      Andrew D. Bates (Law Clerk – Restructuring), $625;

    (i)      Jessica J. Flynn (Law Clerk – Restructuring), $625; and

    (j)      Caroline Bartolotta (Paraprofessional – Restructuring), $380.

27. Other attorneys and paraprofessionals will, from time to time, assist in the representation of the Debtors in connection with these Chapter 11 Cases at Willkie's standard hourly rates in effect for those personnel.

28. The Debtors believe these rates are consistent with market rates for comparable services, and have been informed that Willkie sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on October 1st of each year) to reflect economic and other conditions. In the event of a rate increase, Willkie will file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and proposed counsel to the Committee.

29. Willkie will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services it provides to the Debtors. The Debtors understand that Willkie is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, "working" meals, and computer research.

30. As set forth in the Feldman Declaration, prior to the Petition Date, Willkie received certain payments from the Debtors as compensation for professional services to be performed relating to the Debtors' out-of-court restructuring efforts and the commencement of these Chapter 11 Cases, and for the reimbursement of reasonable and necessary expenses. Willkie has applied these payments to fees and expenses incurred prior to the Petition Date as set forth in the Feldman Declaration. As set forth in the Feldman Declaration, Willkie has no

retainer remaining on account. Willkie will waive any outstanding fees and expenses that were owed as of the Petition Date.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

31. In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"), Willkie shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Willkie also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Willkie in these Chapter 11 Cases.

## **NOTICE**

32. Notice of this Application has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) proposed counsel for the Committee; (iii) counsel to the DIP Agent; (iv) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders; (v) counsel to the ABL Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the HoldCo Lenders; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit D, granting the relief requested in the Application and granting the Debtors such other and further relief as may be just and proper.

Dated: December 19, 2024

**Franchise Group, Inc., *et. al.***
**Debtors and Debtors in Possession**

*/s/ David Orlofsky*
David Orlofsky
Chief Restructuring Officer