## EXHIBIT B

**Orlofsky Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF DAVID ORLOFSKY IN SUPPORT OF
### DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
### RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP
### AS CO-COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

I, David Orlofsky, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.      I am the Chief Restructuring Officer of Freedom VCM Holdings, LLC and

Franchise Group, Inc. (together with their affiliated debtors and debtors in possession, the

"Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In such capacities,

I am responsible for supervising the day-to-day operations of the Debtors and the administration

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

of these Chapter 11 Cases, including the services provided by outside counsel and monitoring and controlling of legal costs.

2.      I make this declaration in support of the *Application for Order Authorizing Retention and Employment of Willkie Farr & Gallagher LLP* ("<u>Willkie</u>") *as Co-Counsel for Debtors,* Nunc Pro Tunc *to Petition Date* (the "<u>Application</u>") filed concurrently herewith (the "<u>Declaration</u>").

3.      This Declaration is provided pursuant to paragraph D.2 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>Appendix B Guidelines</u>"), which were adopted by the Executive Office for United States Trustee under 28 U.S.C. § 586(a)(3), effective as of November 1, 2013.  I am informed by counsel that the Appendix B Guidelines request that any application for employment of an attorney under 11 U.S.C § 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

(a)      The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b)      The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)      The number of firms the client interviewed.

(d)      If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e)      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel,

explain how and why.  In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### Identity of the Declarant

4.      As Chief Restructuring Officer of the Debtors, I am one of the parties responsible for supervising the day-to-day operations of the Debtors and the administration of these Chapter 11 Cases, including the services provided by outside counsel and monitoring and controlling of legal costs.

### Steps Taken to Ensure Comparable Terms of Engagement

5.      I have confirmed with Willkie that, while Willkie's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (e.g., partners, associates, counsel) and years of experience, Willkie does not vary its standard billing rates as a function of whether the services performed relate to a bankruptcy engagement or non-bankruptcy engagement.

6.      Additionally, I have been informed that Willkie adjusts its billing rates annually, typically on October 1st of each year.

### The Debtors' Selection of Willkie as Counsel

7.      As described in more detail in the Application, the Debtors historically utilized Willkie's services with respect to corporate and litigation advice.  I understand that in June 2024, the Debtors' board of directors determined it needed to explore potential strategic alternatives and, given Willkie's expertise and experience in the areas of business reorganization and restructuring, the Debtors determined it made sense to engage Willkie in this regard. Additionally, Willkie is familiar with the Debtors' businesses and affairs and many of the potential legal issues that might arise in the context of these Chapter 11 Cases.  Therefore, the

Debtors believe that Willkie is uniquely qualified to represent them as restructuring counsel in these Chapter 11 Cases.

### Billing Rates Comparable with Peer Firms

8.      I am informed by Willkie that their attorneys' billing rates are set each year to ensure that their rates are in line with the billing rates of their peer firms.  To the extent there is any disparity, I nevertheless believe that Willkie's retention by the Debtors is warranted in these Chapter 11 Cases for the reasons set forth above and in the Debtors' Application to retain Willkie.

### Procedures Established to Supervise Fees and Expenses and Manage Costs

9.      I understand that Willkie's fees and expenses will be subject to the periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by the Debtors, the U.S. Trustee, and the Committee pursuant to the specific procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases.

10.     As the Debtors' Chief Restructuring Officer, I assist the Debtors in monitoring legal fees and expenses incurred by the Debtors' outside counsel, and any such legal fees and expenses are subject to my express approval prior to entering into the Debtors' accounting system for payment authorization.  During these Chapter 11 Cases, I will monitor Willkie's invoices to ensure that the fees and expenses requested therein are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.  Further, Willkie has informed me that it will provide the Debtors with the opportunity to review any monthly, interim and final fee applications and informally request adjustments to the extent that the Debtors determine such adjustments are necessary and appropriate, and all such requests will be carefully considered by Willkie.  To the extent that the Debtors have any

objection to the fees or expenses requested by Willkie that cannot be resolved to the Debtors' satisfaction informally, Willkie has informed me that they will file a notice of objection to Willkie's fees on the Debtors' behalf. I understand that Willkie reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Debtors reserve the right to retain conflicts counsel to prosecute any such fee objection to the extent the matter cannot be resolved informally by the parties.

11. The Debtors have reviewed and approved the prospective budget and staffing plan for the period from November 3, 2024 through February 28, 2025, but recognize that, in the course of complicated bankruptcy proceedings like these Chapter 11 Cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Willkie. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases. The Debtors will continue to review the invoices that Willkie submits, and, together with Willkie, amend the budget and staffing plans periodically, as these Chapter 11 Cases develop.

## **Other Matters**

12. As stated in the engagement letter between Willkie and the Debtors, Willkie's hourly rates are subject to periodic adjustments (typically on October 1st of each year) to reflect economic and other conditions. Willkie has advised me that the firm will inform the Debtors in advance of any such adjustment to its existing rate structure. In addition, I have been specifically advised by counsel that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regularly hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer

relationship and any periodic increases are reasonable under the circumstances." I have also been specifically advised by counsel that pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation." To the extent Willkie seeks to make any such adjustment to its rate structure, the Debtors expressly reserve the right to reject any such modification to the extent the Debtors deem it unreasonable.

Dated: December 19, 2024

By:   */s/ David Orlofsky*
David Orlofsky
Chief Restructuring Officer