**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 15, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>January 3, 2025 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR
AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP
AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this application (this "Application") for the entry of an order, substantially in the form attached hereto as Exhibit D (the "Proposed Order"), authorizing the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Debtors to retain and employ Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway") as bankruptcy co-counsel to the Debtors in these Chapter 11 Cases (as defined below), effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely upon the declaration of Edmon L. Morton (the "Morton Declaration"), attached hereto as Exhibit A, and the declaration of David Orlofsky (the "Orlofsky Declaration"), attached hereto as Exhibit C. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The

Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").

## RELIEF REQUESTED

7. By this Application, the Debtors request entry of the Proposed Order authorizing them to retain and employ Young Conaway as bankruptcy co-counsel to the Debtors, effective as of the Petition Date.

## BASIS FOR RELIEF

**A.    Young Conaway's Qualifications**

8. The Debtors seek to retain Young Conaway as their bankruptcy co-counsel in light of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for these Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of these Chapter 11

Cases. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as counsel in these Chapter 11 Cases and will do so in an efficient manner.

9. In selecting Young Conaway, the Debtors reviewed the Firm's rates, including rates for bankruptcy services, and compared them to outside law firms that the Debtors have used in the past to determine that the rates are reasonable. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of the nature proposed herein. Young Conaway further informed the Debtors that the Firm operates in both national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the Firm's expertise, performance, and reputation, the nature of the work involved, as well as other factors.

10. The Debtors supervise all legal fees and expenses to reasonably manage costs. The Debtors have procedures and policies for reviewing fees of outside counsel, and the Debtors intend to review fees in these Chapter 11 Cases in accordance with such procedures and policies. The rates Young Conaway charged the Debtors in the period prior to the Petition Date are the same as the rates Young Conaway has indicated it will charge the Debtors postpetition. Young Conaway has informed the Debtors (and discloses herein) that the Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

11. The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases. As they did prepetition, the Debtors will continue to review and monitor professional fees and expense reimbursement requests for reasonableness.

**B.    Payment of Fees and Expenses**

12. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary, and reasonable expenses, and other charges incurred by the Firm in connection with these Chapter 11 Cases, upon the filing of appropriate applications for interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The principal attorneys and paralegal presently designated to represent the Debtors, and their current standard hourly rates, are as follows:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Edmon L. Morton | Partner | $1,200.00 |
| Matthew B. Lunn | Partner | $1,110.00 |
| Allison S. Mielke | Associate | $780.00 |
| Shella Borovinskaya | Associate | $565.00 |
| Mariam Khoudari | Associate | $565.00 |
| Kristin L. McElroy | Associate | $530.00 |
| Brynna M. Gaffney | Law Clerk | $440.00 |
| Beth Olivere | Paralegal | $375.00 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.[2] Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtors in connection with the matters described herein.

13. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's

---

[2] Generally, the Firm implements rate increases on January 1 of each year.

policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client, such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  It is the Debtors' understanding that the Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14.     Young Conaway was retained by the Debtors pursuant to an engagement agreement dated as of August 27, 2024 (the "Engagement Agreement").  In accordance with the Engagement Agreement, Young Conaway received retainer payments in the amounts of (i) $150,000.00 on September 4, 2024, and (ii) $317,114.00 on October 24, 2024 (collectively, the "Retainer") in connection with the planning and preparation of initial documents, its proposed representation of the Debtors, and chapter 11 filing fees.  In total, Young Conaway received payments from the Debtors for services rendered prior to the Petition Date as follows:

| Invoice Date | Billing Period | Payment Date | Payment Amount | Form of Payment | Retainer Balance |
|---|---|---|---|---|---|
| N/A | Initial Retainer | 9/04/2024 | $150,000.00 | Retainer | $150,000.00 |
| 9/18/2024 | 8/27/2024-9/13/2024 | 9/19/2024 | $107,614.90 | Wire | $150,000.00 |
| 10/03/2024 | 9/14/2024-9/30/2024 | 10/15/2024 | $101,943.60 | Wire | $150,000.00 |
| 10/17/2024 | 10/01/2024-10/15/2024 | 10/18/2024 | $116,606.60 | Wire | $150,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| N/A | Supplemental Retainer | 10/24/2024 | $317,114.00[3] | Retainer | $467,114.00 |

15. At no point did the fees due and owing to Young Conaway exceed the balance of the Retainer. Young Conaway has performed a final reconciliation of its Retainer against its prepetition services and expenses. Young Conaway received the Retainer in the amount of $467,114.00 pursuant to the terms of the Engagement Agreement. Young Conaway reconciled $388,599.56 against the Retainer and a balance of $78,514.44 remains, which will constitute a general retainer as security for postpetition services and expenses.

16. In this instance, the general security retainer is appropriate for several reasons. See In re Insilco Techs., Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include, but are not necessarily limited to (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; [and] (3) whether the retention, as proposed, is in the best interests of the estate . . . ."); see also In re CTC Commc'ns Grp., Inc., Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14–15 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case."). First, these types of retainer agreements reflect normal business terms in the marketplace. See Insilco, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and Retainer allow the Debtors

---

[3] Such amount comprises a supplemental retainer in the amount of $225,000.00 and an advance payment for filing fees in the amount of $92,114.00.

to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in In re Insilco Technologies, Inc., and adopted In re CTC Communications Group, Inc., the facts and circumstances of these Chapter 11 Cases support the approval of the security retainer.

17. As set forth in the Morton Declaration, Young Conaway has not shared nor agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

C. **Services to be Provided**

18. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

   a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their properties, and the potential sale of their assets;

   b. preparing documents in connection with and pursuing confirmation of a plan and approval of a disclosure statement;

   c. preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

   d. appearing in Court and protecting the interests of the Debtors before the Court; and

   e. performing all other legal services for the Debtors that may be necessary and proper in these Chapter 11 Cases.

19. By separate applications, the Debtors are or will be seeking Court approval for the retention of: (a) Willkie Farr & Gallagher LLP, as bankruptcy co-counsel; (b) Kroll Restructuring Administration LLC, as their administrative agent; (c) AP Services, LLC to provide the Debtors with a chief restructuring officer and additional personnel; (d) Ducera Partners LLC and certain of its affiliates (collectively, "Ducera"), as investment banker; (e) Ernst & Young LLP, as their tax provider; (f) Hilco Real Estate, LLC as their real estate advisor; and (g) Petrillo, Klein & Boxer

LLP as the Debtors' special independent investigation counsel. The Debtors may also file motions or applications to employ additional professionals and will seek authority to retain certain ordinary course professionals.

20. Each of the firms listed above works, and will continue to work, under the direction of the Debtors' management. The Debtors' directors, officers and senior management are committed to minimizing duplication of services to reduce professional costs. To that end, Young Conaway will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

### Bankruptcy Rule 2014 Disclosure

21. To the best of the Debtors' knowledge, and except as disclosed herein and in the Morton Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtors;

    b. are not and were not, within two years of the Petition Date, directors, officers, or employees of the Debtors; and

    c. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

22. For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

### NOTICE

23. Notice of this Application has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad

Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit D</u>, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 19, 2024
       Wilmington, Delaware

**Franchise Group, Inc.**

*/s/ David Orlofsky*
David Orlofsky
Chief Restructuring Officer