# EXHIBIT C

**Orlofsky Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered) |

**DECLARATION OF DAVID ORLOFSKY IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

I, David Orlofsky, hereby submit this declaration (this "Declaration") under penalty of perjury:

1.  I submit this Declaration in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Co-Counsel for the Debtors, Effective as of the Petition Date* (the "Application").[2] Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

2. I am the Chief Restructuring Officer of Debtors Freedom VCM Holdings, LLC and Franchise Group, Inc. In this capacity, I am familiar with the Debtors' decision to retain and employ Young Conaway as counsel in these Chapter 11 Cases. I generally am responsible for, among other things, supervising the Debtors' outside counsel and monitoring and controlling legal costs.

## The Debtors' Selection of Young Conaway as Counsel

3. The Debtors selected Young Conaway as their bankruptcy co-counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an effective and efficient manner on behalf of the Debtors' estates. Additionally, in preparing for these Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that might arise in the context of these Chapter 11 Cases. Therefore, the Debtors believe that Young Conaway is uniquely qualified to represent them as bankruptcy counsel in these Chapter 11 Cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

**Rate Structure**

4. Young Conaway has informed the Debtors that their hourly rates for bankruptcy representations are comparable to (a) the hourly rates they charge for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having had experience working with large law firms, and having previously reviewed invoices from other large law firms, I can verify that the rates being charged by Young Conaway in connection with this representation are within the range typically charged by similar firms in complex matters.

5. I am the primary individual responsible for reviewing the invoices regularly submitted by Young Conaway, and I am informed that the rates that Young Conaway charged the Debtors in the prepetition period are the same as the rates that Young Conaway will charge the Debtors during these Chapter 11 Cases subject to periodic adjustment to reflect economic and other conditions.

**Cost Supervision**

6. The Debtors and Young Conaway expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that, during the course of these Chapter 11 Cases, it is possible that there may be issues or disputes that create the need for additional fees and expenses charged by Young Conaway. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases. The Debtors will continue to review the invoices that Young Conaway regularly submits and periodically amend the budget and staffing plans as these Chapter 11 Cases develop.

7. As they did prepetition, the Debtors will continue to closely monitor Young Conaway's fees and expenses. Young Conaway's fees and expenses will be subject to review, comment, and objection (if warranted), and court approval pursuant to interim compensation procedures that provide for the interim allowance and payment of fees and expenses during these Chapter 11 Cases. Young Conaway's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware, any official committee appointed in these Chapter 11 Cases and the Court, as well as by the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2024                                  Respectfully submitted,

                                                          */s/ David Orlofsky*
                                                          David Orlofsky
                                                          Chief Restructuring Officer