**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 435** |

**DECLARATION OF DAVID ORLOFSKY IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

I, David Orlofsky, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, declare the following to the best of my knowledge, information, and belief:

1.  I am a Managing Director of AlixPartners, LLP, an affiliate of AP Services LLC ("APS") and an internationally recognized restructuring and turnaround firm. APS was retained

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"). In addition, I have been employed and retained to serve as the Chief Restructuring Officer of Debtors Freedom VCM Holdings, LLC and Franchise Group, Inc. since October 11, 2024.

2. I am familiar with the day-to-day operations and business and financial affairs of the Debtors. All facts set forth in this declaration (the "Declaration") are based upon my personal knowledge of the Debtors' operations and financing, information learned from my review of relevant documents, information supplied to me from members of the Debtors' management or the Debtors' advisors, or my opinion based on my knowledge, experience and information concerning the Debtors' operations and financial condition. If called to testify, I could and would testify competently to the matters set forth in this Declaration.

3. On November 3, 2024 (the "Petition Date"), the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, I submitted the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration") to provide the Court and other parties in interest with an overview of the Debtors' businesses and to describe the circumstances compelling the commencement of these Chapter 11 Cases.

4. I submit this Declaration in support of the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with such Interests to Attached to the Proceeds, and (B) Granting Related Relief* [Docket. No. 435] (the "Motion")[2].

**The Purchase Agreement**

5. As described in the First Day Declaration, prior to the Petition Date, the Debtors

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

and their advisors conducted a prepetition marketing process to sell American Freight's assets, including the Purchased Assets, as a going concern. While this market outreach yielded several indications of interest, no actionable bids ultimately materialized. Following this process, the Debtors made the difficult decision to conduct store closing sales at each of American Freight's retail locations and liquidate and wind down American Freight through these Chapter 11 Cases.

6. In parallel with the store closing process, and to ensure that the Debtors maximize the value of American Freight's assets for their stakeholders, the Debtors and their advisors have solicited interest from potential buyers and acquirors of American Freight's intangible assets that will not be liquidated through the store closing process. These assets include the Purchased Assets, which are composed of the Acquired Leases and the Acquired Intellectual Property (as defined in the Purchase Agreement). These efforts have resulted in the Debtors' entry into the Purchase Agreement, which, subject to Court approval, provides for the Purchaser's acquisition of the Purchased Assets on the terms set forth therein.

## A Private Sale of the Purchased Assets is Appropriate

7. I believe that the Private Sale of the Purchased Assets to the Purchaser, pursuant to the Purchase Agreement, is appropriate and in the best interests of the Debtors, their estates, and their creditors. I also believe that the Private Sale reflects the most value maximizing transaction available for the Purchased Assets under the circumstances.

8. The Purchased Assets have already been market tested through the prepetition marketing process, which yielded no actionable proposals that included the Purchased Assets. The Debtors also solicited interest in the Purchased Assets on a postpetition basis. To date, no party, other than the Purchaser, has expressed any formal interest in acquiring the Purchased Assets.

9. I believe that an additional marketing process for the Purchased Assets would likely

not result in any other offer, let alone any higher and better offer, for the assets. Indeed, considering that the store closing process is expected to conclude prior to the end of this month, it is unlikely that the Debtors would receive any other actionable offer for the Acquired Leases prior to the conclusion of the process, at which time the Acquired Leases would be rejected to avoid additional and unnecessary operating and lease expenses associated with the store locations.

10. Moreover, it is unlikely that an additional marketing process would result in any higher and better offer for the Acquired Intellectual Property. I understand that the value of the Acquired Intellectual Property relies on the continued operation of the American Freight business as a going concern. To date, and following a robust prepetition marketing process, no party, other than the Purchaser, has expressed has any formal interest in acquiring American Freight's business as a going concern, let alone acquiring the Acquired Intellectual Property.

## The Terms of the Private Sale Should be Approved

11. I believe that the Debtors and the Purchaser negotiated the Purchase Agreement and each of the transactions contemplated therein at arms' length, in good faith, and without collusion. The Debtors did not enter into the Purchase Agreement for the purpose of hindering, delaying, or defrauding present or future creditors of the Debtors. The Debtors are not entering into the Purchase Agreement or proposing to consummate the Private Sale fraudulently or for the purpose of any statutory or common law fraudulent conveyance or fraudulent transfer, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia. I do not believe that the Debtors or the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

12. The Debtors have full corporate power and authority to execute and deliver the

Purchase Agreement and consummate the transactions contemplated therein. The sale transaction contemplated by the Purchase Agreement has been duly and validly authorized by all necessary corporate action, the Debtors are the sole and rightful owners of the Purchased Assets, and no other person has any ownership right, title, or interests therein.

13. I believe that the assumption and assignment of the Acquired Leases enhances the value of the Debtors' estates and that the Purchaser has the ability to cure any monetary defaults existing under any Acquired Leases as of and including the Closing Date (as defined in the Purchase Agreement). I also believe that the Purchaser has the ability to continue future performance under the Acquired Leases.

14. I do not believe that the Debtors would have been able to secure a buyer for the Purchased Assets (including the Purchaser) without a finding that the sale transaction would be consummated free and clear of all claims, interests, and encumbrances.

15. Finally, it is my understanding that neither the Purchaser, nor any of its affiliates, are a successor to any of the Debtors or their estates, and none of the transactions contemplated by the Purchase Agreement amounts to a consolidation, merger, or de facto merger of the Purchaser or any of its affiliates with or into any of the Debtors. I also understand that the Purchaser is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

****

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 20, 2024                                   /s/ *David Orlofsky*

                                                           David Orlofsky
                                                           Chief Restructuring Officer