**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**Hearing Date: January 15, 2025 at 10:00 a.m. (ET)**
**Objection Deadline: January 8, 2025 at 4:00 p.m. (ET)**

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF NOVEMBER 21, 2024

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned

chapter 11 cases (the "Chapter 11 Cases") files this application (the "Application") for entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections

328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

District of Delaware (the "Local Rules"), authorizing the Committee to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel for the Committee, effective as of November 21, 2024.   In support of the Application, the Committee relies on: (i) the *Declaration of Bradford J. Sandler in Support of Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of November 21, 2024*, attached hereto as **Exhibit B** (the "Sandler Declaration"); and (ii) the *Declaration of Committee Co-Chair NNN REIT, LP (fka National Retail Properties) in Support of Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to the Committee Effective as of November 21, 2024*, attached hereto as **Exhibit C** (the "Committee Co-Chair Declaration"), all of which are submitted concurrently with this Application.  In support of this Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## Background

4.      On November 3, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      On November 19, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, which consists of the following members:   (i) Nestle and its Subsidiaries, including Nestle Purina Petcare, Nestle USA, Garden of Life, Orgain, & Atrium; (ii) Solstice Sleep Company; (iii) Federal Warranty Service Corporation; (iv) NNN REIT, LP (fka National Retail Properties); and (v) Jennifer Walker, Individually and in her Capacity as Putative Class Representative.

6.      On November 21, 2024, the Committee selected PSZJ as counsel, and thereafter the Committee selected Province, LLC ("Province") as financial advisor.

## Relief Requested

7.      By this Application, the Committee respectfully requests that the Court enter the Order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain PSZJ as its counsel in the Chapter 11 Cases.  The Committee seeks to retain PSZJ effective as of November 21, 2024 because PSZJ began providing services to the Committee as of such date.  The Committee believes that retroactive approval of the Firm's retention is appropriate because the Committee required

effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of the Chapter 11 Cases.

## PSZJ's Qualifications

8.     The Committee seeks to retain PSZJ as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Firm has approximately 75 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including: *SunPower Corporation*; *Ambri, Inc.*; *Number Holdings, Inc.*; *Unconditional Love Inc.*; *AN Global, LLC*; *Big Village Group Holding LLC*; *Agway Farm & Home Supply, LLC*; *Alamo Drafthouse Cinemas Holdings, LLC*; *YouFit Health Clubs, LLC*; *Lucky Brand Dungarees, LLC*; *Art Van Furniture, LLC*; *CraftWorks Parent, LLC*; *Surgalign Holdings, Inc.*; *Cyxtera Communications, LLC*; *Bed Bath & Beyond Inc.*; and *Party City Holdco Inc.*, among others.  Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

9.     Subject to further order of the Court, the Firm is expected to render, among other services, the following services to the Committee:

      a.     Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of the Chapter 11 Cases;

      b.     Assisting, advising, and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and the Chapter 11 Cases;

      c.     Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens,

and participating in and reviewing any proposed asset sales, asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

d. Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

e. Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations, and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Chapter 11 Cases or to the formulation of a plan;

f. Assisting, advising, and representing the Committee in connection with any sale of the Debtors' assets;

g. Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

h. Assisting, advising, and representing the Committee in understanding its powers and duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

i. Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

j. Providing such other services to the Committee as may be necessary in the Chapter 11 Cases.

10. PSZJ will coordinate closely with Province to minimize duplication of services provided to the Committee by each professional and to meet the scope of services that each firm is retained to provide.

## No Adverse Interest and Disclosure of Connections

11. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to, and has no connection with, the Committee, the Debtors, their creditors, or any party

in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration and subject to PSZJ's ongoing conflicts review.

12.     Except to the extent disclosed in the Sandler Declaration, neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, in the Chapter 11 Cases.

13.     The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

14.     PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these Chapter 11 Cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have, collectively or individually, against the Debtors.

15.     Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Chapter 11 Cases.

### Professional Compensation

16.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis at PSZJ's standard hourly rates pursuant to section 328(a) of the Bankruptcy Code, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current standard hourly rates for professionals and paralegals presently designated to represent the Committee are as follows:

| | | |
|---|---|---|
| a. | Partners | $995.00 to $2,175.00 |
| b. | Of Counsel | $975.00 to $1,675.00 |
| c. | Associates | $650.00 to $1,075.00 |

      d.      Paraprofessionals  $545.00 to $595.00

17.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

18.    The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate PSZJ fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates listed above, it is PSZJ's policy to charge for all other expenses incurred in connection with its clients' cases.  These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZJ will charge the Committee for these expenses in a manner and at rates consistent with those charged to other PSZJ clients and the rules and requirements of this Court.  PSZJ believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

19.    The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to pay PSZJ its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Sandler Declaration, and to reimburse PSZJ according to its customary reimbursement policies, and the Committee submits that such rates are reasonable.

**Notice**

20.     The Committee will provide notice of this Application to:  (a) U.S. Trustee; (b) counsel to the Debtors; and (c) all parties requesting service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

**No Prior Request**

21.     No prior request for the relief sought in this Application has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Committee respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.


Dated:  December 20, 2024

*/s/ David G. Byrnes*

Name:  David G. Byrnes
Authorized Representative
NNN REIT, LP (fka National Retail Properties),
acting solely in its capacity as Co-Chair of the
Official Committee of Unsecured Creditors of
Franchise Group, Inc., *et al.*