IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: January 15, 2025 at 10:00 a.m. (ET)<br>Objection Deadline: January 8, 2025 at 4:00 p.m. (ET) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF NOVEMBER 21, 2024**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing and approving the employment of Province, LLC ("Province") as financial advisor to the Committee in connection with the Debtors' chapter 11 cases, effective as of November 21, 2024. In support of the Application, the Committee also files the *Declaration of Sanjuro Kietlinski* (the "Kietlinski Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the Debtors each filed their voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108(a) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2. On November 19, 2024, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for Region 3, District of Delaware (the "U.S. Trustee"), appointed the Committee. *See* Docket No. 188. The following are the current members of the Committee: (i) Nestle and its Subsidiaries, including Nestle Purina Petcare, Nestle USA, Garden of Life, Orgain, & Atrium; (ii) Solstice Sleep Company; (iii) Federal Warranty Service Corporation; (iv) NNN REIT, LP (fka National Retail Properties); and (v) Jennifer Walker, Individually and in her Capacity as Putative Class Representative.

3. On November 21, 2024, the Committee selected Province as its proposed financial advisor.

4.      Province has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as (i) financial advisor to the official committees of unsecured creditors of A.B.C. Carpet, AgileThought, Alex and Ani, American Tire Distributors, Armstrong Flooring, Aruze Gaming, Ascena Group, Avadim Health, AIO US (Avon), Barretts Minerals, Benitago, BL Restaurants Holding, Carbonlite Holdings, Casa Systems, Cherry Man Industries, Conn's, Cyprus Mines, David's Bridal, DCL Holdings (USA), Destination Maternity, DirectBuy Home Improvement, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo International, Express, Francesca's Holding Corporation, Guardian Elder Care, Hardinge, Honx, Insys Therapeutics, Independent Pet Partners, Invacare, J Crew, L'Occitane, Lucky's Market, Lumio, Mallinckrodt, Midwest Christian Villages, Mountain Express Oil Company, Nielsen & Bainbridge (NBD Home), Neopharma, Nevada Copper, Noble House, One Web, Papyrus, Path Medical, Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Prime Core Technologies, Restoration Forest Products Group, LLC, Reverse Mortgage, Revlon, Sientra, SiO2 Medical Products, South Hills Operations, Stimwave Technologies, Surgalign, TECT Aerospace Group, The Rockport Company, Salt Life, South Hills Operations, Sunpower, True Religion Apparel, True Value, Tuesday Morning, Virgin Orbit, Water Gremlin, Wesco Aircraft, White Stallion Energy, Whittaker, Clark & Daniels, and Winsor Terrace; (ii) financial advisor to the debtors 4E Brands, Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences, Coin Cloud, Frontsight Management, Irwin Naturals, Penthouse Global Media, Rhodium Enterprises, Superior Linen, True Religion Apparel, WeWork and Woodbridge Group of Companies; and (iii) trustee or trustee advisor in Aegean Marine Petroleum, Advance Watch, American Apparel, Aruze Gaming, Borden Dairy, CS Mining, Cycle Force, DCL, EBH Topco, Eclipse Berry Farms, Energy & Exploration (ENXP), Fieldwood,

3

Gump's, Invacare, La Paloma Generating Company, Limetree Bay Services, Invacare, Mallinckrodt, Maxus Energy, Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, Proterra, RadioShack Corporation, RMIT (Reverse Mortgage), Samson Resources, SiO2, Stimwave Technologies, and Vesta Holdings, among others.

## JURISDICTION AND VENUE

5. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6. The legal predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1.

7. The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

8. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain Province as its financial advisor in these chapter 11 cases. The Committee selected Province in furtherance of the efficient administration of the estates on behalf of the Committee. The Committee seeks to retain Province effective as of November 21, 2024,

4

the date that Province began providing services to the Committee. The Committee believes that such retention is appropriate in these chapter 11 cases because the Committee required Province's assistance prior to such time as a retention application could be submitted to the Court due to the exigencies of these cases.

