# IN THE UNITED STATES BANKRUPTCY
# COURT FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.* | § § | Case No. 24-12480 (JTD) |
| Debtors | § § § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## Franchise Group Newco BHF, LLC
### CASE NO. 24-12515 (JTD)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure.

Eric Seeton or Andrew Laurence have signed the Schedules and Statements, and Mr. Seeton and Mr. Laurence are authorized signatories for the Debtors. Mr. Seeton serves as the Chief Financial Officer for certain of the Debtors, including Franchise Group, Inc., and Mr. Laurence serves as the President for certain of the other Debtors, including Freedom VCM Interco,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Inc. and Freedom VCM, Inc.  In reviewing and signing the Schedules and Statements, Mr. Seeton and Mr. Laurence have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors.  Given the scale of the Debtors' business and the complexity of the Debtors' records, Mr. Seeton and Mr. Laurence have not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made a reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1.   **Description of Cases.**  On November 3, 2024, (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered.  See Docket No. 88.  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the close of business on November 3, 2024.

2.   **Global Notes Control.**  These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.

3.      __Reservations and Limitations.__  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Debtors' rights or an admission of any kind with respect to the Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)      __No Admission.__  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)      __Recharacterization.__  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(c)      __Classifications.__  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)      __Claims Description.__  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)  **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results may differ from such estimates.

(f)  **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.  The listing of any cause of action for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

(g)  **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)  **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors; the extent to which any individual exercised management responsibilities, functions, or corporate decision-making authority over the Debtors; or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

(i)    **Personally Identifiable Information.**  In accordance with the relief granted in *Order (I) Authorizing Debtors To Redact Certain Personally Identifiable Information, and (II) Granting Related Relief* (Docket No. 114), certain personally identifiable information, including home address of individuals, has been redacted in the Schedules and Statements.

4.    **Receivables Transactions.**  As described more fully in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15, ¶¶ 35-38] (the "First Day Declaration"), prior to the Petition Date, Debtor Freedom Receivables II, LLC ("Freedom II") acquired certain accounts receivables from non-Debtor W.S. Badcock Corporation ("Badcock") in September 2022 (the "Tranche A-D Receivables") and August 2023 (the "Tranche E Receivables" and together with the Tranche A-D Receivables, the "Receivables").

Between November 2023 and early October 2024, pursuant to contractual obligations, Freedom II repaid $15.3 million to an affiliate of B. Riley Principal Investments, LLC ("BRPI") and the Klotz Family Trust (a minority owner of Freedom II prior to the Take-Private Transaction, as defined below) ("KFT"). These payments are reflected on the Statements of Financial Affairs, Questions 3 and 4, of Freedom II and Freedom VCM Receivables, Inc.  Presently, Freedom II currently does not hold any Tranche A-D Receivables and is not obligated to any party on account of such Tranche A-D Receivables. To the best of the Debtors' knowledge, BRPI and KFT do not hold claims against the Debtors on account of the Tranche A-D Receivables.

When the Debtors sold Badcock to Conn's, Inc. ("Conn's") in December 2023, Freedom II became contractually obligated to deliver to Conn's certain of the Tranche E Receivables.  Freedom II currently holds certain Tranche E Receivables that it is contractually obligated to deliver to Conn's.  Thus, to the best of the Debtors' knowledge and based on the Debtors' books and records, Conn's may have an unsecured contractual claim against the Debtors that is reflected on Schedule E/F for Freedom II.  To the best of the Debtors' knowledge, BRPI does not hold claims against the Debtors on account of the Tranche E Receivables.  The Debtors reserve all rights as to this claim and any others that Conn's and BRPI may assert against the Debtors' estates.

5.    **Methodology.**

(a)    **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis and do not include intercompany eliminations.

(b)    **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and

Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(c)     **Date of Valuations.**  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date. Where values as of the Petition Date are not available, or where making calculations as of the Petition Date would create undue expense to the estates, the Debtors used values as of the prior month-end close, October 26, 2024. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made reasonable efforts to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

(d)     **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of October 26, 2024.  Market values may vary materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The Debtors have not performed an analysis of impairment of fixed assets, goodwill or other intangibles.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)     **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(f)     **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(g)     **Undetermined Amounts.**  The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unknown," "undetermined," or "unliquidated."

(i)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  Further, given that certain liabilities are estimated and scheduled in the Statements and Schedules as "undetermined," "unknown," or "unliquidated," total amounts listed may not be equal to the aggregate amount of the Debtors' total liabilities as noted on any financial statements issued prior to the Petition Date.

