## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**January 15, 2025 at 10:00 a.m. (ET)** |
| | **Objection Deadline:**<br>**January 7, 2025 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO SEAL CERTAIN CONFIDENTIAL INFORMATION IN CONNECTION WITH CERTAIN DEBTORS' STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (this "Seal Motion"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

(the "<u>Bankruptcy Code</u>"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), for entry of an order, in substantially the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), authorizing the Debtors to redact information responsive to part 2, question 3 of the statements of financial affairs for six (6) of the Debtors:  (i) Buddy's Newco, LLC; (ii) Franchise Group New Holdco, LLC; (iii) Vitamin Shoppe Procurement Services, LLC; (iv) Vitamin Shoppe Industries LLC; (v) PSP Group, LLC; and (vi) American Freight, LLC (collectively, the "<u>Affected SOFAs</u>"). Specifically, the Debtors seek authority to redact the names of certain non-insider employees (the "<u>Non-insider Employees</u>," and such information, collectively, the "<u>Confidential Information</u>") that received retention bonus payments prior to the Petition Date.  In support of this Seal Motion, the Debtors respectfully state as follows:

## **BACKGROUND**

**I.      General Background**

1.      On November 3, 2024, each of the Debtors filed voluntary petitions (collectively, the "<u>Chapter 11 Cases</u>") under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "<u>Committee</u>").

3.      On December 24, 2024, each of the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs in these Chapter 11 Cases.

2

4.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

## II.    The Confidential Information

5.     The Confidential Information constitutes sensitive, confidential, non-public commercial information—specifically, the names of the Non-insider Employees that received retention bonus payments prior to the Petition Date.  The disclosure of the Non-insider Employees' identities to, among others, the Debtors' competitors and the Debtors' workforce could cause commercial injury to the Debtors because (i) competitors could use such information to poach the Non-insider Employees, causing attrition and other harm, and (ii) the publication of such information could create strife or tension among the Debtors' workforce, causing operational issues that would require the Debtors to divert resources that could otherwise be used to support the Debtors' business operations, chapter 11 reporting and other obligations, and the sales process. Accordingly, the Debtors seek authority to file redacted versions of the Affected SOFAs and to file unredacted versions of the Affected SOFAs under seal, thereby protecting the Confidential Information, in accordance with the relief sought herein.

6.     The Debtors will provide unredacted copies of the Affected SOFAs on a confidential basis to the Court, the U.S. Trustee, proposed counsel for the Committee and, at the Debtors' discretion or as may be ordered by the Court, such other parties upon request.

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the First Day Declaration.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Seal Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1048 and 1409.

9.      The statutory bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

## RELIEF REQUESTED

10.      By this Seal Motion, the Debtors seek entry of the Proposed Order, authorizing the Debtors to file redacted versions of the Affected SOFAs and to file unredacted versions of the Affected SOFAs under seal.

## BASIS FOR RELIEF REQUESTED

11.      Given the sensitive nature of disclosing the Non-insider Employees' identities, the Debtors seek to file redacted versions of the Affected SOFAs and to file unredacted versions of the Affected SOFAs under seal.  Although the public has a common-law "right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; see also

4

<u>Cendant</u>, 260 F.3d at 194 (the public's right of access "is not absolute") (<u>quoting Littlejohn v. BIC</u>

<u>Corp.</u>, 851 F.2d 673, 678 (3d Cir. 1988)); <u>Leucadia, Inc. v. Applied Extrusion Tech., Inc.</u>, 998

F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the

correlative principle that the right is not absolute.'").

12.     Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect

parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).  Section 107(b) constitutes an exception to the general rule that documents

filed in chapter 11 cases are public records open to examination and protects entities from any

potential harm that may be caused by the disclosure of certain confidential or commercial

information.

13.     Bankruptcy Rule 9018 establishes the procedures by which a party may seek relief

under section 107(b) of the Bankruptcy Code to file a document under seal.  Specifically,

Bankruptcy Rule 9018 states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14.     Courts in this district have defined "commercial information" as "information

which would result in 'an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor.'"  <u>In re Alterra Healthcare Corp.</u>, 353 B.R. 66, 75 (Bankr. D.

