## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 435**<br>**Objections Due: December 27, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: January 15, 2025 at 10:00 a.m. (ET)** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
TRIDE FAMILY HOLDINGS, LLC TO MOTION OF DEBTORS FOR
ENTRY OF ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN
OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO
THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

Tride Family Holdings, LLC (hereafter "Landlord") by and through counsel, files this

Limited Objection and Reservation of Rights of Tride Holdings, LLC (the "Objection") to the

*Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of the Debtors'*

*Assets Free and Clear of Liens, Claims, and Encumbrances, with such interests to Attach to the*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Proceeds, and (B) Granting Related Relief* [D.I. 435] (the "Private Sale Motion") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors") and, in support hereof, respectfully represents as follows:

## BACKGROUND

### A. Procedural History

1.       On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

2.       On December 13, 2024, the Debtors filed their Private Sale Motion.  In the Private Sale Motion, at Exhibit A, the Debtors listed certain leases and executory contracts for assumption and assignment to the buyer, who is listed as AF Newco I, LLC (the "Buyer").

3.       In particular, Exhibit A to the Private Sale Motion lists a lease of non-residential real property (the "Lease")[2] ostensibly between American Freight of Central Florida, Inc. as tenant, and 103rd Street 6024, LLC.  Exhibit A lists the proposed cure amount for that Lease as $1,145.00 (the "Proposed Cure Amount").

4.       First, the property leased to the Debtor is not owned by 103rd Street 6024, LLC, but is owned by Landlord, Tride Family Holdings, LLC.

### B. Lease History

5.       Pursuant to the Lease, rent is due the first day of every month.  As of the time of the hearing to approve the Private Sale Motion, additional rent will have accrued and come due

---

[2] Due to the voluminous nature of the Lease, it is not attached here but, Landlord will provide the Lease upon request.

for the month of January 2025.  Landlord reserves all rights to increase the cure amount to assert any unpaid amounts that come due before entry of an order approving the Private Sale Motion.

6.      Additionally, the Lease assigns the responsibility for paying the real property taxes (the "Real Estate Taxes") to the Debtors.  A copy of the 2024 Real Estate Tax bill, which has previously been provided to the Debtors, is attached hereto as **Exhibit A**.  The Real Estate Taxes due for 2024 total $39,376.37 and must be paid prior to any penalties being assessed by the taxing authority.  Additional real estate taxes for 2025 will begin to accrue beginning January 1, 2025

7.      Pursuant to the Lease, the Debtor is solely responsible for all public and private utility services rendered or furnished directly to the Premises, including but not limited to water, sewerage, gas, electricity, telephone, and trash. Currently, Landlord does not know the status of any outstanding utilities payments but hereby reserves its rights to seek payment for any outstanding amounts not paid by the Debtor as cure.

### LIMITED OBJECTION

8.      Subject to the Debtor meeting all requirements for assumption and assignment of the Lease, including payment of all cure and providing adequate assurance of future performance under the Lease as discussed below, the Court should enter an order approving the Private Sale Motion conditioning any assumption and assignment of the Lease to the Buyer on payment in full of all outstanding rent and additional rent and either the Debtor's or the Buyers assurance that all obligations coming due following assumption and assignment of the Lease will be due and payable either as cure or in the ordinary course of business.  Further, the Court should not approve the Private Sale Motion unless, as to the Landlord's Lease, the Debtor is able to provide adequate assurance of future performance under the Lease.

3

**ARGUMENT**

9.      Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired
> lease of the debtor, the trustee may not assume such contract or lease
> unless, at the time of assumption of such contract or lease, the
> trustee—
>
> (A) cures, or provides adequate assurance that the trustee will
> promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee
> will promptly compensate, a party other than the debtor to such
> contract or lease, for any actual pecuniary loss to such party
> resulting from such default; and
>
> (C) provides adequate assurance of future performance under such
> contract or lease.

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all defaults of the Lease and provide

adequate assurance of future performance before it may be assumed. *See In re Thane Int'l, Inc.*,

586 B.R. 540, 546 (Bankr. D. Del. 2018).

10.      Here, the Landlord objects to the Debtors' Proposed Cure Amount because it fails

to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue

to use, the Premises to generate business since the Petition Date but have not paid all Outstanding

Lease Obligations.

11.      Second, there is no information in the Private Sale Motion supporting any idea that

the Buyer can perform all obligations under the Lease as the same become due and owing.  The

Buyer appears to be a newly created entity for the sole purpose of taking ownership of the assets

being sold.  The proposed order attached to the Private Sale Motion suggests that the Debtors'

statutory obligation to provide adequate assurance of future performance "shall, upon payment of

the Cure Amounts, be deemed to have [been] provided . . . ."  This is not adequate assurance of

4

future performance sufficient to meet the Debtors' burden under 112 U.S.C. 365(b)(1)(C), especially under a lease that the debtor recently extended for another 5-year period.  At a minimum, the Buyer should provide evidence of financial wherewithal, including a description of financial support for the newly created entity, a guarantee that financing is available to meet the requirements of the Lease, and a representation and confirmation that the Buyer will timely meet its obligation to pay all outstanding ad valorum and non-advalorem property taxes that arose in 2024, and that must be paid under the terms of the Lease not later than March 31, 2025.

12.     The Landlord objects to the assumption of the Lease absent payment of all amounts owed thereunder, and the provision of adequate assurance of future performance required under the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

13.     Landlord hereby reserves its rights to assert additional cure amounts and object to adequate assurance of future performance per 11 U.S.C. § 365(b)(1)(C) and to amend or supplement this Objection in the future as it deems appropriate based on the foregoing items or otherwise.  Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease between the Debtors and Landlord.

*[Remainder of Page Intentionally Left Blank]*

17105974/1

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining

this Objection; (ii) requiring the Debtors and/or Buyer to pay all amounts necessary to cure defaults

under the Lease whether accruing prior to or following entry of an Order approving the Private

Sale Motion; (iii) requiring the Debtors to provide adequate assurance of future performance;

(iv) granting the Landlord such further relief as it deems proper.

Dated: December 27, 2024                 **MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
          cdonnelly@morrisjames.com

*Counsel to Tride Family Holdings, LLC*

17105974/1