**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 435** |

**LIMITED OBJECTION AND RESERVATION
OF RIGHTS OF PROLOGIS, L.P. TO MOTION OF DEBTORS
FOR ENTRY OF ORDER (A) APPROVING THE PRIVATE SALE OF
CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO
THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

Prologis, L.P., successor by merger to DCT Presidents Drive LLC ("Landlord"), as party in interest in the above-captioned case and creditor of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (this "Limited Objection") to the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens,*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 435] (the "Sale Motion"). In support of this Limited Objection, Landlord respectfully represents as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On November 3, 2024, the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [Docket No. 188].

4. Landlord, as landlord, and Debtor American Freight, LLC, as tenant (in its capacity as such, the "Tenant"), are parties to that certain lease dated as of June 27, 2023 (as amended, the "Lease") for the lease of a portion of a building containing approximately 27,110 rentable square feet (as more fully described in the Lease, the "Premises") located at Orlando Central Park 1807, 2105-2193 Viscount Row, Orlando, Florida 32809.

5. The Lease is an unexpired lease of nonresidential real property.

6. The Lease requires the Tenant to make payments of base and additional rent including fixed operating expenses and taxes (collectively, "Rent").

7. Subject to certain limited exceptions, the Lease also requires the Tenant to, at its expense, maintain, repair, and replace in good working order all areas, improvements and systems exclusively serving the Premises including dock equipment, non-structural elements of the floor

slab, interior doors, above ground water and sewer lines, and Tenant HVAC (as defined in the Lease) and related components.

8.  The Lease further requires that, at the end of the Lease term, the Tenant shall surrender to Landlord the Premises in the same condition as received, and all alterations and any leasehold improvements constructed by Landlord or the Tenant shall remain on the Premises as Landlord's property, except to the extent Landlord requires removal, in which case, at the Tenant's expense, the Tenant shall repair any damage caused by such removal. For shelves, racking, machinery and trade fixtures (collectively, the "Trade Fixtures"), upon surrender of the Premises, the Tenant shall remove the Trade Fixtures and shall repair any damage to the floor slab or the Premises caused by such removal (together with the obligations described in paragraph 7, the "Non-Monetary Obligations").

9.  On December 13, 2024, the Debtors filed the Sale Motion, seeking approval of the private sale of certain of the Debtors' assets (the "Assets"), including leases to be assumed and assigned, to AF Newco I, LLC ("Purchaser").

10. The Debtors attached, as Exhibit 1 to the Sale Motion, a schedule of unexpired nonresidential leases along with the proposed cure amount for each such lease (the "Assumed Lease Schedule"). The Assumed Lease Schedule identifies the Lease as an unexpired lease that the Tenant may potentially assume and assign to Purchaser. The Assumed Lease Schedule sets forth a proposed cure amount for the Lease of $1,694.00.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

11. Landlord does not object, in principle, to the sale of the Assets or any other relief sought in the Motion. Landlord files this Limited Objection (1) to correct the cure amount that must be paid as a condition precedent to the Tenant's assumption and assignment of the Lease,

and (2) to request that adequate assurance of future performance, as required by the Bankruptcy Code, be provided.

### A. The Proposed Cure Amount Fails to Provide for the Payment of All Obligations Due Under the Lease.

12. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code:

> If there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default[.]

11 U.S.C. § 365(b)(1)(A).

13. "Cure is a critical component of assumption." *In re Thane Inter., Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). "The language and intent behind § 365 is decisive … [and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Id.* (c*iting In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996)). "If the trustee is to assume a contract or lease, the court will have to ensure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.* (citation to legislative history omitted). "[T]he term 'full benefit of his bargain' refers to 'the full amount due' under the contract or lease in question, as opposed to liabilities solely for future performance." *Id.*; *see also In re Handy Andy Home Improvement Centers, Inc.*, 196 B.R. 87, 93 (Bankr. N.D. Ill. 1996) (debtor must cure pre- and post-petition defaults prior to assumption).

