**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Dkt. 435 and 573** |

**AMENDED OBJECTION OF SW 17TH STREET 1010, LLC, NIAGARA FALLS 778, LLC, RODI ROAD 501, LLC, AND MERCHANT 33, LLC TO THE MOTION OF DEBTORS FOR ENTRY OF ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

SW 17th Street 1010, LLC, Niagara Falls 778, LLC Rodi Road 501, LLC, and Merchant 33, LLC (collectively, the "Landlords") hereby object to the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* (the "Motion") [Dkt. 435],[2] and respectfully state as follows.

## PRELIMINARY STATEMENT

1. Landlords own and/or manage the four (4) real property locations described on the attached **Exhibit A**, which are leased by the Debtors pursuant to written agreements (the "Leases"). The Motion identifies each of the Leases as being assumed and assigned in connection with the Debtors' pending sale, subject among other things to payment of the corresponding amount set forth therein (the "Debtor Cure Amounts").

2. The undisputed and/or correct amounts currently due and owing for each Lease (the "Lessor Cure Amounts") are identified on Exhibit A. The Landlords review is ongoing and the Lessor Cure Amounts are subject to change. . The Debtors continue to accrue or incur additional charges under each Lease, including but not limited to rent, taxes, common area maintenance, and other costs, and any such outstanding charges must be satisfied in full in connection with any assumption or assignment of such Lease. More broadly, any defaults and resulting actual pecuniary losses must be cured before the Leases can be assumed and assigned.

3. Finally, Debtors and the potential purchaser have failed to provide Landlords adequate assurance of future performance under the Leases.

## BACKGROUND

4. On November 3, 2024, the Debtors commenced these chapter 11 cases, and have since continued to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used and not defined herein have the meaning ascribed in the Motion.

5.  On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Dkt. 188] (the "Committee").

6.  The Leases were entered into by certain of the Debtors prior to the commencement of these cases. The Debtors have paid all post-petition rents that have become due and owing on the Leases during these cases.

7.  On December 13, 2024 the Debtors filed the Motion, identifying the Leases with the corresponding Debtor Cure Amounts, as subject to assumption and assignment under the Asset Purchase Agreement, dated as of December 13, 2024, by and between Educate, Inc. and AF Newco I, LLC (the "Purchase Agreement").

**OBJECTION**

8.  Under 11 U.S.C. § 365(b), any party seeking assuming an executory contract must cure, or provide adequate assurance that it will promptly cure, any defaults under the contract, and provide adequate assurance of its future performance under the contract. *See In re Filene's Basement, LLC,* 2014 Bankr. LEXIS 2000 (Bankr. D. Del. Apr. 29, 2014); *Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001). It is well-established that the entire contract must be assumed, and that the assuming party must perform all of the Debtor's duties and obligations thereunder. *See Cinicola, 248 F.3d at 119-120; L.R.S.C., Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) ("Once the trustee satisfies these requirements [of section 365] it may assume the contract or lease, but it must do so in its entirety."); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (holding that an executory contract must either be assumed or rejected in its entirety and a debtor cannot chose to assume some provisions of a contract but reject others); *In re Fleming Cos.*, No.

03-10945, 2004 Bankr. LEXIS 198 at *7 (Bankr. D. Del. Feb. 27, 2004) ("A debtor's assumption . . . .cannot modify an agreement's express terms. . . .").

9. The Landlords are currently assessing and identifying the Lessor Cure Amounts. The amounts known to Landlords have been identified in Exhibit A. These amounts must be paid in full before the assumption and assignment of the Leases. With that being said, as a result of the short notice and the holiday period, Landlords are unable to inspect the properties, and Landlords suspect there will be damages requiring repair.

10. Other amounts that are not now owed but become owing under any Lease must also be paid in full before the assumption and assignment of such Lease. Landlords reserve the right to supplement this objection and the required cure for additional amounts that accrue or are incurred, for the cure of any default, including with respect to repair obligations, and/or for related pecuniary losses, including attorneys' fees, that arise and/or become known prior to assumption and assignment.

11. In addition, the Leases may only be assumed and assigned in their entirety. Accordingly, payment of all then-outstanding amounts, and cure of all then-existing defaults, does not thereby allow the assignment of the Leases free and clear of other obligations arising prior to the assignment date. Rather, the assignee must also assume all obligations of the Debtors to the Landlords under the Leases, including but not limited to obligations to indemnify Landlords for prior events that may not yet be known, such as for damages to the leased property, outstanding maintenance or cleanup requirements, or personal injuries occurring at the leased properties.

12. Finally, the proposed purchaser has not provided any adequate assurance of future performance under the Leases, which place several significant obligations and requirements on the proposed purchaser, including, but not limited to, maintaining insurance, indemnifying Landlords,

and paying various taxes and costs associated with the Leases.  To date, neither the Debtors nor the proposed purchaser have provided Landlords with any information that it can satisfy the requirements and obligations under the Leases.

### **RESERVATION OF RIGHTS**

13. Landlords reserve the right to amend and/or supplement this objection and its cure claims, and to raise other and further objections to the assumption and assignment or cures with respect to the Leases, including without limitation with respect to adequate assurance of future performance.

### **CONCLUSION**

WHEREFORE, Landlords respectfully request that the Court enter an order conditioning the assumption and assignment of the Leases on payment of the applicable Lessor Cure Amounts, on the payment of any other amounts that accrue or are incurred prior to such assumption and assignment, on the cure (or adequate assurance of cure) of any defaults and related pecuniary losses, on the assumption by the assignee of all obligations of the Debtors under the Leases whenever arising, and on adequate assurance of future performance from the potential purchaser to Landlords, and granting such other and further relief to Landlords as is just and proper.

Dated: December 27, 2024

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Gary F. Seitz*
Gary F. Seitz (DE 4457)
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone (302) 425-5800
gseitz@gsbblaw.com
mvangorder@gsbblaw.com

*Attorneys for SW 17th Street 1010, LLC, Niagara Falls 778, LLC Rodi Road 501, LLC, and Merchant 33, LLC*

5