UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | CHAPTER 11 |
| FRANCHISE GROUP, INC., et al. | CASE NO. 24-12480 (Jointly Administered) |
| Debtors | CHIEF JUDGE JOHN T. DORSEY |

**CURE OBJECTION OF SHANRI HOLDINGS CORP. TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Shanri Holdings Corp.("Shanri"), by and through its undersigned attorney, hereby files its cure objection to the *Notice of Possible Assumption and Assignment and Cure Costs with respect to Executory Contracts and Unexpired Leases* [Docket No. 487] (the "Notice of Cure Amounts") served by debtors and debtors-in-possession, particularly as to debtor Buddy's Newco, LLC ("Debtor"), and in support thereof, respectfully submit as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), Debtor and its affiliated debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). No trustee or examiner has been appointed and Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. Shanri is the lessor of Debtor with respect to its retail store location at the Gateway Village Shopping Center in Deland, Florida (Store #34) ( the "Shanri Premises") under a lease dated October 19, 2020, as amended (the "Shanri Lease"). There can be no doubt that the Shanri Lease is a lease for premises located in a shopping center under Bankruptcy Code section 365(d)(3), as that term is defined in *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1087-1089 (3d Cir. 1990).

3. On December 20, 2024, Debtor filed the Notice of Cure Amounts, requiring that affected landlords file an accounting indicating outstanding amounts owed by Debtor not included in the Notice of Cure Amounts within fourteen (14) days, or by January 3, 2025.

### DEBTOR HAS THE BURDEN OF ESTABLISHING THAT ALL OF THE PREREQUISITES FOR ASSUMPTION OF THE SHANRI LEASE HAVE BEEN SATISFIED

4. Section 365(a) permits a debtor in possession to assume and/or assign an unexpired lease subject to court approval. It is well-established that the debtor bears the ultimate burden of presentation and persuasion that a lease of nonresidential real property is one subject to assumption (and, if applicable, assignment) and that all requirements for assumption and/or assignment have been met. *In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Memphis-Fridays Associates*, 88 B.R. 830, 840-841 (Bankr. W.D. Tenn. 1988); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-1310 (5th Cir. 1985); *In re Airlift International Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985). As discussed below, the Notice of Cure Amounts does not, as currently presented, satisfy this burden.

**DEBTOR FAILS TO PROVIDE FOR**
**A PROMPT CURE OF ALL EXISTING DEFAULTS**

5.  Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and/or assign the lease. As on court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord, In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 25 (Bankr. D. Kansas 2001); *In re Mushroom Transportation Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code section 365(b)(1)(A) "clearly and unambiguously" requires the cure of all defaults before an unexpired lease of nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc.* (9th Cir. BAP 1999) 234 B.R. 762, 765; *accord, In re Fifth Taste Concepts Las Olas*, LLC, 325 B.R. 42, (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the entirety of an unexpired lease upon assumption and cure any defaults.")

Debtor Must Cure All Pre- and Post-Petition Defaults

6.  Debtor acknowledges its obligation to cure existing defaults in the Notice of Cure Amounts. Exhibit A-4 to the Notice of Cure Amounts recites a cure amount of **zero**[1]. However, Shanri asserts assert that at least **$30,473.76** is currently due and unpaid in connection with any proposed assumption and/or assignment of the Shanri Lease.

---

[1] Debtor's schedules [Rec. Doc. 501, page 58] recite a pre-petition payable of $415.67.

7. A copy of Shanri's occupant ledger detailing the components of the current arrearages, as reflected in its business records, is attached hereto as Exhibit 1. The sums identified above do not include any obligations under Debtor's lease with Shanri accruing or arising after the date of filing this cure objection.

<u>Shanri is Entitled to any Further Year-End Adjustments and Adequate Assurance Thereof</u>

8. Debtor is entitled under the Shanri Lease for year-end adjustments to items such as insurance, percentage rent (if any), taxes and other items that are paid during the course of the year on an estimated basis, Since Section 365(b) only requires that debtors cure defaults under their leases, and since there can be no default for failure to pay an amount that has not yet been billed, unbilled adjustments, and those adjustments that may be accruing for the current year, are not part of the cure obligation of Debtor. The obligation to pay the year-end adjustments is, however, certainly a part of the obligation to provide adequate assurance of future performance.

9. Shanri, therefore, requests that language be inserted into any assumption/assignment order to provide that Debtor remains liable for any further unpaid year-end adjustments whether accruing prior to or after the effective date of any assumption/assignment of the Shanri Lease, when such charges become due in accordance with the terms of the Shanri Lease.

