**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | ) | Case No. 24-12480 (JTD) |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | Related to Doc. No. 487 |

**LIMITED OBJECTION OF BERAL, LLLP AND LAUREL LAKES, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Beral, LLLP ("Beral") and Laurel Lakes, LLC ("Laurel Lakes," together, the "Landlords"), by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the cure amounts in the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] (the "Cure Notice"). In support of this Limited Objection, the Landlords respectfully state as follows:

---

1 The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

## BACKGROUND

1. On November 3, 2024, Franchise Group, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Pursuant to a Agreement of Lease dated July 24, 2024, as such lease may be amended (the "Laurel Lakes Lease") between Laurel Lakes as landlord and debtor Vitamin Shoppe Industries, LLC (the "Debtor") as tenant, the Debtor leases the premises at Laurel Lakes Centre, 14398 Baltimore Avenue, Laurel, MD 20707 (the "Laurel Premises").

3. The Laurel Lake Lease provides that the Debtor shall not suffer to be created any lien against the Laurel Premises, and requires the Debtor to timely obtain the discharge or satisfaction of any such liens. *See* Laurel Lease, § 12.07.

4. Pursuant to several communications, including those attached hereto as **Exhibit A**, several subcontractors performing real property services for the Debtor at the Laurel Premises have asserted their rights to file liens against the Laurel Premises.

5. Pursuant to a lease dated July 1, 2010, as amended (the "Beral Lease", together with the Laurel Lakes Lease, the "Leases") between Beral as landlord and the Debtor as tenant, the Debtor leases the premises at 631 Baltimore Boulevard, Westminster, MD 21157 (the "Beral Premises").

6. Both the Laurel Premises and the Beral Premises are located in "shopping centers" as that term is used in 11 U.S.C. § 365(b)(3).

7. Pursuant to the Beral Lease, the Debtor is responsible for its pro rata portion of "Common Area Costs," including water charges. See Beral Lease, § 6.03. The amount presently due and owning from the Debtor for water is $443.93, per the invoice attached as **Exhibit B**.

8. On December 20, 2024, the Debtors filed the Cure Notice, listing both Leases with $0.00 cure amounts.

9. The Leases impose obligations on the Debtor to indemnify the Landlords for, *inter alia*, all expenses including attorneys' fees in connection with any loss of life, personal injury or property damage occasioned in whole or in part by the Debtor or its agents. *See* Leases, § 7.05.

10. The Leases also provide that the Debtor must pay their *pro rata* share of any amounts by which real estate taxes or CAM charges exceed the estimated annual amounts, pursuant to an end-of-year reconciliation. *See* Leases, Article 5.

11. The Leases further provide that the Debtor, as tenant, is responsible for all costs incurred by the Landlords in vindicating their rights under the Leases, including attorney's fees and legal costs. See Leases, § 18.22. In the course of this bankruptcy case, the Landlords have incurred attorney's fees and costs, in an unliquidated amount, in order to assert their rights under the Leases.

## OBJECTION

12. In order to assume the Leases, the Debtor is required to cure defaults existing under each lease pursuant to 11 U.S.C. § 365(b)(1)(A), which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

13. The Cure Notice understates the amount due and owing for water on the Beral Lease by $443.93.

14. Further, the Cure Notice does not address the threatened liens against the Laurel Premises. If such liens are placed on the Laurel Premises prior to assumption and assignment, then such liens must be satisfied as part of the Debtor's obligation to cure any defaults under the Laurel Lease. If any such liens remain possible after the proposed assumption and assignment of the Laurel Lease, then any proposed assignee of such lease must commit to honor the provisions of the Laurel Lease and remove and satisfy any such liens.

15. The Leases make the Debtor responsible for attorneys' fees and costs incurred in vindicating the Landlord's rights under the Leases. The Landlords have incurred attorneys' fees and costs to defend their rights in these cases, including in the drafting of this Limited Objection. These amounts must be paid as part of the cure amount as a condition of assumption.

16. The Cure Notice does not describe the treatment of amounts that come due after the date of the Cure Notice but before the Leases are assumed. Any such amounts are part of the necessary cure amount, and the Landlords reserve all rights thereto.

17. A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same).

18. The Leases provide that the tenant, whether the Debtor or an assignee thereof, must pay certain expenses incurred by the Landlords (the "Go-Forward Expenses"), including reconciliation for taxes and CAM, indemnification obligations, expenses incurred as a result of the attempted imposition of a mechanics' lien and attorneys' fees incurred in vindicating the Landlords' rights under the leases.

19. The Cure Notice does not describe in detail how Go-Forward Expenses arising out of events before assumption are treated.

20. If a Go-Forward Expense comes due before assumption, it is part of the cure amount and must be paid upon assumption. If a Go-Forward Expense arising out of pre-assumption events comes due after assumption, the post-assumption liability is part of the package of rights and responsibilities assumed by the assignee and is not cut off by the Cure Notice, the payment of the cure amount or the assumption and assignment process.

21. Subject to payment of the correct cure amount, and clarification that assumption does not cut off the Landlord's rights to collect Go-Forward Expenses from the assignee if not paid as part of the cure, the Landlords welcome the assignment of the Lease to a competent tenant/operator, subject to appropriate proof of adequate assurance of future performance within the meaning of 11 U.S.C. § 365(b)(1), (2) and (3).

WHEREFORE, the Landlord respectfully request that the Court (a) sustain the Limited Objection and (i) require the payment in full of the correct cure amounts, including all water charges, attorneys' fees and costs or other expenses that come due and owing prior to assumption of the Leases and (ii) require that the threatened liens against the Laurel Premises be adequately addressed and (iii) condition assumption and/or assignment of the Leases on clarifying language ensuring that any Go-Forward Expenses that come due and owing after the date of assumption are the responsibility of the assignee, whether or not they arise out of pre-assumption events; and (b) grant the Landlords such other relief as is just and proper.

Dated: December 30, 2024

**SAUL EWING LLP**

*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Email: mark.minuti@saul.com

*Attorneys for Beral, LLLP and Laurel Lakes, LLC*