## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| **FRANCHISE GROUP, INC. et al.,** | **Case No. 24-12480 (JTD)** |
| Debtor. | **(Jointly Administered)** |
| | Hearing Date: February 13, 2025 at 10:00 AM |
| | Related Docket Nos. 154, 444, 487 & 498 |

## ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTORS' SALE MOTION AND RELATED NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Oracle America, Inc., including in its capacity as successor in interest to Responsys, Inc., CrowdTwist, and Textura ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this limited objection to and reservation of rights ("Rights Reservation") regarding: (1) *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief [Dkt. No. 154] ("Sale Motion"); and (2) Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* [Dkt. No. 487] ("Assumption Notice"), filed by Franchise Group, Inc., et al. ("Debtors").

# I. **INTRODUCTION**

1.      In connection with the Sale Motion, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and Oracle.

2.      For several reasons, Oracle objects to, and reserves its rights regarding, the proposed assumption and assignment.

3.      First, the targeted Oracle agreements are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreements and applicable law.

4.      Second, the Assumption Notice identifies several contracts which may be assumed and assigned. In each instance the contract description lacks relevant information, precluding identification of the targeted agreements. Therefore, Oracle is unable to determine which contracts may be assumed and assigned, and as a result, Oracle also is unable to determine the accuracy of the proposed cure amount.

5.      Third, at present there is no stalking horse bidder and therefore, Oracle is unable to determine whether the ultimate purchaser/assignee is capable of performing under the terms of the contracts which the Debtors seek to assume and assign. Until the ultimate purchaser is known, Oracle reserves its rights on this point.

6.      Finally, the Debtors have only filed a proposed APA (defined below). Therefore, Oracle is unable to assess how its rights may be affected. Oracle reserves all rights in the event that the final APA may authorize the shared use of its licenses, which may be contemplated by the Debtors.

7.      Accordingly, Oracle requests that the Court deny the Debtors' request for authority to assume and assign, transfer, or share use of, any Oracle agreement without Oracle's consent.

## II.    <u>FACTUAL BACKGROUND</u>

8.    The Debtors filed the above captioned case on November 3, 2024. The Debtors continue to operate as debtors in possession.

9.    On November 11, 2024, the Debtors filed the Sale Motion. Pursuant to the Sale Motion, the Debtors propose to sell substantially all, or one or more subsets, of the Debtors' assets.

10.    There is currently no stalking horse bidder.  It also isn't yet clear whether the Debtors will pursue a sale or seek financing or consummation of a restructuring transaction through a Chapter 11 plan of reorganization.

11.    On December 16, 2024, an amended Order [Dkt. No. 444] was entered approving certain bid and assumption and assignment procedures ("Bid Procedures Order').

12.    The Bid Procedures Order sets forth the following deadlines: (a) January 3, 2025 at 4:00 p.m. (est) for sale and cure objections; (b) February 3, 2025 at 5:00 p.m. (est) for bids; (c) February 6, 2025 at 4:00 p.m. (est)  as the subsequent sale objection if no auction ensues,  February 10, 2025 at 4:00 p.m. (est) for any subsequent sale objection if there is an auction; and (d) February 7, 2025 at 10:00 a.m. (est) for the auction.

13.    This timeline requires potentially affected parties, including contract counterparties, to file an additional objection to the Sale Motion and provides little to no opportunity for those parties to review any additional or amended sale or purchase related documents, including any final asset purchase agreement.

14.    On December 20, 2024, the Debtors filed the Assumption Notice. Exhibit "A" to the Assumption Notice identifies several Oracle agreements ("Oracle Agreements")[1].

---

[1] The Assumption Notice also lists certain Oracle services under "Agreement" for Manhattan Associates and Sparkred, Inc. Oracle is reviewing its records regarding its relationship with these identified counterparties, to determine whether these proposed assumptions may have an impact on Oracle's licenses and services, and hereby also reserves its rights regarding same.

