## **EXHIBIT A**

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 433 |

**FOURTH OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES, AND EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON PERSONAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to (i) reject those certain unexpired leases (the "Rejected Leases") set forth on Schedule

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1 to this Order, effective as of December 13, 2024 (the "Rejection Date"), (ii) reject those certain unexpired executory contracts (the "Rejected Executory Contracts") set forth on Schedule 2 to this Order, effective as of the Rejection Date, and (ii) abandon personal property (the "Personal Property") remaining on the Rejected Premises as of the Rejection Date; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases and Rejected Executory Contracts (together, the "Rejected Agreements"), to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date; provided, however, notwithstanding anything herein to the contrary, the Rejected Lease corresponding to Store No. 72 (located at 231 N. Eastern Blvd., Bypass Whs #3, Montgomery, AL 36117) shall be rejected effective as of December 18, 2024.

3.      Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Rejection Date, on the Rejected Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Rejection Date.  Landlords of the Rejected Premises may dispose of any and all Abandoned Personal Property remaining on the Rejected Premises without further notice or liability to any third party or the Debtors.  To the extent necessary, the automatic stay is modified to allow such disposition.

4.      If the Debtors have deposited monies with a counterparty to a Rejected Lease or Rejected Executory Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5.      Any person or entity that holds a claim that arises from the Rejected Agreements must file a proof of claim based on such rejection by the later of (i) the last date and time for each person or entity to file proofs of claim based on prepetition claims against any of the Debtors as set by an order of this Court; or (ii) thirty (30) days after the entry of this Order.

6.      Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors or any other party to:  (a) assert or contest that the Rejected Agreements (i) were terminated on the Rejection Date, or (ii) are not executory contracts or unexpired leases under section 365 of the Bankruptcy Code; (b) assert or contest that any claim for damages arising from the rejection of the Rejected Agreements  is limited to the remedies available under any applicable termination provisions of the Rejected Agreements; (c) assert or contest that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise assert or contest any claims that may be asserted in connection with the Rejected Agreements.  All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Agreements, whether or not such claims arise under, are related

to the rejection of, or are independent of the Rejected Agreements, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.  Additionally, all rights, claims, defenses, and causes of action of any counterparty to the Rejected Agreements, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Agreements, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

7. Nothing this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

8. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Schedule 1**

**Rejected Leases**[1]

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement and Property | Store |
|---|---|---|---|---|---|
| 1 | Amerco Real Estate Company | Amerco Real Estate Company<br>2727 N. Central Ave. Ste. 500<br>Phoenix, AZ 85004<br>Attn: Thao Nguyen | American Freight, LLC | *Lease,* Dated October 26, 2021, as amended<br><br>7060 Winchester Rd<br>Memphis, TN 38125 | 275 |
| 2 | Brooksville Commercial Properties, LLC | Brooksville Commercial Properties, LLC<br>c/o WBS Management and Acquisition Corp.<br>5801 Congress Ave Ste. 219<br>Boca Raton, FL 33487<br>Attn: Ro Sarmoen | American Freight, LLC | *Lease,* Dated June 15, 2021, as amended<br><br>657 S Broad St<br>Brooksville, FL 34601 | 265 |
| 3 | Malco TIC | Malco TIC<br>3500 Eastern Blvd.<br>Montgomery, AL 36123<br>Attn: Haley Carter, Dawn Casey | American Freight, LLC | *Lease Agreement,* Dated December 1, 2011, as amended<br><br>231 N Eastern Blvd/Bypass Whs #3<br>Montgomery, AL 36117 | 72 |

**Schedule 2**

**Rejected Executory Contracts[2]**

---

[2] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement |
|---|---|---|---|---|
| 1 | Jefferies LLC | Jefferies LLC<br>520 Madison Avenue<br>New York, NY 10022<br>Attn: General Counsel | Franchise Group, Inc. | *Agreement*, Dated April 6 2023 |
| 2 | Thomson Reuters Enterprise Centre GmbH | Thomson Reuters Enterprise Centre GmbH<br>c/o West Publishing Corporation<br>610 Opperman Drive<br>P.O. Box 64833<br>Eagan, MN 55123-1396<br>Attn: Customer Service | American Freight, LLC | *Agreement*, Dated January 1, 2022 |