**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCHISE GROUP, INC. et al.,[1] | ) | Chapter 11 |
| | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Dkt. 487 |

**OBJECTION OF MEL INDIANA, LLC TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

MEL Indiana, LLC ("MEL Indiana"), hereby submits its objection to the above captioned Debtors' *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* (the "Cure Notice") (D.I. 487). In support of its Objection, MEL Indiana states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**RELEVANT BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (D.I. 1). Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

2. MEL Indiana and Debtor American Freight Outlet Stores, LLC are the current landlord and tenant under that certain lease agreement (the "Lease Agreement") entered into as of July 20, 2000 for a store located at 61169 US Route 6, Portage, Indiana (the "Property"). A copy of the Lease Agreement is attached hereto as Exhibit A.

3. Debtors are currently behind in their rent due and payable on December 1, 2024 and January, 2025 in the amount of $18,836.12 respectively plus real property taxes in the amount of $38,045.73 for a total of $75,717.97.

4. There are also potential liens on the property which the Debtors are responsible for pursuant to the terms of the Lease Agreement. To the extent such liens exist, any cure amount must include amounts necessary to pay them off.

**OBJECTION**

5. The Lease Agreement is identified on the Cure Notice, but with a purported cure amount of $204.35. To the extent the Debtors seek to assume the Lease Agreement, MEL Indiana objects to the assumption to the extent the cure amount is incorrect and to the extent not enough information has been provided regarding the assignee's ability to provide adequate assurance of future performance.

### A. Objection to the Proposed Cure Amount

6. Pursuant to sections 365(b)(1) and 365(f)(2)(A) of the Bankruptcy Code, prior to assumption of a contract in default, (i) the trustee must cure or provide adequate assurance that the trustee will promptly cure a default; (ii) compensate, or provide adequate assurance of prompt compensation, of a party other than the debtor to such contract, for any actual pecuniary loss to such party resulting from such default; and (iii) provide adequate assurance of future performance under such contract.

7. MEL Indiana objects to the Cure Notice as it fails to provide the correct cure amount for all amounts currently due, including any amounts required to remove existing liens on the Property, and for additional amounts which may be incurred by the time of assumption of the contract.

### B. Adequate Assurance and Clarification Regarding Counterparties to the Assumed Contracts and their Respective Obligations

8. MEL Indiana also objects to the assumption and assignment of the Lease Agreement as it has not been provided with adequate assurance of future performance.

9. Adequate assurance of future performance "is considered to be something less than an absolute guarantee." *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (quoting *In re PRK Enters., Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999)). To determine what constitutes adequate assurance of future performance, the Court must evaluate the facts and circumstances of each case. *Id.*; *see In re Fleming Companies*, 499 F.3d 300, 307 (3d Cir. 2007) ("Adequate assurance of future performance are not words of art; the legislative history of the Bankruptcy Code shows that they were intended to be given a practical, pragmatic construction," and "must be determined by consideration of the facts of the proposed assumption." (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)).

10. In order for MEL Indiana to determine that sufficient adequate assurance is provided, at a minimum, it must be able to evaluate the financial ability of the purported assignee of the Lease Agreement.

### Joinder

11. MEL Indiana hereby joins in and incorporates by reference any objections filed by other contract counter-parties to the assumption and assignment of their contracts.

### RESERVATION OF RIGHTS

12. MEL Indiana reserves its right to amend, modify or supplement this Objection and to raise any additional arguments and objections as permitted under applicable law, including without limitation, the right to objections regarding adequate assurance of future performance under section 365.

### CONCLUSION

WHEREFORE, MEL Indiana respectfully requests that the Court enter an Order (i) sustaining this Objection to the extent that the Debtors do not rectify the cure amount as set forth herein and requiring any order authorizing the assumption of any agreements of MEL Indiana to include the cure amounts set forth herein; and (ii) granting MEL Indiana such other and further relief as the Court deems proper.

Dated: December 30, 2024    **GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: */s/ Michael G. Busenkell*
Michael G. Busenkell (DE 3933)
Amy D. Brown (DE 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail: mbusenkell@gsbblaw.com
abrown@gsbblaw.com
*Counsel for MEL Indiana, LLC*