**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.,* | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 487** |
| | ) | |
| | ) | **Obj. Deadline:  1/3/25 by 4:00 p.m. (ET)** |

**OBJECTION OF EASTON MARKET SC, LLC TO DEBTORS' NOTICE
OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS
WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Easton Market SC, LLC ("Landlord"), by and through its undersigned counsel, hereby

files this objection (the "Objection") to the *Notice of Possible Assumption and Assignment and*

*Cure Costs with Respect to Executory Contracts and Unexpired Leases* (Docket No. 487) (the

"Assumption Notice") filed by the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

**BACKGROUND**

1.      On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.      Prior to the Petition Date, a predecessor of Landlord and the Debtors entered into

a non-residential real property lease (the "Lease"), pursuant to which the Debtors lease from

Landlord certain property located at 4053 Morse Crossing, Columbus, Ohio 43219 (the

"Premises"), at which the Debtors operate a Vitamin Shoppe store.  The Lease is a lease "of real

property in a shopping center" as that term is used in section 365(b)(3) of title 11 of the United

States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3.      Upon information and belief, the Debtors are currently attempting to sell substantially all of their assets.  In connection therewith, on or about December 20, 2024, the Debtors filed the Assumption Notice.  The Assumption Notice states that the Debtors may seek to assume and assign the Lease to an undesignated proposed assignee (the "Proposed Assignee") in connection with the sale of the Debtors' assets.  The Assumption Notice states that the cure amount to cure all defaults under the Lease is $0 (the "Proposed Cure Amount").

**OBJECTION AND BASIS THEREFOR**

4.      The Proposed Cure Amount is incorrect according to Landlord's books and records. As of January 1, 2025, the Debtors owe Landlord $13,928.12 under the Lease.

5.      In addition, it is impossible to state with certainty now as to what the ultimate cure amount will be regarding the assumption and assignment of the Lease since it is not yet clear when the assumption and assignment of the Lease may occur.  Additionally, under the Lease, Landlord is entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlord cannot be certain as to when the actual effective date for the assumption and assignment of the Lease may occur. The actual cure amount for the Lease should include the $13,928.12 identified above, as well as all of the interest and attorneys' fees and costs to which Landlord is entitled under the Lease, through the actual effective date of assumption and assignment of the Lease (the "Actual Cure Amount").

6.      Further, any order that approves the assumption and assignment of the Lease must provide for the payment by the Proposed Assignee of all charges due and/or accrued in the ordinary course under the terms of the Lease subsequent to the assumption and assignment whether or not they may relate to a pre-assumption period.  In addition, the Lease provides that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become

known until after assumption and assignment of the Lease (i.e., personal injury claims, damage to the Premises or shopping center caused by Debtors or their agents).  Any order that approves the assumption and assignment of the Lease must provide that the assumption and assignment of the Lease is pursuant to the terms of the Lease and that the Proposed Assignee will continue to be responsible for all such indemnification obligations as and when they come due and regardless of whether they may have arisen prior to the assumption/assignment of the Lease.

7.    Finally, prior to any assumption or assignment of unexpired leases in a bankruptcy case, a debtor must provide adequate assurance that the debtor will promptly cure all defaults under such leases, and that the proposed assignee will be able to perform in the future under such leases. *See generally* 11 U.S.C. §§ 365(b) and (f).  In this case, in order to satisfy section 365(b) of the Bankruptcy Code, the cure amount for the Lease must be set in the Actual Cure Amount.  In addition, the Debtors have not provided Landlord yet with the terms regarding a proposed assumption and assignment of the Lease, nor any information regarding a Proposed Assignee or its ability to perform in the future under the Lease, contrary to the requirements of section 365(f) of the Bankruptcy Code.  Accordingly, until the Debtors can accomplish all of the foregoing things, they have not met their burden under section 365 of the Bankruptcy Code.  Landlord hereby preserves all rights it has to subsequently object to the terms of any proposed assumption and assignment of the Lease and to the identity of any Proposed Assignee as well as such Proposed Assignee's ability to provide the required adequate assurance of future performance under the Lease.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that any order entered by the Court regarding the assumption and assignment of the Lease set a cure amount in the Actual Cure Amount and be consistent with the relief requested herein, and that the

Court grant Landlord such other and further relief as is just and proper.

Dated: January 2, 2024

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Easton Market SC, LLC*

05853600

4