IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | ) Case No. 24-12480 (JTD) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) Ref. Docket Nos. 444 and 487 |

**WHIRLPOOL CORPORATION'S OBJECTION TO NOTICE OF CURE AMOUNTS CONTAINED IN THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Whirlpool Corporation ("Whirlpool"), through its counsel, files this Objection to the cure amounts contained in the Debtors' Notice of Possible Assumption and Assignment and Cure Costs with respect to Executory Contracts and Unexpired Leases (the "Cure Notice") [Dkt. 487], and states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

1. On November 3, 2024 (the "Petition Date"), Franchise Group, Inc. and certain of its debtor-affiliates (collectively, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware.

2. The Debtors have continued to operate their businesses and manage their affairs as "debtor[s] in possession" under 11 U.S.C. § 1107(a). *See also* 11 U.S.C. § 1108.

3. On November 11, 2024, the Debtors filed a motion [Dkt. 154] (the "Bidding Procedures Motion") seeking entry of an order approving the Debtors' proposed procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with the sale of all or substantially all of the Debtors' assets (the "Assumption and Assignment Procedures").

4. On December 16, 2024, the Court entered an order granting the Debtors' Bidding Procedures Motion (the "Bidding Procedures Order") [Dkt. 444] approving, among other things, the Assumption and Assignment Procedures.

5. The Assumption and Assignment Procedures contained within the Bidding Procedures Order required the Debtors to file a schedule listing the contracts that are proposed to be assumed and assigned as part of the sale together with providing a "Cure Cost" for each contract that the Debtors may potentially assume and assign as part of the sale of their assets. [Dkt. 444 at 18].

6. On December 20, 2024, the Debtors filed the Cure Notice, along with Exhibit A thereto [Dkt. 487]. Exhibit A sets forth the contracts that the Debtors may potentially assume and assign as part of the sale. Per the Assumption and Assignment Procedures, Exhibit A also contains the Debtors' proposed "Cure Costs" for each contract it will potentially assume and assign.

7.      In Exhibit A to the Cure Notice, the Debtor identifies the following contract(s) that it asserts are subject to assumption and assignment:

| ID | Counterparty | Counterparty's Address | Debtor Entity | Agreement | Estimated Cure |
|---|---|---|---|---|---|
| 121807420 | Whirlpool Corp. | Whirlpool Corporation 553 Benson Road Benton Harbor, MI 49022 | Buddy's Newco LLC | Whirlpool Corporation Sales Agreement | $0.00 |

*See* Cure Notice, Exhibit A, at p. 157.

8.      Pursuant to the Whirlpool Corporation Sales Agreement (the "Sales Agreement"), the Debtors purchased certain goods that the Debtors sold in its stores throughout the U.S.

9.      Pursuant to the Sales Agreement, Whirlpool sold certain goods to the Debtor on credit. As of the date of this Objection, the unpaid balance due to Whirlpool under the Sales Agreement is $5,670.00.

10.     The Cure Notice asserts that the Debtors' cost to cure the Sales Agreement is $0.00. *See* Cure Notice, Exhibit A, at p. 157. However, the actual amount due to cure the Sales Agreement based on the goods Whirlpool sold and delivered to the Debtor is $5,670.00, plus any additional amounts that accrue and become due between the date the Cure Notice was issued and the date that the Sales Agreement is assumed and assigned ("Cure Amount"). The amounts comprising the Cure Amount are itemized on **Exhibit 1** attached to this Objection and incorporated herein.

## CURE CLAIM OBJECTION

11.     Section 365 of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. Accordingly, a debtor must cure all existing defaults and provide adequate assurance of future performance under the contracts to be assigned. *In re Network Access Solutions Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005); § 365(b)(1)(A).

13. Whirlpool does not object per se to the assumption and assignment of the Sales Agreement; however, the Debtors incorrectly allege that their cure obligation to assume the Sales Agreement is $0.00. *See* Cure Notice, Exhibit A, at p. 157. Whirlpool further objects to the cure amount identified in the Cure Notice because it fails to provide for payment of the Cure Amount (defined above) due to Whirlpool pursuant to the Sales Agreement, plus any additional amounts that may become due to Whirlpool through the effective date of assumption.

## RESERVATION OF RIGHTS

14. Whirlpool hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, objecting regarding adequate assurance of future performance under 11 U.S.C. § 365.

## CONCLUSION

15. For the reasons set forth above, Whirlpool respectfully requests that this Court: (i) sustain this Objection; (ii) require as a condition of assumption that the Debtors pay $5,670.00 to cure the outstanding obligations under the Sales Agreement as they exist as of the date of the Cure Notice, plus pay all additional amounts that will become due prior to the effective date of any

assumption of the Sales Agreement; and (iii) grant Whirlpool such further relief as this Court deems proper.

Dated: January 2, 2025
      Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com
and
**QUARLES & BRADY LLP**

*/s/ L. Katie Mason*
L. Katie Mason (WI: 1060063)
*(pro hac vice pending)*
411 E. Wisconsin Avenue, Suite 2400
Milwaukee, WI  53202
Telephone: (414) 277-3018
Email:  Katie.Mason@quarles.com

*Attorneys for Whirlpool Corporation*