# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>                  Debtors, | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 487** |

## LIMITED OBJECTION OF DELL FINANCIAL SERVICES, L.L.C. TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Dell Financial Services, L.L.C. ("DFS"), by and through its undersigned counsel, files this Limited Objection (the "Limited Objection") to the Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases filed as

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC Delaware, Ohio 43015.

D.I. 487 and reserves its rights with regard to the proposed assumption and assignment of the DFS agreements. In support of the Limited Objection, DFS states as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), Franchise Group, Inc. and its affiliated debtors (collectively, the "Debtors") commenced a bankruptcy case, by filing a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors are continuing to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, on August 18, 2015, PSP Stores, L.L.C. and DFS entered into Master Lease Agreement No. 1187494041-12523 ("MLA"). Thereafter, PSP Stores, L.L.C. and PSP Franchising, L.L.C. executed various lease schedules subject to and governed by the MLA. The various lease schedules and the MLA are collectively referred to herein as the "PSP Lease Agreement." Pursuant to the PSP Lease Agreement, DFS provides to the Debtors certain computer products and peripherals (the "Equipment"), described more specifically and identified in the lease schedules. Debtors are required to make payments to DFS as required under the Lease Agreement. The Debtors have failed to pay all amounts due and owing under the Lease Agreement.

3. In addition, prior to the Petition Date, on April 4, 2023 and on February 14, 2024, Buddy's Newco, LLC enter into equipment leases with DFS, leasing certain computer products and peripherals (also referred to as "Equipment") as set forth in the respective leases. The Buddy's Newco, LLC leases are referred to herein as the "Buddy's Newco Leases." The Debtors have failed to pay certain amounts due under the Buddy's Newco Leases.

4.     As of the date of this Limited Objection, to cure payment defaults, Debtors owe DFS $241,115.78 in unpaid invoice amounts under the PSP Lease Agreement as follows: $199,715.78 in connection with PSP Franchising, LLC schedules for Equipment leased pursuant to the MLA and $41,400 in connection with PSP Stores, LLC schedules for Equipment leased pursuant to the MLA.  In addition, as of the date of this Limited Objection, Debtors owe a cure to DFS of $318.38 under the Buddy's Newco Leases.

5.     On November 11, 2024, the Debtors filed a motion with the Court seeking entry of an order, among other things, (i) (a) procedures for the sale of all or substantially all of the Debtors assets, (b) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (c) Approving Assumption and Assignment Procedures, and (d) Granting Related Relief; and (ii) (a) Approving the Sale of the Debtors Assets free and Clear of Liens, Claims, Interests, and Encumbrances (b) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Granting Related Relief (D.I. 154) (the "<u>Sale Procedures Motion</u>").

6.     On December 11, 2024, the Court entered its Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief (D.I. 411) (the "Sale Procedures Order").

7.     On December 16, 2024, the Court entered its Order (REVISED) (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof, (C)

Approving Assumption and Assignment Procedures, and (D) Granting Related Relief (D.I. 444) (the "REVISED Sale Procedures Order").

8. On December 20, 2024, Debtors filed a Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases (D.I. 487) ("First Assumption and Cure Notice"). In the First Assumption and Cure Notice, the Debtors identify four agreements with DFS for potential assumption with Buddy's Newco, LLC listed as the Debtor entity, stating a total cure amount through the date of the First Assumption and Cure Notice of $4,289.84. These agreements are identified as a "Master Lease and Financing Agreement" with a listed cure amount of $4,289.84 as well as a "Technology Lease" and two "Technology Equipment Lease Agreements" each with a $0.00 listed cure amount. Though DFS assumes this is intended to reference the Buddy's Newco Leases, the descriptions of the specific agreements do not adequately identify the contracts subject to assumption and cure, and all but the "Master Lease and Financing Agreement" do not state a cure amount.

9. Additionally, in the First Assumption and Cure Notice, the Debtors also identify two "Equipment Lease Agreements" with Dell Marketing, L.P. for potential assumption with Buddy's Newco, LLC listed as the Debtor entity and providing a cure amount of $6,816.60 for one and $0.00 for the other.[2]

10. In addition to the foregoing, the Debtors reference DFS in another line item of the First Assumption and Cure notice, identifying a Master Lease Agreement with DFS for potential assumption and identifying a cure amount of $0.00. PSP Stores, LLC is identified as the Debtor entity with respect to this listed agreement. Though we assume the reference to the Master Lease

---

[2] DFS is unaware of any additional Equipment Lease Agreement between Debtors and Dell Marketing, L.P., and to the extent this is intended to identify the MLA and related schedules with DFS and/or the Buddy's Newco Leases, DFS objects to assumption and cure of this as a separate agreement with Dell Marketing, L.P. separate from the PSP Lease Agreement and/or the Buddy's Newco Leases and objects to the cure amount stated.

