IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC. et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>Jointly Administered<br><br>Re: Dkt. 487 |

### OBJECTION TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

THF St. Clairsville Development, LP ("Clairsville"), THF Clarksburg Development Two, LLC ("Clarksburg"), TKG Fairhaven Commons LLC ("Fairhaven"), TKG Paxton Towne Center Development LP ("Paxton"), and GKT Shoppes At Legacy Park, LLC ("Shoppes" and collectively with the foregoing, the "Landlords"), by their undersigned counsel, submit this limited objection (the "Objection") to the Debtors' *Notice of Possible Assumption and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* ("Cure Notice") [D.I. 487], and respectfully state as follows:

1. On November 3, 2024, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This Court entered its order authorizing the joint administration and procedural consolidation of these Chapter 11 cases.

2. No trustee or examiner has been appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. Prior to the Petition Date, Debtors leased retail space from Landlords pursuant to unexpired leases of nonresidential real property (the "Leases"). The Leases are leases "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3).

4. On November 11, 2024, the Debtors' filed the *Motion For Entry Of Orders (I) (A) Approving Bidding Procedures For The Sale Of All Or Substantially All Of The Debtors' Assets, (B) Scheduling An Auction And A Sale Hearing And Approving The Form And Manner Of Notice Thereof, (C) Approving Assumption And Assignment Procedures, And (D) Granting Related Relief; And (II) (A) Approving The Sale Of The Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, (B) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (C) Granting Related Relief* [D.I. 154] (the "Bid Procedures Motion"). On December 16, 2024, the Court entered an order approving the Bid Procedures Motion [D.I. 444] (the "Bidding Procedures Order").

5.      Pursuant to Bidding Procedures Order, the Debtors filed the Cure Notice, which lists the cure amounts for the Leases according to the Debtors' books and records (collectively, the "Cure Amounts").

## **OBJECTION**

6.      Landlords do not contest the Cure Amounts as of the date of the filing of the Cure Notice, but Debtors' Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption and assignment of the Leases by the Debtors (including but not limited to rent payments for January 2025). Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of the  and the effective date of any assumption and assignment by the Debtors. See 11 U.S.C. § 365(b)(1).

7.      Further Debtors' Cure Amounts do not include amounts that may become due under the Leases after the Leases are assumed and assigned, but which may relate to the pre-assumption and assignment period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with the assumption and assignment of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Debtors' Cure Amounts.

8.      Leases provide that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Leases (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Leases must provide that the assumption and assignment is pursuant to the

terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

9. In the event that the Debtors or any proposed assignee of the Leases proposes an alternate use of any of the premises, then Landlords reserve their rights to object to any such proposed use.

10. To the extent not inconsistent with the arguments raised herein, Landlords join in the objections of other landlords.

11. Landlords hereby reserve their rights to make such other and further objections as may be appropriate to the Leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

12. For the reasons set forth above, Landlords respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Leases affirmatively requires the Debtors to pay all amounts accrued but not yet billed including attorneys' fees and expenses, if appropriate; and (iii) grant Landlords such further relief as it deems proper.

January 3, 2025

/s/ David P. Primack
David P. Primack (#4449)
MANNING GROSS +
MASSENBURG LLP
1007 N. Orange Street, Suite 711
Wilmington, DE 19801
(302) 657-2100
dprimack@mgmlaw.com

*Counsel to the Landlords*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC. et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>Jointly Administered<br><br>Re: Dkt. 487 |

**CERTIFICATE OF SERVICE**

    I, David P. Primack, hereby certify that on this 3rd day of January the foregoing *Objection To Debtors' Notice Of Possible Assumption And Assignment And Cure Costs With Respect To Executory Contracts And Unexpired Leases* was served on all parties registered to receive CM/ECF notifications in this matter and the following as indicated:

    (1) Counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Matthew A. Feldman, Esq. (email: mfeldman@willkie.com), and Betsy L. Feldman, Esq. (bfeldman@willkie.com);

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

(2) Co-counsel to the Debtors, Young Conaway Stargatt and Taylor, LLP, 1000 North King Street, Wilmington, DE, 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com);

(3) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov);

(4) Proposed counsel to theCommittee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, New York NY 10017, 34th Floor, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com);

(5) Counsel to the DIP Lenders and Ad Hoc Group of First Lien Secured Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com);

(6) Counsel to the ABL Secured Parties, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com);

(7) Counsel to the Second Lien Secured Parties, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com).

/s/ David P. Primack
David P. Primack (#4449)