**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Jan. 3, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: Feb. 13, 2025 at 10:00 a.m. (ET)**<br><br>**Ref. Doc. Nos.: 444, 454 & 487** |

**OBJECTION AND RESERVATION OF RIGHTS OF
WPG LEGACY, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND PROPOSED SALE**

WPG Legacy, LLC ("WPG"), as owner and/or managing agent for the owners of the properties identified herein (the "Landlords"), by its undersigned counsel, files this objection and reservation of rights (this "Objection") to the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases and Proposed Sale* (Doc. No. 487) (the "Notice")[1] and the proposed sale of the debtors' (the "Debtors") assets pursuant to the *Order (I)(A) Approving Bidding Procedures for the Sale of all or Substantially all of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* (Doc. No. 444) (the "Bid Procedures Order"). In support of this Objection, WPG respectfully states:

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Notice or Bid Procedures Order, as applicable.

**BACKGROUND**

1.  On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2.  Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors and the Landlords are parties to certain unexpired leases of nonresidential real property (the "Leases") identified below, where the Debtors lease retail space (the "Premises").

| Landlord Entity | Shopping Center | City, State |
|---|---|---|
| Gaitway Plaza, LLC | Gaitway Plaza | Ocala, FL |
| WPG Wolf Ranch, LLC | Wolf Ranch Town Center | Georgetown, TX |

4.  The Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5.  On November 11, 2024, the Debtors filed their *Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Doc. No. 154) (the "Bid Procedures Motion") pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of substantially all of the Debtors'

2

assets and procedures for the assumption and assignment of the Debtors' unexpired leases.

6. On December 16, 2024, this Court entered the Bid Procedures Order, which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to lease counterparties of assumption and assignment of any unexpired leases in connection with the Proposed Sale.

7. On December 20, 2024, as contemplated by the Bid Procedures Order, the Debtors filed the Notice, which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale, including the Leases. The Notice proposes the following amounts necessary to cure all monetary defaults under the Leases (the "Proposed Cure Amount"):

| Store No. | Landlord | Cure Amount |
|---|---|---|
| 0199 | Gaitway Plaza, LLC | $0.00 |
| 0435 | WPG Wolf Ranch, LLC | $0.00 |

**OBJECTION**

8. Although WPG does not object to the Debtors' right to sell substantially all of the Debtors' assets, WPG does object to any Proposed Sale to the extent such sale seeks to impair, limit, and/or modify WPG's rights under the Leases, the Bankruptcy Code, and applicable law. Moreover, any assumption and assignment of the Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Leases, including, but not limited to, paying all amounts due and owing under the Leases through the effective date of the assumption and assignment of the Leases and providing adequate assurance of future performance information to WPG in accordance with the terms of the Bid Procedures Order.

### A.  The Debtors' Proposed Cure Amount is Incorrect and Must Provide for Payment of all Obligations due Under the Leases.

9. As of the date of this Objection, the aggregate cure amount owing under the Leases is not less than $5,458.99, plus unbilled charges that are accruing, which may come due in the future, and any indemnity and contribution obligations (the "Cure Amount").[2] Attached hereto and incorporated herein as **Exhibit A** are schedules containing an itemization of the amounts due and owing under each of the Leases.

10. The Cure Amount may increase prior to any actual date of assumption and assignment of the Leases if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance, and other amounts that may come due, pursuant to the terms of the Leases, and regardless of when those amounts accrued.

11. WPG notes that the Leases impose certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against WPG in connection with the Leases. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured if the Leases are to be assumed and assigned as part of the Proposed Sale. WPG objects to the Proposed Cure Amount to the extent that it fails to include amounts related to the indemnification and contribution covenants and obligations for which the Debtors are responsible to WPG under the Leases.

12. In connection with the assumption and assignment of the Leases, all rights of WPG under the Leases (including defenses thereto) must be preserved. As such, any order approving the Proposed Sale should specify that WPG's setoff, recoupment, and subrogation rights are preserved,

---

[2] The Cure Amount includes $1,000.00 in attorneys' fees. WPG is entitled to attorneys' fees as part of the Cure Amount for the Leases, as the Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the Leases must be paid as part of any assumption of the Leases. *See id.*

4

and that the Debtors and any proposed assignee remain liable to WPG for: (i) any accrued but unbilled charges under the Leases, including, but not limited to, year-end adjustments for common area maintenance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the Leases; (iii) any percentage rent that may be due under the Leases; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification, and other contractual obligations under each Lease regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Leases. *See* 11 U.S.C. § 365(b)(1).

13. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or WPG suffers other pecuniary losses with respect to the Leases, WPG further reserves the right to amend the Cure Amount to: (i) reflect such additional amounts; and (ii) to account for year-end adjustments, including, without limitation, adjustments for calendar year 2024 (collectively, the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases. The Debtors or any assignee of the Leases must be responsible for satisfying the Adjustment Amounts when due in accordance with the terms of the Leases regardless of when such Adjustment Amounts were incurred. To the extent that the Debtors are to remain responsible for any Adjustment Amounts, WPG requests that at the closing of the Sale, such funds be placed into a separate and segregated escrow account outside of the Debtors' chapter 11 bankruptcy estates, so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay WPG when said Adjustment Amounts become due and owing to WPG in accordance with the terms of the Leases.

14. Further, under section 365(k) of the Bankruptcy Code the Debtors remain responsible for any contractual obligations under the Leases that arose prior to the assumption and assignment of

the Leases, thus, any provision in the proposed order approving the Sale that purports to release the Debtors from any further liability under the Leases, including those contractual obligations that arose prior to the assumption and assignment of the Leases, should be stricken.

15. Finally, the proposed order approving the Sale or any order approving the assumption and assignment of the Leases must provide, among other things, that the Debtors, the Successful Bidder, or the proposed assignee promptly pay to WPG all amounts due and owing under the Leases through the effective date of assumption and assignment of the Leases (i.e., the Cure Amount), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Objection.

### B. The Debtors Must Demonstrate Adequate Assurance of Future Performance.

16. In accordance with section 365 of the Bankruptcy Code, WPG must be provided with sufficient information with respect to adequate assurance of future performance prior to the potential assumption and assignment of Leases to the Successful Bidder or proposed assignee. As of this Objection, WPG has not received any adequate assurance information from the Debtors.

17. The adequate assurance of future performance information provided to WPG as part of the Proposed Sale must demonstrate that the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the Successful Bidder or proposed assignee in accordance with section 365 of the Bankruptcy Code.

18. Under this requirement, the Debtors must provide to WPG assurances: (a) of the source of rent and other consideration due under the Leases, and that the financial condition and operating performance of the Successful Bidder or proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Leases; (b) that any percentage rent due under the

Leases, if applicable, will not decline substantially; (c) that assumption and assignment of the Leases is subject to all provisions of the Leases, including but not limited to radius, location, use, or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the Leases will not disrupt any tenant mix in the shopping center. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating the Successful Bidder's or proposed assignee's ability to provide adequate assurance of future performance. *In re Lafayette Radio Elecs. Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991); *see also, e.g.*, *In re Federated Dep't Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983).

      19.      In order to satisfy the heightened adequate assurance of future performance burden, the Successful Bidder or any proposed assignee of the Leases must provide the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space; (iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Leases, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the Leases; (v) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee WPG may directly contact in connection with the adequate assurance of future performance information.[3]

---

[3] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of the Leases to satisfy the requirements of section 365 of the Bankruptcy Code.

20. WPG demands strict proof of the Successful Bidder's or the proposed assignee's ability to establish adequate assurance of future performance with respect to the Leases. WPG is entitled to the full benefit of its bargain under the Leases and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the Leases must be in accordance with all provisions of the Leases and the Bankruptcy Code. *See, e.g.*, *In re Entm't, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

      C.      **The Debtors are Required to Assume and Assign the Leases in Their Entirety, Including Any and All Obligations Contained Therein, and all WPG's Rights Under the Leases and Applicable Law Must be Preserved.**

21. Any assumption and assignment of the Leases requires the Debtors to assume and assign the Leases in their entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the Leases for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998))); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)).

Further, the Proposed Sale cannot override the parties' contractually bargained for rights under the Lease. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

22. The Purchaser or any Successful Bidder must be responsible for satisfying all obligations and charges when due in accordance with the terms of the Lease regardless of when such amounts were incurred. Accordingly, the proposed Sale Order must preserve WPG's right to payment of these charges and expressly provide that any assignee of the Leases (including, but not limited to, the Purchaser or any Successful Bidder) continues to be responsible for any and all express and implied covenants and obligations under the Leases or related documents or supplements, regardless of when such covenants or obligations arose.

23. Further, WPG's rights under the Leases and applicable law must survive any Sale. Any acquisition of the Leases free and clear of Liens and claims could presumably result in the impairment of WPG's setoff and recoupment rights under the Leases and applicable law. WPG's rights under the Leases (including defenses thereto) cannot be extinguished through the Proposed Sale.

**RESERVATION OF RIGHTS**

25. Nothing in this Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under the Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Proposed Sale, the proposed sale order and any asset purchase agreement; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the Leases; and

(e) assert any further objections as it deems necessary or appropriate.

## JOINDER

26. WPG joins in any objections to the Proposed Sale that are filed by other landlords to the extent they are not inconsistent with this Objection.

**WHEREFORE**, WPG respectfully requests that this Court sustain this Objection and grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: January 3, 2024
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold (Ohio Bar No. 0061351)
Erin P. Severini (Ohio Bar No. 91478)
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com
 eseverini@fbtlaw.com

***Counsel for WPG Legacy, LLC***