**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 : |
| FRANCHISE GROUP, INC., *et al.*,[1] | : Case No. 24-12480 (JTD) : (Jointly Administered) : |
| Debtors. | : RE: Doc. No. 487 : |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF HERITAGE SEYMOUR I, LLC AND HERITAGE SEYMOUR II, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Heritage Seymour I, LLC and Heritage Seymour II, LLC (collectively, the "Landlords") by and through their undersigned counsel, file this Limited Objection and Reservation of Rights (the "Objection") to the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [Docket No. 487] (the "Cure Notice") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors"), and, in support hereof, respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

ME1 51598150v.2

**PRELIMINARY STATEMENT**

1. The Landlords are lessors of a distribution center located at 1510 E. 4th Street Road, Seymour, Jackson County, Indiana (the "Premises"), at which PSP Distribution, LLC (the "Debtor") operates a warehouse pursuant to that certain *Commercial Industrial Lease Agreement* dated December 28, 2011(as thereafter amended, assumed and assigned, the "Lease").

2. The Landlords file this Objection and reservation of rights to ensure that the Debtors cure all existing defaults, pay all required sums and otherwise comply with the Lease as a condition of any assumption and assignment of the Lease.

3. Additionally, the Debtors are required to provide adequate assurance of future performance with respect to the proposed assignment of the Lease pursuant to Section 365(b)(1)(A) and/or 365(f)(2) of the Bankruptcy Code. Before the Debtors may assume the Lease, the Debtors should be required to identify the assignee, cure all defaults, compensate the Landlords for any pecuniary losses, and provide adequate assurance of future performance to Landlords as required under the Lease and the law.

**BACKGROUND**

**A.    PROCEDURAL HISTORY**

4. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. The Debtors are being jointly administered. Doc. No. 88.

7. On November 11, 2024, the Debtors filed the *Debtors' Motion for Entry of*

*Orders (I) (A) Approving Bidding Procedures for the Sale of all or Substantially all of the Debtors' Assets, (V) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Doc. No. 154] ("Sale Motion"), through which the Debtors seek to sell substantially all of their assets.

8. On December 16, 2024, this Honorable Court entered the revised *Order (I) (A) Approving Bidding Procedures for the Sale of all or Substantially all of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Releif* [Doc. No. 444] (the "Bid Procedures Order"), through which it granted certain preliminary relief sought in the Sale Motion, including the approval of procedures for the potential assumption and assignment of the contracts and leases.

9. On December 20, 2024, the Debtors filed the Cure Notice identifying the Lease for potential assumption and assignment.

B.  **LEASE HISTORY**

10. The Lease commenced on January 1, 2012.[2]

11. On or about October 14, 2021, the Debtor, on the one hand, and the Landlords' predecessors in interest, McCabe Way Irvine LLC and Mileski Living Trust, on the other modified the terms of the Lease by entering into that certain *Amended and Restated Building Lease* of the same date.

---

[2] Due to its commercially sensitive terms, the Lease is not attached hereto as an Exhibit, but will be provided by Landlords, as appropriate, upon written request.

3

ME1 51598150v.2

12. On or about October 19, 2021, PSP Stores LLC executed a guaranty ("Guaranty") of all of the Debtors' obligations under the Lease (the "Lease Obligations").

13. On or about September 8, 2022, the Debtor and the Landlords' predecessors in interest further amended the terms of the Lease by entering into that certain *First Amendment to the Amended and Restated Building Lease* of the same date.

14. On June 28, 2023, the Landlords' predecessors in interests, McCabe Way Irvine LLC and Mileski Living Trust assigned the Lease to the Landlords.

## ARGUMENT

A. **ALL DEFAULTS MUST BE CURED BEFORE ASSUMPTION.**

15. Under Section 365 of the Bankruptcy Code, the Debtor must assume and assign the License Agreement subject to its existing terms. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract…it assumes the contract *cum onere*").

16. Section 365(b) requires that the Debtors must cure all defaults of the Lease or provide adequate assurance of prompt cure before it may be assumed, and compensate the lessor for any pecuniary loss resulting from the Debtors' defaults. 11 U.S.C. § 365(b)(1); *In re Fleming Cos., Inc.*, 499 F.3d 300, 304 (3d Cir. 2007).

17. The Debtors bear the burden of proving the requirements of Bankruptcy Code Section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602 (E.D. Tex. 1999).

18. The Landlords object to the Debtors' proposed cure amount (the "Proposed Cure Amount") to the extent it fails to accurately reflect all of the outstanding Lease Obligations on the date of assumption and assignment, which is currently unstated and unknown. The Debtors

have used, and continue to use, the Premises since the Petition Date. Thus, they remain liable for payment of post-petition rent and charges on a timely basis, and compliance with all other Lease Obligations, as required by Section 365(d)(3) of the Bankruptcy Code.

19. Moreover, where, as here, the Lease provides for the payment of attorneys' fees, such amounts are due upon assumption and assignment. *See*, *e.g.*, *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S.Ct. 1199, 1203-06 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless the Bankruptcy Code specifically provides otherwise). *See* Lease, ¶¶ 22.2, 24.5 (providing for payment of attorneys' fees under certain circumstances).

