IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-12480 |
| | § | |
| FRANCHISE GROUP, INC *et al.* | § | Chapter 11 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered |

**JOINT LIMITED OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE DEBTORS' MOTION FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS (FEE) DEBTORS MOTION FOR ENTRY OF ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS ASSETS, (B) SCHEDULING AN AUCTION AND A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (D) GRANTING RELATED RELIEF; AND (II) (A) APPROVING THE SALE OF THE DEBTORS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**
(Related to Document 154)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW The Texas Taxing Authorities[1], secured creditors and parties in interest and file this Joint Limited Objection to the Debtors' Motion For Sale of Property Free and Clear of

---

[1] The Texas Taxing Authorities include all entities represented by Perdue Brandon Fielder Collins & Mott LLP, McCreary, Veselka, Bragg & Allen, PC, and Linebarger Goggan Blair & Sampson LLP including but not limited to: Anderson County, Bell County Tax Appraisal District, Bowie Central Appraisal District, Brazos County, Burnet Central Appraisal District, Cherokee County, Cherokee County Appraisal District, Coryell County, Denton County (including City of Denton, Denton ISD, City of Lewisville), Guadalupe County, Hays County, Henderson County, Jasper County Tax Units (Jasper ISD), City of Waco et al, Midland Central Appraisal District, Pine Tree ISD, Taylor County Central Appraisal District, Terry County Appraisal District, Williamson County, Randall County Tax Office, Potter County Tax Office, Kerrville Independent School District, Copperas Cove Independent School District, Lubbock Central Appraisal District, Midland County, Brownsville Independent School District, Brazoria County, et al, Brazoria County, MUD #34, Clear Creek Independent School District, Spring Independent School District, Harris County Water Control District #110, City of Houston, Alief Independent School District, Spring Branch Independent School District, Pasadena Independent School District, Klein Independent School District, Baybrook Municipal Utility District 1, Humble Independent School District, Harris County Municipal Utility District 186, Harris County Water Control District #145, West Harris County Municipal Utility District 6, Harris County Municipal Utility District 70, City of Southside Place, Harris County Municipal Utility District 367, Nottingham County Municipal Utility District, Harris County Municipal Utility District 168, Tomball Independent School District, City of Tomball, City of Montgomery, Magnolia Independent School District, Montgomery County Municipal Utility District 95, Carrollton-Farmers Branch Independent School District, City of Grapevine, Grapevine-Colleyville Independent School District, Wichita County Tax Office, Nacogdoches County CAD, et al.,

1

Liens (FEE) Debtors Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief (the "Sale Motion"), and respectfully shows as follows.

Background

1. The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2. The Texas Taxing Authorities hold secured pre-petition tax claims for delinquent and current ad valorem taxes for the tax years 2024 and prior in the estimated amount of $980,923.39[2] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the

---

Titus County Appraisal District, et al., Tyler Independent School District, Fort Bend Independent School District, Cinco Southwest Municipal Utility District #95, Fort Bend County Levee Improvement District #136, Fort Bend County Municipal Utility District #3, City of Allen, Allen Independent School District, Bexar County, City of Carrollton, Cypress-Fairbanks Independent School District, Dallas County, Deer Park Independent School District, City of El Paso, Ellis County, Fort Bend County, City of Frisco, Grayson County, Gregg County, Harris County Emergency Service District No. 08, Harris County Emergency Service District No. 09, Harris County Emergency Service District No. 11, Harris County Emergency Service District No. 16, Harris County Emergency Service District No. 48, Hays CISD, Hidalgo County, Hopkins County, City of Houston, Houston Community College System, Houston Independent School District, Irving Independent School District, Jefferson County, Katy Independent School District, Kaufman County, Kerr County, Lewisville Independent School District, Lone Star College System, City of McAllen, McLennan County, Montgomery County, Navarro County, Northwest Independent School District, Nueces County, Parker CAD, City of Pasadena, City of Prosper, Prosper Independent School District, Rockwall CAD, San Patricio County, Smith County, City of Sulphur Springs, Sulphur Springs Independent School District, Tarrant County, Tom Green CAD, Wise County and City of Wylie.

[2] Due diligence remains ongoing and the estimated amount due to all Texas Taxing Authorities is subject to change.

2

Debtors within their taxing boundaries (the "Tax Liens"). Additionally, the Tax Liens for 2025 attached to the Debtors' property on January 1, 2025[3].

3.     The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code.  The priority of the Tax Claims is determined under applicable non-bankruptcy law.  11 U.S.C. §506; *Butner v. U.S.*, 440 U.S. 48, 55 (1979).  The Tax Lien takes priority over the claim of any holder of a lien on property encumbered by the Tax Lien, whether or not the debt or lien existed before the attachment of the Tax Lien.  *See* Texas Property Tax Code §32.05 (b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).

4.     The Tax Lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors.  *See In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable.  *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The property taxes are due upon receipt of the tax bill pursuant to Texas Property Tax Code Sec. 31.02.

