**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | Re:  Docket No. 444, 487 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF KIN PROPERTIES INC. AND ITS AFFILIATED LANDLORDS**
**TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS**
**WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Kin Properties Inc., Aberdeen Oklahoma Associates, Pasan LLC, and Muffrey LLC (collectively, the "Kin Landlords") hereby file this limited objection and reservation of rights with respect to the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* [D.I. 487] (the "Notice"), and in support hereof respectfully state as follows.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court. No trustee or examiner has been appointed and the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Kin Landlords are the owners or managing agents for the owners of numerous properties, including single-tenant and multi-tenant retail and industrial properties, located throughout the United States and Canada. One or more of the Debtors lease space from one or more of the Kin Landlords pursuant to certain leases of nonresidential real property (the "Leases") for the premises (the "Leased Premises") identified in composite **Exhibit A** attached hereto.

3. On December 16, 2024, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [D.I. 444] (the "Bidding Procedures Order").

4. On December 20, 2024, in connection with the Bidding Procedures Order, the Debtors filed the Notice, in which they identify the Leases as unexpired leases that the Debtors may seek to assume and assign in connection with the sale or disposition of substantially all of the Debtors' assets, and set forth purported cure amounts in connection therewith.

**LIMTED OBJECTION**

5. The Kin Landlords are not opposed to the Debtors' efforts to assume and assign their interests in the Leases. But as part of any proposed assumption and assignment, the Debtors must ensure that the Kin Landlords receive proper treatment under the provisions of the Bankruptcy Code, including the cure or adequate assurance of the prompt cure of defaults under the Leases, and adequate assurance of future performance under the Leases.

6. In order to assume and assign the Leases, the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Leases, including, without limitation, any and all defaults with respect to rent, insurance requirements under the Leases, real estate taxes and other charges, amounts payable under reciprocal easement agreements, utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), attorneys' fees and costs, repair, maintenance, and replacement obligations, environmental cleanup obligations, hazardous materials restrictions, the satisfaction of liens, compliance with laws, indemnification obligations, or similar charges owing under the Leases that remain undetermined as of the date of the proposed assumption (the "Unliquidated Obligations"). Thus, for example, the Debtors are not entitled to assume or assign the Leases by merely curing arrearages in rent. Instead, the Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Leases, including, without limitation, performing their current and future obligations to maintain the Leased Premises and make repairs and replacements, and to comply with all applicable state and local laws, regulations, orders or ordinances, as a condition to the assumption and assignment of the Leases. *See* 11 U.S.C. § 365(b)(1).

7.      Any assumption or assignment of the Leases must be done, if at all, subject to all of the benefits and burdens of such leases.  Section 365 of the Bankruptcy Code provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and debtors may not assume only the favorable parts of a contract or lease and reject parts that they deem unfavorable.  *See In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (debtor must assume contract *cum onere*, subject to benefits and burdens thereunder)*; Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not "cherry-pick" the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 97 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is "selling" a lease or executory contract, rather than assuming and assigning it.").

8.      The Kin Landlords object to the Debtors' proposed cure amounts, and further object to the extent the Debtors seek authorization for the sale or assignment of the Leases free and clear of any liquidated cure amounts or Unliquidated Obligations under the Leases, including without

limitation any obligations to satisfy unbilled taxes or other charges, reconciliations, or adjustments. Any order approving the assumption and assignment of the Leases should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under the Leases shall survive, and that any assignee shall take the Leases subject to all of the respective terms of the Leases and undertake to satisfy all monetary and other non-monetary obligations under the Leases, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, arose, accrued or related to a period prior to the assumption and assignment of the Leases.  Furthermore, any order approving the assumption and assignment of the Leases should, among other things, (i) provide that the transfer of the Leases shall be subject to any easements, reciprocal easement agreements, operating or redevelopment agreements, licenses, permits, dedications, covenants, or other rights applicable to such real estate that run with the land or limit or condition the permitted use of the property, and (ii) specify that the Kin Landlords' setoff, recoupment, indemnification and subrogation rights are preserved, regardless of when such rights accrued.

9. A statement of liquidated cure amounts known by the Kin Landlords are included in the schedules attached hereto as composite **Exhibit A** (the "Cure Schedules").  The Cure Schedules further identify categories of potential claims under the Leases that have not yet been determined.  The Kin Landlords are continuing to investigate the circumstances related to the Leased Premises and the tenants' obligations under the Leases, including matters related to the condition of the Leased Premises.  The Kin Landlords therefore reserve the right to revise the Cure Schedules and this limited objection as necessary or appropriate under the circumstances.

10. Furthermore, the Cure Schedules do not identify or include all Unliquidated Obligations or other cure amounts that may become due and owing after the date hereof and prior

5

to the time the Leases are actually assumed and assigned, or any amounts that are currently unknown or undetermined by the Kin Landlords. The Kin Landlords reserve the right to amend or supplement the Cure Schedules as necessary or appropriate under the circumstances, including without limitation to account for property inspections, reconciliations or adjustments which have not yet been billed or have not yet become due under the terms of the Leases, amounts that become due and owing after the date hereof and prior to the time the Leases are actually assumed and assigned, or amounts that the Kin Landlords become aware of after the date hereof.

## OBJECTION REGARDING ADEQUATE ASSURANCE INFORMATION

11. Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code require that adequate assurance of future performance be provided in connection with the assumption or assignment of an unexpired lease. The Debtors and any proposed assignee have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Leases. *See In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010); *In re C.W. Mining Co.*, Adv No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah Feb. 10, 2010); *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B. R. 797, 802 - 03 (Bankr. W.D. Tenn. 1990).

12. The Kin Landlords have not yet received any adequate assurance information related to the proposed assumption and assignment of the Leases, and expressly reserve their right to amend this objection as necessary or appropriate to the extent that such information is provided.

## RESERVATION OF RIGHTS

13. The Kin Landlords expressly reserve all of their rights under the Leases and applicable law with respect to any and all obligations of the Debtors and/or any proposed assignee as tenant, including without limitation the Kin Landlords' right to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Leased Premises, unsatisfied liens on the Leased Premises created by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental obligations of the Debtors and/or any proposed assignee. The Kin Landlords further reserve all of their rights under the Leases and applicable law with respect to any violations of municipal, county and/or state laws, orders, regulations or ordinances related to the cleanliness, safety, occupation and use of the Leased Premises. The Kin Landlords further reserve all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Leases.

## JOINDER

14. The Kin Landlords hereby join in any objections filed by other landlords to the extent not inconsistent with this limited objection.

**[SIGNATURE PAGE FOLLOWS]**

WHEREFORE, the Kin Landlords hereby request that any order entered in connection with the Notice or the assumption and assignment of the Leases incorporate the objections and other relief requested herein, and that they be granted such other or further relief as is just and appropriate.

Dated: January 3, 2025

**BAYARD, P.A.**
By: */s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

and

**TAYMAN LANE CHAVERRI LLP**
Jeffrey Rhodes (*pro hac vice*)
2001 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 921-4080
Email: jrhodes@tlclawfirm.com

*Counsel for Kin Properties Inc., Aberdeen Oklahoma Associates, Pasan LLC, and Muffrey LLC*