# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **RE: Docket No. 154** |

**LIMITED OBJECTION OF THE CHILDSMILES GROUP, LLC, A/KA ABRA HEALTH, LLC, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**

The ChildSmiles Group, LLC, a/k/a Abra Health, LLC ("Abra Health"), by and through undersigned counsel, hereby submits this limited objection (the "Objection") to the *Debtors' Motion for Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

25344175.v2

*Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 154] (the "Sale Motion"), and respectfully states as follows:

1. Abra Health leases commercial space as a subtenant of Debtor Vitamin Shoppe Industries LLC ("VSI") pursuant to a Sublease Agreement dated as of November 29, 2023 by and between VSI, as sublandlord, and Abra Health, as subtenant (the "Sublease"). The Sublease is for the entire second floor, consisting of approximately twenty-four thousand nine hundred eight rentable square feet in the building located at 300 Harmon Meadow Boulevard, Secaucus, New Jersey 07094 (the "Premises"). The term of the Sublease expires on November 29, 2029.

2. Abra Health does not object to the Debtors selling their assets generally. It objects on a limited basis to the extent that any such sale would have the effect of negating or otherwise prejudicing Abra Health's rights under Section 365(h) of the Bankruptcy Code to elect to remain in the Premises and the related rights set forth in that section if the Sublease is ultimately rejected in connection with or as a consequence of the sale.

3. Section 365(h) provides a tenant under a commercial property lease with a debtor special protection and rights in the event the debtor/lessor decides to reject the lease. *Revel AC, Inc. v. Revel Entm't Grp., LLC (In re Revel AC, Inc.)*, 909 F.3d 597, 601 (3rd Cir. 2018) ("Subsection (h) protects a tenant whose landlord files for bankruptcy and then rejects the tenant's lease.") For example, "if a bankrupt landlord rejects a lease, the tenant need not move out; instead, she may stay and pay rent (just as she did before) until the lease term expires." *Mission Prod. Holdings v. Tempnology, LLC*, 587 U.S. 370, 375 (2019).

4. A tenant who elects to remain in the leased premises despite the debtor's rejection of the lease is entitled to remain under the same rental terms as are set forth in the lease. *In re Revel AC, Inc.*, *supra*, 909 F.3d at 602, citing *Megafoods Stores, Inc. v. Flagstaff Realty Assocs.*

*(In re Flagstaff Realty Assocs.)*, 60 F.3d 1031, 1034 (3rd Cir. 1995). Such a tenant also has the right to offset any damages resulting from the debtor's failure to perform its obligations under the lease going forward against the rent owed under the lease. 11 U.S.C. § 365(h)(1)(B).

5. The right to sell property of the bankruptcy estate free and clear of interests under Section 363(f) of the Bankruptcy Code does not supersede or otherwise trump the statutory protections afforded to tenants under Section 363(h) of the Bankruptcy Code, nor does it permit a bankruptcy court to approve such a sale if doing so would result in stripping the rights of a tenant that are specifically provided for under Section 363(h) of the Bankruptcy Code. *See*, *e.g.*, *In re Crumbs Bank Shop, Inc.*, 522 B.R. 766, 777-779 (Bankr. N.J. 2014); *In re Churchill Properties III, Ltd. P'ship*, 197 B.R. 283, 288 (Bankr. N.D. Ill. 1996); *In re Haskell L.P.*, 321 B.R. 1, 9-10 (Bankr. D. Mass. 2005); *In re Zota Petroleums, LLC*, 482 B.R. 154, 163 (Bankr. E.D. Va. 2012); *In re Samaritan Alliance, LLC*, 2007 Bankr. LEXIS 3896, *11-12 (Bankr. E.D. Ky. 2007); *IDEA Boardwalk, LLC v. Polo North Country Club, Inc. (In re Revel AC, Inc.)*, 2016 Bankr. LEXIS 3805, *25 (Bankr. N.J. 2016).[2]

6. A debtor cannot utilize Section 363(f) as a backdoor to accomplish something that is specifically prohibited by Section 365(h). *Haskell*, 321 B.R. at 9 ("If the Court were to grant the Debtor's Sale Motion, the provisions of § 365(h) would be eviscerated. In other words, the Debtor would be doing indirectly what it could not do directly, namely, dispossessing [the tenant].").

7. Furthermore, any sale under Section 363(f) is subject to the requirement to provide adequate protection as well under Section 363(e). Section 363(e) provides, in relevant part, as

---

[2] While some courts from other jurisdictions have approved sales free and clear under Section 363(f) over the rights of a tenant under Section 365(h), *see*, *e.g.*, *Precision Indus., Inc. v. Qualitech Steel SBQ*, 327 F.3d 537 (7th Cir. 2003), Abra Health respectfully submits the reasoning of such courts is flawed for the many reasons set forth in the cases cited above and should not be followed here.

follows: "Notwithstanding any other provision in this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." Here, Abra Health's contractual leasehold rights under the Sublease Agreement and its statutory rights as a tenant under Section 365(h) must be adequately protected and preserved in any sale of the Debtors' assets.

8.  In some instances, courts have entered sale orders that include language expressly preserving any rights elected to be retained by tenants pursuant to Section 365(h) of the Bankruptcy Code. *See, e.g., In re Revel AC, Inc.*, *supra*, 909 F.3d at 602. Abra Health would be open to such a resolution here as well, provided that mutually acceptable language could be agreed upon. Abra Health respectfully proposes the following language for the sale order that would resolve the foregoing concerns:

> Notwithstanding anything to the contrary in this sale order, the Asset Purchase Agreement approved hereby, or any other transaction documentation related to the sale, the sale shall be subject in all respects to, and shall not be free and clear of, the rights of a tenant under Section 365(h) of the Bankruptcy Code in the event such tenant's lease or sublease agreement is not assumed by the buyer. All such tenant rights are expressly preserved, shall not be prejudiced in any way on account of the sale, and shall be honored by the buyer following the closing of the sale.

9.  Finally, as there is no specific sale proposed and the results of the sale process are as of yet unknown, Abra Health reserves all rights to supplement and/or amend this Objection to raise any other objections as it deems necessary or appropriate.

WHEREFORE, Abra Health respectfully requests that the Court sustain this Objection in its entirety, deny approval of any sale unless and until the concerns raised herein are adequately resolved, grant Abra Health adequate protection of its contractual interests under the Sublease and

4

its statutory interests under Section 365(h) of the Bankruptcy Code, and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 3, 2025<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER,<br>COPLAN & ARONOFF LLP**<br><br>  /s/ *Jennifer R. Hoover*<br>Jennifer R. Hoover (DE No. 5111)<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>E-mail:  jhoover@beneschlaw.com<br><br>-*and*-<br><br>Elliot M. Smith (*Pro Hac Vice*)<br>**BENESCH, FRIEDLANDER,<br>COPLAN & ARONOFF LLP**<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114<br>Telephone: (216) 363-4500<br>Facsimile: (216) 363-4588<br>Email: esmith@beneschlaw.com<br><br>*Counsel to The ChildSmiles Group, LLC<br>a/k/a Abra Health* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, I caused the foregoing document to be served by electronic means via the Court's CM/ECF system to all parties registered to receive electronic notice in this case.

                                                */s/ Jennifer R. Hoover*
                                                Jennifer R. Hoover (DE No. 5111)