# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FRANCHISE GROUP, INC, *et al.*,[1]<br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Re: D.I. 487** |

## LIMITED OBJECTION OF DOORDASH, INC. AND DOORDASH G&C, LLC TO CURE AMOUNT IN CONNECTION WITH NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RESERVATION OF RIGHTS

DoorDash, Inc. and DoorDash G&C, LLC (collectively, "DoorDash"), by and through their undersigned counsel, hereby file this Limited Objection to the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* (the "Cure Notice") [D.I. 487], and in support thereof, respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 16, 2024, the Court entered an Order [Docket No. 444] approving bidding procedures (the "Bidding Procedures Order") in connection with potential sale(s) of the Debtors' assets.

3. DoorDash, Inc. and debtor PSP Group, LLC ("PSP") are parties to: (i) that certain DoorDash Drive Fulfillment Agreement, dated on or about October 4, 2021 (as amended, modified, or supplemented from time to time, the "Drive Agreement") and (ii) that certain Subsidiary Amendment to the DoorDash Drive Fulfillment Agreement, dated on or about November 1, 2022 (as amended, modified, or supplemented from time to time, the "Subsidiary Amendment").

4. DoorDash, Inc., DoorDash G&C, LLC, and PSP are parties to that certain Amendment to the DoorDash Fulfillment Agreement, dated on or about March 8, 2023 (as amended, modified, or supplemented from time to time, the "March 2023 Amendment").

5. DoorDash G&C, LLC and PSP are parties to that certain DoorDash Marketplace Addendum, dated on or about August 4, 2023 (as amended, modified, or supplemented from time to time, the "Marketplace Addendum" and, together with the Drive Agreement, Subsidiary Amendment, March 2023 Amendment, and Marketplace Addendum, the "Agreement, Amendments, and Addendums").

6. On December 20, 2024, the Debtors filed the Cure Notice. The Cure Notice appears to include only the Drive Agreement, Subsidiary Amendment, and the Marketplace Addendum, stating a cure amount of $0.00. *See* D.I. 487-1, Cure Notice, Ex. A-3, at ID Nos. 202001993, 121801994, and 121801993. It is unclear why the March 2023 Amendment in excluded as a potentially assumed contract, as same was executed by DoorDash, Inc., DoorDash G&C, LLC, and PSP.

7. The Cure Notice also provides the following:

> **If a Cure Objection or an objection to the proposed assumption and assignment of a Contract or Assigned Contract is not timely received with respect to a Contract or Assigned Contract: (i) the counterparty to such Assigned Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Successful Bidder, if any; (ii) any and all defaults under the Assigned Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code upon assumption and assignment of the Assigned Contract and payment of the Cure Cost; and (iii) the Cure Cost for such Contract or Assigned Contract shall be controlling, notwithstanding anything to the contrary in such Contract or Assigned Contract, or any other related document, and the counterparty shall be deemed to have consented to the Cure Cost and shall be forever barred from asserting any other claims related to such Contract or Assigned Contract against the Debtors and their estates or the Successful Bidder (if any), or the property of any of them, to the extent such claim existed prior to the entry of the Sale Order.**

D.I. 487 at p. 4.

8. Under the Agreement, Amendments, and Addendums, the Debtors owe DoorDash $798,634.49 for services provided during the prepetition period. Certain accrued but unpaid postpetition amounts are also owing, though, at this time, DoorDash expects those amounts to be paid in the ordinary course of business. The $798,634.49 prepetition amount, however, is significantly higher than the $0.00 cure amount for DoorDash listed in the Cure Notice. True and

correct copies of invoices reflecting such amounts due are attached hereto as **Exhibit A**.[2] DoorDash notes that it continues to reconcile and review its records and, as such, it reserves all rights to modify all such amounts as necessary or in connection with any discussions with the Debtors.

9.    For these reasons, DoorDash hereby objects to the proposed Cure Payments.

## LIMITED OBJECTION

10.    DoorDash asserts that the correct cure amount for the Agreement, Amendments, and Addendums as of January 3, 2025 is not less than **$798,634.49** (the "Correct Cure Amount"), plus any amounts due and payable under the Agreements, Amendments, and Addendums for work performed postpetition that is not paid in the ordinary course when due and payable. For the avoidance of doubt, DoorDash asserts that the Correct Cure Amount, which is currently limited to mount includes amounts payable for work performed prior to the Petition Date, is the amount necessary for Debtors to cure all prepetition defaults under the Agreement, Amendments, and Addendums and that the Correct Cure Amount should also include any all accrued but unpaid postpetition amounts to the extent the same are not paid in the ordinary course of business.

