IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br><u>Obj. Deadline</u>: **January 3, 2025 at 4 p.m. (ET)**<br>**RE: D.I. 444, 487** |

## RESPONSE AND RESERVATION OF RIGHTS OF MULTIPLE LANDLORDS TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Northlake Village Owner, LLC, PF Portfolio 2, LP, and River Oaks El Mercado, LLC (collectively, the "<u>Responding Landlords</u>"), by and through their undersigned counsel, submit this response and reservation of rights (the "<u>Response</u>") to Debtors' *Notice of Possible Assumption and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Assignment and Cure Costs With Respect To Executory Contracts and Unexpired Leases* [D.I. 487] (the "Assumption Notice"),[2] as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [D.I. 88]. Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [D.I. 188]. No trustee or examiner has been appointed in these chapter 11 cases.

2. Responding Landlords are the lessors of Debtors under leases (the "Leases") with respect to the following retail store locations: (1) Buddy's Home Furnishings #3389, 2031 Okeechobee Blvd, West Palm Beach, Florida, (2) Vitamin Shoppe #308, 8255 Laguna Boulevard #100, Elk Grove, California, and (3) Vitamin Shoppe #442, 1921 Zaragosa Road, El Paso, Texas.

3. By order dated December 16, 2024 [D.I. 444] (the "Bidding Procedures Order"), this Court established certain procedures (the "Bidding Procedures") that, among other things, provided for the potential assumption and assignment of the Debtors' executory contracts and unexpired real property leases in connection with the sale or disposition (the "Sale") of substantially all of the Debtors' assets, free and clear of all liens, encumbrances, and other interests pursuant to Section 363 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Assumption Notice.

4. On December 20, 2024, the Debtors filed and served the Assumption Notice. Debtors' Leases with Responding Landlords are identified as among the "Assigned Contracts," Exhibits A-2 and A-4 the Assumption Notice.

II. **ARGUMENT**

    A. **Debtors Must Cure All Existing Defaults, or Provide Adequate Assurance of a Prompt Cure, as a Condition to the Assumption and Assignment of Its Leases**

5. Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign a lease. As one court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord*, *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 25 (Bankr. D. Kansas 2001); *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code section 365(b)(1)(A) "clearly and unambiguously" requires the cure of *all defaults* before an unexpired lease of nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999); *accord*, *In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42 (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the *entirety* of an unexpired lease upon assumption and cure any defaults." [emphasis in original]).

6. Debtors bear the burden of proving the requirements of Bankruptcy Code section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999).

**Monetary Defaults:**

7.      Debtors' Assumption Notice acknowledges the obligation to pay "Cure Amounts," setting forth in the "Cure Schedules" accompanying the Assumption Notice those amounts that are asserted to be "all unpaid monetary obligations under the Contracts, *as of the date of this Cure Notice*" (emphasis in original) due to the Responding Landlords.  However, Debtors provide no itemization or detail as to the asserted amounts. The Cure Amounts with respect to Debtors' Leases with Responding Landlords are summarized below and are detailed in the account summaries attached hereto as Exhibit A.

| Lease Cure Schedule # | Landlord/Property Address | Debtors' Amount | Landlord's Amount |
|---|---|---|---|
| #121804123 Vitamin Shoppe #308 | PF Portfolio 2, LP Laguna Gateway, 8255 Laguna Boulevard #100, Elk Grove, California | $7,940.14 | $26,325.54 |
| #121806034 Vitamin Shoppe #442 | River Oaks El Mercado, LLC El Mercado Plaza, 1921 Zaragosa Road, El Paso, Texas | $0.00 | $1,763.90 |
| #122000021 Buddy's Home Furnishings #3389 | Northlake Village Owner, LLC 2031 Okeechobee Blvd, West Palm Beach, Florida | $0.00 | $7,453.67 |

8.      As expressly provided in the Assumption Notice, the asserted Cure Amounts are as of December 20, 2024 and, as a result, do not include rent and charges that may accrue after that date, including for the month of January 2025.  Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g.*, *In re Rachels Industries, Inc.*, 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990).  Debtors remain required to pay accruing post-petition rent and charges on a timely basis, as required by Bankruptcy Code section 365(d)(3) and Responding Landlords reserve their respective rights and remedies against Tenant with respect to such additional sums.

**Attorneys' Fees:**

9. Where, as here, there are defaults under leases sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play. Debtors' Leases with Responding Landlords contain provisions for the recovery of attorneys' fees in the event of defaults under the respective lease. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a lease if the underlying lease provides for them. *In re Entm't, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998). "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *see also Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 127 S. Ct. 1199, 1203-06 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been recoverable as component of cure under Section 365(b)(1)). "[T]here is no logical distinction, for purposes of §365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entm't, Inc.*, 223 B.R. at 154. The Responding Landlords' attorneys' fees, which currently are in excess of $5,000.00 in the aggregate, are ongoing. Responding Landlords each reserve the right to supplement this Response to provide such further attorneys' fees information as may be requested by Debtors.

**B.     Any Assignment of Leases Cannot Be "Free and Clear" of Lease Obligations**

10.     The Bidding Procedures (at Article X), Exhibit 1 to the Bidding Procedures Order, make it clear that Debtors are seeking to sell their assets and assign real property leases "*free and clear* of all liens, claims, interests, and encumbrances . . . ." (Emphasis added.)

