## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **FRANCHISE GROUP, INC., et al.,**[1] | § | **Case No. 24-12480-JTD** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

---

### VILLAGE AT THE MALL HOLDINGS, LLC'S LIMITED OBJECTION
### AND RESERVATION OF RIGHTS TO CURE AMOUNT
### AND ASSUMPTION AND ASSIGNMENT OF LEASES

---

Village at the Mall Holdings, LLC ("**Landlord**"), by and through its counsel, Singer &

Levick, PC, files its *Limited Objection And Reservation of Rights to Cure Amount and Assumption*

*and Assignment of Leases* ("**Limited Objection**") and, in support of same, would respectfully

show as follows:

      1.      The Landlord is the owner of a shopping center generally known as the Village at

the Mall, which is located at 7646 Mall Road, Florence, KY, and is leased by the Debtors pursuant

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

---

to a non-residential real property lease ("**Lease**").  The location covered by this Lease is a shopping center within the meaning of Section 365(b)(3) of the BANKRUPTCY CODE.   The Debtors operate their brand, the Vitamin Shoppe, in this location.

### BACKGROUND

2.      On November 3, 2024 ("**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the UNITED STATES CODE ("**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware ("**Court**"), commencing the above-captioned case ("**Bankruptcy Case**").

3.      Since the Petition Date, the Debtors have continued in the operation and management of their businesses as Debtors-in-Possession under Sections 1107 and 1108 of the Bankruptcy Code.

4.      On December 16, 2024, the Court entered the (Revised) *Order (I) (A) Approving Bidding Procedures for the Sale of all or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* ("**Revised Order**") (**Dkt.444**).

5.      On December 20, 2024, the Debtors filed their *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* ("**Cure Notice**") (**Dkt.487**).  The Lease was listed as a potential assumed contract with a cure amounts for of $0.00 ("**Cure Amount**") (**Dkt.487-1:P.85:#121807235**).

6.      The Landlord files this Limited Objection to object to the Cure Amount and to reserve and preserve its rights in the event that the Debtors attempt to assume and assign the Lease to a buyer.  The Cure Amount listed on the Cure Notice is correct as of the date of the Cure Notice;

however, that number may change in the event that any post-petition obligations such as rental obligations for January 2025 are not paid and if any additional amounts accrue, which remain unpaid.

7.    The Landlord objects to the entry of any Order that sets the Cure Amount listed as the final cure amount for its Lease and submits that the correct cure amounts used in any final Order authorizing the assumption of the Lease should include any additional unpaid amounts which accrue and remain unpaid prior to the date of assumption, including any post-petition charges which remain unpaid and any other charges which have accrued but are not yet payable such as year-end reconciliations and attorneys' fees.

8.    Additionally, there may also be unknown and/or unasserted claims that may exist presently or may exist in the future against the Landlord for which the Debtors may be obligated to indemnify and defend.  The Landlord reserves its rights under the Lease and all applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against the Landlord that may presently exist or may exist in the future for which the Debtors may be obligated to indemnify and defend the Landlord.  Any assumption of the Lease must include these obligations.

## <u>RESERVATION OF RIGHTS</u>

9.    The Landlord reserves its rights to supplement this Limited Objection prior to any final determination by the Court regarding assumption and assignment of the Lease, including the amount and payment required for purposes of cure under Section 365 of the Bankruptcy Code.

10.    The Landlord further reserves the right to object to any other relief sought by the Debtors in connection with any proposed assignment including, without limitation, any proposed

showing of adequate assurance of future performance for any purchaser if assigned.  The Landlord has not received any information concerning adequate assurance of future performance.

11.     This Reservation of Rights is not intended to be, nor should be construed as, a waiver by the Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law.  The Landlord files this Limited Objection and Reservation of Rights to reserve and preserve any and all rights of the Landlord in connection with any proposed assumption and assignment of its Lease and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the Bankruptcy Code.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, the Landlord requests that the Court enter an Order:

(a)     establishing the actual cure amount owed to the Lease;

(b)     requiring Debtors to comply with all obligations under the Lease pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Lease;

(c)     requiring Debtors to cure any additional defaults that may occur under the Lease between the date of this Limited Objection and the effective date of any assumption by the Reorganized Debtors, or an assumption and assignment to a purchaser; and

(d)     granting such other and further relief as the Court deems just and proper.

