IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>Re: D.I. 444, 487<br><br>Objection Deadline: January 3, 2025 |

### SUNWARRIOR ENTITIES' LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Sunwarrior Ventures LLC d/b/a Sunwarrior ("Sunwarrior"), a wholly owned subsidiary of Viva 5 Group, LLC dba Growve ("Growve"), on its own behalf and as successor in interest to Sun Brothers, LLC ("Sun Brothers," and collectively with Sunwarrior and Growve, the "Sunwarrior Entities"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Limited Objection") regarding the *Notice of Possible*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* filed by the above-captioned Debtors[2] on December 20, 2024 [D.I. 487] (the "Cure Notice"). In support of this Limited Objection, the Sunwarrior Entities respectfully state as follows:

**RELEVANT BACKGROUND**

1. On November 3, 2024, the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware.

2. On December 16, 2024, the Bankruptcy Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [D.I. 444] (the "Bidding Procedures Order").

3. On December 20, 2024, the Debtors filed the Cure Notice pursuant to the Bidding Procedures Order. The Cure Notice identifies, and seeks to establish Cure Costs with respect to, various executory contracts and unexpired leases that may potentially be assumed and assigned in connection with the Debtors' proposed sale of substantially all of their assets pursuant to the Bidding Procedures Order.

4. Specifically with respect to the Sunwarrior Entities, the Cure Notice identifies: (i) an "Authorized 'Sunwarrior' Reseller Agreement of Sun Brothers, LLC" by and between Vitamin Shoppe Procurement Services, LLC and Sun Brothers, LLC (the "Sun Brothers

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Bidding Procedures Order or Cure Notice.

-2-

Agreement"), and (ii) a "Vitamin Shoppe Purchase Agreement" between "Sun Warrior" and Vitamin Shoppe Industries LLC (the "<u>Sunwarrior Agreement</u>," and collectively with the Sun Brothers Agreement, the "<u>Agreements</u>").[3] The Cure Notice states that the Cure Cost for each of the Agreements is $0.00.

### LIMITED OBJECTION AND RESERVATION OF RIGHTS

5. Pursuant to the Bidding Procedures Order and section 365(b)(1)(A) of the Bankruptcy Code, the Debtors must cure, or provide adequate assurance of a prompt cure, of all defaults under any executory contracts that they intend to assume and assign. The Debtors must also provide adequate assurance of future performance under any assumed contracts. *See, e.g.,* 11 U.S.C. 365(b)(1)(C).

6. The Sunwarrior Entities object to the Cure Costs that the Debtors have proposed for each of the Agreements via the Cure Notice. The Debtors are in default under the Agreements due to the Debtors' failure to timely pay invoices issued in connection with the Agreements. As of the date hereof, the aggregate amounts of past-due invoices owed by the Debtors (i.e., the Cure Costs that must be paid pursuant to the Bidding Procedures Order and section 365(b)(1)(A) of the Bankruptcy Code) in connection with the Sunwarrior Agreement and Sun Brothers Agreement are no less than $60,895.40 and $224,906.17, respectively.

7. The Sunwarrior Entities reserve all rights to supplement this Limited Objection or to assert further objections regarding the assumption and assignment of the Agreements, including, without limitation, (i) the right to object to the Debtors' proposed Cure Costs to the extent that any defaults under the Agreements may arise (e.g., the Debtors fail to timely pay invoices that have not yet come due) between the date hereof and the effective date of the

---

[3] The Sunwarrior Entities reserve all rights to the extent the Cure Notice lacks sufficient information to properly identify the Agreements or any other executory contracts alleged to exist between the Debtors and Sunwarrior Entities.


potential assumption and assignment of the Agreements,[4] (ii) the right to object to adequate assurance of future performance (or the lack thereof), and (iii) the right to oppose assumption and assignment to the extent that the Sunwarrior Entities may determine, upon further review, that either of the Agreements is not executory. In addition, the Sunwarrior Entities reserve all rights regarding any contracts that are not identified in the Cure Notice.[5]

Dated: January 3, 2025
   Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
E-mail: csimon@crosslaw.com

　　- and -

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: metkin@lowenstein.com
E-mail: mpapandrea@lowenstein.com

*Counsel to the Sunwarrior Entities*

---

[4] The Debtors are obligated to cure all defaults, including post-petition defaults, in full as of the date of assumption of the Agreements pursuant to Section 365(b)(1) of the Bankruptcy Code. *See In re McLean Industries, Inc.*, 96 B.R. 440, 449 n. 11 (S.D.N.Y. 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults . . . . This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption[.]'").

[5] This Limited Objection focuses solely on the Sunwarrior Entities' rights with respect to the Agreements set forth in the Cure Notice. For the avoidance of doubt, the Sunwarrior Entities expressly reserve any and all other rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses (including the right to object to the assumption and/or assignment) that the Sunwarrior Entities may have against or in respect of any of the Debtors, including with respect to any contracts that are not identified in the Cure Notice.