IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In Re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: January 3, 2025 at 4:00 p.m. ET<br>Hrg. Date: Feb. 13, 2025 at 10:00 a.m. (ET)<br>Related to D.I. 154, 487, 498 |

---

**OBJECTION OF BENENSON CAPITAL PARTNERS, LLC, BOSWELL AVENUE I, LLC, CRI NEW ALBANY SQUARE, LLC, DLC MANAGEMENT CORPORATION, GROVE CITY PLAZA, L.P., INLAND COMMERCIAL REAL ESTATE SERVICES LLC, NATIONAL REALTY & DEVELOPMENT CORP., AND NORTHRIDGE CROSSING, L.P., TO ANY PROPOSED (I) ASSUMPTION/ASSIGNMENT AND (II) SALE**

Benenson Capital Partners, LLC, Boswell Avenue, I, LLC, CRI New Albany Square, LLC, DLC Management Corporation, Grove City Plaza, L.P., Inland Commercial Real Estate Services LLC, National Realty & Development Corp., and Northridge Crossing, L.P. (collectively, the "Landlords"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the (i) *Notice of Possible Assumption and Assignment and Cure Costs with Respect*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

to Executory Contracts and Unexpired Leases [D.I. 487] (the "Cure Notice"), (ii) *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 154] (the "Sale Motion"), and (iii) *Notice of Filing of Proposed Order (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 498] (the "Proposed Sale Order"), and respectfully represent as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), Franchise Group, Inc., and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors", and each a "Debtor") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

3. The Landlords or their affiliates are parties to unexpired leases of nonresidential real property (the "Leases") of the premises identified in **Exhibit 1** hereto (the "Premises").

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 11, 2024, the Debtors filed their Plan of Reorganization [Doc. 150] and Disclosure Statement [D.I. 151].

6. On November 11, 2024, the Debtors filed the Sale Motion, which sought approval of bidding procedures for the potential sale of substantially all of the Debtors' assets and the ultimate sale of those assets [D.I. 154], which is subject to a potential reorganization the Debtors are exploring on parallel tracks.

7. On November 20, 2024, the Court entered the *Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* approving the bidding procedures aspect of the Sale Motion [D.I. 411] (the "Bidding Procedures Order").

8. On December 20, 2024, the Debtors filed the Cure Notice [D.I. 487] in accordance with the Bidding Procedures Order which lists the proposed cure amounts for the Landlords ("Proposed Cure Amounts").

9. The Qualifying Bid Deadline under the Bidding Procedures Order is January 23, 2025, at 5:00 p.m. (ET), and the identity of the proposed successful bidder is unknown at this time.

**OBJECTION**

 *A.* *The Proposed Cure Amounts Are Incorrect and/or Subject to Change*

 10. As a condition of any assumption and assignment of the Leases, the Landlords are entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default under the Leases for failure to pay rent and other charges currently due and owing.

 11. The Landlords object to the Proposed Cure Amounts to the extent that they do not reflect the correct cure amounts for the Leases as of the date of assumption (the "<u>Correct Cure Amounts</u>"). The Proposed Cure Amounts and the Correct Cure Amounts, <u>exclusive</u> of (i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations, are as listed on **Exhibit 1** hereto, and **Exhibit 1** also includes detailed statements of certain of the Correct Cure Amounts. The Correct Cure Amounts are accurate as of the dates listed in **Exhibit 1** hereto.

 *B.* *The Proposed Cure Amounts Do Not Include Attorneys' Fees*

 12. The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees, which the Landlords are entitled to under the Leases. Therefore, attorneys' fees must be included as part of the Landlords' cure amounts as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, Case No. 10-11108 (BLS), 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, No. 01 Civ. 8946 (RWS), 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entm't, Inc.*, 223 B.R. 141, 152-53 (Bankr. N.D. Ill. 1998).

 13. Attorneys' fees have been accruing post-petition and will continue to increase through any assumption and assignment of the Leases, and the Landlords may seek to supplement

this Objection by the time of any proposed assumption and assignment with the current amount of accrued attorneys' fees that will become due and owing.

