# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et. al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: 1/15/2025 at 10:00 a.m. (ET)**<br>**Obj. Deadline: 1/3/2025 at 4:00 p.m. (ET)**<br>**(with consent)**<br><br>**RE: DI 435** |

**OBJECTION BY DANIEL P. HAGAMAN TO PROPOSED ASSUMPTION OF LEASE IN CONNECTION WITH MOTION OF DEBTORS FOR ENTRY OF ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF DEBTORS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

Daniel P. Hagaman ("Landlord"), by and through his undersigned counsel, respectfully submits this Objection to Proposed Assumption of Lease in connection with *Motion of Debtors*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

{00040495. }                                                    1

*For Entry of Order (A) Approving the Private sale of Certain of Debtors Assets Free and Clear of Liens, Claims, And Encumbrances, With Such Interests to Attach To The Proceeds, and (B) Granting Related Relief* [D.I. 435] ("Sale Motion"), and respectfully states as follows:

## RELEVANT BACKGROUND

1.  Landlord and Debtor American Freight of Tennessee, Inc. entered into a Lease Agreement, dated August 8, 2007, as amended by that certain Amendment to Existing Lease, dated August 8, 2007, that certain Second Amendment of Lease, dated May 30, 2017, and that certain Third Amendment of Lease, dated August 12, 2019 (as amended, the "Lease") for a building located at 6242 Perimeter Drive, Suite 102, Chattanooga, Tennessee 37421 (the "Premises").

2.  On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.  On December 13, 2024, Debtors filed their Sale Motion. Exhibit 1 identifies the Lease for proposed assumption and assignment to the Buyer. Exhibit 1 states a proposed cure amount of $1,113.00 for the Lease. The Sale Motion provides that all non-Debtor counterparties to each Assumed Lease shall be deemed to have consented to such assignment unless an objection is timely made.

4.  Pursuant to the Third Amendment, Tenant bargained for the right to two (2) additional five-year terms *provided that* Lessee is not in material breach of this Lease and that Lessee gives Lessor notice in writing exercising the option to renew the Lease no fewer than one hundred eighty (180) days prior to the end of the applicable term of this Lease. Any such notice shall be sent in accordance with Section 18.l(i) or (ii) of the Lease.

5. Article 12.1 of the Lease provides that the Debtor, as Tenant, shall indemnify Landlord with reasonable attorneys' fees for any claims arising from any breach or default pursuant to the terms of the Lease.

6. By letter dated December 30, 2024, the Debtor, as tenant, purported to give notice of renewal of the Lease. Landlord is investigating whether the purported renewal notice is valid or time-barred. A copy of the letter is attached hereto as **Exhibit A**.

7. Landlord submits this Objection to reserve all rights granted under the Bankruptcy Code and applicable non-bankruptcy law in connection with the proposed assumption and assignment of the Lease.

## OBJECTION

8. Section 365(b) of the Bankruptcy Code provides in relevant part:

> [I]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the Debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11. U.S.C. § 365(b). Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a debtor may assume and assign an executory contract, including curing (or providing adequate assurance of a prompt cure) of any defaults under the contract. Landlord objects to the assumption and assignment of the Lease unless it receives payment in full of all

cure amounts owed through the effective date of any proposed assumption and assignment, including attorneys' fees to the extent provided under the Lease.

9. Section 365(b) provides another condition to the assumption and assignment of an executory contract – namely, that the Debtors or the proposed assignee must provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1)(C). Although Section 365 uses the term "adequate assurance of future performance," that term is not defined in the Bankruptcy Code. Courts interpreting this phrase have noted that "adequate assurance is considered to be something less than an absolute guarantee. The particular facts and circumstances of each case are evaluated and taken into consideration to determine what constitutes adequate assurance." *In re: DBSI*, 405 B.R. 698, 708 (Bankr. Del. 2008); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance." (quoting *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789 (Bankr. N.D. Ill. 1985)); *In re Fleming Cos.*, 499 F.3d 300, 305-06 (3rd Cir. 2007) (confirming the "material and economically significant" standard which was "derived from a review of case law interpreting § 365 of the Bankruptcy Code which focused on balancing twin concerns: preventing substantial economic detriment to the non-debtor contracting party and permitting the bankruptcy estate's realization of the intrinsic value of its assets."). Landlord demands a showing of adequate assurance of future performance.

**RESERVATION OF RIGHTS**

10. Landlord reserves its right to assert additional objections to the proposed assumption and assignment and claims against the Debtors, and to modify, supplement or amend this or any other claim.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) denying the proposed assumption and assignment of the Lease and (ii) granting Landlord such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 3, 2025<br>Wilmington, DE | Respectfully submitted,<br><br>**THE ROSNER LAW GROUP LLC**<br><br>/s/ *Frederick B. Rosner*<br>Frederick B. Rosner (DE 3995)<br>824 N. Market Street, Suite 810<br>Wilmington, Delaware 19801<br>(302) 220-1007<br><br>*Attorney for the Landlord* |