**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., et al., | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Obj. Deadline: January 3, 2025 at 4:00 pm EST |
| | ) | Related Docket Nos.: 487 |
| | ) | |

**OBJECTION OF MLO GREAT SOUTH BAY LLC AND SIEGEN LANE PROPERTIES LLC OF DELAWARE TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

MLO Great South Bay LLC and Siegen Lane Properties LLC of Delaware (together, the "**Landlords**"), by and through counsel, hereby object (the "**Objection**") to the *Notice of Possible Assumption and Assignment and Cure Costs with respect to Executory Contracts and Unexpired Leases* [Dkt. 487] (the "**Assumption Notice**") filed by the Debtors on December 20, 2024. In support of the Objection, Landlords represent as follows:

**THE LEASES**

1.      **MLO Great South Bay LLC**: MLO Great South Bay LLC (the "**GSB Landlord**") and Vitamin Shoppe Industries LLC (formerly known as Vitamin Shoppe Industries Inc.) (the "**Tenant**") entered into that certain Lease Agreement dated as of July 17, 2014 with respect to premises (store #759) located at 1063 Montauk Highway, West Babylon, New York and located in the shopping center commonly known as the Great South Bay Shopping Center (the "**GSB Premises**"). The Lease Agreement was modified by the First Amendment to Lease Agreement dated as of February 12, 2024. The Lease Agreement, as modified or amended (including those modifications and amendments listed above) is hereinafter referred to as the "**GSB Lease**".

2.      **Siegen Lane Properties LLC of Delaware**:  Siegen Lane Properties LLC of

Delaware (the "**Siegen Landlord**") and Tenant entered into that certain Lease dated as of May 15, 2012 with respect to the premises (store #615) located at the Siegen Lane Marketplace in Baton Rouge, Louisiana (the "**Siegen Premises**" and together with the GSB Premises, the "**Premises**"). The Lease, as modified or amended is hereinafter referred to as the "**Siegen Lease**" (and together with the GSB Lease, the "**Leases**".)

## **BACKGROUND FACTS**

3.     On November 3, 2024 ("Petition Date"), the Debtor and its debtor affiliates (including the Tenant), as debtors and debtors in possession (collectively, the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.     The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     The Premises are each located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g., In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

6.     On December 16, 2024, the Court entered the Order (I) (A) Approving Bidding Procedures for the Sale of all or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief ("**Sale Order**") [Dkt. 444] to establish procedures governing the potential sale of substantially all of the Debtors' assets and approve the ultimate proposed sale.

7.     The Assumption Notice was filed on December 20, 2024.

8.     Pursuant to the Debtor's Assumption Notice and the Sale Order, the Debtors may seek to assume and assign the Leases to the "Successful Bidder" (as defined in the Assumption

Notice and Sale Order).

9.      Pursuant to the Assumption Notice, the Debtors listed the "Estimated Cure Amounts" for both the GSB Landlord and the Siegen Landlord as $0.00 ("**Proposed Cure Amounts**").

## OBJECTIONS

10.      Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of any unexpired leases sought to be assumed and assigned.

11.      As of December 30, 2024, the Debtors' Proposed Cure Amounts, including attorney fees, are understated as follows:

| Property Name | Debtor | Debtor Proposed Cure Amounts | Lease Cure Amount | Estimated Attorneys' Fees | Total Estimated Cure Amount |
|---|---|---|---|---|---|
| MLO Great South Bay LLC | Vitamin Shoppe Industries LLC | $0.00 | $13,400.86 | $5,000.00 | $18,400.86 |
| Siegen Lane Properties LLC of Delaware | Vitamin Shoppe Industries LLC | $0.00 | $10,494.49 | $5,000.00 | $15,494.49 |

Lease Ledgers delineating the amounts owed on the Lease (not including estimated attorney fees) as of December 30, 2024 are attached as **Exhibit A (GSB)** and **Exhibit B (Siegen).** Thus, before the Debtors may assume and assign the Leases, they must provide adequate assurance that they will pay these amounts and that any proposed assignee will be able to perform under the Leases in the future.

12.      The "**Actual Cure Amounts**" owed by the Debtors pursuant to the Leases include

the amounts listed above plus any additional amounts which become due on or after December 30, 2024, including ongoing rent and other amounts which continue to accrue, year-end adjustments and reconciliations for common area maintenance, taxes, insurance, utilities and/or such other amounts as may be owed pursuant to the terms of the Leases, and less any payments received by Landlords on or after December 30, 2024.

13.     In addition, the Debtors remains responsible for all accrued or accruing charges under the Leases and must pay such charges when they come due under the Leases.  The Debtors must assume the Leases subject to their respective terms, and must assume all obligations owing under the Leases, including obligations that have accrued but may not yet have been billed under the Leases.  Any final assumption or confirmation order should clearly state that the Debtors will assume the obligations under the Leases and pay them when due, regardless of whether they relate to the period prior to, or after, the assumption.  Furthermore, any provision in an assumption or confirmation order that purports to release the Debtors of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Leases.

