IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br>(Jointly Administered)<br><br>**Re: Docket No. 487** |

**RESERVATION OF RIGHTS OF AMAZING ORGANICS LLC DBA AMAZING HERBS WITH RESPECT TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Amazing Organics LLC dba Amazing Herbs ("Amazing Herbs"), by and through its undersigned counsel, files this reservation of rights with respect to *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [Docket No. 487] (the "Cure Notice"), and in support thereof, states as follows.

**Background**

1. Amazing Herbs sells goods to the Debtors. Prior to the commencement of the above captioned bankruptcy cases, Amazing Herbs and Vitamin Shop were parties to The Vitamin Shoppe Vendor Agreement (the "Vendor Agreement").

2. Post-Petition, Amazing Herbs and the Debtors entered into a critical vendor agreement pursuant to which the Debtors satisfied all of Amazing Herb's prepetition debt in exchange for Amazing Herbs' agreement to provide goods on terms in the ordinary course of business.

3. On December 20, 2024, the Debtors filed the Cure Notice, which listed the following agreements with Amazing Herbs and proposed cure amounts.

| ID | Counterparty | Debtor | Agreement | Cure |
|---|---|---|---|---|
| 121800319 | AHN International Inc dba Amazing Herbs | Vitamin Shoppe Florida, LLC | The Vitamin Shoppe Purchase Agreement | 0 |
| 121800320 | AHN International Inc dba Amazing Herbs | Vitamin Shoppe Global, LLC | The Vitamin Shoppe Purchase Agreement | 0 |
| 121800321 | AHN International Inc dba Amazing Herbs | Vitamin Shoppe Industries LLC | The Vitamin Shoppe Purchase Agreement | 0 |
| 121800324 | AHN International Inc dba Amazing Herbs | Vitamin Shoppe Mariner, LLC | The Vitamin Shoppe Purchase Agreement | 0 |
| 121800327 | AHN International Inc dba Amazing Herbs | Vitamin Shoppe Procurement Services, LLC | The Vitamin Shoppe Purchase Agreement | 0 |

**Reservation of Rights**

4. Section 365(b) of the Bankruptcy Code provides in pertinent part as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

5. Pursuant to section 365(b)(1) of the Bankruptcy Code, a debtor may assume an executory contract only if it cures (or provides adequate assurance that it will promptly cure) all monetary defaults and provides adequate assurance of future performance. Specifically, a cure under section 365(b)(1) means paying all unpaid amounts due under the contract. *See In re Dura Automotive Sys., LLC*, 628 B.R. 750, 754 (Bankr. D. Del. 2021); *In re Network Access Solutions*

*Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005); *see also In re Superior Toy & Manufacturing Co., Inc.*, 78 F. 3d 1169 (7th Cir. 1996) ("[T]he language of §365(b)(1) is unequivocal. A party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed.").

6. While the Debtors have satisfied Amazing Herb's prepetition claim pursuant to the critical vendor agreement, Amazing Herbs continues to do business with the Debtors post-petition, and, as such, there may be amounts due and owing to Amazing Herbs for post-petition sales. Therefore, to the extent the Debtors seek to assume and assign the purchase agreements to a buyer, the Debtors must cure all monetary deficiencies that may be due and owing at that time. Accordingly, Amazing Herbs files this reservation of rights to preserve its right to payment of any post-petition amounts that may be due and owing when an assumption and assignment may occur.

Dated: January 3, 2025

                                                        Respectfully submitted,

                                                        TYDINGS & ROSENBERG LLP

                                                        /s/ Stephen B. Gerald
                                                        Stephen B. Gerald (Bar No. 5857)
                                                        200 Continental Drive, Suite 401
                                                        Newark, Delaware 19713
                                                        Telephone: (410) 752-9799
                                                        Email: sgerald@tydings.com

                                                        *Attorneys for Amazing Organics LLC dba Amazing Herbs*

## **CERTIFICATE OF SERVICE**

I, Stephen B. Gerald, do hereby certify that on 3rd day of January, 2025, I caused a copy of the foregoing Reservation of Rights to be served upon the parties using the Court's CM/ECF System which reflects that an electronic notification of filing was served on all registered users of the CM/ECF System that have requested such notification in this proceeding, and by Electronic Mail on the below parties:

| | |
|---|---|
| Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Attn: Debra M. Sinclair, Esq.<br>(dsinclair@willkie.com)<br>Matthew A. Feldman, Esq.<br>(mfeldman@willkie.com)<br>Betsy L. Feldman, Esq.<br>(bfeldman@willkie.com) | Young Conaway Stargatt and Taylor, LLP<br>1000 North King Street<br>Wilmington, DE, 19801<br>Attn: Edmon L. Morton, Esq.<br>(emorton@ycst.com)<br>Matthew B. Lunn, Esq. (mlunn@ycst.com)<br>Allison S. Mielke, Esq. (amielke@ycst.com) |
| Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Room 2207<br>Wilmington, DE 19801<br>Attn: Timothy J. Fox<br>(timothy.fox@usdoj.gov) | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York NY 10017<br>Attn: Bradford J. Sandler<br>(bsandler@pszjlaw.com)<br>Robert J. Feinstein (rfeinstein@pszjlaw.com)<br>Paul J. Labov (plabov@pszjlaw.com)<br>Theodore S. Heckel (theckel@pszjlaw.com) |
| Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Jayme Goldstein, Esq.<br>(jaymegoldstein@paulhastings.com)<br>Jeremy Evans, Esq.<br>(jeremyevans@paulhastings.com)<br>Isaac Sasson, Esq.<br>(isaacsasson@paulhastings.com) | Landis Rath & Cobb LLP<br>919 N. Market Street Suite 1800<br>Wilmington, DE 19317<br>Attn: Adam G. Landis, Esq.<br>(landis@lrclaw.com)<br>Matthew McGuire, Esq.<br>(mcguire@lrclaw.com) |
| Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Attn: Jennifer Ezring, Esq.<br>(Jennifer.Ezring@lw.com) | White & Case LLP<br>200 S Biscayne Blvd<br>Miami, FL 33131<br>Attn: Thomas Lauria, Esq.<br>(tlauria@whitecase.com)<br>111 S. Wacker Dr., Suite 5100 |

| | |
|---|---|
| James Ktsanes, Esq.<br>(James.Ktsanes@lw.com)<br>Andrew Sorkin, Esq.<br>(andrew.sorkin@lw.com) | Chicago, IL 60606<br>Attn: Bojan Guzina, Esq.<br>(bojan.guzina@whitecase.com) |

.

/s/ Stephen B. Gerald
Stephen B. Gerald (DE No. 5857)