IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 295 |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF DELOITTE & TOUCHE LLP AS INDEPENDENT
AUDITOR EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") for an order (this "Order") authorizing the retention and employment of Deloitte & Touche LLP ("Deloitte & Touche") as independent auditor to the Debtors, under sections 327(a) and 328(a) of the Bankruptcy Code,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, effective as of the Petition Date, all as more fully set forth in the Application; and this Court having reviewed the Application and the Vineyard Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing (if any) and all proceedings had before this Court; and the Court finding that (a) Deloitte & Touche (i) does not hold an interest adverse to the interest of the estates; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:**

1. The Application is APPROVED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, to retain and employ Deloitte & Touche as independent auditor to the Debtors, effective as of the Petition Date, in accordance with the terms and conditions of the Engagement Letter, as modified by this Order.

3. The terms of the Engagement Letter, including, without limitation, the

compensation and reimbursement provisions, are reasonable terms and conditions of employment and are hereby approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and the Debtors are authorized and directed to perform their payment and reimbursement obligations and their non-monetary obligations, in accordance with the terms and conditions and at the times specified, in the Engagement Letter, as modified by this Order.

    4.      Deloitte & Touche shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, and with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, the Local Rules, and any applicable orders of this Court.

    5.      All fixed fee compensation payable to Deloitte & Touche pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code; provided, that, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the Vineyard Declaration, the U.S. Trustee shall be entitled to review applications for payment of fixed fee compensation by Deloitte & Touche under the standards set forth in sections 330 and 331 of the Bankruptcy Code, and that, in the event the U.S. Trustee objects to any application for payment of fixed fee compensation, this Court retains the right to review such application pursuant to section 330 of the Bankruptcy Code.

    6.      Deloitte & Touche is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by the court, provided, however, that Deloitte & Touche shall not seek reimbursement of any fees incurred defending any objections filed with respect to Deloitte & Touche's fee applications in these Chapter 11 Cases.

7. Notwithstanding anything in the Application to the contrary, Deloitte & Touche shall (i) to the extent that Deloitte & Touche uses the services of third-party subcontractors who are not a subsidiary of, or otherwise affiliated with, Deloitte & Touche (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors to the Debtors at the same rate that Deloitte & Touche pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Deloitte & Touche; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

8. To the extent the Debtors and Deloitte & Touche enter into any additional agreements, statements of work, or amendments to the Engagement Letter for the provision of additional services by Deloitte & Touche, the Debtors shall file with this Court and serve on the U.S. Trustee and proposed counsel to the Committee a notice including such agreement(s), statement(s) of work, or amendment(s). To the extent any parties object, within ten (10) days of such notice being filed and served, to the additional services to be provided by Deloitte & Touche, the Debtors shall promptly schedule a hearing before this Court. If no objections to such notice are received prior to the applicable objection deadline, Deloitte & Touche will be authorized to perform such additional services without further notice, hearing, or order of this Court. All additional services shall be subject to the provisions of this Order.

9. Notwithstanding anything in the Engagement Letter to the contrary, the following provisions in the Engagement Letter are approved, subject to the following modifications, with respect to the services performed thereunder from the Petition Date and prior to the effective date of a chapter 11 plan:

    (a)    Section 1 of Appendix D of the Engagement Letter (General Business Terms) is hereby deemed deleted and replaced with the following:

4

        Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte & Touche in respect of the Services provided under the Engagement Letter. It is understood and agreed that Deloitte & Touche is an independent contractor and that Deloitte & Touche is not, and will not be considered to be, an agent, partner, or representative of the Companies, Freedom VCM Holdings, LLC or the Board of Directors. The parties shall not act or represent themselves, directly or by implication, in any such capacity or in any manner assume or create an obligation on behalf of, or in the name of, the other.

