IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 487 |

**CORVEL ENTERPRISE COMP, INC.'S
OBJECTION TO PROPOSED CURE AMOUNT**

CorVel Enterprise Comp, Inc. ("CorVel"), by its undersigned counsel, submits this objection (this "Objection") to the proposed cure amount set forth in the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* filed on December 20, 2024 (Docket No. 487) by the above-captioned debtors (collectively, the "Debtors") and respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**RELEVANT BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 11, 2024, the Debtors filed the *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Docket No. 154) (the "Bid Procedures Motion").

3. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (Docket No. 188) in these Chapter 11 Cases.

4. On December 11, 2024, the Court entered an initial order approving the Bid Procedures Motion (Docket No. 411). On December 16, 2024, the Court entered the *Order (REVISED) (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling An Auction and A Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* (Docket No. 444) (the "Bid Procedures Order").

-2-

5.       Pursuant to the Bid Procedures Order, on December 20, 2024, the Debtors filed the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* (Docket No. 487) (the "Notice"), which included a schedule of executory contracts and unexpired leases that may be assumed and assigned to the Successful Bidder (as defined in the Bid Procedures Order).

6.       CorVel is listed in the Cure Schedule three times with the following contract descriptions: (i) "CorVel Enterprise Comp Services Agreement" with Debtor Franchise Group, Inc. (*see* Notice, Cure Schedule at ID# 121801683); (ii) "Amendment #1 to the TPA Services Agreement" with Debtor Vitamin Shoppe Industries LLC (*see* Notice, Cure Schedule at ID# 121801684); and (iii) "CorVel Enterprise Comp Services Agreement" with Debtor Vitamin Shoppe Industries LLC (*see* Notice, Cure Schedule at ID# 121801683)[2] (collectively (i) through (iii), the "Services Agreement"). The Debtors list CorVel's cure amount for the Services Agreement as $0 (the "Proposed Cure Amount"). *See id*.

7.       The Notice provides that the deadline to object to cure amounts is January 3, 2025 at 4:00 p.m. (ET), which was extended by the agreement of the Debtors to January 8, 2025 at 4:00 p.m. (ET) for CorVel.

**The Services Agreement and Cure Amount**

8.       CorVel and Debtor Franchise Group, Inc. and its affiliates and wholly-owned subsidiaries, are parties to that certain CorVel Enterprise Comp Services Agreement, dated October 23, 2022 (as amended with that certain Amendment #1, dated October 23, 2023, the

---

[2] While the Debtors' Notice lists a separate services agreement with Debtor Vitamin Shoppe Industries LLC, there is only one operative Services Agreement between the parties, which covers services to Debtor Vitamin Shoppe Industries LLC, as well as other Debtors and their affiliates and subsidiaries.

-3-

WBD (US) 4937-5594-8299v3

"Services Agreement").[3] CorVel serves as a third-party administrator to Debtor Franchise Group, Inc. and its affiliates and wholly-owned subsidiaries, including but not limited to Debtor Vitamin Shoppe Industries LLC, as listed on Exhibit G to the Services Agreement, and, pursuant to the Services Agreement, provides claims management and managed services to the Debtors with respect to workers' compensation claims and certain other liability claims.

9. As of the date hereof, the Debtors owe CorVel a total of $62,509.68 (the "Actual Cure Amount") based on unpaid amounts for services provided by CorVel to the Debtors between October 1, 2024 and November 3, 2024. Descriptions of the services and fees[4] underlying the Actual Cure Amount are attached hereto as **Exhibit 1**.

## OBJECTION

10. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract of lease, the trustee —
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default . . .

11 U.S.C. § 365(b)(1).

11. CorVel objects to the Proposed Cure Amount as insufficient to cure the defaults under the Services Agreement. Further, CorVel objects to any proposed assumption and/or

---

[3] CorVel believes that the Debtors have a copy of the Services Agreement and all supporting documentation (including amendments to the Services Agreement), however, CorVel can provide copies of the same upon request.

[4] The service descriptions have been redacted so as to not disclose claimants' names related to workers' compensation and liability claims, but will be provided to the Debtors in unredacted form to the extent they do not already have copies.

-4-

assignment of the Services Agreement unless the Actual Cure Amount—as evidenced by the supporting documentation attached hereto as **Exhibit 1**—is paid in full, on (or before) the date the Services Agreement is assumed and/or assigned.

12. Between now and the time of any assumption and/or assignment of the Services Agreement, additional amounts will accrue with regard to post-petition services. Section 365(b) of the Bankruptcy Code requires that a debtor cure all defaults in conjunction with executory contract assumption. Accordingly, any order approving the assumption and/or assignment of the Services Agreement must provide that, in addition to payment of the Actual Cure Amount, the Debtors shall be liable for all additional unpaid charges incurred under the Services Agreement through the effective date of assumption as a condition to assuming the Services Agreement.

## RESERVATION OF RIGHTS

13. CorVel reserves all of its rights to amend and/or supplement this Objection and to make such other and further objections as CorVel deems necessary or appropriate, including, but not limited to, asserting additional objections to the assumption and/or assignment of the Services Agreement. CorVel further reserves the right to modify or supplement the Actual Cure Amount based on any future reconciliation of amounts due under the Services Agreement.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, for all of the foregoing reasons, CorVel requests that any order entered by this Court authorizing the assumption and/or assignment of the Services Agreement be consistent with this Objection and grant CorVel such other and further relief as the Court deems just and proper.

Dated: January 7, 2025    Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan (DE Bar #3810)
Marcy J. McLaughlin Smith (DE Bar #6184)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Email: kevin.mangan@wbd-us.com
         marcy.smith@wbd-us.com

*Counsel for CorVel Enterprise Comp, Inc.*