# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## HOLDCO DEBTORS' RESPONSES AND OBJECTIONS TO THE HOLDCO LENDERS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE PLAN AND DISCLOSURE STATEMENT

Pursuant to Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 34 of the Federal Rules of Civil Procedure, Debtors Freedom VCM, Inc. and Freedom VCM Interco, Inc. (together, the "**HoldCo Debtors**") hereby object to the Lenders', as defined in that certain *Credit Agreement*, dated as of August 21, 2023 among Freedom VCM Interco, Inc., Freedom VCM, Inc., and Alter Domus (US) LLC (as amended, restated, supplemented or otherwise modified from time to time) (the "**HoldCo Lenders**") *First Requests for the Production*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*of Documents to the HoldCo Debtors in Connection with the Plan and Disclosure Statement*, dated

November 16, 2024 (the "**Requests**"), as follows:

<u>**RESERVATION OF RIGHTS**</u>

The HoldCo Debtors expressly reserve the right to supplement, clarify, revise, or correct

any of these responses and objections.

<u>**GENERAL RESPONSES AND OBJECTIONS**</u>

The HoldCo Debtors assert the following General Objections, which apply to the Requests

in their entirety and are incorporated by reference into each Specific Response and Objection

below as if fully repeated therein.

1.       The HoldCo Debtors object to the Requests in their entirety, including their

Definitions and Instructions, to the extent that they purport to impose obligations on the HoldCo

Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of

Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws and

rules.

2.       The HoldCo Debtors object to the Requests in their entirety as vague and

ambiguous to the extent they are drafted in a manner that does not describe with reasonable

specificity the documents requested and/or employs phrases that are capable of more than one

reasonable interpretation.

3.       The HoldCo Debtors object to the Requests in their entirety to the extent that they

seek the discovery of documents that are not relevant to any Party's claims or defenses or that are

not proportional to the needs of this case.

4.       The HoldCo Debtors object to the Requests in their entirety to the extent that they

purport to require the HoldCo Debtors to perform anything more than a reasonable search for non-

privileged documents where responsive, non-privileged documents would reasonably be expected to be found.  In the event that the HoldCo Debtors agree to produce documents in response to a Request, their production will be limited to non-privileged responsive documents located in a reasonable search.

5.      The HoldCo Debtors object to the Requests in their entirety to the extent that they are duplicative of discovery that the HoldCo Lenders sought, or will seek, from other sources.  In the event that the HoldCo Debtors agree to produce documents in response to a Request, the HoldCo Debtors will conduct a reasonable search that is not duplicative of searches conducted by other Persons that the HoldCo Lenders have subpoenaed, including without limitation the HoldCo Debtors.

6.      The HoldCo Debtors object to the Requests in their entirety to the extent that they seek documents that are: (i) not within the HoldCo Debtors' possession, custody, and/or control; (ii) within the possession, custody, and/or control of the HoldCo Lenders; or (iii) readily available to the public and, therefore, as easily accessible to the HoldCo Lenders as to the HoldCo Debtors.

7.      The HoldCo Debtors object to the Requests in their entirety to the extent that they seek the discovery of documents that are not maintained in the ordinary course of the HoldCo Debtors' business.  The HoldCo Debtors are not under any obligation to create documents that do not exist or are not already in their possession, custody or control.

8.      The HoldCo Debtors object to the Requests in their entirety to the extent that they seek the discovery of documents protected by any applicable privilege, protection or immunity from disclosure, including, without limitation, the attorney-client privilege, attorney work-product doctrine, and the common interest doctrine.  The HoldCo Debtors will not produce such documents.

9.      The HoldCo Debtors object to the Requests to the extent that they are predicated upon erroneous assumptions or to the extent that they state incorrect facts.  When the HoldCo Debtors respond to the Requests, the HoldCo Debtors do not agree to these assumptions or factual predicates and specifically reserve the right to challenge any of the assumptions or factual predicates contained in the Requests.

10.      The specific responses set forth below are based upon information presently available to the HoldCo Debtors, and the HoldCo Debtors expressly reserve the right at any time to amend, revise, modify, correct, or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that the HoldCo Debtors may later interpose, including as to future supplemental responses.

