# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: February 13, 2025 at 10:00 a.m. (ET)<br><br>Ref. Doc. Nos.: 444, 454 & 487 |

### RESPONSE AND RESERVATION OF RIGHTS OF TEMPUR SEALY INTERNATIONAL, INC. TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED SALE

Tempur Sealy International, Inc., on behalf of its subsidiaries and affiliates ("Tempur Sealy"), by its undersigned counsel, files this response and reservation of rights (this "Response") to the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases and Proposed Sale* (Doc. No. 487) (the "Notice"), and the proposed sale of the debtors' (the "Debtors") assets pursuant to the *Order (I)(A) Approving Bidding Procedures for the Sale of all or Substantially all of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* (Doc. No. 444) (the "Bid Procedures Order")[1]. In support of this Response, Tempur Sealy respectfully states:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Notice or Bid

District of Delaware (this "Court").

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors and Tempur Sealy or its subsidiaries and/or affiliates are parties to the following agreements:

- Sealy Retailer Agreement, entered into July 20, 2020 (the "Retailer Agreement"); and
- Incentive Agreement, with a term of January 1, 2024 and end date of December 31, 2024 (the "Incentive Agreement") and together with the Retailer Agreement, the "Agreements").

4.      Pursuant to the Agreements, the Debtors purchase from Tempur Sealy certain Tempur Sealy branded bedding products under the trademarks and trade names of Tempur-Pedic®, Sealy® and Stearns & Foster® (collectively, the "Tempur Merchandise"). Furthermore, pursuant to the Agreements, the Debtors may be entitled to, among other things, assert claims to or against Tempur Sealy for indemnification, warranties, rebates, or other similar incentives relating to the Tempur Merchandise that may otherwise be due and owing to the Debtors under the Agreements (collectively, the "Credits").[2]

5.      On and after the Petition Date, Tempur Sealy and the Debtors have maintained their ordinary business relationship, with Tempur Sealy continuing to sell the Tempur Merchandise to the Debtors.[3]

---

Procedures Order, as applicable.

[2] All rights of Tempur Sealy under the Agreements with respect to the validity of the Credits are reserved by Tempur Sealy.

[3] The Debtors and Tempur Sealy reached an agreement in accordance with the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief* (Docket No. 410).

6. On November 11, 2024, the Debtors filed their *Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Doc. No. 154) (the "Bid Procedures Motion") pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of substantially all of the Debtors' assets and procedures for the assumption and assignment of the Debtors' executory contracts.

7. On December 16, 2024, this Court entered the Bid Procedures Order, which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to contract counterparties of assumption and assignment of any executory contracts in connection with the Proposed Sale.

8. On December 20, 2024, as contemplated by the Bid Procedures Order, the Debtors filed the Notice, which identifies certain executory contracts that the Debtors may assume and assign in connection with the Proposed Sale. While the Notice lists the Incentive Agreement, it does not list the Retailer Agreement. The Notice lists a proposed cure amount of $0.00 for the Incentive Agreement (the "Proposed Cure Amount").

**RESPONSE AND RESERVATION OF RIGHTS**

9. Tempur Sealy files this Response out of an abundance of caution to preserve and

3

reserve Tempur Sealy's rights under the Agreements, the Bankruptcy Code and applicable law since the Incentive Agreement expired on December 31, 2024 and the Retailer Agreement is not listed on the Notice.

### I.     *Incentive Agreement Expired*

10. Pursuant to the terms of the Incentive Agreement, the term of the Incentive Agreement was from January 1, 2024 to December 31, 2024. The Incentive Agreement contains no renewal option or language. As a result, the Incentive Agreement expired in accordance with its own terms on December 31, 2024.

11. Since the Incentive Agreement is no longer in existence, the right to assume the Incentive Agreement is extinguished. *Ctys. Contracting & Const. Co. v. Const. Life Ins. Co.,* 855 F.2d 1054, 1061 (3d Cir. 1988); *see In re NewPage Corp.*, 586 B.R. 551, 562 (Bankr. D. Del. 2018). Under the Bankruptcy Code, a contract that expires or terminates according to its own terms postpetition is no longer property of the estate under section 541 of the Bankruptcy Code and cannot be assumed and assigned under section 365 of the Bankruptcy Code. *See Ctys. Contracting & Const. Co.*, 855 F.2d at 1061*; see also In re Nat'l Steel Corp.*, 316 B.R. 287, 304 (Bankr. N.D. Ill. 2004).

12. Tempur Sealy is in discussions with the Debtors on a new incentive agreement for 2025; however, as of the filing of this Response, no such agreement has been finalized.

### II.    *Amount Owed to Tempur Sealy*

13. As of the date of this Response, Tempur Sealy is owed by the Debtors not less than $134,736.36 under the Retailer Agreement, representing amounts accrued and billed post-Petition Date but that remain unpaid, plus any additional amounts incurred post-petition in the ordinary

course of the Debtors' business that remain unpaid after the filing of this Response (the "Cure Amount"). Attached hereto and incorporated herein as **Exhibit A** is an itemization of the Cure Amount.

