**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:  January 23, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date:  February 13, 2025 at 10:00 a.m. (ET)** |

**APPLICATION OF DEBTORS FREEDOM VCM INTERCO, INC.**
**AND FREEDOM VCM, INC. FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKIN**
**GUMP STRAUSS HAUER & FELD LLP AS SPECIAL CO-COUNSEL ON**
**BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT**
**DIRECTOR, MICHAEL J. WARTELL, EFFECTIVE AS OF DECEMBER 9, 2024**

Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (each, a "Retaining Debtor"

and, together, the "Retaining Debtors" and, together with their debtor affiliates in the above-

captioned cases, collectively, the "Debtors"), respectfully submit this application (this

"Application") for entry of an order (the "Proposed Order"), substantially in the form attached

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

hereto as **Exhibit A**, pursuant to sections 327(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Akin Gump Strauss Hauer & Feld LLP ("Akin") to render legal services on behalf, and at the sole direction, of Michael J. Wartell, as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards of directors of each of the Retaining Debtors (each, a "Board" and, together, the "Boards").  In support of this Application, the Retaining Debtors submit the declaration of Michael S. Stamer, a partner in the financial restructuring group of Akin (the "Stamer Declaration"), and the declaration of Michael J. Wartell (the "Wartell Declaration"), attached hereto as **Exhibit B** and **Exhibit C**, respectively, and respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 330, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.[2]

---

[2]     Pursuant to Local Rule 9013(f), the Retaining Debtors hereby consent to entry of final orders or judgments by the Court on this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  A description of the

Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the

*Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day*

*Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and

incorporated herein by reference.

5.      The Debtors continue to operate and manage their businesses as debtors and debtors

in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On November 19, 2024,

the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed

an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases [Docket

No. 188].  No trustee or examiner has been appointed in these Chapter 11 Cases.[3]

6.      The Boards determined that it was advisable and in the best interests of the

Retaining Debtors to appoint Mr. Wartell as Independent Director and sole member of the

Conflicts Committees.  In connection therewith, and as further described in the *Disclosure*

*Statement for the First Amended Joint Chapter 11 Plan of Franchise Group, Inc., and its Affiliates*

[Docket No. 655], the Retaining Debtors authorized the Independent Director to do the following

(collectively, the "Delegated Authority"): (a) (i) investigate any claims, demands, actions or causes

of action (collectively, the "Claims" and, such investigation, the "Investigation") (x) each of the

Retaining Debtors may have against Franchise Group, Inc. ("Franchise Group") and/or its

subsidiaries (and its or their respective directors and officers) and (y) each of the Retaining Debtors

---

[3]     On November 20, 2024, an ad hoc group filed the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192].  The Court entered an order denying this motion on December 18, 2024 [Docket No. 460].

may have against its respective directors and officers, solely in their capacities as such, and in each case, such authority to include the ability of the Independent Director to retain one (1) law firm and, if necessary, one (1) local law firm in connection therewith, and (ii) have the Retaining Debtors reimburse any and all reasonable costs and expenses incurred in connection with the exercise of the Investigative Powers as the Independent Director deems necessary and appropriate (the "Investigative Powers"); (b) grant or enter into any agreement that provides for the release(s) of (i) intercompany Claims that each applicable Retaining Debtor may have against Franchise Group and/or any of its subsidiaries that are identified in the exercise of the Investigative Powers or (ii) Claims each applicable Retaining Debtor may have against such Retaining Debtor's or its subsidiaries' directors and/or officers that are identified in the exercise of the Investigative Powers (the "Releases"); (c) preserve the Claims that are identified in the exercise of the Investigative Powers for the benefit of each applicable Retaining Debtor and its stakeholders; and (d) settle or enter into any agreement that provides for the settlement of the Claims that are identified in the exercise of the Investigative Powers (the "Settlements") for the benefit of such applicable Retaining Debtor and its stakeholders.

