## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline:** January 23, 2025 at 4:00 p.m. (ET) <br> **Hearing Date:** February 13, 2025 at 10:00 a.m. (ET) |

### APPLICATION OF DEBTORS FREEDOM VCM INTERCO, INC. AND FREEDOM VCM, INC. FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF ASHBY & GEDDES, P.A. AS DELAWARE SPECIAL COUNSEL ON BEHALF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, EFFECTIVE AS OF DECEMBER 19, 2024

Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (each, a "Retaining Debtor" and, together, the "Retaining Debtors" and, together with their debtor affiliates in the above-captioned cases, collectively, the "Debtors"), respectfully submit this application (this "Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom Group New Holdco, LLC (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Ashby & Geddes, P.A. ("Ashby"), as Delaware special counsel, to render legal services on behalf, and at the sole direction, of Michael J. Wartell, as independent director (the "Independent Director") and sole member of the conflicts committee (the "Conflicts Committees") of the board of directors of each of the Retaining Debtors (each, a "Board" and, together, the "Boards"). In support of this Application, the Retaining Debtors submit the declaration of Michael D. DeBaecke (the "DeBaecke Declaration") and the declaration of Michael J. Wartell (the "Wartell Declaration"), attached hereto as **Exhibit B** and **Exhibit C**, respectively, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 330, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.[2]

---

[2]    Pursuant to Local Rule 9013(f), the Retaining Debtors hereby consent to entry of a final order or judgment by the Court on this Application if it is determined the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

5.      The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases. [Docket No. 188]. No trustee or examiner has been appointed in these Chapter 11 Cases.[3]

6.      The Boards determined it was advisable and in the best interests of the Retaining Debtors to appoint Mr. Wartell as Independent Director and sole member of the Conflicts Committees. In connection therewith, and *as further described in the Disclosure Statement for the First Amended Joint Chapter 11 Plan of Franchise Group, Inc., and its Affiliates* [Docket No. 655], the Retaining Debtors authorized the Independent Director to do the following (collectively, the "Delegated Authority"): (a) (i) investigate any claims, demands, actions or causes of action (collectively, the "Claims" and, such investigation, the "Investigation") (x) each of the Retaining Debtors may have against Franchise Group, Inc. ("Franchise Group") and/or its subsidiaries (and its or their respective directors and officers) and (y) each of the Retaining Debtors may have against

---

[3]      On November 20, 2024, an ad hoc group filed the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192]. The Court entered an order denying this motion on December 18, 2024 [Docket No. 460].

its respective directors and officers, solely in their capacities as such, and in each case, such authority to include the ability of the Independent Director to retain one (1) law firm and, if necessary, one (1) local law firm in connection therewith, and (ii) have the Retaining Debtors reimburse any and all reasonable costs and expenses incurred in connection with the exercise of the Investigative Powers as the Independent Director deems necessary and appropriate (the "Investigative Powers"); (b) grant or enter into any agreement that provides for the release(s) of (i) intercompany Claims that each applicable Retaining Debtor may have against Franchise Group and/or any of its subsidiaries that are identified in the exercise of the Investigative Powers or (ii) Claims each applicable Retaining Debtor may have against such Retaining Debtor's or its subsidiaries' directors and/or officers that are identified in the exercise of the Investigative Powers (the "Releases"); (c) preserve the Claims that are identified in the exercise of the Investigative Powers for the benefit of each applicable Retaining Debtor and its stakeholders; and (d) settle or enter into any agreement that provides for the settlement of the Claims that are identified in the exercise of the Investigative Powers (the "Settlements") for the benefit of such applicable Retaining Debtor and its stakeholders.

7.    On December 9, 2024, Mr. Wartell, in his capacity as Independent Director, selected Akin Gump Strauss Hauer & Feld, LLP ("Akin") as special counsel. In addition, on December 19, 2024, Mr. Wartell, in his capacity as Independent Director and in consultation with Akin, selected Ashby as Delaware special counsel. The Retaining Debtors have agreed to take all necessary steps to obtain funding sufficient to pay all fees, expenses and other costs incurred by Akin and Ashby, including, without limitation, obtaining proceeds from any postpetition financing in accordance with the terms and conditions of the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash*

*Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "Final DIP Order").

