# **EXHIBIT B**

**DeBaecke Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL D. DEBAECKE IN SUPPORT OF
APPLICATION OF DEBTORS FREEDOM VCM INTERCO, INC. AND
FREEDOM VCM, INC. FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT OF ASHBY & GEDDES, P.A.
AS DELAWARE SPECIAL COUNSEL ON BEHALF AND AT
THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR,
<u>MICHAEL J. WARTELL, EFFECTIVE AS OF DECEMBER 19, 2024</u>**

I, Michael D. DeBaecke, under penalty of perjury, declare as follows:

1. I currently am Counsel at Ashby & Geddes, P.A. ("<u>Ashby</u>" or the "<u>Firm</u>"), with offices located at 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

2. I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of an Order Authorizing the Employment of Ashby & Geddes, P.A. as Delaware Special Counsel on Behalf and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 19, 2024* (the "Application").[2]

3. Unless otherwise stated, the facts set forth below are based upon my personal knowledge or discussions with other Ashby partners, associates, or other professionals and client matter records of Ashby reviewed by me or my colleagues acting under my supervision and direction. This declaration will be supplemented if additional information related to the matters addressed herein becomes known and available.

## ASHBY'S QUALIFICATIONS

4. Ashby has the expertise, experience, and resources to serve as Delaware special counsel to the Independent Director.

5. Ashby's bankruptcy attorneys appear frequently in this Court representing, among others, debtors, official and ad hoc creditors' committees or other creditor groups, chapter 7 trustees, receivers, examiners, litigation parties, asset purchasers, contract counterparties, and various other kinds and/or groups of creditors and claimants. Given its extensive experience and knowledge in the field of debtor and creditor rights, its deep familiarity with practice before this Court, and its ability to respond quickly and efficiently in time-sensitive matters, I believe Ashby is well qualified and able to serve as Delaware special counsel for and on behalf of the Independent Director. Ashby's services will enable the Independent Director to execute faithfully his duties in these Chapter 11 Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

**ASHBY'S DISINTERESTEDNESS AND CONNECTIONS**

6. Ashby has developed procedures to enable it to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of this Court regarding employment of professionals.

7. In connection with preparation of its employment application papers, Ashby was provided a list of potential parties in interest in these Chapter 11 Cases (the "<u>Identified Parties</u>").

8. Following the procedures referenced above, Ashby personnel compared the Identified Parties with (a) a database containing the names of all Ashby clients and former clients dating back to approximately 1998, and (b) related client and conflict information. Search results were obtained and reviewed and I personally conducted additional investigation and follow-up inquiries with other Ashby attorneys in connection therewith.

9. Based on the results of the foregoing search and review procedures, and other than as set forth below, I believe:

   i. Neither Ashby nor any of its attorneys represents any entity in or in connection with these Chapter 11 Cases.

   ii. Ashby does not hold or represent an interest adverse to any of the Debtors' estates.

   iii. Neither Ashby nor any of its attorneys is a creditor, equity security holder, or insider of any of the Debtors or their affiliates.

   iv. Neither Ashby nor any of its attorneys has been, within two years before the date of the filing of the Debtors' petitions, a director, officer, or employee of any of the Debtors or their affiliates or has any interest materially adverse to the interests of the estates, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

10. Based on the foregoing, I believe Ashby is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and the Firm is eligible to serve as Delaware special counsel to the Independent Director in connection with these Chapter 11 Cases.

11. Based on the results of the described review procedures, I believe neither Ashby nor any of its attorneys, including me, has any connections, as that term is used in Bankruptcy Rule 2014, with any of the Identified Parties, except Ashby makes the following disclosures:

    i. **Significant Counterparties to Material Agreements**: Ashby currently represents Engie Resources in matter(s) unrelated to these Chapter 11 Cases.

    ii. **Significant Suppliers and Vendors**: Ashby currently represents Korber Supply Chain US, Inc. in matter(s) unrelated to these Chapter 11 Cases.

    iii. **Professionals**: The list of Identified Parties includes dozens of law firms and non-legal professional firms. Ashby attorneys, including myself, have worked in multiple bankruptcy and non-bankruptcy cases wherein professionals from many of the firms listed as Identified Parties also were involved on behalf of their respective clients. Moreover, Ashby as Delaware counsel often teams up with other law firms and non-legal professional services firms in representing clients that become involved in cases pending in Delaware. These Delaware counsel engagements for Ashby include matters in bankruptcy cases pending in this Court and matters in litigation cases pending in the Delaware state and federal courts (primarily the Delaware Court of Chancery, Delaware Superior Court, and the U.S. District Court for the District of Delaware). Based upon current information and belief, none of those representations have included any matters related to or in connection with these Chapter 11 Cases.

        Without conceding such disclosures are mandated under the Bankruptcy Code or applicable Bankruptcy Rules or Local Rules, Ashby makes the following disclosures with respect to professional firms included on the list of Identified Parties:

        A. Ashby previously has served as Delaware counsel with Akin on behalf of former clients, including former clients involved in prior bankruptcy cases.[3] Those prior matters were unrelated to these Chapter 11 Cases.

