## **EXHIBIT C**

**Wartell Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL J. WARTELL IN SUPPORT OF
THE APPLICATION OF DEBTORS FREEDOM VCM INTERCO, INC.
AND FREEDOM VCM, INC. FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT OF ASHBY & GEDDES, P.A. AS
DELAWARE SPECIAL COUNSEL ON BEHALF AND AT THE SOLE
DIRECTION OF THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL,
EFFECTIVE AS OF DECEMBER 9, 2024**

I, Michael J. Wartell, under penalty of perjury, declare as follows:

1. I am making this declaration (the "Declaration") as Independent Director[2] of the Retaining Debtors, Freedom VCM Interco, Inc. and Freedom VCM, Inc., and sole member of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Conflicts Committees. I am competent to make this declaration in support of the *Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of an Order Authorizing the Employment of Ashby & Geddes, P.A. as Delaware Special Counsel on Behalf and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 19, 2024* (the "Application").

2. I submit this Declaration in support of the Application, pursuant to Section D.2. of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by my selected counsel, Akin and Ashby.

3. I understand the Revised UST Guidelines request that any application for employment of an attorney under Bankruptcy Code section 327 be accompanied by a verified statement from the client that addresses the following:

(i) The identity and position of the person making the verification.

(ii) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(iii) The number of firms the client interviewed.

(iv) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

2

  (v)  The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## **INDEPENDENT DIRECTOR'S SELECTION OF COUNSEL**

  4.  Based on the authority delegated to me by the Retaining Debtors, in my capacity as Independent Director, I, following consultation with Akin, selected Ashby to serve as Delaware special counsel because of Ashby's recognized expertise and extensive experience in, among other areas, bankruptcy and restructuring, litigation, corporate governance, and independent investigations, both in and out of chapter 11 cases as well as Ashby's deep familiarity with practice before this Court. I did not formally interview other Delaware firms in connection therewith.

## **RATE STRUCTURE**

  5.  Ashby has informed the Retaining Debtors and me that its rates for bankruptcy representations are comparable to the rates Ashby charges for non-bankruptcy representations. As Independent Director, I have approved Ashby's proposed hourly rates as set forth in the Application and DeBaecke Declaration. Ashby has informed the Retaining Debtors and me that its hourly rates are subject to periodic adjustments (typically as of January 1 of each year) to reflect economic and other conditions. In my capacity as Independent Director, I have consented to such ordinary course rate increases.

## **COST SUPERVISION**

  6.  The Retaining Debtors and I recognize our responsibility to monitor the billing practices of counsel to ensure that the fees and expenses paid by the estates remain consistent with my expectations and the exigencies of these Chapter 11 Cases. Ashby further advises it expects to comply reasonably with any additional U.S. Trustee requests for additional information and

disclosures with respect thereto, as to which Ashby reserves all rights.  In addition, I will review the interim and final fee applications submitted by Ashby.  Ashby's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of these Chapter 11 Cases by, among others, the Committee, the U.S. Trustee, the Debtors, myself, and other parties in interest.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 9, 2025

By:  <u>*/s/ Michael J. Wartell*</u><br>
Michael J. Wartell, solely in my capacity as Independent Director and sole member of the Conflicts Committee of the Board of each of the Retaining Debtors