**EXHIBIT A**

**DEFINITIONS[2]**

For the purposes of these topics on which deposition testimony is sought (collectively, the "**Topics**," and each, a "**Topic**"), the following definitions shall apply:

1. "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic all responses that might otherwise be construed to be outside of its scope.

2. "**Any**" and "**all**" shall be construed so as to include both "all" and "any" and to include the terms "each" and "every."

3. The use of the singular form of any word includes the plural and vice versa.

4. All terms defined herein shall have the meanings set forth in these Definitions, whether such terms are capitalized in these requests or not.

5. "**Prophecy Trust**," "**You**," or "**Your**" shall have the meaning of the Settlement-Related Liquidating Trust 2022-23.

6. "**Bankruptcy Code**" means title 11 of the United States Code, as amended.

7. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

8. "**Chapter 11 Cases**" means the voluntary chapter 11 cases commenced on the Petition Date by the Debtors in the Bankruptcy Court.

9. "**Concerning**," "**regarding**," "**in connection with**," "**relating to**," and/or "**referring to**" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating,

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in Objection.

studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

10. "**Debtors**" means Franchise Group, Inc. and its affiliated debtors, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases.

11. "**FRG**" mean Franchise Group, Inc.

12. "**Kahn**" refers to Brian Kahn, former Chief Executive Officer of Franchise Group Inc.

13. "**Relate**" and "**Relating to**" means concerning, constituting, describing, evidencing, consisting of, referring to, pertaining to, reflecting, or in any way logically or factually connected with the matter discussed, in whole or part, directly or indirectly.

14. "**Take-Private Transaction**" shall have the meaning set forth in the First-Day Declaration.

15. "**Willkie**" shall have the meaning of Willkie Farr and Gallagher, LLP.

16. "**YCST**" shall have the meaning of Young Conway Stargatt & Taylor, LLP.

## INSTRUCTIONS

The preceding Definitions apply to each of the following Instructions:

1. Pursuant to Rule 30(b)(6) of the Federal Rules and Rule 7030 of the Bankruptcy Rules, You shall designate one or more officers, directors, managing agents, or other persons who are knowledgeable and who consent to testify on Your behalf with respect to the following Topics.

2. The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics. If no single witness is capable of testifying knowledgeably about all of the Topics listed, You may designate more than one witness.

3. Each of the Definitions and Instructions applies to each Topic, notwithstanding

that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular Topic, or that a particular Topic may incorporate supplemental instructions or definitions.

4. Each and every reference to a person, without any limitation (a) shall be deemed to include that person's agents, attorneys, and any other person who acted on that person's behalf; and (b) with respect to fictious persons, shall be deemed to include each and all of its affiliates, divisions, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted on its behalf.

5. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive, and the present tense shall include the past tense and the past tense shall include the present tense.

## TOPICS OF EXAMINATION

1. The factual basis for Your claim that "[t]he Debtors should not be permitted to retain Willkie as their legal counsel in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code because Willkie is not disinterested and holds interests directly adverse to the Debtor, their creditors and estates."

2. The factual basis for Your claim that "Willkie's pre-petition relationship with and representation of the Debtors, Kahn (the founder and former director and officer of certain of the Debtors) and his affiliated entities, and other parties related to fundamental transactions preceding (and possibly causing) the financial collapse of the Debtors and the filing of these Chapter 11 Cases render Willkie incapable of representing the Debtors under section 327 of the Bankruptcy Code."

3. The factual basis for Your claim that "Willkie holds actual conflicts of interest because it represented Kahn in the Take-Private Transaction that is currently the subject of litigation for which Kahn could seek indemnification by Franchise Group, and Willkie itself could be subject to claims of both Kahn and Franchise Group if Kahn is held liable in such litigation."

4. The factual basis for Your claim that "the Take-Private Transaction and Willkie's role therein could be the subject of significant litigation in these Chapter 11 Cases, as evidenced by filings of the Ad Hoc Group of Freedom Lenders and the Committee related thereto."

5. The factual basis for Your claim that "Willkie's involvement in other Kahn led FRG transactions should also give rise to similar investigations."

6. The factual basis for Your claim that "Willkie holds additional actual conflicts of interest because the Debtors could hold claims against Willkie stemming from its representation of Kahn at the time of the SEC and DOJ Prophecy-related investigation that led to the Complaint and Indictment—if Willkie Was representing Kahn with regarding[sic] to investigation prior to the public release of the Complaint and Indictment—without any warning to Franchise Group of the imminent danger to its business of the pending investigation involving the company's founder, director, officer, and public image."

7. The factual basis for Your claim that "the Debtors argument that '[t]o the extent Willkie determines that its prior relationship with Mr. Kahn would prevent Willkie from representing the Debtors interests in a particular aspect of the Chapter 11 Cases, then Willkie will transfer the representation of the Debtors on such particular matter solely to [Young Conaway Stargatt & Taylor LLP]' means nothing as the conflicts identified herein are retention precluding."

- 8 -

8. The factual basis for Your claim that "[i]n light of existing, imminent, and/or potential legal issues and claims against the Debtors, Kahn (a founder and former insider of the Debtors), B. Riley and Willkie itself—arising from actions taken by Kahn and Franchise Group pre-petition with the legal advice of Willkie and/or during concurrent representation by Willkie of both parties, Willkie's conflict precludes them from being engaged in these cases regardless of YCST's future role."

9. The factual basis for Your claim that "the Prophecy Trust holds both equity interests in and affirmative claims against certain of the Debtors."

10. All other factual bases for Your Objection and all factual bases for any other claims made in Your Objection.