# EXHIBIT A

**OCP Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:**<br>**January 27, 2025 at 4:00 p.m. (ET)** |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, Susan Han, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a Principal of Ryan, LLC (the "Firm") which maintains offices at 13155 Noel Road, Suite 100, Dallas, Texas 75240.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

3. This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware dated December 6, 2024, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. The Firm is not a legal services firm.

5. The Firm has advised the Debtors as tax advisors and consultants with respect to real property tax compliance and reporting since 2017 and with respect to state voluntary disclosure review processes relative to abandoned and unclaimed property since 2020.

6. As of the Petition Date, the Firm held a retainer in the amount of $0.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: compliance and reporting relative to real property tax(es), and state voluntary disclosure review and reporting relative to abandoned and unclaimed property.

8. The Firm's fees are calculated either as a product of the Firm's customary hourly rates, or as a percentage of tax savings achieved for the Debtors. The Firm's current customary hourly rates, subject to change from time to time, range from $105 to $860, depending on the nature of the work. In the normal course of business, the Firm revises its regular hourly rates and advises that, effective January 1 of each year, the aforementioned hourly rates will be revised to the regular hourly rates that will be in effect at that time. In addition, some of the Firm's property

tax compliance and reporting work is reimbursed based on performance, with fees ranging from 25% to 40% of tax savings achieved for the Debtors.

9. For hourly based fees, the Firm keeps in the ordinary course of business time records in one-quarter-of-an-hour increments.

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

12. In addition, although not ascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of performing a review and analysis of current clients and counterparties to active and open litigation.

14. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the above-captioned chapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. The Firm's review of such Interested Parties identified connections with Ernst & Young and Deloitte & Touche LLP's affiliate, Deloitte Tax Services, India. The Firm is in active litigation with these firms, each in matters unrelated to the Debtors or these Chapter 11 Cases. The Firm has never represented or provided services to such firms.

15. The Firm does not perform services that relate to the Debtors or the above-captioned chapter 11 cases for any of the Interested Parties, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

16. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

17. In the 12 months prior to the Petition Date, the Firm has been paid $66,468.63 by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $9,368.65 on account of prepetition services. The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.

18. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $50,000.00 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330, 331, and section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and any applicable procedures or orders of the Court.

19. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

20. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by the Bankruptcy Rules.

21. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 13, 2025

_____
Susan Han, Principal
Ryan, LLC
13155 Noel Road, Suite 100
Dallas, Texas 75240

5