# Exhibit A

IN THE COURT OF COMMON PLEAS
DELAWARE COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| JOHN PELS,<br><br>      Plaintiff,<br><br>v.<br><br>MATTHEW AVRIL, et al.,<br><br>      Defendant. | Civil Action No. 23 CV H 07 0508<br><br>Judge David M. Gormley |

### DEFENDANT BRIAN R. KAHN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Brian R. Kahn, by and through his undersigned counsel, hereby joins (the "Joinder") Franchise Group, Inc.'s Memorandum Contra to Plaintiff's Motion for Preliminary Injunction (the "Opposition"). For the reasons set forth in the Opposition and herein, Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion") should be denied.[1]

### ARGUMENT

As described in greater detail in the Opposition, Plaintiff's Motion does not identify any material misstatement or omission from the Proxy or its supplemental disclosures. Nor does Plaintiff come anywhere close to discharging his heavy burden to secure the drastic and extraordinary remedy in equity of a preliminary injunction.

Plaintiff's Motion—which contorts Ohio law to avoid an exclusive Delaware forum provision—is a timeworn attempt to hold up a premium merger to secure a settlement resulting in attorney's fees for Plaintiff's counsel. This tactic is common, and commonly rejected. As

---

[1] No returns of service have been filed on the docket, and it does not appear that Defendant Kahn has been personally served by Plaintiff. Accordingly, Defendant Kahn reserves the right to challenge service of process in any forthcoming motion to dismiss.

explained by Judge Posner in the Court of Appeals for the Seventh Circuit, such claims are "filed on behalf of shareholders of one of the companies for the sole purpose of obtaining fees for the plaintiffs' counsel," often seeking disclosures that are "largely or even entirely worthless to the shareholder[s.]" *In re Walgreen Co. Stockholder Litigation*, 832 F.3d 718, 721 (7th Cir. 2016). Such claims are "designed to end—and very quickly too—in a settlement in which class counsel receive fees and the shareholders receive additional disclosures concerning the proposed transaction." *Id.* Circuit Judge Posner did not mince his words in *Walgreen*: "The type of class action illustrated by this case—the class action that yields fees for class counsel and nothing for the class—is no better than a racket." *Id.* at 724.

Courts across the country have rejected attempts to impose this "merger tax" on transactions. In *In re Trulia, Inc. S'holder Litig.*, the Delaware Court of Chancery explained that "supplemental disclosures rarely yield genuine benefits for stockholders," and held Delaware courts would no longer approve settlements of disclosure claims unless information that was not disclosed was "plainly material." 129 A.3d at 899 (Del. Ch. 2016). After the Delaware Court of Chancery's decision in *Trulia*, lawyers who "specialize[]" in the work of seeking attorney's fees for disclosure claims began to "fil[e] elsewhere," resulting in a "deal-litigation diaspora." *Anderson v. Magellan Health, Inc.*, 2023 WL 4364524, at *10 (Del. Ch. July 6, 2023). As the Opposition discusses, courts throughout the nation have refused to entertain similarly meritless claims that seek only the disclosure of immaterial information. *See* Opposition at 23 n.23 (collecting cases); *see also id.* at 16 (citing *Zalvin v. Ayers*, Hamilton C.P. No. A1804888 (Sept. 26, 2018)).

This is such a case. In fact, the New York Supreme Court has described plaintiff's law firm—The Brualdi Law Firm—as engaging in "frivolous" and "pernicious" litigation where

plaintiff simply wants more disclosures and threatens injunctive relief unless such disclosures are made—and, of course, a fee is paid. *City Trading Fund* v. *Nye*, 72 N.Y.S.3d 371, 395 (N.Y. Sup. Ct. Feb. 8, 2018) ("The very point of the lawsuit [is] simply to get paid—*by the shareholders*—to go away. This is a pernicious motive for a lawsuit.") (emphasis in original).[2] Plaintiff Pels is no stranger to this type of pernicious litigation either, having filed numerous lawsuits over the years challenging corporate transactions. Opposition at 3 n.4.

