IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 579 |

**CONSENTED TO MOTION FOR EXTENSION OF TIME TO RESPOND TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF NOVEMBER 26, 2024**

The Ad Hoc Group of First Lien Lenders and DIP Lenders (the "Movants"), by and through their undersigned counsel, hereby submit this motion (the "Extension Motion") pursuant to sections 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order extending the time for the Movants to respond to the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Official Committee of Unsecured Creditors, Effective as of November 26, 2024* [D.I. 579] (the "PWP Application"). In support of the Extension Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court (as defined below) has jurisdiction to consider this Extension Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules, the Plaintiffs consent to the entry of a final order by the Court in connection with this Extension Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Extension Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 3, 2024 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee"). *See*

*Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 188].

4. On December 27, 2024, the Committee filed the PWP Application, seeking to retain Perella Weinberg Partners LP ("PWP") as investment banker to the Committee in accordance with the terms and conditions set forth in the engagement letter attached as Exhibit 1 to the proposed form of order attached to the PWP Application.

5. Pursuant to the *Notice of Hearing on Application* attached to the PWP Application [D.I. 579-3], objections or responses to the PWP Application are due on or before January 13, 2025 at 4:00 p.m. (ET) (the "Objection Deadline").

6. A hearing on the PWP Application is scheduled for February 13, 2025 at 10:00 a.m. (ET).

## RELIEF REQUESTED

**7.** The Movants respectfully request that the Court enter the proposed order, substantially in the form attached hereto, extending the Objection Deadline until January 30, 2025 at 4:00 p.m. (ET).  **Counsel to the Committee has consented to the relief sought in this Extension Motion.[2]**

## BASIS FOR RELIEF

8. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its

---

[2] Although the First Lien Group does not believe that PWP's separate consent to the Extension Motion is required, the First Lien Group nevertheless inquired whether PWP also consents to the requested extension. As of this filing, the First Lien Group has received no response.

3

> discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[3]

9. Bankruptcy Rule 9006(b)(1) authorizes the Court, for cause shown and on a request made before the expiration of the period originally prescribed, to enlarge response periods for answers and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .").

10. Here, "cause" exists to enlarge the period to answer or otherwise respond to the PWP Application. The parties are engaged in ongoing, good faith negotiations regarding various issues pertaining to these Chapter 11 Cases, including, with respect to the Movants' concerns with respect to the PWP Application. An extension of the Objection Deadline is necessary to facilitate resolution of the remaining issues and will promote judicial economy. Furthermore, the proposed extension of the Objection Deadline would cause no prejudice to the Committee or any other party as the hearing on the application is not until February 13, 2025.

## **NOTICE AND NO PRIOR REQUEST**

11. The Movants have provided notice of the Extension Motion to: (a) counsel to the Debtors; (b) the U.S. Trustee; and (c) counsel to the Committee; (d) counsel to PWP; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In

---

[3] Pursuant to Local Rule 9006-2, the filing of this Extension Motion prior to the expiration of the Objection Deadlines shall automatically extend such deadlines until the Court acts on this Extension Motion without the necessity for the entry of a bridge order.

light of the nature of the relief requested in this Extension Motion, the Movants respectfully submit that no further notice is necessary.

12. No previous request for the relief sought herein has been made by the Movants to this or any other Court.

WHEREFORE, the Movants respectfully request that the Court enter the proposed order submitted herewith extending the Objection Deadline to **January 30, 2025 at 4:00 p.m. (ET)**, and granting such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: January 13, 2025
       Wilmington, Delaware

Respectfully submitted,

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Elizabeth A. Rogers (No. 7335)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mcguire@lrclaw.com
       erogers@lrclaw.com

-and-

**PAUL HASTINGS LLP**

Jayme T. Goldstein (admitted *pro hac vice*)
Daniel A. Fliman (admitted *pro hac vice*)
Jeremy D. Evans (admitted *pro hac vice*)
Isaac S. Sasson (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: jaymegoldstein@paulhastings.com
       danfliman@paulhastings.com
       jeremyevans@paulhastings.com
       isaacsasson@paulhastings.com

-and-

Nicholas A. Bassett (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: nicholasbassett@paulhastings.com

*Counsel to the Ad Hoc Group of First Lien Lenders and DIP Lenders*