## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24- 12480 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 353** |

### ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of the *Certification of Counsel Regarding Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* (the "Certification of Counsel");[2] and this Court having determined that the appointment of a fee examiner (the "Fee Examiner") is in the best interests of the Debtors'

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom Group New Holdco, LLC (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined in this Order have the meaning given to such terms in the Certification of Counsel.

estates; and it further appearing that (a) this Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, (b) this is a core proceeding under 28 U.S.C. § 157(b)(2), and (c) this Court may enter a final order consistent with Article III of the U.S. Constitution; and the Debtors, the Committee, the Ad Hoc Group of First Lien Lenders, and the Ad Hoc Group of Freedom Lenders having conferred and having also consulted with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with respect to the appointment of a fee examiner in these chapter 11 cases (the "Chapter 11 Cases") and with respect to the establishment of related procedures set forth in this Order; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      On November 3, 2024 (the "Petition Date"), the Debtors each filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), commencing these Chapter 11 Cases.  These Chapter 11 Cases are jointly administered.

B.      Numerous fee applications are anticipated to be filed given the size and the complexity of these Chapter 11 Cases.  As a result, the appointment of a fee examiner to review and report on, as appropriate, all monthly fee applications (collectively, the "Monthly Fee Applications"), interim fee applications (collectively, the "Interim Fee Applications"), and final fee applications (collectively, the "Final Fee Applications," and, together with the Monthly Fee Applications and the Interim Fee Applications, the "Applications") submitted by any professional retained or proposed to be retained by the Debtors or the Committee in these Chapter 11 Cases

under section 105, 327, 328, or 1103 of the Bankruptcy Code (collectively, the "Estate Retained Professionals") is appropriate.

C.     The Fee Examiner will assist this Court in its determination of whether the Applications submitted by the Estate Retained Professionals are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 353] (the "Interim Compensation Order"), and to provide transparency in the administration of these Chapter 11 Cases.

D.     Direct Fee Review LLC ("Direct Fee Review"), the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).  Mr. W. Joseph Dryer's declaration of disinterestedness is attached hereto as Exhibit 1.

E.     The appointment of the Fee Examiner is in the best interests of the Debtors' estates.

F.     Upon the agreement of the Debtors, the Committee and the Ad Hoc Group of First Lien Lenders, and upon consultation with the U.S. Trustee as to the identity of the Fee Examiner and the procedures outlined here:

**IT IS HEREBY ORDERED THAT:**

1.     This Court hereby appoints Direct Fee Review as the Fee Examiner.

2.     Unless otherwise ordered by this Court, this Order shall apply to all Estate Retained Professionals; *provided*, the term "Estate Retained Professional" shall not include: (i) any professional asserting claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code that are permitted by this Court; (ii) any professional in these

3

Chapter 11 Cases employed or to be employed pursuant to section 363 of the Bankruptcy Code; (iii) any professional whose compensation and reimbursement is authorized pursuant to any order, on an interim or final basis, approving the Debtors' use of cash collateral or approving postpetition financing facilities, including, for the avoidance of doubt, professionals employed by the Ad Hoc Group of First Lien Lenders; or (iv) any professionals employed by the Debtors in the ordinary course of their business in accordance with the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 355] (the "OCP Order"), unless such professionals' fees and expenses exceed the monthly cap set forth in the OCP Order.

3.    This Order shall remain in effect unless and until this Court orders otherwise.

4.    The Fee Examiner shall ensure that the fees and expenses requested by the Estate Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed by Estate Retained Professionals.  The Fee Examiner shall conduct its duties in compliance with (i) the Bankruptcy Code (specifically, sections 328, 329, 330, and 331, as applicable, pursuant to each Estate Retained Professional's retention order); (ii) the Bankruptcy Rules, including Bankruptcy Rule 2016; (iii) the Local Rules, including Local Rule 2016-2; (iv) all other applicable rules and guidelines; and (v) the Interim Compensation Order.

5.    The procedures set forth in the Interim Compensation Order, which allows Estate Retained Professionals to be paid, on an interim basis, 80% of their requested fees and 100% of their requested expenses upon the filing of a certification of no objection with this Court, shall remain unaffected by this Order and, absent an objection by any of the Notice Parties (as defined

in the Interim Compensation Order), the Estate Retained Professionals shall be entitled to file a certificate of no objection notwithstanding anything herein.

6.      The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that not later than three (3) business days after the filing of an Application, an Estate Retained Professional shall send to the Fee Examiner via electronic mail such Application and any time entries and the expense detail  filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable (the "Fee Detail"); *provided, however,* that an Estate Retained Professional need not send to the Fee Examiner the Fee Detail for any Interim Fee Application or Final Fee Application, if such Estate Retained Professional has previously submitted the relevant Fee Detail to the Fee Examiner.  If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professionals shall cooperate in good faith to agree on an appropriate electronic format.

7.      All previously filed Applications and related Fee Detail shall be provided to the Fee Examiner by each applicable Estate Retained Professional within twenty (20) days of entry of this Order.  On and after the date hereof, all future Applications, and all other documents, notices, or pleadings required to be sent to or served upon the Notice Parties under the Interim Compensation Order shall also be served upon the Fee Examiner via first class mail at the following address: Don F. Oliver, Direct Fee Review LLC, 24A Trolley Square, #1225, Wilmington, Delaware, 19806, with an electronic copy sent to dfr.dfo@gmail.com and dfr.wjd@gmail.com.[3]

8.      Without limiting any provision of this Order, to the extent that any order approving the retention of any Estate Retained Professionals in whole or in part under section 328 of the

---

[3]   The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

Bankruptcy Code authorizes any party, including, without limitation, the U.S. Trustee, to object to the allowance of fees or expenses sought by such Estate Retained Professional on any grounds, including without limitation, based on the reasonableness standard provided in section 330 of the Bankruptcy Code, the Fee Examiner shall also be authorized (and shall have standing) to object on the same grounds as such party by filing and serving Initial Reports and Final Reports (each as defined below) as to such Estate Retained Professionals' Applications.

