IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 587 |

**SEVENTH OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON PERSONAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to (i) reject those certain unexpired leases (the "Rejected Leases") set forth on Schedule 1

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to this Order, effective as of December 31, 2024 (the "Rejection Date"), and (ii) abandon personal property (the "Personal Property") remaining on the Rejected Premises as of the Rejection Date; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date. Effective upon rejection of the Rejected Lease by and between MEL Indiana, LLC (the "Landlord"), successor in interest to Continental 82 Fund, LLC ("Continental"), and Debtor American Freight Outlet Stores, LLC, a Delaware limited liability company (the "Tenant"), and originally by and between Continental and Sears, Roebuck and Co., for the Rejected Premises located at 6169 US Highway 6, Portage, IN

46368, Tenant has relinquished and transferred to Landlord any and all of its right, title, and interest in both the land and the improvements located at the Rejected Premises, free and clear of encumbrances created by or though the Tenant.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Rejection Date, on the Rejected Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Rejection Date. Landlords of the Rejected Premises may dispose of any and all Abandoned Personal Property remaining on the Rejected Premises without further notice or liability to any third party or the Debtors. To the extent necessary, the automatic stay is modified to allow such disposition.

4. If the Debtors have deposited monies with a counterparty to a Rejected Lease as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5. Any person or entity that holds a claim that arises from the Rejected Leases must file a proof of claim based on such rejection on or before the date that is thirty (30) days after the entry of this Order.

6. Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors or any other party to: (a) assert or contest that the Rejected Leases (i) were terminated on the Rejection Date, or (ii) are not unexpired leases under section 365 of the Bankruptcy Code; (b) assert or contest that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provisions of the Rejected Leases; (c) assert or contest that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise assert or contest any claims that may be asserted in connection with the Rejected Leases. All rights, claims, defenses and causes of

action that the Debtors and their estates may have against the counterparties to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action. Additionally, all rights, claims, defenses, and causes of action of any counterparty to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

7. Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

8. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: January 15th, 2025  
Wilmington, Delaware

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**