## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24- 12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 353** |

### ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of the *Certification of Counsel Regarding Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* (the "Certification of Counsel");[2] and this Court having determined that the appointment of a fee examiner (the "Fee Examiner") is in the best interests of the Debtors'

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined in this Order have the meaning given to such terms in the Certification of Counsel.

estates; and it further appearing that (a) this Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, (b) this is a core proceeding under 28 U.S.C. § 157(b)(2), and (c) this Court may enter a final order consistent with Article III of the U.S. Constitution; and the Debtors, the Committee, the Ad Hoc Group of First Lien Lenders, and the Ad Hoc Group of Freedom Lenders having conferred and having also consulted with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with respect to the appointment of a fee examiner in these chapter 11 cases (the "Chapter 11 Cases") and with respect to the establishment of related procedures set forth in this Order; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     On November 3, 2024 (the "Petition Date"), the Debtors each filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), commencing these Chapter 11 Cases.  These Chapter 11 Cases are jointly administered.

B.     Numerous fee applications are anticipated to be filed given the size and the complexity of these Chapter 11 Cases.  As a result, the appointment of a fee examiner to review and report on, as appropriate, all monthly fee applications (collectively, the "Monthly Fee Applications"), interim fee applications (collectively, the "Interim Fee Applications"), and final fee applications (collectively, the "Final Fee Applications," and, together with the Monthly Fee Applications and the Interim Fee Applications, the "Applications") submitted by any professional retained or proposed to be retained by the Debtors or the Committee in these Chapter 11 Cases

under section 105, 327, 328, or 1103 of the Bankruptcy Code (collectively, the "Estate Retained Professionals") is appropriate.

C.      The Fee Examiner will assist this Court in its determination of whether the Applications submitted by the Estate Retained Professionals are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 353] (the "Interim Compensation Order"), and to provide transparency in the administration of these Chapter 11 Cases.

D.      Direct Fee Review LLC ("Direct Fee Review"), the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).  Mr. W. Joseph Dryer's declaration of disinterestedness is attached hereto as Exhibit 1.

E.      The appointment of the Fee Examiner is in the best interests of the Debtors' estates.

F.      Upon the agreement of the Debtors, the Committee and the Ad Hoc Group of First Lien Lenders, and upon consultation with the U.S. Trustee as to the identity of the Fee Examiner and the procedures outlined here:

**IT IS HEREBY ORDERED THAT:**

1.      This Court hereby appoints Direct Fee Review as the Fee Examiner.

2.      Unless otherwise ordered by this Court, this Order shall apply to all Estate Retained Professionals; *provided*, the term "Estate Retained Professional" shall not include: (i) any professional asserting claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code that are permitted by this Court; (ii) any professional in these

3

Chapter 11 Cases employed or to be employed pursuant to section 363 of the Bankruptcy Code; (iii) any professional whose compensation and reimbursement is authorized pursuant to any order, on an interim or final basis, approving the Debtors' use of cash collateral or approving postpetition financing facilities, including, for the avoidance of doubt, professionals employed by the Ad Hoc Group of First Lien Lenders; or (iv) any professionals employed by the Debtors in the ordinary course of their business in accordance with the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 355] (the "OCP Order"), unless such professionals' fees and expenses exceed the monthly cap set forth in the OCP Order.

3.    This Order shall remain in effect unless and until this Court orders otherwise.

4.    The Fee Examiner shall ensure that the fees and expenses requested by the Estate Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed by Estate Retained Professionals.  The Fee Examiner shall conduct its duties in compliance with (i) the Bankruptcy Code (specifically, sections 328, 329, 330, and 331, as applicable, pursuant to each Estate Retained Professional's retention order); (ii) the Bankruptcy Rules, including Bankruptcy Rule 2016; (iii) the Local Rules, including Local Rule 2016-2; (iv) all other applicable rules and guidelines; and (v) the Interim Compensation Order.

