## EXHIBIT A

**OCP Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** |
| | **January 31, 2025 at 4:00 p.m. (ET)** |

### DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1.      I, Brian Hollingsworth, hereby declare that the following is true to the best of my knowledge, information and belief:

2.      I am a Partner of Clarus Partners Advisors LLC (the "Firm") which maintains offices at 1233 Dublin Road, Columbus, OH 43215.

3.      This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware, dated December 6, 2024,

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4.      The Firm is not a legal services firm.

5.      The Firm has represented and advised the Debtors as consultants with respect to sales and use taxes, business licenses, and exemption certificate management, since September 1, 2024.

6.      As of the Petition Date, the Firm held a retainer in the amount of $0.

7.      The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters.   Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors:  compliance and consulting related to sales and use tax, unclaimed property, business license, and exemption certificate management.

8.       The Firm's current customary rates differ by the service rendered, based on an initial three-year agreement.  The Firm's monthly fees for business license services (i.e., renewals and registrations) are based on the number of business licenses to renew annually and include a license to our business license software, AkuLicense, and a setup fee. The total monthly fee for business license services is $4,283 per month for the first year, excluding the first month, which was $13,283 due to the software license and setup fee. New business license registrations and any new sales and use tax registration are $300 per registration and are billed in addition to the monthly fees as needed. The firm's monthly fees for sales and use tax compliance services are based on the number of returns filed on an annualized basis. The total monthly fee for sales and use tax

compliance services is $3,667 per month for year one, excluding the first month, which was $7,667 due to the compliance setup fee of $4,000. The Firm's monthly fees for personal property tax services are based on the annualized number of personal property tax returns and personal property tax bills, as well as an initial setup fee. The total monthly fee for personal property tax services is $1,667 per month for year one, excluding the first month, which was $5,167 due to the setup fee. The Firm's monthly fees for exemption certificate management services are calculated based on the total number of customer exemption certificates currently managed and include a license to our exemption certificate management software, AkuCert, and a setup fee. The total monthly fee for exemption certificate management services is $400 per month for the first year, excluding the first month, which was $1,400 due to the software setup fee. The Firm's monthly fees for unclaimed property compliance are based on the number of due diligence letters needed and the number of reporting jurisdictions involved and include a setup fee. The total monthly fee for unclaimed property services is $767 per month for the first year, excluding the first month, which was $2,367 due to the setup fee. The Firm's monthly fees for Secretary of State and registered agent services are based on the annualized number of Secretary of State filings and registered agent services. The total monthly fee for Secretary of State and registered agent services is $1,800 per month for the first year. The Firm's monthly flat fees are adjusted accordingly when the Debtors add new corporate stores and are subject to annual inflationary increases of three (3%) percent.  The next annual adjustments will occur on September 1, 2025.

9.      In the ordinary course of business, the Firm does not keep time records in one-tenth-of-an-hour increments. Rather, the firm keeps time in one-quarter-of-an-hour increments.

10.      To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to

these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11.    To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

12.    In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13.    To ascertain whether the Firm holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, the Firm conducted an analysis of its client list to determine whether it has any connections to the Interested Parties List (defined below).

14.    Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the

Debtors, their creditors, other parties in interest, and certain professionals employed in the above-captioned chapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. In its review of such Interested Parties, the Firm identified connections (which include both current and prior representations) with Sealy Mattress Company and Sealy Mattress Manufacturing Company in matters wholly unrelated to the Debtors and their chapter 11 cases.

15.     The Firm does not perform services for any of the Interested Parties that relate to the Debtors or the above-captioned chapter 11 cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

16.     In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

17.     In the past year, the Firm has been paid $62,868.59 by the Debtors in respect of services rendered to the Debtors.  In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received.  The Firm is currently owed $37,063.14 on account of prepetition services.  The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.

18.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses exceed a total of $50,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330, 331, and section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable procedures or orders of the Court.

19.     Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

20.     The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by the Bankruptcy Rules.

21.     The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 17, 2025

Brian Hollingsworth
1233 Dublin Road, Columbus, OH 43215