IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC, *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | **Related Docket No.: 487** |

# LIMITED OBJECTION OF UNITED PARCEL SERVICE, INC., UPS SUPPLY CHAIN SOLUTIONS, UPS OCEAN FREIGHT SERVICES, INC., UPS ASIA GROUP PTE. LTD., AND UPS EUROPE SRL, TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

United Parcel Service, Inc. ("United Parcel Service"), UPS Supply Chain Solutions ("UPSSCS"), UPS Ocean Freight Services, Inc. ("UPS Ocean"), UPS Asia Group Pte. Ltd. ("UPS Asia"), and UPS Europe SRL ("UPS Europe", and together with United Parcel Service, UPSSCS, UPS Ocean, and UPS Asia, "UPS"), by and through their undersigned counsel, hereby

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. Federal tax identification numbers, to the extent applicable, are Franchising Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (5940), American Freight Management Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), ValorAcquisition, LLC (3940), Vitamin Shoppe procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

file this limited objection (the "Limited Objection") to the Cure Costs in the *Notice of Possible Assumption and Assignment of Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] (the "Cure Notice").[2] UPS files this Limited Objection to assert the proper cure amount in connection with its executory contracts with the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Limited Objection, UPS respectfully represents as follows:

## RELEVANT BACKGROUND

1. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief commencing their chapter 11 cases under of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. UPS and the Debtors entered into numerous agreements, among others, that certain *Non Vessel-Operating Common Carrier Service Arrangement* (NSA) by and between American Freight, LLC and UPS Ocean, UPS Asia, and UPS Europe, as amended from time to time (the "Carrier Agreement"), that certain *Customs Brokerage Fee Schedule* by and between American Freight, LLC and UPSSCS dated August 27, 2020 (the "Fee Schedule" and with the Carrier Agreement, the "Shipping Agreement"), which set forth the relationship between UPS as the provider of certain services and the Debtors as the customers.

3. UPS and the Debtors also entered into that certain *UPS Special Operating Plan Arrangement* by and between UPS and Vitamin Shoppe Procurement Services, LLC (the "Plan Arrangement") and that certain *UPS Incentive Program Agreement* by and between UPS and

---

[2] Capitalized terms used but not otherwise defined in this Limited Objection shall have the meanings ascribed to them in the Cure Notice and accompanying documents.

Vitamin Shoppe Procurement Services, LLC (the "Program Agreement" and with the Plan Arrangement, the "Vitamin Shoppe Agreement"), which set forth the relationship between UPS as the provider of certain services and the Debtors as the customers.

4. The Shipping Agreement and the Vitamin Shoppe Agreement have not been rejected or assumed by the Debtors as of the date of this Limited Objection.

5. On December 12, 2024, the Debtors filed the Cure Notice. The Cure Notice provides that the proposed Cure Costs are the only amounts proposed to be paid upon any assumption and assignment of the Shipping Agreement and Vitamin Shoppe Agreement, in full satisfaction of all amounts outstanding under the Shipping Agreement and Vitamin Shoppe Agreement.

6. The Vitamin Shoppe Agreement is included in the Cure Notice as an agreement that may be potentially assumed and assigned. The proposed cure amount for the Vitamin Shoppe Agreement is $0.00 (the "Vitamin Shoppe Proposed Cure Costs").

7. The Shipping Agreement is not included in the Cure Notice as an agreement that may be potentially assumed and assigned. However, the Shipping Agreement has not been rejected or assumed by the Debtors as of the date of this Limited Objection. Accordingly, UPS is including herein the cure amounts for the Shipping Agreement should the Debtors decide that the Shipping Agreement is an agreement that may be potentially assumed and assigned.

## **OBJECTION**

8. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . . .;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

9. UPS does not object to the Debtors' assumption and assignment of the Vitamin Shoppe Agreement and/or the Shipping Agreement. UPS is presently working to determine the current amounts owed with respect to the Vitamin Shoppe Agreement. Accordingly, to the extent UPS determines that there are amounts currently outstanding under the Vitamin Shoppe Agreement, UPS reserves its rights to amend this Limited Objection to assert a cure amount different than the Vitamin Shoppe Proposed Cure Costs (which the Cure Notice has indicated is $0.00).

10. Additionally, UPS asserts that substantial pre-petition and post-petition amounts are due and owing to UPS under the Shipping Agreement. UPS has also continued to provide post-petition services to the Debtors under the Shipping Agreement. Thus, in order to assume and assign the Shipping Agreement, the Debtors must pay UPS an amount not less than $2,298,569.32 due and owing to UPS under the Shipping Agreement arising from amounts unpaid prior to the Petition Date.

11. In addition, at the time of assumption of the Shipping Agreement, the Debtors must also pay UPS amounts due and owing to UPS under the Shipping Agreement as of the date of assumption related to services provided after the Petition Date, including an amount not less than $221,352.00 plus amount accrued but not yet invoiced. UPS will work with the Debtors and any assignee of the Shipping Agreement to liquidate UPS' post-petition amounts as of any designated effective date of the assumption and assignment.

12. UPS reserves its rights to amend this Limited Objection to assert the amounts currently owed under the Vitamin Shoppe Agreement and Shipping Agreement and any amounts that continue to accrue for services provided by UPS through the date of assumption of the Vitamin Shoppe Agreement and/or the Shipping Agreement (including, but not limited to, additional amounts, not yet known, that accrue following such date).

## RESERVATION OF RIGHTS

13. UPS hereby reserves the right to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365 of the Bankruptcy Code. UPS reserves all rights under the Vitamin Shoppe Agreement and the Shipping Agreement.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, UPS requests that the Court hold the Debtors to their obligation under Section 365(b) of the Bankruptcy Code by (i) directing that all amounts owed or accrued under the Vitamin Shoppe Agreement and the Shipping Agreement prior to date of assumption of the Agreement, including without limitation, (a) $2,298,569.32 for the pre-petition period, and (b) $221,352.00 for the post-petition period plus such amounts accrued but unpaid in the post-petition period be paid to UPS at the time of the assumption of the Shipping Agreement; and (ii) granting UPS such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  January 17, 2025<br>Wilmington, Delaware | **FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>*/s/Sarah E. Silveira*<br>Sarah E. Silveira (DE Bar No. 6580)<br>222 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4200<br>Facsimile: (302) 467-4201<br>Email: sarah.silveira@faegredrinker.com<br><br>-and-<br><br>Roger Maldonado (MN Bar No. 0395504)<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br>Email: roger.maldonado@faegredrinker.com<br><br>*Attorneys for United Parcel Service, Inc., UPS Supply Chain Solutions, Inc., UPS Ocean Freight Services, Inc., UPS Asia Group Pte. Ltd. and UPS Europe SRL.* |