**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 435 & 712 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING
THE DEBTORS LEAVE AND PERMISSION TO FILE REPLY
IN SUPPORT OF THE DEBTORS' PRIVATE SALE MOTION**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion for Leave") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting the Debtors leave and permission to file the *Joint Reply of Debtors and AF Newco I, LLC in Support of Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* (the "Reply"). In further support of this Motion for Leave, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 105 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Local Rule 9006-1(d).

**BACKGROUND**

**I.     General Background**

4. On November 3, 2024, each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to

2

operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [Docket No. 188] in these Chapter 11 Cases.

6. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

**II. The Reply**

7. On December 13, 2024, the Debtors filed the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* (the "Private Sale Motion") [Docket No. 435]. The deadline to file and serve objections to the Private Sale Motion was December 27, 2024, as may have been extended for certain parties (the "Objection Deadline").

8. Nine objections were filed in response to the Private Sale Motion [Docket Nos. 570, 572, 574, 575, 576, 577, 578, 646, & 675] (collectively, the "Sale Objections"),[3] all but one of which were filed by certain landlords and relate to the proposed assumption and assignment of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Reply or the First Day Declaration, as applicable.

[3] Ten Sale Objections were filed in total, but the Sale Objection filed at D.I. 577 is an amendment of the Sale Objection filed at D.I. 573.

each such landlord's respective Acquired Lease to the Purchaser.[4]  No objections were filed to the Sale transaction generally, nor the sale of the Debtors' IP Assets.  Three of the Sale Objections were resolved prior to Debtors' submission of a proposed order under certification of counsel [Docket No. 692] approving the Private Sale Motion and Sale with respect to the IP Assets and Acquired Leases for which the respective landlords did not object (the "Initial Sale Order").  On January 10, 2025, the Court entered the Initial Sale Order [Docket No. 712].  The Initial Sale Order reserved the Court's consideration of the Sellers' assumption and assignment of the Acquired Leases not approved by the Initial Sale Order, and the Sale Objections related thereto, to be heard at a later date.  On January 13, 2025, the Sellers and Purchaser closed the Sale with respect to the to the IP Assets and Acquired Leases approved by the Initial Sale Order.  A hearing (the "Hearing") on the Private Sale Motion is scheduled for January 21, 2025.

**BASIS FOR RELIEF**

9. Pursuant to Bankruptcy Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."  The Debtors were required to file the agenda for the Hearing on or before January 16, 2025 at 12:00 p.m. (ET).  Accordingly, the Debtors' deadline to file a reply to any Sale Objections was January 15, 2025 at 4:00 p.m. (ET) (the "Reply Deadline").

10. Since the filing of the Private Sale Motion, the Debtors have expended significant time and resources to respond to the numerous issues raised in the Sale Objections.  In addition, the Debtors have worked extensively and cooperatively to address various concerns and requests made on an informal basis.  The Reply is being filed in support of the Private Sale Motion and to

---

[4] Several landlords also raised informal objections with counsel for the Debtors, but ultimately did not file a formal objection.

respond to various factual and legal arguments asserted in the Sale Objections, as applicable. In an effort to negotiate a consensual resolution to the multiple issues raised in the Sale Objections and informal comments received, the Debtors extended the Objection Deadline for certain parties in these Chapter 11 Cases beyond the deadline for filing the Reply. Given the extensions of the deadlines for parties to file and serve objections, the Debtors were unable to receive, consider, and respond to all of the Sale Objections and comments made on an informal basis prior to the Reply Deadline. In addition, the Debtors continued to negotiate with certain objecting parties to the Private Sale Motion beyond the Reply Deadline in an effort to reach a consensual resolution of the issues raised prior to the Hearing or to at least narrow the issues to be presented to the Court at the Hearing. The Reply, among other things, sets forth the bases for why the Sale Objections, to the extent that they remain unresolved, should be overruled and the Court should grant the relief requested in the Private Sale Motion.

11. Accordingly, the Debtors respectfully request that the Court enter an order granting the Debtors leave and permission to file the Reply beyond the Reply Deadline, which would allow the Debtors to respond to the various arguments asserted in the Sale Objections. The Debtors submit that the Reply will assist the Court in its consideration of approval of the Private Sale Motion by further developing the record with respect to the issues raised in the Sale Objections, and that permitting the Debtors to file a late Reply is reasonable and appropriate under the circumstances given, among other things, the Debtors' agreement to extend the Objection Deadline for certain parties past the Reply Deadline.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 17, 2025
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

6