**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*[1] | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related to Docket No. 776 |

**OBJECTION OF 6001 POWERLINE ROAD, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING DEBTORS LEAVE AND PERMISSION TO FILE REPLY IN SUPPORT OF THE DEBTORS' PRIVATE SALE MOTION**

6001 Powerline Road, LLC ("*6001*") files this Objection to the *Debtors' Motion for Entry of an Order Granting the Debtors Leave and Permission to File Reply in Support of the Debtors' Private Sale Motion* [Docket No 776] (the "*Motion for Leave*"), and requests that the Court disregard the *Joint Reply of Debtors and SF Newco I, LLC in Support of the Motion of Debtors for Entry of an Order (A) Approving the Private Sale of Certain Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No 773] (the "*Reply*") and the two Declarations of Andrew Behlmann, filed

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015

by the Debtors in Support of the Reply [Docket Nos. 775 and 787] 9the "*Declarations*"). In support of this Objection, 6001 hereby states as follows:

1. The Debtors' reason for requesting permission to file a late reply can be boiled down to "we were really busy and just couldn't get to it." This does not rise to the level of excusable neglect under the *Pioneer* standards. It simply is not an excusable reason for the Debtors to miss a reply deadline clearly stated in the Local Rules and known to bankruptcy practitioners in this District, and decide, not only on the eve of the hearing, but **after business hours on a holiday weekend**, to lob in a reply, of which approximately one-half of the argument relates to 6001's Objection. The Motion for Leave should be denied and the Court should not consider the Reply or the Declarations supporting it.

2. On December 13, 2024, the Debtors filed their *Motion of the Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 435] (the "*Private Sale Motion*"). Objections to the Private Sale Motion were due by December 27, 2024.

3. On December 26, 2024, a day before the objection deadline, 6001 filed an Objection to the Private Sale Motion [Docket No. 570].

4. The Private Sale Motion was originally scheduled to be heard at the hearing on January 15, 2025, but the Debtors unilaterally continued it to January 21, 2025.

5. Therefore, the Debtors had 20 days to file a timely reply, much more time than the usual 4 days.

6. After using 4 filler pages to recite the background of the case and Private Sale Motion, the objections filed to the Private Sale Motion, and the statutory bases for relief, the

Debtors finally get to the two paragraphs explaining their delay in filing a reply: that they were expending "significant time and resources to respond to the numerous issues raised in the Sale Objections;" that they "worked extensively and cooperatively to address various concerns and requests made on an informal basis;" and finally, that because they extended the objection deadline for various parties, they were "unable to receive, consider, and respond to all of the Sale Objections and comments made on an informal basis prior to the Reply Deadline." All this is lawyer-speak for "we didn't get to it in a timely manner." It simply doesn't overcome the prejudice to the opposing parties who now have what amounts to **_one business hour of notice_** of the basis of the reply.

7. The timing of the filing, over a holiday weekend, is prejudicial to the objecting parties the Reply references, including 6001, and the Debtors provide no countervailing reason to offset that prejudice.

8. Debtors' co-counsel are large firms with decades of chapter 11 experience. They certainly know how to prioritize their time to file timely replies and do not lack attorneys who can timely draft a reply. There simply is no excuse for the late reply, and the Court should not consider it.

9. Moreover, the excuses ring hollow to 6001. Not only did the Debtors not extend the deadline to respond to the Private Sale Motion for 6001, 6001 filed its Objection a day early. Coupled with the Debtors' unilateral continuance, the Debtors had more time than usual to respond to 6001's Objection. Moreover, the Debtors did not reach out to 6001 until counsel for 6001 reached out to them about a week before the prior hearing date. Even thereafter, there was little effort put into reaching a settlement. Should the Court consider granting leave to file the late reply,

the Court should carve out the paragraphs relating to 6001, as none of the excuses the Debtors propound apply to 6001.

WHEREFORE, 6001 respectfully requests that the Court deny the Motion for Leave; not consider the late-filed Reply and the Declarations filed in support; and grant such other and further relief as this Court deems appropriate under the circumstances.

Dated:  January 21, 2025           Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
500 Silverside Road, Suite 65
Wilmington, DE 19809
Tel: (302) 444-6710
Email: marias@goldmclaw.com

*Counsel for 6001 Powerline Road, LLC*