**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 444, 487 & 650** |

**SECOND SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION
AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

**PLEASE TAKE NOTICE THAT:**

On November 3, 2024, Franchise Group, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") filed voluntary petitions (collectively, the "<u>Chapter 11 Cases</u>") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

You are receiving this notice (this "<u>Second Supplemental Cure Notice</u>") because you may be a party to an unexpired lease or an executory contract (including, without limitation, any and all amendments, modifications, side letters, memoranda of understanding, documents incorporated

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

by reference, attachments, and exhibits thereto) (a "Contract") that *may* be assumed and assigned (collectively, the "Assigned Contracts") in connection with the sale or disposition (the "Sale") of substantially all of the Debtors' assets (collectively, the "Assets"),[2] free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code.

By order dated December 16, 2024 [Docket No. 444] (the "Bidding Procedures Order"),[3] the Court established certain procedures that govern the assumption and assignment of the Debtors' executory contracts and unexpired leases in connection with the Sale, and certain procedures (the "Bidding Procedures") that govern the sale of the Assets to the highest or otherwise best bidder(s). Copies of the Bidding Procedures Order, the Bidding Procedures, and any related pleadings filed in these Chapter 11 Cases are available for download at https://cases.ra.kroll.com/FRG, or from the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, via telephone at (844) 285-4564 (U.S./Canada) or (646) 937-7751 (International), or via email at FRGinfo@ra.kroll.com.

In accordance with the Bidding Procedures Order, on December 20, 2024, the Debtors filed the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [Docket No. 487] (the "Initial Cure Notice"), including the amounts of all unpaid monetary obligations due and owing (the "Cure Costs") under the Assigned Contacts as of the date of the Initial Cure Notice. On January 3, 2025, the Debtors filed a supplemental cure notice (the "First Supplemental Cure Notice"), setting forth Cure Costs, if any, that the Debtors believe are required to be paid to the applicable counterparty.

Upon further review of the Debtors' books and records, the Debtors hereby file this Second Supplemental Cure Notice to add certain Assigned Contracts and the corresponding Cure Costs, if any, that the Debtors believe are required to be paid to the applicable counterparty, a schedule of which is attached hereto as Exhibit A (the "Supplemental Cure Schedule").

To the extent that the Debtors satisfy any portion of the Cure Costs subsequent to the filing of this Second Supplemental Cure Notice, the Cure Costs shall be reduced accordingly. The Cure Costs are the only amounts proposed to be paid upon any assumption and assignment of the Assigned Contracts, in full satisfaction of all amounts outstanding under the Assigned Contracts.

**To the extent that a counterparty to a Contract objects to (i) the possible assumption and assignment of such party's Contract or (ii) the applicable Cure Cost, the counterparty must file and serve an objection (a "Cure Objection"). For the avoidance of doubt, if a Contract was listed on the Initial Cure Notice or First Supplemental Cure Notice and is not listed on this Second Supplemental Cure Notice, any Cure Objection to such Contract must be filed by the Cure Objection Deadline established by the Initial Cure Notice or First Supplemental Cure Notice, as applicable.**

---

[2] The Debtors are simultaneously pursuing store closing sales with respect to their American Freight business pursuant to the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 351]. The term "Assets," as used herein, does not refer to any assets, contracts or interests subject to the American Freight store closing sales.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bidding Procedures Order.

**Any Cure Objection shall: (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Cost, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, (iv) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801 on or before 4:00 p.m. (ET) on February 4, 2025 (the "Cure Objection Deadline"); and (v) be served upon the Objection Notice Parties (as defined below). For the avoidance of doubt, a timely filed and properly served Cure Objection will reserve the counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.**

**All parties-in-interest shall also have an opportunity to object (a) to the specific terms of the Sale or specific provisions of the Asset Purchase Agreement or the Sale Order that could not have been raised based on the Motion alone (if applicable), (b) related to the identity of the Successful Bidder(s) or Backup Bidder (as applicable) (other than with respect to executory contracts and unexpired leases), or (c) to the conduct of the Auction (if an Auction is held) (collectively, the "Subsequent Sale Objection").** Any Subsequent Sale Objection must (i) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (ii) be filed with the Court and served on the Objection Notice Parties (as defined below) by no later than (a) **4:00 p.m. on February 10, 2025 (prevailing Eastern Time), if an Auction is held**, or (b) **4:00 p.m. on February 6, 2025 (prevailing Eastern Time), if no Auction is held, but a Successful Bidder is named**.

