**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket Nos. 489 & 805** |

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF NOVEMBER 21, 2024

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of November 21, 2024* (the "Application")[2]; the *Declaration of Sanjuro Kietlinski* filed in support of the Application (the "Sanjuro Declaration"); and the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

*Supplemental Declaration of Sanjuro Kietlinski in Support of Application for Entry of an Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of November 21, 2024* (the "Supplemental Sanjuro Declaration"), filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession, pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order authorizing and approving the retention and employment of Province, LLC ("Province") as financial advisor for the Committee in these chapter 11 cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved, it is, therefore, ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Province as financial advisor to the Committee effective as of November 21, 2024.

3. Province shall apply for compensation for professional services rendered and reimbursement of expenses reasonably and actually incurred in connection with the Debtors' cases

as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Kietlinski Declarations, Province shall not seek reimbursement of any fees or costs arising from the defense of any of Province's fee applications in these chapter 11 cases.

5. Notwithstanding anything in the Application to the contrary, Province shall (i) to the extent that it uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Province; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6. Province shall provide ten (10) business days' notice of any rate increases to the Committee, the United States Trustee, and the Debtors before any increases in the rates set forth in the Application are implemented, and shall file a supplemental declaration setting forth any such increases. The Committee, the Debtors, the United States Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Committee and Province are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.