# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of Delaware

In re: Franchise Group, Inc., et al.
Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Defendant

Case No. 24-12480

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Brian Randall Kahn, c/o Vintage Capital Management, LLC, 4705 S. Apopka Vineland Road, Suite 206, Orlando, FL 32189

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment: Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Office of the U.S. Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 | January 29, 2025 at 1:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 22, 2025

CLERK OF COURT

_____                    OR   */s/ Timothy J. Fox*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* United States Trustee, Andrew R. Vara, who issues or requests this subpoena, are:

Timothy J. Fox, Jr. (DE Bar No. 6737), 844 N King St. Suite 2207, Lockbox 35, Wilmington, DE 19801, timothy.fox@usdoj.gov, 302-573-6026

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 24-12480-JTD    Doc 813-1    Filed 01/22/25    Page 3 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A – DOCUMENTS TO BE PRODUCED

Pursuant to Bankruptcy Rules 9014 and 9016 and Civil Rule 45, the United States Trustee (the "U.S. Trustee") hereby requests that the deponent produce at the offices of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Timothy J. Fox, Jr., Esq. on the 29th day of January, 2025, by 1:00 p.m. ET, for inspection and/or copying, the following documents:

### DOCUMENTS REQUESTED

1. Any agreements or engagement letters between (i) Willkie and (ii) Mr. Kahn and/or Vintage, including those applicable to the Take-Private Transaction and the Pels Matter.

2. Any conflict waivers pertaining to Willkie's representations of and/or services to Mr. Kahn and/or Vintage.

3. Any bills or invoices transmitted by Willkie to Mr. Kahn and/or Vintage in connection with the Take-Private Transaction.

4. Any bills and/or invoices transmitted by Willkie to Mr. Kahn and/or Vintage in connection with the Pels Matter.

5. Willkie's time records in connection with Willkie's engagement by Mr. Kahn and/or Vintage in connection with the Take-Private Transaction.

6. Willkie's time records in connection with the Pels Matter.

### DEFINITIONS AND INSTRUCTIONS

For the purposes of this Request, each undefined word shall have its usual and generally accepted meaning. Each defined word, and all variations thereof, shall have the meanings set forth below:

a) "Application" shall mean the *Debtors' Application for Order Authorizing the*

*Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application") [D.I. 474].

b) "Debtors" shall mean the above-captioned debtors and debtors in possession.

c) "Gale Matter" shall mean Willkie's engagement in connection with its representation of the Debtors in the *Gale v. Vintage Capital Management, LLC* matter, No. 2024-0726-LWW (Delaware Court of Chancery).

d) "Mr. Kahn" shall mean Brian Randall Kahn.

e) "Pels Matter" shall mean Willkie's engagement in connection with its representation of Mr. Kahn and/or Vintage in the *Pels v. Avril* matter, No. 23 CV H 07 0508 (Ohio Court of Common Pleas – Delaware County).

f) "Take-Private Transaction" is the transaction described in paragraph 21 of the Declaration of Matthew A. Feldman in support of the Application [D.I. 474-2].

g) "Vintage" shall mean Vintage Capital Management LLC, its directors, officers, members, employees, agents, subcontractors, representatives and/or any other entity under common control.

h) "Willkie" shall mean Willkie Farr & Gallagher LLP, its directors, officers, partners, associates, employees, agents, subcontractors and/or representatives.

i) The terms "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this Request for Production of documents which would otherwise be construed to be outside such scope.

j) The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise), and a document request for communications includes

2

correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, recordings in any medium, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

k) The terms "concerning," "relating to," "referring to," "reflecting," "evidencing," and "constituting" are used, for purposes of these document requests, as equivalent terms, each including the other.

l) The term "Document" has the widest meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all paper, film, tape or other material upon which any verbal, graphic or pictorial information or image is written, printed, typed, drawn, punched, produced or reproduction in any fashion, including but not limited to, all correspondence, memoranda, inter-office and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit work paper, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables financial analyses, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgments, purchase orders, invoices, canceled and uncancelled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photographs, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs, tapes, and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only original but also any copy containing or having attached hereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of

any document.  "Document" also includes any removable "post-it" notes or other attachments affixed to any of the foregoing.

m) The term "Person" includes natural persons, proprietorships, joint ventures, corporations, public corporations, municipal corporations, the Federal Government and all departments and agencies thereof, state governments, local governments, other governmental agencies, political subdivisions, partnerships, groups, associations or organizations.

n) The terms "You" or "Your" shall mean the Debtors.

o) The documents produced pursuant to this Request for Production shall be separately produced for each paragraph of the Request for Production or, in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the Request for Production to which they are responsive.

p) The document request set forth below call for documents that are or were in Your possession, custody or control or the possession, custody or control of your present or former attorneys, auditors, employees, officers, directors, representatives, agents or an any other person or entity acting on your behalf or under Your direction, supervision, or control.  If a documents is no longer in Your possession, custody or control, state: its date, author(s), recipients(s), subject matter, when such document was most recently in Your possession, custody or control and what disposition was made of it, and the person or entity presently in possession, custody or control of such document.  If a document has been destroyed, identify the person who destroyed the document and the person who directed that the document be destroyed and state the reason for its destruction.

q) In the event You assert the attorney-client privilege or the work product exclusion,

or any other privilege or exclusion, as to any document requested by any of the Requests herein, then as to each document subject to such assertion, You are requested to provide the U.S. Trustee with an identification of each document in writing, such identification to include: the nature of the document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names, appearing on any circulation list associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel, and an indication of the basis for assertion of the privilege or exclusion.

r)      If any document cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

s)      These requests are continuing in nature. If, after producing documents pursuant to this request, You obtain or become aware of further documents responsive to this request, such documents should be promptly produced.

t)      Unless otherwise specified in a particular paragraph of this Request, each paragraph seeks documents from January 1, 2022 through the present.

**[Signature block on next page – space intentionally left blank]**

| | |
|---|---|
| Dated: January 22, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE,**<br>**REGIONS 3 and 9**<br><br>By: */s/ Timothy J. Fox*<br>Timothy J. Fox, Jr. (DE Bar No. 6737)<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491 (Phone)<br>(302) 573-6497 (Fax)<br>timothy.fox@usdoj.gov |