## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCHISE GROUP, INC. *et al.*,[1] | ) | Chapter 11 |
| | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |

## OBJECTION OF GRANITE TELECOMMUNICATIONS, LLC TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Granite Telecommunications, LLC ("Granite"), hereby submits its objection to the above captioned Debtors' *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* (the "Cure Notice") (D.I. 487). In support of its Objection, Granite states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

## RELEVANT BACKGROUND

1.     On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (D.I. 1).  Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

2.     Granite and Debtor Vitamin Shoppe Industries, LLC are parties to certain contracts (the "Contracts") pursuant to which Granite provides Debtor with telephone and internet/voice and data services at numerous commercial premises belonging to the Debtor and its affiliates. Copies of the Contracts are not attached hereto as they are already in the possession of the Debtor and contain certain confidential information.

3.     The Debtor's failure to pay amounts owed to Granite under the terms of the Contracts have resulted in outstanding debt to Granite in the amount of $120,543.23.

## OBJECTION

4.      The Contracts are identified on the Cure Notice, but with a purported cure amount of $104,898.28. To the extent the Debtors seek to assume the Contracts, Granite objects to the assumption to the extent the cure amount is incorrect and to the extent not enough information has been provided regarding the assignee's ability to provide adequate assurance of future performance.

### A.     Objection to the Proposed Cure Amount

5.     Pursuant to sections 365(b)(1) and 365(f)(2)(A) of the Bankruptcy Code, prior to assumption of a contract in default, (i) the trustee must cure or provide adequate assurance that the trustee will promptly cure a default; (ii) compensate, or provide adequate assurance of prompt

2

compensation, of a party other than the debtor to such contract, for any actual pecuniary loss to such party resulting from such default; and (iii) provide adequate assurance of future performance under such contract.

6.      Granite objects to the Cure Notice as it fails to provide the correct cure amount for all amounts currently due and for additional amounts which may be incurred by the time of assumption of the contract.

**B.      Adequate Assurance and Clarification Regarding Counterparties to the Assumed Contracts and their Respective Obligations**

7.      Granite also objects to the assumption and assignment of the Contracts as it has not been provided with adequate assurance of future performance.

8.      Adequate assurance of future performance "is considered to be something less than an absolute guarantee." *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (quoting *In re PRK Enters., Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999)). To determine what constitutes adequate assurance of future performance, the Court must evaluate the facts and circumstances of each case. *Id.*; *see In re Fleming Companies*, 499 F.3d 300, 307 (3d Cir. 2007) ("Adequate assurance of future performance are not words of art; the legislative history of the Bankruptcy Code shows that they were intended to be given a practical, pragmatic construction," and "must be determined by consideration of the facts of the proposed assumption." (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)).

9.      In order for Granite to determine that sufficient adequate assurance is provided, at a minimum, it must be able to evaluate the financial ability of the purported assignee of the Contracts

**Joinder**

10.      Granite hereby joins in and incorporates by reference any objections filed

3

by other contract counter-parties to the assumption and assignment of their contracts.

## RESERVATION OF RIGHTS

11.    Granite reserves its right to amend, modify or supplement this Objection and to raise any additional arguments and objections as permitted under applicable law, including without limitation, the right to objections regarding adequate assurance of future performance under section 365.

## CONCLUSION

WHEREFORE, Granite respectfully requests that the Court enter an Order (i) sustaining this Objection to the extent that the Debtors do not rectify the cure amount as set forth herein and requiring any order authorizing the assumption of any agreements of Granite to include the cure amounts set forth herein; and (ii) granting Granite such other and further relief as the Court deems proper.

Dated: January 22, 2025

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: */s/ Ronald S. Gellert*
    Ronald S. Gellert (4259)
    1201 North Orange Street, Suite 300
    Wilmington, DE 19801
    Telephone: (302) 425-5800
    Fax: (302) 425-5814
    E-mail: rgellert@gsbblaw.com

*Counsel for Granite Telecommunications, LLC*

4934-6297-9851, v. 1