IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.*, | ) Case No. 24- 12480 (JTD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related to D.I. 487 |
| | ) |

**OBJECTION OF CAPITAL ENTERPRISES, INC. TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Capital Enterprises, Inc ("Capital Enterprises"), by and through its undersigned attorneys, hereby file its objection to the cure amount set forth in the Notice of Possible Assumption and Assignment and Cure Costs with respect to Executory Contracts and Unexpired Leases filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") on December 20 2024 (the "Cure Notice") [D.I. 1487], and respectfully represents in support thereof as follows:

**BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Capital Enterprises is the owner of the West Goshen Shopping Center located in West Chester, Pennsylvania (the "Premises"), which is a shopping center within the meaning of §365(b)(3) of the Bankruptcy Code.

3. On August 12, 2012, Capital Enterprises, as lessor, entered into a lease (as amended, the "Lease") with PSP Stores, LLC, one of the Debtors, as lessee, for commercial space at the Premises.

4. On January 21, 2025, Capital Enterprises filed claim no. 1106 reflecting that, as of the Petition Date, the lessee was indebted to Capital Enterprises in the amount of $7,443.56 (the "Claim").

5. On December 20, 2024, the Debtors filed the Cure Notice., which reflects that the Debtors' stated cure amount under the Lease is $0.00. The Debtors did not serve Capital Enterprises with the Cure Notice at the notice address set forth in the Lease. As a result, Capital Enterprises first became aware of the Cure Notice on January 21, 2025.

6. Annexed hereto and made a part hereof as Exhibit "A" is a copy of the Claim, which reflects that the applicable Debtor is indebted to Capital Enterprises in the amount of $7,443.56 as of the date hereof.

7. While Capital Enterprises reserves its rights with respect to the prospective assumption and assignment of the Lease, it objects to the stated cure amount for the reasons hereinafter set forth.

## RELIEF REQUESTED

**A.    The Cure Amount is Understated.**

8. As it relates to the Capital Enterprises, the Cure Notice understates the amount due and owing by the Debtors under the Lease. In contrast to the stated cure amount, the actual amount due and owing under the Lease is reflected in the Claim.

9. In order to assume (or assume and assign) the Lease, the Debtors are required to cure defaults existing thereunder pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which

provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

10. Accordingly, the Lease may not be assumed unless and to the extent that all pre- and post-petition amounts are paid promptly and in full.

## **RESERVATION OF RIGHTS**

11. Capital Enterprises specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including adequate assurance of future performance to be provided by an assignee.

## **CONCLUSION**

12. For the foregoing reasons, Capital Enterprises seeks an order of this Court fixing the Debtors' cure obligations under the Lease in the amount set forth herein (less any payments made by the Debtors on account of such sum prior to the assumption of the Lease plus any additional post-petition amounts accruing under the Lease through the date thereof) and directing the Debtors promptly to satisfy such amounts following the entry of an order approving the assumption and assignment of the Lease.

WHEREFORE, Capital Enterprises, Inc. respectfully request the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: January 22, 2024

**FLASTER GREENBERG**

<u>/s/ William J. Burnett, Esquire</u>
By: William J. Burnett, Esquire (Del. Bar No. 4078)
221 W. 10th Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 351-1910
Email: William.burnett@flastergreenberg.com

- and -

Jeffrey Kurtzman, Esquire
**KURTZMAN | STEADY, LLC**
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com


Attorneys for Capital Enterprises, Inc.