## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | Jointly Administered |

### NOTICE OF DEPOSITION OF DEBTOR FRANCHISE GROUP, INC. BY THE SETTLEMENT-RELATED LIQUIDATING TRUST 2022-23

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable in this matter through Rule 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Settlement-Related Liquidating Trust 2022-23 (the "Prophecy Trust") will take the deposition upon oral examination of Franchise Group, Inc., on **January 31, 2025 at 12:00 p.m. (ET)**, or at such other time as counsel for the parties may mutually agree, at: (i) the offices of Cozen O'Connor, located at 1201 N. Market Street, Suite 1001, Wilmington, DE 19801; (ii) by electronic means; or (iii) at another physical location by agreement of the parties.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**PLEASE TAKE FURTHER NOTICE** that the deposition will take place before a person duly authorized to administer oaths and will be recorded by audio, video, and/or stenographic means. The deposition will be taken for all purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The deposition is being taken for discovery, for use at any evidentiary hearing or trial, or for any purposes that are permitted by law or under the rules of this Court.

| | |
|---|---|
| Dated: January 24, 2025 | **COZEN O'CONNOR** |
| | */s/ Marla S. Benedek* |
| | Marla S. Benedek (DE Bar No. 6638) |
| | Kaan Ekiner (DE Bar No. 5607) |
| | 1201 N. Market St., Suite 1001 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 295-2000 |
| | E-mail: mbenedek@cozen.com |
| | |
| | -and- |
| | |
| | Brian L. Shaw (admitted pro hac vice) |
| | 123 North Wacker Drive, Suite 1800 |
| | Chicago, IL 60606 |
| | Telephone: (312) 382-3100 |
| | E-mail: bshaw@cozen.com |
| | |
| | *Counsel to the Settlement-related Liquidating Trust 2022-23* |

# EXHIBIT A

# TOPICS OF EXAMINATION

## DEFINITIONS

1. The "<u>Application</u>" means the *Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 474], filed on December 19, 2024.

2. "<u>Bankruptcy Cases</u>" means the above-captioned chapter 11 cases commenced by the Debtors in the Bankruptcy Court.

3. "<u>Bankruptcy Code</u>" means title 11 of the United States Code, as amended.

4. "<u>Bankruptcy Court</u>" means the United States Bankruptcy Court for the District of Delaware.

5. "<u>Brian Kahn</u>" means the founder of Franchise Group, Inc., former chief executive officer and director of certain of the Debtors.

6. "<u>Communication</u>" shall include the plural and refers to each and every means of transmitting information to another person and/or entity, including but not limited to transmissions of information by electronic mail, writing, speaking, telephone, facsimile, telegram, and/or recording.

7. The "<u>Complaint</u>" refers to the complaint filed on November 2, 2023 by the Securities and Exchange Commission against John Hughes, the President and Chief Compliance Officer of Prophecy, charging Hughes with violating certain antifraud provisions of the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Advisers Act of 1940, a copy of which is attached hereto.

8. "<u>Debtors</u>" means the above-captioned debtors, which filed voluntary petitions for relief under chapter 11 of the Bankruptcy Court, commencing the Bankruptcy Cases, and any of

their respective current or former affiliates, subsidiaries, or successor entities, and all of its respective directors, officers, employees, agents, attorneys, advisors, and representatives.

9. "Describe" means:

   a. When used in reference to an individual person shall mean to state his or her full name, present home address, or last home address if present home address is unknown, his or her business affiliation and business address and phone number; and

   b. When used in reference to a document shall mean to state the type of document, date, author, or addressee, title, its present location, the name and address of its custodian, and the substance of its contents. In lieu of the foregoing, a copy of the document may be attached in reference as an exhibit to your answer.

10. "Document" shall include the plural and shall mean without limitation all written, printed, or graphic matter of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copy or otherwise, including, but not limited to: e-mail, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, telecopies, bulletins, offers, notations or recordings of any sort of conversations (including telephone conversations and meetings), or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, agendas, books, reports, charts, ledgers, invoices, statements, receipts, returns, computer printouts, prospectus, financial statements, work sheets, accountant's notes, work papers, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, (and any and all drafts, alterations,

modifications, changes, and amendments of any of the foregoing,) graphic or oral records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

11. The "DOJ Investigation" means the investigation by the Department of Justice prior to and after its issuance of the Indictment related to the facts and allegations therein.

