# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 435, 570, 773 |

**SUPPLEMENTAL BRIEF OF PURCHASER IN SUPPORT OF DEBTORS'
MOTION TO APPROVE PRIVATE SALE
(FORT LAUDERDALE MERGER-ASSIGNMENT ISSUE)**

AF Newco I ("Purchaser") hereby submits this supplemental brief in connection with the *Motion of Debtors for Entry of Order (A) Authorizing Debtors to Sell by Private Sale Certain Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meaning ascribed to such terms in the Motion.

in possession, solely with respect to approval of the Debtors' assumption and assignment to Purchaser of the Debtors' unexpired lease of nonresidential real property located in Fort Lauderdale, Florida (the "Fort Lauderdale Lease"), as more fully described on **Exhibit 1** to the proposed order annexed hereto as **Exhibit A**.

Purchaser respectfully states as follows in support of assumption and assignment of the Fort Lauderdale Lease:

## PRELIMINARY STATEMENT

1.  The landlord under the Fort Lauderdale Lease (the "Fort Lauderdale Landlord") filed an objection to the Motion (the "Objection") [D.I. 570] asserting, among other things, that the Debtors cannot assume and assign the Fort Lauderdale Lease because the current tenant was an unpermitted assignee of the original tenant. As discussed below, that assertion is incorrect.

2.  As Purchaser and the Debtors explained in their joint reply (the "Reply") [D.I. 773], the Fort Lauderdale Lease was never assigned. Rather—as the Fort Lauderdale Landlord has known for years with no objection—the current tenant is merely the successor to the original tenant by two statutory conversions and a consolidating merger.

3.  The Fort Lauderdale Landlord has suggested that the merger step in the Debtors' history constituted a de facto assignment of the Fort Lauderdale Lease by operation of law and required the consent of the Fort Lauderdale Landlord (the "Merger-Assignment Issue"). At a hearing on January 21, 2025 (the "Hearing"), the Court overruled all aspects of the Objection other than the Merger-Assignment Issue, on which the Court requested additional briefing discussing Florida law.

4.  Irrespective of whether Delaware law or Florida law controls, the Fort Lauderdale Landlord's argument fails. As discussed in the Reply, Delaware law treats a merger as an

assignment by operation of law but excludes such assignments from the ambit of a generalized anti-assignment clause like the one in the Fort Lauderdale Lease. Reply, ¶ 16-18. Florida law, on the other hand, does not treat a merger as an assignment at all and thus the anti-assignment clause was never even implicated.

5.  As set forth below, Florida law is clear: A merger of two entities, even where the original party to a contract is not the surviving entity, *is not an assignment at all*. As a result, the anti-assignment clause in the Fort Lauderdale Lease never even came into play in connection with the merger of AFSF and AFI. The remainder of the Objection should be overruled, and the Court should authorize the Debtors to assume the Fort Lauderdale Lease and assign it to Purchaser.

## BACKGROUND

6.  The original tenant under the Fort Lauderdale Lease was American Freight of South Florida, LLC ("AFSF"), a Florida limited liability company formed on September 16, 2005.

7.  AFSF entered into the Fort Lauderdale Lease on February 1, 2014.

8.  Effective January 1, 2015, AFSF converted from a Florida limited liability company to a Delaware limited liability company. The Fort Lauderdale Landlord does not, as it cannot, dispute that a conversion of an entity into a different form does not implicate the anti-assignment clause under the Fort Lauderdale Lease because there is no change in the actual tenant entity

9.  Effective October 1, 2017, AFSF and numerous other regional American Freight operating entities consolidated by merger into American Freight, Inc. ("AFI").

10. Effective February 25, 2020, AFI converted to a Delaware limited liability company, American Freight, LLC ("AFL"). AFL is the current tenant under the Fort Lauderdale Lease.

11.     As discussed in the Reply, the Fort Lauderdale Landlord has been aware of the October 2017 merger since at least January 2019 but chose to sit on its hands for six years before finally trying to use the merger as a pretext to prevent assumption and assignment. Reply, ¶¶ 19-20.

## ANALYSIS

12.     As the Court determined at the Hearing, Florida law governs the interpretation of the Fort Lauderdale Lease. Under Florida law, a merger of two entities in which the original party to a contract is not the surviving entity does not constitute an assignment of the contract. *See, e.g.*, *Corporate Exp. Office Prods., Inc. v. Phillips*, 847 So.2d 406, 414 (Fla. 2003).

13.     The petitioner in *Corporate Express* was a business that had acquired two other businesses (one through a stock purchase and one through an asset purchase) and thereafter sought to enforce noncompete agreements the predecessor businesses had entered into with employees. *Id.* at 407.

