**<u>Exhibit 1</u>**

**Proposed Complaint**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.* | Case No. 24-12480 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FRANCHISE GROUP, INC., *et al.*, | Adv. Pro. |
| Plaintiff, | |
| -against- | |
| ALTER DOMUS (US) LLC, as Prepetition Second Lien Agent and Prepetition Second Lien Sidecar Agent, | |
| Defendant. | |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**COMPLAINT FOR DECLARATORY JUDGMENT AND AVOIDANCE WITH RESPECT TO CERTAIN REPRESENTATIONS, COVENANTS, AND WAIVERS IN FAVOR OF PREPETITION SECOND LIEN SECURED PARTIES AND PREPETITION SECOND LIEN SIDECAR SECURED PARTIES PURSUANT TO FINAL DIP ORDER AND OBJECTION TO LIENS AND CLAIMS ASSERTED BY PREPETITION SECOND LIEN AGENT AND PREPETITION SECOND LIEN SIDECAR AGENT AGAINST THE APPLICABLE DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), derivatively on behalf of the applicable Debtors,[2] hereby alleges upon knowledge of its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This adversary proceeding seeks (i) a declaratory judgment that certain property of the applicable Debtors is not subject to the liens and security interests asserted by the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties (each as defined below) as described in paragraph F of the Final DIP Order (as defined below);[3] (ii) a judgment avoiding any unperfected liens and security interests asserted by the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties on certain property of the applicable Debtors; and (iii) an order reversing certain other acknowledgements and agreements of the applicable Debtors set forth in paragraph F of the Final DIP Order and preserving certain of the Committee's rights to dispute the amounts owed to the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties.

---

[2]     For purposes herein, the Debtors *exclude* Freedom VCM, Inc., Freedom VCM Interco, Inc., Freedom VCM Holdings, LLC, Freedom Receivables II, LLC, Freedom VCM Interco Holdings, Inc., and Freedom VCM Receivables, Inc.

[3]     Each capitalized term not defined herein shall have the meaning ascribed to such term in the Final DIP Order.

2.     This adversary proceeding is filed consistent with paragraph 24 of the Final DIP Order and also constitutes an objection, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001, to the liens and claims asserted by the Prepetition Second Lien Secured Parties against the applicable Debtors.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under 28 U.S.C. § 1334.  This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief requested herein are sections 502, 544, 550, and 551 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.   This adversary proceeding is also filed pursuant to paragraph 24 of the Final DIP Order.

## THE PARTIES

5.     Plaintiff was appointed by the Office of the United States Trustee for the Southern District of Texas pursuant to section 1102 of the Bankruptcy Code on November 19, 2024.  Plaintiff is vested with, among other things, the powers described in section 1103 of the Bankruptcy Code, including the power to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors.

6.     Plaintiff brings this action on behalf of the estates of each of the applicable Debtors pursuant to this Court's *Order Granting Standing and Authorizing the Prosecution of Certain Lien Challenge Claims on Behalf of the Bankruptcy Estates* entered on _____, 2025 [Docket No. __].

7.     Defendant Alter Domus (US) LLC is the Prepetition Second Lien Agent and Prepetition Second Lien Sidecar Agent (each as defined below).

## STATEMENT OF FACTS

**A.    General Background**

8.    On November 3, 2024 (the "***Petition Date***"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing these chapter 11 cases (the "***Cases***").  The Debtors continue in possession of their property and are operating and managing their businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

