# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 435 & 712 |

**CERTIFICATION OF COUNSEL REGARDING *SUPPLEMENTAL*
PROPOSED ORDER (A) AUTHORIZING DEBTORS TO SELL BY PRIVATE SALE
CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO
THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

On December 13, 2024, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 435]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

(the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed form of order (the "Proposed Order")[2] approving the Motion was attached thereto as Exhibit A. A schedule of unexpired nonresidential property leases subject to assumption and assignment to the Purchaser (the "Assumed Leases") was attached to the Proposed Order as Exhibit 1.

The deadline to file objections or otherwise respond to the Motion was established as December 27, 2024 at 4:00 p.m. (ET) (the "Objection Deadline"), as may have been extended for certain parties. Prior to the Objection Deadline, the Debtors received informal comments to the Proposed Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and certain landlords (the "Landlords"). The Debtors also received objections [Docket Nos. 570, 572–578, 646] (collectively, the "Objections") from several parties who objected to the proposed assumption and assignment of certain Assumed Leases to the Purchaser (together with the U.S. Trustee and the Landlords, the "Objecting Parties"). The Debtors and the Objecting Parties agreed to adjourn the Objections to a subsequent hearing date to provide the parties with additional time to consider the Objections.

Thereafter, on January 10, 2025, the Court entered that certain *Order (A) Authorizing Debtors to Sell by Private Sale Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 712] (the "Sale Order"), which, among other things, approved the sale of certain assets to the Purchaser and authorized the Debtors to assume and assign certain of the Assumed Leases to the Purchaser, excluding the Assumed Leases listed on Exhibit 2 to the Sale Order

---

[2] Capitalized Terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or Proposed Order, as applicable.

(the "Reserved Leases"), which were the subject of the Objections. Following entry of the Sale Order, the Debtors continued working with the Objecting Parties to the Reserved Leases to consensually resolve the outstanding Objections.

On January 21, 2025, the Court held a hearing on the Motion, overruling certain Objections. In addition, the Court reserved its ruling on certain of the Objections (the "Reserved Objections") raised by certain Landlords, subject to additional briefing by the Debtors and the applicable Landlords.

Following discussions with certain of the Landlords (collectively, the "Landlord Parties"), the Debtors and the Landlord Parties have agreed to a supplemental order, attached hereto as Exhibit A (the "Supplemental Order"), that will resolve the Landlord Parties' Objections. The Debtors have provided the Supplemental Order to the U.S. Trustee, which does not object to its entry. The Supplemental Order does not address any relief related to the Reserved Objections, which will be addressed by a separate order following the Court's review of supplemental briefing.

WHEREFORE, as the Landlord Parties and the U.S. Trustee do not object to entry of the Supplemental Order, the Debtors respectfully request that the Court enter the Supplemental Order without further notice or a hearing at the Court's earliest convenience.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 28, 2025
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ *Allison S. Mielke*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*