## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>February 13, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>February 6, 2025 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER EXTENDING THE PERIOD WITHIN WHICH THE
## DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 by approximately ninety (90) days through and including May 1, 2025.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions (collectively, these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 188].

6. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[2]

7. On November 11, 2024, the Debtors filed a motion [Docket No. 154] (the "Bidding Procedures Motion") seeking approval of a bidding and auction process to consummate a sale of substantially all of their assets (the "Sale"), other than the assets liquidated pursuant to the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 351]. On December 16, 2024, the Court entered an order approving the Bidding Procedures Motion [Docket No. 444], which established, among other things, (i) February 3, 2025 as the bid deadline; (ii) February 7, 2025 as the auction date; and (iii) February 13, 2025 as the date for approval of the Sale.

## RELIEF REQUESTED

8. The deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is currently January 31, 2025 (the "Current Removal Deadline"). By

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

this Motion, the Debtors request that the Court enter the Proposed Order, extending the period within which the Debtors may remove actions and related proceedings by approximately ninety (90) days, through and including May 1, 2025, without prejudice to the rights of the Debtors and their estates to seek further extensions of the time within which to remove actions and related proceedings.[3]

## BASIS FOR RELIEF

9.    Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of claims and causes of action pending as of the Petition Date. Specifically, 28 U.S.C. § 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) sets forth the time for a debtor to file notices to remove claims or causes of action, and further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10.    Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

4

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Id. at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. See Pacor, Inc. v. Higgings, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006); Raff v. Gordon, 58 B.R. 988, 990 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); see also Doan v. Loomis (In re Fort Dodge Creamery Co.), 117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); In re Boyer, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

11. The Debtors may be parties to actions currently pending in other courts (collectively, the "Actions"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any such Actions.

12. Since the commencement of these Chapter 11 Cases, the Debtors have worked diligently to ensure a concrete path to emerge from the Chapter 11 Cases and to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. To that end, the Debtors have, among other things: (i) obtained critical "first-day" relief from the Court, including interim and final orders approving debtor-in-possession financing; (ii) obtained approval of the Bidding Procedures Motion and marketed the sale of their assets; (iii) prepared and filed their

schedules of assets and liabilities, statements of financial affairs, and monthly operating reports; (iv) retained certain professionals for the administration of these Chapter 11 Cases and for non-bankruptcy services rendered to the Debtors in the ordinary course of business; (v) responded to discovery requests and engaged in litigation regarding various matters; (vi) coordinated due diligence and responded to a myriad of inquiries regarding the Sale and assumption and assignment of executory contracts; (vii) negotiated, drafted, and filed their chapter 11 plan and the disclosure statement for the plan; (viii) responded to various creditor inquiries and demands; and (ix) handled other necessary tasks related to the administration of the Debtors' estates and these Chapter 11 Cases. Additionally, the Debtors are currently negotiating their chapter 11 plan with the various stakeholders in these Chapter 11 Cases.

13. As a result of the foregoing efforts and various others, the Debtors have not had sufficient time to determine if any Action should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors. The extension sought will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Action and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any other parties to the Actions because such parties may not prosecute them absent relief from the automatic stay. In addition, nothing herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

14. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including May 1, 2025, is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## NOTICE

15. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 30, 2025
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted pro hac vice)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Co-Counsel and Proposed Counsel to the Debtors and Debtors in Possession*