**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>February 13, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>February 6, 2025 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
EXTENDING THE DEADLINE FOR THE DEBTORS TO
ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL
REAL PROPERTY UNDER WHICH ANY OF THE DEBTORS IS A LESSEE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting the Debtors an extension of 90

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

days, through and including June 2, 2025,[2] of the deadline for the Debtors to assume or reject each of the leases, subleases, and other agreements under which any of the Debtors is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Real Property Leases"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief sought herein is section 365(d)(4) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

---

[2] The current Assumption/Rejection Period (as defined below) is March 3, 2025. Ninety (90) days from the expiration of such Assumption/Rejection Period is Sunday, June 1, 2025. Pursuant to Bankruptcy Rule 9006, the next business day for the purposes of establishing the Assumption/Rejection Period is Monday, June, 2 2025.

**BACKGROUND**

4. On November 3, 2024, each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

6. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").[3]

7. On November 11, 2024, the Debtors filed a motion [Docket No. 154] (the "Bidding Procedures Motion") seeking approval of a bidding and auction process to consummate a sale of substantially all of their assets (the "Sale"), other than the assets liquidated pursuant to the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 351]. On December 16, 2024, the Court entered an order approving the Bidding Procedures Motion [Docket No. 444], which established, among other things, (i) February 3, 2025 as the bid deadline; (ii) February 7, 2025 as the auction date; and (iii) February 13, 2025 as the date for approval of the Sale.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

8. The Debtors' business segments include a diverse collection of highly recognized, market-leading, and emerging retail brands, including American Freight ("American Freight"), a retail furniture chain selling quality furniture, mattresses, and home appliances. As of the Petition Date, the Debtors had approximately 2,200 total retail store locations (including both corporate-owned and franchised locations), approximately 341 of which were operated by American Freight.

9. In addition to the Sale process, pursuant to the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 351], the Debtors, together with Hilco Merchant Resources, LLC, have implemented and conducted orderly store closing sales (the "Store Closing Sales") at all American Freight store locations and are in the process of winding down the American Freight business.

10. In doing so, the Debtors have been dutifully considering their contracts and leases and have filed twelve (12) motions to reject executory contracts, including non-residential leases for real property, in connection with the Sale process and the Store Closing Sales. The Debtors are continuing to assess and consider their lease portfolio pending the conclusion of the Sale process.

11. In addition, the Debtors have been working on their restructuring plan. On November 11, 2024, the Debtors filed a chapter 11 plan [Docket No. 150] (as may be amended, supplemented, or modified from time to time, the "Plan") and a related disclosure statement [Docket No. 151] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement"). Thereafter, on January 3, 2025, the Debtors filed an amended Plan [Docket No. 654] and Disclosure Statement [Docket No. 655] based on various negotiations the

Debtors have had during this time with their various key stakeholders.  The Debtors are continuing to negotiate with such parties and expect to file a further amended Plan and Disclosure Statement.  A hearing has been scheduled for February 6, 2025 to consider the adequacy of the Disclosure Statement.

## RELIEF REQUESTED

12.     Pursuant to section 365(d)(4) of the Bankruptcy Code, debtors have an initial 120-day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee. 11 U.S.C. § 365(d)(4).  Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that, upon a motion by the debtors, the Court may extend the initial 120-day deadline by ninety (90) days "for cause."  11 U.S.C. § 365(d)(4)(B).  Any subsequent extensions of the deadline to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee may only be granted with the prior written consent of the affected lessors.  11 U.S.C. § 365(d)(4)(B)(ii). Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of non-residential real property under which it is a lessee prior to the applicable deadline, such lease will automatically be deemed rejected.  11 U.S.C. § 365(d)(4)(A).

13.     As noted above, pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' current deadline to assume or reject any Real Property Leases is March 3, 2025 (the "Assumption/Rejection Period").  By this Motion, the Debtors request that the Court enter the Proposed Order, extending the Assumption/Rejection Period by ninety (90) days, through and including June 2, 2025, pursuant to section 365(d)(4) of the Bankruptcy Code.  Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the

Bankruptcy Code, to request a further extension of the Assumption/Rejection Period with the consent of the affected lessors.

