IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC. *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 487 |

**OBJECTION AND RESERVATION OF RIGHTS OF
BB BHF STORES LLC FRANCHISEE TO NOTICE OF POSSIBLE
ASSUMPTION AND ASSIGNMENT AND CURE COSTS
WITH RESPECT TO EXECUTORY CONTRACTS**

bb BHF Stores LLC (as applicable, "BHF" or "Franchisee(s)") by and through their undersigned counsel, respectfully submit this objection (this Objection") to the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] (the "Cure Notice") filed by the above-captioned Debtors (the "Debtors" or "Franchise Group").   In support of its Objection, BHF states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

## PRELIMINARY STATEMENT[2]

1. In connection with their proposed asset sales, the Debtors seek to potentially assume and assign Franchise Agreements (as defined below) entered into between Debtor Buddy's Franchising and Licensing LLC (the "Franchisor") or "Buddy's Franchising") and BHF. Those agreements which govern the parties' franchisor-franchisee relationship and respective rights and obligations related to sixty-two (62) Buddy's branded stores operated by BHF. However, the Debtors are in default under the Franchise Agreements. These defaults include material incurable breaches of non-competition provisions that are essential elements of BHF bargained-for rights under the Franchise Agreements.

2. Even assuming that the Franchise Agreements could be assumed and assigned notwithstanding these material incurable breaches, the cure amounts of $0.00 identified in the Cure Notice are incorrect. BHF asserts that the actual cure amounts due BHF consist of damages based upon the Franchisor's breaches of the Franchise Agreements. All cure amounts must be paid before the Debtors may assume and assign the Franchise Agreements. Additionally, to the extent the Franchise Agreements are assignable, they must be assumed and assigned in their entirety without amendment, and adequate assurance of future performance must be provided.

## RELEVANT BACKGROUND

3. On November 3, 2024 (the "Petition Date"), the above-captioned Debtors, including Buddy's Franchising, filed voluntary petitions for relief under Chapter 11 of Title 11

---

[2] BHF is filing this objection after the objection deadline because it did not receive timely notice. The Debtors incorrectly listed BHF's former mailing address in its Cure Notice despite being notified in writing of the address change nearly two years ago. Accordingly, BHF was not timely notified by mail of the Cure Notice and only learned of the Cure Notice well after the January 3, 2025, objection deadline. Debtors' counsel agreed to an extension of the deadline to January 31, 2025 at 4:00 pm.

of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court").

4. The Debtors privately hold and operate franchised businesses. Their current collection of brands and business segments include The Vitamin Shoppe ("Vitamin Shoppe"), Pet Supplies Plus ("Pet Supplies"), Buddy's Home Furnishings ("Buddy's") and American Freight ("American Freight").

5. Buddy's offers furniture, electronics, appliances offering electronics, appliances and furniture to consumers primarily through rent-to-own agreements.[3]

**A.  The Franchise Agreements with BHF Buddy's.**

6. BHF appears to be the third largest Buddy's franchisee of the Debtors, operating sixty-two (62) stores in approximately ten (10) states in the southeast U.S.  Each store is governed by its own stand-alone franchise agreement together with all related addendums, amendments and exhibits, which sets forth the rights and obligations of the parties. The franchise agreement for the twelve stores at issue contain the same or substantially the same terms in relevant part (individually the "Franchise Agreement" and collectively the "Franchise Agreements").

7. The term of each respective Franchise Agreement is ten (10) years.  For example, the earliest BHF Franchise Agreement commenced in November 2020, and would, in the absence of earlier termination due to the Franchisor's breaches, expire in November 2030.

**B.  Non-Compete Provision of the Franchise Agreement**

8. The Franchise Agreement restricts the ability of the Franchisor and its affiliates to operate a competing business within each of the Franchisees' established territories. Each Franchise Agreement creates a "Territory" for the franchisee's operations.  Under the Franchise

---

[3] See https://www.buddyrents.com/about-buddys

3

Agreement, "Territory" means the geographic area assigned to each BHF Franchised Businesses. *See* Franchise Agreement, Section 1(q). *See also* Franchise Agreement, Exhibit A. The Territories range from a two- to eight-mile radius from each store address, with approximately twenty-seven stores containing a 5-mile radius.

