# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRANCHISE GROUP, INC., et al. | Case No. 24-12480 (LSS) |
| Debtors. | Jointly Administered |

## LIMITED OBJECTION TO AUCTION SALE AND RESERVATION OF RIGHTS

ML-MJW Port Chester SC Owner LLC ("**ML-MJW**"), by and through undersigned counsel, hereby objects to the proposed Auction and Sale of certain lease rights as contemplated by the *Notice of Proposed Sale of Assets, Bidding Procedures, Auction, and Sale Hearing* [Dkt. No. 454] and related documents and reserves all rights relative to the potential assumption and assignment of leases. For its objection, ML-MJW represents as follows:

1. ML-MJW is a party to that certain Second Amendment to Lease made and effective September 14, 2022 as amended (collectively, the "**Lease**"), wherein ML-MJW is landlord and Debtor Vitamin Shoppe Industries LLC ("**Debtor**") is tenant pertaining to that certain shopping center known as Gateway Shopping Center with the premises located at 535 Boston Post Road, Port Chester, New York 10573 (the "**Leased Premises**").

2. The Lease includes many exclusivity and use restrictions applicable to the Leased Premises and any assignment of the Lease would be subject to the same.

3. ML-MJW believes that some proposed purchasers of the Debtor's interest in the Lease may wish to use the Leased Premises in a manner prohibited under the Lease. As such, it would not be economical to sell the Debtor's interest in the Lease until the proposed use and purchaser was properly vetted to ensure a use not prohibited and compatible with the Lease and the Shopping Center of which the Leased Premises are a part.

4.      Pursuant to 11 U.S.C. § 365(b)(1), a debtor may not assume a lease unless it (a) cures, or provides adequate assurance that it will promptly cure, any existing default, (b) compensates, or provides adequate assurance that it will promptly compensate, a party (other than debtor) to the lease, for any actual pecuniary loss to such party resulting from such default, and (c) provides adequate assurance of future performance under the lease. 11 U.S.C. § 365(b)(1)(A), (B) and (C).

5.      Further, pursuant to 11 U.S.C. § 365(b)(3), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance (a) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease, (b) that any percentage rent due under such lease will not decline substantially, (c) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center, and (d) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center. 11 U.S.C. § 365(b)(3)(A), (B), (C) and (D).

6.      ML-MJW reserves the right to withhold consent and object to any proposed assignee that has not been specifically approved by ML-MJW following proper due diligence. Also, ML-MJW reserves the right to withhold consent and object to any proposed assumption of the Lease without adequate assurance of future performance. Adequate assurance of future performance includes performance of each and every provision of the Lease including, without limitation, non-monetary provisions regulating the use of the Leased Premises.

Respectfully submitted this 31st day of January 2025.

                            NEAL GERBER & EISENBERG LLP

               By: /s/ *Robert Radasevich* (IL Bar No. 618038)
                   Robert Radasevich
                   Two N. LaSalle St., Suite 1700
                   Chicago, Il 60602
                   rradasevich@nge.com
                   Tel: 312-269-8000

# CERTIFICATE OF SERVICE

I certify that on January 31, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware and by electronic mail on the following:

/s/ *Robert Radasevich*
Robert Radasevich

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Attn: Debra M. Sinclair, Esq. Matthew A. Feldman, Esq. and Betsy L. Feldman, Esq.
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com

Young Conaway Stargatt and Taylor, LLP
1000 North King Street
Wilmington, DE, 19801
Attn: Edmon L. Morton, Esq. Matthew B. Lunn, Esq. and Allison S. Mielke, Esq.
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com

Office of the United States Trustee
for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, DE 19801
Attn: Timothy J. Fox
timothy.fox@usdoj.gov

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
New York NY 10017, 34th Floor
Attn: Bradford J. Sandler, Robert J. Feinstein, Paul J. Labov, and Theodore S. Heckel
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
plabov@pszjlaw.com
theckel@pszjlaw.com

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn: Jayme Goldstein, Esq. Jeremy Evans, Esq. and Isaac Sasson, Esq.
jaymegoldstein@paulhastings.com
jeremyevans@paulhastings.com
isaacsasson@paulhastings.com

Landis Rath & Cobb LLP
919 N. Market Street Suite 1800
Wilmington, DE 19317
Attn: Adam G. Landis, Esq. and Matthew McGuire, Esq.
landis@lrclaw.com
mcguire@lrclaw.com

| | |
|---|---|
| Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Attn: Jennifer Ezring, Esq., James Ktsanes, Esq., and Andrew Sorkin, Esq.<br>Jennifer.Ezring@lw.com<br>James.Ktsanes@lw.com<br>andrew.sorkin@lw.com | White & Case LLP<br>200 S Biscayne Blvd<br>Miami, FL 33131<br>Attn: Thomas Lauria, Esq. and Bojan Guzina, Esq.<br>tlauria@whitecase.com<br>bojan.guzina@whitecase.com |

37545099.2