# **EXHIBIT A**

**OCP Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> FRANCHISE GROUP, INC., *et al*.,[1] <br><br>         Debtors. | Chapter 11 <br><br> Case No. 24-12480 (LSS) <br><br> (Jointly Administered) <br><br> **Objection Deadline:** <br> **February 14, 2025 at 4:00 p.m. (ET)** |

## **DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

  1.  I, Michelle Brower, hereby declare that the following is true to the best of my knowledge, information and belief:

  2.  I am a Managing Director of Stout Risius Ross, LLC (the "Firm" or "Stout") which has its principal office located at One South Wacker Drive, 38th Floor, Chicago, IL 60606.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

3. This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware dated December 6th, 2024, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. The Firm is not a legal services firm.

5. The Firm has represented and advised the Debtors as valuation and financial advisors since 2015.

6. As of the Petition Date, the Firm held a retainer in the amount of $0.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: various valuation and financial advisory services including fair value assessments commencing on or about February 1, 2025.

8. The Firm's current customary hourly rates, subject to change from time to time, are $225 - $850. In the normal course of business, the Firm revises its regular hourly rates and advises that, effective October 1st of each year, the aforementioned rates will be revised to the regular hourly rates that will be in effect at that time.

9. The Firm does keep in the ordinary course of business time records in one-tenth-of-an-hour increments. Additionally, the Firm does provide services that include fixed fee arrangements, and fixed fee ranges with fee caps based on hourly rates. The services to be

provided by the Firm are anticipated to be based on fixed fee ranges with fee caps based on hourly rates.

10. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the above-captioned chapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. The Firm's review of such Interested Parties identified the following connections, including current and prior representations.

i. A Team Sales LLC
ii. AlixPartners LLP
iii. Brixmor SPE 5 LLC
iv. Coyote Logistics
v. Davis Polk & Wardwell LLP
vi. Deloitte & Touche LLP
vii. Ducera Partners LLC
viii. Enterprise FM Trust
ix. Ernst & Young
x. Evercore LP
xi. Flexport
xii. Foley & Lardner LLP
xiii. Google
xiv. Gordon Rees Scully Mansukhani, LLP
xv. Grant Thornton LLP
xvi. Guggenheim Securities, LLC
xvii. Hilco Real Estate, LLC
xviii. Holland & Knight, LLP
xix. JPMorgan Chase Bank, N.A.
xx. Kroll Restructuring Administration LLC
xxi. Landis Rath & Cobb LLP
xxii. Latham & Watkins LLP
xxiii. Madix Inc
xxiv. Mars Petcare
xxv. Menard, Inc.
xxvi. Meta Platforms, Inc.
xxvii. Morris, Nichols, Arsht & Tunnell LLP
xxviii. National Retail Properties, LP
xxix. Nestle Purina Petcare Company
xxx. Old Orchard, LLC
xxxi. Paul Hastings LLP
xxxii. Porter Wright Morris & Arthur LLP
xxxiii. Realty Income Corporation
xxxiv. Repwest Insurance Company
xxxv. Rose & Rose, LLC
xxxvi. Royal Canin
xxxvii. Ryan, LLC
xxxviii. Sheppard Mullin Richter & Hampton LLP
xxxix. Troutman Pepper Hamilton Sanders LLP
xl. UPS (Ocean Freight)

| | | | |
|---|---|---|---|
| xli. | Velosio LLC | xlv. | Willkie Farr & Gallagher LLP |
| xlii. | Wellness Pet LLC | | |
| xliii. | Whirlpool | xlvi. | Young Conaway Stargatt & Taylor, LLP |
| xliv. | White & Case LLP | | |

11. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: Stout has been provided a list of the Debtors' creditors and other persons identified as Interested Parties in the Chapter 11 Cases by the Debtors. Stout's conflicts check is done by searching a computer database maintained by Stout for the specific names. Stout has not been provided, nor has it searched the names of any unnamed parents, subsidiaries, or affiliates of the entities listed in interested parties, and it is possible that Stout has been engaged by some of these unnamed entities in matters unrelated to the Debtors or the Chapter 11 Cases. Additionally, due to the magnitude of the aforementioned Stout computer database, many common names (for example, those of common individual surnames, etc.) appear repetitively.

12. Despite the efforts described above to identify and disclose Stout's connections with the Interested Parties in the Chapter 11 Cases, because Stout is a global firm with over a thousand personnel, and because the Debtors are a large enterprise, Stout is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Stout discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

13. To the best of my knowledge, through reasonable inquiry, I do not believe there is any connection between myself or any personnel of Stout who are anticipated to provide services to the Debtors and the United States Bankruptcy Judge presiding in their Chapter 11 Cases, the Bankruptcy Judges included on the Interested Parties List, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the United States Trustee Office

representatives included in the Interested Parties List, and the attorneys therefor assigned to these Chapter 11 Cases that would render the Firm's retention in these Chapter 11 Cases improper.

14. To the best of my knowledge, formed after due inquiry, neither I, nor any personnel of Stout who are anticipated to provide services to the Debtors has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

15. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

16. The Firm does not perform services for any of the Interested Parties that relate to the Debtors or the above-captioned chapter 11 cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

17. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

18. In the past year, the Firm has been paid $0 by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has not rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $0 on account of prepetition services. The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.

19. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $50,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330, 331, and section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable procedures or orders of the Court.

20. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

21. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by the Bankruptcy Rules.

22. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 31, 2025                   /s/ Michelle Brower
                                                           Michelle Brower
                                                           One South Wacker Drive
                                                           38th Floor
                                                           Chicago, IL 60606