## Exhibit A

**Objections Chart**

**In re Franchise Group, Inc.,** *et al.***, Case No. 24-12480 (LSS)**

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| 441 | Accelerated | The Accelerated Objection asserts a claim for unpaid services against the Debtors. | Although styled as an objection the Disclosure Statement, the Accelerated Objection does not assert any objections to the Disclosure Statement. Reconciliation of Accelerated's claims is anticipated to occur after the bar date. For the reasons set forth herein and in the Motion, the Disclosure Statement contains sufficient information to inform Accelerated as to whether to accept or reject the Plan. |
| 679 | U.S. Trustee | The Disclosure Statement lacks meaningful information regarding creditors' treatment under the Plan, as 0% recoveries are identified with footnotes as to wide circumstances that may improve such treatment.  [U.S. Trustee Objection ¶ 29] | Whether holders of Allowed General Unsecured Claims in the various Classes will be entitled to a recovery is dependent upon the outcome of the Sale Transaction, the pending Freedom HoldCo Independent Investigation, the success of any OpCo Litigation Claims pursued by the OpCo Litigation Trustee after the Effective Date of the Plan, and whether there are any settlements or compromises that would inure to such holders.  The Debtors believe such circumstances are adequately described in the Disclosure Statement.  However, the Debtors have added additional disclosures about the circumstances that may affect the estimated recoveries for Allowed Claims in Classes 5-8 and 11.  See Disclosure Statement §§ II(A)(vi), VI(C).<br><br>Importantly, as the U.S. Trustee Objection notes, any such modifications (if any) to the treatment of Allowed General Unsecured Claims would only increase recoveries to the class, not decrease them. |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | In other words, creditors <u>are</u> aware that their treatment might change, <u>and they are also aware</u> that they will not be prejudiced by any such change. The only impact of knowing more precise information today would be that more creditors would presumably vote in favor of the Plan due to their improved treatment—not that creditors who would vote to accept the Plan as currently drafted would instead vote to reject the Plan or wish to object to its terms. |
| | | The Debtors fail to disclose that they are giving two sets of releases benefitting the same Released Parties. The Debtors fail to explain which of the two releases will control if there is a conflict. [U.S. Trustee Objection ¶ 30] | The information contained in the Disclosure Statement regarding releases is adequate to permit applicable creditors to make an informed decision when voting on the Plan.<br><br>The Plan clearly sets forth which entities are Released Parties (Plan § 1.171), which entities are Releasing Parties (Plan § 1.172), and the specific Debtor Release and Third-Party Release provisions (Plan §§ 12.2, 12.3). The same definitions and provisions are also provided in bolded, prominent font on the applicable Solicitation Materials. <u>See e.g.</u>, Form of Class 3 Ballot at 3–8.<br><br>Contrary to the U.S. Trustee's objection, the Plan does not provide that the Debtors will release the Released Parties under both the Debtor Release and the Third-Party Release. Under section 12.2 of the Plan, the Debtors will provide releases to each of the other Released Parties. Under section 12.3 of the Plan, the non-Debtor Releasing Parties will |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | provide releases to each of the other Released Parties.  Plan §§ 12.2, 12.3. |
| | | The Disclosure Statement does not adequately disclose (a) why the Debtors will be releasing the Released Parties, (b) the nature and value of the claims the Debtors are releasing, or (c) what consideration the Debtors receive in exchange for such releases.  [U.S. Trustee Objection ¶ 31] | This is an objection to the Plan releases, which is an objection to confirmation of the Plan and should be deferred until the Confirmation Hearing.  In any event, as stated in the Motion and consistently repeated throughout these Chapter 11 Cases, the Plan represents heavily negotiated settlements among the Debtors, the DIP Lenders, and the Required Consenting First Lien Lenders, and the Committee.  The Plan releases are a condition of those settlements and are integral to the Plan.  Each Released Party is also a Releasing Party, meaning all parties being given a release by the Debtors are also receiving a release.  The Debtors will demonstrate at the Confirmation Hearing that the releases under the Plan are appropriate. |
| | | Creditors will be voting on a plan without understanding whether a blanket release on contentious issues will be included as part of the Plan's relief, or what consideration is being provided by the beneficiaries of the releases in exchange for that broad release.  [U.S. Trustee Objection ¶ 32] | The Plan does not lack clarity on any "blanket release of contentious issues."  To the contrary, the Plan and Disclosure Statement explain that those issues are the subject of an ongoing investigation as to the Freedom HoldCo Debtors or, pursuant to the Committee Settlement, the OpCo Litigation Claims will be preserved through the OpCo Litigation Trust as to the OpCo Debtors.  Because the investigations are ongoing, it is not possible for the Debtors to include more information about which claims may or may not be released.  This does not mean that the Debtors are required to wait until the investigation |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | concludes or any litigation claims are resolved to solicit their Plan.  Information about what claims held by the Debtors will or will not be released is not necessary for creditors to vote on the Plan:  as noted above, the preservation of any claims would only potentially improve recoveries, not decrease them or otherwise prejudice creditors.<br><br>The Disclosure Statement provides adequate information regarding the Freedom HoldCo Independent Investigation, and the sale process.  See, e.g., Disclosure Statement §§ II(A)(vi), V(B), VI(C).<br><br>The Disclosure Statement has been amended to state that the Freedom HoldCo Independent Investigation may result in Claims and Causes of Action that are not otherwise settled, discharged, or released under or pursuant to the Plan.  Disclosure Statement §§ II(A)(vi), VI(C).  With respect to the Freedom HoldCo Debtors, any such Claims and Causes of Action may be pursued by any trustee for the Freedom HoldCo Debtor Litigation Trust.  With respect to Debtor Franchise Group, Inc. and its Debtor subsidiaries, subject to any global settlements that those Debtors and their creditors may reach, any such Claims and Causes of Action, which are currently subject to the liens of the holders of Prepetition First Lien Loan Claims, will be retained by the applicable Debtor and, depending on the types of Claims and Causes of Action, may be pursued by a Reorganized Debtor or the Plan |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | Administrator.[1]  See Disclosure Statement § VI(C). For the avoidance of doubt, the DIP Lenders have liens on Avoidance Action Proceeds and commercial tort claims and proceeds thereof.  See Final DIP Order ¶ 6(b); Bidding Procedures at 2 n.3.

