**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

Objections Due:  February 24, 2025 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary

**FIRST MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM NOVEMBER 21, 2024 THROUGH NOVEMBER 30, 2024**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of November 21, 2024 by order signed January 28, 2025 [Docket No. 854] |
| Period for which Compensation and Reimbursement is Sought: | November 21, 2024 through November 30, 2024[2] |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

4903-4996-5844.1 29177.00002

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $478,391.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $1,641.39 |

This is a:    ☒ monthly    ☐ interim    ☐ final application.

The total time expended for fee application preparation is approximately 6.0 hours and the corresponding compensation requested is approximately $3,570.00.

PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | | | | | |

No prior Applications have been filed.

## PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kornfeld, Alan J. | Partner, 1987 | $1,825.00 | 15.60 | $28,470.00 |
| Sandler, Bradford J. | Partner, 1996 | $1,725.00 | 48.60 | $83,835.00 |
| Glazer, Gabriel I. | Partner, 2006 | $1,495.00 | 26.80 | $40,066.00 |
| Demo, Gregory V. | Partner, 2008 | $1,395.00 | 21.20 | $29,574.00 |
| Nasatir, Iain A.W. | Partner, 1983 | $1,525.00 | 9.80 | $14,945.00 |
| Litvak, Maxim B. | Partner, 1997 | $1,525.00 | 8.20 | $12,505.00 |
| Labov, Paul J. | Partner, 2002 | $1,450.00 | 37.10 | $53,795.00 |
| Feinstein, Robert J. | Partner, 1982 | $1,850.00 | 26.40 | $48,840.00 |
| Cho, Shirley S. | Partner, 1997 | $1,395.00 | 11.10 | $15,484.50 |
| Levine, Beth E. | Counsel, 1983 | $1,225.00 | 16.40 | $20,090.00 |
| Robinson, Colin R. | Counsel, 1997 | $1,195.00 | 16.20 | $19,359.00 |
| Brandt, Gina F. | Counsel, 1976 | $1,195.00 | 0.30 | $358.50 |
| Kim, Jonathan J. | Counsel, 1995 | $1,295.00 | 21.00 | $27,195.00 |
| Dine, Jeffrey M. | Counsel, 1996 | $1,495.00 | 13.80 | $20,631.00 |
| Wallen, Ben L. | Associate, 2016 | $975.00 | 2.70 | $2,632.50 |
| Corma, Edward A. | Associate, 2018 | $795.00 | 1.50 | $1,192.50 |
| Winograd, Hayley R. | Associate, 2018 | $1,075.00 | 8.90 | $9,567.50 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Heckel, Theodore S. | Associate, 2018 | $1,075.00 | 41.30 | $44,397.50 |
| Bates, Andrea T. | Paralegal | $595.00 | 5.40 | $3,213.00 |
| Hall, Nathan J. | Paralegal | $545.00 | 3.30 | $1,798.50 |
| Cuniff, Patricia E. | Paralegal | $595.00 | 0.20 | $119.00 |
| Forrester, Leslie A. | Library | $645.00 | 0.50 | $322.50 |
| **Grand Total** | | | **336.30** | **$478,391.00** |

**Grand Total:** $478,391.00
**Total Hours:** 336.30
**Blended Rate:** $1,422.51

### COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 31.10 | $47,062.00 |
| Bankruptcy Litigation | 107.20 | $149,408.00 |
| Case Administration | 38.10 | $46,125.00 |
| Claims Administration and Objections | 0.50 | $839.50 |
| Contract and Lease Matters | 4.30 | $4,982.50 |
| First/Second Day Matters | 23.60 | $31,579.50 |
| Financial Filings | 0.20 | $370.00 |
| Financing/Cash Collateral/Cash Management | 45.80 | $67,899.50 |
| General Creditors' Committee | 18.80 | $28,016.00 |
| Hearings | 4.30 | $6,224.00 |
| Insurance Coverage | 9.60 | $14,581.50 |
| Litigation (Non-Bankruptcy) | 1.60 | $2,565.00 |
| Operations | 6.30 | $10,905.00 |
| Plan and Disclosure Statement | 32.80 | $46,952.00 |
| Relief from Stay | 0.50 | $862.50 |
| PSZJ Retention | 1.00 | $1,354.00 |
| Other Professional Retention | 10.60 | $18,665.00 |
| **Grand Total** | **336.30** | **$478,391.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[1] (if applicable) | Total Expenses |
|---|---|---|
| Bloomberg | | $67.10 |
| Working Meals | | $28.75 |
| Court Fees | | $100.00 |
| Lexis/Nexis- Legal Research | | $1,225.84 |
| Litigation Support Vendors | | $50.00 |
| Pacer - Court Research | | $40.10 |
| Reproduction Expense | | $129.60 |
| **Total** | | **$1,641.39** |

