# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

**JOINT MOTION OF THE DEBTORS AND
WILLKIE FARR & GALLAGHER LLP FOR LEAVE TO
EXCEED THE PAGE LIMIT IN CONNECTION WITH THE JOINT REPLY
IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP AS
CO-COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and Willkie Farr & Gallagher LLP ("Willkie" and, together with the Debtors, the "Movants") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Movants to exceed the page

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

limit requirement for the *Joint Reply of the Debtors and Willkie Farr & Gallagher LLP in Support of Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP As Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Reply") [Docket No. 888].[2]  In support of this Motion, the Movants respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movants consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Local Rule 7007-2 and the General Chambers Procedures (as defined below).

## RELIEF REQUESTED

4. By this Motion, pursuant to Local Rule 7007-2 and the General Chambers Procedures, dated June 30, 2011, as may be supplemented, amended, or modified from time to time (the "General Chambers Procedures"), the Movants hereby request that the Court enter the

---

[2] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Reply or First Day Declaration (as defined below), as applicable.

2

Proposed Order authorizing the Movants to exceed the page limit requirement that may otherwise be applicable to the Reply.

## BACKGROUND

**I.**     **General**

5. On November 3, 2024, each of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the Court (the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 188] (the "Committee").

7. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").

**II.**     **The Application and the Objections**

8. On December 19, 2024, the Debtors filed the *Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 474] (the "Application"). By the Application, the Debtors seek to employ and retain Willkie as counsel, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors further request that the Court

3

approve the retention of Willkie, as attorneys for the Debtors, effective as of the Petition Date, to perform the legal services that will be required during these Chapter 11 Cases in accordance with Willkie's normal hourly rates in effect when services are rendered and under Willkie's normal reimbursement policies.

9. On January 3, 2025, the Settlement-Related Liquidating Trust 2022-23 (the "Prophecy Trust") filed the *Objection of the Settlement-Related Liquidating Trust 2022-23 to the Debtors' Application for an Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 642].

10. On January 13, 2025, the U.S. Trustee filed the *Objection of the United States Trustee to Debtors' Application for an Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 730].

11. On February 1, 2025, the Ad Hoc Group of Freedom Lenders (the "Freedom Lenders" and, collectively with the U.S. Trustee and the Prophecy Trust, the "Objecting Parties") filed the *Objection of the Ad Hoc Group of Freedom Lenders to Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher as Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 885].

12. The hearing on the Application is currently scheduled for February 6, 2025 at 10:00 a.m. (ET) (the "Hearing").

**BASIS FOR RELIEF**

13. Local Rule 7007-2 and the General Chambers Procedures[3] provide that no opening or answering brief shall exceed thirty (30) pages and no reply shall exceed fifteen (15) pages, in each instance, exclusive of any tables of contents and citations. Del. Bankr. L.R. 7007- 2(a)(iv). However, an answering brief or objection may exceed thirty (30) pages with leave of court. Id.

14. The Movants respectfully submit that authority to exceed the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures in connection with the Reply is reasonable and appropriate under the circumstances. The Reply, as currently drafted, exceeds the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures. The Reply presents the Movants' responses to the objections to the Application that were filed by the numerous Objecting Parties.

15. Given that the Movants are responding to the multiple objections, it necessarily follows that the Reply exceeds the page limitations set forth in Local Rule 7007-2 and the General Chambers Procedures. To adequately respond to each of the Objections and provide the Court with the Movants' position and a complete picture of the issues that will be presented at the Hearing, the Movants respectfully request that the Court grant the relief sought by this Motion.

**NOTICE**

16. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the ABL Lenders; (iv) counsel to the Ad Hoc Group of First Lien Lenders; (v) counsel to the Second Lien Term Loan Lenders; (vi) counsel to the

---

[3] The General Chambers Procedures provide that "[a]ll briefs and memoranda in main bankruptcy cases and adversary proceedings must comply with Del. Bankr. L.R. 7007-2." The General Chambers Procedures do not expressly apply to motion practice, and, therefore, may not be applicable to the Reply. However, the Movants are filing this Motion out of an abundance of caution to the extent that the General Chambers Procedures are applicable to the Reply.

HoldCo Lenders; (vii) counsel to the DIP Agent; (viii) counsel to the DIP Lenders; and (ix) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 4, 2025
     Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shella Borovinskaya
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Matthew A. Feldman (admitted pro hac vice)
Betsy L. Feldman (Del. No. 6410)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
dsinclair@willkie.com
mfeldman@willkie.com
bfeldman@willkie.com
jbrandt@willkie.com

*Co-Counsel and Proposed Counsel to the Debtors and Debtors in Possession*