# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>Hearing Date: February 6, 2025 at 10:00 a.m. ET<br>Objection Deadline: At the Hearing<br><br>Re: Docket No. 922 |

### AD HOC GROUP OF FREEDOM LENDERS' MOTION TO SHORTEN THE NOTICE PERIOD FOR THE AD HOC GROUP OF FREEDOM LENDERS' MOTION TO ADJOURN DISCLOSURE STATEMENT HEARING

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**"),[2] by and through its undersigned counsel, hereby moves for entry of an order, substantially in the form attached hereto as Exhibit A, shortening the time for notice (the "**Motion to Shorten**") of the hearing to consider *The Ad Hoc Group of Freedom Lenders' Motion to Adjourn Disclosure*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] The Freedom Lender Group is comprised of the entities named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

*Statement Hearing* (the "**Motion to Adjourn**"),³ filed contemporaneously herewith, and request that the Motion be heard at the hearing scheduled for February 6, 2025. In support of this Motion, the Freedom Lender Group respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this District is Proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

3. Pursuant to Local Rule 9013-1(f), the Freedom Lender Group consents to the entry of a final judgment or order with respect to the Motion to Shorten if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

## BACKGROUND

4. The Freedom Lender Group incorporates by reference the factual background provided in the Motion to Adjourn.

## RELIEF REQUESTED

5. The Freedom Lender Group respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, shortening the time for notice of the Motion to Adjourn so that the Court may consider the relief requested therein in advance of the Disclosure Statement Hearing set for February 6, 2025.

---

³ Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Adjourn.

**BASIS FOR RELIEF**

6. Bankruptcy Code section 105(a) authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) further authorizes the Court to order a motion be heard on less notice than is required by the Bankruptcy Rules, and that a Court may rule on a motion for the same "promptly without need for a hearing." Del. Bankr. L.R. 9006-1(c)(e).

7. Under Local Rule 9006-1(c)(i), motions must ordinarily be filed and served at least fourteen (14) days prior to the applicable hearing date. Del. Bankr. L.R. 9006-1(c)(i).

8. Under Local Rule 9006(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. Del. Bankr. L.R. 9006-1(c)(ii). However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice" and no hearing on such a motion is required. Del. Bankr. L.R. 9006-1(e).

9. Pursuant to Local Rule 9006-1(e), the Court may rule on this motion to shorten without the need for a hearing. Accordingly, the Freedom Lender Group requests that its motion to shorten be granted without a hearing.

10. The Disclosure Statement Hearing is scheduled for tomorrow, February 6, 2025. Therefore, the Motion to Adjourn will be moot if not heard tomorrow. And, as detailed further in the Motion to Adjourn, the Motion to Adjourn is based on recent developments, including the Debtors' February 3, 2025 filing of the second amended versions of both their Plan and Disclosure Statement, allowing the Parties and the Court only two full days to review the revisions. *See* Dkt. Nos. 894, 895. The shortened notice will allow adjournment to be heard

3

and decided prior to the hearing scheduled for February 6, 2025, in order to determine whether or not the Disclosure Statement Hearing should go forward at this time.

11. In light of these circumstances, cause exists to shorten the time for notice of the Motion to Adjourn. Further, the notice provided to the parties in interest is an appropriate amount of time given the balance between providing notice, and the address the Motion to Adjourn, filed based on recent developments, before it becomes moot.

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(E)

12. Consistent with its obligations under Local Rule 9006-1(e), the Freedom Lender Group notified counsel for the Debtors and the U.S. Trustee today of its intent to seek shortened notice and requested the consent of the Debtor and the U.S. Trustee to do so. The U.S. Trustee consents to shortening the notice period.

## NOTICE

13. The Freedom Lender Group will provide notice of the Motion to Shorten to the following parties: (i) the Debtors; (ii) the U.S. Trustee; (iii) the DIP Lenders; (iv) the IRS; and (v) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

14. The Freedom Lender Group has not previously requested the relief sought herein in this Court or any other Court.

## CONCLUSION

15. **WHEREFORE**, the Freedom Lender Group respectfully requests that the Court (i) enter the proposed order shortening notice of the Motion to Adjourn, (ii) grant such other relief as the Court deems just and proper, and (iii) schedule a hearing on the Motion to Adjourn at the court's earliest convenience.

[*Remainder of This Page Intentionally Left Blank*]

Dated: February 5, 2025
      Wilmington, Delaware

/s/ Michael J. Farnan
**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew T. Zatz (admitted *pro hac vice*)
Colin West (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
azatz@whitecase.com
sam.hershey@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom Lenders*