**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered)<br><br>RE: Docket No. 875<br><br>Obj. Deadline: Feb. 6, 2025 at 4 p.m.<br>Hearing Date: Feb. 13, 2025 at 10:00 a.m. |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE CHILDSMILES GROUP, LLC, A/KA ABRA HEALTH, LLC, TO DEBTORS' TWELFTH OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES AND A CERTAIN UNEXPIRED SUBLEASE, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON <u>PERSONAL PROPERTY</u>**

The ChildSmiles Group, LLC, a/k/a Abra Health, LLC ("<u>Abra Health</u>"), by and through undersigned counsel, hereby submits this limited objection and reservation of rights (the "<u>Objection</u>") to the *Debtors' Twelfth Omnibus Motion for Entry of an Order, Pursuant to Sections*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*105(a), 365(a), and 554 of the Bankruptcy Code Authorizing the Debtors to (I) Reject Certain Unexpired Leases and a Certain Unexpired Sublease, Effective as of the Rejection Date; and (II) Abandon Personal Property* [Docket No. 875] (the "Motion"), and respectfully states as follows:

1.  Abra Health leases commercial space as a subtenant of Debtor Vitamin Shoppe Industries LLC ("VSI") pursuant to a Sublease Agreement dated as of November 29, 2023 by and between VSI, as sublandlord, and Abra Health, as subtenant (the "Sublease"). The Sublease is for the entire second floor, consisting of approximately twenty-four thousand nine hundred eight rentable square feet in the building located at 300 Harmon Meadow Boulevard, Secaucus, New Jersey 07094 (the "Premises"). The term of the Sublease expires on November 29, 2029.

2.  As set forth in the Motion, VSI seeks to reject the Sublease effective as of January 31, 2025 – one day after filing the Motion. Contrary to assertions made in the Motion, Abra Health was <u>not</u> provided with advance notice of the intended rejection of the January 31st effective date, and first learned of the rejection when the Motion was filed and through a letter from the Debtors that was received later that same day.

3.  Abra Health does not object to VSI's business judgment in seeking to reject the Sublease. However, the Motion suffers from other defects and raises questions that must be adequately resolved before the requested relief can be granted.

### *Tenant Rights Under 11 U.S.C. § 365(h)*

4.  In particular, Abra Health objects to the extent the Motion seeks to negate or otherwise prejudice Abra Health's statutory rights under Section 365(h) of the Bankruptcy Code to elect to remain in the Premises and the related rights set forth in that section.

5.  Section 365(g) provides that, subject to limited exceptions not applicable here, the rejection of an unexpired lease constitutes a breach of the lease. 11 U.S.C. § 365(g). A rejection

does not alter the substantive rights of the parties to the lease. *Megafoods Stores, Inc. v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.)*, 60 F.3d 1031, 1034 (3rd Cir. 1995). In the context of the rejection of a lease by a debtor/lessor, the "primary function of rejection is to 'allow [] a debtor-lessor to escape the burden of providing continuing services to a tenant.'" *Id.*, quoting *In re Lee Road Partners*, 155 Bankr. 55, 60 (Bankr. E.D.N.Y. 1993). "Thus, rejection by a debtor-lessor does not terminate the lease so completely as to divest the lessee of his estate in property." *Lee Road Partners* at *60.

6. Section 365(h) provides a tenant under a commercial property lease with a debtor special protection and rights in the event the debtor/lessor decides to reject the lease. *Revel AC, Inc. v. Revel Entm't Grp., LLC (In re Revel AC, Inc.)*, 909 F.3d 597, 601 (3rd Cir. 2018) ("Subsection (h) protects a tenant whose landlord files for bankruptcy and then rejects the tenant's lease.") For example, "if a bankrupt landlord rejects a lease, the tenant need not move out; instead, she may stay and pay rent (just as she did before) until the lease term expires." *Mission Prod. Holdings v. Tempnology, LLC*, 587 U.S. 370, 375 (2019).

7. A tenant who elects to remain in the leased premises despite the debtor's rejection of the lease is entitled to remain under the same rental terms as are set forth in the lease. *In re Revel AC, Inc.*, *supra*, 909 F.3d at 602, citing *Flagstaff Realty Assocs.*, *supra*, 60 F.3d at 1034.

8. In addition, bankruptcy law gives such a tenant the special right to offset any damages resulting from the debtor's failure to perform its obligations under the lease going forward post-rejection against the rent owed under the lease. 11 U.S.C. § 365(h)(1)(B).

