**Exhibit A**

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 24-12480 (LSS) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Ref No. 579** <br> ) |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF NOVEMBER 26, 2024

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not defined herein have the meanings set forth in the Application.

"Debtors") for the entry of an order (the "Order") authorizing and approving the Committee to retain and employ Perella Weinberg Partners LP ("PWP") as its investment banker effective as of November 26, 2024, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Bankruptcy Local Rules for the District of Delaware (the "Local Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Mendelsohn Declaration; and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408 and § 1409; and the Court having found based on the representations made in the Application and in the Mendelsohn Declaration that PWP's employment is in the best interests of the Committee and unsecured creditors in these Chapter 11 Cases, and PWP (a) does not represent, and does not hold, any interest adverse to the Debtors' estates, (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (c) has no connection to the Debtors, their creditors, or other parties in interest except as may be disclosed in the Mendelsohn Declaration; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-2 to retain and employ PWP as its investment banker, effective as of November 26, 2024, in accordance with the Engagement Letter and this Order, to perform the services described in the Engagement Letter.

2. The Engagement Letter, including, without limitation, the fee and expense structure and the Indemnification Provisions, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify PWP in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter, except as modified by this Order. All fees and out-of-pocket expense reimbursements to be paid to PWP, including without limitation the Monthly Fee and the Transaction Fee, shall be subject to section 328(a) of the Bankruptcy Code, except as set forth herein.

3. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, PWP shall file applications for the allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court; provided, however, that (a) PWP shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and PWP's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to PWP's requests for fees and reimbursement of expenses, including those set forth in applications filed

with the Court, based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to PWP's interim and final fee applications pursuant to section 330 of the Bankruptcy Code and (b) PWP and its professionals will submit, with any interim or final fee application, time records setting forth, in summary format, a description of the services rendered by each professional by project category and the amount of time spent on each date by each such individual in rendering services on behalf of the Committee in one-half (.5) hour increments, but shall be excused from keeping time in tenth-hour increments. PWP will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the services discussed above. PWP's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter in accordance with any related procedures established by the Court. None of the fees payable to PWP shall constitute a "bonus" or fee enhancement under applicable law.

4. If PWP seeks reimbursement for attorneys' fees and expenses pursuant to the terms of the Engagement Letter, the invoices and supporting time records from such attorneys (which may be redacted to protect confidential information and applicable privileges) shall be included in PWP's own fee applications, both interim and final, and such invoices and time records shall be subject to (a) the U.S. Trustee Guidelines and (b) approval by the Court under sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, PWP shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

5. Notwithstanding any provision to the contrary in this Order, the Application, or the

Engagement Letter, PWP acknowledges and agrees that the Ad Hoc Group of First Lien Lenders retains any and all rights to object to the Transaction Fee, including any crediting thereto, on any and all bases (including, without limitation, pursuant to sections 330, 331 and 328 of the Bankruptcy Code) solely in the event that, as of the date on which PWP files an application seeking final allowance of such Transaction Fee, the Committee Settlement embodied in the *Second Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 894] (as may be further amended or revised) (the "Chapter 11 Plan") has been terminated or withdrawn, in either case, by the Debtors or the Committee, or confirmation of the Chapter 11 Plan has been denied by the Bankruptcy Court; provided, the Ad Hoc Group of First Lien Lenders shall not have any right to object to the Transaction Fee in the event an alternative settlement is entered into that is acceptable to the Ad Hoc Group of First Lien Lenders and such alternative settlement is approved by the Bankruptcy Court.

6. To the extent the Committee and PWP enter into any supplemental engagement letters, the Committee will file any such supplemental engagement letters with the Court and serve the same upon the applicable notice parties. Absent any objection filed within 14 days after the filing and service of any such supplemental engagement letter, PWP shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such supplemental engagement letter.  To the extent any such parties object to such proposed supplemental engagement letter, the Committee will promptly schedule a hearing before the Court within ten (10) days of receipt of any such objection or as soon thereafter as is practicable. All additional services shall be subject to the provisions of this Order.

7. The Committee shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Letter and will indemnify

and hold harmless PWP and each other Indemnified Person in accordance with the terms of the Engagement Letter, subject to the following:

    a. No Indemnified Person (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

    b. The Debtors' estates shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Person's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Person's obligations to maintain the confidentiality of nonpublic information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled without the Debtors' consent as to the exclusions set forth in clauses (i) and (ii) above, but subsequently determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which such Indemnified Person should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the indemnification, contribution, and/or reimbursement obligations of the Debtors' estates under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors' estates may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation of the Debtors' estates to indemnify, or make contributions or reimbursements to, the Indemnified Person. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement; and

        d.    In the event that any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to PWP's own applications, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 and 328 of the Bankruptcy Code. All parties in interest shall retain the right to object to any application by PWP or an Indemnified Person for indemnification, contribution, or reimbursement.

8. PWP will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PWP will file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

9. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Mendelsohn Declaration, to the extent that PWP uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, PWP shall (i) pass through the cost of such Contractors to the Debtors at the same rate that PWP pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PWP; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors.

10. To the extent this Order is inconsistent with the Engagement Letter, the Application, or the Mendelsohn Declaration, the terms of this Order shall govern.

11. PWP shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases.

12. The Committee, the Debtors, and PWP are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. Notice of the Application as provided therein shall be deemed good and sufficient

notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Notwithstanding anything to the contrary in this Order, the Application, the Mendelsohn Declaration, or the Engagement Letter, the Debtors shall have no obligation to pay PWP for any fees other than those accrued as of the termination date of the Engagement Letter, if the Committee terminates the Engagement Letter, after determining in good faith, that PWP has engaged in gross negligence or willful misconduct in connection with the services described in the Engagement Letter.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.