womblebonddickinson.com



**February 10, 2025**

**Via CM/ECF and Hand Delivery**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:  *In re: Franchise Group, Inc. et.al,*
*Jointly Administered Under Case No. 24-12480*
*Buddy Mac Holdings, LLC's First Discovery Requests*

Womble Bond Dickinson (US) LLP
1313 North Market Street
Suite 1200
Wilmington, DE 19801

Matthew Ward
Partner
Direct Dial: 302-252-4338
Direct Fax: 302-661-7711
E-mail: Matthew.Ward@wbd-us.com

Dear Judge Silverstein:

    This Firm represents Buddy Mac Holdings, LLC ("BMH") in the above-referenced bankruptcy cases. In accordance with Section III of your Honor's Chambers Procedures, BMH submits this letter outlining the ongoing discovery dispute with the Debtors regarding their objections to BMH's First Request for Production ("RFP")[1] and Debtor's refusal to produce key witnesses for deposition despite notices being properly issued for such depositions.[2]

    BMH submits this to your Honor at this time because the Debtors have scheduled the hearing on the proposed sale of substantially all of their assets, and the assumption and assignment of certain executory contracts (including franchise agreements with BMH), for February 13, 2025. If not heard on February 13, 2025, the Court-approved bidding procedures provide that BMH's cure objection may be heard on as little as seven (7) days'-notice.[3] BMH issued its discovery on January 19, 2025, and the Debtors responded with objections on January 29, 2025. Counsel for BMH and the Debtors met and conferred on February 3, 2025, in an attempt to resolve the Debtors' objections. While the parties resolved certain minor issues, the vast majority of the Debtors' objections were not resolved. The Debtors' failure to properly respond to discovery stands to severely prejudice BMH.

**I.  Background**

    In order to provide context for this dispute, BMH must first provide the Court with a brief background of the parties' relationship and the larger dispute. BMH is the largest franchisee of the

---

[1] A copy of BMH's First Request for Production and Debtors' boilerplate objections in response are annexed hereto as composite Exhibit "A."
[2] The subject deposition notices are annexed hereto as Exhibit "B."
[3] *See Order (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [D.I. 444] (the "Bidding Procedures Order"), ¶ 31(f).

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



February 10, 2025
Page 2

Buddy's franchise, operating eighty-two (82) Buddy's stores. BMH and Debtors, Buddy's Franchising LLC ("Buddy's Franchising") and Buddy's Newco, LLC ("Newco"), are parties to an Area Development Agreement dated July 2014 (as amended, the "Development Agreement"), pursuant to which BMH was granted the sole and exclusive right to develop, own and operate Buddy's Retail Businesses within a specified Development Area. BMH's territorial protections extended to Buddy's Franchising, Newco, and their respective affiliates. BMH also holds a right of first refusal in the event that Buddy's Franchising or Newco, or any of their affiliates, acquire any store that sells or leases the same or similar products and services as those offered and sold by Buddy's Retail Businesses within the Development Area. BMH holds similar rights and protections from competition under its Franchise Agreements with Buddy's Franchising.

In or about February of 2020, an affiliate of Buddy's Franchising acquired American Freight Franchising, LLC and various affiliated entities ("American Freight"). As a result, or shortly thereafter, one or more affiliates of Buddy's Franchising became the owner of American Freight stores in twenty-three (23) protected territories under BMH's franchise agreements. One or more affiliates of Buddy's Franchising also operated 13 American Freight stores within BMH's protected Development Area under the Development Agreement.

BMH was entitled to receive a Conversion Notice upon the acquisition of the competing American Freight stores operating in BMH's territories. Instead, no Conversion Notices were sent, and the competing American Freight stores were operated to BMH's detriment.

In March of 2024, BMH formally notified the Debtors that the Development Agreement and the various Franchise Agreements had been breached on account of, among other things, the acquisition of American Freight and other competing brands and the failure to send Conversion Notices. Still, no Conversion Notices were received, and post-petition, the Debtors and their affiliates continue to disregard BMH's Conversion Notice option and continue to violate BMH's territorial rights.

As a result, BMH has been and continues to be materially damaged by the prior and ongoing breaches of the Development Agreement and franchise agreements. Such damages are the subject of BMH's *Objection to Notice of Possible Assumption and Assignment Cure Costs With Respect to its Executory Contracts* [D.E. 644] (the "Cure Objection"). While the liability of the Debtors from the breaches of the various agreements is self-evident, the information necessary for BMH to calculate its damages with precision is solely within the possession, custody, or control of the Debtors. Related to the financial performance of the American Freight locations wrongfully competing in BMH's territories, is the financial arrangement established between Debtor Franchise Group, Inc. ("FRG") and American First Finance, LLC. ("AFF"). FRG entered into contracts with AFF designating AFF as the primary financing arm for American Freight both for sales and rent to own contracts with American Freight customers. Substantial upfront revenues were received by FRG based on its business relationship with AFF, and such revenues represent part of the damages suffered by BMH since BMH was denied its contractual rights to purchase the American Freight locations in its territories and to financially benefit itself from these profitable customer financing arrangements.



February 10, 2025
Page 3

**II.     Scheduling Matters**

As stated above, BMH served its discovery on January 19, 2025. Its discovery required documents to be produced by January 29, 2025, and scheduled depositions on February 10 and February 11, 2025, in anticipation of the hearing on February 13, 2025. The Debtors have not requested that the Court adjourn the sale hearing, notwithstanding that the auction has now been adjourned to February 12, 2025.[4]

As stated above, to the extent that BMH's Cure Objection is not heard on February 13, 2025 (and BMH would contend that it should not be heard on the 13th on account of the Debtors' discovery failures), the Bidding Procedures Order contemplates that the Debtors may schedule a hearing on cure objections on only seven days' notice. Accordingly, BMH stands to be severely prejudiced if it does not receive the Debtors' discovery promptly.

