**<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (JTD)<br><br>(Jointly Administered) |

### BUDDY MAC HOLDINGS, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR FRANCHISE GROUP, INC.

BUDDY MAC HOLDINGS, LLC and its subsidiaries (collectively "BMH"), by and through their undersigned counsel and pursuant to Rule 7034 of the Federal Bankruptcy Rules, hereby serve their First Set of Request for Production of Documents on Debtor, Franchise Group, Inc.

### DEFINITIONS

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Each Definition provided below applies throughout this document, including to other Definitions and all Instructions and Requests.

1.      "BMH" is Buddy Mac Holdings, LLC and its subsidiaries who are Buddy's Franchising and Licensing, LLC ("Buddy's") franchisees and interested parties with valid and substantial claims against Debtors.

2.      "Communications" is to be construed as broadly as possible, includes any type of "document," and means the transmittal of any information in any form through any manner, means, or medium.  For avoidance of doubt, "communications" includes communications made between persons covered by the definition of "you" provided below (i.e., "internal communications").

3.      "Concerning" means directly or indirectly addressing, advising, analyzing, assessing, calculating characterizing, comprising, considering, constituting, containing, corroborating, demonstrating, describing, discussing, embodying, evidencing, involving, mentioning, memorializing, noting referencing, referring to, reflecting, regarding, relating to, pertaining to, showing, suggesting, summarizing, or supporting, and includes documents that underlie, support, are or were attached or appended to, or were used in the preparation of any document responsive to a Request.

4.      "Documents" is to be construed as broadly as possible, includes "communications," and means any reduction of information to tangible form (including electronic, optical, and any other form requiring retrieval and presentation to be perceived), including any written, typed, printed, handwritten, recorded, and graphic material of any kind, however produced or reproduced, and regardless of origin or location, including any communications, originals, interim drafts, and non-identical copies, any of which includes any file, book, card, article, press release, financial statement or report, note, bank statement, work paper, canceled check, analysis, deposit slip, credit

and debit memoranda, telex bill (including telephone and credit card), correspondence, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, day-timer pages, filing with any agency of the federal or state government, telephone log, appointment calendar, telegram, mailgram, accounting work paper, report, video-tape, computer print-out, memorandum, intra-office communication, minutes of meetings, invoices, e-mails, faxes and any tangible item or readable or visual material, whether printed, typed, hand-written, microfilmed, or recorded. The term "document" also includes voice recordings, film, tapes, and other data compilations from which information can be obtained. The term "document" also includes all forms of electronically stored information (ESI) as well as metadata for all ESI, including information about the document's author, creation date, revision dates, tracked changes, and electronic comments.

5.　　"Including" and variations thereof mean including without limitation.

6.　　"Person" means any legal person without limitation.

7.　　"You" and "your" means Debtor, Franchise Group, Inc., and all of its subsidiaries involved in these bankruptcy cases including Buddy's Franchising and Licensing LLC and American Freight LLC ("AF"), each of their successors, predecessors, divisions, departments, and any other person acting or purporting to act on any of their behalf.

## <u>INSTRUCTIONS</u>

1.　　Unless a Request specifies otherwise, each Request seeks information from January 1, 2020 to the present (the "Relevant Period").

2.　　Within **ten (10) days** of the date of this Request, You shall produce all documents in your possession, custody, or control that are responsive to the Requests, including documents in the possession, custody, or control of your subsidiaries, attorneys, accountants, advisors, or other

persons directly or indirectly employed by, connected with you, or acting on behalf of you, your attorneys, or anyone else otherwise subject to your control.

3.      Any alteration to a responsive document, including any handwritten notes, underlining, date stamps, highlights, drafts, or other versions of a document, causes the altered document to be a separate and distinct document that must be produced.

4.      Except when express reference is made to another Request, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

5.      Any document that is responsive to more than one Request shall be produced only once.  If any part of a document is responsive to a Request, the whole document must be produced.

6.      If your response to a Request is that responsive documents are not within your possession or custody, describe in detail the unsuccessful efforts that you made to locate each such document.  If your response to a Request is that responsive documents are not under your control, identify those documents, the persons who have control over them, and the locations of those documents.

