# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| FRANCHISE GROUP, INC. *et al.* | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SHELBY BOULEVARD FIFTY NINE, L.L.C. TO THE NOTICE [Dkt. No. 487] OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

This *Limited Objection and Reservation of Rights of Shelby Boulevard Fifty Nine, L.L.C. to the Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* (the "**Limited Objection**") is filed by Shelby Boulevard Fifty Nine, L.L.C. (the "**Landlord**") in response to the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* (the "**Notice of Possible Assumption**") [Dkt. No. 487], and any future notice of assumption filed by any of the above-captioned debtors (collectively, the "**Debtors**") with respect to that certain *Lease dated as of August 16, 2005* (as subsequently amended, the "**Lease**") between Landlord and Vitamin Shoppe Industries, LLC (fka Vitamin Shoppe Industries, Inc.) (the "**Tenant**") with respect to the leased premises commonly known as 14771 Hall Road, Shelby Township, MI (the "**Premises**").

## BACKGROUND

1. Pursuant to the Lease, Tenant leases the Premises from Landlord.

2. The Lease is a lease of real property within a "Shopping Center" as such term is used in the Bankruptcy Code, including Section 365(b)(3).

1

3. The Lease, and the Premises, contain and/or are subject to, among other things, certain use restrictions, provide for certain easements, and material terms relating to other rights and responsibilities of the parties, and other tenants of the Shopping Center.

4. Pursuant to the Notice of Possible Assumption, the Debtors have provided notice that they may assume the Lease. *See* Notice of Possible Assumption, [Dkt. No. 487].

5. The Debtors are currently attempting to sell their assets, included unexpired leases such as the Lease.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

Pursuant to Section 365, the Debtors may assume and assign unexpired leases, provided such assumption and assignment complies with the requirements of the Bankruptcy Code and applicable law. *See* 11 U.S.C. § 365. The Debtors are not free to re-write or modify the terms of the Lease and other governing documents through the assumption and assignment, but must assume the Lease subject to all rights and obligations. When a lease is a "Shopping Center" lease, such as the subject Lease, it is provided with additional protections, including the requirement that adequate assurance of future performance includes (among other things) that the assumption and assignment "is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center . . . and that such assumption or assignment will not disrupt any tenant mix or balance in such shopping center." 11 U.S.C. § 365(b)(3). Moreover, before assuming the Lease, the Debtor must cure any defaults existing under the Lease.

The Debtors have not made a final decision regarding whether they intend to assume the Lease. However, given the short deadlines for Landlord to review any proposed assumption and limited information provided by the Debtors (and what information was provided was sent to an incorrect address), the Landlord is filing this limited objection objecting to the assumption and assignment of its Lease if such assumption and assignment does not strictly comply with all objections of the Lease and other documents relating to the Lease and/or the Premises, including, but not limited to the use restrictions, absent Landlord's ***express written consent***. In addition, Landlord objects to any assumption and assignment of the Lease without full cure of all obligations owing under the Lease, including but not limited to any and all post-petition obligations.

Landlord further provides notice that the correct address for all notices to Landlord under the Lease and/or in connection with the above-captioned bankruptcy case must be sent to the following:

**Shelby Boulevard Fifty Nine, L.L.C.**
**34120 Woodward Avenue**
**Birmingham, MI, 48009**
**Attn: General Counsel**

Landlord hereby reserves and does not waive all rights and remedies with respect to the Lease and/or the Leased Premises, under the Bankruptcy Code and applicable law.

Dated: February 12, 2025  
      Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

By: ***/s/ John D. McLaughlin, Jr.***  
John D. McLaughlin, Jr. (No. 4123)  
1204 N. King Street  
Wilmington, DE 19801  
Telephone: 302-433-0220  
Mobile: 484-437-2676  
jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire  
Walter W. Gouldsbury, III, Esquire  
1905 Spruce Street  
Philadelphia, PA 19103  
Telephone: 215-557-3550  
Facsimile: 215-557-3551  
aciardi@ciardilaw.com  
jmclaughlin@ciardilaw.com