WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

Edmon L. Morton
P 302.571.6637
emorton@ycst.com

February 12, 2025

**VIA ECF AND HAND DELIVERY**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court District of Delaware
842 North Market Street, 6th Floor
Wilmington, DE 19801

      Re:    *In re Franchise Group, Inc.*, Case No. 24-12480 (LSS) (Jointly Administered)

Dear Judge Silverstein,

The Debtors[1] write in response to the *Letter Regarding Discovery Dispute with Debtors* [Docket No. 952] (the "Letter") filed by Buddy Mac Holdings ("BMH") in the above-captioned cases (these "Chapter 11 Cases"). Although BMH has been quick to seek judicial intercession, the reality is that its Cure Objection (as defined below) will not be heard in the near future, as the Debtors have indefinitely adjourned the sale hearing and cancelled the auction with respect to the potential sale(s) of their business lines (including Buddy's) [Docket No. 961]. In other words, no hearing is currently scheduled to which BMH's cure objection is relevant and needs to be adjudicated. What's more, BMH has not engaged with the Debtors concerning the discovery it seeks since February 3, 2025, and has largely ignored the Debtors' invitation to continue a dialogue around discovery issues, preferring to run to the Court instead.

The discovery BMH seeks is purportedly in furtherance of the *Objection of Buddy Mac Holdings, LLC to Notice of Possible Assumption and Assignment Cure Costs with Respect to Executory Contracts and Unexpired Leases, and Reservation of Rights* [Docket No. 644] (the "Cure Objection"), which revolves around limited issues of law and fact, namely: (1) did Buddy's Franchising and Licensing LLC ("Buddy's") breach certain franchise and development agreements it entered into with BMH, and (2) if so, what are BMH's damages? Although BMH claims in the Letter that Buddy's' breach of the agreements was "self-evident," that is not so. In fact, BMH offers no evidence establishing how Buddy's breached the 33 franchise agreements and development agreement at issue in its Cure Objection, because there is no such evidence. Instead,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15], as applicable.

the bulk of the Cure Objection argues that the Franchise Group, rather than Buddy's, breached the relevant agreements, ignoring the critical fact that the Franchise Group was not a party to those agreements. In addition, BMH fails to show how or precisely when the various agreements were breached–an especially critical failure given that BMH provided a general release to Buddy's–and to the Franchise Group–on December 10, 2020–more than a year after the acquisition of the Debtors' American Freight business, which BMH attempts to argue competed with Buddy's, leading to the breaches about which it complains. Nor does BMH make any effort to explain how its claims survived that general release. Because BMH has failed to establish a breach of any of the agreements at issue, it has no entitlement to damages.

Notwithstanding this baseline failure, on January 19, 2025, BMH propounded twenty-two requests for production (the "Requests") on the Debtors geared almost exclusively to its demand for damages. BMH also served two deposition notices: one personal deposition notice for Will Powell, and a deposition notice for Franchise Group, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), which listed nine topics for deposition that are completely duplicative of the Requests (collectively, the "Depositions").

The Debtors served written responses and objections to the Requests on January 29, 2025. *See* Letter Ex. A at 12-38 (the "Responses and Objections"). For each Request, in addition to stating general and specific objections, the Responses and Objections stated that the Debtors were available to meet and confer regarding the Requests. Contrary to BMH's odd request that the Responses and Objections be set aside, they were completely proper. *See Molina v. Kauffman*, No. 21-cv-00038, 2023 WL 3077801, at *4 (M.D. Pa. Apr. 25, 2023) (denying motion to compel as the subpoenaed party "properly raised" an objection that stated the "request is not reasonably related to the claims presented in the fourth amended complaint, and as such, is not reasonably calculated to lead to the discovery of admissible evidence.").[2]

In any event, on February 3, 2025, the Debtors met and conferred with BMH, during which the Debtors agreed to produce certain documents responsive to the Requests and proposed specific next steps. First, the Debtors agreed to produce certain agreements between American Freight and American First Finance, LLC, which were subsequently produced on February 6, 2025. Second, the Debtors agreed to produce documents sufficient to show the consideration paid by Franchise Group, Inc. for the acquisitions of American Freight, LLC and W.S. Badcock Corporation, which have also been produced on February 6, 2025. Third, the Debtors agreed to review what documentation existed regarding American Freight's financial data at the store level from January 2021 through October 2024 with respect to the thirty-three American Freight stores for which BMH sought such data. This data was subsequently collected and produced on February 10, 2025.

