# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No 876 |

**THIRTEENTH OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to reject those certain unexpired executory contracts (the "Rejected Executory Contracts")

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth on Schedule 1 to this Order, effective as of January 31, 2025 (the "Rejection Date"); and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Executory Contracts, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date.

3. If the Debtors have deposited monies with a counterparty to a Rejected Executory Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

4.     Any person or entity that holds a claim that arises from the Rejected Executory Contracts must file a proof of claim based on such rejection on or before the date that is thirty (30) days after the entry of this Order.

5.     Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors or any other party to: (a) assert or contest that the Rejected Executory Contracts (i) were terminated on the Rejection Date, or (ii) are not unexpired executory contracts under section 365 of the Bankruptcy Code; (b) assert or contest that any claim for damages arising from the rejection of the Rejected Executory Contracts is limited to the remedies available under any applicable termination provisions of the Rejected Executory Contracts; (c) assert or contest that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise assert or contest any claims that may be asserted in connection with the Rejected Executory Contracts. All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Executory Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Executory Contracts, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action. Additionally, all rights, claims, defenses, and causes of action of any counterparty to the Rejected Executory Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Executory Contracts, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

6.     Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter

or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: February 12th, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4