**<u>Exhibit A</u>**
Letter to Young Conaway Stargatt & Taylor, LLP

WHITE & CASE

February 13, 2025

VIA E-MAIL

Edmon Morton, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

**In re: Franchise Group, Inc.,** *et al.***, 24-12480 (LSS)**

Dear Edmon:

As you know, White & Case LLP represents the Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**") which is comprised of entities which make up the majority of both the HoldCo Lenders and Second Lien Lenders in the above-captioned chapter 11 cases (the "**Cases**"). We write to share our concerns about the trajectory of the Cases generally and in particular your statements at yesterday's hearing that the Debtors will be making "all efforts" to move forward with the disclosure statement hearing next week. Your position is inconsistent with Mr. Orlofsky's testimony that, in light of Judge Silverstein's ruling denying the Debtors' application to retain Willkie Farr and Gallagher, LLP ("Willkie") as 327(a) counsel, "it is implausible to assume that replacement counsel could adhere to existing schedules; rather, it seems unavoidable that substantial delays [will] result." (Dkt. No. 890 at ¶8). Attempting to maintain the current timeline and having new counsel effectively rubber stamp all the prior actions, advice and decisions of counsel that has been disqualified because of actual conflicts would have the unfortunate consequence of further undermining the efficacy of the chapter 11 process in this case. This would inevitably lead to further delays, more risk, and substantial unnecessary administrative costs.

Instead, the Freedom Lender Group believes that Judge Silverstein's ruling has provided the Debtors an opportunity for a fresh start in the Cases. We urge the Debtors to take advantage of this reset and encourage replacement counsel to take the necessary time to do its diligence in a proper and thoughtful way and to then work with the Freedom Lender Group and other key constituencies to find a consensual path forward. We think that will be a matter of weeks, not days, and we would like to set up a call to discuss what we see as critical issues to a constructive reset, including the necessary architecture for professional retention. For the reasons set forth below, we believe that this discussion needs to be had before the Debtors select replacement counsel.

***First***, Judge Silverstein made clear that the conflict inherent in Willkie's prepetition representation of Brian Kahn and Vintage Capital precluded the Debtors from a disinterested handling of the negotiations and drafting of many aspects of the plan currently on file. Willkie's conflict has tainted the plan, including, among other things, the fundamental construct of the plan

February 13, 2025

WHITE & CASE

and also with respect to certain provisions that relate to the releases, the structure of the post-effective date litigation trusts, the potential overlap and allocation of claims and causes of action between the Debtors, and the allocation of administrative expenses across adverse Debtor entities. The Freedom Lender Group would like to work constructively with the Debtors to rework those, and other plan provisions.

*Second*, we would like to speak with you about the Freedom Lender Group's concerns about the inter-debtor conflicts, which have been raised repeatedly in the Freedom Lender Group's filings and which Judge Silverstein acknowledged in her ruling yesterday. There is, at this point in these Cases, a fundamental conflict of interest between the HoldCo Debtors and the OpCo Debtors both with respect to their prepetition activities and their post-petition interaction. The appointment of a single firm, like Willkie, to serve as counsel to represent both the HoldCo and OpCo Debtors in ongoing plan processes will not cure or resolve these inherent conflicts. Separate counsel should be appointed for each group of estates to ensure that each is properly advised. In particular, as the only prepetition creditors of the HoldCo Debtors, we believe that the Debtors should be consulting us with respect to the selection process.

*Third*, regardless of the plan confirmation timeline, but especially if the Debtors insist on the current timeline, we must speak about Plan discovery. It is our understanding that Young Conaway has not been visibly involved with most of the back and forth between the Freedom Lender Group and Willkie regarding discovery to date, and so is not up to speed on the discovery workstreams. With Willkie's departure, several significant scheduling and discovery issues remain undone or incomplete. For example, the Debtors have not yet completed the production of documents they have agreed to produce consistent with the search parameters negotiated by the parties (including a failure to produce any of Brian Kahn's documents to date), served revised responses to the interrogatories served on November 16, addressed the Freedom Lender Group's request that the Debtors run certain search terms on two additional custodians (Andy Laurence and Eric Seeton) for documents relevant at the time of the Take Private and other historical transactions; or provided a single hit report or privilege log. All of those issues have to be resolved. More generally, the Freedom Lender Group is concerned that Willkie's lack of disinterestedness has infected the discovery process overall, given that they had the pen on search terms and custodians and the button on what we expect were hundreds, if not thousands, of privilege and responsiveness calls during the production process to date. With Willkie's departure, replacement counsel will need to review and then own (or not own) Willkie's positions, including the process for generating proper search terms and custodians, a lack of transparency around redactions and assertions of privilege, and the withholding of document hit reports and other information relevant to the prepetition and post-petition investigations by Petrillo and Mr. Wartell into their former clients.

We look forward to hearing your position on these issues as well as your thoughts on how the Debtors and Freedom Lender Group might efficiently find a productive, consensual path forward. Please advise when you are available to discuss this week.

2

**WHITE & CASE**

February 13, 2025

Sincerely,

***/s/ J. Christopher Shore***
J. Christopher Shore

cc:     Thomas Lauria
        Andrew Zatz
        Samuel Hershey
        Colin West