# EXHIBIT B

**Blackline**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (i) approving the *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. ~~995~~1014] (as amended, modified, or supplemented from time to time, the "Disclosure Statement"); (ii) approving the solicitation and voting procedures with respect to the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. ~~996~~1015] (as amended, modified, or supplemented from time to time, the "Plan"),[2] including (a) fixing the Voting Record Date, (b) approving the Solicitation Package and procedures for distribution, (c) approving the form of the Ballots and solicitation materials and establishing procedures for voting, and (d) approving procedures for vote tabulation; (iii) scheduling the Confirmation Hearing and establishing related notice and objection procedures; and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Order, in the Plan, or in the Disclosure Statement, as applicable.

just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, its Estate, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY FOUND THAT:**

A.    The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties, complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

B.    The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.    The following schedule (the "Confirmation Schedule") is hereby approved in its entirety (subject to modification as necessary):

| Event | Date |
|---|---|
| Voting Record Date | January 31, 2025 |
| Solicitation Date | Five (5) Business Days after entry of this Order, or as soon as reasonably practicable thereafter |
| Publication Date | Five (5) Business Days after entry of this Order, or as soon as reasonably practicable thereafter |
| Claims Objections Deadline | March 6, 2025 |
| Valuation Report Deadline[3] | March 10, 2025 |
| Rule 3018 Motion Deadline | March 13, 2025, at 4:00 p.m. (ET) |
| Plan Supplement Deadline | ~~Seven~~Twenty-eight (~~7~~28) days before Voting Deadline (*i.e.*, March 26, 2025) |
| Voting Deadline | April 2~~3~~, 2025, at 5:00 p.m. (ET) |
| Objection Deadline | April 2~~3~~, 2025, at 5:00 p.m. (ET) |
| Voting Report Deadline | ~~April 25~~May 7, 2025, at 12:00 p.m. (ET) |
| Confirmation Brief and Reply Deadline | ~~April 25~~May 7, 2025, at 12:00 p.m. (ET) |
| Confirmation Hearing | ~~April~~May 12~~9~~, 2025, at 10:00 a.m. (ET), subject to |

---

[3]    "Valuation Report" shall mean the initial expert valuation report that the Debtors or other supporting parties intend to submit in support of Confirmation.  As may be more fully set forth in a scheduling order on Plan discovery, parties will also be submitting rebuttal and reply expert reports on valuation issues.

| Court availability |
| --- |

D.     The form of the ballots (collectively, the "Ballots") for Holders of Claims ~~or Interests~~ in Classes 3, 4, 5, 6, 7, 8-A, 8-B, 8-C, and 11 (collectively, the "Voting Classes"), attached hereto as **Exhibit 3**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these Chapter 11 Cases, and is appropriate for the Voting Classes to accept or reject the Plan.

E.     The contents and proposed distribution of the Solicitation Package complies with Bankruptcy Rule 3017(d).

F.     Ballots need not be provided to Holders of Claims or Interests in Classes 1, 2, 9, 10, and 12 (collectively, the "Non-Voting Classes") because the Plan provides that such Classes are either (i) rendered Unimpaired under, and conclusively presumed to accept, the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under, and are conclusively deemed to reject, the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

G.     The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

H.     The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan as set forth in the Motion, and as provided in the Ballots and the Disclosure Statement, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I.     Each of (i) the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 4**, respectively, (ii) the

procedures provided in this Order for providing notice to all Claim Holders, Interest Holders, and other parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan, and (iii) the contents of the Solicitation Package comply with Bankruptcy Rules 2002, 3016, and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

J.      In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtors will cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter.  Further, the Confirmation Hearing Notice, as well as the Disclosure Statement, the Plan, and other key documents filed in these Chapter 11 Cases, may be obtained free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG (the "Case Website").  The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

~~K.    Local Rule 3017-3 provides that no brief in support of confirmation of a plan shall exceed 60 pages in length, except with leave of the Court.  Further, Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."  Waiver of the page limit requirement of Local Rule 3017-3 is reasonable and appropriate under the circumstances.~~

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**, as set forth herein.

2.      The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is hereby approved ~~in all respects~~.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Package to solicit votes on, and pursue Confirmation of, the Plan.

3.      The Disclosure Statement Hearing Notice is hereby approved ~~in all respects~~.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions in Article XII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6.      The contents of the Solicitation Package and the Non-Voting Package, as set forth herein, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties, including, without limitation, Holders of Claims and Interests.

7.      The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), the applicable requirements of the Bankruptcy Code and the Local Rules, and is approved ~~in all respects~~.

8.      The Ballots, substantially in the forms attached hereto as **Exhibits 3-A, 3-B, 3-C, 3-D, 3-E, 3-F, 3-G, 3-H,** and **3-I** comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved ~~in all respects~~.

9.    The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, complies with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and is approved ~~in all respects~~.

10.    The form of letter prepared by the Committee, recommending creditors to vote for the Plan (the "Committee Letter"), substantially in the form attached hereto as **Exhibit 5**, is ~~approved in all respects~~authorized for inclusion in the Solicitation Package.

