# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 152** |

### ORDER (I) APPROVING
### THE DISCLOSURE STATEMENT, (II) APPROVING
### THE SOLICITATION AND VOTING PROCEDURES,
### INCLUDING (A) FIXING THE VOTING RECORD DATE,
### (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES
### FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND
### SOLICITATION MATERIALS AND ESTABLISHING PROCEDURES FOR
### VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION,
### (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE
### AND OBJECTION PROCEDURES, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order (this "Order"): (i) approving the *Disclosure*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom VCM Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 1014] (as amended, modified, or supplemented from time to time, the "Disclosure Statement"); (ii) approving the solicitation and voting procedures with respect to the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 1015] (as amended, modified, or supplemented from time to time, the "Plan"),[2] including (a) fixing the Voting Record Date, (b) approving the Solicitation Package and procedures for distribution, (c) approving the form of the Ballots and solicitation materials and establishing procedures for voting, and (d) approving procedures for vote tabulation; (iii) scheduling the Confirmation Hearing and establishing related notice and objection procedures; and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, its Estate, and

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Order, in the Plan, or in the Disclosure Statement, as applicable.

creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY FOUND THAT:**

      A.     The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties, complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

      B.     The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

      C.     The following schedule (the "Confirmation Schedule") is hereby approved in its entirety (subject to modification as necessary):

| Event | Date |
| --- | --- |
| Voting Record Date | January 31, 2025 |
| Solicitation Date | Five (5) Business Days after entry of this Order, or as soon as reasonably practicable thereafter |
| Publication Date | Five (5) Business Days after entry of this Order or as soon as reasonably practicable thereafter |
| Claims Objections Deadline | March 6, 2025 |
| Valuation Report Deadline[3] | March 10, 2025 |
| Rule 3018 Motion Deadline | March 13, 2025, at 4:00 p.m. (ET) |
| Plan Supplement Deadline | Twenty-eight (28) days before Voting Deadline (*i.e.*, March 26, 2025) |
| Voting Deadline | April 23, 2025, at 5:00 p.m. (ET) |
| Objection Deadline | April 23, 2025, at 5:00 p.m. (ET) |
| Voting Report Deadline | May 7, 2025, at 12:00 p.m. (ET) |
| Confirmation Brief and Reply Deadline | May 7, 2025, at 12:00 p.m. (ET) |
| Confirmation Hearing | May 12, 2025, at 10:00 a.m. (ET), subject to Court availability |

---

[3]  "Valuation Report" shall mean the initial expert valuation report that the Debtors or other supporting parties intend to submit in support of Confirmation. As may be more fully set forth in a scheduling order on Plan discovery, parties will also be submitting rebuttal and reply expert reports on valuation issues.

D.      The form of the ballots (collectively, the "Ballots") for Holders of Claims in Classes 3, 4, 5, 6, 7, 8-A, 8-B, 8-C, and 11 (collectively, the "Voting Classes"), attached hereto as **Exhibit 3**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these Chapter 11 Cases, and is appropriate for the Voting Classes to accept or reject the Plan.

E.      The contents and proposed distribution of the Solicitation Package complies with Bankruptcy Rule 3017(d).

F.      Ballots need not be provided to Holders of Claims or Interests in Classes 1, 2, 9, 10, and 12 (collectively, the "Non-Voting Classes") because the Plan provides that such Classes are either (i) rendered Unimpaired under, and conclusively presumed to accept, the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under, and are conclusively deemed to reject, the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

G.      The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

H.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan as set forth in the Motion, and as provided in the Ballots and the Disclosure Statement, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I.      Each of (i) the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 4**, respectively, (ii) the procedures provided in this Order for providing notice to all Claim Holders, Interest Holders, and

other parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan, and (iii) the contents of the Solicitation Package comply with Bankruptcy Rules 2002, 3016, and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

J.      In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtors will cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter.  Further, the Confirmation Hearing Notice, as well as the Disclosure Statement, the Plan, and other key documents filed in these Chapter 11 Cases, may be obtained free of charge on the Debtors' restructuring webpage maintained by the Debtors' solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent") at https://cases.ra.kroll.com/FRG (the "Case Website").  The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**, as set forth herein.

2.      The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is hereby approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Package to solicit votes on, and pursue Confirmation of, the Plan.

3.      The Disclosure Statement Hearing Notice is hereby approved.

4.    The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions in Article XII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.    The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6.    The contents of the Solicitation Package and the Non-Voting Package, as set forth herein, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties, including, without limitation, Holders of Claims and Interests.

7.    The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), the applicable requirements of the Bankruptcy Code and the Local Rules, and is approved.

8.    The Ballots, substantially in the forms attached hereto as **Exhibits 3-A**, **3-B**, **3-C**, **3-D**, **3-E**, **3-F**, **3-G**, **3-H**, and **3-I** comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved.

9.    The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, complies with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and is approved.

10.    The ~~form of letter prepared by the~~ Committee *is authorized to place a letter with its recommendation* ~~recommending creditors to vote for~~ the ~~Plan~~ (the "Committee Letter"), ~~substantially in the form attached hereto as Exhibit 5, is authorized for inclusion~~ in the Solicitation Package.

11.     The Voting Record Date with respect to Holders of Claims shall be **January 31, 2025**. The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes who will receive a Solicitation Package and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims or Interests in the Non-Voting Classes who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Holder of a Claim) can vote to accept or reject the Plan as the Holder of a Claim. With respect to any transferred Claim, the transferee shall be entitled to receive (if applicable) a Solicitation Package and cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date. Furthermore, where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code. In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

12.     Within five (5) business days of the entry of this Order or as soon as reasonably practicable thereafter (the "Solicitation Date"), the Debtors are authorized to distribute, or cause

to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Voting Record Date, a Solicitation Package containing the following:

      a.     the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

      b.     this Order (excluding exhibits);

      c.     the Committee Letter;

      d.     a Ballot and the Voting Instructions;

      e.     a pre-addressed, pre-paid return envelope; and

      f.     the Confirmation Hearing Notice.

13.    The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and this Order (excluding exhibits) to the Voting Classes in electronic format on a USB flash drive in lieu of paper format. Holders of Claims in the Voting Classes that receive solicitation materials in electronic format may request that the Solicitation Agent provide such materials in paper format and such materials shall be provided at the Debtors' expense. The Confirmation Hearing Notice, the Ballots, and return envelopes contained in the Solicitation Package shall be provided in paper format.

14.    The Debtors' request for a waiver of the requirement to solicit the votes of Holders of Class 9 Intercompany Claims, Class 10 Subordinated Claims, and Class 12 Existing Intercompany Equity Interests is granted.

15.    Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, or this Order, the Debtors shall cause the Ballot for Class 6 General Unsecured Claims against the OpCo Debtors to be served on all counterparties to Unexpired Leases (the "Lease Counterparties"), including counterparties to Unexpired Leases previously rejected during these Chapter 11 Cases.

Any Lease Counterparty shall be eligible to vote to accept or reject the Plan by the Voting Deadline on account of Claims in an amount equal to the greater of (i) $1.00 and (ii) the amount asserted on any Proof of Claim Filed by such Lease Counterparty no later than March 11, 2025 (subject to the Debtors' ability to object to such Claim or the amount asserted in such Proof of Claim).

16.     The Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Confirmation Hearing Notice and (ii) the Notice of Non-Voting Status.

17.     The Debtors shall distribute, or cause to be distributed, by first-class mail, a Solicitation Package, excluding a Ballot and return envelope, to:  (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) the Internal Revenue Service; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

18.     The Debtors shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter.

19.     The Debtors shall cause the Confirmation Hearing Notice, as well as the Plan, the Disclosure Statement, and the other key documents filed in these Chapter 11 Cases, to be published free of charge on the Case Website.

20.     For purposes of serving the Solicitation Package and the Non-Voting Package, the Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Solicitation Agent as of the Voting Record Date.  The Debtors are not required to mail Solicitation Packages or Non-Voting Packages to creditors whose prior mailings in these

Chapter 11 Cases were returned as undeliverable and who have not provided a new forwarding address by the Voting Record Date.

21.    The Debtors shall not be required to distribute a Solicitation Package or Non-Voting Package to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed, unless the Debtors are provided with accurate addresses for such entities prior to the Voting Record Date. Failure to distribute a Solicitation Package or Non-Voting Package to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline or violate Bankruptcy Rule 3017(d). The Debtors are further excused from attempting to find better addresses for entities as to whom a Solicitation Package or Non-Voting Package was returned by the United States Postal Service as undeliverable without a forwarding address; provided, however, that the Debtors shall make a reasonable effort to locate or ascertain the correct mailing address for claimants from information generally available to the public and from the Debtors' own records.

22.    The Solicitation Agent is authorized to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; provided that neither the Debtors nor the Solicitation Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots.

23.    Any requirement to re-mail undeliverable Solicitation Packages, Non-Voting Packages, or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved—no forwarding address," or otherwise returned, and any obligation for the Debtors or the Solicitation Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages, Non-Voting Packages, or other undeliverable solicitation-related notices, is hereby waived, subject to paragraph 21 above.

24.     The deadline by which all Ballots must be properly executed, completed, and actually received by the Solicitation Agent shall be **April 23, 2025 at 5:00 p.m. (ET)**; provided, however, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require, subject to all applicable disclosures thereof in the Voting Report.

25.     Ballots will be accepted in paper form or by E-Ballot Portal.  Paper Ballots may be delivered by first-class mail postage prepaid, personal delivery, or overnight courier to the Solicitation Agent at the following address:

Franchise Group, Inc.
Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

26.     The Solicitation Agent is also authorized to accept Ballots submitted via electronic, online transmission, solely through a customized online balloting portal accessible on the Debtors' case website to be maintained by the Solicitation Agent (the "E-Ballot Portal").  Holders entitled to vote on the Plan may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a Holder to submit an electronic signature). The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballots submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective.  Ballots may be submitted online via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided in the Ballots and at the website landing page so as to be actually received by the Solicitation Agent no later than the Voting Deadline.  The E-Ballot Portal shall be the only acceptable means of electronic Ballot submission. Ballots submitted by electronic mail or facsimile, or any other means of electronic submission

(other than via the E-Ballot Portal) shall not be accepted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.

27.      Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Voting Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. The amount of the Claim listed in the Debtors' Schedules; <u>provided</u> that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, <u>provided, however,</u> that if a Claim for which no Proof of Claim has been timely filed is listed on the Schedules as contingent, unliquidated, or disputed, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes only; <u>provided, further,</u> that if the applicable Bar Date has not yet passed, such Claim will be entitled to vote in the amount of $1.00 or 1 equity interest, as applicable, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), or (iii) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b. The ~~non-contingent and~~ liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Solicitation Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by **March 6, 2025** (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order). 

c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with this order.

d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Holder who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the

subject of a claim objection filed by **March 6, 2025** shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e.  Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Holder who has timely filed a Proof of Claim, but the Claim is the subject of a Claim objection filed by **March 6, 2025**, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes.

f.  Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified, estimated, and/or allowed in a fixed, reduced amount pursuant to a Claim objection or estimation proceeding to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, subject to any Court order thereon.

g.  Notwithstanding anything to the contrary contained herein, with respect to loan Claims in Classes 3, 4, 5, and 7, the Claim amounts for voting purposes only shall be established based on the amounts of the applicable positions held by each claimant, as of the Voting Record Date, as evidenced by the applicable books and records maintained by the Debtors, and/or the applicable administrative agent under the applicable credit facility. The register of such claimants shall be provided to the Solicitation Agent by the Debtors or administrative agent(s), as applicable, in electronic Microsoft Excel format no later than one (1) Business Day after the Voting Record Date.

28.  The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Holder against the Debtors in a Voting Class will be aggregated as if such Holder held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; provided, however, that separate Claims held as of the Petition Date by different entities (even if related, affiliated, or properly and timely assigned or transferred prior to the Voting Record Date) shall not be deemed to be held by a single Holder pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.  Holders with multiple Claims within each Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within the Voting Class. Accordingly, an individual Ballot that partially rejects and

partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

c. Each Holder will be provided a single individual Ballot for all Claims held by such Holder in each Voting Class against the Debtors.

d. If a Claim is transferred after the Voting Record Date, only the Holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Solicitation Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e. The delivery of a Ballot will be deemed made only when the Solicitation Agent actually receives the executed Ballot or a Ballot is received via electronic mail.

f. Any party who has previously submitted to the Solicitation Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Solicitation Agent prior to the Voting Deadline a subsequent properly completed Ballot. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received. After the Voting Deadline, no Ballot may be withdrawn or amended without the written consent of the Debtors, with the grant of such consent, absent a contrary order of this Court, being a matter of the Debtors' sole discretion, subject to applicable disclosures thereof in the Voting Report.

g. If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Solicitation Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h. Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Solicitation Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Solicitation Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots. Notwithstanding any of the foregoing, a previously submitted Ballot may be superseded by the voting creditor by submitting a subsequent valid Ballot prior to the Voting Deadline.

29.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected (which, for the avoidance of doubt, will be disclosed in the Voting Report, along with any other extensions or actions taken in connection with the Ballots):

    a.  Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

    b.  Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors have granted an extension of the Voting Deadline, in writing, with respect to such Ballot;

    c.  Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

    d.  Any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim;

    e.  Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

    f.  Any unsigned Ballot; and

    g.  Any Ballot submitted by any means other than as set forth herein and in the Ballots, unless approved by the Debtors in writing or otherwise ordered by the Court.

30.     Any party that wishes to challenge the status of its Claim for voting purposes on account of such Claim being listed as Disputed, unliquidated, or contingent in the Schedules shall serve on counsel to the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on March 13, 2025**. Any Ballot submitted by a Holder of a Claim that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order, unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

31.     The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Solicitation Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot, subject to all applicable disclosures relating thereto to be provided in the Voting Report. Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determine.  Neither the Debtors nor the Solicitation Agent or any other person shall be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor shall any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots shall not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

32.     The Debtors and the Solicitation Agent, without further order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, and, absent a contrary order of the Court, such determinations shall be final and binding, subject to all applicable disclosures relating thereto to be provided in the Voting Report.

33.     On or before **12:00 p.m. (ET) on May 7, 2025**, the Solicitation Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan submitted.  The Voting Report shall, among other things, describe generally every Ballot received by the Solicitation Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those

Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

34.     The Confirmation Hearing will be held on **May 12, 2025 at 10:00 a.m. (ET)**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

35.     Objections to confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the legal and factual basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **April 23, 2025 at 5:00 p.m. (ET)** by the following parties (collectively, the "Notice Parties"): (i) co-counsel and proposed co-counsel for the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Derek I. Hunter (derek.hunter@kirkland.com), Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and Maddison Levine (maddison.levine@kirkland.com); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq.

(akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com), and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above. Any objections not satisfying the requirements of this Order may not be considered and may be overruled.

36.    The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) on or before **May 7, 2025 at 12:00 p.m. (ET)**.

37.    The Plan Supplement shall be filed and served no later than **March 26, 2025**.

38.  Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Order, no provision shall (i) preclude the United States Securities and Exchange Commission (the "SEC") from enforcing any of its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding, or investigations against any non-Debtor person or non-Debtor entity in any forum.

39.  To the extent that the ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE Companies"), and/or Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "Chubb Companies"), elect to vote and/or opt-in to any releases in connection with any chapter 11 plan filed by the Debtors, (x) ACE American Insurance Company, on its own behalf and on behalf of all of the ACE Companies, may submit a single consolidated ballot, and (y) Federal Insurance Company, on its own behalf and on behalf of all of the Chubb Companies, may submit a single consolidated ballot and the elections in both or either of such consolidated ballots shall be deemed to apply to each of the ACE Companies and each of the Chubb Companies, respectively.

40.  Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, and/or this Order, in the event that the Debtors elect to proceed with the treatment of Class 3 Claims specified in Section 5.3(a)(2)(B) of the Plan (*i.e.*, issuance of loans under the Take-Back ABL Term Loan Facility): (i) the Debtors shall not commence the Confirmation Hearing until a date no earlier than forty-five (45) days after the date on which the Debtors (in consultation with the Required Consenting First Lien Lenders) or the Required Consenting First Lien Lenders (in consultation with the Debtors) provide written notice to the Prepetition ABL Lenders of (a) the Debtors' election to impose such treatment (which election, whether to impose such treatment or

19

not, shall be with the consent of the Required Consenting First Lien Lenders) and (b) either (x) the proposed terms of the Take-Back ABL Term Loan Facility (which notice shall disclose, at a minimum, all material proposed substantive/non-technical deviations from the terms of the ABL Loan Documents contained in the Take-Back ABL Term Loan Facility, including, without limitation, any proposed substantive/non-technical deviations relating to pricing, maturity, covenants, events of default, and/or security/collateral matters (including, without limitation intercreditor/subordination arrangements)) or (y) all material proposed terms of a new credit agreement for the Take-Back ABL Term Loan Facility, which material proposed terms shall be in the form of a long form term sheet and covenant grid, identify the operative precedent document, and include, without limitation, all terms related to pricing, maturity, covenants, events of default, and security/collateral matters (including, without limitation intercreditor/subordination arrangements)); and (ii) the Debtors, the Required Consenting Term Lenders, and the Prepetition ABL Agent shall engage in good faith negotiations to reach agreement on a discovery and briefing schedule in connection with confirmation litigation relating to such treatment (the "Cram-Down Litigation Schedule"), which schedule shall not require the Prepetition ABL Agent and/or Prepetition ABL Lenders to file and serve any Plan Objection until a reasonable amount of time following completion of cram-down related depositions.   In the event that the Debtors, the Required Consenting First Lien Lenders, and the Prepetition ABL Agent cannot agree on a Cram-Down Litigation Schedule, the parties will request that the Court set the Cram-Down Litigation Schedule after notice and an opportunity to be heard. The Prepetition ABL Lenders, the Debtors, and the Consenting First Lien Lenders reserve the right to seek (or oppose) further relief from the Court, including with respect to the Cram-Down Litigation Schedule.

41.     The Debtors and the Solicitation Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court; provided that such matters will be disclosed in the Voting Report and/or Debtors' memorandum in support of Plan confirmation, as applicable.

42.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s), the Voting Instructions, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution; provided that the Debtors shall provide prior notice to the Committee of such changes.

43.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

44.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and any other applicable Bankruptcy Rules and Local Rules are satisfied by such notice.

45.     Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

46.     The Debtors and the Solicitation Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

47.    This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation, enforcement, and interpretation of this Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY** JUDGE

Dated: _February 21, 2025_
       **Wilmington, Delaware**