# AFFIDAVIT

**STATE OF NEW JERSEY )**
**) ss:**
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Wayne Sidor, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s): 02/25/2025

ADVERTISER: FRANCHISE GROUP, INC.

and that the foregoing statements are true and correct to the best of my knowledge.

Wayne Sidor

Sworn to
before me this
25th day of
February 2025

Notary Public



# NEW HIGHS AND LOWS

WSJ.com/newhighs

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE American and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. **% CHG**-Daily percentage change from the previous trading session.

**Monday, February 24, 2025**

## Highs

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| AAMissionAcqn | AAMJ | 10.68 | 5.0 |
| AGNC InvtPfdF | AGNCP | 25.14 | 0.6 |
| AT&T | T | 27.13 | 0.5 |
| A2ZCust2Mate | AZ | 8.28 | 11.8 |
| AXIS Capital | AXS | 94.94 | 2.4 |
| AbbottLabs | ABT | 136.59 | ... |
| AlgonquinNt2079 | AQNB | 25.78 | 0.5 |
| AltaVistaWtAcqn | ATMV | 11.53 | 0.8 |
| AEP | AEP | 107.36 | 0.9 |
| AnbioBiotechnology | NNNN | 6.30 | 7.8 |
| Aon | AON | 396.15 | 0.7 |
| AtlasNts2027 | ATCOL | 25.27 | 0.1 |
| ADP | ADP | 314.06 | 0.5 |
| B.RileyNts2025 | RILYM | 25.12 | ... |
| BBVA | BBVA | 13.07 | 1.8 |
| BancoSantander | SAN | 6.22 | 1.8 |
| BaringsBDC | BBDC | 10.85 | -3.2 |
| BerkHathwy A | BRK.A | 755968 | 4.0 |
| BerkHathwy B | BRK.B | 503.96 | 4.1 |
| BleichroederI Rt | BACQR | 0.22 | ... |
| BleichroederI A | BACQ | 9.97 | 0.1 |
| BrookfieldNts2084 | BIPJ | 25.39 | -1.0 |
| CMS Energy | CMS | 72.47 | 0.9 |
| CSG Systems | CSGS | 66.25 | 3.3 |
| CenterPointEner | CNP | 34.44 | -0.3 |
| ChengheAcqnIIA | CHEB | 10.19 | ... |
| ChinaYuchai | CYD | 26.00 | 15.8 |
| CocaColaEuropac | CCEP | 88.39 | -0.1 |
| ColumbiaSportsw | COLM | 92.27 | 1.5 |
| Crexendo | CXDO | 7.09 | -4.2 |
| DTE Energy | DTE | 133.45 | 0.3 |
| Diginex | DGNX | 73.34 | 38.7 |
| DrugsMadeInAm | DMAAU | 10.02 | 0.1 |
| Dynamix | DYNXU | 10.01 | 0.2 |
| EPR Prop | EPR | 50.39 | 1.6 |
| EnelChile | ENIC | 3.46 | 2.1 |
| EurekaAcqnA | EURK | 10.25 | ... |
| Evergy | EVRG | 68.81 | 0.5 |
| Exelon | EXC | 44.01 | 0.8 |
| FlagShipAcqn | FSHP | 10.27 | 0.4 |
| FlagstarFinlPfdA | FLGpA | 22.75 | 1.0 |
| FoxA | FOXA | 58.38 | 1.8 |
| FoxB | FOX | 54.53 | 2.3 |
| Gallagher | AJG | 331.09 | 0.9 |
| GarrettMotion | GTX | 10.39 | -2.5 |
| GasLogPtrsPfdB | GLOPpB | 26.24 | 0.4 |
| GileadSciences | GILD | 111.99 | 1.0 |
| Grindr | GRND | 19.18 | 5.8 |
| GpoAvalAcc | AVAL | 3.30 | 5.2 |
| HashiCorp | HCP | 34.57 | -0.2 |
| InspireMD | NSPR | 3.70 | 16.0 |
| ICE | ICE | 169.89 | 0.3 |
| Joyy | YY | 51.99 | 2.3 |
| Kellanova | K | 82.75 | 0.1 |
| LaunchOneAcqnA | LPAA | 10.15 | 0.1 |
| LaunchOneWt | LPAAW | 0.18 | 7.6 |
| LincolnEduc | LINC | 19.79 | 15.3 |
| LloydsBanking | LYG | 3.42 | 0.9 |
| MaywoodAcqn | MAYAU | 10.07 | 0.1 |
| Metlife pfA | METpA | 25.30 | 0.2 |
| MrCooper | COOP | 111.39 | -0.7 |
| NewburyStII A | NTWO | 10.07 | 0.4 |
| NiSource | NI | 40.29 | -0.4 |
| OGE Energy | OGE | 45.60 | -0.1 |
| PPL | PPL | 35.15 | 0.5 |
| PhenixFin | PFX | 57.40 | -0.4 |
| PhenixFinNts2028 | PFXNZ | 23.30 | 0.3 |
| PhilipMorris | PM | 156.63 | 1.2 |
| PitneyBowes | PBI | 11.00 | 2.8 |
| PlayAGS | AGS | 12.16 | 0.1 |
| PrimoBrands | PRMB | 35.25 | 2.1 |
| Progressive | PGR | 275.52 | 2.4 |
| QVCB | QVCGB | 18.74 | 387.0 |
| QuestDiag | DGX | 175.89 | 1.1 |
| RepublicSvcs | RSG | 233.42 | 0.8 |
| ResoluteHldgWt | RHLDW | 69.99 | 38.0 |
| RibbonAcqn | RIBBU | 10.14 | 0.3 |
| RoyaltyPharma | RPRX | 34.20 | 1.1 |
| SIMAcqnIA | SIMA | 10.15 | 0.1 |
| Sandisk | SNDK | 53.00 | -3.5 |
| ShepherdAveRt | SPHAR | 0.30 | 13.6 |
| Spire | SR | 76.26 | 1.1 |
| SunshineBioWt | SBFMW | 0.98 | 263.6 |
| T-MobileUS | TMUS | 273.40 | 1.1 |
| TaviaAcqn | TAVI | 10.01 | 0.1 |
| TaviaAcqnRt | TAVIR | 0.17 | ... |
| TelixPharm | TLX | 30.36 | 7.3 |
| TranslationalDev | TDAC | 10.03 | 0.1 |
| Ventas | VTR | 68.02 | 2.5 |
| VeriskAnalytics | VRSK | 298.71 | 0.6 |
| VineHillCapWt | VCICW | 0.28 | 7.5 |
| WEC Energy | WEC | 105.29 | 0.8 |
| WasteMgt | WM | 230.63 | 0.7 |
| WestlakeChemPtrs | WLKP | 25.04 | 0.8 |
| WillowLaneAcqn | WLACU | 11.15 | 1.5 |

## Lows

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| AeonBiopharma | AEON | 0.07 | -43.9 |
| ASGN | ASGN | 66.69 | 1.8 |
| AXT | AXTI | 1.33 | -15.2 |
| AbercrombieFitch | ANF | 99.12 | 2.0 |
| abrdnEMDivActive | AGEM | 29.76 | -0.1 |
| abrdnFocusedUSSC | AFSC | 27.96 | -0.6 |
| AdverumBiotech | ADVM | 3.75 | -2.8 |
| AEye | LIDR | 0.62 | -8.6 |
| AgEagleAerial | UAVS | 1.50 | -5.3 |
| Agriforce | AGRI | 1.40 | -14.5 |
| AkamaiTech | AKAM | 75.50 | 1.2 |
| Akoya | AKYA | 1.82 | -11.2 |
| AlarumTech | ALAR | 7.35 | -5.9 |
| AlignTech | ALGN | 185.20 | 0.2 |
| AllarityTherap | ALLR | 0.76 | -14.0 |
| Allbirds | BIRD | 6.08 | -3.6 |
| AlzamendNeuro | ALZN | 0.81 | -6.8 |
| AmericanRebel | AREB | 0.67 | -17.2 |
| AmericanWoodmark | AMWD | 69.78 | -0.3 |
| AnnovisBio | ANVS | 1.94 | -7.5 |
| AppliedTherap | APLT | 0.49 | 2.5 |
| ArborRealty | ABR | 11.46 | -2.7 |
| ArcusBiosci | RCUS | 10.12 | -8.2 |
| ArdmoreShipping | ASC | 9.83 | 1.6 |
| Arvinas | ARVN | 16.07 | -5.7 |
| AspenAerogels | ASPN | 7.66 | -3.4 |
| AspireBiopharma | ASBP | 1.57 | -18.0 |
| AstriaTherap | ATXS | 6.51 | -4.1 |
| Astrotech | ASTC | 6.04 | -8.1 |
| AtlasLithium | ATLX | 5.17 | -1.4 |
| Audidia | AUUD | 0.32 | -12.5 |
| AutolusTherap | AUTL | 1.85 | -3.6 |
| AutozilInternet | AZI | 0.54 | -14.3 |
| AytuBioPharma | AYTU | 1.30 | -3.7 |
| BRP | DOOO | 40.52 | 0.5 |
| BTBrandsWt | BTBDW | 0.03 | -62.5 |
| BeamGlobal | BEEM | 2.23 | -7.8 |
| Beneficient | BENF | 0.41 | -2.1 |
| BetaBionics | BBNX | 20.00 | 0.1 |
| BinahCapital | BCG | 1.91 | -7.5 |
| Biodesix | BDSX | 0.81 | -5.1 |
| BioXcelTherap | BTAI | 1.93 | -7.5 |
| BitOrigin | BTOG | 0.36 | -0.7 |
| BitcoinDepot | BTM | 1.18 | -7.8 |
| Bitfarms | BITF | 1.23 | -6.1 |
| bluebirdbio | BLUE | 3.56 | -0.7 |
| BlueLinx | BXC | 80.30 | -0.6 |
| BoiseCascade | BCC | 102.27 | -2.9 |
| BonNaturalLife | BON | 1.06 | -2.1 |
| BorrDrilling | BORR | 2.84 | -1.4 |
| BoundlessBio | BOLD | 1.88 | -1.5 |
| BrazilPotash | GRO | 2.18 | -4.0 |
| Brunswick | BC | 61.42 | -0.1 |
| CN Energy | CNEY | 0.22 | -9.6 |
| CNS Pharm | CNSP | 2.74 | -10.8 |
| Caesarstone | CSTE | 3.70 | -0.5 |
| Caleres | CAL | 16.06 | 0.3 |
| CanopyGrowth | CGC | 1.55 | -0.6 |
| CardiolTherap | CRDL | 1.11 | -2.5 |
| Cardlytics | CDLX | 2.60 | 4.1 |
| Carlisle | CSL | 332.04 | -0.8 |
| Celanese | CE | 50.82 | 0.3 |
| Centrro | CENN | 0.79 | -2.8 |
| ChansonIntl | CHSN | 0.23 | -28.9 |
| ChargePoint | CHPT | 0.62 | -15.1 |
| ChinaLiberalEduc | CLEU | 0.08 | -6.8 |
| Cibus | CBUS | 1.88 | -7.7 |
| Co-Diagnostics | CODX | 0.60 | -13.4 |
| Cognex | CGNX | 32.14 | 0.2 |
| Cohu | COHU | 19.33 | -8.0 |
| Coincheck | CNCK | 5.99 | -4.7 |
| ColumbusMcKinn | CMCO | 18.13 | -2.2 |
| CompoSecure | CMPOW | 12.00 | -6.0 |
| ConduitPharm | CDT | 1.09 | 5.2 |
| ContangoOre | CTGO | 9.56 | 0.7 |
| CorbusPharm | CRBP | 7.51 | -7.5 |
| CoreNaturalRscs | CNR | 74.45 | -2.8 |
| Cosan | CSAN | 4.84 | -5.3 |
| Costamare | CMRE | 10.27 | -1.8 |
| CrownCrafts | CRWS | 4.08 | -1.8 |
| CrownElectrokin | CRKN | 4.15 | -5.5 |
| CullinanTherap | CGEM | 8.61 | -3.4 |
| Cycurion | CYCU | 0.95 | -26.2 |
| Cyngn | CYN | 6.67 | -12.9 |
| CytomXTherap | CTMX | 0.69 | -4.6 |
| DIH US | DHAI | 0.43 | -6.9 |
| DLH Holdings | DLHC | 5.35 | -0.4 |
| Damon | DMN | 0.28 | -15.6 |
| DefDlyTgt2XLgORCL | ORCX | 18.22 | 2.7 |
| DefDlyTgt2XLgRIOT | RIOX | 15.29 | -9.1 |
| Deluxe | DLX | 16.85 | -1.1 |
| DevvStream | DEVS | 0.37 | -4.4 |
| DorianLPG | LPG | 22.10 | 0.7 |
| DuluthHoldings | DLTH | 2.65 | -2.2 |
| DynagasLNG PfdB | DLNGpB | 24.82 | -0.6 |
| E2open | ETWO | 2.31 | -0.4 |
| EbangIntl | EBON | 5.12 | -5.5 |
| EmpireStateRealty | ESRT | 8.60 | -0.6 |
| enCoreEnergy | EU | 2.51 | -3.4 |
| ePlus | PLUS | 65.46 | 0.6 |
| Erasca | ERAS | 1.36 | ... |
| EroCopper | ERO | 12.69 | 1.0 |
| EverusConstrn | ECG | 38.46 | -11.3 |
| Eyenovia | EYEN | 1.53 | -5.4 |
| Fathom | FTHM | 1.04 | -5.2 |
| Fenbo | FEBO | 1.19 | -6.3 |
| FibroBiologics | FBLG | 1.05 | -4.9 |
| FidelisInsurance | FIHL | 14.26 | -0.1 |
| FirstGuarBcshs | FGBI | 8.24 | -5.9 |
| Fold | FLD | 5.60 | -13.6 |
| FootLocker | FL | 17.67 | -1.2 |
| FordMotor6%Nts | FpC | 22.10 | -0.5 |
| FordMotor6.5%Nts | FpD | 24.12 | -0.2 |
| ForemostCleanEner | FMST | 0.88 | -3.7 |
| ForresterRes | FORR | 11.49 | -3.4 |
| FutureFinTech | FTFT | 0.23 | -0.7 |
| GMS | GMS | 77.14 | -0.3 |
| GencorIndls | GENC | 12.64 | -0.5 |
| Gentex | GNTX | 24.10 | 0.6 |
| GlobalEngine | GLE | 1.05 | -3.0 |
| GlobalStarA | GLST | 5.00 | -8.7 |
| GlobalStarAcqn | GLSTU | 5.28 | -7.4 |
| GlucoTrack | GCTK | 0.34 | -2.6 |
| GoldenHeaven | GDHG | 0.90 | -4.1 |
| GoPro | GPRO | 0.76 | 1.0 |
| GranTierraEner | GTE | 4.71 | -12.5 |
| Greenlane | GNLN | 0.70 | 1.3 |
| GreenPowerMotor | GP | 0.69 | -2.1 |
| GreenwaveTech | GWAV | 0.37 | 0.7 |
| Guess? | GES | 11.79 | -0.2 |
| HF Foods | HFFG | 1.99 | -3.1 |
| Hafnia | HAFN | 4.96 | -1.4 |
| HarvardBioSci | HBIO | 0.87 | -6.0 |
| HavertyFurn | HVT | 21.04 | -0.2 |
| HealthCatalyst | HCAT | 4.96 | -4.2 |
| HeidmarMaritime | HMR | 3.02 | -29.3 |
| HerambaElec | PITA | 0.36 | 2.2 |
| HighestPerf | HPH | 0.20 | 8.9 |
| HighPeakEnerWt | HPKEW | 2.50 | -8.2 |
| Hovnanian | HOV | 106.35 | -12.4 |
| Hovnanian pfA | HOVNP | 17.00 | -0.4 |
| HyperscaleDataPfd | GPUSpD | 11.90 | -5.2 |
| IGCPharma | IGC | 0.28 | -3.9 |
| INLIF | INLF | 2.14 | -9.5 |
| IconEnergy | ICON | 0.23 | -14.8 |
| iCoreConnect | ICCT | 1.23 | -34.1 |
| IdealPower | IPWR | 4.95 | -11.0 |
| Illumina | ILMN | 92.20 | -0.3 |
| Immatics | IMTX | 4.46 | 1.1 |
| Impinj | PI | 93.54 | -2.2 |
| InfinityNatlRscs | INR | 18.47 | -2.8 |
| IngersollRand | IR | 82.40 | -0.9 |
| Innventure | INV | 8.13 | -8.4 |
| InozymePharma | INZY | 1.21 | -0.8 |
| InspireVeterinary | IVP | 1.97 | 1.2 |
| InstalledBldg | IBP | 162.20 | -0.1 |
| JELD-WEN | JELD | 5.62 | -2.4 |
| JaguarHealth | JAGX | 0.73 | -12.7 |
| Jeffs'BrandsWt | JFBRW | 0.01 | -6.3 |
| JohnsonOutdoors | JOUT | 27.30 | -1.1 |
| JPMFlexIncm | JFLI | 49.22 | -0.3 |
| JumiaTech | JMIA | 2.66 | -1.8 |
| JupiterNeurosci | JUNS | 0.76 | -7.7 |
| KB Home | KBH | 59.89 | -0.2 |
| KBR | KBR | 47.55 | 2.1 |
| Kaixin | KXIN | 1.20 | -6.3 |
| KaryopharmTherap | KPTI | 0.51 | -6.5 |
| Kforce | KFRC | 48.09 | 0.8 |
| KorroBio | KRRO | 24.96 | -3.1 |
| LGI Homes | LGIH | 75.91 | -2.3 |
| LM Funding | LMFA | 1.62 | -5.0 |
| LambWeston | LW | 51.96 | -6.3 |
| LeadRealEstate | LRE | 1.17 | -13.0 |
| Lennar B | LEN.B | 114.28 | -0.3 |
| Leslie's | LESL | 1.30 | -7.0 |
| LexeoTherap | LXEO | 3.42 | -4.1 |
| LiBangIntl | LBGJ | 1.40 | -11.9 |
| LightwaveLogic | LWLG | 1.28 | -8.3 |
| Lipocine | LPCN | 3.10 | -7.4 |
| LiqTechIntl | LIQT | 1.48 | -8.1 |
| LiveWireWt | LVWR.WS | 0.02 | -10.3 |
| MGP Ingredients | MGPI | 31.76 | 2.0 |
| MagicEmpireGlobal | MEGL | 1.60 | 10.9 |
| MaidenNts46 | MHLA | 14.50 | ... |
| MammothEnergy | TUSK | 2.45 | -7.8 |
| Manpower | MAN | 53.31 | 1.0 |
| MaravaiLifeSci | MRVI | 3.91 | -2.4 |
| MartenTransport | MRTN | 14.42 | -2.7 |
| Materion | MTRN | 92.81 | -2.7 |
| MawsonInfr | MIGI | 0.50 | -8.8 |
| MaysJW | MAYS | 36.00 | -11.1 |
| MazeTherap | MAZE | 10.66 | -10.5 |
| ModularMed | MODD | 1.03 | -4.2 |
| Momentus | MNTS | 3.21 | -5.3 |
| MoneyHero | MNY | 0.90 | -6.1 |
| Monro | MNRO | 18.26 | -1.2 |
| MullenAuto | MULN | 3.25 | -18.5 |
| Napco Security | NSSC | 24.20 | -1.6 |
| NIP | NIPG | 2.50 | -8.4 |
| NVR | NVR | 7015.00 | -0.5 |
| NaborsIndustries | NBR | 42.69 | 1.4 |
| NanoVibronix | NAOV | 0.36 | -4.7 |
| NatlResearch | NRC | 15.38 | -0.2 |
| NaturalAlt | NAII | 4.00 | -1.1 |
| NautilusBiotech | NAUT | 1.50 | -2.6 |
| NerdWallet | NRDS | 9.99 | 1.0 |
| NewCenturyLogistic | NCEW | 1.14 | -6.2 |
| NexstarMedia | NXST | 147.13 | 0.7 |
| Nikola | NKLA | 0.23 | -32.4 |
| Nkarta | NKTX | 1.93 | -3.9 |
| NobelWt | NE.WS.A | 7.79 | -7.8 |
| Noble | NE | 26.28 | 1.0 |
| Novanta | NOVT | 138.15 | -1.6 |
| Novonix | NVX | 1.26 | -0.8 |
| OpalFuels | OPAL | 2.87 | -0.7 |
| Ocugen | OCGN | 0.63 | -7.4 |
| Olin | OLN | 26.28 | -1.2 |
| OpenText | OTEX | 26.59 | 0.3 |
| OrganiGram | OGI | 1.22 | -6.9 |
| OrukaTherap | ORKA | 10.58 | -1.5 |
| PACS Group | PACS | 12.38 | 1.6 |
| PAMT | PAMT | 12.55 | -2.9 |
| PDS Biotech | PDSB | 1.20 | -5.2 |
| PMGC | ELAB | 1.53 | -4.8 |
| ProgHoldings | PRG | 28.43 | -3.1 |
| PTC | PTC | 160.53 | 0.6 |
| Parsons | PSN | 57.22 | -1.2 |
| PasithaeTherap | KTTA | 1.22 | -3.1 |
| PatriotNatBncp | PNBK | 1.08 | -8.4 |
| PeabodyEnergy | BTU | 14.58 | 2.0 |
| PebblebrookPfdE | PEBpE | 18.30 | 0.7 |
| PebblebrookPfdF | PEBpF | 18.26 | 0.3 |
| PerspectiveTherap | CATX | 2.36 | -1.1 |
| PetrosPharm | PTPI | 0.11 | -6.0 |
| Phreton | PTHL | 1.32 | -26.7 |
| PineappleFinl | PAPL | 0.37 | -3.7 |
| Pinstripes | PNST | 0.26 | -9.2 |
| PlugPower | PLUG | 1.53 | -4.2 |
| PrecisionDrilling | PDS | 53.27 | -1.0 |

Continued on Page B8

ADVERTISEMENT

The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| FRANCHISE GROUP, INC., *et al.*,[1] Debtors. | Case No. 24-12480 (LSS) (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE VOTING RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND SOLICITATION MATERIALS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. ***Approval of the Disclosure Statement.*** At a hearing held on February 19, 2025 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned Chapter 11 Cases of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), entered an order [Docket No. 1019] (the "Disclosure Statement Order") approving the *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors*, dated as of February 20, 2025 and attached as Exhibit 1 to the Disclosure Statement Order [Docket No. 1014] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors*, dated as of February 20, 2025 [Docket No. 1015] (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] annexed as Exhibit A to the Disclosure Statement.

2. ***Classification of Claims and Interests under the Plan.*** The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | No | No (presumed to accept) |
| Class 2 | Other Secured Claims | No | No (presumed to accept) |
| Class 3 | Prepetition ABL Loan Claims | Yes | Yes |
| Class 4 | Prepetition First Lien Loan Claims | Yes | Yes |
| Class 5 | Prepetition Second Lien Loan Claims | Yes | Yes |
| Class 6 | General Unsecured Claims against the OpCo Debtors | Yes | Yes |
| Class 7 | Prepetition HoldCo Loan Claims | Yes | Yes |
| Class 8-A | Freedom HoldCo General Unsecured Claims | Yes | Yes |
| Class 8-B | HoldCo Receivables General Unsecured Claims | Yes | Yes |
| Class 8-C | TopCo General Unsecured Claims | Yes | Yes |
| Class 9 | Intercompany Claims | Yes | No (deemed to reject) |
| Class 10 | Subordinated Claims | Yes | No (deemed to reject) |
| Class 11 | Existing TopCo Equity Interests | Yes | Yes |
| Class 12 | Existing Intercompany Equity Interests | Yes | No (deemed to reject) |

3. ***Deadline for Voting on the Plan.*** The Court has established **April 23, 2025 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be actually received by the Solicitation Agent. To be counted, Ballots must be properly executed, completed, and delivered to the Solicitation Agent at the address provided for herein (in the postage prepaid, preaddressed business reply envelope provided or otherwise by first-class mail postage prepaid, personal delivery, or overnight courier to the Solicitation Agent), or submitted online through a dedicated e-balloting portal (the "E-Ballot Portal") accessible at the Debtor's restructuring website maintained by the Solicitation Agent: https://cases.ra.kroll.com/FRG online, so as to be actually received by the Solicitation Agent no later than the Voting Deadline: Franchise Group, Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

To arrange personal delivery, email FRGBallots@ra.kroll.com (with "FRG Ballot Delivery" in the subject line) at least 24 hours before arrival at the address above and provide the anticipated date and time of delivery.

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic transmission. Ballots submitted by electronic mail or facsimile or any other means of electronic transmission (other than via the E-Ballot Portal) will not be accepted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Only Ballots cast by regular mail, overnight courier, or hand delivery or via the E-Ballot Portal will be counted.

4. Holders of Claims in Classes 1 and 2 are unimpaired under the Plan, and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are presumed to have accepted the Plan and are not entitled to vote on the Plan. Holders of Claims in Classes 9, and 10, and Holders of Interests in Class 12 are impaired under the Plan and are not entitled to receive or retain any property on account of their claims or interests, therefore, pursuant to section 1126(g) of the Bankruptcy Code are deemed to have rejected the Plan and are not entitled to vote on the Plan.

5. ***Confirmation Hearing.*** A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on **May 12, 2025 at 10:00 a.m. (ET)** before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 2, Wilmington, DE 19801. The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

6. ***Deadline for Objections to Confirmation of the Plan.*** Objections, if any, to confirmation of the Plan, must (A) be in writing; (B) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (C) state with particularity the legal and factual basis and nature of any objection or response; and (D) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and served on the following parties so as to be actually received **before 5:00 p.m. (ET) on April 23, 2025**: (a) co-counsel and proposed co-counsel for the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), and Derek I. Hunter (derek.hunter@kirkland.com), Maddison Levine (maddison.levine@kirkland.com), and Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (b) counsel to the official committee of unsecured creditors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com), and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (c) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (d) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq. (danenberg@sewkis.com); (e) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (i) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (ii) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (f) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (g) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (h) counsel to the HoldCo Lenders at the address set forth in (vii) above.

7. ***RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE 12 OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

8. ***The release in Section 12.2 of the Plan (the "Debtor Release") binds the Debtors. The Debtor Release provides:*** **Subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly provided in this Plan, effective as of the Effective Date, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, the Debtor Releasing Parties will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Released Party (and each such Released Party so released shall be deemed forever released by the Debtor Releasing Parties) and their respective assets and properties (the "Debtor Release") from any and all Claims, Causes of Action (including Avoidance Actions), and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in Law, at equity or otherwise, whether for tort, contract, violations of federal or state statutory or common laws, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, based on or relating to, or in any manner arising from, in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of the Debtors, including, without limitation, (i) the Chapter 11 Cases, the Disclosure Statement, this Plan, the Restructuring Support Agreement, the Definitive Documents, or the Sale Process; (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan; (iii) the business or contractual arrangements between any Debtor and any Released Parties; (iv) the negotiation, formulation or preparation of the Restructuring Support Agreement, this Plan, the Disclosure Statement, the Plan Supplement, the Definitive Documents, any Sale Documents, the DIP Documents (including with respect to the DIP Loans), the Take-Back Debt Facility, the New ABL Facility, the New Warrants, or any agreements, instruments or other documents related to any of the foregoing; (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases; (vi) the purchase, sale, or rescission of the purchase or sale of any Equity Interest of the Debtors or the Reorganized Debtors; (vii) the Take-Private Transaction; and/or (viii) the confirmation or consummation of this Plan or the solicitation of votes on this Plan, in each case, that such Debtor Releasing Party would have been legally entitled to assert (whether individually, collectively, or on behalf of any Holder of a Claim or Equity Interest) or that any Holder of a Claim or Equity Interest or other Entity would have been legally entitled to assert for, or on behalf or in the name of, any Debtor, its respective Estate or any Reorganized Debtor (whether directly or derivatively) against any of the Released Parties; provided, however, that the foregoing provisions of this Debtor Release shall not operate to waive or release: (i) any Causes of Action arising from willful misconduct, actual fraud (except for Avoidance Actions, which are subject to this Debtor Release), or gross negligence of such applicable Released Party; and/or (ii) the rights of such Debtor Releasing Party to enforce this Plan, any Sale Documents and the contracts, instruments, releases, indentures, and other agreements or documents delivered under or in connection with this Plan or any Partial Sale Transaction or assumed pursuant to this Plan or any Partial Sale Transaction or assumed pursuant to Final Order of the Bankruptcy Court. The foregoing release shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable Law, regulation, order, or rule or the vote, consent, authorization or approval of any Person, and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, or liabilities released pursuant to this Debtor Release. Notwithstanding the foregoing, nothing in this Section 12.2 shall or shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, Causes of Action or liabilities they may have against any Person that is based upon an alleged breach of a confidentiality or non-compete obligation owed to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth herein; (2) any Causes of Action retained by the Reorganized Debtors; (3) any OpCo Litigation Claims; or (4) any Freedom HoldCo Debtor Litigation Trust Claims.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action of any kind whatsoever released pursuant to the Debtor Release.**

9. ***The release in Section 12.3 of the Plan (the "Third Party Release") binds the "Releasing Parties," which the Plan defines as follows: "collectively, and each solely in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the DIP Agent and each DIP Lender; (d) the First Lien Credit Agreement Agent; (e) the Consenting First Lien Lenders; (f) the Creditors' Committee and each of its members solely in their capacity as members of the Creditors' Committee; (g) all Holders of Claims that elect to opt in to the Third-Party Release contained in the Plan; (h) all Holders of Interests that elect to opt in to the Third-Party Release contained in the Plan; (o) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j) for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan." The Third Party Release provides:***

**Notwithstanding anything contained in the Plan or the Restructuring Support Agreement to the contrary, and subject to the outcome of the Freedom HoldCo Independent Investigation with respect to any Freedom HoldCo Debtor Released Claims and Claims and Causes of Action belonging to the Freedom HoldCo Debtors against any Holders of DIP Claims or Prepetition First Lien Loan Claims, pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, effective as of the Effective Date, to the fullest extent permitted by applicable Law, for good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, and without limiting or otherwise modifying the scope of the Debtor Release provided by the Debtor Releasing Parties above, each Non-Debtor Releasing Party, on behalf of itself and any other Persons that might seek to claim under or through such Non-Debtor Releasing Party, including any Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, Representatives, consultants, and agents, will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full release to each of the Released Parties (and each such Released Party so released shall be deemed forever released by the Non-Debtor Releasing Parties) and their respective assets and properties (the "Third-Party Release") from any and all Claims, Interests, Causes of Action (including Avoidance Actions), and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether directly or derivatively held, existing as of the Effective Date or thereafter arising, in Law, at equity or otherwise, whether for tort, contract, violations of federal or state statutory or common laws, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, based on or relating to, or in any manner arising from, in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to any of the Debtors, including, without limitation, (i) the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Disclosure Statement, this Plan, the Restructuring Support Agreement, the Definitive Documents, or the Sale Process; (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan; (iii) the business or contractual arrangements between any Debtor and any Released Parties; (iv) the negotiation, formulation or preparation of the Restructuring Support Agreement, this Plan, the Disclosure Statement, the Plan Supplement, the Definitive Documents, any Sale Documents, the DIP Documents (including with respect to the DIP Loans), the Take-Back Debt Facility, the New ABL Facility, the New Warrants, or any agreements, instruments or other documents related to any of the foregoing; (v) the restructuring of Claims or Equity Interests prior to or during the Chapter 11 Cases; (vi) the purchase, sale, or rescission of the purchase or sale of any Equity Interest of the Debtors or the Reorganized Debtors; (vii) the Take-Private Transaction; and/or (viii) the confirmation or consummation of this Plan or the solicitation of votes on this Plan that such Non-Debtor Releasing Party would have been legally entitled to assert (whether individually or collectively) against any of the Released Parties; provided, however, that the foregoing provisions of this Third-Party Release shall not operate to waive or release: (i) any Causes of Action arising from willful misconduct, actual fraud (except for Avoidance Actions, which are subject to this Third-Party Release), or gross negligence of such applicable Released Party; and/or (ii) the rights of such Non-Debtor Releasing Party to enforce this Plan, any Sale Documents and the contracts, instruments, releases, indentures, and other agreements or documents delivered under or in connection with this Plan or any Partial Sale Transaction or assumed pursuant to this Plan or any Partial Sale Transaction or Final Order of the Bankruptcy Court. The foregoing release shall be effective as of the Effective Date, without further notice to or order of the Bankruptcy Court, act or action under applicable Law, regulation, order, or rule or the vote, consent, authorization or approval of any Person, and the Confirmation Order will permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, or liabilities released pursuant to this Third-Party Release. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth herein; (2) any Causes of Action retained by the Reorganized Debtors; (3) any OpCo Litigation Claims; or (4) any Freedom HoldCo Debtor Litigation Trust Claims.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.**

10. ***Additionally, Article 12 of the Plan contains certain provisions regarding exculpation and injunctions. All parties are advised to read Article 12 of the Plan carefully and consult with their own advisors with respect thereto. The text of the relevant provisions of Article 12 of the Plan are as follows:***

***12.4. Exculpation.*** **Effective as of the Effective Date, to the fullest extent permissible under applicable Law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any claims or Causes of Action or for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with, or related to: the administration of the Chapter 11 Cases, commencement of the Chapter 11 Cases, pursuit of confirmation and consummation of this Plan, making distributions under this Plan, the Disclosure Statement, the Sale Process, the Sale Order, or the solicitation of votes for, or confirmation of, this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of securities under or in connection with this Plan; the purchase, sale, or rescission of the purchase or sale of any asset or security of the Debtors; or the transactions or documentation in furtherance of any of the foregoing, including but not limited to the Restructuring Support Agreement; the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable the DIP Documents (including with respect to the DIP Loans), the Take-Back Debt Facility, the New ABL Facility, the New Warrants, or any agreements, instruments or other documents related to any of the foregoing; or any other postpetition, pre-Effective Date act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or confirmation or consummation of this Plan; provided, however, that the foregoing provisions of this Exculpation shall not operate to waive or release: (i) any Causes of Action arising from willful misconduct, actual fraud (except for Avoidance Actions, which are subject to this Exculpation), or gross negligence of such applicable Exculpated Party; and/or (ii) the rights of any Person or Entity to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with this Plan or assumed pursuant to this Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel, to the extent otherwise permitted under applicable non-bankruptcy Law, concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions or inactions. The foregoing Exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act or action under applicable Law, regulation, order, or rule or the vote, consent, authorization or approval of any Person. Notwithstanding the foregoing, nothing in this Section 12.4 shall or shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, Causes of Action or liabilities they may have against any Person that is based upon an alleged breach of a confidentiality or non-compete obligation owed to the Debtors or the Reorganized Debtors, in each case unless otherwise expressly provided for in this Plan. The Exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable Law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the Exculpations set forth above do not exculpate Brian Kahn, Prophecy Asset Management LP, or any of their Affiliates. For the avoidance of doubt, none of the Debtors are Affiliates of Brian Kahn or Prophecy Asset Management LP.**

**The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable Laws with regard to the solicitation of votes and distribution of consideration pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable Law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan.**

***12.5. Discharge of Claims and Termination of Interests.*** **Except as otherwise provided for herein and in the Restructuring Support Agreement, effective as of the Effective Date, with respect to the Non-Liquidating Debtors: (a) the rights afforded in the Plan and the treatment of all Claims and Interests (other than any Existing Intercompany Equity Interests that are Reinstated hereunder) shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors or any of their assets, property or Estates; (b) the Plan shall bind all Holders of Claims and Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Interests (other than any Existing Intercompany Equity Interests that are Reinstated hereunder) shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtors, the Debtors' Estates, the Reorganized Debtors, their successors and assigns and their assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. In accordance with section 1141(d)(3) of the Bankruptcy Code, this Plan does not discharge the American Freight Debtors. For the avoidance of doubt, at the election of the Required Consenting First Lien Lenders in their sole discretion, the existing ABL Credit Agreement (as defined in the Restructuring Support Agreement), and the Prepetition ABL Loan Claims (as defined in the Restructuring Support Agreement), may be Reinstated.**

***12.6. Injunction.*** **Except as otherwise provided herein or for obligations issued pursuant hereto, all Persons or Entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to Exculpation pursuant to Article XII, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties or the property or Estates of the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, exculpated or settled pursuant to the Plan.**

***Copies of Documents.*** Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before March 26, 2025), and the Disclosure Statement Order are, or will be, available for review free of charge at the Debtors' restructuring website: https://cases.ra.kroll.com/FRG by clicking on the link on the left hand side of the website landing page titled "Plan & Disclosure Statement." In addition, copies of the Plan are available upon written request to the Debtors' Solicitation Agent: Franchise Group, Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Solicitation Agent electronically at FRGinfo@ra.kroll.com (with "Franchise Group Solicitation Inquiry" in the subject line), in writing to the address above, via telephone at: (844) 285-4564 (U.S./Canada toll free) or +1 (646) 937-7751 (International), or via the "Live Chat" and/or "Contact Us" buttons in the "Info Center" section of the website.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, or in the Disclosure Statement, as applicable.

## COMMERCIAL REAL ESTATE

***UCC Public Sale Notice***

Please take notice that Eastdil Secured, L.L.C., on behalf of DWF VI 1 LINCOLN LENDER, LLC, a Delaware limited liability company (together with its successor and assigns, "Secured Party") offers for sale at public auction on April 3, 2025 at 2 p.m. (prevailing Eastern Time) at the offices of Gibson, Dunn & Crutcher LLP, located at 200 Park Avenue, New York, New York 10166, and also being broadcast for remote participation via a virtual videoconference, in connection with a Uniform Commercial Code sale, 100% of the limited liability company membership interests in LINCOLN STREET PROPERTY OWNER, LLC, a Delaware limited liability company (the "Pledged Entity"), and all other collateral pledged by LINCOLN STREET MEZZ, LLC, a Delaware limited liability company ("Debtor") under that certain Pledge and Security Agreement, dated as of September 14, 2022 (as amended, supplemented or otherwise modified from time to time, the "Security Agreement") made by Debtor in favor of Secured Party (collectively, the "Collateral"). Debtor directly owns the Pledged Entity, which directly owns certain real property commonly known as One Lincoln Street, located at 1 Lincoln Street, Boston, Massachusetts (the "Premises").

Pursuant to that certain Mezzanine Loan Agreement, dated as of September 14, 2022 (as amended, restated, supplemented or otherwise modified from time to time, the "Mezzanine Loan Agreement"), by and between Debtor and Secured Party, Secured Party made a loan to Debtor in the original principal amount of up to $145,000,000.00 (the "Mezzanine Loan"). In connection with the Mezzanine Loan, Debtor granted to Secured Party a first priority lien on the Collateral pursuant to the Security Agreement. Secured Party is offering the Collateral for sale in connection with the foreclosure on the pledge of such Collateral. The Pledged Entity is a borrower under a loan in the original aggregate principal amount of $763,000,000.00 (the "Senior Loan"), which is secured by, among other things, a mortgage encumbering the Premises. Secured Party may, prior to the sale described herein, assign all of its right, title and interest in and to the Mezzanine Loan. In the case of such assignment, the assignee shall be considered the "Secured Party" for all purposes hereunder.

The sale of the Collateral will be subject to all applicable third-party consents and regulatory and other governmental approvals, if any, as well as the terms of sale prepared by Secured Party. Without limitation to the foregoing, please take notice that there are specific requirements for any prospective bidder in connection with bidding on the Collateral. The Collateral is being offered as a single lot, "as-is, where-is", with no express or implied warranties, representations, statements or conditions of any kind made by Secured Party or any person acting for or on behalf of Secured Party, without any recourse whatsoever to Secured Party, Secured Party's affiliates, direct and indirect holders of equity in Secured Party, directors, officers, agents, or employees of Secured Party or its affiliates or equity holders, or any other person acting for or on behalf of Secured Party or its affiliates or equity holders. Each bidder must make its own inquiry regarding the Collateral. The winning bidder shall be responsible for the payment of all transfer taxes, stamp duties, and similar taxes incurred in connection with the purchase of the Collateral.

Secured Party reserves the right to (i) credit bid, (ii) reject any bid if Secured Party determines, in its sole and absolute discretion, that such bid was made by a participant that is not a Qualified Bidder (as defined in the Terms of Sale), (iii) accept a lower bid if the bid is on terms that Secured Party determines is more favorable to Secured Party or is from a bidder that, in Secured Party's determination, offers a more certain likelihood of execution, (iv) adjourn the sale to another date and time, and (v) impose any other commercially reasonable conditions upon the sale of the Collateral as Secured Party may deem proper.

Each prospective bidder (other than Secured Party or its affiliates) will further be required to represent in writing to Secured Party, among other things, that such bidder (a) is acquiring the Collateral for investment purposes, solely for the purchaser's own account and not with a view to distribution or resale of the Collateral; (b) is an accredited investor within the meaning of the applicable securities laws; (c) has sufficient knowledge and experience in financial and business matters so as to be capable of evaluating the merits and risks of investment and has sufficient financial means to afford the risk of investment in the Collateral; (d) will not resell or otherwise hypothecate the Collateral without a valid registration under applicable federal or state laws, including, without limitation, the Securities Act of 1933, as amended (the "Securities Act"), or an available exemption therefrom; provided that Secured Party reserves the right to verify that each certificate for the limited liability company interests to be sold bears a legend substantially to the effect that such interests have not been registered under the Securities Act and are subject to other limitations or conditions in connection with the sale of the Collateral as Secured Party deems necessary or advisable in order to comply with the Securities Act or any other applicable law; (e) is not an Embargoed Person (as defined in the Terms of Sale); (f) is not capitalized with a Crowd Funding Structure; and (g) will purchase the Collateral in compliance with all applicable federal and state laws. **Meeting any requirements of the foregoing shall be at the sole responsibility, risk, cost, and expense of a prospective bidder.**

All bids (other than credit bids of Secured Party) must be for cash with no financing or other conditions, and the successful bidder must be prepared to deliver immediately available good funds as required by the Terms of Sale and otherwise comply with the bidding requirements and the Terms of Sale. The selected bidder must (i) deposit with a title company or other agent designated by Secured Party 10% of the selected bidder's final bid within twenty-four (24) hours of completion of the auction, (ii) pay the full amount of its bid as the purchase price for the Collateral, after deduction of the selected bidder's deposits, by wire transfer of immediately available federal funds, no later than 2:00 p.m. prevailing Eastern Time on April 14, 2025, as set forth in, and subject to the terms of, the Terms of Sale, and (iii) otherwise comply with the bidding requirements and the Terms of Sale.

Further information concerning the Collateral, the requirements for obtaining information and bidding on the interests and the Terms of Sale can be obtained by contacting Sarah Lagosh, Managing Director, Eastdil Secured, L.L.C., by telephone at (617) 784-3978 or by email at slagosh@eastdilsecured.com.

## DEA

**LEGAL NOTICE**

**The U.S. Dept. of Justice, Drug Enforcement Administration (DEA) New York gives notice that the property listed below has been abandoned to the custody of the United States and has remained unclaimed. The property shall be held for 30 days from the date of initial publication of notice. Upon expiration of this 30 day period title to the property will vest in the United States. Any person desiring to claim this property must file with the DEA within 30 days. Claims may be filed at the following address: DEA New York Division, 99 Tenth Ave., NY, NY 10011. Attn: SA Nicholas DeAmorin. Last date to file: 3/13/2025. Group: Z-53, Case: BZ-19-0016, Asset I.D.: 19-DEA-668292, Property: $64,518.00 USC, Place Seized: Bank of America, Owner: Unknown, Date of Custody: September 4, 2020.**

THE WALL STREET JOURNAL.

NOTABLE COMMERCIAL PROPERTIES

EVERY WEDNESDAY

LIST YOUR PROPERTY TODAY

(800) 366-3975

sales.realestate@wsj.com

For more information visit:

wsj.com/classifieds

© 2025 Dow Jones & Company, Inc. All Rights Reserved.

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975

For more information visit:

wsj.com/classifieds

© 2025 Dow Jones & Company, Inc. All Rights Reserved.

DOW JONES