**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br>(Jointly Administered)<br><br>Hearing Date: March 18, 2025 at 10:00 a.m. (ET)<br>Objection Deadline: March 11, 2025 at 4:00 p.m. (ET) |

### CENTERPOINT 550, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO SETOFF SECURITY DEPOSIT AGAINST LEASE REJECTION DAMAGES

Centerpoint 550, LLC ("**Landlord**") hereby files its Motion for Relief from the Automatic Stay to Setoff Security Deposit Against Rejection Damages (the "**Motion**"), pursuant to sections 362(d)(1) and 553(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 4001(a), 9013 and 9014 of Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

(the "**Bankruptcy Rules**"), and Rules 4001-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), seeking relief from the automatic stay to permit Landlord to exercise its rights of setoff under Section 553 of the Bankruptcy Code.[2] In support of this Motion, Landlord represents and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Landlord consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested are sections 362(d) and 553(a) of the Bankruptcy Code, Bankruptcy Rules 4001, 9013 and 9014 and Local Rules 4001-1 and 9013-1.

---

[2] Landlord files this Motion in an abundance of caution because it believes it is entitled to recoup the amount of the Security Deposit against the amounts owed by the AFOS Debtor for lease rejection damages. Recoupment is defined as the "setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." *In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir. 1992) (quoting 4 COLLIER ON BANKRUPTCY § 553.03, at 553-15-17 (15th ed. 1992)); *In re Communication Dynamics, Inc.*, 300 B.R. 220, 225-26 (Bankr. D. Del. 2003). The requirement for recoupment that a creditor's claim must arise from the "same transaction" as the debtor's claim and be in the nature of a defense to the debtor's claim distinguishes it from setoff. "A setoff is C's deduction from C's debt to B of an amount based on B's unrelated debt to C; a recoupment is C's deduction from C's debt to B based on B's debt to C arising out of the same transaction." *In re Slater Health Center, Inc.*, 398 F.3d 98, 103 (1st Cir. 2005). When the claims and obligations of the parties arise under a single contract, here the Lease, the "same transaction" requirement for recoupment is generally satisfied. *In re B&L Oil Co.*, 782 F.2d 155, 157 (10th Cir. 1986) (stating that "claims arising from a single contract generally qualify for recoupment"); *In re Trans World Airlines, Inc.*, 275 B.R. 712, 720- 21 (Bankr. D. Del. 2002) (granting recoupment because "[b]oth claims arise from services provided (and alleged breaches of obligations) under the same agreement during a relatively short period of time"). Here, both the Security Deposit and the lease rejection claim owed by the AFOS Debtor to Landlord arise from the same contract—the Lease.

**BACKGROUND**

5. On November 3, 2024 ("**Petition Date**"), the above-references debtors (the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

6. Landlord and debtor, American Freight Outlet Stores, LLC (the "**AFOS Debtor**"), are parties to a lease of nonresidential real property (as may have been amended from time to time, the "**Lease**") pursuant to which the AFOS Debtor leased a 196,000 square foot warehouse, located at 700 Centerpoint Blvd, New Caste, Delaware 19720 (the "**Premises**") from Landlord. A copy of the Lease and Notice of Exercise Option to Renew are attached as **Exhibit A**.[3]

7. The Lease required the AFOS Debtor to pay rent and other related lease charges to Landlord each month.

8. The Lease further required the Tenant to provide a security deposit in the amount of $44,950.81 (the "**Security Deposit**") to secure the payment of all amounts due from the Tenant to Landlord under the Lease including, without limitation, rejection damages under 11 U.S.C. § 502(b)(6). As of the Petition Date, the Landlord holds the Security Deposit in the amount of $44,950.81.

9. The Lease was rejected by the Debtors pursuant to the *Third Omnibus Order, Pursuant to Sections 105(a), 365(a), And 554 Of the Bankruptcy Code Authorizing the Debtors To (I) Reject Certain Unexpired Leases as Of the Rejection Date And (II) Abandon Personal Property* (Docket No. 446), effective as of November 30, 2024.

---

[3] The AFOS Debtor is the successor in interest to Sears Outlet Stores, LLC under the Lease.

10. On January 21, 2025, Landlord filed a proof of claim in the AFOS Debtor's bankruptcy case for lease rejection damages in the amount of $1,049,286.72 (the "**Proof of Claim**"). In the Proof of Claim, the Landlord asserts a secured claim to the extent of the Security Deposit. The Proof of Claim has been designated Claim No. 1105 by the Debtors' claims agent. A copy of the Proof of Claim is attached hereto as **Exhibit B**.

### BASIS FOR RELIEF REQUESTED

11. Section 362(d) of the Bankruptcy Code provides, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of any interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary for an effective reorganization.

11 U.S.C. §362(d).

12. When determining whether "cause" exists to grant relief from the stay, courts should balance the competing interests of the debtor and the movant by considering (i) whether great prejudice to either the bankruptcy estate or the debtor will result by granting relief from the stay, and (ii) whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor. *See In re Rexene Products Corp.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

13. Permitting Landlord to set off the Security Deposit against the Landlord's lease rejection damages will not result in any prejudice to the AFOS Debtor or its estate.

14. The right of setoff by a creditor in a bankruptcy case is governed by section 553 of the Bankruptcy Code, which states, in relevant part, that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that rose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

15. Section 553 preserves any right of setoff as it exists under applicable nonbankruptcy law. *See Official Comm. of Unsecured Creditors v. Manufacturers & Traders Tr. Co. (In re Bennett Funding Grp.)*, 146 F.3d 136, 138-39 (2d Cir. 1998) ("Section 553(a) of Title 11 of the United States Code does not create a right of setoff, but rather preserves whatever right exists under applicable non-bankruptcy law.").

16. The Delaware Bankruptcy Court recognizes a creditor's right to set off mutual debts. *See, e.g. In re WL Homes LLC*, 471 B.R. 349 (Bankr. D. Del 2012) ("In the simplest terms, "setoff" (or "offset") allows parties to cancel mutual debts. It has been called "a right grounded in concepts of fairness and equity," reflecting the absurdity of "making A pay B when B owes A.") (citing *United States v. Myers (In re Myers)*, 362 F.3d 667, 672 (10th Cir. 2004)).

17. "In the bankruptcy context, setoff allows a party holding property of the bankruptcy estate to keep the property up to the amount of the setoff right. 11 U.S.C. §542(b)." *Id.*

18. Courts have held that establishing a right to setoff constitutes sufficient cause to grant relief from the automatic stay. *See e.g. In re Nuclear Imaging Sys.*, 260 B.R. 724, 730

(Bankr. E.D. Pa. 2000)("Courts have generally concluded that the existence of mutual obligations subject to set-off constitutes sufficient 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the stay" (internal citations omitted)).

19. A lessor is a secured creditor to the extent of any security deposit it has received from the debtor-tenant and may satisfy its lease rejection damage claim under § 502(b)(6) of the Bankruptcy Code out of the security deposit. *See In re PPI Enterprises (U.S.), Inc.*, 228 B.R. 339, 350 (Bankr. D. Del. 1998), *aff'd*, 324 F. 3d 197 (3d Cir. 2003) ("cases have uniformly held that security deposits held by the landlord or applied by the landlord after the termination of the lease will be deducted from that landlord's § 502(b)(6) claim").

20. "It is well-settled that a security deposit held by a lessor on a rejected lease must be applied against the maximum claim for lease termination damages allowed to the lessor under § 502(b)(6). The legislative history of § 502(b)(6) unequivocally supports this treatment of security deposit." *In re Atlantic Container Corp.*, 133 B.R. 980, 989 (Bankr. N.D. Ill. 1991) (citing S. Rep. No. 95-989, 95th Cong., 2d Sess. 63 (1978), H.R. Rep. No. 95-595, 95th. Cong., 1st Sess. 353 (1977) (a lessor's "security deposit will be applied in satisfaction of the claim that is allowed under [§ 502(b)(6)].")).

21. Courts in the Third Circuit and elsewhere have held that landlords should be permitted to set off prepetition claims (including past due amounts and rejection damages) from a security deposit. *See CDI Trust v. U.S. Elec., Inc. (In re Commun. Dynamics, Inc.)*, 382 B.R. 219, 233 (D. Del. 2008) ("[R]ejection damages claim is a pre-petition claim for purposes of setoff under section 553 of the Bankruptcy Code."); *see also In re Leather Factory Inc.*, 475 B.R. 710, 718 (Bankr. C. D. Cal. 2012) ("Precedent under both § 365(d)(3) and § 553 overwhelmingly

holds that pre-petition security deposits may be applied against pre-petition claims, whether arrearages or rejection damages . . .").

22. As of the Petition Date, the Landlord holds the Security Deposit in the amount of $44,950.81. In addition, Landlord's Proof of Claim asserts a lease rejection damage claim of $1,049,286.72 which is a prepetition claim for purposes of setoff under section 553 of the Bankruptcy Code, and which amount greatly exceeds the amount of the Security Deposit.

23. Landlord therefore has a right of setoff with respect to the Security Deposit pursuant to the Lease, the common law right of setoff and section 553 of the Bankruptcy Code

24. Additionally, the bankruptcy estate cannot provide any adequate protection of Landlord's interest in the Security Deposit. Therefore, cause exists within the meaning of § 362(d)(1) of the Bankruptcy Code to allow Landlord to setoff the Security Deposit against the amounts owed to Landlord by the AFOS Debtor. *In re Merchant*, 256 B.R. 572, 576 (Bankr. D. Pa. 2000) ("Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis").

25. Further, the AFOS Debtor does not have any equity in the Security Deposit, and the Security Deposit is not necessary for an effective reorganization. See 11 U.S.C. § 362(d)(2).

26. The AFOS Debtor has rejected the Lease and surrendered possession of the Premises. Therefore, it is also appropriate to grant Landlord relief from stay to allow Landlord to set off the Security Deposit against its rejection damages pursuant to section 362(d)(2) of the Bankruptcy Code.

**Bankruptcy Rule 4001(a)(3)**

27. Bankruptcy Rule 4001(a)(3) provides that "an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

28. Landlord requests that the relief requested in the Motion be effective immediately upon entry of the order granting this Motion.

WHEREFORE, Centerpoint 550, LLC requests this Court enter an Order (i) granting it relief from the automatic stay to (a) declare a default and send a notice of default or otherwise take any steps necessary or advisable under the Lease in order for the Landlord to be permitted to effectuate a right of setoff of the Security Deposit; and (b) apply the Security Deposit against its rejection damages claim asserted in the Proof of Claim: and (ii) granting such other and further relief as may be just and required under all circumstances.

Dated: February 28, 2025
Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Richard W. Riley*
Henry J. Jaffe (No. 2987)
Richard W. Riley (No. 4052)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: hjaffe@pashmanstein.com
             rriley@pashmanstein.com

*Counsel to Centerpoint 550, LLC*