IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION
FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS,
THE COMMITTEE, AND THE PROFESSIONALS
TO FILE UNDER SEAL THE NAMES OF CERTAIN
CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE
PROFESSIONAL DECLARATIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion, the First Day Declaration,

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors, the Committee, and the Professionals, as applicable, to redact and file under seal the names of the Confidential Parties consistent with their obligations under certain non-disclosure agreements, executed in connection with the Debtors' postpetition marketing process, and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

---

or the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015], as applicable.

**Background**

5. Franchise Group, Inc., together with its Debtor and non-Debtor affiliates, is a privately-held operator and acquirer of franchised and franchisable businesses and the premier solution for catapulting franchise brands forward. With over 100 years of combined franchising and operational expertise, the Debtors provide a first-class environment for operating companies and their associates to thrive by partnering with strong management teams who are committed to growth through franchising. The Debtors' business segments include a diverse collection of highly recognized, market-leading, and emerging retail brands, including the Vitamin Shoppe, Pet Supplies Plus, American Freight, and Buddy's Home Furnishings. As of the Petition Date, the Debtors had approximately 2,200 total retail store locations (including both corporate-owned and franchised locations) and approximately 11,900 total employees spanning across the United States.

6. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 188] (the "Committee"). On January 15, 2025, the Court entered an order [Docket No. 747] appointing a fee examiner in these Chapter 11 Cases.

7. Since filing these Chapter 11 Cases, the Court has authorized the Debtors and the Committee, as applicable, to retain the following Professionals:

- Kroll Restructuring Administration, LLC, as claims and noticing agent to the Debtors, pursuant to the *Order Authorizing Retention and Appointment of Kroll*

- *Restructuring Administration LLC as Claims and Noticing Agent* [Docket No. 113];
- certain ordinary course professionals, pursuant to the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 355] (the "OCP Order");
- Hilco Real Estate LLC, as real estate consultant and advisor to the Debtors, pursuant to the *Order (I) Authorizing the Retention and Employment of Hilco Real Estate, LLC as Real Estate Consultant and Advisor for the Debtors, Effective as of the Petition Date; (II) Waiving Certain Requirements Imposed by Local Rule 2016-2; and (III) Granting Related Relief* [Docket No. 449];
- AP Services, LLC, as financial advisor to the Debtors, pursuant to the *Order Authorizing the (I) Retention of AP Services, LLC, (II) Designation of David Orlofsky as Chief Restructuring Officer, Effective as of the Petition Date, and (III) Granting Related Relief* [Docket No. 450];
- Petrillo Klein + Boxer LLP, as special counsel to the Debtors, pursuant to the *Order Authorizing the Retention and Employment of Petrillo Klein + Boxer LLP as Special Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 453];
- Ernst & Young LLP, as tax, accounting, and valuation services provider to the Debtors, pursuant to the *Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax, Accounting, and Valuation Services Provider Effective as of November 3, 2024, and (II) Granting Related Relief* [Docket No. 669];
- Deloitte & Touche LLP, as independent auditor to the Debtors, pursuant to the *Order Authorizing the Retention and Employment of Deloitte & Touche LLP as Independent Auditor Effective as of the Petition Date* [Docket No. 670];
- Young Conaway Stargatt & Taylor, LLP, as co-counsel to the Debtors, pursuant to the *Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date* [Docket No. 715];
- Ducera Partners, LLC, as investment banker to the Debtors, pursuant to the *Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 802];
- Province, LLC, as financial advisor to the Committee, pursuant to the *Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of November 21, 2024* [Docket No. 826];
- Akin Gump Strauss Hauer & Feld LLP, as special co-counsel on behalf of, and at the sole direction of, the independent director, Michael J. Wartell, pursuant to the *Order Authorizing Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. to Employ and Retain Akin Gump Strauss Hauer & Feld LLP as Special Co-Counsel on Behalf of and at the Sole Discretion of the Independent*

4

*Director, Michael J. Wartell, Effective as of December 9, 2024* [Docket No. 844];

- Ashby & Geddes, P.A., as Delaware special counsel on behalf of, and at the sole direction of, the independent director, Michael J. Wartell, pursuant to the *Order Authorizing Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. to Employ Ashby Geddes, P.A. as Delaware Special Counsel on Behalf and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 19, 2024* [Docket No. 845];
- Pachulski Stang Ziehl & Jones LLP, as counsel to the Committee, pursuant to the *Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of November 21, 2024* [Docket No. 854]; and
- Perella Weinberg Partners, LP, as investment banker to the Committee, pursuant to the *Order Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Official Committee of Unsecured Creditors, Effective as of the November 26, 2024* [Docket No. 969].

8. Moreover, the Debtors' application to retain Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as attorneys for the Debtors, is filed contemporaneously herewith (collectively with the professionals listed in the foregoing paragraph and all other professionals proposed to be retained by the Debtors or the Committee in these Chapter 11 Cases, the "Professionals").

9. Pursuant to Bankruptcy Rule 2014(a) and the orders (or proposed order, as applicable) authorizing the Debtors' retention of the Professionals, each Professional must continually monitor its potential conflicts and connections with respect to these Chapter 11 Cases and promptly file a supplemental declaration (each, a "Retained Professional Declaration") if any additional potential conflict arises or becomes known to the Professional. Similarly, pursuant to the OCP Order, each ordinary course professional must file a Declaration (as defined in the OCP Order) and must supplement the Declaration if any additional potential conflict arises or becomes known to such professional (collectively, the "OCP Declarations," and together with the Retained Professional Declarations, the "Professional Declarations").

5

10. To protect the Debtors' commercially sensitive information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Professionals may need to disclose in their Professional Declarations whether there were or are relationships with certain potential sale transaction counterparties (collectively, the "Confidential Parties"), without disclosing the name of such entities.  By this Motion, the Debtors seek, on behalf of the Debtors, the Committee, and the Professionals, entry of the Order authorizing the Debtors, the Committee, and the Professionals, as applicable, to redact the identities of the Confidential Parties and the Professionals' connections thereto from the Professional Declarations and file such Professional Declarations containing the Confidential Information under seal.

11. The sealing of the identities of the Confidential Parties will prevent harm to the Debtors and will ultimately foster goodwill and trust in future negotiations regarding a Partial Sale Transaction.  To encourage competitive tensions and ensure that the Debtors yield a value-maximizing result in connection with a Partial Sale Transaction, the identities of the Confidential Parties need to be kept in the strictest confidence at this time.  Such anonymity is essential to ensure that potential counterparties remain engaged without concern of competitive exposure, which could undermine participation in the process.  Notably, certain Confidential Parties are parties to non-disclosure agreements with the Debtors that require that the Debtors "shall [not] disclose to any person…the fact that [such non-disclosure agreement] exists or the terms [thereof]."  Disclosure of the Confidential Parties' identities may harm the Debtors' businesses and relationships with such Confidential Parties or otherwise disrupt the Debtors' sale efforts.

12. Therefore, sealing the identities of the Confidential Parties not only safeguards the Debtors from potential harm, but also promotes a robust and competitive marketing process. Furthermore, anonymity reduces the risk of collusion among potential bidders, which safeguards the integrity of the marketing process. Due to the inherently competitive nature of the marketing process, revealing the identity of potential bidders may chill the process by preventing certain parties from moving forward with negotiations. Disclosing the identities of the Confidential Parties before a potential Partial Sale Transaction is negotiated could severely hamper the sensitive discussions between the Debtors and these counterparties to the detriment of the marketing process and interfere with the Debtors' ability to provide the greatest value for the benefit of their estates and all stakeholders. Such disclosures would also cause the Debtors to be in breach of their contractual obligations to the Confidential Parties, potentially subjecting the Debtors to damages or other remedies.

13. Importantly, the Professionals have not represented, and will not represent, the Confidential Parties in connection with any matter in these Chapter 11 Cases. The Professionals' representations of the Confidential Parties, if any, do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code, as disclosed in their respective retention applications.

14. As a result, the Debtors now seek entry of an order authorizing the Debtors, on behalf of the Committee and the Professionals, as applicable, to file the names of the Confidential Parties under seal. Redacted versions of the Professional Declarations will be publicly filed in accordance with Local Rule 9018-1(d)(i).

**Basis for Relief**

15. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or ***commercial information*** . . . .

11 U.S.C. § 107(b) (emphasis added).

17. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i).

18. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall

8

within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on request of a party in interest.") (emphasis in original).

19. Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

20. Confidential commercial information "is information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures Corp.*, 21 F.3d at 27-28). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Altegrity, Inc.*, 2015 WL 10963572, at *3 ("Such information, however, need not rise to the level of a 'trade secret.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

21. Here, the Confidential Parties are participants in the Debtors' efforts to solicit bids and negotiate a Partial Sale Transaction for the benefit of the Debtors' estates, their stakeholders, and other parties in interest. The Debtors, with the assistance of their advisors, have invested time and effort into the marketing process and remain in active discussions with certain parties regarding a potential value-maximizing transaction. Moreover, the Debtors are required to maintain the confidentiality of the identities of the Confidential Parties pursuant to non-disclosure agreements. Certain contractual provisions therein require maintaining confidentiality of the applicable party's identity. The Debtors and each respective Confidential Party, as applicable, agreed to those provisions after a good faith, arm's-length negotiation. Such provisions expressly prohibit the disclosure of the Confidential Parties' involvement in the Debtors' marketing process. Failure to adhere to that requirement could result in the Debtors' breach of the agreement, thus risking undue harm to the Debtors and their ability to consummate a potential value-maximizing transaction. Due to the inherently competitive nature of such transactions, it is imperative that the identities of the Confidential Parties remain confidential, or the Confidential Parties may be discouraged from participating in future transactions with the Debtors.

22. Additionally, certain members of the Ad Hoc Group and the Freedom Lender Group (collectively, the "<u>Lender Groups</u>") could decide to engage in the Debtors' marketing process. Publicly disclosing the names of the Confidential Parties would therefore result in parties with an active interest in the marketing process gaining access to the identities of other potential bidders, which in turn creates the risk of information asymmetry and undermines the integrity of the marketing process more generally. Disclosure of the Confidential Parties to the Lender Groups would thus destabilize the marketing process and decrease the likelihood of a potential value-maximizing transaction.

23. The Professionals will not represent any of the Confidential Parties in connection with any matter in these Chapter 11 Cases. Accordingly, the Debtors and the Professionals do not believe that the Professionals' representations of the Confidential Parties in matters unrelated to the Debtors, if any, preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.

24. The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. Indeed, the Professionals have disclosed hundreds of connections to potential parties in interest and the Debtors request authority to maintain the confidentiality of only a limited number of Confidential Parties at this time.

25. The Debtors request authority for the Debtors, the Committee, and the Professionals, as applicable, to redact and file under seal the names of the Confidential Parties and the Professionals' connections thereto from the Professional Declarations. The Debtors will provide (a) the Court; (b) the U.S. Trustee; (c) counsel to the Ad Hoc Group and counsel to the Freedom Lender Group, in each case, on a "professional eyes only" basis, with unredacted versions of the Professional Declarations.

26. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these Chapter 11 Cases while still maintaining confidentiality of "commercial information" where truly necessary. As a result, the Debtors believe that, in addition to all that has been disclosed in the Professional Declarations, authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

**Local Rule 9018-1(d)(ii) Certification**

27.     The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(ii), that it would be futile for the Debtors to confer with the parties whose information is sought to be redacted because such information is so inherently sensitive, and the proposed redactions are sufficiently narrow as to obviate the need to confer with the applicable parties about the scope and need for redaction.

**Notice**

28.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: March 4, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:    (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:     (212) 446-4900 |
| Telephone:    (302) 571-6600 | Email:           joshua.sussberg@kirkland.com |
| Facsimile:     (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email:           emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | Mark McKane, P.C. |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone:    (415) 439-1400 |
| | Facsimile:     (415) 439-1500 |
| | Email:           mark.mckane@kirkland.com |
| *Co-Counsel to the Debtors* <br> *and Debtors in Possession* | *Proposed Co-Counsel to the Debtors* <br> *and Debtors in Possession* |