## EXHIBIT C

## David Orlofsky Declaration

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

### DECLARATION OF
### DAVID ORLOFSKY IN SUPPORT
### OF THE DEBTOR'S APPLICATION
### FOR THE ENTRY OF AN ORDER AUTHORIZING
### THE RETENTION AND EMPLOYMENT OF
### KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
### INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS
### AND DEBTORS IN POSSESSION EFFECTIVE AS OF FEBRUARY 14, 2025

I, David Orlofsky, Chief Restructuring Officer of the Debtors, being duly sworn, state the following under penalty of perjury:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

1. I am a Managing Director of AlixPartners, LLP ("AlixPartners"), an internationally recognized restructuring and turnaround firm. I am also the Chief Restructuring Officer of the Debtors located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

2. I submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### The Debtors' Selection of Counsel

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements. On February 13, 2025, the Court entered an order [Docket No. 976] denying the *Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 474]. Given the circumstances of these chapter 11 cases and related timing considerations, the Debtors understood the importance of a swift yet thorough review process when selecting replacement bankruptcy counsel. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings, as well as their ability to quickly and effectively transition as counsel in these chapter 11 cases. Using this review process, the Debtors interviewed two firms to serve as potential bankruptcy counsel.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

4. Ultimately, the Debtors retained Kirkland because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code. More specifically, Kirkland is familiar with the Debtors' business operations and many of the legal issues that have arisen, as well as the potential legal issues that may arise, in the context of these chapter 11 cases. I believe that Kirkland is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

### Rate Structure

5. In my capacity as Chief Restructuring Officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. Kirkland has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Kirkland charges for non-bankruptcy representations. As discussed below, I, along with members of management and members of the AlixPartners team, will also be responsible for reviewing the statements submitted by Kirkland and can confirm that the rates Kirkland will charge the Debtors during the postpetition period are comparable to the hourly rates and corresponding rate structure that Kirkland uses in other restructuring matters.

### Cost Supervision

6. The Debtors have approved the prospective budget and staffing plan for the period from February 14, 2025 to June 13, 2025, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Kirkland. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue to review the statements

that Kirkland regularly submits, and, together with Kirkland, amend the budget and staffing plans periodically, as the case develops.

7. The Debtors will bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

[*Remainder of Page Intentionally Left Blank*]

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 4, 2025                                Respectfully submitted,

                                                     */s/ David Orlofsky*
                                                   Name: David Orlofosky
                                                   Title:   Chief Restructuring Officer