## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: March 27, 2025 at 4:00 p.m. ET**<br>**Hearing Date: May 12, 2025 at 10:00 a.m. ET** |

### FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION OF THE AD HOC GROUP OF FREEDOM LENDERS TO CERTAIN CLAIMS FILED AGAINST THE HOLDCO DEBTORS

***TO ALL PARTIES RECEIVING THIS OBJECTION*:**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. YOU SHOULD REVIEW SCHEDULE 1 AND SCHEDULE 2 TO THIS OBJECTION TO LOCATE YOUR NAME AND CLAIM(S) AND TO DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION.**

**YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**

**THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE FREEDOM LENDER GROUP OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

---

[1]  The debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), B. Riley Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168),

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**"),[2] by and through its undersigned counsel, hereby submit this first omnibus (non-substantive) claims objection (this "**Objection**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), disallowing and expunging certain claims filed against Freedom VCM, Inc. and Freedom VCM Interco, Inc. (the "**HoldCo Debtors**") identified in **Schedule 1** and **Schedule 2** annexed to this Objection.[3]  In support of this Objection, the Freedom Lender Group incorporates by reference the *Affidavit of Andrew Zatz in Support of the First Omnibus (Non-Substantive) Objection of the Ad Hoc Group of Freedom Lenders to Certain Claims Filed Against the HoldCo Debtors*, attached hereto as **Exhibit B**.

## PRELIMINARY STATEMENT

1.    The HoldCo Debtors are non-operating entities that were created for the sole purpose of borrowing and guaranteeing loans under that certain Credit Agreement, dated as of August 21, 2023 (as amended, restated, amended or restated, supplemented, or otherwise modified

---

Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]    The Freedom Lender Group is comprised of the entities named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

[3]    Schedule 1 and Schedule 2 list the same claims asserted against the HoldCo Debtors but each addresses a separate objection to each claim.

from time to time, the "**HoldCo Credit Agreement**") among the HoldCo Debtors, Alter Domus (US) LLC, as administrative and collateral agent, and the lenders party thereto from time to time (the "**HoldCo Lenders**").    The Freedom Lender Group holds approximately 93% of the obligations under the HoldCo Credit Agreement, the proceeds of which were used to facilitate the Debtors' August 2023 take-private transaction.[4]

2.        The HoldCo Debtors sit above Franchise Group, Inc. and all other operating entities in the Debtors' organizational structure.    Ample evidence presented in these Chapter 11 Cases, including testimony from the Debtors' principals and advisors, statements made by counsel to the Official Committee of Unsecured Creditors, the Debtors' disclosure statement, and the HoldCo Debtors' filed schedules of assets and liabilities have all made clear that the HoldCo Debtors have no operations and that the HoldCo Lenders are the only non-insider creditors of the HoldCo Debtors.

3.        Nevertheless, six non-insider proofs of claim (three at each HoldCo Debtor) have been filed against each of the HoldCo Debtors.    Each of these claims were filed against many (or all) of the Debtors.    The information and documentation provided in support of each such claim fails to identify any basis to assert such claim against the HoldCo Debtors as opposed to Franchise Group, Inc. and/or one or more of its subsidiaries, which are operating entities here.    These claims are also inconsistent with the Debtors' books and records, as reflected in the HoldCo Debtor Schedules.

4.        Therefore, in accordance with the *Order (I) Approving the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving*

---

[4]    *See Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "**First Day Declaration**") ¶ 32.

*the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation, (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures, and (IV) Granting Related Relief* [Docket No. 1019], the Freedom Lender Group files this Objection in order to disallow and expunge the Disputed Claims (as defined below) solely as against the HoldCo Debtors.

## JURISDICTION AND VENUE

5.　　The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1. Pursuant to Local Rule 9013-1(f), the Freedom Lender Group consents to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

6.　　**The HoldCo Debtors**.  Freedom VCM Interco, Inc. directly owns 100% of the equity in Freedom VCM, Inc., Freedom VCM, Inc. directly owns 100% of the equity in Franchise Group, Inc. and Franchise Group, Inc. directly and indirectly owns the Debtors' other operating subsidiaries.[5]  The Debtors have acknowledged on the record that there are no known, non-insider

---

[5]　　First Day Decl. ¶ 32, Ex. A.

general unsecured claims against the HoldCo Debtors.[6]   The Official Committee of Unsecured

Creditors has acknowledged the same.[7]   The lack of any non-insider general unsecured claims at

the HoldCo Debtors is consistent with the estimated claims listed in the Debtors' disclosure

statement.[8]   And it is reflected in the HoldCo Debtors' filed schedules of assets and liabilities.[9]

This stands to reason, as the HoldCo Debtors have no employees or operations.[10]   Instead,

Franchise Group, Inc. and its subsidiaries are where the Debtors' employees and operations exist.[11]

7.    **The Pleiades Claims**.  Pleiades Partners, LLC ("**Pleiades**") filed identical claims

against the HoldCo Debtors, as well as twenty-three other Debtors, for "money invested" in the

amount of $1.6 million.  *See* Claim Nos. 1963, 2049 (together, the "**Pleiades Claims**").  The

Pleiades Claims provide no further explanation of the basis for the alleged claims against the

HoldCo Debtors and no supporting documentation or information.  Further, the HoldCo Debtor

Schedules do not identify any claims owing to Pleiades.

8.    **The CorVel Claims**.  CorVel Enterprise Comp, Inc. ("**CorVel**") filed identical

---

[6]  *See* Nov. 5, 2024 Hr'g Tr. 83:16-25 (Debtors' CRO acknowledging that the HoldCo Lenders are the only creditors of the HoldCo Debtors); Dec. 17, 2024 Hr'g Tr. 26:9-11 (Debtors' proposed counsel admitting that the Debtors are "not aware of" and "don't expect" any general unsecured claims to be filed against the HoldCo Debtors).

[7]  *See* Feb. 19, 2025 Hr'g Tr. 107:2-3 (stating that a letter to be attached to the Debtors' disclosure statement "is addressed to the Opco creditors because those are our only known constituents.").

[8]  *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1014] at 14 (estimating that there are no general unsecured claims against the HoldCo Debtors).

[9]  *Schedules of Assets and Liabilities for Freedom VCM, Inc.* [Dkt No. 539] (the "**Freedom VCM, Inc., Schedules**"), Schedule E/F at 32-35 (identifying zero unsecured claims); *Schedules of Assets and Liabilities for Freedom VCM Interco, Inc.* [Dkt No. 540] (together with the Freedom VCM, Inc., Schedules, the "**HoldCo Debtor Schedules**"), Schedule E/F at 32-35 (same).

[10]  *See* Nov. 5, 2024 Hr'g Tr. 123:19-25 (Debtors' proposed counsel stating that "the HoldCo entities are not operating entities" who "have no trade creditors because they have no operations"); *see also The Official Committee of Unsecured Creditors' Response to Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors* [Docket No. 294] ¶ 10 (referring to "the HoldCo Debtors, which had no operations or assets aside from equity in subsidiaries …").

[11]  *See* Nov. 5 2024 Hr'g Tr. 9:3-10 (Debtors' proposed counsel emphasizing that Franchise Group, Inc. "essentially operates four distinct businesses through franchisees, the Vitamin Shop retailer, Pet Supplies Plus, Buddy's Home Furnishings, and American Freight" and that Franchise Group, Inc. operates "through itself and its franchisees").

claims against the HoldCo Debtors, as well as every other Debtor, based on a "Services Agreement" dated October 23, 2022. *See* Claim Nos. 1428, 1431 (together, the "**CorVel Claims**"). The Services Agreement alleges that CorVel provided services and claims management with respect to workers' compensation claims and certain other auto liability claims. The addenda to the CorVel Claims identify the signatories to the Services Agreement as "Franchise Group, Inc. and its affiliates and wholly-owned subsidiaries" with Exhibit G to the Services Agreement listing the customer affiliates and wholly-owned subsidiaries as "American Freight, Buddy's, Liberty Tax, Pet Supplies Plus, Vitamin Shoppe, and W.S. Badcock." CorVel Claims, Addenda, n.1. In addition, the CorVel Claims attach invoices that serve as the basis for such claims, which are billed only to such wholly-owned subsidiaries of Franchise Group, Inc. The HoldCo Debtors are not identified anywhere in the CorVel Claims. Nor are the Corvel Claims identified in the HoldCo Debtor Schedules.

9.    **The Prophecy Claims**. The Settlement-related Liquidating Trust 2022-23 (the "**Prophecy Trust**") filed identical claims against the HoldCo Debtors, as well as all other Debtors, for cash "believed to have been diverted from the Prophecy Funds and used by Brian Kahn to leverage and grow the Debtors through the purchase of various retail subsidiaries." *See* Claim Nos. 1327, 1333 (together, the "**Prophecy Claims**" and, collectively with the Pleiades Claims and CorVel Claims, the "**Disputed Claims**"). The addenda to the Prophecy Claims state that the claims are asserted against "certain of the Debtors" and specifically provides that: "[t]his claim lies against Franchise Group, Inc. and most of its 'opco' subsidiaries and other affiliates." Prophecy Claims Addenda, at 1. Moreover, the Prophecy Claims attach as supporting documentation only an indictment against John Hughes, the co-founder of Prophecy Asset Management LP, which references Brian Kahn (the founder and former CEO and board member

of the Debtors) as an unnamed co-conspirator. This indictment does not identify or relate to the HoldCo Debtors. All of the factual allegations in the indictment relate to events that occurred before the HoldCo Debtors came into existence. The Prophecy Claims also are not identified in the HoldCo Debtor Schedules.

## RELIEF REQUESTED

10. By this Objection, the Freedom Lender Group seeks entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing and expunging the Disputed Claims identified in **Schedule 1** and **Schedule 2** annexed to this Objection solely as against the HoldCo Debtors.

## BASIS FOR RELIEF

11. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest … objects." *See In re Mechanicsburg Fitness, Inc.*, 592 B.R. 798, 807 (Bankr. M.D. Pa. 2018) ("The language of section 502(a) is clear and unambiguous. It plainly authorizes a party in interest to object to any claim or interest, proof of which is filed under section 501 of the Code."). The members of the Freedom Lender Group, as parties in interest, have standing to object to the claims of another alleged creditor of the HoldCo Debtors. *See In re Weinstein Co. Holdings, LLC*, 595 B.R. 455, 463-63 (Bankr. D. Del. 2018) (holding that section 502 of the Bankruptcy Code grants standing for one creditor to challenge the claims of another creditor); *In re Mechanicsburg Fitness, Inc.*, 592 B.R. at 808 (holding that the "most natural reading" of section 502(a) of the Bankruptcy Code is that it confers an "unrestricted right" upon creditors to object to the claims or interest of others); *In re C.P. Hall Co.*, 513 B.R. 540, 543 (Bankr. N.D. Ill. 2014) ("A creditor's interest in a bankruptcy case is pecuniary, and so a creditor is a 'party in interest' with standing to object to the claims of other creditors."); *In re The Charter Co.*, 68 B.R. 225, 228 (Bankr. M.D.

Fla. 1986) ("The Court will not disregard the plain language of § 502(a) and limit the right of general creditors to object to the allowance of a proof of claim in a chapter 11 proceeding.").

12.      Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of such claim.  11 U.S.C. § 502(b).

13.      Pursuant to Local Rule 3007-1(c), omnibus claim objections are considered to be non-substantive when they are based on certain enumerated grounds.  Local Rule 3007-1(c).  Local Rule 3007-1(c)(ii) provides that objections made to a "[c]laim filed in the wrong case" are deemed non-substantive.  Local Rule 3007-1(c)(ii); *see e.g., In re SC SJ Holdings LLC.*, Case No. 21-10549 (JTD) (Bankr. D. Del. May 31, 2024) [Docket No. 1212] (granting objection seeking to reassign wrong debtor claims to the correct debtor).  Local Rule 3007-1(c)(vi) further provides grounds for a non-substantive objection to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claim, as contemplated by Fed. R. Bankr. P. 3001(f)."  Local Rule 3007-1(c)(vi); *see, e.g., In re FBI Wind Down, Inc.*, No. 13-12329, 2015 WL 1181890 (Bankr. D. Del. Mar 3, 2015) (granting objection seeking to expunge and disallow claims based on insufficient documentation); *In re Overseas Shipholding Grp., Inc.*, No. 12-20000, 2014 WL 733905 (Bankr. D. Del. Feb. 3, 2014) (same); *In re Exide Techs.*, No. 13-11482, 2013 WL 12579684 (Bankr. D. Del. Mar. 7, 2013) (same); *In re Source Interlink Cos., Inc.*, No. 09-11424, 2009 WL 10815774 (Bankr. D. Del. May 14, 2009) (same).

14.      When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  Where the claimant alleges sufficient facts to support its claim, such claim is afforded *prima facie* validity.  *Id.*  In practice, the objecting party

must produce evidence that "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of its claim by a preponderance of the evidence. Ultimately, "[t]he burden of persuasion is always on the claimant." *Id.* If a creditor fails to provide sufficient documentation supporting its proof of claim, the *prima facie* validity of such claim "will be lost." *In re Black, Davis and Shue Agency*, Inc., 460 B.R. 407, 416 (Bankr. M.D. Pa. 2007).

15.    Based on a review of the Disputed Claims and the HoldCo Debtor Schedules, the Disputed Claims were inadvertently filed against the HoldCo Debtors. The Pleiades Claims attach no supporting documentation and are filed against twenty-five different Debtors alleging that Pleiades is owed $1.6 million for "money invested." Since no evidence has been submitted that demonstrate that any equity investments have been made at the HoldCo Debtors, the Pleiades Claim cannot be properly filed against the HoldCo Debtors. Further, the Pleiades Claims are not included in the HoldCo Debtor Schedules and provide no supporting information or documentation that would establish their validity as against the HoldCo Debtors.

16.    The CorVel Claims on their face conclusively establish that they were not properly filed against the HoldCo Debtors. The HoldCo Debtors are not a listed party to the Services Agreement that the CorVel Claims are based on, nor are they the recipients of any related invoice. This stands to reason, as the HoldCo Debtors are non-operating entities that would not request the services that the Services Agreement relates to. Therefore, the CorVel Claims should be asserted solely against Franchise Group, Inc. and certain of its subsidiaries. Additionally, the CorVel Claims are not included in the HoldCo Debtor Schedules and provide no supporting information or documentation that would establish their validity as against the HoldCo Debtors.

17.    The Prophecy Claims state on their face that they are only being asserted against

Franchise Group, Inc. and the "opco" subsidiaries.  Additionally, the Prophecy Claims are based on Brian Kahn's diversion of cash to Franchise Group, Inc. for the purchasing of operating subsidiaries and are based upon factual allegations during a time when the HoldCo Debtors were not yet in existence.  And, the Prophecy Claims are not included in the HoldCo Debtor Schedules and provide no supporting information or documentation that would establish their validity as against the HoldCo Debtors.

18.    In sum, the Disputed Claims (to the extent they are valid) are already filed against what appear to be the correct Debtors, which are Franchise Group, Inc. and its applicable operating subsidiaries.  As against the HoldCo Debtors, the Disputed Claims must be disallowed and expunged because they are all filed in the wrong debtor case.  Additionally, the Disputed Claims are not included in the HoldCo Debtor Schedules and lack requisite supporting documentation to confirm the existence of any claim against the HoldCo Debtors despite ample evidence provided to date in these Chapter 11 Cases that there are no employees or operations at the HoldCo Debtors that could establish a basis for these claims.

### RESERVATION OF RIGHTS

19.    The Freedom Lender Group reserves the right to object in the future to any of the Disputed Claims listed on **Schedule 1** and **Schedule 2** to this Objection on any additional ground, including, without limitation, additional objections as to the liability, amount, or priority of any claims listed, and to amend, modify and/or supplement this Objection.

### COMPLIANCE WITH APPLICABLE RULES

20.    The undersigned representative has reviewed the requirements set forth in Local Rule 3007-1 and certifies that the Objection substantially complies with such rule.  To the extent the Objection does not fully comport with Local Rule 3007-1, the Freedom Lender Group believes that any such deviation is immaterial and request that any such requirement be waived.

## NO PRIOR REQUEST

21.     No prior request for relief sought in this Objection has been made to this or any other court.

## NOTICE

22.     Notice of the Objection will be given to (a) the Debtors, (b) the Official Committee of Unsecured Creditors, (c) the Office of the United States Trustee for the District of Delaware, (d) the holders of the Disputed Claims, and (e) all parties entitled to notice pursuant to Local Rule 2002-1(b).  The Freedom Lender Group submits that no other or further notice is required.

## CONCLUSION

For the reasons set forth herein, the Freedom Lender Group requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as the Court may deem just and proper.

Dated:  March 6, 2024
      Wilmington, Delaware

/s/ Michael J. Farnan

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email:  bfarnan@farnanlaw.com
        mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**
Thomas Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  cshore@whitecase.com
        azatz@whitecase.com
        sam.hershey@whitecase.com
        erin.smith@whitecase.com
        brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of
Freedom Lenders*

**Schedule 1**

**Disputed Claims (No Record)**

| Claim Number | Claimant Name | Asserted Claim Amount | Debtor | Reason for Disallowance |
|---|---|---|---|---|
| 1431 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1428 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM Interco, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1963 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 2049 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM Interco, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1333 | The Settlement-Related Liquidating Trust 2022-23 | Unknown | Freedom VCM, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1327 | The Settlement-Related Liquidating Trust 2022-23 | Unknown | Freedom VCM Interco, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |

**<u>Schedule 2</u>**

**Disputed Claims (Wrong Debtor)**

| Claim Number | Claimant Name | Asserted Claim Amount | Debtor | Reason for Disallowance |
|---|---|---|---|---|
| 1431 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM, Inc. | Claim filed in the wrong case. |
| 1428 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM Interco, Inc. | Claim filed in the wrong case. |
| 1963 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM, Inc. | Claim filed in the wrong case. |
| 2049 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM Interco, Inc. | Claim filed in the wrong case. |
| 1333 | The Settlement-Related Liquidating Trust 2022-23 | Unknown | Freedom VCM, Inc. | Claim filed in the wrong case. |
| 1327 | The Settlement-Related Liquidating Trust 2022-23 | Unknown | Freedom VCM Interco, Inc. | Claim filed in the wrong case. |