# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Deadline to File Rule 3018 Motion:** |
| | ) **March 13, 2025, at 4:00 p.m. (ET)** |

## DEBTORS' OMNIBUS NONSUBSTANTIVE LIMITED OBJECTION SOLELY FOR VOTING PURPOSES ASSOCIATED WITH CERTAIN CLAIMS

**PARTIES RECEIVING THIS LIMITED OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON SCHEDULE 1 ATTACHED TO THE PROPOSED ORDER.[2]**

**IF YOU ARE A HOLDER OF A DISPUTED CLAIM SUBJECT TO THIS LIMITED OBJECTION, YOUR RIGHT TO VOTE ON THE SIXTH AMENDED JOINT CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms later in this Limited Objection, in the Plan, or in the Disclosure Statement Order (each as defined below).

> **[DOCKET NO. 1015] (AS AMENDED, MODIFIED, OR SUPPLEMENTED FROM TIME TO TIME, THE "<u>PLAN</u>") WILL BE IMPACTED IF THE COURT GRANTS THE RELIEF REQUESTED IN THIS LIMITED OBJECTION.**
>
> **IF YOU ARE A HOLDER OF A DISPUTED CLAIM SUBJECT TO THIS LIMITED OBJECTION AND YOU DISAGREE WITH THE REQUESTED RELIEF AND WISH TO VOTE ON THE PLAN IN THE AMOUNT OF THE CLAIM AS ORIGINALLY FILED, YOU MUST FILE A MOTION BY MARCH 13, 2025, AT 4:00 P.M. (PREVAILING EASTERN TIME) SEEKING THE TEMPORARY ALLOWANCE OF YOUR CLAIM FOR VOTING PURPOSES UNDER BANKRUPTCY RULE 3018.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") file this limited omnibus objection (this "<u>Limited Objection</u>") with respect to each of the claims set forth on <u>Schedule 1</u> attached to the Proposed Order (collectively, the "<u>Disputed Claims</u>," and the holders of such claims, the "<u>Claimants</u>"). In support of this Limited Objection, the Debtors submit the declaration of David Orlofsky, a Managing Director at AlixPartners, LLP ("<u>AlixPartners</u>"), attached hereto as **Exhibit A** (the "<u>Orlofsky Declaration</u>"). In further support of this Limited Objection, the Debtors respectfully state as follows.

### Relief Requested

1. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "<u>Proposed Order</u>"), modifying or reducing each of the Disputed Claims *solely* for the purpose of voting to accept or reject the Plan (and no other purpose), in accordance with the treatment of each Disputed Claim on <u>Schedule 1</u> attached to the Proposed Order. For the avoidance of doubt, the Debtors are not, at this time, objecting to the classification or allowance of the Disputed Claims for distribution purposes; the Debtors reserve all rights to object to the classification or allowance of the Disputed Claims for all other purposes at a later date.

### Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Limited Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 1126(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 3007-1 and 9013-1.

**Background**

5. The Debtors are a privately held operator and acquirer of franchised and franchisable businesses and the premier solution for catapulting franchise brands forward. With over 100 years of combined franchising and operational expertise, the Debtors provide a first-class environment for operating companies and their associates to thrive by partnering with strong management teams who are committed to growth through franchising. The Debtors' business segments include a diverse collection of highly recognized, market-leading, and emerging retail brands, including the Vitamin Shoppe, Pet Supplies Plus, American Freight, and Buddy's Home Furnishings. As of the Petition Date, the Debtors had approximately 2,200 total retail store locations (including both corporate-owned and franchised locations) and approximately 11,900 total employees spanning across the United States.

6. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 188] (the "Creditors' Committee"). On January 15, 2025, the Debtors appointed a fee examiner [Docket No. 747].

**The Debtors' Solicitation Procedures**

7. On February 21, 2025, the Court entered the *Order (I) Approving the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation, (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures, and (IV) Granting Related Relief* [Docket No. 1019] (the "Disclosure Statement Order"). Pursuant to the Disclosure Statement Order, the Debtors are authorized to solicit acceptances of the Plan. In accordance with the Disclosure Statement Order, the Debtors distributed solicitation packages (including copies of the Plan and Ballots) to Holders of Claims and Interests entitled to vote to accept or reject the Plan. Pursuant to the Disclosure Statement Order, Holders of Claims and Interests entitled to vote on the Plan must return their Ballots by **April 23, 2025, at 5:00 p.m. (prevailing Eastern Time)**.

8.  The Debtors file this Limited Objection in accordance with the Disclosure Statement Order. Specifically, the Disclosure Statement Order approved certain solicitation and voting procedures (the "Solicitation and Voting Procedures").

9.  Pursuant to the Solicitation and Voting Procedures, solely for purposes of voting on the Plan and not for the purpose of making distributions under the Plan on account of a Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, including Claims objections, with respect to all Holders of Claims and Interests in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan is as follows:

(a) The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, provided, however, that if a Claim for which no Proof of Claim has been timely filed is listed on the Schedules as contingent, unliquidated, or disputed, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes only; provided, further, that if the applicable Bar Date has not yet passed, such Claim will be entitled to vote in the amount of $1.00 or 1 equity interest, as applicable, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), or (iii) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

(b) The liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Solicitation Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by **March 6, 2025** (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

(c) If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with this order.

(d) Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Holder who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the

subject of a Claim objection filed by **March 6, 2025** shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

(e) Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Holder who has timely filed a Proof of Claim, but the Claim is the subject of a Claim objection filed by **March 6, 2025**, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes.

(f) Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified, estimated, and/or allowed in a fixed, reduced amount pursuant to a Claim objection or estimation proceeding to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, subject to any Court order thereon.

(g) Notwithstanding anything to the contrary contained herein, with respect to loan Claims in Classes 3, 4, 5, and 7, the Claim amounts for voting purposes only shall be established based on the amounts of the applicable positions held by each claimant, as of the Voting Record Date, as evidenced by the applicable books and records maintained by the Debtors, and/or the applicable administrative agent under the applicable credit facility. The register of such Claimants shall be provided to the Solicitation Agent by the Debtors or administrative agent(s), as applicable, in electronic Microsoft Excel format no later than one (1) Business Day after the Voting Record Date.

10. Any party that wishes to challenge the status of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (prevailing Eastern Time) on March 13, 2025**.

## Limited Objection

11. The Debtors and their advisors have reviewed the Proofs of Claim filed in these chapter 11 cases and have identified three Disputed Claims, filed by three Claimants, that are subject to this Limited Objection. The undertaking of the Proofs of Claim review process was intended to ensure that Holders of Claims and Interests entitled to vote to accept or reject the Plan

are afforded a fair opportunity to do so. After reviewing the Disputed Claims, the Debtors cannot justify the Disputed Claims voting in the Filed amounts because the Debtors do not believe that such amounts accurately represent the potential liability, if any, of the Debtors and their Estates for the Disputed Claims asserted therein.

12. By this Limited Objection, the Debtors seek to modify or reduce each of the Disputed Claims identified on **Schedule 1** solely for the purpose of voting to accept or reject the Plan (and no other purpose). An overview of the Disputed Claims and certain justifications for objecting to the Disputed Claims are briefly described below.

I. **Disputed Claims**

13. After a review of the Proofs of Claim and the Debtors' books and records, the Debtors have identified three Proofs of Claims totaling approximately $750 million in the aggregate where the Claimants failed to attach supporting documentation—all three of the Disputed Claims were submitted by Claimants without supporting information or documents sufficient to constitute *prima facie* evidence of the validity and amount of the Claim. Upon review of the Disputed Claims and the Debtors' books and records, and the absence of any liability matching or resembling the asserted Claims, the Debtors dispute the existence of any basis to substantiate the asserted Disputed Claims. The Debtors therefore dispute that any liability exists. *See* Local Rule 3007-1(c)(vi). A list of the Disputed Claims is attached hereto as **Schedule 1**. Accordingly, the Disputed Claims should be reduced to $1.00 solely for voting purposes.

**Basis for Relief**

14. Section 1126(a) of the Bankruptcy Code provides that only holders of allowed claims or interests may vote to accept or reject a plan, and "[a] creditor whose claim is objected to is therefore disenfranchised from voting on the plan unless the objection is adjudicated prior to

plan voting" or the Court allows the claimant to vote through some other mechanism. *In re Romacorp, Inc.*, No. 05-86818, 2006 WL 6544089, at *3 (Bankr. N.D. Tex. Feb. 24, 2006) (quoting *In re Stone Hedge Props.*, 191 B.R. 59, 63 (Bankr. M.D. Pa. 1995)).

15.     Bankruptcy Rule 3018(a) expressly permits estimation of claims for plan voting purposes and provides that "[n]otwithstanding [an] objection to a claim or interest, the court after notice and hearing may temporarily allow a claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." While "neither the Bankruptcy Code nor the Bankruptcy Rules provide guidance" with respect to temporary allowance of claims for voting purposes, the touchstone of "any estimation should [be to] ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Pacific Sunwear of California, Inc.*, No. 16-10882 (LSS), 2016 WL 4250681, at *3 (Bankr. D. Del. Aug. 8, 2016) (quoting *In re Quigley Co.*, 346 B.R. 647, 653-54 (Bankr. S.D.N.Y. 2006); *accord Pension Benefit Guaranty Corp., v. Enron Corp.*, 2004 U.S. Dist. LEXIS 21810, *16 (S.D.N.Y. Nov. 1, 2004). Courts enjoy wide discretion to estimate claims, and may use whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy that a reorganization "must be accomplished quickly and efficiently." *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003). Estimation of a claim for plan voting purposes is not a binding legal determination as to the ultimate validity of the amount of a claim, nor a binding determination of a cause of action before a non-bankruptcy court. *See In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (noting the "fundamental" differences between the "adjudication of a claim and its temporary allowance for plan purposes."). In addition to Bankruptcy Rule 3018, section 105(a) of the Bankruptcy Code grants "bankruptcy

courts, as courts of equity have broad authority to modify creditor-debtor relationships." *U.S. v. Energy Resources*, 495 U.S. 545, 549 (1990).

16. For the reasons set forth herein, the Debtors respectfully request that the Court exercise its discretion under the Bankruptcy Code and the Bankruptcy Rules, in accordance with the procedures approved in the Disclosure Statement Order, and enter the Proposed Order modifying or reducing, as applicable, each of the Disputed Claims *solely* for the purpose of voting to accept or reject the Plan (and no other purpose), consistent with the treatment for each Disputed Claim on **Schedule 1.**

### Responses to This Limited Objection

17. Pursuant to the Disclosure Statement Order, if a Claimant seeks to challenge the allowance of its Disputed Claim for voting purposes, such Claimant must file with the Court a motion seeking an order pursuant to Bankruptcy Rule 3018(a) temporary allowing such Claim for voting purposes on or before **March 13, 2025, at 4:00 p.m. (prevailing Eastern Time)**.

### Reservation of Rights

18. Notwithstanding anything to the contrary herein, nothing contained in this Limited Objection or any actions taken pursuant to any order granting the relief requested by this Limited Objection (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular Claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular Claim on any grounds; (c) a promise or requirement to pay any particular Claim; (d) an implication, admission, or finding that any particular Claim is an administrative expense Claim, other priority Claim, or otherwise of a type specified or defined in

this Limited Objection or any order granting the relief requested by this Limited Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's Claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular Claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such Claim.

## Notice

19.     The Debtors will provide notice of this Limited Objection to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; (i) the Claimants; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

Dated: March 6, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone: (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile: (212) 446-4900 |
| Telephone: (302) 571-6600 | Email: joshua.sussberg@kirkland.com |
| Facsimile: (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email: emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

11