# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 28, 2025 at 4:00 p.m. (ET)<br>Hearing Date: N/A |

**SUMMARY OF FIRST MONTHLY FEE STATEMENT OF ASHBY & GEDDES, P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR MICHAEL J. WARTELL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD <u>DECEMBER 19, 2024 THROUGH AND INCLUDING JANUARY 31, 2025</u>**

| Name of Applicant: | Ashby & Geddes, P.A. |
|---|---|
| Authorized to Provide Professional Services to: | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

{02085582;v1 }

| Date of Retention: | January 27, 2025, *nunc pro tunc* to December 19, 2024 |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | December 19, 2024 through and including January 31, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $40,940.00 |
| 80% of Compensation Sought as Actual, Reasonable and Necessary: | $32,752.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $221.90 |

This is a(n) _X_ monthly ____ interim _____ final application. No prior request has been filed with respect to the applicable Fee Period.

### SUMMARY OF BILLING BY PROFESSIONAL
### DECEMBER 19, 2024 THROUGH AND INCLUDING JANUARY 31, 2025

| Name of Professional | Position at Ashby & Geddes and Year of Admission | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael D. DeBaecke (MDD) | Counsel Bankruptcy/Insolvency 1993 | $730 (2024 rate) $760 (2025 rate) | 14.50 (2024) 36.50 (2025) | $10,585.00 (2024) $27,740.00 (2025) |
| Kristy M. Jones (KMJ) | Paralegal | $335 (2024 rate) $345 (2025 rate) | 0.70 (2024) 6.90 (2025) | $234.50 (2024) $2,380.50 (2025) |
| | | TOTAL: | 58.60 | $40,940.00 |
| | | Blended Rate: | | $698.63 |

### SUMMARY OF BILLING BY PROJECT CATEGORY
### DECEMBER 19, 2024 THROUGH AND INCLUDING JANUARY 31, 2025

| Project Category (Task Code) | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition (02) | 2.60 | $1,976.0 |
| Case Administration (07) | 26.40 | $18,419.50 |
| Claims Admin. And Objections (08) | 0.10 | $76.00 |
| Employment and Fee Applications (11) | 26.90 | $18,492.50 |
| Plan and Disclosure Statement (17) | 2.60 | $1,976.00 |
| TOTAL: | 58.60 | $40,940.00 |

**EXPENSE SUMMARY DECEMBER 19, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

| Expense Category | Total Expenses |
|---|---:|
| Costs Advanced (US District Court Pro Hac Vice Fees) | $200.00 |
| Pacer Service (Court On-Line Docket System) | $21.90 |
| **Total:** | **$221.90** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 28, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: N/A** |

**FIRST MONTHLY FEE STATEMENT OF ASHBY & GEDDES, P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR MICHAEL J. WARTELL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD DECEMBER 19, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

Ashby & Geddes, P.A. ("Ashby"), as Delaware special counsel to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards (each, a "Board" and, together, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

{02085582;v1 }

"Boards") of debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining Debtors") in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of Franchise Group, Inc. and certain of its affiliates (collectively, the "Debtors"), hereby submits this first monthly fee statement (the "Monthly Fee Statement") for compensation for professional services rendered and reimbursement of expenses incurred during the period from December 19, 2024 through and including January 31, 2025 (the "Fee Period"). In support of the Monthly Fee Statement, Ashby respectfully states as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

2. The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these Chapter 11 Cases. [Docket No. 188]. No trustee or examiner (other than the Fee Examiner) has been appointed in these Chapter 11 Cases.[2]

3. The Boards determined it was advisable and in the best interests of the Retaining Debtors to appoint Mr. Wartell as Independent Director and sole member of the Conflicts

---

[2] On November 20, 2024, an ad hoc group filed the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192]. The Court entered an order denying that motion on December 18, 2024 [Docket No. 460]. An appeal of that order was filed and is currently pending in the United States District Court for the District of Delaware.

Committees. Mr. Wartell is to perform certain tasks and duties, with the assistance of counsel, as may be amended or expanded from time to time. *See e.g. Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of An Order Authorizing the Employment of Ashby & Geddes, P.A. As Delaware Special Counsel on Behalf and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 19, 2024* [Docket No.703] (the "Ashby Employment Application"), at ¶6.

4. On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

5. On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order"), appointing Direct Fee Review LLC (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. The terms and conditions of the Interim Compensation Order shall not be modified by the Fee Examiner Order, except that not later than three (3) business days after the filing of a monthly fee application, an Estate Retained Professional shall send to the Fee Examiner via electronic mail such application and any time entries and the expense detail filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable Fee Detail. If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professional shall cooperate in good faith to agree on an appropriate electronic format.

7. On January 9, 2025, the Independent Director filed the Ashby Employment Application. The Employment Application was approved by order entered on January 27, 2025. [Docket No. 845] (the "Ashby Employment Order").

## JURISDICTION, VENUE, AND STANDING

8. This Court has jurisdiction to consider the Monthly Fee Statement pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b) and Ashby confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Monthly Fee Application to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases and other authority for the relief requested herein include Bankruptcy Code sections 105, 330, and 331, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Ashby Employment Order.

## RELIEF REQUESTED

10. By this Monthly Fee Statement, and in accordance with the terms and provisions of the Interim Compensation Order, Ashby requests (i) allowance of compensation as an administrative expense in the amount of $40,940.00 for reasonable and necessary professional services rendered, (ii) timely payment of monthly interim compensation in the amount of $32,752.00 (80% of $40,940.00), and (iii) timely reimbursement of the reasonable costs and expenses incurred during the Fee Period in the amount of $221.90.

    a.    **Compensation Requested for Services Rendered**

11. During the Fee Period, Ashby complied with its duties and responsibilities as Delaware special counsel to the Independent Director. This work included, among other necessary legal services, the following:

   a. communications with the Independent Director's lead counsel (the law firm of Akin Gump Strauss Hauer & Feld LLP, hereafter "<u>Akin</u>") regarding the status of the Chapter 11 Cases and anticipated scope of duties and responsibilities of the Independent Director and his respective counsel;

   b. review of certain non-public documents in connection with the Independent Director's investigation and related duties and responsibilities;

   c. monitor, review, and analyze the bankruptcy case docket and certain selected prior filings made in the Chapter 11 Cases for actual or potential relevance to the Independent Director's ongoing investigation and duties, including without limitation filings in connection with the Debtors' filed proposed plan and disclosure statement (as amended, from time to time), filings related to discovery requests and responses between and among parties in the Chapter 11 Cases, and filings in connection with scheduled Court hearings;

   d. communications with Akin and perform research and provide responses to questions posed in connection therewith;

   e. communications with counsel for other major parties in the Chapter 11 Cases, including Delaware counsel for Debtors;

   f. attendance with co-counsel at the January 21 hearing and January 31 status conference held by the Court; and

   g. perform required tasks associated with the (i) drafting and preparation of the respective employment application papers necessary for Akin and Ashby to obtain Court approval of their employment as counsel for the Independent Director and (ii) initial preparation of Ashby's first monthly fee statement.

12. Ashby maintains written records for the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Independent Director. A detailed description of services rendered during the Fee Period is attached hereto as **Exhibit A**. Such records were made contemporaneously with the rendition of services by the applicable timekeepers and in the ordinary course of Ashby's practice. Ashby submits the services were

reasonable, actual, and necessary, and are presented in a form consistent with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "Guidelines").

### b. Reimbursement for Costs and Expenses Incurred

13. By this Monthly Statement, Ashby seeks reimbursement of actual, reasonable, and necessary costs and expenses in the amount of $221.90 that were incurred during the Fee Period.[3] Most of those costs correspond to the fees necessary to be paid in connection with filed *pro hac vice* motions for co-counsel representing the Independent Director in these Chapter 11 Cases. A summary of the actual and necessary expenses incurred by Ashby for the Fee Period is attached hereto as part of **Exhibit A.**

### VALUATION OF SERVICES

14. Ashby's professionals expended 58.60 hours of service in connection with representation of the Independent Director during the Fee Period. *See* **Exhibit A**.

15. Ashby's hourly rates charged for this matter during the 2024 portion of the Fee Period are the same regular hourly rates in effect for the respective Ashby timekeepers as of January 1, 2024. Ashby's hourly rates charged for this matter during the 2025 portion of the Fee Period are the same regular hourly rates in effect for the respective Ashby timekeepers as of January 1, 2025. The reasonable corresponding value of the services rendered by Ashby during the Fee Period is $40,940.00.

16. Ashby submits the time entries attached hereto as **Exhibit A** are in compliance with the requirements of Local Rule 2016-2. In accordance with section 330 of the Bankruptcy Code, the amount requested by this Monthly Fee Statement is fair and reasonable given the complexities

---

[3] Ashby reserves the right to seek by future application its reimbursement for any additional costs and expenses incurred during the Fee Period but that have not yet been reflected in an Ashby fee statement.

of these Chapter 11 Cases, the time expended, the nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under Chapter 11.

## CERTIFICATE OF COMPLIANCE AND WAIVER

17. The undersigned counsel certifies that he has reviewed the requirements of Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order, and that the Monthly Fee Statement and supporting materials substantially comply with such rule and orders. To the extent it is found otherwise, Ashby submits any such deviations would not be material and respectfully requests that any such Local Rule or order requirements be waived or modified, as deemed appropriate and necessary.

## NOTICE AND NO PRIOR REQUEST

18. Pursuant to the Interim Compensation Order, copies of this Monthly Fee Statement have been provided to respective counsel for the identified service parties, including the Fee Examiner. In addition, notice of this Monthly Fee Statement will be provided via ECF notifications to all parties receiving such notifications in these Chapter 11 Cases. In light of the nature of the relief requested and the provisions of the Interim Compensation Order, Ashby submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made to the Court or to any other court.

WHEREFORE Ashby respectfully requests that the Monthly Fee Statement be approved, that it receive monthly interim payment and reimbursement pursuant to the terms and provisions of the Interim Compensation Order, and such other and further relief as deemed just and proper.

Dated: March 7, 2025
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

<u>/s/ Michael D. DeBaecke</u>
Michael D. DeBaecke (No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

*Special Delaware Counsel on behalf of and at the sole direction of Michael J. Wartell as the Independent Director and sole member of the Conflicts Committee of the Board of each of the Retaining Debtors*