## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

### [PROPOSED] ORDER GRANTING FIFTH & ALTON (EDENS) LLC'S MOTION FOR THE ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND RELATED RELIEF

Upon consideration of *Fifth & Alton (Edens) LLC's Motion (I) for the Allowance and Payment of Administrative Expense Claim; (II) to Compel Tenant Debtor to Provide Adequate Assurance of Future Performance Under the Lease; (III) to Compel the Cure Of Nonmonetary Defaults Under the Lease; and (IV) to Establish an April 4, 2025 Deadline for the Debtors to Assume or Reject the Lease* (the "Motion")[1] filed by Fifth & Alton (Edens) LLC ("Landlord") for (1) allowance and payment of an administrative expense claim (the "Landlord Administrative Expense Claim") pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code; (2) to compel Debtors to provide adequate assurance of future performance; and (3) to establish a deadline of April 4, 2025 to reject or assume the Lease and Relocation Agreement; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate and sufficient notice of the Motion having been provided; and after due deliberation and sufficient cause

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

00674935

appearing therefor, it is hereby **ORDERED**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to 11 U.S.C. § 503(b) the Landlord Administrative Expense Claim is approved and allowed in the amount of $45,439.03 for Rent at the Relocation Premises during the months of January, February, and March, 2025.

3.      The Debtors shall pay the Landlord Administrative Expense Claim within ten (10) business days from the entry of this Order.

4.      The Tenant Debtor shall continue to pay Rent on the Original Premises until such time that the Debtors have vacated the Original Premises.

5.      The Tenant Debtor shall continue to pay Rent on the Relocation Premises.

6.      On or before April 4, 2025, the Debtors or any assignees shall provide adequate assurance of future performance under the Lease and Relocation Agreement, including the Debtors' or their assignee's ability to cure all pecuniary losses arising from the Debtors' performance or default under the Lease and Relocation Agreement.

7.      Any assumption of the Lease and Relocation Agreement shall require the cure of all monetary and nonmonetary defaults under the Lease and Relocation Agreement, including but not limited to any pecuniary losses caused by the Debtors' failure to vacate the Original Premises or timely and diligently pursue permitting with the City of Miami Beach.

8.      The Debtors shall have until April 4, 2025 to assume or rejection the Lease and Relocation Agreement, subject to the terms of this Order.

9.      Nothing in this Order shall prejudice the rights of Landlord to seek additional relief or assert further claims related to the matters set forth in the Motion or any other matter.

10.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.