**IM IIN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**AFFIDAVIT OF SERVICE**

I, Amy Castillo, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On February 26, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail and Email on the Freedom Lenders Service List attached hereto as **Exhibit A**:

- Debtors' First Set of Interrogatories Irradiant Partners LP, a copy of which is attached hereto as **Exhibit B**

- Debtors' First Set of Interrogatories to Pacific Investment Management Company LLC, a copy of which is attached hereto as **Exhibit C**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), B. Riley Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

- Debtors' First Set of Requests for Production to Irradiant Partners LP, a copy of which is attached hereto as **Exhibit D**

- Debtors' First Set of Requests for Production to Pacific Investment Management Company LLC, a copy of which is attached hereto as **Exhibit E**

On February 26, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served by the method set forth on the Fee Application Service List attached hereto as **Exhibit F**:

- Monthly Fee Application of Kroll Restructuring Administration LLC, Administrative Advisor to the Debtors, for Compensation for Services and Reimbursement of Expenses for the Period from November 3, 2024 through January 31, 2025 [Docket No. 1031]

Dated: March 10, 2025

*/s/ Amy Castillo*
Amy Castillo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on March 10, 2025, by Amy Castillo, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

*/s/ OLEG BITMAN*
Notary Public, State of New York
No. 01BI6339574
Qualified in New York County
Commission Expires April 4, 2028

SRF 86397

**Exhibit A**

Exhibit A

Freedom Lenders Service List

Served via First Class Mail and Email

| NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | EMAIL |
|---|---|---|---|---|---|---|---|
| Counsel to the Second Lien Secured Parties; HoldCo Lenders, Ad Hoc Group of Freedom Lenders | White & Case LLP | Attn: Thomas Lauria | 200 South Biscayne Boulevard, Suite 4900 | Miami | FL | 33131 | tlauria@whitecase.com |
| Counsel to Ad Hoc Group of Freedom Lenders | White & Case LLP | Attn: J. Christopher Shore, Samuel P. Hershey, Andrew Zatz, Erin Smith, Brett Bakemeyer | 1221 Avenue of the Americas | New York | NY | 10020-1095 | cshore@whitecase.com sam.hershey@whitecase.com azatz@whitecase.com erin.smith@whitecase.com brett.bakemeyer@whitecase.com |

**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FIRST SET OF INTERROGATORIES
## IRRADIANT PARTNERS LP

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014 the Debtors hereby serve the following interrogatories upon Irradiant Partners LP ("Irradiant Partners") to be answered under oath within 14 days after service. To the extent Irradiant Partners objects to providing responses to any of these interrogatories, the Debtors request a prompt meet and confer.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

### Definitions

1.      "Chapter 11 Cases" means the voluntary Chapter 11 cases commenced on the Petition Date by the Debtors in the United States Bankruptcy Court for the District of Delaware.

2.      "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the internet.

3.      "Collateral" means any and all assets, whether real or personal, tangible or intangible, on which Liens are purported to be granted pursuant to the Security Documents as security for the Secured Obligations.

4.      "Credit Agreement" means the Second Lien Credit Agreement dated as of March 10, 2021 as amended, restated, supplemented, or otherwise modified.

5.      "Debtors" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC, American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC, Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner,

LLC, Vitamin Shoppe Procurement Services, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC, PSP Service Newco, LLC, WNW Franchising , LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

6.      "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced. The term "document" includes, without limitation, communications. A draft, version, or non-identical copy is a separate document within the meaning of this term.

7.      "Effective Date" means the date specified by the Debtors in a notice filed with the Bankruptcy Court as the date on which this Plan shall take effect, which date shall be the first Business Day on which all of the conditions set forth in Section 11.2 of Plan have been satisfied or waived and no stay of the Confirmation Order is in effect.

8.      "HoldCo Debtors" means Freedom VCM, Inc. and Freedom VCM Interco, Inc.

9.      "HoldCo Lenders" means beneficial holders of, or investment advisors, sub-advisors or managers of discretionary funds, accounts or sub-accounts that beneficially hold, Prepetition HoldCo Loan Claims.

10.      "Identify" means: (i) as to a Person, to state the full name, present business address, and present or last known position in business for any Person or Persons involved in or with knowledge of the activity, event, or act; (ii) as to a Communication, to state the type of Communication (e.g., oral, written, electronic, etc.), the date and substance  of such

Communication; or (iii) as to an activity, event, or act, to provide a description of the act or event, including the place, date, and time of its occurrence, and the Person and/or Entities engaged in the activity, event, act.

11.     "Irradiant Partners" means any current and former affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, assigns, partners, principals, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and any other Persons or Entities acting on their behalf and under their control, both individually and collectively.

12.     "Lien" means, with respect to any asset, (any mortgage, deed of trust, lien, pledge, hypothecation, encumbrance, charge, or security interest in, on or of such asset, and (b) the interest of a vendor or lessor under any conditional sale agreement, ground lease, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the forgoing) relating to such asset.

13.     "OpCo 1L Lenders" means lenders under the OpCo Loan Parties' first lien term loan facility.

14.     "OpCo 2L Lenders" means lenders under the OpCo Loan Parties' second lien term loan facility.

15.     "OpCo Debtors" means Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, and Franchise Group NewCo Intermediate AF, LLC.

16.     "Person" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such person's behalf.

17.    "Petition Date" means November 3, 2024.

18.    "Plan" means the *Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [D.I. 150].

19.    "Prepetition Debt" means the liabilities incurred as of the Petition Date as described in the *Affidavit/Declaration in Support of First Day Motion Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 15].

20.    "Prepetition HoldCo Loan Claims" has the meaning specified in Article 1 of the Plan.

21.    "Secured Obligations" has the meaning specified in Section 1.01 of the Credit Agreement.

22.    "Security Documents" has the meaning specified in Section 1.01 of the Credit Agreement.

23.    "Take-Private Transaction" means the transaction whereby the Debtors were sold to TopCo and its subsidiaries pursuant to the Agreement and Plan of Merger dated May 10, 2023.

24.    "You" or "Your" means Irradiant Partners.


*[Remainder of page intentionally left blank]*

**Instructions**

1.      Each interrogatory shall be answered completely, separately, and fully. If You object to any portion of any interrogatory, identify the portion to which You object and respond to the remainder. When an interrogatory has several parts, answer each part separately.

2.      Restate each interrogatory in full before each response.

3.      Information sought by these interrogatories shall include information possessed or known by any of Your agents, employees, attorneys, investigators, family members, or any other Person(s), firm(s), or entity(ies) directly or indirectly subject to Your control in any way whatsoever.

4.      If any interrogatory is answered by reference to a Document, identify, by production number, the Document containing the requested information.

5.      Unless otherwise specified, the relevant time period for these Requests is the time period(s) in which You claim that defendants engaged in any allegedly unlawful conduct (the "relevant time period") or such other time period as the parties may later agree or the Court determines should apply to the discovery requests in this action.

6.      In the event You assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the unobjectionable portion of the interrogatory should be answered in full.

7.      In answering these interrogatories, You should furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible. When a response is not provided in full, state with particularity the reason or reasons it is not being provided in full and describe with particularity the portion or portions of the response that are being withheld.

32911620.2

6

8.      Whenever necessary to bring within the scope of an interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied: (i) construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive; (ii) construing the singular form of any word to include the plural and the plural form to include the singular; (iii) construing the past tense of the verb to include the present tense and the present tense to include the past tense; (iv) construing the masculine form to include the feminine form; (v) construing negative terms to include the positive and vice versa; and (vi) construing "include" to mean include, "including but not limited to," or including "without limitation."

9.      These Requests are continuing in nature and should be supplemented as required by Federal Rule of Civil Procedure 26(e).


*[Remainder of page intentionally left blank]*

**<u>Interrogatories</u>**

1.        Identify any Persons with knowledge relating to the Take-Private Transaction, the Credit Agreement, the amendments to the Credit Agreement, the Chapter 11 Cases, or Your investment decisions and specify the knowledge possessed by each Person You identify.

2.        Identify the location of any Documents relating to the Take-Private Transaction, the Credit Agreement, the amendments to the Credit Agreement, the Chapter 11 Cases, or Your decisions to invest the Debtors.

3.        Identify and describe all factual and legal bases for the contention that as of the Petition Date the value of the OpCo Debtors exceeded the value of the Prepetition Debt, including what You contend the value of the OpCo Debtors was as of the Petition Date, any Persons involved in any valuations of the OpCo Debtors that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

4.        Identify and describe all factual and legal bases for the contention that as of the Petition Date the OpCo Debtors were solvent, including what You contend the value of the OpCo Debtors' assets was as of the Petition Date, what You contend the value of the OpCo Debtors' liabilities was as of the Petition Date, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

5.        Identify and describe all factual and legal bases for the contention that the value of the Collateral as of the Petition Date was sufficient to repay the Prepetition Debt, including what You contend the value of the Collateral was as of the Petition Date, any Persons involved in any valuations of the Collateral that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

6.      Identify and describe all factual and legal bases for the contention that the value of the Collateral as of the Effective Date is insufficient to repay the Prepetition Debt, including what You contend the value of the Collateral will be as of the Effective Date, any Persons involved in any valuations of the Collateral that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

7.      Identify as of the Petition Date what You contend was the value of the debt held by the OpCo 1L Lenders, the value of the debt held by the OpCo 2L Lenders, and the value of the Collateral, including all factual and legal bases to support such contentions, any Persons involved in any valuations that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

8.      If You contend that as of December 18, 2023 the OpCo Debtors were solvent, identify all the factual and legal bases for such contention, including what You contend the value of the OpCo Debtors' assets was as of December 18, 2023, what You contend the value of the OpCo Debtors' liabilities was as of December 18, 2023, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

9.      If You contend that as of August 19, 2024 the OpCo Debtors were solvent, identify all the factual and legal bases for such contention, including what You contend the value of the OpCo Debtors' assets was as of August 19, 2024, what You contend the value of the OpCo Debtors' liabilities was as of August 19, 2024, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

10.     If You contend that the Debtors' pre-petition and/or post-petition sale process failed to identify market interest or was otherwise flawed, identify all the factual and legal bases for such contention.

11.     Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Credit Agreement.

12.     Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Fourth Amendment to the Credit Agreement.

13.     Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Fifth Amendment to the Credit Agreement.

14.     If You contend that the Take-Private Transaction gives rise to any claims or causes of action, identify all the factual and legal bases for such contention.

15.     Identify why You decided to finance the Take-Private Transaction.

16.     Identify how structure of the Take-Private Transaction was determined.

17.     If You contend that You possess any claims or causes of action against the 1L OpCo Lenders, identify and describe all factual and legal bases for such contention.

18.     If You contend that You possess any claims or causes of action against any of the Debtors' directors or officers, identify and describe all factual and legal bases for such contention.

19.     Identify any dividends, distributions, or other payments made by any of the Debtors to You, including the value and date of such dividends, distributions, or payments.

20.     Identify all opportunities presented to You to invest in, provide capital to, or recapitalize any of the any of the Debtors, including when these opportunities were presented, whether You participated in such opportunities, and if You did not, all reasons why You did not participate in such opportunities.

21.     Identify all consideration You received relating to Redding Ridge Asset Management's acquisition of You, including the terms of the acquisition, whether Redding Ridge Asset Management ascribed any value to Your investment in the Debtors, whether Redding Ridge Asset Management received an indemnity with respect to Your investment in the Debtors or any claims or causes of action relating thereto, the structure of the acquisition, and any Persons involved in the acquisition.

[*Remainder of page intentionally left blank*]

Dated: February 26, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com

*Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              ngreenblatt@kirkland.com
              derek.hunter@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Exhibit C**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' FIRST SET OF INTERROGATORIES TO
## PACIFIC INVESTMENT MANAGEMENT COMPANY LLC

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014 the Debtors hereby serve the following interrogatories upon Pacific Investment Management Company LLC ("PIMCO") to be answered under oath within 14 days after service. To the extent PIMCO objects to providing responses to any of these interrogatories, the Debtors request a prompt meet and confer.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

## Definitions

1.      "Chapter 11 Cases" means the voluntary Chapter 11 cases commenced on the Petition Date by the Debtors in the United States Bankruptcy Court for the District of Delaware.

2.      "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the internet.

3.      "Collateral" means any and all assets, whether real or personal, tangible or intangible, on which Liens are purported to be granted pursuant to the Security Documents as security for the Secured Obligations.

4.      "Credit Agreement" means the Second Lien Credit Agreement dated as of March 10, 2021 as amended, restated, supplemented, or otherwise modified.

5.      "Debtors" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC, American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC, Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner,

LLC, Vitamin Shoppe Procurement Services, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC, PSP Service Newco, LLC, WNW Franchising , LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

6.      "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced. The term "document" includes, without limitation, communications. A draft, version, or non-identical copy is a separate document within the meaning of this term.

7.      "Effective Date" means the date specified by the Debtors in a notice filed with the Bankruptcy Court as the date on which this Plan shall take effect, which date shall be the first Business Day on which all of the conditions set forth in Section 11.2 of Plan have been satisfied or waived and no stay of the Confirmation Order is in effect.

8.      "HoldCo Debtors" means Freedom VCM, Inc. and Freedom VCM Interco, Inc.

9.      "HoldCo Lenders" means beneficial holders of, or investment advisors, sub-advisors or managers of discretionary funds, accounts or sub-accounts that beneficially hold, Prepetition HoldCo Loan Claims.

10.      "Identify" means: (i) as to a Person, to state the full name, present business address, and present or last known position in business for any Person or Persons involved in or with knowledge of the activity, event, or act; (ii) as to a Communication, to state the type of Communication (e.g., oral, written, electronic, etc.), the date and substance  of such

Communication; or (iii) as to an activity, event, or act, to provide a description of the act or event, including the place, date, and time of its occurrence, and the Person and/or Entities engaged in the activity, event, act.

11.     "Lien" means, with respect to any asset, (any mortgage, deed of trust, lien, pledge, hypothecation, encumbrance, charge, or security interest in, on or of such asset, and (b) the interest of a vendor or lessor under any conditional sale agreement, ground lease, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the forgoing) relating to such asset.

12.     "OpCo 1L Lenders" means lenders under the OpCo Loan Parties' first lien term loan facility.

13.     "OpCo 2L Lenders" means lenders under the OpCo Loan Parties' second lien term loan facility.

14.     "OpCo Debtors" means Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, and Franchise Group NewCo Intermediate AF, LLC.

15.     "Person" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such person's behalf.

16.     "Petition Date" means November 3, 2024.

17.     "PIMCO" means any current and former affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, assigns, partners, principals, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and

attorneys therefor, and any other Persons or Entities acting on their behalf and under their control, both individually and collectively.

18. "Plan" means the *Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [D.I. 150].

19. "Prepetition Debt" means the liabilities incurred as of the Petition Date as described in the *Affidavit/Declaration in Support of First Day Motion Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 15].

20. "Prepetition HoldCo Loan Claims" has the meaning specified in Article 1 of the Plan.

21. "Secured Obligations" has the meaning specified in Section 1.01 of the Credit Agreement.

22. "Security Documents" has the meaning specified in Section 1.01 of the Credit Agreement.

23. "Take-Private Transaction" means the transaction whereby the Debtors were sold to TopCo and its subsidiaries pursuant to the Agreement and Plan of Merger dated May 10, 2023.

24. "You" or "Your" means PIMCO.

*[Remainder of page intentionally left blank]*

## **Instructions**

1.      Each interrogatory shall be answered completely, separately, and fully. If You object to any portion of any interrogatory, identify the portion to which You object and respond to the remainder. When an interrogatory has several parts, answer each part separately.

2.      Restate each interrogatory in full before each response.

3.      Information sought by these interrogatories shall include information possessed or known by any of Your agents, employees, attorneys, investigators, family members, or any other Person(s), firm(s), or entity(ies) directly or indirectly subject to Your control in any way whatsoever.

4.      If any interrogatory is answered by reference to a Document, Identify, by production number, the Document containing the requested information.

5.      Unless otherwise specified, the relevant time period for these Requests is the time period(s) in which You claim that defendants engaged in any allegedly unlawful conduct (the "relevant time period") or such other time period as the parties may later agree or the Court determines should apply to the discovery requests in this action.

6.      In the event You assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the unobjectionable portion of the interrogatory should be answered in full.

7.      In answering these interrogatories, You should furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible. When a response is not provided in full, state with particularity the reason or reasons it is not being provided in full and describe with particularity the portion or portions of the response that are being withheld.

8.      Whenever necessary to bring within the scope of an interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied: (i) construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive; (ii) construing the singular form of any word to include the plural and the plural form to include the singular; (iii) construing the past tense of the verb to include the present tense and the present tense to include the past tense; (iv) construing the masculine form to include the feminine form; (v) construing negative terms to include the positive and vice versa; and (vi) construing "include" to mean include, "including but not limited to," or including "without limitation."

9.      These Requests are continuing in nature and should be supplemented as required by Federal Rule of Civil Procedure 26(e).

*[Remainder of page intentionally left blank]*

**<u>Interrogatories</u>**

1.      Identify any Persons with knowledge relating to the Take-Private Transaction, the Credit Agreement, the amendments to the Credit Agreement, the Chapter 11 Cases, or Your investment decisions and specify the knowledge possessed by each Person You identify.

2.      Identify the location of any Documents relating to the Take-Private Transaction, the Credit Agreement, the amendments to the Credit Agreement, the Chapter 11 Cases, or Your decisions to invest the Debtors.

3.      Identify and describe all factual and legal bases for the contention that as of the Petition Date the value of the OpCo Debtors exceeded the value of the Prepetition Debt, including what You contend the value of the OpCo Debtors was as of the Petition Date, any Persons involved in any valuations of the OpCo Debtors that You or Your advisors performed, the dates of any such valuations,  and the information and documents relied upon in conducting any such valuations.

4.      Identify and describe all factual and legal bases for the contention that as of the Petition Date the OpCo Debtors were solvent, including what You contend the value of the OpCo Debtors' assets was as of the Petition Date, what You contend the value of the OpCo Debtors' liabilities was as of the Petition Date, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

5.      Identify and describe all factual and legal bases for the contention that the value of the Collateral as of the Petition Date was sufficient to repay the Prepetition Debt, including what You contend the value of the Collateral was as of the Petition Date, any Persons involved in any valuations of the Collateral that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

6.      Identify and describe all factual and legal bases for the contention that the value of the Collateral as of the Effective Date is insufficient to repay the Prepetition Debt, including what You contend the value of the Collateral will be as of the Effective Date, any Persons involved in any valuations of the Collateral that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

7.      Identify as of the Petition Date what You contend was the value of the debt held by the OpCo 1L Lenders, the value of the debt held by the OpCo 2L Lenders, and the value of the Collateral, including all factual and legal bases to support such contentions, any Persons involved in any valuations that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

8.      If You contend that as of December 18, 2023 the OpCo Debtors were solvent, identify all the factual and legal bases for such contention, including what You contend the value of the OpCo Debtors' assets was as of December 18, 2023, what You contend the value of the OpCo Debtors' liabilities was as of December 18, 2023, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

9.      If You contend that as of August 19, 2024 the OpCo Debtors were solvent, identify all the factual and legal bases for such contention, including what You contend the value of the OpCo Debtors' assets was as of August 19, 2024, what You contend the value of the OpCo Debtors' liabilities was as of August 19, 2024, any Persons involved in any valuations of the OpCo Debtors' assets and liabilities that You or Your advisors performed, the dates of any such valuations, and the information and documents relied upon in conducting any such valuations.

10.    If You contend that the Debtors' pre-petition and/or post-petition sale process failed to identify market interest or was otherwise flawed, identify all the factual and legal bases for such contention.

11.    Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Credit Agreement.

12.    Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Fourth Amendment to the Credit Agreement.

13.    Identify the value that You received and the value that the HoldCo or OpCo Debtors received in connection with the entry into the Fifth Amendment to the Credit Agreement.

14.    If You contend that the Take-Private Transaction gives rise to any claims or causes of action, identify all the factual and legal bases for such contention.

15.    Identify why You decided to finance the Take-Private Transaction.

16.    Identify how the structure of the Take-Private Transaction was determined.

17.    If You contend that You possess any claims or causes of action against the 1L OpCo Lenders, identify and describe all factual and legal bases for such contention.

18.    If You contend that You possess any claims or causes of action against any of the Debtors' directors or officers, identify and describe all factual and legal bases for such contention.

19.    Identify any dividends, distributions, or other payments made by any of the Debtors to You, including the value and date of such dividends, distributions, or payments.

20.    Identify all opportunities presented to You to invest in, provide capital to, or recapitalize any of the any of the Debtors, including when these opportunities were presented, whether You participated in such opportunities, and if You did not, all reasons why You did not participate in such opportunities.

Dated: February 26, 2025
Wilmington, Delaware

/s/ Allison S. Mielke
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              ngreenblatt@kirkland.com
              derek.hunter@kirkland.com


*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit D**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION TO IRRADIANT PARTNERS LP

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014 the Debtors hereby request that Irradiant Partners LP ("Irradiant Partners") respond to and produce for inspection and copying all documents called for by the following requests for production (the "Requests") at the office of Young Conaway Stargatt & Taylor LLP, 1000 North King Street, Wilmington, Delaware 19801 within 14 days after service.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

To the extent that Irradiant Partners objects to any of the Requests, the Debtors request a prompt meet and confer.

## Definitions

1.      "Chapter 11 Cases" means the voluntary Chapter 11 cases commenced on the Petition Date by the Debtors in the United States Bankruptcy Court for the District of Delaware.

2.      "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the internet.

3.      "Collateral" means any and all assets, whether real or personal, tangible or intangible, on which Liens are purported to be granted pursuant to the Security Documents as security for the Secured Obligations.

4.      "Credit Agreement" means the Second Lien Credit Agreement dated as of March 10, 2021 as amended, restated, supplemented, or otherwise modified.

5.      "Debtors" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC, American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC,

Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner, LLC, Vitamin Shoppe Procurement Services, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC, PSP Service Newco, LLC, WNW Franchising, LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

6.      "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced. The term "document" includes, without limitation, communications. A draft, version, or non-identical copy is a separate document within the meaning of this term.

7.      "Effective Date" means the date specified by the Debtors in a notice filed with the Bankruptcy Court as the date on which this Plan shall take effect, which date shall be the first Business Day on which all of the conditions set forth in Section 11.2 of Plan have been satisfied or waived and no stay of the Confirmation Order is in effect.

8.      "HoldCo Debtors" means Freedom VCM, Inc. and Freedom VCM Interco, Inc.

9.      "HoldCo Lenders" means beneficial holders of, or investment advisors, sub-advisors or managers of discretionary funds, accounts or sub-accounts that beneficially hold, Prepetition HoldCo Loan Claims.

10.      "Irradiant Partners" means any current and former affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, assigns, partners, principals,

officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and any other Persons or Entities acting on their behalf and under their control, both individually and collectively.

11. "Lien" means, with respect to any asset, (any mortgage, deed of trust, lien, pledge, hypothecation, encumbrance, charge, or security interest in, on or of such asset, and (b) the interest of a vendor or lessor under any conditional sale agreement, ground lease, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the forgoing) relating to such asset.

12. "Motion for Adequate Protection" means the *Motion of OpCo 2L Agent and Ad Hoc Group of Second Lien Lenders for Allowance of a Superpriority Administrative Expense Claim Filed by Ad Hoc Group of Freedom Lenders* [D.I. 978].

13. "OpCo 1L Lenders" means lenders under the OpCo Loan Parties' first lien term loan facility.

14. "OpCo Debtors" means Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, and Franchise Group NewCo Intermediate AF, LLC.

15. "Person" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such person's behalf.

16. "Petition Date" means November 3, 2024.

17. "Plan" means the *Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [D.I. 150].

18.    "Prepetition HoldCo Loan Claims" has the meaning specified in Article 1 of the Plan.

19.    "Secured Obligations" has the meaning specified in Section 1.01 of the Credit Agreement.

20.    "Security Documents" has the meaning specified in Section 1.01 of the Credit Agreement.

21.    "Take-Private Transaction" means the transaction whereby the Debtors were sold to TopCo and its subsidiaries pursuant to the Agreement and Plan of Merger dated May 10, 2023.

22.    "You" or "Your" means Irradiant Partners.

*[Remainder of page intentionally left blank]*

**Instructions**

1.      Each Request shall be answered completely, separately, and fully.

2.      Unless otherwise specified, the relevant time period for these Requests is the time period(s) in which You claim that defendants engaged in any allegedly unlawful conduct (the "relevant time period") or such other time period as the parties may later agree or the Court determines should apply to the discovery Requests in this action.

3.      In responding to these Requests, You shall produce all information and responsive documents that are in Your possession, custody, or control. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4.      All documents are to be produced in electronic form. All documents except spreadsheet and presentation files (such as Excel and PowerPoint files) should be produced in single page tagged image file format (TIFF), together with any related field-delimited loadfiles (e.g., Concordance DAT, CSV, OPT, LOG). The following fields should be included in the loadfiles: begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; document date (for non-email messages and those collected in hard copy); date sent (for email messages); date modified (for non-email messages); to (for email messages); from (for email messages); cc (for email messages); bcc (for email messages); subject (for email messages); filename (for electronically collected files); filepathway (for electronically collected files); text (extracted from electronically collected files, including email, and OCR'd for documents collected in hard copy); and confidentiality designation. All spreadsheet and presentation files, such as Excel and PowerPoint files, should be provided in native format with a link to the native file in the loadfile. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

5.     If You object to any part of a Request, You shall set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6.     If You withhold any document responsive to these Requests under a claim of privilege, You shall, for each such withheld document, provide a description of the document and statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit the Debtors and the Court to evaluate the claim(s) of privilege. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

7.     For purposes of interpreting these Requests, all terms should be given their most expansive and inclusive interpretation. This includes the following: (i) construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive; (ii) construing the singular form of any word to include the plural and the plural form to include the singular; (iii) construing the past tense of the verb to include the present tense and the present tense to include the past tense; (iv) construing the masculine form to include the feminine form; (v) construing negative terms to include the positive and vice versa; and (vi) construing "include" to mean include, "including but not limited to," or including "without limitation."

8.     These Requests are continuing in nature and should be supplemented as required by Federal Rule of Civil Procedure 26(e).

*[Remainder of page intentionally left blank]*

**Requests for Production**

1.      All Documents and Communications relating to the value of the Debtors as of the Petition Date, including any valuations that You or Your advisors performed.

2.       All Documents and Communications relating to valuation of the Debtors as of the Effective Date, including any valuations that You or Your advisors performed.

3.      All Documents and Communications relating to the solvency of the Debtors as of the Take-Private Transaction, including any solvency analyses that You or Your advisors performed.

4.      All Documents and Communications relating to the solvency of the Debtors as of December 18, 2023, including any solvency analyses that You or Your advisors performed.

5.      All Documents and Communications relating to the solvency of the Debtors as of August 19, 2024, including any solvency analyses that You or Your advisors performed.

6.      All Documents and Communications relating to the solvency of the Debtors as of the Petition Date, including any solvency analyses that You or Your advisors performed.

7.      All Documents and Communications relating to value of the Collateral as of the Petition Date, including any valuations that You or Your advisors performed.

8.      All Documents and Communications relating to value of the Collateral as of the Effective Date, including any valuations that You or Your advisors performed.

9.      All Documents and Communications relating to the value of Your investments in either the HoldCo Debtors or the OpCo Debtors, including all documents reflecting any markdowns of Your investments.

10.     All Documents and Communications relating to the Take-Private Transaction, including any Documents and Communications relating to negotiations and the structuring of the

Take-Private Transaction and Your decision to participate in the Take-Private Transaction as a HoldCo Lender.

11.     All Documents and Communications relating to any alternative transactions available to the Franchise Group at the time of the Take-Private Transaction, including the terms, negotiation, and structuring of any such alternative transactions.

12.     All Documents and Communications relating to the negotiation of the Credit Agreement.

13.     All Documents and Communications relating to the negotiation of the Fourth Amendment to the Credit Agreement, including all Documents and Communications relating to Your decision to consent to the Fourth Amendment and the consideration that You received in connection with such consent.

14.     All Documents and Communications relating to the negotiation of the Fifth Amendment to the Credit Agreement, including all Documents and Communications relating to Your decision to consent to the Fifth Amendment and the consideration that You received in connection with such consent.

15.     All Documents and Communications relating to any claims or causes of action that You contend exist against OpCo or any of the OpCo 1L Lenders.

16.     All Documents and Communications relating to any claims or causes of action that You contend exist against the Debtors' current or former directors or officers.

17.     All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any party at the OpCo Debtors.

18.     All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any party at the HoldCo Debtors.

19.    All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any of the Debtors' affiliates.

20.    All Documents and Communications relating to any dividends, distributions, or payments made by any of the Debtors to the You.

21.    All Documents and Communications relating to opportunities to invest in, provide capital to, or participate in a recapitalization of any of the Debtors, including all diligence materials that You received from any of the Debtors and all analyses that You performed.

22.    All Documents and Communications relating to any decisions not to invest in, provide capital to or, or recapitalize any of the Debtors.

23.    All Documents and Communications prepared for, presented to, or considered by Your investment committee or any similar governing body that decides how You deploy capital or invest in any of the Debtors.

24.    All Documents and Communications relating to Redding Ridge Asset Management's acquisition of You, including the terms of the acquisition, whether Redding Ridge Asset Management ascribed any value to Your investment in the Debtors, whether Redding Ridge Asset Management received an indemnity with respect to Your investment in the Debtors or any claims or causes of action relating thereto, the structure of the acquisition, and any Persons involved in the acquisition.

25.    All Documents and Communications that You intend to rely upon or introduce in support of the Motion for Adequate Protection.

26.    All Documents and Communications that You intend to rely upon or introduce at the Confirmation Hearing.

Dated: February 26, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com


*Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              ngreenblatt@kirkland.com
              derek.hunter@kirkland.com


*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Exhibit E**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION TO
## PACIFIC INVESTMENT MANAGEMENT COMPANY LLC

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014 the Debtors hereby request that Pacific Investment Management Company LLC ("PIMCO") respond to and produce for inspection and copying all documents called for by the following requests for production (the "Requests") at the office of Young Conaway Stargatt & Taylor LLP, 1000 North King Street, Wilmington, Delaware 19801 within

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

14 days after service. To the extent that PIMCO objects to any of the Requests, the Debtors request a prompt meet and confer.

### Definitions

1.    "Chapter 11 Cases" means the voluntary Chapter 11 cases commenced on the Petition Date by the Debtors in the United States Bankruptcy Court for the District of Delaware.

2.    "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the internet.

3.    "Collateral" means any and all assets, whether real or personal, tangible or intangible, on which Liens are purported to be granted pursuant to the Security Documents as security for the Secured Obligations.

4.    "Credit Agreement" means the Second Lien Credit Agreement dated as of March 10, 2021 as amended, restated, supplemented, or otherwise modified.

5.    "Debtors" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC, American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC,

2

Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner, LLC, Vitamin Shoppe Procurement Services, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC, PSP Service Newco, LLC, WNW Franchising, LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

6.      "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced. The term "document" includes, without limitation, communications. A draft, version, or non-identical copy is a separate document within the meaning of this term.

7.      "Effective Date" means the date specified by the Debtors in a notice filed with the Bankruptcy Court as the date on which this Plan shall take effect, which date shall be the first Business Day on which all of the conditions set forth in Section 11.2 of Plan have been satisfied or waived and no stay of the Confirmation Order is in effect.

8.      "HoldCo Debtors" means Freedom VCM, Inc. and Freedom VCM Interco, Inc.

9.      "HoldCo Lenders" means beneficial holders of, or investment advisors, sub-advisors or managers of discretionary funds, accounts or sub-accounts that beneficially hold, Prepetition HoldCo Loan Claims.

10.      "Lien" means, with respect to any asset, (any mortgage, deed of trust, lien, pledge, hypothecation, encumbrance, charge, or security interest in, on or of such asset, and (b) the interest

of a vendor or lessor under any conditional sale agreement, ground lease, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the forgoing) relating to such asset.

11. "Motion for Adequate Protection" means the *Motion of OpCo 2L Agent and Ad Hoc Group of Second Lien Lenders for Allowance of a Superpriority Administrative Expense Claim Filed by Ad Hoc Group of Freedom Lenders* [D.I. 978].

12. "OpCo 1L Lenders" means lenders under the OpCo Loan Parties' first lien term loan facility.

13. "OpCo Debtors" means Franchise Group Inc., Franchise Group NewCo PSP, LLC, Valor Acquisition, LLC, and Franchise Group NewCo Intermediate AF, LLC.

14. "Person" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such person's behalf.

15. "Petition Date" means November 3, 2024.

16. "PIMCO" means any current and former affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, assigns, partners, principals, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and any other Persons or Entities acting on their behalf and under their control, both individually and collectively.

17. "Plan" means the *Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [D.I. 150].

18. "Prepetition HoldCo Loan Claims" has the meaning specified in Article 1 of the

Plan.

19.    "Secured Obligations" has the meaning specified in Section 1.01 of the Credit Agreement.

20.    "Security Documents" has the meaning specified in Section 1.01 of the Credit Agreement.

21.    "Take-Private Transaction" means the transaction whereby the Debtors were sold to TopCo and its subsidiaries pursuant to the Agreement and Plan of Merger dated May 10, 2023.

22.    "You" or "Your" means PIMCO.

[*Remainder of page intentionally left blank*]

**<u>Instructions</u>**

1.       Each Request shall be answered completely, separately, and fully.

2.       Unless otherwise specified, the relevant time period for these Requests is the time period(s) in which You claim that defendants engaged in any allegedly unlawful conduct (the "relevant time period") or such other time period as the parties may later agree or the Court determines should apply to the discovery Requests in this action.

3.       In responding to these Requests, You shall produce all information and responsive documents that are in Your possession, custody, or control. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4.       All documents are to be produced in electronic form. All documents except spreadsheet and presentation files (such as Excel and PowerPoint files) should be produced in single page tagged image file format (TIFF), together with any related field-delimited loadfiles (e.g., Concordance DAT, CSV, OPT, LOG). The following fields should be included in the loadfiles: begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; document date (for non-email messages and those collected in hard copy); date sent (for email messages); date modified (for non-email messages); to (for email messages); from (for email messages); cc (for email messages); bcc (for email messages); subject (for email messages); filename (for electronically collected files); filepathway (for electronically collected files); text (extracted from electronically collected files, including email, and OCR'd for documents collected in hard copy); and confidentiality designation. All spreadsheet and presentation files, such as Excel and PowerPoint files, should be provided in native format with a link to the native file in the loadfile. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

5.     If You object to any part of a Request, You shall set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6.     If You withhold any document responsive to these Requests under a claim of privilege, You shall, for each such withheld document, provide a description of the document and statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit the Debtors and the Court to evaluate the claim(s) of privilege. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

7.     For purposes of interpreting these Requests, all terms should be given their most expansive and inclusive interpretation. This includes the following: (i) construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive; (ii) construing the singular form of any word to include the plural and the plural form to include the singular; (iii) construing the past tense of the verb to include the present tense and the present tense to include the past tense; (iv) construing the masculine form to include the feminine form; (v) construing negative terms to include the positive and vice versa; and (vi) construing "include" to mean include, "including but not limited to," or including "without limitation."

8.     These Requests are continuing in nature and should be supplemented as required by Federal Rule of Civil Procedure 26(e).

*[Remainder of page intentionally left blank]*

## Requests for Production

1.      All Documents and Communications relating to the value of the Debtors as of the Petition Date, including any valuations that You or Your advisors performed.

2.      All Documents and Communications relating to valuation of the Debtors as of the Effective Date, including any valuations that You or Your advisors performed.

3.      All Documents and Communications relating to the solvency of the Debtors as of the Take-Private Transaction, including any solvency analyses that You or Your advisors performed.

4.      All Documents and Communications relating to the solvency of the Debtors as of December 18, 2023, including any solvency analyses that You or Your advisors performed.

5.      All Documents and Communications relating to the solvency of the Debtors as of August 19, 2024, including any solvency analyses that You or Your advisors performed.

6.      All Documents and Communications relating to the solvency of the Debtors as of the Petition Date, including any solvency analyses that You or Your advisors performed.

7.      All Documents and Communications relating to value of the Collateral as of the Petition Date, including any valuations that You or Your advisors performed.

8.      All Documents and Communications relating to value of the Collateral as of the Effective Date, including any valuations that You or Your advisors performed.

9.      All Documents and Communications relating to the value of Your investments in either the HoldCo Debtors or the OpCo Debtors, including all documents reflecting any markdowns of Your investments.

10.     All Documents and Communications relating to the Take-Private Transaction, including any Documents and Communications relating to negotiations and the structuring of the

Take-Private Transaction and Your decision to participate in the Take-Private Transaction as a HoldCo Lender.

11.    All Documents and Communications relating to any alternative transactions available to the Franchise Group at the time of the Take-Private Transaction, including the terms, negotiation, and structuring of any such alternative transactions.

12.    All Documents and Communications relating to the negotiation of the Credit Agreement.

13.    All Documents and Communications relating to the negotiation of the Fourth Amendment to the Credit Agreement, including all Documents and Communications relating to Your decision to consent to the Fourth Amendment and the consideration that You received in connection with such consent.

14.    All Documents and Communications relating to the negotiation of the Fifth Amendment to the Credit Agreement, including all Documents and Communications relating to Your decision to consent to the Fifth Amendment and the consideration that You received in connection with such consent.

15.    All Documents and Communications relating to any claims or causes of action that You contend exist against OpCo or any of the OpCo 1L Lenders.

16.    All Documents and Communications relating to any claims or causes of action that You contend exist against the Debtors' current or former directors or officers.

17.    All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any party at the OpCo Debtors.

18.    All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any party at the HoldCo Debtors.

19.     All Documents and Communications regarding any claims or causes of action that You contend the Debtors have against any of the Debtors' affiliates.

20.     All Documents and Communications relating to any dividends, distributions, or payments made by any of the Debtors to the You.

21.     All Documents and Communications relating to opportunities to invest in, provide capital to, or participate in a recapitalization of any of the Debtors, including all diligence materials that You received from any of the Debtors and all analyses that You performed.

22.     All Documents and Communications relating to any decisions not to invest in, provide capital to or, or recapitalize any of the Debtors.

23.     All Documents and Communications prepared for, presented to, or considered by Your investment committee or any similar governing body that decides how You deploy capital or invest in any of the Debtors.

24.     All Documents and Communications relating to Redding Ridge Asset Management's acquisition of You, including the terms of the acquisition, whether Redding Ridge Asset Management ascribed any value to Your investment in the Debtors, whether Redding Ridge Asset Management received an indemnity with respect to Your investment in the Debtors or any claims or causes of action relating thereto, the structure of the acquisition, and any Persons involved in the acquisition.

25.     All Documents and Communications that You intend to rely upon or introduce in support of the Motion for Adequate Protection.

26.     All Documents and Communications that You intend to rely upon or introduce at the Confirmation Hearing.

Dated: February 26, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:    (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:    (212) 446-4900 |
| Telephone:    (302) 571-6600 | Email:    jsussberg@kirkland.com |
| Facsimile:    (302) 571-1253 |     ngreenblatt@kirkland.com |
| Email:    emorton@ycst.com |     derek.hunter@kirkland.com |
|     mlunn@ycst.com | |
|     amielke@ycst.com | |
|     sborovinskaya@ycst.com | |

<table>
<tr><td>*Co-Counsel to the Debtors*<br>*and Debtors in Possession*</td><td>*Proposed Co-Counsel to the Debtors*<br>*and Debtors in Possession*</td></tr>
</table>

**Exhibit F**

Exhibit F
Fee Application Service List
Served as set forth below

| NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | EMAIL | METHOD OF SERVICE |
|---|---|---|---|---|---|---|---|---|
| Kirkland & Ellis LLP | Attn: Joshua A. Sussberg, P.C., Nicole L. Greenblatt, P.C., Derek I. Hunter | | | | | | joshua.sussberg@kirkland.com nicole.greenblatt@kirkland.com derek.hunter@kirkland.com | Email |
| Kirkland & Ellis LLP | Attn: Mark McKane, P.C. | | | | | | mark.mckane@kirkland.com | Email |
| Landis Rath & Cobb LLP | Attn: Adam G. Landis, Matt McGuire, Elizabeth Rogers | 919 Market Street Suite 1800 | P.O. Box 2087 | Wilmington | DE | 19801 | landis@lrclaw.com mcguire@lrclaw.com erogers@lrclaw.com | First Class Mail and Email |
| Latham & Watkins LLP | Attn: Jennifer Ezring, James Ktsanes, Andrew Sorkin | 1271 Avenue of the Americas | | New York | NY | 10020 | Jennifer.Ezring@lw.com James.Ktsanes@lw.com andrew.sorkin@lw.com | First Class Mail and Email |
| Office of the United States Trustee for the District of Delaware | Attn: Timothy J. Fox, Esq | | | | | | timothy.fox@usdoj.gov | Email |
| Pachulski Stang Ziehl & Jones LLP | Attn: Bradford J. Sandler, Colin R. Robinson | | | | | | bsandler@pszjlaw.com crobinson@pszjlaw.com | Email |
| Pachulski Stang Ziehl & Jones LLP | Attn: Robert J. Feinstein, Alan J. Kornfeld, Theodore S. Heckel | | | | | | rfeinstein@pszjlaw.com akornfeld@pszjlaw.com theckel@pszjlaw.com | Email |
| Paul Hastings LLP | Attn: Jayme Goldstein, Jeremy Evans, Isaac Sasson, Daniel Fliman | 200 Park Avenue | | New York | NY | 10166 | jaymegoldstein@paulhastings.com jeremyevans@paulhastings.com isaacsasson@paulhastings.com danfliman@paulhastings.com | First Class Mail and Email |
| Seward & Kissel LLP | Attn: Gregg Bateman, Sagar Patel, Michael Danenberg, John R. Ashmead, Gregg S. Bateman, Andrew J. Matott | One Battery Park Plaza | | New York | NY | 10004 | bateman@sewkis.com patel@sewkis.com danenberg@sewkis.com ashmead@sewkis.com bateman@sewkis.com matott@sewkis.com | First Class Mail and Email |
| White & Case LLP | Attn: Thomas Lauria | 200 South Biscayne Boulevard, Suite 4900 | | Miami | FL | 33131 | tlauria@whitecase.com | First Class Mail and Email |
| White & Case LLP | Attn: Bojan Guzina | 111 S. Wacker Dr., Suite 5100 | | Chicago | IL | 60606 | bojan.guzina@whitecase.com | First Class Mail and Email |
| Willkie Farr & Gallagher LLP | Attn: Debra M. Sinclair, Matthew A. Feldman, Betsy L. Feldman, Joseph R. Brandt | | | | | | dsinclair@willkie.com mfeldman@willkie.com bfeldman@willkie.com jbrandt@willkie.com | Email |
| Young Conaway Stargatt & Taylor, LLP | Attn: Edmon L. Morton, Matthew B. Lunn, Allison S. Mielke, Shella Borovinskaya | | | | | | emorton@ycst.com mlunn@ycst.com amielke@ycst.com sborovinskaya@ycst.com | Email |