**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF 400 SUCCESS, LLC BY ITS RECEIVER, CBRE, INC. FOR PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3) and 503(b)(1)**

**CBRE, INC. ("CBRE")** as the court appointed receiver of **400 SUCCESS, LLC ("Success")**, by and through its counsel, hereby moves (the "**Motion**") this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), allowing and directing payment of an administrative expense claim in accordance with sections 365(d)(3) and 503(b)(1)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

4925-0735-0823, v. 2

of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") for unpaid post-petition rent and related obligations owed by Debtors.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in this Motion are sections 365(d)(3), 503(b), and 1112(b) of the Bankruptcy Code.

4. CBRE on behalf of Success confirms its consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. CBRE is the Court-appointed receiver concerning the property located at 400 Plaza Drive, Secaucus, New Jersey, Block 227, Lot 7.02 (the "**Property**") and was appointed in the foreclosure action *Deutsche Bank Trust Company Americas, et al. v. 400 Success LLC*, Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. SWC-F-4068-24. A copy of the Consent Order for Appointment of Rent Receiver is attached as **Exhibit B.**

6. Vitamin Shoppe Industries LLC (formerly known was Vitamin Shoppe Industries Inc., "**Vitamin Shoppe**" or the "**Debtor**") entered into a lease with Success on November 6, 2017, as amended by the First Amendment dated November 28, 2023, and the Second Amendment dated

May 31, 2024 (collectively, the "**Lease**") in connection with the Property. Under the Lease, Success was the Landlord and Vitamin Shoppe was the Tenant.

7. On November 3, 2024 (the **"Petition Date"**), Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court, as part of the jointly administered case, thereby commencing these Chapter 11 cases (the "**Chapter 11 Cases**").

8. On November 29, 2024, the Debtors filed a motion to reject certain unexpired leases, including the Lease. [Dkt. No. 271]

9. On December 16, 2024, this Court entered an order approving the rejection for the Lease effective as of November 30, 2024 (the "**Rejection Date**"). [Dkt. No. 446]

10. Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11. From the Petition Date until the Rejection Date, Vitamin Shoppe continued to occupy and receive benefits from the use of the Property. However, Debtors have failed to make payments under the Lease for that period.

12. The monthly base rent under the Lease is $62,275.00 plus additional amounts due under the Lease.

13. Debtors have not paid rent under the Lease for the period from the Petition Date through Rejection Date, in the amount of $58,123.33 ("**Post Petition Rent**").

14. The failure of the Debtors to pay post-petition rent compels CBRE, on behalf of Success, to file this Motion. Accordingly, the Debtors currently owe no less than $58,123.33 from the Petition Date through the Rejection Date.

**LEGAL ARGUMENT**

**I.    CBRE, on behalf of Success, is Entitled to the Immediate Payment of the Post-Petition Rent under § 365(d)(3)**

1. From the Petition Date through the Rejection Date, the Debtors enjoyed the use and benefit of the Property. Therefore, CBRE, as the receiver for Success, is entitled to immediate payment of all outstanding Post-Petition Rent, including late fees, and any other obligations under the Lease.

2. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

11 U.S.C. § 365(d)(3).

3. The Third Circuit has made it clear that § 365(d)(3) requires performance of a lease in accordance with its terms until the lease is assumed or rejected. See *In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001)*:

> The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms. To be consistent with this intent, any interpretation must look to the terms of the lease to determine both the nature of the "obligation" and when it "arises."

*Id.* at 209.

4. "Obligation" means: "[i]n the context of a lease contract, …. that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform." *In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001)*. Applying Section 365(d)(3) to the commercial lease, an obligation arises when the legally enforceable duty to perform arises under the lease. *Id.* at 205.

5. Accordingly, section 365(d)(3) requires a debtor to pay lease obligations as they come due, thereby balancing the debtor's decision to retain the leasehold, and the captive landlord's inability to evict the debtor during the section 365(d)(4) period. *Id.* at 209 (holding that Congress, in adopting § 365(d)(3), intended a debtor to perform all leasehold obligations as they came due).

6. This ensures that landlords are not forced to provide post-petition services without receiving timely payment, preventing the situation where landlords would have to wait until confirmation of a plan to seek administrative expense treatment. See *CIT Commc'ns Fin. Corp. v. Midway Airlines Corp.* (*In re Midway Airlines Corp.*), 406 F.3d 229, 234 (4th Cir.2005).

7. Here, Debtors failed to comply with section 365(d)(3) by not paying CBRE, as the receiver for Success, the Post-Petition Rent due under the Lease. This is the involuntary creditor situation that section 365(d)(3) was intended to prevent. Thus, CBRE, on behalf of Success, respectfully requests an order compelling the Debtors to make immediate payment of the Post-Petition Rent.

### II.  **CBRE, as receiver for Success, is Entitled to an Administrative Expense Claim for Post-Petition Rent under § 503(b)(1)**

8. Even if Debtors failed to satisfy their obligations under § 365(d)(3), CBRE, as receiver for Success, is still entitled to an administrative expense claim under § 503(b)(1) for unpaid Post-Petition Rent and related charges.

9. Section 503(b)(1) provides that administrative expenses include: "the actual, necessary costs and expenses of preserving the estate…"11 U.S.C. § 503(b)(1)(A).

10. The Third Circuit has long recognized that if a debtor continues to use leased premises post-petition, a landlord is entitled to an administrative expense claim for the reasonable

value of that use and occupancy. See *In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 670 (D. Del. 2009) (confirming that § 365(d)(3) does not preclude landlords from also seeking an administrative expense claim under § 503(b)(1)).

11. Additionally, under *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), a debtor-in-possession must pay for the reasonable value of services received during bankruptcy, even under a rejected lease. Courts have consistently held that rent owed for the period in which a debtor continues to use the property post-petition is an actual and necessary cost of preserving the estate. See *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999); *Matter of H.L.S. Energy Co., Inc.*, 151 F.3d 434, 437 (5th Cir. 1998).

12. Here, the Debtors occupied and used the Property post-petition until the Rejection Date. This continued use conferred a tangible benefit upon the estate, satisfying the actual and necessary requirement of § 503(b)(1). Therefore, CBRE, as receiver for Success, is entitled to an administrative expense claim for all unpaid post-petition rent, charges, and related fees from the Petition Date through the Rejection Date.

## **CONCLUSION**

**WHEREFORE,** the CBRE, on behalf of Success, respectfully requests that the Court enter an order:

(a) Directing the Debtors to immediately pay all outstanding amounts due and owing to the CBRE, as the receiver for Success, including the payment of Post-Petition Rent, late fees, and any other obligations provided for in the Lease;

(b) Authorizing immediate payment of allowed administrative claim; and

(c) Granting such other and further relief to CBRE on behalf of Success as is just and proper.

4925-0735-0823, v. 2

Dated: March 14, 2025

                                        */s/ Jeffrey Rosenthal*
                                        Jeffrey M. Rosenthal
Ann S. Lee
**MANDELBAUM BARRETT PC**
3 Becker Farm Road Suite 105
Roseland, NJ 07068
Phone: (973)-396-8378
Email: jrosenthal@mblawfirm.com
        alee@mblawfirm.com

*Counsel for CBRE, Inc.*