**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC. et al.,[1] | Case No. 24-12480 (LSS) |
| *Debtors*. | (Jointly Administered) |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45(a)(4), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9016, notice is hereby given that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel, intend to serve the subpoena, attached hereto as **Exhibit A**, on Evercore Group LLC.

[*signature page follows*]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

32975178.1

Dated: March 14, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|---|---|
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:  (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:   (212) 446-4900 |
| Telephone:  (302) 571-6600 | Email:  joshua.sussberg@kirkland.com |
| Facsimile:   (302) 571-1253 |  nicole.greenblatt@kirkland.com |
| Email:  emorton@ycst.com |  derek.hunter@kirkland.com |
|  mlunn@ycst.com |  |
|  amielke@ycst.com |  |
|  sborovinskaya@ycst.com |  |

*Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT

for the District of ____Delaware_____

In re ____Franchise Group, Inc., et al._____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____24-12480 (LSS)_____

Chapter ___11_____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: ____Evercore Group LLC_____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 601 Lexington Ave., New York, New York 10022 | April 3, 2025 |

The deposition will be recorded by this method: Audio, video, and/or steongraphic means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Schedule B attached hereto. The date, time, and place for production is March 24, 2025, at 10:00 a.m. (ET), at the office of Young Conaway Stargatt & Taylor LLP, 1000 North King Street, Wilmington, Delaware 19801.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 14, 2025__

CLERK OF COURT

OR

_____     /s/ Michael S. Neiburg_____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Franchise Group, Inc. *et al.*, who issues or requests this subpoena, are: Michael S. Neiburg, Young Conaway Stargatt & Taylor, LLP, 1000 N King Street, Wilmington DE 19801; mneiburg@ycst.com; 302-571-6600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **SCHEDULE A**

## Definitions

For the purposes of these Topics, the following Definitions shall apply:[1]

1. "**Bankruptcy Code**" means Title 11 of the United States Code, as amended.

2. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

3. "**Collateral**" means any and all assets, whether real or personal, tangible or intangible, on which Liens are purported to be granted pursuant to the Security Documents as security for the Secured Obligations.

4. "**Concerning**," "**regarding**," "**in connection with**," "**relating to**," and/or "**referring to**" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

5. "**Credit Agreement**" means the *Second Lien Credit Agreement* dated as of March 10, 2021, as amended, restated, supplemented, or otherwise modified.

6. "**Debtors**" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC,

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015].

American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC, Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC, PSP Service Newco, LLC, WNW Franchising , LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

7. "**Including**" means "including, without limitation" or "including, but not limited to."

8. "**Lien**" means, with respect to any asset, (any mortgage, deed of trust, lien, pledge, hypothecation, encumbrance, charge, or security interest in, on or of such asset, and (b) the interest of a vendor or lessor under any conditional sale agreement, ground lease, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the forgoing) relating to such asset.

9. "**Petition Date**" means November 3, 2024.

10. "**Security Documents**" has the meaning specified in Section 1.01 of the Credit Agreement.

11. "**Secured Obligations**" has the meaning specified in Section 1.01 of the Credit Agreement.

12. "**Topic**" refers to each subject matter identified to be examined, and is intended to encompass all relevant facts, documents, communications, policies, procedures, and practices within the knowledge or possession of your designated representative, who must be prepared to testify on behalf of the organization regarding the full scope of the Topic, including but not limited to its history, implementation, and any related actions taken by the entity.

13. "**You**" and "**Your**" means Evercore Group LLC.

[*Remainder of page intentionally left blank*]

## **Instructions**

The preceding Definitions apply to each of the following Instructions:

1. Pursuant to Rule 30(b)(6) of the Federal Rules and Rule 7030 of the Bankruptcy Rules, you shall designate one or more officers, directors, managing agents, or other persons who are knowledgeable and who consent to testify on your behalf with respect to the following Topics. The person(s) so designated shall testify as to information known or reasonably available to you regarding the Topics. If no single witness is capable of testifying knowledgeably about all of the Topics listed, you may designate more than one witness.

2. Each of the Definitions and Instructions applies to each Topic.

3. Each and every reference to a person, without any limitation, (a) shall be deemed to include that person's agents, attorneys, and any other person who acted on that person's behalf; and (b) with respect to fictious persons, shall be deemed to include each and all of its affiliates, divisions, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted on its behalf.

4. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive, and the present tense shall include the past tense and the past tense shall include the present tense.

[*Remainder of page intentionally left blank*]

**Topics of Examination**

1. Your valuations or any views on valuation (including the valuations of any of your advisors), from 2023 to the present, of (i) any or all of the Debtors, (ii) any or all of the Debtors' assets, and (iii) any or all of the Debtors' current or former business units.

2. The value of the Collateral as of the Petition Date.

3. The solvency of the Debtors, both before and after the Petition Date.

4. Your decision not to invest in or acquire any of the Debtors prior to the Petition Date.

[*Remainder of page intentionally left blank*]

# **SCHEDULE B**

32975563.1

**Definitions**

For the purposes of these Topics, the following Definitions shall apply:[2]

1. "**Communication**" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, text message, instant message, social media, and the internet.

2. "**Debtors**" means the following entities Franchise Group, Inc., Freedom VCM Holdings, LLC, Freedom VCM Interco Holdings, Inc., Freedom Receivables II, LLC, Freedom VCM Receivables, Inc., Freedom VCM Interco, Inc., Freedom VCM, Inc, Franchise Group New Holdco, LLC, American Freight FFO, LLC, Franchise Group Acquisition TM, LLC, Franchise Group Intermediate Holdco, LLC, Franchise Group Intermediate L, LLC, Franchise Group Newco Intermediate AF, LLC, American Freight Group, LLC, American Freight Holdings, LLC, American Freight, LLC, American Freight Management Company, LLC, Franchise Group Intermediate S, LLC, Franchise Group Newco S, LLC, American Freight Franchising, LLC, Home & Appliance Outlet, LLC, American Freight Outlet Stores, LLC, American Freight Franchisor, LLC, Franchise Group Intermediate B, LLC, Buddy's Newco, LLC, Buddy's Franchising and Licensing LLC, Franchise Group Intermediate V, LLC, Franchise Group Newco V, LLC, Franchise Group Intermediate BHF, LLC, Franchise Group Newco BHF, LLC, Valor Acquisition, LLC, Vitamin Shoppe Industries LLC, Vitamin Shoppe Global, LLC, Vitamin Shoppe Mariner, LLC, Vitamin Shoppe Procurement Services, LLC, Vitamin Shoppe Franchising, LLC, Vitamin Shoppe Florida, LLC, Betancourt Sports Nutrition, LLC, Franchise Group Intermediate PSP, LLC, Franchise Group Newco PSP, LLC, PSP Midco, LLC, Pet Supplies "Plus", LLC, PSP Group, LLC,

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015].

PSP Service Newco, LLC, WNW Franchising , LLC, WNW Stores, LLC, PSP Stores, LLC, PSP Franchising, LLC, PSP Subco, LLC, PSP Distribution, LLC, Franchise Group Intermediate SL, LLC, Franchise Group Newco SL, LLC, and Educate, Inc.

3. "**Document**" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced. The term "document" includes, without limitation, communications. A draft, version, or non-identical copy is a separate document within the meaning of this term.

4. "**Evercore**" means any current and former affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, assigns, partners, principals, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and any other Persons or Entities acting on their behalf and under their control, both individually and collectively.

5. "**Freedom Group Lenders**" means Pacific Investment Management Company LLC and Irradiant Partners LP.

6. "**Person**" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such person's behalf.

7. "**You**" or "**Your**" means Evercore Group LLC.

*[Remainder of page intentionally left blank]*

**Instructions**

1. Each Request shall be answered completely, separately, and fully.

2. Unless otherwise specified, the relevant time period for these Requests is the time period(s) in which You advised the Freedom Group Lenders as to their investment, financing, or structuring of a transaction with the Debtors.

3. In responding to these Requests, You shall produce all information and responsive documents that are in Your possession, custody, or control. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4. All documents are to be produced in electronic form. All documents except spreadsheet and presentation files (such as Excel and PowerPoint files) should be produced in single page tagged image file format (TIFF), together with any related field-delimited loadfiles (e.g., Concordance DAT, CSV, OPT, LOG). The following fields should be included in the loadfiles: begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; document date (for non-email messages and those collected in hard copy); date sent (for email messages); date modified (for non-email messages); to (for email messages); from (for email messages); cc (for email messages); bcc (for email messages); subject (for email messages); filename (for electronically collected files); filepathway (for electronically collected files); text (extracted from electronically collected files, including email, and OCR'd for documents collected in hard copy); and confidentiality designation. All spreadsheet and presentation files, such as Excel and PowerPoint files, should be provided in native format with a link to the native file in the loadfile. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

5.      If You object to any part of a Request, You shall set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6.      If You withhold any document responsive to these Requests under a claim of privilege, You shall, for each such withheld document, provide a description of the document and statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit the Debtors and the Court to evaluate the claim(s) of privilege. To the extent there is any inconsistency between these instructions and the ESI protocol in this case, the ESI protocol will control.

7.      For purposes of interpreting these Requests, all terms should be given their most expansive and inclusive interpretation. This includes the following: (i) construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive; (ii) construing the singular form of any word to include the plural and the plural form to include the singular; (iii) construing the past tense of the verb to include the present tense and the present tense to include the past tense; (iv) construing the masculine form to include the feminine form; (v) construing negative terms to include the positive and vice versa; and (vi) construing "include" to mean include, "including but not limited to," or including "without limitation."

8.      These Requests are continuing in nature and should be supplemented as required by Federal Rule of Civil Procedure 26(e) and 34.

[*Remainder of page intentionally left blank*]

**Requests for Production**

1. Documents and Communications relating to actual or proposed transactions involving the Debtors.

2. Documents and Communications relating to the financial condition of the Debtors.

3. Documents and Communications reflecting any views You or the Freedom Group Lenders expressed as to the value of (i) any or all of the Debtors, (ii) the Collateral, (iii) any or all of the Debtors' assets, and (iii) any or all of the Debtors' current or former business units.

*[Remainder of page intentionally left blank]*