## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:  April 7, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date:  TBD** |

### SUMMARY OF FIRST INTERIM
### FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL CO-COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, FOR THE PERIOD <u>FROM DECEMBER 9, 2024 THROUGH AND INCLUDING JANUARY 31, 2025</u>

| | |
|---|---|
| Name of Applicant: | <u>Akin Gump Strauss Hauer & Feld LLP ("Akin")[2]</u> |
| Authorized to Provide Professional Services to: | Michael J. Wartell, in his capacity <u>as Independent Director to each of the Retaining Debtors</u> |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]  Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms herein or in the Akin Retention Application (as defined herein).

| | |
|---|---|
| Date of Retention: | Effective as of December 9, 2024 by order signed January 27, 2025 |
| Period for which Compensation and Reimbursement Is Sought: | December 9, 2024 through and including January 31, 2025[3] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $2,867,401.00[4] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $111,706.42[5] |

This is a(n) _____ monthly ___X___ interim _____ final application.

---

[3]  Akin reserves the right to include any time expended in the Compensation Period in future application(s) if it is not included herein.

[4]  This amount reflects a voluntary fee reduction of $185,095.50, including all fees incurred by professionals and paraprofessionals who provided fewer than 5 hours of services during the Compensation Period, as well as certain other voluntary reductions.  Such fees are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees in its interim or final fee applications.  For the avoidance of doubt, the foregoing fee reductions are purely voluntary and not based on any determination that such fees are not appropriate or compensable.

[5]  This amount reflects a reduction of $2,080.60 in expenses incurred during the Compensation Period, including reductions required pursuant to Local Bankruptcy Rule 2016-1(e)(iii), if any.  Such expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such expenses in its interim or final fee applications.

Summary of monthly fee applications for the Compensation Period (which are incorporated herein by reference):

| Date Filed Docket No. | Period Covered | Requested | | Approved To Date | | 20% Holdback Requested | Total Fees Requested |
|---|---|---|---|---|---|---|---|
| | | Fees (80%) | Expenses (100%) | Fees (80%) | Expenses (100%) | | |
| 3/7/25 [Docket No. 1064] | 12/9/2024 – 12/31/2024 | $666,731.20 | $708.34 | Pending | Pending | $166,682.80 | $833,414.00 |
| 3/17/25 [Docket No. 1124] | 1/1/2025 – 1/31/2025 | $1,627,189.60 | $110,998.08 | Pending | Pending | $406,797.40 | $2,033,987.00 |
| **Totals** | | **$2,293,920.80** | **$111,706.42** | **Pending** | **Pending** | **$573,480.20** | **$2,867,401.00** |

**COMPENSATION BY PROFESSIONAL FOR THE COMPENSATION PERIOD
DECEMBER 9, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

| Partners | Department | Office | Year of Admission | 2024 Rate[6] | 2025 Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|---|
| Marty L. Brimmage Jr. | Litigation | DA | 1995 | $2,195.00 | $2,495.00 | 53.10 | $126,754.50 |
| Brad M. Kahn | Financial Restructuring | NY | 2008 | $1,975.00 | $2,495.00 | 77.30 | $172,791.50 |
| Stephen Kuhn | Corporate | NY | 1991 | $2,195.00 | $2,495.00 | 22.10 | $50,699.50 |
| Avi E. Luft | Financial Restructuring | NY | 2000 | $1,975.00 | $2,250.00 | 135.40 | $291,230.00 |
| Michael S. Stamer | Financial Restructuring | NY | 1989 | $2,195.00 | $2,495.00 | 63.80 | $149,131.00 |
| **Partner Total:** | | | | | | **351.70** | **$790,606.50** |
| **Blended Rate** | | | | | | | **$2,247.96** |
| **Senior Counsel & Counsel** | **Department** | **Office** | **Year of Admission** | **2024 Rate** | **2025 Rate** | **Total Hours** | **Total Compensation** |
| Alexander F. Antypas | Financial Restructuring | DC | 2017 | $1,395.00 | $1,575.00 | 138.50 | $209,263.50 |
| Patrick Glackin | Litigation | NY | 2019 | $1,350.00 | $1,550.00 | 170.30 | $258,565.00 |
| Joanna F. Newdeck | Financial Restructuring | DC | 2005 | $1,650.00 | $1,800.00 | 75.60 | $128,790.00 |
| Patrick O'Brien | Litigation | DA | 2004 | $1,375.00 | $1,495.00 | 106.20 | $157,569.00 |
| Roxanne Tizravesh | Litigation | HO | 2009 | $1,650.00 | $1,725.00 | 234.70 | $401,212.50 |
| **Senior Counsel & Counsel Total:** | | | | | | **725.30** | **$1,155,400.00** |
| **Blended Rate** | | | | | | | **$1,593.00** |
| **Associates** | **Department** | **Office** | **Year of Admission** | **2024 Rate** | **2025 Rate** | **Total Hours** | **Total Compensation** |
| Mona Adabi | Government Contracts | DC | 2019 | $1,200.00 | $1,310.00 | 63.80 | $81,741.00 |
| Paul DaSilva | Litigation | NY | 2024 | | $995.00 | 16.50 | $16,417.50 |
| Talia L. Helfrick | Financial Restructuring | NY | 2023 | $995.00 | $1,195.00 | 262.30 | $293,568.50 |
| Samantha Raggio | Litigation | NY | Not Yet Admitted | $840.00 | $895.00 | 15.40 | $13,783.00 |
| Tate Schneider | Litigation | NY | 2024 | $840.00 | $995.00 | 16.90 | $15,017.50 |
| Alex Stamboulidis | Litigation | NY | Not Yet Admitted | $840.00 | $895.00 | 178.70 | $157,945.50 |

---

[6] If no 2024 rate is shown, the relevant timekeeper did not bill any time to this matter in December 2024.

| Harris Stephens | Litigation | NY | 2024 | $840.00 | $995.00 | 17.00 | $16,915.00 |
| Truman Whitney | Litigation | NY | 2022 | $925.00 | $1,095.00 | 179.50 | $192,047.50 |
| **Associate Total:** | | | | | | **750.10** | **$787,435.50** |
| **Blended Rate** | | | | | | | **$1,049.77** |

| **Paraprofessionals/ Staff Attorneys** | **Department** | **Office** | **Year of Admission** | **2024 Rate** | **2025 Rate** | **Total Hours** | **Total Compensation** |
|---|---|---|---|---|---|---|---|
| Russell Collins | Staff Attorney, Litigation | NY | 1998 | | $850.00 | 21.60 | $18,360.00 |
| Michelle Holness | Litigation | NY | N/A | | $480.00 | 14.80 | $7,104.00 |
| Julie Hunter | Ediscovery | DA | N/A | | $515.00 | 18.20 | $9,373.00 |
| Brenda Kemp | Paralegal, Financial Restructuring | DA | N/A | $530.00 | | 5.30 | $2,809.00 |
| Dagmara Krasa | Paralegal, Financial Restructuring | NY | N/A | $530.00 | | 21.80 | $11,554.00 |
| Amy Laaraj | Paralegal, Financial Restructuring | NY | N/A | $530.00 | $555.00 | 72.20 | $38,676.00 |
| Sean Lay | Ediscovery | DC | N/A | | $475.00 | 19.20 | $9,120.00 |
| Mike Morse | Ediscovery | HO | N/A | 485.00 | $515.00 | 62.70 | $32,029.50 |
| Garrett Smith | Litigation | NY | N/A | | $355.00 | 9.00 | $3,195.00 |
| Manushi Tanna | Paralegal, Financial Restructuring | DC | N/A | $305.00 | | 5.70 | $1,738.50 |
| **Staff Attorney & Paraprofessional Total:** | | | | | | **250.50** | **$133,959.00** |
| **Blended Rate** | | | | | | | **$534.77** |
| **Total Hours / Fees Requested:** | | | | | | **2,077.60** | **$2,867,401.00** |
| **Blended Rate** | | | | | | | **$1,380.15** |

**COMPENSATION BY TASK CODE FOR THE COMPENSATION PERIOD
DECEMBER 9, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

| Task Code | Matter | Hours | Value ($) |
|:---:|:---|---:|---:|
| 2 | Case Administration | 141.30 | $206,720.00 |
| 3 | Akin Gump Fee Application / Monthly Billing Reports | 23.00 | $28,380.50 |
| 6 | Retention of Professionals | 256.20 | $308,408.00 |
| 8 | Hearings and Court Matters /Court Preparation | 66.00 | $118,669.50 |
| 10 | DIP / Cash Collateral / Adequate Protection / Exit Financing | 5.20 | $9,922.00 |
| 20 | Investigation and Discovery Matters | 1,471.90 | $2,026,608.00 |
| 22 | Disclosure Statement / Solicitation / Plan / Confirmation | 62.70 | $83,928.50 |
| 25 | Travel Time | 5.40 | $11,171.00 |
| 28 | Corporate Governance and Board Matters | 15.20 | $33,304.50 |
| 31 | Business Operations | 0.20 | $439.00 |
| 33 | Other Contested Matters | 30.50 | $39,850.00 |
| | **TOTAL:** | **2,077.60** | **$2,867,401.00** |

**EXPENSE SUMMARY FOR THE COMPENSATION PERIOD
DECEMBER 9, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

| Disbursement Activity | Amount ($) |
|---|---|
| Computerized Legal Research - Lexis - In Contract 30% Discount | $4,606.14 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $24,800.48 |
| Computerized Legal Research - Courtlink - In Contract 50% discount | $730.74 |
| Computerized Legal Research - Other | $53.24 |
| Courier Service/Messenger Service - Off Site | $27.80 |
| Court Cost | $622.05 |
| Color Copy | $4,002.36 |
| Duplication - In House | $409.60 |
| Meals - Overtime | $160.00 |
| Meals - Business | $36.29 |
| Professional Fees - Contract Attorneys | $75,883.00 |
| Transcripts | $150.80 |
| Local Transportation - Overtime | $223.92 |
| **TOTAL:** | **$111,706.42** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:  April 7, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date:  TBD** |

**FIRST INTERIM FEE APPLICATION OF
AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL
CO-COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE
INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, FOR THE PERIOD
FROM DECEMBER 9, 2024 THROUGH AND INCLUDING JANUARY 31, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule

2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), the Interim Compensation Order (defined

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

below) and the Fee Examiner Order (defined below), Akin Gump Strauss Hauer & Feld LLP ("Akin"), special co-counsel to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards (each, a "Board" and, together, the "Boards") of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining Debtors"), hereby submits its first interim fee application (the "Application") seeking compensation for professional services and reimbursement of actual and necessary expenses incurred during the period from December 9, 2024 through and including January 31, 2025 (the "Compensation Period").[2]

By this Application, Akin seeks interim approval and allowance of compensation in the amount of $2,867,401.00 and actual and necessary expenses in the amount of $111,706.42 for a total allowance and payment of $2,979,107.42.  In support of this Application, Akin submits the declaration of Michael S. Stamer, a partner at Akin (the "Stamer Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference.  In further support of this Application, Akin respectfully states as follows.[3]

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[2]     The total amount sought for fees and expenses reflects voluntary reductions of $185,095.50 in fees, including all fees incurred by professionals or paraprofessionals who provided fewer than 5 hours of services during the Compensation Period, as well as certain other voluntary fee reductions, and $2,080.60 in expenses.  Such fees and expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees in its interim or final fee applications.  For the avoidance of doubt, the foregoing fee reductions are purely voluntary and not based on any determination that such fees and expenses are not appropriate or compensable.

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1014].

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Akin confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Interim Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-1.

**<u>BACKGROUND</u>**

**A.      The Chapter 11 Cases**

4.      On November 3, 2024 (the "<u>Petition Date</u>"), the above captioned debtors and debtor in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "<u>First Day Declaration</u>"), filed on the Petition Date and incorporated herein by reference.

5.      The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors in these Chapter 11 Cases [Docket No. 188].  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "<u>Interim Compensation Order</u>").

3

7.      On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "<u>Fee Examiner Order</u>").

**B.      Selection and Appointment of the Independent Director and Conflicts Committee**

8.      On December 13, 2024, in response to assertions by certain stakeholders that the interests of the Retaining Debtors were not being independently represented by their existing Boards, the Boards of each of the Retaining Debtors appointed Mr. Wartell as an independent and disinterested director.  Further, the Boards established the Conflicts Committees comprised solely of Mr. Wartell and delegated to Mr. Wartell the authority to investigate all matters relating to any claims, rights, and Causes of Action that may be held by or against the Retaining Debtors.

9.      On January 9, 2025, the Boards clarified the scope of Mr. Wartell's delegation to include the power to investigate claims the Retaining Debtors may have against the directors and officers of the Retaining Debtors, solely in their capacities as such.

10.     On February 14, 2025, the Boards further expanded the scope of Mr. Wartell's delegation to include (a) the power to investigate claims the Retaining Debtors may have against the First Lien Lenders and/or the DIP Lenders, solely in their capacities as such, (b) certain rights, authority, and powers in connection with any matters in which a conflict of interests exists or is reasonably likely to exist between the each of the Retaining Debtors, as applicable, on the one hand, and any related party, on the other hand, as reasonably determined by the Conflicts Committee (each, a "<u>Conflicts Matter</u>"), and (c) to consider, evaluate, and negotiate any strategic transaction or series of strategic transactions for the applicable Retaining Debtors and their stakeholders in connection with these Chapter 11 Cases (a "<u>Transaction</u>") to the extent such Transaction constitutes a Conflicts Matter.  The February 14, 2025 delegation to Mr. Wartell does

not predetermine whether any matter is a Conflicts Matter.  Mr. Wartell has the sole authority to determine whether a matter constitutes a Conflicts Matter, including whether any of the Transactions contemplated under the Plan constitutes a Conflicts Matter.  Such determination is binding on the applicable Retaining Debtor.  To the extent Mr. Wartell determines that a Transaction constitutes a Conflicts Matter, then Mr. Wartell has sole authority to act and bind the applicable Retaining Debtor to the extent of the applicable Conflicts Matter.

**C.      Retention of Akin**

11.      On December 9, 2024, Mr. Wartell, in his capacity as Independent Director, selected Akin as his special counsel, subject to Court approval.

12.      On January 9, 2025, the Retaining Debtors filed the *Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of an Order Authorizing the Employment and Retention of Akin Gump Strauss Hauer & Feld LLP as Special Co-Counsel on Behalf of and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 9, 2024* [Docket No. 702] (the "Akin Retention Application"), which was granted by an order of this Court dated January 27, 2025 [Docket No. 844] (the "Akin Retention Order").

13.      The Akin Retention Order authorizes the Retaining Debtors to compensate and reimburse Akin in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and such other procedures as may be fixed by further order of this Court.

**D.      Monthly Fee Applications During the Compensation Period**

14.      On March 7, 2025, Akin filed and served the *First Monthly Fee Application of Akin Gump Strauss Hauer & Feld LLP as Special Co-Counsel on Behalf of and at the Sole Direction of the Independent Director, Michael J. Wartell, for the Period from December 9, 2024 Through*

*and Including December 31, 2024* [Docket No. 1064] (the "First Monthly Fee Application"), pursuant to which Akin sought payment of (i) $666,731.20 (80% of $833,414.00) as compensation for professional services rendered and (ii) $708.34 for reimbursement of actual and necessary expenses.  The objection deadline for the First Monthly Fee Application is March 28, 2025.

15.    On March 17, 2025, Akin filed and served the *Second Monthly Fee Application of Akin Gump Strauss Hauer & Feld LLP as Special Co-Counsel on Behalf of and at the Sole Direction of the Independent Director, Michael J. Wartell, for the Period from January 1, 2025 Through and Including January 31, 2025* [Docket No. 1124] (the "Second Monthly Fee Application" and, together with the First Monthly Fee Application, the "Monthly Fee Applications"),[4] pursuant to which Akin sought payment of (i) $1,627,189.60 (80% of $2,033,987.00) as compensation for professional services rendered and (ii) $110,998.08 for reimbursement of actual and necessary expenses.  The objection deadline for the Second Monthly Fee Application is April 7, 2025.

## **RELIEF REQUESTED**

16.    Pursuant to the Interim Compensation Order, Akin seeks interim approval and allowance of fees for professional services rendered to the Independent Director and reimbursement of expenses incurred during the Compensation Period, including authorization for the Retaining Debtors to pay such fees and expenses, including the 20% fee holdbacks (the "Holdbacks").

17.    The fees charged by Akin in the Chapter 11 Cases are billed in accordance with Akin's existing billing rates and procedures in effect during the Compensation Period.  The rates Akin charges for the services rendered by its professionals, paraprofessionals and other support

---

[4]    A copy of the Monthly Fee Applications can be accessed on the docket or on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/.

staff in the Chapter 11 Cases are the same rates Akin charges for professional, paraprofessional and other support staff services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the Revised UST Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

18.     Akin maintains computerized records of the time spent by all Akin professionals, paraprofessionals and other support staff in connection with its representation of the Independent Director in these Chapter 11 Cases. A summary of fees incurred by timekeeper is attached hereto as **Exhibit C**, and a summary of fees incurred by task code against budgeted fees and hours is attached hereto in **Exhibit D**. The itemized time records for Akin professionals, paraprofessionals and other support staff performing services for the Independent Director during the Compensation Period have been filed and served with the Monthly Fee Applications in accordance with the Interim Compensation Order.

19.     Akin also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

20.     Akin's budget and staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

### FEES INCURRED DURING THE COMPENSATION PERIOD

21.     Akin requests allowance of interim compensation for professional services rendered to the Independent Director during the Compensation Period in the amount of

$2,867,401.00.  During the Compensation Period, Akin professionals, paraprofessionals and other support staff expended a total of 2,077.60 hours for which compensation is sought.

22.     Professional services rendered by Akin during the Compensation Period have been itemized by each professional, paraprofessional or other support staff as set forth in the detailed invoices attached as exhibits to each Monthly Fee Application.  Such invoices set forth in chronological order the services performed by each Akin timekeeper during the Compensation Period, calculated by tenths of an hour, and categorized by project code, in accordance with the requirements of Local Rule 2016-1 and the Revised UST Guidelines.  In performing services for the Independent Director, Akin took into account both the hourly rate of the attorney providing the services and the relative skill of the particular attorney as it related to the required tasks.  By utilizing those most skilled in a particular area, Akin was able to provide efficient and effective representation to the Independent Director.  The rates set forth in the exhibits to the Monthly Fee Applications reflect Akin's standard hourly rates of compensation for work of this character.

23.     As detailed in the invoices attached to each of the Monthly Fee Statements, during the Compensation Period, Akin represented and assisted the Independent Director with the discharge of his duties and responsibilities, as described in the Akin Retention Application.  This work included, among other things, the following tasks:

a.  Investigating certain potential estate claims and causes of action arising from certain prepetition transactions, in each case, in accordance with the authority delegated to the Independent Director by the Boards;

b.  Preparing document and information requests to parties of interest and correspondence with such parties and their counsel in connection therewith;

c.  Preparing for and conducting witness interviews of parties of interest in

8

connection with the investigation of potential estate claims and causes of action, including one interview during the Compensation Period;

d.  Working extensively with third parties' counsel to resolve disagreements related to discovery;

e.  Conducting research in support of analysis regarding potential claims against subjects of the Independent Director's investigation;

f.  Providing initial presentations to the Independent Director regarding the status of and potential claims in connection with the investigation;

g.  Participating in regularly scheduled and ad hoc meetings, conferences and email correspondence with the Independent Director regarding the status of key matters arising in the Chapter 11 Cases;

h.  Reviewing, analyzing and advising on various bankruptcy court pleadings relevant to the scope of the Independent Director's delegation of authority;

i.  Preparing for, coordinating and attending meetings, calls, and videoconferences both internally and with the Debtors, other parties in interest and each of their advisors regarding the investigation, overall strategy and case status;

j.  Participating in meetings, conferences and email correspondence with the Debtors, other parties in interest and each of their advisors to address key matters arising in the Chapter 11 Cases and to respond to inquiries in connection therewith;

k.  Preparing, reviewing and analyzing materials presented to the HoldCo Boards;

l.  Advising on fiduciary duty issues, preparing for and participating in meetings of the Boards and numerous communications with the Boards and their

9

advisors;

m.  Preparing for and attending four court hearings and a status conference during the Compensation Period; and

n.  Preparing and filing Akin's application for retention as special co-counsel to the Independent Director.

24.   The services provided by Akin during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Independent Director and commensurate with the complexity and significance of the matter and the authority delegated to the Independent Director by the Boards.  Moreover, the variety of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Independent Director's needs required the expenditure of significant time by Akin professionals, paraprofessionals and other support staff from multiple legal disciplines during the Compensation Period.

25.   In accordance with the factors enumerated in Bankruptcy Code section 330, Akin submits that the compensation requested herein is fair and reasonable in light of, among other things, the (i) myriad issues in the Chapter 11 Cases, (ii) time expended, (iii) nature and extent of services rendered, (iv) value of such services, (v) skill and expertise required to assist the Independent Director in addressing the factual and legal issues arising in these Chapter 11 Cases and (vi) costs of comparable services in cases other than cases under this title.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY AKIN

26.   Akin seeks allowance of reimbursement in the amount of $111,706.42 for actual and necessary expenses incurred during the Compensation Period in connection with its representation of the Independent Director.  Akin's disbursement policies pass through all out-of-

pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Akin believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses passed through "at cost" (whether the service is performed by Akin in-house or through a third-party vendor) include facsimiles, deliveries, court costs, travel meals, transcript fees, discovery and temporary legal staffing services, travel and clerk fees.

27.     Itemized expenses incurred by Akin during the Compensation Period are disclosed in the invoices attached as exhibits to each Monthly Fee Application.   A summary of all disbursements incurred during the Compensation Period organized by category is set forth in **Exhibit E**.

## ATTORNEY STATEMENT PURSUANT TO REVISED UST GUIDELINES

28.     This Application was prepared in accordance with (i) Local Rule 2016-1, (ii) the Revised UST Guidelines and (iii) the Interim Compensation Order.

29.     The following is provided in response to the request for additional information set forth in ¶ C.5 of the Revised UST Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:    No.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:    Yes.  See below.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:    Yes.  During the Compensation Period, 23.00 hours and $28,380.50 in fees were billed to Task Code 3 (Akin Fee Applications).  The work billed in this category included, without limitation, time spent reviewing time records for compliance with the Revised UST Guidelines and ensuring that time records do not contain privileged or confidential information.

**Question**:    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:    In the Akin Retention Application, Akin disclosed that its hourly rates are subject to periodic adjustments (typically on January 1st of each year).  The Akin Retention Application set forth Akin's hourly rates for 2024 and 2025. The Independent Director has consented to such ordinary course rate increases.

## RESERVATION OF RIGHTS

30.    To the extent time for services rendered or charges for disbursements incurred in connection with the Compensation Period were not processed prior to the preparation of this Application, or Akin has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Akin reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee application.

## NO PRIOR REQUEST

31.    No prior application has been made in this Court or in any other court for the relief

requested herein for the Compensation Period.

## NOTICE

32.    Notice of this Interim Fee Application will be provided to the Notice Parties, as defined in the Interim Compensation Order, in accordance with the terms thereof.

## CONCLUSION

**WHEREFORE**, Akin respectfully requests that the Court enter an order (a) approving the interim allowance of fees in the amount of $2,867,401.00 as compensation for necessary professional services rendered and the sum of $111,706.42 as reimbursement of actual necessary costs and expenses, (b) authorizing and directing the Retaining Debtors to remit payment to Akin for such fees and expenses, including any Holdbacks, in accordance with the terms of the Akin Retention Order and the Interim Compensation Order; and (c) granting such other relief  as the Court may deem just and proper.

*[Remainder of page intentionally left blank.]*

Dated:  March 17, 2025
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Michael D. DeBaecke*
Michael D. DeBaecke (No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Brad M. Kahn (admitted *pro hac vice*)
Avi E. Luft (admitted *pro hac vice*)
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
      bkahn@akingump.com
      aluft@akingump.com

Marty L. Brimmage Jr. (admitted *pro hac vice*)
2300 N. Field Street
Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

*Special Counsel on behalf, and at the sole direction, of
Michael J. Wartell as the Independent Director and
sole member of the Conflicts Committee of the Board of
each of the Retaining Debtors*