# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FRANCHISE GROUP, INC., et al.,[1] | ) Case No. 24-12480 (LSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Re: Docket No. 1038 |

## FOURTEENTH OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON PERSONAL PROPERTY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

365, and 554 of the Bankruptcy Code, authorizing the Debtors to (i) reject those certain unexpired leases (the "Rejected Leases") set forth on Schedule 1 to this Order, effective as of February 28, 2025 (the "Rejection Date"), (ii) reject those certain unexpired executory contracts (the "Rejected Executory Contracts") set forth on Schedule 2 to this Order, effective as of the Rejection Date, and (ii) abandon personal property (the "Personal Property") remaining on the Rejected Premises as of the Rejection Date; and upon consideration of the Motion and all pleadings related thereto; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of the chapter 11 cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases and Rejected Executory Contracts (together, the "Rejected Agreements"), to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date.

3. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, to abandon any Personal Property remaining, as of the Rejection Date, on the Rejected Premises, with such abandonment being effective as of the Rejection Date. The applicable counterparty to each Rejected Lease may dispose of any and all Abandoned Personal Property remaining on the Rejected Premises in accordance with applicable non-bankruptcy law, but without further notice or liability ~~to any third party or~~ to the  Debtors. To the extent necessary, the automatic stay is modified to allow such disposition.

4. If the Debtors have deposited monies with a counterparty to a Rejected Lease or Rejected Executory Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5. Any person or entity that holds a claim that arises from the Rejected Agreements must file a proof of claim based on such rejection on or before the date that is thirty (30) days after the entry of this Order.

6. Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors or any other party to: (a) assert or contest that the Rejected Agreements (i) were terminated on the Rejection Date, or (ii) are not executory contracts or unexpired leases under section 365 of the Bankruptcy Code; (b) assert or contest that any claim for damages arising from the rejection of the Rejected Agreements is limited to the remedies available under any applicable termination provisions of the Rejected Agreements; (c) assert or contest that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise assert or contest any claims that may be asserted in connection with the Rejected Agreements. All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Agreements, whether or not such claims arise under, are related

to the rejection of, or are independent of the Rejected Agreements, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.  Additionally, all rights, claims, defenses, and causes of action of any counterparty to the Rejected Agreements, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Agreements, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) other than as set forth herein and on the list of the Rejected Agreements, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest's that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

8. Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

9. Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

11. Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: March 18, 2025
**Wilmington, Delaware**

## Schedule 1

**Rejected Leases[1]**

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| ID # | Counterparty | Counterparty's Address | Debtor Entity | Rejected Agreement and Property | Store |
|---|---|---|---|---|---|
| 1 | Innovation Center, LLC | Innovation Center, LLC<br>1036 Hills Miller Road<br>Delaware, OH 43015<br>Attn: John Lewis<br><br>Innovation Center, LLC<br>8400 Industrial Parkway<br>Plain City, OH 43064<br><br>I3 Investors, LLC<br>Innovation Realty IN, LLC<br>484 E Carmel Drive<br>Carmel, IN 46032<br>Attn: General Counsel<br><br>I3 Investors, LLC<br>Innovation Realty IN, LLC<br>1075 Broad Ripple Ave #309<br>Indianapolis, IN 46220<br>Attn: Ryan Hahn | American Freight, LLC | Lease, dated October 22, 2020<br>109 Innovation Court<br>Delaware, OH 43015 | 99999 |
| 2 | IRC Red Top Plaza, LLC | IRC Red Top Plaza, LLC<br>c/o IRC Retail Centers<br>814 Commerce Drive, Suite 300<br>Oak Brook, Illinois 60523<br>Attn: Property Manager<br><br>IRC Red Top Plaza, LLC<br>c/o IRC Retail Centers<br>814 Commerce Drive, Suite 300<br>Oak Brook, Illinois 60523<br>Attn: Legal Department | PSP Stores, LLC | Lease, dated January 4, 2017<br>1336 S. Milwaukee<br>Libertyville, IL 60048 | 4061 |
| 3 | New Plan Property Holding Company | New Plan Property Holding Company<br>420 Lexington Avenue, Seventh Floor<br>New York, NY 10170<br><br>New Plan Property Holding Company<br>c/o Brixmor Property Group<br>Two Tower Bridge<br>One Fayette Street, Suite 150<br>Conshohocken, Pennsylvania 19428<br>Attn: Regional Counsel | PSP Stores, LLC | Lease, dated March 31, 2014<br>7665 Mall Road<br>Florence, Kentucky 41042 | 235 |

## Schedule 2

**Rejected Executory Contracts[1]**

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement |
|---|---|---|---|---|
| 1 | Dempsey Uniform & Linen Supply, Inc. | Dempsey Uniform & Linen Supply, Inc.<br>1200 Mid Valley Drive<br>Jessup, PA 18434 | Pet Supplies "Plus", LLC | Service Agreement, dated January 26, 2021 |
| 2 | FacilitySource, LLC | FacilitySource, LLC<br>200 East Campus Blvd, Suite 301<br>Columbus, OH 43235<br>Attn: William Hayden, Chief Operating Officer<br><br>Eltenoff Grossman & Schole, LLP<br>370 Lexington Avenue, 19th Floor<br>New York, NY 10017<br>Attn: Michael A. Dinowitz, Esq.<br><br>CBRE<br>5100 Town Center Circle Tower II, Suite 600<br>Boca Raton, FL 33432<br>Attn: Kenneth Schwiterman<br><br>Hahn Loeser & Parks LLP<br>200 Public Square, Suite 2800<br>Cleveland, OH 44114<br>Attn: Christopher Wick | PSP Stores, LLC | Agreement, dated June 1, 2011, as amended |
| 3 | Idera, Inc. | Idera, Inc.<br>4001 W Parmer Ln., Suite 125<br>Austin, TX 79727<br><br>Idera, Inc.<br>10801 North Mopac Expressway, Building 1, Suite 100<br>Austin, TX 78759 | Pet Supplies "Plus", LLC | Master Software License Agreement |
| 4 | Specialty Mat Service | Specialty Mat Service<br>2730 Beverly Drive<br>Aurora, IL 6050 | Pet Supplies "Plus", LLC | Service Agreement, dated June 20, 2022 |
| 5 | Vestis Services, LLC f/k/a Aramark Uniform & Career Apparel, LLC | Vestis Services, LLC f/k/a Aramark Uniform & Career Apparel, LLC<br>115 North First Street<br>Burbank, CA 91502<br><br>Hawley Troxell<br>877 W. Main St. #200<br>Boise, Idaho 83702<br>Attn: Devin B. Gray | PSP Stores, LLC | Preferred Provider Agreement, dated April 1, 2017 |
| 6 | Vestis Services, LLC f/k/a Aramark Uniform & Career Apparel, LLC | Vestis Services, LLC f/k/a Aramark Uniform & Career Apparel, LLC<br>115 North First Street<br>Burbank, CA 91502<br><br>Hawley Troxell<br>877 W. Main St. #200<br>Boise, Idaho 83702<br>Attn: Devin B. Gray | PSP Stores, LLC | Service Agreement, dated January 13, 2017, as amended |