**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 1060** |

**ORDER GRANTING DEBTORS'**
**OMNIBUS NONSUBSTANTIVE LIMITED OBJECTION**
**SOLELY FOR VOTING PURPOSES ASSOCIATED WITH CERTAIN CLAIMS**

Upon the limited objection (the "Limited Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing the Debtors to modify or reduce each of the Disputed Claims *solely* for the purpose of voting to accept or reject the Plan (and no other purpose), in accordance with the treatment for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Limited Objection.

each Disputed Claim on **Exhibit 1** to this Order, and (b) granting related relief, all as more fully set forth in the Limited Objection; and upon the Orlofsky Declaration filed in support of the Limited Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Limited Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Limited Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Limited Objection and opportunity for a hearing on the Limited Objection were appropriate and no other notice need be provided; and this Court having reviewed the Limited Objection; and this Court having determined that the legal and factual bases set forth in the Limited Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Limited Objection is sustained as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 3018, the Disclosure Statement Order, and the Solicitation and Voting Procedures, each Disputed Claim identified on **Exhibit 1** hereto is modified or reduced *solely* for the purpose of voting to accept or reject the Plan consistent with the treatment for each Disputed Claim as set forth on **Exhibit 1**

hereto.  All other rights of each Claimant and the Debtors, including related to distribution and classification under the Plan, are hereby reserved.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition Claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition Claim on any grounds; (c) a promise or requirement to pay any prepetition Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in the Limited Objection or any order granting the relief requested by this Order as related to the Limited Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4. The Debtors and its Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Limited Objection.

5. Notice of the Limited Objection as provided therein shall be deemed good and sufficient notice of the Limited Objection, and the requirements of the Local Rules are satisfied by the contents of the Limited Objection.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: March 18th, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

3