IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC. *et al.,* | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: To be Determined<br>Objection Deadline: April 1, 2025 at 4:00 p.m. |

**MOTION OF RICHARD GRIGSBY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE**

Richard Grigsby ("Mr. Grigsby" or "Movant"), by and through undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Mr. Grigsby to commence and prosecute a personal injury action (the "State Court Action") against debtor American Freight Group, LLC ("American Freight" or, together with the above captioned co-debtors, the "Debtors") and to proceed to collect any award against the Debtors' applicable insurance policies. In support of this Motion, Mr. Grigsby respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Mr. Grigsby consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

1

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

## FACTS

5. On November 3, 2024, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases are being jointly administered.

6. Prior to the Petition Date, on October 4, 2023, Mr. Grigsby was traveling northbound on South Pocola Boulevard in Pocola, Oklahoma. At that same time and place, Quinton Gano ("Mr. Gano") was operating a tractor trailer, driving directly behind Mr. Grigsby. Mr. Gano, distracted by his cell phone, failed to notice stopped traffic ahead and struck Mr. Grigsby's vehicle at high speed (the "Collision").

7. Upon information and belief, at the time of the Collision, Mr. Gano was an employee or agent of debtor American Freight acting within the scope of his employment with the Debtors.

8. As a result of the Collision and Mr. Gano's and the Debtors' negligence, Mr. Grigsby suffered severe injuries including but not limited to: Traumatic brain injury; Subdural hematoma; Traumatic hemorrhage of the cerebrum with loss of consciousness; Postconcussional syndrome; Occipital neuralgia; Cognitive impairment; Post-traumatic headaches; Dizziness and giddiness; Fatigue; Insomnia; Major depressive disorder; Post-traumatic stress disorder; Cerebellar/brainstem dysfunction versus cortical visuomotor disorder due to frontal eyelid deficits; Diffuse axonal injury with pontine lesions resulting in impaired saccadic smooth pursuit disorders; Optokinetic gain asymmetry; Post-traumatic spontaneous nystagmus; Positional horizontal and

vertical nystagmus; Post-traumatic acquired oculomotor dysfunction; Acquired post-traumatic nystagmus; Post-traumatic paroxysmal position vertigo; and Post-traumatic vestibular disorder.

9. The commencement, prosecution and liquidation of Mr. Grigsby's claims in the State Court Action have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. § 362(a).

10. Upon information and belief, the Debtors are covered by insurance policies applicable to Mr. Grigsby's claims.

## RELIEF REQUESTED

11. Through this Motion, Mr. Grigsby seeks the entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that he may commence and prosecute his claims to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity

## BASIS FOR RELIEF REQUESTED

12. Mr. Grigsby is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

13. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

14. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the

3

totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

15.  At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

16.  Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

17.  Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1)  Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2)  Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3)  The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

18.  Here, the facts weigh in Mr. Grigsby's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Mr. Grigsby's claims must eventually be liquidated before he can recover from the bankruptcy estate or its insurers. Further,

because his claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Mr. Grigsby intends to demand and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

19. Upon information and belief, the Debtors' liability in this matter is covered by insurance. As such, any recovery by Mr. Grigsby will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

20. Conversely, Mr. Grigsby will face substantial hardship if the stay is not lifted. He suffered catastrophic injuries, loss of a normal life, medical expenses and property damage as a result of the Debtors' negligence. Mr. Grigsby will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Mr. Grigsby resides in the State of Oklahoma, and the events which form the basis of his claims occurred exclusively in Oklahoma. If Mr. Grigsby is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of

the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Mr. Grigsby's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

21.     Neither the Debtors nor their estates will suffer any hardship if Mr. Grigsby's claims in the State Court Action are allowed to proceed. His claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their liquidation or reorganization process.

22.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Mr. Grigsby's favor. The facts regarding the Debtors' negligence speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

23.     When weighing the above factors, the Court should lift the automatic stay, in order to permit Mr. Grisby to commence and prosecute his claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution they may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

WHEREFORE, Mr. Grigsby respectfully requests that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

Dated: March 18, 2025

/*s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Richard Grigsby*