# **EXHIBIT A**

# **OCP Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 2, 2025 at 4:00 p.m. (ET)** |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, Frank Grimaldi, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a Senior Managing Director of Gordon Brothers Group, LLC ("Gordon Brothers"), the parent company of Gordon Brothers Asset Advisors, LLC (the "Firm") which maintains offices at 101 Huntington Avenue, 11th Floor, Boston, Massachusetts 02199.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

3. This Declaration is submitted in connection with the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 355] (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"), dated December 6, 2024, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. The Firm is not a legal services firm.

5. The Firm has represented and advised the Debtors as appraiser and provider of certain valuation services with respect to Vitamin Shoppe, Inc. and Pet Supplies Plus, LLC, since January 30, 2025.

6. As of the Petition Date, the Firm did not hold a retainer.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters.

8. The Firm customarily charges a flat fee for its appraisal services, which depends on the scope of the appraisal being conducted. The flat fee for the services the Debtors are requesting the Firm to provide is $100,000, along with $13,983.19 for actual and necessary expenses, for total fees and expenses of $113,983.19.

9. The Firm does not keep in the ordinary course of business time records in one-tenth-of-an hour increments. The firm bills clients on a flat-fee basis.

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. On December 6, 2024, the Court entered the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 351] (the "Store Closing Sales Order"), authorizing the Debtors to assume that certain Letter Agreement Governing Inventory Disposition, by and between Hilco Merchant Resources, LLC ("HMR") and American Freight LLC, dated as of November 3, 2024 (as amended, revised, or supplemented from time to time, the "Consulting Agreement"). HMR has been hired by the Debtors along with Gordon Brothers Retail Partners, LLC ("GBRP"), an affiliate of the Firm, to act as their exclusive consultant to assist with ongoing "store closing" or similar themed sales at certain of the Debtors' retail locations that have been designated by Debtors' management for closing (collectively, the "Closing Stores").

12. To the best of my knowledge, formed after due inquiry, except as to GBRP's contractual joint venture with HMR in connection with the Consulting Agreement and the Closing Stores pursuant to the Store Closing Sales Order, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

13. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have

in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

14. To ascertain whether the Firm holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, the Firm conducted an analysis of its client list to determine whether it has any connections to the parties included on the Interested Parties List (as defined below).

15. As a part of a large and diverse business operation, Gordon Brothers and certain of its affiliates (including the Firm) have previously, are currently, and may in the future appear or participate (as agent, consultant, appraiser, professional, advisor, investor, lender, principal or otherwise) in numerous cases, proceedings, transactions and engagements, with, among other market participants, professionals, advisors, banks and other lenders, landlords, restructuring firms, liquidation firms, vendors, insurance carriers and brokers, operating companies, and equity and/or debt holders, each of whom may be involved in these proceedings, may represent Parties-In-Interest in these cases, and/or may be Parties-In-Interest in these cases ("Ordinary Course Interactions"). Except as disclosed herein, none of the Ordinary Course Interactions are believed to be matters directly connected or relating to the Debtors or these Chapter 11 Cases, nor does the

4

Firm believe that any of the Ordinary Course Interactions will interfere with or impair the Firm's activities, actions, responsibilities, or objectives in these cases.

16. In addition, Gordon Brothers is a portfolio company of investment funds managed by Stone Point Capital LLC (such investment funds and manager, collectively, "Stone Point"). No facts or circumstances concerning Stone Point, or any other portfolio company of any investment fund managed by Stone Point, or any other entities affiliated with Stone Point were reviewed or considered as part of preparing this Declaration (and thus were not disclosed as part of this Declaration). Stone Point Capital LLC is not an Interested Party in these Chapter 11 Cases.

17. Pursuant to rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the above-captioned chapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. The Firm's review of such Interested Parties identified the connections set forth on **Schedule 1** in addition to the Firm's connection to HMR as disclosed above. Except with respect to the Consulting Agreement and the Closing Stores, the Firm's connections or potential connections to the Interested Parties are unrelated to the Debtors or these Chapter 11 Cases.

18. The Firm does not perform services for any of the Interested Parties that relate to the Debtors or the above-captioned chapter 11 cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

19. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

20. In the past year, the Firm has been paid $103,767.78 by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $0.00 on account of prepetition services. The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.

21. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $50,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with sections 330, 331, and 504(b) of the Bankruptcy Code, Bankruptcy Rule 2016, rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable procedures or orders of the Court.

22. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

23. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by the Bankruptcy Rules.

24. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 19, 2025

/s/ *Frank Grimaldi*

Frank Grimaldi
101 Huntington Avenue, 11th Floor Boston, MA 02199

**Schedule 1**

**DISCLOSURE OF GORDON BROTHERS ASSET ADVISORS, LLC**

a. The Firm has previously completed, and may in the future complete, inventory appraisal(s) on behalf of a lender or lender(s) to the following Debtors: (i) Franchise Group, Inc.; (ii) Pet Supplies "Plus", LLC; and (iii) W.S. Badcock Corporation.

b. Gordon Brothers has a corporate banking relationship with a syndicate of lenders, some of whom are also lenders to the Debtors.

c. It is possible that one or more law firms engaged by the Debtors or other Interested Parties, have previously or are currently representing Gordon Brothers or its affiliates in matters unrelated to the Debtors or these Chapter 11 Cases and that such representations are not necessarily reflected in Gordon Brothers' database for purposes of performing "conflicts checks." Except as may be disclosed herein, any such law firm's representation of Gordon Brothers and its affiliates is unrelated to the Debtors and these Chapter 11 Cases.

d. Gordon Brothers and its affiliates may have had interactions in the ordinary course with certain of the Interested Parties within the prior two years, but none of such interactions (if any) are believed to be related to the Debtors or these Chapter 11 Cases.

e. In matters unrelated to the Debtors and these Chapter 11 Cases, the Firm and/or affiliates of Gordon Brothers currently provide or have previously provided asset valuation, furniture, fixture & equipment disposition services, real estate advisory, real estate appraisal, enterprise valuation services, inventory liquidation services, and/or retail advisory services for (or related to) the following entities: (i) Axos Bank; (ii) Bank of America, N.A.; (iii) Benesch Friedlander Coplan & Aronoff LLP; (iv) CIBC Bank USA; (v) Citizens Bank, N.A.; (vi) Fifth Third Bank; (vii) First Financial Bank; (viii) Flexport; (ix) JPMorgan Chase Bank, N.A.; (x) Key Bank; (xi) Lowes Companies Inc.; (xii) M&T Bank; (xiii) Open Farm Inc.; (xiv) PNC Bank; (xv) Prime Hydration LLC; (xvi) Radio Systems Corporation; (xvii) REDCON 1; (xviii) TD Bank; (xix) The J. M. Smucker Company; (xx) Truist Bank; (xxi) US Bank; (xxii) Webster Bank; (xxiii) Wegmans Food Markets, Inc.; (xxiv) Wells Fargo Bank, N.A.; and (xxv) Williamson Country. The Firm does not believe that these connections create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

f. From time to time, Gordon Brothers and/or its affiliates have collaborated with or engaged the professional services of the following firms in matters unrelated to the Debtors or these Chapter 11 Cases: (i) Kelley Drye & Warren LLP; (ii) Morgan, Lewis & Bockius LLP; and (iii) Thompson Hine LLP.

g. Because of the magnitude of the entire creditor list in these cases, it is possible that the Firm may represent or may have represented creditors of the Debtors in matters unrelated to the Debtors or these Chapter 11 Cases. The Firm presently or in the past has served as a professional person in other matters, wholly unrelated to the Debtors or these cases, in which other attorneys, accountants, and other professionals of the Debtors, creditors, or

    other parties in interest may have also served or serve as professional persons.  The Firm does not believe that any of these connections crease a conflict of interest regarding the Debtors or these Chapter 11 Cases.

h. Gordon Brothers may have a relationship with a creditor or party in interest that may fall into multiple categories.  When that is the case, the party in interest is listed once herein.