IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 1052** |

### ORDER (I) AUTHORIZING THE DEBTORS, THE COMMITTEE, AND THE PROFESSIONALS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE PROFESSIONAL DECLARATIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015], as applicable.

Committee, and the Professionals, as applicable, to redact and file under seal the names of the Confidential Parties consistent with their obligations to such Confidential Parties, including with respect to those obligations arising under certain non-disclosure agreements, executed in connection with the Debtors' postpetition marketing process, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors, the Committee, and the Professionals, as applicable, are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, to (a) file the Professional Declarations and any documents related thereto with the names of the Confidential Parties under seal and (b) file the unredacted versions of such Professional Declarations under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The names of the Confidential Parties shall remain confidential, shall remain under seal, and shall not be made available to anyone except that the Debtors are authorized to cause the unredacted versions of the Professional Declarations and any documents related thereto to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; and (c) counsel to the Ad Hoc Group and counsel to the Freedom Lender Group, in each case, on a professional eyes only basis.

4. The Debtors, the Committee, the Professionals, and any party authorized to receive the unredacted versions of the Professional Declarations shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these Chapter 11 Cases.

5. Any party who receives the identities of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity.

6. The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors, the Committee, and the Professionals are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 20th, 2025**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE