**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket Nos. 1053, 1054** |

**SUPPLEMENTAL DECLARATION OF
JOSHUA A. SUSSBERG IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF FEBRUARY 14, 2025**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1. I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

collectively, "Kirkland"). I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Court of Appeals for the Second and Fifth Circuits and the United States District Courts for the Southern District of New York and the Northern District of Illinois. There are no disciplinary proceedings pending against me.

2. On November 3, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). On March 6, 2025, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* [Docket No. 1053] (the "Application")[2] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

3. In support of the Application, the Debtors filed the *Declaration of Joshua A. Sussberg in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* (the "Initial Declaration"), which was attached to the Application as Exhibit B [Docket No. 1053, Ex. B].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Initial Declaration, as applicable.

4.     I submit this supplemental declaration (this "Supplemental Declaration") to supplement the Application and to clarify certain disclosures contained in the Initial Declaration. Except as otherwise indicated herein, all facts stated in this Supplemental Declaration are based on my personal knowledge of Kirkland's operations and finances, information learned from my review of relevant documents, and information supplied to me by Kirkland's partners or employees. If called upon to testify, I could and would testify on that basis.

### Clarification of Certain Specific Disclosures

5.     In the Initial Declaration, I disclosed that Kirkland filed a notice of appearance on behalf of Blue Owl Real Estate Capital LLC, BCDC Portfolio Owner, LLC, and BCHQ Owner LLC (collectively, "Blue Owl Real Estate") on November 21, 2024 [Docket No. 211], which was subsequently formally withdrawn on February 13, 2025 [Docket No. 977]. I also disclosed that on February 14, 2025, prior to the Debtors executing the Engagement Letter with Kirkland, Kirkland initiated the process of screening all attorneys involved with this prior representation. In connection with this process, Kirkland identified the list of attorneys and paraprofessionals that billed time to the Blue Owl Real Estate representation and provided those names to Kirkland's ethical wall team to implement the screen. As a result of this process, Kirkland screened 16 attorneys and paraprofessionals. None of the attorneys or paraprofessionals that billed time to the Blue Owl Real Estate matter have billed time to the Debtors in connection with these chapter 11 cases. Additionally, any Kirkland attorney or paraprofessional that billed time to the Blue Owl Real Estate representation is screened from accessing any files related to Kirkland's representation of the Debtors and any Kirkland attorney or paraprofessional that billed time to, or will bill time to, Kirkland's representation of the Debtors is screened from accessing any files related to Kirkland's representation of Blue Owl Real Estate. Accordingly, I do not believe that

Kirkland's prior representation of Blue Owl Real Estate in these chapter 11 cases precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

6. In the Initial Declaration, I disclosed that Kirkland had previously advised Vintage Capital Management ("Vintage") on Vintage's negotiation of an intercreditor agreement with B. Riley Financial, Inc. (together with certain of its subsidiaries and/or affiliates, collectively, "B. Riley") regarding a loan to Babcock & Wilcox Enterprises, Inc. ("B&W"), a publicly held clean energy company, unrelated to the Debtors or these chapter 11 cases. Kirkland was retained by Vintage in March 2019 and represented Vintage from March 2019 to August 2019, at which time Kirkland terminated its representation of Vintage. Kirkland's representation of Vintage was six years ago, and as disclosed in the Initial Declaration, the last time billed to this matter was in August 2019. The Vintage matters are unrelated to the Debtors or these chapter 11 cases and thus no screens were put into place. Instead, Kirkland screened attorneys on matters that were, or are, related to the Debtors or these chapter 11 cases as disclosed in the Initial Declaration. Accordingly, I do not believe that the foregoing precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

7. In the Initial Declaration, I disclosed that Kirkland is currently advising Oaktree Capital Management, L.P. ("Oaktree"), an investment management firm, on a loan to B. Riley unrelated to the Debtors or the Debtors' chapter 11 cases. None of the attorneys or paraprofessionals that are advising Oaktree in connection with the loan to B. Riley are on the team of attorneys or paraprofessionals advising the Debtors in these chapter 11 cases. Accordingly, I do not believe that Kirkland's representation of Oaktree precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

8. ***Connections to Holders of Equity Interests in the Debtors.*** In the Initial Declaration, I disclosed that Kirkland currently represents, and in the past has represented, B. Riley in a variety matters. More specifically, Kirkland currently represents, and in the past has represented, B. Riley FBR, Inc. in its capacity as underwriter on the initial public offering of companies in matters related thereto that are unaffiliated with the Debtors. None of the current or former representations of B. Riley FBR, Inc. relate to, or related to, the Debtors or these chapter 11 cases. Kirkland has also previously represented B. Riley Real Estate LLC in connection with the acquisition of real estate assets from Armstrong Flooring Inc. along with Paceline Equity Partners LLC from May 2022 to July 2022. This prior representation of B. Riley Real Estate LLC was closed in June 2023 and no time has been billed to this matter since then. Accordingly, Kirkland's current and prior representations of B. Riley have been in matters unrelated to the Debtors or these chapter 11 cases. I do not believe that Kirkland's current or prior representations of B. Riley preclude Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

9. ***Connections to Lenders and Other Secured Parties.*** In the Initial Declaration, I disclosed that Kirkland currently represents, and in the past has represented, Blue Owl Capital Inc. ("Blue Owl") and/or various of its respective subsidiaries, affiliates, and employees in a variety of matters. For the avoidance of doubt, Kirkland did not represent Blue Owl in connection with: (a) the negotiation, execution, and/or implementation of the Debtors' restructuring support agreement in these chapter 11 cases; (b) the negotiation, execution, and/or implementation of the Debtors' debtor in possession financing facility and the documents related thereto; and (c) any matters related to any lender issues with respect to the Debtors from January 2023 through February 2025. Accordingly, I do not believe that Kirkland's current or prior representations of

Blue Owl preclude Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

### Affirmative Statement of Disinterestedness

10. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 21, 2025

Respectfully submitted,

　/s/ *Joshua A. Sussberg*　　　　　　　　
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as
Partner of Kirkland & Ellis LLP; and as Partner
of Kirkland & Ellis International LLP