## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

*In re:*

**FRANCHISE GROUP, INC.,** *et al.*,[1]

        **Debtors.**

-----------------------------------------------------------x

:   **Chapter 11**

:   **Case No. 24- 12480 (LSS)**

:   **Jointly Administered**

:   Re: Docket Nos. 897, 1057, 1073

## FEE EXAMINER'S FINAL REPORT REGARDING
## FIRST INTERIM FEE APPLICATION REQUEST OF
## PROVINCE, LLC

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-

captioned bankruptcy proceedings and acting in its capacity regarding the First Interim Fee

Application Request of Province, LLC (the "Firm") for compensation for services rendered and

reimbursement of expenses as Financial Advisor to the Official Committee of Unsecured

Creditors for the compensation period from November 21, 2024 through January 31, 2025 ("Fee

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

Application") seeking approval of fees in the amount of $2,663,792.00 and the reimbursement of

expenses in the amount of $1,693.10, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2025 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of November 21, 2024 through January 31, 2025 the Firm submitted monthly fee applications in the amount of $2,663,792.00 as actual, reasonable and necessary fees and for expense reimbursement of $1,693.10. We calculated that for the Fee Application period $9,170.00 related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $9,170.00 related to fee applications on a cumulative basis and we have calculated that 0.3% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. We noted that much of the time billed by the timekeeper listed in Exhibit A appears to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this impacts the amounts billed and adjust the fees requested appropriately. The Firm responded that the amounts billed by this timekeeper should be reduced by 25%. We recommend that fees be reduced by $8,287.50.

6. Our procedures applied to the monthly fee applications for identified the entries listed in Exhibit B where charges may have been duplicated. We requested and the Firm agreed to withdraw the duplicate entries. We recommend that fees be reduced by $706.00.

3

7. Our procedures applied to the monthly fee applications identified timekeepers with limited time charged to this estate. We questioned the necessity and value to the estate because of the minimal involvement. We requested and the Firm provided additional information related to the nature and necessity of the roles of these timekeepers. In addition, the Firm agreed to withdraw the time of the timekeeper listed in Exhibit C. We recommend that fees be reduced by $290.00.

8. We requested that the Firm explain why certain activities were not more appropriately performed by a timekeeper with a lower billing rate. The Firm explained the context of these entries and how they were necessarily performed at this level. Since no adjustment is required, no exhibit has been included.

9. Also, we requested that the Firm explain how some descriptions of work performed were not duplicative of that of the Committee's legal counsel. The Firm explained the context of these entries and how they were not duplicative of other professionals' work. Since no adjustment is required, no exhibit has been included.

10. We noted the overtime meal charges listed in Exhibit D. Consistent with the US Trustee, we deem overtime meal charges in excess of $20.00 per person to be unnecessary and not reasonable. We requested and the Firm agreed to reduce these to this cap. We recommend that reimbursement of expenses be reduced by $186.51.

11. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether

all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm agreed to instruct timekeepers to avoid or stop the use of vague activity descriptions such as "work on", "worked on", "working on ", "assisted" and "follow up". Since no adjustment is required, no exhibit has been included.

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm provided more description of the subjects for these entries. Since no adjustment is required, no exhibit has been included.

13. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process. We requested and the Firm confirmed that these were for required retention disclosures and did not represent unnecessary activity. Since no adjustment is required, no exhibit has been included.

14. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing

(conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "internal team", "team", "internally", "Province team", "PWP", "Perella", "PWP team", "Province", "PSZJ", "Debtor Pros", "counsel", "Hilco", "UCC professionals", "AlixPartners", "Alix", "Ducera" and "PSZJ team". Also, we reviewed entries that did not identify participants. We requested and the Firm provided participant information for these and agreed to withdraw the charges listed in Exhibit E. We recommend that fees be reduced by $1,210.00.

15. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

**CONCLUSION**

16. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Interim Fee Application Request of Province, LLC for compensation for services rendered and reimbursement of expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the compensation period from November 21, 2024 through January 31, 2025 and we recommend the approval of the fees of $2,653,298.50 ($2,663,792.00 minus $10,493.50) and reimbursement of expenses in the amount of $1,506.59 ($1,693.10 minus $186.51).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By:  _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

## Exhibit A:

| | | .0 +.5 | .0 | .5 | # Entries |
|---|---|---|---|---|---|
| Mario Rosales | 650 | 34.2% | 1.3% | 32.9% | 79 |

## Exhibit B:

| 0.4 | 244 | 20241217 | 024: | Courtney Betty | Attended the FRG investigation update call. | 610 |
|---|---|---|---|---|---|---|
| 0.4 | 244 | 20241217 | 024: | Courtney Betty | Attended the FRG investigation update call. | 610 |
| 1.1 | 462 | 20241202 | 004: | Nick Steffen | Analyzed certain first day motion vendor payment amounts. | 420 |
| 1.1 | 462 | 20241202 | 004: | Nick Steffen | Analyzed certain first day motion vendor payment amounts. | 420 |

## Exhibit C:

| Professional | Rate | Hrs |
|---|---|---|
| Peter Kravitz | 1450 | 0.2 |

## Exhibit D:

| 44.91 | 20241217 | S. Kietlinski working meal - FRG FA |
|---|---|---|
| 25.90 | 20241123 | S. Kietlinski dinner /working meals - FRG |
| 42.48 | 20241212 | S. Kietlinski working meal FRG FA |
| 31.59 | 20241130 | S. Kietlinski dinner/working meal - FRG |
| 72.13 | 20241210 | S. Kietlinski working meal - FRG FA |
| 42.50 | 20250125 | S. Kietlinski working meal - FRG |
| 23.35 | 20250111 | S. Kietlinski working meal - FRG |
| 31.41 | 20250118 | S. Kietlinski working meal - FRG |
| 22.24 | 20250106 | Hunter Thompson Working meal for MCV. |
| 50.00 | 20250102 | S. Kietlinski working meal - FRG |

## Exhibit E:

| 0.50 | 235 | 20250106 | 024: | Nick Steffen | Attended the FRG settlement structure call. | 470 |
|---|---|---|---|---|---|---|
| 0.50 | 325 | 20250113 | 004: | Mario Rosales | Attended the FRG Investigation Updates Meeting. | 650 |
| 0.50 | 325 | 20250121 | 024: | Mario Rosales | Attended the FRG investigation updates call. | 650 |
| 0.50 | 325 | 20250123 | 024: | Mario Rosales | Attended the FRG investigation updates call. | 650 |