## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: May 6, 2025 at 11:30 a.m. (ET)**<br>**Objection Deadline: April 10, 2025 at 4:00 p.m. (ET)** |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF BACK BAY MANAGEMENT CORPORATION AND ITS DIVISION, THE MICHEL-SHAKED GROUP, TO PROVIDE EXPERT WITNESS SERVICES EFFECTIVE AS OF MARCH 17, 2025

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") hereby files this application (the

"Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "Proposed Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing and approving the of Back Bay Management Corporation and its division, The Michel-Shaked Group ("MSG"), to provide expert witness services, effective as of March 17, 2025 pursuant to the terms and conditions of the Engagement Letter (as defined below). In support of the Application, the Committee also files the *Declaration of Brad Orelowitz* (the "Orelowitz Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  By this Application, the Committee seeks authority to retain MSG and its Managing Director, Brad Orelowitz ("Mr. Orelowitz"), to provide an expert valuation rebuttal report and testimony in connection with the hearing on (i) confirmation of the Debtors' *Fifth Amended Joint Chapter 11 Plan of Franchise Group and its Debtor Affiliates* (the "Plan") [Docket No. 996) and (ii) the Freedom Lender Group's *Motion for Allowance of a Superpriority Administrative Claim* (the "Adequate Protection Motion") [Docket No. 978]. The Committee also seeks to retain MSG and Mr. Orelowitz to provide such valuations, consulting services, reports, and testimony as may be necessary in connection with other proceedings in these cases.

2.  On March 10, 2025, in accordance with this Court's *Order Approving Proposed Stipulated Scheduling Order* (the "Scheduling Order") [Docket No. 1086] and support of confirmation of the Plan, the Debtors served an expert valuation report of Christopher Grubb in which he valued the Debtors as of the Effective Date of the Plan. On the same day, also in accordance with the Scheduling Order, and in support of its Adequate Protection Motion, the

Freedom Lender Group served the expert report of Neil A. Augustine in which Mr. Augustine valued the Debtors as of November 3, 2024, the date on which the Debtors commenced their chapter 11 cases. Pursuant to the Scheduling Order, April 3, 2025 is the date by which any party in interest objecting to confirmation of the Plan or the Adequate Protection Motion must serve any rebuttal expert reports.

3.  MSG is well-qualified to provide expert valuation witness services in a cost-effective, efficient, and timely manner. MSG and Mr. Orelowitz have extensive experience in the analysis of solvency, capital surplus, and valuation of public and privately-held businesses, including businesses that are complex. Moreover, the services that will be provided by MSG and Mr. Orelowitz will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases.

4.  Accordingly, the Committee seeks to retain MSG to (i) provide expert rebuttal reports and testimony to the extent that the Committee determines that such reports and testimony are necessary and (ii) provide such valuations, consulting services, reports, and testimony as may be necessary in connection with other proceedings in these cases.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6.  The legal predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016(a).

**RELIEF REQUESTED**

7.      By this Application, the Committee respectfully requests that the Court enter the Proposed Order, authorizing the retention and employment of MSG to provide expert witness services to the Committee, effective as March 17, 2025 pursuant to the terms and conditions of the Engagement Letter (defined below), subject to the limitations and modifications proposed herein and provided for in the Proposed Order.  The facts and circumstances supporting this Application are set forth herein and in the Orelowitz Declaration.

**Facts Specific to the Relief Requested**

**A.      Qualifications**

8.      In light of the complexity of the Debtors' business, the Committee requires the services of a seasoned and experienced expert who can enable the Committee to adequately assess valuation issues and provide any required reports and testimony.  MSG and Mr. Orelowitz are well-qualified to provide these expert services in a cost-effective, efficient, and timely manner.  As noted above, MSG has extensive experience in the analysis of solvency, capital surplus, and valuation of public and privately-held businesses, including businesses that are complex organizations and the preparation of reports and testifying in connection therewith.  For example, experts at MSG, including Mr. Orelowitz, have been engaged in numerous cases, including: *Adelphia, AIG, American Chain Link Fence, Amyris, Belle Casinos, Bennett Funding Group, Caesars Entertainment, Careismatic, Chesapeake Energy, Chinos Holdings (J. Crew), Congoleum, Dragon Systems, Duro Industries, Enron, Flintkote, FoxMeyer, Gritstone bio, Halliburton, Hechinger, Home Insurance, Jones Truck Lines, Lernout & Hauspie, Lincoln North Partnership, M4 Environmental, Medley, Merry- Go-Round, MGM/UA Communications, Mirant, Morse Tool, Munford (d/b/a Majik Market), Neiman Marcus, Nine West, North Manchester Foundry, Payless ShoeSource (2017 and 2019), Polaroid, Quigly, Refco, Specialty Retail Shops*

*Holding Corp. (d/b/a ShopKo), Tailored Brands, Telecom Argentina, The Limited, Vencor, Ventas Realty, Vetta Sports, Wieboldt Stores, and World Bazaar.*  Accordingly, MSG is well-qualified to perform these services and assist the Committee in these Chapter 11 Cases.

9.      As set forth in the Orelowitz Declaration, the Committee engaged MSG as their expert witness pursuant to the terms and conditions set forth in the engagement letter (the "Engagement Letter"), attached hereto as **Exhibit C**.[2]

10.      MSG has indicated a desire and willingness to act in these Chapter 11 Cases to render the Professional Services (defined below) on the terms set forth in the Engagement Letter, as the same may be modified by the Proposed Order.  Pursuant to the Engagement Letter and subject to the Court's entry of the Proposed Order, all services that MSG provides to the Committee will be:  (a) at the request of the Committee; and (b) appropriately directed by the Committee so as to avoid duplication of efforts among the Committee's other professionals retained in these Chapter 11 Cases.

**B.      Scope of Services**

11.      As requested by the Committee, and consistent with the terms of the Engagement Letter, MSG was asked to provide the following services (collectively, the "Professional Services"):

> MSG agrees to consult with counsel for the Committee, and if requested by the Committee, provide one or more expert opinions and reports, and, if necessary, deposition and/or trial/hearing testimony in any litigation or contested matter regarding the valuation of the Debtors and/or certain of the Debtors', or affiliates of the Debtor's assets.  Any opinions, and, if requested, report rendered will be based on methods and techniques that MSG considers appropriate under the circumstances.

---

[2]      All summaries herein are provided for convenience only and are qualified by reference to the Engagement Letter. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.  Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to such terms in the Engagement Letter.

Any opinions rendered shall represent the opinions of MSG based upon information and documents provided by Counsel and/or obtained in discovery, or upon such other sources as MSG considers appropriate.

12.     If the Committee requests that MSG perform additional services not contemplated by the Engagement Letter, the Committee and MSG will agree mutually upon such services and fees in writing in advance, and if the additional services require an amendment to or statement of work with respect to the Engagement Letter, or entry into a separate engagement letter, the Committee shall file notice of such documents with the Court, together with a supplemental declaration if appropriate, in accordance with the Court's approval procedures and the terms of the Proposed Order.   Provided that no objection is timely filed to the proposed services and agreements, MSG will continue to provide the requested services subject to any prior order entered by the Court on MSG's retention.

13.     The services that MSG will provide to the Committee are necessary to enable the Committee to maximize value for their constituency.   The services that MSG and Mr. Orelowitz will provide will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases.   Specifically, MSG will carry out unique functions and will use reasonable efforts to coordinate with the Committee's other retained professionals to avoid the unnecessary duplication of services.

## C.     Professional Compensation

14.     Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, MSG is providing the Professional Services under an hourly fee arrangement. The current standard hourly rates of MSG personnel are as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Brad Orelowitz, CPA | Managing Director | $950.00 |
| Paul Dionne | Director | $750.00 |
| | Managers | $550.00 - $650.00 |
| | Senior Analysts | $400.00 - $600.00 |
| | Analysts | $275.00 - $450.00 |
| | Paraprofessionals | $175.00 |

15.    MSG will invoice the Committee for actual, reasonable, and necessary expenses incurred in providing the Professional Services during these Chapter 11 Cases.

16.    As set forth in the Orelowitz Declaration, MSG will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with applicable *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (collectively, the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court, in accordance with the terms and conditions of the Engagement Letter.

17.    Except as set forth in the Orelowitz Declaration, MSG has not agreed to share any compensation paid by the Committee with any non-affiliated or unrelated entity in accordance with section 504 of the Bankruptcy Code.

18.    MSG has not received any payments from the Committee during the year prior to the Petition Date.  The Committee does not have an advance retainer with MSG, and no advance retainer was in place during the 90 days immediately preceding the Petition Date.  As of the Petition Date, the Committee did not owe any amounts to MSG.

19.    The Committee understands that MSG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

20.    The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, proposes to pay MSG its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Orelowitz Declaration, and to reimburse MSG according to its customary reimbursement policies, and the Committee submit(s) that such rates are reasonable.

## D.    Disinterestedness

21.    The Committee believes that MSG does not hold or represent any interest that is adverse to the Committee or the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, their creditors or any party in interest herein in the matters upon which MSG is to be retained, except as set forth in the Orelowitz Declaration.

## Basis for Relief

### A.    The Committee's Retention and Employment of MSG Is Appropriate Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014

22.    Section 327 (a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

23.    Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.  Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have

been improvident in light of developments not capable of being anticipated
at the time of the fixing of such terms and conditions.

*Id*. at 328(a).

24.    Bankruptcy Rule 2014 provides, in relevant part, as follows:

An order approving the employment of attorneys, accountants, appraisers,
auctioneers, agents, or other professionals pursuant to § 327 . . . of the Code
shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

25.    As set forth above, the Committee has selected MSG to provide the Professional

Services set forth in the Engagement Letter and described herein because MSG has extensive

experience in the analysis of solvency, capital surplus, and valuation of public and privately-held

businesses, including businesses that are complex organizations.  Such experience will be useful

to the Committee, and MSG has indicated a desire and willingness to act in these Chapter 11 Cases

and to render the Professional Services to the Committee.

26.    The Committee believe that the proposed compensation structure appropriately

reflects the nature of the expert services that MSG will provide in connection with these Chapter

11 Cases and is consistent with, and typical of, arrangements that MSG and other similar firms

enter into for comparable services for clients similar to the Committee, both in and out of chapter

11.  MSG and the Committee also believe that the proposed compensation structure is reasonable

and at market rates, and the terms and conditions of employment should be approved by the Court

under section 328(a) of the Bankruptcy Code in light of:  (a) industry practice; (b) market rates

charged for comparable services both in and out of the chapter 11 context; (c) MSG professionals'

substantial experience with respect to the Professional Services; and (d) the nature and scope of

work to be performed by MSG in connection with these Chapter 11 Cases.

27.    Furthermore, the Committee submit that the expert services provided by MSG are

critical to the success of these Chapter 11 Cases.

**B.**      **Retroactive Relief is Warranted**

28.      Employment of MSG effective as of March 17, 2025 is warranted under the circumstances of these Chapter 11 Cases.  At the Committee's request, MSG began providing the requested Professional Services in anticipation that its requested retention would be approved effective as of March 17, 2025.  MSG has worked diligently to complete its thorough disinterestedness review process in support of this Application, taking all necessary steps to prepare and file this Application.

## NOTICE

29.      Notice of the Application will be given to the following parties or their counsel: (i) the Debtors; (ii) the Office of the U.S. Trustee for the District of Delaware; and (iii) any party that requests service pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested and the circumstances surrounding the Chapter 11 Cases, no other or further notice is required or necessary.

## NO PRIOR REQUEST

30.      No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 27, 2025

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
FRANCHISE GROUP, INC., ET AL.


By:  */s/ David G. Byrnes*
David G. Byrnes
Authorized Representative
NNN REIT, LP (fka National Retail
Properties), acting solely in its capacity
as Co-Chair of the Official Committee
of Unsecured Creditors of Franchise
Group, Inc., et al.

**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket No. _____** |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF BACK BAY MANAGEMENT CORPORATION AND ITS DIVISION, THE MICHEL-SHAKED GROUP, TO PROVIDE EXPERT WITNESS SERVICES EFFECTIVE AS OF MARCH 17, 2025**

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of Back Bay Management Corporation and Its Division, the Michel-Shaked Group, to Provide Expert Witness Services to the Official Committee of Unsecured Creditors Effective as of March 17, 2025* (the "Application")[2] and the *Declaration of Brad*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]     Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

*Orelowitz* filed in support of the Application (the "Orelowitz Declaration") both filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession, pursuant to sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved, it is, therefore, ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain MSG as expert witness for the Committee effective as of March 17, 2025.

3. MSG shall apply for compensation for professional services rendered and reimbursement of expenses reasonably and actually incurred in connection with the Debtors' cases as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Orelowitz Declaration, MSG shall not seek reimbursement of any fees or costs arising from the

defense of any of MSG's fee applications in these chapter 11 cases.

5.      MSG shall provide ten (10) business days' notice of any rate increases to the Committee, the United States Trustee, and the Debtors before any increases in the rates set forth in the Application are implemented, and shall file a supplemental declaration setting forth any such increases.  The Committee, the Debtors, the United States Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      The Committee and MSG are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

## EXHIBIT B

**Declaration of Brad Orelowitz**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF BRAD ORELOWITZ IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BACK BAY MANAGEMENT CORPORATION AND ITS DIVISION, THE MICHEL-SHAKED GROUP, TO PROVIDE EXPERT WITNESS SERVICES EFFECTIVE AS OF MARCH 17, 2025

I, Brad Orelowitz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Rule 2014-1 of the Local Rules as follows:

1.      I am a Managing Director of Back Bay Management Corporation and its division, The Michel-Shaked Group ("MSG"), and am authorized to make this declaration (this

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom Group New Holdco, LLC (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

"<u>Declaration</u>") on behalf of MSG in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Retention and Employment of Back Bay Management Corporation and its Division, The Michel-Shaked Group, as Expert Witness Effective as of March 17, 2025,* filed contemporaneously herewith (the "<u>Application</u>").[2]

2.    Unless otherwise stated, all facts set forth in this Declaration are based upon my personal knowledge or derived from business records that have been reviewed by me and prepared or reviewed by others under my supervision and direction.  To the extent that any information disclosed herein requires amendment, modification, or supplementation as additional information becomes available, a supplemental declaration will be submitted to this Court.

<u>**Qualifications**</u>

3.    MSG is well-qualified to provide the contracted-for services in a cost-effective, efficient, and timely manner.  MSG has extensive experience in the analysis of solvency, capital surplus, and valuation of public and privately-held businesses, including businesses that are complex, international organizations and the preparation of expert reports and testifying in connection therewith.  For example, experts at MSG have been engaged in numerous cases, including:  *Adelphia, AIG, American Chain Link Fence, Amyris, Belle Casinos, Bennett Funding Group, Caesars Entertainment, Careismatic, Chesapeake Energy, Chinos Holdings (J. Crew), Congoleum, Dragon Systems, Duro Industries, Enron, Flintkote, FoxMeyer, Gritstone, bio, Halliburton, Hechinger, Home Insurance, Jones Truck Lines, Lernout & Hauspie, Lincoln North Partnership, M4 Environmental, Medley, Merry-Go-Round, MGM/UA Communications, Mirant,*

---

[2]    Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.  The summary of terms or conditions of the Engagement Letter provided in this Declaration is for the Court's convenience and to the extent that any such summary conflicts with the actual terms or conditions of the Engagement Letter, the actual terms and conditions of the Engagement Letter shall control, as the same may be limited or modified by an order of the Court.

*Morse Tool, Munford (d/b/a Majik Market), Neiman Marcus, Nine West, North Manchester Foundry, Payless ShoeSource* (2017 and 2019), *Polaroid, Quigly, Refco, Specialty Retail Shops Holding Corp. (d/b/a ShopKo), Tailored Brands, Telecom Argentina, The Limited, Vencor, Ventas Realty, Vetta Sports, Wieboldt Stores*, and *World Bazaar*.  Accordingly, MSG is well-qualified to perform these services and assist the Committee in these Chapter 11 Cases.

### **Disinterestedness**

4.      In connection with its proposed retention by the Committee, MSG undertook searches to determine, and to disclose, whether MSG is or has been engaged by, or has other relationships with, the Debtors or the other individuals or entities that the Debtors identified as being potential parties in interest in these Chapter 11 Cases (the "Potential Parties in Interest"), whose specific names were provided to the Committee and MSG by the Debtors, set forth on **Schedule 1** attached hereto.  A listing of the Potential Parties in Interest with such connections to MSG is attached hereto as **Schedule 2**.

5.      Furthermore, through reasonable inquiry, I do not believe that any of the persons who are expected to provide the Professional Services to the Committee pursuant to the Engagement Letter have any known relation to the United States Bankruptcy Judges for the District of Delaware or the U.S. Trustee for Region 3 or those employed by the Office of the U.S. Trustee for Region 3, District of Delaware.

6.      The above searches resulted in the disclosures set forth herein and on **Schedule 2**. Accordingly, subject to the statements made in this Declaration, to the best of my knowledge, information, and belief, based on the searches and queries described above, I believe that MSG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that neither MSG nor any person expected to provide the Professional Services to the Committee pursuant to the Engagement Letter:  (a) is a

creditor, an equity security holder, or an insider of the Debtors; (b) is or was, within two years

before the Petition Date, a director, officer, or employee of the Debtors; and (c) has an interest

materially adverse to an interest of the Debtors' estates or of any class of creditors or equity

security holders, by reason of a direct or indirect relationship to, connection with, or interest in,

the Debtors or for any other reason.  Accordingly, I believe that MSG is eligible for retention by

the Committee.

### Scope of Services

7.      Subject to further order of the Court, and as set forth more fully in the Engagement

Letter outlined herein, in consideration for the compensation contemplated therein, MSG will

render the following services, (the "Professional Services"), which are performed at the

Committee's request, as agreed to by MSG and consistent with and pursuant to the terms and

conditions of the Engagement Letter:

> MSG agrees to consult with counsel for the Committee, and if requested by the
> Committee, provide one or more expert opinions and reports, and, if necessary,
> deposition and/or trial/hearing testimony in any litigation or contested matter
> regarding the valuation of the Debtors and/or certain of the Debtors', or affiliates
> of the Debtors' assets.  Any opinions, and, if requested, report rendered will be
> based on methods and techniques that MSG considers appropriate under the
> circumstances.
>
> Any opinions rendered shall represent the opinions of MSG based upon information
> and documents provided by Counsel and/or obtained in discovery, or upon such
> other sources as MSG considers appropriate.

8.      Should the Committee request that MSG perform additional services not

contemplated by the Engagement Letter, the Committee and MSG will agree mutually upon such

services and fees in writing in advance of the provision of such services.  In the event that the

additional services require an amendment to or statement of work with respect to the Engagement

Letter, or entry into a separate engagement letter, I understand that the Committee shall file notice

of such documents with the Court, together with a supplemental declaration if appropriate, in

accordance with the Court's approval procedures and the terms of the Proposed Order.  Provided that no objection is timely filed to the proposed services and agreements, MSG will continue to provide the requested services subject to any prior order entered by the Court on MSG's retention.

9.      Subject to MSG's compliance with applicable professional standards in performing the contracted-for services, MSG shall cooperate with the Committee to avoid unnecessary duplication of services provided by MSG and any of the Committee's other retained professionals in these Chapter 11 Cases.

10.      At the Committee's request, MSG began providing services to the Committee prior to the filing of the Application in anticipation that its retention would be approved retroactive to March 17, 2025.  MSG believes that the circumstances warrant retroactive approval.

## Professional Compensation

11.      Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, MSG is providing the Professional Services under an hourly fee arrangement. The current standard hourly rates of MSG personnel are as follows:

| Name | Title | Rate/hr |
|------|-------|---------|
| Brad Orelowitz, CPA | Managing Director | $950.00 |
| Paul Dionne | Director | $750.00 |
| | Managers | $550.00 - $650.00 |
| | Senior Analysts | $400.00 - $600.00 |
| | Analysts | $275.00 - $450.00 |
| | Paraprofessional | $175.00 |

12.      MSG will invoice the Committee for actual, reasonable, and necessary expenses incurred in providing the Professional Services during these Chapter 11 Cases.

13.      MSG's retention by the Committee is conditioned upon its ability to be retained in accordance with its customary terms and conditions of engagement, including the proposed compensation arrangements set forth in the Engagement Letter.  MSG believes that the Fee and Expense Structure in the Engagement Letter is consistent with, and typical of, compensation

arrangements charged by professional services firms of similar caliber and experience for engagements of similar size and complexity, both in and out of bankruptcy. MSG further believes that the Fee and Expense Structure is market-based and reasonable considering MSG's knowledge and experience.

14.     MSG has not received any payments from the Committee during the year prior to the Petition Date. The Committee does not have an advance retainer with MSG, and no advance retainer was in place during the 90 days immediately preceding the Petition Date.

15.     MSG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

16.     The terms and conditions of the Engagement Letter were negotiated at arm's length and reflect the parties' mutual agreement as to the substantial efforts that will be required by this engagement.

17.     MSG has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration.  MSG has no agreement with any non-affiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2025

By: */s/ Brad Orelowitz*_____
      Brad Orelowitz
      Managing Director
      Back Bay Management Corporation
      and its division, The Michel-Shaked
      Group

**<u>Schedule 1</u>**

**Entity List**

**Franchise Group, Inc.**
**Parties In Interest List**

**Debtor Entities & Related Subsidiaries**

American Freight FFO, LLC
American Freight Franchising, LLC
American Freight Franchisor, LLC
American Freight Group, LLC
American Freight Holdings, LLC
American Freight Management Company, LLC
American Freight Outlet Stores, LLC
American Freight, LLC
B. Riley Receivables II, LLC
Betancourt Sports Nutrition, LLC
Buddy's Franchising and Licensing LLC
Buddy's New Co, LLC
Educate, Inc.
Franchise Group Acquisition TM, LLC
Franchise Group Intermediate AF, LLC
Franchise Group Intermediate B, LLC
Franchise Group Intermediate BHF LLC
Franchise Group Intermediate Holdco, LLC
Franchise Group Intermediate L, LLC
Franchise Group Intermediate PSP, LLC
Franchise Group Intermediate S, LLC
Franchise Group Intermediate SL, LLC
Franchise Group Intermediate V, LLC
Franchise Group New Holdco, LLC
Franchise Group Newco BHF, LLC
Franchise Group Newco PSP, LLC
Franchise Group Newco S, LLC
Franchise Group Newco SL, LLC
Franchise Group Newco V, LLC
Franchise Group, Inc.
Freedom VCM Holdings, LLC
Freedom VCM Interco Holdings, Inc.
Freedom VCM Interco, Inc.
Freedom VCM Receivables, Inc.
Freedom VCM, Inc.
Home & Appliance Outlet LLC
Pet Supplies "Plus", LLC
PSP Distribution, LLC
PSP Franchising, LLC

PSP Group, LLC
PSP Midco, LLC
PSP Service Newco, LLC
PSP Stores, LLC (Ohio)
PSP Subco, LLC
Valor Acquisition, LLC
Vitamin Shoppe Florida, LLC
Vitamin Shoppe Franchising, LLC
Vitamin Shoppe Global, LLC
Vitamin Shoppe Industries LLC
Vitamin Shoppe Mariner, LLC
Vitamin Shoppe Procurement Services, LLC
W.S. Badcock Corporation
WNW Franchising, LLC
WNW Stores, LLC

**5% or Greater Equity Holders**

B. Riley Private Shares 2023-2 QP, LLC
B. Riley Securities, Inc.
BRF Investments, LLC
Brian Kahn and Lauren Kahn Joint Tenants by Entirety
Vintage Opportunity Partners, L.P.

**Directors and Officers**

Aaron Granger
Alissa Ahlman
Andrew Kaminsky
Andrew Laudato
Andrew M. Laurence
Anthony Block-Belmonte
Brian Hoke
Bryant R. Riley
Chris Meyer
Christopher Rowland
Daniel McNamara
Eric Seeton
Jacob Jones
Jeff Van Orden
Jeffrey Seghi
Jemma Lawrance
John Hartmann

Kenneth Miles Tedder
Lee Wright
Michael Bennett
Mike Gray
Muriel Gonzalez
Neal Panza
Norman McLeod
Peter Corsa
Philip Etter
Teresa Orth
Tiffany McMillan-McWaters
Todd Arden
Todd Evans

### Administrative and Collateral Agents
Alter Domus (US) LLC
JPMorgan Chase Bank, N.A.

### Significant Suppliers and Vendors
A TEAM SALES LLC
Affordable Furniture Mfg Inc
Alani Nutrition
American Agco (ADMC)
Animal Supply Co Lone Star
Animal Supply Co Wholesome
Ashley Furniture Industries Inc
Brodnax Printing Company I, LLC dba
Brodnax 21c Printers
California Pet Partners LLC
Capstone Nutrition
CRAMCO
Crown Mark Imports Inc
DAS LABS LLC
Elytus Ltd
Enterprise FM Trust
Flexport
Florida State Games Inc.
Garden of Life
Generis Tek Inc
GHOST, LLC.
Gorilla Mind
KFM247 LTD
KITH FURNITURE
Korber Supply Chain US, Inc.
LUMISOURCE, LLC
Marcone Appliance Parts Company

Mars Petcare
Media Works, Ltd.
Merrick Pet Foods Inc
Meta Platforms, Inc.
MMXXI Investments LLC
Nutrivo, LLC
ODP BUSINESS SOLUTIONS, LLC
(OFFICE DEPOT)
One Stop Facilities Maintenance Corp
Optimum Nutrition
Origin
Peak Living
Phillips Lansing Facility
Planitretail LLC
Prime Hydration LLC
PRO-FORM LABORATORIES
QUEST NUTRITION, LLC
Raw Sport Supplement Company
REDCON 1
Royal Canin
Ryse Up Sports Nutrition LLC
Seaboard International Forest Products LLC
Sealy Mattress Company
SEMINOLE FURNITURE
STEVE SILVER COMPANY
Uber Freight US LLC
Velosio LLC
VITALITY WORKS, INC
WEX BANK

### Top Unsecured Creditors (as of 10.10.24)
ALBANY INDUSTRIES INC
Alphia Inc
Aquatic & Reptile - Central Garden & Pet
Arizona Nutritional Supplement
Assurant Inc.
Champion Petfoods USA
Climatic Home Products
COYOTE LOGISTICS
DELTA FURNITURE
Earth Animal Ventures
EHPLABS LLC
Elanco US Inc
ELEMENTS INTERNATIONAL GROUP
LLC

EMA Electrolux/Frigidaire
Force Factor Brands LLC
GE Appliances
GE General Electric-Haier US Appliance
GOOGLE
Hartz Mountain - VMX
Hill's Pet Nutrition
Kong Company
Living Style (Singapore) Pte. Limited
Lowes Companies Inc
M I Industries Inc
Madix Inc
Midwestern Pet Foods
Muebles Briss S.A. De C.V.(Marby)
Natural Balance Pet Foods Inc
Nestle Purina Petcare Company
Open Farm Inc
Order Groove Inc
O'Rourke Bros., Inc.
O'Rourke Sales Company
PEAK LIVING, INC.
Phillips Feed and Pet Supply
Premier Nutrition Company, LLC
Radio Systems Corporation
SEALY MATTRESS MANUFACTURING
COMPANY
Simmons Pet Food Inc
SOLSTICE SLEEP COMPANY
Spectrum Brands Pet LLC
STANDARD FURNITURE MFG CO INC
Stella and Chewys LLC
Surest/UnitedHealthcare Inc.
Titanic Furniture
Transform Holdco LLC (3PL)
UPS (Ocean Freight)
Vitamin Well USA LLC
Wellness Pet LLC
Weruva International Inc
Whirlpool
ZINATEX IMPORTS, INC

**Landlords & Lessors**
103rd STREET 6024, LLC
1210 Morena West LLC
1230 Zion, LLC
1700 Eubank, LLC

1997 GRP Limited Partnership
2151 Highland Partners, LLC
2885 Gender Road, LLC
30X30 34th Street Lubbock Partners,
LLC
3200 HWY 13, LLC
4100 Tomlynn Street-Rebkee, LLC and
Tomlynn Street-Fountainhead, LLC
4116 OBT Investments, LLC
425 Broadway RE Holdings LLC & 431
Broadway RE Holdings LLC
4801 Washtenaw LLC
5737-5848 North Elizabeth Street
Holdings, LLC
6001 Powerline, LLC
65 Holmes Investment Partners LLC
6588 LLC
7000 S May Ave, LLC
801 South Ft. Hood, LLC
900-71, LLC
A. Roland Kimbrell Trust
Acorn Ridge Properties LLC, JDM
Capital, LLC, MO Partners LLC,
Confluence Investment LLC
Afreight Holdings, LLC
AJDC 2, LLC
Albany Plaza Shopping Center LLC
Alisan LLC and Roseff LLC
All American Association, LLC and
Yvonne Keff
Allentex, LP
Amerco Real Estate Company
AMG Properties Inc.
Amplify Credit Union
Anderson Plaza, LLC
Arch Village Management Realty LLC
Ares Holdings, L.L.C.
Arizona Mills Mall, LLC
AR-Park Shopping Center, LLC and
JSP-Park Shopping Center, LLC
Atlanta Industrial TT, LLC
B.J. McCord D/B/A McCord Business
Center
B33 Broadview Village LLC
Baldwin Gardens, Inc.
Bane Holdings of Tallahassee, LLC

Banner Partners, LLC
Bardstown S.C., LLC
BC Airport, LLC
Bell-51st, LLC
Belt 98, Inc.
Berryessa Plaza LLC
BG Plaza, LLC
Boatlanding Development Co., Inc.
Bostick Development, L.C.
BRC Hendersonville, LLC
BRE Mariner Venice Shopping Center LLC
BRE Retail NP Festival Centre Owner LLC
Brierwood Village LLC
Brighton Landmark, LLC
Brixmor Holdings 8 SPE, LLC
Brixmor SPE 5 LLC
Brixton Rogue, LLC
Brookhill V Acquisition, LLC
Brooksville Commercial Properties, LLC and Oak Tree Lane, LLC
Brown Deer Mall, LLC
Bruce Howe Trust
BSW/DMW Properties LLC
Cafaro Leasing Company, LTD.
Candler RD Plaza GA LLC
Cedar Golden Triangle, LLC
Centerpoint 550, LLC
Centerview Plaza, LLC
Central Mall Port Arthur Realty Holding, LLC
Certified Capital, LP, Horowitz Holdings, LLC, Asset Acquisitions, LLC, and 3610 Partners, GP
CETA Group Limited Partnership
Chapel Hills Realty LLC, Chapel Hills CH LLC, and Chapel Hills Nassim LLC
Charleigh Davis and TCCB Properties
Chicago Title & Trust Company, As Trustee Under Trust Agreement Dated 10/10/1984 and Known as Trust No. 1086065
Chillicothe Shopping Center, LP
Chris McCarty Company, LLC
Cielo Paso Las Tiendas, L.P.
Circle City Property Group Inc.
Citimark Charleston, LLC
CJM Limited Liability Limited Partnership
Clear Creek Brothers - CV, LLC
Clear Lake Center, L.P.
Clendenin Partners
CLPF-Essex Green, LLC
Cobblestone Square Company, Ltd.
ColFin 2015-2 Industrial Owner, LLC
Colony Mills Enterprises, LLC
Combined Properties Limited Partnership
Commercial Properties Associates, LLP
Concord Retail Investment Group, LLC
Core MR Westview, LLC
Costco-Innovel Owner LLC
Costco-Innovel Properties LLC
Creekstone/Juban I, LLC
Crossing Point LLC
Crossroads Centre II, LLC
Crossroads Plaza, LLC
Crossroads Sunset Holdings, LLC
Cuyahoga Investments, LLC
CWP/Arlington LLC
D3 New Albany, LLC
Daniel G. Kamin Wadsworth Enterprises
Daniel P. Hagaman
Danville Riverside Partners, LLC
Daytona Commons, LLC
DCT Presidents Drive LLC
DDR Carolina Pavilion LP
Dennis R. Phillips Revocable Trust
Derby Improvements, LLC
DES 2015, LLC and CJCM, LLC-Series CV505
Dixie Manor, LLC
Donna M. Rainwater & Larry J. Rainwater
Donna Rainwater Reece, Larry J. Rainwater, R. Bryan Whitmire and Karla J. Whitmire
Douglas C. Foyt and Trailers for Sale or Rent, Inc.
Dyn Sycamore Investments, L.L.C.
E & L Investments LLC

E.W. Thompson, Inc.
Eagle Water, LLC
Eagle-North Hills Shopping Centre LP
Eastlake Edison LLC and Eastlake
Milford LLC
Economy Square, Inc.
Ellis Chai LLC
Esue LLC
Ethan Conrad Properties, Inc.
Excel Realty Partners, L.P.
ExchangeRight Value-Add Portfolio 2
Master Lessee, LLC
F.M.K., LLC
Fairview Heights Realty, LLC and
Fairview Nassim LLC
Fall River Shopping Center North, LLC
Faye Gross
Fiddler's Run, LLC
Fivel Family, LLC
Fox Jr. Development Inc.
Franklin Mills Associates Limited
Partnership
Franklin Towne Plaza LLC
Frayer Enterprises, LLC
Fredric Singer
Front Street Kansas City, LLC
FSC West Covina, LLC
FSH Galleria Plaza, LLC
G&I X Industrial IN LLC
Gamble Brothers, LLC
Gary Mehan, DBA G.M. Properties
Gateway Retail Partner III, LLC
Gateway South, LLC #1
GBUZZ, LLC
GCP Boom, LLC
Giuffre IV, LLC
GKI Industrial Dallas, LLC
Glendale Galleria Center, LLC
GLL BVK Properties, L.P.
Gosula Holdings Ltd.
Gravois Bluffs East 8-A, LLC
Greater Orlando Aviation Authority
Greenfield Plaza LLC
Greenlight Development, LLC
GRH Goodyear LLC, Gaston Holdings
LLC, and MRH Venture Capital LLC

Gridley Square Property, LLC
GS Centennial LLC
Gulson Retail LLC
Halltown Farms, LLC
Hankins Real Estate Partnership
Hart & Hart Corp.
Henry Fine Trust
Hidden Hill Road Associates, LLC
High Cotton Palisades, LLC, High
Cotton Shoals, LLC and Pharo Palisades
I, LLC
Himaloy Taylor LLC
HM Peachtree Corners I LLC
Hogan Holdings 56, LLC
HV Center LLC, HV Center TIC 1 LLC,
and HV Center TIC 2 LLC
IH 35 LOOP 340 INVESTORS, LTD.
IH-10 Hayden, Ltd.
Indian Trail Square, LLC
Inland Commercial Real Estate Services
LLC
Innovation Realty IN, LLC
Integra CRE, LLC
IRC Park Center Plaza, L.L.C.
Ireland Corner, LLC
Isador Schreiber & Associates, LLC
J & F Gainesville Properties, LLC
J&L Development Company, LLC
Jackson Street Group, LLC
Jeffnan U.S.A. Inc.
JHG Properties, LLC
JMK5 Winchester, LLC
JMW Hebron, LLC
Joe Amato East End Centre, LP
JRF Texas Properties, LLC
JSM Land Group, LLC
Kelley Commercial Realty, LLC and
Stephanie D. Kelley
Keyser Oak Investors, LLC
KGI Military LLC
Kin Properties Inc.
Kings Mountain Investments
Kingsport Green AC Managing
Company, LLC
Kinsman Investors
Kitty Wells, Inc.

KMD, LLC
KRG Houston Royal Oaks Village II, LLC
KRG Plaza Green, LLC
L.W. Miller Holding Company
Laurie Industries, Inc., Kinpark Associates and Fundamentals Company
LAWRENCE F. KOLB & CATHERINE M. KOLB, TRUSTEES OF THE LAWRENCE F. KOLB AND CATHERINE M. KOLB JLRT U/A/D APRIL 12, 2018 and 2233 & 2235 MO BLVD, LLC
LBD Properties, LLC
LCRF, LLC
LDC Silvertree, LLC
Leland J3, LLC
Leveraged Holdings, L.L.C.
Lexington 2770, LLC
Lichtefeld Development Trust
Lidl US Operations, LLC
Lincoln Associates
LIT-ENVP Limited Partnership
LoLo Enterprises, LLC
Lovell 2.5, LLC
LU Candlers Station Holdings, LLC
Lynch Butler
M3 Ventures, LLC
Macon Center, LLC
Malco T.I.C.
Mall at Potomac Mills, LLC
Marathon Management, LLC
Marc NaperW LLC and NaperW, LLC
MarketFair North, LLC
McRae Mortgage & Investments, LLC
Meditrina Properties, LLC
Melvin C. McClung, Trustee of the Tommie Louise McClung Family Trust
Menard, Inc.
Merchant 33 LLC
Merchant's Investors, LLC
Meredith, Inc.
Midwest Commercial Funding, LLC
Missouri Boulevard Investment Company, LLC
Mobile Highway 4500, LLC

Mojack Holdings, LLC
Mongia Capital Michigan, LLC
Moon Village, LLC
Morningside Plaza, L.P.
MR Stealth LLC
Muenchens Unlimited, LLC
NDF III MJ Crossing, LLC
New Bern Development LLC
New Plaza Management, LLC
Newport Crossing Investors, LLC
Niagara Falls 778, LLC
North County Columbia Realty, LLC
Northern McFadden Limited Partnership
Northside Village Conyers, LLC
Northtowne Center Investors, LLC
Oak Forest Group, LTD
Okee Realty Associates, LLC
Old Orchard, LLC
One Home Realty, Inc.
One Land Company, LLC
One Oak Investments, LLC
Osborne Properties Limited Partnership
Oxford Street Huntsville
P & S Axelrod, L.L.C.
P&H Investments, LLC
Pacifica Muskegon, LLC
Parker-Anderson, LLC
Parkway Mall, LLC
PCRIF Spring Park Holdings, LLC
Pensacola Corners LLC
PFIILP - Parr Boulevard, LLC
Pilchers Summit Limited Partnership
Pinellas Park Square, LLC
Piqua Investment Partners, LLC
PK II El Camino North L.P.
Plaza North Shopping Center, LLC
Polk County Partners, LLC
Port St. Lucie Plaza I, II, III, LLC
Prattville Partners, Limited Partnership
Prologis Targeted U.S. Logistics Fund, L.P.
Pullman Square Associates
Rainbow Investment Co.
Randall M. Schulz
Ravi Randal Investment Group, LLC
RE Pecan, LLC

Realty Income Corporation
Regions Bank as Trustee of the Thomas
H. Willings Jr. Family Trust
Repwest Insurance Company
Richard Briggs and John Nathan Briggs,
as Trustees of the Stephanie R. Briggs
Irrevocable Trust dated October 15,
2009; and Stephanie R. Briggs and John
Nathan Briggs, as Trustees of the
Richard M. Briggs Irrevocable Trust
dated October 15, 2009
Ridgewater Commerce LLC
Rini Realty Company
River Oaks Properties, Ltd.
Riverdale Center North, LLC
Riverplace Shopping Center, LLC
Rock N Roll Development, LLC
Rockhill Center, LLC
Rodi Road 501, LLC
Rogers Commercial Properties, LLC
Rose & Rose, LLC
RPI Ridgmar Town Square, Ltd.
RRG LLC
Sabatine BK Development, LLC
Saia Family Limited Partnership
Sarabara Corp.
Sav 15000 Abercorn, LLC
Sears Authorized Hometown Stores,
LLC
SEK 7753, LLC
Shrewsbury Village Limited Partnership
Sissel Juliano
SJN Realty Holdings, LLC
Slidell Athletic Club Property, L.L.C.
Somera Road - Athens Georgia II, LLC
South Tulsa Storage, LLC
Southern Hills Center, Ltd.
Southgate Properties, LLC
Southtown Plaza Realty LLC and
Southtown Nassim LLC
Southview Dothan Investors, LLC
Space For Lease of Tennessee
State Road 4201, LLC
Stature High Ridge, LLC
Sterling Equities II, LLC
Stewart & Hamilton Properties, LLC

Stone Mountain Square Shopping
Center, LLC
SVR Investments, LLC
SW 17th Street 1010, LLC
Sylvan Park Apartments, LLC
T.B.R. Property Group, LLC
T18 Investments, LLC
Tanglewood Venture, LLC
TB Garrett Creek, LLC
TBF Group Battle Creek, LLC
TCP Enterprise Parkway, LLC
Tejas Center, LTD.
Tenalok, LLC
Texas Main Street, LLC
The Collins Investment Trust
TKC CCXXXIX, LLC
TKG Colerain Towne Center, LLC
TKG Cranston Development, L.L.C.
TKG Fairhaven Commons, LLC
TLP 4782 Muhlhauser LLC
Tops Holding, LLC
Town Real Estate Enterprises, LLC
Tucson Speedway Square, LLC
Tumon Bay Resort & Spa, LLC
Turfway Baceline, LLC
Two by Two Properties, LLC
Tyer Heirs Separate Property, LLC
University Realty Associates, LLC
US Investments
Victory River Square, LLC
Vishal Kalmia Plaza, LLC
W.H. Warehouse, L.L.C.
Wal-Austin, LLC
Warner Robins Perlmix, LLC
Watson Village Retail, LLC
Waverly Plaza Shopping Center, Inc.
West County Investors, LLC
Weston SCIP 2 LLC
Westphal Leasing, LLC
Westside Village Shopping Center of
Rome, Inc.
WFD Investments, L.L.C.
White Lane, LLC
Whitehall Crossing D, LLC
William Shane Courtney
Woodcrest Akers, LLC

Woodforest Mini-City Partners, LP and
JLCM Partners, LP, TIC
Wylds 1708, LLC
YEK #9, LLC
York Realty Investment, LLC

**Significant Counterparties to Material Agreements**
CAPTURIS
Engie Resources LLC

**Significant Litigation Matters**
Charles Knight
Health Advocate
Gale et al [Class Action]
Joseph F Gazzo III
Matthew Giffuni
Quadre Investment Advisors LLC
Buddy's Mac Holdings, LLC
**Professionals**
AlixPartners LLP
Davis Polk & Wardwell LLP
Deloitte & Touche LLP
Ducera Partners LLC
Ernst & Young
Evercore LP
Foley & Lardner LLP
Gordon Rees Scully Mansukhani, LLP
Gordon Brothers Asset Advisors, LLC
Grant Thornton LLP
Guggenheim Securities, LLC
Hilco Merchant Resources, LLC
Hilco Real Estate, LLC
Holland & Knight, LLP
Kroll Restructuring Administration LLC
Landis Rath & Cobb LLP
Latham & Watkins LLP
Lazard Group LLC
M3 Advisory Partners, LP
Morris, Nichols, Arsht & Tunnell LLP
Paul Hastings LLP
Paul, Weiss, Rifkind, Whaton & Garrison LLP
Petrillo Klein & Boxer LLP
Porter Wright Morris & Arthur LLP
Ryan, LLC

Sheppard Mullin Richter & Hampton LLP
Troutman Pepper Hamilton Sanders LLP
White & Case LLP
Willkie Farr & Gallagher LLP
Young Conaway Stargatt & Taylor, LLP

**Other Parties**
BCDC Portfolio Owners LLC
BCHQ Owner LLC
National Retail Properties, LP

**DE - Judges**
Chan, Ashely M.
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F.

**DE – Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Elizabeth Thomas
Fang Bu
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jonathan Lipshie
Jonathan Nyaku
Joseph Cudia
Joseph McMahon
Lauren Attix
Linda Casey
Linda Richenderfer
Malcolm M. Bates
Michael Girello

Nyanquoi Jones                          Shakima L. Dortch
Richard Schepacarter                    Timothy J. Fox, Jr.
Rosa Sierra-Fox

## Schedule 2

## Identified Connections

| Party | Connection Role |
|---|---|
| AlixPartners LLP | MSG was engaged in cases involving AlixPartners. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| Davis Polk & Wardwell LLP | Davis Polk & Wardwell LLP is a former client of MSG. This relationship is unrelated to the Debtors and these Chapter 11 cases. |
| Ernst & Young | MSG was engaged in cases involving Ernst & Young. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| Guggenheim Securities, LLC | MSG was engaged in cases involving Guggenheim Securities, LLC. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| Holland & Knight, LLP | Holland & Knight, LLP is a former client of MSG. This relationship is unrelated to the Debtors and these Chapter 11 cases. |
| JPMorgan Chase Bank | MSG was engaged in cases involving JPMorgan Chase Bank. These engagements were unrelated to the Debtors and these Chapter 11 cases. Additionally, employees at MSG have a banking relationship with JPMorgan Chase Bank. |
| Latham & Watkins LLP | Latham & Watkins LLP is a former client of MSG. This relationship is unrelated to the Debtors and these Chapter 11 cases. |
| Lazard Group LLC | MSG was engaged in cases involving Lazard Group LLC. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| The Honorable Karen B. Owens, United States Bankruptcy Judge, District of Delaware | An employee of MSG was on a panel with Judge Owens at a conference. This panel was unrelated to the Debtors and these Chapter 11 cases. |
| Paul Hastings LLP | MSG was engaged in cases involving Paul Hastings LLP. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| Paul, Weiss, Rifkind, Whaton & Garrison LLP | MSG was engaged in cases involving Paul, Weiss, Rifkind, Whaton & Garrison LLP. These engagements are unrelated to the Debtors and these Chapter 11 cases. |
| Bryant R. Riley | MSG was engaged in cases involving Bryant R. Riley. These engagements were unrelated to the Debtors and these Chapter 11 cases. |
| White & Case LLP | White & Case LLP is a former client of MSG. This relationship is unrelated to the Debtors and these Chapter 11 cases. |
| Willkie Farr & Gallagher LLP | Willkie Farr & Gallagher LLP is a former client of MSG. This relationship is unrelated to the Debtors and these Chapter 11 cases |

# EXHIBIT C

## Engagement Letter

# THE MICHEL-SHAKED GROUP

2 PARK PLAZA, SUITE 500, BOSTON, MA 02116
TEL 617 426 4455    FAX  617 426 6555
www.michel-shaked.com

March 20, 2025

Alan J. Kornfeld
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067

      Re:  *In re Franchise Group, Inc. et al.; Case No. 24-12480 (JTD)*

Dear Mr. Kornfeld:

     This letter, when fully executed, will constitute an engagement agreement ("Agreement") between Back Bay Management Corporation and its division, The Michel-Shaked Group ("BBM Corp./MSG"), and Pachulski Stang Ziehl & Jones LLP ("Counsel"), as legal advisors to the Official Committee of Unsecured Creditors (the "Committee") of Franchise Group, Inc. ("FRG") and its related affiliates (collectively, the "Debtors") in the bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") upon the terms and conditions set forth below.

      1.    <u>Scope of Engagement</u>: BBM Corp./MSG agrees to consult with you and, if requested by the Committee, provide one or more expert opinions and reports, and, if necessary, deposition and/or trial/hearing testimony in any litigation or contested matter regarding the valuation the Debtors and/or certain of the Debtors', or certain affiliates of the Debtors' assets. Any opinions, and, if requested, report rendered will be based on methods and techniques that BBM Corp./MSG considers appropriate under the circumstances.

            Any opinions rendered shall represent the opinions of BBM Corp./MSG based upon information and documents provided by Counsel and/or obtained in discovery, or upon such other sources as BBM Corp./MSG considers appropriate.

      2.    <u>Fees</u>:  Time charges per hour are as follows:

*In re Franchise Group, Inc.*
March 20, 2025
Page 2

| Name | Title | Rate/hr |
|------|-------|---------|
| Brad Orelowitz, CPA | Managing Director | $950 |
| Paul Dionne | Director | $750 |
| | Managers | $550 - $650 |
| | Senior Analysts | $400 - $600 |
| | Analysts | $275 - $450 |
| | Paraprofessional | $175 |

Out-of-pocket expenses are in addition to the time charges. BBM Corp./MSG periodically reviews and changes its billing rate structure. The hourly rates set forth herein are subject to periodic change by BBM Corp./MSG. In the event a change of rate occurs during the course of this engagement, those changes will be discussed with Counsel prior to their enactment.

Payment of BBM Corp./MSG's fees and expenses shall be subject to payment by the Debtors and allowance by the Bankruptcy Court, on an interim and final basis (as applicable), in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and any applicable orders in these bankruptcy cases governing the compensation of estate professionals.

3.    <u>Corporate Obligation</u>:  The obligations of BBM Corp./MSG are solely corporate obligations, and no officer, director, employee, agent, shareholder or controlling person shall be subject to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement or any person relying on the opinions rendered. Any such officer, director, employee, agent, shareholder or controlling person shall be entitled to recover all legal fees incurred in enforcing this provision.

4.    <u>Conflicts</u>: BBM Corp./MSG is not aware of any situations that appear to represent potential or actual conflicts of interest. However, should any such matters arise, BBM Corp./MSG will bring them to your attention promptly, and we will use reasonable efforts to learn of any potential conflicts.

5.    <u>Choice of Law, Release, and Dispute Resolution</u>:  This Agreement shall be governed by the laws of Delaware, and any disputes arising out of or related to this engagement will be subject to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware.

*In re Franchise Group, Inc.*
March 20, 2025
Page 3

6.    <u>Marketing Rights</u>: Upon the completion of BBM Corp./MSG's involvement, Counsel hereby grants BBM Corp./MSG the right to use its name in conjunction with this matter for regular, on-going marketing purposes that BBM Corp./MSG conducts.

7.    <u>Term</u>: BBM Corp./MSG's obligation to perform services pursuant to this Agreement will terminate upon the earlier of 30 days' written notice by either party or the settlement of, or final judgment or order with respect to, the matters described herein. Termination will not affect the Debtors' obligation to pay for services performed and expenses incurred by BBM Corp./MSG on or before the effective date of termination, subject to Bankruptcy Court approval.

8.    <u>Miscellaneous</u>: This Agreement may be executed in counterpart originals. Electronic mail and facsimile copies of this agreement will be considered as originals for all purposes.

We trust that the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to BBM Corp./MSG.

Sincerely,

BACK BAY MANAGEMENT CORPORATION
and its division
THE MICHEL-SHAKED GROUP

By _____    Dated: _3/20/2025_____
    Brad Orelowitz
    Managing Director

The foregoing has been read, understood and approved, and the undersigned does hereby agree to retain Back Bay Management Corporation and its division The Michel-Shaked Group upon the terms and provisions contained herein.

*In re Franchise Group, Inc.*
March 20, 2025
Page 4


PACHULSKI STANG ZIEHL & JONES LLP, as counsel and authorized representatives of the Committee.


By      */S/Alan J. Kornfeld*                                          Dated:   3/20/2025
        Alan J. Kornfeld
        Partner