# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: April 18, 2025 at 4:00 p.m. (ET)<br>Hearing Date: May 6, 2025 at 11:30 a.m. (ET) |

**APPLICATION OF DEBTORS FREEDOM VCM INTERCO, INC. AND FREEDOM VCM, INC. FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CHILMARK PARTNERS, LLC AS FINANCIAL ADVISOR TO THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, EFFECTIVE AS OF FEBRUARY 26, 2025**

Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (each, a "Retaining Debtor" and, together, the "Retaining Debtors" and, together with their debtor affiliates in the above-captioned cases, collectively, the "Debtors"), respectfully submit this application (this "Application") for entry of an order (the "Proposed Order"), substantially in the form attached

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

hereto as **Exhibit A**, pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Chilmark Partners, LLC ("Chilmark") to render financial advisory services to Michael J. Wartell, as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards of directors of each of the Retaining Debtors (each, a "Board" and, together, the "Boards"). In support of this Application, the Retaining Debtors submit the declaration of Michael J. Kennedy, a Member of Chilmark, (the "Kennedy Declaration"), attached hereto as **Exhibit B**, and respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 330, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.[2]

---

[2] Pursuant to Local Rule 9013(f), the Retaining Debtors hereby consent to entry of final orders or judgments by the Court on this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference. The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases [Docket No. 188]. No trustee or examiner has been appointed in these Chapter 11 Cases.[3]

6. On January 15, 2025, the Court entered an order appointing a fee examiner in these Chapter 11 Cases [Docket No. 747] (the "Fee Examiner Order").

7. On December 13, 2024, in response to assertions by certain stakeholders that the interests of the Retaining Debtors were not being independently represented by their existing Boards, the Boards of each of the Retaining Debtors appointed Mr. Wartell as an independent and disinterested director. Further, the Boards established the Conflicts Committees comprised solely of Mr. Wartell and delegated to Mr. Wartell the authority to investigate all matters relating to any claims, rights and causes of action that may be held by or against the Retaining Debtors.

---

[3] On November 20, 2024, an ad hoc group filed the *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Docket No. 192]. The Court entered an order denying this motion on December 18, 2024 [Docket No. 460]. An appeal of the Court's order denying the motion is pending before the United States District Court for the District of Delaware.

8. On January 9, 2025, the Boards clarified the scope of Mr. Wartell's delegation to include the power to investigate claims the Retaining Debtors may have against the directors and officers of the Retaining Debtors, solely in their capacities as such.

9. On February 14, 2025, the Boards further expanded the scope of Mr. Wartell's delegation to include (a) the power to investigate claims the Retaining Debtors may have against the First Lien Lenders and/or the DIP Lenders (each as defined in that certain *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc., and its Affiliates* [Docket No. 1014]), solely in their capacities as such, (b) certain rights, authority, and powers in connection with any matters in which a conflict of interests exists or is reasonably likely to exist between the each of the Retaining Debtors, as applicable, on the one hand, and any related party, on the other hand, as reasonably determined by the Conflicts Committee (each, a "Conflicts Matter") and (c) to consider, evaluate, and negotiate any strategic transaction or series of strategic transactions for the applicable Retaining Debtors and their stakeholders in connection with these Chapter 11 Cases (a "Transaction") to the extent such Transaction constitutes a Conflicts Matter (such authority delegated to Mr. Wartell by the Board, as described above, the "Delegated Authority," and such related investigation,  the "Freedom Holdco Investigation").[4]

10. Moreover, in connection therewith, the Retaining Debtors authorized the Independent Director to retain any employ legal, financial and other advisors in connection therewith.

---

[4] The February 14, 2025 delegation to Mr. Wartell does not predetermine whether any matter is a Conflicts Matter. Mr. Wartell has the sole authority to determine whether a matter constitutes a Conflicts Matter, including whether any of the Transactions contemplated under the Plan constitutes a Conflicts Matter.  Such determination is binding on the applicable Retaining Debtor.  To the extent Mr. Wartell determines that a Transaction constitutes a Conflicts Matter, then Mr. Wartell has sole authority to act and bind the applicable Retaining Debtor to the extent of the applicable Conflicts Matter.

11. On February 26, 2025, Mr. Wartell, in his capacity as Independent Director, selected Chilmark as his financial advisor, in accordance with the terms and conditions set forth in that certain engagement letter (the "Engagement Letter"), attached hereto as **Exhibit C**. The Engagement Letter provides that the Retaining Debtors agree to take all necessary steps to obtain funding sufficient to pay all fees, expenses and other costs pursuant to the Engagement Letter, including, without limitation, obtaining proceeds from any postpetition financing in accordance with the terms and conditions of the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "Final DIP Order").

12. In accordance with the Proposed Order, following: (a) passage of the objection deadline for each of Chilmark's monthly fee statements, (b) entry of an order approving any of Chilmark's interim fee applications or final fee application or (c) any other authorization to pay Chilmark's fees and expenses pursuant to the Interim Compensation Order (defined below), the Fee Examiner Order or other order of the Court, the occurrence of any of the events in (a) – (c) above will be deemed a request by the Retaining Debtors for funds sufficient to pay Chilmark's authorized fees and expenses and the Borrowers (as defined in the Final DIP Order) have agreed to promptly, but in no event later than three (3) business days, remit payment to Chilmark, on behalf of the Retaining Debtors, for Chilmark's fees and expenses that are due and payable pursuant to such monthly fee statement or interim or final fee application, in accordance with the terms of the order approving Chilmark's retention, any order approving Chilmark's monthly fee statements, interim fee applications or final fee application, the *Order Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "<u>Interim Compensation Order</u>") and the Fee Examiner Order.

## RELIEF REQUESTED

14. By this Application, the Retaining Debtors seek to retain and employ Chilmark as financial advisor to provide advice and financial advisory services on behalf, and at the sole direction, of the Independent Director in connection with these Chapter 11 Cases, in accordance with the terms and conditions set forth in the Engagement Letter and as further described herein, effective as of February 26, 2025.

## RETENTION OF CHILMARK

14. The Retaining Debtors seek to retain Chilmark as financial advisor to the Independent Director due to Chilmark's recognized expertise in the restructuring field and specialization in providing financial advisory services in corporate restructurings and distressed situations. Chilmark is well suited to assist the Independent Director due to its extensive experience in restructurings which includes providing investment banking services, transaction execution, financial analysis, valuation, claims analysis, and expert testimony. Chilmark's senior professionals have backgrounds in finance, investment banking, executive and operations management, business consulting and accounting.

15. Significant chapter 11 restructurings in which Chilmark has been retained by order of the Court include *In re Zymergen Inc.,* Case No. 23-1161 (KBO) (Bankr. Del. Nov. 15, 2023) [Docket No. 183]; *In re In-Shape Holdings, LLC*, Case No. 20-13130 (LSS) (Bankr. Del. Jan. 20, 2021) [Docket No. 174]; *In re Gulfport Energy Corporation*, Case No. 20-35562 (CML) (Bankr. S.D. Tex. Jan. 27, 2021) [Docket No. 697], *In re Overseas Shipholding Group, Inc.*, Case No. 12-20000 (MFW) (Bankr. Del. Jan. 9, 2019) [Docket No. 273]; and *In re Nortel Networks Inc.*, Case No. 09-10138 (MFW) (Bank. Del. Mar. 31, 2010) [Docket No. 2814]. Chilmark has also been

retained by creditors or other parties in interest in connection with other significant chapter 11 restructurings including *In re Audacy, Inc.*, Case No. 24-90004 (CML) (Bankr. Del.); *In re Kabbage, Inc.*, Case No. 22-10951 (CTG) (Bankr. Del.); *In re Anna Holdings Inc. (Acosta)*, Case No. 19-12551 (CSS) (Bankr. Del.); *In re Innovative Mattress Solutions, LLC*, Case No. 19-50042 (GRS) (Bankr. E.D. Kentucky); *In re MGTF Radio Co. LLC (Steel City Media)*, Case No. 18-41671 (KAS) (Bankr. E.D. Missouri)*;* and *In re SuperMedia, Inc.*, Case No. 13-10546 (KG) (Bankr. Del.).

  16. In light of the above, Chilmark is both well qualified and uniquely able to advise the Independent Director in these Chapter 11 Cases in an efficient and timely manner.

## SCOPE OF SERVICES

  17. The Retaining Debtors respectfully submit that it is necessary and appropriate to retain and employ Chilmark to provide the following services to the Independent Director, among others:

(a) advise the Independent Director on financial matters related to the Freedom HoldCo Independent Investigation, including valuation and claims analysis;

(b) assist the Independent Director with the evaluation of various conflicts issues as directed by the Independent Director, or Akin on behalf of the Independent Director, in connection with the exercise of the Independent Director's Delegated Authority;

(c) evaluate intercompany transactions and relationships;

(d) perform recoveries analysis with respect to various stakeholders and related financial modeling, including with respect to proposed or contemplated settlements and releases;

(e) assist the Independent Director and his special counsel, as applicable, with the preparation, filing and prosecution of motions, applications or other pleadings filed by or on behalf of the Independent Director, including but not limited to the Independent Director's responses or objections to other parties' motions, applications or other pleadings, and. in each case, including attendance at depositions and provision of expert reports or testimony on case issues, as requested by the Independent Director; and

(f)  perform other financial advisory services as may be necessary to advise the Independent Director in connection with the Freedom HoldCo Independent Investigation, the Independent Director's Delegated Authority and such other issues that may arise in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

18.  Chilmark intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Fee Examiner Order and any other applicable procedures and orders of this Court.

19.  Subject to this Court's approval, Chilmark will charge for its financial advisory services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331, the Interim Compensation Order and the Fee Examiner Order. Chilmark's standard hourly rates are provided below:[5]

| Billing Category | Range |
|---|---|
| Managing Member | $1,650 |
| Members | $1,020 - $1,275 |
| Associates | $450 - $550 |

20.  It is Chilmark's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying charges, travel expenses, and computerized research. Chilmark will maintain detailed records of actual and necessary costs and expenses incurred in connection with the financial advisory services provided to the Independent Director.

---

[5]  Chilmark does not intend to seek any rate adjustments in these Chapter 11 Cases.

21. Chilmark will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules, the Interim Compensation Order, the Fee Examiner Order and any other applicable guidelines, procedures, or orders of the Court.

### CHILMARK'S DISINTERESTEDNESS

22. To the best of the Retaining Debtors' knowledge, information and belief, neither Chilmark, nor any Chilmark professional working on or connected to Chilmark's engagement, has any connection with the Debtors, their creditors or any other party in interest in these Chapter 11 Cases, or the Debtors' other attorneys or accountants, except as set forth herein and in the Kennedy Declaration.

23. As set forth in further detail in the Kennedy Declaration, Chilmark has certain connections with creditors and other parties in interest in these Chapter 11 Cases. Chilmark does not believe that any of these matters represents an interest materially adverse to the Debtors' estates or otherwise creates a conflict of interest with respect to the Debtors or these Chapter 11 Cases.

24. Based on the Kennedy Declaration, Chilmark is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a).

25. To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of Chilmark's retention, Chilmark will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**BASIS FOR RELIEF**

26. The Retaining Debtors seek to retain Chilmark on behalf of the Independent Director pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

27. Bankruptcy Rule 2014 requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

28. The Retaining Debtors seek approval of Chilmark's retention on behalf of the Independent Director on the terms of the Engagement Letter, including, without limitation, the fees and expenses described therein, pursuant to Bankruptcy Code section 328. Bankruptcy Code section 328 provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11. U.S.C. § 328(a).

29. For all the reasons stated above and in the Kennedy Declaration, the retention and employment of Chilmark as financial advisor to the Independent Director is warranted. Further, Chilmark is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as

required by Bankruptcy Code section 327(a), does not hold or represent an interest adverse to the Independent Director or the Debtors' estates and has no connection to the Debtors, their creditors or other parties in interest, except as disclosed herein and in the Kennedy Declaration.

## NOTICE

30. Notice of this Application has been or will be provided to: (i) the U.S. Trustee; (ii) the Committee; (iii) the Debtors; (iv) counsel to the ABL Lenders; (v) counsel to the Ad Hoc Group of First Lien Lenders; (vi) counsel to the Second Lien Term Loan Lenders; (vii) counsel to the Ad Hoc Group of HoldCo Lenders; (viii) counsel to the DIP Agent; (ix) counsel to the DIP Lenders; and (x) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Retaining Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

31. No previous application for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Retaining Debtors respectfully request that the Court (a) enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Chilmark as financial advisor to the Independent Director, effective as of February 26, 2025 and (b) provide the Retaining Debtors with such other and further relief as the Court may deem just, proper and equitable.

Dated: March 28, 2025  
Wilmington, Delaware

Respectfully submitted,

By: */s/ Michael J. Wartell*  
Michael J. Wartell, solely in his capacity as Independent Director and sole member of the Conflicts Committee of the Boards of each of the Retaining Debtors