**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. __ |

## ORDER AUTHORIZING DEBTORS FREEDOM VCM INTERCO, INC. AND FREEDOM VCM, INC. TO EMPLOY AND RETAIN CHILMARK PARTNERS, LLC AS FINANCIAL ADVISOR TO THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, EFFECTIVE AS OF FEBRUARY 26, 2025

Upon the application (the "Application")[2] of the Retaining Debtors for entry of an order (this "Order"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Retaining Debtors to retain and employ Chilmark as financial advisor to provide advice and financial advisory services in connection with these Chapter 11 Cases to the Independent Director, Michael J. Wartell, effective as of February 26, 2025, and upon the declaration of Michael J. Kennedy, a Member of Chilmark (the "Kennedy Declaration"); and the Court finding, based on the representations made in the Application and the Kennedy Declaration, that Chilmark does not represent any interest adverse to the Independent Director and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and appropriate and in the best interests of the Debtors' estates; and finding adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 327(a) and 330, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Retaining Debtors are hereby authorized and empowered to retain and employ Chilmark as their financial advisor to provide advice and financial advisory services in connection with these Chapter 11 Cases to the Independent Director, effective as of February 26, 2025, on the terms set forth in the Application, the Engagement Letter and the Kennedy Declaration.

3. Chilmark shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 328, 330 and 331, the Bankruptcy Rules, the Local Rules, the Interim

Compensation Order, the Fee Examiner Order and such other procedures as may be fixed by further order of this Court.

4. The Retaining Debtors shall take all necessary steps to obtain funding sufficient to pay all fees, expenses and other costs pursuant to the Application and the Engagement Letter, including, without limitation, obtaining proceeds from any postpetition financing in accordance with the terms and conditions of the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "Final DIP Order").

5. Upon (a) passage of the objection deadline for each of Chilmark's monthly fee statements, (b) entry of an order approving any of Chilmark's interim fee applications or final fee application, or (c) any other authorization to pay Chilmark's fees and expenses pursuant to the Interim Compensation Order, the Fee Examiner Order or other order of the Court, the occurrence of any of the events in (a) – (c) above shall be deemed a request by the Retaining Debtors for funds sufficient to pay Chilmark's authorized fees and expenses and the Borrowers (as defined in the Final DIP Order) shall promptly, but in no event later than three (3) business days, remit payment to Chilmark, on behalf of the Retaining Debtors, for Chilmark's fees and expenses that are due and payable pursuant to such monthly fee statement or interim or final fee application, in accordance with the terms of this Order, any order approving Chilmark's monthly fee statements, interim fee applications or final fee application, the Interim Compensation Order and the Fee Examiner Order.

6. To the extent that Chilmark uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, Chilmark shall (i) pass through the cost of such Contractors at the same rate that Chilmark pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to such conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (iv) file with this Court such disclosures as are required by Bankruptcy Rule 2014.

7. To the extent that there may be any inconsistency among the terms of the Engagement Letter, the Application, the Kennedy Declaration and this Order, the terms of this Order shall govern.

8. The Retaining Debtors, the Independent Director and Chilmark are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.