IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket No. 1084 |

**ORDER (I) AUTHORIZING
THE RETENTION AND EMPLOYMENT OF
HILCO DILIGENCE SERVICES, LLC AS FIELD EXAMINER
FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
AS OF FEBRUARY 10, 2025, (II) WAIVING CERTAIN REQUIREMENTS
IMPOSED BY LOCAL RULE 2016-1, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (a) authorizing the retention and employment of Hilco Diligence Services, LLC ("Hilco") so that it may perform

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

services as field examiner in accordance with that certain letter agreement dated February 10, 2025, by and between the Debtors and Hilco (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit 1**; (b) approving the terms of Hilco's employment and retention, including the fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth in the Engagement Agreement; (c) waiving certain requirements imposed by Local Rule 2016-1; and (d) granting related, all as more fully set forth in the Application; and upon the First Day Declaration and the Kaup Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

    1.    The Application is GRANTED on a final basis as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain Hilco as field examiner in accordance with the terms and conditions set forth in the Application and the Engagement Agreement.

3.      Except to the extent set forth herein, the Engagement Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Fee Structure and Indemnification Provision, are approved pursuant to section 328(a) of the Bankruptcy Code, and Hilco shall be compensated, reimbursed, and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Agreement, as modified by the Order.

4.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or orders of this Court, Hilco is not required to maintain time records or file monthly or interim fee applications; *provided* that Hilco shall (a) file a final fee application with a summary of fees earned and expenses incurred along with a summary of what fees and expenses have been paid and (b) submit invoices to the Debtors and the U.S. Trustee for the payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in accordance with the Engagement Agreement when such compensation becomes due and owing and such expenses are incurred.  Any invoices submitted pursuant to this paragraph 4 shall include a summary of (i) fees requested in the current invoice, (ii) fees paid pursuant to prior invoices, and (iii) an aggregate total of all fees requested.

5.      The Debtors, the U.S. Trustee, and the Creditor's Committee shall have 14 days to review and dispute any such invoice submitted by Hilco, and if no such disputes are received, without any further order of this Court, the Debtors shall be authorized to pay such Hilco invoices

in accordance with the terms of the Engagement Agreement. If an objection is received, the Debtors shall withhold the payment of the portion of the payment that is objected to and promptly pay the remainder and all objections that are not resolved shall be preserved and presented to this Court for determination.

6. The payment of all fees and reimbursement of all expenses pursuant to the Engagement Agreement shall be free and clear of all liens, claims, and encumbrances; *provided*, *however*, such fees and reimbursed expenses shall remain subject to disgorgement until this Court has approved Hilco's final fee application. Any and all rights of Hilco to contest or otherwise object to any such requests for disgorgement are hereby reserved.

7. The fees payable to Hilco pursuant to the Engagement Agreement shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

8. With respect to controversies or claims arising out of or in any way related to the Services in the Engagement Agreement notwithstanding any arbitration, dispute resolution, or exclusive jurisdiction provisions contained in the Engagement Agreement, any disputes arising under the Engagement Agreement shall be heard in this Court during the pendency of these chapter 11 cases.

9. The indemnification, contribution and reimbursement provisions included in the Engagement Agreement are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    (a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify Hilco in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Agreement for the time period arising after the Petition Date; *provided*, *however*, that the indemnified persons shall not be indemnified for any claim arising from

        services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

    (b)    notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of Hilco's obligations under the Engagement Agreement unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

    (c)    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Hilco believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Hilco must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; *provided*, *however*, that for the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Hilco. The U.S. Trustee shall retain the right to object to any request for indemnification by Hilco.

10.     None of the fees payable to Hilco under the Engagement Agreement shall constitute a "bonus" or fee enhancement under applicable law.

11.     During the course of these chapter 11 cases, any limitation of liability provisions in the Standard Terms and Conditions included in the Engagement Agreement shall have no force and effect.

12. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement, and this Order, the terms of this Order shall govern.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. The Debtors a are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: April 1st, 2025**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE