IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No.: 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 933** |

**LANDLORD'S RESPONSE AND RESERVATION OF RIGHTS REGARDING:**

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE CHILDSMILES GROUP, LLC, AKA ABRA HEALTH, LLC, TO DEBTORS' TWELFTH OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES AND A CERTAIN UNEXPIRED SUBLEASE, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON PERSONAL PROPERTY**

Harmon Meadow Suites LLC ("Landlord"), by and through its undersigned counsel, hereby submits this response and reservation of rights (this "Response") to the *Limited Objection and Reservation of Rights of The ChildSmiles Group, LLC, aka Abra Health, LLC, to Debtors'*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

{00041017. }

*Twelfth Omnibus Motion for Entry of an Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code Authorizing the Debtors to (I) Reject Certain Unexpired Leases and a Certain Unexpired Sublease, Effective as of the Rejection Date; and (II) Abandon Personal Property* (the "Limited Objection") [ECF No. 933] filed by The ChildSmiles Group, LLC, aka Abra Health, LLC ("Subtenant").  In support of this Response, Landlord respectfully states as follows:

1. Landlord is the owner of the real property located at 300 Harmon Meadow Blvd., Secaucus, New Jersey (the "Building").  Landlord leased the second floor of the Building (the "2nd Floor Premises") to Vitamin Shoppe Industries Inc. n/k/a Vitamin Shoppe Industries LLC (the "Debtor," and together with its affiliated debtors, collectively, the "Debtors") pursuant to that certain Lease dated November 21, 2012 (as amended, supplemented, or modified, the "Lease"). The Debtor is also the sub-lessor for the 2nd Floor Premises pursuant to a Sublease Agreement dated as of November 29, 2023 (the "Sublease") pursuant to which Abra Health is the sublessee of the 2nd Floor Premises.

2. On January 30, 2025, the Debtors filed the *Debtors' Twelfth Omnibus Motion for Entry of an Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code Authorizing the Debtors to (I) Reject Certain Unexpired Leases and a Certain Unexpired Sublease, Effective as of the Rejection Date; and (II) Abandon Personal Property* (the "Rejection Motion") [ECF No. 875].  In that motion, the Debtors sought to reject the unexpired leases identified therein, including the Lease and the Sublease.  Consistent with the Rejection Motion, the Debtors delivered to Landlord a letter informing Landlord of the rejection motion and stating as follows:

> Please take notice that as of the Rejection Date [January 31, 2025] the Debtors unequivocally surrender their interest in the Premises.

{00041017. }

> In conjunction with the Debtors' unequivocal surrender of their possession of the Premises, the Debtor also abandoned any personal property remaining in the Premises. The Debtors has [*sic*] notified the Subtenant of its surrender of the Premises. Please be further advised that the Debtors will no longer maintain the utilities, security, or insurance coverage related to the Premises as of the Rejection Date.

3. On February 6, 2025, Subtenant filed its Limited Objection, arguing, among other things, that the Rejection Motion failed to address Subtenant's right to remain at the 2nd Floor Premises under section 365(h) of title 11 of the United States Code (the "Bankruptcy Code").

4. On February 11, 2025, counsel for the Debtors filed a *Certification of Counsel Regarding* Revised Proposed *Twelfth Omnibus Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code Authorizing the Debtors to (I) Reject Certain Unexpired Leases, Effective as of the Rejection Date; and (II) Abandon Personal Property* (the "Certification of Counsel") [ECF No. 955], wherein counsel advised that the revised proposed order granting the Rejection Motion had excluded the Sublease in light of the Limited Objection filed by Subtenant and in order to allow the parties an opportunity to discuss the issues raised in the Limited Objection.

5. On February 12, 2025, the Court entered an order (the "Rejection Order") [ECF No. 968] authorizing the Debtor to reject the 2nd Floor Lease, effective as of January 31, 2025. Consistent with the Certification of Counsel, the Sublease was not included among the leases that were authorized to be rejected under the Rejection Order. Landlord and Subtenant have had discussions and no resolution has been reached. The Subtenant has not vacated the 2nd Floor Premises and remains in possession without paying any amount to Landlord.

## **RESPONSE**

6. The issue presented to this Court previously was adjudicated by Judge Drain in *In re The Great Atlantic & Pacific Tea Company, Inc.*, 544 B.R. 43 (Bankr. S.D.N.Y. 2016). Judge

{00041017. }

Drain held that a debtor could reject a lease with its landlord, as well as the corresponding sublease with its subtenant, because section 365(h) did not confer the subtenant any right to remain in possession under those circumstances, reasoning as follows:

> [A] proper reading of section 365(h)(1)(A)(ii)'s reference to the subtenant's "rights under such [sub]lease" and section 365(d)(4)'s surrender requirement show that section 365(h) does not give the subtenant a meaningful election to remain in its former subtenancy when the debtor has rejected the overlease first or simultaneously with the sublease.
>
> In that instance, the requirement that the debtor surrender possession to its landlord is tantamount to termination as far as the subtenant's rights as lessee "under the [sub]lease"—the operative phrase in section 365(h)(1)(A)(ii)—are concerned. The subtenant may have common law rights *against the landlord*, … but—given that the debtor is required to surrender the premises to its landlord under section 365(d)(4)—the subtenant lacks any meaningful right to possession *from the debtor* "under the [sub]lease," which the debtor (in contrast with the landlord, or, more appropriately a court that can enforce on the landlord under applicable non-bankruptcy law, such as the voluntary surrender doctrine) can no longer confer. …
>
> This, of course, still leaves for determination the issue of the subtenant's rights against the overlandlord under applicable non-bankruptcy law …, but if the overlease is rejected before or simultaneously with the sublease, 11 U.S.C. § 365(h)(1)(A)(ii) adds nothing to the subtenant's rights.

*In re The Great Atlantic & Pacific Tea Company, Inc.*, 544 B.R. at 53-54.

7. Under applicable non-bankruptcy law (New Jersey state law), and as a matter of common sense, Subtenant has no greater right to remain in possession than does its immediate landlord; here, the Debtor. *See, e.g., Xerox Corp. v. Listmark Computer Sys.*, 142 N.J. Super. 232, 239, 361 A.2d 81 (N.J. Super. Ct. App. Div. 1976) ("Generally, the tenants of a lessee have no greater rights to possession than their immediate lessor possessed, in the absence of an attornment."). Anything that defeats the tenant's estate will defeat the subtenant's estate. *See Wherle v. Landsman*, 23 N.J. Super. 40, 46, 92 A.2d 525 (N.J. Super. Ct. Law Div. 1952).

{00041017. }

8. The Debtor has rejected its overlease with Landlord and unequivocally renounced any right to continued possession of the 2nd Floor Premises. The Debtor has elected to relinquish all legal and contractual right to continue its tenancy at the 2nd Floor Premises. Accordingly, the Subtenant has no continued tenancy at the 2nd Floor Premises, and it must vacate immediately. Notably, Subtenant is unable to cite any case in which a subtenant was permitted to remain in possession of the subleased premises under section 365(h) of the Bankruptcy Code after a debtor/sublandlord rejected the overlease and announced its surrender of possession of the premises.

WHEREFORE, Landlord respectfully requests that (i) Landlord be heard at any hearing related to the Limited Objection, and (ii) objects to any order entered in connection with the Rejection Motion (as it pertains to the Sublease) granting any form of tenancy to Subtenant under section 365(h) of the Bankruptcy Code.

Date: April 1, 2025
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**
By: *Frederick B. Rosner*
Frederick B. Rosner (No. 3995)
The Rosner Law Group LLC
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
rosner@teamrosner.com
--and--

**RUBIN LLC**
Paul A. Rubin, Esq.
11 Broadway, Suite 715
New York, NY 10004
Telephone: (212) 390-8054
Facsimile: (212) 390-8064
prubin@rubinlawllc.com

*Counsel for Harmon Meadow Suites LLC*

{00041017. }