## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCHISE GROUP, INC. et al.,[1] | ) | Chapter 11 |
| | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing date: May 6, 2025 @ 11:30 am (ET)** |
| | ) | **Objection deadline: April 15, 2025 @ 4:00 pm (ET)** |
| _____ | ) | |

## MOTION OF GRANITE TELECOMMUNICATIONS, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

Granite Telecommunications, LLC ("Granite"), hereby submits its Motion for Allowance and Payment of Administrative Claim (the "Motion").  In support of its Motion, Granite states as follows:

### RELEVANT BACKGROUND

1.     On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title

---

[1] 1 The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

11 of the United States Code (the "Bankruptcy Code"). (D.I. 1). Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Granite is the nation's largest competitive local exchange carrier, providing, at competitive prices, voice and data products and services to its customers that it obtains from established service providers across North America. Granite offers access solutions tailored to its customers' business needs, and offers its customers consolidated billing and easy portability and management of voice and data services to account for changes in its customers' businesses.

3.    For many months following the Petition Date, Granite continued to provide voice and data services to the Debtor under the Contract, communicating regularly with the Debtor to ensure payment for services provided by Granite and to handle administrative management of the provision of services under the Contracts.

4.    Granite and Debtor Vitamin Shoppe Industries LLC are parties to certain contracts (the "Contracts") pursuant to which Granite provides Debtor with telephone and internet/voice and data services at numerous commercial premises belonging to the Debtor and its affiliates. Copies of the Contracts are not attached hereto as they are already in the possession of the Debtor and contain certain confidential information.

5.    The Debtor now has a total outstanding of $106,722.71 (the "Administrative Expense Claim").[2] Of that $106,722.71, $37,082.96 is past due under the Debtor's existing payment terms and an additional $69,639.75 will become past due on April 15, 2025. Additionally, additional amounts will be billed on the April 1 invoice and amounts for Granite services will

---

[2] Copies of outstanding invoices that support the Administrative Expense Claim are not being attached because they are voluminous, contain proprietary information and have already been provided to Debtor during discussions pertaining to the Cure Objection.

4934-6297-9851, v. 1

continue to bill until Granite receives written notice of disconnection compatible with the contract requirements and the services requested to be disconnected are actually disconnected by Granite's underlying providers

6.      On January 22, 2025, Granite filed its *Objection to Debtors Notice of Possible Assumption and Cure Costs with Respect to Executory Contract and Unexpired Leases* (D.I. 814) (the "Cure Objection"). Debtor has yet to resolve Granite's concerns connected to such Objection.

## RELIEF REQUESTED

7.      By this Motion, Granite requests that the Court enter an Order, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than $106,722.71, and requiring that the Debtors remit immediate payment of the Administrative Expense Claim to Granite within no more than seven (7) days after entry of the Order allowing the Administrative Expense Claim.

## BASIS FOR RELIEF

8.      Section 503 of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other
> than claims allowed under section 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 .S.C. § 503(b)(1)(A).

9.      Pursuant to 11 U.S.C. §503(b)(1)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In Order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*', 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs

3

ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would be impossible." *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); Matter of H.L.S. Energy Co., 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); see also 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

10. Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor-in-possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor-in-possession. Second, it must show that the transaction resulted in a direct benefit to the debtor-in-possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); see also *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (D. Del. October 19, 2021).

11. The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950,

4934-6297-9851, v. 1

954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommereds., 16th ed.).

12.     In this case, the post-petition services benefited the estate by permitting the Debtors to continue conducting post-petition business functions in their ordinary course business operations. The amounts sought pursuant to this Motion were incurred by the Debtors subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtors' estates. Therefore, the amounts due under the Contracts should be accorded administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

## RESERVATION OF RIGHTS

13.     Granite reserves the right to amend this Administrative Expense Claim in any respective, including, but not limited to, asserting all amounts owed as applicable and all rights, claims, and remedies at law and equity under the Bankruptcy Code and applicable non-bankruptcy law.

## CONCLUSION

WHEREFORE, Granite respectfully requests that the Court enter an Order directing the immediate payment of its Administrative Expense Claim for $106,722.71 and for such additional relief as the Court may deem appropriate.

Dated:  April 1, 2025          **GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: */s/ Ronald S. Gellert*
Ronald S. Gellert (4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail:  rgellert@gsbblaw.com

*Counsel for Granite Telecommunications, LLC*

5

4934-6297-9851, v. 1