# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD)<br>(Jointly Administered) |
| Debtors. | |
| | Re: Docket No. 1044, 1099, 1206, 1210 |

**SUR-REPLY OF THE AD HOC GROUP OF FREEDOM LENDERS
TO THE DEBTORS' REPLY AND OPCO 1L GROUP STATEMENT
IN SUPPORT OF THE DEBTORS' EXCLUSIVITY EXTENSION MOTION**

The Ad Hoc Group of Freedom Lenders (the "**Freedom Lender Group**"),[2] by and through its undersigned counsel, hereby file this sur-reply (the "**Sur-Reply**") and the *Declaration of Brett Bakemeyer in Support of the Sur-Reply of the Ad Hoc Group of Freedom Lenders to the Debtors'*

---

[1]   The debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), B. Riley Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2]   The Freedom Lender Group is comprised of the entities named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 229], as it may be amended and supplemented from time to time.

*Reply and OpCo 1L Group Statement in Support of the Debtors' Exclusivity Extension Motion* (the "**Bakemeyer Decl.**") filed simultaneously herewith in response to the Debtors' reply [Docket No. 1206] and the OpCo 1L Group's statement in support [Docket No. 1210] to the *Motion of Debtors for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1044] (the "**Motion**") and respectfully states as follows:

**SUR-REPLY**

1. The Freedom Lender Group submits this Sur-Reply solely to bring to this Court's attention certain key conclusions made in the report of Michael Wartell provided to the Freedom Lender Group after the filing of its initial objection to an extension of exclusivity at the HoldCo Debtors. Neither the Debtors nor their supporting parties fully disclose those conclusions to the Court, much less discuss them in their recently-filed pleadings.

2. To explain, when the Freedom Lender Group originally filed its motion to terminate the HoldCo Debtors' exclusivity, it did so primarily on the basis that the HoldCo Debtors' boards were conflicted and therefore their plan of reorganization, which acted on those conflicts, was doomed to fail. At that time of that motion, there were no independent fiduciaries looking out for the interests of the creditors of the HoldCo Debtors as Mr. Wartell came on the scene weeks later. In Mr. Wartell's absence, the HoldCo Debtors' conflicted boards, without even meeting, approved a restructuring support agreement that provided no benefit to their creditors, released or gave away all of their enterprise value (equity interests in Franchise Group, Inc. and claims and causes of action), agreed to burden themselves with up to $750 million of DIP obligations for which the HoldCo Debtors would receive no benefit and, most importantly, provided full-scale releases to all current directors and officers (and their counsel).

3. In response to the Freedom Lender Group's exclusivity termination motion, the

2

Debtors, Committee and OpCo 1L Group described the Freedom Lender Group's public questioning of the HoldCo Debtor boards' judgment as "scorched earth," "relentless," "unreasonable," "inflammatory" and a litigation "tactic" meant only to create leverage for the Freedom Lender Group.[3]

4. But the Debtors, Committee and OpCo 1L Group were just wrong. On March 26, 2025 (12 days after the objection deadline for the Motion), the Debtors filed their plan supplement. *Notice of Filing of Plan Supplement* [Docket No. 1182]. In it, the Debtors publicly announced Mr. Wartell's conclusion that the HoldCo Debtors have claims and causes of action that should not be released against Mr. John Hartmann, Mr. Andrew F. Kaminsky, Mr. Andrew M. Laurence and Ms. Tiffany McMillan-McWaters, each of whom are current officers and directors of the HoldCo (and OpCo) Debtors. Ex. J. The disclosure listed a number of such HoldCo Debtor claims, including, amongst others, claims and causes of action arising out of "the Freedom HoldCo Debtors' entry into the Restructuring Support Agreement and commencement of their Chapter 11 Cases." *Id*.

5. What is not disclosed in the public Plan Supplement is the full contents of the non-public powerpoint report, which confirms many of the Freedom Lender Group's concerns with the RSA between the HoldCo Debtors and the OpCo 1L Group. The full report provides significantly more detail with respect to distinct claims and causes of action against these four individuals (*see* Bakemeyer Decl. at 60; 80-87) and provides further evidence that any releases of the current board and management should not be part of any plan.[4] *Id*. at 50. As a result of his findings, Mr. Wartell recommends against releasing any of these four individuals. *Id.* at 60.

---

[3] *See, e.g.*, *Debtors' Objection to Motion of the Freedom Lender Group for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors* [Dkt. No. 298] at ¶ 1.

[4] This is not to say that the Freedom Lender Group endorses all of Mr. Wartell's conclusions, among other reasons because he failed to spot, much less address, key claims and causes of action against individuals and Debtor estates that he has determined to release.

3

6. Despite Mr. Wartell's vindication of the Freedom Lender Group's long-held concerns regarding inappropriate board conduct with respect to the RSA and its conforming plan at the HoldCo Debtors, in their efforts to continue painting the Freedom Lender Group as "vigorously" pursuing meritless litigation[5] and refusing to participate in good-faith settlement discussions (none of which is true), the Debtors and OpCo 1L Group state that "they" have now negotiated a new plan that they hope will satisfy the Freedom Lender Group. The Freedom Lender Group knows nothing of the terms in this new plan, the proposed intercompany settlement, or the new value the OpCo 1L Group has supposedly dug up. Unlike any other material stakeholder in these cases, the Freedom Lender Group will apparently learn these terms at the same time as this Court and the rest of the world.

7. With respect to that new plan, the Freedom Lender Group strongly suspects that the intercompany settlement (which the Debtors say may or may not be approved by the Debtors' boards) will propose and approve releases of the current conflicted and implicated directors and officers for their prepetition conduct, breaches of fiduciary duties and everything else that Mr. Wartell suggested should not be released. Yet, notwithstanding Mr. Wartell's conclusions, there is no unconflicted fiduciary who has control over the plan process at the HoldCo Debtors – as Mr. Sussberg pointed out at a prior hearing that power remains with the full board. Feb. 19, 2025 Hr'g Tr. 73:5-7 ("[Mr. Wartell] is not taking over ownership, operation, or overall control of the Holdco."). The mere fact that the implicated board members remain in control of the plan that may release them (or compromise the claims against them) – which the Freedom Lender Group's plan would not – is a basis on its own not to extend exclusivity. Indeed, the mere notion that the

---

[5] *See Statement of the Ad Hoc Group of First Lien Lenders with Respect to Motion of Debtors for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Dkt. No. 1210] at ¶ 2.

4

Debtors are allowing the "fiduciaries" to continue proposing plans that contain releases of conduct that implicated their fiduciary duties is in no way consistent with the legal precepts underlying exclusivity extensions.

8. Rather than a conflicted board at the HoldCo Debtors continuing to advance their own interests at the expense of legitimate creditors of the HoldCo Debtors, the Motion should be denied to allow the HoldCo Debtors' creditors to propose a more appropriate path forward for the HoldCo Debtors' estates -- an alternative plan that would be confirmable and would simply transfer the HoldCo Debtors' collateral and other assets to the HoldCo Lenders.

Dated: April 1, 2025
      Wilmington, Delaware

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: bfarnan@farnanlaw.com
       mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**

Thomas Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew Zatz (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
       azatz@whitecase.com
       sam.hershey@whitecase.com
       erin.smith@whitecase.com
       brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom Lenders*