IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: Chapter 11
*In re:* :
: Case No. 24- 12480 (LSS)
**FRANCHISE GROUP, INC.,** *et al.*,[1] :
: Jointly Administered
:
Debtors. : Re: Docket Nos. 1064, 1124, 1125
---------------------------------------------------------------x

## FEE EXAMINER'S FINAL REPORT REGARDING
## FIRST INTERIM FEE APPLICATION REQUEST OF
## AKIN GUMP STRAUSS HAUER & FELD LLP

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the First Interim Fee Application Request of Akin Gump Strauss Hauer & Feld LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Special Co-Counsel to Michael J. Wartell, in his capacity as Independent Director for the compensation period from December 9,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

2024 through January 31, 2025 ("Fee Application") seeking approval of fees in the amount of $2,867,401.00 and the reimbursement of expenses in the amount of $111,706.42, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2025 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of December 9, 2024 through January 31, 2025 the Firm submitted monthly fee applications in the amount of $2,867,401.00 as actual, reasonable and necessary fees and for expense reimbursement of $111,706.42. For the Fee Application period, $28,380.50 was disclosed as related to fee application preparation.

Prior to filing the monthly fee applications included in the First Interim Fee Application, the Firm voluntarily reduced its fees by $185,095.50 and expenses by $2,080.60.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $28,380.50 related to fee applications on a cumulative basis and we have calculated that 1.0% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified the entries listed in Exhibit A that appear to be for time before the date of the Firm's retention. The Firm confirmed that these had been included inadvertently and should be removed. We recommend that fees be reduced by $39,718.00.

6. We noted that several of the Firm's professionals attended the January 31 hearing. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested and the Firm provided detailed description of the

circumstances surrounding this hearing and the need and involvement of each timekeeper and agreed to withdraw the charge listed in Exhibit B. After our consideration of this we recommend that fees be reduced by $1,550.00.

7. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. Our procedures applied to the monthly fee applications identified the time entries listed in Exhibit C, where time has been aggregated or "lumped". We requested that the Firm advise the timekeepers of the time reporting unit requirements and adjust the fees appropriately. The Firm provided additional explanation and confirmed that although the time billed did not exceed the time actually worked, they would agree to a 10% reduction of these fees. After our consideration of this we recommend that fees be reduced by $3,303.00.

8. Similarly, we noted timekeepers who appeared to be recording time in half-hour increments. We requested that the Firm advise us how this affects the fees billed and adjust those as appropriate. The Firm provided additional detail and explanation and confirmed that although the time billed did not exceed the time actually worked. After our consideration of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

9. Also, we noted the entries listed in Exhibit D where the rate charged for photocopies is greater than 10c/black & white or 80c/color. We requested that the Firm advise us how this affects the amounts billed and adjust those as appropriate. The Firm advised us that these charges had been charged at these amounts inadvertently and should be reduced. We recommend that reimbursement of expenses be reduced by $81.60.

10. Listed in Exhibit E are charges for overtime meals where the timekeeper has limited time charged on that date. We requested that the Firm explain why these charges are appropriate or withdraw them. The Firm stated that whilst they believed these charges to be valid, they would agree to withdraw them. We recommend that reimbursement of expenses be reduced by $60.00.

11. We noted charges for contract attorneys where training time has been charged. We requested that the Firm advise us as to why these are not administrative in nature and chargeable or adjust the amounts billed as appropriate. The Firm provided detailed explanation including the value to the Debtor of using contract attorneys for these tasks. After our consideration of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

12. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted the entries listed in Exhibit H that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process and procedures for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. We requested and the Firm confirm that these entries were necessary for retention or fee application purposes. Further the Firm noted that of the voluntary reductions noted above $66,559.00 was in respect of fees incurred in connection with their retention. After our consideration of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

13. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "E-discovery team", "Akin litigation team", team", "UCC counsel", "Akin FR team", "internal", "document review team", "Debtors professionals", "contract review team", "Akin team", "Akin lit team", "Debtors counsel", "Petrillo team" and "client". Since no adjustment is required, no exhibit has been included.

14. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

15. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Interim Fee Application Request of Akin Gump Strauss Hauer & Feld LLP for compensation for services rendered and reimbursement of expenses as Special Co-Counsel to Michael J. Wartell, in his capacity as Independent Director for the compensation period from December 9, 2024 through January 31, 2025 and we recommend the approval of the fees of $2,822,830.00 ($2,867,401.00 minus $44,571.00) and reimbursement of expenses in the amount of $111,564.82 ($111,706.42 minus $141.60). The Firm confirmed their agreement with this recommendation.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
     W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

# Exhibit A:

| Hours | Amount | Date | Description | Rate | Timekeeper |
|---|---|---|---|---|---|
| 0.3 | 298.5 | 20241206 | Review motion to terminate exclusivity. | 995 | HELFRICK, TALIA LEE |
| 0.8 | 1580 | 20241206 | Review draft of Akin engagement letter. | 1975 | KAHN, BRAD M. |
| 2.2 | 2189 | 20241206 | Review First Day Declaration (2.0); call with B. Kahn re case background (.2). | 995 | HELFRICK, TALIA LEE |
| 2.8 | 5530 | 20241206 | Calls with M. Stamer re: case background (.5); call with T. Helfrick re: same (.2); review first day declaration (.7), various filed pleadings (1.0) and consider next steps (.4). | 1975 | KAHN, BRAD M. |
| 1.2 | 2634 | 20241206 | Review case materials (.3); calls with B. Kahn re case background (.5); correspondence with debtors professionals (.2); call with debtors counsel re background (.2). | 2195 | STAMER, MICHAEL S. |
| 1.8 | 3555 | 20241207 | Review exclusivity termination pleadings. | 1975 | LUFT, AVI E. |
| 6.8 | 6766 | 20241207 | Review exclusivity termination filings (2.5) and draft summary of same (1.8); correspondence with Akin team re same (.5); review RSA and related materials (2.0). | 995 | HELFRICK, TALIA LEE |
| 0.2 | 199 | 20241207 | Review docket (.1) and correspondence re relevant filings (.1). | 995 | HELFRICK, TALIA LEE |
| 1.7 | 3357.5 | 20241207 | Review and comment on Wartell director engagement letter. | 1975 | KAHN, BRAD M. |
| 0.6 | 1185 | 20241208 | Call with M. Stamer re case issues (.3); call with A. Antypas re: case background (.3). | 1975 | KAHN, BRAD M. |
| 0.3 | 592.5 | 20241208 | Analyze retention structure issues. | 1975 | KAHN, BRAD M. |
| 0.7 | 1382.5 | 20241208 | Review corporate organizational documents. | 1975 | KAHN, BRAD M. |
| 2.1 | 2089.5 | 20241208 | Prepare work product re professionals (1.1); correspondence with A. Antypas re same (.1); continue reviewing background case materials (.9). | 995 | HELFRICK, TALIA LEE |
| 0.8 | 1116 | 20241208 | Call with B. Kahn re case background (.3); review case background materials (.3); correspond with T. Helfrick re same (.2). | 1395 | ANTYPAS, ALEXANDER F. |
| 3.3 | 7243.5 | 20241208 | Review various filed pleadings (3.0); calls with B. Kahn re case issues (.3). | 2195 | STAMER, MICHAEL S. |
|  | 39,718.00 |  |  |  |  |

# Exhibit B:

| Hours | Amount | Date | Description | Rate | Timekeeper |
|---|---|---|---|---|---|
| 1 | 1550 | 20250131 | Attend 1/31 status conference. | 1550 | GLACKIN, PATRICK J. |

# Exhibit C:

| Hours | Amount | Date | Description | Rate | Timekeeper |
|---|---|---|---|---|---|
| 6.9 | 3277.5 | 20250117 | Provide ediscovery support to contract attorney team in connection with document review. | 475 | LAY, SEAN C. |
| 6.8 | 3264 | 20250116 | Prepare responsive discovery documents for analysis. | 480 | HOLNESS, MICHELLE |
| 3.6 | 4302 | 20250106 | Draft summary of amended Plan and DS. | 1195 | HELFRICK, TALIA LEE |
| 6.3 | 3339 | 20241220 | Analyze reports for conflicts review. | 530 | LAARAJ, AMY |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 5191 | 20250103 | | Conduct document review for responsiveness in connection with investigation. | 895 | RAGGIO, SAMANTHA |
| 5.8 | 6692 | 20250124 | | Revise research memo re potential claims analysis. | 1195 | HELFRICK, TALIA LEE |
| 5.6 | 4564.5 | 20250106 | | Conduct document review for responsiveness in connection with investigation. | 895 | RAGGIO, SAMANTHA |
| 5.1 | 2400 | 20250115 | | Organize and manage responsive discovery documents and database. | 480 | HOLNESS, MICHELLE |
| 5 | | | | | | |

# **Exhibit D:**

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | 0.60 | 20250128 | E102 | 16380 | Photocopy - ASENCIO, DANIEL, NY, 2 page(s) | 0.3 |
| 3 | 3.00 | 20250128 | E102 | 16380 | Photocopy - ASENCIO, DANIEL, NY, 3 page(s) | 1 |
| 1 | 80.00 | 20250128 | E102 | 16380 | Photocopy - ASENCIO, DANIEL, NY, 1 page(s) | 80 |

# **Exhibit E:**

| | | |
|---|---|---|
| VENDOR: AVI E. LUFT INVOICE#: 7163046701231701 DATE: 1/23/2025    All working late in office Meals, 01/08/25, Meal re: late night work on case matters., Caviar - Dim Sum Sam, Avi Luft | 20 | 1.6 |
| VENDOR: AVI E. LUFT INVOICE#: 7163046701231701 DATE: 1/23/2025    All working late in office Meals, 01/09/25, Meal re: late night work on case matters., Mitr Thai, Avi Luft | 20 | 1.6 |
| VENDOR: AVI E. LUFT INVOICE#: 7184398601231701 DATE: 1/23/2025    All working late in office Meals, 01/21/25, Meal re: late night work on case matters., Caviar - Mitr Thai, Avi Luft | 20 | 2 |