**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: 1248** |

**ORDER GRANTING MOTION OF ANDREW LAURENCE, MATTHEW AVRIL, BRIAN KAHN, CYNTHIA DUBIN, AND THOMAS HERSKOVITS FOR RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFENSE COSTS AND OTHER LOSSES UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES**

Upon the motion (the "Motion")[2] of Andrew Laurence, Matthew Avril, Brian Kahn, Cynthia Dubin, and Thomas Herskovits for entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

modifying the automatic stay, to the extent applicable, and authorizing the Debtors' liability insurers identified on the chart attached hereto as **Exhibit 1** (the "D&O Insurers") to advance and/or pay defense costs, fees and settlement amounts on behalf of the persons entitled to coverage under the applicable liability insurance policies (collectively, the "Insured Persons," and the related liability insurance policies, the "D&O Policies"), subject to the terms and conditions of the D&O Policies; and this Court having found that the proceeds payable to the Insured Persons under the DIC Policies (defined below) do not constitute property of the Debtors' estates; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED IN PART as set forth herein.

2. Solely with respect to the Debtors' two difference-in-conditions policies (Policy Nos. 0313-9683 and ADX30043459900, together, the "DIC Policies"), issued by, respectively, Allied World Insurance Company and Endurance American Insurance Company (together, the "DIC Insurers"), the automatic stay imposed by section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize the DIC Insurers, without further order of

the Court, to advance, reimburse, indemnify and/or pay any defense costs, fees, amounts or other Loss (as defined in the DIC Policies) incurred by the Insured Persons, including in connection with the Delaware Litigation and these chapter 11 cases, in accordance with and subject to the terms and conditions of the DIC Policies.

    3.  With respect to the proceeds of the other D&O Policies—Policy Nos. 01-420-28-24, MKLM1MXM001065, G47420994 001, 47-EMC-330581-01, USF04502623, issued by National Union Fire Insurance Company of Pittsburgh, Pa, Markel American Insurance Company, Westchester Fire Insurance Company, Berkshire Hathaway Specialty Insurance Company, and Allianz Global Risks US Insurance Company, respectively (collectively, the "ABC Policies")—the automatic stay imposed by section 362 of the Bankruptcy Code remains in full force and effect as to the ABC Policies and shall not be modified unless the Movants demonstrate that the DIC Policies are exhausted or otherwise unavailable. To seek relief from the automatic stay with respect to the proceeds of the ABC Policies, the Movants shall file a notice (the "Supplemental Notice") and a proposed order on the docket of these chapter 11 cases setting forth the basis for unavailability or exhaustion of the DIC Policies, together with supporting documentation. Parties in interest shall have seven (7) days from the filing of the Supplemental Notice to object solely on the basis that the Movants have not demonstrated that the DIC Policies are exhausted or otherwise unavailable and not on any other grounds. If no timely objection is filed, or if any objection is overruled, the Court shall enter an order granting the Movants, relief from the automatic stay with respect to the proceeds of the ABC Policies without further hearing, unless otherwise directed by the Court. The failure of the DIC Insurers to provide coverage to the Movants after commercially reasonable efforts by the Movants (which shall not include commencing any lawsuit, action or proceeding to access such coverage), including by denying

coverage to the Movants upon reliance on the terms of the DIC Policies or applicable law, shall constitute a basis for the Court to determine that the DIC Policies are unavailable.

4.      The Insurers and the Movants shall provide written quarterly updates on the amount of defense costs, advances, and/or payments provided on behalf of the Insured Persons or the Debtors, as applicable, under the D&O Policies to the (a) U.S. Trustee, (b) Kirkland & Ellis LLP, as counsel to the Debtors, (c) White & Case LLP, as counsel to the Freedom Lender Group, and (d) Pachulski Stang Ziehl & Jones LLP, as counsel to the Official Committee of Unsecured Creditors.  Such quarterly updates shall include, on a per individual basis, (i) the name of the Insured Person who received defense costs, advances, and/or payments; (ii) the nature of the claim(s); (iii) the dollar amount of the claim(s) submitted and the amount actually advanced and/or paid; (iv) the identity of counsel representing the Insured Person (if applicable); and (v) the amount of liability coverage remaining under the D&O Policies.  The Debtors, their successors (including any post-confirmation trust or entity), and the Movants, as applicable, shall file a notice on the docket of these chapter 11 cases on the earlier of (i) fourteen (14) days or (ii) upon the scheduling of a hearing, in advance of using any proceeds of the D&O Policies to satisfy a settlement. For the avoidance of doubt, nothing herein shall create any right to object to or contest the use of any proceeds of the D&O Policies to satisfy a settlement that does not otherwise exist under applicable law.

5.      The Movants and DIC Insurers are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

6.      Nothing in the Motion or this Order shall (a) affect, impair, prejudice, or otherwise alter the terms and conditions of the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Debtors, or the Insured Persons

in connection therewith; (b) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of the D&O Insurers, the Debtors, or the Insured Persons under the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Debtors or the Insured Persons in connection therewith; (c) relieve the Debtors and/or their estates of any of their obligations under any insurance policies, including but not limited to the D&O Policies, and related agreements; or (d) preclude or limit, in any way, the rights of any insurers, including, without limitation, the D&O Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the D&O Policies, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

7. This Order is immediately valid and fully effective upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: April 8th, 2025
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

5