# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: Chapter 11
*In re:* :
: Case No. 24-12480 (LSS)
**FRANCHISE GROUP, INC.,** *et al.*,[1] :
: Jointly Administered
:
Debtors. : Re: Docket Nos. 1083, 1114, 1121, 1195
---------------------------------------------------------------x

## FEE EXAMINER'S FINAL REPORT REGARDING
## FIRST INTERIM FEE APPLICATION REQUEST OF
## <u>PETRILLO KLEIN + BOXER LLP</u>

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the First Interim Fee Application Request of Petrillo Klein + Boxer LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Special Counsel to the Debtors and Debtors in Possession for the compensation period from November 3, 2024 through January 31, 2025 ("Fee

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

Application") seeking approval of fees in the amount of $1,065,234.50 and the reimbursement of expenses in the amount of $946,222.50, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2025 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We have included our questions and issues in this report. We will include all responses and any recommended resolutions in the final report.

## DISCUSSION

3. For the compensation period of November 3, 2024 through January 31, 2025 the Firm submitted monthly fee applications in the amount of $1,065,234.50 as actual, reasonable and necessary fees and for expense reimbursement of $946,222.50. For the Fee Application period, $15,665.50 was disclosed as related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $15,665.50 related to fee applications on a cumulative basis and we have calculated that 1.5% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified the entries listed in Exhibit A that when recalculated, did not equal the amount of the time charged. We requested and the Firm agreed to adjust them to their internal detail. We recommend that fees be reduced by $534.50.

6. Our procedures applied to the monthly fee applications for identified entries where charges may have been duplicated. We requested and the Firm agreed to correct the application for the duplicate listed in Exhibit B. We recommend that fees be reduced by $1,177.50.

7. Our procedures applied to the monthly fee applications identified the timekeeper with limited time charged to this estate. We questioned the necessity and value to the estate

because of the minimal involvement. We requested and the Firm provided additional information related to the nature and necessity of the roles of this timekeeper. After our consideration of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

8. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process and procedures for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. We requested and the Firm confirmed that they were necessary for fee application purposes. Since no adjustment is required, no exhibit has been included.

9. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "team", "company counsel", "Y&C", "Paul Hastings", "internally", internal", "Young & Conway", "internal team", "Ankura", "PKB", "PKB team", "Akin" and "client". Also, we reviewed entries that did not identify participants. We requested and the Firm provided such participant information for these entries. Since no adjustment is required, no exhibit has been included.

10. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested that the Firm instruct timekeepers to avoid or stop the use of vague activity descriptions such as "worked on", "work on ", "follow up" and "attention to". Also, we identified vague that did not explain the amount of time charged. We requested and the Firm provided additional detailed information for these entries. Since no adjustment is required, no exhibit has been included.

11. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm provided more description of the subjects for these entries and agreed to withdraw the entries listed in Exhibit C. We recommend that fees be reduced by $5,200.00.

12. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. Our procedures applied to the monthly fee applications identified time entries where time has been aggregated or "lumped". We requested that the Firm advise the

timekeepers of the time reporting unit requirements. The Firm provided additional detail and explanation and confirmed that the time billed did not exceed the time actually worked. After our consideration of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

13. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

14. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Interim Fee Application Request of Petrillo Klein + Boxer LLP for compensation for services rendered and reimbursement of expenses as Special Counsel to the Debtors and Debtors in Possession for the compensation period from November 3, 2024 through January 31, 2025 and we recommend the approval of the fees of $1,058,322.50 ($1,065,234.50 minus $6,912.00) and reimbursement of expenses in the amount of $946,222.50. The Firm confirmed their agreement with this recommendation.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By:  _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

## Exhibit A:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (86.50) | (0.1) | 1.9 | 2 | 1730 | 20250116 | Team call (.7); research on fraudulent transfers (1.2). | 865 | David Hoffman |
| (134.00) | (0.1) | 0.5 | 0.6 | 804 | 20250113 | Call with Wachtell (.2) and follow-up strategy call with KP (.3). | 1340 | Joshua Klein |
| (235.50) | (0.3) | 1.1 | 1.4 | 1099 | 20250112 | Call with Brady Sullivan re: director and officer document requests (0.5); follow up from call/share document requests with Willkie (0.6) | 785 | Cara Hume |
| (157.00) | (0.2) | 1.3 | 1.5 | 1177.5 | 20241221 | Collect documents for Ankura (1.0); communicate with Ankura re: document sharing (0.3) | 785 | Cara Hume |
| 78.50 | 0.1 | 0.9 | 0.8 | 628 | 20241209 | Comms with Young Conaway re: fee applications (0.7); review Bankruptcy docket (0.2) | 785 | Cara Hume |
| (534.50) | | | | | | | | |

## Exhibit B:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1.5 | 1177.5 | 20241120 | Drafting chronology and revising interview notes. | 785 | Cara Hume |
| 1.5 | 1177.5 | 20241120 | Drafting chronology and revising interview notes. | 785 | Cara Hume |

## Exhibit C:

| | | | | | |
|---|---|---|---|---|---|
| 0.50 | 650.00 | 20250113 | Participated in call with FRG representative. | 1300 | Kevin Puvalowski |
| 1.20 | 1,560.00 | 20250123 | Participated in call with Akin Gump. Conferred with Mr. Klein re same. | 1300 | Kevin Puvalowski |
| 1.50 | 1,950.00 | 20250124 | Participated in teleconference with financial expert. | 1300 | Kevin Puvalowski |
| 0.80 | 1,040.00 | 20250127 | Participated in call with FRG representative. | 1300 | Kevin Puvalowski |