**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*[1] | Case No. 24-12480 (LSS) |
| | Jointly Administered |
| Debtors. | Re: D.I. ___ |

**ORDER GRANTING MOTION OF CREDITOR GRANITE
TELECOMMUNICATIONS, LLC, FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Upon the motion (the "Motion")[2] of creditor Granite Telecommunications, LLC ("Granite") for entry of an order allowing and compelling payment of an Administrative Claim in the amount of $5,848,302.51; and the Court having jurisdiction to consider the Motion, the relief requested therein, and the McGill Declaration in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] All capitalized terms not otherwise defined herein shall have the same definition set forth in the Motion.

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Granite provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having found that the Motion constitutes a timely filed request for payment of an Administrative Claim; and the Court having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any oppositions to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED and approved in its entirety.

2. Granite's Administrative Claim is allowed against the Debtors' estates pursuant to 11 U.S.C. § 503(b)(1) in the amount of $5,848,302.51.

3. The Debtors are authorized and directed to pay $5,848,302.51 to Granite on account of its Administrative Claim within thirty (30) days from entry of this Order.

4. Nothing contained herein shall affect or limit the right of Granite to payment for other unpaid charges, costs, or fees, including but not limited to any amounts asserted in any pre-petition or rejection damages claim filed against the Debtors' estates., and any further post-petition amounts incurred as priority administrative expense claims.

5. Granite and the Debtors are authorized to take any and all actions necessary to effectuate the relief granted by this Order.

3

6.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

LEGAL\76752369\2