**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., et al., | ) Case No. 24-12480 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION OF JONATHAN ORTIZ MUNOZ AND HANNAH SHALOM MOODY FOR RETROACTIVE RELIEF FROM THE AUTOMATIC STAY AND, TO THE EXTENT APPLICABLE, THE PLAN INJUNCTION TO LIQUIDATE CLAIMS IN PENDING STATE COURT CIVIL CASES**

Jonathan Ortiz Munoz and Hannah Shalom Moody (together, the "Plaintiffs"[1]) submit this motion (the "Motion") for retroactive relief from the automatic stay and, to the extent applicable, any plan injunction to allow them to proceed with pending state court civil cases to liquidate their respective claims to recover against insurance and previously filed bankruptcy proofs of claim [2], as set forth below:

**BACKGROUND**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§105, 362(d) and 554, Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b). Pursuant to Local Rule 9013-1(f), the Plaintiffs consent to the entry of a final order by the Court, to the extent it is later

---

[1] Mr. Munoz and Ms. Moody are not related and pursued separate civil cases in the State of Florida. Nonetheless, they file this motion together as the factual background is common between them as they are being represented in Florida by the same law firm and were involved in the same automobile accident while together riding on a motorcycle.

[2] The Plaintiffs intend to amend their proofs of claim.

determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution absent consent of the parties.

3. On November 3, 2024 (the "Petition Date"), Franchise Group, Inc. and its affiliates (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On February 21, 2025, the Bankruptcy Court entered an order approving the Disclosure Statement. The Bankruptcy Court will hold a hearing to consider confirmation of the currently Seventh Amended Joint Chapter 11 Plan (ECF No. 1233) on May 12, 2025 (or on a later date).

5. Prior to the Petition Date, on or about April 12, 2024, the Plaintiffs sustained personal injuries in a motor vehicle accident involving a vehicle owned and operated by Debtor Buddy's Newco, LLC ("Buddy's Newco").

6. Unaware of the bankruptcy, the Plaintiffs each filed a personal injury complaint on December 4, 2024, in the Circuit Court of the Eight Judicial Circuit in and for Alachua County, State of Florida (the "Civil Cases"). True and correct copies of the state court dockets are attached hereto as Exhibit A.

7. The Plaintiffs further submitted a claim under the Debtors' applicable insurance policy which, upon information and belief, is covered by a deductible.

8. After the Plaintiffs each had initiated discovery, each Civil Case was stayed by a suggestion of bankruptcy filed in between January 17, 2025 and January 22, 2025.

9. Upon learning of the bankruptcy, the Plaintiffs timely filed proofs of claim on or around January 24, 2025. True and correct copies of these claims are attached hereto as Exhibit B.

**Basis for Relief Requested**

10. Plaintiffs request retroactive relief from the automatic stay under 11 U.S.C. § 362(a) and, to the extent applicable, from any plan injunction, to permit them to liquidate their claims in the Civil Cases and recover any judgment from the available insurance proceeds.3 Plaintiffs do not waive any recovery from the estate that may be available by the submission of their respective proofs of claim.

## ARGUMENT

11. Section 362(d) of the Bankruptcy Code requires the Court to lift the automatic stay on request of a party in interest "for cause, including the lack of adequate protection of an interest in property of such party in interest". 11 U.S.C. § 362(d)(1).

12. "Cause" is not defined in the Bankruptcy Code and is instead a flexible concept that is generally determined on a case-by-case basis after looking at the "totality of the circumstances." *In re Scarborough-St. James Corp.*, 535 B.R. 60, 67 (Bankr. D. Del. 2015). In determining whether "cause" exists to lift the stay, this Court may consider the following factors:

(a) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(b) Whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(c) Whether the creditor has a probability of prevailing on the merits.

*In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993); *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.)*, 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); *Save Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 718 (Bankr. D. Del. 1996).

---

3 If this Motion is denied, the Plaintiffs will promptly withdraw the Civil Cases.

13. The legislative history also supports lifting the stay to allow actions to proceed in their original forum where there is no significant prejudice to the estate. *Rexene Products,* 141 B.R. at 576; *In re Wilson*, 85 B.R. 722, 728 – 29 (Bankr. E.D. Pa. 1988) (citing S. Rep. No. 989, 95th Cong., 2d. Sess. 50, reprinted in [1978] U.S. Code Cong. & Ad. News 5836).

14. Courts have specifically found "cause" where the requested relief involves continuation of litigation in another forum or for the "lack of any connection with or interference with the pending bankruptcy case." *In re Drexel Burnham Lambert Group, Inc*., 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 343-44 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 52-53 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838-5839, 6300). Moreover, "cause" may also justify the retroactive relief and annulment of the automatic stay. *Ferris v. AAMD, LLC (In re Ferris)*, 650 B.R. 552, 558 (Bankr. W.D. Pa. 2023).

15. These standards favor granting relief here. Personal injury cases routinely justify stay relief due to the hardship suffered by the claimant and the non-core nature of such claims. *See In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982); *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor").

16. Moreover, upon obtaining relief from the automatic stay, it is just for the case to proceed in the State of Florida. Here, the Plaintiffs' injuries arose from a motor vehicle accident in Florida. This was caused by a driver that resides in Florida, while operating a vehicle based in Florida that is owned and operated by Debtor Buddy's Newco. The Plaintiffs then proceeded to commence the Civil Cases based on the laws of Florida in the state of Florida. Those Civil Cases are being handled by a firm solely based in Florida. The Debtors additionally have retained Florida personal injury counsel which proceeded to file suggestions of bankruptcy. Additionally, each of the Plaintiffs reside in Florida, and

many if not all of the expert testifying witnesses would be located in the state. Thus, it makes sense to try the case in Florida, especially since the Plaintiffs will have the ability to have the case heard by a jury of their peers.

17. Meanwhile, this Court lacks jurisdiction to adjudicate personal injury claims, which are expressly excluded from the definition of core proceedings. 28 U.S.C. § 157(b)(2)(O). Additionally, where a debtor already has in place insurance covering the personal injury claims, courts are even more likely to allow relief from stay as the hardship to the estate is negligible. *Int'l Business Machines v. Fernstrom & Van Co. (In re Fernstrom & Van Co.)*, 938 F.2d 731 (7th Cir. 1991); *Holtkamp*, 699 F.2d at 508 – 09. This is particularly the case since the Court lacks jurisdiction to hear these claims and so the claims must be liquidated in another forum no matter the outcome of this motion.4

18. In insurance arrangements involving deductibles, as in this case, the insurer still bears the defense burden and typically pays sums exceeding the deductible. *Lasorte v. Those Certain Underwriters at Lloyd's*, 995 F. Supp. 2d 1134, 1146 (D. Mont. 2014) ("With the deductible, the insurer has the liability and defense risk from the beginning and then deducts the deductible amount from the insured coverage"). Hence, the Debtors should not have to bear any defense costs. Furthermore, the insurer will have to pay the defense costs, whether the claim is liquidated in state court or the District Court should the relief not be granted and the matter withdrawn to the District Court.

19. As to probability on the success on the merits, Courts have held that even a slight probability of success on the merits can justify stay relief. *See e.g., Tribune Media Servs. v. Beatty (In re Tribune Co.)*, 418 B.R. 116, 129 (Bankr. D. Del. 2009) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case."); *In re SCO Grp.,*

---

4 In conversations with the Debtors, the Debtors suggest the estate will be harmed as the deductible is subject to collateral. However, the same deductible will apply whether the claims are liquidated in Florida state court or the District Court.

*Inc.*, 395 B.R. 852, 859 (Bankr. D. Del. 2007); *State Farm Fire & Casualty Co. v. Higgins*, 788 So. 2d 992, 995 (Fla. 4th DCA 2001) (finding that the duty to defend is controlled by the allegations of the complaint, even if the true facts would eliminate a duty to defend); *Baron Oil Co. v. Nationwide Mutual Fire Insurance Co.*, 470 So. 2d 810, 815 (Fla. 1st DCA 1985).

20. Here, the Plaintiffs' injuries arose from an accident caused by a vehicle owned and operated by Debtor Buddy's Newco. Accordingly, "cause" exists to lift the automatic stay retroactively to the date of the commencement of the Civil Cases and, if applicable, to grant relief from any plan injunction.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order (a) lifting the automatic stay retroactively to the date of the commencement of the Civil Cases and, if applicable, any plan injunction to permit the Civil Cases to proceed; (b) authorizing each of the Plaintiffs to recovery any judgment against the Debtors' insurance; (c) preserving the Plaintiff's respective proofs of claims filed in this bankruptcy; and (d) granting such other and further relief as this Court deems just and proper.

                                   MCELROY, DEUTSCH, MULVANEY
                                     &CARPENTER, LLP

Dated: April 11, 2025        By: */s/ Gaston P. Loomis*
                                       Gaston P. Loomis, Esq.
                                       300 Delaware Avenue, Suite 1014
                                       Wilmington, DE 19801
                                       Telephone: (302) 300-4510
                                       E-mail: gloomis@mdmc-law.com

                                       *Counsel to Jonathan Ortiz Munoz and*
                                       *Hannah Shalom Moody*