## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FRANCHISE GROUP, INC. et al.,[1] ) | |
| ) | Case No. 24-12480 (LSS) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: May 12, 2025 at 10:00 am (ET) |
| ) | Objection Deadline: May 5, 2025 at 4:00 pm (ET) |

## MOTION OF MEL INDIANA, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

MEL Indiana, LLC ("MEL Indiana"), hereby submits its Motion for Allowance and Payment of Administrative Expense Claim (the "Motion"). In support of its Motion, MEL Indiana states as follows:

### RELEVANT BACKGROUND

1.  On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

11 of the United States Code (the "Bankruptcy Code"). (D.I. 1). Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

2. MEL Indiana and Debtor American Freight Outlet Stores, LLC were the landlord and tenant under that certain lease agreement (the "Lease Agreement") entered into as of July 20, 2000 for a store located at 61169 US Route 6, Portage, Indiana (the "Property").

3. The Lease Agreement was rejected on December 31, 2024.

4. Prior to the Lease Agreement being rejected, Debtors were behind in their post-petition rent due and payable on December 1, 2024 in the amount of $18,836.12. Additionally, Debtors 2024 real property taxes in the amount of $77,073.08 have become due and owing with a spring installment due date of May 12, 2025 and fall installment due date of November 10, 2025. Debtors are responsible for taxes under paragraph 8(a) of the Lease Agreement. To date the taxes have not been paid. A copy of the tax bill is attached hereto as Exhibit "A".

5. Debtors are responsible for a total of $95,909.20 as an administrative expense claim (the "Administrative Expense Claim").

**RELIEF REQUESTED**

6. By this Motion, MEL Indiana requests that the Court enter an Order, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than $95,909.20, and requiring that the Debtors remit immediate payment of the Administrative Expense Claim to MEL Indiana within no more than seven (7) days after entry of the Order allowing the Administrative Expense Claim.

4934-6297-9851, v. 1

**BASIS FOR RELIEF**

7. Section 503 of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other
> than claims allowed under section 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

8. Pursuant to 11 U.S.C. §503(b)(1)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*', 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would be impossible." *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); Matter of H.L.S. Energy Co., 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); see also 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

9. Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor-in-possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor-in-possession.

Second, it must show that the transaction resulted in a direct benefit to the debtor-in-possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); see also *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (D. Del. October 19, 2021).

10. The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommer eds., 16th ed.).

11. In this case, the Debtors' post-petition occupancy of the leased premises benefited the estate by permitting the Debtors to continue conducting post-petition business functions in their ordinary course business operations. The amounts sought pursuant to this Motion were incurred by the Debtors subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtors' estates. Therefore, the amounts due under the Lease Agreement should be accorded administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

## RESERVATION OF RIGHTS

10. MEL Indiana reserves its right to amend this Administrative Expense Claim in any respective, including, but not limited to, asserting all amounts owed as applicable and all rights, claims, and remedies at law and equity under the Bankruptcy Code and applicable non-bankruptcy law.

4934-6297-9851, v. 1

## CONCLUSION

WHEREFORE, MEL Indiana respectfully requests that the Court enter an Order (i) directing the payment of its Administrative Expense Claim in the amount of $95,909.20; and (ii) granting MEL Indiana such other and further relief as the Court deems proper.

Dated:  April 23, 2025  **GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: */s/ Amy D. Brown*
Michael G. Busenkell (DE 3933)
Amy D. Brown (DE 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail:  mbusenkell@gsbblaw.com
            abrown@gsbblaw.com

*Counsel for MEL Indiana, LLC*