**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: N/A** |

**SUMMARY OF SECOND MONTHLY FEE STATEMENT OF ASHBY & GEDDES,
P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF AND AT THE SOLE
DIRECTION OF THE INDEPENDENT DIRECTOR MICHAEL J. WARTELL,
FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD
FEBRUARY 1, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025**

| Name of Applicant: | Ashby & Geddes, P.A. |
|---|---|
| Authorized to Provide Professional Services to: | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

{02113568;v1 }

| Date of Retention: | January 27, 2025, *nunc pro tunc* to December 19, 2024 |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | February 1, 2025 through and including February 28, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $100,044.00 |
| 80% of Compensation Sought as Actual, Reasonable and Necessary: | $80,035.20 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $1,658.70 |

This is a(n) __X__ monthly _____ interim _____ final  fee application.  No prior request has been filed with respect to the applicable Fee Period.

## SUMMARY OF BILLING BY PROFESSIONAL
## FEBRUARY 1, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025

| Name of Professional | Position at Ashby & Geddes and Year of Admission | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Philip Trainer, Jr. (PT) | Director Corporate/Commercial 1989 | $960 | 4.10 | $3,936.00 |
| Gregory A. Taylor (GT) | Director Bankruptcy/Insolvency 2000 | $795 | 37.20 | $29,574.00 |
| Michael D. DeBaecke (MDD) | Counsel Bankruptcy/Insolvency 1993 | $760 | 81.50 | $61,940.00 |
| Destiny A. Kosloske (DAK) | Associate Bankruptcy/Insolvency | $420 | 2.80 | $1,176.00 |
| Kristy M. Jones (KMJ) | Paralegal | $345 | 8.20 | $2,829.00 |
| Kimya M. Wilford (KMS) | Legal Assistant | $310 | 1.90 | $589.00 |
|  |  | **TOTAL:** | 135.70 | $100,044.00 |
|  |  | **Blended Rate:** |  | **$737.24** |

{02113568;v1 }                                                    2

## SUMMARY OF BILLING BY PROJECT CATEGORY
## FEBRUARY 1, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025

| Project Category (Task Code) | Total Hours | Total Fees |
|---|---:|---:|
| Asset Disposition (02) | 1.10 | $836.00 |
| Case Administration (07) | 17.20 | $11,149.00 |
| Claims Admin. And Objections (08) | 0.50 | $380.00 |
| Employment and Fee Applications (11) | 4.90 | $3,143.00 |
| Plan and Disclosure Statement (17) | 27.50 | $20,900.00 |
| Investigation (23) | 84.50 | $63,636.00 |
| **TOTAL:** | **135.70** | **$100,044.00** |

## EXPENSE SUMMARY FEBRUARY 1, 2025 THROUGH
## AND INCLUDING FEBRUARY 28, 2025

| Expense Category | Total Expenses |
|---|---:|
| Costs Advanced (Chelsea Tavern – lunch (3) for 2/6/25 hearing) | $88.80 |
| Photocopies ($0.10 per page) | $666.10 |
| Pacer Service (Court On-Line Docket System) | $122.50 |
| Parcels (document duplication, delivery service) | $781.30 |
| **Total:** | **$1,658.70** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: N/A** |

**SECOND MONTHLY FEE STATEMENT OF ASHBY & GEDDES, P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR MICHAEL J. WARTELL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FEBRUARY 1, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025**

Ashby & Geddes, P.A. ("Ashby"), as Delaware special counsel to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards (each, a "Board" and, together, the "Boards") of debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

{02113568;v1 }

Debtors") in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of Franchise Group, Inc. and certain of its affiliates (collectively, the "Debtors"), hereby submits this second monthly fee statement (the "Monthly Fee Statement") for compensation for professional services rendered and reimbursement of expenses incurred on behalf of the Independent Director during the period from February 1, 2025 through and including February 28, 2025 (the "Fee Period"). In support of the Monthly Fee Statement, Ashby respectfully states as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

2. The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these Chapter 11 Cases. [Docket No. 188]. No trustee or examiner (other than the Fee Examiner) has been appointed in these Chapter 11 Cases.

3. The Boards determined it was advisable and in the best interests of the Retaining Debtors to appoint Mr. Wartell as Independent Director and sole member of the Conflicts Committees. Mr. Wartell is to perform certain tasks and duties, with the assistance of counsel, as has been and may be amended or expanded from time to time. *See e.g. Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of An Order Authorizing the Employment of Ashby & Geddes, P.A. As Delaware Special Counsel on Behalf and at the Sole*

*Direction of the Independent Director, Michael J. Wartell, Effective as of December 19, 2024* [Docket No. 703] (the "Ashby Employment Application"), at ¶ 6.

4. On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

5. On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order"), appointing Direct Fee Review LLC (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. The terms and conditions of the Interim Compensation Order shall not be modified by the Fee Examiner Order, except that not later than three (3) business days after the filing of a monthly fee application, an Estate Retained Professional shall send to the Fee Examiner via electronic mail such application and any time entries and the expense detail filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable Fee Detail.

7. On January 9, 2025, the Independent Director filed the Ashby Employment Application. The Employment Application was approved by order entered on January 27, 2025. [Docket No. 845] (the "Ashby Employment Order").

**JURISDICTION, VENUE, AND STANDING**

8. This Court has jurisdiction to consider the Monthly Fee Statement pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding

pursuant to 28 U.S.C. §157(b) and Ashby confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Monthly Fee Statement to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases and other authority for the relief requested herein include Bankruptcy Code sections 105, 330, and 331, Bankruptcy Rule 2016, Local Rule 2016-1, the Interim Compensation Order, and the Ashby Employment Order.

## RELIEF REQUESTED

10. By this Monthly Fee Statement, and in accordance with the terms and provisions of the Interim Compensation Order, Ashby requests (i) allowance of compensation as an administrative expense in the amount of $100,044.00 for reasonable and necessary professional services rendered, (ii) timely payment of monthly interim compensation in the amount of $80,035.20 (80% of $100,044.00), and (iii) timely reimbursement of the reasonable costs and expenses incurred on behalf of the Independent Director during the Fee Period in the amount of $1,658.70.

    a. **Compensation Requested for Services Rendered**

11. During the Fee Period, Ashby complied with its duties and responsibilities as Delaware special counsel to the Independent Director.  This work included, among other necessary legal services, the following:

    a. communications with and responses to the Independent Director's special co-counsel (the law firm of Akin Gump Strauss Hauer & Feld LLP, hereafter "Akin") regarding matters relating to the Chapter 11 Cases and representation of the Independent Director;

b. investigate certain potential estate claims and causes of action against the first lien lenders and DIP lenders, in each case, in accordance with the authority delegated to the Independent Director by the Boards;

c. conduct research in support of analysis regarding potential claims against first lien lenders and DIP lenders;

d. provide initial presentations to the Independent Director regarding the status of and potential claims in connection with the investigation;

e. participate in regularly scheduled and ad hoc meetings, conferences and email correspondence with the Independent Director and Akin regarding the status of key matters arising in the Chapter 11 Cases;

f. monitor, review and analyze the bankruptcy case docket and District Court appeal docket for actual or potential relevance to the Independent Director's ongoing investigation and duties, including, without limitation, filings in connection with (i) the Debtors' proposed plan and disclosure statement (as amended, from time to time), (ii) discovery requests and responses between and among parties in the Chapter 11 Cases, (iii) claims asserted by various creditors and parties in interest, (iv) scheduled Court hearings, and (v) the pending appeals filed by the Freedom Lenders;

g. communications with Akin and perform research and provide responses to questions posed in connection therewith;

h. communications with counsel for other major parties in the Chapter 11 Cases;

i. prepare for and attend with Akin the Court hearings and bench rulings held on February 6 and 19, and February 12, respectively; and

j. perform required tasks associated with the drafting and preparation of fee application papers necessary for Ashby to receive compensation for services rendered and reimbursement of expenses incurred on behalf of the Independent Director in the Chapter 11 Cases.

12. Ashby maintains written records for the time expended by attorneys and paraprofessionals in the rendition of their professional services for and on behalf of the Independent Director. A detailed description of services rendered during the Fee Period is attached hereto as **Exhibit A**. Such records were made contemporaneously with the rendition of services

by the applicable timekeepers and in the ordinary course of Ashby's practice. Ashby submits the services rendered were reasonable, actual, and necessary, and are presented in a form consistent with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "Guidelines").

### b. Reimbursement for Costs and Expenses Incurred

13. By this Monthly Statement, Ashby seeks reimbursement of $1,658.70 for actual, reasonable, and necessary expenses incurred on behalf of the Independent Director during the Fee Period.[2] A summary of the actual and necessary expenses incurred is attached hereto as part of **Exhibit A.**

### VALUATION OF SERVICES

14. Ashby's professionals expended 135.70 hours of service in connection with representation of the Independent Director during the Fee Period. *See* **Exhibit A**.

15. Ashby's hourly rates charged for this matter are the same regular hourly rates in effect for the respective Ashby timekeepers as of January 1, 2025. The reasonable corresponding value of the services rendered by Ashby during the Fee Period is $100,044.00.

16. Ashby submits the time entries attached hereto as **Exhibit A** are in compliance with the requirements of Local Rule 2016-1. In accordance with section 330 of the Bankruptcy Code, the amount requested by this Monthly Fee Statement is fair and reasonable given the complexities of these Chapter 11 Cases, the time expended, the nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under Chapter 11.

---

[2] Ashby reserves the right to seek by future application its reimbursement for any additional costs and expenses incurred during the Fee Period but that have not yet been reflected in an Ashby fee statement.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

17. The undersigned counsel certifies that he has reviewed the requirements of Local Rule 2016-1, the Interim Compensation Order, and the Fee Examiner Order, and that the Monthly Fee Statement and supporting materials substantially comply with such rule and orders. To the extent it is found otherwise, Ashby submits any such deviations would not be material and respectfully requests that any such Local Rule or other requirements be waived or modified, as deemed appropriate and necessary.

**NOTICE AND NO PRIOR REQUEST**

18. Pursuant to the Interim Compensation Order, copies of this Monthly Fee Statement have been provided to respective counsel for the identified service parties, including the Fee Examiner. In addition, notice of this Monthly Fee Statement will be provided via ECF notifications to all parties receiving such notifications in these Chapter 11 Cases and via separate email issued to the parties included on the official service list maintained in the Chapter 11 Cases. In light of the nature of the relief requested and the provisions of the Interim Compensation Order, Ashby submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made to the Court or to any other court.

WHEREFORE Ashby respectfully requests that the Monthly Fee Statement be approved, that it receive monthly interim compensation and reimbursement pursuant to the terms and provisions of the Interim Compensation Order, and such other and further relief as deemed just and proper.

| | |
|---|---|
| Dated: April 25, 2025<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Michael D. DeBaecke*<br>Michael D. DeBaecke (No. 3186)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 654-1888<br>Email: mdebaecke@ashbygeddes.com<br><br>*Special Delaware Counsel on behalf of and at the sole direction of Michael J. Wartell as the Independent Director and sole member of the Conflicts Committee of the Board of each of the Retaining Debtors* |