# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER (I) APPROVING THE FORM, CONTENT, AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT SUPPLEMENT, (II) APPROVING CERTAIN DEADLINES AND PROCEDURES IN CONNECTION WITH CONFIRMATION, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") request entry of an order (this "<u>Order</u>"):[2] (a) approving the Disclosure Statement Supplement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not defined herein shall have the meanings given to them later in this Order, in the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket No. 1312] (as may be amended, modified, or supplemented from time to time, and together with all exhibits and supplements thereto, the "<u>Eighth Amended Plan</u>"), in the *Disclosure Statement Supplement for the Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* (together with all exhibits thereto, the "<u>Disclosure Statement Supplement</u>"), attached hereto as **Exhibit A**, or in the *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket No. 1014] (together with all exhibits thereto, the "<u>Disclosure Statement</u>"), as applicable.

and the form, content, and manner of notice thereof; (b) approving certain modified dates and deadlines in connection with Confirmation, and (c) granting related relief; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Bankruptcy Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Bankruptcy Court having found that this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtors' notice of the Order and opportunity for a hearing on the Order were appropriate and no other notice need be provided; and this Bankruptcy Court having determined that just cause exists for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

I.  **Approval of the Disclosure Statement Supplement and Related Materials.**

1. The Disclosure Statement Supplement is appropriate under the circumstances and is hereby approved.

2. The Disclosure Statement Supplement provides Holders of Claims and Interests and other parties in interest with sufficient notice of the terms of the Eighth Amended Plan, as modified from the Sixth Amended Plan, including, among other things, the revised release provisions contained in Article XII of the Eighth Amended Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3. The Debtors shall provide the Disclosure Statement Supplement to all Holders of Claims and Interests who were entitled to vote on the Sixth Amended Plan. The form of the Disclosure Statement Supplement complies with the Bankruptcy Code, Bankruptcy Rule 3017(d), and applicable Local Rules and provides adequate notice to such Holders of Claims and Interests. No further notice is necessary or required.

II. **Approval of the Timeline and Certain Procedures for Soliciting Votes on the Eighth Amended Plan.**

4. The Debtors are authorized to modify the voting deadline for Holders of Claims in Classes 3, 4, 5, 6, 7, 8-A, and 8-B (collectively, the "Voting Classes") by 14 days to May 7, 2025 (the "Extended Voting Deadline"). All Ballots must be properly executed, completed, and actually received by the Claims Agent no later than the Extended Voting Deadline.

5. The following schedule is hereby approved in its entirety (subject to modification as necessary):

| Event | Proposed Date |
|---|---|
| Extended Voting Deadline | May 7, 2025, at 5:00 p.m. (ET) |
| Objection Deadline | May 7, 2025, at 5:00 p.m. (ET) |
| Voting Report Deadline | May 14, 2025, at 12:00 p.m. (ET) |
| Confirmation Brief and Reply Deadline | May 14, 2025, at 12:00 p.m. (ET) |
| Confirmation Hearing | May 20, 2025, at 10:00 a.m. (ET) |

6. The period within which the Debtors may solicit votes to accept or reject the Eighth Amended Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Eighth Amended Plan.

7. The Debtors are authorized to extend the Extended Voting Deadline in their sole discretion and without further order of the Bankruptcy Court at any time before or after the

Extended Voting Deadline, on behalf of any individual voter or Voting Class, as the facts and circumstances may require.

8. As previously approved by the Bankruptcy Court in the Disclosure Statement Order, Ballots will be accepted in paper format or by E-Ballot Portal. Paper Ballots may be delivered by first-class mail postage period, personal delivery, or overnight courier to the Claims Agent at the following address:

> Franchise Group, Inc.
> Ballot Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

9. The Claims Agent is also authorized to accept Ballots submitted via electronic, online transmission, solely through a customized online balloting portal accessible on the Debtors' case website to be maintained by the Claims Agent (the "E-Ballot Portal"). Holders entitled to vote on the Eighth Amended Plan may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a Holder to submit an electronic signature). The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballots submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective. Ballots may be submitted online via the E-Ballot Portal at https://cases.ra.kroll.com/FRG per instructions provided in the Ballots and at the website landing page so as to be actually received by the Claims Agent no later than the Extended Voting Deadline. The E-Ballot Portal shall be the only acceptable means of electronic Ballot submission. Ballots submitted by electronic mail or facsimile, or any other means of electronic submission (other than via the E-Ballot Portal) shall not be accepted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.

10. The Confirmation Hearing will be held on **May 20, 2025, at 10:00 a.m. (prevailing Eastern Time)**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Bankruptcy Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

11. Objections to confirmation of the Eighth Amended Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the legal and factual basis and nature of any objection, and (d) be filed, together with proof of service, with the Bankruptcy Court and served so that they are actually received no later than **May 7, 2025, at 5:00 p.m. (prevailing Eastern Time)** by the following parties (collectively, the "Notice Parties"):  (i) co-counsel and proposed co-counsel for the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Derek I. Hunter (derek.hunter@kirkland.com), Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and Maddison Levine (maddison.levine@kirkland.com); and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com); (ii) counsel to the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); and 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq.

(rfeinstein@pszjlaw.com), Alan J. Kornfeld, Esq. (akornfeld@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Agent, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (v) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (A) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (B) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (vi) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com), and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (vii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 1221 Avenue of the Americas, New York, NY 10020, Attn: Andrew Zatz, Esq. (andrew.zatz@whitecase.com); and (viii) counsel to the HoldCo Lenders at the address set forth in (vii) above. Any objections not satisfying the requirements of this Order may not be considered and may be overruled.

**III.    Approval of the Distribution of the Supplemental Solicitation Package to Parties Entitled to Vote on the Eighth Amended Plan.**

12.    Within two business days of entry of this Order, or as soon as reasonably practicable thereafter, the Debtors are authorized to distribute, or cause to be distributed, by

first-class mail, to all Holders of Claims and Interests who were entitled to vote on the Sixth Amended Plan, a supplemental solicitation package (the "<u>Supplemental Solicitation Package</u>") containing the Disclosure Statement Supplement and the Eighth Amended Plan, and all other exhibits annexed thereto.

13. The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Supplemental Solicitation Package to the Holders of Claims and Interests who were entitled to vote on the Sixth Amended Plan in electronic format on a USB flash drive in lieu of paper format. Holders of Claims and Interests that receive supplemental solicitation materials in electronic format may request that the Claims Agent provide such materials in paper format and such materials shall be provided at the Debtors' expense.

14. The notice of the Supplemental Solicitation Package and the manner of service thereof shall be deemed good and sufficient notice and service of such Supplemental Solicitation Package. No further information or notice is necessary or required.

**IV.   Miscellaneous.**

15. The Disclosure Statement Order shall remain in full force and effect in its entirety, expect as expressly set forth in this Order.

16. The Debtors are authorized to make changes to the Disclosure Statement Supplement, the Eighth Amended Plan, the Plan Supplement, and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement Supplement, the Eighth Amended Plan, the Plan Supplement, and any other related materials prior to their mailing to parties in interest.

17. The Debtors reserve the right to modify the Eighth Amended Plan without further order of the Bankruptcy Court in accordance with Article XIV of the Eighth Amended Plan.

18. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or any order granting this relief; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.

19. In the event that the Eighth Amended Plan (in form and substance consistent with the Global Settlement Term Sheet) is not confirmed and consummated for any reason, all procedural and substantive rights of the Global Settlement Parties are preserved with respect to any and all plan-related issues, including with respect to an appropriate schedule for any alternative plan confirmation, any of the factual, valuation, or other assertions set forth in the Disclosure Statement or the Disclosure Statement Supplement, as applicable, and all other litigation rights, including with respect to the litigation and individual actions currently stayed as part of the Global Settlement, which for the avoidance of doubt includes, but is not limited to:  (a) *the Motion of OpCo 2L Agent and Ad Hoc Group of Second Lien Lenders for Allowance*

of a Superpriority Administrative Expense Claim [Docket No. 978]; (b) the appeal of the Final DIP Order in *Freedom Lender Group v. Franchise Group, Inc., et al*, Case No. 24-1404 (D. Del.2024); (c) the appeal of the Critical Vendors Order in *Freedom Lender Group v. Franchise Group, Inc., et al.*, Case No. 24-1403 (D. Del. 2024); (d) the appeal of the Bidding Procedures Order in *Freedom Lender Group v. Franchise Group, Inc., et al.*, Case No. 24-1405 (D. Del.2024); (e) the appeal of the Order Denying Exclusivity Termination in *Freedom Lender Group v. Franchise Group, Inc., et al.*, Case No. 24-1394 (D. Del. 2024); (f) the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Standing and Authorizing the Prosecution of Certain Challenge Claims on Behalf of the Bankruptcy Estates* [Docket No. 855]; (g) the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting the Committee Leave, Standing, and Authority to Commence, Prosecute and Settle Certain Claims on Behalf of the OpCo Debtors' Estates* [Docket No. 1200]; and (h) the adversary proceeding filed by the First Lien Credit Agreement Agent against the Second Lien Credit Agreement Agent on March 23, 2025 pursuant to the *Adversary Complaint* [Docket No. 1157].

20. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21. Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order.

23. This Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 26th, 2025
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE