**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., et al.,[1].<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: April 29, 2025, at 4:00 p.m. (ET)**<br><br>Re: D.I. 1283 |

**LIMITED OBJECTION OF WALT WHITMAN ROAD, LLC TO:
DEBTORS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING FRANCHISE
GROUP INTERMEDIATE V, LLC TO ENTER INTO AND PERFORM ITS
OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, (II) APPROVING
THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS,
RIGHTS, INTERESTS, AND ENCUMBRANCES, (III) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Walt Whitman Road, LLC (the "Landlord"), by and through its undersigned counsel, submits this Limited Objection (the "Objection") to *Debtors' Motion for Entry of an Order (I)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015

*Authorizing Franchise Group Intermediate V, LLC to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (II) Approving the Sale of Certain Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1283] (the "Motion") filed by the above-captioned Debtors (collectively, the "Debtors"). In support of its Limited Objection, Landlord respectfully states as follows:

### Relevant Background

  A. The Lease Agreement.

  1. Landlord and Debtor Vitamin Shoppe Industries LLC (the "Tenant") are parties to a lease dated June 1, 1995 (as amended, the "Lease"), for premises known as 191 Walt Whitman Road, Huntington, New York (the "Premises"). Tenant and Landlord extended the Lease twice by mutual agreement, as follows: (a) First Modification dated October 28, 2004, which extended the term by ten years, and (b) Lease Extension and Modification Agreement further extending the term from June 1, 2015, to May 31, 2025. *See* the Lease with Amendments at **Exhibit A**.

  B. The Alleged Personal Injury at the Premises.

  2. On or about March 13, 2024, John Massaro (the "Plaintiff") allegedly sustained injuries as a result of a trip and fall incident at the Premises. Plaintiff subsequently filed a complaint in the Supreme Court of the State of New York, County of Suffolk, against both the Tenant and Landlord (the "Personal Injury Lawsuit").[2] Landlord first received notice of the alleged incident through correspondence from Plaintiff's counsel dated March 21, 2024.

  3. On March 22, 2024, based on notice of the Personal Injury Lawsuit, counsel for Landlord gave notice of Tenant's obligation under the Lease to indemnify, defend and hold

---

[2] *See* the Summons and Complaint in **Exhibit B**. The defendants are: The Vitamin Shoppe and Walt Whitman Road, LLC.

{00041084.2 }

harmless Landlord against the Personal Injury Lawsuit. The Lease protects Landlord from claims arising from Tenant's use of the Premises and provides as follows:

> Owner or its agents shall not be liable for any injury or damage to persons or property resulting from any cause of whatsoever nature, unless caused by or due to the negligence of Owner, its agents, servants or employees. Owner or its agents will not be liable for any such damage caused by other tenants or persons in, upon or about said building or caused by operations in construction of any private, public or quasi-public work.
>
> Tenant agrees, at Tenant's sole cost and expense, to maintain general public liability insurance in standard form in favor of Owner and Tenant against claims for bodily injury or death or property damage occurring in or upon the demised premises, effective from the date Tenant enters into possession and during the term of this lease.
>
> **Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorneys fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant on condition of this lease, or the carelessness, negligence or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees.** Tenant's liability under this lease extends to the acts and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant. In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense, resist or defend such action or proceeding by Counsel approved by Owner in writing, such approval not to be unreasonably withheld.

Lease at Section 8 (**emphasis** added)

> 4.     Section 48 of the Lease provides that:
>
> The Landlord shall not be liable for damage or injury to a person or property unless prior written notice of any defect to the Landlord and sufficient time before such occurrence to have reasonably enabled the Landlord to correct such defect. Nothing herein contained shall impose any obligation on the Landlord to make repairs. The limit of Landlord's liability shall be limited to the extent of Landlord's interest in the real property of which the demised premises forms a part.
>
> The Landlord shall not be held liable for any damages or injury caused by or caused to any of the Tenant's employees, customers, invitees, etc. injured on any equipment, fixtures, machinery, furniture, appliances, etc. at Tenant's demised premises. The Tenant assumes all such liability and holds the Landlord harmless.

Lease at Section 48 (together, Lease at 8 and 48, hereinafter, the "Indemnity/Insurance Obligations").

5. Tenant has failed to satisfy the Indemnity/Insurance Obligations under the Lease by, among other things, failing to indemnify Landlord in connection with the Personal Injury Lawsuit or securing required insurance. Accordingly, the Debtor is in continuing default under the Lease (together, the "Default").

6. The Lease is set to expire on May 31, 2025. Landlord and Tenant are currently negotiating a further extension of the Lease.

**C. The Lease was Unexpired and Executory on the Petition Date.**

7. On November 3, 2024 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Code"). The Lease was executory and in full force and effect as of the Petition Date. The Debtor listed the Lease on its Schedule G. *See* D.I. 550.

8. As of April 11, 2025, Plaintiff's counsel informed Landlord that the Personal Injury Lawsuit would proceed against Landlord only, due to the automatic stay in place for Tenant's bankruptcy filing.

9. On April 16, 2025, Debtors filed the Motion that seeks to assume the Lease (the "Proposed Assumption"). In Schedule 1 of the Proposed Order in connection with the Motion, the Debtors proposed a cure amount of $0 (the "Proposed Cure Amount") and describe the Lease as follows:

| ID | Assumption Counterparty | Assumption Counterparty's Address | Debtor/Assignee | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 604 | Walt Whitman Road, LLC | Walt Whitman Road, LLC successor in | Vitamin Shoppe Industries LLC | Lease, 0015-Huntington, as | 0015 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| successor in interest to Gerald Kessler | interest to Gerald Kessler C/o Natural Organics Inc. 548 Broadhollow Road New York City, NY 11747 | | amended by and between Vitamin Shoppe Industries LLC and Walt Whitman Road, LLC, successor in interest to Gerald Kessler | | |

10. Landlord reserves the right to assert a monetary cure obligation with respect to the proposed assumption and assignment of the Lease as of the effective date of such assumption and assignment. But more significantly, Landlord raises the existing Default in response to the Proposed Assumption to put potential buyers on notice that cure of the Default will be required as a condition to any Proposed Assumption.

## CURE OBJECTION

11. The Lease was executory as of the Petition Date. *See Enter Energy Corp. v. United States (In re Columbia Gas Sys.),* 50 F.3d 233, 240 (3d Cir. 1995) (executoriness is measured as of the Petition Date). The Debtors also acknowledge that the Lease is executory in their sworn Schedule G and the Motion.

12. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). The purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and bring it back into compliance with the terms of the

contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) (quoting *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir.2008)). Further, once an executory contract is assumed, the debtor must assume all of its benefits and burdens—it may not cherry-pick which provisions will continue to apply. *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420 (Bankr. D.N.J. 2018) (compiling cases).

13. The Indemnity/Insurance Obligations, as well as any other Lease provisions that concern the Personal Injury Lawsuit, are part and parcel of the Lease. The Default with respect to the Indemnity/Insurance Obligations must be cured as part of the Proposed Assumption. This result is required by applicable case law. *See, e.g.*, *In re Philip Servs., Inc.*, 284 B.R. 541, 550 (Bankr. D. Del. 2002) (Court held that even though indemnification obligations are contingent upon a future occurrence, contingent duties of defending infringement suits and indemnification are executory and material).

14. Landlord files this Limited Objection to the Motion and proposed form of Order to make clear that the Tenant Debtor/assignee is required to comply with and cure the Default, including the Indemnity/Insurance Obligations and to hold Landlord harmless with respect to the Personal Injury Lawsuit or other Lease obligations including, without limitation, other personal injury or property damage claims not known to Landlord.

15. Further, Landlord objects to the assumption and assignment of the Lease unless the proposed assignee provides adequate assurance of future performance, as required by 11 U.S.C. § 365(b)(1)(C). The Landlord is entitled to receive assurance that any assignee of the Lease will comply with the Indemnity and Insurance obligations, as well as all other provisions of the Lease.

16. Toward that end, Tenant's cure obligations, including specifically the Default, should be expressly set forth in any order approving the assumption and assignment of the Lease, rather than merely listing the cure amount at zero as set forth in the Motion. Further, as part of its demand for adequate assurance of future performance, Landlord requests that any proposed assignee enter into an amendment to the Lease confirming the assignee's obligations under the Lease with respect to the Personal Injury Lawsuit.[3]

17. Landlord further reserves its right to supplement this Objection and to raise any other arguments in connection herewith. Nothing herein shall be deemed to waive any of Landlord's procedural, substantive, or other rights, privileges, and remedies in connection with the Lease (including, without limitation, all rights under section 365(d)(3) and 503(b)), all of which are hereby reserved.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) conditioning the assumption and assignment of the Lease on curing the Default in a manner satisfactory to Landlord and (ii) granting Landlord such other and further relief as the Court deems just and equitable.

Dated: April 29, 2025
      Wilmington, Delaware

Respectfully Submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
Chan (Cora) Dong (DE #7393)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
      dong@teamrosner.com

*Counsel to Landlord*

---

[3] A copy of the amendment will be provided to any assignee upon written request therefor.

{00041084.2 }