# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Suffolk
-----------------------------------------------------------------x
John Massaro,

                         Plaintiff/Petitioner,

      - against -                              Index No. 617098/24

The Vitamin Shoppe and Walt Whitman Road, LLC.,
                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: July 16, 2024

Name: Robert M. Cipriano

Firm Name: Law Office of Robert M. Cipriano, PC

Address: 130 West Main St. East Islip, NY 11730

Phone: 631-224-1587

E-Mail: rmcipesq@aol.com

To: The Vitamin Shoppe, 191 Walt Whitman Rd #110, Huntington Station, NY 11746

Walt Whitman Road, LLC, 548 Broad Hollow Road, Melville, NY 11747

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
JOHN MASSARO,                                    Index No. 617098/24

                                        Plaintiff,

- against -

THE VITAMIN SHOPPE and WALT WHITMAN
ROAD, LLC.,

                                        Defendants.
-----------------------------------------------------------------x

Plaintiff designates
SUFFOLK
County as the place
of trial
BASIS FOR VENUE:
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
508 Cody Drive
Melville, New York 11747

To the above named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: East Islip, New York
          July 15, 2024

**LAW OFFICE OF
ROBERT M. CIPRIANO, P.C.**
Attorney for Plaintiff
130 West Main Street
East Islip, New York 11730
(631) 224-1587

TO: THE VITAMIN SHOPPE : 300 HARMON MEADOW BLVD., SECAUCUS, NJ 07094
                191 WALT WHITMAN RD., #110, HUNTINGTON STATION, NY
WALT WHITMAN ROAD, LLC.: 548 BROAD HOLLOW RD., MELVILLE, NY 11747

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------x
JOHN MASSARO,                                      Index No. 617098/24

                Plaintiff,

- against -                                        **COMPLAINT**

THE VITAMIN SHOPPE and WALT WHITMAN
ROAD, LLC.,
                Defendant.
-----------------------------------------------------------------------x

      Plaintiff, by his attorney, **LAW OFFICE OF ROBERT M. CIPRIANO, P.C.**, as and for his Complaint herein, respectfully alleges, upon information and belief as follows:

      1.    At all times hereinafter mentioned, the plaintiff was and still is a resident of the State of New York.

      2.    At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.    At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

      4.    At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

      5.    At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a partnership duly organized and existing under and by virtue of the laws of the State of New York.

6. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

7. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and still is a Joint Venture duly organized and existing under and by virtue of the laws of the State of New York.

8. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

11. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and still is a partnership duly organized and existing under and by virtue of the laws of the State of New York.

12. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and still is a limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

13. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD,

LLC, was and still is a Joint Venture duly organized and existing under and by virtue of the laws of the State of New York.

14. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, was and is doing business at premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

15. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or services rendered in the State of New York.

16. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and said defendant derives substantial revenue from interstate or international commerce.

17. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or services rendered in the State of New York.

18. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and said defendant derives substantial revenue from interstate or international commerce.

19. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, was and is doing business at premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

20. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or services rendered in the State of New York.

21. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and said defendant derives substantial revenue from interstate or international commerce.

22. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or services rendered in the State of New York.

23. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC, expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and said defendant derives substantial revenue from interstate or international commerce.

24. At all times hereinafter mentioned the defendant, THE VITAMIN SHOPPE, was the owner of a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

25. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, its agents, servants, and/or employees were the lessees of a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

26. At all times hereinafter mentioned, the defendant, THE VITAMIN SHOPPE, its agents, servants, and/or employees were the lessors of a certain premises located at 191 Walt

Whitman Road, #110, Huntington Station, State of New York.

27. At all times hereinafter mentioned the defendant, THE VITAMIN SHOPPE, its agents, servants and/or employees operated a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

28. At all times hereinafter mentioned the defendant, THE VITAMIN SHOPPE, its agents, servants and/or employees managed a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

29. At all times hereinafter mentioned the defendant, THE VITAMIN SHOPPE, its agents, servants and/or employees controlled a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

29. At all times hereinafter mentioned the defendant, WALT WHITMAN ROAD, LLC., was the owner of a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

30. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC., its agents, servants, and/or employees were the lessees of a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

31. At all times hereinafter mentioned, the defendant, WALT WHITMAN ROAD, LLC., its agents, servants, and/or employees were the lessors of a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

32. At all times hereinafter mentioned the defendant, WALT WHITMAN ROAD, LLC., its agents, servants and/or employees operated a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

33. At all times hereinafter mentioned the defendant, WALT WHITMAN ROAD, LLC., its agents, servants and/or employees managed a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

34. At all times hereinafter mentioned the defendant, WALT WHITMAN ROAD, LLC., its agents, servants and/or employees controlled a certain premises located at 191 Walt Whitman Road, #110, Huntington Station, State of New York.

35. That it is was the duty of the defendant, its agents, servants and/or employees to keep the aforesaid premises in a reasonably safe condition and to ensure the safety of its patrons who were lawfully and properly utilizing said premises under the care and supervision of said defendants.

36. That on or about the 13th day of March 2024, while the plaintiff, JOHN MASSARO, was lawfully and properly on the aforesaid premises, he was caused to trip and be precipitated to the ground, thereby sustaining severe and permanent personal injuries.

37. The aforesaid occurrence and the resulting injuries sustained by the plaintiff, JOHN MASSARO, were caused solely and wholly by the carelessness, recklessness and negligence of the defendants and without any negligence on part of the plaintiff contributing thereto.

38. That by reason of the negligence, carelessness, and recklessness of the defendants herein, the plaintiff, JOHN MASSARO was caused to sustain serious, severe and permanent personal injuries with accompanying pain.

39. By reason of the foregoing, the plaintiff, JOHN MASSARO, has sustained damages in an amount which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff demands judgment against the defendants herein in an

amount which exceeds the jurisdictional limits of all lower Courts; together with interest and the costs and disbursements of this action.

**LAW OFFICE OF**
**ROBERT M. CIPRIANO, P.C.**
Attorney for Plaintiff
130 West Main Street
East Islip, New York 11730
(631) 224-1587

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

INDEX NO. 617098/24

---

JOHN MASSARO,

                Plaintiff(s),

-against-

THE VITAMIN SHOPPE and WALT WHITMAN ROAD, LLC.,

                Defendant(s).

---

## SUMMONS AND COMPLAINT

---

LAW OFFICE OF ROBERT M. CIPRIANO

Certification pursuant
to CPLR §130-1.1a

ROBERT M. CIPRIANO
Attorney for Plaintiff
Office and Post Office Address
130 WEST MAIN STREET
EAST ISLIP, N.Y. 11730
(631) 224-1587

---

TO: ALL PARTIES