# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*, | ) | Case No. 24-12480 (JTD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 1283** |
| | ) | |
| | ) | **Obj. Deadline: 4/29/25 by 4:00 p.m. (ET)** |
| | ) | **Hearing Date: 5/6/25 at 11:30 a.m. (ET)** |

## OBJECTION OF TURKEY CREEK HOLDINGS, LLC TO DEBTORS' SALE MOTION (DOCKET NO. 1283)

Turkey Creek Holdings, LLC ("Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Motion for Entry of an Order (i) Authorizing Franchise Group Intermediate V, LLC to Enter Into and Perform its Obligations Under the Asset Purchase Agreement, (ii) Approving the Sale of Certain Assets Free and Clear of all Claims, Liens, Rights, Interests, and Encumbrances, (iii) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief* (Docket No. 1283) (the "Sale Motion") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

### BACKGROUND

1. On November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, a predecessor of Landlord and the Debtors entered into a non-residential real property lease (the "Lease"), pursuant to which the Debtors lease from Landlord certain property located at 10950 Parkside Drive, Knoxville, Tennessee 37934 (the

"Premises"), at which the Debtors operate a Vitamin Shoppe store. The Lease is a lease "of real property in a shopping center" as that term is used in section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3. Upon information and belief, the Debtors are currently attempting to sell their Vitamin Shoppe assets to an entity named TVS Buyer, LLC (the "Purchaser"). In connection therewith, on or about April 16, 2025, the Debtors filed the Sale Motion. The Sale Motion and proposed order filed in connection therewith state that the Debtors may seek to assume and assign the Lease to the Purchaser in connection with the sale of its Vitamin Shoppe assets to Purchaser. The proposed order attached to the Sale Motion states that the cure amount to cure all defaults under the Lease is $71.20 (the "Proposed Cure Amount").

## **OBJECTIONS AND BASIS THEREFOR**

4. The Proposed Cure Amount is incorrect according to Landlord's books and records. As of the date hereof, the Debtors owe Landlord $156.97 under the Lease.

5. In addition, it is impossible to state with certainty now as to what the ultimate cure amount will be regarding the assumption and assignment of the Lease since it is not yet clear when the assumption and assignment of the Lease may occur. Additionally, under the Lease, Landlord is entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlord cannot be certain as to when the actual effective date for the assumption and assignment of the Lease may occur. The actual cure amount for the Lease should include the $156.97 identified above, as well as all of the interest and attorneys' fees and costs to which Landlord is entitled under the Lease, through the actual effective date of assumption and assignment of the Lease (the "Actual Cure Amount").

6. Further, any order that approves the assumption and assignment of the Lease must provide for the payment by the Purchaser of all charges due and/or accrued in the ordinary course

under the terms of the Lease subsequent to the assumption and assignment whether or not they may relate to a pre-assumption period.  In addition, the Lease provides that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after assumption and assignment of the Lease (i.e., personal injury claims, damage to the Premises or shopping center caused by Debtors or their agents).  Any order that approves the assumption and assignment of the Lease must provide that the assumption and assignment of the Lease is pursuant to the terms of the Lease and that the Purchaser will continue to be responsible for all such indemnification obligations as and when they come due and regardless of whether they may have arisen prior to the assumption/assignment of the Lease.

7. Finally, prior to any assumption or assignment of unexpired leases in a bankruptcy case, a debtor must provide adequate assurance that the debtor will promptly cure all defaults under such leases, and that the proposed assignee will be able to perform in the future under such leases. *See generally* 11 U.S.C. §§ 365(b) and (f).  In this case, in order to satisfy section 365(b) of the Bankruptcy Code, the cure amount for the Lease must be set in the Actual Cure Amount.  In addition, the Debtors have not provided Landlord yet with the terms regarding a proposed assumption and assignment of the Lease, nor any information (financial or otherwise) regarding the Purchaser or its ability to perform in the future under the Lease, contrary to the requirements of section 365(f) of the Bankruptcy Code.  Accordingly, until the Debtors can accomplish all of the foregoing things, they have not met their burden under section 365 of the Bankruptcy Code.  Landlord hereby preserves all rights it has to subsequently object to the terms of any proposed assumption and assignment of the Lease and to the Purchaser's ability to provide the required adequate assurance of future performance under the Lease.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that any order entered by the Court regarding the assumption and assignment of the Lease set a cure amount in the Actual Cure Amount and be consistent with the relief requested herein, and that the Court grant Landlord such other and further relief as is just and proper.

Dated: April 29, 2025

        **CONNOLLY GALLAGHER LLP**

        */s/ Karen C. Bifferato*
        Karen C. Bifferato (#3279)
        1201 N. Market Street, 20th Floor
        Wilmington, DE 19801
        Telephone: (302) 757-7300
        Email: kbifferato@connollygallagher.com

        *Attorneys for Turkey Creek Holdings, LLC*

05879036