# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

ORDER SUSTAINING FIRST OMNIBUS (NON-SUBSTANTIVE)
OBJECTION OF THE AD HOC GROUP OF FREEDOM LENDERS
TO CERTAIN CLAIMS FILED AGAINST THE HOLDCO DEBTORS

Upon consideration of the *First Omnibus (Non-Substantive) Objection of the Ad Hoc Group of Freedom Lenders to Certain Claims Filed Against the HoldCo Debtors* (the "**Objection**")[2] for entry of an order (this "**Order**") sustaining the Objection and disallowing and expunging in their entirety the Disputed Claims set forth in **Schedule 1** and **Schedule 2** attached hereto, and the Affidavit; and this Court having jurisdiction to consider the Objection pursuant to

---

[1] The debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), B. Riley Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and responses (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and, if necessary, a hearing having been held to consider the relief requested in the Objection and upon the record of the hearing (if any) and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the HoldCo Debtors and their estates; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. Each Disputed Claim set forth in **Schedule 1** and **Schedule 2** attached hereto is disallowed and expunged in its entirety as against the HoldCo Debtors.

3. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (and all rights to object to or defend on any basis are expressly reserved with respect to) any other claim referenced or identified in the Objection that is not listed on **Schedule 1** and **Schedule 2** attached hereto.

4. To the extent a response has been filed regarding any Disputed Claim, each such

Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Disputed Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. The Debtors and the Freedom Lender Group are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary, to implement and effectuate the relief granted in this Order.

6. Nothing in this Order or the Objection nor any actions made by the Debtors or the Freedom Lender Group pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the HoldCo Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors, the Freedom Lender Group or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the HoldCo Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Objection or the implementation of this Order.

## Schedule 1

## Disputed Claims (No Record)

| Claim Number | Claimant Name | Asserted Claim Amount | Debtor | Reason for Disallowance |
|---|---|---|---|---|
| 1431 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1428 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM Interco, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 1963 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |
| 2049 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM Interco, Inc. | Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f). |

## Schedule 2

### Disputed Claims (Wrong Debtor)

| Claim Number | Claimant Name | Asserted Claim Amount | Debtor | Reason for Disallowance |
|---|---|---|---|---|
| 1431 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM, Inc. | Claim filed in the wrong case. |
| 1428 | CorVel Enterprise Comp, Inc. | $62,509.68 | Freedom VCM Interco, Inc. | Claim filed in the wrong case. |
| 1963 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM, Inc. | Claim filed in the wrong case. |
| 2049 | Pleiades Partners, LLC | $1,600,000.00 | Freedom VCM Interco, Inc. | Claim filed in the wrong case. |