**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: April 29, 2025 at 4:00 p.m. (ET)**<br><br>**Hearing Date: May 6, 2025 at 11:30 a.m. (ET)**<br><br>**Ref. Doc. No.: 1283** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
WPG LEGACY, LLC TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
AUTHORIZING FRANCHISE GROUP INTERMEDIATE V, LLC TO ENTER INTO
AND PERFORM ITS OBLIGATIONS UNDER THE ASSET PURCHASE
AGREEMENT, (II) APPROVING THE SALE OF CERTAIN ASSETS FREE AND
CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS, AND ENCUMBRANCES,
(III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

WPG Legacy, LLC, as owner and/or managing agent for the owners of the properties identified herein (collectively, "WPG"), by its undersigned counsel, files this limited objection and reservation of rights (this "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing Franchise Group Intermediate V, LLC to Enter Into and Perform its Obligations Under the Asset Purchase Agreement, (II) Approving the Sale of Certain Assets Free and Clear of all Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Doc. No. 1238] (the "Motion").[1] In support of this Limited Objection, WPG respectfully states:

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Motion.

**BACKGROUND**

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and WPG are parties to certain unexpired leases of nonresidential real property (the "Leases") identified below, where the Debtors lease retail space (the "Premises"). The Debtors operate Vitamin Shoppe stores at the Premises.

| Landlord Entity | Shopping Center | City, State |
|---|---|---|
| Gaitway Plaza, LLC | Gaitway Plaza | Ocala, FL |
| WPG Wolf Ranch, LLC | Wolf Ranch Town Center | Georgetown, TX |

4. The Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd*., 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5. On December 16, 2024, this Court approved the Bidding Procedures for a sale process for all or some of the Debtors' assets.

6. On December 20, 2024, the Debtors filed the *Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases and Proposed Sale* [Doc. No. 487] (the "Notice"), which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with any sale, including the Leases. The Notice proposes the following amounts necessary to cure all monetary defaults under the Leases (the "Proposed Cure Amount"):

| Store No. | Landlord | Cure Amount |
|---|---|---|
| 0199 | Gaitway Plaza, LLC | $0.00 |
| 0435 | WPG Wolf Ranch, LLC | $0.00 |

7. On January 3, 2025, WPG timely filed its *Objection and Reservation of Rights of to the Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases of Debtors and Proposed Sale* [Doc. No. 616] (the "First Objection") disputing the Proposed Cure Amount and requiring the Debtors to comply with section 365 of the Bankruptcy Code in connection with any assumption and assignment of the Leases, including, without limitation, (a) preserving WPG's rights for setoff, recoupment, and subrogation (including defenses thereto), and (b) requiring the proposed assignee to be responsible for continuing obligations under the Leases in accordance with its terms, including, without limitation, (i) all amounts owing under the Leases that are unbilled or not yet due, regardless of when such amounts accrued, such as common area maintenance, taxes, insurance, and similar charges; (ii) all regular or periodic adjustment or reconciliation of charges under the Leases which were not due or had not yet been determined; (iii) any percentage rent that may be due under the Leases; and (iv) all insurance, indemnification and other contractual obligations under the Leases.

8. On April 16, 2025, the Debtors filed the Motion seeking authorization to sell (the "Proposed Sale") the Debtors' Vitamin Shoppe assets, including the Leases, to TVS Buyer, LLC (the "Buyer"). Affixed to the proposed Sale Order is the Cure Schedule identifying the Purchased Leases and Purchased Contracts and proposed cure amounts related thereto. The Cure Schedule identifies the Leases and references the Proposed Cure Amount.

9. On April 19, 2025, the Debtors filed the amended Cure Schedule [Doc. No. 1293] that identifies the Leases and sets forth a revised Proposed Cure Amount for the Lease at Gaitway

Plaza of $2,034.20.

10. While the Debtors and WPG, through counsel, have been in discussions regarding the cure amount for the Lease at Gaitway Plaza and the Proposed Sale, WPG files this Limited Objection out of an abundance of caution to preserve its rights. WPG is hopeful all open issues will be resolved in an acceptable form of order in advance of the Sale Hearing.

## LIMITED OBJECTION[2]

11. Although WPG does not object to the Debtors' right to sell substantially all of the Debtors' assets, WPG does object to the Proposed Sale to the extent such sale seeks to impair, limit, and/or modify WPG's rights under the Leases, the Bankruptcy Code, and applicable law. Moreover, any assumption and assignment of the Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Leases, including, but not limited to, paying all amounts due and owing under the Leases through the effective date of the assumption and assignment of the Leases and providing adequate assurance of future performance information to WPG.

### A. The Debtors' Proposed Cure Amount is Incorrect and Must Provide for Payment of all Obligations due Under the Leases.

12. As of the date of this Limited Objection, the cure amount owing under the Leases is not less than $4,399.25, plus unbilled charges that are accruing, which may come due in the future, and any indemnity and contribution obligations (the "Updated Cure Amount").[3] Attached hereto and incorporated herein as **Exhibit A** are schedules containing an itemization of the Updated Cure

---

[2] WPG hereby supplements its First Objection and, in doing so, fully restates and incorporates the First Objection herein.

[3] The Updated Cure Amount includes $1,000.00 in attorneys' fees. WPG is entitled to attorneys' fees as part of the cure amount for the Leases, as the Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the Leases must be paid as part of any assumption of the Leases. *See id.*

4

Amount.

13.     The Updated Cure Amount represents the amounts currently due and owing to WPG under the Leases. The Updated Cure Amount may increase prior to the actual date of the assumption and assignment of the Leases if all amounts that accrue after the date of this Limited Objection and any taxes, common area maintenance and other amounts that may come due, pursuant to the terms of the Leases and regardless of when those amounts accrued, have not been paid by the Debtors in accordance with the terms and conditions of the Leases.

14.     As previously stated in the First Objection, WPG respectfully requests that any order approving the assumption and assignment of the Leases provides, among other things, that WPG be immediately paid all amounts due and owing under the Leases through the effective date of the assumption and assignment of the Leases, as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Limited Objection.

15.     In addition, and as set forth in its First Objection, WPG respectfully requests that any order of this Court approving the assumption and assignment of the Leases to the Buyer specifically provide that the Buyer will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after effective date of the assumption and assignment of the Leases:

    a) all accruing but unbilled charges under the Leases, including but not limited to all unpaid year-end and other adjustments and reconciliations (such as adjustments for common area maintenance, taxes and similar charges);

    b) all regular or periodic adjustment of charges under the Leases which were not due or had not been determined as of the date of this Limited Objection;

    c) all percentage rent that may be due under the Leases; and

    d) all insurance, indemnification and other contractual obligations under the Leases, including but not limited to indemnification obligations relating to currently unknown and/or unasserted claims against WPG that presently exist or may exist in the future,

for which the tenants under the Leases may be obligated to indemnify and defend WPG.

Such provisions are supported by the statutory requirement that all arrears be cured under the terms of the Leases. *See* 11 U.S.C. § 365(b)(1).

### **RESERVATION OF RIGHTS**

16. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under the Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Proposed Sale, the proposed Sale Order and any asset purchase agreement; (b) amend the Updated Cure Amount; (c) assert any nonmonetary defaults under the Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the Leases; and (e) assert any further objections as it deems necessary or appropriate.

### **JOINDER**

17. WPG joins in any objections to the Proposed Sale that are filed by other landlords to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, WPG respectfully requests that this Court sustain this Limited Objection and grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: April 29, 2025  
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*  
Susan E. Kaufman (DSB# 3381)  
919 N. Market Street, Suite 460  
Wilmington, DE 19801  
Tel: (302) 472-7420  
Fax: (302) 792-7420  
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold (Ohio Bar No. 0061351)  
Erin P. Severini (Ohio Bar No. 91478)  
FROST BROWN TODD LLP  
3300 Great American Tower  
301 East Fourth Street  
Cincinnati, OH 45202  
Tel: (513) 651-6800  
Fax: (513) 651-6981  
Email: rgold@fbtlaw.com  
      eseverini@fbtlaw.com

**Counsel for WPG Legacy, LLC**

0028924.0796311  4897-3655-2762v1