IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket Nos. 1053, 1054, 1155** |

**SECOND SUPPLEMENTAL DECLARATION OF
JOSHUA A. SUSSBERG IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF FEBRUARY 14, 2025**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1. I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

collectively, "Kirkland"). I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Court of Appeals for the Second and Fifth Circuits and the United States District Courts for the Southern District of New York and the Northern District of Illinois. There are no disciplinary proceedings pending against me.

2. On November 3, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). On March 6, 2025, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* [Docket No. 1053] (the "Application")[2] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. On April 1, 2025, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* [Docket No. 1213], authorizing the Debtors to retain and employ Kirkland as their attorneys effective as of February 14, 2025.

3. In support of the Application, on March 4, 2025, the Debtors filed the *Declaration of Joshua A. Sussberg in Support of the Debtors' Application for Entry of an Order Authorizing*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Prior Declarations (as defined herein), as applicable.

2

*the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* (the "Initial Declaration"), which was attached to the Application as Exhibit B [Docket No. 1053, Ex. B], and, on March 21, 2025, filed the *Supplemental Declaration of Joshua A. Sussberg in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 14, 2025* [Docket No. 1155] (the "First Supplemental Declaration," and together with the Initial Declaration, the "Prior Declarations").

4. I submit this supplemental declaration (this "Second Supplemental Declaration") to supplement the Application and the Prior Declarations. Except as otherwise indicated herein, all facts stated in this Second Supplemental Declaration are based on my personal knowledge of Kirkland's operations and finances, information learned from my review of relevant documents, and information supplied to me by Kirkland's partners or employees. If called upon to testify, I could and would testify on that basis.

### Additional Specific Disclosures

5. In the Prior Declarations, I disclosed Kirkland's connections to certain parties in interest based on the Potential Parties in Interest list as of March 4, 2025, the date that the Debtors filed the Application. One such Potential Party in Interest was Performance Investment Partners, LLC ("PIP"), which the Debtors identified as a potential bidder in these chapter 11 cases.

3

6. I understand that, on March 14, 2025, PIP notified the Debtors that Kingswood Capital Management, L.P. (collectively with its affiliates and employees, "Kingswood") would be acting as its financing partner.[3]

7. On April 16, 2025, the Debtors filed a motion [Docket No. 1283], seeking, among other things, authority to enter into an asset purchase agreement with TVS Buyer, LLC, an affiliate of PIP, for the purchase and sale of certain of the Debtors' assets. I understand that Kingswood is acting as PIP's financing partner for the acquisition for PIP.

8. Kirkland currently represents, and in the past has represented, Kingswood in a variety of matters. Kirkland's current and prior representations of Kingswood have been in matters unrelated to the Debtors or these chapter 11 cases. Kirkland has not represented, and will not represent, Kingswood in connection with any matter in these chapter 11 cases. Kingswood represents less than one percent of Kirkland's fee receipts for the twelve-month period ending on March 31, 2025. Additionally, out of an abundance of caution, Kirkland has initiated the process of screening any Kirkland attorney or paraprofessional that billed time to Kingswood since February 14, 2025 from accessing any files related to Kirkland's representations of the Debtors. I do not believe that Kirkland's current or prior representations of Kingswood preclude Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

**Affirmative Statement of Disinterestedness**

9. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person"

---

[3] I understand that, on February 19, 2025, Kingswood executed a joinder to PIP's non-disclosure agreement with the Debtors. The Debtors were not notified that PIP had executed a joinder to its non-disclosure agreement with Kingswood. PIP's NDA permitted PIP to execute joinders with potential financing partners, and did not require PIP to notify the Debtors of any assignment of rights thereunder, including with respect to any joinder agreements.

within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 29, 2025

Respectfully submitted,

/s/ *Joshua A. Sussberg*
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as Partner of Kirkland & Ellis LLP; and as Partner of Kirkland & Ellis International LLP