IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 444, 1283 and 1293 |

**GLANBIA PERFORMANCE NUTRITION (NA), INC.'S LIMITED OBJECTION
AND RESERVATION OF RIGHTS REGARDING THE POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Glanbia Performance Nutrition (NA), Inc., f/k/a Glanbia Performance Nutrition, Inc., and certain of its affiliates referenced herein (collectively, "Glanbia"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") regarding the *Notice of Filing of Amended Schedule 1 to the Sale Order* filed by the above-captioned Debtors[2] on April 19, 2025 [D.I. 1293] (the "Amended Cure Schedule") in connection

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Amended Cure Schedule or Sale Motion.

30378/12
04/29/2025 314400734.2

with the *Debtors' Motion for Entry of an Order (I) Authorizing Franchise Group Intermediate V, LLC to Enter Into and Perform its Obligations Under the Asset Purchase Agreement, (II) Approving the Sale of Certain Assets Free and Clear of all Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1283] (the "Sale Motion"). In support of this Limited Objection, Glanbia respectfully states as follows:

## RELEVANT BACKGROUND

1. On November 3, 2024, the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware.

2. On December 16, 2024, the Bankruptcy Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [D.I. 444] (the "Bidding Procedures Order").

3. On January 3, 2025, Glanbia filed its *Limited Objection and Reservation of Rights Regarding the Debtors' Notice of Possible Assumption and Assignment and Cure Costs With Respect to Executory Contracts and Unexpired Leases* [D.I. 636] in response to the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] that was filed by the Debtors in connection with the sale process initially contemplated by the Bidding Procedures Order. However, the Debtors cancelled or

otherwise adjourned the sale hearing initially scheduled by the Bidding Procedures Order since they did not receive any qualified bids by the applicable bid deadline.

4. On April 16, 2025, the Debtors filed the Sale Motion, which seeks entry of a Sale Order authorizing and approving the Sale of the Purchased Assets and Assumed Liabilities to the Buyer and the assumption and assignment of the Purchased Contracts and the Purchased Leases in connection with such Sale.

5. On April 19, 2025, the Debtors filed the Amended Cure Schedule pursuant to the Sale Motion. The Amended Cure Schedule identifies, and seeks to establish Cure Costs with respect to, various executory contracts and unexpired leases that may potentially be assumed and assigned in connection with the Debtors' proposed Sale to the Buyer.

6. Specifically with respect to Glanbia, the Amended Cure Schedule identifies the following agreements (collectively, the "Agreements") and corresponding Cure Costs with respect to each Agreement:

- Purchase Agreement by and between Vitamin Shoppe Procurement Services, LLC and KSF Acquisition Corp. dba Slim Fast formerly Hyper Network Solutions of Florida LLC, with a proposed Cure Cost of $0.00 (the "KSF Agreement");

- Purchase Agreement, dated May 1, 2017, by and between Vitamin Shoppe Industries LLC and Grass Advantage Inc. dba Amazing Grass, with a proposed Cure Cost of $0.00 (the "Grass Advantage Agreement");

- Private Label Manufacturing and Supply Agreement by and between Vitamin Shoppe Procurement Services, LLC and Glanbia Performance Nutrition, Inc., with a proposed Cure Cost of $0.00 (the "Glanbia Performance Agreement");

- Vitamin Shoppe Purchase Agreement, dated May 6, 2010, by and between Vitamin Shoppe Industries LLC and Bio-Engineered Supplements & Nutrition Inc., with a proposed Cure Cost of $0.00;

- The Vitamin Shoppe Purchase Agreement, dated March 13, 2013 by and between Vitamin Shoppe Industries Inc. and Optimum Nutrition, with a proposed Cure Cost of $0.00;

- Purchase Agreement, dated October 1, 2015, by and between Vitamin Shoppe Procurement Services, LLC and thinkThin LLC, with a proposed Cure Cost of $0.00;

- Purchase Agreement by and between Vitamin Shoppe Procurement Services, LLC and Hyper Network Solutions of Florida LLC, with a proposed Cure Cost of $0.00; and

- Purchase Agreement by and between Vitamin Shoppe Procurement Services, LLC and Hyper Network Solutions of Florida LLC, with a proposed Cure Cost of $0.00.

*See* Amended Cure Schedule, Ex. A.[3]

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

7. Pursuant to the Bidding Procedures Order and section 365(b)(1)(A) of the Bankruptcy Code, the Debtors must cure, or provide adequate assurance of a prompt cure, of all defaults under any executory contracts that they intend to assume and assign. The Debtors must also provide adequate assurance of future performance under any assumed contracts. *See, e.g.*, 11 U.S.C. 365(b)(1)(C).

8. Glanbia objects to the Cure Costs that the Debtors have proposed for the KSF Agreement, Grass Advantage Agreement, and Glanbia Performance Agreement. The Debtors are in default under these Agreements due to the Debtors' failure to timely pay invoices issued in connection with such Agreements. As of the date hereof, the aggregate amounts of past-due invoices owed by the Debtors (i.e., the Cure Costs that must be paid pursuant to the Bidding Procedures Order and section 365(b)(1)(A) of the Bankruptcy Code) in connection with the (i) KSF Agreement is no less than $18,252.00, (ii) Grass Advantage Agreement is no less than $29,414.40, and (iii) Glanbia Performance Agreement is no less than $315,315.58.

---

[3] Glanbia reserves all rights to the extent the Amended Cure Schedule lacks sufficient information to properly identify the Agreements or any other executory contracts alleged to exist between the Debtors and Glanbia.

9. Glanbia reserves all rights to supplement this Limited Objection or to assert further objections regarding the assumption and assignment of the Agreements, including, without limitation, (i) the right to object to the Debtors' proposed Cure Costs to the extent that any defaults under the Agreements may arise (e.g., the Debtors fail to timely pay invoices that have not yet come due) between the date hereof and the effective date of the potential assumption and assignment of the Agreements,[4] (ii) the right to object to adequate assurance of future performance (or the lack thereof), since the Debtors have provided virtually no adequate assurance information with respect to the Buyer, and (iii) the right to oppose assumption and assignment to the extent that Glanbia may hereafter determine, upon further review, that any of the Agreements are not executory. In addition, Glanbia reserves all rights regarding any contracts that are not identified in the Amended Cure Schedule.[5]

[*Remainder of page intentionally left blank*]

---

[4] The Debtors are obligated to cure all defaults, including post-petition defaults, in full as of the date of assumption of the Agreements pursuant to Section 365(b)(1) of the Bankruptcy Code. *See In re McLean Industries, Inc*., 96 B.R. 440, 449 n.11 (S.D.N.Y. 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults . . . . This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption[.]'").

[5] This Limited Objection focuses solely on Glanbia's rights with respect to the Agreements set forth in the Amended Cure Schedule. For the avoidance of doubt, Glanbia expressly reserves any and all other rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses (including the right to object to the assumption and/or assignment) that Glanbia may have against or in respect of any of the Debtors, including with respect to any contracts that are not identified in the Amended Cure Schedule.

Dated: April 29, 2025
       Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
E-mail: csimon@crosslaw.com

    - and -

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: metkin@lowenstein.com
E-mail: mpapandrea@lowenstein.com

*Counsel to Glanbia Performance Nutrition (NA), Inc.*