**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 1283, 1293** |

**RENEWED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FRONTIER OSCEOLA LLC TO MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING FRANCHISE GROUP INTERMEDIATE V, LLC TO ENTER INTO AND PERFORM ITS OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Frontier Osceola LLC (hereafter "Landlord") files this renewed objection (the "Objection") to the Debtors' proposed Cure Payments stated in the *Debtors' Motion for Entry of an Order (I) Authorizing Franchise Group Intermediate V, LLC to Enter Into and Perform its Obligations Under The Asset Purchase Agreement, (II) Approving the Sale of Certain assets Free and Clear*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

17304264/2

*of All Claims, Liens, Rights, Interests and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1283] (the "Sale Motion") and specifically the Cure Schedule attached as Schedule 1 (the "Cure Notice") and the amended Cure Notice[2] filed by the above captioned Debtors and Debtors-in-Possession (collectively, "Debtors"). In support of its Objection, Landlords states as follows:

## BACKGROUND

### A. Procedural History

1. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the District of Delaware (the "Court") and, thereby commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

2. On November 5, 2024, the Court entered the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases*. [Docket No. 88].

3. On November 11, 2024 the Debtors filed the *Motions for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 154] (the "Bid Procedures Motion").

---

[2] See Docket No. 1293-1.

4. On December 16, 2024, the Court entered the *Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [Docket No. 444] (the "Bid Procedures Order").

5. Pursuant to the Bid Procedures Order, on December 12, 2024, the Debtors filed the Cure Notice which underestimated the amount awed to the Landlord for its lease interest and lists the preliminary estimated cure amount as $0.00 (the "Proposed Cure Amount"). The Cure Notice established January 3, 2025, as the deadline to object to the Cure Notice.

6. The Landlord timely filed a Limited Objection and Reservation of Rights of Frontier Osceola LLC to Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases [Docket No. 632] objecting to the proposed cure amount.

7. On April 16, 2025, Debtor filed the most recent Sale Motion again restating the proposed cure amounts in the Cure Notice. The Sale Motion established April 29, 2025 as the new deadline to object to the Cure Notice.

**B. Lease History**

8. Landlord is the owner of the premises located at 8001 East Merritt Island Causeway, Merritt Island, Florida 32952 (the "Premises") at which the Debtors operates store number 0419 at the Premises pursuant to an unexpired non-residential real property lease dated January 1, 2010, (the "Lease")[3]

---

[3] Due to the voluminous nature of the Lease, it is not attached here but, Landlord will provide the Lease upon request.

9. On May 3, 2024, Vitamin Shoppe Industries LLC and Landlord executed a Fourth Amendment to Lease, wherein the parties extended the term of the Lease for a period of five (5) years effective January 1, 2025 and continuing through December 31, 2029.

10. Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as a share of common area maintenance ("CAM") expenses, taxes, insurance, utilities and assessments.

11. As of the Petition Date, the Debtors failed to pay the CAM expense due under the Lease for the 2023 and 2024 lease year. A copy of the invoice sent to the Debtors detailing the 2023 and 2024 CAM expenses is attached hereto as **Exhibit A**.

12. According to Landlord's records, the total amount outstanding for the Potentially Assuming Creditor is no less than $8,871.16, as detailed below:

| DEBTOR | CAM Outstanding | Difference Between Total Amount Outstanding and Stated Cure Amount |
|---|---|---|
| Vitamin Shoppe Industries LLC | $8,871.16 | $8,871.16 |

## CURE AMOUNT OBJECTION

13. Landlord objects to the Cure Notice to the limited extent that the Cure Notice understates the amount necessary to cure outstanding payment defaults by Debtor Vitamin Shoppe Industries LLC.

14. The Court should enter an order conditioning any assumption of the Lease on payment in full of all 2023 and 2024 CAM expenses, and any other amounts that come due under the terms of the Lease prior to the time the Lease is assumed (the "Outstanding Lease Obligations").

## ARGUMENT

15. Under 11 U.S.C. § 365(b)(1)(A), the debtor-in-possession may not assume and assign an executory contract unless the debtor-in-possession "cures, or provides adequate assurance that [it] will cure" any monetary defaults under the contract. *See Spyglass Media Group, LLC v. Bruce Cohen Productions, et al.,* (*In re Weinstein Company Holdings LLC*), 997 F.3d 497, 501 (3d Cir. 2021) ("To assume an executory contract, a debtor must cure existing defaults and put the contract in the same place as if the bankruptcy never happened."); see also *In re Airlift Intern., Inc.,* 761 F.2d 1503, 1508 (11th Cir. 1985) ("Upon assuming an executory contract or unexpired lease under section 365, the estate must (i) cure all defaults, (ii) compensate the other party for any pecuniary losses arising from such default, and (iii) provide adequate assurance of future performance under the agreement.").

16. Further, Section 365(b)(1)(B) includes compensation to Landlord for sums incurred for attorneys' fees in connection with the bankruptcy case. See *In re: F&N Acquisition Corp.*, 152 B.R. 304 (W.D. Wash. 1993); *In re: Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D. Cal. 1989); and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees based upon the language of the lease.)

17. The Debtors' identification of the contracts with Landlord in the Cure Notice fails to provide accurate cure amounts.

18. Landlord objects to the assumption and assignment of its agreement unless the Debtors cure all monetary defaults under their agreement with Landlord, which are currently no less than $8,871.16, plus postpetition attorney fees.

6

## RESERVATION OF RIGHTS

19. Landlord hereby reserves its rights to object to the adequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C) and to amend or supplement this Objection in the future as it deems appropriate based on the foregoing items or otherwise when the Lease is identified as a lease to be actually assumed or assumed and assigned. Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease between the Debtors and Landlord. Additionally, Landlord reserves its right to seek a § 503(b)(1) administrative claim for stub-rent owed for the period of November 3, 2024 through November 30, 2024.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay the full cure amount for all potentially assumed contracts, which is no less than $8,871.16, (iii) that Landlord be awarded their costs and reasonable attorneys' fees incurred in connection with this Limited Objection, and (iv) grant such other and further relief as is just and equitable.

Dated: April 29, 2025

**MORRIS JAMES LLP**

/s/ *Christopher M. Donnelly*
Eric J. Monzo (DE Bar No. 5214)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Email:  emonzo@morrisjames.com
            cdonnelly@morrisjames.com

-and-

**KERRICK BACHERT PSC**

Scott A. Bachert (admitted *pro hac vice*)
1411 Scottsville Road
P. O. Box 9547
Bowling Green, KY  42102-9547
Telephone: (270) 782-8160
Email: sbachert@kerricklaw.com

*Counsel to Frontier Osceola LLC*