## Exhibit A

**New Organizational Documents**

This **Exhibit A** includes the following New Organizational Documents of the Reorganized Debtors:

Exhibit A(i):  Corporate Governance Term Sheet
Exhibit A(ii):  Identity of New Board and Insider Compensation

Certain documents, or portions thereof, contained in this **Exhibit A** and the Plan Supplement remain subject to continuing review and discussions among the Debtors, the Ad Hoc Group, and the Freedom Lender Group consistent with their respective consent and consultation rights.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Global Settlement and the Plan, or by order of the Bankruptcy Court.

## Exhibit A(i)

**Corporate Governance Term Sheet**

*Draft*

## Summary of Terms of Governance Documents[1]

    Capitalized terms used in this Summary of Terms of Governance Documents (this "Governance Term Sheet") and not otherwise defined herein shall have the meanings given to such terms in the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [Docket No. 1312] (as amended, restated, supplemented or otherwise modified from time to time, the "Plan").  The terms in this Governance Term Sheet do not purport to be complete and shall not in any way be binding upon the Debtors, any of the Holders of DIP Claims or any of the Holders of Prepetition First Lien Loan Claims (including any member of the Ad Hoc Group), and do not create any legal obligations or commitments on any such Person, unless and until the entry into by the Companies (as defined below) and the Unitholders (as defined below) of definitive documentation with respect to the matters set forth herein.

*THIS TERM SHEET DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OR REJECTIONS AS TO ANY PLAN OF REORGANIZATION IN CONTRAVENTION OF APPLICABLE LAW IN ANY JURISDICTION, IT BEING UNDERSTOOD THAT ANY SUCH OFFER OR SOLICITATION, IF ANY, WILL BE MADE ONLY IN COMPLIANCE WITH APPLICABLE PROVISIONS OF SECURITIES, BANKRUPTCY AND/OR OTHER APPLICABLE LAWS. THIS TERM SHEET IS BEING PROVIDED AS A POSSIBLE COMPROMISE AND IS THUS SUBJECT TO FEDERAL RULE OF EVIDENCE 408.*

| | |
|---|---|
| New TopCo: | New TopCo will be a newly formed Delaware limited liability company.[2]  New TopCo and its subsidiaries shall be referred to herein, individually, as a "Company" and, collectively, the "Companies". |
| Parties to New LLC Agreement: | On the Effective Date, New TopCo will enter into a limited liability company agreement in form and substance materially consistent with this Governance Term Sheet[3] (the "New LLC Agreement") with each Person that receives New Common Units (as defined below) in connection with the Plan Equitization Transaction. |
| | Persons that own or hold New Common Units from time to time are referred to herein, each as a "Unitholder" and, collectively, the "Unitholders". |

---

[1] **Note to Draft**:  The rights and obligations set forth in this Governance Term Sheet are subject to change based on relative *pro forma* equity holdings of the institutions that will receive Class A Common Units pursuant to the Plan.

[2] **Note to Draft**:  The tax classification of New TopCo for U.S. income tax purposes is subject to ongoing discussions among certain members of the Ad Hoc Group.

[3] **Note to Draft**:  To the extent that any of the following provisions in the New LLC Agreement are materially inconsistent with this Governance Term Sheet, the Freedom Lender Group shall have a consent right over such provisions, solely to the extent of any such material inconsistency:  "Transfers", "Tag-Along Rights", "Drag-Along Rights", "Preemptive Rights", "Information Rights", and "Registration Rights".

New Common Units:

The New LLC Agreement shall initially provide for the following two classes of limited liability company interests: (i) Class A Voting Common Units ("Class A Common Units"), and (ii) Class B Limited-Voting Common Units ("Class B Common Units"). The Class A Common Units, the Class B Common Units and any other class or series of common limited liability company interests of the Company that are authorized by the New Board (as defined below) from time to time are collectively referred to in this Governance Term Sheet as the "New Common Units".  Class A Common Units will be voting units and will be issued on the Effective Date in accordance with the Plan.  References in the Plan to Reorganized Common Equity shall be deemed to be references to the Class A Common Units.  Class B Common Units will be limited-voting units and may only be issued from time to time pursuant to awards granted to directors, managers, officers and employees of any of the Companies under a management incentive plan to be adopted by the New Board, as determined by the New Board in its sole discretion.

On and after the Effective Date, none of the New Common Units will be listed for trading on a securities exchange, and none of the Companies will be required to file reports with the United States Securities and Exchange Commission unless it is required to do so pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act").

The New Board shall decide whether the New Common Units will be certificated or uncertificated and the identity of the transfer, registrar or other similar agent, if any, for the New Common Units; provided, however, that the Class A Common Units issued on the Effective Date shall be uncertificated.

References herein to any class or series of New Common Units shall apply to limited liability company interests or other equity securities of New TopCo issued to Unitholders in respect of, in exchange for, or in substitution of, such class or series of New Common Units by reason of any reorganization, recapitalization, reclassification, merger, consolidation, spin-off, partial or complete liquidation, unit dividend, split-up, sale of assets, distribution to unitholders or combination of such class or series of New Common Units or any other change in New TopCo's capital structure.

Board of Managers:

The New Board shall consist of seven (7) managers on the Effective Date (each manager on the New Board, a "Manager" and, collectively, the "Managers").  Subject to the other provisions of this Governance Term Sheet, the Managers are to be designated or elected (as applicable) as follows:

(i)     one (1) individual designated by Specified Unitholders that are Affiliates (as defined below) of [HG Vora Capital

Management, LLC][4] (collectively, the "<u>HG Vora Unitholders</u>") for so long as the HG Vora Unitholders own or hold fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units;

(ii)    one (1) individual designated by each Specified Unitholder (as defined below) that owns or holds (together with its Affiliates) twenty percent (20.0%) or more of the issued and outstanding Class A Common Units, but only for so long as such Specified Unitholder owns or holds (together with its Affiliates) fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units; <u>provided</u>, that no Specified Unitholder shall be permitted to designate a Manager pursuant to this <u>clause (ii)</u> prior to the one year anniversary of the Effective Date (the "<u>Trigger Date</u>");

(iii)    the following number of individuals elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of electing any such individual as a Manager (or by the Majority Unitholders (as defined below) acting by written consent): six (6) <u>minus</u> the total number of Designation Rights (as defined below) in effect as of the time of determination; and

(iv)    the individual then serving as the Chief Executive Officer of New TopCo (the "<u>Chief Executive Officer</u>" and as a Manager, the "<u>CEO Manager</u>"), if any.

The term "<u>Affiliate</u>" means, with respect to any Person, any other Person that (either directly or indirectly) controls, is controlled by, or is under common control with the specified Person, and shall also include any Related Fund (as defined below) of such Person. The term "<u>Related Fund</u>" means, with respect to any Person, any fund, account or investment vehicle that is controlled, managed or advised by (a) such Person, (b) an Affiliate of such Person or (c) the same investment manager, advisor or subadvisor that controls, manages or advises such Person or an Affiliate of such investment manager, advisor or subadvisor. The term "<u>Majority Unitholders</u>" means, as of any time of determination, Unitholders that collectively own or hold greater than fifty percent (50.0%) of the issued and outstanding Class A Common Units as of such time of determination; <u>provided</u>, that at any time there are two (2) or more unaffiliated Unitholders that own or hold Class A Common Units, "Majority Unitholders" shall include at least two (2) unaffiliated Unitholders that own or hold Class A Common Units.

---

[4] <u>**Note to Draft**</u>:  HG Vora to confirm name of investment manager.

The term "Specified Unitholders" means, as of any time of determination, Unitholders who are Affiliates of any of the Persons listed on Schedule A attached hereto as of such time.

Each of the Managers (including any Manager appointed to fill any vacancy on the New Board, but excluding the CEO Manager) shall be an Independent Manager.  The term "Independent Manager" means an individual who is not employed by (x) any of the Companies or (y) any of the Unitholders or any of their respective Affiliates as of the time that such individual is designated or elected to be a Manager or at any time six (6) months prior to such time.  Notwithstanding anything in the foregoing, a Manager may be an individual who is employed by any Unitholder or any of its Affiliates at the time such individual is designated or elected to be a Manager or at any time six (6) months prior to such time (any such Unitholder, an "Interested Unitholder") if the designation or election of such individual to be a Manager is approved by the Unitholders (excluding each of the Interested Unitholders) (the "Disinterested Unitholders") who collectively own or hold at least 66-2/3% of the issued and outstanding Class A Common Units owned or held by all Disinterested Unitholders as of such time.

The right of any Unitholder(s) to designate a Manager pursuant to clause (i) or clause (ii) above shall be referred to in this Governance Term Sheet as a "Designation Right".  No Unitholder, together with its Affiliates, shall be entitled to more than one (1) Designation Right at any time (it being understood that if the HG Vora Unitholders have a Designation Right under clause (i) above as of a particular time, then the HG Vora Unitholders shall not be entitled to a Designation Right under clause (ii) above as of such time).  If any Specified Unitholder obtains a Designation Right under clause (ii) above (a "Springing Designation Right") prior to the Trigger Date, then such Specified Unitholder shall not be entitled to exercise such Springing Designation Right, and such Springing Designation Right shall not be in effect, until the Trigger Date and only if such Specified Unitholder continues to own or hold (together with its Affiliates) fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units as of the Trigger Date.  Designation Rights shall not be assignable to any Person.

If at any time the HG Vora Unitholders' Designation Right under clause (i) above terminates, then such termination shall be permanent and shall not be reversed if the HG Vora Unitholders shall thereafter own or hold fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units; provided, that the foregoing shall not prevent the HG Vora Unitholders from obtaining a Springing Designation Right at any time after any such termination.

-4-

The initial chairperson of the New Board (the "Chairperson") shall be a Manager determined by the Ad Hoc Group. Any subsequent Chairperson shall be a Manager elected by the New Board.

Managers not employed by any of the Companies, any of the Unitholders or any Affiliates of any of the Unitholders shall receive market-rate compensation from New TopCo, such market-rate compensation to be determined by the Majority Unitholders. Each Manager shall be reimbursed for reasonable and documented out-of-pocket costs and expenses incurred in the performance of his or her duties as a Manager.

The New Board may establish one or more committees of the New Board to exercise the powers of the New Board. For the avoidance of doubt, no committee shall be authorized to take any action that the New Board could not take itself.

None of (A) the Unitholders (except any Unitholder that is an employee of any of the Companies, any Unitholder that is a family member of an employee of any of the Companies, or any Unitholder that is controlled by an employee of any of the Companies or any such employee's family members) or (B) the Affiliates of any Unitholders described in clause (A) (except any such Affiliate that is an employee of any of the Companies, any such Affiliate that is a family member of any employee of any of the Companies, or any such Affiliate that is controlled by any employee of any of the Companies or any such employee's family members) (the foregoing Persons, the "Identified Persons") will be subject to any fiduciary or other duty, including any duty relating to the doctrine of corporate (or analogous) opportunity or any other similar doctrines and the New LLC Agreement will provide for a broad corporate (or analogous) opportunity waiver in favor of all Identified Persons. The New LLC Agreement shall provide that the fiduciary duties of the Identified Persons shall be eliminated or limited to the fullest extent permitted by the Delaware Limited Liability Company Act (the "DLLCA").

Nothing contained in the New LLC Agreement shall limit or otherwise impact the ability of any Identified Person (i) to, directly or indirectly, sell or purchase the debt or equity securities of any Person (other than New TopCo) or (ii) from engaging or competing in any line of business.

Each Manager, in his or her capacity as such, shall have the same fiduciary duties as those of a member of a board of directors of a corporation organized under the laws of the State of Delaware; provided, however, the New LLC Agreement shall contain a customary waiver with respect to each of the Managers and, as determined by the New Board, any officers of New TopCo for monetary damages for breach of the duty of care as contemplated

-5-

by Section 102(b)(7) of the Delaware General Corporation Law to the fullest extent similarly permitted by the DLLCA.

Quorum and Voting:

A quorum for meetings of the New Board will require the attendance of a majority of the Managers then in office. The vote of a majority of the Managers present and entitled to vote at a meeting at which a quorum is present shall be the act of the New Board, unless the express provision of a statute requires a different vote, in which case such express provision shall govern and control. Any Manager or member of any committee of the New Board may participate in any meeting of the New Board or any committee of the New Board (each such meeting, a "Meeting") through the use of any means of communication (including by remote means) by which all persons participating can hear each other at the same time or by any other means permitted by the DLLCA. Any Manager or member of any committee of the New Board participating in any such Meeting by any such means of communication is deemed to be present in person at such Meeting.

Any action required or permitted to be taken at any meeting of the New Board may be taken without a meeting, without prior notice and without a vote if all members then-serving on the New Board consent in writing.

Removal of Managers:

If a Designation Right of a Specified Unitholder terminates, then the Manager (if any) serving on the New Board that was designated pursuant to such terminated Designation Right shall be removed from the New Board at the request of the Majority Unitholders or shall be removed from the New Board in connection with the exercise of a Springing Designation Right (as further described below). For the avoidance of doubt, a Designation Right of a Specified Unitholder shall terminate if such Specified Unitholder owns or holds (together with its Affiliates) less than fifteen percent (15.0%) of the issued and outstanding Class A Common Units at any time after such Specified Unitholder obtains such Designation Right.

Except for any removal of a Manager at the request of the Majority Unitholders on account of the termination of such Designation Right or any removal of a Manager in connection with the exercise of a Springing Designation Right after such Designation Right has terminated, the Unitholder(s) entitled to designate a Manager pursuant to a Designation Right shall have the exclusive right to require removal, whether with or without cause, of the Manager that has been designated by such Unitholder(s) pursuant to such Designation Right.

If any Specified Unitholder obtains a Springing Designation Right and elects to exercise such Springing Designation Right (any such Specified Unitholder, an "Exercising Unitholder"), then such Exercising Unitholder shall deliver written notice of such exercise

(an "<u>Exercise Notice</u>") to New TopCo (whereupon New TopCo shall promptly notify all Unitholders (other than the Exercising Unitholder and its Affiliates) that own or hold Class A Common Units (the "<u>Non-Exercising Unitholders</u>") of such exercise); <u>provided</u>, that such Exercising Unitholder shall not be entitled to deliver any such Exercise Notice until after the Trigger Date. If an Exercise Notice is delivered to New TopCo after the Trigger Date, then the Non-Exercising Unitholders who collectively own or hold greater than fifty percent (50.0%) of the issued and outstanding Class A Common Units owned or held by all Non-Exercising Unitholders as of the time in question shall select a Manager to be removed from the New Board. If the Non-Exercising Unitholders fail to select a Manager to be removed from the New Board within 45 days after the date on which the Exercise Notice was delivered to New TopCo, then the Exercising Unitholder shall have the right to select a Manager to be removed from the New Board. Notwithstanding the foregoing, (i) none of the following Managers may be removed from the New Board in connection with the exercise of a Springing Designation Right: (a) any Manager that was designated pursuant to a Designation Right and such Designation Right is then in effect, or (b) the CEO Manager; and (ii) no Manager may be removed from the New Board in connection with the exercise of a Springing Designation Right (a) if there is a vacancy on the New Board at the time of the proposed removal and such vacancy was not created as a result of (x) a Manager that was designated pursuant to a Designation Right ceasing to serve on the New Board and such Designation Right is then in effect or (y) the CEO Manager ceasing to serve on the New Board, and (b) unless the Exercising Unitholder has designated an individual to serve as a Manager immediately following the removal of such Manager proposed to be removed (which designation shall be made in the Exercise Notice delivered by such Exercising Unitholder).

Any Manager that was not designated pursuant to a Designation Right and is not the CEO Manager may be removed, with or without cause, by the Majority Unitholders. If for any reason the individual serving as the Chief Executive Officer shall cease to serve as the Chief Executive Officer (whether from termination, resignation, death, disability or otherwise), then (A) such individual shall be automatically removed as a Manager, and (B) the successor Chief Executive Officer, if any, shall be automatically appointed as a Manager when such person becomes the Chief Executive Officer.

<u>Vacancies on the New Board</u>:    Except for any vacancy on the New Board created as a result of the resignation or removal of a Manager on account of the termination of a Designation Right or any vacancy on the New Board created as a result of the resignation or removal of a Manager in connection with the exercise of a Springing Designation Right after a Designation Right has terminated, any

-7-

vacancy on the New Board resulting from the resignation or removal of a Manager that was designated pursuant to a Designation Right, or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled by the Unitholder(s) then entitled to designate such Manager pursuant to such Designation Right.

Any vacancy on the New Board resulting from the resignation or removal of a Manager that was not designated pursuant to a Designation Right (other than the resignation or removal of the CEO Manager or the resignation or removal of a Manager in connection with the exercise of a Springing Designation Right), or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled with an individual elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of filling such vacancy (or by the Majority Unitholders acting by written consent); <u>provided</u>, that such vacancy may also be filled by an Electing Unitholder in connection with the exercise of a Springing Designation Right.

Any vacancy on the New Board resulting from the removal of a Manager in connection with the exercise of a Springing Designation Right shall be filled with an individual selected by the Exercising Unitholder exercising such Springing Designation Right (which individual shall be identified in the Exercise Notice delivered by such Exercising Unitholder).

Any vacancy on the New Board resulting from the resignation or removal of a Manager on account of the termination of a Designation Right, or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled with an individual elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of filling such vacancy (or by the Majority Unitholders acting by written consent); <u>provided</u>, that such vacancy may also be filled by an Electing Unitholder in connection with the exercise of a Springing Designation Right.

There shall be no cumulative voting for Managers, and the Board shall not be staggered or classified.

<u>Board Meetings</u>:    Regular meetings of the New Board shall be held at such time or times and with such frequencies as may be determined by the New Board.  In addition, the Chairperson or any two (2) Managers may call a special meeting of the New Board.  Any such regular or special meeting may be done in person or by remote communication.

| | |
|---|---|
| Subsidiaries: | The composition of the board of directors, board of managers or other governing body of any direct or indirect subsidiary of New TopCo (including any committee thereof) (each, a "Subsidiary Governing Body") shall be comprised of one or more executive employees of any of the Companies or other individuals selected or approved by the New Board that are not employees of any of the Unitholders or any of their respective Affiliates (other than the Companies), except for any direct or indirect subsidiary of New TopCo which is either (i) a limited liability company that is managed by its member(s), (ii) a limited partnership that is managed by its general partner, or (iii) required by Law or contract to have a different composition. |
| Special Meetings of Unitholders: | Special meetings of the Unitholders may be called by the New Board or at the written request of the Unitholders or group of Unitholders who collectively own or hold at least twenty-five percent (25.0%) of the issued and outstanding Class A Common Units. |
| | Action by written consent of the Unitholders without a meeting shall be permitted. Action by written consent shall require the consent of the Unitholders that own or hold the same percentage of New Common Units that would be required to take the same action at a Unitholder meeting at which all then-issued and outstanding New Common Units entitled to vote thereon were present and voted. |
| Certain Transactions Requiring Approval of New Board and Majority Unitholders: | |
| | None of the Companies shall take any of the actions listed on Schedule B attached hereto without the approval of the New Board and the Majority Unitholders. None of the Companies shall make any distributions or dividends to Unitholders that own or hold Class A Common Units that are not made to such Unitholders (a) on a *pro rata* basis (based on the number of Class A Common Units owned or held by such Unitholders immediately prior to any such distribution or dividend), or (b) in the same form (unless all such Unitholders are provided with the same option as to the form of such distribution or dividend) without the written approval of the New Board and each Unitholder that holds Class A Common Units. |
| Amendments: | Any amendments to the New LLC Agreement will require the approval of the Majority Unitholders. |
| | Notwithstanding the foregoing, no amendment or modification of any provision of the New LLC Agreement (including any amendments made pursuant to or in connection with a merger, consolidation or reorganization of New TopCo, except in |

connection with a Sale Transaction (as defined below)) relating to:

(i)    "Transfers", "Tag-Along Rights", "Drag-Along Rights", "Preemptive Rights", "Information Rights", "Limitations on Affiliate Transactions" or the definition of "Super-Majority Unitholders" shall, in any such case, be made without the affirmative vote or written consent of the Super-Majority Unitholders (as defined below);

(ii)    the designation or election of Managers (including the qualifications of Managers), the terms and conditions of Designation Rights, the appointment of the Chairperson, the duties of Identified Persons and Managers, the removal of Managers, the filling of vacancies on the New Board, or the composition of Subsidiary Governing Bodies shall, in any such case, be made without the affirmative vote or written consent of the Super-Majority Unitholders;

(iii)    the Designation Right of any Unitholder, the right of any Unitholder to remove any Manager that was designated pursuant to the Designation Right of such Unitholder or to cause the removal of any Manager in connection with the exercise of the Springing Designation Right of such Unitholder (as applicable), or the right of any Unitholder to fill the vacancy on the New Board created by the resignation, removal or inability to serve on the New Board of any Manager that was designated pursuant to the Designation Right of such Unitholder or the right of any Unitholder to fill a vacancy on the New Board shall, in any such case, be made without the affirmative vote or written consent of such Unitholder (it being understood that a Unitholder shall only be entitled to a vote or consent right under this clause (iii) if such Unitholder has a Designation Right in effect at the time in question);

(iv)    the definition of "Specified Unitholders" shall be made without the affirmative vote or written consent of each Specified Unitholder;

(v)    the definition of "HG Vora Unitholders" shall be made without the affirmative vote or written consent of the HG Vora Unitholders; and

(vi)    the amendments section of the New LLC Agreement shall be made without the affirmative vote or written consent of the Unitholder(s) or requisite percentage or number of Unitholders that would be required to amend the underlying provision of such New LLC Agreement to which such amendment or modification relates.

-10-

In addition, no amendment or modification of any provision of the New LLC Agreement (including any amendments made pursuant to or in connection with a merger, consolidation or reorganization of New TopCo, except in connection with a Sale Transaction with any Person other than the Selling Unitholders or any Affiliates thereof) that would adversely affect the rights or increase the obligations of any Unitholder set forth in the New LLC Agreement in a manner that is disproportionate in any material respect to the effect of such amendment or modification on the rights and obligations of any of the other Unitholders set forth in the New LLC Agreement (without regard to any effect resulting from (x) the individual circumstances of any such Unitholder, (y) the differences in the respective percentages of ownership of New Common Units of the Unitholders or (z) amendments to the rights and obligations of a specific class or series of equity interests of New TopCo that do not have an adverse effect in any material respect on another class or series of equity interests of New TopCo) shall be made without the affirmative vote or written consent of such affected Unitholder; provided, however, that, for the avoidance of doubt, neither the creation of a new class or series of equity interests of New TopCo (including any amendments to the New LLC Agreement to incorporate the terms, rights, preferences and privileges of such new class or series of equity interests of New TopCo in connection with the creation of such equity interests), nor the issuance of any additional New Common Units or other equity interests of New TopCo (including any amendments to the New LLC Agreement to incorporate the terms of any such additional issuance), in each case in accordance with the terms of the New LLC Agreement relating to the creation and issuance of equity interests of New TopCo, shall be deemed to adversely affect the rights or obligations of any Unitholder.

The term "Super-Majority Unitholders" means, as of any time of determination, Unitholders that collectively own or hold at least 66-2/3% of the issued and outstanding Class A Common Units as of such time; provided, that at any time there are two (2) or more unaffiliated Unitholders that own or hold Class A Common Units, "Super-Majority Unitholders" shall include at least two (2) unaffiliated Unitholders that own or hold Class A Common Units.

Transfers:

New Common Units will be transferable by the holders thereof (a) only in transactions exempt from the registration requirements of the Securities Act and (b) subject to the satisfaction of the following conditions precedent:  (i) delivery to New TopCo of a written notice (a "Transfer Notice") of such transfer not less than five (5) Business Days prior to such transfer, (ii) delivery to New TopCo of representation letters from the transferor and the transferee (including a representation from the transferee that the transferee is an "accredited investor" as that term is defined in Rule 501 of Regulation D promulgated under the Securities Act

(an "Accredited Investor"))[5], (ii) to the extent requested by the New Board prior to five (5) Business Days after delivery of the Transfer Notice, delivery to New TopCo of an opinion of counsel to the transferor to the effect that such transfer complies with applicable federal and state securities laws (except where the transferor is an Affiliate of the transferee), and (iv) the transferee's execution of a joinder to the New LLC Agreement (unless the transferee is already a party to the New LLC Agreement). Transfers that do not satisfy the foregoing conditions prior to the consummation thereof shall be void *ab initio* and will not be recognized by New TopCo.  Any conditions set forth in clause (b) above may be waived by New TopCo.

Any transfer, or series of transfers, of New Common Units (w) that, if consummated, would (1) result in any violation of applicable Law, (2) result in New TopCo having, in the aggregate, 1,000 or more holders of record (as such concept is understood for purposes of Section 12(g) of the Exchange Act) of any class of New Common Units, or 400 or more holders of record (as such concept is understood for purposes of Section 12(g) of the Exchange Act) of any class of New Common Units that are not Accredited Investors, (3) require New TopCo to register any equity interests of New TopCo under the Exchange Act, (4) cause New TopCo to register as an "investment company" under the Investment Company Act of 1940, as amended, (5) cause the underlying assets of New TopCo to be deemed "plan assets" as defined under certain labor regulations or constitute or result in a non-exempt prohibited transaction under Section 406 of the U.S. Employee Retirement Income Security Act of 1974, as amended, or Section 4975 of the Internal Revenue Code of 1986, as amended (the "Code")[, or (6) cause New TopCo to be treated as a "publicly traded partnership" under Section 7704 of the Code][6], (x) to a Person that is not an Accredited Investor, (y) to a Competitor (as defined below), or (z) to any Person that is the target of any sanctions or is a controlled Affiliate of any such Person, in any such case, will be void *ab initio* and will not be recognized by New TopCo.  Subject to applicable law, nothing contained in the New LLC Agreement shall prevent the Unitholders from transferring, hypothecating, pledging or otherwise disposing of New Common Units or their ownership rights in New Common Units for the purpose of effecting margin transactions or in connection with any financing activity or arrangement undertaken by the Unitholders or their Affiliates in the ordinary course of business.

---

[5] **Note to Draft**:  The form of representation letters shall be mutually agreed among the Debtors, the Freedom Lender Group and the Required Consenting First Lien Lenders prior to the Effective Date.

[6] **Note to Draft**:  Subject to resolution on discussions regarding the tax classification of New TopCo for U.S. income tax purposes.

A transfer of New Common Units in a Sale Transaction by a Selling Unitholder (as defined below) or a Dragged Unitholder (as defined below) shall not be subject to the requirements of this "Transfers" section, other than clause (a) above.

In addition to the foregoing, Class B Common Units will be subject to additional customary transfer restrictions and risks of forfeiture to be set forth in a management incentive plan to be adopted by the New Board and/or any agreement, contract or other instrument or document evidencing or governing an award issued under any such management incentive plan.

The term "Competitor" means, as of any time of determination, (A) any Person that is identified by name on the Restricted List (as defined below) as of such time of determination, which may include one of more Investment Funds (as defined below), (B) any Person that is engaged in competition with any of the Companies as of such time, as reasonably determined by the New Board, and (C) any Person that is an Affiliate of any Person referred to in clause (A) or clause (B) that is reasonably identifiable as an Affiliate of any such Person on the basis of such Affiliate's name; provided, that, (x) solely with respect to clause (A), a Competitor shall not include (I) any Person that is a Unitholder at the time the New Board determines to identify such Person on the Restricted List, or (II) any Affiliate of any Person described in clause (x)(I), which Affiliate is an Investment Fund or any entity that is formed by an Investment Fund and whose only assets are or will be (after giving effect to any proposed or contemplated transfer), directly or indirectly, New Common Units or other securities or indebtedness of any of the Companies, and (y) solely with respect to clause (B), a Competitor shall not include (I) any Investment Fund, or (II) any entity that is formed by an Investment Fund and whose only assets are or will be (after giving effect to any proposed or contemplated transfer), directly or indirectly, New Common Units or other securities or indebtedness of any of the Companies (it being understood that a Person described in clause (y)(I) or clause (y)(II) may be a Competitor under clause (A) or clause (C)).

The term "Restricted List" means a schedule or list of disqualified transferees as determined by the New Board, as such schedule or list may be amended, supplemented, updated or modified from time to time by the New Board.  With respect to any proposed transfer, the Restricted List shall be the Restricted List most recently provided by New TopCo as of prior to delivery of the Transfer Notice.

The term "Investment Fund" means a *bona fide* investment fund or other investment vehicle, such as a hedge fund, private equity fund, an account, a share trust, an investment trust, an investment

-13-

company, a pension fund, or an insurance company, in each case, the business, operations or assets of which are held for investment purposes and the investments in which are professionally managed.

Preemptive Rights:

New TopCo shall not, and New TopCo shall not cause or permit any of its subsidiaries to, sell or issue additional equity interests (including, for the avoidance of doubt, any options, warrants or other securities that are convertible into, or exchangeable or exercisable for, New Common Units, limited liability company interests or shares of capital stock) (collectively, "Additional Securities") to any Person (including any then-current Unitholder), other than in a *pro rata* distribution to all Unitholders that own or hold New Common Units of a particular class or series and certain other customary exceptions, unless New TopCo or its applicable subsidiary offers to permit each Unitholder that is an Accredited Investor (any such Unitholder, a "Preemptive Unitholder") to purchase its *pro rata* portion (calculated on the basis of the Class A Common Units owned or held by such Preemptive Unitholder relative to the Class A Common Units owned or held by all Preemptive Unitholders) of such Additional Securities on the same terms and conditions as each other Preemptive Unitholder.  If any of the Preemptive Unitholders do not elect to purchase their respective full *pro rata* portions of the Additional Securities, then the Preemptive Unitholders that have elected to purchase their full *pro rata* portions of the Additional Securities shall be offered the right to purchase any such unpurchased Additional Securities (and such procedure of offering and purchasing Additional Securities shall be repeated until either (x) there are no unpurchased Additional Securities or (y) no Preemptive Unitholders elect to purchase any such unpurchased Additional Securities).

New TopCo may comply with its obligations described in the immediately preceding paragraph by first selling to (or causing its applicable subsidiary to sell to) one or more Persons (including, without limitation, any of the Preemptive Unitholders and/or any of their respective Affiliates) (each, an "Accelerated Acquirer") all or any portion of the Additional Securities contemplated to be sold, and, promptly thereafter, offering to sell to the Preemptive Unitholders the number or amount of such Additional Securities the Preemptive Unitholders would have been entitled to purchase pursuant to the immediately preceding paragraph as if New TopCo or its applicable subsidiary had not first sold all or the applicable portion of such Additional Securities to the Accelerated Acquirer but rather had offered to sell all of such Additional Securities to all Preemptive Unitholders at the same time in accordance with the immediately preceding paragraph (and the determination of the number or amount of such Additional Securities to be offered to any Preemptive Unitholder in accordance with this sentence shall take into account any such Additional Securities that were

previously purchased by such Preemptive Unitholder and/or any of its Affiliates if such Preemptive Unitholder and/or any of its Affiliates is an Accelerated Acquirer).  In the event that any Preemptive Unitholder purchases Additional Securities pursuant to any such offer referred to in the immediately preceding sentence and, as a result thereof, the Accelerated Acquirers would not have been permitted to purchase all of the Additional Securities they had purchased if all of the Additional Securities contemplated to be sold had instead been offered to all Preemptive Unitholders at the same time in accordance with the immediately preceding paragraph, then the Accelerated Acquirers shall sell or transfer to New TopCo or its applicable subsidiary, for a price equal to the original cost thereof (plus any accrued and unpaid yield or interest thereon, if applicable, but without reducing such cost by any fee or premium received by the Accelerated Acquirers in connection therewith), the excess number or amount of Additional Securities that had been acquired by the Accelerated Acquirers; provided, that there shall be no distributions (other than the Additional Securities) on any New Common Units prior to compliance with this sentence unless a reserve is established that is sufficient to make distributions on Additional Securities that may be issued to Preemptive Unitholders that exercise rights hereunder.

| Tag-Along Rights: | If one or more Unitholders (the "Initiating Unitholders") desires to transfer Class A Common Units representing fifty percent (50.0%) or more of the issued and outstanding Class A Common Units to any Person (or group of Persons) (the "Transferee") in any transaction (or series of related transactions) (excluding any transfer of Class A Common Units by an Initiating Unitholder to one or more of its Affiliates and certain other permitted transferees) (a "Tag-Along Transaction"), the Initiating Unitholders must give notice to each other holder of Class A Common Units (the "Tag-Along Sellers") at least ten (10) business days prior to the consummation of such Tag-Along Transaction, setting forth the material terms and conditions of such Tag-Along Transaction, and arrange for each Tag-Along Seller to have the opportunity to include in such Tag-Along Transaction at least a corresponding percentage of Class A Common Units owned or held by such Tag-Along Seller.  The tag-along right may be exercised by any Tag-Along Seller delivering a written notice to the Initiating Unitholders (or a designated representative of the Initiating Unitholders) within five (5) business days following receipt of written notice of the proposed Tag-Along Transaction by the Initiating Unitholders. |

Tag-Along Sellers shall receive the same form and amount of consideration per Class A Common Unit that is being paid to the Initiating Unitholders in connection with the Tag-Along Transaction, and on substantially the same terms, except that if the Initiating Unitholders are given an option as to the form of

consideration to be received in exchange for their Class A Common Units, each of the Tag-Along Sellers shall only need to be given the same option with respect to their Class A Common Units.

Notwithstanding anything to the contrary contained in this Governance Term Sheet, holders of Class B Common Units shall not be entitled to tag-along rights in respect of Class B Common Units held by any such holder.

Drag-Along Rights:

If the Majority Unitholders (for purposes of this "Drag-Along Rights" section, the "Selling Unitholders") decide to effect, approve or otherwise take any action that would cause the occurrence of, or desire to consummate, a Sale Transaction to or with any Person other than the Selling Unitholders or any Affiliates thereof, then New TopCo or the Selling Unitholders will have the right to require all other Unitholders (the "Dragged Unitholders") to, among other things, (i) sell a percentage of their New Common Units corresponding to the aggregate percentage of the New Common Units owned or held by the Selling Unitholders that are proposed to be included in such Sale Transaction; (ii) vote such Dragged Unitholders' New Common Units, whether by proxy, voting agreement or otherwise, in favor of the Sale Transaction and not raise any objection thereto; (iii) enter into agreements with the purchaser in the Sale Transaction on terms and conditions substantially identical to those applicable to the Selling Unitholders (excluding non-compete agreements); (iv) obtain any required consents; (v) waive and refrain from exercising any appraisal, dissenters or similar rights; (vi) not assert any claim against any of the Companies, any Manager, any member of any committee of the New Board, any member of any Subsidiary Governing Body or any other Unitholder or any Affiliates of any of the foregoing in connection with the Sale Transaction; and (vii) take any and all reasonably necessary action in furtherance of the consummation of the Sale Transaction.

Each Unitholder shall receive, in respect of each New Common Unit to be sold by such Unitholder in the Sale Transaction, the same form and amount of consideration paid in such Sale Transaction that is being paid to each other Unitholder in respect of New Common Units of the same class or series, and on substantially the same terms, except that if any Unitholder is given an option as to the form of consideration to be received in exchange for each New Common Unit of any class or series held by such Unitholder, each other Unitholder holding New Common Units of the same class or series need only be given the same option.

Upon the election of the New Board, any Class B Common Units transferred in a Sale Transaction by a Selling Unitholder or a Dragged Unitholder shall immediately and automatically convert

-16-

into Class A Common Units, subject to any vesting or other requirements of the Management Incentive Plan, upon the consummation of such Sale Transaction.

"<u>Sale Transaction</u>" means the sale, lease, transfer, issuance or other disposition, in one transaction or a series of related transactions, of (i) all or substantially all of the consolidated assets of the Companies (including by or through the issuance, sale, contribution, transfer or other disposition (including by way of reorganization, merger, share or unit exchange, consolidation or other business combination) of at least a majority of the aggregate voting power of the voting securities of any direct and/or indirect subsidiary or subsidiaries of New TopCo if substantially all of the consolidated assets of the Companies are held by such subsidiary or subsidiaries) or (ii) at least a majority of the issued and outstanding Class A Common Units (whether directly or indirectly or by way of any merger, share or unit exchange, recapitalization, sale or contribution of equity, tender offer, reclassification, consolidation or other business combination transaction or purchase of beneficial ownership), to (in either case of <u>clause (i)</u> or <u>clause (ii)</u>) any Person or "group" (within the meaning of Section 13(d)(3) or Section 14(d)(2) of the Exchange Act, or any successor provision).

<u>Confidentiality</u>:

Subject to certain customarily permitted disclosures (including (i) disclosures to a Unitholder's advisors and representatives and (ii) disclosures to an actual or prospective *bona fide* transferee of Class A Common Units who executes and delivers to New TopCo a confidentiality agreement substantially in the form of confidentiality agreement attached as an exhibit to the New LLC Agreement; <u>provided</u>, that Board Information (as defined below) may not be disclosed by a Unitholder to any such actual or prospective transferee), each Unitholder will be required to hold in strict confidence any confidential, business, financial or proprietary information such Unitholder receives regarding any of the Companies, or any confidential, business, financial or proprietary information of any other Unitholder in respect of any of the Companies ("<u>Confidential Information</u>"), whether such Confidential Information is received from any of the Companies, any Manager, another Unitholder, any Affiliate of New TopCo or another Unitholder, or any agents or advisors of any thereof. Such confidentiality obligations shall commence on the Effective Date and end on the first anniversary of the date such Unitholder no longer owns any New Common Units.

In the event that any Unitholder proposes to sell or otherwise transfer any New Common Units to a third party in compliance with the transfer restrictions described in this Governance Term Sheet, such Unitholder may make available to the potential transferee Confidential Information relating to the Companies (including Confidential Information obtained by such Unitholder

-17-

from any Manager, but excluding any Board Information), subject to the prior execution by such potential transferee (excluding any Unitholder) of a confidentiality agreement substantially in the form of confidentiality agreement attached as an exhibit to the New LLC Agreement.

Information Rights:

Prior to New TopCo becoming obligated to file reports under the Exchange Act, subject to the confidentiality provisions referred to above, each Unitholder that holds Class A Common Units (other than Unitholders that are Competitors) shall be entitled to receive (a) annual audited consolidated financial statements of New TopCo within the time frame required for the delivery of such financial statements under the Companies' credit documents as of the Effective Date, (b) quarterly unaudited consolidated financial statements of New TopCo for each of New TopCo's first three fiscal quarters during each fiscal year within the time frame required for the delivery of such financial statements under the Companies' credit documents as of the Effective Date, and (c) any information that is posted to the "public" side of the platform for lenders under the Companies' credit documents at substantially the same time as such information is posted to such platform. If New TopCo does not produce consolidated financial statements at the New TopCo level, but does produce consolidated financial statements at the level of one or more of its subsidiaries, then, in lieu of making available such consolidated financial statements of New TopCo, New TopCo shall make available to each Unitholder that holds Class A Common Units (other than Unitholders that are Competitors) the consolidated financial statements of its applicable subsidiary(ies).

At the option of New TopCo, New TopCo may make available the information described above (but not the Board Information) on a password-protected website that is only available to Unitholders that hold Class A Common Units (other than Unitholders that are Competitors) and any actual or prospective *bona fide* transferees of Class A Common Units. As a condition to gaining access to the information posted on such website, a Person may be required to "click through" or take other affirmative action pursuant to which such Person shall (i) acknowledge its confidentiality obligations in respect of such information, (ii) certify its status as a Unitholder that holds Class A Common Units or an actual or prospective *bona fide* transferee of Class A Common Units, as applicable, and (iii) in the case of any Person that is a Unitholder, confirm and ratify that it is a party to, and bound by all of the terms and provisions of, the New LLC Agreement.

In addition, New TopCo shall hold a quarterly informational telephone conference call once during each fiscal quarter for the Unitholders. During each such quarterly teleconference, New TopCo's or its applicable subsidiaries' officers shall present a narrative overview of the financial statements provided to the

Unitholders pursuant to clauses (a) and (b) above.  Any such call may be held jointly with any call for the Companies' debtholders.

In addition, at the request of any Major Unitholder (as defined below), all final drafts of materials (including minutes of Meetings and written consents in lieu of Meetings) and other information given to Managers or members of any committee of the New Board (such materials and information, "Board Information") shall be provided to such Major Unitholder; provided, that a Major Unitholder shall not be entitled to receive any Board Information that the New Board or the applicable committee determines (x) would jeopardize or impair the ability of any of the Companies to take advantage of the attorney-client, work product or similar privilege if such Board Information was disclosed to such Major Unitholder, (y) is necessary or advisable (in the judgment of the New Board or the applicable committee, as the case may be) to be withheld to comply with the terms and conditions of confidentiality obligations with third parties or applicable law, or (z) such Major Unitholder or any Affiliate of any such Major Unitholder has a conflict of interest with respect to the subject matter of such Board Information.

The term "Major Unitholder" means each Unitholder (other than any Unitholder that is a Competitor) that, as of the Effective Date (immediately after giving effect to the consummation of the Plan Equitization Transaction, including all payments and distributions to be made on or as of the Effective Date), owns or holds (together with its Affiliates) at least five percent (5.0%) of the issued and outstanding Class A Common Units as of the Effective Date (immediately after giving effect to the consummation of the Plan Equitization Transaction, including all payments and distributions to be made on or as of the Effective Date); provided, that a Unitholder will permanently cease to be a "Major Unitholder" once such Unitholder owns or holds (together with its Affiliates) less than five percent (5.0%) of the issued and outstanding Class A Common Units.

**Limitations on Affiliate Transactions:**

Any direct or indirect transaction or series of related transactions between any of the Companies, on the one hand, and any Person who, together with its Affiliates, owns or holds five percent (5.0%) or more of the issued and outstanding Class A Common Units or is an Affiliate of any such Person (other than any of the Companies), on the other hand (an "Affiliate Transaction"), involving aggregate payments or other consideration in excess of $1,000,000 per annum shall require the approval of a majority of the Managers that are disinterested with respect to such Affiliate Transaction, unless any such transaction is a commercial transaction on an arm's length basis entered into in the ordinary course of business consistent with past practice.

-19-

Registration Rights:

If New TopCo (or any successor or subsidiary of New TopCo) consummates an underwritten public offering pursuant to an effective registration statement covering the common equity of New TopCo (or any successor or subsidiary of New TopCo) ("Company Securities") that results in such Company Securities being listed on a national securities exchange or quoted on the Nasdaq Stock Market (an "IPO"), then the Unitholders shall be entitled to the following registration rights:

*Demand Rights*: Any Unitholder or group of Unitholders (acting together) that own or hold at least five percent (5.0%) of all of the Company Securities that are issued and outstanding as of such time may request that New TopCo effect the registration under the Securities Act for a specified number of "Registrable Securities" (as customarily defined) held by such Unitholder(s). Subject to certain exceptions, New TopCo will not be required to effect the demand right more than three times.

*Piggyback Registration*: Any Unitholder shall be entitled to reasonable and customary piggyback registration rights.

Termination of Rights:

The New LLC Agreement (other than "Registration Rights" set forth above) shall terminate upon the consummation of an IPO.

Governing Law and Forum:

Delaware.

## **Schedule A**

Specified Unitholders[7]

1.      [HG Vora Capital Management, LLC]

2.      [Arena Capital Advisors, LLC]

3.      [Garnett Station Partners]

4.      [Guggenheim Partners Investment Management, LLC]

5.      [Octagon Credit Investors, LLC]

6.      [Oaktree Capital Management, L.P.]

7.      [HPS Investment Partners, LLC]

8.      [Fidelity]

---

[7]      [**Note to Draft**:  Specified Unitholders to confirm name of investment managers.]

## **Schedule B**

Actions Requiring Approval of New Board and Majority Unitholders

1. Consummate any acquisition (by merger, consolidation, or acquisition or disposition of stock or assets) of any business enterprise, business division or business unit in any transaction or series of related transactions for consideration in excess of $300.0 million (the amount of such consideration to be determined in good faith by the New Board).

2. Consummate any initial public offering of securities on a national securities exchange (or comparable non-U.S. securities exchange).

3. Consummate any Sale Transaction, other than (a) any such Sale Transaction that is consummated as an internal restructuring transaction (including (x) the dissolution, consolidation or merger of any immaterial or dormant Company, or (y) the consolidation, merger or other business combination of any Company with or into an Affiliate of any Company for the purpose of changing the legal domicile of such Company or changing the legal form of such Company), and (b) as set forth in the "Drag-Along Rights" section of the Governance Term Sheet.

**Exhibit A(ii)**

**Identity of New Board and Insider Compensation**

Certain documents, or portions thereof, contained in this **Exhibit A(ii)** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested parties with respect thereto.[1] The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

Pursuant to Section 7.16 of the Plan, as of the Effective Date, the members of each of the Boards shall be deemed to have resigned from such Board. Subject to the terms of the Restructuring Support Agreement and the applicable New Organizational Documents, on the Effective Date, the New Boards shall be established and new members of the New Boards appointed. The initial members of the New Boards shall consist of those individuals identified in the Plan Supplement to be Filed with the Bankruptcy Court at or before the Confirmation Hearing. Unless reappointed, the members of the Boards prior to the Effective Date shall have no continuing obligations to any of the Reorganized Debtors or to New TopCo on and after the Effective Date and each such member shall be deemed to have resigned or shall otherwise cease to be a director of the applicable Debtor or New TopCo on the Effective Date. Commencing on the Effective Date, the members of the New Boards shall serve pursuant to the terms of the applicable New Organizational Documents or the applicable Organizational Documents of such Reorganized Debtor or New TopCo, as applicable, and may be replaced or removed in accordance therewith, as applicable.

As of the Effective Date, the New Boards shall be appointed in accordance with the Plan. On the Effective Date, the New Boards shall each consist of [seven] ([7]) members, which shall include:

(i)     one (1) individual designated by Specified Unitholders that are Affiliates of [HG Vora Capital Management, LLC];

(ii)    five (5) individuals elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of electing any such individual as a Manager (or by the Majority Unitholders acting by written consent); and

(iii)   the individual then serving as the Chief Executive Officer of New TopCo (the "Chief Executive Officer," and as a Manager, the "CEO Manager"), if any.

---

[1]     Capitalized terms used in this **Exhibit A(ii)** but not defined herein shall have the meanings ascribed to such term in the Corporate Governance Term Sheet attached as **Exhibit A(i)** or the Plan, as applicable.

Managers not employed by any of the Companies, any of the Unitholders, or any Affiliates of any of the Unitholders shall receive market-rate compensation from New TopCo, such market-rate compensation to be determined by the Majority Unitholders.

## **Exhibit A-1**

**Redline to Previously Filed
New Organizational Documents**

*Draft*

## Summary of Terms of Governance Documents[1]

Capitalized terms used in this Summary of Terms of Governance Documents (this "Governance Term Sheet") and not otherwise defined herein shall have the meanings given to such terms in the ~~Sixth~~Eighth *Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors* [Docket No. 1~~03~~152] (as amended, restated, supplemented or otherwise modified from time to time, the "Plan"). The terms in this Governance Term Sheet do not purport to be complete and shall not in any way be binding upon the Debtors, any of the Holders of DIP Claims or any of the Holders of Prepetition First Lien Loan Claims (including any member of the Ad Hoc Group), and do not create any legal obligations or commitments on any such Person, unless and until the entry into by the Companies (as defined below) and the Unitholders (as defined below) of definitive documentation with respect to the matters set forth herein.

*THIS TERM SHEET DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OR REJECTIONS AS TO ANY PLAN OF REORGANIZATION IN CONTRAVENTION OF APPLICABLE LAW IN ANY JURISDICTION, IT BEING UNDERSTOOD THAT ANY SUCH OFFER OR SOLICITATION, IF ANY, WILL BE MADE ONLY IN COMPLIANCE WITH APPLICABLE PROVISIONS OF SECURITIES, BANKRUPTCY AND/OR OTHER APPLICABLE LAWS. THIS TERM SHEET IS BEING PROVIDED AS A POSSIBLE COMPROMISE AND IS THUS SUBJECT TO FEDERAL RULE OF EVIDENCE 408.*

| | |
|---|---|
| New TopCo: | New TopCo will be a newly formed Delaware limited liability company.[2] New TopCo and its subsidiaries shall be referred to herein, individually, as a "Company" and, collectively, the "Companies". |
| Parties to New LLC Agreement: | On the Effective Date, New TopCo will enter into a limited liability company agreement in form and substance materially consistent with this Governance Term Sheet[3] (the "New LLC Agreement") with each Person that receives New Common Units (as defined below) in connection with the Plan Equitization Transaction. |
| | Persons that own or hold New Common Units from time to time are referred to herein, each as a "Unitholder" and, collectively, the "Unitholders". |

---

[1] **Note to Draft**:  The rights and obligations set forth in this Governance Term Sheet are subject to change based on relative *pro forma* equity holdings of the institutions that will receive Class A Common Units pursuant to the Plan.

[2] **Note to Draft**:  The tax classification of New TopCo for U.S. income tax purposes is subject to ongoing discussions among certain members of the Ad Hoc Group.

[3] **Note to Draft**:  To the extent that any of the following provisions in the New LLC Agreement are materially inconsistent with this Governance Term Sheet, the Freedom Lender Group shall have a consent right over such provisions, solely to the extent of any such material inconsistency:  "Transfers", "Tag-Along Rights", "Drag-Along Rights", "Preemptive Rights", "Information Rights", and "Registration Rights".

| | |
|---|---|
| <u>New Common Units</u>: | The New LLC Agreement shall initially provide for the following two classes of limited liability company interests: (i) Class A Voting Common Units ("<u>Class A Common Units</u>"), and (ii) Class B Limited-Voting Common Units ("<u>Class B Common Units</u>").  The Class A Common Units, the Class B Common Units and any other class or series of common limited liability company interests of the Company that are authorized by the New Board (as defined below) from time to time are collectively referred to in this Governance Term Sheet as the "<u>New Common Units</u>".  Class A Common Units will be voting units and will be issued on the Effective Date in accordance with the Plan.  References in the Plan to Reorganized Common Equity shall be deemed to be references to the Class A Common Units.  Class B Common Units will be limited-voting units and may only be issued from time to time pursuant to awards granted to directors, managers, officers and employees of any of the Companies under a management incentive plan to be adopted by the New Board, as determined by the New Board in its sole discretion. |

On and after the Effective Date, none of the New Common Units will be listed for trading on a securities exchange, and none of the Companies will be required to file reports with the United States Securities and Exchange Commission unless it is required to do so pursuant to the Securities Exchange Act of 1934, as amended (the "<u>Exchange Act</u>").

The New Board shall decide whether the New Common Units will be certificated or uncertificated and the identity of the transfer, registrar or other similar agent, if any, for the New Common Units; <u>provided</u>, <u>however</u>, that the Class A Common Units issued on the Effective Date shall be uncertificated.

References herein to any class or series of New Common Units shall apply to limited liability company interests or other equity securities of New TopCo issued to Unitholders in respect of, in exchange for, or in substitution of, such class or series of New Common Units by reason of any reorganization, recapitalization, reclassification, merger, consolidation, spin-off, partial or complete liquidation, unit dividend, split-up, sale of assets, distribution to unitholders or combination of such class or series of New Common Units or any other change in New TopCo's capital structure.

| | |
|---|---|
| <u>Board of Managers</u>: | The New Board shall consist of seven (7) managers on the Effective Date (each manager on the New Board, a "<u>Manager</u>" and, collectively, the "<u>Managers</u>").  Subject to the other provisions of this Governance Term Sheet, the Managers are to be ~~appointed~~<u>designated or elected (as applicable)</u> as follows: |

(i)      [●]³; and

(i)      one (1) individual designated by Specified Unitholders that are Affiliates (as defined below) of [HG Vora Capital Management, LLC]⁴ (collectively, the "HG Vora Unitholders") for so long as the HG Vora Unitholders own or hold fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units;

(ii)     one (1) individual designated by each Specified Unitholder (as defined below) that owns or holds (together with its Affiliates) twenty percent (20.0%) or more of the issued and outstanding Class A Common Units, but only for so long as such Specified Unitholder owns or holds (together with its Affiliates) fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units; provided, that no Specified Unitholder shall be permitted to designate a Manager pursuant to this clause (ii) prior to the one year anniversary of the Effective Date (the "Trigger Date");

(iii)    the following number of individuals elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of electing any such individual as a Manager (or by the Majority Unitholders (as defined below) acting by written consent):  six (6) minus the total number of Designation Rights (as defined below) in effect as of the time of determination; and

(iiiv)   the individual then serving as the Chief Executive Officer of New TopCo (the "Chief Executive Officer" and as a Manager, the "CEO Manager"), if any.

Each of the Managers (other than the CEO Manager, but including any Manager appointed to fill any vacancy on the New Board) shall be an Independent Manager.  The term "Independent Manager" means an individual who is not employed by (a) any of the Companies or (b) any of the Unitholders or any of their respective Affiliates (as defined below) as of the time that such person is designated to be a Manager or at any time six (6) months prior to such time.  Notwithstanding anything in the foregoing, with the consent of

---

³ Note to Draft:  Provisions relating to the appointment of Managers are subject to ongoing discussions among certain members of the Ad Hoc Group.

⁴ Note to Draft:  HG Vora to confirm name of investment manager.

the Unitholders that collectively own or hold at least [●]%⁴ of the issued and outstanding Class A Common Units as of such time, a Manager may be an individual who is not an Independent Manager.

The term "Affiliate" means, with respect to any Person, any other Person that (either directly or indirectly) controls, is controlled by, or is under common control with the specified Person, and shall also include any Related Fund (as defined below) of such Person.  The term "Related Fund" means, with respect to any Person, any fund, account or investment vehicle that is controlled, managed or advised by (a) such Person, (b) an Affiliate of such Person or (c) the same investment manager, advisor or subadvisor that controls, manages or advises such Person or an Affiliate of such investment manager, advisor or subadvisor.  The term "Majority Unitholders" means, as of any time of determination, Unitholders that collectively own or hold greater than fifty percent (50.0%) of the issued and outstanding Class A Common Units as of such time of determination; provided, that at any time there are two (2) or more unaffiliated Unitholders that own or hold Class A Common Units, "Majority Unitholders" shall include at least two (2) unaffiliated Unitholders that own or hold Class A Common Units.  The term "Specified Unitholders" means, as of any time of determination, Unitholders who are Affiliates of any of the Persons listed on Schedule A attached hereto as of such time.

Each of the Managers (including any Manager appointed to fill any vacancy on the New Board, but excluding the CEO Manager) shall be an Independent Manager.  The term "Independent Manager" means an individual who is not employed by (x) any of the Companies or (y) any of the Unitholders or any of their respective Affiliates as of the time that such individual is designated or elected to be a Manager or at any time six (6) months prior to such time.  Notwithstanding anything in the foregoing, a Manager may be an individual who is employed by any Unitholder or any of its Affiliates at the time such individual is designated or elected to be a Manager or at any time six (6) months prior to such time (any such Unitholder, an "Interested Unitholder") if the designation or election of such individual to be a Manager is approved by the Unitholders (excluding each of the Interested Unitholders) (the "Disinterested Unitholders") who collectively own or hold at least 66-2/3% of the issued and outstanding Class A Common Units owned or held by all Disinterested Unitholders as of such time.

---

⁴ Note to Draft:  The threshold for approving non-Independent Managers is subject to ongoing discussions among certain members of the Ad Hoc Group.

The right of any Unitholder(s) to designate a Manager pursuant to clause (i) or clause (ii) above shall be referred to in this Governance Term Sheet as a "Designation Right".  No Unitholder, together with its Affiliates, shall be entitled to more than one (1) Designation Right at any time (it being understood that if the HG Vora Unitholders have a Designation Right under clause (i) above as of a particular time, then the HG Vora Unitholders shall not be entitled to a Designation Right under clause (ii) above as of such time).  If any Specified Unitholder obtains a Designation Right under clause (ii) above (a "Springing Designation Right") prior to the Trigger Date, then such Specified Unitholder shall not be entitled to exercise such Springing Designation Right, and such Springing Designation Right shall not be in effect, until the Trigger Date and only if such Specified Unitholder continues to own or hold (together with its Affiliates) fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units as of the Trigger Date.  Designation Rights shall not be assignable to any Person.

If at any time the HG Vora Unitholders' Designation Right under clause (i) above terminates, then such termination shall be permanent and shall not be reversed if the HG Vora Unitholders shall thereafter own or hold fifteen percent (15.0%) or more of the issued and outstanding Class A Common Units; provided, that the foregoing shall not prevent the HG Vora Unitholders from obtaining a Springing Designation Right at any time after any such termination.

The initial chairperson of the New Board (the "Chairperson") shall be a Manager determined by the Ad Hoc Group.  Any subsequent Chairperson shall be a Manager elected by the New Board.

Managers not employed by any of the Companies, any of the Unitholders or any Affiliates of any of the Unitholders shall receive market-rate compensation from New TopCo, such market-rate compensation to be determined by the Majority Unitholders.  Each Manager shall be reimbursed for reasonable and documented out-of-pocket costs and expenses incurred in the performance of his or her duties as a Manager.  The term "Majority Unitholders" means, as of any time of determination, Unitholders that collectively own or hold greater than fifty percent (50.0%) of the issued and outstanding Class A Common Units as of such time of determination; provided, that at any time there are two (2) or more unaffiliated Unitholders that own or hold Class A Common Units, "Majority Unitholders" shall include at least two (2) unaffiliated Unitholders that own or hold Class A Common Units.

The New Board may establish one or more committees of the New Board to exercise the powers of the New Board.  For the

avoidance of doubt, no committee shall be authorized to take any action that the New Board could not take itself.

None of (A) the Unitholders (except any Unitholder that is an employee of any of the Companies, any Unitholder that is a family member of an employee of any of the Companies, or any Unitholder that is controlled by an employee of any of the Companies or any such employee's family members) or (B) the Affiliates of any Unitholders described in clause (A) (except any such Affiliate that is an employee of any of the Companies, any such Affiliate that is a family member of any employee of any of the Companies, or any such Affiliate that is controlled by any employee of any of the Companies or any such employee's family members) (the foregoing Persons, the "Identified Persons") will be subject to any fiduciary or other duty, including any duty relating to the doctrine of corporate (or analogous) opportunity or any other similar doctrines and the New LLC Agreement will provide for a broad corporate (or analogous) opportunity waiver in favor of all Identified Persons. The New LLC Agreement shall provide that the fiduciary duties of the Identified Persons shall be eliminated or limited to the fullest extent permitted by the Delaware Limited Liability Company Act (the "DLLCA").

Nothing contained in the New LLC Agreement shall limit or otherwise impact the ability of any Identified Person (i) to, directly or indirectly, sell or purchase the debt or equity securities of any Person (other than New TopCo) or (ii) from engaging or competing in any line of business.

Each Manager, in his or her capacity as such, shall have the same fiduciary duties as those of a member of a board of directors of a corporation organized under the laws of the State of Delaware; provided, however, the New LLC Agreement shall contain a customary waiver with respect to each of the Managers and, as determined by the New Board, any officers of New TopCo for monetary damages for breach of the duty of care as contemplated by Section 102(b)(7) of the Delaware General Corporation Law to the fullest extent similarly permitted by the DLLCA.

Quorum and Voting:

A quorum for meetings of the New Board will require the attendance of a majority of the Managers then in office. The vote of a majority of the Managers present and entitled to vote at a meeting at which a quorum is present shall be the act of the New Board, unless the express provision of a statute requires a different vote, in which case such express provision shall govern and control. Any Manager or member of any committee of the New Board may participate in any meeting of the New Board or any committee of the New Board (each such meeting, a "Meeting") through the use of any means of communication

-6-

(including by remote means) by which all persons participating can hear each other at the same time or by any other means permitted by the DLLCA.  Any Manager or member of any committee of the New Board participating in any such Meeting by any such means of communication is deemed to be present in person at such Meeting.

Any action required or permitted to be taken at any meeting of the New Board may be taken without a meeting, without prior notice and without a vote if all members then-serving on the New Board consent in writing.

Removal of Managers:

If a Designation Right of a Specified Unitholder terminates, then the Manager (if any) serving on the New Board that was designated pursuant to such terminated Designation Right shall be removed from the New Board at the request of the Majority Unitholders or shall be removed from the New Board in connection with the exercise of a Springing Designation Right (as further described below).  For the avoidance of doubt, a Designation Right of a Specified Unitholder shall terminate if such Specified Unitholder owns or holds (together with its Affiliates) less than fifteen percent (15.0%) of the issued and outstanding Class A Common Units at any time after such Specified Unitholder obtains such Designation Right.

Except for any removal of a Manager at the request of the Majority Unitholders on account of the termination of such Designation Right or any removal of a Manager in connection with the exercise of a Springing Designation Right after such Designation Right has terminated, the Unitholder(s) entitled to designate a Manager pursuant to a Designation Right shall have the exclusive right to require removal, whether with or without cause, of the Manager that has been designated by such Unitholder(s) pursuant to such Designation Right.

If any Specified Unitholder obtains a Springing Designation Right and elects to exercise such Springing Designation Right (any such Specified Unitholder, an "Exercising Unitholder"), then such Exercising Unitholder shall deliver written notice of such exercise (an "Exercise Notice") to New TopCo (whereupon New TopCo shall promptly notify all Unitholders (other than the Exercising Unitholder and its Affiliates) that own or hold Class A Common Units (the "Non-Exercising Unitholders") of such exercise); provided, that such Exercising Unitholder shall not be entitled to deliver any such Exercise Notice until after the Trigger Date.  If an Exercise Notice is delivered to New TopCo after the Trigger Date, then the Non-Exercising Unitholders who collectively own or hold greater than fifty percent (50.0%) of the issued and outstanding Class A Common Units owned or held by all Non-Exercising Unitholders as of the time in question shall select a Manager to be removed from the New Board.  If

the Non-Exercising Unitholders fail to select a Manager to be removed from the New Board within 45 days after the date on which the Exercise Notice was delivered to New TopCo, then the Exercising Unitholder shall have the right to select a Manager to be removed from the New Board.  Notwithstanding the foregoing, (i) none of the following Managers may be removed from the New Board in connection with the exercise of a Springing Designation Right:  (a) any Manager that was designated pursuant to a Designation Right and such Designation Right is then in effect, or (b) the CEO Manager; and (ii) no Manager may be removed from the New Board in connection with the exercise of a Springing Designation Right (a) if there is a vacancy on the New Board at the time of the proposed removal and such vacancy was not created as a result of (x) a Manager that was designated pursuant to a Designation Right ceasing to serve on the New Board and such Designation Right is then in effect or (y) the CEO Manager ceasing to serve on the New Board, and (b) unless the Exercising Unitholder has designated an individual to serve as a Manager immediately following the removal of such Manager proposed to be removed (which designation shall be made in the Exercise Notice delivered by such Exercising Unitholder).

Removal of Managers:  [Any Manager (other thanthat was not designated pursuant to a Designation Right and is not the CEO Manager) may be removed, with or without cause, by the Majority Unitholders.  If for any reason the individual serving as the Chief Executive Officer shall cease to serve as the Chief Executive Officer (whether from termination, resignation, death, disability or otherwise), then (xA) such individual shall be automatically removed as a Manager, and (yB) the successor Chief Executive Officer, if any, shall be automatically appointed as a Manager when such person becomes the Chief Executive Officer.]5

Vacancies on the New Board:

Except for any vacancy on the New Board created as a result of the resignation or removal of a Manager on account of the termination of a Designation Right or any vacancy on the New Board created as a result of the resignation or removal of a Manager in connection with the exercise of a Springing Designation Right after a Designation Right has terminated, any vacancy on the New Board resulting from the resignation or removal of a Manager that was designated pursuant to a Designation Right, or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled by the Unitholder(s) then

---

5 Note to Draft:  Provisions relating to the removal of Managers are subject to ongoing discussions among certain members of the Ad Hoc Group.

entitled to designate such Manager pursuant to such Designation Right.

Vacancies on the New Board:    [Any vacancy on the New Board resulting from the resignation or removal of a Manager that was not designated pursuant to a Designation Right (other than the Chief Executive Officerresignation or removal of the CEO Manager or the resignation or removal of a Manager in connection with the exercise of a Springing Designation Right), or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled with an Independent Managerindividual elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of filling such vacancy (or by the Majority Unitholders acting by written consent).  There shall be no cumulative voting for Managers, and the Board shall not be staggered or classified.][6]; provided, that such vacancy may also be filled by an Electing Unitholder in connection with the exercise of a Springing Designation Right.

Any vacancy on the New Board resulting from the removal of a Manager in connection with the exercise of a Springing Designation Right shall be filled with an individual selected by the Exercising Unitholder exercising such Springing Designation Right (which individual shall be identified in the Exercise Notice delivered by such Exercising Unitholder).

Any vacancy on the New Board resulting from the resignation or removal of a Manager on account of the termination of a Designation Right, or resulting from any such Manager becoming unable to serve on the New Board as a result of death, disability or otherwise, shall be filled with an individual elected by vote of Unitholders holding a plurality of the votes of the Class A Common Units present in person or represented by proxy at a meeting of Unitholders held for purposes of filling such vacancy (or by the Majority Unitholders acting by written consent); provided, that such vacancy may also be filled by an Electing Unitholder in connection with the exercise of a Springing Designation Right.

There shall be no cumulative voting for Managers, and the Board shall not be staggered or classified.

Board Meetings:    Regular meetings of the New Board shall be held at such time or times and with such frequencies as may be determined by the

---

[6] Note to Draft:  Provisions relating to the filling of vacancies on the New Board are subject to ongoing discussions among certain members of the Ad Hoc Group.

New Board.   In addition, the Chairperson or any two (2) Managers may call a special meeting of the New Board.   Any such regular or special meeting may be done in person or by remote communication.

Subsidiaries:

The composition of the board of directors, board of managers or other governing body of any direct or indirect subsidiary of New TopCo (including any committee thereof) (each, a "Subsidiary Governing Body") shall be comprised of one or more executive employees of any of the Companies or other individuals selected or approved by the New Board that are not employees of any of the Unitholders or any of their respective Affiliates (other than the Companies), except for any direct or indirect subsidiary of New TopCo which is either (i) a limited liability company that is managed by its member(s), (ii) a limited partnership that is managed by its general partner, or (iii) required by Law or contract to have a different composition.

Special Meetings of Unitholders:

Special meetings of the Unitholders may be called by the New Board or at the written request of the Unitholders or group of Unitholders who collectively own or hold at least twenty-five percent (25.0%) of the issued and outstanding Class A Common Units.

Action by written consent of the Unitholders without a meeting shall be permitted.   Action by written consent shall require the consent of the Unitholders that own or hold the same percentage of New Common Units that would be required to take the same action at a Unitholder meeting at which all then-issued and outstanding New Common Units entitled to vote thereon were present and voted.

Certain Transactions Requiring Approval of New Board and Majority Unitholders:

None of the Companies shall take any of the actions listed on Schedule AB attached hereto without the approval of the New Board and the Majority Unitholders.   None of the Companies shall make any distributions or dividends to Unitholders that own or hold Class A Common Units that are not made to such Unitholders (a) on a *pro rata* basis (based on the number of Class A Common Units owned or held by such Unitholders immediately prior to any such distribution or dividend), or (b) in the same form (unless all such Unitholders are provided with the same option as to the form of such distribution or dividend) without the written approval of the New Board and each Unitholder that holds Class A Common Units.

Amendments:

Any amendments to the New LLC Agreement will require the approval of the Majority Unitholders.

Notwithstanding the foregoing, no amendment or modification of any provision of the New LLC Agreement (including any amendments made pursuant to or in connection with a merger, consolidation or reorganization of New TopCo, except in connection with a Sale Transaction (as defined below)) relating to:

(i)        "Transfers", "Tag-Along Rights", "Drag-Along Rights", "Preemptive Rights", "Information Rights", "Limitations on Affiliate Transactions" or the definition of "Super-Majority Unitholders" shall, in any such case, be made without the affirmative vote or written consent of the Super-Majority Unitholders (as defined below);

(ii)        the ~~appointment~~designation or election of Managers (including the qualifications of Managers), the terms and conditions of Designation Rights, the appointment of the Chairperson, the duties of Identified Persons and Managers, the removal of Managers, the filling of vacancies on the New Board, or the composition of Subsidiary Governing Bodies shall, in any such case, be made without the affirmative vote or written consent of the Super-Majority Unitholders; ~~and~~

(iii)        the Designation Right of any Unitholder, the right of any Unitholder to remove any Manager that was designated pursuant to the Designation Right of such Unitholder or to cause the removal of any Manager in connection with the exercise of the Springing Designation Right of such Unitholder (as applicable), or the right of any Unitholder to fill the vacancy on the New Board created by the resignation, removal or inability to serve on the New Board of any Manager that was designated pursuant to the Designation Right of such Unitholder or the right of any Unitholder to fill a vacancy on the New Board shall, in any such case, be made without the affirmative vote or written consent of such Unitholder (it being understood that a Unitholder shall only be entitled to a vote or consent right under this clause (iii) if such Unitholder has a Designation Right in effect at the time in question);

(iv)        the definition of "Specified Unitholders" shall be made without the affirmative vote or written consent of each Specified Unitholder;

(v)        the definition of "HG Vora Unitholders" shall be made without the affirmative vote or written consent of the HG Vora Unitholders; and

(~~iii~~vi)        the amendments section of the New LLC Agreement shall be made without the affirmative vote or written consent of the Unitholder(s) or requisite percentage or number of Unitholders that would be required to amend the

underlying provision of such New LLC Agreement to which such amendment or modification relates.

In addition, no amendment or modification of any provision of the New LLC Agreement (including any amendments made pursuant to or in connection with a merger, consolidation or reorganization of New TopCo, except in connection with a Sale Transaction) that would materially and with any Person other than the Selling Unitholders or any Affiliates thereof) that would adversely affect the rights or materially increase the obligations of any Unitholder set forth in the New LLC Agreement in a manner that is disproportionate in any material respect to the comparableeffect of such amendment or modification on the rights and obligations of any of the Majorityother Unitholders set forth in the New LLC Agreement (without regard to any effect resulting from (x) the individual circumstances of any such Unitholder, (y) the differences in the respective percentages of ownership of New Common Units of the Unitholders or (z) the differentamendments to the rights and obligations of a specific classes or series of New Common Units owned by the Unitholdersequity interests of New TopCo that do not have an adverse effect in any material respect on another class or series of equity interests of New TopCo) shall be made without the affirmative vote or written consent of such affected Unitholder; provided, however, that, for the avoidance of doubt, neither the creation of a new class or series of equity interests of New TopCo (including any amendments to the New LLC Agreement to incorporate the terms, rights, preferences and privileges of such new class or series of equity interests of New TopCo in connection with the creation of such equity interests), nor the issuance of any additional New Common Units or other equity interests of New TopCo (including any amendments to the New LLC Agreement to incorporate the terms of any such additional issuance), in each case in accordance with the terms of the New LLC Agreement relating to the creation and issuance of equity interests of New TopCo, shall be deemed to adversely affect the rights or obligations of any Unitholder.

The term "Super-Majority Unitholders" means, as of any time of determination, Unitholders that collectively own or hold at least 66-2/3% of the issued and outstanding Class A Common Units as of such time; provided, that at any time there are two (2) or more unaffiliated Unitholders that own or hold Class A Common Units, "Super-Majority Unitholders" shall include at least two (2) unaffiliated Unitholders that own or hold Class A Common Units.

Transfers:

New Common Units will be transferable by the holders thereof (a) only in transactions exempt from the registration requirements of the Securities Act and (b) subject to the satisfaction of the following conditions precedent:  (i) delivery

-12-

to New TopCo of a written notice (a "Transfer Notice") of such transfer not less than five (5) Business Days prior to such transfer, (ii) delivery to New TopCo of representation letters from the transferor and the transferee (including a representation from the transferee that the transferee is an "accredited investor" as that term is defined in Rule 501 of Regulation D promulgated under the Securities Act (an "Accredited Investor"))[5], (iii) to the extent requested by the New Board prior to five (5) Business Days after delivery of the Transfer Notice, delivery to New TopCo of an opinion of counsel to the transferor to the effect that such transfer complies with applicable federal and state securities laws (except where the transferor is an Affiliate of the transferee), and (iv) the transferee's execution of a joinder to the New LLC Agreement (unless the transferee is already a party to the New LLC Agreement). Transfers that do not satisfy the foregoing conditions prior to the consummation thereof shall be void *ab initio* and will not be recognized by New TopCo. Any conditions set forth in clause (b) above may be waived by New TopCo.

Any transfer, or series of transfers, of New Common Units (w) that, if consummated, would (1) result in any violation of applicable Law, (2) result in New TopCo having, in the aggregate, 1,000 or more holders of record (as such concept is understood for purposes of Section 12(g) of the Exchange Act) of any class of New Common Units, or 400 or more holders of record (as such concept is understood for purposes of Section 12(g) of the Exchange Act) of any class of New Common Units that are not Accredited Investors, (3) require New TopCo to register any equity interests of New TopCo under the Exchange Act, (4) cause New TopCo to register as an "investment company" under the Investment Company Act of 1940, as amended, (5) cause the underlying assets of New TopCo to be deemed "plan assets" as defined under certain labor regulations or constitute or result in a non-exempt prohibited transaction under Section 406 of the U.S. Employee Retirement Income Security Act of 1974, as amended, or Section 4975 of the Internal Revenue Code of 1986, as amended (the "Code")[, or (6) cause New TopCo to be treated as a "publicly traded partnership" under Section 7704 of the Code][76], (x) to a Person that is not an Accredited Investor, (y) to a Competitor (as defined below), or (z) to any Person that is the target of any sanctions or is a controlled Affiliate of any such Person, in any such case, will be void *ab initio* and will not be recognized by

---

[5] **Note to Draft**: The form of representation letters shall be mutually agreed among the Debtors, the Freedom Lender Group and the Required Consenting First Lien Lenders prior to the Effective Date.

[76] **Note to Draft**: Subject to resolution on discussions regarding the tax classification of New TopCo for U.S. income tax purposes.

New TopCo.  Subject to applicable law, nothing contained in the New LLC Agreement shall prevent the Unitholders from transferring, hypothecating, pledging or otherwise disposing of New Common Units or their ownership rights in New Common Units for the purpose of effecting margin transactions or in connection with any financing activity or arrangement undertaken by the Unitholders or their Affiliates in the ordinary course of business.

A transfer of New Common Units in a Sale Transaction by a Selling Unitholder (as defined below) or a Dragged Unitholder (as defined below) shall not be subject to the requirements of this "Transfers" section, other than clause (a) above.

In addition to the foregoing, Class B Common Units will be subject to additional customary transfer restrictions and risks of forfeiture to be set forth in a management incentive plan to be adopted by the New Board and/or any agreement, contract or other instrument or document evidencing or governing an award issued under any such management incentive plan.

The term "Competitor" means, as of any time of determination, (A) any Person that is identified by name on the Restricted List (as defined below) as of such time of determination, which may include one of more Investment Funds (as defined below), (B) any Person that is engaged in competition with any of the Companies as of such time, as reasonably determined by the New Board, and (C) any Person that is an Affiliate of any Person referred to in clause (A) or clause (B) that is reasonably identifiable as an Affiliate of any such Person on the basis of such Affiliate's name; provided, that, (x) solely with respect to clause (A), a Competitor shall not include (I) any Person that is a Unitholder at the time the New Board determines to identify such Person on the Restricted List, or (II) any Affiliate of any Person described in clause (x)(I), which Affiliate is an Investment Fund or any entity that is formed by an Investment Fund and whose only assets are or will be (after giving effect to any proposed or contemplated transfer), directly or indirectly, New Common Units or other securities or indebtedness of any of the Companies, and (y) solely with respect to clause (B), a Competitor shall not include (I) any Investment Fund, or (II) any entity that is formed by an Investment Fund and whose only assets are or will be (after giving effect to any proposed or contemplated transfer), directly or indirectly, New Common Units or other securities or indebtedness of any of the Companies (it being understood that a Person described in clause (y)(I) or clause (y)(II) may be a Competitor under clause (A) or clause (C)).

The term "Restricted List" means a schedule or list of disqualified transferees as determined by the New Board, as

-14-

such schedule or list may be amended, supplemented, updated or modified from time to time by the New Board.  With respect to any proposed transfer, the Restricted List shall be the Restricted List most recently provided by New TopCo as of prior to delivery of the Transfer Notice.

The term "Investment Fund" means a *bona fide* investment fund or other investment vehicle, such as a hedge fund, private equity fund, an account, a share trust, an investment trust, an investment company, a pension fund, or an insurance company, in each case, the business, operations or assets of which are held for investment purposes and the investments in which are professionally managed.

Preemptive Rights:

New TopCo shall not, and New TopCo shall not cause or permit any of its subsidiaries to, sell or issue additional equity interests (including, for the avoidance of doubt, any options, warrants or other securities that are convertible into, or exchangeable or exercisable for, New Common Units, limited liability company interests or shares of capital stock) (collectively, "Additional Securities") to any Person (including any then-current Unitholder), other than in a *pro rata* distribution to all Unitholders that own or hold New Common Units of a particular class or series and certain other customary exceptions, unless New TopCo or its applicable subsidiary offers to permit each Unitholder that is an Accredited Investor (any such Unitholder, a "Preemptive Unitholder") to purchase its *pro rata* portion (calculated on the basis of the Class A Common Units owned or held by such Preemptive Unitholder relative to the Class A Common Units owned or held by all Preemptive Unitholders) of such Additional Securities on the same terms and conditions as each other Preemptive Unitholder.  If any of the Preemptive Unitholders do not elect to purchase their respective full *pro rata* portions of the Additional Securities, then the Preemptive Unitholders that have elected to purchase their full *pro rata* portions of the Additional Securities shall be offered the right to purchase any such unpurchased Additional Securities (and such procedure of offering and purchasing Additional Securities shall be repeated until either (x) there are no unpurchased Additional Securities or (y) no Preemptive Unitholders elect to purchase any such unpurchased Additional Securities).

[New TopCo may comply with its obligations described in the immediately preceding paragraph by first selling to (or causing its applicable subsidiary to sell to) one or more Persons (including, without limitation, any of the Preemptive Unitholders and/or any of their respective Affiliates) (each, aan "Specified Preemptive UnitholderAccelerated Acquirer") all or any portion of the Additional Securities contemplated to be sold, and, promptly thereafter, offering to sell to the Preemptive Unitholders (other than the Specified Preemptive Unitholders)

-15-

(each, an "Other Preemptive Unitholder") the number or amount of such Additional Securities the Other Preemptive Unitholders would have been entitled to purchase pursuant to the immediately preceding paragraph as if New TopCo or its applicable subsidiary had not first sold all or the applicable portion of the such Additional Securities to the Specified Preemptive Unitholders Accelerated Acquirer but rather had offered to sell all of the such Additional Securities to all Preemptive Unitholders at the same time in accordance with the immediately preceding paragraph (and the determination of the number or amount of such Additional Securities to be offered to any Preemptive Unitholder in accordance with this sentence shall take into account any such Additional Securities that were previously purchased by such Preemptive Unitholder and/or any of its Affiliates if such Preemptive Unitholder and/or any of its Affiliates is an Accelerated Acquirer). In the event that any Other Preemptive Unitholder purchases Additional Securities pursuant to any such offer referred to in the immediately preceding sentence and, as a result thereof, the Specified Preemptive Unitholders Accelerated Acquirers would not have been permitted to purchase all of the Additional Securities they had purchased if all of the Additional Securities contemplated to be sold had instead been offered to all Preemptive Unitholders at the same time in accordance with the immediately preceding paragraph, then the Specified Preemptive Unitholders Accelerated Acquirers shall sell or transfer to New TopCo or its applicable subsidiary, for a price equal to the original cost thereof (plus any accrued and unpaid yield or interest thereon, if applicable, but without reducing such cost by any fee or premium received by the Specified Preemptive Unitholders Accelerated Acquirers in connection therewith), the excess number or amount of Additional Securities that had been acquired by the Specified Accelerated Acquirers; provided, that there shall be no distributions (other than the Additional Securities) on any New Common Units prior to compliance with this sentence unless a reserve is established that is sufficient to make distributions on Additional Securities that may be issued to Preemptive Unitholders.] that exercise rights hereunder.

**Tag-Along Rights:**

If one or more Unitholders (the "Initiating Unitholders") desires to transfer Class A Common Units representing fifty percent (50.0%) or more of the issued and outstanding Class A Common Units to any Person (or group of Persons) (the "Transferee") in any transaction (or series of related transactions) (excluding any transfer of Class A Common Units by an Initiating Unitholder to one or more of its Affiliates and certain other permitted transferees) (a "Tag-Along Transaction"), the Initiating Unitholders must give notice to each other holder of Class A Common Units (the "Tag-Along Sellers") at least ten (10) business days prior to the consummation of such Tag-Along Transaction, setting forth the material terms and conditions of

such Tag-Along Transaction, and arrange for each Tag-Along Seller to have the opportunity to include in such Tag-Along Transaction at least a corresponding percentage of Class A Common Units owned or held by such Tag-Along Seller.  The tag-along right may be exercised by any Tag-Along Seller delivering a written notice to the Initiating Unitholders (or a designated representative of the Initiating Unitholders) within five (5) business days following receipt of written notice of the proposed Tag-Along Transaction by the Initiating Unitholders.

Tag-Along Sellers shall receive the same form and amount of consideration per Class A Common Unit that is being paid to the Initiating Unitholders in connection with the Tag-Along Transaction, and on substantially the same terms, except that if the Initiating Unitholders are given an option as to the form of consideration to be received in exchange for their Class A Common Units, each of the Tag-Along Sellers shall only need to be given the same option with respect to their Class A Common Units.

Notwithstanding anything to the contrary contained in this Governance Term Sheet, holders of Class B Common Units shall not be entitled to tag-along rights in respect of Class B Common Units held by any such holder.

| Drag-Along Rights: | If ~~one or more~~the Majority Unitholders ~~that own or hold greater than [●] ([●]%)⁸of the issued and outstanding Class A Common Units (~~(for purposes of this "Drag-Along Rights" section, the "Selling Unitholders") decide to effect, approve or otherwise take any action that would cause the occurrence of, or desire to consummate, a Sale Transaction to or with any Person other than the Selling Unitholders or any Affiliates thereof, then New TopCo or the Selling Unitholders will have the right to require all other Unitholders (the "Dragged Unitholders") to, among other things, (i) sell a percentage of their New Common Units corresponding to the aggregate percentage of the New Common Units owned or held by the Selling Unitholders that are proposed to be included in such Sale Transaction; (ii) vote such Dragged Unitholders' New Common Units, whether by proxy, voting agreement or otherwise, in favor of the Sale Transaction and not raise any objection thereto; (iii) enter into agreements with the purchaser in the Sale Transaction on terms and conditions substantially identical to those applicable to the Selling Unitholders (excluding non-compete agreements); (iv) obtain any required consents; (v) waive and refrain from exercising any appraisal, dissenters or similar rights; (vi) not assert any claim against any of the Companies, any Manager, |

---

⁸ ~~**Note to Draft**: Threshold for exercise of "Drag-Along Rights" is subject to ongoing discussions among certain members of the Ad Hoc Group.~~

any member of any committee of the New Board, any member of any Subsidiary Governing Body or any other Unitholder or any Affiliates of any of the foregoing in connection with the Sale Transaction; and (vii) take any and all reasonably necessary action in furtherance of the consummation of the Sale Transaction.

Each Unitholder shall receive, in respect of each New Common Unit to be sold by such Unitholder in the Sale Transaction, the same form and amount of consideration paid in such Sale Transaction that is being paid to each other Unitholder in respect of New Common Units of the same class or series, and on substantially the same terms, except that if any Unitholder is given an option as to the form of consideration to be received in exchange for each New Common Unit of any class or series held by such Unitholder, each other Unitholder holding New Common Units of the same class or series need only be given the same option.

Upon the election of the New Board, any Class B Common Units transferred in a Sale Transaction by a Selling Unitholder or a Dragged Unitholder shall immediately and automatically convert into Class A Common Units, subject to any vesting or other requirements of the Management Incentive Plan, upon the consummation of such Sale Transaction.

"Sale Transaction" means the sale, lease, transfer, issuance or other disposition, in one transaction or a series of related transactions, of (i) all or substantially all of the consolidated assets of the Companies (including by or through the issuance, sale, contribution, transfer or other disposition (including by way of reorganization, merger, share or unit exchange, consolidation or other business combination) of at least a majority of the aggregate voting power of the voting securities of any direct and/or indirect subsidiary or subsidiaries of New TopCo if substantially all of the consolidated assets of the Companies are held by such subsidiary or subsidiaries) or (ii) at least a majority of the issued and outstanding Class A Common Units (whether directly or indirectly or by way of any merger, share or unit exchange, recapitalization, sale or contribution of equity, tender offer, reclassification, consolidation or other business combination transaction or purchase of beneficial ownership), to (in either case of clause (i) or clause (ii)) any Person or "group" (within the meaning of Section 13(d)(3) or Section 14(d)(2) of the Exchange Act, or any successor provision).

Confidentiality:                    Subject to certain customarily permitted disclosures (including (i) disclosures to a Unitholder's advisors and representatives and (ii) disclosures to aan actual or prospective *bona fide* prospective transferee of Class A Common Units who executes

-18-

and delivers to New TopCo a confidentiality agreement substantially in the form of confidentiality agreement attached as an exhibit to the New LLC Agreement; provided, that Board Information (as defined below) may not be disclosed by a Unitholder to any such actual or prospective transferee), each Unitholder will be required to hold in strict confidence any confidential, business, financial or proprietary information such Unitholder receives regarding any of the Companies, or any confidential, business, financial or proprietary information of any other Unitholder in respect of any of the Companies ("Confidential Information"), whether such Confidential Information is received from any of the Companies, any Manager, another Unitholder, any Affiliate of New TopCo or another Unitholder, or any agents or advisors of any thereof. Such confidentiality obligations shall commence on the Effective Date and end on the first anniversary of the date such Unitholder no longer owns any New Common Units.

In the event that any Unitholder proposes to sell or otherwise transfer any New Common Units to a third party in compliance with the transfer restrictions described in this Governance Term Sheet, such Unitholder may make available to the potential transferee Confidential Information relating to the Companies (including Confidential Information obtained by such Unitholder from any Manager, but excluding any Board Information), subject to the prior execution by such potential transferee (excluding any Unitholder) of a confidentiality agreement substantially in the form of confidentiality agreement attached as an exhibit to the New LLC Agreement.

Information Rights:

Prior to New TopCo becoming obligated to file reports under the Exchange Act, subject to the confidentiality provisions referred to above, each Unitholder that holds Class A Common Units (other than Unitholders that are Competitors) shall be entitled to receive (a) annual audited consolidated financial statements of New TopCo within the time frame required for the delivery of such financial statements under the Companies' credit documents as of the Effective Date, (b) quarterly unaudited consolidated financial statements of New TopCo for each of New TopCo's first three fiscal quarters during each fiscal year within the time frame required for the delivery of such financial statements under the Companies' credit documents as of the Effective Date, and (c) any information that is posted to the "public" side of the platform for lenders under the Companies' credit documents at substantially the same time as such information is posted to such platform. If New TopCo does not produce consolidated financial statements at the New TopCo level, but does produce consolidated financial statements at the level of one or more of its subsidiaries, then, in lieu of making available such consolidated financial statements of New TopCo, New TopCo shall make available to each Unitholder that holds

-19-

Class A Common Units (other than Unitholders that are Competitors) the consolidated financial statements of its applicable subsidiary(ies).

At the option of New TopCo, New TopCo may make available the information described above (but not the Board Information) on a password-protected website that is only available to Unitholders that hold Class A Common Units (other than Unitholders that are Competitors) and any actual or prospective *bona fide* transferees of Class A Common Units.  As a condition to gaining access to the information posted on such website, a Person may be required to "click through" or take other affirmative action pursuant to which such Person shall (i) acknowledge its confidentiality obligations in respect of such information, (ii) certify its status as a Unitholder that holds Class A Common Units or an actual or prospective *bona fide* transferee of Class A Common Units, as applicable, and (iii) in the case of any Person that is a Unitholder, confirm and ratify that it is a party to, and bound by all of the terms and provisions of, the New LLC Agreement.

In addition, New TopCo shall hold a quarterly informational telephone conference call once during each fiscal quarter for the Unitholders.  During each such quarterly teleconference, New TopCo's or its applicable subsidiaries' officers shall present a narrative overview of the financial statements provided to the Unitholders pursuant to clauses (a) and (b) above.  Any such call may be held jointly with any call for the Companies' debtholders.

In addition, at the request of any Major Unitholder (as defined below), all final drafts of materials (including minutes of Meetings and written consents in lieu of Meetings) and other information given to Managers or members of any committee of the New Board ("such materials and information, "Board Information") shall be provided to such Major Unitholder; provided, that a Major Unitholder shall not be entitled to receive any Board Information that the New Board or the applicable committee determines (x) would jeopardize or impair the ability of any of the Companies to take advantage of the attorney-client, work product or similar privilege if such Board Information was disclosed to such Major Unitholder, (y) is necessary or advisable (in the judgment of the New Board or the applicable committee, as the case may be) to be withheld to comply with the terms and conditions of confidentiality obligations with third parties or applicable law, or (z) such Major Unitholder or any Affiliate of any such Major Unitholder has a conflict of interest with respect to the subject matter of such Board Information.

The term "Major Unitholder" means each Unitholder (other than any Unitholder that is a Competitor) that, as of the Effective

Date (immediately after giving effect to the consummation of the Plan Equitization Transaction, including all payments and distributions to be made on or as of the Effective Date), owns or holds (together with its Affiliates) at least five percent (5.0%) of the issued and outstanding Class A Common Units as of the Effective Date (immediately after giving effect to the consummation of the Plan Equitization Transaction, including all payments and distributions to be made on or as of the Effective Date); provided, that a Unitholder will permanently cease to be a "Major Unitholder" once such Unitholder owns or holds (together with its Affiliates) less than five percent (5.0%) of the issued and outstanding Class A Common Units.

Limitations on Affiliate Transactions:

Any direct or indirect transaction or series of related transactions between any of the Companies, on the one hand, and any Person who, together with its Affiliates, owns or holds five percent (5.0%) or more of the issued and outstanding Class A Common Units or is an Affiliate of any such Person (other than any of the Companies), on the other hand (an "Affiliate Transaction"), involving aggregate payments or other consideration in excess of $1,000,000 per annum shall require the approval of a majority of the Managers that are disinterested with respect to such Affiliate Transaction, unless any such transaction is a commercial transaction on an arm's length basis entered into in the ordinary course of business consistent with past practice.

Registration Rights:

If New TopCo (or any successor or subsidiary of New TopCo) consummates an underwritten public offering pursuant to an effective registration statement covering the common equity of New TopCo (or any successor or subsidiary of New TopCo) ("Company Securities") that results in such Company Securities being listed on a national securities exchange or quoted on the Nasdaq Stock Market (an "IPO"), then the Unitholders shall be entitled to the following registration rights:

*Demand Rights*: Any Unitholder or group of Unitholders (acting together) that own or hold at least five percent (5.0%) of all the Company Securities that are issued and outstanding as of such time may request that New TopCo effect the registration under the Securities Act for a specified number of "Registrable Securities" (as customarily defined) held by such Unitholder(s). Subject to certain exceptions, New TopCo will not be required to effect the demand right more than three times.

*Piggyback Registration*:  Any Unitholder shall be entitled to reasonable and customary piggyback registration rights.

Termination of Rights:

The New LLC Agreement (other than "Registration Rights" set forth above) shall terminate upon the consummation of an IPO.

<u>Governing Law and Forum</u>:                Delaware.

**Schedule A**

Specified Unitholders[7]

1.    [HG Vora Capital Management, LLC]

2.    [Arena Capital Advisors, LLC]

3.    [Garnett Station Partners]

4.    [Guggenheim Partners Investment Management, LLC]

5.    [Octagon Credit Investors, LLC]

6.    [Oaktree Capital Management, L.P.]

7.    [HPS Investment Partners, LLC]

8.    [Fidelity]

---

[7]    [**Note to Draft**:  Specified Unitholders to confirm name of investment managers.]

**Schedule B**

Actions Requiring Approval of New Board and Majority Unitholders

1.  Consummate any acquisition (by merger, consolidation, or acquisition or disposition of stock or assets) of any business enterprise, business division or business unit in any transaction or series of related transactions for consideration in excess of $300.0 million (the amount of such consideration to be determined in good faith by the New Board).

2.  Consummate any initial public offering of securities on a national securities exchange (or comparable non-U.S. securities exchange).

3.  Consummate any Sale Transaction, other than (a) any such Sale Transaction that is consummated as an internal restructuring transaction (including (x) the dissolution, consolidation or merger of any immaterial or dormant Company, or (y) the consolidation, merger or other business combination of any Company with or into an Affiliate of any Company for the purpose of changing the legal domicile of such Company or changing the legal form of such Company), and (b) as set forth in the "Drag-Along Rights" section of the Governance Term Sheet.

**Exhibit B**

**Schedule of Retained Causes of Action**

Review of the Debtors' Causes of Action is ongoing.

The Plan defines this Schedule of Retained Causes of Action as "the schedule of those Causes of Action that shall vest in the Reorganized Debtors on the Effective Date, which will be contained in the Plan Supplement; provided, for the avoidance of doubt, that the Permitted Litigation Claims shall vest in the Litigation Trust and not in the Reorganized Debtors; provided, further, that the following Claims and Causes of Action shall vest in the Reorganized Debtors and shall not be Permitted Litigation Claims:  any Claims, Causes of Action, counterclaims, or cross-claims, that are against continuing trade partners, vendor counterparties, or contractual counterparties of the Reorganized Debtors, in each case, who are subject to a contract or lease that has been assumed or who otherwise are intended by the Reorganized Debtors to have ongoing business dealings with the Reorganized Debtors as of the Effective Date, or counterclaims in response to claims that otherwise relate to the Reorganized Debtors' continued operations (such Claims and Causes of Action, collectively, the 'Reorganized Debtors' Retained Causes of Action')."  Nothing in this Plan Supplement modifies that definition in the Plan.

In accordance with section 1123(b) of the Bankruptcy Code each Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Reorganized Debtors' Retained Causes of Action, whether arising before or after the Petition Date, including, with respect to the Reorganized Debtors, any actions specifically enumerated in this Schedule of Retained Causes of Action, and the Reorganized Debtors' rights to commence, prosecute, or settle the Reorganized Debtors' Retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of the Plan to the contrary, including Article XII thereof.

For the avoidance of doubt, the Reorganized Debtors' Retained Causes of Action shall not include the Permitted Litigation Claims, which shall be transferred to, and vest in, the Litigation Trust pursuant to the Plan.

**No Person or Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as any indication that the Debtors, the Reorganized Debtors, or the Litigation Trust, as applicable, will not pursue any and all available Causes of Action against them.  The Debtors, the Reorganized Debtors, and the Litigation Trust, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**

**Pursuant to the Plan, on the Effective Date, the Reorganized Debtors' Retained Causes of Action shall vest in the Reorganized Debtors.**

All of the following Debtors' Claims (as defined in section 101(5) of the Bankruptcy Code) and Causes of Action (including defenses, counterclaims, and other rights) that constitute Reorganized Debtors' Retained Causes of Action shall be preserved:[1]

## 1.    Claims Related to Insurance Policies

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including, without limitation, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters. Notwithstanding the foregoing, pursuant to the Plan, the Litigation Trust shall retain all rights to pursue the D&O Liability Insurance Policies with respect to the Permitted Litigation Claims.

## 2.    Claims Related to Taxing Authorities

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all tax obligations to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, including, without limitation, against or related to all Entities that owe or that may in the future owe money related to tax refunds to the Debtors or the Reorganized Debtors, regardless of whether such Entity is specifically identified in the Plan or in this Plan Supplement.

## 3.    Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or nonjudicial, regardless of whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto.

## 4.    Claims Related to Contracts and Leases

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve Causes of Action based in whole or in part upon any and all contracts and leases, joint operating agreements, and similar instruments, to which any of the Debtors or Reorganized Debtors is a party or pursuant to which any of the Debtors or the Reorganized Debtors has any rights whatsoever (regardless of whether such contract or lease is specifically identified in

---

[1]    To the extent the following provisions are Claims and Causes of Action that are Permitted Litigation Claims, such Claims and Causes of Action shall be transferred to, and vested in, the Litigation Trust.

the Plan, this Plan Supplement, or any amendments thereto), including, without limitation, all contracts and leases that are deemed assumed pursuant to the Plan or were previously assumed by the Debtors. The Claims and Causes of Action reserved include Causes of Action against landlords, vendors, suppliers of goods and services, customers, members, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual, or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanics', artisans', materialmens', possessory, or statutory liens held by any one or more of the Debtors and the Reorganized Debtors, as applicable; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) for counter-claims and defenses related to any contractual obligations; (h) for any turnover actions arising under section 542 or 543 of the Bankruptcy Code; and (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims. For the avoidance of doubt, the Debtors and the Reorganized Debtors, as applicable, expressly reserve the right to offset any such Claims or Causes of Action against the applicable member's or any other party's service retainer, as applicable.

5.      **Claims Related to Accounts Receivable and Accounts Payable**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Reorganized Debtors, as applicable, owe money to such Entities.

6.      **Claims Related to Deposits or Prepayments, Adequate Assurance, and Other Collateral Postings**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all postings of a security deposits, letters of credit, surety bonds, adequate assurance payment, or any other type of deposit, prepayment, or collateral, regardless of whether such posting of security deposit, surety bonds, letters of credit, adequate assurance payment, or any other type of deposit, prepayment, or collateral is specifically identified in the Plan or in this Plan Supplement.[2]

---

[2]      For the avoidance of doubt, the Debtors reserve all rights with respect to any deposit provided in accordance with the *Final Order (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services,*

**7.**    **Claims Related to Liens**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part on any and all liens regardless of whether such liens are specifically identified in the Plan or in this Plan Supplement.

**8.**    **Specified Causes of Action**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve the following Causes of Action:

(a) All Causes of Action against A Team Sales, LLC.

**9.**    **Claims Against Continuing Trade Partners, Vendor Counterparties, or Contractual Counterparties**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve any Claims, Causes of Action, counterclaims, or cross-claims that are against continuing trade partners, vendor counterparties, or contractual counterparties of the Reorganized Debtors, in each case, who are subject to a contract or lease that has been assumed or who otherwise are intended by the Reorganized Debtors to have ongoing business dealings with the Reorganized Debtors as of the Effective Date, or counterclaims in response to claims that otherwise relate to the Reorganized Debtors' continued operations.

---

*(II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Additional Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 384] or otherwise provided as "adequate assurance of payment" (as that term is used by section 366 of the Bankruptcy Code).

## Exhibit B-1

**Redline to Previously Filed
Schedule of Retained Causes of Action**

**Exhibit B**

**Schedule of Retained Causes of Action**

Review of the Debtors' Causes of Action is ongoing.

The Plan defines this Schedule of Retained Causes of Action as "the schedule of those Causes of Action that shall vest in the Reorganized Debtors on the Effective Date, which will be contained in the Plan Supplement; provided, for the avoidance of doubt, that the ~~OpCo~~Permitted Litigation Claims shall vest in the ~~OpCo Debtor Litigation Trust and not in the Reorganized Debtors, and the Freedom HoldCo Debtor Litigation Trust Claims shall vest in the Freedom HoldCo Debtor~~ Litigation Trust and not in the Reorganized Debtors; provided, further, that the following Claims and Causes of Action ~~to~~shall vest in the Reorganized Debtors ~~shall be limited to~~and shall not be Permitted Litigation Claims:  any Claims, Causes of Action, counterclaims, or cross-claims, that are ~~not otherwise specified as being vested in the OpCo Debtor Litigation Trust or the Freedom HoldCo Debtor Litigation Trust, and are~~against continuing trade partners, vendor counterparties, or contractual counterparties~~, or~~ of the Reorganized Debtors, in each case, who are subject to a contract or lease that has been assumed or who otherwise are intended by the Reorganized Debtors to have ongoing business dealings with the Reorganized Debtors as of the Effective Date, or counterclaims in response to claims that otherwise relate to the Reorganized Debtors' continued operations~~."  For the avoidance of doubt,~~ (such Claims and Causes of Action, collectively, the 'Reorganized Debtors' Retained Causes of Action')." ~~n~~Nothing in this Plan Supplement modifies ~~this~~that definition in the Plan.

In accordance with section 1123(b) of the Bankruptcy Code~~, other than with respect to any and all OpCo Litigation Claims and Freedom HoldCo Debtor Litigation Trust Claims, which shall respectively vest in the OpCo Debtor Litigation Trust and the Freedom HoldCo Debtor Litigation Trust pursuant to and in accordance with the Plan,~~ each Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Reorganized Debtors' Retained Causes of Action ~~of the Debtors not previously settled, released, or exculpated under the Plan~~, whether arising before or after the Petition Date, including, with respect to the Reorganized Debtors, any actions specifically enumerated in this Schedule of Retained Causes of Action ~~(collectively, the "Retained Causes of Action")~~, and the Reorganized Debtors' rights to commence, prosecute, or settle ~~such~~the Reorganized Debtors' Retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of the Plan to the contrary, including Article XII thereof.

For the avoidance of doubt, the Reorganized Debtors' Retained Causes of Action shall not include the Permitted Litigation Claims, which shall be transferred to, and vest in, the Litigation Trust pursuant to the Plan.

**No Person or Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as any indication that the Debtors, the Reorganized Debtors, ~~the OpCo Debtor Litigation Trust,~~ or the ~~Freedom HoldCo Debtor~~ Litigation Trust, as applicable, will not pursue any and all available Causes of Action against them.  The Debtors, the Reorganized Debtors, ~~the OpCo Debtor Litigation Trust,~~ and the ~~Freedom HoldCo Debtor~~ Litigation Trust, as applicable,**

expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.

Pursuant to the Plan, on the Effective Date, the Reorganized Debtors' Retained Causes of Action of the Debtors shall vest in the Reorganized Debtors. Other than to the extent constituting Claims or Causes

of Action that are otherwise specified as being vested in the OpCo Debtor Litigation Trust or the Freedom HoldCo Debtor Litigation Trust pursuant to the Plan, the Retained Causes of Action include among other things, all of the All of the following Debtors' Claims (as defined in section 101(5) of the Bankruptcy Code) and Causes of Action (including defenses, counterclaims, and other rights), in each case, relating to the following that constitute Reorganized Debtors' Retained Causes of Action shall be preserved:[1]

1.    **Claims Related to Insurance Policies**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including, without limitation, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters. Notwithstanding the foregoing, pursuant to the Plan, the Litigation Trust shall retain all rights to pursue the D&O Liability Insurance Policies with respect to the Permitted Litigation Claims.

2.    **Claims Related to Taxing Authorities**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all tax obligations to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, including, without limitation, against or related to all Entities that owe or that may in the future owe money related to tax refunds to the Debtors or the Reorganized Debtors, regardless of whether such Entity is specifically identified in the Plan or in this Plan Supplement.

3.    **Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial

---

[1]    To the extent the following provisions are Claims and Causes of Action that are Permitted Litigation Claims, such Claims and Causes of Action shall be transferred to, and vested in, the Litigation Trust.

proceeding or dispute resolution proceeding, whether formal or informal or judicial or nonjudicial, regardless of whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto. ~~Without limiting the generality of the foregoing, the Debtors' expressly reserve all Causes of Action against the Entities identified in **Schedule B(i)** attached hereto.~~

## 4.    Claims Related to Contracts and Leases

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve Causes of Action based in whole or in part upon any and all contracts and leases, joint operating agreements, and similar instruments, to which any of the Debtors or Reorganized Debtors is a party or pursuant to which any of the Debtors or the Reorganized Debtors has any rights whatsoever (regardless of whether such contract or lease is specifically identified in the Plan, this Plan Supplement, or any amendments thereto), including, without limitation, all contracts and leases that are deemed assumed pursuant to the Plan or were previously assumed by the Debtors.  The Claims and Causes of Action reserved include Causes of Action against landlords, vendors, suppliers of goods and services, customers, members, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual, or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanics', artisans', materialmens', possessory, or statutory liens held by any one or more of the Debtors and the Reorganized Debtors, as applicable; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) for counter-claims and defenses related to any contractual obligations; (h) for any turnover actions arising under section 542 or 543 of the Bankruptcy Code; and (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims. For the avoidance of doubt, the Debtors and the Reorganized Debtors, as applicable, expressly reserve the right to offset any such Claims or Causes of Action against the applicable member's or any other party's service retainer, as applicable.

## 5.    Claims Related to Accounts Receivable and Accounts Payable

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Reorganized Debtors, as applicable, owe money to such Entities.

6.      **Claims Related to Deposits or Prepayments, Adequate Assurance, and Other Collateral Postings**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all postings of a security deposits, letters of credit, surety bonds, adequate assurance payment, or any other type of deposit, prepayment, or collateral, regardless of whether such posting of security deposit, surety bonds, letters of credit, adequate assurance payment, or any other type of deposit, prepayment, or collateral is specifically identified in the Plan or in this Plan Supplement.[1][2]

7.      **Claims Related to Liens**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part on any and all liens regardless of whether such liens are specifically identified in the Plan or in this Plan Supplement.

8.      **Specified Causes of Action**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve the following Causes of Action:

(a) (a) All Causes of Action against A Team Sales, LLC.

9.      **Claims Against Continuing Trade Partners, Vendor Counterparties, or Contractual Counterparties**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve any Claims, Causes of Action, counterclaims, or cross-claims that are against continuing trade partners, vendor counterparties, or contractual counterparties of the Reorganized Debtors, in each case, who are subject to a contract or lease that has been assumed or who otherwise are intended by the Reorganized Debtors to have ongoing business dealings with the Reorganized Debtors as of the Effective Date, or counterclaims in response to claims that otherwise relate to the Reorganized Debtors' continued operations.

---

[1][2]     For the avoidance of doubt, the Debtors reserve all rights with respect to any deposit provided in accordance with the *Final Order (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Additional Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 384] or otherwise provided as "adequate assurance of payment" (as that term is used by Ssection 366 of the Bankruptcy Code).

I.

Exhibit B(i)

Claims, Defenses, Cross-Claims, and

Counter-Claims Related to Litigation and Possible Litigation

**Exhibit B(i)**

**Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation**

| Debtors | Debtor Position | Caption of Suit / Counterparty | Case Number |
|---|---|---|---|
| American Freight Outlet Stores, LLC | Plaintiff | American Freight Outlet Stores, LLC v. Joseph Mori, Global Offices Group, Jane Doe, and John Doe | 1:21-cv-00983 |
| American Freight, LLC<br><br>American Freight Management Company, LLC | Plaintiff | American Freight, LLC *et al.* v. Legacy Furniture Mattress, Gavin Gosik, and Karl Finley | 2:22-cv-2733-SDM-CMV |
| American Freight Outlet Stores, LLC | Plaintiff | American Freight Outlet Stores, LLC v. White Lane, LLC, *et al.* | BCV-24-101968 |

## **Exhibit D**

### **Restructuring Transactions Memorandum**

In accordance with the Plan, the steps set forth in the Restructuring Transactions Memorandum remain subject to modification until the Effective Date.

Certain documents, or portions thereof, contained in this **Exhibit D** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested parties with respect thereto.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

Unless otherwise set forth below, the following steps shall occur in the order set forth below.

*Draft*

## Restructuring Transactions Memorandum[1]

This Restructuring Transactions Memorandum sets forth a summary description of the material components of the Restructuring Transactions to be effectuated prior to, on, or following the Effective Date in connection with the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1312] (as may be amended, supplemented or modified from time to time, the "Plan"). The Debtors reserve all rights to modify, amend, supplement, or restate any part of this Restructuring Transactions Memorandum as necessary or appropriate, subject to the Definitive Document Consent Rights. Capitalized terms used but not defined herein shall have the definitions set forth in the Plan. In the event of an inconsistency between the Plan and the terms hereof, the terms of the Plan shall control.

The definitive documentation necessary or appropriate to implement the transaction steps set forth herein may include, among other things and without limitation, merger, purchase, sale, assignment, transfer, novation, release, amendment, distribution and/or contribution agreements.

Unless otherwise set forth below, the Restructuring Transactions are intended to be effectuated as follows and in the following order.

## Step 1.

**Prior to the Effective Date**:

    A. A third party forms a new Delaware limited liability company ("Reorganized Franchise Group Parent"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

    B. Immediately after Step 1A, Reorganized Franchise Group Parent forms a new Delaware limited liability company ("Reorganized Franchise Group Intermediate"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

    C. Immediately after Step 1B, Reorganized Franchise Group Intermediate forms a new Delaware limited liability company ("Reorganized Franchise Group Buyer"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

**On the Effective Date:**

    D. Reorganized Franchise Group Parent issues and contributes to Reorganized Franchise Group Intermediate common limited liability company interests of Reorganized Franchise Group Parent ("Reorganized Parent Equity"). The Reorganized Parent Equity represents 100% of the issued and outstanding Equity Interests of Reorganized Franchise Group Parent.

    E. Immediately after Step 1D, Reorganized Franchise Group Intermediate contributes the Reorganized Parent Equity to Reorganized Franchise Group Buyer. Following this Step 1E, Reorganized Franchise Group Buyer owns 100% of the issued and outstanding Equity Interests of Reorganized Franchise Group Parent, resulting in momentary circular ownership.

---

[1] This Restructuring Transactions Memorandum remains subject to further review and comment in all respects. In the event that there are any further amendments to the Plan or changes to the contemplated transaction steps necessary to complete the Plan, then these transaction steps set forth herein will be updated and an amended Restructuring Transactions Memorandum will be filed setting forth such modified transaction steps.

*Step 2.*

**On the Effective Date:**

    A.  The OpCo Debtors and the Freedom HoldCo Debtors form the Litigation Trust.

    B.  TopCo contributes all of the Cash it has on hand (approximately $13.25 million) to Freedom VCM Interco Holdings, Inc., as a capital contribution.

    C.  Each of Freedom VCM Receivables, Inc. and Freedom Receivables II, LLC distributes any assets it holds to Freedom VCM Interco Holdings, Inc.

    D.  Freedom VCM Interco Holdings Inc. contributes any assets it holds other than Equity Interests in subsidiaries to Freedom VCM Interco, Inc. Freedom VCM Interco, Inc. contributes any assets it holds other than Equity Interests in subsidiaries and Litigation Trust Units to Freedom VCM, Inc.

    E.  The OpCo Debtors and Freedom VCM, Inc. transfer the Litigation Trust Assets to the Litigation Trust.

*Step 3.* On the Effective Date, Freedom VCM, Inc. contributes any assets it holds other than Equity Interests in subsidiaries and Litigation Trust Units to Franchise Group, Inc. Franchise Group, Inc. contributes any assets it holds other than Equity Interests in subsidiaries, Litigation Trust Units, and any Cash on hand intended to fund distributions under the Plan to Franchise Group New HoldCo, LLC. Franchise Group New HoldCo, LLC assumes the liabilities of Franchise Group, Inc. that are continuing or being Reinstated, solely to the extent applicable and in accordance with the Plan.

*Step 4.* On the Effective Date, Reorganized Franchise Group Buyer enters into the Exit ABL Facility with the third-party lenders thereunder in accordance with the Plan and receives Cash from the loans made to Reorganized Franchise Group Buyer thereunder.

*Step 5.*

**On the Effective Date, following the prior Steps 1 through 4:**

    A.  Reorganized Franchise Group Buyer purchases from Franchise Group, Inc., 100% of the Equity Interests of Franchise Group New HoldCo, LLC in exchange for (i) the Reorganized Parent Equity received by Reorganized Franchise Group Buyer in Step 1E, (ii) the Cash proceeds of the Exit ABL Facility, and (iii) the issuance of the Take-Back Term Loans ((i)-(iii) collectively, the "Franchise Group Purchase Consideration").

**On the Effective Date, following the prior Step 5A:**

    B.  Pursuant to the Plan, (i) Franchise Group, Inc. distributes the Reorganized Parent Equity, Cash proceeds from the Exit ABL Facility, any Cash on hand, and Take-Back Term Loans, and (ii) Franchise Group Inc. and the Freedom HoldCo Debtors transfer the Litigation Trust Units, in each case, to the applicable Holders of Claims under the Plan in full and final satisfaction, settlement, release, and discharge of their Claims pursuant to the Plan.

C. Pursuant to the Plan, the Holders of DIP Claims waive their right to assert any DIP Claims against the Freedom HoldCo Debtors. All Claims between and among TopCo, the Freedom HoldCo Debtors, and the OpCo Debtors are waived. All Existing TopCo Equity Interests are canceled, released, and extinguished.

**On the Effective Date, following the prior Step 5C:**

D. Pursuant to this Restructuring Transactions Memorandum, without any further action, (i) the holders of Reorganized Parent Equity immediately following Step 5C, transfer (and shall be deemed to have transferred) such Reorganized Parent Equity to Reorganized Franchise Group Topco, LLC, a newly formed Delaware limited liability company ("New TopCo"), in exchange for all of the common limited liability company interests of New TopCo (such common limited liability company interests are referred to as the "Reorganized Common Equity" in the Plan), (ii) the limited liability company agreement of New TopCo is deemed amended and restated in its entirety as set forth in, and replaced by, the Amended and Restated Limited Liability Company Agreement of New TopCo (the "A&R LLC Agreement"), (iii) each of the Persons that receives Reorganized Common Equity is deemed to be a party to the A&R LLC Agreement as a "Member" thereunder, and deemed to be fully bound by, and subject to, all of the covenants, terms, conditions and provisions of the A&R LLC Agreement as a "Member" party thereto, and is deemed to have signed such agreement, and (iv) the initial member of New TopCo shall be deemed to have withdrawn from, and shall cease to be a member of, New TopCo for all purposes, including for all purposes of the Delaware Limited Liability Company Act and the A&R LLC Agreement.

**Step 6.** Franchise Group, Inc. and any of its direct or indirect parent entities that are Debtors shall be liquidated, dissolved, or otherwise wound down as soon as reasonably practicable following the Effective Date, as determined by the Debtors.

### *General Authority With Respect to Intercompany Claims and Other Restructuring Transactions Steps*:

At any point following the entry of the Confirmation Order, the Debtors or the Reorganized Debtors, as applicable, may, but will not be required to: (i) merge out of existence, liquidate, dissolve, convert into different entity forms, and/or make tax elections; (ii) set off, settle, distribute, contribute, cancel, or release without any distribution with respect to the Intercompany Claims; or (iii) transfer assets, rights, obligations, personnel, and similar items among the Debtors or Reorganized Debtors, as applicable, in each case, in furtherance of the transactions contemplated by the Plan, subject to the applicable consent rights under the Plan and the Restructuring Support Agreement.

**<u>Exhibit D-1</u>**

**Redline to Previously Filed
Restructuring Transactions Memorandum**

*Draft*

**Restructuring Transactions Memorandum**[1]

This Restructuring Transactions Memorandum sets forth a summary description of the material components of the Restructuring Transactions to be effectuated prior to, on, or following the Effective Date in connection with the *[Sixth]Eighth* Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates [Docket No. 1~~03~~152] (as may be amended, supplemented or modified from time to time, the "Plan").  The Debtors reserve all rights to modify, amend, supplement, or restate any part of this Restructuring Transactions Memorandum as necessary or appropriate, subject to the Definitive Document Consent Rights.  Capitalized terms used but not defined herein shall have the definitions set forth in the Plan. In the event of an inconsistency between the Plan and the terms hereof, the terms of the Plan shall control.

The definitive documentation necessary or appropriate to implement the transaction steps set forth herein may include, among other things and without limitation, merger, purchase, sale, assignment, transfer, novation, release, amendment, distribution and/or contribution agreements.

Unless otherwise set forth below, the Restructuring Transactions are intended to be effectuated as follows and in the following order.

***Step 1.***

**Prior to the Effective Date**:

    A.  A third party forms a new Delaware limited liability company ("Reorganized Franchise Group Parent"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

    B.  Immediately after Step 1A, Reorganized Franchise Group Parent forms a new Delaware limited liability company ("Reorganized Franchise Group Intermediate"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

    C.  Immediately after Step 1B, Reorganized Franchise Group Intermediate forms a new Delaware limited liability company ("Reorganized Franchise Group Buyer"), which is intended to be treated as a corporation for U.S. federal income tax purposes.

**On the Effective Date:**

    D.  Reorganized Franchise Group Parent issues and contributes to Reorganized Franchise Group Intermediate ~~(i)~~ common limited liability company interests of Reorganized Franchise Group Parent ("~~Senior~~ Reorganized Parent Equity") ~~and (ii) (if applicable) common limited liability company interests of Reorganized Franchise Group Parent that contain a hurdle amount equal to the Initial Strike Price ("Junior~~  The Reorganized Parent Equity")²(collectively, the

---

[1]   This Restructuring Transactions Memorandum remains subject to further review and comment in all respects. In the event that there are any further amendments to the Plan or changes to the contemplated transaction steps necessary to complete the plan, then these transaction steps set forth herein will be updated and an amended Restructuring Transactions Memorandum will be filed setting forth such modified transaction steps.

~~²~~   ~~**Note to Draft**: Junior Reorganized Parent Equity is issued only if Class 5 votes to accept the Plan.~~

~~"Franchise Group Equity Rights"). The Franchise Group Equity Rights~~ represents 100% of the issued and outstanding Equity Interests of Reorganized Franchise Group Parent.

E. Immediately after Step 1D, Reorganized Franchise Group Intermediate contributes the ~~Franchise Group~~Reorganized Parent Equity ~~Rights~~ to Reorganized Franchise Group Buyer. Following this Step 1E, Reorganized Franchise Group Buyer owns 100% of the issued and outstanding Equity Interests of Reorganized Franchise Group Parent, resulting in momentary circular ownership.

**Step 2.**

**On the Effective Date:**

~~A. Franchise Group, Inc. forms the OpCo Debtor Litigation Trust.~~

A. ~~B.~~ The ~~Freedom HoldCo~~OpCo Debtors ~~form~~and the Freedom HoldCo Debtors form the Litigation Trust.

~~C. Immediately after Step 2A, the OpCo Debtors transfer the OpCo Debtor Litigation Trust Assets (other than any Junior Reorganized Parent Equity to be contributed in Step 5B, if applicable) to the OpCo Debtor Litigation Trust.~~

B. TopCo contributes all of the Cash it has on hand (approximately $13.25 million) to Freedom VCM Interco Holdings, Inc., as a capital contribution.

C. Each of Freedom VCM Receivables, Inc. and Freedom Receivables II, LLC distributes any assets it holds to Freedom VCM Interco Holdings, Inc.

D. Freedom VCM Interco Holdings Inc. contributes any assets it holds other than Equity Interests in subsidiaries to Freedom VCM Interco, Inc. Freedom VCM Interco, Inc. contributes any assets it holds other than Equity Interests in subsidiaries and Litigation Trust Units to Freedom VCM, Inc.

E. ~~D. Immediately after Step 2B, the Freedom HoldCo~~The OpCo Debtors and Freedom VCM, Inc. transfer the ~~Freedom HoldCo Debtor~~ Litigation Trust ~~Claims~~Assets to the ~~Freedom HoldCo Debtor~~ Litigation Trust.

**Step 3.** On the Effective Date, Freedom VCM, Inc. contributes any assets it holds other than Equity Interests in subsidiaries and Litigation Trust Units to Franchise Group, Inc. Franchise Group, Inc. contributes any assets it holds~~,~~ other than ~~(i)~~ Equity Interests ~~of Franchise Group New Holdco, LLC, (ii) units in the OpCo Debtor~~in subsidiaries, Litigation Trust Units, and ~~(iii)~~ any Cash on hand intended to fund distributions under the Plan~~,~~ to Franchise Group New HoldCo, LLC~~, and.~~ Franchise Group New HoldCo, LLC assumes the liabilities of Franchise Group, Inc. that are continuing or being Reinstated, solely to the extent applicable and in accordance with the Plan.

**Step 4.** On the Effective Date, Reorganized Franchise Group Buyer enters into the Exit ABL Facility with the third-party lenders thereunder in accordance with the Plan and receives Cash from the loans made to Reorganized Franchise Group Buyer thereunder.

**Step 5.**

**On the Effective Date, following the prior Steps 1 through 4:**

A. Reorganized Franchise Group Buyer purchases from Franchise Group, Inc., 100% of the Equity Interests of Franchise Group New HoldCo, LLC in exchange for (i) the ~~Franchise Group~~ Reorganized Parent Equity ~~Rights~~ received by Reorganized Franchise Group Buyer in Step 1E, (ii) the Cash proceeds of the Exit ABL Facility, and (iii) the issuance of the Take-Back Term Loans ((i)-(iii) collectively, the "Franchise Group Purchase Consideration").

**On the Effective Date, following the prior Step 5A:**

~~B. Franchise Group, Inc. transfers any Junior Reorganized Parent Equity (if applicable) to the OpCo Debtor Litigation Trust.~~

~~On the Effective Date, following the prior Step 5B:~~

B. ~~C.~~ Pursuant to the Plan, (i) Franchise Group, Inc. distributes the ~~Senior~~ Reorganized Parent Equity, Cash proceeds from the Exit ABL Facility, any Cash on hand, and Take-Back Term Loans, and (ii) Franchise Group Inc. and the ~~OpCo~~ Freedom HoldCo Debtors transfer the Litigation Trust Units, in each case, to the applicable Holders of Claims under the Plan in full and final satisfaction, settlement, release, and discharge of their Claims pursuant to the Plan.

C. Pursuant to the Plan, the Holders of DIP Claims waive their right to assert any DIP Claims against the Freedom HoldCo Debtors. All Claims between and among TopCo, the Freedom HoldCo Debtors, and the OpCo Debtors are waived. All Existing TopCo Equity Interests are canceled, released, and extinguished.

~~D. The Holders of Existing Equity Interests of Freedom VCM Holdings, LLC ("TopCo") receive a distribution of Cash on hand, if any, after paying all Allowed Claims against TopCo and following the allocation described in Section 3.6 of the Plan, in complete satisfaction of their Existing TopCo Equity Interests, which are then cancelled.~~

~~E. After accounting for the Freedom HoldCo DIP Election, the Freedom HoldCo Debtor Litigation Trust Units shall be transferred to Holders of DIP Claims (if applicable), Holders of Allowed Prepetition HoldCo Loan Claims, and Holders of Allowed Freedom HoldCo General Unsecured Claims to the extent provided in the Plan.~~

**On the Effective Date, following the prior Step 5C:**

D. ~~F.~~ Pursuant to this Restructuring Transactions Memorandum ~~[and the Confirmation Order]~~, without any further action, (i) the holders of ~~Senior~~ Reorganized Parent Equity ~~and/or Junior Reorganized Parent Equity (if applicable)~~ immediately following Step 5C, transfer (and shall be deemed to have transferred) such ~~Senior~~ Reorganized Parent Equity ~~and/or Junior Reorganized Parent Equity (if applicable)~~ to Reorganized Franchise Group Topco, LLC, a newly formed Delaware limited liability company~~, respectively~~ ("New TopCo"), in exchange for all of the common limited liability company interests of ~~Reorganized Franchise Group Topco, LLC~~ (New TopCo (such common limited liability company interests are referred to as the "Reorganized Common Equity" in the Plan) ~~and the New Warrants (if applicable), and~~

3

~~shall become parties to the Reorganized Franchise Group Topco, LLC,~~ (ii) the limited liability company agreement.[3] of New TopCo is deemed amended and restated in its entirety as set forth in, and replaced by, the Amended and Restated Limited Liability Company Agreement of New TopCo (the "A&R LLC Agreement"), (iii) each of the Persons that receives Reorganized Common Equity is deemed to be a party to the A&R LLC Agreement as a "Member" thereunder, and deemed to be fully bound by, and subject to, all of the covenants, terms, conditions and provisions of the A&R LLC Agreement as a "Member" party thereto, and is deemed to have signed such agreement, and (iv) the initial member of New TopCo shall be deemed to have withdrawn from, and shall cease to be a member of, New TopCo for all purposes, including for all purposes of the Delaware Limited Liability Company Act and the A&R LLC Agreement.

**Step 6.** Franchise Group, Inc. and any of its direct or indirect parent entities that are Debtors shall be liquidated, dissolved, or otherwise wound down as soon as reasonably practicable following the Effective Date, as determined by the Debtors.

***General Authority With Respect to Intercompany Claims and Other Restructuring Transactions Steps***:

At any point following the entry of the Confirmation Order, the Debtors or the Reorganized Debtors, as applicable, may, but will not be required to: (i) merge out of existence, liquidate, dissolve, convert into different entity forms, and/or make tax elections; (ii) set off, settle, distribute, contribute, cancel, or release without any distribution with respect to the Intercompany Claims; or (iii) transfer assets, rights, obligations, personnel, and similar items among the Debtors or Reorganized Debtors, as applicable, in each case, in furtherance of the transactions contemplated by the Plan, subject to the applicable consent rights under the Plan and the Restructuring Support Agreement.

---

[3] ~~**Note to draft**: Step 5F is subject to further review.~~

## Exhibit E

### Rejected Contracts/Lease List[1]

Section 10.1 of the Plan provides the following:  Except as otherwise provided herein, any Executory Contracts and Unexpired Leases (a) not previously assumed, (b) not previously assumed and assigned in accordance with any Sale Order in connection with the Partial Sale Transaction or other order approving such assumption and assignment, (c) not previously rejected pursuant to an order of the Bankruptcy Court, and (d) identified on the Assumed Contracts List, will be assumed effective as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code and the Confirmation Order, except any Executory Contract or Unexpired Lease (i) identified on the Rejected Contracts/Lease List, (ii) that is the subject of a separate motion or notice to reject, assume, or assume and assign pending as of the Confirmation Date, (iii) that previously expired or terminated pursuant to its own terms (disregarding any terms the effect of which is invalidated by the Bankruptcy Code), (iv) of the American Freight Debtors that is not otherwise assumed or included on the Assumed Contracts List, (v) of the Vitamin Shoppe Debtors that is not otherwise assumed or included on the Assumed Contracts List, or (vi) that, as of the Effective Date, is the subject of (A) a motion to reject or a Cure Dispute that is pending or (B) an order of the Bankruptcy Court that is not yet a Final Order.  For the avoidance of doubt, except as otherwise set forth herein or as included on the Assumed Contracts List, all Executory Contracts and Unexpired Leases of the American Freight Debtors and the Vitamin Shoppe Debtors shall be rejected as of the Effective Date.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute an order approving the assumptions or rejections of the Debtors' Executory Contracts and Unexpired Leases pursuant to sections 365(a) and 1123 of the Bankruptcy Code effective on the occurrence of the Effective Date or, as to rejected Executory Contracts and Unexpired Leases, on such other date as may be identified on the Rejected Contracts/Lease List or other motion or notice to reject by agreement of the affected counterparty to such Executory Contract or Unexpired Lease.

Each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order, and not assigned to a third party (including the Buyer in the Partial Sale Transaction) on or prior to the Effective Date, shall revest in and be fully enforceable by the applicable Reorganized Debtor in accordance with its terms, except as such terms may have been modified by agreement of the parties or, other than with respect to non-residential Unexpired Leases, by an order of the Bankruptcy Court.  To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, increases, accelerates or otherwise alters any obligations, rights or liabilities of the Debtors or the Reorganized Debtors thereunder as a result of, gives rise to any rights or benefits to any non-Debtor party to any such Executory Contract or Unexpired Lease, or creates any Lien on any asset or property of the Debtors or the Reorganized Debtors as a result of, the assumption of such

---

[1]    For the avoidance of doubt, the rejections of the Executory Contracts and Unexpired Leases listed in this **Exhibit E** shall include the rejection of any and all ancillary documents executed in connection with, or as part of, such Executory Contract or Unexpired Lease, including any ancillary document that any counterparty may assert as executory, whether or not such ancillary document is expressly listed herein.

Executory Contract or Unexpired Lease or the execution or consummation of the Plan or any other Restructuring Transaction (including any change of control, sale of business, assignment, vesting, termination, acceleration, or similar provisions therein), then such provision shall be deemed unenforceable (solely for purposes of the transactions contemplated under the Plan) and modified such that the transactions contemplated by the Plan or any other Restructuring Transaction shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease, to exercise any other default-related rights with respect thereto, to increase, accelerate or otherwise alter the obligations, rights or liabilities of the Debtors or the Reorganized Debtors thereunder, to be entitled to any rights or benefits thereunder, or create or impose a Lien on any asset or property of the Debtors or the Reorganized Debtors.  For the avoidance of doubt, Confirmation of the Plan shall not be deemed an assignment of any Executory Contract or Unexpired Lease of the Debtors, notwithstanding any change in name, organizational form, or jurisdiction of organization of any Debtor in connection with the occurrence of the Effective Date.

Notwithstanding anything to the contrary contained in the Plan (other than Section 10.8 of the Plan) and in the Restructuring Support Agreement, the Debtors or Reorganized Debtors, as applicable, subject to the Definitive Document Consent Rights, reserve the right to amend or supplement the Rejected Contracts/Lease List in their discretion prior to the later of (a) Effective Date and (b) seven (7) days after the date on which the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the Assumed Contracts List (or, in either case, such later date as may be agreed with a counterparty); provided that the Debtors shall give prompt notice of any such amendment or supplement to any affected counterparty and such counterparty shall have a reasonable opportunity to object thereto on any grounds.

Additionally, Section 10.7 of the Plan provides the following:  Neither the exclusion nor inclusion of any contract or lease in the Rejected Contracts/Lease List or Assumed Contracts List, as applicable, nor anything contained in the Plan or Sale Documents, nor the Debtors' delivery of a notice of the proposed assumption and proposed Cure Cost to any contract and lease counterparties set forth in the Assumed Contracts List (which shall be Filed with the Plan Supplement), shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors or Reorganized Debtors, as applicable, shall have forty-five (45) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.  If there is a dispute regarding a Debtor's or Reorganized Debtor's liability under an assumed Executory Contract or Unexpired Lease, the Reorganized Debtors shall be authorized to move to have such dispute heard by the Bankruptcy Court pursuant to Article XIII of the Plan.  If the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the Assumed Contracts List, the Debtors shall have the right to reject such Executory Contract or Unexpired Lease, in which case such Executory Contract or Unexpired Lease will be deemed rejected as of the Effective Date subject to the applicable counterparty's right to object to such rejection.

Certain documents, or portions thereof, contained in this **Exhibit E** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested

parties with respect thereto.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

**Rejected Contracts / Lease List**

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | 1 Haul Takes It All | 1 Haul Takes It All<br>500 Catawba Trail<br>Lima, OH 45806 | American Freight, LLC | Contract (Other), dated December 18, 2023 | | |
| 2 | 123.Net, Inc. | 123.Net, Inc.<br>24700 Northwestern Hwy, 5th Floor<br>Southfield, MI 48075 | PSP Group, LLC | 123.Net Service Agreement | | |
| 3 | 123NET | 123NET<br>24700 Northwestern Hwy, 5th Floor<br>Southfield, MI 48075 | PSP Group, LLC | Scope of Work for Enterprise Data Center, Network & Voice Services | | |
| 4 | 1584 Flatbush Avenue Partners, LLC | 1584 Flatbush Avenue Partners, LLC<br>539 Eastern Parkway Third Floor<br>Brooklyn, NY 11216 | Vitamin Shoppe Industries LLC | Lease, dated February 14, 2015<br><br>1584 Flatbush Ave.<br>Brooklyn, NY 11234 | 0810 | 4/30/2025 |
| 5 | 1st Choice Home Furnishings of Baton Rouge, LLC | 1st Choice Home Furnishings of Baton Rouge, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 6 | 1st Choice Home Furnishings of Donaldsonville, LLC | 1st Choice Home Furnishings of Donaldsonville, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 7 | A360 Enterprises, LLC | A360 Enterprises, LLC<br>4600 W. 77th Street Suite 295<br>Edina, MN 5543 | Franchise Group. Inc. | Master Subscription and Services Agreement, dated September 19, 2022 | | |
| 8 | A360 Enterprises, LLC | A360 Enterprises, LLC<br>4600 W. 77th Street Suite 295<br>Edina, MN 55435 | Franchise Group. Inc. | Digital Accessibility Audit, Remediation Support & QA Testing Statement of Work, dated August 26, 2022 | | |
| 9 | ADP, Inc. | ADP, Inc.<br>One ADP Boulevard<br>Roseland, NJ 07068 | Franchise Group. Inc. | Referral Agreement, dated October 23, 2023 | | |
| 10 | AEI National Income Property Fund VII LP | AEI National Income Property Fund VII LP<br>1300 Wells Fargo Place<br>Saint Paul, MN 55101 | Vitamin Shoppe Industries LLC | Guaranty of Lease by VSI, dated January 28, 2022<br><br>4502-4508 West Wendover Avenue<br>Greensboro, NC 27409 | 203 | 3/31/2025 |
| 11 | All Purpose Hauling and Removing LLC | All Purpose Hauling and Removing LLC<br>3218 Lincoln Street<br>Lorain, OH 44052 | American Freight, LLC | Contract (Other), dated March 17, 2022 | | |
| 12 | AllWright Franchise Consulting, Inc DBA The You Network | AllWright Franchise Consulting, Inc DBA The You Network<br>93 Hayden Rowe St<br>Hopkinton, MA 01748 | Pet Supplies "Plus", LLC | Addendum to AllWright Franchise Consulting, Inc DBA The You Network Referral Agreement | | |
| 13 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor<br>New York, NY 10010 | Pet Supplies "Plus", LLC | Statement of Work #1 for Phase 2 Assistance | | |
| 14 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor<br>New York, NY 10010 | Pet Supplies "Plus", LLC | Statement of Work #4 for Alpha Solutions USA LLC and Pet Supplies Plus | | |
| 15 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor<br>New York, NY 10010 | Pet Supplies "Plus", LLC | Master Services Agreement | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 16 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor<br>New York, NY 10010 | PSP Stores, LLC | Statement of Work #3 | | |
| 17 | Alturas Metro Towne Center LLC | Alturas Metro Towne Center LLC<br>500 E. Shore Dr, Suite 120<br>Eagle, ID 83616 | Vitamin Shoppe Industries LLC | Lease, dated September 21, 2004<br><br>3033 West Peoria Avenue<br>Phoenix, AZ 85029 | 0210 | 4/30/2025 |
| 18 | American Express Travel Related Services Company, Inc. | American Express Travel Related Services Company, Inc.<br>200 Vesey Street<br>New York, NY 10285 | American Freight, LLC | MSA 01, dated March 31, 2022 | | |
| 19 | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | American Freight Outlet Stores, LLC | Referral Agreement, dated July 15, 2022 | | |
| 20 | American First Finance Inc. | American First Finance Inc.<br>PO Box 565848<br>Dallas, TX 75356 | American Freight, LLC | Authorized Dealer Agreement, dated July 15, 2022 | | |
| 21 | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | American Freight, LLC | Referral Agreement, dated July 15, 2022 | | |
| 22 | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | Franchise Group. Inc. | Referral Agreement | | |
| 23 | Angle Gully LLC | Angle Gully LLC<br>c/o Newcastle Retail Management, LLC<br>150 North Michigan Ave.<br>Chicago, IL 60601 | Vitamin Shoppe Industries LLC | Lease, dated December 20, 2014<br><br>3325 N. Ashland Ave.<br>Chicago, IL 60657 | 0756 | 4/30/2025 |
| 24 | ArcVision, Inc. | ArcVision, Inc.<br>1950 Craig Road, #300<br>St. Louis, MO 63146 | PSP Stores, LLC | Pet Supplies Plus Architect Agreement | | |
| 25 | Armory Racine Corporation | Armory Racine Corporation<br>1210 S. Indiana Ave, #5907<br>Chicago, IL 60605 | American Freight, LLC | Assignment of Lease Agreement, dated November 9, 2022<br><br>2101 S. Green Bay Road, Suite 2301<br>Racine, WI 53406 | 286 | 4/30/2025 |
| 26 | Asset Strategies Group, LLC | Asset Strategies Group, LLC<br>501 W Schrock Rd, Suite 201<br>Westerville, OH 43081 | American Freight, LLC | MSA, dated October 24, 2023 | | |
| 27 | Asset Strategies Group, LLC | Asset Strategies Group, LLC<br>501 West Schrock Road, Suite 201<br>Westerville, OH 43081 | American Freight, LLC | Lease Management Services Agreement, dated October 24, 2023 | | |
| 28 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated October 06, 2021 | | |
| 29 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program, dated July 23, 2021 | | |
| 30 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | |
| 31 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated September 23, 2021 | | |
| 32 | Atlanticus Services Corporation | Atlanticus Services Corporation<br>Five Concourse Parkway, Suite 300<br>Atlanta, GA 30328 | Franchise Group. Inc. | Reconciliation Agreement, dated May 4, 2022 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 33 | Atlas Security Service, Inc. | Atlas Security Service, Inc.<br>1309 E. Republic Road, Suite B<br>Springfield, MO 65804 | American Freight, LLC | Standard Commercial Security Agreement, dated October 06, 2021 | | |
| 34 | Baker Bunch Inc. | Baker Bunch Inc.<br>15348 9th Ave.<br>Phoenix, IL 60426 | American Freight, LLC | Preferred Delivery Services Agreement, dated May 2, 2024 | | |
| 35 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisconsin Street<br>San Francisco, CA 94107 | Buddy's Newco, LLC | Sublease Agreement<br><br>5201 Norwood Ave.<br>Jacksonville, FL 32208<br><br>8807 Lem Turner Rd<br>Jacksonville, FL 32208<br><br>3 1st St NW<br>Moultrie, GA 31768 | 17<br><br>55<br><br>65 | 5/20/2025 |
| 36 | BC Deliveries LLC | BC Deliveries LLC<br>1712 Peardale Rd<br>Columbus, OH 43229 | American Freight, LLC | Preferred Delivery Services Agreement, dated May 10, 2024 | | |
| 37 | BCDC Portfolio Owner LLC | BCDC Portfolio Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Asset Management<br><br>BCDC Portfolio Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Heba Elayan<br><br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Attn: Robert L. LeHane | Franchise Group. Inc. | Unconditional Guaranty of Payment and Performance, dated June 17, 2022 | | 3/31/2025 |
| 38 | BCHQ Owner LLC | BCHQ Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Asset Management<br><br>BCHQ Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Heba Elayan<br><br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Attn: Robert L. LeHane | Franchise Group. Inc. | Unconditional Guaranty of Payment and Performance, dated August 2, 2022 | | 3/31/2025 |
| 39 | Big Buddy's Moving Company LLC | Big Buddy's Moving Company LLC<br>7870 Axton Rd.<br>Axton, VA 24054 | American Freight, LLC | Preferred Delivery Services Agreement, dated December 29, 2023 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 40 | Big Burns Moving LLC | Big Burns Moving LLC<br>3140 Jackson Dr<br>Holiday, FL 34691 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 14, 2024 | | |
| 41 | Bi-Rite Holdings, LLC | Bi-Rite Holdings, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 42 | BMA Springhurst LLC | BMA Springhurst LLC<br>c/o Marquee Capital<br>301 N Broadway, Suite 300<br>Milwaukee, WI 53202 | Vitamin Shoppe Industries, LLC | Agreement of Lease dated,  November 17, 2011<br><br>4000 Towne Center Drive<br>Louisville, KY 40241 | 590 | 4/30/2025 |
| 43 | BMH PRIME 97, LLC | BMH PRIME 97, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 23, 2022 | 645 | |
| 44 | BMH-FAN 43, LLC | BMH-FAN 43, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30, 2020 | 612 | |
| 45 | BMH-FAN 44, LLC | BMH-FAN 44, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30,  2020 | 603 | |
| 46 | BMH-FAN 51, LLC | BMH-FAN 51, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30, 2020 | 609 | |
| 47 | BMH-NEW 58, LLC | BMH-NEW 58, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 17, 2021 | 620 | |
| 48 | BMH-NEW 61, LLC | BMH-NEW 61, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated March 5, 2021 | 617 | |
| 49 | BMH-NEW 62, LLC | BMH-NEW 62, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 21, 2022 | 641 | |
| 50 | BMH-NEW 69, LLC | BMH-NEW 69, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated March 1, 2022 | 640 | |
| 51 | BMH-NEW 92, LLC | BMH-NEW 92, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated November 1, 2022 | 648 | |
| 52 | BMH-RCL 34, LLC | BMH-RCL 34, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 311 | |
| 53 | BMH-RCL 36, LLC | BMH-RCL 36, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 310 | |
| 54 | BMH-RCL 41, LLC | BMH-RCL 41, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 305 | |
| 55 | BMH-TB 72, LLC | BMH-TB 72, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 4 | |
| 56 | BMH-TB 73, LLC | BMH-TB 73, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 5 | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 57 | BMH-TB 75, LLC | BMH-TB 75, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 7 | |
| 58 | BMH-TB 76, LLC | BMH-TB 76, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 8 | |
| 59 | BMH-TNM 31, LLC | BMH-TNM 31, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 20, 2017 | 377 | |
| 60 | BMH-WF TX 67, LLC | BMH-WF TX 67, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 23, 2022 | 643 | |
| 61 | Boswell Avenue I, LLC | Boswell Avenue I, LLC<br>c/o Marx Realty & Improvement Co. Inc.,<br>155 East 44th Street , 7th Floor<br>New York, NY 10017 | Vitamin Shoppe Industries, LLC | Lease Agreement, dated November 2, 2012<br><br>7713 Fordson Road<br><br>Alexandria, VA 22306 | 650 | 4/30/2025 |
| 62 | Brown's Moving & Delivery Service LLC | Brown's Moving & Delivery Service LLC<br>623 Steger Drive<br>Duncanville, TX 75116 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 18, 2024 | | |
| 63 | Bryn Mawr Plaza Associates | Bryn Mawr Plaza Associates<br>c/o Baker Properties, Inc.<br>One Town Place, Suite 100<br>Bryn Mawr, PA 19010 | Vitamin Shoppe Industries LLC | Lease, dated February 09, 1999<br><br>715 W. Lancaster Ave.<br>Bryn Mawr, PA 19010 | 0049 | 4/30/2025 |
| 64 | Buddy Mac Four, LLC | Buddy Mac Four, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 31, 2015 | 491 | |
| 65 | Buddy Mac Holdings, LLC | Buddy Mac Holdings, LLC<br>400 E Centre Park Blvd., Suite 101<br>Desoto, TX 75115 | Buddy's Newco, LLC | Sublease Agreement, dated July, 1 2021<br><br>6608 E. Adamo Drive<br>Tampa, FL 33619<br><br>5505 N. Armenia Avenue<br>Tampa, FL 33603<br><br>2514 9th Street West<br>Bradenton, FL 34205<br><br>10015 N. Nebraska Avenue<br>Tampa, FL 33612 | 4<br><br>5<br><br>8<br><br>13 | 5/20/2025 |
| 66 | Buddy Mac Nine, LLC | Buddy Mac Nine, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated May 13, 2016 | 494 | |
| 67 | Buddy Mac Nineteen, LLC | Buddy Mac Nineteen, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated June 26, 2020 | 615 | |
| 68 | Buddy Mac One, LLC | Buddy Mac One, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 2, 2015 | 488 | |
| 69 | Buddy MAC Seventeen, LLC | Buddy MAC Seventeen, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated May 16, 2019 | 339 | |
| 70 | Buddy Mac Twelve, LLC | Buddy Mac Twelve, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 1, 2016 | 497 | |
| 71 | Buddy Mac Twenty-One, LLC | Buddy Mac Twenty-One, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated October 4, 2019 | 432 | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 72 | Buddy Mac Two, LLC | Buddy Mac Two, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 21, 2015 | 489 | |
| 73 | Buddy's Rollco, LLC | Buddy's Rollco, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 74 | Buddy's Northwest, LLC | Buddy's Northwest, LLC<br>c/o Vintage Partners<br>4705 S. Apopka Vineland Road, Suite 210<br>Orlando, FL 32819 | Buddy's Newco, LLC | Guaranty of Second Amended and Restated Master Lease Agreement by and between Store Master Funding IV, LLC and Buddy's Northwest, LLC, dated November 3, 2015 | | 5/12/2025 |
| 75 | Buxton Company, LLC | Buxton Company, LLC<br>2651 S. Polaris Dr.<br>Fort Worth, TX 76137 | American Freight, LLC | SOW, dated September 05, 2023 | | |
| 76 | Cambridge Goods, LLC | Cambridge Goods, LLC<br>3001 W. Big Beaver Road, Suite 324<br>Troy, MI 48084 | American Freight, LLC | Assignment of Lease Agreement, dated September 26, 2022<br><br>37055 S. Groesbeck Highway, Unit L<br>Clinton Township, MI 48036 | 283 | 4/30/2025 |
| 77 | Care N Errands, LLC | Care N Errands, LLC<br>2345 Maxon Road Extension<br>Schenectady, NY 12308 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 10, 2024 | | |
| 78 | Cates Moving LLC | Cates Moving LLC<br>205 Westside Dr.<br>Tullahoma, TN 37388 | American Freight, LLC | Contract (Other), dated January 02, 2024 | | |
| 79 | Causeway Square, LLC | Causeway Square, LLC<br>1801 NE 123rd St., Suite 300<br>North Miami, FL 33181 | Vitamin Shoppe Industries LLC | Lease, dated August 10, 2010<br><br>12301 Biscayne Boulevard<br>Miami, FL 33181 | 0355 | 4/30/2025 |
| 80 | Chadds Ford Investors LP c/o Carlino Development | Chadds Ford Investors LPc/o Carlino Development,<br>c/o Carlino Commercial Development,<br>100 Front Street, Suite 560<br>Conshohocken, PA 19428 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated May 8 2015<br><br>1731 Wilmington Pike Suite D<br>Glenn Mills, PA 19342 | 818 | 4/30/2025 |
| 81 | Chalet East, Inc. | Chalet East, Inc.<br>22936 NE 15th Place<br>Sammamish, WA 98074<br>Attn: Barbara Blumenthal | Vitamin Shoppe Industries LLC | Lease, dated April 21, 2011<br><br>17980 Redmond Way<br>Redmond, WA 98052-4906 | 1025 | 4/30/2025 |
| 82 | Chuck's Delivery Services LLC | Chuck's Delivery Services LLC<br>1545 W 44th Street<br>Erie, PA 16509 | American Freight, LLC | Preferred Delivery Services Agreement, dated February 27, 2024 | | |
| 83 | Colonel Sun LLC | Colonel Sun LLC<br>3718 N 36th St.<br>Tacoma, WA 98407 | Vitamin Shoppe Industries, LLC | Commercial Lease dated, Febraury 21, 2003<br><br>1300 Ellis Street<br>Bellingham, WA 98225 | 1006 | 4/30/2025 |
| 84 | Concur Technologies, Inc. | Concur Technologies, Inc.<br>62157 COLLECTIONS CENTER DRIVE<br>Chicago, IL 60693 | American Freight, LLC | Order Form for Cloud Services, dated September 29, 2020 | | |
| 85 | Connectria, LLC | Connectria, LLC<br>10845 Olive Blvd, Suite 300<br>St. Louis, MO 63141 | American Freight, LLC | Connectria Statement of Work Managed AWS Services, dated March 31, 2023 | | |
| 86 | Corporation Service Company | Corporation Service Company<br>2711 Centerville Road<br>Wilmington, DE 19808 | Pet Supplies "Plus", LLC | Non-Disclosure Agreement, dated May 30, 2013 | | |
| 87 | Corporation Service Company | Corporation Service Company<br>2711 Centerville Road<br>Wilmington, DE 19808 | Pet Supplies "Plus", LLC | Proposal Acceptance, dated June 3, 2013 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 88 | CVB, Inc. (Malouf) | CVB, Inc. (Malouf)<br>1525 West 2960 South<br>Nibley, UT 84321 | American Freight, LLC | Limited Reseller Agreement, dated February 03, 2021 | | |
| 89 | Cylindo LLC | Cylindo LLC<br>44 Tehama Street<br>San Francisco, CA 94105 | American Freight, LLC | SOW 01, dated April 01, 2023 | | |
| 90 | Cylindo LLC | Cylindo LLC<br>44 Tehama Street<br>San Francisco, CA 94105 | American Freight, LLC | MSA, dated April 01, 2023 | | |
| 91 | Daryl Trumpy SP | Daryl Trumpy SP<br>199 Peaks Point<br>Milton, KY 40045 | American Freight, LLC | Preferred Delivery Services Agreement, dated December 29, 2023 | | |
| 92 | Diane Galante | Diane Galante<br>[Address on File] | WNW Franchising, LLC | Franchise Agreement, dated October 20, 2022 | | |
| 93 | Diane Galante | Diane Galante<br>[Address on File] | WNW Franchising, LLC | Addendum to the Franchise Agreement, dated October 20, 2022 | | |
| 94 | DMCK Installation Inc. | DMCK Installation Inc.<br>942 N Marquette St<br>Davenport, IA 52804 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 20, 2024 | | |
| 95 | DocuSign, Inc | DocuSign, Inc<br>221 Main Street, Suite1000<br>San Francisco, CA 94105 | American Freight Outlet Stores, LLC | SOW, dated October 09, 2024 | | |
| 96 | DP Contour, LLC | DP Contour, LLC<br>511 W. French Place<br>San Antonio, TX 78212 | American Freight Franchisor, LLC | Franchise Agreement, dated September 8, 2022 | | |
| 97 | DP Contour, LLC | DP Contour, LLC<br>511 W. French Place<br>San Antonio, TX 78212 | American Freight Franchisor, LLC | Development Agreement, dated September 8, 2022 | | |
| 98 | Ellis Moving Company | Ellis Moving Company<br>3200 California Ave.<br>Pittsburgh, PA 15212 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 7,2024 | | |
| 99 | ENA SOLUTIONS INC. | ENA SOLUTIONS INC.<br>622 5 Avenue S.W., Suite 200<br>City of Calgary, Alberta | American Freight, LLC | ENA Solution Service Contract, dated February 24, 2023 | | |
| 100 | enVista Interactive Solutions, LLC | enVista Interactive Solutions, LLC<br>11555 N. Meridian Street, Suite 300<br>Carmel, IN 46032 | American Freight, LLC | Master Software as a Service Agreement, dated September 08, 2016 | | |
| 101 | Feasterville Realty Associates, LP | Feasterville Realty Associates, LP<br>c/o Abrams Realty & Development<br>310 Yorktown Plaza<br>Elkins Park, PA 19027 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated May 7, 2015<br><br>192 East Street Road<br>Feasterville, PA 19053 | 835 | 4/30/2025 |
| 102 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program, dated November 12, 2021 | | |
| 103 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 2 to the Master Services Agreement, dated October 6, 2021 | | |
| 104 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | |
| 105 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated August 1, 2023 | | |
| 106 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 1 to the Master Services Agreement and SOW No. 1, dated September 23, 2021 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 107 | Federal Warranty Service Corporation | Federal Warranty Service Corporation 260 Interstate North Circle Atlanta, GA 30339 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | |
| 108 | Federal Warranty Service Corporation | Federal Warranty Service Corporation 260 Interstate North Circle, SE Atlanta, GA 30339 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated November 27, 2023 | | |
| 109 | Federal Warranty Service Corporation | Federal Warranty Service Corporation 260 Interstate North Circle, SE Atlanta, GA 30339 | American Freight, LLC | Statement of Work No. 1 to Master Services Agreement Service Contract Program, dated July 23, 2021 | | |
| 110 | Fire Movers of Raleigh LLC | Fire Movers of Raleigh LLC 401 Point View Court Wilmington, NC 28411 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 29,2024 | | |
| 111 | Fivetran Inc | Fivetran Inc 1221 Broadway, Suite 2400 Oakland, CA 94612 | American Freight, LLC | Master Subscription Agreement, dated February 1, 2023 | | |
| 112 | Fivetran Inc | Fivetran Inc 1221 Broadway, Suite 2400, Oakland, CA 94612 | American Freight, LLC | Statement of Work, dated January 31, 2024 | | |
| 113 | FM Integrated | FM Integrated 15974 Frederick Road Woodbine, MD 21797 | American Freight, LLC | Master Services Agreement, dated September 28,2023 | | |
| 114 | FreedomPay, Inc. | FreedomPay, Inc. 100 Matsonford Road, Building 5, Suite 100 Radnor, PA 19087 | American Freight Outlet Stores, LLC | FreedomPay Secure Switching Product Agreement, dated October 05, 2016 | | |
| 115 | Full Faith Moving Services, LLC | Full Faith Moving Services, LLC 1537 Salt Spring Road Youngstown, OH 44509 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 7, 2024 | | |
| 116 | FullContact, Inc. | FullContact, Inc. 1580 N. Logan St., Ste. 660, PMB 45057 Denver, CO 80203 | American Freight, LLC | FullContact Data Services Agreement, dated December 1,2023 | | |
| 117 | GBTWORLD1 | GBTWORLD1 10126 Challenger Circle Spring Valley, CA 91978 | PSP Franchising, LLC | Assignment and Assumption of Mult-Unit Agreement and Franchise Agreement, dated December 21, 2021 | | 5/14/2025 |
| 118 | GBTWORLD1 | GBTWORLD1 10126 Challenger Circle Spring Valley, CA 91978 | PSP Franchising, LLC | Equipment Sublease Agreement, dated March 9, 2024 | | 5/14/2025 |
| 119 | Gearhearts Moving & Storage Inc. | Gearhearts Moving & Storage Inc. 812 N 7th Ave. Altoona, PA 16601 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 18, 2024 | | |
| 120 | Geostar Communications, LLC | Geostar Communications, LLC Attn: John Fartelly | American Freight, LLC | Master Service Agreement, dated December 22, 2020 | | |
| 121 | Gexa Energy, LP | Gexa Energy, LP 601 Travis St., Ste 1400 Houston, TX 77002 | American Freight, LLC | Business Electricity Authorization, dated July 08, 2024 | | |
| 122 | Global Amici, Inc. | Global Amici, Inc. 8996 Miramar Rd. Suite #304 San Diego, CA 92126 | PSP Group, LLC | Private Brand Products Agreement | | |
| 123 | Granite Telecommunications, LLC | Granite Telecommunications, LLC 100 Newport Avenue Extension Quincy, MA 02171 | American Freight, LLC | Master Services Agreement, dated September 30, 2011 | | |
| 124 | Halo Service Solutions Ltd | Halo Service Solutions Ltd 86 Eastburn Tower Eastburn Drive Falkirk, Scotland FK1 1TX | American Freight, LLC | Terms and Conditions of Business, dated November 18, 2021 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 125 | HAMC College Center LLC | HAMC College Center LLC<br>c/o Colliers International<br>3 Park Plaza, Suite 1200<br>Irvine, CA 92614 | Vitamin Shoppe Industries LLC | Lease, dated November 15, 2007<br><br>28211 Marguerite Parkway<br>Mission Viejo, CA 92692 | 0359 | 4/30/2025 |
| 126 | Harley's Home, LLC | Harley's Home, LLC<br>7230 171st Street, #651<br>Tinley Park, IL 60477 | WNW Franchising, LLC | Assignment and Assumption of Franchise Agreement, dated November 2, 2022 | | |
| 127 | Herlihy Moving and Storage Inc. | Herlihy Moving and Storage Inc.<br>747 Marietta Rd.<br>Chillicothe, OH 45601 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | |
| 128 | HireRight, LLC | HireRight, LLC<br>3349 Michelson Dr, Suite 150<br>Irvine, CA 92612 | American Freight Management Company, LLC | Amendment to Contract, dated December 28, 2022 | | |
| 129 | HireRight, LLC | HireRight, LLC<br>3349 Michelson Dr, Suite 150<br>Irvine, CA 92612 | American Freight Management Company, LLC | MSA, dated November 22, 2016 | | |
| 130 | HM Hillcroft Westheimer Ltd. | HM Hillcroft Westheimer Ltd.<br>3810 Westheimer<br>Houston, TX 77027 | Vitamin Shoppe Industries, LLC | Sublease Agreement  dated, May 30, 2003<br><br>7501 Westheimer Road<br>Houston, TX 77063 | 185 | 4/30/2025 |
| 131 | Hudson Hot Shots Moving LLC | Hudson Hot Shots Moving LLC<br>8619 Bolton Ave.<br>Hudson, FL 34667 | American Freight, LLC | Contract (Other), dated January 11, 2024 | | |
| 132 | Incentify, LLC | Incentify, LLC<br>125 Sierra St<br>El Segundo, CA 90245 | Franchise Group. Inc. | Service Agreement, dated April 20, 2022 | | |
| 133 | Insight Global, LLC | Insight Global, LLC<br>4170 Ashford Dunwoody Road, Suite 250<br>Atlanta, GA 30319 | American Freight, LLC | Amendment to Contract, dated February 08, 2023 | | |
| 134 | Insight Global, LLC | Insight Global, LLC<br>4170 Ashford Dunwoody Road, Suite 250<br>Atlanta, GA 30319 | American Freight, LLC | MSA 01, dated June 14, 2019 | | |
| 135 | ISG Transportation LLC | ISG Transportation LLC<br>194 Rock Terrace Circle<br>Helena, AL 35080 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 9, 2024 | | |
| 136 | Jack Rabbit Transportation, LLC | Jack Rabbit Transportation, LLC<br>505 Frederick Ave<br>Las Vegas, NV 89106 | American Freight, LLC | Contract (Other), dated February 15, 2024 | | |
| 137 | Jason's Delivery SP | Jason's Delivery SP<br>7718 Teal Glen Dr.<br>Mooringsport, LA 71060 | American Freight, LLC | Contract (Other), dated January 10, 2024 | | |
| 138 | Jenkins Rental LLC | Jenkins Rental LLC<br>2 Steeplechase Trail<br>Longview, TX 75605 | American Freight, LLC | Assignment of Lease Agreement, dated July 10, 2021 | | 3/31/2025 |
| 139 | JJ Global Solutions Corp | JJ Global Solutions Corp<br>6868 Washington Ave. S<br>Eden Prairie, MN 55344 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | |
| 140 | JN Harris Enterprises, LLC | JN Harris Enterprises, LLC<br>4624 Warrensville Center Road<br>North Randall, OH 44128 | American Freight, LLC | Contract (Other), dated February 26, 2024 | | |
| 141 | John Dandash | John Dandash<br>[Address on File] | PSP Franchising, LLC | Multi-Unit Agreement, dated July 20, 2021 | | 5/14/2025 |
| 142 | John Dandash | John Dandash<br>[Address on File] | PSP Franchising, LLC | Franchise Agreement, dated July 20, 2021 | | 5/14/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 143 | John Dandash | John Dandash [Address on File] | PSP Franchising, LLC | Addendum to the PSP Franchising, LLC Franchise Agreement, dated July 20, 2021 | | 5/14/2025 |
| 144 | Joseph Gazzo | Joseph Gazzo [Address on File] | Buddy's Franchising and Licensing, LLC Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 145 | K&M Moving and Logistics LLC | K&M Moving and Logistics LLC 1727 Brookhurst Way Grants Pass, OR 97527 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 6, 2024 | | |
| 146 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Newco, LLC | Sublease Agreement 205 N Hutchinson Ave. Adel, GA 31620 | 386 | 5/20/2025 |
| 147 | KAPPA Investments LLC | KAPPA Investments LLC 1099 Jefferson Drive West Forest, VA 24551 | Buddy's Newco, LLC | Sublease Agreement 5205 Fort Avenue Lynchburg, VA 24502 | 1061 | 5/20/2025 |
| 148 | KAWIPS Delaware Cuyahoga Falls, LLC | KAWIPS Delaware Cuyahoga Falls, LLC 1590-D Rosecrans Ave. PMB#259 Manhattan Beach, CA 90266 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated December 19, 2014 1190 Main Street Cuyahoga Falls, OH 44221 | 788 | 4/30/2025 |
| 149 | Knight and Day Delivery | Knight and Day Delivery 104 Pinewood Sq. Pittsburgh, PA 15235 | American Freight, LLC | Preferred Delivery Services Agreement, dated July 10, 2024 | | |
| 150 | Korpack, Inc. | Korpack, Inc. 290 Madsen Drive Bloomingdale, IL 60108 | American Freight Outlet Stores, LLC | Procurement Terms and Conditions, dated July 01, 2019 | | |
| 151 | Kroll Information Assurance, LLC | Kroll Information Assurance, LLC 55 East 52nd Street, 31st Floor New York, NY 10055 | American Freight, LLC | MSA 01, dated August 15, 2022 | | |
| 152 | Lahaina Gateway Property Owner, L.P. | Lahaina Gateway Property Owner, L.P. 5743 Corsa Avenue, Suite 215 Westlake Village, CA 91362 | Vitamin Shoppe Industries LLC | Lease, dated October 14, 2008 305 Keawe Street Lahaina, HI 96761 | 0397 | 4/30/2025 |
| 153 | Lustig Realty Corp | Lustig Realty Corp 312 Washington Street, Suite # 2, Hoboken, NJ 070730 | Vitamin Shoppe Industries LLC | Lease, dated March 7, 2023 312 Washington Street Hoboken, NJ 7030 | 0894 | 4/30/2025 |
| 154 | M&M Trucking 7 | M&M Trucking 7 820 Hawkins Blvd, Ste O El Paso, TX 79915 | American Freight, LLC | Contract (Other), dated December 26, 2023 | | |
| 155 | M&S Investment Group, LLC | M&S Investment Group, LLC 4985 West Colonial Drive Orlando, FL 32808 | Buddy's Newco, LLC | Assignment of Lease, dated October 27, 2014 4995 West Colonial Drive Orlando, FL 32808 | 3 | 5/12/2025 |
| 156 | Mason Dixon Movers, LLC | Mason Dixon Movers, LLC 4790 Tom Cat Rd. Gadsden, AL 35903 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 1, 2024 | | |
| 157 | McGriff Insurance Services, Inc. | McGriff Insurance Services, Inc. 4309 Emperor Blvd, Ste 300 Durham, NC 27703-8046 | Franchise Group. Inc. | First Amendment to Services Agreement, dated June 1, 2021 | | |
| 158 | MDJ Logistica LLC | MDJ Logistica LLC 300 Crabapple Lane Beaver Falls, PA 15010 | American Freight, LLC | Preferred Delivery Services Agreement, dated February 29, 2024 | | |
| 159 | MEDIA WORKS, LTD. | MEDIA WORKS, LTD. 1425 Clarkview Road, Suite 500 Baltimore, MD 21209 | American Freight, LLC | Master Services Agreement, dated June 09, 2023 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 160 | MicroStrategy Services Corporation | MicroStrategy Services Corporation<br>1850 Towers Crescent Plaza<br>Tysons Corner, VA 22182 | American Freight, LLC | SOW, dated June 10, 2024 | | |
| 161 | Mightee Movers LLC | Mightee Movers LLC<br>102 Arlington Heights Dr.<br>Lynchburg, VA 24501 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 20, 2024 | | |
| 162 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Master Purchase Agreement, dated February 21, 2019 | | |
| 163 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Internal Statement of Work Specified Services, dated July 12, 2023 | | |
| 164 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Internal Statement of Work Specified Services, dated July 29, 2024 | | |
| 165 | Milliman, Inc. | Milliman, Inc.<br>150 Clove Rd, 10th Fl<br>Little Falls, NJ 07424 | Franchise Group. Inc. | Services Agreement, dated June 9, 2021 | | |
| 166 | MMS Group, LLC | MMS Group, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | |
| 167 | Mood Media | Mood Media<br>2100 S. H.35<br>Ste. 200<br>Austin, TX 18104 | PSP Stores, LLC | Mood Media Multi Territory Account Service Agreement, dated December 20, 2018 | | |
| 168 | Moovin & Groovin LLC | Moovin & Groovin LLC<br>2105 Neptune Court<br>Bartlesville, OK 74006 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 9, 2024 | | |
| 169 | Needham Chestnut Realty, LLC | Needham Chestnut Realty, LLC<br>1234 Boylston St.<br>Chestnut Hill, MA 02467 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated March 26, 2014<br><br>170 Needham Street<br>Newton, MA 02464 | 754 | 4/30/2025 |
| 170 | NISC UBP, LLC | NISC UBP, LLC<br>3131 Technology Drive NW<br>Mandan, ND 58554 | American Freight, LLC | Professional Services Agreement, Utility Bills, dated November 9, 2020 | | |
| 171 | NISC UBP, LLC dba Capturis | NISC UBP, LLC dba Capturis<br>3131 Technology Drive NW<br>Mandan, ND 58554 | American Freight, LLC | Confidential Amendment to Professional Services Agreement, dated January 31, 2018 | | |
| 172 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1750 N Tamiami Trail<br>Ft. Myers, FL | | 3/31/2025 |
| 173 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6100 S. Florida Ave.<br>Lakeland, FL | | 3/31/2025 |
| 174 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6521 N. Main St.<br>Jacksonville, FL | | 3/31/2025 |
| 175 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>136 Hancock Bridge Parkway<br>Cape Coral, FL | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 176 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1555 E. Hwy 50 Clermont, FL | | 3/31/2025 |
| 177 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3608 Fowler St. Ft. Myers, FL | | 3/31/2025 |
| 178 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 6625 US Hwy 98 Lakeland, FL | | 3/31/2025 |
| 179 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1409 N. Florida Ave. Lakeland, FL | | 3/31/2025 |
| 180 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2200 MLK Street S. St. Petersburg, FL | | 3/31/2025 |
| 181 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3213 Apalachee Parkway Tallahassee, FL | | 3/31/2025 |
| 182 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 5435 N 56th St. Tampa, FL | | 3/31/2025 |
| 183 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 12152 W. Colonial Dr. Winter Garden, FL | | 3/31/2025 |
| 184 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1138 S. Harris St. Sandersville, GA | | 3/31/2025 |
| 185 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 435 S. Main St. Swainsboro, GA | | 3/31/2025 |
| 186 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 100 Atlanta Ave. Lynchburg, VA | | 3/31/2025 |
| 187 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2623 N. Columbia St. Milledgeville, GA | | 3/31/2025 |
| 188 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2665 David Blvd. Naples, FL | | 3/31/2025 |
| 189 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3318 Mercer University Drive Macon, GA | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 190 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1707 Cherokee Ave. SW<br>Cullman, AL | | 3/31/2025 |
| 191 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1885 Cortez Blvd.<br>Brooksville, FL | | 3/31/2025 |
| 192 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>301 Lowes Dr.<br>Danville, VA | | 3/31/2025 |
| 193 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>204 S. Main St.<br>Havana, FL | | 3/31/2025 |
| 194 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>14009 7th Street<br>Dade City, FL | | 3/31/2025 |
| 195 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1039 Tamiami Trail<br>Port Charlotte, FL | | 3/31/2025 |
| 196 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>421 W. Belt Ave.<br>Bushnell, FL | | 3/31/2025 |
| 197 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1510 College Ave. E<br>Ruskin, FL | | 3/31/2025 |
| 198 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1405 Iris Dr.<br>Conyers, GA | | 3/31/2025 |
| 199 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6377 Oak St.<br>Eastman, GA | | 3/31/2025 |
| 200 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6621 Memorial Hwy.<br>Tampa, FL | | 3/31/2025 |
| 201 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1701 Roanoke Rd.<br>Lagrange, GA | | 3/31/2025 |
| 202 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>160 Hampton St.<br>McDonough, GA | | 3/31/2025 |
| 203 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>321 S. Columbia Ave.<br>Rincon, GA | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 204 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1473 N. Wesleyan Blvd.<br>Rocky Mount, NC | | 3/31/2025 |
| 205 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>9909 State Road 52<br>Hudson, FL | | 3/31/2025 |
| 206 | Oak Forest Group, LTD | Oak Forest Group, LTD<br>P.O. Box 3449<br>Longview, TX 75606 | American Freight, LLC | Franchise Lease Agreement, dated 03/30/2021, as amended | | 3/31/2025 |
| 207 | ODP Business Solutions, LLC | ODP Business Solutions, LLC<br>6600 North Military Trail<br>Boca Raton, FL 33496 | American Freight, LLC | ODP Business Solutions Supply Agreement, dated June 30, 2022 | | |
| 208 | On Demand Technologies, Inc dba OneRail | On Demand Technologies, Inc dba OneRail<br>8427 Sothpark Circle SE, Ste 200<br>Orlando, FL 32819 | American Freight, LLC | PO or Purchase Agreement, dated June 18, 2024 | | |
| 209 | On Demand Technologies, Inc. (d/b/a OneRail) | On Demand Technologies, Inc. (d/b/a OneRail)<br>8427 Southpark Circle SW, Suite 200 | American Freight, LLC | OneRail / American Freight, LLC Master Services Agreement, dated June 18, 2024 | | |
| 210 | OneTrust | OneTrust<br>1200 Abernathy Rd NE, Bldg 600<br>Atlanta, GA 30328 | American Freight, LLC | SOW 01, dated March 06, 2023 | | |
| 211 | Onix Networking Corp | Onix Networking Corp<br>485 Lexington Avenue<br>New York, NY 10017 | American Freight, LLC | Amendment to Onix Networking Customer Agreement, dated May 16, 2024 | | |
| 212 | Onix Networking Corp | Onix Networking Corp<br>1991 Crocker Road<br>Westlake, OH 44145 | American Freight, LLC | Onix Enterprise Customer Agreement Google Cloud Services, dated May 16, 2024 | | |
| 213 | OnPoint Warranty Solutions LLC | OnPoint Warranty Solutions LLC<br>1400 Main St., Suite 132<br>Clarksville, IN 47129 | American Freight, LLC | Master Services Agreement, dated November 17, 2023 | | |
| 214 | OSOT Transportation LLC | OSOT Transportation LLC<br>3929 Baumberger Rd<br>Stow, OH 44224 | American Freight, LLC | Contract (Other), dated July 12, 2024 | | |
| 215 | Paychex, Inc. | Paychex, Inc.<br>911 Panorama Trail South<br>Rochester, NY 14625 | Franchise Group. Inc. | Paychex Strategic Account Partnership Agreement, dated October 14, 2022 | | |
| 216 | Pendleton Expediting, Inc. | Pendleton Expediting, Inc.<br>13201 E Orell Rd.<br>Louisville, KY 40272 | American Freight, LLC | Contract (Other), dated January 31, 2024 | | |
| 217 | Rabih Awad | Rabih Awad<br>[Address on File] | American Freight, LLC | Assignment and Assumption of Subtenant's Interest and Obligations in Sublease, dated December 21, 2021<br><br>5722 Ritchie Highway<br>Brooklyn Park, MD 21225 | 276 | 4/30/2025 |
| 218 | Races Working Men, RTR Inc. | Races Working Men, RTR Inc.<br>1619 Archer City Hwy 79<br>Wichita Falls, TX 76302 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | |
| 219 | Rancho Dos Hermanos, LLC | Rancho Dos Hermanos, LLC<br>2655 First Street, Suite 245,<br>Simi Valley, CA 93065 | Vitamin Shoppe Industries, LLC | Agreement of Lease dated,  July 23, 2014<br><br>2931 Conchran Street<br>Simi Valley, CA 83065 | 803 | 4/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 220 | Retail Logistics Excellence - RELEX Oy | Retail Logistics Excellence - RELEX Oy<br>Postintaival 7<br>00230 Helsinki, Finland | American Freight, LLC | RELEX Master Service Agreement, dated June 07, 2019 | | |
| 221 | RetailNext, Inc | RetailNext, Inc<br>60 S Market, Suite 310<br>San Jose, CA 95113 | American Freight, LLC | SOW, dated May 15, 2023 | | |
| 222 | RetailNext, Inc. | RetailNext, Inc.<br>60 S. Market St.<br>San Jose, CA 95113 | American Freight, LLC | Master Services Agreement, dated May 15, 2023 | | |
| 223 | Ring Central, Inc. | Ring Central, Inc.<br>20 Davis Drive<br>Belmont, CA 94002 | American Freight, LLC | Master Services Agreement, dated June 20,2018 | | |
| 224 | Riskified Inc. | Riskified Inc.<br>220 5th Ave., 2nd Floor<br>New York, NY 10001 | American Freight Outlet Stores, LLC | Software as a Service Agreement, dated March 28, 2019 | | |
| 225 | Riverdale Square, LLC | Riverdale Square, LLC<br>61 West Palisade Avenue<br>Englewood, NJ 07631 | Vitamin Shoppe Industries, LLC | Lease, dated November 24, 2020<br><br>92 Route 23 North<br>Riverdale, NJ 07457 | 893 | 4/30/2025 |
| 226 | Roe Lawn Care, SP | Roe Lawn Care, SP<br>117 E 11th Street<br>Elmira Heights, NY 14093 | American Freight, LLC | Contract (Other), dated January 03, 2024 | | |
| 227 | Rosebud VS Boca One, LLC | Rosebud VS Boca One, LLC<br>c/o Investments Limited,<br>215 North Federal Highway, Suite 1<br>Boca Raton, FL 33432 | Vitamin Shoppe Industries LLC | Lease, dated August 18, 2013<br><br>880 N. Federal Hwy<br>Boca Raton, FL 33432 | 0618 | 4/30/2025 |
| 228 | Shops at Rayford Crossing LLC | Shops at Rayford Crossing LLC<br>c/o Willman Companies<br>9601 Katy Freeway, Suite 480<br>Houston, TX 77024<br>Attn: Karl D. Willman | PSP Stores, LLC | Lease, dated June 6, 2012<br><br>2927 Riley Fuzzel, Suite 400<br>Spring, TX 77386 | 4646 | 4/30/2025 |
| 229 | SignUp Software, Inc. | SignUp Software, Inc.<br>3500 South DuPont Highway, Suite DN 101<br>Dover, DE 19901 | PSP Group, LLC | Subscription Agreement ExFlow, dated April 1, 2024 | | |
| 230 | SignUp Software, Inc. | SignUp Software, Inc.<br>3500 South DuPont Highway, Suite DN 101<br>Dover, DE 19901 | PSP Group, LLC | Subscription Agreement ExFlow Data Capture, dated April 1, 2024 | | |
| 231 | SITS, LLC | SITS, LLC<br>35 Olympic Dr<br>South Barrington, IL 60010 | American Freight, LLC | Agreement and Statement of Work for Security Assessment Services, dated March 6, 2023 | | |
| 232 | SK Global Software, LLC | SK Global Software, LLC<br>940 Gemini Street<br>Houston, TX 77058 | PSP Group, LLC | Software License and Support Agreement, dated April 5, 2024 | | |
| 233 | Small Movers LLC | Small Movers LLC<br>6178 Howdershell Road<br>Hazelwood, MO 63042 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 8, 2024 | | |
| 234 | Solstice Sleep Products, Inc. | Solstice Sleep Products, Inc.<br>3720 W Broad Street<br>Columbus, OH 43228 | American Freight, LLC | Amendment to the Supply Agreement, dated July 1, 2022 | | |
| 235 | Southpark Retail LLC | Southpark Retail LLC<br>c/o Carnegie Companies<br>6190 Cochran Rd, Suite A<br>Solon, OH 44139 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated December 3, 2015<br><br>17893 Southpark Center<br>Strongsville, OH 044136 | 854 | 4/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 236 | Spark Communications Group, LLC | Spark Communications Group, LLC<br>P.O. Box 49745<br>Athens, GA 30604 | Franchise Group. Inc. | See.Spark.Go Services Agreement, dated February 1, 2021 | | |
| 237 | Spark Data Solutions Inc | Spark Data Solutions Inc<br>26077 Nelson Way, Suite 1102<br>Katy, TX 77494 | American Freight, LLC | MSA, dated June 20, 2023 | | |
| 238 | Spark Data Solutions Inc | Spark Data Solutions Inc<br>26077 Nelson Way, Suite 1102<br>Katy, TX 77494 | American Freight, LLC | MSA, dated June 20, 2023 | | |
| 239 | SPS Commerce | SPS Commerce<br>333 South Seventh Street, Suite 1000<br>Minneapolis, MN 55402 | American Freight, LLC | SOW, dated January 16, 2024 | | |
| 240 | SPS Commerce | SPS Commerce<br>333 South Seventh Street, Suite 1000<br>Minneapolis, MN 55402 | American Freight, LLC | SOW, dated January 16, 2024 | | |
| 241 | Starting A New LLC | Starting A New LLC<br>3157 O'Neal Lane<br>Baton Rouge, LA 70816 | American Freight, LLC | Preferred Delivery Services Agreement dated January 19, 2024 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 242 | Store Master Funding IV, LLC | Store Master Funding IV, LLC<br>8501 E Princess Drive, Suite 190<br>Scottsdale, AZ 85255 | Buddy's Newco, LLC | Master Lease Agreement, dated September 24, 2013<br><br>6608 E. Adamo Drive<br>Tampa, FL 33619 | 4 | 5/20/2025 |
| | | | | 10015 N Nebraska Ave.<br>Tampa, FL 33612 | 5 | |
| | | | | 5505 N Armenia Ave.<br>Tampa, FL 33603 | 8 | |
| | | | | 2514 9th St. West<br>Bradenton, FL 34205 | 13 | |
| | | | | 5201 Norwood Ave,<br>Jacksonville, FL 32208 | 17 | |
| | | | | 8807 Lem Turner Rd<br>Jacksonville, FL 32208 | 55 | |
| | | | | 3 1st St NW<br>Moultrie, GA 31768 | 65 | |
| | | | | 5205 Fort Avenue<br>Lynchburg, VA 24502 | 1061 | |
| | | | | 205 N Hutchinson Ave.<br>Adel, GA 31620 | 386 | |
| | | | | 408 East Baker Street<br>Plant City, FL 33563 | 16 | |
| | | | | 12709 U.S. HWY 301<br>Dade City, FL 33525 | 18 | |
| | | | | 1569 West HWY 90<br>Lake City, FL 32055 | 19 | |
| | | | | 1097 W Main Street<br>Immokalee, FL 34142 | 35 | |
| 243 | Store Master Funding IV, LLC | Store Master Funding IV, LLC<br>8501 E. Princess Drive, Suite 190<br>Scottsdale, AZ 85255<br><br>Kutak Rock LLP<br>1801 California Street, Suite 3000<br>Denver, CO 80202<br>Attn: Whitney A. Kopicky, Esq. | Buddy's Newco, LLC | Guaranty of Second Amended and Restated Master Lease Agreement by and between Store Master Funding IV, LLC and Buddy's Northwest, LLC, dated November 3, 2015 | | 5/12/2025 |
| 244 | Sugarland Plaza, Inc. | Sugarland Plaza, Inc.<br>802 NW 1st Street<br>South Bay, FL 33493 | Buddy's Newco, LLC | Lease, dated November 29, 2007<br><br>884 W. Sugarland Hwy<br>Clewiston, FL 33440 | 30 | 5/12/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 245 | Sun Life Assurance Company of Canada | Sun Life Assurance Company of Canada MetroNorth Retail Center, c/o JLL 3344 Peachtree Road, Suite 1200 Atlanta, GA 30326 | Vitamin Shoppe Industries LLC | Lease, dated September 28, 2013

103 Commerce Way Woburn, MA 1801 | 0688 | 4/30/2025 |
| 246 | T Voorhees GPL NJ, LLC, T Voorhees BER NJ, LLC, and T Voorhees AMC NJ, LLC | T Voorhees GPL NJ, LLC, T Voorhees BER NJ, LLC, and T Voorhees AMC NJ, LLC 16600 Dallas Parkway, Suite 300 Dallas, TX 75248 | Vitamin Shoppe Industries LLC | Lease, dated August 21, 2015

148 State Route 73 Voorhees, NJ 8043 | 0724 | 4/30/2025 |
| 247 | TALX Corporation | TALX Corporation 11432 Lackland Road St. Louis, MO 63146 | American Freight Management Company, LLC | MSA, dated April 01, 2022 | | |
| 248 | The Hertz Corporation | The Hertz Corporation 8501 Williams Road, Estero, FL 33928 | Franchise Group. Inc. | Corporate Account Agreement & Exhibits Agreement, dated November 15, 2023 | | |
| 249 | The Home Moving Solutions LLC | The Home Moving Solutions LLC 1209 N Slappey Blvd., Suite B Albany, GA 31701 | American Freight, LLC | Preferred Delivery Services Agreement dated January 4, 2024 | | |
| 250 | The Shoppes at North Brunswick, L.L.C. | The Shoppes at North Brunswick, L.L.C. c/o The Azarian Group, L.L.C 6 Prospect Street, Suite 2 Midland Park, NJ 07432 | Vitamin Shoppe Industries, LLC | Shopping Center Lease, dated December 23, 2019

650 Shoppes Boulevard North Brunswick Township, NJ 08902 | 886 | 4/30/2025 |
| 251 | The Shubert Organization, Inc. | The Shubert Organization, Inc. 234 West 44th Street New York, NY 10036 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated August 19, 2014

435-A Winthrop Avenue Lawrence, MA 01843 | 763 | 4/30/2025 |
| 252 | The Transport Boss LLC | The Transport Boss LLC 9855 E Coronado Dr Baton Rouge, LA 70815 | American Freight, LLC | Contract (Other), dated February 26, 2024 | | |
| 253 | The Ultimate Software Group, Inc. | The Ultimate Software Group, Inc. 2000 Ultimate Way Weston, FL 33326 | American Freight Outlet Stores, LLC | Master Terms and Conditions for Procurement of Software Rights and Services, dated February 11, 2016 | | |
| 254 | Thomson Reuters Inc. | Thomson Reuters Inc. P.O. Box 115008 Carrolton, TX 75011-5008 | PSP Group, LLC | Multi Year Order Form, dated May 18,2023 | | |
| 255 | Tmakit Moving Company, LLC | Tmakit Moving Company, LLC 5860 Russell Topton Rd. Toomsuba, MS 39364 | American Freight, LLC | Contract (Other), dated January 02, 2024 | | |
| 256 | Tri-County Movers SP | Tri-County Movers SP PO Box 7716452 Ocala, FL 34477 | American Freight, LLC | Contract (Other), dated February 29, 2024 | | |
| 257 | UKG Inc | UKG Inc 2000 Ultimate Way Weston, FL 33326 Attn: General Counsel | American Freight, LLC | Amendment to the Agreement, dated December 31, 2015 | | |
| 258 | United Parcel Service, Inc. | United Parcel Service, Inc. 700 W 16th Street Indianapolis, IN 46202 | American Freight, LLC | Amendment to Contract, dated April 25, 2023 | | |
| 259 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated November 27, 2023 | | |
| 260 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program | | |
| 261 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to the Master Services Agreement, dated October 6, 2021 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|--------------|----------------------|--------|--------------------|-------|----------------|
| 262 | United Service Protection, Inc. | United Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Statement of Work No. 1 to Master Services Agreement Service Contract Program, dated July 23, 2021 | | |
| 263 | United Service Protection, Inc. | United Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | |
| 264 | United Service Protection, Inc. | United Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated August 1, 2023 | | |
| 265 | United Service Protection, Inc. | United Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 1 to the Master Services Agreement and SOW No. 1, dated September 23, 2021 | | |
| 266 | United Service Protection, Inc. | United Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | |
| 267 | Vantage One Tax Solutions, Inc. | Vantage One Tax Solutions, Inc.<br>6310 LBJ Freeway<br>Dallas, TX 75240 | American Freight Outlet Stores, LLC | Consulting Agreement for Property Tax Services, dated April 10, 2023 | | |
| 268 | Vantage One Tax Solutions, Inc. | Vantage One Tax Solutions, Inc.<br>6310 LBJ Freeway, Ste. 208<br>Dallas, TX 75240 | American Freight, LLC | Consulting Agreement for Property Tax Services, dated April 10, 2023 | | |
| 269 | Varis, LLC | Varis, LLC<br>6600 N. Military Tr.<br>Boca Raton, FL 33496 | American Freight, LLC | Master Services Agreement, dated May 20, 2022 | | |
| 270 | Ventura Petit LLC and La Cienga Shopping Center Development LLC | Ventura Petit LLC and La Cienga Shopping Center Development LLC<br>2121 Avenue of the Stars, Ste. 1100<br>Los Angeles, CA 90067 | Vitamin Shoppe Industries LLC | Lease, dated January 02, 2012<br><br>16624 Ventura Blvd.<br>Encino, CA 91436 | 0578 | 4/30/2025 |
| 271 | VF9 Matt2, LLC | VF9 Matt2, LLC<br>2330 Ponce de Leon Blvd<br>Coral Gables, FL 33134 | Vitamin Shoppe Industries LLC | Lease, dated January 20, 2010<br><br>4803 Lincoln Highway<br>Matteson, IL 60443 | 472 | 4/30/2025 |
| 272 | VRC Companies, LLC dba Vital Records Control f.k.a. Fireproof Records Center | VRC Companies, LLC dba Vital Records Control<br>5384 Poplar Avenue, Suite 500<br>Memphis, TN 38119 | American Freight, LLC | Storage & Service Agreement, dated August 3, 2016 | | |
| 273 | Westgate Marketplace Developers, LLC | Westgate Marketplace Developers, LLC<br>7725 W. Reno Ave., Suite 398<br>Oklahoma City, OK 73127 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated December 31, 2014<br><br>6501 Southwest 3rd Street<br>Oklahoma City, OK 73128 | 823 | 4/30/2025 |
| 274 | White Glove Delivery & Moving LLC | White Glove Delivery & Moving LLC<br>57477 Goodman Dr.<br>Colcord, OK 74338 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 2, 2024 | | |
| 275 | Worry Free Moving Inc. | Worry Free Moving Inc.<br>1421 Turnberry Dr<br>Youngstown, OH 44512 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 21, 2024 | | |
| 276 | Wrike Inc. | Wrike Inc.<br>9171 Towne Center Drive, Suite 200<br>San Diego, CA 92122, | American Freight, LLC | PO or Purchase Agreement, dated February 07, 2024 | | |
| 277 | WSG Arundel One LLC | WSG Arundel One LLC<br>75 Hook Road<br>Bayonne, NJ 07002 | Vitamin Shoppe Industries LLC | Lease, dated November 11, 2003<br><br>7069 Arundel Mills Boulevard<br>Hanover, MD 21076 | 0143 | 4/30/2025 |
| 278 | Xpress Delivery 2U | Xpress Delivery 2U<br>2406 Pine Street<br>Texarkana, TX 75503 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 1, 2024 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 279 | YTC Movers LLC | YTC Movers LLC<br>760 Star Ridge Street<br>Massillon, OH 44646 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 15, 2024 | | |
| 280 | ZipRecruiter Inc. | ZipRecruiter Inc.<br>604 Arizona Avenue<br>Santa Monica, CA 90401 | Franchise Group. Inc. | Services Agreement, dated September 20, 2023 | | |

**<u>Exhibit E-1</u>**

**Redline to Previously Filed
Rejected Contracts/Lease List**

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 1 | 1 Haul Takes It All | 1 Haul Takes It All<br>500 Catawba Trail<br>Lima, OH 45806 | American Freight, LLC | Contract (Other), dated December 18, 2023 | | 03/31/2025 |
| 2 | 123.Net, Inc. | 123.Net, Inc.<br>24700 Northwestern Hwy, 5th Floor<br>Southfield, MI 48075 | PSP Group, LLC | 123.Net Service Agreement | | |
| 3 | 123NET | 123NET<br>24700 Northwestern Hwy, 5th Floor<br>Southfield, MI 48075 | PSP Group, LLC | Scope of Work for Enterprise Data Center, Network & Voice Services | | |
| 94 | 1584 Flatbush Avenue Partners, LLC | 1584 Flatbush Avenue Partners, LLC<br>539 Eastern Parkway Third Floor<br>Brooklyn, NY 11216 | Vitamin Shoppe Industries LLC | Lease, dated February 14, 2015<br><br>1584 Flatbush Ave.<br>Brooklyn, NY 11234 | 0810 | 4/30/2025 |
| 35 | 1st Choice Home Furnishings of Baton Rouge | 1st Choice Home Furnishings of Baton Rouge, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | 04/30/2025 |
| 46 | 1st Choice Home Furnishings of Donaldsonville, LLC | 1st Choice Home Furnishings of Donaldsonville, LLC<br>662 Howard Avenue | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | 04/30/2025 |
| 57 | A360 Enterprises, LLC | A360 Enterprises, LLC<br>4600 W. 77th Street Suite 295<br>Edina, MN 5543 | Franchise Group. Inc. | Master Subscription and Services Agreement, dated September 19, 2022 | | 03/31/2025 |
| 68 | A360 Enterprises, LLC | A360 Enterprises, LLC<br>4600 W. 77th Street Suite 295<br>Edina, MN 55435 | Franchise Group. Inc. | Digital Accessibility Audit, Remediation Support & QA Testing Statement of Work, dated August 26, 2022 | | 03/31/2025 |
| 9 | ADP, Inc. | ADP, Inc.<br>One ADP Boulevard<br>Roseland, NJ 07068 | Franchise Group. Inc. | Referral Agreement, dated October 23, 2023 | | |
| 710 | AEI National Income Property Fund VII LP | AEI National Income Property Fund VII LP<br>1300 Wells Fargo Place<br>Saint Paul, MN 55101 | Vitamin Shoppe Industries LLC | Guaranty of Lease by VSI, dated January 28, 2022<br><br>4502-4508 West Wendover Avenue<br>Greensboro, NC 27409 | 203 | 3/31/2025 |
| 811 | All Purpose Hauling and Removing LLC | All Purpose Hauling and Removing LLC<br>3218 Lincoln Street<br>Lorain, OH 44052 | American Freight, LLC | Contract (Other), dated March 17, 2022 | | 03/31/2025 |
| 12 | AllWright Franchise Consulting, Inc DBA The You Network | AllWright Franchise Consulting, Inc DBA The You Network<br>93 Hayden Rowe St | Pet Supplies "Plus", LLC | Addendum to AllWright Franchise Consulting, Inc DBA The You Network Referral Agreement | | |
| 13 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor | Pet Supplies "Plus", LLC | Statement of Work #1 for Phase 2 Assistance | | |
| 14 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor | Pet Supplies "Plus", LLC | Statement of Work #4 for Alpha Solutions USA LLC and Pet Supplies Plus | | |
| 15 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor | Pet Supplies "Plus", LLC | Master Services Agreement | | |
| 16 | Alpha Solutions USA LLC | Alpha Solutions USA LLC<br>120 East 23rd Street<br>5th Floor | PSP Stores, LLC | Statement of Work #3 | | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 9<s>17</s> | Alturas Metro Towne Center LLC | Alturas Metro Towne Center LLC<br>500 E. Shore Dr, Suite 120<br>Eagle, ID 83616 | Vitamin Shoppe Industries LLC | Lease, dated September 21, 2004<br><br>3033 West Peoria Avenue<br>Phoenix, AZ 85029 | 0210 | 4/30/2025 |
| 10<s>18</s> | American Express Travel Related Services Company, Inc. | American Express Travel Related Services Company, Inc.<br>200 Vesey Street<br>New York, NY 10285 | American Freight, LLC | MSA 01, dated March 31, 2022 | | <s>03/31/2025</s> |
| 11<s>19</s> | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | American Freight Outlet Stores, LLC | Referral Agreement, dated July 15, 2022 | | <s>03/31/2025</s> |
| 12<s>20</s> | American First Finance Inc. | American First Finance Inc.<br>PO Box 565848<br>Dallas, TX 75356 | American Freight, LLC | Authorized Dealer Agreement, dated July 15, 2022 | | <s>03/31/2025</s> |
| 13<s>21</s> | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | American Freight, LLC | Referral Agreement, dated July 15, 2022 | | <s>03/31/2025</s> |
| 22 | American First Finance Inc. | American First Finance Inc.<br>8585 N. Stemmons Fwy, Suite N-1000<br>Dallas, TX 75247 | Franchise Group, Inc. | Referral Agreement | | |
| 14<s>23</s> | Angle Gully LLC | Angle Gully LLC<br>c/o Newcastle Retail Management, LLC<br>150 North Michigan Ave.<br>Chicago, IL 60601 | Vitamin Shoppe Industries LLC | Lease, dated December 20, 2014<br><br>3325 N. Ashland Ave.<br>Chicago, IL 60657 | 0756 | 4/30/2025 |
| 24 | ArcVision, Inc. | ArcVision, Inc.<br>1950 Craig Road, #300<br>St. Louis, MO 63146 | PSP Stores, LLC | Pet Supplies Plus Architect Agreement | | |
| 25 | Armory Racine Corporation | Armory Racine Corporation<br>1210 S. Indiana Ave. #5907<br>Chicago, IL 60605 | American Freight, LLC | Assignment of Lease Agreement, dated November 9, 2022<br><br>2101 S. Green Bay Road, Suite 2301<br>Racine, WI 53406 | 286 | 4/30/2025 |
| 15<s>26</s> | Asset Strategies Group, LLC | Asset Strategies Group, LLC<br>501 W Schrock Rd, Suite 201<br>Westerville, OH 43081 | American Freight, LLC | MSA, dated October 24, 2023 | | <s>03/31/2025</s> |
| 16<s>27</s> | Asset Strategies Group, LLC | Asset Strategies Group, LLC<br>501 West Schrock Road, Suite 201<br>Westerville, OH 43081 | American Freight, LLC | Lease Management Services Agreement, dated October 24, 2023 | | <s>03/31/2025</s> |
| 17<s>28</s> | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated October 06, 2021 | | <s>03/31/2025</s> |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| ~~18~~29 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program, dated July 23, 2021 | | ~~03/31/2025~~ |
| ~~19~~30 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | ~~03/31/2025~~ |
| ~~20~~31 | Assurant Service Protection, Inc. | Assurant Service Protection, Inc.<br>11222 Quail Roost Drive<br>Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated September 23, 2021 | | ~~03/31/2025~~ |
| ~~21~~32 | Atlanticus Services Corporation | Atlanticus Services Corporation<br>Five Concourse Parkway, Suite 300<br>Atlanta, GA 30328 | Franchise Group. Inc. | Reconciliation Agreement, dated May 4, 2022 | | ~~03/31/2025~~ |
| ~~29~~33 | Atlas Security Service, Inc. | Atlas Security Service, Inc.<br>1309 E. Republic Road, Suite B<br>Springfield, MO 65804 | American Freight, LLC | Standard Commercial Security Agreement, dated October 06, 2021 | | ~~03/31/2025~~ |
| ~~23~~34 | Baker Bunch Inc. | Baker Bunch Inc.<br>15348 9th Ave.<br>Phoenix, IL 60426 | American Freight, LLC | Preferred Delivery Services Agreement, dated May 2, 2024 | | ~~03/31/2025~~ |
| ~~24~~35 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisconsin Street<br>San Francisco, CA 94107 | Buddy's Newco, LLC | Sublease Agreement<br><br>5201 Norwood Ave.<br>Jacksonville, FL 32208<br><br>8807 Lem Turner Rd<br>Jacksonville, FL 32208<br><br>3 1st St NW<br>Moultrie, GA 31768 | 17<br><br>55<br><br>65 | 05/~~12~~20/2025 |
| ~~25~~36 | BC Dedliveries LLC | BC Dedliveries LLC<br>1712 Peardale Rd<br>Columbus, OH 43229 | American Freight, LLC | Preferred Delivery Services Agreement, dated May 10, 2024 | | ~~03/31/2025~~ |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 26<u>37</u> | BCDC Portfolio Owner LLC | BCDC Portfolio Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Asset Management<br><br>BCDC Portfolio Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140<br>Chicago, IL 60602<br>Attn: Heba Elayan<br><br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Attn: Robert L. LeHane | Franchise Group. Inc. | Unconditional Guaranty of Payment and Performance, dated June 17, 2022 | | 3/31/2025 |
| 27<u>38</u> | BCHQ Owner LLC | BCHQ Owner LLC<br>c/o Oak Street Capital, LLC<br>30 N. LaSalle St., Suite 4140 | Franchise Group. Inc. | Unconditional Guaranty of Payment and Performance, dated August 2, 2022 | | 3/31/2025 |
| 28<u>39</u> | Big Buddy's Moving Company LLC | Big Buddy's Moving Company LLC<br>7870 Axton Rd.<br>Axton, VA 24054 | American Freight, LLC | Preferred Delivery Services Agreement, dated December 29, 2023 | | 03/31/2025 |
| 29<u>40</u> | Big Burns Moving LLC | Big Burns Moving LLC<br>3140 Jackson Dr<br>Holiday, FL 34691 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 14, 2024 | | 03/31/2025 |
| 30<u>41</u> | Bi-Rite Holdings, LLC | Bi-Rite Holdings, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | 04/30/2025 |
| 42 | BMA Springhurst LLC | BMA Springhurst LLC<br>c/o Marquee Capital<br>301 N Broadway, Suite 300 | Vitamin Shoppe Industries, LLC | Agreement of Lease dated,  November 17, 2011<br><br>4000 Towne Center Drive | 590 | 4/30/2025 |
| 43 | BMH PRIME 97, LLC | BMH PRIME 97, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 23, 2022 | 645 | |
| 44 | BMH-FAN 43, LLC | BMH-FAN 43, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30, 2020 | 612 | |
| 45 | BMH-FAN 44, LLC | BMH-FAN 44, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30,  2020 | 603 | |
| 46 | BMH-FAN 51, LLC | BMH-FAN 51, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated January 30, 2020 | 609 | |
| 47 | BMH-NEW 58, LLC | BMH-NEW 58, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 17, 2021 | 620 | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 48 | BMH-NEW 61, LLC | BMH-NEW 61, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated March 5, 2021 | 617 | |
| 49 | BMH-NEW 62, LLC | BMH-NEW 62, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 21, 2022 | 641 | |
| 50 | BMH-NEW 69, LLC | BMH-NEW 69, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated March 1, 2022 | 640 | |
| 51 | BMH-NEW 92, LLC | BMH-NEW 92, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated November 1, 2022 | 648 | |
| 52 | BMH-RCL 34, LLC | BMH-RCL 34, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 311 | |
| 53 | BMH-RCL 36, LLC | BMH-RCL 36, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 310 | |
| 54 | BMH-RCL 41, LLC | BMH-RCL 41, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 23, 2019 | 305 | |
| 55 | BMH-TB 72, LLC | BMH-TB 72, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 4 | |
| 56 | BMH-TB 73, LLC | BMH-TB 73, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 5 | |
| 57 | BMH-TB 75, LLC | BMH-TB 75, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 7 | |
| 58 | BMH-TB 76, LLC | BMH-TB 76, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 10, 2020 | 8 | |
| 59 | BMH-TNM 31, LLC | BMH-TNM 31, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 20, 2017 | 377 | |
| 60 | BMH-WF TX 67, LLC | BMH-WF TX 67, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 23, 2022 | 643 | |
| 61 | Boswell Avenue I, LLC | Boswell Avenue I, LLC<br>c/o Marx Realty & Improvement Co. Inc.,<br>155 East 44th Street , 7th Floor<br>New York, NY 10017 | Vitamin Shoppe Industries, LLC | Lease Agreement, dated November 2, 2012<br><br>7713 Fordson Road<br>Alexandria, VA 22306 | 650 | 4/30/2025 |
| 31 62 | Brown's Moving & Delivery Service LLC | Brown's Moving & Delivery Service LLC<br>623 Steger Drive<br>Duncanville, TX 75116 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 18, 2024 | | 03/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 3263 | Bryn Mawr Plaza Associates | Bryn Mawr Plaza Associates c/o Baker Properties, Inc. One Town Place, Suite 100 Bryn Mawr, PA 19010 | Vitamin Shoppe Industries LLC | Lease, dated February 09, 1999<br><br>715 W. Lancaster Ave. Bryn Mawr, PA 19010 | 0049 | 4/30/2025 |
| 64 | Buddy Mac Four, LLC | Buddy Mac Four, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated December 31, 2015 | 491 | |
| 3365 | Buddy Mac Holdings, LLC | Buddy Mac Holdings, LLC 400 E Centre Park Blvd., Suite 101 Desoto, TX 75115 | Buddy's Newco, LLC | Sublease Agreement, dated July, 1 2021<br><br>6608 E. Adamo Drive Tampa, FL 33619<br><br>5505 N. Armenia Avenue Tampa, FL 33603<br><br>2514 9th Street West Bradenton, FL 34205<br><br>10015 N. Nebraska Avenue Tampa, FL 33612 | 4<br><br>5<br><br>8<br><br>13 | 05/1920/2025 |
| 66 | Buddy Mac Nine, LLC | Buddy Mac Nine, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated May 13, 2016 | 494 | |
| 67 | Buddy Mac Nineteen, LLC | Buddy Mac Nineteen, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated June 26, 2020 | 615 | |
| 68 | Buddy Mac One, LLC | Buddy Mac One, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated February 2, 2015 | 488 | |
| 69 | Buddy MAC Seventeen, LLC | Buddy MAC Seventeen, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated May 16, 2019 | 339 | |
| 70 | Buddy Mac Twelve, LLC | Buddy Mac Twelve, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 1, 2016 | 497 | |
| 71 | Buddy Mac Twenty-One, LLC | Buddy Mac Twenty-One, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated October 4, 2019 | 432 | |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 72 | Buddy Mac Two, LLC | Buddy Mac Two, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated August 21, 2015 | 489 | |
| 3473 | Buddy's Rollco, LLC | Buddy's Rollco, LLC 662 Howard Avenue | Buddy's Franchising and Licensing, LLC Franchise Group Inc. | Settlement Agreement and Release, dated May 10, 2024 | | 04/30/2025 |
| 3574 | Buddy's Northwest, LLC | Buddy's Northwest, LLC c/o Vintage Partners 4705 S. Apopka Vineland Road, Suite 210 Orlando, FL 32819  Davis Gillet Mottern & Sims LLC 1230 Peachtree Street N.E., Suite 2445 Atlanta, GA 30309 Attn: Jerry Sims | Buddy's Newco, LLC | Guaranty of Second Amended and Restated Master Lease Agreement by and between Store Master Funding IV, LLC and Buddy's Northwest, LLC, dated November 3, 2015 | | 5/12/2025 |
| 3675 | Buxton Company, LLC | Buxton Company, LLC 2651 S. Polaris Dr. Fort Worth, TX 76137 | American Freight, LLC | SOW, dated September 05, 2023 | | 04/30/2025 |
| 76 | Cambridge Goods, LLC | Cambridge Goods, LLC 3001 W. Big Beaver Road, Suite 324 Troy, MI 48084 | American Freight, LLC | Assignment of Lease Agreement, dated September 26, 2022  37055 S. Groesbeck Highway, Unit L | 283 | 4/30/2025 |
| 3777 | Care N Errands, LLC | Care N Errands, LLC 2345 Maxon Road Extension Schenectady, NY 12308 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 10, 2024 | | 03/31/2025 |
| 3678 | Cates Moving LLC | Cates Moving LLC 205 Westside Dr. Tullahoma, TN 37388 | American Freight, LLC | Contract (Other), dated January 02, 2024 | | 03/31/2025 |
| 3979 | Causeway Square, LLC | Causeway Square, LLC 1801 NE 123rd St., Suite 300 North Miami, FL 33181 | Vitamin Shoppe Industries LLC | Lease, dated August 10, 2010  12301 Biscayne Boulevard Miami, FL 33181 | 0355 | 4/30/2025 |
| 80 | Chadds Ford Investors LP c/o Carlino Development | Chadds Ford Investors LPc/o Carlino Development, c/o Carlino Commercial Development, 100 Front Street, Suite 560 Conshohocken, PA 19428 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated May 8 2015  1731 Wilmington Pike Suite D Glenn Mills, PA 19342 | 818 | 4/30/2025 |
| 4081 | Chalet East, Inc. | Chalet East, Inc. 22936 NE 15th Place Sammamish, WA 98074 Attn: Barbara Blumenthal | Vitamin Shoppe Industries LLC | Lease, dated April 21, 2011  17980 Redmond Way Redmond, WA 98052-4906 | 1025 | 4/30/2025 |
| 4182 | Chuck's Delivery Services LLC | Chuck's Delivery Services LLC 1545 W 44th Street Erie, PA 16509 | American Freight, LLC | Preferred Delivery Services Agreement, dated February 27, 2024 | | 03/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 83 | Colonel Sun LLC | Colonel Sun LLC<br>3718 N 36th St.<br>Tacoma, WA 98407 | Vitamin Shoppe Industries, LLC | Commercial Lease dated, February 21, 2003<br>1300 Ellis Street<br>Bellingham, WA 98225 | 1006 | 4/30/2025 |
| 4284 | Concur Technologies, Inc. | Concur Technologies, Inc.<br>62157 COLLECTIONS CENTER DRIVE<br>Chicago, IL 60693 | American Freight, LLC | Order Form for Cloud Services, dated September 29, 2020 | | 04/30/2025 |
| 4385 | Connectria, LLC | Connectria, LLC<br>10845 Olive Blvd, Suite 300<br>St. Louis, MO 63141 | American Freight, LLC | Connectria Statement of Work Managed AWS Services, dated March 31, 2023 | | 04/30/2025 |
| 86 | Corporation Service Company | Corporation Service Company<br>2711 Centerville Road<br>Wilmington, DE 19808 | Pet Supplies "Plus", LLC | Non-Disclosure Agreement, dated May 30, 2013 | | |
| 87 | Corporation Service Company | Corporation Service Company<br>2711 Centerville Road<br>Wilmington, DE 19808 | Pet Supplies "Plus", LLC | Proposal Acceptance, dated June 3, 2013 | | |
| 4488 | CVB, Inc. (Malouf) | CVB, Inc. (Malouf)<br>1525 West 2960 South<br>Nibley, UT 84321 | American Freight, LLC | Limited Reseller Agreement, dated February 03, 2021 | | 03/31/2025 |
| 4589 | Cylindo LLC | Cylindo LLC<br>44 Tehama Street<br>San Francisco, CA 94105 | American Freight, LLC | SOW 01, dated April 01, 2023 | | 04/30/2025 |
| 4690 | Cylindo LLC | Cylindo LLC<br>44 Tehama Street<br>San Francisco, CA 94105 | American Freight, LLC | MSA, dated April 01, 2023 | | 04/30/2025 |
| 4791 | Daryl Trumpy SP | Daryl Trumpy SP<br>199 Peaks Point<br>Milton, KY 40045 | American Freight, LLC | Preferred Delivery Services Agreement, dated December 29, 2023 | | 03/31/2025 |
| 92 | Diane Galante | Diane Galante<br>[Address on File] | WNW Franchising, LLC | Franchise Agreement, dated October 20, 2022 | | |
| 93 | Diane Galante | Diane Galante<br>[Address on File] | WNW Franchising, LLC | Addendum to the Franchise Agreement, dated October 20, 2022 | | |
| 4694 | DMCK Installation Inc. | DMCK Installation Inc.<br>942 N Marquette St<br>Davenport, IA 52804 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 20, 2024 | | 03/31/2025 |
| 4995 | DocuSign, Inc | DocuSign, Inc<br>221 Main Street, Suite1000<br>San Francisco, CA 94105 | American Freight Outlet Stores, LLC | SOW, dated October 09, 2024 | | 04/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 50**96** | DP Contour, LLC | DP Contour, LLC<br>511 W. French Place<br>San Antonio, TX 78212 | American Freight Franchisor, LLC | Franchise Agreement, dated September 8, 2022 | | 03/31/2025 |
| 51**97** | DP Contour, LLC | DP Contour, LLC<br>511 W. French Place<br>San Antonio, TX 78212 | American Freight Franchisor, LLC | Development Agreement, dated September 8, 2022 | | 03/31/2025 |
| 52**98** | Ellis Moving Company | Ellis Moving Company<br>3200 California Ave.<br>Pittsburgh, PA 15212 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 7,2024 | | 03/31/2025 |
| 53**99** | ENA SOLUTIONS INC. | ENA SOLUTIONS INC.<br>622 5 Avenue S.W., Suite 200<br>City of Calgary, Alberta | American Freight, LLC | ENA Solution Service Contract, dated February 24, 2023 | | 04/30/2025 |
| 54**100** | enVista Interactive Solutions, LLC | enVista Interactive Solutions, LLC<br>11555 N. Meridian Street, Suite 300<br>Carmel, IN 46032 | American Freight, LLC | Master Software as a Service Agreement, dated September 08, 2016 | | 04/30/2025 |
| 101 | Feasterville Realty Associates, LP | Feasterville Realty Associates, LP<br>c/o Abrams Realty & Development<br>310 Yorktown Plaza<br>Elkins Park, PA 19027 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated May 7, 2015<br><br>192 East Street Road<br>Feasterville, PA 19053 | 835 | 4/30/2025 |
| 55**102** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program, dated November 12, 2021 | | 03/31/2025 |
| 56**103** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 2 to the Master Services Agreement, dated October 6, 2021 | | 03/31/2025 |
| 57**104** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | 03/31/2025 |
| 58**105** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated August 1, 2023 | | 03/31/2025 |
| 59**106** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 1 to the Master Services Agreement and SOW No. 1, dated September 23, 2021 | | 03/31/2025 |
| 60**107** | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br>260 Interstate North Circle<br>Atlanta, GA 30339 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | 03/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|---------------|
| 61108 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br><br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated November 27, 2023 | | 03/31/2025 |
| 62109 | Federal Warranty Service Corporation | Federal Warranty Service Corporation<br><br>260 Interstate North Circle, SE<br>Atlanta, GA 30339 | American Freight, LLC | Statement of Work No. 1 to Master Services Agreement Service Contract Program, dated July 23, 2021 | | 03/31/2025 |
| 63110 | Fire Movers of Raleigh LLC | Fire Movers of Raleigh LLC<br>401 Point View Court<br>Wilmington, NC 28411 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 29,2024 | | 03/31/2025 |
| 111 | Fivetran Inc | Fivetran Inc<br>1221 Broadway, Suite 2400<br>Oakland, CA 94612 | American Freight, LLC | Master Subscription Agreement, dated February 1, 2023 | | |
| 112 | Fivetran Inc | Fivetran Inc<br>1221 Broadway, Suite 2400,<br>Oakland, CA 94612 | American Freight, LLC | Statement of Work, dated January 31, 2024 | | |
| 64113 | FM Integrated | FM Integrated<br>15974 Frederick Road<br>Woodbine, MD 21797 | American Freight, LLC | Master Services Agreement, dated September 28,2023 | | 03/31/2025 |
| 65114 | FreedomPay, Inc. | FreedomPay, Inc.<br>100 Matsonford Road, Building 5, Suite 100<br>Radnor, PA 19087 | American Freight Outlet Stores, LLC | FreedomPay Secure Switching Product Agreement, dated October 05, 2016 | | 04/30/2025 |
| 66115 | Full Faith Moving Services, LLC | Full Faith Moving Services, LLC<br>1537 Salt Spring Road<br>Youngstown, OH 44509 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 7, 2024 | | 03/31/2025 |
| 67116 | FullContact, Inc. | FullContact, Inc.<br>1580 N. Logan St., Ste. 660, PMB 45057<br>Denver, CO 80203 | American Freight, LLC | FullContact Data Services Agreement, dated December 1,2023 | | 03/31/2025 |
| 117 | GBTWORLD1 | GBTWORLD1<br>10126 Challenger Circle<br>Spring Valley, CA 91978 | PSP Franchising, LLC | Assignment and Assumption of Mult-Unit Agreement and Franchise Agreement, dated December 21, 2021 | | 5/14/2025 |
| 118 | GBTWORLD1 | GBTWORLD1<br>10126 Challenger Circle<br>Spring Valley, CA 91978 | PSP Franchising, LLC | Equipment Sublease Agreement, dated March 9, 2024 | | 5/14/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 68119 | Gearhearts Moving & Storage Inc. | Gearhearts Moving & Storage Inc. 812 N 7th Ave. Altoona, PA 16601 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 18, 2024 | | 03/31/2025 |
| 120 | Geostar Communications, LLC | Geostar Communications, LLC Attn: John Fartelly | American Freight, LLC | Master Service Agreement, dated December 22, 2020 | | |
| 69121 | Gexa Energy, LP | Gexa Energy, LP 601 Travis St., Ste 1400 Houston, TX 77002 | American Freight, LLC | Business Electricity Authorization, dated July 08, 2024 | | 03/31/2025 |
| 122 | Global Amici, Inc. | Global Amici, Inc. 8996 Miramar Rd. Suite #304 San Diego, CA 92126 | PSP Group, LLC | Private Brand Products Agreement | | |
| 70123 | Granite Telecommunications, LLC | Granite Telecommunications, LLC 100 Newport Avenue Extension Quincy, MA 02171 | American Freight, LLC | Master Services Agreement, dated September 30, 2011 | | 04/30/2025 |
| 124 | Halo Service Solutions Ltd | Halo Service Solutions Ltd 86 Eastburn Tower Eastburn Drive Falkirk, Scotland FK1 1TX | American Freight, LLC | Terms and Conditions of Business, dated November 18, 2021 | | |
| 71125 | HAMC College Center LLC | HAMC College Center LLC c/o Colliers International 3 Park Plaza, Suite 1200 Irvine, CA 92614 | Vitamin Shoppe Industries LLC | Lease, dated November 15, 2007  28211 Marguerite Parkway Mission Viejo, CA 92692 | 0359 | 4/30/2025 |
| 126 | Harley's Home, LLC | Harley's Home, LLC 7230 171st Street, #651 Tinley Park, IL 60477 | WNW Franchising, LLC | Assignment and Assumption of Franchise Agreement, dated November 2, 2022 | | |
| 72127 | Herlihy Moving and Storage Inc. | Herlihy Moving and Storage Inc. 747 Marietta Rd. Chillicothe, OH 45601 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | 03/31/2025 |
| 73128 | HireRight, LLC | HireRight, LLC 3349 Michelson Dr, Suite 150 Irvine, CA 92612 | American Freight Management Company, LLC | Amendment to Contract, dated December 28, 2022 | | 03/31/2025 |
| 74129 | HireRight, LLC | HireRight, LLC 3349 Michelson Dr, Suite 150 Irvine, CA 92612 | American Freight Management Company, LLC | MSA, dated November 22, 2016 | | 03/31/2025 |
| 130 | HM Hillcroft Westheimer Ltd. | HM Hillcroft Westheimer Ltd. 3810 Westheimer Houston, TX 77027 | Vitamin Shoppe Industries, LLC | Sublease Agreement, dated May 30, 2003  7501 Westheimer Road Houston, TX 77063 | 185 | 4/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 75131 | Hudson Hot Shots Moving LLC | Hudson Hot Shots Moving LLC<br>8619 Bolton Ave.<br>Hudson, FL 34667 | American Freight, LLC | Contract (Other), dated January 11, 2024 | | 03/31/2025 |
| 132 | Incentify, LLC | Incentify, LLC<br>125 Sierra St<br>El Segundo, CA 90245 | Franchise Group, Inc. | Service Agreement, dated April 20, 2022 | | |
| 76133 | Insight Global, LLC | Insight Global, LLC<br>4170 Ashford Dunwoody Road, Suite 250<br>Atlanta, GA 30319 | American Freight, LLC | Amendment to Contract, dated February 08, 2023 | | 04/30/2025 |
| 77134 | Insight Global, LLC | Insight Global, LLC<br>4170 Ashford Dunwoody Road, Suite 250<br>Atlanta, GA 30319 | American Freight, LLC | MSA 01, dated June 14, 2019 | | 04/30/2025 |
| 78135 | ISG Transportation LLC | ISG Transportation LLC<br>194 Rock Terrace Circle<br>Helena, AL 35080 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 9, 2024 | | 03/31/2025 |
| 79136 | Jack Rabbit Transportation, LLC | Jack Rabbit Transportation, LLC<br>505 Frederick Ave<br>Las Vegas, NV 89106 | American Freight, LLC | Contract (Other), dated February 15, 2024 | | 03/31/2025 |
| 80137 | Jason's Delivery SP | Jason's Delivery SP<br>7718 Teal Glen Dr.<br>Mooringsport, LA 71060 | American Freight, LLC | Contract (Other), dated January 10, 2024 | | 03/31/2025 |
| 81138 | Jenkins Rental LLC | Jenkins Rental LLC<br>2 Steeplechase Trail<br>Longview, TX 75605 | American Freight, LLC | Assignment of Lease Agreement, dated July 10, 2021 | | 3/31/2025 |
| 82139 | JJ Global Solutions Corp | JJ Global Solutions Corp<br>6868 Washington Ave. S<br>Eden Prairie, MN 55344 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | 03/31/2025 |
| 83140 | JN Harris Enterprises, LLC | JN Harris Enterprises, LLC<br>4624 Warrensville Center Road<br>North Randall, OH 44128 | American Freight, LLC | Contract (Other), dated February 26, 2024 | | 03/31/2025 |
| 141 | John Dandash | John Dandash<br>[Address on File] | PSP Franchising, LLC | Multi-Unit Agreement, dated July 20, 2021 | | 5/14/2025 |
| 142 | John Dandash | John Dandash<br>[Address on File] | PSP Franchising, LLC | Franchise Agreement, dated July 20, 2021 | | 5/14/2025 |
| 143 | John Dandash | John Dandash<br>[Address on File] | PSP Franchising, LLC | Addendum to the PSP Franchising, LLC Franchise Agreement, dated July 20, 2021 | | 5/14/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| ~~85~~145 | K&M Moving and Logistics LLC | K&M Moving and Logistics LLC<br>1727 Brookhurst Way<br>Grants Pass, OR 97527 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 6, 2024 | | ~~03/31/2025~~ |
| ~~86~~146 | Kamerade Group, LLC | Kamerade Group, LLC<br>58 Brookfield Lenox Road<br>Tifton, GA 31794 | Buddy's Newco, LLC | Sublease Agreement<br><br>205 N Hutchinson Ave.<br>Adel, GA 31620 | 386 | 05/~~12~~20/2025 |
| ~~87~~147 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Newco, LLC | Sublease Agreement<br><br>5205 Fort Avenue<br>Lynchburg, VA 24502 | 1061 | 05/~~12~~20/2025 |
| ~~88~~148 | ~~Kin Properties~~KAWIPS Delaware Cuyahoga Falls, ~~Inc.~~ LLC | ~~Kin Properties~~KAWIPS Delaware Cuyahoga Falls, ~~Inc.~~ LLC<br>1590-D Rosecrans Ave.<br>~~185 NW Spanish River Blvd., PMB#259~~ Manhattan Beach, ~~Suite 100~~<br>~~Boca Raton, FL 33431~~ CA 90266 | ~~Buddy's Newco~~Vitamin Shoppe Industries, LLC | ~~Assign~~ree~~ment~~ of Lease, dated ~~October 27~~ December 19, 2014<br><br>~~4995 W. Colonial Drive~~<br>~~Orlando~~<br><br>1190 Main Street<br>Cuyahoga Falls, ~~FL 32808~~ OH 44221 | ~~3788~~ | ~~05~~04/~~12~~30/2025 |
| ~~89~~149 | Knight and Day Delivery | Knight and Day Delivery<br>104 Pinewood Sq.<br>Pittsburgh, PA 15235 | American Freight, LLC | Preferred Delivery Services Agreement, dated July 10, 2024 | | ~~03/31/2025~~ |
| ~~90~~150 | Korpack, Inc. | Korpack, Inc.<br>290 Madsen Drive<br>Bloomingdale, IL 60108 | American Freight Outlet Stores, LLC | Procurement Terms and Conditions, dated July 01, 2019 | | ~~03/31/2025~~ |
| ~~91~~151 | Kroll Information Assurance, LLC | Kroll Information Assurance, LLC<br>55 East 52nd Street, 31st Floor<br>New York, NY 10055 | American Freight, LLC | MSA 01, dated August 15, 2022 | | ~~03/31/2025~~ |
| ~~92~~152 | Lahaina Gateway Property Owner, L.P. | Lahaina Gateway Property Owner, L.P.<br>5743 Corsa Avenue, Suite 215<br>Westlake Village, CA 91362 | Vitamin Shoppe Industries LLC | Lease, dated October 14, 2008<br><br>305 Keawe Street<br>Lahaina, HI 96761 | 0397 | 4/30/2025 |
| ~~93~~153 | Lustig Realty Corp | Lustig Realty Corp<br>312 Washington Street, Suite # 2,<br>Hoboken, NJ 070730 | Vitamin Shoppe Industries LLC | Lease, dated March 7, 2023<br><br>312 Washington Street<br>Hoboken, NJ 7030 | 0894 | 4/30/2025 |
| ~~94~~154 | M&M Trucking 7 | M&M Trucking 7<br>820 Hawkins Blvd, Ste O<br>El Paso, TX 79915 | American Freight, LLC | Contract (Other), dated December 26, 2023 | | ~~03/31/2025~~ |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 155 | M&S Investment Group, LLC | M&S Investment Group, LLC<br>4985 West Colonial Drive<br>Orlando, FL 32808 | Buddy's Newco, LLC | Assignment of Lease, dated October 27, 2014<br><br>4995 West Colonial Drive<br>Orlando, FL 32808 | 3 | 5/12/2025 |
| 95156 | Mason Dixon Movers, LLC | Mason Dixon Movers, LLC<br>4790 Tom Cat Rd.<br>Gadsden, AL 35903 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 1, 2024 | | 03/31/2025 |
| 96157 | McGriff Insurance Services, Inc. | McGriff Insurance Services, Inc.<br>4309 Emperor Blvd, Ste 300<br>Durham, NC 27703-8046 | Franchise Group. Inc. | First Amendment to Services Agreement, dated June 1, 2021 | | 03/31/2025 |
| 97158 | MDJ Logistica LLC | MDJ Logistica LLC<br>300 Crabapple Lane<br>Beaver Falls, PA 15010 | American Freight, LLC | Preferred Delivery Services Agreement, dated February 29, 2024 | | 03/31/2025 |
| 98159 | MEDIA WORKS, LTD. | MEDIA WORKS, LTD.<br>1425 Clarkview Road, Suite 500<br>Baltimore, MD 21209 | American Freight, LLC | Master Services Agreement, dated June 09, 2023 | | 03/31/2025 |
| 99160 | MicroStrategy Services Corporation | MicroStrategy Services Corporation<br>1850 Towers Crescent Plaza<br>Tysons Corner, VA 22182 | American Freight, LLC | SOW, dated June 10, 2024 | | 04/30/2025 |
| 100161 | Mightee Movers LLC | Mightee Movers LLC<br>102 Arlington Heights Dr.<br>Lynchburg, VA 24501 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 20, 2024 | | 03/31/2025 |
| 101162 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Master Purchase Agreement, dated February 21, 2019 | | 03/31/2025 |
| 102163 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Internal Statement of Work Specified Services, dated July 12, 2023 | | 03/31/2025 |
| 103164 | Mike Albert, LLC | Mike Albert, LLC<br>90 Lighthouse Point Road<br>Longboat Key, FL 34228 | PSP Stores, LLC | Internal Statement of Work Specified Services, dated July 29, 2023 | | 03/31/2025 |
| 104165 | Milliman, Inc. | Milliman, Inc.<br>150 Clove Rd, 10th Fl<br>Little Falls, NJ 07424 | Franchise Group. Inc. | Services Agreement, dated June 9, 2021 | | 03/31/2025 |
| 105166 | MMS Group, LLC | MMS Group, LLC<br>662 Howard Avenue<br>Biloxi, MS 39530 | Buddy's Franchising and Licensing, LLC<br>Franchise Group Inc. | Settlement Agreement and Release,  dated May 10, 2024 | | 04/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|---------------|
| 167 | Mood Media | Mood Media<br>2100 S. H. 35<br>Ste. 200<br>Austin, TX 18104 | PSP Stores, LLC | Mood Media Multi Territory Account Service Agreement, dated December 20, 2018 | | |
| ~~106~~168 | Moovin & Groovin LLC | Moovin & Groovin LLC<br>2105 Neptune Court<br>Bartlesville, OK 74006 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 9, 2024 | | ~~03/31/2025~~ |
| 169 | Needham Chestnut Realty, LLC | Needham Chestnut Realty, LLC<br>1234 Boylston St.<br>Chestnut Hill, MA 02467 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated March 26, 2014<br><br>170 Needham Street<br>Newton, MA 02464 | 754 | 4/30/2025 |
| ~~107~~170 | NISC UBP, LLC | NISC UBP, LLC<br>3131 Technology Drive NW<br>Mandan, ND 58554 | American Freight, LLC | Professional Services Agreement, Utility Bills, dated November 9, 2020 | | ~~04/30/2025~~ |
| ~~108~~171 | NISC UBP, LLC dba Capturis | NISC UBP, LLC dba Capturis<br>3131 Technology Drive NW<br>Mandan, ND 58554 | American Freight, LLC | Confidential Amendment to Professional Services Agreement, dated January 31, 2018 | | ~~04/30/2025~~ |
| ~~109~~172 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1750 N Tamiami Trail<br>Ft. Myers, FL | | 3/31/2025 |
| ~~110~~173 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6100 S. Florida Ave.<br>Lakeland, FL | | 3/31/2025 |
| ~~111~~174 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>6521 N. Main St.<br>Jacksonville, FL | | 3/31/2025 |
| ~~112~~175 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>136 Hancock Bridge Parkway<br>Cape Coral, FL | | 3/31/2025 |
| ~~113~~176 | NNN REIT, LP<br>f/k/a National Retail Properties, LP | NNN REIT, LP<br>450 S. Orange Avenue<br>Orlando, FL 32801<br>Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022<br><br>1555 E. Hwy 50<br>Clermont, FL | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 114177 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3608 Fowler St. Ft. Myers, FL | | 3/31/2025 |
| 115178 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 6625 US Hwy 98 Lakeland, FL | | 3/31/2025 |
| 116179 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1409 N. Florida Ave. Lakeland, FL | | 3/31/2025 |
| 117180 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2200 MLK Street S. St. Petersburg, FL | | 3/31/2025 |
| 118181 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3213 Apalachee Parkway Tallahassee, FL | | 3/31/2025 |
| 119182 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 5435 N 56th St. Tampa, FL | | 3/31/2025 |
| 120183 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 12152 W. Colonial Dr. Winter Garden, FL | | 3/31/2025 |
| 121184 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1138 S. Harris St. Sandersville, GA | | 3/31/2025 |
| 122185 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 435 S. Main St. Swainsboro, GA | | 3/31/2025 |
| 123186 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 100 Atlanta Ave. Lynchburg, VA | | 3/31/2025 |
| 124187 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2623 N. Columbia St. Milledgeville, GA | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| ~~125~~188 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 2665 David Blvd. Naples, FL | | 3/31/2025 |
| ~~126~~189 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 3318 Mercer University Drive Macon, GA | | 3/31/2025 |
| ~~127~~190 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1707 Cherokee Ave. SW Cullman, AL | | 3/31/2025 |
| ~~128~~191 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1885 Cortez Blvd. Brooksville, FL | | 3/31/2025 |
| ~~129~~192 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 301 Lowes Dr. Danville, VA | | 3/31/2025 |
| ~~130~~193 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 204 S. Main St. Havana, FL | | 3/31/2025 |
| ~~131~~194 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 14009 7th Street Dade City, FL | | 3/31/2025 |
| ~~132~~195 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1039 Tamiami Trail Port Charlotte, FL | | 3/31/2025 |
| ~~133~~196 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 421 W. Belt Ave. Bushnell, FL | | 3/31/2025 |
| ~~134~~197 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1510 College Ave. E Ruskin, FL | | 3/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 135198 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1405 Iris Dr. Conyers, GA | | 3/31/2025 |
| 136199 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 6377 Oak St. Eastman, GA | | 3/31/2025 |
| 137200 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 6621 Memorial Hwy. Tampa, FL | | 3/31/2025 |
| 138201 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1701 Roanoke Rd. Lagrange, GA | | 3/31/2025 |
| 139202 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 160 Hampton St. McDonough, GA | | 3/31/2025 |
| 140203 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 321 S. Columbia Ave. Rincon, GA | | 3/31/2025 |
| 141204 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 1473 N. Wesleyan Blvd. Rocky Mount, NC | | 3/31/2025 |
| 142205 | NNN REIT, LP f/k/a National Retail Properties, LP | NNN REIT, LP 450 S. Orange Avenue Orlando, FL 32801 Attn: David G. Byrnes, Jr. | Franchise Group. Inc. | Lease Guarantee, dated March 31, 2022 9909 State Road 52 Hudson, FL | | 3/31/2025 |
| 143206 | Oak Forest Group, LTD | Oak Forest Group, LTD P.O. Box 3449 Longview, TX 75606 | American Freight, LLC | Franchise Lease Agreement, dated 03/30/2021, as amended | | 3/31/2025 |
| 144207 | ODP Business Solutions, LLC | ODP Business Solutions, LLC 6600 North Military Trail Boca Raton, FL 33496 | American Freight, LLC | ODP Business Solutions Supply Agreement, dated June 30, 2022 | | 03/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 145208 | On Demand Technologies, Inc dba OneRail | On Demand Technologies, Inc dba OneRail<br>8427 Sothpark Circle SE, Ste 200<br>Orlando, FL 32819 | American Freight, LLC | PO or Purchase Agreement, dated June 18, 2024 | | 03/31/2025 |
| 146209 | On Demand Technologies, Inc. (d/b/a OneRail) | On Demand Technologies, Inc. (d/b/a OneRail)<br>8427 Southpark Circle SW, Suite 200<br>Orlando, FL 32819 | American Freight, LLC | OneRail / American Freight, LLC Master Services Agreement, dated June 18, 2024 | | 03/31/2025 |
| 147210 | OneTrust | OneTrust<br>1200 Abernathy Rd NE, Bldg 600<br>Atlanta, GA 30328 | American Freight, LLC | SOW 01, dated March 06, 2023 | | 04/30/2025 |
| 148211 | Onix Networking Corp | Onix Networking Corp<br>485 Lexington Avenue<br>New York, NY 10017 | American Freight, LLC | Amendment to Onix Networking Customer Agreement, dated May 16, 2024 | | 04/30/2025 |
| 149212 | Onix Networking Corp | Onix Networking Corp<br>1991 Crocker Road<br>Westlake, OH 44145 | American Freight, LLC | Onix Enterprise Customer Agreement Google Cloud Services, dated May 16, 2024 | | 04/30/2025 |
| 150213 | OnPoint Warranty Solutions LLC | OnPoint Warranty Solutions LLC<br>1400 Main St., Suite 132<br>Clarksville, IN 47129 | American Freight, LLC | Master Services Agreement, dated November 17, 2023 | | 03/31/2025 |
| 151214 | OSOT Transportation LLC | OSOT Transportation LLC<br>3929 Baumberger Rd<br>Stow, OH 44224 | American Freight, LLC | Contract (Other), dated July 12, 2024 | | 03/31/2025 |
| 215 | Paychex, Inc. | Paychex, Inc.<br>911 Panorama Trail South<br>Rochester, NY 14625 | Franchise Group, Inc. | Paychex Strategic Account Partnership Agreement, dated October 14, 2022 | | |
| 152216 | Pendleton Expediting, Inc. | Pendleton Expediting, Inc.<br>13201 E Orell Rd.<br>Louisville, KY 40272 | American Freight, LLC | Contract (Other), dated January 31, 2024 | | 03/31/2025 |
| 217 | Rabih Awad | Rabih Awad<br>[Address on File] | American Freight, LLC | Assignment and Assumption of Subtenant's Interest and Obligations in Sublease, dated December 21, 2021<br><br>5722 Ritchie Highway<br>Brooklyn Park, MD 21225 | 276 | 4/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 153218 | Races Working Men, RTR Inc. | Races Working Men, RTR Inc.<br>1619 Archer City Hwy 79<br>Wichita Falls, TX 76302 | American Freight, LLC | Contract (Other), dated January 16, 2024 | | 03/31/2025 |
| 154219 | Regency Centers CorporationRancho Dos Hermanos, LLC | Regency Centers Corporation<br>c/o Regency Centers Corporation<br>One Independent DriveRancho Dos Hermanos, LLC<br>2655 First Street, Suite 114<br>Jacksonville 245, FL 32202-5019<br>Simi Valley, CA 93065 | Vitamin Shoppe Industries, LLC | Agreement ofLease, dated April 05, 2012<br><br>2612 SW Cedar Hills Blvd.<br>Beaverton, July 23, OR 97005 2014<br><br>2931 Conchran Street<br>Simi Valley, CA 83065 | 1029803 | 4/30/2025 |
| 155220 | Retail Logistics Excellence - RELEX Oy | Retail Logistics Excellence - RELEX Oy<br>Postintaival 7<br>00230 Helsinki, Finland | American Freight, LLC | RELEX Master Service Agreement, dated June 07, 2019 | | 03/31/2025 |
| 156221 | RetailNext, Inc | RetailNext, Inc<br>60 S Market, Suite 310<br>San Jose, CA 95113 | American Freight, LLC | SOW, dated May 15, 2023 | | 04/30/2025 |
| 157222 | RetailNext, Inc. | RetailNext, Inc.<br>60 S. Market St.<br>San Jose, CA 95113 | American Freight, LLC | Master Services Agreement, dated May 15, 2023 | | 04/30/2025 |
| 158223 | Ring Central, Inc. | Ring Central, Inc.<br>20 Davis Drive<br>Belmont, CA 94002 | American Freight, LLC | Master Services Agreement, dated June 20,2018 | | 04/30/2025 |
| 159224 | Riskified Inc. | Riskified Inc.<br>220 5th Ave., 2nd Floor<br>New York, NY 10001 | American Freight Outlet Stores, LLC | Software as a Service Agreement, dated March 28, 2019 | | 04/30/2025 |
| 225 | Riverdale Square, LLC | Riverdale Square, LLC<br>61 West Palisade Avenue<br>Englewood, NJ 07631 | Vitamin Shoppe Industries, LLC | Lease, dated November 24, 2020<br><br>92 Route 23 North<br>Riverdale, NJ 07457 | 893 | 4/30/2025 |
| 160226 | Roe Lawn Care, SP | Roe Lawn Care, SP<br>117 E 11th Street<br>Elmira Heights, NY 14093 | American Freight, LLC | Contract (Other), dated January 03, 2024 | | 03/31/2025 |
| 161227 | Rosebud VS Boca One, LLC | Rosebud VS Boca One, LLC<br>c/o Investments Limited,<br>215 North Federal Highway, Suite 1<br>Boca Raton, FL 33432 | Vitamin Shoppe Industries LLC | Lease, dated August 18, 2013<br><br>880 N. Federal Hwy<br>Boca Raton, FL 33432 | 0618 | 4/30/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| ~~162~~228 | Shops at Rayford Crossing LLC | Shops at Rayford Crossing LLC<br>c/o Willmann Companies<br>9601 Katy Freeway, Suite 480<br>Houston, TX 77024<br>Attn: Karl D. Willman | PSP Stores, LLC | Lease, dated June 6, 2012<br><br>2927 Riley Fuzzel, Suite 400<br>Spring, TX 77386 | 4646 | 4/30/2025 |
| ~~163~~229 | SignUp Software, Inc. | SignUp Software, Inc.<br>3500 South DuPont Highway, Suite DN 101<br>Dover, DE 19901 | PSP Group, LLC | Subscription Agreement ExFlow, dated April 1, 2024 | | ~~03/31/2025~~ |
| ~~164~~230 | SignUp Software, Inc. | SignUp Software, Inc.<br>3500 South DuPont Highway, Suite DN 101<br>Dover, DE 19901 | PSP Group, LLC | Subscription Agreement ExFlow Data Capture, dated April 1, 2024 | | ~~03/31/2025~~ |
| ~~165~~231 | SITS, LLC | SITS, LLC<br>35 Olympic Dr<br>South Barrington, IL 60010 | American Freight, LLC | Agreement ~~aand~~ and Statement of Work for Security Assessment Services, dated March 6, 2023 | | ~~04/30/2025~~ |
| ~~166~~232 | SK Global Software, LLC | SK Global Software, LLC<br>940 Gemini Street<br>Houston, TX 77058 | PSP Group, LLC | Software License and Support Agreement, dated April 5, 2024 | | ~~03/31/2025~~ |
| ~~167~~233 | Small Movers LLC | Small Movers LLC<br>6178 Howdershell Road<br>Hazelwood, MO 63042 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 8, 2024 | | ~~03/31/2025~~ |
| ~~168~~234 | Solstice Sleep Products, Inc. | Solstice Sleep Products, Inc.<br>3720 W Broad Street<br>Columbus, OH 43228 | American Freight, LLC | Amendment to the Supply Agreement, dated July 1, 2022 | | ~~04/30/2025~~ |
| 235 | Southpark Retail LLC | Southpark Retail LLC<br>c/o Carnegie Companies<br>6190 Cochran Rd,  Suite A<br>Solon, OH 44139 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated December 3, 2015<br><br>17893 Southpark Center<br>Strongsville, OH 044136 | 854 | 4/30/2025 |
| ~~169~~236 | Spark Communications Group, LLC | Spark Communications Group, LLC<br>P.O. Box 49745<br>Athens, GA 30604 | Franchise Group. Inc. | See.Spark.Go Services Agreement, dated February 1, 2021 | | ~~03/31/2025~~ |
| ~~170~~237 | Spark Data Solutions Inc | Spark Data Solutions Inc<br>26077 Nelson Way, Suite 1102<br>Katy, TX 77494 | American Freight, LLC | MSA, dated June 20, 2023 | | ~~04/30/2025~~ |
| ~~171~~238 | Spark Data Solutions Inc | Spark Data Solutions Inc<br>26077 Nelson Way, Suite 1102<br>Katy, TX 77494 | American Freight, LLC | MSA, dated June 20, 2023 | | ~~04/30/2025~~ |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|-------------|---------------------|--------|-------------------|-------|----------------|
| 172239 | SPS Commerce | SPS Commerce<br>333 South Seventh Street, Suite 1000<br>Minneapolis, MN 55402 | American Freight, LLC | SOW, dated January 16, 2024 | | 04/30/2025 |
| 173240 | SPS Commerce | SPS Commerce<br>333 South Seventh Street, Suite 1000<br>Minneapolis, MN 55402 | American Freight, LLC | SOW, dated January 16, 2024 | | 04/30/2025 |
| 174241 | Starting A New LLC | Starting A New LLC<br>3157 O'Neal Lane<br>Baton Rouge, LA 70816 | American Freight, LLC | Preferred Delivery Services Agreement dated January 19, 2024 | | 03/31/2025 |
| 175242 | Store Master Funding IV, LLC | Store Master Funding IV, LLC<br>8501 E Princess Drive, Suite 190<br>Scottsdale, AZ 85255 | Buddy's Newco, LLC | Master Lease Agreement, dated September 24, 2013<br><br>6608 E. Adamo Drive<br>Tampa, FL 33619<br><br>10015 N Nebraska Ave.<br>Tampa, FL 33612<br><br>5505 N Armenia Ave.<br>Tampa, FL 33603<br><br>2514 9th St. West<br>Bradenton, FL 34205<br><br>5201 Norwood Ave,<br>Jacksonville, FL 32208<br><br>8807 Lem Turner Rd<br>Jacksonville, FL 32208<br><br>3 1st St NW<br>Moultrie, GA 31768<br><br>5205 Fort Avenue<br>Lynchburg, VA 24502 | 4<br><br>5<br><br>8<br><br>13<br><br>17<br><br>55<br><br>65<br><br>1061 | 05/1220/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| | | | | 205 N Hutchinson Ave.<br>Adel, GA 31620 | 386 | |
| | | | | 408 East Baker Street<br>Plant City, FL 33563 | 16 | |
| | | | | 12709 U.S. HWY 301<br>Dade City, FL 33525 | 18 | |
| | | | | 1569 West HWY 90<br>Lake City, FL 32055 | 19 | |
| | | | | 1097 W Main Street<br>Immokalee, FL 34142 | 35 | |
| ~~176~~243 | Store Master Funding IV, LLC | Store Master Funding IV, LLC<br>8501 E. Princess Drive, Suite 190<br>Scottsdale, AZ 85255<br><br>Kutak Rock LLP | Buddy's Newco, LLC | Guaranty of Second Amended and Restated Master Lease Agreement by and between Store Master Funding IV, LLC and Buddy's Northwest, LLC, dated November 3, 2015 | | 5/12/2025 |
| ~~177~~244 | Sugarland Plaza, Inc. | Sugarland Plaza, Inc.<br>802 NW 1st Street<br>South Bay, FL 33493 | Buddy's Newco, LLC | Lease, dated November 29, 2007<br><br>884 W. Sugarland Hwy<br>Clewiston, FL 33440 | 30 | 5/12/2025 |
| ~~178~~245 | Sun Life Assurance Company of Canada | Sun Life Assurance Company of Canada<br>MetroNorth Retail Center, c/o JLL<br>3344 Peachtree Road, Suite 1200<br>Atlanta, GA 30326 | Vitamin Shoppe Industries LLC | Lease, dated September 28, 2013<br><br>103 Commerce Way<br>Woburn, MA 1801 | 0688 | 4/30/2025 |
| ~~179~~246 | T Voorhees GPL NJ, LLC, T Voorhees BER NJ, LLC, and T Voorhees AMC NJ, LLC | T Voorhees GPL NJ, LLC, T Voorhees BER NJ, LLC, and T Voorhees AMC NJ, LLC<br>16600 Dallas Parkway, Suite 300<br>Dallas, TX 75248 | Vitamin Shoppe Industries LLC | Lease, dated August 21, 2015<br><br>148 State Route 73<br>Voorhees, NJ 8043 | 0724 | 4/30/2025 |
| ~~180~~247 | TALX Corporation | TALX Corporation<br>11432 Lackland Road<br>St. Louis, MO 63146 | American Freight Management Company, LLC | MSA, dated April 01, 2022 | | ~~04/30/2025~~ |
| 248 | The Hertz Corporation | The Hertz Corporation<br>8501 Williams Road,<br>Estero, FL 33928 | Franchise Group, Inc. | Corporate Account Agreement & Exhibits Agreement, dated November 15, 2023 | | |
| ~~181~~249 | The Home Moving Solutions LLC | The Home Moving Solutions LLC<br>1209 N Slappey Blvd., Suite B<br>Albany, GA 31701 | American Freight, LLC | Preferred Delivery Services Agreement dated January 4, 2024 | | ~~03/31/2025~~ |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| 250 | The Shoppes at North Brunswick, L.L.C. | The Shoppes at North Brunswick, L.L.C. c/o The Azarian Group, L.L.C 6 Prospect Street, Suite 2 Midland Park, NJ 07432 | Vitamin Shoppe Industries, LLC | Shopping Center Lease, dated December 23, 2019 650 Shoppes Boulevard North Brunswick Township, NJ 08902 | 886 | 4/30/2025 |
| 251 | The Shubert Organization, Inc. | The Shubert Organization, Inc. 234 West 44th Street New York, NY 10036 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated August 19, 2014 435-A Winthrop Avenue Lawrence, MA 01843 | 763 | 4/30/2025 |
| ~~182~~252 | The Transport Boss LLC | The Transport Boss LLC 9855 E Coronado Dr Baton Rouge, LA 70815 | American Freight, LLC | Contract (Other), dated February 26, 2024 | | ~~03/31/2025~~ |
| ~~183~~253 | The Ultimate Software Group, Inc. | The Ultimate Software Group, Inc. 2000 Ultimate Way Weston, FL 33326 | American Freight Outlet Stores, LLC | Master Terms and Conditions for Procurement of Software Rights and Services, dated February 11, 2016 | | ~~03/31/2025~~ |
| ~~184~~254 | Thomson Reuters Inc. | Thomson Reuters Inc. P.O. Box 115008 Carrolton, TX 75011-5008 | PSP Group, LLC | Multi Year Order Form, dated May 18,2023 | | ~~03/31/2025~~ |
| ~~185~~255 | Tmakit Moving Company, LLC | Tmakit Moving Company, LLC 5860  Russell Topton Rd. Toomsuba, MS 39364 | American Freight, LLC | Contract (Other), dated January 02, 2024 | | ~~03/31/2025~~ |
| ~~186~~256 | Tri-County Movers SP | Tri-County Movers SP PO Box 7716452 Ocala, FL 34477 | American Freight, LLC | Contract (Other), dated February 29, 2024 | | ~~03/31/2025~~ |
| ~~187~~257 | UKG Inc | UKG Inc 2000 Ultimate Way Weston, FL 33326 Attn: General Counsel | American Freight, LLC | Amendment to the Agreement, dated December 31, 2015 | | ~~03/31/2025~~ |
| ~~188~~258 | United Parcel Service, Inc. | United Parcel Service, Inc. 700 W 16th Street Indianapolis, IN 46202 | American Freight, LLC | Amendment to Contract, dated April 25, 2023 | | ~~03/31/2025~~ |
| ~~189~~259 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 3 to SOW No. 1, dated November 27, 2023 | | ~~03/31/2025~~ |
| ~~190~~260 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Statement of Work No. 2 to Master Services Agreement - Aftermarket Service Contract Program | | ~~03/31/2025~~ |
| ~~191~~261 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to the Master Services Agreement, dated October 6, 2021 | | ~~03/31/2025~~ |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|------|--------------|---------------------|--------|-------------------|-------|----------------|
| 192262 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Statement of Work No. 1 to Master Services Agreement Service Contract Program, dated July 23, 2021 | | 03/31/2025 |
| 193263 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | 03/31/2025 |
| 194264 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 2 to SOW No. 1, dated August 1, 2023 | | 03/31/2025 |
| 195265 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Amendment No. 1 to the Master Services Agreement and SOW No. 1, dated September 23, 2021 | | 03/31/2025 |
| 196266 | United Service Protection, Inc. | United Service Protection, Inc. 11222 Quail Roost Drive Miami, FL 33157 | American Freight, LLC | Master Services Agreement, dated July 23, 2021 | | 03/31/2025 |
| 197267 | Vantage One Tax Solutions, Inc. | Vantage One Tax Solutions, Inc. 6310 LBJ Freeway Dallas, TX 75240 | American Freight Outlet Stores, LLC | Consulting Agreement for Property Tax Services, dated April 10, 2023 | | 03/31/2025 |
| 198268 | Vantage One Tax Solutions, Inc. | Vantage One Tax Solutions, Inc. 6310 LBJ Freeway, Ste. 208 Dallas, TX 75240 | American Freight, LLC | Consulting Agreement for Property Tax Services, dated April 10, 2023 | | 03/31/2025 |
| 199269 | Varis, LLC | Varis, LLC 6600 N. Military Tr. Boca Raton, FL 33496 | American Freight, LLC | Master Services Agreement, dated May 20, 2022 | | 04/30/2025 |
| 200270 | Ventura Petit LLC and La Cienga Shopping Center Development LLC | Ventura Petit LLC and La Cienga Shopping Center Development LLC 2121 Avenue of the Stars, Ste. 1100 Los Angeles, CA 90067 | Vitamin Shoppe Industries LLC | Lease, dated January 02, 2012 16624 Ventura Blvd. Encino, CA 91436 | 0578 | 4/30/2025 |
| 201271 | VF9 Matt2, LLC | VF9 Matt2, LLC 2330 Ponce de Leon Blvd Coral Gables, FL 33134 | Vitamin Shoppe Industries LLC | Lease, dated January 20, 2010 4803 Lincoln Highway Matteson, IL 60443 | 472 | 4/30/2025 |
| 272 | VRC Companies, LLC dba Vital Records Control f.k.a. Fireproof Records Center | VRC Companies, LLC dba Vital Records Control 5384 Poplar Avenue, Suite 500 Memphis, TN 38119 | American Freight, LLC | Storage & Service Agreement, dated August 3, 2016 | | |
| 273 | Westgate Marketplace Developers, LLC | Westgate Marketplace Developers, LLC 7725 W. Reno Ave., Suite 398 Oklahoma City, OK 73127 | Vitamin Shoppe Industries, LLC | Agreement of Lease, dated December 31, 2014 6501 Southwest 3rd Street Oklahoma City, OK 73128 | 823 | 4/30/2025 |
| 202274 | White Glove Delivery & Moving LLC | White Glove Delivery & Moving LLC 57477 Goodman Dr. Colcord, OK 74338 | American Freight, LLC | Preferred Delivery Services Agreement, dated January 2, 2024 | | 03/31/2025 |

| ID # | Counterparty | Counterparty Address | Debtor | Rejected Agreement | Store | Rejection Date |
|---|---|---|---|---|---|---|
| ~~203~~275 | Worry Free Moving Inc. | Worry Free Moving Inc.<br>1421 Turnberry Dr<br>Youngstown, OH 44512 | American Freight, LLC | Preferred Delivery Services Agreement, dated March 21, 2024 | | ~~03/31/2025~~ |
| ~~204~~276 | Wrike Inc. | Wrike Inc.<br>9171 Towne Center Drive, Suite 200<br>San Diego, CA 92122, | American Freight, LLC | PO or Purchase Agreement, dated February 07, 2024 | | ~~03/31/2025~~ |
| ~~205~~277 | WSG Arundel One LLC | WSG Arundel One LLC<br>75 Hook Road<br>Bayonne, NJ 07002 | Vitamin Shoppe Industries LLC | Lease, dated November 11, 2003<br><br>7069 Arundel Mills Boulevard<br>Hanover, MD 21076 | 0143 | 4/30/2025 |
| ~~206~~278 | Xpress Delivery 2U | Xpress Delivery 2U<br>2406 Pine Street<br>Texarkana, TX 75503 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 1, 2024 | | ~~03/31/2025~~ |
| ~~207~~279 | YTC Movers LLC | YTC Movers LLC<br>760 Star Ridge Street<br>Massillon, OH 44646 | American Freight, LLC | Preferred Delivery Services Agreement, dated April 15, 2024 | | ~~03/31/2025~~ |
| ~~208~~280 | ZipRecruiter Inc. | ZipRecruiter Inc.<br>604 Arizona Avenue<br>Santa Monica, CA 90401 | Franchise Group. Inc. | Services Agreement, dated September 20, 2023 | | ~~03/31/2025~~ |

**<u>Exhibit G</u>**

**New Warrants Documentation**

Pursuant to <u>Section 14.3</u> and <u>Section 14.4</u> of the Plan, <u>Exhibit G</u> to the First Plan Supplement is hereby withdrawn in its entirety.

**Exhibit H**

**Litigation Trust Agreement**

Certain documents, or portions thereof, contained in this **Exhibit H** and the Plan Supplement remain subject to continuing review and discussions among the Debtors, the Ad Hoc Group, the Freedom Lender Group, and the Creditors' Committee consistent with their respective consent and consultation rights.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained herein in accordance with the terms of the Global Settlement and the Plan, or by order of the Bankruptcy Court.

*Draft*

# LITIGATION TRUST AGREEMENT
# AND DECLARATION OF LITIGATION TRUST

This Litigation Trust Agreement and Declaration of Litigation Trust (this "Agreement"), dated as of [●], 2025, is made by and among Freedom VCM, Inc., Freedom VCM Interco, Inc. (together with Freedom VCM, Inc., the "Freedom HoldCo Debtors"), Franchise Group, Inc. and its subsidiary debtors and debtors in possession listed on **Schedule 1** attached hereto (the "OpCo Debtors")[1] in the Chapter 11 Cases,[2] Lawrence R. Hirsh (the "Initial Litigation Trustee" and together with any successor trustee appointed in accordance with the terms hereof, the "Litigation Trustee"),[3] and [●], [●], and [●], as members of the committee which shall have oversight over the litigation trust contemplated by this Agreement (the "Litigation Trust Advisory Board," and,

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]     As set forth in Section 1.2, capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Confirmation Order, as applicable, unless otherwise noted.

[3]     If Lawrence Hirsh cannot serve as Litigation Trustee on the Effective Date for any reason, Initial Litigation Trustee will be an individual selected by the Freedom Lender Group, with the reasonable consent of the Ad Hoc Group and the Creditors' Committee.

together with the Freedom HoldCo Debtors, the OpCo Debtors, and the Litigation Trustee, the "<u>Parties</u>," and each, a "<u>Party</u>").

## RECITALS

1. On November 3, 2024 (the "<u>Petition Date</u>"), each of the Freedom HoldCo Debtors and the OpCo Debtors (together, with their affiliated debtors and debtors in possession, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), and their chapter 11 cases are being jointly administered under the caption *In re Franchise Group, Inc., et al.*, Case No. 24-12480 (LSS) (Bankr. D. Del.) (the "<u>Chapter 11 Cases</u>").

2. On November 19, 2024, the Office of the United States Trustee, Region 3 (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") to represent the interests of all general unsecured creditors in the Chapter 11 Cases and filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 188].

3. On April 25, 2025, the Debtors filed the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1312] (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"). The Plan incorporates the terms of a Global Settlement that includes, among other things, the Litigation Trust Units Allocations, which is comprised of (a) the Prepetition First Lien Loan Claims Litigation Trust Allocation, (b) the General Unsecured Creditors Litigation Trust Allocation, and (c) the Prepetition OpCo 2L/HoldCo Loan Claims Litigation Trust Allocation. Pursuant to the Litigation Trust Units Allocations, the Litigation Trust Units shall be distributed as follows: 58% to Holders of Allowed Prepetition Second Lien Loan Claims and Allowed Prepetition HoldCo Loan Claims, 30% to the Holders of

Allowed Prepetition First Lien Loan Claims, and 12% to Holders of Allowed Freedom HoldCo General Unsecured Claims and Allowed OpCo General Unsecured Claims (excluding, for the avoidance of doubt, any Litigation Trust Units allocated to the Holders of Allowed Prepetition First Lien Loan Claims or Holders of Allowed Prepetition Second Lien Loan Claims), collectively.

4.    On [●], 2025, the Bankruptcy Court entered an order [Docket No. [●]] (the "Confirmation Order") confirming the Plan, which became effective on [●], 2025 (the "Effective Date").

5.    Section 7.10 of the Plan provides for the creation of the Litigation Trust on the Effective Date in connection and consistent with the Global Settlement.

6.    The Litigation Trust is established for the sole purpose of receiving, holding, administering, liquidating, and distributing the Litigation Trust Assets, including the (i) Litigation Trust Escrow Account, which includes, for the avoidance of doubt, the Litigation Trust Escrow Amount, funded in accordance with the Plan, and (ii) Permitted Litigation Claims, *plus* any additional amounts funded into the Litigation Trust Escrow Account following the Effective Date, for the benefit of the Holders of Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims (collectively, the "Litigation Trust Beneficiaries").

7.    The Litigation Trustee shall, in consultation with the Litigation Trust Advisory Board and in accordance with the terms hereof: (i) be the exclusive administrator of the assets of the Litigation Trust, including the Litigation Trust Assets; and (ii) except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, have the power and authority to (a) reconcile OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims, including

asserting any objections thereto in each case, *provided, however,* that all parties in interest shall also have the right to object to any General Unsecured Claim or join in any objection by the Litigation Trust or any other party, (b) investigate, pursue, prosecute, compromise and/or settle the Permitted Litigation Claims, and (c) distribute the Litigation Trust Assets in accordance with the terms of the Plan (including the Global Settlement incorporated therein) and this Agreement, in each case with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary and consistent with, the liquidating purpose of the Litigation Trust.  Subject to the Conversion of the Litigation Trust as described in Section 8.7 hereof, the Litigation Trust is intended to be classified for United States federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and guidance promulgated in respect thereof, including Revenue Procedure 94-45, 1994-2 C.B. 674, and, thus, as a "grantor trust" within the meaning of Internal Revenue Code sections 671 through 679 for United States federal income tax purposes, other than any Litigation Trust Disputed Claims Reserve (as defined herein) treated as a disputed ownership fund ("DOF") or other separate Entity.

8.      Pursuant to the Plan, for all United States federal income tax purposes, all parties shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether such Holder's Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) as (i) a transfer of the Litigation Trust Assets (subject to any obligations relating to such Litigation Trust Assets, including, but not limited to, the Litigation Trust Expenses) to the Litigation Trust Beneficiaries and, to the extent the Litigation Trust Assets are allocable to Disputed General Unsecured Claims that are the responsibility of the Litigation

Trust, acting by and through its agents and representatives, to resolve, to the Litigation Trust Disputed Claims Reserve (as defined herein), followed by (ii) the transfer by the Litigation Trust Beneficiaries of the Litigation Trust Assets (other than the Litigation Trust Assets allocable to the Litigation Trust Disputed Claims Reserve) to the Litigation Trust in exchange for their non-transferable (subject to certain limited exceptions) Litigation Trust Units that will entitle the respective holder thereof to its *pro rata* share of the proceeds of the Litigation Trust Assets *less* the Litigation Trust Expenses (the "Litigation Trust Net Assets").  Accordingly, the Litigation Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective shares of the Litigation Trust Assets (other than such Litigation Trust Assets as are allocable to the Litigation Trust Disputed Claims Reserve).  The foregoing treatment shall also apply, to the extent permitted by applicable Law, for applicable United States state and local income tax purposes.

9.     The Litigation Trust is further intended to be exempt from the requirements of (i) pursuant to section 1145 of the Bankruptcy Code, the Securities Exchange Act of 1933, as amended, and any applicable state and local Laws requiring registration of securities, and (ii) the Investment Company Act of 1940, as amended, pursuant to sections 7(a) and 7(b) of that Act and section 1145 of the Bankruptcy Code.

NOW, THEREFORE, in accordance with the Plan and the Confirmation Order, and in consideration of the promises, and the mutual covenants and agreements of the Parties contained in the Plan and herein, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties agree and declare as follows:

## <u>DECLARATION OF LITIGATION TRUST</u>

The Freedom HoldCo Debtors, the OpCo Debtors, the Litigation Trustee, and the members of the Litigation Trust Advisory Board enter into this Agreement to effectuate the distribution of the Litigation Trust Net Assets to the Litigation Trust Beneficiaries pursuant to the Plan and the Confirmation Order;

Pursuant to Section 7.10 of the Plan and Section 2.3.2 of this Agreement, on the Effective Date, all of the Litigation Trust Assets shall automatically and irrevocably be transferred to, and vest in or deem to be vested in, the Litigation Trust free and clear of all Claims, Liens, Interests, encumbrances, and contractually imposed restrictions, except as otherwise provided in the Plan;

TO HAVE AND TO HOLD unto the Litigation Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Litigation Trust Assets are to be held by the Litigation Trust and applied on behalf of the Litigation Trust by the Litigation Trustee (such Litigation Trustee to be a "United States person" within the meaning of Internal Revenue Code section 7701(a)(30) and established within the United States) on the terms and conditions set forth herein and the Plan (including, for the avoidance of doubt, the Global Settlement incorporated therein), solely for the benefit of the Litigation Trust Beneficiaries, as more fully set forth in the Plan and this Agreement, and for no other party.

## <u>ARTICLE I</u>

### RECITALS, PLAN DEFINITIONS, OTHER
### DEFINITIONS, INTERPRETATION, AND CONSTRUCTION

1.1     <u>Recitals</u>.  The Recitals are incorporated into and made terms of this Agreement.

1.2     <u>Definitions</u>.  All capitalized terms used in this Agreement but not defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable, or as otherwise set forth herein.  For the avoidance of doubt, the "<u>Litigation Trust Assets</u>" shall mean

the Litigation Trust Assets (as defined in the Plan) and any and all other property held from time to time by the Litigation Trust under this Agreement and any proceeds thereof and earnings thereon.

1.3    Conflict Among Plan Documents.  In the event of any inconsistency between the Plan, the Confirmation Order, and/or this Agreement, each such document shall have controlling effect in the following rank order:  (i) the Confirmation Order; (ii) the Plan (including, for the avoidance of doubt, the Global Settlement incorporated herein); and (iii) this Agreement; *provided*, *however*, that to the extent that the Plan and the Confirmation Order are silent as to a particular issue, the terms of the relevant provision of this Agreement shall control so long as not otherwise inconsistent with the clear intent of the Plan and/or the Confirmation Order.

## ARTICLE II

## ESTABLISHMENT OF LITIGATION TRUST

2.1    Effectiveness of Agreement; Name of Litigation Trust.  The Freedom HoldCo Debtors, the OpCo Debtors and the Litigation Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Litigation Trust in furtherance of the compromises and agreements more fully set forth in the Plan.  This Agreement shall become effective on the Effective Date.  The Litigation Trust shall be officially known as the "Franchise Group Litigation Trust."

2.2    Purpose of Litigation Trust.  Further to the establishment and purpose of the Litigation Trust as declared in Recital 8 of this Agreement, the Litigation Trust is established for the primary purpose of collecting, holding, administering, liquidating, and distributing the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries in accordance with the terms and conditions of this Agreement, Treasury Regulations Section 301.7701-4(d), and the Plan

7

(including, for the avoidance of doubt, the Global Settlement incorporated therein), and with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust.

2.3     Transfer of Litigation Trust Assets.

2.3.1     Conveyance of Litigation Trust Assets.    Pursuant to the Plan, the Freedom HoldCo Debtors and the OpCo Debtors hereby irrevocably grant, release, assign, transfer, convey, and deliver, on behalf of the Litigation Trust Beneficiaries, all of such Debtors' rights, title, and interest in and to the Litigation Trust Assets to the Litigation Trust as of the Effective Date in trust for the benefit of the Litigation Trust Beneficiaries, which shall constitute Litigation Trust Assets for all purposes and shall be administered and applied as specified in this Agreement and the Plan. Upon the transfer of the Litigation Trust Assets to the Litigation Trust in accordance with the Plan, none of the Debtors or the Reorganized Debtors shall have any further obligations with respect to the distribution or payment of any proceeds of the Litigation Trust Assets to any of the Litigation Trust Beneficiaries, except that the Debtors or the Reorganized Debtors, as applicable, as reasonably requested by the Litigation Trustee, shall, at the Litigation Trust's sole cost and expense, from time to time, (i) execute and deliver or cause to be executed and delivered any such documents (in recordable form where necessary or appropriate) and (ii) take or cause to be taken such further commercially reasonable action, in each case as the Litigation Trustee may reasonably deem necessary or appropriate, to vest in the Litigation Trust or confirm to the Litigation Trustee title to and possession of the Litigation Trust Assets; *provided* that neither the Debtors nor Reorganized Debtors shall be required to incur any unreimbursed liability for any fees or expenses (including any indemnification obligations) in connection with such actions.  The Litigation Trustee shall have no duty to arrange for any of the transfers of any Litigation Trust Assets

8

contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and/or the Confirmation Order and shall be conclusively entitled to rely on the legality and validity of such transfers.  Under no circumstance shall the Debtors, the Reorganized Debtors, or any other party be required to contribute any additional assets to or for the benefit of the Litigation Trust other than the Litigation Trust Assets, except as otherwise set forth in the Plan.

2.3.2    Title to Litigation Trust Assets.  Pursuant to the Plan, all of the Freedom HoldCo Debtors' and the OpCo Debtors' rights, title, and interest in and to the Litigation Trust Assets, including all such assets held or controlled by third parties (if any), are hereby irrevocably transferred to, and automatically vested in, or deemed to be automatically vested in, the Litigation Trust on the Effective Date and shall comprise assets of the Litigation Trust for all purposes, free and clear of all Liens, Claims, encumbrances, Interests, contractually-imposed restrictions, and other interests, and such transfer is on behalf of the Litigation Trust Beneficiaries to establish the Litigation Trust.  Subject to any applicable consultation rights set forth in this Agreement, the Litigation Trust shall be authorized, among other things, to (i) obtain possession or control of, collect, receive, hold, administer, liquidate, and distribute all of the Litigation Trust Assets, (ii) investigate, pursue, prosecute, compromise, settle, and/or otherwise resolve the Permitted Litigation Claims, and (iii) other than as provided under the Plan, assert and/or exercise any and all rights, including, without limitation, setoff and recoupment, defenses, counterclaims, and cross-claims, whether arising at law or in equity, of the Freedom HoldCo Debtors, the OpCo Debtors, or their respective Estates to any claims, Causes of Action, or counterclaims that may be asserted by (a) any and all Persons and/or Entities that are or may become defendants, sued, or a party in or the subject of any lawsuit, proceeding, or litigation in connection with the Permitted Litigation Claims or (b) the Holders of Disputed OpCo General Unsecured Claims or Freedom

HoldCo General Unsecured Claims.  Without limiting the generality of the foregoing, the Litigation Trust shall have the right to (i) invoke section 542 of the Bankruptcy Code to pursue turnover of Litigation Trust Assets and (ii) enforce any provisions of the Plan and/or Confirmation Order against any Persons or Entities that seek or seeks to interfere with the administration of the Litigation Trust and/or the Litigation Trust Assets.  On the Effective Date, the Litigation Trust, acting by and through the Litigation Trustee, shall be substituted for the Freedom HoldCo Debtors and the OpCo Debtors for all purposes with respect to the Litigation Trust Assets and the administration of the Litigation Trust Units.  To the extent any Law or regulation prohibits the transfer of ownership of any of the Litigation Trust Assets from the Freedom HoldCo Debtors and/or the OpCo Debtors to the Litigation Trust and such Law is not superseded by the Bankruptcy Code, the Litigation Trust's interest in such Litigation Trust Assets shall be a Lien upon, and security interest in, such Litigation Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.2 of this Agreement, and this Agreement shall be deemed a security agreement granting such Lien upon, and interest therein, without need to file any financing statement(s), mortgage(s), or other documentation evincing such Lien and security interest.  By executing this Agreement, the Litigation Trustee on behalf of the Litigation Trust hereby accepts all of such property and Liens (if any) as Litigation Trust Assets, to be held in trust for Litigation Trust Beneficiaries, subject to the terms of this Agreement, the Confirmation Order, and the Plan.

2.4    Litigation Trust Funding.  On the Effective Date, the Litigation Trust Escrow Account shall be funded with the Litigation Trust Escrow Amount.  The Litigation Trust Escrow Amount shall be used for the administration of the Litigation Trust, to pay Litigation Trust

Expenses, and to pursue the Permitted Litigation Claims.  The Litigation Trust Escrow Amount shall be primarily reserved for Litigation Trust Expenses.

2.5    Capacity of Litigation Trust.  Notwithstanding any state or federal Law to the contrary or anything herein, the Litigation Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts.  The Litigation Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.6    Cooperation.  [On or after the Effective Date], at the sole cost and expense of the Litigation Trust, the Reorganized Debtors shall use commercially reasonable efforts to cooperate with the Litigation Trust and the Litigation Trustee and any professionals retained by the Litigation Trust in effecting the transition from the Reorganized Debtors to the Litigation Trust and of the administration of the Litigation Trust Assets; *provided* that the Reorganized Debtors shall not be required to incur any unreimbursed liability for any fees or expenses (including any indemnification obligations) that may result from any such cooperation.  Such cooperation shall include, but not be limited to, from and after the Effective Date, using commercially reasonable efforts to identify and make available (i) any evidence and information the Litigation Trustee reasonably requests in connection with the Litigation Trust's investigation, prosecution, other pursuit, or defense, as applicable, of the Permitted Litigation Claims and objections to Disputed OpCo General Unsecured Claims and Disputed Freedom HoldCo General Unsecured Claims, to the extent the Reorganized Debtors have such evidence and/or information, [(ii) the identity and contact information of the former officers, directors, and employees and Professionals of the

Debtors who may have knowledge regarding the Permitted Litigation Claims, Disputed OpCo General Unsecured Claims, or Disputed Freedom HoldCo General Unsecured Claims; and (iii) current officers, directors, and employees of the Reorganized Debtors who may have knowledge regarding the Permitted Litigation Claims, Disputed OpCo General Unsecured Claims, or Disputed Freedom HoldCo General Unsecured Claims, subject to consultation and cooperation between the Reorganized Debtors and the Litigation Trustee regarding the reasonable availability of such individuals; *provided* that [the individuals set forth in **Schedule 2** hereto (the "Specified Personnel")] will be made available to the Litigation Trust without such limitation.]

      2.6.1   [Prior to the Effective Date, the Debtors shall, at the cost and expense of the Debtors, and on or after the Effective Date, the Reorganized Debtors shall, at the sole cost and expense of the Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder), and in all cases at the earliest opportunity, use commercially reasonable efforts to preserve (including through device imaging) and provide to the Litigation Trust all documents,[4]

---

[4]  For the avoidance of doubt, for the purposes of this Section 2.6, "documents" shall include any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, in draft or final form, including, but not limited to: any letter, correspondence, or Communication of any sort; photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, [text message, instant message, Bloomberg message, WhatsApp message,] discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper, or draft; computer or computer network output or input, portable storage devices, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias on the cloud or otherwise, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, or press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, or tabulation, and any and all other writings and recordings of whatever nature, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

communications,[5] and other information (or copies thereof) (collectively, "Information") in the possession and control of the Reorganized Debtors that may reasonably be necessary for the liquidation of the Litigation Trust Assets or that may reasonably facilitate the prosecution of the Permitted Litigation Claims, including: (a) all Information [provided to Petrillo Klein + Boxer LLP or Akin Gump Strauss Hauer & Feld LLP in connection with the Freedom HoldCo Independent Investigation and the independent investigations conducted by Petrillo Klein + Boxer LLP, as well as complete and unredacted versions of the reports prepared by the Freedom HoldCo Independent Director and Petrillo Klein + Boxer LLP (which unredacted reports may be provided to the Litigation Trustee and the members of the Litigation Trust Advisory Board on a confidential basis)], (b) all Information produced by the Debtors in discovery in the Chapter 11 Cases, (c) a copy of all the Debtors' prepetition books and records from January 1, 2022 through January 1, 2024; and (d) such other Information that the Reorganized Debtors and the Litigation Trust may agree upon after conferring in good faith; *provided* that, notwithstanding anything to the contrary herein, the Reorganized Debtors shall not be required to (i) incur any liability for any fees or expenses (including any indemnification obligations) that may result from any such cooperation and any documented costs and expenses incurred by the Reorganized Debtors in connection therewith shall be borne or promptly reimbursed by Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder), or (ii) take any actions in connection with any of the Reorganized Debtor's cooperation obligations hereunder that the Reorganized Debtors reasonably determine would harm the merits of, create defenses to, or otherwise prejudice the Reorganized Debtors' Retained Causes of Action following good-faith consultation and

---

[5]    For the avoidance doubt, for purposes of this Section 2.6, "communications" shall include any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more Persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, text messages, consultations, agreements, and other understandings.

coordination between the Reorganized Debtors and the Litigation Trustee.][6]

2.6.2    The Reorganized Debtors (or their respective Professionals) shall arrange for the Litigation Trustee to receive (i) an updated Claims Register of OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims from the Claims Agent within thirty (30) days after the Effective Date and, if applicable, (ii) a register of Holders of any Prepetition First Lien Loan Claims, any Prepetition Second Lien Loan Claims, and any Prepetition HoldCo Loan Claims.

2.7    <u>Duties of the Debtors and the Reorganized Debtors</u>.    The Debtors and the Reorganized Debtors, as applicable, shall have no responsibility or obligation with respect to the Litigation Trust or Litigation Trust Assets after the Effective Date, other than to comply with Sections 2.3 and 2.6 of this Agreement.  [To the extent the Reorganized Debtors are obligated to take any action pursuant to this Agreement, unless otherwise expressly set forth herein, the Reorganized Debtors shall only be required to use commercially reasonable efforts in taking such action and the Reorganized Debtors shall coordinate and consult with the Litigation Trustee to ensure that such actions are commercially reasonable (subject to the unqualified cooperation of the Specific Personnel).]  For the avoidance of doubt, the Reorganized Debtors shall not be required to incur any liability for any fees or expenses (including any indemnification obligations) that may result from such compliance and any documented costs and expenses incurred by the Reorganized Debtors in connection therewith shall be borne or promptly reimbursed by Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder).

---

[6]    Capitalized terms in Section 2.6 not otherwise defined in the Plan or Confirmation Order, as set forth in Section 1.2, shall have the meanings ascribed to them in the Disclosure Statement [Docket No. 151].

2.8    <u>No Retention of Excess Cash</u>.  Notwithstanding anything in this Agreement to the contrary, but subject to any applicable consultation rights set forth in this Agreement, under no circumstances shall the Litigation Trust or the Litigation Trustee retain Cash in excess of a reasonable amount to meet Claims, expenses (including any litigation expenses incurred in connection with prosecuting the Permitted Litigation Claims), and contingent liabilities or to maintain the value of the Litigation Trust Assets during liquidation other than reserves established pursuant to Article III and/or Section 5.1.1 of this Agreement, and shall distribute all amounts not required to be retained for such purposes and not otherwise required to be distributed to the Litigation Trust Beneficiaries as promptly as reasonably practicable in accordance with the Plan and this Agreement.

2.9    <u>Acceptance by Litigation Trustee</u>.  The Litigation Trustee accepts its appointment as Litigation Trustee of the Litigation Trust.

2.10    <u>Appointment of the Litigation Trust Advisory Board</u>.  The members of the Litigation Trust Advisory Board are hereby appointed, effective as of the Effective Date, pursuant to the terms and conditions set forth in Section 4.1 of this Agreement.

2.11    <u>Privileges</u>.

2.11.1 [All attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "<u>Privileges</u>") held by any one or more of the applicable Debtors (including any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their respective predecessors) related to the Litigation Trust Assets are hereby transferred and assigned to the Litigation Trust.  The Debtors and/or the Reorganized Debtors shall not withhold any Information required to be provided to the Litigation Trustee under this Agreement on the basis that it is subject

to any Privileges.]  Information transferred by the Debtors and/or the Reorganized Debtors that is subject to such Privileges (the "Transferred Privileged Information") shall include documents and information of all manners, whether oral, written, or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a privilege that arises from any joint defense, common interest, or similar agreement involving any of the Debtors.

2.11.2  The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information in the Litigation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Litigation Trust and the Litigation Trust Beneficiaries. [The Litigation Trust shall have the authority and discretion to maintain the Privileges and keep the Transferred Privileged Information confidential or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information; *provided, however,* that the Litigation Trust may not, without good-faith consultation and coordination between the Litigation Trustee and the Reorganized Debtors, (i) waive any Privileges in respect of Transferred Privileged Information, or (ii) use or disclose any Transferred Privileged Information. The Reorganized Debtors may not make disclosure in a manner that could effectuate a waiver of any Privileges in respect of Transferred Privileged Information without good-faith consultation and coordination between the Litigation Trustee and the Reorganized Debtors.  If the Litigation Trustee or the Reorganized Debtors object to an action proposed to be taken by the other with regard to records, documents, or information related to the Litigation Trust Assets that are covered by the Privileges (or a disclosure that would result in a waiver), the parties shall be permitted to raise the issue with the Bankruptcy Court. The objecting party shall bear the burden of proof. Each of the parties shall bear its own costs and

expenses, including attorneys' fees, incurred in connection with such dispute.  Notwithstanding anything to the contrary contained herein, nothing in this Agreement shall operate as a waiver of any privileges held and retained by the Reorganized Debtors, including, but not limited to, the Privileges that are transferred to the Litigation Trust hereunder.]

## ARTICLE III

## ADMINISTRATION OF LITIGATION TRUST

3.1    <u>Rights, Powers, and Privileges of Litigation Trustee Generally</u>.    Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the Effective Date, the Litigation Trustee, on behalf of the Litigation Trust, may, subject to the oversight of the Litigation Trust Advisory Board, control and exercise authority and dominion over the Litigation Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Litigation Trust in accordance with the Plan and this Agreement. Subject to the oversight of the Litigation Trust Advisory Board set forth herein, in administering the Litigation Trust Assets, the Litigation Trustee shall, among other things, in an expeditious but commercially reasonable manner, (i) liquidate and convert to Cash the Litigation Trust Assets, (ii) make timely distributions in accordance with this Agreement and the Plan, and (iii) exercise reasonable business judgment and not unduly prolong the Litigation Trust's duration. Notwithstanding anything in the Plan or this Agreement to the contrary, the Litigation Trustee shall always act consistently with, and not contrary to, the purpose of the Litigation Trust as set forth in this Agreement and the Plan.

3.2    <u>Power to Contract</u>.    In consultation with the Litigation Trust Advisory Board, in furtherance of the purpose of the Litigation Trust, and except as otherwise specifically restricted in the Plan, the Confirmation Order, or this Agreement, the Litigation Trustee shall have the right

and power on behalf of the Litigation Trust and also may cause the Litigation Trust to enter into any covenants or agreements binding the Litigation Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Litigation Trustee to be consistent with, and advisable in, furthering the purpose of the Litigation Trust, including, without limitation, with respect to the Permitted Litigation Claims.

3.3     Ultimate Right to Act Based on Advice of Counsel or Other Professionals.    In consultation with the Litigation Trust Advisory Board, nothing in this Agreement shall be deemed to prevent the Litigation Trustee from taking or refraining to take any action on behalf of the Litigation Trust that, based upon the advice of counsel or other professionals, the Litigation Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Litigation Trustee may owe the Litigation Trust Beneficiaries or any other Person under the Plan, the Confirmation Order, or this Agreement.

3.4     Powers of Litigation Trustee.    Without limiting the generality of the above Section 3.1, in furtherance of, consistent with, and unless otherwise specifically limited or restricted by the purpose, terms, and conditions of the Plan, the Confirmation Order, or this Agreement, the Litigation Trustee shall, in consultation with the Litigation Trust Advisory Board, in addition to the powers granted in the Plan and the Confirmation Order, and those powers set forth herein, at the sole cost and expense of the Litigation Trust, have the power to take the following actions on behalf of the Litigation Trust and any powers reasonably incidental thereto that the Litigation Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Litigation Trust:

3.4.1    hold legal title to the Litigation Trust Assets and to any and all rights of the Freedom HoldCo Debtors and the OpCo Debtors (including as Reorganized Debtors, as applicable) and the Litigation Trust Beneficiaries in or arising from the Litigation Trust Assets;

3.4.2    receive, maintain, conserve, supervise, prosecute, collect, settle, manage, adjust, invest, protect, enforce, and, where appropriate, cause the Litigation Trust to abandon the Litigation Trust Assets, including causing the Litigation Trust to invest any monies held as Litigation Trust Assets in accordance with the terms of Section 3.9 hereof;

3.4.3    cause the Litigation Trust to investigate, pursue, litigate, and/or settle the Permitted Litigation Claims;

3.4.4    open and maintain bank accounts or any other accounts on behalf of, or in the name of, the Litigation Trust;

3.4.5    cause the Litigation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order, or this Agreement, and to perform all obligations thereunder;

3.4.6    receive, collect, hold, administer, and liquidate any and all of the Litigation Trust Assets, including, without limitation, the sale of any Litigation Trust Assets;

3.4.7    protect and enforce the rights to the Litigation Trust Assets (including, without limitation, the Permitted Litigation Claims) vested in the Litigation Trust and the Litigation Trustee by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise;

3.4.8    investigate any potential Permitted Litigation Claims and cause the Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004 in relation to the Permitted Litigation Claims;

3.4.9    investigate any Permitted Litigation Claims and review, reconcile, compromise, settle or object to OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims as set forth in the Plan, and cause the Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004 in relation to the Permitted Litigation Claims; *provided*, *however*, that the Litigation Trust shall not be permitted to seek relief under Bankruptcy Rule 2004 as against (i) any current employees, officers, or directors of the Reorganized Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Freedom Lender Group, and (iv) the Ad Hoc Group;

3.4.10  cause the Litigation Trust to employ or retain professionals, including without limitation, a distribution agent, and other agents, attorneys, financial advisors, independent contractors, and third parties pursuant to this Agreement and pay the reasonable compensation thereof as Litigation Trust Expenses; *provided, however*, that none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust, the Litigation Trustee, or the Litigation Trust Advisory Board;

3.4.11  cause the Litigation Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Litigation Trust Assets as Litigation Trust Expenses, solely out of the Litigation Trust Assets;

3.4.12  cause the Litigation Trust to review, reconcile, investigate, pursue, prosecute, enforce, collect, compromise, settle, abandon, or elect not to pursue all Disputed OpCo General Unsecured Claims, Disputed Freedom HoldCo General Unsecured Claims and the Permitted Litigation Claims;

3.4.13  calculate, authorize, and make all distributions to holders of Litigation Trust Units as provided for in, or contemplated by, the Plan and this Agreement;

3.4.14  establish, adjust, and maintain a Litigation Trust Disputed Claims Reserve;

3.4.15  cause the Litigation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Litigation Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such distribution under the income tax or other Laws of the United States or of any state or political subdivision thereof;

3.4.16  in reliance upon the Debtors' Schedules and the official Claims Register maintained in the Chapter 11 Cases, review, and, where appropriate, cause the Litigation Trust to Allow or object to OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims, and supervise and administer the Litigation Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to the Disputed OpCo General Unsecured Claims and Disputed Freedom HoldCo General Unsecured Claims permitted to be administered by the Litigation Trust in accordance with the Plan; *provided, however,* that the Litigation Trustee shall not be permitted to object to any Prepetition First Lien Loan Claims, Prepetition Second Lien Loan Claims, or Prepetition HoldCo Loan Claims;

3.4.17  in reliance upon the Debtors' Schedules and the Claims Register maintained in the Chapter 11 Cases, maintain a register evidencing the Litigation Trust Units held by each Litigation Trust Beneficiary and, in accordance with Section 3.10 of this Agreement, such register may be the official Claims Register maintained in the Chapter 11 Cases;

3.4.18  without limitation of, and as set forth in Section 3.4.15 of this Agreement, cause the Litigation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Litigation Trust, and file tax returns for the Litigation Trust as a grantor trust under Internal Revenue Code section 671 and

Treasury Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article VIII hereof (subject to the treatment of any portion of the Litigation Trust as a DOF or other separate Entity), and pay taxes, if any, payable for and on behalf of the Litigation Trust; *provided*, *however*, neither the Litigation Trust nor the Litigation Trustee shall have any responsibility or liability in any capacity whatsoever for the filing of Debtors' income tax returns for any period either prior to or after the Effective Date;

3.4.19  cause the Litigation Trust to abandon or donate to a charitable organization that qualifies for non-profit status under Internal Revenue Code section 501(c)(3) any Litigation Trust Assets that the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, determines to be too impractical to distribute to the Litigation Trust Beneficiaries or of inconsequential value to the Litigation Trust and the Litigation Trust Beneficiaries;

3.4.20  cause the Litigation Trust to send annually to Litigation Trust Beneficiaries, in accordance with the applicable tax Laws, a separate statement stating a Litigation Trust Beneficiary's interest in the Litigation Trust and its share of the Litigation Trust's income, gain, loss, deduction, or credit, and to instruct all such Litigation Trust Beneficiaries to report such items on their United States federal tax returns, as applicable;

3.4.21  cause the Litigation Trust to seek a determination of tax liability or refund of the Litigation Trust (including any Litigation Trust Disputed Claims Reserve treated as a DOF (if elected) or other separate Entity) under section 505 of the Bankruptcy Code;

3.4.22  cause the Litigation Trust to establish such reserves for taxes, assessments and other Litigation Trust Expenses as may be necessary and appropriate for the proper operation of matters incident to the Litigation Trust;

3.4.23  cause the Litigation Trust to purchase and carry all insurance policies that the Litigation Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs;

3.4.24  undertake all administrative functions of the Litigation Trust, including overseeing the winding down and termination of the Litigation Trust;

3.4.25  exercise, implement, enforce, and discharge all of the applicable and relevant terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement; and

3.4.26  take all other actions consistent with this Agreement, the Plan, and the Confirmation Order, that the Litigation Trustee deems reasonably necessary or desirable to administer the Litigation Trust.

3.4.27  Notwithstanding anything to the contrary herein, the Litigation Trustee shall not invest any Litigation Trust Assets, proceeds thereof, or any income earned by the Litigation Trust unless such investment is permitted to be made by a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue Procedure 94-45, 1994-2 C.B. 684.  The Litigation Trustee shall not be liable for interest or obligated to produce income on any moneys received by the Litigation Trust hereunder and held for distribution or payment, except as such interest or other income shall actually be received by the Litigation Trustee.

3.5    Limitations on Power and Authority of Litigation Trustee.    Notwithstanding anything to the contrary contained herein, the Litigation Trustee shall not have the authority to (i) take any action in contravention of the Plan, the Confirmation Order, or this Agreement; (ii) take

any action that would make it impossible to carry on the activities of the Litigation Trust; (iii) possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein; (iv) raise any financing, including any litigation financing, unless such financing is on market terms, and an equal opportunity to participate in such financing is offered on the same terms and on a *pro rata* basis to all Litigation Trust Beneficiaries; or (v) make any distribution to Litigation Trust Beneficiaries, unless such distributions are made on *pro rata* basis subject to the Litigation Trust Units Allocations.

3.6    <u>Authority to Pursue the Permitted Litigation Claims</u>.    In consultation with the Litigation Trust Advisory Board, the Litigation Trust shall have sole and absolute discretion with respect to the right, power, and interest to investigate, review, pursue, reconcile, prosecute, enforce, collect, compromise, settle, or elect not to pursue the Permitted Litigation Claims.    Except as otherwise provided in the Plan or the Confirmation Order, the Litigation Trust shall be vested with, and shall be entitled to assert all setoffs, cross-claims, defenses, and Causes of Action, whether arising at law or in equity, of the Freedom HoldCo Debtors, the OpCo Debtors or the Litigation Trust to any counterclaims that may be asserted by any defendant with respect to the Permitted Litigation Claims.    The Litigation Trust, acting by and through the Litigation Trustee, shall be the sole representative of the Freedom HoldCo Debtors' and OpCo Debtors' Estates under section 1123(b)(3) of the Bankruptcy Code with respect to the Permitted Litigation Claims.

3.6.1    Notwithstanding the Debtors or Reorganized Debtors providing any privileged information to the Litigation Trust or the Litigation Trustee, such privileged information shall be without waiver in recognition of the joint and/or successor interest in investigating and prosecuting the Permitted Litigation Claims and shall remain privileged.

3.6.2    The Litigation Trustee will exercise its reasonable business judgment in

prosecuting the causes of action held by the Litigation Trust.  Except as otherwise expressly set forth in this Agreement, the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, shall have sole discretion with respect to the prosecution, settlement, or other resolution of Permitted Litigation Claims as it determines are in the best interests of the holders of the Litigation Trust Units and consistent with its fiduciary duties and the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision.

      3.7    <u>Responsibility for Administration of Claims</u>.  From and after the Effective Date, the Litigation Trust shall, subject to any applicable consultation rights set forth in this Agreement, become responsible for administering and paying distributions to Holders of Litigation Trust Units *on a pro rata* basis, subject to the Litigation Trust Units Allocation.  The Litigation Trust, acting by and through the Litigation Trustee, shall have the right after the Effective Date to object to the allowance of any OpCo General Unsecured Claim or Freedom HoldCo General Unsecured Claim on any ground, to file, withdraw, or litigate to judgment objections to such Claims, to settle or compromise any Disputed OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims without any further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Freedom HoldCo Debtors, the OpCo Debtors, and their respective Estates; *provided* that the Litigation Trust shall consult with the Reorganized Debtors prior to taking such action to the extent such action may have an adverse impact on the Reorganized Debtors' Retained Causes of Action.  Except as set forth herein or in the Plan, the Litigation Trust, acting by and through the Litigation Trustee, shall also be entitled to assert all of the Freedom HoldCo Debtors', the OpCo Debtors', and their respective Estates' rights under, without limitation, section 558 of the Bankruptcy Code, and may seek estimation of any OpCo

General Unsecured Claims or Freedom HoldCo General Unsecured Claims under and subject to section 502(c) of the Bankruptcy Code.

3.8     <u>Agents and Professionals</u>.    Subject to Section 3.5.3 and this Section 3.8, the Litigation Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the Litigation Trustee believes have qualifications necessary to assist in the administration of the Litigation Trust.  For the avoidance of doubt, and without limitation of applicable Law, nothing in this Agreement (other than Section 3.5.3 and this Section 3.8) shall limit the Litigation Trustee from engaging counsel or other professionals, including the Litigation Trustee itself or the Litigation Trustee's firm or their affiliates, to do work for the Litigation Trust; *provided* that, none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust, the Litigation Trustee, or the Litigation Trust Advisory Board.  The Litigation Trustee shall pay the reasonable salaries, fees, and/or expenses of such Persons out of the Litigation Trust Assets in the ordinary course of business as Litigation Trust Expenses without the need for Bankruptcy Court approval.

3.9     <u>Safekeeping and Investment of the Litigation Trust Assets</u>.  All monies and other assets received by the Litigation Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the Litigation Trust Beneficiaries, but need not be segregated in separate accounts from other Litigation Trust Assets, unless and to the extent required by Law or the Plan.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, neither the Litigation Trust nor the Litigation Trustee shall have any liability for interest or producing income on any monies received by them and held for distribution on account of the Litigation Trust Beneficiaries except as such interest

shall actually be received by the Litigation Trust or the Litigation Trustee, which shall be distributed as provided herein and in the Plan.  Except as otherwise provided by the Plan, the powers of the Litigation Trustee to invest any monies held by the Litigation Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Litigation Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills or money market funds that invest exclusively in United States Treasury bills and United States Treasury notes; *provided*, *however*, that the scope of permissible investments shall be limited to include only those investments that a "liquidating trust," within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, Internal Revenue Service pronouncements, or otherwise.  For the avoidance of doubt, the provisions of section 11-2.3 of the Estates, Powers, and Trusts Law of New York shall not apply to this Agreement.  Notwithstanding the foregoing, the Litigation Trustee shall not be prohibited from engaging in any trade or business on its own account, *provided that* such activity does not interfere or conflict with the Litigation Trustee's administration of the Litigation Trust (including the Litigation Trust's status as a "liquidating trust" for tax purposes).

3.10    Maintenance and Disposition of Litigation Trust and Debtor Records.    The Litigation Trustee shall maintain accurate records of the administration of the Litigation Trust Assets, including receipts and disbursements and other activity of the Litigation Trust.  The Litigation Trust may (at its sole cost and expense), but has no obligation to, engage a claims agent (including, but not limited to, the Debtors' Claims Agent) to continue to maintain and update the Claims Register maintained in the Chapter 11 Cases throughout the administration of the Litigation

Trust.  To the extent of any General Unsecured Claims reflected thereon, the Claims Register may serve as the Litigation Trustee's register of Litigation Trust Units held by Litigation Trust Beneficiaries.  The books and records maintained by the Litigation Trustee and any records of the Debtors transferred to the Litigation Trust may be disposed of by the Litigation Trustee at the later of (i) such time as the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Litigation Trust or the Litigation Trust Beneficiaries and (ii) upon the termination and completion of the winding down or dissolution of the Litigation Trust.

3.11    <u>Reporting Requirements</u>.  The Litigation Trustee shall provide the Reorganized Debtors, U.S. Trustee, the Litigation Trust Advisory Board, and the Bankruptcy Court the information and reports they may reasonably request concerning the administration of the Litigation Trust.

3.12    <u>No Bond Required; Procurement of Insurance</u>.  Notwithstanding any state or other applicable Law to the contrary, the Litigation Trustee (including any successor Litigation Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond.  The Litigation Trustee is hereby authorized, but not required, to obtain all reasonable insurance coverage for itself, the Litigation Trust Advisory Board, or their respective agents, representatives, employees, or independent contractors, including, without limitation, coverage with respect to the liabilities, duties, and obligations of the Litigation Trustee and its agents, representatives, employees, or independent contractors under this Agreement.  The cost of any such insurance coverage shall be an expense of the Litigation Trust, constitute Litigation Trust Expenses, and be paid out of the Litigation Trust Assets.

3.13    <u>Fiduciary and Other Duties.</u>  [Notwithstanding anything in the Plan or this Agreement to the contrary, the Litigation Trustee shall always act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust as described herein and as set forth in the Plan.  The Litigation Trustee shall have a fiduciary duty of care and loyalty to the Litigation Trust Beneficiaries (which shall not include, for the avoidance of doubt, the Debtors or the Reorganized Debtors) and shall otherwise have fiduciary duties consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her, or its responsibilities accordingly.  Except for obligations expressly imposed on the Litigation Trustee by this Agreement, to the extent that, at law or in equity, the Litigation Trustee has duties (including fiduciary duties, other than any fiduciary duties expressly preserved herein) to the Litigation Trust Beneficiaries or to any other person that is a party to or is otherwise bound by this Agreement, such duties are hereby eliminated by this Agreement to the fullest extent permitted by applicable law; *provided*, *however*, that this Agreement does not eliminate the implied contractual covenant of good faith and fair dealing.]

**<u>ARTICLE IV</u>**

**THE LITIGATION TRUST ADVISORY BOARD**

4.1    <u>Appointment of the Litigation Trust Advisory Board</u>.  On or prior to the Effective Date, a three-person Litigation Trust Advisory Board shall be appointed and include: (i) two designees of the Freedom HoldCo Debtors (which designees shall be selected by the Freedom Lender Group) and (ii) one designee of the OpCo Debtors (which designee shall be selected by the Creditors' Committee with the consent of the Required Consenting First Lien Lenders) (each designee, a "<u>Member</u>").  The initial Members of the Litigation Trust Advisory Board are Parties

to this Agreement.  No Member of the Litigation Trust Advisory Board shall be the Litigation Trustee.

    4.2   <u>Fiduciary Duties</u>.  The Litigation Trust Advisory Board and its Members shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her, or its responsibilities accordingly; [*provided*, *however*, that the Litigation Trust Advisory Board shall not owe fiduciary obligations to the Debtors, the Reorganized Debtors, or any defendants of Permitted Litigation Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trust Advisory Board's obligations are to maximize the value of the Litigation Trust Assets, including the Permitted Litigation Claims.]   In all circumstances, the Litigation Trust Advisory Board shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

    4.3   <u>Authority and Responsibilities</u>.

    4.3.1   The Litigation Trust Advisory Board shall have the authority and responsibility to (i) monitor and oversee the administration of the Litigation Trust, (ii) monitor and oversee the activities and performance of the Litigation Trustee, (iii) designate another Person to become the Litigation Trustee in the event of the resignation or removal for Cause (as defined in Section 9.3 herein), liquidation, dissolution, death, or incapacity of the Litigation Trustee in accordance with Section 9.5 hereof, and (iv) perform such other tasks as expressly set forth in the Plan, the Confirmation Order, and this Agreement.

    4.3.2   The Litigation Trust Advisory Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise

required under the Plan, the Confirmation Order, or this Agreement, consult with and advise the Litigation Trustee as to the administration and management of the Litigation Trust in accordance with the Plan, the Confirmation Order, and this Agreement.

4.3.3    Members of the Litigation Trust Advisory Board shall make themselves reasonably available for consultation by the Litigation Trust Beneficiaries.

4.4    Regular Meetings of the Litigation Trust Advisory Board.  The first meeting of the Litigation Trust Advisory Board shall occur no later than thirty (30) calendar days after the Effective Date.  Meetings of the Litigation Trust Advisory Board are to be held at least quarterly.

4.5    Special Meetings of the Litigation Trust Advisory Board.  Special meetings of the Litigation Trust Advisory Board may be held whenever and wherever called for by any Member; *provided* that notice of any such special meeting shall be duly given in writing no less than 48 hours prior to such special meeting (such notice being subject to waiver by the Members).

4.6    Litigation Trust Advisory Board's Action Without a Meeting.  Any action required or permitted to be taken by the Litigation Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Advisory Board as evidenced by a written consent describing the action taken, signed by all Members.

4.7    Regular Meetings of the Litigation Trustee and the Litigation Trust Advisory Board.  Meetings of the Litigation Trustee and the Litigation Trust Advisory Board are to be held with such frequency and at such place as the Litigation Trustee and the Litigation Trust Advisory Board may determine in their sole discretion, but in no event shall such meetings be held less frequently than quarterly.

4.8      <u>Special Meetings of the Litigation Trustee and the Litigation Trust Advisory Board</u>. Special meetings of the Litigation Trustee and the Litigation Trust Advisory Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided* that notice of any such special meeting shall be duly given in writing no less than 48 hours prior to such special meeting (such notice being subject to waiver by the Litigation Trustee and the Members).

4.9      <u>Manner of Acting</u>.

4.9.1    A majority of the total number of Members of the Litigation Trust Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Advisory Board; *provided, however,* that a quorum any meeting of the Litigation Trust Advisory Board will require the attendance of the Member designated by the OpCo Debtors pursuant to their designation right (subject to the applicable consent rights).  The affirmative vote of a majority of the votes of all Members present and entitled to vote at a meeting of the Litigation Trust Advisory Board at which a quorum is present shall be the act of the Litigation Trust Advisory Board, except as otherwise required by Law or as provided in this Agreement.  In the absence of a quorum at any meeting of the Litigation Trust Advisory Board, a majority of the votes of the Members present and entitled to vote may adjourn the meeting from time to time without further notice, other than announcement at the meeting, until a quorum shall be present.  Each Member shall have one (1) vote on all matters submitted to the Litigation Trust Advisory Board for the vote, consent or approval of the Litigation Trust Advisory Board (other than matters for which such Member is not entitled to vote, as expressly set forth in this Agreement).

4.9.2    Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, video conference or similar communications equipment by means of which all Persons participating in the meeting may hear

each other.  Any Member participating in a meeting by this means is deemed to be present in person at the meeting.  Voting (including on negative notice) may be conducted by e-mail or individual communications by the Litigation Trustee and each Member.

4.9.3    Any Member who is present and entitled to vote at a meeting of the Litigation Trust Advisory Board (including any meeting of the Litigation Trustee and the Litigation Trust Advisory Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Advisory Board, unless: (i) such Member of the Litigation Trust Advisory Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Advisory Board before its adjournment.  The right of dissent or abstention is not available to any Member of the Litigation Trust Advisory Board who votes in favor of the action taken.

4.9.4    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each Member of the Litigation Trust Advisory Board shall report to the Litigation Trust Advisory Board any conflict of interest such Member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such Member may have with respect to or in connection with such matter or issue, other than solely as a holder of Litigation Trust Units).  A Member who, with respect to a matter or issue, has or who may have a conflict of interest whereby such Member's interests are adverse to the interests of the Litigation Trust (i) shall be deemed to be a "Conflicted Member" who shall not be entitled to vote or take part in any action with respect to such matter or issue, (ii) the vote

or action with respect to such matter or issue shall be undertaken only by Members of the Litigation Trust Advisory Board who are not Conflicted Members; and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the Members of the Litigation Trust Advisory Board who are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trust Advisory Board; *provided* that a Member shall not be deemed to be a Conflicted Member with respect to a particular matter or issue if such Member merely has an economic interest in the outcome of such matter or issue solely as a holder of Litigation Trust Units.

4.9.5    The Members of the Litigation Trust Advisory Board shall have the authority to designate any Person to act on their behalf, including, without limitation, to attend, participate in and vote at meetings of the Litigation Trust Advisory Board.

4.9.6    Compensation.  Unless determined by the Litigation Trust Advisory Board, no Member shall be entitled to compensation in connection with his/her service to the Litigation Trust Advisory Board.

4.10    Reimbursement of Expenses.  The Litigation Trust shall reimburse all reasonable and documented out-of-pocket expenses incurred by the Members of the Litigation Trust Advisory Board in connection with the performance of each of their duties hereunder and shall reimburse all such Members for any and all losses, liabilities, expenses, or damages that such Members may, in good faith and without willful misconduct, gross negligence, or fraud, sustain in the exercise and performance of any of the powers and duties of the Litigation Trust Advisory Board under this Agreement.

4.10.1 The Litigation Trust Advisory Board shall have no obligation or responsibility to retain, engage or consult any attorneys, professionals or other advisors, and in the

event the Litigation Trust Advisory Board elects to retain, engage or consult any such persons, the Litigation Trust shall have no obligation to pay any of the fees, costs or expenses of such persons, except that the Litigation Trust shall pay an amount jointly agreed by the Litigation Trustee and the unanimous vote of the Litigation Trust Advisory Board for the fees, costs or expenses of any attorneys engaged by unanimous vote of the Litigation Trust Advisory Board at reasonable rates to advise the Litigation Trust Advisory Board on its rights and responsibilities under this Agreement; *provided, however*, that none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust Advisory Board.

4.10.2 The Litigation Trust Advisory Board shall have the right to cause the Litigation Trust to purchase insurance coverage with respect to the liabilities and obligations of its Members under this Agreement, except to the extent that such liabilities and obligations are covered by other insurance applicable to the service of such Members of the Litigation Trust Advisory Board.

4.11    Tenure of the Members of the Litigation Trust Advisory Board.  The authority of the Members of the Litigation Trust Advisory Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 10.3.  The Members will serve until such Member's successor is duly appointed or until such Member's earlier resignation, removal, death (in the case of a Member that is a natural Person), or dissolution (in the case of a Member that is not a natural Person).

4.12    Resignation of the Members of the Litigation Trust Advisory Board.  A Member may resign by giving not less than thirty (30) days' prior written notice of resignation to the Litigation Trustee and the other Members.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor.

4.13    <u>Removal of the Members of the Litigation Trust Advisory Board</u>.  A Member may be removed from the Litigation Trust Advisory Board for Cause by motion in the Bankruptcy Court made either by (a) the Litigation Trustee;(b) any Litigation Trust Beneficiary, or (c) *sua sponte* by the Bankruptcy Court.

4.14    <u>Appointment of a Successor Member of the Litigation Trust Advisory Board</u>.

4.14.1  In the event of a vacancy on the Litigation Trust Advisory Board (whether by resignation, removal, death or dissolution), the Litigation Trust Beneficiary that originally appointed the vacating Member shall be entitled to appoint a Person or Entity as a successor to the vacating Member; *provided*, that the Ad Hoc Group will be substituted for the Creditors' Committee for this purpose after the Creditors' Committee is disbanded pursuant to the Plan.

4.14.2  Immediately upon the appointment of any successor Member, all rights, powers, duties, authority and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act, and such successor Member will not be liable personally for any act or omission of the predecessor Member.

4.14.3  Every successor Member appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Member without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Member.

4.15    <u>Confidentiality</u>.  Each Member shall, during the period that such Member serves as a Member under this Agreement and following the termination of this Agreement or following such Member's removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person or Entity to

which any of the Litigation Trust Assets relates or of which such Member has become aware in their capacity as Member of the Litigation Trust Advisory Board, until (i) such information is made public other than by disclosure by such Member in violation of this Agreement; (ii) the Litigation Trust is required by Law to disclose such information (in which case the Litigation Trust shall provide the relevant Person or Entity reasonable advance notice and an opportunity to protect his, her, or its rights); or [(iii) the Litigation Trust obtains a waiver of such confidentiality from the applicable Person or Entity; *provided, however,* notwithstanding the foregoing, upon reasonable request, the Ad Hoc Group (and it counsel) and the Freedom Lender Group (and its counsel) shall be entitled to receive any reasonable information that it may request relating to the Litigation Trust and the Litigation Trust Assets, and the Member designated by the OpCo Debtors and the Members designated by the Freedom HoldCo Debtors, respectively, may disclose any information relating to the Litigation Trust and the Litigation Trust Assets on a confidential basis to the Ad Hoc Group (and/or its counsel) and the Freedom Lender Group (and/or its counsel), respectively, and shall have the right to confer on a confidential basis with the Ad Hoc Group (and/or its counsel) and the Freedom Lender Group (and/or its counsel), respectively, regarding the same.]

## ARTICLE V

### DISTRIBUTIONS

5.1    <u>Distribution and Reserve of Litigation Trust Assets</u>.  Following the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trustee shall, in consultation with the Litigation Trust Advisory Board, make continuing efforts on behalf of the Litigation Trust to collect, liquidate, and distribute all Litigation Trust Assets, subject to the reserves deemed necessary by the Litigation Trustee pursuant to this Agreement, in accordance with the Plan.

5.1.1    <u>Distributions</u>.  The Litigation Trustee shall make distributions to the extent of the Litigation Trust Net Assets, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, to Holders of Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims, on a *pro rata* basis and subject to the Litigation Trust Units Allocations.  The Litigation Trustee, in consultation with the Litigation Trust Advisory Board, shall cause the Litigation Trust to make distributions to Litigation Trust Beneficiaries at least annually but as often as reasonably possible, so long as the Litigation Trustee determines, in good faith, that the retention of certain of the Litigation Trust Assets, including the Litigation Trust Escrow Amount, is no longer necessary to (i) meet contingent liabilities, (ii) maintain the Litigation Trust Disputed Claims Reserve, (iii) maintain the value of the Litigation Trust Assets pending their liquidation during the term of the Litigation Trust, or (iv) pay or be reserved for reasonably incurred or anticipated expenses or claims of the Litigation Trust and the Litigation Trustee, including, but not limited to, the Litigation Trust Expenses.  The retention of such amount may preclude distributions to Litigation Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.  The Litigation Trust may engage disbursing agents and other Persons as reasonably necessary to assist in making such distributions.

5.1.2    <u>No Payment Over the Full Amount</u>.  In no event shall the Holder of an Allowed Claim receive distributions on account of its Allowed Claim for more than the full payment on account of such Claim.

5.1.3    <u>Reserves; Pooling of Reserved Funds</u>.  Before any distribution can be made, the Litigation Trustee shall, in its reasonable discretion, but subject to any applicable consultation

and/or consent rights expressly set forth in this Agreement, establish, supplement, and maintain a reserve in an amount sufficient to meet any and all liabilities and Litigation Trust Expenses, including attorneys' fees and expenses and the fees and expenses of other professionals. In accordance with the Plan and Section 3.4.14 of this Agreement, the Litigation Trust may also maintain as necessary one or more reserves (including the Litigation Trust Disputed Claims Reserve) with respect to the OpCo General Unsecured Claims and Freedom HoldCo General Unsecured claims required to be administered by the Litigation Trust. For the avoidance of doubt, subject to the Plan and Confirmation Order, the Litigation Trustee may withhold any distribution pending the Litigation Trust's determination of whether to object to any OpCo General Unsecured Claim or Freedom HoldCo General Unsecured Claim. Any such withheld distribution shall become part of a reserve (the "Litigation Trust Disputed Claims Reserve") and shall be distributed to the appropriate Litigation Trust Beneficiary no later than the first Distribution Record Date after a decision is made not to object to the pertinent General Unsecured Claim or such General Unsecured Claim becomes Allowed. The Litigation Trustee need not maintain any of the Litigation Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Litigation Trust; *provided*, *however*, that the Litigation Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

      5.1.4    Distributions Net of Reserves and Costs. Distributions shall be made net of reserves in accordance with the Plan and this Agreement, and also net of the actual and reasonable costs of making the distributions. The Litigation Trustee may, subject to any applicable consultation and/or approval rights expressly set forth in this Agreement, sell or otherwise dispose of Litigation Trust Assets in order to pay such costs. The Litigation Trust Escrow Amount shall be primarily reserved for the costs and expenses (including, any advisor fees and expenses) of the

Litigation Trust; *provided,* that, if the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, determines in good faith that the Litigation Trust Escrow Amount is no longer necessary to cover such costs and expenses (including, any advisor fees and expenses) of the Litigation Trust, then the Litigation Trustee shall be entitled to distribute the Cash to Litigation Trust Beneficiaries in accordance with the terms of this Agreement and consistent with its fiduciary duties.

5.1.5    <u>Right to Rely on Professionals</u>.    Without limitation of the generality of Section 7.6 of this Agreement, in determining the amount of any distribution or reserves, the Litigation Trustee may rely on, and shall be fully protected in relying on the advice and opinion of, the Litigation Trust's attorneys, financial advisors, accountants, or other professionals.

5.2    <u>Withholding from Distributions</u>.    The Litigation Trustee, in its discretion, may cause the Litigation Trust to deduct and withhold from amounts distributable from the Litigation Trust to any Litigation Trust Beneficiaries any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any Law, regulation, rule, ruling, directive, or other governmental requirement on such Litigation Trust Beneficiary or the Litigation Trust, including with respect to the amount to be distributed to such Litigation Trust Beneficiary, any amounts received by, collections of, or earnings of the Litigation Trust and any proceeds from the Litigation Trust Assets.  The Litigation Trustee shall determine such maximum amount to be withheld by the Litigation Trust in its sole, reasonable discretion and shall cause the Litigation Trust to distribute to such Litigation Trust Beneficiary any excess amount withheld.  The Litigation Trustee may, if necessary or appropriate to comply with applicable withholding requirements, withhold the entire distribution due to any Litigation Trust Beneficiary until such Litigation Trust Beneficiary provides the necessary information to comply with any

withholding requirements of any governmental unit. All such amounts deducted or withheld and timely paid to the appropriate taxing authority shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of the Plan and this Agreement, to the extent permitted by applicable Law.

5.3     <u>Internal Revenue Service Forms</u>.  The Litigation Trustee may require the Holder of a Claim entitling the Holder to receive a Litigation Trust Unit to, and each such Holder shall, properly complete and execute the appropriate Internal Revenue Service Form W-8 (including any supporting documents) or Internal Revenue Service Form W-9, or such other documentation, as a prerequisite to receiving any distribution under the Plan or this Agreement.  If a Holder of such Claim does not provide to the Litigation Trustee within ninety (90) days of first written request with all documentation that in the Litigation Trustee's reasonable business judgment is necessary to determine the tax withholding and reporting requirements for such Claim, then any current or future distribution on such Claim shall be deemed forfeited, and the underlying Claim and the funds shall in respect of such present and future distribution(s) shall revert to the Litigation Trust for all purposes, including but not limited to, redistribution to other Litigation Trust Beneficiaries, in accordance with the terms of the Confirmation Order, the Plan, and Section 5.4 of this Agreement; *provided*, *however*, that no additional ninety (90) day period under Section 5.4 of this Agreement shall be required to pass before such distributions become unrestricted funds of the Litigation Trust.

5.4     <u>Unclaimed and Undeliverable Distributions</u>.  Unclaimed property (including, but not limited to, uncashed checks), together with any distributions to Litigation Trust Beneficiaries returned as undeliverable, shall be held by the Litigation Trustee in an unclaimed property reserve (the "<u>Unclaimed Property Reserve</u>") for a period of ninety (90) days from the date of first issuance,

and may be released by the Litigation Trustee prior to the expiration of such time period if presentation of proper proof by such Litigation Trust Beneficiary of its entitlement thereto is presented to the Litigation Trustee.  After the expiration of the applicable time period set forth in this Section 5.4, all unclaimed property or interest in property otherwise payable to a Holder of a Litigation Trust Unit or its successors shall revert to the Litigation Trust for all purposes including, but not limited to, for redistribution in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  Upon such revesting, the Holder's Allowed Claim entitling such Holder to Litigation Trust Units shall be cancelled, released, discharged and forever barred and the Allowed Claim of any other Holder to such property or interest in property shall be discharged and forever barred notwithstanding any applicable federal, state or provincial escheat, abandoned, or unclaimed property Laws, or any provisions in any document governing the distribution that is an unclaimed distribution to the contrary.

     5.5    <u>No Responsibility to Attempt to Locate Litigation Trust Beneficiaries</u>.  If a distribution is returned to the Litigation Trust as undeliverable, or otherwise remains unclaimed, no further distribution shall be made to a Holder of an applicable Allowed Claim unless and until such Holder notifies the Litigation Trustee of such Holder's then-current address and taxpayer identification number.  The Litigation Trustee may, in its sole discretion, attempt to determine a Holder of an applicable Allowed Claim's current address or otherwise locate such Holder, but nothing in this Agreement or the Plan shall require the Litigation Trustee to do so.

     5.5.1    <u>Inapplicability of Escheat, Abandoned or Unclaimed Property Laws</u>. Unclaimed property held by the Litigation Trust shall not be subject to the escheat, abandoned or unclaimed property Laws of the United States, or any state, provincial, or local governmental unit.

5.6    <u>Request for Reissuance</u>.  Distribution checks shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Distribution checks not cashed within such 90-day period shall be treated as unclaimed property that has been held in the Unclaimed Property Reserve as set forth above in Section 5.4.  Requests for reissuance of any check shall be made in writing directly to the Litigation Trustee by the Holder of the applicable Allowed Claim that was originally issued such check.  All such requests shall be made promptly and in time for the check to be reissued and cashed before the funds for the checks become unrestricted Litigation Trust Assets under Section 5.4 of this Agreement.  The Holder of an Allowed Claim shall bear all the risk that, and shall indemnify and hold the Litigation Trust, and the Litigation Trustee, and the Litigation Trust Advisory Board harmless against any loss that may arise if, the Litigation Trustee does not reissue a check promptly after receiving a request for its reissuance.

5.7    <u>Conflicting Claims of Litigation Trust Units</u>.  If any conflicting claims or demands are made or asserted with respect to the Litigation Trust Unit of a Litigation Trust Beneficiary, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Litigation Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

5.7.1    The Litigation Trustee may, in consultation with the Litigation Trust Advisory Board, elect to cause the Litigation Trust to make no payment or distribution with respect to the Litigation Trust Unit subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands in accordance with Article XIII of the Plan. Except for any liability arising from the Litigation Trustee's breach of its fiduciary

duties expressly preserved herein, neither the Litigation Trust, nor the Litigation Trustee, nor the Litigation Trust Advisory Board shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Litigation Trust, Litigation Trustee, or the Litigation Trust Advisory Board be liable for interest on any funds which may be so withheld.

5.7.2    The Litigation Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Litigation Trustee, which agreement shall include a complete release of the Litigation Trust and Litigation Trustee. Until the Litigation Trustee receives written notice that one of the conditions of the preceding sentence is met, the Litigation Trustee may deem and treat as the absolute owner under this Agreement of the Litigation Trust Units in the Litigation Trust the Litigation Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Litigation Trustee. The Litigation Trustee may deem and treat such Litigation Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

5.8    <u>Limitation on Liability</u>.    Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, in acting or refraining from acting under and in accordance with this the Agreement, the Litigation Trustee shall be fully protected and incur no liability to any purported claimant or any other Person pursuant to Article VII of this Agreement.

5.9    <u>Priority of Expenses of Litigation Trust</u>.    The Litigation Trust shall pay or reserve

for all necessary Litigation Trust Expenses before making any distributions, including but not limited to, any distribution to Litigation Trust Beneficiaries.

5.10    Minimum Distributions.  If any distribution under the Plan to the Holder of an Allowed Claim would be less than $250.00, the Litigation Trust may hold such distribution until the time of a subsequent or final distribution.  If the final distribution under the Plan to the Holder of an Allowed Claim would be less than $250.00, the Litigation Trust may cancel such distribution. Any cancelled distributions pursuant to this Section 5.10 shall revert to the Litigation Trust for all purposes, including distributions to other Holders of Allowed Claims.

## ARTICLE VI

## LITIGATION TRUST BENEFICIARIES

6.1    Interest Beneficial Only.  The ownership of a Litigation Trust Unit shall not entitle any Litigation Trust Beneficiary or the Debtors to any title in or to the Litigation Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

6.2    Ownership of Litigation Trust Beneficial Interests Hereunder.  Each Litigation Trust Beneficiary shall own a Litigation Trust Unit herein which shall, subject to Article V of this Agreement and the Plan, be entitled to a distribution in the amounts, and at the times, set forth in the Plan and hereunder.

6.3    Evidence of Litigation Trust Beneficial Interest.  Ownership of a Litigation Trust Unit shall not be evidenced by any certificate, security, or receipt, or in any other form or manner whatsoever, except as maintained on the books and records of the Litigation Trust by the Litigation Trustee.

6.4    No Right to Accounting.  Except as otherwise provided in this Agreement, neither the Litigation Trust Beneficiaries nor their successors, assigns, creditors, nor any other Person

shall have any right to an accounting by the Litigation Trustee, and the Litigation Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Litigation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for making any advance, payment, or distribution out of proceeds of Litigation Trust Assets.

6.5    <u>Requirement of Undertaking</u>.  The Litigation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Litigation Trustee for any action taken or omitted by it as Litigation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, that the provisions of this Section 6.5 shall not apply to any suit by the Litigation Trust or Litigation Trustee.

6.6    <u>Limitation on Transferability</u>.  It is understood and agreed that the Litigation Trust Units shall be non-transferable and non-assignable during the term of this Agreement except if transferred by will, intestate succession, if required to be transferred as part of a liquidation or winding up of a holder, or otherwise by operation of Law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Litigation Trustee, and the Litigation Trustee may continue to cause the Litigation Trust to pay all amounts to or for the benefit of the assigning Litigation Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Litigation Trustee may rely upon such proof without the requirement of any further investigation.

6.7    <u>Exemption from Registration</u>.  The rights of the Litigation Trust Beneficiaries arising under this Agreement may be deemed "securities" under applicable Law.  However, such

rights have not been defined as "securities" under the Plan because (i) the Parties hereto intend that such rights shall not be securities and (ii) if the rights arising under this Agreement in favor of the Litigation Trust Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No Party to or beneficiary of this Agreement shall make a contrary or different contention.

6.8     <u>Delivery of Distributions</u>.  Subject to the terms of this Agreement, the Litigation Trustee shall cause the Litigation Trust to make distributions to Litigation Trust Beneficiaries in the manner provided in the Plan and in this Agreement.

6.9     <u>Limited Liability</u>.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, any breach of the terms of this Agreement, or any claim or cause of action for fraud, willful misconduct, or gross negligence, no provision of this Agreement, the Plan, or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any Litigation Trust Beneficiary, shall give rise to any liability to such Litigation Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, creditors, successors, representatives, employees, or Holders of Interests of any Debtor, or by any other Person.  Litigation Trust Beneficiaries are deemed to receive the Litigation Trust Assets in accordance with the provisions of this Agreement, the Plan, and the Confirmation Order in exchange for their Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims, as applicable, as set forth in the Plan without further obligation or liability of any kind, but subject to the provisions of this Agreement.

## ARTICLE VII

## THIRD-PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1    <u>Parties Dealing with the Litigation Trustee</u>.  In the absence of actual knowledge to the contrary, any Person dealing with the Litigation Trust or the Litigation Trustee shall be entitled to rely on the authority of the Litigation Trustee or any of the Litigation Trustee's agents to act in connection with the Litigation Trust Assets.  There is no obligation of any Person dealing with the Litigation Trustee to inquire into the validity or expediency or propriety of any transaction by the Litigation Trustee or any agent of the Litigation Trustee.

7.2    <u>Limitation of Litigation Trustee Liability</u>.  In exercising the rights granted herein, the Litigation Trustee shall exercise its best judgment in accordance with its fiduciary duties, to the end that the affairs of the Litigation Trust shall be properly managed and the interests of all of the Litigation Trust Beneficiaries safeguarded.  However, notwithstanding anything herein to the contrary, other than any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, neither the Litigation Trustee nor any of its respective firms, companies, affiliates, partners, officers, directors, members, employees, designees, professionals, advisors, attorneys, representatives, or disbursing agents, or agents, and any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of Law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered by the Litigation Trust.  Other than any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, in no event shall the Litigation Trustee be liable for indirect, punitive, special,

48

incidental, or consequential damage or loss (including, but not limited to, lost profits) whatsoever, even if the Litigation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Without limiting the foregoing, the Litigation Trustee shall be entitled to the benefits of the limitation of liability and exculpation provisions set forth in the Plan and the Litigation Trustee shall be entitled to the benefits of the limitation of liability and exculpation provisions set forth in the Confirmation Order.

7.3     No Liability for Acts of Other Persons.  None of the Persons identified in the immediately preceding Section 7.2 of this Agreement shall be liable for the act or omission of any other Person identified in that Section.

7.4     No Liability for Acts of Predecessors.  No successor Litigation Trustee shall be in any way responsible for the acts or omissions of any Litigation Trustee in office prior to the date on which such successor becomes the Litigation Trustee, unless a successor Litigation Trustee expressly assumes such responsibility.

7.5     No Liability for Good Faith Error of Judgment.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, the Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally and ultimately determined by a court of competent jurisdiction that the Litigation Trustee was grossly negligent.

7.6     Reliance by Litigation Trustee on Documents and Advice of Counsel or Other Persons.  Except as otherwise provided herein, the Litigation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties.  The Litigation Trustee also may engage and

consult with its respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered in good faith reliance upon the advice of such counsel, agents, or advisors to the extent permitted by Law, except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein.

7.7     <u>No Liability For Acts Approved by Bankruptcy Court</u>.  The Litigation Trustee shall have the right at any time to seek an order from the Bankruptcy Court concerning the administration or disposition of the Litigation Trust, Permitted Litigation Claims, OpCo General Unsecured Claims, Freedom HoldCo General Unsecured Claims, and Litigation Trust Assets required to be administered by the Litigation Trust.  Following the entry of any such order of the Bankruptcy Court, the Litigation Trustee shall not be liable for any act or omission expressly taken in accordance with, and not inconsistent with, any such order, and all such actions or omissions shall be deemed not to constitute fraud, gross negligence, or willful misconduct.

7.8     <u>No Personal Obligation for Litigation Trust Liabilities</u>.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, Persons dealing with the Litigation Trustee shall have recourse only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to any such Person in carrying out the terms of this Agreement, and the Litigation Trustee shall have no personal, individual obligation to satisfy any such liability.

7.9     <u>Indemnification</u>.  The Litigation Trustee, the Litigation Trust Advisory Board, and each of their or the Litigation Trust's respective accountants, agents, assigns, attorneys, consultants, directors, employees, executors, financial advisors, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, the employees of the Litigation Trust, and their respective agents, employees, officers, directors,

professionals, attorneys, accountants, advisors, representatives, affiliate, employer and successors and principals  (each, an "Indemnified Party") shall be indemnified for, and defended and held harmless against, by the Litigation Trust solely from the Litigation Trust Assets, for any losses, liability, claims, damages, judgment, fine, penalty, claim, demand, settlement, cost, or expenses occurring on or after the Effective Date (including reasonable attorneys' fees and expenses which the Indemnified Party may incur in connection therewith) for any act or omission in their capacity as, or on behalf of, the Litigation Trust or Litigation Trustee in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or this Agreement, as applicable if the applicable Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Litigation Trust or the Litigation Trust Beneficiaries, except if such loss, liability, or damage is ultimately and finally determined by a court of competent jurisdiction to have resulted from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting indemnification.  An act or omission taken by the Litigation Trustee pursuant to Section 7.7 of this Agreement will be deemed not to constitute gross negligence, willful misconduct, or fraud.  The amounts necessary for the indemnification provided in this Section (including, but not limited to, any costs and expenses incurred in enforcing the right of indemnification in this Section) shall be paid by the Litigation Trustee out of the Litigation Trust Assets; *provided*, *however*, that that the Litigation Trust shall not be liable to indemnify, (x) the Litigation Trustee for any breach of its fiduciary duty set forth herein, or (y) any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence, fraud, or willful misconduct as is ultimately and finally determined by a court of competent jurisdiction.  The Indemnified Parties shall be entitled to obtain advances from the Litigation Trust to cover their reasonable expenses of defending themselves in any action brought against them as

a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising from their own respective willful misconduct, fraud, or gross negligence; *provided*, *however*, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section 7.9 of this Agreement.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, the Litigation Trustee shall not be personally liable for the payment of any Litigation Trust Expense or claim or other liability of the Litigation Trust, and no Person shall look to the Litigation Trustee personally for the payment of any such expense or liability.  Notwithstanding anything herein to the contrary, nothing contained in this Section 7.9 shall require the Debtors, the Reorganized Debtors, or any Litigation Trust Beneficiary to indemnify any Indemnified Persons pursuant to this Agreement.

7.9.1    Expense of Litigation Trust; Limitation on Source of Payment of Indemnification.  All indemnification liabilities of the Litigation Trust under this Section 7.9 shall be expenses of the Litigation Trust and constitute Litigation Trust Expenses.  The amounts necessary for such indemnification and reimbursement shall be paid by the Litigation Trust out of the available Litigation Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Litigation Trust.  Except for any liability arising from the Litigation Trustee's breach of its fiduciary duties expressly preserved herein, the Litigation Trustee shall not be personally liable for the payment of any Litigation Trust Expenses or claim or other liability of the Litigation Trust, and no Person shall look to the Litigation Trustee or other Indemnified Parties personally for the payment of any such Litigation Trust Expenses or liability, unless it is ultimately

and finally determined by a court of competent jurisdiction that such payment was the result of fraud, gross negligence, or willful misconduct.

7.10    Limitation of Liability of the Reorganized Debtors.  Except as expressly provided in this Agreement, the Reorganized Debtors and each of their respective boards of directors, management, employees, and professionals shall have no liability for any action taken or omitted to be taken by the Litigation Trustee in performing its duties under this Agreement.

7.11    Confirmation of Survival of Provisions.  Without limitation in any way of any provision of this Agreement, the provisions of this Article VII shall survive the death, dissolution, liquidation, incapacity, resignation, replacement, or removal, as may be applicable, of the Litigation Trustee or, as it relates to Section 7.9, an Indemnified Party, or the termination of the Litigation Trust or this Agreement, and shall inure to the benefit of the Litigation Trustee's and each Indemnified Party's heirs and assigns.

## ARTICLE VIII

## TAX MATTERS

8.1    Tax Treatment of Litigation Trust.  Pursuant to and in accordance with the Plan, for all United States federal income tax purposes, the Debtors, the Litigation Trust Beneficiaries, the Litigation Trustee, and the Litigation Trust shall treat (i) the Litigation Trust as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and guidance promulgated in respect thereof, including Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684 and, thus, as a "grantor trust" within the meaning of Internal Revenue Code sections 671 through 677 consistent with the terms of the Plan (unless the Litigation Trust has undergone the Conversion (as defined herein)) and (ii) the transfer of the Litigation Trust Assets to the Litigation Trust as (a) a transfer of the Litigation Trust Assets by the Freedom HoldCo Debtors and the OpCo Debtors to

the Litigation Trust Beneficiaries in satisfaction of their Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims, as applicable (other than any Litigation Trust Disputed Claims Reserve treated as a DOF (if elected) or other separate Entity), followed by (b) a transfer of such Litigation Trust Assets by such Litigation Trust Beneficiaries to the Litigation Trust in exchange for their *pro rata* share of Litigation Trust Units (subject to the Litigation Trust Units Allocations).  The Litigation Trust Beneficiaries shall be treated as the grantors and owners of the Litigation Trust for United States federal (and, to the extent permitted, state and local) income tax purposes.

8.2    <u>Annual Reporting and Filing Requirements</u>.  Pursuant to and in accordance with the terms of the Plan and this Agreement, the Litigation Trustee shall file tax returns (including applicable state, local and foreign tax returns, if any) for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) to the extent required by applicable Law and subject to the treatment of the Litigation Trust Disputed Claims Reserve as a DOF or other separate Entity.

8.3    <u>Tax Treatment of Reserves for Disputed Claims</u>.  The Litigation Trustee may, in the Litigation Trustee's sole discretion, determine the best way to report for United States tax purposes with respect to the Litigation Trust Disputed Claims Reserve, if applicable, including (i) filing a tax election to treat the Litigation Trust Disputed Claims Reserve as a DOF or other separate Entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Litigation Trust (and, to the extent permitted by applicable Law, report consistently with the foregoing for United States federal, state, and local income tax purposes) or (ii) electing to report as a separate trust or sub-trust or other

entity.  If an election is made to report the Litigation Trust Disputed Claims Reserve as a DOF or other separate entity, the Litigation Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.

8.3.1    If an election is made to report the Litigation Trust Disputed Claims Reserve as a DOF or other separate Entity, all parties (including the Debtors, the Reorganized Debtors, the Litigation Trust, the Litigation Trustee, and the Litigation Trust Beneficiaries) shall be bound by such election and report for United States federal, state, and local income tax purposes consistently with the foregoing.  The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes (including with respect to earned interest, if any) imposed on the Litigation Trust or the Litigation Trust Assets, including the Litigation Trust Disputed Claims Reserve.  In the event, and to the extent, any Cash retained on account of a Disputed General Unsecured Claim in the Litigation Trust Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, such Disputed General Unsecured Claims, the Litigation Trustee may, in its discretion, (i) sell any non-Cash assets relating to such Claim (including any assets distributable as a result of disallowance of such Claim) to pay such taxes or (ii) reimburse the Litigation Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of such Disputed General Unsecured Claim (including any Cash distributable by the Litigation Trustee as a result of disallowance of such Disputed General Unsecured Claim).

8.4    <u>Valuation of Litigation Trust Assets</u>.  As soon as practicable following the Effective Date, but in no event later than the due date for timely filing of the Litigation Trust's first United

States federal income tax return (taking into account applicable tax filing extensions), the Litigation Trustee shall determine the fair market value of the Litigation Trust Assets as of the Effective Date, based on the Litigation Trustee's good faith determination and subject in all respects to Section 8.4, and the Litigation Trustee shall apprise, in writing, the Litigation Trust Beneficiaries and the Reorganized Debtors of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtors and/or the Reorganized Debtors, as applicable, the Litigation Trust, the Litigation Trustee, and the Litigation Trust Beneficiaries) for all applicable United States federal, state, and local income tax purposes.

8.4.1    In the event the Reorganized Debtors disagree with the Litigation Trustee's good faith determination of the valuation of the Litigation Trust Assets, the Litigation Trustee and the Reorganized Debtors shall attempt to reconcile any such differences. The valuation agreed to by the Reorganized Debtors and the Litigation Trustee shall be used consistently by all parties for all tax purposes unless otherwise required by a "determination" within the meaning of Section 1313(a) of the Internal Revenue Code (or any equivalent provision of state, local, or non-U.S. Law).

8.5    In the event that the Litigation Trustee determines that the Litigation Trust may be required to withhold from amounts distributable from the Litigation Trust pursuant to Section 5.2 above, it shall endeavor to promptly notify the relevant Litigation Trust Beneficiary.

8.6    Allocations of Litigation Trust taxable income among the Litigation Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all its assets (valued at their tax book value) to the holders of Litigation Trust Units, adjusted for

prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust.  Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Litigation Trust Assets. The tax book value of the Litigation Trust Assets for purposes of this Section 8.6 shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

8.7     If, in the reasonable judgment of the Litigation Trustee, the Litigation Trust is expected to survive for a period of more than five (5) years from the Effective Date, the Parties agree that the Litigation Trustee, in the exercise of its reasonable discretion, shall either (i) seek to extend the term of the Litigation Trust for a reasonable period of time in a manner consistent with Section 10.3 hereof and Revenue Procedure 94-45 § 3.06, or (ii) convert the Litigation Trust from a liquidating trust described in Treasury Regulation § 301.7701-4(d) to an investment trust described in Treasury Regulation § 301.7701-4(c), taxable as a grantor trust for U.S. federal income tax purposes under Sections 671 through 679 of the IRC (the process described in this clause (ii), the "Conversion"). In the event of a Conversion, the Parties (x) agree that, unless otherwise required by applicable Law, the Litigation Trust shall file or cause to be filed any annual or other necessary returns, reports and other forms consistent with the characterization of the converted entity as an investment trust for U.S. federal income tax purposes, (y) shall cooperate to amend this Agreement to reflect such Conversion, and (z) shall take no position on any tax return inconsistent with such treatment.

## ARTICLE IX

### SELECTION, REMOVAL, REPLACEMENT,
### AND COMPENSATION OF LITIGATION TRUSTEE

9.1     Initial Litigation Trustee.  The Initial Litigation Trustee is appointed effective as of the Effective Date, and shall serve as the trustee of the Litigation Trust.  The initial trustee of the Litigation Trust shall be the Initial Litigation Trustee.

9.2     Term of Service.  The Litigation Trustee shall serve until the earliest of (i) the completion of the administration of the Litigation Trust Assets and the Litigation Trust, including the winding up of the Litigation Trust, in accordance with this Agreement and the Plan, (ii) termination and dissolution of the Litigation Trust in accordance with the terms of this Agreement and the Plan, or (iii) the Litigation Trustee's resignation, death, dissolution, incapacity, liquidation, or removal.  In the event that the Litigation Trustee's appointment terminates by reason of resignation, death, dissolution, incapacity, liquidation, or removal, the Litigation Trustee shall be immediately compensated for all reasonable, documented fees and expenses accrued but unpaid through the effective date of termination, whether or not previously invoiced.  The provisions of Article VI of this Agreement shall survive the resignation or removal of any Litigation Trustee.

9.3     Removal of Litigation Trustee.  Any party in interest (including the Litigation Trust Advisory Board), with notice and a hearing before the Bankruptcy Court, may seek removal of the Litigation Trustee for Cause (as defined below).  As used herein, "Cause" shall mean the Litigation Trustee's (A) commission of an act of fraud, theft or embezzlement during the performance its duties hereunder; (B) conviction of a felony with all appeals having been exhausted or appeal periods lapsed; (C) gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of its duties hereunder; (D) commission of any negligence, even if not rising to the level of gross negligence, that risks materially adversely affecting the value or successful

liquidation and distribution of the Litigation Trust Assets; or (E) violation of the provisions of this Agreement, the Plan, or the Confirmation Order. Such removal shall become effective on the date action is taken. The Bankruptcy Court shall have exclusive jurisdiction to hear and finally determine any dispute arising out of this Section 9.3 except as otherwise provided in the Plan or Confirmation Order.

9.4    <u>Resignation of Litigation Trustee</u>.  The Litigation Trustee may resign at any time on thirty (30) days' written notice to the Litigation Trust Advisory Board, counsel to the Debtors, counsel to the Ad Hoc Group, counsel to the Freedom Lender Group, the U.S. Trustee, and the Bankruptcy Court.  The resignation shall be effective on the later of (i) the date specified in the notice of resignation and (ii) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court.  In the event of a resignation, the resigning Litigation Trustee shall file a full and complete accounting of monies and assets received, disbursed, and held during the term of that Litigation Trustee.

9.5    <u>Appointment of Successor Litigation Trustee</u>.  Upon the resignation, death, dissolution, incapacity, liquidation, or removal of a Litigation Trustee, a successor trustee shall be selected by the Litigation Trust Advisory Board by majority vote of the Members or at a meeting of the Litigation Trust Advisory Board called for of replacing the Litigation Trustee, *provided* that the successor trustee shall be reasonably acceptable to holders of a majority of Prepetition First Lien Loan Claims.  Any successor Litigation Trustee so appointed (i) shall consent to and accept his, her, or its appointment as successor Litigation Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of his, her, or its appointment as successor Litigation Trustee, and (ii) shall not have any liability or responsibility for the acts or

omissions of any predecessor(s).  Any successor Litigation Trustee may be appointed to serve only on an interim basis.

9.6    <u>Powers and Duties of Successor Litigation Trustee</u>.  A successor Litigation Trustee shall have all the rights, privileges, powers, and duties of his, her, or its predecessor under this Agreement, the Plan, and the Confirmation Order.

9.7    <u>Litigation Trust Continuance</u>.    The resignation, death, dissolution, incapacity, liquidation, or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Litigation Trustee.

9.8    <u>Compensation of Litigation Trustee and Costs of Administration</u>.  The Litigation Trustee shall receive fair and reasonable compensation for its services in accordance with the terms and conditions of the Plan, which shall be a charge solely against and solely paid out of the Litigation Trust Assets as Litigation Trust Expenses.  All costs, expenses, and obligations incurred by the Litigation Trustee (or professionals who may be employed by the Litigation Trustee in administering the Litigation Trust, in carrying out its other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Litigation Trust solely from the Litigation Trust Assets.

9.9    <u>Appointment of Supplemental Litigation Trustee</u>.  If the Litigation Trustee has a conflict or any of the Litigation Trust Assets are situated in any state or other jurisdiction in which the Litigation Trustee is not qualified to act as trustee, the Litigation Trustee shall, upon written notice to counsel to the Debtors, counsel to the Ad Hoc Group (email being sufficient), and counsel to the Freedom Lender Group (email being sufficient), nominate and appoint a Person duly qualified to act as trustee (the "<u>Supplemental Litigation Trustee</u>") with respect to such conflict, or

in such state or jurisdiction, and require from each such Supplemental Litigation Trustee such security as may be designated by the Litigation Trustee in its reasonable discretion.  In the event the Litigation Trustee is unwilling or unable to appoint a disinterested Person to act as Supplemental Litigation Trustee to handle any such matter, the Bankruptcy Court, with notice and a hearing, may do so.  The Litigation Trustee or the Bankruptcy Court, as applicable, may confer upon such Supplemental Litigation Trustee any or all of the rights, powers, privileges, and duties of the Litigation Trustee hereunder, subject to the conditions and limitations of this Agreement, the Plan, and the Confirmation Order, except as modified or limited by the Laws of the applicable state or other jurisdiction (in which case, the Laws of the state or other jurisdiction in which such Supplemental Litigation Trustee is acting shall prevail to the extent necessary).  To the extent the Supplemental Litigation Trustee is appointed by the Litigation Trustee, the Litigation Trustee shall require such Supplemental Litigation Trustee to be answerable to the Litigation Trustee for all monies, assets, and other property that may be received in connection with the administration of all property.  The Litigation Trustee or the Bankruptcy Court, as applicable, may remove such Supplemental Litigation Trustee, with or without cause, and appoint a successor Supplemental Litigation Trustee at any time by executing a written instrument declaring such Supplemental Litigation Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE X

## DURATION OF DEBTOR LITIGATION TRUST

10.1    Duration.  Once the Litigation Trust becomes effective upon the Effective Date of the Plan, the Litigation Trust and this Agreement shall remain and continue in full force and effect until the Litigation Trust is terminated in accordance with the terms hereof.

10.2    <u>Termination on Payment of Litigation Trust Expenses and Distribution of Litigation Trust Assets</u>.  Upon the payment of all Litigation Trust Expenses, and the distribution of all Litigation Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the Litigation Trust shall automatically terminate and dissolve and the Litigation Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant Law.

10.3    <u>Termination after Five Years Unless Extended</u>.  If the Litigation Trust has not been previously terminated and dissolved pursuant to Section 10.2 hereof, on the fifth anniversary of the Effective Date, the Litigation Trustee shall distribute all of the Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the Plan, and immediately thereafter the Litigation Trust shall terminate and the Litigation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 10.5 of this Agreement, unless the Litigation Trust Advisory Board within the six-month period before such fifth anniversary (and, in the event of further extension, within the six-month period before the end of the preceding extension) determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Litigation Trust Assets.

10.4    <u>No Termination by Litigation Trust Beneficiaries</u>.  The Litigation Trust may not be terminated and dissolved at any time by the Litigation Trust Beneficiaries.

10.5    <u>Continuance of Litigation Trust for Winding Up; Discharge and Release of Litigation Trustee</u>.  After the termination of the Litigation Trust and solely for the purpose of

liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its responsibilities have been fully performed.  Except as otherwise specifically provided herein, upon the distribution of the Litigation Trust Assets, including all excess reserves, the Litigation Trustee and the Litigation Trust's professionals and agents shall be deemed discharged and have no further duties or obligations hereunder.  In connection with the foregoing, upon a motion by the Litigation Trustee, the Bankruptcy Court may enter an order relieving the Litigation Trustee and its employees, professionals, and agents of any further duties, discharging and releasing the Litigation Trustee and its employees, professionals, and agents from all liability related to the Litigation Trust.

## ARTICLE XI

## MISCELLANEOUS

11.1    <u>Cumulative Rights and Remedies</u>.  The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

11.2    <u>Notices</u>.  All notices to be given to Litigation Trust Beneficiaries may be given by email, ordinary mail, or may be delivered personally, at the addresses for such Litigation Trust Beneficiaries appearing on the books kept by the Litigation Trust.  Any notice or other communication which may be or is required to be given, served, or sent to the Litigation Trust shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by email, hand delivery, or facsimile (if receipt is confirmed) addressed as follows:

If to the Litigation Trust or the Litigation Trustee:

Lawrence Hirsh
[ADDRESS]
[ADDRESS LINE 2]
[CITY, STATE ZIP CODE]

With a copy to:

or to such other address as may from time to time be provided in written notice by the Litigation Trustee.

11.2.1 <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

11.2.2 <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

11.2.3 <u>Particular Words</u>.  Reference in this Agreement to any Article or Section is, unless otherwise specified, to that such Article or Section (inclusive of any subsections), as applicable, under this Agreement.  The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Article or Section of this Agreement.

11.2.4 <u>Execution</u>.  All funds in the Litigation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Litigation Trust Beneficiary, and no Litigation Trust Beneficiary or any other Person can execute upon, garnish or attach the Litigation Trust Assets or the Litigation Trustee in any manner or compel payment from the Litigation Trust except by Final Order of the Bankruptcy Court.  Payments will be solely governed by the Plan, the Confirmation Order, and this Agreement.

11.2.5 <u>Amendment</u>.  This Agreement may be amended by written agreement of the Litigation Trustee (in consultation with the Litigation Trust Advisory Board), the Ad Hoc Group, and the Freedom Lender Group (which, in each case, may be provided by email from counsel), or by order of the Bankruptcy Court; *provided*, *however*, that such amendment may not be inconsistent with the Plan or the Confirmation Order.

11.2.6 <u>No Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

11.2.7 <u>No Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

11.2.8 <u>Severability</u>.  If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

11.2.9 <u>Further Assurances</u>.  Without limitation of the generality of Section 2.6 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan and to consummate the transactions contemplated hereby.

11.2.10 <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.2.11 <u>Jurisdiction</u>.  The Bankruptcy Court shall have jurisdiction regarding the Debtors, the Reorganized Debtors, the Litigation Trust, the Litigation Trustee, and the Litigation Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Litigation Trust; *provided*, *however*, that this Section 11.2.11 shall not conflict with the provisions of the Plan, including, without limitation,

Article XIII of the Plan.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters among the Parties arising out of or related to this Agreement or the administration of the Litigation Trust.  The Parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, the provisions of this Agreement shall have no effect on and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

IN WITNESS WHEREOF, the Parties have or are deemed to have executed this Agreement as of the day and year written above.

**FREEDOM VCM, INC.**

By: _____
    Name: [●]
    Title:  [●]

**FREEDOM VCM INTERCO, INC.**

By: _____

    Name:  [●]
    Title:   [●]

**FRANCHISE GROUP, INC. AND ITS OPCO DEBTOR AFFILIATES SET FORTH ON <u>SCHEDULE 1</u>**

By: _____
    Name:  David Orlofsky
    Title:   Chief Restructuring Officer

Lawrence Hirsh, not individually, but solely in its capacity as Litigation Trustee of the Franchise Group Litigation Trust

By: _____

    Name:  Lawrence Hirsh

**Schedule 1**

1. FRANCHISE GROUP, INC.
2. AMERICAN FREIGHT FFO, LLC
3. AMERICAN FREIGHT FRANCHISING, LLC
4. AMERICAN FREIGHT FRANCHISOR, LLC
5. AMERICAN FREIGHT GROUP, LLC
6. AMERICAN FREIGHT HOLDINGS, LLC
7. AMERICAN FREIGHT MANAGEMENT COMPANY, LLC
8. AMERICAN FREIGHT OUTLET STORES, LLC
9. AMERICAN FREIGHT, LLC
10. BETANCOURT SPORTS NUTRITION, LLC
11. BUDDY'S FRANCHISING AND LICENSING LLC
12. BUDDY'S NEWCO, LLC
13. EDUCATE, INC.
14. FRANCHISE GROUP ACQUISITION TM, LLC
15. FRANCHISE GROUP INTERMEDIATE B, LLC
16. FRANCHISE GROUP INTERMEDIATE BHF, LLC
17. FRANCHISE GROUP INTERMEDIATE HOLDCO, LLC
18. FRANCHISE GROUP INTERMEDIATE L, LLC
19. FRANCHISE GROUP INTERMEDIATE PSP, LLC
20. FRANCHISE GROUP INTERMEDIATE S, LLC
21. FRANCHISE GROUP INTERMEDIATE SL, LLC
22. FRANCHISE GROUP INTERMEDIATE V, LLC
23. FRANCHISE GROUP NEW HOLDCO, LLC
24. FRANCHISE GROUP NEWCO BHF, LLC
25. FRANCHISE GROUP NEWCO INTERMEDIATE AF, LLC
26. FRANCHISE GROUP NEWCO PSP, LLC
27. FRANCHISE GROUP NEWCO S, LLC
28. FRANCHISE GROUP NEWCO SL, LLC
29. FRANCHISE GROUP NEWCO V, LLC
30. HOME & APPLIANCE OUTLET, LLC
31. PET SUPPLIES "PLUS", LLC
32. PSP DISTRIBUTION, LLC
33. PSP FRANCHISING, LLC
34. PSP GROUP, LLC
35. PSP MIDCO, LLC
36. PSP SERVICE NEWCO, LLC
37. PSP STORES, LLC
38. PSP SUBCO, LLC
39. VALOR ACQUISITION, LLC
40. VITAMIN SHOPPE FLORIDA, LLC
41. VITAMIN SHOPPE FRANCHISING, LLC
42. VITAMIN SHOPPE GLOBAL, LLC
43. VITAMIN SHOPPE INDUSTRIES LLC
44. VITAMIN SHOPPE MARINER, LLC

45. VITAMIN SHOPPE PROCUREMENT SERVICES, LLC
46. WNW FRANCHISING, LLC
47. WNW STORES, LLC

[**<u>Schedule 2</u>**]

[Intentionally Omitted]

**Exhibit H-1**

**Redline to Previously Filed OpCo Debtor Litigation Trust Agreement**

# ~~OpCo Debtor~~ Litigation Trust Agreement
## and Declaration of ~~OpCo Debtor~~ Litigation Trust

This ~~OpCo Debtor~~ Litigation Trust Agreement and Declaration of ~~OpCo Debtor~~ Litigation Trust (this "Agreement"), dated as of [●], 2025, is made by and among Freedom VCM, Inc., Freedom VCM Interco, Inc. (together with Freedom VCM, Inc., the "Freedom HoldCo Debtors"), Franchise Group, Inc. and ~~certain of~~ its ~~affiliated~~subsidiary debtors and debtors in possession ~~(together with its debtor affiliates~~ listed on **Schedule 1** attached hereto~~,~~ (the "OpCo Debtors")[1] in the Chapter 11 Cases,[2] ~~and [_____]~~Lawrence R. Hirsh (the "~~OpCo~~Initial Litigation Trustee~~,~~" and together with any successor trustee appointed in accordance with the terms hereof, the "Litigation Trustee"),[3] and [●], [●], and [●], as members

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]     As set forth in Section 1.2, capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Confirmation Order, as applicable, unless otherwise noted.

[3]     If Lawrence Hirsh cannot serve as Litigation Trustee on the Effective Date for any reason, Initial Litigation Trustee will be an individual selected by the Freedom Lender Group, with the reasonable consent of the Ad Hoc Group and the Creditors' Committee.

of the committee which shall have oversight over the litigation trust contemplated by this Agreement (the "Litigation Trust Advisory Board," and, together with the Freedom HoldCo Debtors, the OpCo Debtors, and the Litigation Trustee, the "Parties," and each, a "Party").

## RECITALS

1.    On November 3, 2024 (the "Petition Date"), each of the Freedom HoldCo Debtors and the OpCo Debtors (together, with ~~its~~their affiliated debtors and debtor~~s~~ in possession, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and their chapter 11 cases are being jointly administered under the caption *In re Franchise Group, Inc., et al.*, Case No. 24-12480 (LSS) (Bankr. D. Del.) (the "Chapter 11 Cases").

2.    On November 19, 2024, the Office of the United States Trustee, Region 3 (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") to represent the interests of all general unsecured creditors in the Chapter 11 Cases and filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 188].

3.    On ~~February~~April 2~~0~~5, 2025, the Debtors filed the *~~Sixth~~Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1~~031~~52] (as amended, supplemented, or otherwise modified from time to time, the "Plan"). The Plan incorporates the terms of a Global Settlement that includes, among other things, the Litigation Trust Units Allocations, which is comprised of (a) the Prepetition First Lien Loan Claims Litigation Trust Allocation, (b) the General Unsecured Creditors Litigation Trust Allocation, and (c) the Prepetition OpCo 2L/HoldCo Loan Claims Litigation Trust Allocation. Pursuant to the Litigation Trust Units Allocations, the Litigation Trust Units shall be distributed as follows: 58%

to Holders of Allowed Prepetition Second Lien Loan Claims and Allowed Prepetition HoldCo Loan Claims, 30% to the Holders of Allowed Prepetition First Lien Loan Claims, and 12% to Holders of Allowed Freedom HoldCo General Unsecured Claims and Allowed OpCo General Unsecured Claims (excluding, for the avoidance of doubt, any Litigation Trust Units allocated to the Holders of Allowed Prepetition First Lien Loan Claims or Holders of Allowed Prepetition Second Lien Loan Claims), collectively.

4.    On [●], 2025, the Bankruptcy Court entered an order [Docket No. [●]] (the "Confirmation Order") confirming the Plan, which became effective on [●], 2025 (the "Effective Date").

5.    Section 7.10 of the Plan provides for the creation of the OpCo Debtor Litigation Trust on the Effective Date in connection and consistent with the Committee Global Settlement.

6.    The OpCo Debtor Litigation Trust is established for the sole purpose of receiving, holding, administering, liquidating, and distributing the OpCo Debtor Litigation Trust Assets, including the (i) OpCo Debtor Litigation Trust Escrow Account, which includes, for the avoidance of doubt, the OpCo Debtor Litigation Trust Escrow Amount, funded in accordance with the Plan, and (ii) OpCo Permitted Litigation Claims, and (iii) solely to the extent that the Holders of Claims in Class 5 voted to accept the Plan, the New Warrants, *plus* any additional amounts funded into the OpCo Debtor Litigation Trust Escrow Account following the Effective Date, for the benefit of the Holders of Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims (including, for the avoidance of doubt, any First Lien Deficiency Claims or Second Lien Deficiency Claims, and Allowed Freedom HoldCo General Unsecured Claims (collectively, the "Litigation Trust Beneficiaries").

7.      The ~~OpCo~~ Litigation Trustee shall, ~~subject to any applicable~~in consultation ~~rights set forth in this Agreement~~with the Litigation Trust Advisory Board and in accordance with the terms hereof: (i) be the exclusive administrator of the assets of the ~~OpCo Debtor~~ Litigation Trust, including the ~~OpCo Debtor~~ Litigation Trust Assets; and (ii) except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, have the ~~sole~~ power and authority to (a) reconcile OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims, including asserting any objections thereto in each case, ~~other than as to the quantum of the First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan~~*provided, however,* that all parties in interest shall also have the right to object to any General Unsecured Claim or join in any objection by the Litigation Trust or any other party, (b) investigate, pursue, prosecute, compromise and/or settle the ~~OpCo~~Permitted Litigation Claims, and (c) distribute the ~~OpCo Debtor~~ Litigation Trust Assets in accordance with the terms of the Plan (including, ~~for~~ the ~~avoidance of doubt, the Committee~~Global Settlement incorporated therein) and this Agreement, in each case with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary and consistent with, the liquidating purpose of the ~~OpCo Debtor~~ Litigation Trust.  Subject to the Conversion of the ~~OpCo Debtor~~ Litigation Trust as described in Section ~~7~~8.7 hereof, the ~~OpCo Debtor~~ Litigation Trust is intended to be classified for United States federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and guidance promulgated in respect thereof, including Revenue Procedure 94-45, 1994-2 C.B. 674, and, thus, as a "grantor trust" within the meaning of Internal Revenue Code sections 671 through 679 for United States federal income tax purposes, other than any ~~OpCo Debtor~~ Litigation Trust

Disputed Claims Reserve (as defined herein) treated as a disputed ownership fund ("DOF") or other separate ~~e~~Entity.

8.     Pursuant to the Plan, for all United States federal income tax purposes, all parties shall treat the transfer of the ~~OpCo Debtor~~ Litigation Trust Assets to the ~~OpCo Debtor~~ Litigation Trust for the benefit of the ~~Holders of Allowed OpCo General Unsecured Claims (the "OpCo Debtor~~ Litigation Trust Beneficiaries"), whether such Holder's ~~OpCo General Unsecured~~ Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the ~~OpCo Debtor~~ Litigation Trust (but only at such time as actually transferred) as (i) a transfer of the ~~OpCo Debtor~~ Litigation Trust Assets (subject to any obligations relating to such ~~OpCo Debtor~~ Litigation Trust Assets, including, but not limited to, the ~~OpCo Debtor~~ Litigation Trust Expenses) to the ~~OpCo Debtor~~ Litigation Trust Beneficiaries and, to the extent the ~~OpCo Debtor~~ Litigation Trust Assets are allocable to Disputed ~~OpCo~~ General Unsecured Claims ~~(any such OpCo Debtor Litigation Trust Assets allocable to, or retained on account of, Disputed OpCo General Unsecured Claims, including any earnings thereon, the "OpCo Debtor Litigation Trust Disputed Claims Reserve")~~ that are the responsibility of the ~~OpCo Debtor~~ Litigation Trust, acting by and through its agents and representatives, to resolve, to the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve (as defined herein), followed by (ii) the transfer by the ~~OpCo Debtor~~ Litigation Trust Beneficiaries of the ~~OpCo Debtor~~ Litigation Trust Assets (other than the ~~OpCo Debtor~~ Litigation Trust Assets allocable to the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve) to the ~~OpCo Debtor~~ Litigation Trust in exchange for their non-transferable (subject to certain limited exceptions) ~~OpCo Debtor~~ Litigation Trust Units that will entitle the respective holder thereof to its *pro rata* share of the proceeds of the ~~OpCo Debtor~~ Litigation Trust Assets *less* the Litigation Trust Expenses (the "Litigation Trust Net

Assets (as defined herein"). Accordingly, the ~~OpCo Debtor~~ Litigation Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective shares of the ~~OpCo Debtor~~ Litigation Trust Assets (other than such ~~OpCo Debtor~~ Litigation Trust Assets as are allocable to the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve). The foregoing treatment shall also apply, to the extent permitted by applicable lLaw, for applicable United States state and local income tax purposes.

9.     The ~~OpCo Debtor~~ Litigation Trust is further intended to be exempt from the requirements of (i) pursuant to section 1145 of the Bankruptcy Code, the Securities Exchange Act of 1933, as amended, and any applicable state and local lLaws requiring registration of securities, and (ii) the Investment Company Act of 1940, as amended, pursuant to sections 7(a) and 7(b) of that Act and section 1145 of the Bankruptcy Code.

NOW, THEREFORE, in accordance with the Plan and the Confirmation Order, and in consideration of the promises, and the mutual covenants and agreements of the Parties contained in the Plan and herein, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties agree and declare as follows:

## DECLARATION OF ~~OPCO DEBTOR~~ LITIGATION TRUST

The ~~OpCo~~ Freedom HoldCo Debtors and, the OpCo Debtors, the Litigation Trustee, and the members of the Litigation Trust Advisory Board enter into this Agreement to effectuate the distribution of the ~~OpCo Debtor~~ Litigation Trust Net Assets to the ~~OpCo Debtor~~ Litigation Trust Beneficiaries pursuant to the Plan and the Confirmation Order;

Pursuant to Section 7.10 of the Plan and Section 2.3.2 of this Agreement, on the Effective Date, all of the ~~OpCo Debtor~~ Litigation Trust Assets shall automatically and irrevocably be transferred to, and vest in or deem to be vested in, the ~~OpCo Debtor~~ Litigation Trust free and

clear of all Claims, Liens, Interests, encumbrances, and contractually imposed restrictions, except as otherwise provided in the Plan;

TO HAVE AND TO HOLD unto the ~~OpCo~~ Litigation Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the ~~OpCo Debtor~~ Litigation Trust Assets~~,~~ are to be held by the ~~OpCo Debtor~~ Litigation Trust and applied on behalf of the ~~OpCo Debtor~~ Litigation Trust by the ~~OpCo~~ Litigation Trustee (such ~~OpCo~~ Litigation Trustee to be a "United States person" within the meaning of Internal Revenue Code section 7701(a)(30) and established within the United States) on the terms and conditions set forth herein and the Plan (including, for the avoidance of doubt, the ~~Committee~~Global Settlement incorporated therein), solely for the benefit of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, as more fully set forth in the Plan and this Agreement, and for no other party.

## ARTICLE I

### RECITALS, PLAN DEFINITIONS, OTHER
### DEFINITIONS, INTERPRETATION, AND CONSTRUCTION

1.1    <u>Recitals</u>.  The Recitals are incorporated into and made terms of this Agreement.

1.2    <u>Definitions</u>.  All capitalized terms used in this Agreement but not defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable, or as otherwise set forth herein.  For the avoidance of doubt, <u>the</u> "~~OpCo Debtor~~ <u>Litigation Trust Assets</u>" shall mean the ~~OpCo Debtor~~ Litigation Trust Assets (as defined in the Plan) and any and all other property held from time to time by the ~~OpCo Debtor~~ Litigation Trust under this Agreement and any proceeds thereof and earnings thereon. ~~ In addition, as used in this Agreement, the below terms are defined as follows:~~

7

1.2.1 ~~"OpCo Debtor Litigation Trust Net Assets" means the OpCo Debtor Litigation Trust Assets *less* the OpCo Debtor Litigation Trust Expenses.~~

1.2.2 ~~"Reorganized OpCo Debtor(s)" means each of the Reorganized Debtors that were OpCo Debtors prior to the Effective Date of the reorganization pursuant to and under the Plan Equitization Transaction.~~

1.3     Conflict Among Plan Documents.  In the event of any inconsistency between the Plan, the Confirmation Order, and/or this Agreement, each such document shall have controlling effect in the following rank order:  (i) the Confirmation Order; (ii) the Plan (including, for the avoidance of doubt, the ~~Committee~~Global Settlement incorporated herein); and  (iii) this Agreement~~;~~; *provided*, *however*, that to the extent that the Plan and the Confirmation Order are silent as to a particular issue, the terms of the relevant provision of this Agreement shall control so long as not otherwise inconsistent with the clear intent of the Plan and/or the Confirmation Order.

## ARTICLE II

## ESTABLISHMENT OF ~~OPCO DEBTOR~~ LITIGATION TRUST

2.1     Effectiveness of Agreement; Name of ~~OpCo Debtor~~ Litigation Trust.   The Freedom HoldCo Debtors, the OpCo Debtors and the ~~OpCo~~ Litigation Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the ~~OpCo Debtor~~ Litigation Trust in furtherance of the compromises and agreements more fully set forth in the Plan.  This Agreement shall become effective on the Effective Date.  The ~~OpCo Debtor~~ Litigation Trust shall be officially known as the "Franchise Group ~~OpCo~~ Litigation Trust."

2.2     Purpose of ~~OpCo Debtor~~ Litigation Trust.   Further to the establishment and purpose of the ~~OpCo Debtor~~ Litigation Trust as declared in Recital 8 of this Agreement, the

~~OpCo Debtor~~ Litigation Trust is established for the primary purpose of collecting, holding, administering, liquidating, and distributing the ~~OpCo Debtor~~ Litigation Trust Assets for the benefit of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries in accordance with the terms and conditions of this Agreement, Treasury Regulations Section 301.7701-4(d), and the Plan (including, for the avoidance of doubt, the ~~Committee~~Global Settlement incorporated therein), and with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the ~~OpCo Debtor~~ Litigation Trust.

2.3     Transfer of ~~OpCo Debtor~~ Litigation Trust Assets.

2.3.1    Conveyance of ~~OpCo Debtor~~ Litigation Trust Assets.   Pursuant to the Plan, the <u>Freedom HoldCo Debtors and the</u> OpCo Debtors hereby irrevocably grant, release, assign, transfer, convey, and deliver, on behalf of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, all of such ~~OpCo~~ Debtors' rights, title, and interest in and to the ~~OpCo Debtor~~ Litigation Trust Assets to the ~~OpCo Debtor~~ Litigation Trust as of the Effective Date in trust for the benefit of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, which shall constitute ~~OpCo Debtor~~ Litigation Trust Assets for all purposes and shall be administered and applied as specified in this Agreement and the Plan.  Upon the transfer of the ~~OpCo Debtor~~ Litigation Trust Assets to the ~~OpCo Debtor~~ Litigation Trust in accordance with the Plan, none of the Debtors or the Reorganized Debtors shall have any further obligations with respect to the ~~Allowed OpCo General Unsecured Claims under the Plan, or the~~ distribution or payment of any proceeds of the ~~OpCo Debtor~~ Litigation Trust Assets to any of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, except that the ~~OpCo~~ Debtors or the Reorganized ~~OpCo~~ Debtors, as applicable, as reasonably requested by the ~~OpCo~~ Litigation Trustee, shall<u>, at the Litigation Trust's sole cost and expense,</u>

from time to time, (i) execute and deliver or cause to be executed and delivered any such documents (in recordable form where necessary or appropriate) and (ii) take or cause to be taken such further commercially reasonable action, in each case as the OpCo Litigation Trustee may reasonably deem necessary or appropriate, to vest in the OpCo Litigation Trust or confirm to the OpCo Litigation Trustee title to and possession of the OpCo Debtor Litigation Trust Assets. The; *provided* that neither the Debtors nor Reorganized OpCo Debtors shall promptly notify the OpCo Litigation Trustee of (i) any changes to the Initial Strike Price on account of the Strike Price Multiplier, (ii) the occurrence of a "liquidity event" resulting in the earlier expiration and/or termination of the New Warrants, (iii) any adjustments for splits, reverse splits, and similar structural transactions that are not "liquidity events," and (iv) the initial time at which the New Warrants become exercisable based upon the Initial Strike Price, as may be modified by the Strike Price Multiplier.  The OpCobe required to incur any unreimbursed liability for any fees or expenses (including any indemnification obligations) in connection with such actions.  The Litigation Trustee shall have no duty to arrange for any of the transfers of any OpCo Debtor Litigation Trust Assets contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and/or the Confirmation Order and shall be conclusively entitled to rely on the legality and validity of such transfers.  Under no circumstance shall the Debtors, the Reorganized Debtors, the OpCo Debtors, or the Reorganized OpCo Debtors, or any other party be required to contribute any additional assets to or for the benefit of the OpCo Debtor Litigation Trust other than the OpCo Debtor Litigation Trust Assets, except as otherwise set forth in the Plan.

2.3.2    Title to OpCo Debtor Litigation Trust Assets.  Pursuant to the Plan, all of the Freedom HoldCo Debtors' and the OpCo Debtors' rights, title, and interest in and to the

~~OpCo Debtor~~ Litigation Trust Assets, including all such assets held or controlled by third parties (if any), are hereby irrevocably transferred to, and automatically vested in, or deemed to be automatically vested in, the ~~OpCo Debtor~~ Litigation Trust on the Effective Date and shall comprise assets of the ~~OpCo Debtor~~ Litigation Trust for all purposes, free and clear of all Liens, Claims, encumbrances, Interests, contractually-imposed restrictions, and other interests, ~~except as specifically provided in the Plan,~~ and such transfer is on behalf of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries to establish the ~~OpCo Debtor~~ Litigation Trust.  Subject to any applicable consultation rights set forth in this Agreement, the ~~OpCo Debtor~~ Litigation Trust shall be authorized, among other things, to (i) obtain possession or control of, collect, receive, hold, administer, liquidate, and distribute all of the ~~OpCo Debtor~~ Litigation Trust Assets ~~in the possession or control of the OpCo Debtors and/or third parties~~, (ii) investigate, pursue, prosecute, compromise, settle, and/or otherwise resolve the ~~OpCo~~Permitted Litigation Claims, ~~which, for the avoidance of doubt, include, but are not limited to, all Causes of Action against the HoldCo Debtors held by the OpCo Debtors in accordance with the Plan,~~ and (iii) other than as provided under the Plan, assert and/or exercise any and all rights, including, without limitation, setoff and recoupment, defenses, counterclaims, and cross-claims, whether arising at law or in equity, of the Freedom HoldCo Debtors, the OpCo Debtors, or their respective Estates~~, or the Reorganized OpCo Debtors~~ to any claims, Causes of Action, or counterclaims that may be asserted by (a) any and all Persons and/or Entities that are or may become defendants, sued, or a party in or the subject of any lawsuit, proceeding, or litigation in connection with the ~~OpCo~~Permitted Litigation Claims or (b) the Holders of Disputed OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims.  Without limiting the generality of the foregoing, the ~~OpCo Debtor~~ Litigation Trust shall have the right to (i) invoke section 542 of the

Bankruptcy Code to pursue turnover of ~~OpCo Debtor~~ Litigation Trust Assets and (ii) enforce any of provisions of the Plan and/or Confirmation Order against any Persons or Entities that seek or seeks to interfere with the administration of the ~~OpCo Debtor~~ Litigation Trust and/or the ~~OpCo Debtor~~ Litigation Trust Assets.  On the Effective Date, the ~~OpCo Debtor~~ Litigation Trust, acting by and through the ~~OpCo~~ Litigation Trustee, shall be substituted for the Freedom HoldCo Debtors and the OpCo Debtors for all purposes with respect to the ~~OpCo Debtor~~ Litigation Trust Assets and the administration of the ~~OpCo Debtor~~ Litigation Trust Units.  To the extent any ~~l~~Law or regulation prohibits the transfer of ownership of any of the ~~OpCo Debtor~~ Litigation Trust Assets from the Freedom HoldCo Debtors and/or the OpCo Debtors to the ~~OpCo Debtor~~ Litigation Trust and such ~~l~~Law is not superseded by the Bankruptcy Code, the ~~OpCo Debtor~~ Litigation Trust's interest in such ~~OpCo Debtor~~ Litigation Trust Assets shall be a Lien upon, and security interest in, such ~~OpCo Debtor~~ Litigation Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.2 of this Agreement, and this Agreement shall be deemed a security agreement granting such Lien upon, and interest therein, without need to file any financing statement(s), mortgage(s), or other documentation evincing such Lien and security interest.  By executing this Agreement, the ~~OpCo~~ Litigation Trustee on behalf of the ~~OpCo Debtor~~ Litigation Trust hereby accepts all of such property and Liens (if any) as ~~OpCo Debtor~~ Litigation Trust Assets, to be held in trust for ~~the OpCo Debtor~~ Litigation Trust Beneficiaries, subject to the terms of this Agreement, the Confirmation Order, and the Plan.

2.4    Litigation Trust Funding.  On the Effective Date, the Litigation Trust Escrow Account shall be funded with the Litigation Trust Escrow Amount.  The Litigation Trust Escrow Amount shall be used for the administration of the Litigation Trust, to pay Litigation Trust

Expenses, and to pursue the Permitted Litigation Claims.  The Litigation Trust Escrow Amount shall be primarily reserved for Litigation Trust Expenses.

2.5    2.4 Capacity of OpCo Debtor Litigation Trust.  Notwithstanding any state or federal lLaw to the contrary or anything herein, the OpCo Debtor Litigation Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts.  The OpCo Debtor Litigation Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.6    2.5 Cooperation.  The[On or after the Effective Date], at the sole cost and expense of the Litigation Trust, the Reorganized OpCo Debtors shall use commercially reasonable efforts to cooperate with the OpCo Debtor Litigation Trust and the OpCo Litigation Trustee and any professionals retained by the OpCo Debtor Litigation Trust in effecting the transition from the OpCoReorganized Debtors or the Reorganized OpCo Debtors, as applicable, to the OpCo Debtorto the Litigation Trust, and of the administration of the OpCo Debtor Litigation Trust Assets; *provided* that neither the OpCo Debtors nor the Reorganized OpCo Debtors shall not be required to incur any unreimbursed liability for any fees or expenses (including any indemnification obligations) that may result from any such cooperation.  Such cooperation shall include, but not be limited to, from and after the Effective Date, using commercially reasonable efforts to identify and make available (i) any evidence and information the OpCo Litigation Trustee reasonably requests in connection with the OpCo Debtor Litigation Trust's investigation, prosecution, other pursuit, or defense, as applicable, of the OpCoPermitted Litigation Claims and objections to Disputed OpCo General Unsecured Claims and Disputed Freedom HoldCo General

Unsecured Claims, to the extent the Reorganized ~~OpCo~~ Debtors have such evidence and/or information, ~~and~~ [(ii) ~~former~~the identity and contact information of the former officers, directors, and employees and Professionals of the ~~OpCo Debtors and current officers and directors of the Reorganized Debtors (in each case, by providing contact information if available through commercially reasonable efforts) with~~Debtors who may have knowledge regarding the ~~OpCo~~Permitted Litigation Claims ~~or Disputed OpCo General Unsecured Claims. The OpCo Debtors or the Reorganized OpCo Debtors (or their respective Professionals), as applicable, shall arrange for the OpCo Litigation Trustee to receive (i) an updated Claims Register of OpCo General Unsecured Claims from the Claims Agent within thirty (30) days after the Effective Date and, if applicable, (ii) a register of Holders of any Allowed First Lien Deficiency Claims and any Prepetition Second Lien Loan Claims (including, without duplication, any Second Lien Deficiency Claims) that are classified and treated as Class 6 Claims in accordance with the Plan. Upon reasonable request of the Ad Hoc Group or its professionals, at the sole cost and expense of the Ad Hoc Group, the OpCo Litigation Trustee shall provide commercially reasonable access to the Ad Hoc Group and any of its professionals to retrieve or access data with respect to administration and assets and liabilities of the OpCo Debtor Litigation Trust, including, without limitation, the~~, Disputed OpCo General Unsecured Claims, ~~the~~or Disputed Freedom HoldCo General Unsecured Claims; and (iii) current officers, directors, and employees of the Reorganized Debtors who may have knowledge regarding the Permitted Litigation Claims, Disputed OpCo General Unsecured Claims, ~~and the OpCo Litigation Claims (including, without limitation, all Causes of Action against the HoldCo Debtors); *provided* that neither the OpCo Litigation Trustee nor the OpCo Debtor Litigation Trust shall be required to incur any liability for any fees or expenses (including any indemnification obligations) that may result from the~~

14

provision of any such access to the Ad Hoc Group and any of its professionals.or Disputed Freedom HoldCo General Unsecured Claims, subject to consultation and cooperation between the Reorganized Debtors and the Litigation Trustee regarding the reasonable availability of such individuals; *provided* that [the individuals set forth in **Schedule 2** hereto (the "Specified Personnel")] will be made available to the Litigation Trust without such limitation.]

2.6.1 [Prior to the Effective Date, the Debtors shall, at the cost and expense of the Debtors, and on or after the Effective Date, the Reorganized Debtors shall, at the sole cost and expense of the Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder), and in all cases at the earliest opportunity, use commercially reasonable efforts to preserve (including through device imaging) and provide to the Litigation Trust all documents,[4] communications,[5] and other information (or copies thereof) (collectively,

---

[4] For the avoidance of doubt, for the purposes of this Section 2.6, "documents" shall include any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, in draft or final form, including, but not limited to: any letter, correspondence, or Communication of any sort; photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, [text message, instant message, Bloomberg message, WhatsApp message,] discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper, or draft; computer or computer network output or input, portable storage devices, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias on the cloud or otherwise, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, or press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, or tabulation, and any and all other writings and recordings of whatever nature, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

[5] For the avoidance of doubt, for purposes of this Section 2.6, "communications" shall include any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more Persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, text messages, consultations, agreements, and other understandings.

"Information") in the possession and control of the Reorganized Debtors that may reasonably be necessary for the liquidation of the Litigation Trust Assets or that may reasonably facilitate the prosecution of the Permitted Litigation Claims, including: (a) all Information [provided to Petrillo Klein + Boxer LLP or Akin Gump Strauss Hauer & Feld LLP in connection with the Freedom HoldCo Independent Investigation and the independent investigations conducted by Petrillo Klein + Boxer LLP, as well as complete and unredacted versions of the reports prepared by the Freedom HoldCo Independent Director and Petrillo Klein + Boxer LLP (which unredacted reports may be provided to the Litigation Trustee and the members of the Litigation Trust Advisory Board on a confidential basis)], (b) all Information produced by the Debtors in discovery in the Chapter 11 Cases, (c) a copy of all the Debtors' prepetition books and records from January 1, 2022 through January 1, 2024; and (d) such other Information that the Reorganized Debtors and the Litigation Trust may agree upon after conferring in good faith; *provided* that, notwithstanding anything to the contrary herein, the Reorganized Debtors shall not be required to (i) incur any liability for any fees or expenses (including any indemnification obligations) that may result from any such cooperation and any documented costs and expenses incurred by the Reorganized Debtors in connection therewith shall be borne or promptly reimbursed by Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder), or (ii) take any actions in connection with any of the Reorganized Debtor's cooperation obligations hereunder that the Reorganized Debtors reasonably determine would harm the merits of, create defenses to, or otherwise prejudice the Reorganized Debtors' Retained Causes of Action following good-faith consultation and coordination between the Reorganized

Debtors and the Litigation Trustee.][6]

       2.6.2   The Reorganized Debtors (or their respective Professionals) shall arrange for the Litigation Trustee to receive (i) an updated Claims Register of OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims from the Claims Agent within thirty (30) days after the Effective Date and, if applicable, (ii) a register of Holders of any Prepetition First Lien Loan Claims, any Prepetition Second Lien Loan Claims, and any Prepetition HoldCo Loan Claims.

    2.7   2.6 Duties of the Debtors and the Reorganized Debtors.  The Debtors and the Reorganized Debtors, as applicable, shall have no responsibility or obligation with respect to the OpCo Debtor Litigation Trust or OpCo Debtor Litigation Trust Assets after the Effective Date, other than to comply with Sections 2.3 and 2.56 of this Agreement.  [To the extent the Reorganized Debtors are obligated to take any action pursuant to this Agreement, unless otherwise expressly set forth herein, the Reorganized Debtors shall only be required to use commercially reasonable efforts in taking such action and the Reorganized Debtors shall coordinate and consult with the Litigation Trustee to ensure that such actions are commercially reasonable (subject to the unqualified cooperation of the Specific Personnel).]  For the avoidance of doubt, the Reorganized Debtors shall not be required to incur any liability for any fees or expenses (including any indemnification obligations) that may result from such compliance and any documented costs and expenses incurred by the Reorganized Debtors in connection therewith shall be borne or promptly reimbursed by Litigation Trust (which shall, in each case, constitute Litigation Trust Expenses hereunder).

---

[6]  Capitalized terms in Section 2.6 not otherwise defined in the Plan or Confirmation Order, as set forth in Section 1.2, shall have the meanings ascribed to them in the Disclosure Statement [Docket No. 151].

2.8    2.7 No Retention of Excess Cash.  Notwithstanding anything in this Agreement to the contrary, but subject to any applicable consultation rights set forth in this Agreement, under no circumstances shall the OpCo Debtor Litigation Trust or the OpCo Litigation Trustee retain Cash in excess of a reasonable amount to meet Claims, expenses (including any litigation expenses incurred in connection with prosecuting the Permitted Litigation Claims), and contingent liabilities or to maintain the value of the OpCo Debtor Litigation Trust Assets during liquidation other than reserves established pursuant to Article III and/or Section 4.1.25.1.1 of this Agreement, and shall distribute all amounts not required to be retained for such purposes and not otherwise required to be distributed to the OpCo Debtor Litigation Trust Beneficiaries as promptly as reasonably practicable in accordance with the Plan and this Agreement.

2.9    2.8 Acceptance by OpCo Litigation Trustee.  The OpCo Litigation Trustee accepts its appointment as OpCo Litigation Trustee of the OpCo Debtor Litigation Trust.

2.10    Appointment of the Litigation Trust Advisory Board.  The members of the Litigation Trust Advisory Board are hereby appointed, effective as of the Effective Date, pursuant to the terms and conditions set forth in Section 4.1 of this Agreement.

2.11    Privileges.

2.11.1 [All attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "Privileges") held by any one or more of the applicable Debtors (including any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their respective predecessors) related to the Litigation Trust Assets are hereby transferred and assigned to the Litigation Trust.  The Debtors and/or the Reorganized Debtors shall not withhold any Information required to be provided to the Litigation Trustee under this Agreement on the basis

that it is subject to any Privileges.]   Information transferred by the Debtors and/or the Reorganized Debtors that is subject to such Privileges (the "Transferred Privileged Information") shall include documents and information of all manners, whether oral, written, or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a privilege that arises from any joint defense, common interest, or similar agreement involving any of the Debtors.

2.11.2   The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information in the Litigation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Litigation Trust and the Litigation Trust Beneficiaries. [The Litigation Trust shall have the authority and discretion to maintain the Privileges and keep the Transferred Privileged Information confidential or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information; *provided, however,* that the Litigation Trust may not, without good-faith consultation and coordination between the Litigation Trustee and the Reorganized Debtors, (i) waive any Privileges in respect of Transferred Privileged Information, or (ii) use or disclose any Transferred Privileged Information. The Reorganized Debtors may not make disclosure in a manner that could effectuate a waiver of any Privileges in respect of Transferred Privileged Information without good-faith consultation and coordination between the Litigation Trustee and the Reorganized Debtors.  If the Litigation Trustee or the Reorganized Debtors object to an action proposed to be taken by the other with regard to records, documents, or information related to the Litigation Trust Assets that are covered by the Privileges (or a disclosure that would result in a waiver), the parties shall be permitted to raise the issue with the Bankruptcy Court. The objecting party shall bear the burden of proof. Each of

the parties shall bear its own costs and expenses, including attorneys' fees, incurred in connection with such dispute.  Notwithstanding anything to the contrary contained herein, nothing in this Agreement shall operate as a waiver of any privileges held and retained by the Reorganized Debtors, including, but not limited to, the Privileges that are transferred to the Litigation Trust hereunder.]

## ARTICLE III

## ADMINISTRATION OF ~~OPCO DEBTOR~~ LITIGATION TRUST

3.1    <u>Rights, Powers, and Privileges of ~~OpCo~~ Litigation Trustee Generally</u>.  Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the Effective Date, the ~~OpCo~~ Litigation Trustee, on behalf of the ~~OpCo Debtor~~ Litigation Trust, may, subject to the oversight of the Litigation Trust Advisory Board, control and exercise authority and dominion over the ~~OpCo Debtor~~ Litigation Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the ~~OpCo Debtor~~ Litigation Trust in accordance with the Plan and this Agreement.  Subject to ~~any applicable consultation rights~~ the oversight of the Litigation Trust Advisory Board set forth ~~in this Agreement~~ herein, in administering the ~~OpCo Debtor~~ Litigation Trust Assets, the ~~OpCo~~ Litigation Trustee shall, among other things, in an expeditious but commercially reasonable manner, (i) liquidate and convert to Cash the ~~OpCo Debtor~~ Litigation Trust Assets, (ii) make timely distributions in accordance with this Agreement and the Plan, and (iii) exercise reasonable business judgment and not unduly prolong the ~~OpCo Debtor~~ Litigation Trust's duration. Notwithstanding anything in the Plan or this Agreement to the contrary, the ~~OpCo~~ Litigation Trustee shall always act consistently with, and not contrary to, the purpose of the ~~OpCo Debtor~~ Litigation Trust as set forth in this Agreement and the Plan.

3.2    <u>Power to Contract</u>.  ~~Subject to any applicable~~In consultation ~~rights set forth in this Agreement~~<u>with the Litigation Trust Advisory Board</u>, in furtherance of the purpose of the ~~OpCo Debtor~~ Litigation Trust, and except as otherwise specifically restricted in the Plan, the Confirmation Order, or this Agreement, the ~~OpCo~~ Litigation Trustee shall have the right and power on behalf of the ~~OpCo Debtor~~ Litigation Trust and also may cause the ~~OpCo Debtor~~ Litigation Trust to enter into any covenants or agreements binding the ~~OpCo Debtor~~ Litigation Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the ~~OpCo~~ Litigation Trustee to be consistent with, and advisable in, furthering the purpose of the ~~OpCo Debtor~~ Litigation Trust, including, without limitation, with respect to the ~~OpCo~~<u>Permitted</u> Litigation Claims.

3.3    <u>Ultimate Right to Act Based on Advice of Counsel or Other Professionals</u>. ~~Subject to any applicable~~In consultation ~~rights set forth in this Agreement~~<u>with the Litigation Trust Advisory Board</u>, nothing in this Agreement shall be deemed to prevent the ~~OpCo~~ Litigation Trustee from taking or refraining to take any action on behalf of the ~~OpCo Debtor~~ Litigation Trust that, based upon the advice of counsel or other professionals, the ~~OpCo~~ Litigation Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the ~~OpCo~~ Litigation Trustee may owe the ~~OpCo Debtor~~ Litigation Trust Beneficiaries or any other Person under the Plan, the Confirmation Order, or this Agreement.

3.4    <u>Powers of ~~OpCo~~ Litigation Trustee</u>.  Without limiting the generality of the above Section 3.1<u>, in furtherance of, consistent with, and unless otherwise specifically limited or restricted by the purpose, terms, and conditions of the Plan, the Confirmation Order, or this Agreement, the Litigation Trustee shall, in consultation with the Litigation Trust Advisory Board</u>, in addition to the powers granted in the Plan and the Confirmation Order, and those

powers set forth herein, at the sole cost and expense of the ~~OpCo Debtor~~ Litigation Trust, ~~the OpCo Litigation Trustee shall~~ have the power to take the following actions on behalf of the ~~OpCo Debtor~~ Litigation Trust and any powers reasonably incidental thereto that the ~~OpCo~~ Litigation Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the ~~OpCo Debtor~~ Litigation Trust, unless otherwise specifically limited or restricted by the Plan, Confirmation Order, or this Agreement and subject to any applicable consultation rights set forth in this Agreement:

3.4.1   hold legal title to the ~~OpCo Debtor~~ Litigation Trust Assets and to any and all rights of the <u>Freedom HoldCo Debtors and the</u> OpCo Debtors (including as Reorganized ~~OpCo~~ Debtors, as applicable) and the ~~OpCo Debtor~~ Litigation Trust Beneficiaries in or arising from the ~~OpCo Debtor~~ Litigation Trust Assets;

3.4.2   receive, maintain, conserve, supervise, prosecute, collect, settle, manage, adjust, invest, protect, enforce, and, where appropriate, cause the ~~OpCo Debtor~~ Litigation Trust to abandon the ~~OpCo Debtor~~ Litigation Trust Assets, including causing the ~~OpCo Debtor~~ Litigation Trust to invest any monies held as ~~OpCo Debtor~~ Litigation Trust Assets in accordance with the terms of Section ~~3.10~~3.9 hereof;

3.4.3   cause the ~~OpCo Debtor~~ Litigation Trust to investigate, pursue, litigate, and/or settle the ~~OpCo~~<u>Permitted</u> Litigation Claims (including, but not limited to, all Causes of Action against the HoldCo Debtors);

3.4.4   open and maintain bank accounts or any other accounts on behalf of, or in the name of, the ~~OpCo Debtor~~ Litigation Trust;

22

3.4.5    cause the ~~OpCo Debtor~~ Litigation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order, or this Agreement, and to perform all obligations thereunder;

3.4.6    receive, collect, hold, administer, and liquidate any and all of the ~~OpCo Debtor~~ Litigation Trust Assets, including, without limitation, the sale of any ~~OpCo Debtor~~ Litigation Trust Assets;

3.4.7    protect and enforce the rights to the ~~OpCo Debtor~~ Litigation Trust Assets (including, without limitation, the ~~OpCo~~Permitted Litigation Claims) vested in the ~~OpCo Debtor~~ Litigation Trust and the ~~OpCo~~ Litigation Trustee by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise;

3.4.8    investigate any potential ~~OpCo~~Permitted Litigation Claims ~~(including, but not limited to, all Causes of Action against the HoldCo Debtors)~~ and cause the ~~OpCo Debtor~~ Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004 in relation to the ~~OpCo~~Permitted Litigation Claims;

3.4.9    investigate any ~~OpCo~~Permitted Litigation Claims and review, reconcile, compromise, settle or object to OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims as set forth in the Plan ~~(other than as to the quantum of the First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan)~~, and cause the ~~OpCo Debtor~~ Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004 in relation to the ~~OpCo~~Permitted Litigation Claims; *provided*, *however*, that the ~~OpCo Debtor~~ Litigation Trust shall not be permitted to seek relief under Bankruptcy Rule 2004 as against (i) ~~the OpCo Debtors or the Reorganized OpCo Debtors, (ii)~~ any current employees, officers, or directors of the Reorganized

OpCo Debtors, (iii) the DIP Agent and the DIP Lenders, (iii) the Freedom Lender Group, and (iv) the Ad Hoc First Lien Group;

3.4.10 cause the OpCo Debtor Litigation Trust, if applicable, to exercise the New Warrants at a time chosen by the OpCo Litigation Trustee, in consultation with the Ad Hoc Group, in accordance with the Plan, this Agreement, and the New Warrants Documentation;

3.4.10 3.4.11 cause the OpCo Debtor Litigation Trust to employ or retain professionals, including without limitation, a distribution agent, and other agents, attorneys, financial advisors, independent contractors, and third parties pursuant to this Agreement and pay the reasonable compensation thereof as OpCo Debtor Litigation Trust Expenses; *provided, however*, that none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust, the Litigation Trustee, or the Litigation Trust Advisory Board;

3.4.11 3.4.12 cause the OpCo Debtor Litigation Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the OpCo Debtor Litigation Trust Assets as OpCo Debtor Litigation Trust Expenses, solely out of the OpCo Debtor Litigation Trust Assets;

3.4.12 3.4.13 cause the OpCo Debtor Litigation Trust to review, reconcile, investigate, pursue, prosecute, enforce, collect, compromise, settle, abandon, or elect not to pursue all Disputed OpCo General Unsecured Claims and the OpCo, Disputed Freedom HoldCo General Unsecured Claims and the Permitted Litigation Claims;

3.4.13 3.4.14 calculate, authorize, and make all distributions to the Hholders of Allowed OpCo General Unsecured ClaimsLitigation Trust Units as provided for in, or contemplated by, the Plan and this Agreement;

3.4.14 ~~3.4.15~~ establish, adjust, and maintain a ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve;

3.4.15 ~~3.4.16~~ cause the ~~OpCo Debtor~~ Litigation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the ~~OpCo~~ Litigation Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such distribution under the income tax or other ~~l~~Laws of the United States or of any state or political subdivision thereof;

3.4.16 ~~3.4.17~~ in reliance upon the Debtors' Schedules and the official Claims Register maintained in the Chapter 11 Cases, review, and, where appropriate, cause the ~~OpCo Debtor~~ Litigation Trust to Allow or object to~~,~~ OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims, and supervise and administer the ~~OpCo Debtor~~ Litigation Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to the Disputed OpCo General Unsecured Claims ~~required~~and Disputed Freedom HoldCo General Unsecured Claims permitted to be administered by the ~~OpCo Debtor~~ Litigation Trust in accordance with the Plan; *provided, however,* that the Litigation Trustee shall not be permitted to object to any Prepetition First Lien Loan Claims, Prepetition Second Lien Loan Claims, or Prepetition HoldCo Loan Claims;

3.4.17 ~~3.4.18~~ in reliance upon the Debtors' Schedules and the Claims Register maintained in the Chapter 11 Cases, maintain a register evidencing the ~~OpCo Debtor~~ Litigation Trust Units held by each ~~OpCo Debtor~~ Litigation Trust Beneficiary and, in accordance with Section ~~3.11~~3.10 of this Agreement, such register may be the official Claims Register maintained in the Chapter 11 Cases~~ to the extent of any OpCo General Unsecured Claims as reflected thereon~~;

3.4.18 ~~3.4.19~~ without limitation of, and as set forth in Section ~~3.4.14~~3.4.15 of this Agreement, cause the ~~OpCo Debtor~~ Litigation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the ~~OpCo Debtor~~ Litigation Trust, and file tax returns for the ~~OpCo Debtor~~ Litigation Trust as a grantor trust under Internal Revenue Code section 671 and Treasury Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article VII~~I~~ hereof (subject to the treatment of any portion of the ~~OpCo Debtor~~ Litigation Trust as a DOF or other separate ~~e~~Entity), and pay taxes, if any, payable for and on behalf of the ~~OpCo Debtor~~ Litigation Trust~~,~~; *provided*, *however*, neither the ~~OpCo Debtor~~ Litigation Trust nor the ~~OpCo~~ Litigation Trustee shall have any responsibility or liability in any capacity whatsoever for the filing of Debtors' income tax returns for any period either prior to or after the Effective Date;

3.4.19 ~~3.4.20~~ cause the ~~OpCo Debtor~~ Litigation Trust to abandon or donate to a charitable organization that qualifies for non-profit status under Internal Revenue Code section 501(c)(3) any ~~OpCo Debtor~~ Litigation Trust Assets that the ~~OpCo~~ Litigation Trustee, in consultation with the ~~Ad Hoc Group~~Litigation Trust Advisory Board, determines to be too impractical to distribute to the ~~OpCo Debtor~~ Litigation Trust Beneficiaries or of inconsequential value to the ~~OpCo Debtor~~ Litigation Trust and the ~~OpCo Debtor~~ Litigation Trust Beneficiaries;

3.4.20 ~~3.4.21~~ cause the ~~OpCo Debtor~~ Litigation Trust to send annually to ~~OpCo Debtor~~ Litigation Trust Beneficiaries, in accordance with the applicable tax ~~l~~Laws, a separate statement stating a ~~OpCo Debtor~~ Litigation Trust Beneficiary's interest in the ~~OpCo Debtor~~ Litigation Trust and its share of the ~~OpCo Debtor~~ Litigation Trust's income, gain, loss, deduction, or credit, and to instruct all such ~~OpCo Debtor~~ Litigation Trust Beneficiaries to report such items on their United States federal tax returns, as applicable;

3.4.21 ~~3.4.22~~ cause the ~~OpCo Debtor~~ Litigation Trust to seek a determination of tax liability or refund of the ~~OpCo Debtor~~ Litigation Trust (including any ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve treated as a DOF (if elected) or other separate ~~e~~Entity) under section 505 of the Bankruptcy Code;

3.4.22 ~~3.4.23~~ cause the ~~OpCo Debtor~~ Litigation Trust to establish such reserves for taxes, assessments and other ~~OpCo Debtor~~ Litigation Trust Expenses as may be necessary and appropriate for the proper operation of matters incident to the ~~OpCo Debtor~~ Litigation Trust;

3.4.23 ~~3.4.24~~ cause the ~~OpCo Debtor~~ Litigation Trust to purchase and carry all insurance policies that the ~~OpCo~~ Litigation Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs;

3.4.24 ~~3.4.25~~ undertake all administrative functions of the ~~OpCo Debtor~~ Litigation Trust, including overseeing the winding down and termination of the ~~OpCo Debtor~~ Litigation Trust;

3.4.25 ~~3.4.26~~ exercise, implement, enforce, and discharge all of the applicable and relevant terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement; and

3.4.26 ~~3.4.27~~ take all other actions consistent with this Agreement, the Plan, and the Confirmation Order, that the ~~OpCo~~ Litigation Trustee deems reasonably necessary or desirable to administer the ~~OpCo Debtor~~ Litigation Trust.

3.4.27 ~~3.4.28~~ Notwithstanding anything to the contrary herein, the ~~OpCo~~ Litigation Trustee shall not invest any ~~OpCo Debtor~~ Litigation Trust Assets, proceeds thereof, or any income earned by the ~~OpCo Debtor~~ Litigation Trust unless such investment is permitted to be made by a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d),

as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue Procedure 94-45, 1994-2 C.B. 684.  The ~~OpCo~~ Litigation Trustee shall not be liable for interest or obligated to produce income on any moneys received by the ~~OpCo Debtor~~ Litigation Trust hereunder and held for distribution or payment, except as such interest or other income shall actually be received by the ~~OpCo~~ Litigation Trustee.

3.5    Limitations on Power and Authority of Litigation Trustee.  Notwithstanding anything to the contrary contained herein, the Litigation Trustee shall not have the authority to (i) take any action in contravention of the Plan, the Confirmation Order, or this Agreement; (ii) take any action that would make it impossible to carry on the activities of the Litigation Trust; (iii) possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein; (iv) raise any financing, including any litigation financing, unless such financing is on market terms, and an equal opportunity to participate in such financing is offered on the same terms and on a *pro rata* basis to all Litigation Trust Beneficiaries; or (v) make any distribution to Litigation Trust Beneficiaries, unless such distributions are made on *pro rata* basis subject to the Litigation Trust Units Allocations.

3.6    ~~3.5~~ Authority to Pursue the ~~OpCo~~ Permitted Litigation Claims.  ~~Subject to any applicable~~ In consultation ~~rights set forth in this Agreement, the OpCo Debtor~~ with the Litigation Trust Advisory Board, the Litigation Trust shall have sole and absolute discretion with respect to the right, power, and interest to investigate, review, pursue, reconcile, prosecute, enforce, collect, compromise, settle, or elect not to pursue the ~~OpCo~~ Permitted Litigation Claims~~, which are set forth in Section 7.10(c)(iii) of the Plan, and, for the avoidance of doubt, include, but are not limited to, all Causes of Action against the HoldCo Debtors~~.  Except as otherwise provided in the Plan or the Confirmation Order, the ~~OpCo Debtor~~ Litigation Trust shall be vested with, and

shall be entitled to assert all setoffs, cross-claims, defenses, and Causes of Action, whether arising at law or in equity, of the Freedom HoldCo Debtors, the OpCo Debtors or the ~~OpCo Debtor~~ Litigation Trust to any counterclaims that may be asserted by any defendant with respect to the ~~OpCo~~Permitted Litigation Claims ~~(other than as to the quantum of the First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan). The OpCo Debtor~~. The Litigation Trust, acting by and through the ~~OpCo~~ Litigation Trustee, shall be the sole representative of the Freedom HoldCo Debtors' and OpCo Debtors' Estates under section 1123(b)(3) of the Bankruptcy Code with respect to the ~~OpCo~~Permitted Litigation Claims.

~~3.5.1 Except as expressly stated otherwise below, the OpCo Debtor Litigation Trust shall stand in the same position as the OpCo Debtors and their Estates (solely with regard to the OpCo Litigation Claims) as to all evidentiary privileges of any type or nature whatsoever, including attorney-client privilege, the work product privilege or doctrine, any other privilege or immunity attaching to any documents or communications in any form, including electronic data hosted on remote servers, and any other applicable evidentiary privileges of each of the foregoing (collectively, the "Privileges"), and shall succeed to all of the rights of the OpCo Debtors and their Estates (solely with regard to the OpCo Litigation Claims) to preserve or assert any such Privileges, and shall be deemed to be the assignee by each OpCo Debtor and its respective Estate (solely with regard to the OpCo Litigation Claims) of each such Privilege; provided that the OpCo Debtor Litigation Trust may not intentionally waive any Privileges in respect of records, documents, or information related to the OpCo Debtor Litigation Trust Assets without the written consent of the Reorganized Debtors.~~

3.6.1 ~~3.5.2~~Notwithstanding the ~~OpCo~~ Debtors or Reorganized ~~OpCo~~ Debtors

providing any privileged information to the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo~~ Litigation Trustee, such privileged information shall be without waiver in recognition of the joint and/or successor interest in investigating and prosecuting the ~~OpCo~~Permitted Litigation Claims and shall remain privileged.

3.6.2    The Litigation Trustee will exercise its reasonable business judgment in prosecuting the causes of action held by the Litigation Trust.  Except as otherwise expressly set forth in this Agreement, the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, shall have sole discretion with respect to the prosecution, settlement, or other resolution of Permitted Litigation Claims as it determines are in the best interests of the holders of the Litigation Trust Units and consistent with its fiduciary duties and the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision.

~~3.6  Conflicting Litigation Claims.  The Bankruptcy Court shall retain jurisdiction to resolve any conflict that may arise between the OpCo Debtor Litigation Trust and the Freedom HoldCo Debtor Litigation Trust, including with respect to each of their respective rights to pursue any Cause of Action and whether any such Cause of Action constitutes OpCo Litigation Claim or Freedom HoldCo Debtor Litigation Trust Claim.~~

~~3.7 Abandonment.  Notwithstanding the foregoing, if, in the OpCo Litigation Trustee's reasonable judgment, in consultation with the Ad Hoc Group, any OpCo Debtor Litigation Trust Asset cannot be monetized or resolved in a commercially reasonable manner or the OpCo Litigation Trustee believes in good faith that such property has inconsequential value to the OpCo Debtor Litigation Trust or the OpCo Debtor Litigation Trust Beneficiaries, the OpCo Litigation Trustee shall~~ have the right to cause the ~~OpCo Debtor~~ Litigation Trust to abandon or

otherwise dispose of such property, including by donation of such property to a qualified Internal Revenue Code section 501(c)(3) charitable organization.

3.7    3.8 Responsibility for Administration of Claims. From and after the Effective Date, the OpCo Debtor Litigation Trust shall, subject to any applicable consultation rights set forth in this Agreement, become responsible for administering and paying distributions to Holders of Allowed OpCo General Unsecured Claims. The OpCo DebtorLitigation Trust Units on a pro rata basis, subject to the Litigation Trust Units Allocation. The Litigation Trust, acting by and through the OpCo Litigation Trustee, shall have the exclusive right after the Effective Date to object to the allowance of any OpCo General Unsecured Claim or Freedom HoldCo General Unsecured Claim on any ground (other than as to the quantum of any First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan), to file, withdraw, or litigate to judgment objections to such Claims, to settle or compromise any Disputed OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims without any further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Freedom HoldCo Debtors, the OpCo Debtors, and their Estatesrespective Estates; provided that the Litigation Trust shall consult with the Reorganized Debtors prior to taking such action to the extent such action may have an adverse impact on the Reorganized Debtors' Retained Causes of Action. Except as set forth herein or in the Plan, the OpCo Debtor Litigation Trust, acting by and through the OpCo Litigation Trustee, shall also be entitled to assert all of the Freedom HoldCo Debtors', the OpCo Debtors', and their respective Estates' rights under, without limitation, section 558 of the Bankruptcy Code, and may seek estimation of any OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims under and subject to section 502(c) of the Bankruptcy Code (other than as to the quantum

of the First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan).

3.8    3.9 Agents and Professionals.  The OpCoSubject to Section 3.5.3 and this Section 3.8, the Litigation Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the OpCo Litigation Trustee believes have qualifications necessary to assist in the administration of the OpCo Debtor Litigation Trust, including professionals previously retained by the Debtors or the Creditors' Committee.  For the avoidance of doubt, and without limitation of applicable lLaw, nothing in this Agreement (other than Section 3.5.3 and this Section 3.8) shall limit the OpCo Litigation Trustee from engaging counsel or other professionals, including the OpCo Litigation Trustee itself or the OpCo Litigation Trustee's firm or their affiliates, to do work for the OpCo Debtor Litigation Trust.  The OpCo; *provided* that, none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust, the Litigation Trustee, or the Litigation Trust Advisory Board.  The Litigation Trustee shall pay the reasonable salaries, fees, and/or expenses of such Persons out of the OpCo Debtor Litigation Trust Assets in the ordinary course of business as OpCo Debtor Litigation Trust Expenses without the need for Bankruptcy Court approval.

3.9    3.10 Safekeeping and Investment of the OpCo Debtor Litigation Trust Assets.  All monies and other assets received by the OpCo Litigation Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the OpCo Debtor Litigation Trust Beneficiaries, but need not be segregated in separate accounts from other OpCo Debtor Litigation Trust Assets, unless and to the extent required by lLaw or the Plan.  Except for any liability arising from the OpCo Litigation Trustee's breach of its fiduciary duties expressly

preserved herein, neither the ~~OpCo Debtor~~ Litigation Trust nor the ~~OpCo~~ Litigation Trustee shall have any liability for interest or producing income on any monies received by them and held for distribution on account of ~~applicable Allowed OpCo General Unsecured Claims or payment to the OpCo Debtor~~the Litigation Trust Beneficiaries except as such interest shall actually be received by the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo~~ Litigation Trustee, which shall be distributed as provided herein and in the Plan.  Except as otherwise provided by the Plan, the powers of the ~~OpCo~~ Litigation Trustee to invest any monies held by the ~~OpCo Debtor~~ Litigation Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the ~~OpCo Debtor~~ Litigation Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills or money market funds that invest exclusively in United States Treasury bills and United States Treasury notes; *provided*, *however*, that the scope of permissible investments shall be limited to include only those investments that a "liquidating trust," within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, Internal Revenue Service pronouncements, or otherwise.  For the avoidance of doubt, the provisions of section 11-2.3 of the Estates, Powers, and Trusts Law of New York shall not apply to this Agreement.  Notwithstanding the foregoing, the ~~OpCo~~ Litigation Trustee shall not be prohibited from engaging in any trade or business on its own account, *provided that* such activity does not interfere or conflict with the ~~OpCo~~ Litigation Trustee's administration of the ~~OpCo Debtor~~ Litigation Trust (including the ~~OpCo Debtor~~ Litigation Trust's status as a "liquidating trust" for tax purposes).

3.10 ~~3.11~~ Maintenance and Disposition of ~~OpCo Debtor~~ Litigation Trust and ~~OpCo~~ Debtor Records. The ~~OpCo~~ Litigation Trustee shall maintain accurate records of the administration of the ~~OpCo Debtor~~ Litigation Trust Assets, including receipts and disbursements and other activity of the ~~OpCo Debtor~~ Litigation Trust. The ~~OpCo Debtor~~ Litigation Trust may (at its sole cost and expense), but has no obligation to, engage a claims agent (including, but not limited to, the Debtors' Claims Agent) to continue to maintain and update the Claims Register maintained in the Chapter 11 Cases throughout the administration of the ~~OpCo Debtor~~ Litigation Trust. To the extent of any ~~OpCo~~ General Unsecured Claims reflected thereon, the Claims Register may serve as the ~~OpCo~~ Litigation Trustee's register of ~~OpCo Debtor~~ Litigation Trust Units held by ~~OpCo Debtor~~ Litigation Trust Beneficiaries. The books and records maintained by the ~~OpCo~~ Litigation Trustee and any records of the Debtors transferred to the ~~OpCo Debtor~~ Litigation Trust may be disposed of by the ~~OpCo~~ Litigation Trustee at the later of (i) such time as the ~~OpCo~~ Litigation Trustee, in consultation with the Litigation Trust Advisory Board, determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo Debtor~~ Litigation Trust Beneficiaries and (ii) upon the termination and completion of the winding down or dissolution of the ~~OpCo Debtor~~ Litigation Trust.

3.11 ~~3.12~~ Reporting Requirements. The ~~OpCo~~ Litigation Trustee shall provide the Reorganized Debtors, U.S. Trustee, the Litigation Trust Advisory Board, and the Bankruptcy Court the information and reports they may reasonably request concerning the administration of the ~~OpCo Debtor~~ Litigation Trust.

3.12 ~~3.13~~ No Bond Required; Procurement of Insurance. Notwithstanding any state or other applicable ~~l~~Law to the contrary, the ~~OpCo~~ Litigation Trustee (including any successor

34

OpCo Litigation Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The OpCo Litigation Trustee is hereby authorized, but not required, to obtain all reasonable insurance coverage for itself, its the Litigation Trust Advisory Board, or their respective agents, representatives, employees, or independent contractors, including, without limitation, coverage with respect to the liabilities, duties, and obligations of the OpCo Litigation Trustee and its agents, representatives, employees, or independent contractors under this Agreement. The cost of any such insurance coverage shall be an expense of the OpCo Debtor Litigation Trust, constitute OpCo Debtor Litigation Trust Expenses, and be paid out of the OpCo Debtor Litigation Trust Assets.

3.13 3.14 Fiduciary and Other Duties. [Notwithstanding anything in the Plan or this Agreement to the contrary, the OpCo Litigation Trustee shall always act in the best interests of the OpCo Debtor Litigation Trust Beneficiaries and in furtherance of the purpose of the OpCo Debtor Litigation Trust as described herein and as set forth in the Plan. The OpCo Litigation Trustee shall have a fiduciary duties duty of care and loyalty to the OpCo Debtor Litigation Trust Beneficiaries (which shall not include, for the avoidance of doubt, the Debtors or the Reorganized Debtors) and shall otherwise have fiduciary duties consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her, or its responsibilities accordingly. Except for obligations expressly imposed on the OpCo Litigation Trustee by this Agreement, to the extent that, at law or in equity, the OpCo Litigation Trustee has duties (including fiduciary duties, other than any fiduciary duties expressly preserved herein) to the OpCo Debtor Litigation Trust Beneficiaries or to any other person that is a party to or is otherwise bound by this Agreement, such duties are hereby eliminated by this

Agreement to the fullest extent permitted by applicable law; *provided*, *however*, that this Agreement does not eliminate the implied contractual covenant of good faith and fair dealing.]

## ARTICLE IV

### THE LITIGATION TRUST ADVISORY BOARD

4.1    Appointment of the Litigation Trust Advisory Board.  On or prior to the Effective Date, a three-person Litigation Trust Advisory Board shall be appointed and include: (i) two designees of the Freedom HoldCo Debtors (which designees shall be selected by the Freedom Lender Group) and (ii) one designee of the OpCo Debtors (which designee shall be selected by the Creditors' Committee with the consent of the Required Consenting First Lien Lenders) (each designee, a "Member").  The initial Members of the Litigation Trust Advisory Board are Parties to this Agreement.  No Member of the Litigation Trust Advisory Board shall be the Litigation Trustee.

4.2    Fiduciary Duties.  The Litigation Trust Advisory Board and its Members shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her, or its responsibilities accordingly; [*provided*, *however*, that the Litigation Trust Advisory Board shall not owe fiduciary obligations to the Debtors, the Reorganized Debtors, or any defendants of Permitted Litigation Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trust Advisory Board's obligations are to maximize the value of the Litigation Trust Assets, including the Permitted Litigation Claims.]  In all circumstances, the Litigation Trust Advisory Board shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

4.3    Authority and Responsibilities.

4.3.1    The Litigation Trust Advisory Board shall have the authority and responsibility to (i) monitor and oversee the administration of the Litigation Trust, (ii) monitor and oversee the activities and performance of the Litigation Trustee, (iii) designate another Person to become the Litigation Trustee in the event of the resignation or removal for Cause (as defined in Section 9.3 herein), liquidation, dissolution, death, or incapacity of the Litigation Trustee in accordance with Section 9.5 hereof, and (iv) perform such other tasks as expressly set forth in the Plan, the Confirmation Order, and this Agreement.

4.3.2    The Litigation Trust Advisory Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Plan, the Confirmation Order, or this Agreement, consult with and advise the Litigation Trustee as to the administration and management of the Litigation Trust in accordance with the Plan, the Confirmation Order, and this Agreement.

4.3.3    Members of the Litigation Trust Advisory Board shall make themselves reasonably available for consultation by the Litigation Trust Beneficiaries.

4.4    Regular Meetings of the Litigation Trust Advisory Board.  The first meeting of the Litigation Trust Advisory Board shall occur no later than thirty (30) calendar days after the Effective Date.  Meetings of the Litigation Trust Advisory Board are to be held at least quarterly.

4.5    Special Meetings of the Litigation Trust Advisory Board.  Special meetings of the Litigation Trust Advisory Board may be held whenever and wherever called for by any Member; *provided* that notice of any such special meeting shall be duly given in writing no less than 48 hours prior to such special meeting (such notice being subject to waiver by the Members).

4.6    Litigation Trust Advisory Board's Action Without a Meeting.  Any action

required or permitted to be taken by the Litigation Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Advisory Board as evidenced by a written consent describing the action taken, signed by all Members.

4.7     Regular Meetings of the Litigation Trustee and the Litigation Trust Advisory Board.  Meetings of the Litigation Trustee and the Litigation Trust Advisory Board are to be held with such frequency and at such place as the Litigation Trustee and the Litigation Trust Advisory Board may determine in their sole discretion, but in no event shall such meetings be held less frequently than quarterly.

4.8     Special Meetings of the Litigation Trustee and the Litigation Trust Advisory Board.  Special meetings of the Litigation Trustee and the Litigation Trust Advisory Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided* that notice of any such special meeting shall be duly given in writing no less than 48 hours prior to such special meeting (such notice being subject to waiver by the Litigation Trustee and the Members).

4.9     Manner of Acting.

4.9.1     A majority of the total number of Members of the Litigation Trust Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Advisory Board; *provided, however,* that a quorum any meeting of the Litigation Trust Advisory Board will require the attendance of the Member designated by the OpCo Debtors pursuant to their designation right (subject to the applicable consent rights). The affirmative vote of a majority of the votes of all Members present and entitled to vote at a meeting of the Litigation Trust Advisory Board at which a quorum is present shall be the act of

the Litigation Trust Advisory Board, except as otherwise required by Law or as provided in this Agreement.  In the absence of a quorum at any meeting of the Litigation Trust Advisory Board, a majority of the votes of the Members present and entitled to vote may adjourn the meeting from time to time without further notice, other than announcement at the meeting, until a quorum shall be present.  Each Member shall have one (1) vote on all matters submitted to the Litigation Trust Advisory Board for the vote, consent or approval of the Litigation Trust Advisory Board (other than matters for which such Member is not entitled to vote, as expressly set forth in this Agreement).

4.9.2    Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, video conference or similar communications equipment by means of which all Persons participating in the meeting may hear each other.  Any Member participating in a meeting by this means is deemed to be present in person at the meeting.  Voting (including on negative notice) may be conducted by e-mail or individual communications by the Litigation Trustee and each Member.

4.9.3    Any Member who is present and entitled to vote at a meeting of the Litigation Trust Advisory Board (including any meeting of the Litigation Trustee and the Litigation Trust Advisory Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Advisory Board, unless: (i) such Member of the Litigation Trust Advisory Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Advisory Board before its adjournment.  The right of

dissent or abstention is not available to any Member of the Litigation Trust Advisory Board who votes in favor of the action taken.

4.9.4    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each Member of the Litigation Trust Advisory Board shall report to the Litigation Trust Advisory Board any conflict of interest such Member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such Member may have with respect to or in connection with such matter or issue, other than solely as a holder of Litigation Trust Units).  A Member who, with respect to a matter or issue, has or who may have a conflict of interest whereby such Member's interests are adverse to the interests of the Litigation Trust (i) shall be deemed to be a "Conflicted Member" who shall not be entitled to vote or take part in any action with respect to such matter or issue, (ii) the vote or action with respect to such matter or issue shall be undertaken only by Members of the Litigation Trust Advisory Board who are not Conflicted Members; and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the Members of the Litigation Trust Advisory Board who are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trust Advisory Board; *provided* that a Member shall not be deemed to be a Conflicted Member with respect to a particular matter or issue if such Member merely has an economic interest in the outcome of such matter or issue solely as a holder of Litigation Trust Units.

4.9.5    The Members of the Litigation Trust Advisory Board shall have the authority to designate any Person to act on their behalf, including, without limitation, to attend, participate in and vote at meetings of the Litigation Trust Advisory Board.

4.9.6    Compensation.    Unless determined by the Litigation Trust Advisory Board, no Member shall be entitled to compensation in connection with his/her service to the Litigation Trust Advisory Board.

4.10    Reimbursement of Expenses.  The Litigation Trust shall reimburse all reasonable and documented out-of-pocket expenses incurred by the Members of the Litigation Trust Advisory Board in connection with the performance of each of their duties hereunder and shall reimburse all such Members for any and all losses, liabilities, expenses, or damages that such Members may, in good faith and without willful misconduct, gross negligence, or fraud, sustain in the exercise and performance of any of the powers and duties of the Litigation Trust Advisory Board under this Agreement.

4.10.1    The Litigation Trust Advisory Board shall have no obligation or responsibility to retain, engage or consult any attorneys, professionals or other advisors, and in the event the Litigation Trust Advisory Board elects to retain, engage or consult any such persons, the Litigation Trust shall have no obligation to pay any of the fees, costs or expenses of such persons, except that the Litigation Trust shall pay an amount jointly agreed by the Litigation Trustee and the unanimous vote of the Litigation Trust Advisory Board for the fees, costs or expenses of any attorneys engaged by unanimous vote of the Litigation Trust Advisory Board at reasonable rates to advise the Litigation Trust Advisory Board on its rights and responsibilities under this Agreement; *provided, however*, that none of Paul Hastings LLP, White & Case LLP or Pachulski Stang Ziehl & Jones LLP shall serve as counsel to the Litigation Trust Advisory Board.

4.10.2    The Litigation Trust Advisory Board shall have the right to cause the Litigation Trust to purchase insurance coverage with respect to the liabilities and obligations of

its Members under this Agreement, except to the extent that such liabilities and obligations are covered by other insurance applicable to the service of such Members of the Litigation Trust Advisory Board.

4.11    Tenure of the Members of the Litigation Trust Advisory Board.  The authority of the Members of the Litigation Trust Advisory Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 10.3.  The Members will serve until such Member's successor is duly appointed or until such Member's earlier resignation, removal, death (in the case of a Member that is a natural Person), or dissolution (in the case of a Member that is not a natural Person).

4.12    Resignation of the Members of the Litigation Trust Advisory Board.  A Member may resign by giving not less than thirty (30) days' prior written notice of resignation to the Litigation Trustee and the other Members.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor.

4.13    Removal of the Members of the Litigation Trust Advisory Board.  A Member may be removed from the Litigation Trust Advisory Board for Cause by motion in the Bankruptcy Court made either by (a) the Litigation Trustee;(b) any Litigation Trust Beneficiary, or (c) *sua sponte* by the Bankruptcy Court.

4.14    Appointment of a Successor Member of the Litigation Trust Advisory Board.

4.14.1    In the event of a vacancy on the Litigation Trust Advisory Board (whether by resignation, removal, death or dissolution), the Litigation Trust Beneficiary that originally appointed the vacating Member shall be entitled to appoint a Person or Entity as a successor to the vacating Member; *provided*, that the Ad Hoc Group will be substituted for the Creditors' Committee for this purpose after the Creditors' Committee is disbanded pursuant to the Plan.

4.14.2    Immediately upon the appointment of any successor Member, all rights, powers, duties, authority and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act, and such successor Member will not be liable personally for any act or omission of the predecessor Member.

4.14.3    Every successor Member appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Member without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Member.

4.15    Confidentiality.  Each Member shall, during the period that such Member serves as a Member under this Agreement and following the termination of this Agreement or following such Member's removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person or Entity to which any of the Litigation Trust Assets relates or of which such Member has become aware in their capacity as Member of the Litigation Trust Advisory Board, until (i) such information is made public other than by disclosure by such Member in violation of this Agreement; (ii) the Litigation Trust is required by Law to disclose such information (in which case the Litigation Trust shall provide the relevant Person or Entity reasonable advance notice and an opportunity to protect his, her, or its rights); or [(iii) the Litigation Trust obtains a waiver of such confidentiality from the applicable Person or Entity; *provided, however,* notwithstanding the foregoing, upon reasonable request, the Ad Hoc Group (and it counsel) and the Freedom Lender Group (and its counsel) shall be entitled to receive any reasonable information that it may request relating to the Litigation Trust and the Litigation Trust Assets, and the Member designated by the OpCo

Debtors and the Members designated by the Freedom HoldCo Debtors, respectively, may disclose any information relating to the Litigation Trust and the Litigation Trust Assets on a confidential basis to the Ad Hoc Group (and/or its counsel) and the Freedom Lender Group (and/or its counsel), respectively, and shall have the right to confer on a confidential basis with the Ad Hoc Group (and/or its counsel) and the Freedom Lender Group (and/or its counsel), respectively, regarding the same.]

## ARTICLE V

## DISTRIBUTIONS

5.1    4.1 Distribution and Reserve of OpCo Debtor Litigation Trust Assets.  Following the transfer of the OpCo Debtor Litigation Trust Assets to the OpCo Debtor Litigation Trust, the OpCo Litigation Trustee shall, subject to any applicablein consultation rights expressly set forth in this Agreementwith the Litigation Trust Advisory Board, make continuing efforts on behalf of the OpCo Debtor Litigation Trust to collect, liquidate, and distribute all OpCo Debtor Litigation Trust Assets, subject to the reserves deemed necessary by the OpCo Litigation Trustee pursuant to this Agreement, in accordance with the Plan.

5.1.1    4.1.1 Distributions.  The OpCo Litigation Trustee shall make distributions onlyto the extent of the Litigation Trust Net Assets, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, to Holders of Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims to the extent of the OpCo Debtor, and Allowed Freedom HoldCo General Unsecured Claims, on a *pro rata* basis and subject to the Litigation Trust Net AssetsUnits Allocations.  The OpCo Litigation Trustee shall cause the OpCo Debtor Litigation Trust to make distributions, at least annually (other than with respect to

44

any New Warrants or any Reorganized Common Equity issuable upon the exercise thereof), to the OpCo Debtor Litigation Trust Beneficiaries, except the OpCo Debtor Litigation Trust may retain, in consultation with the Ad Hoc Group, an amount of net income and other OpCo DebtorLitigation Trust Advisory Board, shall cause the Litigation Trust to make distributions to Litigation Trust Beneficiaries at least annually but as often as reasonably possible, so long as the Litigation Trustee determines, in good faith, that the retention of certain of the Litigation Trust Assets that is reasonably, including the Litigation Trust Escrow Amount, is no longer necessary to (i) meet contingent liabilities, to(ii) maintain the OpCo Debtor Litigation Trust Disputed Claims Reserve, and to(iii) maintain the value of the OpCo Debtor Litigation Trust Assets pending their liquidation during the term of the OpCo Debtor Litigation Trust, or that are determined to be necessary to(iv) pay or be reserved for reasonably incurred or anticipated expenses or claims of the OpCo Debtor Litigation Trust and the OpCo Litigation Trustee, including, but not limited to, the OpCo Debtor Litigation Trust Expenses, and. The retention of such amount may preclude distributions to OpCo Debtor Litigation Trust Beneficiaries, all in accordance with the terms of the Plan and this Agreement. The OpCo Debtor Litigation Trust may engage disbursing agents and other Persons as reasonably necessary to assist in making such distributions. For the avoidance of doubt, no New Warrants (or any Reorganized Common Equity issuable upon the exercise thereof) may be distributed or exercised to the extent that, upon such distribution or exercise, the Reorganized Debtors would be required to register any of their equity interests or other securities (including any Reorganized Common Equity) under the Securities Exchange Act of 1934, as amended.

5.1.2    No Payment Over the Full Amount.  In no event shall the Holder of an Allowed Claim receive distributions on account of its Allowed Claim for more than the full payment on account of such Claim.

5.1.3    4.1.2 Reserves; Pooling of Reserved Funds.  Before any distribution can be made, the OpCo Litigation Trustee shall, in its reasonable discretion, but subject to any applicable consultation and/or consent rights expressly set forth in this Agreement, establish, supplement, and maintain a reserve in an amount sufficient to meet any and all liabilities and OpCo Debtor Litigation Trust Expenses, including attorneys' fees and expenses and the fees and expenses of other professionals.  In accordance with the Plan and Section 3.4.1<del>3</del>4 of this Agreement, the OpCo Debtor Litigation Trust may also maintain as necessary one or more reserves (including the OpCo Debtor Litigation Trust Disputed Claims Reserve) with respect to the OpCo General Unsecured Claims and Freedom HoldCo General Unsecured claims required to be administered by the OpCo Debtor Litigation Trust.  For the avoidance of doubt, subject to the Plan and Confirmation Order, the OpCo Litigation Trustee may withhold any distribution pending the OpCo Debtor Litigation Trust's determination of whether to object to any OpCo General Unsecured Claim (other than as to the quantum of the First Lien Deficiency Claims, which shall be in an amount consistent with the description in Section 5.4(b) of the Plan)or Freedom HoldCo General Unsecured Claim.  Any such withheld distribution shall become part of a reserve with respect to OpCo General Unsecured(the "Litigation Trust Disputed Claims Reserve") and shall be distributed to the appropriate OpCo Debtor Litigation Trust Beneficiary no later than the first Distribution Record Date after a decision is made not to object to the pertinent OpCo General Unsecured Claim or the OpCosuch General Unsecured Claim becomes Allowed.  The OpCo Litigation Trustee need not maintain any of the OpCo Debtor Litigation

Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the ~~OpCo Debtor~~ Litigation Trust; *provided*, *however*, that the ~~OpCo Debtor~~ Litigation Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

      5.1.4    ~~4.1.3~~ Distributions Net of Reserves and Costs.  Distributions shall be made net of reserves in accordance with the Plan and this Agreement, and also net of the actual and reasonable costs of making the distributions.  The ~~OpCo~~ Litigation Trustee may, subject to any applicable consultation and/or approval rights expressly set forth in this Agreement, sell or otherwise dispose of ~~OpCo Debtor~~ Litigation Trust Assets in order to pay such costs.  The Litigation Trust Escrow Amount shall be primarily reserved for the costs and expenses (including, any advisor fees and expenses) of the Litigation Trust; *provided,* that, if the Litigation Trustee, in consultation with the Litigation Trust Advisory Board, determines in good faith that the Litigation Trust Escrow Amount is no longer necessary to cover such costs and expenses (including, any advisor fees and expenses) of the Litigation Trust, then the Litigation Trustee shall be entitled to distribute the Cash to Litigation Trust Beneficiaries in accordance with the terms of this Agreement and consistent with its fiduciary duties.

      5.1.5    ~~4.1.4~~ Right to Rely on Professionals.  Without limitation of the generality of Section ~~6.6~~7.6 of this Agreement, in determining the amount of any distribution or reserves, the ~~OpCo~~ Litigation Trustee may rely on, and shall be fully protected in relying on the advice and opinion of, the ~~OpCo Debtor~~ Litigation Trust's attorneys, financial advisors, accountants, or other professionals.

      5.2    ~~4.2~~ Withholding from Distributions.  The ~~OpCo~~ Litigation Trustee, in its discretion, may cause the ~~OpCo Debtor~~ Litigation Trust to deduct and withhold from amounts

distributable from the ~~OpCo Debtor~~ Litigation Trust to any ~~OpCo Debtor~~ Litigation Trust Beneficiaries any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any ~~l~~Law, regulation, rule, ruling, directive, or other governmental requirement on such ~~OpCo Debtor~~ Litigation Trust Beneficiary or the ~~OpCo Debtor~~ Litigation Trust, including with respect to the amount to be distributed to such ~~OpCo Debtor~~ Litigation Trust Beneficiary, any amounts received by, collections of, or earnings of the ~~OpCo Debtor~~ Litigation Trust and any proceeds from the ~~OpCo Debtor~~ Litigation Trust Assets.  The ~~OpCo~~ Litigation Trustee shall determine such maximum amount to be withheld by the ~~OpCo Debtor~~ Litigation Trust in its sole, reasonable discretion and shall cause the ~~OpCo Debtor~~ Litigation Trust to distribute to ~~the Holder of such Allowed OpCo General Unsecured Claim~~such Litigation Trust Beneficiary any excess amount withheld.  The ~~OpCo~~ Litigation Trustee may, if necessary or appropriate to comply with applicable withholding requirements, withhold the entire distribution due to any ~~OpCo Debtor~~ Litigation Trust Beneficiary until such ~~OpCo Debtor~~ Litigation Trust Beneficiary provides the necessary information to comply with any withholding requirements of any governmental unit.  All such amounts deducted or withheld and timely paid to the appropriate taxing authority shall be treated as amounts distributed to such ~~OpCo Debtor~~ Litigation Trust Beneficiaries for all purposes of the Plan and this Agreement, to the extent permitted by applicable ~~l~~Law.

5.3    ~~4.3~~ Internal Revenue Service Forms.  The ~~OpCo~~ Litigation Trustee may require ~~any~~the Holder of ~~an OpCo General Unsecured Claim~~a Claim entitling the Holder to receive a Litigation Trust Unit to, and each such Holder shall, properly complete and execute the appropriate Internal Revenue Service Form W-8 (including any supporting documents) or Internal Revenue Service Form W-9, or such other documentation, as a prerequisite to receiving

any distribution under the Plan or this Agreement.  If a Holder of such ~~OpCo General Unsecured~~ Claim does not provide to the ~~OpCo~~ Litigation Trustee within ninety (90) days of first written request with all documentation that in the ~~OpCo~~ Litigation Trustee's reasonable business judgment is necessary to determine the tax withholding and reporting requirements for such ~~OpCo General Unsecured~~ Claim, then any current or future distribution on such ~~OpCo General Unsecured~~ Claim shall be deemed forfeited, <u>and</u> the underlying ~~OpCo General Unsecured~~ Claim ~~disallowed~~ and ~~expunged in its entirety and~~ the funds shall in respect of such present and future distribution(s) shall revert to the ~~OpCo Debtor~~ Litigation Trust for all purposes, including but not limited to, redistribution to other ~~OpCo Debtor~~ Litigation Trust Beneficiaries, in accordance with the terms of the Confirmation Order, the Plan, and Section ~~4.4~~<u>5.4</u> of this Agreement; *provided*, *however*, that no additional ninety (90) day period under Section ~~4.4~~<u>5.4</u> of this Agreement shall be required to pass before such distributions become unrestricted funds of the ~~OpCo Debtor~~ Litigation Trust.

<u>5.4</u>    ~~4.4~~ <u>Unclaimed and Undeliverable Distributions</u>.  Unclaimed property (including, but not limited to, uncashed checks), together with any distributions to ~~OpCo Debtor~~ Litigation Trust Beneficiaries returned as undeliverable, shall be held by the ~~OpCo~~ Litigation Trustee in an unclaimed property reserve (the "<u>Unclaimed Property Reserve</u>") for a period of ninety (90) days from the date of first issuance, and may be released by the ~~OpCo~~ Litigation Trustee prior to the expiration of such time period if presentation of proper proof by such ~~OpCo Debtor~~ Litigation Trust Beneficiary of its entitlement thereto is presented to the ~~OpCo~~ Litigation Trustee.  After the expiration of the applicable time period set forth in this Section ~~4.4~~<u>5.4</u>, all unclaimed property or interest in property otherwise payable to a Holder of ~~an Allowed OpCo General Unsecured Claim~~<u>a Litigation Trust Unit</u> or its successors shall revert to the ~~OpCo Debtor~~ Litigation Trust

for all purposes including, but not limited to, for redistribution in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  Upon such revesting, the ~~Holder of an Allowed OpCo General Unsecured Claim or its successors with respect to such property~~Holder's Allowed Claim entitling such Holder to Litigation Trust Units shall be cancelled, released, discharged~~,~~ and forever barred and the Allowed ~~OpCo General Unsecured~~ Claim of any other Holder to such property or interest in property shall be discharged and forever barred notwithstanding any applicable federal, state or provincial escheat, abandoned, or unclaimed property ~~l~~Laws, or any provisions in any document governing the distribution that is an unclaimed distribution to the contrary.

5.5    ~~4.5~~ No Responsibility to Attempt to Locate ~~OpCo Debtor~~ Litigation Trust Beneficiaries.  If a distribution is returned to the ~~OpCo Debtor~~ Litigation Trust as undeliverable, or otherwise remains unclaimed, no further distribution shall be made to a Holder of an applicable Allowed ~~OpCo General Unsecured~~ Claim unless and until such Holder notifies the ~~OpCo~~ Litigation Trustee of such Holder's then-current address and taxpayer identification number.  The ~~OpCo~~ Litigation Trustee may, in its sole discretion, attempt to determine a Holder of an applicable Allowed ~~OpCo General Unsecured~~ Claim's current address or otherwise locate such Holder, but nothing in this Agreement or the Plan shall require the ~~OpCo~~ Litigation Trustee to do so.

5.5.1    ~~4.5.1~~ Inapplicability of Escheat, Abandoned or Unclaimed Property Laws. Unclaimed property held by the ~~OpCo Debtor~~ Litigation Trust shall not be subject to the escheat, abandoned or unclaimed property ~~l~~Laws of the United States, or any state, provincial, or local governmental unit.

5.6   4.6 Request for Reissuance.  Distribution checks shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Distribution checks not cashed within such 90-day period shall be treated as unclaimed property that has been held in the Unclaimed Property Reserve as set forth above in Section 4.45.4.  Requests for reissuance of any check shall be made in writing directly to the OpCo Litigation Trustee by the Holder of the applicable Allowed OpCo General Unsecured Claim that was originally issued such check.  All such requests shall be made promptly and in time for the check to be reissued and cashed before the funds for the checks become unrestricted OpCo Debtor Litigation Trust Assets under Section 4.45.4 of this Agreement.  The Holder of an applicable Allowed OpCo General Unsecured Claim shall bear all the risk that, and shall indemnify and hold the OpCo Debtor Litigation Trust, and the OpCo Litigation Trustee, and the Litigation Trust Advisory Board harmless against any loss that may arise if, the OpCo Litigation Trustee does not reissue a check promptly after receiving a request for its reissuance.

5.7   4.7 Conflicting Claims of OpCo DebtorLitigation Trust Units.  If any conflicting claims or demands are made or asserted with respect to the OpCo Debtor Litigation Trust Unit of a OpCo Debtor Litigation Trust Beneficiary, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the OpCo Litigation Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

5.7.1   4.7.1 The OpCo Litigation Trustee may, in consultation with the Ad Hoc GroupLitigation Trust Advisory Board, elect to cause the OpCo Debtor Litigation Trust to make no payment or distribution with respect to the OpCo Debtor Litigation Trust Unit subject to the

conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands in accordance with Article XIII of the Plan. Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, neither the ~~OpCo Debtor~~ Litigation Trust, nor the ~~OpCo~~ Litigation Trustee, nor the Litigation Trust Advisory Board shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the ~~OpCo Debtor~~ Litigation Trust ~~or OpCo~~, Litigation Trustee, or the Litigation Trust Advisory Board be liable for interest on any funds which may be so withheld.

    5.7.2  ~~4.7.2~~ The ~~OpCo~~ Litigation Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the ~~OpCo~~ Litigation Trustee, which agreement shall include a complete release of the ~~OpCo Debtor~~ Litigation Trust and ~~OpCo~~ Litigation Trustee. Until the ~~OpCo~~ Litigation Trustee receives written notice that one of the conditions of the preceding sentence is met, the ~~OpCo~~ Litigation Trustee may deem and treat as the absolute owner under this Agreement of the ~~OpCo Debtor~~ Litigation Trust Units in the ~~OpCo Debtor~~ Litigation Trust the ~~OpCo Debtor~~ Litigation Trust Beneficiary identified as the owner of that interest in the books and records maintained by the ~~OpCo~~ Litigation Trustee. The ~~OpCo~~ Litigation Trustee may deem and treat such ~~OpCo Debtor~~ Litigation Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

5.8    4.8 Limitation on Liability.  Except for any liability arising from the OpCo Litigation Trustee's breach of its fiduciary duties expressly preserved herein, in acting or refraining from acting under and in accordance with this the Agreement, the OpCo Litigation Trustee shall be fully protected and incur no liability to any purported claimant or any other Person pursuant to Article VII of this Agreement.

5.9    4.9 Priority of Expenses of OpCo Debtor Litigation Trust.  The OpCo Debtor Litigation Trust shall pay or reserve for all necessary OpCo Debtor Litigation Trust Expenses before making any distributions, including but not limited to, any distribution to OpCo Debtor Litigation Trust Beneficiaries.

5.10    4.10 Minimum Distributions.  If any distribution under the Plan to the Holder of an Allowed OpCo General Unsecured Claim would be less than $250.00, the OpCo Debtor Litigation Trust may hold such distribution until the time of a subsequent or final distribution.  If the final distribution under the Plan to the Holder of an Allowed OpCo General Unsecured Claim would be less than $250.00, the OpCo Debtor Litigation Trust may cancel such distribution.  Any cancelled distributions pursuant to this Section 4.105.10 shall revert to the OpCo Debtor Litigation Trust for all purposes, including distributions to other Holders of Allowed OpCo General Unsecured Claims.

## ARTICLE VIARTICLE V

### OPCO DEBTOR LITIGATION TRUST BENEFICIARIES

6.1    5.1 Interest Beneficial Only.  The ownership of a OpCo Debtor Litigation Trust Unit shall not entitle any OpCo Debtor Litigation Trust Beneficiary or the Debtors to any title in or to the OpCo Debtor Litigation Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

6.2    5.2 Ownership of ~~OpCo Debtor~~ Litigation Trust Beneficial Interests Hereunder. Each ~~OpCo Debtor~~ Litigation Trust Beneficiary shall own a ~~OpCo Debtor~~ Litigation Trust Unit herein which shall, subject to Article ~~I~~V of this Agreement and the Plan, be entitled to a distribution in the amounts, and at the times, set forth in the Plan and hereunder.

6.3    5.3 Evidence of ~~OpCo Debtor~~ Litigation Trust Beneficial Interest.  Ownership of a ~~OpCo Debtor~~ Litigation Trust Unit ~~in the OpCo Debtor Litigation Trust Assets~~ shall not be evidenced by any certificate, security, or receipt, or in any other form or manner whatsoever, except as maintained on the books and records of the ~~OpCo Debtor~~ Litigation Trust by the ~~OpCo~~ Litigation Trustee.

6.4    5.4 No Right to Accounting.  Except as otherwise provided in this Agreement, neither the ~~OpCo Debtor~~ Litigation Trust Beneficiaries nor their successors, assigns, creditors, nor any other Person shall have any right to an accounting by the ~~OpCo~~ Litigation Trustee, and the ~~OpCo~~ Litigation Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the ~~OpCo~~ Litigation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the ~~OpCo Debtor~~ Litigation Trust or as a condition for making any advance, payment, or distribution out of proceeds of ~~OpCo Debtor~~ Litigation Trust Assets.

~~5.5 No Standing.  Except as expressly provided in this Agreement, a OpCo Debtor Litigation Trust Beneficiary shall not have standing to direct or to seek to direct the OpCo Debtor Litigation Trust or OpCo Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the OpCo Debtor Litigation Trust Assets; *provided*, *however*, that, for the avoidance of doubt, this Section~~

5.5 shall not prevent a OpCo Debtor Litigation Trust Beneficiary from seeking any appropriate or necessary relief from the Bankruptcy Court.

6.5     5.6 Requirement of Undertaking.  The OpCo Litigation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the OpCo Litigation Trustee for any action taken or omitted by it as OpCo Litigation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, that the provisions of this Section 5.6 6.5 shall not apply to any suit by the OpCo Debtor Litigation Trust or OpCo Litigation Trustee.

6.6     5.7 Limitation on Transferability.  It is understood and agreed that the OpCo Debtor Litigation Trust Units shall be non-transferable and non-assignable during the term of this Agreement except if transferred by will, intestate succession, if required to be transferred as part of a liquidation or winding up of a holder, or otherwise by operation of Law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the OpCo Litigation Trustee, and the OpCo Litigation Trustee may continue to cause the OpCo Debtor Litigation Trust to pay all amounts to or for the benefit of the assigning OpCo Debtor Litigation Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The OpCo Litigation Trustee may rely upon such proof without the requirement of any further investigation.

6.7     5.8 Exemption from Registration.  The rights of the OpCo Debtor Litigation Trust Beneficiaries arising under this Agreement may be deemed "securities" under applicable lLaw. However, such rights have not been defined as "securities" under the Plan because (i) the pParties hereto intend that such rights shall not be securities and (ii) if the rights arising under

this Agreement in favor of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No Party to or beneficiary of this Agreement shall make a contrary or different contention.

6.8    ~~5.9~~ Delivery of Distributions. Subject to the terms of this Agreement, the ~~OpCo~~ Litigation Trustee shall cause the ~~OpCo Debtor~~ Litigation Trust to make distributions to ~~OpCo Debtor~~ Litigation Trust Beneficiaries in the manner provided in the Plan and in this Agreement.

6.9    ~~5.10~~ Limited Liability. Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, any breach of the terms of this Agreement, or any claim or cause of action for fraud, willful misconduct, or gross negligence, no provision of this Agreement, the Plan, or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any ~~OpCo Debtor~~ Litigation Trust Beneficiary, shall give rise to any liability ~~of~~to such ~~OpCo Debtor~~ Litigation Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, creditors, successors, representatives, employees, or Holders of Interests of any Debtor, or by any other ~~p~~Person~~. OpCo Debtor~~. Litigation Trust Beneficiaries are deemed to receive the ~~OpCo Debtor~~ Litigation Trust Assets in accordance with the provisions of this Agreement, the Plan, and the Confirmation Order in exchange for their Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims, as applicable, as set forth in the Plan without further obligation or liability of any kind, but subject to the provisions of this Agreement.

## ARTICLE VII~~ARTICLE VI~~

## THIRD-PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1    ~~6.1~~ Parties Dealing ~~With~~with the ~~OpCo~~ Litigation Trustee.  In the absence of actual knowledge to the contrary, any Person dealing with the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo~~ Litigation Trustee shall be entitled to rely on the authority of the ~~OpCo~~ Litigation Trustee or any of the ~~OpCo~~ Litigation Trustee's agents to act in connection with the ~~OpCo Debtor~~ Litigation Trust Assets.  There is no obligation of any Person dealing with the ~~OpCo~~ Litigation Trustee to inquire into the validity or expediency or propriety of any transaction by the ~~OpCo~~ Litigation Trustee or any agent of the ~~OpCo~~ Litigation Trustee.

7.2    ~~6.2~~ Limitation of ~~OpCo~~ Litigation Trustee Liability.  In exercising the rights granted herein, the ~~OpCo~~ Litigation Trustee shall exercise ~~the OpCo Litigation Trustee's~~its best judgment in accordance with its fiduciary duties, to the end that the affairs of the ~~OpCo Debtor~~ Litigation Trust shall be properly managed and the interests of all of the ~~OpCo Debtor~~ Litigation Trust Beneficiaries safeguarded.  However, notwithstanding anything herein to the contrary, ~~except for~~other than any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, neither the ~~OpCo~~ Litigation Trustee nor any of its respective firms, companies, affiliates, partners, officers, directors, members, employees, designees, professionals, advisors, attorneys, representatives, or disbursing agents, or agents, and any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of ~~l~~Law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a ~~Final Order of the Bankruptcy Court~~court of competent jurisdiction to be the direct and primary cause of loss,

liability, damage, or expense suffered by the ~~OpCo Debtor~~ Litigation Trust. ~~Except for~~Other than any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, in no event shall the ~~OpCo~~ Litigation Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including, but not limited to, lost profits) whatsoever, even if the ~~OpCo~~ Litigation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Without limiting the foregoing, the ~~OpCo~~ Litigation Trustee shall be entitled to the benefits of the limitation of liability and exculpation provisions set forth in the Plan and the ~~OpCo~~ Litigation Trustee shall be entitled to the benefits of the limitation of liability and exculpation provisions set forth in the Confirmation Order.

7.3    ~~6.3~~ No Liability for Acts of Other Persons. None of the Persons identified in the immediately preceding Section ~~6.2~~7.2 of this Agreement shall be liable for the act or omission of any other Person identified in that Section.

7.4    ~~6.4~~ No Liability for Acts of Predecessors. No successor ~~OpCo~~ Litigation Trustee shall be in any way responsible for the acts or omissions of any ~~OpCo~~ Litigation Trustee in office prior to the date on which such successor becomes the ~~OpCo~~ Litigation Trustee, unless a successor ~~OpCo~~ Litigation Trustee expressly assumes such responsibility.

7.5    ~~6.5~~ No Liability for Good Faith Error of Judgment. Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, ~~The OpCo~~the Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally and ultimately determined by a court of competent jurisdiction that the ~~OpCo~~ Litigation Trustee was grossly negligent.

7.6    6.6 Reliance by ~~OpCo~~ Litigation Trustee on Documents and Advice of Counsel or Other Persons.  Except as otherwise provided herein, the ~~OpCo~~ Litigation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by ~~them~~it to be genuine and to have been signed or presented by the proper party or parties.  The ~~OpCo~~ Litigation Trustee also may engage and consult with its respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered in good faith reliance upon the advice of such counsel, agents, or advisors to the extent permitted by ~~l~~Law, except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein.

7.7    6.7 No Liability For Acts Approved by Bankruptcy Court.  The ~~OpCo~~ Litigation Trustee shall have the right at any time to seek an order from the Bankruptcy Court concerning the administration or disposition of the ~~OpCo Debtor~~ Litigation Trust, ~~OpCo~~Permitted Litigation Claims, OpCo General Unsecured Claims, ~~and OpCo Debtor~~Freedom HoldCo General Unsecured Claims, and Litigation Trust Assets required to be administered by the ~~OpCo Debtor~~ Litigation Trust.  Following the entry of any such order of the Bankruptcy Court, the ~~OpCo~~ Litigation Trustee shall not be liable for any act or omission expressly taken in accordance with, and not inconsistent with, any such order, and all such actions or omissions shall be deemed not to constitute fraud, gross negligence, or willful misconduct.

7.8    6.8 No Personal Obligation for ~~OpCo Debtor~~ Litigation Trust Liabilities.  Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, Persons dealing with the ~~OpCo~~ Litigation Trustee shall have recourse only to the ~~OpCo Debtor~~ Litigation Trust Assets to satisfy any liability incurred by the ~~OpCo~~

Litigation Trustee to any such Person in carrying out the terms of this Agreement, and the ~~OpCo~~ Litigation Trustee shall have no personal, individual obligation to satisfy any such liability.

7.9 ~~6.9~~ Indemnification.  The ~~OpCo~~ Litigation Trustee, the Litigation Trust Advisory Board, and each of ~~its~~their or the ~~OpCo Debtor~~ Litigation Trust's respective accountants, agents, assigns, attorneys, consultants, directors, employees, executors, financial advisors, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, the employees of the ~~OpCo Debtor~~ Litigation Trust, and their respective agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives, affiliate, employer and successors and principals  (each, an "Indemnified Party") shall be indemnified for, and defended and held harmless against, by the ~~OpCo Debtor~~ Litigation Trust solely from the ~~OpCo Debtor~~ Litigation Trust Assets, for any losses, liability, claims, damages, judgment, fine, penalty, claim, demand, settlement, cost, or expenses occurring on or after the Effective Date (including reasonable attorneys' fees and expenses which the Indemnified Party may incur in connection therewith) for any act or omission in their capacity as, or on behalf of, the ~~OpCo Debtor~~ Litigation Trust or ~~OpCo~~ Litigation Trustee in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or this Agreement, as applicable if the applicable Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, except if such loss, liability, or damage is ultimately and finally determined by a ~~Final Order of the Bankruptcy Court~~court of competent jurisdiction to have resulted from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting indemnification.  An act or omission taken by the ~~OpCo~~ Litigation Trustee pursuant to Section ~~6.7~~7.7 of this Agreement will be deemed not to constitute gross

negligence, willful misconduct, or fraud.  The amounts necessary for the indemnification provided in this Section (including, but not limited to, any costs and expenses incurred in enforcing the right of indemnification in this Section) shall be paid by the ~~OpCo~~ Litigation Trustee out of the ~~OpCo Debtor~~ Litigation Trust Assets; *provided*, *however*, that that the ~~OpCo Debtor~~ Litigation Trust shall not be liable to indemnify, (x) the Litigation Trustee for any breach of its fiduciary duty set forth herein, or (y) any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence, fraud, or willful misconduct as is ultimately and finally determined by a ~~Final Order of the Bankruptcy Court~~court of competent jurisdiction.  The Indemnified Parties shall be entitled to obtain advances from the ~~OpCo Debtor~~ Litigation Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising from their own respective willful misconduct, fraud, or gross negligence; *provided*, *however*, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the ~~OpCo Debtor~~ Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section ~~6.9~~7.9 of this Agreement.  Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, the ~~OpCo~~ Litigation Trustee shall not be personally liable for the payment of any ~~OpCo Debtor~~ Litigation Trust Expense or claim or other liability of the ~~OpCo Debtor~~ Litigation Trust, and no Person shall look to the ~~OpCo~~ Litigation Trustee personally for the payment of any such expense or liability. Notwithstanding anything herein to the contrary, nothing contained in this Section ~~6~~7.9 shall

require the Debtors ~~or,~~ the Reorganized Debtors, or any Litigation Trust Beneficiary to indemnify any Indemnified Persons pursuant to this Agreement.

7.9.1 ~~6.9.1~~ Expense of ~~OpCo Debtor~~ Litigation Trust; Limitation on Source of Payment of Indemnification. All indemnification liabilities of the ~~OpCo Debtor~~ Litigation Trust under this Section ~~6.9~~7.9 shall be expenses of the ~~OpCo Debtor~~ Litigation Trust and constitute ~~OpCo Debtor~~ Litigation Trust Expenses. The amounts necessary for such indemnification and reimbursement shall be paid by the ~~OpCo Debtor~~ Litigation Trust out of the available ~~OpCo Debtor~~ Litigation Trust Assets after reserving for all actual and anticipated expenses and liabilities of the ~~OpCo Debtor~~ Litigation Trust. Except for any liability arising from the ~~OpCo~~ Litigation Trustee's breach of its fiduciary duties expressly preserved herein, the ~~OpCo~~ Litigation Trustee shall not be personally liable for the payment of any ~~OpCo Debtor~~ Litigation Trust Expenses or claim or other liability of the ~~OpCo Debtor~~ Litigation Trust, and no Person shall look to the ~~OpCo~~ Litigation Trustee or other Indemnified Parties personally for the payment of any such ~~OpCo Debtor~~ Litigation Trust Expenses or liability, unless it is ultimately and finally determined by a court of competent jurisdiction that such payment was the result of fraud, gross negligence, or willful misconduct.

7.10 Limitation of Liability of the Reorganized Debtors. Except as expressly provided in this Agreement, the Reorganized Debtors and each of their respective boards of directors, management, employees, and professionals shall have no liability for any action taken or omitted to be taken by the Litigation Trustee in performing its duties under this Agreement.

7.11 ~~6.10~~ Confirmation of Survival of Provisions. Without limitation in any way of any provision of this Agreement, the provisions of this Article VII shall survive the death, dissolution, liquidation, incapacity, resignation, replacement, or removal, as may be applicable,

of the ~~OpCo~~ Litigation Trustee or, as it relates to Section ~~6.9~~7.9, an Indemnified Party, or the termination of the ~~OpCo Debtor~~ Litigation Trust or this Agreement, and shall inure to the benefit of the ~~OpCo~~ Litigation Trustee's and ~~the~~each Indemnified Party's~~(ies')~~ heirs and assigns.

## ARTICLE VIII~~ARTICLE VII~~

### TAX MATTERS

8.1     ~~7.1~~ Tax Treatment of ~~OpCo Debtor~~ Litigation Trust. Pursuant to and in accordance with the Plan, for all United States federal income tax purposes, the Debtors, the ~~OpCo Debtor~~ Litigation Trust Beneficiaries, the ~~OpCo~~ Litigation Trustee, and the ~~OpCo Debtor~~ Litigation Trust shall treat (i) the ~~OpCo Debtor~~ Litigation Trust as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and guidance promulgated in respect thereof, including Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684 and, thus, as a "grantor trust" within the meaning of Internal Revenue Code sections 671 through 677 consistent with the terms of the Plan (unless the ~~OpCo Debtor~~ Litigation Trust has undergone the Conversion (as defined herein)) and (ii) the transfer of the ~~OpCo Debtor~~ Litigation Trust Assets to the ~~OpCo Debtor~~ Litigation Trust as (a) a transfer of the ~~OpCo Debtor~~ Litigation Trust Assets by the Freedom HoldCo Debtors and the OpCo Debtors to the ~~OpCo Debtor~~ Litigation Trust Beneficiaries in satisfaction of their Allowed Prepetition First Lien Loan Claims, Allowed Prepetition Second Lien Loan Claims, Allowed Prepetition HoldCo Loan Claims, Allowed OpCo General Unsecured Claims, and Allowed Freedom HoldCo General Unsecured Claims, as applicable (other than any ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve treated as a DOF (if elected) or other separate ~~e~~Entity), followed by (b) a transfer of such ~~OpCo Debtor~~ Litigation Trust Assets by such ~~OpCo Debtor~~ Litigation Trust Beneficiaries to the ~~OpCo Debtor~~ Litigation Trust in exchange for their *pro rata* ~~OpCo Debtor~~share of Litigation Trust Units.

~~The OpCo Debtor~~ (subject to the Litigation Trust Units Allocations).  The Litigation Trust Beneficiaries shall be treated as the grantors and owners of the ~~OpCo Debtor~~ Litigation Trust for United States federal (and, to the extent permitted, state and local) income tax purposes.

8.2    ~~7.2~~ Annual Reporting and Filing Requirements.  Pursuant to and in accordance with the terms of the Plan and this Agreement, the ~~OpCo~~ Litigation Trustee shall file tax returns (including applicable state, local and foreign tax returns, if any) for the ~~OpCo Debtor~~ Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) to the extent required by applicable ~~l~~Law and subject to the treatment of the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve as a DOF or other separate ~~e~~Entity.

8.3    ~~7.3~~ Tax Treatment of Reserves for Disputed Claims.  The ~~OpCo~~ Litigation Trustee may, in the ~~OpCo~~ Litigation Trustee's sole discretion, determine the best way to report for United States tax purposes with respect to the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve, if applicable, including (i) filing a tax election to treat the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve as a DOF or other separate ~~e~~Entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the ~~OpCo Debtor~~ Litigation Trust (and, to the extent permitted by applicable ~~l~~Law, report consistently with the foregoing for United States federal, state, and local income tax purposes) or (ii) electing to report as a separate trust or sub-trust or other entity.  If an election is made to report the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve as a DOF or other separate entity, the ~~OpCo Debtor~~ Litigation Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.

8.3.1   ~~7.3.1~~ If an election is made to report the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve as a DOF or other separate ~~e~~Entity, all parties (including the Debtors, the Reorganized Debtors, the ~~OpCo Debtor~~ Litigation Trust, the ~~OpCo~~ Litigation Trustee, and the ~~OpCo Debtor~~ Litigation Trust Beneficiaries) shall be bound by such election and report for United States federal, state, and local income tax purposes consistently with the foregoing.  The ~~OpCo~~ Litigation Trustee shall be responsible for payment, out of the ~~OpCo Debtor~~ Litigation Trust Assets, of any taxes (including with respect to earned interest, if any) imposed on the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo Debtor~~ Litigation Trust Assets, including the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve.  In the event, and to the extent, any Cash retained on account of a Disputed ~~OpCo~~ General Unsecured Claim in the ~~OpCo Debtor~~ Litigation Trust Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, such Disputed ~~OpCo~~ General Unsecured Claims, the ~~OpCo~~ Litigation Trustee may, in its discretion, (i) sell any non-Cash assets relating to such Claim (including any assets distributable as a result of disallowance of such Claim) to pay such taxes or (ii) reimburse the ~~OpCo Debtor~~ Litigation Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of such Disputed ~~OpCo~~ General Unsecured Claim (including any Cash distributable by the ~~OpCo~~ Litigation Trustee as a result of disallowance of such Disputed ~~OpCo~~ General Unsecured Claim).

8.4   ~~7.4~~ Valuation of ~~OpCo Debtor~~ Litigation Trust Assets.  As soon as practicable following the Effective Date, but in no event later than the due date for timely filing of the ~~OpCo Debtor~~ Litigation Trust's first United States federal income tax return (taking into account applicable tax filing extensions), the ~~OpCo~~ Litigation Trustee shall determine the fair market

value of the OpCo Debtor Litigation Trust Assets as of the Effective Date, based on the OpCo Litigation Trustee's good faith determination and subject in all respects to Section 7.48.4, and the OpCo Litigation Trustee shall apprise, in writing, the OpCo Debtor Litigation Trust Beneficiaries and the Reorganized OpCo Debtors of such valuation.  The valuation shall be used consistently by all parties (including, without limitation, the Debtors and/or the Reorganized OpCo Debtors, as applicable, the OpCo Debtor Litigation Trust, the OpCo Litigation Trustee, and the OpCo Debtor Litigation Trust Beneficiaries) for all applicable United States federal, state, and local income tax purposes.

8.4.1    7.4.1 In the event the Reorganized OpCo Debtors disagree with the OpCo Litigation Trustee's good faith determination of the valuation of the OpCo Debtor Litigation Trust Assets, the OpCo Litigation Trustee and the Reorganized OpCo Debtors shall attempt to reconcile any such differences.  The valuation agreed to by the Reorganized OpCo Debtors and the OpCo Litigation Trustee shall be used consistently by all parties for all tax purposes unless otherwise required by a "determination" within the meaning of Section 1313(a) of the Internal Revenue Code (or any equivalent provision of state, local, or non-U.S. lLaw).

8.5    7.5 In the event that the OpCo Litigation Trustee determines that the OpCo Debtor Litigation Trust may be required to withhold from amounts distributable from the OpCo Debtor Litigation Trust pursuant to Section 4.25.2 above, it shall endeavor to promptly notify the relevant OpCo Debtor Litigation Trust Beneficiary.

8.6    7.6 Allocations of OpCo Debtor Litigation Trust taxable income among the OpCo Debtor Litigation Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the

~~OpCo Debtor~~ Litigation Trust had distributed all its assets (valued at their tax book value) to the holders of ~~OpCo Debtor~~ Litigation Trust Units, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the ~~OpCo Debtor~~ Litigation Trust. Similarly, taxable loss of the ~~OpCo Debtor~~ Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining ~~OpCo Debtor~~ Litigation Trust Assets. The tax book value of the ~~OpCo Debtor~~ Litigation Trust Assets for purposes of this Section ~~7~~8.6 shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

<u>8.7</u>    ~~7.7~~ If, in the reasonable judgment of the ~~OpCo~~ Litigation Trustee, the ~~OpCo Debtor~~ Litigation Trust is expected to survive for a period of more than five (5) years from the Effective Date, the Parties agree that the ~~OpCo~~ Litigation Trustee, in the exercise of its reasonable discretion, shall either (i) seek to extend the term of the ~~OpCo Debtor~~ Litigation Trust for a reasonable period of time in a manner consistent with Section ~~9~~10.3 hereof and Revenue Procedure 94-45 § 3.06, or (ii) convert the ~~OpCo Debtor~~ Litigation Trust from a liquidating trust described in Treasury Regulation § 301.7701-4(d) to an investment trust described in Treasury Regulation § 301.7701-4(c), taxable as a grantor trust for U.S. federal income tax purposes under Sections 671 through 679 of the IRC (the process described in this clause (ii), the "<u>Conversion</u>"). In the event of a Conversion, the Parties (x) agree that, unless otherwise required by applicable ~~l~~Law, the ~~OpCo Debtor~~ Litigation Trust shall file or cause to be filed any annual or other necessary returns, reports and other forms consistent with the characterization of the converted entity as an investment trust for U.S. federal income tax purposes, (y) shall cooperate to amend

this Agreement to reflect such Conversion, and (z) shall take no position on any tax return inconsistent with such treatment.

**ARTICLE IX**~~ARTICLE VIII~~

**SELECTION, REMOVAL, REPLACEMENT,
AND COMPENSATION OF ~~OPCO~~ LITIGATION TRUSTEE**

9.1    ~~8.1~~ Initial ~~OpCo~~ Litigation Trustee.  The ~~OpCo~~Initial Litigation Trustee ~~has been selected by the Creditors' Committee, in consultation of the Debtors, and has been determined to be reasonably acceptable by the Required Consenting First Lien Lenders,~~ is appointed effective as of the Effective Date, and shall serve as the trustee of the ~~OpCo Debtor~~ Litigation Trust.  The initial trustee of the ~~OpCo Debtor~~ Litigation Trust shall be the ~~OpCo~~Initial Litigation Trustee.

9.2    ~~8.2~~ Term of Service.  The ~~OpCo~~ Litigation Trustee shall serve until the earliest of (i) the completion of the administration of the ~~OpCo Debtor~~ Litigation Trust Assets and the ~~OpCo Debtor~~ Litigation Trust, including the winding up of the ~~OpCo Debtor~~ Litigation Trust, in accordance with this Agreement and the Plan, (ii) termination and dissolution of the ~~OpCo Debtor~~ Litigation Trust in accordance with the terms of this Agreement and the Plan, or (iii) the ~~OpCo~~ Litigation Trustee's resignation, death, dissolution, incapacity, liquidation, or removal.  In the event that the ~~OpCo~~ Litigation Trustee's appointment terminates by reason of resignation, death, dissolution, incapacity, liquidation, or removal, the ~~OpCo~~ Litigation Trustee shall be immediately compensated for all reasonable, documented fees and expenses accrued but paid through the effective date of termination, whether or not previously invoiced.  The provisions of Article VI of this Agreement shall survive the resignation or removal of any ~~OpCo~~ Litigation Trustee.

9.3    ~~8.3~~ Removal of ~~OpCo~~ Litigation Trustee.  Any party in interest~~, on~~ (including the Litigation Trust Advisory Board), with notice and a hearing before the Bankruptcy Court, may seek removal of the ~~OpCo~~ Litigation Trustee for ~~c~~Cause (as defined below).  As used herein, "Cause" shall mean the Litigation Trustee's (A) commission of an act of fraud, theft or embezzlement during the performance its duties hereunder; (B) conviction of a felony with all appeals having been exhausted or appeal periods lapsed; (C) gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of its duties hereunder; (D) commission of any negligence, even if not rising to the level of gross negligence, that risks materially adversely affecting the value or successful liquidation and distribution of the Litigation Trust Assets; or (E) violation of the provisions of this Agreement, the Plan, or the Confirmation Order. Such removal shall become effective on the date action is taken. The Bankruptcy Court shall have exclusive jurisdiction to hear and finally determine any dispute arising out of this Section ~~8.3~~9.3 except as otherwise provided in the Plan or Confirmation Order.

9.4    ~~8.4~~ Resignation of ~~OpCo~~ Litigation Trustee.  The ~~OpCo~~ Litigation Trustee may resign at any time on thirty (30) days' written notice to the Litigation Trust Advisory Board, counsel to the Debtors, counsel to the ~~Required Consenting First Lien~~Ad Hoc Group, counsel to the Freedom Lender~~s~~ Group, the U.S. Trustee~~,~~ and ~~the~~ Bankruptcy Court.  The resignation shall be effective on the later of (i) the date specified in the notice of resignation and (ii) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court.  In the event of a resignation, the resigning ~~OpCo~~ Litigation Trustee shall file a full and complete accounting of monies and assets received, disbursed, and held during the term of that ~~OpCo~~ Litigation Trustee.

9.5    8.5 Appointment of Successor ~~OpCo~~ Litigation Trustee.  Upon the resignation, death, dissolution, incapacity, liquidation, or removal of a ~~OpCo~~ Litigation Trustee, ~~any party in interest (including, in the case of resignation, the OpCo Litigation Trustee) may file a motion in the Bankruptcy Court to appoint~~ a successor trustee.  ~~In the event no party in interest seeks the appointment of a successor OpCo~~ shall be selected by the Litigation Trust Advisory Board by majority vote of the Members or at a meeting of the Litigation Trust Advisory Board called for of replacing the Litigation Trustee, ~~the Bankruptcy Court shall appoint a~~ *provided* that the successor ~~OpCo Litigation T~~trustee ~~on its own motion~~shall be reasonably acceptable to holders of a majority of Prepetition First Lien Loan Claims.  Any successor ~~OpCo~~ Litigation Trustee so appointed (i) shall consent to and accept his, her, or its appointment as successor ~~OpCo~~ Litigation Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of his, her, or its appointment as successor ~~OpCo~~ Litigation Trustee, and (ii) shall not have any liability or responsibility for the acts or omissions of any predecessor(s).  Any successor ~~OpCo~~ Litigation Trustee may be appointed to serve only on an interim basis.

9.6    8.6 Powers and Duties of Successor ~~OpCo~~ Litigation Trustee.  A successor ~~OpCo~~ Litigation Trustee shall have all the rights, privileges, powers, and duties of his, her, or its predecessor under this Agreement, the Plan, and the Confirmation Order.

9.7    8.7 ~~OpCo Debtor~~ Litigation Trust Continuance.  The resignation, death, dissolution, incapacity, liquidation, or removal of the ~~OpCo~~ Litigation Trustee shall not terminate the ~~OpCo Debtor~~ Litigation Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the ~~OpCo~~ Litigation Trustee.

9.8    8.8 Compensation of ~~OpCo~~ Litigation Trustee and Costs of Administration.  The ~~OpCo~~ Litigation Trustee shall receive fair and reasonable compensation for its services in

accordance with the terms and conditions of the Plan, which shall be a charge solely against and solely paid out of the ~~OpCo Debtor~~ Litigation Trust Assets as ~~OpCo Debtor~~ Litigation Trust Expenses.  All costs, expenses, and obligations incurred by the ~~OpCo~~ Litigation Trustee (or professionals who may be employed by the ~~OpCo~~ Litigation Trustee in administering the ~~OpCo Debtor~~ Litigation Trust, in carrying out ~~their~~its other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the ~~OpCo Debtor~~ Litigation Trust solely from the ~~OpCo Debtor~~ Litigation Trust Assets ~~prior to any distribution to Holders of applicable Allowed OpCo General Unsecured Claims~~.

9.9    ~~8.9~~ Appointment of Supplemental ~~OpCo~~ Litigation Trustee.  If the ~~OpCo~~ Litigation Trustee has a conflict or any of the ~~OpCo Debtor~~ Litigation Trust Assets are situated in any state or other jurisdiction in which the ~~OpCo~~ Litigation Trustee is not qualified to act as trustee, the ~~OpCo~~ Litigation Trustee shall, upon written notice to counsel to the Debtors, counsel to the Ad Hoc Group (email being sufficient), and counsel to the ~~Required Consenting Term Loan~~Freedom Lender~~s~~ Group (email being sufficient), nominate and appoint a Person duly qualified to act as trustee (the "Supplemental ~~OpCo~~ Litigation Trustee") with respect to such conflict, or in such state or jurisdiction, and require from each such Supplemental ~~OpCo~~ Litigation Trustee such security as may be designated by the ~~OpCo~~ Litigation Trustee in its reasonable discretion.  In the event the ~~OpCo~~ Litigation Trustee is unwilling or unable to appoint a disinterested Person to act as Supplemental ~~OpCo~~ Litigation Trustee to handle any such matter, the Bankruptcy Court, ~~on~~with notice and a hearing, may do so.  The ~~OpCo~~ Litigation Trustee or the Bankruptcy Court, as applicable, may confer upon such Supplemental ~~OpCo~~ Litigation Trustee any or all of the rights, powers, privileges, and duties of the ~~OpCo~~ Litigation Trustee hereunder, subject to the conditions and limitations of this Agreement, the Plan, and the

Confirmation Order, except as modified or limited by the ~~l~~Laws of the applicable state or other jurisdiction (in which case, the ~~l~~Laws of the state or other jurisdiction in which such Supplemental ~~OpCo~~ Litigation Trustee is acting shall prevail to the extent necessary). To the extent the Supplemental ~~OpCo~~ Litigation Trustee is appointed by the ~~OpCo~~ Litigation Trustee, the ~~OpCo~~ Litigation Trustee shall require such Supplemental ~~OpCo~~ Litigation Trustee to be answerable to the ~~OpCo~~ Litigation Trustee for all monies, assets, and other property that may be received in connection with the administration of all property. The ~~OpCo~~ Litigation Trustee or the Bankruptcy Court, as applicable, may remove such Supplemental ~~OpCo~~ Litigation Trustee, with or without cause, and appoint a successor Supplemental ~~OpCo~~ Litigation Trustee at any time by executing a written instrument declaring such Supplemental ~~OpCo~~ Litigation Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE X~~ARTICLE IX~~

### DURATION OF ~~OPCO~~ DEBTOR LITIGATION TRUST

10.1 ~~9.1~~ Duration. Once the ~~OpCo Debtor~~ Litigation Trust becomes effective upon the Effective Date of the Plan, the ~~OpCo Debtor~~ Litigation Trust and this Agreement shall remain and continue in full force and effect until the ~~OpCo Debtor~~ Litigation Trust is terminated in accordance with the terms hereof.

10.2 ~~9.2~~ Termination on Payment of ~~OpCo Debtor~~ Litigation Trust Expenses and Distribution of ~~OpCo Debtor~~ Litigation Trust Assets. Upon the payment of all ~~OpCo Debtor~~ Litigation Trust Expenses, and the distribution of all ~~OpCo Debtor~~ Litigation Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the ~~OpCo Debtor~~ Litigation Trust shall automatically terminate and dissolve and the ~~OpCo~~

Litigation Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant ~~l~~Law.

10.3   ~~9.3~~ Termination after Five Years Unless Extended.  If the ~~OpCo Debtor~~ Litigation Trust has not been previously terminated and dissolved pursuant to Section ~~9.2~~10.2 hereof, on the fifth anniversary of the Effective Date, the ~~OpCo Debtor~~ Litigation Trustee shall distribute all of the ~~OpCo Debtor~~ Litigation Trust Assets to the ~~OpCo Debtor~~ Litigation Trust Beneficiaries in accordance with the Plan, and immediately thereafter the ~~OpCo Debtor~~ Litigation Trust shall terminate and the ~~OpCo~~ Litigation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section ~~9.5~~10.5 of this Agreement, unless the ~~Bankruptcy Court, upon motion made~~Litigation Trust Advisory Board within the six-month period before such fifth anniversary (and, in the event of further extension, ~~by order of the Bankruptcy Court upon motion made~~ within the ~~six-month~~six-month period before the end of the preceding extension)~~,~~ determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the ~~OpCo Debtor~~ Litigation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the ~~OpCo Debtor~~ Litigation Trust Assets.

10.4   ~~9.4~~ No Termination by ~~OpCo Debtor~~ Litigation Trust Beneficiaries.  The ~~OpCo Debtor~~ Litigation Trust may not be terminated and dissolved at any time by the ~~OpCo Debtor~~ Litigation Trust Beneficiaries.

10.5   ~~9.5~~ Continuance of ~~OpCo Debtor~~ Litigation Trust for Winding Up; Discharge and Release of ~~OpCo~~ Litigation Trustee.  After the termination of the ~~OpCo Debtor~~ Litigation Trust and solely for the purpose of liquidating and winding up the affairs of the ~~OpCo Debtor~~

Litigation Trust, the ~~OpCo~~ Litigation Trustee shall continue to act as such until its responsibilities have been fully performed.  Except as otherwise specifically provided herein, upon the distribution of the ~~OpCo Debtor~~ Litigation Trust Assets, including all excess reserves, the ~~OpCo~~ Litigation Trustee and the ~~OpCo Debtor~~ Litigation Trust's professionals and agents shall be deemed discharged and have no further duties or obligations hereunder.  In connection with the foregoing, upon a motion by the ~~OpCo~~ Litigation Trustee, the Bankruptcy Court may enter an order relieving the ~~OpCo~~ Litigation Trustee and its employees, professionals, and agents of any further duties, discharging and releasing the ~~OpCo~~ Litigation Trustee and its employees, professionals, and agents from all liability related to the ~~OpCo Debtor~~ Litigation Trust.

## ARTICLE XI~~ARTICLE X~~

## MISCELLANEOUS

11.1    ~~10.1~~ Cumulative Rights and Remedies.  The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

11.2    ~~10.2~~ Notices.    All notices to be given to ~~OpCo Debtor~~ Litigation Trust Beneficiaries may be given by email, ordinary mail, or may be delivered personally, at the addresses for such ~~OpCo Debtor~~ Litigation Trust Beneficiaries appearing on the books kept by the ~~OpCo Debtor~~ Litigation Trust.  Any notice or other communication which may be or is required to be given, served, or sent to the ~~OpCo Debtor~~ Litigation Trust shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by email, hand delivery, or facsimile (if receipt is confirmed) addressed as follows:

If to the ~~OpCo Debtor~~ Litigation Trust or the ~~OpCo~~ Litigation Trustee:

[NAME OF OPCO LITIGATION TRUSTEE]
Lawrence Hirsh
[ADDRESS]
[ADDRESS LINE 2]
[CITY, STATE ZIP CODE]
With a copy to:

[COUNSEL FOR OPCO LITIGATION TRUSTEE]
[ADDRESS]
[CITY, STATE ZIP CODE]
Attn: [●]
Email: [●]
Fax: [●]

or to such other address as may from time to time be provided in written notice by the OpCo Debtor Litigation Trustee.

11.2.1 10.2.1 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

11.2.2 10.2.2 Successors and Assigns. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

11.2.3 10.2.3 Particular Words. Reference in this Agreement to any Article or Section is, unless otherwise specified, to that such Article or Section (inclusive of any subsections), as applicable, under this Agreement. The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Article or Section of this Agreement.

11.2.4 10.2.4 Execution. All funds in the OpCo Debtor Litigation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a OpCo Debtor Litigation Trust Beneficiary, and no OpCo Debtor Litigation Trust Beneficiary or any other Person can execute upon, garnish or attach the OpCo Debtor Litigation

Trust Assets or the ~~OpCo~~ Litigation Trustee in any manner or compel payment from the ~~OpCo Debtor~~ Litigation Trust except by Final Order of the Bankruptcy Court.  Payments will be solely governed by the Plan, the Confirmation Order, and this Agreement.

11.2.5  ~~10.2.5~~ Amendment.    This  Agreement  may  be  amended  by  written agreement of the ~~OpCo~~ Litigation Trustee (in consultation with the Litigation Trust Advisory Board), the Ad Hoc Group, and the Freedom Lender Group (which, in each case, may be provided by email from counsel), or by order of the Bankruptcy Court; *provided*, *however*, that such amendment may not be inconsistent with the Plan or the Confirmation Order.

11.2.6  ~~10.2.6~~ No Waiver.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

11.2.7  ~~10.2.7~~ No  Relationship  Created.    Nothing  contained  herein  shall  be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

11.2.8  ~~10.2.8~~ Severability.    If  any  term,  provision,  covenant,  or  restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid,  void,  unenforceable,  or  against  its  regulatory  policy,  the  remainder  of  the  terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

11.2.9  ~~10.2.9~~ Further Assurances.  Without limitation of the generality of Section ~~2.4~~2.6 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out

the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan and to consummate the transactions contemplated hereby.

      11.2.10      10.2.10 Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

      11.2.11      10.2.11 Jurisdiction.  The Bankruptcy Court shall have jurisdiction regarding the Debtors, the Reorganized Debtors, the OpCo Debtor Litigation Trust, the OpCo Litigation Trustee, and the OpCo Debtor Litigation Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the OpCo Debtor Litigation Trust; *provided*, *however*, that this Section 10.2.11 11.2.11 shall not conflict with the provisions of the Plan, including, without limitation, Article XIII of the Plan.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters among the Parties arising out of or related to this Agreement or the administration of the OpCo Debtor Litigation Trust.  The Parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, the provisions of this Agreement shall have no effect on and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

IN WITNESS WHEREOF, the Parties have or are deemed to have executed this Agreement as of the day and year written above.

**FREEDOM VCM, INC.**

By: _____
      Name: [●]
      Title: [●]

**FREEDOM VCM INTERCO, INC.**

By: _____
    Name:  [●]
    Title:   [●]

**FRANCHISE GROUP, INC. AND ITS OPCO DEBTOR AFFILIATES SET FORTH ON ~~EXHIBIT A~~SCHEDULE 1**

By: _____
    Name:  David Orlofsky
    Title:   Chief Restructuring Officer

[NAME OF OPCO LITIGATION TRUSTEE]Lawrence Hirsh, not individually, but solely in its capacity as OpCo Litigation Trustee of the Franchise Group OpCo Litigation Trust

By: _____

Name:  [●]Lawrence Hirsh

Title:  [●]

**Schedule 1**

1. FRANCHISE GROUP, INC.
2. AMERICAN FREIGHT FFO, LLC
3. AMERICAN FREIGHT FRANCHISING, LLC
4. AMERICAN FREIGHT FRANCHISOR, LLC
5. AMERICAN FREIGHT GROUP, LLC
6. AMERICAN FREIGHT HOLDINGS, LLC
7. AMERICAN FREIGHT MANAGEMENT COMPANY, LLC
8. AMERICAN FREIGHT OUTLET STORES, LLC
9. AMERICAN FREIGHT, LLC
10. BETANCOURT SPORTS NUTRITION, LLC
11. BUDDY'S FRANCHISING AND LICENSING LLC
12. BUDDY'S NEWCO, LLC
13. EDUCATE, INC.
14. FRANCHISE GROUP ACQUISITION TM, LLC
15. FRANCHISE GROUP INTERMEDIATE B, LLC
16. FRANCHISE GROUP INTERMEDIATE BHF, LLC
17. FRANCHISE GROUP INTERMEDIATE HOLDCO, LLC
18. FRANCHISE GROUP INTERMEDIATE L, LLC
19. FRANCHISE GROUP INTERMEDIATE PSP, LLC
20. FRANCHISE GROUP INTERMEDIATE S, LLC
21. FRANCHISE GROUP INTERMEDIATE SL, LLC
22. FRANCHISE GROUP INTERMEDIATE V, LLC
23. FRANCHISE GROUP NEW HOLDCO, LLC
24. FRANCHISE GROUP NEWCO BHF, LLC
25. FRANCHISE GROUP NEWCO INTERMEDIATE AF, LLC
26. FRANCHISE GROUP NEWCO PSP, LLC
27. FRANCHISE GROUP NEWCO S, LLC
28. FRANCHISE GROUP NEWCO SL, LLC
29. FRANCHISE GROUP NEWCO V, LLC
30. HOME & ~~APPLICANCE~~APPLIANCE OUTLET, LLC
31. PET SUPPLIES "PLUS", LLC
32. PSP DISTRIBUTION, LLC
33. PSP FRANCHISING, LLC
34. PSP GROUP, ~~LLCPSP MIDCO,~~LLC
35. PSP MIDCO, LLC
36. ~~35.~~ PSP SERVICE NEWCO, LLC
37. ~~36.~~ PSP STORES, LLC
38. ~~37.~~ PSP SUBCO, LLC
39. ~~38.~~ VALOR ACQUISITION, LLC
40. ~~39.~~ VITAMIN SHOPPE FLORIDA, LLC
41. ~~40.~~ VITAMIN SHOPPE FRANCHISING, LLC
42. ~~41.~~ VITAMIN SHOPPE GLOBAL, LLC
43. ~~42.~~ VITAMIN SHOPPE INDUSTRIES LLC
44. ~~43.~~ VITAMIN SHOPPE MARINER, LLC

45. 44. VITAMIN SHOPPE PROCUREMENT SERVICES, LLC
46. 45. WNW FRANCHISING, LLC
47. 46. WNW STORES, LLC

**[Schedule 2]**

[Intentionally Omitted]

**Exhibit I**

**Freedom HoldCo Debtor Litigation Trust Agreement**

Pursuant to Section 14.3 and Section 14.4 of the Plan, Exhibit I to the First Plan Supplement is hereby withdrawn in its entirety.

**Exhibit K**

**Assumed Contracts List**

Section 10.1 of the Plan provides the following:  Except as otherwise provided herein, any Executory Contracts and Unexpired Leases (a) not previously assumed, (b) not previously assumed and assigned in accordance with any Sale Order in connection with the Partial Sale Transaction or other order approving such assumption and assignment, (c) not previously rejected pursuant to an order of the Bankruptcy Court, and (d) identified on the Assumed Contracts List, will be assumed effective as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code and the Confirmation Order, except any Executory Contract or Unexpired Lease (i) identified on the Rejected Contracts/Lease List, (ii) that is the subject of a separate motion or notice to reject, assume, or assume and assign pending as of the Confirmation Date, (iii) that previously expired or terminated pursuant to its own terms (disregarding any terms the effect of which is invalidated by the Bankruptcy Code), (iv) of the American Freight Debtors that is not otherwise assumed or included on the Assumed Contracts List, (v) of the Vitamin Shoppe Debtors that is not otherwise assumed or included on the Assumed Contracts List, or (vi) that, as of the Effective Date, is the subject of (A) a motion to reject or a Cure Dispute that is pending or (B) an order of the Bankruptcy Court that is not yet a Final Order.  For the avoidance of doubt, except as otherwise set forth herein or as included on the Assumed Contracts List, all Executory Contracts and Unexpired Leases of the American Freight Debtors and the Vitamin Shoppe Debtors shall be rejected as of the Effective Date.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute an order approving the assumptions or rejections of the Debtors' Executory Contracts and Unexpired Leases pursuant to sections 365(a) and 1123 of the Bankruptcy Code effective on the occurrence of the Effective Date or, as to rejected Executory Contracts and Unexpired Leases, on such other date as may be identified on the Rejected Contracts/Lease List or other motion or notice to reject by agreement of the affected counterparty to such Executory Contract or Unexpired Lease.

Each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order, and not assigned to a third party (including the Buyer in the Partial Sale Transaction) on or prior to the Effective Date, shall revest in and be fully enforceable by the applicable Reorganized Debtor in accordance with its terms, except as such terms may have been modified by agreement of the parties or, other than with respect to non-residential Unexpired Leases, by an order of the Bankruptcy Court.  To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, increases, accelerates or otherwise alters any obligations, rights or liabilities of the Debtors or the Reorganized Debtors thereunder as a result of, gives rise to any rights or benefits to any non-Debtor party to any such Executory Contract or Unexpired Lease, or creates any Lien on any asset or property of the Debtors or the Reorganized Debtors as a result of, the assumption of such Executory Contract or Unexpired Lease or the execution or consummation of the Plan or any other Restructuring Transaction (including any change of control, sale of business, assignment, vesting, termination, acceleration, or similar provisions therein), then such provision shall be deemed unenforceable (solely for purposes of the transactions contemplated under the Plan) and modified such that the transactions contemplated by the Plan or any other Restructuring Transaction shall

not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease, to exercise any other default-related rights with respect thereto, to increase, accelerate or otherwise alter the obligations, rights or liabilities of the Debtors or the Reorganized Debtors thereunder, to be entitled to any rights or benefits thereunder, or create or impose a Lien on any asset or property of the Debtors or the Reorganized Debtors.  For the avoidance of doubt, Confirmation of the Plan shall not be deemed an assignment of any Executory Contract or Unexpired Lease of the Debtors, notwithstanding any change in name, organizational form, or jurisdiction of organization of any Debtor in connection with the occurrence of the Effective Date.

Notwithstanding anything to the contrary contained in the Plan (other than <u>Section 10.8</u> of the Plan) and in the Restructuring Support Agreement, the Debtors or Reorganized Debtors, as applicable, subject to the Definitive Document Consent Rights, reserve the right to amend or supplement the Rejected Contracts/Lease List in their discretion prior to the later of (a) Effective Date and (b) seven (7) days after the date on which the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the Assumed Contracts List (or, in either case, such later date as may be agreed with a counterparty); <u>provided</u> that the Debtors shall give prompt notice of any such amendment or supplement to any affected counterparty and such counterparty shall have a reasonable opportunity to object thereto on any grounds.

<u>Section 10.2</u> of the Plan provides the following:  Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, all requests for payment of Cure Costs that differ from the amounts paid or proposed to be paid by the Debtors or the Reorganized Debtors on the Assumed Contracts List, as applicable, to a counterparty must be Filed, served, and actually received by the Debtors on or before fourteen (14) days after such notice (together with any outstanding Cure Objection, a "<u>Cure Dispute</u>"). Any such request that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Debtor, Reorganized Debtor, or Buyer, without the need for any objection by the Debtors or the Reorganized Debtors or any other party in interest, or any further notice to or action, order, or approval of the Bankruptcy Court. Any Cure Costs shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Reorganized Debtors of the applicable Cure Costs; provided, however, that nothing herein shall prevent the Reorganized Debtors or the Buyer (if applicable) from paying any Cure Costs despite the failure of the relevant counterparty to File such request for payment of such Cure Costs. The Reorganized Debtors also may settle any Cure Costs without any further notice to or action, order, or approval of the Bankruptcy Court.  In the event that a non-Debtor contract counterparty Files a timely Cure Dispute and the Debtors and such counterparty cannot resolve such Cure Dispute, the Cure Dispute shall be heard on at least seven (7) days' notice to the applicable non-Debtor contract counterparty, or such date as the parties agree, subject to the Bankruptcy Court's calendar. Any objection by a contract or lease counterparty to (a) the ability of the applicable Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or assumed and assigned, or (b) any other matter pertaining to the proposed assumption or proposed assumption and assignment must be Filed, served, and actually received by the Debtors by the date on which objections to Confirmation of the Plan are due. The Reorganized Debtors may settle any Cure Dispute without any further notice to or action, order, or approval of the Bankruptcy Court. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption or proposed

assumption and assignment of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption or assumption and assignment, as applicable.

Except to the extent that less favorable treatment has been agreed to by the non-Debtor party or parties to each such Executory Contract or Unexpired Lease to be assumed or assumed and assigned pursuant to the Plan, the Debtors shall pay any Cure Costs, if monetary, in full in Cash either (a) on the Effective Date or as soon as reasonably practicable thereafter, or (b) in the event of a Cure Dispute, and following resolution of such Cure Dispute (either consensually or through judicial decision), upon the later of (i) the Effective Date or as soon as reasonably practicable thereafter and (ii) seven (7) days after the date on which such Cure Dispute has been resolved. The Debtors and the Reorganized Debtors, as applicable, reserve the right at any time (including, with respect to the Reorganized Debtors, after the Effective Date) to move to reject any Executory Contract or Unexpired Lease based upon the existence of any such unresolved dispute. If the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the Assumed Contracts List, the Debtors or the Reorganized Debtors, as applicable, shall have the right to reject such Executory Contract or Unexpired Lease by amending the Rejected Contracts/Lease List to include such Executory Contract or Unexpired Lease and providing prompt notice of any such amendment to any applicable counterparty, in which case such Executory Contract or Unexpired Lease will be deemed rejected as of the Effective Date subject to the applicable counterparty's right to object to such rejection.

Assumption (or assumption and assignment) of any Executory Contract or Unexpired Lease pursuant to the Plan and payment or performance of the applicable Cure Costs shall result in the full release and satisfaction of any Claims and defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, under any assumed Executory Contract or Unexpired Lease arising at any time prior to the effective date of assumption. **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure Cost has been fully paid pursuant to <u>Section 10.2</u> of the Plan, shall be deemed Disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.; <u>provided</u>, <u>however</u>, that nothing herein shall affect the allowance of any Claims or any Cure Costs agreed to by the Debtors in any written agreement amending or modifying any Executory Contract or Unexpired Lease prior to the assumption of such Executory Contract or Unexpired Lease pursuant to the Plan or otherwise.**

To the extent applicable, rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed to the Debtors or the Reorganized Debtors, as applicable, under such Executory Contracts or Unexpired Leases and the Debtors are entitled to all the rights provided under section 365 of the Bankruptcy Code.

Additionally, <u>Section 10.7</u> of the Plan provides the following: Neither the exclusion nor inclusion of any contract or lease in the Rejected Contracts/Lease List or Assumed Contracts List, as applicable, nor anything contained in the Plan or Sale Documents, nor the Debtors' delivery of

a notice of the proposed assumption and proposed Cure Cost to any contract and lease counterparties set forth in the Assumed Contracts List (which shall be Filed with the Plan Supplement), shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors or Reorganized Debtors, as applicable, shall have forty-five (45) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.  If there is a dispute regarding a Debtor's or Reorganized Debtor's liability under an assumed Executory Contract or Unexpired Lease, the Reorganized Debtors shall be authorized to move to have such dispute heard by the Bankruptcy Court pursuant to Article XIII of the Plan.  If the Bankruptcy Court determines that the Allowed Cure Cost with respect to any Executory Contract or Unexpired Lease is greater than the amount set forth in the Assumed Contracts List, the Debtors shall have the right to reject such Executory Contract or Unexpired Lease, in which case such Executory Contract or Unexpired Lease will be deemed rejected as of the Effective Date subject to the applicable counterparty's right to object to such rejection.

Certain documents, or portions thereof, contained in this **Exhibit K** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested parties with respect thereto.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900223 | 1170 Northern Boulevard LLC | 1170 Northern Boulevard LLC<br>40 Harbor Park Drive North<br>Port Washington, NY 11050 | PSP Stores, LLC | Lease, dated 03/30/2002, as amended<br>(Manhasset, NY) | Manhasset, NY<br>(9036) | $0.00 |
| 122000027 | 12550 LLC | 12550 LLC<br>PO BOX 300439<br>BROOKLYN, NY 11230 | Buddy's Newco, LLC | Lease dated in July 2005 with a term<br>commencing on September 1, 2005, as<br>amended (Store 48) | 48 | $418.01 |
| 121800022 | 1480 Cafe LLC | 1480 Cafe LLC<br>10 East 120th Avenue<br>Northglenn, CO 80233 | PSP Franchising, LLC | Franchise Agreement, dated 07/10/2020,<br>as renewed or amended (Store #4328 -<br>Denver) | | $0.00 |
| 121900224 | 1515 Lititz Partners, LLC | 1515 Lititz Partners, LLC<br>c/o Burkwood Associates<br>255 Butler Avenue<br>Suite 203<br>Lancaster, PA 17601 | PSP Stores, LLC | Lease, dated 01/06/2012, as amended<br>(Lancaster, PA) | Lancaster, PA<br>(9037) | $0.00 |
| 121900032 | 175 Memorial Ave., LLC | 175 Memorial Ave., LLC<br>c/o Century Investment Co.<br>181 Park Ave.<br>Suite 1<br>West Springfield, MA 01089 | Pet Supplies "Plus",<br>LLC | Lease Agreement, dated 09/12/1995, as<br>amended<br>(West Springfield, MA) | West<br>Springfield, MA<br>(9015) | $0.00 |
| 121900205 | 250 Three Springs, LP | 250 Three Springs, LP<br>4041 Liberty Avenue<br>Suite 201<br>Pittsburgh, PA 15224 | PSP Stores, LLC | Lease, dated 09/25/2022, as amended<br>(Weirton, WV) | Weirton, WV<br>(4556) | $695.16 |
| 121900202 | 27386 Carronade, LLC | 27386 Carronade, LLC<br>2600 West Big Beaver Rd<br>Suite 410<br>Troy, MI 48084 | PSP Stores, LLC | Lease Agreement, dated 08/18/2021, as<br>amended<br>(Perrysburg, OH) | Perrysburg, OH<br>(4465) | $0.00 |
| 121800042 | 2nd Watch, Inc.<br>Aptitive | 2nd Watch, Inc.<br>Aptitive<br>2310 N Molter Suite 340<br>Liberty Lake, WA 99019 | PSP Group, LLC | Acquisition Announcement and Payment<br>Details Update | | $0.00 |
| 121800046 | 313 Presents, LLC | 313 Presents, LLC<br>2525 Woodward Avenue<br>Detroit, MI 48201 | PSP Group, LLC | Sponsorship Agreement | | $0.00 |
| 121800047 | 313 Presents, LLC | 313 Presents, LLC<br>2525 Woodward Avenue<br>Detroit, MI 48201 | PSP Midco, LLC | First Amendment to Sponsorship<br>Agreement | | $0.00 |
| 121900222 | 3644 Long Beach Road, LLC | 3644 Long Beach Road, LLC<br>c/o Serota Properties<br>70 East Sunrise Hwy.<br>Suite 610<br>Valley Stream, NY 11581 | PSP Stores, LLC | Lease, dated 05/16/2003, as amended<br>(Oceanside, NY) | Oceanside, NY<br>(9031) | $0.00 |
| 121800058 | 3Deez, LLC | 3Deez, LLC<br>4712 Ocean Blvd.<br>Destin, FL 32541 | PSP Franchising, LLC | Franchise Agreement, dated 03/18/2021,<br>as renewed or amended (Store #4433 -<br>Destin) | | $0.00 |
| 121800059 | 4 Healthy Paws, Inc. | 4 Healthy Paws, Inc.<br>11040 Pinevale Lane<br>Franktown, CO 80116 | WNW Franchising,<br>LLC | Franchise Agreement, dated 10/17/2015<br>(Store #3008 - Aurora) | | $0.00 |
| 121800060 | 4 Paws Partners, LLC | 4 Paws Partners, LLC<br>1100 US Highway 287, Suite 1400<br>Broomfield, CO 80020 | WNW Franchising,<br>LLC | Franchise Agreement, dated 08/29/2022,<br>as renewed (Store #3011 - Broomfield) | | $0.00 |
| 121800061 | 4 Pets Enterprises, LLC | 4 Pets Enterprises, LLC<br>10705 NE. 156th Avenue<br>Vancouver, WA 98682 | PSP Franchising, LLC | Franchise Agreement, dated 08/28/2020,<br>as renewed or amended (Store #4104 -<br>Gresham) | | $0.00 |
| 121900013 | 4405 Milestrip HD Lessee LLC | 4405 Milestrip HD Lessee LLC<br>c/o Northpath Investments<br>144 East 44th Street<br>Suite 601<br>New York, NY 10017 | Pet Supplies "Plus",<br>LLC | Lease Agreement, dated 01/08/2009, as<br>amended<br>(Blasdell, NY) | Blasdell, NY<br>(0192) | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121900033 | 470 French Road L.L.C. | 470 French Road L.L.C.<br>P.O. Box 213<br>Yorkville, NY 13495 | Pet Supplies "Plus", LLC | Lease Agreement, dated 05/21/1997, as amended<br>(New Hartford, NY) | New Hartford, NY (9027) | $0.00 |
| 121900154 | 4968 Transit Road LLC | 4968 Transit Road LLC<br>c/o Gold Seal Equity Partnership<br>2 Wendling Court<br>Lancaster, NY 14086 | PSP Stores, LLC | Lease, dated 02/02/2016, as amended<br>(Depew, NY) | Depew, NY (4055) | $763.18 |
| 121900108 | 570 Associates III, LLC | 570 Associates III, LLC<br>c/o Benderson Development<br>7978 Cooper Creek Blvd.<br>Suite 100<br>University Park, FL 34201 | PSP Stores, LLC | Lease, dated 05/05/2006, as amended<br>(East Amherst, NY) | East Amherst, NY (0174) | $0.00 |
| 121800094 | 6 Wags, Inc. | 6 Wags, Inc.<br>900 Nina Court<br>Mendota Heights, MN 55118 | WNW Franchising, LLC | Franchise Agreement, dated 01/28/2023, as renewed (Store #3014 - Lakeville) | | $0.00 |
| 121900103 | 601 Plaza, LLC | 601 Plaza, LLC<br>1000 Grand Central Mall<br>Vienna,, WV 26105 | PSP Stores, LLC | Lease, dated 08/27/2009, as amended<br>(Vienna, WV) | Vienna, WV (0153) | $0.00 |
| 121900153 | 8246 Delaware, Inc. | 8246 Delaware, Inc.<br>295 Main Street<br>Suite 210<br>Buffalo, NY 14203 | PSP Stores, LLC | Lease, dated 02/10/2016, as amended<br>(Rochester, NY) | Rochester, NY (Monroe Ave) (4054) | $0.00 |
| 121800106 | 8x8, Inc. | 8x8, Inc.<br>675 Creekside Way<br>Campbell, CA 95008 | PSP Group, LLC | Corporate Renewal Agreement | | $0.00 |
| 121800107 | 8x8, Inc. | 8x8, Inc.<br>675 Creekside Way<br>Campbell, CA 95008 | PSP Group, LLC | Service Agreement (Replacement) | | $0.00 |
| 121800108 | 8x8, Inc. | 8x8, Inc.<br>675 Creekside Way<br>Campbell, CA 95008 | PSP Group, LLC | 8x8 UCAAS/CCAAS SERVICE TERMS | | $0.00 |
| 121800109 | 8x8, Inc. | 8x8, Inc.<br>675 Creekside Way<br>Campbell, CA 95008 | PSP Group, LLC | 8X8, Inc. Business Terms and Conditions | | $0.00 |
| 121800105 | 8x8, inc. | 8x8, inc.<br>1350 Broadway<br>New York, NY 10018 | Buddy's Newco, LLC | Second Amendment To Service Agreement | | $0.00 |
| 121900178 | 9-27 NATICK LLC | 9-27 NATICK LLC<br>c/o Crosspoint Associates, Inc.<br>300 Third Avenue<br>Waltham, MA 02451 | PSP Stores, LLC | Lease, dated 04/03/2018, as amended<br>(Natick, MA) | Natick, MA (4186) | $0.00 |
| 121900014 | 95 NYRPT, LLC | 95 NYRPT, LLC<br>c/o Benderson Development<br>7978 Cooper Creek Blvd<br>Suite 100<br>University Park, FL 34201 | Pet Supplies "Plus", LLC | Lease Agreement, dated 01/05/2010, as amended<br>(Amherst, NY) | Amherst, NY (0197) | $0.00 |
| 121900086 | 95 NYRPT, LLC | 95 NYRPT, LLC<br>c/o Benderson Development<br>7978 Cooper Creek Blvd<br>Suite 100<br>University Park, FL 34201 | PSP Stores, LLC | Lease Agreement, dated 02/17/1999, as amended<br>(Buffalo, NY) | Buffalo, NY (0116) | $0.00 |
| 121800119 | A Pet's Life, LLC | A Pet's Life, LLC<br>16915 Turkey Point Street<br>San Antonio, TX 78232-1830 | PSP Franchising, LLC | Franchise Agreement, dated 01/12/2018, as renewed or amended (Store #4169 - San Antonio) | | $0.00 |
| 121800126 | A&F Distributors 786, Inc. | A&F Distributors 786, Inc.<br>15 Stirrup Lane<br>Salonga, NY 11768 | PSP Franchising, LLC | Franchise Agreement, dated 08/22/2022, as renewed or amended (Store #4621 - Port Jefferson Station) | | $0.00 |
| 121800143 | Aanjaney LLC | Aanjaney LLC<br>11132 Ashbury Meadows Drive<br>Dayton, OH 45458 | PSP Franchising, LLC | Franchise Agreement, dated 07/23/2024, as renewed or amended (Store #4650 - Dayton) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900021 | Aberdeen Marketplace, LLC | Aberdeen Marketplace, LLC c/o Carl M. Freeman Companies 111 Rockville Pike Suite 1100 Rockville, MD 20850 | Pet Supplies "Plus", LLC | Lease, dated 01/17/1997, as amended (Aberdeen, MD) | Aberdeen, MD (4398) | $0.00 |
| 121900027 | Aberfeldy Properties, Inc. | Aberfeldy Properties, Inc. c/o TIG Real Estate Services 901 South MoPac Suite 285 Austin, TX 78746 | Pet Supplies "Plus", LLC | Lease, dated 02/01/2009, as amended (San Antonio, TX) | San Antonio, TX (7009) | $0.00 |
| 121802289 | Abhishek Singla (Entity Pending) | Abhishek Singla (Entity Pending) Address on File | PSP Franchising, LLC | Franchise Agreement, dated 10/30/2023, as renewed or amended (Store #N/A - Dulles) | | $0.00 |
| 121800153 | Absorb Software Inc. | Absorb Software Inc. #2500 - 685 Centre St. S Calgary, AB T2G 1S5 | PSP Group, LLC | Order Form for Absorb LMS Service | | $0.00 |
| 121800154 | Absorb Software Inc. | Absorb Software Inc. #2500 - 685 Centre St. S Calgary, AB T2G 1S5 | PSP Group, LLC | Service Terms and Conditions | | $0.00 |
| 121800165 | Accruent, LLC | Accruent, LLC 11500 Alterra Pkwy Suite 110 Austin, TX 78758 | PSP Group, LLC | SaaS Services Agreement | | $0.00 |
| 121800167 | Accruent, LLC | Accruent, LLC 11500 Alterra Pkwy Suite 110 Austin, TX 78758 | PSP Group, LLC | Accruent Order Document #90037823 | | $0.00 |
| 121800187 | Ace Host | Ace Host 412 E Madison St STE 1010 Tampa,, FL 33602 | Buddy's Newco, LLC | MASTER SERVICE AGREEMENT | | $0.00 |
| 121800247 | Advanced Business Solutions | Advanced Business Solutions 801 W Big Beaver Rd Ste 300 Troy, MI 48084 | PSP Group, LLC | Purchase Order for Sound Masking Design and Installation Services | | $825.00 |
| 121800248 | Advanced Business Solutions | Advanced Business Solutions 801 W Big Beaver Rd Ste 300 Troy, MI 48084 | PSP Group, LLC | Purchase Order for New Office - SOW for Cabling | | $0.00 |
| 121800276 | Adyen N.V. | Adyen N.V. Simon Carmiggeltstraat 6-50 1011 DJ Amsterdam, | PSP Group, LLC | Addendum to Adyen for Platforms Agreement | | $0.00 |
| 121800277 | Adyen N.V. | Adyen N.V. Simon Carmiggeltstraat 6-50 1011 DJ Amsterdam, | PSP Group, LLC | Adyen for Platforms Agreement | | $0.00 |
| 121800308 | Afzal Lokhandwala (Entity Pending) | Afzal Lokhandwala (Entity Pending) Address on File | PSP Franchising, LLC | Franchise Agreement, dated 12/09/2022, as renewed or amended (Store #N/A - Cedar Rapids) | | $0.00 |
| 121800309 | Afzal Lokhandwala (Entity Pending) | Afzal Lokhandwala (Entity Pending) Address on File | WNW Franchising, LLC | Franchise Agreement, dated 12/09/2022 (Store #N/A - Chicago) | | $0.00 |
| 121800313 | Agilence, Inc. | Agilence, Inc. 309 Fellowship Road - Suite 200 Mt. Laurel, NJ 08054 | PSP Group, LLC | Master Agreement | | $0.00 |
| 121800355 | AL/Fred Food Enterprises, LLC | AL/Fred Food Enterprises, LLC G-7750 South Saginaw St., Suite #5 Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 10/29/2004, as renewed or amended (Store #155 - Iron Mountain) | | $0.00 |
| 121900068 | Albert Hans, LLC | Albert Hans, LLC 7240 West Foster Avenue Chicago, IL 60656 | PSP Stores, LLC | Lease, dated 09/16/2005, as amended (Chicago, IL) | Chicago, IL (0053) | $1,231.31 |
| 121800365 | AlejCo Holdings, Inc. | AlejCo Holdings, Inc. 2081 Paseo Ynez San Dimas, CA 91773 | PSP Franchising, LLC | Franchise Agreement, dated 03/28/2016, as renewed or amended (Store #4073 - Upland) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121800368 | Alera Group Inc. & Subsidiaries | Alera Group Inc. & Subsidiaries<br>3 Parkway North<br>Suite 500<br>Deerfield, IL 60015 | Franchise Group, Inc. | Business Associate Agreement | | $0.00 |
| 121900087 | Alpine Income Property OP, LP | Alpine Income Property OP, LP<br>1140 N. Williamson Blvd.<br>Suite 140<br>Daytona Beach, FL 32114 | PSP Stores, LLC | Lease, dated 02/15/2000, as amended<br>(North Canton, OH) | North Canton,<br>OH (0117) | $0.00 |
| 122000011 | American Plaza Group, LLC | American Plaza Group, LLC<br>106 Satsuma Drive<br>ATTN CARMEN CUELLO<br>Altamonte Springs, FL 32714 | Buddy's Newco, LLC | Lease Agreement dated May 6, 1991, as<br>amended (Store 24) | 24 | $0.00 |
| 121800491 | Amin Sarfani (Entity Pending) | Amin Sarfani (Entity Pending)<br>Address on File | WNW Franchising,<br>LLC | Franchise Agreement, dated 04/24/2024<br>(Store #N/A - Wheeling) | | $0.00 |
| 121800563 | AOG Enterprises, LLC | AOG Enterprises, LLC<br>11173 Loveland Trace Court<br>Loveland, OH 45140 | PSP Franchising, LLC | Franchise Agreement, dated 01/11/2024,<br>as renewed or amended (Store #4629 -<br>Maineville) | | $0.00 |
| 121800573 | APC Plus, LLC | APC Plus, LLC<br>2204 Camden Circle<br>Southlake, TX 76092 | PSP Franchising, LLC | Franchise Agreement, dated 01/07/2022,<br>as renewed or amended (Store #4490 -<br>Wichita Falls) | | $0.00 |
| 121800582 | APL Ventures I, LLC | APL Ventures I, LLC<br>16915 Turkey Point Street<br>San Antonio, TX 78232-1830 | PSP Franchising, LLC | Franchise Agreement, dated 02/19/2021,<br>as renewed or amended (Store #4231 -<br>New Braunfels) | | $0.00 |
| 121900109 | Arlington Ridge Market Place, LLC | Arlington Ridge Market Place, LLC<br>c/o DeVille Developments<br>3951 Convenience Circle NW<br>Suite 301<br>Canton, OH 44718 | PSP Stores, LLC | Lease, dated 09/19/2007, as amended<br>(Akron, OH) | Akron, OH<br>(0182) | $0.00 |
| 121900179 | Arsenal Plaza Associates, LLC | Arsenal Plaza Associates, LLC<br>c/o Nigro Companies<br>20 Corporate Woods Blvd<br>Albany, NY 12211 | PSP Stores, LLC | Lease Agreement, dated 08/02/2018, as<br>amended<br>(Watertown, NY) | Watertown, NY<br>(4193) | $699.62 |
| 121800666 | Ascential Inc. | Ascential Inc.<br>1801 Porter Street<br>Suite 300<br>Baltimore, MD 21230 | PSP Group, LLC | WGSN Terms of Business | | $0.00 |
| 121800667 | ASG Group, LLC | ASG Group, LLC<br>9818 Ricaby Drive<br>Houston, TX 77064 | PSP Franchising, LLC | Franchise Agreement, dated 06/14/2021,<br>as renewed or amended (Store #4470 -<br>Houston) | | $0.00 |
| 121800668 | ASG Group, LLC | ASG Group, LLC<br>9818 Ricaby Drive<br>Houston, TX 77064 | PSP Franchising, LLC | Franchise Agreement, dated 01/05/2023,<br>as renewed or amended (Store #4564 -<br>Bridgeland) | | $0.00 |
| 121800696 | AT&T Corp. | AT&T Corp.<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | Pet Supplies "Plus",<br>LLC | AT&T Managed Internet Service Pricing<br>Schedule | | $0.00 |
| 121800697 | AT&T Corp. | AT&T Corp.<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | Pet Supplies "Plus",<br>LLC | AT&T Dedicated Internet Pricing Schedule | | $0.00 |
| 121800698 | AT&T Corp. | AT&T Corp.<br>One AT&T Way<br>Bedminster, NJ 07921-0752 | PSP Group, LLC | AT&T Dedicated Internet Service Pricing<br>Schedule | | $0.00 |
| 122000041 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 06/01/2016,<br>as amended or extended (Store 523) | 523 | $0.00 |
| 122000042 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 06/01/2016,<br>as amended or extended (Store 524) | 524 | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 122000043 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 525) | 525 | $0.00 |
| 122000044 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 527) | 527 | $0.00 |
| 122000045 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 528) | 528 | $0.00 |
| 122000046 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 529) | 529 | $0.00 |
| 122000047 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 531) | 531 | $0.00 |
| 122000048 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 533) | 533 | $0.00 |
| 122000049 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 534) | 534 | $0.00 |
| 122000050 | A-Team Leasing, LLC | A-Team Leasing, LLC<br>2232 Kodiak Drive NE<br>Atlanta, GA 30345 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2016, as amended or extended (Store 535) | 535 | $0.00 |
| 121900184 | Atlantic Plaza Station LLC | Atlantic Plaza Station LLC<br>c/o Phillips Edison & Company<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | PSP Stores, LLC | Lease, dated 02/17/2021, as amended (North Reading, MA) | North Reading, MA (4230) | $0.00 |
| 121800716 | Attentive Mobile Inc. | Attentive Mobile Inc.<br>221 River Street<br>Suite 9047<br>Hoboken, NJ 07030 | PSP Group, LLC | Attentive Mobile Order Form and Master Subscription Agreement | | $74,175.56 |
| 121800718 | AudioEye, Inc. | AudioEye, Inc.<br>5210 E. Williams Circle Suite 750<br>Tucson, AZ 85711 | Pet Supplies "Plus", LLC | Enterprise Order PET-00607 | | $18,545.47 |
| 121800719 | AudioEye, Inc. | AudioEye, Inc.<br>5210 E. Williams Circle Suite 750<br>Tucson, AZ 85711 | Pet Supplies "Plus", LLC | Master Services Agreement | | $0.00 |
| 121800730 | Austin Pets, LLC | Austin Pets, LLC<br>2295 Spring Rose Road<br>Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 11/08/2018, as renewed or amended (Store #4108 - Austin) | | $0.00 |
| 121800734 | Avalara, Inc. | Avalara, Inc.<br>Dept CH 16781<br>Palatine, IL 60055 | PSP Group, LLC | Addendum to Terms and Conditions | | $0.00 |
| 121800735 | Avalara, Inc. | Avalara, Inc.<br>Dept CH 16781<br>Palatine, IL 60055 | PSP Group, LLC | Avalara Professional Services Statement of Work | | $0.00 |
| 121800736 | Avalara, Inc. | Avalara, Inc.<br>Dept CH 16781<br>Palatine, IL 60055 | PSP Group, LLC | Sales Order for Avalara Services | | $0.00 |
| 121800741 | Avalara, Inc. | Avalara, Inc.<br>Dept CH 16781<br>Palatine, IL 60055 | PSP Group, LLC | Avalara Order for D365 Upgrade at Renewal | | $0.00 |
| 121800743 | Avalon Risk Management | Avalon Risk Management<br>200 N. Martingale Rd<br>Suite 700<br>Schaumburg, IL 60173 | PSP Distribution, LLC | Customs Bond Application & Indemnity | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|--------------------------|-------|-------------|
| 121900088 | Aveni-Chardon, Ltd. | Aveni-Chardon, Ltd. 6690 Beta Drive, Suite 220 Mayfield Village, 44143 44143 | PSP Stores, LLC | Lease, dated 10/06/2000, as amended (Chardon, OH) | Chardon, OH (0119) | $2,389.46 |
| 121800744 | Avenue 34, LLC | Avenue 34, LLC 22651 E Twin Acres Drive Queen Creek, AZ 85142 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2023, as renewed or amended (Store #4568 - Queen Creek) | | $0.00 |
| 121800745 | AVMH Ventures of Albany, LLC | AVMH Ventures of Albany, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 03/19/2021, as renewed or amended (Store #4283 - Albany) | | $0.00 |
| 121800747 | AVMH Ventures of Baytowne, LLC | AVMH Ventures of Baytowne, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2023, as renewed or amended (Store #4264 - Webster) | | $0.00 |
| 121800748 | AVMH Ventures of Bluefield, LLC | AVMH Ventures of Bluefield, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/17/2024, as renewed or amended (Store #4617 - Bluefield) | | $0.00 |
| 121800749 | AVMH Ventures of Brighton, LLC | AVMH Ventures of Brighton, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2023, as renewed or amended (Store #4276 - Rochester) | | $0.00 |
| 121800750 | AVMH Ventures of Bristol, LLC | AVMH Ventures of Bristol, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #4113 - Bristol) | | $0.00 |
| 121800751 | AVMH Ventures of Camarillo, LLC | AVMH Ventures of Camarillo, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/01/2022, as renewed or amended (Store #4313 - Camarillo) | | $0.00 |
| 121800752 | AVMH Ventures of Casselberry, LLC | AVMH Ventures of Casselberry, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/26/2023, as renewed or amended (Store #4605 - Casselberry) | | $0.00 |
| 121800753 | AVMH Ventures of Charlottesville, LLC | AVMH Ventures of Charlottesville, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 11/01/2022, as renewed or amended (Store #8013 - Charlottesville) | | $0.00 |
| 121800754 | AVMH Ventures of Chattanooga, LLC | AVMH Ventures of Chattanooga, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 02/04/2022, as renewed or amended (Store #4492 - Chattanooga) | | $0.00 |
| 121800755 | AVMH Ventures of Clearwater, LLC | AVMH Ventures of Clearwater, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #8046 - Clearwater) | | $0.00 |
| 121800756 | AVMH Ventures of Concord Mills, LLC | AVMH Ventures of Concord Mills, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #4128 - Concord) | | $0.00 |
| 121800757 | AVMH Ventures of Concord, LLC | AVMH Ventures of Concord, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #8057 - Concord) | | $0.00 |
| 121800758 | AVMH Ventures of Covington, LLC | AVMH Ventures of Covington, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 12/02/2023, as renewed or amended (Store #4624 - Covington) | | $0.00 |
| 121800759 | AVMH Ventures of Durham, LLC | AVMH Ventures of Durham, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #4145 - Durham) | | $0.00 |
| 121800760 | AVMH Ventures of Gainesville, LLC | AVMH Ventures of Gainesville, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 12/19/2022, as renewed or amended (Store #4371 - Alpharetta) | | $0.00 |
| 121800761 | AVMH Ventures of Gainesville, LLC | AVMH Ventures of Gainesville, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/01/2022, as renewed or amended (Store #4416 - Gainesville) | | $0.00 |
| 121800762 | AVMH Ventures of Greece, LLC | AVMH Ventures of Greece, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2023, as renewed or amended (Store #4275 - Greece) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121800763 | AVMH Ventures of Greer, LLC | AVMH Ventures of Greer, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 03/09/2022, as renewed or amended (Store #4502 - Greer) | | $0.00 |
| 121800764 | AVMH Ventures of Groton, LLC | AVMH Ventures of Groton, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #4114 - Groton) | | $0.00 |
| 121800765 | AVMH Ventures of Hickory, LLC | AVMH Ventures of Hickory, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #4058 - Hickory) | | $0.00 |
| 121800766 | AVMH Ventures of Lilburn, LLC | AVMH Ventures of Lilburn, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 08/16/2022, as renewed or amended (Store #4538 - Lilburn) | | $0.00 |
| 121800767 | AVMH Ventures of Manchester, LLC | AVMH Ventures of Manchester, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #4111 - Manchester) | | $0.00 |
| 121800768 | AVMH Ventures of Manhattan, LLC | AVMH Ventures of Manhattan, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 09/06/2023, as renewed or amended (Store #4611 - Manhattan) | | $0.00 |
| 121800769 | AVMH Ventures of North Durham, LLC | AVMH Ventures of North Durham, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/01/2023, as renewed or amended (Store #4604 - North Durham) | | $0.00 |
| 121800770 | AVMH Ventures of Olathe, LLC | AVMH Ventures of Olathe, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/26/2023, as renewed or amended (Store #4606 - Olathe) | | $0.00 |
| 121800771 | AVMH Ventures of Pinellas Park, LLC | AVMH Ventures of Pinellas Park, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #8039 - Pinellas Park) | | $0.00 |
| 121800772 | AVMH Ventures of Richmond IN, LLC | AVMH Ventures of Richmond IN, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/04/2023, as renewed or amended (Store #4615 - Richmond) | | $0.00 |
| 121800773 | AVMH Ventures of Sacramento, LLC | AVMH Ventures of Sacramento, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/24/2022, as renewed or amended (Store #4536 - Sacramento) | | $0.00 |
| 121800774 | AVMH Ventures of Sarasota, LLC | AVMH Ventures of Sarasota, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2023, as renewed or amended (Store #4177 - Sarasota) | | $0.00 |
| 121800775 | AVMH Ventures of Virginia Beach, LLC | AVMH Ventures of Virginia Beach, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 11/01/2022, as renewed or amended (Store #8016 - Virginia Beach) | | $0.00 |
| 121800776 | AVMH Ventures of Webster, LLC | AVMH Ventures of Webster, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2023, as renewed or amended (Store #4278 - Webster) | | $0.00 |
| 121800777 | AVMH Ventures of West Hartford, LLC | AVMH Ventures of West Hartford, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #9020 - West Hartford) | | $0.00 |
| 121800778 | AVMH Ventures of West Union, LLC | AVMH Ventures of West Union, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 07/19/2021, as renewed or amended (Store #4442 - Seneca) | | $0.00 |
| 121800779 | AVMH Ventures of Wethersfield, LLC | AVMH Ventures of Wethersfield, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #4117 - Wethersfield) | | $0.00 |
| 121800780 | AVMH Ventures of Wilmington, LLC | AVMH Ventures of Wilmington, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 04/04/2023, as renewed or amended (Store #4593 - Wilmington) | | $0.00 |
| 121800781 | AVMH Ventures of Woodland, LLC | AVMH Ventures of Woodland, LLC 2545 Lafayette Plaza Drive, Suite B Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 10/24/2022, as renewed or amended (Store #4537 - Woodland) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121800782 | AVMH Ventures, LLC | AVMH Ventures, LLC<br>2545 Lafayette Plaza Drive, Suite B<br>Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 04/19/2022, as renewed or amended (Store #4519 - Auburn) | | $0.00 |
| 121800783 | AVMH Ventures, LLC | AVMH Ventures, LLC<br>2545 Lafayette Plaza Drive, Suite B<br>Albany, GA 31707 | PSP Franchising, LLC | Franchise Agreement, dated 05/30/2023, as renewed or amended (Store #4603 - Virginia Beach) | | $0.00 |
| 121800785 | AW22 Franchise LLC | AW22 Franchise LLC<br>8354 Cupertino Heights Way<br>Las Vegas, NV 89178 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2019, as renewed or amended (Store #4297 - Las Vegas) | | $0.00 |
| 121800791 | AWPets2 Franchise LLC | AWPets2 Franchise LLC<br>8354 Cupertino Heights Way<br>Las Vegas, NV 89178 | PSP Franchising, LLC | Franchise Agreement, dated 03/01/2023, as renewed or amended (Store #4587 - Las Vegas) | | $0.00 |
| 121800801 | B & B Pet Products, LLC | B & B Pet Products, LLC<br>1611 E. Dove Rd.<br>Southlake, TX 76092 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2016, as renewed or amended (Store #4075 - Lenexa) | | $0.00 |
| 121800802 | B Pawsitive LLC | B Pawsitive LLC<br>1282 Winfield Court<br>Greenfield, IN 46143 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2024, as renewed or amended (Store #4649 - Indianapolis) | | $0.00 |
| 121800826 | Banana Machine, LLC | Banana Machine, LLC<br>1809 Avenida Alturas Northeast<br>Albuquerque, NM 87110 | PSP Franchising, LLC | Franchise Agreement, dated 02/20/2024, as renewed or amended (Store #4633 - Brookhaven) | | $0.00 |
| 121800849 | BASK Pet Supply, LLC | BASK Pet Supply, LLC<br>6609 Yawkey Way Northeast<br>Albuquerque, NM 87113 | PSP Franchising, LLC | Franchise Agreement, dated 01/18/2022, as renewed or amended (Store #4600 - Albuquerque) | | $0.00 |
| 121800851 | Battle Creek Pets, LLC | Battle Creek Pets, LLC<br>5062 Colony Woods Dr.<br>Kalamazoo, MI 49009 | PSP Franchising, LLC | Franchise Agreement, dated 09/25/2012, as renewed or amended (Store #212 - Battle Creek) | | $0.00 |
| 121800853 | Bazaarvoice, Inc. | Bazaarvoice, Inc.<br>10901 Stonelake Blvd.<br>Austin, TX 78759 | PSP Group, LLC | bazaarvoice® Renewal and Additional Products Service Order # 00198864 | | $0.00 |
| 121800854 | Bazaarvoice, Inc. | Bazaarvoice, Inc.<br>10901 Stonelake Blvd.<br>Austin, TX 78759 | PSP Group, LLC | Bazaarvoice Service Order | | $0.00 |
| 121800855 | Bazaarvoice, Inc. | Bazaarvoice, Inc.<br>10901 Stonelake Blvd.<br>Austin, TX 78759 | PSP Group, LLC | bazaarvoice® Amendment Service Order # 00114546 | | $0.00 |
| 122000051 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/15/2021, as amended or extended (Store 590) | 590 | $0.00 |
| 122000052 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/15/2022, as amended or extended (Store 591) | 591 | $0.00 |
| 122000053 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 04/15/2022, as amended or extended (Store 594) | 594 | $0.00 |
| 122000054 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 07/15/2022, as amended or extended (Store 595) | 595 | $0.00 |
| 122000055 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/17/2022, as amended or extended (Store 596) | 596 | $0.00 |
| 122000056 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/01/2022, as amended or extended (Store 597) | 597 | $0.00 |
| 122000057 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 02) | 02 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 122000058 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1001) | 1001 | $0.00 |
| 122000059 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1002) | 1002 | $0.00 |
| 122000060 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1003) | 1003 | $0.00 |
| 122000061 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1004) | 1004 | $0.00 |
| 122000062 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1005) | 1005 | $0.00 |
| 122000063 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1008) | 1008 | $0.00 |
| 122000064 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1009) | 1009 | $0.00 |
| 122000065 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 1010) | 1010 | $0.00 |
| 122000066 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1031) | 1031 | $0.00 |
| 122000067 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1032) | 1032 | $0.00 |
| 122000068 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1038) | 1038 | $0.00 |
| 122000069 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1039) | 1039 | $0.00 |
| 122000070 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1040) | 1040 | $0.00 |
| 122000071 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1049) | 1049 | $0.00 |
| 122000072 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/25/2021, as amended or extended (Store 1056) | 1056 | $0.00 |
| 122000073 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 17) | 17 | $0.00 |
| 122000074 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 37) | 37 | $0.00 |
| 122000075 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 45) | 45 | $0.00 |
| 122000076 | bb BHF Stores LLC | bb BHF Stores LLC 552 Wisonsin Street San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/18/2022, as amended or extended (Store 475) | 475 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000077 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 505) | 505 | $0.00 |
| 122000078 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 507) | 507 | $0.00 |
| 122000079 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 508) | 508 | $0.00 |
| 122000080 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 509) | 509 | $0.00 |
| 122000081 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 510) | 510 | $0.00 |
| 122000082 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 511) | 511 | $0.00 |
| 122000083 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 518) | 518 | $0.00 |
| 122000084 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 519) | 519 | $0.00 |
| 122000085 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 522) | 522 | $0.00 |
| 122000086 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 537) | 537 | $0.00 |
| 122000087 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 538) | 538 | $0.00 |
| 122000088 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 542) | 542 | $0.00 |
| 122000089 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 543) | 543 | $0.00 |
| 122000090 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 544) | 544 | $0.00 |
| 122000091 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 545) | 545 | $0.00 |
| 122000092 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 546) | 546 | $0.00 |
| 122000093 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 55) | 55 | $0.00 |
| 122000094 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 552) | 552 | $0.00 |
| 122000095 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 11/10/2020,<br>as amended or extended (Store 556) | 556 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|-------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 122000096 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/02/2022, as amended or extended (Store 557) | 557 | $0.00 |
| 122000097 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/02/2022, as amended or extended (Store 558) | 558 | $0.00 |
| 122000098 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 559) | 559 | $0.00 |
| 122000099 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 560) | 560 | $0.00 |
| 122000100 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 561) | 561 | $0.00 |
| 122000101 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 562) | 562 | $0.00 |
| 122000102 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 563) | 563 | $0.00 |
| 122000103 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 565) | 565 | $0.00 |
| 122000104 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 566) | 566 | $0.00 |
| 122000105 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 57) | 57 | $0.00 |
| 122000106 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 574) | 574 | $0.00 |
| 122000107 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 577) | 577 | $0.00 |
| 122000108 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 59) | 59 | $0.00 |
| 122000109 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 61) | 61 | $0.00 |
| 122000110 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 65) | 65 | $0.00 |
| 122000111 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 66) | 66 | $0.00 |
| 122000112 | bb BHF Stores LLC | bb BHF Stores LLC<br>552 Wisonsin Street<br>San Francisco, CA 94107 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/10/2020, as amended or extended (Store 76) | 76 | $0.00 |
| 121900242 | BCDPF Radar Distribution Center LLC | BCDPF Radar Distribution Center LLC<br>c/o Ares<br>1200 17th Street<br>Suite 2900<br>Denver, CO 80202 | PSP Stores, LLC | Lease, dated July 31, 2020, as amended (PA Distribution Center) | PA Distribution Center | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121800862 | BE Pets, LLC | BE Pets, LLC<br>120 Palencia Village Drive, PMB 105 Box 177<br>St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 05/01/2024, as renewed or amended (Store #4304 - Yulee) | | $0.00 |
| 121800868 | Beatrice Home Fashions, Inc. | Beatrice Home Fashions, Inc.<br>151 Helen Street<br>South Plainfield, NJ 07080 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900053 | Bell Tower Associates | Bell Tower Associates<br>3555 Washington Road<br>McMurray, PA 15317 | PSP Stores, LLC | Lease, dated 07/02/2015, as amended (McMurray, PA) | McMurray, PA (4379) | $878.00 |
| 121800894 | Bellrock Holdings Inc | Bellrock Holdings Inc<br>1908 Oakhurst Dr.<br>Allison Park, PA 15101 | PSP Franchising, LLC | Franchise Agreement, dated 11/21/2016, as renewed or amended (Store #4123 - Beaver Falls) | | $0.00 |
| 121800895 | Bellrock Holdings Inc | Bellrock Holdings Inc<br>1908 Oakhurst Dr.<br>Allison Park, PA 15101 | PSP Franchising, LLC | Franchise Agreement, dated 12/09/2020, as renewed or amended (Store #4370 - Allison Park) | | $0.00 |
| 121800897 | Benefit Marketing Solutions, L.L.C. | Benefit Marketing Solutions, L.L.C.<br>PO Box 803507<br>Dallas, TX 75380 | Buddy's Newco, LLC | Benefit Program Agreement | | $0.00 |
| 121800901 | BEO Enterprises, Inc. | BEO Enterprises, Inc.<br>401 S 198th Street<br>Omaha, NE 68022 | WNW Franchising, LLC | Franchise Agreement, dated 06/01/2023 (Store #3035 - Elkhorn) | | $0.00 |
| 121900170 | Berkshire Crossing Retail LLC | Berkshire Crossing Retail LLC<br>c/o Brixmor Property Group<br>450 Lexington Ave<br>13th Floor<br>New York, NY 10017 | PSP Stores, LLC | Lease, dated 03/29/2019, as amended (Pittsfield, MA) | Pittsfield, MA (4152) | $0.00 |
| 121800907 | Best Friends Animal Society | Best Friends Animal Society<br>5001 Angel Canyon Road<br>Kanab, UT 84741 | PSP Group, LLC | Corporate Sponsorship and Licensing Agreement | | $0.00 |
| 121800935 | Big Puppy Holdings, Inc. | Big Puppy Holdings, Inc.<br>18378 Poplar Stand Place<br>Purcellville, VA 20132 | PSP Franchising, LLC | Franchise Agreement, dated 12/21/2020, as renewed or amended (Store #4404 - Purcellville) | | $0.00 |
| 121800936 | Big Sky 77, LLC | Big Sky 77, LLC<br>196 High Road<br>Kalispell, MT 59901 | PSP Franchising, LLC | Franchise Agreement, dated 11/06/2020, as renewed or amended (Store #4357 - Birmingham) | | $0.00 |
| 121800986 | Bitmantitle Incorporated | Bitmantitle Incorporated<br>791 Remington Lane<br>North Aurora, IL 60542 | PSP Franchising, LLC | Franchise Agreement, dated 05/30/2023, as renewed or amended (Store #4602 - Venice) | | $0.00 |
| 121800987 | BJ, Inc. | BJ, Inc.<br>14240 Imboden Rd.<br>Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 12/03/2018, as renewed or amended (Store #4209 - Littleton) | | $0.00 |
| 121900172 | Black Creek Diversified Property Operating Partnership LP | Black Creek Diversified Property Operating Partnership LP<br>518-17th Street<br>17th Floor<br>Denver, Co 80202 | PSP Stores, LLC | Lease, dated 09/26/2017, as amended (Narragansett, RI) | Narragansett, RI (4159) | $0.00 |
| 121800991 | BlackLine Systems, Inc. | BlackLine Systems, Inc.<br>21300 Victory Blvd.<br>12th Floor<br>Woodland Hills, CA 91367 | PSP Group, LLC | BlackLine Order Form | | $165.00 |
| 121801001 | Blain, Inc. | Blain, Inc.<br>14240 Imboden Rd.<br>Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 07/30/2021, as renewed or amended (Store #4462 - Aurora) | | $0.00 |
| 121900123 | Blue Ash OH Center LLC | Blue Ash OH Center LLC<br>c/o Gershenson Realty & Investment<br>31500 Northwestern Hwy.<br>Suite 100<br>Farmington Hills, MI 48334 | PSP Stores, LLC | Lease, dated 07/23/2013, as amended (Blue Ash, OH) | Blue Ash, OH (0218) | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|-------------------------|-----------------------------------|---------------|--------------------------|-------|-------------|
| 121801009 | Blue Chip Talent | Blue Chip Talent<br>43252 Woodward Suite 240<br>Bloomfield Hills, MI 48302 | Pet Supplies "Plus", LLC | Direct Placement Search Agreement | | $0.00 |
| 121900037 | Blue Mountain IPG Associates, LP | Blue Mountain IPG Associates, LP<br>c/o Stonehenge Advisors<br>4328-42 Ridge Ave<br>Unit 104<br>Philadelphia, PA 19129 | Pet Supplies "Plus", LLC | Lease Agreement, dated 01/29/2010, as amended<br>(Hamburg, PA) | Hamburg, PA (9048) | $0.00 |
| 121801013 | Blue Sky Pet Supplies LLC | Blue Sky Pet Supplies LLC<br>606 Liberty Avenue, 3rd Floor Suite #107<br>Pittsburgh, PA 15222 | PSP Franchising, LLC | Franchise Agreement, dated 07/17/2019, as renewed or amended (Store #4263 - State College) | | $0.00 |
| 121801015 | Blue Yonder, Inc. | Blue Yonder, Inc.<br>15059 N. Scottsdale Rd.<br>Suite 400<br>Scottsdale, AZ 85254 | PSP Group, LLC | SaaS and Professional Services Agreement | | $0.00 |
| 122000150 | BMH PRIME 95, LLC | BMH PRIME 95, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/23/2022, between Buddy's Franchising and Licensing LLC and BMH PRIME 95, LLC | 646 | $0.00 |
| 122000148 | BMH PRIME 96, LLC | BMH PRIME 96, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/23/2022, between Buddy's Franchising and Licensing LLC and BMH PRIME 96, LLC | 644 | $0.00 |
| 122000114 | BMH-FAN 45, LLC | BMH-FAN 45, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 45, LLC | 604 | $0.00 |
| 122000115 | BMH-FAN 46, LLC | BMH-FAN 46, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 46, LLC | 605 | $0.00 |
| 122000124 | BMH-FAN 47, LLC | BMH-FAN 47, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 47, LLC | 614 | $0.00 |
| 122000116 | BMH-FAN 48, LLC | BMH-FAN 48, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 48, LLC | 606 | $0.00 |
| 122000117 | BMH-FAN 49, LLC | BMH-FAN 49, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 49, LLC | 607 | $0.00 |
| 122000118 | BMH-FAN 50, LLC | BMH-FAN 50, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 50, LLC | 608 | $0.00 |
| 122000120 | BMH-FAN 52, LLC | BMH-FAN 52, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 52, LLC | 610 | $0.00 |
| 122000123 | BMH-FAN 53, LLC | BMH-FAN 53, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 53, LLC | 613 | $0.00 |
| 122000121 | BMH-FAN 54, LLC | BMH-FAN 54, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/30/2020, between Buddy's Franchising and Licensing LLC and BMH-FAN 54, LLC | 611 | $0.00 |
| 122000133 | BMH-NEW 55, LLC | BMH-NEW 55, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/14/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 55, LLC | 626 | $0.00 |
| 122000132 | BMH-NEW 56, LLC | BMH-NEW 56, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 56, LLC | 625 | $0.00 |
| 122000135 | BMH-NEW 57, LLC | BMH-NEW 57, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/31/2020, between Buddy's Franchising and Licensing LLC and BMH-NEW 57, LLC | 630 | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000128 | BMH-NEW 59, LLC | BMH-NEW 59, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 03/05/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 59, LLC | 618 | $0.00 |
| 122000129 | BMH-NEW 60, LLC | BMH-NEW 60, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 03/05/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 60, LLC | 619 | $0.00 |
| 122000134 | BMH-NEW 63, LLC | BMH-NEW 63, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 07/01/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 63, LLC | 627 | $0.00 |
| 122000144 | BMH-NEW 65, LLC | BMH-NEW 65, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/15/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 65, LLC | 639 | $0.00 |
| 122000126 | BMH-NEW 70, LLC | BMH-NEW 70, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/01/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 70, LLC | 616 | $0.00 |
| 122000131 | BMH-NEW 71, LLC | BMH-NEW 71, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2021, between Buddy's Franchising and Licensing LLC and BMH-NEW 71, LLC | 624 | $0.00 |
| 122000165 | BMH-RCL 35, LLC | BMH-RCL 35, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 35, LLC | 312 | $0.00 |
| 122000160 | BMH-RCL 37, LLC | BMH-RCL 37, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 37, LLC | 307 | $0.00 |
| 122000161 | BMH-RCL 38, LLC | BMH-RCL 38, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 38, LLC | 308 | $0.00 |
| 122000166 | BMH-RCL 39, LLC | BMH-RCL 39, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 39, LLC | 313 | $0.00 |
| 122000162 | BMH-RCL 40, LLC | BMH-RCL 40, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 40, LLC | 309 | $0.00 |
| 122000158 | BMH-RCL 42, LLC | BMH-RCL 42, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/23/2019, between Buddy's Franchising and Licensing LLC and BMH-RCL 42, LLC | 304 | $0.00 |
| 122000136 | BMH-SM 79, LLC | BMH-SM 79, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 79, LLC | 631 | $0.00 |
| 122000137 | BMH-SM 80, LLC | BMH-SM 80, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 80, LLC | 632 | $0.00 |
| 122000138 | BMH-SM 81, LLC | BMH-SM 81, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 81, LLC | 633 | $0.00 |
| 122000139 | BMH-SM 82, LLC | BMH-SM 82, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 82, LLC | 634 | $0.00 |
| 122000140 | BMH-SM 83, LLC | BMH-SM 83, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 83, LLC | 635 | $0.00 |
| 122000141 | BMH-SM 85, LLC | BMH-SM 85, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 85, LLC | 636 | $0.00 |
| 122000142 | BMH-SM 86, LLC | BMH-SM 86, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 86, LLC | 637 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 122000143 | BMH-SM 87, LLC | BMH-SM 87, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/21/2021, between Buddy's Franchising and Licensing LLC and BMH-SM 87, LLC | 638 | $0.00 |
| 122000154 | BMH-TB 74, LLC | BMH-TB 74, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/10/2020, between Buddy's Franchising and Licensing LLC and BMH-TB 74, LLC | 06 | $0.00 |
| 122000157 | BMH-TB 77, LLC | BMH-TB 77, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/10/2020, between Buddy's Franchising and Licensing LLC and BMH-TB 77, LLC | 13 | $0.00 |
| 122000173 | BMH-TB 78, LLC | BMH-TB 78, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/10/2020, between Buddy's Franchising and Licensing LLC and BMH-TB 78, LLC | 39 | $0.00 |
| 122000169 | BMH-TNM 28, LLC | BMH-TNM 28, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/20/2017, between Buddy's Franchising and Licensing LLC and BMH-TNM 28, LLC | 375 | $0.00 |
| 122000192 | BMH-TNM 29, LLC | BMH-TNM 29, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/13/2016, between Buddy's Franchising and Licensing LLC and BMH-TNM 29, LLC | 568 | $0.00 |
| 122000170 | BMH-TNM 30, LLC | BMH-TNM 30, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/20/2017, between Buddy's Franchising and Licensing LLC and BMH-TNM 30, LLC | 376 | $0.00 |
| 122000172 | BMH-TNM 32, LLC | BMH-TNM 32, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/20/2017, between Buddy's Franchising and Licensing LLC and BMH-TNM 32, LLC | 378 | $0.00 |
| 122000194 | BMH-TNM 33, LLC | BMH-TNM 33, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/01/2017, between Buddy's Franchising and Licensing LLC and BMH-TNM 33, LLC | 592 | $0.00 |
| 121801032 | BNG Phoebe, LLC | BNG Phoebe, LLC<br>109 Persnickety Place<br>Kiel, WI 53042 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121900067 | Boardman Plaza Associates LLC | Boardman Plaza Associates LLC<br>20950 Libby Road<br>Maple Heights, GA 30363 | PSP Stores, LLC | Lease, dated 04/12/1993, as amended (Youngstown, OH) | Youngstown, OH (0051) | $0.00 |
| 121801037 | BoBo's Pantry, LLC | BoBo's Pantry, LLC<br>14090 FM 2920, Ste. G551<br>Tomball, TX 77377 | PSP Franchising, LLC | Franchise Agreement, dated 05/18/2022, as renewed or amended (Store #4540 - Conroe) | | $0.00 |
| 121900030 | Bobson Portfolio Holdings LLC | Bobson Portfolio Holdings LLC<br>c/o Davis Management Company, LLC<br>125 High Street<br>Suite 2111<br>Boston, MA 02110-2704 | Pet Supplies "Plus", LLC | Lease Agreement, dated 06/29/1995, as amended (Quincy, MA) | Quincy, MA (9013) | $0.00 |
| 121801047 | BoeFly, LLC | BoeFly, LLC<br>50 West 72nd Street<br>New York, NY 10023 | PSP Midco, LLC | BoeFly Franchise Sales & Financing System Agreement | | $0.00 |
| 121801061 | Boomi, Inc. | Boomi, Inc.<br>1400 Liberty Ridge Drive<br>Chesterbrook, PA 19087 | Pet Supplies "Plus", LLC | Boomi Services Order Form | | $0.00 |
| 121801068 | Boudreaux Operating Acquisitions LLC | Boudreaux Operating Acquisitions LLC<br>100 Four Paws Lane<br>Maumelle, AR 72113 | PSP Group, LLC | PSP Private Brand Agreement Consumables | | $0.00 |
| 121900070 | Boulevard Centre LLC | Boulevard Centre LLC<br>Attn: Legal Dept<br>5577 Youngstown-Warren Road<br>Niles, OH 44446 | PSP Stores, LLC | Lease, dated 08/21/1996, as amended (Niles, OH) | Niles, OH (0056) | $0.00 |
| 121900243 | Bradley Boulevard Shopping Center | Bradley Boulevard Shopping Center<br>12510 Property Drive<br>Suite 150<br>Silver Spring, MA 20904-1639 | PSP Stores, LLC | Lease, dated 10/05/2018, as amended (Bethesda, MD) | Bethesda, MD | $1,866.67 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900226 | BRE DDR IVA Southmont PA LLC | BRE DDR IVA Southmont PA LLC c/o DDR Corp. 3300 Enterprise Parkway Beachwood, OH 44122 | PSP Stores, LLC | Lease, dated 05/09/2003, as amended (Easton, PA) | Easton, PA (9041) | $548.68 |
| 121900245 | BRE Retail Residual Owner 1 LLC | BRE Retail Residual Owner 1 LLC c/o Brixmor Property Group 450 Lexington Ave 13th Floor New York, NY 10017 | WNW Stores, LLC | Lease, dated 02/28/2022, as amended (Ann Arbor, MI) | Ann Arbor, MI (3022) | $0.00 |
| 121900131 | BRE Retail Residual Owner 1 LLC | BRE Retail Residual Owner 1 LLC c/o Brixmor Property Group 450 Lexington Ave 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 03/31/2014, as amended (Cincinnati, OH) | Cincinnati, OH (Symmes Twp) (0234) | $0.00 |
| 121801103 | BreakthroughFuel LLC | BreakthroughFuel LLC 1175 Lombardi Avenue Green Bay, WI 54304 | PSP Distribution, LLC | Master Services Agreement | | $9,000.00 |
| 121801102 | BreakthroughFuel LLC | BreakthroughFuel LLC 1175 Lombardi Avenue Green Bay, WI 54304 | PSP Distribution, LLC | Statement of Work #1 to Master Services Agreement (Fuel Recovery Services) | | $0.00 |
| 121900031 | Brian J. McLaughlin | Brian J. McLaughlin c/o D'Angelo, Inc. 323 Manley Street West Bridgewater, MA 02379 | Pet Supplies "Plus", LLC | Lease, dated 06/06/2002, as amended (Raynham, MA) | Raynham, MA (9014) | $0.00 |
| 121900201 | Brixmor / IA Bennets Mills Plaza, LLC | Brixmor / IA Bennets Mills Plaza, LLC c/o Brixmor Property Group 450 Lexington Ave, 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 11/01/2021, as amended (Jackson Township, NJ) | Jackson, NJ (4439) | $0.00 |
| 121900069 | Brixmor GA Arlington Heights LLC | Brixmor GA Arlington Heights LLC c/o Brixmor Property Group 450 Lexington Ave. 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 01/25/2017, as amended (Arlington Heights, IL) | Arlington Heights, IL (Ridge Plaza) (0054) | $0.00 |
| 121900158 | Brixmor GA Lunenburg Crossing LLC | Brixmor GA Lunenburg Crossing LLC c/o Brixmor Property Group 450 Lexington Ave 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 06/30/2016, as amended (Lunenburg, MA) | Lunenburg, MA (4078) | $0.00 |
| 121900218 | Brixmor GA Wilkes-Barre LP | Brixmor GA Wilkes-Barre LP c/o Brixmor Property Group 450 Lexington Ave 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 06/03/2020, as amended (Wilkes-Barre Township, PA) | Wilkes Barre, PA (9012) | $0.00 |
| 121900186 | Brixmor SPE 5 LLC | Brixmor SPE 5 LLC c/o Brixmor Property Group 450 Lexington Ave 13th Floor New York, NY 10017 | PSP Stores, LLC | Lease, dated 08/08/2019, as amended (Roseville, MN) | Roseville, MN (4265) | $0.00 |
| 121900185 | Brixmor Sunshine Square LLC | Brixmor Sunshine Square LLC c/o Brixmor Property Group 200 Ridge Pike Suite 100 Conshohocken, PA 19428 | PSP Stores, LLC | Lease, dated 03/28/2019, as amended (Medford, NY) | Medford, NY (4249) | $0.00 |
| 121900115 | Brookdale Shopping Center, L.L.C. | Brookdale Shopping Center, L.L.C. 31713 Northwestern Hwy Suite 250W Farmington Hills, MI 48334 | PSP Stores, LLC | Lease Agreement, dated 07/25/2012, as amended (South Lyon, MI) | South Lyon, MI (0207) | $0.00 |
| 122000010 | Brooksville Square Plaza, LLC | Brooksville Square Plaza, LLC RE: BROOKSVILLE SQUARE PLAZA LLC PO BOX 47952 TAMPA, FL 33646 | Buddy's Newco, LLC | Lease Agreement dated October 3, 2019, as amended (Store 23) | 23 | $384.41 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121801132 | Brother International Corporation | Brother International Corporation 200 Crossing Blvd Bridgewater, NJ 08807 | PSP Group, LLC | Priority Plus Support, Warranty and Portal Exchange Service Agreement | | $0.00 |
| 121801134 | Brother International Corporation | Brother International Corporation 200 Crossing Blvd Bridgewater, NJ 08807 | Pet Supplies "Plus", LLC | Priority Exchange Service Agreement | | $0.00 |
| 121801138 | Broven, Inc. | Broven, Inc. 49 Friend St. East Weymouth, MA 02189 | PSP Franchising, LLC | Franchise Agreement, dated 08/23/2018, as renewed or amended (Store #4207 - Plymouth) | | $0.00 |
| 121801139 | Brownfield Enterprises, LLC | Brownfield Enterprises, LLC 211 Fantasy Lane Ligonier, PA 15658 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2023, as renewed or amended (Store #4181 - Johnston) | | $0.00 |
| 121900147 | Brunswick Center Associates, L.L.C. | Brunswick Center Associates, L.L.C. c/o Nigro Companies 20 Corporate Woods Blvd. Albany, NY 12211 | PSP Stores, LLC | Lease, dated 08/28/2015, as amended (Troy, NY) | Brunswick, NY (Troy) (4032) | $837.61 |
| 121801149 | Bryte, Inc. | Bryte, Inc. 880 Georgetowne Lane Barrington, IL 60010 | PSP Franchising, LLC | Franchise Agreement, dated 11/28/2016, as renewed or amended (Store #4120 - Evanston) | | $0.00 |
| 121801150 | B-Scott, Inc. | B-Scott, Inc. 750 General Motors Rd Milford, MI 48381-2220 | PSP Franchising, LLC | Franchise Agreement, dated 06/09/2005, as renewed or amended (Store #167 - Milford) | | $0.00 |
| 122000196 | Buddy Mac Eight, LLC | Buddy Mac Eight, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/01/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Eight, LLC | 602 | $0.00 |
| 122000174 | Buddy Mac Eighteen, LLC | Buddy Mac Eighteen, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/16/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Eighteen, LLC | 430 | $0.00 |
| 122000195 | Buddy Mac Eleven, LLC | Buddy Mac Eleven, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 09/25/2018, between Buddy's Franchising and Licensing LLC and Buddy Mac Eleven, LLC | 601 | $0.00 |
| 122000181 | Buddy Mac Fifteen, LLC | Buddy Mac Fifteen, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/16/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Fifteen, LLC | 471 | $0.00 |
| 122000193 | Buddy Mac Fourteen, LLC | Buddy Mac Fourteen, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2016, between Buddy's Franchising and Licensing LLC and Buddy Mac Fourteen, LLC | 579 | $0.00 |
| 122000186 | Buddy Mac Seven, LLC | Buddy Mac Seven, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/13/2016, between Buddy's Franchising and Licensing LLC and Buddy Mac Seven, LLC | 492 | $0.00 |
| 122000189 | Buddy Mac Six, LLC | Buddy Mac Six, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 07/06/2016, between Buddy's Franchising and Licensing LLC and Buddy Mac Six, LLC | 496 | $0.00 |
| 122000188 | Buddy Mac Ten, LLC | Buddy Mac Ten, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/13/2016, between Buddy's Franchising and Licensing LLC and Buddy Mac Ten, LLC | 495 | $0.00 |
| 122000184 | Buddy Mac Three, LLC | Buddy Mac Three, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/03/2015, between Buddy's Franchising and Licensing LLC and Buddy Mac Three, LLC | 490 | $0.00 |
| 122000179 | Buddy Mac Twenty-Five, LLC | Buddy Mac Twenty-Five, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Five, LLC | 436 | $0.00 |
| 122000178 | Buddy Mac Twenty-Four, LLC | Buddy Mac Twenty-Four, LLC 400 East Centre Park Blvd, Suite 101 DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Four, LLC | 435 | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|----------------------------------|---------------|------------------------|-------|-------------|
| 122000191 | Buddy Mac Twenty-Seven, LLC | Buddy Mac Twenty-Seven, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Seven, LLC | 515 | $0.00 |
| 122000180 | Buddy Mac Twenty-Six, LLC | Buddy Mac Twenty-Six, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Six, LLC | 437 | $0.00 |
| 122000177 | Buddy Mac Twenty-Three, LLC | Buddy Mac Twenty-Three, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Three, LLC | 434 | $0.00 |
| 122000176 | Buddy Mac Twenty-Two, LLC | Buddy Mac Twenty-Two, LLC<br>400 East Centre Park Blvd, Suite 101<br>DeSoto, TX 75115 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/04/2019, between Buddy's Franchising and Licensing LLC and Buddy Mac Twenty-Two, LLC | 433 | $0.00 |
| 122000197 | Buddy West LLC | Buddy West LLC<br>144 Overlook Court<br>Henderson, NV 89074 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/02/2024, as amended or extended (Store 140) | 140 | $0.00 |
| 122000198 | Buddy West LLC | Buddy West LLC<br>144 Overlook Court<br>Henderson, NV 89074 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 04/25/2024, as amended or extended (Store 141) | 141 | $0.00 |
| 121801165 | Buffalo Newspress, Inc | Buffalo Newspress, Inc<br>200 Broadway<br>Buffalo, NY 14204 | PSP Stores, LLC | Printing Agreement | | $0.00 |
| 121801169 | BUFFALO NEWSPRESS, INC. | BUFFALO NEWSPRESS, INC.<br>200 Broadway<br>Buffalo, NY 14204 | PSP Group, LLC | Addendum to Printing Agreement | | $0.00 |
| 121900139 | Burlington Development, LLC | Burlington Development, LLC<br>3101 Ingersoll Avenue<br>Suite 300<br>Des Moines, IA 50312 | PSP Stores, LLC | Lease Agreement, dated 09/26/2014, as amended (Burlington, IA) | Burlington, IA (0244) | $0.00 |
| 121900072 | BWI Westwood LLC | BWI Westwood LLC<br>731 E. Palisade Avenue<br>Suite 201<br>Englewood Cliffs, NJ 07632 | PSP Stores, LLC | Lease, dated 05/02/1994, as amended (Alliance, OH) | Alliance, OH (0067) | $0.00 |
| 121801194 | C.J. Foods, Inc. | C.J. Foods, Inc.<br>322 Main Street<br>Bern, KS 66408 | PSP Franchising, LLC | Private Brand Agreement | | $0.00 |
| 121801195 | C.J. Foods, Inc. | C.J. Foods, Inc.<br>322 Main Street<br>Bern, KS 66408 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121801206 | Callie Enterprises, LLC | Callie Enterprises, LLC<br>c/o Pet Supplies Plus, 1300 MacDade Boulevard<br>Woodlyn, PA 19094 | PSP Franchising, LLC | Franchise Agreement, dated 09/01/2020, as renewed or amended (Store #4345 - Philadelphia) | | $0.00 |
| 121900004 | Canton Aires Shopping Plaza, LLC | Canton Aires Shopping Plaza, LLC<br>361 17th Street NW<br>Unit 2601<br>Atlanta, GA 30363 | Pet Supplies "Plus", LLC | Lease Agreement, dated 04/21/1993, as amended (Canton, OH) | Canton, OH (0049) | $0.00 |
| 121900233 | Capital Enterprises, Inc. | Capital Enterprises, Inc.<br>555 City Avenue<br>Suite 1130<br>Bala Cynwyd, PA 19004 | PSP Stores, LLC | Lease, dated 08/13/2012, as amended (West Chester, PA) | West Chester, PA (9059) | $0.00 |
| 121801254 | Cardinal Path LLC | Cardinal Path LLC<br>515 N. State Street<br>19th Floor<br>Chicago, IL 60654 | PSP Group, LLC | Master Services Agreement | | $9,250.82 |
| 121801250 | Cardinal Path LLC | Cardinal Path LLC<br>515 N. State Street<br>19th Floor<br>Chicago, IL 60654 | PSP Group, LLC | Statement of Work #1 | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121801251 | Cardinal Path LLC | Cardinal Path LLC<br>515 N. State Street<br>19th Floor<br>Chicago, IL 60654 | PSP Group, LLC | Google Analytics 4 License & Services Order Form | | $0.00 |
| 121801292 | Carros, Inc. | Carros, Inc.<br>7585 Juniper Drive<br>Colorado Springs, CO 80908 | WNW Franchising, LLC | Franchise Agreement, dated 08/29/2022, as renewed (Store #3000 - Monument) | | $0.00 |
| 121801294 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2021, as renewed or amended (Store #4476 - Cypress) | | $0.00 |
| 121801295 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 09/27/2024, as renewed or amended (Store #4072 - Houston) | | $0.00 |
| 121801296 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 07/19/2017, as renewed or amended (Store #4149 - League City) | | $0.00 |
| 121801297 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 09/26/2018, as renewed or amended (Store #4202 - Houston) | | $0.00 |
| 121801298 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2020, as renewed or amended (Store #4317 - Houston) | | $0.00 |
| 121801299 | Cascade Enterprises, LLC | Cascade Enterprises, LLC<br>16915 El Camino Real<br>Houston, TX 77058 | PSP Franchising, LLC | Franchise Agreement, dated 07/30/2021, as renewed or amended (Store #4463 - Houston ) | | $0.00 |
| 121801301 | Catchpoint Systems, Inc. | Catchpoint Systems, Inc.<br>228 Park Ave S #28080<br>New York, NY 10003-1502 | Pet Supplies "Plus", LLC | Catchpoint Systems, Inc. Service Order | | $0.00 |
| 121900211 | CBL & Associates Management, Inc. | CBL & Associates Management, Inc.<br>CBL Center<br>Suite 500<br>2030 Hamilton Place Blvd<br>Chattanooga, TN 37421-6000 | PSP Stores, LLC | Lease, dated 09/09/2010, as amended (Robinson Township, PA) | Robinson Twp, PA (Pittsburgh) (4647) | $0.00 |
| 121801313 | CBS Ventures, LLC | CBS Ventures, LLC<br>PO Box 8543<br>Omaha, NE 68108-0543 | PSP Franchising, LLC | Franchise Agreement, dated 06/01/2021, as renewed or amended (Store #4440 - Omaha) | | $0.00 |
| 121900036 | CCP&FSG, L.P. | CCP&FSG, L.P.<br>c/o U.S. Realty Associates, Inc.<br>120 E. Lancaster Ave.<br>Suite 101<br>Ardmore, PA 19003 | Pet Supplies "Plus", LLC | Lease Agreement, dated 09/12/2003, as amended (Telford, PA) | Telford, PA (9040) | $0.00 |
| 121801320 | cdbell LLC | cdbell LLC<br>116 Five Oaks Drive<br>Greer, SC 29651 | WNW Franchising, LLC | Franchise Agreement, dated 11/04/2022 (Store #3021 - Greer) | | $0.00 |
| 121900142 | CEA Beverly LLC | CEA Beverly LLC<br>1105 Massachusetts Avenue<br>Suite 2F<br>Cambridge, MA 02138 | PSP Stores, LLC | Lease, dated 02/23/2017, as amended (Beverly, MA) | Beverly, MA (3024) | $0.00 |
| 121801324 | Cellco Partnership doing business as Verizon Wireless | Cellco Partnership doing business as Verizon Wireless<br>PO Box 15062<br>Albany, NY 12212 | PSP Group, LLC | Amendment No. 1 to Contract No. 4100002 | | $0.00 |
| 121900075 | Centerpointe Plaza Associates LP | Centerpointe Plaza Associates LP<br>c/o Carnegie Management & Development Corp.<br>27500 Detroit Road,<br>Suite 300<br>Westlake, OH 44145 | PSP Stores, LLC | Lease, dated 06/05/2002, as amended (Medina, OH) | Medina, OH (0092) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121900164 | Central Islip Holdings LLC | Central Islip Holdings LLC<br>1299-B North Avenue<br>New Rochelle, NY 10804 | PSP Stores, LLC | Lease, dated 01/18/2016, as amended (Central Islip, NY) | Central Islip, NY (4098) | $0.00 |
| 121900101 | Central Rock, LLC | Central Rock, LLC<br>5215 Monroe Street<br>Suite 8<br>Toledo, OH 43623 | PSP Stores, LLC | Lease, dated 06/15/2023, as amended (Sylvania, OH) | Sylvania, OH (0148) | $0.00 |
| 121801362 | ChainXY Solutions Inc. | ChainXY Solutions Inc.<br>318-1788 5th Ave W<br>Vancouver, BC BC V6J 1P2 | Pet Supplies "Plus", LLC | End User License Agreement | | $0.00 |
| 129900051 | Chandon Enterprise, LLC | Chandon Enterprise, LLC<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | PSP Franchising, LLC | Franchise Agreement, dated 01/31/2019, as renewed or amended (Store #4431 - Doylestown ) | | $0.00 |
| 121801371 | CHARJON Enterprises, LLC | CHARJON Enterprises, LLC<br>PO Box 42<br>Bullard, TX 75757 | PSP Franchising, LLC | Franchise Agreement, dated 06/07/2018, as renewed or amended (Store #4194 - Tyler) | | $0.00 |
| 121801372 | CHARJON Enterprises, LLC | CHARJON Enterprises, LLC<br>PO Box 42<br>Bullard, TX 75757 | PSP Franchising, LLC | Franchise Agreement, dated 04/25/2019, as renewed or amended (Store #4254 - Shreveport) | | $0.00 |
| 121801378 | Charlottes House, LLC | Charlottes House, LLC<br>10767 Adams Road<br>Galena, OH 43021 | PSP Franchising, LLC | Franchise Agreement, dated 07/01/2024, as renewed or amended (Store #4443 - Marysville) | | $0.00 |
| 121801383 | CHEP USA | CHEP USA<br>5897 Windward Parkway<br>Alpharetta, GA 30005 | Pet Supplies "Plus", LLC | Participating Distributor Agreement with CHEP | | $0.00 |
| 121801392 | Chiara Investments, Inc. | Chiara Investments, Inc.<br>3956 Ivy Road NE<br>Atlanta, GA 30342 | PSP Franchising, LLC | Franchise Agreement, dated 07/17/2023, as renewed or amended (Store #4608 - Buford) | | $0.00 |
| 121900182 | Chili MZL, LLC | Chili MZL, LLC<br>c/o KPR Centers LLC<br>535 Fifth Ave<br>12th Floor<br>New York, NY 10017 | PSP Stores, LLC | Lease, dated 09/12/2018, as amended (Rochester, NY) | Chili (Rochester), NY (4200) | $779.78 |
| 121802286 | Chinmay Patel (Entity Pending) | Chinmay Patel (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 05/30/2023, as renewed or amended (Store #N/A - Freehold Twp.) | | $0.00 |
| 121801414 | Church & Dwight Co., Inc. | Church & Dwight Co., Inc.<br>500 Charles Ewing Boulevard<br>Ewing, NJ 08628 | PSP Distribution, LLC | Church & Dwight Customer Backhaul Allowance Agreement | | $0.00 |
| 121801430 | Cintas Corporation | Cintas Corporation<br>4310 Metro Parkway<br>Ft. Myers, FL 33916 | Pet Supplies "Plus", LLC | Standard Uniform Rental Service Agreement | | $18,575.52 |
| 121801423 | Cintas Corporation No. 2 | Cintas Corporation No. 2<br>4310 Metro Parkway<br>Ft. Myers, FL 33916 | PSP Stores, LLC | Third Amendment of the National Fire Protection Agreement | | $0.00 |
| 121801432 | Cintas First Aid & Safety, a division of Cintas Corporation | Cintas First Aid & Safety, a division of Cintas Corporation<br>4310 Metro Parkway<br>Ft. Myers, FL 33916 | Pet Supplies "Plus", LLC | ReviveR™ View Service Agreement | | $0.00 |
| 121801438 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | Pet Supplies "Plus", LLC | Lease Agreement | | $0.00 |
| 121801440 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | PSP Stores, LLC | Master Lease Agreement | | $0.00 |
| 121801434 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | Buddy's Newco, LLC | Cisco Meraki License | | $7,111.57 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121801435 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation 1111 Old Eagle School Road Wayne, PA 19087 | Buddy's Newco, LLC | Lease Agreement | | $0.00 |
| 121801436 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation 1111 Old Eagle School Road Wayne, PA 19087 | Buddy's Newco, LLC | Lease Agreement | | $0.00 |
| 121801437 | Cisco Systems Capital Corporation | Cisco Systems Capital Corporation 1111 Old Eagle School Road Wayne, PA 19087 | Buddy's Newco, LLC | Lease Agreement | | $0.00 |
| 121801448 | CK Designs LLC | CK Designs LLC 930 E 42nd Place Chicago, IL 60653 | PSP Franchising, LLC | Franchise Agreement, dated 07/26/2021, as renewed or amended (Store #4457 - LaGrange) | | $0.00 |
| 121801468 | Cleveland Browns Football Company LLC Cleveland Browns Stadium Company LLC | Cleveland Browns Football Company LLC Cleveland Browns Stadium Company LLC 76 Lou Groza BLVD Berea, OH 44017 | PSP Group, LLC | Sponsorship Agreement between Pet Supplies Plus and Cleveland Browns | | $0.00 |
| 121900078 | Clocktower Plaza, LLC | Clocktower Plaza, LLC c/o CTW Development Corp 970 Windham Court, Suite 7 Boardman, OH 44512 | PSP Stores, LLC | Lease, dated 07/01/1997, as amended (Lima, OH) | Lima, OH (0101) | $0.00 |
| 121801476 | Club Drive Investments Company | Club Drive Investments Company 6030 Pennsylvania Ave. Lansing, MI 48911 | PSP Franchising, LLC | Franchise Agreement, dated 02/23/1991, as renewed or amended (Store #9 - Lansing) | | $0.00 |
| 121801478 | CMQ Enterprises, Inc. | CMQ Enterprises, Inc. 2501 Pennington Place Valparaiso, IN 46383 | PSP Franchising, LLC | Franchise Agreement, dated 01/27/2006, as renewed or amended (Store #169 - Dyer) | | $0.00 |
| 121801484 | Coastal Pet Products Inc. | Coastal Pet Products Inc. 911 Lead Way Alliance, OH 44601 | PSP Group, LLC | Coastal Pet Products Inc. and Pet Supplies Plus Contract | | $0.00 |
| 121801488 | Coborn's Inc. | Coborn's Inc. 1921 Coborn Blvd St. Cloud, MN 56301 | PSP Franchising, LLC | Franchise Agreement, dated 02/07/2024, as renewed or amended (Store #4630 - Otsego) | | $0.00 |
| 121801499 | Columbia Banking System, Inc. Gupton Marrs International, Inc. | Columbia Banking System, Inc. Gupton Marrs International, Inc. 1301 A Street Suite 800 Tacoma, WA 98402-2156 | PSP Group, LLC | Order Form for WorkItem.com Services | | $0.00 |
| 121801505 | Comcast | Comcast PO Box 8587 Philadelphia, PA 19101 | PSP Group, LLC | Comcast Enterprise Services Sales Order Form | | $0.00 |
| 121801506 | COMCAST | COMCAST PO Box 8587 Philadelphia, PA 19101 | PSP Group, LLC | Move / Upgrade of Service Form | | $0.00 |
| 121801508 | Comcast Cable Communications Management, LLC | Comcast Cable Communications Management, LLC PO Box 8587 Philadelphia, PA 19101 | PSP Group, LLC | Comcast Enterprise Services Master Services Agreement | | $0.00 |
| 121801509 | Comcast Cable Communications Management, LLC | Comcast Cable Communications Management, LLC PO Box 8587 Philadelphia, PA 19101 | PSP Group, LLC | Comcast Business Service Order Agreement | | $0.00 |
| 121801539 | Community Veterinary Clinics, LLC | Community Veterinary Clinics, LLC 5813 Skylane Blvd. Windsor, CA 95492 | Pet Supplies "Plus", LLC | Master Service Agreement | | $0.00 |
| 121801541 | Comm-Works, LLC | Comm-Works, LLC 1405 Xenium Lane N Suite 120 Minneapolis, MN 55441 | PSP Stores, LLC | Pet Supplies Plus Hosted IP Phone Deployment Scope of Work | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121801559 | Concur Technologies, Inc. | Concur Technologies, Inc.<br>601 108th Ave NE<br>Suite 1000<br>Bellevue, WA 98004 | Pet Supplies "Plus", LLC | Concur Technologies, Inc. Order Form | | $0.00 |
| 121801558 | Concur Technologies, Inc. | Concur Technologies, Inc.<br>601 108Th Ave Ne<br>Suite 1000<br>Bellevue, WA 98004 | Buddy's Newco, LLC | Order Form for Services | | $0.00 |
| 121801564 | ConnectWise, LLC | ConnectWise, LLC<br>400 N Tampa St<br>Suite 130<br>Tampa, FL 33602 | Buddy's Newco, LLC | Software License Agreement | | $0.00 |
| 121801565 | ConnectWise, LLC | ConnectWise, LLC<br>400 N Tampa St<br>Suite 130<br>Tampa, FL 33602 | Buddy's Newco, LLC | Software License Agreement Update | | $0.00 |
| 121801566 | ConnectWise, LLC | ConnectWise, LLC<br>400 N Tampa St<br>Suite 130<br>Tampa, FL 33602 | Buddy's Newco, LLC | Software License Agreement Update | | $0.00 |
| 121801612 | Continental Services | Continental Services<br>1578 Reliable Parkway<br>Chicago, IL 60686 | PSP Group, LLC | Market Twenty 4 Seven Agreement - Terms and Conditions | | $9,437.13 |
| 121801634 | Coop Enterprises, LLC | Coop Enterprises, LLC<br>820 Bella Vista Court S<br>Jupiter, FL 33477 | PSP Franchising, LLC | Franchise Agreement, dated 05/14/2019, as renewed or amended (Store #4257 - Royal Palm Beach) | | $0.00 |
| 121801635 | Coop Enterprises, LLC | Coop Enterprises, LLC<br>820 Bella Vista Court S<br>Jupiter, FL 33477 | PSP Franchising, LLC | Franchise Agreement, dated 04/12/2022, as renewed or amended (Store #4517 - Greenacres) | | $0.00 |
| 121801636 | Coop Enterprises, LLC | Coop Enterprises, LLC<br>820 Bella Vista Court S<br>Jupiter, FL 33477 | PSP Franchising, LLC | Franchise Agreement, dated 04/12/2022, as renewed or amended (Store #4518 - Loxahatchee) | | $0.00 |
| 121801637 | Coop Enterprises, LLC | Coop Enterprises, LLC<br>820 Bella Vista Court S<br>Jupiter, FL 33477 | PSP Franchising, LLC | Franchise Agreement, dated 06/08/2022, as renewed or amended (Store #4528 - Boca Raton) | | $0.00 |
| 121801654 | CoreTrust Purchasing Group | CoreTrust Purchasing Group<br>155 Franklin Road<br>Suite 400<br>Brentwood, TN 37027 | Pet Supplies "Plus", LLC | Participation Agreement | | $0.00 |
| 121801683 | CorVel Enterprise Comp, Inc. | CorVel Enterprise Comp, Inc.<br>1920 Main Street, Suite 900<br>Irvine, CA 92614 | Franchise Group, Inc. | CorVel Enterprise Comp Services Agreement | | $0.00 |
| 121801696 | Couet Corp. | Couet Corp.<br>4083 Ledgestone Dr.<br>Troy, MI 48098 | PSP Franchising, LLC | Franchise Agreement, dated 04/23/1991, as renewed or amended (Store #5 - Royal Oak) | | $0.00 |
| 121900015 | County Line Crossing Assoc. L.L.C. | County Line Crossing Assoc. L.L.C.<br>8910 Purdue Rd<br>Suite 350<br>Indianapolis, IN 46260 | Pet Supplies "Plus", LLC | Lease Agreement, dated 06/24/2002, as amended (Indianapolis, IN) | Indianapolis, IN (Greenwood) (4099) | $0.00 |
| 121900174 | CPEG MALTA, L.L.C | CPEG MALTA, L.L.C<br>c/o Nigro Companies<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 | PSP Stores, LLC | Lease Agreement, dated 10/27/2017, as amended (Rensselaer, NY) | Rensselaer, NY (East Greenbush) (4162) | $1,499.69 |
| 121900025 | CPRK-II Limited Partnership | CPRK-II Limited Partnership<br>c/o DuWest Management, LLC<br>8522 Broadway<br>Ste. 209<br>San Antonio, TX 78217 | Pet Supplies "Plus", LLC | Lease, dated 06/23/2006, as amended (San Antonio, TX) | San Antonio, TX (7006) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 122000018 | CR Mango, LLC | CR Mango, LLC<br>C/O CONTINENTAL REALTY CORP<br>PO BOX 69475 -695<br>BALTIMORE, MD 21264-9475 | Buddy's Newco, LLC | Shopping Center Lease dated November 26, 2001, as amended (Store 29) | 29 | $435.09 |
| 121900105 | Cranberry Creek Plaza, LLC | Cranberry Creek Plaza, LLC<br>c/o Paramount Development Corp.<br>607 Briarwood Drive<br>Suite 5<br>Myrtle Beach, SC 29572 | PSP Stores, LLC | Lease, dated 10/07/2004, as amended (Beckley, WV) | Beckley, WV (0165) | $916.30 |
| 121900207 | Crest Properties, LLC | Crest Properties, LLC<br>Attn: David Shenton, Managing Member<br>3134 Sycamore, Lane<br>Billings, MT 59102 | PSP Stores, LLC | Lease, dated 06/25/2019, as amended (Buda, TX) | Buda, TX (4561) | $991.72 |
| 121900096 | CRI New Albany Square, LLC | CRI New Albany Square, LLC<br>c/o Casto<br>250 Civic Center Dr<br>Suite 500<br>Columbus, OH 43215 | PSP Stores, LLC | Lease, dated 05/16/2002, as amended (Columbus/New Albany, OH) | Columbus, OH (0140) | $0.00 |
| 121900210 | Cross Grand Plaza LLC | Cross Grand Plaza LLC<br>3155 West Big Beaver Road<br>Suite 110<br>Troy, MI 48084 | PSP Stores, LLC | Lease, dated 1.3.95, as amended (Brighton, MI) | Brighton, MI (4645) | $854.86 |
| 121900177 | Crossroads-Holt Drive Associates, LLC | Crossroads-Holt Drive Associates, LLC<br>20 Ridge Road<br>Suite 210<br>Mahwah, NJ 07430 | PSP Stores, LLC | Lease, dated 03/08/2018, as amended (Stony Point, NY) | Stony Point, NY (4175) | $0.00 |
| 121900039 | CSHV 20/35, LLC | CSHV 20/35, LLC<br>c/o Principal Real Estate Investors<br>801 Grand Avenue<br>Des Moines, IA 50392-1370 | PSP Distribution, LLC | Commercial Industrial Lease Agreement, dated November 18, 2020 (TX Distribution Center) | TX Distribution Center | $3,542.54 |
| 129990270 | CT Corporation System | CT Corporation System<br>28 Liberty Street, 42nd Floor<br>New York, NY 10005 | American Freight Outlet Stores, LLC | MSA, dated February 28, 2024 | | $245.00 |
| 121801808 | Daisy 1, LLC | Daisy 1, LLC<br>3314 Highlands Bridge Road<br>Sarasota, FL 34235 | PSP Franchising, LLC | Franchise Agreement, dated 02/14/2019, as renewed or amended (Store #4241 - Port Charlotte) | | $0.00 |
| 121801812 | Dalian Jinyu Metal Products Co., Ltd | Dalian Jinyu Metal Products Co., Ltd<br>Room 1708, B Tower,peace Modern Town<br>No. 554, Zhongshan Road<br>116023 Dalian, Liaoning Province<br>' | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121801814 | Dallas Manufacturing | Dallas Manufacturing<br>12111 Ford Rd<br>Dallas, TX 75234 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121801819 | Dandy Ventures, Inc. | Dandy Ventures, Inc.<br>2307 South Saginaw St.<br>Flint, MI 48503 | PSP Franchising, LLC | Franchise Agreement, dated 07/14/2015, as renewed or amended (Store #4017 - Golden) | | $0.00 |
| 121801820 | Dandy Ventures, Inc. | Dandy Ventures, Inc.<br>2307 South Saginaw St.<br>Flint, MI 48503 | PSP Franchising, LLC | Franchise Agreement, dated 02/25/2016, as renewed or amended (Store #4063 - Ft. Collins) | | $0.00 |
| 121801821 | Dandy Ventures, Inc. | Dandy Ventures, Inc.<br>2307 South Saginaw St.<br>Flint, MI 48503 | PSP Franchising, LLC | Franchise Agreement, dated 05/24/2016, as renewed or amended (Store #4068 - Arvada) | | $0.00 |
| 121801840 | Data Axle, Inc. | Data Axle, Inc.<br>13155 Noel Road<br>Suite 1750<br>Dallas, TX 75240 | PSP Group, LLC | Amendment No. 5 to Services Agreement | | $0.00 |
| 121802288 | David Powell (Entity Pending) | David Powell (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 03/18/2024, as renewed or amended (Store #N/A - Charlotte) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900165 | Dawnbury Inc. | Dawnbury Inc.<br>7899 High Dr.<br>Indianapolis, IN 46248 | PSP Stores, LLC | Lease, dated 08/10/1992, as amended<br>(Indianapolis, IN) | Indianapolis, IN<br>(Broad Ripple)<br>(4100) | $1,076.78 |
| 121801857 | DCHPETS LLC | DCHPETS LLC<br>108 Holly Grove<br>Williamsburg, VA 23185 | PSP Franchising, LLC | Franchise Agreement, dated 08/28/2020,<br>as renewed or amended (Store #4339 -<br>Williamsburg) | | $0.00 |
| 121900073 | DDR Ohio Opportunity II LLC | DDR Ohio Opportunity II LLC<br>Attn: Executive VP - Leasing<br>3300 Enterprise Parkway<br>Beachwood, OH 44122 | PSP Stores, LLC | Lease, dated 01/22/2014, as amended<br>(Stow, OH) | Stow, OH<br>(0068) | $0.00 |
| 121801867 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C.<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Master Lease And Financing Agreement | | $318.38 |
| 121801868 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C.<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Technology Lease | | $0.00 |
| 121801869 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C.<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Technology Equipment Lease Agreement | | $0.00 |
| 121801870 | Dell Financial Services L.L.C. | Dell Financial Services L.L.C.<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Technology Equipment Lease Agreement | | $0.00 |
| 121801871 | Dell Financial Services LLC | Dell Financial Services LLC<br>ONE DELL WAY<br>Round Rock, TX 78682 | PSP Stores, LLC | Master Lease Agreement | | $59,115.93 |
| 121801872 | DELL Marketing L.P | DELL Marketing L.P<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Equipment Lease Agreement | | $6,816.60 |
| 121801873 | DELL Marketing L.P | DELL Marketing L.P<br>One Dell Way<br>Round Rock, TX 78682 | Buddy's Newco, LLC | Equipment Lease Agreement | | $0.00 |
| 121801899 | design LAB, Inc. | design LAB, Inc.<br>19210 S. Vermont Ave<br>Building E<br>Gardena, CA 90248 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121801916 | Detroit Belle Isle Grand Prix, Inc. | Detroit Belle Isle Grand Prix, Inc.<br>300 Renaissance Tower<br>Suite 2311<br>Detroit, MI 48243 | PSP Group, LLC | 2025 Sponsorship Agreement | | $0.00 |
| 121801917 | Development Dimensions<br>International, Inc. | Development Dimensions International, Inc.<br>1225 Washington Pike<br>Bridgeville, PA 15017 | PSP Group, LLC | Statement of Work for Subscription<br>Services | | $0.00 |
| 121801919 | Development Dimensions<br>International, Inc. | Development Dimensions International, Inc.<br>1225 Washington Pike<br>Bridgeville, PA 15017 | PSP Group, LLC | Master Products and Services Agreement | | $0.00 |
| 121801921 | Devil Dog Pets Inc. | Devil Dog Pets Inc.<br>334 Francis Drive<br>Jackson, MO 63755 | PSP Franchising, LLC | Franchise Agreement, dated 02/10/2023,<br>as renewed or amended (Store #4585 -<br>Cape Girardeau) | | $0.00 |
| 121900097 | DeVille Developments, LLC | DeVille Developments, LLC<br>3951 Convenience Circle NW<br>Suite 301<br>Canton, OH 44718 | PSP Stores, LLC | Lease Agreement, dated 01/16/1994, as<br>amended<br>(Canton, OH) | Canton, OH<br>(0086) | $0.00 |
| 121900124 | DeVille Developments, LLC | DeVille Developments, LLC<br>3951 Convenience Circle NW<br>Suite 301<br>Canton, OH 44718 | PSP Stores, LLC | Lease, dated 07/12/2002, as amended<br>(Akron, OH) | Akron, OH<br>(0141) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121900048 | DeVille Developments, LLC | DeVille Developments, LLC<br>3951 Convenience Circle NW<br>Suite 301<br>Canton, OH 44718 | PSP Stores, LLC | Lease, dated 05/17/2013, as amended<br>(Lorain, OH) | Lorain, OH<br>(0219) | $97.06 |
| 121801928 | Differt Management Group 1, LLC | Differt Management Group 1, LLC<br>7611 County Road O<br>Hartford, WI 53027 | PSP Franchising, LLC | Franchise Agreement, dated 11/10/2021,<br>as renewed or amended (Store #4506 -<br>Oconomowoc ) | | $0.00 |
| 121900197 | DILLON CENTER, LLC, | DILLON CENTER, LLC,<br>933<br>Columbia Boulevard<br>Bloomsburg, PA 18815 | PSP Stores, LLC | Lease, dated 01/08/2015, as amended<br>(Bloomsburg, PA) | Bloomsburg, PA<br>(4396) | $0.00 |
| 121801937 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4577 -<br>Sudbury) | | $0.00 |
| 121801938 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4578 -<br>North Windham) | | $0.00 |
| 121801939 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4579 -<br>Portland) | | $0.00 |
| 121801940 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4580 -<br>Sanford) | | $0.00 |
| 121801941 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4581 -<br>South Portland) | | $0.00 |
| 121801942 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4582 -<br>Salem) | | $0.00 |
| 121801943 | DIRIGO-Pets, LLC | DIRIGO-Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2023,<br>as renewed or amended (Store #4583 -<br>Stratham) | | $0.00 |
| 121801944 | DIRIGO-WNW, LLC | DIRIGO-WNW, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 03/02/2023<br>(Store #3023 - Acton) | | $0.00 |
| 121801945 | DIRIGO-WNW, LLC | DIRIGO-WNW, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 03/02/2023<br>(Store #3025 - Concord) | | $0.00 |
| 121801946 | DIRIGO-WNW, LLC | DIRIGO-WNW, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 03/02/2023<br>(Store #3027 - Saco) | | $0.00 |
| 121801947 | DIRIGO-WNW, LLC | DIRIGO-WNW, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 03/02/2023<br>(Store #3028 - Scarborough) | | $0.00 |
| 121801955 | Diverse Staffing Services, Inc. | Diverse Staffing Services, Inc.<br>7135 Waldemar Drive<br>Indianapolis, IN 46268 | PSP Distribution, LLC | Client Services Agreement | | $0.00 |
| 121801961 | DJ & Sons LLC | DJ & Sons LLC<br>200 Old Mountain Road<br>Marion, CT 06444 | PSP Franchising, LLC | Franchise Agreement, dated 12/12/2019,<br>as renewed or amended (Store #4301 -<br>Springfield) | | $0.00 |
| 121801962 | DLI Properties, LLC | DLI Properties, LLC<br>2000 Brush Street<br>Detroit, MI 48226 | PSP Group, LLC | The Detroit Lions Sponsorship Agreement<br>Amendment | | $0.00 |
| 121801967 | DLP Enterprises, LLC | DLP Enterprises, LLC<br>2537 La Rochelle Court<br>Seabrook, TX 77586 | PSP Franchising, LLC | Franchise Agreement, dated 03/05/2019,<br>as renewed or amended (Store #4242 -<br>Friendswood) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|-------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121801968 | DLP Enterprises, LLC | DLP Enterprises, LLC<br>2537 La Rochelle Court<br>Seabrook, TX 77586 | PSP Franchising, LLC | Franchise Agreement, dated 03/19/2022, as renewed or amended (Store #4507 - Pasadena) | | $0.00 |
| 121801982 | DocuSign Inc. | DocuSign Inc.<br>3003 Tasman Drive<br>Santa Clara, CA 95054 | PSP Group, LLC | DocuSign Order Form for PSP Group, LLC Notary | | $0.00 |
| 121801983 | DocuSign Inc. | DocuSign Inc.<br>3003 Tasman Drive<br>Santa Clara, CA 95054 | PSP Group, LLC | DocuSign Master Services Agreement | | $0.00 |
| 121801985 | DocuSign Inc. | DocuSign Inc.<br>3003 Tasman Drive<br>Santa Clara, CA 95054 | PSP Group, LLC | DocuSign Subscription for Pet Supplies Plus | | $0.00 |
| 121801989 | Donmar, Inc. | Donmar, Inc.<br>382 Adams St.<br>Plymouth, MI 48170 | PSP Franchising, LLC | Franchise Agreement, dated 04/22/1991, as renewed or amended (Store #12 - Jackson) | | $0.00 |
| 121801993 | DoorDash G&C, LLC | DoorDash G&C, LLC<br>303 2nd Street<br>South Tower<br>San Francisco CA 94107, CA 94107 | PSP Group, LLC | DoorDash Marketplace Addendum | | $0.00 |
| 121801994 | DoorDash, Inc. | DoorDash, Inc.<br>303 2nd Street<br>South Tower<br>Suite 800<br>San Francisco, CA 94107 | PSP Group, LLC | DoorDash Drive Fulfillment Agreement | | $788,507.74 |
| 129990006 | DoorDash, Inc. | DoorDash, Inc.<br>303 2nd Street<br>San Francisco, CA 94107 | PSP Group, LLC | Subsidiary Amendment to the DoorDash Drive Fulfillment Agreement | | $0.00 |
| 121801995 | Dorroh Pet Enterprises, LLC | Dorroh Pet Enterprises, LLC<br>4531 Fountain View Trace<br>Owensboro, KY 42303 | PSP Franchising, LLC | Franchise Agreement, dated 05/24/2019, as renewed or amended (Store #4261 - Owensboro) | | $0.00 |
| 121802274 | Douglas Campbell (Entity Pending) | Douglas Campbell (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 07/18/2022, as renewed or amended (Store #N/A - Austin) | | $0.00 |
| 121900160 | DSM MB II LLC | DSM MB II LLC<br>875 East Street<br>Tewksbury, MA 01876 | PSP Stores, LLC | Lease, dated 09/05/2018, as amended (Athol, MA) | Athol, MA (4198) | $0.00 |
| 121900181 | DSM MB II LLC | DSM MB II LLC<br>875 East Street<br>Tewksbury, MA 01876 | PSP Stores, LLC | Lease, dated 10/28/2016, as amended (Ashland, MA) | Ashland, MA (4088) | $0.00 |
| 121802030 | DSMK Wag 1, LLC | DSMK Wag 1, LLC<br>5815 Prospect Lane<br>Westerville, OH 43082 | WNW Franchising, LLC | Franchise Agreement, dated 07/12/2024 (Store #N/A - Columbus) | | $0.00 |
| 121802058 | E.V.P. Enterprises, Inc. | E.V.P. Enterprises, Inc.<br>323 Neptunes Bight<br>Naples, FL 34103 | PSP Franchising, LLC | Franchise Agreement, dated 09/07/1994, as renewed or amended (Store #62 - Westmont) | | $0.00 |
| 121802059 | E.V.P. Enterprises, Inc. | E.V.P. Enterprises, Inc.<br>323 Neptunes Bight<br>Naples, FL 34103 | PSP Franchising, LLC | Franchise Agreement, dated 03/17/2014, as renewed or amended (Store #232 - Glen Ellyn) | | $0.00 |
| 121900076 | Echo Solon, LLC | Echo Solon, LLC<br>c/o ECHO Real Estate Services Co.<br>560 Epsilon Drive<br>Pittsburgh, PA 15238 | PSP Stores, LLC | Lease, dated 07/30/2012, as amended (Solon, OH) | Solon, OH (0098) | $0.00 |
| 121802112 | Ecova, Inc. | Ecova, Inc.<br>1313 North Atlantic<br>5th Floor<br>Spokane, WA 99201 | Pet Supplies "Plus", LLC | Client Joinder Agreement | | $0.00 |
| 121900152 | Edgewood Station LLC | Edgewood Station LLC<br>c/o Phillips Edison & Company<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | PSP Stores, LLC | Lease Agreement, dated 01/28/2016, as amended (Pittsburgh, PA) | Pittsburgh, PA (Edgewood) (4053) | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900117 | EGAP Crawfordsville I, LLC | EGAP Crawfordsville I, LLC<br>c/o 1045, LLC<br>1045 South Woods Mill Rd.<br>Suite One<br>Town and Country, MO 63017 | PSP Stores, LLC | Lease, dated 01/31/2014, as amended<br>(Crawfordsville, IN) | Crawfordsville,<br>IN (0209) | $520.21 |
| 122000007 | EGP Gainesville II, LLC | EGP Gainesville II, LLC<br>c/o 1045 LLC<br>1045 S WOODS MILL RD #1<br>TOWN & COUNTRY, MO 63017 | Buddy's Newco, LLC | Lease dated October 9, 2009, as amended<br>(Store 20) | 20 | $0.00 |
| 121802134 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 04/13/2016,<br>as renewed or amended (Store #4077 -<br>Cedar Falls) | | $0.00 |
| 121802135 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 10/14/2016,<br>as renewed or amended (Store #4096 -<br>Des Moines) | | $0.00 |
| 121802136 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 06/29/2017,<br>as renewed or amended (Store #4146 -<br>Altoona) | | $0.00 |
| 121802137 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 07/28/2017,<br>as renewed or amended (Store #4148 -<br>Davenport) | | $0.00 |
| 121802138 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 11/08/2018,<br>as renewed or amended (Store #4270 -<br>Des Moines) | | $0.00 |
| 121802139 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2019,<br>as renewed or amended (Store #4302 -<br>Johnson County) | | $0.00 |
| 121802140 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2019,<br>as renewed or amended (Store #4303 -<br>Fort Dodge) | | $0.00 |
| 121802141 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 01/12/2021,<br>as renewed or amended (Store #4420 -<br>Ames) | | $0.00 |
| 121802142 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 01/12/2021,<br>as renewed or amended (Store #4421 -<br>Ankeny) | | $0.00 |
| 121802143 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 01/24/2023,<br>as renewed or amended (Store #4571 -<br>West Des Moines) | | $0.00 |
| 121802144 | Eight Mile Pets, Inc. | Eight Mile Pets, Inc.<br>1001 Grand Avenue<br>West Des Moines, IA 50265 | PSP Franchising, LLC | Franchise Agreement, dated 03/14/2023,<br>as renewed or amended (Store #4590 -<br>Bettendorf) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 140000200 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91 92 93 94 95 96 100 102 104 105 352 353 354 357 359 360 361 363 365 366 367 369 370 392 393 395 396 397 398 399 400 401 402 403 404 567 570 571 572 573 576 588 593 600 622 623 1021 1037 1041 1042 1043 1045 1057 1058 1060 1063 1065 1067 1068 1069 1070 2110 2111 2112 2113 2114 2116 2117 2118 | $0.00 |
| 140000201 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated December 1, 2017, to that certain Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91 92 93 94 95 96 100 102 104 105 352 353 354 357 359 360 361 363 365 366 367 369 370 392 393 395 396 397 398 399 400 401 402 403 404 567 622 623 | $0.00 |
| 140000202 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated March 1, 2022 between Buddy's Franchising and Licensing and EightSixThree RTO, LLC | 106 | $0.00 |
| 140000203 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated March 1, 2022, to the Franchise Agreement dated March 1, 2022 between Buddy's Franchising and Licensing and EightSixThree RTO, LLC | 106 | $0.00 |
| 140000207 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Termination Agreement and Release dated August 1, 2024, by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 360 405 | $0.00 |
| 140000212 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated August 23, 2019, to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 570 571 572 573 576 588 593 600 1021 1037 1041 1042 1043 1045 1057 1058 1060 1063 | $0.00 |
| 140000213 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated October 23, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 2110 2111 2112 2113 2114 2116 2117 2118 | $0.00 |
| 140000214 | EightSixThree RTO, LLC | EightSixThree RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated July 1, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 1065 1067 1068 1069 1070 | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|--------------------------|-------|-------------|
| 121802149 | Elanco US Inc. | Elanco US Inc.<br>28576 Network Place<br>Chicago, IL 60673 | PSP Franchising, LLC | Amendment 5 to the Vendor Master Purchase Agreement | | $0.00 |
| 129990001 | Electronic Imaging Services, Inc., d/b/a Vestcom Retail Solutions | Electronic Imaging Services, Inc., d/b/a Vestcom Retail Solutions<br>2800 Cantrell Road, Suite 500<br>Little Rock, AR 72202 | PSP Group, LLC | Master Services Agreement By and Between PSP Group, LLC And Electronic Imagine Services, Inc., d/b/a Vestcom Retail Solutions dated October 1st, 2024 | | $0.00 |
| 129990002 | Electronic Imaging Services, Inc., d/b/a Vestcom Retail Solutions | Electronic Imaging Services, Inc., d/b/a Vestcom Retail Solutions<br>2800 Cantrell Road, Suite 500<br>Little Rock, AR 72202 | PSP Group, LLC | Addendum A - Shelf Edge Products Service Agreement By and Between PSP Group, LLC And Electronic Imagine Services, Inc., d/b/a Vestcom Retail Solutions dated October 1st, 2024 | | $0.00 |
| 121802173 | Elvis & Emmett, LLC | Elvis & Emmett, LLC<br>15730 Willows Dr.<br>Spring Lake, MI 49465 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2017, as renewed or amended (Store #4164 - Norton Shores) | | $0.00 |
| 121802178 | EmBark One Eleven, LLC | EmBark One Eleven, LLC<br>6476 Dausman Park<br>Clarkville, MI 48815 | PSP Franchising, LLC | Franchise Agreement, dated 11/29/2022, as renewed or amended (Store #4616 - Easley) | | $0.00 |
| 121802188 | Emicity | Emicity<br>5455 Corporate Drive Suite 120<br>Troy, MI 48098-2620 | Pet Supplies "Plus", LLC | Brand Awareness & Usage Study Research Proposal | | $0.00 |
| 121802194 | Empyr, Inc. | Empyr, Inc.<br>11010 Roselle St Ste 150<br>San Diego, CA 92121 | Pet Supplies "Plus", LLC | Insertion Order for Empyr's Card Linked Offer Program | | $0.00 |
| 121802199 | Empyrean Benefit Solutions, Inc. | Empyrean Benefit Solutions, Inc.<br>3010 Briarpark Drive, Suite 8000<br>Houston, TX 77042 | Franchise Group, Inc. | Empyrean Benefit Solutions Master Services Agreement | | $0.00 |
| 121802206 | ENGIE Insight Services Inc dba ENGIE Impact | ENGIE Insight Services Inc dba ENGIE Impact<br>PO Box 74008380<br>Chicago, IL 60674 | Pet Supplies "Plus", LLC | Total Energy & Sustainability Service Agreement | | $0.00 |
| 121802210 | Engreat Pet Products (Shenzhen) Co., Ltd. | Engreat Pet Products (Shenzhen) Co., Ltd.<br>BLDG 2<br>SHENZHEN,  518116 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121802213 | Entara Corporation | Entara Corporation<br>227 W Monroe St<br>Suite 2100<br>Chicago, IL 60606 | PSP Group, LLC | Incident Response Retainer Order Form | | $0.00 |
| 121802214 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open - End (Equity) Lease Schedule - 23B3Z5 | | $0.00 |
| 121802215 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open - End (Equity) Lease Schedule - 23NHLH | | $0.00 |
| 121802216 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open - End (Equity) Lease Schedule - 263C9P | | $0.00 |
| 121802217 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open - End (Equity) Lease Schedule - 263CC9 | | $0.00 |
| 121802218 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23CVW7 | | $0.00 |
| 121802219 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23LH6Q | | $0.00 |
| 121802220 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23M56V | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121802221 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23MPJ4 | | $0.00 |
| 121802222 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23N2ZF | | $0.00 |
| 121802223 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NHMM | | $0.00 |
| 121802224 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NHQ7 | | $0.00 |
| 121802225 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NHQW | | $0.00 |
| 121802226 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NJNC | | $0.00 |
| 121802227 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NJND | | $0.00 |
| 121802228 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23NJNF | | $0.00 |
| 121802229 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23QNSZ | | $0.00 |
| 121802230 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRN2 | | $0.00 |
| 121802231 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRNF | | $0.00 |
| 121802232 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRNH | | $0.00 |
| 121802233 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRNM | | $0.00 |
| 121802234 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRNR | | $0.00 |
| 121802235 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRNW | | $0.00 |
| 121802236 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRP3 | | $0.00 |
| 121802237 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 23RRPT | | $0.00 |
| 121802238 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 255ZXJ | | $0.00 |
| 121802239 | Enterprise FM Trust | Enterprise FM Trust 600 Corporate Park Dr Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 256252 | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121802240 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>2562JR | | $0.00 |
| 121802241 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>25CS3L | | $0.00 |
| 121802242 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>25WCGV | | $0.00 |
| 121802243 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>256255 | | $0.00 |
| 121802244 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263C9G | | $0.00 |
| 121802245 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263C9L | | $0.00 |
| 121802246 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263C9P | | $0.00 |
| 121802247 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263C9X | | $0.00 |
| 121802248 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263C9Z | | $0.00 |
| 121802249 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CB3 | | $0.00 |
| 121802250 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CB5 | | $0.00 |
| 121802251 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CBX | | $0.00 |
| 121802252 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CBZ | | $0.00 |
| 121802253 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC2 | | $0.00 |
| 121802254 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC3 | | $0.00 |
| 121802255 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC4 | | $0.00 |
| 121802256 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC5 | | $0.00 |
| 121802257 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC7 | | $0.00 |
| 121802258 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule -<br>263CC9 | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121802259 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 263CCB | | $0.00 |
| 121802260 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 263CCC | | $0.00 |
| 121802261 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 263CCD | | $0.00 |
| 121802262 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 263CCF | | $0.00 |
| 121802263 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 263CCH | | $0.00 |
| 121802264 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RTL | | $0.00 |
| 121802265 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RTS | | $0.00 |
| 121802266 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RTW | | $0.00 |
| 121802267 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RV4 | | $0.00 |
| 121802268 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RV6 | | $0.00 |
| 121802269 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RWP | | $0.00 |
| 121802270 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RWS | | $0.00 |
| 121802271 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RWT | | $0.00 |
| 121802272 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RWZ | | $0.00 |
| 121802273 | Enterprise FM Trust | Enterprise FM Trust<br>600 Corporate Park Dr<br>Saint Louis, MO 63105 | Buddy's Newco, LLC | Open-End (Equity) Lease Schedule - 279RX7 | | $0.00 |
| 121802319 | Epsilon Data Management, LLC | Epsilon Data Management, LLC<br>35 W Wacker Drive<br>29th Floor<br>Chicago, IL 60601 | PSP Group, LLC | PeopleCloud Suite of Products Master Services Agreement | | $0.00 |
| 121802320 | Epsilon Data Management, LLC<br>Conversant LLC | Epsilon Data Management, LLC<br>Conversant LLC<br>2525 Arapahoe Ave<br>Suite E4-902<br>Boulder, CO 80302 | PSP Group, LLC | PeopleCloud Digital Offsite Retail Media Statement of Work | | $0.00 |
| 121802321 | Epsilon Data Management, LLC<br>Conversant LLC | Epsilon Data Management, LLC<br>Conversant LLC<br>35 W Wacker Drive<br>29th Floor<br>Chicago, IL 60601 | PSP Group, LLC | Addendum to PeopleCloud Digital Offsite Retail Media Statement of Work | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121802323 | Equifax Workforce Solutions LLC | Equifax Workforce Solutions LLC<br>4076 Paysphere Circle<br>Chicago, IL 60674 | PSP Group, LLC | Service Provider, Term and Fees for Services | | $2,981.31 |
| 129990008 | Equifax Workforce Solutions LLC | Equifax Workforce Solutions LLC<br>4076 Paysphere Circle<br>Chicago, IL 60674 | PSP Group, LLC | Amendment to the Universal Service Agreement | | $0.00 |
| 121900093 | ExchangeRight Value-Add Portfolio 1 DST | ExchangeRight Value-Add Portfolio 1 DST<br>c/o ExchangeRight Real Estate, LLC<br>1055 E. Colorado, Blvd.<br>Suite 310<br>Pasadena, CA 91106 | PSP Stores, LLC | Lease, dated 10/05/2001, as amended (Streetsboro, OH) | Streetsboro, OH (0131) | $997.42 |
| 121802429 | Exel Inc. d/b/a DHL Supply Chain (USA) | Exel Inc. d/b/a DHL Supply Chain (USA)<br>360 Westar Boulevard<br>Westerville, OH 43082 | Pet Supplies "Plus", LLC | Site Operating Agreement #1 Northeast Forwarding Distribution Center | | $0.00 |
| 121802430 | Exel Inc. d/b/a DHL Supply Chain (USA) | Exel Inc. d/b/a DHL Supply Chain (USA)<br>360 Westar Boulevard<br>Westerville, OH 43082 | Pet Supplies "Plus", LLC | Master Operating Services Agreement | | $0.00 |
| 121802441 | Experience More in Store, LLC | Experience More in Store, LLC<br>8978 Wildlife Loop<br>Sarasota, FL 34238 | PSP Franchising, LLC | Franchise Agreement, dated 10/30/2018, as renewed or amended (Store #4008 - North Port ) | | $0.00 |
| 121900126 | Fairfield Station LLC | Fairfield Station LLC<br>c/o Phillips Edison and Co.<br>11501 Northlake Drive<br>Cincinnati, OH 45209 | PSP Stores, LLC | Lease, dated 09/09/2013, as amended (Beavercreek, OH) | Beavercreek, OH (0221) | $0.00 |
| 121900091 | Fairlawn Station, LLC | Fairlawn Station, LLC<br>c/o Phillips Edison & Co.<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | PSP Stores, LLC | Lease, dated 07/24/1996, as amended (Fairlawn, OH) | Fairlawn, OH (0124) | $0.00 |
| 121900044 | Fairview Realty Investors, Ltd. | Fairview Realty Investors, Ltd.<br>P.O. Box 16452<br>Rocky River, OH 44116 | PSP Stores, LLC | Lease, dated 05/09/1992, as amended (Fairview Park, OH) | Fairview Park, OH (0027) | $954.98 |
| 121802477 | Family Foundation Pets, Inc. | Family Foundation Pets, Inc.<br>3860 Maiden Street<br>Waterford, MI 48329 | WNW Franchising, LLC | Franchise Agreement, dated 04/28/2023 (Store #3012 - Rochester Hills) | | $0.00 |
| 121900083 | FBBT/US Properties, LLC | FBBT/US Properties, LLC<br>c/o Benderson Development Co. LLC<br>570 Delaware Ave<br>Buffalo, NY 14202 | PSP Stores, LLC | Lease, dated 03/15/1999, as amended (West Seneca, NY) | West Seneca, NY (0113) | $0.00 |
| 121802482 | FBMR Waite Park, LLC | FBMR Waite Park, LLC<br>1404 Calvin Avenue<br>Nashville, TN 37206 | PSP Franchising, LLC | Franchise Agreement, dated 09/12/2022, as renewed or amended (Store #4563 - Waite) | | $0.00 |
| 121900099 | FDI Management | FDI Management<br>12145 Summit Ct.<br>Beverly Hills, CA 90210 | PSP Stores, LLC | Lease, dated 06/07/2003, as amended (Sandusky, OH) | Sandusky, OH (0144) | $0.00 |
| 121900238 | Federal Realty Investment Trust | Federal Realty Investment Trust<br>909 Rose Avenue<br>Suite 200<br>North Bethesda, MD 20852 | PSP Stores, LLC | Lease, dated 10/28/2013, as amended (Levittown, PA) | Levittown, PA (9070) | $0.00 |
| 122000008 | Festival Properties, Inc. | Festival Properties, Inc.<br>1215 GESSNER ROAD<br>HOUSTON, TX 77055 | Buddy's Newco, LLC | Lease dated February 11, 2021 (Store 21) | 21 | $300.99 |
| 121802511 | Fetch … For Cool Pets, LLC | Fetch … For Cool Pets, LLC<br>1407 Broadway<br>Suite 601<br>New York, NY 10018 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121802532 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/10/2015, as renewed or amended (Store #4011 - Land O'Lakes) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121802533 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 08/08/2018, as renewed or amended (Store #4191 - St. Petersburg) | | $0.00 |
| 121802534 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 01/21/2019, as renewed or amended (Store #4216 - Zephryhills) | | $0.00 |
| 121802535 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 03/03/2021, as renewed or amended (Store #4410 - Port St. Lucie) | | $0.00 |
| 121802539 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 10/08/2021, as renewed or amended (Store #4475 - ) | | $0.00 |
| 121802540 | Finnegan Dexter, LLC | Finnegan Dexter, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 04/29/2022, as renewed or amended (Store #8062 - Valrico) | | $0.00 |
| 121802545 | First Data Merchant Services LLC | First Data Merchant Services LLC<br>2900 Westside Parkway<br>Alpharetta, GA 30004 | PSP Group, LLC | Affiliated Issuer Addendum to the Premium Gift Card Processing Addendum to Master Services Agreement | | $0.00 |
| 121802547 | First Data Services, LLC | First Data Services, LLC<br>1307 Walt Whitman Road<br>Melville, NY 11747 | PSP Stores, LLC | Premium Gift Card Processing Addendum to Master Services Agreement | | $5,794.70 |
| 121802550 | First Data Services, LLC Bank of America, NA | First Data Services, LLC Bank of America, NA<br>PO Box 1256<br>Englewood, CO 80150 | PSP Stores, LLC | Master Service Agreement | | $0.00 |
| 121802549 | First Data Services, LLC Bank of America, N.A. | First Data Services, LLC Bank of America, N.A.<br>PO Box 1256<br>Englewood, CO 80150 | PSP Stores, LLC | TransArmor Services Addendum and Amendment of the Master Services Agreement | | $0.00 |
| 121802557 | Fischer Pet Stores, Inc. | Fischer Pet Stores, Inc.<br>c/o Paracorp Incorporated, 106 5th Avenue SE<br>Olympia, WA 98501 | PSP Franchising, LLC | Franchise Agreement, dated 07/01/2020, as renewed or amended (Store #4173 - Seattle) | | $0.00 |
| 121802558 | Fischer Pet Stores, Inc. | Fischer Pet Stores, Inc.<br>c/o Paracorp Incorporated, 106 5th Avenue SE<br>Olympia, WA 98501 | PSP Franchising, LLC | Franchise Agreement, dated 07/24/2021, as renewed or amended (Store #4444 - Federal Way) | | $0.00 |
| 121802559 | Fischer Pet Stores, Inc. | Fischer Pet Stores, Inc.<br>c/o Paracorp Incorporated, 106 5th Avenue SE<br>Olympia, WA 98501 | PSP Franchising, LLC | Franchise Agreement, dated 07/24/2021, as renewed or amended (Store #4445 - Bellevue) | | $0.00 |
| 121802560 | Fischer Pet Stores, Inc. | Fischer Pet Stores, Inc.<br>c/o Paracorp Incorporated, 106 5th Avenue SE<br>Olympia, WA 98501 | PSP Franchising, LLC | Franchise Agreement, dated 03/10/2022, as renewed or amended (Store #4505 - Seattle) | | $0.00 |
| 121900058 | Fishkill Plaza Partners LP | Fishkill Plaza Partners LP<br>c/o Mosbacher Properties Group<br>18 E. 48th St<br>19 Floor<br>New York, NY 10017 | PSP Stores, LLC | Lease Agreement, dated 08/01/2021, as amended<br>(Fishkill, NY) | Fishkill, NY (9034) | $1,235.01 |
| 121802561 | Fishman PR & Marketing | Fishman PR & Marketing<br>3400 Dundee Road Suite 300<br>Northbrook, IL 60062 | Pet Supplies "Plus", LLC | Public Relations Service Agreement | | $6,040.00 |
| 121802563 | Fishman Public Relations | Fishman Public Relations<br>3400 Dundee Road Suite 300<br>Northbrook, IL 60062 | Pet Supplies "Plus", LLC | Franchise Development PR Program Agreement | | $0.00 |
| 121802564 | Fishman Public Relations, Inc. | Fishman Public Relations, Inc.<br>3400 Dundee Road Suite 300<br>Northbrook, IL 60062 | PSP Group, LLC | Addendum to Letter of Agreement between Fishman Public Relations, Inc. and PSP Group, LLC | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121802565 | Fishman Public Relations, Inc. | Fishman Public Relations, Inc. 3400 Dundee Road Suite 300 Northbrook, IL 60062 | PSP Group, LLC | Letter of Agreement for Public Relations Services | | $0.00 |
| 121802640 | Focused Pets, LLC | Focused Pets, LLC 1207 W Hawthorne Street Arlington Heights, IL 60005 | PSP Franchising, LLC | Franchise Agreement, dated 10/03/2022, as renewed or amended (Store #4573 - Cumming) | | $0.00 |
| 121900066 | Ford Road Ventures, LLC | Ford Road Ventures, LLC c/o Vision Investment Partners 700 N. Old Woodward Ave Suite 300 Birmingham, MI 48009 | PSP Stores, LLC | Lease, dated 04/02/1993, as amended (Livonia, MI) | Livonia, MI (0044) | $0.00 |
| 121900100 | Fort Steuben Mall Holdings LLC | Fort Steuben Mall Holdings LLC 4996 Indiana Avenue Winston Salem, NC 27106 | PSP Stores, LLC | Lease, dated 01/17/2003, as amended (Steubenville, OH) | Steubenville, OH (0145) | $0.00 |
| 121802744 | ForUsAll, Inc. | ForUsAll, Inc. 665 3rd St San Francisco, CA 94107 | Pet Supplies "Plus", LLC | Plan Services Agreement | | $0.00 |
| 121802754 | FOXMO, Inc. | FOXMO, Inc. 3860 Wabeek Lake Drive E Bloomfield Hills, MI 48302 | PSP Franchising, LLC | Franchise Agreement, dated 09/14/2006, as renewed or amended (Store #171 - White Lake) | | $0.00 |
| 129900001 | FranConnect | FranConnect 13865 Sunrise Valley Drive Suite 150 Herndon, VA 20171 | Franchise Group, Inc. | Master Subscription Agreement | | $2,903.82 |
| 121802762 | FranConnect Inc. | FranConnect Inc. 11800 Sunrise Valley Dr. Suite 150 Reston, VA 20191 | PSP Franchising, LLC | FranConnect Online Business Applications Agreement | | $0.00 |
| 121802763 | FranConnect LLC | FranConnect LLC 11800 Sunrise Valley Dr. Suite 900 Reston, VA 20191 | Pet Supplies "Plus", LLC | BoeFly bVerify Integration Consent Form | | $0.00 |
| 121802764 | FranConnect LLC | FranConnect LLC 11800 Sunrise Valley Dr. Suite 900 Reston, VA 20191 | Pet Supplies "Plus", LLC | Master Subscription Agreement | | $0.00 |
| 121802773 | Franks House, LLC | Franks House, LLC 10767 Adams Road Galena, OH 43021 | PSP Franchising, LLC | Franchise Agreement, dated 12/15/2022, as renewed or amended (Store #4562 - Marion) | | $0.00 |
| 121802774 | FranNet, LLC | FranNet, LLC 10302 Brookridge Village Blvd Suite 201 Louisville, KY 40291 | PSP Franchising, LLC | Franchise Referral and Commission Amendment Agreement | | $0.00 |
| 121802776 | FranNet, LLC | FranNet, LLC 10302 Brookridge Village Blvd Suite 201 Louisville, KY 40291 | PSP Franchising, LLC | Amendment to Franchise Referral and Commission Agreement | | $0.00 |
| 121802777 | Freedom 45 Corporation | Freedom 45 Corporation 2925 NE Lotno Drive Bend, OR 97701 | PSP Franchising, LLC | Franchise Agreement, dated 01/07/2021, as renewed or amended (Store #4418 - Bend) | | $0.00 |
| 121802780 | Freeport Pets, LLC | Freeport Pets, LLC 2295 Spring Rose Road Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 03/28/2022, as renewed or amended (Store #4513 - Freeport) | | $0.00 |
| 121900169 | FW IL Riverside/Rivers Edge, LLC | FW IL Riverside/Rivers Edge, LLC 3040 Solutions Center Chicago, IL 60677-3000 | PSP Stores, LLC | Lease, dated 05/12/2017, as amended (Chicago, IL) | Chicago, IL (Archer-Ashland) (4139) | $0.00 |
| 122000017 | FWI 2, LLC | FWI 2, LLC 197 EIGHTH ST, SUITE 800 BOSTON, MA 02129 | Buddy's Newco, LLC | Lease dated June 1, 2023 (Store 27) | 27 | $634.85 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000029 | FWI 23, LLC | FWI 23, LLC<br>c/o Flag Wharf LLC<br>197 Eighth Street Suite 800<br>Boston, MA 02129 | Buddy's Newco, LLC | Lease dated August 7, 2014, as amended (Store 50) | 50 | $0.00 |
| 121900204 | G & I IX Empire Williamsville Place LLC | G & I IX Empire Williamsville Place LLC<br>c/o DLC Management Corporation<br>565 Taxter Road<br>Elmsford, NY 10523 | PSP Stores, LLC | Lease, dated 05/03/2019, as amended (Buffalo, NY) | Williamsville, NY (4526) | $0.00 |
| 121802822 | G UNITED, LLC | G UNITED, LLC<br>556 Parkview Drive<br>Grand Prairie, TX 75052 | PSP Franchising, LLC | Franchise Agreement, dated 04/16/2019, as renewed or amended (Store #4255 - Waxahachie) | | $0.00 |
| 121900216 | Garden City Leasehold Properties LLC | Garden City Leasehold Properties LLC<br>33 Boylston Street<br>Suite 3000<br>Chestnut Hill, MA 02467 | PSP Stores, LLC | Lease, dated 08/08/1994, as amended (Cranston, RI) | Cranston, RI (9005) | $0.00 |
| 121802857 | Garner Ventures, LLC | Garner Ventures, LLC<br>556 Parkview Drive<br>Grand Prairie, TX 75052 | WNW Franchising, LLC | Franchise Agreement, dated 01/09/2024 (Store #3039 - Mansfield) | | $0.00 |
| 121802859 | Gartner, Inc. | Gartner, Inc.<br>56 Top Gallant Road<br>Stamford, CT 06902-7700 | Pet Supplies "Plus", LLC | Gartner Service Order Q-00206771 | | $0.00 |
| 122000199 | Gator Elite RTO LLC | Gator Elite RTO LLC<br>9003 Classic Court<br>Orlando, FL 32819 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/26/2020, as amended or extended (Store 1020) | 1020 | $0.00 |
| 122000200 | Gator Elite RTO LLC | Gator Elite RTO LLC<br>9003 Classic Court<br>Orlando, FL 32819 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/26/2020, as amended or extended (Store 1053) | 1053 | $0.00 |
| 122000201 | Gator Elite RTO LLC | Gator Elite RTO LLC<br>9003 Classic Court<br>Orlando, FL 32819 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/26/2020, as amended or extended (Store 1055) | 1055 | $0.00 |
| 121802873 | GCM Management LLC | GCM Management LLC<br>382 Adams St.<br>Plymouth, MI 48170 | PSP Franchising, LLC | Franchise Agreement, dated 11/07/2022, as renewed or amended (Store #15 - Canton) | | $0.00 |
| 121900176 | George Street LLC | George Street LLC<br>151 Haggetts Pond Rd.<br>Andover, MA 01810 | PSP Stores, LLC | Lease, dated 02/09/2018, as amended (Olean, NY) | Olean, NY (4171) | $8,657.18 |
| 121900045 | Georgetown Square Properties | Georgetown Square Properties<br>29010 Chardon Road<br>Willoughby Hills, OH 44092 | PSP Stores, LLC | Lease, dated 04/24/1992, as amended (Middlburg Heights, OH) | Middleburg Heights, OH (0028) | $991.56 |
| 121900190 | GFS Realty LLC | GFS Realty LLC<br>Attn: Director of Real Estate<br>1385 Hancock Street<br>10th Floor<br>Quincy, MA 02169 | PSP Stores, LLC | Lease, dated 06/11/2007, as amended (Annapolis, MD) | Annapolis, MD (4372) | $0.00 |
| 121802932 | GFX International | GFX International<br>333 Barron Blvd.<br>Grayslake, IL 60030 | Pet Supplies "Plus", LLC | Master Services Agreement | | $0.00 |
| 121900082 | GG Garfield Commons 2012 LP | GG Garfield Commons 2012 LP<br>c/o Glimcher Group Inc.<br>500 Grant Street<br>Suite 2000<br>Pittsburgh, PA 15219 | PSP Stores, LLC | Lease, dated 02/11/2013, as amended (Garfield Heights, OH) | Garfield Heights, OH (0112) | $455.99 |
| 121900200 | GGCAL Edgewater, LLC | GGCAL Edgewater, LLC<br>c/o Greenberg Gibbons Commercial<br>10096 Red Run Blvd<br>Suite 100<br>Owings Mills, MD 21117 | PSP Stores, LLC | Lease, dated 03/30/2006, as amended (Edgewater, MD) | Edgewater, MD (4415) | $0.00 |
| 121802943 | Gino Animal Health Services, LLC | Gino Animal Health Services, LLC<br>29 Long Hill Road<br>New Vernon, NJ 07976 | PSP Franchising, LLC | Franchise Agreement, dated 01/08/2021, as renewed or amended (Store #4374 - Hillsborough) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121900019 | Glassboro Properties, LLC | Glassboro Properties, LLC<br>14000 Horizon Way<br>Suite 100<br>Mount Laurel, NJ 08054 | Pet Supplies "Plus", LLC | Lease Agreement, dated 10/27/2011, as amended<br>(Glassboro, NJ) | Glassboro, NJ (4391) | $0.00 |
| 121802981 | Globalization Partners LLC | Globalization Partners LLC<br>175 Federal Street<br>17th Floor<br>Boston, MA 02110 | Franchise Group, Inc. | Globalization Partners Master Agreement | | $0.00 |
| 121802982 | GLOBALIZATION PARTNERS PORTUGAL, Unipessoal, Lda. | GLOBALIZATION PARTNERS PORTUGAL, Unipessoal, Lda.<br>Av. António Augusto de Aguiar, n.º 88, 2.º andar<br>1050-018 Lisboa<br>Lisbon,  1050-018 | Franchise Group, Inc. | PERMANENT EMPLOYMENT CONTRACT IN TELEWORK REGIME | | $0.00 |
| 121802985 | GNK Enterprises, LLC | GNK Enterprises, LLC<br>6540 North Range Line Rd.<br>Glendale, WI 53209 | PSP Franchising, LLC | Franchise Agreement, dated 10/03/2018, as renewed or amended (Store #4203 - Mequon) | | $0.00 |
| 121802986 | GNK Enterprises, LLC | GNK Enterprises, LLC<br>6540 North Range Line Rd.<br>Glendale, WI 53209 | PSP Franchising, LLC | Franchise Agreement, dated 03/27/2020, as renewed or amended (Store #4315 - Germantown) | | $0.00 |
| 121802991 | Go Fetch, LLC | Go Fetch, LLC<br>22 Susan Drive<br>Newburgh, NY 12550 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2017, as renewed or amended (Store #4130 - New Windsor) | | $0.00 |
| 121900046 | Gold Star Properties | Gold Star Properties<br>c/o 606 Realty Team<br>4653 N. Milwaukee Ave<br>Chicago, IL 60630 | PSP Stores, LLC | Store Lease, dated 11/01/2008, as amended<br>(Des Plaines, IL) | Des Plaines, IL (0042) | $1,115.15 |
| 121803010 | Golden Rule Enterprises, LLC | Golden Rule Enterprises, LLC<br>1102 Thomas Rd.<br>Rineyville, KY 40162 | PSP Franchising, LLC | Franchise Agreement, dated 03/12/2015, as renewed or amended (Store #4012 - Elizabethtown) | | $0.00 |
| 121803023 | Good Dog Karma, LLC | Good Dog Karma, LLC<br>3180 W South Airport Road<br>Traverse City, MI 49684-8995 | PSP Franchising, LLC | Franchise Agreement, dated 07/04/2020, as renewed or amended (Store #4333 - Traverse City) | | $0.00 |
| 121803024 | Gooddog Services, LLC | Gooddog Services, LLC<br>3115 N. Government Way #3<br>Coeur D'Alene, ID 83815 | PSP Franchising, LLC | Franchise Agreement, dated 12/04/2019, as renewed or amended (Store #4251 - Coeur D'Alene) | | $0.00 |
| 121803025 | Goodest Boys LLC | Goodest Boys LLC<br>145 Romeria Drive<br>Cedar Creek, TX 78612 | PSP Franchising, LLC | Franchise Agreement, dated 07/21/2022, as renewed or amended (Store #4567 - Victoria) | | $0.00 |
| 121803027 | Goodwin & Goodwin Pet Supplies, Inc. | Goodwin & Goodwin Pet Supplies, Inc.<br>999 Haynes St., Suite 385<br>Birmingham, MI 48009 | PSP Franchising, LLC | Franchise Agreement, dated 05/30/2002, as renewed or amended (Store #4 - Waterford) | | $0.00 |
| 129990004 | Google, Inc. | Google, Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | PSP Group, LLC | Google Advertising Service Agreement | | $1,041,042.04 |
| 129990017 | Google, Inc. | Google, Inc.<br>c/o James C. Vandermark<br>810 Seventh Avenue<br>Suite 500<br>New York, NY 10019 | Buddy's Newco, LLC | Google Advertising Service Agreement | | $0.00 |
| 121900118 | Gosula Realty, LTD | Gosula Realty, LTD<br>6028 Trent Ct<br>Lewis Center, Oh 43035 | PSP Stores, LLC | Lease Agreement, dated 08/29/2012, as amended<br>(Delaware, OH) | Delaware, OH (0210) | $681.78 |
| 121803038 | GR PSP, LLC | GR PSP, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 01/29/2023, as renewed or amended (Store #4572 - Rockford) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121900138 | Grand Avenue Associates L.L.C. | Grand Avenue Associates L.L.C. c/o Shiner Management Group, Inc. 3201 Old Glenview Road Suite 235 Wilmette, IL 60091 | PSP Stores, LLC | Lease, dated 10/03/2014, as amended (Gurnee, IL) | Gurnee, IL (0243) | $0.00 |
| 121803064 | Green Imaging, LLC | Green Imaging, LLC 2020 Albans Houston, TX 77005 | Franchise Group, Inc. | Medical Diagnostic Testing Services Agreement | | $0.00 |
| 121900002 | Greenwood Plaza Corp. of Delaware | Greenwood Plaza Corp. of Delaware 2400 Miracle Lane Mishawaka, IN 46545 | Pet Supplies "Plus", LLC | Lease, dated 06/03/1992, as amended (South Bend, IN) | South Bend, IN (0025) | $0.00 |
| 121803094 | Griffield Enterprises, LLC | Griffield Enterprises, LLC 31778 N 123rd Ave Peoria, AZ 85383 | PSP Franchising, LLC | Franchise Agreement, dated 09/02/2020, as renewed or amended (Store #4347 - Surprise) | | $0.00 |
| 121900119 | Grove City Plaza, L.P. | Grove City Plaza, L.P. c/o Casto 250 Civic Center Dr. Suite 500 Columbus, OH 43215 | PSP Stores, LLC | Lease, dated 10/23/2012, as amended (Grove City, OH) | Grove City, OH (0211) | $0.00 |
| 121803104 | Grubhub Holdings Inc. | Grubhub Holdings Inc. 111 W. Washington St. Ste. 2100 Chicago, IL 60602 | PSP Group, LLC | Grubhub Franchisor Agreement | | $0.00 |
| 121803112 | Gupton Marrs International, Inc. | Gupton Marrs International, Inc. 100 Park Avenue New York, NY 10017 | PSP Group, LLC | Master Subscription Agreement | | $0.00 |
| 121900125 | Gustine BV Associates, Ltd. | Gustine BV Associates, Ltd. c/o Armstrong Development Properties, Inc. One Armstrong Place Butler, PA 16001 | PSP Stores, LLC | Lease Agreement, dated 08/22/2013, as amended (Belle Vernon, PA) | Belle Vernon, PA (0220) | $0.00 |
| 121803121 | Gutrich, LLC | Gutrich, LLC 16121 Haddam Ln Westfield, IN 46062 | PSP Franchising, LLC | Franchise Agreement, dated 06/14/2017, as renewed or amended (Store #4143 - Columbus) | | $0.00 |
| 121803122 | Gutrich, LLC | Gutrich, LLC 16121 Haddam Ln Westfield, IN 46062 | PSP Franchising, LLC | Franchise Agreement, dated 09/02/2020, as renewed or amended (Store #4411 - Brownsburg) | | $0.00 |
| 122000024 | Haines City Mall LLC | Haines City Mall LLC 20200 W DIXIE HWY STE 15G AVENTURA, FL 33810 | Buddy's Newco, LLC | Lease dated on or about August 6, 2003, as amended (Store 36) | 36 | $520.32 |
| 121803143 | Halico Gold LLC | Halico Gold LLC 19406 Merion Circle Huntington Beach, CA 92648 | PSP Franchising, LLC | Franchise Agreement, dated 10/07/2016, as renewed or amended (Store #4118 - Huntington Beach) | | $0.00 |
| 121803144 | Halico Gold LLC | Halico Gold LLC 19406 Merion Circle Huntington Beach, CA 92648 | PSP Franchising, LLC | Franchise Agreement, dated 09/17/2020, as renewed or amended (Store #4350 - Laguna Niguel) | | $0.00 |
| 121803145 | Halico Gold LLC | Halico Gold LLC 5912 Edinger Avenue Huntington Beach, CA 92649 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2021, as renewed or amended (Store #4450 - Stockton) | | $0.00 |
| 121803146 | Halico Gold LLC | Halico Gold LLC 5912 Edinger Avenue Huntington Beach, CA 92649 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2021, as renewed or amended (Store #4451 - Lodi) | | $0.00 |
| 121803147 | Halico Gold LLC | Halico Gold LLC 5912 Edinger Avenue Huntington Beach, CA 92649 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2021, as renewed or amended (Store #4452 - Clovis) | | $0.00 |
| 121803148 | Halico Gold LLC | Halico Gold LLC 5912 Edinger Avenue Huntington Beach, CA 92649 | PSP Franchising, LLC | Franchise Agreement, dated 12/01/2021, as renewed or amended (Store #4455 - Turlock) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121803164 | HangZhou TianYuan Pet Products Co., Ltd | HangZhou TianYuan Pet Products Co., Ltd<br>No.10-1<br>Xing Ling Road<br>XingQiaoTown YuHang District<br>Hangzhou, 311100 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121803170 | Hapa Unlimited, Inc. | Hapa Unlimited, Inc.<br>18017 Chatsworth Street<br>Suite 450<br>Granado Hills, CA 91344 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121802278 | Hardeep Dhaliwal (Entity Pending) | Hardeep Dhaliwal (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 09/22/2023, as renewed or amended (Store #N/A - Sherman) | | $0.00 |
| 122000015 | Harmony Shopping Plaza, LLC | Harmony Shopping Plaza, LLC<br>3980 TAMPA RD #205<br>OLDSMAR, FL 34677 | Buddy's Newco, LLC | Lease Agreement dated November 20, 2009, as amended (Store 25) | 25 | $469.13 |
| 121900018 | Hartville Station, LLC | Hartville Station, LLC<br>Attn: Robert F. Meyers, COO<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | Pet Supplies "Plus", LLC | Lease Agreement, dated 09/30/2016, as amended (Hartville, OH) | Hartville, OH (4380) | $0.00 |
| 121900085 | Harvest Station LLC | Harvest Station LLC<br>c/o Phillips Edison & Company<br>11501 Northlake Drive<br>Cincinnati,, OH 45249 | PSP Stores, LLC | Lease, dated 04/26/2016, as amended (Akron, OH) | Akron, OH (Springfield Twp) (0115) | $0.00 |
| 121803198 | Hawkeye Enterprises, LLC | Hawkeye Enterprises, LLC<br>853 Bluff Brook Drive<br>O'Fallon, MO 63366 | PSP Franchising, LLC | Franchise Agreement, dated 01/15/2021, as renewed or amended (Store #4226 - St. Charles) | | $0.00 |
| 121803254 | Healthy Pets, LLC | Healthy Pets, LLC<br>4105 Sky Ranch Drive<br>Glenwood Springs, CO 81601 | WNW Franchising, LLC | Franchise Agreement, dated 09/18/2023 (Store #3036 - Falcon) | | $0.00 |
| 121803279 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2022, as renewed or amended (Store #247 - Green Bay) | | $0.00 |
| 121803280 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2022, as renewed or amended (Store #4086 - Green Bay) | | $0.00 |
| 121803281 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 09/04/2018, as renewed or amended (Store #4204 - West Bend) | | $0.00 |
| 121803282 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 06/09/2020, as renewed or amended (Store #4298 - Sheboygan) | | $0.00 |
| 121803283 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2019, as renewed or amended (Store #4299 - Neenah) | | $0.00 |
| 121803284 | Heather Management, LLC | Heather Management, LLC<br>1165 Lakeview Rd.<br>West Bend, WI 53090 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2019, as renewed or amended (Store #4325 - Racine) | | $0.00 |
| 121805996 | Heritage Seymour I, LLC | Heritage Seymour I, LLC<br>c/o Heritage Capital Management LLC<br>123 Prospect Street<br>PO Box 627<br>Ridgewood, NJ 07451 | PSP Distribution, LLC | Commercial Industrial Lease Agreement, dated January 1, 2012, as amended (Seymour, IN) | IN Distribution Center | $0.00 |
| 121803316 | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY<br>200 Connell Drive<br>5th Floor<br>Berkley Heights, NJ 07922 | Buddy's Newco, LLC | Master Lease And Financing Agreement Schedule Number 5343918198000007 | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121803317 | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY<br>200 Connell Drive<br>5th Floor<br>Berkley Heights, NJ 07922 | Buddy's Newco, LLC | Master Lease And Financing Agreement Schedule Number 5343918198000008 | | $0.00 |
| 121803318 | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY | HEWLETT-PACKARD FINANCIAL SERVICES COMPANY<br>200 Connell Drive<br>5th Floor<br>Berkley Heights, NJ 07922 | Buddy's Newco, LLC | Master Lease And Financing Agreement Schedule Number 5343918198000006 | | $0.00 |
| 121900081 | Hickory Plaza Shopping Center, Inc. | Hickory Plaza Shopping Center, Inc.<br>c/o JJ Gumberg Co.<br>1051 Brinton Road<br>Pittsburgh, PA 15221 | PSP Stores, LLC | Lease, dated 09/25/1998, as amended (Hermitage, PA) | Hermitage, PA (0111) | $1,031.87 |
| 121803339 | High Point Estates Inc. | High Point Estates Inc.<br>210 Ellis Rd.<br>Westminster, MA 01473 | PSP Franchising, LLC | Franchise Agreement, dated 08/12/2019, as renewed or amended (Store #4269 - Franklin) | | $0.00 |
| 121803340 | High Youth Limited | High Youth Limited<br>No.616<br>, | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900214 | Highland Commons-Boone, LLC | Highland Commons-Boone, LLC<br>c/o Aston Properties, Inc.<br>610 E. Morehead St.<br>Suite 100<br>Charlotte, NC 28202 | PSP Stores, LLC | Lease, dated 06/30/2011, as amended (Boone, NC) | Boone, NC (8048) | $0.00 |
| 121803344 | Highland Traders, LLC | Highland Traders, LLC<br>853 Highway 35<br>Middleton, NJ 07748 | PSP Franchising, LLC | Franchise Agreement, dated 01/07/2020, as renewed or amended (Store #4305 - Middletown) | | $0.00 |
| 121803345 | Highland Traders, LLC | Highland Traders, LLC<br>853 Highway 35<br>Middleton, NJ 07748 | PSP Franchising, LLC | Franchise Agreement, dated 04/20/2009, as renewed or amended (Store #9046 - Hazlet) | | $0.00 |
| 121803346 | Highland Traders, LLC | Highland Traders, LLC<br>853 Highway 35<br>Middleton, NJ 07748 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2011, as renewed or amended (Store #9050 - Berkeley Heights) | | $0.00 |
| 121803347 | Highland Traders, LLC | Highland Traders, LLC<br>853 Highway 35<br>Middleton, NJ 07748 | PSP Franchising, LLC | Franchise Agreement, dated 08/23/2012, as renewed or amended (Store #9065 - Wall Township) | | $0.00 |
| 121803352 | Hill's Pet Nutrition Sales, Inc. | Hill's Pet Nutrition Sales, Inc.<br>P.O. Box 148<br>Topeka, KS 66601-0148 | PSP Group, LLC | Trailer Wrapping Memorandum of Understanding | | $0.00 |
| 121803351 | Hill's Pet Nutrition Sales, Inc. | Hill's Pet Nutrition Sales, Inc.<br>P.O. Box 148<br>Topeka, KS 66601-0148 | Pet Supplies "Plus", LLC | Amendment No. 1 to 2024 Pet Supplies Joint Business Plan Agreement | | $0.00 |
| 122000202 | Hodge RTO Group Inc. | Hodge RTO Group Inc.<br>605 Roy Coppley Road<br>Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 150) | 150 | $0.00 |
| 122000203 | Hodge RTO Group Inc. | Hodge RTO Group Inc.<br>605 Roy Coppley Road<br>Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 151) | 151 | $0.00 |
| 122000204 | Hodge RTO Group Inc. | Hodge RTO Group Inc.<br>605 Roy Coppley Road<br>Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 152) | 152 | $0.00 |
| 122000205 | Hodge RTO Group Inc. | Hodge RTO Group Inc.<br>605 Roy Coppley Road<br>Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 153) | 153 | $0.00 |
| 122000206 | Hodge RTO Group Inc. | Hodge RTO Group Inc.<br>605 Roy Coppley Road<br>Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 154) | 154 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 122000207 | Hodge RTO Group Inc. | Hodge RTO Group Inc. 605 Roy Coppley Road Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/16/2024, as amended or extended (Store 155) | 155 | $0.00 |
| 122000208 | Hodge RTO Group Inc. | Hodge RTO Group Inc. 605 Roy Coppley Road Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/04/2023, as amended or extended (Store 156) | 156 | $0.00 |
| 122000209 | Hodge RTO Group Inc. | Hodge RTO Group Inc. 605 Roy Coppley Road Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/16/2023, as amended or extended (Store 157) | 157 | $0.00 |
| 122000210 | Hodge RTO Group Inc. | Hodge RTO Group Inc. 605 Roy Coppley Road Lexington, NC 27292 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/02/2024, as amended or extended (Store 158) | 158 | $0.00 |
| 121803372 | Hoffman Unlimited LLC | Hoffman Unlimited LLC 866 Prairie Drive Milliken, CO 80543 | PSP Franchising, LLC | Franchise Agreement, dated 02/19/2020, as renewed or amended (Store #4314 - Thornton) | | $0.00 |
| 121803374 | Hogan, Inc. | Hogan, Inc. 14240 Imboden Rd. Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 09/01/2020, as renewed or amended (Store #4344 - Wheat Ridge) | | $0.00 |
| 121803383 | HORIZONTAL Integration, Inc. | HORIZONTAL Integration, Inc. 1660 S. Highway 100 Suite 200 St. Louis Park, MN 55416 | PSP Group, LLC | Statement of Work for Retained Team Support 2024 | | $124,915.00 |
| 121803384 | Horizontal Integration, Inc. | Horizontal Integration, Inc. 1660 S. Highway 100 Suite 200 St. Louis Park, MN 55416 | PSP Group, LLC | Statement of Work for Salesforce Data Cloud, Marketing Cloud, Personalization Design & Implement Ph 1 | | $0.00 |
| 121803385 | Horizontal Integration, Inc. | Horizontal Integration, Inc. 1660 S. Highway 100 Suite 200 St. Louis Park, MN 55416 | PSP Group, LLC | Master Service Agreement | | $0.00 |
| 121803386 | Horizontal Integration, Inc. | Horizontal Integration, Inc. 1660 S. Highway 100 Suite 200 St. Louis Park, MN 55416 | PSP Group, LLC | Managed Services SOW | | $0.00 |
| 121803388 | Horizontal, Inc. | Horizontal, Inc. 1660 S. Hwy 100 Suite 200 St. Louis Park, MN 55416 | PSP Group, LLC | Statement of Work Change Order 1 - Pet Supplies Plus Commerce Modernization: Design, Develop, Deliver | | $0.00 |
| 121803397 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 08/01/1997, as renewed or amended (Store #97 - Appleton) | | $0.00 |
| 121803398 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/23/2023, as renewed or amended (Store #187 - Ballwin) | | $0.00 |
| 121803399 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 08/14/2023, as renewed or amended (Store #4081 - Evansville) | | $0.00 |
| 121803400 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4147 - Normal) | | $0.00 |
| 121803401 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4155 - Waukesha) | | $0.00 |
| 121803402 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4156 - Orlando) | | $0.00 |
| 121803403 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4182 - Fort Wayne) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121803404 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4183 - Florissant) | | $0.00 |
| 121803405 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4218 - Lexington) | | $0.00 |
| 121803406 | HSA Corporation | HSA Corporation 17863 170th Avenue, Suite 101 Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2023, as renewed or amended (Store #4248 - Clarksville) | | $0.00 |
| 121803407 | HSN Enterprise, Inc. | HSN Enterprise, Inc. 1361 Watertree Rd. Terre Haute, IN 47803 | PSP Franchising, LLC | Franchise Agreement, dated 09/02/2016, as renewed or amended (Store #4085 - Terre Haute) | | $0.00 |
| 121900098 | Huber Management Corporation | Huber Management Corporation 7333 Paragon Rd. Suite 150 Dayton, OH 45459 | PSP Stores, LLC | Lease, dated 01/30/2003, as amended (Centerville, OH) | Centerville, OH (0143) | $0.00 |
| 121803411 | Hugfun International Hong Kong Ltd. | Hugfun International Hong Kong Ltd. 18/F. GINZA SQUARE 565-567 NATHAN ROAD KOWLOON, | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 122000014 | Hundred Fires Ltd | Hundred Fires Ltd 106 Satsuma Drive ATTN CARMEN CUELLO Altamonte Springs, FL 32714 | Buddy's Newco, LLC | Lease Agreement dated May 6, 1991, as amended (Store 24) | 24 | $0.00 |
| 121803429 | Hutchison Enterprises, Inc. | Hutchison Enterprises, Inc. 5360 Shoreview Avenue Minneapolis, MN 55417 | WNW Franchising, LLC | Franchise Agreement, dated 08/13/2024, as renewed (Store #3007 - Eagan) | | $0.00 |
| 121900104 | Iacono Family LP | Iacono Family LP c/o Kohr Royer Griffith Inc 1480 Dublin Rd. Columbus, Oh 43215 | PSP Stores, LLC | Lease, dated 05/18/2004, as amended (Upper Arlington, OH) | Upper Arlington, OH (0158) | $0.00 |
| 121803461 | iCIMS, Inc. | iCIMS, Inc. 101 Crawfords Corner Road Suite 3-100 Holmdel, NJ 07733 | Pet Supplies "Plus", LLC | Pet Supplies Plus Renewal Order Form | | $0.00 |
| 121803472 | Ideal Software Systems Inc | Ideal Software Systems Inc 3839 Highway 45 North Meridian, MS 39301 | Buddy's Newco, LLC | Customer App Service Agreement | | $0.00 |
| 121803490 | IKPM Pet Supply, LLC | IKPM Pet Supply, LLC 1515 Ralston Branch Way Sugar Land, TX 77479 | PSP Franchising, LLC | Franchise Agreement, dated 04/26/2021, as renewed or amended (Store #4437 - Sugar Land) | | $0.00 |
| 121803498 | Illumis, Inc. | Illumis, Inc. 975 Johnnie Dodds Blvd. Ste B Mt. Pleasant, SC 29464 | PSP Group, LLC | Master Services Agreement | | $0.00 |
| 121803500 | IMG College, LLC | IMG College, LLC P.O. Box 843038 Kansas City, MO 64184-3038 | PSP Group, LLC | Amendment to Marketing Agreement | | $0.00 |
| 121803514 | IncWorx, Inc. d/b/a IncWorx Consulting | IncWorx, Inc. d/b/a IncWorx Consulting 1901 N. Roselle Rd Suite 800 Schaumburg, IL 60195 | PSP Group, LLC | Master Services Agreement for Consulting Services | | $0.00 |
| 121900130 | Independence Town Center, LLC | Independence Town Center, LLC 6111A Burgundy Hill Drive Burlington, KY 41005 | PSP Stores, LLC | Lease, dated 04/24/2014, as amended (Independence, KY) | Independence, KY (0228) | $0.00 |
| 121900135 | Indian Creek Commons LLC | Indian Creek Commons LLC c/o Realty Resource Capital Corp 7600 Jericho Turnpike Suite 402 Woodbury, NY 11797 | PSP Stores, LLC | Lease, dated 06/17/2014, as amended (Indianapolis, IN) | Indianapolis, IN (Lawrence) (0239) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121803518 | Indiana Economic Development Corporation | Indiana Economic Development Corporation<br>One North Capitol Avenue<br>Suite 700<br>Indianapolis, IN 46204-2288 | PSP Distribution, LLC | Economic Development For A Growing Economy (Edge) Tax Credit Agreement | | $0.00 |
| 121803520 | IndiTex Ventures LLC | IndiTex Ventures LLC<br>6742 FM 2187 Road<br>Sealy, TX 77474 | PSP Franchising, LLC | Franchise Agreement, dated 12/30/2020, as renewed or amended (Store #4225 - Houston) | | $0.00 |
| 121900146 | Inserra Supermarkets, Inc. | Inserra Supermarkets, Inc.<br>20 Ridge Road<br>Mahwah, NJ 07430 | PSP Stores, LLC | Lease, dated 09/01/2015, as amended (Wallington, NJ) | Wallington, NJ (4028) | $0.00 |
| 121803577 | Intelligent Direct, Inc. | Intelligent Direct, Inc.<br>10 First Street<br>Wellsboro, PA 16901 | Franchise Group, Inc. | Web Application Agreement | | $0.00 |
| 121803613 | International Franchise Professionals Group, Inc. | International Franchise Professionals Group, Inc.<br>499 Ernston Road<br>Suite B9<br>Parlin, NJ 08859 | PSP Franchising, LLC | Non Exclusive Referral Agreement | | $395.00 |
| 121803617 | Intersand America Corp. | Intersand America Corp.<br>1880 Great Western Drive<br>Windsor, CO 80550 | Pet Supplies "Plus", LLC | OdourLock® Technology Study Agreement | | $0.00 |
| 121803618 | Intersand America Corp. | Intersand America Corp.<br>1880 Great Western Drive<br>Windsor, CO 80550 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121803643 | Iron Mountain Information Management, Inc. | Iron Mountain Information Management, Inc.<br>1101 Enterprise Drive<br>Royersford, PA 19468 | Pet Supplies "Plus", LLC | Customer Agreement | | $0.00 |
| 121803661 | Iscott Enterprises, Inc. | Iscott Enterprises, Inc.<br>2649 E Grand River Ave<br>Howell, MI 48843-8589 | PSP Franchising, LLC | Franchise Agreement, dated 12/12/2002, as renewed or amended (Store #135 - Howell) | | $0.00 |
| 122000211 | J & M Franchising, LLC | J & M Franchising, LLC<br>400 Union Avenue SE, Suite 200<br>Olympia, WA 98501 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/06/2024, as amended or extended (Store 340) | 340 | $0.00 |
| 121803677 | J&C Pet Supply, LLC | J&C Pet Supply, LLC<br>1095 A Towbin Ave.<br>Lakewood, NJ 08701 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121803683 | J.B. Hunt Transport, Inc. | J.B. Hunt Transport, Inc.<br>9101 Tonnelle Ave<br>North Bergen, NJ 07047 | PSP Distribution, LLC | Dedicated Contract Services Carrier Agreement | | $0.00 |
| 121803696 | JA Adventurers, LLC | JA Adventurers, LLC<br>120 East Commons Dr.<br>St. Simon's Island, GA 31522 | PSP Franchising, LLC | Franchise Agreement, dated 11/08/2005, as renewed or amended (Store #8032 - Brunswick) | | $0.00 |
| 129990010 | JA Adventurers, LLC | JA Adventurers, LLC<br><br>16121 Haddam Ln<br>Westfield, IN 46062 | PSP Franchising, LLC | Franchise Agreement, dated 05/03/2008, as renewed or amended (Store #8036 - St. Mary's) | | $0.00 |
| 121900050 | Jack W. Eichelberger Trust | Jack W. Eichelberger Trust<br>3066 Kettering Blvd.<br>Moraine, OH 45439 | PSP Stores, LLC | Lease, dated 04/03/1995, as amended (Kettering, OH) | Kettering, OH (0088) | $959.93 |
| 121803709 | Jackson Investors, Inc. | Jackson Investors, Inc.<br>c/o Pet Supplies Plus, 1300 MacDade Boulevard<br>Woodlyn, PA 19094 | PSP Franchising, LLC | Franchise Agreement, dated 12/12/2014, as renewed or amended (Store #4009 - Woodlyn) | | $0.00 |
| 121803713 | Jacquard Group Limited | Jacquard Group Limited<br>82 St John Street<br>London,  EC1M 4JN | PSP Group, LLC | Order Form #12 | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121802284 | James Long (Entity Pending) | James Long (Entity Pending) Address on File | PSP Franchising, LLC | Franchise Agreement, dated 07/21/2021, as renewed or amended (Store #N/A - San Marcos) | | $0.00 |
| 121802282 | Jamison Liggett (Entity Pending) | Jamison Liggett (Entity Pending) Address on File | PSP Franchising, LLC | Franchise Agreement, dated 08/09/2021, as renewed or amended (Store #N/A - Stonegate/Parker) | | $0.00 |
| 122000032 | Jensen Beach Station LLC | Jensen Beach Station LLC Attn: Leasing Department 11501 Northlake Drive Cincinnati, OH 45249 | Buddy's Newco, LLC | Lease, executed on or about September 2024 (Store 68) | 68 | $0.00 |
| 121803770 | JFI Enterprises, Inc. | JFI Enterprises, Inc. 1366 Whitehouse Ct. Rochester Hills, MI 48306 | PSP Franchising, LLC | Franchise Agreement, dated 02/11/1992, as renewed or amended (Store #23 - Oxford) | | $0.00 |
| 121803781 | JJ International, LLC | JJ International, LLC 24784 High Plateau Court Stone Ridge, VA 20105 | PSP Franchising, LLC | Franchise Agreement, dated 12/28/2021, as renewed or amended (Store #4487 - Sterling ) | | $0.00 |
| 121900173 | JLIX Milford Crossing Master Tenant, LLC | JLIX Milford Crossing Master Tenant, LLC PO Box 412638 Boston, MA 02241-2638 | PSP Stores, LLC | Lease, dated 10/30/2017, as amended (Milford, MA) | Milford, MA (4161) | |
| 122000012 | Jochi Investments LLC | Jochi Investments LLC 106 Satsuma Drive ATTN CARMEN CUELLO Altamonte Springs, FL 32714 | Buddy's Newco, LLC | Lease Agreement dated May 6, 1991, as amended (Store 24) | 24 | $0.00 |
| 121803793 | Johanneson's of North Dakota | Johanneson's of North Dakota 2301 Johanneson Drive NW Bemidji, MN 56601-4101 | PSP Franchising, LLC | Franchise Agreement, dated 09/02/2020, as renewed or amended (Store #4348 - Minot) | | $0.00 |
| 121803794 | Johanneson's of North Dakota | Johanneson's of North Dakota 2301 Johanneson Drive NW Bemidji, MN 56601-4101 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2023, as renewed or amended (Store #4612 - Bemidji) | | $0.00 |
| 121803799 | John Squared Capital LLC | John Squared Capital LLC 5 Tennis Terrace Sparta, NJ 07871 | PSP Franchising, LLC | Franchise Agreement, dated 11/12/2020, as renewed or amended (Store #4359 - Stanhope) | | $0.00 |
| 121803811 | Jones Naturals, LLC | Jones Naturals, LLC 4960 28th Ave Rockford, IL 61109 | PSP Group, LLC | Private Label Agreement | | $0.00 |
| 121900062 | Joseph Plaza, LLC | Joseph Plaza, LLC c/o Joseph Brothers Company 4133 Talmadge Road Toledo, OH 43623 | PSP Stores, LLC | Business Property Lease, dated 01/31/2012, as amended (Toledo, OH) | Toledo, OH (0014) | $1,187.36 |
| 121803845 | JTSS Enterprises, Inc. | JTSS Enterprises, Inc. 15060 Eureka Rd. Southgate, MI 48124 | PSP Franchising, LLC | Franchise Agreement, dated 01/22/2014, as renewed or amended (Store #231 - Southgate) | | |
| 122000219 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2021, as amended or extended (Store 384) | 384 | $0.00 |
| 122000220 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2021, as amended or extended (Store 385) | 385 | $0.00 |
| 122000221 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2021, as amended or extended (Store 386) | 386 | $0.00 |
| 122000222 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2021, as amended or extended (Store 387) | 387 | $0.00 |
| 122000223 | Kamerade Group, LLC | Kamerade Group, LLC 58 Brookfield Lenox Road Tifton, GA 31794 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2021, as amended or extended (Store 472) | 472 | $0.00 |
| 122000003 | Kancov Investment Limited Partnership | Kancov Investment Limited Partnership 27750 STANSBURY, STE 200 FARMINGTON, MI 48334 | Buddy's Newco, LLC | Lease Agreement dated February 10, 2014, as amended (Store 15) | 15 | $481.16 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000212 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/01/2023, as amended or extended (Store 1026) | 1026 | $0.00 |
| 122000213 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/13/2016, as amended or extended (Store 1051) | 1051 | $0.00 |
| 122000214 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/13/2016, as amended or extended (Store 1061) | 1061 | $0.00 |
| 122000215 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/13/2016, as amended or extended (Store 418) | 418 | $0.00 |
| 122000216 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/13/2016, as amended or extended (Store 419) | 419 | $0.00 |
| 122000217 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/10/2022, as amended or extended (Store 429) | 429 | $0.00 |
| 122000218 | KAPPA Investments LLC | KAPPA Investments LLC<br>1099 Jefferson Drive West<br>Forest, VA 24551 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/17/2022, as amended or extended (Store 438) | 438 | $0.00 |
| 121803895 | KC's House, LLC | KC's House, LLC<br>208 St. James Avenue, Suite B<br>Goose Creek, SC 29445 | PSP Franchising, LLC | Franchise Agreement, dated 08/05/2019, as renewed or amended (Store #4295 - Charleston East/Mount Pleasant) | | $0.00 |
| 121803921 | Kenbo, LLC | Kenbo, LLC<br>20525 N Plumwood Drive<br>Kildeer, IL 60047 | PSP Franchising, LLC | Franchise Agreement, dated 05/15/2024, as renewed or amended (Store #4319 - Wauconda) | | $0.00 |
| 121802275 | Kenneth Crowder (Entity Pending) | Kenneth Crowder (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 10/16/2024, as renewed or amended (Store #N/A - Charlotte) | | $0.00 |
| 121900137 | Kercheval Owner LLC | Kercheval Owner LLC<br>c/o Versa Real Estate, LLC<br>326 E. Fourth Street<br>Suite 200<br>Rotal Oak, MI 48067 | PSP Stores, LLC | Lease Agreement, dated 08/25/2014, as amended (Grosse Pointe, MI) | Grosse Pointe, MI (0242) | $1,981.75 |
| 121900024 | Kerrville Dorado Partners, LLC | Kerrville Dorado Partners, LLC<br>c/o Dorado Development Co.<br>19787 West Interstate 10<br>Suite 201<br>San Antonio, TX 78257 | Pet Supplies "Plus", LLC | Lease, dated 04/20/2005, as amended (Kerrville, TX) | Kerrville, TX | $637.16 |
| 121803925 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 04/02/1992, as renewed or amended (Store #19 - Owosso) | | $0.00 |
| 121803926 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 04/02/1992, as renewed or amended (Store #21 - Grand Blanc) | | $0.00 |
| 121803927 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 07/03/1992, as renewed or amended (Store #24 - Mount Morris) | | $0.00 |
| 121803928 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 05/04/1998, as renewed or amended (Store #105 - Bay City) | | $0.00 |
| 121803929 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 10/18/2001, as renewed or amended (Store #127 - Saginaw) | | $0.00 |
| 121803930 | Kessel Enterprises, LLC | Kessel Enterprises, LLC<br>G-7750 South Saginaw St., Suite #5<br>Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 08/22/2007, as renewed or amended (Store #177 - Petoskey) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121803931 | Kessel Investment Company, LLC | Kessel Investment Company, LLC G-7750 South Saginaw St., Suite #5 Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 07/16/2018, as renewed or amended (Store #130 - Washington Twp.) | | $0.00 |
| 121803932 | Kessel Investment Company, LLC | Kessel Investment Company, LLC G-7750 South Saginaw St., Suite #5 Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2017, as renewed or amended (Store #175 - Rochester Hills) | | $0.00 |
| 121803933 | Kessel Investment Company, LLC | Kessel Investment Company, LLC G-7750 South Saginaw St., Suite #5 Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2010, as renewed or amended (Store #201 - Sault Ste Marie) | | $0.00 |
| 121803934 | Kessel Investment Company, LLC | Kessel Investment Company, LLC G-7750 South Saginaw St., Suite #5 Grand Blanc, MI 48439 | PSP Franchising, LLC | Franchise Agreement, dated 03/31/2014, as renewed or amended (Store #236 - Gaylord) | | $0.00 |
| 121803960 | Kids First Toys Co., Ltd | Kids First Toys Co., Ltd No.39 Dazhou Road Yuhuatai District Nanjing City, 210012 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900056 | KIN Properties, Inc. | KIN Properties, Inc. Attn: General Counsel 185 NW Spanish River Blvd. Suite 100 Boca Raton, FL 33431 | PSP Stores, LLC | Lease, dated 04/21/1997, as amended (Whitehall, PA) | Whitehall, PA (9026) | $167.20 |
| 121900171 | King City Improvements, LLC | King City Improvements, LLC c/o DLC Management Corporation 565 Taxter Road Suite 400 Elmsford, NY 10523 | PSP Stores, LLC | Lease Agreement, dated 08/04/2017, as amended (Mount Vernon, IL) | Mount Vernon, IL (4153) | $0.00 |
| 121803988 | King Hammy I, LLC | King Hammy I, LLC 12505 Memorial Drive, Suite 330 Houston, TX 77024-6051 | PSP Franchising, LLC | Franchise Agreement, dated 03/12/2021, as renewed or amended (Store #4427 - Missouri City) | | $0.00 |
| 121803989 | King Hammy II, LLC | King Hammy II, LLC 12505 Memorial Drive, Suite 330 Houston, TX 77024-6051 | PSP Franchising, LLC | Franchise Agreement, dated 05/27/2021, as renewed or amended (Store #4434 - Pearland) | | $0.00 |
| 122000036 | Kingsville Retail Group, LP | Kingsville Retail Group, LP PO Box 204391 Attn: John O'Shaughnessy Austin, TX 78720 | Buddy's Newco, LLC | Commercial Lease dated August 9, 2013, as amended (Store 1024) | 1024 | $300.00 |
| 121802287 | Kiran Patel (Entity Pending) | Kiran Patel (Entity Pending) Address on File | PSP Franchising, LLC | Franchise Agreement, dated 01/10/2023, as renewed or amended (Store #N/A - Woodbridge) | | $0.00 |
| 121804025 | KLS Pets, LLC | KLS Pets, LLC 602 Bainbridge Drive Mullica Hill, NJ 08062 | PSP Franchising, LLC | Franchise Agreement, dated 01/17/2024, as renewed or amended (Store #4634 - West Deptford) | | $0.00 |
| 121900079 | KNM Lee Properties LLC | KNM Lee Properties LLC 999 High Street Wadsworth , OH 44281 | PSP Stores, LLC | Lease, dated 07/01/2008, as amended (Mansfield, OH) | Mansfield, OH (0106) | $0.00 |
| 121804039 | KonaTex Ventures, LLC | KonaTex Ventures, LLC 7911 Appomattox Drive Austin, TX 78745 | PSP Franchising, LLC | Franchise Agreement, dated 05/13/2021, as renewed or amended (Store #4432 - Austin) | | $0.00 |
| 121804084 | KS Pet Retail Five, LLC | KS Pet Retail Five, LLC 770 W. Bedford Euless Rd. Hurst, TX 76053 | PSP Franchising, LLC | Franchise Agreement, dated 01/11/2018, as renewed or amended (Store #4168 - Overland Park) | | $0.00 |
| 121900217 | KSL Realty North Providence LLC | KSL Realty North Providence LLC 1403 Douglas Avenue North Providence, RI 02908 | PSP Stores, LLC | Lease, dated 10/01/2006, as amended (North Providence, RI) | North Providence, RI (9010) | $0.00 |
| 121804089 | Kuhl Business Concepts, LLC | Kuhl Business Concepts, LLC 8286 E Tumbleweed Drive Scottsdale, AZ 85266 | PSP Franchising, LLC | Franchise Agreement, dated 12/21/2022, as renewed or amended (Store #4406 - Phoenix) | | $0.00 |
| 121804105 | K-Zoo Pet, Inc. | K-Zoo Pet, Inc. 5062 Colony Woods Dr. Kalamazoo, MI 49009 | PSP Franchising, LLC | Franchise Agreement, dated 02/10/2006, as renewed or amended (Store #170 - Kalamazoo) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900092 | Lakewood (Ohio) Station LLC | Lakewood (Ohio) Station LLC c/o Phillips Edison & Co. 11501 Northlake Drive Cincinnati, OH 45249 | PSP Stores, LLC | Retail Space Lease, dated 02/16/2011, as amended (Lakewood, OH) | Lakewood, OH (0128) | $0.00 |
| 121804174 | Ledgers Pantry, LLC | Ledgers Pantry, LLC 14090 FM 2920, Ste. G551 Tomball, TX 77377 | PSP Franchising, LLC | Franchise Agreement, dated 10/14/2022, as renewed or amended (Store #4542 - Eldersburg) | | $0.00 |
| 121804175 | LeFort Pet Supplies, Inc. | LeFort Pet Supplies, Inc. 1548 Breezeridge Dr. Des Peres, MO 63131 | PSP Franchising, LLC | Franchise Agreement, dated 02/28/2014, as renewed or amended (Store #241 - Warson Woods) | | $0.00 |
| 121804182 | Left Moon Consulting Group LLC | Left Moon Consulting Group LLC 478 Sylvester Trail Highlands Ranch, CO 80129 | WNW Franchising, LLC | Franchise Agreement, dated 10/10/2022, as renewed (Store #3009 - Highlands Ranch) | | $0.00 |
| 121804183 | LegacyPets Inc. | LegacyPets Inc. 98 N Floral Leaf Cir The Woodlands, TX 77381 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2020, as renewed or amended (Store #4321 - Conroe) | | $0.00 |
| 121804186 | Lehigh Valley Industrial Park Lot 4 Owner, LLC | Lehigh Valley Industrial Park Lot 4 Owner, LLC BCDPF Radar Distribution Center LLC c/o Ares 1200 17th Street Suite 2900 Denver, CO 80202 | Pet Supplies "Plus", LLC | First Amednment to Lease | PA Distribution Center | $0.00 |
| 121804187 | Lehigh Valley Industrial Park Lot 4 Owner, LLC BCDPF Radar Distribution Center LLC Miles Tedder Matt Devitt | Lehigh Valley Industrial Park Lot 4 Owner, LLC BCDPF Radar Distribution Center LLC Miles Tedder Matt Devitt P.O. Box 9183433 Chicago, IL 60691-3433 | Pet Supplies "Plus", LLC | Property Sale and Lease Assignment Notification | PA Distribution Center | $0.00 |
| 121804203 | Level 10, LLC | Level 10, LLC 2495 Pembroke Ave. Hoffman Estates, IL 60169 | Pet Supplies "Plus", LLC | Project Change Request | | $22,289.78 |
| 121804227 | Level 10, LLC | Level 10, LLC 2495 Pembroke Ave. Hoffman Estates, IL 60169 | PSP Stores, LLC | Sales Order Confirmation | | $0.00 |
| 129990271 | LexisNexis , a division of RELX Inc. | LexisNexis , a division of RELX Inc. 1801 Varsity Drive Raleigh, NC 27606 | American Freight Outlet Stores, LLC | MSA, dated November 30, 2024 | | $0.00 |
| 121900219 | LGM Equities, LLC | LGM Equities, LLC c/o Milbrook Properties LLC 42 Bayview Ave. Manhasset, NY 11030 | PSP Stores, LLC | Lease, dated 10/01/2009, as amended (West Hempstead, NY) | West Hempstead , NY (9016) | $0.00 |
| 121804236 | LH Bolingbrook Weber, L.L.C. | LH Bolingbrook Weber, L.L.C. c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200 Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 03/30/2022, as renewed or amended (Store #4515 - Bolingbrook) | | $0.00 |
| 121804239 | LH Crystal Lake, L.L.C. | LH Crystal Lake, L.L.C. c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200 Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 10/09/2017, as renewed or amended (Store #4160 - Crystal Lake) | | $0.00 |
| 121804240 | LH Grayslake, L.L.C. | LH Grayslake, L.L.C. c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200 Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 03/30/2022, as renewed or amended (Store #4516 - Grayslake) | | $0.00 |
| 121804241 | LH Homer Glen, L.L.C. | LH Homer Glen, L.L.C. c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200 Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 08/28/2018, as renewed or amended (Store #4196 - Homer Glen) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121804242 | LH LaPorte, L.L.C. | LH LaPorte, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 09/26/2016, as renewed or amended (Store #4087 - La Porte) | | $0.00 |
| 121804243 | LH Plainfield, L.L.C | LH Plainfield, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 11/17/2015, as renewed or amended (Store #4037 - Plainfield) | | $0.00 |
| 121804244 | LH Villa Park, L.L.C. | LH Villa Park, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 09/17/2007, as renewed or amended (Store #72 - Villa Park) | | $0.00 |
| 121804245 | Li & FUNG (TRADING) LIMITED | Li & FUNG (TRADING) LIMITED<br>LiFung Tower<br>888 Cheung Sha Wan Road<br>Kowloon, | PSP Group, LLC | Buying Agency Agreement | | $0.00 |
| 121900113 | Lincoln Grace Investments, LLC | Lincoln Grace Investments, LLC<br>c/o Washington Properties, Inc.<br>400 Skokie Blvd.<br>Suite 425<br>Northbrook, IL 60062 | PSP Stores, LLC | Lease Agreement, dated 09/15/2011, as amended<br>(Chicago, IL) | Chicago, IL (0205) | $2,518.87 |
| 121900167 | Linear Retail #9 LLC | Linear Retail #9 LLC<br>c/o Linear Retail Properties, LLC<br>77 South Bedford Street<br>Suite 401<br>Burlington, MA 01803 | PSP Stores, LLC | Lease, dated 04/10/2017, as amended<br>(Nashua, NH) | Nashua, NH (4137) | $652.60 |
| 121900235 | Linear Retail Waltham #1 LLC | Linear Retail Waltham #1 LLC<br>c/o Linear Retail Properties, LLC<br>77 South Bedford Street<br>Suite 401<br>Burlington, MA 01803 | PSP Stores, LLC | Lease, dated 03/20/2013, as amended<br>(Waltham, MA) | Waltham, MA (9064) | $722.00 |
| 121804312 | Little Paws, LLC | Little Paws, LLC<br>7911 Platinum Ct.<br>Boerne, TX 78015 | PSP Franchising, LLC | Franchise Agreement, dated 08/23/2021, as renewed or amended (Store #4472 - Boerne) | | $0.00 |
| 122000224 | Lively Holdings, LLC | Lively Holdings, LLC<br>1170 Clover Hill Lane<br>Elgin, IL 60120 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 03/20/2024, as amended or extended (Store 482) | 482 | $0.00 |
| 121804392 | Love Your Neighbor Well, LLC | Love Your Neighbor Well, LLC<br>10804 Bridgeport Drive<br>Temple, TX 76502 | PSP Franchising, LLC | Franchise Agreement, dated 03/09/2024, as renewed or amended (Store #4635 - Temple) | | $0.00 |
| 121804409 | Lucid Software Inc. | Lucid Software Inc.<br>10355 S Jordan Gateway #150<br>South Jordan, UT 84095 | PSP Group, LLC | Lucid Order Form | | $0.00 |
| 121804411 | Lukaluk, LLC | Lukaluk, LLC<br>5985 Chester Way<br>Denver, CO 80238 | PSP Franchising, LLC | Franchise Agreement, dated 03/28/2023, as renewed or amended (Store #4597 - Green Valley Ranch) | | $0.00 |
| 121804423 | M & A Ventures | M & A Ventures<br>c/o REPAY<br>3 West Paces Ferry Road<br>Suite 200<br>Atlanta, GA 30309 | Buddy's Newco, LLC | Electronic Payment Contract | | $0.00 |
| 121804432 | M.I. Industries, Incorporated | M.I. Industries, Incorporated<br>55 Westport Drive<br>Suite 200<br>St. Louis, MO 63145 | PSP Group, LLC | Freezer Agreement | | $0.00 |
| 121804434 | M3 Ventures #4091, LLC | M3 Ventures #4091, LLC<br>c/o 191 Alps Rd., Suite 13-A<br>Athens, GA 30606 | PSP Franchising, LLC | Franchise Agreement, dated 12/15/2016, as renewed or amended (Store #4091 - Warner Robins) | | $0.00 |
| 121804435 | M3 Ventures #4105, LLC | M3 Ventures #4105, LLC<br>c/o 191 Alps Rd., Suite 13-A<br>Athens, GA 30606 | PSP Franchising, LLC | Franchise Agreement, dated 03/21/2017, as renewed or amended (Store #4105 - Macon) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|--------------------------|-------|-------------|
| 121804436 | M3 Ventures #8024, LLC | M3 Ventures #8024, LLC<br>c/o 191 Alps Rd., Suite 13-A<br>Athens, GA 30606 | PSP Franchising, LLC | Franchise Agreement, dated 10/06/2010, as renewed or amended (Store #8024 - Asheville) | | $0.00 |
| 121804437 | M3 Ventures #8029, LLC | M3 Ventures #8029, LLC<br>c/o 191 Alps Rd., Suite 13-A<br>Athens, GA 30606 | PSP Franchising, LLC | Franchise Agreement, dated 10/01/2004, as renewed or amended (Store #8029 - Athens) | | $0.00 |
| 121804438 | M3 Ventures #8034, LLC | M3 Ventures #8034, LLC<br>c/o 191 Alps Rd., Suite 13-A<br>Athens, GA 30606 | PSP Franchising, LLC | Franchise Agreement, dated 06/07/2007, as renewed or amended (Store #8034 - Carrollton) | | $0.00 |
| 121804440 | MAAK Corp. | MAAK Corp.<br>7907 Sendero Ridge<br>Fair Oaks Ranch, TX 78015 | WNW Franchising, LLC | Franchise Agreement, dated 10/25/2024 (Store #3041 - San Antonio) | | $0.00 |
| 121804454 | Madison Avery Partners , LLC | Madison Avery Partners , LLC<br>c/o Pet Supplies Plus, 1300 MacDade Boulevard<br>Woodlyn, PA 19094 | PSP Franchising, LLC | Franchise Agreement, dated 12/10/2019, as renewed or amended (Store #4286 - Cherry Hill) | | $0.00 |
| 121804455 | Madjef, Inc. | Madjef, Inc.<br>45 Longview Dr.<br>Scarsdale, NY 10583 | PSP Franchising, LLC | Franchise Agreement, dated 08/25/2014, as renewed or amended (Store #4056 - Yorktown Heights) | | $0.00 |
| 121804461 | Magnifico Pet Holdings, LLC | Magnifico Pet Holdings, LLC<br>c/o Pet Supplies Plus, 1300 MacDade Boulevard<br>Woodlyn, PA 19094 | PSP Franchising, LLC | Franchise Agreement, dated 09/13/2022, as renewed or amended (Store #4545 - Bradenton) | | $0.00 |
| 122000225 | Magnolia Furniture, Inc. | Magnolia Furniture, Inc.<br>8848 Dawes Lake Road South<br>Mobile, AL 36619 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/27/2013, as amended or extended (Store 380) | 380 | $0.00 |
| 122000226 | Magnolia Furniture, Inc. | Magnolia Furniture, Inc.<br>8848 Dawes Lake Road South<br>Mobile, AL 36619 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 04/16/2015, as amended or extended (Store 499) | 499 | $0.00 |
| 121804477 | Main Street Pet Supply, LLC | Main Street Pet Supply, LLC<br>31500 Northwestern Highway, Suite 175<br>Farmington Hills, MI 48334 | PSP Franchising, LLC | Franchise Agreement, dated 10/01/2020, as renewed or amended (Store #65 - Ann Arbor) | | $0.00 |
| 121804523 | Manhattan Associates, Inc. | Manhattan Associates, Inc.<br>2300 Windy Ridge Parkway<br>10th Floor<br>Atlanta, GA 30339 | PSP Distribution, LLC | SaaS Services Agreement | | $279,448.55 |
| 121804545 | MANNimals, Inc. | MANNimals, Inc.<br>2517 2nd Avenue West<br>Seattle, WA 98119 | PSP Franchising, LLC | Franchise Agreement, dated 02/14/2023, as renewed or amended (Store #4628 - Burlington) | | $0.00 |
| 121804552 | Marchan Enterprise, LLC | Marchan Enterprise, LLC<br>Corporation Trust Center, 1209 Orange Street<br>Wilmington, DE 19801 | PSP Franchising, LLC | Franchise Agreement, dated 05/13/2019, as renewed or amended (Store #4246 - Berwyn) | | $0.00 |
| 121900231 | Margand Enterprises, LLC | Margand Enterprises, LLC<br>1680 Route 23<br>Suite 330<br>Wayne, NJ 07470 | PSP Stores, LLC | Lease, dated 06/18/2012, as amended (Fair Lawn, NJ) | Fair Lawn, NJ (9056) | $0.00 |
| 121804557 | MaRick Inc. | MaRick Inc.<br>566 Fiesta Court<br>Fairfield, CA 94533 | PSP Franchising, LLC | Franchise Agreement, dated 12/31/2020, as renewed or amended (Store #4229 - Vacaville) | | $0.00 |
| 121804573 | MarketSpark, Inc. | MarketSpark, Inc.<br>750 B Street<br>Suite 2750<br>San Diego, CA 92101 | PSP Group, LLC | MarketSpark Master Service Agreement | | $0.00 |
| 121804575 | Marla Enterprise, LLC | Marla Enterprise, LLC<br>Corporation Trust Center, 1209 Orange Street<br>Wilmington, DE 19801 | PSP Franchising, LLC | Franchise Agreement, dated 03/12/2019, as renewed or amended (Store #4245 - Southampton) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------|------|------|------|------|------|
| 121804582 | Marmaduke's Munchies, LLC | Marmaduke's Munchies, LLC<br>9011 Sendera Dr.<br>Magnolia, TX 77354 | PSP Franchising, LLC | Franchise Agreement, dated 11/06/2020, as renewed or amended (Store #4358 - Kingwood) | | $0.00 |
| 121804586 | Marshfield Pets, LLC | Marshfield Pets, LLC<br>2295 Spring Rose Road<br>Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 04/07/2021, as renewed or amended (Store #4428 - Marshfield) | | $0.00 |
| 121804632 | Maverick Pets, LLC | Maverick Pets, LLC<br>4068 Lenox Drive<br>Cincinnati, OH 45245 | PSP Franchising, LLC | Franchise Agreement, dated 03/23/2023, as renewed or amended (Store #4592 - Milford) | | $0.00 |
| 121804633 | Max Bull, Inc. | Max Bull, Inc.<br>14240 Imboden Rd.<br>Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 10/02/2019, as renewed or amended (Store #4281 - Arvada) | | $0.00 |
| 121804634 | Max Pets Supplies, LLC | Max Pets Supplies, LLC<br>2214 Cortona Mist<br>San Antonio, TX 78260 | PSP Franchising, LLC | Franchise Agreement, dated 02/15/2024, as renewed or amended (Store #4638 - San Antonio) | | $0.00 |
| 121900047 | Mayrich III, Ltd. | Mayrich III, Ltd.<br>761 East 200th Street<br>Euclid, Oh 44119 | PSP Stores, LLC | Lease Agreement, dated 03/31/2009, as amended (Lyndhurst, OH) | Lyndhurst, OH (0083) | $2,112.62 |
| 122000026 | MBABJB Holdings LLC | MBABJB Holdings LLC<br>2425 Pineapple Ave #108<br>Melbourne, FL 32935 | Buddy's Newco, LLC | Lease Agreement dated March 3, 2011, as amended (Store 47) | 47 | $338.60 |
| 121804648 | McCabe Way Irvine LLC<br>Mileski Living Trust | McCabe Way Irvine LLC<br>Mileski Living Trust<br>1971 W 190TH STREET<br>SUITE 100<br>TORRANCE, CA 90504 | PSP Distribution, LLC | Amended and Restated Building Lease | | $0.00 |
| 121804649 | MCCABE WAY IRVINE, LLC | MCCABE WAY IRVINE, LLC<br>1971 W 190TH STREET<br>SUITE 100<br>TORRANCE, CA 90504 | PSP Distribution, LLC | First Amendment to the Amended and Restated Building Lease | | $0.00 |
| 121804650 | McCabe Way Irvine, LLC | McCabe Way Irvine, LLC<br>1971 W 190TH STREET<br>SUITE 100<br>TORRANCE, CA 90504 | PSP Distribution, LLC | HVAC Replacement Agreement | | $0.00 |
| 121804658 | McPetsol, Inc. | McPetsol, Inc.<br>33300 Five Mile Road, Suite 200<br>Livonia, MI 48154 | PSP Franchising, LLC | Franchise Agreement, dated 11/29/2000, as renewed or amended (Store #118 - Fenton) | | $0.00 |
| 121900206 | Meadowbrook Shopping Center Associates, LLC | Meadowbrook Shopping Center Associates, LLC<br>30600 Northwestern<br>Suite 430<br>Farmington Hills, MI 48334 | PSP Stores, LLC | Lease, dated 06/24/2013, as amended (Novi, MI) | Novi, MI (4557) | $0.00 |
| 121804689 | Mega Kyon Inc. | Mega Kyon Inc.<br>64 N Mill Street<br>Hopkinton, MA 01748 | PSP Franchising, LLC | Franchise Agreement, dated 08/03/2021, as renewed or amended (Store #4471 - Attleboro) | | $0.00 |
| 121804693 | Melian Labs Inc. dba MyTime | Melian Labs Inc. dba MyTime<br>600 California Street<br>11F<br>San Francisco, CA 94108 | PSP Group, LLC | First Amendment to Master Services Agreement | | $0.00 |
| 121804715 | Metro East PSP | Metro East PSP<br>664 Royal Crest Way<br>O'Fallon, IL 62269 | PSP Franchising, LLC | Franchise Agreement, dated 06/26/2023, as renewed or amended (Store #4619 - O'Fallon) | | $0.00 |
| 121900241 | MFB Glenville, LLC | MFB Glenville, LLC<br>RD Management LLC<br>810 Seventh Avenue<br>10th floor<br>New York, NY 10019 | PSP Stores, LLC | Lease, dated 02/23/2014, as amended (Glenville, NY) | Glenville, NY (9076) | $919.34 |
| 121804720 | MIA of South Carolina, LLC | MIA of South Carolina, LLC<br>208 St. James Avenue, Suite B<br>Goose Creek, SC 29445 | PSP Franchising, LLC | Franchise Agreement, dated 07/10/2020, as renewed or amended (Store #4329 - Murrell's Inlet) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 129900061 | Michelle Lambert (Entity Pending) | Michelle Lambert (Entity Pending) Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 | PSP Franchising, LLC | Franchise Agreement, dated 03/04/2019, as renewed or amended (Store #N/A - N/A) | | $0.00 |
| 121804732 | Michiana Pets, Inc. | Michiana Pets, Inc. 5062 Colony Woods Dr. Kalamazoo, MI 49009 | PSP Franchising, LLC | Franchise Agreement, dated 10/14/2005, as renewed or amended (Store #166 - Goshen) | | $0.00 |
| 121804733 | Michigan Office Solutions (MOS) | Michigan Office Solutions (MOS) 40000 Grand River Ave. Ste 500 Novi, MI 48375 | PSP Stores, LLC | Guaranteed Maintenance Agreement (GMA) | | $0.00 |
| 121804737 | Michigan Office Solutions Integrity One Technologies | Michigan Office Solutions Integrity One Technologies 801 N Capitol Ave Indianapolis, IN 46204 | PSP Stores, LLC | Customer Authorization for Equipment Removal, Disposal, Freight Return and Buyout Expectations | | $0.00 |
| 121804738 | Michigan Office Solutions, Inc. (Xerox Business Solutions Midwest) | Michigan Office Solutions, Inc. (Xerox Business Solutions Midwest) 40000 Grand River Ave. Ste 500 Novi, MI 48375 | Pet Supplies "Plus", LLC | Sales and Service Agreement | | $0.00 |
| 121804740 | Microsoft | Microsoft 6880 Sierra Center Parkway Reno, NV 89511 | PSP Group, LLC | Microsoft Enterprise Enrollment | | $0.00 |
| 121804742 | Microsoft | Microsoft 6880 Sierra Center Parkway Reno, NV 89511 | PSP Group, LLC | Enterprise Renewal Form | | $0.00 |
| 121804741 | Microsoft | Microsoft 6880 Sierra Center Parkway Reno, NV 89511 | PSP Group, LLC | Amendment to Contract Documents | | $0.00 |
| 121804744 | Microsoft | Microsoft 6880 Sierra Center Parkway Reno, NV 89511 | PSP Group, LLC | Enterprise Update Statement | | $0.00 |
| 121804746 | Microsoft Corporation | Microsoft Corporation 6880 Sierra Center Parkway Reno, NV 89511 | PSP Group, LLC | Microsoft Volume Licensing Agreement | | $1,095,666.86 |
| 121804745 | Microsoft Corporation | Microsoft Corporation 6880 Sierra Center Parkway Reno, NV 89511 | Pet Supplies "Plus", LLC | Purchase Order for Additional Premier Support Hours | | $0.00 |
| 121804750 | Microsoft Licensing, GP | Microsoft Licensing, GP 1401 Elm Street 5th Floor Dallas, TX 75202 | PSP Group, LLC | Purchase Order for True-Up EA for Additional Licenses | | $0.00 |
| 122000227 | MID Atlantic RTO, LLC | MID Atlantic RTO, LLC 106 Umbrella Place Jupiter, FL 33458 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/16/2022, as amended or extended (Store 502) | 502 | $0.00 |
| 122000228 | MID Atlantic RTO, LLC | MID Atlantic RTO, LLC 106 Umbrella Place Jupiter, FL 33458 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 09/03/2015, as amended or extended (Store 501) | 501 | $0.00 |
| 121804757 | Midtown Business Partners LLC | Midtown Business Partners LLC 1218 Hazel Tulsa, OK 74114 | PSP Franchising, LLC | Franchise Agreement, dated 10/04/2022, as renewed or amended (Store #4355 - Tulsa) | | $0.00 |
| 121900090 | Midway Market Square Elyria LLC | Midway Market Square Elyria LLC c/o Madison Properties 3611 14th Ave. Suite 420 Brooklyn, NY 11218 | PSP Stores, LLC | Lease, dated 04/16/2001, as amended (Elyria, OH) | Elyria, OH (0123) | $0.00 |
| 121804758 | Midwestern Pet Foods, Inc. | Midwestern Pet Foods, Inc. 9634 Hedden Road Evansville, IN 47725 | PSP Group, LLC | Limited Channel Exclusivity Agreement | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121804774 | Mission Pets | Mission Pets<br>986 Mission Street<br>5th Floor<br>San Francisco, CA 94103 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121804781 | MJC Enterprises, Inc. | MJC Enterprises, Inc.<br>42241 Garfield Rd.<br>Clinton Township, MI 48038 | PSP Franchising, LLC | Franchise Agreement, dated 02/20/1991, as renewed or amended (Store #8 - Clinton Twp) | | $0.00 |
| 121804784 | MJQ Enterprises, Inc. | MJQ Enterprises, Inc.<br>2501 Pennington Place<br>Valparaiso, IN 46383 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2002, as renewed or amended (Store #129 - Valparaiso) | | $0.00 |
| 121804795 | MO Pet Retail Three, LLC | MO Pet Retail Three, LLC<br>770 W. Bedford Euless Rd.<br>Hurst, TX 76053 | PSP Franchising, LLC | Franchise Agreement, dated 08/30/2017, as renewed or amended (Store #4158 - Lee's Summit) | | $0.00 |
| 121804796 | MO Pet Retail Two, LLC | MO Pet Retail Two, LLC<br>770 W. Bedford Euless Rd.<br>Hurst, TX 76053 | PSP Franchising, LLC | Franchise Agreement, dated 01/11/2018, as renewed or amended (Store #4167 - Kansas City) | | $0.00 |
| 121804807 | Monona Pets, LLC | Monona Pets, LLC<br>2295 Spring Rose Road<br>Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2023, as renewed or amended (Store #4595 - Monona) | | $0.00 |
| 121900080 | Monroe Triple Net, LLC | Monroe Triple Net, LLC<br>c/o Epic Property Management<br>12863 Eureka Rd.<br>Southgate, MI 48195 | PSP Stores, LLC | Lease, dated 03/05/2004, as amended (Monroe, MI) | Monroe, MI (0108) | $0.00 |
| 121900000 | Moody's | Moody's<br>7 World Trade Center<br>at 250 Greenwich Street<br>New York, NY 10007 | Franchise Group, Inc. | Application for Moody's Rating Assessment Service by Franchise Group | | $129,643.84 |
| 121900009 | Mount Pleasant Investments, LLC | Mount Pleasant Investments, LLC<br>c/o Synergy Property Management<br>5007 S Howell Avenue<br>Suite 115<br>Milwaukee, Wi 53207 | Pet Supplies "Plus", LLC | Lease Agreement, dated 09/08/1994, as amended (Racine, WI) | Racine, WI (0075) | $0.00 |
| 121804828 | Mountain Country Pet Care-LLC | Mountain Country Pet Care-LLC<br>201 Industrial<br>Okeene, OK 73763 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121900163 | MOUNTAIN LAUREL PLAZA ASSOCIATES | MOUNTAIN LAUREL PLAZA ASSOCIATES<br>c/o Oxford Development Company, Property Manager<br>301 Grant Street<br>Suite 4500<br>Pittsburgh, PA 15219 | PSP Stores, LLC | Lease, dated 01/11/2016, as amended (Latrobe, PA) | Latrobe, PA (4097) | $0.00 |
| 121804831 | Movable, Inc. | Movable, Inc.<br>5 Bryant Park (1065 Sixth Avenue)<br>9th Floor<br>New York, NY 10018 | PSP Franchising, LLC | Movable, Inc. Change Order Form | | $0.00 |
| 121804835 | Moysestra Enterprises, Inc. | Moysestra Enterprises, Inc.<br>80 Valley View Terrace<br>Montvale, NJ 07645 | PSP Franchising, LLC | Franchise Agreement, dated 04/07/2015, as renewed or amended (Store #4003 - Hillsdale) | | $0.00 |
| 121804836 | MPM Belmont,, LLC | MPM Belmont,, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2023, as renewed or amended (Store #4289 - Belmont) | | $0.00 |
| 121804837 | MPM Gastonia, LLC | MPM Gastonia, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2023, as renewed or amended (Store #4272 - Gastonia) | | $0.00 |
| 121804838 | MPM Greensboro, LLC | MPM Greensboro, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/29/2021, as renewed or amended (Store #4461 - Greensboro) | | $0.00 |
| 121804839 | MPM Pecan, LLC | MPM Pecan, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/21/2017, as renewed or amended (Store #4109 - Charlotte) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121804840 | MPM Retail Holdings, LLC | MPM Retail Holdings, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/13/2011, as renewed or amended (Store #8052 - Charlotte) | | $0.00 |
| 121804841 | MPMFM, LLC | MPMFM, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/02/2018, as renewed or amended (Store #4189 - Fort Mill) | | $0.00 |
| 121804842 | MPMRH, LLC | MPMRH, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/31/2018, as renewed or amended (Store #4107 - Rock Hill) | | $0.00 |
| 121804843 | MPMSC, LLC | MPMSC, LLC<br>19154 Rosemary Road<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/14/2015, as renewed or amended (Store #4018 - Charlotte) | | $0.00 |
| 121804844 | Mr Dark PSP, LLC | Mr Dark PSP, LLC<br>4688 N. Arrow Villa Way<br>Boise, ID 83703 | PSP Franchising, LLC | Franchise Agreement, dated 10/30/2022, as renewed or amended (Store #4331 - Lehi) | | $0.00 |
| 121804845 | Mr Dark PSP, LLC | Mr Dark PSP, LLC<br>4688 N. Arrow Villa Way<br>Boise, ID 83703 | PSP Franchising, LLC | Franchise Agreement, dated 03/19/2021, as renewed or amended (Store #4423 - Garden City) | | $0.00 |
| 121900220 | MRV Dickson City, LLC | MRV Dickson City, LLC<br>c/o Integrated Properties, Inc.<br>P.O. Box 988<br>Sudbury, MA 01776 | PSP Stores, LLC | Lease, dated 1/7/2020, as amended (Scranton, PA) | Scranton, PA (9022) | $0.00 |
| 122000229 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/16/2022, as amended or extended (Store 474) | 474 | $0.00 |
| 122000230 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 12/03/2014, as amended or extended (Store 473) | 473 | $0.00 |
| 122000231 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 03/26/2015, as amended or extended (Store 498) | 498 | $0.00 |
| 122000232 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/10/2020, as amended or extended (Store 547) | 547 | $0.00 |
| 122000233 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/10/2020, as amended or extended (Store 550) | 550 | $0.00 |
| 122000234 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/10/2020, as amended or extended (Store 551) | 551 | $0.00 |
| 122000235 | MTM Ventures, LLC | MTM Ventures, LLC<br>1116 Patton Avenue<br>Asheville, NC 28806 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 01/10/2020, as amended or extended (Store 554) | 554 | $0.00 |
| 121900112 | Muffrey LLC | Muffrey LLC<br>c/o Kin Properties<br>185 NW Spanish River Blvd.<br>Suite 100<br>Boca Raton, FL 33431 | PSP Stores, LLC | Lease Agreement, dated 09/19/2011, as amended (Lincolnwood, IL) | Lincolnwood, IL (0204) | $0.00 |
| 121804855 | Mun Pets, LLC | Mun Pets, LLC<br><br>16121 Haddam Ln<br>Westfield, IN 46062 | PSP Franchising, LLC | Franchise Agreement, dated 07/28/2022, as renewed or amended (Store #4530 - Muncie) | | $0.00 |
| 121900006 | Mundelein 83 LLC | Mundelein 83 LLC<br>c/o Shiner Group LLC<br>3201 Old Glenview Road<br>Suite 235<br>Wilmette, IL 60091 | Pet Supplies "Plus", LLC | Lease Agreement, dated 01/17/2005, as amended (Mundelein, IL) | Mundelein, IL (0063) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000236 | MW Management, Inc. | MW Management, Inc.<br>600 South Jefferson Street, Suite M<br>Athens, AL 35611 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/07/2023, as amended or extended (Store 441) | 441 | $0.00 |
| 122000237 | MW Management, Inc. | MW Management, Inc.<br>600 South Jefferson Street, Suite M<br>Athens, AL 35611 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/02/2024, as amended or extended (Store 442) | 442 | $0.00 |
| 121804870 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 10/29/2020, as renewed or amended (Store #4360 - Killeen) | | $0.00 |
| 121804871 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 11/13/2020, as renewed or amended (Store #4361 - Round Rock) | | $0.00 |
| 121804872 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 11/13/2020, as renewed or amended (Store #4362 - Brunswick) | | $0.00 |
| 121804873 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 12/17/2020, as renewed or amended (Store #4375 - Twinsburg) | | $0.00 |
| 121804874 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 09/01/2023, as renewed or amended (Store #4409 - Berea) | | $0.00 |
| 121804875 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 08/08/2022, as renewed or amended (Store #4534) | | $0.00 |
| 121804876 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 08/08/2022, as renewed or amended (Store #4535) | | $0.00 |
| 121804877 | MYA Ventures, Inc. | MYA Ventures, Inc.<br>43 Village Way, Suite 204<br>Hudson, OH 44236 | PSP Franchising, LLC | Franchise Agreement, dated 11/14/2022, as renewed or amended (Store #4559) | | $0.00 |
| 121804888 | N&S Developments 1, LLC | N&S Developments 1, LLC<br>7216 Southampton Lane<br>West Chester Township, OH 45069 | PSP Franchising, LLC | Franchise Agreement, dated 03/02/2021, as amended or amended (Store #4237 - Liberty Township) | | $0.00 |
| 121804890 | N&S Developments 3, LLC | N&S Developments 3, LLC<br>7216 Southampton Lane<br>West Chester Township, OH 45069 | PSP Franchising, LLC | Franchise Agreement, dated 06/18/2021, as amended or amended (Store #4239 - Beavercreek) | | $0.00 |
| 121804902 | NARS Capital LLC | NARS Capital LLC<br>3 Grace Court<br>Plainsboro Township, NJ 08536 | PSP Franchising, LLC | Franchise Agreement, dated 10/24/2023, as renewed or amended (Store #4632 - Hamilton Township) | | $0.00 |
| 121804910 | Nationwide Litho, Inc. | Nationwide Litho, Inc.<br>11728 Goldring Road<br>Arcadia, CA 91006 | PSP Group, LLC | Cardboard Carriers for Canned Pet Food Agreement | | $0.00 |
| 121804974 | NDM Enterprises, LLC | NDM Enterprises, LLC<br>45243 Daniels Court<br>Hollywood, MD 20636 | WNW Franchising, LLC | Franchise Agreement, dated 10/17/2023, as renewed (Store #3001 - California) | | $0.00 |
| 121804989 | Netsertive, Inc. | Netsertive, Inc.<br>2450 Perimeter Park Drive<br>Suite 105<br>Morrisville, NC 27560 | PSP Group, LLC | Master Services Agreement | | $0.00 |
| 121900232 | New Creek II LLC | New Creek II LLC<br>500 N. Broadway<br>Suite 201<br>PO Box 9010<br>Jericho, NY 11753 | PSP Stores, LLC | Lease, dated 08/29/2012, as amended (Short Hills, NJ) | Short Hills, NJ (9058) | $0.00 |
| 121900034 | New Creek LLC | New Creek LLC<br>500 N. Broadway<br>Suite 201<br>P.O. Box 9010<br>Jericho, NY 11753 | Pet Supplies "Plus", LLC | Lease, dated 04/27/1998, as amended (Medford, MA) | Medford, MA (9028) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|--------------------------|-----------------------------------|---------------|--------------------------|-------|-------------|
| 121900239 | New Westgate Mall LLC | New Westgate Mall LLC c/o New England Development 75 Park Plaza Boston, MA 02116 | PSP Stores, LLC | Lease, dated 10/28/2013, as amended (Brockton, MA) | Brockton, MA (9072) | $0.00 |
| 121805037 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 06/18/2007, as renewed or amended (Store #179 - Quincy) | | $0.00 |
| 121805038 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 04/15/2008, as renewed or amended (Store #185 - Champaign) | | $0.00 |
| 121805039 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 10/02/2008, as renewed or amended (Store #189 - Jacksonville) | | $0.00 |
| 121805040 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 08/27/2009, as renewed or amended (Store #194 - Danville) | | $0.00 |
| 121805041 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2011, as renewed or amended (Store #198 - Pekin) | | $0.00 |
| 121805042 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 06/11/2014, as renewed or amended (Store #230 - Dixon) | | $0.00 |
| 121805043 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 09/19/2018, as renewed or amended (Store #4187 - Macomb) | | $0.00 |
| 121805044 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 12/15/2020, as renewed or amended (Store #4408 - Chatham) | | $0.00 |
| 121805045 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 11/17/2021, as renewed or amended (Store #4480 - Sauk City) | | $0.00 |
| 121805046 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 02/10/2022, as renewed or amended (Store #4495 - Portage) | | $0.00 |
| 121805047 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 02/10/2022, as renewed or amended (Store #4496 - Troy) | | $0.00 |
| 121805048 | Niemann Foods, Inc. | Niemann Foods, Inc. 1501 N. 12th St. Quincy, IL 62301 | PSP Franchising, LLC | Franchise Agreement, dated 03/10/2022, as renewed or amended (Store #4504 - Whitewater) | | $0.00 |
| 121900064 | Nine & Mack Enterprises, LLC | Nine & Mack Enterprises, LLC 42475 Garfield Road Clinton Twp., MI 48038 | PSP Stores, LLC | Lease, dated 06/30/2008, as amended (St. Clair Shores, MI) | St. Clair Shores, MI (0032) | $0.00 |
| 121900017 | Noble Creek Partners LLC | Noble Creek Partners LLC PO Box 6147 Fishers, IN 46038 | Pet Supplies "Plus", LLC | Lease Agreement, dated 04/06/2004, as amended (Noblesville, IN) | Noblesville, IN (4102) | $0.00 |
| 121900134 | Norcor-Cadwell Associates LLC | Norcor-Cadwell Associates LLC c/o Horizon Realty Services 1540 E Dundee Rd Suite 240 Palatine, IL 60074 | PSP Stores, LLC | Lease Agreement, dated 06/05/2014, as amended (Deerfield, IL) | Deerfield, IL (0237) | $0.00 |
| 121900111 | Northcliff I-480 LLC | Northcliff I-480 LLC 30000 Chagrin Blvd. Ste 100 Cleveland, OH 44124 | PSP Stores, LLC | Lease, dated 08/14/2009, as amended (Brooklyn, OH) | Brooklyn, OH (0195) | $0.00 |
| 121805076 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 05/19/2015, as renewed or amended (Store #4000 - Atlantic Beach) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805077 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 03/27/2020, as renewed or amended (Store #4316 - Jacksonville) | | $0.00 |
| 121805078 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 02/17/2024, as renewed or amended (Store #4417 - Parrish) | | $0.00 |
| 121805079 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 11/12/2021, as renewed or amended (Store #4479 - Gainesville) | | $0.00 |
| 129990005 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 02/28/2017, as renewed or amended (Store #4125 - Orange Park) | | $0.00 |
| 129990011 | Northeast Florida Pet Nutrition, LLC | Northeast Florida Pet Nutrition, LLC 120 Palencia Village Drive, PMB 105 Box 177 St. Augustine, FL 32095 | PSP Franchising, LLC | Franchise Agreement, dated 11/18/2017, as renewed or amended (Store #4256 - St Augustine) | | $0.00 |
| 122000021 | NORTHLAKE VILLAGE OWNER, LLC dba HIFFMAN | NORTHLAKE VILLAGE OWNER, LLC dba HIFFMAN C/O HIFFMAN ASSET MGMT ONE OAKBROOK TER #400 OAKBROOK TERRACE, IL 60181 | Buddy's Newco, LLC | Lease dated January 9, 1998, as amended (Store 33) | 33 | $466.23 |
| 121805080 | Northridge Crossing L.P. | Northridge Crossing L.P. c/o Casto 250 Civic Center Drive Suite 500 Columbus, OH 43215 | Pet Supplies "Plus", LLC | Lease Agreement, dated 01/19/2003, as amended (Westerville, OH) | Westerville, OH (0159) | $0.00 |
| 121805081 | Northtowne Associates | Northtowne Associates c/o J.J. Gumberg Co. 1051 Brinton Road Pittsburgh, PA 15221 | Pet Supplies "Plus", LLC | Lease Agreement, dated 03/24/2008, as amended (Defiance, OH) | Defiance, OH (0186) | $0.00 |
| 129990009 | Novi Pet Expo | Novi Pet Expo 1207 W Hawthorne Street Arlington Heights, IL 60005 | Pet Supplies "Plus", LLC | 2 Year Title Sponsorship Agreement | | $0.00 |
| 121805166 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 02/18/2016, as renewed or amended (Store #4059 - Taylors) | | $0.00 |
| 121805167 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 06/30/2020, as renewed or amended (Store #4327 - Columbia) | | $0.00 |
| 121805168 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 03/26/2024, as renewed or amended (Store #4636 - Lexington) | | $0.00 |
| 121805169 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 02/06/1998, as renewed or amended (Store #8001 - West Columbia) | | $0.00 |
| 121805170 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 12/14/2004, as renewed or amended (Store #8031 - Columbia) | | $0.00 |
| 121805171 | NuVest Enterprises, LLC | NuVest Enterprises, LLC 2670 W. Maple Troy, MI 48084 | PSP Franchising, LLC | Franchise Agreement, dated 12/12/2012, as renewed or amended (Store #8058 - Irmo) | | $0.00 |
| 121805175 | Nyla's Pantry, LLC | Nyla's Pantry, LLC 14090 FM 2920, Ste. G551 Tomball, TX 77377 | PSP Franchising, LLC | Franchise Agreement, dated 10/12/2022, as renewed or amended (Store #4541 - Nottingham) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900016 | Oak Lawn Joint Venture I, L.L.C | Oak Lawn Joint Venture I, L.L.C<br>Attn: Gregory Moross<br>302 Datura Street<br>Suite 100<br>West Palm Beach, FL 33401 | Pet Supplies "Plus", LLC | Lease, dated 04/27/1993, as amended (Oak Lawn, IL) | Oak Lawn, IL (4101) | $0.00 |
| 121900141 | Oak Park Associates, Inc. | Oak Park Associates, Inc.<br>8954 Hill Drive<br>North Huntington<br>North Huntington, PA 15642 | PSP Stores, LLC | Lease, dated 03/05/2015, as amended (White Oak, PA) | White Oak, PA (0248) | $660.19 |
| 121805180 | Oakville Partners, LLC | Oakville Partners, LLC<br>3012 Oakville Woods Court<br>St. Louis, MO 63121 | PSP Franchising, LLC | Franchise Agreement, dated 10/06/2015, as renewed or amended (Store #4051 - St. Louis) | | $0.00 |
| 121805181 | Oakville Partners, LLC | Oakville Partners, LLC<br>3012 Oakville Woods Court<br>St. Louis, MO 63121 | PSP Franchising, LLC | Franchise Agreement, dated 06/28/2018, as renewed or amended (Store #4188 - St. Louis) | | $0.00 |
| 122000009 | Ocala SC Company, Ltd. | Ocala SC Company, Ltd.<br>c/o RMC PROPERTY GROUP<br>8902 N DALE MABRY HWY<br>TAMPA, FL 33614 | Buddy's Newco, LLC | Lease Agreement dated December 30, 2009, as amended (Store 22) | 22 | $528.49 |
| 121805186 | Octopus Deploy Pty. Ltd. | Octopus Deploy Pty. Ltd.<br>Level 4<br>199 Grey St<br>South Brisbane, QLD 4101 | Pet Supplies "Plus", LLC | Octopus Deploy License Agreement | | $0.00 |
| 121900159 | Odenton Shopping Center Limited Partnership | Odenton Shopping Center Limited Partnership<br>c/o Nellis Corporation<br>7811 Montrose Road<br>Suite 420<br>Potomac, MD 20854 | PSP Stores, LLC | Lease, dated 07/26/2016, as amended (Odenton, MD) | Odenton, MD (4082) | $0.00 |
| 121900180 | OGR Tanglewood LLC | OGR Tanglewood LLC<br>141 Robert E. Lee Blvd - 253<br>New Orleans, LA 70124 | PSP Stores, LLC | Lease, dated 08/13/2018, as amended (Elizabeth City, NC) | Elizabeth City, NC (4195) | $770.71 |
| 121805199 | Oil-Dri Corporation of America | Oil-Dri Corporation of America<br>410 N. Michigan Ave.<br>4th Floor<br>Chicago, IL 60611 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121805227 | One Source Technology, LLC dba Asurint | One Source Technology, LLC dba Asurint<br>1111 Superior Avenue<br>Suite 2100<br>Cleveland, OH 44114 | PSP Group, LLC | Background Screening Services Agreement | | $0.00 |
| 121805230 | OneStream Software LLC | OneStream Software LLC<br>362 South Street<br>Rochester, MI 48307 | Franchise Group, Inc. | SaaS Agreement | | $0.00 |
| 121805254 | Opterus Inc. | Opterus Inc.<br>525 Adelaide St. W<br>Suite 1235<br>Toronto, ON M5V ON7 | PSP Group, LLC | Amendment to Opterus Store Ops-Center Standard Agreement | | $0.00 |
| 121805266 | Optiv Security Inc. | Optiv Security Inc.<br>17197 N. Laural Park Drive<br>Suite #402<br>Livonia, MI 48152 | PSP Group, LLC | Purchase Order for PCI 4.0 Delta Assessment | | $0.00 |
| 121805267 | Optiv Security Inc. | Optiv Security Inc.<br>17197 N. Laural Park Drive<br>Suite #402<br>Livonia, MI 48152 | PSP Group, LLC | Purchase Order for PCI Compliance | | $0.00 |
| 121805268 | Optiv Security Inc. | Optiv Security Inc.<br>17197 N. Laural Park Drive<br>Suite #402<br>Livonia, MI 48152 | PSP Group, LLC | Statement of Work PCI Report on Compliance | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805269 | Optiv Security Inc. | Optiv Security Inc.<br>17197 N. Laural Park Drive<br>Suite #402<br>Livonia, MI 48152 | PSP Group, LLC | Optiv Terms of Purchase | | $0.00 |
| 121805277 | Optiv, Inc. | Optiv, Inc.<br>1144 15th St.<br>Denver, CO 80202 | PSP Group, LLC | PSP Group - PCI ROC and QSA Retainer SOW | | $0.00 |
| 121805281 | Oracle America, Inc. | Oracle America, Inc.<br>500 Oracle Parkway<br>Redwood Shores, CA 94065 | PSP Group, LLC | Oracle Cloud Services Agreement | | $39,967.50 |
| 121805292 | Orange-WNW, LLC | Orange-WNW, LLC<br>26 Carriage Lane<br>Troutville, VA 24011 | WNW Franchising, LLC | Franchise Agreement, dated 12/07/2023 (Store #3038 - Roanoke) | | $0.00 |
| 121900042 | Orchard ParkTK Owner LLC | Orchard ParkTK Owner LLC<br>Attn: David Dworkin<br>c/o JADD Management LLC<br>415 Park Avenue<br>Rochester, NY 14607 | PSP Franchising, LLC | Lease Agreement, dated 02/11/2019, as amended (Orchard Park, NY) | Orchard Park, NY (4527) | $0.00 |
| 121900157 | ORF IX Freedom Plaza, LLC | ORF IX Freedom Plaza, LLC<br>c/o Parth Munshi, General Counsel<br>5865 North Point PKWY<br>Ste 345<br>Alpharetta, GA 30022 | PSP Stores, LLC | Lease, dated 04/22/2016, as amended (Rome, NY) | Rome, NY (4065) | $0.00 |
| 121805308 | Orion, LLC | Orion, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/30/1998, as renewed or amended (Store #8015 - Pelham) | | $0.00 |
| 121805309 | Orion, LLC | Orion, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 05/07/2007, as renewed or amended (Store #8017 - Mobile) | | $0.00 |
| 121805310 | Orion, LLC | Orion, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/17/2000, as renewed or amended (Store #8020 - Tuscaloosa) | | $0.00 |
| 121805311 | Orion, LLC | Orion, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/30/2003, as renewed or amended (Store #8028 - Homewood) | | $0.00 |
| 121805321 | Otava | Otava<br>825 Victors Way<br>Suite 200<br>Ann Arbor, MI 48108 | PSP Group, LLC | PSP Group - Colocation Renewal - AA2 (v-1) | | $0.00 |
| 121805322 | Otava | Otava<br>825 Victors Way<br>Suite 200<br>Ann Arbor, MI 48108 | PSP Group, LLC | PSP Group - Colocation Renewal - AA2 (v-2) | | $0.00 |
| 121805323 | Otava | Otava<br>825 Victors Way<br>Suite 200<br>Ann Arbor, MI 48108 | PSP Group, LLC | PSP Group | Cloud + Backup (v-8) | | $0.00 |
| 121900150 | Oxford Crossing LLC | Oxford Crossing LLC<br>c/o Capital Group Properties LLC<br>259 Turnpike Road<br>Suite 100<br>Southborough, MA 01772 | PSP Stores, LLC | Lease, dated 12/03/2015, as amended (Oxford, MA) | Oxford, MA (4039) | $987.76 |
| 121805349 | Pahrump Group, LLC | Pahrump Group, LLC<br>8901 Tierra Santa Ave.<br>Las Vegas, NV 89129 | PSP Franchising, LLC | Franchise Agreement, dated 07/17/2023, as renewed or amended (Store #4640 - Pahrump) | | $0.00 |
| 121900183 | Paint Creek South LLC | Paint Creek South LLC<br>24255 West 13 Mile Road<br>Suite 220<br>Bingham Farms, MI 48025 | PSP Stores, LLC | Lease Agreement, dated 01/21/2021, as amended (Ypsilanti, MI) | Ypsilanti, MI (4227) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121805360 | Panther Pets LLC | Panther Pets LLC<br>4343 Logan Ferry Road<br>Murrysville, PA 15668 | PSP Franchising, LLC | Franchise Agreement, dated 07/09/2021, as renewed or amended (Store #4468 - North Huntingdon) | | $0.00 |
| 121805369 | Paragon Pet Supplies, LLC | Paragon Pet Supplies, LLC<br>30570 Park Vista Dr.<br>Castaic, CA 91384 | PSP Franchising, LLC | Franchise Agreement, dated 07/05/2018, as renewed or amended (Store #4197 - Valencia) | | $0.00 |
| 121805371 | Paragon School of Pet Grooming, Inc. | Paragon School of Pet Grooming, Inc.<br>110 Chicago Drive<br>Jenison, MI 49428 | PSP Stores, LLC | Distance Learning Program Amendment and Renewal Extension Agreement | | $0.00 |
| 121900188 | Paramount Crossroads at Pasadena, LLC | Paramount Crossroads at Pasadena, LLC<br>c/o Paramount Newco Realty<br>1195 Rt 70<br>Suite 2000<br>Lakewood, NH 08701 | PSP Stores, LLC | Lease, dated 08/26/2019, as amended (Pasadena, MD) | Pasadena, MD (4268) | $0.00 |
| 121805375 | Paridiso 2911 LLC | Paridiso 2911 LLC<br>241 McKinley Ave.<br>Grosse Pointe Farms, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 11/04/2020, as renewed or amended (Store #4287 - Chesterfield Twp.) | | $0.00 |
| 122000033 | Park Boulevard Shopping Center Ltd. | Park Boulevard Shopping Center Ltd.<br>C/O: SSG Commercial LLC<br>204 N Howard Ave<br>Tampa, FL 33606 | Buddy's Newco, LLC | Lease Agreement dated March 31, 1994, as amended (Store 1017) | 1017 | $564.47 |
| 121805384 | Patts Pets, Inc. | Patts Pets, Inc.<br>9290 Cherry Brook Lane<br>Frisco, TX 75034 | PSP Franchising, LLC | Franchise Agreement, dated 10/11/2022, as renewed or amended (Store #4570 - Cedar Hill) | | $0.00 |
| 122000238 | Pauhana Associates Limited | Pauhana Associates Limited<br>194 Pugua Street<br>Dededo, Guam 96929 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/01/2020, as amended or extended (Store 439 and 440) | 439<br>440 | $0.00 |
| 121805391 | Pawfect Pals, LLC | Pawfect Pals, LLC<br>9420 Red Spruce Way<br>Elk Grove, CA 95624 | PSP Franchising, LLC | Franchise Agreement, dated 10/25/2023, as renewed or amended (Store #4637 - Gold River) | | $0.00 |
| 121805392 | Pawsitive Return - Marietta, LLC | Pawsitive Return - Marietta, LLC<br>2037 Towne Lake Hills West<br>Woodstock, GA 30189 | PSP Franchising, LLC | Franchise Agreement, dated 10/08/2008, as renewed or amended (Store #8041 - Marietta) | | $0.00 |
| 121805393 | Pawsitive Return, LLC | Pawsitive Return, LLC<br>2037 Towne Lake Hills West<br>Woodstock, GA 30189 | PSP Franchising, LLC | Franchise Agreement, dated 03/25/2016, as renewed or amended (Store #4083 - Acworth) | | $0.00 |
| 121805394 | Pawsitively Pets LLC | Pawsitively Pets LLC<br>103 S. 29th St.<br>Wilmington, NC 28403 | PSP Franchising, LLC | Franchise Agreement, dated 11/12/2019, as renewed or amended (Store #4307 - Chapel Hill) | | $0.00 |
| 121805395 | Pawsome Pets Okemos, LLC | Pawsome Pets Okemos, LLC<br>541 Wenonah Drive<br>Okemos, MI 48864 | PSP Franchising, LLC | Franchise Agreement, dated 12/29/2020, as renewed or amended (Store #4292 - Okemos) | | $0.00 |
| 121805396 | Pawsome Pets Plus, LLC | Pawsome Pets Plus, LLC<br>541 Wenonah Drive<br>Okemos, MI 48864 | PSP Franchising, LLC | Franchise Agreement, dated 03/21/2019, as renewed or amended (Store #4306 - Holland) | | $0.00 |
| 121805400 | PAYCOM PAYROLL, LLC | PAYCOM PAYROLL, LLC<br>7501 W Memorial Road<br>Oklahoma City, OK 73142 | Buddy's Newco, LLC | Payroll and Human Capital Management Services Agreement | | $0.00 |
| 121900212 | PBC Seguin, LLC | PBC Seguin, LLC<br>PO Box 19831<br>Houston, TX 77224 | PSP Stores, LLC | Lease, dated 02/07/2008, as amended (Seguin, TX) | Seguin, TX (7008) | $415.12 |
| 121805414 | PC Connection Sales Corp. | PC Connection Sales Corp.<br>730 Milford Road<br>Merrimack, NH 03054-4631 | Buddy's Newco, LLC | Equipment Lease Agreement | | $0.00 |
| 121900063 | PDQ Israel Family Northtowne, LLC | PDQ Israel Family Northtowne, LLC<br>5300 W. Atlantic Avenue<br>Suite 509<br>Delray Beach, FL 33484 | PSP Stores, LLC | Lease, dated 06/03/1992, as amended (Toledo, OH) | Toledo, OH (0029) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 140000200 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91<br>92 93 94 95 96<br>100 102 104<br>105 352 353<br>354 357 359<br>360 361 363<br>365 366 367<br>369 370 392<br>393 395 396<br>397 398 399<br>400 401 402<br>403 404 567<br>570 571 572<br>573 576 588<br>593 600 622<br>623 1021 1037<br>1041 1042<br>1043 1045<br>1057 1058<br>1060 1063<br>1065 1067<br>1068 1069<br>1070 2110<br>2111 2112<br>2113 2114<br>2116 2117<br>2118 | $0.00 |
| 140000201 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated December 1, 2017, to that certain Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91<br>92 93 94 95 96<br>100 102 104<br>105 352 353<br>354 357 359<br>360 361 363<br>365 366 367<br>369 370 392<br>393 395 396<br>397 398 399<br>400 401 402<br>403 404 567<br>622 623 | $0.00 |
| 140000207 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Termination Agreement and Release dated August 1, 2024, by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 360<br>405 | $0.00 |
| 140000208 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated December 2, 2021, between Buddy's Franchising and Licensing LLC and Pentex 1848, LLC | 445 | $0.00 |
| 140000209 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated December 2, 2021 to the Franchise Agreement dated December 2, 2021, between Buddy's Franchising and Licensing LLC and Pentex 1848, LLC | 445 | $0.00 |
| 140000210 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated December 2, 2021, between Buddy's Franchising and Licensing LLC and Pentex 1848, LLC | 513 | $0.00 |
| 140000211 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated December 2, 2021 to the Franchise Agreement dated December 2, 2021, between Buddy's Franchising and Licensing LLC and Pentex 1848, LLC | 513 | $0.00 |
| 140000212 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated August 23, 2019, to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 570 571 572<br>573 576 588<br>593 600 1021<br>1037 1041<br>1042 1043<br>1045 1057<br>1058 1060<br>1063 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 140000213 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Amendment dated October 23, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 2110 2111<br>2112 2113<br>2114 2116<br>2117 2118 | $0.00 |
| 140000214 | Pentex 1848, LLC | Pentex 1848, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Amendment dated July 1, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 1065 1067<br>1068 1069<br>1070 | $0.00 |
| 140000200 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91<br>92 93 94 95 96<br>100 102 104<br>105 352 353<br>354 357 359<br>360 361 363<br>365 366 367<br>369 370 392<br>393 395 396<br>397 398 399<br>400 401 402<br>403 404 567<br>570 571 572<br>573 576 588<br>593 600 622<br>623 1021 1037<br>1041 1042<br>1043 1045<br>1057 1058<br>1060 1063<br>1065 1067<br>1068 1069<br>1070 2110<br>2111 2112<br>2113 2114<br>2116 2117<br>2118 | $0.00 |
| 140000201 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Addendum dated December 1, 2017, to that certain Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91<br>92 93 94 95 96<br>100 102 104<br>105 352 353<br>354 357 359<br>360 361 363<br>365 366 367<br>369 370 392<br>393 395 396<br>397 398 399<br>400 401 402<br>403 404 567<br>622 623 | $0.00 |
| 140000205 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement dated June 17, 2022, between Buddy's Franchising and Licensing LLC and Pentex RTO, LLC | 405 | $0.00 |
| 140000206 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Addendum dated June 17, 2022 to the Franchise Agreement dated June 17, 2022, between Buddy's Franchising and Licensing LLC and Pentex RTO, LLC | 405 | $0.00 |
| 140000207 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Termination Agreement and Release dated August 1, 2024, by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 360<br>405 | $0.00 |
| 140000212 | Pentex RTO, LLC | Pentex RTO, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising<br>and Licensing LLC | Amendment dated August 23, 2019, to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 570 571 572<br>573 576 588<br>593 600 1021<br>1037 1041<br>1042 1043<br>1045 1057<br>1058 1060<br>1063 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 140000213 | Pentex RTO, LLC | Pentex RTO, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated October 23, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 2110 2111 2112 2113 2114 2116 2117 2118 | $0.00 |
| 140000214 | Pentex RTO, LLC | Pentex RTO, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated July 1, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 1065 1067 1068 1069 1070 | $0.00 |
| 140000200 | Pentex Top Left, LLC | Pentex Top Left, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91 92 93 94 95 96 100 102 104 105 352 353 354 357 359 360 361 363 365 366 367 369 370 392 393 395 396 397 398 399 400 401 402 403 404 567 570 571 572 573 576 588 593 600 622 623 1021 1037 1041 1042 1043 1045 1057 1058 1060 1063 1065 1067 1068 1069 1070 2110 2111 2112 2113 2114 2116 2117 2118 | $0.00 |
| 140000201 | Pentex Top Left, LLC | Pentex Top Left, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Addendum dated December 1, 2017, to that certain Franchise Agreement dated December 1, 2017, by and among Buddy's Franchising and Licensing and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 84 81 87 89 91 92 93 94 95 96 100 102 104 105 352 353 354 357 359 360 361 363 365 366 367 369 370 392 393 395 396 397 398 399 400 401 402 403 404 567 622 623 | $0.00 |
| 140000204 | Pentex Top Left, LLC | Pentex Top Left, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Franchise Agreement dated August 10, 2020, between Buddy's Franchising and Licensing LLC and Pentex Top Left, LLC | 368 | $0.00 |
| 140000207 | Pentex Top Left, LLC | Pentex Top Left, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Termination Agreement and Release dated August 1, 2024, by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 360 405 | $0.00 |
| 140000212 | Pentex Top Left, LLC | Pentex Top Left, LLC 1345 George Jenkins Blvd. Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated August 23, 2019, to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC | 570 571 572 573 576 588 593 600 1021 1037 1041 1042 1043 1045 1057 1058 1060 1063 | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 140000213 | Pentex Top Left, LLC | Pentex Top Left, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated October 23, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 2110 2111<br>2112 2113<br>2114 2116<br>2117 2118 | $0.00 |
| 140000214 | Pentex Top Left, LLC | Pentex Top Left, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | Buddy's Franchising and Licensing LLC | Amendment dated July 1, 2019 to the Buddy's Franchising and Licensing Franchise Agreement by and among Buddy's Franchising and Licensing LLC and Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC, and Pentex 1848, LLC. | 1065 1067<br>1068 1069<br>1070 | $0.00 |
| 121805450 | Personal Zoo Supply, Inc. | Personal Zoo Supply, Inc.<br>1517 Lakeview Ave.<br>Sylvan Lake, MI 48320 | PSP Franchising, LLC | Franchise Agreement, dated 06/27/2007, as renewed or amended (Store #8035 - New Port Richey) | | $0.00 |
| 121805453 | Pestell Pet Products | Pestell Pet Products<br>141 Hamilton Road<br>New Hamburg, N3A 2H1 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 129990007 | Pet Blitz, LLC | Pet Blitz, LLC<br>824 Woodington Drive<br>Pataskala, OH 43062 | PSP Franchising, LLC | Franchise Agreement, dated 04/01/2024, as renewed or amended (Store #4644 - Creve Coeur) | | $0.00 |
| 121802276 | Pet Blitz, LLC | Pet Blitz, LLC<br>326 N Meramec Avenue<br>Clayton, MO 63105 | PSP Franchising, LLC | Franchise Agreement, dated 04/01/2024, as renewed or amended (Store #4644 - Creve Coeur) | | $0.00 |
| 121805457 | Pet Brands, LLC | Pet Brands, LLC<br>425 Metro Place North<br>Suite 690<br>Dublin, OH 43017 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121805458 | Pet Bridge, Inc. | Pet Bridge, Inc.<br>521 Potomac Road<br>Joppatowne, MD 21085 | PSP Franchising, LLC | Franchise Agreement, dated 04/07/2022, as renewed or amended (Store #4543 - Bel Air) | | $0.00 |
| 121805459 | PET FACTORY, INC. | PET FACTORY, INC.<br>845 EAST HIGH STREET<br>MUNDELEIN, IL 60060 | PSP Group, LLC | PRIVATE BRAND PET FOODS AGREEMENT | | $0.00 |
| 121805460 | Pet Joy Baytown, LLC | Pet Joy Baytown, LLC<br>4618 Stoney Ridge Court<br>Sugar Land, TX 77479 | PSP Franchising, LLC | Franchise Agreement, dated 02/15/2019, as renewed or amended (Store #4219 - Baytown) | | $0.00 |
| 121805462 | Pet Maab, Inc | Pet Maab, Inc<br>15 Stirrup Lane<br>Salonga, NY 11768 | PSP Franchising, LLC | Franchise Agreement, dated 04/27/2004, as renewed or amended (Store #4643 - Massapequa) | | $0.00 |
| 121805463 | Pet Plus Love, L.L.C | Pet Plus Love, L.L.C<br>21 Cedar Grove Court<br>Rosedale, MD 21237 | PSP Franchising, LLC | Franchise Agreement, dated 12/18/2023, as renewed or amended (Store #4631 - Dundalk) | | $0.00 |
| 121805464 | Pet Stark LLC | Pet Stark LLC<br>134 Derby Lane<br>Bensalem, PA 19020 | PSP Franchising, LLC | Franchise Agreement, dated 11/17/2021, as renewed or amended (Store #4529 - Bensalem) | | $0.00 |
| 121805465 | Pet Supplies Plus Dallas II, LLC | Pet Supplies Plus Dallas II, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/27/2019, as renewed or amended (Store #4247 - Arlington) | | $0.00 |
| 121805466 | Pet Supplies Plus Dallas II, LLC | Pet Supplies Plus Dallas II, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/07/2022, as renewed or amended (Store #4493 - Frisco) | | $0.00 |
| 121805467 | Pet Supplies Plus Dallas II, LLC | Pet Supplies Plus Dallas II, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/24/2022, as renewed or amended (Store #4509 - Irving) | | $0.00 |
| 121805468 | Pet Supplies Plus Dallas II, LLC | Pet Supplies Plus Dallas II, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/06/2022, as renewed or amended (Store #4544 - Allen) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121805469 | Pet Supplies Plus Dallas II, LLC | Pet Supplies Plus Dallas II, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/13/2022, as renewed or amended (Store #4558 - Irving ) | | $0.00 |
| 121805470 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/26/2021, as renewed or amended (Store #4235 - Fort Worth) | | $0.00 |
| 121805471 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/09/2020, as renewed or amended (Store #4369 - Crowley) | | $0.00 |
| 121805472 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/14/2020, as renewed or amended (Store #4386 - Mesquite) | | $0.00 |
| 121805473 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/03/2021, as renewed or amended (Store #4482 - Dallas) | | $0.00 |
| 121805474 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/24/2022, as renewed or amended (Store #4510 - Prosper) | | $0.00 |
| 121805475 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/11/2011, as renewed or amended (Store #7011 - Dallas) | | $0.00 |
| 121805476 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 12/13/2011, as renewed or amended (Store #7013 - Dallas) | | $0.00 |
| 121805477 | Pet Supplies Plus Dallas, LLC | Pet Supplies Plus Dallas, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 11/13/2011, as renewed or amended (Store #7014 - Lewisville) | | $0.00 |
| 121805478 | Pet Supplies Plus of Connecticut 203, LLC | Pet Supplies Plus of Connecticut 203, LLC<br>60 Orchard Road<br>Woodbridge, CT 06525 | PSP Franchising, LLC | Franchise Agreement, dated 02/11/1998, as renewed or amended (Store #4213 - Orange) | | $0.00 |
| 121805479 | Pet Supplies Plus of Connecticut 203, LLC | Pet Supplies Plus of Connecticut 203, LLC<br>60 Orchard Road<br>Woodbridge, CT 06525 | PSP Franchising, LLC | Franchise Agreement, dated 10/10/2011, as renewed or amended (Store #4214 - Shelton) | | $0.00 |
| 121805480 | Petcetera, Inc. | Petcetera, Inc.<br>Registered Agents, Inc., 7901 4th Street N, Suite 300<br>St. Petersburg, FL 33702 | PSP Franchising, LLC | Franchise Agreement, dated 06/20/2019, as renewed or amended (Store #4266 - Spring Hill) | | $0.00 |
| 121805484 | PetIQ, LLC | PetIQ, LLC<br>230 East Riverside Drive<br>Eagle, ID 83616 | PSP Stores, LLC | Community Clinic Agreement | | $0.00 |
| 121805485 | Pets, Inc. | Pets, Inc.<br>3858 Wabeek Lake Drive E<br>Bloomfield Hills, MI 48302 | PSP Franchising, LLC | Franchise Agreement, dated 08/08/1991, as renewed or amended (Store #13 - White Lake) | | $0.00 |
| 121805486 | Pets4ever LLC | Pets4ever LLC<br>5541 Satinleaf Way<br>San Ramon, CA 94582 | PSP Franchising, LLC | Franchise Agreement, dated 07/26/2024, as renewed or amended (Store #4132 - Pleasanton) | | $0.00 |
| 121805487 | Petsway, Inc. | Petsway, Inc.<br>1669 St. Louis St.<br>Springfield, MO 65802 | PSP Franchising, LLC | Franchise Agreement, dated 08/17/2020, as renewed or amended (Store #4334 - Nixa) | | $0.00 |
| 121805488 | Petsway, Inc. | Petsway, Inc.<br>1669 St. Louis St.<br>Springfield, MO 65802 | PSP Franchising, LLC | Franchise Agreement, dated 08/17/2020, as renewed or amended (Store #4336 - Springfield) | | $0.00 |
| 121805489 | Petsway, Inc. | Petsway, Inc.<br>1669 St. Louis St.<br>Springfield, MO 65802 | PSP Franchising, LLC | Franchise Agreement, dated 08/17/2020, as renewed or amended (Store #4337 - Springfield) | | $0.00 |
| 121805490 | Petsway, Inc. | Petsway, Inc.<br>1669 St. Louis St.<br>Springfield, MO 65802 | PSP Franchising, LLC | Franchise Agreement, dated 08/17/2020, as renewed or amended (Store #4338 - Springfield) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121900228 | Pettinaro Management LLC | Pettinaro Management LLC<br>234 North James St.<br>Newport, DE 19804 | PSP Stores, LLC | Lease, dated 08/11/2008, as amended (Avondale, PA) | Avondale, PA (9044) | $0.00 |
| 121900059 | Phoenixville Town Center LP | Phoenixville Town Center LP<br>c/o Longview Management LP<br>1055 Westlakes Dr.<br>Ste 170<br>Berwyn, PA 19312 | PSP Stores, LLC | Lease, dated 09/17/2001, as amended (Phoenixville, PA) | Phoenixville, PA (9035) | $1,122.55 |
| 121805505 | Phrasee Limited | Phrasee Limited<br>Tintagel House<br>92 Albert Embankment<br>London, SE1 7TY | PSP Stores, LLC | Master Services Agreement | | $0.00 |
| 122000241 | Pierce RTO of Commerce, LLC | Pierce RTO of Commerce, LLC<br>106B Rock Quarry Road<br>Stockbridge, GA 30281 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 08/04/2023, as amended or extended (Store 241) | 241 | $0.00 |
| 122000242 | Pierce RTO of Dublin, LLC | Pierce RTO of Dublin, LLC<br>106B Rock Quarry Road<br>Stockbridge, GA 30281 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 09/18/2023, as amended or extended (Store 243) | 243 | $0.00 |
| 122000240 | Pierce RTO, LLC | Pierce RTO, LLC<br>106B Rock Quarry Road<br>Stockbridge, GA 30281 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/24/2022, as amended or extended (Store 240) | 240 | $0.00 |
| 122000243 | Pierce RTO, LLC | Pierce RTO, LLC<br>106B Rock Quarry Road<br>Stockbridge, GA 30281 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 09/03/2024, as amended or extended (Store 242) | 242 | $0.00 |
| 121805522 | PJJD L.L.C. | PJJD L.L.C.<br>1401 Wilderness Dr.<br>Schererville, IN 46375 | PSP Franchising, LLC | Franchise Agreement, dated 10/29/2010, as renewed or amended (Store #200 - Lafayette) | | $0.00 |
| 121805523 | PJJD L.L.C. | PJJD L.L.C.<br>1401 Wilderness Dr.<br>Schererville, IN 46375 | PSP Franchising, LLC | Franchise Agreement, dated 04/30/2013, as renewed or amended (Store #223 - Crown Point) | | $0.00 |
| 121805524 | PJJD L.L.C. | PJJD L.L.C.<br>1401 Wilderness Dr.<br>Schererville, IN 46375 | PSP Franchising, LLC | Franchise Agreement, dated 04/06/2017, as renewed or amended (Store #4136 - Whitestown) | | $0.00 |
| 121805525 | PJJD L.L.C. | PJJD L.L.C.<br>1401 Wilderness Dr.<br>Schererville, IN 46375 | PSP Franchising, LLC | Franchise Agreement, dated 12/24/2020, as renewed or amended (Store #4388 - Kokomo) | | $0.00 |
| 121805532 | Placer Labs, Inc. | Placer Labs, Inc.<br>340 S Lemon Ave #1277<br>Walnut<br>Walnut, CA 91789 | PSP Group, LLC | Amendment to Order Form | | $4,383.56 |
| 121805536 | planitretail, LLC | planitretail, LLC<br>360 Bloomfield Ave<br>Suite 406<br>Windsor, CT 06095 | PSP Group, LLC | Professional Services Agreement | | $10,000.00 |
| 121805544 | Platinum Pet Supply, LLC | Platinum Pet Supply, LLC<br>310 Pinnacle Way, Suite 300<br>Eau Claire, WI 54701 | PSP Franchising, LLC | Franchise Agreement, dated 04/12/2013, as renewed or amended (Store #215 - Rice Lake) | | $0.00 |
| 121805547 | PlayNetwork, Inc. | PlayNetwork, Inc.<br>8727 148th Avenue NE<br>Redmond, WA 98052 | PSP Stores, LLC | Master Services Agreement | | $0.00 |
| 121805549 | PlayNetwork, Inc. | PlayNetwork, Inc.<br>8727 148th Avenue NE<br>Redmond, WA 98052 | PSP Stores, LLC | Master Services Agreement Equipment Lease/Purchase | | $0.00 |
| 121900199 | Plaza 15 Realty, LLC | Plaza 15 Realty, LLC<br>One Hospital Drive<br>Lewisburg, PA 17837 | PSP Stores, LLC | Lease, dated 09/23/2014, as amended (Lewisburg, PA) | Lewisburg, PA (4401) | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900140 | Plaza at Northwood, LLC | Plaza at Northwood, LLC<br>c/o WP Glimcher Inc.<br>180 East Broad Street<br>Attn: General Counsel<br>Columbus, OH 43215 | PSP Stores, LLC | Lease Agreement, dated 10/30/2014, as amended<br>(Fort Wayne, IN) | Fort Wayne, IN (Northwood Plaza) (0246) | $0.00 |
| 122000028 | Plaza West Shopping Center, LLC | Plaza West Shopping Center, LLC<br>c/o Edmund Terry<br>211 Alexander Palm Road<br>Boca Raton, FL 33432 | Buddy's Newco, LLC | Lease dated June 25, 2021 (Store 49) | 49 | $413.80 |
| 121900089 | Pleasant Valley Shopping Center Ltd. | Pleasant Valley Shopping Center Ltd.<br>c/o Visconsi Companies Ltd.<br>30050 Chagrin Blvd.<br>Suite 360<br>Pepper Pike, OH 44124 | PSP Stores, LLC | Lease, dated 10/19/2000, as amended<br>(Parma, OH) | Parma, OH (0120) | $0.00 |
| 121805566 | Pluto's Pantry, LLC | Pluto's Pantry, LLC<br>9011 Sendera Dr.<br>Magnolia, TX 77354 | PSP Franchising, LLC | Franchise Agreement, dated 12/09/2021, as renewed or amended (Store #4483 - Magnolia) | | $0.00 |
| 121805574 | PNebel, Inc. | PNebel, Inc.<br>9500 Dorchester Road, Suite 350<br>Summerville, SC 29485 | PSP Franchising, LLC | Franchise Agreement, dated 07/31/2019, as renewed or amended (Store #4296 - James Island) | | $0.00 |
| 121805575 | PNebel, Inc. | PNebel, Inc.<br>9500 Dorchester Road, Suite 350<br>Summerville, SC 29485 | PSP Franchising, LLC | Franchise Agreement, dated 04/27/2011, as renewed or amended (Store #8051 - Summerville) | | $0.00 |
| 121900035 | Pocono Retail Associates, LLC | Pocono Retail Associates, LLC<br>c/o Riverview Management Co.<br>1765 Merriman Road<br>Akron, OH 44313 | Pet Supplies "Plus", LLC | Lease Agreement, dated 06/23/2000, as amended<br>(Stroudsburg, PA) | Stroudsburg, PA (9032) | $0.00 |
| 121900071 | Points East, LLC | Points East, LLC<br>7743 Mentor Avenue<br>Mentor, OH 44060 | PSP Stores, LLC | Lease, dated 01/02/1998, as amended<br>(Mentor, OH) | Mentor, OH (0059) | $1,135.54 |
| 121900122 | Portage Commons LLC | Portage Commons LLC<br>c/o Cambridge Management, LTD.<br>15941 S. Harlem Ave.<br>PMB #108<br>Tinley Park, IL 60477 | PSP Stores, LLC | Lease Agreement, dated 04/03/2013, as amended<br>(Portage, IN) | Portage, IN (0217) | $0.00 |
| 121900114 | Portage Crossing, LLC | Portage Crossing, LLC<br>c/o Robert L. Stark Enterprises, Inc.<br>629 Euclid Avenue<br>Suite 1300<br>Cleveland, OH 44114 | PSP Stores, LLC | Lease, dated 05/31/2012, as amended<br>(Cuyahoga Falls, OH) | Cuyahoga Falls, OH (0206) | $0.00 |
| 121805587 | Portier, LLC ("Uber") | Portier, LLC ("Uber")<br>PO Box 743080<br>Los Angeles, CA 90074 | PSP Group, LLC | Uber Eats and PSP Group, LLC Agreement | | $152,827.54 |
| 121805586 | Portier, LLC ("Uber") | Portier, LLC ("Uber")<br>PO Box 743080<br>Los Angeles, CA 90074 | PSP Group, LLC | Amendment to Agreement between Portier and PSP Group, LLC | | $0.00 |
| 121900168 | Portland Fixture Limited Partnership | Portland Fixture Limited Partnership<br>c/o Woodsonia Real Estate, Inc.<br>20010 Manderson St.<br>Suite 101<br>Elkhorn, NE 68022 | PSP Stores, LLC | Lease, dated 03/31/2017, as amended<br>(Omaha, NE) | Omaha, NE (4138) | $0.00 |
| 121805589 | Posh Pets Acquisitions, LLC | Posh Pets Acquisitions, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2023, as renewed or amended (Store #4332 - Surf City) | | $0.00 |
| 121805590 | Posh Pets Acquisitions, LLC | Posh Pets Acquisitions, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 05/02/2023, as renewed or amended (Store #4366 - Cold Spring) | | $0.00 |
| 121805591 | Posh Pets Acquisitions, LLC | Posh Pets Acquisitions, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 05/03/2023, as renewed or amended (Store #4367 - Lexington) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805592 | Posh Pets MN, LLC | Posh Pets MN, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 05/31/2022, as renewed or amended (Store #4002 - Crystal) | | $0.00 |
| 121805593 | Posh Pets MN, LLC | Posh Pets MN, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 05/31/2022, as renewed or amended (Store #4021 - Vadnais Heights) | | $0.00 |
| 121805594 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 05/20/2018, as renewed or amended (Store #4010 - Wilmington) | | $0.00 |
| 121805595 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 08/20/2018, as renewed or amended (Store #4208 - St. Albans) | | $0.00 |
| 121805596 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 10/25/2018, as renewed or amended (Store #4210 - Wilmington) | | $0.00 |
| 121805597 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2021, as renewed or amended (Store #4273 - Wilmington) | | $0.00 |
| 121805598 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 12/22/2020, as renewed or amended (Store #4363 - Harrison) | | $0.00 |
| 121805599 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 12/22/2020, as renewed or amended (Store #4364 - Cincinnati) | | $0.00 |
| 121805600 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 12/22/2020, as renewed or amended (Store #4382 - Hamilton) | | $0.00 |
| 121805601 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 10/06/2021, as renewed or amended (Store #4469 - Shelbyville) | | $0.00 |
| 121805602 | Posh Pets NC, LLC | Posh Pets NC, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 06/03/2022, as renewed or amended (Store #4525 - Anderson) | | $0.00 |
| 121805603 | Posh Pets WV, LLC | Posh Pets WV, LLC<br>9300 Shelbyville Rd., Suite 204<br>Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 09/16/2019, as renewed or amended (Store #4467 - Barboursville) | | $0.00 |
| 121805604 | Postmates Inc. | Postmates Inc.<br>201 3rd St<br>San Francisco, CA 94103 | Pet Supplies "Plus", LLC | Postmates API Merchant Agreement | | $0.00 |
| 121805612 | Powerhouse Dynamics, Inc. | Powerhouse Dynamics, Inc.<br>1 Bridge St<br>Newton, MA 02458 | Pet Supplies "Plus", LLC | SiteSage License Agreement | | $51,271.40 |
| 121805614 | Powerhouse Dynamics, LLC | Powerhouse Dynamics, LLC<br>1 Bridge St<br>Newton, MA 02458 | PSP Stores, LLC | Amendment 6 to SiteSage License Agreement | | $0.00 |
| 121805618 | PPG ARCHITECTURAL FINISHES, INC. | PPG ARCHITECTURAL FINISHES, INC.<br>400 Bertha Lamme Drive<br>Cranberry Township, PA 16066 | PSP Group, LLC | PPG ARCHITECTURAL FINISHES, INC. PSP GROUP, LLC D/B/A PET SUPPLIES PLUS SALES AGREEMENT | | $0.00 |
| 121805624 | Pradhans Pets Empire 2, LLC | Pradhans Pets Empire 2, LLC<br>1039 Pitch Pine Street<br>Hickory Creek, TX 75065 | PSP Franchising, LLC | Franchise Agreement, dated 01/02/2024, as renewed or amended (Store #4627 - Greenville) | | $0.00 |
| 121805625 | Pradhans Pets Empire, LLC | Pradhans Pets Empire, LLC<br>1039 Pitch Pine Street<br>Hickory Creek, TX 75065 | PSP Franchising, LLC | Franchise Agreement, dated 12/19/2023, as renewed or amended (Store #4626 - Decatur) | | $0.00 |
| 121805626 | Pradhan's Pets, Inc. | Pradhan's Pets, Inc.<br>1039 Pitch Pine Street<br>Hickory Creek, TX 75065 | PSP Franchising, LLC | Franchise Agreement, dated 02/18/2019, as renewed or amended (Store #4222 - Fate) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805628 | Prairie Dog Pet Products, LLC | Prairie Dog Pet Products, LLC<br>907 Avenue R<br>Grand Prairie, TX 75050 | PSP Group, LLC | Addendum to Private Brand Pet Foods Agreement | | $0.00 |
| 121805640 | Premer Enterprises, Inc. | Premer Enterprises, Inc.<br>15330 Lynndale St.<br>Goddard, KS 67052 | PSP Franchising, LLC | Franchise Agreement, dated 01/20/2016, as renewed or amended (Store #4084 - Wichita) | | $0.00 |
| 121805641 | Premer Enterprises, Inc. | Premer Enterprises, Inc.<br>15330 Lynndale St.<br>Goddard, KS 67052 | PSP Franchising, LLC | Franchise Agreement, dated 12/30/2020, as renewed or amended (Store #4414 - Wichita) | | $0.00 |
| 121805648 | Preston Elizabeth T Squared Alpha, LLC | Preston Elizabeth T Squared Alpha, LLC<br>5 Sherwood Ave.<br>Madison, NJ 07940 | PSP Franchising, LLC | Franchise Agreement, dated 04/14/2016, as renewed or amended (Store #4095 - Garwood) | | $0.00 |
| 121805649 | Preston Elizabeth T Squared Beta, LLC | Preston Elizabeth T Squared Beta, LLC<br>5 Sherwood Ave.<br>Madison, NJ 07940 | PSP Franchising, LLC | Franchise Agreement, dated 05/02/2018, as renewed or amended (Store #4184 - Cedar Knolls) | | $0.00 |
| 121805650 | Preston Elizabeth T Squared Gamma, LLC | Preston Elizabeth T Squared Gamma, LLC<br>5 Sherwood Ave.<br>Madison, NJ 07940 | PSP Franchising, LLC | Franchise Agreement, dated 12/02/2019, as renewed or amended (Store #4293 - Florham Park) | | $0.00 |
| 121805652 | Pretty Puppy, LLC | Pretty Puppy, LLC<br>3309 Post View Drive<br>O'Fallon, MO 63368 | WNW Franchising, LLC | Franchise Agreement, dated 11/27/2023, as renewed (Store #3010 - O'Fallon) | | $0.00 |
| 121805664 | PrimePay, LLC | PrimePay, LLC<br>1487 Dunwoody Dr<br>West Chester, PA 19380 | Buddy's Newco, LLC | Master Services Agreement for Franchisor Services Pricing | | $2,621.90 |
| 121805672 | PrintComm, Inc | PrintComm, Inc<br>2929 Davison Road<br>Flint, MI 48506 | PSP Group, LLC | Proposal for Prospect Data and Data Work for PSP Group Direct Mail Effort | | $0.00 |
| 121805687 | ProKarma, Inc. | ProKarma, Inc.<br>8705 SW Nimbus Avenue<br>Beaverton, OR 97008 | PSP Group, LLC | Master Services Agreement | | $0.00 |
| 121805700 | Protection One Alarm Monitoring, Inc. | Protection One Alarm Monitoring, Inc.<br>800 E. Waterman<br>Wichita, KS 67202 | Pet Supplies "Plus", LLC | Commercial Schedule of Protection Proposal and Sales Agreement | | $0.00 |
| 121805709 | PRP Pet Supplies Inc. | PRP Pet Supplies Inc.<br>900 Green Sea Trail<br>Chesapeake, VA 23323 | PSP Franchising, LLC | Franchise Agreement, dated 12/10/2021, as renewed or amended (Store #4560 - Chesapeake ) | | $0.00 |
| 121805710 | PS1 Rocky LLC | PS1 Rocky LLC<br>167 Route 9<br>Englishtown, NJ 07726 | PSP Franchising, LLC | Franchise Agreement, dated 03/06/2023, as renewed or amended (Store #4588 - Tinton Falls) | | $0.00 |
| 121805711 | PSP 7 Detroit LLC | PSP 7 Detroit LLC<br>8508 Golfside Dr.<br>Commerce Township, MI 48382 | PSP Franchising, LLC | Franchise Agreement, dated 09/14/2004, as renewed or amended (Store #7 - Detroit) | | $0.00 |
| 121805712 | PSP Anthem, LLC | PSP Anthem, LLC<br>710 East Desert Ranch Rd.<br>Phoenix, AZ 85086 | PSP Franchising, LLC | Franchise Agreement, dated 09/29/2021, as renewed or amended (Store #4454 - Phoenix) | | $0.00 |
| 121805714 | PSP Bolingbrook, L.L.C. | PSP Bolingbrook, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 07/18/2007, as renewed or amended (Store #180 - Bolingbrook) | | $0.00 |
| 121805715 | PSP Collins, LLC | PSP Collins, LLC<br>3620 Cole Drive<br>Baton Rouge, LA 70806 | PSP Franchising, LLC | Franchise Agreement, dated 12/30/2021, as renewed or amended (Store #4486 - Baton Rouge) | | $0.00 |
| 121805716 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/14/2015, as renewed or amended (Store #4025 - Fort Worth) | | $0.00 |
| 121805717 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/12/2016, as renewed or amended (Store #4057 - Carrollton) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121805718 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/22/2016, as renewed or amended (Store #4060 - Ft. Worth) | | $0.00 |
| 121805719 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/18/2016, as renewed or amended (Store #4064 - Dallas) | | $0.00 |
| 121805720 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 05/30/2017, as renewed or amended (Store #4140 - Wylie) | | $0.00 |
| 121805721 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/18/2017, as renewed or amended (Store #4150 - Dallas ) | | $0.00 |
| 121805722 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 08/19/2019, as renewed or amended (Store #4170 - Forney) | | $0.00 |
| 121805723 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/01/2019, as renewed or amended (Store #4220 - McKinney) | | $0.00 |
| 121805724 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/21/2019, as renewed or amended (Store #4234 - Dallas) | | $0.00 |
| 121805725 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/26/2019, as renewed or amended (Store #4274 - Denton) | | $0.00 |
| 121805726 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/21/2020, as renewed or amended (Store #4318 - North Richland Hills) | | $0.00 |
| 121805727 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 01/04/2002, as renewed or amended (Store #7002 - Dallas) | | $0.00 |
| 121805728 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/27/2006, as renewed or amended (Store #7005 - Plano) | | $0.00 |
| 121805729 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/24/2010, as renewed or amended (Store #7010 - Richardson) | | $0.00 |
| 121805730 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #7015 - Garland) | | $0.00 |
| 121805731 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #7016 - Arlington) | | $0.00 |
| 121805732 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 07/02/2014, as renewed or amended (Store #7017 - Dallas) | | $0.00 |
| 121805733 | PSP Dallas, LP | PSP Dallas, LP<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/22/2015, as renewed or amended (Store #7018 - Hurst) | | $0.00 |
| 121805734 | PSP Fargo, LLC | PSP Fargo, LLC<br>428 N. Highway 218, Suite #3<br>Aberdeen, SD 57401 | PSP Franchising, LLC | Franchise Agreement, dated 07/25/2021, as renewed or amended (Store #4609 - West Fargo) | | $0.00 |
| 121805735 | PSP Fort Myers, LLC | PSP Fort Myers, LLC<br>737 Lake Shore<br>Grosse Pointe Shores, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2015, as renewed or amended (Store #4004 - Fort Myers) | | $0.00 |
| 121900007 | PSP Investments LLC | PSP Investments LLC<br>c/o James Antonopoulos<br>4117 Blake Lane<br>Glenview, IL 60026 | Pet Supplies "Plus", LLC | Lease Agreement, dated 03/12/1993, as amended<br>(Elmwood Park, IL) | Elmwood Park, IL (0064) | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805737 | PSP Lapeer, LLC | PSP Lapeer, LLC<br>737 Lake Shore<br>Grosse Pointe Shores, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 12/05/1997, as renewed or amended (Store #103 - Lapeer) | | $0.00 |
| 121805738 | PSP LITH, L.L.C. | PSP LITH, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 07/03/2012, as renewed or amended (Store #213 - Lake in the Hills) | | $0.00 |
| 121805739 | PSP Montgomery, L.L.C. | PSP Montgomery, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 01/08/2014, as renewed or amended (Store #227 - Montgomery) | | $0.00 |
| 121805740 | PSP Moon Valley, LLC | PSP Moon Valley, LLC<br>3814 S. Brush Arbor<br>Flagstaff, AZ 86005 | PSP Franchising, LLC | Franchise Agreement, dated 12/11/2019, as renewed or amended (Store #4294 - Phoenix) | | $0.00 |
| 121805741 | PSP Naperville Ogden, L.L.C. | PSP Naperville Ogden, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 11/15/2009, as renewed or amended (Store #184 - Naperville) | | $0.00 |
| 121805742 | PSP Naperville South, L.L.C. | PSP Naperville South, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 02/04/2008, as renewed or amended (Store #183 - Naperville) | | $0.00 |
| 121805743 | PSP North Aurora, L.L.C. | PSP North Aurora, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 11/16/2009, as renewed or amended (Store #188 - North Aurora) | | $0.00 |
| 121805744 | PSP North Scottsdale, LLC | PSP North Scottsdale, LLC<br>3814 S. Brush Arbor<br>Flagstaff, AZ 86005 | PSP Franchising, LLC | Franchise Agreement, dated 07/16/2018, as renewed or amended (Store #4190 - Scottsdale) | | $0.00 |
| 121805745 | PSP of Hollywood, LLC | PSP of Hollywood, LLC<br>3719 Condor Ct.<br>Weston, FL 33331 | PSP Franchising, LLC | Franchise Agreement, dated 05/04/2011, as renewed or amended (Store #8047 - Hollywood) | | $0.00 |
| 121805746 | PSP Orland Park, L.L.C. | PSP Orland Park, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 02/27/2014, as renewed or amended (Store #229 - Orland Park) | | $0.00 |
| 121805747 | PSP Oro Valley, LLC | PSP Oro Valley, LLC<br>3814 S. Brush Arbor<br>Flagstaff, AZ 86005 | PSP Franchising, LLC | Franchise Agreement, dated 09/18/2023, as renewed or amended (Store #4614 - Oro Valley) | | $0.00 |
| 121805748 | PSP Ortonville, LLC | PSP Ortonville, LLC<br>737 Lake Shore<br>Grosse Pointe Shores, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 05/08/2008, as renewed or amended (Store #178 - Ortonville) | | $0.00 |
| 121805749 | PSP Redford, LLC | PSP Redford, LLC<br>737 Lake Shore<br>Grosse Pointe Shores, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 05/26/2022, as renewed or amended (Store #1 - Redford Township) | | $0.00 |
| 121805750 | PSP Rockies, LLC | PSP Rockies, LLC<br>336 Morning Star Way<br>Castle Rock, CO 80108 | PSP Franchising, LLC | Franchise Agreement, dated 07/29/2022, as renewed or amended (Store #4531 - Denver) | | $0.00 |
| 121805751 | PSP Streamwood, L.L.C. | PSP Streamwood, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2013, as renewed or amended (Store #222 - Streamwood) | | $0.00 |
| 121805752 | PSP TS, LLC | PSP TS, LLC<br>16409 Lucia Gardens Lane<br>Tampa, FL 33625 | PSP Franchising, LLC | Franchise Agreement, dated 02/14/2022, as renewed or amended (Store #4308 - Holiday) | | $0.00 |
| 121805753 | PSP Yorkville, L.L.C. | PSP Yorkville, L.L.C.<br>c/o National Shopping Plazas, Inc., 200 W. Madison St., Suite 4200<br>Chicago, IL 60606 | PSP Franchising, LLC | Franchise Agreement, dated 06/12/2014, as renewed or amended (Store #238 - Yorkville) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121900129 | PZ Southern Limited Partnership | PZ Southern Limited Partnership c/o Pearson Partners, Inc. 630 Fifth Avenue Suite 2820 New York, NY 10111-0202 | PSP Stores, LLC | Lease, dated 01/14/2014, as amended (Bridgeville, PA) | Bridgeville, PA (0226) | $0.00 |
| 121900151 | Quaker Malls, LLC | Quaker Malls, LLC 1680 Route 23 Suite 330 Wayne, NJ 07470 | PSP Stores, LLC | Lease Agreement, dated 02/14/2015, as amended (Bayville, NJ) | Bayville, NJ (4040) | $0.00 |
| 121805789 | Quality Pet Food and Supply, LLC | Quality Pet Food and Supply, LLC 5543 Mahoning Avenue Austintown, OH 44515-2316 | PSP Franchising, LLC | Franchise Agreement, dated 06/10/2020, as renewed or amended (Store #4326 - Austintown) | | $0.00 |
| 121805804 | Quikly*, Inc. | Quikly*, Inc. 1505 Woodward Ave 4th Floor Detroit, MI 48226 | PSP Group, LLC | Quikly Master Services Agreement | | $3,600.00 |
| 121805813 | R&R's Dog House, LLC | R&R's Dog House, LLC 505 S Forest Ridge Broken Arrow, OK 74014 | PSP Franchising, LLC | Franchise Agreement, dated 09/21/2021, as renewed or amended (Store #4092 - Tulsa) | | $0.00 |
| 121805814 | R&R's Dog House, LLC | R&R's Dog House, LLC 505 S Forest Ridge Broken Arrow, OK 74014 | PSP Franchising, LLC | Franchise Agreement, dated 09/21/2021, as renewed or amended (Store #4221 - Owasso) | | $0.00 |
| 121805815 | R&R's Dog House, LLC | R&R's Dog House, LLC 505 S Forest Ridge Broken Arrow, OK 74014 | PSP Franchising, LLC | Franchise Agreement, dated 10/05/2023, as renewed or amended (Store #4623 - Richmond) | | $0.00 |
| 121900029 | R.K. West Roxbury, LLC | R.K. West Roxbury, LLC c/o RK Centers 50 Cabot St. Suite 200 Needham, MA 02494 | Pet Supplies "Plus", LLC | Lease, dated 08/01/2006, as amended (West Roxbury, MA) | West Roxbury, MA (9003) | $0.00 |
| 121805823 | Radiant Pets Holdings, LLC | Radiant Pets Holdings, LLC 220 Newport Center Drive 11-252 Newport Beach, CA 92660 | PSP Franchising, LLC | Franchise Agreement, dated 10/25/2023, as renewed or amended (Store #4622 - Wichita) | | $0.00 |
| 121900127 | RAR2 - Wicker Park Commons, LLC | RAR2 - Wicker Park Commons, LLC c/o Mid-America Asset Management, Inc. One Parkview Plaza 9th Floor Oakbrook Terrace, IL 60181 | PSP Stores, LLC | Lease, dated 09/12/2013, as amended (Chicago, IL) | Chicago, IL (Wicker Park) (0224) | $0.00 |
| 122000020 | RB Seminole LLC | RB Seminole LLC c/o RD MGT 810 7TH AVE, FLOOR 10 NEW YORK, NY 10019 | Buddy's Newco, LLC | Lease dated June 12, 1992, as amended (Store 32) | 32 | $491.75 |
| 121805851 | RBL Enterprise, LTD | RBL Enterprise, LTD 5062 Colony Woods Dr. Kalamazoo, MI 49009 | PSP Franchising, LLC | Franchise Agreement, dated 10/14/2005, as renewed or amended (Store #77 - Portage) | | $0.00 |
| 121900227 | RD Branch Associates, L.P. | RD Branch Associates, L.P. c/o Acadia Realty Trust 411 Theodore Fremd Ave. Suite 300 Rye, NY 10580 | PSP Stores, LLC | Lease, dated 08/27/2001, as amended (Smithtown, NY) | Smithtown, NY (9043) | $0.00 |
| 121900065 | Realty Income Corporation | Realty Income Corporation Attn: Legal Dept. 11995 El Camino Real San Diego, CA 92130 | PSP Stores, LLC | Lease, dated 05/15/2009, as amended (Warren, MI) | Warren, MI (0043) | $0.00 |
| 129990900 | REBIS, LLC dba Property Works | REBIS, LLC dba Property Works 708 Church St Decatur, GA 30030 | Pet Supplies "Plus", LLC | Consent and Approval Engagement Letter | | $15,700.00 |
| 121805870 | Red Bull North America, Inc. | Red Bull North America, Inc. 1630 Stewart Street Santa Monica, ia 90404 | PSP Stores, LLC | Merchandiser Agreement | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121805871 | Red Canary, Inc. | Red Canary, Inc.<br>1501 South Mo-Pac Expressway Suite 400<br>Austin, TX 78746 | Pet Supplies "Plus", LLC | Red Canary Managed Detection and Response Services Agreement | | $0.00 |
| 122000013 | Red Investments Corp | Red Investments Corp<br>106 Satsuma Drive<br>ATTN CARMEN CUELLO<br>Altamonte Springs, FL 32714 | Buddy's Newco, LLC | Lease Agreement dated May 6, 1991, as amended (Store 24) | 24 | $0.00 |
| 121900225 | Regency Centers | Regency Centers<br>28 Church Lane<br>Suite 200<br>Westport, CT 06880 | PSP Stores, LLC | Lease, dated 05/16/2003, as amended (Valley Stream, NY) | Valley Stream, NY (9038) | $1,359.21 |
| 121805889 | Reiber, Inc. | Reiber, Inc.<br>14240 Imboden Rd.<br>Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 05/08/2015, as renewed or amended (Store #4001 - Englewood) | | $0.00 |
| 129990012 | Retail Services WIS Corporation, d/b/a WIS International | Retail Services WIS Corporation, d/b/a WIS International<br>PO BOX 200081<br>DALLAS      , TX 753200081 | WNW Stores, LLC | Master Services Agreement | | $0.00 |
| 121900028 | Reynolda Manor, LLC | Reynolda Manor, LLC<br>c/o Meridian Realty Services<br>P.O. Box 20429<br>Winston-Salem, NC 27120 | Pet Supplies "Plus", LLC | Lease Agreement, dated 02/04/1998, as amended (Winston-Salem, NC) | Winston-Salem, NC (8014) | $0.00 |
| 121805998 | RGIS, LLC | RGIS, LLC<br>2000 Taylor Road<br>Suite #200<br>Auburn Hills, MI 48326-1771 | PSP Stores, LLC | Master Services Agreement | | $0.00 |
| 121806009 | Ricoh USA, Inc. | Ricoh USA, Inc.<br>300 Eagleview Blvd Ste 200<br>Exton, PA 19341 | PSP Group, LLC | Lease Agreement | | $0.00 |
| 121806015 | Rightpoint Consulting, LLC | Rightpoint Consulting, LLC<br>29 North Wacker Drive<br>4th Floor<br>Chicago, IL 60606 | Pet Supplies "Plus", LLC | Master Services Agreement | | $0.00 |
| 121806046 | RJSB Pet Group II, LLC | RJSB Pet Group II, LLC<br>5218 Rio Grande Drive<br>Raleigh, NC 27616 | PSP Franchising, LLC | Franchise Agreement, dated 10/25/2019, as renewed or amended (Store #4284 - Wake Forest) | | $0.00 |
| 121806047 | RJSB Pet Group, LLC | RJSB Pet Group, LLC<br>5218 Rio Grande Drive<br>Raleigh, NC 27616 | PSP Franchising, LLC | Franchise Agreement, dated 10/04/2019, as renewed or amended (Store #4282 - Cary) | | $0.00 |
| 122000317 | RKR Ventures LLC | RKR Ventures LLC<br>701 Mike's Pike Street, Suite B<br>Winslow, AZ 86047 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/01/2021, as amended or extended (Store 416) | 416 | $0.00 |
| 121900020 | RLGVS Partners, LLC | RLGVS Partners, LLC<br>c/o Bennet Williams Realty, Inc.<br>3528 Concord rd.<br>York, PA 17402 | Pet Supplies "Plus", LLC | Lease Agreement, dated 01/23/2012, as amended (Etters, PA) | Etters, PA (4395) | $0.00 |
| 121806051 | RNU, Inc. | RNU, Inc.<br>3859 Wabeek Lake Drive E<br>Bloomfield Hills, MI 48302 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2003, as renewed or amended (Store #48 - Bloomfield Hills) | | $0.00 |
| 121806054 | Rocam, Inc. | Rocam, Inc.<br>1437 Cantoria Avenue<br>Coral Gables, FL 33146 | PSP Franchising, LLC | Franchise Agreement, dated 01/05/2021, as renewed or amended (Store #4224 - Miami) | | $0.00 |
| 121806078 | RRR and B, LLC | RRR and B, LLC<br>124 Featherstone Lane SE<br>Owens Cross Roads, AL 35763 | PSP Franchising, LLC | Franchise Agreement, dated 11/28/2016, as renewed or amended (Store #4119 - Madison) | | $0.00 |
| 121806079 | RRR and B, LLC | RRR and B, LLC<br>124 Featherstone Lane SE<br>Owens Cross Roads, AL 35763 | PSP Franchising, LLC | Franchise Agreement, dated 11/22/2018, as renewed or amended (Store #4212 - Huntsville) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121806085 | Rudra Pet Supplies Inc | Rudra Pet Supplies Inc<br>900 Green Sea Trail<br>Chesapeake, VA 23323 | PSP Franchising, LLC | Franchise Agreement, dated 09/24/2024, as renewed or amended (Store #4642 - Chesapeake) | | $0.00 |
| 121806087 | Rumpke of Indiana, LLC | Rumpke of Indiana, LLC<br>1510 E 4th Street<br>Seymour, IN 47274 | PSP Distribution, LLC | Customer Service Agreement for Waste & Recycling Services | | $0.00 |
| 121806090 | Rush Direct, Inc. | Rush Direct, Inc.<br>890 North Wood Dale Road<br>Wood Dale<br>IL 60191<br>Wood Dale, IL 60191 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121806102 | S & A Investment CO. | S & A Investment CO.<br>620 S. Wayfare Tr.<br>Oconomowoc, WI 53066 | PSP Franchising, LLC | Franchise Agreement, dated 05/10/1993, as renewed or amended (Store #41 - Brookfield) | | $0.00 |
| 121806103 | S & A Investment CO. | S & A Investment CO.<br>620 S. Wayfare Tr.<br>Oconomowoc, WI 53066 | PSP Franchising, LLC | Franchise Agreement, dated 02/04/1998, as renewed or amended (Store #60 - Glendale) | | $0.00 |
| 121806104 | S & A Investment CO. | S & A Investment CO.<br>620 S. Wayfare Tr.<br>Oconomowoc, WI 53066 | PSP Franchising, LLC | Franchise Agreement, dated 01/29/1998, as renewed or amended (Store #81 - Greenfield) | | $0.00 |
| 121806107 | S&P Global Ratings | S&P Global Ratings<br>55 Water Street<br>New York, NY 10041 | Franchise Group, Inc. | S&P Global Ratings Engagement Letter for Franchise Group, Inc. | | $953.42 |
| 121900194 | S&S Singh Partners | S&S Singh Partners<br>555 East 28th Division Highway<br>Lititz, PA 17543 | PSP Stores, LLC | Lease, dated 02/10/2005, as amended (Ephrata, PA) | Ephrata, PA (4389) | $0.00 |
| 121806124 | Sageflo, Inc. | Sageflo, Inc.<br>4111 E. Madison Street<br>Suite 87<br>Seattle, WA 98112 | Pet Supplies "Plus", LLC | Pet Supplies Plus Wag N Wash Applications Order Document | | $0.00 |
| 121806125 | Sageflo, Inc. | Sageflo, Inc.<br>4111 E. Madison Street<br>Suite 87<br>Seattle, WA 98112 | Pet Supplies "Plus", LLC | Solution Subscriptions + Custom Enhancements Order Document | | $0.00 |
| 121806128 | Sageflo, Inc. | Sageflo, Inc.<br>4111 E. Madison Street<br>Suite 87<br>Seattle, WA 98112 | PSP Group, LLC | Pet Supplies Plus Radiate Event Template Order Document | | $0.00 |
| 121806133 | Salesforce, Inc. | Salesforce, Inc.<br>Salesforce Tower<br>415 Mission Street<br>3rd Floor<br>San Francisco, CA 94105 | Pet Supplies "Plus", LLC | Salesforce Order Form for Pet Supplies Plus | | $0.00 |
| 121806135 | Samaya Capital Group, Inc. | Samaya Capital Group, Inc.<br>14 Sunrise Hill Road<br>Orinda, CA 94563 | PSP Franchising, LLC | Franchise Agreement, dated 09/15/2023, as renewed or amended (Store #4613 - Walnut Creek) | | $0.00 |
| 121900162 | Sangamon North, LLC | Sangamon North, LLC<br>c/o Carnegie Companies Inc<br>6190 Cochran Rd<br>Suite A<br>Solon, OH 44139 | PSP Stores, LLC | Lease, dated 10/31/2016, as amended (Springfield, IL) | Springfield, IL (4090) | $0.00 |
| 121806148 | Sanvi Pet Supplies, Inc. | Sanvi Pet Supplies, Inc.<br>19 Madison Ave.<br>New Hyde Park, NY 11040 | PSP Franchising, LLC | Franchise Agreement, dated 12/10/2021, as renewed or amended (Store #4610 - East Meadow) | | $0.00 |
| 121806157 | Savills, Inc. | Savills, Inc.<br>520 Newport Center Drive<br>8th Floor<br>Newport Beach, CA 92660 | Pet Supplies "Plus", LLC | Real Estate Strategy and Brokerage Agreement | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121806159 | SB Fateh LLC | SB Fateh LLC<br>8355 Cinnamon Ridge Lane<br>Reno, NV 89523 | PSP Franchising, LLC | Franchise Agreement, dated 06/29/2023, as renewed or amended (Store #4252 - Reno) | | $0.00 |
| 121806160 | SBB Sterling Heights, LLC | SBB Sterling Heights, LLC<br>31500 Northwestern Highway, Suite 175<br>Farmington Hills, MI 48334 | PSP Franchising, LLC | Franchise Agreement, dated 06/26/2017, as renewed or amended (Store #4144 - Sterling Heights) | | $0.00 |
| 121806161 | SC Department of Commerce | SC Department of Commerce<br>1201 Main Street<br>Suite 1600<br>Columbia, SC 29201 | Pet Supplies "Plus", LLC | Grant Application for Project Gigi - Pet Supplies Plus LLC | | $0.00 |
| 121806163 | SCB GLOBAL Ltd | SCB GLOBAL Ltd<br>37th floor<br>1 Canada Square<br>Canary Wharf<br>London,  E14 5AA | Pet Supplies "Plus", LLC | Pet Supplies Plus OPTO4Teams Cloud Calling Scope of Work | | $0.00 |
| 121806164 | SCB Global Ltd | SCB Global Ltd<br>37th floor<br>1 Canada Square<br>Canary Wharf<br>London,  E14 5AA | PSP Group, LLC | SCB Global Ltd Standard Contract V4.2 | | $0.00 |
| 121900043 | Schoolcraft Commons Unit 9, L.L.C. | Schoolcraft Commons Unit 9, L.L.C.<br>150 W. 2nd Street<br>Ste. 200<br>Royal Oak, MI 48067 | PSP Group, LLC | Sublease, dated 06/01/2023, as amended (Livonia, MI) | Livonia, MI (0000) | $0.00 |
| 121806169 | Schultz Pet Supply, LLC | Schultz Pet Supply, LLC<br>2004 Schultz Rd.<br>Franklin, TX 77856 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2014, as renewed or amended (Store #4016 - Bryan) | | $0.00 |
| 121806170 | Schultz Pet Supply, LLC | Schultz Pet Supply, LLC<br>2004 Schultz Rd.<br>Franklin, TX 77856 | PSP Franchising, LLC | Franchise Agreement, dated 03/17/2017, as renewed or amended (Store #4134 - Montgomery) | | $0.00 |
| 121806171 | Schultz Pet Supply, LLC | Schultz Pet Supply, LLC<br>2004 Schultz Rd.<br>Franklin, TX 77856 | PSP Franchising, LLC | Franchise Agreement, dated 07/15/2020, as renewed or amended (Store #4330 - Waco) | | $0.00 |
| 121806172 | Schultz Pet Supply, LLC | Schultz Pet Supply, LLC<br>2004 Schultz Rd.<br>Franklin, TX 77856 | PSP Franchising, LLC | Franchise Agreement, dated 03/25/2022, as renewed or amended (Store #4512 - Portland) | | $0.00 |
| 121806173 | Schultz Pet Supply, LLC | Schultz Pet Supply, LLC<br>2004 Schultz Rd.<br>Franklin, TX 77856 | PSP Franchising, LLC | Franchise Agreement, dated 08/25/2022, as renewed or amended (Store #4539 - McAllen) | | $0.00 |
| 121802283 | Schwinge Village Plaza, LLC | Schwinge Village Plaza, LLC<br>c/o NEI Management & Development<br>P.O. Box 1838<br>McHenry, IL 60051 | Pet Supplies "Plus", LLC | Lease, dated 10/19/2005, as amended (Morton Grove, IL) | Morton Grove, IL (0038) | $0.00 |
| 121806182 | Scottcin Enterprises, Inc. | Scottcin Enterprises, Inc.<br>2621 S. Telegraph Rd.<br>Dearborn, MI 48124 | PSP Franchising, LLC | Franchise Agreement, dated 06/23/2003, as renewed or amended (Store #2 - Woodhaven) | | $0.00 |
| 121806183 | Scottcin Enterprises, Inc. | Scottcin Enterprises, Inc.<br>15060 Eureka Rd.<br>Southgate, MI 48124 | PSP Franchising, LLC | Franchise Agreement, dated 04/22/1991, as renewed or amended (Store #18 - Taylor) | | $0.00 |
| 121806184 | Scottcin Enterprises, Inc. | Scottcin Enterprises, Inc.<br>15060 Eureka Rd.<br>Southgate, MI 48124 | PSP Franchising, LLC | Franchise Agreement, dated 01/05/1996, as renewed or amended (Store #90 - Dearborn) | | $0.00 |
| 121806186 | Scribcor Global Lease Administration, LLC | Scribcor Global Lease Administration, LLC<br>2 Mid America Plaza, Suite 650<br>Oakbrook Terrace, IL 60181 | PSP Stores, LLC | First Amendment to Lease Abstract Services Agreement | | $2,725.37 |
| 121806187 | Scully Dog Enterprises, Inc. | Scully Dog Enterprises, Inc.<br>3150 Woodwalk Dr SE, Unit 3201<br>Atlanta, GA 30339-8495 | PSP Franchising, LLC | Franchise Agreement, dated 08/12/2015, as renewed or amended (Store #4020 - Smyrna) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900102 | Sea Mist I, LLC | Sea Mist I, LLC<br>Attn: George K. Gesouras<br>PO Box 21381<br>Columbus, OH 43211 | PSP Stores, LLC | Lease, dated 10/01/2003, as amended<br>(Newark, OH) | Newark, OH<br>(0151) | $1,168.66 |
| 121806196 | SecureWorks, Inc. | SecureWorks, Inc.<br>1 Concourse Pkwy<br>NE #500<br>Atlanta, GA 30328 | PSP Group, LLC | Customer Relationship Agreement | | $0.00 |
| 121806203 | Security 101 LLC | Security 101 LLC<br>1450 Centrepark Blvd.<br>Ste 210<br>West Palm Beach, FL 33401 | Buddy's Newco, LLC | Security Service Contract | | $0.00 |
| 122000016 | Sembler Family Land Trust | Sembler Family Land Trust<br>C/O THE SEMBLER COMPANY<br>5858 CENTRAL AVENUE<br>ST PETERSBURG, FL 33707 | Buddy's Newco, LLC | Lease Agreement dated December 17,<br>2012, as amended (Store 26) | 26 | $380.83 |
| 121806251 | Service Express | Service Express<br>3854 Broadmoor Ave. SE<br>Grand Rapids MI 49512, MI 49512 | Pet Supplies "Plus",<br>LLC | Service Agreement 33427 | | $0.00 |
| 121900005 | Set Point Properties, LLC | Set Point Properties, LLC<br>c/o Watermark Property Management, LLC<br>1030 W. Chicago Ave<br>Suite 300<br>Chicago, IL 60642 | Pet Supplies "Plus",<br>LLC | Lease Agreement, dated 09/02/1993, as<br>amended<br>(Arlington Heights, IL) | Arlington<br>Heights, IL<br>(0057) | $0.00 |
| 121806256 | Shaina Fishman Photography LLC | Shaina Fishman Photography LLC<br>149 Huron Street #2D<br>Brooklyn, NY 11222 | PSP Group, LLC | Intellectual Property Rights License<br>Agreement | | $0.00 |
| 121900040 | Shamrock A Owner, LLC | Shamrock A Owner, LLC<br>101 East Washington Street<br>Suite 400<br>Greenville, SC 29601 | PSP Distribution, LLC | Lease, dated on August 1, 2022, as<br>amended<br>(Orangeburg, SC) | Orangeburg, SC | $16,704.98 |
| 121806257 | SHAMROCK A OWNER, LLC | SHAMROCK A OWNER, LLC<br>122 Palmetto Commerce Parkway<br>Orangeburg, SC 29115 | Pet Supplies "Plus",<br>LLC | COMMENCEMENT DATE AGREEMENT | | $0.00 |
| 122000022 | Shanri Holdings Corp | Shanri Holdings Corp<br>Post Office Box 160403<br>Mobile, AL 36616-1403 | Buddy's Newco, LLC | Lease Agreement dated October 19, 2020,<br>as amended (Store 34) | 34 | $0.00 |
| 121806269 | Shaw + Scott, Inc. | Shaw + Scott, Inc.<br>1513 33rd Ave.<br>Seattle, WA 98122 | Pet Supplies "Plus",<br>LLC | Professional Services Statement of Work | | $0.00 |
| 121806271 | Shaw + Scott, Inc. | Shaw + Scott, Inc.<br>1513 33rd Ave.<br>Seattle, WA 98122 | Pet Supplies "Plus",<br>LLC | Master Services Agreement | | $0.00 |
| 121806281 | Shenzhen XingRisheng Industrial Co.,<br>Ltd | Shenzhen XingRisheng Industrial Co., Ltd<br>Baolong Ind. City<br>Longgang<br>Shenzhen<br>Shenzhen, China | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900094 | Sheridan Center, LLC | Sheridan Center, LLC<br>6120 Lendell Road<br>Sanborn, NY 14132 | PSP Stores, LLC | Lease, dated 09/05/2002, as amended<br>(Amherst, NY) | Amherst, NY<br>(0134) | $0.00 |
| 122000025 | SHERWIN-WILLIAMS COMPANY | SHERWIN-WILLIAMS COMPANY<br>101 West Prospect Avenue<br>Cleveland, OH 44115 | Buddy's Newco, LLC | Lease Agreement dated February 29, 2000, as<br>amended (Store 43) | 43 | $432.35 |
| 121900221 | Shillington Partners, LLC. | Shillington Partners, LLC.<br>c/o Realty Resource Capital Corp.<br>7600 Jericho Turnpike<br>Suite 402<br>Woodbury, NY 11797 | PSP Stores, LLC | Lease, dated 08/29/2006, as amended<br>(Shillington, PA) | Shillington, PA<br>(9025) | $1,619.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121806295 | Shine Holdings Ken Caryl, LLC | Shine Holdings Ken Caryl, LLC<br>15741 W Eureka Avenue<br>Morrison, CO 80465 | PSP Franchising, LLC | Franchise Agreement, dated 09/30/2024, as renewed or amended (Store #4654 - Ken Caryl) | | $0.00 |
| 121806296 | Shine Holdings, LLC | Shine Holdings, LLC<br>15741 W Eureka Avenue<br>Morrison, CO 80465 | PSP Franchising, LLC | Franchise Agreement, dated 05/03/2024, as renewed or amended (Store #4641 - Lakewood) | | $0.00 |
| 121900229 | Shoppes at Bedford 15 A, LLC | Shoppes at Bedford 15 A, LLC<br>c/o ACF Property Management<br>12411 Ventura Blvd<br>Studio City, CA 91604 | PSP Stores, LLC | Lease, dated 01/08/2011, as amended (Bedford, NH) | Bedford, NH (9052) | $0.00 |
| 121900012 | Shoregate Station LLC | Shoregate Station LLC<br>c/o Phillips Edison and Co.<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | Pet Supplies "Plus", LLC | Lease, dated 12/31/2008, as amended (Willowick, OH) | Willowick, OH (0191) | $0.00 |
| 121900198 | Shrewsbury Commons, L.P. | Shrewsbury Commons, L.P.<br>c/o Chesapeake Commercial Properties, Inc.<br>4750 Owings Mills Blvd.<br>Owings Mills, MD 21117 | PSP Stores, LLC | Lease, dated 09/07/2005, as amended (Shrewsbury, PA) | Shrewsbury, PA (4400) | $0.00 |
| 121806316 | Siemens Industry, Inc. | Siemens Industry, Inc.<br>1000 Deerfield Parkway<br>Buffalo Grove, IL 60089 | PSP Stores, LLC | EQUIPMENT PURCHASE, RELATED DATA SERVICES AND PROFESSIONAL SERVICES AGREEMENT | | $434.56 |
| 121806328 | Simmons Pet Food, Inc. | Simmons Pet Food, Inc.<br>601 N. Hico Street<br>Siloam Springs, AR 72761 | PSP Group, LLC | Private Brand Pet Foods Agreement | | $0.00 |
| 121806341 | Singh Pets, LLC | Singh Pets, LLC<br>7548 Morris Street #2<br>Fulton, MD 20759 | PSP Franchising, LLC | Franchise Agreement, dated 11/15/2022, as renewed or amended (Store #4503 - Beltsville) | | $0.00 |
| 121806369 | Sitecore USA, Inc. | Sitecore USA, Inc.<br>101 California St Suite 1600<br>San Francisco, CA 94111 | Pet Supplies "Plus", LLC | Sitecore Source Code License Agreement | | $39,702.13 |
| 121806371 | Siterra, LLC | Siterra, LLC<br>10801-2 N. Mopac Expressway<br>Suite 400<br>Austin, TX 78759 | Pet Supplies "Plus", LLC | Master Subscription Agreement | | $0.00 |
| 121900128 | SJSS Powell, LLC | SJSS Powell, LLC<br>c/o MGM Management<br>485 Metro Place South<br>Suite 270<br>Dublin, OH 43017 | PSP Stores, LLC | Lease, dated 02/20/2013, as amended (Powell, OH) | Powell, OH (0225) | $119.41 |
| 121806378 | Skol Haus Pets L.L.C. | Skol Haus Pets L.L.C.<br>8917 W Lakeside Drive<br>Sioux Falls, SD 57107 | PSP Franchising, LLC | Franchise Agreement, dated 11/13/2019, as renewed or amended (Store #4300 - Sioux Falls) | | $0.00 |
| 121900203 | Sky Cortland, LLC | Sky Cortland, LLC<br>Attn: Avi Metchik<br>10101 Fondren Rd.<br>Suite 545<br>Houston, TX 77096 | PSP Stores, LLC | Lease Agreement, dated 08/17/2021, as amended (Cortland, NY) | Cortland, NY (4466) | $0.00 |
| 121806381 | Skyepets, LLC | Skyepets, LLC<br>20619 Shadow Mill Court<br>Katy, TX 77450 | PSP Franchising, LLC | Franchise Agreement, dated 03/05/2019, as renewed or amended (Store #4243 - Spring) | | $0.00 |
| 121900116 | SL Yorkhouse Commons LLC | SL Yorkhouse Commons LLC<br>c/o Cambridge Management, Ltd.<br>15941 S. Harlem Ave. PMB 108<br>Tinley Park, IL 60477 | PSP Stores, LLC | Lease Agreement, dated 07/30/2012, as amended (Waukegan, IL) | Waukegan, IL (0208) | $0.00 |
| 121900215 | SLN Bellgrade, L.L.C. | SLN Bellgrade, L.L.C.<br>c/o S.L. Nusbaum realty Co.<br>7200 Glen Forest Dr.<br>Suite 300<br>Richmond, VA 23226 | PSP Stores, LLC | Lease Agreement, dated 01/26/2012, as amended (Midlothian, VA) | Midlothian, VA (8059) | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121806386 | Sloans of PSP, LLC | Sloans of PSP, LLC<br>5771 Myers Road<br>Akron, OH 43319 | PSP Franchising, LLC | Franchise Agreement, dated 10/27/2021, as renewed or amended (Store #4485 - Norton) | | $0.00 |
| 121900195 | Smith Land & Improvement Corporation | Smith Land & Improvement Corporation<br>1810 Market Street<br>Camp Hill, PA 17011 | PSP Stores, LLC | Lease, dated 09/08/2010, as amended (Lemoyne, PA) | Lemoyne, PA (4393) | $0.00 |
| 121806410 | SOCi, Inc. | SOCi, Inc.<br>8605 Santa Monica Blvd PMB 47149<br>West Hollywood, CA 90069-4109 | PSP Group, LLC | SOCi Order Form and Master Subscription Agreement | | $0.00 |
| 121806416 | SocialWise, Inc., d.b.a. Rallio | SocialWise, Inc., d.b.a. Rallio<br>400 Spectrum Center Drive Suite 1250<br>Irvine, CA 92618 | Pet Supplies "Plus", LLC | REVV AGREEMENT | | $0.00 |
| 121806421 | SocialWise, Inc., d.b.a. Rallio | SocialWise, Inc., d.b.a. Rallio<br>400 Spectrum Center Drive Suite 1250<br>Irvine, CA 92618 | Pet Supplies "Plus", LLC | Rallio Local Agreement | | $0.00 |
| 121806425 | SOEMI Pet Supplies, Inc. | SOEMI Pet Supplies, Inc.<br>2027 Mackenzie Place<br>Wheaton, IL 60187 | PSP Franchising, LLC | Franchise Agreement, dated 12/09/2022, as renewed or amended (Store #4565 - Kenosha) | | $0.00 |
| 121806427 | Sole Pet, LLC | Sole Pet, LLC<br>29 Long Hill Road<br>New Vernon, NJ 07976 | PSP Franchising, LLC | Franchise Agreement, dated 08/23/2023, as renewed or amended (Store #4157 - Pen Argyl) | | $0.00 |
| 121806439 | South River Mills Investments, LLC | South River Mills Investments, LLC<br>56 Mills Gap Road<br>Asheville, NC 28803 | PSP Franchising, LLC | Franchise Agreement, dated 05/20/2023, as renewed or amended (Store #4601 - Hendersonville) | | $0.00 |
| 121806441 | South State Bank | South State Bank<br>c/o REPAY<br>3 West Paces Ferry Road<br>Suite 200<br>Atlanta, GA 30309 | Buddy's Newco, LLC | Electronic Payment Contract | | $0.00 |
| 121806443 | Southbay Ventures, LLC | Southbay Ventures, LLC<br>1231 Horseshoe Drive<br>Greensboro, GA 30642 | PSP Franchising, LLC | Franchise Agreement, dated 06/21/2016, as renewed or amended (Store #4094 - Edmond) | | $0.00 |
| 121806444 | Southbay Ventures, LLC | Southbay Ventures, LLC<br>1231 Horseshoe Drive<br>Greensboro, GA 30642 | PSP Franchising, LLC | Franchise Agreement, dated 02/19/2019, as renewed or amended (Store #4233 - Oklahoma City) | | $0.00 |
| 121900145 | Spartan Square Limited Partnership | Spartan Square Limited Partnership<br>1463 West Main Street<br>Suite P3<br>Salem, VA 24153 | PSP Stores, LLC | Lease, dated 08/21/2015, as amended (Salem, VA) | Salem, VA (4027) | $854.70 |
| 121806459 | Special D Events, Inc. | Special D Events, Inc.<br>1420 Washington Boulevard<br>Suite 301<br>Detroit, MI 48220 | PSP Stores, LLC | Special D Events Contract | | $0.00 |
| 121806466 | Spike Enterprises, Inc. | Spike Enterprises, Inc.<br>18914 IH 20<br>Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 01/27/2015, as renewed or amended (Store #4013 - Stephenville) | | $0.00 |
| 121806467 | Spike Enterprises, Inc. | Spike Enterprises, Inc.<br>18914 IH 20<br>Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 05/24/2016, as renewed or amended (Store #4070 - Copperas Cove) | | $0.00 |
| 121806468 | Spike Enterprises, Inc. | Spike Enterprises, Inc.<br>18914 IH 20<br>Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 03/12/2018, as renewed or amended (Store #4174 - Weatherford) | | $0.00 |
| 121806469 | Spike Enterprises, Inc. | Spike Enterprises, Inc.<br>18914 IH 20<br>Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 01/31/2021, as renewed or amended (Store #4228 - Lubbock) | | $0.00 |
| 121806470 | Spike Enterprises, Inc. | Spike Enterprises, Inc.<br>18914 IH 20<br>Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 09/09/2020, as renewed or amended (Store #4349 - Abilene) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121806471 | Spike Enterprises, Inc. | Spike Enterprises, Inc. 18914 IH 20 Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 03/22/2022, as renewed or amended (Store #4508 - Midland) | | $0.00 |
| 121806472 | Spike Enterprises, Inc. | Spike Enterprises, Inc. 18914 IH 20 Cisco, TX 76437 | PSP Franchising, LLC | Franchise Agreement, dated 03/24/2022, as renewed or amended (Store #4511 - Lubbock) | | $0.00 |
| 121900049 | SPS Properties LP | SPS Properties LP 11 Cleveland Circle Skillman, NJ 08558 | PSP Stores, LLC | Lease, dated 07/24/2008, as amended (Bethel Park, PA) | Bethel Park, PA (0087) | $0.00 |
| 121900136 | SRK Painesville Associates, LLC | SRK Painesville Associates, LLC c/o Benchmark Management Corp. 4053 Maple Road Amherst, NY 14226 | PSP Stores, LLC | Lease, dated 06/26/2014, as amended (Painesville, OH) | Painesville, OH (0240) | $0.00 |
| 121900061 | SSC Associates Limited Partnership | SSC Associates Limited Partnership c/o Professional Property Mgmt. Co. of Michigan, Inc. 115 W. Brown Birmingham, MI 48003 | PSP Stores, LLC | Lease, dated 04/02/2009, as amended (St. Clair Shores, MI) | St. Clair Shores, MI (0003) | $806.20 |
| 121806503 | SSSCR, Inc. | SSSCR, Inc. 208 St. James Avenue, Suite B Goose Creek, SC 29445 | PSP Franchising, LLC | Franchise Agreement, dated 01/19/2016, as renewed or amended (Store #4262 - Goose Creek) | | $0.00 |
| 121806504 | St. Croix Valley Holdings, Inc. | St. Croix Valley Holdings, Inc. 4751 Hiawatha Avenue Minneapolis, MN 55406 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2002, as renewed or amended (Store #136 - Burnsville) | | $0.00 |
| 121806505 | St. Croix Valley Holdings, Inc. | St. Croix Valley Holdings, Inc. 4751 Hiawatha Avenue Minneapolis, MN 55406 | PSP Franchising, LLC | Franchise Agreement, dated 09/10/2002, as renewed or amended (Store #138 - Bloomington) | | $0.00 |
| 121806506 | St. Croix Valley Holdings, Inc. | St. Croix Valley Holdings, Inc. 4751 Hiawatha Avenue Minneapolis, MN 55406 | PSP Franchising, LLC | Franchise Agreement, dated 12/23/2010, as renewed or amended (Store #199 - Minneapolis) | | $0.00 |
| 121806510 | StackAdapt Inc. | StackAdapt Inc. 210 King St East - Suite 500 Toronto, ON M5A 1J7 | PSP Group, LLC | StackAdapt Digital Advertising Services Agreement | | $0.00 |
| 121806524 | Stardust Partners, LLC | Stardust Partners, LLC c/o Pet Supplies Plus, 1300 MacDade Boulevard Woodlyn, PA 19094 | PSP Franchising, LLC | Franchise Agreement, dated 01/13/2021, as renewed or amended (Store #4223 - Philadelphia) | | $0.00 |
| 121806533 | Stealth Dog, Inc. | Stealth Dog, Inc. 382 Adams St. Plymouth, MI 48170 | PSP Franchising, LLC | Franchise Agreement, dated 02/20/2004, as renewed or amended (Store #152 - Adrian) | | $0.00 |
| 121806547 | Stevens Point Pets, LLC | Stevens Point Pets, LLC 2295 Spring Rose Road Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 04/17/2023, as renewed or amended (Store #4596 - Stevens Point) | | $0.00 |
| 121806554 | STM Investments, LLC | STM Investments, LLC 3106 Southern Hills Drive Des Moines, IA 50321 | PSP Franchising, LLC | Franchise Agreement, dated 11/17/2022, as renewed or amended (Store #4599 - Kendall) | | $0.00 |
| 121900213 | Store Property Marble, LLC | Store Property Marble, LLC 110 Hidden Pass San Antonio, TX 78323 | PSP Stores, LLC | Lease, dated 04/01/2011, as amended (Marble Falls, TX) | Marble Falls, TX (7012) | $0.00 |
| 121806563 | STRAIGHT PATH IT SOLUTIONS, LLC | STRAIGHT PATH IT SOLUTIONS, LLC 12 E. Side Road Sanbornville, NH 03872 | PSP Group, LLC | Professional Services Agreement | | $0.00 |
| 121806566 | Strategic Defense Corporation | Strategic Defense Corporation 30 N Gould St Ste R Sheridan, WY 82801 | PSP Group, LLC | Statement of Work for Adversarial Testing Services | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121806569 | Strategic Pharmaceutical Solutions Inc., dba Vetsource | Strategic Pharmaceutical Solutions Inc., dba Vetsource<br>2005 SE 192nd Ave.<br>Suite 200<br>Camas, WA 98607 | PSP Group, LLC | Master Services Agreement | | $0.00 |
| 121806570 | Strategic Pharmaceutical Solutions Inc., dba Vetsource<br>Vet Success Inc.<br>V2P2, LLC dba Vet2Pet | Strategic Pharmaceutical Solutions Inc., dba Vetsource<br>Vet Success Inc.<br>V2P2, LLC dba Vet2Pet<br><br>2005 SE 192nd Ave.<br>Suite 200<br>Camas, WA 98607 | PSP Group, LLC | Amendment No. 1 to Statement of Work Prescription Medication and Diet Nutrition Services | | $0.00 |
| 121806602 | Sun Print Management | Sun Print Management<br>1101 N. Ward St.<br>Tampa, FL 33607 | Buddy's Newco, LLC | Master Service Agreement | | $125.00 |
| 121806619 | Sunrise Technologies, Inc. | Sunrise Technologies, Inc.<br>525 Vine Street<br>Suite 210<br>Winston Salem, NC 27101 | PSP Group, LLC | Sunrise Master Services Agreement | | $0.00 |
| 121900038 | Sunshine Lake Shore Associates, LLC | Sunshine Lake Shore Associates, LLC<br>c/o Milbrook Properties Ltd.<br>42 Bayview Ave.<br>Manhasset, NY 11030 | Pet Supplies "Plus", LLC | Lease Agreement, dated 02/11/2010, as amended<br>(Lake Ronkonkoma, NY) | Lake Ronkonkoma, NY (9049) | $0.00 |
| 121806624 | Super Design Manufacture Co., Ltd | Super Design Manufacture Co., Ltd<br>3rd Floor<br>Building 52<br>Yonger New Industrial Area<br>Zhongshan City, 528467 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121806627 | Superior Consulting Services, LLC | Superior Consulting Services, LLC<br>350 W Burnsville Pkwy<br>Ste 550<br>Burnsville, MN 55337-4900 | PSP Group, LLC | Superior Consulting Services, LLC Professional Services Agreement | | $0.00 |
| 121806630 | SupplyLogic, LLC | SupplyLogic, LLC<br>1400 Universal Avenue<br>Kansas City, MO 64120 | PSP Group, LLC | Second Amendment to the Agreement | | $0.00 |
| 121806637 | Surf City Pets, LLC | Surf City Pets, LLC<br>16152 Whitecap Lane<br>Huntington Beach, CA 92649 | PSP Franchising, LLC | Franchise Agreement, dated 02/12/2019, as renewed or amended (Store #4240 - Long Beach ) | | $0.00 |
| 122000038 | Surveying and Mapping, LLC | Surveying and Mapping, LLC<br>4801 SOUTHWEST PARKWAY<br>BUILDING 2, STE 100<br>AUSTIN, TX 78735 | Buddy's Newco, LLC | Office Lease dated June 14, 2021, as amended (Orlando) | Orlando | $945.24 |
| 121900191 | SUSO 1 Summit Ridge, LP | SUSO 1 Summit Ridge, LP<br>c/o Slate Asset Management L.P.<br>121 King Street West<br>Suite 200<br>Toronto, ON M5H 3T9 | PSP Stores, LLC | Lease, dated 10/06/2015, as amended (Mount Pleasant, PA) | Mount Pleasant, PA (4381) | $0.00 |
| 122000002 | Swamp Land Acquisitions, LLC | Swamp Land Acquisitions, LLC<br>PO BOX 141105<br>GAINESVILLE, FL 32614-1105 | Buddy's Newco, LLC | Lease Agreement dated August 9, 2013, as amended (Store 9) | 9 | $522.19 |
| 121806654 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4546 - Florence) | | $0.00 |
| 121806655 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4547 - Athens) | | $0.00 |
| 121806656 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4548 - Cullman) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 121806658 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4550 - Guntersville) | | $0.00 |
| 121806659 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4551 - Hartselle) | | $0.00 |
| 121806660 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4552 - Fort Payne) | | $0.00 |
| 121806662 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4554 - Hazel Green) | | $0.00 |
| 121806663 | Sweet Home Pets, LLC | Sweet Home Pets, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | PSP Franchising, LLC | Franchise Agreement, dated 11/02/2022, as renewed or amended (Store #4555 - Scottsboro) | | $0.00 |
| 121900106 | SWG-Reynoldsburg, LLC | SWG-Reynoldsburg, LLC<br>c/o Garner Group<br>3715 Northside Parkway<br>Suite 4-325<br>Atlanta, GA 30327 | PSP Stores, LLC | Lease, dated 01/29/2004, as amended (Reynoldsburg, OH) | Reynoldsburg, OH (0168) | $0.00 |
| 121806675 | Sydney's Pantry, LLC | Sydney's Pantry, LLC<br>14090 FM 2920, Ste. G551<br>Tomball, TX 77377 | PSP Franchising, LLC | Franchise Agreement, dated 07/05/2023, as renewed or amended (Store #4607 - Cypress) | | $0.00 |
| 121806684 | Synergy Franchising Corp. d/b/a Jani-King of Columbia | Synergy Franchising Corp. d/b/a Jani-King of Columbia<br>720 Gracern Road<br>Suite 116<br>Columbia, SC 29210 | PSP Distribution, LLC | JANI-KING MAINTENANCE AGREEMENT | | $3,025.00 |
| 121900175 | T PITTSTON PA CROSSINGS, LLC | T PITTSTON PA CROSSINGS, LLC<br>T Pittston Crossings P A, LLC<br>16600 Dallas Parkway<br>Suite 300<br>Dallas, TX 75248 | PSP Stores, LLC | Lease Agreement, dated 02/21/2017, as amended (Pittston, PA) | Pittston, PA (4165) | $0.00 |
| 121806687 | T&C Stillwaters, Inc. | T&C Stillwaters, Inc.<br>11930 Partridge Road Court N<br>Stillwater, MN 55082 | PSP Franchising, LLC | Franchise Agreement, dated 08/03/2020, as renewed or amended (Store #4412 - Fridley) | | $0.00 |
| 121806688 | T&C Stillwaters, Inc. | T&C Stillwaters, Inc.<br>11930 Partridge Road Court N<br>Stillwater, MN 55082 | PSP Franchising, LLC | Franchise Agreement, dated 06/18/2021, as renewed or amended (Store #4438 - Blaine) | | $0.00 |
| 121806696 | Tahoe Capital, LLC | Tahoe Capital, LLC<br>1410 Curtin St.<br>Houston, TX 77018 | PSP Franchising, LLC | Franchise Agreement, dated 02/26/2021, as renewed or amended (Store #4232 - Corpus Christi) | | $0.00 |
| 121802285 | Talal Maatouk (Entity Pending) | Talal Maatouk (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 09/15/2023, as renewed or amended (Store #N/A - Foley) | | $0.00 |
| 121806710 | Tallwave LLC | Tallwave LLC<br>4110 N. Scottsdale Rd. Suite 300<br>Scottsdale, AZ 85251 | PSP Group, LLC | Pet Supplies Plus Competitor Strike - Statement of Work | | $0.00 |
| 121806716 | Tar Hong Melamine USA Inc. | Tar Hong Melamine USA Inc.<br>780 S. Nogales<br>City of Industry, CA 91748 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121806726 | Tayney Store 2 L.L.C. | Tayney Store 2 L.L.C.<br>8703 Black Cherry Crossing<br>Katy, TX 77494 | PSP Franchising, LLC | Franchise Agreement, dated 08/29/2016, as renewed or amended (Store #4129 - Katy) | | $0.00 |
| 121806727 | Tayney Store 3, LLC | Tayney Store 3, LLC<br>8703 Black Cherry Crossing<br>Katy, TX 77494 | PSP Franchising, LLC | Franchise Agreement, dated 04/15/2019, as renewed or amended (Store #4253 - Katy) | | $0.00 |
| 121806728 | Tayney Ventures, LP | Tayney Ventures, LP<br>8703 Black Cherry Crossing<br>Katy, TX 77494 | PSP Franchising, LLC | Franchise Agreement, dated 08/05/2014, as renewed or amended (Store #7019 - Katy) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900149 | TCB-Stonebrook, LLC | TCB-Stonebrook, LLC<br>c/o Newport Capital Partners<br>353 N. Clark Street<br>Suite 3625<br>Chicago, IL 60654 | PSP Stores, LLC | Lease, dated 12/01/2015, as amended<br>(Merrionette Park, IL) | Merrionette Park, IL (4038) | $0.00 |
| 121802281 | Ted Lewis (Entity Pending) | Ted Lewis (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 02/23/2023,<br>as renewed or amended (Store #N/A -<br>Yuba City) | | $0.00 |
| 121806744 | TEKsystems, Inc. | TEKsystems, Inc.<br>7437 Race Road<br>Hanover, MD 21076 | PSP Stores, LLC | Staffing Services Agreement - Modified | | $0.00 |
| 121806750 | Tempur-Pedic North America, LLC | Tempur-Pedic North America, LLC<br>1000 Tempur Way<br>Lexington, KY 40511-1386 | Buddy's Newco, LLC | Incentive Agreement | | $0.00 |
| 121806751 | Tempus Technologies, Inc. | Tempus Technologies, Inc.<br>120 E. Seventh St.<br>Auburn, IN 46706 | Pet Supplies "Plus", LLC | PaymentMate® Master Agreement | | $0.00 |
| 121806754 | Tennessee Yankee, LLC | Tennessee Yankee, LLC<br>401 Old Pleasant Grove Road, Apartment 821<br>Mount Juliet, TN 37122-7315 | PSP Franchising, LLC | Franchise Agreement, dated 10/09/2020,<br>as renewed or amended (Store #4354 - Mt.<br>Juliet) | | $0.00 |
| 121806757 | TerraCycle US LLC | TerraCycle US LLC<br>121 New York Ave<br>Trenton, NJ 8638 | PSP Group, LLC | TerraCycle Program Master Agreement | | $0.00 |
| 121806759 | TETRAD COMPUTER APPLICATIONS INC. | TETRAD COMPUTER APPLICATIONS INC.<br>Suite 318 - 1788 West 5th Avenue<br>Vancouver, BC V6J1P2 | Pet Supplies "Plus", LLC | AMENDMENT #2 TO SITEWISE SOFTWARE<br>AS A SERVICE (SAAS) LICENSE<br>AGREEMENT | | $0.00 |
| 121806761 | Texas Pet Supplies Inc. | Texas Pet Supplies Inc.<br>9672 E Balancing Rock Rd<br>Scottsdale, AZ 85262 | PSP Franchising, LLC | Franchise Agreement, dated 02/24/2020,<br>as renewed or amended (Store #4311 -<br>Amarillo) | | $0.00 |
| 121805454 | Thakur Dangal (Entity Pending) | Thakur Dangal (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 01/22/2024,<br>as renewed or amended (Store #N/A -<br>Harrisburg) | | $0.00 |
| 122000318 | The Fort Companies, LLC | The Fort Companies, LLC<br>12512 Gracie Lane<br>Spanish Fort, AL 36527 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/01/2024,<br>as amended or extended (Store 1011) | 1011 | $0.00 |
| 121806793 | The Garmon Corporation dba NaturVet | The Garmon Corporation dba NaturVet<br>27461 Via Industrial St<br>Temecula, CA 92590 | PSP Group, LLC | Consent Agreement | | $0.00 |
| 121806797 | The Grocery Pup, LLC | The Grocery Pup, LLC<br>1401 Lavaca Street #204<br>Austin, TX 78701 | PSP Group, LLC | PSP Group, LLC Pet Partner Manual and<br>Addendum | | $0.00 |
| 121806804 | The Hillman Group, Inc. | The Hillman Group, Inc.<br>10590 Hamilton Avenue<br>Cincinnati, OH 45231 | PSP Midco, LLC | ID Spot Engraver Agreement | | $0.00 |
| 121806813 | The J Austria Project, LLC | The J Austria Project, LLC<br>10705 Seneca Spring Way<br>Gaithersburg, MD 20886 | PSP Franchising, LLC | Franchise Agreement, dated 07/17/2023,<br>as renewed or amended (Store #4655 -<br>Gaithersburg) | | $0.00 |
| 121900060 | The Shoppes, LP | The Shoppes, LP<br>c/o The Broadbent Company<br>117 E. Washington St<br>Suite 300<br>Indianapolis, IN 46204 | PSP Stores, LLC | Lease Agreement, dated 08/10/1993, as<br>amended<br>(Fort Wayne, IN) | Fort Wayne, IN (0052) | $252.20 |
| 121900008 | The Taxman Corporation | The Taxman Corporation<br>5125 Old Orchard Rd<br>Suite 130<br>Skokie, IL 60077 | Pet Supplies "Plus", LLC | Lease Agreement, dated 07/29/1993, as<br>amended<br>(Chicago, IL) | Chicago, IL (0066) | $0.00 |
| 122000037 | The Triple M Partnership 2, LLC | The Triple M Partnership 2, LLC<br>PO BOX 2550<br>VICTORIA, TX 77902-2550 | Buddy's Newco, LLC | First amendment to Lease Agreement<br>dated February 28, 2024 (Store 1025) | 1025 | $455.77 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|-------------------------|-------|-------------|
| 121806858 | The Ultimate Software Group Inc. | The Ultimate Software Group Inc. 2000 Ultimate Way Weston, FL 33326 | PSP Group, LLC | The Ultimate Software Group, Inc. SaaS Agreement | | $0.00 |
| 121900244 | The Vienna Shopping Center Limited Partnership | The Vienna Shopping Center Limited Partnership c/o Rappaport Management Company 8405 Greensboro Drive 8th Floor McLean, VA 22102-5121 | WNW Stores, LLC | Lease, dated 12/07/2016, as amended (Vienna, VA) | Vienna, VA (3032) | $129.59 |
| 121806869 | Thermopylae Sciences & Technology, LLC Intergraph Corporation Hexagon Geospatial | Thermopylae Sciences & Technology, LLC Intergraph Corporation  Hexagon Geospatial 1911 N. Fort Myer Dr. Suite 700 Arlington, VA 22209 | Pet Supplies "Plus", LLC | Novation Agreement | | $0.00 |
| 121900095 | THF Clarksburg Development Two, LLC | THF Clarksburg Development Two, LLC c/o THF Realty 2127 Innerbelt Business Center Dr Suite 200 St. Louis, MO 63114 | PSP Stores, LLC | Lease, dated 07/11/2002, as amended (Clarksburg, WV) | Clarksburg, WV (0139) | $0.00 |
| 121806875 | Thomas Family Pet Supply, Inc. | Thomas Family Pet Supply, Inc. 37 Overbrook Road Painted Post, NY 14870 | PSP Franchising, LLC | Franchise Agreement, dated 02/23/2022, as renewed or amended (Store #4499 - Corning/Elmira) | | $0.00 |
| 121900110 | TIA Holdings ETY LLC | TIA Holdings ETY LLC c/o Realty Invest 4263 Gavin Lane Columbus, OH 43220 | PSP Stores, LLC | Lease, dated 06/25/2008, as amended (Lancaster, OH) | Lancaster, OH (0190) | $1,042.39 |
| 121900192 | TIA Holdings Mill Run, LLC | TIA Holdings Mill Run, LLC 2503 East Broad Street Columbus, OH 43209 | PSP Stores, LLC | Lease, dated 07/17/1997, as amended (Hilliard, OH) | Hilliard, OH (4383) | $551.64 |
| 121900074 | Tiffin Ave 2023 LLC | Tiffin Ave 2023 LLC 2407 Columbia Pike Suite 200 Arlington, VA 22204 | PSP Stores, LLC | Lease, dated 11/30/1998, as amended (Findlay, OH) | Findlay, OH (0089) | $0.00 |
| 121806895 | TiLu Pets, Inc. | TiLu Pets, Inc. 1517 Lakeview Ave. Sylvan Lake, MI 48320 | PSP Franchising, LLC | Franchise Agreement, dated 01/12/2015, as renewed or amended (Store #4024 - Tampa) | | $0.00 |
| 121900193 | Timber Springfield Properties, LLC | Timber Springfield Properties, LLC 1060 W State Rd. 434 Suite 156 Longwood, FL 32750 | PSP Stores, LLC | Lease, dated 09/15/2004, as amended (Springfield, OH) | Springfield, OH (4387) | $0.00 |
| 121900166 | TKG Management, Inc | TKG Management, Inc 211 N. Stadium Boulevard Suite 201 Columbia, MO 65203 | PSP Stores, LLC | Lease Agreement, dated 02/22/2016, as amended (Fairhaven, MA) | Fairhaven, MA (4106) | $0.00 |
| 121806914 | T-Mobile USA, Inc. | T-Mobile USA, Inc. 12920 S.E. 38th Street Bellevue, WA 98006 | PSP Group, LLC | T-Mobile Master Corporate Services Agreement | | $0.00 |
| 121900187 | Tolson Investments, LLC | Tolson Investments, LLC c/o Tolson Enterprises 7150 W. Central Ave Suite 200 Toledo, OH 43617 | PSP Stores, LLC | Lease, dated 08/19/2019, as amended (Fremont, OH) | Fremont, OH (4267) | $0.00 |
| 121806943 | Torberg Holdings, LLC | Torberg Holdings, LLC 737 Lake Shore Grosse Pointe Shores, MI 48236 | PSP Franchising, LLC | Franchise Agreement, dated 12/19/2016, as renewed or amended (Store #4124 - Naples) | | $0.00 |
| 121806944 | Total Pet Supply Depot Inc. | Total Pet Supply Depot Inc. 9601 Humboldt Avenue South Bloomington, MN 55431 | PSP Franchising, LLC | Franchise Agreement, dated 02/24/2021, as renewed or amended (Store #4488 - Apple Valley) | | $0.00 |
| 122000319 | TPGBHF, LLC | TPGBHF, LLC 2100 N Lake Eloise Drive Winter Haven, FL 33884 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/20/2023, as amended or extended (Store 160) | 160 | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|------|------------------------|-----------------------------------|---------------|------------------------|-------|-------------|
| 122000320 | TPGBHF, LLC | TPGBHF, LLC<br>2100 N Lake Eloise Drive<br>Winter Haven, FL 33884 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/20/2023, as amended or extended (Store 161) | 161 | $0.00 |
| 122000321 | TPGBHF, LLC | TPGBHF, LLC<br>2100 N Lake Eloise Drive<br>Winter Haven, FL 33884 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 06/20/2023, as amended or extended (Store 162) | 162 | $0.00 |
| 122000322 | TPGBHF, LLC | TPGBHF, LLC<br>2100 N Lake Eloise Drive<br>Winter Haven, FL 33884 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 05/21/2024, as amended or extended (Store 163) | 163 | $0.00 |
| 122000323 | TPGBHF, LLC | TPGBHF, LLC<br>2100 N Lake Eloise Drive<br>Winter Haven, FL 33884 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 02/23/2024, as amended or extended (Store 164) | 164 | $0.00 |
| 121806951 | Tradesmen International, LLC | Tradesmen International, LLC<br>9760 Shepard Rd<br>Macedonia, OH 44056 | PSP Distribution, LLC | Master Services Agreement | | $0.00 |
| 121806965 | Transplace Texas, LP | Transplace Texas, LP<br>3010 Gaylord Parkway<br>Suite 200<br>Frisco, TX 75034 | Pet Supplies "Plus", LLC | Transportation Logistics Management Services Agreement - Amendment No. 6 | | $0.00 |
| 121900189 | Traver Village Limited Partnership | Traver Village Limited Partnership<br>c/o First Martin Corporation<br>115 Depot Street<br>Ann Arbor, MI 48104 | PSP Stores, LLC | Lease, dated 09/30/1991, as amended (Ann Arbor, MI) | Ann Arbor, MI (4324) | $8,411.37 |
| 121900057 | Treeco/Elwood Limited Partnership | Treeco/Elwood Limited Partnership<br>10 E. Palisade Avenue<br>Englewood, NJ 07631 | PSP Stores, LLC | Lease, dated 11/02/1998, as amended (East Northport, NY) | East Northport, NY (9030) | $8,441.75 |
| 121806972 | Trident4, Inc. | Trident4, Inc.<br>4885 Ketchum Court<br>Granite Bay, CA 95746 | PSP Franchising, LLC | Franchise Agreement, dated 06/07/2023, as renewed or amended (Store #4625 - Roseville) | | |
| 121900196 | Triple Bar Kendig Square, LLC | Triple Bar Kendig Square, LLC<br>c/o J.C. Bar<br>224 St. Charles Way<br>Suite 290<br>York, PA 17402 | PSP Stores, LLC | Lease, dated 08/24/2012, as amended (Willow St, PA) | Willow St, PA (4394) | $0.00 |
| 122000324 | TryBudCoLLC | TryBudCoLLC<br>6200 Mountain Brook Lane NW<br>Atlanta, GA 30328 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 11/21/2022, as amended or extended (Store 121) | 121 | $0.00 |
| 122000325 | TryBudCoLLC | TryBudCoLLC<br>6200 Mountain Brook Lane NW<br>Atlanta, GA 30328 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 07/07/2022, as amended or extended (Store 122) | 122 | $0.00 |
| 122000326 | TryBudCoLLC | TryBudCoLLC<br>6200 Mountain Brook Lane NW<br>Atlanta, GA 30328 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 03/31/2023, as amended or extended (Store 123) | 123 | $0.00 |
| 122000327 | TryBudCoLLC | TryBudCoLLC<br>6200 Mountain Brook Lane NW<br>Atlanta, GA 30328 | Buddy's Franchising and Licensing LLC | Franchise Agreement, dated 10/01/2021, as amended or extended (Store 120) | 120 | $0.00 |
| 121900054 | TT Mt. Airy, LLC | TT Mt. Airy, LLC<br>c/o Rappaport Management Company<br>8405 Greensboro Drive<br>Suite 830<br>Mclean, VA 22102 | PSP Stores, LLC | Lease Agreement, dated 09/05/2013, as amended (Mt Airy, MD) | Mt. Airy, MD (4405) | $618.96 |
| 122000035 | Tuscany Town Center Management, LLC | Tuscany Town Center Management, LLC<br>7420 GOLDEN POND<br>SUITE 100<br>ARMARILLO, TX 79121 | Buddy's Newco, LLC | Commercial Lease dated July 1, 2022 (Store 1023) | 1023 | $353.04 |
| 121807008 | Twin Holdings Corp. | Twin Holdings Corp.<br>10547 Meridian Place Northeast<br>Lake Stevens, WA 98258 | PSP Franchising, LLC | Franchise Agreement, dated 09/21/2021, as renewed or amended (Store #4521 - Kennewick) | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121807023 | UKG Inc. | UKG Inc.<br>900 Chelmsford St<br>Lowell, MA 01851 | PSP Group, LLC | UKG Order | | $0.00 |
| 129990003 | UMR, Inc. | UMR, Inc.<br>UnitedHealthcare<br>Attention: Paul Cirillo<br>City Place I 185 Asylum St.<br>Hartford, CT 06103 | Franchise Group, LLC | Administrative Services Agreement, between UMR, Inc. and Franchise Group, Inc., effective as of January 1, 2024 | | $0.00 |
| 121807032 | Unforgettable Pets Corp. | Unforgettable Pets Corp.<br>217 Copperwood Loop<br>Conway, SC 29526-5036 | PSP Franchising, LLC | Franchise Agreement, dated 05/19/2022, as renewed or amended (Store #4524 - Conway) | | $0.00 |
| 121900107 | Union Consumer Improvements, LLC | Union Consumer Improvements, LLC<br>c/o DLC Management Corp.<br>565 Taxter Road<br>Suite 400<br>Elmsford, NY 10523 | PSP Stores, LLC | Lease, dated 09/30/2005, as amended (Cheektowaga, NY) | Cheektowaga, NY (0172) | $0.00 |
| 121807036 | Unique Petz Treatz, LLC | Unique Petz Treatz, LLC<br>10 West 33rd Street<br>Suite 220<br>New York, NY 10001 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900055 | University Plaza Associates, LLC | University Plaza Associates, LLC<br>c/o Nigro Companies<br>20 Corporate Woods Blvd.<br>Albany, NY 12211 | PSP Stores, LLC | Lease Agreement, dated 09/13/1996, as amended (Albany, NY) | Albany, NY (9024) | $13,848.25 |
| 121807072 | Unleashed Brands, LLC | Unleashed Brands, LLC<br>2350 Airport Freeway, Suite 505<br>Bedford, TX 76022 | Franchise Group, Inc. | Transition Services Agreement | | $0.00 |
| 121807079 | Upstream Commerce Inc. | Upstream Commerce Inc.<br>228 Park Ave S. #89632<br>New York, NY 10003-1502 | Pet Supplies "Plus", LLC | Upstream Commerce Master Agreement | | $0.00 |
| 121807082 | Upstream Commerce Client | Upstream Commerce<br>228 Park Ave S. #89632<br>New York, NY 10003-1502 | PSP Group, LLC | Service Level Agreement | | $0.00 |
| 121807087 | US Pet Goods LLC | US Pet Goods LLC<br>3535 Inland Empire Blvd.<br>Ontario, CA 91764 | PSP Franchising, LLC | Franchise Agreement, dated 02/01/2023, as renewed or amended (Store #4584 - Corona) | | $0.00 |
| 121807088 | US Retail, Inc. | US Retail, Inc.<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #11 - Wyoming) | | $0.00 |
| 121807089 | US Retail, Inc. | US Retail, Inc.<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #45 - Grand Rapids) | | $0.00 |
| 121807090 | US Retail, Inc. | US Retail, Inc.<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #94 - Caledonia) | | $0.00 |
| 121807091 | US Retail, Inc. | US Retail, Inc.<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #121 - Grandville) | | $0.00 |
| 121807092 | US Retail, Inc. | US Retail, Inc.<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, as renewed or amended (Store #150 - Grand Rapids) | | $0.00 |
| 121807098 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 08/19/2015, as renewed or amended (Store #4026 - Maryville) | | $0.00 |
| 121807099 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/16/2021, as renewed or amended (Store #4473 - Kingsport) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121807100 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 10/18/2021, as renewed or amended (Store #4477 - Murfreesboro) | | $0.00 |
| 121807101 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/29/2023, as renewed or amended (Store #4598 - Hermitage) | | $0.00 |
| 121807102 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/02/2002, as renewed or amended (Store #8006 - Knoxville) | | $0.00 |
| 121807103 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 04/02/2002, as renewed or amended (Store #8033 - Oak Ridge) | | $0.00 |
| 121807104 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 06/02/2011, as renewed or amended (Store #8045 - Knoxville) | | $0.00 |
| 121807105 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 01/19/2012, as renewed or amended (Store #8049 - Knoxville) | | $0.00 |
| 121807106 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 08/26/2013, as renewed or amended (Store #8061 - Cookeville) | | $0.00 |
| 129990014 | USR Tennessee, LLC | USR Tennessee, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/08/2021, as renewed or amended (Store #4430 - Johnson City) | | $0.00 |
| 121807108 | USR Virginia, LLC | USR Virginia, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/18/2015, as renewed or amended (Store #8055 - Franconia) | | $0.00 |
| 121807109 | USR Virginia, LLC | USR Virginia, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/18/2015, as renewed or amended (Store #8056 - Centreville) | | $0.00 |
| 121807110 | USR Virginia, LLC | USR Virginia, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 02/18/2015, as renewed or amended (Store #8060 - Ashburn) | | $0.00 |
| 121807111 | USRH JV3, LLC | USRH JV3, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/07/2017, as renewed or amended (Store #4131 - Manassas) | | $0.00 |
| 121807112 | USRH JV3, LLC | USRH JV3, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/15/2017, as renewed or amended (Store #4133 - Frisco) | | $0.00 |
| 121807113 | USRH JV3, LLC | USRH JV3, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 09/06/2017, as renewed or amended (Store #4151 - Fort Worth) | | $0.00 |
| 121807114 | USRH JV3, LLC | USRH JV3, LLC<br>17863 170th Avenue, Suite 101<br>Spring Lake, MI 49456 | PSP Franchising, LLC | Franchise Agreement, dated 03/17/2023, as renewed or amended (Store #4591 - Richardson) | | $0.00 |
| 121807123 | VALASSIS COMMUNICATIONS, INC. | VALASSIS COMMUNICATIONS, INC.<br>275 7th Ave<br>#1701<br>New York, NY 10018 | PSP Group, LLC | AMENDMENT #1 to VALASSIS SERVICES AGREEMENT | | $0.00 |
| 121900236 | Valley Properties, Inc. | Valley Properties, Inc.<br>875 East Street<br>Tewksbury, MA 01876 | PSP Stores, LLC | Lease, dated 08/13/2013, as amended (Billerica, MA) | Billerica, MA (9069) | $782.36 |
| 121900237 | Valley Properties, Inc. | Valley Properties, Inc.<br>875 East Street<br>Tewksbury, MA 01876 | PSP Stores, LLC | Lease, dated 08/13/2013, as amended (Haverhill, MA) | Haverhill, MA (9068) | $0.00 |
| 121807129 | Valsoft Corporation Inc dba GbBIS | Valsoft Corporation Inc dba GbBIS<br>7405 Rte Transcanadienne, Suite 100<br>Montreal, QC H4T 1Z2 | Franchise Group, Inc. | Web Application Agreement Amendment 9 | | $0.00 |

**Assumed Contracts / Lease List**

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121807144 | Vatic Outsourcing, LLC | Vatic Outsourcing, LLC<br>1827 Powers Ferry Road<br>SE Building 3<br>Atlanta, GA 30339 | Pet Supplies "Plus", LLC | Statement of Work Ongoing Consulting/Outsourcing Maintenance Function | | $0.00 |
| 121807145 | Vatic Outsourcing, LLC | Vatic Outsourcing, LLC<br>1827 Powers Ferry Road<br>SE Building 3<br>Atlanta, GA 30339 | Pet Supplies "Plus", LLC | Amendment #1 to Agreement | | $0.00 |
| 121807156 | Vector Intelligent Solutions, LLC, d/b/a Vector Security Networks | Vector Intelligent Solutions, LLC, d/b/a Vector Security Networks<br>2000 Ericsson Dr<br>Warrendale, PA 15086 | Pet Supplies "Plus", LLC | Sales Order for Managed Services | | $0.00 |
| 121807164 | Vector Intelligent Solutions, LLC, d/b/a Vector Security Networks | Vector Intelligent Solutions, LLC, d/b/a Vector Security Networks<br>2000 Ericsson Dr<br>Warrendale, PA 15086 | Pet Supplies "Plus", LLC | Amendment to Statement of Work for IRG Services | | $0.00 |
| 121807167 | Vector Security, Inc. | Vector Security, Inc.<br>2000 Ericsson Dr<br>Warrendale, PA 15086 | PSP Group, LLC | Second Amendment to Statement of Work for IRG Services | | $0.00 |
| 121807184 | Velosio, LLC | Velosio, LLC<br>5747 Perimeter Drive, Suite 200<br>Dublin, OH 43017 | Franchise Group, Inc. | Stratos Cloud Alliance Partner Agreement | | $0.00 |
| 122000030 | Vero Beach Investment Group II | Vero Beach Investment Group II<br>701 Devonshire Drive<br>Champaign, IL 61820 | Buddy's Newco, LLC | Lease Agreement dated October 23, 2018, as amended or assigned (Store 58) | 58 | $529.57 |
| 121900161 | VILLAGE MOORESVILLE STATION LLC | VILLAGE MOORESVILLE STATION LLC<br>c/o Phillips Edison & Company<br>11501 Northlake Drive<br>Cincinnati, OH 45249 | PSP Stores, LLC | Lease Agreement, dated 10/31/2016, as amended<br>(Mooresville, IN) | Mooresville, IN (4089) | $0.00 |
| 121807238 | Violet's Pet Domain, LLC | Violet's Pet Domain, LLC<br>208 St. James Avenue, Suite B<br>Goose Creek, SC 29445 | WNW Franchising, LLC | Franchise Agreement, dated 09/12/2022<br>(Store #3040 - ) | | $0.00 |
| 121802290 | Vishal Sudera (Entity Pending) | Vishal Sudera (Entity Pending)<br>Address on File | PSP Franchising, LLC | Franchise Agreement, dated 04/09/2022, as renewed or amended (Store #N/A - Syracuse) | | $0.00 |
| 121807244 | Vitakraft Sun Seed, Inc. | Vitakraft Sun Seed, Inc.<br>20584 Long Judson Road<br>Weston, OH 43569 | PSP Group, LLC | PSP Private Brand Agreement Consumables | | $0.00 |
| 121807309 | Wagging Tails, LLC | Wagging Tails, LLC<br>18336 Santa Belinda Circle<br>Fountain Valley, CA 92708 | PSP Franchising, LLC | Franchise Agreement, dated 12/27/2018, as renewed or amended (Store #4019 - Yorba Linda) | | $0.00 |
| 121807310 | Wagsalot, LLC | Wagsalot, LLC<br>61 Boxwood Lane<br>Dover, NH 03820 | PSP Franchising, LLC | Franchise Agreement, dated 04/16/2019, as renewed or amended (Store #4260 - Somersworth) | | $0.00 |
| 121807324 | Ware Manufacturing Inc. | Ware Manufacturing Inc.<br>1439 S 40th Ave<br>Ste 400<br>Phoenix, AZ 85009 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121900022 | Warwick Devco, LP | Warwick Devco, LP<br>c/o Waters Retail Group<br>200 Old Forge Lane<br>Suite 201<br>Kennett Square, PA 19348 | Pet Supplies "Plus", LLC | Lease, dated 07/02/2015, as amended<br>(Lititz, PA) | Lititz, PA (4403) | $0.00 |
| 121900051 | Wayne Towne Enterprises, Ltd. | Wayne Towne Enterprises, Ltd.<br>c/o Omega Real Estate Management<br>6151 Wilson Mills Road<br>Suite 100<br>Highland Heights, OH 44143 | PSP Stores, LLC | Lease Agreement, dated 07/01/1997, as amended<br>(Wooster, OH) | Wooster, OH (0102) | $4,134.27 |
| 121807340 | WdR Investments, LLC | WdR Investments, LLC<br>6 Stone Chimney Drive<br>Wildwood, MO 63038 | PSP Franchising, LLC | Franchise Agreement, dated 10/01/2020, as renewed or amended (Store #4351 - St. Peters ) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121807341 | We Heart Pets II, LLC | We Heart Pets II, LLC<br>18184 Shinniecock Hills Place<br>Leesburg, VA 20176 | PSP Franchising, LLC | Franchise Agreement, dated 10/18/2023, as renewed or amended (Store #4618 - Glenarden) | | $0.00 |
| 121807342 | We Heart Pets, LLC | We Heart Pets, LLC<br>18184 Shinniecock Hills Place<br>Leesburg, VA 20176 | PSP Franchising, LLC | Franchise Agreement, dated 06/26/2023, as renewed or amended (Store #4620 - Suffolk) | | $0.00 |
| 121807344 | Weber Group Pets, LLC | Weber Group Pets, LLC<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/31/2020, as renewed or amended (Store #4340 - Cabot) | | $0.00 |
| 121807345 | Weber Group Pets, LLC | Weber Group Pets, LLC<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/31/2020, as renewed or amended (Store #4342 - Panama City) | | $0.00 |
| 121807346 | Weber Group Pets, LLC | Weber Group Pets, LLC<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 03/31/2022, as renewed or amended (Store #4514 - Gallatin) | | $0.00 |
| 121807348 | WebNoz Pets, Inc. | WebNoz Pets, Inc.<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/12/2015, as renewed or amended (Store #4022 - Hendersonville) | | $0.00 |
| 121807349 | WebNoz Pets, Inc. | WebNoz Pets, Inc.<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/12/2015, as renewed or amended (Store #4023 - Rogers) | | $0.00 |
| 121807350 | WebNoz Pets, Inc. | WebNoz Pets, Inc.<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/31/2020, as renewed or amended (Store #4341 - Franklin) | | $0.00 |
| 121807351 | WebNoz Pets, Inc. | WebNoz Pets, Inc.<br>4277 Murfreesboro Rd.<br>Franklin, TN 37067 | PSP Franchising, LLC | Franchise Agreement, dated 08/31/2020, as renewed or amended (Store #4343 - Pensacola) | | $0.00 |
| 121807354 | Wee Pets 1, LLC | Wee Pets 1, LLC<br>118 Galvin Circle<br>Kennett Square, PA 19348 | PSP Franchising, LLC | Franchise Agreement, dated 01/22/2021, as renewed or amended (Store #4377 - Thorndale) | | $0.00 |
| 121807355 | Wee Pets 2, LLC | Wee Pets 2, LLC<br>118 Galvin Circle<br>Kennett Square, PA 19348 | PSP Franchising, LLC | Franchise Agreement, dated 01/22/2021, as renewed or amended (Store #4376 - Kennett Square) | | $0.00 |
| 121900120 | Wegmans Food Markets, Inc. | Wegmans Food Markets, Inc.<br>Attn: Senior VP - Real Estate & Development<br>1500 Brooks Ave.<br>Box 30844<br>New York, NY 14603 | PSP Stores, LLC | Lease, dated 03/29/2013, as amended (Penfield, NY) | Penfield, NY (0214) | $892.52 |
| 121900052 | Wegmans Food Markets, Inc. | Wegmans Food Markets, Inc.<br>Attn: Senior VP, Real Estate Development<br>1500 Brooks Avenue<br>P.O. Box 30844<br>Rochester, NY 14603-0844 | PSP Stores, LLC | Lease, dated 12/01/2015, as amended (Greece, NY) | Greece, NY (4035) | $499.73 |
| 121900148 | Wegmans Food Markets, Inc. | Wegmans Food Markets, Inc.<br>Attn: Senior VP - Real Estate & Development<br>1500 Brooks Ave.<br>Box 30844<br>New York, NY 14603 | Pet Supplies "Plus", LLC | Lease, dated 07/31/2007, as amended (Fairport, NY) | Fairport, NY (0181) | $0.00 |
| 121807383 | Wells Fargo Financial Leasing, Inc. | Wells Fargo Financial Leasing, Inc.<br>800 Walnut<br>4th floor<br>Des Moines, IA 50309 | PSP Stores, LLC | Master Equipment Lease Agreement and Related Schedules | | $1,070.12 |
| 121807391 | Wells Fargo Financial Leasing, Inc. | Wells Fargo Financial Leasing, Inc.<br>800 Walnut<br>4th floor<br>Des Moines, IA 50309 | PSP Stores, LLC | Addendum to Master Equipment Lease Agreement | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121807396 | Wenzhou Yuanfei Pet Toy Products Co; Ltd. | Wenzhou Yuanfei Pet Toy Products Co; Ltd. No.1 Chongle Road Shuitou Town Pingyang Zhejiang, 325405 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121807400 | West Orlando Pets, LLC | West Orlando Pets, LLC 2502 Lake Debra Drive, Apartment 304 Orlando, FL 32835 | PSP Franchising, LLC | Franchise Agreement, dated 06/05/2024, as renewed or amended (Store #4648 - Horizon West) | | $0.00 |
| 121900084 | WestBay Plaza, LLC | WestBay Plaza, LLC c/o Carter Properties, LLC 13 West Hanna Lane Bratenahl, Ohio 44108 | PSP Stores, LLC | Lease, dated 10/18/2017, as amended (Westlake, OH) | Westlake,OH (0114) | $0.00 |
| 121900077 | Western Skies Management, Inc. | Western Skies Management, Inc. c/o The Kroenke Group 211 N. Stadium Blvd. Suite 201 Columbia, MO 65103 | PSP Stores, LLC | Lease, dated 07/02/1997, as amended (St. Clairsville, OH) | St. Clairsville, OH (0099) | $0.00 |
| 121807420 | Whirlpool Corporation | Whirlpool Corporation 553 Benson Road Benton Harbor, MI 49022 | Buddy's Newco, LLC | Whirlpool Corporation Sales Agreement | | $0.00 |
| 121807422 | Whiskers & Tails, LLC | Whiskers & Tails, LLC c/o Corporation Service Company, 251 Little Falls Drive Wilmington, DE 19808 | PSP Franchising, LLC | Franchise Agreement, dated 10/19/2020, as renewed or amended (Store #4365 - ) | | $0.00 |
| 121807429 | WIDEN ENTERPRISES, INC. | WIDEN ENTERPRISES, INC. 6911 Mangrove Lane Madison, WI 53713 | Pet Supplies "Plus", LLC | MASTER SERVICE AGREEMENT | | $0.00 |
| 121900234 | Widewaters Country Squire Company, LLC | Widewaters Country Squire Company, LLC c/o The Widewaters Group 5845 Widewaters Parkway Suite 100 East Syracuse, NY 13057 | PSP Stores, LLC | Lease, dated 04/26/2013, as amended (Cicero, NY) | Cicero, NY (9061) | $0.00 |
| 121807433 | Wildcat Pets NC, LLC | Wildcat Pets NC, LLC 9300 Shelbyville Rd., Suite 204 Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 06/06/2018, as renewed or amended (Store #4007 - Greenville) | | $0.00 |
| 121807434 | Wildcat Pets NC, LLC | Wildcat Pets NC, LLC 9300 Shelbyville Rd., Suite 204 Louisville, KY 40222 | PSP Franchising, LLC | Franchise Agreement, dated 01/15/2019, as renewed or amended (Store #4215 - Hope Mills) | | $0.00 |
| 121900023 | Wilmann Companies | Wilmann Companies 9601 Katy Freeway Suite 480 Houston, TX 77024 | Pet Supplies "Plus", LLC | Lease Agreement, dated 10/05/2015, as amended (Spring, TX) | | $0.00 |
| 121807443 | Wilson PSP, LLC | Wilson PSP, LLC 4135 W 9860 North Street Cedar Hills, UT 84062 | PSP Franchising, LLC | Franchise Agreement, dated 06/03/2022, as renewed or amended (Store #4533 - Sandy) | | $0.00 |
| 121807444 | Wilson Wags & Whiskers, LLC | Wilson Wags & Whiskers, LLC 28419 Wild Mustang Lane Fulshear, TX 77441 | PSP Franchising, LLC | Franchise Agreement, dated 12/19/2023, as renewed or amended (Store #4290 - Pearland) | | $0.00 |
| 121807445 | Wilson, Inc. | Wilson, Inc. 14240 Imboden Rd. Hudson, CO 80642 | PSP Franchising, LLC | Franchise Agreement, dated 04/26/2022, as renewed or amended (Store #4520 - Brighton) | | $0.00 |
| 121807455 | Winner Field Development Limited | Winner Field Development Limited Flat/ RM B BLK 8 10/F Sea Crest Villa Phase 318 Castle Peak Road Tsing Lung Tau , 999077 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121807459 | Wisconsin Pets, LLC | Wisconsin Pets, LLC 2295 Spring Rose Road Verona, WI 53593 | PSP Franchising, LLC | Franchise Agreement, dated 08/31/2015, as renewed or amended (Store #4031 - Fitchburg) | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 121900240 | WKA Fairfax LLC | WKA Fairfax LLC<br>2213 Concord Pike<br>Wilmington, DE 19803 | PSP Stores, LLC | Lease, dated 10/30/2013, as amended<br>(Wilmington, DE) | Wilmington, DE<br>(9073) | $0.00 |
| 121807466 | WNW Pet, LLC | WNW Pet, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 02/22/2022<br>(Store #3002 - Castle Rock) | | $0.00 |
| 121807467 | WNW Pet, LLC | WNW Pet, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 02/22/2022<br>(Store #3003 - Littleton) | | $0.00 |
| 121807468 | WNW Pet, LLC | WNW Pet, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 02/22/2022<br>(Store #3004 - Colorado Springs) | | $0.00 |
| 121807469 | WNW Pet, LLC | WNW Pet, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 02/22/2022<br>(Store #3005 - Colorado Springs) | | $0.00 |
| 121807470 | WNW Pet, LLC | WNW Pet, LLC<br>1345 George Jenkins Blvd.<br>Lakeland, FL 33815 | WNW Franchising,<br>LLC | Franchise Agreement, dated 02/22/2022<br>(Store #3006 - Colorado Springs) | | $0.00 |
| 121807486 | World Wide Imports Enterprises, Inc. | World Wide Imports Enterprises, Inc.<br>5315 NW 10th Terrace<br>Fort Lauderdale, FL 33309 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |
| 121807488 | WorQFlow Solutions | WorQFlow Solutions<br>650 California St<br>7th Floor<br>San Francisco, CA 94108 | PSP Group, LLC | Client Services Agreement | | $0.00 |
| 122000328 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 05/27/2021,<br>as amended or extended (Store 582) | 582 | $0.00 |
| 122000329 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 03/29/2022,<br>as amended or extended (Store 414) | 414 | $0.00 |
| 122000330 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 03/31/2018,<br>as amended or extended (Store 463) | 463 | $0.00 |
| 122000331 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 03/31/2018,<br>as amended or extended (Store 464) | 464 | $0.00 |
| 122000332 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 03/31/2018,<br>as amended or extended (Store 465) | 465 | $0.00 |
| 122000333 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 09/08/2016,<br>as amended or extended (Store 581) | 581 | $0.00 |
| 122000334 | WRCT Investments, LLC | WRCT Investments, LLC<br>1036 Glendalyn Circle<br>Spartanburg, SC 29302 | Buddy's Franchising<br>and Licensing LLC | Franchise Agreement, dated 09/29/2023,<br>as amended or extended (Store 583) | 583 | $0.00 |
| 121807491 | Wrike, Inc. | Wrike, Inc.<br>9171 Towne Center Drive<br>Suite 200<br>San Diego, CA 82122 | Pet Supplies "Plus",<br>LLC | Amendment to the Agreement | | $0.00 |
| 121807492 | Wrike, Inc. | Wrike, Inc.<br>9171 Towne Center Drive<br>Suite 200<br>San Diego, CA 82122 | Pet Supplies "Plus",<br>LLC | Wrike Subscription Order Form | | $0.00 |
| 121807520 | Yong Zhen Rubber & Plastic Co., Ltd. | Yong Zhen Rubber & Plastic Co., Ltd.<br>No. 2 Hong Teng Road<br>Industry (S) Park<br>Qing Yang Town<br>, 214403 | PSP Group, LLC | Private Brand Products Agreement | | $0.00 |

Assumed Contracts / Lease List

| ID # | Assumption Counterparty | Assumption Counterparty's Address | Debtor Entity | Description of Agreement | Store | Cure Amount |
|---|---|---|---|---|---|---|
| 122000031 | Zephyr, LLC | Zephyr, LLC<br>7162 Reading Road<br>Ste 730<br>Attn: Mark D. Ayer<br>Cincinnati, OH 45327 | Buddy's Newco, LLC | Lease, executed on or about August 2018, as amended or extended (Store 60) | 60 | $346.97 |
| 121807539 | Zhong Bi (Entity Pending) | Zhong Bi (Entity Pending)<br>Address on File | WNW Franchising, LLC | Franchise Agreement, dated 01/19/2024 (Store #N/A - Barrington) | | $0.00 |
| 121807546 | ZippyApp | ZippyApp<br>440 N Wolfe Rd # Ms177<br>Sunnyvale, CA 94085 | Buddy's Newco, LLC | Software Subscription | | $0.00 |
| 121807548 | Zmags | Zmags<br>332 Congress St<br>2nd Floor<br>Boston, MA 02210 | Pet Supplies "Plus", LLC | Order and Master Subscription Agreement | | $0.00 |
| 121807549 | Zmags Corporation | Zmags Corporation<br>332 Congress St<br>2nd Floor<br>Boston, MA 02210 | Pet Supplies "Plus", LLC | Zmags Services Order Form | | $0.00 |
| 121807552 | Zoetis US LLC | Zoetis US LLC<br>10 Sylvan Way<br>Parsippany, NJ 07054 | PSP Group, LLC | Retail M&P Funds Agreement | | $0.00 |
| 121807557 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 05/17/2016, as renewed or amended (Store #4074 - Erie) | | $0.00 |
| 121807558 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 12/05/2016, as renewed or amended (Store #4103 - Erie) | | $0.00 |
| 121807559 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 12/31/2020, as renewed or amended (Store #4378 - Ashtabula) | | $0.00 |
| 121807560 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 07/28/2021, as renewed or amended (Store #4459 - Hamburg) | | $0.00 |
| 121807561 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 06/12/2018, as renewed or amended (Store #4460 - Willoughby) | | $0.00 |
| 121807562 | ZR&J Enterprises, LLC | ZR&J Enterprises, LLC<br>4304 Prestwick Dr.<br>Erie, PA 16506 | PSP Franchising, LLC | Franchise Agreement, dated 10/28/2021, as renewed or amended (Store #4478) | | $0.00 |
| 121900121 | ZRP Fishers Crossing LLC | ZRP Fishers Crossing LLC<br>c/o Ziff Properties, Inc.<br>200 Wingo Way<br>Suite 100<br>MT. Pleasant, SC 29464 | PSP Stores, LLC | Lease, dated 04/02/2013, as amended (Fishers, IN) | Fishers, IN (0216) | $0.00 |

## Exhibit L

**Freedom HoldCo Debtor Released Claims Updated Summary**

All Claims and Causes of Action previously identified as actionable in the Freedom Independent Director Report (the conclusions of which were summarized in Exhibit J to the First Plan Supplement) shall be released and settled in full pursuant to the terms of the Global Settlement as incorporated into the Plan.[1]

For the avoidance of doubt, in connection therewith, (a) Mr. John Hartmann, (b) Mr. Andrew F. Kaminsky, (c) Mr. Andrew M. Laurence, and (d) Ms. Tiffany McMillan-McWaters shall be Released Parties under the Plan and any Claims and Causes of Action previously identified as actionable by the Freedom HoldCo Independent Director with respect to the foregoing individuals shall be released and settled in full.

Additional information regarding the Global Settlement and the release of such Claims and Causes of Action can be found in the Disclosure Statement Supplement.[2]

---

[1]    *See Notice of Global Settlement* [Docket No. 1290].

[2]    *See Order (I) Approving the Form, Content, and Manner of Notice of the Disclosure Statement Supplement, (II) Approving Certain Deadlines and Procedures in Connection with Confirmation, and (III) Granting Related Relief* [Docket No. 1322, Exhibit A].