# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) ) | Hearing Date: May 20, 2025 at 10:00 a.m. (ET) |
|  | ) ) ) | Objection Deadline: May 15, 2025 at 4:00 p.m. (ET) |

## DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "<u>First Day Declaration</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Eighth*

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtors may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by an additional 90 days, up to and including July 30, 2025, without prejudice to the Debtors' right to seek additional extensions of the Removal Period, and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 1452 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

---

*Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1312] (as may be amended, supplemented, or otherwise modified, the "Plan"), as applicable.

**Background**

5. The Debtors are a privately-held operator and acquirer of franchised and franchisable businesses and the premier solution for catapulting franchise brands forward. With over 100 years of combined franchising and operational expertise, the Debtors provide a first-class environment for operating companies and their associates to thrive by partnering with strong management teams who are committed to growth through franchising. The Debtors' business segments include a diverse collection of highly recognized, market-leading, and emerging retail brands, including the Vitamin Shoppe, Pet Supplies Plus, American Freight, and Buddy's Home Furnishings. As of the Petition Date (as defined herein), the Debtors had approximately 2,200 total retail store locations (including both corporate-owned and franchised locations) and approximately 11,900 total employees spanning across the United States.

6. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 188] (the "Creditors' Committee"). On January 15, 2025, the Debtors appointed a fee examiner [Docket No. 747].

7. On January 30, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 874] (the "First Removal Motion"). On February 12, 2025, the Court entered the *Order Extending the Period Within Which the Debtors May Remove Actions*

*Pursuant to 28 U.S.C. § 1452* [Docket No. 972] (the "First Removal Order"), thereby extending the Removal Period to May 1, 2025.

### The Actions

8. The Debtors are currently involved in a number of Actions commenced prepetition in various forums. The Debtors continue to review their books and records and are in the process of determining whether to remove any Action(s) to a district court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Since entry of the First Removal Order, the Debtors have worked diligently on a number of critical matters and have not yet decided which, if any, of the Actions they will seek to remove. Specifically, the Debtors and their professionals have been focused on, among other things:

- stabilizing the Debtors' business operations to maximize the value of the Debtors' Estates, including engaging with numerous key stakeholders in connection therewith;

- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;

- having regular discussions with, and responding to diligence requests from, the Creditors' Committee, the Ad Hoc Group consisting of Required Consenting First Lien Lenders, the Freedom Lender Group, and the Debtors' other key stakeholder groups;

- preparing for and attending various hearings, including the Disclosure Statement Hearing, hearings surrounding adversary proceedings, and various status conferences to update the Court on the status of negotiations between the Debtors, the Creditors' Committee, the Ad Hoc Group consisting of Required Consenting First Lien Lenders, and the Freedom Lender Group;

- obtaining approval to reject numerous onerous Executory Contracts and Unexpired Leases;

- obtaining relief that has enabled the Debtors to continue operating their business in these Chapter 11 Cases;

- negotiating with potential transaction counterparties regarding the form and substance of the Partial Sale Transaction;

- participating in the continued meeting of creditors and equity security holders pursuant to section 341 of the Bankruptcy Code;

- preparing and receiving approval of the Disclosure Statement and commencing related solicitation;

- negotiating, drafting, and filing amended versions of the Plan;

- reaching a Global Settlement with the Creditors' Committee, the Ad Hoc Group consisting of Required Consenting First Lien Lenders, and the Freedom Lender Group, the terms of which are incorporated into the Debtors' Plan;

- preparing and receiving approval of the Disclosure Statement Supplement pursuant to the Global Settlement; and

- pursuing Confirmation of the Plan and drafting and finalizing key documentation in connection therewith.

9. The Debtors' time and resources have been productively spent toward (a) reducing interruptions to the Debtors' operations and ensuring that the Debtors have the resources necessary to continue operations in the ordinary course of business, to the benefit of all parties in interest, and (b) engaging with key stakeholders regarding a consensual restructuring, with the goal of moving toward Confirmation efficiently and expeditiously to minimize unnecessary expenses attendant to a protracted process. As a result of the Debtors' focus on other matters associated with their chapter 11 objectives, the Debtors are not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions.

10. It is also possible that the Debtors may become aware of Actions following their review of Proofs of Claim Filed in these Chapter 11 Cases, at which point the Debtors will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Debtors are seeking an extension of the Removal Period to provide them with time to decide whether to remove any such Actions.

11.     In light of the Debtors' focus on time-critical operational restructuring matters, the Debtors need more time to conduct a fulsome analysis on which Actions, if any, to remove.

## Basis for Relief

12.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period . . . the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires . . . .

Fed. R. Bankr. P. 9006(b)(1).

15. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

16. The Debtors are seeking to extend the deadline established by the First Removal Order, which would otherwise expire on May 1, 2025,[3] to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline. The Debtors believe they have additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay, under Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this motion out of an abundance of caution.

17. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious

---

[3] Pursuant to Local Rule 9006-2, the filing of this motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this motion. *See* Del. Bankr. LR 9006-2.

resolution of these Chapter 11 Cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Debtors' reorganization process, the Plan, the Claims allowance process, and the assumption or rejection of Executory Contracts and Unexpired Leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtors must analyze each Action in light of such factors.

18. To date, the Debtors' review of their books and records to determine whether any additional Actions exist remains ongoing.  As discussed herein, since entry of the First Removal Order, the Debtors and their advisors have focused their efforts on, among other things, continuing to stabilize operations, negotiating with key stakeholders on a consensual restructuring, including with respect to the Global Settlement, and undertaking the Partial Sale Transaction.  The Debtors believe that the extension requested herein will provide the Debtors with the ability to make fully-informed decisions concerning the removal of any Actions, and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Debtors may not become aware of Actions until after the Removal Period expires.

19. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period.  Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these Chapter 11 Cases, even absent the relief requested herein.  Further, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy

Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

20. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g.*, *In re Peer Street, Inc.*, No. 23-10815 (LSS) (Bankr. D. Del. Feb. 7, 2024) (granting a further 90-day extension, for a total extension of 210 days, without prejudice to the debtors' ability to seek further extensions); *In re Kidde-Fenwal, Inc.*, No. 23-10638 (LSS) (Bankr. D. Del. Jan. 5, 2024) (granting a further 120-day extension, for a total extension of 240 days, without prejudice to the debtors' ability to seek further extensions); *In re Takeoff Technologies, Inc.*, No. 24-11106 (CTG) (Bankr. D. Del. Dec. 12, 2024) (granting a further 60-day extension, for a total extension of 150 days, without prejudice to the debtors' ability to seek further extension); *In re MediaMath Holdings, Inc.*, No. 23-10882 (LSS) (Bankr. D. Del. Jan. 12, 2024) (granting a further 90-day extension, for a total extension of 180 days, without prejudice to the debtors' ability to seek further extensions); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Feb. 3, 2020) (same). The 90-day extension requested herein is consistent with the extensions granted by this and other courts in this District under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

## Notice

21. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: May 1, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone: (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile: (212) 446-4900 |
| Telephone: (302) 571-6600 | Email: joshua.sussberg@kirkland.com |
| Facsimile: (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email: emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors in Possession* |