**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- X

In re

FRANCHISE GROUP, INC., *et al.,*

                      Debtors.[1]

-------------------------------------------------------- X

Chapter 11

Case No. 24-12480 (LSS)

(Joint Administration)

**Re: Docket No. 1283 and 1293**

### NEWINGTON CORNER, LLC'S AND STATEN ISLAND RICHMOND AVENUE, LLC'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING FRANCHISE GROUP INTERMEDIATE V, LLC TO ENTER INTO AND PERFORM ITS OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS, AND ENCUMBRANCES, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED <u>LEASES, AND (IV) GRANTING RELATED RELIEF</u>

Newington Corner, LLC ("<u>Newington</u>") and Staten Island Richmond Avenue, LLC ("<u>SI</u>

Richmond" and, together with Newington, the "<u>Landlords</u>"), by and through their undersigned

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom VCM Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). 6

counsel, submit this limited objection and reservation of rights ("Objection") to the Debtors' Motion for Entry of an Order (I) Authorizing Franchise Group Intermediate V, LLC to Enter Into and Perform Its Obligations Under the Asset Purchase Agreement, (II) Approving the Sale of Certain Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief (the "Motion") [Doc. No. 1283].  In support of their Objection, the Landlords state as follows:

## BACKGROUND

1.      On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") with the Court. [Doc. No. 1].  On November 5, 2024, this Court entered an order approving the joint administration of the Chapter 11 Cases. [Doc. No 38].

## LANDLORDS' RELATIONSHIPS WITH THE DEBTORS

2.      Newington and Debtor The Vitamin Shoppe Industries, LLC, formerly known as, The Vitamin Shoppe Industries, Inc. d/b/a The Vitamin Shoppe ("Vitamin Shoppe"), are parties to that certain real property lease (together with all supplements, amendments, assignments and related documents, the "Newington Lease"), pursuant to which Newington is leasing to Vitamin Shoppe Store #0264 located in Newington, New Hampshire.

3.      SI Richmond and Vitamin Shoppe are parties to that certain real property lease (together with all supplements, amendments, assignments and related documents, the "SI Richmond Lease" and, together with the Newington Lease, the "Leases"), pursuant to which SI Richmond is leasing to Vitamin Shoppe Store #0028 located in Staten Island, New York.

**THE PROPOSED SALE**

4.     On or about April 16, 2025, the Debtor filed the Motion, which requests, among other things, authorization for the assumption and assignment of the Leases.

5.     On April 19, 2025, the Debtor filed its Notice of Filing of Amended Schedule 1 to the Sale Order [Doc. No. 1293] ("Amended Schedule 1").  The Newington Lease and the SI Richmond Lease are listed on Amended Schedule 1 with cure amounts of $0.00 and $1,247.36, respectively.

**OBJECTION AND RESERVATION OF RIGHTS**

6.     Subject to satisfying the adequate assurance of future performance requirement, the Landlords do not generally oppose assumption and/or assignment, but file this Objection to reserve their rights to receive a full cure, which must include all amounts due and owing to the Landlords.

7.     Pursuant to the Leases, Vitamin Shoppe is obligated to pay regular installments of fixed monthly rent, as well as a share of common area maintenance ("CAM") costs, real estate taxes, and insurance.  Further, a cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid, including late fees and charges pursuant to the agreement. *In re New Investments, Inc.*, 840 F.3d 1137 (9th Cir. 2016). So, the Landlords are entitled to, among other things, any rent costs, CAM costs, and late fees accrued as part of the Vitamin Shoppe's obligations under the agreements.

8.     In addition, prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the Landlords for any actual pecuniary loss, including, but not limited to, the payment of attorneys' fees incurred in connection with the Debtors' default. *See* 11 U.S.C. §365(b)(1)(B); *LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir.

1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, the Landlords are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

9. Newington objects to the cure amount of $0.00 as listed in Amended Schedule 1. Newington asserts that the proper cure amount is at least $14,631.75, plus all additional amounts that accrue or fall due prior to the effective date of assumption and assignment, calculated as follows:

**Newington Store #0264**

| | |
|---|---|
| $52,154.16 | Estimated 2025/2026 RE Tax (based on final 2024/2025) |
| X 100% | VS's Prorata Share |
| $52,154.16 | VS's Total Share off estimated 2025/2026 RE Tax |
| | |
| $4,346.18 | VS's Monthly Share of estimated 2025/2026 RE Tax |
| (1,919.83) | VS's Paid Monthly Escrow towards 2025/2026 FY (7/2024-6/2025) |
| $2,426.35 | Monthly Shortfall |
| X 5 | # of Pre-Petition Months (7/2024-11/2024) |
| $12,131.75 | Shortfall for RE Taxes [2] |
| $ 2,500.00 | Est. Legal Fees |
| **$14,631.75** | **Total Proposed Cure Amount** |

10. SI Richmond objects to the cure amount of $1,247.36 as listed in Amended Schedule 1. SI Richmond asserts that the proper cure amount is at least $24,405.85, plus all additional amounts that accrue or fall due prior to the effective date of assumption and assignment, calculated as follows:

---

[2]    Pursuant to an email dated Tuesday, January 21, 2025, Debtors' originally proposed lead counsel (Marine Loison, Esq. of the Willkie Farr & Gallagher LLP), acknowledged and agreed that "the Debtors are happy to agree to a revised cure amount of $12,131.75 with regards to the Newington location…we will be noting that the revised cure amount is comprised of these real estate taxes to ensure a buyer does not pay these amounts twice." Despite this agreement, the Debtors failed to list the correct cure amount in Amended Schedule 1.

**Staten Island, NY – ID #540**

| | |
|---|---|
| $     50.23 | April 2023 RE Tax Escrow Shortage |
| $ 1,247.36 | Balance of 2024/2025 RE Tax Reconciliation |
| ($5,754.16) | 2022 CAM Reconciliation |
| $15,454.93 | 2023 CAM Reconciliation |
| $  4,740.60 | Q2-Q4 2023 Water Usage |
| $ 1,802.99 | Q1 2024 Water Usage |
| $ 1,588.95 | Q2 2024 Water Usage |
| $ 1,821.30 | Q3 2024 Water Usage |
| $    953.65 | Q4 2024 Water Usage (prorated through 11/3/2024) |
| $  2,500.00 | Est. Legal Fees |
| **$24,405.85** | **Total Proposed Cure Amount** |

11.     Landlord's counsel has been in contact with the Debtors to try and resolve the cure amount dispute.  However, pending further discussions, the Landlords file this Objection in order to preserve their respective rights to object to any cure amounts payable under the Leases.

12.     Finally, the Debtors are required to demonstrate adequate assurance of future performance by any assignee as a precondition to the assignment.  The Landlords reserve the right to object to the assignment of their respective Leases based on the proposed assignees' failure to provide adequate assurance of future performance.

## CONCLUSION

Therefore, the Landlords object to Schedule Amendment 1 to the extent it misstates the amount necessary to cure the arrearages under the Leases, and the Landlords requests that the Court enter an order conditioning the assumption and assignment of the Leases on the Debtors or the proposed assignee promptly paying cure amounts for the Newington Lease and the SI Richmond Lease in the amounts of $14,631.75 and $24,405.85, respectively, together with any additional pecuniary losses suffered by the Landlords, including additional reasonable attorneys' fees.

Dated: May 1, 2025          **CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Bryan J. Hall*
Bryan J. Hall (DE No. 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
(302) 295-0199 (fax)
hall@chipmanbrown.com

-and-

**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Mark T. Power
E-mail:  mpower@thompsoncoburn.com

*Co-Counsel for Landlords Newington Corner, LLC and Staten Island Richmond Avenue, LLC*