IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | ) Case No. 24-12480 (LSS) |
| Debtors.[1] | ) (Jointly Administered)<br>) **Related to Docket Nos. 1019, 1312, 1322, 1371** |

### LIMITED OBJECTION OF PHILLIPS EDISON LANDLORDS TO EIGHTH AMENDED JOINT CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

Atlantic Plaza Station LLC, Edgewood Station LLC, Fairlawn Station LLC, Harvest Station LLC, Village Mooresville Station LLC, Fairfield Station LLC, Lakewood (Ohio) Station LLC, Shoregate Station LLC, Hartville Station LLC, Jensen Beach Station LLC and Harpers Station LLC, affiliates of Phillips Edison & Company (together, the "**Landlords**"), by and through their undersigned counsel, hereby file this limited objection to the *Eighth Amended Joint Chapter*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

*11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1312] (as may be further amended, the "**Plan**").[2] In support hereof, the Landlords state as follows:

## BACKGROUND

1. The Landlords and certain of the Debtors are parties to leases (together, the "**Leases**"), pursuant to which the Debtors lease certain nonresidential real property from the Landlords (the "**Premises**").

2. On November 3, 2024, Franchise Group, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed voluntary petitions (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Following the Petition Date, the Debtors continued to operate each Premises as a "Pet Supplies Plus," or, in one instance, a "Buddy's Home Furnishings."

**I.    Treatment of the Leases under the Plan**

3. On November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [D.I. 150], which was thereafter amended on a number of occasions. On February 21, 2025, the Court entered the *Order (I) Approving the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation, (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures, and (IV) Granting Related Relief*

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[D.I. 1019] (the "**Voting Procedures Order**"), pursuant to which the Court established, *inter alia*, April 23, 2025 as both the Voting Deadline and the Plan Objection Deadline, March 26, 2025 as the deadline to file the Plan Supplement, and May 12, 2025 as the Confirmation Hearing. Certain of the dates and deadlines were subsequently modified pursuant to the *Order (I) Approving the Form, Content, and Manner of Notice of the Disclosure Statement Supplement, (II) Approving Certain Deadlines and Procedures in Connection with Confirmation, and (III) Granting Related Relief* entered on April 28, 2025 [D.I. 1322].

4. Consistent with the Voting Procedures Order, on March 27, 2027, the Debtors filed the *Notice of Filing of Plan Supplement* [Docket No. 1182], which was subsequently amended on April 30, 2025 [D.I. 1371] ("**Plan Supplement**"). The Plan Supplement presently includes all of the Leases on the Assumed Contracts/Leases List, with $0.00 cure amounts (the "**Proposed Cure Amounts**").

5. While the Landlords do not take issue with the assumption of the Leases, the Landlords require certainty that neither the Plan, nor any proposed order confirming the Plan (a proposed form of which has not yet been filed) (the "**Proposed Confirmation Order**") will not cut off any rights of the Landlords under the Leases. In addition, the Landlords object to the Proposed Cure Amounts insofar as they are inconsistent with the Landlords' records, as described herein, and further reserve all rights to object to the Proposed Cure Amounts to the extent additional amounts come due under the Leases and remain unpaid as of the Effective Date.

6. As such, the Landlords file this Limited Objection to ensure that such rights are preserved.

**LIMITED OBJECTION**

A. **The Leases Must be Assumed *Cum Onere***

7. A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The Debtors may not, through language in the Plan, the Proposed Confirmation Order, or otherwise, modify or eliminate rights otherwise granted to landlords under their leases, including rights for indemnification or contribution arising against the Debtors under such leases.

8. In particular, notwithstanding any provision in the Plan or any Proposed Confirmation Order to the contrary, any assumption of the Leases by the Debtors must be subject to (a) applicable reciprocal easement agreements (or similar agreements) and other restrictive covenants applicable to the shopping center, (b) obligations to pay all accruing or accrued but unbilled charges or obligations due under the Lease, including un-billed year-end adjustments and reconciliations, which may come due in the future in accordance with the terms of the Lease, regardless of when they arose, (c) any contractual indemnification obligations to indemnify and hold the Landlords harmless with regard to claims for personal injuries or damages at the leased premises or shopping center that arise from the Debtors' use and occupancy of the premises prior to assumption, but which may not be known to the Landlords as of the time of the assumption, and (d) and any rights of setoff to which the Landlords may be entitled under the Leases, including with respect to application of any security deposits maintained by the Landlords under the Leases.

9. Insofar as the Plan and/or the Proposed Confirmation Order contain provisions that appear to improperly cut off these rights and obligations, language should be added to the Proposed

Confirmation Order to make clear that assumption of the Leases is pursuant to the terms of the Leases, and does not cut off obligations arising thereunder.

10. To address the Landlords' concerns, the Landlords respectfully request that the following language be added to the Confirmation Order:

> Notwithstanding any provisions to the contrary in the Plan or this Confirmation Order, assumption of an Assumed Contract pursuant to the Plan shall not alter the Debtors' or the Reorganized Debtors' responsibility for all obligations under such Assumed Contract, *cum onere*, including, without limitation, liabilities for any defaults under such Assumed Contract, in each case arising or occurring after such assumption, and for payment or performance of any and all obligations under such Assumed Contract arising or occurring after such assumption when due in accordance with the terms of such Assumed Contracts (irrespective of whether such obligations accrued before, on, or after assumption of the Assumed Contract), including with respect to (a) claims for indemnification, and (b) year-end adjustment and reconciliation amounts that become due or accrue after the Effective Date, in each case subject to the terms and conditions of the Assumed Contract, and subject to any defenses provided by such Assumed Contract and applicable non-bankruptcy law and unless otherwise agreed with the counterparty to the Assumed Contract.
>
> Notwithstanding any provisions to the contrary in the Plan or this Confirmation Order, all setoff rights of counterparties to Assumed Contracts are fully preserved.

**B.  Disputed Cure Amounts**

11. As noted above, the Plan Supplement lists each of the Leases with $0.00 cure amounts. The Landlords dispute such Proposed Cure Amounts with respect to the following Lease, for which the Landlords reflect a cure amount as follows:

| Lease | Proposed Cure Amount | Actual Cure Amount |
|---|---|---|
| Harper's Station LLC [Store 0234] | $0.00 | $15,370.26 |

12. In addition, to the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the

Landlords reserve the right to dispute the Proposed Cure Amounts to ensure that they include additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to the Landlords prior to the assumption of the Leases.

## **RESERVATION OF RIGHTS**

13. Nothing contained herein is intended to be, or should be construed as, a waiver by the Landlords of any other rights under the Leases, the Bankruptcy Code, or applicable law. The Landlords expressly reserve all such rights, including the right to supplement and/or amend this Limited Objection and to assert any additional objections to the Plan and/or any proposed assumption or assignment of the Leases.

[remainder of page left intentionally blank]

**CONCLUSION**

**WHEREFORE**, the Landlords respectfully ask the Court to (i) approve the inclusion of the Landlords' proposed language (or similarly clarifying language) in the Confirmation Order, (ii) approve the corrected Cure Amount described above, and (iii) grant the Landlords such other and further relief as this Court deems just and proper.

Dated: May 6, 2025

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique B. DiSabatino  (DE Bar No. 6027)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

 -and-

Turner N. Falk
Centre Square West
1500 Market Street, 38th Floor
Philadelphia PA 19102
Telephone: (215) 972-8415
Email: turner.falk@saul.com

*Attorneys for Atlantic Plaza Station LLC, Edgewood Station LLC, Fairlawn Station LLC, Harvest Station LLC, Village Mooresville Station LLC, Fairfield Station LLC, Lakewood (Ohio) Station LLC, Shoregate Station LLC, Hartville Station LLC, Jensen Beach Station LLC, Harpers Station LLC and Phillips Edison & Company*