## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FRANCHISE GROUP, INC., *et al.,* [1] | : | Case No. 24-12480 (LSS) |
| | : | (Jointly Administered) |
| | : | |
| | : | **Ref. Docket No. 1312** |

### LIMITED OBJECTION OF A-TEAM LEASING, LLC TO EIGHTH AMENDED JOINT CHAPTER 11 PLAN OF FRANCHISE GROUP AND ITS DEBTOR AFFILIATES

A-Team Leasing, LLC ("A-Team"), by and through its undersigned counsel, respectfully submits this *Limited Objection to the Eighth Amended Joint Chapter 11 Plan of Franchise Group and its Debtor Affiliates* (the "Objection"). In support of its Objection, A-Team represents as follows:

### PRELIMINARY STATEMENT

1.      In connection with their proposed asset sale, the above captioned Debtors (the "Debtors"), as part of their *Eighth Amended Joint Chapter 11 Plan of Franchise Group and its Debtor Affiliates* filed at Docket No. 1312 (the "Plan"), seek to assume and assign certain franchise

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VIM Holdings, LLC (1225), Freedom VIM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VIM Receivables, Inc. (0028), Freedom VIM Interco, Inc. (3661), Freedom VIM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FOFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newcomb Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newcomb S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newcomb, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newcomb V, LLC (9746), Franchise Group Intermediate BUFF, LLC (8260); Franchise Group Newcomb BUFF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newcomb PSP, LLC (2323), PSP Medco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newcomb, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Succor, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newcomb SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

agreements (the "Franchise Agreements") entered into between the debtor, Buddy's Franchising and Licensing LLC (the "Franchisor "or "Buddy's Franchising"), and A-Team, which govern the parties' franchisor-franchisee relationship and respective rights and obligations related to ten (10) stores operated by A-Team.[2]

2.     Pursuant to the Plan Supplement which was filed with the Court on April 30, 2025 at Docket No. 1371, as part of the assumption and assignment of the Franchise Agreements, the Debtors listed the respective "cure" amounts associated with the assumption of each of those agreements at $0.00.

3.     However, as set forth herein, the Franchisor is in default of its obligations due and owing under the Franchise Agreements and, as set forth on the schedule attached hereto as Exhibit "A," the Debtors owe A-Team substantially more than the proposed cure of $0.00, which, as a matter of law, must be paid prior to the assumption and assignment of these agreements.

4.     All such cure amounts must be paid before the Debtors may assume and assign the Franchise Agreements.

5.     Additionally, to the extent the Franchise Agreements are assignable, they must be assumed and assigned in their entirety without amendment, and adequate assurance of future performance must be provided.[3]

## RELEVANT BACKGROUND

6.     On November 3, 2024 (the "Petition Date"), the above-captioned Debtors, including Buddy's Franchising, filed voluntary petitions for relief under chapter 11 of title 11 of

---

[2] Prior to the Petition Date, A-Team actually had at least 12 stores but two of them were sold in 2022.

[3] As of the date hereof, the Debtors have not provided A-Team with any documentation or information regarding the adequate assurance of future performance.

the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court").

7.      The Debtors privately hold and operate franchised businesses. Their current collection of brands and business segments include, among others, Buddy's Home Furnishings ("Buddy's") and American Freight ("American Freight").

## ARGUMENT

**I.      The Franchise Agreements Cannot be Assumed and Assigned Without Paying the Appropriate Cure Amounts Associated With Each Franchise Agreement.**

8.      Pursuant to Section 365(b)(1) of the Bankruptcy Code[4], a debtor, prior to assuming an executory contract, must cure all outstanding amounts due and owing thereunder and provide adequate assurance of future performance prior to assuming such contracts. *See In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (2003) ("In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.").[5]

9.      In the Cure Notice, the Debtors listed the "Cure Amount" due and owing A-Team as $0.00 for each Franchise Agreement listed therein.

---

[4] Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease or executory contract on which there has been a default unless it: (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

[5] *see also Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 317-18 (3d Cir. 2003) ("In order to assume [an executory contract or unexpired lease], the debtor in possession must cure defaults and provide assurance of future performance."); *In re Bruno*, No. 06-21423, 2008 Bankr. LEXIS 910, at *8 (Bankr. D.N.J. Mar. 27, 2008) (11 U.S.C. § 365(b)(1)(a) "does not permit an unexpired lease to be assumed unless, at the time of assumption, the debtor cures the monetary default(s) thereunder…").

10.     However, as of the date of filing this Objection and, as further set forth on Exhibit "A" attached hereto, the Franchisor is obligated to A-Team for Franchisor's breaches of the Franchise Agreement.

11.     In particular, A-Team has sustained damages in the amount of $466,904.18, representing lost sales resulting from the Franchisor's failure to supply Approved Products and Services (as those terms are defined in the Franchise Agreements) for at least two weeks in November, 2024, resulting from Franchisor's vendor's refusing to supply Franchisor with products due to the liquidation of the American Freight stores.[6]

12.     In addition to these damages, the Franchisor also was obligated to provide an unaudited financial statement of the Marketing Fund (as that term is defined in Section 12(c) of the Franchise Agreement).

13.     Despite repeated demands by A-Team and other Franchises, the Franchisor has failed and refused to provide these financial statements.

14.     Finally, in light of the bankruptcy cases, A-Team has suffered a loss in business as customers and other vendors are unwilling to deal with A-Team in light of the Franchisor's failure to perform under the Franchise Agreements as many customers and vendors, having witnessed the lack of product at the A-Team stores, believe that A-Team may, in fact, be in financial distress.

15.     Again, this has led to a loss of sales and profit. In addition, A-Team is having a hard time attracting employees as many potential employees also believe that A-Team may, in fact, be in financial distress as a result of the Franchisor's failures to adequately supply the A-Team stores.

---

[6] As a result of the liquidation of the American Freight stores, many vendors and suppliers of the Debtors either put the Debtors on a CIA or COD basis and/or refused to provide goods and product to them. As a result, A-Team was unable to fully stock its stores with product, leading to lost sales and profits.

16.     These amounts, as well as all other amounts owing to A-Team that accrue through the date of assumption, must be paid in full in connection with any permitted assumption and assignment of the Franchise Agreements.

## II.     To the Extent the Franchise Agreements are Assignable, They Must be Assumed and Assigned in Their Entirety Without Amendment, and Adequate Assurance of Future Performance Must be Provided.

17.     In the event that the Court finds that the Franchise Agreements can be assumed and assigned, which A-Team disputes, the Franchise Agreements must be assumed and assigned in their entirety without amendment.

18.     A decision to assume or reject an executory contract is "an all or nothing proposition." *Schlumberger Resource Management Serv., Inc. v. Cellnet Data Sys., Inc. (In re Cellnet Data Sys., Inc.)*, 327 F.2d 242, 249 (3d Cir. 2003).

19.     Thus, if a debtor assumes a contract, it must do so with all the benefits, as well as the burdens. *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 183 (Bankr. E.D. Pa. 2010) (holding that the debtor "must either assume the whole contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits").

20.     More importantly, the assumption and assignment of an executory contract does not give the debtor or the assignee the ability or the right to modify the terms of the agreement being assumed and assigned. *See e.g. Medtronic Ave., Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 60 (3d Cir. 2001); *see also In re Federal-Mogul Global, Inc.*, Case No. 05-2423, 2007 U.S. App. LEXIS 6120, at *9 (3d Cir. Mar. 15, 2007) (explaining that the debtor is not able to modify obligations in contract assumed and assigned pursuant to Section 365 of the Bankruptcy Code).

21.     Accordingly, if the Debtors seek to assume or assign the Franchise Agreements, they must do so in their entirety, without amendment.

DM3\11154480.3

22.    Further, as noted herein, A-Team reserves all of its rights regarding adequate assurance of future performance once the Debtors specify what the adequate assurance of future performance will be.

### JOINDER

23.    In addition to the objections set forth therein, A-Team joins any other contract counterparty's objection to the Plan to the extent such objection is applicable to A-Team and not inconsistent with its objections herein.

### RESERVATIONS OF RIGHTS

24.    A-Team reserves the right to amend or supplement this Objection in all respects, including (i) to assert all additional amounts become owed to it between the date hereof and the date of any assumption or assumption and assignment of the Franchise Agreements that otherwise must be cured under Section 365(b)(1)(A) of the Bankruptcy Code; (ii) to supplement with respect to facts subsequently discovered; or (iii) to assert any buyer-specific objections.

DM3\11154480.3

## CONCLUSION

WHEREFORE, A-Team Leasing, LLC respectfully requests that this Court enter an Order: (a) sustaining this Objection; (b) conditioning the Debtors' assumption and assignment of the Franchise Agreements subject to paying the appropriate cure amount due and owing A-Team Leasing, LLC and providing sufficient adequate assurance of future performance; and (c) granting such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 7, 2025

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler (DE 4181)
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 657-4950
Email: ljkotler@duanemorris.com

*Counsel for A-Team Leasing, LLC*

7