**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) ) | Case No. 24-12480 (JTD) |
|  | ) ) | (Jointly Administered) |
|  | ) ) | **Related to Docket No. 1371** |
| Debtors. | ) ) | **Obj. Deadline:  5/14/2025 by 5:00 p.m. EST** |
|  | ) |  |

**LIMITED RESPONSE OF GARDEN CITY LEASEHOLD PROPERTIES LLC TO ASSUMED CONTRACTS/LEASE LIST FILED IN CONNECTION WITH THE AMENDED PLAN SUPPLEMENT FOR THE EIGHTH AMENDED JOINT CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**
(Store # 121900216 – Cranston, RI)

Garden City Leasehold Properties LLC (the "Landlord") through its undersigned counsel, respectfully submits this limited response and reservation of rights (this "Limited Response") with

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

respect to the Debtors' *Assumed Contracts List* filed as Exhibit K (the "Assumption Notice") to the *Amended Plan Supplement for the Eight Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket No. 1371] (the "Plan Supplement"), filed by the Debtors on April 30, 2025. In support of this Limited Response, the Landlord respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. While the Landlord does not as a general matter oppose the assumption of its lease with the Debtors, the Landlord files this Limited Response to seek reimbursement of pecuniary losses and clarification as to the treatment of lease reconciliation and indemnification obligations under its lease with the Debtors. The proposed assumption of Unexpired Leases, pursuant to Section 10.2 of the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc., and its Debtors Affiliates* (Docket No. 1312) (the "Plan"), provides that the assumption will result in a full release and satisfaction of any claims or defaults, whether monetary or nonmonetary, arising at any time prior to the Plan effective date. This language could be interpreted to relieve the reorganized Debtors form lease obligations that may have arisen prior to the Plan Effective Date but become due for payment or performance after such date. These are obligations for which the reorganized Debtors are required to perform under the lease with the Landlord.

## BACKGROUND

**General Background.**

2. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

---

[2] Capitalized terms used but not otherwise defined in this Preliminary Statement have the meaning given to them in the rest of this Limited Response.

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On April 25, 2025, the Debtors filed the Plan.

4. On April 30, 2025, the Debtors filed the Plan Supplement, which contained the Assumption Notice. The Assumption Notice reflects a proposed cure amount of $0 for the Lease (the "Proposed Cure Amount"). As of May 6, 2025, the Landlord does not dispute the Proposed Cure Amount, provided, that, the Landlord is reimbursed for its pecuniary losses and the Plan language regarding the effect of a lease assumption is clarified as requested in this Limited Response.

**The Lease.**

5. Debtor PSP Stores LLC (the "Debtor Tenant") and Landlord are party to that certain nonresidential real property lease, dated as of August 8, 1994 (as amended, restated, supplemented, or otherwise modified from time to time, the "Lease") for the leased premises located at Garden City Center in Cranston, Rhode Island (the "Premises").

6. Under the Lease, the Debtor Tenant is responsible for, *inter alia*, paying real estate taxes, common area maintenance, insurance, and utilities for, and to repair, the Premises. *See* Lease, Sections 5, 6 and 14.

7. By the terms of the Lease, the Debtor Tenant has agreed to indemnify and hold harmless the Landlord on account of claims and losses associated with the Premises. *See id*. §7(g).

8. The Lease provides that in the event of a default by the Debtor Tenant the Landlord is entitled to attorney's fees and costs. *See id*. §15. The Landlord is further entitled to reimbursement of attorney's fees and costs in connection with any assignment of the Lease. *See id*. §21(c)(6).

9. The Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

## LIMITED RESPONSE

**Pecuniary Losses.**

10. To the extent the Lease is assumed, the Landlord is entitled to reimbursement of actual pecuniary losses in the form of attorney's fees. *See* 11 U.S.C. § 365(b)(1)(B); *see also, e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448–49 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees . . . is allowable in bankruptcy except where the Bankruptcy Code provides otherwise"); *In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties.") (collecting cases); *In re Williams*, Case No. 10-11108 BLS, 2011 WL 2533046, at *1 (Bankr. D. Del. June 24, 2011) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees."); *In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation."); *In re Ent., Inc.*, 223 B.R. 141, 152–54 (Bankr. N.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease).

11. Aggregate attorney's fees and costs incurred by the Landlord in these chapter 11 cases are at least, approximately, $10,880.00 as of April 30, 2025.

**Ongoing Lease Reconciliation and Indemnification Obligations.**

12. The Plan conflates the cure of defaults and future performance in an attempt to insulate the reorganized Debtor Tenant from paying or performing ongoing lease obligations that come due after the Plan effective date. Specifically, the Plan provides that the assumption of the Lease by the reorganized Debtor Tenant "shall result in the full release and satisfaction of any Claims and defaults, whether monetary or nonmonetary including . . . arising at any time prior to the effective date of assumption." *See Plan* Sec. 10.2. Lease obligations that arise pre-assumption, but are not due for payment or performance until post-assumption, are not defaults that are required to be cured as a condition to assumption under section 365(b) of the Bankruptcy Code. Instead, they are ongoing obligations to be performed by the reorganized Debtor Tenant after assumption of the Lease.

13. It is well-settled that such contracts must be assumed or rejected in their entirety with all the benefits and burdens. Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003); *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999). *See also Anytime Fitness v. Thornhill Bros. Fitness, L.L.C. (In re Thornhill Brothers Fitness, L.L.C.)*, 85 F.4th 321, 326 (5th Cir. 2023) ("[a] debtor cannot use § 365 to create a different deal than one it had originally.").

14. The Lease provides that the Debtor Tenant must indemnify and hold harmless or save the Landlord from and against any losses or claims arising out of or related to, *inter alia*, environmental laws, hazardous materials, remediation, personal injury, and property damage. Accordingly, any confirmation order approving the assumption of the Lease should expressly state

that the reorganized Debtor Tenant will remain liable to pay and perform any and all indemnification obligations as, and when, they become due and payable under the Lease, regardless of whether they arose or are attributable to the period prior to the assumption or the entry of the confirmation order.

15. The order confirming the Plan should expressly provide that notwithstanding anything to the contrary in the order or the Plan, the reorganized Debtor Tenant shall continue to be liable for the payment and performance of all obligations under the Lease that become due or payable from and after the date of assumption, including, without limitation, any real estate taxes, utilities, insurance and repair and maintenance obligations, rent-true up amounts, indemnification obligations and other reconciliations that may later be billed by the Landlord, regardless of whether such obligations arose or are attributable to the period prior to the date of assumption (the "Accrued Obligations").

## RESERVATION OF RIGHTS

16. The Landlord reserves its rights to supplement this Limited Response with additional lease obligations that may arise or become due under the Lease, or become known to the Landlord prior to the effective date of any assumption of the Lease. All of the Landlord's objections and defenses to any request by the Debtors to assume the Lease is expressly preserved.

## JOINDER

17. In addition to the foregoing, the Landlord further joins in the other objections filed by parties in interest to the Assumption Notice, the Plan, and any proposed form of confirmation order to the extent that such objections are not inconsistent with the relief requested in this Limited Response (or any subsequent resolution of this Limited Response).

**WHEREFORE**, the Landlord respectfully requests that the Court: (i) award and direct the reimbursement to the Landlord of at least $10,880.00 in attorneys' fees and expenses incurred through April 30, 2025 (plus any additional attorneys' fees, expenses, and costs incurred thereafter) as pecuniary losses reimbursable under the terms of the Lease and section 365(b)(1)(B); (ii) include in any confirmation order appropriate reconciliation and indemnification protections as requested herein; and (iii) grant to the Landlord such other and further relief as this Court deems just and proper.

Dated: May 9, 2025

RESPECTFULLY SUBMITTED,

/s/ Karen C. Bifferato
Karen C. Bifferato, Esq. (DE 3279)
**CONNOLLY GALLAGHER LLP**
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

- and -

Douglas B. Rosner, Esq. (*pro hac vice*)
**GOULSTON & STORRS PC**
One Post Office Square
Boston, MA 02109
Telephone: (617) 482-1776
Email: drosner@goulstonstorrs.com

*Counsel to the Landlord*