**EXHIBIT 2**

LEGAL\77288276\4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>Jointly Administered |

**DECLARATION OF KAYLA ZBINDEN IN SUPPORT OF MOTION OF
GRANITE TELECOMMUNICATIONS, LLC FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

I, Kayla Zbinden, under penalty of perjury, declare as follows:

1. I am above the age of eighteen (18) years, competent to make this declaration, and do so based on my personal knowledge and the facts stated herein.

2. I am the Director of MSP Product Development for Granite Telecommunications, LLC ("Granite"), and I have served in this role for over three (3) years. I have been an employee of Granite for over twelve (12) years. I began my work at Granite in the role of a Provisioner, and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

advanced first to a Senior Advanced Services Provisioning Supervisor, and then to a Product Development Manager. In or around May 1, 2022, I was promoted to my current role.

3. I submit this declaration in support of the Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim.[2]

4. In my twelve and a half (12.5) cumulative years at Granite, I have gained a deep, extensive knowledge of the equipment Granite procures for customers in connection with the provision of voice, data, and managed services. Granite generally rents such equipment to its customers, who are required to make monthly rental payments over the life of a given contract with Granite and immediately return the equipment upon the disconnection of services for which such equipment is used. This was the arrangement agreed to by Granite and American Freight,[3] as specifically laid out in Amendment No. 4 and Amendment No. 7 to the Master Services Agreement.

5. In the case of American Freight, the voice and data services American Freight procured from Granite, as described in Amendment No. 4 to the Master Services Agreement, required Granite to deploy 1,425 pieces of equipment, 940 of which were Fortinet equipment, and 485 of which were Meraki equipment.

6. As of the date of this declaration, 899 pieces of Fortinet equipment and 485 pieces of Meraki equipment have not been returned by American Freight, as required under the terms of the Contract.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Granite also offers customers the option to purchase equipment, either through an outright purchase by paying the upfront cost of the equipment or through payment of the amortized purchase price over a term. In both of these arrangements, the customer owns the equipment once it has paid the entire purchase price of the equipment. Instead of selecting one of these two options that would enable American Freight to own the equipment, American Freight elected the rental option instead.

7. I have been advised that Granite requested for American Freight to send a letter to all landlords seeking the return of Granite's equipment, and American Freight did so in or around April 2025. Granite has received returns of 41 pieces of Fortinet equipment.

8. The Fortinet equipment includes: (i) the Fortinet FortiGate FG-40F Appliance; (ii) the Fortinet FortiSwitch 108F switch; and (iii) the Fortinet FortiAP 221E wireless access point. The standard replacement cost of such equipment to a Granite customer is, respectively: (i) $3,115.00; (ii) $326.00; and (iii) $265.00. Of the 899 pieces of unreturned Fortinet equipment, 264 are Fortinet FortiGate FG-40F, 270 are Fortinet FortiSwitch 108F switch, and 365 are Fortinet FortiAP 221E wireless access point. Pictures of the outstanding equipment are below:

FortiGate FG-40F:



FortiSwitch 108F switch:



FortiAP 221E wireless access point:



9. The 485 unreturned pieces of Meraki equipment include: (i) 175 Cisco Meraki MR33-HW; (ii) one Cisco Meraki MS120-8-HW; (iii) 163 Cisco Meraki MS210-24P-HW; (iv) one MX250-HW; and (v) 145 Cisco Meraki MX68-HW Security Appliances. The standard replacement cost of such equipment to a Granite customer is, respectively: (i) $425.00; (ii) $642.00; (iii) $3,107.00; (iv) $8,662.00; and (v) $776.00.

Cisco Meraki MS120-8-HW:



Cisco Meraki MS210-24P-HW:



Cisco Meraki MX250-HW:



Cisco Meraki MX68-HW:



10. The total base replacement cost of all outstanding equipment is $1,645,088.00 With estimated taxes at 8.6678%, which is customary, the total replacement cost would be $1,787,680.94, $142,592.94 of which would represent taxes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 12, 2025

/s/ Kayla Zbinden
Kayla Zbinden
Director of MSP Product Development
Granite Telecommunications, LLC
1 Heritage Drive
Quincy, MA 02171