**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC. *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 1312 |

**OBJECTION AND RESERVATION OF RIGHTS OF BB BHF STORES LLC FRANCHISEE TO EIGHTH AMENDED JOINT CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

bb BHF Stores LLC (as applicable, "BHF" or "Franchisee(s)") by and through its undersigned counsel, respectfully submit this objection (this Objection") to the *Eighth Amended Joint Chapter 11 Plan of Franchise Group Inc. and its Debtor Affiliates* filed by the above-captioned Debtors (the "Debtors" or "Franchise Group"). In support of its Objection, BHF states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**PRELIMINARY STATEMENT**

1. In connection with their Eighth Amended Plan, the Debtors seek to assume the Franchise Agreements (as defined below) entered into between Debtor Buddy's Franchising and Licensing LLC (the "Franchisor" or "Buddy's Franchising") and BHF. Those agreements, which govern the parties' franchisor-franchisee relationship and respective rights and obligations, relate to sixty-two (62) Buddy's branded stores operated by BHF. However, the Debtors are in default under the "Franchise Agreements" (as defined herein). Those defaults include material incurable breaches of non-competition provisions that are essential elements of BHF bargained-for rights under the Franchise Agreements. Therefore, the Franchise Agreements cannot be assumed under the Eighth Amended Plan.

2. Even assuming that the Franchise Agreements could be assumed notwithstanding these material incurable breaches, the cure amounts of $0.00 identified in the Cure Notice are incorrect. BHF asserts that the actual cure amounts due BHF consist of damages based upon the Franchisor's breaches of the Franchise Agreements. All cure amounts must be paid before the Debtors may assume the Franchise Agreements. Additionally, to the extent the Franchise Agreements are assignable, they must be assumed in their entirety without amendment, and adequate assurance of future performance must be provided.

**RELEVANT BACKGROUND**

3. On November 3, 2024 (the "Petition Date"), the above-captioned Debtors, including Buddy's Franchising, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court").

4.  The Debtors privately hold and operate franchised businesses. Their current collection of brands and business segments include The Vitamin Shoppe ("Vitamin Shoppe"), Pet Supplies Plus ("Pet Supplies"), Buddy's Home Furnishings ("Buddy's") and American Freight ("American Freight").

5.  Buddy's offers furniture, electronics, appliances offering electronics, appliances and furniture to consumers primarily through rent-to-own agreements.[2]

A.  **The Franchise Agreements with BHF Buddy's.**

6.  BHF appears to be the third largest Buddy's franchisee, operating sixty-two (62) stores in approximately ten (10) states in the southeast U.S. Each store is governed by its own stand-alone franchise agreement together with all related addendums, amendments and exhibits, which sets forth the rights and obligations of the parties. The franchise agreement for the twelve stores at issue contain the same or substantially the same terms in relevant part (individually the "Franchise Agreement" and collectively the "Franchise Agreements").

7.  The term of each respective Franchise Agreement is ten (10) years.  For example, the earliest BHF Franchise Agreement commenced in November 2020, and would, in the absence of earlier termination due to the Franchisor's breaches, expire in November 2030.

B.  **Non-Compete Provision of the Franchise Agreements**

8.  The Franchise Agreements restrict the ability of the Franchisor and its affiliates to operate a competing business within each of the Franchisees' established territories.  Each Franchise Agreement creates a "Territory" for the franchisee's operations.  Under the Franchise Agreement, "Territory" means the geographic area assigned to each BHF Franchised Business.  *See* Franchise Agreement, Section 1(q).  *See also* Franchise Agreement, Exhibit A.  The Territories

---

[2] See https://www.buddyrents.com/about-buddys

3

range from a two- to eight-mile radius from each store address, with approximately twenty-seven stores containing a 5-mile radius.

9.     The Franchise Agreements expressly preclude the Franchisor from establishing "either a company-owned or franchised Buddy's Retail Business location within the Territory under the Trademarks…." *See* Franchise Agreement, Section 2(b).  Additionally, the Franchise Agreements expressly preclude the Franchisor or its affiliates from operating any "Competitive Business" within any of BHF's Territories.  *See* Franchise Agreement, Section 2(d)(ii) ("[Franchisee] acknowledge[s] and agrees that *[Franchisor] and [its] affiliates* may . . . operate and grant to others the right to operate retail businesses or any other business, <u>other than a Competitive Business</u>, at any location (including within the Territory) . . ." (*emphasis* added). "Competitive Business" is defined to include any rent-to-own, rental purchase, lease purchase or other business that leases, rents, sells or distributes home furnishings, electronics or appliances through any channel, including, without limitation, business conducted by means of retail outlets, internet or direct marketing." *See* Franchise Agreement Section 1(d).

C.     **Franchisor's Breaches of the Franchise Agreements.**

   **Badcock Home Furnishing Stores**

10.    In about November of 2021, an affiliate of Buddy's Franchising acquired W.S. Badcock Corporation ("Badcock"), a home furnishings company with 383 stores in eight southeastern states.[3]  As a result, an affiliate of Buddy's Franchising became the owner of numerous Badcock Home Furnishing stores within the Territories of many BHF Franchised Businesses.  The stores are branded "Badcock Home Furniture & more" and offer furniture,

---

[3] See Press Release https://www.globenewswire.com/news-release/2021/11/22/2339035/0/en/Franchise-Group-Inc-Acquires-W-S-Badcock-Corporation.html

appliances, electronics, and accessories in lease to own arrangements. These Badcock Home Furnishing stores constitute Competitive Businesses as defined by the Franchise Agreement, resulting in a breach of Section 2(d)(ii) of the Franchise Agreement, which prohibited the Franchisor or its affiliates from operating any Competitive Business within a BHF Territory.

11. Specifically, Franchisor's affiliates operated at least twelve (12) Badcock Competitive Businesses within the following BHF Territories:

1. Store 518 — Opelika — AL
2. Store 543 — Greenville — NC
3. Store 544 — Henderson — NC
4. Store 545 — Kinston — NC
5. Store 557 — Chattanooga — TN
6. Store 558 — Cleveland — TN
7. Store 559 — Cookeville — TN
8. Store 560 — Murfreesboro — TN
9. Store 574 — Wilson — NC
10. Store 591 — Greensboro — NC
11. Store 594 — Sylacauga — AL
12. Store 1001 — Columbia — SC

12. BHF has been materially damaged by the Franchisor's breaches of the Franchise Agreements.

**D.     The Proposed Plans**

13. On November 11, 2024, the Debtors filed Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors. [DI 150]

14. On January 3, 2025, the Debtors filed the First Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors. [D.I. 654].

15. On January 31, 2025, BHF filed its Objection and Reservation of Rights of BHF Franchisees to Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts. [D.I. 879].

16.     On February 3, 2025, the Debtors filed the Second Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors. [D.I. 894].

17.     On February 5, 2025, the Debtors filed the Third Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors. [D.I. 925].

18.     On February 12, 2025, the Debtors filed the Fourth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors. [D.I. 957].

19.     On February 18, 2025, the Debtors filed the Fifth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates. [D.I. 996].

20.     On February 20, 2025, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates. [D.I. 1015].

21.     On April 3, 2025, the Debtors filed the Seventh Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates. [D.I. 1233].

22.     On April 25, 2025, the Debtors filed the Eighth Amended Plan. [D.I. 1312].

23.     The Eighth Amended Plan provides for a Plan Equitization Transaction with a possibility of consummating a Partial Sale Transaction. *See* id., Section 7.2.

24.     Pursuant to the Eighth Amended Plan, assumed contracts shall revest in and be fully enforceable by the applicable Reorganized Debtor (as defined in the Eighth Amended Plan) in accordance with their terms, except as such terms by have been modified by agreement of the parties or by order of the Bankruptcy Court. *See* id.

25.     On April 30, 2025, the Debtors filed their Plan Supplement to the Eight Amended Plan, which included the Assumed Contracts List as Exhibit K. The Assumed Contract List includes the BHF Franchise Agreements for each of the stores currently operated by BHF, except that three (3) Sublease Agreements (Rejected BHF Leases) with Debtor or its affiliates as

Sublessor for the Buddy's store which BHF currently operates with a vacate of May 20, 2025 [D.I 1371-2 pgs. 98 of 37]. The Rejected BHF leases are Store #s 17, 55 and 65, two of which are located in Jacksonville, Florida and one in Moultrie, Georgia. [Doc 1371-2 Pages 3 of 26]

26. Accordingly, as part of the Eighth Amended Plan, the Debtors seek to assume the Franchise Agreements.

**OBJECTION**

27. BHF objects to the Eighth Amended Plan with respect to the proposed assumption of the Franchise Agreements. As set forth below, the Franchise Agreements cannot be assumed due to incurable material defaults. To the extent that the Franchise Agreements could be assumed through the Eighth Amended Plan, the Franchisor must pay cure amounts in the amount of the Breach Claims, and other amounts due thereunder.

28. Additionally, BHF objects to the Eighth Amended Plan with respect to the proposed assumption of the Franchise Agreements because the Debtors are making demands inconsistent with certain Franchise Agreements (*i.e.* Store No's 566 and 1032). When a BHF store lease expires, for example when a landlord no longer wants to renew a BHF lease for the Buddy's store, the Debtors impose a condition on BHF to assist BHF with the transfer of inventory and customers to a nearby BHF store. Debtors wrongfully and continuously demand that BHF sign a release of claims from all BHF stores (currently approximately 62 stores in 10 states). The transfer of BHF customers and inventory is wholly controlled by the Debtors and their IT department. These demands are inconsistent with, and are absent from, the terms of the Franchise Agreements regarding lease expirations. BHF objects that Debtors, by these demands, are violating the franchise agreement and, as result, BHF is unable to move customer and inventory to another BHF store in a timely and orderly fashion for lease expirations.

**ARGUMENT**

**I.      The Franchise Agreements Cannot be Assumed Through the Eighth Amended Plan Due to Incurable Material Defaults.**

29.     In the instant case, the Franchisor breached the Franchise Agreement's non-competition provision due to the Franchisee Group's operation of competing Badcock stores within BHF's Territories.  In entering into the Franchise Agreements, the Franchisor and BHF agreed that in exchange for BHF's payment of franchise and royalty fees and other performance of its obligations, the Franchisor and its affiliates would abide by their obligations, including the critical obligation not to damage the Franchisee's business by operating Competitive Businesses within BHF's Territory.  These protections afforded to the Franchisees in the Franchise Agreements go to the very essence of the parties' relationship.

30.     BHF's arguments regarding the inability of the Debtors to assume the Franchise Agreements have already been made in the objection filed by BHF.  [D.I. 879].

**II.     Even if the Debtors Could Assume the Franchise Agreements, the Debtors Owe a Cure Amount Related to the BHF's Damages.**

31.     As noted above, the Debtors cannot assume the Franchise Agreements due to their uncurable breaches.  Nevertheless, if this Court were to allow the Debtors to assume the Franchise Agreements despite the Debtors' breaches, the Debtors, pursuant to Section 365(b)(1) of the Bankruptcy Code, must cure all outstanding amounts owed under the Franchise Agreements in full and provide adequate assurance of future performance prior to assuming such contracts.  *See In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (2003) ("In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.").

32. The Initial Cure Notice lists the "Cure Amount" as $0.00 for each listed Franchise Agreement. To the extent that the Court finds that the Franchise Agreement can be assumed notwithstanding material incurable breaches, then such default must be cured through the payment of money damages. BHF asserts that its damages resulting from Franchisor's breaches of the Franchise Agreements are substantially in excess of $1 million. The damages include estimates of direct damages, consequential damages and lost profits due to the impermissible Competing Businesses that the Debtors operated within BHF's Territories. Because they do not flow from a simple calculation, BHF will have to prove these damages through discovery and expert testimony.

### III. To the Extent the Franchise Agreements Can Be Assumed, They Must Be Assumed in Their Entirety and Adequate Assurance of Future Performance Must be Provided.

33. If the Court finds that the Franchise Agreements can be assumed pursuant to the Eighth Amended Plan, which BHF disputes, the Franchise Agreements must be assumed in their entirety. A decision to assume or reject an executory contract is "an all or nothing proposition." *Schlumberger Resource Mgmt. Serv., Inc. v. Cellnet Data Sys., Inc. (In re Cellnet Data Sys., Inc.)*, 327 F.2d 242, 249 (3d Cir. 2003). Thus, if a debtor assumes a contract, it must do so with all the benefits, as well as the burdens. *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 183 (Bankr. E.D. Pa. 2010) (holding that the debtor "must either assume the whole contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits"). Accordingly, if the Debtors seek to assume or assign the Franchise Agreements, they must do so in their entirety.

34. In addition, BHF demands adequate assurance of future performance once the Debtors identify any buyer of the Debtors' assets.

### RESERVATIONS OF RIGHTS

35. BHF reserves the right to amend or supplement this Objection in all respects, including (i) to assert all additional amounts become owed to it between the date hereof and the

date of any assumption of the Franchise Agreements that otherwise must be cured under Section 365(b)(1)(A) of the Bankruptcy Code; (ii) to supplement with respect to facts subsequently discovered; or (iii) to assert any buyer-specific objections.

36. BHF reserves all rights to raise any additional objections to the Debtors' efforts to assume the Franchise Agreements. BHF further reserves all rights it has under the Franchise Agreements, the orders related to any proposed sale of the Debtors' assets including the Franchise Agreements, and applicable law, including, but not limited to, its rights to seek adequate protection and/or relief from the automatic stay.

## CONCLUSION

**WHEREFORE,** BHF respectfully requests that this Court enter an Order: (a) sustaining this Objection; (b) modifying any order, schedule or other operative document approving or confirming the Eighth Amended Plan to provide that the BHF Franchise Agreements are not assumed; and (c) granting such other, further, and differ rent relief as this Court deems just and proper.

Dated: May 13, 2025

**CROSS & SIMON, LLC**

 /s/ Michael L. Vild
Michael L. Vild (No. 3042)
Christopher P. Simon (No. 3697)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
Telephone: 302-777-4200
mvild@crosslaw.com
csimon@crosslaw.com

*Counsel for bb BHF Stores LLC*