**Exhibit A**

**Objection Summary Chart**

**IN RE FRANCHISE GROUP, INC., ET AL., CASE NO. 24-12480 (JTD)**

**CHART OF OBJECTIONS AND PROPOSED RESPONSES
TO THE NINTH AMENDED JOINT CHAPTER 11 PLAN OF
FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES (THE "PLAN")[1]**

| DOCKET # | OBJECTING PARTY | OBJECTION SUMMARY | DEBTORS' RESPONSE |
|---|---|---|---|
| 1326 | Beral, LLLP and Laurel Lakes, LLC (together, "Beral and Laurel") | • Beral and Laurel object to any process that would allow for the assumption or assumption and assignment of their Unexpired Leases that would permit the Unexpired Leases to be assumed or assumed and assigned over their cure objection without requiring the Debtors to escrow or segregate disputed cure amounts.<br><br>• Beral and Laurel Filed a limited objection to Confirmation of the Plan and entry of the Sale Order to reserve their rights under their Unexpired Leases and for payment of Cure Costs. | • The Debtors have resolved the limited objection by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 179-180.<br><br>• The Debtors and Beral and Laurel are working to address Beral and Laurel's cure objection and will address any unresolved matters at a subsequent hearing, if necessary<br><br>• Beral and Laurel leases to be assumed pursuant to the Sale Order [Docket No. 1429]. |
| 1414 | Atlantic Plaza Station LLC, Edgewood Station LLC, Fairlawn Station LLC, Harvest Station LLC, Village Mooresville Station LLC, Fairfield Station LLC, Lakewood | • Phillips Edison Filed a limited objection to Confirmation of the Plan and requested language to (a) address their concerns regarding their rights under any assumed | • The Debtors have resolved the limited objection by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 179-180. |

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Memorandum, the Plan, the Plan Supplement, or the Confirmation Order, as applicable.

| DOCKET # | OBJECTING PARTY | OBJECTION SUMMARY | DEBTORS' RESPONSE |
|---|---|---|---|
| | (Ohio) Station LLC, Shoregate Station LLC, Hartville Station LLC, Jensen Beach Station LLC and Harpers Station LLC, affiliates of Phillips Edison & Company (collectively, the "Phillips Edison") | Unexpired Leases and (b) preserve their setoff rights.<br><br>• Phillips Edison also objects to the Debtors' proposed Cure Cost for Store 0234. | • The Debtors and Phillips Edison are working to address Philip Edison's cure objection and will address any unresolved matters at a subsequent hearing, if necessary. |
| 1419 | Pentex RTO, LLC, EightSixThree RTO, LLC, Pentex Top Left, LLC and Pentex 1848, LLC (individually or collectively, as applicable, "Pentex") | • Pentex objects to assumption of the Pentex franchise agreements due to alleged material incurable nonmonetary defaults.<br><br>• To the extent that the franchise agreements can be assumed, Pentex objects to the proposed cure amount and requests that such amounts be paid by the Debtors before the franchise agreements are assumed. | • The Debtors and Pentex are working to address Pentex's cure objection and will address any unresolved matters at a subsequent hearing, if necessary. |
| 1424 | A-Team Leasing, LLC ("A-Team") | • A-Team objects to the Debtors' proposed Cure Cost for the franchise agreements for Stores 523, 524, 525, 527, 528, 529, 531, 533, 534, and 535. | • The Debtors and A-Team are working to address A-Team's cure objection and will address any unresolved matters at a subsequent hearing, if necessary. |
| 1430 | Brian Kahn and Lauren Kahn JT TEN (together, "Kahn") | • Kahn argues that the Plan violates section 1129(a)(7) of the Bankruptcy Code because Holders of TopCo Claims (Class 8-C) and Holders Existing TopCo Equity Interest (Class 11) receive no distributions under the Plan and would receive distributions in a hypothetical chapter 7 liquidation because no DIP Claims would be allocable to TopCo. | • Holders of TopCo Claims (if any) and Existing TopCo Equity Interests would not receive any distributions in a hypothetical chapter 7 liquidation because of (a) DIP Claims that would be allocable to TopCo and (b) Intercompany Claims settled under the Global Settlement that would otherwise be |

2

| DOCKET # | OBJECTING PARTY | OBJECTION SUMMARY | DEBTORS' RESPONSE |
|---|---|---|---|
|  |  | - Kahn also argues that the Plan cannot be confirmed at TopCo because there is no impaired accepted Class at TopCo as required by section 1129(a)(10) of the Bankruptcy Code. | assertable against TopCo. *See* Memorandum ¶¶ 58-61.<br><br>- Section 1129(a)(10) of the Bankruptcy Code is either satisfied or not applicable with respect to TopCo as the Class is vacant. *See* Memorandum ¶¶ 62-66. |
| 1435 | Buddy Mac Holdings, LLC and its subsidiaries (collectively, "BMH") | - BMH objects to Confirmation of the Plan because (a) the Plan includes provisions contrary to applicable law, (b) the Plan's release provisions are overly broad, (c) the Plan provisions with respect to retention of jurisdiction is overly broad, and (e) the Plan was not solicited properly.<br><br>- BMH also objects to Confirmation because the Debtors have failed to provide adequate assurance of future performance to BMH and because the Debtors should be required to resolicit the Plan.<br><br>- BMH also objects to the proposed Cure Cost for the Franchise Agreement for Store 13. | - The Debtors have resolved BMH's objections to provisions of the Plan by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 181-182.<br><br>- The Plan does not need to be resolicited because no Holder of Claims is materially adversely impacted under the Plan and because the Disclosure Statement and the Disclosure Statement Supplement properly disclosed factors that could impact recoveries to Holders of OpCo General Unsecured Claims. *See Memorandum* ¶¶ 67-79.<br><br>- The Debtors have resolved BMH's objections to provisions of the Plan by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 181-182. |
| 1436 | STORE Master Funding IV, LLC ("STORE") | - STORE requested language to address concerns regarding their rights under any assumed Unexpired Leases, including language to: (a) preserve their rights with respect to the rejection of the master lease and subleases that the Debtors rejected; (b) address procedures regarding the rejection | - The Debtors are working with STORE to resolve the objection by including agreed to language in the Confirmation Order. |

| DOCKET # | OBJECTING PARTY | OBJECTION SUMMARY | DEBTORS' RESPONSE |
|---|---|---|---|
| | | of Unexpired Leases and abandonment of personal property; and (c) require Debtors to pay rent and other obligations through and including the effective date of rejection. | |
| 1440 | Garden City Leasehold Properties LLC (the "Garden City Landlord") | • The Garden City Landlord Filed a limited objection to Confirmation of the Plan and requested that language be included in the Confirmation Order reserving their rights under the Unexpired Lease.<br><br>• The Garden City Landlord also requested attorney's fees and costs in connection with cure. | • The Debtors have resolved the limited objection by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 179-180.<br><br>• The Debtors and Garden City Landlord are working to address Garden City Landlord's cure objection and will address any unresolved matters at a subsequent hearing, if necessary. |
| 1443 | 5Rivers CRE, LLC, Benderson Development Company, Brookfield Properties Retail, Inc., Centerco Realty, Curbline Properties Corp., First Washington Realty, C. Gershon Company, Inc., JLL Property Management, Kite Realty Group, NewMark Merrill Companies, Inc., NNN REIT LP, Nuveen Real Estate, Philips International Holding Corp., Regency Centers, L.P., Shamrock A Owner, LLC, ShopCore Properties, SITE Centers Corp., and Win Properties. Inc., represented by Kelley Drye & Warren LLP (collectively, the "KDW Landlords")) | • The KDW Landlords Filed a limited objection to Confirmation of the Plan and requested that language be included in the Confirmation Order to reserve their rights under their Unexpired Leases. | • The Debtors are working with KDW to resolve KDW's limited objection by including agreed to language in the Confirmation Order. *See* Confirmation Order ¶¶ 179-180. |
| 1449 | bb BHF Stores LLC ("BHF") | • BHF objects to the Plan with respect to the proposed assumption of the franchise agreements and associated Cure Costs for | • The Debtors and BHF are working to address BHF's cure and assumption objection and will |

4

| DOCKET # | OBJECTING PARTY | OBJECTION SUMMARY | DEBTORS' RESPONSE |
|---|---|---|---|
| | | Stores 518, 543, 544, 545, 557, 558, 559, 560, 574, 591, 594, and 1001. | address any unresolved matters at a subsequent hearing, if necessary. |