## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) ) | Case No. 24-12480 (LSS) |
| Debtors. | ) ) ) ) ) ) ) | (Jointly Administered) **Re: Docket Nos. 1015, 1019, 1312, 1314 & 1322** |

## DECLARATION OF
## CRAIG JOHNSON OF KROLL RESTRUCTURING
## ADMINISTRATION LLC REGARDING THE SOLICITATION OF VOTES
## AND TABULATION OF BALLOTS CAST ON THE SIXTH AMENDED JOINT
## CHAPTER 11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES

I, Craig Johnson, hereby declare under penalty of perjury:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

1. I am a Senior Director of Restructuring Administration at Kroll Restructuring Administration LLC ("Kroll"), located at 1 World Trade Center, 31st Floor, New York, New York 10007. I am over the age of 18 and not a party to the above-captioned action.

2. I submit this declaration (this "Declaration") with respect to the solicitation of votes and the tabulation of Ballots cast on the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates*, filed February 20, 2025 [Docket No. 1015] (the "Sixth Amended Plan," as amended to its current iteration, the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates*, filed contemporaneously herewith, and as may be further amended, supplemented, or modified from time to time, the "Plan").[2] Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision or from the Debtors or their other professionals, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Kroll. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. The Bankruptcy Court authorized Kroll's retention as (a) the claims and noticing agent to the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent*, dated November 6, 2024 [Docket No. 113] and (b) the administrative advisor to the Debtors pursuant to the *Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor, Effective as of the Petition Date*, dated December 16, 2024 [Docket No. 447] (together, the "Retention Orders"). The Retention Orders authorize Kroll to assist the Debtors with, among other things,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Declaration, in the Plan, in the Disclosure Statement Order, or in the Disclosure Statement Supplement Order (each as defined herein), as applicable.

2

the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Kroll and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

### A. Solicitation Procedures.

4. On February 21, 2025, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation, (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures, and (IV) Granting Related Relief*, [Docket No. 1019] (the "Disclosure Statement Order"), which, among other things, established the procedures to solicit votes from, and tabulate Ballots submitted by, Holders of Claims entitled to vote on the Plan (the "Solicitation Procedures") and authorized Kroll to assist the Debtors with distributing solicitation materials and tabulating the votes to accept or reject the Plan.

5. The Disclosure Statement Order established January 31, 2025, as the record date (the "Voting Record Date") for determining which Holders of Claims were entitled to vote on the Plan. Pursuant to the Plan and the Solicitation Procedures, only Holders of Claims as of the Voting Record Date in the following classes were entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

| Plan Class | Class Description[3] |
|---|---|
| 3 | Prepetition ABL Loan Claims[4] |
| 4 | Prepetition First Lien Loan Claims[4] |
| 5 | Prepetition Second Lien Loan Claims[4] |
| 6 | OpCo Debtors General Unsecured Claims |
| 7 | Prepetition HoldCo Loan Claims |
| 8-A | Freedom HoldCo General Unsecured Claims |
| 8-B | HoldCo Receivables General Unsecured Claims |
| 8-C | TopCo General Unsecured Claims |
| 11 | Existing TopCo Equity Interests |

No other classes were entitled to vote on the Plan.

### B. Service of Solicitation Packages / Notice of Solicitation.

6. In accordance with the Solicitation Procedures, Kroll worked closely with the Debtors and their advisors to (a) identify the Holders of Claims and Equity Interests in the Voting Classes as of the Voting Record Date that were entitled to vote and (b) coordinate the distribution of Solicitation Packages to those Holders of Claims. Kroll adhered to the Solicitation Procedures and, on February 28, 2025, distributed Solicitation Packages (including Ballots, which included a section for the Holder to elect to Opt-In to the Third-Party Release) to Holders of Claims and

---

[3] Although Classes 8-C and 11 were originally included among the Voting Classes, pursuant to the Sixth Amended Plan, Holders of TopCo General Unsecured Claims in Class 8-C and Holders of Existing TopCo Equity Interests in Class 11 were no longer entitled to vote on the Plan.

[4] It is my understanding that Franchise Group, Inc. is the borrower under the ABL Credit Agreement, First Lien Credit Agreement, and Second Lien Credit Agreement facilities. I further understand that all of the OpCo Debtors (with the exception of WNW Franchising, LLC and WNW Stores, LLC) are guarantors under the ABL Credit Agreement, First Lien Credit Agreement, and Second Lien Credit Agreement facilities. As a result, valid Ballots received in Classes 3, 4, and 5 have also been applied as votes at the applicable Debtor-Guarantor entity (other than WNW Franchising, LLC and WNW Stores, LLC).

Equity Interests entitled to vote on the Sixth Amended Plan, as applicable, in accordance with the Disclosure Statement Order. A detailed description of Kroll's distribution of Solicitation Packages is set forth in Kroll's *Affidavit of Service*, which was filed with the Bankruptcy Court on May 2, 2025 [Docket No. 1383] (the "Affidavit of Service of Solicitation Materials"). The Debtors also caused Kroll to distribute the Notice of Non-Voting Status and Opt-In Forms to Holders of Claims and Equity Interests in Classes 1, 2, 9, 10, and 12 (as applicable), which were not entitled to vote on the Plan in accordance with the Disclosure Statement Order. I supervised the solicitation and tabulation performed by Kroll's employees. Kroll's employees distributed the Disclosure Statement Supplement Order in accordance with that Order as described herein.

7. Following the entry of a global resolution between the Debtors, the Freedom Lender Group, the Ad Hoc Group consisting of Required First Lien Lenders, and the Creditors' Committee (the "Global Settlement"), on April 25, 2025, the Debtors filed the *Disclosure Statement Supplement for the Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 1314, Ex. A] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement Supplement"). On April 26, 2025, the Bankruptcy Court entered the *Order (I) Approving the Form, Content, and Manner of Notice of the Disclosure Statement Supplement, (ii) Approving Certain Deadlines and Procedures in Connection with Confirmation, and (III) Granting Related Relief* [Docket No. 1322] (the "Disclosure Statement Supplement Order"), authorizing the Debtors to, among other things, distribute the Disclosure Statement Supplement to Holders of Claims and Equity Interests entitled to vote on the Sixth Amended Plan. The Disclosure Statement Supplement Order extended the Voting Deadline to May 7, 2025 at 5:00 p.m. (prevailing Eastern Time) (the "Extended Voting Deadline") and the rescheduled Confirmation Hearing to May 20, 2025 at 10:00 a.m. (prevailing Eastern Time).

5

8.      On April 29, 2025, Kroll distributed the Disclosure Statement Supplement to Holders of Claims and Equity Interests who were entitled to vote on the Sixth Amended Plan. A detailed description of Kroll's distribution of the Supplemental Solicitation Packages is set forth in Kroll's *Affidavit of Service of Supplemental Solicitation Materials*, which was filed with the Bankruptcy Court on May 13, 2025 [Docket No. 1448] (the "Affidavit of Service of Supplemental Solicitation Materials"). Kroll did not include Ballots with the Disclosure Statement Supplement; rather, the Voting Class recipients were informed to use their existing Ballots. Holders of Claims who already voted on the Plan and wished to change their vote were given the opportunity to do so pursuant to the Disclosure Statement Supplement Order by following the instructions in the Disclosure Statement Supplement, using the unique E-Ballot identification number set forth on each Ballot, or by contacting Kroll for assistance.

9.      On February 25, 2025, the Debtors caused the Confirmation Hearing Notice to be published in *The Wall Street Journal* as evidenced by the *Affidavit of Publication in the Wall Street Journal* [Docket No. 1030]. Moreover, the Plan and related documents have been available free of charge via the Debtor's case website at https://cases.ra.kroll.com/FRG/, and any Holder of a Claim or Equity Interest has been able to obtain a copy of the Plan and related documents, at the Debtors' expense, by a written request to Kroll at the following mailing or email addresses or by calling Kroll at the following telephone numbers:

Franchise Group, Inc.
Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
(844) 285-4564 (U.S./Canada, Toll-Free); +1 (646) 937-7751 (International, Toll)
FRGInfo@ra.kroll.com

## C. The Tabulation Process.

10. In accordance with the Solicitation Procedures, Kroll received, reviewed, and tabulated the Ballots submitted by Holders of Claims in the Voting Classes. Each Ballot received by Kroll was date-stamped, scanned (if submitted on paper), assigned a ballot number, entered into Kroll's voting database, and processed in accordance with the Solicitation Procedures. To be included in the tabulation results as valid (among other requirements), a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's authorized representative), (c) returned to Kroll via an approved method of delivery set forth in the Solicitation Procedures, and (d) actually received by Kroll by 5:00 p.m. (prevailing Eastern Time) on the Extended Voting Deadline.

11. All valid Ballots cast by Holders of Claims entitled to vote in the Voting Classes and received by Kroll on or before the Extended Voting Deadline were tabulated pursuant to the Solicitation Procedures.[5] As the Plan is not substantively consolidated among Debtors, votes were tabulated separately for each Debtor, as applicable.

---

[5] I understand that, pursuant to the Debtors' agreements with certain claimants, the Debtors directed Kroll to decrease the voting amounts for the applicable corresponding Ballots *for voting purposes only*, as indicated:

(i) the voting amount for the Class 6 Ballot associated with Proof of Claim number 827, which accepted the Plan in the amount of $4,000,000 against Buddy's Newco LLC, was decreased to $41,502.75; and

(ii) the voting amount for the Class 6 Ballot associated with Proof of Claim number 1219, which accepted the Plan in the amount of $3,500,000 against PSP Stores, LLC was decreased to $1.

12. As part of the tabulation, two Ballots cast by Holders of Class 8-A Freedom HoldCo General Unsecured Claims were reduced to $1.00 for tabulation pursuant to paragraph 27(f) of the Disclosure Statement.[6] Furthermore, pursuant to the *Order Granting Debtors' Omnibus Non-Substantive Limited Objection Solely for Voting Purposes Associated with Certain Claims* [Docket No. 1129], Kroll tabulated one vote related to Proof of Claim No. 2193 in the amount of $1.00.

13. The final tabulation of votes cast by timely and properly completed Ballots received by Kroll is attached hereto as **Exhibit A**.

### D. Invalid Ballots

14. Pursuant to the Solicitation Procedures, Kroll excluded a total of 52 Ballots from tabulation. Fifteen Ballots were excluded because they were superseded by a later-submitted valid Ballot on the same Claim, and only the latter Ballot was counted pursuant to paragraph 28(f) of the Disclosure Statement Order. Four Ballots were excluded, pursuant to paragraph 29(f) of the Disclosure Statement Order, because they were unsigned (two of such excluded Ballots indicated votes to accept the Plan, and two of such excluded Ballots that did not indicate a vote to accept or reject the Plan). Twenty-three Ballots were excluded, pursuant to paragraph 29(a) of the Disclosure Statement Order, because they did not indicate a vote to accept or reject or the Plan. In addition, seven Ballots were excluded because they were late, six Ballots were excluded because

---

[6] Kroll received two votes in Class 8-A from The Settlement-Related Liquidating Trust 2022-23 on account of Proof of Claim Nos. 1327 and 1333—both of which accepted the Plan and both of which are subject to the pending *First Omnibus (Non-Substantive) Objection of the Ad Hoc Group of Freedom Lenders to Certain Claims Filed Against the HoldCo Debtors* [Docket No. 1059] and *The Settlement-Related Liquidating Trust 2022-23's (I) Motion Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject Plan; And (II) Response to First Omnibus (Non-Substantive) Objection of the Ad Hoc Group of Freedom Lenders to Certain Claims Filed Against the HoldCo Debtors* [Docket No. 1098]. Pursuant to paragraph 27(f) of the Disclosure Statement Order, Proof of Claim Nos. 1327 and 1333 were thereby reduced to $1.00 for tabulation.

they were cast in either Class 8-C or Class 11, and two Ballots were excluded because they were cast by insiders. Reports of all Ballots excluded from the final tabulation prepared by Kroll, and the reason(s) for the exclusion of such Ballots, are attached hereto as **Exhibit B**.

### E.  Opt-In Elections.

15.     In accordance with the Solicitation Procedures, Kroll reviewed, and documented the elections recorded within the box on Item 3 of the Ballots from Holders of Claims in the Voting Classes and on Item 1 of the Opt-In Forms from Holders of Claims and Equity Interests in the Non-Voting Classes to opt in to the Plan's Third-Party Release. Specifically, to be included in the tabulation results as valid, an Opt-In Form must have been actually received by Kroll by 5:00 p.m. (prevailing Eastern Time) on April 23, 2025, (the "Opt-In Deadline"). The Opt-In Deadline was extended to May 7, 2025 (prevailing Eastern Time) (the "Extended Opt-In Deadline"). Ultimately, 507 parties elected to opt in to the Third-Party Release prior to the Opt-In Deadline, as set forth in the list attached hereto as **Exhibit C**, which include Opt-In elections made on Ballots and Opt-In Forms, including Ballots that were otherwise deemed invalid on a basis other than being superseded by a later-filed Ballot For the avoidance of doubt, this Declaration does not certify the validity of any such Opt-In elections. Such information is provided for reporting and informational purposes only. The affirmative opt-ins received by the Debtors are summarized as follows:

| Plan Class | Class Description[7] | Total Opt-Ins Received |
|---|---|---|
| N/A | Non-Voting Classes | 18 |
| 3 | Prepetition ABL Loan Claims | 3 |
| 4 | Prepetition First Lien Loan Claims | 328 |
| 5 | Prepetition Second Lien Loan Claims | 10 |
| 6 | OpCo Debtors General Unsecured Claims | 136 |
| 7 | Prepetition HoldCo Loan Claims | 10 |
| 8-A | Freedom HoldCo General Unsecured Claims | 0 |
| 8-B | HoldCo Receivables General Unsecured Claims | 0 |
| 8-C | TopCo General Unsecured Claims | 0 |
| 11 | Existing TopCo Equity Interests | 2 |

16. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing information concerning the distribution, submission and final tabulation of Ballots in connection with the Plan is true and correct.

*[Remainder Of Page Intentionally Left Blank]*

---

[7] Although Classes 8-C and 11 were originally included among the Voting Classes, as a result of the Global Settlement, Holders of TopCo General Unsecured Claims in Class 8-C and Holders of Existing TopCo Equity Interests in Class 11 were no longer entitled to vote on the Plan as such Claims and Equity Interests will be canceled, released, and extinguished and such Holders of Claims and Equity Interests will receive no distributions on account of their TopCo General Unsecured Claims or Existing TopCo Equity Interests pursuant to the Plan, as applicable.

Dated: May 14, 2025

/s/ *Craig Johnson*
Craig Johnson
Senior Director of Solicitation, Restructuring Administration
Kroll Restructuring Administration LLC