# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 14, 2025**<br>**Hearing Date: May 20, 2025, 10:00 a.m. (ET)**<br>Related to Docket Nos. 1312 & 1371 |

### (I) RESERVATION OF RIGHTS TO DEBTORS PROPOSED EIGHTH AMENDED PLAN AND (II) OBJECTION TO AMENDED PLAN SUPPLEMENT BY IREIT PITTSBURGH SETTLERS RIDGE, L.L.C., CRI NEW ALBANY SQUARE LLC, GROVE CITY PLAZA L.P., AND NORTHRIDGE CROSSING L.P.

IREIT Pittsburgh Settlers Ridge, L.L.C, CRI New Albany Square LLC, Grove City Plaza L.P. and Northridge Crossing L.P., (collectively, the "Landlords"), by and through their undersigned counsel, hereby file this (i) reservation of rights to the Debtors' *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1312] (the "Plan") and (ii) objection to the *Amended Plan Supplement for the Eighth Amended Joint Chapter 11 Plan of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

31294062.3

*Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1371] (the "Plan Supplement") (collectively, the "Objection"), and respectfully represent as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), Franchise Group, Inc., and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors", and each a "Debtor") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

3. The Landlords or their affiliates are parties to unexpired leases of nonresidential real property (the "Leases" and each, a "Lease") of the premises identified in **Exhibit 1** hereto (the "Premises").

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 11, 2024, the Debtors filed their Plan of Reorganization [D.I. 150] and Disclosure Statement [D.I. 151].

6. On November 11, 2024, the Debtors filed the *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the TVS Sale Motion, APA (as defined herein), Proposed Sale Order (as defined herein), Plan or Plan Supplement.

2

*Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 154] (the "Sale Procedures Motion"), which sought approval of bidding procedures for the potential sale of substantially all of the Debtors' assets and the ultimate sale of those assets.

7. On November 20, 2024, the Court entered the *Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* approving the bidding procedures aspect of the Sale Procedures Motion [D.I. 411] (the "Bidding Procedures Order").

8. On December 20, 2024, the Debtors filed the *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] ("Initial Cure Notice") in accordance with the Bidding Procedures Order.

9. On January 3, 2025, the Landlords, among others, filed an objection to the Sale Procedures Motion and the Initial Cure Notice [D.I. 640].

10. On February 12, 2025, the Debtors filed the *Notice of Cancellation of Auction* [D.I. 961] due to no qualified bids being received by the bid deadline established in the Bidding Procedures Order.

3

31294062.3

11. On April 16, 2025, the Debtors filed a motion [D.I. 1283] proposing the sale of substantially all of The Vitamin Shoppe business to TVS Buyer, LLC, which sale was approved by entry of an order [D.I. 1429] on May 7, 2025.

12. On April 25, 2025, the Debtors filed the Plan [D.I. 1312], which amended prior versions of the Debtors' chapter 11 plan to, among other things, incorporate the proposed sale of The Vitamin Shoppe business and reorganization of the Pet Supplies Plus and Buddy's businesses.

13. On April 30, 2025, the Debtors filed the Plan Supplement [D.I. 1371], which set forth in Schedule K (Assumed Contracts List) the proposed cure amounts ("<u>Proposed Cure Amounts</u>") for certain leases and contracts, including the Leases, proposed to be assumed[3] by the Debtors under the Plan.

## OBJECTION

A. *The Proposed Cure Amounts Are Incorrect and/or Subject to Change*

14. As a condition of any assumption and assignment of the Leases, the Landlords are entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default under the Leases for failure to pay rent and other charges currently due and owing.

15. The Landlords object to the Proposed Cure Amounts to the extent that they do not reflect the correct cure amounts for the Leases as of the date of assumption (the "<u>Correct Cure Amounts</u>"). The Proposed Cure Amounts and the Correct Cure Amounts, <u>exclusive</u> of (i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations, are as listed on **Exhibit 1** hereto, which also includes a detailed statement of one of the Correct Cure Amounts. The Correct Cure Amounts are accurate as of the dates listed in **Exhibit 1** hereto.

---

[3] The Leases are currently proposed to be assumed – not assigned – so that is the focus of this Objection, but if the Leases are proposed to be assumed and assigned, this Objection shall also apply to those proposed assignments and the Landlords reserve the right to further object.

31294062.3

    B.    *The Proposed Cure Amounts Do Not Include Attorneys' Fees*

    16.    The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees, which the Landlords are entitled to under the Leases. Therefore, attorneys' fees must be included as part of the Landlords' cure amounts as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, Case No. 10-11108 (BLS), 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, Case No. 01 Civ. 8946 (RWS), 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

    17.    Attorneys' fees have been accruing post-petition and will continue to increase through any assumption of the Leases, and the Landlords may seek to supplement this Objection by the time of any proposed assumption with the current amount of accrued attorneys' fees that will become due and owing.

    C.    *Any Assumption Must Be Cum Onere, And the Debtors Must Assume Liability for All Obligations for Accrued, but Unbilled or Not Due Rent and Charges and Indemnity Obligations*

    18.    It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

    19.    Therefore, in the event the Debtors seek to assume the Leases, the Debtors are first obligated to cure all outstanding defaults under the Leases, including the payment of the Correct

31294062.3

Cure Amounts, plus all additional attorneys' fees that accrue through the time of assumption and assignment.

20. Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance charges, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Leases through any assumption and assignment of the Leases and are not yet due (collectively, "Accrued but Unbilled Rent and Charges").

21. Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases. The Leases obligate the Debtors to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses. The Debtors must maintain liability for such obligations (collectively, the "Indemnity Obligations").

22. The Debtors' obligations to pay Accrued but Unbilled Rent and Charges and to satisfy their Indemnity Obligations are essential to the Landlords' entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance and must be assumed by any assignee *cum onere*. *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

23. Therefore, all of these obligations must be assumed by the Debtors as part of any assumption of the Leases in accordance with the requirement that the Landlords receive adequate assurance of future performance under the Leases.

D. *Any Assumption Must Be Supported by Adequate Assurance of Future Performance*

24. Before assuming an unexpired lease that is in default such as the Leases, a debtor must provide adequate assurance of future performance to the landlord. 11 U.S.C. § 365(b)(1).[4]

25. Bankruptcy Code section 365(b)(3) sets forth additional, heightened requirements for adequate assurance of future performance under a shopping center lease such as the Leases, and states:

> (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—
>
> (A) of the source of rent and other consideration due under such lease . . . ;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

26. If all other issues with the proposed assumption of the Leases are satisfactorily resolved or adjudicated, the Landlords do not object to the assumption of the Leases by the Debtors on adequate assurance grounds. The Landlords reserve their rights to object to any proposed

---

[4] Bankruptcy Code section 365(b)(1) provides that "[i]f there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such . . . lease unless, at the time of assumption of such . . . lease, the trustee - (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . (B) compensates, or provides adequate assurance that it will promptly compensate . . . [the landlord] for any actual pecuniary loss . . . resulting from such default, and (C) provides adequate assurance of future performance under such . . . lease." 11 U.S.C. § 365(b)(1).

31294062.3

assumption and assignment of the Leases absent identification of the proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code, and the Landlords having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment.

E. The Landlords Have Raised Concerns with the Plan

27. The Landlords, Debtors, and Debtors' lenders, through counsel, have been discussing the Landlords' concerns with the Plan and nearly all issues have been resolved in principle. Certain resolutions are still subject to final approval of proposed language in the Plan and/or the confirmation order, so to the extent any such resolutions in principle are not finalized or there are otherwise remaining issues, the Landlords reserve the right to raise any such issues before or at the Plan confirmation hearing.

## RESERVATION OF RIGHTS

28. The Landlords reserve their rights to supplement this Objection and make such other and further objections as they deem necessary or appropriate, including with respect to any further amended Plan, Proposed Cure Amounts, and any proposed plan confirmation order.

29. The Landlords hereby join any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein, including but not limited to the *Limited Objection of Certain Landlords to Confirmation of Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1443].

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection and grant the Landlords such other and further relief as this Court deems just and proper.

31294062.3


| | |
|---|---|
| Dated: May 14, 2025<br>Wilmington, Delaware | **BALLARD SPAHR LLP**<br><br>By: */s/ Laurel D. Roglen*<br>Leslie C. Heilman, Esq. (DE No. 4716)<br>Laurel D. Roglen, Esq. (DE No. 5759)<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801<br>Telephone:  (302) 252-4465<br>E-mail:  heilmanl@ballardspahr.com<br>E-mail:  roglenl@ballardspahr.com<br><br>-and-<br><br>**BARCLAY DAMON LLP**<br><br>Kevin M. Newman, Esq.<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202-2020<br>Telephone:  (315) 413-7115<br>E-mail:  knewman@barclaydamon.com<br><br>Scott L. Fleischer, Esq.<br>1270 Avenue of the Americas, Suite 501<br>New York, New York 10020<br>Telephone:  (212) 784-5810<br>E-mail:  sfleischer@barclaydamon.com<br><br>*Counsel to IREIT Pittsburgh Settlers Ridge, L.L.C., CRI New Albany Square LLC, Grove City Plaza L.P. and Northridge Crossing L.P.* |