## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **FRANCHISE GROUP, INC.,** *et al.*, | ) Case No. 24-12480 (LSS) |
| | ) |
| Debtors. | ) **(Jointly Administered)** |
| | ) |
| | ) Hearing Date:  May 20, 2025 at 10:00 AM |
| | ) Objection Date: May 14, 2025 at 4:00 PM |
| | ) |
| | ) Docket Nos. 1312 & 1371 |

## ORACLE AMERICA, INC.'S ASSUMPTION AND CURE OBJECTION

Oracle America, Inc., successor in interest to Responsys, Inc., Textura and CrowdTwist ("**Oracle**"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this Rights Reservation in response to the proposed assumption of Oracle's contracts in connection with the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Dkt. No. 1312] ("Plan") filed by Franchise Group, Inc., et. al. ("**Debtors**").  In support of the Rights Reservation, Oracle states:

**I.      INTRODUCTION**

1.      Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume certain executory contracts between Debtor, PSP Group, Inc., and Oracle. As discussed herein, Oracle objects to the proposed assumption of its agreements solely because the Debtors have neither cured all outstanding amounts owed under the contracts, nor provided adequate assurance that such amounts will be paid. The Debtors' and Oracle's counsel have been in discussion regarding the cure reconciliation and hope to come to a consensual resolution prior to the hearing. However, due to the objection deadline, Oracle files this cure objection to preserve its right to be heard, should the anticipated consensual resolution prove elusive. Accordingly, on

this limited basis, Oracle objects and reserves all of its rights regarding the Debtors' proposed assumption of Oracle's contracts.

## II.     FACTUAL BACKGROUND

2.      The above captioned case was filed on November 3, 2024 ("**Petition Date**"), and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

3.      Oracle is a licensor of computer software and, pursuant to agreements, provides software-related products, technical support, maintenance, educational materials, and programs, as well as cloud-based and point of sale services, which Oracle often customizes for the customer's specific needs.  Prior to the Petition Date, Oracle and the Debtors entered into several agreements for cloud based services ("**Oracle Agreements**").

4.      On April 25, 2025, the Debtors filed the Plan, which provides for assumption of all executory contracts (unless specifically assumed, assumed and assigned or rejected). The Plan states as follows:

> Except as otherwise provided herein, any Executory Contracts and Unexpired Leases (a) not previously assumed, (b) not previously assumed and assigned in accordance with any Sale Order in connection with the Partial Sale Transaction or other order approving such assumption and assignment, (c) not previously rejected pursuant to an order of the Bankruptcy Court, and (d) identified on the Assumed Contracts List (which shall be Filed with the Plan Supplement), will be assumed effective as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code and the Confirmation Order, except any Executory Contract or Unexpired Lease (i) identified on the Rejected Contracts/Lease List (which shall be Filed with the Plan Supplement), (ii) that is the subject of a separate motion or notice to reject, assume, or assume and assign pending as of the Confirmation Date, (iii) that previously expired or terminated pursuant to its own terms (disregarding any terms the effect of which is invalidated by the Bankruptcy Code), (iv) of the American Freight Debtors that is not otherwise assumed or included on the Assumed Contracts List, (v) of the Vitamin Shoppe Debtors that is not otherwise assumed or included on the Assumed Contracts List, or (vi) that, as of the Effective Date, is the subject of (1) a motion to reject or a Cure Dispute that is pending or (2) an order of the Bankruptcy Court that is not yet a Final Order. For the avoidance of doubt, except as otherwise set forth herein or as included on the Assumed Contracts List, all Executory Contracts and Unexpired Leases of the American Freight Debtors and the Vitamin Shoppe Debtors shall be rejected as of the Effective Date.

Plan Art. 10.1.

5.       On April 30, 2025, the Debtors filed an *Amended Plan Supplement For The Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Dkt. No. 1371] ("**Plan Supplement**").  Exhibit K to the Plan Supplement lists those contracts to be assumed through the Plan, and identifies an "Oracle Cloud Services Agreement" between Oracle and PSP Group, LLC ("**Oracle Agreement**"). The cure amount shown for the Oracle Agreement is $39,967.50.

6.       Pursuant to the Plan, "all requests for payment of Cure Costs that differ from the amounts paid or proposed to be paid by the Debtors or the Reorganized Debtors on the Assumed Contract List, as applicable to a counterparty must be Filed, served and actually received by the Debtors on or before fourteen (14) days after such notice." (*See*, Section 10.2 of Plan).

7.       No Oracle Agreements were identified for rejection in the Plan Supplement and the Debtors have confirmed that they wish to assume their entire relationship between Oracle and PSP Group, LLC[1].  However, to do so, the Debtors must pay all sums owed in cure, including any post-petition amounts which may have come due under the Oracle Agreements.   As of filing this Rights Reservation, Oracle is owed not less than $84,918.88, as follows:

| Transaction Date | Due Date | Invoice Number | Amount |
|---|---|---|---|
| 21-Feb-2023 | 23-Mar-23 | 100712275 | 25,000.00 |
| 15-Oct-2024 | 14-Nov-24 | 101598579 | 24,123.75 |
| 15-Oct-2024 | 14-Nov-24 | 101598578 | 5,655.00 |
| 15-Oct-2024 | 14-Nov-24 | 101598577 | 350.00 |
| 21-Nov-2024 | 21-Dec-24 | 101652925 | 10,188.75 |
| 21-Nov-2024 | 21-Dec-24 | 101652924 | 562.50 |
| 09-Dec-2024 | 08-Jan-25 | 101688829 | 900.00 |
| 14-Mar-2025 | 13-Apr-25 | 101836862 | 14,500.00 |
| 21-Apr-2025 | 21-May-25 | 101892425 | 3,638.88 |

---

[1] The Oracle Agreements with The Vitamin Shoppe are being assumed and assigned pursuant to the sale and are subject to a separate objection filed by Oracle.

### III.   ARGUMENT

    **A.   The Debtors May Not Assume the Oracle Agreement Absent Oracle's Consent Because The Agreement Pertains To One Or More Licenses Of Intellectual Property.**

8. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume <u>or</u> assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c).

9. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor.  *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

10. The Oracle Agreement is, or pertains to, non-exclusive licenses of copyrighted software. Therefore, the Debtors must obtain Oracle's consent before seeking to assume the Oracle Agreement. At this time, for the limited reasons discussed, Oracle does not consent to Debtors' assumption of the Oracle Agreement.

4

### B. To Assume the Oracle Agreement, the Debtors Must Cure All Arrearages.

11. Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1). Absent the foregoing, a debtor may not assume an executory contract.

12. At present, Oracle believes that the cure amount is not less than $84,918.88. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume the Oracle agreement. Oracle and the Debtors' counsel have been engaged in on-going discussions regarding the cure amount and hope to come to a consensual resolution on the cure amount prior to the hearing.

### C. Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Permit Assumption of Oracle's Contracts.

13. In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2). In light of the Debtors' failure to provide either adequate assurance of prompt payment of the cure or future performance under the contract, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues.

## IV. CONCLUSION

14. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for authority to assume any Oracle contract absent cure of all outstanding

amounts due and owing to Oracle, and provision of adequate assurance regarding the proposed assumptions.

| | |
|---|---|
| Dated: May 14, 2025<br>Wilmington, Delaware | **MARGOLIS EDELSTEIN**<br><br>By:     /s/ James E. Huggett<br>    James E. Huggett, Esq. (#3956)<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-1112<br>E-mail: jhuggett@margolisedelstein.com<br><br>Mark F. Magnozzi, Esq.<br>Benjamin Rachelson, Esq.<br>**THE MAGNOZZI LAW FIRM P.C.**<br>23 Green Street, Suite 302<br>Huntington, New York 11743<br>Telephone: (631) 923-2858<br>E-mail: mmagnozzi@magnozzilaw.com<br><br>Shawn M. Christianson, Esq.<br>**BUCHALTER, A Professional Corporation**<br>425 Market Street, Suite 2900<br>San Francisco, California 94105<br>Telephone: (415) 227-0900<br>E-mail: schristianson@buchalter.com<br><br>Peggy Bruggman, Esq.<br>Alice Miller, Esq.<br>**ORACLE AMERICA, INC.**<br>500 Oracle Parkway<br>Redwood City, California 94065<br>Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114<br><br>**Attorneys for Oracle America, Inc.** |