**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL J. WARTELL
IN SUPPORT OF THE NINTH AMENDED JOINT CHAPTER 11
PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

I, Michael J. Wartell, under penalty of perjury, declare as follows:

1. I am familiar with the matters set forth herein and submit this declaration (the "Declaration") in support of the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* (the "Plan") [Docket No. 1454].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

2.      Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, or information provided to me by my legal and financial advisors operating at my direction.

3.      I am a licensed Chartered Financial Analyst.  In 1991, I received a Bachelor of Science degree in Economics from the University of Pennsylvania.  Since October 2023, I have been the President of Bluerose Associates LLC, a consulting firm.  Previously, I was the Co-Chief Investment Officer of Venor Capital Management LP, a United States-based hedge fund, which I founded.

4.      I am an experienced independent director for both public and private corporations, and have specific experience advising companies with restructurings, asset sales, and liability management exercises.  I have over 30 years of experience in opportunistic credit, credit solutions, and special situations, and have strategic expertise in refinancings, restructurings, and liquidations.

5.      On December 13, 2024, pursuant to consents (the "December 2024 Consents") of the boards of Freedom VCM Interco, Inc. ("Freedom HoldCo InterCo") and Freedom VCM, Inc. ("Freedom HoldCo," and, together with Freedom HoldCo InterCo, the "Freedom HoldCo Debtors"), I was appointed sole independent director of the conflicts committees of the Freedom HoldCo Debtors (the "Conflicts Committees").  Prior to my appointment, I had no involvement with Franchise Group, Inc. ("Franchise Group" or the "Company") nor any of its affiliates.

6.      Pursuant to the December 2024 Consents, I was granted the power and authority to:

    a.      investigate any claims of the Freedom HoldCo Debtors (the "Investigative Powers") against Franchise Group's subsidiaries ("OpCo"), including their

2

     respective directors and officers (the "OpCo D&Os");

  b. have the Freedom HoldCo Debtors reimburse any and all reasonable costs and expenses incurred in connection with the exercise of the Investigative Powers, including the retention of one law firm and one local Delaware law firm;

  c. release the (i) intercompany claims the Freedom HoldCo Debtors may have against OpCo and/or the OpCo D&Os that may be identified in the exercise of the Investigative Powers or (ii) claims the Freedom HoldCo Debtors may have against its own directors and officers (the "Freedom HoldCo D&Os") that are identified in the exercise of the Investigative Powers;

  d. preserve any claims identified in the exercise of the Investigative Powers for the benefit of the Freedom HoldCo Debtors and their stakeholders; and

  e. settle or enter into any agreement that provides for the settlement(s) of the claims that are identified in the exercise of the Investigative Powers for the benefit of the Freedom HoldCo Debtors and their stakeholders.[2]

7. On December 9, 2024, just prior to my formal appointment to the Freedom HoldCo Debtor Boards, I engaged Akin Gump Strauss Hauer & Feld LLP ("Akin") as special co-counsel to represent me in my capacity as Independent Director and sole member of the Conflicts Committees. On December 19, 2024, I engaged Ashby & Geddes, P.A. ("Ashby") to serve as Delaware special counsel.

---

[2] All descriptions in this declaration of board consents, actions, delegations of authority, or documents filed in the chapter 11 cases are solely intended to reflect my understanding and recollection of those acts and documents. They are not intended to contradict or challenge the specific language and delegations set forth in any board documents or filings.

3

8. On January 9, 2025, both Freedom HoldCo Debtor Boards issued additional unanimous written consents (the "January 2025 Consents") clarifying that the scope of the Independent Director's Investigative Powers included the investigation of claims the Freedom HoldCo Debtors may have against the Freedom HoldCo D&Os, solely in their capacities as such.

9. In connection with the *Fourth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* (the "Fourth Amended Plan") [Docket No. 957], filed on February 12, 2025, it was determined that the Plan would no longer provide for releases of Brian Kahn, B. Riley and its affiliates, the Vintage entities, former employees, officers and directors of Franchise Group other than those terminated without cause between February 3, 2025 and the Effective Date[3] of the Plan, Irradiant Partners, LP and the members of the Freedom Lender Group, and Wilkie Farr & Gallagher LLP, solely for any prepetition services rendered. Rather, the potential releases to be provided by the Freedom HoldCo Debtors pending the results of the Freedom HoldCo Independent Investigation were to be limited to the Consenting First Lien Lenders, seven current directors and/or officers of the Debtors (collectively, the "Investigation Targets"), and myself (the "Releases"). Accordingly, the Freedom HoldCo Debtor Boards directed that the scope of my investigation (the "Freedom HoldCo Independent Investigation"), while considering all relevant underlying facts, should focus on potential claims of the Freedom HoldCo Debtors against the Investigation Targets (collectively, "Potential Claims") for whom releases were still being considered: Andrew M. Laurence, Andrew F. Kaminsky, Eric Seeton, Tiffany McMillan-McWaters, Todd Arden, John Hartmann, Christopher P. Meyer, and the First Lien Lenders / DIP Lenders.

---

[3] Terms not defined herein have the definitions set forth in the Plan or the *Disclosure Statement Supplement for the Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket No. 1322-1], as applicable.

10. On February 14, 2025, the Freedom HoldCo Debtor Boards issued unanimous written consents (the "February 2025 Consents," and, together with the December 2024 Consents and the January 2025 Consents, the "Board Consents"), expanding the scope of my authority to include the power to investigate Potential Claims the Freedom HoldCo Debtors may have against the First Lien Lenders and the DIP Lenders.

11. As the sole member of the Conflicts Committees, I was also granted certain rights, authority, and powers in connection with any matter in which a conflict of interest exists or is reasonably likely to exist, as determined by the Conflicts Committee (each, a "Conflicts Matter") between the Freedom HoldCo Debtors, on the one hand, and any other Debtor, any of their current and former directors, managers, officers, special or other committee members, equity holders, advisors or affiliates, on the other hand.

12. Specifically, I was granted the authority to determine whether any matter constitutes a Conflicts Matter, with such determination being binding on the Freedom HoldCo Debtors, to resolve such conflicts, including:

    a. to the extent a Conflicts Matter arises, to exercise all rights and powers of the Freedom HoldCo Debtor Boards in connection with any strategic transaction or series of strategic transactions;

    b. the ability to grant or enter into any agreement that provides for releases of any claims the Freedom HoldCo Debtors may have against the First Lien Lenders and/or DIP Lenders, solely in their capacities as such;

    c. the authority to, on behalf of both Freedom HoldCo Debtor Boards, take any and all actions with respect to the Conflicts Matters; and

    d. the control of any attorney-client, work product, or other privilege

belonging to the Freedom HoldCo Debtors in connection with the Conflicts Matters.

13. Consistent with my expanded mandate and responsibilities, on February 26, 2025, I engaged Chilmark Partners LLC ("Chilmark") to serve as a financial advisor in connection with the Freedom HoldCo Independent Investigation and my role as the sole member of the Conflicts Committees.

14. Upon my appointment, I directed Akin and Ashby to conduct the Freedom HoldCo Independent Investigation.

15. At the outset of the Freedom HoldCo Independent Investigation, at my direction, Akin reached out to relevant constituencies, including the Debtors, the Creditors' Committee, the Ad Hoc Group, and the HoldCo Lenders, as well as their respective counsel, to discuss their respective views on the relevant facts, theories, potential claims, and/or defenses concerning the subject matter of the Freedom HoldCo Independent Investigation.

16. In response to requests issued as part of my investigation, documents were produced by, or on behalf of, the following individuals and entities: the Debtors; Andrew M. Laurence; Andrew F. Kaminsky; Eric Seeton; Tiffany McMillan-McWaters; Todd Arden; John Hartmann; Christopher P. Meyer; Bryant Riley; B. Riley Financial, Inc. ("BFI," and, together with its affiliates, "B. Riley"); Brian Kahn; Vintage Capital Management, LLC ("VCM" and, together with its affiliates entities, "Vintage"); Jeffries, LLC ("Jeffries"); Matthew Avril; Thomas Herskowitz; Nanhi Singh; and the Settlement-Related Liquidating Trust 2022-23 (the "Prophecy Trust").

17. In addition to reviewing approximately 300,000 responsive documents, Akin and Ashby conducted 14 interviews, including with each of the Investigation Targets, Brian Kahn,

Bryant Riley, Ryan Mash, Ted Gavin, Mathew Avril, and an additional person-most-knowledgeable interview of the Debtors with Andrew Laurence.

18.     The Freedom HoldCo Independent Investigation considered all potential claims and causes of action the Freedom HoldCo Debtors may have against the Investigation Targets. The Freedom HoldCo Independent Investigation also considered and investigated relevant facts regarding individuals and entities who were not being considered for a release by the Debtors.

19.     The Freedom HoldCo Independent Investigation analyzed all facts and Potential Claims regarding, among other things: (a) the creation of Franchise Group; (b) the role of Vintage; (c) the Investigation Targets' knowledge of the relationship between Mr. Kahn and Prophecy Asset Management LP (together with investment funds for which it provided investment advisory services, "Prophecy") and the impact to the Company; (d) the Investigation Targets' knowledge of Mr. Kahn's and his wife's pledging of their shares of common stock of Franchise Group to B. Riley (the "Kahn Pledges"); (e) the lack of disclosure of Mr. Kahn's pledging of his Franchise Group shares to B. Riley; (f) the source of Mr. Kahn's ownership and funding of Franchise Group shares; (g) the Take-Private Transaction, including its origins, negotiations and execution; (h) financial projections associated with the Take-Private Transaction; (i) post-Take-Private Transaction anticipated and actual transactions; (j) the Freedom HoldCo Debtors' business plan; (k) the role and actions of each individual and entities seeking a Release; (l) actions and decisions of the Freedom HoldCo Debtor Boards; (m) transfers of funds from the Freedom HoldCo Debtors to PCS Atlas Holdings LLC, TD Ameritrade Clearing, Inc., and Freedom VCM Holdings LLC ("Freedom TopCo"); (n) the flow of funds and subsequent transfers in and out of the Debtors in connection with and following the Take-Private Transaction; and (o) the decision of the Freedom HoldCo Debtors to file for chapter 11 and enter into the Restructuring Support Agreement.

20. Following the completion of the Freedom HoldCo Independent Investigation, at my direction, Akin and Ashby drafted the *In re: Franchise Group, Inc., et al.: Report by Michael J. Wartell, as Independent Director and sole member of the Conflicts Committees of the Boards of Directors of Freedom VCM InterCo, Inc. and Freedom VCM, Inc.* and *Report of Michael J. Wartell, Independent Director of Freedom VCM Interco, Inc. and Freedom VCM, Inc.: Wartell Lender Investigation*, respectively, (together, the "Wartell Reports"), summarizing the Freedom HoldCo Independent Investigation, its key findings, and my determinations regarding Releases of the Investigation Targets.

21. In evaluating whether the Freedom HoldCo Debtors have Potential Claims against any of the Investigation Targets, I, with the assistance of counsel and my financial advisor, evaluated whether the Freedom HoldCo Debtors could plausibly plead sufficient facts to adequately allege a Potential Claim that could survive a motion to dismiss under the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

22. Based on the conclusions of the Freedom HoldCo Independent Investigation with respect to plausible Potential Claims and causes of action belonging to the Freedom HoldCo Debtors and given the lack of consideration to the Freedom HoldCo Debtors provided under the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015] in exchange for the Releases, I concluded that the following Potential Claims should not be settled or released at the time of the filing of the *Plan Supplement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket. No. 1182] (the "Initial Plan Supplement"):  all Potential Claims of the Freedom HoldCo Debtors and their estates against (a) Mr. Hartman; (b) Mr. Kaminsky; (c) Mr. Laurence; and (d) Ms. McMillan-McWaters, arising from: (i) the Take-Private Transaction; (ii) the alleged relationship

between Mr. Kahn and Prophecy; (iii) the Kahn Pledges and B. Riley Loans; (iv) transfers made by the Freedom HoldCo Debtors in connection with or following the Take-Private Transaction; and (v) the Freedom HoldCo Debtors' entry into the Restructuring Support Agreement and commencement of their chapter 11 cases.

23. The conclusions set forth regarding Potentials Claims and Releases in the Wartell Reports and in the Initial Plan Supplement did not include an opinion on the likelihood of success of any of the Potential Claims following formal discovery or trial, or the amount or scope of damages, if any, arising from such Potential Claims.

24. The Freedom HoldCo Independent Investigation revealed that approximately $54 million was transferred to, or for the benefit of, Freedom TopCo from the Freedom HoldCo Debtors between August 2023 and December 2023. Based on the facts related to those transfers, including a stated intent by some of the then directors of the Debtors to transfer those funds to keep them out of the hands of the Freedom HoldCo Debtor lenders, and the apparent lack of reasonably equivalent value for those transfers, the Conflicts Committee informed the other Debtors that HoldCo held claims against Freedom TopCo for the fraudulent transfer of those amounts.

25. Following the completion of the Conflicts Committees' investigations and the serving of the Wartell Reports, I, with my counsel, and the non-Freedom HoldCo Debtors engaged in extensive, arms-length negotiations resulting in a proposed holistic integrated settlement (the "Intercompany Settlement"), the terms of which were ultimately reflected in the *Seventh Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1233] (the "Seventh Amended Plan"), filed on April 3, 2025. Pursuant to the Intercompany Settlement and the Seventh Amended Plan, the Intercompany Settlement provided for the release

of all claims identified in the Wartell Reports against the Investigations Targets, and the settlement of all intercompany claims, including the Freedom HoldCo Debtors' fraudulent transfer claims against Freedom TopCo and OpCo's alleged fraudulent transfer claims that had been asserted by the Creditors' Committee against the Freedom HoldCo Debtors.  As part of the Intercompany Settlement, the Freedom HoldCo Debtors and their lenders will receive, at least, approximately $20 million dollars in additional value as compared to the prior plan, including the transfer of the remaining $13.25 million of cash that had been transferred by the Freedom HoldCo Debtors, or on behalf of, Freedom TopCo, to a joint litigation trust on which the Freedom HoldCo Debtors would have equal representation regarding the litigation trust's governance and allocation, and the waiver of all DIP Claims at the Freedom HoldCo Debtor level.

26. Based on the terms of the holistic integrated Intercompany Settlement, including the material consideration being provided to the Freedom HoldCo Debtors, acting as the sole member of the Conflicts Committees, I determined that, in my business judgment, it was in the best interest of the Freedom HoldCo Debtors to agree to enter into the Intercompany Settlement.

27. On April 17, 2025, the Ad Hoc Group, the Freedom Lender Group, and the Creditors' Committee (collectively, the "Supporting Stakeholders") agreed to a global resolution of certain claims by and between the Supporting Stakeholders as set forth in Exhibit A attached to the *Notice of Global Settlement* [Docket No. 1290] (the "Global Settlement") and embodied in the Plan, filed on April 25, 2025.

28. Acting as the sole member of the Conflicts Committees, upon evaluating the terms of the Global Settlement and upon consideration of the advice of the Conflicts Committees' advisors, I determined, based on my business judgment, that it was in the best interest of the Freedom HoldCo Debtors to agree to the Global Settlement and to support the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  May 14, 2025                                  /s/ *Michael J. Wartell*
                                                                      Michael J. Wartell
                                                                      Independent Director of Freedom VCM Interco, Inc. and Freedom VCM, Inc