**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 1312 |

**OBJECTION AND RESERVATION OF RIGHTS OF KAWIPS DELAWARE
CUYAHOGA FALLS, LLC TO EIGHTH AMENDED JOINT CHAPTER
11 PLAN OF FRANCHISE GROUP, INC. AND ITS DEBTOR AFFILIATES**

KAWIPS Delaware Cuyahoga Falls, LLC ("KAWIPS") by and through its undersigned counsel, respectfully submits this limited objection (this "Objection") to the *Eighth Amended Joint Chapter 11 Plan of Franchise Group Inc. and its Debtor Affiliates* (the "Plan") filed by the above-captioned Debtors (the "Debtors"). In support of its limited Objection, KAWIPS states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**PRELIMINARY STATEMENT**

1. In connection with their Plan, the Debtors seek to reject all unassumed executory contracts and unexpired leases, including the lease agreement (the "Lease") between KAWIPS and Debtor Vitamin Shoppe Industries, LLC (the "Tenant").

2. While KAWIPS does not object to confirmation of the Plan or rejection of the Lease, KAWIPS objects to the rejection of the Lease *nunc pro tunc* to April 30, 2025. The Tenant did not give notice of its intent to surrender the relevant premises and reject the Lease until May 1, 2025. Thus, the effective date of any rejection of the Lease should be May 1, 2025.

**RELEVANT BACKGROUND**

3. On November 3, 2024 (the "Petition Date"), the above-captioned Debtors, including the Tenant, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court").

4. Prior to the Petition Date, Tenant and KAWIPS entered into the Lease, dated December 19, 2014, whereby KAWIPS agreed to rent that certain real property located at 1190 Main Street, Cuyahoga Falls, Ohio (the "Premises") to Tenant, where Tenant operated a retail store (Store #788).

5. On April 25, 2025, the Debtors filed the Plan [Docket No. 1312].

6. Pursuant to section 10.1 of the Plan, upon the Plan becoming effective, any executory contracts or unexpired leases that have not been otherwise assumed shall be rejected "on such other date as may be identified on the Rejected Contracts/Lease List."

7. On April 30, 2025, the Debtors filed their *Amended Plan Supplement for the Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No.

1371] [Docket No. 1371] (the "Plan Supplement"), which identified the Lease as a lease to be rejected as of April 30, 2025. However, the Debtors did not provide notice of their intent to reject the Lease on or before April 30, 2025.

8. On May 1, 2025, the Tenant sent KAWIPS a letter indicating, for the first time, Tenant's intent to reject the Lease and surrender the Premises to KAWIPS. The letter states, in relevant part:

> Please take notice that, as of the Rejection Date, the Debtors unequivocally surrender their interest in the Premises. In conjunction with the Debtors' unequivocal surrender of their possession of the Premises, the Debtors also abandoned any personal property remaining in the Premises. The Debtors have either already returned the keys to the Premises or the keys are provided in a lockbox at the Premises, which you can access by entering the following access code: [****]. See attached lockbox instructions. Delivery of the keys is not a condition to rejection of the Lease and is intended only to accommodate your physical access to the Premises.

A copy of the May 1, 2025 letter is attached hereto as Exhibit A.

## LIMITED OBJECTION

9. KAWIPS objects to confirmation of the Plan solely to the extent that the Plan call for the Lease to be rejected effective April 30, 2025.

10. While this Court does routinely allow retroactive rejection of a lease, the Court only allows retroactive rejection as of the date that the tenant gave the landlord notice of its unequivocal intent to surrender the premises. See *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (providing that retroactive "rejection is effective when the landlord receives unequivocal notice of the debtor's intent to reject the lease") (*quoting In re Amber's Stores, Inc.,* 193 B.R. 819, 826 (Bankr. N.D. Tex. 1996)).

11. In determining whether retroactive lease rejection is appropriate, the Court follows the terms outlined by Judge Walsh in *In re Namco Cybertainment, Inc.*, where the Court stated

that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998).

12. Here, as noted in the Tenant's May 1, 2025 letter, the Premises was not unequivocally surrendered and the keys were not provided until May 1, 2025.

13. Further, as noted in Debtors' *Affidavit of Service* [Docket No. 1444], the Plan Supplement was not served on KAWIPS until May 1, 2025.[2]

14. Finally, the Debtors failed to note that they were waiving their right to withdraw the Plan Supplement.

15. Even if the Tenant had vacated the Premises by April 30th, there was no notice given to KAWIPS of an intent to vacate nor were the key codes provided until May 1st. Thus, should the Court choose to allow retroactive rejection of the Lease, the effective date of such rejection should be May 1, 2025.

## RESERVATIONS OF RIGHTS

10. KAWIPS reserves the right to raise any additional objections to the Debtors' efforts to reject the Lease. KAWIPS further reserves the right to assert a claim for any unpaid post-petition pre-rejection rent or common areas maintenance fees due under the Lease.

## CONCLUSION

11. **WHEREFORE,** KAWIPS respectfully requests that this Court enter an Order: (a) sustaining this Objection; (b) modifying any order, schedule or other operative document

---

[2] Notably, the May 1, 2025 letter states, "You **will** be served with a copy of the Plan Supplement." (emphasis added.)

4

approving or confirming the Eighth Amended Plan to provide that the Lease is rejected effective May 1, 2025 or a later date; and (c) granting such other, further, and differ rent relief as this Court deems just and proper.

Dated: May 14, 2025

**CROSS & SIMON, LLC**

 /s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
302-777-4200
kmann@crosslaw.com

*Counsel for KAWIPS Delaware Cuyahoga Falls, LLC*