# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Proposed Hearing Date: May 20, 2025 at 10:00 a.m. (ET) |
| | Proposed Obj Deadline: May 20, 2025 at 9:30 a.m. (ET) |

## DEBTORS' SECOND OMNIBUS
## (NONSUBSTANTIVE) OBJECTION TO PROOFS OF CLAIM

**PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON SCHEDULE 1 TO THE ORDER.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this second omnibus (nonsubstantive) objection (this "Objection") with respect to each of the claims set forth on Schedule 1 to the Order (collectively, the "Disputed Claims," and the holders

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

of such claims, the "Claimants"). In support of this Objection, the Debtors submit the declaration of David Orlofsky, Chief Restructuring Officer at Freedom VCM Holdings, LLC and Franchise Group, Inc. (the "Orlofsky Declaration"). In further support of this Objection, the Debtors respectfully state as follows.[2]

## Relief Requested

1. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), disallowing and expunging each of the Disputed Claims. For the reasons discussed herein, the Disputed Claims are without merit and should be disallowed by this Court as to Debtor Freedom VCM Holdings, LLC ("TopCo"). In particular, the Disputed Claims are disallowable: (a) as they are asserted against the wrong Debtor; (b) under section 502(e)(1) of the Bankruptcy Code because none of the Disputed Claims arise at TopCo; and/or (c) as they are insufficiently supported. To the extent that any of the Disputed Claims are Filed against Debtors other than TopCo, this Objection only seeks to disallow the Disputed Claims against TopCo. For the avoidance of doubt, the Debtors reserve all rights to object to the Disputed Claims against any Debtor other than TopCo in the future.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (as may be amended, modified, or supplemented from time to time, the "Plan"), the Orlofsky Declaration, or later in this Objection.

Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 502(a) and 502(e)(1)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

**Background**

5. On November 3, 2024 (the "Petition Date"), each of the Debtors Filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On November 6, 2024, the Court entered an order [Docket No. 113] appointing Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent in these chapter 11 cases. As such, Kroll is to, among other things, receive, maintain, docket, and otherwise administer Proofs of Claim Filed in the Debtors' Chapter 11 Cases.

7. On December 24, 2024, the Debtors Filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements," and together with the Schedules, collectively, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 500–584]. On April 28, 2025, the Debtors Filed amended versions of certain of their Schedules and Statements, but, for the avoidance of doubt, not for TopCo. The Debtors did not list any Class 8-C Claims at TopCo in their Schedules and Statements.

3

8. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. As part of these Chapter 11 Cases, the Debtors Filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date. To date, over 2,900 Proofs of Claim have been Filed in these Chapter 11 Cases.

## Objection

9. The Debtors and their advisors have reviewed the Proofs of Claim Filed in these Chapter 11 Cases and have identified eight Disputed Claims subject to disallowance Filed by eight Claimants, in the aggregate amount of $302,812,825, that are subject to this Objection. After reviewing the Disputed Claims, the Debtors do not believe that TopCo and its Estate have any liability for the Disputed Claims asserted therein.

## Basis for Relief

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objections process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the

4

> proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *See id.* at 173. The burden of persuasion is always on the claimants. *See id.*

I. **Claims Filed Against the Wrong Debtor.**

11. Local Rule 3007-1(c)(ii) provides for the omnibus nonsubstantive objection to claims filed against the wrong debtor. *See* Local Rule 3007-1(c)(ii). Upon a review of the Disputed Claims, the Debtors have identified that many of them were Filed against a majority of the Debtors, including TopCo, when the purported liability properly rests at another Debtor entity. Indeed, of all of the eight Disputed Claims, one Filed a total of 25 similar Proofs of Claim, one Filed a claim at most Debtors (for a total of 50 Proofs of Claim), five Filed a claim at each Debtor (for a total of 53 Proofs of Claim each), and two Filed a claim at each Debtor—plus three additional duplicative claims at the same Debtor—for a total of 56 Proofs of Claim. After careful review, the Debtors and their advisors concluded that these Proofs of Claim fail to establish liability at TopCo.

12. For example, in Proof of Claim No. 1823, Claimant Brian Kahn asserts a noncontingent indemnification claim in the amount of $313,181.33 for attorneys' fees and expenses in connection with the action pending in the Delaware Court of Chancery captioned as *Gale, et al. v. Vintage Capital Management, LLC, et al.,* Case No. 2024-0726-LWW (the "Delaware Litigation"). *See* Proof of Claim No. 1823, Ex. A at 1–2. However, Mr. Kahn is unable to point to any indemnification agreement **with respect to TopCo** that would indemnify him for attorneys' fees and expenses in the Delaware Litigation. Indeed, the plaintiffs in the Delaware

Litigation assert claims against directors and officers of Franchise Group, Inc., not TopCo. *See Gale v. Vintage Cap. Mgmt., LLC*, Case No. 2024-0726-LWW, Complaint ¶¶ 178–201 (attached to the Orlofsky Declaration as Exhibit A).  Likewise, although filed against TopCo, Proof of Claim No. 1823 seeks damages resulting from obligations owing to Mr. Kahn from a "Consulting Agreement dated January 19, 2024, ***by and between Franchise Group, Inc., and Brian Kahn*** (the "Consulting Agreement"), including for damages relating to the Debtors' rejection of the Consulting Agreement."  *See* Proof of Claim No. 1823, Exhibit A (emphasis added).

13.     As an additional example, Proof of Claim No. 1421, Filed by CorVel Enterprise Comp, Inc. ("CorVel"), is erroneously asserted against TopCo.  CorVel asserts a claim for services provided.  *See* Proof of Claim No. 1421 at 2.  In support of its claim, CorVel attached several invoices attributable to a variety of Debtor entities and/or operating divisions of the Debtors, including "American Freight," "Buddy's," "Vitamin Shoppe," and "Pet Supplies Plus." *See generally id.*, Ex. A.  Nowhere in any of these invoices is TopCo mentioned.  *See id.*  And the Debtors are not aware of any support for CorVel's Proof of Claim against TopCo after a review of their Books and Records.  *See* Orlofsky Decl. ¶ 4.  Moreover, based on the diligence available to the Debtors, attached hereto as **Exhibit B**, CorVel received payment during these Chapter 11 Cases through first-day relief—specifically, through the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors To (A) Pay Certain Prepetition Employment Obligations and Compensation Obligations and (B) Maintain Employee Benefits Programs and Compensation Obligations and (II) Granting Related Relief* [Docket No. 11]—and, therefore, the claim has been satisfied.

6

14. Beyond Proofs of Claim No. 1823 and 1421, the additional Proofs of Claim Filed containing Disputed Claims should likewise be disallowed:

- ***Cynthia Dubin, Thomas Herskovits, and Matthew Avril.***  Ms. Dubin, Mr. Herskovits, and Mr. Avril each Filed a claim at each Debtor requesting relief under (a) the *Third Amended and Restated Certificate of Incorporation of Franchise Group, Inc.* (the "FRG Charter"), (b) the *Amended and Restated By-Laws of Franchise Group, Inc.* (the "FRG Bylaws"), and (c) the *Agreement and Plan of Merger* entered into by and among Franchise Group, Inc., Freedom VCM, Inc., and Freedom VCM Subco, Inc., dated as of May 10, 2023 (the "Merger Agreement").  None of these documents even purport to establish liability with respect to TopCo and relate only to Franchise Group, Inc.—the entity that indemnification applies to under the FRG Charter.  For the same reason, indemnification is also unwarranted under the FRG Bylaws.  Finally, Ms. Dubin, Mr. Herskovits, and Mr. Avril do not qualify as Indemnified Parties (as defined in the Merger Agreement) with respect to TopCo under the Merger Agreement, as this term is not defined to include directors and officers at TopCo.

- ***Pleiades Partners, LLC.***  Pleiades Partners, LLC Filed 25 Proofs of Claim totaling $1.6 million.  Only Proof of Claim No. 2012 lists TopCo as the Debtor.  Proof of Claim No. 2012 is not accompanied by supporting documentation establishing a Class 8-C Claim at TopCo.

- ***The Settlement-Related Liquidating Trust 2022-23.***  The Settlement-Related Liquidating Trust 2022-23 (the "Prophecy Trust") Filed 49 Proofs of Claim asserting at least $300 million and one Proof of Claim asserting $450 million in the aggregate.  Only Proof of Claim No. 1311 lists TopCo as the Debtor.  Proof of Claim No. 1311 is not accompanied by supporting documentation establishing a claim at TopCo.  The Prophecy Trust concedes that it "holds a 7.26% equity interest in" TopCo, which "interest lies solely against" TopCo, and asserts its claim only "against Franchise Group, Inc. and most of its 'opco' subsidiaries and other affiliates." *See* Proof of Claim No. 1311 at 5–6.

**II.    Contingent Claims under Section 502(e)(1)(B) of the Bankruptcy Code.**

15. Local Rule 3007-1(c)(vii) provides for the nonsubstantive objection to claims that are objectionable under section 502(e)(1) of the Bankruptcy Code.  *See* Local Rule 3007-1(c)(vii). Section 502(e)(1)(B) of the Bankruptcy Code requires that a court disallow any contingent claim for which the claimant is co-liable with the debtor.  Courts routinely disallow claims for indemnification, contribution, or reimbursement under section 502(e)(1)(B) of the Bankruptcy Code.  *See In re Caribbean Petroleum Corp.*, No. 10-12553 (KG), 2012 WL 1899322, at *3 (Bankr. D. Del. May 24, 2012) ("[I]ndemnification claims are disallowable under section

7

502(e)(1)(B) because they are functionally the same as claims for reimbursement or contribution") (citing *In re GCO, LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005) ("Because 'the concept of reimbursement includes indemnity,' any claims for indemnification also fall within the scope of the first prong of § 502(e)(1)(B)." (citation omitted)).

16. Here, the unliquidated portions of the Disputed Claims must be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code. As discussed above, none of the Disputed Claims arise at TopCo. Moreover, even if the Disputed Claims did properly arise at TopCo, the Disputed Claims should still be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code. To the extent that the current directors and officers can substantiate an indemnification obligation of TopCo, they are unable to show any liquidated amounts for such obligations.[3] Therefore, any indemnification obligations against TopCo arising out of the Disputed Claims are entirely contingent. Because the Claimants are co-liable with TopCo, the Disputed Claims must be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code.

### III. Any Other Claims Are Not Entitled to *Prima Facie* Validity Under Bankruptcy Rule 3001(f).

17. Local Rule 3007-1(c)(vi) provides for the nonsubstantive objection to claims that do not include or attach information or documents sufficient to constitute *prima facie* evidence of the validity and amount of the claim under Bankruptcy Rule 3001(f). *See* Local Rule 3007-1(c)(vii). Bankruptcy Rule 3001(f) provides that the filing of a proof of claim constitutes *prima facie* validity. *See* Bankruptcy Rule 3001(f). However, courts have held that where a proof of claim lacks evidence, including supporting documentation, it is not entitled to *prima facie*

---

[3] Pursuant to Section 7.5 of the Plan, Mr. Laurence's indemnification obligations are being assumed by the Reorganized Debtors and will remain in full force and effect after the Effective Date, and shall survive Unimpaired and unaffected, irrespective of when such obligations arose, as applicable. Therefore, Mr. Laurence's claim will be satisfied under the Plan.

validity under Bankruptcy Rule 3001(f). *See, e.g., In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008) ("[W]here the proof of claim does not adhere to the requirements of Rule 3001 by providing the facts and documents necessary to support the claim, it is not entitled to the presumption of *prima facie* validity."); *In re Tran*, 369 B.R. 312, 316 (S.D. Tex. 2007) ("The creditor 'shall' either: i) file the writing upon which the claim is based; or ii) provide a statement of the circumstances under which the writing cannot be filed."); *In re Pursley*, 451 B.R. 213, 220 (Bankr. M.D. Ga. 2011) (same) (citing *id.*).

18. Here, while Claimants did provide *some* supporting documentation, after a review of the documents attached to their Proofs of Claim, they have not provided any supporting documentation that establishes a Class 8-C Claim *at TopCo*. For example, Pleiades Partners, LLC Filed numerous Proofs of Claim totaling $1.6 million, but only Proof of Claim No. 2012 lists TopCo as the Debtor, and that Proof of Claim includes no supporting documentation establishing a Class 8-C Claim at TopCo. While this does not entitle any, purely hypothetical, claims to disallowance, it does place the burden on Claimants. *See Kincaid*, 388 B.R. at 614. Simply put, to the extent Claimants are hoarding evidence that was not attached to their Proofs of Claim that establishes liability at TopCo, the burden is on them because they are not entitled to *prima facie* validity.

## IV. The Court Should Waive Notice of the Objection or Shorten the Time to Serve Notice.

19. Bankruptcy Rule 3007 provides that "[a]n objection to a claim and a notice of the objection must be filed and served at least 30 days before a scheduled hearing on the objection or any deadline for the claim holder to request a hearing." However, Bankruptcy Rule 9006(c) further provides that the Court may, for cause, reduce the time required under Bankruptcy Rule 3007. Cause exists here to waive notice, as the claims at issue pertain to Confirmation of the Plan and are meritless, so waiver of notice would not prejudice the parties otherwise entitled to notice.

*See In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012), as corrected (Oct. 25, 2012).

## Reservation of Rights

20.     Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this limited objection or any order granting the relief requested by this limited objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**Notice**

21. The Debtors will provide notice of this limited objection to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; (i) the holders of the Disputed Claims and their counsel; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: May 14, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | |
| Rodney Square | 601 Lexington Avenue |
| 1000 North King Street | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 571-6600 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 571-1253 | Email: joshua.sussberg@kirkland.com |
| Email: emorton@ycst.com | nicole.greenblatt@kirkland.com |
| mlunn@ycst.com | derek.hunter@kirkland.com |
| amielke@ycst.com | |
| sborovinskaya@ycst.com | - and - |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors in Possession* |