IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Proposed Hearing Date: N/A** |
| | ) **Proposed Response Deadline: N/A** |

**MOTION OF THE DEBTORS
(I) FOR ENTRY OF AN ORDER SHORTENING NOTICE
FOR DEBTORS' SECOND OMNIBUS (NONSUBSTANTIVE)
OBJECTION TO PROOFS OF CLAIM, (II) SETTING THE HEARING,
(III) SETTING THE RESPONSE DEADLINE, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the *Debtors' Second Omnibus (Nonsubstantive) Objection to Proofs of Claim* (the "Objection"), filed contemporaneously herewith, or the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [Docket No. 1454].

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) shortening notice of the Objection; (b) setting the hearing to consider the relief requested in the Objection for the hearing scheduled for **May 20, 2025, at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing"); (c) setting the response deadline to the relief requested in the Objection as **May 20, 2025, at 9:30 a.m. (prevailing Eastern Time)** (the "Response Deadline"); and (d) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (this "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 3007 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

**Background**

5.⠀⠀⠀⠀The Debtors incorporate by reference the factual background provided in the Objection.

**Basis for Relief**

6.⠀⠀⠀⠀The Bankruptcy Rules require that "[a]n objection to a claim and a notice of the objection must be filed and served at least 30 days before a scheduled hearing on the objection or any deadline for the claim holder to request a hearing." Fed R. Bankr. P. 3007(a)(1). Local Rule 9006-1(e) permits parties to seek shortened notice "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e) (stating also: "The Court will rule on such motion for shortened notice promptly without need for a hearing").

7.⠀⠀⠀⠀Pursuant to Bankruptcy Rule 9006(c), this Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Section 105(a) of the Bankruptcy Code provides that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

8.⠀⠀⠀⠀In exercising such discretion, this Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

9.⠀⠀⠀⠀For the reasons set forth herein, the Debtors respectfully submit that sufficient cause exists to shorten the notice period with respect to the Objection and the relief requested therein. Should the Court grant the relief requested by this Motion, the Debtors request that this Court consider the relief requested by the Objection on **May 20, 2025, at 10:00 a.m. (prevailing Eastern**

3

**Time)**, which is the Debtors' next hearing before this Court, with responses to the relief requested in the Objection to be due, filed, and served by **May 20, 2025, at 9:30 a.m. (prevailing Eastern Time)**.

10. Cause exists for this Court to grant this Motion and shorten notice for the Objection. The relief being sought in the Objection is narrow, seeking to disallow the Claimants' Proofs of Claim with respect to only one Debtor, after such Claimants sought relief against virtually all Debtors. Granting the relief requested herein, specifically allowing the Objection to be heard at the Hearing, will allow the Court to consider all of the facts and circumstances warranting Confirmation of the Plan, entry into a value-maximizing Global Settlement that will benefit all stakeholders, and allow for a prompt emergence from these Chapter 11 Cases. Moreover, the Debtors commenced these Chapter 11 cases over six months ago, and each day the Debtors remain in Chapter 11 they incur significant administrative and professional costs, which will be significantly reduced if the Debtors are able to emerge expeditiously. In consideration of the proposed shortened notice period, the Debtors will provide overnight and email service of the Objection to the affected parties to mitigate any potential prejudice to any parties in interest. Finally, the Claimants subject to the Objection are sophisticated parties who can respond to such an Objection (if necessary) on shortened notice.

11. Accordingly, the Debtors respectfully request that this Court schedule the Objection to be heard on **May 20, 2025, at 10:00 a.m. (prevailing Eastern Time)**, with any responses to the relief requested in the Objection to be due, filed, and served no later than **May 20, 2025, at 9:30 a.m. (prevailing Eastern Time)**. Pursuant to Local Rule 9006-1(e), the Debtors request that the relief requested by this Motion be entered without a hearing.

4

**Local Rule 9006-1(e) Certification**

12. In accordance with Local Rule 9006-1(e), the Debtors certify that they have notified the U.S. Trustee and the Creditor's Committee of their intent to seek shortened notice prior to Filing this Motion. The Creditors' Committee supports the relief requested in this Motion. The U.S. Trustee did not take a position with respect to the relief requested in the Motion. The Debtors also informed counsel to the Ad Hoc Group of First Lien Lenders and the Freedom Lender Group of the relief requested in this Motion and received no objection.

**Conclusion**

13. The Debtors submit that the relief requested in the Objection will benefit all parties in interest and that shortening the notice period will not unduly prejudice any party in interest as any such parties will still be provided with an opportunity to be heard on the Objection at the Hearing. Accordingly, the Debtors submit that, for the reasons set forth herein, shortening the notice for the Hearing to enter the Order is appropriate under the circumstances and is in the best interest of all parties.

**Notice**

14. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; (i) the holders of the Disputed Claims and their counsel; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as this Court deems appropriate under the circumstances.

Dated: May 14, 2025
Wilmington, Delaware

/s/ Allison Mielke

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | |
| Rodney Square | 601 Lexington Avenue |
| 1000 North King Street | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 571-6600 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 571-1253 | Email: joshua.sussberg@kirkland.com |
| Email: emorton@ycst.com | nicole.greenblatt@kirkland.com |
| mlunn@ycst.com | derek.hunter@kirkland.com |
| amielke@ycst.com | |
| sborovinskaya@ycst.com | - and - |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors in Possession* |