IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF DAVID ORLOFSKY
IN SUPPORT OF THE DEBTORS' SECOND
(NONSUBSTANTIVE) OMNIBUS OBJECTION TO PROOFS OF CLAIMS**

I, David Orlofsky, Chief Restructuring Officers (the "CRO") of Freedom VCM Holdings, LLC and Franchise Group, Inc., being duly sworn, hereby declare under penalty of perjury as follows:[2]

1. I am a Partner and Managing Director of AlixPartners, LLP, an affiliate of AP Services LLC ("APS") and an internationally recognized restructuring and turnaround firm. By

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (as may be amended, modified, or supplemented from time to time, the "Plan").

1

order, dated December 16, 2024, the Court approved (a) APS's employment and retention by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and (b) my designation as CRO. I have served as the CRO of Debtors Freedom VCM Holdings, LLC and Franchise Group, Inc. since October 11, 2024. I have over 25 years of experience in financial restructuring, interim management, turnaround, and management consulting experience across a wide variety of industries, including, but not limited to, the retail and real-estate industries.

2. I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records. Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date. Except as otherwise stated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' advisors, or employees of the Debtors.

3. I submit this declaration (this "Declaration") in support of the *Debtors' Second Omnibus (Nonsubstantive) Objection to Proofs of Claim*, filed contemporaneously herewith. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

4. The Debtors and their advisors, including APS, have reviewed the Proofs of Claim Filed in these Chapter 11 Cases and have identified eight Proofs of Claim (collectively, the "Disputed Claims") Filed by eight Claimants, in the aggregate amount of $302,812,825, that are subject to this Objection. After reviewing the Disputed Claims, the Debtors do not believe that such amounts accurately represent the potential liability, if any, of TopCo and its Estate for the Disputed Claims asserted therein.

5. Importantly, none of the Disputed Claims point to indemnification agreements with respect to TopCo (or that otherwise create an obligation attributable to TopCo) that would indemnify the Claimants. For example, the Third Amended and Restated Certificate of Incorporation of Franchise Group, Inc. (attached hereto as **Exhibit B**) and the Third Amended and Restated By-Laws of Franchise Group, Inc. (attached hereto as **Exhibit C**), both of which certain Claimants cited in support of the Disputed Claims, state that "[t]he Corporation *shall indemnify* and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, *any person* (a "Covered Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), *by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was a director or officer of the Corporation.*" *Third Amended and Restated Certificate of Incorporation of Franchise Group, Inc.*, Article VII; *Third Amended and Restated By-Laws of Franchise Group, Inc.*, Article XI (emphasis added). "Corporation" is defined as Franchise Group, Inc. *Id.* Covered Persons are not directors of TopCo. Therefore, any indemnity obligation does not arise from TopCo.

6. Similarly, the Freedom VCM Holdings, LLC 2024 Restricted Class A Unit Plan (the "Restricted Class A Unit Plan") (attached hereto as **Exhibit G**), which is cited in one of the Disputed Claims, states that "[n]o member of the Committee . . . shall be personally liable by reason of any contract or other instrument executed by such member or on his or her behalf in his or her capacity as a member of the Committee or for any mistake of judgment made in good faith, and the Company shall indemnify and hold harmless each member of the Committee and each other employee, officer, or director of the Company to whom any duty or power relating to the administration or interpretation of the Plan may be allocated or delegated, against all costs and

expenses (including counsel fees) and liabilities (including sums paid in settlement of a claim) arising out of any act or omission to act in connection with the Plan." *Restricted Class A Unit Plan*, Article 17(h).  In this case, indemnification is not general—it is specific to acts and omissions to act related to the Restricted Class A Unit Plan.  Critically, the Claimant who cites the Restricted Class A Unit Plan in support of their applicable Proof of Claim has yet to assert a claim of this nature.

7. I understand that Pleiades Partners, LLC Filed a Proof of Claim without any supporting documentation establishing a Class 8-C Claim at Topco.  I further understand that CorVel erroneously asserted a Proof of Claim against TopCo, as none of the invoices submitted in support of its Proof of Claim mention TopCo.  Moreover, CorVel received payment during these Chapter 11 Cases through first-day relief,[3] and therefore, the Claim has been satisfied.

8. Furthermore, I understand that the Settlement-Related Liquidating Trust 2022-23 (the "Prophecy Trust") Filed Proof of Claim No. 1311, which is not accompanied by supporting documentation establishing a claim at TopCo and in which the Prophecy Trust concedes that it holds an equity interest in TopCo, which "interest lies solely against" TopCo, and asserts its claim only "against Franchise Group, Inc. and most of its 'opco' subsidiaries and other affiliates." *See* Proof of Claim No. 1311 at 5–6.

9. If the Objection is not sustained, Claimants holding Disputed Claims will be able to use their ability to potentially disrupt a carefully crafted Global Settlement that took months to negotiate.  I therefore believe the Disputed Claims should be disallowed solely with respect to TopCo.

---

[3] *See Final Order (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and Compensation Obligations and (B) Maintain the Compensation Obligations and Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 348].

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: May 14, 2025  /s/ David Orlofsky
David Orlofsky
Chief Restructuring Officer