## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. ___** |

## ORDER APPROVING STIPULATION GRANTING RETROACTIVE RELIEF FROM THE AUTOMATIC STAY AND, UPON CONFIRMATION, THE PLAN INJUNCTION

Upon consideration of the *Certification of Counsel Regarding Stipulation Granting Limited Relief from the Automatic Stay* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Hannah Moody, and the Debtors and Jonathan Muñoz (together with Hannah Moody, the "Plaintiffs," and collectively with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation or the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454], as applicable.

the Debtors, the "Parties" and each, a "Party"), attached to this order (this "Order") as **Exhibit 1**; all as more fully set forth in the Stipulation; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Stipulation is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Stipulation is approved in its entirety and shall be effective immediately upon entry of this Order.

2.      The automatic stay imposed by section 362 of the Bankruptcy Code, as well as any injunction imposed by the Plan upon confirmation, is hereby modified solely to enable:  (a) the Actions to proceed to final judgment, settlement, or award; (b) the Insurer, or any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Actions (and any costs related thereto), subject

to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral such insurer is holding, to the extent the Insurer had valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the Insurance Policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiffs to recover, collect, and enforce any such judgment, settlement, or award (if any) solely from the proceeds of or against the Insurance Policy, if available.  From and after entry of this Order, Plaintiffs shall waive and release, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Actions, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, or each of their Estates, successors, assigns (including any successor entity or entities of the Debtors pursuant to any chapter 11 plan confirmed in the Chapter 11 Cases), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

3.      From and after the entry of this Order, the Plaintiffs hereby waive entitlement to any amount that would implicate the Debtors' or the Reorganized Debtors' obligations for any self-insured retention, deductible, or similar payment obligations on behalf of the Debtors or the Reorganized Debtors, as applicable.

4.      From and after the entry of this Order, the Proofs of Claim that are designated claim numbers 2111, 2118, 2803, and 2804, which were filed by the Plaintiffs in the Chapter 11 Cases (collectively, the "Plaintiffs' POCs"), shall be deemed withdrawn without any further action on

3

the part of any Party, and the Plaintiffs shall not be entitled to vote on, or receive a distribution under, any chapter 11 plan confirmed in the Chapter 11 Cases.

5.      Notwithstanding Bankruptcy Rule 4001(a)(3), the terms of this Order are immediately effective and enforceable upon its entry.

6.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

# **Exhibit 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) | Case No. 24-12480 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION GRANTING RETROACTIVE RELIEF
## FROM THE AUTOMATIC STAY AND, UPON CONFIRMATION, THE PLAN
## INJUNCTION

This stipulation ("Stipulation")[2] is made and entered into by and among (i) the debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[3] and

Hannah Moody; and (ii) the Debtors and Jonathan Muñoz (together with Hannah Moody,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).   The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (as amended, modified, or supplemented, the "Plan").

[3]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration").

the "Plaintiffs," and collectively with the Debtors, the "Parties" and each, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' Chapter 11 Cases are being jointly administered solely for procedural purposes [Docket No. 88]. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, Debtor Buddy's Newco, LLC and William Lovelace (together, the "Defendants") are defendants in two separate civil actions styled (a) *Muñoz v. Lovelace, et al., Case No. 1-2024-CA-003840* and (b) *Moody v. Lovelace, et al., Case No. 01-2024-CA-003954*, each pending in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, State of Florida, Civil Division (together the "Actions") filed on or around December 4, 2024 by Plaintiffs, which allege, among other things, certain negligence claims (all claims alleged in the Actions, the "Claims");

**WHEREAS**, the Actions are stayed as to the Debtors by operation of the automatic stay arising under section 362 of the Bankruptcy Code (the "Automatic Stay");

**WHEREAS,** the Actions could also be enjoined by section 12.6 of the Plan, upon such Plan being confirmed (the "Plan Injunction");

**WHEREAS**, on December 6, 2024, the Bankruptcy Court entered the *Order (a) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and (b) Approving the Form and*

*Manner of Notice Thereof* [Docket No. 354], which established January 23, 2025, at 11:59 p.m., prevailing Eastern Time, as the deadline for which entities asserting any claim against any of the Debtors that arose before the Petition Date to file a Proof of Claim in the Chapter 11 Cases;

**WHEREAS**, Plaintiffs filed Proofs of Claim in the Chapter 11 Cases, designated claim numbers 2111, 2118, 2803, and 2804 (collectively, the "Plaintiffs' POCs");[1]

**WHEREAS**, Plaintiffs requested retroactive relief to lift the Automatic Stay and the Plan Injunction, to the extent applicable, seeking to prosecute the Claims in the Actions against the Defendants to judgment, settlement, or award and have agreed to seek satisfaction of any such judgment, settlement, or award that the Plaintiffs may obtain against the Defendants *solely* from the proceeds of that certain insurance policy that may be applicable to the Actions, issued by ACE American Insurance Company (the "Insurer"), numbered ISA H10816105, effective from October 23, 2023 to October 23, 2024  (such policy, the "Insurance Policy");

**WHEREAS**, the Parties have agreed that in exchange for certain consideration, the Debtors will consent to retroactive relief from the Automatic Stay and, prospectively, any Plan Injunction, to allow the Plaintiffs to liquidate the Claims and to satisfy any judgment, settlement, or award that may be issued, if any, on account of the Claims solely against the Insurance Policy and ***not***, for the avoidance of doubt, from any of the Debtors, the Reorganized Debtors, the Debtors' Estates, successors, assigns (including any successor entity or entities of the Debtors pursuant to any chapter 11 plan confirmed in the Chapter 11 Cases), agents, professionals, employees, directors, officers, or managers;

---

[1]    Hannah Moody filed Proofs of Claim on January 23, 2025, in the amount of $50,000, and April 23, 2025, in the amount of $0.  *See* Proofs of Claim Nos. 2111, 2803.  Jonathan Muñoz filed a Proofs of Claim on January 23, 2025, in the amount of $75,000, and April 23, 2025, in the amount of $0.  *See* Proofs of Claim Nos. 2118, 2804.

**WHEREAS**, the Debtors consent to relief from the Automatic Stay and any Plan Injunction on the terms and conditions set forth in this Stipulation for the exclusive purpose of allowing the Plaintiffs to recover solely against the proceeds of the Insurance Policy, if available, solely to the extent provided in this Stipulation; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.     The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.     The Automatic Stay and any Plan Injunction are hereby modified solely to the limited extent necessary to enable:  (a) the Actions to proceed in all respects to final judgment, settlement, or award; (b) the Insurer, or any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Actions (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral such insurer is holding, to the extent the Insurer had valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the Insurance Policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiffs to recover, collect, and enforce any such judgment, settlement, judgment, or award (if any) solely from the proceeds of, or against, the Insurance Policy, if available.  Upon entry of the Court's order approving this Stipulation (the "Order"), Plaintiffs shall waive and release, shall not seek satisfaction of, and shall be permanently enjoined from, seeking payment in respect of any

33128418.13

judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Actions, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, or each of their Estates, successors, assigns (including any successor entity or entities of the Debtors pursuant to any chapter 11 plan confirmed in the Chapter 11 Cases), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

3.    Plaintiffs acknowledge and agree that: (a) any recovery by Plaintiffs against the Defendants pursuant to a final judgment or settlement of the Claims and Actions shall be limited solely to any available proceeds of the Insurance Policy; and (b) the Debtors have not made any representations or warranties as to the availability of any coverage under the Insurance Policy.

4.    Any judgment(s) or award(s) obtained by Plaintiffs in the Actions shall not be asserted as a claim against the Debtors, the Reorganized Debtors, each of their estates, successors, or assigns in the Chapter 11 Cases.  Accordingly, upon entry of the Order, Plaintiffs' POCs shall be deemed withdrawn without any further action on the part of any Party, and the Plaintiffs shall not be entitled to vote on, or receive a distribution under, any chapter 11 plan confirmed in the Chapter 11 Cases.

5.    Except as otherwise expressly set forth herein, the Automatic Stay shall remain in full force and effect with respect to the Debtors and their estates.

6.    Plaintiffs shall not directly or indirectly seek to compel any of the Debtors to pay any deductible, self-insured retention, any retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy, including in the event that payment of any deductible, self-insured retention, retainage, or any other amount shall be required to be paid as a condition to coverage or payment under the Insurance Policy, and the Debtors expressly shall not be required to make any such payment to the Plaintiffs.

33128418.13

7.      For the avoidance of doubt, nothing in this Stipulation or Order shall:  (a) alter, amend, or otherwise modify the terms and conditions of any insurance policies, including the Insurance Policy, issued to the Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policy; (c) alter, amend, or otherwise modify the Debtors' obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (d) alter, amend, or otherwise modify any of the Debtors' other obligations under the insurance policies, including the Insurance Policy, and related agreements; (e) create or permit a direct right of action by the Plaintiffs against any of the Debtors' insurers; (f) preclude or limit, in any way, the rights of any insurer, including the Insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policy or to assert any defenses to coverage under any allegedly applicable policy, including the Insurance Policy or to otherwise assert any defenses to coverage the Insurance Policy, as applicable; or (g) constitute a determination or admission that coverage exists with respect to the Plaintiffs' claims.

8.      From and after entry of the Order, Plaintiffs shall waive and release and shall not seek satisfaction of, and shall be permanently enjoined from seeking payment of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Actions, the Claims, or otherwise from and/or against the Debtors or their estates, successors, assigns (including any successor entity or entities of the Debtors pursuant to any chapter 11 plan confirmed in these chapter 11 cases), employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

9.      Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as limiting any rights, remedies, or recovery options of any third party.

33128418.13

10.    By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Actions, except as otherwise expressly set forth herein.

11.    Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

12.    Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.  This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

13.    This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

14.    While the Parties may incur costs, fees (including attorneys' fees), expenses, or charges associated with entering into and performing under this Stipulation, the Parties and their respective counsel agree they shall not seek to recover any such fees and/or costs from the other Parties.

15.    Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary:  (a) to obtain approval of and/or to enforce this Stipulation; or (b) to establish that the Automatic Stay has been modified for the limited purpose described herein in accordance with the terms of this Stipulation.

33128418.13

16.     This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

17.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, shall be of no force and effect.

18.     This Stipulation is subject to the approval of the Court and shall only be effective upon entry of the Order.  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

19.     The Parties consent to the Court's jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

33128418.13

**STIPULATED AND AGREED TO THIS 16TH DAY OF MAY, 2025:**

Dated:  May 16, 2025
Wilmington, Delaware

<table>
<tr>
<td>

/s/ Allison S. Mielke

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:          emorton@ycst.com
                    mlunn@ycst.com
                    amielke@ycst.com
                    sborovinskaya@ycst.com

</td>
<td>

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                    nicole.greenblatt@kirkland.com
                    derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:          mark.mckane@kirkland.com

</td>
</tr>
<tr>
<td>

*Co-Counsel to the Debtors*
*and Debtors in Possession*

</td>
<td>

*Co-Counsel to the Debtors*
*and Debtors in Possession*

</td>
</tr>
</table>

/s/ Gaston Loomis

Gaston Loomis
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
300 Delaware Avenue
Suite 1014
Wilmington, Delaware 19801
Telephone:    (302) 300-4510

*Counsel to the Plaintiffs*