**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Related to Docket No. 414** |

**FOURTH STIPULATION WITH REQUIRED LENDERS UNDER**
**PREPETITION FIRST LIEN FACILITY AND PREPETITION**
**ABL AGENT EXTENDING COMMITTEE CHALLENGE PERIOD**
**PURSUANT TO FINAL FINANCING ORDER**

This fourth stipulation (this "***Stipulation***") is entered into by and among: (a) the Official Committee of Unsecured Creditors (the "***Committee***") of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"); (b) the "Required Lenders" under that certain *First Lien Credit Agreement*, dated as of March 10, 2021 (as amended, restated, amended and restated,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

supplemented or otherwise modified, the "***Prepetition First Lien Credit Agreement***", and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition First Lien Credit Agreement) and the Prepetition Intercreditor Agreements (as defined in the Final DIP Order referenced and defined below), each as amended, restated, amended and restated, supplemented or otherwise modified, collectively, the "***Prepetition First Lien Loan Documents***"), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition, LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "***Prepetition First Lien Borrowers***"), certain subsidiaries of the Prepetition First Lien Borrowers, as guarantors (collectively, the "***Prepetition First Lien Guarantors***", and together with the Prepetition First Lien Borrowers, collectively, the "***Prepetition First Lien Loan Parties***"), and Wilmington Trust, National Association, as administrative agent and collateral agent (in such capacities, the "***Prepetition First Lien Agent***"), and the lenders party thereto from time to time (collectively, the "***Prepetition First Lien Lenders***", and together with the Prepetition First Lien Agent, the "***Prepetition First Lien Secured Parties***"); and (c) JPMorgan Chase Bank, N.A., as agent (in such capacity, the "***Prepetition ABL Agent***") pursuant to that certain *Third Amended and Restated Loan and Security Agreement*, dated as of March 10, 2021 (as amended, supplemented, or otherwise modified, the "***Prepetition ABL Credit Agreement***," and together with all other agreements, guarantees, pledge, collateral and security documents in connection therewith, including, without limitation, the Financing Agreements (as defined in the Prepetition ABL Credit Agreement) and the Prepetition ABL Intercreditor Agreement (as defined in the Final DIP Order referenced and defined below), collectively, the "***Prepetition ABL Loan Documents***"), by and among Debtors Franchise Group, Inc., Franchise Group Newco PSP, LLC, Valor Acquisition,

LLC, and Franchise Group Newco Intermediate AF, LLC, as borrowers (collectively, the "**Prepetition ABL Borrowers**"), certain subsidiaries of the Prepetition ABL Borrowers, as guarantors (the "**Prepetition ABL Guarantors**," and together with the Prepetition ABL Borrowers, the "**Prepetition ABL Loan Parties**"), the Prepetition ABL Agent, and the lenders party thereto from time to time (collectively, the "**Prepetition ABL Lenders**," and together with the Prepetition ABL Agent, the "**Prepetition ABL Secured Parties**").  Pursuant to the Prepetition First Lien Loan Documents, the Prepetition First Lien Lenders provided a term loan credit facility (the "**Prepetition First Lien Facility**") to the Prepetition First Lien Loan Parties.  Pursuant to the Prepetition ABL Loan Documents, the Prepetition ABL Lenders provided a revolving credit facility (the "**Prepetition ABL Facility**") to the Prepetition ABL Loan Parties.  The Committee, the Required Lenders under the Prepetition First Lien Facility, and the Prepetition ABL Agent are collectively referenced herein as the "**Parties**."

WHEREAS, on November 3, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this Court.

WHEREAS, on November 19, 2024, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

WHEREAS, on December 11, 2024, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "**Final DIP Order**").[2]  The Final DIP Order, among other things, set a Challenge Deadline of, as to the

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Final DIP Order.

Committee, seventy (70) calendar days after the Committee was appointed (i.e., January 28, 2025), by which the Committee could assert a Challenge (as defined in, and in accordance with, the Final DIP Order) with respect to the applicable Debtors' various stipulations, waivers, and admissions in favor of the Prepetition Secured Parties (as defined in the Final DIP Order).

WHEREAS, in order to extend the Challenge Deadline under the Final DIP Order with respect to the Prepetition First Lien Facility and the Prepetition ABL Facility, the Parties entered into a stipulation dated January 28, 2025 [Docket No. 853] (the "***Original Stipulation***"), extending the Challenge Period for the Committee as to certain identified assets through February 7, 2025.

WHEREAS, in order to further extend the Challenge Deadline under the Final DIP Order with respect to the Prepetition First Lien Facility and the Prepetition ABL Facility, the Parties entered into a second stipulation dated February 21, 2025 [Docket No. 1020], extending the Challenge Period for the Committee as to certain identified assets through February 21, 2025.

WHEREAS, in order to further extend the Challenge Deadline under the Final DIP Order with respect to the Prepetition First Lien Facility and the Prepetition ABL Facility, the Parties entered into a third stipulation dated February 7, 2025 [Docket No. 941], extending the Challenge Period for the Committee as to certain identified assets through the earlier of (i) the effective date of a chapter 11 plan confirmed by the Court that includes the Committee settlement in the Chapter 11 Cases (such settlement, on terms acceptable to the Committee and the Required Lenders under the Prepetition First Lien Facility), and (ii) May 30, 2025.

WHEREAS, in order to further extend the Challenge Deadline under the Final DIP Order with respect to the Prepetition First Lien Facility and the Prepetition ABL Facility, the Parties have agreed to enter into this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. The Challenge Period solely with respect to the Committee is extended through and including the earlier of (i) the effective date of a chapter 11 plan confirmed by the Court that includes the Committee settlement in the Chapter 11 Cases (such settlement, on terms acceptable to the Committee and the Required Lenders under the Prepetition First Lien Facility), and (ii) June 30, 2025, solely with respect to any Challenges involving the Prepetition First Lien Collateral and/or the Prepetition ABL Collateral (each as defined in the Final DIP Order) and/or against the Prepetition First Lien Secured Parties and/or the Prepetition ABL Secured Parties relating to the validity, enforceability, extent, or perfection of the Prepetition First Lien Liens and/or the Prepetition ABL Liens (each as defined in the Final DIP Order) with respect to the following assets of the applicable Prepetition First Lien Loan Parties or the proceeds thereof, as of the Petition Date: (a) any leased or owned real estate or any fixtures located thereon; (b) any commercial tort claims; (c) any money or currency, *provided that*, the Prepetition First Lien Collateral and the Prepetition ABL Collateral does include money or currency that constitutes the proceeds of other Prepetition First Lien Collateral and Prepetition ABL Collateral, respectively; (d) any deposit accounts at any bank or financial institution that (i) are not subject to a valid and enforceable control agreement in favor of the Prepetition First Lien Secured Parties and/or the Prepetition ABL Secured Parties and (ii) that are not maintained at a bank or financial institution that is a Prepetition First Lien Secured Party or Prepetition ABL Secured Party (as applicable), *provided that*, the Prepetition First Lien Collateral and the Prepetition ABL Collateral does include funds in deposit accounts that constitute the identifiable proceeds of other Prepetition First Lien Collateral and Prepetition ABL Collateral, respectively; (e) any insurance policies relating to director & officer

or management liability or otherwise; (f) any licenses or permits that cannot be pledged under applicable non-bankruptcy law or regulation; and (g) any Excluded Assets (as defined in the Prepetition First Lien Loan Documents and the Prepetition ABL Loan Documents); *provided that* any such Challenge commenced by the Committee shall be substantially consistent with, and limited in all material respects to, the claims, counts, causes of action, and the equitable and legal theories of recovery set forth in the draft complaint counsel to the Committee shared with counsel to Ad Hoc Lender Group of Prepetition First Lien Lenders and counsel to the Prepetition ABL Secured Parties prior to the filing of the Original Stipulation.

2.  All rights of the Committee are preserved to contest: (a) the allowance of any interest (or default rate interest) paid or accrued under the Prepetition First Lien Loan Documents or the Prepetition ABL Loan Documents on or after the Petition Date; (b) the accuracy of the calculation of the amount of any interest, fees, costs or charges paid or accrued under the Prepetition First Lien Loan Documents or the the Prepetition ABL Loan Documents on or after the Petition Date; (c) the reasonableness pursuant to section 506(b) of the Bankruptcy Code of the amounts of any fees, costs or charges accrued or paid by the Debtors under the Prepetition First Lien Documents or the Prepetition ABL Loan Documents on or after the Petition Date; and (d) any adequate protection or diminution claim that may be asserted by any of the Prepetition First Lien Secured Parties or the Prepetition ABL Secured Parties against the Debtors' estates.

3.  Except as set forth in paragraphs 1 and 2 above, the Committee shall not assert, and hereby irrevocably releases and waives its right to assert, any Challenge against the Prepetition First Lien Secured Parties and the Prepetition ABL Secured Parties, in their capacities as such.

4.  Nothing herein shall have any impact on any rights, claims, defenses, offsets, or causes of action that do not otherwise constitute Challenges with respect to the Committee under

the Final DIP Order (as modified herein) and that the Committee may have against the Prepetition First Lien Secured Parties unrelated to the Prepetition First Lien Loan Documents or the obligations thereunder, or the Prepetition ABL Secured Parties unrelated to the Prepetition ABL Loan Documents or the obligations thereunder.

5. This Stipulation will be binding and effective upon execution by the Parties hereto. This Stipulation may not be amended or modified without the written consent of each of the Parties; *provided, however*, that the written consent of the Required Lenders under the Prepetition First Lien Facility or the Prepetition ABL Agent shall not be required for any amendment or modification to this Stipulation solely related to the Prepetition First Lien Facility or the Prepetition ABL Facility, respectively and as applicable.  This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

6. Except as expressly set forth in paragraphs 1 and 2 above, nothing herein shall (or shall be deemed to) modify, amend or derogate from the Final DIP Order.  The Court will retain jurisdiction over all matters related to this Stipulation and the Final DIP Order.

*[signature pages follow]*

Dated: May 21, 2025					Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:	(302) 652-4100
Facsimile:	(302) 652-4400
Email:		bsandler@pszjlaw.com

-and-

Robert J. Feinstein, Esq.	(admitted *pro hac vice*)
Alan J. Kornfeld, Esq.	(admitted *pro hac vice*)
Theodore S. Heckel, Esq.	(admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:	(212) 561-7700
Facsimile:	(212) 561-7777
Email:		rfeinstein@pszjlaw.com
		akornfeld@pszjlaw.com
		theckel@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Elizabeth A. Rogers (No. 7335)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:   (302) 467-4400
Facsimile:   (302) 467-4450
Email:   landis@lrclaw.com
         mcguire@lrclaw.com
         erogers@lrclaw.com

-and-

**PAUL HASTINGS LLP**

*/s/ Jayme T. Goldstein*
Jayme T. Goldstein (admitted *pro hac vice*)
Daniel A. Fliman (admitted *pro hac vice*)
Jeremy D. Evans (admitted *pro hac vice*)
Isaac S. Sasson (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email:   jaymegoldstein@paulhastings.com
         danfliman@paulhastings.com
         jeremyevans@paulhastings.com
         isaacsasson@paulhastings.com

Nicholas A. Bassett (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Telephone:   (202) 551-1700
Facsimile:   (202) 551-1705
Email:   nicholasbassett@paulhastings.com

*Counsel to the Ad Hoc Group of First Lien Lenders*

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (No. 4057)
Brett M. Haywood (No. 6166)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone:  (302) 984-6000
Email:       jryan@potteranderson.com
             bhaywood@potteranderson.com

-and-

**LATHAM & WATKINS LLP**

*/s/ Andrew Sorkin*
Andrew Sorkin (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:       andrew.sorkin@lw.com
             nacif.taousse@lw.com

*Counsel to the Prepetition ABL Agent*