**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| **FRANCHISE GROUP, INC., *et al.*,**[1] | : | **Case No. 24- 12480 (LSS)** |
| | : | **Jointly Administered** |
| **Debtors.** | : | **Re: Docket Nos. 1402** |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**FIRST MONTHLY FEE APPLICATION REQUEST OF**
**BACK BAY MANAGEMENT CORPORATION AND ITS DIVISION, THE MICHEL-SHAKED GROUP**

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the First Monthly Fee Application Request of Back Bay Management Corporation and its Division, the Michel-Shaked Group (the "Firm") for compensation for services rendered and reimbursement of expenses as Expert Witness for the Official Committee of Unsecured Creditors for the compensation period

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

from March 17, 2025 through April 30, 2025 ("Fee Application") seeking approval of fees in the amount of $937,455.50 and the reimbursement of expenses in the amount of $6,586.11, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2025 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of March 17, 2025 through April 30, 2025 the Firm submitted monthly fee applications in the amount of $937,455.50 as actual, reasonable and necessary fees and for expense reimbursement of $6,586.11. We calculated that for the Fee Application period $10,177.50 related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $10,177.50 related to fee applications on a cumulative basis and we have calculated that 1.1% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. We noted that many of the Firm's professionals attended team meetings during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." These entries represent 9.5% of the fees charged during the period. We requested and the Firm provided further explanation regarding the attendance at these meetings and why all of these fees are compensable. After considering the detail and explanation provided by the Firm we have no recommendation for reduction in fees. However, we believe that, if this level of activity continues through the case, that reduction in fees for this activity would be appropriate.

6. Also, we noted a data charge. We requested and the Firm confirmed that this was the prorated charge for the period covered by this application. Since no adjustment is required, no exhibit has been included.

7. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts review. We requested and the Firm confirmed that they were necessary for retention. Since no adjustment is required, no exhibit has been included.

8. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

9. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Monthly Fee Application Request of Back Bay Management Corporation and its Division, the Michel-Shaked Group for compensation for services rendered and reimbursement of expenses as Expert Witness for the Official Committee of Unsecured Creditors for the compensation period from March 17, 2025 through April 30, 2025 and we recommend the approval of the fees of $937,455.50 and reimbursement of expenses in the amount of $6,586.11.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com