## **EXHIBIT 1**

**Revised Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
|  | ) |
| Debtors.[2] | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 1478** |

## ORDER SUSTAINING DEBTORS' SECOND OMNIBUS (NONSUBSTANTIVE) OBJECTION TO PROOFS OF CLAIM

Upon the objection (the "<u>Objection</u>")[3] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>"), disallowing each of the Disputed Claims <u>solely</u> with respect to TopCo, in accordance with the treatment for each

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] On June 6, 2025, every Debtor except TopCo emerged from these chapter 11 cases and is now a Reorganized Debtor. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Disputed Claim on **Schedule 1** attached hereto, all as more fully set forth in the Objection; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Pursuant to sections 105(a), 502(a), and 502(e)(1)(B) of the Bankruptcy Code, each Disputed Claim identified on **Schedule 1** hereto is disallowed <u>solely</u> with respect to TopCo consistent with the treatment for each Disputed Claim as set forth on **Schedule 1** hereto. All other rights of each Claimant and the Debtors, including related to other Debtors, are hereby reserved.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to subsequently dispute any of the Claims objected to herein on any grounds, or a waiver of the Debtors' or any other party in interest's right to dispute any other Claims which may be asserted against the Debtors on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.

4. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Disputed Claims**

| Claim # | Filed Date | Claimant | Debtor | Asserted Claim Value | Claim Type | Treatment |
|---|---|---|---|---|---|---|
| 1311 | 01/22/2025 | The Settlement-related Liquidating Trust 2022-23 | Freedom VCM Holdings, LLC | $300,000,000.00 | General Unsecured C, U, D | Disallowed as to TopCo |
| 1421 | 01/22/2025 | CorVel Enterprise Comp, Inc. | Freedom VCM Holdings, LLC | $62,509.68 | General Unsecured U, D | Disallowed as to TopCo |
| 1823 | 01/23/2025 | Kahn, Brian | Freedom VCM Holdings, LLC | $322,377.53 + Unknown | General Unsecured C, U, D | Disallowed as to TopCo |
| 2012 | 01/23/2025 | Pleiades Partners, LLC | Freedom VCM Holdings, LLC | $1,600,000.00 | General Unsecured *or* Equity D | Disallowed as to TopCo |