**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**AFFIDAVIT OF SERVICE**

I, Kevin Sarmiento, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On May 14, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via email on the service list attached hereto as **Exhibit A**:

- New Equity Interests Registration Form (This "Registration Form") for Distributions of Certain Securities Pursuant to the Plan, a copy of which is attached hereto as **Exhibit B**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Stores, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

Dated: June 5, 2025

/s/ Kevin Sarmiento
Kevin Sarmiento

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on June 5, 2025, by Kevin Sarmiento, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

/s/ OLEG BITMAN
Notary Public, State of New York
No. 01BI6339574
Qualified in New York County
Commission Expires April 4, 2028

SRF 88353

**<u>Exhibit A</u>**

Exhibit A
Email Service List
Served via Email

| Name | Email |
|------|-------|
| AMFIN | EMAILS ON FILE |
| Arena | EMAILS ON FILE |
| Bardin Hill | EMAILS ON FILE |
| BC Partners | EMAILS ON FILE |
| Blue Owl | EMAILS ON FILE |
| CastleKnight | EMAILS ON FILE |
| Fidelity | EMAILS ON FILE |
| GAFG | EMAILS ON FILE |
| Garnett Station | EMAILS ON FILE |
| Guggenheim | EMAILS ON FILE |
| HG Vora | EMAILS ON FILE |
| HPS | EMAILS ON FILE |
| HSBC | EMAILS ON FILE |
| Intermediate Capital | EMAILS ON FILE |
| JPM | EMAILS ON FILE |
| LCM | EMAILS ON FILE |
| MJX | EMAILS ON FILE |
| Monroe | EMAILS ON FILE |
| Morgan Stanley | EMAILS ON FILE |
| Oaktree | EMAILS ON FILE |
| Octagon | EMAILS ON FILE |
| PIMCO | EMAILS ON FILE |
| Rimrock | EMAILS ON FILE |
| Saratoga | EMAILS ON FILE |
| Whitefort | EMAILS ON FILE |

**Exhibit B**

SRF 88353

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NEW EQUITY INTERESTS
## REGISTRATION FORM (THIS "REGISTRATION FORM")[2]
## FOR DISTRIBUTIONS OF CERTAIN SECURITIES PURSUANT TO THE PLAN

### Submission Deadline: May 20, 2025 at 5:00 pm ET
### (as such deadline may be extended by the Debtors, with the consent of the Required Consenting
### First Lien Lenders, the "Submission Deadline")

### Introduction

This Registration Form sets forth the registration procedures to be followed by (1) each Holder of Allowed DIP Claims that received or will receive a DIP Backstop Premium, Commitment Premium and/or

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliate*s [Docket No. 1312] (as may be amended, supplemented, or modified from time to time, the "Plan").

SRF 88353

Exit Premium to elect to convert such DIP Backstop Premium, Commitment Premium and/or Exit Premium into and receive Reorganized Common Equity at a 25% discount to total equity value of the Reorganized Debtors as set forth in the Plan, Disclosure Statement and/or the Plan Supplement, which total equity value shall be reduced, if applicable, for purposes of calculating this discount by the net proceeds from any Partial Sale Transaction received by the Debtors as of the Effective Date (which, for purposes of calculating this deduction, shall not be less than $177.25 million) (the "<u>DIP Premium New Equity Interests</u>"), (2) each Holder of Allowed DIP Claims arising from DIP Loans (other than (a) those Tranche A DIP Loans that are converted into Reorganized Common Equity pursuant to the DIP Premium Conversion or and (b) those DIP Loans that are converted into Take-Back Term Loans) to receive Reorganized Common Equity at a 25% discount to total equity value of the Reorganized Debtors as set forth in the Plan, Disclosure Statement and/or the Plan Supplement, which total equity value shall be reduced, if applicable, for purposes of calculating this discount by the net proceeds from any Partial Sale Transaction received by the Debtors as of the Effective Date (which, for purposes of calculating this deduction, shall not be less than $177.25 million) (the "<u>DIP New Equity Interests</u>"), (3) each Holder of Allowed Prepetition First Lien Loan Claims to receive its respective *pro rata* share of 100% of the Reorganized Common Equity (which is subject to dilution by certain interests as set forth in the Plan) (the "<u>1L New Equity Interests</u>"), (4) each Holder of Allowed Prepetition Second Lien Loan Claims to receive its *pro rata* share of the resulting percentage of Reorganized Common Equity determined from the quotient of (a) $25 million of Reorganized Common Equity divided by (b) the Implied Common Equity Value (the "<u>2L New Equity Interests</u>" and, together with the DIP Premium New Equity Interests, the DIP New Equity Interests and the 1L New Equity Interests, the "<u>New Equity Interests</u>"), and (5) if applicable, each designee of each such Holder described in clauses (1) through (4) hereof for delivery of New Equity Interests (each, a "<u>Designee</u>"), in each case, pursuant to the Plan.  For the avoidance of doubt, the New Equity Interests are subject to dilution as further described in the Plan and as may be permitted under the New Organizational Documents.

The Holders of Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and Allowed Prepetition Second Lien Loan Claims and any applicable Designees **that actually receive and take delivery of the New Equity Interests** are each referred to herein as "<u>Equity Recipients</u>."

<u>**New Equity Interests Registration**</u>

Each Equity Recipient is entitled to receive New Equity Interests in accordance with the Plan. **Please see the articles of the Plan titled "Article III. DIP Claims, Administrative Expense Claims, Professional Fee Claims, U.S. Trustee Fees, and Priority Tax Claims" and "Article V. Treatment of Claims and Interests" for information related to the calculations underlying the allocations of your New Equity Interests**.  In accordance with Section 8.12 of the Plan, no fractional shares of New Equity Interests will be distributed, and no Cash will be distributed in lieu of such fractional shares. When any distribution of New Equity Interests would otherwise result in the issuance of a number of such New Equity Interests that is not a whole number, the actual distribution of such interests shall be rounded as follows: (a) fractions of one-half (1/2) or greater shall be rounded to the next higher whole number and (b) fractions of less than one-half (1/2) shall be rounded to the next lower whole number with no further payment therefore. The total number of authorized New Equity Interests to be distributed shall be adjusted as necessary to account for the foregoing rounding. The register of New Equity Interests will be maintained either by New TopCo acting as its transfer agent and registrar and/or New TopCo designating another third-party administrative equity agent to maintain an equity register (in such capacity, the "<u>Equity Agent</u>"), based on information provided in response to this Registration Form.  As promptly as possible on or after the Effective Date, the Equity Agent will send to each Holder either an electronic account statement or an electronic log-in notice to retrieve information related to your completed distribution of New Equity Interests when the register of the holders of New Equity Interests is substantially completed.  Please be advised that each Equity Recipient will be classified for administrative purposes in accordance with the applicable procedures of any Equity Agent, such as by classifying each holder of New Equity Interests for administrative purposes.  Each

SRF 88353

Equity Recipient **must** complete the account registration process described below.

  Pursuant to the Confirmation Order, on the Effective Date of the Plan, the New Organizational Documents will be binding on all Equity Recipients (and their respective successors and assigns, including any Designees), whether such Persons received such New Equity Interests pursuant to the Plan or otherwise and such Person shall be deemed to have executed and delivered a signature page to any New Organizational Document; however, in order to process each Registration Form without a delay, all Equity Recipients are required to execute and deliver a signature page to the Amended and Restated Limited Liability Company Agreement for New TopCo (herein referred to as the "New LLC Agreement").

### Generally Applicable Registration Procedures

  Kroll Restructuring Administration (the "Disbursing Agent") is assisting New TopCo with the registration process for New Equity Interests.  On or prior to the Submission Deadline, each Equity Recipient is required to promptly complete, execute, and deliver to the Disbursing Agent the attached (1) "Part 1: Registration Instruction Sheet", (2) "Part 2: Equity Recipient Reconciliation", (3) the Certification, (4) the signature page, attached as Exhibit A, to the New LLC Agreement for New Equity Interests, and (5) an Internal Revenue Service Form W-9 or Internal Revenue Service Forms W-8BEN or W-8BEN-E, as applicable (or other applicable Form W-8)[3] attached as Exhibit B (collectively, the "Registration Documents") as soon as reasonably practicable.  **The Submission Deadline is expected to be 5:00 p.m., prevailing Eastern Time, on May 20, 2025** (as may be extended) for such Person to be timely delivered its New Equity Interests.

  If an Equity Recipient does not provide the information requested by this Registration Form so that the information is actually received by the Disbursing Agent by the Submission Deadline, or if the information provided is incomplete or illegible, we cannot assure you that your allocation and distribution will be confirmed prior to the Effective Date, that we will be able to deliver your New Equity Interests to you promptly on or after the Effective Date, or that any distribution thereof that you would otherwise be entitled to receive will not be forfeited, in each case, in accordance with the Plan.

  The Debtors reserve the right to extend the Submission Deadline, modify the Registration Documents, and/or adopt additional procedures consistent with this Registration Form and the Registration Documents, to effectuate the distribution of New Equity Interests in accordance with the Plan, in each case, with the consent of the Required Consenting First Lien Lenders.  For the avoidance of doubt, the Debtors may in good faith (a) waive any defect or irregularity in, or permit such defect or irregularity to be corrected within such time as they may determine and/or (b) waive any applicable procedure with respect to any Designee of any Equity Recipient.

---

[3] If you are a U.S person (as defined below), you must also provide your taxpayer identification number. Accordingly, please fill out the enclosed Internal Revenue Service Form W-9 Request for Taxpayer Identification Number and Certification.

 If you are not a U.S. person, instead please fill out an Internal Revenue Service Forms W-8BEN or W-8BEN-E, as applicable (or other applicable Internal Revenue Service Form W-8).

 For these purposes, a U.S. person is (i) an individual who is a U.S. Citizen or U.S. resident alien, (ii) a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, (iii) any estate (other than a foreign estate) or (iv) a domestic trust (as defined in the U.S. Treasury Regulations Section 301.7701-7).

SRF 88353

## PROCEDURES FOR RECEIVING
## NEW EQUITY INTERESTS:

**New Equity Interests:  The distribution of New Equity Interests to each Equity Recipient by book-entry interests on New TopCo's register of common equityholders is expected to occur on or about the Effective Date.  For the avoidance of doubt, New Equity Interests will <u>not</u> be DTC eligible and, as a result, will not be distributed through DTC.**

**FURTHER, ON THE EFFECTIVE DATE, THE NEW ORGANIZATIONAL DOCUMENTS, INCLUDING ANY TRANSFER RESTRICTIONS THEREIN, SHALL BE BINDING ON NEW TOPCO AND ALL EQUITY RECIPIENTS.**

### Distribution & Registration Steps

**To facilitate the distribution of New Equity Interests**:

Step 1:   The Disbursing Agent, the DIP Agent, the First Lien Credit Agreement Agent and the Second Lien Credit Agreement Agent, will distribute copies of this Registration Form, including the Registration Documents, to all Holders that appear on the records (i.e., the lender registers) provided by the DIP Agent, the First Lien Credit Agreement Agent and the Second Lien Credit Agreement Agent as of the close of business on **May 14, 2025**. Such date shall be deemed the "Distribution Record Date" under the Plan (as may be extended or modified in accordance with the Plan, the "Deemed Distribution Record Date"). Any trades, transfers or assignments in any such Claims after the Deemed Distribution Record Date will **NOT** be reflected in the applicable lender register. If any outstanding trades, transfers or assignments are not settled by the Deemed Distribution Record Date, any distribution under the Plan may be delayed or potentially forfeited in accordance with the Plan. Any such Eligible Holder appearing as of the Distribution Record Date **must forward** this Equity Registration Form to any Designee, including any Designee that is affiliated or unaffiliated with such Holder.  No other Persons are responsible for communicating information to any Designee.

Step: 2:   On or before the Submission Deadline, each Equity Recipient must deliver the Registration Documents to the Disbursing Agent, as directed herein.  For the avoidance of doubt, each such Equity Recipient must cause to be delivered to the Disbursing Agent a completed Internal Revenue Service Form W-9 or Internal Revenue Service Forms W-8BEN or W-8BEN-E, as applicable (or other applicable Form W-8).

Step 3:   To timely receive your distribution by the Effective Date, the Disbursing Agent must actually receive validly completed Registration Documents from each Equity Recipient **by the Submission Deadline** via at email frgissuerservices@is.kroll.com.

### Where to Find More Information

**EQUITY RECIPIENTS ARE ENCOURAGED TO READ THE PLAN (INCLUDING THE PLAN SUPPLEMENT) AND THE DISCLOSURE STATEMENT (INCLUDING EACH EXHIBIT TO THE DISCLOSURE STATEMENT) AND TO CONSULT WITH THEIR OWN ADVISORS TO UNDERSTAND THEIR RIGHTS AND OBLIGATIONS UNDER THE PLAN, INCLUDING ANY RISKS WITH RESPECT TO HOLDING NEW EQUITY INTERESTS.**

**Administrative-Related Questions**: Holders with administrative questions about this Registration Form, the Plan, any related documents, or the distribution of New Equity Interests in accordance with the

SRF 88353

Plan or any related documents should direct such questions in writing by email to the Disbursing Agent at the address below (email preferred).

> Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232
> Telephone: (844) 285-4564 (U.S./Canada, Toll-Free); +1 (646) 937-7751 (International, Toll)
> Email: frgissuerservices@is.kroll.com

Upon the issuance of the New Equity Interests, please log-in to the below portal to view your position and download your book-entry account statement(s): https://portal.krollbusinessconnect.com.

For the avoidance of doubt, the New Equity Interests will not be issued through a securities depository (i.e., DTC). Account statements are expected to be available within fifteen (15) Business Days of the Effective Date. The Disbursing Agent is expected to act as the designated agent for the equity register upon the Effective Date. Please contact the Disbursing Agent for assistance with accessing the equity portal.

**Allocation Process, Allocation Procedures and Register Freeze**:

As of the Deemed Distribution Record Date, Ducera Partners LLC ("Ducera"), acting in its capacity as financial advisor to the Debtors, will coordinate and compile a master allocation schedule of New Equity Interests using the "lenders of record" (i.e., those persons appearing on the holder records provided by the DIP Agent, the First Lien Credit Agreement Agent and the Second Lien Credit Agreement Agent) as of the close of business on the Deemed Distribution Record Date (i.e., the close of business on May 14, 2025).

Any trades, transfers or assignments in any such Claims after the Deemed Distribution Record Date will **NOT** be reflected in the applicable lender register. If any outstanding trades, transfers or assignments are not settled by the Deemed Distribution Record Date, any distribution under the Plan may be delayed or potentially forfeited in accordance with the Plan.

You must email Ducera with any adjustments that should be made to any allocations for Designees as may be reported by any Holder or its certifying Designee (i.e., due to any affiliate Designees, "in-flight" or unsettled trades with respect to the Claims or DIP Premium Conversion). Such master allocation schedule will include New Equity Interest issuance details for each of the Equity Recipients of New Equity Interests, including the name of each Equity Recipient (accounting for any Designees) and the corresponding amount of New Equity Interests to be received by such Equity Recipient. **Only the Equity Recipient (i.e., the person that actually is receiving and taking delivery of the New Equity Interests) should submit the Registration Documents (including any Information Spreadsheet in lieu of a PDF submission).**

As promptly as possible on or about the Effective Date, Ducera will compile and deliver the master allocation schedule to the Disbursing Agent. Based on such master allocation schedule, the Disbursing Agent will promptly coordinate with the Equity Agent for the final allocation and distribution of New Equity Interests to the Equity Recipients. The Disbursing Agent is expected to email each Equity Recipient with its expected allocation as of the Effective Date for any complete, valid submissions actually received by the Disbursing Agent by the Submission Deadline.

To ensure the accuracy of the master allocation schedule, please communicate (i) whether you elect to make a DIP Premium Conversion with respect to any DIP Backstop Premium, DIP Commitment Premium and/or Exit Premium amounts, as applicable, and (ii) any allocation requests (i.e., with respect to any Designees) to Ducera **AS SOON AS POSSIBLE** and no later than the Submission Deadline. If you elect to make a DIP Premium Conversion, have allocation requests with respect to Designees, or have questions regarding the allocation process or your allocation of New Equity Interests, please reach out to Ducera at

SRF 88353

FRGAllocations@ducerapartners.com (and please copy Eric.Newfield@lazard.com and Colin.Murphy@lazard.com from Lazard Frères & Co. LLC ("Lazard") for assistance with administrative tracking). To ensure that you are provided with accurate information, please include the **legal entity name** of each fund (i.e., the name of your Holder as it appears on the applicable register and, as applicable, any Designee) for which you are submitting or requesting information in your correspondence.

To the extent you are a holder of an Allowed Prepetition **Second Lien** Claim, please copy ProjectBuckeye@greenhill.com at Greenhill & Co., Inc. ("Greenhill") on any email.

Note that the allocations of New Equity Interests will be determined pursuant to each Holder's (accounting for each Designee) respective Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and Allowed Prepetition Second Lien Loan Claims, as applicable, in accordance with the Plan as of the Deemed Distribution Record Date, and will be determined by Ducera (in consultation with the Disbursing Agent and Lazard) in accordance with the Plan.

**To communicate allocation decisions and for assistance with any allocation-related questions, please email FRGAllocations@ducerapartners.com, copying Eric.Newfield@lazard.com and Colin.Murphy@lazard.com, *AS SOON AS POSSIBLE* and no later than the Submission Deadline. Holders of Allowed Prepetition Second Lien Claims should also copy ProjectBuckeye@greenhill.com.**

### Holder/Designee Identification

**Each** Equity Recipient hereby certifies that it is either (1) a Holder of Allowed DIP Claims, (2) a Holder of Allowed Prepetition First Lien Loan Claims, (3) a Holder of Allowed Prepetition Second Lien Loan Claims or (4) a Designee of any such Holder, as applicable, and confirms that it understands that the right to receive any New Equity Interests is subject to all the terms and conditions set forth in the Plan. Only the Holders of Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and Allowed Prepetition Second Lien Loan Claims and any applicable Designees that **actually receive and take delivery of** the New Equity Interests should submit Registration Documents.

For the avoidance of doubt, please do **NOT** submit any Registration Documents for any Holder that is **NOT** taking delivery of any New Equity Interests (e.g., such Holder will own zero New Equity Interests at the Effective Date because such Holder will allocate all of its New Equity Interests to one or more Designees).

### Additional Information

**Please submit once for each Equity Recipient**. **Each** Equity Recipient must complete and execute the Registration Documents to receive New Equity Interests. Otherwise, such Equity Recipient's receipt of New Equity Interests may be delayed or forfeited in accordance with the Plan. By executing and submitting Registration Documents, the undersigned Equity Recipient certifies that the information contained in these Registration Documents is accurate with respect to all items. Each Equity Recipient (i.e., each Holder and/or Designee) may make multiple elections below, as applicable. Unless instructed otherwise by the Disbursing Agent with respect to such Equity Recipient, **each Equity Recipient need only submit the Registration Documents once** in its capacity as an Equity Recipient.

- **For Holders Receiving New Equity Interests**: If any Holder is a Holder of **multiple types of applicable Claims**, such as Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and/or Allowed Prepetition Second Lien Loan Claims **AND** plans to take delivery of New Equity Interests (i.e., same *legal entity* Holder holds across multiple forms of debt and will hold the New Equity Interests in New TopCo directly), please submit this form only **ONCE** by checking all applicable boxes immediately below to reflect each of its capacities as a Holder of Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and/or Allowed Prepetition Second Lien Loan Claims.

- **For Designees**: Please submit Registration Documents separately for any Designees. For any Designees, the amount and number of your New Equity Interests will be issued in accordance with instructions provided to Ducera in connection with the compilation of the master allocation schedule. **If no instructions as to the amount and number of New Equity Interests that are to be issued to your Designees are actually received by the Submission Deadline**, as a default rule, New TopCo or the Disbursing Agent is expected to issue New Equity Interests **ratably and/or equally** to your Designees that are identified to Ducera and for which validly completed Registration Documents **are actually received** by the Disbursing Agent with respect to any Allowed DIP Claims, Allowed Prepetition First Lien Loan Claims and/or Allowed Prepetition Second Lien Loan Claims, respectively, with any other adjustments in accordance with the Plan.

- **Failure to Submit Valid Registration Documents**: If any Holder or Designee of any Holder does not validly submit the Registration Documents by the Submission Deadline, including communicating any allocations to Ducera, copying Lazard and Greenhill (if applicable), the applicable New Equity Interests will be issued at the Effective Date to the Holder as an "unclaimed distribution" in accordance with the Plan. After 90 calendar days after the Effective Date, if the Holder or Designee of any Holder does not

SRF 88353

claim the applicable New Equity Interests, the distribution of New Equity Interests may be forfeited and such New Equity Interests canceled in accordance with the Plan.

### Information Spreadsheet for Bulk Submission

For your administrative convenience, the Disbursing Agent has included a spreadsheet (the "Information Spreadsheet") along with these Registration Documents containing (1) the "Part 1: Registration Instruction Sheet" and (2) "Part 2: Equity Recipient Reconciliation" in a spreadsheet format to assist with a bulk data submission. From an institutional perspective (e.g., fund manager-level), you may submit the information in Part 1 and Part 2 via the Information Spreadsheet for each of your Equity Recipients (i.e., Holders and/or Designees) (a bulk submission). The Disbursing Agent has populated the Information Spreadsheet to the extent information is readily available. The Debtors and Disbursing Agent make no representation or warranty that any such pre-populated information is accurate. Please review your information carefully. You must still submit a signature page to the New LLC Agreement for each Equity Recipient and Internal Revenue Service Form W-9 or Internal Revenue Service Forms W-8BEN or W-8BEN-E, as applicable (or other applicable Form W-8).

## Part 1: Registration Instruction Sheet

**To be completed by each Equity Recipient.**

**Each Equity Recipient must execute the signature page to the New LLC Agreement attached hereto as Exhibit A and submit an Internal Revenue Service Form W-9 or Internal Revenue Service Forms W-8BEN or W-8BEN-E, as applicable (or other applicable Form W-8) attached as Exhibit B.**

❐ **Holder Equity Recipient Registration**: Check here if directly registering a Holder for New Equity Interests. You are (1) a Holder of Allowed DIP Claims, (2) a Holder of Allowed Prepetition First Lien Loan Claims or (3) a Holder of Allowed Prepetition Second Lien Loan Claims.

❐ **Designee Equity Recipient Registration**: Check here if you are a Designee. A Holder has directed that some or all of its New Equity Interests should be issued to you as a Designee. By checking this box, the Designee is representing that the applicable Holder has approved and assigned the right to receive, and release any claim or right to distribution on account of, the distribution of its respective New Equity Interests to such Designee. For more than one Designee to receive New Equity Interests, please complete the Registration Documents and the below forms (including via the Information Spreadsheet if desired) with respect to **each** Designee.

| | |
|---|---|
| Name of Designor(s) (i.e., the designating Holder) as appears on the records of the DIP Agent, the First Lien Credit Agreement Agent and the Second Lien Credit Agreement Agent, as applicable (for reconciliation purposes): | _____ |
| Check the box to indicate if you are receiving New Equity Interests from an Allowed DIP Claims Holder, an Allowed Prepetition First Lien Loan Claims Holder or an Allowed Prepetition Second Lien Loan Claims Holder. More than one box may be selected, as applicable. | ☐ Allowed DIP Claims Holder<br><br>☐ Allowed Prepetition First Lien Loan Claims Holder<br><br>☐ Allowed Prepetition Second Lien Loan Claims Holder |

Please be advised that, for any registration line item below (e.g., Name of Equity Recipient), the administrative procedures of the Equity Agent will limit the number of characters that may be reflected (i.e., approximately 200 text characters, including spaces, may be used).

### REGISTRATION INFORMATION TO APPEAR AS INDICATED BELOW ON THE EQUITYHOLDER REGISTER OF NEW TOPCO

Name of Equity Recipient_____

Name of Fund Manager (e.g., Financial Institution)_____

Attention (if applicable) _____

SRF 88353

Address 1 _____

Address 2 _____

City _____

State/Province _____

Non-U.S. Country Name _____

Zip/Postal Code _____

Phone _____

Email _____

Date _____

Tax Identification Number _____
Check if non-US (no TIN)    ☐

**Part 2: Equity Recipient Reconciliation**

**<u>DIP Premium Conversion</u>**.  Select only if you elect to make a DIP Premium Conversion with respect to DIP Backstop Premium, Commitment Premium and/or Exit Premium amounts, as applicable.

☐  DIP Premium Conversion

Select type of Claim(s). More than one box may be selected, as applicable.

☐  Allowed DIP Claims

☐  Allowed Prepetition First Lien Loan Claims

☐  Allowed Prepetition Second Lien Loan Claims

SRF 88353

Insert, in each case, as of the **Submission Deadline**, as applied to the **respective** Equity Recipient (i.e., whether a Holder or Designee) to which this Registration Form applies:

- the aggregate **principal** amount of the **Tranche A DIP Loans** to be allocated to the respective Equity Recipient (for reconciliation purposes).

**Tranche A DIP Loans: DIP Backstop Premium for which a DIP Premium Conversion is made:**

$ _____

**Tranche A DIP Loans: Commitment Premium for which a DIP Premium Conversion is made:**

$ _____

**Tranche A DIP Loans: Exit Premium for which a DIP Premium Conversion is made:**

$ _____

**Tranche A DIP Loans: Principal amount _less_ DIP Backstop Premium, Commitment Premium and/or Exit Premium, in each case solely to the extent the DIP Premium Conversion is made:**

$ _____

- the aggregate **principal** amount of the **Tranche B DIP Loans** to be allocated to the respective Equity Recipient (for reconciliation purposes).

**Tranche B DIP Loans (principal amount):**

$ _____

- the aggregate **principal** amount of **Allowed Prepetition First Lien Loan Claims** to be allocated to the respective Equity Recipient (for reconciliation purposes).

**Allowed Prepetition First Lien Loan Claims (principal amount):**

$ _____

- the aggregate **principal** amount of **Allowed Prepetition Second Lien Loan Claims** to be allocated to the

12

respective Equity Recipient (for reconciliation purposes).

**Allowed Prepetition Second Lien Loan Claims (principal amount)**:

$_____

## **CERTIFICATION**

IN WITNESS WHEREOF, the undersigned has executed this Registration Form on the date set forth below and confirms that this Registration Form contains accurate representations with respect to the undersigned and is a certification (including that the undersigned is the correct recipient of the New Equity Interests as set forth in this Registration Form) to the Debtors and New TopCo and their affiliates and, to the extent applicable, to any bankruptcy court or other governmental authority.  Further, the Debtors and New TopCo and their respective affiliates and, to the extent applicable, any bankruptcy court or other governmental authority may rely on this certification with respect to any transactions contemplated in connection with the Plan.

**Equity Recipient**: Legal Entity Name[4]:

_____

By: _____

Name:

Title:

Date:

---

[4]    Signature is **only** required from **each** Equity Recipient (i.e., Holder or Designee that is the legal entity receiving and taking delivery of the New Equity Interests). Signature page may be executed electronically via DocuSign.

*Exhibit A*

## SIGNATURE PAGE TO THE NEW LLC AGREEMENT[5]

**MEMBER:**

_____

By: _____
Name:
Title:

---

[5]    Signature is **only** required from **each** Equity Recipient (i.e., Holder or Designee). Signature page may be executed electronically via DocuSign.

*Exhibit B*

**<u>INTERNAL REVENUE SERVICE: W-9/W-8</u>**

[Attached]