# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.,*[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 1588** |

## SIXTEENTH OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED LEASES, EFFECTIVE AS OF THE REJECTION DATE; AND (II) ABANDON PERSONAL PROPERTY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order (this "Order"), pursuant to sections 105(a),

365, and 554 of the Bankruptcy Code, authorizing the Debtors to (i) reject those certain unexpired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

leases (the "Rejected Leases") set forth on **Schedule 1** to this Order, effective as of May 31, 2025 (the "Rejection Date"), and (ii) abandon personal property (the "Personal Property") remaining on the Rejected Premises as of the Rejection Date; and upon consideration of the Motion and all pleadings related thereto; and due and adequate notice of the Motion having been given under the circumstances; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of the chapter 11 cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date.

3.      Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Rejection Date, on the Rejected Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Rejection Date.  Landlords of the Rejected Premises may dispose of any and all Abandoned Personal

Property remaining on the Rejected Premises without further notice or liability to the Debtors.  To the extent necessary, the automatic stay is modified to allow such disposition.

4.      If the Debtors have deposited monies with a counterparty to a Rejected Lease as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5.      Any person or entity that holds a claim that arises from the Rejected Leases must file a proof of claim based on such rejection on or before the date that is thirty (30) days after the entry of this Order.

6.      Nothing in this Order shall impair, prejudice, waive or otherwise affect any of the rights of the Debtors or any other party to:  (a) assert or contest that the Rejected Leases (i) were terminated on the Rejection Date, or (ii) are not unexpired leases under section 365 of the Bankruptcy Code; (b) assert or contest that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provisions of the Rejected Leases; (c) assert or contest that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise assert or contest any claims that may be asserted in connection with the Rejected Leases.  All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action. Additionally, all rights, claims, defenses, and causes of action of any counterparty to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent

3

of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights, claims, defenses and causes of action.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) other than as set forth herein and on the list of the Rejected Leases, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest's that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

8.      Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

9.      Nothing in this Order shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10.    The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

11.    Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

12.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: June 13th, 2025**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE