**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

**Objections Due: July 10, 2025 at 4:00 P.M. (ET)**
**Hearing Date: To be scheduled if an objection is filed.**

**NOTICE OF SIXTH MONTHLY FEE STATEMENT OF**
**PERELLA WEINBERG PARTNERS LP FOR PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM MAY 1, 2025 THROUGH JUNE 2, 2025**

**PLEASE TAKE NOTICE** that on June 19, 2025, Perella Weinberg Partners LP, the investment banker for the official committee of unsecured creditors (the "Committee"), filed the *Sixth Monthly Fee Statement of Perella Weinberg Partners LP, for Payment of Compensation and Reimbursement of Expenses for the Period From May 1, 2025 Through June 2, 2025* (the "Application"), seeking compensation for the reasonable and necessary services rendered to the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Committee in the amount of $4,666,250.00 and reimbursement for actual and necessary expenses in the amount of $9,474.00.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court") on or before **July 10, 2025 at 4:00 p.m. Eastern Time**.

The Application is submitted pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Estate Professionals* [Docket No. 353] (the "Administrative Order") and the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order").

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon the following parties (the "Fee Notice Parties"): (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Mark McKane, P.C. (mark.mckane@kirkland.com), and Derek I. Hunter (derek.hunter@kirkland.com), Maddison Levine (maddison.levine@kirkland.com), and Brian J. Nakhaimousa (brian.nakhaimousa@kirkland.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Allison S. Mielke, Esq. (amielke@ycst.com); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Peter J. Keane, Esq.

(pkeane@pszjlaw.com), and (b) 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com), Shirley S. Cho, Esq. (scho@pszjlaw.com), and Theodore S. Heckel, Esq. (theckel@pszjlaw.com); (iii) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (iv) counsel to the DIP Lenders and Ad Hoc Group of First Lien Lenders, (a) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein, Esq. (jaymegoldstein@paulhastings.com), Jeremy Evans, Esq. (jeremyevans@paulhastings.com), and Isaac Sasson, Esq. (isaacsasson@paulhastings.com), and (b) Landis Rath & Cobb LLP, 919 N. Market Street Suite 1800, Wilmington, DE 19317, Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew McGuire, Esq. (mcguire@lrclaw.com); (v) counsel to the DIP Agent, (a) Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, Attn: Gregg Bateman, Esq. (bateman@sewkis.com), Sagar Patel, Esq. (patel@sewkis.com), and Michael Danenberg, Esq.(danenberg@sewkis.com); (vi) the fee examiner appointed in these Chapter 11 Cases, Don F. Oliver, Direct Fee Review LLC, 24A Trolley Square, #1225, Wilmington, Delaware, 19806, with an electronic copy sent to dfr.dfo@gmail.com and dfr.wjd@gmail.com; (vii) counsel to the ABL Lenders, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Jennifer Ezring, Esq. (Jennifer.Ezring@lw.com), James Ktsanes, Esq. (James.Ktsanes@lw.com) and Andrew Sorkin, Esq. (andrew.sorkin@lw.com); (viii) counsel to the Second Lien Term Loan Lenders, White & Case LLP, 200 S Biscayne Blvd, Miami, FL 33131, Attn: Thomas Lauria, Esq. (tlauria@whitecase.com), and 111 S. Wacker Dr., Suite 5100, Chicago, IL 60606, Attn: Bojan Guzina, Esq. (bojan.guzina@whitecase.com); and (ix) counsel to the HoldCo Lenders at the addresses set forth in (vii) above.

**PLEASE TAKE FURTHER NOTICE** the terms and conditions of the Administrative Order shall not be modified by the Fee Examiner Order, except that not later than three (3) business days after the filing of an Application, an Estate Retained Professional[2] shall send to the Fee Examiner via electronic mail such Fee Statement and any time entries and the expense detail filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable Fee Detail. If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professionals shall cooperate in good faith to agree on an appropriate electronic format.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THEN 80% OF FEES AND 100% OF EXPENSES REQUESTED IN THE APPLICATION MAY BE PAID PURSUANT TO THE ADMINISTRATIVE ORDER WITHOUT FURTHER HEARING OR ORDER OF THE COURT.

IF A TIMELY OBJECTION IS FILED AND SERVED, A HEARING ON THE APPLICATION WILL BE HELD AT A DATE AND TIME TO BE DETERMINED.

---

[2] Capitalized terms used but not otherwise defined in this Application have the meaning given to such terms in the Fee Examiner Order.

Dated:  June 19, 2025                Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
           pkeane@pszjlaw.com

-and-

Robert J. Feinstein (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
Theodore S. Heckel (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
           akornfeld@pszjlaw.com
           theckel@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline:**<br>July 10, 2025 at 4:00 p.m. (ET) |

## SUMMARY OF THE SIXTH MONTHLY FEE STATEMENT OF PERELLA WEINBERG PARTNERS LP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2025 THROUGH JUNE 2, 2025

| | |
|---|---|
| Name of Applicant: | Perella Weinberg Partners LP ("PWP") |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | February 12, 2025, effective as of November 26, 2024 [Docket No. 969] |
| Period for Which Reimbursement Is Sought: | May 1, 2025 through June 2, 2025 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $3,733,000.00 (80% of $4,666,250.00) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:   $9,474

This is a(n):   <u>  X  </u>  monthly   <u>      </u>  interim   <u>      </u>  final application

**Prior applications:**

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Docket No. 1058 | 11/26/2024 – 12/31/2024 | $204,166.67 | $43,401.27 | $163,333.34 (80% of $204,166.67) | $43,072.93 |
| Docket No. 1118 | 1/1/2025 – 1/31/2025 | $175,000.00 | $26,532.98 | $140,000 (80% of $175,000.00) | $26,532.98 |
| Docket No. 1307 | 2/1/2025 – 2/28/2025 | $175,000.00 | $31,156.00 | $140,000 (80% of $175,000.00) | $31,156.00 |
| Docket No. 1308 | 3/1/2025 – 3/31/2025 | $175,000.00 | $28,705.00 | $140,000 (80% of $175,000.00) | $28,705.00 |
| Docket No. 1621 | 4/1/2025 – 4/30/2025 | $175,000.00 | $13,125.00 | Pending | Pending |

# SIXTH MONTHLY FEE STATEMENT OF
# PERELLA WEINBERG PARTNERS LP

## SUMMARY OF TIME RECORDS BY PROFESSIONAL
## MAY 1, 2025 THROUGH JUNE 2, 2025

| Name | Position | Total Hours |
|---|---|---|
| Bruce Mendelsohn | Partner | 0.5 |
| Matt Rahmani | Managing Director | 0.5 |
| Bruce Baker | Associate | 11.5 |
| Daniel Augustine | Analyst | 10.0 |
| **Total Hours** | | **22.5** |

## SUMMARY OF TIME RECORDS BY CATEGORY
## MAY 1, 2025 THROUGH JUNE 2, 2025

| Category | Total Hours |
|---|---|
| General Case Administration | 18.5 |
| Due Diligence, Business Plan and Related Analyses | 4.0 |
| **Total Hours** | **22.5** |

## SUMMARY OF EXPENSES BY CATEGORY
## MAY 1, 2025 THROUGH JUNE 2, 2025[2]

| Name | Total Expenses |
|---|---|
| Third-Party Legal Fees | $9,474 |
| **Total** | **$9,474** |

---

[2] The expense reimbursements requested in the attached Monthly Fee Statement may not include certain expenses incurred by PWP during the fee period that have not been processed as of the date hereof. Any such expenses will be included in future Monthly Fee Statements.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**July 10, 2025 at 4:00 p.m. (ET)** |

### SIXTH MONTHLY FEE STATEMENT OF
### PERELLA WEINBERG PARTNERS LP FOR PAYMENT OF
### COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
### PERIOD FROM MAY 1, 2025 THROUGH JUNE 2, 2025

Perella Weinberg Partners LP ("PWP"), the investment banker for the official committee of unsecured creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby files its sixth monthly fee statement (this "Fee Statement") requesting (i) interim allowance of compensation for professional services rendered on behalf of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

the Committee during the fee period in the amount of $4,666,250.00, representing 100% of the Monthly Fees[2] (in the amount of $186,666.67[3]) and Transaction Fee (in the amount of $4,479,583.33[4]) for the fee period, (ii) payment in the amount of $3,733,000.00, which is equal to 80% of the Monthly Fees and Transaction Fee for the fee period, and (iii) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by PWP during the fee period in connection with such services in the aggregate amount of $9,474. In support of this Fee Statement, PWP respectfully represents as follows:

## Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Committee consents pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties,

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Order Authorizing the Employment and Retention of Perella Weinberg Partners LP as Investment Banker to the Official Committee of Unsecured Creditors Effective as of November 26, 2024* [Docket No. 969] (the "Retention Order").

[3] Pursuant to the Retention Order, PWP earned (i) a Monthly Fee for May 2025 in the amount of $175,000 and (ii) a pro-rated Monthly Fee for the period of June 1 through June 2, 2025 in the amount of $11,666.67.

[4] Pursuant to the Retention Order, PWP is entitled to a Transaction Fee in the amount of $4,500,000 upon consummation of a Transaction, which is defined in the Engagement Letter to include confirmation of a chapter 11 plan of reorganization for the Debtors. Accordingly, during this fee period, PWP earned a Transaction Fee, subject to the following crediting mechanism set forth in PWP's Engagement Letter: "an amount equal to 50% of each Monthly Fee after six (6) Monthly Fees paid hereunder shall (to the extent paid and without duplication) be credited against and subtracted from any Transaction Fee." **Exhibit A** attached hereto sets forth the calculation of the amount of Monthly Fees that should be credited against the Transaction Fee.

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are sections 105(a), 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-1.

## Background

4. On November 3, 2024 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases in this Court under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware filed a notice [Docket No. 188] appointing the Committee, which is composed of five members.

6. On November 26, 2024, the Committee selected PWP as its investment banker, subject to Court approval. On February 12, 2025, this Court entered the Retention Order.

## Relief Requested

7. By this Fee Statement, PWP requests (i) interim allowance of compensation for professional services rendered on behalf of the Committee during the fee period in the amount of $4,666,250.00, representing 100% of the Monthly Fees and Transaction Fee for the fee period, (ii) payment in the amount of $3,733,000.00, which is equal to 80% of the Monthly Fees and Transaction Fee for the fee period, and (iii) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by PWP during the fee period in connection with such services in the aggregate amount of $9,474.

8. All services for which compensation is requested by PWP were performed during the fee period on behalf of the Committee. Although PWP, in line with market convention, does not bill by the hour, PWP kept track of its post-petition time in half-hour increments in accordance with the Retention Order. During the fee period, PWP professionals spent approximately 22.5 total hours providing investment banking services to the Committee. Time records are attached hereto as **Exhibit A**.[5]

9. The fees charged by PWP have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by PWP for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. PWP submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national financial advisory and investment banking market.

10. There is no agreement or understanding between PWP and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## Actual and Necessary Disbursements

11. PWP also incurred certain necessary expenses during the fee period for which it is entitled to reimbursement under the Engagement Letter and the Retention Order. As set forth in detail in the summary attached hereto as **Exhibit B**, PWP's total expenses incurred during the fee period are $9,474.[6]

---

[5] PWP reserves all rights regarding the allocation of its fees and expenses among the Debtors.

[6] Additionally, the expense reimbursements requested herein may not include certain expenses incurred by PWP during the fee period that have not been processed as of the date hereof. Any such expenses will be included in future Monthly Fee Statements.

12. PWP believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** attached hereto are in compliance with the requirements of Local Rule 2016-1, as modified by the Retention Order.

WHEREFORE, PWP requests (i) interim allowance of compensation for professional services rendered on behalf of the Committee during the fee period in the amount of $4,666,250.00, (ii) payment in the amount of $3,733,000.00, and (iii) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by PWP during the fee period in connection with such services in the amount of $9,474.

Dated: June 19, 2025

Respectfully Submitted,

**PERELLA WEINBERG PARTNERS LP**

*/s/ Bruce Mendelsohn*
Bruce Mendelsohn
Partner
Perella Weinberg Partners LP

**VERIFICATION**

I, Bruce Mendelsohn, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby verify that:

1. I am a Partner with Perella Weinberg Partners LP ("PWP"), and I am duly authorized to make this certification on behalf of PWP. PWP was retained by the official committee of unsecured creditors in the chapter 11 cases of the above-captioned debtors as investment banker. This certification is made in support of the *Sixth Monthly Fee Statement of Perella Weinberg Partners LP for Payment of Compensation and Reimbursement of Expenses for the Period from May 1, 2025 Through June 2, 2025* (the "Application") and in compliance with rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

2. The facts set forth in the foregoing application are true and correct to the best of my knowledge, information, and belief.

Dated: June 19, 2025

Respectfully Submitted,

**PERELLA WEINBERG PARTNERS LP**

*/s/ Bruce Mendelsohn*
Bruce Mendelsohn
Partner
Perella Weinberg Partners LP