## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRANCHISE GROUP., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re. D.I. 1604** |

### JACK W. EICHELBERGER TRUST'S OBJECTION TO DEBTORS' NOTICE OF THIRD AMENDED PLAN SUPPLEMENT CONCERNING ASSUMPTION OF EXECUTORY CONTRACTS, UNEXPIRED LEASES, AND ASSOCIATED CURE COSTS

Jack W. Eichelberger Trust files this objection (the "Cure Objection") to the *Notice of Third Amended Plan Supplement Concerning Assumption of Executory Contracts, Unexpired Leases, and Associated Cure Costs* [D.I. 1604] (the "Plan Supplement"), and respectfully states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home and Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing, LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**RELEVANT BACKGROUND**

1.      On April 3, 1995, the Jack W. Eichelberger Trust ("JET") and PSP Stores, LLC ("PSP") entered into a commercial real estate lease agreement whereby JET is the lessor, and Debtor is the lessee (the "Lease").

2.      Among other obligations, PSP is responsible for paying annual expenses concerning common area maintenance.

3.      On November 3, 2024, (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, "Debtors") filed voluntary petitions under chapter 11 of title of the United States Code (the "Bankruptcy Code") in this Court (these "Chapter 11 Cases").

4.      On November 11, 2024, Debtors filed the *Debtors Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 154] (the "Sale Motion").

5.      On December 12, 2024, this Court entered an Order approving the Sale Motion [D.I. 444] (the "Sales Procedures Order").

6.      On December 20, 2024, Debtors filed a *Notice of Possible Assumption and Assignment and Cure Costs with Respect to Executory Contracts and Unexpired Leases* [D.I. 487] (the "Notice") in connection with sale of Debtors' assets.

7.      Pursuant to the Notice, Debtors served a designation of the contracts (the "Assumption and Assignment Notice") with non-debtor counterparties to executory contracts and

unexpired leases with any of the Debtors that Debtors may assume and assign to the Purchaser (the "Assumable Unexpired Leases").

8.      The Lease is an Assumable Unexpired Lease proposed to be assumed and assigned.

9.      On May 27, 2025, JET's property manager, Ms. Drena Connor emailed Debtor's lease administrator an invoice detailing an unpaid balance concerning Debtor's 2024 common area maintenance expenses.  A true and accurate copy of the email and invoice is attached hereto as **Exhibit A**.

10.      On June 6, 2025, Debtors filed the pertinent Plan Supplement which indicated a cure amount of $959.93 due and owing to JET (the "Proposed Cure Amount").

11.      According to JET's records, however, as of June 20, 2025, PSP is approximately $10,124.08 in arrears and the Debtors are required to pay JET not less than the same in order to cure all defaults under the Lease.[2]

12.      Accordingly, the Proposed Cure Amount does not cure all defaults under the Lease, and consequently Debtors have failed to show that the Proposed Cure Amount with Section 365(b) of the Bankruptcy Code.

## OBJECTION

13.      Pursuant to 11 U.S.C. § 365(b)(1), JET's Lease cannot be assumed by Debtors and assigned to the Purchaser unless Debtors cure all defaults under the Lease.

14.      To assume an executory contract, a debtor must satisfy the "statutory conditions designed to make the non-debtor contracting party whole," one such condition being curing any defaults under the unexpired lease prior to assumption. *In re Wireless Data, Inc.*, 547 F.3d 484, 489 (2d. Cir. 2008); *see also In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3d. Cir. 2003)

---

[2]      JET will supplement this Cure Objection with supporting documentation upon Debtors' request.

("In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); *In re Atkins*, 237 B.R. 816, 819-20 (Bankr. M.D. Fla. 1999); *In re Patriot Place, Ltd*., 486 B.R. 773, 796 (Bankr. W.D. Tex. 2013) (ruling that "[f]ailure of Chapter 11 debtor-in-possession (DIP) to pay its personal property taxes constituted a "default" of its shopping center lease, and so, to assume such lease, DIP had to comply with the requirements of the section of the Bankruptcy Code requiring a debtor to cure defaults before assuming unexpired leases.")).

15.     Thus, whether a debtor may assume a contract "depends on the debtor's ability to cure (or provide adequate assurance that it will promptly cure) all pre-petition defaults' arising under the contract." *In re Wireless Data, Inc*., at 494. The Proposed Cure Amount asserted by Debtors in the Plan Supplement is significantly less than the amount required to cure defaults existing as of the Petition Date under the Lease.

16.     Moreover, the Lease cannot be assumed by Debtors and assigned to the Purchaser unless Debtors provide adequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C). Debtors should confirm that any post-petition amounts owing under the Lease will continue to be paid by Debtors and/or the Purchaser or another bidder.

## **RESERVATION OF RIGHTS**

17.     JET reserves all its rights and available remedies under applicable law, including without limitation, its right to amend this Cure Objection to include any additional facts as may be determined by further investigation of the Lease. Further, although addressed by the terms of the Lease, in the absence of full and agreement between JET and Debtors, JET reserves any and all rights to assert any claim in these Chapter 11 Cases including any claim under Section 503(b)(9) and 546 of the Bankruptcy Code and applicable state law.

Dated: June 20, 2025
    Wilmington, Delaware

Respectfully submitted,

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Alexis R. Gambale*
Alexis R. Gambale, Esq. (No. 7150)
824 North Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 295-0145
Email: agambale@pashmanstein.com


-and-


**SEBALY, SHILLITO + DYER**

Christopher S. Baxter, Esq. (*pro hac vice* pending)
220 E. Monument Avenue, Suite 500
Dayton, Ohio 45402
Telephone: (937) 222-2500
Email: cbaxter@ssdlaw.com

*Counsel for the Jack W. Eichelberger Trust*