IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors.[2] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:** July 11, 2025 at 4:00 p.m. (ET) |
| | ) | |
| | ) | **Hearing Date:** July 22, 2025 at 10:00 a.m. (ET) |

**REORGANIZED DEBTORS' MOTION FOR
ENTRY OF A FINAL DECREE AND ORDER CLOSING
CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] On June 6, 2025, every Debtor except Freedom VCM Holdings, LLC emerged from these chapter 11 cases and is now a Reorganized Debtor (as defined herein). *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605] (the "Notice of Effective Date").

The above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors," and before the Effective Date of the Plan, the "Debtors") state as follows in support of this motion (this "Motion"):[3]

### Relief Requested

1. The Reorganized Debtors seek entry of an order and final decree, substantially in the form attached hereto as **Exhibit A** (the "Proposed Final Decree"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 14.17 of the Plan, (a) authorizing the Reorganized Debtors to close all of the chapter 11 cases[4] other than the chapter 11 cases of Franchise Group, Inc., Case No. 24-12480 (LSS) (the "Lead Case") and Freedom VCM Holdings, LLC, Case No. 24-12496 (LSS) ("TopCo") (collectively, the "Closed Cases");[5] (b) providing that, subsequent to the entry of the

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

[4] The Reorganized Debtors intend to close TopCo's chapter 11 case subject to confirmation of TopCo's chapter 11 plan and upon the occurrence of the effective date thereof.

[5] The Closed Cases are as follows: Freedom VCM Interco Holdings, Inc., Case No. 24-12499 (LSS); Freedom Receivables II, LLC, Case No. 24-12492 (LSS); Freedom VCM Receivables, Inc., Case No. 24-12506 (LSS); Freedom VCM Interco, Inc., Case No. 24-12502 (LSS); Freedom VCM, Inc., Case No. 24-12509 (LSS); Franchise Group New Holdco, LLC, Case No. 24-12528 (LSS); American Freight FFO, LLC, Case No. 24-12531 (LSS); Franchise Group Acquisition TM, LLC, Case No. 24-12524 (LSS); Franchise Group Intermediate Holdco, LLC, Case No. 24-12491 (LSS); Franchise Group Intermediate L, LLC, Case No. 24-12495 (LSS); Franchise Group Newco Intermediate AF, LLC, Case No. 24-12518 (LSS); American Freight Group, LLC, Case No. 24-12490 (LSS); American Freight Holdings, LLC, Case No. 24-12494 (LSS); American Freight, LLC, Case No. 24-12527 (LSS); American Freight Management Company, LLC, Case No. 24-12498 (LSS); Franchise Group Intermediate S, LLC, Case No. 24-12504 (LSS); Franchise Group Newco S, LLC, Case No. 24-12484 (LSS); American Freight Franchising, LLC, Case No. 24-12483 (LSS); Home & Appliance Outlet, LLC, Case No. 24-12514 (LSS); American Freight Outlet Stores, LLC, Case No. 24-12503 (LSS); American Freight Franchisor, LLC, Case No. 24-12487 (LSS); Franchise Group Intermediate B, LLC, Case No. 24-12529 (LSS); Buddy's Newco, LLC, Case No. 24-12516 (LSS); Buddy's Franchising and Licensing LLC, Case No. 24-12512 (LSS); Franchise Group Intermediate V, LLC, Case No. 24-12511 (LSS); Franchise Group Newco V, LLC, Case No. 24-12489 (LSS); Franchise Group Intermediate BHF, LLC, Case No. 24-12486 (LSS); Franchise Group Newco

2

Proposed Final Decree, any pending or future matters regarding the Closed Cases shall be addressed and administered in the Lead Case; (c) waiving certain reporting requirements; (d) amending the caption in the Lead Case; and (e) granting related relief.

2. The Reorganized Debtors propose that the caption for the Lead Case be amended and provide as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

3. To ensure that no creditor or party in interest's rights are prejudiced by the relief requested through this Motion, nothing in the Proposed Final Decree would operate as a waiver or release of the Debtors' obligations under the Plan. Further, the Proposed Final Decree, consistent with Section 14.17 of the Plan, authorizes Franchise Group, Inc. to object to and resolve all claims

---

BHF, LLC, Case No. 24-12515 (LSS); Valor Acquisition, LLC, Case No. 24-12505 (LSS); Vitamin Shoppe Industries LLC, Case No. 24-12521 (LSS); Vitamin Shoppe Global, LLC, Case No. 24-12517 (LSS); Vitamin Shoppe Mariner, LLC, Case No. 24-12523 (LSS); Vitamin Shoppe Procurement Services, LLC, Case No. 24-12532 (LSS); Vitamin Shoppe Franchising, LLC, Case No. 24-12513 (LSS); Vitamin Shoppe Florida, LLC, Case No. 24-12510 (LSS); Betancourt Sports Nutrition, LLC, Case No. 24-12507 (LSS); Franchise Group Intermediate PSP, LLC, 24-12500 (LSS); Franchise Group Newco PSP, LLC, Case No. 24-12522 (LSS); PSP Midco, LLC, Case No. 24-12488 (LSS); Pet Supplies "Plus", LLC, Case No. 24-12519 (LSS); PSP Group, LLC, Case No. 24-12482 (LSS); PSP Service Newco, LLC, Case No. 24-12493 (LSS); WNW Franchising, LLC, Case No. 24-12525 (LSS); WNW Stores, LLC, Case No. 24-12530 (LSS); PSP Stores, LLC, Case No. 24-12497 (LSS); PSP Franchising, LLC, Case No. 24-12481 (LSS); PSP Subco, LLC, Case No. 24-12501 (LSS); PSP Distribution, LLC, Case No. 24-12526 (LSS); Franchise Group Intermediate SL, LLC, Case No. 24-12508 (LSS); Franchise Group Newco SL, LLC, Case No. 24-12485 (LSS); and Educate, Inc., Case No. 24-12520 (LSS).

and interests asserted against any of the Debtors in the Lead Case, despite the closing of the Closed Cases.

## Jurisdiction and Venue

4. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1, and Section 14.17 of the Plan.

## Background

**A.    General Background**

7. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On November 19, 2024, the U.S. Trustee

4

appointed the Creditors' Committee [Docket No. 188]. On January 15, 2025, the Debtors appointed a fee examiner [Docket No. 747].

8. On November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151] with the Court. Subsequently, the Debtors filed amended versions of the chapter 11 plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312, & 1454]. On May 20, 2025, the Court held a hearing to consider Confirmation of the Plan and approval of the Global Settlement. On May 28, 2025, the Court issued a bench ruling to confirm the Plan with respect to all Debtors except for TopCo and approve the Global Settlement with respect to all Debtors.

9. On June 2, 2025, the Court confirmed the Plan, as to all Debtors other than TopCo, which was attached as Exhibit A to the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"). The Effective Date of the Plan with respect to all Debtors except for TopCo occurred on June 6, 2025 [Docket No. 1605], and the Debtors emerged from chapter 11 as the Reorganized Debtors.

B. **Claims Administration**

10. On November 6, 2024, the Court entered an order [Docket No. 113] appointing Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent in the chapter 11 cases. Among other things, Kroll is authorized to (a) receive, maintain, docket, and otherwise administer the proofs of claim filed in the chapter 11 cases and (b) maintain an official claims register for the Debtors.

5

11. On December 24, 2024, the Debtors filed the Debtors' Schedules of Assets and Liabilities and the Statements of Financial Affairs [Docket Nos. 500-558], and on April 28, 2025, the Debtors filed the Notice of Amendment to Schedule G for Certain of the Debtors [Docket Nos. 1328-1334] (collectively, the "Schedules and Statements").

12. On December 6, 2024, the Court entered an order [Docket No. 354] (the "Bar Date Order") providing that, except as otherwise provided therein, (i) all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file proofs of claim by January 23, 2025 on or before 11:59 p.m. (ET) (the "General Bar Date"), and (ii) all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured nonpriority claims, were required to file proofs of claim by May 2, 2025 at 11:59 p.m. (ET) (together with the General Bar Date, the "Bar Dates").

13. On December 26, 2024, the Debtors served notice of the Bar Dates by mail and publication in accordance with the procedures outlined in the Bar Date Order.

14. Pursuant to the Plan, the deadline for filing any claims asserting administrative expense liabilities against the Debtors is July 7, 2025 (the "Administrative Claim Bar Date"). On June 6, 2025, the Debtors provided notice to all known creditors and interested parties of the Administrative Claim Bar Date [Docket No. 1605].

15. Upon the occurrence of the Effective Date of the Plan, the Debtors implemented the required transactions to consummate the Plan, including, but not limited to, initiating hundreds of millions of dollars in payments, including settlement payments, cure payments, professional fees payments, transaction fees, Litigation Trust funding, and insurance payments.

**Basis for Relief**

**A.**     **Entry of a Final Decree and Order Closing the Closed Cases**

16.     Section 350(a) of the Bankruptcy Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.  In addition, Local Rule 3022-1(a) provides:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid.  Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.

17.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

(a)     whether the order confirming the plan has become final;

(b)     whether deposits required by the plan have been distributed;

(c)     whether the property proposed by the plan to be transferred has been transferred;

(d)     whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(e)     whether payments under the plan have commenced; and

(f)     whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee's note to Fed. R. Bankr. P. 3022.

18. Courts in this district and others consider these factors as a guide in determining whether a case has been fully administered. *See In re SLI, Inc.,* No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *see also In re JCP Props., Ltd.,* 540 B.R. 596, 606 (Bankr. S.D. Tex. 2015) (internal quotations and citations omitted) (observing that factors (3)–(5) correspond "to whether substantial consummation of the chapter 11 plan has been achieved); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.,* 238 B.R. 531, 541–42 (Bankr. E.D.N.Y. 1999) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."); *Walnut Assocs. v. Saidel,* 164 B.R 487, 493 (E.D. Pa. 1994) (citing *In re Mold Makers, Inc.,* 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)).

19. Here, the foregoing factors weigh in favor of closing each of the Closed Cases, which will reduce costs incurred by the Debtors' estates and encourage administrative efficiency. In particular:

   (a) the Confirmation Order has become final and is non-appealable;

   (b) the Debtors have emerged from chapter 11;

   (c) upon the occurrence of the Effective Date, all property of the Debtors has been transferred to or otherwise vested in the Reorganized Debtors or the Litigation Trust pursuant to the terms of the Plan, as applicable. *See* Plan §§ 7.4; 7.10;

   (d) the Reorganized Debtors have assumed operations of the Debtors' businesses and management of the property dealt with by the Plan in the ordinary course of business;

   (e) substantially all undisputed administrative expenses, including the U.S. Trustee fees, have been paid or will be paid when they come due in the ordinary course of the Reorganized Debtors' businesses, if they come due after the closure of the Closed Cases; and

   (f) the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

20. In addition, the Lead Case will remain open following entry of the Proposed Final Decree so that any matters that would pertain specifically to the Closed Cases, or claims filed solely against the Debtors or Reorganized Debtors in the Closed Cases, can be adjudicated in the Lead Case without any prejudice to the rights of third parties.

21. The Reorganized Debtors respectfully submit that any and all disputed claims, motions, contested matters, and adversary proceedings that are currently pending or filed in the future with respect to the Closed Cases can be administered under the Lead Case without affecting any parties' substantive rights.  By closing the Closed Cases, it is not the Reorganized Debtors' intent to impair or otherwise affect the rights of any party in interest, including, without limitation, with respect to the claims reconciliation process and Plan distributions.  Rather, the Closed Cases are simply unnecessary to the continued administration of matters related to the Reorganized Debtors.  Given that any issues related to claims, distributions, or other relatively de minimis administrative matters can be addressed in the Lead Case, the cost of administering over 50 chapter 11 cases cannot be justified.  In light of the foregoing, leaving the Closed Cases open while the claims reconciliation/distribution process is completed significantly prejudices the Reorganized Debtors by causing them to incur unnecessary fees and expenses.

22. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Furthermore, the entry of a final decree closing the Closed Cases will be without prejudice to creditors' rights to petition the Court to reopen any of the Closed Cases pursuant to section 350(b) of the Bankruptcy Code.

23. Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c).  The administration of assets and liabilities will occur in the Lead Case in

accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Lead Case. Consequently, filing a final report for each of the Closed Cases at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

## NOTICE

24. The Reorganized Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree (a) closing the Closed Cases and leaving open the Lead Case; (b) requiring any pending or future matters regarding the Closed Cases be addressed in the Lead Case; (c) waiving certain reporting requirements; (d) amending the caption of the Lead Case; and (e) granting such other and further relief as is just and proper.

Dated: June 27, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Edmon L. Morton (Del. No. 3856)<br>Matthew B. Lunn (Del. No. 4119)<br>Allison S. Mielke (Del. No. 5934)<br>Shella Borovinskaya (Del. No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  emorton@ycst.com<br>         mlunn@ycst.com<br>         amielke@ycst.com<br>         sborovinskaya@ycst.com | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  joshua.sussberg@kirkland.com<br>         nicole.greenblatt@kirkland.com<br>         derek.hunter@kirkland.com<br><br>- and -<br><br>Mark McKane, P.C. (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, California 94104<br>Telephone:  (415) 439-1400<br>Facsimile:  (415) 439-1500<br>Email:  mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |