## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.,*[1] | ) Case No. 24-12480 (LSS) |
| | ) |
| Debtors.[2] | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 1454** |
| | ) |

## FINDINGS OF FACT, CONCLUSIONS
## OF LAW, AND ORDER CONFIRMING THE NINTH
## AMENDED JOINT CHAPTER 11 PLAN OF FREEDOM VCM HOLDINGS, LLC

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

having:[3]

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2]   On June 6, 2025, the Confirmation Debtors (as defined herein)' emerged from chapter 11 and are now the Reorganized Debtors, as applicable. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605] (the "Notice of Confirmation Debtors' Effective Date").

[3]   Capitalized terms used but not otherwise defined herein (this "TopCo Confirmation Order") shall have the meanings ascribed to them later in this TopCo Confirmation Order, the Non-TopCo Confirmation Order, or in

a.    entered into that certain Restructuring Support Agreement, dated as of November 1, 2024, by and among the Debtors and the Consenting First Lien Lenders (as may be amended from time to time in accordance with its terms, the "<u>Restructuring Support Agreement</u>");

b.    commenced, on November 3, 2024 (the "<u>Petition Date</u>"), these chapter 11 cases (these "<u>Chapter 11 Cases</u>") by Filing voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

c.    Filed, on November 4, 2024, the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "<u>First Day Declaration</u>");

d.    continued to operate and manage their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

e.    Filed, on November 11, 2024, (a) the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 150], (b) the *Disclosure Statement for the Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151], and (c) the *Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* [Docket No. 152];

f.    obtained, on December 6, 2024, entry of (a) the *Order (A) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and (B) Approving the Form and Manner of Notice Thereof* [Docket No. 354] (the "<u>Bar Date Order</u>") and (b) the *Final Order (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and Compensation Obligations and (B) Maintain the Compensation Obligations and Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 348];

g.    obtained, on December 11, 2024, entry of (a) the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 414] (the "<u>Final DIP Order</u>") and

---

the Plan (each as defined herein). The rules of interpretation set forth in <u>Article I</u> of the Plan shall apply to this TopCo Confirmation Order.

(b) the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief* [Docket No. 410];

h.    obtained, on December 16, 2024, entry of the *Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [Docket No. 444] (the "Bidding Procedures Order");

i.    caused, on December 19, 2024, the Sale Hearing Notice (as defined in the Bidding Procedures Order) to be published in the *New York Times* (National Edition), as evidenced by the *Certificate of Publication* [Docket No. 593];

j.    Filed, on January 3, 2025, (a) the *First Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 654] and (b) the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 655];

k.    Filed, on February 3, 2025, (a) the *Second Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 894] and (b) the *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 895];

l.    Filed, on February 4, 2025, the *Notice of Adjournment of Auction* [Docket No. 916];

m.    Filed, on February 5, 2025, (a) the *Third Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 925] and (b) the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 926];

n.    Filed, on February 10, 2025, the *Notice of Further Adjournment of Auction* [Docket No. 948];

o.    Filed, on February 12, 2025, (a) the *Fourth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 957] and (b) the *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 958];

p.    Filed, on February 12, 2025, the *Notice of Cancellation of Auction* [Docket No. 961];

q.    Filed, on February 18, 2025, (a) the *Fifth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 996] and (b) the *Disclosure Statement for the Fifth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 995];

r.  Filed, on February 20, 2025, (a) the *Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1015] and (b) the *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1014] (as amended, supplemented, or modified from time to time, the "Disclosure Statement");

s.  obtained, on February 21, 2025, entry of the *Order (I) Approving the Disclosure Statement; (II) Approving the Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* [Docket No. 1019] (the "Disclosure Statement Order"), following a hearing (the "Disclosure Statement Hearing"), which, among other things, approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code, the solicitation and voting procedures (the "Voting Procedures"), the Confirmation Hearing Notice, and other related forms and ballots (the foregoing materials, collectively, the "Solicitation Package");

t.  caused the Solicitation Package and the *Notice of Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Voting Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Solicitation Materials and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* (the "Confirmation Hearing Notice") to be distributed on or before February 28, 2025, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Disclosure Statement Order, as evidenced by, among other things, the *Affidavit of Service* [Docket No. 1383] (the "Solicitation Affidavit");

u.  Filed and caused to be served, on February 21, 2025, the Confirmation Hearing Notice [Docket No. 1021], and caused the Confirmation Hearing Notice to be published on the Debtors' case website;

v.  caused, on February 25, 2025, the Confirmation Hearing Notice to be published in *The Wall Street Journal* as evidenced by the *Affidavit of Publication in the Wall Street Journal* [Docket No. 1030] (the "Publication Affidavit");

w.  Filed and caused to be served, on March 27, 2025, the *Notice of Filing of Plan Supplement* [Docket No. 1182] (as amended, modified, or supplemented from time to time, the "Initial Plan Supplement"), as evidenced by the *Affidavit of Service* [Docket No. 1311];

4

x.    Filed, on April 3, 2025, the *Seventh Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1233];

y.    obtained, on April 7, 2025, entry of the *Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1253], extending the Debtors' exclusive period to file a chapter 11 plan and solicit acceptances thereof to June 2, 2025, and July 31, 2025, respectively;

z.    Filed, on April 17, 2025, the *Notice of Global Settlement* [Docket No. 1290];

aa.   Filed, on April 25, 2025, the (a) *Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1312] (the "Eighth Amended Plan") and (b) *Disclosure Statement Supplement for the Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1314] (as amended, supplemented, or modified from time to time, the "Disclosure Statement Supplement");

bb.   obtained, on April 26, 2025, entry of the *Order (I) Approving the Form, Content, and Manner of Notice of the Disclosure Statement Supplement, (II) Approving Certain Deadlines and Procedures in Connection with Confirmation, and (III) Granting Related Relief* [Docket No. 1322] (the "Disclosure Statement Supplement Order," and together with the Disclosure Statement Order, the "Disclosure Statement Orders"), which, among other things, approved (a) the Disclosure Statement Supplement as containing adequate information under section 1125 of the Bankruptcy Code, (b) certain modified dates and deadlines in connection with Confirmation, and (c) the distribution of a supplemental solicitation package containing the Disclosure Statement Supplement and the Eighth Amended Plan (together, the "Supplemental Solicitation Package");

cc.   caused the Supplemental Solicitation Package to be distributed on or before April 29, 2025, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and the Disclosure Statement Supplement Order, as evidenced by, among other things, the *Affidavit of Service* [Docket No. 1448] (the "Disclosure Statement Supplement Affidavit," and together with the Solicitation Affidavit and the Publication Affidavit, the "Affidavits");

dd.   Filed and caused to be served, on April 30, 2025, the *Notice of Filing of Amended Plan Supplement* [Docket No. 1371] (the "First Amended Plan Supplement"), as evidenced by the *Certificate of Service* [Docket No. 1444];

ee.   obtained, on May 7, 2025, entry of the *Order (I) Authorizing Franchise Group Intermediate V, LLC to Enter into and Perform Its Obligations Under the Asset Purchase Agreement, (II) Approving the Sale of Certain Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1429] (the "Sale Order");

ff.   Filed, on May 14, 2025, the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (as amended, modified, or supplemented from time to time the "Plan"), attached hereto as **Exhibit A**;

gg.   Filed, on May 14, 2025, the *Debtors' Memorandum of Law (I) In Support of an Order (A) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (B) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties, and (II) Omnibus Reply to Objections Thereto* [Docket No. 1457] (the "Confirmation Brief");

hh.   Filed on May 14, 2025, the *Declaration of Craig Johnson of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1458] (as may be amended, modified, or supplemented from time to time, the "Voting Report");

ii.   Filed, on May 14, 2025, (a) the *Declaration of David Orlofsky in Support of an Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1465] (the "Orlofsky Confirmation Declaration"), (b) the *Declaration of Christopher Grubb in Support of an Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1466] (the "Grubb Confirmation Declaration"), (c) the *Declaration of Christopher P. Meyer in Support of and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1467], (d) the *Declaration of Michael J. Wartell in Support of the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1468] (the "Wartell Confirmation Declaration"), and (e) the *Declaration of Jeffrey W. Kopa in Support of an Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1471] (the "Kopa Confirmation Declaration,");

jj.   Filed, on May 14, 2025, the *Debtors' Second Omnibus (Nonsubstantive) Objection to Proofs of Claim* [Docket No. 1478];

kk.   Filed, on May 17, 2025, the *Amended Declaration of Christopher P. Meyer in Support of and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1514] (the "Meyer Confirmation Declaration," and together with the Orlofsky Confirmation Declaration, the Grubb Confirmation Declaration, the Wartell Confirmation Declaration, and the Kopa Confirmation Declaration, the "Confirmation Declarations");

ll.  Filed and caused to be served, on May 19, 2025, the *Notice of Filing of Second Amended Plan Supplement* [Docket No. 1518] (the "Second Amended Plan Supplement"), as evidenced by the *Affidavit of Service* [Docket No. 1541];

mm.  Filed and caused to be served, on May 21, 2025, the *Notice of the Occurrence of Sale Closing on May 19, 2025* [Docket No. 1554], as evidenced by the *Affidavit of Service* [Docket No. 1590];

nn.  obtained, on June 2, 2025, entry of the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action By and Among the Global Settlement Parties* [Docket No. 1596];

oo.  Filed and caused to be served, on June 6, 2025, the *Notice of Filing of Third Amended Plan Supplement* [Docket No. 1604] (the "Third Amended Plan Supplement," and together with the Initial Plan Supplement, the First Amended Plan Supplement, and the Second Amended Plan Supplement, the "Plan Supplement"), as evidenced by the *Affidavit of Service* [Docket No. 1648]; and

pp.  File and causes to be served, on June 6, 2025, the Notice of Confirmation Debtors' Effective Date, as evidenced by the *Affidavit* [Docket No. 1679].

This Bankruptcy Court having:

a.  entered, on February 21, 2025, the Disclosure Statement Order;

b.  entered, on April 26, 2025, the Disclosure Statement Supplement Order;

c.  set May 7, 2025, at 5:00 p.m. (prevailing Eastern Time) as the deadline to vote to accept or reject the Plan and opt in to the Third-Party Releases (the "Voting Deadline");

d.  set May 7, 2025, at 5:00 p.m. (prevailing Eastern Time) as the deadline for Filing objections to the Plan (the "Objection Deadline");

e.  set May 20, 2025, at 10:00 a.m. (prevailing Eastern Time) as the date and time for the Confirmation Hearing pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

f.  considered the Plan, the Plan Supplement, the Disclosure Statement, the Disclosure Statement Supplement, the Confirmation Brief, the Confirmation Declarations, the Voting Report, the Confirmation Hearing Notice, and the Affidavits;

g.  reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Articles XII and XV of the Plan;

h.     considered the Restructuring Transactions and the Global Settlement incorporated and described in the Plan, including in the Plan Supplement;

i.     held the Confirmation Hearing;

j.     heard the statements and arguments made by counsel and parties in interest in respect of Confirmation;

k.     considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding Confirmation and having admitted the same into evidence at the Confirmation Hearing;

l.     overruled, including for any reasons stated on the record of the Confirmation Hearing, any and all objections to Confirmation of the Plan with respect to all Debtors except for TopCo (collectively, the "Confirmation Debtors") and approval of the Global Settlement, and all statements and reservations of rights not consensually resolved, waived, settled, or withdrawn unless otherwise indicated herein or on the record at the Confirmation Hearing;

m.     considered the pleadings and other documents Filed and all evidence and arguments proffered or otherwise presented at or with respect to the Confirmation Hearing;

n.     entered the *Order Approving Stipulation and Agreed Order Relating to the Withdrawal of Proofs of Claims of the Claimants and (II) the Claims Objection* [Docket No. 1561] (the "Claims Stipulation Order");

o.     entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action By and Among the Global Settlement Parties* [Docket No. 1596] (the "Non-TopCo Confirmation Order"), which confirmed the Plan with respect to the Confirmation Debtors and approved the Global Settlement with respect to all Debtors; and

p.     entered the *Order Sustaining Debtors' Second Omnibus (Nonsubstantive) Objection to Proofs of Claim* [Docket No. 1649] (the "Claims Objection Order").

NOW, THEREFORE, the Bankruptcy Court having found that the Confirmation Hearing Notice and the opportunity for any party in interest to object to Confirmation of the Plan with respect to TopCo has been adequate and appropriate as to all parties affected or to be affected by the Plan and the Restructuring Transactions contemplated thereby; and the Bankruptcy Court having found that the record of these Chapter 11 Cases and the legal and factual bases set forth in the documents Filed in support of Confirmation of the Plan with respect to TopCo and all evidence

proffered or adduced by counsel at the Confirmation Hearing, establish just cause for the relief

granted herein; and after due deliberation thereon and good cause appearing therefor, the

Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of Law,

and orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A.    Findings of Fact and Conclusions of Law**

1.    The findings of fact and the conclusions of Law set forth and incorporated in this

TopCo Confirmation Order, the Non-TopCo Confirmation Order, and on the record of the

Confirmation Hearing (which are each incorporated into this TopCo Confirmation Order by this

reference) constitute the Bankruptcy Court's findings of fact and conclusions of Law in accordance

with Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

Each finding of fact set forth or incorporated in this TopCo Confirmation Order, to the extent it is

or may be deemed a conclusion of Law, shall also constitute a conclusion of Law.  Each conclusion

of Law set forth or incorporated in this TopCo Confirmation Order, to the extent it is or may be

deemed a finding of fact, shall also constitute a finding of fact.

2.    Except as expressly set forth herein, the findings of fact and conclusions of Law set

forth in the Non-TopCo Confirmation Order are incorporated herein by reference in their entirety,

and, pursuant to this TopCo Confirmation Order, apply to TopCo.  Notwithstanding the foregoing,

the findings of fact and conclusions of Law set forth in this TopCo Confirmation Order are solely

intended to supplement the findings of fact and conclusions of Law set forth in the Non-TopCo

Confirmation Order with respect TopCo and shall not otherwise modify the Non-TopCo

Confirmation Order with respect to the Confirmation Debtors.  For the avoidance of doubt, nothing

in this TopCo Confirmation Order is intended to amend, alter, or modify the Non-TopCo

Confirmation Order with respect to Confirmation of the Plan for the Confirmation Debtors or the Bankruptcy Court's approval of the Global Settlement for all Debtors.

**B.      Jurisdiction, Venue, and Core Proceeding**

3.      The Bankruptcy Court has subject matter jurisdiction over this matter under sections 157 and 1334 of title 28 of the United States Code, 28 U.S.C. §§ 1–4881 (the "Judicial Code"), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.    The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed.    Venue is proper before the Bankruptcy Court pursuant to sections 1408 and 1409 of the Judicial Code.    Confirmation of the Plan and approval of the Global Settlement are core proceedings within the meaning of section 157(b)(2) of the Judicial Code.

**C.      Objections**

4.      Any resolution of objections to Confirmation of the Plan with respect to TopCo explained on the record at the Confirmation Hearing are hereby incorporated by reference.    The *Objection and Reservation of Rights of Brian Kahn and Lauren Kahn JT TEN to Confirmation of Eighth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1430] (the "Kahn Objection"), filed by Brian Kahn and Lauren Kahn JT TEN, has been fully resolved with respect to confirmation of the Plan at TopCo. All unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved Cure Disputes and objections to the assumption or rejection of Executory Contracts and Unexpired Leases), if any, related to Confirmation with respect to TopCo are overruled on the merits.

**D.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129)**

5.    The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code with respect to TopCo.

    **a)    Compliance with Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

6.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code.  In addition, the Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

    **i)    Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2) and 1123(a)(3)).**

7.    The Plan satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code. Article IV of the Plan specifies that Claims in Classes 1 and 2 are Unimpaired.  Article IV of the Plan also specifies the treatment of each Impaired Class under the Plan with respect to the Debtors, which are Classes 3, 4, 5, 6, 7, 8-A, 8-B, 8-C, and 10.  Holders of Claims in Class 10 are Impaired under the Plan and are conclusively deemed to have rejected the Plan.  Holders of Claims and Equity Interests in Classes 9 and 12 are deemed to have accepted or deemed to have rejected the Plan depending on whether such Claims and Equity Interests are reinstated or canceled and released without any distribution an account of such Claims or Equity Interests.  Following entry of the Claims Stipulation Order and the Claims Objection Order, all Claims in Class 8-C have been disallowed, withdrawn, or satisfied.  Class 8-C is therefore vacant for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

**b) Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**

8.      The Plan with respect to TopCo satisfies section 1129(a)(8) of the Bankruptcy Code. Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are Unimpaired Classes of Claims, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. As evidenced by the Voting Report, there are no Claims in the Voting Classes against TopCo and no Claims in Class 9 (Intercompany Claims), Class 10 (Intercompany Claims), or Class 12 (Existing Intercompany Equity Interests) against TopCo. Further, following entry of the Claims Stipulation Order and the Claims Objection Order, there are no Impaired Claims in Class 8-C (TopCo General Unsecured Claims), and Class 8-C is therefore deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code. Class 11 (Existing TopCo Equity Interests) is an Impaired Class that will not receive or retain any property under the Plan on account of the Claims in such Class, is not entitled to vote on the Plan, and is deemed to have rejected the Plan with respect to TopCo. To the extent a Class contains Claims or Equity Interests eligible to vote, and no Holders of Claims or Equity Interests eligible to vote in such Class vote to accept or reject the Plan, such Class shall be deemed to have accepted the Plan. Nevertheless, as set forth below, TopCo satisfies the requirements under section 1129(b) of the Bankruptcy Code with respect to the Claims that have rejected or are deemed to have rejected the Plan.

**c) "Cram Down" Requirements (11 U.S.C. § 1129(b)).**

9.      Notwithstanding the fact that Class 11 has been deemed to reject the Plan, the Plan may be confirmed with respect to TopCo pursuant to section 1129(b)(1) of the Bankruptcy Code. *First*, all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) of the Bankruptcy Code have been met. *Second*, the Plan is fair and equitable

with respect to Class 11. *Second*, the Plan has been proposed in good faith, is reasonable, and meets the requirements that (a) no Holder of any Claim or Equity Interest that is junior to Class 11 will receive or retain any property under the Plan on account of such junior Claim or Equity Interest and (b) no Holder of a Claim or Equity Interest in a Class senior to Class 11 is receiving more than 100 percent on account of its Claim or Equity Interest. Accordingly, the Plan is fair and equitable to all Holders of Equity Interests in Class 11. *Third*, the Plan does not discriminate unfairly with respect to Class 11 because similarly situated Equity Interest Holders will receive substantially similar treatment on account of their Equity Interests irrespective of Class. The Plan may therefore be confirmed with respect to TopCo even though Class 11 has not voted to accept the Plan.

> **d) Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).**

10.    The Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code with respect to TopCo. Following entry of the Claims Stipulation Order and the Claims Objection Order, there are no Impaired Claims in Class 8-C (TopCo General Unsecured Claims) and, therefore, there are no Impaired Claims at TopCo. No party has asserted otherwise, and the Kahn Objection has been consensually resolved by the parties. Accordingly, ~~because there are no~~ *given the unique facts and the lack of objection, for purposes of this case only I* ~~Impaired Claims at TopCo, section 1129(a)(10) of the Bankruptcy Code is not applicable with~~ *conclude that section* ~~respect to the Plan at TopCo and/or the Debtors have otherwise satisfied section~~ 1129(a)(10) of *is satisfied* the Bankruptcy Code with respect to TopCo.

## ORDER

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, JUDGED, AND DECREED THAT:

**A.    Findings of Fact and Conclusions of Law**

11.    The above-referenced findings of fact and conclusions of Law are hereby incorporated by reference as though fully set forth in this TopCo Confirmation Order and

constitute findings of fact and conclusions of Law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014. To the extent that any finding of fact is determined to be a conclusion of Law, it is deemed so, and vice versa.

12.     The provisions of the Non-TopCo Confirmation Order are hereby incorporated by reference in their entirety as though fully set forth in this TopCo Confirmation Order except as modified to include TopCo, and all relief granted to the Confirmation Debtors pursuant to the Non-TopCo Confirmation Order is hereby extended to TopCo pursuant to this TopCo Confirmation Order; provided that nothing herein shall be construed to amend or modify the Non-TopCo Confirmation Order with respect to the Confirmation Debtors.

**B.      Confirmation of the Plan**

13.     The Plan, attached hereto as **Exhibit A**, including all exhibits thereto, shall be, and hereby is, confirmed with respect to TopCo under section 1129 of the Bankruptcy Code. The Debtors (including TopCo) are authorized to enter into and execute all documents and agreements related to the Plan (including all exhibits and attachments thereto and documents referred to therein, including the Plan Supplement), and the execution, delivery, and performance thereafter by the Reorganized Debtors and the Litigation Trustee, as applicable, are hereby approved and authorized. The Debtors (including TopCo), the Reorganized Debtors, and the Litigation Trustee, as applicable, are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with the Plan, including, without limitation, entry into any agreements contained in the Plan Supplement, as applicable, as may be modified by the Debtors in their business judgment subject to the terms and conditions of the Plan (including the consent rights contained therein). The terms of the Plan (including the Plan Supplement) shall be effective and binding as of the Effective Date.

14.     The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document, agreement, or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document, agreement, or exhibit are approved in their entirety with respect to the Debtors (including TopCo).

## C.     Objections Overruled

15.     The Kahn Objection has been consensually resolved by the parties and there are no other objections on the docket to confirmation of the Plan with respect to TopCo. To the extent that any objections (including any reservations of rights, joinders, or statements contained therein) to Confirmation with respect to TopCo have not been withdrawn, waived, or settled before entry of this TopCo Confirmation Order, are not cured by the relief granted in this TopCo Confirmation Order, or have not been otherwise resolved as stated on the record of the Confirmation Hearing, all such objections (including any reservation of rights, joinders, or statements contained therein), except with respect to unresolved Cure Disputes and objections to the assumption or rejection of Executory Contracts and Unexpired Leases, if any, are hereby overruled in their entirety and on the merits in all respects.

16.     All objections to Confirmation with respect to TopCo not Filed and served prior to the Objection Deadline set forth in the Confirmation Hearing Notice or other notices Filed with the Bankruptcy Court (in each case, as may have been extended by TopCo), if any, are deemed waived and shall not be considered by the Bankruptcy Court.

## D.     Incorporation by Reference

17.     The terms of the Plan, the Plan Supplement, all exhibits thereto, the Non-TopCo Confirmation Order, this TopCo Confirmation Order, the Definitive Documents, and all other relevant and necessary documents constitute essential elements of the Plan and shall, on and after

the Effective Date, be binding in all respects upon, and shall inure to the benefit of, the Debtors (including TopCo), their Estates and their creditors and equity holders, and their respective successors and assigns, non-Debtor Affiliates, any affected third parties, all Holders of Equity Interests, all Holders of any Claims, whether known or unknown, including, but not limited to, all contract counterparties, leaseholders, Governmental Units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar Entities for the Debtors, if any, subsequently appointed in any of the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Chapter 11 Cases, and each of their respective Affiliates, successors, and assigns.

**E.    Restructuring Transactions.**

18.    Consistent with the Restructuring Transactions Memorandum, which was attached as Exhibit D to the Third Amended Plan Supplement, following the Effective Date of the Plan with respect to TopCo, TopCo will be dissolved and any assets not already transferred pursuant to the Global Settlement will be abandoned. Pursuant to this TopCo Confirmation Order and the Plan, TopCo shall be authorized to take any and all actions to effectuate the Restructuring Transactions contemplated in the Plan, including any actions necessary and appropriate to wind down its Estate and abandon any remaining assets, without the need for further approval of the Bankruptcy Court.

**F.    Inconsistency**

19.    In the event of an inconsistency between the Plan, the Disclosure Statement, and the Disclosure Statement Supplement, the terms of the Plan shall control in all respects. In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the relevant provision in the Plan Supplement shall control (unless stated otherwise in such Plan Supplement document or in this TopCo Confirmation Order). In the event of an inconsistency between this TopCo Confirmation Order and the Plan, the Disclosure Statement, the Disclosure Statement

Supplement, or the Non-TopCo Confirmation Order, this TopCo Confirmation Order shall control solely with respect to TopCo, and the Non-TopCo Confirmation Order shall control with respect to the Confirmation Debtors.

**G.    Notice of Confirmation and Effective Date**

20.    In accordance with Bankruptcy Rules 2002 and 3020(c), within five (5) Business Days of the Effective Date with respect to TopCo, TopCo shall cause the notice of Confirmation and occurrence of the Effective Date of the Plan with respect to TopCo, substantially in the form attached hereto as **Exhibit B** (the "Notice of TopCo Effective Date"), to be served on all known Holders of Claims against and Equity Interests in TopCo and the Bankruptcy Rule 2002 service list.  Notwithstanding the foregoing, no service of the Notice of TopCo Effective Date or of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed the Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors or the Reorganized Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  Further, TopCo shall only be required to serve Holders who have not Filed a Proof of Claim in these Chapter 11 Cases with the Notice of TopCo Effective Date to the extent that such Holders have active electronic mail addresses for such Holders.  In addition, no later than five (5) Business Days after the Effective Date, TopCo shall cause the Notice of TopCo Effective Date, modified for publication, to be published on one occasion in *The New York Times* (national edition) or another similar nationally circulated news publication.  The above-referenced notices are adequate under the circumstances of these Chapter 11 Cases, and no other or further notice is necessary.

**H.      Final Order and Waiver of Stay**

21.      For good cause shown, the stay of this TopCo Confirmation Order provided by any Bankruptcy Rule is waived, and this TopCo Confirmation Order shall be effective and enforceable immediately upon its entry by this Bankruptcy Court.  This TopCo Confirmation Order is a Final Order and shall take effect immediately, be effective and enforceable immediately upon entry, and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: _July 1st_, _2025_
     **Wilmington, Delaware**