## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** 1454, 1596**.** |

## APPLICATION OF NNN REIT, LP FOR ALLOWANCE AND
## PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM

NNN REIT, LP ("NNN"), by and through its undersigned counsel, Kelley Drye & Warren

LLP, pursuant to sections 503(b) and 365(d)(3) of title 11 of the United States Code, files this

application (this "Application"), requesting entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Order"), for allowance and payment of NNN's administrative expense

claim (the "Administrative Expense Claim"), attached as **Exhibit 1** to the Order, in the amount of

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

$1,909,982.92.  This is supported by the claim documentation already submitted by NNN, and

referenced in Exhibit 1.  In support of this Application, NNN represents as follows:

## BACKGROUND

1.    NNN REIT, LP holds a guaranty from debtor Franchise Group, Inc. (the

"Guarantor") with respect to several retail premises nationwide (the "Leased Premises") pursuant

to certain leases (the "Leases").  The Leased Premises are located shopping centers as that term is

used in section 365(b)(3) of the Bankruptcy Code.[2]

2.    On March 31, 2022, W.S. Badcock LLC (the "Tenant") entered into 34

leases with NNN. Section 27.13 of the Leases provides as follows:

> **Costs and Attorney's Fees**. If either party shall default hereunder and the
> other party engages counsel to enforce its rights hereunder, whether or not
> suit is commenced or judgment is entered, the prevailing party shall be
> entitled to recover its reasonable, out-of-pocket costs and reasonable, out-
> of-pocket attorneys' fees actually incurred in connection therewith,
> specifically including reasonable, out-of-pocket attorneys' fees actually
> incurred in connection with any appeals (whether or not taxable as such by
> law). Such reasonable, out-of-pocket fees and costs shall include all
> reasonable, out-of-pocket legal fees and costs actually incurred for the
> negotiation of a settlement, enforcement of rights or otherwise. Landlord
> shall also be entitled to recover its reasonable attorneys' fees and costs
> incurred in any bankruptcy action filed by or against Tenant, including,
> without limitation, those incurred in seeking relief from the automatic
> stay, in dealing with the assumption or rejection of this Lease, in any
> adversary proceeding, in the preparation and filing of any proof of claim,
> and in getting seated on and in serving on any creditor's committee or sub-
> committees in said bankruptcy proceeding.

3.    On March 29, 2022, the Guarantor entered into a guaranty agreement (the

"Guaranty") guarantying the obligations under the Leases.  Pursuant to Section 1 of the Guaranty,

the Guarantor agreed to "unconditionally guarantee[] to Landlord the full, faithful and punctual

payment of all rental, sums, costs, expenses, charges, payments and deposits (including sums

---

[2]    *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

payable as damages upon a default under the Lease) (or any part thereof) which are at any time payable by Tenant under the Lease in accordance with the Lease, and the full, faithful and punctual performance, fulfillment and observance of all of each covenant, condition and obligation of the Lease to be performed, fulfilled or observed by Tenant".

4.      On July 24, 2024, W.S. Badcock LLC and its affiliated debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with the Southern District of Texas.[3]

5.      On August 5, 2024, NNN engaged counsel to protect the terms of its leases and joined the Official Committee of Unsecured Creditors for the jointly administered Chapter 11 proceedings of W.S. Badcock LLC and Conn's Inc.,[4] incurring $120,382.90 of attorneys' fees. While these attorneys' fees clearly constitute an obligation due under section 27.13 of the Leases, W.S. Badcock has not paid these fees.  Additionally, W.S. Badcock has not compensated NNN for the other administrative obligations due under the Leases and guaranteed by the Guarantor, including six figures of unpaid post-petition rental obligations and hurricane damage repair.  These unpaid obligations total $1,909,982.92.

6.      On November 3, 2024 (the "Petition Date"), each of the Debtors, including the Guarantor, filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with this Court.

7.      On November 19, 2024, in order to enforce its rights under the Guaranty, NNN joined the Official Committee of Unsecured Creditors in the Franchise Group, Inc. Chapter

---

[3]      Case No. 24-33357, Dkt. 1.

[4]      Case No. 24-33357, Dkt. 230

11 proceedings.[5]  NNN's participation on the creditors' committees benefited the estates in both

Chapter 11 proceedings.

8.      NNN is thus entitled to payment of the Administrative Expense Claim

pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for certain accrued

attorneys' fees.

## JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

9.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

10.      The statutory predicates for the relief requested are 11 U.S.C. §§ 365(d)(3),

503(b)(1)(A), 507(a)(2), and Rule 2016-1(a)(ii) of the Local Rules of the United States Bankruptcy

Court of the District of Delaware.

## BASIS FOR RELIEF REQUESTED

11. Section 365(d)(3) of the Bankruptcy Code provides in relevant part as follows:

> The trustee shall timely perform all the obligations of the debtor…
> arising from and after the order for relief under any unexpired lease
> of nonresidential real property, until such lease is assumed or
> rejected, notwithstanding section 503(b)(1) of this title.[6]

11 U.S.C. § 365(d)(3).

12.      The plain language of section 365(d)(3) requires Debtors to "fully and

timely" perform their obligations under the Leases.[7]  Such obligations include rent, common area

---

[5]      Case No.  24-12480-JTD, Dkt. 188.

[6]      11 U.S.C. § 365(d)(3).

[7]      *In re Simbaki, Ltd.*, Case No. 13-36878, 2015 WL 1593888, at *2 (Bankr. S.D. Tex. April 3, 2015) (internal citations omitted); *see also In re Imperial Beverage Group, LLC*, 457 B.R. 490, 497–500 (Bankr. N.D. Tex. 2011).

maintenance costs, and other charges arising under the applicable lease.[8]  The majority of courts that have considered the operation of section 365(d)(3), including this Court, have concluded that costs and expenses incurred for post-petition, pre-rejection performance under an unexpired nonresidential real property lease must be allowed as administrative expenses regardless of section 503(b)(1)(A) limitations.[9]

13.    Further, Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate.  "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [section 503] plainly require that their claims be afforded priority."[10]  Section 507(a) of the Bankruptcy Code adds that administrative expense claims allowed under section 503(b) of the Bankruptcy Code will be given high priority.[11]

14.    Based on the foregoing, the amounts set forth in the Administrative Expense Claim constitute actual and necessary costs of the estates, which the Debtors have not yet paid.

15.    Accordingly, NNN is entitled to allowance and immediate payment of its Administrative Expense Claim under the Lease pursuant to sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

---

[8]    *See Simbaki*, 2015 WL 1593888, at *2.

[9]    *See Id.* at *2–*4; *see also In re CHS Elecs., Inc*., 265 B.R. 339, 341–42 (Bankr. S.D. Fla. 2001) (agreeing with "a majority of courts" that post-petition rent is entitled to administrative priority without regard to § 503(b)(1)); *In re Liberty Outdoors, Inc.*, 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (holding that the lessor is entitled to payment of unpaid expenses pursuant to section 365(d)(3) regardless of whether the expenses benefited or preserved the estate).

[10]    *In re Goody's Family Clothing, Inc.,* 610 F.3d 812, 818 (3d Cir. 2010); *In re Whistler Energy II, L.L.C*., 931 F.3d 432, 443 (5th Cir. 2019); *In re Jartran, Inc*., 732 F.2d 584, 586 (7th Cir. 1984).

[11]    *See Simbaki*, 2015 WL 1593888, at *3.

## RESERVATION OF RIGHTS

16.    NNN reserves all rights with respect to its Administrative Expense Claim, including, but not limited to, the right to amend and supplement its claim.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, NNN respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, allowing the Administrative Expense Claim attached as **Exhibit 1** to the Order; (ii) directing the Debtors to immediately pay the Administrative Expense Claim; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 2, 2025

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DE Bar No. 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Robert L. LeHane, Esq. (admitted *pro hac vice*)
Jennifer D. Raviele, Esq. (admitted *pro hac vice*)
Allison Selick, Esq. (admitted *pro hac vice*)
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  212-808-7800
Fax:  212-808-7897
Email:  rlehane@kelleydrye.com
        jraviele@kelleydrye.com
        cchoe@kelleydrye.com

*Counsel for NNN REIT, LP*