# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 22, 2025 at 10:00 a.m. |
| | Objection Deadline: July 15, 2025 at 4:00 p.m. |

## MOTION OF COYOTE LOGISTICS LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

Coyote Logistics LLC ("Coyote"), by and through its undersigned counsel, hereby files this *Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* (the "Motion"). In support of the Motion, Coyote respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for relief sought in the within is Section 503(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**BACKGROUND**

4. On November 3, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. Coyote is a licensed transportation broker. In that capacity, Coyote arranges the ground transportation of its customers cargo with third-party licensed motor carriers.

6. Prior to the Petition Date, the Debtors regularly engaged Coyote to coordinate or broker shipment of goods as ordered by the Debtors.

7. Coyote, in good faith, continued to provide services to the Debtor after the Petition Date. As of the date hereof, a total of $10,207.73 is past due from the Debtors for services provided by Coyote since the Petition Date. A summary of the open invoices is attached as Exhibit A.[2]

---

[2] The underlying invoices are voluminous and are therefore are not attached hereto, but have been previously provided to the Debtors and can be provided upon request.

**RELIEF REQUESTED**

8. Coyote seeks entry of an Order allowing Coyote an administrative expense claim in the amount of $10,207.73.

9. Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserve the estate…" 11 U.S.C. § 503(b)(1)(A). Such administrative claims are entitled to priority in distribution under section 507(a)(2) of the Bankruptcy Code and "are generally paid in full before other unsecured non-priority claims" and "include the actual and necessary costs and expense of preserving the estate." *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001). See also *In re Ames Dept. Stores, Inc.*, 582 F.3d 422, 424 (2d Cir. 2009) (observing that actual and necessary costs and expense entitled to administrative claim status include "rent, wages, insurance, utilities, and trade credit, that arise during the pendency of a debtor's case"). To qualify as an administrative claim, the claim "must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*, 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted).

10. The underlying purpose of providing vendors with an administrative claim under section 503(b)(1) is to "encourage third parties to provide necessary goods and services to the debtor-in-possession so that it can continue to conduct its business, thus generating from which prepetition creditors can be paid." *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 442 (5th Cir. 2019) (quoting *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992)). See *also In re Lyondell Chemical Co.*, 542 Fed.Appx. 41, 43 (2d Cir. 2013) ("As a matter

of policy, administrative expenses are given priority because post-petition debtors would otherwise find themselves unable to conduct business.").

11. To establish that it has an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 2021 WL 4876908 at *6 (D. Del. Oct. 19, 2021).

12. Here, the Debtors contracted with Coyote after the Petition Date for Coyote to provide shipping-related services for numerous shipments of goods. Coyote continued in good faith to provide vital shipping-related services to the Debtors post-petition and have incurred costs that have not been paid by the Debtors. As noted, as of the date hereof, Coyote has incurred approximately $10,207.73 in unpaid charges related to shipping-related services ordered by the Debtors since the Petition Date.

13. Coyote is therefore entitled to and payment on account of an allowed administrative expense claim because the services provided by Coyote were actual and necessary costs of preserving the estate during these chapter 11 proceedings.

## **RESERVATION OF RIGHTS**

14. Coyote reserves its right to supplement this Motion and the amount of its post-petition administrative expense claim with any additional costs related to services by Coyote provided to the Debtors since the Petition Date as such costs become known or quantified, and to request any additional relief that may be necessary to minimize the accrual of further costs to Coyote related to shipping-related services ordered by the Debtors.

## CONCLUSION

15. WHEREFORE, Coyote respectfully requests entry of an Order, substantially in the form as attached hereto as <u>Exhibit B</u>, allowing Coyote an administrative expense claim in the amount of $10,207.73, and for such other and further relief as the Court deems just and proper.

Dated: July 3, 2025                    **FOX ROTHSCHILD LLP**

By: */s/ Stephanie Slater Ward*
Stephanie Slater Ward, Esq. (DE No. 6922)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 654-7444
Facsimile: (302) 656-8920
Email: sward@foxrothschild.com
*Proposed Counsel to Coyote Logistics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion of Coyote Logistics LLC for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* was served via the Court's CM/ECF filing system on all parties registered to receive such notice, on July 3, 2025.

*/s/ Stephanie Slater Ward*
Stephanie Slater Ward (DE No. 6922)