# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Franchise Group, Inc., *et al.* | Case No. 24-12480 (LSS) |
| Debtor(s). | (Jointly Administered) |

## CARLOS LINARES' MOTION FOR AN ORDER
## MODIFYING STAY AND/OR ANY PLAN INJUNCTION

Creditor, Carlos Linares (hereinafter "**Creditor**"), by and through undersigned counsel, hereby submits this motion (the "**Motion**") for entry of an Order modifying the automatic stay and/or any plan injunction, pursuant to 11 U.S.C. §§ 105(a), 362 and 524. More specifically, Creditor seeks authority to proceed with legal action against the Debtor(s), as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds. In support of this Motion, Creditor respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory and procedural predicates for the relief requested herein are sections 105(a), 362 and 524 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**").

### PROCEDURAL AND FACTUAL BACKGROUND

5. By way of background, Creditor has pre-petition personal injury and negligence claims against the Debtor(s), and others.

6.      In 2023 Creditor filed a lawsuit in the District Court, 190th Judicial District, Harris County, Texas styled as *Carlos Linares vs. American Freight Outlet Stores, LLC, Daniel Jovel, and Piers Anderson*, Case No. 2023-53210 (the "**State Court Action**").

7.      Upon information and belief, the Debtor(s) are insured for Creditor's claims thereagainst.

8.      On November 3, 2024 (the "**Petition Date**"), the above-captioned debtors (each a "**Debtor**," and together the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases, which are being jointly administered (the "**Chapter 11 Case**").

9.      Section 12.6 of the Debtors' confirmed plan provides a broad injunction against actions to collect or recover on claims.  *See* D.I. 1454 at pg. 12.6.

### RELIEF REQUESTED AND BASIS THEREFOR

10.     By this Motion, Creditor seeks the entry of an Order modifying the stay and/or any plan injunction.

11.     Specifically, Creditor seeks the entry of an Order permitting Creditor to pursue his State Court Action against the Debtor(s), as nominal defendant(s) thereto, to fix the amount owed to Creditor, and to collect thereon against the non-Debtor parties and the Debtor(s)' insurance policies, as permissible by law.

12.     To be clear, Creditor is not seeking and will not seek to collect any sums directly from the Debtor(s) outside of this bankruptcy court proceeding unless and until this Court orders that Creditor may do so.

13.     Section 362(d)(1) of the Bankruptcy Code provides that relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property..." 11 U.S.C. § 362(d)(1).

14.    "Except for lack of adequate protection, 'cause' is not defined by § 362(d)(1). Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Abeinsa Holding, Inc.*, Case No. 16-10790 (KJC), 2016 Bankr. LEXIS 3641 at *7 (Bankr. D.Del. Oct. 6, 2016).

15.    Motions to lift the § 362 stay are customarily evaluated under the three-factor test articulated in In re Rexene Products Co., to determine whether:

a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c) the creditor has a probability of prevailing on the merits.

*Id. citing to Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.").

16.    With regard to the burden of proof, 11 U.S.C. § 362(g) provides:

In any hearing under subsection (d) or (e), concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

17.    Here, cause exists to grant the relief requested.  Neither the Debtor(s) or their bankruptcy estates will be prejudiced by permitting the relief requested herein.  In fact, permitting such action is likely to benefit the Debtors and their estates, in that, a satisfaction of sums due to

Creditor by non-Debtor parties will reduce Creditor's claim against the Debtor(s) and their estates accordingly.  Moreover, Creditor's existing hardship in collecting against non-Debtor parties will undoubtedly be exacerbated, far outweighing any hardship to the Debtor(s), if the stay is not modified and Creditor is not permitted to pursue the legal action contemplated hereby.  And finally, under the circumstances presented, Creditor has colorable claims against non-Debtor parties, and is deserving of an opportunity to flesh out those claims through the legal action proposed herein.

18.    Also, Creditor seeks an order modifying any plan injunction terms so that it does not enjoin Creditor from proceeding with his State Court Action to collect solely from the Debtors' available insurance.

19.    Any plan injunction must make clear that nothing in the plan constitutes a prohibition on any existing right to proceed against the Debtors' applicable insurance policies and proceeds.

20.    Also notably, the discharge injunction imposed by Bankruptcy Code Section 524(a) does not enjoin a creditor from seeking to establish a debtor's liability in order to collect from the debtors' insurers. Bankruptcy Code Section 524(e) assures creditors that a debtor's discharge will not prohibit them from collecting the full amount of the debtor's debt from co-debtors, insurers, guarantors, or other liable parties. *See First Fidelity Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993).  And, Courts interpreting Section 524(e) have routinely held that the discharge injunction does not prevent a creditor from establishing an insurer's liability by proceeding against a discharged debtor.

21.    For the foregoing reasons, Creditor respectfully requests that the stay and/or plan injunction be modified, and an Order entered granting Creditor authority to proceed with his State Court against the Debtor(s), as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.

## CONCLUSION

22.     In accordance with the foregoing, Creditor respectfully requests entry of an Order granting the relief requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Dated:  July 7, 2025                     KASEN LAW GROUP, P.C.

                                        */s/ Jenny R. Kasen*
                                        Jenny R. Kasen, Esquire (DE Bar No. 5849)
                                        1213 N. King Street, Suite 2
                                        Wilmington, DE 19801
                                        Telephone: (302) 652-3300
                                        E-Mail: jkasen@kasenlawgroup.com

                                        *Counsel to Creditor*