# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

### MOTION OF TEMPUR SEALY INTERNATIONAL, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Tempur Sealy International, Inc. and its affiliates including, but not limited to, Temper-Pedic North America, LLC and Sealy Mattress Manufacturing Company, LLC (collectively, "TSI"), by its undersigned counsel, Frost Brown Todd LLP and the Law Office of Susan E. Kaufman, LLC, files this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, allowing and directing immediate payment of the Administrative Claim (defined herein) pursuant to sections 105, 503(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, TSI respectfully states[1]:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105, 503, and 507 of the Bankruptcy Code.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in Plan or the Confirmation Order (both terms defined herein), as applicable.

**BACKGROUND**

4. On November 3, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

5. On June 2, 2025, this Court confirmed the Debtors' *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), pursuant to the *Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"). Pursuant to the Plan, requests for Administrative Expense Claims must be filed by the Administrative Bar Date. *See* Plan, § 3.2. Under the Plan, the term "Administrative Expense Claim" includes any 503(b)(9) Claims. *See* Plan, § 1.10.

6. On June 6, 2025, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Relief* [Docket No. 1605] (the "Notice") providing, among other things, that the Effective Date of the Plan occurred on June 6, 2025 and the Administrative Bar Date is July 7, 2025.

7. Prior to the Petition Date, TSI had an ongoing business relationship with the Debtors whereby the Debtors, pursuant to certain agreements (the "Agreements"), including, but not limited to, that certain Sealy Retailer Agreement, entered into May 29, 2019, by and between Sealy Mattress Company and American Freight, Inc. (the "American Freight Agreement") purchased from TSI certain Tempur Sealy branded bedding products (collectively, the "Tempur Products"). Under the Plan, the Debtors rejected the American Freight Agreement as of the Effective Date. *See* Plan, § 10.1.

8. As of the filing of this Motion, TSI is owed not less than $9,977.00 for unpaid invoices for Tempur Products ordered and purchased by the Debtors within the twenty days prior to the Petition Date pursuant to the American Freight Agreement (the "Administrative Claim"). An itemization of the Administrative Claim is attached hereto and incorporated herein as Exhibit A.[2]

## RELIEF REQUESTED AND BASIS FOR RELIEF

9. By this Motion, TSI seeks allowance and immediate payment of the Administrative Claim as an administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a) of the Bankruptcy Code. *See* 11 U.S.C. §§ 503(b) and 507(a).

10. Section 503(b)(9) of the Bankruptcy Code provides, in relevant part, that there shall be an allowed administrative expense for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9); *see also GFI Wisconsin, Inc. v. Reedsburg Utility Commission,* 440 B.R. 791, 796 (W.D. Wis. 2010).

11. In the twenty days prior to the Petition Date, TSI delivered to the Debtors and the Debtors received from TSI certain Tempur Products valued at $9,977.00. The Tempur Products were shipped and sold by TSI to the Debtors in the ordinary course of the Debtors' business.

12. Additionally, this Court may, in its discretion, require the Debtors to make immediate payment of the Administrative Claim. *See In re Global Home Products, LLC,* 2006 WL 3791955 (Bankr. D. Del. 2006). ("[W]hen a claimant timely files a request for payment of an administrative expense under section 503(a), the timing of the payment of that administrative

---

[2] On January 22, 2025, pursuant to the Bar Date Order, TSI timely filed a proof of claim for the Administrative Claim identified as Claim No. 1236 on the Claims Register.

expense claim is left to the discretion of the Court.") (citing *In re Garden Ridge Corporation,* 323 B.R. 136 (Bankr. D. Del. 2005)). In determining whether to order immediate payment of an administrative expense claim, courts consider the prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *Garden Ridge*, 323 B.R. at 143.

13. Here, TSI is entitled to immediate payment of its Administrative Claim. The Debtors will not be prejudiced by paying the Administrative Claim upon such order becoming final and non-appealable as the Plan contemplates payment in full in Cash of an Allowed Administrative Expense Claim. *See* Plan, § 3.2(b).

14. Based upon the foregoing, allowance and payment of the Administrative Claim is appropriate under sections 503(b), and 507(a) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

15. Nothing in this Motion is intended to be, or should be construed as, a waiver by TSI of any of its rights under the American Freight Agreement, the Bankruptcy Code, or applicable law. TSI expressly reserves all such rights, including, without limitation, the right to supplement and/or amend this Motion.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, TSI respectfully requests that this Court enter the Proposed Order granting the relief requested therein and such other further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated:  July 7, 2025
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold (OH Bar No. 0061351)
Erin P. Severini (OH Bar No. 0091487)
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com
         eseverini@fbtlaw.com

**Counsel for Tempur Sealy International, Inc. and its affiliates**