## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC, *et al.*,[1] | Case No. 24-12480 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: July 28, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: August 19, 2025 at 10:00 a.m. (ET)** |

## MOTION OF UNITED PARCEL SERVICE, INC. FOR
## ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

United Parcel Service, Inc., together with its subsidiaries and affiliates ("UPS"), by and through its undersigned counsel, hereby files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the allowance and payment of certain administrative expenses (the "Administrative Claim") pursuant to sections 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). In support of this Motion, UPS respectfully represents as follows:

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

**BACKGROUND**

3.      On or about March 8, 2021, UPS and the Debtor entered into that certain UPS Incentive Program Agreement (as amended from time to time, the "Agreement"), under which UPS provided certain shipping services to the Debtor.

4.      On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief commencing their chapter 11 cases under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

5.      Prior to and after the Petition Date, UPS provided services to the Debtors for which the Debtors failed to make payments.  On February 18, 2025, UPS filed a proof of claim [Claim No. 1289] (the "Proof of Claim") asserting claims against the Debtors in the amount of

---

[2]  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), UPS consents to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

$116,966.91, which included no less than $59,387.65 in pre-petition amounts and no less than $57,579.26 in post-petition amounts.  In connection with the filing of this Motion, UPS will be filing an amended proof of claim to remove the post-petition portion from the Proof of Claim, as such amounts are now asserted as the Administrative Claim set forth herein.  The pre-petition portion of the Proof of Claim remains unaffected and is not the subject of this Motion.

6.    On June 6, 2025, the Court filed a notice [Docket No. 1605] (the "Notice of Effective Date") that, among other things, provided that the effective date of the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* (the "Confirmed Plan") occurred on June 6, 2025, and established July 7, 2025 as the deadline for parties to file requests for payment of administrative claims against the Debtors, other than claims subject to 11 U.S.C. §§ 503(b)(1)(D) and 503(b)(9).

7.    The Debtors have continued to purchase UPS services post-petition, which UPS has continued to provide, but for which the Debtors have not remitted payment.  As of the filing of this Motion, certain amounts remain due and owing for the post-petition period.

8.    The underlying invoices that form the basis of the Administrative Claim (the "Invoices") relate to two separate UPS divisions: UPS SCS Global Freight Forwarding and UPS Small Package.  All of the Invoices remain open and unpaid.  Due to the voluminous nature of the Invoices, UPS has not attached the Invoices to this Motion and has instead attached schedules listing the Invoices by division.  The schedule of Invoices related to UPS SCS Global Freight Forwarding is attached hereto as **Exhibit B**.  The schedule of Invoices related to UPS Small Package is attached hereto as **Exhibit C**.  The Invoices can be provided to counsel for the Debtors upon request.

3

9.      Accordingly, UPS is entitled to an administrative expense claim (i.e. the Administrative Claim) in the total amount of $38,536.23:

| UPS Post-Petition | Balance |
|---|---|
| UPS SCS Global Freight Forwarding | $16,888.13 |
| UPS Small Package | $21,648.10 |
| **TOTAL** | **$38,536.23** |

10.     UPS reserves its right to supplement this Motion to seek additional amounts that may arise in connection with services rendered to the Debtors after the time of the filing of this Motion.

## RELIEF REQUESTED

11.     Through this Motion, UPS seeks entry of the Proposed Order, allowing the Administrative Claim in the amount of $38,536.23 and directing immediate payment thereof.

## BASIS FOR RELIEF

12.     Under Bankruptcy Code sections 503(b)(1) and 507(a)(2), the actual, necessary costs and expenses of preserving the estate constitute administrative expenses and are entitled to priority in payment.  *See* 11 U.S.C. §§503(b)(1) and 507(a)(2).  By creating this priority for post-petition vendors, the Bankruptcy Code seeks to encourage vendors to continue to do business with chapter 11 debtors and to advance "the estate's interest in survival above all other financial goals." *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 656, 662 (D. Del. 2009) (internal citations omitted).

13.     "An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if: (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (internal citations omitted).  Post-petition transactions have been defined as "services that are rendered after the commencement of the bankruptcy case and that are needed for the purpose of preserving the estate." *Id.* (internal citations omitted).

14.    The Administrative Claim constitutes an administrative expense.  UPS provided valuable services on credit, in the form of shipping, logistics, and other services that were essential to the Debtors' businesses.  The services that UPS provided enabled the Debtors to maintain their ongoing business operations and maximize the value of their businesses, which in turn directly and substantially benefited the Debtors' estates.  The Administrative Claim thus represents an actual and necessary cost of preserving the Debtors' estates through post-petition transactions, to the substantial benefit of the Debtors and their estates.

15.    Based on the foregoing, UPS is entitled to payment of the Administrative Claim as an administrative expense pursuant to section 503(b)(1)(a) of the Bankruptcy Code since it represents an actual, necessary expense of preserving the Debtors' bankruptcy estates.

## CONCLUSION

**WHEREFORE**, for the reasons described herein, UPS respectfully requests the entry of the Proposed Order (i) granting the Motion and allowing the Administrative Claim in the amount of $38,536.23; (ii) directing immediate payment thereof; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 7, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Sarah E. Silveira*
Sarah E. Silveira (No. 6580)
222 Delaware Ave. Suite 1410
Wilmington, DE 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
sarah.silveira@faegredrinker.com

Michael T. Gustafson
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: (312) 569-1000
Fax: (312) 569-3000
mike.gustafson@faegredrinker.com

*Counsel for United Parcel Service, Inc.*