IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Objection Deadline: July 21, 2025 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: August 19, 2025 at 10:00 a.m. (ET)** |

## 6001 POWERLINE ROAD, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM

6001 Powerline Road, LLC ("*Landlord*") by and through its undersigned counsel, hereby moves, pursuant to 11 U.S.C. § 503(b), for the entry of an order, allowing and directing payment of an administrative expense claim pursuant to section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and granting such other and further relief as the Court finds just and proper. In support thereof, the Landlord represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015

**Venue and Jurisdiction**

1. This matter is a core proceeding, and this Court has jurisdiction pursuant to 11 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b).

**Pertinent Background**

3. On November 3, 2024 (the "*Petition Date*"), the above-captioned debtors (collectively, the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "*Bankruptcy Code*") in this Court.

4. At all times relevant hereto, the Landlord owned 6001 Powerline Road, Fort Lauderdale, Florida 33309 (the "*Property*"), which was leased (the "Lease") to American Freight of South Florida, LLC, a predecessor of American Freight, LLC, one of the Debtors herein ("*AFL*"). At some point after the Lease was entered into, AFL occupied the Property and began paying the rents due under the Lease.

5. On December 13, 2024, the Debtors attempted to assume and assign the Lease through the *Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 435].

6. On January 31, 2025, in response, the Landlord filed *Objection Of 6001 Powerline Road, LLC to Motion of Debtors for Entry of Order (A) Approving the Private Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [Docket No. 570] objecting to the Debtors' attempt to assume and assign the Lease.

7. On June 11, 2025, the Court ruled the Landlord's favor, stating that the Debtors did not have an interest in the Lease and were unable therefore to assume and assign the Lease to a purchaser. *See Order Denying Assumption and Assignment of Lease With 6001 Powerline Road, LLC* [Docket No. 1620].

8. Subsequent to the Court's ruling in Landlord's favor, the Debtors moved to reject the lease effective as of May 31, 2025 (the "*Rejection Date*"), and the motion was granted. *See Sixteenth Omnibus Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code Authorizing the Debtors to (I) Reject Certain Unexpired Leases, Effective as of the Rejection Date; and (II) Abandon Personal Property* [Docket No. 1645].

9. The Debtors continued to occupy and enjoy the Property until the Rejection Date.

10. The Debtors have paid some of the post-petition rent on the Property, including Common Area Maintenance costs ("*CAM*"), but failed to pay certain post-petition amounts due.

11. Specifically, the Debtors failed to pay the outstanding invoices on **Exhibit A** for rent and CAM costs, as well as late fees, totaling not less than $87,110.56.

12. On June 2, 2025, this Court confirmed the *Debtors' Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "*Plan*"), pursuant to the *Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "*Confirmation Order*"). Pursuant to the Plan, requests for Administrative Expense Claims must be filed by the Administrative Bar Date. See Plan, § 3.2.

13. On June 6, 2025, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Relief* [Docket No. 1605] (the "*Effective Date*

*Notice*") providing, among other things, that the Effective Date of the Plan occurred on June 6, 2025 and the Administrative Bar Date is July 7, 2025.

### Relief Requested

14.    Landlord respectfully requests that the Court allow it a chapter 11 administrative expense claim in the amount of not less than $87,110.56 pursuant to section 503(b)(1) of the Bankruptcy Code.

15.    Section 503(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction.'" *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010).

16.    The Third Circuit has ruled that a landlord may recover rent as an administrative expense for the period before a lease is rejected. *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010).

17.

18.    Here, the Landlord is entitled to an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code because the Debtors continued to occupy and enjoy the Property post-petition.

19.    The Debtors paid certain rents post-petition until just before they rejected the Lease, demonstrating that the Debtors treated the amounts owed to the Landlord as an administrative

expense. It was only when the Debtors realized they may lose their bid to assume and assign the Lease that they began to withhold rents, while still occupying the Premises.

20. Thus, the Landlord is entitled to the outstanding post-petition rent, including all current and prior late fees and adjusted CAM charges, as an administrative expense.

21. Additionally, this Court may, in its discretion, require the Debtors to make immediate payment of the Administrative Claim. *See In re Global Home Products, LLC*, 2006 WL 3791955 (Bankr. D. Del. 2006). ("[W]hen a claimant timely files a request for payment of an administrative expense under section 503(a), the timing of the payment of that administrative expense claim is left to the discretion of the Court.") (*citing In re Garden Ridge Corporation*, 323 B.R. 136 (Bankr. D. Del. 2005)). In determining whether to order immediate payment of an administrative expense claim, courts consider the prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *Garden Ridge*, 323 B.R. at 143.

22. Here, the Landlord is entitled to immediate payment of its Administrative Claim. The Debtors will not be prejudiced by paying the Administrative Claim upon such order becoming final and non-appealable as the Plan contemplates payment in full in Cash of an Allowed Administrative Expense Claim. *See* Plan, § 3.2(b). Further, the Debtors were promptly paying the rents due under the Lease until they realized they were not going to be allowed to assume and assign the Lease. The Debtors enjoyed the use and occupancy of the Premises without payment for same.

23. Based on the foregoing, the Landlord requests that the Court enter an order granting the Landlord a chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code and order the Debtors to pay said claim immediately.

WHEREFORE, Landlord respectfully requests that the Court enter an order: (i) granting the Landlord a chapter 11 administrative expense claim in the amount of not less than $87,110.56, plus additional amounts incurred post-petition; (ii) requiring the Debtors to pay the administrative expense claim immediately upon such order becoming final and non-appealable; and (iii) granting the Landlord such other and further relief that is just and equitable.

Dated: July 7, 2025                                            Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
Aaron R. Harburg (No. 7207)
500 Silverside Road, Suite 65
Wilmington, DE 19809
Tel: (302) 444-6710
Email: marias@goldmclaw.com
           aaronh@goldmclaw.com

*Counsel for 6001 Powerline Road, LLC*