**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |

**REQUEST OF BMA SPRINGHURST LLC, BRIXMOR BURLINGTON SQUARE LLC,**
**BRIXMOR SPE 5, LLC, GREAT HILLS RETAIL, INC., MALCO TIC,**
**NEW PLAN PROPERTY HOLDING COMPANY, PRATTVILLE PARTNERS**
**LIMITED PARTNERSHIP, REALTY INCOME CORPORATION, AND**
**SUP II RED TOP PLAZA, LLC FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSE CLAIMS**

BMA Springhurst LLC, Brixmor Burlington Square LLC, Brixmor SPE 5, LLC, Great

Hills Retail, Inc., Malco TIC, New Plan Property Holding Company, Prattville Partners Limited

Partnership, Realty Income Corporation, and SUP II Red Top Plaza, LLC (collectively, the

"Landlords"), by and through their undersigned counsel, pursuant to sections 365(d)(3) and 503(b)

of title 11 of the United States Code, hereby respectfully file this Request (the "Request") for an

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

order granting the allowance and payment of Landlords' administrative expense claims in the amounts set forth herein.  In support of this Request, Landlords state as follows:

## JURISDICTION AND VENUE

1.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Request pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

3.      On November 3, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]  No trustee or examiner has been appointed in the Chapter 11 Cases.

4.      Landlords are the owners or the agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases," and each a "Lease"), as more fully set forth in Schedule A attached hereto.

5.      The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3).  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6.      On June 2, 2025, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its*

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

*Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action By and Among the Global Settlement Parties* [D.I. 1596] (the "Confirmation Order"), which approved on a final basis the *Disclosure Statement for the Sixth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [D.I. 1014] (as further modified, revised, supplemented and amended, the "Disclosure Statement"), and confirmed the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1454] (the "Plan").

7.        On June 6, 2025, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1605] (the "Notice of Effective Date") which established, among other things, **July 7, 2025** as the deadline for filing all requests for the allowance and payment of the administrative claims (the "Administrative Bar Date").

8.        The Effective Date of the Plan occurred on June 6, 2025. See D.I. 1605.

9.        Under the terms of the Leases, the Debtors are required to make certain payments to the Landlords arising out of their use and occupancy of the Premises. These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Leases, including year-end adjustments and reconciliations for charges that the Debtors pay on an estimated basis. The Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from and after the Petition Date through the applicable rejection date of the Leases (the "Rejection Date"). The Landlords are entitled to administrative expense claims for such obligations, as set forth in greater detail in Schedule A and Exhibits 1-9 attached hereto, plus any indemnity obligations, amounts subject to setoff and/or recoupment, and attorneys' fees.

**RELIEF REQUESTED**

10.     The Landlords respectfully request that the Court enter an order for allowance and payment of their administrative priority expense claims in the amounts set forth herein, for payment obligations arising or accruing under the Leases from the Petition Date through the applicable Rejection Date, pursuant to Bankruptcy Code sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

**BASIS FOR THE RELIEF REQUESTED**

11.     Section 365(d)(3) provides that a debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). See also Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3d Cir. 2001) (holding that the Code imposes on a debtor in possession the obligation to perform when due all of its obligations under a lease of nonresidential real property until the lease is rejected); In re Valley Media, Inc., 290 B.R. 73, 76-77 (Bankr. D. Del. 2003) (section 365(d)(3) "calls for the pre-rejection timely performance of lease obligations 'notwithstanding section 503(b)(1)'").

12.     The majority of courts that have considered the operation of Section 365(d)(3) have arrived at the same conclusion: costs and expenses incurred for post-petition, pre-assumption or rejection performance under an unexpired nonresidential real estate lease must be allowed as an administrative expense regardless of Section 503(b)(1)(A) limitations. Id. See also In re Liberty Outdoors, Inc., 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (lessor entitled to recover unpaid expenses pursuant to section 365(d)(3) of the Bankruptcy Code regardless of whether such "expenses benefited or preserved the estate"); In re Worths Stores Corp., 135 B.R. 112, 115

(Bankr. E.D. Mo. 1991) (same); <u>In re S. Lincoln Med. Grp., P.C.</u>, Case No. BK07-41636-TLS, 2008 WL 506086, at *2 (Bankr. D. Neb. Feb. 21, 2008) (citing <u>In re Brewer</u>, 233 B.R. 825, 829 (Bankr. E.D. Ark. 1999). Thus, the plain language of Section 365(d)(3) and the relevant case law clearly requires the Debtors' immediate payment of all rents and related charges that arise post-petition as administrative expenses of these estates.

13.    In addition, Section 503(b)(1) provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate." <u>See</u> 11 U.S.C. § 503(b)(1). A landlord's administrative claim under Section 503(b)(1) is equal to the lease contract rate. <u>In re ZB Co., Inc.</u>, 302 B.R. 316, 319 (Bankr. D. Del. 2003) (contract rate is presumed to be the fair rental value.). "There is no question, of course, that the payment of rent for the use and occupancy of real estate ordinarily counts as an 'actual, necessary' cost to which a landlord, as a creditor, is entitled." <u>Zagata Fabricators, Inc. v. Superior Air Prods.</u>, 893 F.2d 624, 627 (3d Cir. 1990). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. <u>See</u> 11 U.S.C. § 507(a)(2).

14.    Here, the Debtor's obligations that accrued from the Petition Date through the Rejection Date also qualify as administrative expense claims pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because they were incurred by the Debtors' estates and preserved the Debtors' estates. Debtors benefited from the post-petition use and occupancy of the Premises by having continued access to and use of the Premises for the direct benefit of themselves and their lenders prior to the applicable Rejection Date. As a result, the Debtors' obligations to Landlords were an actual and necessary cost and expense of operating the Debtors' businesses.

15.     For the foregoing reasons, Landlords respectfully request that the Court enter an order allowing their administrative expense claims in the amounts outlined in Schedule A, as more fully set forth in Exhibits 1-9.

## NO PRIOR REQUEST

16.     Landlords submit that no prior request for the relief requested herein has been made to this Court or any other Court.

## NOTICE

17.     Service of this Request will be made upon counsel to the Debtors.  In light of the relief requested, Landlords submit that no other or further notice is required.

WHEREFORE, Landlord respectfully request that the Court enter an Order: (i) awarding the allowance and payment of the Landlords' administrative expense claims against the Debtors' estates under sections 365(d)(3) and 503(b) of the Bankruptcy Code in the amounts outlined in Schedule A and (ii) providing such other relief the Court deems just and necessary.

Dated: July 7, 2025
Wilmington, Delaware

/s/ Leslie C. Heilman
Leslie C. Heilman (DE No. 4716)
Laurel D. Roglen (DE No. 5759)
Margaret A. Vesper (DE No. 6995)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
        roglenl@ballardspahr.com
        vesperm@ballardspahr.com

and

Dustin P. Branch, Esquire
Nahal Zarnighian, Esquire
Sara Shahbazi, Esquire
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: (424) 204-4400
Facsimile: (424) 204-4350
E-mail: branchd@ballardspahr.com
        zarnighiann@ballardspahr.com
        shahbazis@ballardspahr.com

*Counsel to BMA Springhurst LLC, Brixmor
Burlington Square LLC, Brixmor SPE 5, LLC, Great
Hills Retail, Inc., Malco TIC, New Plan Property
Holding Company, Prattville Partners Limited
Partnership, Realty Income Corporation, and SUP II
Red Top Plaza, LLC*

**SCHEDULE A**

| BMA SPRINGHURST LLC | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 590 | Springhurst Towne Center (The Vitamin Shoppe) | Louisville, KY | $273.03 | 1 |

| BRIXMOR BURLINGTON SQUARE LLC | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 861 | Burlington Square (The Vitamin Shoppe) | Burlington, MA | $2,739.21 | 2 |

| BRIXMOR SPE 5, LLC | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 8279 | Speedway Super Center (American Freight Furniture) | Speedway, IN | $460.59 | 3 |

| GREAT HILLS RETAIL, INC. | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 386 | Great Hills Station (The Vitamin Shoppe) | Austin, TX | $22,098.39 | 4 |

| MALCO TIC | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 072 | Montgomery East Plaza (American Freight) | Montgomery, AL | $643.27 | 5 |

| NEW PLAN PROPERTY HOLDING COMPANY | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 235 | Florence Square (Pet Supplies Plus) | Florence, KY | $237.90 | 6 |

| PRATTVILLE PARTNERS LIMITED PARTNERSHIP | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 280 | Main Street (American Freight) | Prattville, AL | $514.06 | 7 |

| REALTY INCOME CORPORATION | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 038 | 1544 State Road 436 (American Freight Furniture) | Winter Park, FL | $5,452.32 | 8 |
| SUP II RED TOP PLAZA, LLC | | | | |
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 4061 | Red Top Plaza | Libertyville, IL | $48.67 | 9 |