## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**Objections Due:  July 29, 2025 at 4:00 P.M. (ET)**
**Hearing Date:  September 10, 2025 at 10:00 A.M. (ET)**

## FINAL FEE APPLICATION OF BACK BAY MANAGEMENT CORPORATION AND ITS DIVISION, THE MICHEL-SHAKED GROUP, FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR THE PERIOD FROM MARCH 17, 2025 THROUGH APRIL 30, 2025

| Name of Applicant: | Back Bay Management Corporation and its Division, the Michel-Shaked Group |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective March 17, 2025 pursuant to Order dated May 5, 2025 [Docket No. 1393] |
| Period for which Compensation and Reimbursement is Sought: | March 17, 2025 – April 30, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $944,955.50[2] |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] This amount includes compensation in the estimated amount of $7,500 for the preparation and prosecution of the Final Application.

| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $6,586.11 |
|---|---|

This is a:      ☐monthly     ☐ interim    ☒final application.

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is approximately $7,500.

### PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | Balance Due |
|---|---|---|---|---|---|---|
| 05.05.25 | 03.17.25 - 04.30.25 | $937,455.50 | $6,586.11 | $749,964.40 | $6,586.11 | $187,491.10 |
| **Totals** | | $937,455.50 | $6,586.11 | $749,964.40 | $6,586.11 | $187,491.10 |

### COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Fees |
|---|---|---|
| Valuation Analysis of Debtors | 1,514.8 | $922,428.00 |
| Administrative | 20.8 | $15,027.50 |
| | | |
| **Total** | 1,535.60 | $937,455.50 |

### COMPENSATION BY PROFESSIONAL

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Brad Orelowitz | Managing Director | $950 | 276.7 | $262,865.00 |
| Paul Dionne | Director | $750 | 243.2 | $182,400.00 |
| Luka Miladinovic | Manager | $600 | 274.8 | $164,880.00 |
| Jordan Murray | Manager | $600 | 102.7 | $61,620.00 |
| Aman Agrawal | Senior Analyst | $450 | 46.9 | $21,105.00 |
| Alex Callan | Senior Analyst | $450 | 200.4 | $90,180.00 |
| Alec Hargett | Analyst | $395 | 181.7 | $71,771.50 |
| Charles Korn | Analyst | $395 | 209.2 | $82,634.00 |
| **Totals** | | | 1,535.6 | $937,455.50 |

**EXPENSE SUMMARY**

| Expense Category | Expenses |
|---|---|
| Data Charges | $6,274.90 |
| Working Meals | $311.21 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*, | Case No. 24-12480 (LSS) |
| Debtors.[3] | (Jointly Administered) |

**Objections Due: July 29, 2025 at 4:00 P.M. (ET)**
**Hearing Date: September 10, 2025 at 10:00 A.M. (ET)**

**FINAL FEE APPLICATION OF BACK BAY MANAGEMENT CORPORATION
AND ITS DIVISION, THE MICHEL-SHAKED GROUP, FOR
COMPENSATION EARNED AND EXPENSES INCURRED FOR THE
PERIOD FROM MARCH 17, 2025 THROUGH APRIL 30, 2025**

By this application (this "Application"), pursuant to sections 330 and 331 of Title 11 of the

United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (collectively, the "Bankruptcy Rules") and this *Court's Order Establishing Procedures*

*for Interim Compensation and Reimbursement of Estate Professionals* [Docket No. 353] (the

"Administrative Order") and the *Order Appointing Fee Examiner and Establishing Procedures*

*for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No.

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

747] (the "<u>Fee Examiner Order</u>"), Back Bay Management Corporation and its Division, the Michel-Shaked Group ("<u>MSG</u>" or the "<u>Firm</u>"), expert witness for the official committee of unsecured creditors (the "Committee"), hereby seeks final approval of compensation for professional services rendered the Committee in the above-captioned chapter 11 cases in the amount of $937,455.50 and actual and necessary expenses in the amount of $6,586.11 during the period commencing March 17, 2025 through and including April 30, 2025 (the "Final Fee Period"). In support of this Application, MSG respectfully represents as follows:

<u>**Jurisdiction and Venue**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. MSG confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2. A certification pursuant to Local Rule 2016-2 is attached hereto as **<u>Exhibit A</u>**.

**Background**

4.      On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      On December 6, 2024, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period November 3, 2024 through January 31, 2025, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

6.      On January 15, 2025, the Court entered in Fee Examiner Order to assist the Court in its determination of whether the Applications submitted by Professionals are compliant with the Bankruptcy Code, all applicable Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the

Administrative Order.  The terms and conditions of the Administrative Order shall not be modified by the Fee Examiner Order, except that not later than three (3) business days after the filing of an Application, and Estate Retained Professional[4] shall send to the Fee Examiner via electronic mail such Application and any time entries and the expense detail filed therewith in Adobe Acrobat (pdf) format and searchable electronic format (in LEDES, or Excel, as specified by the Fee Examiner), as applicable Fee Detail.  If any Estate Retained Professional cannot reasonably convert its Fee Detail to the electronic formats described above, the Fee Examiner and the Estate Retained Professional shall cooperate in good faith to agree on an appropriate electronic format.

7.      The retention of MSG, as expert witness for the Committee, was approved effective as of March 17, 2025, by this Court's *Order Authorizing and Approving the Retention and Employment of Back Bay Management Corporation and its Division, The Michel-Shaked Group, to Provide Expert Witness Services Effective as of March 17, 2025* [Docket No. 1393] (the "Retention Order").  The Retention Order authorized MSG to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**Services Rendered and Disbursements Incurred During the Final Fee Period**

1.      MSG conducted an enterprise valuation of the Debtors and performed rebuttal analyses on valuations performed by other experts.  MSG's expert, Brad Orelowitz, prepared an expert valuation rebuttal report containing his opinions with respect to the Debtors' enterprise value and the rebuttal points on analyses performed by other experts involved in the case.

2.      **Exhibit B** sets forth a timekeeper summary that includes the respective names, positions, department, hourly billing rates, and aggregate hours spent by each MSG

---

[4] Capitalized terms used but not otherwise defined in this Application have the meaning given to such terms in the Fee Examiner Order.

professional that provided services to the Committee during the Fee Period.  The rates charged by MSG for services rendered to the Committee are the same rates that MSG charges generally for professional services rendered to its non-bankruptcy clients.

3.     **Exhibit C** sets forth a summary by task that includes the aggregate hours per task spent by MSG professionals in rendering services to the Committee during the Fee Period.

4.     **Exhibit D** sets forth a disbursement summary that includes the aggregate expenses, organized by general disbursement categories, incurred by MSG in connection with services rendered to the Committee during the Fee Period.

5.     **Exhibit E** sets forth a complete itemization of all time records for MSG professionals for the Fee Period.

## COMPENSATION SHOULD BE ALLOWED

6.     The foregoing services rendered by MSG to the Committee during the Final Fee Period were reasonable, necessary, and appropriate to the administration of the bankruptcy cases.

7.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including

(a)    the time spent on such services;

(b)    the rates charged for such services;

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

8.    MSG submits that the services provided to the Committee by MSG during the Final Fee Period were necessary and appropriate given the complexity of these bankruptcy cases and the issues involved.  Accordingly, MSG respectfully submits that approval of the compensation and reimbursement of the expenses sought for the Final Fee Period should be approved.

9.    MSG has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with such requirements.

WHEREFORE, MSG respectfully requests entry of an order (a) allowing, authorizing, and directing payment by the Debtors of compensation in the amount of $937,455.50 for necessary services rendered, and reimbursement of actual and necessary costs in the amount of $6,586.11, for a total of $944,041.61 incurred by MSG as expert witness to the Committee during the Final Fee Period, (b) granting final allowance of such compensation and cost reimbursement amounts, and (c) granting such other and further relief as the Court deems just and proper.

14

Dated:  July 8, 2025

*/s/ Brad Orelowitz*
Brad Orelowitz
Managing Director
Back Bay Management Corporation
and its division, The Michel-Shaked Group