**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>September 10, 2025 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>July 30, 2025 at 4:00 p.m. (ET) |

**SUMMARY OF SECOND MONTHLY FEE STATEMENT AND FINAL FEE APPLICATION OF DUCERA PARTNERS LLC FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM APRIL 1, 2025 THROUGH JUNE 2, 2025 AND FOR THE FINAL FEE PERIOD FROM NOVEMBER 3, 2024 THROUGH JUNE 2, 2025**

| | |
|---|---|
| Name of Applicant: | Ducera Partners LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Reorganized Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

| | |
|---|---|
| Date of Retention: | January 21, 2025, effective as of November 3, 2024 [Docket No. 802] |
| Monthly Period for Which Compensation and Reimbursement is Sought: | April 1, 2025 through June 2, 2025 |
| Monthly Amount of Compensation Sough as Actual, Reasonable, and Necessary: | $15,468,008.39[2] |
| Monthly Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary | $130,492.86 |
| Final Period for Which Reimbursement Is Sought: | November 3, 2024 through June 2, 2025 |
| Final Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $16,343,008.39 |
| Final Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $630,975.86 |

This is a(n):  __X__ monthly  _____ interim  __X__ final application

**Prior applications:**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed / Docket No.** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 05/07/25; D.I. #1425 | 11/03/2024 – 03/31/2025 | $875,000.00 | $500,483.00 | N/A | N/A |

---

[2] The Debtors inadvertently overpaid Ducera for an extra Monthly Advisory Fee, which Ducera will apply to the services rendered by Ducera in May 2025, once such fees are approved.

**SUMMARY OF TIME RECORDS BY PROFESSIONAL**
**APRIL 1, 2025 THROUGH JUNE 2, 2025**

| Name | Position | Total Hours |
|---|---|---|
| Michael Kramer | Partner | 17.0 |
| Chris Grubb | Partner | 204.0 |
| Jon Cremeans | Director | 230.5 |
| Andrew Killinger | Associate | 218.0 |
| Nick Bassi | Associate | 24.5 |
| Zach Taylor | Analyst | 232.5 |
| Mike Malyshev | Analyst | 315.0 |
| Dhruv Rungta | Analyst | 422.0 |
| **Total Hours** | | **1,663.5** |

**SUMMARY OF TIME RECORDS BY CATEGORY**
**APRIL 1, 2025 THROUGH JUNE 2, 2025**

| Name | Total Hours |
|---|---|
| Financial Analysis and Review of Strategic Alternatives | 719.0 |
| Agreements, Documents, and Legal Review | 162.5 |
| Debtor Communications | 186.0 |
| Creditor/Stakeholder Communications | 139.5 |
| Case Administration and Strategic Planning | 137.5 |
| Court Hearing, Case Preparation and Other | 23.0 |
| M&A Services | 296.0 |
| **Total Hours** | **1,633.5** |

**SUMMARY OF EXPENSES BY CATEGORY**
**APRIL 1, 2025 THROUGH JUNE 2, 2025**

| Category | Total Expenses |
|---|---|
| Airfare | $15,889.63 |
| Meals | $1,239.24 |
| Hotels | $2,756.98 |
| Ground Transportation | $2,161.72 |
| Internet | $8.00 |
| Agency Booking Fees | $230.17 |
| Legal & Consulting | $108,207.12 |
| **Total** | **$130,492.86** |

**SUMMARY OF FINAL TIME RECORDS BY PROFESSIONAL**
**NOVEMBER 3, 2024 THROUGH JUNE 2, 2025**

| Name | Position | Total Hours |
|---|---|---:|
| Michael Kramer | Partner | 99.0 |
| Chris Grubb | Partner | 918.5 |
| Kishan Patel | Director/Managing Director | 476.5 |
| Jon Cremeans | Director | 620.5 |
| Andrew Killinger | Associate | 1,172.0 |
| Nick Clark | Associate | 283.5 |
| Nick Bassi | Associate | 255.0 |
| Zach Taylor | Analyst | 1,449.0 |
| Mike Malyshev | Analyst | 1,786.0 |
| Dhruv Rungta | Analyst | 1,669.0 |
| **Total Hours** | | **8,729.0** |

**SUMMARY OF FINAL TIME RECORDS BY CATEGORY**
**NOVEMBER 3, 2024 THROUGH JUNE 2, 2025**

| Name | Total Hours |
|---|---:|
| Financial Analysis and Review of Strategic Alternatives | 3,644.5 |
| Agreements, Documents, and Legal Review | 566.5 |
| Business Review and Due Diligence | 511.0 |
| Debtor Communications | 711.0 |
| Creditor/Stakeholder Communications | 543.0 |
| Financing Services | 133.0 |
| Case Administration and Strategic Planning | 840.0 |
| Court Hearing, Case Preparation and Other | 182.5 |
| M&A Services | 1,597.5 |
| **Total Hours** | **8,729.0** |

**SUMMARY OF FINAL EXPENSES BY CATEGORY**
**NOVEMBER 3, 2024 THROUGH JUNE 2, 2025**

| Category | Total Expenses |
|---|---:|
| Airfare | $49,606.05 |
| Meals | $20,819.75 |
| Hotels | $17,519.25 |
| Ground Transportation | $9,657.86 |
| Internet | $8.00 |
| Agency Booking Fees | $230.17 |
| Legal & Consulting | $533,134.78 |
| **Total** | **$630,975.86** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> September 10, 2025 at 10:00 a.m. (ET) |
| | **Objection Deadline:** <br> July 30, 2025 at 4:00 p.m. (ET) |

**SECOND MONTHLY FEE STATEMENT AND
FINAL FEE APPLICATION OF DUCERA
PARTNERS LLC FOR PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY
PERIOD FROM APRIL 1, 2025 THROUGH JUNE 2, 2025 AND FOR
THE FINAL FEE PERIOD FROM NOVEMBER 3, 2025 THROUGH JUNE 2, 2025**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Reorganized Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

Pursuant to sections 105(a), 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Ducera Partners LLC ("Ducera"), the investment banker for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby files its final monthly fee statement (this "Monthly Fee Statement") requesting (a) approval of $15,598,501.25 incurred during the monthly fee period of April 1, 2025 through June 2, 2025 (the "Monthly Fee Period") in aggregate fees ($15,468,008.39) and expenses ($130,492.86) incurred during the Monthly Fee Period and (b) payment in the aggregate amount of $15,563,501.25, consisting of (i) 80% of the Monthly Advisory Fee[2] with respect to April ($140,000.00) for the Monthly Fee Period, (ii) 100% of the In-Court Restructuring Fee less the Ducera Discount ($11,900,000.00) for the Monthly Fee Period, (iii) 100% of the Transaction Fee ($3,393,008.39), and (iv) 100% of the actual and necessary expenses ($130,492.86) incurred by Ducera during the Monthly Fee Period in connection with such services.

Ducera further hereby files this application (this "Application"), by which Ducera seeks final allowance of (a) compensation for services rendered in the amount of $16,343,008.39 and (b) reimbursement of actual and necessary expenses in the amount of $630,975.86 incurred during the during the final fee period of November 3, 2024 through June 2, 2025 (the "Final Fee Period"). In support of this Monthly Fee Statement and Application, Ducera respectfully represents as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 258].

2

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

3. On November 3, 2024 (the "Petition Date"), the Debtors commenced voluntary cases (collectively, the "Chapter 11 Cases") in this Court under the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The facts and circumstances supporting this Fee Statement are set forth in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15], which is incorporated by reference herein.

5. On January 21, 2025, this Court entered the *Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of Petition Date, and (II) Granting Related Relief* [Docket No. 802] (the "Retention Order") a copy of which is annexed hereto as **Exhibit E**. The Retention Order authorized Ducera to be compensated pursuant to the terms of the engagement letter between Ducera and the Debtors dated

3

as of June 27, 2024, as amended by that certain amendment to the engagement letter, dated as of October 24, 2024 (as amended, the "Engagement Letter"), a copy of which is attached to the Retention Order.

6. All services for which compensation is requested herein by Ducera were performed for or on behalf of the Debtors.

**Relief Requested**

7. By this Monthly Fee Statement, Ducera requests (a) approval of $15,598,501.25 in aggregate fees ($15,468,008.39) and expenses ($130,492.86) incurred during the Monthly Fee Period and (b) payment in the aggregate amount of $15,563,501.25, consisting of (i) 80% of the Monthly Advisory Fee[3] with respect to April ($140,000.00), (ii) 100% of the In-Court Restructuring Fee less the Ducera Discount ($11,900,000.00) for the Monthly Fee Period, (iii) 100% of the Transaction Fee ($3,393,008.39), and (iv) 100% of the actual and necessary expenses ($130,492.86) incurred by Ducera during the Monthly Fee Period in connection with such services. Ducera also requests final allowance of (a) compensation for services rendered during the Final Fee Period in the amount of $16,343,008.39 and (b) reimbursement of actual and necessary expenses in the amount of $630,975.86 incurred during the during the Final Fee Period.

8. All services for which compensation is requested by Ducera were performed during the applicable Fee Period on behalf of the Debtors. Although Ducera, in line with market convention, does not bill by the hour, Ducera kept track of its postpetition time in half-hour increments in accordance with the Retention Order. During the Monthly Fee Period, Ducera professionals spent approximately 1,663.5 total hours providing investment banking services to

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 258].

the Debtors. Time records for the Monthly Fee Period are attached hereto as **Exhibit A**. During the Final Fee Period, Ducera professionals spent approximately 8,729.0 total hours providing investment banking services to the Debtors. Time records for the Final Fee Period are attached hereto as **Exhibit C**.

9. The fees charged by Ducera have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by Ducera for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Ducera submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national financial advisory and investment banking market.

10. There is no agreement or understanding between Ducera and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

**Actual and Necessary Disbursements**

11. Ducera also incurred certain necessary expenses during the Monthly Fee Period for which it is entitled to reimbursement under the Engagement Letter and the Retention Order. As set forth in detail in the summary attached hereto as **Exhibit B**, Ducera's total expenses incurred during the Monthly Fee Period are $130,492.86. As set forth in detail in the summary attached hereto as **Exhibit D**, Ducera's total expenses incurred during the Final Fee Period are $630,975.86.

12. Ducera believes that the time entries included in **Exhibits A** and **C** attached hereto and the expense breakdown set forth in **Exhibits B** and **D** attached hereto are in compliance with the requirements of Local Rule 2016-1, as modified by the Retention Order.

**Legal Standards**

13. Ducera was retained pursuant to section 328(a) of the Bankruptcy Code and, pursuant to the Retention Order, all of its requested fees and expense reimbursements are subject to review only pursuant to section 328(a) of the Bankruptcy Code, and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. Section 328(a) of the Bankruptcy Code provides, in pertinent part:

> The trustee, or a committee appointed under section 1102 of this title, with the Court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

14. Section 328(a) of the Bankruptcy Code further provides that the Court may allow compensation different from the compensation provided under the previously approved terms and conditions after the conclusion of such employment, only if such terms and conditions "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.* While the bankruptcy court has discretion to alter fee agreements when the circumstances warrant, such alteration must be supported by evidence that the fee terms proved to have been improvident by reason of subsequent developments not capable of being anticipated at the time of the order fixing the compensation arrangement. *See, e.g., In re Confections By Sandra, Inc.*, 83 B.R. 729 (9th Cir. B.A.P. 1987) (absent evidence of unanticipated developments, a bankruptcy court abuses its discretion by altering a previously approved fee arrangement). Where the court specifically approved a professional's employment and its compensation arrangement under section 328(a) of the Bankruptcy Code and there is no evidence that unexpected or unforeseen circumstances have occurred that would cause the compensation arrangement to be improvident, the court cannot conduct a section 330 reasonableness review of

the fees requested. *See, e.g., In re Olympia Holding Corp.*, 176 B.R. 962, 966 (Bankr. M.D. Fla. 1994).

16. Under the terms of the Engagement Letter, Ducera has provided valuable services to the Debtors, and Ducera respectfully submits that the professional services for which it requests compensation and the expenditures for which it seeks reimbursement in this Application were necessary and beneficial to the Debtors, the Debtors' estates, and their creditors.  Specifically, the compensation and expense reimbursement Ducera requests is fair and reasonable given (a) the complexity of these cases, (b) the time expended by Ducera, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  As noted above, all services for which Ducera requests compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.  No agreement or understanding exists between Ducera and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

## **Reservation of Rights**

16. Although every effort has been made to include all fees and expenses incurred in the Final Fee Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Compensation Period.  Ducera reserves the right to make further application to the Court for allowance of such fees and expenses not included herein.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, Ducera requests (a) $15,598,501.25 in aggregate fees ($15,468,008.39) and expenses ($130,492.86) incurred during the Monthly Fee Period and (b) payment in the aggregate amount of $15,563,501.25, consisting of (i) 80% of the Monthly Advisory Fee $140,000.00) with respect to April, (ii) 100% of the In-Court Restructuring Fee less the Ducera Discount ($11,900,000.00) for the Monthly Fee Period, (iii) 100% of the Transaction Fee ($3,393,008.39), and (iv) 100% of the actual and necessary expenses ($130,492.86) incurred by Ducera during the Monthly Fee Period in connection with such services.  Ducera further requests final allowance of (a) compensation for services rendered during the Final Fee Period in the amount of $16,343,008.39 and (b) reimbursement of actual and necessary expenses in the amount of $630,975.86 incurred during the during the Final Fee Period.

Dated: July 9, 2025

Respectfully Submitted,

**Ducera Partners LLC**

*/s/ Christopher Grubb*
Christopher Grubb
Partner

**VERIFICATION**

I, Christopher Grubb pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby verify that:

1. I am a Partner with Ducera Partners LLC ("Ducera"), and I am duly authorized to make this certification on behalf of Ducera. Ducera was retained by Franchise Group, Inc. and its affiliated debtors (collectively, the "Debtors") as investment banker. This certification is made in support of the *Second Monthly Fee Statement and Final Fee Application of Ducera Partners LLC for Payment of Compensation and Reimbursement of Expenses for the Monthly Period from April 1, 2025 Through June 2, 2025 and for the Final Fee Period from November 3, 2024 Through June 2, 2025* (the "Application") and in compliance with rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. I have read the Application, and I certify that the Application substantially complies with the Local Rules.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief.

Dated: July 9, 2025  
New York, New York

**Ducera Partners LLC**

*/s/ Christopher Grubb*  
Christopher Grubb  
Partner