IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Franchise Group, Inc., *et al.*, | ) Case No. 24-12480 (LSS) |
| | ) (Jointly Administered) |
| Debtors. | ) Re: Docket No. 1605 |
| | ) Hearing Date: August 19, 2025 at 10:00 a.m. (ET) |
| | ) Objection Deadline: July 24, 2025 at 4:00 p.m. (ET) |

### APPLICATION OF GEXA ENERGY, LP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

Gexa Energy, LP ("Gexa") a post-petition creditor in the above-captioned bankruptcy proceedings, for its Application for Allowance and Payment of Administrative Expenses (the "Application"), respectfully represents as follows:

**Facts Regarding Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding and for this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Procedural Facts**

4. On November 3, 2024 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court.

5. The Debtors' Chapter 11 bankruptcy cases are being jointly-administered.

6. By order dated June 2, 2025 [Docket No. 1596], the Court confirmed the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan").

7. The Effective Date of the Plan was June 6, 2025 (the "Effective Date").

8. Section 3.2(b) of the Plan provides that Holders of Allowed Administrative Expense claims:

> shall be paid in full in Cash:  (i) if such Administrative Expense Claim is Allowed on or prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter (or, if not then due, when such Allowed Administrative Expense Claim is due or as soon as reasonably practicable thereafter); (ii) if such Administrative Expense Claim is not Allowed as of the Effective Date, no later than thirty (30) days after the date on which an order allowing such Administrative Expense Claim becomes a Final Order, or as soon as reasonably practicable thereafter; (iii) if such Allowed Administrative Expense Claim is based on liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date, to the extent consistent with the DIP Budget, in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Expense Claim without any further action by the Holder of such Allowed Administrative Expense Claim; (iv) at such time and upon such terms as may be agreed upon by such Holder and the Debtor; or (v) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

9. Pursuant to the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605], the deadline for filing requests for payment of Administrative Expense Claims is July 7, 2025.  By email dated July 4, 2025, Debtors' counsel agreed to extend that deadline to July 14, 2025 for Gexa.

**Facts Regarding Gexa**

10. Both prior to and since the Petition Date, Gexa provided the Debtors with electricity and related services pursuant to the Business Electricity Authorization Texas Large Commercial Sales dated July 9, 2024 between Gexa and American Freight, LLC ("American

Freight"), related Electric Supply Terms of Service (Large Commercial), and related addenda and exhibits thereto (collectively, the "Electricity Agreement") that sets for the terms and conditions concerning Gexa's provision of electricity and related services to the Debtors.

11.     Pursuant to the terms of the Plan and the Plan Supplement [Docket Nos. 1182-1, 1371-2, and 1518-1), the Electricity Agreement was rejected as of the Effective Date.

12.     After application of the post-petition deposits held by Gexa, American Freight owes Gexa a total of $19,954.85 in billed charges (the "Post-Petition Balance") for electricity and related services provided by Gexa to American Freight under the Electricity Agreement through July 7, 2025.  Attached as **Exhibit 1** hereto is a chart showing an account-by-account breakdown of the Post-Petition Balance, including the amounts that are past due.  The applicable invoices have been sent to the Debtors in the ordinary course of business.

13.     Pursuant to the terms of that certain letter agreement dated December 9, 2024 between the Debtors and Gexa resolving Gexa's objection [Docket No. 280] to the Debtors' *Motion For Interim and Final Orders (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures For Resolving Objections By Utility Companies and Determining Additional Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 7], the Debtors agreed that "The Debtors shall pay all undisputed post-petition bills received from the Utilities for post-petition utility charges on or before the appliable due date on the invoice…."  The Debtors further agreed as follows:

> If the Debtors no longer require service at an account for any reason, including the Debtors' termination of services, a sale of the Debtors' assets, a store closing date, the Effective Date of a Chapter 11 plan in the Debtors' Chapter 11 cases or dismissal of the Debtors' Chapter 11 cases, the Debtors shall promptly contact [Gexa] to close the account(s).  Upon being contacted to close the account(s), [Gexa] shall promptly close the

    account(s) and promptly refund the deposit payment for such account(s) once all final post-petition charges for that account(s) are satisfied.

14. The Debtors never contacted Gexa to notify it that the accounts should be closed as of the Effective Date. To the contrary, the five accounts on which the Post-Petition Balance is owing remain active as of the filing of this Application. Further, Gexa personnel have been in contact with their business contacts at American Freight in an effort to reconcile and obtain payment of the Post-Petition Balance. At no time during those discussions did the Debtors notify Gexa that the Electricity Agreement had been rejected or that American Freight's remaining accounts under the agreement should be closed.

## Discussion

15. The charges for post-petition electricity and related services provided by Gexa are actual, necessary expenses of preserving the Debtors' bankruptcy estates and are entitled to an administrative expense priority pursuant to § 503(b) of the Bankruptcy Code. *See In re Best Products, Co.*, 203 B.R. 51, 53 (E.D. Va. 1996).

## Reservation of Rights

16. Gexa reserves all rights to modify, revise, update and amend this Application.

WHEREFORE, Gexa respectfully requests that this Court enter an order:

i. Allowing an Administrative Expense Claim in favor of Gexa in the amount of the Post-Petition Balance (the "Administrative Expense Claim");

ii. Requiring the Debtors to tender payment to Gexa in the full amount of the Administrative Expense Claim in accordance with Section 3.2(b) of the Plan;

iii. Requiring the Debtors to promptly close their accounts with Gexa and to pay all additional charges incurred on the remaining five active accounts until they are closed by the applicable due date on the invoice(s); and

iv. Granting such other and further relief as is equitable and just.

Dated: July 10, 2025

WHITEFORD, TAYLOR & PRESTON LLC

/s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (#2936)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 353-4145
E-mail: wtaylor@whitefordlaw.com

and

LAW FIRM OF RUSSELL R. JOHNSON III, PLC
Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
E-mail: russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

*Counsel for Gexa Energy, LP*