## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. _____** |

**ORDER GRANTING THE GAZZO PARTIES' MOTION FOR
AN ORDER (I) DETERMINING ESCROWED FUNDS TO BE
NON-ESTATE PROPERTY AND COMPELLING DISBURSEMENT; (II) GRANTING,
IN THE ALTERNATIVE, AN ADMINISTRATIVE EXPENSE CLAIM AND
PAYMENT FROM ESCROWED FUNDS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Joseph Gazzo, MMS Group, LLC, Bi-Rite

Holdings, LLC, Buddy's Rollco LLC, 1st Choice Home Furnishings of Donaldsonville, L.L.C.,

and 1st Choice Home Furnishings of Baton Rouge, L.L.C., (collectively, the "Gazzo Parties") for

entry of an order (this "Order"), pursuant to sections 105(a), 365, 503, 507 and 541 of the

Bankruptcy Code: (i) determining that the Escrowed Funds are not estate property and compelling

the Escrow Agent to disburse such funds to the Gazzo Parties; (ii) granting, in the alternative, an

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

administrative expense claim to the Gazzo Parties and ordering Buddy's Franchising and

Licensing, LLC ("Buddy's") and Franchise Group Inc. ("FRG" and, collectively with Buddy's,

the "Obligated Debtors") to immediately pay such claim from the Escrowed Funds; and (iii)

granting related relief, all as more fully described in the Motion; and this Court having found that

it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated as of February 29, 2012; and this Court having found that the Motion is a core proceeding

pursuant to 28 U.S.C. § 157(b); and that the parties consent to entry of a final order under Article

III of the United States Constitution; and this Court having found that venue of these chapter 11

cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

appearing that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and this Court having reviewed the Motion and having the opportunity for a

hearing held before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief

granted herein; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and good and sufficient cause appearing

therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Escrowed Funds are not property of the Obligated Debtors' estates.

3.      The Gazzo Parties are granted an allowed administrative expense claim in the

amount of ███████ (the "Administrative Claim"), which Administrative Claim shall be deemed

satisfied upon final receipt of ███████ from the Escrowed Funds.

2

4.      Within three (3) business days of (i) service of this Order and (ii) delivery of the Gazzo Parties' payment information to the Escrow Agent, the Escrow Agent is directed to disburse ████████ of the Escrowed Funds to the Gazzo Parties.

5.      The Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

3