## <u>EXHIBIT C</u>

**Middle District of Florida Order**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BUDDY'S FRANCHISING AND
LICENSING, LLC,

          Plaintiff,

v.                                   Case No:   6:24-cv-1329-GAP-LHP

JOSEPH GAZZO, III , BI-RITE
HOLDINGS, LLC and BUDDY'S
ROLLCO, LLC,

          Defendants

---

### ORDER

      This cause came before the Court for consideration without oral argument on Plaintiff's Unopposed Amended Complaint and Motion to Confirm Arbitration Award and Response to Order to Show Cause. Doc. 11; Doc. 13. Defendants have not appeared in this case. *See* Docket.

## I.    Background

      Plaintiff Buddy's Franchising and Licensing, LLC's ("Plaintiff") initially entered into Franchise Agreements with Defendants Joseph Gazzo, III ("Gazzo"), Bi-Rite Holdings, LLC ("Bi-Rite"), and Buddy's Rollco, LLC ("Buddy's Rollco") (collectively, "Defendants") in 2013. Doc. 11, ¶ 13. Each Franchise Agreement

contained a provision requiring that any disputes that may arise between the parties be resolved through binding arbitration. *Id.*; *see also, e.g.*, Doc. 11-1, § 16(a). On May 10, 2023, after alleged breaches of these Franchise Agreements, Plaintiff initiated arbitration proceedings. Doc. 11, ¶ 14. One year later, the parties reached a Settlement Agreement and resolved that the Arbitrator would enter a Stipulated Award and Injunction (the "Award"). *Id.*, ¶ 16. On May 31, 2024, the Arbitrator entered the Award. *Id.*, ¶ 17; *see also* Doc. 11-2. Under the parties' Franchise Agreements, "[t]he judgment of the arbitrator…may be entered in any court having jurisdiction." Doc. 11-1, ¶ 16(a)(vii).

Plaintiff initially filed its Complaint seeking an order confirming the Award on July 19, 2024. Doc. 1. However, the Court dismissed that effort *sua sponte* for lack of subject matter jurisdiction on September 6, 2024, after determining that Plaintiff failed to adequately allege citizenship and amount in controversy under 28 U.S.C. § 1332(a). Doc. 9; *see also* Doc. 1. On September 17, 2024, Plaintiff filed an Amended Complaint addressing these shortcomings and again seeking an order confirming the attached Award and judgment against Defendants. Doc. 11 at 7; Doc. 11-2.

In the absence of any appearance by the nonresident Defendants or their counsel in this case, on October 30, 2024, this Court issued Plaintiff an Order to Show Cause that it had complied with the notice requirements of the Federal

Arbitration Act ("FAA").[1] Doc. 12 at 5. Plaintiff responded on November 15, 2024, attaching proof of service by the U.S. Marshals for each of the Defendants. Doc. 13; Doc. 13-1 at 1-3. Notice having been properly effectuated, the Court is satisfied that it has both subject matter and personal jurisdiction over the parties and their action. 9 U.S.C. § 9 ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."); *see also* Doc. 12 at 2.

## II.    Analysis

Section 9 of the FAA allows parties to arbitration to apply to U.S. district courts for an order confirming the award "within one year after the award is made." 9 U.S.C. § 9. "[T]he arbitration's winner seeks confirmation by a court generally because he fears the losing party will not abide by the award; when he is armed with a court order, the winning party has a variety of remedies available to enforce the judgment." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1238 (11th Cir. 2021) (internal quotations and citations omitted). If the parties have agreed to file a motion to confirm, "thereupon the court must grant such an order unless such an order is

---

[1] Section 9 of the FAA requires that for non-resident adverse parties, "notice of the application shall be served by the marshal of any district within which the adverse party may be found." 9 U.S.C. § 9. In the absence of a proof of summons or any appearance by the nonresident Defendants or their counsel in this case, this Court issued Plaintiff an Order to Show Cause that it had complied with the aforementioned notice requirements. Doc. 12 at 5.

vacated, modified, or corrected." 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

In this case, instead of one party prevailing over the other in the arbitration proceeding, the underlying dispute was resolved through a Settlement Agreement. Doc. 11, ¶ 14. As part of their agreement, the parties decided that the Arbitrator should enter an Award enjoining Defendants from operating certain rent-to-own ("RTO") businesses, from use of Plaintiff's name, and other specific requirements. Doc. 11, ¶ 16; *see also* Doc. 11-2, ¶¶ 1-2. In accordance with the Franchise Agreement, Plaintiff then sought an order from this Court confirming the Award. Doc. 11-1, ¶ 16(a)(vii).

The Award has not been "vacated, modified, or corrected,"—nor has any such motion been filed—and it has been less than one year since the Award was entered on May 31, 2024. *See* 9 U.S.C. § 9; Doc. 11, ¶¶ 17, 20 ("[Defendants] assent to the relief sought in this Amended Complaint."); *see generally* Docket. Consequently, Plaintiff's Unopposed Amended Complaint to Confirm Arbitration Award is due to be granted. *See Mattel*, 552 U.S. at 587.

### III.    Conclusion

Accordingly, it is **ORDERED** that the attached Stipulated Award and Injunction entered on May 31, 2024, by Arbitrator John Barkett is hereby **CONFIRMED**. Specifically,

1. Defendants are **ENJOINED** for a period of one year from the execution date of the Parties' Settlement Agreement from engaging in any RTO business as detailed in paragraph one of the attached Award;

2. Defendants are **ENJOINED** from operating their ▇▇▇▇▇ as a Buddy's franchise and **MUST** convert the existing ▇▇▇ ▇▇▇ to a non-RTO retail business under a different name, along with the other conditions detailed in paragraph two of the attached Award;

3. The Court retains jurisdiction to enforce this Order; and

4. The Court's Order to Show Cause (Doc. 12) is hereby **DISCHARGED**.

5. The Clerk is directed to enter **JUDGMENT** for the Plaintiff and close the case.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

# COURT'S EXHIBIT 1

## AMERICAN ARBITRATION ASSOCIATION

Case No: 01-23-0002-1135

BUDDY'S FRANCHISING AND LICENSING
LLC,

               *Claimant,*

     v.

JOSEPH GAZZO III a/k/a JOSEPH GAZZO, BI-
RITE HOLDINGS, LLC and BUDDY'S
ROLLCO LLC,

               *Respondents.*

## STIPULATED AWARD AND INJUNCTION

WHEREAS, on May 10, 2023, Buddy's Franchising and Licensing LLC ("Buddy's") filed a Demand for Arbitration with AAA, naming Joseph Gazzo ("Gazzo"), Bi-Rite Holdings, LLC, and Buddy's Rollco LLC as Respondents (the "Buddy's Arbitration Proceeding");

WHEREAS, Buddy's Rollco LLC asserted Counterclaims against Buddy's in the Buddy's Arbitration Proceeding, including counts for violation of Florida's Deceptive and Unfair Trade Practices Act, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Tortious Interference with Business Relationships;

WHEREAS, each Party denies liability for any of the claims and counterclaims asserted against that Party in the Buddy's Arbitration Proceeding; and

WHEREAS, in order to avoid the costs and uncertainties of further litigation, and without any Party admitting any liability or fault, the Parties desire to settle and resolve the Arbitration Proceedings and related disputes upon the terms set forth in a Settlement Agreement and Release (the "Parties' Settlement Agreement"), and as part of the Parties' Settlement Agreement have agreed and stipulated that the AAA Arbitrator should enter this Stipulated Award and Injunction;

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Gazzo Parties[1]  are enjoined, for a period of one year from the Execution Date of the Parties' Settlement Agreement, from directly or indirectly, on their own behalf or in concert with any person or entity, from owning, maintaining, directing, partnering, engaging in, consulting with, or having any interest in any rent-to-own ("RTO"), rental purchase, lease purchase, or other business which leases, rents, sells or distributes home furnishings, electronics or appliances through any channel, including, without limitation, business conducted by means of retail outlets, internet or direct marketing, located within 25 miles of any of the Gazzo Parties' Franchise Locations[2], other than the █████████

2.      Upon the Execution Date of the Parties' Settlement Agreement, the Gazzo Parties shall cease operating the █████████ as a Buddy's franchise, and convert it to a non-RTO retail location operating under a different name. As part of ceasing to operate as a Buddy's

---

[1] For purposes of this Stipulated Award and Injunction, the "Gazzo Parties" are: Joseph Gazzo, MMS Group, LLC, Bi-Rite Holdings, LLC, Buddy's Rollco LLC, 1st Choice Home Furnishings of Donaldsonville, L.L.C., and 1st Choice Home Furnishings of Baton Rouge, L.L.C.

[2] The "Gazzo Parties' Franchise Locations" means the eight current or former Buddy's franchise locations that Joseph Gazzo or his affiliated entities owned or operated pursuant to the following



3.      The Arbitrator retains jurisdiction as necessary to enforce this Stipulated Award and Injunction.

4.      This Arbitration Proceeding (Case No: 01-23-0002-1135), including all claims and counterclaims, is hereby dismissed with prejudice. This Stipulated Award and Injunction and its terms shall continue in full force and effect.

    **IT IS SO ORDERED.**

Dated:   5/31/24                    John Barkett
                                   **JOHN BARKETT**
                                   Arbitrator