## __EXHIBIT D__

**Escrow Agreement**

# ESCROW AGREEMENT

This Escrow Agreement (the "Agreement") is made as of the date all parties have executed the Agreement (the "Execution Date"), by and between Joseph Gazzo, MMS Group, LLC, Bi-Rite Holdings, LLC, Buddy's Rollco LLC, 1st Choice Home Furnishings of Donaldsonville, L.L.C., and 1st Choice Home Furnishings of Baton Rouge, L.L.C., (the "Gazzo Parties"); Buddy's Franchising and Licensing LLC and Franchise Group Inc. (the "Respondent Parties"); and Arbitrator John Barkett (the "Escrow Agent"). (The Gazzo Parties, the Respondent Parties, and the Escrow Agent are referred collectively as the "Parties", and each as a "Party").

## RECITALS

A.  WHEREAS, on November 29, 2022, MMS Group, LLC ("MMS") filed a Demand for Arbitration with the American Arbitration Association ("AAA"), naming Buddy's Franchising and Licensing LLC ("Buddy's"), Brian R. Kahn, and Franchise Group Inc. ("FRG") as Respondents (the "MMS Arbitration Proceeding");

B.  WHEREAS, on May 10, 2023, Buddy's filed a Demand for Arbitration with AAA, naming Joseph Gazzo ("Gazzo"), Bi-Rite Holdings, LLC, and Buddy's Rollco LLC as Respondents (the "Buddy's Arbitration Proceeding");

C.  WHEREAS, W.S. Badcock LLC and American Freight, LLC commenced a federal lawsuit, and Vintage Capital Management, LLC commenced a state lawsuit in Florida State court, to quash the arbitration subpoenas issued to them in the MMS Arbitration Proceeding (together, the "Non-Party Subpoena Cases"), which remain pending and disputed;

D.  WHEREAS, the Parties have entered into a Settlement Agreement to resolve the MMS Arbitration Proceeding, the Buddy's Arbitration Proceeding, and the Non-Party Subpoena Cases (the "Settlement Agreement"), which requires, *inter alia*, that [REDACTED] and

E.  WHEREAS, the Gazzo Parties, the Respondent Parties, and the Escrow Agent desire to set forth the terms and conditions upon which the aforementioned Escrow Funds shall be held and distributed.

NOW, THEREFORE, in consideration of the mutual agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which all Parties acknowledge, the Parties agree as follows:

1.  **Appointment of Escrow Agent.** The Gazzo Parties and the Respondent Parties hereby designate and appoint the Escrow Agent as escrow agent to serve in accordance with the terms and conditions of this Agreement. In consideration of his usual and customary hourly fee, to be borne by the Parties as a shared cost and expense, Escrow Agent hereby accepts such appointment and agrees to act as such Escrow Agent in accordance with the terms and conditions of this Agreement.

2. <u>Deposit of Escrow Funds.</u> ▮

3. <u>Distribution of Escrow Funds.</u> Escrow Agent is hereby authorized to make disbursements of the Escrowed Funds as follows:

(a) Joint Instructions.  Upon delivery to Escrow Agent of joint written instructions by authorized representatives of the Gazzo Parties and the Respondent Parties (which may include emails from counsel for the Parties) specifying that all or a certain portion of the Escrowed Funds shall be paid to a Party in accordance with the terms and conditions of Paragraph 8 of the Settlement Agreement between the Gazzo Parties and the Respondent Parties; or

(b) Court Order.  By order of a court in a final, non-appealable judgment, or

(c) To the Registry of the Court.  Into the registry of the court in accordance with Paragraph 6, below.

Escrow Agent shall disburse the Escrowed Funds no later than three (3) Business Days after Escrow Agent is authorized, as set forth above or below, to disburse the Escrowed Funds. ▮

4. <u>Duties of Escrow Agent.</u> Escrow Agent undertakes to perform only such duties as are expressly set forth herein, being purely ministerial in nature. Escrow Agent shall have no responsibility for determining the due authorization, execution and delivery of any notice of other document delivered to Escrow Agent pursuant to this Agreement or the genuineness of the signatures thereon. Escrow Agent may rely and shall be protected in acting upon any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have seen signed or sent by the proper parties. Escrow Agent may rely on instructions in writing sent to Escrow Agent by email jointly from counsel to the Gazzo Parties and counsel to the Respondent Parties.  The amounts deposited with Escrow Agent pursuant to this Escrow Agreement shall *not* be held in an interest-bearing escrow account and the Gazzo Parties and the Respondent Parties expressly acknowledge that no interest will be paid on amounts deposited with the Escrow Agent.. Any accounts containing funds deposited pursuant to this Escrow Agreement shall hereinafter be referred to as the "Escrow Account."

5. <u>Reliance; Liability.</u> Escrow Agent may rely on, and shall not be liable for acting or refraining from acting upon, any written notice, instruction or request or other paper furnished to it hereunder or pursuant hereto and believed by it to have been signed or presented by the proper Party or Parties.  Escrow Agent shall be responsible for holding and disbursing the Escrowed Funds pursuant to this Escrow Agreement; provided, however, that in no event shall Escrow Agent be liable for any lost profits, lost savings or other special, exemplary, consequential or incidental damages and; provided, further, that Escrow Agent shall have no liability for any loss arising from

2

any cause beyond its control, including, but not limited to, the following: (a) acts of God, force majeure, including, without limitation, war (whether or not declared or existing), revolution, insurrection, riot, civil commotion, accident, fire, explosion, stoppage of labor, strikes and other differences with employees; (b) the act, failure or neglect of any other Party to this Escrow Agreement or any agent or correspondent or any other person selected by Escrow Agent; (c) any delay, error, omission or default of any mail, courier, telegraph, cable or wireless agency or operator; or (d) the acts or edicts of any government or governmental agency or other group or entity exercising governmental powers. Escrow Agent is not responsible or liable in any manner whatsoever for the sufficiency, correctness, genuineness or validity of the subject matter of this Escrow Agreement or any part hereof or for the transaction or transactions requiring or underlying the execution of this Escrow Agreement, the form or execution hereof or for the identity or authority of any person executing this Escrow Agreement or any part hereof or depositing the Escrowed Funds.

Escrow Agent shall not be liable for any error of judgment or for any act done or omitted by it in good faith or for any mistake of fact or law, and is released and exculpated from all liability..

Escrow Agent shall not have any duties or responsibilities except those set forth herein and shall not incur any liability in acting upon a signature, notice, request, waiver, consent, receipt or other paper or document believed by it to be genuine, and Escrow Agent may assume that any person purporting to give any notice or advice on behalf of any party in accordance with the provisions hereof has been duly authorized to do so.

6. <u>Right of Impleader.</u> Should any controversy arise involving the Parties hereto or any of them or any other person, firm or entity with respect to this Escrow Agreement or any of the Escrow Funds, or should a substitute escrow agent fail to be designated as provided hereunder, or if Escrow Agent should be in doubt as to what action to take, Escrow Agent shall have the obligation, absent the written agreement of all Parties, to resign as Escrow Agent and place the funds in the custody of a substitute escrow agent or institute a petition for interpleader in any court of competent jurisdiction to determine the rights of the Parties hereto. In the event Escrow Agent is a party to any dispute, Escrow Agent shall have the additional right to refer such controversy to non-binding mediation. Should a petition for interpleader be instituted, or should Escrow Agent be threatened with litigation or become involved in litigation or binding arbitration in any manner whatsoever in connection with this Escrow Agreement or the Escrowed Funds, then, as between (a) the other Parties hereto on the one hand, and (b) Escrow Agent on the other, the other Parties hereto hereby severally, but not jointly and severally, based on fifty percent (50%) each, agree to reimburse Escrow Agent for its attorneys' fees, including any such fees incurred in any appeals, and any and all other expenses, losses, costs and damages incurred by Escrow Agent in connection with or resulting from such threatened or actual litigation, mediation, or arbitration prior to any disbursement hereunder.

7. <u>Indemnification.</u> The Gazzo Parties and the Respondent Parties hereto hereby agree to severally, not jointly and severally, indemnify Escrow Agent in the amount of fifty percent (50%) each, against, and hold Escrow Agent harmless from, any and all expenses, including, without limitation, attorneys' fees and court costs (including fees and costs on appeal), losses, costs, damages and claims, including, but not limited to, costs of investigation, mediation, litigation. and arbitration and tax liability suffered or incurred by Escrow Agent in connection with

or arising from or out of this Escrow Agreement. For the avoidance of doubt, any indemnity oblgiations owed by Escrow Agent to Citibank N.A. are included within this indemnity to Escrow Agent .

8. <u>Resignation.</u> Escrow Agent may resign at any time by giving the Gazzo Parties and the Respondent Parties thirty (30) days written notice of the resignation. The Gazzo Parties and the Respondent Parties will identify a successor Escrow Agent within that 30-day window. Escrow Escrow Agent shall deliver the Escrowed Funds to any substitute escrow agent jointly designated by the other Parties in writing. If a substitute escrow agent is not designated within this 30-day windown, Escrow Agent may transfer one-half any funds held in escrow to the trust account of Zarco Einhorn Salkowski, P.A. (One Biscayne Tower, 2 S. Biscayne Blvd., 34th Floor, Miami, FL 33131) representing the Gazzo Parties and the remaining funds to the trust account of Gordon Rees Scully Mansukhani, (28 State Street, Suite 1050, Boston, MA 02109 or 677 King Street, Suite 450, Charleston, SC 29403) representing the Respondent Parties. Escrow Agent's sole responsibility until the designation of the substitute escrow agent shall be to hold the Escrow Funds and to deliver the same to a designated substitute escrow agent, or the Parties' law firm trust accounts, as the case may be, at which time of delivery Escrow Agent's obligations hereunder shall cease and terminate.

9. <u>Termination.</u> This Escrow Agreement shall terminate upon disbursement of all the Escrow Funds in accordance with Paragraphs 3 and 4 hereof; provided however, that Sections 5-18 shall, in any event, survive the termination hereof or the resignation or termination of the duties of the Escrow Agent.

10. <u>Compensation to Escrow Agent.</u> Escrow Agent, or persons working under Escrow Agent, shall be entitled to receive his or their usual and customary hourly fee for services performed as or for Escrow Agent. Escrow Agent will also be reimbursed any fees or expenses Escrow Agent incurs, including any fees charged by Citibank N.A. The Gazzo Parties and Respondent Parties shall equally divide such fees or expenses (50% each). Invoices for such fees shall be provided to counsel for the Parties.



12. <u>No Interpretation in Favor of Any Party.</u> For purposes of interpreting or construing this Agreement, no Party shall be deemed to have drafted this Agreement, nor may any Party offer in evidence or otherwise use, for purposes of suggesting any interpretation of this Agreement, any prior drafts of this Agreement. The language used in this Agreement is the language chosen by the Parties to express their mutual intent, and no rule of construction shall apply against any Party.

4

13. <u>Benefit.</u> This Agreement shall apply to, be binding on, and inure to the benefit of the Parties and their respective successors, heirs, assigns, parents, subsidiaries, and affiliates.

14. <u>Authorization and Further Assurances.</u> The Parties hereby represent, warrant and state that all legal action necessary for the effectuation and execution of this Agreement has been validly taken or will be taken consistent with the terms herein and that the individuals whose signatures appear below are duly authorized to execute this instrument on their respective Parties' behalf. Each Party agrees to take reasonable action upon request from another Party to effectuate the terms of and intent for this Agreement.

15. <u>Execution and Counterparts.</u> This Agreement may be executed, including by electronic signature, simultaneously in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. A signature delivered by facsimile or email shall be effective as an original.

16. <u>Modification.</u> This Agreement cannot be changed, modified, or amended except by a written instrument signed by the Parties or their duly authorized representatives and approved by the Court.

17. <u>Governing Law.</u> This Agreement shall be construed in accordance with, and governed in all respects by, the laws of the State of Florida.

18. <u>Acknowledgments.</u> The Parties acknowledge that they have read this Agreement, that they have been afforded sufficient time to understand the terms and effects of this Agreement, that they have had the opportunity to consult with their own counsel to advise them regarding the terms and effects of this Agreement prior to executing this Agreement, that they voluntarily are entering into and executing this Agreement, and that no Party, or agent or representative of any Party, has made any representations inconsistent with the terms and effects of this Agreement.

19. <u>Severability.</u> Any term herein found to be invalid or unenforceable shall be severed from this Agreement, and the remainder of this Agreement shall remain in full force and effect.

20. For purposes of billing or notices under this Agreement, email billing or notice is acceptable, and Escrow Agent may contact the following by email at the following addresses.

| | |
|---|---|
| For Respondent Parties | Peter Siachos, Esq. <br> psiachos@grsm.com |
| For the Gazzo Parties | Robert Einhorn <br> REinhorn@zarcolaw.com |

**[Remainder of Page Intentionally Left Blank; Signature Page to Follow]**

SO AGREED:

Dated: _____      _____
                                  JOHN BARKETT, ESQ., AS ESCROW AGENT

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  JOSEPH GAZZO

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  MMS GROUP, LLC, BY ITS AUTHORIZED
                                  REPRESENTATIVE, JOSEPH GAZZO

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  BI-RITE HOLDINGS, LLC, BY ITS AUTHORIZED
                                  REPRESENTATIVE, JOSEPH GAZZO

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  BUDDY'S ROLLCO LLC, BY ITS AUTHORIZED
                                  REPRESENTATIVE, JOSEPH GAZZO

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  1ST CHOICE HOME FURNISHINGS OF
                                  DONALDSONVILLE, L.L.C., BY ITS AUTHORIZED
                                  REPRESENTATIVE, JOSEPH GAZZO

Dated: 6/3/2024                   *Joe Gazzo* (DocuSigned by, 330484E1259342E...)
                                  1ST CHOICE HOME FURNISHINGS OF
                                  DONALDSONVILLE, L.L.C., BY ITS AUTHORIZED
                                  REPRESENTATIVE, JOSEPH GAZZO

Dated: _____      _____
                                  BUDDY'S FRANCHISING AND LICENSING LLC, BY
                                  ITS AUTHORIZED REPRESENTATIVE,
                                  _____

Dated: _____      _____
                                  FRANCHISE GROUP INC. , BY ITS AUTHORIZED
                                  REPRESENTATIVE,
                                  _____

6

SO AGREED:

Dated: _____ _____
JOHN BARKETT, ESQ., AS ESCROW AGENT

Dated: _____ _____
JOSEPH GAZZO

Dated: _____ _____
MMS GROUP, LLC, BY ITS AUTHORIZED REPRESENTATIVE, JOSEPH GAZZO

Dated: _____ _____
BI-RITE HOLDINGS, LLC, BY ITS AUTHORIZED REPRESENTATIVE, JOSEPH GAZZO

Dated: _____ _____
BUDDY'S ROLLCO LLC, BY ITS AUTHORIZED REPRESENTATIVE, JOSEPH GAZZO

Dated: _____ _____
1ST CHOICE HOME FURNISHINGS OF DONALDSONVILLE, L.L.C., BY ITS AUTHORIZED REPRESENTATIVE, JOSEPH GAZZO

Dated: _____ _____
1ST CHOICE HOME FURNISHINGS OF DONALDSONVILLE, L.L.C., BY ITS AUTHORIZED REPRESENTATIVE, JOSEPH GAZZO

Dated: 5/31/2024

*Michael Bennett* (DocuSigned)
BUDDY'S FRANCHISING AND LICENSING LLC, BY ITS AUTHORIZED REPRESENTATIVE, Michael Bennett

Dated: 5/31/2024

*Andrew Laurence* (DocuSigned)
FRANCHISE GROUP INC., BY ITS AUTHORIZED REPRESENTATIVE, Andrew Laurence

7