**EXHIBIT E**

**Escrow Agreement by and between
John M. Barkett and Citibank, N.A., dated May 30, 2024**

ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "Agreement") is made and entered into as of May 30, 2024, by and between John M Barkett, (the "Depositor"), and Citibank, N.A., as escrow agent (the "Escrow Agent").

RECITALS

WHEREAS, Depositor has been appointed as an Escrow Agent in connection with the settlement of a dispute between (1) Joseph Gazzo, MMS Group, LLC, Bi-Rite Holdings, LLC, Buddy's Rollco LLC, 1st Choice Home Furnishings of Donaldsonville, L.L.C., and 1st Choice Home Furnishings of Baton Rouge, L.L.C., (the "Gazzo Parties"); and (2) Buddy's Franchising and Licensing LLC and Franchise Group Inc. (the "Respondent Parties");

WHEREAS, the Gazzo Parties are former franchisees of the Respondent Parties and there were disputes between the Gazzo Parties and the Respondent Parties regarding the obligations of the Gazzo Parties after the expiration of their franchise agreements;

WHEREAS, the Gazzo Parties and the Respondent Parties have settled their disputes and executed a settlement agreement;

WHEREAS, as part of the settlement agreement, the Gazzo Parties are 

WHEREAS under the settlement agreement Respondent Parties are obligated to

WHEREAS Depositor must set up an escrow account to deposit and cause to be deposited the funds from the Respondent Parties, and Escrow Agent has set up such an account;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. <u>Appointment</u>. The Depositor hereby appoint the Escrow Agent as their escrow agent for the purposes set forth herein, and the Escrow Agent hereby accepts such appointment and agrees to act as escrow agent in accordance with the terms and conditions set forth herein.

2. <u>Escrow Funds</u>.

(a) Simultaneous with the execution and delivery of this Agreement, the Depositor will 

Depositor. The Escrow Amount shall be a non-interest bearing account unless directed otherwise in writing by Escrow Agent. The funds in the account shall be referred to hereafter as the "Escrow Funds." Escrow Agent will maintainin the Escrow Funds in a separate and distinct account (the "Escrow Account"), subject to the terms and conditions of this Agreement.

(b) For greater certainty, , any escrow earnings shall be retained by the Escrow Agent and reinvested in the Escrow Funds and shall become part of the Escrow Funds; and shall be disbursed as part of the Escrow Funds in accordance with the terms and conditions of this Agreement.

3. Investment of Escrow Funds.

(a) Unless otherwise instructed in writing and executed by an Authorized Representative (as defined in Section 4(iv) below) of Depositor, the Escrow Agent shall hold the Escrow Funds in a "noninterest-bearing deposit account" insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits. The Escrow Funds shall at all times remain available for distribution in accordance with Section 4 below.

(b) The Escrow Agent shall send an account statement to the Depositor on a monthly basis reflecting activity in the Escrow Account for the preceding month.

(c) The Escrow Agent shall have no responsibility for any investment losses resulting from the investment, reinvestment or liquidation of the escrowed property, as applicable, provided that the Escrow Agent has made such investment, reinvestment or liquidation of the escrowed property in accordance with the terms, and subject to the conditions of this Agreement. The Escrow Agent does not have a duty nor will it undertake any duty to provide investment advice.

4. Disposition and Termination of the Escrow Funds.

(a) Escrow Funds. The Depositor shall act in accordance with, and the Escrow Agent shall hold and release the Escrow Funds as provided in, this Section 4(a) as follows:

(i) Upon receipt of a Release Instruction, substantially in the form of Exhibit B annexed hereto, with respect to the Escrow Funds, the Escrow Agent shall promptly, but in any event within two (2) Business Days after receipt of a Release Instruction, disburse all or part of the Escrow Funds in accordance with such Release Instruction.

(ii) All payments of any part of the Escrow Funds shall be made by wire transfer of immediately available funds or check as set forth in the Release Instruction or Final Determination, as applicable.

(iii) Any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of any funds on deposit in any Escrow Account under the terms of this Agreement must be in writing, executed by the Depositor as evidenced by the signatures of the person or persons set forth on Exhibit A (the "Authorized Representatives") and delivered to the Escrow Agent either (i) by confirmed facsimile only at the

fax number set forth in Section 11 below (and receipt by the Escrow Agent confirmed) or (ii) attached to an e-mail received on a Business Day sent to an e-mail address set forth in Section 11 (and receipt by the Escrow Agent confirmed) below. In the event a Release Instruction is delivered to the Escrow Agent, whether in writing, by facsimile or otherwise, the Escrow Agent is authorized to seek confirmation of such instruction by telephone call back to the person or persons designated in Exhibit A annexed hereto (the "Call Back Authorized Individuals"), and the Escrow Agent may rely upon the confirmations of anyone purporting to be a Call Back Authorized Individual. To assure accuracy of the instructions it receives, the Escrow Agent may record such call backs. If the Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it will not execute the instruction until all such issues have been resolved. The persons and telephone numbers for call backs may be changed only in writing, executed by an Authorized Representative of the Depositor and actually received and acknowledged by the Escrow Agent.

(b) Certain Definitions.

(i) "Business Day" means any day that is not a Saturday, a Sunday or other day on which banks are not required or authorized by law to be closed in New York, New York.

(ii) "Release Instruction" means the written instruction executed by an Authorized Representative of the Depositor, directing the Escrow Agent to disburse all or a portion of the Escrow Funds, as applicable.

(iii) "Person" means an individual, a partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, an unincorporated organization or a governmental entity or any department, agency or political subdivision thereof.

5. Escrow Agent. The Escrow Agent undertakes to perform only such duties as are expressly set forth herein, which shall be deemed purely ministerial in nature, and no duties, including but not limited to any fiduciary duties, shall be implied. The Escrow Agent shall neither be responsible for, nor chargeable with, knowledge of, nor have any requirements to comply with, the terms and conditions of any other agreement, instrument or document between the Depositor, in connection herewith, if any, including without limitation the settlement agreement between the Gazzo Parties and the Respondent Parties; nor shall the Escrow Agent be required to determine if any Person has complied with any such agreements, nor shall any additional obligations of the Escrow Agent be inferred from the terms of such agreements, even though reference thereto may be made in this Agreement. Notwithstanding the terms of any other agreement between the Depositor, the terms and conditions of this Agreement will control the actions of Escrow Agent. The Escrow Agent may rely upon and shall not be liable for acting or refraining from acting upon any Release Instruction furnished to it hereunder and believed by it to be genuine and to have been signed by an Authorized Representative of the Depositor. Concurrent with the execution of this Agreement, the Depositor shall deliver to the Escrow Agent authorized representative's forms in the form of Exhibit A attached hereto. The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document, notice, instruction or request. The Escrow Agent shall have no duty to

3

solicit any payments which may be due it or the Escrow Funds. In the event that the Escrow Agent shall be uncertain as to its duties or rights hereunder or shall receive instructions, claims or demands from any Party hereto which, in its opinion, conflict with any of the provisions of this Agreement, it shall be entitled to refrain from taking any action and its sole obligation shall be to keep safely all property held in escrow until it shall be directed otherwise in a Release Instruction. The Escrow Agent may interplead all of the assets held hereunder into a court of competent jurisdiction or may seek a declaratory judgment with respect to certain circumstances, and thereafter be fully relieved from any and all liability or obligation with respect to such interpleaded assets or any action or nonaction based on such declaratory judgment. The Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder. The Escrow Agent will not be liable for any action taken, suffered or omitted to be taken by it in good faith except to the extent that the Escrow Agent's gross negligence or willful misconduct was the cause of any direct loss to either Party. To the extent practicable, the Depositor agrees to pursue any redress or recourse in connection with any dispute without making the Escrow Agent a party to the same. Anything in this Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for any special, indirect, punitive, incidental or consequential losses or damages of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such losses or damages and regardless of the form of action.

6.   Resignation and Removal of Escrow Agent. The Escrow Agent (a) may resign and be discharged from its duties or obligations hereunder by giving thirty (30) calendar days advance notice in writing of such resignation to the Depositor specifying a date when such resignation shall take effect or (b) may be removed, with or without cause, by an Authorized Representative of the Depositor at any time by providing written notice to the Escrow Agent. Any corporation or association into which the Escrow Agent may be merged or converted or with which it may be consolidated, or any corporation or association to which all or substantially all of the escrow business of the Escrow Agent's line of business may be transferred, shall be the Escrow Agent under this Agreement without further act. The Escrow Agent's sole responsibility after such thirty (30) day notice period expires or after receipt of written notice of removal shall be to hold and safeguard the Escrow Funds (without any obligation to reinvest the same) and to deliver the same to a substitute or successor escrow agent pursuant to a written designation from the Depositor as set forth in a Release Instruction and at the time of such delivery, the Escrow Agent's obligations hereunder shall cease and terminate. In the event the Escrow Agent resigns, if the Depositor has failed to appoint a successor escrow agent prior to the expiration of thirty (30) calendar days following receipt of the notice of resignation, the Escrow Agent may petition any court of competent jurisdiction for the appointment of such a successor escrow agent or for other appropriate relief, and any such resulting appointment shall be binding upon all of the parties hereto.

7.   Fees and Expenses. All fees and expenses of the Escrow Agent are described in Schedule 1 attached hereto and shall be paid by the Depositor. The fees agreed upon for the services to be rendered hereunder are intended as full compensation for the Escrow Agent services as contemplated by this Agreement.

4

8. <u>Indemnity</u>.  The Depositor shall indemnify, defend, and hold harmless the Escrow Agent and its affiliates and their respective successors, assigns, directors, officers, agents and employees (the "<u>Indemnitees</u>") from and against any and all losses, damages, claims, liabilities, penalties, judgments, settlements, actions, suits, proceedings, litigation, investigations, costs or expenses (including the reasonable fees and expenses of one outside counsel and experts and their staffs and all expense of document location, duplication and shipment) (collectively "<u>Escrow Agent Losses</u>") arising out of or in connection with (a) the Escrow Agent's execution and performance of this Agreement, tax reporting or withholding, the enforcement of any rights or remedies under or in connection with this Agreement, or as may arise by reason of any act, omission or error of the Indemnitee, except to the extent that such Escrow Agent Losses, as adjudicated by a court of competent jurisdiction, have been caused by the fraud, gross negligence or willful misconduct of such Indemnitee, or (b) its following any instructions or other directions from the Depositor.  The Depositor acknowledges that the foregoing indemnities shall survive the resignation or removal of the Escrow Agent or the termination of this Agreement.

9. <u>Tax Matters.</u>

(a) The Depositor shall be responsible for and the taxpayer on all taxes due on the interest or income earned, if any, on the Escrow Funds for the calendar year in which such interest or income is earned.  The Escrow Agent shall report any interest or income earned on the Escrow Funds, if any, to the IRS or other taxing authority on IRS Form 1099.The Depositor will provide the Escrow Agent with certified tax identification numbers by furnishing appropriate forms W-9 or W-8 as applicable and such other forms and documents that the Escrow Agent may request.

(b) The Escrow Agent shall be responsible only for income reporting to the Internal Revenue Service with respect to any income earned on the Escrow Funds.  The Depositor hereby represent to the Escrow Agent that no other tax reporting of any kind is required given the underlying transaction giving rise to this Agreement.  The Escrow Agent shall withhold any taxes required to be withheld by applicable law, including but not limited to required withholding in the absence of proper tax documentation, and shall remit such taxes to the appropriate authorities.

(c) The Escrow Agent, its affiliates, and its employees are not in the business of providing tax or legal advice to any taxpayer outside of Citigroup, Inc. and its affiliates.  This Agreement and any amendments or attachments hereto are not intended or written to be used, and may not be used or relied upon, by any such taxpayer or for the purpose of avoiding tax penalties.  Any such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

10. <u>Covenant of Escrow Agent</u>.  The Escrow Agent hereby agrees and covenants with the Depositor that it shall perform all of its obligations under this Agreement and shall not deliver custody or possession of any of the Escrow Funds to anyone except pursuant to the express terms of this Agreement or as otherwise required by law.

11. <u>Notices</u>.  Except as otherwise expressly required in Section 4(a)(iv), all communications required under this Agreement shall be in writing, in English, and shall be

deemed to have been duly given if delivered (i) personally, (ii) by facsimile transmission with written confirmation of receipt, (iii) on the day of transmission if sent by electronic mail ("e-mail") with a PDF attachment executed by an Authorized Representative of the Depositor to the e-mail address given below, and written confirmation of receipt is obtained promptly after completion of the transmission, (iv) by overnight delivery with a reputable national overnight delivery service, or (v) by mail or by certified mail, return receipt requested, and postage prepaid. If any notice is mailed, it shall be deemed given five Business Days after the date such notice is deposited with the United States Postal Service.  If notice is given to the Depositor, it shall be given at the address set forth below. It shall be the responsibility of the Depositor to notify the Escrow Agent in writing of any name or address changes.

    if to the Depositor, then to:

        John M. Barkett
        201 S. Biscayne Boulevard, Suite 3200
        Miami, FL  33131

        Telephone No.:  305-960-6931
        Facsimile No.:  305-358-5171
        E-mail: jbarkett@shb.com

    or, if to the Escrow Agent, then to:

        Citibank, N.A.
        Citi Private Bank
        388 Greenwich Street
        Tower Building, 17th Floor
        New York, NY  10013
        Attn: Eddy Rosero and Nelson Kercado
        Facsimile No.:  212-783-7131
        E-mail: Eddy.rosero@citi.com and nelson.kercado@citi.com

Notwithstanding the above, in the case of communications delivered to the Escrow Agent pursuant to the foregoing clause (i) through (iv) of this Section 11, such communications shall be deemed to have been given on the date received by the Escrow Agent.  In the event that the Escrow Agent, in its sole discretion, shall determine that an emergency exists, the Escrow Agent may use such other means of communication as the Escrow Agent deems appropriate.

    12.    Termination.  This Agreement shall terminate on the first to occur of (a) the distribution of all of the amounts in the Escrow Funds in accordance with this Agreement or (b) delivery to the Escrow Agent of a written notice of termination executed by the Depositor, after which this Agreement shall be of no further force and effect except that the provisions of Section 8 hereof shall survive termination.

13. <u>Miscellaneous.</u>  The provisions of this Agreement may be waived, altered, amended or supplemented, in whole or in part, only by a writing signed by all of the parties hereto. Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by any party without the prior consent of the parties. This Agreement shall be governed by and construed under the laws of the State of New York. Each party irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consents to service of process by mail or in any other manner permitted by applicable law and consents to the jurisdiction of the courts located in the State of New York . The Depositor hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising from or relating to this Agreement. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the parties to this Agreement may be transmitted by facsimile or electronic transmission in portable document format (.pdf), and such facsimile or .pdf will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party. If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction. The Depositor represents, warrants and covenants that each document, notice, instruction or request provided by Depositor to the Escrow Agent shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Agreement shall be enforced as written. Except as expressly provided in <u>Sections 7 and 8</u>, nothing in this Agreement, whether express or implied, shall be construed to give to any person or entity other than the Escrow Agent and the Depositor any legal or equitable right, remedy, interest or claim under or in respect of this Agreement or any funds escrowed hereunder.

14. <u>Compliance with Court Orders</u>.  In the event that any escrow property shall be attached, garnished or levied upon by any court order, or the delivery thereof shall be stayed or enjoined by an order of a court, or any order, judgment or decree shall be made or entered by any court order affecting the property deposited under this Agreement, the Escrow Agent is hereby expressly authorized, in its sole discretion, to obey and comply with all writs, orders or decrees so entered or issued, which it is advised by legal counsel of its own choosing is binding upon it, whether with or without jurisdiction, and in the event that the Escrow Agent obeys or complies with any such writ, order or decree it shall not be liable to the Depositor or to any other Person, by reason of such compliance notwithstanding such writ, order or decree be subsequently reversed, modified, annulled, set aside or vacated.

15. <u>Further Assurances</u>.  Following the date hereof, each party shall deliver to the other parties such further information and documents and shall execute and deliver to the other parties such further instruments and agreements as any other party shall reasonably request to consummate or confirm the transactions provided for herein, to accomplish the purpose hereof or to assure to any other party the benefits hereof.

7

16. <u>Assignment</u>. No assignment of the interest of the Depositor shall be binding upon the Escrow Agent unless and until written notice of such assignment shall be filed with and consented to by the Escrow Agent (such consent not to be unreasonably withheld). Any transfer or assignment of the rights, interests or obligations hereunder in violation of the terms hereof shall be void and of no force or effect.

17. <u>Force Majeure.</u> The Escrow Agent shall not incur any liability for not performing any act or fulfilling any obligation hereunder by reason of any occurrence beyond its control (including, but not limited to, any provision of any present or future law or regulation or any act of any governmental authority, any act of God or war or terrorism, or the unavailability of the Federal Reserve Bank wire services or any electronic communication facility), it being understood that the Escrow Agent shall use commercially reasonable efforts which are consistent with accepted practices in the banking industry to resume performance as soon as reasonably practicable under the circumstances.

18. <u>Compliance with Federal Law</u>. To help the U.S. Government fight the funding of terrorism and money laundering activities and to comply with Federal law requiring financial institutions to obtain, verify and record information on the source of funds deposited to an account, the Depositor is providing the following information: (1) the Escrow Amount is being wired on behalf of Buddy's Franchising and Licensing LLC and Franchise Group Inc. from the law firm of Gordon Rees Scully Mansukhani, 28 State Street, Suite 1050, Boston, MA 02109 (Attn. James L. Messenger, Esq., Tel: 617-902-0098, Email: jmessenger@grsm.com)The Escrow Agent may also ask to see financial statements, licenses, an identification and authorization documents from individuals claiming authority to represent the entity or other relevant documentation.

19. <u>Use of Citibank Name.</u> No publicly distributed printed or other material in any language, including prospectuses, notices, reports, and promotional material which mentions "Citibank" by name or the rights, powers, or duties of the Escrow Agent under this Agreement shall be issued by any other parties hereto, or on such party's behalf, without the prior written consent of the Escrow Agent.

20. <u>Use of Electronic Records and Signatures</u>. As used in this Agreement, the terms "writing" and "written" include electronic records, and the terms "execute," "signed" and "signature" include the use of electronic signatures. Notwithstanding any other provision of this Agreement or the attached Exhibits and Schedules, any electronic signature that is presented as the signature of the purported signer, regardless of the appearance or form of such electronic signature, may be deemed genuine by Escrow Agent in Escrow Agent's sole discretion, and such electronic signature shall be of the same legal effect, validity and enforceability as a manually executed, original, wet-ink signature; provided, however, that any such electronic signature must be an actual and not a typed signature. In accordance with <u>Section 8</u> of this Agreement, Escrow Agent shall be indemnified and held harmless from any Escrow Agent Losses it incurs as a result of its acceptance of and reliance on electronic signatures that it deems to be genuine. Any electronically signed agreement, instruction or other document shall be an "electronic record" established in the ordinary course of business and any copy shall constitute an original for all purposes. The terms "electronic signature" and "electronic record" shall have the meaning

ascribed to them in 15 USC § 7006. This Agreement and any instruction or other document furnished hereunder may be transmitted by facsimile or as a PDF file attached to an email.

21. <u>Return of Funds</u>. If the Escrow Agent releases any funds, including but not limited to the Escrow Amount or any portion of it, to a party and subsequently determines, in its sole discretion, that the payment or any portion of it was made in error, the party shall, upon notice, promptly refund the erroneous payment. Any such erroneous payment by the Escrow Agent, and the party's return thereof to the Escrow Agent, shall not affect any obligation or right of either the Escrow Agent or the Depositor. The Depositor agrees not to assert discharge for value, bona fide payee, or any similar doctrine as a defense to the Escrow Agent's recovery of any erroneous payment.

22. <u>Sanctions</u>. Neither the Depositor or any of their parents or subsidiaries, or any of their respective directors, officers, or employees, or to the knowledge of the Depositor, the affiliates of the Depositor or any of their subsidiaries, will, directly or indirectly, use any part of any proceeds or lend, contribute, or otherwise make available such Escrow Funds in any manner that would result in a violation by any person of economic, trade, or financial sanctions, requirements, or embargoes imposed, administered, or enforced from time to time by the United States (including, without limitation, the Office of Foreign Assets Control of the U.S. Department of the Treasury and the U.S. Department of State), the United Kingdom (including, without limitation, His Majesty's Treasury), the European Union and any EU member state, the United Nations Security Council, and any other relevant sanctions authority.

* * * * *

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

DEPOSITOR:

By: _____John M. Barkett_____
Name: John M. Barkett


ESCROW AGENT:

**CITIBANK, N.A.**

By: _____
Name: _____
Its: _____

*Signature Page to Escrow Agreement*

ESCROW AGENT:

**CITIBANK, N.A.**

By: _____ /s/ Nelson Kercado, SVP _____
Name: _____ Citibank, N.A. _____
Its: _____ 388 Greenwich Street, 29th flr _____
         New York, NY 10013
         212-559-8509

## Schedule 1

### ESCROW AGENT FEE SCHEDULE
### Citibank, N.A., Escrow Agent

**Acceptance Fee**
To cover the acceptance of the Escrow Agency appointment, the study of the Agreement, and supporting documents submitted in connection with the execution and delivery thereof, and communication with other members of the working group:

    **Fee: WAIVED**

**Administration Fee**
The annual administration fee covers maintenance of the Escrow Account including safekeeping of assets in the escrow account, normal administrative functions of the Escrow Agent, including maintenance of the Escrow Agent's records, follow-up of the Agreement's provisions, and any other safekeeping duties required by the Escrow Agent under the terms of the Agreement. Fee is based on Escrow Amount being deposited in a non-interest bearing deposit account, FDIC insured to the applicable limits.

    **Fee: WAIVED**

**Tax Preparation Fee**
To cover preparation and mailing of Forms 1099-INT, if applicable for the escrow parties for each calendar year:

    **Fee: WAIVED**

**Transaction Fees**
To oversee all required disbursements or release of property from the escrow account to any escrow party, including cash disbursements made via check and/or wire transfer, fees associated with postage and overnight delivery charges incurred by the Escrow Agent as required under the terms and conditions of the Agreement:

    **Fee: WAIVED**

**Other Fees**
Material amendments to the Agreement: additional fee(s), if any, to be discussed at time of amendment.

---

**TERMS AND CONDITIONS**: The above schedule of fees does not include charges for out-of-pocket expenses or for any services of an extraordinary nature that Citibank or its legal counsel may be called upon from time to time to perform. Fees are also subject to satisfactory review of the documentation, and Citibank reserves the right to modify them should the characteristics of the transaction change. Citibank's participation in this program is subject to internal approval of the third party depositing monies into the escrow account to be established hereunder. The Acceptance Fee, if any, is payable upon execution of the Agreement. Should this schedule of fees be accepted and agreed upon and work commenced on this program but subsequently halted and the program is not brought to market, the Acceptance Fee and legal fees incurred, if any, will still be payable in full.

# EXHIBIT A

## Certificate as to [Depositor] Authorized Signatures

The specimen signatures shown below are the specimen signatures of the individuals who have been designated as authorized representatives of the [DEPOSITOR] and are authorized to initiate and approve transactions of all types for the escrow account or accounts established under this Agreement, on behalf of the [DEPOSITOR]. The below listed persons (must list at least two individuals, if applicable) have also been designated Call Back Authorized Individuals and will be notified by Citibank N.A. upon the release of Escrow Funds from the escrow account(s).

Name / Title / Telephone                    Specimen Signature

__John M Barkett__                          __John Barkett__
Name                                        Signature

_____
Title

__305-960-6931__                            __305-987-7043__
Phone                                       Mobile Phone


_____                      _____
Name                                        Signature

_____
Title

_____                      _____
Phone                                       Mobile Phone


_____                      _____
Name                                        Signature

_____
Title

_____                      _____
Telephone                                   Mobile Phone

*Exhibit to Escrow Agreement*

**EXHIBIT B**
Form of Release Instruction

[Date]

[Via Email]
[Via Fax]
[212.780.7131]
Citibank, N.A.
Escrow Services
388 Greenwich Street
Tower Building, 17th Floor
New York, NY 10013
Attn:
Email Address:

RE: [Name of Depositor] – Escrow Agreement dated [    ]
Escrow Account number [25Dxxxxxxxxx]

We refer to an escrow agreement dated [    ] between [    ] and Citibank, N.A. as Escrow Agent (the "Escrow Agreement")

Capitalized terms in this letter that not otherwise defined shall have the same meaning given to them in the Escrow Agreement.

Pursuant to Section [    ] of the above referenced escrow agreement, the Depositor instructs the Escrow Agent to release [$    ] to the specified party as instructed below.

[Bank name]
[ABA number]
[Bank Address]
[Beneficiary name]
[Beneficiary Account number]

Thank you.

[DEPOSITOR]

_____

*Exhibit to Escrow Agreement*