# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 31, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date (Monthly): To Be Scheduled If Necessary** |

## SUMMARY OF SIXTH COMBINED MONTHLY FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL CO-COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, FOR THE PERIOD FROM MAY 1, 2025 THROUGH AND INCLUDING JUNE 2, 2025[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Section 3.3(a) of the Plan provides that all final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date (i.e., June 2, 2025) must be filed no later than forty-five (45) days after the Effective Date. *See* Plan, 3.3(a). Accordingly, for efficiency purposes, the Monthly Fee Application is being filed as a combined monthly fee application from May 1, 2025 through the June 2, 2025 Confirmation Date.

| Name of Applicant: | Akin Gump Strauss Hauer & Feld LLP ("Akin")[3] |
|---|---|
| Authorized to Provide Professional Services to: | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |
| Date of Retention: | Effective as of December 9, 2024 by order signed January 27, 2025 |
| Period for which Compensation and Reimbursement Is Sought: | May 1, 2025 through and including June 2, 2025[4] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $294,908.00 (80% of $368,635.00)[5] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $33,340.18[6] |

This is a __X__ monthly _____ interim _____ final application

PRIOR MONTHLY APPLICATION(S) FILED

| Date Filed | Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Approved Fees (80%) | Approved Expenses (100%) |
|---|---|---|---|---|---|
| 3/7/25 Dkt. No. 1064 | First Monthly 12/9/24-12/31/24 | $666,731.20 | $708.34 | $666,731.20 | $708.34 |
| 3/17/25 Dkt. No. 1124 | Second Monthly 1/1/25-1/31/25 | $1,627,189.60 | $110,998.08 | $1,627,189.60 | $110,856.48 |

---

[3] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms herein or in the Akin Retention Application, the Plan or the Confirmation Order (each as defined herein), as applicable.

[4] Akin reserves the right to include any time expended in the Compensation Period in future application(s) if it is not included herein.

[5] This amount reflects a voluntary fee reduction of $69,172.50, including all fees incurred by professionals and paraprofessionals who provided fewer than 3 hours of services during the Compensation Period, as well as certain other voluntary reductions. Such fees are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees in its interim or final fee applications. For the avoidance of doubt, the foregoing fee reductions are purely voluntary and not based on any determination that such fees are not appropriate or compensable.

[6] This amount reflects a reduction of $4,303.02 in expenses incurred during the Compensation Period, including reductions required pursuant to Local Bankruptcy Rule 2016-1(e)(iii), if any. Such expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such expenses in its interim or final fee applications.

| | | | | | |
|---|---|---|---|---|---|
| 4/25/25 Dkt. No. 1281 | Third Monthly 2/1/25-2/28/25 | $1,861,168.00 | $293,238.83 | $1,861,168.00 | $293,238.83 |
| 5/16/2025 Dkt. No. 1500 | Fourth Monthly 3/1/25-3/31/25 | $3,148,510.00 | $84,576.33 | $3,148,510.00 | $84,576.33 |
| 6/18/2025 Dkt. No. 1652 | Fifth Monthly 4/1/25-4/30/25 | $516,986.40 | $2,991.71 | $516,986.40 | $2,991.71 |

PRIOR INTERIM APPLICATION(S) FILED

| Date Filed | Period Covered | Requested Fees (100%) | Requested Expenses (100%) | Approved Fees (100%) | Approved Expenses (100%) |
|---|---|---|---|---|---|
| 3/17/25 Dkt. No. 1125[7] | First Interim 12/9/24-1/31/25 | $2,867,401.00 | $111,706.42 | Pending | Pending |

---

[7] As set forth in the *Fee Examiner's Final Report Regarding First Interim Fee Application Request of Akin Gump Strauss Hauer & Feld LLP* [Docket No. 1244], pending approval of this Court, Akin has agreed to a reduction of $44,571.00 in fees and $141.60 in expenses.

**COMPENSATION BY PROFESSIONAL FOR THE COMPENSATION PERIOD
MAY 1, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

| Partners | Department | Office | Year of Admission | 2025 Rate | Hours | Value ($) |
|---|---|---|---|---|---|---|
| Marty L. Brimmage Jr. | Litigation | DA | 1995 | $2,495.00 | 3.40 | $8,483.00 |
| Brad M. Kahn | Financial Restructuring | NY | 2008 | $2,495.00 | 4.10 | $10,229.50 |
| Avi E. Luft | Financial Restructuring | NY | 2000 | $2,250.00 | 45.60 | $102,600.00 |
| Mike S. Stamer | Financial Restructuring | NY | 1989 | $2,495.00 | 13.90 | $34,680.50 |
| **Partner Total:** | | | | | **67.00** | **$155,993.00** |
| **Blended Rate** | | | | | | **$2,328.25** |
| **Senior Counsel & Counsel** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Value ($)** |
| Alex F. Antypas | Financial Restructuring | DC | 2017 | $1,575.00 | 8.00 | $12,600.00 |
| David F. Hill | Litigation | NY | 2016 | $1,625.00 | 22.10 | $35,912.50 |
| Joanna F. Newdeck | Financial Restructuring | DC | 2005 | $1,800.00 | 14.50 | $26,100.00 |
| Roxanne Tizravesh | Litigation | HO | 2009 | $1,725.00 | 28.10 | $48,472.50 |
| **Senior Counsel & Counsel Total:** | | | | | **72.70** | **$123,085.00** |
| **Blended Rate** | | | | | | **$1,693.05** |
| **Associates** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Value ($)** |
| Paul DaSilva | Litigation | NY | 2024 | $995.00 | 12.90 | $12,835.50 |
| Talia L. Helfrick | Financial Restructuring | NY | 2023 | $1,195.00 | 54.40 | $65,008.00 |
| Alexander G. Stamboulidis | Litigation | NY | NYA | $895.00 | 3.70 | $3,311.50 |
| **Associate Total:** | | | | | **71.00** | **$81,155.00** |
| **Blended Rate** | | | | | | **$1,143.03** |
| **Paraprofessionals/ Staff Attorneys** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Value ($)** |
| Dagmara Krasa | Paralegal, Financial Restructuring | NY | N/A | $555.00 | 3.20 | $1,776.00 |

| Amy Laaraj | Paralegal, Financial Restructuring | NY | N/A | $555.00 | 9.70 | $5,383.50 |
|---|---|---|---|---|---|---|
| Garrett Smith | Litigation | NY | N/A | $355.00 | 3.50 | $1,242.50 |
| **Staff Attorney & Paraprofessional Total:** | | | | | **16.40** | **$8,402.00** |
| **Blended Rate** | | | | | | $512.32 |
| **Total Hours / Fees Requested:** | | | | | **227.10** | **$368,635.00** |
| **Blended Rate** | | | | | | **$1,623.23** |

**COMPENSATION BY TASK CODE FOR THE COMPENSATION PERIOD
MAY 1, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

| Task Code | Matter | Hours | Value ($) |
|---|---|---|---|
| 2 | Case Administration | 12.50 | $9,497.50 |
| 3 | Akin Gump Fee Application / Monthly Billing Reports | 51.00 | $66,926.00 |
| 4 | Other Professional Fee Applications | 12.90 | $18,380.00 |
| 6 | Retention of Professionals | 0.60 | $1,080.00 |
| 8 | Hearings and Court Matters /Court Preparation | 33.60 | $73,191.00 |
| 20 | Investigation and Discovery Matters | 31.80 | $47,518.50 |
| 22 | Disclosure Statement / Solicitation / Plan / Confirmation | 78.90 | $138,208.00 |
| 25 | Travel Time | 5.80 | $13,834.00 |
|  | **TOTAL:** | **227.10** | **$368,635.00** |

**EXPENSE SUMMARY FOR THE COMPENSATION PERIOD
MAY 1, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

| Disbursement Activity | Amount ($) |
|---|---:|
| Computerized Legal Research - Other | $129.88 |
| Contract Labor - Attorney | $29,192.00 |
| Courier Service/Messenger Service - Off Site | $42.95 |
| Color Copy | $393.60 |
| Duplication - In House | $296.00 |
| Meals - Overtime | $25.00 |
| Meals - Business | $170.00 |
| Transcripts | $407.45 |
| Travel - Ground Transportation | $196.90 |
| Travel - Lodging (Hotel, Apt, Other) | $1,316.70 |
| Travel - Train Fare | $1,169.70 |
| **TOTAL:** | **$33,340.18** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: July 31, 2025 at 4:00 p.m. (ET) |
| | Hearing Date (Monthly): To Be Scheduled If Necessary |

## SIXTH COMBINED MONTHLY FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL CO-COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, MICHAEL J. WARTELL, FOR THE PERIOD FROM MAY 1, 2025 THROUGH AND INCLUDING JUNE 2, 2025

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Interim Compensation Order (defined

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

below) and the Fee Examiner Order (defined below), Akin Gump Strauss Hauer & Feld LLP ("Akin"), special co-counsel to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards (each, a "Board" and, together, the "Boards") of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining Debtors"), hereby submits its sixth combined monthly fee application (the "Monthly Fee Application") seeking compensation for professional services and reimbursement of actual and necessary expenses incurred during the period from May 1, 2025 through and including June 2, 2025 (the "Compensation Period").[2]

By this Monthly Fee Application, Akin seeks (i) a monthly interim allowance of compensation in the amount of $368,635.00 and actual and necessary expenses in the amount of $33,340.18 for a total allowance of $401,975.18 and (ii) payment of $294,908.00 (80% of allowed fees pursuant to the Interim Compensation Order) and $33,340.18 (100% of allowed expenses pursuant to the Interim Compensation Order) for reimbursement of actual and necessary expenses incurred during the Compensation Period, for a total payment of $328,248.18 for the Compensation Period. In support of this Monthly Fee Application, Akin submits the declaration of Michael S. Stamer, a partner at Akin (the "Stamer Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of this Monthly Fee Application, Akin respectfully states as follows.

## JURISDICTION

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has

---

[2] The total amount sought for fees and expenses reflects voluntary reductions of $69,172.50 in fees, including all fees incurred by professionals or paraprofessionals who provided fewer than 3 hours of services during the Compensation Period, as well as certain other voluntary fee reductions, and $4,303.02 in expenses. Such fees and expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees in its interim or final fee applications. For the avoidance of doubt, the foregoing fee reductions are purely voluntary and not based on any determination that such fees and expenses are not appropriate or compensable.

2

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Akin confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Monthly Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-1.

## BACKGROUND

**A.    The Chapter 11 Cases**

4. On November 3, 2024 (the "Petition Date"), the above captioned debtors and debtor in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

5. The Debtors continued to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases [Docket No. 188]. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. On December 6, 2024, the Court entered the *Order Establishing Procedures for*

3

*Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

7. On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order").

8. On June 2, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"), confirming the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"). The Effective Date of the Plan with respect to the Confirmation Debtors occurred on June 6, 2025. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605].

9. On July 1, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Ninth Amended Joint Chapter 11 of Freedom VCM Holdings, LLC* [Docket No. 1682], confirming the Plan with respect to Freedom VCM Holdings, LLC ("TopCo"). The Effective Date of the Plan with respect to TopCo occurred on July 3, 2025. *See Notice of (I) Entry of the TopCo Confirmation Order, (II) Occurrence of Effective Date With Respect to Freedom VCM Holdings, LLC, and (III) Related Bar Dates* [Docket No. 1689].

**B.    Retention of Akin**

10. On December 9, 2024, Mr. Wartell, in his capacity as Independent Director, selected Akin as his special counsel, subject to Court approval.

11. On January 9, 2025, the Retaining Debtors filed the *Application of Debtors*

4

*Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of an Order Authorizing the Employment and Retention of Akin Gump Strauss Hauer & Feld LLP as Special Co-Counsel on Behalf of and at the Sole Direction of the Independent Director, Michael J. Wartell, Effective as of December 9, 2024* [Docket No. 702] (the "Akin Retention Application"), which was granted by an order of this Court dated January 27, 2025 [Docket No. 844] (the "Akin Retention Order").

12. The Akin Retention Order authorizes the Retaining Debtors to compensate and reimburse Akin in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and such other procedures as may be fixed by further order of this Court.

**RELIEF REQUESTED**

13. Akin submits this Monthly Fee Application for (i) payment of compensation for actual, reasonable and necessary professional services performed by Akin as special co-counsel to the Independent Director during the Compensation Period and (ii) reimbursement of actual, reasonable and necessary expenses incurred by Akin in connection with rendering such services to the Independent Director during the Compensation Period. All services for which Akin requests compensation were performed for, or on behalf of, the Independent Director.

14. Akin has received no payment and no promises for payment from any source for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases other than in accordance with the Akin Retention Order and the Interim Compensation Order.

15. Pursuant to Bankruptcy Rule 2016(b), Akin has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Akin or (ii) any compensation another person or party has

received or may receive.

**FEES AND EXPENSES INCURRED DURING**
**THE COMPENSATION PERIOD**

16.     To the best of Akin's knowledge, this Monthly Fee Application complies with Bankruptcy Code section 330, the applicable Bankruptcy Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, the *Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, Local Rule 2016-1 and applicable Third Circuit law.

17.     The fees incurred by Akin in these Chapter 11 Cases during the Compensation Period were billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Akin charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same rates Akin charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

**ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

18.     The professional services rendered by Akin required a high degree of professional competence and expertise, and substantial time and effort was needed to address the numerous issues requiring evaluation and action by the Independent Director.

19.     Bankruptcy Code section 330 provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1). Further, Bankruptcy Code section 330(a)(3) provides that:

> In determining the amount of reasonable compensation to be

>awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>(A) the time spent on such services;
>
>(B) the rates charged for such services;
>
>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20.     The professional services rendered by Akin during the Compensation Period have been itemized by each professional. A detailed invoice of the services provided, and expenses incurred, during the Compensation Period is attached hereto as **Exhibit B**. In performing services for the Independent Director, Akin took into account both the hourly rate of the attorney providing the services and the relative skill of the particular attorney as it related to the required tasks. By utilizing those most skilled in a particular area, Akin was able to provide efficient and effective representation to the Independent Director.

**A.     Reasonableness of Compensation Requested**

21.     Akin believes that the hourly rates charged for its professionals and paraprofessionals are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise and levels of experience. The hourly rate of

7

each professional who rendered services in connection with these Chapter 11 Cases during the Compensation Period is set forth above. Additionally, the range of current hourly rates charged by Akin for professionals and paraprofessionals employed in its domestic offices was provided in the Akin Retention Application.

22. Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided and the results that have been achieved to date, allowance of the amounts requested is appropriate. Because Akin's fees and expenses are comparable to those incurred by counsel to similarly-situated clients in cases involving issues of commensurate complexity, Akin's fees are "reasonable" and should be allowed in the amounts set forth herein on an interim basis.

B. **Novelty and Difficulty of Legal Questions/Skill Requisite to Performing Legal Services**

23. Akin's role in these Chapter 11 Cases – specifically to, among other things, advise the Independent Director in connection with the Investigation, the Investigative Powers and his Delegated Authority (each as defined in the Akin Retention Application) and represent the Independent Director in his capacity as a member of the Boards and sole member of the Conflicts Committees – involve a significant number of complex and novel legal issues in the areas of bankruptcy and restructuring, litigation, corporate governance, corporate finance and independent investigations that require substantial skill and effort to be addressed. The skill and expertise required to advise the Independent Director in connection with the Investigation and the exercise of his Investigative Powers, and the advocacy and approach used by Akin in connection therewith, weigh in favor of allowing the amounts requested in this Monthly Fee Application.

C. **Reimbursement of Expenses**

24. Akin requests reimbursement in the amount of $33,340.18 for expenses incurred

during the Compensation Period in the course of providing professional services to the Independent Director. Akin's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, Akin does not make a profit on computerized research services and passes through the costs of such services (which Akin receives at discounted rates) to its clients. Other reimbursable expenses (whether the service is performed by Akin in-house or through a third-party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery, photocopying and printing, travel and clerk fees.[3]

## **RESERVATION OF RIGHTS**

25. To the extent time for services rendered or charges for disbursements incurred in connection with the Compensation Period were not processed prior to the preparation of this Monthly Fee Application, or Akin has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Akin reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and Interim Compensation Order.

## **NO PRIOR REQUEST**

26. No prior application has been made in this Court or in any other court for the relief requested herein for the Compensation Period.

---

[3] In accordance with Local Rule 2016-1(e)(iii), Akin will not charge more than $0.10 per page for black and white photocopies or more than $0.80 per page for color photocopies, will not charge for incoming facsimile transmissions and will not charge more than $0.25 per page for outgoing facsimiles. Akin does not surcharge for computerized research.

## NOTICE

27. Notice of this Monthly Fee Application will be provided to the Notice Parties, as defined in the Interim Compensation Order, in accordance with the terms thereof.

## CONCLUSION

WHEREFORE, Akin respectfully requests (i) a monthly interim allowance of compensation in the amount of $368,635.00 and actual and necessary expenses in the amount of $33,340.18 for a total allowance of $401,975.18, (ii) payment of $294,908.00 (80% of allowed fees pursuant to the Interim Compensation Order) and $33,340.18 (100% of allowed expenses pursuant to the Interim Compensation Order) for a total payment of $328,248.18 and (iii) for such other further relief as the Court may deem just and proper.

[*Remainder of page intentionally left blank.*]

Dated:  July 10, 2025
       Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Michael D. DeBaecke*
Michael D. DeBaecke (No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

   -and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Brad M. Kahn (admitted *pro hac vice*)
Avi E. Luft (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
       bkahn@akingump.com
       aluft@akingump.com

Marty L. Brimmage Jr. (admitted *pro hac vice*)
2300 N. Field Street
Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

*Special Counsel on behalf, and at the sole direction, of Michael J. Wartell as the Independent Director and sole member of the Conflicts Committee of the Board of each of the Retaining Debtors*