## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | <u>Obj. Deadline</u>: July 24, 2025 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: August 19, 2025 at 10:00 a.m. (ET) |

**THE GAZZO PARTIES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE FILING UNDER SEAL OF THE GAZZO PARTIES' MOTION FOR
AN ORDER (I) DETERMINING ESCROWED FUNDS TO BE
NON-ESTATE PROPERTY AND COMPELLING DISBURSEMENT; (II) GRANTING,
IN THE ALTERNATIVE, AN ADMINISTRATIVE EXPENSE CLAIM AND
<u>PAYMENT FROM ESCROWED FUNDS; AND (III) GRANTING RELATED RELIEF</u>**

Joseph Gazzo, MMS Group, LLC, Bi-Rite Holdings, LLC, Buddy's Rollco LLC, 1st

Choice Home Furnishings of Donaldsonville, L.L.C., and 1st Choice Home Furnishings of Baton

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

Rouge, L.L.C., (collectively, the "Gazzo Parties") states as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1.      The Gazzo Parties seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Gazzo Parties to redact the Confidential Information (as defined herein) in the Admin Claim Motion (as defined herein) and granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Gazzo Parties confirms their consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of these chapter 11 cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

2

## BACKGROUND

### I.        Overview of Chapter 11 Cases

6.        On November 3, 2024, (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.        The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to section 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

### II.       The Admin Claim Motion

*8.*       On July 7, 2025, the Gazzo Parties filed, under seal, *The Gazzo Parties' Motion for an Order (I) Determining Escrowed Funds to be Non-Estate Property and Compelling Disbursement; (II) Granting, in the Alternative, an Administrative Expense Claim and Payment from Escrowed Funds; and (III) Granting Related Relief* [Docket No. 1697] (the "Admin Claim Motion"),[2] seeking entry of an order (i) determining that the Escrowed Funds are not estate property and compelling the Escrow Agent to disburse such funds to the Gazzo Parties; or (ii) granting, in the alternative, an administrative expense claim to the Gazzo Parties and ordering the Obligated Debtors to immediately pay such claim from the Escrowed Funds.

9.        The Admin Claim Motion describes in detail the Gazzo Parties' asserted basis for their entitlement to the Escrowed Funds or, alternatively, for an administrative expense claim—both of which stem from the Settlement Agreement that the Gazzo Parties and the Obligated Debtors entered into on May 10, 2024 to resolve the Arbitration Proceedings. The Settlement Agreement and related Escrow Agreement contain confidentiality clauses that prohibit certain

---

[2] Capitalized terms used but not defined herein are ascribed the definitions given to them in the Admin Claim Motion.

disclosures related to the terms of the Settlement Agreement and Escrow Agreement. Therefore, pursuant to Local Rule 9018-1(d) and the confidentiality provisions of the Settlement Agreement and Escrow Agreement, the Gazzo Parties coordinated with the Debtors to determine what portions of the Admin Claim Motion and the exhibits thereto should be redacted and remain under seal, including certain sensitive commercial and financial information (collectively, the "Confidential Information"). Due to the various risks posed by disclosure of the Confidential Information, including potential violation of the Settlement Agreement's and Escrow Agreement's confidentiality requirements, the Gazzo Parties seek authorization to seal the Confidential Information as proposed in the redacted form of the Admin Claim Motion filed at Docket No. 1713.

## Basis for Relief

10.    Sections 105(a) and 107 of the Bankruptcy Code allow the Court to authorize the parties to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b).

11.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12.     Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny filer seeking to file a document (a 'Proposed Sealed Document') under seal must file a motion requesting such relief (a 'Sealing Motion') no later than 3 business days after the filing of the Proposed Sealed Document." DEL. BANKR. L.R. 9018-1(d)(i). Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

13.     Courts have held that relief sought under section 107(b) must be granted if the information sought to be protected is "commercial information," and that such commercial information need not rise to the level of a trade secret to be entitled to protection. *See id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id.* Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

5

14.    Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.*; *see also In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once the moving party establishes that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates this information be protected from disclosure. *See id.*

15.    Sufficient cause exists here for the Court to grant the relief requested herein. First, the Gazzo Parties submit that the Confidential Information falls squarely within the scope of "confidential information" that must be protected pursuant to section 107(b) of the Bankruptcy Code because it contains confidential commercial information, including the Settlement Agreement's financial terms, as well as other business terms that the Gazzo Parties and the Obligated Debtors negotiated in order to resolve the Arbitration Proceedings. Second, the Settlement Agreement and the Escrow Agreement both contain confidentiality provisions. Pursuant to those confidentiality provisions, the Gazzo Parties were obligated to seek to seal the Admin Claim Motion and the exhibits to the extent agreed-to by the Debtors.

16.    Finally, the Gazzo Parties submit that parties in interest will not be prejudiced by the relief requested herein. The Gazzo Parties believe that parties in interest will have sufficient information to evaluate the relief requested by the Admin Claim Motion as balanced against the importance of sealing the Confidential Information. Moreover, the Gazzo Parties will provide an unredacted version of the Admin Claim Motion to the Court and the U.S. Trustee.

17.    Accordingly, the Gazzo Parties submit good cause exists for the Court to grant the relief requested herein.

**<u>Compliance with Local Rule 9018-1</u>**

18.      The Admin Claim Motion contains the confidential information of the Gazzo Parties and the Obligated Debtors.  Prior to filing this Motion and the proposed redacted version of the Admin Claim Motion, the Gazzo Parties coordinated with the Debtors with respect to proposed redactions to the Admin Claim Motion, and, therefore, satisfied Local Rule 9018-1(d)(ii).

19.      The Gazzo Parties have filed a Proposed Sealed Document (as defined in Local Rule 9018-1(d)(i)) containing the Admin Claim Motion consistent with Local Rule 9018-1(d)(i). *See* Docket No. 1697. Additionally, the Gazzo Parties have filed a Proposed Redacted Document (as defined in Local Rule 9018-1(d)(i)) containing a proposed redacted version of the sealed Admin Claim Motion in a form suitable to appear on the Court's public docket. *See* Docket No. 1713.

**<u>Notice</u>**

20.      The Gazzo Parties will provide notice of this Motion to: (a) the Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) the Official Committee of Unsecured Creditors; (d) the Escrow Agent;  and (e) any party that requests service pursuant to Bankruptcy Rule 2002.  The Gazzo Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

## Conclusion

WHEREFORE, the Gazzo Parties respectfully requests that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

**WOMBLE BOND DICKINSON (US) LLP**

Dated:  July 10, 2025
Wilmington, Delaware

By: */s/ Marcy J. McLaughlin Smith*
Matthew P. Ward (Del. Bar No. 4471)
Lisa Bittle Tancredi (Del. Bar No. 4657)
Marcy J. McLaughlin Smith (Del. Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
        lisa.tancredi@wbd-us.com
        marcy.smith@wbd-us.com

*Counsel for the Gazzo Parties*