# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC. *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br><u>Objection Deadline</u>: August 11, 2025 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: September 10, 2025 at 10:00 a.m. (ET) |

**SUMMARY COVER SHEET OF FINAL FEE APPLICATION
OF PERELLA WEINBERG PARTNERS LP FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE FINAL FEE PERIOD FROM
NOVEMBER 26, 2024 TO AND INCLUDING JUNE 2, 2025**

| | |
|---|---|
| Name of Applicant: | <u>Perella Weinberg Partners LP</u> |
| Authorized to Provide Professional Services to: | <u>Official Committee of Unsecured Creditors</u> |
| Date of Retention: | <u>February 12, 2025 *nunc pro tunc* to November 26, 2024 [Docket No. 969]</u> |
| Final Period for Which Compensation and Reimbursement Are Requested: | <u>November 26, 2024 – June 2, 2025</u> |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

| | |
|---|---|
| Final Amount of Compensation Requested as Actual, Reasonable, and Necessary: | $5,570,416.67 |
| Final Amount of Expense Reimbursement Requested as Actual, Reasonable, and Necessary: | $152,065.91 |

This is a(n):   monthly _____   interim _____   final application   X  

Prior Monthly Fee Applications Filed:

| Docket No. | Compensation Period | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Docket No. 1058 | November 26, 2024 through December 31, 2024 | $204,166.67 | $43,401.27 | $163,333.34 (80% of $204,166.67) | $43,072.93 |
| Docket No. 1118 | January 1, 2025 through January 31, 2025 | $175,000 | $26,532.98 | $140,000 (80% of $175,000.00) | $26,532.98 |
| Docket No. 1307 | February 1, 2025 through February 28, 2025 | $175,000 | $31,156 | $140,000 (80% of $175,000.00) | $31,156.00 |
| Docket No. 1308 | March 1, 2025 through March 31, 2025 | $175,000 | $28,705 | $140,000 (80% of $175,000.00) | $28,705.00 |
| Docket No. 1621 | April 1, 2025 through April 30, 2025 | $175,000 | $13,125 | $140,000 (80% of $175,000.00) | $13,125 |
| Docket No. 1654 | May 1, 2025 through June 2, 2025 | $4,666,250 | $9,474 | $3,733,000 (80% of $4,666,250) | $9,474 |

2

## SUMMARY OF FINAL COMPENSATION AND HOURS BY PROFESSIONAL

### SUMMARY OF TIME RECORDS BY PROFESSIONAL
### NOVEMBER 26, 2024 THROUGH JUNE 2, 2025

| Name | Position | Total Hours |
|---|---|---|
| Bruce Mendelsohn | Partner | 50.5 |
| James Wappler | Partner | 18.0 |
| Matt Rahmani | Managing Director | 55.5 |
| Kendyl Corber | Director | 27.0 |
| Bruce Baker | Associate | 120.3 |
| Emma Golden | Analyst | 27.5 |
| Daniel Augustine | Analyst | 117.8 |
| **Total Hours** | | **416.5** |

## EXPENSES BY CATEGORY

### SUMMARY OF EXPENSES BY CATEGORY
### NOVEMBER 26, 2024 THROUGH JUNE 2, 2025

| Name | Total Expenses |
|---|---|
| Employee Meals | $55.25 |
| Employee Travel | $348.16 |
| Third-Party Legal Fees | $151,662.50 |
| **Total** | **$152,065.91** |

## SUMMARY OF COMPENSATION BY MATTER CATEGORY

### SUMMARY OF TOTAL FEES BY MATTER CATEGORY
### FOR PERELLA WEINBERG PARTNERS LP
### NOVEMBER 26, 2024 THROUGH JUNE 2, 2025

| Matter Category | Description | Total Hours |
|---|---|---|
| General Case Administration | This category includes time spent by PWP communicating and attending meetings with counsel to the Official Committee of Unsecured Creditors (the "Committee"), the Committee's legal and financial advisors, and Debtors' management regarding the Chapter 11 case process and new case developments, as well as associated analysis performed by PWP. This category also includes time spent by PWP preparing and reviewing its retention application and fee applications, as well as | 149.0 |

| \ | \ | \ |
|---|---|---|
| \ | \ | \ |

### SUMMARY OF TOTAL FEES BY MATTER CATEGORY
### FOR PERELLA WEINBERG PARTNERS LP
### NOVEMBER 26, 2024 THROUGH JUNE 2, 2025

| Matter Category | Description | Total Hours |
|---|---|---|
| | various general administrative tasks. | |
| Committee Meetings and Discussions and POR and M&A Strategies | This category includes time spent by PWP communicating and attending formal meetings with (a) the Committee and (b) the Committee's financial and legal advisors. In addition, this category includes time spent by PWP on evaluating the Debtors' plan of reorganization and the accompanying disclosure statement, and briefing the Committee on analysis performed by PWP regarding these matters. In addition, this category includes time spent by PWP in advising the Committee on the sale of all or a portion of the Debtors' assets. | 53.0 |
| Debtor Meetings and Discussions | This category includes time spent by PWP communicating and attending meetings with the Debtors and their financial and legal advisors, as well as performing related analyses. | 71.0 |
| Creditor Meetings and Discussions | This category includes time spent by PWP communicating and attending meetings with various creditor constituencies and their respective financial and legal advisors, as well as performing related analyses. | 11.0 |
| PWP Retention | This category includes time spent by PWP communicating and attending meetings with the Debtors, the Debtors' attorneys, and PWP's outside counsel regarding the drafting and status of PWP's retention application. | 1.0 |
| Travel | This category includes non-working travel time to Committee meetings or other meetings on the Committee's behalf. | 8.0 |
| Due Diligence, Business Plan and Related Analyses | This category includes time spent by PWP in becoming more familiar with the business of the Debtors through management meetings, document review, site visits and analysis. In addition, this category includes time spent by PWP in developing a comprehensive | 108.5 |

2

| Matter Category | Description | Total Hours |
|---|---|---|
| | understanding of the industry in which Debtors compete. This category also includes time spent by PWP (a) conducting financial analysis on the Debtors' business plan, including reviewing and analyzing key operational and financing assumptions in the business plan, (b) assisting the Committee in evaluating the development of alternative business cases for the Debtors, (c) assisting the Committee in evaluating the Debtors' development of a course of action through the Chapter 11 cases and (d) reviewing other relevant financial analyses. | |
| Valuation Analysis | This category includes time spent by PWP in analyzing the valuation of the Debtors' business. | 15.0 |
| **TOTAL** | N/A | 416.5 |

**SUMMARY OF TOTAL FEES BY MATTER CATEGORY
FOR PERELLA WEINBERG PARTNERS LP
NOVEMBER 26, 2024 THROUGH JUNE 2, 2025**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FRANCHISE GROUP, INC. *et al.*,[1]<br>Reorganized Debtors. | Chapter 11<br>Case No. 24-12480 (LSS)<br>(Jointly Administered)<br><u>Objection Deadline</u>: August 11, 2025 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: September 10, 2025 at 10:00 a.m. (ET) |

**FINAL FEE APPLICATION OF PERELLA WEINBERG
PARTNERS LP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE FINAL FEE PERIOD
FROM NOVEMBER 26, 2024 TO AND INCLUDING JUNE 2, 2025**

Perella Weinberg Partners LP ("<u>PWP</u>"), the investment banker for the official committee of unsecured creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Franchise Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby files this final fee application (this "<u>Application</u>") for

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

compensation for professional services rendered and expenses incurred for the period from November 26, 2024 to and including June 2, 2025 (the "Fee Period"). In support of this Application, PWP respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are sections 105(a), 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States

2

Code (as amended, the "Bankruptcy Code"). The Debtors operated their businesses as debtors-in-possession pursuant to section 1108 of the Bankruptcy Code.[2]

5.  On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed a notice [Docket No. 188] appointing the Committee, which was composed of five members.

6.  On November 26, 2024, the Committee selected PWP as its investment banker, subject to Court approval. On February 12, 2025, this Court entered the *Order Authorizing the Employment and Retention of Perella Weinberg Partners LP as Investment Banker to the Official Committee of Unsecured Creditors Effective as of November 26, 2024* [Docket No. 969] (the "Retention Order").[3]

7.  On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 208].

8.  On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747], appointing Direct Fee Review LLC as Fee Examiner in the Chapter 11 Cases.

9.  The interim order approving the First Interim Application is pending entry by the Court.

10. On June 2, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its*

---

[2] A more fulsome description of the Debtors, their businesses, and the facts and circumstances supporting this Application and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of David Orlofsky in support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Order.

3

*Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"). Pursuant to the Confirmation Order, all requests for compensation or payment of Professional Fee Claims (as defined therein) must be filed no later than forty-five days after the Effective Date. The Effective Date occurred on June 6, 2025 [Docket No. 1605].

## RELIEF REQUESTED

11. By this Application, PWP requests (i) final allowance of compensation for professional services rendered on behalf of the Committee during the Fee Period in the amount of $5,570,416.67[4], and for reimbursement of actual and necessary expenses incurred by PWP during the Fee Period in connection with such services in the amount of $152,065.91, (ii) payment of all unpaid fees and expenses for the Fee Period in the amount of $5,722,482.58, and (iii) such other and further relief as this Court may deem just and proper.

## SUMMARY OF SERVICES RENDERED

12. Attached hereto are the following schedules for compensation sought by PWP for the Fee Period:

    **Exhibit A**: Summary of Time Detail by Matter Category for the Fee Period

    **Exhibit B:** Summary of Time Detail by Professional for the Fee Period

13. **Exhibits A–B** are detailed statements of the time expended and compensation earned by PWP during the Fee Period. PWP's professionals expended a total of 416.5 hours in connection with these Chapter 11 Cases during the Fee Period. All services for which PWP is requesting compensation were performed for or on behalf of the Committee. The services rendered by PWP during the Fee Period are categorized as set forth in **Exhibits A–B** and in the summary

---

[4] PWP's fees incurred during the Fee Period are as follows: (a) $1,090,833.34 in Monthly Fees; and (b) $4,479,583.33 in a Transaction Fee earned upon entry of the Confirmation Order.

4

cover sheets prefixed to this Application. The professionals who provided services to the Committee during the Fee Period are also identified in **Exhibits A-B** and in the summary cover sheets.

14. The fees charged by PWP have been billed in accordance with the Retention Order and PWP's engagement agreement with the Committee (the "Engagement Agreement") and are comparable to those fees charged by PWP for professional services rendered in connection with similar Chapter 11 cases and non-bankruptcy matters. PWP submits that such fees are reasonable based upon the customary compensation charged by similarly-skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

15. There is no agreement or understanding between PWP and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## ACTUAL AND NECESSARY EXPENSES

16. Attached hereto as **Exhibit C** is a schedule for reimbursement of expenses sought by PWP for the Fee Period:

17. PWP incurred certain necessary expenses during the Fee Period for which it is entitled to reimbursement under the terms of its retention. As set forth in greater detail in **Exhibit C**, PWP's total expenses incurred during the Fee Period are $152,065.91.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

18. The Retention Order approved PWP's compensation under section 328(a) of the Bankruptcy Code, and not subject to the standard of review under section 330 of the Bankruptcy

5

Code as to all parties except the Court and the U.S. Trustee, which retained the right to review PWP's compensation based on the reasonableness standard of section 330. Retention Order, ¶ 3.

19. Section 330 of the Bankruptcy Code provides for the award of compensation to professionals. *See* 11 U.S.C. § 330. Section 330, by its terms, is "subject to" the provisions of section 328 of the Bankruptcy Code. Pursuant to section 328(a) of the Bankruptcy Code, the debtor:

> [M]ay employ or authorize the employment of a professional person under section 327 . . . of [the Bankruptcy Code] on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a). Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including investment bankers, on flexible terms that reflect the nature of their services and prevailing market conditions for those services.

20. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously state[s] specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. SunbeamOster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

21. Under the section 328(a) standard, a bankruptcy court wishing to render a previously-approved fee arrangement "improvident" must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the

6

engagement. *See* 11 U.S.C. § 328(a).  It is not enough that developments in a case are simply unforeseen.  *See In re Barron*, 225 F.3d 583, 585 (5th Cir. 2000).

22. PWP respectfully submits that: (i) its professional services during the Fee Period were necessary and appropriate and substantially benefited the Committee and unsecured creditors in these Chapter 11 Cases; (ii) the compensation requested in this Application is in accordance with the terms of the Engagement Agreement as approved by the Retention Order pursuant to section 328(a) of the Bankruptcy Code; (iii) the compensation requested is reasonable based on the customary compensation charged by comparably-skilled professionals in comparable bankruptcy and non-bankruptcy matters; (iv) the professional services provided by PWP were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the Chapter 11 Cases; and (v) no unforeseeable developments have arisen during the Fee Period that would render the approval of PWP's fees to have been "improvident" within the meaning of section 328(a) of the Bankruptcy Code.

23. Accordingly, PWP requests that the Court allow PWP compensation and reimbursement of expenses in the amounts set forth herein.  To the extent that any amounts for fees or expenses related to the Fee Period were not processed prior to the preparation of this Application, PWP reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**CERTIFICATION OF COMPLIANCE**

24. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies that, to the best of his knowledge, information and belief, this Application complies with the requirements of that Local Rule.

7

8

WHEREFORE, PWP requests (i) final allowance of compensation for professional services rendered on behalf of the Committee during the Fee Period in the amount of $5,570,416.67, and for reimbursement of actual and necessary expenses incurred by PWP during the Fee Period in connection with such services in the amount of $152,065.91, (ii) payment of all unpaid fees and expenses for the Fee Period in the amount of $5,722,482.58 and (iii) and such other and further relief as this Court may deem just and proper.

Dated: July 21, 2025

Respectfully Submitted,

**PERELLA WEINBERG PARTNERS LP**

*/s/ Bruce Mendelsohn*
Bruce Mendelsohn
Partner
Perella Weinberg Partners LP