# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: August 11, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: September 10, 2025 at 10:00 a.m. (ET)** |

## SUMMARY OF FINAL FEE APPLICATION OF CHILMARK PARTNERS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF <u>FEBRUARY 26, 2025 THROUGH AND INCLUDING JUNE 2, 2025</u>

| | |
|---|---|
| Name of Applicant: | Chilmark Partners, LLC ("<u>Chilmark</u>")[2] |
| Authorized to Provide Professional Services to: | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms herein or in the Chilmark Retention Application (as defined herein).

| | |
|---|---|
| Date of Retention: | Effective as of February 26, 2025 by order signed May 5, 2025 |
| Final period for which Compensation and Reimbursement Is Sought: | February 26, 2025 through and including June 2, 2025[3] |
| Amount of compensation sought as actual, reasonable, and necessary: | $ 405,654.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $0.00 (nil) |

This is a(n) ____ monthly _____ interim ___X___ final application

**PRIOR MONTHLY APPLICATION(S) FILED**

| Date Filed / Docket # | Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 6/3/25 Docket No. 1602 | 2/26/25 – 4/30/2025 | $405,654.00 ($324,523.20) | $0 (nil) | $324,523.20 | n/a |

---

[3] Section 3.3(a) of the Plan provides that all final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date (i.e., June 2, 2025) must be filed no later than forty-five (45) days after the Effective Date. *See* Plan, 3.3(a).

**FINAL COMPENSATION BY PROFESSIONAL**
**FEBRUARY 26, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

| Name | Rate | Hours | Amount ($) |
|---|---:|---:|---:|
| Michael Kennedy, Member | $1,275.00 | 171.3 | $ 218,407.50 |
| Aaron Taylor, Member | $1,275.00 | 30.7 | $ 39,142.50 |
| Jamie Ellis, Member | $1,020.00 | 129.8 | $ 132,396.00 |
| Daniel Nystrom, Associate | $510.00 | 30.8 | $ 15,708.00 |
| **Total** |  | **362.6** | **$ 405,654.00** |
| **Blended Rate** | **$1,118.74** |  |  |

**FINAL COMPENSATION BY TASK CODE**
**FEBRUARY 26, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

| Task Code | Matter | Hours | Amount ($) |
|---|---|---:|---:|
| 1 | Review of documents, court filings, and other due diligence related to investigation | 102.1 | $ 110,389.50 |
| 2 | Preparation for and attendance of court hearings | - | - |
| 3 | Preparation of discussion material, financial analysis or other reports | 161.6 | $ 175,465.50 |
| 4 | Meetings, calls and correspondence with other professionals and parties in interest | 44.3 | $ 53,728.50 |
| 5 | Interviews and/or depositions with parties in interest | 47.5 | $ 58,930.50 |
| 6 | Travel | - | - |
| 7 | Administration | 7.1 | $ 7,140.00 |
| **Total** |  | **362.6** | **$ 405,654.00** |

**FINAL EXPENSE SUMMARY**
**FEBRUARY 26, 2025 THROUGH AND INCLUDING JUNE 2, 2025**

N/A

**FINAL APPLICATION SUMMARY**

| | |
|---|---|
| Name of Applicant | Chilmark Partners, LLC |
| Name of Client | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |
| Time period covered in final application period | February 26, 2025 – June 2, 2025 |
| Total compensation sought during final application period | $405,654.00 |
| Total expenses sought during final application period | $0 (nil) |
| Petition Date | November 3, 2024 |
| Retention Date | February 26, 2025 |
| Date of order approving retention | May 5, 2025 |
| Total compensation approved by interim order to date | $0 (nil) |
| Total expenses approved by interim order to date | $0 (nil) |
| Total allowed and compensation received to date (pursuant to interim compensation procedures order) | $324,523.20 |
| Total allowed and paid expenses to date | $0 (nil) |
| Blended rate in final application | $1,118.74 |
| Number of professionals included in final application | 4 |
| Number of professionals billing fewer than 15 hours to during the final application period | 0 (nil) |
| Are any rates higher than those approved or disclosed at retention? | No |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: August 11, 2025 at 4:00 p.m. (ET) |
| | Hearing Date: September 10, 2025 at 10:00 a.m. (ET) |

**FINAL FEE APPLICATION OF CHILMARK PARTNERS, LLC
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
FEBRUARY 26, 2025 THROUGH AND INCLUDING JUNE,2 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Interim Compensation Order (defined

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

below) and the Fee Examiner Order (defined below), Chilmark Partners, LLC ("Chilmark"), financial advisor to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees of the boards of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining Debtors"), hereby submits its final fee application (the "Final Fee Application") seeking compensation for professional services and reimbursement of actual and necessary expenses incurred during the period from February 26, 2025 through and including June 2, 2025 (the "Fee Period").

By this Final Fee Application, Chilmark seeks final allowance and payment of compensation in the aggregate amount of $405,654.00 for the Fee Period, less any amounts already received from the Debtors. In support of this Final Fee Application, Chilmark submits the declaration of Michael Kennedy, a member at Chilmark (the "Kennedy Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of this Final Fee Application, Chilmark respectfully states as follows.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Chilmark confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Final Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-1.

## BACKGROUND

### A. The Chapter 11 Cases

4. On November 3, 2024 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

5. On November 19, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases [Docket No. 188]. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

7. On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order").

8. On June 2, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of*

*Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"), confirming the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"). The Effective Date of the Plan with respect to the Confirmation Debtors occurred on June 6, 2025. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605].

9. On July 1, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Ninth Amended Joint Chapter 11 of Freedom VCM Holdings, LLC* [Docket No. 1682], confirming the Plan with respect to Freedom VCM Holdings, LLC ("TopCo"). The Effective Date of the Plan with respect to TopCo occurred on July 3, 2025. *See Notice of (I) Entry of the TopCo Confirmation Order, (II) Occurrence of Effective Date With Respect to Freedom VCM Holdings, LLC, and (III) Related Bar Dates* [Docket No. 1689].

**B.     Retention of Chilmark**

10. On February 26, 2025, Mr. Wartell, in his capacity as Independent Director, selected Chilmark as his financial advisor, subject to Court approval. Chilmark immediately began rendering services for and on behalf of the Independent Director.

11. On March 28, 2025, the Retaining Debtors filed the *Application of Debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. for Entry of an Order Authorizing the Employment and Retention of Chilmark Partners LLC as Financial Advisor to the Independent Director, Michael J. Wartell, Effective as of February 26, 2025* [Docket No. 1196] (the "Chilmark Retention Application"), which was granted by an order of this Court dated May 5, 2025 [Docket No. 1394] (the "Chilmark Retention Order").

12. The Chilmark Retention Order authorizes the Retaining Debtors to compensate and reimburse Chilmark in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local

4

Rules, the Interim Compensation Order, and such other procedures as may be fixed by further order of this Court.

### RELIEF REQUESTED

13. Chilmark submits this Final Fee Application for payment of compensation for actual, reasonable and necessary professional services performed by Chilmark as financial advisor to the Independent Director during the Fee Period. All services for which Chilmark requests compensation were performed for, or on behalf of, the Independent Director.

14. Chilmark has received no payment and no promises for payment from any source for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases other than in accordance with the Chilmark Retention Order and the Interim Compensation Order.

15. Pursuant to Bankruptcy Rule 2016(b), Chilmark has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Chilmark or (ii) any compensation another person or party has received or may receive. Chilmark has received no retainer in this matter.

### SERVICES RENDERED AND FEES INCURRED DURING THE FEE PERIOD

16. To the best of Chilmark's knowledge, this Final Fee Application complies with Bankruptcy Code section 330, the applicable Bankruptcy Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, the Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, Local Rule 2016-1, and applicable Third Circuit law.

17. The fees incurred by Chilmark in these Chapter 11 Cases during the Fee Period were billed in accordance with its existing billing rates and procedures in effect during the Fee Period. The rates Chilmark charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same rates Chilmark charges for professional services rendered in comparable non-bankruptcy related matters. These fees are reasonable based on the customary compensation charged by comparably skilled professionals in comparable non-bankruptcy cases in a competitive national market.

18. The professional services rendered by Chilmark required a high degree of professional competence and expertise, and substantial time and effort was needed to address the numerous issues requiring evaluation and action by the Independent Director.

19. Bankruptcy Code section 330 provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1). Further, Bankruptcy Code section 330(a)(3) provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

20. The professional services rendered by Chilmark during the Fee Period have been itemized by each professional. A detailed summary of the services provided during the Fee Period is attached as **Exhibit B** to the *Combined First Monthly Fee Application of Chilmark Partners, LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of February 26, 2025 through and including April 30, 2025* [Docket No. 1602] (the "First Monthly Fee Application").[2] In performing services for the Independent Director, Chilmark took into account both the hourly rate of the professional providing the services and the relative skill of the particular professional as it related to the required tasks. By utilizing those most skilled in a particular area, Chilmark was able to provide efficient and effective financial advisory services to the Independent Director. No expenses were incurred during the Fee Period.

21. Reasonableness of Compensation Requested: Chilmark believes that the hourly rates charged for its professionals are reasonable and competitive with the hourly rates charged by other financial advisory firms of comparable quality with similar expertise. The hourly rate of each professional who rendered services in connection with these Chapter 11 Cases during the Compensation Period is set forth above. Additionally, the hourly rate charged by Chilmark for professionals was provided in the Chilmark Retention Application. In performing services for the Independent Director, Chilmark has staffed this case efficiently. Where work could be performed by professionals with lower rates, Chilmark used such professionals to perform the assignments.

---

[2] For the avoidance of doubt, Chilmark did not incur any additional fees and expenses in connection with these Chapter 11 Cases other than those set forth in the First Monthly Fee Application. No objections were received with respect to the First Monthly Fee Application and, to date, Chilmark has received payment of 80% of such fees requested in the First Monthly Fee Application.

7

22. Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided and the results that have been achieved to date, final allowance of the amounts requested is appropriate. Because Chilmark's fees and expenses are comparable to those incurred by financial advisors to similarly situated clients in cases involving issues of commensurate complexity, Chilmark's fees are "reasonable" and should be allowed in the amounts set forth herein.

23. <u>Skill Requisite to Performing Financial Advisory Services Properly</u>:  Chilmark's role in these Chapter 11 Cases – specifically to, among other things, advise the Independent Director in connection with the Freedom HoldCo Independent Investigation and assist the Independent Director with the evaluation of various conflicts issues – involved review and analysis of a significant number of unique and complex issues requiring substantial skill and effort on the part of Chilmark professionals. The skill and expertise required to advise the Independent Director in connection with the Freedom HoldCo Independent Investigation and the evaluation of conflicts issues, and the approach used by Chilmark in connection therewith, weigh in favor of allowing the amounts requested in this Final Fee Application.

## **NO PRIOR REQUEST**

24. No prior application has been made in this Court or in any other court for the relief requested herein.

## NOTICE

25. Copies of this Final Fee Application will be served upon the Notice Parties identified in the Interim Compensation Order. In addition, notice of this Final Fee Application will be provided via ECF notifications to all parties receiving such notifications in these Chapter 11 Cases and via separate email issued to the parties included on the official service list maintained in the Chapter 11 Cases. Chilmark submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Chilmark respectfully requests a final allowance and prompt payment of compensation in the aggregate amount of $405,654.00, less any amounts previously received from the Debtors, and such other and further relief as the Court may deem just and proper.

Dated: July 21, 2025

                                                       */s/ Michael J. Kennedy*
                                                       Michael J. Kennedy
                                                       Member, Chilmark Partners, LLC

                                                       Financial Advisor to Michael J. Wartell, Independent Director and sole member of the Conflicts Committee of the Boards of each of the Retaining Debtors