# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: August 11, 2025 at 4:00 p.m. (ET)<br>Hearing Date: September 10, 2025 at 9:00 a.m. (ET |

## SUMMARY OF FINAL FEE APPLICATION OF ASHBY & GEDDES, P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR MICHAEL J. WARTELL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM DECEMBER 19, 2024 THROUGH AND INCLUDING JUNE 2, 2025

| Name of Applicant | Ashby & Geddes, P.A. |
|---|---|
| Authorized to Provide Professional Services to | Michael J. Wartell, in his capacity as Independent Director to each of the Retaining Debtors |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

| Date of Retention | January 27, 2025, *nunc pro tunc* to December 19, 2024 |
|---|---|
| Final Period for which compensation and reimbursement is sought | December 19, 2024 through June 2, 2025 |
| Amount of final fees sought as reasonable, actual, and necessary: | $468,755.50[2] |
| Rates are Higher than those Approved or Disclosed at Retention? Yes ____ No  X  | Ashby hourly rates as set forth in the Ashby Employment Application, subject to annual increase as of January 1 of each year |
| Amount of final expenses sought as reasonable, actual, and necessary: | $3,219.47 |
| Total interim compensation Ashby has received to date: | $319,852.40 |
| Total interim reimbursement of expenses Ashby has received to date: | $2,796.47 |
| Number of Professionals Included in this Application: | 10 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 4 |

This is a(n) ____ monthly  X  final fee application.

**PRIOR MONTHLY FEE STATEMENTS**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees[3] | Approved Expenses[4] |
|---|---|---|---|---|---|
| 3/7/2025 | 12/19/2024-1/31/2025 | $40,940.00 | $221.90 | $32,752.00 | $221.90 |
| 4/25/2025 | 2/1/2025-2/28/2025 | $100,044.00 | $1,658.70 | $80,035.20 | $1,658.70 |
| 6/2/2025 | 3/1/2025-3/31/2025 | $258,831.50 | $925.87 | $207,065.20 | $925.87 |
| 7/17/2025 | 4/1/2025-5/31/2025 | $67,828.00 | $413.00 | Pending | Pending |

---

[2] The final amount includes $1,112.00 for work performed in the June 2025 stub period, up to and including June 2. This stub period amount was not previously requested in any filed Ashby monthly fee application. *See* attached Ashby June 2025 time entries (**Exhibit A**).

[3] Approved fees reflect 80% of the fees requested by the prior monthly statements.

[4] Approved expenses reflect 100% of the expenses requested by the prior monthly statements.

{02143033;v2 }  2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: August 11, 2025 at 4:00 p.m. (ET)<br>Hearing Date: September 10, 2025 at 9:00 a.m. (ET |

**FINAL FEE APPLICATION OF
ASHBY & GEDDES, P.A., DELAWARE SPECIAL COUNSEL ON BEHALF OF
AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR
MICHAEL J. WARTELL, FOR COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED DURING THE PERIOD FROM DECEMBER 19, 2024
THROUGH AND INCLUDING JUNE 2, 2025**

Ashby & Geddes, P.A. ("Ashby"), as Delaware special counsel to Michael J. Wartell, in his capacity as independent director (the "Independent Director") and sole member of the conflicts committees (the "Conflicts Committees") of the boards (each, a "Board" and, together, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722).  The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

"Boards") of debtors Freedom VCM Interco, Inc. and Freedom VCM, Inc. (the "Retaining Debtors") in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of Franchise Group, Inc. and certain of its affiliates (collectively, the "Debtors"), hereby submits its final fee application (the "Final Fee Application") for compensation for professional services rendered and reimbursement of expenses incurred on behalf of the Independent Director during the period from December 19, 2024 through and including June 2, 2025 (the "Fee Period").  In support of the Final Fee Application, Ashby respectfully states as follows:

## BACKGROUND

1. On November 3, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  A description of the Debtors and their businesses and these Chapter 11 Cases is set forth in greater detail in the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference.

2. The Debtors operated and managed their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On November 19, 2024, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these Chapter 11 Cases. [Docket No. 188].  No trustee or examiner (other than the Fee Examiner) was appointed in these Chapter 11 Cases.

3. Early in the Chapter 11 Cases, the Boards determined it was advisable and in the best interests of the Retaining Debtors to appoint Mr. Wartell as Independent Director and sole member of the Conflicts Committees.  In connection therewith, and as further described in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Franchise Group, Inc., and*

*its Affiliates* [Docket No. 655] ("the Disclosure Statement"), the Retaining Debtors authorized the appointment of the Independent Director.

4. On December 6, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* [Docket No. 353] (the "Interim Compensation Order").

5. On January 15, 2025, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 747] (the "Fee Examiner Order"), appointing Direct Fee Review LLC (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. On January 9, 2025, the Independent Director filed the Ashby Employment Application. The Employment Application was approved by order entered on January 27, 2025. [Docket No. 845] (the "Ashby Employment Order").

7. On June 2, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order"), confirming the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"). The Effective Date of the Plan with respect to the Confirmation Debtors occurred on June 6, 2025. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605].

8. On July 1, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Ninth Amended Joint Chapter 11 of Freedom VCM Holdings, LLC* [Docket

No. 1682], confirming the Plan with respect to Freedom VCM Holdings, LLC ("TopCo"). The Effective Date of the Plan with respect to TopCo occurred on July 3, 2025. *See Notice of (I) Entry of the TopCo Confirmation Order, (II) Occurrence of Effective Date With Respect to Freedom VCM Holdings, LLC, and (III) Related Bar Dates* [Docket No. 1689].

### JURISDICTION

9. This Court has jurisdiction to consider the Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b) and Ashby confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Final Fee Application to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory bases and other authority for the relief requested herein include Bankruptcy Code sections 105 and 330, Bankruptcy Rule 2016, Local Rule 2016-1, the Interim Compensation Order, and the Ashby Employment Order.

### RELIEF REQUESTED

11. For the avoidance of doubt, this Final Fee Application seeks final allowance of compensation for services rendered and reimbursement of expenses incurred by Ashby during the Fee Period.[2]

---

[2] The final amount of compensation requested ($468,755.50) includes $1,112.00 for work performed by Ashby in June 2025, up to and including June 2. This stub period amount was not previously requested in any filed Monthly Fee Application. *See* attached Ashby June 2025 time entries (**Exhibit A**).

{02143033;v2 }    4

12. Ashby has filed and served four prior monthly fee statements covering in the aggregate through May 2025, *see* ECF Nos. 1065, 1316, 1597 and 1744 (the "Monthly Fee Applications"), respectively. The Monthly Fee Applications, with all attachments, are incorporated by reference as if fully set forth herein.

13. In accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- Exhibit A: Itemized description of services rendered (for June 2025 stub period);
- Exhibit B: Summary of Billing by Professional for the Fee Period;
- Exhibit C: Summary of Compensation by Project Category for the Fee Period;
- Exhibit D: Expense Summary for the Fee Period;
- Exhibit E: Customary and Comparable Compensation Disclosures;
- Exhibit F: Certification of Michael D. DeBaecke in Support of the Final Fee Application.

14. As Delaware special counsel to the Independent Director, Ashby seeks final allowance of $468,755.50 in fees in the aggregate for services rendered and $3,219.47 in expenses in the aggregate incurred during the Fee Period. Ashby requests that the Debtors be authorized to pay on a final basis all allowed amounts to Ashby, less any amounts received by Ashby on an interim basis pursuant to the Monthly Fee Applications and the terms and provisions of the Interim Compensation Order.

15. During the Fee Period, and as set forth in the Monthly Fee Applications and the detailed time entries attached thereto, Ashby, as Delaware special counsel, represented and assisted the Independent Director with the faithful and prompt discharge of all of his respective duties and responsibilities in these Chapter 11 Cases. Ashby as a retained professional also performed tasks required under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and prior orders of the Court.

16. Bankruptcy Code section 330 provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered . . . .". 11 U.S.C. § 330(a)(1). Further, Bankruptcy Code section 330(a)(3) provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

17. Ashby respectfully submits that its request for compensation for services performed during the Fee Period is fair, reasonable, and appropriate and should be approved. Ashby provided the Independent Director with actual and necessary services, at reasonable hourly rates as compared to the rates charged by professionals of comparable skill, experience, and expertise. Many of such services were provided in a time-sensitive manner dictated by the events, filings, deadlines, demands, and other circumstances occurring in these fast-moving and often contentious Chapter 11 Cases.

18. Ashby professionals expended 648 hours during the Fee Period in connection with its representation of the Independent Director.

19. Ashby's hourly rates for this matter are its customary and comparable hourly rates in effect as of January 1, 2024 (for December 2024 services rendered) and January 1, 2025 (for 2025 services rendered).

20. The requested reimbursement for the reasonable, actual, and necessary costs and expenses incurred by Ashby (totaling $3,219.47 in the aggregate for the entire Fee Period) also should be approved.

21. Pursuant to Bankruptcy Rule 2016(b), Ashby has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Ashby or (ii) any compensation another person or party has received or may receive. Moreover, Ashby received no retainer in this matter.

**NOTICE**

22. Copies of this Final Fee Application will be served upon the Notice Parties identified in the Interim Compensation Order. In addition, notice of this Final Fee Application will be provided via ECF notifications to all parties receiving such notifications in these Chapter 11 Cases and via separate email issued to the parties included on the official service list maintained in the Chapter 11 Cases. Ashby submits that no other or further notice need be provided.

WHEREFORE Ashby respectfully requests a final allowance and prompt payment of compensation in the amount of $468,755.50 in the aggregate and reimbursement of expenses incurred in the amount of $3,219.47 in the aggregate, less any amounts previously received by Ashby on an interim basis, and such other and further relief as the Court may deem just and proper.

Dated: July 21, 2025

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: */s/ Michael D. DeBaecke* x
Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

*Delaware Special Counsel on behalf of and at the sole direction of Michael J. Wartell as the Independent Director and sole member of the Conflicts Committee of the Board of each of the Retaining Debtors*