**EXHIBIT F**

**DeBaecke Certification**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |

## CERTIFICATION OF MICHAEL D. DEBAECKE

I, Michael D. DeBaecke, pursuant to 28 U.S.C. § 1746, to the best of my current knowledge, information, and belief, and after reasonable inquiry, hereby certify that:

1. I am Counsel at Ashby & Geddes, P.A. ("Ashby" or the "Firm"), and I am authorized to make this certification on behalf of Ashby. Ashby was retained as Delaware special counsel on behalf of and at the sole direction of the Independent Director Michael J. Wartell appointed in the above-captioned cases (the "Independent Director").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

{02143033;v2 }

2. This certification is made in support of the *Final Fee Application of Ashby & Geddes, P.A., Delaware Special Counsel on Behalf of and at the Sole Direction of the Independent Director Michael J. Wartell, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred During the Period from December 19, 2024 through and Including June 2, 2025* (the "Final Fee Application"). The undersigned believes the Final Fee Application is in substantial compliance with Local Rule 2016-1 and with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), Effective as of November 1, 2013.

3. To that end, the following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Response: Ashby's hourly rates charged for this matter are its customary and comparable hourly rates in effect as of January 1, 2024 (for December 2024 services) and January 1, 2025 (for 2025 services).
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response: Not Applicable.
>
> **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response: No.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response: No.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: Yes, approximately 4.5 hours of attorney time, corresponding to fees of approximately $3,500, was incurred in connection with Ashby's review of time entries for purposes of identifying privileged or other confidential information that would be included as part of monthly fee applications.

**Question**: If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining the Firm to accept all future rate increases? If not, did the Firm inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consisted with ABA Formal Ethics Opinion 11- 458?

Response: Yes, *see e.g.* the Ashby Employment Application and Ashby Employment Order for disclosure of hourly rates and the fact Ashby professionals' standard hourly rates are subject to annual increase, as of January 1 of each year.

4. I have read the Final Fee Application and I hereby certify it is in substantial compliance with Local Rule 2016-1 and the U.S. Trustee Guidelines.

Dated: July 21, 2025

                                                  */s/ Michael D. DeBaecke*
                                                  Michael D. DeBaecke