## **Exhibit A**

**Sussberg Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| Reorganized Debtors. | ) (Jointly Administered) |

**DECLARATION OF
JOSHUA A. SUSSBERG
IN SUPPORT OF THE FOURTH
COMBINED MONTHLY AND FINAL
FEE APPLICATION OF KIRKLAND & ELLIS
LLP AND KIRKLAND & ELLIS INTERNATIONAL
LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION FOR THE (I) COMBINED MONTHLY FEE
PERIOD FOR ALL DEBTORS FROM MAY 1, 2025 THROUGH
AND INCLUDING JUNE 2, 2025, (II) SOLELY WITH RESPECT
TO TOPCO, COMBINED MONTHLY FEE PERIOD FROM JUNE 3, 205
THROUGH AND INCLUDING JULY 1, 2025, AND (III) FINAL FEE PERIOD
FROM FEBRUARY 14, 2025 (A) THROUGH AND INCLUDING JUNE 2, 2025 AND
(B) SOLELY WITH RESPECT TO TOPCO, THROUGH AND INCLUDING JULY 1, 2025**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Reorganized Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1. I am the president of Joshua A. Sussberg, P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, "K&E").[2] I am one of the lead attorneys from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Court of Appeals for the Second and Fifth Circuits and the United States District Courts for the Southern District of New York and the Northern District of Illinois. There are no disciplinary proceedings pending against me.

2. I have read the foregoing fourth combined monthly and final fee application of K&E, attorneys for the Debtors and the Reorganized Debtors, for the Fee Period (the "Fee Application"). To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-1.

3. In connection therewith, I hereby certify that:

   a) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

   b) except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by K&E and generally accepted by K&E's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

   c) K&E is seeking compensation with respect to (i) the approximately 0 hours and $0.00 in fees spent reviewing or revising time records and preparing,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

        reviewing, and revising invoices;[3] and (ii) the approximately 196.10 hours and $215,794.50 in fees spent reviewing time records to redact privileged or confidential information;

    d)     in providing a reimbursable expense, K&E does not make a profit on that expense, whether the service is performed by K&E in-house or through a third party;

    e)     in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between K&E and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

    f)     all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

---

[3] This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 21, 2025

Respectfully submitted,

*/s/ Joshua A. Sussberg*
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as Partner of Kirkland & Ellis LLP; and as Partner of Kirkland & Ellis International LLP