# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 1294, 1386, 1551, 1594, 1659** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND THROUGH SIXTH MONTHLY AND FINAL FEE APPLICATION REQUESTS OF DELOITTE & TOUCHE LLP

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Second through Sixth Monthly and Final Fee Application Requests of Deloitte & Touche LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Independent Auditor to the Debtors for the compensation period from January 1, 2025 through June 2, 2025 ("Fee

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260), Franchise Group Newco BHF, LLC (4123), Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising, LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Reorganized Debtors' headquarters is located at 2371 Liberty Way, Virginia Beach, Virginia 23456.

Application") seeking approval of fees in the amount of $2,098,621.50 and the reimbursement of expenses in the amount of $6,417.77 and for the final period November 3, 2024 through June 2, 2025 ("Final Fee Application," and together with the Fee Application, the "Applications") seeking approval of fees in the amount of $2,550,940.00 and reimbursement of expenses in the amount of $8,299.65, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court for the District of Delaware*, as amended February 1, 2025 ("Local Rules"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of January 1, 2025 through June 2, 2025 the Firm submitted monthly fee applications in the amount of $2,098,621.50 as actual, reasonable and necessary fees and for expense reimbursement of $6,417.77. These fees consist of

2

$1,440,800.00 of fees under a fixed fee arrangement and $657.821.50 of hourly fees. For the Fee Application period, $67,414.50 was disclosed as related to fee application preparation.

4.  We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $67,414.50 related to fee applications on a cumulative basis and we have calculated that 2.6% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5.  Our procedures applied to the monthly fee applications identified the timekeepers with limited time charged to this estate. We questioned the necessity and value to the estate because of the minimal involvement. We requested and the Firm provided additional information related to the nature and necessity of the roles of these timekeepers. After review of this information, we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

6. Local Rule 2016-1(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. We noted that much of the time billed by certain timekeepers appeared to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this impacts the amounts billed and adjust the fees requested if appropriate. The Firm advised us that they believed that the time billed by the timekeepers had no impact on the amount to be billed to the Debtors and is not indicative of improper or inaccurate billing practices. However, in the spirit of compromise, the Firm agreed to reduce fees in this category by $4,180.00, which reflects 5% of the fees billed by timekeepers who had over 70% of their time billed in such increments, as listed in Exhibit A. We recommend that fees be reduced by $4,180.00.

7. Our procedures applied to the monthly fee applications identified certain time entries where time has been charged as Out of Scope Services. We have noted that these entries include procedures that are regular to the performance of an audit. We requested and the Firm provided additional information supporting that these entries had been appropriately allocated. After review of this information, we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

8. We noted the charge listed in Exhibit B which appears to be for an overtime dinner. Consistent with the US Trustee, we deem overtime meal charges in excess of $20.00 per person to be unnecessary and not reasonable. We requested that the Firm review this charge and reduce it to this cap if it is found to exceed such limits. After discussion with the Firm, it was determined that only four of the diners were subject to the overtime cap.

The Firm agreed to reduce their share of the charge to this cap. We recommend that reimbursement of expenses be reduced by $120.00.

9.  We noted that several of the Firm's professionals attended meetings during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested and the Firm provided additional information related to these meetings and the necessity of the attendance of these timekeepers. After review of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

10. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

### FINAL APPROVAL OF FEES AND EXPENSES

The Firm previously filed the First Monthly Fee Application Request for the period November 3, 2024 through December 31, 2024. We reviewed these fee requests and filed our reports with the Court recommending approval of the fees of $449,794.50 and the reimbursement of expenses in the amount of $1,881.88 for the period November 3, 2024 through December 31, 2024. We have not identified any changes to our previous report and we continue to recommend the compensation and expense reimbursement as stated therein. The Firm has not included the adjustments to fees agreed for the First Monthly period in their request. We recommend that the fees requested be reduced by $2,524.00.

**CONCLUSION**

11. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Second through Sixth Monthly and Final Fee Application Requests of Deloitte & Touche LLP for compensation for services rendered and reimbursement of expenses as Independent Auditor to the Debtors for the compensation period from January 1, 2025 through June 2, 2025 and we recommend the approval of the fees of $2,094,441.50 ($2,098,621.50 minus $4,180.00) and reimbursement of expenses in the amount of $6,297.77 ($6,417.77 minus $120.00) and we recommend the final approval of the fees of $2,544,236.00 ($2,550,940.00 minus $6,704.00) and the reimbursement of expenses in the amount of $5,655.65 ($8,299.65 minus $2,644.00) for the Final Fee Application.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dwyer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

## Exhibit A:

| TIMEKEEPER_NAME | Rate | .0 +.5 | .0 | .5 | # Entries | Fees |
|---|---|---|---|---|---|---|
| Egea, Silvana | 970 | 90.9% | 63.6% | 27.3% | 22 | 20564 |
| Bambroo, Sahil | 615 | 83.9% | 45.2% | 38.7% | 31 | 32287.5 |
| BHARGAV, VARALA ASHISH | 615 | 77.1% | 42.9% | 34.3% | 35 | 30750 |

## Exhibit B:

| | | | |
|---|---|---|---|
| Weston, Zachary | 4/7/2025 | Dinner for E. Fitzpatrick, M. Parodi, M. Collins, M. Sciano, B. Bellora, Z. Weston in Washington, DC | 300 |