# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Objection Deadline:** **August 5, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date:** **August 19, 2025 at 10:00 a.m. (ET)** |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE OF FREEDOM VCM HOLDINGS, LLC

The above-captioned reorganized debtor (the "Reorganized Debtor") and Freedom VCM Holdings, LLC ("TopCo" and together with the Reorganized Debtor, the "Reorganized Debtors")[2] state as follows in support of this motion (this "Motion"):[3]

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456.  For purposes of this Motion, the terms "Reorganized Debtors" or "Debtors" (as defined below), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan (as defined below).

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

**Relief Requested**

1.      The Reorganized Debtors seek entry of an order and final decree, substantially in the form attached hereto as **Exhibit A** (the  "Proposed Final Decree"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11  U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 14.17 of the Plan, (a) authorizing the Reorganized Debtors to close TopCo's chapter 11 case (the "TopCo Case"); (b) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the TopCo Case shall be addressed and administered in the Reorganized Debtor's chapter 11 case (the  "Lead Case"); (c) waiving certain reporting requirements; and (d) granting related relief.

2.      To ensure that no creditor or party in interest's rights are prejudiced by the relief requested through this Motion, nothing in the Proposed Final Decree would operate as a waiver or release of TopCo's obligations under the Plan.  Further, the Proposed Final Decree, consistent with Section 14.17 of the Plan, permits matters involving TopCo to be adjudicated in the Lead Case, despite the closing of the TopCo Case.

**Jurisdiction and Venue**

3.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent

2

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1, and Section 14.17 of the Plan.

## Background

### A.      General Background

6.      On November 3, 2024 (the "Petition Date"), the Reorganized Debtors and certain of their affiliates filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.  On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On November 19, 2024, the U.S. Trustee appointed the Creditors' Committee [Docket No. 188].

7.      On November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151] with the Court.  The Debtors subsequently filed amended versions of the chapter 11 plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312, & 1454].  On May 20, 2025, the Court held a hearing to consider Confirmation of the Plan and approval of the Global Settlement.

8.      On June 2, 2025, the Court entered an order [Docket No. 1596] (the "Confirmation Order") confirming the Plan as to all Debtors (collectively, the "OpCo Debtors") other than TopCo.  The Effective Date of the Plan with respect to the OpCo Debtors occurred on June 6, 2025 [Docket No. 1605], and the OpCo Debtors emerged from chapter 11.

9.      On July 1, 2025, the Court entered an order [Docket No. 1682] confirming TopCo's Plan, and on July 3, 2025, TopCo emerged from chapter 11 [Docket No. 1689].

**B.  Claims Administration**

10.      On November 6, 2024, the Court entered an order [Docket No. 113] appointing Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent in the Chapter 11 Cases.  Among other things, Kroll is authorized to (a) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain an official claims register for the Reorganized Debtors.

11.      On December 24, 2024, the Debtors filed their *Schedules of Assets and Liabilities and the Statements of Financial Affairs* [Docket Nos. 500-558], and on April 28, 2025, the Debtors filed the *Notice of Amendment to Schedule G for Certain of the Debtors* [Docket Nos. 1328-1334] (collectively, the "Schedules and Statements").

12.      On December 6, 2024, the Court entered an order [Docket No. 354] providing that, except as otherwise provided therein, (i) all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, were required to file proofs of claim by January 23, 2025, and (ii) all governmental units holding claims against the Reorganized Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured nonpriority claims, were required to file proofs of claim by May 2, 2025.

13.      Pursuant to the Plan, the deadline for filing Administrative Expense Claims against the OpCo Debtors was July 7, 2025, and the deadline to file Administrative Expense Claims against TopCo is August 4, 2025.

14.     On June 27, 2025, the Reorganized Debtors filed a motion [Docket No. 1677] (the "Final Decree Motion") requesting that the Court close the Chapter 11 Cases of all of the Reorganized Debtors other than the Reorganized Debtor and TopCo, noting that the Debtors would seek to close TopCo's chapter 11 case, once its Plan had been confirmed.  After filing the Final Decree Motion, the Court entered an order confirming TopCo's Plan and it became effective, as noted above.  All assets in the TopCo Case have been fully administered.

15.     On July 16, 2025, the Court entered the *Final Decree and Order Closing Certain of the Reorganized Debtors' Chapter 11 Cases* [Docket No. 1731], thereby granting the relief requested by the Final Decree Motion.  Thereafter, all matters regarding the Chapter 11 Cases have been addressed and administered in the Lead Case.

### Basis for Relief

16.     Section 350(a) of the Bankruptcy Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.  In addition, Local Rule 3022-1(a) provides:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid.  Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.

17.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022

(the "Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> (a)      whether the order confirming the plan has become final;
>
> (b)      whether deposits required by the plan have been distributed;
>
> (c)      whether the property proposed by the plan to be transferred has been transferred;
>
> (d)      whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;
>
> (e)      whether payments under the plan have commenced; and
>
> (f)      whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee's note to Fed. R. Bankr. P. 3022.

18.      Courts in this district and others consider these factors as a guide in determining whether a case has been fully administered. *See In re SLI, Inc.,* No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *see also In re JCP Props., Ltd.,* 540 B.R. 596, 606 (Bankr. S.D. Tex. 2015) (internal quotations and citations omitted) (observing that factors (3)–(5) correspond "to whether substantial consummation of the chapter 11 plan has been achieved); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.,* 238 B.R. 531, 541–42 (Bankr. E.D.N.Y. 1999) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."); *Walnut Assocs. v. Saidel,* 164 B.R 487, 493 (E.D. Pa. 1994) (citing *In re Mold Makers, Inc.,* 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)).

19.      Here, the foregoing factors weigh in favor of closing the TopCo Case, which will reduce costs incurred by the Reorganized Debtors' estates and encourage administrative efficiency. In particular:

> (a)      the Confirmation Order has become final and is non-appealable;

(b)    TopCo has emerged from chapter 11;

(c)    upon the occurrence of the Effective Date, all property of TopCo has been transferred to or otherwise vested in the Reorganized Debtor or the Litigation Trust pursuant to the terms of the Plan, as applicable.  *See* Plan §§ 7.4; 7.10;

(d)    substantially all undisputed administrative expenses, including the U.S. Trustee fees, have been paid or will be paid when they come due in the ordinary course of business, if they come due after the closure of the TopCo Case; and

(e)    the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

20.    In addition, the Lead Case will remain open following entry of the Proposed Final Decree so that any matters that would pertain specifically to the TopCo Case, or claims filed solely against TopCo, can be adjudicated in the Lead Case without any prejudice to the rights of third parties.

21.     The Reorganized Debtors respectfully submit that any and all disputed claims, motions, contested matters, and adversary proceedings that are currently pending or filed in the future with respect to the TopCo Case can be administered under the Lead Case without affecting any parties' substantive rights.  By closing the TopCo Case, it is not the Reorganized Debtors' intent to impair or otherwise affect the rights of any party in interest, including, without limitation, with respect to the claims reconciliation process and Plan distributions.  Rather, the TopCo Case is simply unnecessary to the continued administration of matters related to the Reorganized Debtors.  Given that any issues related to claims, distributions, or other relatively de minimis administrative matters can be addressed in the Lead Case, the cost of administering the additional chapter 11 case cannot be justified.  In light of the foregoing, leaving the TopCo Case open while the claims reconciliation/distribution process is completed prejudices the Reorganized Debtors by causing them to incur unnecessary fees and expenses.

22.     Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Furthermore, the entry of a final decree closing the TopCo Case will be without prejudice to creditors' rights to petition the Court to reopen the TopCo Case pursuant to section 350(b) of the Bankruptcy Code.

23.     Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c).  The administration of assets and liabilities will occur in the Lead Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Lead Case.  Consequently, filing a final report for the TopCo Case at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

### Notice

24.     The Reorganized Debtors will provide notice of this Motion to:  (a) the U.S. Trustee; (b) the Creditors' Committee; (c) counsel to the ABL Lenders; (d) counsel to the Ad Hoc Group of First Lien Lenders; (e) counsel to the Second Lien Term Loan Lenders; (f) counsel to the HoldCo Lenders; (g) counsel to the DIP Agent; (h) counsel to the DIP Lenders; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree (a) closing the TopCo Case; (b) requiring any pending or future matters regarding the TopCo Case be addressed in the Lead Case; (c) waiving certain reporting requirements; and (d) granting such other and further relief as is just and proper.

Dated: July 28, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

<table>
<tr><td>

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com

</td><td>

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              nicole.greenblatt@kirkland.com
              derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        mark.mckane@kirkland.com

</td></tr>
<tr><td>

*Co-Counsel to the Reorganized Debtors*

</td><td>

*Co-Counsel to the Reorganized Debtors*

</td></tr>
</table>

9