IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) | Case No. 24-12480 (LSS) |
| Reorganized Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) | (Jointly Administered) **Objection Deadline:** August 12, 2025 at 4:00 p.m. (ET) **Hearing Date:** August 19, 2025 at 10:00 a.m. (ET) |

**REORGANIZED DEBTORS' MOTION FOR
ORDER EXTENDING THE ADMINISTRATIVE CLAIMS
OBJECTION DEADLINE UNDER CONFIRMED CHAPTER 11 PLANS**

The above-captioned reorganized debtor (the "Reorganized Debtor") and Freedom VCM Holdings, LLC ("TopCo")[2] and, together with the Reorganized Debtor, the "Reorganized Debtors")[3] state as follows in support of this motion (this "Motion"):[4]

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. For purposes of this Motion, the terms "Reorganized Debtors" or "Debtors" (as defined below), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] On July 28, 2025, TopCo filed a motion to close its chapter 11 case.

[3] References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan (as defined below).

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

**Relief Requested**

1. The Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines to object to Administrative Expense Claims (together, the "Administrative Expense Claims Objection Deadline") by 120 days, through and including December 3, 2025 with respect to the OpCo Debtors (as defined below) and through and including December 30, 2025 with respect to TopCo (as defined below), without prejudice to the rights of the Reorganized Debtors to seek further extensions of the Administrative Expense Claims Objection Deadline.[5]

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[5] Pursuant to Local Rule 9006-2, the Administrative Expense Claims Objection Deadline is automatically extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

**Background**

**A.     General Background**

5.     On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On November 19, 2024, the U.S. Trustee appointed the Creditors' Committee [Docket No. 188].

6.     On November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151] with the Court. The Debtors subsequently filed amended versions of the Plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312, & 1454]. On May 20, 2025, the Court held a hearing to consider Confirmation of the Plan and approval of the Global Settlement.

7.     On June 2, 2025, the Court entered an order [Docket No. 1596] (the "Confirmation Order") confirming the Plan as to all Debtors (collectively, the "OpCo Debtors") other than TopCo. The Effective Date of the Plan with respect to the OpCo Debtors occurred on June 6, 2025 [Docket No. 1605], and the OpCo Debtors emerged from chapter 11 as Reorganized Debtors.

8.     On July 1, 2025, the Court entered an order [Docket No. 1682] confirming TopCo's Plan, and on July 3, 2025, TopCo emerged from chapter 11 as a Reorganized Debtor [Docket No. 1689].[6]

---

[6]     The Effective Date of the Confirmation Debtors' Plan together with the Effective Date of TopCo's Plan is hereinafter referred to as the "Effective Dates."

3

**B.     Claims Administration**

9. Pursuant to the Plan, the deadline for filing Administrative Expense Claims against the OpCo Debtors was July 7, 2025, and the deadline to file Administrative Expense Claims against TopCo is August 4, 2025.

10. Under section 3.2 of the Plan, the Reorganized Debtors have the right to file objections to, or otherwise contest, the allowance of Administrative Expense Claims. Plan, §§ 1.36, 3.2. Pursuant to the Plan, the Administrative Expense Claims Objection Deadline is sixty (60) days after the Effective Date. Therefore, the current Administrative Expense Claims Objection Deadline for the OpCo Debtors is August 5, 2025, and the current Administrative Expense Claims Objection Deadline for TopCo is September 1, 2025.

11. To date, approximately 19,000 Proofs of Claim have been asserted in the Chapter 11 Cases, including various Administrative Expense Claims. The Reorganized Debtors and their professionals have been working to review and reconcile such claims with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying categories of claims that may be targeted for modification, disallowance, or expungement. Because the Reorganized Debtors' reconciliation of Proofs of Claim filed in the Chapter 11 Cases (including any Proof of Claim that assets that a portion of any such claim may be entitled to priority) and Administrative Expense Claims, is ongoing, the Reorganized Debtors require an extension of the Administrative Expense Claims Objection Deadline.

**Basis for Relief**

12. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Administrative Expense Claims Objection Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

14. The Reorganized Debtors submit that cause exists to grant the extension sought herein. Following the Petition Date, the Debtors devoted significant resources to successfully confirming a consensual chapter 11 plan. The Plan, as confirmed, established a deadline by which claimants were required to file Administrative Expense Claims in the Chapter 11 Cases. The Reorganized Debtors have been diligently evaluating and addressing such claims but require additional time to properly and carefully evaluate the Administrative Expense Claims filed in the chapter 11 cases and fully reconcile them. Claimants will not be prejudiced by any such extension because allowing the Reorganized Debtors sufficient time to thoroughly review their records and address any inconsistencies with claimants and other interested parties on a consensual basis will promote efficiency and ensure that estate resources are not spent on needless and expensive litigation. In addition, an extension of the deadline will permit the Debtors to carefully reconcile all Administrative Expense Claims and ensure that no claims are wrongly afforded priority to the detriment of other claimants. Therefore, the Reorganized Debtors submit that extending the Administrative Expense Claims Objection Deadline is both necessary and appropriate.

15. Accordingly, the Reorganized Debtors respectfully request the Court to enter an order further extending the Administrative Expense Claims Objection Deadline through and including December 3, 2025 for the OpCo Debtors, and through and including December 30, 2025

with respect to TopCo, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadlines.

## **Notice**

16. The Reorganized Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the ABL Lenders; (c) counsel to the Ad Hoc Group of First Lien Lenders; (d) counsel to the Second Lien Term Loan Lenders; (e) counsel to the HoldCo Lenders; and (f) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated: July 29, 2025
Wilmington, Delaware

/s/ Allison S. Mielke

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|---|---|
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:  (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:  (212) 446-4900 |
| Telephone:  (302) 571-6600 | Email:  joshua.sussberg@kirkland.com |
| Facsimile:  (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email:  emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone:  (415) 439-1400 |
| | Facsimile:  (415) 439-1500 |
| | Email:  mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |