**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) Case No. 24-12480 (LSS) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:** |
| | ) **August 19, 2025 at 10:00 a.m. (ET)** |
| | ) |
| | ) **Objection Deadline:** |
| | ) **August 12, 2025 at 4:00 p.m. (ET)** |
| | ) |

**REORGANIZED DEBTORS' THIRD MOTION**
**FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD**
**WITHIN WHICH THE REORGANIZED DEBTORS OR LITIGATION**
**TRUST MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Reorganized</u> <u>Debtors</u>," and before the Effective Date,[2] the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):[3]

---

[1]    The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456.  For purposes of this Motion, the term "Reorganized Debtors" or "Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at <u>https://cases.ra.kroll.com/FRG/</u>.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]    On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605].  TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

## **Relief Requested**

1.      The Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Reorganized Debtors and the Litigation Trust, as applicable, may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by an additional 90 days, up to and including October 28, 2025, without prejudice to the Reorganized Debtors' or Litigation Trust's rights to seek additional extensions of the Removal Period, and (b) granting related relief.

## **Jurisdiction and Venue**

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Reorganized Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 1452 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

**Background**

5.      On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date of the Plan, the Debtors operated their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On November 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 188] (the "Creditors' Committee"). On January 15, 2025, the Debtors appointed a fee examiner [Docket No. 747].

6.      On January 30, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 874].  On February 12, 2025, the Court entered the *Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 972] (the "First Removal Order"), thereby extending the Removal Period to May 1, 2025.

7.      On May 1, 2025, the Debtors filed the *Debtors' Second Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1378] (the "Second Removal Motion").  On May 19, 2025, the Court entered the *Second Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1532] (the "Second Removal Order" and, together with the First Removal Order, the "Removal Orders"), thereby extending the Removal Period to July 30, 2025.

8.      On June 2, 2025, the Court entered an order [Docket No. 1596] (the "Confirmation Order") confirming the Plan as to all Debtors (collectively, the "OpCo Debtors") other than

3

TopCo.  The Effective Date of the Plan with respect to the OpCo Debtors occurred on June 6, 2025

[Docket No. 1605], and the OpCo Debtors emerged from chapter 11 as Reorganized Debtors.

9.      On July 1, 2025, the Court entered an order [Docket No. 1682] confirming the Plan

with respect to TopCo.  The Effective Date of the Plan with respect to TopCo occurred on

July 3, 2025 [Docket No. 1689].  Pursuant to the Plan and the Confirmation Order, the Permitted

Litigation Claims were transferred to the Litigation Trust on the Effective Date.

## The Actions

10.     The Reorganized Debtors are currently involved in a number of Actions

commenced prepetition in various forums.  The Reorganized Debtors or the Litigation Trust, as

applicable, continue to review the Debtors' books and records and are in the process of determining

whether to remove any Action(s) to a district court pursuant to 28 U.S.C. § 1452 and Bankruptcy

Rule 9027.  Since entry of the Removal Orders, the Debtors and the Reorganized Debtors, as

applicable, have worked diligently on a number of critical matters and have not yet decided which,

if any, of the Actions they will seek to remove.  Specifically, since filing the Second Removal

Motion, the Debtors, the Reorganized Debtors, and their professionals have been focused on,

among other things:

- pursuing and achieving Confirmation of the Plan with respect to the OpCo Debtors and TopCo, approval of the Global Settlement, and drafting and finalizing key documentation in connection therewith;

- satisfying the necessary criteria established under the Plan to go effective, and effectuating the Restructuring Transactions in accordance with the Plan and the Confirmation Order;

- evaluating Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases and Administrative Expense Claims, as required by the Plan; and

- preparing and filing final requests for payment of Professional Fee Claims.

11.    As a result of the Debtors' and Reorganized Debtors' focus on other matters associated with their restructuring and emergence from chapter 11, the Reorganized Debtors are not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions.  Moreover, the Litigation Trust has only recently been established, and the Litigation Trustee will require additional time to review and consider the Actions and determine whether any such Actions should be removed to a district court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

12.    It is also possible that the Reorganized Debtors and the Litigation Trust may become aware of other Actions following their review of Proofs of Claim Filed in these Chapter 11 Cases, at which point the Reorganized Debtors and the Litigation Trust will need to analyze such potential Actions to determine whether to remove any such Actions.  Consequently, the Reorganized Debtors seek an extension of the Removal Period to provide them and the Litigation Trust with time to decide whether to remove any such Actions.

### Basis for Relief

13.    Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.    Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies— but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.    Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period . . . the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires . . . .

Fed. R. Bankr. P. 9006(b)(1).

16.     It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co.,* 251 B.R. 322, 325 (S.D. W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58

B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

17.    The Reorganized Debtors are seeking to extend the Removal Period, which would otherwise expire on July 30, 2025,[4] to ensure the Reorganized Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.

18.    The Reorganized Debtors' and the Litigation Trust's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the time required to complete the Action in its current venue; (b) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (c) the relationship between the Action and matters to be considered in connection with the Plan and the Claims allowance process; and (d) the progress made to date in the Action. To make the appropriate determination, the Reorganized Debtors and the Litigation Trust, as applicable, must analyze each Action in light of such factors.

19.    To date, the review of the Debtors' books and records to determine whether any additional Actions exist remains ongoing. As discussed above, since entry of the Second Removal Order, the Reorganized Debtors and their advisors have focused their efforts on, among other things, Confirmation of the Plan with respect to all Debtors and emerging from chapter 11. In addition, as detailed above, the Litigation Trust has only recently been established and will require additional time to consider the Actions. The extension requested herein will provide the Reorganized Debtors and the Litigation Trust with the ability to make fully informed decisions concerning the removal of any Actions, and will ensure that the Reorganized Debtors' rights

---

[4]    Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Reorganized Debtors and the Litigation Trust may not become aware of Actions until after the Removal Period expires.

20.     Moreover, the rights of parties to the Actions will not be unduly prejudiced by the requested extension of the Removal Period because if the Reorganized Debtors or Litigation Trust ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Reorganized Debtors submit that cause exists for the relief requested herein.

## Notice

21.     The Reorganized Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the ABL Lenders; (c) counsel to the Ad Hoc Group of First Lien Lenders; (d) counsel to the Second Lien Term Loan Lenders; (e) counsel to the HoldCo Lenders; (f) counsel to the Litigation Trust; and (g) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Reorganized Debtors respectfully request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  July 30, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:    (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:    (212) 446-4900 |
| Telephone:    (302) 571-6600 | Email:         joshua.sussberg@kirkland.com |
| Facsimile:    (302) 571-1253 |                   nicole.greenblatt@kirkland.com |
| Email:         emorton@ycst.com |                   derek.hunter@kirkland.com |
|                   mlunn@ycst.com | |
|                   amielke@ycst.com | - and - |
|                   sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone:    (415) 439-1400 |
| | Facsimile:    (415) 439-1500 |
| | Email:         mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |