**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) |   |
| FRANCHISE GROUP, INC., *et al.*,[1] ) | Case No. 24-12480 (LSS) |
| ) |   |
| Reorganized Debtors. ) | (Jointly Administered) |
| ) |   |
| ) | **Re: Docket Nos. 1318, 1500, 1652, 1715, 1745** |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**SECOND INTERIM AND FINAL FEE APPLICATION OF**
**AKIN GUMP STRAUSS HAUER & FELD LLP**

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Special Co-Counsel to Michael J. Wartell, in his capacity as Independent Director for the compensation period from February 1, 2025 through June 2, 2025 ("Fee Application") seeking approval of fees in the amount of $6,024,546.00 and the reimbursement of expenses in the amount of $414,147.05 and for the final period December 9, 2024 through June 2, 2025 ("Final Fee Application," and together with the Fee Application, the "Applications") seeking approval of fees in the amount of

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

$8,847,376.00 and reimbursement of expenses in the amount of $525,711.87, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court for the District of Delaware*, as amended February 1, 2025 ("Local Rules"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of February 1, 2025 through June 2, 2025 the Firm submitted monthly fee applications in the amount of $6,024,546.00 as actual, reasonable and necessary fees and for expense reimbursement of $414,147.05. For the Fee Application period, $325,204.50 was disclosed as related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with

consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $325,204.50 related to fee applications on a cumulative basis and we have calculated that 3.7% of the fees billed related to fee applications on a cumulative basis. We requested that the Firm reduce the amount charged for this activity. The Firm advised us that they had already written off $182,175.00 in the compensation period for this activity. In addition, the Firm provided additional explanation and agreed to reduce their fees for this and the interrelated matter in paragraph 13, below, by $20,000.00. We recommend that the fees requested be reduced by $20,000.00.

5. Our procedures applied to the monthly fee applications identified entries that when recalculated, did not equal the amount of the time charged. We requested and the Firm agreed to reduce the entries listed in <u>Exhibit A</u> to their internal detail. We recommend that the fees requested be reduced by $4,409.50.

6. We noted that several of the Firm's professionals attended various hearings. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm provide further explanation regarding these hearings and why all of these fees are compensable. The Firm advised us that they had already written off $50,159.00 in the compensation period for this activity. In addition, the Firm provided additional detail and explanation regarding the attendance at these hearings. After review of this, we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

7. Our procedures applied to the monthly fee applications for identified entries where charges may have been duplicated. We requested and the Firm provided additional information showing that these were not duplicates. Since no adjustment is required, no exhibit has been included.

8. Similarly, we noted a charge which appeared to differ from the supporting invoice. The Firm indicated where we should look and we found that there was no discrepancy. Since no adjustment is required, no exhibit has been included.

9. We noted charges for overtime meals where the timekeeper had limited time charged on that date. We requested and the Firm explained why one of these charges was appropriate and agreed to withdraw the charges listed in <u>Exhibit B</u>. We recommend that reimbursement of expenses be reduced by $75.00.

10. We deem nightly lodging costs (including taxes) in excess of $525 for NYC, $350 for Wilmington and $325 for Chicago to be excessive and not reasonable. We requested and the Firm agreed to reduce the charges listed in <u>Exhibit C</u> to these limits. We recommend that reimbursement of expenses be reduced by $266.70.

11. The US Trustee expects that travel should be coach or economy class. We requested that the Firm review charges for travel and confirm that they comply with these guidelines or adjust them appropriately. The Firm provided additional detail and explanation that after credits these were Acela class fares. Since no adjustment is required, no exhibit has been included.

12. We request that the Firm remove any agent's or booking fees. The Firm agreed to withdraw the charges listed in <u>Exhibit D</u>. We recommend that reimbursement of expenses be reduced by $170.28.

13. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as procedures for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. We requested that the Firm review the entries and withdraw such entries for administrative activities if appropriate. The resolution of this is noted in paragraph 4, above. Accordingly, no exhibit has been included.

14. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "case parties". Since no adjustment is required, no exhibit has been included.

15. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. Our procedures applied to the monthly fee applications identified the time entries where time has been aggregated or "lumped". We requested and the Firm confirmed that the time billed did not exceed the actual time worked. Since no adjustment is required, no exhibit has been included.

16. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

**FINAL APPROVAL OF FEES AND EXPENSES**

The Firm previously filed the First Interim Fee Application Request for the period December 9, 2024 through January 31, 2025. We reviewed these fee requests and filed our reports with the Court recommending approval of the fees of $2,822,830.00 and the reimbursement of expenses in the amount of $111,564.82 for the period December 9, 2024 through January 31, 2025. We have not identified any changes to our previous report and we continue to recommend the compensation and expense reimbursement as stated therein.

**CONCLUSION**

17. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for compensation for services rendered and reimbursement of expenses as Special Co-Counsel to Michael J. Wartell, in his capacity as Independent Director for the compensation period from February 1, 2025 through June 2, 2025 and we recommend the approval of the fees of $6,000,136.50 ($6,024,546.00 minus $24,409.50) and reimbursement of expenses in the amount of $413,635.07 **(**$414,147.05 minus $511.98) and we recommend the final approval of the fees of $8,822,966.50 ($8,847,376.00 minus $24,409.50) and the reimbursement of expenses in the amount of $525,199.89 **(**$525,711.87 minus $511.98) for the Final Fee Application.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
     W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

# Exhibit A:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (4,491.00) | (1.8) | 3.4 | 5.2 | 12974 | 20250331 | Call with Akin litigation team re M. Wartell deposition preparation (.9); follow up call with Akin litigation team re same (.8); review and comment on draft deposition preparation outline (1.2); review materials in connection with same (.5). | 2495 | BRIMMAGE JR., MARTY L. |
| (1,195.00) | (1.0) | 1.2 | 2.2 | 2629 | 20250425 | Revise Akin third monthly fee application (.9); correspondence with J. Newdeck and A. Antypas (.2) and Ashby team (.1) re same. | 1195 | HELFRICK, TALIA LEE |
| (157.50) | (0.1) | 1.6 | 1.7 | 2677.5 | 20250424 | Review and comment on Akin third monthly fee application (.8); review revised February invoice (.7); call with T. Helfrick re same (.1). | 1575 | ANTYPAS, ALEXANDER F. |
| 1,195.00 | 1.0 | 3.1 | 2.1 | 2509.5 | 20250408 | Review February invoice for confidentiality, privilege and UST compliance (1.9); review draft CNO re Akin second monthly fee application (.2); correspondence with Ashby team re same (.1); review fee examiner order and interim compensation order in connection with same (.2); email B. Kahn re Akin interim fees (.4); correspondence with M. DeBaecke (Ashby) re interim fee application matters (.3). | 1195 | HELFRICK, TALIA LEE |
| 239.00 | 0.2 | 1.9 | 1.7 | 2031.5 | 20250303 | Finalize Akin December 2024 fee application (.6); correspondence with A. Laaraj re same (.2); revise same (.5); correspondence with J. Newdeck and A. Antypas re same (.2); correspondence with M. DeBaecke (Ashby) re same (.4). | 1195 | HELFRICK, TALIA LEE |
| (4,409.50) | | | | | | | | |

# Exhibit B:

| | | | | |
|---|---|---|---|---|
| 20250512 | VENDOR: AVI E. LUFT INVOICE#: 7421507705291802 DATE: 5/29/2025    All working late in office Meals, 05/12/25, Meal after working late on case matters., Ayada Chelsea Market, Avi Luft | 25 | | 0.0 |
| 20250205 | VENDOR: DIAL CAR INC INVOICE#: 69037 DATE: 2/12/2025 Vendor: Dial Car Voucher #: 582253 Date: 02/05/2025 Name: Ervin LutchmanCar Service, Vendor: Dial Car Voucher #: 582253 Date: 02/05/2025 Name: Ervin Lutchman | 50 | | 0.0 |

# Exhibit C:

| | | | |
|---|---|---|---|
| 20250520 | VENDOR: MICHAEL S. STAMER INVOICE#: 7444937806022103 DATE: 6/2/2025    Hotel - Lodging, 05/20/25, Hotel for Mike Wartell while attending conference hearing., Hotel Dupont | 438.9 | STAMER, MICHAEL S. |
| 20250520 | VENDOR: MICHAEL S. STAMER INVOICE#: 7444972106022103 DATE: 6/2/2025    Hotel - Lodging, 05/20/25, Hotel while attending conference., Hotel Dupont | 438.9 | STAMER, MICHAEL S. |
| 20250520 | VENDOR: AVI E. LUFT INVOICE#: 7436228705292004 DATE: 5/29/2025    Hotel - Lodging, 05/20/25, Hotel stay (5/19-20/2025) re: hearing in Wilmington, Delaware., Hotel Du Pont | 438.9 | LUFT, AVI E. |

# Exhibit D:

| | | |
|---|---|---|
| 20250206 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB046563 DATE: 2/6/2025   NAME: GLACKIN  P TICKET #: CarHire114401 ROUTE: N/A | 15 |
| 20250506 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB403815 DATE: 5/6/2025   NAME: STAMER  M TICKET #: C66EDD ROUTE: N/A | 25.88 |
| 20250505 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB403863 DATE: 5/5/2025   NAME: WARTELL  M TICKET #: C66EDD ROUTE: N/A | 25.88 |
| 20250505 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB403926 DATE: 5/5/2025   NAME: LUFT  A TICKET #: C6638F ROUTE: N/A | 25.88 |
| 20250521 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB470026 DATE: 5/21/2025   NAME: WARTELL  M TICKET #: C66EDD ROUTE: N/A | 25.88 |
| 20250521 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB470028 DATE: 5/21/2025   NAME: LUFT  A TICKET #: C6638F ROUTE: N/A | 25.88 |
| 20250521 | VENDOR: HSBC TRAVEL CC - GHOST CARD INVOICE#: RB470030 DATE: 5/21/2025   NAME: STAMER  M TICKET #: C668DB ROUTE: N/A | 25.88 |