**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) | Case No. 24-12480 (LSS) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 1285, 1552, 1624, 1671, 1750** |

**FEE EXAMINER'S FINAL REPORT REGARDING
THIRD THROUGH SEVENTH COMBINED MONTHLY
AND FINAL FEE APPLICATIONS OF
<u>YOUNG CONAWAY STARGATT & TAYLOR, LLP</u>**

Direct Fee Review LLC ("<u>DFR</u>"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Third through Seventh Combined Monthly and Final Fee Applications of Young Conaway Stargatt & Taylor, LLP (the "<u>Firm</u>") for compensation for services rendered and reimbursement of expenses as Co-Counsel for the Debtors and Debtors in Possession for the compensation period from February 1, 2025 through June 2, 2025 ("<u>Fee Application</u>") seeking approval of fees in the amount of $1,716,164.00 and the reimbursement of expenses in the amount of $81,639.02 and for the final period November 3, 2024 through June 2, 2025 ("<u>Final Fee Application</u>" and together with the Fee Application, the "<u>Applications</u>") seeking approval of fees in the amount of $3,243,615.50 and reimbursement of expenses in the amount of $110,342.54 for the Debtors and seeking

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "<u>Reorganized Debtors</u>" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

approval of fees in the amount of $16,320.00 through and including July 1, 2025 for Topco, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court for the District of Delaware*, as amended February 1, 2025 ("Local Rules"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of February 1, 2025 through June 2, 2025 the Firm submitted monthly fee applications in the amount of $1,716,164.00 as actual, reasonable and necessary fees and for expense reimbursement of $81,639.02. For the compensation period through July1, 2025 the Firm submitted a monthly fee application in the amount of $16,320.00 as actual, reasonable and necessary fees. For the Fee Application period, $21,489.50 was disclosed as related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an

alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $27,541.50 related to fee applications on a cumulative basis and we have calculated that 0.8% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified the entries listed in <u>Exhibit A</u> that when recalculated, did not equal the amount of the time charged. We requested and the Firm agreed to adjust them to their internal detail. We recommend that fees be reduced by $118.00.

6. Our procedures applied to the monthly fee applications for identified the entries listed in <u>Exhibit B</u> where charges may have been duplicated. We requested and the Firm agreed to withdraw the duplicative entries. We recommend that fees be reduced by $38.50 and reimbursement of expenses be reduced by $3,379.20.

7. Our procedures applied to the monthly fee applications identified a timekeeper with limited time charged to this estate. We questioned the necessity and value to the estate because of the minimal involvement. We requested and the Firm provided additional information related to the nature and necessity of the roles of this timekeeper. Since no adjustment is required, no exhibit has been included.

8.  We noted the meal charges where the participants were not disclosed. In general, DFR deems charges in excess of $25/breakfast, $35/lunch and $55/dinner, for Wilmington to be not reasonable. We requested that the Firm review these charges and, if any exceed such amounts, we request that the charge be reduced to such limits. The Firm provided participant details and agreed to reduce the charge listed in <u>Exhibit C</u> to these caps. We recommend that reimbursement of expenses be reduced by $76.75.

9.  Also, we noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested and the Firm provided further detail and explanation regarding these hearings as to why all of these fees are compensable. After review of this we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

10. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm confirmed that the identity of the participants referred to as "K&E", "advisors", "KE team", "Kirkland team" and "K&E appellate team" were as previously advised to us. Also, we reviewed entries that did not identify participants. We requested and the Firm provided such participant information for these. Since no adjustment is required, no exhibit has been included.

11. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We identified vague entries that did not explain the amount of time charged. We requested and the Firm provided additional description of the activities which supported the time and need. Since no adjustment is required, no exhibit has been included.

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm provided more description of the subjects for these entries. Since no adjustment is required, no exhibit has been included.

13. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as procedures for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. We requested and the Firm confirmed that they were in

connection with fee application. Since no adjustment is required, no exhibit has been included.

14. Our procedures applied to the monthly fee applications identified the time entries where time charged appeared to be inconsistent with similar charges. We request that the Firm review the time reported and adjust the fees if an error is found. The Firm provided additional information and agreed to adjust the entry listed in <u>Exhibit D</u>. We recommend that fees be reduced by $500.00.

15. Our procedures applied to the monthly fee applications for identified entries where charges include time for meals. We deem time charged for meals as inefficient and we request that the Firm review these entries and adjust the application if appropriate. The Firm provided additional detail detailing the business activity. After review of this, we have no recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

16. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

**FINAL APPROVAL OF FEES AND EXPENSES**

17. The Firm previously filed the First Interim Fee Application Request for the period November 3, 2024 through January 31, 2025. We reviewed these fee requests and filed our reports with the Court recommending approval of the fees of $1,527,451.50 and the reimbursement of expenses in the amount of $28,703.52 for the period November 3, 2024 through January 31, 2025. We have not identified any changes to our previous report and we continue to recommend the compensation and expense reimbursement as stated therein.

## CONCLUSION

18. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Third through Seventh Combined Monthly and Final Fee Applications of Young Conaway Stargatt & Taylor, LLP for compensation for services rendered and reimbursement of expenses as Co-Counsel for the Debtors and Debtors in Possession for the compensation period from February 1, 2025 through June 2, 2025 and we recommend the approval of the fees of $1,715,507.50 ($1,716,164.00 minus $656.50) and reimbursement of expenses in the amount of $78,183.07 ($81,639.02 minus $3,455.95) and we recommend the final approval of the fees of $3,242,959.00 ($3,243,615.50 minus $656.50) and the reimbursement of expenses in the amount of $106,886.59 ($110,342.54 minus $3,455.95) for the Final Fee Application. Additionally, we recommend the final approval of fees in the amount of $16,320.00 through and including July 1, 2025 for Topco.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

## Exhibit A:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 119.00 | 0.1 | 0.8 | 0.7 | 833 | 20250509 | Call with A. Mielke re: voting and confirmation issues (.3) and related correspondence with E. Morton and A. Mielke (.1) and research (.4) re: same | 1190 | Matthew B. Lunn |
| 150.00 | 0.3 | 3.7 | 3.4 | 1700 | 20250501 | Analyze Prophecy Trust 3018 motion for temporary allowance of claims (1.7); prepare objection motion to Prophecy Trust 2018 motion (1.8); meeting with K. McElroy re: same (.2) | 500 | Sarah Gawrysiak |
| (387.00) (118.00) | (0.3) | 0.9 | 1.2 | 1548 | 20250630 | Correspondence re: potential submission of Topco confirmation order (.5); Brief review of order and CoC (.4) | 1290 | Edmon L. Morton |

## Exhibit B:

| | | | | | | |
|---|---|---|---|---|---|---|
| | 406.4 | 20250206 | Color Photocopy Charges Duplication | | 0.8 | Ricky Wierzbicki Parcels 3 |
| | 406.4 | 20250206 | Color Photocopy Charges Duplication | | 0.8 | Ricky Wierzbicki Parcels 3 |
| | 518.4 | 20250212 | Color Photocopy Charges Duplication | | 0.8 | U. Accounting |
| | 518.4 | 20250212 | Color Photocopy Charges Duplication | | 0.8 | U. Accounting |
| | 2454.4 | 20250519 | Color Photocopy Charges Duplication | | 0.8 | Ricky Wierzbicki Parcels 3 |
| | 2454.4 | 20250519 | Color Photocopy Charges Duplication | | 0.8 | Ricky Wierzbicki Parcels 3 |
| 0.1 | 38.5 | 20250407 | Download case related affidavits of service | | 385 | Beth A. Olivere |
| 0.1 | 38.5 | 20250407 | Download case related affidavits of service | | 385 | Beth A. Olivere |

## Exhibit C:

| | | |
|---|---|---|
| 601.75 | 20250506 | Parcels, Inc. - Terra Cafe and Grill 1140883 |

## Exhibit D:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1.60 | | 800.00 | 20250428 | B004 | Finalize for filing re: Notices of Amended Schedule G | 500 | Brynna M. Gaffney |