# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 1295, 1442, 1586, 1730** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND INTERIM AND FINAL FEE APPLICATION REQUESTS OF PACHULSKI STANG ZIEHL & JONES LLP

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Second Interim Fee Application Request of Pachulski Stang Ziehl & Jones LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Counsel for the Official Committee of Unsecured Creditors for the compensation period from February 1, 2025 through June 2, 2025 ("Fee Application") seeking approval of fees in the amount of $2,340,831.25 and the reimbursement of expenses in the amount of $30,947.33 and for the final period November 21, 2024 through June 2, 2025 ("Final Fee Application," and together with the Fee Application, the "Applications") seeking approval of fees in the amount of $5,058,739.50 and reimbursement of

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

expenses in the amount of $68,735.55 and any actual amounts estimated to be in the amount of $20,000.00 for the period of June 3, 2025 through the Final Fee Hearing, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court for the District of Delaware*, as amended February 1, 2025 ("Local Rules"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of February 1, 2025 through June 2, 2025 the Firm submitted monthly fee applications in the amount of $2,340,831.25 as actual, reasonable and necessary fees and for expense reimbursement of $30,947.33. The application includes a request for approval of estimated fees for the period from June 3, 2025 through the Final Fee Hearing of $20,000.00. For the Fee Application period, $61,302.50 was disclosed as related to fee application preparation.

4. In discussing our comments on the interim fee application, the Firm voluntarily agreed to reduce their fees and expenses by $5,000.00. We believe that the effect of any reductions

for the matters discussed subsequently would have been less than this voluntary reduction. Accordingly, we have no recommendation for further reduction in fees or reimbursement of expenses. We have allocated this as $4,900.00 to fees and $100.00 to expenses.

5. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $69,740.00 related to fee applications on a cumulative basis and we have calculated that 1.8% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

6. Our procedures applied to the monthly fee applications identified entries that when recalculated, did not equal the amount of the time charged. However, these represented under-billings in the aggregate.

7. We noted that much of the time billed by a timekeeper appeared to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this impacts the amounts billed and adjust the fees requested appropriately.

8. Our procedures applied to the monthly fee applications identified an entry that appeared to be dated before the date of the Firm's retention. However, this expense seemed consistent with time noted for travel. We requested that the Firm confirm that this is for a 2025 expense or remove it if appropriate.

9. Our procedures applied to the monthly fee applications for identified entries where charges may have been duplicated. We requested that the Firm review these entries and correct the application if they are found to be duplicates.

10. We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm provide further explanation regarding these hearings and why all of these fees are compensable.

11. Also, we noted overtime meal charges and, consistent with the US Trustee, we deem overtime meal charges in excess of $20.00 per person to be unnecessary and not reasonable. We requested that the Firm review these charges and reduce those to this cap if they are found to exceed such limits.

12. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as procedures for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and

the Debtor should not need to reimburse the Firm for errors. We requested that the Firm review the entries and withdraw such entries for administrative activities if appropriate.

13. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested that the Firm identify the participants referred to as "counsel", "other parties", "Ashby & Geddes", "PWP", "PSZJ members", "group", "MSG" and "K&E". Also, we reviewed entries that did not identify participants. We requested that the Firm provide such participant information for these entries or withdraw the entries where participants cannot be identified.

14. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We identified vague entries that did not explain the amount of time charged and requested that the Firm provide additional description of the activities to support the time and need.

15. Local Rule 2016-1(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. Our procedures applied to the monthly fee applications identified time entries where time has been aggregated or "lumped". We requested that the Firm confirm that the time billed did not exceed the actual time worked or adjust the fees appropriately.

16. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified an entry with a description which we consider vague or insufficient or non-substantive. We requested that the Firm provide more description of the subjects for this entry.

17. We noted entries for services after the effective date which appear to be for other than related to professional fee applications. We requested that the Firm explain why these are compensable or withdraw them.

18. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

**FINAL APPROVAL OF FEES AND EXPENSES**

19. The Firm previously filed the First Interim Fee Application Request for the period November 3, 2024 through January 31, 2025. We reviewed these fee requests and filed our reports with the Court recommending approval of the fees of $2,717,908.25 and the reimbursement of expenses in the amount of $37,788.22 for the period November 3, 2024 through January 31, 2025. We have not identified any changes to our previous report and we continue to recommend the compensation and expense reimbursement as stated therein.

**CONCLUSION**

20. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Second Interim Fee Application Request of Pachulski

Stang Ziehl & Jones LLP for compensation for services rendered and reimbursement of expenses as Counsel for the Official Committee of Unsecured Creditors for the compensation period from February 1, 2025 through June 2, 2025 and we recommend the approval of the fees of $2,315,931.25 ($2,320,831.25 minus $4,900.00) and reimbursement of expenses in the amount of $30,847.33 ($30,947.33 minus $100.00) and we recommend the final approval of the fees of $5,033,839.50 ($5,038,739.50 minus $4,900.00) and the reimbursement of expenses in the amount of $68,635.55 ($68,735.55 minus $100.00) for the Final Fee Application plus any actual amounts estimated to be in the amount of $20,000.00 for the period of June 3, 2025 through the Final Fee Hearing.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com