IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) ) | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket No. 1767 |

**FINAL DECREE AND ORDER CLOSING
THE CHAPTER 11 CASE OF FREEDOM VCM HOLDINGS, LLC**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtor (the "Reorganized Debtor") and Freedom VCM Holdings, LLC ("TopCo" and together with the Reorganized Debtor, the "Reorganized Debtors") for the entry of a final decree (this "Final Decree and Order") closing the TopCo Case, as more fully set forth in the Motion, pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Rules 3022-1 and 9004-1(c) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The terms "Reorganized Debtors" or "Debtors" (as defined in the Motion), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The TopCo Case is hereby closed effective as of the date of the entry of this Final Decree and Order; *provided*, *however*, that this Court shall retain jurisdiction as provided in <u>Article XIII</u> of the Plan and the Confirmation Order and this Final Decree and Order.

3. The Clerk of this Court shall enter this Final Decree and Order individually on the docket of the TopCo Case and thereafter such docket shall be marked as "Closed."

4. All motions, contested matters, and adversary proceedings that are pending as of the date of this Final Decree and Order, or that are filed after the date of this Final Decree and Order, with respect to TopCo will be administered in the Lead Case.

5. Franchise Group, Inc. and the Litigation Trustee are authorized to resolve or to object to claims filed against TopCo in the Lead Case, notwithstanding the fact that a claim may

have been filed against TopCo. The Reorganized Debtors and the Litigation Trustee are authorized to commence and prosecute causes of action related to TopCo in the Lead Case. For the avoidance of doubt, nothing in the Motion or in this Final Decree and Order shall impair or modify the rights or defenses of any party with respect to the Reorganized Debtors, including without limitation, with respect to any distributions under the Plan or the claims reconciliation process, it being understood that all such rights and defenses shall be preserved to the same extent that the TopCo Case had not been closed.

6. The Reorganized Debtors shall pay all fees accrued and owing under 28 U.S.C. § 1930 with respect to disbursements made in the TopCo Case on the date that such fees are due.

7. The final report required under Local Rule 3022-1(c) for the TopCo Case shall be included as part of a consolidated report for all of the Reorganized Debtors and filed in connection with the closure of the Lead Case.

8. Entry of this Final Decree and Order is without prejudice to (a) the rights of the Reorganized Debtors or other parties in interest to seek to reopen the TopCo Case for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Reorganized Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in the Lead Case shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Reorganized Debtor.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree and Order in accordance with the Motion.

11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree and Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding the relief granted in this Final Decree and Order and any actions taken pursuant to such relief, nothing in this Final Decree and Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree and Order.

Dated: August 7th, 2025
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE