**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| FRANCHISE GROUP, INC., *et al.*,[1] | ) ) Case No. 24-12480 (LSS) |
| Reorganized Debtors. | ) ) (Jointly Administered) ) ) **Re: Docket Nos. 1319, 1610, 1690, 1751** ) |

**FEE EXAMINER'S FINAL REPORT
REGARDING FIRST THROUGH FOURTH COMBINED
MONTHLY AND FINAL FEE APPLICATION REQUESTS OF
KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP**

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the

above-captioned bankruptcy proceedings and acting in its capacity regarding the First through

Fourth Combined Monthly And Final Fee Application Requests of Kirkland & Ellis LLP and

Kirkland & Ellis International LLP (the "Firm") for compensation for services rendered and

reimbursement of expenses as Co-Counsel for the Debtors and Debtors in Possession for the

compensation period from (a) February 14, 2025 through June 2, 2025 seeking approval of fees

in the amount of $29,587,461.50 and the reimbursement of expenses in the amount of

$179,553.54 for the Debtors and (b) solely with respect to TopCo,[2] June 3, 2025 through

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Fee Application.

July 1, 2025 seeking approval of fees in the amount of $106,344.50 and the reimbursement of expenses in the amount of $10,117.75 ((a)-(b), the "Fee Application"), submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Fee Application, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court for the District of Delaware*, as amended February 1, 2025 ("Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of February 14, 2025 through June 2, 2025 the Firm submitted monthly fee applications in the amount of $29,587,461.50 as actual, reasonable and necessary fees and for expense reimbursement of $179,553.54. For the compensation period through July 1, 2025 the Firm submitted a monthly fee application in the amount of $106,344.50 as actual, reasonable and necessary fees and for expense reimbursement of $10,117.75. For the Fee Application period, $14,177.00 was disclosed as related to fee application preparation.

4.  We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $14,177.00 related to fee applications on a cumulative basis and we have calculated that 0.1% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5.  Our procedures applied to the monthly fee applications identified entries that when recalculated, did not equal the amount of the time charged. We requested that the Firm review these entries and the Firm agreed to adjust the entries listed in Exhibit A to their internal detail. We recommend that fees be reduced by $4,327.00.

6.  Our procedures applied to the monthly fee applications identified the entries listed in Exhibit B where charges may have been duplicated. We requested that the Firm review these entries and the Firm agreed to withdraw the duplicate entries. We recommend that fees be reduced by $908.50.

7.  We noted that much of the rate billed by the timekeeper for the charge listed in Exhibit C appeared to have at a rate different from all other charges. We requested that the Firm

3

review this entry and the Firm provided additional explanation and agreed to reduce this charge to the prior billing rate. We recommend that fees be reduced by $84.00.

8.  Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as staff training. We requested that the Firm review these entries and the Firm agreed to withdraw the entries listed in Exhibit D. We recommend that fees be reduced by $2,740.00.

9.  We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm review these entries and the Firm provided further detail and explanation regarding these hearings as to why all of these fees are compensable and agreed to reduce their fees by $5,000.00 for this matter. After review of this we recommend that fees be reduced by $5,000.00.

10. Local rule 2016-1(d)(ix) requires that non-working travel time be described and billed at no more than half of regular hourly rates. The Firm confirmed that the entries listed in Exhibit E had inadvertently been billed at full rates and should be reduced to 50% of regular billing rates. We recommend that fees be reduced by $13,839.50.

11. Also, we noted that certain timekeepers had no travel time charged for one or more directions despite having travel expense for those hearings. We requested that the Firm review these entries and the Firm provided additional information that these trips

involved working activity so no non-working travel time was charged. Since no adjustment is required, no exhibit has been included.

12. Local Rule 2016-1(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. We noted that much of the time billed by certain timekeepers appeared to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this impacts the amounts billed and adjust the fees requested if appropriate. The Firm advised us that, "while many time entries ending in half- and whole-hour increments can be explained based on the common timing of most meetings and conference calls, K&E proposes (a) a ten percent reduction for those time entries ending in half- and whole-hour increments that were not for conferences or meetings for those timekeepers who billed in half- or whole-hour increments more than fifty percent of the time during the Fee Period and (b) a ten percent reduction of the total fees billed during the Fee Period for a junior associate in the IP litigation group who billed in half- or whole-hour increments more than fifty percent of the time during the Fee Period." We thank the Firm for their response and we recommend that fees be reduced by $31,240.50.

13. We noted the entry listed in Exhibit F where the timekeeper appears to have little or no time charged to these cases. We requested that the Firm review this entry and the Firm agreed to withdraw it. We recommend that reimbursement of expenses be reduced by $34.97.

14. Consistent with the US Trustee, we deem overtime meal charges in excess of $20.00 per person to be unnecessary and not reasonable. We requested that the Firm agree to reduce the charges listed in Exhibit G to this cap and the Firm agreed. We recommend that reimbursement of expenses be reduced by $2,520.45.

5

15. We noted the charge listed in <u>Exhibit H</u> is greater than normal. We requested that the Firm explain why this charge is compensable. The Firm responded that the charge accounts for a wait time of approximately 1 hour and 35 minutes due to the train's delay, they would, in the spirit of good faith, adjust this charge. We recommend that reimbursement of expenses be reduced by $187.99.

16. The US Trustee expects that train travel should be in Acela class not first class. We requested that the Firm review the charges for travel and confirm that they comply with this guideline or adjust them appropriately. The Firm confirmed that all charges were in Acela class and thus comply with the Guidelines except for the charges listed in <u>Exhibit I</u> which should be adjusted. We recommend that reimbursement of expenses be reduced by $1,394.00.

17. Also, we requested and the Firm agreed to remove the agent's or booking fees listed in <u>Exhibit J</u>. We recommend that reimbursement of expenses be reduced by $169.20.

18. We noted the meal charges where the participants were not disclosed. In general, DFR deems charges in excess of $25/breakfast, $35/lunch and $55/dinner, for Wilmington to be not reasonable. We requested that the Firm review these charges and the Firm identified the participants and agreed to reduce the charges listed in <u>Exhibit K</u> to such limits. We recommend that reimbursement of expenses be reduced by $144.89.

19. We deem nightly lodging costs (including taxes) in excess of $525 for NYC, $350 for Wilmington and $325 for Chicago to be excessive and not reasonable. We requested that the Firm review these charges and reduce any to these limits if they are found to exceed such limits. The Firm agreed to reduce the charges listed in <u>Exhibit L</u> to such limits. We recommend that reimbursement of expenses be reduced by $4,967.58.

20. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "K&E team", "Pachulski team", "PSZJ", "Ducera team", "local counsel", "YC team", "Chilmark", "Company counsel", "Petrillo team", "Company advisors", "YCST team", "Kroll team", "Ernst & Young", "Hilco", "YC" and "advisors". Also, we reviewed entries that did not identify participants. We requested and the Firm provided such participant information for these entries. Since no adjustment is required, no exhibit has been included.

21. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested that the Firm review these entries and the Firm provided additional descriptions of the subjects for these entries. Since no adjustment is required, no exhibit has been included.

22. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process. We requested that the Firm

explain why these charges were compensable. The Firm advised us that "once K&E was engaged, K&E received a parties in interest list from the Debtors' other professionals.  In connection with its usual practice, K&E began reviewing and running the parties in interest list to confirm that there were no existing conflicts that may preclude K&E's retention, as well as to determine what, if any, parties required disclosure in connection with K&E's retention application.  Upon review of the parties in interest list, K&E flagged several categories of parties that were inadvertently omitted from the original list that needed to be added (*e.g.*, parties who had appeared in the case since its inception, certain lenders and banks, taxing authorities). Once the parties in interest list was supplemented, K&E then had to re-run the list for all of the names that were added and follow its typical conflicts procedures to again confirm that there were no existing conflicts and flag any required disclosures with respect thereto.  In connection therewith, much of the time in the matter category was determining what connections required specific disclosures in the declarations in support of K&E's retention." After discussion, the Firm agreed to reduce the time charged by withdrawing the time charged by support staff for this matter. We thank the Firm for their response and recommend that fees be reduced by $20,000.00.

23. Also, we noted entries that seemed to reflect administrative activity such as procedures for invoice preparation or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtors should not need to reimburse the Firm for errors. We requested and the Firm provided additional detail and explanation and agreed

to withdraw the time charges for timekeepers who billed under 1 hour for this activity. We recommend that fees be reduced by $10,000.00.

24. Our review and procedures applied to the monthly fee statements and the Fee Application, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

### CONCLUSION

25. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First through Fourth Combined Monthly And Final Fee Application Requests of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for compensation for services rendered and reimbursement of expenses as Co-Counsel for the Debtors and Debtors in Possession for the compensation period from (a) February 14, 2025 through June 2, 2025, we recommend final approval of fees in the amount of $29,499,322.00 ($29,587,461.50 minus $88,139.50) and reimbursement of expenses in the amount of $170,134.46 ($179,553.54 minus $9,419.08), and (b) solely with respect to TopCo, June 3, 2024 through July 1, 2025, we recommend final approval of fees in the amount of $106,344.50 and reimbursement of expenses in the amount of $10,117.75.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By:  _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 415.226.9618
dfr.wjd@gmail.com

# Exhibit A:

| | | | | | | Description | | |
|---|---|---|---|---|---|---|---|---|
| (3,088.50) | (2.9) | 5.1 | 8 | 8520 | 20250215 | Review, revise K&E retention application (1.2); conferences with R. Golden, M. Levine re K&E retention issues (.4); draft, revise budget, staffing memorandum (2.0); draft, revise budget staffing worksheet (1.5). | 1065 | Thakran,Ishaan |
| (358.50) | (0.3) | 11.2 | 11.5 | 13742.5 | 20250216 | Revise, analyze plan (3); further revise, same (3.9); correspond with M. Levine, K&E team re same (1.2); revise plan re same (2.1); draft disclosure statement (1.0). | 1195 | Raphael,Joshua |
| (880.00) | (1.0) | 4.7 | 5.7 | 5016 | 20250320 | Conference with J. Black, K&E team re workstream updates (.1); review HoldCo Credit Agreement re reimbursement of funds and agent fee use (.7); conference with B. Messing re 550(a) (.2); research 550(a)(1) (1.4); conference with J. Black, B. Messing re 550 arguments (.3); research dominion and control case law re 550 (1.6); correspond with D. Hunter, J. Black, B. Messing re same (.4). | 880 | Tur-Sinai Gozal,Luz |
| (4,237.00) | | | | | | | | |

# Exhibit B:

| | | | Description | | |
|---|---|---|---|---|---|
| 0.2 | 176 | 20250224 | Review, analyze D&O insurance policies. | 880 | Buthe,Caroline |
| 0.2 | 176 | 20250224 | Review, analyze D&O insurance policies. | 880 | Buthe,Caroline |
| 0.5 | 732.5 | 20250306 | Review, analyze issues re insurance premium renewals (.4); correspond with R. Golden, K&E team re same, related issues (.1). | 1465 | Levine,Maddison |
| 0.5 | 732.5 | 20250306 | Review, analyze issues re insurance premium renewals (.4); correspond with R. Golden, K&E team re same, related issues (.1). | 1465 | Levine,Maddison |

# Exhibit C:

| | | | Description | | |
|---|---|---|---|---|---|
| 1.4 | 2135 | 20250701 | Correspond with D. Hunter, K&E team, global settlement parties re TopCo confirmation order (.5); review, analyze same (.4); correspond with J. Raphael, K&E team re next steps re same, emergence issues (.3); correspond with YCST re same (.2). | 1525 | Levine,Maddison |

# Exhibit D:

| | | | Description | | |
|---|---|---|---|---|---|
| 0.8 | 1356 | 20250319 | Train new associates re document review. | 1695 | MacKay,Melanie |
| 1.6 | 1384 | 20250306 | Telephone conference with S. Lopez, K&E team re document review (1.0); review, analyze relevant training materials re same (.6). | 865 | Trick,Megan |

# Exhibit E:

| | | | | | |
|---|---|---|---|---|---|
| 4.2 | 6153 | 20250520 | (TRAVEL TIME SHOULD BE SPLIT OUT AND MOVED TO TRAVEL MATTER) Attend confirmation hearing and travel back to NYC (3.0); prepare for confirmation hearing (1.2). | 1465 | Nakhaimousa,Brian |
| 5.2 | 4576 | 20250520 | Travel from Wilmington, DE to Chicago, IL re confirmation hearing (billed at half time). | 880 | Tur-Sinai Gozal,Luz |
| 5 | 8475 | 20250518 | Travel from Austin, TX to Wilmington, DE for confirmation hearing (billed at half time) | 1695 | Henry,Shayne |
| 5 | 8475 | 20250520 | Travel from Wilmington, DE to Austin, TX (billed at half time) | 1695 | Henry,Shayne |

# Exhibit F:

| | | |
|---|---|---|
| 34.97 | 20250525 | GRUBHUB HOLDINGS INC - Cheema Gursheen 5/21/2025 OT Meal 2025-05-25 |

# Exhibit G:

| | | |
|---|---|---|
| 52.5 | 20250216 | GRUBHUB HOLDINGS INC - Levine Maddison 2/16/2025 OT Meal. |
| 37.45 | 20250216 | GRUBHUB HOLDINGS INC - Buthe Caroline 2/16/2025 OT Meal |
| 33.15 | 20250216 | GRUBHUB HOLDINGS INC - Levine Maddison 2/16/2025 OT Meal 2025-02-16 |
| 52.5 | 20250216 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/16/2025 OT Meal. |
| 32.35 | 20250216 | GRUBHUB HOLDINGS INC - Levine Maddison 2/15/2025 OT Meal 2025-02-16 |
| 47.37 | 20250216 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/15/2025 OT Meal 2025-02-16 |
| 52.5 | 20250216 | GRUBHUB HOLDINGS INC - Golden Rachel 2/16/2025 OT Meal. |
| 37.76 | 20250216 | GRUBHUB HOLDINGS INC - Buthe Caroline 2/16/2025 OT Meal |
| 33.15 | 20250216 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/16/2025 OT Meal 2025-02-16 |
| 32.34 | 20250216 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/15/2025 OT Meal 2025-02-16 |
| 50 | 20250223 | GRUBHUB HOLDINGS INC - Levine Maddison 2/17/2025 OT Meal |
| 29.73 | 20250223 | GRUBHUB HOLDINGS INC - Young Mary Catherine 2/17/2025 OT Meal |
| 31.37 | 20250223 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 2/18/2025 OT Meal 23 |
| 48.84 | 20250223 | GRUBHUB HOLDINGS INC - Raphael Joshua 2/17/2025 OT Meal |
| 50 | 20250223 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/17/2025 OT Meal |
| 33.08 | 20250223 | GRUBHUB HOLDINGS INC - Sloman Michael A. 2/17/2025 OT Meal |
| 47.79 | 20250223 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/20/2025 OT Meal |
| 35.55 | 20250223 | GRUBHUB HOLDINGS INC - Young Mary Catherine 2/17/2025 OT Meal |

| | | |
|---|---|---|
| 50 | 20250223 | GRUBHUB HOLDINGS INC - Golden Rachel 2/17/2025 OT Meal |
| 33.08 | 20250223 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 2/17/2025 OT Meal |
| 50 | 20250223 | GRUBHUB HOLDINGS INC - Levine Maddison 2/20/2025 OT Meal |
| 50 | 20250223 | GRUBHUB HOLDINGS INC - Levine Maddison 2/21/2025 OT Meal |
| 33.08 | 20250223 | GRUBHUB HOLDINGS INC - Golden Rachel 2/17/2025 OT Meal |
| 47.48 | 20250302 | GRUBHUB HOLDINGS INC - Golden Rachel 2/27/2025 OT Meal |
| 43.56 | 20250302 | GRUBHUB HOLDINGS INC - Huang Keli 2/24/2025 OT Meal |
| 50 | 20250302 | GRUBHUB HOLDINGS INC - Golden Rachel 2/28/2025 OT Meal |
| 45.58 | 20250302 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 2/24/2025 OT Meal |
| 50 | 20250302 | GRUBHUB HOLDINGS INC - Levine Maddison 2/27/2025 OT Meal |
| 46.11 | 20250302 | GRUBHUB HOLDINGS INC - Weber Brandon R. 2/26/2025 OT Meal |
| 33 | 20250304 | Armando L. Prather, Overtime Meals, Chicago, IL |
| 48.2 | 20250304 | Ashton Dubey, Overtime Meals, Chicago, IL |
| 47.71 | 20250309 | GRUBHUB HOLDINGS INC - Sitcawich Michael James 3/5/2025 OT Meal |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Xiao Jiange 3/4/2025 OT Meal. |
| 49.07 | 20250309 | GRUBHUB HOLDINGS INC - Buthe Caroline 3/4/2025 OT Meal  |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 3/6/2025 OT Meal 2025-03-09 |
| 43.95 | 20250309 | GRUBHUB HOLDINGS INC - Golden Rachel 3/4/2025 OT Meal  |
| 30.09 | 20250309 | GRUBHUB HOLDINGS INC - Golden Rachel 3/6/2025 OT Meal  |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Xiao Jiange 3/5/2025 OT Meal |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Goldfine Jeffrey Ross 3/5/2025 OT Meal |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Huang Keli 3/6/2025 OT Meal  |
| 45.78 | 20250309 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 3/4/2025 OT Meal |
| 49.02 | 20250309 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 3/3/2025 OT Meal. |
| 33.58 | 20250309 | GRUBHUB HOLDINGS INC - Levine Maddison 3/4/2025 OT Meal |
| 50 | 20250309 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 3/6/2025 OT Meal |
| 25 | 20250310 | Armando L. Prather, Overtime Meals, Chicago, IL. |
| 40.04 | 20250311 | Ashton Dubey, Overtime Meals, Chicago, IL |
| 44.52 | 20250316 | GRUBHUB HOLDINGS INC - Buthe Caroline 3/13/2025 OT Meal. |
| 35.05 | 20250316 | GRUBHUB HOLDINGS INC - Golden Rachel 3/14/2025 OT Meal. |
| 50 | 20250316 | GRUBHUB HOLDINGS INC - Golden Rachel 3/13/2025 OT Meal. |
| 36.42 | 20250316 | GRUBHUB HOLDINGS INC - Goldfine Jeffrey Ross 3/11/2025 OT Meal. |
| 49.02 | 20250316 | GRUBHUB HOLDINGS INC - Huang Keli 3/16/2025 OT Meal.  |
| 50 | 20250316 | GRUBHUB HOLDINGS INC - Huang Keli 3/11/2025 OT Meal.  |

| | | |
|---|---|---|
| 45.58 | 20250316 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 3/10/2025 OT Meal. |
| 50 | 20250316 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 3/11/2025 OT Meal. |
| 33.49 | 20250318 | Armando L. Prather, Overtime Meals, Chicago, IL. |
| 49.63 | 20250318 | Ashton Dubey, Overtime Meals, Chicago, IL. |
| 43.86 | 20250319 | Ashton Dubey, Overtime Meals, Chicago, IL. |
| 26.93 | 20250320 | Ashton Dubey - Overtime Meals, Chicago, IL 03/12/2025 |
| 36.31 | 20250322 | Michael David Lehavi, Overtime Meals, Chicago, IL. |
| 35.11 | 20250322 | Armando L. Prather, Overtime Meals, Chicago, IL. |
| 37.11 | 20250323 | Michael David Lehavi, Overtime Meals, Chicago, IL. |
| 31.02 | 20250323 | GRUBHUB HOLDINGS INC - Black Jacob E. 3/20/2025 OT Meal. |
| 41.75 | 20250323 | GRUBHUB HOLDINGS INC - Smith Gracie 3/20/2025 OT Meal. |
| 50 | 20250323 | GRUBHUB HOLDINGS INC - Xiao Jiange 3/20/2025 OT Meal 2025-03-23 |
| 50 | 20250323 | GRUBHUB HOLDINGS INC - Thakran Ishaan G. 3/18/2025 OT Meal. |
| 50 | 20250323 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 3/21/2025 OT Meal. |
| 50 | 20250323 | GRUBHUB HOLDINGS INC - Huang Keli 3/23/2025 OT Meal. |
| 50 | 20250323 | GRUBHUB HOLDINGS INC - Xiao Jiange 3/20/2025 OT Meal. |
| 50 | 20250324 | Armando L. Prather, Overtime Meals, Chicago, IL. |
| 40.7 | 20250328 | George W. Hicks, Overtime Meals, Dallas, TX. |
| 37.11 | 20250329 | Michael David Lehavi, Overtime Meals, Chicago, IL. |
| 42.83 | 20250329 | George W. Hicks, Overtime Meals, Dallas, TX. |
| 35.7 | 20250329 | George W. Hicks, Overtime Meals, Dallas, TX. |
| 41.13 | 20250330 | George W. Hicks, Overtime Meals, Dallas, TX. |
| 40 | 20250330 | George W. Hicks, Overtime Meals, Dallas, TX. |
| 45.38 | 20250504 | GRUBHUB HOLDINGS INC - Levine Maddison 4/28/2025 OT Meal 2025-05-04 |
| 37.87 | 20250504 | GRUBHUB HOLDINGS INC - Bessey Sloane 4/29/2025 OT Meal 2025-05-04 |
| 51.31 | 20250504 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 4/29/2025 OT Meal 2025-05-04 |
| 52.5 | 20250504 | GRUBHUB HOLDINGS INC - Huang Keli 5/1/2025 OT Meal 2025-05-04 |
| 52.47 | 20250504 | GRUBHUB HOLDINGS INC - Buthe Caroline 4/29/2025 OT Meal 2025-05-04 |
| 47.22 | 20250504 | GRUBHUB HOLDINGS INC - Huang Keli 4/28/2025 OT Meal 2025-05-04 |
| 47.9 | 20250510 | James B. Dickson - Overtime Meals - Attorney, New York, NY Overtime meal.  |
| 52.5 | 20250511 | GRUBHUB HOLDINGS INC - Huang Keli 5/5/2025 OT Meal 2025-05-11 |
| 51.27 | 20250511 | GRUBHUB HOLDINGS INC - Huang Keli 5/6/2025 OT Meal 2025-05-11 |
| 49.68 | 20250511 | GRUBHUB HOLDINGS INC - Huang Keli 5/8/2025 OT Meal 2025-05-11 |
| 52.5 | 20250511 | GRUBHUB HOLDINGS INC - Mohamed Adam 5/8/2025 OT Meal 2025-05-11 |
| 28.02 | 20250511 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 5/8/2025 OT Meal 2025-05-11 |
| 52.5 | 20250511 | GRUBHUB HOLDINGS INC - Huang Keli 5/7/2025 OT Meal 2025-05-11 |
| 49.95 | 20250511 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 5/5/2025 OT Meal 2025-05-11 |
| 43.83 | 20250518 | GRUBHUB HOLDINGS INC - Black Jacob E. 5/13/2025 OT Meal 2025-05-18 |

| | | |
|---|---|---|
| 52.5 | 20250518 | GRUBHUB HOLDINGS INC - Raphael Joshua 5/13/2025 OT Meal 2025-05-18 |
| 51.7 | 20250518 | GRUBHUB HOLDINGS INC - Huang Keli 5/12/2025 OT Meal 2025-05-18 |
| 51.42 | 20250518 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 5/15/2025 OT Meal 2025-05-18 |
| 50.33 | 20250518 | GRUBHUB HOLDINGS INC - Huang Keli 5/15/2025 OT Meal 2025-05-18 |
| 29.57 | 20250518 | GRUBHUB HOLDINGS INC - Osborne Sarah 5/13/2025 OT Meal 2025-05-18 |
| 48.69 | 20250518 | GRUBHUB HOLDINGS INC - Huang Keli 5/16/2025 OT Meal 2025-05-18 |
| 51.42 | 20250518 | GRUBHUB HOLDINGS INC - Levine Maddison 5/15/2025 OT Meal 2025-05-18 |
| 33.33 | 20250525 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 5/19/2025 OT Meal 2025-05-25 |
| 30.53 | 20250601 | GRUBHUB HOLDINGS INC - Nakhaimousa Brian 5/29/2025 OT Meal 2025-06-01 |
| 34.69 | 20250601 | GRUBHUB HOLDINGS INC - Manetta Dominick Vito 5/28/2025 OT Meal 2025-06-01 |
| 48.5 | 20250601 | GRUBHUB HOLDINGS INC - Huang Keli 5/28/2025 OT Meal 2025-06-01 |
| 30.53 | 20250601 | GRUBHUB HOLDINGS INC - Levine Maddison 5/29/2025 OT Meal 2025-06-01 |
| 51.7 | 20250601 | GRUBHUB HOLDINGS INC - Huang Keli 5/27/2025 OT Meal 2025-06-01 |
| 48.83 | 20250608 | GRUBHUB HOLDINGS INC - Huang Keli 6/2/2025 OT Meal |
| 76.78 | 20250602 | Brian Nakhaimousa - Overtime Meals - Attorney, POKE BOWL Franchise Group. OT Dinner. Brian Nakhaimousa, Maddison Levine 06/02/2025 |

# Exhibit H:

| | | | |
|---|---|---|---|
| 20250523 | BOSTON COACH CORPORATION - 05/19/2025 Nicole L Greenblatt Pick Up at AMTRAK WILMINGTON 100 S French St WILMINGTON DE 19801 and Drop Off at Hotel | | 212.99 |

# Exhibit I:

| | | | |
|---|---|---|---|
| 656 | 20250214 | Brian Nakhaimousa, Rail, Travel to Wilmington, Delaware. | 656 |
| 553 | 20250219 | Josh Sussberg, P.C. - Rail, Wilmington, DE to Stamford, CT to attend client hearings. | 553 |
| 616 | 20250214 | Maddison Levine, Rail, Attend hearing in Wilmington, Delaware   | 616 |
| 943 | 20250519 | Nicole L. Greenblatt, P.C. - Rail, Roundtrip NY to Wilmington DE | 943 |

# Exhibit J:

| | | |
|---|---|---|
| 58 | 20250214 | Ziv Ben-Shahar - Agency Fee, Trip to Wilmington, DE for a hearing.  |
| 25 | 20250520 | Sarah Osborne - Rail, Travel from Wilmington, DE to NY |

| | | |
|---|---|---|
| 37.8 | 20250219 | Mary Catherine Young - Rail, Wilmington, DE to New York, NY attend Court hearing and client meeting. |
| 48.4 | 20250506 | Brian Nakhaimousa - Rail, Travel to Wilmington, DE |

# Exhibit K:

| | | |
|---|---|---|
| 415.74 | 20250218 | Josh Sussberg, P.C. - Hotel - Travel Meals, Wilmington, DE to attend client hearings; meals for Josh Sussberg, Nicole L. Greenblatt, Derek I. Hunter, Maddison Levine, Brian Nakhaimousa. |
| 59.15 | 20250518 | Bill Arnault, P.C. - Travel Meals, Wilmington, DE Attend confirmation hearing |

# Exhibit L:

| | | |
|---|---|---|
| 365.31 | 20250518 | Bill Arnault, P.C. - Lodging, Wilmington, DE |
| 450 | 20250519 | Bill Arnault, P.C. - Lodging, Wilmington, DE |
| 450 | 20250520 | Brian Messing - Lodging, Wilmington DE |
| 450 | 20250505 | Brian Nakhaimousa - Lodging, Wilmington, DE |
| 450 | 20250518 | Brian Nakhaimousa - Lodging, Wilmington, DE |
| 450 | 20250519 | Brian Nakhaimousa - Lodging, Wilmington, DE |
| 658.9 | 20250218 | Brian Nakhaimousa, Lodging, Wilmington, DE for Franchise Hearing |
| 658.9 | 20250219 | Brian Nakhaimousa, Lodging, Wilmington, DE for Franchise Hearing. |
| 411.4 | 20250519 | Derek I. Hunter - Lodging, Wilmington, DE |
| 658.9 | 20250219 | Derek I. Hunter - Lodging, Wilmington, DE for Franchise hearing. |
| 658.9 | 20250219 | Josh Sussberg, P.C. - Lodging, Wilmington, DE for Franchise hearing. |
| 500 | 20250520 | Joshua Raphael - Lodging, Wilmington, DE |
| 619.3 | 20250218 | Joshua Raphael - Lodging, Wilmington, DE for hearing. |
| 411.4 | 20250519 | Luz Tur-Sinai Gozal - Lodging, Wilmington, DE |
| 450 | 20250506 | Maddison Levine - Lodging, Wilmington, DE |
| 822.8 | 20250520 | Maddison Levine - Lodging, Wilmington, DE, 2 nights, 5/18/2025 &amp; 5/19/2025 |
| 658.9 | 20250219 | Maddison Levine, Lodging, Wilmington, DE, Franchise Hearing. |
| 658.9 | 20250219 | Mark McKane, Lodging, Wilmington, DE, Wilmington, DE for Franchise Hearing |
| 658.9 | 20250219 | Mary Catherine Young - Lodging, Wilmington, DE for Franchise hearing. |
| 407 | 20250518 | Melanie MacKay - Lodging, Wilmington, DE |
| 407 | 20250519 | Melanie MacKay - Lodging, Wilmington, DE |
| 450 | 20250519 | Michael Beauchamp - Lodging, Wilmington, DE |
| 411.57 | 20250520 | Nicole L. Greenblatt, P.C. - Lodging, Wilmington DE |
| 658.9 | 20250218 | Nicole L. Greenblatt, P.C. - Lodging, Wilmington, DE for Franchise Hearing. |
| 450 | 20250519 | Quin Wetzel -Lodging, Wilmington, DE |
| 411.4 | 20250519 | Sarah Osborne - Lodging, Wilmington DE |
| 658.9 | 20250218 | Sarah Osborne - Lodging, Wilmington, DE for Franchise hearing. |
| 411.4 | 20250519 | Shayne Henry - Lodging, Wilmington, DE |
| 450 | 20250505 | Ziv Ben-Shahar - Lodging, Wilmington, DE |
| 658.9 | 20250219 | Ziv Ben-Shahar, Lodging, Wilmington, DE, Wilmington, DE for Franchise Hearing. |

# Exhibit L:

| | | |
|---|---|---|
| 415.74 | 20250218 | Josh Sussberg, P.C. - Hotel - Travel Meals, Wilmington, DE to attend client hearings; meals for Josh Sussberg, Nicole L. Greenblatt, Derek I. Hunter, Maddison Levine, Brian Nakhaimousa. |
| 59.15 | 20250518 | Bill Arnault, P.C. - Travel Meals, Wilmington, DE Attend confirmation hearing |