# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Hearing Date: September 30, 2025 at 3:30 p.m. (ET)** |
| | **Objection Deadline: September 19, 2025 at 4:00 p.m. (ET)** |

## LITIGATION TRUSTEE'S MOTION TO MODIFY PROTECTIVE ORDER

Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] by and through his undersigned counsel, hereby moves for entry of an order granting the relief described below. In support of this motion (the "**Motion**"), the Litigation Trustee respectfully states as follows:

### RELIEF REQUESTED

1. The Litigation Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**") modifying the protective order entered on December 12, 2024 [D.I. 306] (the "**Protective Order**") to allow for the disclosure and use of materials designated "Highly Confidential" thereunder by the Litigation Trust, Litigation Trustee, and the Litigation Trust Advisory Board.

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1596-1] (the "**Plan**").

1

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, as well as under the Plan and the Confirmation Order (as such terms are defined below). This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Litigation Trustee consents to the entry of a final order by the Court if it is later determined that, absent such consent, the Court cannot enter such final order or judgment consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

3. The predicate for the relief requested herein is the Court's inherent power as well as section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

**A.**  *The Chapter 11 Cases*

4. On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

5. On June 2, 2025, the Court entered an order [D.I. 1596] (the "**Confirmation Order**") confirming the Plan, which, among other things, provided for the Litigation Trust to reconcile certain unsecured claims and to investigate, pursue, litigate, or settle the Permitted Litigation Claims. *See* Plan § 7.10. The Confirmation Order further provided that the Litigation Trust be administered in accordance with, and governed by, the terms of the Plan and the Litigation Trust Agreement (the "**LTA**"). *See* Confirmation Order ¶¶ 124, 125. For ease of reference, a copy of the LTA is attached hereto as **Exhibit B**.

6. The Plan became effective, and the Litigation Trust was established, on June 6, 2025 (the "**Effective Date**").

7. Pursuant to the Plan and the LTA, the Litigation Trust is administered by the Litigation Trust with certain oversight by the Litigation Trust Advisory Board (the "**Advisory Board**"). *See* Plan § 7.10(f); LTA § 3.1. The Advisory Board is charged with monitoring the Litigation Trustee's performance and the Litigation Trustee must consult with the Advisory Board regarding key aspects of trust administration and management, including the handling of the Permitted Litigation Claims. *See* Plan § 7.10(b); LTA §§ 3.4, 3.6, 4.2.

8. In furtherance of such duties, the LTA provides for certain documents or other assistance to be provided to the Litigation Trust, including without limitation the complete and unredacted reports of the Freedom HoldCo Independent Director and of the Independent Directors (together, the "**Investigation Reports**") and the sharing of such reports with the Litigation Trustee and Advisory Board on a confidential basis. LTA § 2.6.1. Disclosure of such materials facilitates the effective performance of the Litigation Trustee and Advisory Board of their respective responsibilities under the Plan and Litigation Trust Agreement. *See id.* at § 3.11.

9. Pursuant to the Plan and Confirmation Order, the Court retained continuing jurisdiction over all matters arising in, under, or related to the Chapter 11 Cases. *See* Confirmation Order ¶ 168; Plan Art. XIII; *see also* LTA § 11.2.11.

**B.**   *The Protective Order*

10. Prior to confirmation of the Plan, on December 4, 2024, the Court entered the Protective Order, which established procedures among the Debtors and certain other parties for designating, using, and disclosing certain materials in the Chapter 11 Cases. The Protective Order governs the Debtors. D.I. 306.

10610614.1

11. Among other things, the Protective Order allows for the parties thereto to produce material subject to a "Highly Confidential" designation. This designation is intended for material that the designating party "in good faith reasonably believes that the disclosure of such Material. . . is substantially likely to cause commercial injury." *See* Protective Order ¶ 1.2.

12. Under the Protective Order, "Highly Confidential" material may only be disclosed to: counsel of record for the Parties, the employees and agents of such counsel with responsibilities in the Chapter 11 Cases, and deponents or trial witnesses who authored or previously received the information. *See* Protective Order ¶ 4.2.3. The Parties themselves (such as principals, officers, business representatives, or employees) may not access "Highly Confidential" material absent execution of a stipulation among the parties or further order of the Court. *See* Protective Order ¶¶ 4.2.3, 5.1.

C. *The Litigation Trustee's Document Requests*

13. The Litigation Trustee's efforts to evaluate the Permitted Litigation Claims and reconcile claims are ongoing. In the course of such efforts, the Litigation Trustee has requested, among other things, documents and other materials produced or prepared in connection with the Investigation Reports from various persons in possession of such materials.

14. Certain of the Litigation Trustee's document requests have been denied on the grounds that the Protective Order prohibits such production for (i) materials produced or received under a "Highly Confidential" designation or (ii) materials developed using "Highly Confidential" materials.

15. Such denials have hindered the Litigation Trustee's evaluation of the Permitted Litigation Claims. Although counsel for the Litigation Trustee could receive such materials if the Litigation Trustee were to become a party to the Protective Order (by executing a joinder in the

form attached as Exhibit A thereto), any "Highly Confidential" materials still could not be shared with the Litigation Trustee or the Advisory Board under the terms of the Protective Order. Even any reports or summaries prepared by counsel for their benefit based off such "Highly Confidential" material could itself be "Highly Confidential" and not viewable by the Litigation Trustee or the Advisory Board. This would materially frustrate the effectiveness of the Litigation Trust and the Plan more broadly.

16. The Litigation Trustee submits that such use of "Highly Confidential" material is consistent with and already authorized pursuant to the Confirmation Order, the Plan, and the Litigation Trust Agreement. However, the Litigation Trustee seeks clarification of the Protective Order to expressly provide for such production and usage. The Litigation Trustee has been unable to reach an acceptable resolution consensually and now seeks clarification of the Protective Order in order to expeditiously move forward with its duties under the Litigation Trust Agreement.

17. Further, the Litigation Trustee has received a valid subpoena from the United States Securities and Exchange Commission seeking production of the Freedom HoldCo Independent Director report and supporting materials. As the Protective Order does not expressly allow for such production, the Litigation Trustee seeks clarification of the Protective Order to authorize such production and will promptly thereafter comply with the subpoena.

## BASIS FOR RELIEF REQUESTED

18. This Court has the inherent power to revisit its prior interlocutory orders. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 307 (3d Cir. 2018) ("bankruptcy courts, like any other federal court, possess inherent authority . . . and such authority permits courts to reconsider prior interlocutory orders . . .") (citation omitted); *see also City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) ("a district court's authority to rescind an

5

interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure."); *In re Owens Corning Armstrong World Industries, Inc.*, 560 B.R. 229, 235 (Bankr. D. Del. 2016) ("The Court has . . . inherent authority to interpret and, if necessary, modify its own orders."). In addition, bankruptcy courts have the equitable power under the Bankruptcy Code to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19.     This inherent power allows federal courts "to modify or lift confidentiality orders that it has entered." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994). This generally involves a two-step analysis: (1) the moving party must articulate a reason for the modification; and (2) the court must then balance competing interests to determine whether good cause continues to exist for the order. *Pansy*, 23 F.3d at 790; *see also In re Motions for Access of Garlock Sealing Technologies LLC*, 488 B.R. 281, 300 (D. Del. 2013).

20.     Courts recognize that the second step is a case-specific inquiry guided by non-exclusive factors, including whether: (1) disclosure will violate any privacy interests; (2) the requested information is being sought for a legitimate purpose or for an improper purpose; (3) disclosure of the information will cause a party embarrassment; (4) confidentiality is being sought over information important to public health and safety; (5) the sharing of information among litigants will promote fairness and efficiency; (6) a party benefitting from the order of confidentiality is a public entity or official; and, (7) the case involves issues important to the public. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). These factors "are neither mandatory nor exhaustive." *Id.* (quotation omitted).

21.     The Litigation Trustee submits that the Confirmation Order and LTA reflect the

10610614.1

intention and understanding of all parties that the Litigation Trustee and Advisory Board be afforded access, on a confidential basis, even to materials designated as "Highly Confidential." *See* Confirmation Order ¶ 124, LTA § 2.6.1.  However, for the avoidance of doubt, the Litigation Trustee seeks a corresponding modification of the Protective Order to fulfill its duties under the Plan and LTA for the benefit of the Litigation Trust beneficiaries.

22.     The Litigation Trustee submits that the factors to be balanced heavily favor the requested relief.  No privacy interests will be adversely impacted because the materials will continue to be maintained on a confidential basis consistent with the Protective Order.  The information is sought solely to enable the Litigation Trustee to evaluate and pursue potential Permitted Litigation Claims for the benefit of the estates and creditors, which is plainly a legitimate purpose.  Allowing such disclosure will promote efficiency and fairness by ensuring that the parties charged with oversight of the Litigation Trust have the information necessary to carry out their responsibilities.  Further, because the Litigation Trust will be using the information for the same purposes as other persons who have already received "Highly Confidential" materials, in particular the Creditors' Committee, parties who have disclosed material in reliance on such designation will suffer no cognizable prejudice.  The present circumstances – where the Litigation Trust is the vehicle through which the potential claims underlying the Protective Order – were not fully contemplated at the time the Protective Order was entered.  The requested modifications will not cause embarrassment or prejudice to any party, as the materials will not be made public but rather shared only with a limited group of parties.  Rather, the modification merely ensures that the Protective Order does not impede the ability of the Litigation Trust to fulfill its purpose. Accordingly, the cause exists for modification of the Protective Order to allow for disclosure to and use by the Litigation Trust, Litigation Trustee and Advisory Board, and their respective

representatives or agents, all as requested herein.

23. For similar reasons, cause exists to modify the Protective Order to expressly allow for the Litigation Trustee to comply with validly-issued subpoenas or other applicable law, upon reasonable advance notice (to the extent permissible) of such forthcoming disclosure to the applicable disclosing party and with reasonable cooperation with such party's efforts (if any, and at such party's cost) in opposing such disclosure or seeking a protective order or other limitations on disclosure. Because the underlying materials would be subject to production by subpoena or other applicable law if directed to the applicable disclosing party, and the requested modification affords such party a reasonable opportunity to contest or seek protection with respect to the proposed production, the requested modification does not prejudice such party.

## NOTICE

24. The Litigation Trustee will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) counsel to the Reorganized Debtors; (c) all parties to the Protective Order; (d) all counsel to the Independent Directors or the Freedom HoldCo Independent Director; and (e) all parties that have requested post-Effective Date notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Litigation Trustee respectfully submits that no further notice is necessary.

*[ remainder of page intentionally left blank ]*

## **CONCLUSION**

WHEREFORE, the Litigation Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated: September 5, 2025
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
        meckard@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Litigation Trustee*