# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **RE: D.I.** |

**ORDER GRANTING LITIGATION TRUSTEE'S**
**MOTION TO MODIFY PROTECTIVE ORDER**

Upon the motion (the "**Motion**")[2] of Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust, for entry of an order (this "**Order**") modifying the Protective Order; and this Court having reviewed the Motion and the certification filed concurrently; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, as well as the Plan, the Litigation Trust Agreement, and the Confirmation Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliate*s [D.I. 1596-1] (the "**Plan**").

1

10610614.1

that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Nothing in the Protective Order shall be construed to limit or prohibit the disclosure or delivery of any documents or other material to the Litigation Trust or the Litigation Trustee otherwise allowable under the Plan, Litigation Trust Agreement, Confirmation Order, or other applicable law.

3. The Protective Order is hereby deemed modified to allow the disclosure of material designated thereunder as "Confidential" or "Highly Confidential" to (i) the Litigation Trust, Litigation Trustee and the Litigation Trust Advisory Board; (ii) their respective agents and/or employees whose work responsibilities relate to the duties of the Litigation Trust; and (iii) their respective counsel.

4. The Protective Order is hereby deemed further modified to allow the disclosure of material protected thereunder by or on behalf of the Litigation Trust to the extent necessary to comply with any applicable law, regulation, subpoena or order, including without limitation any subpoena validly issued by the SEC; *provided*, *however*, that (i) if permitted by applicable law, the Litigation Trust shall (i) provide reasonable advance notice of such forthcoming disclosure to the applicable disclosing party and (ii) reasonably cooperate with such party's efforts (if any, and at

3

such party's cost) in opposing such disclosure or seeking a protective order or other limitations on disclosure.

5.	The Litigation Trust, Litigation Trustee and the Litigation Trust Advisory Board are permitted to receive and use Confidential Material and/or Highly Confidential Material for any purpose consistent with the Plan and the Litigation Trust Agreement, each as a "Receiving Party" under the Protective Order subject to all related obligations.

6.	The Litigation Trustee is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

7.	This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.