# **EXHIBIT 1**

**Kelsall Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) |

**DECLARATION OF DANIEL KELSALL IN SUPPORT OF REORGANIZED
DEBTORS' SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

I, Daniel Kelsall, pursuant to 28 U.S.C. § 1746, declare:

1. I am a Partner at AlixPartners, LLP ("AlixPartners"), an affiliate of AP Services LLC ("APS"), which was previously retained as restructuring advisor to the above-captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors").[3]

2. I have read the *Reorganized Debtors' Second (2nd) Omnibus (Substantive) Objection to Claims* (the "Objection"),[4] and am directly or by and through other personnel or representatives of the Reorganized Debtors reasonably familiar with the information contained

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605]. TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

[3] On December 16, 2024, the Court entered an order [Docket No. 450] authorizing the Debtors' retention of APS as restructuring advisor.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

therein, in the Proposed Order, and in the exhibit attached to the Proposed Order. I am authorized to execute this declaration (this "Declaration") on behalf of the Reorganized Debtors.

3. AlixPartners is now assisting the Reorganized Debtors in administering these Chapter 11 Cases. Through AlixPartners' engagement and participation in these Chapter 11 Cases, I have become generally familiar with the Debtors' day to day operations, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors.

4. In preparing this Declaration, I reviewed the claims register maintained by the Reorganized Debtors' court-appointed claims agent, Kroll Restructuring Administration LLC, which contains the record of all parties that filed proofs of claim in connection with these Chapter 11 Cases. Additionally, I, or other employees of AlixPartners and/or the Reorganized Debtors working with me or under my supervision, or the Reorganized Debtors' other advisors, have reviewed each of the proofs of claim that are the subject to the Objection.

5. Except as otherwise indicated, the statements set forth in this Declaration are based on my personal knowledge of the Reorganized Debtors' operations and finances, my review of the Objection, the applicable proofs of claim, the claims register, information received from, or discussions with, other members of AlixPartners, the Reorganized Debtors, or the Reorganized Debtors' management team, the Reorganized Debtors' other employees, or the Reorganized Debtors' other advisors, and/or my experience and knowledge of the claims process in these Chapter 11 Cases. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel. If called upon to testify, I would testify competently to the facts set forth herein.

6.     The information contained in **Exhibit A** to the Proposed Order is true and correct to the best of my knowledge, information, and belief.  In evaluating each of the claims identified in **Exhibit A**, the Reorganized Debtors, or the Reorganized Debtors' advisors, have thoroughly reviewed their books and records, the claims register, and the relevant proofs of claim, as well as the supporting documentation provided by the claimant (if any), and have determined that each of the Disputed Claims should be disallowed and expunged, as set forth in the Objection.

7.     The Reorganized Debtors have reviewed their books and records and determined that the Debtors and their estates are not liable on account of the Disputed Claims listed on **Exhibit A** to the Proposed Order.  Specifically, the Disputed Claims on **Exhibit A** to the Proposed Order include claims incorrectly asserted against the Reorganized Debtors, which have no liability for such claims for the reasons provided on **Exhibit A** to the Proposed Order.  Accordingly, to prevent the claimants from potentially receiving unwarranted recoveries, to the detriment of other creditors in these Chapter 11 Cases, the Reorganized Debtors seek to disallow and expunge the Disputed Claims identified on **Exhibit A** to the Proposed Order, and it is my belief that such treatment is appropriate.

8.     I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on September 15, 2025          */s/ Daniel Kelsall*
                                        Daniel Kelsall
                                        Partner
                                        AlixPartners, LLP