**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Hearing Date:**<br>November 18, 2025 at 10:00 a.m. (ET) |
| | **Objection Deadline:**<br>October 14, 2025 at 4:00 p.m. (ET) |

**LITIGATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN AMENDED, SUPERSEDED OR DUPLICATE CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW EACH SCHEDULE TO THE PROPOSED ORDER THAT IS ATTACHED HERETO AS EXHIBIT A TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] by and through his undersigned counsel, hereby submits this omnibus objection (the "**Objection**") and respectfully states as follows:

**RELIEF REQUESTED**

1. The Litigation Trustee respectfully requests the entry of an order, substantially in

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456.  In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/.  All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).  On June 6, 20025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("**TopCo**") emerged from the chapter 11 cases as Reorganized Debtors [D.I. 1605].  TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [D.I. 1689].

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliate*s [D.I. 1596-1] (the "**Plan**").

1

the form attached hereto as **Exhibit A** (the "**Proposed Order**") disallowing and expunging: (a) each claim identified in the column titled "Claims to Be Disallowed" on **Schedule 1** to the Proposed Order (the "**Amended Claims**"); (b) each claim identified in the column titled "Claims to Be Disallowed" on **Schedule 2** to the Proposed Order (the "**Superseded Claims**"); and (c) each claim identified in the column titled "Claims to Be Disallowed" on **Schedule 3** to the Proposed Order (the "**Duplicate Claims**," and collectively with the Amended Claims and Superseded Claims, the "**Subject Claims**").

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XIII of the Plan. This is a core proceeding under 28 U.S.C. § 157(b), and the Litigation Trustee consents to the entry of a final order by the Court if it is later determined that, absent such consent, the Court cannot enter such final order or judgment consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

3. The predicates for the relief requested herein are section 502(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

4. On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

5. The Debtors' schedules of assets and liabilities and statements of financial affairs were filed on December 24, 2024.  *See* D.I. 500-558.[3]

6. Pursuant to the Court's order entered on December 6, 2024 [D.I. 354] (the "**Bar Date Order**"), the deadline for the filing of general unsecured claims against any of the Debtors was set as January 23, 2025 at 11:59 p.m. (ET) (the "**General Bar Date**"), with other applicable deadlines for governmental units, rejection damages claims, or certain other claims.  Notice of the Bar Date Order and the General Bar Date was provided by actual notice and by publication notice, as set forth in the affidavits or certifications of service filed by the Claims Agent.  *See* D.I. 496, 717, 748, 866, 915, 1120, 1122, 1592.

7. On June 2, 2025, the Court entered an order (the "**Confirmation Order**") [D.I. 1596] confirming the Plan, which provided, among other things, that proofs of claim that are not timely filed by the applicable filing deadline or that have not otherwise been Allowed under the Plan or by a Court order are disallowed and unenforceable against any Debtor or Reorganized Debtor.  *See* Plan §§ 9.1, 9.2, 10.3.  The Plan became effective on June 6, 2025 (the "**Effective Date**"), and notice of the Plan and the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1605] was provided by actual notice, as set forth in the affidavits of service filed by the Claims Agent.  *See* D.I. 1537, 1753.

8. Pursuant to the Plan and the Litigation Trust Agreement, the Litigation Trust was established on the Effective Date and the Litigation Trustee was charged with reconciling, objecting to, and making distributions on OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims, among other things.  *See* Plan §§ 7.10(b), 9.4; Litigation Trust

---

[3] Certain amendments for Schedules A/B or G of certain Debtors were filed on December 30, 2024 and April 28, 2025 [D.I. 584, 1328-1334].

Agreement §§ 3.4.9, 3.4.16.

9. The Litigation Trustee is working with his retained professionals to review and reconcile the OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims that have been scheduled or filed on the Claims Register. While this claims review and reconciliation process remains ongoing, the Litigation Trustee has determined that the Subject Claims should be disallowed and expunged as set forth below and in the declaration of Lawrence R. Hirsh (the "**Hirsh Declaration**") attached hereto as **Exhibit B**.

## BASIS FOR OBJECTION

10. The Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also* Fed. R. Bankr. P. 3001(c) (requiring claims to include certain supporting information). If an objection to a claim is made, the allowed amount of the claim is determined by the Court after notice and a hearing. *See* 11 U.S.C. § 502(b). Certain claims may not be allowed under the Bankruptcy Code, including but not limited to claims that are unenforceable against the debtor or its property under any agreement or applicable law for a reason other than being contingent or unmatured. *See* 11 U.S.C. § 502(b)(1). Omnibus objections to claims may be filed on certain bases. *See* Fed. R. Bankr. P. 3007(d); Local Rule 3007-1.

11. A claim that alleges facts sufficient to support legal liability has *prima facie* validity. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (citations omitted). However, if the objector rebuts at least one of the allegations essential to the claim's legal sufficiency, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id*. "The burden of persuasion is always on the claimant." *Id.* (citations omitted).

10619004.1

**A.     Amended and/or Superseded Claims**

12.    As set forth in the Hirsh Declaration, the Litigation Trustee has determined that each of the Amended Claims, which are identified on Schedule 1 of the Proposed Order, has been amended and superseded by the corresponding "Surviving Claim" identified on such schedule. Each such Surviving Claim is a Proof of Claim that was subsequently-filed by or on behalf of the applicable claimant and the claimant checked the box on the Proof of Claim indicating that the Surviving Claim was amending a previously filed claim.

13.    As set forth in the Hirsh Declaration, the Litigation Trustee has determined that each of the Superseded Claims, which are identified on Schedule 2 of the Proposed Order, has been superseded by the corresponding "Surviving Claim" identified on such schedule. Each such Surviving Claim is a Proof of Claim that was subsequently-filed by or on behalf of the applicable claimant. The claimant did *not* check the box on the Proof of Claim indicating that the Surviving Claim was amending a previously filed claim, but based on the similar information provided on the claims and the timing of the filing of the claims, it appears the claimant intended the Surviving Claim to supersede the earlier filed claim.

14.    Disallowance and expungement of the Amended Claims and Superseded Claims is appropriate and necessary to ensure that the Claims Register accurately reflects those claims that may ultimately become Allowed and eligible for distributions from the Litigation Trust. Such relief will prevent the applicable claimants from potentially receiving unwarranted excess recoveries on both their respective Amended Claims and Surviving Claims or Superseding Claims and Surviving Claims. *See, e.g., In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice"). Further, disallowance and expungement of the Amended Claims and Superseded Claims will not

prejudice any claimant because each will continue to hold their respective Surviving Claims, which remain subject to future objection by the Litigation Trustee on any applicable grounds.

B.   **Duplicate Claims**

15.   As set forth in the Hirsh Declaration, the Litigation Trustee has determined that each of the Duplicate Claims, which are identified on Schedule 3 of the Proposed Order, is duplicative of the corresponding "Surviving Claim" identified on such schedule. Each such Surviving Claim is a Proof of Claim that was filed against the same Debtor by the same claimant alleging the same amount, priority and basis of liability as the applicable Duplicate Claim.

16.   It is axiomatic that a creditor is not entitled to multiple recoveries for a single liability against a debtor. If a claimant is allowed to continue to assert a Duplicate Claim, the Litigation Trust and its beneficiaries would be subject to multiple recoveries by that claimant for a single claim or liability. Disallowance and expungement of such claims is appropriate and necessary to ensure that the Claims Register accurately reflects those claims that may ultimately become Allowed and eligible for distributions from the Litigation Trust. Further, disallowance and expungement of the Duplicate Claims will not prejudice any claimant because each will continue to hold their respective Surviving Claims, which remain subject to future objection by the Litigation Trustee on any applicable grounds.

## SEPARATE CONTESTED MATTERS

17.   To the extent that any response is filed regarding any of the Subject Claims at issue in this Objection and the Litigation Trustee is not able to resolve such response, the Objection to such Subject Claim shall constitute a separate contested matter pursuant to Bankruptcy Rule 9014. Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each Subject Claim.

10619004.1

**RESERVATION OF RIGHTS**

18.  The Litigation Trustee expressly reserves all rights to amend, modify, or supplement this Objection, to object in the future to any of the claims that are the subject of this Objection on any grounds, to file other substantive or nonsubstantive objections on any grounds to any other OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims, and all rights and powers under the Plan and Litigation Trust Agreement.  Without limiting the foregoing, nothing herein shall be construed as a waiver of any rights of setoff or recoupment that the Litigation Trustee or Reorganized Debtors may have against the holders of any claims.

**COMPLIANCE WITH LOCAL RULE 3007-1**

19.  Counsel for the Liquidation Trustee has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believe such deviations are not material and respectfully request that any such requirement be waived.

**NOTICE**

20.  The Litigation Trustee will provide notice of this Objection to: (a) the Office of the United States Trustee; (b) counsel to the Reorganized Debtors; (c) each holder of a Subject Claim; and (d) any party that has requested post-Effective Date service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Litigation Trustee respectfully submits that no other or further notice need be given.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Litigation Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, disallowing and expunging the Subject Claims identified on the Schedules thereto and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 19, 2025<br>Wilmington, Delaware | **RAINES FELDMAN LITTRELL LLP**<br><br>*/s/ Mark W. Eckard*<br>Thomas J. Francella, Jr. (No. 3835)<br>Mark W. Eckard (No. 4542)<br>824 North Market Street, Suite 805<br>Wilmington, DE 19801<br>Telephone: (302) 772-5803<br>Email: tfrancella@raineslaw.com<br>        meckard@raineslaw.com<br><br>- and -<br><br>Hamid R. Rafatjoo (*pro hac vice*)<br>4675 MacArthur Court, Suite 1550<br>Newport Beach, CA 92660<br>Telephone: (310) 440-4100<br>Email: hrafatjoo@raineslaw.com<br><br>- and -<br><br>David S. Forsh (*pro hac vice*)<br>1350 Avenue of the Americas, 22nd Floor<br>New York, NY 10019<br>Telephone: (917) 790-7100<br>Email: dforsh@raineslaw.com<br><br>*Counsel to the Litigation Trustee* |