**EXHIBIT B**

10619004.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |

**DECLARATION OF LAWRENCE R. HIRSH IN SUPPORT OF THE LITIGATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN AMENDED, SUPERSEDED OR DUPLICATE CLAIMS**

I, Lawrence R. Hirsh, hereby declare as follows:

1. I am the Litigation Trustee of the Litigation Trust established pursuant to the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1596-1] (the "**Plan**"). I submit this declaration in support of the *Litigation Trustee's First Omnibus Objection (Non-Substantive) to Certain Amended, Superseded or Duplicate Claims* (the "**Objection**"). Capitalized terms used and not defined herein have the meaning ascribed in the Objection or, if not therein, in the Plan.

2. I have reviewed the Objection, and am familiar with the information set forth in the Objection, including the exhibits thereto and the accompanying schedules to the Proposed Order. Without limiting the foregoing, in evaluating the Subject Claims that are at issue in the Objection, I have reviewed the Claims Register and the relevant Proofs of Claim, including supporting

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS). On June 6, 20025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("**TopCo**") emerged from the chapter 11 cases as Reorganized Debtors [D.I. 1605]. TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [D.I. 1689].

1

information attached thereto, and the Debtors' schedules and/or statements of financial affairs filed in the underlying bankruptcy cases in relevant part.

3. Unless otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge or information received from the Litigation Trustee's professionals. I am authorized to submit this Declaration and, if called to testify, would testify competently to the facts set forth herein.

A. **Amended Claims**

4. Based on the review of the Claims Register described above, I have identified certain Proofs of Claim filed against the Debtors that appear to have been amended and superseded (each, an "**Amended Claim**") by the respective claimant through the subsequent filing of another Proof of Claim (each, a "**Surviving Claim**"). The Amended Claims are identified in the column titled "Claims to Be Disallowed" and the corresponding Surviving Claims are identified in the column titled "Surviving Claim" on **Schedule 1** to the Proposed Order. Each of the Surviving Claims was identified by the claimant as amending the corresponding Amended Claim.

5. I believe that the Amended Claims have been amended and superseded by the corresponding Surviving Claims and that the Amended Claims should therefore be disallowed and expunged. The disallowance and expungement of the Amended Claims will prevent the holders of such claims from potentially receiving any recovery in excess of what they are entitled to under the Plan and ensure that the Claims Register accurately reflects the claims that may ultimately be Allowed. Claimants holding Amended Claims will not be prejudiced by the disallowance and expungement of their Amended Claims because each claimant's Surviving Claim will remain on the Claims Register, subject to future objection on any other applicable grounds.

**B.     Superseded Claims**

6.     Based on the review of the Claims Register described above, I have identified certain Proofs of Claim filed against the Debtors that appear to have been superseded (each, a "**Superseded Claim**") by the respective claimant through the subsequent filing of another Proof of Claim (each, a "**Surviving Claim**").  The Superseded Claims are identified in the column titled "Claims to Be Disallowed" and the corresponding Surviving Claims are identified in the column titled "Surviving Claim" on **Schedule 2** to the Proposed Order.

7.     The Surviving Claims were not expressly identified by the respective claimant as amending the corresponding Superseded Claim but it appears the claimant intended for the Surviving Claim to supersede the claim previously filed by the claimant.  Therefore, I have distinguished these claims from the Amended Claims (in which the claimant expressly noted the intent to amend).

8.     I believe that the Superseded Claims have been superseded by the corresponding Surviving Claims and that the Superseded Claims should therefore be disallowed and expunged. The disallowance and expungement of the Superseded Claims will prevent the holders of such claims from potentially receiving any recovery in excess of what they are entitled to under the Plan and ensure that the Claims Register accurately reflects the claims that may ultimately be Allowed. Claimants holding Superseded Claims will not be prejudiced by the disallowance and expungement of their Superseded Claims because each claimant's Surviving Claim will remain on the Claims Register, subject to future objection on any other applicable grounds.

**C.     Duplicate Claims**

9.     Based on the review of the Claims Register described above, I have identified certain claims filed against the Debtors that appear to be duplicative (each, a "**Duplicate Claim**")

3

of another Proof of Claim filed by or on behalf of the same claimant. To the extent there are any differences, if at all, between such claims, the differences are not material and non-substantive. The Duplicate Claims are identified in the column titled "Claims to Be Disallowed" and the corresponding Surviving Claims are identified in the column titled "Surviving Claim" on **Schedule 3** to the Proposed Order.

10. Each Duplicate Claim is duplicative of the corresponding Surviving Claim. In particular, each Duplicate Claim listed in rows 1-8 and 10-11 on **Schedule 3** asserts a claim duplicative of the Surviving Claim in that the Duplicate Claim and Surviving Claim involve the same claimant alleging the same amount, priority and basis against the same Debtor.

11. The Duplicate Claim and Surviving Claim listed in row 9 on **Schedule 3** (proof of claim nos. 2744 and 2745, respectively) assert a claim by the same claimant, asserting the same alleged basis, amount and priority. While these claims differ in that one identifies the creditor as "American Freight" (which is the name of one of the Debtors) and the other identifies the creditor as "Monica Ly," I believe that the identification of "American Freight" as the creditor was mere error and that these claims are duplicates.

12. Because the Duplicate Claims are duplicative of the corresponding Surviving Claims, I believe the Duplicate Claims should be disallowed and expunged. The disallowance and expungement of the Duplicate Claims will prevent the holders of such claims from potentially receiving a double recovery under the Plan and ensure that the Claims Register accurately reflects the claims that will ultimately be Allowed. Claimants holding Duplicate Claims will not be prejudiced by the disallowance and expungement of their Duplicate Claim because each claimant's Surviving Claim will remain on the Claims Register, subject to future objection on any other applicable grounds.

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on September 19, 2025          By: */s/ Lawrence R. Hirsh*
                                              Lawrence R. Hirsh, Litigation Trustee

10619007.1