**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Hearing Date:**<br>November 18, 2025 at 10:00 a.m. (ET) |
| | **Objection Deadline:**<br>October 30, 2025 at 4:00 p.m. (ET) |

**LITIGATION TRUSTEE'S MOTION TO
EXTEND CLAIMS OBJECTION DEADLINE**

Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] by and through his undersigned counsel, hereby submits this motion (the "**Motion**") and respectfully states as follows:

**RELIEF REQUESTED**

1. The Litigation Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) extending the deadline by which the Litigation Trustee may file and serve objections to Claims (the "**Claims Objection Deadline**") by 180 days, from December 3, 2025 through and including June 1, 2026, without prejudice to any request for further extensions of the Claims Objection Deadline, and (b) granting such other and further relief as the Court deems just and proper.

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliate*s [D.I. 1596-1] (the "**Plan**").

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XIII of the Plan. This is a core proceeding under 28 U.S.C. § 157(b), and the Litigation Trustee consents to the entry of a final order by the Court if it is later determined that, absent such consent, the Court cannot enter such final order or judgment consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

3. The predicates for the relief requested herein are section 9.4 of the Plan, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

**BACKGROUND**

**A.     General Background**

4. On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

5. On June 2, 2025, the Court entered an order [D.I. 1596] (the "**Confirmation Order**") confirming the Plan.[3] The Plan, among other things, provided for the establishment of

---

[3] The Plan was confirmed as to all Debtors other than Freedom VCM Holdings, LLC ("**TopCo**"). The effective date of TopCo's confirmed chapter 11 plan was July 3, 2025 [*see* D.I. 1689] and on August 7, 2025, the TopCo chapter 11 case was closed. [D.I. 1805]

the Litigation Trust and the irrevocable transfer of the OpCo Debtors' and the Freedom HoldCo Debtors' rights, title and interest in the Litigation Trust Assets for the benefit of Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement), free and clear of all Claims, Liens, encumbrances, or interests. Plan § 7.10. On June 6, 2025 (the "**Effective Date**"), the Plan became effective, the Litigation Trust was established, and Mr. Hirsh was appointed as Litigation Trustee. [D.I. 1371-2; D.I. 1605.]

B.  **Claims Administration and Reconciliation Process**

6. The Debtors' schedules of assets and liabilities and statements of financial affairs were filed on December 24, 2024. *See* D.I. 500-558.[4]

7. Pursuant to the Court's order entered on December 6, 2024 [D.I. 354] (the "**Bar Date Order**"), the deadline for the filing of general unsecured claims against any of the Debtors was January 23, 2025, and the deadline for governmental units to file claims against any of the Debtors was May 2, 2025. *See* Bar Date Order ¶¶ 3-5. Pursuant to the Plan, unless subject to a separate Bankruptcy Court order, the deadline for the filing of claims for contracts or leases rejected pursuant to the Plan was July 7, 2025.[5] *See* Plan §10.3; *see also* D.I. 1605.

8. Pursuant to the Plan and the Litigation Trust Agreement, the Litigation Trust was established for the purpose of receiving, holding, administering, liquidating, and distributing the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement). *See* Plan § 7.10(a); Litigation Trust Agreement ¶ 6, § 2.2. The responsibilities of the Litigation Trustee include reconciling and objecting, as appropriate, to OpCo

---

[4] Certain amendments for Schedules A/B or G of certain Debtors were filed on December 30, 2024 and April 28, 2025 [D.I. 584, 1328-1334].

[5] Certain creditors may have been granted extensions of these deadline, which is not relevant here.

General Unsecured Claims and Freedom HoldCo General Unsecured Claims. *See* Plan § 9.4. To that end, the Litigation Trust Agreement provides that:

> The Litigation Trust, acting by and through the Litigation Trustee, shall have the right after the Effective Date to object to the allowance of any OpCo General Unsecured Claim or Freedom HoldCo General Unsecured Claim on any ground, to file, withdraw, or litigate to judgment objections to such Claims, to settle or compromise any Disputed OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims without further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Freedom HoldCo Debtors, the OpCo Debtors, and their respective Estates.

Litigation Trust Agreement § 3.7; *see also* Plan §§ 7.10(b), 9.4; Litigation Trust Agreement §§ 3.4.9, 3.4.16.

9. More than 18,000 claims have been asserted in these cases, including more than 4,000 OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims.

10. The Claims Objection Deadline by which the Litigation Trustee may timely object to applicable Claims is currently set as December 3, 2025. *See* Plan § 1.35 (defining the Claims Objection Deadline, in relevant part, as "the date that is . . . 180 days after the Effective Date . . . ."). The Plan provides, however, that the Claims Objection Deadline "may be extended from time to time." *Id*. § 9.4.

11. Since the Effective Date, the Litigation Trustee has been working with his professionals to review and analyze the OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims that have been scheduled or filed on the Claims Register (collectively, the "**General Unsecured Claims**"). To date, the Litigation Trustee has filed an omnibus claims objection [D.I. 1862] on September 19, 2025 relating to (non-substantive) amended, superseded and/or duplicative claims, and has regularly consulted with the Reorganized Debtors with respect to objections to certain claims, as appropriate and consistent with the Plan, that are the subject of

an asserted objections filed by the Reorganized Debtors. *See* D.I. 1845, 1856. The Litigation Trustee has only recently received relevant books and records from the Reorganized Debtors that are necessary for the review and reconciliation of asserted claims on substantive grounds. Until such records were provided, the Litigation Trustee was unable to analyze and reconcile all asserted claims or to file applicable objections to claims.

12. The Litigation Trustee is reviewing the books and records provided and may seek additional or supplemental information from the Reorganized Debtors and reserves his rights to seek relief from the Court as necessary.

## BASIS FOR RELIEF

13. The Plan authorizes the Litigation Trustee to seek an extension of the Claims Objection Deadline. *See* Plan § 9.4. In addition, pursuant to Bankruptcy Rule 9006(b), the Court may extend certain time periods, such as the Claims Objection Deadline. Specifically, Bankruptcy Rule 9006(b) states, in relevant part, that:

> [when an act is to be performed at or within a specified period under] these rules, a notice given under these rules, or a court order … the court may—at any time and for cause—extend the time to act if . . . with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires[.]

Fed. R. Bankr. P. 9006(b)(1).[6]

14. Further, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. The Litigation Trustee submits that cause exists to extend the Claims Objection Deadline, as requested herein. The extension is necessary for the proper and efficient

---

[6] Pursuant to Local Rule 9006-2, the Claims Objection Deadline is automatically extended until the Court acts on this Motion, without the necessity for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

administration of the Litigation Trust and to accomplish its purposes.  The Claims Objection Deadline is only a few weeks away.  While the Litigation Trustee and his professionals have been working diligently to evaluate and reconcile General Unsecured Claims, the process is not complete.  The Litigation Trustee recently filed his first omnibus objection to certain General Unsecured Claims addressing (non-substantive) amended, superseded and/or duplicative General Unsecured Claims.  However, evaluating and reconciling General Unsecured Claims on substantive grounds is necessarily more time-consuming and the Litigation Trustee requires additional time.  The Litigation Trustee only recently received relevant books and records from the Reorganized Debtors, which records are necessary for the General Unsecured Claims to be fully reconciled and for any applicable objections to be filed., and is still reviewing such information.[7]  Also, the Reorganized Debtors have not yet completed their review and analysis of asserted administrative expense claims [D.I. 1769], which efforts once completed may result in additional General Unsecured Claims (if a claims priority status is changed) that will need to be evaluated by the Litigation Trustee.

16.     The extension is intended to promote the efficient administration of the Litigation Trust through, among other ways, a fair and orderly claims allowance process, and will not prejudice any claimant or other party in interest.  Rather, providing the Litigation Trustee with sufficient time to reconcile the General Unsecured Claims will allow claimants to be properly treated under the Litigation Trust.  Absent the extension, the Litigation Trust Beneficiaries may be unfairly prejudiced because of the risk that the Litigation Trust may be unable to fully challenging disputed General Unsecured Claims on valid objectionable grounds, thereby resulting in certain

---

[7]  The Litigation Trustee further notes that fulsome reconciliation of some General Unsecured Claims on substantive grounds may not be warranted until additional information regarding potential recoveries for the Litigation Trust are known.  Accordingly, the Litigation Trustee reserves his rights to seek further extensions of the deadline.

claimants potentially receiving a recovery amount, to the detriment of other properly allowed claimants, that is greater than the amount such claimant should be entitled to. Accordingly, the importance of ensuring that distributions from the Litigation Trust are equitably made to the appropriate creditors on account of their allowed claims necessitates extending the Claims Objection Deadline.

17. Similar relief has been regularly granted in other bankruptcy cases by this Court. *See, e.g.*, *In re SL Liquidation LLC, et al.*, Case No. 23-10207 (TMH) (Bankr. D. Del. April 29, 2025), D.I. 923 (extension of 180 days); *In re Cred Inc., et al.*, Case No. 20-12836 (KBO) (Bankr. D. Del. April 16, 2025), D.I. 1291 (extension of 365 days); *In re Renovate America, Inc., et al.*, Case No. 20-13172 (LSS) (Bankr. D. Del. April 3, 2025), D.I. 1191 (extension of 182 days); *In re Legacy EJY Inc., et al.*, Case No. 22-10580 (JKS) (Bankr. D. Del. Feb. 23, 2025), D.I. 1058 (extension of approximately 1 year); *In re Newage, Inc., et al.*, Case No. 22-10819 (LSS) (Bankr. D. Del. Feb. 20, 2025), D.I. 816 (extension of 182 days); *In re MobiTV, Inc., et al.*, Case No. 21-10457 (LSS) (Bankr. D. Del. March 24, 2023), D.I. 650 (extension of 180 days).

18. For the above reasons, the Litigation Trustee respectfully submits that an extension of the Claims Objection Deadline as requested herein is appropriate and in the best interests of the Litigation Trust Beneficiaries and other stakeholders in these bankruptcy cases.

## RESERVATION OF RIGHTS

19. The Litigation Trustee expressly reserves the right to seek further extensions of the Claims Objection Deadline.

## NO PRIOR REQUEST

20. The Litigation Trustee has not previously sought the relief requested herein from the Court or any other court.

## **NOTICE**

21. The Litigation Trustee will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) counsel to the Reorganized Debtors; and (c) any party that has requested post-Effective Date service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Litigation Trustee respectfully submits that no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Litigation Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (a) extending the Claims Objection Deadline by 180 days from December 3, 2025 through and including June 1, 2026, without prejudice to any request for further extensions of the Claims Objection Deadline, and (b) granting such other and further relief as the Court deems just and proper.

Dated: October 15, 2025
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Mark W. Eckard*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
        meckard@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Litigation Trustee*