**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Hearing Date: November 18, 2025 at 10:00 a.m. (Eastern)** |
| | **Obj. Deadline: November 12, 2025 at 4:00 p.m. (Eastern)** |

**MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF
RELATED PROCEEDINGS AND (II) GRANTING RELATED RELIEF**

Lawrence R. Hirsh, as Litigation Trustee (the "**Trustee**") in the above-captioned cases (these "**Cases**"), by and through his undersigned counsel, respectfully requests entry of an order granting the relief described below and states as follows:

**RELIEF REQUESTED**

1. The Litigation Trustee respectfully requests entry an order in substantially the same for attached hereto as Exhibit A (the "**Proposed Order**"), extending the time by which the Trustee and the Reorganized Debtors may file notices of removal for any proceedings that are eligible for removal under 28 U.S.C. § 1452 from October 28, 2025 (the "**Current Deadline**") by approximately ninety (90) days through and including January 26, 2026 (the "**Extended Deadline**"). The Trustee requests that the Extended Deadline to file removal actions apply to all

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Trustee confirms his consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief requested herein are Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-2.

## BACKGROUND

5.      On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

6.      On June 2, 2025, the Court entered an order [D.I. 1596] (the "**Confirmation Order**") confirming the Debtors' *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [D.I. 1454] (the "**Plan**") which, among other things, provided for the Litigation Trust to reconcile certain unsecured claims and to investigate, pursue, litigate, or settle the Permitted Litigation Claims. *See* Plan § 7.10. The Confirmation Order further provided that the Litigation Trust be administered in accordance with, and governed by, the terms of the Plan and the Litigation Trust Agreement (the "**LTA**"). *See* Confirmation Order ¶¶ 124, 125.

7. The Plan became effective, and the Litigation Trust was established, on June 6, 2025 (the "**Effective Date**").

8. Pursuant to the Plan and the LTA, the Litigation Trust is administered by the Litigation Trust with certain oversight by the Litigation Trust Advisory Board (the "**Advisory Board**"). *See* Plan § 7.10(f); LTA § 3.1. The Advisory Board is charged with monitoring the Litigation Trustee's performance and the Litigation Trustee must consult with the Advisory Board regarding key aspects of trust administration and management, including the handling of the Permitted Litigation Claims. *See* Plan § 7.10(b); LTA §§ 3.4, 3.6, 4.2.

9. On December 24, 2024 and April 28, 2025, the Debtors filed their Amended Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively and as was amended, the "**Schedules and Statements**") [Docket Nos. 500–554, 584 and 1328-1334]. The Schedules and Statements identified, among other things pending actions known as of the Petition Date.

10. As stated above, the Current Deadline is October 28, 2025. This is the Trustee's first request to extend the Current Deadline.

**DISCUSSION**

11. Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of

claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

13. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

14. The Court may extend the removal deadline established under Bankruptcy Rule 9027. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) ,overruled in part on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"); *Caperton v.*

*A.T. Massey Coal Co.,* 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp.v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49-50 (Bankr. S.D.N.Y. 1989) (removal period may be extended under Bankruptcy Rule 9006); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

15. Extensions of the removal period are routinely granted in this District. *See, e.g. In re AIO US, Inc.*, No. 24-11836 (CTG) (Bankr. D. Del. Dec. 2, 2024 [D.I. 535] (first extension) and March 26, 2025 [D.I. 900] (second extension)); *In re Yellow Corporation*, No. 23-111068 (CTG) (Bankr. D. Del. Nov. 8, 2023) [D.I. 1056] (first of five extensions); *In re Fred's, Inc.*, No. 19-11984 (CTG) (Bankr. D. Del. Dec. 27, 2019 [D.I. 647] (first extension) and Apr. 23, 2020 [D.I. 1028] (second extension)), *In re iMedia Brands, Inc.*, No. 23-10852 (KBO) (Bankr. D. Del. Jan. 18, 2024) [D.I. 904]; In re Kidde-Fenwal, Inc., No. 23-10638 (LSS) (Bankr. D. Del. Jan. 5, 2024) [D.I. 811]; In re FTX Trading Ltd., No. 22-11068 (JTD) (Bankr. D. Del. June 23, 2023) [D.I. 1692].

16. The Debtors disclosed numerous litigation matters in their Schedules and Statements. Since the Effective Date, the Trustee has been diligently analyzing and investigating claims and causes of action and reviewing other matters within the jurisdiction of the Trust.

17. As a result of the foregoing efforts and various others, the Trustee needs additional time to determine whether removing any civil actions is advisable and the Trustee and the

Reorganized Debtors require a reasonable amount of additional time to complete the evaluation of whether removal is appropriate in any litigation matters.

18. Accordingly, the Trustee and the Reorganized Debtors seek an extension of the Current Deadline under Bankruptcy Rule 9027(a) to protect the rights to remove those civil actions for which the Trustee or other parties in interest (such as the Reorganized Debtors) may determine that removal is appropriate. The extension sought will afford the Trustee and the Reorganized Debtors additional time to determine whether to remove any pending civil action and will ensure that the Trustee or the Reorganized Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.

19. The Trustee further requests that the order approving this Motion be without prejudice to (a) any position the Trustee or the Reorganized Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors and (b) the right of the Trustee or the Reorganized Debtors to seek further extensions of the period during which he may remove civil actions. Cause exists to grant the relief requested herein and such relief is in the best interest of the Debtors' estates.

**RESERVATION OF RIGHTS**

20. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Trustee's or the Reorganized Debtors right to dispute any claim or lien on any grounds; (c) a promise to pay any claim; or (d) an implication or admission that any particular claim would constitute an allowed claim. Nothing contained in this Motion or the Proposed Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

**NOTICE**

21.     The Trustee will provide notice of this Motion to: (a) the U.S. Trustee; (b) the parties to the Actions or their counsel, if known; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary.

WHEREFORE the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: October 28, 2025<br>Wilmington, Delaware | **RAINES FELDMAN LITTRELL LLP**<br><br>*/s/ Mark W. Eckard*<br>Thomas J. Francella, Jr. (No. 3835)<br>Mark W. Eckard (No. 4542)<br>824 North Market Street, Suite 805<br>Wilmington, DE 19801<br>Telephone: (302) 772-5803<br>Email: tfrancella@raineslaw.com<br>         meckard@raineslaw.com<br><br>- and -<br><br>Hamid R. Rafatjoo (*pro hac vice*)<br>4675 MacArthur Court, Suite 1550<br>Newport Beach, CA 92660<br>Telephone: (310) 440-4100<br>Email: hrafatjoo@raineslaw.com<br><br>- and -<br><br>David S. Forsh (*pro hac vice*)<br>1350 Avenue of the Americas, 22nd Floor<br>New York, NY 10019<br>Telephone: (917) 790-7100<br>Email: dforsh@raineslaw.com<br><br>*Counsel to the Litigation Trustee* |