**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | RE: D.I. 1862 |

**ORDER SUSTAINING THE LITIGATION TRUSTEE'S**
**FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE)**
**TO CERTAIN AMENDED, SUPERSEDED OR DUPLICATE CLAIMS**

Upon the *Litigation Trustee's First Omnibus Objection (Non-Substantive) to Certain Amended, Superseded or Duplicate Claims* (the "**Objection**")[2] for the entry of an order disallowing and expunging certain claims; and upon the Hirsh Declaration; and it appearing that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Objection and opportunity for a hearing thereon were appropriate and that no other notice need be provided; and this Court having reviewed the Objection and any responses thereto; and

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS). On June 6, 20025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("**TopCo**") emerged from the chapter 11 cases as Reorganized Debtors [D.I. 1605]. TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [D.I. 1689].

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed in the Objection.

1

10619009.1

this Court having considered the statements and arguments relating thereto at a hearing before the Court or having determined that no such hearing was necessary in the particular circumstances; and this Court having determined that the legal and factual bases set forth in the Objection and at any such hearing establish just cause for the relief granted herein (this "**Order**"); and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Each of the claims identified in the column titled "Claims to be Disallowed" on the attached **Schedule 1** (the "**Amended Claims**") is hereby disallowed and expunged in its entirety. Each of the corresponding claims identified on such schedule in the column titled "Surviving Claim" shall remain on the Claims Register, subject to further objection on any applicable grounds.

3. Each of the claims identified in the column titled "Claims to be Disallowed" on the attached **Schedule 2** (the "**Superseded Claims**") is hereby disallowed and expunged in its entirety. Each of the corresponding claims identified on such schedule in the column titled "Surviving Claim" shall remain on the Claims Register, subject to further objection on any applicable grounds.

4. Each of the claims identified in the column titled "Claims to be Disallowed" on the attached **Schedule 3** (the "**Duplicate Claims**") is hereby disallowed and expunged in its entirety. Each of the corresponding claims identified on such schedule in the column titled "Surviving Claim" shall remain on the Claims Register, subject to further objection on any applicable grounds.

5. The Claims Register shall be modified in accordance with this Order.

6. Nothing in this Order shall be construed as an allowance of any claim, including but not limited to any Surviving Claims identified on any schedule hereto, or as a waiver or release

of any right, claim, cause of action, defense, or counterclaim of the Litigation Trust, the Litigation Trustee or Reorganized Debtors.  All rights of the Litigation Trust, the Litigation Trustee or the Reorganized Debtors under the Plan and Litigation Trust Agreement, including without limitation with respect to any claims remaining on the Claim Register, are expressly preserved.

7. For each Amended Claim, Superseded Claim and Duplicate Claim (collectively, the "**Subject Claims**") the Objection constitutes a separate contested matter under Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Subject Claim.  Any stay pending appeal by any claimant whose claims are subject to this Order shall apply only to the contested matter involving such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection or by this Order.

8. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. This Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters related to or arising from the implementation, interpretation or enforcement of this Order.

**Dated: November 19th, 2025**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

3

10619009.1