IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) **Hearing Date:** December 17, 2025 at 10:00 a.m. (ET) |
| | ) **Objection Deadline:** December 5, 2025 at 4:00 p.m. (ET) |

### REORGANIZED DEBTORS' MOTION FOR ORDER FURTHER EXTENDING THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE UNDER CONFIRMED CHAPTER 11 PLAN

The above captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors"), state as follows in support of this motion (this "Motion"):[3]

### Relief Requested

1. The Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline to object to Administrative Expense Claims (the "Administrative Expense Claims Objection Deadline") through and including

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605]. TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.

June 1, 2026 with respect to all Debtors, without prejudice to the rights of the Reorganized Debtors to seek further extensions of the Administrative Expense Claims Objection Deadline.[4]

### Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 3.2 of the Plan, as confirmed by the Court [Docket Nos. 1596 & 1682].

### Background

**A.    General Background**

5. On November 3, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 the Bankruptcy Code (collectively, these "Chapter 11 Cases"). Prior to the effective date of the Plan, the Debtors operated their businesses and managed their

---

[4] Pursuant to Rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Administrative Expense Claims Objection Deadline is automatically extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

2

property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. On November 11, 2024, the Debtors filed a chapter 11 plan [Docket No. 150] and a related disclosure statement [Docket No. 151], which were subsequently amended [Docket Nos. 654, 655, 894, 895, 925, 926, 957, 958, 995, 996, 1015, 1233, 1312, & 1454].

7. On May 7, 2025, the Court entered an order [Docket No. 1429] (the "Sale Order") approving the sale (the "Sale") of substantially all of Debtor Franchise Group Intermediate V, LLC's assets to TVS Buyer, LLC (the "Buyer"). In connection with the Sale, as set forth in the Sale Order and the asset purchase agreement attached to the Sale Order as Exhibit 1, the Buyer assumed certain liabilities. The Sale closed on May 19, 2025.

8. On June 2, 2025, the Court entered an order [Docket No. 1596] confirming the Plan as to all Debtors (collectively, the "OpCo Debtors") other than TopCo, and the Plan became effective on June 6, 2025. On July 1, 2025, the Court entered an order confirming the Plan with respect to TopCo [Docket No. 1682], and the Plan as to TopCo became effective on July 3, 2025 [Docket No. 1689].

**B.** **Claims Administration**

9. Pursuant to the Plan, the deadline for filing Administrative Expense Claims against the OpCo Debtors was July 7, 2025, and the deadline to file Administrative Expense Claims against TopCo was August 4, 2025. Under section 3.2 of the Plan, the Reorganized Debtors have the right to file objections to, or otherwise contest, the allowance of, Administrative Expense Claims. Plan, §§ 1.36, 3.2. Additionally, section 3.2(a) of the Plan provides that the

3

Administrative Expense Claims Objection Deadline may be further extended by approval of the Court. Plan, § 3.2(a).

10. On July 29, 2025, the Reorganized Debtors filed a motion seeking to extend the Administrative Expense Claims Objection Deadline [Docket No. 1769]. On August 15, 2025, the Court entered an order extending the Administrative Expense Claims Objection Deadline by 120 days, through and including December 3, 2025 with respect to the OpCo Debtors and through and including December 30, 2025 with respect to TopCo.

11. To date, approximately 19,000 Proofs of Claim have been asserted in the Chapter 11 Cases, including various Administrative Expense Claims. The Reorganized Debtors and their professionals have been working to review and reconcile such claims with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying categories of claims that may be targeted for modification, disallowance, or expungement.

**Basis for Relief**

12. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Administrative Expense Claims Objection Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

14. The Reorganized Debtors submit that cause exists to grant the extension sought herein. Following the Petition Date, the Debtors devoted significant resources to successfully confirming a consensual chapter 11 plan. The Plan, as confirmed, established a deadline by which claimants were required to file Administrative Expense Claims in these Chapter 11 Cases.

15. The Reorganized Debtors have been diligently evaluating and addressing such claims but require additional time to properly and carefully evaluate the Administrative Expense Claims filed in these Chapter 11 Cases and fully reconcile them. As of the date of filing this Motion, the Reorganized Debtors have filed five (5) omnibus claims objections [Docket Nos. 1845, 1856, 1890, 1914, and 1915], and continue to review and reconcile the Proofs of Claims filed in these Chapter 11 Cases, including Administrative Expense Claims. Because the Reorganized Debtors' reconciliation of Proofs of Claim filed in these Chapter 11 Cases (including any Proof of Claim that assets that a portion of any such claim may be entitled to priority) and Administrative Expense Claims is ongoing, the Reorganized Debtors require an extension of the Administrative Expense Claims Objection Deadline.

16. Claimants will not be prejudiced by any such extension because allowing the Reorganized Debtors sufficient time to thoroughly review their records and address any inconsistencies with claimants and other interested parties on a consensual basis will promote efficiency and ensure that estate resources are not spent on needless and expensive litigation. In addition, an extension of the deadline will permit the Reorganized Debtors to carefully reconcile all Administrative Expense Claims and ensure that no claims are wrongly afforded priority to the detriment of other claimants. Therefore, the Reorganized Debtors submit that extending the Administrative Expense Claims Objection Deadline is both necessary and appropriate.

...

17. Accordingly, the Reorganized Debtors respectfully request the Court enter an order further extending the Administrative Expense Claims Objection Deadline through and including June 1, 2026 with respect to all Debtors, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline.

### Notice

18. The Reorganized Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Litigation Trust; and (c) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated: November 21, 2025
Wilmington, Delaware

*/s/ Allison S. Mielke*

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|---|---|
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone: (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile: (212) 446-4900 |
| Telephone: (302) 571-6600 | Email: joshua.sussberg@kirkland.com |
| Facsimile: (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email: emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtor* | *Co-Counsel to the Reorganized Debtor* |