**<u>Exhibit 1</u>**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) |

**STIPULATION GRANTING CONTINENTAL CASUALTY**
**COMPANY LIMITED RELIEF FROM THE PLAN INJUNCTION**

This stipulation (this "Stipulation")[2] is made and entered into by and between Pet Supplies "Plus" Holding, LLC and Pet Supply Stores, LLC d/b/a Pet Supplies and its reorganized debtor affiliates (collectively, the "Reorganized Debtors")[3] and Continental Casualty Company ("Continental" or the "Plaintiff," and collectively with the Reorganized Debtors, the "Parties" and each, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, Debtors Pet Supplies "Plus" Holding, LLC and Pet Supply Stores, LLC d/b/a Pet Supply are defendants (together, the "Defendants") in a civil action styled *Continental Casualty Company v. Pet Supplies "Plus" Holding, LLC, et al.*, Case No. 2:22-cv-11324, which is currently pending in the United States District Court for the Eastern District of Michigan

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan").

[3] References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan.

(the "District Court Action").  The District Court Action was filed on June 15, 2022 by Plaintiff seeking declaratory relief related to defense costs associated with Defendants' legal fees and costs incurred in defending against a civil action styled *Jennifer Walker v. PSP Stores, LLC d/b/a Pet Supplies Plus*, Case No. 2021 CH 03851 initiated in the Circuit Court of Cook County, Illinois (the "Walker Action").  The Walker Action was dismissed by order of the court on October 16, 2025;

WHEREAS, on November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Chapter 11 Cases were jointly administered solely for procedural purposes [Docket No. 88];

WHEREAS, on November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151].  Subsequently, the Debtors filed amended versions of the chapter 11 plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312, & 1454];

WHEREAS, on June 2, 2025 [Docket No. 1596] and July 1, 2025 [Docket No. 1682], the Court entered orders confirming the Debtors' chapter 11 plans.  The Effective Date of the Plan occurred on June 6, 2025 [Docket No. 1605] and July 3, 2025 [Docket No. 1689], with respect to all the Reorganized Debtors other than TopCo, and with respect to TopCo, respectively;

WHEREAS, on October 27, 2025, Plaintiff filed *Plaintiff's Motion to Lift the Automatic Stay and Request for Status Conference to Address Pending Motion for Summary Judgment* in the District Court Action [District Court Action, Docket No. 35], seeking to modify the automatic stay

2

and/or any plan injunction to proceed with the District Court Action, including to address the pending motion for summary judgment;[4]

**WHEREAS**, Plaintiff is enjoined by Article XII of the Plan (the "Plan Injunction") from continuing to prosecute the District Court Action;

**WHEREAS**, Plaintiff requested relief from the Plan Injunction, seeking to prosecute the District Court Action against the Defendants seeking a declaration with respect to the rights of the Parties of that certain insurance policy that may be applicable to the District Court Action issued by Continental, numbered GL 4014105374 for the policy period from September 12, 2012 to January 15, 2014 (such policy, the "Insurance Policy");

**WHEREAS**, the Parties have agreed that in exchange for certain consideration, the Reorganized Debtors will consent to limited relief from the Plan Injunction, to allow the Plaintiff to prosecute the District Court Action solely to determine whether Plaintiff is obligated to reimburse the Reorganized Debtors for their defense costs incurred in the Walker Action pursuant to the Insurance Policy.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The Plan Injunction is hereby modified solely to the limited extent necessary to enable: (a) the District Court Action to proceed to issue a declaration as to Plaintiff's duty to defend the Defendants under the Insurance Policy in connection with the Walker Action *provided*,

---

[4] Plaintiff's motion requests relief from the automatic stay to proceed with the District Court Action. The relief that is appropriately required at this stage of the Chapter 11 Cases is from the Plan Injunction (as defined herein).

*however*, that Plaintiff shall not seek to liquidate any claims or recover any award or assets from the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers; and (b) Defendants to recover, collect, and enforce any such judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the District Court Action.

3. Upon entry of the Court's order approving this Stipulation (the "Order"), Plaintiff hereby agrees to waive and release, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the District Court Action, from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers.

4. Except as otherwise expressly set forth herein, the Plan Injunction shall remain in full force and effect with respect to the Debtors, the Reorganized Debtors, and their estates.

5. For the avoidance of doubt, nothing in this Stipulation or the Order shall: (a) alter, amend, or otherwise modify the terms and conditions of any insurance policies, including the Insurance Policy, issued to the Reorganized Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policy; or (c) except as set forth in this Stipulation with respect to the Debtors, the Reorganized Debtors, each of their estates, or the Litigation Trust, preclude, limit, waive, impair or prejudice Plaintiff's rights in any way to pursue and/or litigate for coverage, or to pursue any declaratory relief, or assert any other

claims permitted by applicable law or under any applicable insurance policies in a court of competent jurisdiction.

6. From and after entry of the Order, Plaintiff hereby agrees to waive and release and shall not seek satisfaction of, and shall be permanently enjoined from seeking payment of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the District Court Action, against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or their successors, assigns (including any successor entity or entities of the Reorganized Debtors or the Litigation Trust pursuant to the Plan), employees, directors, officers, or managers.

7. By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the District Court Action, except as otherwise expressly set forth herein.

8. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

9. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation. This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

10. This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

11. While the Parties may incur costs, fees (including attorneys' fees), expenses, or charges associated with entering into and performing under this Stipulation, the Parties and their

respective counsel agree they shall not seek to recover any such fees and/or costs from the other Parties.

12. Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and/or to enforce this Stipulation; (b) in connection with any coverage dispute; or (c) to establish that the Plan Injunction has been modified for the limited purpose described herein in accordance with the terms of this Stipulation.

13. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

14. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, shall be of no force and effect.

15. This Stipulation is subject to the approval of the Court and shall only be effective upon entry of the Order. The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

16. The Parties consent to the Court's jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

**STIPULATED AND AGREED TO THIS 25TH DAY OF NOVEMBER, 2025:**

Dated: November 25, 2025
Wilmington, Delaware

 */s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253
Email:   emorton@ycst.com
         mlunn@ycst.com
         amielke@ycst.com
         sborovinskaya@ycst.com

*Co-Counsel to the Reorganized Debtor*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   joshua.sussberg@kirkland.com
         nicole.greenblatt@kirkland.com
         derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500
Email:   mark.mckane@kirkland.com

*Co-Counsel to the Reorganized Debtor*

**TRESSLER LLP**
*/s/ Grace E. Delott*
Todd S. Schenk
Grace E. Delott
233 South Wacker Drive,
61st Floor
Chicago, IL 60606
Telephone:  (312) 627-4000
Email:  tschenk@tresslerllp.com
        gdelott@tresslerllp.com

*Counsel to the Plaintiff*