**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRANCHISE GROUP, INC.,[1] | ) | Case No. 24-12480 (LSS) |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) | **Re: Docket No. _____** |
|  | ) |  |
|  | ) |  |

**ORDER APPROVING STIPULATION GRANTING
LIMITED RELIEF FROM THE PLAN INJUNCTION**

Upon consideration of the *Stipulation Granting Randall Parham Limited Relief from the Plan Injunction*, attached hereto as **Exhibit 1** (the "Stipulation"),[2] by and between Lawrence R. Hirsh, as Litigation Trustee (the "Litigation Trustee") in the above-captioned cases and Randall Parham (the "Plaintiff," and collectively with the Litigation Trustee, the "Parties" and each, a "Party"); all as more fully set forth in the Stipulation; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]   The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456.  The terms "Reorganized Debtors" or "Debtors" (as defined below), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation or the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable.  References herein to the "Reorganized Debtors" refer to PSP Franchising, LLC and its reorganized debtor affiliates on or after the Effective Date of the Plan.  References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan.

10684216.1

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Stipulation is (a) approved in its entirety, (b) incorporated by reference as if fully set forth herein, and (c) shall be effective immediately upon entry of this order (this "Order").

2.     Any injunctions imposed by the Plan are hereby modified solely to enable:  (a) the Action to proceed to final judgment, settlement, or award; (b) any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral any such insurer is holding, to the extent the Insurer had valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the Insurance Policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiff to recover, collect, and enforce any such judgment, settlement, or award (if any) solely from the proceeds of or against the Insurance Policy, if available.  From and after entry

2

of this Order, Plaintiff shall waive and release, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

3.      From and after the entry of this Order, except solely with respect to any insurance proceeds, the Plaintiff hereby waives entitlement to payment from the Litigation Trust, the Debtors, or the Reorganized Debtors, including for any self-insured retention, deductible, or similar payment obligations on behalf of the Debtors or the Reorganized Debtors.

4.      From and after the entry of this Order, the Proof of Claim that is designated claim number 1629, which was filed by the Plaintiff in the Chapter 11 Cases (the "Plaintiff's POC"), shall be deemed withdrawn without any further action on the part of any Party, and the Plaintiff shall not be entitled to receive a distribution under the Plan.

5.      Notwithstanding Bankruptcy Rule 4001(a)(3), the terms of this Order are immediately effective and enforceable upon its entry.

6.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

10684216.1

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

10684216.1

## Exhibit 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | |

## STIPULATION GRANTING RANDALL PARHAM
## LIMITED RELIEF FROM THE PLAN INJUNCTION

This stipulation ("Stipulation")[2] is made and entered into by and between Lawrence R. Hirsh, as Litigation Trustee (the "Litigation Trustee") in the above-captioned cases and Randall Parham (the "Plaintiff," and collectively with the Litigation Trustee, the "Parties" and each, a "Party"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, Debtor PSP Franchising, LLC is a defendant, along with Brixmor Holdings 1 SPA LLC, Jaroq Enterprises Inc., and Does 1 to 100 (collectively, the "Defendants") in a civil action styled *Randall Parham v. Brixmor Holdings 1 SPE LLC; Jaroq Enterprises Inc.; and Does 1 to 100*, Case No. 2023CUPP014040, which is currently pending in the Superior Court of the

---

[1]    The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The terms "Reorganized Debtors" or "Debtors" (as defined below), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"). References herein to the "Reorganized Debtors" refer to PSP Franchising, LLC and its reorganized debtor affiliates on or after the Effective Date of the Plan. References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan.

10684216.1

State of California, County of Ventura (the "Action").  The Action was filed on or around September 14, 2023 by Plaintiff and alleges, among other things, certain negligence and premises liability claims (all claims alleged in the Action, collectively, the "Claims");

**WHEREAS**, on November 3, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Chapter 11 Cases were jointly administered solely for procedural purposes [Docket No. 88];

**WHEREAS**, Plaintiff filed a Proof of Claim in the Chapter 11 Cases, which has been designated claim number 1629 ("Plaintiff's POC") and Plaintiff represents that Plaintiff has not filed any other Proof of Claim in these Chapter 11 Cases;

**WHEREAS**, on November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 151].  Subsequently, the Debtors filed amended versions of the chapter 11 plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312, & 1454];

**WHEREAS**, on June 2, 2025 [Docket No. 1596] and July 1, 2025 [Docket No. 1682], the Court entered orders confirming the Debtors' chapter 11 plans.  The Effective Date of the Plan occurred on June 6, 2025 [Docket No. 1605] and July 3, 2025 [Docket No. 1689], with respect to all the Reorganized Debtors other than TopCo, and with respect to TopCo, respectively;

**WHEREAS,** the Plan, among other things, established a Litigation Trust and appointed Lawrence R. Hirsh as the Litigation Trustee to administer the Litigation Trust Assets [Docket 1596, § 7.10], including reconciling certain unsecured claims, which would include Plaintiff's POC;

3

**WHEREAS**, Plaintiff is enjoined by Article XII of the Plan (the "Plan Injunction") from continuing to prosecute the Action;

**WHEREAS**, Plaintiff requested relief from the Plan Injunction, seeking to prosecute the Action against the Defendants to judgment, settlement, or award, and has agreed to seek satisfaction of any such judgment, settlement, or award that the Plaintiff may obtain against the Defendants *solely* from the proceeds of that certain insurance policy that may be applicable to the Action, including the policy issued by The Chubb Corporation (the "Insurer"), numbered XSL G72487886, effective from 2021 to 2022 (such policy, the "Insurance Policy");

**WHEREAS**, the Parties have agreed that in exchange for certain consideration, the Litigation Trustee will consent to limited relief from the Plan Injunction on the terms and conditions set forth in this Stipulation for the exclusive purpose of allowing the Plaintiff to liquidate the Claims and to satisfy any judgment, settlement, or award that may be issued, if any, on account of the Claims *solely* against the Insurance Policy, if available, and ***not***, for the avoidance of doubt, from the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.      The Plan Injunction is hereby modified solely to the limited extent necessary to enable:  (a) the Action to proceed in all respects to final judgment, settlement, or award; (b) the

4

Insurer, or any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral such Insurer is holding, to the extent the Insurer had valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the Insurance Policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiff to recover, collect, and enforce any such judgment, settlement, or award (if any) *solely* from the proceeds of, or against, the Insurance Policy, if available.[3]

      3.      Upon entry of the Court's order approving this Stipulation (the "Order"), Plaintiff hereby waives and releases, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.  To the extent Plaintiff

---

[3]    To the extent Plaintiff becomes aware of additional insurance policies applicable to its claims (in addition to the Insurance Policy) Plaintiff shall provide counsel to the Litigation Trust and counsel to the Reorganized Debtors with notice upon five (5) days of discovering such additional insurance policies.  The Litigation Trust and the Reorganized Debtors reserve all rights to object to injunctive relief with respect to any additional insurance coverage, and Plaintiff does not waive any rights to such additional coverage hereunder.

is awarded a judgment in connection with the Claims (the "Judgment"), (i) Reorganized Debtors will reasonably cooperate with Plaintiff, at Plaintiff's reasonable request and sole expense, to facilitate the satisfaction of such Judgment from insurance proceeds, if any, and (ii) to the extent insurance proceeds are remitted to the Litigation Trust or the Reorganized Debtors on account of such Judgment, the Litigation Trust and Reorganized Debtors will remit such proceeds to Plaintiff; provided, however, in the case of (i) and (ii), Reorganized Debtors' and the Litigation Trust's obligations shall be in all respects subject to and limited by the terms of the Insurance Policy, the Plan, and any order or other relevant finding issued in connection with the Judgment.

4.      Plaintiff acknowledges and agrees that: (a) any recovery by Plaintiff against the Defendants pursuant to a final judgment or settlement of the Claims and Action shall be limited solely to any available proceeds of the Insurance Policy; and (b) the Litigation Trustee and Reorganized Debtors have not made any representations or warranties as to the availability of any coverage under the Insurance Policy.

5.      Any judgment(s) or award(s) obtained by Plaintiff in the Action shall not be asserted as a claim against the Debtors, the Reorganized Debtors, the Litigation Trust, or any of the Litigation Trust's, the Debtors' or Reorganized Debtors' estates, successors, or assigns in the Chapter 11 Cases.   Accordingly, upon entry of the Order, Plaintiff's POC shall be deemed withdrawn without any further action on the part of any Party, and the Plaintiff shall not be entitled to receive a distribution under the Plan.

6.      Except as otherwise expressly set forth herein, the Plan Injunction shall remain in full force and effect with respect to the Debtors, the Reorganized Debtors, and their estates.

7.      Plaintiff shall not directly or indirectly seek to compel the Litigation Trust, the Debtors or any of the Reorganized Debtors to pay any deductible, self-insured retention, any retainage, or any other amount for or on account of any insurance carrier, provider, broker, or

6

policy, including in the event that payment of any deductible, self-insured retention, retainage, or any other amount shall be required to be paid as a condition to coverage or payment under the Insurance Policy, and the Litigation Trust, the Debtors and the Reorganized Debtors expressly shall not be required to make any such payment to the Plaintiff.

8.      For the avoidance of doubt, nothing in this Stipulation or Order shall:  (a) alter, amend, or otherwise modify the terms and conditions of any insurance policies, including the Insurance Policy, issued to the Debtors or Reorganized Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policy; (c) alter, amend, or otherwise modify the Litigation Trust's, Debtors' or the Reorganized Debtors' obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (d) alter, amend, or otherwise modify any of the Litigation Trust's, Debtors' or the Reorganized Debtors' other obligations under the insurance policies, including the Insurance Policy, and related agreements; (e) create a new direct right of action by the Plaintiff against any of the Litigation Trust's, Debtors' or Reorganized Debtors' insurers; (f) preclude or limit, in any way, the rights of any insurer, including the Insurer, to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policy or to assert any defenses to coverage under any allegedly applicable policy, including the Insurance Policy or to otherwise assert any defenses to coverage under the Insurance Policy, as applicable; or (g) constitute a determination or admission that coverage exists with respect to the Plaintiff's claims.

9.      From and after entry of the Order, Plaintiff shall waive and release and shall not seek satisfaction of, and shall be permanently enjoined from seeking payment of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or their successors,

7

assigns (including any successor entity or entities of the Reorganized Debtors or the Litigation Trust pursuant to the Plan), employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

10.     Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as limiting any rights, remedies, or recovery options of any third party.

11.     By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Action, except as otherwise expressly set forth herein.

12.     Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

13.     Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.  This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

14.     This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

15.     While the Parties may incur costs, fees (including attorneys' fees), expenses, or charges associated with entering into and performing under this Stipulation, the Parties and their respective counsel agree they shall not seek to recover any such fees and/or costs from the other Parties.

16.     Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary:  (a) to obtain approval of and/or to enforce this Stipulation; or (b) to establish that the Plan Injunction has been modified for the limited purpose described herein in accordance with the terms of this Stipulation.

17.     This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

18.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, shall be of no force and effect.

19.     This Stipulation is subject to the approval of the Court and shall only be effective upon entry of the Order.  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

20.     The Parties consent to the Court's jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

9

10684216.1

**STIPULATED AND AGREED TO THIS 22nd DAY OF DECEMBER, 2025:**

Dated: December 22, 2025
Wilmington, Delaware

<div style="margin-left: 50%;">

_/s/ Mark W. Eckard_

**RAINES FELDMAN LITTRELL LLP**
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North King Street, Suite 805
Wilmington, DE 19801
(302) 772-5803
tfrancella@raineslaw.com
meckard@raineslaw.com

- and –

Hamid R. Rafatjoo (_pro hac vice_)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and –

David S. Forsh (_pro hac vice_)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

_Counsel to the Litigation Trustee_

</div>

Dated: December 22, 2025
Deemed executed in Wilmington, Delaware

_/s/ Aaron Brown_

Aaron Brown
**California Trial Team**
18650 MacArthur Blvd., Suite 300
Irvine, CA 92612
Telephone: (562) 495-8405

_Counsel to the Plaintiff_

10684216.1