IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANCHISE GROUP, INC.,[1] | ) Case No. 24-12480 (LSS) |
| | ) |
| Reorganized Debtor. | ) |
| | ) **Re: Docket No. 1949** |
| | ) |

### ORDER APPROVING STIPULATION GRANTING
### LIMITED RELIEF FROM THE PLAN INJUNCTION

Upon consideration of the *Stipulation Granting Randall Parham Limited Relief from the Plan Injunction*, attached hereto as **Exhibit 1** (the "Stipulation"),[2] by and between Lawrence R. Hirsh, as Litigation Trustee (the "Litigation Trustee") in the above-captioned cases and Randall Parham (the "Plaintiff," and collectively with the Litigation Trustee, the "Parties" and each, a "Party"); all as more fully set forth in the Stipulation; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The terms "Reorganized Debtors" or "Debtors" (as defined below), as applicable, also include certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation or the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan"), as applicable. References herein to the "Reorganized Debtors" refer to PSP Franchising, LLC and its reorganized debtor affiliates on or after the Effective Date of the Plan. References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan.

10684216.1

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is (a) approved in its entirety, (b) incorporated by reference as if fully set forth herein, and (c) shall be effective immediately upon entry of this order (this "<u>Order</u>").

2. Any injunctions imposed by the Plan are hereby modified solely to enable: (a) the Action to proceed to final judgment, settlement, or award; (b) any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral any such insurer is holding, to the extent the Insurer had valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the Insurance Policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiff to recover, collect, and enforce any such judgment, settlement, or award (if any) solely from the proceeds of or against the Insurance Policy, if available. From and after entry

of this Order, Plaintiff shall waive and release, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.

3. From and after the entry of this Order, except solely with respect to any insurance proceeds, the Plaintiff hereby waives entitlement to payment from the Litigation Trust, the Debtors, or the Reorganized Debtors, including for any self-insured retention, deductible, or similar payment obligations on behalf of the Debtors or the Reorganized Debtors.

4. From and after the entry of this Order, the Proof of Claim that is designated claim number 1629, which was filed by the Plaintiff in the Chapter 11 Cases (the "Plaintiff's POC"), shall be deemed withdrawn without any further action on the part of any Party, and the Plaintiff shall not be entitled to receive a distribution under the Plan.

5. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms of this Order are immediately effective and enforceable upon its entry.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

10684216.1

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**Dated: December 31st, 2025**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

10684216.1