**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>Hearing Date: To Be Determined<br>Obj. Deadline: January 16, 2026 at 4:00 p.m. (ET) |

### MOTION OF DANIEL LARSEN AND NELIA LOPEZ FOR RELIEF FROM THE AUTOMATIC STAY AND/OR ANY PLAN INJUNCTION

Daniel Larsen and Nelia Lopez ("Larsen," "Lopez" or "Movants"), by and through their undersigned counsel, respectfully move this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting relief from the automatic stay and/or any plan injunction to allow Movants to (a) prosecute the Lawsuit (defined below) and enforce any judgment obtained on account of the same against debtor Franchise Group, Inc. ("Franchise Group"); and (b) recover any final judgment or settlement against Franchise Group solely from proceeds of the Insurance Policy (defined below), if any, and not from the Debtor, its estate, or its successor, and subject to

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

any applicable limit, self-insured retention, or deductible in the Insurance Policy. In support of this Motion, Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Local Rule 9013-1(f), Movants consent to the entry of a final order by the Court in connection with this Motion[2] to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1410.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 362(d), Bankruptcy Rule 4001(a), and Local Rule 4001-1.

## BACKGROUND

4. On July 8, 2022, at approximately 5:00 p.m., Larsen was operating his motorcycle, a 2020 Harley Davidson FLHXS, northbound on Whitney Road, a public thoroughfare, just past the intersection of 21st Street in Jackson County, Missouri.

5. At said time and place, Lopez was a passenger riding on the back of Larsen's motorcycle.

6. At said time and place, Tenell D. Bryant ("Bryant") was operating a 2022 Freightliner M2106, while employed by Franchise Group, Inc. d/b/a American Freight, Inc. northbound on Whitney Road, stopping in the roadway in front of Larsen and Lopez.

---

[2] Movants do not consent to jurisdiction of this court to enter a final order for any purpose other than the resolution of this Motion.

7. At said time and place, Bryant began reversing on the roadway and collided with Plaintiffs' motorcycle. As a result, Movants sustained substantial bodily injuries.

8. On February 3, 2025, Movants filed a complaint against Franchise Group alleging that Franchise Group and Bryant had negligently caused their injuries in the Circuit Court of Jackson County, Missouri at Kansas City titled: *Daniel Larsen and Nelia Lopez v. Tenell D. Bryant and Franchise Group, Inc. d/b/a American Freight, Inc.*, No. 2516-CV03340 (the "Lawsuit").

9. On November 3, 2024 (the "Petition Date"), Franchise Group, and affiliated companies, including Franchise Group, (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

10. As of the Petition Date, the automatic stay pursuant to section 362 of the Bankruptcy Code precludes Larsen and Lopez from litigating their claims against the Franchise Group.

11. On November 3, 2024 (the "**Petition Date**"), the above-captioned debtors (each a "**Debtor**," and together the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases, which are being jointly administered (the "**Chapter 11 Case**").

12. Section 12.6 of the Debtors' confirmed plan provides a broad injunction against actions to collect or recover on claims. *See* D.I. 1454 at pg. 12.6.

13. Upon information and belief, certain of the Debtors' insurance policies may be applicable to the Lawsuit (collectively, the "Insurance Policy").

14.     Movants intend to proceed with the Lawsuit to attempt to execute, levy, and collect upon any judgment as may be obtained in such lawsuit against Franchise Group from proceeds of the Insurance Policy only, if any, and not from any of the Debtors or their estates.

## **RELIEF REQUESTED**

15.     By this Motion, Movants respectfully request that this Court enter the Proposed Order to allow Movants to (a) prosecute the Lawsuit (and enforce any judgment obtained on account of the same) against Franchise Group; and (b) recover any final judgment or settlement against the Franchise Group solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Policy.

16.     Also, Movants seek an order modifying any plan injunction terms so that it does not enjoin Movants from proceeding with the Lawsuit to collect solely from the Debtors' available insurance.

## **BASIS FOR RELIEF**

17.     Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection
(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
(2) with respect to a stay of an act against property under subsection (a) of this section, if—

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2).

18. Except for lack of adequate protection, "cause" is not defined in section 362(d)(1). This Court has held that "[c]ause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Abeinsa Holding, Inc.*, 2016 WL 5867039, at *2 (Bankr. D. Del. Oct. 6, 2016) (citing *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007)); *see also Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993). In considering the totality of the circumstances, the Court "is accorded considerable discretion in evaluating the competing interests." *In re Bell*, 476 B.R. 168, 179 (Bankr. E.D. Pa. 2012) ("[I]n some cases, . . . the equities of freeing the creditor from the restraint of the automatic stay may outweigh the potential negative impact that such relief would have on the bankruptcy process."). *Id.*

19. Courts in this District apply a three-factor balancing test to determine whether cause exists to lift the automatic stay, which examines whether: (i) any great prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (ii) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (iii) the creditor has a probability of prevailing on the merits. *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Gulph Woods Corp.*, 84 B.R. 961, 972 (Bankr. E.D. Pa. 1988) (evaluating whether a secured lender received "adequate protection" from a debtor requires "a particular focus upon the value of the collateral, the likelihood that it will depreciate or appreciate over time, [and] the prospects for successful

5

reorganization of the Debtor's affairs"). Cause may be established by a single factor, however, that weighs in favor of lifting the stay. *In re Rexene*, 141 B.R. at 576.

20. "The movant bears the initial burden to produce evidence that cause exists to grant relief from the automatic stay; if the movant meets its burden, then the burden shifts to [the] opposing party." *In re DBSI, Inc.*, 407 B.R. 159, 166 (Bankr. D. Del. 2009) (citing *In re Rexene*, 141 B.R. at 577).

21. All factors weigh heavily in favor of lifting the automatic stay to allow Movants to pursue the Lawsuit and recover against insurance proceeds of the Debtors.

**A.    Cause Exists to Grant Movants Relief from the Automatic Stay**

22. *First*, Movants will be prejudiced if the automatic stay is not lifted because Franchise Group is a necessary party to the Lawsuit. As discussed *supra*, Movants were injured as a result of Bryant's negligence.

23. *Second*, lifting the automatic stay will not prejudice the Debtors, their estates, their successors, including any purchaser of the Debtors' assets or equity. Movants are not requesting that the Debtors, their estates, and/or their successors, be required to fund costs associated with (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any non-Debtor defendants or any insurance carrier pursuant to the terms of an applicable insurance policy, if any, or (c) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any, against the Debtors, their estates, or their successors, including any purchaser of the Debtors' assets or equity, in the Lawsuit.

24. *Third*, Movants will succeed in their personal injury claim. *See In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (Bankr. D. Del. 1993) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). Here, Movants were injured as a result of Bryant's negligence in operating the motor vehicle which collided with them during his employment with Franchise Group.

### RESERVATION OF RIGHTS

25. Movants expressly reserve all of their rights with respect to this Motion, including the right to amend or supplement this Motion at any time prior to the final hearing thereon.

### NOTICE

26. Movants will provide notice of this Motion via first class mail, facsimile or email (where available) to interested parties. In light of the nature of the relief requested, Movants request that this Court find that no further notice is required.

### NO PRIOR REQUEST

27. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### CONCLUSION

WHEREFORE, Movants respectfully request that the Court enter the Proposed Order granting relief from the automatic stay and/or any plan injunction to allow Movants to (a) file and prosecute the Lawsuit (and enforce any judgment obtained on account of the same) against Franchise Group; and (b) recover any final judgment or settlement against Franchise Group solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Policy.

Dated: December 31, 2025						PIERSON FERDINAND LLP

                                                    /s/ *Carl D. Neff*
                                                   Carl D. Neff (No. 4895)
                                                   Maura L. Burke (No. 5313)
                                                   CSC Station
                                                   112 S. French Street
                                                   Wilmington, Delaware 19801
                                                   Telephone: (302) 482-4244
                                                   carl.neff@pierferd.com
                                                   maura.burke@pierferd.com

                                                 *Counsel to Movants,*
                                                 *Daniel Larsen and Niela Lopez*