**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>              Reorganized Debtor. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>Hearing Date: February 18, 2026 at 10:00 a.m. (ET)<br><br>Objection Deadline: January 19, 2026 at 4:00 p.m. (ET) |

**MOTION OF THE LITIGATION TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 (I) AUTHORIZING EXAMINATION OF LISA FAIRFAX, (II) REQUIRING PRODUCTION OF DOCUMENTS, AND (III) GRANTING RELATED RELIEF**

Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] by and through his undersigned counsel, hereby moves (this "**Motion**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing the examination of Lisa Fairfax (the "**Examinee**") to include (i) documents and communications responsive to the document requests attached as **Exhibit 1** to the Proposed Order (the "**Document Requests**") and such other and further document requests as deemed necessary by the Litigation Trustee and (ii) deposition

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms not defined herein have the meanings given to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1596-1] (the "**Plan**").

1

10688399.7

testimony related thereto. In support of this Motion, the Litigation Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Plan, Confirmation Order[3] and the LTA,[4] the Litigation Trustee has the authority and duty to, among other things, investigate the Permitted Litigation Claims (the "**Investigation**"). To that end, the Litigation Trustee requires documents, communications and deposition testimony from various sources. The Examinee was a director of Franchise Group, Inc. at times relevant to the Investigation, and as such, may have documents and/or information relevant to the Investigation within her possession, custody or control (collectively, the "**Documents**"). The Litigation Trustee has requested the Documents from the Examinee to no avail. The scope of the Document Requests is limited to only documents and information necessary and pertinent to the Investigation. To date, the Litigation Trustee has not received any of the Documents and the lack thereof is hindering and delaying the Investigation.

2. The Litigation Trust Beneficiaries have a *bona fide* interest in the prompt and efficient completion of the Investigation. Delays and contested efforts to obtain necessary materials, such as those caused by the Examinee, unnecessarily increase costs and risk the loss of information related to Permitted Litigation Claims, which may diminish the Litigation Trust Assets. The relief sought in this Motion is necessary to avoid further delays and enable the Litigation Trustee to fulfill his duties under the Plan and Litigation Trust Agreement.

---

[3] The "**Confirmation Order**" is the *Findings Of Fact, Conclusions Of Law, And Order (I) Confirming The Ninth Amended Joint Chapter 11 Plan Of Franchise Group, Inc. And Its Debtor Affiliates And (II) Approving The Global Settlement And Release Of Claims And Causes Of Action By And Among The Global Settlement Parties* [D.I. 1596].

[4] The "**LTA**" is the *Litigation Trust Agreement and Declaration of Litigation Trust* dated as of June 6, 2025, by and among the parties thereto, established pursuant to the Plan and the Confirmation Order.

2

3.     The Litigation Trustee thus respectfully requests that the Court direct the Examinee to (i) produce all of the Documents on or before the fourteenth (14th) day after entry of the Proposed Order, (ii) produce other and further Documents requested by the Litigation Trustee as prompted by Documents produced in response to the Document Requests, on or before the fourteenth (14th) day after service of any such additional request (each, an "**Additional Document Request**"), and (iii) provide oral deposition testimony in accordance with applicable rules, upon written notice by the Litigation Trustee.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, the Plan, and the Confirmation Order.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409(a).

5.     The Litigation Trustee consents to the entry of a final order in connection with this Motion in accordance with Local Rule 9013-1(f) if it is determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.     The predicates for the relief requested herein are Bankruptcy Rule 2004 and Local Rule 2004-1.

## BACKGROUND

*A.     The Chapter 11 Cases & Establishment of Litigation Trust*

7.     On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

10688399.7

8.      On June 2, 2025, the Court confirmed the Plan pursuant to the Confirmation Order. The Plan provides for the establishment of the Litigation Trust and the irrevocable transfer thereto of the OpCo Debtors' and the Freedom HoldCo Debtors' rights, title and interest in the Litigation Trust Assets, for the benefit of Litigation Trust Beneficiaries, free and clear of all Claims, Liens, encumbrances, or interests.  Plan § 7.10.  The Litigation Trust Assets include, among other things, the Permitted Litigation Claims.  The Plan provides the Litigation Trustee with the authority and duty to reconcile certain unsecured claims and to investigate, pursue, litigate, and/or settle the Permitted Litigation Claims.  Plan § 7.10 and LTA Art. III.  The Confirmation Order further provides that the Litigation Trust be administered in accordance with, and governed by, the terms of the Plan and the LTA.  Confirmation Order ¶¶ 124 and 125.

9.      On June 6, 2025 (the "**Effective Date**"), the Plan became effective, the Litigation Trust was established, and the Litigation Trustee was appointed.  *See* D.I. 1371-2 and 1605.  The Court retains continuing jurisdiction over all matters arising in, under, or related to the Chapter 11 Cases.  Confirmation Order ¶ 168; Plan Art. XIII; and LTA § 11.2.11.

### B.      *The Litigation Trustee's Investigation & Document Requests*

10.     The Litigation Trustee's efforts to evaluate the Permitted Litigation Claims and reconcile claims are ongoing.  The LTA provides for certain documents or other assistance to be provided to the Litigation Trust, including without limitation, (a) the complete and unredacted investigative reports of the Freedom HoldCo Independent Director and of the Independent Directors (together, the "**Prior Investigative Reports**")[5] and Information provided by the Debtors in connection with such Prior Investigative Reports, and (b) Information relating to the Permitted

---

[5] The scope of the Permitted Litigation Claims exceeds the scope of the Prior Investigative Reports.

4

10688399.7

Litigation Claims in the possession, custody and control of the Reorganized Debtors to the extent set forth in the LTA. LTA § 2.6.1.

11. Upon his appointment, the Litigation Trustee requested, among other things, documents and other materials produced or prepared in connection with the Prior Investigative Reports from various persons in possession of such materials. Certain of the Litigation Trustee's document requests were initially denied on the grounds that the protective order entered on December 12, 2024 [D.I. 306] (the "**Protective Order**") prohibited the production of certain materials. Therefore, on September 5, 2025, the Litigation Trustee was forced to file the *Litigation Trustee's Motion to Modify Protective Order* [D.I. 1851] (the "**Protective Order Motion**") to allow for the disclosure and use of restricted materials. Pursuant to the Court's directive at an initial hearing on the Protective Order Motion, the Litigation Trustee served the Protective Order Motion – or confirmed consent thereto – on certain additional parties. On October 29, 2025, the Court entered the *Order Granting Litigation Trustee's Motion to Modify Protective Order* [D.I. 1904] (the "**Order Modifying Protective Order**"), thereby granting the Protective Order Motion. In accordance with the Order Modifying Protective Order, the Litigation Trustee received various documents and information related to the Prior Investigative Reports.[6] The Litigation Trustee's review and analysis of such production is ongoing.

12. The Litigation Trustee has learned that certain former directors of one or more of the Debtors provided no documents in connection with the Prior Investigative Reports. Those individuals, including the Examinee, may have documents, communications and other relevant information concerning the Investigation. Specifically, the Examinee was a director of Debtor

---

[6] Specifically, such production was received from counsel involved with preparing the Prior Investigative Reports.

5

10688399.7

Franchise Group, Inc. at times relevant to the Investigation. Accordingly, by letter dated November 21, 2025, a copy of which is attached hereto as **Exhibit B**, the Litigation Trustee requested the Documents from the Examinee. On December 16, 2025, the Litigation Trustee, through counsel, sent an email to the Examinee following up on the Document Request. To date, the Litigation Trustee has not received any of the Documents or any other response from the Examinee.

13. The Litigation Trustee requires the Documents in order to perform the Investigation. The Litigation Trustee may require other and further documents prompted by documents produced by the Examinee and within the scope of the Investigation.[7] In connection with the investigation, the Litigation Trustee may also require oral deposition testimony from the Examinee.

## RELIEF REQUESTED

14. The Litigation Trustee respectfully requests entry of an order directing the Examinee to (i) produce all of the Documents on or before the fourteenth (14th) day after entry of the Proposed Order, (ii) produce documents requested in an Additional Document Request on or before the fourteenth (14th) day after service of such Additional Document Request, and (iii) provide oral deposition testimony in accordance with applicable rules, upon written notice by the Litigation Trustee.

## BASIS FOR RELIEF REQUESTED

15. "[T]he court may order the examination of any entity." FED. R. BANKR. P. 2004(a). "[A]n entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information." *See* FED. R. BANKR. P. 2004(c). Rule 2004 examinations are conducted to

---

[7] The Litigation Trustee is not seeking any duplication of documents. Upon information and belief, the Examinee did not provide any documents to counsel involved with the Prior Investigative Reports.

10688399.7

"discover the nature and extent of the bankruptcy estate in order to distribute debtor's assets for the benefit of its creditors." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *see also In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). "One of the primary purposes of a Rule 2004 examination is as a pre-litigation device." *In re Washington Mut.*, 408 B.R. at 53.

16.     "The scope of a Rule 2004 examination is 'unfettered and broad.'" *In re Washington Mutual*, 408 B.R. at 49-50 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). Bankruptcy Rule 2004 permits such broad discovery because "[t]he purpose of a Rule 2004 examination is to 'discover the nature and extent of the bankruptcy estate' in order to distribute debtor's assets for the benefit of its creditors." *In re Millennium Lab Holdings*, 562 B.R. at 626 (quoting *In re Washington Mutual*, 408 B.R. at 50) Thus, discovery under Bankruptcy Rule 2004 includes within its scope any matter that may relate to "the debtor's acts, conduct, or property", assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate. *See* FED. R. BANKR. P. 2004(b); *In re Millennium Lab Holdings*, 562 B.R. at 626 ("[p]otential examinees include 'third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate.'"); *Simon v. FIA Card Servs., NA.*, 732 F.3d 259, 278 (3d Cir. 2013) ("A Rule 2004 examination may be used to cover a wide range of subjects relating to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.") (internal citations omitted).

17.     Here, good cause exists for the requested examination and the Document Requests fit squarely within the permissible scope of discovery under Bankruptcy Rule 2004. Pursuant to the confirmed Plan and LTA, the Litigation Trustee is empowered and authorized – and has a duty

7

10688399.7

– to investigate, pursue, litigate, and/or settle the Permitted Litigation Claims for the benefit of the Litigation Trust Beneficiaries. Plan § 7.10; LTA § 3.4.3. The Litigation Trustee has the power to "investigate any potential Permitted Litigation Claims and cause the Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004 in relation to the Permitted Litigation Claims." LTA § 3.4.8. The Document Requests seek Information concerning the Permitted Litigation Claims and should be produced to the Litigation Trustee.

18. The Litigation Trustee seeks information required to fulfill his duty to investigate and analyze Permitted Litigation Claims, including, among other things, information regarding: (i) the Prophecy Asset Management Fraud Allegations; (ii) the Badcock Transaction; (iii) the Take-Private Transaction; (iv) other prepetition transactions between one or more of the Debtors and insiders and/or third-parties; (v) documents regarding the Debtors' financial condition in the years leading to the bankruptcy filing; (vi) documents relating to the Debtors' corporate governance; and (vii) other information relating to potential causes of action under various provisions of the Bankruptcy Code that are included in the Permitted Litigation Claims. As a director of Debtor Franchise Group, Inc. during times relevant to the Investigation, the Examinee may have documents and/or information relevant to the Investigation.

19. Accordingly, the relief requested is necessary to enable the Litigation Trustee to properly conduct the Investigation.

## CERTIFICATION PURSUANT TO LOCAL RULE 2004-1

20. As required by Local Rule 2004-1(a), the Litigation Trustee, through counsel, has attempted to meet and confer with the Examinee. On November 21, 2025, the Litigation Trustee's counsel sent the Document Requests to the Examinee, *see* Exhibit B. On December 16, 2025, via email, the Litigation Trustee's counsel sought to meet and confer with the Examinee regarding the

10688399.7

Document Requests and the timing of such production. To date, the Examinee has not responded to the Litigation Trustee's November 21, 2025 letter or the December 16, 2025 email.

## RESERVATION OF RIGHTS

21. The Litigation Trustee reserves his rights to request, pursuant to Bankruptcy Rule 2004 or otherwise, additional documents or examinations upon review of the documents produced in connection with this Motion or otherwise. The Litigation Trustee reserves all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery from any party, to add additional parties, and to raise additional grounds for granting this Motion during any hearing on the Motion, should one be held.

## NOTICE AND NO PRIOR REQUEST

22. Notice of this Motion is being provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Examinee; (b) the Office of the United States Trustee for the District of Delaware; (c) the Reorganized Debtors; (d) any party that has requested post-Effective Date notice pursuant to Bankruptcy Rule 2002; and (e) any other parties set forth in the certificate of service filed in connection herewith. The Litigation Trustee submits that such notice is sufficient under the circumstances and that no other or further notice is required.

## NO PRIOR REQUEST

23. No prior request has been made for the relief sought in this Motion.

**CONCLUSION**

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order in substantially the form attached hereto as **Exhibit A** and grant the Litigation Trustee such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: January 5, 2026<br>Wilmington, Delaware | **RAINES FELDMAN LITTRELL LLP**<br><br> /s/ *Mark W. Eckard* <br>Thomas J. Francella, Jr.  (No. 3835)<br>Mark W. Eckard<br>824 North Market Street, Suite 805<br>Wilmington, DE 19801<br>Telephone: (302) 772-5803<br>Email: tfrancella@raineslaw.com<br>          meckard@raineslaw.com<br><br>- and -<br><br>Hamid R. Rafatjoo (*pro hac vice*)<br>4675 MacArthur Court, Suite 1550<br>Newport Beach, CA 92660<br>Telephone: (310) 440-4100<br>Email: hrafatjoo@raineslaw.com<br><br>- and -<br><br>David S. Forsh (*pro hac vice*)<br>1350 Avenue of the Americas, 22nd Floor<br>New York, NY 10019<br>Telephone: (917) 790-7100<br>Email: dforsh@raineslaw.com<br><br>*Counsel to the Litigation Trustee* |