**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | **Hearing Date:**<br>March 24, 2026 at 10:00 a.m. (ET) |
|  | **Objection Deadline:**<br>March 3, 2026 at 4:00 p.m. (ET) |

**REORGANIZED DEBTOR'S SEVENTH (7TH) OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS**

> **PARTIES RECEIVING THIS OBJECTION SHOULD
> LOCATE THEIR NAMES AND DISPUTED CLAIMS
> IDENTIFIED ON EXHIBIT A TO THE PROPOSED ORDER**

The above-captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors") hereby file this objection (this "Objection") to each of the claims (each, a "Disputed Claim" and, collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on **Exhibit A** to the proposed form of order, attached hereto as **Exhibit 2** (the "Proposed Order"), and request the entry of the Proposed Order disallowing the Disputed Claims listed on **Exhibit A** as indicated in further detail below.  In support of this Objection, the Reorganized Debtor relies on

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496.  The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605].  TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

the declaration of Daniel Kelsall, a copy of which is attached hereto as **Exhibit 1** (the "Kelsall Declaration"). In further support of this Objection, the Reorganized Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"), and Article IX of the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan").[3] This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory and legal predicates for the relief sought herein are sections 502 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## BACKGROUND

3. On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, these "Chapter 11 Cases"). Prior to the Effective

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Date of the Plan, the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4. On November 11, 2024, the Debtors filed the Plan [Docket No. 150] and a related disclosure statement [Docket No. 151], which were each subsequently amended [Docket Nos. 654, 655, 894, 895, 925, 926, 957, 958, 995, 996, 1015, 1233, 1312, & 1454].

5. On November 19, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 188].

6. On May 7, 2025, the Court entered an order [Docket No. 1429] (the "Sale Order") approving the sale (the "Sale") of substantially all of Debtor Franchise Group Intermediate V, LLC's assets to TVS Buyer, LLC (the "Buyer"). In connection with the Sale, as set forth in the Sale Order and the asset purchase agreement attached to the Sale Order as Exhibit 1, the Buyer assumed certain liabilities. The Sale closed on May 19, 2025.

7. On June 2, 2025, the Court entered an order confirming the Plan [Docket No. 1596] for all Debtors except TopCo, and the Plan became effective as to all Debtors except for TopCo on June 6, 2025. On July 1, 2025, the Court entered an order confirming the Plan with respect to TopCo [Docket No. 1682], and the Plan as to TopCo became effective on July 3, 2025.

8. Now that the Plan has been confirmed and become effective, the Reorganized Debtors have transitioned their focus to reconciling the proofs of claim filed in these Chapter 11 Cases to ensure prompt distributions of their assets to Holders of Allowed Claims.

**THE DEBTORS' SCHEDULES**

9.  On December 24, 2024, the Debtors filed their *Schedules of Assets and Liabilities* and *Statements of Financial Affairs* [Docket Nos. 500–552, 553–558 (sealed)] (as may be amended, modified or supplemented, collectively, the "Schedules").

**PROOFS OF CLAIM AND BAR DATE ORDER**

10.  On November 6, 2024, the Court entered an order [Docket No. 113] authorizing the Debtors' retention of Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent. As such, Kroll is authorized to, among other things, receive, maintain, docket, and otherwise administer proofs of claim filed in these Chapter 11 Cases.

11.  On December 6, 2024, the Court entered an order [Docket No. 354] (the "Bar Date Order"), establishing (i) January 23, 2025 as the last date for any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) that asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors, including requests for allowance of payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of any such claims (the "General Bar Date"), and (ii) May 2, 2025 as the last date for all governmental units holding a claim against one or more of the Debtors to file and serve a written proof of claim for payment of any such claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 3-4.

12.  The Bar Date Order also provides that, except as otherwise provided by another order of the Court, any person or entity that holds a claim (each, a "Rejection Damages Claim") that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date, (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of an order approving the

rejection of the executory contract or unexpired lease pursuant to which the entity asserting the Rejected Damages Claim is a party, and (iii) 11:59 p.m. (prevailing Eastern Time) on the date that is (30) days following the effective date of such rejection pursuant to operation of any Court order. *Id.* ¶ 5.

13. Additionally, pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules, then the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which such notice is given, to file proofs of claim in respect of their claims. *Id.* ¶ 6.

14. Notice of the bar dates, as established by the Bar Date Order, was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Docket Nos. 717, 748 & 1120.

## **RELIEF REQUESTED**

15. By this Objection, the Reorganized Debtor requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing the Disputed Claims, as indicated in further detail below and on **Exhibit A** to the Proposed Order.

16. In accordance with Local Rule 3007-1(d)(i)(E), the Reorganized Debtor submits that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

### I. No Liability Claims

17. Upon review of the Debtors' books and records, the Reorganized Debtors have determined that the Debtors and their estates are not liable with respect to the Disputed Claims identified on **Exhibit A** to the Proposed Order for the reasons set forth on **Exhibit A** to the Proposed Order. Specifically, the Disputed Claims on **Exhibit A** to the Proposed Order include claims for which the Reorganized Debtors do not have any liability because, among other reasons, the (a) claimant has received all furniture or other goods to be provided by the Reorganized Debtors pursuant to applicable customer transactions, (b) the Reorganized Debtors have no record of any commitment or obligation that would entitle the claimant to payment from the Debtors' estates, or (c) claimant has received all payments and/or compensation to be provided by the Reorganized Debtors pursuant to applicable business or employment transactions, in each case as set forth in further detail on **Exhibit A** to the Proposed Order. Any failure to disallow the Disputed Claims could result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases. Accordingly, the Reorganized Debtor requests that the Disputed Claims be disallowed and expunged.

## RESPONSES TO THIS OBJECTION

18. Any response to this Objection must be filed on or before 4:00 p.m. (ET) on March 3, 2026, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

19. The Reorganized Debtor reserves the right to adjourn the hearing on any Disputed Claim, and, in the event that the Reorganized Debtor does so, the Reorganized Debtor will state

the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the affected claimant(s).

20. The Reorganized Debtor reserves any and all rights to amend, supplement, or otherwise modify this Objection, the Proposed Order, or **Exhibit A** thereto, and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims. The Reorganized Debtors reserve any and all rights, claims, and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or **Exhibit A** thereto is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Reorganized Debtors with respect to the Disputed Claims.

21. Any and all rights, claims, and defenses of the Reorganized Debtors with respect to any claim on the Schedules or filed in these Chapter 11 Cases shall be reserved, and nothing included in or omitted from this Objection, the Proposed Order, or **Exhibit A** thereto is intended or shall be deemed to be an allowance of, or impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Reorganized Debtors with respect to, any such claims.

## NOTICE

22. Notice of this Objection will be provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Litigation Trust; (iii) the holders of the Disputed Claims; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Reorganized Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that the Court (a) enter the Proposed Order and (b) grant such other and further relief as may be just and proper.

Dated: February 17, 2026
Wilmington, Delaware

/s/ Allison S. Mielke

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** |
| --- | --- |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone: (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile: (212) 446-4900 |
| Telephone: (302) 571-6600 | Email: joshua.sussberg@kirkland.com |
| Facsimile: (302) 571-1253 | nicole.greenblatt@kirkland.com |
| Email: emorton@ycst.com | derek.hunter@kirkland.com |
| mlunn@ycst.com | |
| amielke@ycst.com | - and - |
| sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtor* | *Co-Counsel to the Reorganized Debtor* |