**<u>Exhibit 1</u>**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Re: Docket No. 1955** |

## STIPULATION GRANTING DANIEL LARSEN AND NELIA LOPEZ LIMITED RELIEF FROM THE PLAN INJUNCTION

This stipulation ("Stipulation") is made and entered into by and between Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] and Daniel Larsen and Nelia Lopez (the "Plaintiffs," and collectively with the Litigation Trustee, the "Parties" and each, a "Party").

## RECITALS

**WHEREAS**, the Plaintiffs have commenced an action in the Circuit Court of Jackson County, Missouri at Kansas City styled *Daniel Larsen and Nelia Lopez v. Tenell D. Bryant and Franchise Group, Inc. d/b/a American Freight, Inc.*, No. 2516-CV-03340 (the "Action") asserting certain claims relating to personal injuries resulting from an accident on July 8, 2022 (the "Claims");

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the Stipulation or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1596-1] (the "Plan"), as applicable.

**WHEREAS**, on November 3, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on June 2, 2025 [Docket No. 1596] and July 1, 2025 [Docket No. 1682], the Court entered orders confirming the Debtors' chapter 11 plans, with the effective date of such plans occurring on June 6, 2025 [Docket No. 1605] with respect to all of the Reorganized Debtors other than TopCo, and on July 3, 2025 [Docket No. 1689] with respect to TopCo;

**WHEREAS,** the Plan, among other things, established the Litigation Trust and appointed the Litigation Trustee to administer the Litigation Trust Assets and reconcile certain unsecured claims;

**WHEREAS**, Plaintiffs are enjoined by Article XII of the Plan (the "Plan Injunction") from continuing to prosecute the Action; and

**WHEREAS**, Plaintiffs have requested relief from the Plan Injunction, seeking to prosecute the Action to judgment, settlement, or award, and have agreed to seek satisfaction of any such judgment, settlement, or award that the Plaintiffs may obtain in the Action solely from the proceeds of available insurance, if any, that may be applicable to the Action, including, but not limited to, the policy issued by ACE American Insurance Company (the "Insurer"), numbered ISA H25548449 and effective from 2021 to 2022 (such policy, the "Insurance Policy").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO APPROVAL OF THE COURT, AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The Plan Injunction is hereby modified solely to the limited extent necessary to enable: (a) the Action to proceed in all respects to final judgment, settlement, or award; (b) the

3

Insurer, or any applicable insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court, any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral such Insurer, or any applicable insurer, is holding, to the extent such party has valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the applicable insurance policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiffs to recover, collect, and enforce any such judgment, settlement, or award (if any) solely from the proceeds of, or against, the Insurance Policy, or other insurance policies, if available.[3]

3.  Upon entry of the Court's order approving this Stipulation (the "Order"), Plaintiffs hereby waive and release, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance. To the extent any

---

[3] To the extent Plaintiffs become aware of additional insurance policies applicable to its claims (in addition to the Insurance Policy), Plaintiffs shall provide counsel to the Litigation Trust and counsel to the Reorganized Debtors with notice upon ten (10) days of discovering such additional insurance policies. The Litigation Trust and the Reorganized Debtors reserve all rights with respect to any such additional insurance coverage, including without limitation to injunctive relief relating thereto, and Plaintiffs do not waive any rights with respect to any such additional coverage.

Plaintiff is awarded a judgment in connection with the Claims (the "Judgment"), (i) Reorganized Debtors will reasonably cooperate with Plaintiffs, at Plaintiffs' reasonable request and sole expense, to facilitate the satisfaction of such Judgment from insurance proceeds, if any, and (ii) to the extent insurance proceeds are remitted to the Litigation Trust or the Reorganized Debtors on account of such Judgment, the Litigation Trust and Reorganized Debtors will remit such proceeds to Plaintiffs; provided, however, in the case of (i) and (ii), Reorganized Debtors' and the Litigation Trust's obligations shall be in all respects subject to and limited by the terms of the applicable insurance policy, the Plan, and any order or other relevant finding issued in connection with the Judgment.

4. Plaintiffs acknowledge and agree that any judgment(s) or award(s) obtained by Plaintiffs in the Action shall not be asserted as a claim against the Debtors, the Reorganized Debtors, the Litigation Trust, or any of the Litigation Trust's, the Debtors' or Reorganized Debtors' estates, successors, or assigns. Accordingly, upon entry of the Order, no Plaintiff shall be entitled to receive a distribution under the Plan.

5. Plaintiffs acknowledge and agree that (a) any recovery by Plaintiffs against the Defendants pursuant to a final judgment or settlement of the Claims and Action shall be limited solely to any available proceeds of the Insurance Policy or other applicable insurance policy, if any; and (b) the Litigation Trustee and Reorganized Debtors have not made any representations or warranties as to the availability of any coverage under the Insurance Policy or otherwise.

6. Plaintiffs shall not directly or indirectly seek to compel the Litigation Trust, the Debtors or any of the Reorganized Debtors to pay any deductible, self-insured retention, any retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy, including in the event that payment of any deductible, self-insured retention, retainage, or any other amount shall be required to be paid as a condition to coverage or payment under the

Insurance Policy, and the Litigation Trust, the Debtors and the Reorganized Debtors expressly shall not be required to make any such payment to the Plaintiffs.

7. For the avoidance of doubt, nothing in this Stipulation or Order shall: (a) alter, amend, or otherwise modify the terms and conditions of any insurance policies, including the Insurance Policy, issued to the Debtors or Reorganized Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policy; (c) alter, amend, or otherwise modify the Litigation Trust's, Debtors' or the Reorganized Debtors' obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (d) alter, amend, or otherwise modify any of the Litigation Trust's, Debtors' or the Reorganized Debtors' other obligations under the insurance policies, including the Insurance Policy, and related agreements; (e) create a new direct right of action by any Plaintiff against any of the Litigation Trust's, Debtors' or Reorganized Debtors' insurers; (f) preclude or limit, in any way, the rights of any insurer, including the Insurer, to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policy or to assert any defenses to coverage under any allegedly applicable policy, including the Insurance Policy or to otherwise assert any defenses to coverage under the Insurance Policy, as applicable; or (g) constitute a determination or admission that coverage exists with respect to the Plaintiffs' claims.

8. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as limiting any rights, remedies, or recovery options of any third party.

9. By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Action, except as otherwise expressly set forth herein.

10. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

11. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12. This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

13. This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

14. Each Party shall bear its own costs in connection with entry into or performance under this Stipulation.

15. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.

16. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, shall be of no force and effect.

17. This Stipulation shall be effective only upon entry of the Order. The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

18. The Parties consent to the Court's jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 12th DAY OF FEBRUARY 2026:**

| | |
|---|---|
| **RAINES FELDMAN LITTRELL LLP** | **PIERSON FERDINAND LLP** |
| */s/ Mark W. Eckard* | */s/ Carl D. Neff* |
| Thomas J. Francella, Jr. (No. 3835) | Carl D. Neff (No. 4895) |
| Mark W. Eckard (No. 4542) | 112 S. French Street |
| 824 North Market Street, Suite 805 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Tel.: (302) 482-4244 |
| Telephone: (302) 772-5803 | Email: carl.neff@pierferd.com |
| Email: tfrancella@raineslaw.com | |
| meckard@raineslaw.com | *Counsel to the Plaintiffs* |

- and -

Hamid R. Rafatjoo (*pro hac vice*)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Litigation Trustee*