## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRANCHISE GROUP, INC.,[1] | ) | Case No. 24-12480 (LSS) |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) | **Objection Deadline:** |
|  | ) | **March 11, 2026 at 4:00 p.m. (ET)** |
|  | ) |  |

_____

### NOTICE OF REORGANIZED DEBTOR'S
### FIRST NOTICE OF SATISFACTION OF CLAIMS

---

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES
AND THEIR SATISFIED CLAIMS IDENTIFIED ON
EXHIBITS A AND B ATTACHED HERETO**

---

**PLEASE TAKE NOTICE** that the above captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors") hereby files this notice (this "Notice") identifying certain claims filed in these chapter 11 cases that have been satisfied, in full or in part, after the Petition Date (as defined below) (collectively, the "Satisfied Claims"). A list of the Fully Satisfied Filed Claims is attached hereto as **Exhibit A** and a list of the Partially Satisfied Filed Claims is attached hereto as

---

[1]  The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]  On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605]. TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

**Exhibit B**.  In further support of this Notice, the Reorganized Debtor respectfully represents as follows:

<u>BACKGROUND</u>

1.      On November 3, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief (collectively, these "<u>Chapter 11 Cases</u>") under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  Prior to the effective date of the Plan (as defined below), the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2.      On November 11, 2024, the Debtors filed a chapter 11 plan [Docket No. 150] (as amended, supplemented, or modified from time to time, the "<u>Plan</u>") and a related disclosure statement [Docket No. 151], which were subsequently amended [Docket Nos. 654, 655, 894, 895, 925, 926, 957, 958, 995, 996, 1015, 1233, 1312, & 1454].

3.      On November 19, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 188].

4.      On May 7, 2025, the Court entered an order [Docket No. 1429] (the "<u>Sale Order</u>") approving the sale (the "<u>Sale</u>") of substantially all of Debtor Franchise Group Intermediate V, LLC's assets to TVS Buyer, LLC (the "<u>Buyer</u>").  In connection with the Sale, as set forth in the Sale Order and the asset purchase agreement attached to the Sale Order as Exhibit 1, the Buyer assumed certain liabilities.  The Sale closed on May 19, 2025.

5. On June 2, 2025, the Court entered an order confirming the Plan [Docket No. 1596] for all Debtors except TopCo, and the Plan became effective on June 6, 2025. On July 1, 2025, the Court entered an order confirming the Plan with respect to TopCo [Docket No. 1682], and the Plan as to TopCo became effective on July 3, 2025.

6. Now that the Plan has been confirmed and become effective, the Reorganized Debtors have transitioned their focus to reconciling the proofs of claim filed in these Chapter 11 Cases to ensure prompt distributions of their assets to Holders of Allowed Claims.

## THE DEBTORS' SCHEDULES

7. On December 24, 2024, the Debtors filed their *Schedules of Assets and Liabilities* and *Statements of Financial Affairs* [Docket Nos. 500–552, 553–558 (sealed)] (as may be amended, modified or supplemented, collectively, the "Schedules").

## PROOFS OF CLAIM AND BAR DATE ORDER

8. On November 6, 2024, the Court entered an order [Docket No. 113] authorizing the Debtors' retention of Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent. Kroll is authorized to, among other things, receive, maintain, docket, and otherwise administer proofs of claim filed in these Chapter 11 Cases.

9. On December 6, 2024, the Court entered an order [Docket No. 354] (the "Bar Date Order"), establishing (i) January 23, 2025 as the last date for any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) that asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors, including requests for allowance of payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of any such claims (the "General Bar Date"), and (ii) May 2, 2025 as the last date for all governmental units holding a claim against one or more of the Debtors to

file and serve a written proof of claim for payment of any such claim (the "Governmental Bar Date").  Bar Date Order ¶¶ 3-4.

10.     The Bar Date Order also provides that, except as otherwise provided by another order of the Court, any person or entity that holds a claim (each, a "Rejection Damages Claim") that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date, (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of an order approving the rejection of the executory contract or unexpired lease pursuant to which the entity asserting the Rejected Damages Claim is a party, and (iii) 11:59 p.m. (prevailing Eastern Time) on the date that is (30) days following the effective date of such rejection pursuant to operation of any Court order. *Id.* ¶ 5.

11.     Additionally, pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules, then the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which such notice is given, to file proofs of claim in respect of their claims.  *Id.* ¶ 6.

12.     Notice of the bar dates, as established by the Bar Date Order, was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 717, 748 & 1120.

## CLAIMS SATISFIED AFTER THE PETITION DATE

13.    The Reorganized Debtors have reviewed their books and records and determined that the Satisfied Claims listed on **Exhibits A** and **B** attached hereto were satisfied, in full or part, subsequent to the Petition Date.

14.    Specifically, the Reorganized Debtors have reviewed their books and records and determined that the Satisfied Claims listed on **Exhibits A** and **B** attached hereto were, in each case, satisfied in full or part through certain payments made by the Debtors or Reorganized Debtors, as applicable, pursuant to the assumption and assignment of executory contracts or unexpired leases in these Chapter 11 Cases, through certain payments made pursuant to a consensual agreement between the claimant and the Debtors or Reorganized Debtors, as applicable, or through payments made by the Debtors or Reorganized Debtors, as applicable, under a first day motion or in the ordinary course.

15.    Accordingly, the Reorganized Debtor intends to have Kroll designate on the claims register in these Chapter 11 Cases that the Satisfied Claims have been previously satisfied as provided for herein on **Exhibits A** and **B** attached hereto.  Out of an abundance of caution, however, the Reorganized Debtor serves this Notice on all parties holding the Satisfied Claims to provide such parties with an opportunity to respond to the Reorganized Debtor's position that such amounts have been satisfied in full.

16.    **Any party disputing the Reorganized Debtor's position that a particular Satisfied Claim has been satisfied as provided for herein on Exhibits A and B attached hereto must file a written response with the Clerk of the Court, 824 Market Street, 3rd Floor, Wilmington, DE 19801, and serve such response on the undersigned counsel to the Reorganized Debtor, on or before March 11, 2026 at 4:00 p.m. (ET).**  The Reorganized Debtor

will then make a reasonable effort to review the Satisfied Claim with the claimant to determine whether any asserted amounts were, in fact, not satisfied.  In the event that the parties are unable to reach a resolution, the Reorganized Debtor anticipates that a hearing will be held on the matter at a date and time to be determined by the Reorganized Debtor, in its discretion, subject to the availability of the Court.

17.    Questions concerning this Notice should be directed to the undersigned counsel to the Reorganized Debtor.  Claimants should not contact the Clerk of the Court to discuss the merits of their Satisfied Claims or this Notice.

## **RESERVATION OF RIGHTS**

18.    The Reorganized Debtor reserves any and all rights to amend, supplement, or otherwise modify this Notice and the Schedules and to file additional notices of this nature with respect to any and all (i) claims filed in these Chapter 11 Cases, and (ii) amounts scheduled against the Debtors and their estates in the Schedules.  The Reorganized Debtors reserve any and all rights, claims, and defenses with respect to any and all Satisfied Claims and nothing included in or omitted from this Notice shall impair, prejudice, waive, or otherwise affect any such rights, claims, and defenses.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 25, 2026
Wilmington, Delaware

*/s/ Allison S. Mielke*

**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com

*Co-Counsel to the Reorganized Debtor*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              nicole.greenblatt@kirkland.com
              derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        mark.mckane@kirkland.com

*Co-Counsel to the Reorganized Debtor*