

# CAPUTO & MARIOTTI
## LAW OFFICES

April 8, 2026

United States Bankruptcy Clerk of Courts
824 N. Market Street
Wilmington, DE 19801

> **Re:** **Franchise Group, Inc. et. Al.**
> **Docket #: 24-12480 (LSS)**

Dear Sir/Madam,

I enclose for filing a motion for relief from stay and or the alternative relief from any discharge orders or plan.

This Motion relates to a pending civil action in Lackawanna County Pennsylvania, and seeks relief in order to allow the case to proceed against insurance proceeds only.

I apologize for filing manually; however, I am a member of various federal District courts, but do not have a pacer login for the district of Delaware

I also enclose a motion for admission, pro hac vice, and a draft order for relief.

If you should have any questions or concerns, or any other direction that you need to provide to me, please call my cell phone directly at 570–4 66–9187.

I apologize for any inconvenience that this filing may cause you.

Very truly yours,

**CAPUTO & MARIOTTI LAW OFFICES**

By: _____
Joseph E. Mariotti, Esquire

JEM/bf
Enclosure

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                        :        Chapter 11
FRANCHISE GROUP, INC., [1]                    :
                                              :        Bankruptcy No. 24-12480 (LSS)
                                              :        (Jointly Administered)
             Recognized Debtor.               :

## MOTION OF MICHELLE JOHNSON and DARREN JOHNSON, FOR RELIEF FROM THE AUTOMATIC STAY and/or DISCHARGE ORDER

COMES NOW, Michelle Johnson and Darren Johnson, (hereafter the "Movants"), hereby request entry of an Order modifying the automatic stay of 11 U.S.C. § 362(a) to allow them to liquidate their claims against the above-captioned debtor, including, in particular, THE VITAMIN SHOP Franchising, LLC as part of FRANCHISE GROUP, INC., (hereafter the "Debtor"), in the Civil Action (defined below) and ***pursue recovery proceeds from insurance policies only.***

 In support thereof, the Movants state:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion under 28 U.S.C. § § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated on or around November 3, 2024. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Trustee confirms his consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article Ill of the United States Constitution.

2.     This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A). Venue of these chapter Il cases and this Motion is proper in this district under 28 U.S.C. 1408 and 1409.

3.     The legal predicates for the relief requested herein are Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-2.

### BACKGROUND

4.     On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. Each Debtor also agreed to consolidated ownership, which affects

the Defendant in Lackawanna County Court of Common Pleas, Docket #20 CV 483, Michelle and Darren Johnson v. Ed Frable Construction, et.al.

5.      On June 2, 2025, the Court entered an order [D.I. 15961 (the "Confirmation Order") confirming the Debtors' *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [D.I. 1454] (the **"Plan"**) which, among other things, provided for the Litigation Trust to reconcile certain unsecured claims and to investigate, pursue, litigate, or settle the Permitted Litigation Claims. **See** Plan § 7.10. The Confirmation Order further provided that the Litigation Trust be administered in accordance with, and governed by, the terns of the Plan **and the Litigation Trust Agreement (the "LTA").** *See* **Confirmation Order ¶¶ 124, 125.**

6.      The Plan became effective, and the Litigation Trust was established, on June 6, 2025 (the **"Effective Date"**).

7.      Pursuant to the Plan and the LTA, the Litigation Trust is administered by the Litigation Trust with certain oversight by the Litigation Trust Advisory Board (the **"Advisory Board"**). See Plan 7.10(f); LTA 3.1. The Advisory Board is charged with monitoring the Litigation Trustee' s performance and the Litigation Trustee must consult with the Advisory Board regarding key aspects of trusts administration and management, including the handling of the Permitted Litigation Claims. *See* Plan § 7.100(b); LTA § § 3.4, 3.6, 4.2.

8.      On December 24, 2024 and April 28, 2025, the Debtors filed their Amended Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively and as was amended, the **"Schedules and Statements"**) [Docket Nos. 500—554, 584 and 1328-1334]. The Schedules and Statements identified, among other things pending actions known as of the Petition Date.

## RELIEF REQUESTED

9.      The Petitioner, requests an Order that the Litigation Trustee respectfully requests entry an order in substantially the same form as attached hereto as Exhibit A (the **"Proposed Order"**), approving the removal of Lackawanna County Court of Common Pleas, Docket #20 CV 483, Michelle and Darren Johnson v. Ed Frable Construction, et.al. as a proceeding that is eligible for removal under 28 U.S.C. § 1452 from October 28, 2025 (the **"Current Deadline"**) or the January 26, 2026 (the **"Extended Deadline"**).

10.     **The Trustee(s) should be required to remove the referenced Lackawanna County Court of Common Pleas, Docket #20 CV 483 from any further stays of the Bankruptcy Court, and allow the matter to proceed, as it seeks payment and proceeds only from Insurance Proceeds, and Petitioner waives any interests it may have or had under the assets of the corporation.**

## APPLICABLE AUTHORITY

11.       Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C. 1452(a).

12.   Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter I I reorganization case but not later than 180 days after the order for relief.

13.       Finally, Bankruptcy Rule 9006(b)(l) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P.9006

14.    The Court may extend the removal deadline established under Bankruptcy Rule 9027. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n. 17 (3d Cir. 1984), overruled in part on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (under Bankruptcy Rule 90060), "it is clear that the court may grant such an extension [of time to remove"); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp.v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49-50 (Bankr. S.D.N.Y. 1989) (removal period may be extended under Bankruptcy Rule 9006); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 BOR. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

16.    The Debtors disclosed numerous litigation matters in their Schedules and Statements. Since the Effective Date, the Trustee has been diligently analyzing and investigating claims and causes of action and reviewing other matters within the jurisdiction of the Trust.

17.    As a result of the foregoing efforts and various others, the Trustee does not need additional time to determine whether removing the referenced civil action is advisable and the Trustee and the Reorganized Debtors require a reasonable amount of additional time to complete the evaluation of whether removal is appropriate in any litigation matters.

18.    Further, **as the civil action, Lackawanna County Court of Common Pleas, Docket #20 CV 483 only involves Insurance Proceeds, no prejudice occurs to any party in the Bankruptcy**.

19.    The only party currently prejudiced is Michelle Johnson and Darren Johnson.

20.    The other Defendants in the, Lackawanna County Court of Common Pleas, Docket #20 CV 483, Lawsuit, Ed Frable Construction and Glenn Davis Properties originally indicated that they concurred in the motion. However, they have since expressed reservations to the motion. The Defendants, Ed Frable Construction and Glenn Davis Properties are being defended by insurance companies who it benefits that the case not proceed to final conclusion with apportionment of responsibility and payment of each party's share of its insurance coverage for incidents such as the one in the underlying lawsuit at Lackawanna County Court of Common Pleas, Docket #20 CV 483.

21.     The Petitioner further requests that the order approving this Motion be without prejudice to (a) any position the Trustee or the Reorganized Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors and (b) the right of the Trustee or the Reorganized Debtors to seek further extensions of the period during which he may remove civil actions. Cause exists to grant the relief requested herein and such relief is in the best interest of the Debtors' estates.

## RESERVATION OF RIGHTS

22.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Trustee's or the Reorganized Debtors right to dispute any claim or lien on any grounds; (c) a promise to pay any claim; or (d) an implication or admission that any particular claim would constitute an allowed claim. Nothing contained in this Motion or the Proposed Order will be

## CONCLUSION

WHEREFORE, the Movants respectfully request entry of an order, in substantially the form attached: (1) granting her relief from the automatic stay of 11 U.S.C. § 362(a) or from the Discharge Order so that they may proceed to liquidate their claims against the Debtors in the Civil Action and **pursue recovery against the Insurance Proceeds** for any judgment or other resolution obtained the Debtor; and (2) granting such further relief as may be appropriate.

**CAPUTO & MARIOTTI LAW OFFICES**

By: _____

Joseph E. Mariotti
Attorney for Plaintiffs
**I.D. No. 65535**
**730 Main Street**
**Moosic, PA 18507**
**Telephone:     (570) 342-9999**
**Facsimile:     (570) 457-1533**
**Email:** jmariotti@caputomariotti.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC[1]., | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | Jointly Administered |

**ORDER GRANTING JOINT MOTION OF MICHELLE JOHNSON AND DARREN
JOHNSON, ED FRBALE CONSTRUCTION AND G. DAVIS PROPERTIES, LLC
FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the motion of the parties to the action filed at Lackawanna County, Docket No. 2020 CV 4833, ("the Movants") for relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code (the "Motion"); the Court having reviewed the Motion; and it appearing that due and adequate notice was provided under the circumstances; and the Court having found that (i) the Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 (ii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief requested; and after due consideration of the Motion and any responses thereto;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The stay or discharge imposed under 11 U.S.C. § 362(a) or any Section of the U.S. Bankruptcy Code is hereby modified to allow the Movants to continue pursuit of the State Court Action[1] in the Court of Common Pleas of Lackawanna County, Pennsylvania, with the case captioned as, Michelle and Darren Johnson v. Ed Frable Construction, et.al. at Lackawanna

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

County Court of Common Pleas, Docket #20 CV 483 so that the Movants may adjudicate and liquidate their claims against the Debtors and recover any claim in the State Court Action against ONLY any available and applicable insurance.

3.      The parties waive any claim to any deductible on any applicable Insurance.

4.      The fourteen-day (14) stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived and this Order shall be effective immediately upon its entry.

5.      The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

By:_____J.

2