**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRANCHISE GROUP, INC.,[1] | ) | Case No. 24-12480 (LSS) |
| | ) | |
| Reorganized Debtor. | ) | **Hearing Date:** |
| | ) | **June 16, 2026 at 10:00 a.m. (ET)** |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **June 5, 2026 at 4:00 p.m. (ET)** |
| | ) | |

**REORGANIZED DEBTOR'S NINTH (9TH) OMNIBUS**
**(SUBSTANTIVE) OBJECTION TO CLAIMS**

> **PARTIES RECEIVING THIS OBJECTION SHOULD**
> **LOCATE THEIR NAMES AND DISPUTED CLAIMS**
> **IDENTIFIED ON EXHIBITS A, B, AND C TO THE PROPOSED ORDER**

The above-captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors") hereby files this objection (this "Objection") to each of the claims (each, a "Disputed Claim" and, collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on **Exhibits A**, **B,** and **C** to the proposed form of order, attached hereto as **Exhibit 2** (the "Proposed Order"), and requests entry of the Proposed Order disallowing and expunging, reclassifying, and/or reducing the Disputed Claims listed on **Exhibits A, B,** and **C**, as applicable and indicated in further

---

[1]    The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496.  The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]    On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605].  TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

detail below.  In support of this Objection, the Reorganized Debtor relies on the declaration of Daniel Kelsall, a copy of which is attached hereto as **Exhibit 1** (the "Kelsall Declaration").  In further support of this Objection, the Reorganized Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"), and Article IX  of the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan").[3]  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory and legal predicates for the relief sought herein are sections 502 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

### BACKGROUND

3.      On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, these "Chapter 11 Cases").  Prior to the Effective

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Date of the Plan, the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4.      On November 11, 2024, the Debtors filed the Plan [Docket No. 150] and a related disclosure statement [Docket No. 151], which were each subsequently amended [Docket Nos. 654, 655, 894, 895, 925, 926, 957, 958, 995, 996, 1015, 1233, 1312, & 1454].

5.      On November 19, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 188].

6.      On May 7, 2025, the Court entered an order [Docket No. 1429] (the "Sale Order") approving the sale (the "Sale") of substantially all of Debtor Franchise Group Intermediate V, LLC's assets to TVS Buyer, LLC (the "Buyer").  In connection with the Sale, as set forth in the Sale Order and the asset purchase agreement attached to the Sale Order as Exhibit 1, the Buyer assumed certain liabilities.  The Sale closed on May 19, 2025.

7.      On June 2, 2025, the Court entered an order confirming the Plan [Docket No. 1596] for all Debtors except TopCo, and the Plan became effective as to all Debtors except for TopCo on June 6, 2025.  On July 1, 2025, the Court entered an order confirming the Plan with respect to TopCo [Docket No. 1682], and the Plan as to TopCo became effective on July 3, 2025.

8.      Now that the Plan has been confirmed and become effective, the Reorganized Debtors have transitioned their focus to reconciling the proofs of claim filed in these Chapter 11 Cases to ensure prompt distributions of their assets to Holders of Allowed Claims.

**THE DEBTORS' SCHEDULES**

9.      On December 24, 2024, the Debtors filed their *Schedules of Assets and Liabilities* and *Statements of Financial Affairs* [Docket Nos. 500–552, 553–558 (sealed)] (as may be amended, modified or supplemented, collectively, the "Schedules").

**PROOFS OF CLAIM AND BAR DATE ORDER**

10.      On November 6, 2024, the Court entered an order [Docket No. 113] authorizing the Debtors' retention of Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent.   As such, Kroll is authorized to, among other things, receive, maintain, docket, and otherwise administer proofs of claim filed in these Chapter 11 Cases.

11.      On December 6, 2024, the Court entered an order [Docket No. 354] (the "Bar Date Order"), establishing (i) January 23, 2025 as the last date for any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) that asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors, including requests for allowance of payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of any such claims (the "General Bar Date"), and (ii) May 2, 2025 as the last date for all governmental units holding a claim against one or more of the Debtors to file and serve a written proof of claim for payment of any such claim (the "Governmental Bar Date").  Bar Date Order ¶¶ 3-4.

12.      The Bar Date Order also provides that, except as otherwise provided by another order of the Court, any person or entity that holds a claim (each, a "Rejection Damages Claim") that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date, (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of an order approving the

4

rejection of the executory contract or unexpired lease pursuant to which the entity asserting the Rejected Damages Claim is a party, and (iii) 11:59 p.m. (prevailing Eastern Time) on the date that is (30) days following the effective date of such rejection pursuant to operation of any Court order. *Id.* ¶ 5.

13.     Additionally, pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules, then the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which such notice is given, to file proofs of claim in respect of their claims.  *Id.* ¶ 6.

14.     Notice of the bar dates, as established by the Bar Date Order, was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 717, 748 & 1120.

**RELIEF REQUESTED**

15.     By this Objection, the Reorganized Debtor requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging the Disputed Claims on **Exhibit A** to the Proposed Order, as indicated in further detail below, and modifying the Disputed Claims on **Exhibits B** and **C** to the Proposed Order, as indicated in further detail below.

16.     In accordance with Local Rule 3007-1(d)(i)(E), the Reorganized Debtor submits that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

**I.     No Liability Claims**

17.     Upon review of the Debtors' books and records, the Reorganized Debtor has determined that the Debtors and their estates are not liable with respect to the Disputed Claims identified on **Exhibits A-1** through **A-3** to the Proposed Order (collectively, the "No Liability Claims") for the reasons set forth therein.

**a.  Employee Claims**

18.     Specifically, the Disputed Claims on **Exhibits A-1** and **A-2** to the Proposed Order include claims filed by individuals formerly employed by the Debtors for which they do not have any liability because, among other reasons, (a) the Debtors have no record of any commitment or obligation that would entitle the claimant to payment from the Debtors' estates, or (b) the claimant has received all payments and/or compensation to be provided to them pursuant to applicable business or employment transactions, in each case as set forth in further detail on **Exhibit A** to the Proposed Order.

**b.  Tax Claims**

19.     The Disputed Claims on **Exhibit A-3** to the Proposed Order comprise two claims filed by the Internal Revenue Service (the "IRS") for which the Debtors do not have any liability because, among other reasons, (a) such liabilities predate Franchise Group, Inc.'s ownership of Pet Supplies Plus ("PSP") and were expressly seller obligations under the applicable purchase agreement, and (b) the Debtors have no record of any commitment or obligation that would entitle the IRS to payments on account of such claims.  Prior to the Petition Date, PSP was not obligated to pay, and did not pay, excise taxes.  Any failure to disallow the Disputed Claims could result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the

detriment of creditors in these Chapter 11 Cases.  Accordingly, the Reorganized Debtor requests that the Disputed Claims be disallowed and expunged.

## II.    Reclassified Claims

20.    The Disputed Claims listed on **Exhibit B** to the Proposed Order (collectively, the "Reclassified Claims") assert that all or a portion of each Reclassified Claim is entitled to priority under section 507(a)(4) of the Bankruptcy Code.  After reviewing the Debtors' books and records, the Reorganized Debtor has determined that the priority portions of the Reclassified Claims should be reclassified to general unsecured claims because such claims are not entitled to priority status. Failure to reclassify the Reclassified Claims as indicated on **Exhibit B** to the Proposed Order could result in the applicable claimants receiving a higher priority in distributions than they are entitled to the detriment of creditors in these Chapter 11 Cases.

21.    Accordingly, the Reorganized Debtor objects to the Reclassified Claims, and requests entry of the Proposed Order reclassifying the Reclassified Claims as indicated under the heading entitled "*Modified Claim Amount and/or Priority*" on **Exhibit B** to the Proposed Order.

## III.    Reduced Claims

22.    The Disputed Claims listed on **Exhibit C** to the Proposed Order (the "Reduced Claims") assert amounts that are higher than the amount of liability reflected in the Debtors' books and records.  After reviewing the Reduced Claims and the Debtors' books and records, the Reorganized Debtor has determined that the Reduced Claims should be modified as indicated in the column *"Modified Claim Amount and/or Priority"* on **Exhibit C** to the Proposed Order for the reasons stated therein.  Any failure to modify the Reduced Claims as indicated on **Exhibit C** to the Proposed Order could result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of the other creditors in these Chapter 11 Cases.

23. Accordingly, the Reorganized Debtor objects to the Reduced Claims, and requests entry of the Proposed Order modifying the Reduced Claims as indicated on **Exhibit C** to the Proposed Order.

## RESPONSES TO THIS OBJECTION

24. Any response to this Objection must be filed on or before 4:00 p.m. (ET) on June 5, 2026, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

25. The Reorganized Debtor reserves the right to adjourn the hearing on any Disputed Claim, and, in the event that the Reorganized Debtor does so, the Reorganized Debtor will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the affected claimant(s).

26. The Reorganized Debtor reserves any and all rights to amend, supplement, or otherwise modify this Objection, the Proposed Order, or **Exhibits A, B,** or **C** thereto, to take discovery in connection therewith, and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims. The Reorganized Debtors reserve any and all rights, claims, and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or **Exhibits A, B,** or **C** thereto is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Reorganized Debtors with respect to the Disputed Claims.

27. Any and all rights, claims, and defenses of the Reorganized Debtors with respect to any claim on the Schedules or filed in these Chapter 11 Cases shall be reserved, and nothing included in or omitted from this Objection, the Proposed Order, or **Exhibits A, B,** or **C** thereto is

intended or shall be deemed to be an allowance of, or impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Reorganized Debtors with respect to, any such claims.

### NOTICE

28.     Notice of this Objection will be provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Litigation Trust; (iii) the holders of the Disputed Claims; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Reorganized Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that the Court (a) enter the Proposed Order and (b) grant such other and further relief as may be just and proper.

Dated:  May 15, 2026
Wilmington, Delaware

*/s/ Shella Borovinskaya*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        emorton@ycst.com
              mlunn@ycst.com
              amielke@ycst.com
              sborovinskaya@ycst.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              nicole.greenblatt@kirkland.com
              derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        mark.mckane@kirkland.com

*Co-Counsel to the Reorganized Debtor*

*Co-Counsel to the Reorganized Debtor*