## EXHIBIT 1

**Kelsall Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) ) | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) ) ) ) |  |

**DECLARATION OF DANIEL KELSALL IN SUPPORT OF REORGANIZED
DEBTOR'S NINTH (9TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

I, Daniel Kelsall, pursuant to 28 U.S.C. § 1746, declare:

1.      I am a Partner at AlixPartners, LLP ("AlixPartners"), an affiliate of AP Services LLC ("APS"), which was previously retained as restructuring advisor to the above-captioned reorganized debtor (the "Reorganized Debtor", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan,[2] the "Debtors").[3]  AlixPartners is now assisting the Reorganized Debtors in administering these Chapter 11 Cases.[4]

2.      I have read the *Reorganized Debtor's Ninth (9th) Omnibus (Substantive) Objection to Claims* (the "Objection") and am directly or by and through other personnel or representatives

---

[1]      The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496.  The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]      On June 6, 2025, all of the Debtors with the exception of Freedom VCM Holdings, LLC ("TopCo") emerged from the chapter 11 cases as Reorganized Debtors [Docket No. 1605].  TopCo emerged from the chapter 11 cases as a Reorganized Debtor on July 3, 2025 [Docket No. 1689].

[3]      On December 16, 2024, the Court entered an order [Docket No. 450] authorizing the Debtors' retention of APS as restructuring advisor.

[4]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection (as defined below).

of the Reorganized Debtor reasonably familiar with the information contained therein, in the Proposed Order, and in the exhibits attached to the Proposed Order. I am authorized to execute this declaration (this "Declaration") on behalf of the Reorganized Debtor.

3.  Through AlixPartners' engagement and participation in these Chapter 11 Cases, I have become generally familiar with the Debtors' day-to-day operations, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors.

4.  In preparing this Declaration, I reviewed the claims register maintained by the Reorganized Debtor's court-appointed claims agent, Kroll Restructuring Administration LLC, which contains the record of all parties that filed proofs of claim in connection with these Chapter 11 Cases. Additionally, I, or other employees of AlixPartners and/or the Reorganized Debtor working with me or under my supervision, or the Reorganized Debtor's other advisors, have reviewed each of the proofs of claim that are subject to the Objection.

5.  Except as otherwise indicated, the statements set forth in this Declaration are based on my personal knowledge of the Reorganized Debtors' operations and finances, my review of the Objection, the applicable proofs of claim, the claims register, information received from, or discussions with, other members of AlixPartners, the Reorganized Debtor, or the Reorganized Debtor's management team, the Reorganized Debtor's other employees, or the Reorganized Debtor's other advisors, and/or my experience and knowledge of the claims process in these Chapter 11 Cases. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel. If called upon to testify, I would testify competently to the facts set forth herein.

6.      The information contained in **Exhibits A**, **B**, and **C** to the Proposed Order is true and correct to the best of my knowledge, information, and belief.  In evaluating each of the claims identified in **Exhibits A, B,** and **C**, the Reorganized Debtor, or the Reorganized Debtor's advisors, have thoroughly reviewed the Debtors' books and records, the claims register, and the relevant proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that each of the Disputed Claims should be disallowed and expunged, or modified, as set forth in the Objection.

**I.      No Liability Claims**

7.      The Reorganized Debtor has reviewed the Debtors' books and records, including each claimant's profile within the respective Debtors' payroll and human resources information systems ("HR Systems"), and the Debtors' tax records, as applicable, and determined that the Debtors and their estates are not liable on account of the Disputed Claims listed on **Exhibit A** to the Proposed Order (collectively, the "No Liability Claims").  The Debtors' books and records include record of the hours each of the Debtors' employees worked while employed by the Debtors, including the hours each employee worked within the 180 days preceding the Petition Date and during the Chapter 11 Cases (the "Priority Period"), as well as the Debtors' salary, wage, commissions, bonus, severance, and paid time off obligations on an employee-by-employee basis. Additionally, the Debtors and their tax advisors maintain record of tax obligations and tax payments made in the ordinary course of business.

8.      After reviewing the Debtors' books and records, the Reorganized Debtor determined that the Debtors and their estates are not liable for the Disputed Claims listed on **Exhibit A** to the Proposed Order because such claims assert outstanding liabilities notwithstanding that (a) the Reorganized Debtors have no record of any commitment or obligation that would

entitle the claimant to payment from the Debtors' estates or (b) the claimant has received all payments and/or compensation to be provided to them pursuant to applicable business or employment transactions, in each case as set forth in further detail on **Exhibit A** to the Proposed Order.[5]

### A.    Claims Filed by Claimants Not Employed During the Priority Period

9.    The No Liability Claims on **Exhibit A-1** to the Proposed Order include claims filed by individuals who were formerly employed by the Debtors prior to the Priority Period and who are not owed any amounts from the Debtors' estates. According to the Debtors' books and records, including the HR Systems, the claimants asserting the No Liability Claims on **Exhibit A-1** voluntarily resigned or were terminated from employment with the Debtors before the Priority Period and did not perform services for the Debtors during the Priority Period. The Reorganized Debtor analyzed each claimant's profile within the HR Systems and the Debtors' records of payments to each claimant listed on **Exhibit A-1** and determined that all amounts owed by the Debtors were paid to the claimants in the ordinary course of their employment and no outstanding amounts are owed, including any amounts under section 507(a)(4) of the Bankruptcy Code.

10.    Regarding the No Liability Claim assigned claim number 1692, pursuant to which the claimant alleges a claim for employment discrimination, such claim was formally investigated by the Debtors and their counsel, and they concluded that the claimant's employment discrimination claim lacked any merit. Specifically, claimant did not suffer from any adverse

---

[5]    The claimants who filed proofs of claim assigned claim numbers 2219, 2248, 1357, 2961, 1797, 867, 1798, 1040, 1037, and 2162 listed on **Exhibit A** assert amounts owed pursuant to section 503(b)(9) of the Bankruptcy Code. As set forth on **Exhibit A**, the claimants subject to the Objection are not providers of goods and the Debtors did not receive goods from any claimant subject to the Objection within the twenty days of the Petition Date. Moreover, the claimants who filed proofs of claim assigned claim numbers 2282, 2219, 2271, 2564, 429, 868, and 2386 assert that their claims are secured by collateral. The Reorganized Debtor did not discover evidence of a lien on the Debtors' property in favor of any claimant subject to the Objection. Accordingly, the Debtors have no liability to such claimants for any amounts alleged as owed under section 503(b)(9) of the Bankruptcy Code or alleged as secured by collateral.

4

employment action and never engaged in any protected activity.  Claimant was an "at will" employee for a period of approximately two years.  During such time, claimant never reported any claims of harassment, discrimination, or retaliation based on a protected class.  Rather, claimant voluntarily resigned from her role as a sale associate, and never alleged any discrimination or harassment based on race, age, sex, or disability in connection with her resignation.  Further, an investigation into the claimant's claims found no evidence she had been subject to any discrimination or harassment based on race, age, sex, or disability in connection with her work or her resignation.  As claimant cannot establish a claim for unlawful discrimination, and the Debtors previously determined after a thorough investigation that such claims were meritless, the Reorganized Debtor is not liable for any amounts in connection with claim 1692.

11.    For the foregoing reasons, I believe that the Debtors have no liability for the No Liability Claims listed on **Exhibit A-1** and that such claims should be disallowed and expunged.

12.    Moreover, regarding the No Liability Claim assigned claim number 1692, the claimant agreed, in a Separation Agreement and General Release executed on September 8, 2025, that she resigned her employment with the Debtors effective no later than January 23, 2024—i.e., outside of the Priority Period.  Therefore, the claim does not qualify for priority status under section 507(a)(4) of the Bankruptcy Code and should be, at a minimum, reclassified to a general unsecured claim.

B.    **Exhibit A-2: Other No Liability Employee Claims**

13.    The No Liability Claims on **Exhibit A-2** to the Proposed Order include claims filed by individuals who were employed by the Debtors during the Priority Period, but the Reorganized Debtor confirmed that the Debtors paid all such employees any and all amounts due.  The Reorganized Debtor determined, based on a review of the Debtors' books and records, including the HR Systems, that the Debtors do not owe the claimants listed on **Exhibit A-2** any outstanding

5

amounts because all amounts owed to such claimants were satisfied by the Debtors in the ordinary course of the claimants' employment and no additional liability exists on account thereof, including any liability under section 507(a)(4) of the Bankruptcy Code.

14. For the foregoing reasons, I believe that the Debtors have no liability for the No Liability Claims listed on **Exhibit A-2** and that such claims should be disallowed and expunged.

**C.** **Exhibit A-3: Tax Claims Filed by the Internal Revenue Service Against Pet Supplies Plus**

15. The No Liability Claims on **Exhibit A-3** to the Proposed Order include two claims filed by the Internal Revenue Service (the "IRS") against PSP Distribution, LLC and PSP Stores, LLC (together, "PSP") for unpaid excise taxes. The No Liability Claims on **Exhibit A-3** relate to fiscal years 2018 and 2019 and predate the Debtors' acquisition of the PSP brand. On January 23, 2021, Franchise Group, Inc. entered into an equity purchase agreement (the "EPA") with Sentinel Capital Partners, L.L.C. ("Sentinel") to purchase PSP. Pursuant to the EPA, Sentinel agreed to pay all pre-closing tax liabilities. Specifically, section 6.15 of the EPA provides, "Sellers shall prepare, or cause to be prepared, and shall timely file, or cause to be timely filed, (i) all Tax Returns of or with respect to the Blocker Corp[.] and the Group Companies, respectively, that are due on or prior to the Closing Date and (ii) all Pass-Through Tax Returns for any taxable period ending on or prior to the Closing Date and, in each case, shall timely pay, or the Blocker Corp[.] and the Group Companies to pay, all Taxes due by the Blocker Corp[.] and the Group Companies, respectively, with respect to such Tax Returns." EPA § 6.15(a).[6] The EPA also provides that "[n]otwithstanding anything herein to the contrary, the Sellers, at their sole cost and expense, shall be solely responsible for filing all of the Tax Returns required to be filed by the Sellers, and paying

---

[6]   None of the Debtors are "Sellers" under the EPA.

all of the Taxes due and owing by the Sellers." EPA § 6.15(e). Therefore, the Debtors are not liable for the claims asserted by the IRS on **Exhibit A-3** because such claims represent pre-closing tax liabilities that were not the Debtors' obligation under the EPA.[7]

16.     For the foregoing reasons, I believe that the Debtors have no liability for the No Liability Claims listed on **Exhibit A-3** and that such claims should be disallowed and expunged.

**II.     Reclassified Claims**[8]

17.     The Reorganized Debtor has reviewed the reclassified claims (collectively, the "Reclassified Claims") listed on **Exhibit B** to the Proposed Order to determine the basis upon which liability was asserted against the Debtors. This process included (i) a review of the proof of claim filed and any supporting documentation for the Reclassified Claims and (ii) a review of the Debtors' books and records, including the HR Systems. Based upon this review, I believe that the Reclassified Claims improperly assert that all or a portion of each Claim is entitled to priority status because the Reclassified Claims assert liability against the Debtors that predates the Priority Period.

18.     The Reclassified Claims listed on **Exhibit B** to the Proposed Order are claims for severance under executive severance agreements (each an "ESA") filed by individuals who were formerly employed by the American Freight Debtors. Each of these claimants signed their ESA outside of the Priority Period, their employment with the Debtors terminated on or after the Petition Date, and the Debtors never assumed the claimants' ESAs. Since such claimants could not have

---

[7]   Moreover, PSP was not subject to the payment of excise taxes during the 2018 or 2019 tax periods (or otherwise) and counsel to the Reorganized Debtor has requested that the IRS explain how these claims were assessed. To date, the IRS has not provided a response. The Reorganized Debtor submits that any tax-related obligation that predates the Debtors' acquisition of PSP is not the Debtors' liability and that any related claims should be expunged for that reason alone. However, to the extent necessary, the Reorganized Debtor reserves all rights to independently dispute the assessment of excise taxes.

[8]   In accordance with Local Rule 3007-1(e)(iv), the Litigation Trust may seek to further object to the Reclassified Claims on the basis that the Debtors have no liability for such claims.

earned or otherwise accrued severance payments during the Priority Period given their term of service, their claims are not entitled to priority treatment under section 507(a)(4) of the Bankruptcy Code. Moreover, claimants have not identified any basis for such treatment or provided any documentation in support thereof. Accordingly, the Reclassified Claims should be reclassified to general unsecured claims as listed on **Exhibit B** to the Proposed Order.

## III.    Reduced Claims

19.    The Reorganized Debtor has reviewed the reduced claims (together, the "Reduced Claims") listed on **Exhibit C** to the Proposed Order, along with the Debtors' books and records, and determined that the Reduced Claims should be modified as provided for on **Exhibit C** to the Proposed Order to prevent the claimants from receiving an unwarranted recovery to the detriment of other creditors in these Chapter 11 Cases.

20.    Specifically, the claimant who filed proof of claim assigned claim number 2162 is a former employee asserting amounts owed for unused paid time off ("PTO").[9] According to the Debtors' books and records, the claimant's pay rate was $33.22 an hour and the claimant earned 50 hours of PTO during her employment. Of those 50 hours, the claimant used 32 hours of PTO, leaving a balance of 18 hours of unused PTO, totaling $597.98. Therefore, the Debtors are not liable to the claimant for unused PTO in excess of $597.98.

21.    Additionally, the claimant who filed proof of claim assigned claim number 2097 alleges that the Debtors owe the claimant—a former employee of American Freight—outstanding amounts in connection with a liquidation bonus and, separately, an inventory bonus. Claimant did

---

[9]    This claimant filed a claim asserting amounts owed under section 503(b)(9) of the Bankruptcy Code and unliquidated amounts owed under section 507(a)(4) of the Bankruptcy Code. For the avoidance of doubt, this claimant never supplied the Debtors with goods, and the Debtors did not receive goods from this claimant within twenty days of the Petition Date.

not provide any evidence in support of the alleged inventory bonus.[10]  Based on my discussions with the Reorganized Debtor and its representatives, I understand that American Freight did not offer its employees inventory bonuses and claimant was never entitled to an inventory bonus. Therefore, the Debtors are not liable for the portion of the claim associated with the purported inventory bonus.[11]

22.    Accordingly, the Reduced Claims should be modified to the dollar value indicated on **Exhibit C** to the Proposed Order.

23.    I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on May 15, 2026                    /s/ Daniel Kelsall
                                                                  Daniel Kelsall
                                                                  Partner
                                                                  AlixPartners, LLP

---

[10]    The claimant attached to their proof of claim as supporting documentation a screenshot of an email praising inventory levels without mention of an inventory bonus.

[11]    The Reorganized Debtor does not object to the portion of the claim related to a liquidation bonus.

9