**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | |
| | **Hearing Date:**<br>**June 16, 2026 at 10:00 a.m. (ET)** |
| | **Objection Deadline:**<br>**June 9, 2026 at 4:00 p.m. (ET)** |

**JOINT MOTION OF THE LITIGATION TRUSTEE AND REORGANIZED DEBTOR**
**TO FURTHER EXTEND THE CLAIMS OBJECTION DEADLINE**

Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] and the above-captioned reorganized debtor (the "**Reorganized Debtor**", and together with its affiliated reorganized debtors before the effective date of the chapter 11 plan, the "**Debtors**"), each through undersigned counsel, jointly state as follows in support of the relief requested herein (this "**Motion**"):

**RELIEF REQUESTED**

1. The Litigation Trustee and the Reorganized Debtor (together, the "**Movants**") respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) further extending the deadline (the "**Claims Objection Deadline**")

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliate*s [Docket No. 1596-1] (the "**Plan**").

10778685.5

by which the Litigation Trustee and the Reorganized Debtor may file and serve objections to claims filed in the Chapter 11 Cases, including General Unsecured Claims, Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims, from June 1, 2026 through and including December 1, 2026, without prejudice to any request for further extensions of the Claims Objection Deadline, and (b) granting such other and further relief as the Court (as defined below) deems just and proper.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XIII of the Plan.  This is a core proceeding under 28 U.S.C. § 157(b), and the Movants consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court if it is later determined that, absent such consent, the Court cannot enter such final order or judgment consistent with Article III of the United States Constitution.  Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

3.      The predicates for the relief requested herein are sections 3.2 and 9.4 of the Plan, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Local Rule 9006-2.

4

**BACKGROUND**

**A.     General Background**

4.      On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  On November 5, 2024, the Court entered an order [Docket No. 88] authorizing the procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.      On June 2, 2025, the Court entered an order [Docket No. 1596] (the "**Confirmation Order**") confirming the Plan.[3]  The Plan, among other things, established the Litigation Trust and the irrevocable transfer of the OpCo Debtors' and the Freedom HoldCo Debtors' rights, title and interest in the Litigation Trust Assets for the benefit of Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement), free and clear of all Claims, Liens, encumbrances, or interests. Plan § 7.10.  On June 6, 2025 (the "**Effective Date**"), the Plan became effective as to all Debtors other than TopCo, the Litigation Trust was established, and Mr. Hirsh was appointed as Litigation Trustee.  [Docket No. 1371-2; Docket No. 1605.]  On July 3, 2025, the Plan became effective as to TopCo.  *See* Docket No. 1689.

6.      The Debtors' schedules of assets and liabilities and statements of financial affairs were filed on December 24, 2024.  *See* Docket Nos. 500–558.[4]

7.      Pursuant to the Court's order entered on December 6, 2024 [Docket No. 354] (the "**Bar Date Order**"), the deadline for filing General Unsecured Claims against any of the Debtors was January 23, 2025, and the deadline for governmental units to file claims against any

---

[3]  The Plan was confirmed as to all Debtors other than Freedom VCM Holdings, LLC ("**TopCo**").  The effective date of TopCo's confirmed chapter 11 plan was July 3, 2025 [*see* Docket No. 1689] and on August 7, 2025, the TopCo chapter 11 case was closed.  [Docket No. 1805]

[4] Certain amendments for Schedules A/B or G of certain Debtors were filed on December 30, 2024, and April 28, 2025 [Docket Nos. 584, 1328-1334].

10778685.5

of the Debtors was May 2, 2025. *See* Bar Date Order ¶¶ 3–5. Pursuant to the Plan, unless subject to a separate Court order, the deadline for the filing of claims for damages associated with contracts or leases rejected pursuant to the Plan was July 7, 2025.[5] *See* Plan § 10.3; *see also* Docket No. 1605.

8.      To date, approximately 19,000 Proofs of Claim have been asserted in the Chapter 11 Cases, including more than 4,000 OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims.

**B.      The Claims Review Process**

9.      The Plan established the deadline for parties in interest to object to claims asserted in the Chapter 11 Cases. *See* Plan §§ 1.35, 3.2 & 9.4. Pursuant to the Plan and this Court's prior orders [Docket Nos. 1912 & 1937], such deadline was previously extended to June 1, 2026 to provide the Litigation Trust and Reorganized Debtor with sufficient time to review and reconcile the Proofs of Claim filed in the Chapter 11 Cases.

   *a.  Litigation Trust's Claim Reconciliation*

10.     Pursuant to the Plan and the Litigation Trust Agreement, the Litigation Trust was established for the purpose of receiving, holding, administering, liquidating, and distributing the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement). *See* Plan § 7.10(a); Litigation Trust Agreement ¶ 6, § 2.2. The responsibilities of the Litigation Trustee include reconciling and objecting, as appropriate, to OpCo General Unsecured Claims and Freedom HoldCo General Unsecured Claims (collectively, the "**General Unsecured Claims**"). *See* Plan § 9.4. To that end, the Litigation Trust Agreement provides that:

---

[5] Certain creditors may have been granted extensions of this deadline, which is not relevant here.

10778685.5

> The Litigation Trust, acting by and through the Litigation Trustee, shall have the right after the Effective Date to object to the allowance of any OpCo General Unsecured Claim or Freedom HoldCo General Unsecured Claim on any ground, to file, withdraw, or litigate to judgment objections to such Claims, to settle or compromise any Disputed OpCo General Unsecured Claims or Freedom HoldCo General Unsecured Claims without further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Freedom HoldCo Debtors, the OpCo Debtors, and their respective Estates.

Litigation Trust Agreement § 3.7; *see also* Plan §§ 7.10(b), 9.4; Litigation Trust Agreement §§ 3.4.9, 3.4.16.

11. Since the Effective Date, the Litigation Trustee has been working with his professionals to review and analyze the General Unsecured Claims that have been submitted in the Chapter 11 Cases. On September 19, 2025, the Litigation Trustee filed a non-substantive omnibus claims objection [Docket No. 1862] relating to amended, superseded and/or duplicative claims, and has since then regularly consulted with the Reorganized Debtor regarding objections to certain claims that are the subject of asserted objections filed by the Reorganized Debtor. *See* Docket Nos. 1845 & 1856. The Litigation Trustee received relevant books and records from the Reorganized Debtor that are necessary for the review and reconciliation of asserted claims on substantive grounds.

12. The Litigation Trustee is analyzing and reconciling Proofs of Claim with the benefit of the books and records provided by the Reorganized Debtor and may seek additional or supplemental information from the Reorganized Debtor. The Litigation Trustee reserves his rights to seek relief from the Court as necessary.

10778685.5

   *b.  Reorganized Debtor's Claim Reconciliation*

13.    Pursuant to the Plan, the Reorganized Debtor is tasked with reconciling all Claims other than certain loan claims and General Unsecured Claims, including Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims.  *See* Plan, § 9.4.

14.    The Reorganized Debtor has reviewed all of the Proofs of Claim filed in the Chapter 11 Cases other than those that have been asserted as solely General Unsecured Claims.  In connection with its review and reconciliation, the Reorganized Debtor has filed nine claims objections in the Chapter 11 Cases.  *See* Docket Nos. 1845, 1856, 1890, 1914, 1915, 1963, 1976, 1980, & 2036.  The Court has entered corresponding orders with respect to such requested relief.  *See* Docket Nos. 1873, 1894, 1920, 1943, 1945, 2000, 2003, & 2004.[6]  The Reorganized Debtor and its professionals continue to review and reconcile the Proofs of Claim filed in the Chapter 11 Cases with the Debtors' books and records to determine their validity.  This reconciliation process includes identifying categories of claims that may be targeted for modification, disallowance, or expungement.  The Reorganized Debtor has determined that additional time is necessary to adequately analyze and reconcile the remaining Proofs of Claim filed in the Chapter 11 Cases to ensure that such claims are validly asserted.

## BASIS FOR RELIEF REQUESTED

15.    The Plan authorizes the Litigation Trustee and the Reorganized Debtor, as applicable, to seek an extension of the Claims Objection Deadline.  *See* Plan §§ 3.2(a), 9.4.  In addition, pursuant to Bankruptcy Rule 9006(b), the Court may extend the Claims Objection Deadline.  Specifically, Bankruptcy Rule 9006(b) states, in relevant part, that:

---

[6] No order has been entered by the Court for the *Reorganized Debtor's Ninth (9th) Omnibus (Substantive) Objection to Claims* [Docket No. 2036] as the objection deadline for such objection is still pending.

8

> [W]hen. . . an act to be performed at or within a specified period [under these rules] . . . the court may—at any time and for cause—extend the time to act if . . ., with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or . . . on motion made after the specified period expires, the failure to act within that period resulted in excusable neglect[.]

Fed. R. Bankr. P. 9006(b)(1).[7]

16.    Cause exists to further extend the Claims Objection Deadline, as requested herein. An extension of the Claims Objection Deadline is necessary for the proper and efficient administration of the Litigation Trust by the Litigation Trustee and the Chapter 11 Cases by the Reorganized Debtor.

17.    While the Litigation Trustee and his professionals have been working diligently to evaluate and reconcile General Unsecured Claims, the process is not complete.  The Litigation Trustee filed his first, non-substantive omnibus objection to certain General Unsecured Claims addressing amended, superseded and/or duplicative General Unsecured Claims.  However, evaluating and reconciling General Unsecured Claims on substantive grounds is time-consuming, involving analysis of litigation claims, among other matters, and the Litigation Trustee requires additional time.  The Litigation Trustee received relevant books and records from the Reorganized Debtors, which records are necessary for the General Unsecured Claims to be fully reconciled and for any applicable objections to be filed., and is still reviewing such information.[8]

18.    In addition, the Reorganized Debtor has not yet completed its review and analysis of certain asserted Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and

---

[7] Pursuant to Local Rule 9006-2, the Claims Objection Deadline is automatically extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.  *See* Del. Bankr. L.R. 9006-2.

[8] The Litigation Trustee further notes that fulsome reconciliation of some General Unsecured Claims on substantive grounds may not be warranted until additional information regarding potential recoveries for the Litigation Trust are known.  Accordingly, the Litigation Trustee reserves his rights to seek further extensions of the deadline.

10778685.5

Secured Claims, as provided above. Given the volume of claims filed in the Chapter 11 Cases and the complexity of such claims, additional time is necessary to fully analyze and reconcile the validity of all such claims.

19.     The requested extension is intended to promote the efficient administration of the Chapter 11 Cases and Litigation Trust and a fair and orderly claims allowance process by permitting the Reorganized Debtor and Litigation Trustee a sufficient opportunity to evaluate Proofs of Claim, and will not prejudice any claimant or other party in interest. Rather, providing the Reorganized Debtor and Litigation Trustee with sufficient time to reconcile Proofs of Claim will ensure that claimants' recoveries are fair and consistent and treated properly under the Plan.

20.     Absent the requested extension, claimants (including Litigation Trust Beneficiaries) may be unfairly prejudiced if the Reorganized Debtor or Litigation Trust are unable to fully challenge disputed claims on valid objectionable grounds, thereby resulting in certain claimants potentially receiving a recovery amount, to the detriment of other properly allowed claimants, that is greater than the amount to which such claimant should be entitled. Accordingly, the importance of ensuring that distributions are equitably made to the appropriate creditors on account of their allowed claims necessitates extending the Claims Objection Deadline.

21.     Further, claimants will not be prejudiced by a further extension of the Claims Objection Deadline because allowing the Reorganized Debtor and Litigation Trustee sufficient time to thoroughly review the Debtors' records and address any inconsistencies with claimants and other interested parties on a consensual basis will promote efficiency and ensure that estate resources are not spent on needless and expensive litigation.

10

22.     Therefore, for the above reasons, the Movants respectfully request the Court enter an order further extending the Claims Objection Deadline through and including December 1, 2026, without prejudice to the Movants' rights to seek further extensions of such deadline.

## RESERVATION OF RIGHTS

23.     The Litigation Trustee and the Reorganized Debtors each expressly reserve the right to seek further extensions of the Claims Objection Deadline.

## NOTICE

24.     The Litigation Trustee and the Reorganized Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware and (b) any party that has requested service after the Effective Date pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Litigation Trustee and the Reorganized Debtor respectfully submit that no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Litigation Trustee and the Reorganized Debtor respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (a) extending the Claims Objection Deadline from June 1, 2026 through and including December 1, 2026, without prejudice to any request for further extensions of the Claims Objection Deadline, and (b) granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

11

10778685.5

Dated:  May 28, 2026
        Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Mark W. Eckard*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
         meckard@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Litigation Trustee*

12

10778685.5

Dated:  May 28, 2026
Wilmington, Delaware

/s/ Allison S. Mielke

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Edmon L. Morton (Del. No. 3856) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew B. Lunn (Del. No. 4119) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Allison S. Mielke (Del. No. 5934) | Derek I. Hunter (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. No. 6758) | 601 Lexington Avenue |
| Rodney Square | New York, New York 10022 |
| 1000 North King Street | Telephone:    (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:    (212) 446-4900 |
| Telephone:    (302) 571-6600 | Email:         joshua.sussberg@kirkland.com |
| Facsimile:    (302) 571-1253 |                   nicole.greenblatt@kirkland.com |
| Email:         emorton@ycst.com |                   derek.hunter@kirkland.com |
|                   mlunn@ycst.com | |
|                   amielke@ycst.com | - and - |
|                   sborovinskaya@ycst.com | |
| | Mark McKane, P.C. (admitted *pro hac vice*) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone:    (415) 439-1400 |
| | Facsimile:    (415) 439-1500 |
| | Email:         mark.mckane@kirkland.com |
| *Co-Counsel to the Reorganized Debtor* | *Co-Counsel to the Reorganized Debtor* |

13