**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FRANCHISE GROUP, INC., | : | Case No. 24-12480 (LSS) |
| | : | |
| Reorganized Debtor. | : | Re: Docket No. 2036 |
| | : | |

**DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE'S
RESPONSE TO DEBTORS' OBJECTION TO CLAIM NOS. 2587 AND 2589**

The United States, on behalf of its Internal Revenue Service (the "IRS"), by and through the undersigned attorneys, submits this response to Debtors' objection to the IRS' claims. *See Reorganized Debtor's Ninth (9th) Omnibus (Substantive) Objection to Claims [D.I. 2036] ¶ 19 & Exh. 1 [D.I. 2036-2] ¶ 15.* This objection should be overruled as to Claim Nos. 2587 and 2589 for the following reasons:

1. The above-captioned proceeding encompasses 52 jointly administered Chapter 11 bankruptcy cases for Reorganized Debtor Franchise Group, Inc. and its affiliated debtors (together, "Debtors"). PSP Stores, LLC and PSP Distribution, LLC (together, the "PSP Entities") are among the affiliated Debtors.

2. On February 27, 2025, the IRS timely filed Proofs of Claim, Claim Nos. 2587 and 2589, against, respectively, PSP Stores in the amount of $4,842.44, and PSP Distribution in the amount of $254,455.92 (together, the "Claims"). The Claims involve unpaid tax liabilities for the tax years 2018 and 2019. Once a claimant in a bankruptcy matter "allege[s] facts sufficient to support a claim . . . it is '*prima facie*' valid," and the burden shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

3.      On May 15, 2026, Debtors filed their objections.  With respect to the IRS' Claims, Debtors state that the PSP Entities incurred these 2018 and 2019 tax liabilities before Debtors acquired them.  D.I. 2036 ¶ 19.  Debtors further state that the acquisitions were effectuated on January 23, 2021 through an Equity Purchase Agreement, which provided that any of the PSP Entities' pre-closing tax liabilities would be transferred to the seller.  D.I. 2036-2 ¶ 15. Thus, Debtors argue that the PSP Entities' tax liabilities do not belong to Debtors, but rather to the entity that sold the PSP Entities' equity to Debtors.  *Id.*

4.      Debtors' argument is incorrect and their objection to the IRS' Claims should be overruled:

a.      As an initial matter, although the PSP Entities' tax liabilities are attributable to tax years 2018 and 2019, the IRS did not assess these liabilities until after the Equity Purchase Agreement's January 23, 2021 execution date.  *See* attached Exhibit A (IRS letter to PSP Stores dated March 24, 2021); Exhibit B (IRS letter to PSP Distribution dated March 24, 2021); Exhibit C (IRS letter to PSP Distribution dated December 15, 2021).

b.      Moreover, even if these tax liabilities had arisen before the execution of the Equity Purchase Agreement, Debtors would still be responsible for paying those tax liabilities.  A taxpayer may not contract away its obligation to pay taxes.  *See, e.g., Hine v. Commissioner*, 54 T.C. 1552, 1559 (1970) ("[A] corporation cannot divest itself of liability for taxes by a contract to which the United States is not a party, providing for payment of those taxes by another."); *Neeman v. Commissioner*, 13 T.C. 397, 399 (1949) (contract providing that another party would pay any federal taxes due from taxpayer "is not binding upon the Commissioner of Internal Revenue and [cannot] prevent him from determining the amount of taxes due . . . from the taxpayer").  At most, such a contract only gives the original tax obligor a right of contribution against the party that

contracted to assume its tax liabilities.  *See, e.g., Asad v. Commissioner*, T.C. Memo. 2017-80, at *P5 (divorce agreement dividing tax obligation did not affect either ex-spouse's joint-and-several liability to IRS for the entire obligation, instead only establishing each ex-spouse's "rights against each other under state law" and "allow[ing] one to recover against the other through a right of contribution").

5.      Therefore, none of the facts cited by Debtors support their contention that they do not owe taxes to the IRS.

**WHEREFORE**, the United States on behalf of the IRS respectfully requests that the Court overrule Debtors' objection as to the IRS' claims.

Dated: June 5, 2026

Respectfully submitted,

BENJAMIN L. WALLACE
United States Attorney

*/s/ Dylan J. Steinberg*
 Dylan J. Steinberg
Assistant United States Attorney
1313 N. Market Street
Wilmington, DE 19899-2046
Telephone: (302) 573-6277
Dylan.Steinberg@usdoj.gov

*Counsel for the United States*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FRANCHISE GROUP, INC., | : | Case No. 24-12480 (LSS) |
| | : | |
| Reorganized Debtor. | : | Re: Docket No. 2036 |
| | : | |

**AFFIDAVIT OF SERVICE**

I, Kimberly Rechner, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest that on June 5, 2026, I caused a copy of the Department of Treasury – Internal Revenue Service's Response to Debtors' Objection to Claim Nos. 2587 and 2589 to be served by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties:

William E. Arnault, Esq.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Email: warnault@kirkland.com

Shella Borovinskaya, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
Email: sborovinskaya@ycst.com

Benjamin Wiley Butterfield, Esq.
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Email: bbutterfield@mofo.com

Joshua Klein, Esq.
Petrillo Klein + Boxer LLP
655 Third Avenue
12th Floor
New York, NY 10017
Email: jklein@pkbllp.com

Timothy T Mitchell, Esq.
Rashti and Mitchell
4422 Ridgeside Drive
Dallas, TX 75244
Email: dkrm@aol.com

*Counsel for Debtor, Franchise Group, Inc.*

Timothy Jay Fox, Jr, Esq..
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Wilmington, DE 19801
Email: timothy.fox@usdoj.gov

*U.S. Trustee*

Gregory V. Demo, Esq.
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
Ste 36th Floor
New York, NY 10019
Email: gdemo@pszjlaw.com

*Counsel for Official Committee of
Unsecured Creditors*

*/s/ Kimberly Rechner*
Kimberly Rechner
Legal Assistant

2