**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | **Re:  Docket No. 1596** |

**ORDER APPROVING STIPULATION GRANTING LIMITED RELIEF**
**FOR DAVID STUMPF FROM THE PLAN INJUNCTION**

Upon consideration of the *Stipulation Granting David Stumpf Limited Relief from the Plan Injunction*, attached hereto as **Exhibit 1** (the "Stipulation"), by and between Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] and David Stumpf (the "Plaintiff," and collectively with the Litigation Trustee, the "Parties" and each, a "Party"); all as more fully set forth in the Stipulation; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter of a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and

---

[1]  The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876.  The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496.  The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/.  All of the motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2]  Capitalized terms used and not otherwise defined herein have the meaning ascribed in the Stipulation or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliates* [D.I. 1596-1] (the "Plan"), as applicable.

factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved in all respects and the terms of the Stipulation are incorporated by reference into this order (this "Order") as if fully set forth herein.

2. The Plan Injunction is hereby modified solely to the extent set forth in paragraph 2 of the Stipulation. Except as expressly set forth therein, the Plan Injunction shall remain in full force and effect with respect to the Debtors, the Reorganized Debtors, their estates, and all creditors.

3. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms of this Order shall be immediately effective and enforceable upon its entry.

4. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | **Re: Docket No. 1596** |

**STIPULATION GRANTING DAVID STUMPF**
**LIMITED RELIEF FROM THE PLAN INJUNCTION**

This stipulation ("Stipulation") is made and entered into by and between Lawrence R. Hirsh, as the Litigation Trustee of the Litigation Trust,[2] and David Stumpf (the "Plaintiff," and collectively with the Litigation Trustee, the "Parties" and each, a "Party").

**RECITALS**

**WHEREAS**, the Plaintiff has commenced an action in the Circuit Court of the 18th Judicial District in and for Brevard County, Florida styled *David Stumpf v. Buddy's Newco, LLC d/b/a Buddy's Home Furnishings*, No. 05-2024-CA-028760XXCABC (the "Action") asserting certain claims relating to personal injuries resulting from an accident on or about May 23, 2023 (the "Claims");

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed in the Stipulation or in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and its Debtor Affiliate*s [D.I. 1596-1] (the "Plan"), or the *Findings Of Fact, Conclusions Of Law, And Order (I) Confirming The Ninth Amended Joint Chapter 11 Plan Of Franchise Group, Inc. And Its Debtor Affiliates And (II) Approving The Global Settlement And Release Of Claims And Causes Of Action By And Among The Global Settlement Parties* [D.I. 1596] (the "Confirmation Order"), as applicable.

1

**WHEREAS**, on November 3, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on June 2, 2025 [Docket No. 1596] and July 1, 2025 [Docket No. 1682], the Court entered orders confirming the Debtors' chapter 11 plans, with the effective date of such plans occurring on June 6, 2025 [Docket No. 1605] with respect to all of the Reorganized Debtors other than TopCo, and on July 3, 2025 [Docket No. 1689] with respect to TopCo;

**WHEREAS,** the Plan, among other things, established the Litigation Trust and appointed the Litigation Trustee to administer the Litigation Trust Assets and reconcile certain unsecured claims;

**WHEREAS**, Plaintiff is enjoined by Article XII of the Plan (the "Plan Injunction") from continuing to prosecute the Action; and

**WHEREAS**, Plaintiff has requested relief from the Plan Injunction, seeking to prosecute the Action to judgment, settlement, or award, and has agreed to seek satisfaction of any such judgment, settlement, or award that the Plaintiff may obtain in the Action solely from the proceeds of available insurance, if any, that may be applicable to the Action (any such policy, an "Insurance Policy" and the issuer of such policy, the "Insurer").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO APPROVAL OF THE COURT, AS FOLLOWS:**

1.     The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.     The Plan Injunction is hereby modified solely to the limited extent necessary to enable:  (a) the Action to proceed in all respects to final judgment, settlement, or award; (b) any

Insurer, to (i) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court, any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements, and (ii) draw on any and all collateral such Insurer, or any applicable insurer, is holding, to the extent such party has valid, enforceable, perfected and non-avoidable liens and/or security interests on such collateral pursuant to the terms and conditions of the applicable insurance policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law; and (c) Plaintiff to recover, collect, and enforce any such judgment, settlement, or award (if any) solely from the proceeds of, or against, any Insurance Policy.

3.    Upon entry of the Court's order approving this Stipulation (the "Order"), Plaintiff hereby waives and releases, shall not seek satisfaction of, and shall be permanently enjoined from seeking payment in respect of any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Action, the Claims, or otherwise from and/or against the Debtors, the Reorganized Debtors, the Litigation Trust, the Estates of the Debtors and the Reorganized Debtors, or any of their successors, assigns (including any successor entity or entities of the Debtors, the Reorganized Debtors, or the Litigation Trust pursuant to the Plan), agents, professionals, employees, directors, officers, or managers, including but not limited to seeking payment in excess of any policy limits of any available insurance.  To the extent Plaintiff is awarded a judgment in connection with the Claims (the "Judgment"), (i) Reorganized Debtors will reasonably cooperate with Plaintiff, at Plaintiff's reasonable request and sole expense, to facilitate the satisfaction of such Judgment from insurance proceeds, if any, and (ii) to the extent

3

insurance proceeds are remitted to the Litigation Trust or the Reorganized Debtors on account of such Judgment, the Litigation Trust and Reorganized Debtors will remit such proceeds to Plaintiff; provided, however, in the case of (i) and (ii), Reorganized Debtors' and the Litigation Trust's obligations shall be in all respects subject to and limited by the terms of the applicable insurance policy, the Plan, and any order or other relevant finding issued in connection with the Judgment. For the avoidance of doubt, although Plaintiff has waived his right to recover payment of his claim from the Debtors, the Reorganized Debtors, the Litigation Trust, and the estates, successors, or assigns thereto as set forth above, Plaintiff shall be deemed, upon liquidation of his claims in the Action pursuant to paragraph 2 above, to have an Allowed General Unsecured Claim solely for purposes of Section 8.17 of the Plan; *provided, however,* if the applicable Insurance Policy was issued by the Chubb Companies, paragraph 184 of the Confirmation Order shall control.

4.      Plaintiff acknowledges and agrees that any judgment(s) or award(s) obtained by Plaintiff in the Action shall not be asserted as a claim against the Debtors, the Reorganized Debtors, the Litigation Trust, or any of the Litigation Trust's, the Debtors' or Reorganized Debtors' estates, successors, or assigns.  Accordingly, upon entry of the Order, Plaintiff shall not be entitled to receive a distribution under the Plan.

5.      Plaintiff acknowledges and agrees that (a) any recovery by Plaintiff against the Debtors or Reorganized Debtors pursuant to a final judgment or settlement of the Claims and Action shall be limited solely to any available proceeds of any Insurance Policy, if any; and (b) the Litigation Trustee and Reorganized Debtors have not made any representations or warranties as to the availability of any coverage under any Insurance Policy or otherwise.

6.      Plaintiff shall not directly or indirectly seek to compel the Litigation Trust, the Debtors or any of the Reorganized Debtors to pay any deductible, self-insured retention, any

4

retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy, including in the event that payment of any deductible, self-insured retention, retainage, or any other amount shall be required to be paid as a condition to coverage or payment under any Insurance Policy, and the Litigation Trust, the Debtors and the Reorganized Debtors expressly shall not be required to make any such payment to the Plaintiff.

7.      For the avoidance of doubt, nothing in this Stipulation or Order shall:  (a) alter, amend, or otherwise modify the terms and conditions of any Insurance Policy issued to the Debtors or Reorganized Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under any Insurance Policy; (c) alter, amend, or otherwise modify the Litigation Trust's, Debtors' or the Reorganized Debtors' obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (d) alter, amend, or otherwise modify any of the Litigation Trust's, Debtors' or the Reorganized Debtors' other obligations under any Insurance Policy or related agreements; (e) create a new direct right of action by Plaintiff against any of the Litigation Trust's, Debtors' or Reorganized Debtors' insurers; (f) preclude or limit, in any way, the rights of any insurer, including any Insurer, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any Insurance Policy or to assert any defenses to coverage under any allegedly applicable policy, including any Insurance Policy or to otherwise assert any defenses to coverage under any Insurance Policy, as applicable; or (g) constitute a determination or admission that coverage exists with respect to the Plaintiff's Claims.

8.      Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as limiting any rights, remedies, or recovery options of any third party.

9.      By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Action, except as otherwise expressly set forth herein.

10.      Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

11.      Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12.      This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

13.      This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

14.      Each Party shall bear its own costs in connection with entry into or performance under this Stipulation.

15.      This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.

16.      This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, shall be of no force and effect.

17.     This Stipulation shall be effective only upon entry of the Order.  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

18.     The Parties consent to the Court's jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 9th DAY OF JUNE 2026:**

| | |
|---|---|
| **RAINES FELDMAN LITTRELL LLP** | **KELLEY KAPLAN DELANY ELLER, PLLC** |
| */s/ Mark W. Eckard* | */s/ C. Craig Eller* |
| Thomas J. Francella, Jr. (No. 3835) | C. Craig Eller |
| Mark W. Eckard (No. 4542) | 1665 Palm Beach Lakes Blvd., Suite 1000 |
| 824 North Market Street, Suite 805 | West Palm Beach, FL 33401 |
| Wilmington, DE 19801 | Email: celler@kelleylawoffice.com |
| Telephone: (302) 772-5803 | |
| Email: tfrancella@raineslaw.com | *Counsel to the Plaintiff* |
|      meckard@raineslaw.com | |

- and -

Hamid R. Rafatjoo (*pro hac vice*)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Litigation Trustee*

7