**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>**Re: Docket Nos. 1269, 1361, 1364, 1447 & 2062** |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER AND DECLARATION IN CONNECTION WITH THE ALLOWED ADMINISTRATIVE CLAIM OF GRANITE TELECOMMUNICATIONS, LLC**

I, Marla S. Benedek, counsel to Granite Telecommunications, LLC ("Granite"), hereby certify as follows:

1. On April 9, 2025, Granite filed the *Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1269] (the "Motion").

2. On April 29, 2025, the Debtors filed the *Debtors' Objection to Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1361] (the "Objection"), and the Ad Hoc Group of First Lien Lenders filed the *Ad Hoc Group of First Lien Lenders' Joinder to Debtors' Objection to Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1364] (the "Joinder").

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

3. On May 12, 2025, Granite filed the *Reply in Support of Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1447] (the "Reply").

4. On May 20, 2025, the Court held an evidentiary hearing (the "Hearing") regarding the Motion, the Objection, the Joinder, and the Reply. At the conclusion of the Hearing, the Court took the matter under advisement.

5. On October 2, 2026, the Court entered a *Memorandum (Granite Telecommunications, LLC administrative claim)* [Docket No. 2062] (the "Memorandum Opinion"), granting the Motion and concluding that "Granite has an administrative claim for (i) $5,847,701.49 . . . and (ii) monthly charges, if any, through June 6, 2025." Memorandum Opinion at 16. Therein, the Court also requested that: (i) counsel "confer and settle an order which will monetize the unpaid monthly charges through June 6, 2025[;]" and (ii) Granite file a further declaration detailing the calculation of such charges. *Id.*

6. After entry of the Memorandum Opinion, the undersigned counsel conferred with counsel for the Reorganized Debtors and the Ad Hoc Group of First Lien Lenders to provide the calculation of unpaid monthly charges through June 6, 2025 and prepare an agreed order allowing Granite's administrative claim in accordance with the Memorandum Opinion.

7. Granite, the Reorganized Debtors, and the Ad Hoc Group of First Lien Lenders were able to reach agreement on nearly all terms of a proposed order. However, they were unable to reach agreement on the terms addressing payment of Granite's administrative claim.

8. The original proposed order filed with the Motion provided that Granite's administrative claim would be paid within thirty (30) days after entry of an order allowing the administrative claim. *See* Docket No. 1269-2, ¶ 3.

9. The Reorganized Debtors have requested that the proposed order be revised to provide that Granite's administrative claim shall be paid within fourteen (14) days after the order allowing the administrative claim becomes "final and unappealable." Granite does not oppose this request, so long as the Reorganized Debtors place the funds necessary for payment of Granite's administrative claim in escrow.

10. The Reorganized Debtors have represented through counsel that they have funds reserved in some manner for payment of Granite's allowed administrative claim. However, at this juncture, close to one and a half years post-confirmation, such informal assurances are insufficient to protect Granite's rights if the Memorandum Opinion and resulting order are appealed. Neither the Reorganized Debtors nor any post-confirmation fiduciary have publicly and explicitly disclosed the existence of a segregated reserve earmarked for disputed administrative claims. Moreover, the only quarterly post-confirmation reports filed on the docket,[2] including one filed today, disclose nothing about funds available for payment of administrative claims, and list "$0" for administrative claims on the line for "Total Anticipated Payments Under Plan" and the line for "Allowed Claims." *See, e.g.*, Post Confirmation Report filed October 15, 2026, at 7 [Docket No. 2065].

11. Accordingly, Granite has no visibility into whether funds have been formally segregated and earmarked, whether those funds may be used for other purposes during the pendency of the appeal, whether those funds are available to other creditors of the operating Reorganized Debtors or other parties entitled to distributions under the confirmed Plan, or whether the funds will remain available when payment of Granite's administrative claim becomes due. Granite should not be required to bear the risk that funds presently available to satisfy its allowed administrative claim may be depleted, redirected, or rendered unavailable

[2] *See* Docket Nos. 1891, 1948, 1971, 2020, 2055 & 2065.

before any appeal is resolved. The placement of funds in escrow or provision of a bond or other security for payment of Granite's administrative claim would preserve the status quo and ensure that funds will remain available to satisfy Granite's administrative claim in full.

12. For these reasons, Granite respectfully requests for the order entered by the Court to require the Reorganized Debtors to: (i) escrow funds necessary for payment of the administrative claim; or (ii) provide a sufficient bond or other security for payment of Granite's allowed administrative claim.

13. As requested by the Court in the Memorandum Opinion, a declaration (the "Declaration") by Amanda Christoforo, Granite's Director of Invoice Audit and Reporting, detailing monthly charges from May 1, 2025, through June 6, 2025, is attached as **Exhibit 1** hereto.

14. A copy of Granite's proposed order ("Granite's Proposed Order") is attached hereto as **Exhibit 2**. Granite's Proposed Order provides that the Reorganized Debtors shall deposit the funds necessary to pay the outstanding portion of the allowed administrative claim into escrow within three (3) days after entry of the order, with such funds to be released and paid to Granite upon the order allowing Granite's administrative claim becoming a final unappealable order.

15. In light of the parties' dispute regarding the placement of funds in escrow, the Reorganized Debtors requested to submit their proposed order (the "Reorganized Debtors' Proposed Order") under separate certification of counsel.

16. For the convenience of the Court, a redline of Granite's Proposed Order against the Reorganized Debtors' Proposed Order is attached hereto as **Exhibit 3**.

17. Granite respectfully requests that the Court enter Granite's Proposed Order attached hereto as **Exhibit 2**. Alternatively, Granite respectfully requests that the Court schedule a conference with the parties regarding the competing forms of proposed order.

Respectfully submitted,

**COZEN O'CONNOR**

Dated: October 15, 2026

*_/s/ Marla S. Benedek_*

Marla S. Benedek, Esq. (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 250-4498
mbenedek@cozen.com

*Counsel to Granite Telecommunications, LLC*