# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 24-12480 (LSS) |

**DECLARATION OF AMANDA CHRISTOFORO**
**IN RESPONSE TO MEMORANDUM OPINION**

I, Amanda Christoforo, under penalty of perjury, declare as follows:

1. I am above the age of eighteen (18) years and competent to make this declaration, and I do so based on my personal knowledge and the facts stated herein.

2. I am the Director of Invoice Audit and Reporting for Granite Telecommunications, LLC ("Granite"), and I have served in this role for about five (5) years. I have been an employee of Granite for about fifteen (15) years. Prior to my promotion to my current role, I served in supervisory positions for Invoice Auditing and Reporting for approximately five (5) years. Prior to that, I worked on Granite's rebill team in various roles for approximately five (5) years.

3. As the Director of Invoice Audit and Reporting, I audit invoices issued to customers and verify the accuracy of the amounts billed therein under relevant contractual provisions, generate data and information from internal databases to answer customer concerns and inquiries

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

related to billing, and assist Granite with adherence to contractual obligations and governing financial regulations through the billing for voice and data services.

4. I submit this declaration in further support of the *Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [D.I. 1269] (the "Motion"),[2] and in response to the *Memorandum (Granite Telecommunications, LLC administrative claim)* [D.I. 2062] (the "Memorandum Opinion) entered by the Court on October 2, 2026.

5. On May 12, 2025, I executed the *Declaration of Amanda Christoforo in Support of Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [D.I. 1447-1] (the "Reply Declaration") that was attached as Exhibit 1 to the *Reply in Support of Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [D.I. 1447].

6. On the afternoon of May 20, 2025, I testified at a hearing held before the Court regarding the Motion, and the Reply Declaration was entered into evidence.

7. I have been provided a copy of the Memorandum Opinion, which "conclude[s] that Granite has an administrative claim for (i) $5,847,701.49 . . . and (ii) monthly charges, if any, through June 6, 2025." Memorandum Opinion at 16. In the Memorandum Opinion, the Court requests for counsel to "settle an order which will monetize the unpaid monthly charges through June 6, 2025" and requests for Granite to additionally "submit a further declaration detailing the calculation." *Id.*

8. The $5,847,701.49 portion of Granite's allowed administrative expense claim is comprised of the following amounts, calculated through April 30, 2025:

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

i. $1,787,680.94 for the replacement cost of unreturned equipment;

ii. $3,974,195.87 for the Early Termination Fees;

iii. $20,989.70 for network integration charges;

iv. $24,878.69 for service-related charges;

v. $39,956.29 in non-ETF one-time charges; and

9. As stated in my Reply Declaration, as of April 30, 2025, the total monthly rental cost for all unreturned leased equipment under the Contract was $29,162.15.

10. From May 1, 2025, through June 6, 2025, the Debtor incurred an additional $34,022.50 in equipment rental charges. This includes $29,162.15 for equipment rental charges in the month of May, and prorated equipment rental charges for the first five (5) days of June 2025, prior to the effective date of the rejection of the Contract on June 6, 2025.

11. Based on my calculations and the Court's ruling in the Memorandum Opinion, Granite's total allowed administrative claim is the sum of the amounts detailed in paragraphs 8 and 10 herein ($5,847,701.49 and $34,022.50, respectively): $5,881,723.99 (the "Allowed Administrative Claim").

12. Since the Motion was filed, there have been two payments made to Granite that should serve as credits against the total Allowed Administrative Claim:

i. $12,187.46 paid by third party asset purchaser AF Newco I, LLC, on or about April 17, 2025; and

ii. $169,716.26 paid by the Debtors toward the undisputed portion of the Administrative Expense Claim on or about August 20, 2025.

13. After application of the foregoing credits, the unpaid balance of the Allowed Administrative Claim is $5,699,820.27 (the "Outstanding Administrative Claim").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/14/2026

Signed by:
Amanda Christoforo
C818D852E10D415

Amanda Christoforo
Director of Invoice Audit and Reporting
Granite Telecommunications, LLC
1 Heritage Drive
Quincy, MA 02171