# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>**Re: Docket Nos. 1269, 1361, 1364, 1447 & 2062** |

**ORDER GRANTING MOTION OF GRANITE TELECOMMUNICATIONS, LLC, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Upon the motion (the "Motion") of creditor Granite Telecommunications, LLC ("Granite") for entry of an order allowing and compelling payment of an administrative claim, and upon the reply in support of the Motion (the "Reply");[2] and this Court having jurisdiction to consider the Motion and Reply, and the relief requested therein, in accordance with 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Granite provided appropriate notice and opportunity for a hearing, with no other or further notice needed; and this Court having held an evidentiary hearing on May 20, 2025 regarding the Motion, the *Debtors' Objection to Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1361] (the "Debtors' Objection"), the *Ad Hoc Group of First Lien Lenders' Joinder to Debtors' Objection to Motion of Granite Telecommunications, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 1364] (the

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reply.

"Lenders' Joinder"), and the Reply; and this Court having considered the entire record before this Court; and this Court having issued its *Memorandum (Granite Telecommunications, LLC administrative claim)* [Docket No. 2062] (the "Memorandum Opinion") on October 2, 2026; and Granite having submitted the *Declaration of Amanda Christoforo* in response thereto; and after due deliberation and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein and in the Memorandum Opinion.

2. Granite is allowed an administrative expense claim, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, in the amount of $5,881,723.99 (the "Allowed Administrative Claim"), comprised of:

   i. $1,787,680.94 for the replacement cost of unreturned equipment;
   ii. $3,974,195.87 for the Early Termination Fees;
   iii. $20,989.70 for network integration charges;
   iv. $24,878.69 for service-related charges;
   v. $39,956.29 in non-ETF one-time charges; and
   vi. $34,022.50 for equipment rental charges from May 1, 2025, through June 6, 2025, the effective date of the rejection of the Contract.

3. The following credits shall be applied to the Allowed Administrative Claim:

   i. $12,187.46 paid by AF Newco I, LLC, on or about April 17, 2025; and
   ii. $169,716.26 paid by the Debtors toward the undisputed portion of the Administrative Expense Claim on or about August 20, 2025.

4. After application of the foregoing credits, the unpaid balance of the Allowed Administrative Claim is $5,699,820.27 (the "Outstanding Administrative Claim").

5. Within three (3) days after entry of this order, the Reorganized Debtors shall deposit $5,699,820.27 into escrow on account of Granite's Outstanding Administrative Claim. Granite shall be paid its Outstanding Administrative Claim within fourteen (14) days after this Order becomes final and unappealable. For the avoidance of doubt, aside from the Outstanding Administrative Claim, Granite shall not seek payment of any further fees, costs, charges, or expenses as administrative expense claims.

6. Granite reserves the right to apply to this Court for and seek payment of fees, costs, charges, expenses, and sanctions as a result of the Reorganized Debtors' failure to comply with this Order.

7. For the avoidance of doubt, nothing in this Order shall impact any non-priority unsecured claims filed by Granite. The Reorganized Debtors and the Litigation Trust reserve all rights to contest such claims filed by Granite.

8. The Reorganized Debtors reserve all rights to object on any and all bases to any future request by Granite for payment.

9. Granite and the Reorganized Debtors are authorized to take any and all actions necessary to effectuate the relief granted by this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.