**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |
| LAWRENCE R. HIRSH, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>QUADRE INVESTMENTS, L.P., and MATTHEW Q. GIFFUNI,<br><br>Defendants. | Adv. Proc. No. 26-_______ (LSS) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550 AND 6 DEL. C. § 1305(a)**

Lawrence R. Hirsh, solely in his capacity as Litigation Trustee ("**Plaintiff**" or the "**Litigation Trustee**") of the Franchise Group Litigation Trust (the "**Litigation Trust**"), by and through his undersigned counsel, brings this Complaint against Defendants Quadre Investments, L.P. ("**Quadre**") and Matthew Q. Giffuni ("**Giffuni**") (collectively, "**Defendants**" and each a "**Defendant**") concerning a payment or payments in the total amount of $27,093,000 made by Franchise Group, Inc. ("**FRG**") to Defendants to repurchase FRG shares held by Defendants,

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. For purposes of this Complaint, the term "**Reorganized Debtors**" or "**Debtors**" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24 12480 (LSS).

which payments were further made in purported settlement of an appraisal action filed by Giffuni. Plaintiff seeks avoidance of the challenged payments and recovery of the avoided transfers or their value for the Litigation Trust, and alleges the following good cause in support:

## NATURE OF THE CASE AND JURISDICTION

1. This action concerns payments in the total amount of $27,093,000 made by FRG to Defendants in or about December 2023.

2. Plaintiff seeks constructive-transfer avoidance and recovery under Title 11 of the United States Code (the "**Bankruptcy Code**"), specifically 11 U.S.C. §§ 548(a)(1)(B), 544(b)(1), and 550(a), together with 6 Del. C. § 1305(a).

3. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Plaintiff consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B), and 550(a), and 6 Del. C. § 1305(a).

8. Plaintiff brings this adversary proceeding under Bankruptcy Rule 7001.

## PROCEDURAL BACKGROUND

9. On November 3, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

10. On June 2, 2025, the Court confirmed the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1596-1] (the "**Plan**"). The Plan became effective on June 6, 2025 [Docket No. 1605].

11. The Litigation Trust was established on June 6, 2025, and Plaintiff was appointed Litigation Trustee. Under the Plan and Litigation Trust Agreement, Plaintiff has authority to prosecute the within claims.

## PARTIES

12. Plaintiff is Lawrence R. Hirsh, solely in his capacity as the Litigation Trustee of the Litigation Trust established for the benefit of the Debtors' creditors under the Plan.

13. Franchise Group, Inc., a Delaware corporation, was a debtor and debtor in possession in the Chapter 11 Cases.

14. Defendant Quadre Investments, L.P. is a limited partnership with a regular business address at 2100 N. Ocean Boulevard No. 2003, Ft. Lauderdale, Florida 33305.

15. Defendant Matthew Q. Giffuni is an adult individual with a regular business address at 2100 N. Ocean Boulevard No. 2003, Ft. Lauderdale, Florida 33305.

## GENERAL ALLEGATIONS

16. Pursuant to an Agreement and Plan of Merger by and among FRG, Freedom VCM, Inc. and Freedom VCM Subco, Inc. dated as of May 10, 2023, FRG undertook a "take-private"

transaction that closed on August 21, 2023, at a stated valuation of $30 per common share. FRG continued as the surviving corporation following the merger.

17. The stated take-private valuation of $30 per FRG common share was grossly inflated and significantly exceeded true enterprise value and corresponding share value.

18. In actuality, the true value of FRG shares as of the closing of the take-private transaction was not more than approximately $22.74 per share, and possibly much less, such that the stated take-private price of $30 per FRG common share represented a premium over genuine value of at least 31.9%.

19. On October 18, 2023, Giffuni filed a *pro se* Petition for Appraisal of Stock (the "**Petition**") in the Court of Chancery of the State of Delaware, captioned *Matthew Q. Giffuni v. Franchise Group, Inc.*, C.A. No. 2023-1051-LWW (the "**Appraisal Proceeding**"). Giffuni named only himself, and not Quadre, as a petitioner in the Appraisal Proceeding.

20. Giffuni's Petition alleged his beneficial ownership of 100 FRG common shares and sought appraisal of his shares and all other shares for which appraisal was properly demanded, together with payment of fair value, interest, and costs.

21. Although the Petition was silent as to the alleged holdings of Quadre, that Defendant claimed ownership at the time of 903,000 FRG common shares.

22. FRG answered the Petition and asserted affirmative defenses on November 9, 2023.

23. Just 65 days after the filing of the *pro se* Petition, the Appraisal Proceeding was settled pursuant to a Settlement Agreement dated December 22, 2023 by and among FRG, Giffuni and Quadre.

24. In or around December 2023, FRG paid Quadre $27,090,000 to purchase 903,000 FRG common shares, and paid Giffuni $3000 to purchase 100 FRG common shares, for a total payment of $27,093,000 (collectively the "**Payments**").

25. The parties filed a Stipulation and [Proposed] Order of Dismissal on January 4, 2024, which the Court granted the same day.

26. As reflected on the docket in the Appraisal Proceeding, no hearing was conducted to adjudicate fair value, nor did the court make any determination thereof.

27. The Payments significantly exceeded the actual value of the common shares held by Defendants and sold to FRG pursuant to the Settlement Agreement.

28. FRG received less than reasonably equivalent value for the Payments.

29. FRG was insolvent on the date of the Payments or became insolvent as a result of such Payments.

30. In addition, or in the alternative, as of the date of the Payments, FRG (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

31. As of the date of the Payments, FRG owed obligations to one or more creditors holding unsecured claims, which claims remained outstanding and were allowable as of the Petition Date.

**COUNT ONE**
**AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFER**
**11 U.S.C. § 548(a)(1)(B)**

32. Plaintiff incorporates the foregoing allegations as if fully restated herein.

33. FRG made the Payments to Defendants in the total amount of $27,093,000 in or around December 2023 and within two years before the Petition Date.

34. The Payments were a transfer of an interest in property of FRG.

35. FRG received less than reasonably equivalent value for the Payments for the reasons recited above.

36. FRG was insolvent on the date of the Payments or became insolvent as a result of such Payments, as alleged above. In the alternative, as of the date of the Payments, FRG (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

37. The Payments are therefore avoidable under 11 U.S.C. § 548(a)(1)(B).

38. Plaintiff requests avoidance and recovery of the avoided transfer or its value under Count Three.

**COUNT TWO**
**AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFER**
**11 U.S.C. § 544(b)(1) AND 6 DEL. C. § 1305(a)**

39. Plaintiff incorporates the foregoing allegations as if fully restated herein.

40. As of the Petition Date, one or more creditors held unsecured claims against FRG allowable under 11 U.S.C. § 502, which claims arose before the Payments, and which entitled such creditors to avoidance of the Payments under 6 Del. C. § 1305(a). Plaintiff invokes such creditors' avoidance rights under 11 U.S.C. § 544(b)(1).

41. FRG made the Payments to Defendants in December 2023, within the applicable state-law transfer period.

42. The Payments were a transfer of an interest in property of FRG in the amount of $27,093,000.

43. FRG received less than reasonably equivalent value for the Payments for the reasons recited above.

44. FRG was insolvent on the date of the Payments or became insolvent as a result of such Payments, as alleged above. In the alternative, as of the date of the Payments, FRG (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

45. The Payments are therefore avoidable under 11 U.S.C. § 544(b)(1) and 6 Del. C. § 1305(a).

46. Plaintiff requests avoidance and recovery of the avoided transfer or its value under Count Three.

**COUNT THREE**
**RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. § 550(a)**

47. Plaintiff incorporates the foregoing allegations as if fully restated herein.

48. Upon avoidance of the Payments under either or both of Count One or Count Two, Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided transfer or its value for the benefit of the Litigation Trust.

49. Defendants received the Payments directly from FRG and exercised dominion over such Payments, making them liable as the initial transferees under 11 U.S.C. § 550(a)(1).

50. Plaintiff therefore requests recovery of the avoided transfer or its value, in an amount to be determined and up to $27,093,000, with interest.

## RESERVATION OF RIGHTS

51. Plaintiff reserves the right to seek leave to amend this Complaint if discovery identifies additional facts, transfers, transferees, or defendants arising from the transactions alleged here.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Avoid the Payments under 11 U.S.C. § 548(a)(1)(B) and/or under 11 U.S.C. § 544(b)(1) and 6 Del. C. § 1305(a);

B. Award recovery from Defendants under 11 U.S.C. § 550(a)(1) of the avoided transfer or its value, up to $27,093,000, for the Litigation Trust;

C. Award prejudgment and postjudgment interest and taxable costs to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: November 2, 2026
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Matthew P. Milana*
Thomas J. Francella, Jr. (No. 3835)
Matthew P. Milana (No. 6681)
824 N Market Street
Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
mmilana@raineslaw.com

Sarah E. Wenrich (*motion PHV forthcoming*)
Scott M. Hare (*motion PHV forthcoming*)
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Telephone: (412) 899-6458
Email: swenrich@raineslaw.com
share@raineslaw.com

Counsel to Plaintiff Lawrence R. Hirsh, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust