# <u>Exhibit 1</u>

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FRANCHISE GROUP, INC.,[1] | ) | Case No. 24-12480 (LSS) |
| Reorganized Debtor. | ) | |

**STIPULATION REGARDING FULL SATISFACTION OF OBLIGATIONS UNDER AND TERMINATION OF ASSUMED EXECUTORY CONTRACT WITH ONESTREAM SOFTWARE LLC**

This stipulation (this "Stipulation") is made and entered into by and among Franchise Group New Holdco, LLC and its reorganized debtor affiliates (collectively, the "Reorganized Debtors")[2] and OneStream Software LLC ("OneStream," and together with the Reorganized Debtors, the "Parties" and each, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, Franchise Group, Inc. and OneStream entered into that certain software as a service agreement effective as of December 10, 2021 (together with any related statements of work, amendments, schedules, order forms, and attachments, the "SaaS Agreement");

**WHEREAS**, on November 3, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. The term "Reorganized Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS).

[2] References herein to the "Debtors" refer to the Reorganized Debtors prior to June 6, 2025 (the "Effective Date of the Plan").

Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on November 11, 2024, the Debtors filed the *Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors* [Docket No. 150] and, after filing certain amended versions of the chapter 11 plan [Docket Nos. 654, 894, 925, 957, 996, 1015, 1233, 1312], on May 14, 2025, the Debtors filed the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan");[3]

**WHEREAS**, on June 2, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates and (II) Approving the Global Settlement and Release of Claims and Causes of Action by and Among the Global Settlement Parties* [Docket No. 1596] (the "Confirmation Order");

**WHEREAS**, on June 6, 2025, the Debtors filed the *Notice of Filing of Third Amended Plan Supplement* [Docket No. 1604] (the "Third Amended Plan Supplement");

**WHEREAS**, Exhibit M to the Third Amended Plan Supplement (the "Assumed and Assigned Contracts List") provided for the assumption and assignment of the SaaS Agreement to Debtor Franchise Group New Holdco, LLC with a cure amount of $0.00;

**WHEREAS**, on June 6, 2025 (the "Effective Date"), the Debtors filed a *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1605];

**WHEREAS,** pursuant to Article 10.1 of the Plan and section T(a)(vii)(a) of the Confirmation Order, Executory Contracts identified on the Assumed Contracts List were assumed

3 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1454] (the "Plan").

effective as of the Effective Date;

**WHEREAS,** OneStream issued, in relation to the SaaS Agreement, that certain Invoice No. SS-7774, dated December 4, 2025, in the amount of $365,554.80, for the billing period from December 26, 2025 through December 25, 2026 (the "Disputed Invoice"), the balance of which OneStream contends became due on January 3, 2026 and remains unpaid; and

**WHEREAS,** the Parties have consensually agreed to resolve fully and finally all claims arising from or relating to the SaaS Agreement and/or the Disputed Invoice and, subject to paragraph 6 below, cancel and terminate the SaaS Agreement (collectively, the "Settled Matters") on the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. Franchise Group New Holdco, LLC shall pay OneStream $75,000 in immediately available funds (the "Settlement Payment") within five (5) business days after entry of an order approving this Stipulation, provided the Reorganized Debtors have received the necessary wire instructions from OneStream.

3. The Settlement Payment shall be in full and final satisfaction of any and all amounts due and/or claimed under or relating to the Settled Matters, as well as any related principal, taxes, interest, fees, costs, and remaining-term charges. No interest, late fee, or other amount shall accrue on account of the Settled Matters after the order approving this Stipulation is entered.

4. Other than an action to enforce this Stipulation, upon entry of the order approving this Stipulation and OneStream's receipt of the Settlement Payment (a) OneStream shall not commence or prosecute any action against the Reorganized Debtors or their affiliates arising from or relating to the Settled Matters and (b) the Reorganized Debtors shall not commence or prosecute any action against OneStream or its affiliates arising from or relating to the Settled Matters.

5. Upon entry of the order approving this Stipulation and OneStream's receipt of the Settlement Payment, OneStream, on behalf of itself and its affiliates, and the Reorganized Debtors, on behalf of themselves and their affiliates, shall mutually release, acquit, and forever discharge each other and their respective predecessors, successors, assigns, officers, directors, managers, employees, professionals, and agents from any and all claims, Avoidance Actions, demands, causes of action, liabilities, obligations, damages, fees, costs, and rights of payment, whether known or unknown, asserted or unasserted, arising from or relating to the Settled Matters, except for claims arising under a breach of any obligation expressly preserved or incorporated under paragraph 6 of this Stipulation.

6. Upon receipt of the Settlement Payment, the SaaS Agreement shall be cancelled and terminated in full and shall be of no further force or effect except for the obligations set forth in Section 10(e) of the SaaS Agreement, which shall survive the cancellation and termination of the SaaS Agreement. Except for Section 10(e) of the SaaS Agreement, no Party shall have any obligation or liability to any other Party under or in respect of the SaaS Agreement.

7. Nothing in this Stipulation constitutes an admission of liability, breach, or the validity of any claim or defense by either Party. Neither this Stipulation nor any negotiations relating thereto may be offered in evidence except as necessary to obtain approval of or enforce this Stipulation, as approved by an order of the Court.

8. The Parties consent to the jurisdiction of the Court pursuant to paragraph 168 of the Confirmation Order and Article XIII of the Plan.

9. This Stipulation shall be binding upon all successors and assigns of all of the Parties hereto.

10. Each person who executes this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulation.

11. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Stipulation are embodied in this Stipulation, and none of the Parties relied upon, will be bound by, or will be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

12. This Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

13. This Stipulation is subject to the approval of the Court and shall only be effective upon entry of an order approving this Stipulation. The Parties hereby consent to the entry of such order and waive any right to notice or hearing on the approval of this Stipulation.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed as of the date written below.

Dated: November 11, 2026
Wilmington, Delaware

*/s/ Allison S. Mielke*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Allison S. Mielke (Del. No. 5934)
Shella Borovinskaya (Del. No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
sborovinskaya@ycst.com

*Co-Counsel to the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com
nicole.greenblatt@kirkland.com
derek.hunter@kirkland.com

- and -

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: mark.mckane@kirkland.com

*Co-Counsel to the Reorganized Debtors*

*/s/ Marc N. Swanson*
**ILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Email: swansonm@millercanfield.com

*Counsel to OneStream Software LLC*