### SCOPE OF EMPLOYMENT

9. Subject to further order of this Court, the services Province has rendered and may be required to render for the Committee, include without limitation, the following:

   a. becoming familiar with and analyzing the Debtors' DIP budget, assets and liabilities, and overall financial condition;
   b. reviewing financial and operational information furnished by the Debtors;
   c. monitoring the sale process, interfacing with the Debtors' professionals, and advising the Committee regarding the process;
   d. scrutinizing the economic terms of various agreements, including, but not limited to, various professional retentions;
   e. analyzing the Debtors' proposed business plans and developing alternative scenarios, if necessary;
   f. assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therefrom;
   g. preparing, or reviewing as applicable, avoidance action and claim analyses;
   h. assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, DIP budgets, and monthly operating reports;
   i. advising the Committee on the current state of these chapter 11 cases;
   j. advising the Committee in negotiations with the Debtors and third parties as necessary;
   k. if necessary, participating as a witness in hearings before the Court with respect to matters upon which Province has provided advice; and
   l. other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province.

### NO ADVERSE INTEREST OF PROFESSIONALS

10. To the best of the Committee's knowledge and based upon the Kietlinski Declaration attached hereto, neither Province nor any of its employees have any connection with

any party in interest, their attorneys or accountants, other than as set forth in the Kietlinski Declaration.

11. To the best of the Committee's knowledge, except as provided in the Kietlinski Declaration, neither Province, nor any of its employees represent any interest adverse to that of the Committee in the matters on which they are to be retained.

12. While Province has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should Province, through its continuing efforts, learn of any new connections of the nature described above, Province will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

13. Province represents many debtors, trustees, and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtors. However, Province will not represent those debtors, committees, or estates with respect to any claims that they may collectively or individually have against the Debtors.

## **PROFESSIONAL COMPENSATION**

14. The Committee desires to employ Province and to have Province compensated with reasonable fees to be determined by the Court. No compensation will be paid to Province except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. Province has received no retainer in these cases to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by Province in its representation of the Committee. Province's current standard hourly rates are:

| **Professional Level** | **Per Hour (USD)** |
| --- | --- |
| Managing Directors and Principals | $870-$1,450 |
| Vice Presidents, Directors, and Senior Directors | $690-$950 |
| Analysts, Associates, and Senior Associates | $370-$700 |
| Other / Para-Professional | $270-$410 |

15.     Effective as of January 1, 2025, Province is raising its market rates for its services of like kind to the following revised hourly rates (for which the Application shall serve as timely notice thereof):

| **Professional Level** | **Per Hour (USD)** |
| --- | --- |
| Managing Directors and Principals | $900-$1,450 |
| Vice Presidents, Directors, and Senior Directors | $700-$1,050 |
| Analysts, Associates, and Senior Associates | $350-$825 |
| Paraprofessional / Admin | $270-$450 |

16.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other than with respect to those rate increases disclosed in the Application, Province will provide notice to the Debtors, the Committee, and the U.S. Trustee before implementing any increases in Province's rates for professionals working on these chapter 11 cases.

17.     In addition, Province will bill for all out-of-pocket expenses reasonably and actually incurred by Province in connection with the matters contemplated by this Application.

## **NOTICE**

18.     Notice of the Application will be given to the following parties or their counsel: (i) the Debtors; (ii) the Office of the U.S. Trustee for the District of Delaware; and (iii) any party that requests service pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of

the nature of the relief requested and the circumstances surrounding the Chapter 11 Cases, no other or further notice is required or necessary.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as **Exhibit A**, (i) approving the retention and employment of Province as its financial advisor, effective as November 21, 2024, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated: December 20, 2024

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FRANCHISE GROUP, INC., ET AL.

By: */s/David G. Byrnes*
Name: David G. Byrnes
Authorized Representative
NNN REIT, LP (fka National Retail Properties), acting solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Franchise Group, Inc., *et al.*