(j)     **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to certain orders of the Court; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to an order of the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing notices of satisfaction, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(k)     **Intercompany Claims.**  Receivables and payables among the Debtors, are reported as of October 26, 2024 on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.  Due to historical accounting practices, the Debtors may have been unable to ascertain with precision certain intercompany balances among specific Debtors.  As a result, the intercompany balances listed on Schedules A/B or E/F may vary from the Debtors' audited financial statements.  These balances have been calculated consistent with historical practice.

(l)     **Excluded Assets and Liabilities.**  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; certain deferred revenue accounts that are recorded solely for accounting purposes; and certain accrued liabilities including, but not limited to,

accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.

(m)   **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens**.**

(n)   **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(o)   **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, promotions, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

(p)   **Allocation of Assets.**  The Debtors have made best efforts to report assets for each operating company at the appropriate Debtor entity.  Certain assets of American Freight Outlet, LLC may be reflected in the Schedules for American Freight, LLC as the Debtors within the American Freight operating company contemporaneously maintain one set of books across the American Freight legal entities.

6.   **Specific Schedules Disclosures**.

(a)   **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; (II) Waiving Certain Operating Guidelines; (III) Suspending Time to Comply with Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* [Docket No. 9] (the "Cash Management Motion") and the final order approving the Cash Management Motion [Docket No. 414].  The balances of the financial accounts listed on Schedule A/B, Part 1, reflect accounts and balances as of November 3, 2024.

The Debtors have made reasonable efforts to identify all deposits.  Additionally, the Debtors have provided adequate assurance of payment for future utility services to certain counterparties, pursuant to the *Final Order (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services;*

*(II) Deeming Utility Companies Adequately Assured of Future Payment; (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Additional Adequate Assurance of Payment; and (IV) Granting Related Relief* [Docket No. 384]; however, such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of October 26, 2024 (except for American Freight, LLC, which has been prepared as of the Petition Date).

(b)     **Schedule A/B Part 3 – Accounts Receivable.** The Debtors' accounts receivable information includes receivables from the Debtors' members, vendors, franchisees or third parties, and include any amounts that, as of October 26, 2024, may be owed to such parties in the form of offsets or other adjustments pursuant to the Debtors' day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The gross accounts receivable balances in Schedule A/B, Part 3 exclude intercompany receivables.

(c)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed on Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(d)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments as of October 26, 2024. The Debtors have made reasonable efforts to identify all assets; however, property of *de minimis* value may have been inadvertently omitted in the response to this question.

(e)     **Schedule A/B, Part 8 – Automobiles, vans, trucks, motorcycles, trailers; and Machinery, fixtures, equipment, and supplies used in business.** Dollar amounts are presented net of accumulated depreciation and other adjustments as of October 26, 2024. The Debtors have made reasonable efforts to identify all assets; however, property of *de minimis* value may have been inadvertently omitted in the response to this question.

(f)     **Schedule A/B, Part 9 – Real Property.** Actual realizable values of the identified leasehold improvements may vary significantly relative to net book values as of October 26, 2024 and exclude potential impairments realized subsequent to October 26, 2024 with respect to leasehold improvements, etc.

(g)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** The Debtors have identified intangible assets as of October 26, 2024. The Debtors have not listed the value of certain of such assets because the values reflected in the Debtors' books and records may not accurately reflect such assets' value in the marketplace.

(h)     **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of impairments and other adjustments as of October 26, 2024.  The Debtors have listed their gross intercompany receivable balances in Schedule A/B, Part 11.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and vendors.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Tax refunds and unused net operating losses (NOLs).*  The net operating losses listed in Schedule A/B, Part 11 are estimates and should not be relied upon for any purpose.

*Interests in Insurance Policies or Annuities.*  A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Their Insurance Policies, Including Their Insurance Premium Finance Program and To Pay All Obligations in Respect Thereof, (II) Authorizing the Debtors' Banks and Other Financial Institutions To Honor and Process Checks and Transfers Related Thereto, and (III) Granting Related Relief* [Docket No. 6].

(i)     **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, unless otherwise agreed or ordered by the Court, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Although there are multiple parties that hold a portion of the Debtors' senior secured funded debt, only the administrative agent has been listed for purposes of Schedule D.

(j)   **Schedule E/F – Creditors Who Have Unsecured Claims.**

The liabilities identified on Schedule E/F, Part 2, are derived from the Debtors' books and records and are listed as of November 3, 2024. The Debtors have made a reasonable attempt to verify their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. In certain instances, unsecured creditors may have accrued multiple independent liabilities, which have been aggregated in the listed liabilities.

Following the Petition Date, the Court entered certain orders (the "First Day Orders") authorizing, but not directing, the Debtors to, among other things, pay certain (a) insurance obligations; (b) employee wages, salaries, additional compensation, contractor obligations, and employee benefit programs; (c) taxes and fees; (d) utilities; (e) service charges and other fees, costs, and expenses charged by the Debtors' cash management banks; and (f) certain critical vendor payments. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities, to the extent that any such action is necessary. For the avoidance of doubt, the Debtors are not required and may not amend the Schedules and Statements to reflect the postpetition payment of prepetition obligations under the First Day Orders to avoid duplicate payment. Nothing contained herein should be deemed to alter the rights of any party-in-interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

The Court entered a final First Day Order authorizing, but not directing, the Debtors to pay certain prepetition employee wages, salaries, benefits and other related obligations [Docket No. 348]. With the exception of any prepetition severance or deferred compensation, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and, therefore, Schedule E/F does not include such claims. Employees with claims in excess of the statutory cap are listed on Schedule E/F, Part 2, and the balance exceeding $15,150 is listed. Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs. In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors have not listed potential claims as a result of demand letters received from potential litigants given the purely speculative nature of such potential claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. The Debtors have not listed potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims/claimants. Specifically, Schedule E/F Part 2 does not include estimated liabilities for the outstanding store gift cards because the Debtors do not track individual gift and merchandise card holders.

As of the date hereof, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligation, to amend Schedules D and E/F if and as they receive additional prepetition invoices.

The Debtors have not included in the Schedules and Statements the future obligations of any operating leases. Additionally, the Debtors have not included in the Schedules any right-of-use operating lease assets or liabilities related to FASB Accounting Standards Update 2016-2 because the Debtors do not possess any ownership interest in the corresponding properties and believe that the addition of these items would be cumbersome and unnecessary for understanding the value of the Debtors' estates. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

The listing of a claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status either as a deposit or otherwise and the Debtors expressly reserve their rights to contest the characterization of any such claim.

(k)  **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date, or that such contract or agreement is valid or enforceable.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnification obligations, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth on Schedule G.  Moreover, to the extent any agreements are governed by a master services agreement, the Debtors have endeavored to list the master services agreement on Schedule G.  The Debtors have made reasonable efforts to identify the Debtor entity for each contract, and, in instances where this could not be determined, the contract is listed on the Schedules of Franchise Group, Inc.

In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month or at-will basis, as well as purchase orders, statements of work, It would it be unduly burdensome and cost-prohibitive to list such agreements in Schedule G and, therefore, such agreements are not listed individually on Schedule G.

The Debtors have not listed any contracts or unexpired leases for which the Debtors have obtained authority to reject pursuant to the Debtors' rejection orders [Docket Nos. 350, 352 & 446] or for which the Debtors have requested authority to reject pursuant to the Debtors' pending rejection motions [Docket Nos. 433 & 451].

The description of any contract on Schedule G does not constitute an admission by the Debtors as to the characterization of such contract.  The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or

unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Given the number of rent-to-own contracts between Debtor Buddy's Newco, LLC and its customers as well as privacy concerns, those contracts have not been listed here; however, absence of these contracts from Schedule G is not intended to impair the rights of either the Debtor or the Debtor's customers under those agreements.

(l) **Schedule H – Co-Debtors.**  Franchise Group, Inc. serves as a guarantor in connection with certain of the Debtors' unexpired leases.  Given the Debtors' substantial store footprint, it would be unduly burdensome to list this party on Schedule H of each Debtor to a real property lease.  Therefore, the Debtors have not identified Franchise Group, Inc. as a co-debtor on Schedule H with respect to such obligations.  The Debtors reserve all rights to amend Schedule H to the extent that additional information associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements is identified.

7.   **Specific Statements Disclosures.**

(a) **Statements, Part 1, Question 1 – Gross Revenue from Business.**  As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, shipping and handling, and sales tax.  Sales are not reflected net of intercompany receivables and payables, which may result in gross revenue being overstated.

(b) **Statements, Part 1, Question 2 – Income from Other than Operations.**  Values listed in this section include revenue regardless of whether that revenue is taxable.

(c) **Statements, Part 2, Question 3 – Payments to Certain Creditors.**  Disbursements made on account of multiple invoices may be reflected as a single payment.  All transfers in Part 2, Question 3 of the Schedules are listed as of the check date.

(d) **Statements, Part 2, Question 4 – Payments to Insiders.**  In limited circumstances, relatives of insiders may have been employed as employees at certain of the Debtors' locations.  Wages and benefits paid to such employees in the ordinary course of business are not listed in Part 2, Question 4.

(e) **Statements, Part 4, Question 9 – Gifts and Charitable Contributions.**  In July and October of 2024, following Hurricane Beryl, inventory donations were shipped to Pet Supplies "Plus" stores in Texas, which then distributed the inventory to various charitable organizations in de minimis amounts.

(f) **Statements, Part 5, Question 10 – Certain Losses.**  The Debtors incur certain immaterial losses in the ordinary course of business.  Such amounts are not listed in the Statements.

(g)  **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**  On December 19, 2024, the Debtors filed the *Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 474] ("Willkie Retention Application").  As disclosed in the Willkie Retention Application, Willkie Farr & Gallagher LLP ("Willkie") represented the Debtors in numerous corporate, regulatory, litigation, restructuring, and other matters since 2019.  In response to Question 11, the Debtors have listed all payments made to Willkie by the Debtors in the year prior to the Petition Date in connection with such representations, including representations related to restructuring, seeking bankruptcy relief, or filing a bankruptcy case. not those relating solely to the bankruptcy.

In addition, in the year prior to the Petition Date, Willkie received certain payments from unaffiliated non-debtor parties in connection with its representation of the Debtors in certain mergers and acquisitions transactions.   In response to Question 11, the Debtors have not listed such amounts.

Finally, as disclosed in the Willkie Retention Application, Willkie assisted Mr. Kahn in connection with his separation from Franchise Group, Inc. and, in the course of that representation, held certain funds in a professional fee escrow for the benefit of Mr. Kahn until the funds were ultimately released to Mr. Kahn in January 2024.  Such escrowed funds are not listed in response to Question 11.

(h)  **Statements, Part 6, Question 13 – Transfers Made Within Two Years of the Petition Date.**  As described in the First Day Declaration, the Debtors became a private company in August 2023 (the "Take-Private Transaction") pursuant to that certain *Agreement and Plan of Merger*, dated as of May 10, 2023, by and among Franchise Group, Inc., Freedom VCM, Inc., and Freedom VCM Subco, Inc. Certain of Franchise Group, Inc.'s common shareholders received $30.00 in cash for each share of Franchise Group, Inc.'s common shares that they held, and certain of Franchise Group, Inc.'s preferred shareholders received $25.00 in cash for each share of Franchise Group, Inc.'s preferred shares, plus any accrued and unpaid dividends, if any.  The Debtors have not listed in Part 6, Question 13 all transfers made in connection with the Take-Private Transaction, including the transfers to common and preferred shareholders.

(i)  **Statements, Part 7, Question 14 – Previous Addresses.**  Given the number of stores the Debtors operate, the Debtors have not listed formerly owned and leased stores and distribution centers that closed prior to the Petition Date.

(j)  **Statements, Part 9, Question 16 – Personally Identifiable Information.**  The Debtors collect a limited amount of information from customers, including personally identifiable information, via their website portals, over the telephone, or in person in order to provide services to customers and inform them of new products and services.  Examples of the types of information collected by the Debtors include, among other things, mailing addresses, email addresses, phone number,

and names. The Debtors retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements. The Debtors maintain privacy policies and have information security protocols to safeguard personally identifiable information.

(k)     **Statements, Part 9, Question 17 – Employee Benefits.** The Debtors maintain a deferred compensation program for certain Pet Supplies "Plus" employees. Such program is not listed in the Statements.

Prior to the Petition Date, the Debtors acquired businesses as part of their business model. To the extent any of these acquired businesses maintained 401(k) or other pension or profit-sharing plans, the Debtors merged such plans into their existing plans. Such plans have been listed in the Statements, but may not be current plans under which the Debtors operate.

(l)     **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, franchise owners, rating agencies, landlords and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

(m)     **Statements, Part 13, Question 27 – Inventories.** The Debtors inventory product at their various store locations and distribution centers on a rolling basis. In an effort to reduce the volume of disclosures that would be otherwise applicable, the Debtors have omitted such frequent cycle counts conducted by the stores and distribution centers. Also, twice per year, the Debtors conduct a physical inventory count at each store. Due to the volume of information for the number of stores the Debtors operate, these physical counts have not been included in Part 13, Question 27 of the Statements.

(n)     **Statements, Part 13, Question 28 – Officers and Directors.** The response in Part 13, Question 28 of the Statements reflects director and officer status at the Debtors as of the Petition Date and does not reflect any changes to the Debtors' directors and officers following that date.

David Orlofsky is included in the response to Statement Part 13, Question 28 in his capacity as Chief Restructuring Officer to the Debtors. Payments made to AlixPartners, LLP in the one year prior to filing, including any amounts related to his appointment as Chief Restructuring Officer, are including in the response to Statement Part 6, Question 11.

(o)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Please refer to Question 4 of the Statements regarding all payments to insiders.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

    ☑ No. Go to Part 2.
    ☐ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 4. **Other cash equivalents (Identify all)** | | | |
| 5. **Total of Part 1.** | | | |
| Add lines 2 through 4. Copy the total to line 80. | | | |

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

   ☑ No. Go to Part 4.
   ☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|

11. **Accounts receivable**

12. **Total of Part 3.**
   Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

**Part 4:**  Investments

---

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.
    ☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4.**
    Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

**Part 5:**    Inventory, excluding agriculture assets - detail

18. **Does the debtor own any inventory (excluding agriculture assets)?**
☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
☐ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No.
☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 6:**     Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

29. **Farm animals**

30. **Farm machinery and equipment**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 7:** Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 8:**   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 9: | Real property - detail |
|---------|------------------------|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☑ No. Go to Part 11.
   ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
   Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

   ☐ No.
   ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ☐ No.
   ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ☐ No.
   ☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**
    Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0.00 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | | |
| 88. Real property. Copy line 56, Part 9. | | $0.00 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | $0.00 | | |
| 90. All other assets. Copy line 78, Part 11. | $0.00 | | |
| 91. Total. Add lines 80 through 90 for each column. | $0.00 | $0.00 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**    **$0.00**

| Fill in this information to identify the case and this filing: | |
| --- | --- |
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**    **List Creditors Who Have Secured Claims**

1.  **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in the information below.

2.  **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2.1 ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT<br>225 WEST WASHINGTON STREET 9TH FLOOR<br>CHICAGO, IL 60606 | ☐ | ☐ | ☑ | GUARANTOR ON SECOND LIEN TERM LOAN INCLUDING INTEREST AND PIK LETTERS | ☑ ☐ ☐ | $134,373,909.97 | |
| 2.2 JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT<br>237 PARK AVENUE, 7TH FLOOR<br>ATTN: JAMES KNIGHT, FRANCHISE GROUP CREDIT OFFICER<br>NEW YORK, NY 10017<br>EMAIL: JAMES.A.KNIGHT@JPMORGAN.COM | ☐ | ☐ | ☑ | GUARANTOR ON ABL CREDIT AGREEMENT INCLUDING INTEREST, FEES, LETTERS OF CREDIT | ☑ ☐ ☐ | $262,888,509.42 | |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    **List Creditors Who Have Secured Claims**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 2.3 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE 19890 | ☐ | ☐ | ☑ | GUARANTOR ON FIRST LIEN TERM LOAN INCLUDING INTEREST | ☑ ☐ ☐ | $1,131,839,374.17 | |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    **$1,529,101,793.56**

# Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

4.  **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|

**Counsel to ABL Lenders and/or Agent**

| | | |
|---|---|---|
| 4.1  LATHAM & WATKINS LLP<br>ATTN: JAMES KSTANES, TIMOTHY BEAU PARKER<br>330 N WABASH AVENUE<br>SUITE 2800<br>CHICAGO, IL 60611 | | |
| 4.2  LATHAM & WATKINS LLP<br>ATTN: ANDREW SORKIN<br>555 ELEVENTH STREET NW<br>SUITE 1000<br>WASHINGTON, DC 20004 | | |
| 4.3  POTTER ANDERSON & CORROON LLP<br>ATTN: JEREMY W. RYAN, BRETT M. HAYWOOD<br>ETHAN H. SULIK<br>1313 N. MARKET STREET, 6TH FLOOR<br>WILMINGTON, DE 19801 | | |

**Counsel to First Lien Term Loan Lenders and/or Agent**

| | | |
|---|---|---|
| 4.4  BLANK ROME LLP<br>ATTN: MICHAEL B. SCHAEDLE, STANLEY B. TARR,<br>JORDAN L. WILLIAMS<br>1201 N. MARKET STREET, SUITE 800<br>WILMINGTON, DE 19801 | | |
| 4.5  LANDIS RATH & COBB LLP<br>992 MARKET STREET<br>SUITE 1800<br>ATTN: ADAM LANDIS<br>WILMINGTON, DE 19801 | | |
| 4.6  PAUL HASTINGS LLP<br>200 PARK AVENUE<br>ATTN: JAYME GOLDSTEIN, JEREMY EVANS, ISSAC SASSON<br>FLOOR 30<br>NEW YORK, NY 10166 | | |
| 4.7  SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>ATTN: GREGG BATEMAN<br>21ST FLOOR<br>NEW YORK, NY 10004 | | |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|

**Counsel to Second Lien Term Loan Lenders and/or Agent**

4.8 FARNAN LLP
919 N. MARKET STREET
12 FLOOR
ATTN: MICHAEL FARNAN
WILMINGTON, DE 19801

4.9 HOLLAND & KNIGHT LLP
ATTN: PHILLIP W. NELSON
150 N. RIVERSIDE PLAZA, SUITE 2700
CHICAGO, IL 60606

4.10 WHITE & CASE LLP
1221 AVE OF THE AMERICAS
ATTN: THOMAS LAURIA, ANDREW ZATZ
NEW YORK, NY 10020

| Fill in this information to identify the case and this filing: |  |
|---|---|
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

       ☑ No. Go to Part 2.
       ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

2. **Total: All Creditors with PRIORITY Unsecured Claims**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**   **List All Creditors with NONPRIORITY Unsecured Claims**

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|

3.  **Total: All Creditors with NONPRIORITY Unsecured Claims**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
| --- | --- | --- |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  **Add the amounts of priority and nonpriority unsecured claims.**

5a.  **Total claims from Part 1**

$0.00
+ UNDETERMINED

5b.  **Total claims from Part 2**

$0.00
+ UNDETERMINED

5c.  **Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

$0.00
+ UNDETERMINED

| Fill in this information to identify the case and this filing: |
| --- |

| Debtor Name: | Franchise Group Newco BHF, LLC |
| --- | --- |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
| --- | --- | --- | --- | --- | --- |

| **Total number of contracts** | **0** |
| --- | --- |

| Fill in this information to identify the case and this filing: |  |
|---|---|
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

### ABL Term Loan

| | | |
|---|---|---|
| 2.1 AMERICAN FREIGHT FFO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.2 AMERICAN FREIGHT FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.3 AMERICAN FREIGHT FRANCHISOR, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.4 AMERICAN FREIGHT GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.5  AMERICAN FREIGHT HOLDINGS, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.6  AMERICAN FREIGHT MANAGEMENT COMPANY, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.7  AMERICAN FREIGHT OUTLET STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.8  AMERICAN FREIGHT, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.9  BETANCOURT SPORTS NUTRITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.10  BUDDY'S FRANCHISING AND LICENSING LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.11  BUDDY'S NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.12  EDUCATE, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.13  FRANCHISE GROUP ACQUISITION TM, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.14 FRANCHISE GROUP INTERMEDIATE B, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.15 FRANCHISE GROUP INTERMEDIATE BHF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.16 FRANCHISE GROUP INTERMEDIATE HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.17 FRANCHISE GROUP INTERMEDIATE PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.18 FRANCHISE GROUP INTERMEDIATE S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.19 FRANCHISE GROUP INTERMEDIATE SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.20 FRANCHISE GROUP INTERMEDIATE V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.21 FRANCHISE GROUP NEW HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.22 FRANCHISE GROUP NEWCO INTERMEDIATE AF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.23 FRANCHISE GROUP NEWCO PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.24 FRANCHISE GROUP NEWCO S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.25 FRANCHISE GROUP NEWCO SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.26 FRANCHISE GROUP NEWCO V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.27 FRANCHISE GROUP, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.28 HOME & APPLIANCE OUTLET, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.29 PET SUPPLIES "PLUS", LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.30 PSP DISTRIBUTION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.31 PSP FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.32 PSP GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.33 PSP MIDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.34 PSP SERVICE NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.35 PSP STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.36 PSP SUBCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.37 VALOR ACQUISITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.38 VITAMIN SHOPPE FLORIDA, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.39 VITAMIN SHOPPE FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.40 VITAMIN SHOPPE GLOBAL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.41 VITAMIN SHOPPE INDUSTRIES LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.42 VITAMIN SHOPPE MARINER, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.43 VITAMIN SHOPPE PROCUREMENT SERVICES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

### First Lien Term Loan

| | | |
|---|---|---|
| 2.44 AMERICAN FREIGHT FFO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.45 AMERICAN FREIGHT FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.46 AMERICAN FREIGHT FRANCHISOR, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.47 AMERICAN FREIGHT GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.48 AMERICAN FREIGHT HOLDINGS, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.49 AMERICAN FREIGHT MANAGEMENT COMPANY, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.50 AMERICAN FREIGHT OUTLET STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.51 AMERICAN FREIGHT, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.52 BETANCOURT SPORTS NUTRITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.53 BUDDY'S FRANCHISING AND LICENSING LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.54 BUDDY'S NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.55 EDUCATE, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.56 FRANCHISE GROUP ACQUISITION TM, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.57 FRANCHISE GROUP INTERMEDIATE B, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.58 FRANCHISE GROUP INTERMEDIATE BHF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.59 FRANCHISE GROUP INTERMEDIATE HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.60 FRANCHISE GROUP INTERMEDIATE PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.61 FRANCHISE GROUP INTERMEDIATE S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.62 FRANCHISE GROUP INTERMEDIATE SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.63 FRANCHISE GROUP INTERMEDIATE V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.64 FRANCHISE GROUP NEW HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.65 FRANCHISE GROUP NEWCO INTERMEDIATE AF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.66 FRANCHISE GROUP NEWCO PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

## Part 1:

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.67 FRANCHISE GROUP NEWCO S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.68 FRANCHISE GROUP NEWCO SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.69 FRANCHISE GROUP NEWCO V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.70 FRANCHISE GROUP, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.71 HOME & APPLIANCE OUTLET, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.72 PET SUPPLIES "PLUS", LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.73 PSP DISTRIBUTION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.74 PSP FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.75 PSP GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.76  PSP MIDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.77  PSP SERVICE NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.78  PSP STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.79  PSP SUBCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.80  VALOR ACQUISITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.81  VITAMIN SHOPPE FLORIDA, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.82  VITAMIN SHOPPE FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.83  VITAMIN SHOPPE GLOBAL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.84  VITAMIN SHOPPE INDUSTRIES LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.85  VITAMIN SHOPPE MARINER, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.86  VITAMIN SHOPPE PROCUREMENT SERVICES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

**Second Lien Term Loan**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.87  AMERICAN FREIGHT FFO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.88  AMERICAN FREIGHT FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.89  AMERICAN FREIGHT FRANCHISOR, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.90  AMERICAN FREIGHT GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.91  AMERICAN FREIGHT HOLDINGS, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.92  AMERICAN FREIGHT MANAGEMENT COMPANY, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.93 AMERICAN FREIGHT OUTLET STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.94 AMERICAN FREIGHT, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.95 BETANCOURT SPORTS NUTRITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.96 BUDDY'S FRANCHISING AND LICENSING LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.97 BUDDY'S NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.98 EDUCATE, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.99 FRANCHISE GROUP ACQUISITION TM, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.100 FRANCHISE GROUP INTERMEDIATE B, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.101 FRANCHISE GROUP INTERMEDIATE BHF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

| Part 1: |
| --- |

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
| --- | --- | --- |
| 2.102 FRANCHISE GROUP INTERMEDIATE HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.103 FRANCHISE GROUP INTERMEDIATE PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.104 FRANCHISE GROUP INTERMEDIATE S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.105 FRANCHISE GROUP INTERMEDIATE SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.106 FRANCHISE GROUP INTERMEDIATE V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.107 FRANCHISE GROUP NEW HOLDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.108 FRANCHISE GROUP NEWCO INTERMEDIATE AF, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.109 FRANCHISE GROUP NEWCO PSP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.110 FRANCHISE GROUP NEWCO S, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.111 FRANCHISE GROUP NEWCO SL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.112 FRANCHISE GROUP NEWCO V, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.113 FRANCHISE GROUP, INC.<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.114 HOME & APPLIANCE OUTLET, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.115 PET SUPPLIES "PLUS", LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.116 PSP DISTRIBUTION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.117 PSP FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.118 PSP GROUP, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

| Part 1: |
|---|

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.119 PSP MIDCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.120 PSP SERVICE NEWCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.121 PSP STORES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.122 PSP SUBCO, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.123 VALOR ACQUISITION, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**BORROWER** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.124 VITAMIN SHOPPE FLORIDA, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.125 VITAMIN SHOPPE FRANCHISING, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.126 VITAMIN SHOPPE GLOBAL, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.127 VITAMIN SHOPPE INDUSTRIES LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.128 VITAMIN SHOPPE MARINER, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.129 VITAMIN SHOPPE PROCUREMENT SERVICES, LLC<br>109 INNOVATION CT<br>SUITE J<br>DELAWARE, OH 43015<br><br>**CODEBTOR** | ALTER DOMUS (US) LLC, AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

**Total Number of Co-Debtor / Creditor Rows**        129

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

| **Part 1:** | **Summary of Assets** |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

$0.00

1b. **Total personal property:**
Copy line 91A from Schedule A/B

$0.00

1c. **Total of all property:**
Copy line 92 from Schedule A/B

$0.00

| **Part 2:** | **Summary of Liabilities** |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

$1,529,101,793.56

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

$0.00

4. **Total liabilities**
Lines 2 + 3a + 3b

$1,529,101,793.56

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name: _____ Franchise Group Newco BHF, LLC _____ |
| United States Bankruptcy Court: _____ DISTRICT OF DELAWARE _____ |
| Case Number (if known): _____ 24-12515 (JTD) _____ |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 12/24/2024 _____

**Signature:** /s/ Eric Seeton _____          Eric Seeton, Chief Financial Officer _____
**Name and Title**

# IN THE UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.* | § § | Case No. 24-12480 (JTD) |
| Debtors | § § § | |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## Franchise Group Newco BHF, LLC

### CASE NO. 24-12515 (JTD)

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Franchise Group Newco BHF, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 24-12515 (JTD) |

Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**   **Income**

1. **Gross Revenue from business**

☑ None.

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| | | |

| **Part 1:** | Income |
| --- | --- |

2.  **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None.

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
| --- | --- | --- |
| | | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers — including expense reimbursements — to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None.

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|-----------------------------|-------|-----------------------|---------------------------------|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None.

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reasons for Payment |
|-------------------------------------------------------|-------|--------|---------------------|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None.

| Creditor's Name and Address | Description of the property | Date | Value of Property |
|---|---|---|---|
| | | | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None.

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
| --- | --- | --- | --- | --- |

| Part 3: | Legal Actions or Assignments |

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None.

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
| --- | --- | --- | --- |

| Part 3: | Legal Actions or Assignments |
|---|---|

8.  **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None.

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|---|---|---|---|---|---|

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None.

| Recipient's Name and Address | Recipient's Relation to Debtor | Description of the Gifts and Contributions | Dates Given | Value |
|------------------------------|-------------------------------|--------------------------------------------|-------------|-------|

| **Part 5:** | **Certain Losses** |

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None.

| Description of the property lost and how the lost occurred | Amount of Payments Received for the Loss | Date of Loss | Value of Property Lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | | |

| **Part 6:** | Certain Payments or Transfers |

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None.

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor | If not Money, Describe any Property Transferred | Dates | Value |
| --- | --- | --- | --- | --- | --- |

| Part 6: | Certain Payments or Transfers |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None.

| Name of Trust or Device | Trustee | Describe any Property Transfered | Dates Transfers Were Made | Total Amount / Value |
|---|---|---|---|---|

## Part 6:    Certain Payments or Transfers

13. **Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1 EDUCATE, INC.<br>109 INNOVATION CT. STE J<br>DELAWARE, OH 43015 | CONTRIBUTED 1,000,000 SHARES OF THE NONVOTING CONVERTIBLE PREFERRED STOCK, PAR VALUE $0.01 PER SHARE, OF CONN'S, INC. TO EDUCATE, INC. | 10/15/2024 | UNDETERMINED |

TOTAL    **UNDETERMINED**

| Part 7: | Previous Locations |
|---|---|

14. **Previous Addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ None.

| Address | Dates of Occupancy |
|---|---|
| | |

**Part 8:**    **Health Care Bankruptcies**

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No
☐ Yes. State the nature of the information collected and retained.

**Part 9:**     **Personally Identifiable Information**

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

     ☐ No. Go to Part 10.
     ☐ Yes

**Part 10:**   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None.

| Financial Institution Name and Address | Last 4 Digits of Account Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

19.  **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None.

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

20.  **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None.

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None.

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| | | | |

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ None.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| | | | |

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None.

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number (Do not include SSN or ITIN) | Dates Business Existed |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☑ None.

| Name and Address | Dates of Service |
|---|---|
| | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

26. **Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None.

| Name and Address | Dates of Service |
|---|---|
|  |  |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

26. **Books, records, and financial statements**

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None.

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

26. **Books, records, and financial statements**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None.

| Name and Address |
|---|
|  |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

28.  **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None.

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1 ANDREW KAMINSKY<br>[REDACTED ADDRESS] | CHIEF ADMINISTRATIVE OFFICER AND EXECUTIVE VICE PRESIDENT | |
| 28.2 ANDREW LAURENCE<br>[REDACTED ADDRESS] | PRESIDENT AND CHIEF EXECUTIVE OFFICER | |
| 28.3 DAVID ORLOFSKY<br>909 3RD AVE<br>NEW YORK, NY 10022 | CHIEF RESTRUCTURING OFFICER | |
| 28.4 ERIC SEETON<br>[REDACTED ADDRESS] | CHIEF FINANCIAL OFFICER | |
| 28.5 FRANCHISE GROUP INTERMEDIATE BHF, LLC<br>109 INNOVATION COURT, SUITE J<br>DELAWARE, OH 43015 | PARENT | 100% |
| 28.6 TIFFANY MCMILLAN-MCWATERS<br>[REDACTED ADDRESS] | SECRETARY | |

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1  BRIAN KAHN<br>[REDACTED ADDRESS] | PRESIDENT AND CHIEF EXECUTIVE OFFICER | 10/02/2019 - 01/20/2024 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

30. **Payments, Distributions, or Withdrawals Credited or Given to Insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None.

| Name and Address of Recipient and Relationship to Debtor | Amount | Amount Description | Dates | Reason for Providing the Value |
|---|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31.1  FREEDOM VCM INTERCO HOLDINGS, INC. | 93-2512436 |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None.

| **Name of Pension Fund** | **Employer Identification Number of the Parent Corporation** |
| --- | --- |

| Part 14: | Signature and Declaration |
|----------|---------------------------|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**  12/24/2024

**Signature:**  /s/ Eric Seeton                                    Eric Seeton, Chief Financial Officer

**Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

☑ No
☐ Yes