Del. 2006) (quoting <u>In re Orion Pictures Corp.</u>, 21 F.3d 24, 27–28 (2d. Cir. 1994)); <u>In re Muma</u>

Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted).   Further, confidential commercial information need not rise to the level of a trade secret to be entitled to protection under section 107(b).  See, e.g., Orion Pictures, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

15.    Once a court determines that an interested party is requesting to seal or redact information covered by section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."  Id. at 27 (emphasis in original).  The Court has broad authority to issue such an order under Bankruptcy Rule 9018.  See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.'  The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16.    Courts in this jurisdiction have granted similar relief in chapter 11 cases.  See, e.g., In re Chisholm Oil and Gas Operating, LLC, Case No. 20-11593 (BLS) (Bankr. D. Del. Aug. 3, 2020) [Docket No. 220] (granting motion to seal the names of recipients of retention payments from the debtors' statement of financial affairs); In re Heritage Home Grp. LLC, Case No. 18-11736 (KG) (Bankr. D. Del. Sept. 5, 2018) [Docket No. 246] (granting motion to seal the names of recipients of retention payments and amounts of potential retention payments); In re Fallbrook Techs. Inc., Case No. 18-10834 (MFW) (Bankr. D. Del. Mar. 26, 2018) [Docket No. 122] (same).

17.     Sufficient grounds exist for the Court to grant the relief requested herein.  The Debtors submit that the Non-insider Employees—a limited number of non-insider employees of the Debtors that received retention bonus payments prior to the Petition Date—are necessary to the success of these Chapter 11 Cases, and their identities constitute "commercial information" within the meaning of 107(b) of the Bankruptcy Code.  The Debtors wish to respect the privacy of the Non-insider Employees.  Moreover, if the Debtors' competitors are made aware of the Non-insider Employees' identities, they may try to use that information in efforts to recruit the Non-insider Employees.  This would be particularly harmful in the context of these Chapter 11 Cases, where the Debtors are seeking to maximize value for the benefit of all creditors with a potential sale of their businesses by, in part, reducing attrition to the greatest extent possible and preserving operations as usual.  Disclosure of the Confidential Information could also damage workforce morale or cause harm or distress to the Non-insider Employees, further disrupting the Debtors' ordinary course business operations.  Publicly revealing this information may cause internal strife, resentment, and dissent among other employees.  See, e.g., In re Brookstone Holdings Corp., Case No. 14-10752 (BLS) (Bankr. D. Del. May 12, 2014) [Docket No. 326] ("Employee compensation issues [are] a concern about exposure, embarrassment, and stress for these individuals . . . .").

18.     Recognizing both transparency and public scrutiny are key elements of the bankruptcy process, the Debtors analyzed the Confidential Information to narrowly tailor the proposed redactions to cover only such information they believe is necessary to protect the Debtors from harm or disadvantage in their ongoing employee relationships.  Moreover, the relief sought herein is narrow as the Debtors are only seeking to redact Confidential Information responsive to one question in the Affected SOFAs.

7

19.     For the above reasons, the Debtors believe that it is important to the Debtors' business operations that the Confidential Information remains confidential.  The Debtors respectfully request that the Court permit the Debtors to file redacted versions of the Affected SOFAs and to file unredacted versions of the Affected SOFAs under seal, thereby protecting the Debtors from potential harm that could arise from disclosing the Non-insider Employees' identities.

20.     The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(iv), that it would be futile for the Debtors to confer with the parties whose information is sought to be redacted because such information is so inherently sensitive, and the proposed redactions are sufficiently narrow as to obviate the need to confer with the applicable parties about the scope and need for redaction.

## NOTICE

21.     The Debtors will provide notice of this Seal Motion to: (i) the U.S. Trustee; (ii) proposed counsel for the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Freedom Lender Group; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

Dated:  December 24, 2024
         Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
James C. Dugan (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice)*
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jdugan@willkie.com
slombardi@willkie.com
bsullivan@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*