14. As of the date hereof, Debtor American Freight, LLC owes the following amounts under the Lease (the "Minimum Cure Amount"):

| Rent | $1,694.00 |
| Restroom Repairs | $24,500.00 |
| Back Office Repairs | $6,500.00 |
| Wall Repairs | $4,500.00 |
| **TOTAL** | **$37,194.00** |

15. Accordingly, the Tenant owes Landlord the Minimum Cure Amount of $37,194.00 under the Lease. This amount must be paid as a condition precedent to the Tenant's assumption and assignment of the Lease pursuant to Section 365(b)(1)(A) of the Bankruptcy Code.

16. Further, in the event the Tenant pays the correct cure amount, the Tenant must assume *all* of the obligations under the Lease, including the Non-Monetary Obligations. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part. . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."). Thus, Landlord objects to the proposed assumption of the Lease to the extent the Tenant purports to assume anything less than all of the obligations under the Lease.

17. Accordingly, the Minimum Cure Amount and any Rent due must be satisfied, and the Tenant must assume and assign the entire Lease and comply with the Non-Monetary Obligations under the Lease.

**B.   The Debtors or the Purchaser Must Provide Landlord with Adequate Assurance of Future Performance Under the Lease.**

18. Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee or debtor-in-possession may assign an unexpired lease of the debtor only if:

> (A)   the trustee assumes such contract or lease in accordance with the provisions of this section; and

>   (B)  adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

19. This provision "was primarily designed to protect landlords." *In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 592 (S.D.N.Y. 1992). Several factors are relevant to the bankruptcy court's determination of whether adequate assurance of future performance has been provided, including: "the debtor's payment history, the extent and history of defaults, presence of a guarantee and/or a security deposit, evidence of profitability, a plan with earmarked funds exclusively for the landlord, the general outlook in the debtor's industry, and whether the lease is at or below the prevailing market rate." *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *11 (Bankr. D. Del. Apr. 29, 2014) (quoting *In re Great Atl. & Pac. Tea Co., Inc.*, 472 B.R. 666, 675 (S.D.N.Y. 2012)).

20. As of the date of this filing, no adequate assurance information has been provided to Landlord regarding Purchaser, its financial condition, and/or its ability to perform all obligations under the Lease. While Landlord certainly understands the flexibility afforded to debtors to assume and assign leases generally, as of the time of this filing, the Debtors have not satisfied section 365(f)(2) of the Bankruptcy Code.

21. Landlord also requests that Purchaser enter into an amendment to the Lease that is to be assumed and assigned, that reflects the terms of the assumption and assignment and affirms Purchaser's obligation to perform and assume all the applicable terms, conditions, and obligations applicable to Purchaser under such lease, including, but not limited to, repair and maintenance and/or other surrender obligations at the conclusion of the Lease term.

**RESERVATION OF RIGHTS**

22. Landlord reserves the right to supplement or amend this Limited Objection based upon information acquired by Landlord subsequent to its filing, and to introduce evidence at any hearing related to the chapter 11 cases, the assumption and assignment of the Lease, and/or this Limited Objection. Landlord additionally reserves the right to exercise all available remedies under the Leases to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure), and to assert claims against the Debtors (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the Bankruptcy Code and claims arising from the rejection of the Lease should the Debtors later withdraw the proposed assumption or otherwise reject the Lease) at the appropriate time.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Prologis, L.P. respectfully requests that any order granting final approval of the Sale Motion be consistent with this Limited Objection and grant such other and further relief as is just and equitable.

Dated: December 27, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Ian J. Bambrick*
Ian J. Bambrick (No. 5455)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
ian.bambrick@faegredrinker.com

-and-

Brian P. Morgan
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Tel: (212) 248-3140
Fax: (212) 248-3141
brian.morgan@faegredrinker.com

*Attorneys for Prologis, L.P.*