<u>Shanri is Entitled to Recovery of Attorneys' Fees</u>

10. Where, as here, there is a default under a lease sought to be assumed and assigned, Bankruptcy Code section 365(b)(1)(B) comes into play. The Shanri Lease contains, at Section 17.4, a provision for recovery by the prevailing party of reasonable attorneys' fees. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy

4

Code section 365(b)(1)(B) due upon assumption and assignment of a lease if the underlying lease provides for them. *In re Entertainment, Inc*., 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998); *see also Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co*., 549 U.S. 443, 449, 127 S.Ct. 1199, 1203-1204 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees ... is allowable in bankruptcy except where the Bankruptcy Code provides otherwise.") "Although attorneys fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *see also In re Crown Books Corporation*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been paid recoverable as component of cure under Section 365(b)(1)). "[T]here is no logical distinction, for purposes of §365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entertainment, Inc*., *supra*, 223 B.R. at 154.

11.     Shanri's s attorneys' fees incurred in connection with Debtor's post-petition defaults and the Motion to Assume are currently estimated to be in excess of $3,500.00 and ongoing. Shanri is entitled to payment of its attorneys' fees, as reasonably and actually incurred in the sum of at least $2,500, as part of Debtor's obligation to compensate Shanri for its pecuniary loss under Bankruptcy Code section 365(b)(1)(B).

<u>Debtor Must Pay Interest on the Balances Due</u>

12.     Debtor fails to propose to pay interest on the balance due. Section 22.17 of the Shanri Lease provides for interest at the maximum rate permitted by law up to a rate of at least twelve percent (12%).[2] "The primary way to compensate a creditor for the loss of use of money

---

[2] The Shanri Lease actually says both twelve percent (12%) and eighteen percent (18%).

is interest." *In re Eagle Bus Manufacturing, Inc.*, 148 B.R. 481, 482-483 (Bankr. S.D. Tex. 1992). Interest as authorized by the parties' leases is a component of Landlord's "pecuniary loss" that is payable as a condition of assumption. 11 U.S.C. §365(b)(1)(B); *see In re Eagle Bus Manufacturing, Inc., supra*, 148 B.R. at 482-483; *In re Jim Walter Resources, Inc.*, 126 B.R. 895, 898 (Bankr. M.D. Fla. 1991) ("Clearly, interest is an actual pecuniary loss flowing directly from the admitted default of the debtor."); *In re Diamond Head Emporium, Inc.*, 69 B.R. 487, 495-496 (Bankr. D. Hawaii 1987). This includes interest at the post-default rate. *In re New Investments, Inc.*, 840 F.3d 1137 (9th Cir. 2016). Accordingly, Debtor should be required to pay interest at the rate of at least twelve percent (12%), but not to exceed the maximum legal rate, on unpaid balances while Shanri awaits the receipt of its prompt cure.

<u>Debtor Must Satisfy and Indemnity Obligations Under the Shanri Lease</u>

13. In addition to the monetary obligations the Debtor must satisfy under Section 365 of the Bankruptcy Code, to the extent that the Shanri Lease provides that Debtor must indemnify and hold Shanri harmless with regard to existing claims as well as in regard to events which may have occurred pre-assumption/assignment but which have not been made known to Shanri or Debtor until sometime after post-assumption/assignment, Debtor must be required to evidence, or obtain adequate insurance in order to guaranty (by way of purchase of a "tail" or otherwise) that any indemnity obligations will be satisfied. Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at the Shanri Premises where Shanri may be joined as a party defendant, damage or destruction to the Shanri Premises by Debtor or its agents, claims for environmental damage or environmental cleanup, by way of example.

14. Debtor's Notice of Cure Amounts, as presented, fails to provide a prompt cure, or adequate assurance of a prompt cure, of all existing defaults under the Lease. Accordingly, Debtor cannot assume the Shanri Lease under Bankruptcy Code section 365 as currently proposed.

**RESERVATION OF RIGHTS**

Because of the nature of the relief sought by the Debtor and these objections thereto, and the separate deadline for responding further on issues other than those raised by the Notice of Cure Amounts, Shanri respectfully reserves its rights to raise the objections contained herein or any other objections to any proposed assumption and assignment of the Shanri Lease based upon any new information provided by Debtor or upon any different relief requested by Debtor.

**WHEREFORE,** Shanri respectfully prays for relief consistent with this response to Debtor's Notice of Cure Amounts and for such other and further relief as may be just and proper under all of the circumstances.

Dated: December 30, 2024
New Orleans, LA

Respectfully submitted,

By:  /s/ J. David Forsyth
J. DAVID FORSYTH (LA Bar No. 5719)
SESSIONS FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA 70130
Telephone: (504) 582-1521
jdf@sessions-law.com
*Attorneys for Shanri Holdings Corp.*