15.     The Oracle Agreements are described in the Assumption Notice as follows:

| Counterparty | Counterparty's Address | Debtor Entity | Agreement | Estimated Cure |
|---|---|---|---|---|
| Oracle | Oracle PO Box 203448 Dallas, TX 7532-3448 | Vitamin Shoppe Industries, LLC | Master Purchase Order Exception Form (POEF1) | $88,428.87 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | Vitamin Shoppe Industries, LLC | Oracle Cloud Services Agreement – Fusion Enterprise | $0.00 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | Vitamin Shoppe Industries, LLC | Oracle Executable Quote | $0.00 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | Vitamin Shoppe Industries, LLC | Oracle Ordering Document | $0.00 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | Vitamin Shoppe Industries, LLC | Oracle Responsys Marketing Platform Cloud Service | $0.00 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | Vitamin Shoppe Industries, LLC | Oracle Ordering Document | $0.00 |
| Oracle America, Inc. | 500 Oracle Parkway Redwood Shores, CA 94065 | PSP Group LLC | Oracle Cloud Services Agreement | $0.00 |

16.     On December 23, 2024, the Debtors filed the *Notice of Filing of Proposed Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Dkt. No. 498] ("Notice"). Attached as Exhibit "A" to the Notice is the proposed sale order, which includes a form Asset Purchase Agreement ("Form APA").

17.     Oracle reserves all rights regarding any final asset purchase agreement which proposes to include transitional or shared use, and which involves an as yet unknown buyer.

### III.    ARGUMENT

#### A.    The Debtors May Not Assume And Assign Oracle's Agreements Absent Oracle's Consent Because They Pertain To Licenses Of Intellectual Property.

18.    Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

19.    Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365©(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365©(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *In re: West Elec., Inc.) 852 F. 2d 79 (3d Cir. 1988)* (holding that the "provision limiting assumption of contracts is applicable to any contract subject to a legal prohibition against assignment."), *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

20.    Oracle's agreements are, or pertain to, non-exclusive licenses of copyrighted software.

21.     Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign any Oracle agreement without Oracle's consent.

22.     For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption and assignment of the Oracle Agreements at this time.

**B.     The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.**

23.     The Assumption Notice does not provide sufficient information for Oracle to determine which contracts are at issue.

24.     Without more specific information, Oracle cannot determine whether it is evaluating the same agreements the Debtors seek to assume and assign. In addition, in some instances, the Assumption Notice does not provide the underlying support renewal or governing agreement.

25.     It is impermissible for the Debtors to segregate the underlying Oracle license agreement from the corresponding support and master agreements for purposes of assumption and assignment, if that is the Debtors' intention. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 961-2 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)).

26.     Under California law,[2] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642.

---

[2] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and

6

27.    Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned.

28.    In order to clarify which Oracle contracts Debtors hope to assume and assign, Oracle requests that the Debtors specify the targeted contracts: (a) identification or contract number; (b) date; (c) associated support renewals; and (d) governing license agreement, if not already identified.

29.    This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, supported, expired, or in default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

30.    Oracle reserves its right to be heard on this issue until after the Oracle Agreements the Debtors seek to assume and assign are identified with greater specificity.

**C.    The Debtors May Not Have Provided The Correct Cure Amount.**

31.    Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

32.    The Debtors have identified an $88,428.87 cure amount for one of the Oracle Agreements identified in the Assumption Notice. However, since the Debtors have failed to provide a clear and complete description of the contracts they seek to assume and assign, Oracle is unable to determine whether this cure amount is accurate.

33.    Oracle needs more information about which Oracle agreements may be assumed and assigned in order to confirm the accuracy of the proposed cure amount.

---

rejection under Bankruptcy Code § 365.")

34.     Therefore, Oracle reserves its right to be heard further regarding the cure until after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the corresponding cure amount.

**D.    The Debtors Have Not Provided Adequate Assurance of Future Performance By the Assignee.**

35.     Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

36.     There is currently no stalking horse bidder and the auction, if any, will be held after objections to the Assumption Notice and Sale Motion are due[3].

37.     To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtors provide the following information about the ultimate purchaser and/or the proposed assignee: (a) financial bona fides; (b) confirmation that the purchaser is not an Oracle competitor; and (c) confirmation that the ultimate assignee will (i) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate (ii) enter into an Oracle Master License Agreement.

38.     Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.

39.     Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C).

---

[3] Oracle is aware that under the Assumption Notice, it has seven (7) days after delivery of adequate assurance information in which to file an objection. However, in order to save duplicate filings, Oracle is incorporating its objection in this Rights Reservation.

**E.      The Oracle Agreements Do Not Authorize Simultaneous Use By The Debtors and the Eventual Purchaser.**

40.      As of the date of filing this Rights Reservation, a final APA has not been filed. Oracle reserves all rights in the event that the final APA contemplates that certain services may be provided between the Debtors and the eventual purchaser.

41.      Simultaneous use of, and access to, Oracle's licensed software exceeds the scope of the permitted uses under the Oracle Agreements.  It would potentially result in an unauthorized "splitting" of the licenses between the Debtors and the ultimate purchaser.

42.      Oracle objects to the extent that any transitional or shared use arrangement purports to grant to both the Debtors and purchaser(s) the right to shared use of the Oracle licenses beyond the licenses' terms.

43.      Oracle reserves all rights regarding any transitional use, including under any final APA or transition services agreement, pending Oracle's further review of the same.

IV.   **CONCLUSION**

44.     For the reasons set forth above, Oracle respectfully requests that the Court deny the

Debtors' request for authority to assume and assign, transfer or share use of the Oracle

Agreements, or any Oracle agreement. Oracle reserves its right to be heard further on all issues set

forth herein.

Dated: December 30, 2024          **MARGOLIS EDELSTEIN**
Wilmington, Delaware

By: _____

James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 888-1112
E-mail:         jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
**BUCHALTER, A PROFESSIONAL
CORPORATION**
425 Market Street, Suite 2900
San Francisco, California 94105-2491
Tel: (415) 227-0900

Peggy Bruggman, Esq.
Alice Miller, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **FRANCHISE GROUP, INC. et al.,** | ) | **Case No. 24-12480 (JTD)** |
|  | ) |  |
| Debtor. | ) | **(Jointly Administered)** |

**CERTIFICATE OF SERVICE**

I, James E. Huggett, hereby certify that on December 30, 2024, I served a copy of *Oracle's Limited Objection To And Reservation Of Rights Regarding Debtors' Sale Motion And Related Notice Of Possible Assumption And Assignment And Cure Costs With Respect To Executory Contracts And Unexpired Leases* on the parties listed on the attached Service List via electronic mail, where available, and via regular mail (in either case, as indicated on the Service List).

 /s/ James E. Huggett
James E. Huggett (#3956)

**BY ECF**

| | |
|---|---|
| Edmon L. Morton, Esq.<br>Matthew B. Lunn, Esq.<br>Allison S. Mielke, Esq..<br>**Young Conaway Stargatt & Taylor LLP**<br>1000 North King Street<br>Wilmington, DE 19801 | Timothy J. Fox, Jr., Esq.<br>**United States Trustee**<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 |
| Adam G. Landis, Esq.<br>Matthew McGuire, Esq.<br>**Landis Rath & Cobb LLP**<br>919 N. Market Street Suite 1800<br>Wilmington, DE 19317 | |

**BY REGULAR MAIL**

| | |
|---|---|
| Debra M. Sinclair, Esq.<br>Matthew A. Feldman, Esq.<br>Betsy L. Feldman, Esq.<br>**Willkie Farr & Gallagher LLP**<br>787 Seventh Avenue<br>New York, NY 10019 | Bradford J. Sandler, Esq.,<br>Robert J. Feinstein, Esq.<br>Paul J. Labov, Esq.<br>Theodore S. Heckel , Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 34th Floor<br>New York NY 10017 |
| Jayme Goldstein, Esq.<br>Jeremy Evans, Esq.<br>Isaac Sasson, Esq.<br>**Paul Hastings LLP**<br>200 Park Avenue<br>New York, NY 10166 | Jennifer Ezring, Esq.<br>James Ktsanes, Esq.<br>Andrew Sorkin, Esq.<br>**Latham & Watkins LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020 |
| Thomas Lauria, Esq.<br>**White & Case LLP**<br>200 S Biscayne Blvd<br>Miami, FL 33131 | Bojan Guzina, Esq.<br>**White & Case LLP**<br>111 S. Wacker Dr., Suite 5100<br>Chicago, IL 60606 |