Agreement refers to the MLA and its related schedules (i.e., the PSP Lease Agreement), the description of the specific agreement does not adequately identify the contract subject to assumption and cure, and it does not list the correct cure amount.

## LIMITED OBJECTION

11.     Section 365(b) of the Bankruptcy Code provides in pertinent part as follows:

(b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A)     cures, or provides adequate assurance that the trustee will promptly cure, such default…

(B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contact or lease.

11 U.S.C. § 365(b)(1).

**A. The First Notice of Potential Assumption and Assignment Does Not Sufficiently Identify the Potentially Assumed and Assigned Executory Contracts**

12.     DFS does not object to the assumption and assignment of the PSP Lease Agreement or the Buddy's Newco Leases; however, further clarity is needed regarding the identification of the agreements and the cure amount to be paid. In this regard, the First Assumption and Cure Notice shows the following with respect to agreements identified for potential assumption and cure:

Listed as to DFS under Debtor PSP Stores, LLC:

| | | | | | | |
|---|---|---|---|---|---|---|
| 121801871 | Dell Financial Services LLC | DELL FINANCIAL SERVICES L.L.C.<br>ONE DELL WAY<br>Round Rock, TX 78682 | PSP Stores, LLC | Master Lease Agreement | | $0.00 |

Listed as to DFS under Debtor Buddy's Newco, LLC:

| | | | | | | |
|---|---|---|---|---|---|---|
| 121801867 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C. One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Master Lease And Financing Agreement | | $4,289.84 |
| 121801868 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C. One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Technology Lease | | $0.00 |
| 121801869 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C. One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Technology Equipment Lease Agreement | | $0.00 |
| 121801870 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C. One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Technology Equipment Lease Agreement | | $0.00 |

Listed as to Dell Marketing, L.P. Debtor Buddy's Newco, LLC:

| | | | | | | |
|---|---|---|---|---|---|---|
| 121801872 | DELL Marketing L.P | DELL Marketing L.P One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Equipment Lease Agreement | | $5,816.60 |
| 121801873 | DELL Marketing L.P | DELL Marketing L.P One Dell Way Round Rock, TX 78682 | Buddy's Newco LLC | Equipment Lease Agreement | | $0.00 |

13. The Assumption and Cure Notice generally describes DFS and Dell Marketing, L.P. agreements that Debtors identify for potential assumption and assignment; however, based on these descriptions, it is unclear what agreements are identified for potential assumption and the cure amount. Further, with respect to the cure amounts, although the Debtors identify contracts that appears to refer to the PSP Lease Agreement and the Buddy's Newco Leases and state cure amounts, it is unclear what these listed agreements consists of and how the stated cure relates to the amounts due under the agreements.

14. In terms of the PSP Lease Agreement, the Debtors may not segregate the governing MLA from the corresponding schedules for purposes of assumption and assignment, if that is the Debtors' intention. *See In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008) (holding that where several agreements are economically interdependent, and the parties' course of dealing demonstrates that the deal was meant to be indivisible, the agreements comprised one integrated agreement that the debtor cannot sever in order to assume, assign, or reject individually). Indeed, a debtor seeking to assume a contract must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming*, 499 F.3d 300, 308 (3d Cir. 2007) ("Section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder"), citing *In re ANC Rental*

*Corp.*, 277 B.R. 226, 238 (Bankr. D. Del. 2002) (holding that debtor may not assume only part of a contract but must assume the entire agreement). "Should the debtor-in-possession elect to assume the executory contract…it assumes the contract *cum onere*." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); citing *In re Italian Cook Oil Corp.,* 190 F.2d 994, 996 (CA3 1951). In short, a debtor must assume or reject an executory contract in its entirety under 11 U.S.C. § 365(a). *See e.g., In re Contract Research Sols., Inc.,* No. 12-11004 (KJC), 2013 WL 1910286 at * 2(Bankr. D. Del. May 1, 2013); *In re MF Global Holdings Ltd.,* 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part.").

15.   Further, "a debtor may not assume an executory contract unless the debtor satisfied several statutory conditions designed to make the non-debtor contracting party whole." *ReGen Capital I, Inc. v. Halperin (In re Wireless Data, Inc.),* 547 F.3d 484, 489 (2d Cir 2008); *see also, In re G-1 Holdings, Inc.,* 580 B.R. 388 (Bankr. D.N.J. 2018). In particular, the debtor must "cure the default or provide adequate assurance that it will promptly cure. 11 U.S.C. § 365(b)(1)(A).

16.   In order to clarify the DFS unexpired equipment leases that are subject to potential assumption and assignment by the Debtors, DFS requests that the Debtors specify the targeted contracts' (1) name and date with the cure amount and (2) any associated schedules/agreements. This information will enable DFS to evaluate the specific contracts for potential assumption and the cure amount.

17.   Moreover, with respect to the PSP Lease Agreement, the MLA is the governing agreement to which all schedules relate and thus is an integrated agreement. As a result, any potential assumption and assignment must include the assumption and assignment of the entire MLA, including each of the schedules thereto. To the extent that the Debtors attempt to sever the specific schedules from the MLA, DFS objects on the basis that the MLA and its related schedules

constitute an indivisible agreement such that specific schedules and related documents under the MLA cannot be severed and individually assumed or rejected.

18.     Further, as part of any assumption, all pre-petition and post-petition amounts owed through the date of assumption and assignment must be paid in full.  DFS, therefore, is entitled to payment of the cure amount corresponding to all unpaid amounts due through the date of assumption, which currently is $241,115.78 with respect to the PSP Lease Agreement and $318.38 under the Buddy's Newco Leases.  Accordingly, DFS objects to the proposed assumption and assignment to the extent Debtors are not proposing to pay all amounts due through the date of assumption and assignment.  The cure amounts under the PSP Lease Agreement, including with respect to all schedules under the MLA, and the Buddy's Newco Leases must be paid in full in connection with assumption and assignment.

### B. The Debtor's Asserted Cure Amounts are Incorrect

19.     As discussed above, the First Assumption and Cure Notice states a cure amount of only $4,289.84 next to the designation for "Master Lease and Financing Agreement," with Buddy's Newco, LLC identified as the applicable Debtor entity.  It also lists a cure amount of $6,816.60 next to a designation of "Equipment Lease Agreement" (Dell Marketing, L.P. listed as the contracting party) with Buddy's Newco, LLC identified as the applicable Debtor entity.  No other cure amount is provided with respect to any of the other agreements listed, including the agreement identified as a "Master Lease Agreement" having PSP Stores, LLC identified as the Debtor entity.

20.     As set forth above, as of the date of this Limited Objection, Debtors currently owe DFS a total of $241,115.78 to cure under the PSP Lease Agreement as follows:  $199,715.78 in connection with PSP Franchising, LLC schedules for equipment leased pursuant to the MLA and

$41,400 in connection with PSP Stores, LLC schedules for equipment leased pursuant to the MLA. In addition, $318.38 currently is owed to cure under the Buddy's Newco Leases. As such, the current correct cure amount due to DFS for the assumption and assignment of the PSP Lease Agreement and the Buddy Newco Leases is $241,434.16. DFS, therefore, DFS objects to the First Assumption and Cure Notice on the basis that it does not provide the necessary and correct cure amounts required for assumption and assignment.

21. As a final matter, it is noted that the cure amounts owed under the PSP Lease Agreement and the Buddy's Newco Leases continue to accrue post-petition and are subject to adjustment based on the assumption and assignment date and the amounts due and owing as of such date. Therefore, DFS objects to the cure amounts to the extent they do not include further post-petition amounts that are unpaid and due and owing under the PSP Lease Agreement and the Buddy's Newco Leases through the date of assumption and assignment.

## **RESERVATION OF RIGHTS**

22. DFS hereby reserves its rights to revise this objection and make such other and further objections as may be appropriate, including but not limited to adjusting the cure amount and objecting to the assumption and assignment based on the lack of adequate assurance of future performance and any other grounds.

## **CONCLUSION**

23. For the reasons set forth above, DFS respectfully requests that this Court (a) sustain this Limited Objection; (b) require that any order authorizing the assumption and assignment of the PSP Lease Agreement and the Buddy Newco Leases affirmatively compel the Debtor to pay all amounts owing thereunder as set forth herein through the effective date of any such assumption and assignment, and (c) grant DFS such further relief as it deems proper.

Dated: January 2, 2025

Respectfully submitted,

**AUSTRIA LEGAL, LLC**

*/s/ Matthew P. Austria*
Matthew P. Austria (No. 4827)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Facsimile: (302) 291-1722
Email: maustria@austriallc.com

and-

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
Sabrina L. Streusand
G. James Landon
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
Email: streusand@slollp.com
Email: landon@slollp.com

*Counsel for Dell Financial Services, L.L.C.*