20. Finally, as of the Petition Date, the Lease Obligations included the following:

   a. Prior written consent of the Landlords to any assignment unless certain requirements are met. (Lease, ¶¶ 8.1(a) and 8.5);

   b. $1,000 reimbursement payment by Debtor to Landlords for time, fees and costs to review requested assignment. (Lease, ¶ 8.1); and

   c. A valid and unconditional guarantee of payment. (Lease, ¶ 2.6).

21. The Landlords require that all Lease Obligations be current and cured prior to assumption and assignment, including the payment of any and all attorneys' fees owed under the Lease. Failure to satisfy any one of these Lease Obligations would constitute a default under the terms of the Lease and prohibit assignment under Section 365(c)(1) of the Bankruptcy Code. *In re IT Grp.*, 302 B.R. 483, 487 (D. Del. 2003).

22. Landlords object to the Debtors' assumption and assignment of the Lease unless the Debtors (i) identify an acceptable assignee of the Lease and either obtain Landlords' written

consent to assignment or otherwise meet the requirements set forth in paragraph 8.5 of the Lease regarding the assignee's financial wherewithal and stability; (ii) pay the $1,000 assignment fee; (iii) compensate Lender for any pecuniary loss; and (iv) provide a guaranty as required under the Lease.

23. Pursuant to Section 365(b)(1) of the Bankruptcy Code, the Debtors must cure all defaults and satisfy all outstanding Lease Obligations before the Lease can be assumed and assigned.

**B.    THE DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

24. Section 365(b)(1)(C) of the Bankruptcy Code requires that if there has been a default in an executory contract or lease, the Debtor must provide adequate assurance of future performance under such contract before it may be assumed. 11 U.S.C. § 365(b)(1)(C).

25. Section 365(f)(2) of the Bankruptcy Code requires that the Debtors provide adequate assurance of future performance, regardless of whether there has been a default, where the lease contains an anti-assignment clause, as in the Lease. 11 U.S.C. 365(f)(2)(B).

26. The Bankruptcy Code does not provide a definition of adequate assurance. *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009). What constitutes adequate assurance of future performance must be determined by consideration of the facts of the proposed assumption. *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007).

27. The Debtors have yet to identify the potential assignee, let alone provide evidence of such assignee's adequate assurance of future performance. The Court should direct the Debtors to provide evidence of any proposed assignee's ability to perform in the future, including but not limited to evidence of the assignee's creditworthiness or availability of funds to make future payments due under the Lease. The Landlords reserve all rights to object based on

the identity and/or financial status of any proposed assignee.

28. In addition, the parties negotiated the terms of adequate assurance in the form of (among other things) an additional deposit. Pursuant to the Lease, "'adequate assurance of future performance' by Tenant pursuant to Bankruptcy Code Section 365 will include (but not be limited to) payment of an additional/new security deposit in the amount of three times the then current Base Rent payable hereunder." Lease, ¶ 22.4. The current Base Rent payable under the Lease is $184,519.17 per month. Thus, the Landlords are entitled to a security deposit in the amount of $553,557.51 before this Lease may be assumed and assigned.

29. Absent satisfaction of the conditions set forth above, the Court should deny Debtors' request to assume the Lease.

## RESERVATION OF RIGHTS

30. This Objection is without prejudice to the Landlords' ability to raise further objections at the hearing hereon. Additionally, Landlords hereby reserve their rights to file supplementary objections and make such other and further objections as may be appropriate, including, but not limited to any proposed order on the Motion.

## CONCLUSION

31. For the reasons set forth above, the Landlords object (a) to any assumption of the Lease without a complete cure of all outstanding Lease Obligations upon assumption and satisfaction of all required payments and payment of pecuniary losses, (b) to any assignment of the Lease without identification and appropriate disclosures regarding the financial wherewithal and experience of such assignee, (c) any assignment of the Lease without adequate assurance of future performance as provided for under the Lease, including the payment of an agreed-upon deposit and provision of a unconditional guaranty of payment, in form and substance satisfactory

7

to Landlords.

32. Accordingly, the Landlords respectfully request that this Court require that the Debtor (a) pay the $1,000 fee required under the Lease, and cure any outstanding Lease Obligations due at the time of assumption, (b) pay reasonable attorneys' fees and any other pecuniary losses due at the time of assumption, (c) identify any proposed assignee and require the Debtor to establish the assignee's financial wherewithal and ability to pay, (d) provide an unconditional guaranty of payment and performance, as required under the Lease, (e) provide a deposit in the amount of $553,557.51, as required by the Lease, and (e) grant Landlords such other relief as they request and the Court deems just and proper.

| | |
|---|---|
| Dated: January 3, 2025<br>Wilmington, Delaware | **McCARTER & ENGLISH, LLP**<br><br>*/s/ Shannon D. Humiston*<br>Shannon D. Humiston (No. 5740)<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Tel.: (302) 984-6300<br>Fax: (302) 984-6399<br>Email: shumiston@mccarter.com<br><br>- and –<br><br>Lisa S. Bonsall, Esq. (*pending admission pro hac vice*)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Tel.: (973) 622-4444<br>Fax: (973) 624-7070<br>Email: lbonsall@mccarter.com<br>*Attorneys for Heritage Seymour I, LLC and Heritage Seymour II, LLC* |