Limited Objection to Sale Motion

5.     The Texas Taxing Authorities object to the Sale Motion to the extent that it seeks to sell assets (the "Property") that are encumbered by the Tax Liens, free and clear of all liens, without the consent of the Texas Taxing Authorities and without providing adequate protection. The Debtors have established a reserve for the payment of the Tax Claims for the tax years 2024 and

---

[3] The total amount due for the 2025 tax year is not yet known. The 2025 taxes become certified later in the year. The Texas Taxing Authorities will provide estimates for the 2025 taxes upon request.

prior (the "Texas Tax Reserve"). However, because the 2025 Tax Liens have now attached to the Property, the free and clear sale does not provide adequate protection for the 2025 Tax Liens.

6. The sale of assets as proposed by the Sale Motion will create cash collateral proceeds to which the Tax Liens attach. Pursuant to 11 U.S.C. §363(c)(4), absent consent of a party with interest in the cash collateral, a segregated account shall be established to segregate the non-consenting party's cash collateral. Alternatively, the 2025 Tax Liens should remain attached to the Property and payment of the 2025 taxes assumed by the Purchaser.

7. The Texas Taxing Authorities object to the use of their cash collateral and the payment of proceeds from the sale of their collateral to any party whose interest is inferior to the Tax Liens, unless and until they are adequately protected.

8. The Texas Taxing Authorities further object to any credit bid sale that purports to allow a junior secured creditor to purchase assets free and clear of Tax Liens without payment of the Tax Claims. In the event that the credit bid does not provide sufficient proceeds to pay the Tax Claims, the liens should remain attached to the property and the taxes should be assumed by the credit bid purchaser.

9. The Texas Taxing Authorities will attempt to confer with counsel for the Debtors to reach an agreement once a successful bidder has been identified.

<u>Prayer</u>

WHEREFORE, The Texas Taxing Authorities respectfully request that a final order approving the Sale Motion provide for (1) funds sufficient to pay the 2025 Tax Claims, set aside in the Texas Tax Reserve or (2) express retention of the 2025 liens on all sold property until the 2025 Tax Claims are paid in full, (3) express assumption of the 2025 Tax Claims by the Purchaser, and (4) and grant them such other and further relief as is just and proper.

Dated: January 3, 2025

                    Respectfully submitted,

                    PERDUE, BRANDON, FIELDER,
                    COLLINS & MOTT, L.L.P.

                    */s/ Melissa E. Valdez*
                    **Melissa E. Valdez**
                    Texas Bar No. 24051463
                    1235 North Loop West, Suite 600
                    Houston, Texas 77008
                    (713) 862-1860 (phone)
                    mvaldez@pbfcm.com


                    LINEBARGER GOGGAN BLAIR &
                    SAMPSON, LLP

                    */s/   Tara L. Grundemeier*
                    **Tara L. Grundemeier**
                    Texas State Bar No. 24036691
                    Post Office Box 3064
                    Houston, Texas 77253-3064
                    (713) 844-3478 *Telephone*
                    (713) 844-3503 *Facsimile*
                    tara.grundemeier@lgbs.com


                    McCREARY, VESELKA, BRAGG
                    & ALLEN, P.C.

                    */s/ Julie Anne Parsons*
                    Julie Anne Parsons
                    SBN: 00790358
                    P. O. Box 1269
                    Round Rock, Texas 78680-1269
                    (512) 323-3241 (phone)
                    (512) 323-3205 (fax)
                    jparsons@mvbalaw.com

                    **Attorneys for The Texas Taxing Authorities**

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Limited Objection has been sent to the parties listed below by email, first class mail, or by the Court's ECF notification system on this the 3rd Day of January 2025.

**COUNSEL TO THE DEBTORS**

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Matthew A. Feldman, Esq. (email: mfeldman@willkie.com), and Betsy L. Feldman, Esq. (bfeldman@willkie.com)

Young Conaway Stargatt and Taylor, LLP
1000 North King Street
Wilmington, DE, 19801
Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com)

**THE U.S. TRUSTEE**

J. Caleb Boggs Federal Building,
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov)

**COUNSEL THE COMMITTEE OF UNSECURED CREDITORS**

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York NY 10017
Attn: Bradford J. Sandler (bsandler@pszjlaw.com); Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com); Paul J. Labov, Esq. (plabov@pszjlaw.com); and Theodore S. Heckel, Esq. (theckel@pszjlaw.com)

**COUNSEL TO THE DIP LENDERS AND AD HOC GROUP OF FIRST LIEN SECURED LENDERS**

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com)

Landis Rath & Cobb LLP
919 N. Market Street Suite 1800
Wilmington, DE 19317
Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com)

**COUNSEL TO THE ABL SECURED PARTIES**

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com);

**COUNSEL TO THE SECOND LIEN SECURED PARTIES AND HOLDCO LENDERS**

White & Case LLP
200 S Biscayne Blvd
Miami, FL 33131
Attn: Thomas Lauria, Esq. (tlauria@whitecase.com)
111 S. Wacker Dr., Suite 5100
Chicago, IL 60606
Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com)


And all other parties via CM/ECF e-notice.

/s/*Melissa E. Valdez*
Melissa E. Valdez