11.    In order to assume the Agreement, Amendments, and Addendums, the Debtors are required to cure defaults existing under such agreements pursuant to section 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).   This

---

[2]    Prepetition, DoorDash received payments on certain of such invoices, meaning that the total amount of such invoices exceeds the Correct Cure Amount. The Correct Cure Amount reflects the amount remaining outstanding after application of all amounts paid by the Debtors prepetition.

4

includes both pre-petition and post-petition defaults. *See In re Aleris International, Inc.,* 2010 WL 3492664, at *16 (Bankr. D. Del. May 13, 2010).

12. DoorDash asserts a pre-petition claim against PSP under the Agreement, Amendments, and Addendums in the amount of no less than $798,634.49 (the "Agreement Pre-Petition Cure Claim") (and, if the Agreement, Amendments, and Addendums are not assumed, will be filing a proof of claim to establish such claim). Thus, the Cure Payment with respect to DoorDash is incorrect.

13. Furthermore, it appears that the Debtors may attempt to only assume and assign portions of the Agreement, Amendments, and Addendums as the Cure Notice omits at least one Amendment to same. Generally, 11 U.S.C. § 365 requires that a debtor assume all of a contract or reject all of a contract; debtors are not permitted to pick and choose favorable portions of an agreement to assume while rejecting other aspects of the contract. *See In re New Page Corporation*, 2017 WL 571478, at *4 (Bankr. D. Del. Feb. 13, 2017) (A debtor "can only assume a contract *cum onere* – accepting the benefits along with the burdens.") This omission may simply reflect an oversight or DoorDash misinterpreting the Cure Notice, but to the extent the Debtors are attempting to only assume portions of the Agreement, Amendments, and Addendums, DoorDash objects.

14. In addition to payment of the Correct Cure Amount, DoorDash is entitled to adequate assurance of future performance by any proposed assignee of the Agreement, Amendments, and Addendums. As of the date hereof, despite the requirements to provide adequate assurance information placed on the Debtors in the Bidding Procedures Order, neither DoorDash nor its counsel have received any adequate assurance information regarding potential assignees of the Agreement, Amendments, and Addendums. Without such information it is

-

impossible for DoorDash to assess whether the Debtors or any proposed assignee can provide adequate assurance of future performance as required under Section 365(b)(1)(C). DoorDash reserves the right to raise adequate assurance objections once such information becomes available.

15. Finally, DoorDash notes that it also has a contract with co-Debtor, Vitamin Shoppe Industries LLC ("<u>Vitamin Shoppe Indus.</u>"). That contract was not included in the Cure Notice and this Objection does not address any amounts owing under the agreements between DoorDash and its affiliates, on the one hand, and Vitamin Shoppe Indus. and its related co-debtors (i.e., other Vitamin Shoppe entities), on the other hand, because DoorDash is not on notice that the Debtors intend to assume such contract. DoorDash reserves the right to object to any cure amount related to such Vitamin Shoppe agreements to the extent the Debtors seek to assume such contracts.

## **RESERVATION OF RIGHTS**

16. DoorDash specifically reserves its rights to amend and/or supplement this objection and the Correct Cure Amount. DoorDash reserves the right to file further objections with respect to any proposed sale of the Agreement, Amendments, and Addendums, or assumption and assignment of the Agreement, Amendments, and Addendums. All objections and reservations asserted herein with respect to the Correct Cure Amount, adequate assurance, or otherwise apply with equal force to any proposed sale, assumption or assignment.

WHEREFORE, DoorDash respectfully requests that the Court address DoorDash's issues raised herein with respect to the Agreement, Amendments, and Addendums, and grant such further relief as is just and proper.

[*Signature block on the following page.*]

Dated: January 3, 2025

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

By: *Noelle B. Torrice*
Noelle B. Torrice (#5957)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302) 442-7010
Email: ntorrice@beneschlaw.com

*Counsel to DoorDash, Inc. and DoorDash G&C, LLC*

7