11.     Bankruptcy Code section 101(5) defines a claim as "[any] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 01(5). "As has frequently been observed, this definition is extremely broad." *In re Old Mkt. Grp. Holdings Corp.*, 647 B.R. 104, 112-13 (Bankr. S.D.N.Y. 2022) (*citing Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, 115 L.Ed.2d 66 (1991) ("Congress intended . . . to adopt the broadest available definition of 'claim.'"); *Elliott v. GM LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 156 (2d Cir. 2016), *cert denied*, 581 U.S. 1813, 137 S. Ct. 1813 (2017) (Even a right to payment contingent on future events is a claim under Section 101(5) if it "result[s] from pre-petition conduct fairly giving rise to that contingent claim."); *see also JELD–WEN, Inc. v. Van Brunt (In re Grossman's)*, 607 F.3d 114, 119-21 (3d Cir. 2010) (a "claim" may exist before a right to payment arose (or accrued) under state law).

12.     There are numerous accruing obligations under the Leases in addition to the payment of monthly base rent. As with most modern "triple net" leases, the Leases provide for the monthly payment of the tenant's pro-rata share of certain expenses (common area maintenance expenses, insurance, taxes, etc.) based on budgeted amounts, subject to later reconciliation based on actual expenses incurred. If there are any limitations on the scope of liabilities under the Leases being assumed and assigned to an assignee, such as the purported assignment of real property leases "free and clear," what assurance do Landlords have that any expenses billed in arrears, such as real property taxes, or reconciliations of prior year operating expenses, taxes or insurance

charges that may be attributable to periods prior to the closing of any Sale, will be paid in accordance with the terms of the Leases. If an assignee does not assume these obligations in their entirety, how does it propose that Responding Landlords collect the pre-closing portions of these sums from Debtors that are selling substantially all of their assets and liquidating under a sale scenario? These limitations on the scope of assumed liabilities are contrary to Bankruptcy Code section 365(b)(1)(C)'s requirement "that assumption or assignment of [a shopping center lease] is subject to all the provisions thereof" and case law holding that the bankruptcy court may not modify or excise material obligations owing to the non-debtor contracting party. Put another way, any terms of a proposed Sale that attempt to disclaim an assignee's liabilities for accrued but unbilled liabilities do not provide Responding Landlords with adequate assurance of future performance with respect to those obligations. *See* 11 U.S.C. §§ 365(b)(1)(C) & (f)(2)(B).

13.  Similarly, any potential assignee of the Leases cannot escape liability for accrued, but not yet due, nonmonetary obligations such as future maintenance and repairs to the leased premises to remedy deferred maintenance or the restoration obligations that arise upon the expiration or earlier termination of the respective Leases. *See, e.g.*, *In re Number Holdings, Inc.*, Case No. 24-10719 (JKS), *Twenty-Seventh Order Assumption and Assignment of Certain Unexpired Leases, etc.* [D.I. 1145] at ¶ 3 (Bankr. D. Del. Aug. 9, 2024).

### III.  RESERVATION OF RIGHTS

14.  Responding Landlords fully reserve their respective rights to (a) further supplement or amend this Response and assert any additional objections, including any additional obligations that may arise under Debtors' Leases with Responding Landlords in the ordinary course of business; (b) further object to any proposed assumption, or assumption and assignment of their leases pursuant to the Bidding Procedure Order or any proposed Sale, including any objection

based on the failure of Debtors or any proposed assignee to demonstrate adequate assurance of future performance, as required by Bankruptcy Code section 365(b)(1)(C) and (f)(2)(B); and (c) further object on additional grounds based upon any new information provided by Debtors or upon any different relief requested by Debtors.

### IV. JOINDER

15. To the extent not inconsistent with the foregoing, the Responding Landlords join in any objections to Debtors' Assumption Notice filed by Debtors' other landlords.

### V. CONCLUSION

16. For the foregoing reasons, Responding Landlords request that their cure objection be sustained. Among other things, the assumption, or assumption and assignment of each of Debtors' leases with Responding Landlords must be conditioned on the prompt cure of existing monetary and nonmonetary defaults asserted by Responding Landlords, and payment of Responding Landlords' reasonable attorneys' fees.

| | |
|---|---|
| Dated: January 3, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Laurel D. Roglen*<br>Leslie C. Heilman (DE 4716)<br>Laurel D. Roglen (DE 5759)<br>Nicholas J. Brannick (DE 5721)<br>Margaret Vesper (DE 6995)<br>BALLARD SPAHR LLP<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801-3034<br>Tel: (302) 252-4465<br>Fax: (302) 252-4466<br>Email: heilmanl@ballardspahr.com<br>　　　　roglenl@ballardpshar.com<br>　　　　brannickn@ballardspahr.com<br>　　　　vesperm@ballardspahr.com |

    and

Ivan M. Gold (admission *pro hac vice* pending)
ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
E-mail: igold@allenmatkins.com

*Attorneys for Northlake Village Owner, LLC, PF Portfolio 2, LP, and River Oaks El Mercado, LLC*