**DATED: January 3, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:     /s/  *Michelle E. Shriro*
        Michelle E. Shriro
        Delaware Bar No. 3219

16200 Addison Road, Suite 140
Addison, Texas  75001
Phone:  972-380-5533
Fax:  972-380-5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR:
VILLAGE AT THE MALL HOLDINGS, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, on this 3rd day of January, 2025.

| **Debtors:** | **Counsel to the Debtors:** |
|---|---|
| Franchise Group, Inc., *et al.* | Debra M. Sinclair |
| 109 Innovation Court, Suite J | dsinclair@willkie.com |
| Delaware, Ohio 43015 | Matthew A. Feldman |
| **VIA ECF Noticing through its attorneys** | mfeldman@willkie.com |
| | Betsy L. Feldman |
| | bfeldman@willkie.com |
| | **Willkie Farr & Gallagher LLP** |
| | 787 Seventh Avenue |
| | New York, NY 10019 |
| **US Trustee:** | **VIA ECF Noticing and/or Email** |
| Timothy J. Fox | |
| timothy.fox@usdoj.gov | Edmon L. Morton |
| **Office of the United States Trustee** | emorton@ycst.com |
| **for the District of Delaware** | Matthew B. Lunn |
| J. Caleb Boggs Federal Building | mlunn@ycst.com |
| 844 King Street, Room 2207 | Allison S. Mielke |
| Wilmington, DE 19801 | amielke@ycst.com |
| **VIA ECF Noticing and/or Email** | **Young Conaway Stargatt and Taylor, LLP** |
| | 1000 North King Street |
| | Wilmington, DE, 19801 |
| | **VIA ECF Noticing and/or Email** |

| | |
|---|---|
| **Counsel to the Committee:**<br>Bradford J. Sandler<br>bsandler@pszjlaw.com<br>Robert J. Feinstein<br>rfeinstein@pszjlaw.com<br>Paul J. Labov<br>plabov@pszjlaw.com<br>Theodore S. Heckel<br>theckel@pszjlaw.com<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 34th Floor<br>New York NY 10017<br>**VIA ECF Noticing and/or Email** | **Counsel to the DIP Lenders and Ad Hoc**<br>**Group of First Lien Secured Lenders:**<br>Jayme Goldstein<br>jaymegoldstein@paulhastings.com<br>Jeremy Evans<br>jeremyevans@paulhastings.com<br>Isaac Sasson<br>isaacsasson@paulhastings.com<br>**Paul Hastings LLP**<br>200 Park Avenue<br>New York, NY 10166<br>**VIA ECF Noticing and/or Email**<br><br>Adam G. Landis<br>landis@lrclaw.com<br>Matthew McGuire<br>mcguire@lrclaw.com<br>**Landis Rath & Cobb LLP**<br>919 N. Market Street, Suite 1800<br>Wilmington, DE 19317<br>**VIA ECF Noticing and/or Email** |
| **Counsel to the ABL Secured Parties:**<br>Jennifer Ezring<br>Jennifer.Ezring@lw.com<br>James Ktsanes<br>James.Ktsanes@lw.com<br>Andrew Sorkin<br>andrew.sorkin@lw.com<br>**Latham & Watkins LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>**VIA ECF Noticing and/or Email** | **Counsel to the Second Lien Secured**<br>**Parties and HoldCo Lenders:**<br>Thomas Lauria<br>tlauria@whitecase.com<br>**White & Case LLP**<br>200 S Biscayne Blvd<br>Miami, FL 33131<br>**VIA ECF Noticing and/or Email**<br><br>Bojan Guzina<br>bojan.guzina@whitecase.com<br>**White & Case LLP**<br>111 S. Wacker Dr., Suite 5100<br>Chicago, IL 60606<br>**VIA ECF Noticing and/or Email** |

     /s/ *Michelle E. Shriro*          

Michelle E. Shriro