    C.    *Any Assumption and Assignment Must Be Cum Onere, And Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations*

14. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

15. Therefore, in the event the Debtors seek to assume and assign the Leases, the Debtors are first obligated to cure all outstanding defaults under the Leases, including the payment of the Correct Cure Amounts, plus all additional attorneys' fees that accrue through the time of assumption and assignment.

16. Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance charges, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Leases through any assumption and assignment of the Leases and are not yet due (collectively, "Accrued But Unbilled Rent and Charges").

17. Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases. The Leases obligate the Debtors to indemnify and hold the Landlords harmless from and

against various claims, liabilities and expenses. Any assignee must assume liability for such obligations (collectively, the "Indemnity Obligations").

18. The Debtors' obligations to pay Accrued But Unbilled Rent and Charges and to satisfy their Indemnity Obligations are essential to the Landlords' entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance and must be assumed by any assignee *cum onere*. *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

19. Therefore, all of these obligations should be assumed by any assignee as part of any assumption and assignment of the Leases in accordance with the requirement that the Landlords receive adequate assurance of future performance under the Leases.

D. *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

20. The Landlords reserve their rights to object to any proposed assumption and assignment of the Leases to any proposed assignee of the Leases absent identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the Bidding Procedures Order, and the Landlords having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment. As of the filing of this Objection, the Landlords have not yet received adequate assurance information as it relates to any bidder.

E. *Any Proposed Sale Order Must Incorporate This Objection and Other Points*

21. The objections raised herein and other concerns of the Landlords must be satisfactorily resolved in the Proposed Sale Order or any other proposed form of sale order. In particular, the sale order must provide for, among other things, (i) any assignee's assumption of Accrued But Unbilled Rent and Charges and Indemnity Obligations, (ii) the preservation of any

6

30442553.4

easements, reciprocal easement agreements, and other real property interests that run with the land, (iii) adequate notice and opportunity to be heard with respect to the potential designation of any Lease for assumption and assignment to a designee, (iv) not enforcing any anti-assignment lease provisions solely with respect to this sale transaction, and (v) Bankruptcy Code section 365(k) being inapplicable unless and until a Lease is assumed and assigned and all defaults under that Lease are cured.

## **RESERVATION OF RIGHTS**

22. The Landlords reserve their rights to supplement this Objection and make such other and further objections as they deem necessary or appropriate, including with respect to any amended Proposed Cure Amounts, any proposed sale order, and any proposed asset purchase agreement.

23. The Landlords hereby join any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection and grant the Landlords such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: January 3, 2025<br>Wilmington, Delaware | **BALLARD SPAHR LLP**<br><br>By: *Laurel D. Roglen*<br>Leslie C. Heilman, Esq. (DE No. 4716)<br>Laurel D. Roglen, Esq. (DE No. 5759)<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 252-4465<br>E-mail: heilmanl@ballardspahr.com<br>E-mail: roglenl@ballardspahr.com<br><br>-and-<br><br>**BARCLAY DAMON LLP**<br><br>Kevin M. Newman, Esq.<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202-2020<br>Telephone: (315) 413-7115<br>E-mail: knewman@barclaydamon.com<br><br>Scott L. Fleischer, Esq.<br>1270 Avenue of the Americas, Suite 501<br>New York, New York 10020<br>Telephone: (212) 784-5810<br>E-mail: sfleischer@barclaydamon.com<br><br>Niclas A. Ferland, Esq.<br>545 Long Wharf Drive, 9th Floor<br>New Haven, Connecticut 06511<br>Telephone: (203) 672-2667<br>E-mail: nferland@barclaydamon.com<br><br>*Counsel to Benenson Capital Partners, LLC, Boswell Avenue, I, LLC, CRI New Albany Square, LLC, DLC Management Corporation, Grove City Plaza, L.P., Inland Commercial Real Estate Services LLC, National Realty & Development Corp., and Northridge Crossing, L.P.* |

30442553.4