14.     Some charges for which the Debtors bear responsibility under the Leases have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods.  Subject to the terms of the Leases, the Debtors pay fixed minimum rent, along with (where applicable) a pro-rata share of expenses such as real property taxes, insurance, utilities, common area maintenance charges ("**CAM**"), fees, annual percentage rent, and the like.  Certain charges, such as CAM and property taxes are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred.  To the extent the estimated payments exceed actual charges; the result is a credit to the tenant.  To the extent the estimated payments do not cover actual charges

incurred under the Leases, the result is an additional amount (or debit) for which the tenant is liable.  In some instances, year-end reconciliations and adjustments for previous years may not yet be complete.  In other instances, certain charges may be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end.  Because these accrued, but unbilled, charges are not yet due under the Leases, they do not create a current default that gives rise to a requirement to cure by the Debtors at this time.

15.    Finally, the Leases require the Debtors to indemnify and hold the Landlords harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Premises. Any assumption of the Leases must be subject to the terms of the Leases, including the continuation of all indemnification obligations, regardless of when any claim arose.[1]  Nothing in any assumption or confirmation order should preclude the Landlords from pursuing the Debtors, their insurance, or any other party that may be liable under the Leases, and the Landlords specifically reserve their rights to pursue such rights irrespective of any amounts claimed herein.

16.    Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the Leases upon assumption.  To the extent there is a dispute over the total cure obligation for the Leases, all undisputed cure amounts should be paid promptly upon the assumption or assumption and assignment of the Leases.  The Debtors should escrow disputed amounts, and the Court should set a status conference within thirty (30) days of the assumption of the Lease(s) to deal with any disputes that remain unresolved after such period.

17.    As required by 11 U.S.C. § 365(b)(1), the Debtors must pay the Actual Cure Amounts in full if the Leases are to be assumed and/or assumed and assigned to a third party

---

[1]  Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f).  Therefore, any assumption must be in accordance with all provisions of the Lease.

4923-9388-8012, v. 1

(collectively referred to as being assumed or an assumption). Landlords object to the assumption of the Leases unless the Debtors fully comply with all of the requirements of the Bankruptcy Code including section 365(b). Absent such full compliance, the proposed assumptions must be denied.

18.     The Landlords reserve the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding and supplementing objections to the Debtor's proposed cure amounts and by adding or supplementing objections to the adequate assurance of future performance provided by the Debtors or any proposed assignee(s).

19.     Landlords have not received information with respect to the Successful Bidder's ability to provide adequate assurance of future performance and therefore reserves its right to file objections to adequate assurance of future performance with respect to any proposed assignment of Leases.

## RESERVATION OF RIGHTS

20.     Landlords do not waive and expressly reserve their rights to amend, modify and supplement this Objection at or prior to the conclusion of any hearing relating to the assumption of the Leases. By this Objection, Landlords do not in any way admit or acknowledge that the Leases are assumable or assignable, or that the Leases have not been terminated by their terms, and all rights with respect thereto are being expressly reserved.

21.     Landlords also reserves the right, upon the selection of the Successful Bidder, to object to the assumption and assignment of the Leases absent the Successful Bidder demonstrating adequate assurance of future performance.

22.     To the extent not inconsistent with the arguments raised herein, Landlords joins in the objections of other landlords to the Assumption Notice and the Sale.

4923-9388-8012, v. 1

WHEREFORE, the Landlords respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection, and granting the Landlords such other and further relief as it deems just and proper.

Dated: January 3, 2025

Respectfully submitted,

/s/ Michael S. Tucker
Michael S. Tucker, Esq.
Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7120
(216) 583-7121 (fax)
mtucker@ubglaw.com

Counsel to MLO Great South Bay LLC and
Siegen Lane Properties LLC of Delaware

CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025, I served or caused to be served a correct copy of the foregoing by the Court's CM/ECF system on all counsel or record registered in this case through CM/ECF and by separate email upon the following:

(1) Counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Matthew A. Feldman, Esq. (email: mfeldman@willkie.com), and Betsy L. Feldman, Esq. (bfeldman@willkie.com);

(2) Co-counsel to the Debtors, Young Conaway Stargatt and Taylor, LLP, 1000 North King Street, Wilmington, DE, 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com);

(3) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov);

(4) Proposed counsel to theCommittee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, New York NY 10017, 34th Floor, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com);

(5) Counsel to the DIP Lenders and Ad Hoc Group of First Lien Secured Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com),Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com);

(6) Counsel to the ABL Secured Parties, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com);

(7) Counsel to the Second Lien Secured Parties, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com).

/s/ Michael S. Tucker
Michael S. Tucker Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP

4923-9388-8012, v. 1