(b)     Paragraph 8 of the General Business Terms shall be deemed deleted and replaced with the following:

        Any Dispute (as defined below) arising out of or relating to services performed under this Engagement Letter after the commencement of a bankruptcy case by the Company and prior to the effective date of (a) a plan of reorganization of the Company or (b) a court order dismissing the Chapter 11 Cases (the "Effective Date") shall be brought in the Bankruptcy Court (or the District Court (each as defined below), if such District Court withdraws the reference to the Bankruptcy Court). All other Disputes, including, without limitation, Disputes arising out of or relating to services performed after the Effective Date and Disputes over which the Bankruptcy Court (or the District Court) does not have, retain or exercise jurisdiction, shall be resolved by mediation or binding arbitration as set forth in the Dispute Resolution Provision attached hereto as the immediately following appendix and made a part hereof (the "Dispute Resolution Provision"). The parties each hereby irrevocably waive, to the fullest extent permitted by law, all rights to trial by jury in any Dispute. Except with respect to the interpretation and enforcement of the arbitration procedures set forth in the Dispute Resolution Provision (which shall be governed by the Federal Arbitration Act), the laws of the State of New York (without giving effect to its choice of law principles) shall apply in arbitration or any other forum in connection with any Dispute. The foregoing shall be binding up on the parties and any and all of their respective permitted successors and assigns. This paragraph and the Dispute Resolution Provision shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence), or otherwise.

        For purpose of the foregoing, (a) "Dispute" shall mean any controversy or claim between the parties arising out of or relating to the engagement letter, including its appendices, or this engagement, (b) "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware, and (c) "District Court" shall mean the United States District Court of which the Bankruptcy Court constitutes a unit.

(c)     The language in the Dispute Resolution Provision Appendix to the Engagement Agreements (Appendix E) shall be deemed deleted and

replaced with the following:

This Dispute Resolution Provision sets forth the dispute resolution process and procedures applicable to the resolution of certain Disputes as set forth in the immediately preceding appendix.

All Disputes not heard by the Bankruptcy Court or the District Court as set forth in the immediately preceding appendix shall be first submitted to nonbinding confidential mediation by written notice to the parties, and shall be treated as compromise and settlement negotiations under the standards set forth in the Federal Rules of Evidence and all applicable state counterparts, together with any applicable statutes protecting the confidentiality of mediations or settlement discussions. If the parties cannot agree on a mediator, the International Institute for Conflict Prevention and Resolution ("CPR"), at the written request of a party, shall designate a mediator.

If a Dispute has not been resolved within 90 days after the effective date of the written notice beginning the mediation process (or such longer period, if the parties so agree in writing), the mediation shall terminate and the Dispute shall be settled by binding arbitration to be held in New York, New York. The arbitration shall be solely between the parties and shall be conducted in accordance with the CPR Rules for Non-Administered Arbitration that are in effect at the time of the commencement of the arbitration, except to the extent modified by this Dispute Resolution Provision (the "Rules").

The arbitration shall be conducted before a panel of three arbitrators. Each of the Company and Deloitte & Touche LLP shall designate one arbitrator in accordance with the "screened" appointment procedure provided in the Rules and the two party-designated arbitrators shall jointly select the third in accordance with the Rules. No arbitrator may serve on the panel unless he or she has agreed in writing to enforce the terms of the engagement letter (including its appendices) to which this Dispute Resolution Provision is attached and to abide by the terms of this Dispute Resolution Provision. The arbitrators may render a summary disposition relative to all or some of the issues, provided that the responding party has had an adequate opportunity to respond to any such application for such disposition. Discovery shall be conducted in accordance with the Rules.

All aspects of the arbitration shall be treated as confidential, as provided in the Rules. Before making any disclosure permitted by the Rules, a party shall give written notice to all other parties and afford such parties a reasonable opportunity to protect their interests. Further, judgment on the arbitrators' award may be entered in any court having jurisdiction.

Each party shall bear its own costs in both the mediation and the arbitration;

6

       however, the parties shall share the fees and expenses of both the mediators and the arbitrators equally.

10. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Vineyard Declaration, with respect to services performed from the Petition Date through the effective date of a chapter 11 plan, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, the Application, or the Engagement Letter. For the avoidance of doubt, as set forth in and pursuant to paragraph 10 hereof, any provision of the Engagement Letter that provides for mediation or arbitration shall not be applicable unless this Court lacks or declines to exercise jurisdiction.

11. To the extent there are any conflicts between this Order and the Application, the Engagement Letter, or the Vineyard Declaration, the terms of this Order shall control.

12. The Debtors shall use reasonable efforts to work with Deloitte & Touche to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

13. The Debtors and Deloitte & Touche are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Application.

14. Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

**Dated: January 7th, 2025**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

8