11.      By agreeing to produce any documents it may have in response to any particular request, the HoldCo Debtors do not concede or intend to suggest that there in fact exist any documents responsive to that request.  The HoldCo Debtors will produce documents only to the extent they are relevant to the matters at issue in this proceeding, able to be located by a reasonably diligent search, responsive and not privileged.  To the extent that the HoldCo Debtors assert that no documents exist in response to a specific request, such assertion is subject to the limitations imposed by a reasonable search, and is not a representation that no responsive documents exist whatsoever, but rather is a representation that no such documents have been located.  Moreover, the production of documents in response to the Requests does not constitute an admission by the HoldCo Debtors that such documents are relevant or admissible and is without prejudice to the HoldCo Debtors' right to contend at any hearing, trial or any stage of this proceeding, or any other proceeding, that the requested documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

12.     Inadvertent production or disclosure of any privileged or otherwise protected information or document is not intended to be, and shall not operate as or be deemed to be, a waiver of any claim of privilege, protection, or immunity in whole or in part; nor is any such inadvertent production or disclosure intended to be, nor shall it operate as or be deemed to be, a waiver of the right to object to any use of such document or of the information contained therein.  The HoldCo Debtors expressly reserve the right to redact privileged, non-responsive or irrelevant information from any documents produced in response to the Requests and to claw back privileged information.

13.     All documents produced in response to the HoldCo Lenders' Requests are to be produced subject to the protective order to be entered in the bankruptcy proceeding.

14.     The HoldCo Debtors incorporate by reference every General Objection into each and every specific response to the Document Requests set forth below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response shall in no way waive any General Objection to that Document Request.

### RESPONSES AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

15.     The HoldCo Debtors object to the Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation in excess of those set forth in the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

16.     The HoldCo Debtors object to the definition of "Document" on the grounds that the definition is overly broad, vague, ambiguous, and purports to impose obligations on the HoldCo Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or

rules. If a specific Request asks for a "Document," the HoldCo Debtors will undertake a reasonable search for material consistent with the definition of "document" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence.

17.     The HoldCo Debtors object to Instruction 17 as overly broad, unduly burdensome, and not proportional to the needs or subject of the Plan or the Disclosure Statement.  Subject to and without waiver of the foregoing objections, the HoldCo Debtors are willing to meet-and-confer to discuss the scope of the relevant time period for these Requests.

## SPECIFIC RESPONSES AND OBJECTIONS

### DOCUMENT REQUEST NO. 1:

All Documents and Communications concerning the valuation of the HoldCo Debtors, the OpCo Debtors, or any of the Debtors' former business segments, including any (a) total enterprise value or fair market valuation; (b) valuation of the assets; and (c) valuation of any property including foreclosure or liquidation value of any property, including, but not limited to, any valuations in connection with the Take-Back Transaction, any other potential or consummated transactions, and the store-closings, liquidation sales and wind-down of the American Freight Debtors.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because (a) it seeks "all" documents and communications concerning the valuation of the Debtors without limitation, (b) it seeks all documents and communications concerning the valuation of the Debtors over a five-year time period, (c) it seeks all documents and communications concerning broad and vaguely defined subjects, such as "valuation of the assets" and the foreclosure or liquidation value of "any property," and (d) it seeks all documents and communications concerning the Debtors' "former business segments."  The HoldCo Debtors further object to this Request to the extent it

seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged, current valuations of the Debtors to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 2:**

All financial statements, projections, balance sheets, business plans, and solvency opinions for any of the HoldCo Debtors, OpCo Debtors, or any of the Debtors' former business segments.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad and unduly burdensome, including without limitation because it seeks financial information going back five years and because it seeks financial information about the Debtors' former business segments. The HoldCo Debtors further object to this Request because "business plans" is vague, undefined, and overly broad. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

The HoldCo Debtors further state that they have already produced documents responsive to this request, including: tax documents, financial materials, and intercompany transactions and loans.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

## DOCUMENT REQUEST NO. 3:

All Documents and Communications concerning the exhibits to the Disclosure Statement, including the Liquidation Analysis and Financial Projections, and any underlying data, assumptions, models and other related materials, such as any entity-specific liquidation analyses and entity-specific financial projections.

## RESPONSE TO DOCUMENT REQUEST NO. 3:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the exhibits to the Disclosure Statement, which include the Plan of Reorganization, Liquidation Analysis, Financial Projections, and the Restructuring Support Agreement. The HoldCo Debtors further object to this Request as premature because the exhibits to the Disclosure Statement have not yet been finalized or filed. The HoldCo Debtors further object to this Request as duplicative of other requests, including without limitation Requests 1, 2, 6, and 7. The HoldCo Debtors further object to this Request to the extent it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents sufficient to show the data and assumptions underlying the Liquidation Analysis and Financial Projections to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 4:**

All Documents and Communications concerning the Plan Supplement materials, including underlying data, assumptions, models and other related materials for each of the Plan Supplement materials[.]

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the Plan Supplement materials without limitation.  The HoldCo Debtors further object to this Request as premature because the Plan Supplement materials do not yet exist.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request to the extent it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to show any tax attributes of the Debtors (and their consolidated group), including any net operating losses, and projections of such attributes that are expected to be available following each transaction proposed in the Disclosure Statement, taking into account the utilization of such attributes to reduce the tax liability of the Debtors (and their consolidated group) with respect to such transactions and any reduction in such attributes by reason of Section 108(b) of the Internal Revenue Code of 1986, as amended.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

The HoldCo Debtors object to this Request as overbroad and unduly burdensome, including without limitation because it seeks documents sufficient to show tax attributes of the Debtors going back five years.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request to the extent it seeks information already present in the Disclosure Statement and therefore already in the possession of the HoldCo Lenders and/or publicly available.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to show the amount of gain expected to be recognized by the Debtors (and their consolidated group) with respect to each transaction proposed in the Disclosure Statement and the expected quantum of U.S. federal, state, and local income tax with respect thereto, taking into account any tax attributes of the Debtors (and their consolidated group) expected to be available to reduce the tax liability of the Debtors (and their consolidated group) with respect to such transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time. The HoldCo Debtors further object to this Request to the extent it seeks information already present in the Disclosure Statement and therefore already in the possession of the HoldCo Lenders and/or publicly available.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 7:**

Any other existing tax analyses or reports concerning the transactions proposed in the Disclosure Statement.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not relevant to the Plan or the Disclosure Statement, including without limitation because it seeks any tax analyses or reports concerning the transactions proposed in the Disclosure Statement without limitation.  The HoldCo Debtors further object to this Request to the extent it seeks information already present in the Disclosure Statement and therefore already in the possession of the HoldCo Lenders and/or publicly available.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications concerning the Debtors' projected cashflows and liquidity through emergence from the Chapter 11 Cases.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the Debtors' projected cashflows and liquidity through emergence from the Chapter 11 Cases without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 9:**

All Documents and Communications between the Debtors and B. Riley concerning the transaction proposals described on page 5 of the Disclosure Statement.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications between the Debtors and B. Riley concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 10:**

All Documents and Communications between the Debtors and B. Riley concerning B. Riley's determination that "it was interested in providing financing to facilitate a transaction but would need to do so in a manner that would not result in BRF controlling or consolidating Franchise Group," as described on page 5 of the Disclosure Statement.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications between the Debtors and B. Riley concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 11:**

Regarding the Take-Private Transaction, all Documents and Communications concerning:

    a.  the formation, composition, advisors to, and mandate of the Take-Private Transaction Committee;

    b.  the Take-Private Transaction Committee's (a) "review of Mr. Kahn's take-private proposal and other strategic alternatives that were available to Franchise Group, including the potential sale of the Vitamin Shoppe" and (b) determination that "Mr. Kahn's proposal was in the best interests of Franchise Group and its public shareholders" as described on pages 5 and 6 of the Disclosure Statement;

    c.  all reports, findings, summaries, or conclusions created by, for, or at the direction of the Take-Private Transaction Committee, including any Board Materials;

    d.  all valuations, analyses, reports, or estimates concerning the Debtors' solvency before, after or because of the Take-Private Transaction;

    e.  all tax analyses or reports concerning the Take-Private Transaction; and

    f.  any fairness opinions conducted in connection with the Take-Private Transaction.

## RESPONSE TO DOCUMENT REQUEST NO. 11:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the six enumerated topics without limitation.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

## DOCUMENT REQUEST NO. 12:

All Documents and Communications concerning the creation of TopCo and the HoldCo Debtors in connection with the Take-Private Transaction as described on page 6 of the Disclosure Statement

## RESPONSE TO DOCUMENT REQUEST NO. 12:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications between the Debtors and B. Riley concerning the negotiation and terms of the Receivables Transactions described in pages 6 and 7 of the Disclosure Statement, including:
   a. the Tranche 1 Receivables;
   b. the Pathlight Credit Facility and its repayment in June 2024;
   c. the Receivables Acquisition;
   d. the Promissory Note and its cancellation in October 2024;
   e. the Tranche 2 Receivables and Freedom II's obligations to deliver to Conn's;
   f. the Funding Agreement; and
   g. the Deferred Accrual and its payment in October 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this

Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

## DOCUMENT REQUEST NO. 14:

All Documents and Communications concerning the Badcock Transaction, including:
    a. the Debtors' consideration of and efforts to find alternative financing models for Badcock or a potential sale of or business combination with Badcock prior to the Take-Private Transaction;
    b. the negotiation and terms of the Badcock combination with Conn's;
    c. the negotiation and terms of the sale and leaseback transactions described on page 13 of the Disclosure Statement; and
    d. Communications between the Debtors, on the one hand, and Conn's or B. Riley, on the other hand, concerning Conn's financial condition, solvency and chapter 11 cases.

## RESPONSE TO DOCUMENT REQUEST NO. 14:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 15:**

All Documents and Communications concerning the negotiation and terms of the Sylvan Learning sale.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 16:**

Any Board Materials, solicitations, informational and marketing materials, fairness opinions, and proposals concerning strategic initiatives pursued and evaluated by the Debtors since January 2023 as described on pages 13 and 14 of the Disclosure Statement, including, without limitation, the potential securitization financing of the Debtors' PSP business, potential monetization of The Vitamin Shoppe and Buddy's businesses, and the marketing of American Freight on a going concern basis.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not

relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 17:**

All Documents and Communications concerning (a) the "strategy" of the Franchise Group which "included the potential for rapid deleveraging of the Debtors through monetization transactions involving the various business segments of the Franchise Group," as described on page 6 of the Disclosure Statement, and (b) the Debtors' statement on page 6 of the Disclosure Statement that this strategy "did not materialize due to . . . allegations made against Mr. Kahn regarding his alleged business association with Prophecy Asset Management LP."

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

**DOCUMENT REQUEST NO. 18:**

All Documents and Communications concerning Prophecy, the Indictment, or the Complaint, including:
    a.  Documents the Debtors have produced to any third party, including the Securities and Exchange Commission, Department of Justice or any plaintiff;
    b.  Documents provided to Petrillo in connection with the Independent Investigation; and
    c.  Documents and Communications between Brian Kahn and any of the Debtors' directors and officers concerning Prophecy, the Indictment, or the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

**DOCUMENT REQUEST NO. 19:**

All Documents and Communications concerning the Independent Investigation, including:

a. Documents concerning the retention of advisors, including Petrillo, to conduct the Independent Investigation;
b. Documents concerning the scope, mandate, and timeline of the Independent Investigation;
c. Engagement letters with Petrillo to conduct the Independent Investigation;
d. Any Board Materials, reports, findings, summaries, presentations, or conclusions in connection with the Independent Investigation; and
e. Documents that support Petrillo's "findings" in connection with the independent Investigation and described on page 8 of the Disclosure Statement.

## RESPONSE TO DOCUMENT REQUEST NO. 19:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

## DOCUMENT REQUEST NO. 20:

All Documents and Communications concerning the Chapter 11 Investigation including:
a. Documents concerning the retention of advisors, including Petrillo, to conduct the Chapter 11 Investigation;
b. Documents concerning the scope, mandate, and timeline of the Chapter 11 Investigation;
c. Documents concerning the HoldCo Debtors oversight of the Chapter 11 Investigation;
d. Engagement letters with Petrillo to conduct the Chapter 11 Investigation;

- 20 -

e.  Documents produced to Petrillo in connection with the Chapter 11 Investigation; and

f.  Any Board Materials, reports, findings, summaries, presentations, or conclusions in connection with the Chapter 11 Investigation, including any Board Materials about the Chapter 11 Investigation.

## RESPONSE TO DOCUMENT REQUEST NO. 20:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.  The HoldCo Debtors further object to this Request as premature because the Chapter 11 Investigation is ongoing.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the Freedom Lender Group concerning this Request.

## DOCUMENT REQUEST NO. 21:

All Documents and Communications concerning potential or designated Investigation Related Matters.

## RESPONSE TO DOCUMENT REQUEST NO. 21:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it

seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure. The HoldCo Debtors further object to this Request as premature because the Chapter 11 Investigation is ongoing.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the Freedom Lender Group concerning this Request.

**DOCUMENT REQUEST NO. 22:**

All Documents and Communications concerning the prepetition bonus program described in footnote 2 of the First Day Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client

privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents sufficient to show who received the bonuses (and in what amounts) described in footnote 2 of the First Day Declaration.

**DOCUMENT REQUEST NO. 23**:

Documents sufficient to show any transfers (excluding wages and health benefits) made by any of the Debtors to any of their insiders from two years prior to the Petition Date, including any incentive, retention, or bonus payments.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

The HoldCo Debtors object to this Request on the grounds that it is vague, overbroad and unduly burdensome, insofar as it seeks documents sufficient to show "transfers" to "insiders," which terms are vague and undefined.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents sufficient to show incentive, retention, or bonus payments made to the directors and officers of the Debtors within one year prior to the Petition Date, to the extent such documents exist and can be located after a reasonable search.

## DOCUMENT REQUEST NO. 24:

Documents sufficient to show all intercompany activity for the Debtors, including outstanding balances among the Debtors.

## RESPONSE TO DOCUMENT REQUEST NO. 24:

The HoldCo Debtors object to this Request on the grounds that it is overbroad and unduly burdensome, including without limitation because it seeks documents concerning intercompany activity for the Debtors over a five-year time period. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they have produced documents responsive to this Request bates stamped: FRG00008358, FRG00008363, FRG00008364, FRG00008369, FRG00008419, FRG00008421, FRG00008424, FRG00008425, FRG00008426, FRG00008427, FRG00008428, FRG00008429, FRG00035436.

## DOCUMENT REQUEST NO. 25:

All intercompany agreements between the HoldCo Debtors and any OpCo Debtors.

## RESPONSE TO DOCUMENT REQUEST NO. 25:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" intercompany agreements between the HoldCo Debtors and any HoldCo Debtors over a five-year time period without limitation. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

## DOCUMENT REQUEST NO. 26:

All Documents and Communications concerning the formation, composition, advisors, and mandate of the Special Committee, including any work or analysis the Special Committee did with respect to the HoldCo Debtors in particular.

## RESPONSE TO DOCUMENT REQUEST NO. 26:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged Board-level materials responsive to this Request to the extent such documents exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 27:**

All Documents and Communications concerning any of the (i) Causes of Action, (ii) Intercompany Claims, (iii) Chapter 5 Claims; or (iv) Avoidance Actions belonging to the HoldCo Debtors or the OpCo Debtors and their estates that are or might be retained, released, waived, abandoned, or extinguished under the RSAs and/or the Chapter 11 Plans.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

**DOCUMENT REQUEST NO. 28:**

All Documents and Communications concerning Commercial Tort Claims held by any of the HoldCo Debtors.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning Commercial Tort Claims held by any of the Debtors over a five-year time period without limitation.  The HoldCo Debtors further object to this Request as vague and ambiguous, insofar as "Commercial Tort Claims" is not defined in the Requests for Production or the Plan.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

**DOCUMENT REQUEST NO. 29:**

Documents sufficient to identify:
   a. All Commercial Tort Claims that are encumbered under any security agreement held by any of the HoldCo Debtors;
   b. All Commercial Tort Claims that are not encumbered under any security agreement held by any of the Debtors; and
   c. All of the Debtors involved in each of the foregoing.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

The HoldCo Debtors object to this Request as vague and ambiguous, insofar as "Commercial Tort Claims" is not defined in the Requests for Production or the Plan.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

**DOCUMENT REQUEST NO. 30:**

Documents concerning any valuation, litigation risk, or estimated damages concerning any Commercial Tort Claims held by the HoldCo Debtors.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

The HoldCo Debtors object to this Request as vague and ambiguous, insofar as "Commercial Tort Claims" is not defined in the Requests for Production or the Plan.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement. The HoldCo Debtors are not providing Plan-related document discovery at this time.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors state that they are willing to meet and confer with the HoldCo Lenders concerning this Request.

## DOCUMENT REQUEST NO. 31:

All Documents and Communications, including Communications with the Consenting First Lien Lenders, concerning:
a. the negotiation and terms of the RSA, the Disclosure Statement, and the Plan;
b. waiving, moving, or extending any milestones under the RSA or Plan;
c. the Releases, Injunctions, and Exculpation provisions pursuant to the Plan, including the exceptions to those Plan provisions;
d. the classification and treatment of Claims and Interests in Article IV and V of the Plan;
e. the identification of any holders of Class 8 Claims and which Debtors the Class 8 Claims may be held against;
f. the treatment of the Intercompany Claims and Existing Intercompany Equity Interests under the Plan, including the treatment of any Intercompany Claims any of the HoldCo Debtors may have against the OpCo Debtors;
g. the terms of Section 6.6 of the Plan; and
h. the Chapter 11 Investigation.

## RESPONSE TO DOCUMENT REQUEST NO. 31:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning numerous extremely broad topics, such as the negotiation and terms of the RSA, the Disclosure Statement, and the Plan. The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement. The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from

disclosure.  The HoldCo Debtors further object to this Request as duplicative of many other Requests, including without limitation Requests 3, 4, 7, 16, and 23.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure Statement.  The HoldCo Debtors are not providing Plan-related document discovery at this time.

## DOCUMENT REQUEST NO. 32:

All Documents and Communications supporting Your contention on page 20 of the Disclosure Statement that "the Plan is in the best interests of the Debtors, their Estates, and all of its stakeholders, including the voting Classes," particularly Classes 7 and 8.

## RESPONSE TO DOCUMENT REQUEST NO. 32:

The HoldCo Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks "all" documents and communications concerning the requested information without limitation.  The HoldCo Debtors further object to this Request because it seeks information not relevant to the Plan or the Disclosure Statement.  The HoldCo Debtors further object to this Request on the grounds that it seeks the discovery of documents protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

The HoldCo Debtors further object to this Request as premature to the extent it purports to seek Plan-related discovery that is of no relevance to the Court's approval of the Disclosure

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the HoldCo Debtors will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located after a reasonable search.

Dated: December 4, 2024
   New York, New York

*/s/ Stuart R. Lombardi*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

 Edmon L. Morton (Del. No. 3856)
 Matthew B. Lunn (Del. No. 4119)
 Allison S. Mielke (Del. No. 5934)
 Shella Borovinskaya (Del. No. 6758)
 Rodney Square
 1000 North King Street
 Wilmington, Delaware 19801
 Telephone: (302) 571-6600
 Facsimile: (302) 571-1253
 emorton@ycst.com
 mlunn@ycst.com
 amielke@ycst.com
 sborovinskaya@ycst.com

**WILLKIE FARR & GALLAGHER LLP**

 James C. Dugan
 (admitted *pro hac vice*)
 Stuart R. Lombardi
 (admitted *pro hac vice*)
 Willkie Farr & Gallagher LLP
 787 Seventh Avenue
 New York, New York 10019
 (212) 728-8000
 jdugan@willkie.com
 slombardi@willkie.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

- 31 -