14. The Cure Amount represents the amounts currently due and owing to Tempur Sealy under the Retailer Agreement. Because Tempur Sealy is continuing to provide goods to the Debtors under the Retailer Agreement post-Petition Date, the Cure Amount may increase prior to any actual date of assumption and assignment of the Retailer Agreement if the Debtors do not pay all amounts that accrue after the date of this Response, and other amounts that may come due, pursuant to the terms of the Retailer Agreement, and regardless of when those amounts accrued. Accordingly, Tempur Sealy expressly reserves its right to amend or supplement this Response and the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) all post-petition charges under the Retailer Agreement; (b) all amounts accruing under the Retailer Agreement which may be unbilled as of the date of this Response; (c) any regular or periodic adjustment of charges under the Retailer Agreement which were not due or had not been determined as of the date of this Response; (d) any non-monetary defaults; and/or (e) other contractual obligations under the Retailer Agreement.

15. Further, any assumption and assignment of the Retailer Agreement requires the Debtors to assume and assign it in its entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained therein for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-

debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998)); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted). Moreover, the Proposed Sale cannot override the contractually bargained for rights of Tempur Sealy under the Retailer Agreement. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

### III. *Tempur Sealy's Right of Setoff and Recoupment Must be Preserved in Connection With the Proposed Sale*

16. In the event any Successful Bidder's asset purchase agreement provides that the assets to be sold to the Successful Bidder include any Credits, the Debtors should not be permitted to transfer the Credits free and clear of Tempur Sealy's setoff and recoupment rights under the Agreements and applicable law. If the Debtors and the Purchaser intend for the Proposed Sale to bar or extinguish any and all defenses to the Credits, including any rights of setoff or recoupment, such application is contrary to the Bankruptcy Code.[4] Any defenses of Tempur Sealy to the Credits,

---

[4] The Bankruptcy Code "provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *In re Luongo*, 259 F.3d 323, 327 n.2 (5th Cir. 2001) (quoting *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995)). Even if the Debtors are permitted to sell the Credits free and clear of Tempur Sealy's right

including but not limited to Tempur Sealy's rights of setoff and recoupment under the Agreements, including in connection with the Credits, must fully preserved. Tempur Sealy's rights cannot be extinguished through the Proposed Sale.[5]

## RESERVATION OF RIGHTS

17. Nothing in this Response is intended to be, or should be construed as, a waiver by Tempur Sealy of any of its rights under the Agreements, the Bankruptcy Code, or applicable law. Tempur Sealy expressly reserves all of its rights. Additionally, Tempur Sealy reserves its right: (a) to supplement and/or amend this Response, (b) to assert any additional objections with respect to any proposed assumption and assignment of the Agreements, the Proposed Cure Amount, the Proposed Sale, and the proposed sale order, and/or (c) assert any further objections as it deems necessary or appropriate as it relates to the Agreements and/or the interests of Tempur Sealy.

---

of setoff, the sale of the Credits must be conditioned upon adequate protection of Tempur Sealy's right of setoff pursuant to section 363(e) of the Bankruptcy Code. *See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.)*, 327 F.3d 537, 547-48 (7th Cir. 2003) ("[P]arties whose interests may be adversely affected by the sale of estate property. . . . have the right to seek protection under section 363(e), and upon request, the bankruptcy court is obligated to ensure that their interests are adequately protected."). Here, Tempur Sealy's right of setoff gives rise to an allowed secured claim pursuant to section 506 of the Bankruptcy Code and, as such, is entitled to adequate protection under section 363(e) of the Bankruptcy Code. *Szmanski v. Wachovia Bank, N.A. (In re Szmanski)*, 413 B.R. 232, 241-42 (Bankr. E.D. Pa. 2009). At present, it is unclear if Tempur Sealy would be accorded the indubitable equivalent of its interest, as required under section 361 of the Bankruptcy Code, in connection with the Proposed Sale. Moreover, while section 363(f) of the Bankruptcy Code authorizes a trustee to sell property free and clear of any interest that any entity has in such property, it is well settled that that a debtor is not permitted to sell its assets free and clear of the right of recoupment, since such right is a defense and not an interest that can be extinguished through a section 363(f) sale. *Matter of U.S. Abatement Corp.*, 79 F.3d 393, 399 (5th Cir. 1996); *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 260 (3d Cir. 2000).

[5] To be clear and for the avoidance of doubt, Tempur Sealy is not seeking relief from this Court to exercise any rights of setoff or recoupment that it may have under the Agreements, the Bankruptcy Code and applicable law; rather, Tempur Sealy is only seeking to ensure that its rights of setoff and recoupment are preserved and not impaired by the Proposed Sale.

Dated: January 9, 2024  
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*  
Susan E. Kaufman (DSB# 3381)  
919 N. Market Street, Suite 460  
Wilmington, DE 19801  
Tel: (302) 472-7420  
Fax: (302) 792-7420  
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold (Ohio Bar No. 0061351)  
FROST BROWN TODD LLP  
3300 Great American Tower  
301 East Fourth Street  
Cincinnati, OH 45202  
Tel: (513) 651-6800  
Fax: (513) 651-6981  
Email: rgold@fbtlaw.com

**Counsel for Tempur Sealy International, Inc.**

0011277.0796843   4931-5578-6765v4