7.    On December 9, 2024, Mr. Wartell, in his capacity as Independent Director, selected Akin as his special counsel, in accordance with the terms and conditions set forth in that certain engagement letter (the "Engagement Letter"), attached hereto as **Exhibit D**.  In addition, Mr. Wartell, in his capacity as Independent Director, selected Ashby & Geddes, P.A. ("Ashby") as his Delaware bankruptcy counsel.  The Engagement Letter provides that the Retaining Debtors agree to take all necessary steps to obtain funding sufficient to pay all fees, expenses and other costs pursuant to the Engagement Letter, including, without limitation, obtaining proceeds from any postpetition financing in accordance with the terms and conditions of the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition*

*Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with*
*Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the*
*Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief*
[Docket No. 414] (the "<u>Final DIP Order</u>").

8.      In accordance with the Proposed Order, following: (a) passage of the objection
deadline for each of Akin's monthly fee statements, (b) entry of an order approving any of Akin's
interim fee applications or final fee application or (c) any other authorization to pay Akin's fees
and expenses pursuant to the Interim Compensation Order (defined below) or other order of the
Court, the occurrence of any of the events in (a) – (c) above will be deemed a request by the
Retaining Debtors for funds sufficient to pay Akin's authorized fees and expenses and the
Borrowers (as defined in the Final DIP Order) have agreed to promptly, but in no event later than
three (3) business days, remit payment to Akin, on behalf of the Retaining Debtors, for Akin's fees
and expenses that are due and payable pursuant to such monthly fee statement or interim or final
fee application, in accordance with the terms of the order approving Akin's retention, any order
approving Akin's monthly fee statements, interim fee applications or final fee application and the
*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*
*Estate Professionals* [Docket No. 353] (the "<u>Interim Compensation Order</u>").

<u>**RELIEF REQUESTED**</u>

9.      By this Application, the Retaining Debtors seek to retain and employ Akin as
special co-counsel to provide advice and legal services on behalf, and at the sole direction, of the
Independent Director in connection with these Chapter 11 Cases, in accordance with the terms and
conditions set forth in the Engagement Letter and as further described herein, effective as of
December 9, 2024.

## RETENTION OF AKIN

10. The Retaining Debtors seek to retain Akin as special co-counsel to the Independent Director due to Akin's recognized expertise and extensive experience in, among other areas, bankruptcy and restructuring, litigation, corporate governance, corporate finance and independent investigations, both in and out of chapter 11 cases.

11. Akin has significant experience representing and advising a wide spectrum of constituents in chapter 11 cases in this and other jurisdictions, including, debtors and debtors in possession, official creditors' committees, ad hoc committees of secured and unsecured lenders and noteholders, secured and unsecured creditors, independent directors, special committees, and other parties in interest in many significant chapter 11 cases, including: *In re Spirit Airlines, Inc.*, Case No. 24-11988 (SHL) [Docket No. 96]  (Bankr. S.D.N.Y. Nov. 25, 2024); *In re Steward Health Care System LLC*, Case No. 24-90213 (CML] [Docket No. 1560] (Bankr. S.D. Tex. July 11, 2024); *In re Enviva Inc.*, Case No. 24-10453 (BFK) [Docket No. 626] (Bankr. E.D. VA. May 29, 2024); *In re CURO Group Holdings Corp.*, Case No. 24-90165 (MI) [Docket No. 340] (Bankr. S.D. Tex. May 13, 2024); *In re NanoString Technologies, Inc.*, Case No. 24-10160 (CTG) [Docket No. 418] (Bankr. D. Del. April 5, 2024); *In re Rudolph W. Giuliani a/k/a Rudolph William Giuliani*, Case No. 23-12055 (SHL) [Docket No. 154] (Bankr. S.D.N.Y. March 27, 2024); *In re Rite Aid Corporation*, Case No. 23-18993 (BK) [Docket No. 1576] (Bankr. D.N.J. Jan. 1, 2024); *In re Yellow Corporation*, Case No. 23-11069 (CTG) [Docket No. 760] (Bankr. D. Del. Oct. 4, 2023); *In re SVB Financial* Group, Case No. 23-10367 (MG) [Docket No. 296] (Bankr. S.D.N.Y. May 31, 2023); *In re Diamond Sports Group, LLC*, Case No. 23-90116 (CML) [Docket No. 742] (Bankr. S.D. Tex. May 28, 2023); *In re Loyalty Ventures, Inc.*, Case No. 23-9011 (CML) [Docket No. 211] (Bankr. S.D. Tex. April 27, 2023); *In re Alexander E. Jones*, Case No. 22-33553 (CML) [Docket No. 157] (Bankr. S.D. Tex. Feb. 13, 2023); *In re Pipeline Health System, LLC*, Case No. 22-90291 (MI) [Docket No. 593] (Bankr. S.D. Tex. Nov. 30, 2022)*; In re Endo International PLC*,

Case No. 22-22549 (JLG) [Docket No. 703] (Bankr. S.D.N.Y. Nov. 17, 2022); *In re Celsius Network LLC*, Case No. 22-10964 (MG) [Docket No. 843] (Bankr. S.D.N.Y. Sept. 16, 2022); *In re HONX, Inc.*, Case No. 22-90035 (MI) [Docket No. 210] (Bankr. S.D. Tex. July 19, 2022); *In re GWG Holdings, Inc.*, Case No. 22-90032 (MI) [Docket No. 507] (Bankr. S.D. Tex. July 5, 2022); *In re Sungard AS New Holdings, LLC*, Case No. 22-90018 (DRJ) [Docket No. 289] (Bankr. S.D. Tex. June 7, 2022); *In re Strike, LLC*, Case No. 21-90054 (DRJ) [Docket No. 715] (Bankr. S.D. Tex. Feb. 14, 2022); *In re Mallinckrodt plc,* Case No. 20-12522 (JTD) [Docket No. 1139] (Bankr. D. Del. Jan. 12, 2021); *In re GTT Communications, Inc.*, Case No. 21-11880 (MEW) [Docket No. 195] (Bankr. S.D.N.Y.); *In re GenOn Energy, Inc.* Case No. 17-33695 (DRJ) [Docket No. 1923] (Bankr. S.D. Tex.).

12. In light of the above, Akin is both well qualified and uniquely able to represent the Independent Director in these Chapter 11 Cases in an efficient and timely manner.

## SCOPE OF SERVICES

13. The Retaining Debtors respectfully submit that it is necessary and appropriate to retain and employ Akin, on behalf, and at the sole direction, of the Independent Director, to provide the following services to the Independent Director, among others:

(a) advise the Independent Director in connection with the Investigation and assist the Independent Director in connection with the exercise of the Investigative Powers;

(b) advise the Independent Director with respect to any agreement that provides for the Releases, specifically the release(s) of (i) intercompany Claims the Retaining Debtors may have against Franchise Group and/or any of its subsidiaries that are identified in the exercise of the Investigative Powers or (ii) Claims the Retaining Debtors may have against the Retaining Debtors' or their subsidiaries' directors and/or officers that are identified in the exercise of the Investigative Powers;

(c) advise the Independent Director with respect to Claims that are identified in the exercise of the Investigative Powers;

(d) advise the Independent Director with respect to settling or entering into any agreements that provide for the Settlement of any Claims that are identified in the exercise of the Investigative Powers;

    (e)        perform other legal services as may be necessary to advise the Independent Director in connection with the Investigation, the Investigative Powers and his Delegated Authority; and

    (f)        represent the Independent Director in his capacity as a member of the Boards.

14.     In accordance with Part F of the Revised UST Guidelines (defined below), Akin will serve as special counsel the Independent Director along with Ashby, who will serve as Delaware special counsel. Akin will have primary responsibility for the services described above. Akin expects, however, that Ashby will be asked to provide substantive services to the Independent Director. In such instances, Akin will coordinate with Ashby to ensure there is no unnecessary duplication of services performed or charged to the Retaining Debtors' estates.

15.     In addition, the Debtors have filed separate applications to retain professionals in these Chapter 11 Cases. Among others, the Debtors have retained Petrillo Klein + Boxer LLP ("PKB")[4] as special counsel to render services at the direction of the independent directors of the board of directors of Franchise Group with respect to certain independent director matters, as described in the *Debtors' Application for an Order Authorizing the Retention and Employment of Petrillo Klein + Boxer LLP as Special Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 252]. Although Akin understands there may be some necessary overlap between the Independent Director's Investigation and the work that PKB has been retained to perform, the Independent Director's and Akin's work is being done independent of PKB's work.[5] To the extent possible and appropriate (given the Independent Director's role in these

---

[4]   *See Order Authorizing the Retention and Employment of Petrillo Klein + Boxer LLP as Special Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 453].

[5]   The Committee has also indicated its intent to conduct an investigation. *See, e.g.,* Dec. 17, 2024 Hr'g Tr. 48:25-49:18. Although Akin understands there may be some necessary overlap between the Independent Director's Investigation and the Committee's investigation, the Independent Director's and Akin's work is being done independent of the Committee's work

Chapter 11 Cases), Akin will work with such professionals to avoid unnecessary duplication of effort in connection with these investigations.

## PROFESSIONAL COMPENSATION

16.     Akin intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and any other applicable procedures and orders of this Court.

17.     Subject to this Court's approval, Akin will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331 and the Interim Compensation Order.  Akin's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.[6]  The then-current 2024 hourly rates and 2025 hourly rates charged by Akin for professionals and paraprofessionals employed in its domestic offices are provided below:

---

[6]     For example, like many of its peer law firms, Akin typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the Revised UST Guidelines).  While the rate ranges provided for herein may change if an individual leaves or joins Akin, and if any such individual's billing rate falls outside the ranges disclosed above, Akin does not intend to update the ranges for such circumstances.

| Billing Category | 2024 Range | 2025 Range |
|---|---|---|
| Partners | $1,420 - $2,195 | $1,625 - $2,495 |
| Senior Counsel | $1,055 - $1,800 | $1,145 - $1,900 |
| Counsel | $1,250 - $1,575 | $1,360 - $1,675 |
| Associates | $840 - $1,200 | $895 - $1,310 |
| Paralegals | $225 - $530 | $255 - $635 |

18.     It is Akin's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Independent Director.

19.     Akin will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules and the Interim Compensation Order.  Akin also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by Akin in these Chapter 11 Cases.[7]

---

[7]    Akin's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with this Application and the interim and final fee applications to be filed by Akin in these Chapter 11 Cases is based exclusively on the facts and circumstances of these Chapter 11 Cases.  Akin fully reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

## AKIN'S DISINTERESTEDNESS

20.     To the best of the Retaining Debtors' knowledge, information and belief, neither Akin, nor any Akin professional working on or connected to Akin's engagement, has any connection with the Debtors, their creditors or any other party in interest in these Chapter 11 Cases, or the Debtors' other attorneys or accountants, except as set forth herein and in the Stamer Declaration.

21.     As set forth in further detail in the Stamer Declaration, Akin has certain connections with creditors, equity security holders and other parties in interest in these Chapter 11 Cases.  Akin does not believe that any of these matters represents an interest materially adverse to the Debtors' estates or otherwise creates a conflict of interest with respect to the Debtors or these Chapter 11 Cases.

22.     Based on the Stamer Declaration, Akin is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a).

23.     To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of Akin's retention, Akin will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

24.     The Retaining Debtors seek to retain Akin on behalf of the Independent Director pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

11

25.     Bankruptcy Rule 2014 requires that an application for retention include:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

26.     The Retaining Debtors seek approval of Akin's retention on behalf of the Independent Director on the terms of the Engagement Letter, including, without limitation, the fees and expenses described therein, pursuant to Bankruptcy Code section 328.  Bankruptcy Code section 328 provides as follows:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11. U.S.C. § 328(a).

27.     For all the reasons stated above and in the Stamer Declaration, the retention and employment of Akin as special co-counsel to render services for and on behalf of the Independent Director is warranted.  Further, Akin is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), does not hold or represent an interest adverse to the Independent Director or the Debtors' estates and has no connection to the Debtors, their creditors or other parties in interest, except as disclosed herein and in the Stamer Declaration.

## NOTICE

28.     Notice of this Application has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) proposed counsel to the Debtors; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien

Term Loan Lenders; (vii) counsel to the Ad Hoc Group of HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; and (x) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Retaining Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

29.    No previous application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Retaining Debtors respectfully request that the Court (a) enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Akin as special co-counsel to the Independent Director, effective as of December 9, 2024 and (b) provide the Retaining Debtors with such other and further relief as the Court may deem just, proper and equitable.

Dated: January 9, 2025                                    Respectfully submitted,
Wilmington, Delaware

By:  */s/ Michael J. Wartell*
Michael J. Wartell, solely in his capacity as Independent Director and sole member of the Conflicts Committee of the Boards of each of the Retaining Debtors