8.    In accordance with the Proposed Order, following: (a) passage of the objection deadline for each of Ashby's monthly fee statements, (b) entry of an order approving any of Ashby's interim fee applications or final fee application, or (c) any other authorization to pay Ashby's fees and expenses pursuant to the Interim Compensation Order (defined below) or other order of the Court, the occurrence of any of the events in (a) – (c) above will be deemed a request by the Retaining Debtors for funds sufficient to pay Ashby's authorized fees and expenses and the Borrowers (as defined in the Final DIP Order) have agreed to promptly, but in no event later than three (3) business days, remit payment to Ashby, on behalf of the Retaining Debtors, for Ashby's fees and expenses that are due and payable pursuant to such monthly fee statement or interim or final fee application, in accordance with the terms of the order approving Ashby's retention, any order approving any of Ashby's monthly fee statements, interim fee applications or final fee application and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

## RELIEF REQUESTED

9.    By this Application, the Retaining Debtors seek to engage Ashby as Delaware special counsel to provide advice and legal services on behalf, and at the sole direction, of the Independent Director in connection with these Chapter 11 Cases, effective as of December 19, 2024.

## RETENTION OF ASHBY

10.     The Retaining Debtors seek to engage Ashby as Delaware special counsel to the Independent Director due to Ashby's recognized expertise and extensive experience in, among other areas, bankruptcy and restructuring, litigation, corporate governance, and independent investigations, both in and out of chapter 11 cases.  Ashby has stated its willingness to serve as Delaware special counsel and the Firm is well-situated to provide services to the Independent Director in a capable, cost-effective, efficient and timely manner.

11.     Ashby's bankruptcy attorneys appear frequently in this Court representing, among others, debtors, official and ad hoc creditors' committees or other groups of creditors, chapter 7 trustees, receivers, examiners, litigation parties, asset purchasers, contract counterparties, and various other kinds and/or groups of creditors and claimants.  Given Ashby's extensive experience and knowledge in the field of debtor and creditor rights, its deep familiarity with practice before this Court, and its ability to respond quickly and efficiently in time-sensitive matters, the Retaining Debtors believe Ashby is well qualified to represent the Independent Director in the Chapter 11 Cases.  Ashby's services as Delaware special counsel will enable the Independent Director to execute faithfully his duties in these Chapter 11 Cases.

## SCOPE OF SERVICES

12.     The Retaining Debtors respectfully submit it is necessary and appropriate to retain Ashby as Delaware special counsel, on behalf, and at the sole direction, of the Independent Director.  It is anticipated Ashby may provide the following services, without limitation:

   a)     in conjunction with Akin, advise the Independent Director in connection with the Investigation and assist the Independent Director in connection with the exercise of the Investigative Powers, bearing in mind the Court relies on Delaware counsel such as Ashby to be involved in all aspects of the bankruptcy proceedings;

b)   draft, review, and comment on drafts of documents to ensure compliance with local rules, practices, and procedures;

c)   in conjunction with Akin, assist and advise the Independent Director relative to the administration of these Chapter 11 Cases;

d)   draft, file, and serve documents as requested by Akin and the Independent Director;

e)   compile and coordinate delivery to the Court and the U.S. Trustee of information required by the Bankruptcy Code, Bankruptcy Rules, Local Rules and any applicable U.S. Trustee guidelines and/or requests;

f)   in conjunction with Akin, assist and advise the Independent Director in connection with analysis of any Claims identified in the exercise of the Investigative Powers;

g)   in conjunction with Akin, assist and advise the Independent Director in connection with the settlement or entry into any agreements providing for a Settlement of any Claims identified in the exercise of the Investigative Powers;

h)   participate in calls with the Independent Director;

i)   appear in Court and at any meetings of creditors on behalf of the Independent Director in Ashby's capacity as Delaware special counsel and co-counsel with Akin;

j)   assist the Independent Director with responses to inquiries received from third parties and otherwise assist Akin, as special counsel, with respect to any of the foregoing matters; and

k)   perform other legal services as may be necessary to advise and represent the Independent Director in connection with the Investigation, the Investigative Powers, his Delegated Authority and/or these Chapter 11 Cases.

13.    In accordance with Part F of the Revised UST Guidelines (defined below), Ashby will serve as Delaware special counsel to the Independent Director, with Akin as special counsel to the Independent Director.  The services described above are designed to limit any unnecessary duplication of services with Akin.

## ASHBY'S DISINTERESTEDNESS

14.     As set forth in the DeBaecke Declaration, Ashby has conducted a search of its client and former client database and related conflict information.  Ashby personnel also researched entities and individuals associated with the Debtors and the Debtors' list of potential parties in interest.  Lastly, Mr. DeBaecke distributed email inquiries to Ashby attorneys and, as appropriate, made follow-up inquiries regarding certain information and search results received.

15.     The Retaining Debtors believe that none of the connections set forth in the DeBaecke Declaration should disqualify Ashby from serving as Delaware special counsel for the Independent Director in connection with the Investigation.  The Retaining Debtors believe (i) Ashby is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, (ii) Ashby does not hold or represent an interest adverse to the Debtors' estates as set forth in section 327(a) of the Bankruptcy Code, and (iii) Ashby's partners, associates, paraprofessionals, and other personnel do not hold any interest or represent any interest adverse to the Debtors' estates.  The Retaining Debtors understand Ashby's disclosures are based upon the best information available at this time.

16.     Ashby will review its files periodically during and at the conclusion of its employment to identify additional connections.  To the extent any such connections are discovered, Ashby will file a supplemental declaration as required by Bankruptcy Rule 2014(a).

## ASHBY'S COMPENSATION

17.     Ashby will apply to the Court for the allowance of compensation for services rendered and reimbursement of expenses incurred on behalf of the Independent Director.  Subject to Court approval, Ashby will charge for its legal services on an hourly basis in accordance with its customary and comparable hourly rates.  In addition, subject to Court approval, Ashby will seek

reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by the Firm on behalf of the Independent Director.

18.    As set forth in the DeBaecke Declaration, Ashby will charge for its 2024 legal services on an hourly basis at rates in effect as of December 19, 2024, and for 2025 legal services on an hourly basis at rates in effect as of January 1, 2025:[4]

| Ashby Timekeepers | 2024 Hourly Rates | 2025 Hourly Rates[5] |
|---|---|---|
| Partners | $720 to $925 | $720 to $960 |
| Counsel | $620 to $730 | $650 to $760 |
| Associates | $395 to $550 | $400 to $575 |
| Paralegals | $335 to $375 | $335 to $375 |
| Practice Support | $275 to $325 | $275 to $325 |

19.    Based upon the foregoing, the Retaining Debtors respectfully represent that the employment of Ashby as Delaware special counsel for and on behalf of the Independent Director is necessary and appropriate.  As Delaware special counsel for and on behalf of the Independent Director, Ashby will enable the Retaining Debtors to carry out their responsibilities under the Bankruptcy Code.  The Retaining Debtors respectfully submit the relief requested herein is in the best interests of the bankruptcy estates and should be granted by this Court.

## **NOTICE**

20.    Notice of this Application has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) proposed counsel to the Debtors; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the Ad Hoc Group of HoldCo Lenders; (viii) counsel to the

---

[4]    The Retaining Debtors understand that as a standard part of its conduct of business, Ashby reviews and increases the hourly rates of its attorneys and other timekeepers as of January 1 of each successive year.

[5]    The Retaining Debtors and Independent Director understand the hourly rates listed here are for the Ashby attorneys or other professionals who potentially may provide 2025 services in connection with representation of the Independent Director.  It is further understood Mr. DeBaecke will be the primary attorney assigned to the representation and his 2025 regular hourly rate is $760.00.

DIP Agent; (ix) counsel to the DIP Lenders; and (x) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Retaining Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21.    No previous request for the relief sought herein has been made by the Retaining Debtors to this or any other court.

WHEREFORE the Retaining Debtors respectfully request entry of the Proposed Order approving the employment of Ashby as Delaware special counsel for and on behalf of the Independent Director, effective as of December 19, 2024, and granting such other and further relief as deemed just and proper.

Dated: January 9, 2025                                      Respectfully submitted,
Wilmington, Delaware

By:*/s/ Michael J. Wartell*
Michael J. Wartell, solely in my capacity as
Independent Director and sole member of the
Conflicts Committee of the Board of each of the
Retaining Debtors