        B. Ashby currently serves as co-counsel with Latham & Watkins LLP on behalf of a client in a matter unrelated to these Chapter 11 Cases.

        C. Ashby currently serves and formerly has served as Delaware counsel with Foley & Lardner LLP on behalf of clients in matters unrelated to these Chapter 11 Cases.

---

[3] A former client as that term is used herein refers to a client wherein the associated Ashby matter and file were closed after December 1, 2020.

4

      D.      Ashby currently serves and formerly has served as Delaware counsel with Paul Hastings LLP on behalf of clients in matters unrelated to these Chapter 11 Cases.

      E.      I previously worked at Blank Rome LLP for over twenty (20) years prior to joining Ashby in February 2019.

      F.      Ashby currently serves as Delaware counsel for Gordon Brothers Retail Partners in *In re Big Lots, Inc.*, Case No. 24-11967 (JKS). Lead counsel for Gordon Brothers in that matter is Riemer & Braunstein LLP. Ashby also has worked with the Riemer & Braunstein firm on behalf of other current and former clients in matters unrelated to these Chapter 11 Cases.

      G.      In a recently dismissed and unrelated bankruptcy case, *In re: CAPREF Lloyd Center East LLC*, Case No. 23-11942 (JTD), Ashby served as lead counsel for the debtor (which entity, for the avoidance of doubt, is not listed as an Identified Party in these Chapter 11 Cases). In that case, Hilco Real Estate, LLC (an Identified Party) was engaged by the debtor to market and sell the debtor's principal asset (commercial real estate located in Portland, Oregon). Also, Hilco Merchant Resources is a former Ashby client from years ago in matters unrelated to these Chapter 11 Cases.

      H.      An Ashby partner currently serves as a chapter 7 panel trustee in Delaware.[4] From time to time, in his capacity as chapter 7 trustee, he hires counsel or other professionals. Chipman Brown Cicero & Cole, LLP and Young Conaway Stargatt & Taylor, LLP are listed as Identified Parties. They are two law firms previously engaged by the trustee as counsel in cases unrelated to these Chapter 11 Cases.

      I.      A current Ashby bankruptcy paralegal joined Ashby in April 2023, after previously working for Landis Rath & Cobb LLP (a law firm on the list of Identified Parties). Upon information and belief, while employed at Landis Rath & Cobb, this paralegal did not work on any matter related to these Chapter 11 Cases.

    iv.    **Lenders**: In a recently dismissed action in the Delaware Court of Chancery (C.A. No. 2019-0567-NAC), a matter wholly unrelated to these Chapter 11 Cases, Ashby served as Delaware co-counsel to four of the five named plaintiffs (Agspring Holdco, LLC; LVS II SPE XVIII LLC; HVS V LLC; and TOBI XXI LLC). The LVS, HVS, and TOBI entities are managed by Pacific

---

[4] Prior to re-entering private practice more than 10 years ago, this Ashby partner worked as an attorney in the U.S. Trustee's Office.

>Investment Management Company LLC, a named lender/creditor in these Chapter 11 Cases.

12. None of the Firm's current clients identified above represented more than 1% of Firm revenues generated during any of 2021, 2022, 2023, or 2024.[5]

13. Upon information and belief, Ashby has not previously represented any of the Identified Parties in any matters related to the Debtors or these Chapter 11 Cases. The Firm has agreed that while it is providing services as Delaware special counsel for the Independent Director, it will not accept representation of nor render services to any other clients in connection with these Chapter 11 Cases.

14. Prior to taking the bench in 2019, the Honorable Karen B. Owens was a partner with Ashby.[6] Subject to the foregoing, neither Ashby nor any of its attorneys has any connection with any of the current bankruptcy judges for the District of Delaware.

15. Other than the disclosures made above in connection with the Ashby partner who also serves as a chapter 7 panel trustee, neither Ashby nor any of its attorneys has any current connection with the Office of the United States Trustee in the District of Delaware.

16. Ashby represents many entities, some of which may be, or may become, parties in interest in these Chapter 11 Cases without our knowledge. Additionally, as referenced above and as a regular part of its practice, Ashby represents clients in numerous matters and cases involving other law firms, financial advisory firms, and other professionals in either adverse or non-adverse roles; some of those firms and professionals may represent the Debtors, creditors, or other Identified Parties or themselves be creditors, Identified Parties, or other parties in interest in these

---

[5] The Firm's debtor client in the now-closed *CAPREF* bankruptcy case represented more than 1% of Firm revenues generated in 2024. That client is not an Identified Party in these Chapter 11 Cases.

[6] Also, a current Ashby law clerk is engaged to a recent former Judge Owens' law clerk.

Chapter 11 Cases, or they may employ persons with whom its attorneys have personal or familial relationships. It is also the case that from time to time, Ashby may represent an entity in its administrative, collateral, or other representative or agent capacity in respect of a larger group of entities, such as a group of lenders (in such cases, Ashby typically represents the agent entity in that capacity, not the individual members of the related group, which members are subject to change). Moreover, as referenced above and, for the avoidance of doubt, in matters unrelated to these Chapter 11 Cases, Ashby either has in the past or currently may serve as Delaware counsel for clients that also have engaged as their lead counsel certain law firms or other professionals that are included on the list of Identified Parties or that hereafter may become involved in these Chapter 11 Cases on behalf of their respective clients.

17. While it is neither reasonable nor practical for us to identify all such connections, and except as otherwise disclosed herein, I am unaware of any material connections and I believe none of them would prevent Ashby from being a "disinterested person," none would involve the holding or representation of an interest adverse to the Debtors' estates, and none would create a conflict of interest with respect to this matter such that Ashby should not be permitted to serve as Delaware special counsel engaged by the Retaining Debtors for and on behalf of the Independent Director for the purposes set forth in the Application.

18. Finally, to the extent that Ashby or I discover any additional facts bearing on the information disclosed above, Ashby will supplement the information promptly.

## **COMPENSATION**

19. Ashby will charge for its legal services at its usual and customary hourly rates in effect as of (a) December 19, 2024 (for 2024 services) and (b) January 1, 2025 (for 2025 services):

| Ashby Timekeepers | 2024 Hourly Rates | 2025 Hourly Rates[7] |
|---|---|---|
| Partners | $720 to $925 | $720 to $960 |
| Counsel | $620 to $730 | $650 to $760 |
| Associates | $395 to $550 | $400 to $575 |
| Paralegals | $335 to $375 | $335 to $375 |
| Practice Support | $275 to $325 | $275 to $325 |

20.     The charges for the Ashby timekeepers who will render services for and on behalf of the Independent Director will be based upon actual time spent and upon the experience and expertise of the timekeeper involved.  The hourly rates set forth above are consistent with the rates charged by Ashby to other comparable clients for similar services, whether inside or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending.  The hourly rates listed above are appropriate and not significantly different from (i) the rates the Firm charges for other similar types of representations, or (ii) the rates that other counsel of similar expertise and experience would charge to perform the work Ashby will perform in these Chapter 11 Cases.  If Ashby in the future seeks to adjust the 2025 hourly rates to reflect economic and other conditions, Ashby has agreed it will provide advance notice to the Independent Director, the Debtors, the U.S. Trustee, and the Committee before implementing any such proposed rate increases.

21.     Ashby will also seek reimbursement of actual, necessary out-of-pocket expenses and other charges incurred on behalf of the Independent Director.  All requests for reimbursement will be consistent with any guidelines established by the Court.  The Firm customarily charges its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred but for the representation.  In particular, Ashby charges its clients

---

[7]  The hourly rates listed here are for the Ashby attorneys or other professionals who it is anticipated may provide 2025 services in connection with representation of the Independent Director.  I will be the primary attorney assigned to the representation and my 2025 regular hourly rate is $760.00.

8

for, among other things, litigation support vendors; transcripts and other related expenses; telephone conference calls and international call charges; mail and express mail charges; special, overnight, or hand delivery charges; photocopying charges (black-and-white copies ($0.10 per page) and color copies ($0.25 per page)); airline, hotel, and other travel-related expenses; working meals or overtime/after-hours meals; computerized research; and non-ordinary expenses such as necessary overtime expenses incurred with respect to the specific matter. The Firm does not charge its clients for regular overhead expenses such as office supplies and will not seek reimbursement for such expenses here.

22. Ashby has not entered into any agreement to share, nor will it share, compensation received for services rendered to and on behalf of the Independent Director in connection with these Chapter 11 Cases.

23. Any request for payment of compensation and reimbursement of expenses incurred in the performance of Ashby's services would be made in accordance with the Interim Compensation Order, Bankruptcy Code sections 330 and 331, any other applicable provisions of the Bankruptcy Rules and Local Rules and any other applicable order of the Court.

**RESPONSES TO THE REVISED UST GUIDELINES**

24. Ashby will also make a reasonable effort to comply in substantial fashion with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"). The following are responses to questions in Section D.1 of the Revised UST Guidelines:

   i. Ashby did not agree to any variations from, or alternative to, its standard or customary billing arrangements for this engagement.

   ii. None of the professionals or paraprofessionals included in this engagement vary their hourly rate based on the geographic location of a bankruptcy case.

iii. Ashby did not represent the Independent Director in the 12 months prior to the Petition Date.

iv. Ashby, as Delaware special counsel, has not to date provided the Independent Director with a budget but will do so as circumstances develop and warrant and as may be requested by the Independent Director and Akin.

25. For all of the foregoing reasons, I believe Ashby's employment by the Retaining Debtors for and on behalf of the Independent Director would be appropriate and in the best interests of the bankruptcy estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge and belief.

Dated: January 9, 2025

*/s/ Michael D. DeBaecke*
Michael D. DeBaecke