As a final matter, Plaintiff's Motion should be denied because Franchise Group's stockholders will not suffer **any** irreparable harm absent an injunction. No other stockholder has filed an action regarding the transaction, and Franchise Group's stockholders have an adequate remedy available to them through an action for appraisal or for post-closing damages. *See, e.g.*, *Malone v. CST Brands, Inc.*, 2016 WL 8258791 (W.D. Tex. Nov. 10, 2016) (denying motion for preliminary injunction in part because "shareholders who choose to not vote in favor of the proposal to adopt the merger agreement have the right to seek appraisal of the fair value of shares"); *see also* Proxy at 10 & Annex C. Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the reasons set forth in the Opposition and above, Defendant Brian R. Kahn respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction.

---

[2] As the Delaware Court of Chancery observed just last month, the "merger tax resulting from this trend in deal litigation" is "still a problem," and the proliferation of "weak disclosure claims" continues to "plague Delaware corporations." *See Anderson*, 2023 WL 4364524, at *10.

Respectfully submitted,

*/s/ Joseph R. Miller*
Joseph R. Miller (0068463)
Mitchell A. Tobias (0084833)
Elizabeth S. Alexander (0096401)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street | P.O. Box 1008
Columbus, OH 43216-1008
Tel: (614) 464-6233 | Fax: (614) 719-4630
E-mail:  jrmiller@vorys.com
  matobias@vorys.com
  esalexander@vorys.com

Tariq Mundiya (*pro hac vice* pending)
Richard Li (*pro hac vice* pending)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8565 | Fax: (212) 728-8111
E-mail:  tmundiya@willkie.com
  RLi@willkie.com

*Counsel for Defendant Brian R. Kahn*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing have been sent, via email and/or first class mail, postage prepaid, on this 9th day of August 2023, to the following:

| *Counsel for Plaintiff:* | |
|---|---|
| Richard B. Brualdi<br>John F. Keating, Jr.<br>The Brualdi Law Firm PC<br>29 Broadway St., Ste. 2400<br>New York, NY 10006<br>212-952-0602<br>rbrualdi@brualdilawfirm.com<br>jkeating@brualdilawfirm.com | John T. Murray<br>Leslie O. Murray<br>Leslie Murray Law<br>316 E. Water Street<br>Sandusky, OH  44870<br>419-502-1024<br>john@lesliemurraylaw.com<br>leslie@lesliemurraylaw.com |
| *Counsel for Matthew Avril, Cynthia S. Durbin, and Thomas Herskovits:* | |
| Ryan A. McLeod<br>Canem Ozyildirim<br>Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019<br>212-403-1175<br>ramcleod@wlrk.com<br>cozyildirim@wlrk.com | Robert W. Trafford<br>James D. Curphey<br>Jared M. Klaus<br>Porter, Wright Morris & Arthur LLP<br>41 South High St., Ste. 2900<br>Columbus, OH  43215<br>614-227-2000<br>rtrafford@porterwright.com<br>jcurphey@porterwright.com<br>jklaus@porterwright.com |
| *Counsel for Franchise Group, Inc.* | |
| Timothy Mast<br>Mary Weeks<br>Troutman Pepper Hamilton Sanders LLP<br>600 Peachtree Street NE, Ste. 3000<br>Atlanta, GA  30308<br>404-885-3000<br>tim.mast@troutman.com<br>mary.weeks@troutman.com | David J. Butler<br>Taft Stettinius and Hollister LLP<br>41 South High Street, Suite 1800<br>Columbus, OH  43215<br>614-221-2838<br>dbutler@taftlaw.com |

| ***Counsel for B. Riley Financial, Inc.*** | |
|---|---|
| Adam S. Paris<br>Sullivan & Cromwell LLP<br>1888 Century Park East<br>Los Angeles, CA 90067<br>310-712-6600<br>parisa@sullcrom.com | Joseph C. Pickens<br>Ryan C. Spitzer<br>Isaac Wiles & Burkholder LLC<br>Two Miranova Place, Ste. 700<br>Columbus, OH 43215<br>614-221-2121<br>jpickens@isaacwiles.com<br>rspitzer@isaacwiles.com |
| Nanhi Singh<br>109 Innovation Court, Ste. J<br>Delaware, OH 43015 | Lisa M. Fairfax<br>109 Innovation Court, Ste. J<br>Delaware, OH 43015 |
| Gary S. Rich<br>109 Innovation Court, Ste. J<br>Delaware, OH 43015 | |

 

       */s/ Joseph R. Miller*
       Joseph R. Miller  (0068463)