9.    The Fee Examiner shall:

a.    review Applications (including related Fee Detail) filed by each Estate Retained Professional in these Chapter 11 Cases.  To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (i) Interim Fee Applications comprising Monthly Fee Applications; and (ii) Final Fee Applications comprising Interim Fee Applications that have already been reviewed by the Fee Examiner;

b.    during the course of its review of an Application, consult, as it deems appropriate, with each Estate Retained Professional concerning its respective Application;

c.    during the course of its review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;

d.    within thirty (30) days after an Estate Retained Professional files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Estate Retained Professional designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2;

e.    within fifteen (15) days after service of the Initial Report, communicate with each Estate Retained Professional, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Estate Retained Professional with respect to that Estate Retained Professional's requested fees and expenses.  The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report.  Each Estate Retained Professional may provide the Fee Examiner with supplemental information that the Estate Retained Professional believes is relevant to the Initial Report;

6

f.    following communications between the Fee Examiner and the Estate Retained Professional, and the Fee Examiner's review of any supplemental information provided by such Estate Retained Professional in response to the Initial Report, conclude the resolution period by filing with this Court a report with respect to each Application (the "Final Report") within twenty-one (21) days after the service of the Initial Report, subject to paragraph 10(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Estate Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Estate Retained Professional and the basis for such proposed consensual resolution; and

g.    serve each Final Report on counsel for the Debtors, the Committee, the U.S. Trustee, and each Estate Retained Professional whose fees and expenses are addressed in the Final Report.

10.    An Estate Retained Professional, subject to a Final Report, may (i) file with this Court a response (a "Final Response") to such Final Report no later than twenty (20) days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees and/or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon those parties served with the Final Report and the Fee Examiner.

11.    The Fee Examiner, the Estate Retained Professionals, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by this Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

12.    Subject to further order of this Court, an Application shall not be considered by this Court prior to review by the Fee Examiner and the submission to this Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should

go forward without the Final Report being filed.  If applicable, hearings on the Applications shall be scheduled by this Court in consultation with the Debtors' or Committee's proposed counsel, as applicable, after the filing of the applicable Final Reports by the Fee Examiner.  The Fee Examiner may conduct discovery in connection with any contested Application.

13.     Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Estate Retained Professional, and the Debtors' or Committee's proposed counsel, as applicable.  Should an Estate Retained Professional fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable discretion of the Fee Examiner, the Estate Retained Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date.  Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by this Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Estate Retained Professionals.

14.     The Fee Examiner is authorized to take, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery, including making himself available for depositions, consistent with Rule 706 of the Federal Rules of Evidence.

15.     The Debtors and all Estate Retained Professionals shall cooperate with all reasonable requests made by the Fee Examiner in the discharge of its duties and shall respond as soon as practicable to any such reasonable request for information or meetings with the Fee Examiner.

16.     If an Estate Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner,

the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

17.    The Fee Examiner may retain attorneys and other professionals that it deems necessary to assist it in the discharge of its duties. The Fee Examiner's retention of professionals shall be subject to this Court's approval. The requirements pursuant to Local Rule 9010-1(c) and (d) shall be waived with respect to the Fee Examiner and any attorneys retained by the Fee Examiner, and the Fee Examiner shall not be required to obtain representation by or associate with a member of the Bar of the District Court of Delaware.

18.    The Fee Examiner, and any professionals retained by the Fee Examiner, shall be entitled to compensation from the Debtors' estates for their reasonable fees and actual and documented expenses. The fees and expenses of the Fee Examiner shall be subject to application, allocation, and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the applicable U.S. Trustee guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the ordinary hourly rate of the Fee Examiner for services of this nature (which rate is $300 per hour) and shall not include any contingency or success fees. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

19.    Proposed counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the U.S. Trustee, (ii) the Fee Examiner, and (iii) each

Estate Retained Professional, other than professionals whose fees are exempted from the Fee Examiner's review pursuant to paragraph 2 above.

20.     This Order does not limit the statutory rights and obligations of interested parties in these Chapter 11 Cases, including, but not limited to, the rights of parties-in-interest to object to Applications.  Nothing herein shall (i) affect the exemptions and waivers granted to, and the standard of review applied to the Estate Retained Professionals as established under any orders previously entered by this Court; or (ii) affect any party's right to request a waiver of the requirements of Local Rule 2016-2 or the U.S. Trustee's guidelines, to the extent they apply.

21.     The Fee Examiner is hereby appointed an officer of this Court with respect to the performance of its duties as Fee Examiner and shall be provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of its duties and powers. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with its duties and powers hereunder except in this Court, and with the prior approval of this Court (or, with respect to discovery, the Fee Examiner's consent), which retains exclusive jurisdiction therefor.

22.     Any and all claims or causes of action not instituted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last Final Fee Application in these Chapter 11 Cases shall be forever barred and discharged, and all persons and entities shall be forever enjoined from prosecuting such claims in any manner thereafter.

23.     The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

24.     Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.  Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

**<u>EXHIBIT 1</u>**

**Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF W. JOSEPH DRYER IN SUPPORT OF ORDER
## APPOINTING DIRECT FEE REVIEW LLC AS FEE EXAMINER

I, W. Joseph Dryer, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.       I am a member of Direct Fee Review LLC (the "Firm"), which maintains offices at 24A Trolley Square #1225, Wilmington, Delaware 19806.

2.       I submit this declaration (this "Declaration") to establish that both the Firm and I are a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in connection with the Firm's

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

appointment as the independent Fee Examiner in the above-captioned chapter 11 cases of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

3.      Except as otherwise indicated, I have personal knowledge of the facts set forth herein.

4.      With respect to my and the Firm's "disinterestedness" under section 101(14) of the Bankruptcy Code, I provide the following information:

   a.      Neither the Firm nor I is, or has been, during the pendency of the chapter 11 cases, a creditor, equity security holder or insider of any of the Debtors.

   b.      Neither any professional at the Firm nor I is, or has been, a director, officer or employee of any of the Debtors.

   c.      Neither the Firm nor I have any interest materially adverse to the interests of these bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in any of the Debtors, or for any other reason.

   d.      Neither any professional at the Firm nor I is a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, the United States Trustee for Region 3 or any person employed by the Office of the United States Trustee (Region 3) (the "U.S. Trustee").

   e.      Neither the Firm nor I represent or has represented in the past any of the Debtors or any of their affiliates.

5.      To the best of my knowledge after reasonable inquiry, neither I nor the Firm has any connection to the Debtors, their creditors, any other potential party in interest set forth on the list provided by the Debtors included as Exhibit A hereto, their respective attorneys and/or accountants, or any person employed by the U.S. Trustee except that as a fee examiner in unrelated chapter 11 cases, the Firm and I have previously audited fee applications of firms listed in Exhibit B hereto. The Firm and I also maintain, or have in the past maintained, incidental consumer accounts with JPMorgan Chase.

6.      I do not believe that auditing fee applications of professionals retained in these chapter 11 cases or any of the other disclosed connections with potential parties in interest in matters unrelated to the Debtors' chapter 11 cases presents any conflict of interest.

7.      The Firm's current customary hourly rate, subject to change from time to time, is $300 per hour, plus reimbursement of expenses.  In the normal course of business, the Firm revises its regular hourly rates on January 1st of each year and requests that, effective January 1st of each year, the aforementioned rate be revised to the regular hourly rate which will be in effect at that time; *provided*, *however*, the Firm will provide at least ten (10) days advance notice of the revised regular hourly rate to counsel to the Debtors, the U.S. Trustee, and proposed counsel to the Official Committee of Unsecured Creditors.

8.      No agreement or understanding exists between the Firm or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases.

9.      As required by section 504 of the Bankruptcy Code, neither the Firm nor I have any agreement with any entity to share with such entity any compensation received by the Firm.

10.     The Firm and its partners, auditors and members may have in the past been retained as fee examiner and may in the future be retained as fee examiner by entities that are or may become claimants of the Debtors in matters totally unrelated to the matters with respect to which the Firm is to be engaged in the Debtors' chapter 11 cases.

11.     Neither I, the Firm, nor any partner, auditor or member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which the Firm is to be engaged.

12.     In the event that additional facts bearing on the matters described herein are discovered, I will supplement the information contained in this Declaration.

I certify under penalty of perjury under the laws of the United States that, to the best of my

knowledge, information, and belief after reasonable inquiry, the foregoing is true and correct.

Dated: January 15, 2025
       Wilmington, Delaware

                                           */s/ W. Joseph Dryer*
                                           W. Joseph Dryer

# EXHIBIT A

**Parties in Interest List**

## Debtor Entities & Related Subsidiaries

American Freight FFO, LLC
American Freight Franchising, LLC
American Freight Franchisor, LLC
American Freight Group, LLC
American Freight Holdings, LLC
American Freight Management Company, LLC
American Freight Outlet Stores, LLC
American Freight, LLC
B. Riley Receivables II, LLC
Betancourt Sports Nutrition, LLC
Buddy's Franchising and Licensing LLC
Buddy's New Co, LLC
Educate, Inc.
Franchise Group Acquisition TM, LLC
Franchise Group Intermediate AF, LLC
Franchise Group Intermediate B, LLC
Franchise Group Intermediate BHF LLC
Franchise Group Intermediate Holdco, LLC
Franchise Group Intermediate L, LLC
Franchise Group Intermediate PSP, LLC
Franchise Group Intermediate S, LLC
Franchise Group Intermediate SL, LLC
Franchise Group Intermediate V, LLC
Franchise Group New Holdco, LLC
Franchise Group Newco BHF, LLC
Franchise Group Newco PSP, LLC
Franchise Group Newco S, LLC
Franchise Group Newco SL, LLC
Franchise Group Newco V, LLC
Franchise Group, Inc.
Freedom VCM Holdings, LLC
Freedom VCM Interco Holdings, Inc.
Freedom VCM Interco, Inc.
Freedom VCM Receivables, Inc.
Freedom VCM, Inc.
Home & Appliance Outlet LLC
Pet Supplies "Plus", LLC
PSP Distribution, LLC
PSP Franchising, LLC
PSP Group, LLC
PSP Midco, LLC
PSP Service Newco, LLC
PSP Stores, LLC (Ohio)
PSP Subco, LLC

Valor Acquisition, LLC
Vitamin Shoppe Florida, LLC
Vitamin Shoppe Franchising, LLC
Vitamin Shoppe Global, LLC
Vitamin Shoppe Industries LLC
Vitamin Shoppe Mariner, LLC
Vitamin Shoppe Procurement Services, LLC
W.S. Badcock Corporation
WNW Franchising, LLC
WNW Stores, LLC

## 5% or Greater Equity Holders

B. Riley Private Shares 2023-2 QP, LLC
B. Riley Securities, Inc.
BRF Investments, LLC
Brian Kahn and Lauren Kahn Joint Tenants by Entirety
Vintage Opportunity Partners, L.P.

## Directors and Officers

Aaron Granger
Alissa Ahlman
Andrew Kaminsky
Andrew Laudato
Andrew M. Laurence
Anthony Block-Belmonte
Brian Hoke
Bryant R. Riley
Chris Meyer
Christopher Rowland
Daniel McNamara
Eric Seeton
Jacob Jones
Jeff Van Orden
Jeffrey Seghi
Jemma Lawrance
John Hartmann
Kenneth Miles Tedder
Lee Wright
Michael Bennett
Mike Gray
Muriel Gonzalez
Neal Panza
Norman McLeod
Peter Corsa
Philip Etter

Teresa Orth
Tiffany McMillan-McWaters
Todd Arden
Todd Evans

**Administrative and Collateral Agents**
Alter Domus (US) LLC
JPMorgan Chase Bank, N.A.

**Significant Suppliers and Vendors**
A Team Sales LLC
Affordable Furniture Mfg Inc
Alani Nutrition
American Agco (ADMC)
Animal Supply Co Lone Star
Animal Supply Co Wholesome
Ashley Furniture Industries Inc
Brodnax Printing Company I, LLC dba
Brodnax 21c Printers
California Pet Partners LLC
Capstone Nutrition
CRAMCO
Crown Mark Imports Inc
DAS LABS LLC
Elytus Ltd
Enterprise FM Trust
Flexport
Florida State Games Inc.
Garden of Life
Generis Tek Inc
Ghost, LLC.
Gorilla Mind
KFM247 LTD
Kith Furniture
Korber Supply Chain US, Inc.
Lumisource, LLC
Marcone Appliance Parts Company
Mars Petcare
Media Works, Ltd.
Merrick Pet Foods Inc
Meta Platforms, Inc.
MMXXI Investments LLC
Nutrivo, LLC
ODP Business Solutions, LLC (Office Depot)
One Stop Facilities Maintenance Corp

Optimum Nutrition
Origin
Peak Living
Phillips Lansing Facility
Planitretail LLC
Prime Hydration LLC
Pro-Form Laboratories
Quest Nutrition, LLC
Raw Sport Supplement Company
REDCON 1
Royal Canin
Ryse Up Sports Nutrition LLC
Seaboard International Forest Products LLC
Sealy Mattress Company
Seminole Furniture
Steve Silver Company
Uber Freight US LLC
Velosio LLC
Vitality Works, Inc.
WEX Bank

**Top Unsecured Creditors (as of 10.10.24)**
Albany Industries Inc
Alphia Inc
Aquatic & Reptile - Central Garden & Pet
Arizona Nutritional Supplement
Assurant Inc.
Champion Petfoods USA
Climatic Home Products
Coyote Logistics
Delta Furniture
Earth Animal Ventures
Ehplabs LLC
Elanco US Inc
Elements International Group LLC
EMA Electrolux/Frigidaire
Force Factor Brands LLC
GE Appliances
GE General Electric-Haier US Appliance
Google
Hartz Mountain - VMX
Hill's Pet Nutrition
Kong Company
Living Style (Singapore) Pte. Limited
Lowes Companies Inc
M I Industries Inc

Madix Inc
Midwestern Pet Foods
Muebles Briss S.A. De C.V.(Marby)
Natural Balance Pet Foods Inc
Nestle Purina Petcare Company
Open Farm Inc
Order Groove Inc
O'Rourke Bros., Inc.
O'Rourke Sales Company
Peak Living, Inc.
Phillips Feed and Pet Supply
Premier Nutrition Company, LLC
Radio Systems Corporation
Sealy Mattress Manufacturing Company
Simmons Pet Food Inc
Solstice Sleep Company
Spectrum Brands Pet LLC
Standard Furniture MFG Co Inc
Stella and Chewys LLC
Surest/UnitedHealthcare Inc.
Titanic Furniture
Transform Holdco LLC (3PL)
UPS (Ocean Freight)
Vitamin Well USA LLC
Wellness Pet LLC
Weruva International Inc
Whirlpool
Zinatex Imports, Inc

**<u>Landlords & Lessors</u>**
103rd Street 6024, LLC
1210 Morena West LLC
1230 Zion, LLC
1700 Eubank, LLC
1997 GRP Limited Partnership
2151 Highland Partners, LLC
2885 Gender Road, LLC
30X30 34th Street Lubbock Partners, LLC
3200 Hwy 13, LLC
4100 Tomlynn Street-Rebkee, LLC and
Tomlynn Street-Fountainhead, LLC
4116 OBT Investments, LLC
425 Broadway RE Holdings LLC & 431
Broadway RE Holdings LLC
4801 Washtenaw LLC

5737-5848 North Elizabeth Street Holdings,
LLC
6001 Powerline, LLC
65 Holmes Investment Partners LLC
6588 LLC
7000 S May Ave, LLC
801 South Ft. Hood, LLC
900-71, LLC
A. Roland Kimbrell Trust
Acorn Ridge Properties LLC, JDM Capital,
LLC, MO Partners LLC, Confluence
Investment LLC
Afreight Holdings, LLC
AJDC 2, LLC
Albany Plaza Shopping Center LLC
Alisan LLC and Roseff LLC
All American Association, LLC and Yvonne
Keff
Allentex, LP
Amerco Real Estate Company
AMG Properties Inc.
Amplify Credit Union
Anderson Plaza, LLC
Arch Village Management Realty LLC
Ares Holdings, L.L.C.
Arizona Mills Mall, LLC
AR-Park Shopping Center, LLC and JSP-
Park Shopping Center, LLC
Atlanta Industrial TT, LLC
B.J. McCord d/b/a McCord Business Center
B33 Broadview Village LLC
Baldwin Gardens, Inc.
Bane Holdings of Tallahassee, LLC
Banner Partners, LLC
Bardstown S.C., LLC
BC Airport, LLC
Bell-51st, LLC
Belt 98, Inc.
Berryessa Plaza LLC
BG Plaza, LLC
Boatlanding Development Co., Inc.
Bostick Development, L.C.
BRC Hendersonville, LLC
BRE Mariner Venice Shopping Center LLC
BRE Retail NP Festival Centre Owner LLC
Brierwood Village LLC

Brighton Landmark, LLC
Brixmor Holdings 8 SPE, LLC
Brixmor SPE 5 LLC
Brixton Rogue, LLC
Brookhill V Acquisition, LLC
Brooksville Commercial Properties, LLC
and Oak Tree Lane, LLC
Brown Deer Mall, LLC
Bruce Howe Trust
BSW/DMW Properties LLC
Cafaro Leasing Company, LTD.
Candler RD Plaza GA LLC
Cedar Golden Triangle, LLC
Centerpoint 550, LLC
Centerview Plaza, LLC
Central Mall Port Arthur Realty Holding,
LLC
Certified Capital, LP, Horowitz Holdings,
LLC, Asset Acquisitions, LLC, and 3610
Partners, GP
CETA Group Limited Partnership
Chapel Hills Realty LLC, Chapel Hills CH
LLC, and Chapel Hills Nassim LLC
Charleigh Davis and TCCB Properties
Chicago Title & Trust Company, As Trustee
Under Trust Agreement Dated 10/10/1984
and Known as Trust No. 1086065
Chillicothe Shopping Center, LP
Chris McCarty Company, LLC
Cielo Paso Las Tiendas, L.P.
Circle City Property Group Inc.
Citimark Charleston, LLC
CJM Limited Liability Limited Partnership
Clear Creek Brothers - CV, LLC
Clear Lake Center, L.P.
Clendenin Partners
CLPF-Essex Green, LLC
Cobblestone Square Company, Ltd.
ColFin 2015-2 Industrial Owner, LLC
Colony Mills Enterprises, LLC
Combined Properties Limited Partnership
Commercial Properties Associates, LLP
Concord Retail Investment Group, LLC
Core MR Westview, LLC
Costco-Innovel Owner LLC
Costco-Innovel Properties LLC

Creekstone/Juban I, LLC
Crossing Point LLC
Crossroads Centre II, LLC
Crossroads Plaza, LLC
Crossroads Sunset Holdings, LLC
Cuyahoga Investments, LLC
CWP/Arlington LLC
D3 New Albany, LLC
Daniel G. Kamin Wadsworth Enterprises
Daniel P. Hagaman
Danville Riverside Partners, LLC
Daytona Commons, LLC
DCT Presidents Drive LLC
DDR Carolina Pavilion LP
Dennis R. Phillips Revocable Trust
Derby Improvements, LLC
DES 2015, LLC and CJCM, LLC-Series
CV505
Dixie Manor, LLC
Donna M. Rainwater & Larry J. Rainwater
Donna Rainwater Reece, Larry J. Rainwater,
R. Bryan Whitmire and Karla J. Whitmire
Douglas C. Foyt and Trailers for Sale or
Rent, Inc.
Dyn Sycamore Investments, L.L.C.
E & L Investments LLC
E.W. Thompson, Inc.
Eagle Water, LLC
Eagle-North Hills Shopping Centre LP
Eastlake Edison LLC and Eastlake Milford
LLC
Economy Square, Inc.
Ellis Chai LLC
Esue LLC
Ethan Conrad Properties, Inc.
Excel Realty Partners, L.P.
Exchange Right Value-Add Portfolio 2
Master Lessee, LLC
F.M.K., LLC
Fairview Heights Realty, LLC and Fairview
Nassim LLC
Fall River Shopping Center North, LLC
Faye Gross
Fiddler's Run, LLC
Fivel Family, LLC
Fox Jr. Development Inc.

4

Franklin Mills Associates Limited Partnership
Franklin Towne Plaza LLC
Frayer Enterprises, LLC
Fredric Singer
Front Street Kansas City, LLC
FSC West Covina, LLC
FSH Galleria Plaza, LLC
G&I X Industrial IN LLC
Gamble Brothers, LLC
Gary Mehan, DBA G.M. Properties
Gateway Retail Partner III, LLC
Gateway South, LLC #1
GBUZZ, LLC
GCP Boom, LLC
Giuffre IV, LLC
GKI Industrial Dallas, LLC
Glendale Galleria Center, LLC
GLL BVK Properties, L.P.
Gosula Holdings Ltd.
Gravois Bluffs East 8-A, LLC
Greater Orlando Aviation Authority
Greenfield Plaza LLC
Greenlight Development, LLC
GRH Goodyear LLC, Gaston Holdings LLC, and MRH Venture Capital LLC
Gridley Square Property, LLC
GS Centennial LLC
Gulson Retail LLC
Halltown Farms, LLC
Hankins Real Estate Partnership
Hart & Hart Corp.
Henry Fine Trust
Hidden Hill Road Associates, LLC
High Cotton Palisades, LLC, High Cotton Shoals, LLC and Pharo Palisades I, LLC
Himaloy Taylor LLC
HM Peachtree Corners I LLC
Hogan Holdings 56, LLC
HV Center LLC, HV Center TIC 1 LLC, and HV Center TIC 2 LLC
IH 35 Loop 340 Investors, LTD.
IH-10 Hayden, Ltd.
Indian Trail Square, LLC
Inland Commercial Real Estate Services LLC
Innovation Realty IN, LLC
Integra CRE, LLC
IRC Park Center Plaza, L.L.C.
Ireland Corner, LLC
Isador Schreiber & Associates, LLC
J & F Gainesville Properties, LLC
J&L Development Company, LLC
Jackson Street Group, LLC
Jeffnan U.S.A. Inc.
JHG Properties, LLC
JMK5 Winchester, LLC
JMW Hebron, LLC
Joe Amato East End Centre, LP
JRF Texas Properties, LLC
JSM Land Group, LLC
Kelley Commercial Realty, LLC and Stephanie D. Kelley
Keyser Oak Investors, LLC
KGI Military LLC
Kin Properties Inc.
Kings Mountain Investments
Kingsport Green AC Managing Company, LLC
Kinsman Investors
Kitty Wells, Inc.
KMD, LLC
KRG Houston Royal Oaks Village II, LLC
KRG Plaza Green, LLC
L.W. Miller Holding Company
Laurie Industries, Inc., Kinpark Associates and Fundamentals Company
Lawrence F. Kolb & Catherine M. Kolb, Trustees of The Lawrence F. Kolb and Catherine M. Kolb JLRT U/A/D April 12, 2018 and 2233 & 2235 MO Blvd, LLC
LBD Properties, LLC
LCRF, LLC
LDC Silvertree, LLC
Leland J3, LLC
Leveraged Holdings, L.L.C.
Lexington 2770, LLC
Lichtefeld Development Trust
Lidl US Operations, LLC
Lincoln Associates
LIT-ENVP Limited Partnership
LoLo Enterprises, LLC

Lovell 2.5, LLC
LU Candlers Station Holdings, LLC
Lynch Butler
M3 Ventures, LLC
Macon Center, LLC
Malco T.I.C.
Mall at Potomac Mills, LLC
Marathon Management, LLC
Marc NaperW LLC and NaperW, LLC
MarketFair North, LLC
McRae Mortgage & Investments, LLC
Meditrina Properties, LLC
Melvin C. McClung, Trustee of the Tommie
Louise McClung Family Trust
Menard, Inc.
Merchant 33 LLC
Merchant's Investors, LLC
Meredith, Inc.
Midwest Commercial Funding, LLC
Missouri Boulevard Investment Company,
LLC
Mobile Highway 4500, LLC
Mojack Holdings, LLC
Mongia Capital Michigan, LLC
Moon Village, LLC
Morningside Plaza, L.P.
MR Stealth LLC
Muenchens Unlimited, LLC
NDF III MJ Crossing, LLC
New Bern Development LLC
New Plaza Management, LLC
Newport Crossing Investors, LLC
Niagara Falls 778, LLC
North County Columbia Realty, LLC
Northern McFadden Limited Partnership
Northside Village Conyers, LLC
Northtowne Center Investors, LLC
Oak Forest Group, LTD
Okee Realty Associates, LLC
Old Orchard, LLC
One Home Realty, Inc.
One Land Company, LLC
One Oak Investments, LLC
Osborne Properties Limited Partnership
Oxford Street Huntsville
P & S Axelrod, L.L.C.

P&H Investments, LLC
Pacifica Muskegon, LLC
Parker-Anderson, LLC
Parkway Mall, LLC
PCRIF Spring Park Holdings, LLC
Pensacola Corners LLC
PFIILP - Parr Boulevard, LLC
Pilchers Summit Limited Partnership
Pinellas Park Square, LLC
Piqua Investment Partners, LLC
PK II El Camino North L.P.
Plaza North Shopping Center, LLC
Polk County Partners, LLC
Port St. Lucie Plaza I, II, III, LLC
Prattville Partners, Limited Partnership
Prologis Targeted U.S. Logistics Fund, L.P.
Pullman Square Associates
Rainbow Investment Co.
Randall M. Schulz
Ravi Randal Investment Group, LLC
RE Pecan, LLC
Realty Income Corporation
Regions Bank as Trustee of the Thomas H.
Willings Jr. Family Trust
Repwest Insurance Company
Richard Briggs and John Nathan Briggs, as
Trustees of the Stephanie R. Briggs
Irrevocable Trust dated October 15, 2009;
and Stephanie R. Briggs and John Nathan
Briggs, as Trustees of the Richard M. Briggs
Irrevocable Trust dated October 15, 2009
Ridgewater Commerce LLC
Rini Realty Company
River Oaks Properties, Ltd.
Riverdale Center North, LLC
Riverplace Shopping Center, LLC
Rock N Roll Development, LLC
Rockhill Center, LLC
Rodi Road 501, LLC
Rogers Commercial Properties, LLC
Rose & Rose, LLC
RPI Ridgmar Town Square, Ltd.
RRG LLC
Sabatine BK Development, LLC
Saia Family Limited Partnership
Sarabara Corp.

Sav 15000 Abercorn, LLC
Sears Authorized Hometown Stores, LLC
SEK 7753, LLC
Shrewsbury Village Limited Partnership
Sissel Juliano
SJN Realty Holdings, LLC
Slidell Athletic Club Property, L.L.C.
Somera Road - Athens Georgia II, LLC
South Tulsa Storage, LLC
Southern Hills Center, Ltd.
Southgate Properties, LLC
Southtown Plaza Realty LLC and
Southtown Nassim LLC
Southview Dothan Investors, LLC
Space For Lease of Tennessee
State Road 4201, LLC
Stature High Ridge, LLC
Sterling Equities II, LLC
Stewart & Hamilton Properties, LLC
Stone Mountain Square Shopping
Center, LLC
SVR Investments, LLC
SW 17th Street 1010, LLC
Sylvan Park Apartments, LLC
T.B.R. Property Group, LLC
T18 Investments, LLC
Tanglewood Venture, LLC
TB Garrett Creek, LLC
TBF Group Battle Creek, LLC
TCP Enterprise Parkway, LLC
Tejas Center, LTD.
Tenalok, LLC
Texas Main Street, LLC
The Collins Investment Trust
TKC CCXXXIX, LLC
TKG Colerain Towne Center, LLC
TKG Cranston Development, L.L.C.
TKG Fairhaven Commons, LLC
TLP 4782 Muhlhauser LLC
Tops Holding, LLC
Town Real Estate Enterprises, LLC
Tucson Speedway Square, LLC
Tumon Bay Resort & Spa, LLC
Turfway Baseline, LLC
Two by Two Properties, LLC
Tycer Heirs Separate Property, LLC

University Realty Associates, LLC
US Investments
Victory River Square, LLC
Vishal Kalmia Plaza, LLC
W.H. Warehouse, L.L.C.
Wal-Austin, LLC
Warner Robins Perlmix, LLC
Watson Village Retail, LLC
Waverly Plaza Shopping Center, Inc.
West County Investors, LLC
Weston SCIP 2 LLC
Westphal Leasing, LLC
Westside Village Shopping Center of Rome,
Inc.
WFD Investments, L.L.C.
White Lane, LLC
Whitehall Crossing D, LLC
William Shane Courtney
Woodcrest Akers, LLC
Woodforest Mini-City Partners, LP and
JLCM Partners, LP, TIC
Wylds 1708, LLC
YEK #9, LLC
York Realty Investment, LLC

**Significant Counterparties to Material Agreements**
Capturis
Engie Resources LLC

**Significant Litigation Matters**
Charles Knight
Health Advocate
Gale et al [Class Action]
Joseph F Gazzo III
Matthew Giffuni
Quadre Investment Advisors LLC
Buddy's Mac Holdings, LLC

**Professionals**
AlixPartners LLP
Davis Polk & Wardwell LLP
Deloitte & Touche LLP
Ducera Partners LLC
Ernst & Young
Evercore LP

Foley & Lardner LLP
Gordon Rees Scully Mansukhani, LLP
Gordon Brothers Asset Advisors, LLC
Grant Thornton LLP
Guggenheim Securities, LLC
Hilco Merchant Resources, LLC
Hilco Real Estate, LLC
Holland & Knight, LLP
Kroll Restructuring Administration LLC
Landis Rath & Cobb LLP
Latham & Watkins LLP
Lazard Group LLC
M3 Advisory Partners, LP
Morris, Nichols, Arsht & Tunnell LLP
Paul Hastings LLP
Paul, Weiss, Rifkind, Whaton & Garrison
LLP
Petrillo Klein & Boxer LLP
Porter Wright Morris & Arthur LLP
Ryan, LLC
Sheppard Mullin Richter & Hampton LLP
Troutman Pepper Hamilton Sanders LLP
White & Case LLP
Willkie Farr & Gallagher LLP
Young Conaway Stargatt & Taylor, LLP

Diane Giordano
Dion Wynn
Edith A. Serrano
Elizabeth Thomas
Fang Bu
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jonathan Lipshie
Jonathan Nyaku
Joseph Cudia
Joseph McMahon
Lauren Attix
Linda Casey
Linda Richenderfer
Malcolm M. Bates
Michael Girello
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**<u>Other Parties</u>**
BCDC Portfolio Owners LLC
BCHQ Owner LLC
National Retail Properties, LP

**<u>DE - Judges</u>**
Chan, Ashely M.
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F.

**<u>DE – Office of the United States Trustee</u>**
Andrew R. Vara
Benjamin Hackman
Christine Green

**EXHIBIT B**

**Direct Fee Review LLC**

Direct Fee Review LLC has reviewed or is currently reviewing fee applications submitted by the professional firms and in the matters listed below, which are wholly unrelated to the Debtors' chapter 11 cases:

## Cases

AbitibiBowater, Inc.
Adoc Holdings, Inc.
AES Eastern Energy LP
Allied Systems, Inc.
Bolta US LTD
Borden Dairy Company
Building Materials Holding Corp
Capmark Financial Group Inc.
CCS Medical, Inc.
Chicago Newspaper Liquidation Corp.
Colt Holding Company LLC
DGI Resolution Inc.
Direct Buy Holdings Inc.
First Energy Solutions Corp.
Fresh & Easy Neighborhood Market Inc.
Furniture Brands International, Inc.
GNC Holdings Inc.
Hospital Acquisition LLC
LBI Media
Lucky Brand Dungarees, LLC
Maxus Energy Corp.

Mallinckrodt PLC
Mission Coal
Molycorp, Inc.
OTC Holding Corp.
Raser Technologies, Inc.
RathGibson, Inc.
Remington Outdoor Company, Inc.
RMH Franchise Holdings, Inc.
RS Legacy Corp.
School Specialty, Inc.
SFX Entertainment, Inc.
Southern Air Holdings, Inc.
SP Newsprint Holdings LLC
Specialty Products Holding Corp.
Takata Holdings
The Hertz Corp.
Vertis Holdings, Inc.
Walter Energy, Inc.
WP Steel Venture LLC
Zohar III Corp.

## Firms

A&G Realty
Adams and Reese LLP
Akin Gump Strauss Hauer & Feld LLP
Alix Partners, LLP
Alvarez & Marsal North America, LLC
Alvarez & Marsal Securities
Analysis Group, Inc.
Analysis Research and Planning Corp
AP Services LLC
Arent Fox LLP
Arnold & Porter Kaye Scholer LLP
Arthur Cox LLP

Ashby & Geddes PA
Assessment Technologies Ltd
B. Riley Advisory Services
Baker Donelson Bearman Caldwell & Berkowitz
Ballard Spahr LLP
Barclays Capital Inc
Barnes & Thornburg LLP
Bates White LLC
Bayard PA
BDO Consulting
BDO USA LLP

Beekman Advisors Inc.
Benesch Friedlander Coplan & Aronoff LLP
Bennett Jones LLP
Berkeley Research Group LLC
Bifferato LLC
Black McCuskey Souers & Arbaugh, LPA
Blackstone Advisory Partners LP
Blank Rome LLP
Bradley Arant Boult Cummings LLP
Broadpoint Capital, Inc.
Brouse McDowell LPA
Brown Rudnick LLP
Bryan Cave LLP
Buchanan Ingersoll & Rooney PC
Burr & Forman, LLP
Cadwalader, Wickersham & Taft LLP
Caplin & Drysdale Chartered and Seitz Van Ogtrop & Green PA
Cahill Gordon & Reindel LLP
Calfee Halter & Griswold LLP
Carl Marks Advisory Group LLC
Cassels Brock & Blackwell LLP
Charter Oak Financial Consultants LLC
Christian & Small LLP
Chuo Sogo Law Office PC
Cole Schotz PC
Colley LLP
Complete Discovery Source, Inc.
Conway MacKenzie, Inc.
Cooley LLP
Cousins Chipman & Brown LLP
Cornerstone Research Inc.
Covington & Burling LLP
Cross & Simon LLC
Cushman & Wakefield Inc.
Davies Ward Phillips & Vineberg LLP
Debevoise & Plimpton LLP
Dechert LLP
Deloitte & Touche LLP
Deloitte Consulting LLP
Deloitte Financial Advisory Services LLP
Deloitte LLP FAS
Deloitte Tax LLP

Dewey & LeBoeuf LLP
DLA Piper
Donlin & Recano & Company, Inc.
Donnelly Penman & Partners
Drinker Biddle & Reath LLP
Ducera Partners, LLC
Duff & Phelps
Dundon Advisors LLC
Edmond R. Denaberg
Emerald Capital Advisors Corp.
Epiq Corporate Restructuring LLC
Ernst & Young LLP
Evercore Group
Evert Weathersby Houff
Executive Sounding Board Associates
Foley & Lardner LLP
Forman Perry Watkins Krutz & Tardy LLP
Fox Rothschild LLP
Frankel Wyron LLP
Freed Maxick CPAs PC
FTI Consulting Inc
Gibson Dunn & Crutcher LLP
Gilbert LLP
Gnarus Advisors LLC
Godfrey & Kahn SC
Goldman Sachs & Co LLC
Gordon Brothers Group LLC
Grant Thornton LLP
Greenberg Traurig, LLP
Growling Lafleur Henderson LLP
Guggenheim Securities LLC
Hahn & Hessen LLP
Hahn Loeser & Parks LLP
Hilco Real Estate,
Hogan Lovells US LLP
Holland & Knight LLP
Houlihan Lokey
Houlihan Lokey Capital Inc
Hunton & Williams LLP
Huron Consulting LLC
ICF Resources, LLC
Jefferies & Co, Inc.

Jefferson & Company Inc.
Jefferson Wells Inc. Inc.
Jenner & Block LLP
Johnson Associates Inc
Jones Day
Jones Lang Lasalle Brokerage Inc
JR Myriad LLC
Kasowitz Benson Torres & Friedman LLP
Katten Muchin Rosenman LLP
Kaye Scholer LLP
Keightly & Ashner LLP
Kelly Drye & Warren LLP
Kilpatrick Townsend & Stockton LLP
Kirkland & Ellis LLP
Klehr Harrison Harvey Branzburg LLP
KPMG Canada
KPMG LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Carson Consultants LLC
Latham & Watkins LLP
Landis Rath & Cobb LLP
Lax O'Sullivan Lisus Gottlieb LLP
Lazard Freres & Co LLC
Legal Analysis Systems Inc.
Locke Lord LLP
Loughlin Meghji & Co
Lowenstein Sandler LLP
Loyens & Loeff NV
Mackinac Partners LLC
Maples and Calder (Ireland) LLP
Maples Law Firm PC
Mason Hayes & Curan LLP
Maynard Cooper & Gale PC
McCarthy Tetrault LLP
McDonald Hopkins LLC
McKool Smith PC
Mercer (Canada) Limited
Mesirow Financial Consulting LLC
Meunier Carlin & Curfman LLC
M-III Advisory Partners, LP
Milbank Tweed Hadley & McLoy LLP
Miller Buckfire & Co LLC
Mintz, Levin, Cohn, Faris Glosky and Popeo PC

Moelis & Company LLC
Montgomery McCracken Walker & Rhoads LLP
Morgan Lewis & Bockius LLP
Morris James LLP
Morris Nichols Arsht & Tunnell LLP
Morrison & Foerster LLP
MPA Inc
NERA Economic Consulting
Ogletree Deakins Nash Smoak & Stewart PC
O'Melveny & Myers LLP
Omni Management Group
Otterbourg Steindler Houston & Rosen PC
Pachulski Stang Ziehl & Jones LLP
Parella Weinberg Partners LP
Paul Hastings Janofsky & Walker LLP
Paul Hastings LLP
Paul Weiss Rifkind Wharton & Garrison LLP
Pepper Hamilton LLP
Perella Weinberg Partners LP
Perkins Coie LLP
Pillsbury Winthrop Shaw Pittman LLC
PJ Solomon Company
PJT Partners LP
PricewaterhouseCoopers LLP
PricewaterhouseCoopers LLP, Canada
Prime Clerk LLC
Protiviti Inc.
Province Inc
Quinn Emanuel Urquhart & Sullivan, LLP
Raymond James & Associates, Inc.
Reed Smith LLP
Retail Consulting Services, Inc.
Richards Layton & Finger PA
Riveron Consulting
Robert B MacLellan
Robinson & Cole LLP
Roger Frankel
Ropes & Gray LLP
Rosen Harwood, PA
Rosner Law Group LLP

Rothschild Inc.
RSM US LLP
Rust Consulting
Sakura Kyodo
Saul Ewing LLP
Schulte Roth & Zabel LLP
Seaport Group Securities LLC
Seelig + Cussigh HCO LLC
Segal Company
Shearman & Sterling LLP
Sheppard Mullin
Seitz Van Ogtrop & Green PA
Sichenzi Ross Friedman Ference LLP
Sidley Austin LLP
Sirote & Permutt, PC
Sitrick and Company, Inc.
Spangenberg Shibley & Liber LLP
Squire Patton Boggs (US) LLP
Stevens & Lee PC
Stikeman Elliott LLP
Strook Strook & Lavan LLP
Sullivan Hazeltine LLC
Taylor English Duma LLP
The Boston Consulting Group, Inc.
Togut Segal & Segal

Tom Weiskotten and GR Robbins & Associates, PA
Torys LLP
Troutman Sanders LLP
UBS Securities LLC
Van Benthem & Keulen NV
Van Wobeser Y Sierra, SC
Venable LLP
Waller Lansden Dortch & Davis, LLP
Wachtell Lipton Rosen & Katz
Weil Gotshal & Manges LLP
Weinsweig Advisors LLC
Whireford Taylor & Preston LLC
White & Case LLP
Whiteford, Taylor & Preston LLC
Whittlesey & Hadley PC
Willkie Farr & Gallagher LLP
Wilmer Cutler Pickering Hale & Dorr LLP
William Fry
Witmer Karp Warner & Ryan LLP
Womble Carlyle Sandridge & Rice
Young Conaway Stargatt & Taylor LLP
Zolfo Cooper LLC
Zolfo Cooper Management LLC