5.    The procedures set forth in the Interim Compensation Order, which allows Estate Retained Professionals to be paid, on an interim basis, 80% of their requested fees and 100% of their requested expenses upon the filing of a certification of no objection with this Court, shall remain unaffected by this Order and, absent an objection by any of the Notice Parties (as defined

in the Interim Compensation Order), the Estate Retained Professionals shall be entitled to file a certificate of no objection notwithstanding anything herein.

6.      The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that not later than three (3) business days after the filing of an Application, an Estate Retained Professional shall send to the Fee Examiner via electronic mail such Application and any time entries and the expense detail  filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable (the "Fee Detail"); *provided, however,* that an Estate Retained Professional need not send to the Fee Examiner the Fee Detail for any Interim Fee Application or Final Fee Application, if such Estate Retained Professional has previously submitted the relevant Fee Detail to the Fee Examiner.  If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professionals shall cooperate in good faith to agree on an appropriate electronic format.

7.      All previously filed Applications and related Fee Detail shall be provided to the Fee Examiner by each applicable Estate Retained Professional within twenty (20) days of entry of this Order.  On and after the date hereof, all future Applications, and all other documents, notices, or pleadings required to be sent to or served upon the Notice Parties under the Interim Compensation Order shall also be served upon the Fee Examiner via first class mail at the following address: Don F. Oliver, Direct Fee Review LLC, 24A Trolley Square, #1225, Wilmington, Delaware, 19806, with an electronic copy sent to dfr.dfo@gmail.com and dfr.wjd@gmail.com.[3]

8.      Without limiting any provision of this Order, to the extent that any order approving the retention of any Estate Retained Professionals in whole or in part under section 328 of the

---

[3]    The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

Case 24-12480-JTD    Doc 747    Filed 01/15/25    Page 6 of 11

Bankruptcy Code authorizes any party, including, without limitation, the U.S. Trustee, to object to the allowance of fees or expenses sought by such Estate Retained Professional on any grounds, including without limitation, based on the reasonableness standard provided in section 330 of the Bankruptcy Code, the Fee Examiner shall also be authorized (and shall have standing) to object on the same grounds as such party by filing and serving Initial Reports and Final Reports (each as defined below) as to such Estate Retained Professionals' Applications.

9.      The Fee Examiner shall:

a.      review Applications (including related Fee Detail) filed by each Estate Retained Professional in these Chapter 11 Cases. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (i) Interim Fee Applications comprising Monthly Fee Applications; and (ii) Final Fee Applications comprising Interim Fee Applications that have already been reviewed by the Fee Examiner;

b.      during the course of its review of an Application, consult, as it deems appropriate, with each Estate Retained Professional concerning its respective Application;

c.      during the course of its review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;

d.      within thirty (30) days after an Estate Retained Professional files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Estate Retained Professional designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2;

e.      within fifteen (15) days after service of the Initial Report, communicate with each Estate Retained Professional, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Estate Retained Professional with respect to that Estate Retained Professional's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Estate Retained Professional may provide the Fee Examiner with supplemental information that the Estate Retained Professional believes is relevant to the Initial Report;

6

f.      following communications between the Fee Examiner and the Estate Retained Professional, and the Fee Examiner's review of any supplemental information provided by such Estate Retained Professional in response to the Initial Report, conclude the resolution period by filing with this Court a report with respect to each Application (the "Final Report") within twenty-one (21) days after the service of the Initial Report, subject to paragraph 10(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Estate Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Estate Retained Professional and the basis for such proposed consensual resolution; and

g.      serve each Final Report on counsel for the Debtors, the Committee, the U.S. Trustee, and each Estate Retained Professional whose fees and expenses are addressed in the Final Report.

10.      An Estate Retained Professional, subject to a Final Report, may (i) file with this Court a response (a "Final Response") to such Final Report no later than twenty (20) days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees and/or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon those parties served with the Final Report and the Fee Examiner.

11.      The Fee Examiner, the Estate Retained Professionals, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by this Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

12.      Subject to further order of this Court, an Application shall not be considered by this Court prior to review by the Fee Examiner and the submission to this Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should

go forward without the Final Report being filed.  If applicable, hearings on the Applications shall be scheduled by this Court in consultation with the Debtors' or Committee's proposed counsel, as applicable, after the filing of the applicable Final Reports by the Fee Examiner.  The Fee Examiner may conduct discovery in connection with any contested Application.

13.     Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Estate Retained Professional, and the Debtors' or Committee's proposed counsel, as applicable.  Should an Estate Retained Professional fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable discretion of the Fee Examiner, the Estate Retained Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date.  Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by this Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Estate Retained Professionals.

14.     The Fee Examiner is authorized to take, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery, including making himself available for depositions, consistent with Rule 706 of the Federal Rules of Evidence.

15.     The Debtors and all Estate Retained Professionals shall cooperate with all reasonable requests made by the Fee Examiner in the discharge of its duties and shall respond as soon as practicable to any such reasonable request for information or meetings with the Fee Examiner.

16.     If an Estate Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner,

the Fee Examiner shall treat such information as confidential.  The disclosure of such information

to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable

work product, attorney client, or other privilege.

17.      The Fee Examiner may retain attorneys and other professionals that it deems

necessary to assist it in the discharge of its duties.  The Fee Examiner's retention of professionals

shall be subject to this Court's approval.  The requirements pursuant to Local Rule 9010-1(c) and

(d) shall be waived with respect to the Fee Examiner and any attorneys retained by the Fee

Examiner, and the Fee Examiner shall not be required to obtain representation by or associate with

a member of the Bar of the District Court of Delaware.

18.      The Fee Examiner, and any professionals retained by the Fee Examiner, shall be

entitled to compensation from the Debtors' estates for their reasonable fees and actual and

documented expenses.  The fees and expenses of the Fee Examiner shall be subject to application,

allocation, and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016,

Local Rule 2016-2, the applicable U.S. Trustee guidelines, and the Interim Compensation Order,

and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2)

of the Bankruptcy Code.  The total fees paid to the Fee Examiner for its services in accordance

with this Order shall be charged at the ordinary hourly rate of the Fee Examiner for services of this

nature (which rate is $300 per hour) and shall not include any contingency or success fees.  The

Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local

Rule 2016-2(e).

19.      Proposed counsel for the Debtors shall promptly serve a copy of this Order, in

accordance with the Local Rules, on (i) the U.S. Trustee, (ii) the Fee Examiner, and (iii) each

Estate Retained Professional, other than professionals whose fees are exempted from the Fee Examiner's review pursuant to paragraph 2 above.

20.    This Order does not limit the statutory rights and obligations of interested parties in these Chapter 11 Cases, including, but not limited to, the rights of parties-in-interest to object to Applications.  Nothing herein shall (i) affect the exemptions and waivers granted to, and the standard of review applied to the Estate Retained Professionals as established under any orders previously entered by this Court; or (ii) affect any party's right to request a waiver of the requirements of Local Rule 2016-2 or the U.S. Trustee's guidelines, to the extent they apply.

21.    The Fee Examiner is hereby appointed an officer of this Court with respect to the performance of its duties as Fee Examiner and shall be provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of its duties and powers. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with its duties and powers hereunder except in this Court, and with the prior approval of this Court (or, with respect to discovery, the Fee Examiner's consent), which retains exclusive jurisdiction therefor.

22.    Any and all claims or causes of action not instituted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last Final Fee Application in these Chapter 11 Cases shall be forever barred and discharged, and all persons and entities shall be forever enjoined from prosecuting such claims in any manner thereafter.

23.    The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

24.    Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.  Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

Dated: January 15th, 2025
Wilmington, Delaware

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**