**All non-Debtor counterparties to Contracts that may be assumed and assigned in connection with the Sale shall also have an opportunity to object to the adequate assurance of future performance under Assigned Contracts (if any).** Any objection to the adequate assurance of future performance must (i) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (ii) be filed with the Court and served on the Objection Notice Parties (as defined below) by no later than **seven (7) days after delivery of adequate assurance of future performance information.** Any non-Debtor Contract counterparty interested in receiving adequate assurance of future performance shall request such information to the Debtors' counsel not less than twenty-four (24) hours prior to the Bid Deadline. All requesting non-Debtor Contract counterparties shall be provided with adequate assurance information relevant to the affected counterparty (by email if available or otherwise by first class mail) no later than (a) twenty-four (24) hours after the Bid Deadline for delivery via email, or as soon as reasonably practicable thereafter, and (b) one (1) business day after the Bid Deadline for delivery via first class mail, or as soon as reasonably practicable thereafter.

The "Objection Notice Parties" are as follows: (i) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Debra M. Sinclair, Esq. (dsinclair@willkie.com), Matthew A. Feldman, Esq. (email: mfeldman@willkie.com), and Betsy L. Feldman, Esq. (bfeldman@willkie.com); (ii) co-counsel to the Debtors, Young Conaway Stargatt and Taylor, LLP, 1000 North King Street, Wilmington, DE, 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com); (iii) the Office of the United States Trustee for the District of

Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov); (iv) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, New York NY 10017, 34th Floor, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Theodore S. Heckel (theckel@pszjlaw.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Secured Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Secured Parties, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Secured Parties, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above.

**If a Cure Objection or an objection to the proposed assumption and assignment of a Contract or Assigned Contract is not timely received with respect to a Contract or Assigned Contract: (i) the counterparty to such Assigned Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Successful Bidder, if any; (ii) any and all defaults under the Assigned Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code upon assumption and assignment of the Assigned Contract and payment of the Cure Cost; and (iii) the Cure Cost for such Contract or Assigned Contract shall be controlling, notwithstanding anything to the contrary in such Contract or Assigned Contract, or any other related document, and the counterparty shall be deemed to have consented to the Cure Cost and shall be forever barred from asserting any other claims related to such Contract or Assigned Contract against the Debtors and their estates or the Successful Bidder (if any), or the property of any of them, to the extent such claim existed prior to the entry of the Sale Order.**

**Any party failing to timely file a Subsequent Sale Objection or object to the adequate assurance of future performance under Assigned Contracts shall be deemed to have consented to the assumption, assignment, and/or transfer of the applicable Assigned Contract to the proposed assignee, and shall be forever barred and estopped from asserting or claiming that any conditions to such assumption, assignment, and/or transfer must be satisfied under such applicable Assigned Contract or that any related right or benefit under such applicable Assigned Contract cannot or will not be available to the proposed assignee.**

Subject to the terms of the Bidding Procedures Order, an auction (the "Auction") for the Assets, including the Assigned Contracts, may be held on **February 7, 2025 at 10:00 a.m. (ET)**, either (i) via a virtual meeting, (ii) at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, or (iii) at such later date, time, and location as designated by the Debtors, after providing notice to the Notice Parties and Consultation Parties (as defined in the

Bidding Procedures Order). If held, following the Auction, the Debtors will file and serve a notice that identifies the Successful Bidder for the Assets.

**The Debtors will seek to assume and assign the Assigned Contracts that have been selected by the Successful Bidder at a hearing before the Honorable John T. Dorsey, in the United States Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801, 5th Floor, Courtroom 5, (a "<u>Sale Hearing</u>") on <u>February 13, 2025</u> at 10:00 a.m. (prevailing Eastern Time), or the soonest date the Court is available thereafter, if an Auction is held, or such other date as determined by the Debtors in accordance with the terms of the Bidding Procedures Order, subject to the Court's availability.**

In the event that a non-Debtor contract counterparty files a timely Cure Objection and the Debtors and such counterparty cannot resolve such objection, the objection shall be heard at the Sale Hearing or such later date that the Debtors determine, subject to the Court's calendar; <u>provided</u>, <u>however</u>, that (i) any Assigned Contract that is the subject of a Cure Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection, (ii) the Debtors, in consultation with the parties to any Contract that is subject to a Cure Objection, may adjourn a Cure Objection, and (iii) the Successful Bidder (if any) shall pay any undisputed Cure Cost in accordance with the terms of its asset purchase agreement with the Debtors on or before the Sale Closing and shall appropriately reserve funding for the disputed portion of the Cure Costs.

If such objection has not been resolved prior to the Sale Closing (whether by an order of the Court or by agreement with the counterparty), the Successful Bidder (if any) may elect, in its sole discretion, to: (x) treat such counterparty's Contract (the "<u>Disputed Contract</u>") as an excluded Contract (pursuant to the terms of the Successful Bidder's asset purchase agreement with the Debtors) or (y) temporarily treat such counterparty's Contract as an excluded Contract, proceed to the Sale Closing, and determine whether to treat the Disputed Contract as an Assigned Contract or an excluded Contract within five (5) business days after resolution of such objection (whether by order of the Court or by agreement with the counterparty).

*[Remainder of Page Left Intentionally Blank]*

Dated: January 21, 2025
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*