12. "Including" means "including, without limitation" or "including, but not limited to."

13. "D&O Claims" means all matters related to any claims, rights and Causes of Action that the Estates may have against Brian Kahn, any current or former officer of the Debtors, or any other party arising from, or related to: (a) the Debtor's sale of W.S. Badcock Corporation to Conn's, Inc. in December 2023; (b) the take-private transaction completed by the Debtors in August 2023 pursuant to, among others, that certain Agreement and Plan of Merger, dated as of May 10, 2023, by and among Debtor Franchise Group, Inc. and the other parties thereto; (c) the acquisition by Debtor Freedom VCM Receivables, Inc. of Debtor Freedom Receivables II, LLC and any receivables transactions undertaken by each of the foregoing, including any potential Avoidance Actions related thereto; (d) any transactions among the Debtors and B. Riley Principal Investments, LLC, B. Riley Financial, Inc., or any of its or their current and former Affiliates; (e) the Debtors' historical transactions and relationship with Mr. Kahn or Prophecy Asset Management LP; and (f) any other matters that may become subject to the Independent Investigation in the future.

14. The terms "You," or "Your" mean Franchise Group, Inc., Freedom VCM Holdings, LLC, and their predecessors, successors, parents, subsidiaries, divisions, or affiliates, and its respective officers, directors, agents, attorneys, accountants, assigns, employees, partners, other persons occupying similar positions or performing similar functions, or other persons or entities under Your control or direction.

15. The "Indictment" refers to the indictment issued by the Department of Justice, through the U.S. Attorney's Office for the District of New Jersey, asserting criminal charges against Hughes stemming from Prophecy-related activities, a copy of which is attached hereto.

16. The "Petition Date" means the date on which the Debtors filed their voluntary petitions, commencing the Bankruptcy Cases: November 3, 2024.

17. "Prophecy," "Prophecy Entities," or the "Prophecy Fund" refers to Prophecy Trading Advisors Master Fund, LP, Prophecy Trading Advisors GP, LLC, Prophecy Trading Advisors International Ltd., Prophecy Trading Advisors, LP, Prophecy Special Opportunities Fund International Ltd., Prophecy Special Opportunities Fund, LP, Prophecy Special Ops GP, LLC, Prophecy Asset Management LP, and Prophecy Portfolio Managers LLC, which began serving as investment funds for private and institutional investors in or around January 2015.

18. The "Prophecy Trust" is the Settlement-Related Liquidating Trust 2022-23, which is a trust established for the benefit of investors in the Prophecy Fund who collectively lost hundreds of millions of dollars through their investments in the Prophecy Fund as a result of fraud and mismanagement by Prophecy and related persons and entities, including Brian Kahn.

19. "Related to" means in any way constituting, showing, disclosing, advertising, evidencing, reflecting, dealing with, mentioning, describing or pertaining to, in whole or in part.

20. The "SEC Investigation" means the investigation by the Securities and Exchange Commission prior to and after its issuance of the Complaint related to the facts and allegations therein.

21. The "Trust's Objection" refers to the Objection of the Settlement-Related Liquidating Trust 2022-23 to the Debtors' Application for an Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date [D.I. 642], filed on January 3, 2025.

22. "Willkie" refers to Willkie Farr & Gallagher LLP, proposed counsel to the Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to these Topics of Examination and, for purposes of these Topics of Examination, the following Instructions shall be followed:

1. The word "all" shall also include "each of" and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Topics of Examination.

2. In responding to each Topic of Examination, you are to review and search all relevant files of all appropriate entities and persons.

3. Each Definition, Instruction, Topic of Examination, herein shall be construed independently and not with reference to any other Definition, Instruction, and Topic of Examination for purposes of limitation.

4. If any meaning of any term in any Topic of Examination herein is unclear to you, without waiver of the right to seek a full and complete response to the Topic of Examination, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Topic of Examination according to the assumed meaning.

5. "Including" shall not be construed to limit the scope of any Topic of Examination.

6. Whenever necessary to bring within the scope of a Topic of Examination documents or information that might otherwise be construed to be outside its scope,

   a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

   b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

6

      c.    The use of the masculine form of a noun or pronoun shall include the feminine form and vice versa; and

      d.    The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

7.    Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## TOPICS OF EXAMINATION

1. Your understanding of Brian Kahn's roles with Vintage Capital Management, Franchise Group, Inc., any other Debtors in these Bankruptcy Cases, and Prophecy.

2. Any and all familiarity You had and have with Prophecy, the DOJ Investigation, SEC Investigation, Indictment, and Complaint, and the allegations underlying same, and when you were familiar with such information.

3. Any and all knowledge of any of Your directors, officers, or principals of Prophecy, the DOJ Investigation, SEC Investigation, Indictment, or Complaint, including but not limited to when any of Your directors, officers, or principals learned of the existence of the DOJ Investigation, SEC Investigation, Indictment, or Complaint, the allegations underlying same, and Brian Kahn's role therein.

4. Communications from Willkie to You or Your directors, officers, or principals, regarding: (a) the DOJ Investigation; (b) the SEC Investigation; (c) the Indictment; (d) the Complaint; (e) Brian Kahn's negotiations with the Prophecy Trust for the Trust's consent to the take-private transaction; (f) Your public statements regarding Brian Kahn and Prophecy, including those made after the Indictment was made public; and (i) Your private communications to its lenders, creditors, and/or shareholders regarding Brian Kahn and Prophecy, including those made after Indictment and/or Complaint were made public.

5. Your knowledge of and consent to Willkie's representation of Brian Kahn, Vintage Capital Management, and B. Riley Principal Investments, LLC, B. Riley Financial, Inc., or any of its or their current and former affiliates, if any.

6. Willkie's representation of You and any or all of the other Debtors in these Bankruptcy Cases, prior to and since the filing of these Bankruptcy Cases.

7.  Willkie's representation of Vintage Capital Management, prior to and since the filing of these Bankruptcy Cases.

8.  Willkie's representation of Brian Kahn, prior to and since the filing of these Bankruptcy Cases.

9.  Any ethical wall you believe to have existed or you believe still exists within Willkie between Willkie attorneys representing any or all of the Debtors and Willkie attorneys representing Brian Kahn, including the date such wall was established, the date you became aware of such wall, and the date Franchise Group, Inc. became aware of such wall.

10. Your decision to retain Willkie for representation in these Chapter 11 Cases.

11. Willkie's representation of You or any of the Debtors in the following matters, including but not limited to specific attorneys from Willkie who worked on the following matters:

(a) the Debtors sale of W.S. Badcock Corporation to Conn's, Inc. in December 2023;

(b) the take-private transaction completed by the Debtors in August 2023 pursuant to, among others, that certain Agreement and Plan of Merger, dated as of May 10, 2023, by and among Debtor Franchise Group, Inc. and the other parties thereto;

(c) the acquisition by Debtor Freedom VCM Receivables, Inc. of Debtor Freedom Receivables II, LLC and any receivables transactions undertaken by each of the foregoing;

(d) any transactions among the Debtors and B. Riley Principal Investments, LLC, B. Riley Financial, Inc., or any of its or their current and former Affiliates;

(e) the Debtors' historical transactions and relationship with Mr. Kahn or Prophecy Asset Management LP.

12. Your understanding of, and Willkie's role in:

(a) the Debtor's sale of W.S. Badcock Corporation to Conn's, Inc. in December 2023;

(b) the take-private transaction completed by the Debtors in August 2023 pursuant to, among others, that certain Agreement and Plan of Merger, dated as of May 10, 2023, by and among Debtor Franchise Group, Inc. and the other parties thereto;

(c) the acquisition by Debtor Freedom VCM Receivables, Inc. of Debtor Freedom Receivables II, LLC and any receivables transactions undertaken by each of the foregoing;

(d) any transactions among the Debtors and B. Riley Principal Investments, LLC, B. Riley Financial, Inc., or any of its or their current and former Affiliates;

(e) the Debtors' historical transactions and relationship with Mr. Kahn or Prophecy Asset Management LP.

(f) Brian Kahn's indebtedness to B. Riley Financial or its affiliates;

(g) Brian Kahn's indebtedness to the Prophecy Trust;

(h) Brian Kahn's, your, or Franchise Group, Inc.'s issuance of shares of Buddy's preferred stock to Prophecy.

(i) Brian Kahn's attempts to put together an offer to purchase any assets of the Debtors prior to the filing of these Bankruptcy Cases.

(j) Any releases of claims against Brian Kahn and any other non-debtor third parties sought via a chapter 11 plan in these Bankruptcy Cases.