14.     The petitioner's corporate history involved a merger not unlike that of AFSF into AFI. A predecessor company, Corporate Express of the South, Inc. ("CES"), acquired 100% of the stock of Bishop Office Furniture Company and the assets of Ciera Office Products, each of which was party to noncompete agreements with certain employees. *Id.* at 407-08. CES, like AFSF, then merged into Corporate Express of the East, Inc. ("CEE") and CEE changed its name to Corporate Express Office Products, Inc. *Id.*

15.     The Florida Supreme Court evaluated each of these transactions to determine whether they triggered a requirement that the company obtain the employees' consent to an assignment. *Id.* at 409-10 ("The question in this case is whether the nature of the business transaction affects whether a consent to an assignment of a noncompete agreement is necessary

either in the original agreement or in connection with the subsequent transactions."). The court held that an asset purchase involving a personal service contract would require a consent to assignment—but that a merger would not, because under Florida law, a merger does not involve an assignment. *Id.* at 412-14 (holding that "the surviving corporation in a merger assumes the right to enforce a noncompete agreement entered into with an employee of the merged corporation by operation of law, *and no assignment is necessary*") (emphasis added).[3] Under Florida law, "in a merger, the two corporations in essence unite into a single corporate existence." *Id.* at 414.

16.     This issue also arose in *Amstone v. Bank of N.Y. Mellon*, 182 So.3d 804 (Fla. Dist. Ct. App. 2016).[4]  In *Amstone*, a husband and wife appealed from a final judgment of foreclosure on a mortgage of real property. *Id.* at 805. The plaintiff in the foreclosure lawsuit was First Horizon Home Loans, a division of First Tennessee Bank National Association ("FTB"). *Id.* The original lender under the Amstones' December 2006 mortgage was First Horizon Home Loan Corporation ("FHHLC"). *Id.* FHHLC merged with and into FTB in February 2007. *Id.* FTB later transferred servicing of the loan to a successor servicer, Bank of New York Mellon ("BNY"). *Id.* at 805-06.

17.     Among other arguments, the Amstones asserted that BNY lacked standing to foreclose because FHHLC, not FTB, was the lender under the loan (implying that FTB could not have assigned the mortgage to BNY). *Id.* at 805-06. One of the appellants also submitted

---

[3] The *Corporate Express* court also held that a name change does not alter an entity's "existence, corporate identity, or corporate rights." 847 So.2d at 415.

[4] This issue arises with some frequency in the foreclosure context in Florida courts. Many reported decisions favor borrowers not because of a disagreement over whether a merger constitutes an assignment, but because lenders and servicers fail to introduce adequate evidence that a merger occurred. *See, e.g.*, *Segall v. Wachovia Bank, N.A.*, 192 So.3d 1241, 1245 (Fla. Dist. Ct. App. 2016) ("Other than the bare assertion by Wachovia's witness at trial, there are no documents in the record indicating that the merger of Chase Home and Chase Bank took place."). The record here contains uncontroverted evidence of the merger of AFSF into AFI and no party disputes that the merger occurred.

an affidavit stating that she did not receive a notice of assignment of the mortgage. *Id.* at 806. Like the Fort Lauderdale Landlord, the Amstones essentially claimed that FTB was not a valid assignee of the mortgage and thus had no rights under the mortgage that it could have assigned to BNY. Their argument failed.

18. The appellate court held that FTB succeeded to FHHLC's rights under the mortgage because, quoting *Corporate Express*, merging entities "unite into a single corporate existence" through a merger. *Id.* at 806-07. As in *Corporate Express*, no assignment occurred—and thus no notice of assignment was necessary—because the merger merely united FHHLC's assets and liabilities into FTB.

19. The reasoning in *Corporate Express* and *Amstone* ends the inquiry here, too. AFSF, the original tenant under the Fort Lauderdale Lease, merged with and into AFI more than seven years ago (a fact known to the Fort Lauderdale Landlord for more than six years). Following the merger, Florida law views the separate corporate existences of AFSF and AFI as having united into one. No consent to assign the Fort Lauderdale Lease was required, because *no assignment occurred.* As such, AFL is the sole and valid tenant and has the ability to assume and assign the Fort Lauderdale Lease.

20. The remainder of the Objection should be overruled and the Court should authorize the Debtors to assume the Fort Lauderdale Lease and assign it to Purchaser.

[ *signature page follows* ]

**WHEREFORE**, Purchaser respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, overruling the Objection and authorizing the Debtors to assume the Fort Lauderdale Lease and assign it to Purchaser.

| | |
|---|---|
| Dated: January 27, 2025<br>Wilmington, Delaware | **KLEIN LLC**<br><br>*/s/ Julia Klein*<br>Julia B. Klein (No. 5198)<br>225 West 14th Street<br>Suite 100<br>Wilmington, Delaware 19801<br>Telephone: (302) 438-0456<br>klein@kleinllc.com<br><br>-and-<br><br>**LOWENSTEIN SANDLER LLP**<br>Andrew Behlmann (admitted *pro hac vice*)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Facsimile:  (973) 597-2400<br>abehlmann@lowenstein.com<br><br>*Counsel to Purchaser* |