**B.    The Debtors' Prepetition Relationship with the Prepetition Secured Parties**

**1.    Prepetition ABL Facility**

9.    ***Prepetition ABL Credit Agreement.*** Pursuant to that certain *Third Amended and Restated Loan and Security Agreement*, dated as of March 10, 2021 (as amended, supplemented, or otherwise modified, the "***Prepetition ABL Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, the Financing Agreements (as defined in the Prepetition ABL Credit Agreement) and the Prepetition ABL Intercreditor Agreement (as defined below), collectively, the "***Prepetition ABL Loan Documents***")), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition, LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "***Prepetition ABL Borrowers***"), certain subsidiaries of the Prepetition ABL Borrowers, as guarantors (the "***Prepetition ABL Guarantors***", and together with the Prepetition ABL Borrowers, the "***Prepetition ABL Loan Parties***"), JPMorgan Chase Bank, N.A., as agent (in such capacity, the "***Prepetition ABL Agent***"), and the lenders party thereto from time to time (collectively, the

"***Prepetition ABL Lenders***", and together with the Prepetition ABL Agent, the "***Prepetition ABL Secured Parties***"), the Prepetition ABL Lenders provided a revolving credit facility (the "***Prepetition ABL Facility***") to the Prepetition ABL Loan Parties.  Pursuant to the Prepetition ABL Loan Documents, each of the Prepetition ABL Guarantors guaranteed, on a joint and several basis, the payment in full in cash of all of the Prepetition ABL Secured Obligations (as defined below).

10.    ***Prepetition ABL Secured Obligations.***  The Debtors have stipulated that, as of the Petition Date, the Prepetition ABL Loan Parties were indebted to the Prepetition ABL Secured Parties, on a joint and several basis, in the aggregate amount of not less than $261.3 million on account of principal amounts outstanding under the Prepetition ABL Facility (including issued letters of credit), *plus* accrued but unpaid interest (including default interest, if applicable) thereon, *plus* all fees, costs, expenses and reimbursement obligations, including all "Obligations" (as defined in the Prepetition ABL Credit Agreement), and all other amounts that may be due or owing under the Prepetition ABL Loan Documents (collectively, the "***Prepetition ABL Secured Obligations***").

11.    ***Prepetition ABL Liens.***  The Debtors have stipulated that, pursuant to the Prepetition ABL Loan Documents, each of the Prepetition ABL Loan Parties granted to the Prepetition ABL Agent, for the benefit of itself and the other Prepetition ABL Secured Parties, valid and properly perfected continuing liens and security interests in (the "***Prepetition ABL Liens***") substantially all of the assets of the Prepetition ABL Loan Parties, including, without limitation, all "Collateral" (as defined in the Prepetition ABL Credit Agreement) (collectively, the "***Prepetition ABL Collateral***") and the "ABL Priority Collateral" (as defined in the Prepetition ABL Intercreditor Agreement).

2.      **Prepetition First Lien Facility**

12.      ***Prepetition First Lien Credit Agreement.***  Pursuant to that certain *First Lien Credit Agreement*, dated as of March 10, 2021 (as amended, supplemented or otherwise modified, the "***Prepetition First Lien Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition First Lien Credit Agreement) and the Prepetition Intercreditor Agreements (as defined below), collectively, the "***Prepetition First Lien Loan Documents***"), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition, LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "***Prepetition First Lien Borrowers***"), certain subsidiaries of the Prepetition First Lien Borrowers, as guarantors (collectively, the "***Prepetition First Lien Guarantors***", and together with the Prepetition First Lien Borrowers, collectively, the "***Prepetition First Lien Loan Parties***"), Wilmington Trust, National Association, as administrative agent and collateral agent (in such capacities, the "***Prepetition First Lien Agent***"), and the lenders party thereto from time to time (collectively, the "***Prepetition First Lien Lenders***", and together with the Prepetition First Lien Agent, the "***Prepetition First Lien Secured Parties***"), the Prepetition First Lien Lenders provided a term loan credit facility (the "***Prepetition First Lien Facility***") to the Prepetition First Lien Loan Parties.  Pursuant to the Prepetition First Lien Loan Documents, each of the Prepetition First Lien Guarantors guaranteed, on a joint and several basis, the payment in full in cash of all of the Prepetition First Lien Secured Obligations (as defined below).

13.      ***Prepetition First Lien Secured Obligations.***  The Debtors have stipulated that, as of the Petition Date, the Prepetition First Lien Loan Parties were indebted to the

Prepetition First Lien Secured Parties, on a joint and several basis, in the aggregate amount of not less than $1,131.8 million on account of principal amounts (including capitalized interest added thereto) outstanding under the Prepetition First Lien Facility, *plus* accrued but unpaid interest (including default interest, if applicable) thereon, *plus* all fees, costs, expenses and reimbursement obligations, including all "Secured Obligations" (as defined in the Prepetition First Lien Credit Agreement) and all other amounts that may be due or owing under the Prepetition First Lien Loan Documents (collectively, the "***Prepetition First Lien Secured Obligations***").

14.     ***Prepetition First Lien Liens.***  The Debtors have stipulated that, pursuant to the Prepetition First Lien Loan Documents, the Prepetition First Lien Loan Parties granted to the Prepetition First Lien Agent, for the benefit of itself and the other Prepetition First Lien Secured Parties, properly perfected continuing liens and security interests in (collectively, the "***Prepetition First Lien Liens***") substantially all of the assets of the Prepetition First Lien Loan Parties, including, without limitation, all "Collateral" (as defined in the Prepetition First Lien Credit Agreement) (the "***Prepetition First Lien Collateral***") and the "Term Loan Priority Collateral" (as defined in the Prepetition ABL Intercreditor Agreement**).

**3.     Prepetition Second Lien Facility**

15.     ***Prepetition Second Lien Credit Agreement.***  Pursuant to that certain *Second Lien Credit Agreement*, dated as of March 10, 2021 (as amended, supplemented or otherwise modified, the "***Prepetition Second Lien Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition Second Lien Credit Agreement) and the Prepetition Intercreditor Agreements (as defined below), collectively,

the "***Prepetition Second Lien Loan Documents***"), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition, LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "***Prepetition Second Lien Borrowers***"), certain subsidiaries of the Prepetition Second Lien Borrowers, as guarantors (collectively, the "***Prepetition Second Lien Guarantors***", and together with the Prepetition Second Lien Borrowers, collectively, the "***Prepetition Second Lien Loan Parties***"), Alter Domus (US) LLC, as administrative agent and collateral agent (in such capacities, the "***Prepetition Second Lien Agent***"), and the lenders party thereto from time to time (collectively, the "***Prepetition Second Lien Lenders***", and together with the Prepetition Second Lien Agent, the "***Prepetition Second Lien Secured Parties***"), the Prepetition Second Lien Lenders provided a term loan credit facility (the "***Prepetition Second Lien Facility***") to the Prepetition Second Lien Loan Parties.  Pursuant to the Prepetition Second Lien Loan Documents, each of the Prepetition Second Lien Guarantors guaranteed, on a joint and several basis, the payment in full in cash of all of the Prepetition Second Lien Secured Obligations (as defined below).

16.     ***Prepetition Second Lien Secured Obligations.***    The Debtors have stipulated that, as of the Petition Date, the Prepetition Second Lien Loan Parties were indebted to the Prepetition Second Lien Secured Parties, on a joint and several basis, in the aggregate amount of not less than $125.0 million on account of principal amounts outstanding under the Prepetition Second Lien Facility, *plus* $19.5 million outstanding on account of the Prepetition Second Lien Loan Parties' guaranty of the Secured Holdco Guarantee Obligations (as defined in the Prepetition Second Lien Credit Agreement) pursuant to that certain *Supplement No. 1 to the Guarantee Agreement*, dated as of August 19, 2024, and that certain *Fifth Amendment to Second Lien Credit Agreement*, dated as of August 19, 2024, *plus* all fees, costs, expenses and

reimbursement obligations, including all "Secured Obligations" (as defined in the Prepetition Second Lien Credit Agreement) and all other amounts that may be due or owing under the Prepetition Second Lien Loan Documents (the "***Prepetition Second Lien Secured Obligations***").

17.    ***Prepetition Second Lien Liens.***    The Debtors have stipulated that, pursuant to the Prepetition Second Lien Loan Documents, the Prepetition Second Lien Loan Parties granted to the Prepetition Second Lien Agent, for the benefit of itself and the Prepetition Second Lien Secured Parties, properly perfected continuing liens and security interests in (collectively, the "***Prepetition Second Lien Liens***") substantially all of the assets of the Prepetition Second Lien Loan Parties, including, without limitation, all "Collateral" (as defined in the Prepetition Second Lien Credit Agreement) (the "***Prepetition Second Lien Collateral***") and the "Term Loan Priority Collateral" (as defined in the Prepetition ABL Intercreditor Agreement).

**4.    Prepetition Second Lien Sidecar Facility**

18.    ***Prepetition Second Lien Sidecar Credit Agreement.*** Pursuant to that certain *Sidecar Pari Passu Second Lien Credit Agreement*, dated as of August 21, 2023 (as amended, supplemented or otherwise modified, the "***Prepetition Second Lien Sidecar Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, and the Loan Documents (as defined in the Prepetition Second Lien Sidecar Credit Agreement), collectively, the "***Prepetition Second Lien Sidecar Loan Documents***"), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition, LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "***Prepetition Second Lien Sidecar Borrowers***"), certain subsidiaries of the Prepetition Second Lien Sidecar Borrowers, as

guarantors (collectively, the "***Prepetition Second Lien Sidecar Guarantors***", and together with the Prepetition Second Lien Sidecar Borrowers, collectively, the "***Prepetition Second Lien Sidecar Loan Parties***"), Alter Domus (US) LLC, as administrative agent and collateral agent (in such capacities, the "***Prepetition Second Lien Sidecar Agent***"), and the lenders party thereto from time to time (collectively, the "***Prepetition Second Lien Sidecar Lenders***", and together with the Prepetition Second Lien Sidecar Agent, the "***Prepetition Second Lien Sidecar Secured Parties***"), the Prepetition Second Lien Sidecar Lenders provided a term loan credit facility (the "***Prepetition Second Lien Sidecar Facility***") to the Prepetition Second Lien Sidecar Loan Parties.  Pursuant to the Prepetition Second Lien Sidecar Loan Documents, each of the Prepetition Second Lien Sidecar Guarantors guaranteed, on a joint and several basis, the payment in full in cash of all of the Prepetition Second Lien Sidecar Secured Obligations (as defined below).

19.     ***Prepetition Second Lien Sidecar Secured Obligations.*** As of the Petition Date, the Prepetition Second Lien Sidecar Loan Parties were justly and lawfully indebted to the Prepetition Second Lien Sidecar Secured Parties, on a joint and several basis, without defense, claim, counterclaim, challenge or offset of any kind, in the aggregate amount of $0.00 on account of all amounts outstanding under the Prepetition Second Lien Sidecar Facility inclusive of all "Secured Obligations" (as defined in the Prepetition Second Lien Sidecar Credit Agreement) and all other amounts that may be due or owing under the Prepetition Second Lien Sidecar Loan Documents (collectively, the "***Prepetition Second Lien Sidecar Secured Obligations***").

20.     ***Prepetition Second Lien Sidecar Liens.*** Pursuant to the Prepetition Second Lien Sidecar Loan Documents, the Prepetition Second Lien Sidecar Loan Parties granted

to the Prepetition Second Lien Sidecar Agent, for the benefit of itself and the other Prepetition Second Lien Sidecar Secured Parties, properly perfected continuing liens and security interests in (collectively, the "***Prepetition Second Lien Sidecar Liens***") substantially all of the assets of the Prepetition Second Lien Sidecar Loan Parties, including, without limitation, all "Collateral" (as defined in the Prepetition Second Lien Sidecar Credit Agreement) (the "***Prepetition Second Lien Sidecar Collateral***") and the "Term Loan Priority Collateral" (as defined in the Prepetition ABL Intercreditor Agreement).

       21.    For purposes herein, the following definitions apply:

"***Prepetition Agents***" means the Prepetition ABL Agent, the Prepetition First Lien Agent, the Prepetition Second Lien Agent and the Prepetition Second Lien Sidecar Agent, in their respective capacities as such.

"***Prepetition Collateral***" means the Prepetition ABL Collateral, the Prepetition First Lien Collateral, the Prepetition Second Lien Collateral, and the Prepetition Second Lien Sidecar Collateral, respectively.

"***Prepetition Liens***" means the Prepetition ABL Liens, the Prepetition First Lien Liens, the Prepetition Second Lien Liens, and the Prepetition Second Lien Sidecar Liens, respectively.

"***Prepetition Loan Documents***" means the Prepetition ABL Loan Documents, the Prepetition First Lien Loan Documents, the Prepetition Second Lien Loan Documents, and the Prepetition Second Lien Sidecar Loan Documents, respectively.

"***Prepetition Loan Parties***" means the Prepetition ABL Loan Parties, the Prepetition First Lien Loan Parties, the Prepetition Second Lien Loan Parties, and the Prepetition Second Lien Sidecar Loan Parties, respectively.

"***Prepetition Secured Obligations***" means the Prepetition ABL Secured Obligations, the Prepetition First Lien Secured Obligations, the Prepetition Second Lien Secured Obligations, and the Prepetition Second Lien Sidecar Secured Obligations, respectively.  The Prepetition Secured Obligations ***exclude*** the Freedom Debtor Obligations.

"***Prepetition Secured Parties***" means the Prepetition ABL Secured Parties, the Prepetition First Lien Secured Parties, the Prepetition Second Lien Secured Parties, and the Prepetition Second Lien Sidecar Secured Parties, in their respective capacities as such.

5.      **Prepetition Intercreditor Agreements.**

22.     The Prepetition ABL Agent, the Prepetition First Lien Agent, the Prepetition Second Lien Agent and the Prepetition Second Lien Sidecar Agent are party to that certain *Amended and Restated Intercreditor Agreement*, dated as of November 22, 2021 (as amended, supplemented or otherwise modified, the "***Prepetition ABL Intercreditor Agreement***"), which sets forth the relative payment and lien priorities and other rights and remedies of the Prepetition ABL Secured Parties, on the one hand, and the Prepetition First Lien Secured Parties, the Prepetition Second Lien Secured Parties, and the Prepetition Second Lien Sidecar Secured Parties, on the other hand, with respect to "Common Collateral" (as defined in the Prepetition ABL Intercreditor Agreement).  Pursuant to the Prepetition ABL Intercreditor Agreement, the parties thereto agreed, among other things: (a) that the Prepetition ABL Liens on the ABL Priority Collateral are senior to the Prepetition First Lien Liens, Prepetition Second Lien Liens, and Prepetition Second Lien Sidecar Liens on such collateral, and (b) that the Prepetition First Lien Liens, Prepetition Second Lien Liens, and Prepetition Second Lien Sidecar Liens on the Term Loan Priority Collateral are senior to the Prepetition ABL Liens on such collateral.

23.     The Prepetition First Lien Agent, the Prepetition Second Lien Agent and the Prepetition Second Lien Sidecar Agent are party to that certain *Amended and Restated First Lien/Second Lien Intercreditor Agreement*, dated as of November 22, 2021 (as amended, amended and restated, supplemented or otherwise modified from time to time prior to the Petition Date in accordance with the terms thereof, the "***Prepetition 1L/2L Intercreditor Agreement***", and together with the Prepetition ABL Intercreditor Agreement, collectively, the "***Prepetition Intercreditor Agreements***"), which sets forth the relative payment and lien

priorities and other rights and remedies of the Prepetition First Lien Secured Parties, on the one hand, and the Prepetition Second Lien Secured Parties and the Prepetition Second Lien Sidecar Secured Parties, on the other hand, with respect to "Common Collateral" (as defined in the Prepetition 1L/2L Intercreditor Agreement).

C.    **The Final DIP Order, Challenge Deadline, and Unencumbered Assets**

24.    On December 11, 2024, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "**Final DIP Order**").  The Final DIP Order, among other things, set a Challenge Deadline of, as to the Committee, seventy (70) calendar days after the Committee was appointed (i.e., January 28, 2025), by which the Committee could assert a Challenge with respect to the applicable Debtors' various stipulations, waivers, and admissions in favor of the Prepetition Secured Parties under the Final DIP Order.

25.    By separate stipulation(s) filed with the Court, the Committee, the Required Lenders under the Prepetition First Lien Facility, and the Prepetition ABL Agent have agreed to extend the Challenge Deadline for the Committee with respect to certain identified Challenges.

26.    Based on the Committee's investigation to date, the Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral securing the Prepetition Second Lien Secured Obligations and Prepetition Second Lien Sidecar Secured Obligations does not include, and/or the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar

Secured Parties do not have a perfected or otherwise enforceable security interest in, the following assets of the applicable Debtors[4] or the proceeds thereof, as of the Petition Date: (a) any leased or owned real estate or any fixtures located thereon; (b) any commercial tort claims; (c) any money or currency, *provided that*, the Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral does include money or currency that constitutes the identifiable proceeds of other Prepetition Second Lien Collateral or Prepetition Second Lien Sidecar Collateral; (d) any deposit accounts at any bank or financial institution that are not subject to a valid and enforceable control agreement in favor of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties, *provided that*, the Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral does include funds in deposit accounts that constitute the identifiable proceeds of other Prepetition Second Lien Collateral or Prepetition Second Lien Sidecar Collateral; (e) any insurance policies relating to director & officer or management liability or otherwise; (f) any licenses or permits that cannot be pledged under applicable non-bankruptcy law or regulation; and (g) any Excluded Assets (as defined in the Prepetition Second Lien Loan Documents or Prepetition Second Lien Sidecar Loan Documents). The foregoing assets described in subparagraphs (a) through (g) are the "***Unencumbered Assets***."

27.    Plaintiff hereby asserts this Challenge as to those items identified as Unencumbered Assets above and submits that there is no evidentiary basis for a finding that the Prepetition Second Lien Agent or Prepetition Second Lien Sidecar Agent on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties,

---

[4]    Debtors Franchise Group Intermediate L, LLC, WNW Franchising, LLC, and WNW Stores, LLC are not obligors or pledgors with respect to the Prepetition Secured Obligations.

respectively, has a valid, perfected lien, claim, or interest in any of the Unencumbered Assets, and any inconsistent finding should be stricken from the Final DIP Order.

**D.     Reserved Matters**

28.     In addition, Plaintiff seeks a declaration that its rights to contest the following matters are fully reserved (together, the "***Reserved Matters***"):  (i) the allowance of any interest (or default rate interest) paid or accrued under the Prepetition Second Lien Loan Documents or Prepetition Second Lien Sidecar Loan Documents; (ii) the accuracy of the calculation of the amount of any principal, interest, fees, costs or charges paid or accrued under the Prepetition Second Lien Loan Documents or Prepetition Second Lien Sidecar Loan Documents; (iii) the reasonableness pursuant to section 506(b) of the Bankruptcy Code of the amounts of any fees, costs or charges to the extent provided for under the Prepetition Second Lien Loan Documents or Prepetition Second Lien Sidecar Loan Documents, and (iv) any adequate protection or diminution claim that may be asserted by the Prepetition Second Lien Agent, Prepetition Second Lien Sidecar Agent, or any individual lender against the applicable Debtors' estates.[5]

29.     Plaintiff submits that none of the Debtors' various acknowledgments, waivers, and stipulations in the Final DIP Order at paragraph F should have any impact on any rights, claims, defenses, offsets, or causes of action that Plaintiff or any of the applicable Debtors' estates may have against the Prepetition Second Lien Agent or Prepetition Second Lien Sidecar Agent on behalf of the Prepetition Second Lien Secured Parties or Prepetition Second

---

[5]     The Committee is continuing to investigate and reserves all rights to assert that the Debtors' guarantee of the Freedom Debtor Obligations totaling $19.5 million on account of the Prepetition Second Lien Loan Parties' guaranty of the Secured Holdco Guarantee Obligations (as defined in the Prepetition Second Lien Credit Agreement) pursuant to that certain *Supplement No. 1 to the Guarantee Agreement*, dated as of August 19, 2024, and that certain *Fifth Amendment to Second Lien Credit Agreement*, dated as of August 19, 2024, is avoidable as a fraudulent transfer.  All such rights are deemed Reserved Matters hereunder.

Lien Sidecar Secured Parties, respectively, with respect to the Reserved Matters or otherwise unrelated to the Prepetition Second Lien Loan Documents and the obligations thereunder or the Prepetition Second Lien Sidecar Loan Documents and the obligations thereunder.

30.     Plaintiff objects to the liens and claims asserted by the Prepetition Second Lien Agent or Prepetition Second Lien Sidecar Agent on behalf of the Prepetition Second Lien Secured Parties or Prepetition Second Lien Sidecar Secured Parties, respectively, to the extent inconsistent with the foregoing.  Plaintiff files this adversary proceeding in order to timely assert a Challenge and also to preserve its rights on behalf of the Debtors' general unsecured creditors under the Final DIP Order.

## CAUSES OF ACTION

## COUNT 1

**Declaratory Judgment Concerning Unencumbered Assets and Reserved Matters
U.S.C. §§ 2201 and 2202**

31.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

32.     The Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral under the Prepetition Second Lien Loan Documents and Prepetition Second Lien Sidecar Loan Documents and the ancillary documents thereto does not include, and/or the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties has failed to perfect its asserted liens, claims, and interests in, the Unencumbered Assets.

33.     Pursuant to the Final DIP Order, the Debtors stipulated that the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar

Secured Parties has liens on, or security interests in, some or all of the Unencumbered Assets. Plaintiff disputes these stipulations as they relate to the Unencumbered Assets.

34.     Plaintiff further submits that none of the Debtors' various acknowledgments, waivers, and stipulations in the Final DIP Order, including findings set forth in paragraph F thereof, should have any impact on any rights, claims, defenses, offsets, or causes of action that Plaintiff or any of the applicable Debtors' estates may have against the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties with respect to the Reserved Matters or otherwise unrelated to the Prepetition Second Lien Loan Documents and Prepetition Second Lien Sidecar Loan Documents and the obligations thereunder.

35.     Plaintiff objects to the liens and claims asserted by the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties against the applicable Debtors or their estates to the extent inconsistent with the foregoing.

36.     Accordingly, an actual, substantial, and justiciable controversy exists between Plaintiff, on the one hand, and the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties, on the other hand, concerning the validity, priority, or extent of the Defendant's liens, claims and interests.

37.     Such a controversy is sufficient to warrant the issuance of a declaratory judgment consistent with Plaintiff's allegations herein that (i) the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties has no valid or enforceable lien or security interest in the Unencumbered Assets, and (ii) Plaintiff's

rights and remedies are reserved under applicable law to dispute, challenge, contest, and litigate the Reserved Matters, and anything inconsistent therewith is stricken from the Final DIP Order.

## COUNT 2

### Avoidance of Liens With Respect to Unencumbered Assets
### 11 U.S.C. §§ 544, 550, and 551

38.      Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

39.      Pursuant to sections 544(a)(1) and (2) of the Bankruptcy Code, Plaintiff (acting on behalf of the applicable Debtors' estates), as of the Petition Date, and without regard to any knowledge of the applicable Debtors or any creditors, has the rights and powers of, or may avoid any transfer of property of the applicable Debtors or any obligation incurred by the applicable Debtors that is voidable by:

> A creditor that extends credit to a debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; or

> A creditor that extends credit to a debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against a Debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

40.      In this case, the Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral under the Prepetition Second Lien Loan Documents and Prepetition Second Lien Sidecar Loan Documents, respectively, and the ancillary documents thereto does not include, and/or the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties has failed to perfect its asserted liens, claims, and interests in, the Unencumbered Assets.

41.     Because the Defendant does not have properly perfected liens on, or security interests in, the Unencumbered Assets, any and all liens on and security interests in the Unencumbered Assets should be avoided pursuant to section 544(a) of the Bankruptcy Code, and such property or the value of such property, if previously transferred, should be recovered by the applicable Debtors' estates pursuant to section 550(a) of the Bankruptcy Code and/or automatically preserved for the benefit of the applicable Debtors' estates pursuant to section 551 of the Bankruptcy Code.

## COUNT 3

**Objection to Claims**
**11 U.S.C. § 502 and Bankruptcy Rules 3007 and 7001**

42.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

43.     The Prepetition Second Lien Collateral and Prepetition Second Lien Sidecar Collateral under the Prepetition Second Lien Loan Documents and Prepetition Second Lien Sidecar Loan Documents, respectively, and the ancillary documents thereto does not include, and/or the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties has failed to perfect its asserted liens, claims, and interests in, the Unencumbered Assets.

44.     Pursuant to the Final DIP Order, the Debtors stipulated that the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties has liens on, or security interests in, some or all of the Unencumbered Assets. Plaintiff disputes these stipulations as they relate to the Unencumbered Assets.

45.     Plaintiff further submits that none of the Debtors' various acknowledgments, waivers, and stipulations in the Final DIP Order, including findings set forth

in paragraph F thereof, should have any impact on any rights, claims, defenses, offsets, or causes of action that Plaintiff or any of the applicable Debtors' estates may have against the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties with respect to the Reserved Matters or otherwise unrelated to the Prepetition Second Lien Loan Documents and Prepetition Second Lien Sidecar Loan Documents and the obligations thereunder.

46.    Plaintiff objects to the liens and claims of the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties against the applicable Debtors or their estates to the extent inconsistent with the foregoing.

47.    Pursuant to the applicable provisions of the Bankruptcy Code, including without limitation section 502 and Bankruptcy Rules 3007 and 7001, each of the claims of the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties should be disallowed to the extent set forth herein.

WHEREFORE, by reason of the foregoing, Plaintiff requests that the Court enter an order and judgment:

(1)    declaring that certain property of the applicable Debtors is not subject to liens or security interests asserted by the Defendant on behalf of the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties;

(2)    avoiding the liens or security interests asserted by the Defendant on certain property of the applicable Debtors as invalid or unperfected;

(3)    reversing certain of the other acknowledgements and agreements of the Debtors in favor of the Defendant and the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties under the Final DIP Order, including those set forth in paragraph F thereof, and preserving certain of the Committee's rights to dispute the amounts owed to the Prepetition Second Lien Secured Parties and Prepetition Second Lien Sidecar Secured Parties; and

(4)    granting Plaintiff such other and further relief as the Court deems just, proper, and equitable, including the costs and expenses of this action.

Dated:    _____, 2025        Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ [DRAFT]*
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        bsandler@pszjlaw.com
              crobinson@pszjlaw.com

-and-

Robert J. Feinstein, Esq.    (admitted *pro hac vice*)
Alan J. Kornfeld, Esq.    (admitted *pro hac vice*)
Theodore S. Heckel, Esq.    (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:        rfeinstein@pszjlaw.com
              akornfeld@pszjlaw.com
              theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*