## BASIS FOR RELIEF

14. Ample cause exists to extend the Assumption/Rejection Period to provide the Debtors with additional time to determine whether any of the Real Property Leases should ultimately be assumed or rejected. Since the commencement of these Chapter 11 Cases, the Debtors have worked diligently to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. To that end, the Debtors have, among other things: (i) obtained critical "first-day" relief from the Court, including interim and final orders approving debtor-in-possession financing; (ii) obtained approval of the Bidding Procedures Motion and marketed the sale of their assets; (iii) prepared and filed their schedules of assets and liabilities, statements of financial affairs, and monthly operating reports; (iv) retained professionals for the administration of these Chapter 11 Cases and for non-bankruptcy services rendered to the Debtors in the ordinary course of business; (v) responded to discovery requests and engaged in litigation regarding various matters; (vi) coordinated due diligence and responded to a myriad of inquiries regarding the Sale and assumption and assignment of executory contracts; (vii) negotiated, drafted, and filed the Plan and Disclosure Statement; (viii) responded to various creditor inquiries and demands; and (ix) handled other necessary tasks related to the administration of the Debtors' estates and these Chapter 11 Cases. Additionally, the Debtors are currently negotiating the terms of the Plan with their various stakeholders in these Chapter 11 Cases.

15. Given the complex and time-consuming tasks detailed above, including that the Debtors continue to be party to more than 800 Real Property Leases, the Debtors submit that the requested extension should be approved to give the Debtors sufficient time to continue to assess

6

their Real Property Leases pending the conclusion of the Sale process and determine whether rejection of any such Real Property Leases is appropriate and in the best interests of the Debtors and their estates.[4]

16. The Third Circuit Court of Appeals has recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." In re Channel Home Ctrs., Inc., 989 F.2d 682, 689 (3rd Cir. 1993). The Court typically weighs three factors in determining whether cause exists to extend the deadline to assume or reject unexpired leases of non-residential real property:

> (i) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtors;
>
> (ii) whether the case is complex and involves large numbers of leases; and
>
> (iii) whether or not the debtors have had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

In re Wedtech Corp., 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); accord Channel Home Ctrs., 989 F.2d at 689 (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

17. The Debtors submit that the Wedtech factors are readily satisfied in these Chapter 11 Cases. First, until the Debtors, in their business judgment, determine otherwise, any Real Property Leases are a potentially important asset of the Debtors' estates, and therefore the decision to assume or reject any Real Property Leases is necessarily of central importance to the Debtors'

---

[4] Indeed, to date, the Debtors have already rejected approximately 400 Real Property Leases, 300 of which were rejected following the conclusion of the Store Closing Sales.

7

efforts to preserve and maximize the value of their estates for the benefit of all stakeholders. While the Debtors also have been diligently reviewing their Real Property Leases, whether certain of such Real Property Leases will be assumed and assigned pursuant to the Sale, ultimately will depend on the purchaser of any or all of the Debtors' assets. As a result, the Debtors must be afforded sufficient time to determine which, if any, Real Property Leases should be assumed, assumed and assigned, or rejected.

18. Second, as set forth above, the Debtors have devoted a significant amount of time, energy, and resources to administering their Chapter 11 Cases, and have primarily been focused on responding to discovery requests and related litigation issues, pursuing a value-maximizing bid for their assets, and negotiating the terms of the Plan. Given these substantial efforts, the Debtors require additional time to evaluate whether any of the remaining Real Property Leases should be assumed, particularly given the Debtors' Sale process remains underway.

19. In the absence of an extension of the Assumption/Rejection Period, the Debtors would be prematurely forced to assume Real Property Leases that may later prove to be burdensome, which could give rise to unnecessary administrative expense claims against the Debtors' estate and jeopardize the Debtors' ability to successfully prosecute these Chapter 11 Cases. Alternatively, the Debtors could be prematurely forced to reject certain Real Property Leases that ultimately could have benefited the Debtors' estates. Among other things, the extension requested herein will decrease the risk of such negative outcomes for the Debtors' estates and will therefore benefit all stakeholders.

20. Furthermore, there should be no prejudice to the lessors as a result of the requested extension of the Assumption/Rejection Period. Pending their election to assume or reject any Real Property Leases, the Debtors have satisfied, and will continue to perform, their undisputed

obligations arising from and after the Petition Date as required by the Bankruptcy Code. As a result, the requested extension will afford the Debtors the opportunity to preserve and maximize estate value, without prejudicing the rights of the lessors.

## **NOTICE**

21.  Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; (ix) the lessors for any Real Property Leases and their counsel, if known; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 30, 2025
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted *pro hac vice*)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Co-Counsel and Proposed Counsel to the Debtors and Debtors in Possession*