9. The Franchise Agreement expressly precludes the Franchisor from establishing "either a company-owned or franchised Buddy's Retail Business location within the Territory under the Trademarks…." *See* Franchise Agreement, Section 2(b). Additionally, the Franchise Agreement expressly precludes the Franchisor or its affiliates from operating any "Competitive Business" within any of BHF's Territories. *See* Franchise Agreement, Section 2(d)(ii) ("[Franchisee] acknowledge[s] and agrees that *[Franchisor] and [its] affiliates* may . . . operate and grant to others the right to operate retail businesses or any other business, <u>*other than a Competitive Business*</u>, at any location (including within the Territory) . . ." (<u>*emphasis*</u> added). "Competitive Business" is defined to include any rent-to-own, rental purchase, lease purchase or other business that leases, rents, sells or distributes home furnishings, electronics or appliances through any channel, including, without limitation, business conducted by means of retail outlets, internet or direct marketing." *See* Franchise Agreement Section 1(d).

**C.    Franchisor's Breaches of the Franchise Agreements.**

**Badcock Home Furnishing Stores**

10. In about November of 2021, an affiliate of Buddy's Franchising acquired W.S. Badcock Corporation ("Badcock"), a home furnishings company with 383 stores in eight southeastern states.[4] As a result, an affiliate of Buddy's Franchising became the owner of

---

[4] See Press Release https://www.globenewswire.com/news-release/2021/11/22/2339035/0/en/Franchise-Group-Inc-Acquires-W-S-Badcock-Corporation.html

4

numerous Badcock Home Furnishing stores within the Territories of many BHF Franchised Businesses. The stores are branded "Badcock Home Furniture & more" and offer furniture, appliances, electronics, and accessories in lease to own arrangements. These Badcock Home Furnishing stores constitute Competitive Businesses as defined by the Franchise Agreement, resulting in a breach of Section 2(d)(ii) of the Franchise Agreement, which prohibited the Franchisor or its affiliates from operating any Competitive Business within a BHF Territory.

11. Specifically, Franchisor's affiliates operated at least twelve (12) Badcock Competitive Businesses within the following BHF Territories:

1. Store 518     Opelika         AL
2. Store 543     Greenville      NC
3. Store 544     Henderson       NC
4. Store 545     Kinston         NC
5. Store 557     Chattanooga     TN
6. Store 558     Cleveland       TN
7. Store 559     Cookeville      TN
8. Store 560     Murfreesboro    TN
9. Store 574     Wilson          NC
10. Store 591    Greensboro      NC
11. Store 594    Sylacauga       AL
12. Store 1001   Columbia        SC

12. BHF has been materially damaged by the Franchisor's breaches of the Franchise agreements. These breaches continued for years and are continuing.

### D. The Proposed Sale.

13. On November 11, 2024, the Debtors filed Debtors Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims,

Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief. [D.I. 154]

14. On December 16, 2024, the Court entered the Order (REVISED) (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief (the "Bidding Procedures Order") [D.I. 444].

15. On December 20, 2024, in accordance with the Bidding Procedures Order, the Debtors filed the Cure Notice, which indicates that the Debtors may potentially seek to assume and assign the BHF Franchise Agreements related to each of the Buddy's stores operated by BHF. *See* Cure Notice, Exhibit A-4, pp. 12-15.FF

## ARGUMENT

### I. The Franchise Agreements Cannot be Assumed and Assigned Due to Incurable Material Defaults.

16. In the instant case, the Franchisor breached the Franchise Agreement's non-competition provision due to the Franchisee Group's operation of competing Badcock stores within BHF's Territories. In entering into the Franchise Agreements, the Franchisor and BHF agreed that in exchange for BHF's payment of franchise and royalty fees and other performance of its obligations, the Franchisor and its affiliates would abide by their obligations, including the critical obligation not to damage the Franchisee's business by operating Competitive Businesses within BHF's Territory. These protections afforded to the Franchisees in the Franchise Agreements go to the very essence of the parties' relationship.

17. BHF's arguments regarding the inability of the Debtors to assume the Franchise Agreements have already been made in the objection filed by Pentex.

## II. Even if the Debtors Could Assume and Assign the Franchise Agreements, the Debtors Owe a Cure Amount Related to the BHF's Damages.

18. As noted above, the Debtors cannot assume and assign the Franchise Agreements due to their uncurable breaches. Nevertheless, if this Court were to allow the Debtors to assume and assign the Franchise Agreements despite the Debtors' breaches, the Debtors, pursuant to Section 365(b)(1) of the Bankruptcy Code, must cure all outstanding amounts owed under the Franchise Agreements in full and provide adequate assurance of future performance prior to assuming such contracts. *See In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (2003) ("In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.").

19. The Initial Cure Notice lists the "Cure Amount" as $0.00 for each Franchise Agreement listed therein. To the extent that the Court finds that the Franchise Agreement can be assumed and assigned notwithstanding material incurable breaches, then such default must be cured through the payment of money damages. BHF asserts that its damages resulting from Franchisor's breaches of the Franchise Agreements are substantially in excess of $1 million. The damages include estimates of direct damages, consequential damages and lost profits due to the impermissible Competing Businesses that the Debtors operated within BHF's Territories. Because they do not flow from a simple calculation, BHF will have to prove these damages through discovery and expert testimony.

### III. To the Extent the Franchise Agreements are Assignable, They Must be Assumed and Assigned in Their Entirety Without Amendment, and Adequate Assurance of Future Performance Must be Provided.

20. If the Court finds that the Franchise Agreements can be assumed and assigned, which BHF disputes, the Franchise Agreements must be assumed and assigned in their entirety without amendment. A decision to assume or reject an executory contract is "an all or nothing proposition." *Schlumberger Resource Mgmt. Serv., Inc. v. Cellnet Data Sys., Inc. (In re Cellnet Data Sys., Inc.)*, 327 F.2d 242, 249 (3d Cir. 2003). Thus, if a debtor assumes a contract, it must do so with all the benefits, as well as the burdens. *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 183 (Bankr. E.D. Pa. 2010) (holding that the debtor "must either assume the whole contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits"). Accordingly, if the Debtors seek to assume or assign the Franchise Agreements, they must do so in their entirety, without amendment.

21. In addition, BHF demands adequate assurance of future performance once the Debtors identify any buyer of the Debtors' assets.

## RESERVATIONS OF RIGHTS

22. BHF reserves the right to amend or supplement this Objection in all respects, including (i) to assert all additional amounts become owed to it between the date hereof and the date of any assumption or assumption and assignment of the Franchise Agreements that otherwise must be cured under Section 365(b)(1)(A) of the Bankruptcy Code; (ii) to supplement with respect to facts subsequently discovered; or (iii) to assert any buyer-specific objections.

23. BHF reserves all rights to raise any additional objections to the Debtors' efforts to assume or assign the Franchise Agreements. BHF further reserves all rights it has under the Franchise Agreements, the orders related to any proposed sale of the Debtors' assets including the

Franchise Agreements, and applicable law, including, but not limited to, its rights to seek adequate protection and/or relief from the automatic stay.

## CONCLUSION

**WHEREFORE,** BHF respectfully requests that this Court enter an Order: (a) sustaining this Objection; (b) modifying any order, schedule or other operative document approving or implementing the sale of the Debtors' assets to provide that the BHF Franchise Agreements are not assumed and assigned; and (c) Granting such other, further, and differ rent relief as this Court deems just and proper.

Dated: January 31, 2025                     **CROSS & SIMON, LLC**

 */s/ Michael L. Vild*
Michael L. Vild (No. 3046)
Christopher P. Simon (No. 3697)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
Telephone: 302-777-4200
mvild@crosslaw.com
csimon@crosslaw.com

*Counsel for bb BHF Stores LLC*