The Disclosure Statement and Plan also expressly state that the releases are "[s]ubject to the outcome of the Freedom HoldCo Independent Investigation with respect to Freedom HoldCo Independent Investigation Related Matters and Claims and Causes of Action against any Holders of DIP Claims or Prepetition First Lien Loan Claims." Disclosure Statement §§ XIII(ii) & (iii); see also Plan §§ 12.2, 12.3.

The Debtors have also revised the Disclosure Statement and Plan to memorialize the Committee Settlement.  Pursuant to the Committee Settlement, OpCo Litigation Claims will be transferred to the OpCo Debtor Litigation Trust.  See, e.g., Disclosure Statement § XII(O). |
| | | The Debtors attempt to impermissibly designate the entire Plan as a Rule 9019 "settlement."  [U.S. Trustee Objection ¶ 98] | The Debtors believe this objection has been resolved by inclusion of certain revisions to the Plan.  See Plan §§ 7.23 and 12.3. |
| 686 | | The lack of clarity as to whether creditors of the HoldCo Debtors will be impaired and relied on | The Disclosure Statement and Plan are clear that the HoldCo Debtors are impaired.  See, e.g., Disclosure |

---

[1]    The additional language referred to in this paragraph is referred to herein as the "Additional Investigation Disclosure."

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | Freedom Lenders | under section 1129(a)(8) of the Bankruptcy Code renders the Disclosure Statement insufficient. [Freedom Lenders Objection ¶ 53] | Statement § VI(A), (C)(i); Plan §§ 4.3, 5.11, 5.12. Further, as noted above, the Disclosure Statement provides adequate information regarding the ongoing Freedom HoldCo Independent Investigation and the sale process. <u>See</u>, <u>e.g.</u>, Disclosure Statement §§ II(A)(vi), VI(C). |
| | | The relationship between the ongoing investigations and the Debtor Release is unclear under the Plan. <br><br> 1. (a) There is a question as to whether the investigations need to be concluded and the findings made public prior to confirmation. <br><br> (b) There is uncertainty about whether Claims or Causes of Action identified through the investigations are exempt from the releases under the Plan. <br><br> (c) If such Claims or Causes of Action are not automatically exempt from the releases, it is unclear what the mechanism is to determine whether they would be exempt. <br><br> 2. There is a lack of information regarding the consideration for the released claims and their value. <br><br> [Freedom Lenders Objection ¶ 54] | 1. <u>Conclusion of Investigations; Exemption from Releases</u>. As set forth above, the Debtor Release and the Third-Party Release are subject to the conclusion of the Freedom HoldCo Independent Investigation. As also set forth above, the Disclosure Statement has been amended to include the Additional Investigation Disclosure. The Disclosure Statement now specifies that, any Claims and Causes of Action resulting from the Freedom HoldCo Independent Investigation that are not otherwise settled, discharged, or released under or pursuant to the Plan will be retained by the Freedom HoldCo Debtors and transferred to the Freedom HoldCo Debtor Litigation Trust. Disclosure Statement §§ VI(C), XII(O). Upon conclusion of the Freedom HoldCo Independent Investigation, Mr. Wartell, in his capacity as an independent director of each of the Freedom HoldCo Debtors, has been authorized by such Debtors to settle, including release, any Claims or Cause Action. |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | Further, the Debtors have added disclosure in the Disclosure Statement about the treatment of claims that are identified through the investigations.  Disclosure Statement §§ II(A)(ii), VI(C).<br><br>2.  <u>Consideration</u>.  Objections regarding the releases are confirmation objections.  The Debtors will demonstrate at the Confirmation Hearing that the releases under the Plan are appropriate.  In any event, as set forth above, the Freedom HoldCo Debtor Independent Investigation is ongoing.  Each release provision set forth in the Disclosure Statement and Plan expressly states that such release is "[s]ubject to the outcome of the Independent Investigation with respect to the Investigation Related Matters and the Freedom HoldCo Independent Investigation with respect to Freedom HoldCo Independent Investigation Related Matters and Claims and Causes of Action against any Holders of DIP Claims or Prepetition First Lien Loan Claims." |
| | | The Disclosure Statement fails to disclose adequate information regarding the Freedom HoldCo Liquidation Trust.  [Freedom Lenders Objection ¶ 55] | The form of the Freedom HoldCo Debtor Liquidation Trust Agreement will be filed with the Plan Supplement, which will be filed in advance of the Voting Deadline.  <u>See</u> Plan § 1.146.<br><br>In addition, the Debtors have added additional information to the Plan and Disclosure Statement |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | | | regarding the Freedom HoldCo Debtor Liquidation Trust and the Freedom HoldCo Debtor Liquidation Trust Agreement.  See Plan §§ 1.93, 1.94, 7.10; see also Disclosure Statement § XII(O). |
| | | The Disclosure Statement does not disclose any information regarding the HoldCo Debtors' determination to pursue the Plan, including whether any board meetings were held, what information was considered by the HoldCo Debtors' fiduciaries, and on what basis such fiduciaries determined the Plan was in the best interest of the HoldCo Debtors' estates.  [Freedom Lenders Objection ¶ 57] | The Disclosure Statement makes clear that the Plan and the settlement contained therein are in the best interests of the Debtors and that each Debtor believes the Plan maximizes value of the applicable stakeholders.  The information in a "disclosure statement only has to provide general descriptions; it doesn't have to provide detailed information." June 2, 2021 Hr'g Tr. 59:18-21, In re Mallinckrodt, Case No. 20-12522 (JTD) (Bankr. D. Del. June 2, 2021).  The information that the Freedom Lenders are requesting is well beyond what is considered to be adequate information.  See In re Phoenix Petroleum Co., 278 B.R. at 393 n.6 (listing 19 general categories of information as the "normal topics for inclusion in a disclosure statement," none of which involve a debtor's corporate governance activities in general, let alone on an entity-by-entity basis). |
| N/A | Certain landlords represented by (i) Barclay Damon, LLP, | Numerous landlords provided informal comments regarding, among other things, assumption and rejection of Unexpired Leases, reconciliation and payment of Cure Costs, post-Effective Date treatment of assumed leases, and voting mechanics for landlords' claims, among others. | All informal comments have been consensually resolved between the applicable landlords and the Debtors, and are reflected in various revisions to the Plan, Disclosure Statement, and Disclosure Statement Order.  See, e.g., Plan §§ 1.15, 1.16, 1.36, 1.45, 1.146, 3.2(a), 7.3, 8.4, 10.1, 10.2, 10.5, 13(p); |

| Docket No. | Objecting Party | Objection | Response & Status |
|---|---|---|---|
| | (ii) Ballard Spahr LLP, and (iii) Allen Matkins Leck Gamble Mallory & Natsis LLP | | Disclosure Statement §§ XIV(A)–(C), XVI(D)(ii); Disclosure Statement Order ¶¶ 17, 44. |
| N/A | ABL Lenders | The ABL Lenders raised certain informal comments with the Debtors regarding their Plan treatment. | The issues raised by the ABL Lenders have been consensually resolved.  See Disclosure Statement Order ¶ 43; Disclosure Statement §§ VI(C)(i), VI(D)(viii); Plan § 5.3. |
| N/A | SEC | The SEC informally commented that it is not clear whether the Third-Party Release language applies to the SEC. | The Debtors have added agreed clarifying language to the Revised Disclosure Statement Order.  See Revised Disclosure Statement Order ¶ 39. |
| | | The SEC informally commented that the Disclosure Statement and Plan do not contain sufficient information to determine the applicability of section 1145 of the Bankruptcy Code. | The Debtors have added agreed clarifying language to the Revised Disclosure Statement Order.  See Revised Disclosure Statement § XII(L); Plan § 7.12. |
| 486 | SEC | The Third-Party Release is not consensual as to holders of Class 10 Subordinated Claims.  [SEC Objection passim] | This objection has been resolved by revision of the Solicitation Materials so that Class 10 Subordinated Claims are treated as impaired claims that are deemed to reject the Plan.  See, e.g., Plan § 5.16. |