---

[1] PSZJ may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

4903-4996-5844.1 29177.00002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

**Objections Due:** February 24, 2025 at 4:00 P.M. (ET)
**Hearing Date:** To be scheduled if necessary

**FIRST MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM NOVEMBER 21, 2024 THROUGH NOVEMBER 30, 2024**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Estate Professionals*, [Docket No. 353] (the "Administrative Order") and the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the official committee of unsecured creditors (the "Committee"), hereby submits its *First Monthly Fee Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors for the Period of November 21, 2024 through November 30, 2024* (the "Application").

By this Application PSZJ seeks a monthly interim allowance of compensation in the amount of $478,391.00 and actual and necessary expenses in the amount of $1,422.51 for a total allowance of $480,032.39 and (ii) payment of $382,712.80 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $1,641.39 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $384,354.19 for the period November 21, 2024 through November 30, 2024 (the "Fee Period"):

**Background**

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appoint of a trustee or examiner has been made in these chapter 11 cases.

2. On November 19, 2024, the Office of the United States Trustee appointed the Committee in this case pursuant to 11 U.S.C. § 1102 [Docket No. 188]. The members appointed to the Committee are (i) Nestle and its Subsidiaries, including Nestle Purina Petcare, Nestle USA,

Garden of Life, Orgain, & Atrium; (ii) Solstice Sleep Company; (iii) Federal Warranty Service Corporation; (iv) NNN REIT, LP (fka National Retail Properties); and (v) Jennifer Walker, Individually and in her Capacity as Putative Class Representative.

3. On November 21, 2024, the Committee selected PSZJ as counsel, and thereafter the Committee selected Province, LLC ("Province") as financial advisor.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On December 6, 2024, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period October 14, 2024 through December 31, 2024, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

6. On January 15, 2025, the Court entered the Fee Examiner Order to assist the Court in its determination of whether the Applications submitted by Professionals are compliant with the Bankruptcy Code, all applicable Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Administrative Order. The terms and conditions of the Administrative Order shall not be modified

by the Fee Examiner Order, except that not later than three (3) business days after the filing of an Application, an Estate Retained Professional[2] shall send to the Fee Examiner via electronic mail such Application and any time entries and the expense detail filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable Fee Detail. If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professionals shall cooperate in good faith to agree on an appropriate electronic format.

7.  The retention of PSZJ, as counsel to the Committee, was approved effective as of November 21, 2024, by this Court's *Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of November 21, 2024* [Docket No. 854] (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZJ's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

8.  All services for which PSZJ requests compensation were performed for or on behalf of the Committee. PSZJ has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case. PSZJ has not received a retainer in this case.

---

[2] Capitalized terms used but not otherwise defined in this Application have the meaning given to such terms in the Fee Examiner Order.

**Fee Statements**

9. The invoice for the Fee Period is attached hereto as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Administrative Order, and the Fee Examiner Order. PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. To the extent it is feasible, PSZJ professionals attempt to work during travel.

**Actual and Necessary Expenses**

10. A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**. PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

11. PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines,

supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

12. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

13. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

14. The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below.

## Summary of Services by Project

15. The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services

performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A. **Asset Disposition**

16. During the Fee Period, the Firm, among other things, (i) reviewed and analyzed the Debtors' bid procedures and sale motion; (ii) addressed various sale issues; (iii) reviewed the consulting agreement; (iv) analyzed the various sale objections; (v) conferred with estate professionals regarding sale process and Ducera's fee structure.

Fees: $47,062.00   Hours: 31.10

B. **Bankruptcy Litigation**

17. During the Fee Period, the Firm, among other things, (i) reviewed discovery requests filed by Lenders and Ad Hoc Group; (ii) reviewed background litigation related materials; (iii) conferred with Committee professionals regarding discovery requests; (iv) reviewed Debtors' draft protective order; (v) uploaded production documents received from Debtors; (vi) participated in calls with estate professionals regarding discovery requests and litigation issues; (vii) research re: HoldCo lender exclusivity motion; (viii) analyzed debt structure and related issues related to valuation litigation; (ix) researched motion to convert and exclusivity motion; (x) reviewed case research re: exclusivity termination re: Freedom Lender motion; and (xi) corresponded with various professionals regarding depositions.

Fees: $149,408.00   Hours: 107.20

**C.     Case Administration**

19. During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a calendar of critical dates and deadlines; (iii) maintained an interested party service list in accordance with Rule 2002; (iv) discussed, reviewed, and followed up on various open case issues; and (v) participated in weekly case strategy calls with the Committee's professionals.

Fees: $46,125.00     Hours: 38.10

**D.     Claims Administration and Objections**

19. During the Fee Period, the Firm, among other things, (i) analyzed the Debtors' administration claims motion; (ii) analyzed various claims; and (iii) reviewed Freedom Lender's 2019 and corresponded with Debtors' re: bar date order.

Fees: $839.50     Hours: 0.50

**E.     Contract and Lease Matters**

20. During the Fee Period, the Firm (i) reviewed the first, second, and third omnibus rejection motions; (ii) reviewed diligence and outlined issues with rejection motions.

Fees: $4,982.50     Hours: 4.30

**F.     First/Second Day Matters**

21. During the Fee Period, the Firm, among other things (i) reviewed various first day motion and interim orders entered and the first day hearing transcript; (ii) reviewed the Lenders' motion to terminate exclusivity; (iii) corresponded with the Committee re: various trade agreement issues; and (iv) analyzed the Debtors' insurance order.

Fees: $31,579.50     Hours: 23.60

G. **Financial Filings**

22. During the Fee Period the Firm exchanged emails regarding the debtors' motion to extend their time to file schedules.

        Fees: $370.00    Hours: 0.20

H. **Financing/Cash Collateral/Cash Management**

23. During the Fee Period, the Firm, among other things (i) reviewed the DIP loan pleadings and agreements; (ii) reviewed background financing documents; (iii) corresponded with the Debtors regarding liens; (iv) attended various conferences with professionals re: DIP financing issues; (v) reviewed UCC searches and liens; (vi) corresponded with professionals re: DIP discovery; (vii) drafted and revised DIP issues list and attend conferences re: same.

        Fees: $67,889.50    Hours: 45.80

I. **General Creditors' Committee**

24. During the Fee Period, the Firm, among other things, (i) conducted meetings with the Committee members; (ii) drafted and finalized Committee bylaws; (iii) conducted Committee conferences regarding selection of investment bankers and financial advisors.

        Fees: $28,016.00    Hours: 18.80

J. **Hearings**

25. During the Fee Period, the Firm, among other things, (i) prepared for and attended emergency hearing on critical vendors; and (ii) corresponded with lenders re: adjournment of DIP and other hearings and motion to adjourn.

        Fees: $6,224.00    Hours: 4.30

**K.**   **Insurance Coverage**

26.   During the Fee Period, the Firm, among other things, (i) reviewed and analyzed the Debtors' insurance motion; (ii) the interim insurance order; and (iii) reviewed Debtors' insurance policies.

Fees: $14,581.50   Hours: 9.60

**L.**   **Litigation (Non-Bankruptcy)**

27.   During the Fee Period, the Firm, among other things, (i) reviewed the Chancery Court complaint.

Fees: 2,565.00   Hours: 1.60

**M.**   **Operations**

28.   During the Fee Period, the Firm, among other things, (i) prepared for emergency hearing; (ii) corresponded internally regarding operational motions and governance documents; and (iii) reviewed critical vendor reports and payments.

Fees: 10,905.00   Hours: 6.30

**N.**   **Plan and Disclosure Statement**

During the Fee Period, the Firm, among other things, (i) reviewed the plan and disclosure; (ii) researched plan issues; (iii) drafted issues memo; (iv) reviewed multiple deposition notices; and (v) drafted response to trustee motion.

Fees: 46,952.00   Hours: 32.80

**O.**   **Relief From Stay**

29.   During the Fee Period, the Firm, among other things, reviewed complaint seeking extension of the automatic stay.

Fees:  $862.50        Hours:  0.50

**P.     PSZJ Retention**

1.      During the Fee Period, the Firm, among other things, performed conflicts check, and analyzed potential disclosures in connection with retention of the Firm as counsel to the Committee.

Fees:  $1,354.00      Hours: 1.00

**Q.     Other Professional Retention**

2.      During the Fee Period, the Firm, among other things, (i) interviewed financial advisor candidates for the Committee; (ii) interviewed investment banker candidates for the Committee; and (iii) reviewed the Debtors' professionals retention applications.

Fees:  $18,665.00     Hours:  10.60

**Valuation of Services**

30.     Attorneys and paraprofessionals of PSZJ expended a total 336.30 hours in connection with their representation of the Committee during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kornfeld, Alan J. | Partner, 1987 | $1,825.00 | 15.60 | $28,470.00 |
| Sandler, Bradford J. | Partner, 1996 | $1,725.00 | 48.60 | $83,835.00 |
| Glazer, Gabriel I. | Partner, 2006 | $1,495.00 | 26.80 | $40,066.00 |
| Demo, Gregory V. | Partner, 2008 | $1,395.00 | 21.20 | $29,574.00 |
| Nasatir, Iain A.W. | Partner, 1983 | $1,525.00 | 9.80 | $14,945.00 |
| Litvak, Maxim B. | Partner, 1997 | $1,525.00 | 8.20 | $12,505.00 |
| Labov, Paul J. | Partner, 2002 | $1,450.00 | 37.10 | $53,795.00 |
| Feinstein, Robert J. | Partner, 1982 | $1,850.00 | 26.40 | $48,840.00 |
| Cho, Shirley S. | Partner, 1997 | $1,395.00 | 11.10 | $15,484.50 |
| Levine, Beth E. | Counsel, 1983 | $1,225.00 | 16.40 | $20,090.00 |
| Robinson, Colin R. | Counsel, 1997 | $1,195.00 | 16.20 | $19,359.00 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Brandt, Gina F. | Counsel, 1976 | $1,195.00 | 0.30 | $358.50 |
| Kim, Jonathan J. | Counsel, 1995 | $1,295.00 | 21.00 | $27,195.00 |
| Dine, Jeffrey M. | Counsel, 1996 | $1,495.00 | 13.80 | $20,631.00 |
| Wallen, Ben L. | Associate, 2016 | $975.00 | 2.70 | $2,632.50 |
| Corma, Edward A. | Associate, 2018 | $795.00 | 1.50 | $1,192.50 |
| Winograd, Hayley R. | Associate, 2018 | $1,075.00 | 8.90 | $9,567.50 |
| Heckel, Theodore S. | Associate, 2018 | $1,075.00 | 41.30 | $44,397.50 |
| Bates, Andrea T. | Paralegal | $595.00 | 5.40 | $3,213.00 |
| Hall, Nathan J. | Paralegal | $545.00 | 3.30 | $1,798.50 |
| Cuniff, Patricia E. | Paralegal | $595.00 | 0.20 | $119.00 |
| Forrester, Leslie A. | Library | $645.00 | 0.50 | $322.50 |
| **Grand Total** | | | **336.30** | **$478,391.00** |

Grand Total:   $478,391.00
Total Hours:         336.30
Blended Rate:   $1,422.51

31.    The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto.  These are PSZJ's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZJ for the Committee during the Fee Period is $478,391.00.

32.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that, for the period of November 21, 2024 through November 30, 2024, (i) an interim allowance be made to PSZJ for compensation in the amount $478,391.00 and actual and necessary expenses in the amount of $1,641.39 for a total allowance of $480,032.39 and (ii) payment of $382,712.80 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $1,641.39 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $384,354.19, and for such other and further relief as this Court may deem just and proper.

Dated:  February 3, 2025

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400
Email:          bsandler@pszjlaw.com
                   crobinson@pszjlaw.com

-and-

Robert J. Feinstein       (admitted *pro hac vice*)
Alan J. Kornfeld           (admitted *pro hac vice*)
Theodore S. Heckel       (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:   (212) 561-7700
Facsimile:    (212) 561-7777
Email:          rfeinstein@pszjlaw.com
                   akornfeld@pszjlaw.com
                   theckel@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*

# **DECLARATION**

STATE OF DELAWARE    :
                     :
COUNTY OF NEW CASTLE :

Colin R. Robinson, after being duly sworn according to law, deposes and says:

a) I am counsel with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about December 6, 2024 and the Fee Examiner's Order signed on or about January 15, 2025 and submit that the Application substantially complies with such rule and orders.

*/s/ Colin R. Robinson*
Colin R. Robinson