9. Where a debtor/lessor seeks to reject a sublease with a non-debtor tenant, "the Bankruptcy Code further constrains an owner/over-landlord's right to compel an eviction of a non-

3

debtor sublessee." *In re Amicus Wind Down Corp.*, 2012 Bankr. LEXIS 662, *5 (Bankr. Del. 2012).

10. There is no statutory time period or deadline for a tenant to make an election under Section 365(h).

11. Here, the Motion is silent when it comes to Abra Health's rights under Section 365(h). The only argument made in the Motion that specifically relates to the Sublease is the argument that "… if the Secaucus Lease is deemed rejected as of the Rejection Date, the relevant Sublease shall be deemed rejected by operation of law." Motion, ¶ 16. In support, the Debtors cite two cases, both of which are easily distinguishable.

12. First, the *Chatlos Systems* case involved the automatic rejection of a lease under Section 365(d)(4), which is <u>not</u> at issue here. Section 365(d)(4) carries a statutory surrender requirement that must be balanced against the statutory rights afforded by Congress to a non-debtor tenant under Section 365(h). In contrast, the Motion seeks to reject the Sublease under Section 365(a), which does not have a statutory surrender requirement. Furthermore, the issue in *Chatlos Systems* involved a claim for administrative rent by the prime landlord after a lease and sublease were deemed rejected under Section 365(d)(4). The issue was <u>not</u> whether a subtenant could exercise election rights under Section 365(h) following the rejection of a sublease.

13. Second, the *Teleglobe Communications* case also did not involve the issue of whether a subtenant could exercise election rights under Section 365(h). At issue in that case were: (i) the denial of a motion for the payment of an administrative claim under Section 365(d)(3) and 503(b)(1)(A) (which is not at issue here), and (ii) whether the bankruptcy court erred in ruling that the rejection of a nonresidential real property lease coupled with the surrender of such property did <u>not</u> constitute a termination of such lease (it did not).

4

14. Accordingly, neither case has bearing on the ability of Abra Health to exercise election rights under Section 365(h) in connection with the rejection sought by the Motion.

15. The proposed order granting the Motion is similarly silent and fails to acknowledge Abra Health's rights under Section 365(h) altogether. Any order authorizing rejection must provide that Abra Health's rights under Section 365(h) are expressly preserved and provide a reasonable amount of time for Abra Health to make an election under Section 365(h) notwithstanding the Debtors' request for the rejection to be effective retroactively to January 31, 2025.[2]

16. Abra Health received <u>no</u> prior notice and learned of the intended rejection when the Motion was filed. As such, it has had no opportunity to discuss with VSI or the over-landlord plans for electing to stay in the premises or for making reasonable arrangements to vacate the premises consistent with Abra Health's rights under Section 365(h).

17. VSI is also in possession of a security deposit in the amount of approximately $87,177.99 that Abra Health provided under the terms of the Sublease. The Motion and proposed order are also silent as to the status of that security deposit and whether and when it will be returned to Abra Health in connection with the proposed rejection.

18. Abra Health reserves all rights under Section 365(h) of the Bankruptcy Code and all other rights that it may have at law or in equity in connection with the rejection of the Sublease.

---

[2] The Debtors argue that a retroactive rejection will not unduly prejudice Abra Health because, prior to January 31, 2025 (the requested rejection effective date), the Debtors "notified the counterparties to the Rejected Leases of their intent to surrender the Rejected Premises and to reject the Rejected Leases as of the Rejection Date." Motion, ¶ 19. That is not correct; Abra Health received no prior notice of the rejection until seeing the Motion filed and receiving a letter advising of the rejection later that same day.

WHEREFORE, Abra Health respectfully requests that the Court sustain this Objection in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: February 6, 2025  
Wilmington, Delaware

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 /s/ *Jennifer R. Hoover*  
Jennifer R. Hoover (DE No. 5111)  
1313 North Market Street, Suite 1201  
Wilmington, DE 19801  
Telephone: (302) 442-7010  
Facsimile: (302) 442-7012  
E-mail:  jhoover@beneschlaw.com

-*and*-

Elliot M. Smith (*Pro Hac Vice*)  
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**  
200 Public Square, Suite 2300  
Cleveland, OH 44114  
Telephone: (216) 363-4500  
Facsimile: (216) 363-4588  
Email: esmith@beneschlaw.com

*Counsel to The ChildSmiles Group, LLC a/k/a Abra Health*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2025, I caused the foregoing document to be served by electronic means via the Court's CM/ECF system to all parties registered to receive electronic notice in this case.

                                      */s/ Jennifer R. Hoover*
                                     Jennifer R. Hoover (DE No. 5111)