**III.    FRG's Boilerplate Objections and Responses to BMH's RFP Are Improper**

BMH narrowly tailored its RFP to seek documents relating to the following subject matters, generally: (1) the consideration exchanged and other financial terms of FRG's acquisition of American Freight; (2) store-level revenue data that FRG or Buddy's Franchising generated from customers within BMH's protected territories for the sale of identical or similar products offered or sold by BMH; and (3) any payments or other consideration received by FRG or American Freight through the business relationship with AFF from the sale of identical or similar products offered or sold by BMH within BMH's protected territories.

In response to each of BMH's 22 document requests in its RFP, the Debtors asserted the same or substantially similar boilerplate objections, which clearly fall short of the Debtors' discovery obligations under Federal Rules of Civil Procedure 26 and 33. Specifically, the Debtors objected as follows:

> The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" documents referring, relating to or reflecting the revenues or other payments received by either FRG or AF from any agreements or financing arrangements with American First Finance, LLC over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "AF" and "American First Finance, LLC" are not defined in the Requests. The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

---

[4] To date, the Debtors have also failed to provide BMH with any evidence of adequate assurance of future performance by any prospective bidder in connection with any proposed assumption and assignment of BMH's franchise agreements, and BMH reserves all rights with regard to the same.

February 10, 2025
Page 4



> Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

The Debtors' response and objection fails to disclose whether any responsive materials are being withheld on the basis of the specified objection and further, fails to specify whether their objection is intended to cover the entire scope of the request or only a portion of the request. In the event the Debtors' objection is only directed to a portion of the request, the Debtors have failed to produce the information responsive to any portion of the request unaffected by the objection. Fed. R. Civ. P. 34(b)(2)(B)-C); *See In Re Anderson News, LLC,* 615 B.R. 45 (Bankr. D. Del. 2020).

Further, the Debtors have asserted privilege objections without a corresponding privilege log or confirmation as to whether any responsive documents have been withheld on the basis of such privilege. *Id.* At a minimum, the Debtors are required to provide specific objections to each request to the extent they intend to maintain same. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

As stated above, the parties met and conferred by Zoom on February 3, 2025. During that meeting and despite BMH's best efforts, the Debtors did not commit to producing any specific information or amending the previously asserted boilerplate objections. While the Debtors expressed some degree of willingness to produce certain limited information, the Debtors did not specify the information that would be produced or by any date certain.

On February 6, 2025, the Debtors produced a limited set of documents to BMH's counsel, Robert Einhorn. Mr. Einhorn has advised that the document set primarily consists of publicly available information regarding FRG's acquisition of American Freight and/or Badcock. Mr. Einhorn has advised that the 40 documents produced by FRG total 2,095 pages, of which 1,994 pages are publicly available. Mr. Einhorn has advised that several of the remaining documents totaling 101 pages are duplicates. More documents were received on February 10, 2025, but Mr. Einhorn advises that several categories of requests are unanswered. Counsel for the Debtors has not specified whether any other documents would be forthcoming but, rather, has suggested that additional meet and confers should be conducted and that it is premature to request the Court's intervention. However, because a hearing on BMH's Cure Objection may be scheduled on only seven (7) days' notice after February 13, 2025 under the Court's Bidding Procedures Order, BMH respectfully states that it is not premature to seek the Court's assistance.

**IV.     FRG Has Also Refused to Produce Witnesses for Deposition**

On January 19, 2025, BMH noticed the depositions of FRG's most knowledgeable corporate representative pursuant to Rule 30(b)(6) for February 10, 2025, and the President of American Freight, Will Powell, pursuant to Rule 30(b)(1), for February 11, 2025. The Debtors did not respond or otherwise object to these depositions moving forward until February 3, 2025 when the parties met and conferred regarding the Debtors' objections to BMH's RFP. During the parties' meet and confer, the Debtors advised that they would not produce a 30(b)(6) witness. When asked who would be provided, and when, counsel responded that they did not know who would be provided, or when such person(s) would be available, but the Debtors were not producing anyone on February 10 and February 11. The Debtor's position is not



February 10, 2025
Page 5

defensible under the Federal Rules of Civil Procedure. The Debtors must provide the witnesses requested, whom BMH believes are the key individuals with knowledge of the substantial revenues generated by Debtors from the violations of BMH's territorial rights.

**V.      Relief Requested**

The obstruction of discovery by Debtors with respect to BMH's damages and Cure Objection [D.E. 644] has impeded BMH's ability to prepare for the hearing presently scheduled for February 13, 2025. Unless the Debtors provide discovery prior any subsequently scheduled hearing on BMH's Cure Objection, BMH stands to be severely prejudiced.

For the reasons set forth above, BMH respectfully requests that the Court order the Debtors to immediately produce the information responsive to BMH's RFP and to immediately produce Mr. Powell and the most knowledgeable corporate representative for deposition.  In the alternative, BMH respectfully requests that the Court address the matter at the upcoming February 13, 2025 hearing, so that a scheduling order may be entered establishing deadlines for the Debtors to produce discovery, ensuring that a hearing on BMH's Cure Objection will not occur until the parties have had sufficient time to complete discovery and prepare.  BMH reserves all rights to seek an award of its legal fees and for such other and relief as is just and proper.

Respectfully submitted,

*/s/ Matthew P. Ward*

Matthew P. Ward

Enclosures

cc:      <u>Via email</u>:
      Robert Einhorn, Esq.
      Matthew Davis, Esq.
      James Dugan, Esq.
      Stuart Lombardi, Esq.
      Brady Sullivan, Esq.
      Debra Sinclair, Esq.