7.      Each document that you produce shall be identified with the number of the Request to which the document responds and shall be in a form that renders the document susceptible to copying.  You shall also identify the source of each produced document.

8.      For any Request with which you cannot comply in full, you shall comply with it to the fullest extent possible and explain why full compliance is not possible.

9.      These Requests shall be continuing through the course of trial.  Documents that you obtain or discover after making a document production must be produced in a supplemental production to Defendant without further request.

10.     To bring within the scope of a Request a response or document that might otherwise be construed to be outside the scope of the Request: (i) "and" shall include "or" and vice versa; (ii) the singular shall include the plural and vice versa; and (iii) the use of any tense of any verb shall include all other tenses of that verb except where circumstances make it inappropriate.

11.     As to each responsive document, or portion thereof, that you assert is subject to a claim of privilege or other protection from disclosure, you shall produce the document to the fullest extent possible with limited redactions that clearly identify the allegedly protected material. Because each document must independently satisfy the requirements of the asserted privilege or protection from disclosure, you shall not withhold or redact any document merely because it is attached to or enclosed with an allegedly privileged document.  As to each document that you withhold and each portion of a document that you redact based on privilege or another protection from disclosure, you shall furnish a schedule that specifies the following information:

a.      The type of document (e.g., letter, notes, memorandum, or work paper);

b.      The date of the document;

c.      The author(s) of the document;

d.      The subject matter of the document;

e.      The basis for claiming the privilege or other protection from disclosure;

f.      All persons to whom the document or its contents have been disclosed;

g.      The names and addresses of all persons who received copies of the documents, as reflected on the documents;

h.      The number of pages; and

i.      The number of attachments or appendices.

12.     If you assert the attorney-client privilege, you shall also state the name and address of the law firm, if applicable, identify the attorneys involved by name and "Esq.," specify whether

the attorney was acting in the capacity of an attorney with respect to the communication, and furnish all bills for legal services (if applicable), time records, payment ledgers, retainer agreements, and all other documents that establish the existence of the attorney-client privilege and describe the scope of the legal services furnished.

13.     As to any responsive document has been discarded, destroyed, lost, placed beyond your control, or otherwise disposed of, you shall identify the: (a) preparers; (b) addressees; (c) recipients of carbon or blind carbon copies; (d) date of preparation; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom the document was distributed, shown, or explained; (j) date of disposal, loss, or destruction; (k) reason for disposal, loss, or destruction; (*l*) person(s) authorizing disposal or destruction;  (m) person(s) who discarded, lost, or destroyed the document; and (n) all locations of the document, whether physical, electronic, or otherwise.

14.     Unless otherwise agreed upon, all documents shall be produced in their original form, in the form in which they are maintained in the ordinary course of business, and in a format that is searchable, useable, and accessible.  Electronically stored information ("ESI") shall be produced in native format with all metadata preserved.  All such ESI documents shall be produced in searchable .PDF or .TIF format, with the exception of data or file types that are not easily convertible to image format (including, *inter alia*, Excel, Access files, and drawing files).  Excel or other spreadsheet files will be produced natively with either: (1) a placeholder TIFF image that contains the filename, the stamped production Bates number, and the message "Not Converted to TIFF" or "Produced Natively"; or (2) a log in Excel spreadsheet format indicating the Bates numbers of all files that have been produced natively and not converted to a TIFF file.  These native file names must be renamed to correspond with their production Bates number.  If an Excel

or other spreadsheet file cannot reasonably be produced in native format, you must advise the undersigned of the reason for not producing the file in native format.

15.     If color images are produced, they should be in JPG format.  To the extent possible, images shall be accompanied by a load file in either IPRO (.LFP file) or Opticon (.OPT file) format, including document breaks and page counts (beginning and ending production numbers) and using standard IPRO/Opticon folder structures.  All productions are to be delivered in a standard delimited Concordance (.DAT file) which includes BegAttach and EndAttach fields.

16.     All mobile messages (including, *inter alia*, any message sent via cellular telephone, iPhone, Android, or other similar device, whether through SMS message, MMS message, text message, iMessage, or any in-app messaging system including WhatsApp, Viber, Kik, Telegram, Twitter direct message, Slack, Google Chat, and Facebook Messenger) shall be produced in searchable format that preserves the presentational features of the original messages including emojis, reactions, images, gifs, and video files.

17.     Individual PDFs shall be named by starting Bates number with a delimited load file (DAT or CSV) containing metadata fields and paths to the PDFs, any included natives, and TXT files.  The load files should include the following production fields (where applicable): BATE_START,  BATES_END,  ATTACH_START,  ATTACH_END,  ATTACH_IDS, ATTACH_COUNT, PARENT_ID, NATIVE_DIR, NATIVE_FILE, TEXT_FILE, TEXT_DIR, PGCOUNT, and MD5HASH.  The load files should include the following document fields where applicable: DOCTYPE, TITLE, AUTHOR, NATIVE_ORIGINAL_NAME, RECIPIENTS, CC, BCC,  FILEEXT,  MAILBOX_FILE,  MAILBOX_PATH,  MAILBOX_CUSTODIAN, EMAIL_DATETIME, DATE RECEIVED, DATE SENT, EMAIL SUBJECT, EMAIL AUTHOR, DATE CREATED, DATE MODIFIED, EDOC AUTHOR, EDOC TITLE,

CUSTODIANS, FILESIZE, and FOLDER PATH.  All documents shall also identify the current and any former custodians of such records.

## **DOCUMENTS TO BE PRODUCED**

1.     All documents referring, relating to or reflecting any agreements or financing arrangements between Franchise Group, Inc. ("FRG") and AF with American First Finance, LLC including any referral agreements.

2.     All documents referring, relating to or reflecting the revenues or other payments received by either FRG or AF from any agreements or financing arrangements with American First Finance, LLC.

3.     All correspondence between FRG or AF regarding any agreements or financing arrangements with American First Finance, LLC.

4.     Documents sufficient to show all payments, revenues, credits or commissions received by FRG or AF from any business relationships with American First Finance.

5.     Documents sufficient to show all payments, revenues or commissions received by FRG or AF from any business relationships with American First Finance including but not limited to payments, revenues or commissions received based on American Freight store locations within the franchise territories owned or controlled by BMH or its affiliates, including but not limited to those stores and territories of BMH and its affiliates listed on the attached Exhibit A.

6.     Documents sufficient to show the price or other consideration paid by FRG to purchase, acquire, or merge with American Freight, LLC.

7.     Documents sufficient to show the price ot other consideration paid by FRG to purchase, acquire, or merge with W.S. Badcock Corporation.

8.     Financial statements, including profit-and-loss statements, balance sheets, and cash

flow statements, concerning the American Freight, LLC locations which operated within the franchise territories owned or controlled by BMH or its affiliates.

9.      All franchise agreements during the Relevant Period for the American Freight, LLC store and W.S. Badcock Corporation store in Meridian, Mississippi.

10.      All documents showing the purchase price offered to franchisees, at Buddy's Franchising & Licensing LLC's 2020 Leadership Meeting in Orlando, Florida, held on September 14-18, 2020, or otherwise, to purchase American Freight, LLC stores or W.S. Badcock Corporation stores.

11.      The form rent-to-own agreements used at the American Freight, LLC stores which operated within the franchise territories owned or controlled by BMH or its affiliates.

12.      The form financing arrangements used at the American Freight, LLC stores which operated within the franchise territories owned or controlled by BMH or its affiliates.

13.      Documents sufficient to show all suppliers of inventory sold at the American Freight, LLC store which operated within the franchise territories owned or controlled by BMH or its affiliates.

14.      All documents, reports or data showing that FRG or Buddy's ever directed customer leads generated within BMH's territories or for delivery to customers within BMH's territories as required by Section 2(d)(iii) of the Franchise Agreements and Section 1(b)(iii) of the Area Development Agreements with BMH.

15.      All documents, reports or data showing the revenues that FRG or Buddy's generated from selling products directly with regard to customer leads generated within BMH's territories or for the sale and delivery of products to customers within BMH's territories.

16.      All documents, reports or data showing that customer leads generated in BMH's

territories were directed to American Freight.

17.    All documents, reports or data showing all revenues generated by American Freight for each product sale that took place within BMH's franchise territories.

18.    All financial statements for each individual American Freight location operating within BMH's territories.

19.    All documents evidencing the marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories.

20.    All documents evidencing advertising or marketing conducted by American Freight which was directed to or conducted within BMH's franchise territories for the sale of the same or similar products sold by BMH from its Buddy's locations.

21.    All documents evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to purchase any of the American Freight locations which operated in BMH's territories at the time You acquired the American Freight brand in 2020 or at any time thereafter.

22.    All documents evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to purchase any of the American Freight locations which were opened in BMH's territories after FRG acquired the American Freight brand in 2020.

Dated: January 19, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward (Del. Bar No. 4471)
Lisa Bittle Tancredi (Del. Bar No. 4657)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
        lisa.tancredi@wbd-us.com

-and-

**ZARCO EINHORN SALKOWSKI, P.A.**
Robert M. Einhorn (admitted *pro hac vice*)
One Biscayne Tower
2. S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
Email: reinhorn@zarcolaw.com

*Counsel to Buddy Mac Holdings, LLC and its
Subsidiaries*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO BUDDY MAC HOLDINGS, LLC'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR
<u>FRANCHISE GROUP, INC.</u>**

Pursuant to Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure and

Rules 26 and 34 of the Federal Rules of Civil Procedure, the Debtors hereby object to Buddy Mac

Holdings, LLC and its subsidiaries' (collectively "**BMH**") *First Request for Production of

Documents To Debtor Franchise Group, Inc.*, dated January 19, 2025 (the "**Requests**"), as

follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**<u>RESERVATION OF RIGHTS</u>**

The Debtors expressly reserve the right to supplement, clarify, revise, or correct any of these responses and objections.

**<u>GENERAL RESPONSES AND OBJECTIONS</u>**

The Debtors assert the following General Objections, which apply to the Requests in their entirety and are incorporated by reference into each Specific Response and Objection below as if fully repeated therein.

1.      The Debtors object to the Requests in their entirety, including their Definitions and Instructions, to the extent that they purport to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws and rules.

2.      The Debtors object to the Requests in their entirety as vague and ambiguous to the extent they are drafted in a manner that does not describe with reasonable specificity the documents requested and/or employs phrases that are capable of more than one reasonable interpretation.

3.      The Debtors object to the Requests in their entirety to the extent that they seek the discovery of documents that are not relevant to any Party's claims or defenses or that are not proportional to the needs of this case.

4.      The Debtors object to the Requests in their entirety to the extent that they purport to require the Debtors to perform anything more than a reasonable search for non-privileged documents where responsive, non-privileged documents would reasonably be expected to be found.  In the event that the Debtors agree to produce documents in response to a Request, their production will be limited to non-privileged responsive documents located in a reasonable search.

5.      The Debtors object to the Requests in their entirety to the extent that they are duplicative of discovery that BMH has sought, or will seek, from other sources.  In the event that

- 2 -

the Debtors agree to produce documents in response to a Request, the Debtors will conduct a reasonable search that is not duplicative of searches conducted by other Persons that BMH has subpoenaed, including without limitation the Debtors.

6.    The Debtors object to the Requests in their entirety to the extent that they seek documents that are: (i) not within the Debtors' possession, custody, and/or control; (ii) within the possession, custody, and/or control of BMH; or (iii) readily available to the public and, therefore, as easily accessible to BMH as to the Debtor.

7.    The Debtors object to the Requests in their entirety to the extent that they seek the discovery of documents that are not maintained in the ordinary course of the Debtors' business. The Debtors are not under any obligation to create documents that do not exist or are not already in their possession, custody or control.

8.    The Debtors object to the Requests in their entirety to the extent that they seek the discovery of documents protected by any applicable privilege, protection or immunity from disclosure, including, without limitation, the attorney-client privilege, attorney work-product doctrine, and the common interest doctrine. The Debtors will not produce such documents.

9.    The Debtors object to the Requests to the extent that they are predicated upon erroneous assumptions or to the extent that they state incorrect facts. When the Debtors respond to the Requests, the Debtors do not agree to these assumptions or factual predicates and specifically reserve the right to challenge any of the assumptions or factual predicates contained in the Requests.

10.    The specific responses set forth below are based upon information presently available to the Debtors, and the Debtors expressly reserve the right at any time to amend, revise, modify, correct, or clarify the objections or responses set forth herein. Failure to object herein

shall not constitute a waiver of any objection that the Debtors may later interpose, including as to future supplemental responses.

11.    By agreeing to produce any documents it may have in response to any particular request, the Debtors do not concede or intend to suggest that there in fact exist any documents responsive to that request.  The Debtors will produce documents only to the extent they are relevant to the matters at issue in this proceeding, able to be located by a reasonably diligent search, responsive and not privileged.  To the extent that the Debtors assert that no documents exist in response to a specific request, such assertion is subject to the limitations imposed by a reasonable search, and is not a representation that no responsive documents exist whatsoever, but rather is a representation that no such documents have been located.  Moreover, the production of documents in response to the Requests does not constitute an admission by the Debtors that such documents are relevant or admissible and is without prejudice to the Debtors' right to contend at any hearing, trial or any stage of this proceeding, or any other proceeding, that the requested documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

12.    Inadvertent production or disclosure of any privileged or otherwise protected information or document is not intended to be, and shall not operate as or be deemed to be, a waiver of any claim of privilege, protection, or immunity in whole or in part; nor is any such inadvertent production or disclosure intended to be, nor shall it operate as or be deemed to be, a waiver of the right to object to any use of such document or of the information contained therein.  The Debtors expressly reserve the right to redact privileged, non-responsive or irrelevant information from any documents produced in response to the Requests and to claw back privileged information.

13.    All documents produced in response to BMH's Requests are to be produced subject to the protective order entered in this proceeding on December 4, 2024.

14.     The Debtors incorporate by reference every General Objection into each and every specific response to the Document Requests set forth below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response shall in no way waive any General Objection to that Document Request.

**RESPONSES AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

15.     The Debtors object to the Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation in excess of those set forth in the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

16.     The Debtors object to the definition of "BMH" on the grounds that the definition is as overly broad, vague, ambiguous, and purports to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.  The Debtors will interpret "BMH" to refer to Buddy Mac Holdings, LLC and its subsidiaries who are Buddy's Franchising and Licensing, LLC ("Buddy's") franchisees and interested parties with valid and substantial claims against the Debtors, to the extent known to the Debtors.

17.     The Debtors object to the definition of "Communications" on the grounds that the definition is as overly broad, vague, ambiguous, and purports to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.  If a specific Request asks for "Communications," the Debtors will undertake a reasonable search for material consistent with the definition of "document" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014

of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence.

18.    The Debtors object to the definition of "Documents" on the grounds that the definition is overly broad, vague, ambiguous, and purports to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules. If a specific Request asks for "Documents," the Debtors will undertake a reasonable search for material consistent with the definition of "document" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence.

19.    The Debtors object to the definition of "You" and "your" on the grounds that the definition is overly broad, vague, ambiguous, and purports to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules. The Debtors will interpret "You" and "your" to refer to the Debtors and their current and former directors, officers, and employees, to the extent known to the Debtors.

20.    The Debtors object to Instruction 1 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests documents from January 1, 2020 to the present (the "Relevant Period"). The Debtors are willing to meet-and-confer with BMH on the Relevant Period for these Requests.

21.    The Debtors object to Instruction 2 to the extent that it imposes obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of

Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules, to the extent it purports to require the Debtors to produce documents in response to the Requests within ten (10) days of the Requests.

22.     The Debtors object to Instruction 6 as overly broad, unduly burdensome, and purporting to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

23.     The Debtors object to Instruction 7 as overly broad, unduly burdensome, and purporting to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

24.      The Debtors object to Instruction 8 as overly broad, unduly burdensome, and purporting to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

25.     The Debtors object to Instructions 11 and 12 to the extent that they purport to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.  The Debtors will provide a privilege log consistent with their obligations under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

26.     The Debtors object to Instruction 13 as unduly burdensome to the extent that it purports to impose obligations on the Debtors that are inconsistent with and/or beyond those

imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.

27.      The Debtors object to Instructions 14, 15, 16, and 17 as unduly burdensome to the extent that they purport to impose obligations on the Debtors that are inconsistent with and/or beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure or any other applicable laws or rules.  The Debtors are willing to meet and confer with BMH regarding the format of any document productions.

## SPECIFIC RESPONSES AND OBJECTIONS

## DOCUMENT REQUEST NO. 1:

All Documents referring, relating to or reflecting any agreements or financing arrangements between Franchise Group, Inc. ("FRG") and AF with American First Finance, LLC including any referral agreements.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" documents referring, relating to or reflecting any agreements or financing arrangements between the Franchise Group, Inc. and AF with American First Finance, LLC over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as "AF" and "American First Finance, LLC" are not defined in the Requests.  The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

## DOCUMENT REQUEST NO. 2:

All documents referring, relating to or reflecting the revenues or other payments received by either FRG or AF from any agreements or financing arrangements with American First Finance, LLC.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" documents referring, relating to or reflecting the revenues or other payments received by either FRG or AF from any agreements or financing arrangements with American First Finance, LLC over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "AF" and "American First Finance, LLC" are not defined in the Requests. The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

## DOCUMENT REQUEST NO. 3:

All correspondence between FRG or AF regarding any agreements or financing arrangements with American First Finance, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" correspondence between FRG or AF regarding any agreements or financing arrangements with American First Finance, LLC over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as "AF" and "American First Finance, LLC" are not defined in the Requests. The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show all payments, revenues, credits or commissions received by FRG or AF from any business relationships with American First Finance.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" payments, revenues, credits or commissions received by FRG or AF from any business relationships with American First Finance over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as "AF" and "American First Finance" are not

defined in the Requests.  The Debtors further object to this Request on the grounds that it seeks

the discovery of documents and communications protected by the attorney-client privilege,

attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege,

protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted

herein, the Debtors state that they are willing to meet and confer with BMH concerning this

Request.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to show all payments, revenues or commissions received by FRG or AF
from any business relationships with American First Finance including but not limited to
payments, revenues or commissions received based on American Freight store locations within the
franchise territories owned or controlled by BMH or its affiliates, including but not limited to those
stores and territories of BMH and its affiliates listed on the attached Exhibit A.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome,

seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs

of the case, including without limitation because it seeks documents concerning "all" payments,

revenues or commissions received by FRG or AF from any business relationships with American

First Finance over a five-year time period without limitation.  The Debtors further object to this

Request as vague and ambiguous, insofar as (a) "AF," "American Freight" and "American First

Finance" are not defined in the Requests, (b) the Request references BMH "affiliates," (c) the

Request makes reference to "franchise territories owned or controlled by BMH or its affiliates,"

and (d) the Request refers to "the attached Exhibit A."  The Debtors further object to this Request

on the grounds that it seeks the discovery of documents and communications protected by the

attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to show the price or other consideration paid by FRG to purchase, acquire, or merge with American Freight, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "price or other consideration" paid by FRG to purchase, acquire, or merge with American Freight, LLC.  The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight, LLC" is not defined in the Requests, and the Request seeks documents concerning "other consideration."  The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to show the price ot other consideration paid by FRG to purchase, acquire, or merge with W.S. Badcock Corporation.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "price o[r] other consideration paid by FRG to purchase, acquire, or merge with W.S. Badcock Corporation." The Debtors further object to this Request as vague and ambiguous, insofar as "W.S. Badcock Corporation" is not defined in the Requests, and the Request seeks documents concerning "other consideration." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 8:**

Financial statements, including profit-and-loss statements, balance sheets, and cash flow statements, concerning the American Freight, LLC locations which operated within the franchise territories owned or controlled by BMH or its affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning financial

statements, including profit-and-loss statements, balance sheets, and cash flow statements over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as (a) "American Freight, LLC" is not defined in the Requests, (b) the Request references BMH "affiliates," and (c) the Request makes reference to "franchise territories owned or controlled by BMH or its affiliates." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 9:**

All franchise agreements during the Relevant Period for the American Freight, LLC store and W.S. Badcock Corporation store in Meridian, Mississippi.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" franchise agreements over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight, LLC" and "W.S. Badcock Corporation" are not defined in the Requests, and the Request references an "American Freight, LLC store and W.S. Badcock Corporation store in Meridien, Mississippi."  The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-

client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

## DOCUMENT REQUEST NO. 10:

All documents showing the purchase price offered to franchisees, at Buddy's Franchising & Licensing LLC's 2020 Leadership Meeting in Orlando, Florida, held on September 14-18, 2020, or otherwise, to purchase American Freight, LLC stores or W.S. Badcock Corporation stores.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "all" documents showing the purchase price offered to franchisees, at Buddy's Franchising & Licensing LLC's 2020 Leadership Meeting in Orlando, Florida, held on September 14-18, 2020, or otherwise, over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "Buddy's Franchising & Licensing LLC," and "2020 Leadership Meeting," "American Freight, LLC" and "W.S. Badcock Corporation" are not defined in the Requests, and the Request references a meeting held on September 14-18, 2020. The Debtors further object to this Request to the extent that it assumes facts in evidence concerning a "purchase price offered to franchisees ... to purchase American Freight, LLC stores or W.S. Badcock Corporation stores." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 11:**

The form rent-to-own agreements used at the American Freight, LLC stores which operated within the franchise territories owned or controlled by BMH or its affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "form rent-to-own agreements" over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as (a) "American Freight, LLC" is not defined in the Requests, (b) the Request references BMH "affiliates," and (c) the Request makes reference to "franchise territories owned or controlled by BMH or its affiliates."  The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 12:**

The form financing arrangements used at the American Freight, LLC stores which operated within the franchise territories owned or controlled by BMH or its affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks "form financing arrangements" over a five-year time period without limitation.  The Debtors further object to this Request as vague and ambiguous, insofar as (a) "American Freight, LLC" is not defined in the Requests, (b) the Request references BMH "affiliates," and (c) the Request makes reference to "franchise territories owned or controlled by BMH or its affiliates."  The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show all suppliers of inventory sold at the American Freight, LLC store which operated within the franchise territories owned or controlled by BMH or its affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" supplies of inventory sold at the American Freight, LLC store over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as (a) "American Freight, LLC" and "the American Freight, LLC store" are not defined in the Requests, (b) the

Request references BMH "affiliates," and (c) the Request makes reference to "franchise territories owned or controlled by BMH or its affiliates." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 14:**

All documents, reports or data showing that FRG or Buddy's ever directed customer leads generated within BMH's territories or for delivery to customers within BMH's territories as required by Section 2(d)(iii) of the Franchise Agreements and Section 1(b)(iii) of the Area Development Agreements with BMH.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents, reports or data showing that FRG or Buddy's ever directed customer leads generated within BMH's territories or for delivery to customers within BMH's territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as (a) "Buddy's," "Franchise Agreements," and "Area Development Agreements" are not defined in the Requests, (b) the Request references "BMH's territories" and "customers," and (c) the Request makes reference to "franchise territories owned or controlled by BMH or its affiliates." The Debtors further object to this Request to the extent that it assumes facts in evidence, or calls for a legal conclusion, concerning activities "required by Section 2(d)(iii) of the Franchise

Agreements and Section 1(b)(iii) of the Area Development Agreements with BMH." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 15:**

All documents, reports or data showing the revenues that FRG or Buddy's generated from selling products directly with regard to customer leads generated within BMH's territories or for the sale and delivery of products to customers within BMH's territories.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents, reports or data showing the revenues that FRG or Buddy's generated from selling products directly with regard to customer leads generated within BMH's territories or for the sale and delivery of products to customers within BMH's territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as (a) "Buddy's" is not defined in the Requests, (b) the Request references "BMH's territories," and (c) the Request makes reference to "customers within BMH's territories." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by

the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

## DOCUMENT REQUEST NO. 16:

All documents, reports or data showing that customer leads generated in BMH's territories were directed to American Freight.

## RESPONSE TO DOCUMENT REQUEST NO. 16:

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents, reports or data showing that customer leads generated in BMH's territories were directed to American Freight over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight" is not defined in the Requests and the Request references "BMH's territories." The Debtors further object to this Request to the extent that it assumes facts in evidence concerning "customer leads generated in BMH's territories were directed to American Freight." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 17:**

All documents, reports or data showing all revenues generated by American Freight for each product sale that took place within BMH's franchise territories.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents, reports or data showing all revenues generated by American Freight for each product sale that took place within BMH's franchise territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight" is not defined in the Requests and the Request references "BMH's franchise territories." The Debtors further object to this Request to the extent that it assumes facts in evidence concerning "revenues generated by American Freight for each product sale that took place within BMH's franchise territories." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 18:**

All financial statements for each individual American Freight location operating within BMH's territories.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" financial statements for each individual American Freight location operating within BMH's territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight" is not defined in the Requests and the Request references "BMH's territories." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 19:**

All documents evidencing the marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents evidencing the marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as

"American Freight" and "Buddy's" are not defined in the Requests and the Request references "BMH's franchise territories." The Debtors further object to this Request to the extent that it assumes facts in evidence, or calls for a legal conclusion, concerning the "marketing for sale" of "the same or similar products sold by BMH," or the "marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 20:**

All documents evidencing advertising or marketing conducted by American Freight which was directed to or conducted within BMH's franchise territories for the sale of the same or similar products sold by BMH from its Buddy's locations.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents evidencing the marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight" and "Buddy's" are not defined in the Requests and the Request references

"BMH's franchise territories." The Debtors further object to this Request to the extent that it assumes facts in evidence, or calls for a legal conclusion, concerning the "marketing for sale" of "the same or similar products sold by BMH," or the "marketing for sale by American Freight of the same or similar products sold by BMH from its Buddy's locations within BMH's franchise territories." The Debtors further object to this Request on the grounds that it seeks the discovery of documents and communications protected by the attorney-client privilege, attorney work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

**DOCUMENT REQUEST NO. 21:**

All documents evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to purchase any of the American Freight locations which operated in BMH's territories at the time You acquired the American Freight brand in 2020 or at any time thereafter.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs of the case, including without limitation because it seeks documents concerning "all" documents evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to purchase any of the American Freight locations which operated in BMH's territories at the time You acquired the American Freight brand in 2020 or at any time thereafter over a five-year time period without limitation. The Debtors further object to this Request as vague and ambiguous, insofar as "American Freight" and "Buddy's" are not defined in the Requests and the Request references

"BMH's territories."  The Debtors further object to this Request on the grounds that it seeks the

discovery of documents and communications protected by the attorney-client privilege, attorney

work-product doctrine, confidentiality restrictions, or any other applicable privilege, protection or

immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted

herein, the Debtors state that they are willing to meet and confer with BMH concerning this

Request.

**DOCUMENT REQUEST NO. 22:**

All documents evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to
purchase any of the American Freight locations which were opened in BMH's territories after
FRG acquired the American Freight brand in 2020.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome,

seeks discovery not relevant to any Party's claims or defenses, and is not proportional to the needs

of the case, including without limitation because it seeks documents concerning "all" documents

evidencing any efforts by FRG or Buddy's to offer BMH the opportunity to purchase any of the

American Freight locations which were opened in BMH's territories after FRG acquired the

American Freight brand in 2020 over a five-year time period without limitation.  The Debtors

further object to this Request as vague and ambiguous, insofar as "American Freight" and

"Buddy's" are not defined in the Requests, and the Request references "any of the American

Freight locations which were opened in BMH's territories" and "BMH's territories."  The Debtors

further object to this Request on the grounds that it seeks the discovery of documents and

communications protected by the attorney-client privilege, attorney work-product doctrine,

confidentiality restrictions, or any other applicable privilege, protection or immunity from disclosure.

Subject to and without waiving the General Objections and the Specific Objections asserted herein, the Debtors state that they are willing to meet and confer with BMH concerning this Request.

*[Signature page follows]*

Dated: January 29, 2025                    /s/ James C. Dugan
       New York, New York

**YOUNG CONAWAY STARGATT & TAYLOR,
LLP**

Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

**WILLKIE FARR & GALLAGHER LLP**

James C. Dugan
(admitted *pro hac vice*)
Stuart R. Lombardi
(admitted *pro hac vice*)
Brady R. Sullivan
(admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jdugan@willkie.com
slombardi@willkie.com

*Co-Counsel and Proposed Co-Counsel for the Debtors
and Debtors-in-Possession*