---

[2]  The cases cited by BMH in the Letter do not stand for the proposition that the Responses and Objections in these Chapter 11 Cases lack the requisite specificity and are waived. *See In re Anderson News, Inc.*, 615 B.R. 45, 58 (Bankr. D. Del. 2020) (granting motion to compel where the objection was a "mere statement by a party that an interrogatory was 'overly broad, burdensome, oppressive and irrelevant.'"). The Responses and Objections are not the simplistic statements discussed in *In re Anderson News*, and instead identify for each Request the grounds on which the objections are raised. *See NE Techs, Inc. v. Evolving Sys.*, No. 06-cv-6061, 2008 WL 4277668, at *5 (D.N.J. Sept. 12, 2008) (denying motion to compel where "the Plaintiff has not submitted sufficient persuasive authority for the finding that Defendant has failed to fulfill the burden of specifying the grounds on which it objects.").

Concerning the Depositions, the Debtors questioned why BMH needed to depose William Powell, the former Chief Executive Officer and President of American Freight, and, as it turns out (and as the Debtors would have informed BMH had it bothered to reach out before writing to the Court), Mr. Powell is no longer employed by the Debtors and is not within their control. The Debtors also questioned BMH's 30(b)(6) deposition notice and the attached list of topics insofar as they were entirely duplicative of the Requests, such that the information seemed best conveyed in the form of responses to the Requests, assuming responsive documents existed. Ultimately, the Debtors indicated a willingness to continue a dialogue regarding the identity of appropriate deposition witnesses and the timing of depositions but disagreed that any depositions should go forward on February 10, 2025 or February 11, 2025.

Immediately following the meet-and-confer, BMH sent a summary of their view of the meeting, stating that BMH "will be seeking immediate relief from the Court[.]" The Debtors responded, stating that "it is not yet clear that there will be a Buddy's sale hearing on February 13, 2025 . . . in which case the cure objections will be heard at a later date . . . Given this, we believe that motion practice is likely to be premature, and we should continue our dialogue regarding your discovery requests." The Debtors reiterated that, "although differences remain concerning the scope of discovery sought, and there are outstanding issues, we believe that seeking immediate relief from the Court would be premature at this time[.]"

Since the February 3, 2025 meet-and-confer, the Debtors have produced 2,096 pages of documents across two productions, one on February 6, 2025 and one on February 10, 2025. These productions cover the items discussed during the meet-and-confer, and include the American First Finance, LLC agreements, information regarding the purchase price of American Freight and Babcock's, and available financial information, at a store level, for the thirty-three American Freight stores identified by BMH. Despite mutual agreement that there were still issues to be discussed, and that a dialogue should continue, BMH never responded to the Debtors' invitation to continue that dialogue, choosing instead to file the Letter on February 10, 2025.

At this juncture, given the lack of engagement from BMH, it is unclear what relief BMH is seeking when they ask the Court to "order the Debtors to immediately produce the information responsive to BMH's RFP and to immediately produce Mr. Powell and the most knowledgeable corporate representative for deposition." Letter at 5. In the nine days since the parties' meet and confer discussion, BMH has not reached out to discuss how they could effectively narrow their discovery requests, nor have they acknowledged that many of their requests seek categories of documents that simply do not exist – although this point was repeatedly made by Debtors' proposed counsel during the meet and confer. In any event, as noted above, Mr. Powell no longer works for the Debtors and is not within their control, which BMH would have learned had it simply reached out instead of running to the Court.

Finally, there is currently no sale hearing, nor proposed sale of the Buddy's assets, before the Court, and the Cure Objection will be litigated pursuant to an agreed-upon schedule that will allow additional time for discovery.

For these reasons, the Debtors respectfully request that the Court deny BMH's request for an order that the Debtors immediately produce the information responsive to BMH's RFP and to immediately produce Mr. Powell and the most knowledgeable corporate representative for

deposition, or in the alternative, entering a scheduling order that establishes discovery deadlines for all parties in connection with BMH's objection.

Respectfully yours,

Dated: February 12, 2025
       Wilmington, Delaware

                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                */s/ Edmon L. Morton*
                Edmon L. Morton (Del. No. 3856)
                Matthew B. Lunn (Del. No. 4119)
                Allison S. Mielke (Del. No. 5934)
                Shella Borovinskaya (Del. No. 6758)
                Rodney Square
                1000 North King Street
                Wilmington, Delaware 19801
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253
                emorton@ycst.com
                mlunn@ycst.com
                amielke@ycst.com
                sborovinskaya@ycst.com

                *Counsel to the Debtors and Debtors in Possession*