11.    The Voting Record Date with respect to Holders of Claims shall be **January 31, 2025**.  The Voting Record Date shall be used for purposes of determining:  (i) the Holders of Claims ~~or Interests~~ in the Voting Classes who will receive a Solicitation Package and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims or Interests in the Non-Voting Classes who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim ~~or Interest~~ for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims ~~or Interests~~ have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Holder of a Claim ~~or Interest~~) can vote to accept or reject the Plan as the Holder of a Claim ~~or Interest~~.  With respect to any transferred Claim ~~or Interest~~, the transferee shall be entitled to receive (if applicable) a Solicitation Package and cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim ~~or Interest~~ pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.  In the event a Claim ~~or Interest~~ is transferred after the Voting Record Date, the transferee of such Claim ~~or Interest~~ shall be bound by any vote on the Plan made by the Holder of such Claim ~~or Interest~~ as of the Voting Record Date.  Furthermore, where any portion of a single Claim ~~or Interest~~ has been transferred to a transferee, all Holders of any portion of such

single Claim or Interest may be treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code.  In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

12. For the avoidance of doubt, a Holder will only be entitled to receive solicitation materials on account of a Rejection Claim if the Rejection Claim is filed by the Voting Record Date.

12.     13. Within five (5) business days of the entry of this Order or as soon as reasonably practicable thereafter (the "Solicitation Date"), the Debtors are authorized to distribute, or cause to be distributed, by first-class mail, to Holders of Claims or Interests in the Voting Classes as of the Voting Record Date, a Solicitation Package containing the following:

a.     the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

b.     this Order (excluding exhibits);

c.     the Committee Letter;

d.     a Ballot and the Voting Instructions;

e.     a pre-addressed, pre-paid return envelope; and

f.     the Confirmation Hearing Notice.

13.     14. The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and this Order (excluding exhibits) to the Voting Classes in electronic format on a USB flash drive in lieu of paper format.  Holders of Claims and Interests in the Voting Classes that receive solicitation materials in electronic format may request that the Solicitation Agent provide such

18.    ~~19.~~ The Debtors shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter.

19.    ~~20.~~ The Debtors shall cause the Confirmation Hearing Notice, as well as the Plan, the Disclosure Statement, and the other key documents filed in these Chapter 11 Cases, to be published free of charge on the Case Website.

20.    ~~21.~~ For purposes of serving the Solicitation Package and the Non-Voting Package, the Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Solicitation Agent as of the Voting Record Date.  The Debtors are not required to mail Solicitation Packages or Non-Voting Packages to creditors ~~(i) who have Claims or Interests that have already been paid in full during the Chapter 11 Cases or (ii)~~ whose prior mailings in these Chapter 11 Cases were returned as undeliverable and who have not provided a new forwarding address by the Voting Record Date.

21.    ~~22.~~ The Debtors shall not be required to distribute a Solicitation Package or Non-Voting Package to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed, unless the Debtors are provided with accurate addresses for such entities prior to the Voting Record Date.  Failure to distribute a Solicitation Package or Non-Voting Package to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline or violate Bankruptcy Rule 3017(d).  The Debtors are further excused from attempting to find better addresses for entities as to whom a Solicitation Package or Non-Voting Package was returned by the United States Postal Service as undeliverable without a forwarding address; provided, however, that the Debtors shall make a reasonable effort

to locate or ascertain the correct mailing address for claimants from information generally available to the public and from the Debtors' own records, ~~but shall not be liable to such claimant for having not found a correct mailing address~~.

22. ~~23.~~ The Solicitation Agent is authorized to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; <u>provided</u> that neither the Debtors nor the Solicitation Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots~~, nor shall any of them incur any liability for failure to provide such notification~~.

23. ~~24.~~ Any requirement to re-mail undeliverable Solicitation Packages, Non-Voting Packages, or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved—no forwarding address," or otherwise returned, and any obligation for the Debtors or the Solicitation Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages, Non-Voting Packages, or other undeliverable solicitation-related notices, is hereby waived, subject to paragraph 21 above.

24. ~~25.~~ The deadline by which all Ballots must be properly executed, completed, and actually received by the Solicitation Agent shall be **April 2<u>3</u>, 2025 at 5:00 p.m. (ET)**; <u>provided</u>, <u>however</u>, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require, subject to all applicable disclosures thereof in the Voting Report.

25. ~~26.~~ Ballots will be accepted in paper form or by E-Ballot Portal. Paper Ballots may be delivered by first-class mail postage prepaid, personal delivery, or overnight courier to the Solicitation Agent at the following address:

Franchise Group, Inc.
Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

26.    27. The Solicitation Agent is also authorized to accept Ballots submitted via electronic, online transmission, solely through a customized online balloting portal accessible on the Debtors' case website to be maintained by the Solicitation Agent (the "E-Ballot Portal"). Holders entitled to vote on the Plan may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a Holder to submit an electronic signature). The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballots submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective. Ballots may be submitted online via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided in the Ballots and at the website landing page so as to be actually received by the Solicitation Agent no later than the Voting Deadline. The E-Ballot Portal shall be the only acceptable means of electronic Ballot submission. Ballots submitted by electronic mail or facsimile, or any other means of electronic submission (other than via the E-Ballot Portal) shall not be accepted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.

27.    28. Except as otherwise provided herein, each Holder of a Claim or Interest in the Voting Classes shall be entitled to vote the amount of its Claim or Interest as of the Voting Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim or Interest, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims

objections, with respect to all Holders of Claims ~~or Interests~~ in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. The amount of the Claim ~~or Interest~~ listed in the Debtors' Schedules; provided that (i) such Claim ~~or Interest~~ is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, provided, however, that if a Claim ~~or Interest~~ for which no Proof of Claim ~~or Proof of Interest~~ has been timely filed is listed on the Schedules as contingent, unliquidated, or disputed, or if no Claim ~~or Interest~~ amount is specified, such Claim ~~or Interest~~ shall be disallowed for voting purposes only; provided, further, that if the applicable Bar Date has not yet passed, such Claim will be entitled to vote in the amount of $1.00 or 1 equity interest, as applicable, (ii) no Proof of Claim ~~or Interest~~ has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), or (iii) such Claim ~~or Interest has not been satisfied by the Debtors, or (iv) such Claim or Interest~~ has not been resolved pursuant to a stipulation or order entered by the Court.

b. The ~~undisputed,~~ non-contingent ~~, unpaid,~~ and liquidated amount specified in a Proof of Claim ~~or Interest~~ against the Debtors, timely filed with the Court or the Solicitation Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim ~~or Interest~~ has not been amended or superseded by another Proof of Claim ~~or Interest~~ and is not the subject of an objection filed by **March 6, 2025** (or, if such Claim ~~or Interest~~ has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim ~~or Interest~~ for voting purposes must be filed and served in accordance with this order.

d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Holder who has timely filed a Proof of Claim ~~or Interest~~ in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed by **March 6, 2025** shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e. Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Holder who has timely filed a Proof of Claim ~~or Interest~~, but the Claim ~~or Interest~~ is the subject of a cClaim ~~or interest~~ objection filed

by **March 6, 2025**, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes.

f.  Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim ~~or Interest~~ be reclassified, estimated, and/or allowed in a fixed, reduced amount pursuant to a ~~c~~Claim ~~or interest~~ objection or estimation proceeding to such Claim ~~or Interest~~, the Ballot of the Holder of such Claim ~~or Interest~~ shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, subject to any Court order thereon.

~~g. Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims or Interests in the same Voting Class (by virtue of one or more timely-filed Proofs of Claim or Interest, the Schedules (or a combination of both) or the purchase of duplicate Claims or Interests), such Holder shall be deemed to hold a single Claim or Interest in such Voting Class and may be provided only one Solicitation Package and one Ballot for voting a single Claim or Interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims or Interests.~~

g.  ~~h.~~ Notwithstanding anything to the contrary contained herein, with respect to loan Claims in Classes 3, 4, 5, and 7, the Claim amounts for voting purposes only shall be established based on the amounts of the applicable positions held by each claimant, as of the Voting Record Date, as evidenced by the applicable books and records maintained by the Debtors, and/or the applicable administrative agent under the applicable credit facility.  The register of such claimants shall be provided to the Solicitation Agent by the Debtors or administrative agent(s), as applicable, in electronic Microsoft Excel format no later than one (1) Business Day after the Voting Record Date.

28.  ~~29.~~ The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims ~~or Interests~~ held by a single Holder against the Debtors in a Voting Class shall be aggregated as if such Holder held a single Claim ~~or Interest~~ against the Debtors in the Voting Class, and the votes related to those Claims ~~or Interests~~ shall be treated as a single vote on the Plan; provided, however, that separate Claims ~~or Interests~~ held as of the Petition Date by different entities (even if related, affiliated, or properly and timely assigned or transferred prior to the Voting Record Date) shall not be deemed to be held by a single Holder pursuant to this provision, and the votes with respect to any such Claims ~~or Interests~~ shall be treated as separate votes on the Plan.

b.  Holders with multiple Claims ~~or Interests~~ within each Voting Class must vote all such Claims ~~or Interests~~ to either accept or reject the Plan, and may not

split their vote(s) within the Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims ~~or Interests~~ within the Voting Class will not be counted.

c.  Each Holder will be provided a single individual Ballot for all Claims ~~or Interests~~ held by such Holder in each Voting Class against the Debtors.

d.  If a Claim ~~or Interest~~ is transferred after the Voting Record Date, only the Holder of such Claim ~~or Interest~~ as of the Voting Record Date may execute and submit a Ballot to the Solicitation Agent, the transferee of such Claim ~~or Interest~~ shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim ~~or Interest~~ as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e.  The delivery of a Ballot will be deemed made only when the Solicitation Agent actually receives the executed Ballot or a Ballot is received via electronic mail.

f.  Any party who has previously submitted to the Solicitation Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Solicitation Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim ~~or Interest~~ prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.  After the Voting Deadline, no Ballot may be withdrawn or amended without the written consent of the Debtors, with the grant of such consent, absent a contrary order of this Court, being a matter of the Debtors' sole discretion, subject to applicable disclosures thereof in the Voting Report.

g.  If a Holder of a Claim ~~or Interest~~ casts multiple Ballots on account of the same Claim ~~or Interest~~, which are received by the Solicitation Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.  Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Solicitation Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims ~~or Interests~~ to which it relates and the aggregate principal amount represented by such Claims ~~or Interests~~, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims ~~or Interests~~ and

possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Solicitation Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots. Notwithstanding any of the foregoing, a previously submitted Ballot may be superseded by the voting creditor by submitting a subsequent valid Ballot prior to the Voting Deadline.

29. 30. The following types of Ballots will not be counted in determining whether the

Plan has been accepted or rejected (which, for the avoidance of doubt, will be disclosed in the

Voting Report, along with any other extensions or actions taken in connection with the Ballots):

a. Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b. Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors have granted an extension of the Voting Deadline, in writing, with respect to such Ballot;

c. Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d. Any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim;

e. Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

f. Any unsigned Ballot; and

g. Any Ballot submitted by any means other than as set forth herein and in the Ballots, unless approved by the Debtors in writing or otherwise ordered by the Court.

30. 31. Any party that wishes to challenge the allowancestatus of its Claim or Interest

for voting purposes on account of such Claim being listed as Disputed, unliquidated, or

contingent in the Schedules shall serve on counsel to the Debtors and file with the Court a

motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or

Interest in a different amount or classification for purposes of voting to accept or reject the Plan

**on or before 4:00 p.m. (ET) on March 13, 2025**. Any Ballot submitted by a Holder of a Claim

~~or Interest~~ that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order, unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

31.    ~~32.~~ The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Solicitation Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.   The Debtors are ~~authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or its counsel, be unlawful, subject to applicable disclosures thereof in the Voting Report.  The Debtors are further~~ authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot, subject to all applicable disclosures relating thereto to be provided in the Voting Report.   Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determine. Neither the Debtors nor the Solicitation Agent or any other person shall be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor shall any of them incur any liabilities for failure to provide such notification.   Unless otherwise directed by the Court, delivery of such Ballots shall not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

~~33.  Kroll shall retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, Kroll is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence~~

~~(including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.~~

32.    ~~34.~~ The Debtors and the Solicitation Agent, without further order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, and, absent a contrary order of the Court, such determinations shall be final and binding, subject to all applicable disclosures relating thereto to be provided in the Voting Report.

33.    ~~35.~~ On or before **12:00 p.m. (ET) on ~~April 25~~May 7, 2025**, the Solicitation Agent shall file a voting report (the "<u>Voting Report</u>"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan submitted.  The Voting Report shall, among other things, describe generally every Ballot received by the Solicitation Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

~~36. The requirements of Local Rule 3017-3 are hereby waived to permit the Debtors to exceed the page limitations for the Confirmation Brief prescribed therein.~~

34.    ~~37.~~ The Confirmation Hearing will be held on **~~April~~May 1~~2~~9, 2025 at 10:00 a.m. (ET)**; provided, <u>however</u>, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

35.    ~~38.~~ Objections to confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of

such party, (iii) state with particularity the legal and factual basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **April 23, 2025 at 5:00 p.m. (ET)** by the following parties (collectively, the "Notice Parties"):  (i) co-counsel and proposed co-counsel for the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Derek I. Hunter (derek.hunter@kirkland.com), Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and Maddison Levine (maddison.levine@kirkland.com); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn:  Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn:  Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq.

(jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com), and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn:  Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn:  Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above.  Any objections not satisfying the requirements of this Order may not be considered and may be overruled.

36.    39. The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) on or before ~~April 25~~**May 7, 2025 at 12:00 p.m. (ET)**.

37.    40. The Plan Supplement shall be filed and served no later than **March 26, 2025**.

38.    41. Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Order, no provision shall (i) preclude the United States Securities and Exchange Commission (the "SEC") from enforcing any of its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding, or investigations against any non-Debtor person or non-Debtor entity in any forum.

39.    42. To the extent that the ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE

of a new credit agreement for the Take-Back ABL Term Loan Facility, which material proposed terms shall be in the form of a long form term sheet and covenant grid, identify the operative precedent document, and include, without limitation, all terms related to pricing, maturity, covenants, events of default, and security/collateral matters (including, without limitation intercreditor/subordination arrangements)); and (ii) the Debtors, the Required Consenting Term Lenders, and the Prepetition ABL Agent shall engage in good faith negotiations to reach agreement on a discovery and briefing schedule in connection with confirmation litigation relating to such treatment (the "Cram-Down Litigation Schedule"), which schedule shall not require the Prepetition ABL Agent and/or Prepetition ABL Lenders to file and serve any Plan Objection until a reasonable amount of time following completion of cram-down related depositions. In the event that the Debtors, the Required Consenting First Lien Lenders, and the Prepetition ABL Agent cannot agree on a Cram-Down Litigation Schedule, the parties will request that the Court set the Cram-Down Litigation Schedule after notice and an opportunity to be heard. The Prepetition ABL Lenders, the Debtors, and the Consenting First Lien Lenders reserve the right to seek (or oppose) further relief from the Court, including with respect to the Cram-Down Litigation Schedule.

44. Except as otherwise agreed by the counterparty to the applicable Unexpired Lease, nothing in the Plan or in this Order shall modify the Debtors' or the Reorganized Debtors', as applicable, obligation to pay: (i) amounts owed or accruing under an assumed Unexpired Lease that have not yet been billed in accordance with the parties' ordinary course of business, were billed but not yet due as of the Confirmation Date or were not yet required to be billed under the assumed Unexpired Lease as of the Confirmation Date, for rent, common area maintenance, insurance, taxes, and similar charges, and any regular or periodic adjustments and reconciliations

of such charges provided for under the terms of the Unexpired Lease, whether accruing or relating to a period prior to or after the effective date of assumption of such Unexpired Lease, to the extent such charges would become due, either in the parties' ordinary course of business or in accordance with the terms of the Unexpired Lease; (ii) any percentage rent that has accrued but is not yet due to be paid under an assumed Unexpired Lease; (iii) any other obligations, including indemnification obligations (if any) that arise from Claims asserted with respect to or arising from the Debtors' use and occupancy of the premises prior to the Effective Date, for which the Debtors have a duty to indemnify such landlord counterparty pursuant to an assumed Unexpired Lease; (iv) any expenses arising under an assumed Unexpired Lease that come due under the Unexpired Lease and that are not in default so as to be included in the Cure Cost that is agreed or consented to by the counterparty to the Unexpired Lease; and (v) any unpaid Cure Costs or post-assumption obligations arising under an assumed Unexpired Lease.

41.    45. The Debtors and the Solicitation Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court; provided that such matters will be disclosed in the Voting Report and/or Debtors' memorandum in support of Plan confirmation, as applicable.

42.    46. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s), the Voting Instructions, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the

Solicitation Package or Non-Voting Package prior to their distribution; provided that the Debtors shall provide prior notice to the Committee of such changes.

43.    47. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

44.    48. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and any other applicable Bankruptcy Rules and Local Rules are satisfied by such notice.

49. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted herein, is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

45.    50. Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE
DISCLOSURE STATEMENT; (II) APPROVING
SOLICITATION AND VOTING PROCEDURES,
INCLUDING (A) FIXING THE VOTING RECORD
DATE, (B) APPROVING THE SOLICITATION PACKAGES AND
PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF
THE BALLOTS AND SOLICITATION MATERIALS AND ESTABLISHING
PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE
TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING
NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.     ***Approval of the Disclosure Statement.***    At a hearing held on February 19, 2025 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned Chapter 11 Cases of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), entered an order [Docket No. ●] (the "Disclosure Statement Order") approving the *Disclosure Statement for the ~~Fifth~~Sixth*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors*, dated as of February ~~18~~20, 2025 and attached as Exhibit 1 to the Disclosure Statement Order [Docket No. ◆1014] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors*, dated as of February ~~18~~20, 2025 [Docket No. ◆1015] (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] annexed as Exhibit A to the Disclosure Statement.

2.    ***Classification of Claims and Interests under the Plan.***  The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| Class 1 | Priority Non-Tax Claims | No | No (presumed to accept) |
| Class 2 | Other Secured Claims | No | No (presumed to accept) |
| Class 3 | Prepetition ABL Loan Claims | Yes | Yes |
| Class 4 | Prepetition First Lien Loan Claims | Yes | Yes |
| Class 5 | Prepetition Second Lien Loan Claims | Yes | Yes |
| Class 6 | ~~OpCo Debtors~~ General Unsecured Claims against the OpCo Debtors | Yes | Yes |
| Class 7 | Prepetition HoldCo Loan Claims | Yes | Yes |
| Class 8-A | Freedom HoldCo General Unsecured Claims | Yes | Yes |
| Class 8-B | HoldCo Receivables General Unsecured Claims | Yes | Yes |
| Class 8-C | TopCo General Unsecured Claims | Yes | Yes |
| Class 9 | Intercompany Claims | Yes | No (deemed to reject) |
| Class 10 | Subordinated Claims | Yes | No (deemed to reject) |
| Class 11 | Existing TopCo Equity Interests | Yes | Yes |
| Class 12 | Existing Intercompany Equity Interests | Yes | No (deemed to reject) |

3.    ***Deadline for Voting on the Plan.***  The Court has established **April 23, 2025 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be actually received by the Solicitation Agent.  To be counted, Ballots must be properly executed, completed, and delivered to the Solicitation Agent at the address provided for herein (in the postage prepaid, preaddressed business reply envelope provided or otherwise by first-class mail postage prepaid, personal delivery, or overnight courier to the Solicitation Agent), or submitted online through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtor's restructuring website maintained by the Solicitation Agent: https://cases.ra.kroll.com/FRG online, so as to be actually received by the Solicitation Agent no later than the Voting Deadline:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, or in the Disclosure Statement, as applicable.

To arrange personal delivery, email FRGBallots@ra.kroll.com (with "FRG Ballot Delivery" in the subject line) at least 24 hours before arrival at the address above and provide the anticipated date and time of delivery.

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic transmission. Ballots submitted by electronic mail or facsimile or any other means of electronic transmission (other than via the E-Ballot Portal) will not be accepted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Only Ballots cast by regular mail, overnight courier, or hand delivery or via the E-Ballot Portal will be counted.

4.        Holders of Claims in Classes 1 and 2 are unimpaired under the Plan, and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are presumed to have accepted the Plan and are not entitled to vote on the Plan. Holders of Claims in Classes 9, and 10, and Holders of Interests in Class 12 are impaired under the Plan and are not entitled to receive or retain any property on account of their claims or interests, therefore, pursuant to section 1126(g) of the Bankruptcy Code are deemed to have rejected the Plan and are not entitled to vote on the Plan.

5.        *Confirmation Hearing.* A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on ~~April 12~~**May 9, 2025 at 10:00 a.m. (ET)** before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 2, Wilmington, DE 19801. The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

6.        *Deadline for Objections to Confirmation of the Plan.* Objections, if any, to confirmation of the Plan, must (A) be in writing; (B) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (C) state with particularity the legal and factual basis and nature of any objection or response; and (D) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and served on the following parties so as to be actually received **before 5:00 p.m. (ET) on April 2~~3~~, 2025**: (a) co-counsel and proposed co-counsel for the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), and Derek I. Hunter (derek.hunter@kirkland.com), Maddison Levine (maddison.levine@kirkland.com), and Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (b) counsel to the official committee of unsecured creditors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (c) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (d) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004,

Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (e) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (i) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (ii) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (f) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (g) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn:  Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn:  Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (h) counsel to the HoldCo Lenders at the address set forth in (vii) above.

7. ***Certain Voting Issues.***  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on co-counsel and proposed co-counsel to the Debtors and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on March 13, 2025.**

7.     8.*RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN.  ARTICLE 12 OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

8.     9.*The release in Section 12.2 of the Plan (the "Debtor Release") binds the Debtors. The Debtor Release provides:*

**Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan, effective as of the Effective Date, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, the Debtor Releasing Parties will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full release, to the maximum extent permitted by Law, to each of the Released Parties (and each such Released Party so released shall be deemed forever released by the Debtor Releasing Parties) and their respective assets and properties (the "Debtor Release") from any and all claims, Causes of Action (including Avoidance Actions), and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in Law, at equity or otherwise, whether for tort, contract, violations of federal or state statutory or common Laws, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of the Debtors, including, without limitation, (i) the Chapter 11 Cases, the Disclosure Statement, this Plan, the Restructuring Support Agreement, the Definitive**

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

### BALLOT FOR CLASS 3 PREPETITION ABL LOAN
### CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
### CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET).**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "<u>Disclosure Statement</u>") that was approved by an order [Docket No. 1014] (the "<u>Disclosure Statement Order</u>") of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and attached as <u>Exhibit 1</u> to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Solicitation Agent</u>") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 3 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before <u>April 23, 2025 at 5:00  p.m. (ET)</u> (the "<u>Voting Deadline</u>"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 3 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**<u>If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors)</u>.**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in <u>Article XII</u> of the Plan, you will forego the benefit of obtaining the Releases set forth in <u>Article XII</u> of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
| --- |
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "<u>E-Ballot Portal</u>") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐      **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the Prepetition ABL Loan Claim in Class 3 set forth in Item 1 elects to:

☐Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025</u>**.

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> **<u>*Debtor Releases.*</u>**  ***Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth above and in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## **VOTING INSTRUCTIONS**

1.      In order for your vote to count, you must:

   (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

   (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 3 Prepetition ABL Loan Claim Ballot via the E-Ballot Portal at <u>https://cases.ra.kroll.com/FRG</u> per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

## BALLOT FOR CLASS 4 PREPETITION FIRST LIEN LOAN
## CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
## CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

---

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ●1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).    The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

No. 1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii)  upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 4 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 4 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

---

**If by online E-Ballot Portal:**

**Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.**

To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot Portal, visit https://cases.ra.kroll.com/FRG, click on the "Submit E-Ballot" section of the website

---

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Plan**.

☐        **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN <u>IF</u> YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the Prepetition First Lien Loan Claim in Class 4 set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025.</u>**

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases.</u>  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan, effective as of the Effective Date, for good and valuable consideration provided by each of the***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth above and in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## <u>VOTING INSTRUCTIONS</u>

1. In order for your vote to count, you must:

    (i) In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

    (ii) Review and sign the certifications in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required in order for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2. **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3. If voting online, submit the customized electronic version of your Class 4 Prepetition First Lien Loan Claim Ballot via the E-Ballot Portal at <u>https://cases.ra.kroll.com/FRG</u> per instructions provided above and at the website landing page. Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4. If voting by **<u>mail</u>**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5. A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6. A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted.

8. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 5 PREPETITION SECOND LIEN LOAN
CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).   The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "<u>Disclosure Statement</u>") that was approved by an order [Docket No. 1014] (the "<u>Disclosure Statement Order</u>") of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and attached as <u>Exhibit 1</u> to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 5 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before <u>April 23, 2025 at 5:00 p.m. (ET)</u> (the "<u>Voting Deadline</u>"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 5 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**<u>If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors)</u>.**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in <u>Article XII</u> of the Plan, you will forego the benefit of obtaining the Releases set forth in <u>Article XII</u> of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
|---|
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "<u>E-Ballot Portal</u>") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN <u>IF</u> YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

| |
|---|
| The undersigned holder of the Prepetition Second Lien Loan Claim in Class 5 set forth in Item 1 elects to:<br><br> ☐ Opt In to the Third-Party Release. <br> |

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025.</u>**

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases</u>.  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan, effective as of the Effective Date, for good and valuable consideration provided by each of the***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth above and in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## **VOTING INSTRUCTIONS**

1.      In order for your vote to count, you must:

   (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

   (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 5 Prepetition Second Lien Loan Claim Ballot via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **<u>mail</u>**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

### BALLOT FOR CLASS 6 OPCO GENERAL UNSECURED
### CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
### CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**
>
> **VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
> LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

No. 1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 6 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote. The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 6 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan. You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan. The election to withhold consent to grant such release is at your option. By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

---

**If by online E-Ballot Portal:**

**Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.**

To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot

---

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

      ☐     **ACCEPTS (votes FOR) the Plan**.

      ☐     **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the General Unsecured Claim against the OpCo Debtors in Class 6 set forth in Item 1 elects to:

                ☐ Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025</u>.**

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases.</u>  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth above and in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## **VOTING INSTRUCTIONS**

1.      In order for your vote to count, you must:

        (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 6 General Unsecured Claim against the OpCo Debtors Ballot via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

11

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

## BALLOT FOR CLASS 7 PREPETITION HOLDCO
## LOAN CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
## CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

This ballot (the "<u>Ballot</u>") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the Debtors and described in, and attached as <u>Exhibit A</u>, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket No. 1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 7 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 7 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
| --- |
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE XII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN ARTICLE XII OF THE PLAN _IF_ YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE XII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the Prepetition Holdco Loan Claim in Class 7 set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

---

**YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 2~~3~~, 2025**.

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> **_Debtor Releases.  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,_**

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Voting Record Date, it was the holder of the Class 7 Prepetition HoldCo Loan Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

[*Remainder of Page Left Intentionally Blank*]

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth above and in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## **VOTING INSTRUCTIONS**

1.      In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 7 Prepetition HoldCo Loan Claim Ballot via the E-Ballot Portal at <u>https://cases.ra.kroll.com/FRG</u> per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc.
Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 8-A FREEDOM HOLDCO GENERAL UNSECURED
CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET).**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket No. 1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 8-A under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote. The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 8-A Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan. You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan. The election to withhold consent to grant such release is at your option. By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
| --- |
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐     **ACCEPTS (votes FOR) the Plan**.

☐     **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the Freedom HoldCo General Unsecured Claim in Class 8-A set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 2<s>3</s>, 2025</u>**.

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases.</u>  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth above and in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 8-A General Unsecured Claim Against Freedom HoldCo Debtors Ballot via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 8-B HOLDCO RECEIVABLES GENERAL UNSECURED
CLAIMS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

      This ballot (the "<u>Ballot</u>") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015] (as amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the Debtors and described in, and attached as <u>Exhibit A</u>, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket No. 1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 8-B under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.**

**Included in Item 3 of this Class 8-B Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
| --- |
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtors' restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the HoldCo Receivables General Unsecured Claim in Class 8-B set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 2<s>3</s>, 2025</u>.**

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases.</u>  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth above and in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## <u>VOTING INSTRUCTIONS</u>

1.      In order for your vote to count, you must:

> (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

> (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.      If voting online, submit the customized electronic version of your Class 8-B General Unsecured Claim Ballot via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.      If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.      A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

## BALLOT FOR CLASS 8-C
## TOPCO GENERAL UNSECURED CLAIMS
## FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
## CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

---

This ballot (the "Ballot") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "Debtors") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ●1015] (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (5242), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket No. ◆1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 8-C under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote. The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast below will be applied in the same manner and in the same amount against the applicable Debtor.**

**Included in Item 3 of this Class 8-C Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan. You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan. The election to withhold consent to grant such release is at your option. By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

---

**If by online E-Ballot Portal:**
**Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtor's restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.**

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐     **ACCEPTS (votes FOR) the Plan**.

☐     **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

The undersigned holder of the TopCo General Unsecured Claim in Class 8-C set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 2<s>3</s>, 2025</u>.**

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> ***<u>Debtor Releases.</u>  Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth above and in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

### VOTING INSTRUCTIONS

1.    In order for your vote to count, you must:

    (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

    (ii)    Review and sign the certifications in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required in order for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.    If voting online, submit the customized electronic version of your Class 8-C TopCo General Unsecured Claim Ballot via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page. Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.    If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.    A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

### BALLOT FOR CLASS 11 EXISTING TOPCO EQUITY
### INTERESTS FOR ACCEPTING OR REJECTING THE ~~FIFTH~~SIXTH AMENDED JOINT
### CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
SOLICITATION AGENT BY NO LATER THAN APRIL 2~~3~~, 2025 AT 5:00 P.M. (ET)**

**VOTING ON THE PLAN AND THE OPTIONAL OPT-IN ELECTION ARE
LOCATED IN ITEMS 2 AND 3 ON PAGES 3-4**

       This ballot (the "<u>Ballot</u>") is being submitted to you by the debtor and debtor in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the Debtors and described in, and attached as <u>Exhibit A</u>, to the related *Disclosure Statement for the ~~Fifth~~Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (as may be amended, modified

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

or supplemented from time to time, the "Disclosure Statement") that was approved by an order [Docket No. •1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or, at the Debtors' expense, (ii) upon request to the Solicitation Agent via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via email at FRGInfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line).

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Interest has been placed in Class 11 under the Plan for voting purposes.**

**If your Ballot is not actually received by the Solicitation Agent on or before April 23, 2025 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.  The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against the applicable Debtor.**

**Included in Item 3 of this Class 11 Ballot is an optional Opt-In election related to the Releases by Holders of Claims set forth in Section 12 of the Plan.  You may elect to grant the releases by Holders of Claims if you Opt-In to the Releases under the Plan by checking the release Opt-In box under Item 3 of this Ballot so that it is actually received by the Voting Deadline.**

**If you elect to "opt in" (see Item 3 of this Ballot) you will be released of whatever claims many other people and entities hold against you and you will release whatever claims you may have against such other people and entities (including company officers and directors).**

**Your decision on the Election to Opt-In does not affect what will be available for distribution or the amount of the distribution you will receive under the Plan.  The election to withhold consent to grant such release is at your option.  By declining to Opt-In to the Releases set forth in Article XII of the Plan, you will forego the benefit of obtaining the Releases set forth in Article XII of the Plan if you are a Released Party in connection therewith.**

**You may submit your Ballot in the return envelope provided in your Solicitation Package or online via the Solicitation Agent's E-Ballot Portal, or by regular mail, overnight courier, or hand delivery as follows:**

| **If by online E-Ballot Portal:** |
| --- |
| **Ballots may be submitted via** online submission through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtor's restructuring website maintained by the Solicitation Agent **by no later than the Voting Deadline.** To submit a customized, electronic version of your Ballot via the Solicitation Agent's E-Ballot |

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐     **ACCEPTS (votes FOR) the Plan**.

☐     **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Interest(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of the Existing Topco Equity Interests in Class 11 set forth in Item 1 elects to:

☐ Opt In to the Third-Party Release.

---

<u>**YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025.**</u>

Specifically, the releases in Sections 12.2 and 12.3 of the Plan provide:

> <u>***Debtor Releases.***</u>  ***Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan,***

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email Address: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth above and in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it in the prepaid, preaddressed business reply envelope provided or otherwise by regular mail, hand delivery, or overnight courier so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

**Alternatively, you may submit the customized electronic version of your Ballot online via the E-Ballot Portal on the Debtors' restructuring website at https://cases.ra.kroll.com/FRG per instructions provided above and at the website landing page so that it is actually received by the Solicitation Agent by April 23, 2025 at 5:00 p.m. (ET).**

## **VOTING INSTRUCTIONS**

1.        In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Interest is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.        **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually</u> <u>received</u> by the Solicitation Agent no later than April 2<u>3</u>, 2025 at 5:00 p.m. (ET).**

3.        If voting online, submit the customized electronic version of your Class 11 Existing TopCo Equity Interests Ballot via the E-Ballot Portal at <u>https://cases.ra.kroll.com/FRG</u> per instructions provided above and at the website landing page.  Creditors who cast a Ballot via the E-Ballot Portal should NOT also submit a paper Ballot.

4.        If voting by **mail**, return the completed Ballot to the Solicitation Agent in the pre-addressed, pre-paid return envelope enclosed with this Ballot or by regular mail, overnight courier, or hand delivery to:

Franchise Group, Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please email FRGBallots@ra.kroll.com (with "Franchise Group Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the expected date and time of delivery.

5.        A Ballot submitted by any means other than as set forth above will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

6.        A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan will not be counted.

7.        You must vote all your Interests within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

8.        If you cast more than one Ballot voting the same Interest prior to the Voting Deadline, the last properly executed Ballot timely received by the Solicitation Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS AND OPT-IN FORM TO HOLDERS
### OF CLASS 1, 2, 9 AND 10 CLAIMS AND HOLDERS OF CLASS 12 INTERESTS

　　　　**PLEASE TAKE NOTICE THAT** the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submitted the *Fifth Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. ◆1015] (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Fifth Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates*, dated as of February 18 20, 2025 (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), that was approved by an order [Docket No. ◆1014] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Classes (as defined in the Disclosure Statement Order).

---

[1]　　The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]　　All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**Item 1.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

You are receiving this opt-in form (the "<u>Opt-In Form</u>") because you are or may be a Holder of a Claim that is not entitled to vote on the Plan.  Holders of Claims are deemed to grant the Third-Party Release set forth in this notice solely to the extent a Holder affirmatively opts in to such grant by completing and returning this form in accordance with the directions herein on or before **April 23, 2025, at 5:00 p.m., (ET)** (the "<u>Opt-In Deadline</u>").

**CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE THIRD-PARTY RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN <u>ARTICLE XII</u> OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE THIRD-PARTY RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE MANNER DESCRIBED IN THIS BALLOT.**

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU MAY ELECT TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE XII</u> OF THE PLAN *IF* YOU CHECK THE BOX BELOW.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY DECLINING TO OPT IN TO THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN <u>ARTICLE XII</u> OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article 12 of the Plan will become effective.  It is important to read the provisions contained in Article 12 of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

---

The undersigned holder of Class 1, 2, 9, or 10 claims, or Class 12 interests elects to:

☐ Opt In to the Third-Party Release.

---

**<u>YOU WILL BE DEEMED A RELEASING PARTY IF YOU CHECK THE BOX ABOVE AND RETURN THIS RELEASE OPT-IN FORM BY 5:00 P.M. (ET), ON APRIL 23, 2025.</u>**

Name of Holder:_____

*(print or type)*

Signature:_____

Name of Signatory:_____

*(if other than Holder)*

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

***IF YOU HAVE MADE THE OPTIONAL OPT IN ELECTION*, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS ABOVE.**

Objections, if any, to confirmation of the Plan, including the releases provided for in Section 12.3 of the Plan, must (1) be in writing; (2) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (3) state with particularity the legal and factual basis and nature of any objection or response; and (4) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and served on the following parties so as to be actually received **before 5:00 p.m. (ET) on April 23, 2025**: (a) co-counsel and proposed co-counsel for the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), and Derek I. Hunter (derek.hunter@kirkland.com), Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and Maddison Levine (maddison.levine@kirkland.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (b) counsel to the official committee of unsecured creditors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (c) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (d) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (e) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (i) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq.